UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL No. 2179 Section: J Judge Barbier |
| **This Document Relates to All Cases** | | : : | Mag. Judge Shushan |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

On April 20, 2010, as a result of the blowout of the Macondo #1 Well, a fire and multiple explosions occurred onboard the *Deepwater Horizon*, a marine vessel that was at material times conducting drilling operations in the Gulf of Mexico. The *Deepwater Horizon* eventually sank, and the cause of this incident is currently under investigation by the litigants in this case, various private parties, and governmental agencies. Petitioners seek entry of a Protective Order from this Honorable Court protecting and preserving the physical evidence associated with the Blow Out Preventer ("BOP") that is currently secured to the Macondo #1 Well on the ocean floor of the Gulf of Mexico. The BOP stack is expected to soon be recovered from the ocean floor and transported to a facility for forensic testing.

5

## IMPORTANT RELEVANT EVIDENCE

All parties to this litigation and all investigatory bodies endeavoring to ascertain any and all possible cause(s) of the casualty have considerable interests in the BOP stack because of the outstanding questions related to the BOP's performance under the circumstances giving rise to the incident. The information that potentially can be derived from the BOP as it rests on the floor of the Gulf of Mexico, and through all periods of time that the BOP is or might be subjected to transport, storage, observation, examination, and forensic testing, is of paramount importance to this Honorable Court, all of the litigants, and the investigatory and governmental agencies involved in this matter. Governmental agencies, namely the Department of the Interior ("DOI"), should not be allowed exclusive control of the testing process to the exclusion of the other litigants and parties in interest.

## TIMING ISSUES

On present information and belief, it is contemplated that the BOP will be retrieved from the ocean floor perhaps as early as sometime next week. The DOI, on behalf of the Joint Investigation Board (comprised of the U.S. Coast Guard and Bureau of Ocean Energy Management, Regulation, and Enforcement), recently notified the interested parties that it is contracting for expert BOP forensic analysis services to perform a scientific and technical analysis of all aspects of the BOP stack. The DOI also solicited input from the parties in interest for the forensic testing protocol and asked that the parties in interest collaborate to develop a consolidated submission. (See attachments A and B.) The DOI, however, provided no explanation as to how the input from the individual parties or a consolidated submission would

be adopted or considered by the DOI. The DOI also notified the parties of its unilateral plan to transport the BOP stack to the Michoud (NASA) site to conduct the forensic testing.

Legitimate concerns exist as to the retrieval process, transport, selection of the testing facility, and plans for forensic testing. In the interest of fundamental fairness, these issues must be be fully vetted by all interested parties in advance of retrieval and transporting of the BOP to the testing facility.

## THIS COURT'S ORDER

As the Court is aware, in furtherance of Pre-Trial Order No. 1, Paragraph 14, all parties have a duty to preserve evidence that may be relevant to this action. The duty extends to tangible things in the possession, custody, and control of the parties to this action and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. With custody contemplated to be in the exclusive control of the DOI, an interested governmental agency, the current protocol effectively imparts ultimate control over the decisions relative to the testing and storage of the BOP stack with a single interested party.[1]

## RELIEF SOUGHT

The Petitioners ask that this Court protect and preserve the right of the parties in interest to develop, with the assistance of this Court, a jointly established protocol for the forensic testing of the BOP stack. The Petitioners also seek protection from the Court to allow the parties in

---

[1] This Motion does not seek to have Court intervention in any matter related to the well control process, and environmental considerations or in any matters related thereto. This matter is being handled by the Joint Command and Petitioners do not seek Court intervention in these matters.)

7

interest to provide input as to the testing facility for the Deepwater Horizon BOP stack. The parties in interest have legitimate concerns as to the retrieval process, preservation and protection of evidence, the capabilities of the DOI to transport and safely move the BOP stack to appropriate, suitable facilities, the establishment of a mutually agreed, Court-ordered testing protocol, and the appropriate forensic testing qualifications and competence to perform non-biased testing. Additionally, Petitioners are concerned that all parties involved, in addition to this Honorable Court, might not have input into how the BOP stack is transported, stored, and tested.

At present, the retrieval preservation issues, possession, protocol and testing agency appear to remain solely in the discretion of only the DOI. Petitioners seek to have this Protective Order granted, precluding the DOI from taking any action other than that involved in well control and environmental safety until such time as all parties in interest have a protected right to provide input into all matters dealing with the BOP, considering its importance and significance as relevant evidence.

Petitioners respectfully submit that only through this Honorable Court's intervention can all relevant, or potentially relevant, evidence related to the BOP stack be secured, maintained and tested.

It is noted that Petitioners' counsel contacted interim plaintiffs' liaison counsel, advised of Petitioners' intent to file this Motion and provided a copy of same to interim plaintiffs' liaison counsel. Interim plaintiffs' liaison counsel has indicated to counsel for Petitioners that they have no opposition to the relief sought and have asked that Petitioners include this representation in

this Motion. Additionally, counsel for Halliburton has been advised of this matter and has indicated similar support for the intent of this Motion however no written confirmation has been received as of this time.

Considering the foregoing Motion, Petitioners respectfully seek this Honorable Court to issue a Protective Order, enjoining any action relative to the BOP, aside from assuring its safeguarding, and any and all appropriate actions for controlling the well and the protection of the environment, until such time as all parties have had ample and appropriate opportunity to provide input in the devising of an appropriate protocol for all further handling relative to the BOP stack, and that all parties are provided the opportunity to be present or have representatives during all forensic testing. Testing should not proceed until the Court is satisfied, pursuant to a jointly-established protocol that the evidence related to the BOP stack will be protected and preserved for all parties and agencies at interest in a manner which is satisfactorily ordered by this Honorable Court.

Respectfully submitted,

**PREIS & ROY, PLC**

/s/ Carl J. Hebert
EDWARD F. KOHNKE, IV, T.A. (#07824)
CARL J. HEBERT (#02749)
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

9431159.1

KERRY J. MILLER (#24562)
FRILOT, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8194
Facsimile:   (504) 599-8145

COUNSEL FOR
TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC.


**KUCHLER POLK SCHELL
WEINER & RICHESON, L.L.C.**


/s/Deborah D. Kuchler
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Janika D. Polk, (La. Bar No. 27608)
Robert E. Guidry (La. Bar No. 28064)
**Kuchler Polk Schell Weiner & Richeson, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

And

James J. Dragna
**Bingham McCutchen LLP**
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

                    Warren Anthony Fitch
                    Ky E. Kirby
                    Michael B. Wigmore
                    **Bingham McCutchen LLP**
                    2020 K Street, NW
                    Washington, DC  20006-1806
                    Telephone (202) 373-6000
                    Facsimile (202) 373-6001

                    Peter C. Neger
                    **Bingham McCutchen LLP**
                    399 Park Avenue
                    New York, New York 10075
                    Telephone (212) 705-7226
                    Facsimile:  (212) 702-3616

                    **Attorneys for Defendants,**
                    **Anadarko Petroleum Corporation,**
                    **Anadarko E&P Company, L.P.,**
                    **and MOEX Offshore 2007 LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has on this 19th day of August, 2010, been served on the following counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U.S. Mail

( ) Federal Express      ( ) E-Mail

( x ) ECF

/s/ Carl J. Hebert

9431159.1