**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| In re: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL No. 2179<br><br>Section "J" |
| This Document Relates to:<br>Civil No. 2:10-cv-01497 | Judge Barbier<br>Magistrate Judge Shushan |

**CHEVRON U.S.A., INC.'S
[PROPOSED] ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES**

Defendant-Intervenor Chevron, U.S.A. Inc. hereby answers and asserts its defenses and affirmative defenses with respect to the Complaint for Declaratory and Injunctive Relief (the "Complaint"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

The unnumbered paragraphs at the beginning of the Complaint represent a characterization of the plaintiffs' allegations and legal conclusions and therefore require no response. To the extent any response is required, Chevron denies the allegations.

**JURISDICTION AND VENUE**

1. Denied.

2. Denied.

**PARTIES**

3. Chevron is without sufficient information to admit or deny the allegations in paragraph 3.

4. Chevron is without sufficient information to admit or deny the allegations in paragraph 4.

5. Chevron is without sufficient information to admit or deny the allegations in paragraph 5.

6. Chevron is without sufficient information to admit or deny the allegations in paragraph 6.

7. Denied.

8. Admitted

9. Chevron admits that Wilma Lewis is the Assistant Secretary for Land and Minerals Management, Department of the Interior. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, Chevron denies the allegations.

10. Chevron admits that S. Elizabeth Birnbaum was formerly the Director of the Minerals Management Service, but denies that she presently holds that position.

## THE BLOWOUT SCENARIOS DISCLOSURE RULE
## AND THE WORST CASE OIL SPILL RESPONSE RULE

11. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents. Chevron denies the remaining allegations in paragraph 11.

12. This paragraph represents the plaintiffs' characterization of certain administrative rules and regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those rules and regulations for a complete and accurate statement of their contents, and to the Department of the Interior's April 1, 2008 Notice to Lessees ("NTL 2008-G04"). To the extent any further response is required, Chevron denies the allegations.

13. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and to NTL 2008-G04. To the extent any further response is required, Chevron denies the allegations.

14. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and to NTL 2008-G04. To the extent any further response is required, Chevron denies the allegations.

15. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and to NTL 2008-G04. To the extent any further response is required, Chevron denies the allegations.

16. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents, and to NTL 2008-G04. To the extent any further response is required, Chevron denies the allegations.

17. This paragraph represents the plaintiffs' characterization of certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to those regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron is without information sufficient to admit or deny the allegations.

18. Denied.

19. Chevron admits that Louisiana contains coastal wetlands and that such wetlands are the source of an annual seafood harvest. Chevron is without sufficient information to admit or deny the plaintiffs' allegations regarding Acadian and Native American cultures. Chevron denies the remaining allegations in paragraph 19.

20. Denied

21. Denied.

## IRREPARABLE INJURY

22. Chevron admits that, between 1960 and 1996, a number of blowouts occurred for a variety of reasons in the Gulf of Mexico, and that the majority of such blowouts resulted in no oil spills. Chevron denies the remaining allegations in paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Chevron admits that deepwater Gulf of Mexico wells are responsible for a large portion of current Outer Continental Shelf production, that large reservoirs have been and continue to be discovered, and that exploration and development decisions are based upon a number of factors, including reservoir size. Chevron denies the remaining allegations in paragraph 27.

28. Denied.

29. Chevron admits that, on April 20, 2010, the exploration well being drilled by the *Deepwater Horizon* approximately 45 miles off the coast of Louisiana suffered a blowout, that a substantial amount of oil has been spilled (the rate and quantity of which has not yet been

determined), and that some of that spilled oil has been recovered, burned, dispersed, or otherwise removed. Chevron denies the remaining allegations in paragraph 29.

30. Chevron admits that response equipment for the *Deepwater Horizon* spill has been brought in from various parts of the United States, which is consistent with preexisting plans for such an event. Chevron denies the remaining allegations in paragraph 30.

31. Denied.

## THE 2008 NOTICE TO LESSEES

32. Admitted.

33. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and certain administrative regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NTL 2008-G04 and the relevant regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

34. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and, accordingly, no response is required. Chevron respectfully refers the Court to NTL 2008-G04 for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

35. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and, accordingly, no response is required. Chevron respectfully refers the Court to NTL 2008-G04 for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

36. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and, accordingly, no response is required. Chevron respectfully refers the Court to NTL 2008-G04

for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

37. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and, accordingly no response is required. Chevron respectfully refers the Court to NTL 2008-G04 for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

38. This paragraph represents the plaintiffs' characterization of NTL 2008-G04 and, accordingly, no response is required. Chevron respectfully refers the Court to NTL 2008-G04 for a complete and accurate statement of its contents.

