UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAY WHITTINGHILL<br>          Plaintiff | CIVIL ACTION NO. 2:10-cv-01984 |
| VERSUS | JUDGE CARL BARBIER |
| ABDON CALLAIS OFFSHORE, L.L.C.<br>          Defendant | MAG. JUDGE SALLY SHUSHAN |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The Answer of Defendant Abdon Callais Offshore, L.L.C. to the Complaint of Plaintiff Clay Whittinghill with respect represents:

1.

Defendant admits the allegations of paragraph 1 of the Complaint.

2.

Defendant admits the allegations of paragraph 2 of the Complaint.

3.

For lack of knowledge or information sufficient to justify a belief therein, Defendant denies the allegations of paragraph 3 of the Complaint.

4.

Defendant admits the allegations of paragraph 4 of the Complaint.

5.

Defendant denies the allegations of paragraph 5 of the Complaint save and except that it is admitted that during the timeframe alleged, the M/V St. Ignatius Loyola was engaged in the collection of oil from the Gulf of Mexico during portions of the days for the period stated.

1

6.

Defendant denies the allegations of paragraph 6 of the Complaint.

7.

Defendant denies the allegations of paragraph 7 of the Complaint.

8.

Defendant denies the allegations of paragraph 8 of the Complaint.

9.

Defendant admits that Plaintiff has alleged a claim under the Jones Act and the general maritime law.

10.

Defendant adopts herein by reference its responses to paragraph 1-9 of the Complaint.

11.

Defendant admits that Plaintiff had worked for Defendant since approximately June 5, 2007 and had worked for more than 1250 hours in the 12 months prior to approximately June 8, 2010.  Defendant otherwise denies the allegations of paragraph 11 of the Complaint.

12.

Defendant denies the allegations of paragraph 12 of the Complaint, save and except it is admitted that Plaintiff asked to leave the vessel prior to the end of his hitch.

13.

Defendant denies the allegations of paragraph 13 as plead.

14.

Defendant admits that Plaintiff was released by his physician as "fit for duty," that he did not return to work because of restrictions placed upon work assignments by his physician and that he was terminated on July 8, 2010, but otherwise denies the allegations of paragraph 14 of the Complaint.

15.

Defendant denies the allegations of paragraph 15 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief called for in his prayer for relief.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff has failed to mitigate his damages in that he has failed to seek and/or accept comparable employment.

SECOND AFFIRMATIVE DEFENSE

Defendant alleges that any injuries and/or medical conditions about which Plaintiff complains about were pre-existing conditions which were not caused or contributed to by the fault or neglect of Defendant or any alleged unseaworthiness of the M/V St. Ignatius Loyola.

THIRD AFFIRMATIVE DEFENSE

In the alternative, if in fact Plaintiff suffered any injuries and/or medical conditions while serving on the M/V St. Ignatius Loyola, such injuries or conditions were the result of Plaintiff's own fault and neglect as a result of, among other things, Plaintiff's failure to

3

utilize available safety equipment and/or protective equipment or to follow prescribed safety rules and regulations.

## FOURTH AFFIRMATIVE DEFENSE

In the alternative, if it is found that Plaintiff suffered any injuries and/or conditions while serving on the M/V St. Ignatius Loyola, any such injuries or conditions were not due to the fault or neglect of Defendant or any conditions on the M/V St. Ignatius Loyola, but were due to the fault and neglect of others for whose conduct Defendant is not responsible, including, among others, BP, Transocean, United States Coast Guard, other government agencies, as well as others who have been named in the class action litigation pending before this Court.

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff was injured or suffered any medical conditions on the M/V St. Ignatius Loyola, but in the alternative pleads that the alleged injuries or conditions of Plaintiff were caused by his own willful acts and/or contributory negligence and/or comparative fault and any recovery should be barred or reduced accordingly.  Defendant hereby invokes the Primary Duty Rule as a bar to Plaintiff's recovery.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, to the extent that any act, omission, breach of contract, breach of duty, fault, or negligence of others and/or circumstances not within the control of Defendant, caused or contributed to the alleged damages and losses which Plaintiff now seeks to recover, such conduct reduces or bars the recovery of Plaintiff against Defendant.

4

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff's injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening, intentional and/or superseding causes for which Defendant is not legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's FMLA claim, Defendant alleges that Plaintiff completed any FMLA leave, was released to return to work by his physician, but that Plaintiff was not qualified at that time to fill a position with Defendant due to restrictions placed by his physician.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot establish a *prima facie* case of a violation of the FMLA in that Plaintiff cannot show that he engaged in a protected activity or that there was any causal link between any alleged protected activity and his termination of employment.

## TENTH AFFIRMATIVE DEFENSE

As to Plaintiff's FMLA claim, Defendant alleges in the alternative, that Defendant had legitimate, non-discriminatory business related reasons for its actions in terminating Plaintiff in that Plaintiff was certified as fit for duty by his physician, but that restrictions were placed on his assignment such that he was not qualified to work on Defendant's vessels.

## ELEVENTH AFFIRMATIVE DEFENSE

In the alternative, as to Plaintiff's FMLA claim, Defendant alleges that it would have taken the same actions with regard to Plaintiff notwithstanding any alleged discriminatory factors that may be found to exist.

5

## TWELFTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is due any liquidated damages inasmuch any actions taken by Defendant were taken in good faith and without any intent to discriminate or retaliate against Plaintiff and without any knowledge that such actions could violate the provisions of the FMLA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges with respect to Plaintiff's claim under the FMLA, that any actions taken by Defendant were based upon legitimate, nondiscriminatory reasons which had nothing to do with any FMLA leave taken by Plaintiff.

WHEREFORE, Defendant Abdon Callais Offshore, L.L.C. prays that this Answer be deemed good and sufficient, and that after due proceedings had, Plaintiff's Complaint be dismissed, with prejudice, with Plaintiff cast to pay all costs and for such other and further relief as may be just and equitable in the premises.

Respectfully submitted this 27th day of August, 2010.

Respectfully submitted,

*/s/ Walter W. Christy*
Walter W. Christy, La Bar No. 04134
Jacob C. Credeur, La Bar No. 31116
Coats | Rose
One Canal Place
365 Canal Street, Suite 800
New Orleans, Louisiana  70130
Telephone:  (504) 299-3070
Facsimile:   (504) 299-3071

Attorneys for Defendant
Abdon Callais Offshore, L.L.C.

6

1459565.1/010726.000002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via the Court's Electronic Filing/Notification System.

This 27th day of August, 2010.

/s/ Walter W. Christy

1459565.1/010726.000002