UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179<br>SECTION:   J |
| THIS DOCUMENT RELATES<br>*       TO ALL ACTIONS | * * * * | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*

### BP'S MEMORANDUM IN RESPONSE TO MOTION TO BLOCK OR IMPEDE REMOVAL OF CAPPING STACK AND RECOVERY OF BOP

Cameron's efforts to interfere with the Unified Command's well control operations by delaying the approved BOP recovery operation should be rejected out of hand. This Court's Order of August 20 (Doc. 56) recognized the ongoing well control, remedial, and physical evidence recovery efforts associated with the Macondo Well (MC-252) and made clear that it does not intend to restrict or direct activities of any of the Defendants or the Unified Command in regard to well control operations.

The importance of well control was further recognized just a few days ago in this Court's Order of August 26 (Doc. 99). That order was extensively argued before the Court and negotiated between the parties against the backdrop of the Unified Command's ongoing BOP removal and retrieval operations. Cameron, Transocean and the other parties agreed to the entry of this order.

In its August 26 Order, this Court expressly stated that it did not intend "to restrict or direct activities of any of the Defendants or the Unified Command in well control efforts." The

August 26 Order also expressly recognized that the existing BOP would soon be recovered from the sea bed and brought to shore as part of these well control operations, and authorized this procedure as consistent with the Court's preservation order in PTO #1 paragraph 14 (as modified). The BOP operation will be undertaken at the express direction of the Unified Command. (Attachment A)

Nevertheless, just a few days later, several defendants, all of which agreed to the August 26 Order, are asking this Court to repudiate the principle of these earlier orders and interfere with well control. In the wake of an August 27, 2010, well control directive from the Unified Command, see Letter of August 27, 2010, from Admiral Thad Allen to BP"s Robert Dudley (Attachment A), these defendants have submitted a motion effectively requesting that this Court assume direct control over at a minimum the timing of, and perhaps also the substance of, the Unified Command's well control operations. (See Declaration of Charles A. Holt (Attachment B).) Mr. Holt's declaration establishes that: (a) the Unified Command has approved the final technical procedures for the operation for removal of the existing BOP stack from the *Deepwater Horizon*, including removal of the capping stack attached to the BOP; (b) the BOP recovery operation, including the removal of the capping stack attached to the BOP, is related to well control due to its relationship to the planned "bottom kill" operation on the MC 252 well; (c) even if the capping stack remained in place, Cameron's objective of video observations of the inside of the BOP undisturbed cannot be met; (d) the approved BOP recovery operation is weather dependent during the current Hurricane season, and a period of acceptable weather is expected over the next few days; and (e) any delay in the approved BOP recovery operation is very expensive to BP and other parties (many millions of dollars per day).

Defendants BP America Production Company and BP Exploration & Production Inc.

–2–

respectfully submit that this Court should adhere to its repeated decision to refrain from enjoining or restraining the Unified Command's well control operations, and deny the present motion.

    Respectfully submitted,

    /s/ Don K. Haycraft
    R. Keith Jarrett (Bar #16984)
    Don K. Haycraft (Bar #14361)
    LISKOW & LEWIS
    One Shell Square
    701 Poydras Street, Suite 5000
    New Orleans, Louisiana 70139-5099
    Telephone: (504) 581-7979
    Facsimile: (504) 556-4108

    and

    Of Counsel:

    Richard C. Godfrey, P.C.
    J. Andrew Langan, P.C.
    Kirkland & Ellis LLP
    300 North LaSalle Street
    Chicago, IL 60654
    312-862-2000 (Tel)
    312-862-2200 (Fax)

    ***Attorneys for BP America Production Company and BP Exploration & Production Inc.***

August 29, 2010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation

of the court's electronic filing system.

/s/ Don K. Haycraft

Donald R. Abaunza



National Incident Commander
Deepwater Horizon Response

2100 Second Street, S.W
Washington, DC 20593-0001
Staff Symbol: NIC
Phone: (202) 372-1710
Fax: (202) 372-1933

16451
27 August 2010

Bob Dudley
Chief Managing Director
BP Group
501 West Lake Park Boulevard
Houston, TX 77070

Dear Mr. Dudley,

As a result of the Government Scientific Technical Team meeting today, BP is authorized to terminate the fishing procedure. In accordance with procedures 2200-T2-DO-PR-4753 and 2200-T2-DO-PR-4744, BP is further authorized to proceed with the removal of the capping stack followed by the removal of the Deepwater Horizon BOP contingent on the following conditions:

(1) The removal of the BOP will first be attempted with a controlled lift to minimize the risk of raising the well central casing and casing hanger seal. Any amount of force beyond what has been estimated to lift the BOP must have the concurrence of the Government Scientific Technical Team.

(2) If a controlled lift does not result in the safe removal of the BOP, additional lifts can be performed as long as they are preceded by an attempt to release the BOP from any hanging drill pipe by opening the rams in the BOP.

(3) A replacement BOP shall be placed on the Macondo well as quickly as possible to minimize the time the well is open to the sea without a sealing barrier at the top of the well.

(4) The Joint Investigation Team and the Department of Justice Criminal Investigation Evidence Recovery Team shall be allowed unfettered access to observe and record the entire removal and recovery process for detachment of the BOP stack or capping stack. The Team members will take custody of all equipment removed from or associated with the BOP stack or capping stack from the time it is removed from the well head and will maintain that custody throughout the lifting process.

Sincerely,

T. W. Allen
Admiral, USCG (Ret.)
National Incident Commander

Attachment A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## DECLARATION OF CHARLES A. HOLT

I, Charles A. Holt, hereby declare:

1. I am the Wells Operation Manager, Gulf of Mexico Strategic Performance Unit for BP America Inc. In that position I have been active continuously in the efforts occurring since April 20, 2010, to stop the flow of oil and natural gas from the Mississippi Canyon Block 252 well (MC-252), also known as the "Macondo Well."

