```
MINUTE ENTRY
BARBIER, J.
AUGUST 29, 2010
```

```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


                                          :     MDL NO. 2179
IN RE: OIL SPILL by the OIL RIG           :
       "DEEPWATER HORIZON" in the         :
       GULF OF MEXICO, on                 :     SECTION: J
       APRIL 20, 2010                     :
                                          :     JUDGE BARBIER
                                          :     MAG. JUDGE SHUSHAN

.. .. .. .. .. .. .. .. .. .. .. .. .. . .. .. .. .. .. .. .. ..
```

**THIS DOCUMENT RELATES TO ALL CASES**

The Court held an emergency status conference this date via telephone. The following were in attendance: James Roy and Stephen Herman, representing the Plaintiffs; Deb Kuchler, representing Defendant Anadarko Petroleum Corporation and MOEX Offshore 2007; Don Haycraft, Keith Jarrett, and Andrew Langan, representing Defendant BP Oil; Allen York and Don Godwin, representing Defendant Halliburton Energy Services, Inc.; Kerry Miller, Edwin Preis, and David Baay,  representing Defendant Transocean, Ltd.; David J. Beck, Phil Wittmann, David Jones, Joe Redden, David McWorter, and Carmelite M. Bertaut, representing Defendant Cameron International Corporation; and Mike Underhill, Sharon Smith, Heather Kennealey, Capt. Stephen McCleary, and Paul Markland for the U.S. Department of Justice, Unified Command and

Marine Board Investigation Hearing.

The conference call was requested by Cameron International Corporation ("Cameron") in connection with its Motion for Protective Order (Rec. Doc. 116). BP filed an Opposition to Cameron's Motion (Rec. Doc. 115).

During the conference, Cameron, as the manufacturer of the Deepwater Horizon's blowout preventer ("BOP"), urged this Court to delay the removal of the BOP capping stack and retrieval of the BOP from the ocean floor so as to ensure that all relevant evidence is preserved. Counsel for Cameron expressed their concern that removal of the capping stack without further attempts to digitally document the inside of the BOP may result in loss or alteration of material evidence. Cameron argued that to properly photograph and record the present conditions inside the BOP generally and the shearing blind rams in particular, it was necessary to open the BOP annular preventers. Cameron asserted that they were not previously aware that the BOP removal would begin without further attempts to collect and preserve critical evidence.

Opposing Cameron's request, counsel for BP emphasized that Cameron was aware of the adopted protocol for the BOP retrieval. Further, counsel for BP stated that Cameron and Transocean

previously voiced the same concerns about evidence preservation at a meeting, which involved engineers working on the operation. The course of action suggested by Cameron (i.e. the opening of the annular preventers and the resulting delay in BOP removal) was previously evaluated, with the cost/benefit analysis showing that the BOP retrieval should proceed without delay. Furthermore, counsel for BP underscored the importance of the Unified Command's well control operations, citing the Declaration of Charles Holt (Rec. Doc. 115, Exhibit B).

The representative of the Unified Command Mike Underhill also expressed his disagreement with the course of action advocated by Cameron. He explained that continuing the fishing operation would substantially delay the removal of the BOP, which was crucial to the effective well control. He also argued that opening of the annular preventers to inspect the blind shear rams would have unknown consequences and could potentially result in an oil leak. Further, Mr. Underhill asserted that the initial preparation for the removal was likely taking place simultaneously with this conference call, and the removal was set to commence later in the afternoon.

Having previously reviewed Cameron's Motion and BP's Opposition, this Court concluded that it is not judicious to interfere with the ongoing well-control operations. The Court

noted that the Unified Command and the FBI were also concerned about the preservation of evidence crucial to the incident investigation. However, such concerns were secondary to securing the well so as to prevent further oil spill. Moreover, this Court was informed that Admiral Allen and the Unified Command had already considered the possibility of opening up annular preventers and decided that it was not proper to delay the BOP removal. Accordingly, the Court **ORDERED** that Cameron's **Motion for Protective Order (Rec. Doc. 116)** be **DENIED**. The Court encouraged the parties to further meet and confer regarding the protocol for preservation of evidence.

* * * * * * * * * * * * * * *

JS-10:35 mins.