UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on | * | SECTION: "J" |
| April 20, 2010 | * | |
| | * | Judge Barbier |
| This Document Relates to: All Cases | * | Mag. Judge Shushan |

* * * * * * * * * * * * *

### APPLICATION OF WILLIAM CHRISTOPHER BEARY
### FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

Pursuant to Section 17 of Pretrial Order # 1, William Christopher Beary of the law firm Orrill, Cordell & Beary L.L.C., respectfully submits the following application for appointment to the Plaintiffs' Steering Committee (sometimes "Committee"):

MAY IT PLEASE THE COURT:

The undersigned respectfully suggests that the appointment of William Christopher Beary to the Plaintiffs' Steering Committee will further the goals of efficiency and fairness with substantial contribution to the Committee.

A.  **CASE SPECIFIC REASONS FOR APPLICANT'S APPOINTMENT**

The undersigned was the first to file a class action suit on behalf of all 368,000 Louisiana licensed recreational saltwater fishermen for the damages caused to them from the *Deepwater Horizon* incident, which is *Kunstler, et al. v. BP, PLC, et al.*, Civil Action No. 10-1345, Eastern District of Louisiana.

The undersigned avers that it is important for the large bloc of recreational saltwater fishermen, from both Louisiana and the other effected states, to have a representative on the

1

Plaintiffs' Steering Committee. While advocates for commercial interests, both fishing and non-fishing related, will no doubt submit many applicants for consideration for the limited number of positions on the Committee, the interests of the recreational fishermen will best be protected by a representative on the Committee whose sole cause in this M.D.L. is that of recreational fishermen, yet who possesses the technical ability and collegiality to work with and contribute to the Committee and the Court in moving the captioned litigation forward in an expeditious and effective manner. *See*, *Annotated Manual for Complex Litigation, Fourth*, (West 2010) at § 10.21, "[c]ounsel need to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See also, Id.*, that counsel must make "reasonable efforts to expedite litigation consistent with the interests of the client," citing Model Rule of Professional Conduct 3.2.

Recreational fishing cases have issues which are unique in comparison to all other types of cases. As such, a recreational fishing representative on the Committee is necessary to protect the interests of recreational fishermen's claims during discovery, settlement negotiations, and briefing on legal issues. *See, Annotated Manual for Complex Litigation, Fourth*, at § 10.221, "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." The unique issues to recreational fishermen include:

(1) The discovery which will need to be conducted for recreational cases, including when fishery closures were made, the effect of those closures, calculations of the value of the fish themselves vs. the profit of business, the value of fishing as recreation, and the value of fish for subsistence;

(2) The differences in categories of damages between the recreational and commercial cases (*e.g.*, lack of subsistence use vs. economic losses), as well as the legal right to recover therefore. The Oil Pollution Act, at 33 U.S.C. § 2702(b)(2)(C), specifically provides for loss of subsistence use of natural resources, which is a claim for damages that no commercial interest will be able to allege. Importantly, the legal analysis of whether claims will be decided under Louisiana state law, federal statutory law, or general maritime law may all be different for recreational fishermen's claims as opposed to commercial interests; and

(3) The settlement of claims will be different for recreational fishermen and commercial fishermen. Settlements relating to other commercial interests will be even more inapposite.

As is suggested in the *Annotated Manual for Complex Litigation, Fourth*, at § 10.224, the Court should consider "whether designated counsel fairly represent the various interests in the litigation – where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests." Therefore, there exist myriad substantive issues which are unique to the recreational saltwater fishing claims which weigh in favor of naming a representative for those interests to the Plaintiffs' Steering Committee.

**B.     BACKGROUND OF APPLICANT**

The undersigned has been involved in several class action, MDL, and complex litigation proceedings, where effective cooperation between and among counsel was essential to the prosecution of the litigation.

3

The undersigned places a high value on ethics, professionalism, and continuing legal education.  The undersigned will present a continuing legal education seminar on September 27, entitled *Accounting 101 for Attorneys*, which includes directives for complying with ethical standards by attorneys.

After graduating *cum laude* from Tulane University Law School in 1993, the undersigned joined the law firm of Deutsch, Kerrigan & Stiles, L.L.P., as an associate.  In 1997, the undersigned moved to the law firm of Breazeale, Sachse & Wilson, L.L.P., as a partner.  In 2001 until the present, the undersigned has been the Managing Member of the law firm of Orrill, Cordell & Beary, L.L.C.  The undersigned maintains a broad civil practice, including an active trial practice, complex commercial matters, bankruptcy, class action litigation, multi-district litigation, shareholder disputes, labor and tax issues, attorney malpractice, and arbitrations.  The undersigned and his law firm are "AV" rated by Martindale-Hubbell.  The undersigned is a Certified Public Accountant, inactive status.

The undersigned has class action, multi-district, and complex litigation experience, including: MDL-1038 *In re: Norplant Contraceptive Products Liability Litigation*, E.D.Tex. (J. Schell); *John Doe, et al. v. Jo Ellen Smith Medical Foundation, et al.*, No. 97-5365, Civil District Court for the Parish of Orleans; *The Administrators of Tulane University v. Parry*, No. 97-18600, Civil District Court for the Parish of Orleans; *Davis v. Jazz Casino Co., L.L.C.*, No. 2001-12680, Civil District Court for the Parish of Orleans; *Parish of St. Tammany v. Omni Pinnacle, L.L.C. and Shaw Environmental, Inc.*, No. 2007-10755, Twenty-Second Judicial District Court for the Parish of St. Tammany; and *United Disaster Response v. Omni Pinnacle, L.L.C. and St. Tammany Parish*, Civil Action No. 06-6075, Section "B," United States District Court for the Eastern District of Louisiana.

The undersigned is active in community involvement, being the treasurer of the Jericho Road Episcopal Housing Initiative, L.L.C., a board member of the Louise S. McGehee School, the Capital Campaign Chair of Advent House at Christ Church Cathedral, and a member of the Christ Church Cathedral Finance Committee.

The undersigned is has been named a Top 100 Trial Lawyer by the American Trial Lawyers' Association, a class of 2010 Leader in Law by *City Business* magazine, and a Top Lawyer in the New Orleans area by *New Orleans* magazine.

WHEREFORE, the undersigned respectfully prays that William Christopher Beary be appointed to the Plaintiffs' Steering Committee.

Respectfully submitted:

By: */s/ William Christopher Beary*
W. Christopher Beary, T.A. (Bar # 22253)
R. Ray Orrill, Jr. (Bar # 10239)
William R. DeJean (Bar # 22762)
ORRILL, CORDELL & BEARY, L.L.C.
330 Carondelet Street
New Orleans, Louisiana 70130
wcb@ocblaw.com
rrojr@ocblaw.com
wrd@ocblaw.com
Telephone: (504) 299-8724; Fax: (504) 299-8735

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has this date, August 30, 2010, been sent via the Court's CM/ECF system to all counsel of record and via email to all attorneys on the Panel Attorney Service List attached hereto as Exhibit A.

*/s/ W. Christopher Beary*
W. CHRISTOPHER BEARY