UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | SECTION: J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | JUDGE BARBIER |
| ALL ACTIONS | : | MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE USCG/BOEM BOARD OF INVESTIGATION TESTIMONY**

In anticipation of the September 3 hearing regarding Transocean's Motion for Protective Order, on September 2, 2010 counsel for the United States provided Transocean with its Exhibit List. Exhibit A, attached hereto. Of the three exhibits set forth therein, Exhibits US 101 and 102 are excerpts of the USCG/BOEM Board of Investigation testimony of William Stringfellow and Michael Williams, respectively. This testimony is inadmissible, irrelevant and should be excluded from use at the September 3 hearing.

Pursuant to 46 U.S.C. § 6308, documents and testimony produced in the course of a Coast Guard casualty investigation are inadmissible in a civil proceeding:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under § 6301 of this title, including findings of fact, opinions, recommendations, deliberations or conclusions, shall be admissible as evidence … in any civil proceeding… .[1]

For that reason alone, the Stringfellow and Williams testimony should be excluded.

Alternatively, the Stringfellow and Williams testimony should be stricken because it is irrelevant to the BOP issues at hand. The testimony simply does not address the interim preservation or storage location of the BOP.

For the foregoing reasons, Transocean's motion should be granted, and the United States should be precluded from introducing at the September 3, 2010 hearing the USCG/BOEM Board of Investigation testimony of Stringfellow and Williams.

**FRILOT L.L.C.**

/s/ Kerry J. Miller
**MILES P. CLEMENTS (#4184)**
**KERRY J. MILLER (#24562)**
**PAUL C. THIBODEAUX (#29446)**
**1100 Poydras Street**
**Suite 3700**
**New Orleans, LA 70163**
**Telephone: (504) 599-8194**
**Facsimile:  (504) 599-8145**
**E-mail: mclements@frilot.com**
**E-mail: kmiller@frilot.com**
**E-mail: pthibodeaux@frilot.com**

---

[1] *See also* 46 C.F.R. § 4.07-1(b) ("The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility"); and *In re American Milling Co.*, 270 F.Supp.2d 1068, 1074-75 (E.D. Mo. June 12, 2003)(In a civil limitation of liability proceeding regarding a towboat allision, the Court held that pursuant to 46 U.S.C. § 6308 and 46 C.F.R. § 4.07-1(b), a Coast Guard investigatory hearing transcript was inadmissible).

AND

EDWARD F. KOHNKE IV, T.A. (#07824)
EDWIN G. PREIS, JR. (10703)
PREIS & ROY
(A Professional Law Corporation)
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129

COUNSEL FOR TRANSOCEAN
OFFSHORE DEEPWATER
DRILLING INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has on this 2nd day of September, 2010 been served on all counsel of record in this proceeding by CM/ECF electronic filing.

/s/ Kerry J. Miller
KERRY J. MILLER