# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | Section "J" |
| This Document Relates to: Civil No. 2:10-cv-01497 | * | |
| *Gulf Restoration Network, et al. v. Salazar, et al.* | * | Judge Barbier |
| | * | Mag. Judge Shushan |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' RESPONSE TO INTERVENOR'S MOTION TO DECONSOLIDATE AND TRANSFER THE CASE TO ITS ORIGINAL JUDGE

Plaintiffs, Gulf Restoration Network, Inc. and Sierra Club, Inc. respond to the American Petroleum Institute, Independent Petroleum Association of America, U.S. Oil and Gas Association, and International Association of Drilling Contractors ("Associations") motion to deconsolidate civil case no. 2:10-cv-01497 and transfer the case to its original judge. At this point the federal defendants have largely provided the substantive relief requested in Plaintiff's prayer for relief. The Plaintiffs therefore believe that the Associations' motion may be denied as moot, and this case be allowed to proceed to a determination of an award for Plaintiffs' attorneys' fees and costs. To the extent that the Court finds that any issue remains to be addressed other than fees and costs, Plaintiffs submit that these issues are intimately connected to the subject matter of the multi-district proceeding, and the matter should remain in this section.

1

## ARGUMENT

This case concerns an illegal waiver of Minerals Management Service's ("MMS") own safety regulations which allowed permits to be granted for deepwater and shallow water exploratory oil drilling in Gulf waters without the well "blowout scenario" and worst case oil spill analysis required in virtually every other part of the country.  Under the waiver, the blowout scenario—which includes disclosure of the potential for surface intervention to contain the spill—was not required in most instances.  Additionally, the worst case oil spill analysis was waived from inclusion in an individual exploratory drilling plan if a *regional* oil spill response plan was in place that purported to cover a larger spill than that predicted at the site. The waiver of safety regulations, called a Notice to Lessees ("NTL"), was an illegal rule because it created exemptions from regulatory requirements but was not published and presented to the public for evaluation and comment as required by the Administrative Procedures Act ("APA").  The NTL purported to allow BP and other operators to wholly waive inclusion of a "blowout scenario," including the analysis of the maximum duration and flow rate of a blowout, as well as the time to drill a relief well and the potential for surface intervention such as divers and equipment to cap the well.  The NTL also ostensibly allowed reliance by oil operators on wildly exaggerated regional oil spill response plans for their worst case analysis.  In the complaint, Plaintiffs sought declaratory and injunctive relief, including review of all deepwater permits relying on the NTL, and an award of their attorneys' fees and costs.

On June 18, 2010, a new Notice to Lessees was issued by MMS which (1) formally rescinded the illegal NTL; (2) required all new requests for exploratory drilling plans to include a "blowout scenario" and further analysis of the worst case oil spill; and (3) required that deepwater permits subject to the moratorium and relying on the former NTL be reviewed.  NTL

2

No. 2010-N06 (attached as Exhibit 1).  Recent reporting reveals that the agency is actually implementing the reforms outlined in the new NTL.

Therefore, it appears that most if not all of the substantive relief sought in Plaintiffs' prayer for relief has been provided by Defendants, leaving only the award of Plaintiffs' attorneys' fees and costs in dispute.  Plaintiffs have brought challenges to individual exploration plans in the Fifth Circuit Court of Appeals.  Those challenges continue and will address claims regarding the deficiencies in particular regulatory actions.  Accordingly, Plaintiffs assert that the Associations' motion is moot.

To the extent that the Court finds any substantive aspect of Plaintiffs' complaint remains to be addressed, we submit that the subject matter is intimately tied to the subject matter of the MDL.  Plaintiffs have requested injunctive relief which would require a showing of many of the same facts at issue in other MDL proceedings.  For example, Plaintiffs have alleged irreparable injury due to the dangers inherent in deepwater drilling, the increased risks of blowouts in deepwater drilling, the frequency of blowouts, the difficulty of stopping a blowout in deepwater or of drilling a relief well, and the unavailability and inadequacy of spill response equipment.  These are all issues central to the negligence and economic damages claims involved in the MDL.

