# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010 | ) ) ) ) ) ) |
| | MDL Docket No. 2179 |
| | Section: J |
| This Document Relates to: No. 10-1497, No. 10-1630 | ) ) ) ) ) ) ) |
| | Judge Barbier |
| | Mag. Judge Shushan |

**Federal Defendants' Response to Motion to Intervene to Modify the Court's July 12, 2010 Interim Protective Order and June 21, 2010 Case Management Order**

<u>Introduction</u>

Federal Defendants[1] in the above-numbered cases, <u>Gulf Restoration Network Inc. et al. v. Salazar et al.</u>, No. 1497, filed May 18, 2010 ("<u>Gulf Restoration Network I</u>"), and <u>Gulf Restoration Network Inc. et al. v. Department of the Interior et al.</u>, No. 1630, filed June 3, 2010 ("<u>Gulf Restoration Network II</u>"), hereby respond to the Motion to Intervene to Modify the Court's July 12, 2010 Interim Protective Order and June 21, 2010 Case Management Order.   <u>In re: Oil Spill</u>, No. 10-1156, Dkt. # 271 (E.D. La. filed July 12, 2010) (hereinafter, "Motion to Intervene").

Federal Defendants believe that events that have occurred since the Motion to Intervene

---

[1] The named defendants in the two actions are the Secretary of the Department of the Interior, the Assistant Secretary for Land and Minerals Management, and the Director and Regional Director of the Bureau of Ocean Energy Management, Regulation, and Enforcement, and the

was filed have rendered the motion moot, but submit this response in the event that the Court believes that action on the motion is appropriate.   Federal Defendants take no position on the motion insofar as it requests intervention. However, for the reasons discussed more fully in Federal Defendants' motion to sever,[2] and reproduced in part here, Federal Defendants oppose the application of the proposed protective order to the Gulf Restoration Network cases, and request that any protective order entered by this Court specifically exclude them.

Background and Procedural Posture[3]

On May 18, 2010, Plaintiffs Gulf Restoration Network, Inc. and Sierra Club, Inc. filed an action in the Eastern District of Louisiana against certain of the Federal Defendants. Gulf Restoration Network I, No. 10-1497, Dkt. #1.   The case asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h, and seeks declaratory and injunctive relief, based upon a 2008 Notice to Lessee that MMS issued to oil and gas lease holders and operators in the Gulf of Mexico.   Id. ¶¶ 40-50.   The case was assigned to Judge Engelhardt in Section "N" of this District.

On June 3, 2010, the same plaintiffs filed a separate action against certain federal officials alleging that MMS's approval of British Petroleum's ("BP's") 2009 Gulf of Mexico Regional Oil Spill Response Plan violated the Oil Pollution Act of 1990 ("OPA") and Section 706 of the APA, 5 U.S.C. § 706. Gulf Restoration Network II, No. 10-1630, Dkt. #1, ¶¶ 13-23,

---

United States Department of the Interior.

[2] See In re: Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010, No. 10-2179 (E.D. La.) (hereinafter "In re: Oil Spill"), Federal Defendants' Motion to Sever Cases Brought Pursuant to Administrative Procedure Act Cases from MDL or, in the Alternative, to Assign Such Cases to Separate Tracks, filed Sept. 7, 2010, Dkt. #174.

[3] The procedural history for the two Gulf Restoration Network cases is set forth more fully in the motion to sever, see supra, Dkt. # 174.

46-50. The case was assigned to Judge Barbier, in Section "J" of the Eastern District of Louisiana.

On June 21, 2010, Judge Barbier consolidated the <u>Gulf Restoration Network II</u> case with cases before him that arose out of the Deepwater Horizon explosion, fire, or spill pending a ruling on transfer and coordination by the Judicial Panel on Multidistrict Litigation ("JPML"). <u>See</u> <u>Gulf Restoration Network II</u>, No. 10-1630, Dkt. #13 (June 21, 2010 Interim Case Management Order), ¶¶ 1-2.   The lead case in the consolidated cases before Judge Barbier was <u>Roshto, et al. v. Transocean, et al.</u>, No. 10-1156, a negligence action brought against BP and Transocean by the family of a roustabout killed during the Deepwater Horizon explosion. <u>Roshto, et al. v. Transocean, et al.</u>, No. 10-1156, Dkt. #1.   Pursuant to the Interim Case Management Order ("ICMO"), the Court appointed Interim Liaison Counsel to coordinate communications with the Court; stayed the defendants' obligations to file responsive pleadings; provided for the BP Defendants to make documents available to all plaintiffs pursuant to a letter agreement between BP counsel and Plaintiffs' liaison counsel (entered as an exhibit to the ICMO)[4] and subject to a protective order to be approved by the Court in the future[5]; and provided that other defendants would "make the same corresponding sets of documents available along the same time-line."   ICMO, ¶¶ 3-4, 6.   By its terms, the ICMO applied only until the JPML issued a decision on transfer and consolidation pursuant to 28 U.S.C. § 1407.   <u>Id.</u> ¶ 1.

