**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on April 20, 2010 | * | |
| | * | SECTION: "J" |
| | * | |
| | * | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: | * | |
| Civil No. 2:10-cv-01630 | * | |
| *Gulf Restoration Network, et al., v.* | * | |
| *U.S. Dep't of the Interior, et al.* | * | |
| | * | |

*********************************************

### PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE
### FILED BY BP EXPLORATION & PRODUCTION, INC.

    Plaintiffs, Gulf Restoration Network, Inc. and Sierra Club, Inc. respond to BP Exploration & Production, Inc.'s motion for leave to intervene. [Doc. 475; Case 2:10-cv-01156-CJB-SS]. Plaintiffs do not oppose BP's motion to intervene but assert that conditions should be imposed on intervention.

### INTRODUCTION

    This case challenges the U.S. Department of the Interior's approval of British Petroleum's 2009 Gulf of Mexico Regional Oil Spill Response Plan ("OSRP") which grossly

1

exaggerates that company's oil spill response and recovery capabilities in the event of a major blow-out during the drilling of a deep water exploration well.

An approved OSRP is a statutory requirement for companies that seek to explore for oil in the Gulf of Mexico. 33 U.S.C. § 1321(j)(5)(A). A federal lessee, such as BP, must calculate the volume of the "worst-case discharge" and then provide a description of the response equipment that will be used to contain and recover the discharge "to the maximum extent practicable." 30 C.F.R. § 254.26(a)&(d). "Maximum extent practicable" means "within the limitations of available technology, as well as the physical limitations of personnel, when responding to a worst case discharge in adverse weather conditions." 30 C.F.R. § 254.6. The lessee must also calculate "effective daily recovery capacities" of the response equipment that will be used to recover the oil. 30 C.F.R. § 254.26(d)(1). The sum of the listed response equipment's daily "effective daily recovery capacity" consitutes the total amount of oil that the lessee projects it can recover from an uncontrolled blowout.

In July, 2009, BP's Gulf of Mexico Regional Oil Spill plan was approved by then MMS's Gulf of Mexico OCS Regional Office. That Regional Plan includes three worst case discharge scenarios: a) for a pipeline that is within 10 miles of shoreline; b) for its Thunder Horse operations which involve drilling and production of oil on Mississippi Canyon Lease 778; and c) for exploratory drilling rig operations in the Mississippi Canyon 462 lease. The exploratory drilling rig scenario is for drilling in deep water 33 miles from the Louisiana shoreline.

Based on the anticipated size and productivity of the oil reservoir, BP estimated that the "highest capacity well uncontrolled blowout volume associated with [the] exploration well" would be 250,000 barrels of oil per day. It also represented that the response equipment it listed in its plan would have the capability of recovering, under adverse weather conditions, 491,721

2

barrels of oil per day.  BP also claimed that it could disperse approximately 5500 to 7600 barrels of oil per day using chemical dispersants based on an assumption that the dispersants would be 90% effective.

At the time BP made these representations, it was known that the ability to contain and recover oil at sea (where deep water drilling is located) is at best minimal and at worst negligible (*i.e*., at best only 10-15% of spilled oil is contained and/or recovered and often considerably less) and that historically the application of dispersants is effective on only 33 percent of the oil that is treated.  This OSRP was the OSRP in effect at the time of the Deepwater Horizon explosion and subsequent oil spill.

In the memorandum accompanying its motion, BP argues that intervention is warranted because:

> Plaintiffs' Complaint contains numerous allegations about representations in BP's Regional OSRP, including purported representations that BP "could recover 197% of the daily discharge from an uncontrolled blowout of 250,000 barrels per day." Compl. ¶ 9 (emphasis omitted).  The April 20, 2010 incident at the Deepwater Horizon rig and the Regional OSRP central to Plaintiffs' Complaint are the subject of numerous lawsuits pending against BP.  Any precedential effect of an adverse judgment or factual findings related to BP's Regional OSRP would potentially impair BP's ability to protect its interest in related pending and future litigation against BP, as well as potential regulatory matters.

Doc. 475-1, page 9.[1]

## ARGUMENT

### INTERVENORS AND THE GOVERNMENT
### SHOULD BE REQUIRED TO COORDINATE THEIR BRIEFING

---

[1] BP's motion [Doc. 475] and memorandum [Doc. 475-1] were filed at the time pleadings in this case were being filed in *In re: Deepwater Horizon*, Consolidated Case No. 10-1156.

Rule 24(a)(2) permits intervention as of right if the motion is timely, if the party possesses an interest in the subject matter of the action, if disposition of the action may impair or impede the applicant's ability to protect that interest, and the applicant's interest must not be adequately represented by existing parties to the litigation. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002). Plaintiffs agree that movants have met the requirements for intervention. However, the court has broad discretion to subject intervention to appropriate conditions or restrictions. *See* Rule 24, Advisory Committee Note ("An intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"; *see also McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 n.7 (5th Cir. 1970). Therefore, plaintiffs request that BP and the government be required to coordinate with the government to avoid duplicative briefing.[2]

## CONCLUSION

WHEREFORE, plaintiffs request an intervention order that requires BP and the government to coordinate in order to avoid duplicative briefing.

Respectfully submitted this 8th day of September, 2010.

                                                *s/* Alisa Coe_____
                                                Alisa A. Coe
                                                La. Bar No. 27999
                                                Monica K. Reimer
                                                Fl. Bar. No. 0090069
                                                Admitted *Pro Hac Vice*
                                                David G. Guest
                                                Fla. Bar. No. 267228
                                                Admitted *Pro Hac Vice*

---

[2] Given their experience in other oil spill related litigation, plaintiffs anticipate that there will be additional intervenors in this action. If so, plaintiffs request that this order be extended to include those intervenors.

        Earthjustice
        111 S. Martin Luther King Jr. Blvd.
        Tallahassee, FL 32302-1329
        Phone: (850) 681-0031
        Facsimile: (850) 681-0020
        acoe@earthjustice.org

        Joel Waltzer
        La. Bar No. 19268
        Waltzer & Associates
        3715 Westbank Exprwy, Ste. 13
        Harvey, LA  70058
        Office: (504) 340-6300
        Facsimile: (504) 340-6330
        joel@waltzerlaw.com

        and

        Robert Wiygul
        La. Bar No. 17411
        Waltzer & Associates
        1011 Iberville Drive
        Ocean Springs, MS  39564
        Office: (228) 872-1125
        Fax:  (228) 872-1128
        robert@waltzerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September I caused a copy of the foregoing to be served through the Court's CM/ECF system to all parties.


                s/ Alisa A. Coe
                      Attorney