UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ) MDL NO. 2179 ) ) SECTION: J ) ) |
| This Document Relates To: | ) JUDGE BARBIER ) MAG. JUDGE SHUSHAN |
| ALL CASES | ) ) |

## APPLICATION OF CHRISTOPHER A. SEEGER FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

This Application is submitted in accordance with Pre-Trial Order No. 1: Setting Initial Conference, dated August 10, 2010 ("CMO No. 1"), in support of the application of Christopher A. Seeger for appointment to the Plaintiffs' Steering Committee for this MDL proceeding.

I am a founding partner of Seeger Weiss LLP, an approximately thirty-lawyer firm with offices in several states. Throughout my career, I have focused on the representation of injured people and businesses in complex individual, mass, and class action litigation. In doing so, I have represented plaintiffs through all phases of a broad spectrum of litigation, including environmental and toxic exposures, products liability, commercial disputes, asbestos exposure, consumer fraud and protection, personal injury and medical malpractice, securities fraud, and antitrust actions.

### Anticipated Involvement in This MDL Proceeding

Since being personally contacted by concerned and affected clients within days of the Deep Water Horizon explosion, I have served as the partner-in-charge for our firm's litigation concerning the spill and its resulting environmental disaster. In addition, my partners Jeff Grand and David Buchanan have been, and will continue to be, extensively involved as this litigation matures. I expect that the Deep Water Horizon litigation will be one of my (and our) primary litigation responsibilities over the next several years. Further, through my deep experience in other MDL proceedings in this District involving many of the same counsel and firms involved here—*e.g., In re Chinese Drywall Litig.* (E.D. La., MDL No. 2047) and *In re Vioxx Products Liability Litig.* (E.D. La., MDL. No. 1657)—I am confident that I can be a valued and significant member of the

leadership for this MDL. Moreover, my continuing responsibilities in other matters will not conflict with the immediate and extensive work required by this MDL.

In the instant litigation, Seeger Weiss represents, by individual retainer agreements, several hundred gulf-coast individuals and businesses that have been specifically and significantly harmed by the Deepwater Horizon spill. Those individuals and businesses coincide with the range of industries and claimants expected to press their claims in this MDL proceeding, namely, commercial fisherman, merchants, vendors, hotel and restaurant interests, and property owners. While many of these clients will undoubtedly avail themselves of the Gulf Coast Claims Facility, it is anticipated that these plaintiffs may need to press their claims against responsible parties in these MDL proceedings to attain complete relief.

At present, Seeger Weiss is plaintiffs' counsel in three actions claiming spill-related losses: *D&H Outfitters, LLC v. BP, PLC, et al.*, 2:10-CV-01556, E.D. La.; *Dugas v. BP, PLC*, 2:10-CV-01322, E.D. La.; and *Lockridge v. BP, PLC, et al.*, 1:10-CV-00233-CG-N, S.D. Ala. Numerous additional cases have been prepared for filing, but have been held in abeyance pending the Court's case management guidance and clarity concerning the Gulf Coast Claims Facility.

Beyond my involvement in the above cases, I have been actively involved in numerous meetings, telephone calls, and conference calls with and among counsel in other actions against BP and others related to the spill concerning litigation strategy, organization of counsel, and MDL considerations. Further, I have collaborated with Plaintiffs' Liaison Counsel concerning the matters raised in CMO No. 1, the initial case management conference, discovery matters, and the pre-conference position statement. In addition, my partners, Jeff Grand and David Buchanan, have been asked to assist Liaison Counsel in matters relating to electronic discovery, and are doing so.

I have likewise spoken with and otherwise communicated with Mr. Feinberg concerning the parameters and procedures for the Gulf Coast Claims Facility. Though the details of the claims facility are still being defined, I expect that the management of this MDL will require great interaction and cooperation among the PSC, Mr. Feinberg, and the facility's administrators.

### Experience, Ability to Cooperate, and Availability of Needed Resources

In CMO No. 1, the Court highlighted several considerations relevant to its evaluation of individual counsel's membership on the Plaintiffs' Steering Committee. As set forth below, my

extensive experience in other MDL proceedings—and history of cooperative and successful efforts in such MDLs—and specific commitment to my firm's many clients that were impacted by the Deep Water Horizon spill affirm my request to the Court for appointment to this PSC.

