UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on April 20, 2010 | * | |
| | * | SECTION: "J" |
| | * | |
| | * | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: | * | |
| Civil Case Nos. 10-1497 and 10-1630 | * | |
| | * | |

*********************************************

**PLAINTIFFS GULF RESTORATION NETWORK, INC. AND SIERRA CLUB, INC.'S REPLY
TO FEDERAL DEFENDANTS' RESPONSE
TO MOTION TO INTERVENE TO MODIFY COURT'S JULY 12, 2010 INTERIM
PROTECTIVE ORDER AND JUNE 21, 2010 CASE MANAGEMENT ORDER**

The motion at issue is a motion for leave to intervene in Case No. 10-1156 by plaintiffs in related cases in other jurisdictions that had not yet been transferred into or consolidated with this court's *Deepwater Horizon* proceeding. [D.E. 275; Case No. 10-1156]. By Conditional Transfer Orders issued by the Judicial Panel on Multidistrict Litigation, all of those cases have now been transferred to the Eastern District of Louisiana and assigned to the Honorable Judge

1

Carl J. Barbier, [*In re: Oil Spill by the Oil Rig "Deepwater Horizon in the Gulf of Mexico, on April 22, 2010,* MDL-2179, CTO-1 (filed August 24, 2010; CTO-2 (filed August 31, 2010); CTO-4 (filed September 8, 2010), rendering the motion to intervene moot.[1]  Similarly, the substantive relief that the movants sought – an interim protective order to address concerns related to the court's case management order in Case No. 10-1156 – is moot as well since a new case management order will be issued by this court pursuant to its authority as the transferee court for MDL-2179.  [D.E. 2; 16; MDL-2179].  Federal defendants acknowledge that the motion is moot, [D.E. 187, pp. 1-2], a fact recognized by the other parties in the MDL litigation, none of which filed a response.

Nevertheless, the federal defendants use their response to argue for affirmative relief on issues related to the public law cases in which they are defendants.  That relief includes a finding that these cases will "necessarily" be decided based on a record compiled solely by the agency; that no discovery will be allowed; and that therefore the federal government cannot be ordered to bear discovery costs based on its sovereign immunity.  [D.E. 187, Case No. MDL-2179, pp. 6-7].  Gulf Restoration Network and Sierra Club contend that the issues raised by the federal defendants are not yet ripe for this court's consideration because: 1) no answers have been filed in these cases; 2) BP has moved for intervention in the case on the ground that the facts and law in this case are inextricably tied to the other cases in MDL-2179;[2] 3) that despite the federal

---

[1] One stated basis for intervention was that the movants' cases and the cases in consolidated case number 10-1156 shared common issues of fact which would make them suitable for inclusion in MDL
-2179.

[2] In its motion to intervene, BP stated: "Plaintiffs' Complaint contains numerous allegations about representations in BP's Regional OSRP, including purported representations that BP 'could recover 197% of the daily discharge from an uncontrolled blowout of 250,000 barrels per day.' Compl. ¶ 9 (emphasis omitted).  The April 20, 2010 incident at the Deepwater Horizon rig and the Regional OSRP central to Plaintiffs' Complaint are the subject of numerous lawsuits

2

government's claims there are a number of circumstances that may warrant discovery and supplementation of the record in the public law cases; and 4) the issues raised will not be ripe for determination until issues are joined, an administrative record is filed, examined, and if necessary, contested, and there is an opportunity for full briefing on the arguments made by federal defendants within the specific factual context of the case.

## ARGUMENT

The federal defendants' argument rests on the premise that there is never discovery or supplementation of the record in an administrative record review case. Because that premise is faulty, their request for relief should be denied. For example, discovery and even trial testimony and evidence may be allowed in Administrative Procedure Act cases where it is needed to supplement an incomplete or deficient record. *Citizen Advocates For Responsible Expansion, Inc. v. Dole,* 770 F.2d 423, 437 (5th Cir. 1985) (where agencies failed to develop adequate reviewable administrative record to support decision not to prepare an Environmental Impact Statement ("EIS"), evidence developed at trial could be used to determine whether EIS was necessary). This is particularly true where a statute contains a substantive duty to perform an adequate environmental analysis and a court may have to look to outside evidence to determine if that analysis is sufficient. *Sierra Club v. Peterson,* 185 F.3d 349, 369-70 (5th Cir. 1999) (approving district court's decision to hold trial in case brought under environmental management statute where record was wholly inadequate). An administrative record may also be supplemented by documents normally shielded by the deliberative process privilege based on a determination by a court that there is sufficient need for disclosure after balancing the competing

---

pending against BP. Any precedential effect of an adverse judgment or factual findings related to BP's Regional OSRP would potentially impair BP's ability to protect its interest in related pending and future litigation against BP, as well as potential regulatory matters." [D.E. 475-1, page 9, Case No. 10-1156].

interests and taking into account factors such as the relevance of the evidence, the availability of other evidence, the seriousness of the litigation, the role of the government and the possibility of future timidity by government employees. *In re Sealed Case*, 121 F.3d 729, 737-38 (D.C. Cir. 1997) (quoting *In re Subpoena Served Upon Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992)); *New York v. Salazar*, 701 F.Supp.2d 224 (N.D.N.Y. 2010) (record could be supplemented with pre-decisional documents where process used by Department of Interior to make determination that 13,000 acres of land should be taken and placed in trust for Indian tribe was challenged as exercise of unbridled discretion resulting in violations of due process).[3]

Because these cases have not reached the point at which this court can make a determination that circumstances exist permitting supplementation of the record or discovery, the issues raised by the federal defendants is not ripe for review at this time.

## CONCLUSION

WHEREFORE, plaintiffs request that this court deny the relief sought by the federal defendants in their response, without prejudice for those defendants to raise their issues at a more appropriate point in this proceeding.[4]

Respectfully submitted this 10th day of September, 2010.

*s/* Alisa Coe_____
Alisa A. Coe
La. Bar No. 27999
Monica K. Reimer
Fl. Bar. No. 0090069
Admitted *Pro Hac Vice*

---

[3] Supplementation of the record with decisional documents is currently being litigated in *Ensco Offshore Co. v. Salazar*, Case No. 10-1941, E.D. La. [D.E. 50-1; Case No. 10-1941].

[4] The federal defendants have filed a motion to sever the public law cases which is scheduled to be heard by this court on September 29, 2010. [D.E. 174, MDL-2179]. That motion relies on many of the same arguments made in their response to the motion to intervene.

David G. Guest
Fla. Bar. No. 267228
Admitted *Pro Hac Vice*
Earthjustice
111 S. Martin Luther King Jr. Blvd.
Tallahassee, FL 32302-1329
Phone: (850) 681-0031
Facsimile: (850) 681-0020
acoe@earthjustice.org


Joel Waltzer
La. Bar No. 19268
Waltzer & Associates
3715 Westbank Exprwy, Ste. 13
Harvey, LA  70058
Office: (504) 340-6300
Facsimile: (504) 340-6330
joel@waltzerlaw.com

and

Robert Wiygul
La. Bar No. 17411
Waltzer & Associates
1011 Iberville Drive
Ocean Springs, MS  39564
Office: (228) 872-1125
Fax:  (228) 872-1128
robert@waltzerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September I caused a copy of the foregoing to be served through the Court's CM/ECF system to all parties.


        s/ Alisa A. Coe
           Attorney