UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig    * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf  * | |
| of Mexico, on April 20, 2010    * | SECTION: J |
|                                  * | |
| Applies to: *All Cases*.         * | JUDGE BARBIER |
|                                  * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

PRE-TRIAL ORDER NO. \_\_\_\_

[CASE MANAGEMENT ORDER NO. 1]

Considering the need for organization of this complex litigation, as well as the suggestions of counsel at a conference on September 16, 2010, and the instructions of the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1.  It is hereby **ORDERED** as follows:

I.      **APPLICABILITY OF ORDER**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant

to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

II.     **FILING OF CASE MANAGEMENT ORDER NO. 1**

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

III.    **PLEADING BUNDLES**

This proceeding is hereby separated into the following Pleading Bundles for purposes for the filing of complaints, answers and any Rule 12 motions. The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

> A.  **Personal Injury and Death**. Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010. Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.
>
> B.  **Private Individuals and Business Loss Claims.** These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

    B1.    **Non-Governmental Economic Loss and Property Damages**. This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.

    B2.    **RICO Claims**. Any claims brought pursuant to RICO will be pled collectively and uniformly in a separate Consolidated Class Complaint.

    B3.    **Medical Monitoring and Post-4/20/10 Personal Injury Claims.** These claims will be pled separately and uniformly in a Master Complaint.

C.    **Public Damage Claims.** These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints; however, counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the desirability of a Master Complaint for governmental claims. Plaintiffs' Liaison Counsel shall thereafter discuss the desirability of a Master Complaint with Defense Liaison Counsel and report to the Court by October 15, 2010.

D.    **Injunctive and Regulatory Claims.** These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief will

each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

**D1.** **Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.

**D2.** **Claims Against the Government or any Government Official or Agency.** These claims will be pled separately and uniformly in a Master Complaint.

E. **Designation of Subsequently-Added Cases.**

All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this court shall be assigned to a Pleading Bundle as outlined in this section.

IV. **TIMING FOR FILING OF PLEADING**

A. **Filing of Complaints.**

Master Complaints, as designated above, shall be filed by December 15, 2010. In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown).

B. **Defendants' Responses.**

Defendants' shall each file separate Answers to the Master Complaints, and all other complaints or amended complaints not previously answered, by January 15, 2010, regardless of whether any motions to dismiss are brought pursuant to Federal Rules of Civil Procedure

12(b)(1), 12(b)(6) or 12(c), with the exception that cases for which Rule 12(b)(2) motions are filed, no answer will be due prior to resolution of such motions. Prior to the briefing and hearing of any Rule 12(b)(2) motions, the parties will be permitted to engage in jurisdictional discovery. Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6) or 12(c) motions shall be filed by February 15, 2011. Reply Briefs shall be filed by February 28, 2011. The Court will set oral argument on such motions as soon thereafter as the Court deems appropriate. Any third-party complaints or cross-claims by Defendants must also be filed by January 15, 2010.

**C.     RICO Pleadings.**

All RICO claims shall be identified to Defendants' and Plaintiffs' Liaison Counsel within 10 days of the date of this Order. A Consolidated RICO Class Complaint and Consolidated Case Statement will be filed by December 15, 2010. Defendants shall file and Answer or any Rule 12(b) or 12(c) motions to dismiss RICO claims by January 15, 2011. If an answer is filed or motions to dismiss are denied, any discovery exclusive to RICO Claims shall be deferred pending further order of this Court.

**D.     Claims in Transocean's Limitation Action**

In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas by order of that Court dated August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010. Said Orders of the Southern District of Texas Court are hereby amended to extend said claims date to February 1, 2012. All claims in the Limitation action are to be filed in member case 10-2771 as per the Court's August

Page 5

24, 2010 order.

## V.     DISCOVERY

### A.     Defendants' Initial Disclosures

Defendants' Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) will be served upon Plaintiffs' Liaison Counsel by November 1, 2010, (unless a different date is indicated below).  The Defendants Rule 26 Initial Disclosure will include the following:

1. <u>Documents and information, including electronically stored information ("ESI"), which have been produced to the Coast Guard / MMS / Marine Board Investigation, or to any Congressional Committee or Sub-Committee</u>.  Electronically-stored documents or other data will be produced in native format, or other reasonably usable form.  The parties will work cooperatively to agree on an acceptable format.  Hard copy paper documents will be produced in searchable .pdfs or .tiffs with Summation and/or Concordance load files.  Documents and electronically-stored information subsequently produced to such governmental entities will be produced contemporaneously to Plaintiffs' Liaison Counsel.

