09-13-10 Draft Subject to Client Approval

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER # _____ (CASE MANAGEMENT ORDER # 1)

Considering the need for organization of this complex litigation, as well as the suggestions of counsel at a conference on September 16, 2010, and the instructions of the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1. It is hereby **ORDERED** as follows:

### I.    APPLICABILITY OF ORDER

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in

295789

1

this Court or transferred or removed to this Court.  This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

## II.  FILING OF CASE MANAGEMENT ORDER NO. 1

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

## III.  PLEADING BUNDLES

This proceeding is hereby separated into the following Pleading Bundles for the purposes of filing of complaints, answers and any Rule 12 motions (**note that these Pleading Bundles are not for the purposes of establishing separate discovery tracks**):

    **A.**    **Personal Injury and Death**. Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010.  Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.

    **B.**    **Private Individuals and Business Loss Claims.** These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

295789

    **B1.** **Non-Governmental Economic Loss and Property Damages**. This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims. Economic loss claims and property damage claims will be pled separately and uniformly in a Master Complaint and, in the case of state law claims, shall identify the state under whose law the claim is made and whether economic loss that is not associated with property damage is among the damages claimed.

    **B2.** **RICO Claims**. This Pleading Bundle will include all claims brought pursuant to RICO and will be pled collectively and uniformly in a separate Consolidated Class Complaint.

    **B3.** **Post-4/20/10 Claims.** This Pleading Bundle will include claims related to post 4/20/10 clean up efforts and will be pled separately and uniformly in a Master Complaint.

**C.** **Public Damage Claims.** These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall initially not be included in any other Pleading Bundles or Master Complaints; however, Government counsel shall meet and confer among themselves and with Plaintiffs' Liaison counsel to discuss the desirability of a

295789

Master Complaint for Governmental claims. Plaintiffs' Liaison Counsel shall thereafter discuss the desirability of a Master Complaint with Defense Liaison counsel and report to the Court by October 1, 2010..

D. **Injunctive and Regulatory Claims.** These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief against such action or authority will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

D1. **Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.

D2. **Claims Against the Government or any Government Official or Agency.** Two such cases exist at present: *Gulf Restoration Network v. Salazar I and II*, 10-1497 and 10-1630, are APA cases. There is a pending motion to intervene in one of the cases by BP (Gulf Restoration II), a motion by the Federal Defendants to sever both APA cases from the MDL action, and a motion by Defendant-Intervenors in one of the Cases (Gulf Restoration I) to deconsolidate and transfer that case. These cases' present posture is such that Liaison Counsel has no present recommendation for handling them. Defense counsel in those cases believe it is best to defer

any CMO action related to these cases until resolution of the pending motions.

    E.    **Designation of Subsequently-Added Cases.**  All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle as outlined in this section by agreement of Liaison Counsel, and in the event of disagreement, by the Court upon motion by any affected party.

    F.    **Pleading Bundles are Provisional.**  The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

## IV.  TIMING FOR FILING OF PLEADINGS

The stay of the deadlines for filing responsive pleadings set forth in Pretrial Order No. 1 (Rec. Doc. 2) remains in effect, except as follows.

    A.    **Filing of Complaints**

Master Complaints, as designated above, shall be filed by December 15, 2010.  In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown by the pleader).  This paragraph does not apply to the Limitation Petitioners, Triton Asset Leasing Gmbh, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU Deepwater Horizon.  Nothing herein shall alter the separate obligations of the Limitation Petitioners or claimants to comply with Limitation orders.

    B.    **Defendants' Responses**

Defendants shall each file separate Answers and/or motions to dismiss in response to the Master Complaints by January 31, 2011, and, until further order of the Court, are relieved of any obligation to file any further responsive pleading in response to those complaints and amended complaints filed in cases which are included in the pleadings bundle reflected in a Master Complaint. As to any complaint or amended complaint which is not subject to a Master Complaint, and not previously answered, Defendants shall each file Answers and/or motions to dismiss in response thereto by January 31, 2011. As to any Answer and/or motion to dismiss filed prior to entry of this CMO in a case that is not subject to a Master Complaint, defendants may amend their answers and motions to dismiss freely and without the necessity for leave of court prior to January 31, 2011.

In cases where a Master Complaint has been filed, defendants shall be required to respond only to the Master Complaint and shall not be required to file individual answers to the individual cases contained within that pleadings bundle. A Master Answer to an unbundled complaint or complaints raising similar allegations may be filed by a Defendant. Any defendant who files a Rule 12 motion to dismiss shall not be required to file a Master Answer until the Court rules on all such motions of defendants. Within thirty (30) days after the Court issues the last of its orders resolving all Rule 12 motions (against a defendant who has brought a Rule 12 motion to dismiss in any of the pleadings bundles) defendants shall file a Master Answer (to the extent that claims against that defendant were not dismissed).

