# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig      *      MDL No. 2179
       "Deepwater Horizon" in the Gulf      *
       of Mexico, on April 20, 2010      *      SECTION: J
            *
       Applies to: *All Cases.*      *      JUDGE BARBIER
            *      MAGISTRATE SHUSHAN

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' PROPOSED CMO

Plaintiffs respectfully submit the following Memorandum in Opposition to the Memorandum in Support of Defendants' Proposed Case Management Order:

**MAY IT PLEASE THE COURT:**

It is obvious that Plaintiffs and Defendants have starkly different views of how the present MDL should proceed.  Defendants want to delay substantive progress for six to eight months, see what has occurred in the BP Claims Facility, and then, perhaps, commence the litigation.  Plaintiffs, on the other hand, believe that the parties should be moving toward trial of the limitation issue and a few test cases within a year.

With respect to the legal issues presented, just some of the fallacies in the defendants' position include:

1.    Issue has already been joined in several cases.[1]

2.    The Court has *in rem* jurisdiction over the salvage of the *Deepwater Horizon* and all claims asserted in connection with the Limitation proceeding brought by Transcocen and Triton Asset Leasing GmbH.[2]

3.    The documents and other information sought from Defendants in Plaintiffs' Proposed CMO is relevant to, and discoverable in, the Limitation proceeding and in those cases in which issue is joined – irrespective of Defendants' jurisdictional and other defenses in other cases.

4.    Defendants have already benefitted from an effective stay on most pleading and initial discovery deadlines, pending the decision of the MDL Panel.

5.    The District Court has wide discretion under Rule 16 to craft the appropriate timing and scope of discovery, particularly in complex cases.[3]

---

[1]*See, e.g.,* ANSWER, *Roshto v. Transocean, et al,* EDLA No.10-1156 [Doc 102]; ANSWER, *Johnson v. BP, et al,* EDLA No. 10-1674 [No.10-1156, Doc 186]; ANSWER, *Wittinghill v. Abdon Callais, et al,* No.10-1984 [No. 10-md-2179, Doc 112].

[2]*See* ORDER, *In re the Complaint and Petition of Triton Asset leasing GmbH,* No.10-1721 (S.D.Tex. May 13, 2010).

[3]"Although Rule 26(a)(1) defines certain information that must be disclosed, it does not limit the scope of prediscovery disclosure and exchange of information. The parties have a duty to conduct a reasonable investigation pursuant to disclosure, particularly when a party possesses extensive computerized data, which may be subject to disclosure or later discovery." MANUAL FOR COMPLEX LITIGATION, FOURTH (Fed. Judicial Center 1995) §11.13; *see also,* COMPLEX MANUAL. § 11.423 ("By stipulation or court order, the timing and content of this disclosure may be tailored to the needs of the particular case"). Indeed, even in non-complex cases, courts have the discretion to modify or amend the requirements of Rule 26(a). *See, e.g.,* <u>Flores v. Southern Peru Copper Corp.</u>, 203 F.R.D. 92 (S.D.N.Y. 2001) ("case-specific [Rule 26(a)] orders remain proper"); *see also, e.g.,* <u>In re Vioxx Products Liability Litigation</u>, No.09-30446, 2010 WL 2802352 (5th Cir. July 16, 2010) (recognizing the Court's authority to compel pre-discovery disclosures under FED. RULE CIV. PRO. 16); *citing,* <u>Acuna v. Brown & Root</u>, 200 F.3d 335, 340 (5th Cir. 2000) (affirming pre-discovery *Lone Pine* orders under Rule 16). In reaching the Interim CMO in the consolidated 10-1156 action, Plaintiffs expressly reserved **all** Rule 26 discovery (even with respect to documents made available on defendants' repositories), and that was always clear to Defendants and to the Court.

