UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, April 20, 2010* ) ) ) | MDL No. 2179 Section: J |
| This Document Relates to: ) All Cases ) | HON. JUDGE BARBIER MAG. JUDGE SHUSHAN |

## APPLICATION OF GARY E. MASON FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

Gary E. Mason requests that the Court appoint him and his firm, Mason LLP, to the Plaintiffs' Steering Committee for MDL 2179 and respectfully files this application for appointment to the Plaintiffs' Steering Committee. In support thereof, he states as follows:

A. **The Work Counsel Has Done In Identifying or Investigating Potential Claims in the Action.**

Mason LLP began its representation of fishermen, business and property owners impacted by the spill within days of the incident. The Firm immediately organized a coalition of leading national and regional firms with extensive litigation and environmental experience. Drawing on my experience representing the Alaska Natives Class in the *Exxon Valdez* litigation, and my experience litigating claims under the Oil Pollution Act of 1990 ("OPA") in numerous other oil spill cases, I was able to immediately start advising spill victims of their rights and was contacted by lawyers from various law firms for guidance on OPA. I subsequently organized and moderated a series of bi-weekly conference calls to discuss the BP claims process. Between 50 and 90 attorneys attended each of these calls. I was invited to make a presentation on OPA at an HB conference which took place in Atlanta on June 26, 2010, and I have been invited to speak about the legal precedents set by the *Exxon Valdez* litigation at an upcoming HB conference in Miami on November 4, 2010. I have closely followed all developments in this matter by, among other things, actively participating in several plaintiffs' counsel list servers, attending a meeting with Michael Rozen in New Orleans, attending and participating in the developments of the arguments presented at the MDL hearing in Boise, Idaho on July 29, 2010, and participating in meetings leading up to the filing of Plaintiffs' Proposed CMO No. 1. I have also spent a significant amount of time consulting with spill victims, both in person and telephonically, in Panama City, Florida, Gulf Shores, Alabama, and Ocean Springs, Mississippi. We have filed commercial

1

fisherman only class actions in the Southern District of Alabama and the Western District of Louisiana.[1] On July 27, 2010, on behalf of Class Representative Captain Lockridge, we filed a Memorandum in Opposition to BP's and Halliburton's Motions to Dismiss. We presently represent more than 100 fishermen, area businesses and property owners who claim economic losses due to the spill. We have also filed claims with BP (now GCCF) on behalf of several of our clients, including area businesses with substantial economic losses.

**B.   Counsel's Experience in Handling Class Actions, Other Complex Litigation and the Types of Claims Asserted in the Action.**

I have nearly 20 years of experience litigating complex class actions and mass torts, with particular emphasis on oil spill litigation and defective products.[2] After a federal judicial clerkship with the Honorable Andrew J. Kleinfeld in the United States District Court for the District of Alaska, and two years at Skadden Arps Slate Meagher & Flom, I joined Cohen Milstein Hausfeld & Toll in 1990 specifically to work on *In re The Exxon Valdez*. I represented the Alaska Native Class until we settled their claims on the eve of trial in 1995. I have subsequently served as lead or co-lead counsel on two oil spill cases involving OPA, both of which yielded frequently cited judicial opinions: *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309 (E.D. Va.) and *In re Swanson Creek Oil Spill Litig.*, No. 00-1429 [*Williams v. Potomac Elec. Power Co.*, 115 F. Supp. 2d 561] (D. Md. 2000) (rejecting defendant's contention that OPA preempts state common law causes of action to recover removal costs and damages in oil spill cases). My environmental experience also includes *Stockbridge v. Texaco*, No. 108514 (Cir. Ct., Fairfax Cty., Va.) where I represented several hundred owners of properties in Northern Virginia which lost value due to a leak from a tank farm ($50 million settlement), *In re Swanson Creek Oil Spill Litig.*, No. 00-1429 (D. Md. 2002), a class action which arose from a break of a pipeline near a branch of the Potomac River creating the largest marine oil spill in the history of Maryland ($2.2 million settlement), and *Nnadili et al. v. Chevron, U.S.A., Inc*, No. 02-cv-1620 (D.D.C.), where I represented owners and occupants of more than 100 homes in a case arising from a spill from a leaky underground storage tank at a Chevron gas station in Chillum, Maryland ($6.15 million settlement). I am a co-author (with my associate, Nicholas A. Migliaccio), of "Environmental Contamination Treatise: Overview of the Litigation Process," published in Robert Simons, WHEN BAD THINGS HAPPEN TO GOOD PROPERTY (Environmental Law Institute, 2005).

---

[1] *Captain Edward Lockridge v. BP, plc, et al.*, No. 1:10-cv-00233 (S.D. Ala.), and *Captain Eugene Dugas et al., v. BP, plc, et al.*, No. 2:10-cv-01322 (E.D. La.).

