UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : : | MDL NO. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO ALL CASES | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

### APPLICATION OF PERRY WEITZ, WEITZ & LUXENBERG, P.C., FOR PLAINTIFFS' STEERING COMMITTEE APPOINTMENT

Pursuant to Pretrial Order No. 1, Perry Weitz, founding member of Weitz & Luxenberg, P.C., and attorney for the Florida Restaurant and Lodging Association ("FRLA"), an association of 10,000 members that accounts for $60 billion in tourism annually, and many of its members, more than 600 menhaden fishermen, 150 Vietnamese businesses and fishermen, and a class action,[1] respectfully requests that the Court appoint him to the Plaintiffs' Steering Committee ("PSC"). The Court should grant this application because Mr. Weitz has been working on the litigation nearly full-time from the outset, is willing and available to continue to commit the time necessary to bring about a successful resolution of this MDL, has a proven ability to work cooperatively with plaintiffs' counsel, defense counsel and Gulf Coast Claims Facility ("GCCF") Administrator Kenneth Feinberg that will be necessary to resolve this litigation, has extensive professional experience and expertise in this type of litigation and has an environmental torts unit of 20 people with the breadth of experience and expertise necessary to litigate this MDL.

---

[1] *Mitchell, et al. v. BP, plc, et al.*, No. 2:10-cv-01472 (E.D. La.); *Fruge, et al. v. BP, plc, et al.*, No. 2:10-cv-01752 (E.D. La.); *Le, et al. v. BP, plc, et al.*, No. 2:10-cv-02114 (E.D. La.); and *Joe Patti Seafood Co. v. Transocean, Ltd.*, 3:10-cv-00137 (N.D. Fla.). Mr. Weitz will be filing suit shortly on behalf of the FRLA and many of its member businesses, whose tourism season has been decimated, resulting in businesses experiencing countless cancellations and sustaining other losses as a result of the oil spill.

**I.      Willingness And Availability To Commit To This Time-Consuming Project**

Mr. Weitz, with a firm of over 70 attorneys and 300 support staff, has ample resources for the PSC duties. He and his firm have been involved from the outset, with a team of seven attorneys and 10 paralegals devoted nearly full-time on behalf of their clients and all victims of the oil spill. Indeed, because of Mr. Weitz's 25-year experience working with Mr. Feinberg,[2] he assumed the leadership role of GCCF liaison with Mr. Feinberg and is negotiating the GCCF protocols and claims processing procedures. Finally, Mr. Weitz is committed to adding as many additional attorneys and paralegals from his firm as necessary to handle the myriad duties of the PSC as needs arise.

**II.     Proven Ability To Work Cooperatively With Others**

For decades, Perry Weitz has demonstrated his ability to work cooperatively with others through his work in many MDLs and other mass tort litigations, including his appointments by the Honorable Jack Weinstein as class counsel in the largest asbestos bankruptcy in history and by the Honorable Elton Fallon to the select committee to assess and recommend appropriate fee allocations for over 200 law firms involved in the *Vioxx* litigation.[3] Mr. Weitz has also led or participated in national bankruptcy negotiations resulting in over $30 billion recovered for asbestos victims.

In all of these capacities, a hallmark of Mr. Weitz's successes has been his professionalism and willingness to reach across the aisle to resolve differences among the

---

[2] Mr. Weitz has worked with Mr. Feinberg in Mr. Feinberg's capacity as asbestos special master, mediator in Silicone Breast Implant litigation and an adversary in many pharmaceutical litigations against Pfizer. Further, Mr. Feinberg appointed Mr. Weitz to the 9/11 Blue Ribbon Panel for establishing 9/11 Fund protocol.

[3] Among some of Mr. Weitz's other appointments are: Liaison Counsel in *In re Joint Eastern and Southern Districts of New York*, *New York City Asbestos Litigation for the State Supreme Court* and *New York State Breast Implant* Litigation; Lead Counsel in *Brooklyn Navy Yard and Powerhouse* Consolidated Asbestos Trials and DES Consolidated Market Share and Damages Trial; Claimants Class Counsel for *Johns Manville Limited Fund* and *Keene Limited Fund*; Creditors Committee in *Keene* Bankruptcy; and Trust Advisory Committee Member in *Keene, HK Porter, Armstrong World Industries, US Gypsum, Babcock & Wilcox, Burns & Roe, Fiberboard, Federal Mogul, Kaiser Aluminum* and *Owens Corning Fiberglass* Bankruptcies.

