UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) ) ) ) | MDL No. 2179<br>Section: J<br><br>Judge Barbier<br>Mag. Judge Shushan |
|---|---|---|---|

**THIS DOCUMENT RELATES TO ALL CASES**

**STATEMENT OF OPPOSITION TO THE UNITED STATES' PROPOSAL FOR SEPARATE "GOVERNMENTAL TRACK" FOR PRETRIAL PROCEEDINGS**

The Center for Biological Diversity (the "Center"), plaintiff in *Center for Biological Diversity, Inc. v. BP America, Inc., et al*, 2:10-cv-01768-CJB-SS and 2:10-cv-02454, respectfully submits this Statement of Opposition to the Court. It is the Center's position that the United States' (the "Government's") proposal for a separate "governmental track" for pretrial proceedings will not promote an efficient determination of the current multidistrict litigation ("MDL"). If, as is the case here, two actions involve predominately similar issues and discovery practice, then prudence suggests both should be placed on the same pretrial track.

The Center's case is a citizen enforcement action against BP and other entities, pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365. In this regard, the Center's role as a citizen enforcer of the Nation's environmental laws is coextensive with that of the Government's. While the United States will play its rightful part in the civil enforcement related to the Deepwater Horizon oil spill, there will be substantial overlap of discovery, motion practice, and general case management between the two enforcement actions. For instance, both parties will seek identical information in the discovery process, including the exact amount of oil and hazardous constituents discharged from the well, whether there has been a continuation of leaks, the degree of damage caused by the leak, and the reasonableness of the defendants' actions

OPP. TO U.S. PROPOSAL FOR SEPARATE "GOVERNMENTAL TRACK"  1

in operating and maintaining the well, in terms of both exploration and production. Given these and the other common aspects of the enforcement claims by the Center and the Government, creating a separate governmental track in the pretrial process will delay an efficient outcome of the MDL.

Thus, in lieu of establishing a "governmental track," the Center proposes that the Court create a "civil enforcement track" for pretrial proceedings. Such a track would accomplish two goals. First, it would efficiently resolve this MDL by coordinating the cases that have a nexus of pretrial issues, especially in terms of discovery. Second, it will permit the Government to play its rightful part in the civil enforcement actions against the defendants, as it will ensure that the United States is not prejudiced by the litigation choices of the other private tort and class action plaintiffs in this MDL. The Center recognizes that those other plaintiffs' claims are very different than enforcement actions under the Clean Water Act, and they should be separated into their own pretrial process accordingly.

The Center intends to work cooperatively with the Government throughout the duration of this MDL, as both parties have an interest in the mutual enforcement of our Nation's environmental laws.

Respectfully submitted this 14th day of September, 2010.

s/ Damon A. Kirin
Damon A. Kirin, LSBA 24729
Diliberto & Kirin, L.L.C.
3636 S. I 10 Service Rd., W., Ste 210
Metairie, LA  70001
Tel: (504) 828-1600
Fax: (504) 828-1555
kirin@attorneys-louisiana.com

Charles M. Tebbutt, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
P.O. Box 10112
470 W. Broadway
Eugene, Oregon 97440
Tel:  (541) 344-8312
Fax: (541) 344-0188
charlie.tebbuttlaw@gmail.com

Marc Fink, *pro hac vice*
Center for Biological Diversity
209 East 7th St.
Duluth, Minnesota  55805
Tel: (218) 525-3884
Fax: (817) 582-3884
mfink@biologicaldiversity.org