UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | SECTION: J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | JUDGE BARBIER |
| ALL ACTIONS | : | MAG. JUDGE SHUSHAN |
| | : | |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ENFORCEMENT OF THE BOP SHORT-TERM PRESERVATION PLAN

**MAY IT PLEASE THE COURT**:

Defendant, Transocean Offshore Deepwater Drilling Inc. ("Transocean"), respectfully submits this memorandum supporting its Motion to Compel Enforcement of the BOP Short-Term Preservation Plan.  On September 9, 2010, Transocean was notified that the Joint Investigation Team ("JIT") ordered the cessation of the short-term preservation protocol steps relating to the BOP Hot Line and Control Pods.  As more fully set forth below, the failure to timely implement such steps may result in the spoliation of key BOP evidence, including the corrosion of the control pod valves.  Transocean has objected to the JIT's current course of action to no avail, and therefore respectfully seeks an order compelling the enforcement of the short-term preservation plan.  Transocean also seeks an order accepting in to the record Transocean's objection to and evidentiary support detailing the JIT's failure to timely perform the agreed-upon BOP short-term preservation protocol.

## I. Background

On August 12, 2010, the Department of the Interior ("DOI"), on behalf of the JIT, including the U.S. Coast Guard ("USCG") and Bureau of Ocean Energy Management, Regulation, and Enforcement ("BOEM"), advised the parties in interest, including Transocean, that in anticipation of the Deepwater Horizon BOP being recovered from the ocean floor, the parties in interest should "collaborate to develop one consolidated submission" addressing a BOP preservation plan.  Exhibits A and B, attached hereto.

On August 26, 2010, Your Honor issued an Order stating that "all reasonable steps … will be taken to preserve the Deepwater Horizon's BOP and related appurtenances from further damage or deterioration during recovery, transportation and storage."  Rec. Doc. No. 99.

In furtherance of the August 26 Order, the parties in interest, including BP, Anadarko, Transocean, Cameron, Halliburton, Plaintiffs, and the United States, spent days jointly developing a BOP short-term preservation protocol to be implemented when the BOP was recovered from the ocean floor.[1]  That work culminated in the September 1, 2010 release of the document entitled, *Macondo Plug and Abandonment Project for MC252-1, Contingency: Recover BOPs with DP Inside*, which was approved and agreed to by the JIT and various parties in interest, including BOEM, USCG, Transocean and Cameron.

Attachment 15 thereto sets forth the short-term protocol procedures necessary to adequately preserve the BOP while it sits idly at the Michoud facility awaiting the finalization and implementation of a long-term testing protocol.[2]  Exhibit C, attached hereto.  Attachment 15 states: "The goal of this procedure is to displace seawater and contaminated BOP fluids within the BOP control, hydraulic operating system and well bore to minimize the effect of corrosion

---

[1] See Exhibit G, pp. 18-19, the September 3, 2010 testimony of D. Farr regarding the Joint Motion for Protective Order.
[2] Exhibit G, pp. 23-26.

once the BOP is exposed to the atmosphere," which is admittedly "accomplished by functioning the various BOP components." *Id.* at p. 63. The protocol is clear in providing that it "must be performed immediately upon retrieval of the BOP to surface." *Id.*

Once raised to the surface and secured, Attachment 15 addresses the preservation of three key BOP components: 1) the BOP Hot Line; 2) the BOP Control Pods; and 3) the Lower Marine Riser Package ("LMRP"). The BOP Hot Line and Control Pods preservation steps are set forth in detail in line items 30 ("a" through "ww") and 49 ("a" through "t"), respectively. *Id.* at pp. 65-69.

On September 3, 2010, the Court entertained oral argument on Transocean's Joint Motion for Protective Order. Rec. Doc. No. 50-1. Transocean's motion and its evidentiary support, including the testimony of Transocean naval architect and engineer Daniel Farr, specifically addressed many of its concerns regarding the short-term preservation of the BOP, and the potential for evidence spoliation if such steps were not taken.[3] Additionally, Mr. Farr testified that all of the steps set forth in Attachment 15 were to be carried out before the BOP reached the Michoud facility.[4] Neil Thompson of DNV (the JIT's BOP forensic and preservation contractor) testified on behalf of the United States. Mr. Thompson gave no indication that the Attachment 15 procedures addressing the BOP Hot Line and Control Pods would not be implemented.[5]

On September 4, 2010, the BOP was successfully raised to the surface. Over the next few days, the JIT secured the BOP, implemented the Attachment 15 short-term preservation plan, and prepared to transfer the BOP to a barge for delivery to Michoud.

