UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | : : : : : | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: | : : | |
| ALL ACTIONS | : : : | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...

### DECLARATION OF DAN FARR

I, Daniel Farr, do hereby declare:

1. I am currently employed by Transocean. My current position is Director-Newbuilds and I have been employed by Transocean for 18 years. I am also currently serving on Transocean's internal investigation team.

2. I have personal knowledge related to the short term preservation protocol that was drafted to accomplish the steps necessary to preserve the Deepwater Horizon blowout preventer stack once it was lifted to surface and before long term preservation steps are initiated. I was directly involved in drafting the short term preservation protocol and I am the Transocean representative responsible for signing and approving the short term protocol.

3. I was notified on September 10, 2010, that David Dykes sent a directive on September 9, 2010, to the personnel of the Q4000, ordering them to cease the current preservation steps and immediately move to the steps for preserving the wellbore cavities of the lower marine riser package and the blowout preventer and to prepare both for transport to the

9661094.1



EXHIBIT F

NASA Michoud facility. Mr. Dykes represented that the decision was made after consulting with the DNV forensic team lead. Mr. Dykes stated that "to continue with the current procedural steps would interfere with evidence inside the wellbore cavity."

4. One of the critical short term preservation steps that was not performed because of Mr. Dykes' directive is the control pods on the blowout preventer were not flushed. A possible outcome as a result of the pods not being flushed is that the performance of the pods during forensic testing may not be representative of the performance of the pods at the time of the event. The shear seal valves and other internal parts remain subjected to a corrosive environment and contamination by residue remaining after fluid evaporation. This corrosion and residue enhance the possibility the pods may malfunction when forensic demonstration of blowout preventer performance is conducted.

5. Transocean notified Mr. Dykes of their concern about the decision to cease the current preservation steps including the flushing of the pods (the procedure as detailed in step 49 of the short term preservation protocol ("Attachment 15")). Mr. Dykes advised Transocean they should contact DNV to coordinate the pod flushing procedure at Michoud.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Dated: September 15, 2010

Daniel Farr

9661094.1

Diane E. Willey
Diane E. Willey
9/15/10

[Notary stamp: DIANE E. WILLEY, Notary Public, State of Texas, My Commission Expires February 28, 2012]