UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document Relates to All Actions | MDL No. 2179<br>SECTION: J<br>Judge Barbier<br>Mag. Judge Shushan |

**APPLICATION OF ERIC D. HOLLAND OF HOLLAND GROVES SCHNELLER & STOLZE LLC FOR APPOINTMENT TO A PLAINTIFF'S STEERING COMMITTEE**

In compliance with this Court's Order, I hereby submit my application to be a member of Plaintiff's Steering Committee in MDL No. 2179.

**Background**

1.  I am the managing partner of the Holland, Groves, Schneller & Stolze, LLC law firm. Over my career, I have represented plaintiffs across the United States in a wide range of civil litigation, including catastrophic injuries and deaths, class actions and business litigation. My legal career has spanned nearly two decades and includes the personal handling of over 25 multi-million dollar jury verdicts and settlements, representing clients in venues from coast to coast. I have worked on mass torts and class actions, serving on PSC and Executive committees and as lead counsel as more fully set forth below.

2.  Holland, Groves, Schneller & Stolze, LLC is a national law firm with an extensive track record of successful litigation throughout the United States and, particularly, in the country's federal court system. Firm partners have a combined total of over 80 years of litigation experience, with much of that coming in federal courts across the country. Members of the firm are actively litigating or recently concluded cases in federal courts in Florida, Alabama, Louisiana, Pennsylvania, Ohio, Indiana, Michigan, Illinois, Missouri, Kansas, Oklahoma, Colorado, Wyoming, Arkansas, Tennessee, and California. The firm has amassed an impressive array of jury verdicts and settlements in federal maritime, railroad and other complex personal injury actions.

**Criteria for and Duties of Counsel in Oil Spill Litigation**

3.  According to the Manual for Complex Litigation (4th), Section 10.221, Lead Counsel is "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group–either written and oral arguments and

1

suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." Id.

4. Pursuant to the Pre-Trial Order #1 issued by this Honorable Court on August 10, 2010 (Document 2), the "main criteria for [the appointment of lead counsel are]: "(1) a willingness and availability to commit to a time-consuming project; (2) ability to work cooperatively with others; and (3) professional experience in this type of litigation." Based on the Court's Initial Conference Order and the criteria set forth in the Manual for Complex Litigation, Holland Groves Schneller & Stolze, LLC and I are uniquely qualified and similarly well-suited to serve on an Plaintiff's Steering Committee (PSC), as set forth more fully below.

## Analysis

**The Holland Firm's Role in the Oil Spill Litigation and Coordination with Other Firms**.

6. The Holland Firm has taken an active and leading role in this litigation from its very early days. Within just days, the firm was retained by multiple victims and filed multiple class action lawsuits representing the interests of Gulf-front property owners in the States of Alabama and Florida.

7. Holland Groves Schneller & Stolze has worked cooperatively in this litigation, including extensive involvement in the inspection of recovered portions of the Deepwater Horizon by a firm member who is retired from the United States Coast Guard. Similarly, I also worked with Interim Liaison Counsel in preparation for submitting the required discovery and organizational proposals by making significant suggestions for organization that were incorporated in part by consensus of Interim Liaison Counsel and submitted to the court for its consideration. I also personally attended the MDL hearing in Boise, Idaho.

8. Additionally, the firm has worked cooperatively with other law firms from Louisiana, Florida and Texas who are also playing leading roles in the litigation. My firm has also worked in a collaborative fashion in representing large numbers of plaintiffs throughout the Gulf region in submission of claims through the defendant BP's Gulf Coast Claims Facility.

9. The firm has dedicated a significant amount of resources to this litigation and is prepared to continue to do so. For instance, the firm has assigned three partners and three associates along with four support

staff to this litigation to date. If appointed to the PSC, the firm has additional personnel available for assignment and substantive work on this complex oil spill litigation, work that the firm is uniquely qualified.

