UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL by the OIL RIG              MDL NO 2179
        "DEEPWATER HORIZON"
        in the GULF OF MEXICO,            SECTION: J
        on APRIL 20, 2010

This Document Relates to:                     HON. JUDGE BARBIER
ALL CASES                                     MAG. JUDGE SHUSHAN
_____

**APPLICATION OF MATTHEW E. LUNDY FOR
PLAINTIFFS' STEERING COMMITTEE**

I, Matthew E. Lundy, pursuant to Pretrial Order No. 1, submit and file this application for membership to the Plaintiffs' Steering Committee ("PSC") for MDL No. 2179, *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*. I have read, understand and agree to the PSC's responsibilities as set forth in Pretrial Order No. 1:

I presently have no appointment to any other PSC and stand ready to commit all of my time to the prosecution of this case to its completion.

I am a partner in the law firm of Lundy, Lundy, Soileau & South, LLP (formerly Lundy & Davis, LLP) that maintains offices in Louisiana, Mississippi and Arkansas. I am licensed to practice law in Louisiana and Texas. I maintain an AV rating by Martindale-Hubbell. My firm employs lawyers licensed in Louisiana, Mississippi, Arkansas and Texas. Our firm has a first-tier ranking in Best Lawyers.

I have over twenty (20) years of experience in handling maritime cases, offshore injuries and large environmental contamination litigation. After clerking for the U.S. District Court for the Western District of Louisiana, I joined Lundy & Dwight, LLP, now Lundy, Lundy, Soileau & South, LLP. I managed the firm's Houston, Texas office from 1994-2006, at which time I returned home to Louisiana. I, along with my firm, represent commercial fishermen, property owners and/or businesses in Louisiana, Mississippi, Alabama and Florida who have been impacted by the British Petroleum disaster in the Gulf of Mexico. I am counsel of record in *Wetzel, et al. vs. Transocean, Ltd., et al.*- Docket Number 2:10cv1222 and *Bang vs. BP, PLC, et al.*- Docket Number 2:10cv2097.

**I.   Experience in Similar Litigation**

I have been involved in environmental contamination, rig blow out and oil spill cases, including those in states impacted by the *Deepwater Horizon* disaster. Some of the cases are as follows.

    a)    *Bradley Benoit, et al. vs. Citgo Petroleum Corporation, et al.,* 38th JDC, Cameron Parish, Louisiana; *Antoine Semien, Jr., et al. vs. Citgo Petroleum Corporation, et al.*, 14th JDC, Calcasieu Parish, Louisiana  (oil spill into the Calcasieu Estuary).

1

b) *Louis Boullion, et al. vs. PPG Industries, Inc., et al.*, 14th JDC, Calcasieu Parish, Louisiana (years of discharge of toxic chemicals by PPG into the waterways of Southwest Louisiana impacting the shrimp population).

c) *Craig West, et al. vs. G & H Seed Co., et al.,* 27th JDC, St. Landry Parish, Louisiana (pesticides used by rice farmers killing crawfish in Southwest Louisiana).

d) *Yellow Rock, LLC, et al. vs. Sasol North America, Inc., et al.*, 14th JDC, Calcasieu Parish, Louisiana (well blowout due to high pressures).

e) *Kaleel, et al. vs. Division Transport, et al.,* 33rd JDC, Allen Parish, Louisiana (chemical spill).

f) *Sally Comeaux, et al. vs. Vista Chemical Company, et al.,* 14th JDC, Calcasieu Parish, Louisiana (groundwater contamination caused by leakage and spills emanating from the Vista facility in Westlake, Louisiana).

g) *Gwendolyn Guillory, et al. vs. Union Pacific Corporation, et al.*, 14th JDC, Calcasieu Parish, Louisiana (spills leaked from a railroad tank car storage area).

h) *Carolyn Baker, et al. vs. Chevron USA, Inc., et al.*, USDC, Southern District of Ohio (groundwater contamination caused by leakage and spills of leaded gasoline and diesel from the Chevron facility in Hooven, Ohio).

