**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | Section "J" |
| | * | |
| This Document Relates to: Civil No. 2:10-cv-01497, | * | |
| *Gulf Restoration Network, et al. v. Salazar, et al.* | * | Judge Barbier |
| | * | Mag. Judge Shushan |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-INTERVENORS'**
**MOTION TO DECONSOLIDATE AND TRANSFER**

Defendant-Intervenors American Petroleum Institute, Independent Petroleum

Association of America, US Oil & Gas Association, and International Association of Drilling

Contractors (the "Associations") submit this reply memorandum in support of their motion to

deconsolidate Civil No. 2:10-cv-01497 ("*Gulf Restoration*") from MDL No. 2179 and transfer

the action back to Judge Engelhardt.  Plaintiffs do not dispute the principal points raised in the

Associations' motion to deconsolidate and, instead, effectively concede the arguments advanced

in the motion to dismiss filed by the Associations prior to consolidation of *Gulf Restoration* with

MDL No. 2179.  However, those concessions support, rather than undercut, the Associations'

- 1 -

165657

motion to deconsolidate.  (In addition, the Government defendants on September 7, 2010 filed a motion that also seeks to sever *Gulf Restoration* from MDL No. 2179.)

      1.      The Associations' Motion to Deconsolidate (MDL No. 2179, Dkts# 59 & 59-1) demonstrates that the *Gulf Restoration* Plaintiffs' challenge to the Government's adoption and application of a Notice to Lessees (NTL No. 2008-G04) with respect to the information requirements for certain exploration plans in the Gulf of Mexico arises under the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* ("APA"), and only implicates federal regulatory action under federal administrative law standards.  As an APA challenge, *Gulf Restoration* involves *no discovery* but rather the purely legal questions whether the administrative record indicates that (1) the Governmental action was arbitrary, capricious or otherwise not in accordance with law, and (2) Government decisionmakers followed the proper procedural steps in adopting NTL No. 2008-G04.  *See, e.g., IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997); *James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996).  By forcing the Government and the Associations to become enmeshed in and await resolution of irrelevant discovery and factual disputes relating to completely different parties, theories of recovery and remedies, consolidation with MDL No. 2179 unreasonably delays *Gulf Restoration*'s resolution.  *See* Mem. in Support of Motion to Deconsolidate (MDL No. 2179, Dkt# 59-1).[1]

---

[1]    On September 7, 2010, the Federal Defendants filed a motion to sever *Gulf Restoration* from MDL No. 2179 or, in the alternative, assign cases involving the APA to a separate litigation track, (MDL No. 2179, Dkts# 174 & 174-1), reiterating and expanding upon the administrative law points raised in the Associations' Motion.

165657

Notably, Plaintiffs' Response (MDL No. 2179, Dkt# 175) does not dispute this description of the administrative law principles governing their substantive claims or the fundamental differences between judicial review of agency action under the APA and the common law negligence claims against private actors that dominate the remaining lawsuits in MDL No. 2179.

2.      Rather than engage the Associations' arguments on their merits, Plaintiffs note that the Government adopted a new Notice to Lessees on June 18, 2010—superseding the challenged NTL No. 2008-G04—that appears to provide "most if not all of the [prospective] substantive relief sought in Plaintiffs' prayer for relief." Plaintiffs also note that they "have brought challenges to [previously approved] individual exploration plans in the Fifth Circuit Court of Appeals." Pls' Response, at 3 (MDL No. 2179, Dkt# 175). Because their substantive claims for relief have thus either been satisfied or are pending elsewhere — leaving only the question of Plaintiffs' entitlement to attorneys' fees and legal costs — Plaintiffs somehow contend that "the Associations' motion [to deconsolidate] is moot." *Id.*

