# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the Gulf | * | **MDL NO.:** 2179 |
| of Mexico, on April 20, 2010 | * | |
| | * | |
| | * | **SECTION J** |
| This document relates to 2:10-cv-1926 | * | |
| | * | |
| | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE SHUSHAN** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REQUEST FOR ORAL ARGUMENT

On July 21, plaintiffs – Copeland's of New Orleans, Inc., Cheesecake Bistro, L.L.C., and Sweet Fire and Ice, L.L.C. (collectively, "Copeland's") filed a First Amended and Supplemental Complaint.  Specifically, Copeland's added a new First Cause of Action for declaratory relief regarding relief under the Oil Pollution Act of 1990 ("OPA"), including allegations that BP is charged with the responsibility under OPA to administer a claims program, that OPA requires claimants to file a claim with the "responsible party," and seeking a declaration that, *inter alia*, Copeland's is an eligible claimant under OPA.  Also on July 21, Copeland's filed a motion for temporary restraining order and for court supervision specifically seeking an injunction against BP directing BP and anyone conducting claims on BP's behalf – including Kenneth Feinberg and the Gulf Coast Claims Facility ("GCCF") – to publicize and advertise immediately any "zone of eligibility" standards or any other categorical determination that certain classes of potential claims will be denied; and asking this Court to exercise supervision over the procedures employed by the GCCF in administering BP's claims responsibilities under OPA to ensure that those procedures comply with all statutory and Constitutional requirements, or alternatively

appoint a Special Master to perform this supervisory role pursuant to Federal Rule of Civil Procedure 53.

BP filed its opposition to Copeland's motion for temporary restraining order and for court supervision, relying primarily on the erroneous assertion that none of the Copeland's plaintiffs filed OPA claims with BP. BP repeated this assertion throughout its opposition, using it as the underlying factual basis for almost every substantive point of analysis. And, on July 23, 2010, this Court denied Copeland's motion for temporary restraining order and for court supervision ("Judgment").

On August 18, 2010, Copeland's filed a Rule 59(e) Motion to Alter or Amend Judgment Denying Copeland's Motion for Temporary Restraining Order and Preliminary Injunction, and for Court Supervision ("Motion") (*See* Doc. No. 44). That Motion is set to be heard by this Honorable Court on Wednesday, September 29, 2010.

As indicated in the memorandum filed in support of that Motion Copeland's has brought that Motion because this Court's Judgment may have relied on manifest factual errors contained in papers filed on behalf of BP, namely BP's assertion that Copeland's did not file a claim with BP. As shown in the memorandum filed in support of Copeland's Motion, that assertion is flat wrong. Not only did Copeland's file a claim with BP, it did so twice. BP's inability to keep track of its own claims process (and who has or has not filed a claim) further supports Copeland's original motion for temporary restraining order and for court supervision. Copeland's believes that this Court should revisit its prior Judgment in light of the correct facts, and that the Court should grant the relief originally requested by Copeland's, particularly with regard to the exercise of court supervision (or, alternatively, the appointment of a special master) to ensure

that BP (or the GCCF acting appropriately on behalf of BP) complies with all statutorily and Constitutionally required process in the establishment and maintenance of the claims program.

Given the magnitude of the issues raised by Copeland's Motion, Copeland's now files this request seeking that oral argument be had on its Motion.

Respectfully submitted,

/s/ James M. Garner
**JAMES M. GARNER (# 19589)**
**TIMOTHY B. FRANCIS (# 14973)**
**JOSHUA S. FORCE (# 21975)**
**SHARONDA R. WILLIAMS (# 28809)**
**EMMA ELIZABETH ANTIN DASCHBACH (#27358)**
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

and

**GLADSTONE N. JONES, III (# 22221)**
**LYNN E. SWANSON (#22650)**
**EBERHARD D. GARRISON (# 22058)**
**KEVIN E. HUDDELL (# 26930)**
**H.S. BARTLETT III (# 26795)**
**JACQUELINE A. STUMP (# 31981)**
Jones, Swanson, Huddell & Garrison, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

and

**JAMES R. SWANSON (# 18455)**
**JOSEPH C. PEIFFER (# 26459)**
**LANCE C. McCARDLE (# 29970)**
**JASON W. BURGE (# 30420)**

**ALYSSON L. MILLS (# 32904, admission pending)**
Fishman Haygood Phelps Walmsley Willis
    & Swanson, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

and

**ROBERT A. KUTCHER (# 7895)**
**CHOPIN, WAGAR, RICHARD & KUTCHER, L.L.P.**
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3820
Facsimile: (504) 836-9573

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2010, I filed the foregoing pleading via CM/ECF with the Clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, and also delivered a copy on Defendant BP PLC via hand delivery to Don K. Haycraft, local counsel.

*/s/ James M. Garner*