UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.: 2179<br>Section "J"<br>Judge Barbier<br>Magistrate Judge Shushan |
| This Document Relates to All Cases<br>_____ | |

### APPLICATION OF STANLEY M. CHESLEY
### FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE

**MAY IT PLEASE THE COURT:**

Pursuant to this Court's Order of August 10, 2010, on behalf of Waite, Schneider, Bayless & Chesley Co., L.P.A. ("WSBC"), I submit this application for appointment to Plaintiffs' Steering Committee as set forth this Court in Pretrial Order #1.  My firm and I have decades of experience in leadership roles in numerous multidistrict and complex litigation matters.  As discussed in detail below, I not only meet the main criteria for selection set forth by this Court, but my firm brings additional qualities to bear that warrant my selection.

        **A.**      **WILLINGNESS AND ABILITY TO COMMIT TO A TIME-CONSUMING PROCESS & ABILITY TO WORK COOPERATIVELY WITH OTHERS.**

WSBC is one of the oldest law firms in Cincinnati, dating from 1869.  I have been its president since 1982.  I stand willing and able to commit both myself and my strong, experienced firm members to what may well be a very time-consuming litigation process.  We are well aware of the commitment required in a case of this nature, having committed thousands of our hours (not to mention many millions of dollars) in prosecuting the cases reflected below and in Exhibit 1.  I assure this Court that my firm has sufficient resources, both in money and personnel, to prosecute this litigation to a timely resolution – and I am prepared to commit my firm to a leadership share of monies necessary.  Finally, WSBC has the personnel necessary to ensure that, along with co-counsel, this case is staffed to avoid delay that may otherwise result from insufficient resources.  In fact, WSBC has already assembled a "BP Oil Spill Litigation Team," which has been working diligently with interim co-liaison counsel, Steve Herman and Jim Roy, to keep pace with factual and legal developments as they occur.

My repeated appointments to leadership positions confirm my ability to work cooperatively with others.  If there were a problem with regard to my ability to work cooperatively, it would be impossible

for me to have garnered the numerous appointments reflected below and in Exhibit 1, or to have taken part in bringing those cases effectively to a close.  But perhaps even more indicative of my ability in this regard is my track record (again evidenced in Exhibit 1) of being able to work with opposing counsel to settle a case at the appropriate time, whether that is pre-trial, during trial or post-trial.

        **B.**      **KNOWLEDGE AND EXPERIENCE IN PROSECUTING COMPLEX MDL LITIGATION.**

My law firm and I have extensive experience handling complex litigation, MDL matters, mass environmental disaster actions, and class action lawsuits.  In fact, federal courts have recognized my leadership skills in a variety of complex actions including products liability, antitrust, securities fraud, and mass disaster cases.[1]  *See* Exhibit 1 (listing cases).   I have served as Chairman or Co-Chairman of the Executive Committee and/or Lead Counsel in some of the largest, most complex class action cases in history, including:

- *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL #2151 United States District Court, Central District of California (member of the plaintiffs lead counsel committee);

- the *Fannie Mae Litigation*, MDL #1668, Consolidated Civil Action No. 04-cv-01639, United States District Court, District of Columbia (sole lead counsel of the pending securities class action);

- the *Castano Tobacco Litigation* , Case No. 94-1044, United States District Court, Eastern District of Louisiana (and related state class actions; one of six lead counsel for settlement negotiations and member of the executive committee);

- the *Microsoft Antitrust Litigation*, MDL #1332, United States District Court, District of Maryland (initially interim lead counsel and then one of two lead counsel);

- the *Bjork-Shiley "C/C" Heart Valve Litigation*, Case No. C-1-91-256, United States District Court, Southern District of Ohio (a <u>worldwide</u> class action; class counsel); the *Silicone Gel Breast Implant Litigation*, MDL #926, United States District Court, Northern District of Alabama (one of three lead counsel);

- the *MGM Grand Hotel Fire Litigation*, MDL #453, United States District Court, District of Nevada (one of six lead counsel);

---

[1] It will also be helpful to this litigation that my firm has represented large corporations as both plaintiffs and defendants in complex actions such as this case. This provides our firm with an understanding of BP's perspective as the litigation unfolds.  Examples of these representations include:  *In re Procter & Gamble Company Securities Litigation*, Case No. C-1-00-CV-190, United States District Court, Southern District of Ohio, Western Division (representing Procter & Gamble as plaintiff's counsel); *Amway Corporation v. Procter & Gamble, et al.*, Case No. 1:98-cv-00726-RHB, United States District Court, Western District of Michigan, Southern Division (representing Procter & Gamble as defense counsel); *David Slone, et al. v. Fifth Third Bancorp, et al.*, Case No. 1:03-CV-211, United States District Court, Southern District of Ohio, Western Division (representing Fifth Third Bank as defense counsel in securities fraud class action litigation).

