IN THE UNITED STAETS DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the Oil Rig * MDL NO. 2179
"DEEPWATER HORIZON" in the *
GULF OF MEXICO, on April 20, 2010 * SECTION: "J"
*
*
THIS DOCUMENT RELATES TO: ALL CASES * JUDGE BARBIER
* MAG. JUDGE SHUSHAN
**************************************************

## JONATHAN ANDRY'S APPLICATION FOR APPOINTMENT TO PLAINTIFF'S STEERING COMMITTEE

In accordance with Pretrial Order #1, Mr. Jonathan B. Andry, submits this application for appointment to the Plaintiff's Steering Committee for the *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179. I am counsel in the case of *Troy Wetzel, et al v. Transocean ltd, et al*, 10-1222, which is presently before this Court. The *Wetzel* case was/is the first filed class action involving the explosion and oil spill from the Deepwater Horizon Rig. I am also counsel in *Hingle, et al. v. BP p.l.c., et al*. 2:10-cv-02749, (RICO case) and *Wuntsell et al. v. BP, **case number***, (Medical Monitoring Class) in addition to numerous other similar cases which are also pending before this Court.

This Court listed the main criteria for membership of the Plaintiffs' Steering Committee as: (a) willingness and availability to commit to a time consuming project: (b) ability to work cooperatively with others and (c) professional experience in this type of litigation. I fulfill these criteria very well. If selected by the Court to serve on the Plaintiffs Steering Committee, I will be an asset to this Court in the handling/management of this case and, more importantly, will be an asset to the individuals and businesses in Louisiana and the Gulf Coast Region that have been adversely affected by the oil spill.

**I have the ability to devote and will spend 90 to 100 percent of my time to this litigation.** I am not currently serving on the steering committee of any other MDL.

My fulfillment of this Court's latter two criteria are best exemplified by the various roles I undertook and performed in the Mississippi River Gulf Coast Outlet (MRGO) portion of *In Re: Katrina*

1

*Canal Breaches Consolidated Litigation*, No. 05-4182, which is currently pending before Judge Stanwood Duval. The MRGO litigation was/is comprised of claims for the damages caused by the negligence of the United States Army Corps of Engineers and other defendants in the design, maintenance and operation of the MRGO. I was one of the primary organizers of a group of approximately twenty firms from across the country that handled the MRGO litigation. This group of lawyers, often referred to as the MRGO Litigation Group, was organized, funded and began functioning within weeks after the worst man-made catastrophe ever to befall southeastern Louisiana.

I have served on the Executive Committee of the MRGO Litigation Group since its inception. One of the primary functions I performed on that Executive Committee was/is to navigate through the wealth of talented lawyers in the Group, to coordinate with the other members of the Executive Committee and/or MRGO Group, and to assign tasks to the particular attorneys who would achieve the best result. My work on the Executive Committee work in the MRGO Litigation Group, demonstrates that I have the ability to work cooperatively with others and to produce a great result under extremely tough circumstances.

In the MRGO litigation, I participated in all phases of the litigation from the initial filing, through the month long trial of representative plaintiffs. Within a month after Hurricane Katrina, I chose the *Robinson* plaintiffs from a group of several thousand clients. The *Robinson* plaintiffs were chosen because they were representative of the majority of the geographical areas that were flooded by the MRGO. I filed their Notice of Claim with the Corps on October 25, 2005, which was less than sixty days after the storm hit and less than thirty days after the residents were allowed back into the City. The *Robinson* plaintiffs ultimately became the sample plaintiffs in the MRGO trial against the Corps in April, 2009.

I was also involved with and performed numerous other major tasks during the MRGO litigation. I was appointed by Judge Duval to serve on the MRGO Plaintiffs Steering Committee (MRGO PSCC) Throughout the litigation my responsibility was the development of current and historical facts concerning the MRGO. In this vein, I worked with a group that reviewed hundreds if not thousands of

2

documents, interviewed hundreds of fact witnesses, and took numerous statements/depositions. Given my knowledge of the current and historical facts, I worked intimately with the group that handled the experts. I prepared experts for and defended their depositions. I also actively participated in all of the strategy meetings of the MRGO Litigation Group and Executive Committee wherein the strategy of the case was designed and subsequently implemented.

