UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION: J |
| This Document Relates To:<br><br>Civil Action No. 10-3178 - *Dung, et al. v. BP Exploration and Production, et al.* | § § § § § § | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Tran Ngoc Dung and all individuals identified in Exhibit A, attached hereto, move pursuant to 28 U.S.C. § 1447(c) and respectfully request the Court remand this matter back to the 80th District Court of Harris County, Texas, Cause No. 2010-34825.

**I.    BACKGROUND**

This lawsuit arises out of an explosion that occurred on April 20, 2010 aboard and below the Deepwater Horizon semi-submersible mobile drilling unit. As a result of this explosion, the Deepwater Horizon wellhead has been leaking oil at rates measured in the thousands of barrels per day, and is confirmed to be the largest recorded oil spill in United States history.

Plaintiffs in this action are commercial fisherman, including shrimpers and oystermen, who utilize Gulf of Mexico waters and its fruits as the basis for their livelihoods. On June 7, 2010, Plaintiffs initiated suit against Defendants — BP Exploration and Production, Inc., BP America, Inc., BP Products North America, Inc., Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling, Inc., and Cameron International Corporation f/k/a Cooper Cameron Corporation — raising only state law claims and seeking economic and punitive damages. Defendants all maintain principal places of business in Texas. On June 17, 2010, Cameron International

Corporation f/k/a Cooper Cameron Corporation ("Cameron") removed the above entitled action to the United States District Court, Southern District of Texas, Houston Division (civil action no. 4:10-cv-02129) on the grounds that under the Oil Pollution Act ("OPA"), 33 U.S.C. 2701, *et seq*, grants federal courts exclusive jurisdiction over Plaintiffs' claims. Raising the arguments contained herein, Plaintiffs sought remand and moved for such on June 23, 2010. However, prior to ruling on Plaintiffs' motion, the Southern District of Texas stayed its proceedings pending a MDL determination. On September 22, 2010, this matter was officially transferred into this MDL before Justice Barbier in the United States District Court for the Eastern District of Louisiana.

### II.  UPON REMOVAL, CAMERON MAINTAINS THE BURDEN TO ESTABLISH JURISDICTION

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Because its authority is limited, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, any doubt about the propriety of removal is construed against removal. *Carway v. Progressive Cty. Mut. Ins. Co.*, 183 B.R. 769, 772 (S.D. Tex. 1995). Thus, if a district court determines that it lacks subject matter jurisdiction over an action that has been removed, it must remand the action. 28 U.S.C. §1447(c).

### III.  THE OPA DOES NOT PREEMPT PLAINTIFFS' CLAIMS NOR PROVIDES FEDERAL COURTS WITH EXCLUSIVE ORIGINAL JURISDICTION OVER PLAINTIFFS' CLAIMS

Cameron argues that removal is proper because the claims and damages sought by Plaintiffs are within the exclusive scope of the OPA. Not only does Cameron's position contradict United States Supreme Court OPA precedent, Cameron's position also fails to establish, without ambiguity, that the OPA expressly preempts Plaintiffs' claims.

The United States Supreme Court, in *United States v. Locke*, 529 U.S. 89 (2000),

noted that the OPA includes savings clauses that directly pertain to a state's ability to concurrently regulate the extent of responsible party liability related to oil spills. *Id*. at 105. Specifically, the savings clauses provide:

> Nothing in this Act, the Act of March 3, 1851 (46 U.S.C. 183 et seq.), or section 9509 of Title 26, **shall in any way affect, or be construed to affect, the authority of the United States or any State** or political subdivision thereof--
> (1) to impose additional liability or additional requirements; or
> (2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law; relating to the discharge, or substantial threat of a discharge, of oil.

33 U.S.C. § 2718(c) (emphasis added). Based on these savings clauses, the Court held that the OPA did not intend to preempt a state's ability to impose additional liability for oil spills. *Id*. at 106 ("We have upheld state laws imposing liability for pollution caused by oil spills. Our view of OPA's saving clauses preserves this important role for the States, which is unchallenged here." (internal citation omitted).

