UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG § <br> "DEEPWATER HORIZON" § <br> in the GULF OF MEXICO, § <br> on APRIL 20, 2010 § <br> § | MDL NO. 2179 <br><br><br> SECTION: J |
| This Document Relates To: | § <br> § | <br> JUDGE BARBIER |
| Civil Action No. 10-3188 - *Nguyen, et al. v.* <br> *BP Exploration and Production, et al.* | § <br> § <br> § | MAG. JUDGE SHUSHAN |

**PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Cuch Nguyen and all individuals identified in Exhibit A, attached hereto, move pursuant to 28 U.S.C. § 1447(c) and respectfully request the Court remand this matter back to the 165th District Court of Harris County, Texas, Cause No. 2010-39428.

**I.  BACKGROUND**

This lawsuit arises out of an explosion that occurred on April 20, 2010 aboard and below the Deepwater Horizon semi-submersible mobile drilling unit.  As a result of this explosion, the Deepwater Horizon wellhead has been leaking oil at rates measured in the thousands of barrels per day, and is confirmed to be the largest recorded oil spill in United States history.

Plaintiffs in this action are commercial fisherman, including shrimpers and oyster growers, who utilize Gulf of Mexico waters and its fruits as the basis for their livelihoods.  On June 25, 2010, Plaintiffs initiated suit against Defendants — BP Exploration and Production, Inc., BP America, Inc., BP Products North America, Inc., Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling, Inc., and Cameron International Corporation f/k/a Cooper Cameron Corporation — raising only state law claims and seeking economic and punitive damages.  Defendants all maintain principal places of business in Texas.  On July 12, 2010, BP Exploration and Production,

Inc., BP America Inc., and BP Products North America Inc. ("BP") removed the above entitled action to this United States District Court, Southern District of Texas on the grounds that under the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over Plaintiffs' claims. Raising the arguments contained herein, Plaintiffs sought remand and moved for such on July 19, 2010. However, prior to ruling on Plaintiffs' motion, the Southern District of Texas stayed its proceedings pending a MDL determination. On September 22, 2010, this matter was officially transferred into this MDL before Justice Barbier in the United States District Court for the Eastern District of Louisiana.

II. **UPON REMOVAL, BP MAINTAINS THE BURDEN TO ESTABLISH FEDERAL JURISDICTION**

"Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Because its authority is limited, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, any doubt about the propriety of removal is construed against removal. *Carway v. Progressive Cty. Mut. Ins. Co.*, 183 B.R. 769, 772 (S.D. Tex. 1995). Thus, if a district court determines that it lacks subject matter jurisdiction over an action that has been removed, it must remand the action. 28 U.S.C. §1447(c).

III. **PLAINTIFFS ARE NOT WITHIN THE AMBIT OF OCSLA JURISDICTION BECAUSE PLAINTIFFS DO NOT SEEK TO ENFORCE OCSLA AND RAISE ONLY SUBSTANTIVE MARITIME CLAIMS WHICH DO NOT ARISE UNDER FEDERAL LAW**

BP argues that OCSLA provides a basis for removal because Plaintiffs' "action arises out of, and has a connection with, an operation that was conducted on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a)." (Notice of

Removal, Rec. Doc. 1, ¶ 12)  Respectfully, OCSLA does not automatically confer original federal jurisdiction to claims tenuously linked to OCSLA by mineral exploration, and Plaintiffs substantive maritime claims are not considered "federal law" under OCSLA. As will be further detailed below, this matter should be remanded back to the 165th Judicial District Court, Harris County, Texas.

> **A.     Removal is Improper Because Original Jurisdiction Under OCSLA is Limited to Actions Seeking Enforcement of OCLSA and Other Related Federal Regulations**

BP incorrectly asserts that under 43 U.S.C. § 1349(b) OCSLA confers original federal jurisdiction over all actions arising out of the production of minerals on the Outer Continental Shelf.  (Notice of Removal, Rec. Doc. 1, ¶ 13)  In actuality, OCSLA jurisdiction is limited to actions seeking to enforce OCSLA provisions, and does not allow a private right of action for the recovery economic damages.  43 U.S.C. § 1349. This limitation has been expressly recognized by the Fifth Circuit in *Wentz v. Kerr-McGee Corp.*, 784 F.2d 699 (5th Cir. 1986).  In *Wentz*, the court evaluated the legislative history of OCSLA, concluding "[t]he only new private right of action created by § 1349 is contained in § 1349(a). This provision permits a private citizen to bring suit to enforce the OCSLA and any regulations promulgated pursuant to it. . . ." Id. at 701.  Therefore, OCSLA based federal court jurisdiction **is only proper** where an action is **brought to enforce OCSLA** and other relevant regulations." *Id.* (emphasis added).  "Section § 1349(b) . . . applies by its own terms only to the jurisdiction and venue of OCSLA actions in federal courts." *Id*.  Here, Plaintiffs are not seeking to enforce OCSLA or any other regulation; instead, Plaintiffs only seek to recover damages caused by Defendants' negligence.   Defendants' argument that removal is proper because this matter is

somehow related to Outer Continent Shelf operations is misguided, and remand is therefore required.

