UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | ) | MDL No. 2179 |
| "Deepwater Horizon" in the | ) | |
| Gulf of Mexico, on April 20, 2010 | ) | Section: J |
| | ) | |
| This document relates to: | ) | Judge Barbier |
| | ) | Mag. Judge Shushan |
| ALL CASES | ) | |
| | ) | |

**PSC APPLICATION OF CHARLES M. TEBBUTT**

In compliance with Pre-Trial Order No. 1, I hereby submit my application for appointment to the Plaintiffs' Steering Committee ("PSC"). I represent the Center for Biological Diversity ("The Center") in a civil enforcement action based upon the statutory provisions of the Clean Water Act, Comprehensive Environmental Response Compensation and Liability Act (CERCLA), and Emergency Planning and Community Right to Know Act (EPCRA), through the citizen suit provisions provided by Congress. The Center's role as private attorney general acting in the public interest is unique in this MDL process and, as such, deserves voice on the PSC. At present, the civil enforcement or government bundle, which has yet to be fully defined, has had little or no direct representation. The proposed bundle, in which I include my client's case, includes cases far different than most of the damage claims sought in the vast majority of cases before this Court. Accordingly, this bundle deserves, and I submit, requires participation on the PSC in order to represent the very different procedural and substantive nature of these cases. I do, however, believe that because of the few cases

in this bundle, representation of this group should require far less work than the tort lawyers on the PSC.

**(a) Willingness and availability to commit to a time-consuming project**

The Center's case presents certain aspects of discovery and general case management that necessitate different approaches than the individual and class damage actions sought by plaintiffs and again different than the natural resource damage issues pursued by, or to be pursued by, municipalities, states, tribes, and the federal government. I am requesting participation on the PSC to represent the unique interests of my clients and the other members of the civil enforcement bundle. I have no hesitation about the time commitment involved. I am well-qualified and eager to serve in this capacity.

**(b) Ability to work cooperatively with others**

I have a strong track record of working with the U.S. Department of Justice, U.S. EPA and various states co-prosecuting environmental enforcement cases against polluters. I am certainly capable of working cooperatively with others to represent the unique interests of the civil enforcement bundle on the PSC.

**(c) Professional experience in this type of litigation**

I have been practicing environmental law exclusively for the past twenty-two years. I am one of the most experienced pollution enforcement lawyers in the United States, with particular emphasis on the Clean Water Act. I have worked on citizen suits and complex toxic tort cases in more than 20 states and the District of Columbia, many of them against Fortune 500 companies. While the case against BP, et al., involves the enforcement of environmental statutes, my experience working on toxic

torts gives me a well-rounded understanding of the tort claims brought in the vast majority of the cases in MDL 2179.  Representative cases that I have been lead counsel on include:

 - Nat'l Cotton Council v. EPA, 553 F.3d 927 (6th Cir. 2009), *cert. denied* 559 U.S. __ (Feb. 22, 2010)(consolidated from eleven circuits, vacating EPA rule excluding certain pesticide discharges from CWA permitting);

- Northern California River Watch v. City of Healdsburg, 496 F.3d 993 (9th Cir. 2007)(first CWA case deciding waters of the U.S. issues after Supreme Court's Rapanos decision), *cert. denied,* 128 S.Ct. 1225 (2008);

 - CARE v. Henry Bosma Dairy, 65 F. Supp.2d 1129 (E.D.Wa. 1999)(liability phase), 2001 WL 1704240 (E.D.Wa. 2001)(penalty phase), aff'd, 305 F.3d 943 (9th Cir. 2002)(CWA);

 - Headwaters v. Talent Irrigation District, 243 F.3d 526 (9th Cir. 2001)(CWA);

- Ecology Center of Ann Arbor v. Johnson Controls, 91CV-60304 (E.D. Mich. 1996)(EPCRA);

- Columbia River United v. Longview Fibre, C94-5489 (W.D. Wa. 1995)(CWA);

-  Atlantic States Legal Found. v. Eastman Kodak Co., 933 F.2d 124 (2d Cir. 1991)(CWA); and  - Montana CHEER, et al., v. Stone Container Corp., CV-24-M-CCL (D. Mt. 1996)(CWA, CAA, EPCRA)(co-prosecuted Clean Air Act claims with United States).

	I work full time on issues involving federal, state, and international environmental laws.  I have been involved, either in litigation or oversight responsibility, with well over 100 citizen enforcement cases in the past twenty-two years.  I have represented citizen-plaintiffs under the Clean Water Act (CWA), the Emergency Planning and Community Right-to-Know Act (EPCRA), the Resource

Conservation and Recovery Act (RCRA), the Clean Air Act (CAA), and the National Environmental Policy Act (NEPA), among other statutes.

From 1988 to 1990, I was staff counsel for Atlantic States Legal Foundation based in Syracuse, New York.  From 1990 to 1994, I was an attorney with the law firm of Allen, Lippes & Shonn, based in Buffalo, New York, where I represented victims of chemical exposure in large, complex toxic tort cases throughout the United States.  From 1994 to 2009, I was a staff attorney with the Western Environmental Law Center and have been in private practice since.

I have regularly made presentations before national and international forums about the role of citizen environmental enforcement in environmental protection.  My legal work has been featured in two books, *This Moment on Earth*, co-authored by Sen. John Kerry and Teresa Heinz-Kerry, Public Affairs, 2007, pp. 102-110, and *Animal Factory*, authored by David Kirby, St. Martin's Press, March, 2010.  I have also testified before Senate and House committees on Clean Water Act and other enforcement related legislation.

For the reasons above, including the unique nature of the civil enforcement bundle, I respectfully request appointment to the PSC for the purposes noted herein.

Respectfully submitted this 24st day of September, 2010.

        s/ Charles M. Tebbutt
        Charles M. Tebbutt, *pro hac vice*
        Law Offices of Charles M. Tebbutt, P.C.
        P.O. Box 10112, 470 W. Broadway
        Eugene, Oregon 97440
        Tel:  (541) 344-8312
        Fax: (541) 344-0188
        charlie.tebbuttlaw@gmail.com