**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES | MAG. JUDGE SHUSHAN |

**APPLICATION OF JAMES M. GARNER FOR APPOINTMENT TO**
**<u>PLAINTIFFS' STEERING COMMITTEE</u>**

I, James M. Garner of Sher Garner Cahill Richter Klein & Hilbert, L.L.C., apply for membership on the *In Re: Oil Spill by the Oil Rig "Deepwater Horizon"* Plaintiffs' Steering Committee ("PSC"). I assure this Honorable Court of my willingness and availability to serve; my ability to cooperate in doing so; that I, along with my team, will bring to the PSC the professional experience, resources and diversity necessary to best serve plaintiffs' needs; and that I will dedicate all the time and energy required to do so.

I am a lifelong New Orleanian, being a graduate of Holy Cross High School and Tulane University and Tulane Law School. I am also a co-managing partner and the chief litigator for our firm, a group that provides legal services of unparalleled quality, effectiveness and efficiency. We are located in New Orleans but serve a multi-jurisdictional clientele, and our talented team of over 40 attorneys provides our clients with sophisticated legal services common to a large firm practice with the responsiveness, personal attention and sensible staffing of a smaller firm. We count among us some of the most seasoned trial lawyers and have a wealth of experience in complex litigation. We also pride ourselves on the diversity of our lawyers and the particular areas of expertise they add to our practice.

I have been practicing for 21 years and specialize in complex litigation. I have been lead counsel in cases in New Mexico, Kansas, Arizona, Indiana, Arkansas, Mississippi, Louisiana and Texas, involving complex and class action litigation ranging from asbestos exposure, benzene

exposure, mass closings of big box retailers, noise pollution, and financial litigation. I am admitted to practice before the federal courts in Arkansas and Mississippi and all courts in Texas and Louisiana.  While at Tulane Law School, I served as a member of the Board of Editors and managing editor of the Tulane Law Review, and I graduated as a member of the Order of the Coif.  Before attending Tulane Law School, I obtained a degree in Chemical Engineering at Tulane University (summa cum laude, valedictorian) and worked as a production engineer – an experience that has endowed me with a firsthand appreciation for the science and technology behind the oil industry, particularly that behind oil exploration and production.  In addition to my practice, I have served as President of the Federal Bar Association and have also taught as an adjunct professor for Tulane. My full resume, including a list of representative cases, is available at http://www.shergarner.com/Bio/JamesGarner.asp.

Of those cases, I highlight my role in the *In re Katrina Canal Breaches Litigation*. I served as a member of the insurance committee in that litigation, and my commitment and tenacity in representing the needs of plaintiffs affected by the storm was proven. I was trial counsel and appeal counsel for Mr. Joseph Sher and Xavier University in their claims against their respective insurers. It was in that litigation that I argued before the Louisiana Supreme Court and the United States Court of Appeals for the Fifth Circuit the issue of whether the levee breaches constituted a "flood" within the meaning of flood exclusion policy language – arguably one of the single most important issues for property owners following Katrina.

In addition to that case, and together with Gladstone Jones, I highlight two major cases in which Mr. Jones's firm and mine were co-counsel.  First, there is *Doré Energy Corporation v. ExxonMobil.*  The plaintiff there owned approximately 18,000 acres of wetlands in Southwestern Louisiana, and we represented the plaintiff in its claims against numerous oil and gas exploration and production companies seeking a clean-up of its property and a remediation of pollution and other damages caused by decades of oilfield operations.  After just 2 weeks of trial, the jury rendered a verdict in favor of the plaintiff and against ExxonMobil in the amount of $57 million. After trial, Mr. Jones's firm and my firm worked together, and the matter was considered by the Louisiana Third Circuit Court of Appeal.  Writs were denied by the Louisiana Supreme Court.

Second, is the case of *Active Solutions, L.L.C. v. Dell, Inc.* The jury trial of that matter was nearly 8 weeks long and addressed the travails of New Orleans's crime camera program. Mr. Jones's firm and mine represented plaintiffs in their claims against none other than Dell itself for Dell's hand in absconding with plaintiffs' crime camera technology.  In the end, and after taking on some of New Orleans's largest firms, the jury rendered a verdict in favor of our clients and against Dell finding Dell engaged in unfair trade practices.

As I believe the foregoing demonstrates, I have the trial experience and expertise in complex litigation that service on the PSC will require. In addition to that, I also assure this Court that I, together with my team, bring the resources that service in that capacity will require for the coming years. Our firm includes a team of 20 of the brightest and most dedicated associates.  And, in addition to our lawyers, our firm has a team of support staff that is equally seasoned in complex litigation, including paralegal support already dedicated to this litigation.

Included among our ranks are lawyers with particular expertise in the facets of law and science at issue in this litigation – including the specific and complex questions of admiralty, maritime and international law.  One of my partners, Sharonda R. Williams not only obtained a medical degree before beginning her law studies at Loyola Law School, but is also a licensed patent lawyer and, thus, possesses the appreciation for matters of science this litigation will require.  Furthermore, as an African-American woman, Ms. Williams would lend added diversity to the representation in this litigation.   Another of our lawyers, Emma Elizabeth Antin Daschbach would also contribute to that diversity as a Hispanic-American woman.  Moreover, after completing her law studies at Tulane Law School, Ms. Daschbach went on to Columbia Law School where she obtained a masters in international law and, thus, an understanding for many of the particular questions of international law at issue in this litigation.

