IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"　　　　MDL No. 2179
　　　in the Gulf of Mexico on April 20, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION J

This document relates to all cases.　　　　　　　　　　　JUDGE BARBIER
　　　　　　　　　　　　　　　　　　　　　　　　　　MAG. JUDGE SHUSHAN

## Application of James R. Swanson
## For Appointment to Plaintiffs' Steering Committee

I, James R. Swanson, hereby apply for a position on the Plaintiffs' Steering Committee of MDL No. 2179. In support, I submit the following:

I.

I am a resident of New Orleans and graduated from Tulane University (B.A., Economics, 1984) and Tulane School of Law (J.D., magna cum laude, 1987), where I was a member of Order of the Coif and the Tulane Law Review.

I am the managing partner of the law firm Fishman Haygood Phelps Walmsley Willis & Swanson L.L.P. ("Fishman Haygood"). Fishman Haygood was founded in the 1990s by a group of leading transactional and litigation lawyers from three established Louisiana firms. Since then, the firm has distinguished itself as a selective group of lawyers who handle big and diverse commercial legal matters with expertise. All eight of the firm's full-time partners are recognized leaders in his or her practice, and several are published authors who teach courses without compensation at Louisiana law schools. The firm's associates all graduated at the top of their classes, and most served as editor-in-chief or managing editor of their law school's law reviews. Ten of the firm's lawyers have held federal clerkships, six with judges on the U.S. Court of Appeals for the Fifth Circuit.

I am head of litigation at Fishman Haygood and appear in a broad range of commercial litigation matters, representing clients such as The Times-Picayune, SMG, and the State of Louisiana. I have obtained a number of multi-million dollar judgments on behalf of commercial clients, and am counsel in over 80 reported decisions, including several landmark media and securities cases. Publications including *Chambers USA*, *Benchmark Litigation*, *The Best Lawyers in America*, *New Orleans Magazine*, and *Super Lawyers* have named me one of the top litigators in Louisiana. I appear in *Chambers* (2010) in "Band One" for general commercial litigation.

II.

Many of my firm's clients are Louisiana businesses that depend on the Gulf of Mexico and/or the industries it sustains. Those clients have been significantly affected by the Deepwater Horizon oil spill.

Since May, my firm and I have worked closely with affected commercial clients such as Rouse's Supermarkets and L&L Oil and Gas Services, among others, to help them navigate the claims process or take other actions to protect their rights against responsible parties.

We have worked with accounting and industrial experts to develop sophisticated but straightforward analyses of our clients' losses and, in that connection, have developed a deep understanding of the kinds of losses businesses throughout the Gulf region have sustained as a result of the oil spill and the subsequent moratorium on deep-water drilling.

We have dealt extensively with claims administrators, including BP, ESIS, and now the GCCF, and have first-hand knowledge of the problems (e.g., unnecessary and costly delays, cryptic communications) that have beset the claims process.

Our work has paid-off. For example, we recently obtained from BP $771,183 on behalf of L&L Oil and Gas Services for loss of income for the month of May 2010 alone.

We nevertheless anticipate that many, if not most, of our commercial clients will be forced to litigate their claims for compensation in MDL No. 2179. And on their behalf we intend to press what may be the biggest legal issue in this case: whether BP is liable for losses sustained by businesses throughout the Gulf region.

Must BP compensate Rouse's, for instance, for losses its grocery stores have sustained due to the devastation of Louisiana's seafood industry? Or oilfield services companies for losses they sustained due to the moratorium on deep-water drilling? Will BP's liability be limited to only a handful of industries or carefully carved geographic zones? Or will BP have to pay for all of the commercial consequences of its carelessness and indifference?

My firm and I take pride in advocating from challenging legal positions, and we bring to this particular challenge our special expertise. We understand the kinds of losses businesses are experiencing and are adept at conveying those losses to others. And we can be depended on to deliver legal analysis with competence and creativity.

We are prepared to put our efforts to broader use. Accordingly, to represent the interests of my clients and all similarly situated commercial plaintiffs, I am applying for a position on the Plaintiffs' Steering Committee.

338048v.2

III.

In support of my application, I submit that I satisfy the following specified criteria:

**(a) I am willing and available to commit to a time-consuming project.**

I have already committed significant resources and time to protecting the rights of commercial clients that have been affected by the oil spill, and intend to continue to commit any resources and time necessary to pursuing their claims against responsible parties. Furthermore, I live in New Orleans and can be available on short-notice and also can make my office space available to out-of-town counsel.

**(b) I am able to work cooperatively with others.**

My successes as a lawyer speak to my ability to work cooperatively with others. I have served as counsel in over 80 reported decisions, and publications have named me one of the top litigators in Louisiana. I enjoy working with others—co-counsel and opposing counsel—towards a common goal and will bring a cooperative spirit to the Plaintiffs' Steering Committee.

