IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION:  J |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |

**APPLICATION OF DAWN M. BARRIOS FOR**
**APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE**

I, Dawn M. Barrios, was born, reared and educated in New Orleans, and I have practiced law here for my entire career of 32 years.

As a law student, the Tulane Admiralty Law Institute awarded me the much treasured Gilmore and Black's *The Law of Admiralty* for the highest achievement in area of Admiralty law.[1] After graduation, I clerked for the Chief Justice of the Louisiana Supreme Court, the Honorable Joe W. Sanders, for several years.  I have practiced civil litigation with Bruce S. Kingsdorf and Barbara Treuting Casteix in the Central Business District since 1979.  My practice has concentrated in complex litigation, MDLs and class actions for the last 20 years.

I am co-counsel on the first – and I believe only – class action for punitive damages pending before this Honorable Court, *Gallo, et al. v. BP, plc, et al.*, No. 2:10-cv-02795.  My co-counsel and I represent numerous fishermen, shrimpers, seafood wholesalers, charter boat operators, barrier island owners and property and business owners in Louisiana, Mississippi, Alabama, and Florida.

**WILLINGNESS AND AVAILABILITY**

I am willing, available and anxious to work as a leader in this time consuming MDL. Major MDLs in which I hold leadership positions, namely *In re: Propulsid Products Liability Litigation* (MDL-1355) and *In re: Vioxx Products Liability Litigation* (MDL- 1657), have mainly been resolved and are winding down, thus freeing up my time.

More important than a declaration of willingness and availability to pledge time, expenses, and resources to a new MDL is proof of a long-term commitment to a case.  Simply put, when I begin a case, I follow it through to completion.

My devotion to cases is best evident in both the *Vioxx* and *Propulsid* MDLs. In each case the Honorable Eldon E. Fallon vested me with leadership responsibilities as a member of the State-Federal

---

[1] Grant Gilmore & Charles L. Black, Jr., *The Law Of Admiralty* (Harry Jones ed., University Textbook Series 1975) (1957).

Liaison Committees. In the more than 100 monthly status conferences held over the past decade in both cases, I personally attended all but a handful, and I present the State-Federal Liaison Report to the Court to this day.

After the federal settlement in *Propulsid* was implemented, the Court asked the State-Federal Liaison Committee to assist the PSC in crafting a state court settlement. I participated in the negotiation of this Propulsid II settlement and navigated state court cases through the MDL resolution program. I still participate in weekly conference calls with the Special Master and attend status conferences.

In the *Vioxx* MDL, Judge Fallon again appointed me a member of the State-Federal Liaison Committee, and the committee selected me its Chair. Drawing on my experience in Propulsid and other MDLs, I quickly implemented methods to disseminate information on the MDL to all counsel with Vioxx cases, fostering coordination, cooperation and efficiency as Chair of the Committee. Because of the relationships I developed as liaison counsel, I reached out to talented litigators throughout the country to try cases in the MDL, and I was on the trial team in the *Mason* bellwether case. Currently, I present the Court with a monthly electronic database of all remand motions segregated by state and by issue, all hyperlinked with the appropriate pleadings for the Court's convenience.

In recognition of my work ethic and work product throughout the life of the case, Judge Fallon also appointed me Special Liaison Counsel for the Government Action cases in *Vioxx*, one batch of cases still remaining unresolved. I coordinate myriad actions filed by government entities and routinely interact with Lead, Liaison and defense counsel to ensure that the government entities avail themselves of the tremendous work done in the MDL. All discovery between the Government Actions and Merck is coordinated through my office; once common discovery is complete, remands will be heard.

My continued work on both the *Propulsid* and *Vioxx* MDLs – years after each began, were essentially completed, and after many attorneys left – illustrate my level of dedication. With these MDLs approaching completion, I have the time necessary to devote to this next endeavor.

## **PROFESSIONAL EXPERIENCE**

Complex litigation has been my practice's focus since 1992 when Mr. Wendell Gauthier urged me to apply for the Louisiana breast implant class action PSC and the court appointed me to that position. I have an AV Martindale Hubbell rating and for the past several years have been named a "Super Lawyer." I am routinely invited to lecture at continuing legal education seminars, especially those concerning complex litigation.

In six MDLs since 2000, Judges have named me to leadership positions. The Honorable Sarah S. Vance appointed me Lead Counsel in MDL-1643, *In re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*, one highlight of my professional career. I led a PSC of attorneys from across the country; and my opposing counsel were partners in a nationally-renowned firm. After defending the Master Administrative Complaint against a Motion to Dismiss and only 6 weeks after


Hurricane Katrina, we successfully mediated a class settlement. Chief Judge Vance ultimately approved it, and the MDL was closed in late 2008.

