UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| | : | MDL NO. 2179 |
| | : | |
| IN RE:   OIL SPILL by the OIL RIG | : | |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION: J |
| APRIL 20, 2010 | : | |
| | : | |
| | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**THIS DOCUMENT RELATES TO CASE NO. 10-2087**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

Despite the length of their opposition, the BP Entities'[1] only indirectly address the arguments raised in Plaintiff's Motion to Remand by attempting to distinguish cases that, even the BP Entities admit, may be read to impose a "situs" requirement to OCSLA jurisdiction.[2] Moreover, the BP Entities suggest this Court should ignore the strict requirements surrounding removal jurisdiction based on its assertion of a mysterious "third" source of jurisdiction, all while providing no legal basis for their argument. Given the BP Entities failure to meet *their*

---

[1] BP Exporation & Production, Inc.; BP Products North America, Inc. and BP America, Inc. (Collectively the "BP Entities").

[2] See the BP Entities' opposition at p. 14.

1

burden of proving removal jurisdiction in this matter, remand of this matter to state court is mandated.

**I.      The BP Entities Incorrectly State The OCSLA's Situs Requirement**

Contrary to the arguments made by the BP Entities in their attempt to factually distinguish the cases cited by Plaintiff, Plaintiff does not argue that Section 1349 itself contains a situs requirement. Instead, Plaintiff cites a number of cases holding Section 1333(a)(1) creates a "situs" requirement that must be fulfilled *before* other sections of OCSLA, including Section 1349, can be applied.[3] As held by the Fifth Circuit in *Golden*, the "situs" and "but for" issues are *not* considered in tandem; rather, the "situs" test is a threshold to be overcome before there is any reason to even reach the issue of "but for" causation.[4] As set forth in detail in Plaintiff's original memorandum in support of this Motion, the BP Entities cannot satisfy the "situs" requirement.

**II.     The BP Entities' Mysterious "Third" Source of Federal Jurisdiction**

The BP Entities argue that OCSLA is a "grant of independent jurisdiction" which allows them to ignore the well plead complaint rule. They do not, however, provide any legal basis for this argument.

Plaintiff presumes the BP Entities are referring to the exception to the well plead complaint rule which exists when Congress completely preempts all state law causes of action. In those circumstances, any complaint that comes within the scope of the federal cause of action *necessarily* "arises under" federal law and, is thus, a basis for removal jurisdiction.[5] Thus, for all

---

[3] See *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207 (1986); *Golden v. Omni Energy Services Corp.*, 242 Fed. Appx. 965, 967 (5th Cir. 2007); *Mills v. Director, OWCP*, 877 F.2d 356 (5th Cir. 1989); *Landry v. Island Operating Company, Inc.,* 2009 WL 3241560 (W.D.La. 2009).

[4] *Golden*, 242 Fed.Appx. at 967.

[5] *Lakeland Anesthesia, Inc. v. Louisiana Health Services & Indemnity Company*, 2000 WL 1801834 (E.D.La. 2000), citing *Franchise Tax Board v. Construction Laborers*, 481 U.S. 58 (1987).

the reasons more fully set forth in Plaintiff's original memorandum in support of this Motion, the Court must follow the well plead complaint rule and remand this action to state court.

### III.     Any Doubt As To This Court's Jurisdiction Must Be Settled In Favor Of Remand

Federal courts are courts of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute.[6] This Court must presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.[7] Given that the removal statute is to be strictly construed, any doubt as to the propriety of removal is to be resolved in favor of remand.[8]

### IV.     Conclusion

Given that the BP Entities have failed to meet their burden to support removal of this matter, Plaintiff respectfully requests that, for all the foregoing and those reasons more fully set forth in its original memorandum in support, this Court grant its Motion and remand this matter to state court for further proceedings. The BP Entities should also be required to pay Plaintiff's just costs and expenses, as well as attorney's fees, incurred as a result of the BP Entities' improper removal of this case.

---

[6] *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[7] *Kokkonen*, 511 U.S. at 377.

[8] *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Cir. 1995); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979).

Respectfully submitted,

/s/ Peter J. Butler, Jr.
Peter J. Butler, Jr. (Bar #18522)
Richard G. Passler (Bar #21006)
Barrett R. Stephens (Bar #31331)
Justin W. Stephens (Bar #30987)
**BREAZEALE, SACHSE & WILSON, L.L.P.**
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
Telephone: (504) 584-5454
Facsimile: (504) 584-5452

*Appointed Counsel by District Attorney for the Parish of St. Bernard, State of Louisiana*

John F. Rowley (Bar #02245)
1101 W. St. Bernard Highway
P. O. Box 947
Chalmette, Louisiana 70044-0947
Telephone: (504) 271-1811
Facsimile: (504) 279-2874

*District Attorney for the Parish of St. Bernard*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Peter J. Butler, Jr.

159731.1