UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: OIL SPILL BY THE OIL RIG          MDL NO. 2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010          DIVISION J-1

THIS DOCUMENT RELATES TO ALL CASES

### APPLICATION OF MICHAEL G. STAG TO PLAINTIFF'S STEERING COMMITTEE

I, MICHAEL G. STAG, pursuant to Pretrial Order No. 1, respectfully request that this Honorable Court appoint me and my firm, Smith Stag, L.L.C. ("Smith Stag"), to the Plaintiffs' Steering Committee in the above captioned matter.

### I. PROFESSIONAL EXPERIENCE

I have extensive experience litigating complex oilfield pollution cases against major multinational oil companies and contractors. As a partner for Smith Stag, I have been actively pursuing oilfield pollution claims based on environmental damage and chemical exposure since 1996. Those claims have resulted in verdicts and settlements for our clients totaling hundreds of millions of dollars during that time period. These efforts have afforded me an invaluable working knowledge and insight in regards to building environmental damages and planning for long haul litigation against major oil company defendants.

Throughout my career I have regularly worked with renowned environmental and mechanical engineers, toxicologists, geologists, biologists, industrial hygienists, hydrologists, economists, as well as other experts necessary to establishing liability and determining damages. I have also developed a significant appreciation for the importance of planning and organization in complex oilfield pollution litigation based substantially on several cases:

  a. *Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.* –Judge Fallon appointed me to be one of the five members of the executive committee for the Murphy Oil spill class action litigation following Hurricane Katrina. The committee

successfully oversaw the entire litigation by planning discovery, consulting experts, coordinating sub-committees, building damages and preparing for trial while engaging defense counsel throughout. I worked extensively with experts to establish environmental damages and remediation plans. I also participated in settlement negotiations and was involved in all aspects of this litigation on an executive level.

b. *Grefer v. Alpha Technical* – I served as co-counsel with my partner, Stuart H. Smith, in this oilfield contamination case where we obtained a jury verdict of $1.056 billion against Exxon Mobil for polluting land it leased from our clients. I worked extensively with experts to create a damage model for the unique conditions at the Grefer property. This was a 6-week trial that not only involved extensive preparation on my part, but also required tremendous organizational effort and skill to coordinate a technical presentation at trial in a manner that was meaningful to a lay jury. This case required extensive time and resources not only leading up to and during trial, but also throughout the entire appeals process in federal court. The punitive damage award was initially dismissed on exception, but we were able to get them reinstated on appeal.

c. *Shield Coat Pipe Yard* – Smith Stag served as counsel in this case where an industrial property was contaminated over decades by numerous major oil companies including BP, Shell, Exxon Mobil and others. The property was owned by the Houma-Terrebonne Airport Commission and leased by our client. We were able to successfully negotiate a settlement that resulted in significant cash payments to our client and full remediation of the property.

Being on the Executive Committee for the *Murphy Oil* class action, I was exposed to many of the legal, technical and organizational issues that will be confronted by the PSC and as such I will be able to address those in an efficient manner. My work in *Grefer* has given me an appreciation of the effort and resources needed to effectively manage and plan for trial in a case of this magnitude on both a short and long term basis. That experience also exposed me to the strategies necessary to be successful against oil company defendants.

These cases affirmed my belief that having a qualified staff, knowledgeable in complex technical oil pollution litigation is paramount to ultimate success. That is why Smith Stag is set up for this type of litigation with the necessary infrastructure in place to handle the workload and with associates and staff members having bachelor level and advanced degrees in petroleum engineering, environmental engineering and toxicology. Furthermore the work

in both *Murphy Oil* and *Grefer* provided not only me, but my entire firm with unique experience from a technical and organizational standpoint that should prove invaluable to the PSC, if I were to be appointed.

Finally both *Murphy Oil* and *Shield Coat Pipeyard* display the results of effective initial planning and coordination. These cases highlight my experience in building cases and consulting with experts on technical environmental matters, as well as the importance of my ability to work with both plaintiff and defense counsel in negotiating settlements.

## II. ABILITY TO WORK COOPERATIVELY WITH OTHERS

I attribute my success in both *Murphy Oil* and *Shield Coat Pipeyard* to the fact that I have earned the respect of both my colleagues and opponents due to my skill as a litigator and ability to work with others. I have developed the professional relationships that will be necessary to effectively and efficiently conduct and coordinate discovery in this matter. I have a Martindale and Hubble AV and am also a member of the Louisiana State Bar Association, the Louisiana Bar Foundation, and the Executive Board of the Louisiana Association of Justice.

I have already worked with Plaintiffs' Liaison Counsel in this case to address issues involving worker safety, third party discovery and evidence preservation. My firm has offered our assistance to Plaintiffs' Liaison Counsel regarding legal and technical issues and will continue to do so. From the outset of the litigation my firm coordinated a working group of attorneys from the Gulf Coast states, retained experts and hired labs in order to best represent our clients. If appointed to the PSC, I will continue to work cooperatively with Liaison Counsel and others to efficiently progress this litigation.

## III. COMMITMENT OF TIME AND RESOURCES

I appreciate the enormous commitment being a member of the PSC will entail. Within days of the spill, my firm assembled a team of law firms across the Gulf Coast to address this matter.

3

My firm currently represents over 500 clients and more than $200 million in real estate claims against BP and other responsible parties. Some of our cases include: *Barisich, et al., v. BP, p.l.c., et al., 10-1324; Griffits Investment Limited Partnership v. BP, p.l.c., 10-1512;Vath & Louisiana Environmental Action Network, Inc. v. BP, p.l.c., 10-01274, Curtis v. BP, plc,et al, 10-3001*. This team sought and obtained the first order prohibiting BP from demanding a waiver of future legal rights before workers could be hired for cleanup efforts and requiring the company to acknowledge its responsibility to assure worker safety during cleanup operations. Smith Stag also immediately retained experts who have collected invaluable evidence since the beginning of the spill and we have actually made that data publicly available to all counsel.

Due to my experience in *Murphy Oil* and *Grefer*, as well as the substantial work I have performed in this matter already, I am fully aware of the significant time and resources that will be required of the PSC members in this matter. I am not, nor are any of my partners, a member of any other PSC at this time and so I stand by ready to make that commitment should I be appointed to the PSC.

## IV. CONCLUSION

I submit that I have unique professional experience that will be critical to the success of this litigation. I have committed my time and my firm has committed substantial resources to this matter and I am prepared to continue to do so. Accordingly, I respectfully request that this Honorable Court appoint me to serve on the PSC.

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing pleading has been sent via the Court's CM/ECF system to all counsel of record.

s/*Michael G. Stag*

Respectfully submitted,

s/*Michael G. Stag*
**Michael G. Stag, La. No. 23314**
Smith Stag, LLC
365 Canal St., Suite 2850
New Orleans, Louisiana 70130

4