**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** * | **MDL No. 2179** |
| **"Deepwater Horizon" in the** * | **Section J** |
| **Gulf of Mexico on April 20, 2010** * | **Judge Barbier** |
| **This Document Relates to All Cases** * | **Magistrate Judge Shushan** |

### APPLICATION OF LYNN E. SWANSON FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE

I, Lynn Elizabeth Swanson, apply for a position on the Plaintiffs' Steering Committee ("PSC") of MDL No. 2179. I believe that as a relatively young female attorney with experience in MDL matters, I offer a unique perspective to this PSC. In support of my application, I submit the following:

I.

I am a resident of New Orleans and graduated from Bryn Mawr College (B.A., 1989) and New Orleans' Loyola University School of Law (J.D., 1993). I am the partner in charge of commercial litigation of the law firm Jones, Swanson, Huddell & Garrison, LLC ("Jones Swanson"). Since our founding in 2001, Jones Swanson has distinguished itself as a select group of lawyers who handle important and complex litigation. Our practice focuses on environmental litigation; complex commercial litigation, including actions involving anti-trust violations, securities fraud, and tax shelter abuse; catastrophic personal injury litigation; and consumer and employee protection. We have been appointed lead counsel in class actions and mass tort suits, and have brought those cases to favorable resolutions. We have deep experience in crafting resolutions to complex cases involving divergent parties, and when settlement cannot be reached we diligently represent our clients' interests in court.

Our firm is dedicated to representing its clients with professionalism and integrity. We have an impeccable reputation in a contentious litigation community, and have received awards for our contributions to the law and substantial pro bono service. All of our partners are recognized leaders in the fields of environmental and commercial litigation. Our firm's associates are graduates of Tulane Law School, Louisiana State University Paul M. Hebert Law Center, and Georgetown School of Law, where they obtained, *inter alia*, certificates in civil law and environmental law, graduated with honors and were editors and contributors to their schools' law reviews.

II.

Many of our firm's clients are Louisiana businesses, small and large, that depend on the Gulf of Mexico and the industries it sustains. Those clients have been significantly affected by the Deepwater Horizon oil spill. Since May, our firm has worked closely with affected individual clients, such as fishermen and shrimpers, as well as large commercial clients, such as hotels and restaurants, to help them navigate the claims process or take other actions to protect their rights against responsible parties. We have dealt extensively with claims administrators through BP, ESIS, and now the GCCF. Accordingly, we have first-hand knowledge of the problems (*e.g.*, unnecessary and costly delays, cryptic communications) that have beset the claims process.

We have been assertive in litigating issues that are urgent and important to our clients. Specifically, at the beginning of litigation arising from the BP oil spill, we were part of a group of attorneys that successfully moved for relief and obtained consent judgments and stipulations regarding waivers that were included in contracts fishermen were asked to sign to participate in the "vessels of opportunity" program, and regarding training and use of personal protective equipment for participants in the VOO program. We were subsequently part of a group of attorneys who moved this Court for court supervision over the then-BP-administered claims process, which resulted in June in an agreement by BP counsel to engage in weekly conferences to resolve early problems with the claims process. We were part of a group of attorneys who moved this Court for injunctive relief regarding dissipation of assets by BP, which immediately preceded BP's announcement that it would forego distribution of dividends and agree to creation of a $20 billion escrow fund. We have served as local counsel in a matter to ensure appropriate protections for endangered sea turtles during oil-burn operations. Most recently, we drafted and filed a motion with this Court seeking court supervision or appointment of a special master overseeing the GCCF claims process. Considering the low percentage of claims that have been resolved, it is critical to move as many legitimate claims as possible toward swift resolution; on September 24, this Court appointed a special master, and denied the then-pending motion to continue the hearing of our clients' Rule 59 motion as moot.

We have worked closely with the plaintiffs' leadership in this litigation and as evidence of our dedication, and the regard in which we are held in the community of plaintiffs' lawyers, our firm has been tasked by plaintiffs' liaison counsel to participate in some of the working groups that will be dedicated to certain troublesome issues that have arisen and that will arise in this complex multidistrict litigation.

We have also been active and assertive in communicating with counsel for BP on numerous occasions to address threshold issues that affect all parties to this litigation. Specifically, we have tried to determine BP's position on presentment under the Oil Pollution Act, 33 U.S.C. § 2713(a).

Furthermore, we fully yet concisely briefed the Judicial Panel on Multidistrict Litigation on the merits of centralization and transfer to the Eastern District of Louisiana in five separate briefs.

In sum, we have been involved from the outset and are committed to seeing the underlying litigation through to successful resolution.

III.

As a female attorney with experience in complex litigation that is rare for my age, I have both energy and knowledge which I am eager to put to broader use on the PSC. Accordingly, in support of my application, I submit that I satisfy the following specified criteria:

    **(a)**     **I am willing and available to commit to a time-consuming project.**

I have carefully read Pretrial Order No. 1 and am mindful of the time commitments to this complex and important multidistrict litigation. I have already committed significant resources and time to protecting the rights of commercial clients that have been affected by the Deepwater Horizon oil spill, and I intend to continue to commit any resources and time necessary to pursuing their claims against responsible parties. My firm's staff is well-experienced in oil pollution and commercial litigation, and we are already deeply involved in handling complex claims in this litigation. I am a resident of New Orleans and my firm's office is located across the street from the

Eastern District of Louisiana courthouse. I am available on short notice and can make our office space available to out-of-town counsel.

