UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : MDL NO. 2179 <br> : <br> : SECTION: J <br> : |
| This Document Relates to: ALL CASES | : Judge Barbier <br> : Mag. Judge Shushan |

**APPLICATION OF J. EDWARD BELL, III, FOR APPOINTMENT TO THE <u>PLAINTIFFS' STEERING COMMITTEE</u>**

COMES NOW J. Edward Bell, III of the law firm of The Bell Legal Group, and pursuant to Pretrial Order No. 1, files this application respectfully requesting that this Honorable Court appoint him to the Plaintiffs' Steering Committee ("PSC") for MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010.*

Mr. Bell is counsel of record in the following cases pending in this MDL: *Earl Brandt, et al. v. BP, PLC, et al.,* Case No. 2:10-cv-3275 ; *Divine Fish House, et al. v. BP, PLC, et al.,* Case No. 2:10-cv-3276 ; *The Litchfield Company, et al. v. BP, PLC, et al.,*, Case No. 2:10-cv-3277 . In addition, Mr. Bell and his firm represent numerous fisherman, homeowners, landowners, realtors, local businessman, municipalities, and homeowners associations within the states of Florida and Louisiana.

The Court has set out three essential criteria for appointment to the PSC. Mr. Bell and his firm satisfy each of these criteria and bring an extensive body of knowledge and experience as it pertains to the litigation of both environmental and mass tort cases. This experience will be a benefit to all parties involved in this litigation.

**<u>WILLINGNESS AND AVAILABILITY TO COMMIT TO A TIME-CONSUMING PROJECT</u>**

Mr. Bell has always devoted his most to every case he is involved in, albeit a medical malpractice case in state court, or a mass tort environmental case spanning multiple states and districts. As with all of his cases, he is dedicated to the *Gulf Oil Spill* litigation and has already spent numerous hours facilitating the administration of his various *Gulf Oil Spill* cases.

Mr. Bell also has the capital resources available to fully realize the PSC's goals for this litigation. He has, already, spearheaded the formation of the Oil Spill Legal Alliance ("OSLA") in the wake of the Gulf Oil Spill tragedy. OSLA is not only a group of attorneys, but a consortium of intellectuals, scholars,

1

experts, and activists who want to not only help the affected areas of the Spill, but also hold the responsible parties accountable. He has also helped fund Gulf Oil Spill presentations, lectures, and community forums for those affected.

Finally, Mr. Bell is not actively engaged in any other national or regional MDL matters which require his daily participation or which might interfere with his work on this case. Furthermore, his office has the personnel, facilities, and resources available to support Mr. Bell's appointment to the PSC. This solid base will help ensure that all the Plaintiffs' causes of action can be litigated in an effective and efficient manner, and that this action will be adequately managed and supervised. He is prepared to commit his professional and personal time, resources, and capital to the PSC appointment.

## ABILITY TO WORK COOPERATIVELY WITH OTHERS

An additional factor identified by this Court in appointing members to the PSC is the ability to command the respect of other Plaintiffs' counsel and the ability to work in tandem with other counsel and the Court. Mr. Bell has worked with, against, and has personal and professional relationships with many of the firms and attorneys involved in this litigation.

With his vast experience in the realm of product liability litigation, Mr. Bell has constantly sought to advance the knowledge of other similarly situated plaintiff's lawyers that take on large corporate defendants. Mr. Bell has compiled a vast library of proprietary documents related to auto manufacturers that he has shared with others in an attempt to make auto defect cases more efficient and affordable to litigate.

Moreover, with over twenty-five years of experience, Mr. Bell has become recognized throughout the State of South Carolina and country as a strong, yet fair, lawyer who is known for his prowess, not only in the courtroom, but also during the discovery phase of his cases, where he is able to craft and tailor requests to obtain the exact information he is seeking.

