UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : | MDL NO. 2179 |
| | : | SECTION: J |
| This Document Relates to: 2:10-cv-01984 **Clay Whittinghill v. Abdon Callais Offshore, L.L.C.** | : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY LITIGATION PENDING ARBITRATION**

MAY IT PLEASE THE COURT:

Plaintiff opposes Defendant's Motion to Compel Arbitration on the premise that the arbitration agreement signed by Plaintiff is a contract of employment of a seaman, Plaintiff, and is therefore exempted from the provisions of the Federal Arbitration Act ("FAA"). Plaintiff relies on two cases to support this argument, neither of which address the issue involved here. In *Brown v. Nabors Offshore Corporation*, 339 F.3d 391 (5th Cir. 2003), the seaman's employer sent the plaintiff a letter sometime after he had been employed advising him that the company had adopted a dispute resolution program requiring that all disputes between the defendant and its employees be resolved through arbitration. The notification to the plaintiff required that he sign the agreement, but in the event he did not return the acknowledgement form, his continued employment would be subject to the ADR program. The plaintiff was injured on the job subsequent to this and filed suit under the Jones Act and the general maritime law. Nabors sought to compel arbitration based upon the ADR document. The issue of whether or not the arbitration agreement constituted a contract of employment was never raised. Rather, the defendant argued that while the plaintiff was a seaman for purposes of the Jones Act, he did not



1476479.1/010726.000002

fall within the scope of the FAA's exemption because he was not engaged in the transportation of goods in foreign or interstate commerce. The Fifth Circuit rejected this argument, ruling that the exemption applied regardless of whether or not the plaintiff was engaged in commerce. *Id.* at 394. The other issue considered by the Fifth Circuit was Nabors' argument that the plaintiff was not a seaman within the meaning and intent of the FAA, and it likewise rejected that argument. *Id.* at 395. Again, no issue was raised as to whether or not the arbitration agreement which was sent to the plaintiff after his employment had begun constituted an employment contract within the meaning and intent of the FAA.

Plaintiff also cites *Buckley v. Nabors Drilling USA, Inc.*, 190 F.Supp. 2d 958 (S.D. Tx. 2002), a case involving the same defendant and the same arbitration agreement as in *Brown.* In *Buckley*, the plaintiff was notified of the new dispute resolution program in the same manner as the plaintiff in *Brown.* Buckley likewise sustained an injury after receiving the notification, and sued under the Jones Act and general maritime law. Nabors filed a motion to compel arbitration. Two issues were addressed by the court in this case, the first being whether there was a valid agreement to arbitrate and the second being whether the dispute in question fell within the scope of the agreement. Nabors argued that the exemption applied only to seamen actually involved in the movement of goods and that the plaintiff, who was employed on a drilling rig, did not fall within that scope. The Court rejected defendant's contention that the term "seaman" in the FAA should be limited to the interpretation provided under the Fair Labor Standards Act. Thus, the court ruled that the arbitration agreement was outside of the coverage of the FAA. *Id.* at 962-965. It also ruled that the plaintiff had not entered into the agreement with Nabors based upon the facts and circumstances of the case. *Id.* at 965. The issue of whether or not the arbitration agreement was a contract of employment was never raised in the case.

Defendant submits that the issue of whether the arbitration agreement signed by Plaintiff Whittinghill constitutes an employment agreement of a seaman and thus is outside of the scope of the FAA is an open question. Plaintiff concedes that post-injury agreements to arbitrate signed by seamen are within the scope of the FAA, whereas pre-injury agreements are not. (Plaintiff's Memorandum at pp. 8-9). In making this argument, Plaintiff ignores the authorities submitted by Defendant including the decision of the Fifth Circuit in *Terrebonne v. K-Sea Transportation Corp., et al.*, 477 F.3d 271 (5th Cir. 2007).

