

**LEGAL LANGUAGE SERVICES**

A division of ALS International
8014 State Line Road
Suite 110
Leawood, KS 66208-3712

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

July 30, 2010
*30. Juli 2010*

**Certification:**
*Bestätigung:*

This is to certify that the attached translation from English into German is an accurate representation of the document received by this office. This document is designated as:
*Hiermit wird bestätigt, daß die beigefügte Übersetzung aus der englischen in die deutsche Sprache eine genaue Wiedergabe des von diesem Büro erhaltenen Schriftstücks ist. Das Schriftstück ist wie folgt bezeichnet:*

**Related Case Order and Track Two Notice**
*Verfügung Auf Grundlage Verwandter Fälle Und Track Two-Mitteilung*

I, Maria Victoria Portuguez, General Manager of this company, hereby certify that Eva Kafka, who translated this document, is fluent in German and standard North American English and qualified to translate. I attest to the following:
*Ich, Maria Victoria Portuguez, Hauptgeschäftsführer/Hauptgeschäftsführerin von dieser Gesellschaft, hiermit bescheinige dass Eva Kafka, der/die dieses Schriftstück übersetzt hat, ist fließend in den deutschen und englischen Sprachen und qualifiziert für Übersetzungen. Ich attestiere das Folgende:*

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."
*"Nach meinem besten Wissen ist der beiliegende Text eine wahre, vollständige und genaue Übersetzung des angeführten Schriftstücks."*

**Signature of Maria Victoria Portuguez**
*Unterschrift von Maria Victoria Portuguez*

Subscribed and sworn to before me this July 30, 2010.
*Vor mir unterzeichnet und beeidigt am 30. Juli 2010.*

| | |
|---|---|
| **Vicki Farron** | *Vicki Farron* |
| **Notary Public, State of Kansas** | *Öffentlicher Notar des Staates Kansas* |
| **Qualified in Johnson County** | *Qualifiziert in Bezirk Johnson* |
| **Commission Expires December 9, 2012** | *Ermächtigung läuft am 9.dezember 2012 ab* |

Sincerely,
*Hochachtungsvoll,*

**Victor J. Hertz**
**President**/*Präsident*

# BEZIRKSGERICHT DER VEREINIGTEN STAATEN
## BEZIRK FLORIDA-MITTE
## ABTEILUNG FT. MYERS

THE CYNTHIA JOANNOU REVOCABLE
TRUST, Vertreten Durch Die
Treuhänderin Cynthia M. Joannou,
in eigenem Namen und und für alle in einer
ähnlichen Lage Befindlichen,

      Kläger                                 Fall Nr. 2:10-cv-380-FtM-36SPC

gg.

BP, PLC, BP AMERICA, INC, BP PRODUCTS
NORTH AMERICA, INC., BP AMERICA
PRODUCTION COMPANY, BP EXPLORATION
& PRODUCTION INC., TRANSOCEAN, LTD.,
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC., TRANSOCEAN DEEPWATER,
INC., TRANSOCEAN HOLDINGS, LLC, TRITON
ASSET LEASING GMBH, HALLIBURTON
ENERGY SERVICES, INC., ANADARKO
PETROLEUM CORP., ANADARKO E&P
COMPANY LP, MOEX OFFSHORE 2007, LLC
UND CAMERON INTERNATIONAL
CORPORATION,

      Beklagte
_____/

## VERFÜGUNG AUF GRUNDLAGE VERWANDTER FÄLLE
## UND TRACK TWO-MITTEILUNG

    Hiermit wird VERFÜGT, dass spätestens vierzehn (14) Tage nach dem Einreichungsdatum der Klage (oder einer Abschrift einer Mitteilung zur Zuständigkeit kraft Verweisung) bei diesem Gericht der Anwalt und alle Parteien, die nicht von einem Anwalt vertreten werden, die lokale Rechtsregel 1.04(d) einhalten und eine Bestätigung einreichen und zustellen lassen müssen, ob die vorliegende Klage als ähnlicher oder als sukzessiver Fall gemäß der lokalen Rechtsregel 1.04(a) oder (b) bezeichnet werden soll.

