UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig    * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf    * | |
| of Mexico, on April 20, 2010    * | SECTION: J |
|                                                                  * | |
| Applies to: *All Cases.*                                 * | JUDGE BARBIER |
|                                                                  * | MAGISTRATE SHUSHAN |

* * * * * * * * * * * *

### SUBMISSION OF PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER

Plaintiffs respectfully submit the following in support of Plaintiffs' Proposed Case Management Order No. 1 and Scheduling Order:

**MAY IT PLEASE THE COURT:**

In advance of the September Status Conference before the Court, defense and plaintiff liaison each submitted their versions of what the Timeline / CMO should look like.  The proposals were starkly different: Plaintiffs wanted relevant discovery from inception with an early trial date, including early OPA test cases.  The defendants (other than Transocean) wanted to delay and then limit discovery, no OPA test cases, and delay delay delay further, with no trial date.  Here we are, a month later, and almost six months after the spill, and despite many discussions between and among the parties, (and the Court), it is the same song, same dance.

Plaintiffs and Defense Liaison Counsel have met at length both before and since their meeting with the Court in chambers September 29, 2010. The Court may recall that Plaintiffs Liaison Counsel objected to the defendants' motion for a five (5) month extension of the trial date from October 1, 2011 to February 27, 2012. Notwithstanding same, all parties represented to the Court that while some discussions continued regarding a few issues raised in the Draft Timeline provided by Defendants, there did seem to be fundamental agreement, specifically with respect to four critical issues:

1. Plaintiffs Liaison Counsel raised the need for *Robins Dry Dock* test cases concurrent with the Limitation and wrongful death / PI Test Cases Trial. None of the defendants expressed an objection, yet the defendants other than Transocean (who agrees that such test cases should be included) now state (in the most recent draft of Defendants' Proposed Timeline provided to Plaintiffs Liaison Counsel on October 4th): "Defendants do not agree that limitation action should include economic loss [*Robins Dry Dock*] claims." In fact, the non-Transocean Defendants would preclude until after Summer 2012 <u>ANY</u> discovery on post-explosion issues, such as liability for, or the extent and effects of, the spill on OPA Plaintiffs and *Robins Dry Dock* Plaintiffs. Such delay is clearly not what was contemplated during the September 29th conference.

2. Defendants' Timeline presented to Court for discussion September 29th contained provisions for MIS discovery at the outset of the litigation. The current proposed Timeline and CMO presented by the non-Transocean Defendants is somewhat ambiguous as to the timing and scope. MIS depositions and related discovery are often fundamental to cost-efficient and reliable electronic discovery. While the meet and confer process is certainly important, Plaintiffs believe that ultimate determinations regarding "accessibility" or "undue burden" should be made on an evidentiary record, rather than the understanding and representations of counsel. Defendants should not be permitted to delay the process or to deny either the plaintiffs or the Court an evidentiary basis upon which efficient and effective merits-based discovery can be reliably premised.

3. In the September 29th conference with the Court, Defendants' Timeline expressly contained language in support of OPA test cases: "1-18-2011 Status Conference to discuss identification of OPA test cases vs. BP and to discuss scheduling order / trial of same." Yet, now, the non-Transocean Defendants purport to remove that language and offer instead: "defendants do not agree to this procedure at this time." BP and these other non-Transocean Defendants would defer ALL OPA/*Robins Dry Dock* case discovery and trials until after the Summer of 2012! Particularly in light of the structure and purpose of OPA, which was intended to provide appropriate relief to affected victims on a "strict liability" basis, Plaintiffs respectfully suggest that an important exercise of this Court's MDL responsibilities includes the fleshing out of legal and other issues though early OPA test cases.

4. The Timeline presented by Defendants at the September 29th conference called for the phase two Damages Trial of test cases in July of 2012. In fact, the actual entry read: "7-2-2012    Trial of Damages for selected Limitation Claimants, Entitlement to Punitive Damages, and Amount of Punitive Damages, if available." Yet now the non-Transocean Defendants have deleted any Damages Trial and instead ask that, 45 days after the Court rules on the Limitation/Liability in the personal injury and wrongful death test cases, a status conference occur to discuss....    Under BP's Proposed Timeline, this Court will be lucky to see even a personal injury or wrongful death damage trial before 2013!    This is unacceptable from Plaintiffs' perspective, and clearly wasn't contemplated during the September 29th conference.

Reference is made above to the "non-Transocean Defendants" because Transocean essentially concurs in the approach and scope of Plaintiffs' Proposed Timeline as the most efficient and effective way to resolve the critical issues and get to the end of the road in this case.

Plaintiffs Liaison Counsel have further fine-tuned their proposed CMO / Timeline to offer to the Court what undersigned Liaison Counsel consider to be a balanced and flexible Timeline and CMO that offers a clear blue-print for end-game resolution.

With that background, Plaintiffs respectfully submit the following documents for the Court's consideration:

Ex. 1   Plaintiffs' Proposed Case Management Order No. 1

Ex. 2   Plaintiffs' Proposed Timeline (Proposed CMO Exhibit A)

Ex. 3   Plaintiffs' Proposed Scheduling Order for Limitation Action and Test Cases

Ex. 4   Comparison of Plaintiffs' Proposed and Defendants' Proposed CMO
(with footnotes and other annotations setting forth Plaintiffs' positions)

Ex. 5   Comparison of Plaintiffs' Proposed and Defendants' Proposed Timelines

Ex. 6   Comparison of Plaintiffs' Proposed and Defendants' Proposed Scheduling Order

This 6th day of <u>October</u>, <u>2010</u>.

Respectfully submitted,

|  |  |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel.* | *Plaintiffs Liaison Counsel.* |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Submission will be electronically filed into the record using the Court's EFC filing system;

IN ADDITION, the Submission will be served, *via* E-MAIL, upon all known counsel of record with cases relating to the Deepwater Horizon explosion, fire and resulting oil spill, including those pending in, or subject to transfer to, the MDL.

This 6th day of October, 2010.

/s/  Stephen J. Herman and James Parkerson Roy