EXHIBIT 1
*Plaintiffs' Proposed Case Management Order*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig   * | MDL No. 2179 |
|          "Deepwater Horizon" in the Gulf * | |
|          of Mexico, on April 20, 2010    * | SECTION: J |
|                                          * | |
| Applies to: *All Cases.*                 * | JUDGE BARBIER |
|                                          * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | |

PRE-TRIAL ORDER NO. ____

[CASE MANAGEMENT ORDER NO. 1]

Considering the need for organization of this complex litigation, the submissions and suggestions of counsel in connection with the initial Status Conference held on September 16, 2010, a conference held with Liaison Counsel on September 29, 2010, and the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1. It is hereby **ORDERED** as follows:

I.  **APPLICABILITY OF ORDER**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

**II.** **FILING OF CASE MANAGEMENT ORDER NO. 1**

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

**III.** **PLEADING BUNDLES**

This proceeding is hereby separated into the following Pleading Bundles for purposes for the filing of complaints, answers and any Rule 12 motions.  The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

**A.** **Personal Injury and Death**. Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010.  Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.

    **B.**    **Private Individuals and Business Loss Claims.** These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

        **B1.**    **Non-Governmental Economic Loss and Property Damages.** This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.

        **B2.**    **RICO Claims.** In light of determinations as may be made by the MDL Panel regarding the transfer and/or coordination of pending RICO actions, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the consolidation and/or coordination of RICO pleadings.

        **B3.**    **Medical Monitoring and Post-4/20/10 Personal Injury Claims.** These claims will be pled separately and uniformly in a Master Complaint.

    **C.**    **Public Damage Claims.** These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints; however, counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the

desirability of a Master Complaint for governmental claims. Plaintiffs' Liaison Counsel shall thereafter discuss the desirability of a Master Complaint with Defense Liaison Counsel and report to the Court prior to the November 2010 Status Conference.

D. **Injunctive and Regulatory Claims.** These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

D1. **Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.

D2. **Claims Against the Government or any Government Official or Agency.** These claims will be pled separately and uniformly in a Master Complaint.

E. **Designation of Subsequently-Added Cases.**

All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.

IV. <u>**TIMING FOR FILING OF PLEADING**</u>

A. **Filing of Complaints.**

Master Complaints, as designated above, shall be filed by December 15, 2010. In

existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown).

### B. Defendants' Responses.

Defendants' shall each file responses to the Master Complaints in Pleading Bundles B and D, and to the complaints or amended complaints in Pleading Bundles A and C not previously answered, by January 18, 2011.  If a Defendant files a motion under Rule 12(b) or 12(c) to a complaint or Master Complaint within Pleading Bundles B, C or D, no Answer need be filed by that Defendant until thirty (30) days after the Court has ruled on such motion.

With respect to actions in Pleading Bundle A, an Answer to each complaint or amended complaint shall be filed by each named Defendant, regardless of whether any motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) or 12(c), with the exception that no answer will be due by a defendant asserting a Rule 12(b)(2) motion prior to resolution of such motion.

Prior to the briefing and hearing of any Rule 12(b)(2) motions, the parties will be permitted to engage in discovery related to jurisdiction over any Defendant that has raised a jurisdictional challenge.

Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6) or 12(c) motions shall be filed by February 18, 2011.  Reply Briefs shall be filed by March 18, 2011.  The Court will set oral argument on such motions as soon thereafter as the Court deems appropriate.

Any third-party complaints or cross-claims by Defendants named in the Pleading Bundle

A actions must also be filed by February 15, 2010.

### C. RICO Pleadings.

Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the deadlines for the filing of any RICO pleadings and responses thereto. No responsive pleading to any complaint alleging RICO claims shall be required pending further order of the Court.

### D. Claims in Transocean's Limitation Action

In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas by order of that Court dated August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010. Said Orders of the Southern District of Texas Court are hereby amended to extend said claims (monition) date to April 20, 2011.

Any cross-claims, Rule 14(c) claims or other third-party complaints asserted in connection with the Limitation shall be filed on or before May 20, 2011. Any answer or other responsive pleading to such cross-claims or third-party complaints shall be filed on or before June 20, 2011.

