UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the** | * | |
| **Gulf of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases*. | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

* * * * * * * * * * * * * * * * * *   *

PRE-TRIAL ORDER NO. ___
[CASE MANAGEMENT ORDER NO. 1]

Considering the need for organization of this complex litigation, the submissions and suggestions of counsel in connection with the initial Status Conference held on September 16, 2010, a conference held with Liaison Counsel on September 29, 2010, and the *Manual for Complex Litigation*, *Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1.[1]  It is hereby **ORDERED** as follows:

I.    **APPLICABILITY OF ORDER.**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

---

[1] By filing this proposed Case Management Order and/or any other proposed order relating to case scheduling, the parties do not waive, and expressly reserve, any objection they may have to the Court's procedures in setting cases or issues for trial in this MDL proceeding.

## II. FILING OF CASE MANAGEMENT ORDER NO. 1.

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

## III. PLEADING BUNDLES.

This proceeding is hereby separated into the following Pleading Bundles for purposes for the filing of complaints, answers and any Rule 12 motions. The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

### A. April 20, 2010 Personal Injury and Death Claims.

Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010, as to those individual claimants who were on board the *Deepwater Horizon* and/or the *Damon Bankston* on April 20, 2010.. Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.

### B. Private Individuals and Business Loss Claims and Non-April 20, 2010 Personal Injury Claims.

These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

> **B1. Non-Governmental Economic Loss and Property Damages.** This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.

        **B2.**    **RICO Claims.**  In light of determinations as may be made by the JPML regarding the transfer and/or coordination of pending RICO actions, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the consolidation and/or coordination of RICO pleadings.

        **B3.**    **Post-Explosion Clean-Up Claims.**  This Pleading Bundle will include all claims related to post-explosion clean-up efforts and/or all personal injury claims not included in Pleading Bundle A.  These claims will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints.

        **B4.**    **Post-Explosion Emergency Responder Claims.**  This Pleading Bundle will include all claims against the alleged owners and/or operators of rescue vessels that answered the *Deepwater Horizon*'s distress call and responded to the emergency after the explosion.  One case currently exists alleging such claims:  *Terry G. Robin, et al. v. Seacor Marine, L.L.C., et al.*, No. 10-1986.  The complaint in the *Robin* case will serve as the operative complaint for this Pleading Bundle, and such claims shall not be included in any other Pleading Bundles or Master Complaints.

**C.**    **Public Damage Claims.**

        These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints; however, counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the desirability of a Master Complaint for governmental claims.  Plaintiffs' Liaison Counsel shall

thereafter discuss the desirability of a Master Complaint with Defense Liaison Counsel and report to the Court prior to the November 2010 Status Conference.

**D.     Injunctive and Regulatory Claims.**

These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

> **D1.   Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.
>
> **D2.   Claims Against the Government or any Government Official or Agency.** In the event these claims are retained in the MDL, they will be pled separately and uniformly in a master complaint, and will be reviewed based on administrative records lodged by Federal Defendants. It would be premature to set deadlines for lodging the records at this time because motions to sever and deconsolidate these cases remain pending before the Court (see Dkt. ## 59, 174). In addition, for the reasons discussed in these previously filed motions, (see Dkt. ## 59, 174), the discovery and other pre-trial procedures discussed in this CMO (Sections V-IX) do not apply to these cases brought under the Administrative Procedure Act

**E.     Designation of Subsequently-Added Cases.**

All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.

## IV. **TIMING FOR FILING OF PLEADING.**

### A. **Filing of Complaints.**

Master Complaints, as designated above, shall be filed by December 15, 2010. In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010 (or otherwise for good cause shown).

### B. **Defendants' Responses.**

Defendants shall each file responses to the Master Complaints in Pleading Bundles B and D, and to the complaints or amended complaints in Pleading Bundles A and C not previously answered, by January 18, 2011. Defendants may choose to file a Master Answer or Answer(s) relating to complaints in such bundles that raise similar allegations, or other responsive pleadings in accordance with Rule 12(b) or 12 (c). If a Defendant files a responsive pleading in accordance with Rule 12(b) or 12(c) to a complaint or Master Complaint in pleading bundles B, C or D, no answer need be filed by that Defendant until thirty (30) days after the Court has ruled on such responsive pleading.

