UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG : MDL NO. 2179
     "DEEPWATER HORIZON" in the :
     GULF OF MEXICO, on :
     APRIL 20, 2010 : SECTION: J
      :
      :
      : JUDGE BARBIER
      : MAG. JUDGE SHUSHAN

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

On September 24, 2010, the Court issued a Notice of Intent to Appoint Professor Francis E. McGovern, Professor of Law, Duke University School of Law, as a Special Master in this proceeding under Federal Rule of Civil Procedure 53. No one responded or objected to this appointment. By this Order, the Court formally appoints Professor McGovern as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

### I. BACKGROUND

<u>In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010</u>, 10-MD-2179 ("MDL-2179"), meets every definition of complex litigation. This litigation has multiple plaintiffs, multiple defendants, multiple theories of liability and defenses, and multiple theories of damages. There

are also related cases that have been and will be filed in both federal and state courts. The presence of the Oil Pollution Act of 1990, however, adds a layer of complexity not often found in mass torts or other complex litigation. The unique legislative environment of MDL-2179 encompasses multiple concurrent or sequential but separate procedures that are designed to resolve precisely the same claims: through the Oil Spill Liability Trust Fund, by the Gulf Coast Claims Facility, in state court, and in federal court. These distinctive procedures have overlapping roles in providing remedies arising from the same underlying events. In order to insure that each of these procedures is as effective as possible, it is essential that any potential for conflicts, inconsistencies, redundancies, unproductive duplication, or counterproductive activities be reduced as much as possible. Probably the most promising method for insuring the effective resolution of all issues arising from this litigation is to establish open lines of communication and create opportunities for coordination and enhanced cooperation among all of these procedures.

The Manual for Complex Litigation, Fourth, §20.14 et seq., provides that:

> judges can coordinate proceedings in their respective courts to avoid or minimize duplicative activity and conflicts. Coordination requires effective communication between judges and among judges and counsel. ... [Judges] have undertaken innovative efforts to coordinate parallel or related litigation so as to reduce the costs, delays,

and duplication of effort that often stem from such dispersed litigation. ... Coordination approaches differ depending on the nature of the litigation.

In order for this Court to fulfill its obligation as a transferee court and to foster optimal levels of communication, coordination, and cooperation in connection with MDL-2179, and in accordance with the Transfer Order of the Judicial Panel on Multidistrict Litigation dated August 10, 2010, the Manual for Complex Litigation, Fourth, §11.52 and §§20.14-20.32, Rule 53 of the Federal Rules of Civil Procedure, and the inherent authority of the Court, the Court appoints Professor Francis E. McGovern Special Master to assist this Court, the parties, and counsel in coordinating the above captioned case with other matters related to MDL-2179, including, but not limited to, matters in other federal courts, matters in state courts, the Oil Spill Liability Trust Fund, the Gulf Coast Claims Facility, and matters in other related entities.

The best manner for addressing the need for coordination in an effective and timely manner is to appoint a Special Master who can devote sufficient attention to these critical tasks. Professor McGovern is uniquely qualified to perform these coordination duties having served in a similar capacity in two previous MDL proceedings and having written extensively about coordination in complex litigation.

The duties of this appointment do not envision traditional

special master roles involving discovery, fact-finding, or substantive law. This appointment is limited to fostering and enhancing communication, coordination, and cooperation among all entities related to MDL-2179 in order to assist this Court and the parties in the efficient management and resolution of the litigation. More specifically, the duties of the Special Master will focus on opening and maintaining lines of communication among all entities dealing with matters related to MDL-2179; defining and implementing coordination wherever practicable and productive; and assisting all related entities, parties, and their counsel in achieving an optimal level of cooperation consistent with their respective duties and responsibilities in order to reduce costs, delays, and duplication of effort.

## II. COMMUNICATIONS WITH THE PARTIES AND THE COURT

In accordance with Rule 53(b)(2)(B), the Court sets forth the circumstances in which the master may communicate *ex parte* with the court or a party as follows: The Special Master in this proceeding is authorized to communicate *ex parte* with the Court and parties, without notice, as he deems appropriate.

## III. SPECIAL MASTER'S RECORDS

The Special Master in this proceeding shall maintain normal billing records of time spent on this matter with reasonable detailed descriptions of his activities. If the Court asks the Special Master to submit a formal report, the Special Master

shall submit such report in writing for electronic filing on the case docket.

IV. COMPENSATION

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. Fees and expenses for the Special Master shall be arranged among the parties.

New Orleans, Louisiana, this 7th day of October, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE