UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' OMNIBUS DISCOVERY REQUESTS ON ALL DEFENDANTS

**NOW COME** Plaintiffs, through Plaintiffs' Liaison Counsel, and, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in the actions which have been transferred and/or coordinated in Section J of the Eastern District of Louisiana in association with the above-captioned MDL proceeding, and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days, or as otherwise provided herein, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant). Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information ("ESI") responsive to these discovery requests be produced in native file format, including embedded data and/or metadata associated with each electronic file. At a minimum, Defendants shall include in their ESI production all metadata fields recommended by the Electronic Discovery Reference Model ("EDRM") (and

hash values) in the format set forth by EDRM. Any images of documents which exist in hard copy paper format should be provided as searchable .tif images with a Concordance load file and OCR. Furthermore, if any responsive ESI is not in a "reasonably usable form," Defendant is requested to notify Plaintiffs' Liaison Counsel immediately, in order to confer regarding any translation necessary to put the ESI in a reasonably usable form.

**Request for Production No. 1**

Please produce any and all documents and/or ESI produced and/or provided to the Coast Guard, Mineral Management Service ("MMS"), Marine Board Investigation ("MBI"), and/or any Congressional Committee and/or Sub-Committee in connection or association with any investigation or inquiry regarding or relating to the Deepwater Horizon and/or the Macondo Well.

Please include copies of any and all *subpoenas* and/or requests to which you produced such documents and ESI.

Please also produce any and all pre-April 20, 2010 filings with the Coast Guard and/or MMS relating or in any way pertaining to the Macondo Prospect, the Deepwater Horizon, or the Macondo Well.

**Request for Production No. 2**

Please produce any and all insurance policies, including declaration sheets, (with premium information redacted), which may provide any insurance or indemnity to you and/or Plaintiffs for any claims and/or damages arising out of or in any way associated with the Deepwater Horizon and/or the Macondo Well. Please also produce any and all reservation of rights letters you have received from any insurer.

**Request for Production No. 3**

Please produce any and all drilling contracts, service agreements, mineral lease and/or mineral rights and/or royalty agreements, joint operation and/or exploration and/or production and/or joint-venture agreements, indemnity agreements, and/or charter agreements, relating or pertaining to the Macondo Prospect, the Deepwater Horizon, and/or the Macondo Well.

**Request for Production No. 4**

Please produce any and all AFEs, well plans, and drilling and/or completion protocols, relating or pertaining to the Macondo Prospect, the Deepwater Horizon, and/or the Macondo Well.

**Request for Production No. 5**

Please produce any and all design specifications for the Deepwater Horizon, including diagrams, photographs and schematics of the vessel, the decks, and the blow-out preventer ("BOP").

**Interrogatory No. 1 and/or Request for Production No. 6**

Please describe the nature of any safety mechanism or emergency shut-off valve, system, or mechanism, including any Emergency Disconnect System ("EDS") and/or "dead man" system, as well as any information relating to any inhibitor or override of any safety and/or alarm system, with a full account of the intended functional purpose and capability, maintenance performed or scheduled, inspections and known problems of the same.

**Request for Production No. 7**

Please produce any and all real-time data feeds, data dumps, e-mails, and/or other electronic communications to, from and/or regarding the navigational, drilling, completion, temporary abandonment or other operations of the Deepwater Horizon and/or the Macondo Well from February 20, 2010 thru April 21, 2010.

**Interrogatory No. 2 and Request for Production No. 8**

Within thirty (30) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of (i) all officers, directors, managers, employees or other corporate representatives providing testimony to the Coast Guard / MMS / MBI or to any committee or sub-committee of the United States Congress, and (ii) all officers or employees responsible for services provided in association with the navigational, drilling, completion, temporary abandonment or other operations of the Deepwater Horizon (whether on the rig or from shore) within forty-eight hours of the casualty. Defendants shall also provide a written transcript of any testimony before Congress or the Coast Guard / MMS / MBI, as well as any and all written or recorded statements prepared or provided by such personnel.

