UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * * * * * * | * | |

### RESPONDER DEFENDANTS' SUPPLEMENT IN PARTIAL OPPOSITION TO PLAINTIFFS' PROPOSED CMO

Nalco Company ("Nalco") respectfully submits the following in partial opposition to plaintiffs' proposed CMO. In particular, Nalco objects to the definition of the "pleading bundle" in Section III. B.3 of plaintiffs' proposed CMO. Nalco supports the defendants' definition of pleading bundle B.3 which states:

> **B.3.   Post-Explosion Clean-Up Claims:** This Pleading Bundle will include all claims related to post-explosion clean-up efforts and will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints.

Plaintiffs, however, have proposed a narrower B.3 pleading bundle which states:

**B.3. Medical Monitoring and Post-4/20/10 Personal Injury claims.** These claims will be pled separately and uniformly in a Master Complaint.

Under plaintiffs' proposal, claims against Responder defendants like Nalco could be filed *both* in pleading bundle B.3 as well as pleading bundle B.1 which includes all claims for "non governmental economic loss and property damage." (Proposed CMO, Section III. B.1.) Nalco could be subject to claims for economic loss or property damage in a B.1 bundle and to claims for medical monitoring or personal injury in a B.3 bundle. Nalco, and the other Responders, however, are situated different from the other defendants. The claims against the Responders – which all arise from post-accident conduct – should be bundled together in one master complaint.

Nalco, and other Responders, are situated different from those companies involved with the events leading up to and causing or contributing to the "casualty." Nalco responded to the call to help *after* the events which caused the casualty. Nalco provided dispersants which were used as specified by the National Contingency Plan and as directed by the National Incident Command to help disperse the oil and help protect the Gulf of Mexico. Environmentalists, scientists, industry leaders, and the Coast Guard admirals entrusted with fighting the spill agree that the Responders' efforts did indeed help save the Gulf. Importantly for the case management of MDL No. 2179:

- The Responders had no role in the events leading to the casualty, and there is no claim or contention that they did.

- The Responders have no facts and no information to offer – in discovery or at trial – on the events causing or contributing to the casualty.

- Discovery of the events that occurred while the Responders worked during the containment and cleanup have virtually no overlap with discovery of the events causing

2

the casualty. (Plaintiffs say there is some potential overlap – but there is some potential overlap across each of the Pleading Bundles plaintiffs propose – as all the cases in the MDL relate to and concern the Gulf Spill.)

- The Responders, as responders, have legal defenses separate and distinct and independent. The law protects responders from claims like those made in these matters to encourage responders to respond to human and environmental accidents and emergencies.

Accordingly, plaintiffs should be required to plead in one "pleading bundle" – a concept plaintiffs advocated – against the Responder defendants. Including claims against the Responders for post-accident conduct in more than one Master Complaint will result in duplication of efforts and the inclusion of the Responder defendants in several matters where they have no role.

For all of these reasons, Nalco respectfully submits that this Court adopt defendants' proposed pleading bundle B.3.

Dated: October 12, 2010

Respectfully submitted,

By: /s/ Thomas J. Heiden
Thomas J. Heiden
(thomas.heiden@lw.com)
Mary Rose Alexander
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767
*Attorneys for Nalco Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2010, a copy of the foregoing Responder Defendants' Supplement In Partial Opposition To Plaintiffs' Proposed CMO was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's filing system. I also certify that I have served a copy of the document via U.S. First Class Mail, postage prepaid, upon the following:

> Jeffery N. Luthi
> One Columbus Circle, NE
> Federal Judiciary Bldg. Rm. G-255
> Washington, D.C. 20002

Dated: October 12, 2010

Respectfully submitted,
By: /s/ Thomas J. Heiden
Thomas J. Heiden
(thomas.heiden@lw.com)
Mary Rose Alexander
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767
*Attorneys for Nalco Company*