UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | SECTION: J |
| | * | |
| THIS DOCUMENT RELATES *ONLY* | * | JUDGE BARBIER |
| TO 2:10-CV-03059 | * | |
| | * | MAG. JUDGE SHUSHAN |

**RULE 12 DEFENSE, ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO COMPLAINT FOR DECLARATORY JUDGMENT
AND COMPULSORY COUNTERCLAIM**

NOW COME, Triton Asset Leasing GmBH ("Triton"), Transocean Holdings LLC ("Holdings"), Transocean Offshore Deepwater Drilling Inc. ("TODDI"), and Transocean Deepwater Inc. ("TDI"), (collectively the "Transocean Defendants"), who respond to Plaintiff's Complaint for Declaratory Judgment upon information and belief, as follows:[1]

**RULE 12 DEFENSES**

The Transocean Defendants aver the following Rule 12 Defenses:

1.

Plaintiff has failed to state a claim upon which relief can be granted.

2.

Plaintiff has failed to join a party under Rule 19.

---

[1] These Defendants respond herein to the Plaintiff's Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving to these Defendants their rights and defenses under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted in the Petition for Exoneration from or Limitation of Liability in the proceeding *In re the Complaint and petition of Triton Asset Leasing GmbH, et al*, Case No. 2: 10-cv-02771 in the United States District Court for the Eastern District of Louisiana.

## ANSWER

For answer to each and every allegation of the Complaint, the Transocean Defendants respond as follows:

### 1.

The allegations of Article 1 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that Plaintiff has filed its complaint in this civil action.

### 2.

The allegations of Article 2 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that Plaintiff has filed its complaint in this civil action.

### 3.

The allegations of Article 3 of the Complaint are denied, except to admit that Triton, Holdings, TODDI and TDI were owner, managing owner, owner *Pro Hac Vice* and/or operators of the MODU Deepwater Horizon, and that on April 20, 2010, the Deepwater Horizon was under contract with a certain BP entity on the Macondo Prospect.

### 4.

The allegations of Article 4 of the Complaint are denied as written, except to admit that an explosion and fire occurred aboard the Deepwater Horizon on April 20, 2010, the rig sank on April 22, 2010, and there was an oil spill from the sub-sea well, head facility leased or permitted to, or owned and operated by persons other than the Transocean Defendants.

304747

5.

The allegations of Article 5 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, other than to admit that an oil spill occurred at the Macondo well head facility, and Plaintiff claims liability and damages arising out of that oil spill.

6.

The allegations of Article 6 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that Exhibits A and B to the Complaint appear to be genuine and authentic letters from the Coast Guard to Holdings under date of April 28, 2010, and from the Coast Guard to BP under date of April 28, 2010, respectively, and that none of the Transocean Defendants is a "responsible party" for the sub-sea, well head facility at the Macondo Prospect, or the oil spill therefrom.

7.

The allegations of Article 7 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that Exhibit C to the Complaint appears to be a genuine and authentic letter dated May 3, 2010 from Holdings to the U.S. Coast Guard, and none of the Transocean Defendants is a "responsible party" for the discharge of oil from the sub-sea, well head facility at the Macondo Prospect.

8.

The allegations of Article 8 of the Complaint are denied.

9.

The allegations of Article 9 of the Complaint are denied, except to admit that Plaintiff has filed a Complaint in this civil action.

304747

10.

The allegations of Article 10 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

11.

The allegations of Article 11 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

12.

The allegations of Article 12 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

13.

The allegations of Article 13 of the Complaint are admitted.

14.

The allegations of Article 14 of the Complaint are admitted.

15.

The allegations of Article 15 of the Complaint are admitted.

16.

The allegations of Article 16 of the Complaint are admitted.

17.

The allegations of Article 17 of the Complaint are admitted.

18.

The allegations of Article 18 of the Complaint are admitted.

304747

19.

The allegations of Article 19 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that on April 20, 2010, an explosion and fire occurred aboard the Deepwater Horizon, a mobile offshore drilling unit, located approximately 50 miles off the coast of Louisiana.

20.

