# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL by the OIL RIG
"DEEPWATER HORIZON' in the
GULF OF MEXICO, on April 20, 2010

MDL. NO. 2179

SECTION J

This Document Relates to: 10-3168

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

## TRACY KLEPPINGER'S, CHRISTOPHER CHOY'S, DOUGLAS HAROLD BROWN'S, BRENT MANSFIELD'S, AND DOMINIQUE USSIN'S MOTION TO REMAND[1]

The Kleppinger Plaintiffs,[2] each Jones Act seaman, move pursuant to 28 U.S.C.

§ 1447(c) for the Court to remand this case on the following grounds:

1.    Jones Act cases are not removable from state court,[3] even when a defendant
      other than the Jones Act employer removes the case.[4]

2.    In its Notice of Removal, Cameron confuses removal jurisdiction with
      original jurisdiction. Even if OCSLA applies to this case, which it does
      not,[5] removal is improper because Cameron and three of the four other

---

[1]    On June 9, 2010, the Kleppinger Plaintiffs timely filed a Motion to Remand while the case was pending in the
Southern District of Texas.  (Cause No. 4-10-cv-01851) ; in the Southern District of Texas).

[2]    Tracy Kleppinger, Christopher Choy, Douglas Harold Brown, Brent Mansfield, and Dominique Ussin will be
referred to as the Kleppinger Plaintiffs.

[3]    *Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 356 (5th Cir. 1999)); *see also Burchett v. Cargill, Inc.,* 48 F.3d 173,
175 (5th Cir. 1995) ("As a general rule, . . . Jones Act cases are not removable.").

[4]    *See Rybolt v. Laborde Marine Lift,* Civil Action No. 00-3800 Section:  "R" (1), 2001 U.S. Dist. LEXIS 3053,
at *5-*7 (E.D. La. March 13, 2001).

[5]    *See Walsh v. Seagull Energy Corp.,* 836 F. Supp. 411, 418 (S.D. Tex. 1993) ("In sum, despite the potential and
probably intended breadth of the application of federal law under OCSLA to oilfield operations on the shelf, in
practice the courts have read *Rodrigue [v. Aetna Cas. & Sur. Co.,* 395 U.S. 352 (1969)] to almost strictly limit its
operation as to personal injuries to accidents taking place on fixed platforms.").

properly joined and served Defendants have their principal places of business in Texas.[6]

3.   Cameron violated the unanimity[7] or unanimous consent rule when it failed to timely obtain the consent of all served Defendants.[8]

The Kleppinger Plaintiffs respectfully request that the Court rule on this motion quickly for several reasons:

1.   There is no good faith basis for the removal. It is contrary to well-established Fifth Circuit precedent.

2.   Texas has its own MDL procedure. Indeed, BP, prior to Cameron's removal, initiated that procedure. (It surely would have removed the case, as opposed to initiating that procedure, if it honestly believed this case was subject to removal.) Like we have seen in this case, it will take a great deal of time to get the MDL process set up, creating a tremendous necessity for the Court to rule quickly.

3.   The Kleppinger Plaintiffs represent to the Court that it they work cooperatively with the PSC in conducting discovery. That not only makes sense, this Court and the state court will expect this. There have been countless MDL proceedings in which state and federal proceedings are coordinated.

4.   The Kleppinger Plaintiffs are wards of this Court and deserve protection.

For the foregoing reasons, and those more fully set forth in the attached Memorandum in Support of Tracy Kleppinger's, Christopher Choy's, Douglas Harold Brown's, Brent Mansfield's, and Dominique Ussin's Motion to Remand, the Kleppinger Plaintiffs case should be remanded to the 234th Judicial District Court of Harris County, Texas.

---

[6]   *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

[7]   *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 375 (5th Cir. 1992) (referring to "unanimity rule").

[8]   *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (referring to "unanimous consent rule" and remanding case to state court because of Red Cross's failure to obtain consent of all defendants).

Respectfully submitted,

**GORDON, ELIAS, & SEELY, L.L.P.**

By: _____

**STEVE GORDON**
sgordon@geslawfirm.com
Texas Bar No. 08207980
**R. TODD ELIAS**
rtelias@gordon-elias.com
Texas Bar No. 00787427
**JEFFREY R. SEELY**
jseely@gordon-elias.com
Texas Bar No. 24033172
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 (fax)

## CERTIFICATE OF SERVICE

I certify that on October 19, 2010, a copy of the foregoing Motion to Remand was filed electronically with the clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic system.

_____
Steve Gordon