UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, on | § | SECTION: J |
| APRIL 20, 2010 | § | |
| | § | |
| | § | JUDGE BARBIER |
| This Document Relates to: 10-3169 | § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MATTHEW DAVIS, ROBERT HEARN, DENNIS DEWAYNE MARTINEZ, EUGENE DEWAYNE MOSS, SAMUEL WADE PIGG, MICAH JOSEPH SANDELL, STEPHEN DAVIS AND CHRISTOPHER HAIRE'S MOTION TO REMAND**

Plaintiffs MATTHEW DAVIS, ROBERT HEARN, DENNIS DEWAYNE MARTINEZ, EUGENE DEWAYNE MOSS, SAMUEL WADE PIGG, MICAH JOSEPH SANDELL, STEPHEN DAVIS, and CHRISTOPHER HAIRE (collectively "Plaintiffs") respectfully submit this Memorandum in Support of their Motion to Remand.

**I.     INTRODUCTION**

Defendants are CAMERON INTERNATIONAL CORPORATION f/k/a CAMERON SYSTEMS CORPORATION ("Cameron"), HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC. and BP, PLC (collectively the "BP Defendants").

Plaintiffs are Jones Act seaman. Plaintiffs were assigned to work aboard the *Deepwater Horizon*, a free-floating, semi-submersible, state-of-the-art rig with no cables, anchors or moorings attaching it to the seabed. On April 20, 2010 an explosion occurred aboard the *Deepwater Horizon*, injuring Plaintiffs and giving rise to Plaintiffs' claims against Defendants.

On April 30, 2010 Plaintiffs brought claims against Cameron in the 113th Judicial District Court of Harris County, Texas.[1]

---

[1] (Doc. 1) (Notice of Removal, p. 2) in Southern District Case.

1

Cameron received a copy of the state court petition on May 3, 2010.[2]  On May 13, 2010 Plaintiffs filed their Second Amended Petition, adding claims against Halliburton Energy Services, Inc.,[3] BP Exploration and Production, Inc. and BP, Plc.[4]

Cameron filed its Notice of Filing of Removal on May 24, 2010.[5]

Plaintiffs filed their Motion to Remand and Motion for Costs on June 2, 2010.[6]

Cameron filed its Response to Motion to Remand on June 22, 2010.[7]

On September 21, 2010, this case was transferred to the Eastern District of Louisiana to be included in MDL Docket No. 2179.[8]

## II.   SUMMARY OF ARGUMENT

The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. §1446(a).  28 U.S.C. §1447(c).  The court should remand this case because the lawsuit does not involve a federal question.  28 U.S.C. §1447(c); *see International Primate Prot. League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 89, 111 S. Ct. 1700, 1710 (1991).

Cameron's allegation that this case arises under federal law for purposes of removal through the Outer Continental Shelf Lands Act ("OCSLA") is incorrect.  Because the situs of Plaintiffs' work at the time of the explosion was on a vessel in navigable waters and not on a fixed drilling platform, Plaintiffs' claims do not fall within the purview of the OCSLA.  *Holcomb v. ERA Helicopters, Inc.*, 618 F.Supp. 339, 342 (D.C. La., 1985).

---

[2] *Id.*
[3] Plaintiff Christopher Haire is <u>not</u> bringing any claims against Halliburton Energy Services, Inc.  He is only bringing claims against Cameron and the BP Defendants.
[4] (Doc. 1 at Exhibit 3) (Plaintiffs' Second Amended Petition) in Southern District Case.
[5] (Doc. 1) in Southern District Case.
[6] (Doc. 7) in Southern District Case.
[7] (Doc. 19) in Southern District Case.
[8] (Doc. 34) (JPML Conditional Transfer Order) in Southern District Case.

Plaintiffs' claims are maritime in nature because the alleged tort and ensuing harm took place upon a vessel in navigable waters. *Chapman v. City of Grosse Point Farms*, 385 F.2d 962, 963 (6th Cir.1967). Maritime claims do not give rise to federal question jurisdiction for the purposes of removal because of the "saving to suitors" clause of 28 U.S.C. §1333(1).

If, for the sake of argument, OCSLA did apply to some or all of Plaintiffs' claims, it would not displace Plaintiffs' general maritime law claims. Where OCSLA and general maritime law both apply, the case is to be governed by maritime law. *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150, 154 (5th Cir.1996).

Complete diversity does not exist in this matter, and even if there were such a basis for removal, Cameron may not file for removal under 28 U.S.C. §1441(b) because its principle place of business is in Texas, and this case was originally filed in a Texas court. 28 U.S.C. §1332(a); *see Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000).

