UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NUMBER 2179  SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | |
| 02:10-CV-1196 | MAGISTRATE JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SECOND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **Michelle M. Jones,** individually and as personal representative of her minor sons, **Stafford Hess Jones and Maxwell Gordon Jones**, of the full age of majority, a resident of and domiciled in East Baton Rouge Parish, Louisiana, who amends the original complaint as follows:

1.

The following parties are made defendants herein:

A.  **TRANSOCEAN HOLDINGS, LLC**, (hereinafter "Transocean Holdings"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

B.  **TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.** (hereinafter "Transocean Offshore"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

C.  **TRANSOCEAN DEEPWATER, INC.** (hereinafter "Transocean Deepwater"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

D. **TRITON ASSET LEASING GmbH**, (hereinafter "Triton"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

E. **BP, PLC** (hereinafter "BP"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

F. **BP PRODUCTS NORTH AMERICA, INC.** (hereinafter "BP Products"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

G. **BP EXPLORATION & PRODUCTION, INC.** (hereinafter "BP Exploration"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

H. **HALLIBURTON ENERGY SERVICES, INC.** (hereinafter "Halliburton Energy"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district;

I. **HALLIBURTON COMPANY** (hereinafter "Halliburton"), a foreign corporation authorized to do and/or doing substantial business in Louisiana and within this judicial district; and

J. **CAMERON INTERNATIONAL CORPORATION** (hereinafter "Cameron"), a foreign corporation authorized to and/or doing substantial business in Louisiana and within this judicial district.

2.

The jurisdiction of this Honorable Court is based upon the Admiralty and Maritime jurisdiction pursuant to Article III, Section 2 of the United States Constitution and 28 USC § 1333 and is a claim brought pursuant to the Federal Rule of Civil Procedure Rule 9(h).

3.

At all times pertinent herein, including April 20, 2010, Michelle M. Jones was married to and living with Gordon Lewis Jones. Of that marriage two children were born: Stafford Hess Jones, born on March 28, 2008 and Maxwell Gordon Jones, born on May 14, 2010.

4.

On or about April 20, 2010, Gordon Lewis Jones was an employee of M-I, L.L.C. and working as a seaman and member of the crew of the semi-submersible mobile drilling unit, DEEPWATER HORIZON, which was a vessel operating in the navigable waters of the Gulf of Mexico off the coast of Louisiana.

5.

On or about April 20, 2010, because of the conduct of the defendants, enumerated below, the DEEPWATER HORIZON exploded, caught fire and ultimately sank. While the body of Gordon Lewis Jones was never found, it is alleged that he died as a result of the explosions, fire and/or sinking of the DEEPWATER HORIZON and a Judgment of Presumed Death was signed and entered on August 10, 2010.

6.

At all times pertinent herein, including April 20, 2010, DEEPWATER HORIZON was owned and/or owned *pro hac vice* and/or operated and/or managed by Transocean Holdings,

Transocean Offshore and/or Transocean Deepwater and/or Triton.

7.

At all times pertinent herein, DEEPWATER HORIZON was chartered and/or hired and/or leased and/or controlled by defendants BP and/or BP Products and/or BP Exploration and being used in a drilling operation being conducted by BP and/or BP Products.

8.

Halliburton Energy and/or Halliburton were at all times material hereto engaged in, among other activities, cementing operations of the completed well and well cap.

9.

Plaintiff shows that the Blow Out Preventer ("BOP") and associated piping and equipment was designed, manufactured, marketed and sold by defendant Cameron and being used by Transocean Holdings and/or Transocean Offshore and/or Transocean Deepwater and/or Trident and/or BP and/or BP Products and was a part of the DEEPWATER HORIZON and/or part of its equipment and an appurtenance thereof.

10.

