```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

|  |  |  |
|---|---|---|
|  | : | MDL NO. 2179 |
| IN RE: OIL SPILL by the OIL RIG | : |  |
| "DEEPWATER HORIZON" in the | : |  |
| GULF OF MEXICO, on | : |  |
| APRIL 20, 2010 | : | SECTION: J |
|  | : |  |
|  | : |  |
|  | : | JUDGE BARBIER |
|  | : | MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**THIS DOCUMENT RELATES TO 10-1984**

<u>**ORDER**</u>

Before the Court is Defendant Abdon Callais Offshore's **Motion to Compel Arbitration and Stay Litigation Pending Arbitration (Rec. Doc. 114)** and Plaintiff Clay Whittinghill's **Memorandum in Opposition (Rec. Doc. 177).**

<u>**PROCEDURAL HISTORY AND BACKGROUND FACTS**</u>

Beginning in June of 2007, Plaintiff, Clay Whittinghill, was employed by Defendant, Abdon Callais Offshore, as captain aboard the M/V ST. IGNATIOUS LOYOLA ("vessel").  As a condition of his employment with Defendant, Plaintiff was required to sign an Arbitration Agreement, which he executed on May 11, 2007. Plaintiff's employment continued with Defendant until he was terminated on July 8, 2010.  During the latter part of Plaintiff's employment (from approximately April 23, 2010 to July 8, 2010), the vessel led clean-up efforts in the aftermath of the Deepwater Horizon explosion.  During the clean-up efforts,

Plaintiff alleges that he suffered various ailments because of his exposure to contaminants. Plaintiff also alleges that he was constructively terminated after taking time off to tend to the alleged ailments.

On July 14, 2010, Plaintiff filed a Seaman's Complaint against Defendant, alleging that because of Defendant's negligence, he suffered severe, painful, and disabling injuries. He also alleges that his constructive termination was an unlawful violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615. On August 27, 2010, Defendant filed a motion asking this Court to compel arbitration and stay litigation in this matter pursuant to the Federal Arbitration Act because of the May 11, 2007 arbitration agreement. Plaintiff objects to arbitration, alleging that the agreement is not enforceable under the FAA. After reviewing the motion and the applicable law, this court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant asserts that pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*, the arbitration agreement signed by Plaintiff is a valid and enforceable agreement and that regardless of Plaintiff's arguments, this court should enforce the agreement because federal courts strongly support resolution of disputes by arbitration, rather than by litigation. Defendant recognizes that § 1 of the FAA provides an exception for

contracts of employment of seamen, however, Defendant believes that the arbitration agreement in this matter does not fall under that exception because the agreement was not included in an actual employment contract.

Plaintiff argues that although the agreement was not entitled "Employment Contract," the agreement falls under the FAA's § 1 exception because the agreement was a mandatory condition of Plaintiff's employment with Defendant.

## DISCUSSION

The FAA requires enforcement of arbitration agreements in contracts involving commerce and maritime contracts.  Section 1 of the FAA discusses exceptions to operation of the FAA and exempts certain individuals from being subject to the act.  Of particular relevance to this matter is § 1, which states, in part, that contracts of employment of seamen are not covered by the FAA.  According to Plaintiff, the May 11, 2007 arbitration agreement is not enforceable because while he was employed with Defendant, he was a seaman and the agreement was a contract of employment.

Neither Plaintiff nor Defendant disputes Plaintiff's seaman status.  Therefore, whether this Court decides to stay this litigation and compel arbitration pursuant to the FAA hinges on whether the agreement in question is classified as a contract of employment under § 1.  For the reasons stated below, the Court

answers this question in the affirmative.

    The agreement at issue in this case was signed by Plaintiff on May 11, 2007, approximately one month prior to the beginning of his employment. The agreement, which is entitled "Arbitration Agreement," begins with a notice that states: "Reviewing and signing this Arbitration Agreement is an essential part of the application process. You <u>must sign this agreement to be considered for employment</u>." Rec. Doc. 114-2, pg. 1 (<u>emphasis</u> included in original). According to the agreement, "[a]ny controversy or claim arising out of, in connection with, incidental to or directly resulting from employment with Abdon Callais Offshore, LLC. shall be settled by arbitration, which shall be the sole and exclusive procedure for resolution of any such dispute." <u>Id.</u> Additionally, the agreement contains a section in which Plaintiff declares: "In consideration of the mutual promises contained above, and in exchange for the valuable consideration of acceptance of my application of possible employment with Abdon Callais Offshore, LLC., and/or continued employment with this company, I hereby agree to be bound by this Arbitration Agreement." <u>Id.</u> at pg. 2.

    Defendant alleges that this agreement is enforceable under the FAA because it is not a "contract of employment" under § 1. Although this specific issue has not been addressed by the Fifth Circuit or the U.S. Supreme Court in relation to this fact

pattern, both parties have cited cases which they urge this Court to use as persuasive authority in deciding this case.  Defendant cites cases which courts have found that arbitration agreements were not classified as "contracts of employment."  See Rec. Doc. 114-1, pgs. 5-7 (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991); Endriss v. Eklof Marine, 1998 WL 1085911, No. 96 Civ. 3137 (S.D.N.Y. July 28, 1998); Nunez v. Weeks Marine, Inc., 2007 WL 496855, Civ. A. No. 06-3777 (E.D. La. 2007 Feb. 13, 2007); and Lejano v. K.S. Bandak, 2000 WL 33416866, No. Civ. A. 00-2990 (E.D. La. Nov. 3, 2000)).  However, a close examination of these cases reveals that they are easily distinguishable from this matter.

