34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434



DIVISION " "

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC.
AND BP PRODUCTS NORTH AMERICA INC.

FILED: _____SEP 0 3 2010_____     DEPUTY CLERK:_____

9:50

**PETITION FOR DAMAGES FOR FAILING TO PAY RENT,
FAILING TO PAY ELECTRICITY, FOR LOSS OF
<u>CAMPER RENTALS AND FOR UNFAIR TRADE PRACTICES</u>**

The petition of Lionel Serigne and Joan Serigne, both persons of the full age majority and

residents of the Parish of St. Bernard, with respect, represents that:

1.

Defendant, Loupe Construction and Consulting Company, Inc., hereinafter referred to as

"Loupe", is a domestic corporation authorized to do and doing business in the Parish of St. Bernard,

State of Louisiana; defendants, BP Exploration & Production, Inc., hereinafter referred to as "BP1",

BP America, Inc., hereinafter referred to as "BP2", and BP Products North American, Inc.,

hereinafter referred to as "BP3", are authorized to do and doing business in the Parish of St. Bernard,

State of Louisiana; and defendants are liable in solido to your petitioners for the amounts claimed

herein, including interest from the date of judicial demand, expert fees and all costs, for the

following reasons, to wit:

2.

Plaintiffs, Lionel Serigne and Joan Serigne, who are husband and wife and share in the

community of acquets and gains, do business as Serigne's Boat Launch in Delacroix, Louisiana, at

5933 Delacroix Highway, where they own approximately four to five acres of ground on the east

side of the highway which serves as a parking lot for commercial and sport fishers. Further, in the

rear of the property, are thirteen slabs where tenants are allowed to park their campers and are leased

at $200.00 per site, per month, and at the time of BP's use of the property, all sites were full and all

tenants were fully paid. Further, plaintiffs Serigne have approximately 140 feet of dock on Bayou

Terre Aux Boeufs, in addition to two boat ramps.

-1-



EXHIBIT
A

3.

On approximately May 1, 2010, plaintiff Lionel Serigne was approached by Harland Ross, who said he was a representative of BP, not specifically naming any of the corporate entities herein known as BP1, BP2 or BP3.

4.

Upon information and belief, plaintiffs allege that Harland Ross was an agent, an employee and under the direction and control of defendants, both Loupe, BP1, BP2 and BP3. Specifically, Harland Ross stated to Lionel Serigne that he needed Serigne's land, as it would serve as a staging area for BP to place boom and work the oil spill.

5.

Harland Ross, as a representative of the defendants, offered to lease this land for $2,500.00 per day. Plaintiff, Lionel Serigne, refused this offer and said he would lease it for $3,000.00 per day. Harland Ross then made a phone call to get authorization to raise the offer to $3,000.00 per day, he made the offer of $3,000.00 per day, and plaintiff, Lionel Serigne, accepted it. Further, there was an offer of 12¢ per foot, per day, for the use of the 140' dock on Bayou Terre Aux Boeufs.

6.

Harland Ross promised that there would be a written contract, with these terms, in the mail immediately. Plaintiff, Lionel Serigne, wishing to cooperate with the clean up of BP's oil spill, consented to the immediate occupation of his land by representatives of Loupe, BP1, BP2, and BP3.

7.

Further, plaintiff Lionel Serigne was instructed by representatives of Loupe, BP1, BP2, and BP3, to remove the thirteen campers that were each paying a monthly rental of $200.00 per site.

8.

Representatives of defendants, Loupe, BP1, BP2, and BP3, advised that the contract called for Lionel Serigne to provide diesel and gasoline fuel to boats operated by Loupe, BP1, BP2, and BP3.

9.

Representatives of defendants, Loupe, BP1, BP2, and BP3 advised that they were having difficulty dropping a meter and electric line to service the land. Plaintiffs, to facilitate this, had a meter installed under their name and have been billed approximately $1,000.00 per month since the installation of the meter. None of these funds, approximately $4,000.00, have been paid as of September 2, 2010.

10.

Although constantly advised by agents and employees of defendants, Loupe, BP1, BP2 and BP3, that a lease was in the mail, making such statements, "Didn't you receive the lease", "You should have received the lease", "I know you received the lease" and then they would quote conditions that were allegedly in the lease, such as, provision of fuel and electricity.

11.

Defendants, BP, occupied the land and received the services from plaintiffs, Lionel Serigne and Joan Serigne, without a written lease, but had a firm, gentlemen's handshake that Loupe, BP1, BP2 and BP3 would live up to the agreements made.

12.

Shortly prior to filing this lawsuit, defendants, Loupe, BP1, BP2 and BP3 were $74,000.00 behind on reimbursing plaintiffs for the fuel costs. Since demand letters were written and faxed to attorneys for BP and Alvin P. Loupe of Loupe Construction and Consulting Company, Inc., on August 27, 2010, this amount has been paid in separate payments of $60,000.00 and $14,000.00, all occurring after demand was made.

13.

Upon information and belief, Mr. Loupe, as the president of Loupe Construction and Consulting Company, Inc., was a co-contractor with BP, a co-obligor on the lease, and in those capacities, all BP defendants and defendant, Loupe Construction and Consulting Company, Inc., are liable to plaintiffs, Lionel Serigne and Joan Serigne, for the amounts claimed herein.

14.

Because of the breach of the oral lease between the defendants and the Serignes, the Serignes claim damages, as follows:

1.    Failing to pay $372,000.00 for the verbal lease from May 1, 2010 to September 2, 2010, a period of 124 days at $3,000.00 per day;

2.    Failing to pay for the providing of electricity, approximately $4,000.00 during the same time period; and

3.    Any damage to their property as a result of removing items that are fixed and permanently installed to the Serigne property.

15.

Defendants, Loupe, BP1, BP2 and BP3, have set upon a course of conduct to deprive not only plaintiffs, Lionel Serigne and Joan Serigne, of their property rights, their lease payments, but also have done the course and conduct with Amigo Enterprises, Inc., d/b/a the Breton Sound Marina and others in Louisiana.

16.

Both the Serignes and Breton Sound Marina have expended funds and have received no lease payments for the use of their property.

17.

This is direct evidence that the defendants have set upon a course of conduct that is in violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, particular sited as La. R.S. Title 51:1401 to 1420, which allows for treble damages and attorney's fees.

18.

Plaintiffs, Lionel Serigne and Joan Serigne, can prove that the defendants are taking unfair advantage of the unequal bargaining position of plaintiffs, as opposed to the fourth largest corporations in the world, including the Louisiana corporation, Loupe. That these defendants have set about a course of conduct that violates Louisiana's Unfair Trade Practice and Consumer Protection Law and plaintiffs are entitled to damages as follows:

1. Mental anguish;

2. Stress;

3. Anxiety;

4. Diminishment of their business income;

5. Injury to their trade name and good will;

6. Interference with their future income; and

7. Attorney's fees.

19.

Plaintiffs are unaware of whether or not the defendants have been put on notice by the Executive Assistant to the Governor in charge of Consumer Affairs or the State Attorney General of their unfair practices as to allow for treble damages.

20.

Plaintiffs, in the alternative, pleads that defendants have been put on such notice, and as such, plaintiffs are entitled to treble damages for the claims contained herein.

WHEREFORE, plaintiffs, Lionel Serigne and Joan Serigne, pray that after service and due proceedings are had herein, there be judgment in their favor and against the defendants, Loupe Construction and Consulting Company, Inc., BP Exploration & Production, Inc., BP America, Inc. and BP Products North America, Inc., jointly, severally and in solido, for damages and treble

-4-

damages together with interest from the date of judicial demand, for expert fees, for all costs of these proceedings, for attorney's fees and for all general and equitable relief.

_____
WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar/Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA   70011
Phone:  (504)834-3772
Fax:  (504)834-3791

PLEASE SERVE:

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.
through its agent for service and process:
ALVIN P. LOUPE
125 Shirley Lane
Reserve, Louisiana  70084

BP EXPLORATION & PRODUCTION, INC.
Through is agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana  70808

BP AMERICA, INC.
Through its agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana  70808

BP PRODUCTS NORTH AMERICA, INC.
Through its agent for service and process:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
320 Somerulos Street
Baton Rouge, Louisiana  70802-6129

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434

DIVISION "D"

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC.
AND BP PRODUCTS NORTH AMERICA INC.

FILED:_____          DEPUTY CLERK:_____

## PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED PETITION

NOW INTO COURT, through undersigned counsel, come plaintiffs, Lionel Serigne and Joan Serigne, who with respect, represent that:

1.

Plaintiffs request that this supplemental and amended petition be filed and served on defendants; that at this time, answers to the original petition have not been filed on behalf of any of the defendants.

2.

Plaintiffs supplement and amend Paragraph 11 of the original petition, to read as follows:

All the defendants occupied the land, put various types of equipment and trailers on the land, received services from plaintiffs, Lionel Serigne and Joan Serigne, all without a written lease but a firm, gentlemen's handshake, that Loupe, BP1, BP2 and BP3 would live up to the agreements made, as designated herein.

3.

Plaintiffs supplement and amend Paragraph 12 of the original petition, to read as follows:

Shortly prior to filing this lawsuit, defendants, Loupe, BP1, BP2 and BP3 were $74,000.00 behind on reimbursing plaintiffs for the fuel costs. Since demand letters were written and faxed to attorneys for BP and Alvin P. Loupe of Loupe Construction and Consulting Company, Inc., on August 27, 2010, this amount has been paid in separate payments of $60,000.00 and $14,000.00, all occurring after demand was made. Although these payments were made, bringing the account up to date, for the amount due on August 27, 2010, Alvin P. Loupe of Loupe Construction and Consulting Company, Inc., and BP1, BP2 and BP3, have continued to buy fuel from plaintiffs and have noticed plaintiffs that they do not intend to pay for the fuel because of the original pleadings

-1-

that were filed. Accordingly, at this time, plaintiffs make demand, under Louisiana Open Accounts Law, for the amount of $46,713.14 against all defendants, including court costs and attorney's fees.

4.

Plaintiffs supplement and amend Paragraph 14 of the original petition, to read as follows:

Because of the breach of the oral lease between the defendants and the Serignes, the Serignes claim damages, as follows:

1.  Failing to pay $372,000.00 for the verbal lease from May 1, 2010 to September 2, 2010, a period of 124 days at $3,000.00 per day;

2.  Failing to pay for the providing of electricity, approximately $4,000.00 during the same time period;

3.  Failing to pay under Louisiana Open Accounts Law, the sum of $46,713.14 for gasoline and diesel fuel provided by plaintiffs from August 27, 2010 through September 8, 2010;

4.  Any damage to their property as a result of removing items that are fixed and permanently installed to the Serigne property.

5.

Plaintiffs supplement and amend Paragraph 15 of the original petition, to read as follows:

Defendants, Loupe, BP1, BP2 and BP3, have set upon a course of conduct to deprive many individuals, like and similarly situated as the Serignes, such as, Amigo Enterprises, Inc., d/b/a the Breton Sound Marina, Campo Marina in Shell Beach, and others in Louisiana.

6.

Plaintiffs supplement and amend Paragraph 19 of the original petition, to read as follows:

On information and belief, plaintiffs understand that defendants have been put on notice by the Executive Assistant to the Governor in charge of Consumer Affairs and/or the State Attorney General for the unfair practices that are complained of herein. Because of the course of conduct taken by the defendants as to other similarly situated plaintiffs, such as, Amigo Enterprises, Inc. and Campo's in Shell Beach, this conduct all in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, allows plaintiffs to recover treble damages because of the complained of practice of the defendants is immoral, unethical, oppressive, unscrupulous and substantially injurious to plaintiffs with full knowledge of the defendants that same would cause damages to plaintiffs and further that the said defendants knew of their corporate policy, up and down the corporate ladder and have done nothing to curtail the practice, nor make good on the obligations despite demands from plaintiffs, Lionel Serigne and Joan Serigne, owners of Amigo Enterprises, Inc. and owners of Campo's at Shell Beach.

-2-

WHEREFORE, plaintiffs, Lionel Serigne and Joan Serigne, pray that this First Supplemental and Amended Petition be filed; and that after service and due proceedings are had herein, there be judgment in their favor and against the defendants, Loupe Construction and Consulting Company, Inc., BP Exploration & Production, Inc., BP America, Inc. and BP Products North America, Inc., jointly, severally and in solido, for damages and treble damages together with interest from the date of judicial demand, for expert fees, for all costs of these proceedings, for attorney's fees and for all general and equitable relief.

WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA   70011
Phone: (504)834-3772
Fax: (504)834-3791

**FILED**

SEP 08 2010 @ 12:50 p.m.

/S/ Jennifer L. Matlock

DEPUTY CLERK
ST. BERNARD PARISH

## ORDER

LET the foregoing First Supplemental and Amended Petition be filed.

Chalmette, Louisiana, this _____ day of September, 2010.

_____
DISTRICT JUDGE

PLEASE SERVE:

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.
through its agent for service and process:
ALVIN P. LOUPE
125 Shirley Lane
Reserve, Louisiana   70084

BP EXPLORATION & PRODUCTION, INC.
Through is agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana   70808

BP AMERICA, INC.
Through its agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana   70808

BP PRODUCTS NORTH AMERICA, INC.
Through its agent for service and process:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
320 Somerulos Street
Baton Rouge, Louisiana   70802-6129

-3-

34th JUDICIAL DISTRICT COURT

FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116434

DIVISION "D"

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC.,
AND BP PRODUCTS NORTH AMERICA, INC.

FILED: _____ SEP 2 9 2010 _____

2:20 pm

_____ Gwen S. Loze _____
DEPUTY CLERK

## ANSWER TO PETITION

COMES NOW, Defendant LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC. ("hereinafter Loupe"), by and through its undersigned counsel, and answers the Plaintiffs' Petition For Damages as follows:

1.

Loupe admits that it is a named defendant in the above-styled case and is a Louisiana corporation authorized to do business in the State of Louisiana. Loupe denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Petition.

2.

Loupe denies the allegations contained in Paragraph 2 of Plaintiffs' Petition.

3.

Loupe denies the allegations contained in Paragraph 3 of Plaintiffs' Petition.

4.

Loupe denies the allegations contained in Paragraph 4 of Plaintiffs' Petition.

5.

Loupe denies the allegations contained in Paragraph 5 of Plaintiffs' Petition.

6.

Loupe denies the allegations contained in Paragraph 6 of Plaintiffs' Petition.

7.

Loupe denies the allegations contained in Paragraph 7 of Plaintiffs' Petition.

1

8.

Loupe admits that it purchased fuel from Plaintiffs but denies the rest of the allegations in Paragraph 8.

9.

Loupe denies the allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.

Loupe admits that it has paid for fuel from Plaintiffs.  In fact, Loupe admits that it has paid $345,562.60 to Plaintiffs during the past four months for fuel.  Loupe has submitted an additional payment of $13,783.59.  Until the filing of this lawsuit, Loupe was paying Plaintiffs within days of the submission of an invoice.  Loupe has now paid for each invoice submitted to Loupe.  In all other respects, Loupe denies these allegations.

11.

Loupe denies the allegations contained in Paragraph 11 of Plaintiffs' Petition.

12.

Loupe denies the allegations contained in Paragraph 12, but admits that it has paid $345,562.60 to Plaintiffs during the past four months for fuel and an additional $13,783.59 recently.  In all other respects, Loupe denies these allegations.

13.

Loupe denies the allegations contained in Paragraph 13 of Plaintiffs' Petition.

14.

Loupe denies the allegations contained in Paragraph 14 of Plaintiffs' Petition.

15.

Loupe denies the allegations contained in Paragraph 15 of Plaintiffs' Petition.

16.

Loupe denies the allegations contained in Paragraph 16 of Plaintiffs' Petition.

17.

Loupe denies the allegations contained in Paragraph 17 of Plaintiffs' Petition.

18.

Loupe denies the allegations contained in Paragraph 18 of Plaintiffs' Petition.

19.

Loupe admits that Plaintiffs have filed a Complaint with the Attorney General's office despite the fact Plaintiffs have no standing to assert the Complaint since Loupe had no business relationship with Plaintiffs for rental of property. Loupe denies any further allegations contained in this paragraph.

20.

Loupe denies the allegations contained in Paragraph 20 of Plaintiffs' Petition.

21.

Any allegations in the Plaintiffs' Petition not otherwise admitted or denied, are hereby denied. Loupe denies that Plaintiffs are entitled to any of the relief or damages sought in its Prayer for Relief.

## COUNTERCLAIM

22.

Plaintiffs' cause of action against Loupe is groundless and was brought in bad faith or for purposes of harassment.

23.

Plaintiffs' reason to include Loupe in its lawsuit was to prevent BP from removing this action to federal court.

24.

Defendant Loupe has paid Plaintiffs for the fuel Loupe purchased within days of the purchase except for the last payments after the filing of this lawsuit which have now been paid or will be paid shortly.

**WHEREFORE,** Defendant Loupe respectfully requests this Court to award an amount sufficient to reimburse Defendant Loupe's attorneys' fees and costs.

## FIRST AFFIRMATIVE DEFENSE

The Petition and each count thereof fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have waived the right to any payment of rents from Loupe.

3

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped from recovering any rents from Loupe as Mr. Loupe informed Plaintiffs early on during the project that he was not responsible for the rents. Any agreements were made without Loupe's consent or assent.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Loupe never contracted with Plaintiffs for any rents and any use of Plaintiffs' land was ultimately for the benefit of others. Therefore, no amounts are due from Defendant Loupe for any rents.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate its damages, to the extent any such damages exist and can be attributable to Loupe.

## SIXTH AFFIRMATIVE DEFENSE

Loupe never agreed to any price for any lease of land and therefore owes, at most, a fair and reasonable price for the rent, not the price that Plaintiffs are attempting to gouge from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' lease contract is an absolute nullity since it is price gouging prohibited by Louisiana Statute. Likewise, many of Plaintiffs' "fuel" charges are inflated and gouging by charging unreasonably high rates and adding other costs such as electricity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' lease contract is unenforceable as it is not in writing as required by Louisiana Statute.

## NINTH AFFIRMATIVE DEFENSE

Loupe does not currently have knowledge or information upon which to determine whether additional, undiscovered defenses are or may be available to them. Loupe expressly reserves the right to advance supplementary defenses in the event discovery reveals them.

**WHEREFORE**, Defendant Loupe Construction and Consulting Company, Inc. hereby prays as follows:

1.    That the Court dismiss each and every one of Plaintiffs' claims with prejudice and enter judgment for Loupe;

2.    That the Court tax all costs and attorneys' fees of this action against Plaintiffs;

4

3.      That the Court award Loupe such other and further relief as the Court deems just and proper.

This __29th__ day of September, 2010.

Respectfully submitted,

_Randy S. Nun_

Randy Nunez, Esq.
Louisiana Bar No. 21331
LICCIARDI & NUNEZ
1019 West Judge Perez Drive, Ste. B
Chalmette, LA 70043
Phone: (504) 279-1000
Fax:    (504) 279-1300

## CERTIFICATE OF SERVICE

A copy of the foregoing **Defendant Loupe Construction and Consulting Company, Inc.'s ANSWER TO PETITION** was sent by regular U.S. mail on this __29th__ day of September, 2010, addressed to the foregoing counsel of record as follows:

Wayne M. LeBlanc
3016 19th Street, Ste. A
Post Office Box 8573
Metairie, LA 70011

_Ry Nun_

Randy Nunez, Esq.

5

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434                                         DIVISION "D"

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC.
AND BP PRODUCTS NORTH AMERICA INC.

FILED:____**SEP 1 3 2010**____       DEPUTY CLERK:____/S/Elizabeth A. Ruiz

PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED PETITION

NOW INTO COURT, through undersigned counsel, come plaintiffs, Lionel Serigne and Joan

Serigne, who with respect, represent that:

1.

Plaintiffs request that this supplemental and amended petition be filed and served on

defendants; that at this time, answers to the original petition have not been filed on behalf of any of

the defendants.

2.

Plaintiffs supplement and amend Paragraph 11 of the original petition, to read as follows:

All the defendants occupied the land, put various types of equipment and trailers on the land,

received services from plaintiffs, Lionel Serigne and Joan Serigne, all without a written lease but a

firm, gentlemen's handshake, that Loupe, BP1, BP2 and BP3 would live up to the agreements made,

as designated herein.

3.

Plaintiffs supplement and amend Paragraph 12 of the original petition, to read as follows:

Shortly prior to filing this lawsuit, defendants, Loupe, BP1, BP2 and BP3 were $74,000.00

behind on reimbursing plaintiffs for the fuel costs. Since demand letters were written and faxed to

attorneys for BP and Alvin P. Loupe of Loupe Construction and Consulting Company, Inc., on

August 27, 2010, this amount has been paid in separate payments of $60,000.00 and $14,000.00, all

occurring after demand was made. Although these payments were made, bringing the account up

to date, for the amount due on August 27, 2010, Alvin P. Loupe of Loupe Construction and

Consulting Company, Inc., and BP1, BP2 and BP3, have continued to buy fuel from plaintiffs and

have noticed plaintiffs that they do not intend to pay for the fuel because of the original pleadings

-1-

that were filed. Accordingly, at this time, plaintiffs make demand, under Louisiana Open Accounts Law, for the amount of $46,713.14 against all defendants, including court costs and attorney's fees.

4.

Plaintiffs supplement and amend Paragraph 14 of the original petition, to read as follows:

Because of the breach of the oral lease between the defendants and the Serignes, the Serignes claim damages, as follows:

1. Failing to pay $372,000.00 for the verbal lease from May 1, 2010 to September 2, 2010, a period of 124 days at $3,000.00 per day;

2. Failing to pay for the providing of electricity, approximately $4,000.00 during the same time period;

3. Failing to pay under Louisiana Open Accounts Law, the sum of $46,713.14 for gasoline and diesel fuel provided by plaintiffs from August 27, 2010 through September 8, 2010;

4. Any damage to their property as a result of removing items that are fixed and permanently installed to the Serigne property.

5.

Plaintiffs supplement and amend Paragraph 15 of the original petition, to read as follows:

Defendants, Loupe, BP1, BP2 and BP3, have set upon a course of conduct to deprive many individuals, like and similarly situated as the Serignes, such as, Amigo Enterprises, Inc., d/b/a the Breton Sound Marina, Campo Marina in Shell Beach, and others in Louisiana.

6.

Plaintiffs supplement and amend Paragraph 19 of the original petition, to read as follows:

On information and belief, plaintiffs understand that defendants have been put on notice by the Executive Assistant to the Governor in charge of Consumer Affairs and/or the State Attorney General for the unfair practices that are complained of herein. Because of the course of conduct taken by the defendants as to other similarly situated plaintiffs, such as, Amigo Enterprises, Inc. and Campo's in Shell Beach, this conduct all in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, allows plaintiffs to recover treble damages because of the complained of practice of the defendants is immoral, unethical, oppressive, unscrupulous and substantially injurious to plaintiffs with full knowledge of the defendants that same would cause damages to plaintiffs and further that the said defendants knew of their corporate policy, up and down the corporate ladder and have done nothing to curtail the practice, nor make good on the obligations despite demands from plaintiffs, Lionel Serigne and Joan Serigne, owners of Amigo Enterprises, Inc. and owners of Campo's at Shell Beach.

-2-

WHEREFORE, plaintiffs, Lionel Serigne and Joan Serigne, pray that this First Supplemental and Amended Petition be filed; and that after service and due proceedings are had herein, there be judgment in their favor and against the defendants, Loupe Construction and Consulting Company, Inc., BP Exploration & Production, Inc., BP America, Inc. and BP Products North America, Inc., jointly, severally and in solido, for damages and treble damages together with interest from the date of judicial demand, for expert fees, for all costs of these proceedings, for attorney's fees and for all general and equitable relief.

**FILED**

SEP 08 2010
/S/Jennifer L. Matlock
DEPUTY CLERK
ST. BERNARD PARISH

WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA  70011
Phone: (504)834-3772
Fax: (504)834-3791

## ORDER

LET the foregoing First Supplemental and Amended Petition be filed.

Chalmette, Louisiana, this _13_ day of September, 2010.

DISTRICT JUDGE

PLEASE SERVE:

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.
through its agent for service and process:
ALVIN P. LOUPE
125 Shirley Lane
Reserve, Louisiana  70084

BP EXPLORATION & PRODUCTION, INC.
Through is agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana  70808

BP AMERICA, INC.
Through its agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana  70808

BP PRODUCTS NORTH AMERICA, INC.
Through its agent for service and process:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
320 Somerulos Street
Baton Rouge, Louisiana  70802-6129

**A TRUE COPY**
Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By _____
DEPUTY CLERK
/S/Norma Levell

SEP 1 4 2010

-3-

E.B.R. SHERIFF'S OFFICE
SEP 14 2010
RECEIVED



CORPORATION SERVICE COMPANY·

# Notice of Service of Process

MJB / ALL
**Transmittal Number: 8042197**
Date Processed: 09/27/2010

Primary Contact:            Tara Lindsey - WL1 16.121B
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079

Copy of transmittal only provided to:    Malika Herring
Melanie Johnson - WL1 16-121A

| | |
|---|---|
| Entity: | BP Products North America Inc.<br>Entity ID Number  0501971 |
| Entity Served: | BP Products North America, Inc. |
| Title of Action: | Lionel Serigne vs. Loupe Construction and Consulting Company, Inc. |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Contract |
| Court: | St. Bernard Parish District Court, Louisiana |
| Case Number: | 116434 D |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 09/27/2010 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Wayne M LeBlanc<br>504 834-3772 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

*LIONEL SERIGNE AND JOAN SERIGNE*

*Versus*

*LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC., BP EXPLORATION & PRODUCTION, INC, BP AMERICA, INC. AND BP PRODUCTS NORTH AMERICA INC.*



**D**

*Case: # 116-434*
*Division: "D"*
*34th Judicial District Court*
*Parish of St. Bernard*
*State of Louisiana*

---

TO:  **BP PRODUCTS NORTH AMERICA, INC.**
    *THROUGH ITS AGENT FOR SERVICE AND PROCESS:*
    **THE PRENTICE-HALL CORPORATION SYSTEM, INC.**
    *320 SOMERULOS STREET*
    *BATON ROUGE, LA 70802-6129*

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PLAINTIFFS' 1ST SUPPLEMENTAL AND AMENDING PETITION/ORDER</u>.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA 70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 13TH day of <u>SEPTEMBER</u>, 2010.
LIONEL--NL

                                        Lena R. Torres
                                        Clerk of Court
                                        Parish of St. Bernard

                                  By: _Norma Powell_____
                                        Deputy Clerk
www.stbclerk.com                        /S/Norma Lovell

---

**DOMICILIARY**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
                    Returned Parish of St. Bernard_____, _____.
                                        _____
                                              Sheriff

**PERSONAL**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
                    Returned Parish of St. Bernard _____, _____.
                                        _____
                                              Sheriff

                                        SEP 1 4 2010

**CT Corporation**

**Service of Process Transmittal**
09/27/2010
CT Log Number 517340859

| | |
|---|---|
| **TO:** | Tara Lindsey<br>BP America Inc.<br>501 WestLake Park Blvd.<br>Vendor: 0080178147<br>Houston, TX 77079 |

**RE:**   **Process Served in Louisiana**

**FOR:**   BP Exploration & Production, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lionel Serigne and Joan Serigne, Pltfs. vs. Loupe Construction and Consulting Company, Inc., et al. including BP Exploration & Production, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, First Supplemental and Amended Petition |
| **COURT/AGENCY:** | 34th Judicial District Court, Parish of St. Bernard, LA<br>Case # 116 434 |
| **NATURE OF ACTION:** | Amending the petition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/27/2010 at 08:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received the document(s) |
| **ATTORNEY(S) / SENDER(S):** | Wayne M. LeBlanc<br>3016 19th Street, Suite A<br>Metairie, LA 70011<br>504-834-3772 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2010, Expected Purge Date: 10/02/2010<br>Image SOP<br>Email Notification, Melanie Johnson Melanie.Johnson@bp.com<br>Email Notification, Malika Herring malika.herring@bp.com<br>Email Notification, Tara Lindsey tara.lindsey@bp.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Lisa Uttech<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process
Transmittal**
09/27/2010
CT Log Number 517340859

TO:     Tara Lindsey
        BP America Inc.
        501 WestLake Park Blvd.
        Vendor: 0080178147
        Houston, TX 77079

RE:     **Process Served in Louisiana**

FOR:    BP Exploration & Production, Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Citation, Petition | By Process Server on 09/22/2010 at 08:25 | Tara Lindsey BP America Inc. | 517315812 |

Page 2 of  2 / JC

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

# CITATION

*LIONEL SERIGNE AND JOAN SERIGNE*

*Versus*

*LOUPE CONSTRUCTION AND CONSULTING*
*COMPANY, INC., BP EXPLORATION &*
*PRODUCTION, INC., BP AMERICA, INC. AND*
*BP PRODUCTS NORTH AMERICA INC.*

  **D**

Case:   # *116-434*
Division:   "D"
*34ᵗʰ Judicial District Court*
*Parish of St. Bernard*
*State of Louisiana*

TO: *BP EXPLORATION & PRODUCTION, INC.*
*THROUGH ITS AGENT FOR SERVICE AND PROCESS:*
*C T CORPORATION SYSTEM*
*5615 CORPORATE BOULEVARD, SUITE 400B*
*BATON ROUGE, LA  70808*

     YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of  PLAINTIFFS' 1ˢᵀ
SUPPLEMENTAL AND AMENDING PETITION/ORDER          .  The Petition tells you what you are being
sued for.

     You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you
have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of
Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA 70043.

     If you do not do what the Petition asks, or if you do not file an answer or legal pleading within
FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

     This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 13ᵀᴴ day of
SEPTEMBER , 2010.
LIONEL--NL

Lena R. Torres
Clerk of Court
Parish of St. Bernard

By: *Norma Lovell*
Deputy Clerk

/S/Norma Lovell

www.stbclerk.com

---

**DOMICILIARY**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
       Returned Parish of St. Bernard_____, _____.

_____
Sheriff

**PERSONAL**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
       Returned Parish of St. Bernard _____, _____.

_____
Sheriff

SEP 1 1 2010

**CT Corporation**

**Service of Process Transmittal**
09/27/2010
CT Log Number 517340833

| | |
|---|---|
| **TO:** | Tara Lindsey<br>BP America Inc.<br>501 WestLake Park Blvd.<br>Vendor: 0080178147<br>Houston, TX 77079 |

**RE:**   **Process Served in Louisiana**

**FOR:**   BP America Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Lionel Serigne and Joan Serigne, Pltfs. vs. Loupe Construction and Consulting Company, Inc., et al. including BP America, Inc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, First Supplemental and Amended Petition |
| **COURT/AGENCY:** | 34th Judicial District Court, Parish of St. Bernard, LA<br>Case # 116 434 |
| **NATURE OF ACTION:** | Amending the petition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/27/2010 at 08:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received the document(s) |
| **ATTORNEY(S) / SENDER(S):** | Wayne M. LeBlanc<br>3016 19th Street, Suite A<br>Metairie, LA 70011<br>504-834-3772 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2010, Expected Purge Date: 10/02/2010<br>Image SOP<br>Email Notification, Melanie Johnson Melanie.Johnson@bp.com<br>Email Notification, Malika Herring malika.herring@bp.com<br>Email Notification, Tara Lindsey tara.lindsey@bp.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Lisa Uttech<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808<br>225-922-4490 |

Page 1 of  2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CT Corporation

**Service of Process
Transmittal**
09/27/2010
CT Log Number 517340833

TO:     Tara Lindsey
        BP America Inc.
        501 WestLake Park Blvd.
        Vendor: 0080178147
        Houston, TX 77079

RE:     **Process Served in Louisiana**

FOR:    BP America Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Citation, Petition | By Process Server on 09/22/2010 at 08:25 | Tara Lindsey<br>BP America Inc. | 517315792 |

Page 2 of  2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CITATION




| | |
|---|---|
| *LIONEL SERIGNE AND JOAN SERIGNE*<br><br>*Versus*<br><br>**LOUPE CONSTRUCTION AND CONSULTING**<br>**COMPANY, INC., BP EXPLORATION &**<br>**PRODUCTION, INC., BP AMERICA, INC. AND**<br>**BP PRODUCTS NORTH AMERICA INC.** | *Case: # 116-434*<br>*Division: "D"*<br>*34th Judicial District Court*<br>*Parish of St. Bernard*<br>*State of Louisiana* |

*TO: BP AMERICA , INC,*
*THROUGH ITS AGENT FOR SERVICE AND PROCESS:*
*C T CORPORATION SYSTEM*
*5615 CORPORATE BOULEVARD, SUITE 400B*
*BATON ROUGE, LA  70808*

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of <u>PLAINTIFFS' 1ST</u> <u>SUPPLEMENTAL AND AMENDING PETITION/ORDER</u>.  The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 13TH day of SEPTEMBER , 2010.
LIONEL--NL

Lena R. Torres
Clerk of Court
Parish of St. Bernard

By:_____
Deputy Clerk

/S/Norma Lovell

www.stbclerk.com

---

DOMICILIARY
Received Parish of St. Bernard on the _____ day of _____,_____ and on the _____ day of
_____, _____, I served a copy of the within _____ by leaving
the same at _____ domicile _____ this Parish in the hands of
_____ a person apparently over the age of 14 years living and residing in said domicile,
whose name and other facts, connected with this service I learned by interrogating the same
_____ the said _____ being absent from _____ domicile
at the time of said service.
Returned Parish of St. Bernard_____, _____.

_____
Sheriff

PERSONAL
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of
_____, _____, I served a copy of the within _____ on
_____ on _____ at _____ this
Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

SEP 1 4 2010

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434

DIVISION "D"

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC.
AND BP PRODUCTS NORTH AMERICA INC.

FILED: _OCT 0 7 2010_          DEPUTY CLERK: _____
       _8:30 am_                               Gwen S. Loze

ANSWER TO COUNTERCLAIM OF DEFENDANT
LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.

NOW INTO COURT, through undersigned counsel, come plaintiffs, Lionel Serigne and Joan

Serigne, who answer the Counterclaim of defendant, Loupe Construction and Consulting Company,

Inc., as follows:

1.

The allegations of Paragraph 22 are denied.

2.

The allegations of Paragraph 23 are denied.

3

The allegations of Paragraph 24 are denied.

4.

The allegations of Paragraph 25 are denied, as Paul Loupe of Loupe Construction and

Consulting Company, Inc. was handed invoices for fuel, however, returned the invoices, stating that

he wasn't paying the invoices since a lawsuit was filed.

AND NOW FURTHER ANSWERING, plaintiffs Lionel Serigne and Joan Serigne submit

the following:

5.

The roles of Paul Loupe, Loupe Construction and Consulting Company, Inc. and BP

Exploration and Production, Inc., BP America, Inc. and BP Products North America, Inc. are

indistinguishable in their dealing with plaintiffs, Lionel Serigne and Joan Serigne.

WHEREFORE, plaintiffs Lionel Serigne and Joan Serigne, pray that the Counterclaim of

Loupe Construction and Consulting Company, Inc. be dismissed and that the costs for filing this

Answer be taxed against defendant, Loupe Construction and Consulting Company, Inc.

-1-

Respectfully submitted,

WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA   70011
Phone:  (504)834-3772
Fax:  (504)834-3791

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by placing same in the U.S. Mail, postage prepaid and properly addressed.

Metairie, Louisiana, October 5, 2010.

WAYNE M. LeBLANC

-2-

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434                                                    DIVISION " "

LIONEL SERIGNE AND JOAN SERIGNE

VERSUS

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.,
BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC.
AND BP PRODUCTS NORTH AMERICA INC.

FILED: SEP 0 3 2010_____          DEPUTY CLERK: _Cynthia Wallace_

## REQUEST FOR NOTICE

Clerk of Court

Parish of St. Bernard


Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written

notice of the date set for trial of the above entitled cause, or of the date set for trial of any pleadings

or motions therein, at least ten (10) days before any trial date.

We also request notice of the signing of any final judgment, the rendering of any

interlocutory order or judgment, or of any order or judgment refusing to grant a new trial, in said

cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.


_____
WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA  70011
Phone: (504)834-3772
Fax: (504)834-3791
ATTORNEY FOR PETITIONERS