UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER  MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION
OF DEFENDANT ANADARKO PETROLEUM CORPORATION FOR RELIEF FROM
PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1**

Defendant Anadarko Petroleum Corporation ("Anadarko") has moved for relief from the preservation of evidence requirements of Pretrial Order No. 1, and in support thereof respectfully states as follows:

1. On October 28, 2010, Anadarko was served with a subpoena by the Joint Investigation Team of the United States Coast Guard and the Bureau of Ocean Energy Management, Regulation and Enforcement (" JIT") pursuant to 43 U.S.C. § 1348(f) and 46 U.S.C. § 6304.[1] A true and correct copy of the subpoena is attached hereto as Exhibit 1. The

---

[1] The JIT sits as an independent investigatory body authorized by Congress pursuant to enabling statutes and regulations. *See* 46 U.S.C. §§ 6301, *et seq.*; 43 U.S.C. § 1348; 14 U.S.C. § 141; 33 C.F.R. § 140, Subpart C; and 30 C.F.R. §§ 250.186-191. See 46 U.S.C. § 6301 (1)–(6). In investigating marine casualties, 46 U.S.C. § 6304 grants the USCG authority to issue subpoenas requiring the production of evidence. 46 U.S.C. § 6304(a). The subpoena authority granted by § 6304 is coextensive with the civil jurisdiction of a district court of the United States for the district in which the investigation is conducted. *Id.* Additionally, OCSLA requires the BOEMRE and the USCG to investigate any major oil spillage, death or injury occurring as a result of operations pursuant to OCSLA, and gives the BOEMRE and the USCG the power to issue subpoenas requiring production of evidence while conducting its investigation. 43 U.S.C. § 1348(d);(f).

subpoena seeks the production of drill cutting samples from the Macondo well.  The subpoena is returnable on November 4, 2010.

2.	Paragraph 14 of the Court's Pretrial Order No. 1 [Dkt. 2] requires all parties to preserve evidence that may be relevant to this action.  The duty to preserve extends to tangible objects such as the drill cuttings samples sought by the JIT.  Before any such evidence may be destroyed, the parties are directed to confer to resolve questions as to whether information should be preserved and, if necessary, to apply to the Court for relief from Pretrial Order No. 1 upon reasonable notice.

3.	Counsel for Anadarko has conferred with Defendants' liaison counsel and Plaintiffs' liaison counsel with respect to this Motion.  All Defendants' liaison counsel consent to the requested relief.  Plaintiffs' counsel have not responded to requests for confirmation of their consent.

4.	Anadarko has 7 sample boxes of drill cuttings. The sample boxes measure approximately 3.5" x 5.5" x 16."  Each box contains 40-68 samples stored in 3" x 5" size sample envelopes. There is a total of 396 sample envelopes.  The approximate weight of all 7 boxes of samples is 9 lbs., or somewhat less than 1 lb. per box.  Each sample envelope has from between 1/4 ounce to 2 ounces of drill cuttings that have been washed and dried for storage.  The samples appear to have been taken at approximately 30-foot increments.  The total extent of rock from which the samples were taken is approximately 10,974 feet across an interval of approximately 9076' to approximately 18360' of measured wellbore depth.

5.	Anadarko is agreeable to producing all drill cuttings samples in its possession in response to the JIT's subpoena, and the JIT is willing to take custody of the drill cuttings.  The JIT represented that it is willing to split the samples, but it wants to take possession of all

samples, perform the split itself, and then return the remaining portions of the samples to Anadarko. The JIT has also represented that if it has any samples left after it conducts its testing, it will return the remaining samples to Anadarko.

6. The JIT advises that the following is the analysis protocol the JIT will use for its analysis of drill cuttings produced by Anadarko:

> The USGS will use approximately the same analysis protocol for the Anadarko drill cuttings as used on the "rock/cement" samples and as outlined in the attached spreadsheet. Prior to analysis selected samples will be split using the cone and quarter technique, a Jones riffle splitter, or other appropriate technique depending on the grain size and amount of each sample. Approximately one half of each split sample will be repackaged for return to Anadarko provided there is enough material to complete our analyses. If for any sample there is not enough material to return approximately one half to Anadarko, USGS will contact the Joint Investigation Team before proceeding with work on that sample. After splitting, each sample will be analyzed using steps 1 and/or 2 in the attached spreadsheet. This will be followed by steps 3 - 6 (step 3 may also be used in the screening process prior to splitting). Step 7 will be completed if deemed necessary and there is enough sample remaining. It is possible that some steps in the analytical process will be skipped for individual samples if deemed appropriate by USGS.

*See also* Initial Analysis Proposed for USGS Denver Laboratories, attached hereto as Exhibit 2.

7. The JIT will maintain chain of custody in accordance with its physical evidence collection protocol, a true and correct copy of which is attached hereto as Exhibit 3. This is the same protocol that was provided to the Court and Plaintiffs' and Defendants' Interim Liaison Counsel in connection with the recovery of the BOP, and in connection with defendant Halliburton Energy Services, Inc. (HESI)'s Motion For Relief From Preservation of Evidence Obligations of Pretrial Order No. 1 [Dkt. 494].

**WHEREFORE**, for the reasons stated above, Anadarko requests that its Motion be granted and that the Court enter an Order permitting Anadarko to release the drill cuttings

samples to the JIT and otherwise relieving Anadarko from any contrary obligations as may be set forth in the Court's Pretrial Order No. 1.

Respectfully Submitted,

/s/ Deborah D. Kuchler
Deborah D. Kuchler, T.A. (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Tony.Fitch@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

**ATTORNEYS FOR DEFENDANT ANADARKO PETROLEUM CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2010 I caused a copy of the foregoing MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION OF DEFENDANT ANADARKO PETROLEUM CORPORATION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1 to be filed electronically with the Clerk of the Court and electronically served on all liaison counsel using the LexisNexis File & Serve system, pursuant to the Court's Pretrial Order No. 12.

/s/ Deborah D. Kuchler