# EXHIBIT 3

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

From: Co-Chairs, BOEMRE-USCG Joint Investigation Team
To:     Distribution

Subj: PHYSICAL EVIDENCE COLLECTION

Ref:  (a) Marine Safety Manual, Volume V, COMDTINST M16000.10A
      (b) 46 U.S.C. § 6304
      (c) 43 U.S.C. § 1348
      (d) Coast Guard Investigations Manual, COMDTINST M5527.1B
      (e) Counter Drug and Alien Migrant Interdiction Operations Manual. COMDTINST
          M16247.4 (series)
      (f) Minerals Management Service Manual 640.3.1, Incident Investigation and
          Information Management, 20 May 2003

1.  PURPOSE: This directive amplifies guidance found in references (a)-(f) and provides policy
    and procedures for physical evidence collection, identification, chain of custody,
    transportation, and preservation during the Investigation of the MODU DEEPWATER
    HORIZON..

2.  ACTION: All persons discovering, collecting, or transporting evidence associated with the
    explosion, fire, and sinking of the MODU DEEPWATER HORIZON shall observe and
    execute these procedures.  In situations where strict adherence is not practicable, consultation
    with the Joint Investigation Team (JIT) is required.

3.  DISCUSSION: Adhering to the established protocol for evidence collection, identification,
    chain of custody, transportation, and preservation is critical to maintaining reliable and
    credible evidence.  This directive supplements but does not supersede references (a), (d), (e),
    and (f).

4.  DIRECTIVES AFFECTED: NONE

Aug 16, 2010 (COORD JIT/USCG/DWCIT/DOI)



EXHIBIT

3

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

A. POLICY: Consistent with the goals of references (b) and (c), the collector must carefully recover, identify, document, transport, and store the evidence to preserve its integrity. Evidence that is physically recoverable must be collected. Evidence collection shall be conducted in accordance with the protocols outlined in this directive.

B. PROCEDURES: When physical evidence is recovered it should be identified, tagged, documented and stored in an area to safeguard against tampering, pilfering, and/or damage.

    1) Recovering Evidence:

        a. Prior to recovering, the person finding the possible evidence should immediately contact the JIT and provide details regarding the nature and size of the possible evidence and, if available, photographs. JIT contacts are Lieutenant Commander Jeff Bray at 202-309-9559 or Jeff.R.Bray@uscg.mil, or Lieutenant Robert Butts at Robert.S.Butts@uscg.mil.

        b. Upon notification, the JIT will coordinate and approve evidence recovery. When necessary, the person responsible for the recovery should provide recommendations and/or a potential plan for appropriate methods of recovery, security measures, transportation methods and logistical equipment needed to ensure a safe and secure delivery of evidence. If crane services are required during recovery or transportation of the evidence, the plan must include a detailed lift plan.

        c. When collecting evidence, safety is paramount. If there are safety concerns throughout the evidence collection process, notify the JIT as soon as practicable.

    2) Identifying Evidence:

        a. Upon recovery, the JIT will assign each piece of evidence an Evidence Control Number (ECN). JIT will provide the ECN to the designated evidence collector.

        b. The ECN is a sequence of letters and numbers, beginning with a two-letter code that denotes the identity of the collector and followed by a sequentially assigned number. See reference (a), part B.3.F.4.c.

        c. Upon receipt, the JIT is responsible for cataloguing all evidence.

    3) Tagging Evidence:

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

a) The evidence collector shall create an evidence tag that identifies that evidence and then affixed the tag to the evidence if possible. The tag must, at a minimum, identify the ECN, a description of the evidence, the name of the collector, and the date, time and location of the collection. See enclosure (2) for a sample evidence seizure tag that is used by U.S. Coast Guard personnel and will be used in this investigation.

b) Evidence to which the collector cannot affix an evidence tag should be placed in an appropriately sized container. The container shall be sealed with evidence tape and an evidence tag that fully meets the requirements of paragraph 3.a. shall be affixed to the container.

4) Evidence Custody Form:

a) After recovering, identifying, and tagging the evidence, an Evidence Custody Form, must be completed by the collector designated by the JIT. Enclosure (1) is the form used and recommended by the U.S. Coast Guard and will be used in this investigation.

b) The collector shall maintain a strict chain of custody including secure physical custody of the evidence until released to the JIT. The chain of custody, when completed correctly, documents the custodial history of the evidence from the time it was initially recovered.

c) Chain of custody is maintained through actual secure physical custody and a paper trail detailing each change of custody, including the name and title of the receiving agent and date of transfer. It is the responsibility of the collector of the evidence to prepare the Evidence Custody Form. The form should be completely filled out to include all relevant information. The description listed on the evidence tag should be copied verbatim to the Evidence Custody Form. Annotations to these descriptions can be added within parentheses. Hand-written forms are acceptable but it is important that they are written legibly. If errors are made on the form, a single line should be made through the information and initials of the person making the notation should be near the correction.

d) When the collector relinquishes custody of the evidence to another person, both individuals are required to verify the evidence and sign the Evidence Custody Form. All original documents should accompany the evidence. It is good practice to keep the transfer of evidence to a minimum. Any deviation




DEEPWATER HORIZON JOINT INVESTIGATION TEAM

between the evidence label information and the custody and control form
information can cause confusion as to the identity of the evidence.

   e)  See references (d) and (e) for additional guidance.

5) <u>Delivery and Storage</u>:

   a.  The evidence collector designated by the JIT will deliver the evidence to the
JIT's secure physical evidence storage facility at the USCG Base Support Unit
(BSU) New Orleans unless otherwise directed.

   b.  Upon delivery, either by road or waterway, a JIT member will meet the
custodian of the evidence at the collection site and verify the item, review the
evidence tag, the Evidence Custody Form, and accept delivery.

   c.  Delivery shall be coordinated through the JIT. JIT contacts are Lieutenant
Commander Jeff Bray at 202-309-9559 or Jeff.R.Bray@uscg.mil, or
Lieutenant Robert Butts at Robert.S.Butts@uscg.mil.

6) <u>Interagency Coordination</u>

   a.  As provided for in Enclosure (5), and due to the high level of interest in the
physical evidence that is collected by the JIT, it is imperative that access
protocols ensure the highest level of security which safeguards the U.S.
government's ability to use this evidence not only in the JIT's investigation,
but also in possible future administrative, civil and criminal proceedings. In
order to achieve this end, requests for access to the physical evidence storage
facility shall be coordinated with personnel from the Deepwater Horizon
Criminal Investigation Team.

SIGNATURE

Encl: (1) Evidence Custody Form

 

DEEPWATER HORIZON JOINT INVESTIGATION TEAM

(2) Sample Evidence Seizure Tag
(3) Blowout Preventer Specific Procedures
(4) Schematic of Evidence Yard dtd July 23, 2010
(5) Coast Guard Base New Orleans Standard Operating Procedures for the Evidence Yard

| U.S. Department of Homeland Security U.S. Coast Guard CGB80001[8-04] | COAST GUARD INVESTIGATIVE SERVICE EVIDENCE CUSTODY FORM | |
|---|---|---|

| 1. Receiving Office | 2. Case Control Number (CCN) | 3. Evidence Log Type and Number |
|---|---|---|
| | | |

**4. Case Title/Subject**

| 5. Name/ Grade / Title of Person From Whom Seized/Received<br>Owner ☐<br>Other ☐ | 6. Address (include ZIP) | |
|---|---|---|
| | 7. Work Phone | 8. Home Phone |

**9. Location Where Property Seized/Received**

| 10. Reason Obtained<br>☐ Found ☐ Impounded ☐ Other ☐ Evidence | 11. Time/Date Seized/Received | 12. Seized/Received By (Printed Name) |
|---|---|---|

| 13. Item | 14. Quantity | 15. Disposal Action | 16. Description of Article/Make, Model, Serial Number, Identifying Marks, Condition, Value, Weight, and Evidence Tag Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| 17. Name and Signature of Witness | 18. Name and Signature of Evidence Custodian |
|---|---|
| | |

**19. CHAIN OF CUSTODY**

| Items | Date/Time | Released By | Received By | Purpose |
|---|---|---|---|---|
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |

Page 1 of 2 Pages

Reset

Enclosure (1)

## 19. CHAIN OF CUSTODY (CONT'D)

| Items | Date/Time | Released By | Received By | Purpose |
|---|---|---|---|---|
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |
| | | Name | Name | |
| | | Organization | Organization | |
| | | Signature | Signature | |

## 20. FINAL DISPOSITION

Final Disposition Authority

| Name (Printed) | Grade/Rank | Organization |
|---|---|---|

| Persons Witnessing Destruction (Print) | Organization | Signature and Date |
|---|---|---|
| 1. | | |
| 2. | | |

NOTE: You MUST indicate in Disposal Action Column (on front) by two number or letter code, persons receiving or witnessing action and the type of action.

CODES: (R) Person receiving    (W) Witness to Action    (A) Turned over to another Agency

      (1) Returned to Individual Owner    (C) Returned to Command    (S) Turned into Supply

      (D) Destroyed    (M) Another method (explain in Remarks section)

EXAMPLE:    Code R1 = person receiving the item was the owner;

               WD = person witnessed the destruction of the item;

               RC = person receiving item returned it to the command

## 21. REMARKS

Reset

**Enclosure (1)**

| SEIZURE TAG | | |
|---|---|---|
| DATE SEIZED **01 AUG 99** | SEIZED PROPERTY NO. **052090** | **SEIZED PROPERTY RECEIPT** |
| SEIZED FROM: *P/C SHIRA* | | NO. **052090** |
| PLACE SEIZED: *Position 37-00N, 75-05W* | | DATE **01 AUG 99** |
| ARTICLE(S) SEIZED: *1 Bale (approx 40 lbs) of marijuana* | | ARTICLE(S) SEIZED: *1 Bale (approx 40 lbs) of marijuana* |
| VIOLATION: *U.S. drug law (46USC1903)* | | |
| AUTHORIZED OFFICER SIGNATURE: | | AUTHORIZED OFFICER SIGNATURE |
| DEPT OF TRANSP., USCG, CG5117 (902 NR 1) U.S. GPO: 1993-710-990 | | NOAA FORM 88 (12-78) U.S. GPO: 1993-710-990 |

**Enclosure (2)**

BLOWOUT PREVENTER (BOP) SPECIFIC PROCEDURES:

1. Removal and Raising of the BOP

   • The BOP will be removed from the well head on or about August 19, 2010 and raised to the surface.
   • There will be members of the Joint Investigation Team (JIT) and the Department of Justice Criminal Investigation Evidence Recovery Team (DOJ Criminal Team) onboard the Q-4000 (the lifting vessel) throughout the entire process.
   • The JIT will take custody of the BOP from the time it is removed from the well head and will maintain that custody throughout the lifting process.
   • There will be live ROV video feed of the process available to the JIT and DOJ Criminal Team on scene as well as to other Federal Government personnel on the shore. JIT will ensure the video feed is recorded. One or more ROVs will maintain visibility of the BOP at all times during its disconnection from the wellhead and its ascent.
   • The ROV feed and the presence of JIT and Criminal Team members will ensure proper chain of custody is maintained from the moment work begins on the BOP.
   • A chain of custody form on the Q-4000 will be finalized which will transfer custody of the BOP from BP/TransOcean to the JIT as soon as work begins on the BOP.

2. Lifting of the BOP onto the Q-4000

   • The Q-4000 will lift the BOP onboard, where it will stay for a short time until it is transferred to an Offshore Supply Vessel (OSV) or other vessel that will bring it into shore.
   • The JIT will maintain chain of custody and will ensure positive control of the BOP throughout the time on the Q-4000.
   • This process will be videotaped and photographed.

3. Transfer of the BOP to an OSV

   • The Q-400 will transfer the BOP to an OSV, which will then transport it into the Coast Guard Base on the NASA Michoud Facility located ADDRESS HERE
   • The JIT and DOJ Criminal Team members will travel on the OSV with the BOP to the Coast Guard Base. The JIT will maintain custody and control through this process.
   • The transfer process will be videotaped and photographed.
   • The Coast Guard will provide a vessel escort for the OSV as it transits to shore, and once the OSV reaches the Sector New Orleans Captain of the Port Zone a moving safety zone will be placed around the OSV until the BOP is onshore.

**Enclosure (3)**

4. Transfer of the BOP to the Coast Guard Base

- Once the OSV arrives at the Coast Guard Base with the BOP, a Coast Guard contracted crane company will be standing by to remove the BOP using a lift plan that has been pre-approved by the JIT, the DOJ Criminal Team, and NASA.
- The BOP will be placed on a transport vehicle and taken to the secure evidence yard that has been established for DEEPWATER HORIZON evidence.
- This process will be videotaped and photographed.
- The evidence yard is on the Coast Guard portion of the secure NASA facility, the yard is locked and access is restricted.  See Enclosure (5).
- The Coast Guard Base Officer of the Day (OOD) will only grant access to the yard under the Standard Operating Procedures (SOP) established by the JIT, any entry to the evidence yard must be approved by the JIT and logged, and the evidence yard has two closed circuit cameras around the perimeter.
- The BOP will remain in the evidence yard until the testing contract and protocols are finalized.
- In the alternative to the above, if timely arrangements may be made, the JIT"s preference is to have the BOP transferred and housed on its testing stump in a secure, restricted access hanger onboard the NASA Michoud Facility where testing of the BOP will be conducted.
- Alternatively, if the BOP must be stored outside, it shall be covered to minimize exposure to, and corrosion from, the environment.

5. Testing of the BOP

- The JIT will contract with an independent third party expert to provide testing procedures and protocols for the BOP.
- The testing will take place at the NASA Michoud Facility under the control and guidance of the JIT, with input from DOJ and other Federal entities.
- The JIT will also allow Parties-in-Interest in the investigation to provide input into the testing procedures, but the JIT will make the final decision on this matter.
- All testing procedures will be conducted and recorded pursuant to the contractual arrangements between the testing parties and DOI.

6. Long Term Storage of the BOP

- The BOP will be stored in a secure area of the NASA Michoud Facility; the exact location is to be determined.
- The Coast Guard will contract with NASA to lease the necessary space and will work with DOJ on the longer term needs of the U.S. government.

**Enclosure (3)**



Enclosure (4)

# BSU New Orleans OOD
## Standard Operating Procedures
## for the DEEPWATER HORIZON Evidence Yard

<u>Background:</u>  The Coast Guard and Bureau of Ocean Energy Management, Regulation and Enforcement (BOEM) Joint Investigation Team (JIT) is conducting an investigation into the explosion and sinking of the Mobile Offshore Drilling Unit DEEPWATER HORIZON.  Any/all physical evidence that is collected by the JIT will be brought to Base Support Unit (BSU) New Orleans for secure storage in the "evidence yard".  The procedures in this document will ensure that the investigation maintains proper chain of custody and control of this evidence.

Due to the high level of interest in the physical evidence that is collected by the JIT, it is imperative that access protocols ensure the highest level of security which safeguards the U.S. government's ability to use this evidence not only in the JIT's investigation, but also in possible future administrative, civil and criminal proceedings.  In order to achieve this end, access requests shall be coordinated with personnel from the Deepwater Horizon Criminal Investigation Team.

<u>General procedures:</u>

1. The gate to the evidence yard shall be closed and locked, unless a JIT member has granted access to and is on the premises.
2. Access to the evidence yard must be approved by a member the Joint Investigation Team.
   a. Primary POC:  CAPT Suzanne Englebert
   b. Secondary POC:  LCDR Jeff Bray
3. Visitors to the evidence yard must always be accompanied by a Joint Investigation Team member, or the BSU CO or XO.
4. Each time access is granted, the BSU OOD must log the date and time the area is unlocked, who entered the area, the name of the JIT escort, and what time the area was re-locked.
5. The BSU OOD shall conduct periodic inspections of the area to ensure the area remains secure.  The BSU OOD shall ensure that there is continuous video monitoring of the evidence yard.  This video monitoring shall be recorded and provided to the DHCIT on a schedule mutually agreed to by the BSU, the JIT and the DHCIT.
6. In the case of an emergency which requires access to the evidence yard (i.e. fire, flooding, intrusion, etc.), the BSU OOD is authorized to unlock and open the gate without JIT permission to allow for base personnel to respond appropriately.
7. The JIT also has a key to the evidence yard and must notify the BSU OOD of any visits to ensure it is logged appropriately.

<u>List of JIT Members:</u>

CAPT Hung M. Nguyen, Co-Chairman
Mr. Gerald "Ross" Wheatley, Member
LT Robert Butts, Recorder
CDR Malcolm McLellan, Special Assistant to the JIT
LCDR Jeff Bray, Counsel to the JIT

Contacts: Questions about this procedure and any other evidence related questions should be directed to CAPT Suzanne Englebert at 202-604-1230 or Suzanne.E.Englebert@uscg.mil or LCDR Jeff Bray at 202-309-9559 or Jeff.R.Bray@uscg.mil .

**Enclosure (5)**

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.


_____
Ms. Ignacia Moreno, Assistant Attorney General
Environment and Natural Resources Division, DOJ

8/19/10
Date


_____
Mr. Tony West, Assistant Attorney General
Civil Division, DOJ

_____
Date


_____
Ms. Leezie Kim, Deputy General Counsel, DHS

_____
Date


_____
Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI

_____
Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____          _____
Ms. Ignacia Moreno, Assistant Attorney General          Date
Environment and Natural Resources Division, DOJ


_____          **8·19·10**
Mr. Tony West, Assistant Attorney General          Date
Civil Division, DOJ


_____          _____
Ms. Leezie Kim, Deputy General Counsel, DHS          Date


_____          _____
Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI          Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____          _____
Ms. Ignacia Moreno, Assistant Attorney General          Date
Environment and Natural Resources Division, DOJ

_____          _____
Mr. Tony West, Assistant Attorney General          Date
Civil Division, DOJ

_____          8.19.10
Ms. Leezie Kim, Deputy General Counsel, DHS          Date

_____          _____
Ms. Rachel Jacobsen, Principal Deputy Solicitor, DOI          Date

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**DEPARTMENT OF THE INTERIOR**
**JOINT INVESTIGATION CONDUCTED BY**
**UNITED STATES COAST GUARD**
**BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT**

SUBJECT: DEEPWATER HORIZON PHYSICAL EVIDENCE PROTOCOLS

Forwarded for your approval and signature are the Joint Investigation Team procedures for physical evidence collection, identification, chain of custody, transportation, and preservation during the Investigation of the MODU DEEPWATER HORIZON.

These procedures were drafted by the Joint Investigation Team with input from the USCG, BOEM, DHS, DOI, DOJ Criminal and DOJ Civil. This approval page will confirm that each Agency approves the Joint Investigation Team procedures for physical evidence control.

_____        _____
Ms. Ignacia Moreno, Assistant Attorney General        Date
Environment and Natural Resources Division, DOJ


_____        _____
Mr. Tony West, Assistant Attorney General        Date
Civil Division, DOJ


_____        _____
Ms. Leezie Kim, Deputy General Counsel, DHS        Date


_____        _____
Ms. Hilary C. Tompkins, Solicitor, DOI        Date