39. Denied.

### COUNT I

### THE NOTICE TO LESSEES WAS AN AMENDMENT OF AN ADMINISTRATIVE RULE THAT DID NOT COMPLY WITH THE RULEMAKING REQUIREMENT OF THE ADMINISTRATIVE PROCEDURE ACT

40. This paragraph represents the plaintiffs' characterization of the Administrative Procedure Act ("APA") and, accordingly, no response is required. Chevron respectfully refers the Court to the APA for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

41. This paragraph represents the plaintiffs' characterization of the APA and, accordingly, no response is required. Chevron respectfully refers the Court to the APA for a complete and accurate statement of its contents. To the extent any further response is required, Chevron denies the allegations.

42. Chevron admits that NTL 2008-G04 was not published in the Federal Register. Chevron denies the remaining allegations in paragraph 42.

43. Denied.

44. Denied.

## COUNT II

### THE NOTICE TO LESSEES WAS ISSUED IN VIOLATION OF THE NATIONAL ENVIRONMENTAL POLICY ACT

45. This paragraph represents the plaintiffs' characterization of the National Environmental Policy Act ("NEPA") and its implementing regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

46. This paragraph represents the plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

47. This paragraph represents the plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

48. This paragraph represents the plaintiffs' characterization of NEPA, its implementing regulations, and certain executive orders issued pursuant to NEPA and its regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NEPA, its implementing regulations, and the executive orders for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

49. This paragraph represents plaintiff's characterization of NEPA and its implementing regulations and, accordingly, no response is required. Chevron respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any further response is required, Chevron denies the allegations.

50. Denied.

## PRAYER FOR RELIEF

The prayer for relief contains characterizations of the plaintiffs' legal conclusions and therefore requires no response. To the extent any response is required, Chevron denies the allegations and further denies that the plaintiff is entitled to any relief whatsoever.

## CHEVRON'S DEFENSES AND AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction over some or all of the plaintiffs' claims for reasons including that subparts (c)(2) and (4) of 43 U.S.C. § 1349 vest exclusive jurisdiction over the plaintiffs' claims in an appropriate federal court of appeals.

2. Venue is not proper in this Court.

3. The plaintiffs' claims are moot, are not ripe, and/or are otherwise non-justiciable.

4. The plaintiffs lack standing for reasons including that (1) they have not suffered any legally cognizable injury, (2) they have failed to comply with the jurisdictional prerequisites of 43 U.S.C. § 1349(c)(3), and (3) they have failed to comply with the jurisdictional prerequisites of 43 U.S.C. § 1349(a).

5. The plaintiffs have failed to state a claim upon which relief may be granted.

6. The plaintiffs have failed to exhaust administrative remedies.

7. The plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

8. The plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

9. The plaintiffs are not entitled to any of the injunctive relief requested in the Complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that the plaintiffs or those they purport to represent might suffer in its absence.

10. The plaintiffs are not entitled to any of the injunctive relief requested in the Complaint because such relief is not in the public interest.

11. The relief sought by plaintiffs would require the government to take action that is arbitrary, capricious, and contrary to law.

12. The relief sought by plaintiffs would require the Court to step outside the proper judicial role and to deny the relevant administrative agencies appropriate deference in interpreting their own administrative policies, rules, and regulations.

13. The plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

14. The plaintiffs' claims are barred because there has been insufficient service of process.

15. Chevron hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Chevron.

WHEREFORE, Chevron prays that this Court deny the plaintiffs' request for declaratory, injunctive, and other relief, dismiss the Complaint with prejudice, and grant such further relief as the Court deems appropriate.

Date: August 26, 2010                                   Respectfully submitted,

/s/Meredith P. Young
Meredith P. Young, 27149
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Charles J. Engel, III
Ashley C. Parrish
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Reginald R. Smith
Tracey M. Robertson
KING & SPALDING LLP
1100 Louisiana Street, Suite 4000
Houston, Texas  77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

*Counsel for Chevron U.S.A. Inc.*