2. Specifically, in my work with BP, I am responsible for helping to manage the execution of well control efforts under the authority and at the direction of Admiral Allen and the Unified Command. It is important to recognize in this connection that all efforts to control the flow of oil and natural gas from the Macondo Well are conducted according to procedures approved by, and carried out under the direction of, the Unified Command. The process of developing, reviewing, revising and gaining the Unified

Attachment B

Command's approval for a well control procedure to be executed at the Macondo Well site is typically a collaborative one.

3. In addition to the Unified Command's input, input is typically sought from private companies who have an interest in the particular procedure. This collaborative process for developing and implementing well control procedures includes various stages, including the development of a Basis of Design document, several rounds of discussions, multiple draft procedures and, ultimately, a final procedure that the Unified Command has approved.

4. In the case of the well control procedures in general, and well control procedures having to do with the blowout preventer ("BOP") from the *Deepwater Horizon* rig on the sea bottom at the Macondo Well site in particular, the companies involved have included not only BP, but also Transocean, which owns the *Deepwater Horizon's* BOP, and Cameron, which designed and manufactured the BOP.

5. I am currently involved in the process of directing operations to remove the *Deepwater Horizon's* BOP from the sea bottom at the Macondo Well site, where it has rested since before the April 20, 2010, explosion and oil spill. These operations are being conducted according to the following two final procedures approved by the Unified Command: the BOP primary recovery procedure, 2200-T2-DO-PR-4753; and the BOP contingency recovery procedure, 2200-T2-DO-PR-4744. Transocean and Cameron personnel contributed to the drafting and framing of both procedures.

6. I also have reviewed the Court's Order, dated August 26, 2010 (Doc. 99), which states, in part, that "the Court has been advised that removal of the *Deepwater Horizon's*

BOP shall proceed in accordance with such final technical procedures that the Unified Command approves." *Id.* at 3. Again, the Unified Command has now approved these final procedures for removal of the BOP and the Capping stack -- the BOP primary recovery procedure, 2200-T2-DO-PR-4753, and the BOP contingency recovery procedure, 2200-T2-DO-PR-4744.

7.  The primary purpose of Unified Command procedures involving the removal of the *Deepwater Horizon* BOP from the seabed and its transport to the surface is not to secure the *Deepwater Horizon* BOP for its evidentiary value in the various on-going investigations into the April 20 fire and explosion (although that might well be an ancillary benefit of removing the *Deepwater Horizon* BOP and bringing it to the surface). Indeed, we expect that recovery of the BOP under the approved procedures and bringing the BOP to shore will secure this important piece of physical evidence for the benefit of all parties.

8.  The primary purpose of removing the *Deepwater Horizon's* BOP from the sea bottom at the Macondo Well site is to make way so that a functioning BOP can be put in place and provide well control -- that is, provide a continuing ability to staunch the actual or potential flow of oil and gas. This in turn will set the stage for the planned "bottom kill" operation under the direction of the Unified Command.

9.  I am making this declaration now because I am aware of what has been described to me as an effort by Cameron and Transocean to delay the well control operations that I have just described. I have further been told that this delay is being sought on grounds that it is necessary to observe the BOP's interior by remote video before the Capping

stack currently above the BOP on the sea bottom is removed as a prelude to retrieving the BOP itself.

10.     In my judgment, this suggested delay to the well control efforts currently under way would be unwise for the following four reasons.

11.     First and by far most importantly, any delay would impede well control efforts at a critical time. At the present time, in the midst of hurricane season, the weather forecast is acceptable for the approved procedure. It is critical that our operation succeed in the final plugging of the Macondo Well during this window of acceptable weather, given that unacceptable weather can crop up at almost any time during hurricane season. The Capping stack, which was put in place to stop the flow of oil and gas after the April 20 incident, is less than 100% effective at this time due to known leaks and failures of hydraulics in choke valves and issues with the middle pipe rams. The longer this capping stack is left in place, the higher the risk that flows of oil and natural gas from the well will resume.

12.     Second, the operations team is unlikely to be able to record the interior of the BOP in any reasonable time frame, even if the removal of the capping stack were to be delayed. The operations team working under the Unified Command has been trying to get video probes into the BOP, without success, since the Unified Command approved the commencement of BOP-related operations on Saturday, August 21. Thus far, these attempts over five or more days to capture the interior of the BOP on video have not been successful. There is no reason to think further efforts will be any more successful going forward.

13. Third, any delays at this stage of the operation would undoubtedly increase its costs to all parties. Although precise figures are not available to me within the timeframe for submitting this declaration, I can state based on estimates with which I am familiar that BP alone is spending many millions of dollars per day in efforts to contain and finally plug the Macondo Well. Other parties are spending additional resources. It makes little sense to suggest that this significant set of resources -- ships, equipment, technicians, remotely operated vehicles capable of deepwater operations, and so forth -- be kept on hold at sea while further efforts are made to take pictures of the inside of the BOP, thereby incurring large and certain hard dollar costs in pursuit of an uncertain and potentially unattainable informational benefit.

14. Finally, and perhaps most importantly, the Unified Command has directed BP to proceed with the BOP removal operation. *See* Letter from the National Incident Commander, Adm. T.W. Allen, USCG (Ret.), to Mr. Bob Dudley, Chief Managing Director, BP Group, dated August 27, 2010 (Attachment A).

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Dated: August 28, 2010

_____   8-28-10
Charles A. Holt