Civil actions "involving one or more common questions of fact" may be coordinated or consolidated under MDL litigation.  28 U.S.C. § 1407(a).  Here, this action shares many factual issues in common with the cases in the MDL, and these issues are central to apportionment of liability and damages in those cases.  For example, if the Court finds that the use of the original NTL was illegal, this finding may well impact the claims for punitive damages, public nuisance and similar claims now pending in the MDL.

BP has recognized this connection. In a parallel case in the MDL filed by Plaintiffs challenging the government's approval of BP's regional oil spill response plan (which included the Deepwater Horizon site), BP has sought intervention. *Gulf Restoration Network, Inc. v. U.S. Dept. of Interior, et al.,* Case No. 2:10-cv-01630 (hereinafter "Oil Spill Response Plan Case"). In its motion, BP sttated:

> The April 20, 2010 incident at the Deepwater Horizon rig and the Regional OSRP [Oil Spill Response Plan] central to Plaintiffs' Complaint are the subject of numerous lawsuits pending against BP. Any precedential effect of an adverse judgment or factual findings related to BP's Regional OSRP would potentially impair BP's ability to protect its interest in related pending and future litigation against BP, as well as potential regulatory matters.

[D.E. 475-1 at p. 9]. BP, a defendant in the majority of the MDL cases, argued that it could only protect its rights through a properly developed record in the Oil Spill Response Plan Case, which is also an Administrative Procedures Act case. *Id.* at n. 3.

The Oil Spill Response Plan Case involves the adequacy of BP's response preparation and its analysis of the possible worst case scenario. It was this response plan that BP relied on to avoid proper analysis of blowouts and worst case spills in the exploratory plan for the Deepwater Horizon. The NTL purported to authorize this reliance on regional oil spill response plans in exploratory plans where the worst case spill in the regional plan was larger than any spill expected at the site. The NTL also claimed to waive inclusion of the "blowout scenario." Accordingly, the NTL was a component of the chain of events which led to the Deepwater Horizon blowout.

Both this case and the Oil Spill Response Plan Case allege similar irreparable injury and request injunctive relief. As such, both turn on the resolution of shared factual disputes. As BP

4

admitted, those issues are central to related pending litigation. As such this case should continue as part of the MDL.

## CONCLUSION

WHEREFORE, Plaintiffs request that the Associations' motion to deconsolidate and transfer this case to its original judge be DENIED as moot and the case be allowed to proceed to a determination of the award for Plaintiffs' attorneys' fees and costs. In the alternative, this case should be allowed to proceed to a decision in this division as part of the MDL.

Respectfully submitted this 7th day of September, 2010.

                                                *s/* Alisa Coe_____
Alisa A. Coe
La. Bar No. 27999
Monica K. Reimer
Fl. Bar. No. 0090069
Admitted *Pro Hac Vice*
David G. Guest
Fla. Bar. No. 267228
Admitted *Pro Hac Vice*
Earthjustice
111 S. Martin Luther King Jr. Blvd.
Tallahassee, FL 32302-1329
Phone: (850) 681-0031
Facsimile: (850) 681-0020
acoe@earthjustice.org

Joel Waltzer
La. Bar No. 19268
Waltzer & Associates
3715 Westbank Exprwy, Ste. 13
Harvey, LA 70058
Office: (504) 340-6300
Facsimile: (504) 340-6330
joel@waltzerlaw.com

and

                                      Robert Wiygul
                                      La. Bar No. 17411
                                      Waltzer & Associates
                                      1011 Iberville Drive
                                      Ocean Springs, MS  39564
                                      Office: (228) 872-1125
                                      Fax:  (228) 872-1128
                                      robert@waltzerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010 I caused a copy of the foregoing to be served through the Court's CM/ECF system to all parties.

                                                            s/ Alisa A. Coe
                                                               Attorney