---

[4] The letter provided that subject to certain limitations, BP would place in a depository all documents it had produced to the Marine Board of Inquiry and congressional committees. Letter from R. Keith Jarrett to James Parkerson and Roy and Stephen Herman dated June 11, 2010, <u>In re: Oil Spill</u>, No. 10-1156, Dkt. #134-1 (E.D. La.).

[5] The interim protective order ("IPO"), which Movants also seek to modify, was approved on July 12, 2010. Order Protecting Confidentiality, <u>In re: Oil Spill</u>, No. 10-1156, Dkt. #269 (E.D. La.).

On July 12, 2010, certain plaintiffs in actions filed outside the Eastern District of Louisiana that also arose out of the Deepwater Horizon explosion and spill ("Movants") moved to intervene in the <u>Roshto</u>-consolidated cases for purposes of objecting to the ICMO and the IPO.  Mot. to Intervene, <u>In re: Oil Spill</u>, No. 10-1156, Dkt. #271 (E.D. La.).[6]  Movants' proposed protective order provided for "interim limited multi-jurisdictional document production" pending the JPML's decision and set forth procedures for confidentiality designations by a producing party and objections thereto, inadvertent disclosures, and the control and use of a unified document depository for all document production in the consolidated cases. <u>In re: Oil Spill</u>, No. 10-1156, Dkt. #271-20, ¶¶ 1-2, 7-9, 13-14.   The order contemplates that the parties will submit a "formula for sharing the cost of maintaining" the depository.   <u>Id.</u> ¶ 14.

On August 10, 2010, the JPML issued a transfer order centralizing seventy-seven Deepwater-Horizon-related actions and transferring to the Eastern District of Louisiana designated related actions that were pending in other districts. Transfer Order, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. # 1, at 3 (E.D. La.).   Neither <u>Gulf Restoration Network I</u> nor <u>Gulf Restoration Network II</u> was included as part of the JPML's Order.[7]   On the same day, Judge Barbier entered a pretrial order setting an initial conference and specifying various procedures to govern the

---

[6] A hearing on the motion is now scheduled for September 16, 2010.   <u>See</u> Amended Pretrial Order #3, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. #21 (E.D. La.).

[7] Although the Movants' actions also were not listed on Schedule A of the Court's Transfer Order, Transfer Order, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. # 1 (E.D. La.), they presumably will be able to join the action under the standards set forth in Paragraphs 2 and 3 of Pretrial Order Number 1, rendering their Motion to Intervene moot. Pretrial Order #1, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. #2, ¶ 2 (order applies to all related cases filed in E.D. La. and any tag-along actions "later filed in, removed to, or transferred to this Court"); <u>id.</u> ¶ 3 (any tag-along cases will be automatically consolidated).

actions transferred by the JPML.   Pretrial Order #1, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. #2.[8]

The pretrial order addressed the preservation of evidence and the filing of discovery requests.

<u>Id.</u> ¶¶ 14, 15.   The order stayed the defendants' time to file responsive pleadings and listed the

duties and responsibilities for plaintiffs' and defendants' steering committees. <u>Id.</u> ¶¶ 8, 17, 18.

   On August 12, 2010 Judge Engelhardt *sua sponte* transferred the <u>Gulf Restoration</u>

<u>Network I</u> case to the MDL and Judge Barbier.   Order, <u>Gulf Restoration Network I</u>, No.

10-1497, Dkt. #41.   On August 13, 2010, this Court consolidated certain cases, including <u>Gulf</u>

<u>Restoration Network I</u> and <u>Gulf Restoration Network II,</u> with the MDL action as "related" cases.

Order, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. #15 (E.D. La.).   On the same day, the Court entered a

separate order deconsolidating all cases that had been previously consolidated under the June 21

ICMO.   Order, <u>In re: Oil Spill</u>, No. 10-2179, Dkt. #21 (E.D. La.).

   On August 23, 2010, Defendant-Intervenors in the <u>Gulf Restoration   Network I</u> case

filed a motion to deconsolidate and transfer that case back to Section "N."   Intervenors' Motion

to Deconsolidate Civil No. 2:10-1497 and Transfer the Case to Its Original Judge, <u>In re: Oil</u>

<u>Spill</u>, No. 10-2179, Dkt. # 59.   Federal Defendants did not oppose the motion to deconsolidate,

and took no position regarding the request to transfer the case.   On September 7, Plaintiffs in the

<u>Gulf Restoration Network I</u> case opposed the motion to deconsolidate and transfer.

<u>Argument</u>

   Because the ICMO by its terms expired on August 10, 2010, when the JPML issued a

transfer order in this MDL action, there is no need for this Court to modify the ICMO.

Similarly, the IPO no longer applies except to the parties to the letter agreement between BP and

---

[8] The order has since been modified in various respects not relevant here.

Plaintiffs' liaison counsel, who have voluntarily consented to be bound by its terms.

To the extent the Court decides either to enter the protective order sought by Movants, or to issue some other protective order that will be generally applicable in the MDL, Federal Defendants request that any such order should specify that the <u>Gulf Restoration Network</u> cases are exempt from the order.   Any order that imposes document production or other discovery-related obligations, such as a pro rata share of costs for collective discovery expenses, would not properly apply to either of the APA cases.[9]

This Court's review of the agency actions challenged respectively in <u>Gulf Restoration Network I</u> and <u>Gulf Restoration Network II</u> will necessarily be based upon the Department of the Interior's administrative record for each action.   The APA directs courts to "review the whole record or those parts of it cited by a party" in order to determine whether the agency action comports with the statute's standards.   5 U.S.C. § 706.   A court's review is confined to the record before the agency at the time of its decision.   <u>Fla. Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743 (1985); <u>Camp v. Pitts</u> , 411 U.S. 138, 143 (1973); <u>Save Our Wetlands, Inc. v. Conner</u>, No. 98-3625, 2000 WL 1010255, at *4 (E.D. La. July 20, 2000) (citing <u>Sabine River Auth. v. U.S. Dep't of the Interior</u>, 951 F.2d 669, 678 (5th Cir. 1992)) ("Where conflicting evidence is before the agency, <u>the agency and not the reviewing court</u> has the discretion to accept or reject from the several sources of evidence.'") (emphasis added); <u>Save Our Wetlands v. Julich</u>, Civ. No. 01-3472, 2002 WL 59401, at *3 (E.D. La. Jan. 15, 2002) (same).   Because of the APA's narrow scope of review, discovery is improper; "the focal point for judicial review should be the

---

[9] An order requiring the United States to bear any share of costs for discovery conducted by other litigants would require express statutory authority.   <u>Lane v. Peña</u>, 518 U.S. 187, 192 (1996) (waiver of sovereign immunity against the United States must be "unequivocally

administrative record already in existence, not some new record made initially in the reviewing court."  Camp, 411 U.S. at 142; Medina County Envtl. Action Ass'n v. Surface Transp. Bd., 602 F.3d 687, 706 (5th Cir. 2010); Avoyelles Sportsmen's League v. Marsh, 715 F.2d 897, 905 (5th Cir. 1983); Joseph G. Moretti, Inc. v. Hoffman, 526 F. 2d 1311, 1312 (5th Cir. 1976); see also Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting APA cases from initial disclosure requirements).   It is therefore the administrative record, and not the Federal Rules' concept of "relevance," that defines the scope of a federal agency's obligations to preserve and produce documents.

Because it would be improper, absent special circumstances not alleged here, to permit discovery in the APA cases in the first instance, it would likewise be improper to vest Federal Defendants with the burden of any discovery costs that apply globally in the MDL cases. For the foregoing reasons, to the extent that the Motion to Intervene is not moot, Federal Defendants request that any protective order entered by this Court in the MDL specifically exclude Gulf Restoration Network I, Case No. 10-1497, and Gulf Restoration Network II, Case No. 10-1630.

Dated: September 8, 2010                Respectfully Submitted,

                                      IGNACIA S. MORENO
                                      Assistant Attorney General
                                      Environment and Natural Resources Division

                                     *s/ Kristofor R. Swanson*
                                    KRISTOFOR R. SWANSON
                                    Col. Bar No. 39378
                                    United States Department of Justice
                                    Environment and Natural Resources Division
                                    Natural Resources Section
                                    P.O. Box 663
                                    Washington, D.C. 20044-0663
                                    (202) 305-0248/(fax)(202) 305-0506

expressed in statutory text").

JIM LETTEN
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (28671)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras St., Ste. 210B
New Orleans, LA 70130
Tele: (504) 680-3047
Fax: (504) 680-3184
Peter.Mansfield@usdoj.gov

      I hereby certify that on this 8th day of September, 2010, I electronically filed the foregoing FEDERAL DEFENDANTS' RESPONSE TO MOTION TO INTERVENE TO MODIFY THE COURT'S JULY 12, 2010 INTERIM PROTECTIVE ORDER AND JUNE 21, 2010 CASE MANAGEMENT ORDER, with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: Alisa A. Coe, David G. Guest, Monica K. Reimer, Robert Wiygul, and Joel Waltzer.  The CM/ECF system will also send a notice of electronic filing to Interim Liaison Counsel for the consolidated cases: Stephen J. Herman, James Parkerson Roy, Don K. Haycraft, Donald Godwin, Deborah D. Kuchler, Phil Wittmann, and Kerry Miller.

    *s/ Kristofor R. Swanson*
KRISTOFOR R. SWANSON, Trial Attorney