Cases such as the instant MDL pose enormous substantive, logistical, and resource challenges on appointed counsel. Over the years, I have consistently risen to and met those challenges, assuming integral substantive roles and supplying the necessary resources to achieve favorable results for our clients.[1] In addition, through my appointments in numerous cases, I have developed extensive experience working collaboratively and cooperatively with both my fellow plaintiffs' counsel (many of whom are involved in the instant MDL) and counsel for the defense. By virtue of my frequent involvement in state court proceedings that parallel those in various MDLs, I have experience coordinating issues among MDL courts and litigants with those in and among various state court proceedings and litigations. In several high profile litigations, I have assumed leadership roles in both federal and state proceedings to facilitate federal-state cooperation.

Though my involvement and experience in MDL proceedings is extensive, as this MDL proceeding encompasses claims and extensive counsel involvement from this region, I highlight below my involvement in three MDL proceedings in this court, each of which was presided over by Judge Eldon Fallon. In the most recent, *In re Chinese-Manufactured Drywall Products Liability Litig.* (E.D. La., MDL No. 2047), I serve as a Court-appointed member of Plaintiffs' Steering Committee and Chair of the Trial Committee. While my firm is active in all phases of the litigation (*e.g.,* general case management, discovery, expert development, etc.), I was lead and co-lead trial

---

[1] The firm's resources, experience, and reputation for leadership and tenacious advocacy has resulted in my appointment as lead counsel, liaison counsel, and appointment to plaintiffs' steering and executive committees, in a variety federal multidistrict litigations throughout the United States, *e.g., In re Chinese-Manufactured Drywall Products Liability Litig.* (E.D. La., MDL No. 2047) (PSC); *In re Vioxx Products Liability Litig.* (E.D. La., MDL. No. 1657) (Co-Lead); *In re Vytorin/Zetia Marketing, Sales Practices & Products Liability Litig.* (MDL No. 1938) (Co-Liaison Counsel); *In re Zyprexa Products Liability Litig. (E.D.N.Y., MDL No. 1596)* (Liaison Counsel); *In re Fosamax Products Liability Litig.* (S.D.N.Y., MDL No. 1789) (Liaison Counsel and PSC); *In re Gadolinium-Based Contrast Agents Products Liability Litig.* (MDL No. 1909) (N.D. Ohio, Plaintiffs' Executive Committee); *In re MCI Non-Subscriber Tel. Rates Litig.,* (S.D. Ill., MDL No. 1275) (PSC); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices, and Relevant Products Liability Litig.* (S.D. Ill., MDL 2100) (PSC); *In re Bextra and Celebrex Marketing Sales and Products Liability Litig.* (N.D. Cal., MDL No. 1699) (PSC); *In re PPA Products Liability Litig.* (MDL No. 1407) (PSC); *In re Propulsid Products Liability Litig.* (E.D. La., MDL No. 1355) (PSC); and *In re Rezulin Products Liability Litig.* (S.D.N.Y., MDL No.1348) (PSC).

counsel in the first two bellwether trials before Judge Fallon. Both trials resulted in plaintiffs' victories, awarding remediation damages to several affected homeowners and providing a framework for broader relief in the litigation. Similarly, in the *In re Vioxx Products Liability Litig.* MDL proceedings (E.D. La., MDL. No. 1657), I served as Co-Lead Counsel and a member of the three person Plaintiffs' Executive Committee. There, I and my firm oversaw case management, discovery and expert development, and were extensively involved in federal-state coordination of proceedings, having also served as Liaison Counsel in the New Jersey state court proceedings. Similar to my involvement in *Chinese Drywall,* I also served as lead trial counsel in early bellwether trials, the result of which was a $47.5 million verdict for plaintiffs. In addition, I was a member of the negotiation committee that negotiated the landmark $4.85 billion global resolution of Vioxx-related claims against Merck & Co. Finally, in the *In re Propulsid Products Liability Litig.* MDL proceeding (E.D. La., MDL No. 1355), I served as a member of Plaintiffs' Steering Committee and was active in all aspects of discovery, pre-trial preparations, and expert development.

## Conclusion

With this application, I represent that I am fully and personally committed to serving on the Plaintiffs' Steering Committee for this MDL proceeding and prosecuting the actions within this MDL to their conclusion. I back that commitment with the labor and other resources of my firm that are necessary to make that happen. Based on my experience generally, and my involvement in this litigation to date specifically, I am confident that I have the knowledge and experience necessary to substantially aid the prosecution of plaintiffs' claims herein.

Dated: September 9, 2010

Respectfully submitted,

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, New York 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
E-mail: cseeger@seegerweiss.com