2. <u>Initial disclosure of certain relevant documents</u>.  Defendants will produce the following documents as part of their Rule 26(a) disclosures: insurance policies; declaration sheets; drilling contracts; lease agreements; charter agreements; and indemnity agreements; reservations of rights letters; AFEs; all drilling and or completion protocols, engineering and similar documents; well plans; joint operating and exploration agreements; pre-explosion filings with the MMS; identity, nature, and description of any safety mechanism or emergency shut-off

valve, system, or mechanism with a full account of the intended functional capability, maintenance performed or scheduled, inspections and known problems of the same; design specifications of the Deepwater Horizon; and emails and electronic data to, from and about the actions on the rig or with respect to the well for a period 60 days prior to the blowout.

      3. <u>Persons with Knowledge and Employee Testimony</u>. The areas of knowledge of each individual identified under Rule 26(a)(1)(A)(i), together with relevant information as to each person's position within or relationship to the Defendant (or other party or entity); the areas of responsibility and /or authority within the Defendant (or other party or entity);  his or her immediate supervisor, as well as those employees whom they supervise, manage, or direct;  the area of knowledge and expertise of each such witness; a brief description of where the individual witness was during the 24-hour period prior to the explosion of the Deepwater Horizon;  (to the extent relevant) where each witness was and what his or her job responsibility was at the moment of said explosion, (and/or) what the person's job responsibility has been in connection with the clean-up and/or well-control.  Included within such disclosures, each Defendant shall provide the identity (including name, address, telephone number, and job title or job description) of any employee of the respective defendant who has provided testimony to the Marine Board of Investigation or to the United States Congress in connection with the casualty of April 20, 2010 at the Macondo Well.  Defendants shall also attach a written transcript of any such testimony to the disclosures.

      4. <u>Organizational charts</u>.  Defendants' organizational charts in effect from January 2010

through the present.  As it pertains to the Deepwater Horizon, these charts should be delineated by both position and name and should include the person's full name, their position(s), and their location during the 48 hour, 24 hours, 12 hour, 6 hours, and 3 hours preceding the April 20, 2010 explosion.   Defendants should also include the chart at the moment of the explosion.

6. Privilege logs.  Privilege logs relative to any documents redacted and/or withheld served contemporaneously with Defendants' Rule 26(a) disclosures.

7. Environmental Samples.  Defendants shall disclose the existence, nature, time, location, custodian, testing, analysis and/or results of any and all water, oil, soil, air, tissue and/or other environmental samples which have been taken or collected to date.

8. Root Cause Analyses. Defendants shall produce any and all internal or independent root cause analysis and/or self-critical analysis regarding the cause and/or causes of the *Deepwater Horizon* blow-out, explosion, fire and/or resulting oil spill, including any and all drafts of the foregoing, (including, but not limited to, any and all partial drafts, initial drafts, or other drafts of BP's *Deepwater Horizon* Accident Investigation Report).

9. Defendants' Networks.   Defendants' Information Systems (IS), Management Information System (MIS) and/or Information Technology (IT) manuals and/or protocols, including schematics and/or diagrams of the portions of their computer networks which may contain discoverable ESI, and the identification (with job title and location) of persons most knowledgeable regarding same.  (Due October 15, 2010)

10. Retention policies.  Defendants' document and ESI retention and destruction policies

from 2005 through the present.  (Due October 15, 2010)

11. <u>Additional electronically-stored information</u>.  The location(s) of documents and electronically-stored information which are not produced in connection with the expanded disclosures, but are described therein.

  **B.** **Phase I Discovery.**

    **1.** **Jurisdiction**

In the event that any named Defendant challenges jurisdiction by motion pursuant to Rule 12(b)(2), discovery limited to jurisdictional issues shall proceed expeditiously thereafter.  With respect to any defendant objecting to personal jurisdiction, the discovery obligations set forth herein will be imposed in the event that personal jurisdiction is established, to commence expeditiously upon order of the Court.

    **2.** **Blow-Out Liability, Limitation and Related Issues**

For discovery focused on the activities and events leading up to and including April 20, 2010, the following deadlines apply:

    October 15, 2010: Plaintiffs' initial written discovery requests served.

    December 1, 2010:  Defendants' responses to initial requests served.

    January 15, 2011: Fact Deposition Discovery Commences

    June 1, 2011: Exchange of Expert Reports on Limitation Issues.

    June 30, 2011: Expert Rebuttal Reports (if any).

    July 1 - July 15, 2011: Depositions of Limitation Experts.

>August 1, 2011: *Daubert* Motions (if any).
>
>September 1, 2011: Limitation Trial
>>(limited solely to whether Transcoean is entitled to limitation or exoneration - other issues as to liability, including compensatory and punitive damages deferred until a later date)
>
>February 1, 2012: Revised Monition Date

Notwithstanding the deadlines recited above, Plaintiffs may, at any time, seek summary judgment on issues relating to exoneration or limitation.

### 3. Environmental Samples (and Related Issues)

Separate from the Disclosures outlined above, the parties anticipate that additional discovery relating to environmental sampling will be primarily in the form of third-party *subpoenas* and/or FOIA requests directed primarily to U.S. and State Agencies. Such discovery may commence immediately. The parties shall also meet and confer with one another and, to the extent appropriate, with third parties, regarding the preservation and/or testing of physical samples which have been collected and maintained.

### 4. Claims Facility

Plaintiffs reserve the right to seek, during this initial discovery phase, production, by *subpoena* or discovery request, of all contracts or other commutations between BP and Feinberg Rozen, and Feinberg Rozen's internal guidelines, protocols or other documents prepared by, in whole or in part, by Feinberg Rozen, the Escrow Fund, the Fund Trustees,

and/or the Claims Facility. Plaintiffs also believe that they will seek any and all GCCF claims data, documents and other information. Such discovery may commence at any time after the entry of this Order.

        **5.**      **Information Systems and Management Information Systems**

Should Defendants object to any discovery requests propounded to them based upon claims of undue burden or that responsive information is not reasonably accessible, Plaintiffs may immediately thereafter commence discovery regarding such claims.

    **C.**    **Written Discovery Requests**

Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to seventy-five (75) Interrogatories.

**VI.**    <u>**TEST CASES**</u>

    **A.**    **OPA**

By March 1, 2011, the Plaintiffs Steering Committee shall identify four actions brought under the Oil Pollution Act which will serve as test cases for liability and damage issues. The Court shall issue a scheduling order for those four test cases.

    **B.**    **Personal Injury**

By June 1, 2011, the Plaintiffs Steering Committee shall identify two individual actions – one wrongful death and one non-physical injury – which will serve as test cases on all issues relevant to the claims asserted by the plaintiffs therein. Discovery with respect to these two

cases will commence immediately thereafter.  The Court shall issue a scheduling order for the trial of these two test cases, to be conducted within six months of when the Limitation issue is determined by this Court, whether by trial or by summary adjudication.

### C. *Robins Dry Dock*

By June 1, 2011, the Plaintiffs Steering Committee shall identify two actions brought under the General Maritime Law which will serve as test cases for liability and damage issues. The Court shall issue a scheduling order for these two test cases.

### VII. STAY OF CLASS ACTION MOTION PRACTICE AND DEADLINES

Local Rule 23.1 and motion practice and discovery on class certification issues is hereby stayed for all cases until further order of this Court.

### VIII. CLARIFICATION OF PRESERVATION REQUIREMENTS

Section 14 of PTO No. 1 is clarified to expressly compel the preservation of any and all documents, electronic data, and other information provided to, or generated within, the Gulf Coast Claims Facility (GCCF).

### IX. ANTICIPATED ADDITIONAL PRE-TRIAL ORDERS

The parties shall, within 15 days of the entry of this Order, meet to confer in good faith to negotiate the following joint and stipulated, to the extent possible, pre-trial orders: (i) Protective Order, (ii) Deposition Protocol, (iii) Document Production Protocol, (iv) E-Discovery Protocol, and (v) Protocol for the Service of Pleadings and Discovery, whether *via* Lexis-Nexis File & Serve or otherwise.  Such proposed orders shall be filed with the Court within 30 days of the

date of this Order.

In addition, the parties shall meet and confer regarding the desirability and feasibility of an order facilitating the direct filing of actions into the MDL.

Plaintiffs' Liaison Counsel shall also submit a proposed order governing the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

## X.    FILING OF PLEADINGS

All motions, requests for discovery or other pre-trial proceedings with respect to plaintiffs shall be initiated by and/or coordinated through the PSC, and filed by and through Plaintiffs' Liaison Counsel.  If the PSC does not support the motion, discovery or other proceeding, then it shall include a certificate of non-support attached thereto.

## XI.   SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER

This Order may be amended by Order of the Court in the event that Congress legislates or directs amendments regarding any issue (including, but not limited to, the availability of an exoneration/limitation defense) that affects any portion of the Deepwater Horizon litigation.

Further, the provisions of this Order are provisional and may be modified on the in the interests of justice, expedience or judicial economy on Court's own motion or motion by the parties for good cause shown.

New Orleans, Louisiana this _____ day of September, 2010.

_____
**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**