C.   **RICO Pleadings**

All RICO claims shall be identified to Defendants' and Plaintiffs' Liaison Counsel by December 1, 2010. A Consolidated RICO Class Complaint and Consolidated Case Statement will be filed by December 15, 2010. Defendants shall file an Answer or any Rule 12(b) or 12(c)

295789

motions to dismiss RICO claims by January 31, 2011. If an answer is filed or motions to dismiss are denied, any discovery exclusive to RICO Claims shall be deferred pending further order of this Court.

### D. Claims in Transocean's Limitation Action

In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas by order of that Court signed August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010. Said Orders of the Southern District of Texas Limitation Court are hereby amended to extend said claims date to January 31, 2011. All claims in the Limitation action are to be filed in member case 10-2771, as per the Court's August 24, 2010 order.

### E. Motion Practice

Motions to Dismiss shall be filed on or before January 31, 2011. Opposition Memoranda are to be filed by March 15, 2011. Any Reply Memoranda are to be filed by March 29 2011. The Court will hear oral argument on Motions to Dismiss on Wednesday, April 13, 2011, at 9:30 a.m.

## V. DISCOVERY

### A. Initial Disclosures

In light of the discovery plan to be issued in this MDL, the parties in all cases in this proceeding are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)(2).

### B. Stay of Discovery

Pursuant to the Court's Pretrial Order # 1 (Rec. Doc. 2), all discovery shall remain stayed, except as follows.

### C. Disclosures and Productions of Documents by Defendants

295789

Defendants shall make the following productions of documents and disclosures of information within the time periods allotted below.

### 1. Productions of Documents (Generally)

Consistent with this Court's "Order Protecting Confidentiality" signed July 12, 2010, in Civil Action No. 10-1156, Plaintiffs' Interim Liaison Counsel shall ensure that no documents referenced below, whether in hard copy or electronic format, shall be disclosed or released to any person or entity until such person or entity has agreed in writing to be bound by this Court's confidentiality order.  All written documents that BP, Halliburton, Transocean, Cameron, and Anadarko and MOEX have produced in response to a subpoena or formal request of the Marine Board of Investigation or of Congress in connection with the casualty of April 20, 2010 at the Macondo Well shall be produced by them to Plaintiffs and Defendants within fifteen (15) days of entry of a supplemental order with respect to the file format for document productions (as set forth below).  Plaintiffs and Defendants shall attempt to agree on a file format for producing such documents electronically so that Plaintiffs can import the documents into their own document depository, as follows:

    a. Plaintiffs shall provide Defendants with a single, uniform requested format for producing the documents referenced in this section on or before October 15, 2010.

    b. On or before October 22, 2010, Defendants shall either accept plaintiff's proposed file format or attempt to agree with plaintiffs on an alternative file format.

    c. If the parties are unable to agree on a file format for Defendants' production of the above-referenced documents within seven days of the

submission by Plaintiffs to Defendants of a requested file format, the matter shall be submitted to the Court for a determination of an appropriate file format for the production.

After the initial production of documents in accordance with the preceding provisions, documents produced by a Defendant in response to a subpoena or formal request of the Marine Board of Investigation or of Congress in connection with the April 20, 2010 casualty at the Macondo Well shall be provided to Plaintiffs within fifteen (15) days of production of documents to the Marine Board of Investigation or to Congress.

### 2. Insurance and Indemnity Agreements

On or before November 30, 2010, all Defendants shall produce any insurance or separate indemnity agreement (or portion of any agreement containing indemnity provisions as between the defendants), subject to redactions by the Defendant producing the documents of proprietary and confidential commercial information in such documents, under which an insurance business or any other party may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### 3. Employee Testimony to MBI or Congress

On or before November 30, 2010, each Defendant shall disclose in writing the identity (including name, address, telephone number, and job title or job description) of any employee of that respective defendant who has provided testimony to the Marine Board of Investigation or to the United States Congress in connection with the casualty of April 20, 2010 at the Macondo Well. Defendants shall also attach a written transcript of any such testimony (if available and in the possession of defendants) to the disclosures.

### D. Disclosures and Production of Documents by Plaintiffs

On or before December 10, 2010, each counsel of record for one or more Plaintiff in this proceeding shall provide Plaintiffs' Liaison Counsel with a list of the names and addresses of all plaintiffs represented by each counsel, a general description of the claim and a computation of each category of damages claimed, whether such claims have been presented to the BP claims facility or to the Gulf Coast Claims Facility, and the disposition of same (i.e., if paid and if so, the amount).

Plaintiffs' Liaison Counsel shall then organize and compile such information for production in an electronic format within ten (10) days thereafter.

E.     **Master Discovery Requests**

The Court has considered the existence of the various document repositories put into place by agreement between certain Plaintiffs' Counsel and certain of the Defendants who were already appearing as parties in interest before Congressional committees and before the Marine Board of Investigation. In view of the substantial agreed-upon discovery that has already taken place concerning the factual issues involving the blowout, fire, explosion, and ensuing oil spill, the Court agrees that Plaintiffs may submit a single set of Master Interrogatories, not to exceed 20 in number, and a single set of Master Requests for Production of Documents, not to exceed 20 in number (collectively, "Master Discovery"), to defendants on or after December 10, 2010. Within sixty (60) days of receiving Master Interrogatories or Master Requests for Production of Documents, each Defendant shall separately respond to such discovery requests in accordance with the Federal Rules of Civil Procedure. Although the Court understands that by this Master Discovery date pleadings may not be settled, all cases may not be transferred to this MDL proceeding, and all Defendants may not have been served with a Master Complaint, the Court believes that such discovery is appropriate.

295789

1. At the time that each Defendant initially responds to the Master Discovery, each defendant in any pending action served with a copy of this Order shall serve upon all counsel for Defendants and Plaintiffs' Co-Liaison counsel its answers to the Master Discovery to the defendants. These answers shall be deemed served in all pending cases, and thereafter it shall be deemed that the Defendant has served the same answers in all other subsequently-served cases. If at any time a Defendant amends or provides further answers, in whole or in part, to the Master Discovery to it, it shall serve said amended and/or further answers on all counsel for Defendants and on Plaintiffs' Liaison Counsel and said amended and/or further answers shall apply to all cases.

2. On the annual anniversary of the date upon which it served its initial responses to the Master Discovery to Defendants, each Defendant shall either (1) supplement its answers with information subsequently discovered, inadvertently omitted, or mistakenly stated in the initial interrogatory responses, or (2) serve a verified statement from defendant's most knowledgeable agent(s), officer(s), or employee(s) stating that such individual(s) has reviewed Defendant's answers to such Master Discovery and that the answers are still true and complete.

3. The Master Discovery requests of Plaintiffs must supplement—and may not duplicate—information and documents already provided by the defendants to the plaintiffs in accordance with this Order.

    4.    Plaintiffs are permitted to serve Rule 45 subpoenas on governmental non-party agencies for documents in these third parties possession that involves the catastrophe and environmental data thereafter, serving copies of such subpoenas on Defendants' Liaison Counsel and contemporaneously providing copies of all documents returned by such third parties.

Initial depositions concerning liability issues concerning the blowout, fire, explosion, and ensuing oil spill shall not commence until April 2011.  On or before January 31, 2011, the parties will meet and confer to prepare and submit to the Court on January 31, 2011, a proposal or proposals for Phase 2 Case Management Order that will include matters such as Deposition Protocol, Document Production Protocol, E-Discovery Protocol, privilege logs, personal jurisdiction discovery needs, third party subpoenas, the parties' ESI architecture, retention policies, possible test cases, incident liability fact witness identification, and the issue of discovery regarding the Gulf Coast Claims Facility.

## VI.     SUSPENSION OF CLASS ACTION MOTION PRACTICE AND DEADLINES

Local Rule 23.1 and motion practice and discovery on class certification issues is hereby suspended until a date to be set in a subsequent Case Management Order.  It is agreed that the Limitation action is not subject to class action certification.

## VII.     ANTICIPATED SCHEDULE AND CARRYING FORWARD OF PRIOR ORDERS

    A.    Paragraph 14 of PTO #1 remains in effect, as modified by subsequent orders reflecting recovery of physical evidence from the Macondo Well area.

B.  In addition, the Order Protecting Confidentiality (Record Doc. No. 269) entered in Case No. 10-1156 remains in place for current document productions as part of the parties' document repositories.

C.  Entry of a Phase 2 Case Management Order: As discussed above, the parties shall submit proposals for a Phase 2 Case Management Order. The Court envisions that the Phase 2 Case Management Order will address the following:

1.  Limitation of Liability Trial Date (late 2011 or early 2012).

2.  Scope and Number of Depositions needed for Liability Issues.

3.  The appropriateness of "test trials" for personal injury and wrongful death claims and/or "economic loss" claims and the schedule for any such test trial.

4.  The scheduling of class determination discovery and the setting of a hearing on class certification in any pleadings bundles.

5.  The scheduling of personal jurisdiction discovery, if needed.

6.  The necessity of expansion of written interrogatories, requests for production, third party discovery, and requests for admissions.

7.  The scheduling of ESI "architecture" discovery, if needed, the production of privilege logs by the parties, the issue of parties retention and destruction procedures,

8.  The expansion of discovery beyond the initial liability/causation factual discovery and the scheduling of same.

9.  The necessity of any unique discovery and scheduling issues for pleadings bundles, and the necessity of modification of existing pleadings bundles or addition of other pleadings bundles.

10. The discovery of Gulf Coast Claims Facility issues that the parties identify.

11. In this Phase 2 Case Management Order, Plaintiffs' Liaison Counsel shall submit a proposed order governing the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

New Orleans, Louisiana this _____ day of _____, 2010.

                                                    _____
                                                  CARL J. BARBIER
                                                  UNITED STATES DISTRICT JUDGE