6.      The OPA presentment requirement under 33 U.S.C. §2713(a) only applies to claims "for removal costs or damages" and does not affect the jurisdiction of the Court to address other "controversies" arising under the Act.  33 U.S.C. §2717(b).  The savings clause, moreover, expressly provides that "the Act does not affect ... the jurisdiction of the district courts of the United States with respect to civil actions under admiralty and maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 33 U.S.C. §2751(e).[4]

7.      BP has expressly consented to the jurisdiction of the Court over any claims arising out of or otherwise relating to the "Vessel of Opportunity" charter agreements between BP and claimants who may be asserting loss of profits, personal injury, and/or other claims against BP and/or the other defendants.[5]

8.      BP's Gulf Coast Claims Facility has presented itself as an "independent" arbiter of not only OPA claims, but also Jones Act and other personal injury or wrongful death claims.  In addition, with respect to economic losses, BP's claims administrator (Ken Feinberg) has indicated that, in order to receive a "final payment" from the GCCF, the plaintiff would have to release not only OPA claims, but also General Maritime, State Law, and/or other compensatory and/or punitive damages claims.  The parameters and potential biases under which the GCCF is established and administered is therefore directly relevant to the informed decision of litigants deciding whether to enter the Claims Facility and/or to  execute the required release.

---

[4]*See also,* 33 U.S.C. §2718(c) ("Nothing in this chapter shall in any way affect, or be construed to affect, the authority of the United States or any State or political subdivision thereof (1) to impose additional liability or additional requirements; or (2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law, relating to the discharge, or substantial threat of a discharge of oil").

[5]*See* CHARTER AGREEMENT, Article 19 ("Any litigation arising out of or relating to the CHARTER may be brought in a court of competent jurisdiction in New Orleans, Louisiana"); CONSENT JUDGMENT, *Barisich v. BP plc, et al,* No.2:10-cv-01316 [Doc 6] (May 4, 2010), ¶7 ("The Court retains jurisdiction of this matter in the event that further proceedings hereunder become necessary"); JOINT STIPULATION, *Barisich v. BP plc, et al,* No.2:10-cv-01316 [Doc 17] (May 12, 2010), p.2 ("it is STIPULATED AND AGREED by BP that this Court retains jurisdiction over further matters arising in this proceeding").

Plaintiffs (who have actually filed suit) have no objection providing initial damage calculations to Defendants as provided in Rule 26(a). Plaintiffs' objections, rather, turn on the method and the scope of such disclosures. As to the method, it is Plaintiffs' understanding and belief that all of the preliminary damage information submitted by any litigant who enters the GCCF will already be assembled by Brown Greer, an "independent" administrator for the Claims Facility.  It seems to Plaintiffs that – subject to confidentiality and privacy protections, and reasonable cost assessments – such information can be efficiently and effectively provided to all Defendants.  As to scope, Plaintiffs do not believe that it is appropriate for Defendants to conduct discovery of Plaintiffs' *counsel,* in order to gain information about their clients who have *not* formally filed suit in the MDL. Defendants' own jurisdictional objections aside, such discovery would invade upon the attorney-client privilege, and is clearly beyond the scope of Rule 26.  Finally, Plaintiffs want to ensure that their damage calculations are treated as preliminary, and are subject to appropriate amendment or supplementation, depending on the information which may come to light regarding the long-term environmental, health, tourism, or other effects of the spill.

Hence, under Plaintiffs' proposal: **(a)** those who have filed suit and also made a claim to the GCCF would provide initial disclosures, at Plaintiffs' cost, subject to confidentiality and privacy protections, prepared by Brown Greer; **(b)** those who have filed suit, but who have not made a claim to the GCCF, would provide standard initial disclosures under Rule 26(a); but **(c)** no disclosures would be required from or regarding persons who have neither filed a lawsuit nor made a GCCF claim.

## <u>Conclusion</u>

For the above and foregoing reasons, Plaintiffs respectfully submit that the Defendants'
Proposed CMO be rejected, and that Plaintiffs' Proposed Case Management Order No. 1 be adopted
and entered as a formal order of the Court.

This <u>14</u><sup>th</sup> day of <u>September</u>, <u>2010</u>.


Respectfully submitted,

|                              |                              |
|------------------------------|------------------------------|
|  /s/ Stephen J. Herman |  /s/ James Parkerson Roy |

**Stephen J. Herman**, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com

*Plaintiffs Liaison Counsel.*

**James Parkerson Roy**, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Memorandum will be electronically filed into the record using the Court's EFC filing system;

IN ADDITION, the Memorandum will be served, *via* E-MAIL, upon all known counsel of record with cases relating to the Deepwater Horizon explosion, fire and resulting oil spill, including those pending in, or subject to transfer to, the MDL.

This 14th day of September, 2010.


   /s/  Stephen J.  Herman and James Parkerson Roy

Page 6