[2] For a complete resume of the Firm and its members, please visit our website at www.masonlawdc.com. Mason LLP was established in 2002 and has been nationally recognized for its work on products liability, consumer and environmental class actions and mass torts.

My experience in handling class actions involving defective construction materials is equally extensive. In *In re Chinese Manufactured Drywall Product Liability Litig.*, I represent more than 700 homeowners and I am Co-Chair of the Insurance Committee. I served as co-lead counsel in *Morris v. Osmose*, 99 Md. App. 646 (1994), a class action involving defective Fire Retardant Treated ("FRT") plywood, class counsel in *Cox v. Shell Oil Co.*, Civ. No. 18,844 (Ch. Ct., Obion Cty., Tenn., July 31, 1995) (defective polybutylene pipe; $950 million settlement), co-lead counsel in national litigation arising from defective synthetic stucco systems, or EIFS, resulting in a series of state-wide and national class action settlement, *In re Synthetic Stucco Litig.*, Civ. Action No. 5:96-CV-287-BR(2) (E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million); *Posey, et al v Dryvit Systems, Inc.*, Case No. 17,715-IV (Tn. Cir. Ct.) (Co-Lead Counsel) (national class action settlement provided cash and repairs to more than 7,000 claimants), court-appointed Class Counsel in *Galanti v. Goodyear Tire & Rubber Co.*, a class action involving defective radiant heating systems, which was resolved in 2003 with the creation of a $330 million settlement, and Co-Lead Counsel in *Adams v. Federal Materials, Inc.*, No. 5:05-CV-90TBR (W.D. Ky.), where I represented more than 350 owners of commercial and residential property whose structures were built with defective concrete ($10.1 million settlement).

I also served as court-appointed member of the Plaintiffs' Steering Committee in *In re: Department of Veterans Affairs (VA) Data Theft Litigation*, MDL Docket No. 1796, ($20 million settlement) and one of four co-lead counsel in *In re General Motors Corp. Speedometer Products Liability Litig.*, MDL 1896 (W.D. Wash.), which resulted in a settlement valued at more than $300 million. I am the court-appointed Interim Lead Counsel in *In re Google Buzz Privacy Litigation*, CV 10-00672 (N.D. Cal) (proposed $8.5 million settlement). In *Kendrick, et al., v. Progressive Direct Co., et al.*, No. 2:06-cv-00146-DLB (E.D. Ky.), I am one of four co-lead counsel prosecuting class claims against 20 insurance companies in litigation on behalf of insureds who were improperly charged taxes on their insurance premiums. Several defendants have settled resulting in refunds of millions of dollars to class members. I have also successfully resolved numerous class actions in state courts across the country, including *Lubitz v. Daimler Chrysler Corp.* (national settlement for repairs and reimbursement of repair costs incurred in connection with defective brake system; creation of $12 million fund; 7th largest judgment or settlement in New Jersey in 2007). I am licensed to practice in the District of Columbia, State of New York, State of Maryland and have been permanently admitted to the Supreme Court, the Fourth Circuit Court of Appeals and the Sixth Circuit Court of Appeals, in addition to numerous federal district courts.

### C. Counsel's Knowledge of the Applicable Law.

In addition to my decades of experience with class action and mass tort jurisprudence, I have extensive prior experience with environmental litigation, in general, and the Oil Pollution Act of 1990 in particular. As noted above, my cases have produced two frequently cited cases concerning OPA issues: *Johnson v. Colonial Pipeline Co.* and *Williams v. Potomac Elec. Power Co.* I have experience pursing economic loss claims under both the OPA claims process and under the general maritime law. I successfully briefed the issue of whether *Robbins Dry Dock* barred the subsistence claims of Alaska Natives. The court in *In re the Exxon Valdez* ruled it did not. *See In re the Exxon Valdez*, Order No. 190, 1994 WL 182856 (D. Alaska, 1994).

### D. The Resources that Counsel Will Commit to Representing the Class.

My firm has already committed considerable resources to this matter. We have committed two attorneys and a paralegal to this case and we have thus far expended more than 750 hours and incurred tens of thousands of dollars in costs. As a commitment to date makes clear, we are prepared to devote substantial time and money to this matter.

Mason LLP is prepared to fully commit the time of its four attorneys and two paralegals as may be necessary to pursue this litigation. Mason LLP routinely prosecutes cases which demand thousands of attorneys' hours and the advancement of expenses in the tens of thousands, if not hundreds of thousands, of dollars. We are prepared to make the same commitment here. As a result of my substantial experience in class actions and mass torts, in general, and oil spill litigation in particular, I believe I can make a substantial contribution to this MDL.

WHEREFORE, I respectfully request appointment to the Plaintiffs' Steering Committee.

Respectfully submitted,

Gary E. Mason
Mason LLP
1625 Massachusetts Ave., NW
Suite 605
Washington, DC 20036
P: (202) 429-2290
F: (202) 429-2294

4