larger group. By way of example, Mr. Weitz negotiated a $5.1 billion settlement with current *Deepwater Horizon* interim liaison counsel and counsel for defendant Halliburton Don Goodwin, Esq. Their working relationship, while divergent regarding their stance on many legal and factual issues, was marked by mutual respect, reciprocal professional courtesies and successful negotiations in large measure because of their style of professional advocacy. Similarly, Mr. Weitz was the lead negotiator in the settlement of MDL 1358, nationwide litigation against the petroleum industry, including BP entities, for contaminating much of the nation's drinking water with the gasoline additive methyl tertiary butyl ether ("MTBE"). In that settlement negotiation, Mr. Weitz and other firm attorneys worked closely with Andrew Langan, Esq., one of the lead attorneys for the BP entities in this litigation. Again, because of Mr. Weitz's professionalism and cooperative manner, he successfully settled over 80% of the cases in MDL 1358 for over $450 million. This professional standard has defined Mr. Weitz's career as an advocate for victims of environmental and other harms, and it sets the standard for all of the attorneys at the firm.

**III.    Environmental, Mass Tort and MDL Experience**

Mr. Weitz has decades of environmental, mass tort and MDL experience that will be crucial for successfully fulfilling the PSC duties. Mr. Weitz tried some of the most significant cases in the New York asbestos litigation, and he has led Weitz & Luxenberg in successfully obtaining asbestos verdicts approaching one billion dollars. In his multiple capacities in large-scale litigations, Mr. Weitz has performed all of the responsibilities that will be required of PSC counsel here.  For example, as lead counsel in the first major consolidated asbestos trials, plus in numerous other positions in nationwide asbestos litigation, Mr. Weitz was responsible for negotiating multi-million dollar settlements,

3

presenting motions on behalf of all plaintiffs, examining fact and expert witnesses at hearings and trials, and acting as spokesperson for all plaintiffs at pre-trial proceedings. He and his firm have performed similar roles in many other MDLs.[4] Mr. Weitz also holds dozens of national litigation committee appointments and serves on numerous boards, such as the Trial Lawyers for Public Justice and the NYS Trial Lawyers Association boards.

The other attorneys at the firm working alongside Mr. Weitz have comparable experience carrying out the duties necessary of PSC counsel. His partner, Robert Gordon, Esq., who also devotes most of his time to this litigation, is one of the country's top trial attorneys and an experienced PSC counsel. Among Mr. Gordon's many accomplishments is his successful *Vioxx* trial that was instrumental in the Vioxx MDL settlement. Most recently, Mr. Gordon was on the PSC for MDL 1358 (MTBE).  Robin Greenwald, Esq., the firm's environmental torts unit chief, has been working alongside plaintiffs' liaison counsel in this MDL since their interim appointment and assisting in many aspects of this MDL. She is an accomplished environmental attorney, having spent nearly 20 years prosecuting environmental cases as an Assistant U.S. Attorney for the Eastern District of New York and as Deputy Chief for the Environmental Crimes Section at the U.S. Department of Justice. She was also Liaison Counsel in MDL 1358 (MTBE).  In these capacities, she also has performed the duties expected of PSC counsel. Finally, Mr. Weitz, Mr. Gordon and Ms. Greenwald were among the top five finalists for the 2009 Public Justice Foundation Trial Lawyer of the Year Award for their work in MDL 1358.

WHEREFORE, Perry Weitz respectfully requests that the Court appoint him and his firm to the PSC.

---

[4] Examples of some of the firm's PSC counsel participation are: MDL 1348 (Rezulin); MDL 1431 (Baycol); MDL 926 (breast implant); MDL 1769 (Seroquel); MDL 2100 (Yaz/Yasmin); and MDL 1742 (Ortho Evra).

4

Dated:  New York, New York
            September 15, 2010

                        Respectfully submitted,

                        WEITZ & LUXENBERG, P.C.

              By:    */s/ Perry Weitz*
                        Perry Weitz
                        Weitz & Luxenberg, P.C.
                        700 Broadway
                        New York, New York 10003
                        Tel.:  (212) 558-5500
                        Fax:  (212) 344-5461
                        Email:  pweitz@weitzlux.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2010, a copy of the foregoing *Application of Perry Weitz, Weitz & Luxenberg, P.C., For Plaintiffs' Steering Committee* was filed electronically with the Clerk of Court using the CM/ECF system and served on all counsel on the Panel Attorney Service list by U.S. Mail, postage prepaid and properly addressed.

*/s/ Perry Weitz*
Perry Weitz