## II. The JIT's Failure to Implement the BOP Hotline and Control Pods Short-Term Preservation Procedures

---

[3] Exhibit G, pp. 23-26.
[4] Exhibit G, p. 24. The Court denied the Joint Motion for Protective Order. Rec. Doc. No. 167.
[5] Exhibit G, pp. 64-66.

On September 9, 2010, Transocean received an email from David Dykes, Co-Chair Joint Marine Board of Investigation, stating the he was "directing the onsite personnel to cease with" the BOP Hot Line and Control Pods short-term preservation steps outlined in Attachment 15 (line items 30 and 49), and "immediately move to the steps for preserving the wellbore cavities." Exhibit D, attached hereto.

Immediately, counsel for Transocean, who was on location observing the BOP work, verbally objected to Mr. Dykes' directive and the FBI noted the objection in its on-scene log. Exhibit F, attached hereto.  On September 10, 2010, counsel for Transocean memorialized by email to the USCG its objection.  Exhibit E, attached hereto.

The failure to undertake the steps outlined in line items 30 and 49 of Attachment 15 to preserve the BOP Hotline and Control Pods will result in the BOP control pods not being flushed.  Exhibit F.  This action directly contradicts and violates the jointly developed goal of the short-term preservation protocol:

> The goal of this procedure is to displace seawater and contaminated BOP fluids within the BOP control, hydraulic operating system and well bore to minimize the effect of corrosion once the BOP is exposed to the atmosphere.  (This is accomplished by functioning the various BOP components)....This preservation procedure must be performed immediately upon retrieval of the BOP to surface.  Exhibit C, p. 63.

The failure to timely flush the BOP control pods may result in the pods performing differently during forensic testing than they performed at the time of the Macondo well blowout. Exhibit F.  If the pods are not flushed, they will be subjected to corrosion, and dry residue will begin to form on the shear valve slides and other internal parts.  Exhibit F.  Corrosion and residue greatly enhances the possibility that the pods will malfunction when they undergo forensic inspection.  Exhibit F.

Transocean has expressed its concerns regarding these matters to the JIT, including Mr. Dykes and Lieutenant Commander Bray, and indicated that it does not consent to the decision to skip the flushing of the control pods and other steps set forth in Attachment 15.  Exhibit F. Transocean's concerns have not been addressed, and the outstanding Attachment 15 procedures have not been completed.

## CONCLUSION

For the reasons set forth above, Transocean seeks an order compelling the enforcement of the short-term preservation protocol on or before September 18, 2010, including those procedures related to the BOP Hotline and Control Pods (Attachment 15, line items 30 and 49, including all subparts).  Furthermore, Transocean seeks an order accepting in to the record Transocean's objection to and evidentiary support (Exhibits A through G, attached hereto) detailing the JIT's failure to timely perform the aforementioned BOP short-term preservation procedures.

FRILOT L.L.C.


/s/ Kerry J. Miller
**MILES P. CLEMENTS (#4184)**
**KERRY J. MILLER (#24562)**
**PAUL C. THIBODEAUX (#29446)**
**1100 Poydras Street**
**Suite 3700**
**New Orleans, LA 70163**
**Telephone: (504) 599-8194**
**Facsimile:  (504) 599-8145**
**E-mail: mclements@frilot.com**
**E-mail:  kmiller@frilot.com**
**E-mail:  pthibodeaux@frilot.com**

**AND**

**EDWARD F. KOHNKE IV, T.A.(#07824)**
**EDWIN G. PREIS, JR. (10703)**
**PREIS & ROY**
**(A Professional Law Corporation)**
**Pan American Life Center**
**601 Poydras Street, Suite 1700**
**New Orleans, LA 70130**
**Telephone:  (504) 581-6062**
**Facsimile: (504) 522-9129**

**COUNSEL FOR TRANSOCEAN**
**OFFSHORE DEEPWATER**
**DRILLING INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading has on this 15th day of September, 2010 been served on all counsel of record in this proceeding by CM/ECF electronic filing.

/s/ Kerry J. Miller
KERRY J. MILLER