### The Holland Firm's Qualifications

10.     I am uniquely qualified to serve on the PSC. First, my firm and I are presently serving as lead counsel in litigation with striking similarities to the present MDL. In *Harmon, et. al., vs. BP,* presently pending in state court in Illinois, the firm is representing a village, a township, a water district and all affected town residents against BP for property damage, remediation, physical injuries and medical monitoring caused by the release of crude oil from a BP pipeline in the town of Lomax, Illinois. In the course of this litigation, I have retained all necessary experts in the fields of crude oil fingerprinting, geochemistry, hydrogeology, diminution of property value, loss of use and enjoyment of property, environmental engineering, toxicology, environmental medicine, economics and punitive damages, and petroleum fate and transport standards. I personally interviewed all of the experts retained, met with each of them, and prepared and produced them for deposition. In the course of the Lomax, Illinois litigation, I moved for leave to file a claim for punitive damages against BP, which is required under Illinois procedural law. This motion was granted on the basis of evidence that my firm and I marshaled and presented to the judge. I have conducted punitive damage discovery against the BP entities and have obtained and reviewed the most up-to-date financial records of these entities. I have had a complete analysis of these records performed by a highly qualified economist with vast experience in punitive damages. I have personally met with and discussed the analysis with the expert in preparation for his deposition. I have personally overseen all aspects of the litigation over the last three years. In short, my firm and I are at the cutting edge of a large majority of the issues that will most certainly be at the heart of MDL 2179.

11.     My current involvement in oil spill litigation does not end with the Illinois BP litigation described above. I am presently serving as counsel for plaintiffs in multiple class actions presently pending in federal court in the Eastern District of Michigan regarding the Enbridge oil spill into the Kalamazoo River. This spill involves nearly a million gallons of tar sands crude oil into the marshy waters of the Kalamazoo River and Talmadge Creek areas.

12.     Further, my firm, like most other firms involved in this litigation, is involved in other complex

MDL and class action litigation, serving on important PSC committees, executive committees and as class counsel. I presently serve on a number of committees for the *In re: Yaz and Yasmin Sale, Marketing and Product Liability Litigation*, MDL 2100, on the Executive Committee for the *In re: IKO Roofing Shingles Litigation,* MDL 2104, as well as involvement in several other MDLs and class actions involving antitrust, banking and finance, and consumer cases to name just a few.

13. Additionally, I have received a number of relevant awards and honors, including being named a top Toxic Tort Attorney by Business Magazine and a "SuperLawyer" for the last several years.

14. In short, I believe I have demonstrated the requisite knowledge and experience in prosecuting complex litigation, particularly with my vast and present involvement in other BP oil spill litigation, have the willingness and ability to commit to a time-consuming process, have proven abilities to work cooperatively with others, and certainly have access to sufficient resources to prosecute the litigation in a timely manner. These qualities, along with the qualifications set forth herein, make clear that I should be appointed to the Plaintiff's Steering Committee.

.

      Respectfully submitted,
**HOLLAND GROVES SCHNELLER & STOLZE**, LLC
By:    /s/Eric D. Holland
Eric D. Holland
300 N. Tucker Blvd., Ste. 801
St. Louis, MO 63101
(314) 241-8111, (314) 241-5554 facsimile
eholland@allfela.com
*Attorney for Plaintiffs Paul Lavigne, et al. and Stacey Walsh, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Application of Eric D. Holland of Holland Groves Schneller & Stolze, LLC for Appointment to the Plaintiffs' Steering Committee, was filed electronically with the Clerk of the Court using the CM/ECF system this 16th day of September, 2010. In addition, and pursuant to the Court's PTO #1, a copy of same has also been served upon all counsel named in the "Panel Service List" attached to PTO#1 as Exhibit B, by mailing a copy thereof via US Mail. Notice of this filing will be sent to all counsel registered to receive electronic service by operation of the court's electronic filing system.

    /s/Eric D. Holland