i) *Mary E. Green, et al. vs. Alpharma, Inc., et al.*, Circuit Court, Washington County, Arkansas (contamination caused by the spreading of chicken litter on neighboring farmland).

j) *Lilith Jackson, et al. vs. Johnson Electric Automotive, et al.*, Circuit Court, Lowndes County, Mississippi (groundwater contamination caused by leakage and spills emanating from the Johnson Electric Automotive Plant).

k) *Willie Buard, et al. vs. Colfax Treating Company, et al.*, 9th JDC, Rapides Parish, Louisiana (community contaminated by creosote from Colfax Treating Company).

l) *Cynthia Paige, et al. vs. Dura-Wood, et al.*, 9th JDC, Rapides Parish, Louisiana (community contaminated by creosote from Dura-Wood).

m) *Fred Beck, et al. vs. Koppers Industries, Inc., et al.*, USDC, Northern District of Mississippi (community contaminated by creosote from Koppers Industries, Inc.).

n) *Kerr-McGee Creosote Plant* contamination actions, Louisiana, Mississippi and Pennsylvania (community contaminated by creosote from Kerr-McGee).

o) *Kellum, et al. vs. Kuhlman Corp., et al.*, Circuit Court, Copiah County, Mississippi (PCB contamination).

Particularly significant to my qualifications to work on the *Deepwater Horizon* litigation is my past involvement in the following cases: 1) *Bradley Benoit, et al. vs. Citgo Petroleum Corporation, et al.,* 38th JDC, Cameron Parish, Louisiana; *Antoine Semien, Jr., et al. vs. Citgo Petroleum Corporation, et al.*, 14th JDC, Calcasieu Parish, Louisiana, 2) *Louis Boullion, et al. vs. PPG Industries, Inc., et al.*, 14th JDC, Calcasieu Parish, Louisiana, *3) Craig West, et al. vs. G & H Seed Co., et al.,* 27th JDC, St. Landry Parish, Louisiana, and 4) *Yellow Rock, LLC, et al. vs. Sasol North America, Inc., et al.*, 14th JDC, Calcasieu Parish, Louisiana.

In June 2006, the Citgo Refinery in Westlake, Louisiana released over three million gallons of oil into the Calcasieu Estuary. At that time, it was reported to be the largest oil spill in Louisiana. The plumes of oil migrated in waterways from Calcasieu to Cameron Parish onto properties of waterfront owners and into the marshes of the Calcasieu Estuary. As in the *Deepwater Horizon* matter, commercial and recreational fishing was closed for a period of time, businesses were interrupted and a detrimental impact on aquatic life was experienced.

Personal injuries resulted to workers in the cleanup crews and nearby plant workers exposed to the spill. The legal claims and defenses to causation and damages will be similar, if not the same. As in the *Deepwater Horizon* litigation, governmental agencies, industry and counsel for plaintiffs took and analyzed oil samples in the waters, on lands and in marshes impacted by the oil spill. Air monitoring was also involved. The Oil Field Pollution Act of 1990, as well as pendent state law claims, were involved in the Citgo Spill as they will be in the *Deepwater Horizon* litigation. The various fields of expertise, including, but not limited to,

chemists, toxicologists, aquatic ecotoxicologist, marine biologists, marine geochemists, industrial hygienists, and real estate economists will be the same in this matter as in the Citgo Oil Spill.

In *Boullion vs. PPG*, my firm and I represented hundreds of commercial shrimpers and fishermen who suffered economically from a decline in the shrimp population in Southwest Louisiana as a result of years of discharge of toxic chemicals by PPG. Some of the very same issues regarding the toxic effects on aquatic life in the instant matter were litigated in the PPG case.

In *West vs. G & H Seed Co,* rice farmers in South Louisiana applied a new pesticide manufactured by Bayer Crop Science to their rice fields where they rotated rice and crawfish crops. When the pesticide killed the crawfish, the farmers filed a class action. The class action was tried and settled for a confidential amount during jury deliberations. Aquatic toxicology was heavily involved in the *West* case as it will be in the *Deepwater Horizon* litigation.

In *Yellow Rock vs. Sasol*, Yellow Rock experienced a well blowout due to unexpected high pressures resulting from a leaking underground storage cavern. The case went to trial and resulted in a large verdict for my firm's client, Yellow Rock.

I gained valuable experience and knowledge in these matters that will be useful in this litigation. I bring experience in litigating oil spill and environmental damage cases that few other applicants possess. My firm, including my law partner Hunter W. Lundy, who possess similar backgrounds and experience, are also willing to contribute the time and resources necessary to prosecute this litigation.

**II.     Willingness to Commit to a Time-Consuming Project**

I have already committed substantial time and firm resources to the project. I was asked by Liaison Counsel, James P. Roy and Steve Herman, to assist in researching, briefing, and ultimately arguing the Plaintiffs' Opposition to Cameron's Motion for Recusal under 28 U.S.C. 455(b)**.** That work continued in assisting in the response to the Mandamus filed by the defendant in the Fifth Circuit. Further, Liaison Counsel were aware of my background and ability in handling environmental matters and asked me to help coordinate gathering, assimilating, and evaluating all of the environmental sampling and testing that has been done to date by the various governmental agencies, both federal and state, NGOs, academic institutions and other non-profit organizations. I have been tasked with retaining experts, reporting what sampling and testing have been done and recommending what further sampling and testing should be performed. I have been extensively involved in phone conferences and meetings with the interim working group, reviewed expert resumes and interviewed and vetted experts. I volunteered for and I was given the responsibility by Liaison Counsel of acting as the depository for the existing testing and sampling data. I have already begun gathering, receiving, circulating, and analyzing data. With such responsibility, I have taken a lead role within the working group, organizing meetings, conference calls, meeting with experts, distributing information all in connection with the sampling and testing that has been conducted across the Gulf Coast. We

3

have moved quickly, given a substantial amount of time to the project and will be ready to report once a PSC is selected by the Court. My firm has also retained potential experts with whom we worked on similar matters. Through my actions to date, I have demonstrated my commitment to this time-consuming project.

**III.    Ability to Cooperate With Others**

I have the ability to work cooperatively with others. I have served on or worked cooperatively with other Plaintiff's Steering Committees and as class counsel. Some of the matters are as follows:

a)   PSC Member, *MDL 1742; In re: Ortho Evra Products Liability Litigation.*
b)   PSC Member, Co-Chair, Expert Committee, *MDL 1632; In re: High Sulphur Content Gasoline Products.*
c)   State Liason Committee, Sales Representative Committee, *MDL 1657; In re: Vioxx Products Liability Litigation.*
d)   Discovery Committee, Science and Experts Committee, MDL 1699; *In re Bextra and Celebrex Marketing and Sales Practices and Product Liability Litigation.*
e)   Co-lead trial counsel, *Haltom vs. Bayer Corp.*, Nueces County, Texas; first Baycol trial in the United States; Also served on the Discovery Committee for Texas 8th Region consolidated cases.
f)   *Craig West, et al. vs. G & H Seed Co., et al.,* 27th JDC, St. Landry Parish, Louisiana.
g)   *Kaleel, et al. vs. Division Transport, et al.,* 33rd JDC, Allen Parish, Louisiana.

I have demonstrated my ability to cooperate in this litigation by helping lead the interim sampling and testing work group in advancing this case before the appointment of a PSC.

**IV.    Conclusion**

The disaster from the *Deepwater Horizon* has impacted the Gulf Coast Region where I live, work and raise a family. I have a vested interest in seeing this litigation through to the end. I have the experience in handling oil spill and environmental matters to be a valued and significant member of this PSC. I represent that I am fully committed to this project without the distraction of other PSC appointments and will commit the resources of my firm as well.

Respectfully Submitted,

/s/ Matthew E. Lundy
Matthew E. Lundy
Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707- Telephone

CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010, I electronically filed the foregoing with the Clerk of Court by using the EM/ECF system which will send a notice of electronic filing to Interim Liaison Counsel. I further certify that I served by email and by U.S. mail all attorneys listed on the Panel Service List as provided in Pretrial Order # 1 and by U.S. mail to all attorneys on the manual notice list.

/s/ Matthew E. Lundy
Matthew E. Lundy