But what Plaintiffs have in fact done is effectively concede the arguments advanced in the Associations' Motion to Dismiss (Civil No. 2:10-cv-1497, Dkts# 38 & 38-1) filed prior to *Gulf Restoration*'s consolidation with MDL No. 2179. As in Plaintiffs' Response, the Associations argued that the District Court lacked subject-matter jurisdiction over Plaintiffs' APA claims with respect to future conduct—the Federal Defendants' continued application of NTL 2008-G04 to subsequent exploration plans—because the Government's issuance of a new NTL on June 18, 2010 rendered those claims moot. *Compare* Response, at 3 (MDL No. 2179,

165657

Dkt# 175) *with* Mem. in Support of Associations Motion to Dismiss, at 3, 12–13 (Civil No. 2:10-cv-1497, Dkt# 38-1).  Similarly, the Associations argued that the District Court lacked subject-matter jurisdiction over Plaintiffs' APA claims with respect to past conduct—the Federal Defendants' prior approval of exploration plans pursuant to NTL 2008-G04—because exclusive jurisdiction over such claims rests in the U.S. Court of Appeals for the Fifth Circuit.  *Compare* Response, at 3 (MDL No. 2179, Dkt# 175) *with* Mem. in Support of Associations Motion to Dismiss, at 2, 5–12 (Civil No. 2:10-cv-1497, Dkt# 38-1).  By Plaintiffs' own description, there is no reason whatsoever for *Gulf Restoration* to be consolidated with the ongoing claims relating to the Deepwater Horizon oil spill.

        3.     The fact that Plaintiffs still intend to seek legal fees from the Government (Pls' Response, at 3) amplifies the propriety of deconsolidation from MDL No. 2179.  Whether the resolution of Plaintiffs' administrative law claims satisfies the legal criteria for recovering attorneys' fees and costs plainly "bears no relation to" the liability of private actors with respect to the Deepwater Horizon oil spill.  *In re Worldcom, Inc. Securities & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (denying consolidation of claim involving breach of specific contract with cases involving broader "financial irregularities").  *Cf.* 28 U.S.C. § 2412 (Equal Access to Justice Act) (mandating award of "fees and other expenses" to an eligible "prevailing party" in "proceedings for judicial review of agency action" where the United States' position is not "substantially justified"); *West Virginia Rivers Coalition v. EPA*, No. 03-cv-1022, 2004 WL 1291967 (E.D. Pa. June 11, 2004) (calculating fees and costs in APA case under 28 U.S.C. § 2412).  No purpose would be served by imposing the costs and delays associated with the

165657

extensive discovery that will be required to establish private negligence over the Deepwater Horizon oil spill in MDL No. 2179 upon parties to a dispute over administrative law claims that both the Associations and Plaintiffs agree are moot and/or in the wrong forum. *See In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, No. MDL 2147, 2010 WL 1437639, at *1 (J.P.M.L. April 7, 2010) (consolidation appropriate where cases involve "[d]iscovery . . . overlap" or "legal issues . . . turn[ing] on similar facts and law").

Because Plaintiffs' substantive *Gulf Restoration* claims are moot and the question of legal costs is unrelated to private negligence claims arising from the Deepwater Horizon oil spill, this case should be deconsolidated from MDL No. 2179.

Respectfully submitted,

/s/John W. Joyce
Judy Y. Barrasso, 2814
John W. Joyce, 27525
Andrea Mahady Price, 30160
Barrasso Usdin Kupperman
  Freeman & Sarver, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone: (504) 589-9720
Facsimile: (504) 589-9701
jbarrasso@barrassousdin.com
jjoyce@barrassousdin.com
aprice@barrassousdin.com

165657

Steven J. Rosenbaum
Bradley K. Ervin
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone:  (202) 662-5568
Facsimile:  (202) 778-5568
srosenbaum@cov.com

Counsel for Defendant-Intervenors
American Petroleum Institute, Independent
Petroleum Association of America, US Oil
and Gas Association, and International
Association of Drilling Contractors

September 10, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2010, the foregoing Reply

Memorandum in Support of Defendant-Intervenors' Motion to Deconsolidate and Transfer was

filed via the Court's CM/ECF system and served via the Court's CM/ECF system upon all

counsel of record.

*/s/John W. Joyce*

165657