- the *Fernald Nuclear Weapons Plant Class Actions*, Case Nos. C-1-85-149 and C-1-90-67, United States District Court, Southern District of Ohio (sole lead counsel);

- *In re Hanford Nuclear Reservation Litigation*, Case No. CY-91-3015-AAM, United States District Court, Eastern District of Washington (c*o-lead counsel with Louise Roselle of my firm*);

- the *Roman Catholic Diocese of Covington Litigation*, Case No. 03-CI-00181, Commonwealth of Kentucky, Boone County Circuit (sole lead counsel in the only sexual abuse class action in the country);

- the *Pam-Am Lockerbie, Scotland Aircrash Litigation*, MDL #799, United States District Court, Eastern District of New York (one of six lead counsel);

- the *Serzone Products Liability Litigation*, MDL #1477, United States District Court, Southern District of West Virginia (co-lead counsel);

- the *Air Crash at Gander, Newfoundland on December 12, 1985 Litigation*, MDL #638 Eastern District of Kentucky (co-lead counsel);

- the *Beverly Hills Supper Club Fire Litigation,* Case Civ. No. 77-79, United States District Court, Eastern District of Kentucky (one of three lead counsel), and many more.

In addition, apart from my general experience in MDL and other complex cases and class actions, our firm has specific experience involving cases with direct relevance to this MDL. My firm has filed cases in both the Eastern and Western Districts of Louisiana (*Garner v. BP et al.,* Case No. 2:10-cv-01482, United States District Court, Eastern District of Louisiana; *Armand's Bistro, LLC v. BP et al.*, Case No. 6:10-cv-01007), advancing innovative theories regarding, among other things, how the defendants' RICO violations contributed to the plaintiffs' injuries. Moreover, WSBC has filed securities class actions against both BP (*Johnson Investment Counsel v. BP et al..*, Case No. 10-cv-4515, United States District Court, Southern District of New York) and Transocean Ltd. (*Johnson Investment Counsel v. Transocean Ltd. et al.*, Case No. 10-cv-4515, United States District Court, Southern District of New York) in connection with the oil spill. We have been involved in cases with worldwide discovery and impact, which is likely to be the case in this MDL as well.

Perhaps the most persuasive reason to appoint me – and the factor I am most proud of – is the recognition and respect that I have earned from federal judges who have observed my participation in cases of this nature. For example, Judge Clarence Brimmer, former MDL panel member, had this to say about my role as lead counsel in the Albuterol Litigation:

3

> As an overview, Mr. Chesley served as Lead Counsel, an enormous undertaking . . . As will be explained, the Court cannot understate the services of Lead Counsel and his firm in arriving at the favorable result in this case.
>
> ***
>
> Lead Counsel's firm assumed a leadership role that the Court should reward. Lead Counsel played an integral part in organizing the major discovery effort, conducting discovery, and briefing discovery issues. This firm assumed responsibility for the litigation, decided delegation of responsibilities and otherwise assumed a management role in assuring that class counsel properly handled all work. This firm also handled the briefing and arguing for class certification, motions to stay pending the grand jury investigation, and various discovery hurdles. During the 42-day trial, Lead Counsel's firm . . . presented the testimony and conducted all the cross examination of witnesses . . . Lead Counsel's firm handled all motions in limine and assumed overall responsibility for the trial. Mr. Chesley negotiated the settlement . . .

*In re Copley Pharm., Inc., Albuterol Prods. Liab.*, 50 F. Supp.2d 1141, 1151 (D. Wyoming 1999) (MDL-1013). *See also In re Joint Eastern and Southern Dist. Asbestos Litig.*, 133 F.R.D. 425, 427 (E. & S.D.N.Y. 1990) (Judge Weinstein said in part: "Stanley M. Chesley's distinguished career reflects not only his extraordinary capabilities, but also his dedication and integrity."); *In re Fernald Litigation,* 1989 WL 267038, *3 (S.D. Ohio 1989) ("The skill, knowledge, and experience of plaintiffs' lead counsel is beyond dispute, and his knowledge of complex class action tort litigation is well known to this Court . . . The obstacles they faced in this litigation were almost insurmountable as no one had ever obtained a verdict against an operator of a government-owned nuclear processing plant."); *Thompson v. Midwest Found. Indep. Physicians Ass'n*, 124 F.R.D. 154, 162 (S.D. Ohio 1988) ("The work of Plaintiffs' counsel, throughout the entirety of the litigation, has been of the highest quality."); *In re Beverly Hills Fire Litig.*, 639 F.Supp. 915, 923 (E.D.Ky. 1986) (The Court, in awarding me a five multiplier, the highest multiplier of all plaintiffs' counsel, stated: "At the trial, Mr. Chesley took the lead . . . Clearly, he put his time, money and professional reputation on the line.").

My firm and I are eager to provide the same level of service to the victims of the BP Oil Spill.

Dated:  September 21, 2010            Respectfully submitted,

WAITE, SCHNEIDER, BAYLESS &
    CHESLEY CO., L.P.A.

By:*/S/ Stanley M. Chesley*
Stanley M. Chesley
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH  45202
Telephone:  (513) 621-0267
Facsimile:  (513) 621-0262
Email:stanchesley@wsbclaw.com

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 21, 2010, I electronically filed the foregoing with the Clerk of Court by using the EM/ECF system which will send a notice of electronic filing to the Interim Liaison Counsel. I further certify that I served by e-mail and by U.S. mail all attorneys listed on the Panel Service List as provided in Pretrial Order No. 1 and by U.S. mail to all attorneys on the manual notice list.

                                              */S/ Stanley M. Chesley*
                                              Stanley M. Chesley
                                              WAITE, SCHNEIDER, BAYLESS
                                              & CHESLEY CO., L.P.A.
                                              1513 Fourth & Vine Tower
                                              1 West Fourth Street
                                              Cincinnati, OH  45202
                                              Telephone:  (513) 621-0267
                                              Facsimile:  (513) 621-0262
                                              Email:stanchesley@wsbclaw.com