I was member of the trial team that successfully tried the *Robinson* case. In the trial, I handled all of the plaintiffs, all of the damage experts and closed the plaintiffs' case with former St. Bernard Parish President, Junior Rodriguez. This amounted to approximately nine of the twenty-three witnesses called by the plaintiffs. After a month long trial and post trial briefs, Judge Duval found that the Corps was monumentally negligent, was malfeasant and non-feasant. My cradle to grave participation in the MRGO litigation demonstrates that I am very familiar with, understand and am competent to handle all phases of complex litigation.

My professional experience in this type of litigation is not limited to just the MRGO litigation. Additional examples of my professional experience are: (1) I was one of the lawyers that represented the State of Louisiana in the tobacco litigation -- *Richard Ieyoub v. American Tobacco*, 97-3122 (U.S. WD La. 1996); (2) I served as lead counsel in numerous multistate/national class actions, which include, *Sutton Steel v. BellSouth Mobility*, 875 So.2d 1062, 2003-1536 (La. App. 3 Cir. 6/9/04); *Judy Abrusely v. Centennial Cellular Communications*, No. 99-380, (33rd JDC for Allen Parish); *Zyra Sonnier v. Radiofone*, No. 44-844, (25th JDC for Plaquemines Parish); (3) I have also served as counsel in numerous other class actions/complex litigation, which include; *Ford v. Murphy Oil USA, Inc.*, No. 96-2913, 703 So.2d 542, (La. 1997); *Lailenghue v. Mobil*, No. 64-869, (34th JDC for St. Bernard Parish). The respective roles that I served in these cases, in addition to my experience in all cases of the complex MRGO Litigation exemplifies that I am a qualified candidate, from a professional experience perspective, to be chosen by this Court as a member of the PSC in this litigation.

I would also be an asset to this Court as a member of the PSC because I have a strong scientific background and have an LLM in Energy and Environmental Law. I obtained my LLM from Tulane

3

University School of Law. In achieving my LLM, I took numerous classes dealing with the federal and state environmental laws and classes dealing with risk assessments relating to the exposure to hazardous and toxic chemicals. After receiving my LLM, I began practicing. I have always been a member of LTLA/LAJ and have always represented plaintiffs. My practice has nearly always been focused on injuries from hazardous chemicals/substances and/or complex litigation. In my practice, I handled all of the experts in a case involving the underground release of approximately one million gallons of gasoline/jet fuel/diesel from a subsurface pipeline. *Gill v. Colonial Pipeline,* No. 98-1135, (USDC MD. La. 1999). I have also handled numerous personal injury cases wherein individuals developed disease processes after being exposed to benzene, toluene, ethylbenzene and other volatile organic compounds which are all derived from and contained in oil. These disease processes included, aplastic anemia, leukemia and cognitive deficits, will in all likelihood be encountered in this litigation as there are individuals exposed during the clean up of the oil.

In PTO #1, this Court set out the criteria that it considered important for appointment to the PSC. I have been in practice approximately twenty years and have focused on complex litigation and litigation wherein individuals were exposed to hazardous substances. In my career, I have participated in all levels of some of the most complex and difficult litigation and in each case worked well with others and delivered a very good work product. Since I am not currently serving as a member of any committee on any MDL and since there is a lull in the MRGO litigation, I can and will devote 90 to 100 percent of my time to this litigation. As such, I fulfill all of this Court's criteria and respectfully request that I be appointed to the Plaintiffs Steering Committee.

Respectfully submitted,

_____
Jonathan B. Andry, Esq. (LSBA # 20081)
ANDRY LAW GROUP, LLC
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504) 586-8933

4