Notably, in the single paragraph Cameron devotes to its basis for removal, Cameron neglects to discuss the Supreme Court's analysis in *Locke*, and relies on a single case from the Eastern District of Louisiana, *Gabarick v. Laurin Maritime (America) Inc.*, 623 F.Supp. 2d 741 (E.D. La. 2009), which involves a different set of facts. *Id*. at 744 (involving state claims and OPA claims asserted between responsible parties). In dismissing the state claims, the *Gabarick* court held that the OPA savings clause related only to jurisdiction and did not preserve one's right to raise state claims. This interpretation wholly contradicts the Supreme Court's analysis in *Locke*; notably, a decision not cited by the *Gabarick* court.

Further, in a case similar to the facts before the court, the Eastern District of Louisiana has specifically found that OPA does not preempt state law in the area of oil

spill liability and compensation. *Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859, 863 (E.D. La. 2001) (quoting Cynthia M. Wilkinson, L. Pittman, Rebecca F. Dye, *Slick Work: An Analysis of the Oil Pollution Act of 1990,* 12 J. Energy Nat. Resources & Envtl. L. (1992)). The court noted that, unlike this case, removal is proper where the Plaintiff has specifically pled a claim under the OPA. *Id*. Plaintiff has not pled any OPA claims nor any other claim giving rise to federal question jurisdiction. The Eastern District of Louisiana also evaluated the OPA's legislative history and determined that there is clear Congressional intent to affirm the rights of States to protect their own air, water, and land resources. *Id.* at 863-864. Moreover, the *Tanguis* holding — that the OPA does not preempt state claims —has been mimicked by other federal circuit and district courts. *See United States v. Massachusetts*, 493 F.3d 1, 7 (1st Cir. 2007); *In Re Exxon Valdez*, 270 F.3d 1215, 1252 (9th Cir. 2001); *Russo v. M/T Dubai Star*, 2010 WL 1753187, at *6 (N.D. Ca. April 29, 2010); *Williams v. Potomac Elec. Power Co.*, 115 F.Supp.2d 561 (D. Md. 2000); *Complaint of Nautilus Motor Tanker Co., Ltd.*, 900 F.Supp. 697, 702 (D. New Jersey 1995).

In the instant matter, the text of the statute does not contain any language rendering the OPA the exclusive remedy of Plaintiffs, and the Supreme Court has "effectively foreclosed any argument as to pre-emption" for liability under the OPA. *Williams,* 115 F.Supp.2d at 565. Therefore, Defendants conclusion that this action is subject to removal because Plaintiff's claims are "within the ambit of the OPA" is wholly without merit. Because Plaintiffs have not alleged any claims subject to federal jurisdiction, this Court lacks the requisite subject matter jurisdiction and remand is required.

IV. **PRAYER**

For the reasons asserted above, Plaintiffs respectfully pray that this Court grant

its Motion for Remand, and remand the instant action to its original proceeding in the 80th District Court of Harris County, Texas, Cause No. 2010-34825.

        Respectfully submitted:

        /s/ Mikal C. Watts
        _____
        Mikal C. Watts
        ATTORNEY IN CHARGE
        State Bar No. 20981820
        Federal Bar No. 12419
        MCWatts@wgclawfirm.com

        J. Hunter Craft
        State Bar No. 24012466
        Federal Bar No. 24377
        HCraft@wgclawfirm.com

        Emily C. Jeffcott
        State Bar No. 24069993
        Federal Bar No. 1069933
        EJeffcott@wgclawfirm.com

WATTS GUERRA CRAFT LLP

        Robert C. Hilliard
        State Bar No. 09677700
        Federal Bar No. 5912
        Bobh@hmglawfirm.com

HILLIARD MUNOZ GONZALES, LLP

**ATTORNEYS FOR PLAINTIFFS**

        OF COUNSEL:

        WATTS GUERRA CRAFT LLP
        2506 North Port Avenue
        Corpus Christi, Texas 78401
        Phone:  361-693-3100
        Fax:      361-882-1261

        HILLIARD MUNOZ GONZALES, LLP

               719 S. Shoreline Boulevard, Suite 500
               Corpus Christi, Texas 78401
               Telephone: 361-882-1612
               Fax: 361-882-3015

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 24th day of September, 2010.

/s/ Mikal C. Watts