> **B.     Removal is Improper Because Plaintiffs' Maritime Claims do not Arise Under Federal Law as Required by 28 U.S.C. § 1331 and Diversity Does Not Exist**

Further, even if this matter "arises out of, and has a connection with, an operation that was conducted on the [O]uter Continental Shelf," Plaintiffs' maritime claims invoke common law remedies appropriately heard in state court pursuant to the saving to suitors clause. 28 U.S.C. § 1333(1) ("Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."). As recognized by the United States Supreme Court, "maritime actions arising under the general maritime law are not claims that arise under the 'Constitution, treaties, or laws of the United States' for purposes of invoking federal question jurisdiction." *Romero v. International Terminal Operating Company*, 358 U.S. 354, 368, 79 S.Ct. 468 (1958), *superseded by statute* 46 U.S.C. § 761, *et seq., as recognized in Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317 (1990). Thus, because "OCSLA does not necessarily transform maritime claims falling within its jurisdictional grant into claims arising under federal law," "maritime cases do not 'arise under' federal law for purposes of federal removal jurisdiction." *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350 (5th Cir. 1999). As such, where maritime claims fall within OCSLA's jurisdiction grant, removal is only proper where diversity is achieved. *See, e.g., Hughes v. LaBorde Marine Lifts, Inc.*, 2007 WL 3124681, *4 (E.D. La. Oct. 22, 2007) ("[U]nder Fifth Circuit law, OCSLA does not displace general maritime law if general maritime law is also applicable to Plaintiff's claims."); *Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144-45 (E.D. La. 1997) (remanding because where admiralty and OCSLA claims overlap,

substantive maritime law applies and OCSLA does not provide basis for removal); *Courts v. Accu-Coat Services, Inc.,* 948 F.Supp. 592, 595 (W.D. La. 1996) (remanding maritime claims); *Fogleman v. Tidewater Barges, Inc.,* 747 F.Supp. 348, 355-56 (E.D. La. 1990) (holding that OCSLA cannot provide removal jurisdiction where claim is governed by maritime law). *But see Stokes v. Petroleum Helicopters,* 1997 WL 695557 (E.D. La. 1997) (holding OCSLA transformed state law claims into claims arising under federal law for removal purposes); *Broussard v. John E. Graham & Sons,* 798 F.Supp. 370, 374 (M.D. La. 1992) (finding diversity of citizenship irrelevant where OCSLA applied).

In the matter before the Court, Plaintiffs raise only maritime claims, and BP has not alleged that it is diverse from Plaintiffs nor does diversity exist among any parties. Remand is therefore necessitated because "removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of suit . . . ." *Nase v. Teco Energy, Inc.*, 347 F.Supp.2d 313, 319 (E.D. La. 2004).

### 1. Plaintiffs' Raise Maritime Claims

For general maritime law to govern a claim, "an incident must have both a maritime situs and a connection to traditional maritime activity." *Hufnagel*, 182 F.2d at 351; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995); *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). Plaintiffs' claims satisfy both requirements.

### a. Defendants' Negligence Occurred in the Outer Continental Shelf

"Maritime situs" is determined by looking at whether the "tort either occurred on navigable waters, or if the injury is suffered on land, that it was caused by a vessel on navigable waters."  *Hufnagel*, 182 F.2d at 351.  Here, both parties agree that the incident occurred in navigable waters located on the Outer Continental Shelf.  (Notice of Removal, Rec. Doc. 1, ¶ 9)  As such, the first prong of maritime claim classification is met.

### b. Plaintiffs' Claims are Inextricably Intertwined with Maritime Activity

The second prong is likewise met as Plaintiffs are commercial fishermen, including shrimpers and oyster growers, and such commercial fishing activities are synonymous with traditional maritime activity.  *See State of La. ex rel. Guste v. M/V Testbank (M/V Testbank I)*, 752 F.2d 1019, 1026 (5th Cir. 1985) (noting that "that fishermen have historically enjoyed a protected position under maritime law, and suggested that economic considerations also supported permitting recovery.")  "In numerous ways, the fishing industry is clearly a part of traditional maritime activity; and to assert otherwise would amount to a repudiation of much of maritime history."  *Union Oil Co. v. Oppen*, 501 F.2d 558, 561 (9th Cir. 1974); *see also State of La. ex. rel. Guste v. M/V/ Testabank (M/V Testbank II)*, 524 F.Supp. 1170, 1173 (E.D. La. 1981) ("Traditionally, seamen have been recognized as favored in admiralty and their economic interests require the fullest possible legal protection.").  Thus, Plaintiffs claims meet the requisite criteria for maritime classification.

### 2. *No Diversity Exists in this Matter*

Where substantive maritime claims preclude federal question jurisdiction under OCSLA, removal is limited to "only when they would be removable on some basis

other than their maritime or admiralty nature. This would permit removal of a case that would be removable as a diversity case . . . ." C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3674, p. 466 (1985). As noted above, diversity is not present in this matter nor has BP asserted any other grounds for removal.

As such, removal of this action is improper because the saving to suitors clause authorizes a plaintiff to raise substantive maritime claims in a proper state forum. Here, because Plaintiffs meets the requirements for a "maritime claim" and because diversity is not achieved in this matter, OCSLA does not impose original federal court jurisdiction.

IV.   PRAYER

For the reasons asserted above, Plaintiffs respectfully pray that this Court grant its Motion for Remand, and remand the instant action to its original proceeding in the 165th District Court of Harris County, Texas, Cause No. 2010-39428.

Respectfully submitted:

/s/ Mikal C. Watts

_____
Mikal C. Watts
State Bar No. 20981820
Federal Bar No. 12419
MCWatts@wgclawfirm.com

ATTORNEY IN CHARGE

J. Hunter Craft
State Bar No. 24012466
Federal Bar No. 24377
HCraft@wgclawfirm.com

Emily C. Jeffcott
State Bar No. 24069993
Federal Bar No. 1069933
EJeffcott@wgclawfirm.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

WATTS GUERRA CRAFT LLP
2506 North Port Avenue
Corpus Christi, Texas 78401
Phone:  361-693-3100
Fax:     361-882-1261

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 24th day of September, 2010.

/s/ Mikal C. Watts
_____