Our lawyers have also been actively engaged in numerous areas of maritime and admiralty law representing underwriters, marine drilling contractors, oilfield service companies, operators of oilfield supply and crew vessels, barge owners, shipyards and product manufacturers. Two of my partners, Peter L. Hilbert and Joshua S. Force are recognized experts in maritime law.  Together, we have served as trial counsel in major litigation concerning personal injury and death claims brought by seamen, commercial oilfield divers, longshoremen, passengers and invitees aboard vessels and have litigated claims for property damage, including claims arising out of loss of vessels. We also have significant experience in the field of maritime products liability. Mr. Force, in particular, is an active member of the Maritime Law Association of the United States, the Chair of that Association's Practice and Procedure Committee, a member of the Maritime Law Association's Board of Directors, an Editorial Fellow for the American Maritime Cases, the Managing Editor of Benedict's Maritime Bulletin, and a member of the Planning Committee and National Advisory Board of the Tulane Admiralty Law Institute, not to mention Tulane Law School's lecturer on the law governing marine pollution – including the Ocean Pollution Act – for the last five years and counting.

Resumes for all our lawyers can be found at www.shergarner.com, but I also note the laurels our firm and our lawyers have been honored to receive.  Our firm was named by *Chambers USA* as one of the top litigation firms in Louisiana for 2010.  Several of our litigators, including myself, were included among the *Super Lawyers* for 2010 and have been named among the *Best Lawyers in America* by *U.S. News* for 2010.  I have also been named as a Litigation Star by Benchmark and a Leading Lawyer by Lawdragon.

Importantly, in this matter, I am supported not only by the ranks of lawyers at my own firm, but also by those at Mr. Jones's firm, Jones, Swanson, Huddell & Garrison, L.L.C., as well as those at Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P. who are co-counsel with me in the cases pending before this Court.  Resumes for those firms and their lawyers can be found at http://www.jonesswanson.com/ and http://www.fishmanhaygood.com/. As noted above, I was co-counsel with the lawyers at Jones Swanson in both the *Doré* and *Dell* matters and, thus, know firsthand the skills those lawyers bring to a case of this magnitude.  Also of note is those lawyers' unmatched expertise in complex litigation, including their expertise in representing plaintiffs in environmental litigation.  Similarly, the lawyers at Fishman Haygood have extensive experience in complex litigation, including multi-district litigation.

In addition to the experience, expertise and resources I will bring to service on the PSC, I also emphasize the central roll I, together with my team, have already played in this litigation. Our group has been actively involved in bringing to this Court's attention matters of significance to plaintiffs. We were, for example, instrumental in the first round of temporary restraining orders addressed by this Court, including the order voiding language contained in the Master Vessel Charter Agreements being executed by clean-up volunteers that could be construed as a release of those volunteers' claims, the order addressing whether interim subsistence payments on behalf of BP constituted a release of the recipients' claims, and the order addressing safety protocol for clean-up volunteers.

We are counsel of record in the following actions pending before this Court: *John Phillips*, No. 10-1620; *Mark Tayamen*, No. 10-1222; *Boettner,* No. 10-1764; *Decatur Hotels, LLC, et al.*, No. 10-1767; *Copeland's of New Orleans, Inc., et al.*, No. 10-1926; and *Revenue Properties Southland Limited Partnership*, No. 10-1947. In addition to those captioned cases, we are counsel for dozens of other clients with a wide variety of claims, including property owners, businesses and even a former oil-service industry employee, and for all of whom we are pursuing administrative claims and for some of whom we have been successful in obtaining recovery only after the most diligent efforts. It was also our motion in the *Copeland's* matter seeking to resolve the host of practical and legal issues that have emanated out of the administrative claims process that preceded this Court's appointment of a special master. Finally, members of our group have volunteered for no less than 6 different interim working groups of plaintiffs' counsel addressing issues ranging from samples collection and testing to discovery, and I have already begun working together with others on questions relating to international jurisdiction in this case and questions relating to the GCCF claims process.

As I opened this submission, I assure this Honorable Court of my willingness and availability to serve as a member of the PSC, my ability to cooperate in doing so, and that I, along with my team, will bring to the PSC not only the professional experience necessary to best serve plaintiffs' needs in this litigation but the resources and diversity that will no doubt be necessary in doing so for the coming years. As Your Honor noted in the most recent status conference, the fate of this entire litigation will largely depend on how competent counsel balance skill, zealous advocacy and professionalism. Equally necessary to managing and bringing this litigation to conclusion will be counsel prepared to identify pressure-point legal issues that those counsel are both willing and able to carry up to the United States Court of Appeals for the Fifth Circuit and even the United States Supreme Court. I, together with my team, am equipped and prepared to indentify, tackle and relentlessly pursue all of those issues. I thank Your Honor for consideration of my submission and am, of course, happy to provide any additional information Your Honor should require in evaluating that submission.

**Dated:**   September 25, 2010                    Respectfully submitted,

*/s/ James M. Garner*
**JAMES M. GARNER (# 19589)**
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
Email:  jgarner@shergarner.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served electronically on all plaintiffs' counsel known to have a federal case pending, this 22nd day of September.

/s/ James M. Garner