**(c) I have professional experience in this type of litigation.**

My firm and I have significant experience in mass-action proceedings.

I served as Co-Lead and Liaison Counsel on behalf of IBM and other parties in MDL No. 1298, In Re: Papst Licensing GmbH, and have recently represented Amedisys, Inc., US Unwired, Inc., and Manpower, Inc. in class action and/or multi-district litigation. We currently represent, for example: the State of Louisiana and Louisiana Stadium and Exposition District in MDL No. 2030, In Re: Merrill Lynch & Co., Inc., Auction Rate Securities Litigation, in the Southern District of New York, in an action to recover tens of millions of dollars in damages arising from misrepresentations made in connection with the issuance of auction rate securities; the Louisiana Firefighters' Retirement System, as class representative, in a class action against Northern Trust to recover damages arising from the mismanagement of retirement system funds; and plaintiffs in a class action alleging anti-trust violations against Cox Enterprises, Inc. in MDL No. 2048, COX Enterprises, Inc. Set-Top Cable Television Box Antitrust Litigation, in the Western District of Oklahoma. My partner Joseph C. Peiffer serves with Stephen Herman, Liaison Counsel in this MDL 2179, on the Plaintiffs' Steering Committee of MDL 2048.

Notably, we are adept at settling mass-action cases. *Chambers* has observed that I have the ability "to negotiate a minefield of potential options in concluding a case." For example, Mr. Peiffer and I favorably resolved the claims of hundreds of retirees who were defrauded by their investment advisor David McFadden—*after* a 90-day trial that resulted in a $22 million award against McFadden (one of the largest in NASD arbitration history). Mr. Peiffer has recently settled the claims of more than 200 investors in mass-actions pending in New York.

- 3 -

338048v.2

Relevant here, we also have significant experience litigating blow-out and explosion cases. I represented Manpower, Inc. in the defense of class-action claims arising out of the explosion at the Kaiser Plant in Gramercy, and High Pressure Integrity (now part of Weatherford International) in defense of claims arising out of an off-shore oil rig explosion (a matter tried to a jury verdict, with 6 percent fault assessed against my client).  I currently represent Superior Energy in defense of claims arising out of a blow-out off the coast of Terrebonne Parish.

Finally, we have significant experience litigating against BP.  I currently represent the Louisiana Department of Revenue in an action arising from a corporate income tax dispute with BP Products North America, Inc., and recently brought to favorable resolution an action arising from a franchise tax dispute with BP Oil Supply Company.

IV.

In addition to the foregoing, I can bring to the Plaintiffs' Steering Committee the resources of not one firm, but three.  My firm, along with lawyers at Jones, Swanson, Huddell & Garrison, L.L.C. and Sher Garner, L.L.C., serves as co-counsel in six actions[1] now pending in MDL 2179. Together our three firms have been at the forefront of the underlying litigation.

We fully, but concisely, briefed the Judicial Panel on Multidistrict Litigation on the merits of centralization and transfer to the Eastern District of Louisiana in five separate briefs.

We have communicated with counsel for BP on numerous occasions to address threshold issues that affect all parties to this litigation.  Specifically, we have tried to determine BP's position on presentment under the Oil Pollution Act, 33 U.S.C. § 2713(a).

We have sought to litigate issues that are urgent and important.  In June, for example, we moved to enjoin BP p.l.c. from dissipating assets, including issuing a dividend, in a manner that would impair its financial ability to satisfy its obligations to individuals, businesses, and governmental entities damaged by the oil spill.  In July we represented, pro bono, animal rights groups in an action to enjoin unauthorized "controlled burns" that threatened endangered sea turtles. And more recently we moved this Court to direct BP, ESIS, and/or the GCCF to publicize any "zone of eligibility" standards.

V.

In sum, I am committed to this litigation and am eager to put my firm's competency and creativity to broader use.  Thank you for considering my application.

---

[1] John Phillips, No. 10-1620; Mark Tayamen, No. 10-1222; Boettner, No. 10-1764; Decatur Hotels, LLC, et al., No. 10-1767; Copeland's of New Orleans, Inc., et al., No. 10-1926; and Revenue Properties Southland Limited Partnership, No. 10-1947.

- 4 -

338048v.2

Respectfully submitted,

*/s/ James R. Swanson*

James R. Swanson
FISHMAN HAYGOOD PHELPS
   WALMSLEY WILLIS & SWANSON, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone:  (504) 586-5252
Facsimile:  (504) 586-5250
Email:  jswanson@fishmanhaygood.com

## CERTIFICATE OF SERVICE

I certify that on this 27th day of September, 2010, I electronically filed the foregoing Application of James R. Swanson for Appointment to Plaintiffs' Steering Committee with the Clerk of Court via the Court's CM/ECF system, and thereby electronically served all counsel of record.

*/s/ James R. Swanson*

James R. Swanson

338048v.2