In addition to the appointments described above, Judge Fallon most recently named me to the PSC in MDL-2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation,* a PSC on which I serve as the only female.  Judge Fallon also appointed me Chair of the State-Federal Coordination Committee, in recognition of the coordination work I have performed in his other MDL cases.

Courts other than the Eastern District of Louisiana have also honored me with leadership positions. The Honorable James V. Selna, United States District Court, Central District of California, appointed me a member of the Plaintiffs' Liaison Counsel to State and Other Types of Cases Committee in MDL 2151, *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation.* Additionally, The Honorable Michael Davis, United States District Court, District of Minnesota, named me to the State Liaison Advisory Committee in MDL-1431, *In re: Baycol Products Liability Litigation*.

My roles as class counsel in non-MDL class actions are other examples of my experience in complex litigation.  In classes involving breast implant recipients,[2] landowners with environmental toxic exposure,[3] and farmers experiencing crawfish mortality,[4] I played major internal leadership and trial counsel roles.  I was lead trial counsel in the *Spitzfaden* common issue trial lasting six (6) months in Civil District Court and which culminated in a plaintiffs' verdict. The complexity of the *Spitzfaden* litigation is detailed in my law review article written at the request of Tulane Law Review.[5]

Ever since my initiation in MDL-926, *In re: Silicone Gel Breast Implants*, in the early 1990s, I have endeavored to be a consensus builder, a good listener, an effective leader and a hard, loyal, dedicated worker.  To accomplish these goals, I have oftentimes used my maternal side to accomplish compromise and foster cooperation. I have the ability to meld attorneys, staff, experts and witnesses together to work for the common good of the plaintiffs.

## **ABILITY TO WORK COOPERATIVELY WITH OTHERS**

In the numerous MDLs in which a court has named me to the PSC, Federal-State Liaison Committee, or as class counsel, I follow the instructions given me by the Court or Lead or Liaison Counsel and produce an excellent work product. I work well with other PSC or Federal-State Liaison Committee members, attorneys with cases outside the MDL, government entities navigating the MDL, and court personnel. Had I ever been unable or unwilling to be a "team player," this failing would have been readily apparent to the courts and my appointments would not have occurred, particularly those by Judge Fallon and Chief Judge Vance.

---

[2] *Spitzfaden et al. v. The Dow Chemical Co., et al.*, Civil District Court, Parish of Orleans, Docket No. 92-2589-F (1994).
[3] *Parrish et al. v. Tennessee Gas Pipeline Co., Inc., et al*, 10th Judicial District Court, Natchitoches Parish, Docket No. 64-527-A (1996).
[4] *West, et al. v. G&H Seed Company, et al.*, 27th Judicial District Court, St. Landry Parish, Docket No. 99-C-4984-C (2000).
[5] Dawn M. Barrios, *The Long and Winding Road for* Spitzfaden*, Louisiana's Breast Implant Class Action: 'Ad Astra Per Aspera,'* 74 Tul. L. Rev. 1941 (2000).

Throughout my career, I have also worked exceedingly well with Professor Francis E. McGovern.

## APPOINTMENT SOUGHT

My interest and experience in this MDL draws from my previous MDL appointments and the desire to help those affected by the oil spill to seek redress. I seek a position on the PSC, with the primary responsibility to head the Liaison Committee for state cases, government actions and the Gulf Coast Claim Facility.[6] This type of liaison position has been my "niche" in 5 MDLs, a position at which I am both effective and efficient. As knowing the inner workings of the MDL and the directions Lead and Liaison Counsel wish to take empower any liaison counsel to work more effectively, it is critical to the mission of the liaison function that its Chair be a PSC member, a structure identical to that created by Judge Fallon in the *Chinese Drywall* MDL.

This Court has announced the importance of and the need for counsel to liaison with other cases and entities. I believe I am the most experienced attorney to handle the liaison work between the MDL and other counsel, courts, government entities, and the GCCF. My appointment would also add diversity to the PSC. I humbly request appointment as a PSC member and to be given the primary responsibility to liaison as directed by the Court to make this MDL efficient and successful.

Of course, should the Court desire me to serve in any other capacity, I would serve in that capacity with pleasure.

**Dated:** September 27, 2010

Respectfully submitted,

**BARRIOS, KINGSDORF & CASTEIX, LLP**

By: /s/ Dawn M. Barrios
Dawn M. Barrios (LA Bar Roll #2821)
701 Poydras Street, Suite 3650
New Orleans, Louisiana 70139
Tel: (504) 524-3300
Fax: (504) 524-3313
Email: Barrios@bkc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served electronically on all plaintiffs' counsel known to have a federal case pending this 27th day of September, 2010.

/s/ Dawn M. Barrios

---

[6] *See* David F. Herr, *Manual For Complex Litigation (Fourth),* Section 20.3 (West 2010).