### (b)   I am able to work cooperatively with others.

My successes on behalf of my clients, as detailed below, speak to my ability to work cooperatively with others, including opposing counsel. Furthermore, I am my firm's designated coordinator for our firm's efforts in the underlying litigation, and in that capacity I routinely cooperate with co-counsel to further our clients' interests. I have years of experience in handling difficult settlement negotiations in complex litigation, and I have built a strong reputation in the community as an honest, trustworthy and hard-working lawyer. I know how to arrive at consensus in contentious litigation. I pledge to bring a cooperative spirit to the Plaintiffs' Steering Committee.

### (c)   I have professional experience in this type of litigation.

During the first ten years of my practice, before the formation of Jones, Swanson, Huddell & Garrison, I worked almost exclusively on multidistrict litigation. I began my law career working on discovery issues involved in MDL 926: *In re: Breast Implants Products Liability Litigation*. Thereafter, I helped revise the means by which common benefit discovery is performed and worked hands-on performing tasks for plaintiffs' committees in products liability and pharmaceutical multidistrict litigations, including MDL-1014 (Orthopedic Bone Screws), MDL-1203 (Diet Drugs), MDL-1348 (Rezulin), MDL-1355 (Propulsid), MDL-1373 (Bridgestone/Firestone, Inc., Tires), MDL-1401 (Sulzer Orthopedics, Inc., Hip Prosthesis and Knee Prosthesis Products), MDL-1407 (Phenylpropanolamine (PPA)), MDL-1431 (Baycol), and MDL-1657 (Vioxx). My experience working on multidistrict litigation has allowed me to forge close working relationships with many of the attorneys who have historically been appointed to PSCs, including many of those who have applied to be members of this PSC.

My firm and I have significant experience in complex, mass-action proceedings, particularly in cases involving environmental and toxic torts, commercial claims, and catastrophic personal injury. Relevant here, we performed quite a lot of work for the science and discovery committees in the Vioxx litigation. We have successfully represented both plaintiffs and defendants, and are at ease handling complex litigation.

*Representative environmental and toxic tort cases include:*

- *Fox, et al v. Cheminova, Inc., et al* - We represented in federal court a class of lobstermen from New York and Connecticut who suffered damages after their lobster crop in Long Island Sound was damaged by several pesticide manufacturers. We worked with a firm of economists from Cambridge, Massachusetts who developed important expert opinion that linked economic losses to the injury to the natural resource - the lobster fishery – and thereby successfully quantified the damages suffered by the fishermen and the fishing industry.  This complex case resulted in a successful settlement of the fishermen's claims.

- *Doré Energy Corporation v. Carter-Langham, Inc., et al* - We represented Doré Energy Corporation, owner of approximately 18,000 acres of wetlands in Southwestern Louisiana, in a suit against numerous oil and gas exploration and production companies to recover remediation and other damages associated with decades of oil pollution.[1] After a two-week

---

[1] Attorneys with Jones Swanson discovered that one oil company was using Dawn detergent as a "dispersant," which acted to sink the oil to the bottom of the waterway. Experts in that case found that the animal life located in the area of

- 3 -

trial, a jury rendered verdict in favor of *Doré* and against ExxonMobil Oil Corporation in the amount of $57 million. The jury's verdict was upheld by the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court declined to hear ExxonMobil's appeal.

- *Hazelwood Farm, Inc. v. Liberty Oil & Gas, et al* - We represented Hazelwood Farm, Inc., which owns approximately 680 acres of land in St. Landry Parish, Louisiana, against numerous oil and gas exploration and production companies to compel remediation and recover other damages associated with decades of oil pollution. The case resulted in a favorable verdict for *Hazelwood*, which verdict was upheld on appeal by the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court.

*Representative commercial claims cases include:*

- *Ducote Jax Holdings, L.L.C. v. Bradley* - We represented clients who were induced to participate in an unregistered, unlawful, and abusive tax strategy, designed and implemented by a conspiracy of defendants, in an action filed against a major law firm and international banking corporation. The suit resulted in two complex settlements with the majority of clients, and a subsequent trial against one remaining defendant, which resulted in a verdict pursuant to RICO.

- *Active Solutions, et al v. Dell, Inc., et al.* - We represented local New Orleans' technology companies that had devised the first successful citywide wireless video surveillance system in the United States and the world against numerous entities and individuals. On November 2, 2009, after six weeks of trial, a jury rendered verdict in favor of plaintiffs and against defendants in the amount of $16.3 million, finding that Dell and other defendants had, among other findings, conspired with one another to violate Louisiana's Unfair Trade Practices Act.

IV.

Finally, I am supported in this litigation by the resources of not one firm, but three. My firm, along with lawyers at Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P., and Sher Garner, L.L.C., serve as co-counsel in six actions[2] now pending in MDL 2179. Together, our three firms have been at the forefront of the underlying litigation. We bring to the table experience and professionalism, and we have respect in the community of plaintiffs attorneys involved in this litigation. All three firms stand ready to pursue plaintiffs' interests diligently and to work cooperatively with other members of the bar to resolve this matter efficiently and with finality.

V.

In conclusion, I am eager to serve on the Plaintiffs' Steering Committee and thereby put my energy, knowledge, and resources to broader use. Thank you for considering my application.

Respectfully submitted,

/s/ Lynn E. Swanson
Lynn E. Swanson

---

the sunken oil had a dramatically increased rate of death as compared to the same animal life found several hundreds yards away from the pollution.

[2] *John Phillips*, No. 10-1620; *Mark Tayamen*, No. 10-1222; *Boettner*, No. 10-1764; *Decatur Hotels, LLC, et al.*, No. 10-1767; *Copeland's of New Orleans, Inc., et al.*, No. 10-1926; and *Revenue Properties Southland Limited Partnership*, No. 10-1947.