## PROFESSIONAL EXPERIENCE IN THIS TYPE OF LITIGATION

Mr. Bell, senior partner and founder of Bell Legal Group in Georgetown, South Carolina, is a *practicing* trial attorney specializing in complex civil litigation. He distinguished himself early in his

career in the demanding auto torts field and has become a top litigator at the national level in the fields of automotive safety and defects, environmental law, police and jail misconduct, and medical malpractice.

Mr. Bell is a member of the South Carolina Bar Association, South Carolina Trial Lawyers Association, American Bar Association, and American Association of Justice.  He is admitted to practice before the South Carolina Supreme Court, the Fourth Circuit Court of Appeals, the Court of Appeals for the Federal Circuit, the United States Supreme Court, and has tried cases nationwide.  He is furthermore listed in The American Trial Lawyers Association's Top 100 Attorneys in America, and recently received the prestigious SC Lawyers Weekly 2010 Leadership in Law Award.

He has tried over 300 major cases throughout the United States and is reported to have one of the highest win/loss records in the country.  He holds the record for the largest products liability verdict in the State of New York.[1]  Furthermore, Mr. Bell brought to finality a twenty-year-old case against the South Carolina Public Service Authority and Army Corps of Engineers in front of District Court Judge Michael Duffy, resulting in a mediated settlement of $218 million for his clients.[2]

Mr. Bell has extensive experience in the realm of environmental litigation.  He has taken on such corporate giants as Tyson Foods, Inc. and International Paper, Inc., in addition to federal, state and local authorities, holding them accountable for their actions of using citizens "backyards" as their toxic dumping ground.  In *International Paper*, a case that spans several States and is pending class certification in Alabama, is comprised of several class action complaints filed in Louisiana, Alabama, and South Carolina.  Mr. Bell is lead counsel in these highly scientific and detail specific cases.

In addition, Mr. Bell represents 755 claimants against the Federal government for injuries related to the water contamination in Camp Lejeune Marine Corps Base in North Carolina.  He has instituted numerous "town hall" meetings regarding the health effects of the contamination, in addition to the process required to recover for those damages.  While those cases have not been filed in any court, it has required hundreds of hours of research and planning; financial resources;  management of firm resources; and dedication to ensure the claims are brought to court.

---

[1] *Motelson v. Ford Motor Company* (2008), Index #12660/01, Supreme Court of New York, County of Richmond.
[2] Souders, et al. v. South Carolina Public Service Authority, a/k/a Santee Cooper (2009), C.A. Nos.: 2:93-3077-23 and 2:93-0673-23, District Court of South Carolina, Charleston Division.

Finally, Mr. Bell has joined <u>Backwater Prop. v. Range Resources, et al.</u>, a large scale class action filed in West Virginia alleging a fraudulent misrepresentation regarding the lease of oil and mineral exploration rights.  In addition, Mr. Bell is currently involved in three large scale class actions that have yet to be certified by the District Court: *Bishop, et al. v. Proctor & Gamble Company, et al.,* District of South Carolina, Charleston Division, 3:10-cv-01470; *Gilliand et al. v. Synovus Financial Corp*, District of South Carolina, Columbia Division, 3:10-cv-01924; and *Hollman v. TLC The Laser Eye Center Institute, Inc., et al.*, District of South Carolina, Greenville Division, 6:10-cv-00685.  Both of these cases involve highly technical and scientific issues that will become more identifiable during their respective discovery phases.

**<u>CONCLUSION</u>**

The *Gulf Oil Spill* parties in South Carolina, in addition to the hundreds of homeowner's associations within the State of Florida, must have a representative on the PSC.  Mr. Bell has been actively involved in complex civil litigation for over twenty-five years and has the willingness, experience, and ability to fully cooperate with all attorneys involved in this large scale litigation.  Accordingly, Mr. Bell respectfully requests that the Court appoint him to serve on the Plaintiff's Steering Committee.

Respectfully submitted,

/s/ J. Edward Bell, III
J. Edward Bell, III
Bell Legal Group
232 King Street
Georgetown, South Carolina 29440
Tel:  (843) 546-2408
Fax: (843) 546-9604

September 26, 2010