In *Terrebonne*, the seaman suffered a hernia on the job which was repaired and he thereafter returned to work. The seaman then signed a written "Partial Release and Claims Arbitration Agreement" in which he accepted a sum of money in settlement of all of his claims relating to the incident, but reserved the right to seek recovery for damages that may develop thereafter. He agreed to arbitrate any such claims in New York. Plaintiff filed suit in the U.S. District Court in Louisiana and the Defendant moved to stay proceeding pending arbitration. The court granted the stay and the matter was submitted to arbitration. The arbitrators denied plaintiff relief except to grant him an award for the cost of the arbitration. The defendant employer moved to enforce the arbitration award which the District Court granted and the matter was appealed to the Fifth Circuit. The plaintiff argued that the arbitration agreement was barred by §1 of the FAA, as it was a seaman's contract of employment. The Fifth Circuit rejected this, finding that the agreement did not fall within the exception of contracts of employment of seamen. 477 F.3d 271. The Court also rejected the plaintiff's claim that requiring arbitration of the seaman's Jones Act claim is contrary to public policy, finding that, beyond the express exemption of contracts of employment of seamen, "there is certainly no more public policy to exempt seamen from the binding effect of pre-dispute contracts – *other than* contracts of

employment – to arbitrate Jones Act or general maritime law claims against their employer than there is to exempt employees protected by the various civil rights or employee protection statutes from the binding effect of pre-dispute contracts to arbitrate claims under such statutes against their employer." *Citing, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed. 2d 26 (1991). *Id.* at 285. On the issue of whether the arbitration agreement formed part of the plaintiff's employment contract with the defendant, the Fifth Circuit cited its decision in *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995). In *Williams*, an age discrimination suit, the plaintiff, a registered securities representative, claimed that his arbitration agreement contained in his U-4 registration was part of his employment agreement with the defendant and therefore was exempt from arbitration under §1 of the FAA.[1] The Fifth Circuit ruled that the arbitration agreement was separate and distinct from the plaintiff's employment contract. So also in the present case, the arbitration agreement is a separate and distinct agreement, and it should be enforceable.

The issue of whether a separate arbitration agreement constitutes a seaman's employment contract was recently addressed in *Harrington v. Atlantic Sounding Co., Inc.*, 602 F.3d 113 (2nd Cir. 2010). The *Harrington* court noted that arbitration agreements like the instant agreement do not constitute "contracts of employment" where the arbitration agreement is "not contained" in a broader employment agreement between the parties. *Id.* at 121. The court stated: "The Supreme Court has recognized that if the term 'contracts of employment' was read so broadly as to include independent arbitration agreements, then every seaman's contract would be exempt from the FAA, thereby rendering the separate exemption for 'contracts of employment of seamen . . .' pointless." *Id.* at 122.

---

[1] This decision was prior to the Supreme Court ruling in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed. 2nd 234 (2001).

Plaintiff states his FMLA claims are not subject to arbitration because "Section 1 exempts seamen *as a class* from the FAA, and the exemption applies without regard to the type of claims asserted." This is an overly broad expression of what the FAA §1 exemption actually covers and begs the question. Namely, in order to qualify for the FAA §1 exemption the arbitration agreement must be contained in plaintiff's employment contract. In this case plaintiff's arbitration agreement was a stand alone document and not part of an employment contract. Plaintiff cites no decisions in which transportation workers or seamen who asserted discrimination claims were barred from arbitration based on their status as a particular "class" of employees outside of the employment contract context. Plaintiff's FMLA claims are subject to arbitration.

## CONCLUSION

This Court should compel Plaintiff to arbitrate his claims and stay further proceedings in this matter pending completion of the arbitration.

Respectfully submitted,

*/s/ Walter W. Christy*

Walter W. Christy, La Bar No. 04134
Jacob C. Credeur, La Bar No. 31116
Coats | Rose
One Canal Place
365 Canal Street, Suite 800
New Orleans, Louisiana 70130
Telephone: (504) 299-3070
Facsimile: (504) 299-3071

Attorneys for Defendant
Abdon Callais Offshore, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via the Court's Electronic Filing/Notification System.

This 27th day of September, 2010.

/s/ Walter W. Christy