Die Parteien müssen sich des beigefügten Formulars MITTEILUNG ZUR RECHTSANHÄNGIGKEIT VON ANDEREN KLAGEN bedienen. Es wird

**DES WEITEREN VERFÜGT**, dass im Einklang mit der örtlichen Rechtsregel 3.05 diese Klage als „Track Two"-Fall bezeichnet wird. Alle Parteien müssen die in der örtlichen Rechtsregel 3.05 für „Track Two"-Fälle vorgesehenen Bestimmungen einhalten. Der Rechtsanwalt und alle nicht anwaltlich vertretenen Parteien müssen innerhalb von sechzig Tagen nach Zustellung der Klage bei den Beklagten ein Treffen abhalten, um einen Bericht zur Behandlung des Falls zu erstellen und einzureichen. Die Parteien müssen sich dazu des beiliegenden Formulars BERICHT ZUR BEHANDLUNG DES FALLES bedienen. Soweit nichts Anderweitiges vom Gericht verfügt wurde, darf keine Partei vor dem Treffen irgend eine Quelle um Ausforschung ersuchen. Bundeszivilprozessordnung Fed. R. Civ. P. 26 (d); örtliche Rechtsregel 3.05(c)(2)(B). *Der Kläger (bzw. der Beklagte im Fall der Zuständigkeit kraft Verweisung) ist für die Zustellung einer Abschrift dieser Mitteilung und Verfügung mit Anlagen an jede einzelne Partei spätestens vierzehn (14) Tage nach Klageeinlassung der Partei verantwortlich.*

18. Juni 2010

| JOHN E. STEELE | CHARLENE EDWARDS HONEYWELL |
|---|---|
| John E. Steele | Charlene Edwards Honeywell |
| US-Bezirksrichter | US-Bezirksrichterin |
| | |
| DOUGLAS N. FRAZIER | SHERI POLSTER CHAPPEL |
| Douglas N. Frazier | Sheri Polster Chappel |
| (US-Amtsrichter in Strafsachen) | (US-Amtsrichterin in Strafsachen) |

Anlagen:   Mitteilung zur Rechtsanhängigkeit anderer Klagen [obligatorisches Formular]
Bericht zur Behandlung des Falles [obligatorisches Formular]

---

**Hinweis:** Ein Einwilligungsformular für Amtsrichter in Strafsachen, lokale Rechtsregeln und PacerNet finden Sie auf der Website des Gerichts unter *http://www.flmd.uscocurts.*

Fall 2:10-cv-00380-CEH-SPC   Dokument 3   Eingereicht 18.06.2010   Seite 3 von 14

Kopien an: Alle eingetragenen Parteien

**BEZIRKSGERICHT DER VEREINIGTEN STAATEN**
**BEZIRK FLORIDA-MITTE**
**ABTEILUNG FT. MYERS**

THE CYNTHIA JOANNOU REVOCABLE
TRUST, Vertreten Durch Die
Treuhänderin Cynthia M. Joannou,
in eigenem Namen und und für alle in einer
ähnlichen Lage Befindlichen,

    Kläger         Fall Nr. 2:10-cv-380-FtM-36SPC

gg.

BP, PLC, BP AMERICA, INC, BP PRODUCTS
NORTH AMERICA, INC., BP AMERICA
PRODUCTION COMPANY, BP EXPLORATION
& PRODUCTION INC., TRANSOCEAN, LTD.,
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC., TRANSOCEAN DEEPWATER,
INC., TRANSOCEAN HOLDINGS, LLC, TRITON
ASSET LEASING GMBH, HALLIBURTON
ENERGY SERVICES, INC., ANADARKO
PETROLEUM CORP., ANADARKO E&P COMPANY
LP, MOEX OFFSHORE 2007, LLC UND CAMERON
INTERNATIONAL CORPORATION,

    Beklagte
_____/

**MITTEILUNG ZU RECHTSANHÄNGIGKEIT VON ANDEREN KLAGEN**

Ich bestätige gemäß der lokalen Rechtsregel 1.04(c), dass die vorliegende Klage:

___  mit anhängigen oder abgeschlossenen Zivil- oder Strafsachen zusammenhängt,
   die bereits früher bei diesem Gericht oder einem anderen bundes- oder
   einzelstaatlichen Gericht bzw. einer Verwaltungsbehörde wie nachstehend
   bezeichnet einreicht wurden:

_____
_____
_____

___  **NICHT** mit anhängigen oder abgeschlossenen Zivil- oder Strafsachen
   zusammenhängt, die bereits früher bei diesem Gericht oder einem anderen

4

bundes- oder einzelstaatlichen Gericht bzw. einer Verwaltungsbehörde eingereicht wurden.

Datum:

_____
[prozessbevollmächtiger Anwalt oder
nicht anwaltl. vertret. Partei ]
[Anschrift und Telefonnummer ]

_____
[prozessbevollmächtiger Anwalt oder
nicht anwaltl. vertret. Partei ]
[Anschrift und Telefonnummer ]

## BEZIRKSGERICHT DER VEREINIGTEN STAATEN
## BEZIRK FLORIDA-MITTE
## ABTEILUNG FT. MYERS

THE CYNTHIA JOANNOU REVOCABLE
TRUST, vertreten durch die
treuhänderin cynthia m. joannou,
in eigenem Namen und und für alle in einer
ähnlichen Lage Befindlichen,

        Kläger                                             Fall Nr. 2:10-cv-380-FtM-36SPC

gg.

BP, PLC, BP AMERICA, INC, BP PRODUCTS
NORTH AMERICA, INC., BP AMERICA
PRODUCTION COMPANY, BP EXPLORATION
& PRODUCTION INC., TRANSOCEAN, LTD.,
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC., TRANSOCEAN DEEPWATER,
INC., TRANSOCEAN HOLDINGS, LLC, TRITON
ASSET LEASING GMBH, HALLIBURTON
ENERGY SERVICES, INC., ANADARKO
PETROLEUM CORP., ANADARKO E&P COMPANY
LP, MOEX OFFSHORE 2007, LLC UND CAMERON
INTERNATIONAL CORPORATION,

        Beklagte

_____/

### BERICHT ZUR BEHANDLUNG DES FALLES

Die Parteien haben sich auf die folgenden Daten und den folgenden Ausforschungsplan gemäß Bundeszivilprozessordnung 26 (f) und lokaler Rechtsregel 3.05(c) geeinigt:

6

| FRIST ODER EREIGNIS | VEREINBARTES DATUM |
|---|---|
| **Obligatorische anfängliche Ausforschungen** (gemäß Bundeszivilprozessordnung 26(a)(1) [Gerichtliche Empfehlung: 30 Tage nach CMR-Treffen] | |
| **Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens** [alle Parteien, die noch keine Einreichung vorgenommen haben, müssen dies umgehend tun] | |
| **Anträge zum Hinzufügen von Parteien oder zur Änderung des Schriftsatzes** [Gerichtliche Empfehlung: 1 – 2 Monate nach CMR-Treffen] | |
| **Offenlegung von Sachverständigenberichten**   Klägerin:                                                                                 Beklagte: [Gerichtliche Empfehlung: letzte Kommunikation 6 Monate vor der Verhandlung und 1 – 2 Monate vor Ablauf der Ausforschungsfrist für eidliche Aussagen von Sachverständigen] | |
| **Ausforschungsfrist** [Gerichtliche Empfehlung: 5 Monate vor der Verhandlung, um genügend Zeit für die Einreichung der Ablehnungsanträge und die Entscheidung über diese zu lassen; alle Ausforschungen müssen rechtzeitig begonnen werden, damit sie vor diesem Datum abgeschlossen werden] | |
| **Ablehnungsanträge, *Daubert*- und *Markman*-Anträge** [Gericht schreibt vor: Mindestens 4 Monate vor Verhandlungsbeginn] | |
| ***Persönliches* Treffen zur Erstellung der gemeinsamen endgültigen Erklärung vor der mündlichen Verhandlung** [(14) Tage vor der gemeinsamen endgültigen Erklärung vor der mündlichen Verhandlung] | |
| **Gemeinsame endgültige Erklärung vor der mündlichen Verhandlung (Einschließlich eines Satzes gemeinsam vorgeschlagener Anweisungen für die Geschworenen und Urteilsformular [eine Fassung in Word- oder WordPerfect-Format kann per E-mail an die Postfachanschrift der Kammer geschickt werden] Fragen zur Vorvernehmung unter Eid eines Geschworenen oder Zeugen, Zeugenlisten, Beweislisten mit Einreden auf genehmigtem Formular)** [Gerichtliche Empfehlung: 3 Monate vor endgültiger Vorverhandlungsbesprechung] | |
| **Alle anderen Anträge einschließlich Anträge *In Limine*, Verhandlungsschriftsätze** [Gerichtliche Empfehlung: 3 Wochen vor der endgültigen Vorverhandlungsbesprechung] | |
| **Endgültige Vorverhandlungsbesprechung** [Gericht setzt ein Datum ungefähr 3 Wochen vor der Verhandlung fest] | |

| FRIST ODER EREIGNIS | VEREINBARTES DATUM |
|---|---|
| **Beginn des Verhandlungszeitraums** [Lokale Rechtsregel 3.05(c)(2)(E) setzt bei den meisten „Track Two"-Fällen Verhandlungsziel innerhalb von 1 Jahr ab Einreichen der Klage fest und innerhalb von 2 Jahren bei allen „Track Two"-Fällen; der Verhandlungszeitraum darf nicht weniger als 4 Monate nach der Frist für die Ablehnungsanträge betragen (außer wenn auf die Einreichung dieser Anträge verzichtet wird); Verhandlungszeiträume für Bezirksrichter beginnen am ersten Werktag der ersten vollen Woche jedes Monats; Verhandlungen vor einem US-Amtsrichter in Strafsachen werden nach Rücksprache mit den Parteien an einem bestimmten Datum festgesetzt] | |
| **Geschätzte Verhandlungsdauer** [Verhandlungstage] | |
| **Geschworene / Keine Geschworenen** | |
| **Vermittlung**                                 Frist:<br>                                               Vermittler:<br>                                                Anschrift:<br><br>                                                  Telefon:<br><br>[Wenn keine Schiedsgerichtsbarkeit, ist Vermittlung zwingend vorgeschrieben; das Gericht empfiehlt entweder 2-3 Monate nach dem CRM-Treffen oder gleich nach Ende der Ausforschungsfrist] | |
| **Alle Parteien erklären sich mit einem Verfahren vor einem US-Amtsrichter in Strafsachen einverstanden** | Ja _____<br>Nein _____<br><br>Vermutlich in Zukunft damit einverstanden<br>_____ |

[1] Der Bericht zur Behandlung des Falles wurde abgeändert, um den Änderungen und geplanten Änderungen der Bundeszivilprozessordnung und/oder lokalen Rechtsregeln zu entsprechen.

I.    **Persönliches Treffen der Parteien**

Die führenden Prozessanwälte müssen sich *persönlich* treffen und nicht am Telefon, außer wenn eine Verfügung besteht, die etwas Anderweitiges gestattet. Die Anwälte werden sich im Bezirk Florida-Mitte treffen, es sei denn, die Anwälte vereinbaren einen anderen Ort. Gemäß lokaler Rechtsregel 3.05(c)(2)(B) oder (c)(3)(A) fand ein persönliches Treffen statt am _____(Datum( um _____ (Zeit) in _____ (Ort), bei dem folgende Personen anwesend waren:

| Name | Anwalt für (falls zutreffend) |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

[2] Eine Abschrift der lokalen Rechtsregeln kann auf http://www.flmd.uscourts.gov eingesehen werden.

## II.  Vorläufiges Vorverhandlungstreffen

Die lokale Rechtsregel 3.05(c)(30)(B) sieht vor, dass vorläufige Vorverhandlungstreffen **bei „Track Three"-Fällen obligatorisch** sind.

**„Track Two"-Fälle:**   Die Parteien (eines ankreuzen) [ ] fordern        [ ] fordern kein vorläufiges Vorverhandlungstreffen vor dem Eintrag einer Verfügung für die Fallbehandlung und den Zeitplan in diesem „Track Two"-Fall. Unerledigte Anglegenheiten, die bei einem solchen Treffen angesprochen werden müssen, sind u.a.:

_____
_____
_____
_____

## III.  Anfängliche Offenbarungen von informationen von zentraler Bedeutung vor der Ausforschung

**Offenbarungen gemäß Bundedszivilprozessordnung 26(a)(1)(C) – (D)**

Die Bundeszivilprozessordnung 26 sieht in ihrer ergänzten Fassung vor, dass diese Offenbarungen bei „Track Two"- und „Track Three"-Fällen obligatorisch sind, außer wenn von den Parteien etwas anderes vereinbart oder vom Gericht anderweitig verfügt wurde (die Ergänzung(en) zu Rechtsregel 26 ersetzt (ersetzen) die lokale Rechtsregel des Bezirks Florida-Mitte 3.05 insofern als Rechtsregel 3.05 keine obligatorische Offenlegung vorsieht):

Die Parteien _____ haben am _____ mittels _____ (eins ankreuzen) _____ (Datum) in der Bundeszivilprozessordnung 26(a)(1)(C) – (D) beschriebene Informationen _____ ausgetauscht _____ vereinbart, diese auszutauschen (eins ankreuzen)

Nachstehend folgt eine Beschreibung der offenbarten oder zur Offenbarung vorgesehenen Informationen.

### IV. Vereinbarter Offenbarungsplan für Kläger und Beklagte

#### A. Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens

Dieses Gericht hat bereits früher jeder Partei, staatlichen Partei, jedem Streithelfer, Nicht-Partei-Antragsteller und Drittschuldner gemäß Rechtsregel 69 die Anordnung erteilt, unter Verwendung des obligatorischn Formulars eine Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens einzureichen und zustellen zu lassen. Keine der Parteien darf vor dem Einreichen und der Zustellung einer Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens eine Quelle um Offenbarung ersuchen. Ein Antrag, Memorandum, eine Beantwortung bzw. ein anderweitiges Dokument – einschließlich eines Notstandsantrags – kann abgelehnt oder gestrichen werden, wenn die einreichende Partei nicht zuvor ihre Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens eingereicht und zugestellt hat. Alle Parteien, die die vorgeschriebene Bestätigung nicht bereits eingereicht und zugestellt hat, müssen dies umgehend vornehmen.

Jede Partei, die sich bis dato auf die Klage eingelassen hat, hat eine Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens eingereicht und zustellen lassen, die dem aktuellen Stand entspricht:

_____ Ja

_____ Nein

Geänderte Bestätigung wird eingereicht von _____ (Partei) am oder vor dem _____ (Datum).

#### B. Offenbarung nicht eingereicht –

Die Parteien sollen Offenbarungsmaterial nur gemäß den Bestimmungen der lokalen Rechtsregel 3.03 beim Leiter der Gerichtskanzlei einreichen. Das Gericht befürwortet den Austausch von Offenbarungsanforderungen per Diskette. *Siehe* lokale Rechtsregel 3.03(e). Die Parteien vereinbaren des Weiteren wie folgt:

#### C. Beschränkung von Offenbarungen --

10

Sofern das Gericht keine Genehmigung erteilt hat, dürfen die Parteien nicht mehr als zehn eidliche Aussagen pro Seite (nicht pro Partei) vornehmen lassen. Bundeszivilprozessordnung 30(a)(2)(A); Bundeszivilprozessordnung 31(a)(2)(A). Sofern das Gericht keine Genehmigung erteilt hat, dürfen die Parteien höchstens fünfundzwanzig formelle Parteibefragungen, einschließlich Unterabschnitten, zustellen lassen. Bundeszivilprozessordnung 33(a). Die Parteien können sich durch Vereinbarung auf andere Beschränkungen der Offenbarung einigen. Das Gericht berücksichtigt beim Eintrag der Verfügung für den Zeitplan die vereinbarten Daten, Fristen und anderen Beschränkungen der Parteien. Bundeszivilprozessordnung 29. Zusätzlich zu den in der oben stehenden Tabelle enthaltenen Fristen haben die Parteien weitere Beschränkungen der Offenbarung wie folgt vereinbart:

1. Aussagen unter Eid
2. Verhöre
3. Anforderung von Unterlagen
4. Aufforderungen, Behauptungen anzuerkennen
5. Ergänzung von Offenbarungen

**D.    Ausforschungsfrist --**

Jede Partei hat rechtzeitig Aufforderungen zur Offenbarung zuzustellen, damit die Bestimmungen eine Beantwortung vor Ablauf der Ausforschungsfrist ermöglichen. Das Gericht kann alle Anträge auf zwingende Bereitstellung von Unterlagen, die nach der Ausforschungsfrist eingereicht werden, als verspätet ablehnen. Darüber hinaus vereinbaren die Parteien wie folgt:

_____

_____

**E.    Zeugen Offenbarung von Aussagen sachverständiger**

An bzw. vor den in der obigen Tabelle für die Offenbarung von Sachverständigenberichten angegebenen Daten erklären sich die Parteien bereit, Bundeszivilprozessordnung 26(a)(2) und 26(e) vollständig einzuhalten. Die Aussagen sachverständiger Zeugen bei direkter Befragung bei der Verhandlung werden auf die Stellungnahmen, Basis, Gründe, Daten und andere Informationen, die in den schriftlichen Sachverständigenberichten gemäß dieser Verfügung offenbart wurden, beschränkt. Das Unterlassen der Offenbarung dieser Informationen kann zur Zurückweisung aller oder eines Teils der Aussagen von sachverständigen Zeugen führen. Die Parteien einigen sich über folgende Angelegenheiten im Zusammenhang mit der Offenbarung von Aussagen von sachverständigen Zeugen.

**F.    Geheimhaltungsvereinbarung --**

Ob die für einen Fall eingereichten Unterlagen gesiegelt eingereicht werden, ist eine separate Angelegenheit, die nicht damit zusammenhängt, ob die Parteien vereinbaren, dass die

eingereichten Unterlagen vertraulich sind. Das Gericht ist ein öffentliches Forum und betrachtet Anträge auf Einreichen gesiegelter Unterlagen mit Missfallen. Das Gericht erlaubt den Parteien die Einreichung von gesiegelten Unterlagen nur wenn befunden wird, dass außergewöhnliche Umstände und eine besondere Notwendigkeit vorliegen. Vgl. *Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013(11. Gerichtsbezirk 1992); *Wilson v. American Motors Corp.,* 759 F.2d 1 568 (11. Gerichtsbezirk 1985). Eine Partei, die ein gesiegeltes Dokument einreichen möchte, muss einen Antrag zur gesiegelten Einreichung stellen, in dem diese Maßnahme vom Gericht verlangt wird, zusammen mit einem Memorandum der Gesetzte zu dessen Unterstützung. (Vgl. lokale Rechtsregel 1.09). Der Antrag verbleibt unabhängig davon, ob ihm stattgegeben oder ob er abgelehnt wird, in den öffentlich zugänglichen Unterlagen.

Die Parteien können ggf. ihre eigene Vereinbarung über die Erachtung von Material als „vertraulich" erreichen. Das Gericht muss die Geheimhaltungsvereinbarung nicht genehmigen. Das Gericht rät von unnötigen vereinbarten Anträgen auf eine Schutzanordnung ab. Das Gericht setzt ordnungsgemäß vereinbarte und unterzeichnete Geheimhaltungsvereinbarungen durch. Vgl. lokale Rechtsregel 4.15. Jede Geheimhaltungsvereinbarung bzw. jede Anordnung sieht vor bzw. bei diesen wird davon ausgegangen, dass sie vorsehen, dass „keine Partei ein gesiegeltes Dokument einreichen darf, ohne zuvor eine Anordnung einzuholen, die die Genehmigung zum gesiegelten Einreichen erteilt oder eine besondere Notwendigketi nachweist." In Bezug auf Geheimhaltungsvereinbarungen vereinbaren die Parteien wie folgt:

_____

_____

### G. Elektronisch gespeicherte Informationen und bevorzugte Forderungen –

Gemäß Bundeszivilprozessordnung 16 haben die Parteien die folgenden Vereinbarungen über die Offenbarung und Ausforschung von elektronisch gespeicherten Informationen sowie die Geltendmachung von bevorzugten Forderungen oder den Schutz von Material zur Vorbereitung der Verhandlung nach dessen Einreichen getroffen:

_____

_____

### H. Sonstige Angelegenheiten in Bezug auf Ausforschung –

_____

_____

### V. Schlichtung und alternative Streitbeilegung

### A. Schlichtung –

Die Parteien vereinbaren, dass eine Schlichtung

_____ wahrscheinlich ist     _____ unwahrscheinlich ist     (eins ankreuzen)

Die Parteien fordern eine Schlichtungskonferenz vor einem US-Amtsrichter in Strafsachen.

_____ Ja     _____ Nein     _____ Wird wahrscheinlich später beantragt

### B. Schiedsgerichtsbarkeit

In der lokalen Rechtsregel 8.02(a) werden die Zivilsachen definiert, die automatisch an Schiedsgerichtsbarkeit verwiesen werden. Fällt dieser Fall in den Geltungsbereich der lokalen Rechtsregel 8.02(a)?

_____ Ja     _____ Nein

Für die Fälle, die **nicht** in den Geltungsbereich der lokalen Rechtsregl 8.02(a) fallen, erklären sich die Parteien mit Schiedsgerichtsbarkeit gemäß der lokalen Rechtsregel 8.02(a)(3) und 8.05(b) einverstanden:

_____ Ja     _____ Nein     _____ Vermutlich später damit einverstanden

_____ Bindend     _____ Nicht bindend

Bei jeder Zivilsache, die Schiedsgerichtsbarkeit untersteht, kann das Gericht nach einem Beschluss, dass der Fall für eine Beilegung durch Vermittlung geeignet ist, Schiedsgerichtsbarkeit durch Vermittlung ersetzen. Lokale Rechtsregel 8.02(b). Die Parteien erklären sich einverstanden, dass dieser Fall sich für eine Beilegung durch Vermittlung eignet und fordern daher gemeinsam eine Vermittlung anstelle von Schiedsgerichtsbarkeit.

_____ Ja     _____ Nein     _____ Vermutlich später damit einverstanden

### C. Vermittlung

In Ermangelung von Schiedsgerichtsbarkeit oder einer gerichtlichen Verfügung, die das Gegenteil besagt, nehmen die Parteien in jedem Fall an der mit dem Gericht verbundenen Vermittlung teil, die im Einzelnen in Kapitel Neun der lokalen Rechtsregeln des Gerichts beschrieben wird. Die Parteien haben sich auf einen Vermittler aus der Liste der vom Gericht genehmigten Vermittler geeinigt, wie in der obigen Tabelle angegeben, und haben sich mit dem in der obigen Tabelle als letzten Termin zur Vermittlung angegebenen Datum

13

einverstanden erklärt. Die Liste der Vermittler ist beim Leiter der Gerichtskanzlei erhältlich und ist in der Website des Gerichts unter http://www.flmd.usccourts.gov eingestellt.

**D. Sonstige Möglichkeiten zur alternativen Streitbeilegung**

Die Parteien haben vor, die folgenden anderweitigen Methoden der alternativen Streitbeilegung zu verfolgen:

_____

Datum: _____

Unterschrift des Anwalts (mit Informationen die in der lokalen Rechtsregel 1.05(d) vorgeschrieben sind) und Unterschrift der nicht anwaltlich vertretenen Parteien.

_____          _____

_____          _____

_____          _____

_____          _____

**BEZIRKSGERICHT DER VEREINIGTEN STAATEN**
**BEZIRK FLORIDA-MITTE**
**ABTEILUNG FT. MYERS**

THE CYNTHIA JOANNOU REVOCABLE
TRUST, vertreten durch die
treuhänderin cynthia m. joannou,
in eigenem Namen und und für alle in einer
ähnlichen Lage Befindlichen,

        Kläger                             Fall Nr. 2:10-cv-380-FtM-36SPC

gg.

BP, PLC, BP AMERICA, INC, BP PRODUCTS
NORTH AMERICA, INC., BP AMERICA
PRODUCTION COMPANY, BP EXPLORATION
& PRODUCTION INC., TRANSOCEAN, LTD.,
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC., TRANSOCEAN DEEPWATER,
INC., TRANSOCEAN HOLDINGS, LLC, TRITON
ASSET LEASING GMBH, HALLIBURTON
ENERGY SERVICES, INC., ANADARKO
PETROLEUM CORP., ANADARKO E&P COMPANY
LP, MOEX OFFSHORE 2007, LLC UND CAMERON
INTERNATIONAL CORPORATION,

        Beklagte

_____/

**VERFÜGUNG FÜR BETEILIGTE PERSONEN IN ZIVILSACHEN**

    Dieses Gericht bemüht sich aktiv um die Prüfung jedes Falles, um Parteien und beteiligte Unternehmen zu identifizieren, bei denen ein zugewiesener Richter möglicherweise ein Aktionär ist sowie anderweitige Angelegenheiten, die ggf. Grund zur Ablehnung sein könnten. Es wird daher

**VERFÜGT**, dass innerhalb von **vierzehn** (14) Tagen ab dem Datum dieser Verfügung (oder ab dem Datum der darauf folgenden ersten Klageeinlassung[1] in dieser Klage) jede Partei, jede nicht anwaltlich vertretene Partei, staatliche Partei, jeder Streithelfer, jeder Nicht-Partei-Antragsteller und Drittschuldner gemäß Rechtsregel 69 eine Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens einzureichen und zustellen zu lassen hat. (Vgl. Anhang A)

Es wird **DES WEITEREN VERFÜGT**, dass keine Partei vor dem Einreichen und der Zustellung einer Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens um Ausforschung von irgend eienr Quelle ersuchen darf. Ein Antrag, Memorandum, eine Beantwortung bzw. ein anderweitiges Dokument – einschließlich eines Notstandsantrags – kann abgelehnt oder gestrichen werden, wenn die einreichende Partei nicht zuvor ihre Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens eingereicht und zugestellt hat.

Es wird **DES WEITEREN VERFÜGT**, dass jede Partei einer fortwährenden Pflicht untersteht, innerhalb von vierzehn (14) Tagen nach 1) dem Herausfinden eines Grundes zur Abänderung, einschließlich einer Mitteilung zur Übertragung des Falles an einen anderen Gerichtsbeamten, oder 2) dem Herausfinden eines Grundes zur Ablehnung oder der Unfähigkeit eines Gerichtsbeamten eine abgeänderte Bestätigung der beteiligten Personen und Offenbarungserklärung des Unternehmens einzureichen und zuzustellen. Die Parteien dürfen nicht routinemäßig einen dem Fall zugewiesenen Bezirks- oder Amtsrichter in Strafsachen als „beteiligte Person" aufführen, sofern keine nicht-gerichtliche Beteiligung vorliegt.

Es wird **DES WEITEREN VERFÜGT**, dass zur Unterstützung des Gerichts bei der Entscheidung, wann ggf. ein Interessenkonflikt vorliegt, besonders bei der Entscheidung über Angelegenheiten, die offiziell einem anderen Richter übertragen wurden, jede Partei das vollständige Rubrum des Falles – einschließlich der Namen aller Parteien und Streithelfer – bei allen Anträgen, Memoranda, Schriftstücken und vorgeschlagenen Anordnungen verwenden soll, die beim Leiter der Gerichtskanzlei eingereicht werden. *Vgl.* Bundeszivilprozessordnung 10(a); Lokale Rechtsregel 1.05(b) (von „u.a." wird abgeraten).

---

[1] Falls diese Verfügung auf dem Postweg zugestellt wurde, sollten Sie der vorgeschriebenen Frist drei Tage hinzufügen. Bundeszivilprozessordnung 6(d). Zustellung per Faksimile stellt zum Zweck der Berechnung des Zeitraums, innerhalb dessen eine Beantwortung erfolgen muss, eine Form der persönlichen Zustellung dar. Lokale Rechtsregel 1.07(c).

[2] Jeder eingereichte Schriftsatz bzw. jedes Schriftstück stellt eine allgemeine Klageeinlassung der Partei dar, soweit nichts Anderweitiges angegeben wird. Lokale Rechtsregel 2.03(a).

2

18. Juni 2010

| | |
|---|---|
| __JOHN E. STEELE__ | __CHARLENE EDWARDS HONEYWELL__ |
| John E. Steele | Charlene Edwards Honeywell |
| US-Bezirksrichter | US-Bezirksrichterin |
| | |
| __DOUGLAS N. FRAZIER__ | __SHERI POLSTER CHAPPEL__ |
| Douglas N. Frazier | Sheri Polster Chappel |
| (US-Amtsrichter in Strafsachen) | (US-Amtsrichterin in Strafsachen) |

## ANHANG A

### Bestätigung der beteiligten Personen
### und Offenbarungserklärung des Unternehmens

Ich offenbare hiermit Folgendes gemäß der Verfügung des Gerichts für beteiligte Personen:

1.   Den Namen jeder Person, jedes Rechtsanwalts, jeder Vereinigung von Personen, jeder Firma, Anwaltskanzlei, Personengesellschaft und jedes Unternehmens,, das ein Interesse am Ausgang dieser Klage hat oder ggf. ein Interesse daran hat, einschließlich Tochtergesellschaften, Mischkonzerne, verbundene Gesellschaften, Muttergesellschaften, an der Börse gehandelte Unternehmen, die im Besitz von mindestens 10% der Aktien einer Partei sind, sowie jegliche anderen identifzierbaren Rechtsträger, die mit *irgend einer* der Parteien im vorliegenden Fall verbunden sind:

   [Liste einfügen]

2.   Den Namen jedes anderweitigen Rechtsträgers, deren an der Börse gehandelte Aktien, Eigenkapital oder Schuldpapiere ggf. in erheblichem Maß vom Ausgang dieses Verfahrens betroffen sind:

   [Liste einfügen]

3.   Den Namen jedes sonstigen Rechtsträgers, der vermutlich ein aktiver Teilnehmer des Verfahrens ist, einschließlich des Schuldners und der Mitglieder des Gläubigerausschusses (oder der zwanzig größten nicht gesicherten Gläubiger) bei Konkursfällen:

   [Liste einfügen]

4.   Den Namen jedes einzelnen, durch das zivil- oder strafrechtlich als widerrechtlich bezeichnete Verhalten Geschädigten (Einzelpersonen oder Unternehmen), einschließlich jeder Person, die ggf. Anspruch auf Rückerstattung hat:

   [Liste einfügen]

   Ich bestätige hiermit, dass mir, sofern oben nichts Anderweitiges angegeben ist, keine tatsächlichen oder potenziellen Interessenkonflikte in Bezug auf den Bezirksrichter und Amtsrichter in Strafsachen, dem dieser Fall zugewiesen wurde, bekannt sind, und dass ich das Gericht umgehend in Schriftform in Kenntnis setzen werde, wenn mir ein solcher Konflikt bekannt wird. Ich bestätige des Weiteren, dass ich „Keine" eingefügt habe, wenn kein tatsächlicher oder potenzieller Interessenkonflikt vorliegt.
   [Datum]

                                   _____
                                   [Prozessanwalt oder nicht anwaltl. vertretene Partei]
                                   [Anschrift und Telefonnummer]

[Zustellbestätigung]