All claims in the Limitation action are to be filed in member case 10-2771 as per the Court's August 24, 2010 Order.

## V. DISCOVERY

### A. Plaintiffs' Initial Omnibus Requests

Plaintiffs may serve an initial set of Omnibus Requests for Production and/or Interrogatories on All Defendants at any time.

The Defendants' responses shall be due within thirty (30) days of service thereof.

On or before December 1, 2010, Defendants shall provide privilege logs with respect to any documents withheld on the basis of attorney-client privilege or work product, as well as a description of all sources of electronic data which may have potentially relevant information, but which Defendants do not intend to search on the basis that such data is alleged to be not reasonably accessible due to undue burden or cost, (in accordance with Rule 26(b)(2)(B)).

### B. Phase I Discovery.

#### 1. Jurisdiction

In the event that any named Defendant challenges jurisdiction by motion pursuant to Rule 12(b)(2), discovery limited to jurisdictional issues versus any moving Defendant shall proceed expeditiously thereafter. With respect to any defendant objecting to personal jurisdiction, the discovery obligations set forth herein will be imposed in the event that personal jurisdiction is established, to commence expeditiously upon order of the Court.

#### 2. Blow-Out and Spill Liability, Limitation and Related Issues

Discovery will be focused on the activities and events leading up to and including April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig.

Discovery will also include discovery of issues relating to the cause or causes and extent of the associated oil spill.

### 3. Environmental Samples (and Related Issues)

In addition to the requests in Plaintiffs' Initial Omnibus Discovery Requests, the parties anticipate that additional discovery relating to environmental sampling will be initially in the form of third-party *subpoenas* and/or FOIA requests directed primarily to U.S. and State Agencies. Such discovery may commence immediately. The parties shall also meet and confer with one another and, to the extent appropriate, with third parties, regarding the preservation and/or testing of physical samples which have been collected and maintained, as well as broader first-party discovery regarding the environmental impacts of the spill. Such first-party (and/or third-party) discovery may also extend to general proximate cause issues relating to the extent and effects of the spill.

### 4. Claims Facility

Plaintiffs reserve the right to seek, (and Defendants reserve the right to object to), production, by *subpoena* or discovery request, of all contracts or other commutations between BP and Feinberg Rozen, and Feinberg Rozen's internal guidelines, protocols or other documents prepared by, in whole or in part, by Feinberg Rozen, the Escrow Fund, the Fund Trustees, and/or the Claims Facility. Plaintiffs also intend to seek any and all GCCF claims data, documents and other information. Such discovery, subject to Defendants' objections (if any), may commence at any time after the entry of this Order.

    5.  **Information Systems and Management Information Systems**

Should Defendants object to any discovery requests propounded to them based upon claims of undue burden or that responsive information is not reasonably accessible, Plaintiffs may immediately thereafter commence discovery regarding such claims.

  C.  **Plaintiffs' Initial Disclosures**

Plaintiffs' Liaison Counsel will confer with BP Liaison Counsel and the Administrators of BP's Gulf Coast Claims Facility ("GCCF") regarding the feasibility and/or desirability of making relevant information and/or documentation submitted by Plaintiffs who have filed actions in the MDL to the GCCF available to all Defendants, (subject to appropriate confidentiality and privacy considerations), in satisfaction of those Plaintiffs' Rule 26(a) Initial Disclosures.

The Rule 26(a) Initial Disclosures of Plaintiffs who have filed suit in the MDL (irrespective of whether such Plaintiffs have or have not made a claim to the GCCF) shall be served on Defense Liaison Counsel on the later of (a) November 15, 2010, or (b) sixty days from the date of Removal or the filing of the Plaintiff's Complaint.

  D.  **Written Discovery Requests**

Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to fifty (50) Interrogatories to each Defendant without leave of Court.

In addition to the Initial Omnibus Requests, Plaintiffs shall serve initial written

discovery requests related to the Blow-Out, Spill and Limitations issues on or before November 1, 2010.  Defendants may also serve written discovery requests relating to Phase I Discovery issues on one another.

Defendants shall serve their responses to Plaintiffs' and/or Defendants' initial written discovery requests by December 1, 2010.

VI. **TEST CASES**

A. **OPA**

By January 18, 2011, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and the Court regarding the potential identification of one or more cases brought against BP as the designated "responsible party" under the Oil Pollution Act of 1990 to serve as test cases for liability and damage issues. To the extent there is disagreement between Plaintiffs and the BP Defendants regarding the prevailing law and procedure applicable to the timing and scope of such OPA test cases, Plaintiffs' Liaison Counsel shall submit a single memorandum and Counsel for BP shall submit a single memorandum setting forth each side's position.  The Court shall, if and as appropriate, issue a separate Scheduling Order for the discovery and trial of such test cases.

B. **Personal Injury / Wrongful Death and *Robins Dry Dock* Test Cases Associated with the February 2012 Limitation/Liability and Test Case Trial**

By May 2, 2011, the Plaintiffs Steering Committee shall identify one or two personal injury / wrongful death test cases designated for bench trial under Rule 9(h) and one or

more *Robins Dry Dock* test cases designated for bench trial under Rule 9(h) for the February 2012 trial of liability, limitation, exoneration and fault allocation, as well as a phase two trial in July of 2012 on the questions of damages and punitive damages, if available. Discovery with respect to the test cases will commence immediately thereafter, subject to a separate Scheduling Order.

### C. Additional Test Cases

By August 1, 2011, the Plaintiffs Steering Committee shall identify additional actions to serve as test cases to be tried before a jury on liability and damage issues. The Court shall issue a separate Scheduling Order for the discovery and trial of these test cases.

### VII. STAY OF CLASS ACTION MOTION PRACTICE AND DEADLINES

Local Rule 23.1 and Federal Rule 23 motion practice and discovery on class certification issues is hereby stayed for all cases until further order of this Court. Defendants resrve the right to seek a schedule for consideration of class certification motions should the Master Complaints in any pleading bundles assert class certification claims.

### VIII. CLARIFICATION OF PRESERVATION REQUIREMENTS

Section 14 of PTO No. 1 is clarified to expressly compel the preservation of any and all documents, electronic data, and other information provided to, or generated within, the Gulf Coast Claims Facility (GCCF), and the predecessor BP claims apparatus.

### IX. ANTICIPATED ADDITIONAL PRE-TRIAL ORDERS

The parties shall meet to confer in good faith to negotiate the following joint and

stipulated, to the extent possible, pre-trial orders: (i) Order Relating to the Treatment of Confidential Materials, (ii) Order Relating to the Treatment of Privileged Materials; (iii) Deposition Protocol, (iv) Document Production Protocol, (v) E-Discovery Protocol, and (vi) Protocol for the Service of Pleadings and Discovery, whether *via* Lexis-Nexis File & Serve or otherwise. Such proposed orders shall be filed with the Court on or before November 1, 2010.

In addition, the parties shall meet and confer regarding the desirability and feasibility of an order facilitating the direct filing of actions into the MDL.

Plaintiffs' Liaison Counsel shall also submit a proposed order governing the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

### X.   FILING OF PLEADINGS

All motions, requests for discovery or other pre-trial proceedings with respect to plaintiffs shall be initiated by and/or coordinated through the PSC, to be filed by and through Plaintiffs' Liaison Counsel. If the PSC does not support the motion, discovery or other requested proceeding, then the moving or requesting plaintiff shall be permitted to file such motion or request, but shall include a certificate of non-support.

### XI.   TIMELINE

For ease of reference, the deadlines contained herein are summarized in the Timeline attached as Exhibit "A" hereto.

## XII.     SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER

This Order may be amended by Order of the Court in the interests of justice and/or in the event that Congress legislates or directs amendments regarding any issue (including, but not limited to, the availability of an exoneration/limitation defense) that affects any portion of the Deepwater Horizon litigation.

Further, the provisions of this Order are provisional and may be modified on the in the interests of justice, expedience or judicial economy on Court's own motion or motion by the parties for good cause shown.

New Orleans, Louisiana this _____ day of October, 2010.

_____
**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**