With respect to actions in Pleading Bundle A, an Answer to each complaint or amended complaint (whether a Master Answer or otherwise) shall be filed by each named Defendant that has been properly served or has appeared, regardless of whether any motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) or 12(c), with the exception that cases for which Rule 12(b)(2) motions are filed, no answer will be due prior to resolution of such motions.

Prior to the briefing and hearing of any Rule 12(b)(2) motions, the parties will be permitted to engage in jurisdictional discovery related to jurisdiction over any defendant that has raised a jurisdictional challenge.

Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6) or 12(c) motions shall be filed by February 18, 2011.  Reply Briefs shall be filed by March 18, 2011.  The Court will set oral argument on such motions as soon thereafter as the Court deems appropriate.

**C.    RICO Pleadings.**

Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the deadlines for the filing of any RICO pleadings and responses thereto.  No responsive pleading to any complaint alleging RICO claims shall be required pending further order of court.

**D.    Claims in Transocean's Limitation Action.**

In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas by order of that Court dated August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010.  Said Orders of the Southern District of Texas Court are hereby amended to extend said claims (monition) date to April 20, 2011.

Any cross-claims, Rule 14(c) claims or other third-party complaints asserted in connection with the Limitation shall be filed on or before May 20, 2011.  Any answer or other responsive pleadings to such crossclaims or third party complaints shall be filed on or before June 20, 2011.

All claims in the Limitation action are to be filed in member case 10-2771 as per the Court's August 24, 2010 order.

6

**V.     DISCOVERY.**

A.     **Phase I Discovery.**

    1.     **Jurisdiction.**

In the event that any named Defendant challenges jurisdiction by motion pursuant to Rule 12(b)(2), discovery limited to jurisdictional issues versus any moving defendant shall proceed expeditiously thereafter. With respect to any defendant objecting to personal jurisdiction, the discovery obligations set forth herein will be imposed in the event that personal jurisdiction is established, to commence expeditiously upon order of the Court.

    2.     **Casualty Liability, Limitation and Related Issues.**

Discovery contemplated herein shall focus on the activities and events leading up to and including the April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig.

    3.     **Environmental samples**

In addition to the requests in Plaintiffs' Initial Discovery Requests, the parties anticipate that additional discovery relating to environmental sampling will be initially in the form of third-party subpoenas and/or FOIA requests directed primarily to U.S. and State Agencies. Such discovery may commence immediately. Certain defendants have already stated they have no objection to such third party discovery. The parties shall also meet and confer with one another and, to the extent appropriate, with third parties, regarding the preservation and/or testing of physical samples which have been collected and maintained, as well as broader first-party discovery regarding the environmental impacts of the spill.

    4.     **Information Systems and Management Information Systems.**

Should Defendants object to any discovery requests propounded to them based upon claims of undue burden or that responsive information is not reasonably accessible, after a

7

period of time for appropriate meet and confer sessions, Plaintiffs may thereafter seek to commence discovery regarding such claims.

### 5. Privilege and Related Issues

On or before December 31, 2010, Defendants shall provide privilege logs relevant to Phase I Discovery with respect to any documents withheld on the basis of attorney-client privilege or work product, as well as a description of all sources of electronic data which may have potentially relevant information, but which Defendants do not intend to search, on the basis that such data is not reasonably accessible due to undue burden or cost, (in accordance with Rule 26(b)(2)(B)).

### 6. Fact depositions.

Fact depositions related to casualty liability and limitation may commence on January 18, 2011, except that any depositions of a witness related to the rig blow out preventer ("BOP") must be scheduled after the time that the government's Joint Investigative Team's forensic evaluation of the BOP is completed.

### B. Spill Response, OPA and Economic Loss Cases

By November 1, 2010, the parties shall meet and confer regarding appropriate, limited written discovery relating to spill extent, response and containment. On and after November 30, 2010, plaintiffs may serve written discovery to defendants on the subject of spill extent, response and containment, which written discovery shall be responded to by January 18, 2011.

By July 1, 2011, the parties shall submit a proposed CMO for remaining discovery (including depositions and expert discovery) and scheduling (including dispositive motions) for designated case(s) on economic loss (OPA and *Robins Dry Dock*). Such a

8

scheduling order may include consideration of suitability of cases for class certification and class certification discovery and briefing.

C.     **Written Discovery Requests.**

Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to fifty (50) Interrogatories.

Plaintiffs may serve initial written discovery requests related to the Phase I Casualty and Limitations issues on or before November 2, 2010. Defendants may also serve written discovery requests relating to Phase I Discovery issues on one another. Defendants may also serve written discovery on plaintiffs on or after November 2, 2010.

Defendants shall serve their responses to Plaintiffs' and/or Defendants' initial written discovery requests by December 1, 2010. Plaintiffs shall also serve their responses to Defendants' initial written discovery requests on a schedule in accordance with the Federal Rules of Civil Procedure.

VI.    **DESIGNATED CASES.**

A.     **Personal Injury / Wrongful Death Designated Cases Associated with the March 1, 2012 Limitation and Liability Trial.**

By May 2, 2011, the Plaintiffs Steering Committee shall identify one or two personal injury / wrongful death cases designated for bench trial under Rule 9(h) for the March 2012 trial of liability, limitation, exoneration and fault allocation. Discovery with respect to the designated cases will commence immediately thereafter, subject to a separate Scheduling Order.

B.     **OPA and Economic Loss Designated Cases**

As set forth above, the parties shall meet and confer and submit by July 1, 2011, a proposed CMO relating to remaining discovery (including depositions and expert discovery) and

9

scheduling (including dispositive motions) for up to two (2) designated case(s) on economic loss (OPA and *Robins Dry Dock*).  Such a scheduling order may include consideration of suitability of cases for class certification, and class certification discovery and briefing.

### VII. STAY OF CLASS ACTION MOTION PRACTICE AND DEADLINES.

Local Rule 23.1 and Federal Rule 23 motion practice and discovery on class certification issues is hereby stayed for all cases until further order of this Court. Defendants reserve the right to seek a schedule for consideration of class certification motions should the Master Complaints in any pleadings bundles assert class certification claims.

### VIII. ANTICIPATED ADDITIONAL PRE-TRIAL ORDERS.

The parties shall, within 15 days of the entry of this Order, meet to confer in good faith to negotiate the following joint and stipulated, to the extent possible, pre-trial orders:  (i) Order Relating to the Treatment of Confidential Materials, (ii) Order Relating to the Treatment of Privileged Materials; (iii) Deposition Protocol, (iv) Document Production Protocol, (v) E-Discovery Protocol, and (vi) Protocol for the Service of Pleadings and Discovery, whether *via* Lexis-Nexis File & Serve or otherwise.  Such proposed orders shall be filed with the Court within 30 days of the date of this Order.

In addition, the parties shall meet and confer regarding the desirability and feasibility of an order facilitating the direct filing of actions into the MDL.

Plaintiffs' Liaison Counsel shall also submit a proposed order governing the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

### IX. FILING OF PLEADINGS.

All motions, requests for discovery or other pre-trial proceedings with respect to plaintiffs shall be initiated by and/or coordinated through the PSC, to be filed by and through

Plaintiffs' Liaison Counsel. If the PSC does not support the motion, discovery or other requested proceeding, then the moving or requesting plaintiff shall be permitted to file such motion or request, but shall include a certificate of non-support.

### X. SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER.

This Order may be amended by Order of the Court in the event that Congress legislates or directs amendments regarding any issue (including, but not limited to, the availability of an exoneration/limitation defense) that affects any portion of the Deepwater Horizon litigation.

Further, the provisions of this Order are provisional and may be modified in the interests of justice, expedience or judicial economy on Court's own motion or motion by the parties for good cause shown.

New Orleans, Louisiana this _____ day of October, 2010.

> _____
> **CARL J. BARBIER**
> **UNITED STATES DISTRICT JUDGE**