Within sixty (60) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants associated with any services provided, and/or drilling and/or completion and/or

temporary abandonment activities conducted, in association with the Deepwater Horizon, its equipment, or the Macondo Well.

Within ninety (90) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants with knowledge regarding the maintenance, inspection, problems, complaints or repairs associated with the Deepwater Horizon, its equipment, or the Macondo Well.

Within one hundred and twenty (120) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants who were involved or participated in any and all well control, clean-up, or remediation efforts as a result of the spill.

**Request for Production No. 9**

Please provide your organizational charts in effect from January 1, 2010, thru the present, including organizational charts reflecting and/or containing:

- a. officers, employees or other personnel within any department or division supervising and/or providing services in connection with the Deepwater Horizon and/or the Macondo Well;
- b. officers, employees or other personnel within any department or division supervising and/or providing services within the Gulf of Mexico;
- c. the officers, directors, members and/or managers of each Defendant entity;
- d. the parents, subsidiaries, sister entities and/or other affiliates of each Defendant entity;
- e. the officers, directors, members and/or managers of the parents, subsidiaries, sisters and/or other affiliates of each Defendant entity; and,
- e. the parents, subsidiaries, sister entities and/or other affiliates of each entity supervising and/or providing services in connection with the Deepwater Horizon and/or the Macondo Well.

**Interrogatory No. 3 (and/or Request for Production No. 10)**

Please describe the existence, nature, time, location, custodian, testing, analysis and/or results of any and all water, oil, soil, air, tissue and/or other environmental samples which have been taken or collected in or around the Gulf of Mexico (including its adjacent and/or neighboring shores, inlets, tributaries, rivers, marshes, estuaries, beaches, waters, counties, parishes, states, countries and/or bays) from April 20, 2010 to the present.

**Request for Production No. 11**

Please produce any and all internal or independent root cause analysis and/or self-critical analysis regarding the cause and/or causes of the Deepwater Horizon blow-out, explosion, fire and/or resulting oil spill, including any and all drafts of the foregoing, including, but not limited to, any and all partial drafts, initial drafts, or other drafts of BP's *Deepwater Horizon* Accident Investigation Report.

**Request for Production No. 12 and Interrogatory No. 4**

Please produce your Information Systems (IS), Management Information System (MIS) and/or Information Technology (IT) manuals and/or protocols, including schematics and/or diagrams of the portions of their computer networks which may contain discoverable ESI, and the identification (with job title and location) of persons most knowledgeable regarding same.

Please describe all communications, with the Coast Guard, MMS, MBI, and/or any Congressional Committee and/or Sub-Committee, whether in writing or by oral communication, relating to your production of documents and ESI as stated above in Request for Production No. 1. Please include in your response the identity of each person (consistent with the requirements of Rule 26(a)(3)(A)(i), as well as employer and title) with which any such communications were made, as well as the dates any such communications were made.

Please also identify any and all sources of alleged "inaccessible" ESI which may contain potentially relevant information, but is (or are) not being reviewed by you on account of alleged "undue burden" or cost, (or for any other reason).

Please also produce your document and/or ESI retention and/or destruction policies in effect from January 1, 2005 through the present.

**Request for Production No. 13**

Please produce any and all requests for documents (and/or ESI) and/or any documents (and/or ESI) exchanged, at any time since April 20, 2010, between and/or among any two or more Defendants.

This 5th day of October, 2010.


Respectfully submitted,

/s/ Stephen J. Herman
**Stephen J. Herman**, La. Bar No. 23129
**HERMAN HERMAN KATZ & COTLAR LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com

*Plaintiffs Liaison Counsel.*

/s/ James Parkerson Roy
**James Parkerson Roy**, La. Bar No. 11511
**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Discovery Requests shall be served, *via* E-MAIL, upon all Defense Liaison Counsel, this 5th day of October, 2010.

                                        /s/  Stephen J. Herman and James Parkerson Roy