The allegations of Article 20 of the Complaint are denied, except to admit that Triton, Holdings, TODDI and TDI were owner, managing owners, owners *Pro Hac Vice*, and/or operators of the MODU Deepwater Horizon, and that Transocean Holdings has received the letter dated April 28, 2010, designating it as a responsible party for discharges from the vessel Deepwater Horizon, but not any discharges of oil from the sub-sea, well head facility owned and operated by persons other than the Transocean Defendants.

21.

The allegations of Article 21 of the Complaint are denied, except to admit that there was a certain contract in effect on April 20, 2010, between BP America Production Company and Transocean Holdings, L.L.C. for the Deepwater Horizon, the contents of which are the best evidence of the obligations and responsibilities of the parties thereto.

22.

The allegations of Article 22 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that certain BP entities held appropriate leases with the United States Minerals Management Services (MMS) for the Macondo Prospect.

304747

23.

The allegations of Article 23 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that a certain BP entity was upon information and belief an operator under an operating agreement for the Macondo Prospect.

24.

The allegations of Article 24 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

25.

The allegations of Article 25 of the Complaint are denied as written, except to admit that there was a certain contract between BP America Production Company and Transocean Holdings, L.L.C. that governed compensation with respect to the Deepwater Horizon, the terms of which are the best evidence of compensation for Deepwater Horizon activities.

26.

The allegations of Article 26 of the Complaint are denied as written, except to admit that on April 20, 2010, the contract between BP America Production Company and Transocean Holdings, L.L.C. defined certain obligations and responsibilities of the parties thereto.

27.

The allegations of Article 27 of the Complaint are denied as written, except to admit that there were certain activities occurring at the Macondo Prospect on April 17, 2010 and April 19, 2010.

28.

The allegations of Article 28 of the Complaint are denied, except to admit that on April 20, 2010, an explosion and fire occurred aboard the semi-submersible Mobile Offshore Drilling

Unit ("MODU") Deepwater Horizon, platform workers on the vessel died and were injured, and the rig subsequently sank on April 22, 2010.

29.

The allegations of Article 29 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

30.

The allegations of Article 30 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

31.

The allegations of Article 31 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

32.

The allegations of Article 32 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

33.

The allegations of Article 33 of the Complaint are denied as written, except to admit that Exhibit A to the Complaint appears to be a genuine and authentic letter dated April 28, 2010, from the U.S. Coast Guard to Holdings and that the U.S. Coast Guard has asserted that a BP entity is the responsible party for oil discharges from the sub-sea, well head facility leased or permitted to, or owned and operated by persons other than the Transocean Defendants.

34.

The allegations of Article 34 of the Complaint are denied as written, except to admit that Exhibit C to the Complaint appears to be a genuine and authentic copy of a letter dated May 3, 2010 from Holdings to the U.S. Coast Guard.

35.

The allegations of Article 35 of the Complaint are denied as written, except to admit that the quotations from Exhibit E to the Complaint contained in paragraph 35 of the Complaint appear to be accurate insofar as they have been quoted.

36.

The allegations of Article 36 of the Complaint are denied as written, except to admit that certain federal regulations and industry standards applied to the Deepwater Horizon and the Transocean Defendants satisfied their obligations as they understood them.

37.

The allegations of Article 37 of the Complaint are denied as written, except to admit that certain federal regulations and industry standards applied to the Deepwater Horizon and the Transocean Defendants satisfied their obligations as they understood them, and the portions of the transcript of the U.S. Coast Guard and Bureau of Energy Management Investigation dated August 25, 2010, attached as Exhibit F to the Complaint, appear to be an accurate copy of portions of the transcript.

38.

The allegations of Article 38 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

39.

The allegations of Article 39 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

40.

The allegations of Article 40 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

41.

The allegations of Article 41 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

42.

The allegations of Article 42 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

43.

The allegations of Article 43 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

44.

The allegations of Article 44 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

45.

The allegations of Article 45 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

304747

46.

The allegations of Article 46 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

47.

The allegations of Article 47 of the Complaint are admitted.

48.

The allegations of Article 48 of the Complaint are denied, except to admit that there is a real controversy between Plaintiff and the Transocean Defendants with respect to whether any of the Transocean Defendants is a responsible party under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* ("OPA"), and the Louisiana Oil Spill Prevention and Response Act, La. Rev. Stat. § 30:2452, *et seq.* ("OSPRA"), for the sub-sea, well head facility leased or permitted to, or owned and operated by persons other than the Transocean Defendants.

49.

The allegations of Article 49 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

50.

The allegations of Article 50 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except that OPA contains some of the statutory language quoted in Article 50.

51.

The allegations of Article 51 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

304747

52.

The allegations of Article 52 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that the responsible party for a vessel may include any person owning, operating or demise chartering the vessel, and that none of the Transocean Defendants had leases or permits for or owned or operated the sub-sea, well head facility at the Macondo Prospect.

53.

The allegations of Article 53 of the Complaint are denied as written, except to admit that Triton, Holdings, TODDI and TDI were owner, managing owners, owners *Pro Hac Vice* and/or operators of the Deepwater Horizon, the U.S. Coast Guard has asserted that Transocean Holdings is a responsible party under OPA for oil discharges from the vessel Deepwater Horizon and has never asserted that any of the Transocean Defendants is a responsible party for the oil discharge from the sub-sea, well  head facility leased or permitted to, or owned and operated by persons other than the Transocean Defendants.

54.

The allegations of Article 54 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

55.

The allegations of Article 55 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that the quotations from 33 U.S.C. § 2701(14) appear to be accurate quotations from that statute.

304747

56.

The allegations of Article 56 of the Complaint are denied, except to admit that the quotations from Exhibit C to the Complaint appear to be accurate, and that the Transocean Defendants deny they are a responsible party for oil discharges from the sub-sea, well head facility at the Macondo Prospect.

57.

The allegations of Article 57 of the Complaint are denied, except to admit that the Transocean Defendants are not responsible parties for the discharge of oil from a sub-sea, well head facility at the Macondo Prospect owned and operated by persons other than the Transocean Defendants.

58.

The allegations of Article 58 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that the Transocean Defendants may be entitled to certain limitations of liability under OPA, OSPRA and the Limitation of Liability Act, 46 U.S.C. § 30501.

59.

The allegations of Article 59 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

60.

The allegations of Article 60 of the Complaint are denied, except to admit that none of the Transocean Defendants are a responsible party with respect to any oil discharge from the sub-sea, well head facility at the Macondo Prospect leased or permitted to, or owned and operated by persons other than the Transocean Defendants.

304747

61.

The allegations of Article 61 of the Complaint are admitted.

62.

The allegations of Article 62 are denied, except to admit that there is a real controversy between the Plaintiff and the Transocean Defendants that is ripe for adjudication: whether the Transocean Defendants meet the definition of a responsible party under OSPRA with respect to the oil discharged from the sub-sea, well head facility that was not leased or permitted to, or owned or operated by any of the Transocean Defendants.

63.

The allegations of Article 63 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

64.

The allegations of Article 64 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

65.

The allegations of Article 65 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

66.

The allegations of Article 66 of the Complaint are denied as written, except to admit OSPRA defines the owner and operator of a facility – not a vessel – as a responsible party.

67.

The allegations of Article 67 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein, except to admit that responsible parties for a

vessel include any person owning, operating or demise chartering the vessel, and that none of the Transocean Defendants are responsible parties for an oil discharge from the sub-sea, well head facility, such as the one at the Macondo Prospect.

68.

The allegations of Article 68 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

69.

The allegations of Article 69 of the Complaint are denied for a lack of sufficient information upon which to justify a belief therein.

70.

The allegations of the prayer for relief are denied.

## AFFIRMATIVE DEFENSES

The Transocean Defendants assert these affirmative defenses in the alternative the declaratory judgment sought by Plaintiff is granted and otherwise:

## FIRST DEFENSE

Plaintiff has failed to satisfy conditions precedent to recovery.

## SECOND DEFENSE

The Transocean Defendants assert all defenses available under OPA and OSPRA, including, without limitation:

    a.  Plaintiff has failed to make presentment of their claims as required under OPA/OSPRA.

    b.  OPA/OSPRA displaces or preempts Plaintiffs' claims with respect to oil spill damages and otherwise.

304747

c.  Plaintiff has no right of action against Defendants in that each is not a responsible party as defined under OPA/OSPRA.

d.  OPA/OSPRA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

e.  OPA/OSPRA does not provide for, or allow, the recovery of punitive or exemplary damages.

## THIRD DEFENSE

Defendants assert the defenses of payment and release.

## FOURTH DEFENSE

Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiff receive from any source as compensation for alleged losses.

## FIFTH DEFENSE

The damages referred to in Plaintiffs' Complaint were not caused or contributed to in any manner by Defendants, its alleged servants, employees, agents, or anyone for whom any Defendant is responsible.

## SIXTH DEFENSE

The incident and resulting damages that are the subject of the Complaint were caused by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons or entities for whom the Transocean Defendants are not legally responsible.

304747

## SEVENTH DEFENSE

The claims and causes of action set forth in the Complaint are barred in whole or in part by superseding and intervening causation.

## EIGHTH DEFENSE

The Transocean Defendants did not owe any duty or warranty to the Plaintiff and did not breach any duty or warranty.

## NINTH DEFENSE

At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiff.

## TENTH DEFENSE

Plaintiff may not have reasonably mitigated its damages, if any, and should be required to provide proof of all alleged damages.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of forseeability and/or legally compensable harm.

## TWELFTH DEFENSE

The Transocean Defendants deny that they have been guilty of any conduct that would support an award of punitive damages against them.

## THIRTEENTH DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendant under the Constitution of Louisiana and the Constitution of the United States.

304747

## FOURTEENTH DEFENSE

The imposition of punitive damages would violate defendant's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and the Louisiana Constitution, and (2) due process and equal protection of the law under the Fifth and Fourteenth amendments of the United States Constitution and the Louisiana Constitution in that (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) punitive damages can be assessed in amounts in excess of comparable maximums of criminal laws, (g) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (h) the amount of punitive damages are determined in part by the financial status of the defendant.

## FIFTEENTH DEFENSE

The Transocean Defendants would assert any other defenses which they may be entitled under FRCP Rule 8(c).

## SIXTEENTH DEFENSE

As a separate and complete defense to some of Plaintiff's claims, the Transocean Defendants aver that the occurrence sued upon was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU Deepwater Horizon and her freight then pending and the Transocean Defendants accordingly

304747

invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiff is not entitled to recover damages in a sum in excess of the value of the Transocean Defendants' interest in said vessel at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to denials of liability set forth above in this pleading.

The Transocean Defendants reserve the right to amend its answer, Rule 12 and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's costs; and for any and all other just and equitable relief deemed appropriate.

## COMPULSORY COUNTERCLAIM

NOW COME, Triton, Holdings, TODDI and TDI for their Compulsory Counterclaim as Plaintiffs-in-Counterclaim against the Plaintiff/Defendant-in-Counterclaim, and aver upon information and belief, as follows:

1.

Triton is a limited liability company organized and existing under the laws of the Swiss Confederation, with its principal office in Zug, Switzerland.

2.

Holdings is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

3.

TODDI is a corporation organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

4.

TDI is a corporation organized and existing under the laws of the State of Delaware, with its principal office in Houston, Texas.

5.

Defendant-in-Counterclaim, the State of Louisiana, the Louisiana Coastal Protection and Restoration Authority, the Louisiana Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources ("State"), by and through James D. "Buddy" Caldwell Attorney General of the State of Louisiana, are the State, agencies of the State of Louisiana, and Mr. Caldwell is the Attorney General of the State.

## JURISDICTION AND VENUE

6.

Jurisdiction is proper in this Court under 28 U.S.C. § 1331, including OPA and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349, diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction.

7.

Venue is proper in this Court under U.S.C. § 2717(b) and 28 U.S. C. § 1391(a)(2).

304747

## FACTUAL ALLEGATIONS

### 8.

On April 20, 2010, and continuing for several months thereafter, oil was discharged from the sub-sea, well head facility at the Macondo Prospect ("well head facility").

### 9.

The responsible party under OPA and OSPRA for the well head facility and the spill from it is BP Exploration & Production, Inc.

### 10.

The sub-sea well head is a "facility" or "offshore facility" within the meaning of OPA and OSPRA.

### 11.

The Deepwater Horizon was a vessel and not a "facility" within the meaning of OPA and OSPRA.

### 12.

None of the Transocean Defendants has ever been an owner or operator of the sub-sea, well head facility at the Macondo Prospect.

### 13.

Plaintiff's interpretations of OPA and OSPRA in the Complaint are erroneous.

## DECLARATORY RELIEF

### 14.

The Declaratory Judgment Act allows a federal court to declare the rights and other legal relations of any interested party seeking such declaration in an actual controversy within its jurisdiction.  28 U.S.C. § 2201.

304747

15.

This counterclaim is ripe for adjudication as there exists a real controversy between the State and the Transocean Defendants.

16.

Plaintiffs-in-Counterclaim seek a declaratory judgment that the interpretation of OPA and OSPRA in the Complaint is erroneous.

17.

Plaintiffs-in-Counterclaim also seek a declaratory judgment that: (a) none of them is an owner or operator of the sub-sea, well head facility at the Macondo Prospect; and (b) none of the Transocean Defendants is a responsible party under OPA or OSPRA for the discharge of oil from that facility that occurred starting on April 20, 2010, and continued thereafter until the well head was secured.

WHEREFORE, Plaintiffs-in-Counterclaim seek the following relief:

1.      A declaratory judgment that the interpretation of OPA and OSPRA by Plaintiff in the Complaint is erroneous and none of the Plaintiffs-in-Counterclaim are responsible parties under OPA or OSPRA for the discharge of oil from the sub-sea, well head facility at the Macondo Prospect.

304747

2.      All general and equitable relief in the premises.

                              Respectfully submitted:

                              Frilot, L.L.C.


                              s/  Kerry J. Miller
                              Kerry J. Miller (#24562)
                              1100 Poydras Street, Suite 3700
                              New Orleans, Louisiana 70163
                              Telephone: (504)599-8169
                              Facsimile: (504)599-8154
                              E-mail:  kmiller@frilot.com

                                   -   and   -

                              Edwin G. Preis, Jr. (#10703)
                              Edward F. Kohnke IV, T.A. (#07824)
                              PREIS & ROY
                              (A Professional Law Corporation)
                              Pan  American Life Center
                              601 Poydras Street, Suite 1700
                              New Orleans, Louisiana  70130
                              Telephone: (504) 581-6062
                              Facsimile:  (504) 522-9129
                              E-mail: egp@preisroy.com
                              E-mail: efk@preisroy.com

                                   - and –

                              Steven Roberts (Texas Bar #17019300)
                              Rachel Giesber Clingman (Texas Bar #00784125)
                              SUTHERLAND ASBILL & BRENNAN, LLP
                              1001 Fannin Street, Suite 3700
                              Houston, TX  77002-6760
                              Telephone: (713)470-6192
                              Facsimile: (713)654-1301
                              E-mail: steven.roberts@sutherland.com
                              E-mail: rachel.clingman@sutherland.com

                                   -  and -

304747

Daniel O. Goforth (Texas Bar # 08064000)
GOFORTH LEWIS
4900 Woodway, Ste. 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
E-mail: dangoforth@goforthlewis.com

-  and  -

George M. Gilly (#6234)
Evans Martin McLeod (#24846)
PHELPS DUNBAR, L.L.P.
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534
Telephone: (504)566-1311
Facsimile: (504)568-9130
E-mail:  gillyg@phelps.com
E-mail:  mcleodm@phelps.com

**_Counsel for Triton Asset Leasing GmBH,_**
**_Transocean Holdings, LLC,_**
**_Transocean Offshore Deepwater Drilling_**
**_Inc. and Transocean Deepwater, Inc._**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this   13th   day of October, 2010, I

electronically transmitted a PDF version of this document to the Clerk of Court, using the

CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF

registrants.

/s/ Kerry J. Miller
KERRY J. MILLER

304747