Plaintiffs were injured and nearly killed when the Deepwater Horizon exploded, burned, and sank. Plaintiffs now have been sucked into a whirlwind of litigation and motion practice. Cameron's Notice of Removal is groundless and frivolous, which would have been revealed with a minimal amount of research. Plaintiffs thus should be awarded attorney's fees and costs incurred by them which directly relate to the removal and remand of this case because removal was fundamentally erroneous. *Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F.Supp.2d 697, 699 (S.D.Miss.2003).

### III.   ARGUMENT AND AUTHORITIES

A Motion to Remand was filed within 30 days of the filing of the Notice of Removal under 28 U.S.C. §1446(a), and was therefore timely under 28 U.S.C. §1447(c). This Motion to Remand was filed within 30 days of the transfer of this case to the MDL docket. The right to

3

remove a case from state court to federal court is statutory. *See* 28 U.S.C. §1441. The removal statutes are to be strictly construed against removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979). Cameron, as the removing party, bears the burden of establishing this Court's jurisdiction. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993). Any ambiguities must be construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000). It is axiomatic under the doctrine of "federalism" that federal courts are courts of limited jurisdiction and should not usurp authority over cases that are properly brought in state court. *Jackson v. Phillips Bldg. Supply of Laurel*, 246 F.Supp.2d 538, 541 (S.D.Miss.2003). As demonstrated below, Cameron has failed to meet its burden.

  **A.  OCSLA DOES NOT APPLY TO THE *DEEPWATER HORIZON*.**

Cameron contends that the Constitution and laws and civil and political jurisdiction of the United States are extended to lawsuits arising out the explosion on the *Deepwater Horizon* through the OCSLA. 43 U.S.C. §1333(a). For a cause of action to fall within the purview of the OCSLA, the situs of Plaintiffs' work at the time of the explosion is of paramount importance. *Holcomb*, 618 F.Supp. 339 at 342. The Fifth Circuit has held that OCSLA applies to the following locations:

  (1)  the subsoil and seabed of the OCS;

  (2)  any artificial island, installation, or other device if

    (a)  it is permanently or temporarily attached to the seabed of the OCS, and

    (b)  it has been erected on the seabed of the OCS, and

    (c)  its presence on the OCS is to explore for, develop, or produce resources from the OCS;

  (3)  any artificial island, installation, or other device if

4

> (a) it is permanently or temporarily attached to the seabed of the OCS, and
>
> (b) it is not a ship or vessel, and
>
> (c) its presence on the OCS is to transport resources from the OCS.

*Demette v. Falcon Drilling Co., Inc.,* 280 F.3d 492, 497 (5th Cir.2002). OCSLA does not apply to the *Deepwater Horizon* under any of these three tests.

Plaintiffs were all permanently assigned to the *Deepwater Horizon* and their responsibilities directly contributed to the *Deepwater Horizon*'s functioning, operation, mission and/or welfare. *See* Plaintiff's Declarations, attached as **Exhibit A**. The *Deepwater Horizon* is neither permanently nor temporarily erected on the seabed, nor is it anchored or moored in any way. It maintains its position to within five feet by "dynamic positioning," a triply-redundant computer system that uses satellite signals to operate eight powered thrusters. Prior to starting work at this drill site, the *Deepwater Horizon* was floated and navigated into position above the drill site and, after the job had finished, it would have been navigated away from the site and would not have taken part in any production tasks. *See* Declarations of Matthew Davis, Robert Hearn, Dennis Dewayne Martinez, Eugene Moss, Samuel Wade Pigg, Micah Joseph Sandell, Stephen Davis, and Christopher Haire at ¶¶ 8-9, attached as part of **Exhibit A**. Because Plaintiffs were assigned to work on the *Deepwater Horizon*, a floating rig and not a fixed platform, OCSLA does not apply. *Holcomb,* 618 F.Supp. at 343; *see also, Alex v. Wild Well Control, Inc.*, 2009 WL 2599782 at 7 (E.D.La.2009) (finding that a dynamic positioning vessel is not subject to OCSLA). It is well established law that

> OCSLA covers fixed platform workers, while floating rig workers, even those whose tasks are essentially identical to the tasks performed by fixed platform workers, are treated differently. The reason for the different treatment of fixed and floating rig workers is that floating rigs are treated like vessels while fixed platforms are considered 'artificial islands.'

*Longmire v. Sea Drilling Corp.,* 610 F.2d 1342, 1348 (5th Cir.1980).

This distinction between individuals assigned to work on fixed platforms and individuals assigned to work on vessels is well illustrated by the case of *Higginbotham v. Mobil Oil Corp.,* in which three workers died when a helicopter crashed into the Gulf of Mexico. 357 F.Supp. 1164 (W.D.La.1973), *supp. op.* 360 F.Supp. 1140 (W.D.La.1973). At the time of the crash, two of the workers were assigned to work on floating drill rigs, while the other was assigned to work on a fixed drilling platform. *Id.* Because of the nature of their assignments, the court found that the two workers assigned to work on floating drill rigs were "seaman" within the terms of the Jones Act and their representatives were entitled to seek the available maritime remedies. *Id.* at 1174 – 76. The worker assigned to the fixed platform was not a Jones Act seaman and the OCSLA governed his remedies. *Id.* at 1176 – 79.

Plaintiffs' counsel has handled literally hundreds of claims brought by workers who work aboard drill ships, jack-up rigs, and semi-submersible rigs, like the Deepwater Horizon. All of these workers, so long as they are permanently assigned, are considered Jones Act seaman and have been for many, many years. Even the most cursory review of the case authority would reveal that, even when these workers sue their non-employer, such claims arise under general admiralty law, not OCSLA. This removal was frivolous and should be treated as such by this Court.

**B.     PLAINTIFFS' CLAIMS ARE GOVERNED BY MARITIME LAW AND ARE NOT REMOVABLE.**

It is the generally stated rule under 28 U.S.C. §1333 that admiralty tort jurisdiction depends not upon the nature of the tort, but upon the locality where it occurred; torts occurring upon navigable waters are within admiralty jurisdiction, and those occurring on land are not. *Chapman*, 385 F.2d at 963. Where the injury occurs upon navigable waters, the cause is

maritime and thus subject to admiralty jurisdiction. *The Admiral Peoples*, 295 U.S. 649, 651, 55 S.Ct. 885, 886 (1935).

The court shall rely upon the facts laid out in the pleadings in determining the right of removal. *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 151-52, 34 S.Ct. 278, 280 (1914). Plaintiffs' Second Amended Petition clearly states that Plaintiffs were "members of the crew" aboard a "vessel" when the explosion caused Plaintiffs' injuries occurred.  And, as noted above, Plaintiffs were permanently assigned to the *Deepwater Horizon* and responsibilities directly contributed to the *Deepwater Horizon*'s functioning, operation, mission and/or welfare.

Cameron may not base removal upon an admiralty claim.  Historically, admiralty claims have been held to be distinct from federal questions, and only federal questions are removable to federal courts under 28 U.S.C. §1441(b).  *Trinh v. Yamaha Boat Co.,* 122 F.Supp.2d 1364, 1365 (S.D.Ga.2000).  The "savings to suitors" clause allows a plaintiff who brings a maritime claim to choose either a federal or state forum by providing that state courts may exercise concurrent jurisdiction over maritime claims.  *Williams v. M/V Sonora*, 985 F.2d 808, 812 n. 7 (5th Cir. 1993).  Thus, federal courts cannot exercise removal jurisdiction over claims subject to the "savings to suitors" clause because the clause purports to <u>guarantee</u> a plaintiff the right to a remedy in state court.  *Id*.

## C.     OCSLA CLAIMS ARE NOT REMOVABLE WHEN MARITIME LAW APPLIES.

Assuming, for the sake of argument, that the OCSLA did apply to some or all of the claims brought by Plaintiffs—which it does not—those claims still would not give rise to federal question jurisdiction for the purposes of removal.  Where admiralty and OCSLA jurisdiction overlap, the OCSLA confers original jurisdiction under 28 U.S.C. §1441(a), but maritime law is

the substantive law of the case. *Bulen v. Hall-Houston Oil Co.,* 953 F.Supp. 141, 144 (E.D.La.1997).

For maritime law to apply of its own force and displace OCSLA, there must be (1) a maritime situs; and (2) a maritime nexus. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 115 S.Ct. 1043, 1048 (1995). Both tests must be met. *Hufnagel v. Omega Serv. Industries, Inc.*, 182 F.3d 340, 351 (5th Cir. 1999). The nexus element "requires a claim to arise from a traditional maritime activity." *Case v. Omega Natichiq, Inc.*, 2008 WL 2714124 at *12. "Traditionally, maritime law primarily concerns the movement of vessels upon waters." *Dozier v. Rowan Drilling Co.*, 397 F.Supp.2d 837, 850 (S.D. Tex. 2005).

Cameron would ask this court to consider only Plaintiffs' activities at the time of the explosion on April 20, 2010. However, the Supreme Court has rejected using such a "snapshot test" for seaman status that inspects only the situation as it exists at the instant of injury. *Chandris, Inc. v. Latsis*, 115 S.Ct. 2172, 2187 (1995). There is a two-part test for seaman status: first, an employee's duties must contribute to the function of the vessel or the accomplishment of its mission, and, second, the employee must have a connection to a vessel in navigation that is substantial both in terms of its duration and its nature. *Id.* at 2190.

As set forth above, the *Deepwater Horizon* was a vessel in navigation, aboard which Plaintiffs were employed and contributed to its function and the accomplishment of its mission. Furthermore, Plaintiffs had a substantial connection to the vessel both in terms of duration and nature. Therefore, this court should find that Plaintiffs bring claims under maritime law, just as the court in *Holcomb* took into account all of the victims' work-related activities when determining the applicable law and not just their activities aboard the helicopter at the time it crashed. 618 F.Supp. at 342.

**D.    CAMERON IS AN IN-STATE DEFENDANT AND THERE IS NO DIVERSITY OF CITIZENSHIP.**

Cases that do not fall under the court's federal question jurisdiction may be removed under 28 U.S.C. §1441(b) only if there is complete diversity of citizenship and the removal is undertaken by non-forum defendants. *DeBello v. Brown & Root, Inc.,* 809 F.Supp. 482, 486 (E.D.Tex.1992). Citizenship of corporations is defined by 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" Cameron's principal place of business is in Texas, the forum state. Furthermore, Plaintiffs Stephen Davis and Christopher Haire are residents of Texas. *See* Declarations of Stephen Davis and Christopher Haire at ¶ 2, attached as part of **Exhibit A**. Therefore, removal based only on the complete diversity of parties is not proper.

## IV.    MOTION FOR COSTS

Plaintiffs' counsel is loath to seek costs under most circumstances; however, here, costs are warranted. Plaintiffs' counsel attempted several times to contact Defense counsel to ask that this Defendant agree to remand of this case. Plaintiffs' counsel expended many hours drafting this Motion, and obtaining declarations from clients—all of this work was unnecessary and was a waste of valuable time for workers who are injured, whose lives have been turned upside down, and who are caught up in perhaps one of the biggest torts in the history of the United States. Under 28 U.S.C. §1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Kent v. Ford Motor Co.*, 200 F.Supp.2d 670, 672 (S.D.Miss.2002). The decision as to whether to award attorney's fees and costs under the statute is within the sound discretion of the district court. *Barker v. John Deere Ins. Co.,* 932 F.Supp. 785, 788 (S.D.Miss.1996). An award of attorney's fees and costs under 28 U.S.C. §1447(c) need not be "predicated on a finding of

9

bad faith or negligent or frivolous removal." *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). Attorney's fees and costs, however, should be awarded only if it was improper for the defendant to remove. *Id.* "Absent unusual circumstances, a court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Cameron contends that federal subject matter jurisdiction may be found under OCSLA; however, a cursory reading of the statute and a review of the relevant case law shows that it does not apply to installations that are neither erected upon nor attached to the OCS. *See* 43 U.S.C. §1333. Where a minimal amount of research by Cameron would have revealed that there was no objectively reasonable basis from removal; therefore, Cameron's removal is improper frivolous and groundless. *Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F.Supp.2d 697, 699 (S.D.Miss.2003). Cameron should be sanctioned by compensating Plaintiffs for their losses in dealing with the improper removal of this case. *Id.* As such, Plaintiffs seek an award of $5,000.00 for costs and expenses that were incurred as a result of removal.

## V.     PRAYER

As demonstrated above, this Court lacks subject matter jurisdiction over this matter. Federal question jurisdiction does not exist under 28 U.S.C. § 1331(a) because the governing law for all claims in this case is general maritime law. Further, Cameron is a citizen of the forum state and there is no diversity of citizenship. For these reasons, Plaintiffs respectfully request that this Court grant the motion to remand and remand this suit to the 113th Judicial District Court of Harris County, Texas.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */S/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas 77002
Telephone: 713-223-5393
Facsimile: 713-223-5909
www.txattorneys.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2010 a copy of the foregoing Motion to Remand was filed electronically with the clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic system.

*/S/ Anthony Buzbee*
Anthony Buzbee

11