Michelle M. Jones shows that the accident and resulting injuries to and death of Gordon Lewis Jones and the damages sued upon were the direct and proximate result of the gross, willful, and wanton negligence and fault of the defendants, Transocean, Transocean Offshore, Transocean Deepwater, and Triton is shown more particularly, and unseaworthy conditions caused, created or allowed to exist by virtue of these defendants' gross, willful and wanton conduct, with negligence, fault, conduct and conditions are listed more particularly but not exclusively, as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job being performed at the time of the accident and explosion in a safe manner;

G. Negligent failure to properly train and/or instruct and/or warn Gordon Lewis Jones and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Proceeding with the operation ongoing prior to the accident in the face of negative pressure and other testing which showed that well integrity had not been established and that there was an extreme risk of a blowout, explosion and fire;

J. Placement of heavy drilling mud with seawater at a time when it was known well integrity, underbalancing the well and allowing hydrocarbons under pressure to flow up to the production casing and passed the ball out preventer;

K:\Public\JWD\JONES.GORDON\Pleadings\USDC-ED (LA) --- CA No 10-MD-02179 -- AFTER transfer by JPML\Complaint - 2nd Amd.wpd

K. Ignoring data showing an influx of pressured hydrocarbons and an increase in drill pipe pressure which were unmistakable signs of an impending blowout or blowout in progress;

L. Failing to take steps to prevent the impending blowout or blowout in progress in the face of test data which called for immediate protective measures to control well;

M. Closing the blow out preventer and diverter, routing the fluids exiting the riser to the vessels mud gas separator system rather than to the overboard diverter line;

N. Following the diversion of hydrocarbons to the mud gas separator, venting the hydrocarbons directly onto the rig through a 12 inch gooseneck vent and other flowlines which allowed the hydrocarbons onto the rig floor to be exposed to ignition sources;

O. Failing to properly inspect, maintain and repair a blowout preventer, which blowout preventer was in disrepair and was unseaworthy and which failed to seal the well;

P. Having a fire and gas system which allowed for the dispersion of hydrocarbons and, ultimately, their ignition and which rendered the vessel unseaworthy;

Q. Having a crew which was not properly trained and overly working which rendered the vessel unseaworthy;

R. Other items of unseaworthiness which may be shown for discovery or trial;

S. Other acts of gross, willful, reckless, and wanton conduct which may be shown through discovery or at trial; and

T. Generally, the failure of these defendants to act with the required degree of care and commensurate with the existing situation.

11.

Plaintiff Michelle M. Jones shows that the accident and resulting injuries to and death of Gordon Lewis Jones and the damages sued upon were the direct and proximate result of the gross, willful, and wanton negligence and conduct of BP, BP Products and BP Exploration which negligence is listed more particularly, but not exclusively, as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job being performed at the time of the accident and explosion in a safe manner;

G. Negligent failure to properly train and/or instruct and/or warn Gordon Lewis Jones and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Proceeding with the operation ongoing prior to the accident in the face of negative pressure and other testing which showed that well integrity had not been established

and that there was an extreme risk of a blowout, explosion and fire;

J. Placement of heavy drilling mud with seawater at a time when it was known well integrity, underbalancing the well and allowing hydrocarbons under pressure to flow up to the production casing and passed the ball out preventer;

K. Ignoring data showing an influx of pressured hydrocarbons and an increase in drill pipe pressure which were unmistakable signs of an impending blowout or blowout in progress;

L. Failing to take steps to prevent the impending blowout or blowout in progress in the face of test data which called for immediate protective measures to control well;

M. Closing the blow out preventer and diverter, routing the fluids exiting the riser to the vessels mud gas separator system rather than to the overboard diverter line;

N. Following the diversion of hydrocarbons to the mud gas separator, venting the hydrocarbons directly onto the rig through a 12 inch gooseneck vent and other flowlines which allowed the hydrocarbons onto the rig floor to be exposed to ignition sources;

O. Failing to properly inspect, maintain and repair a blowout preventer, which blowout preventer was in disrepair and was unseaworthy and which failed to seal the well;

P. Having a fire and gas system which allowed for the dispersion of hydrocarbons and, ultimately, their ignition and which rendered the vessel unseaworthy;

Q. Other acts of gross, willful, reckless, and wanton conduct which may be shown through discovery or at trial; and

R.  Generally, the failure of these defendants to act with the required degree of care and commensurate with the existing situation.

12.

Plaintiff shows that the accident and resulting injuries and damages sued upon were also the direct and proximate result of the negligence and fault of defendants, Halliburton Energy and/or Halliburton, which negligence and fault is listed more particularly, but not exclusively, as follows:

A.  Its (their) gross, willful, wanton and reckless negligence and conduct in the cementing of the well and well cap;

B.  Its (their) gross, willful, wanton and reckless negligence and conduct in performing other operations aboard the vessel DEEPWATER HORIZON;

C.  Other acts of negligence and fault which may be shown through discovery or at trial; and

D.  Generally, the failure of this (these) defendant(s) to act with the required degree of care commensurate with the existing situation.

13.

Plaintiff shows that the accident and resulting injuries and damages sued upon were also the direct and proximate result of the negligence, strict liability and fault of Cameron which negligence, strict liability and fault is listed more particularly, but not exclusively, as follows:

A.  Its defective, unreasonably dangerous and negligent design, manufacture, marketing and sale of the BOP and associated piping and equipment;

B.  Its negligent failure to properly test said equipment;

C.  Its negligent failure to properly instruct and/or warn regarding said equipment;

D. Its negligent failure to properly train regarding the safe use of its equipment;

E. Its gross, willful, wanton and reckless conduct and negligence, as stated above;

F. Other items of strict liability, negligence and fault which may be shown through discovery or at trial; and

G. Generally, the failure this defendant act with the required degree of care commensurate with the existing situation.

14.

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the accident and explosion occurred and the accident and explosion could not have occurred absent the negligent conduct of one or all of the defendants herein.

15.

The negligence and fault the defendants and unseaworthiness of the vessel, as enumerated above, was the proximate cause of injuries and death of Gordon Lewis Jones and damages sued upon which damages are listed more particularly, but not exclusively, as follows:

A. Physical injury, pain and suffering of Gordon Lewis Jones prior to death;

B. Extreme fright, mental injury and mental anguish and distress and fright for Gordon Lewis Jones prior to death;

C. Loss of earnings and/or support, past and future;

D. Loss of found, past and future;

E. Funeral and related expenses;

F. Loss nurture, guidance and support;

G.  Mental anguish, grief, profound depression, anxiety and suffering of Michelle M. Jones;

H.  Loss of enjoyment of life of Michelle M. Jones and her two children;

I.  Loss of love, affection, comfort, and society of Michelle in Jones and her two children;

J.  Medical and related expenses of Michelle M. Jones;

K.  Loss of inheritance;

L.  Punitive or exemplary damages;

M.  Other items of damage which may be shown through discovery or at trial;

N.  All appropriate general and equitable relief;

O.  Prejudgment interest on all sums awarded from date of loss until judgment;

P.  Post-judgment on all sums awarded from date of judgment until paid; and

Q.  All court costs and litigation costs allowed by law.

WHEREFORE Plaintiff, Michelle M. Jones, individually and as personal representative on behalf of her minor sons, Stafford Hess Jones and Maxwell Gordon Jones, prays that after due proceedings are had, there be judgment in her favor and against defendants, Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Triton Asset Leasing GmbH; BP, PLC; BP Products North America, Inc.; BP Exploration & Production, Inc.; Halliburton Energy Services, Inc.; Halliburton Company; and Cameron International Corporation for compensatory and punitive, exemplary, and other appropriate damages with legal interest thereon from date of loss until paid for all costs of these proceedings. Plaintiff also prays for all other relief as may be just and equitable in the premises.

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808)
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana  70801-1910
Telephone:  225/344-3735
Facsimile:  225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October, 2010, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Don K. Haycraft, James P. Roy and Stephen J. Herman by operation of the court's electronic filing system.

*s/John W. deGravelles*
**JOHN W. deGRAVELLES**