In Gilmer, the Court held that an arbitration agreement was not a contract of employment for purposes of § 1.[1]  Gilmer, 500 U.S. at 25, n.2.  The plaintiff in Gilmer was employed as a Manager of Financial Services at Interstate.  Id. at 23.  As a condition of his employment, the plaintiff was required to register with the New York Stock Exchange ("NYSE") and several other stock exchanges.  Id.  The plaintiff's registration application with the NYSE included an agreement to arbitrate.

---

[1] Although the plaintiff in Gilmer was not a seaman, he was an employee engaged in interstate commerce, and therefore, the § 1 exception was applicable if the agreement was indeed a contract of employment.  See § 1 (stating "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce").

Id.  According to the plaintiff, the arbitration agreement was exempt from the FAA pursuant to § 1.  The Court disagreed, holding that although registering with the NYSE was a condition of employment, the agreement was not a contract of employment under § 1 because it was an agreement between the employee and a third party.  Gilmer, 500 U.S. at 25, n.2.

In Endriss and Nunez, the courts also held that the arbitration agreements did not fall under § 1's definition of contract of employment.  See, e.g., Endriss, 1998 WL 1085911; Nunez, 2007 WL 496855.  However, in those cases, the plaintiffs were injured prior to signing agreements to arbitrate with the defendants.  Further, the agreements were not a condition of employment in either case; rather the agreements were focused on the settling the injury claims and the parties simply agreed to arbitrate any claims or disputes arising from those injuries.  See Endriss, at *4 (holding that the agreement at issue was not subject to the exceptions clause of § 1 of the FAA because the agreement "was not a part of the employment contract between [the plaintiff] and [the defendant], but was executed subsequent to the accident in which [the plaintiff] sustained injuries and for the specific purpose of resolving claims arising from these injuries"); Nunez at *3 (stating that no language in the contract indicates that the plaintiff's acceptance of the agreement was a condition of his continued employment).

Similarly, in Lejano, the court held that a seaman's arbitration agreement was not a contract of employment. Lejano, 2000 WL 33416866 at *2. However, the court's ruling was partially based on the fact that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("CREFAA") applied and because the plaintiff filed his suit after the parties sought arbitration by filing a complaint with the National Labor Relations Commission ("NLRC"). Id. at *3-4. The court held that § 1 does not apply to arbitration awards covered by the CREFAA. Id. Further, the court interpreted the filing of the complaint to the NLRC as a submission to the jurisdiction of an arbitration panel. Id. at *4. Lastly, as in Endriss, the Lejano court's decision to enforce arbitration was partially based on the fact that the plaintiff signed the agreement after he was injured. Id. at n.5.

In this matter, the agreement was signed well before Plaintiff's injury and was not an agreement between Plaintiff and a third party. Further, unlike the facts in Lejano, there is no indication that the CREFAA applies and there has been no allegation that Plaintiff sought to arbitrate his claims prior to filing this suit. Accordingly, Gilmer, Endriss, Nunez, and Lejano are distinguishable from the current matter and are not persuasive.

Contrarily, this Court finds as persuasive the holding in

Shanks v. Swift Transp. Co. Inc., 2008 WL 2513056 (S.D. Tex. June 19, 2008).  In Shanks, the court was faced with a fact pattern similar to this matter in which an employee signed a mandatory arbitration agreement prior to beginning his employment.  The Shanks court "easily conclude[d]" that an agreement between an employee and his employer, which provides benefits tied to continued employment and is a mandatory condition of employment, should be classified as a component of the Plaintiff's contract of employment.  See Shanks, 2008 WL 2513056 at *3 (citing Brown v. Nabors Offshore Corp., 339 F.3d 394 (5th Cir. 2003); Buckley v. Nabors Drilling USA, Inc., 190 F. Supp. 2d 958, 960 (S.D. Tex. 2002); Carr v. Transam Trucking, Inc., No. 3:07-cv-1944-BD, 2008 WL 1776435, at *2 (N.D. Tex. Apr. 14, 2008)).

   The holding in Shanks is consistent with the Fifth Circuit's opinion in Brown.  In Brown, as in this case, the plaintiff was subject to a mandatory arbitration agreement with his employer prior to being injured.  Brown, 339 F.3d at 392.  However, the Brown court did not specifically address the issue of whether the arbitration agreement in question should be classified as a contract of employment.  Instead, the court focused on whether the plaintiff was the type of employee covered by § 1's exception.  Id.  After addressing this issue, and answering in the affirmative, the court found that the arbitration agreement was covered by § 1's exception.  Id. at 394.  The Brown holding

indicates that a pre-injury arbitration agreement, the execution of which is mandatory for continued employment, should be considered a contract of employment under § 1.  This Court finds the Shanks and Brown logic persuasive.  When a potential employee is compelled to sign an arbitration agreement as a condition of employment and the agreement states that it is "in exchange for the valuable consideration of acceptance of [the employee's] application of possible . . . and/or continued employment[,]" it is difficult to see how this mandatory agreement, which provides benefits tied to continued employment, does not constitute a contract of employment for purposes of § 1. Rec. Doc. 114-2, pg. 1; see Shanks  2008 WL 2513056 at *3.  For these reasons, the Court finds that plaintiff's arbitration agreement is a contract of employment of a seaman and therefore, pursuant to § 1, the agreement is not enforceable under the FAA.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Compel Arbitration and Stay Litigation Pending Arbitration (Rec. Doc. 114)** is hereby **DENIED**.

New Orleans, Louisiana, this   22nd   day of    October   , 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE