# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:   OIL SPILL by the OIL RIG
          "DEEPWATER HORIZON" in the
          GULF OF MEXICO, on
          APRIL 20, 2010

THIS DOCUMENT RELATES TO:

ALL ACTIONS

          MDL NO. 2179

          SECTION: J

          JUDGE BARBIER
          MAG. JUDGE SHUSHAN

## <u>DEFENDANTS' MEMORANDUM IN RESPONSE TO JOINT MOTION FOR A PROTECTIVE ORDER</u>

      Defendants respectfully submit this memorandum to assist this Court's consideration of the Plaintiff Profile Form (PPF) required in Pretrial Order No. 11 (Case Management Order No. 1, Section V(C)) (Record Doc. No. 569, 10/19/10). As contemplated by Judge Barbier, the purpose of the PPF is to assist in the process of identifying whether a plaintiff has satisfied the Oil Pollution Act presentment requirement and as a step toward identifying OPA test cases for trial in 2011 and personal injury/wrongful death and *Robins Dry Dock* test cases in early 2012. (10/15/20 MDL 2179 Hearing Tr. 12:8-13:18; CMO 1, Sections (V)(C), (VI)(A), (VI)(B).1 Plaintiffs' proposed PPF does not advance either objective. In contrast, Defendants' proposed PPF will move these cases forward in the manner contemplated by Judge Barbier. Without a PPF that provides meaningful information, the aggressive schedule contemplated by Judge Barbier is compromised. Moreover, Defendants proposed PPF is in line with such forms

---

1     By accepting the need for a PPF to evaluate the Plaintiffs' claims made in this litigation, none of the Defendants (including BP) waives the presentment requirement of 33 U.S.C. § 2713.

417652124.



required in other MDL proceedings.

The Plaintiffs have submitted a one-page large-print form with only rudimentary information to be provided. There is no provision in the form to account for differences in the nature of individual and business plaintiffs other than separate address boxes. Nor is the type of claim plaintiff is asserting easily discernable from the form, e.g., property damage, loss of earnings or profits, subsistence use, removal costs, personal injury or wrongful death.2  No guidance is provided on the form to plaintiffs regarding the type of information to supply about their claims.   While Plaintiffs propose that their PPF should be "in lieu of Rule 26(a) Disclosures," no provision is made for plaintiffs to provide documentation of their claims as is required by FRCP 26(a).  Despite Judge Barbier's guidance that plaintiff's counsel would have "their clients complete" the PPF (10/15/20 MDL 2179 Hearing Tr. 13:8-11), the form requires only the plaintiff's attorney to sign.  In short, Plaintiffs' proposal is deficient in information and does not comport with FRCP 33(b)(3) ("Each interrogatory must ... be answered separately and fully in writing *under oath*.") (emphasis added).

The Defendants have provided the Court with a more robust, yet straightforward PPF. Defendants' proposed PPF is a one-page document, albeit front-and-back.  It will elicit basic information about each category of damages the Plaintiff is seeking thereby allowing for meaningful evaluation of Plaintiff's claims. It calls for attachment of supporting documentation. It authorizes the Defendants to obtain records the plaintiff submitted to the BP claims process and the Gulf Coast Claims Facility (GCCF) -- and for release of amounts paid to Plaintiff in the

---

2 At risk of stating the obvious, the great majority of Plaintiffs are making claims for losses under the Oil Pollution Act of 1990 (OPA), and the categories of damages recoverable under OPA are set forth in 33 U.S.C. § 2702(b)(A-F).  As the Court knows, there are also personal injury and wrongful death claims at issue here, including injuries occurring in the course of the blowout and fire and during the response effort.

claims process -- information that is maintained as confidential by both claims processes. Significantly, the form requires the Plaintiff (not the Plaintiff's lawyer) to sign the PPF, under oath.

Defendants acknowledge that Judge Barbier ordered that the PPF be "one-page," and to the extent possible, it be an agreed-upon document. Defendants submit that their "front-and-back" document complies with the one-page requirement, and note that Judge Barbier's own comments appeared to invite further refinement of details regarding the PPF. At the hearing, Judge Barbier articulated a desire for a "simplified procedure, like development *maybe* of a one-page information or profile from that the plaintiffs' counsel could have their clients complete. All right. *We can work on that.* I think you-all can work on that to develop something." (Tr. 13:8-13, emphasis added) The Court should note that in the *Vioxx* and *Chinese Drywall* MDLs, Judge Fallon required multi-page PPFs to be verified by Plaintiffs, and those forms likewise required attachment of supporting documentation, provision of authorizations for release of records, and attachment of additional pages if space on the form was insufficient to fully supply the requested information. Judge Barbier obviously intends the PPF to be as simple and short as possible, and Defendants believe that they have specified the bare minimum possible amount of information needed to learn the nature and scope of highly diverse claims by what may be hundreds (if not thousands) of named Plaintiffs who have sued them in this litigation.

*First*, the Defendants' PPF is absolutely necessary to make informed decisions in the next two or three months about which Plaintiff or Plaintiffs should be selected for "OPA Test Cases" starting eight months from now.[3] This cannot be done randomly, based simply on Plaintiff's

---

3       PTO No. 11, CMO No. 1, Paragraph VI(A).

name, address, and a brief attorney-generated description of the claim.  The Defendants have a legitimate concern that the Plaintiffs will have an understandable desire to "cherry pick" their clients to propose to Judge Barbier as a potential "test case," which Plaintiff can then be deposed and subject to other typical discovery.  But Defendants need more than "name, rank, and serial number" information for the selection process to have any real meaning and to be able to employ a reliable methodology to select truly representative "test cases."

Indeed, both the MANUAL OF COMPLEX LITIGATION (FOURTH) (2010) and law review article by Hon. Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynne, *Bellwether Trials in Multidistrict Litigation*, 82 TULANE L. REV. 2323 (2008), stress the importance of obtaining information at the outset of the MDL to adequately categorize and understand the universe of cases before limiting discovery or selecting bellwether cases. "Early identification and clarification of issues is essential to discovery control. It enables the court to assess the materiality and relevance of proposed discovery and provides the basis for a fair and effective discovery plan. A plan established early in the litigation needs to take into account the possibility of revisions based on information gained through discovery. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.41 (2010). "In determining appropriate limits [on discovery], the court will need to balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial. *This task further underlines the importance of clarifying and understanding the issues in the case before imposing [discovery] limits.*" *Id.* at § 11.422 (citation omitted and emphasis added).

Judge Fallon recommends that bellwether selection proceed in a three-step process: (1) cataloguing the universe of cases in an MDL and dividing them into substantively important

categories; (2) creating a bellwether pool from cases that reflect those categories—and that are amenable to trial in the MDL forum, *e.g.*, through direct and original filing in the MDL district or party consent; and (3) selecting cases from the bellwether pool for trial after case-specific discovery. *See Bellwether Trials in Multidistrict Litigation*, 82 TULANE L. REV. 2323, 2343 (2008). "Before the transferee court and the attorneys can determine which cases to set for trial, they should first ascertain the makeup of the MDL." 82 TULANE L. REV. at 2344. Judge Fallon explains, "[T]o ensure that the cases ultimately tried are emblematic of all the cases comprising the MDL, the transferee court and the attorneys must determine the composition of the MDL prior to engaging in any further trial-selection steps." *Id.* Judge Fallon advises that "the transferee court and the attorneys should each conduct a census of the entire litigation and identify all the major variables. This initial step in the bellwether process will require that the attorneys have some knowledge about the individual cases in the MDL. In the *Vioxx* MDL, this was achieved with limited case-specific discovery through the exchange of plaintiff and defendant profile forms." *Id.* at 2344.

Defendants' proposed PPF is designed to yield the type of information required in the first step toward selection of bellwether cases. Reviewing the PPFs used in *Vioxx* and *Chinese Drywall*, which are multi-page forms, Defendants worked assiduously to hone the information required to evaluate the diverse spectrum of Plaintiffs and claims presented in MDL 2179 into a one page front-and-back form. Like both those forms, Defendants' proposed PPF provides that Plaintiffs should attach additional sheets required to provide complete responses to each question on the form.

*Second*, Defendants will need to obtain any documents that support a Plaintiff's claim of

–5–

economic consequences of the oil spill. The claim has to be substantiated, after all. Included in such documents would be the claim form and other supporting information submitted by the Plaintiff to BP and/or the GCCF, including amounts paid on the claim by either BP or GCCF over the past few months. The plaintiff may have that material. The plaintiff can submit it him or herself. In any event, if the plaintiff does not have a copy of what he or she submitted, the Court should understand that BP itself does not have access to such materials – claims documentation and payment amounts are held in confidence and absent written authorization from a particular claimant, they remain confidential. At a minimum, then, each Plaintiff in this litigation should be required to submit a records release authorization. Moreover, Plaintiffs should be required to provide the documentation to substantiate their claims so that Defendants can meaningfully assess their claims. These requirements for Plaintiffs to provide authorizations and produce supporting documentation are consistent with the PPF forms contemplated in other MDL proceedings. *See, e.g., In re Vioxx* PTO 18C at Par. 1 (ordering plaintiffs to complete the PPF, authorizations for release of records and to "produce with their PPF all documents responsive to the document requests contained therein."); Chinese Drywall PPF (requiring attachment of insurance declaration, construction/renovation contracts, new home warranty declaration, floor plan)

Notably, courts impose stringent deadlines on plaintiffs to produce the required PPF, authorizations and documents with the sanction of dismissal of their case for failure to comply with the deadlines. *See, e.g, In re Vioxx* PTO 18C at Par. 4 (providing that Defendants Liaison Counsel should issue a warning to Plaintiffs who "fail to provide complete and verified PPFs, signed and dated Authorizations and all responsive documents requested in the PPF with the time

periods set forth" and twenty days to cure the deficiency and that "[n]o other extensions will be granted."); *In re Phenylpropoanolamine Products Liability Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006) (holding dismissal of plaintiffs who failed to timely complete fact sheets was not an abuse of discretion).

***Third***, the Court should note that both *Vioxx* and *Drywall* involved plaintiffs with a uniform type of claim.   The injuries in *Vioxx* were a particular type of medical condition allegedly connected with the medication.   In *Drywall*, of course, the claims are confined to somewhat standardized damages caused by a specific type of building product.   In this MDL, by contrast, Defendants are confronted with diverse individual claims of earnings losses, personal injury, property damage and commercial claims of lost profits, property damage, all spread across several states and arising at different periods of time.   The types of plaintiffs range from commercial fisherman to owners of vacation property rentals to sophisticated businesses alleging lost revenues.   In short, this litigation presents complex damages issues.   The Court is well aware that "lost profits" and other types of claimed economic losses present complexity in accounting and proof.   An unsigned claim form with the deceptive simplicity proposed by Plaintiffs will fall far short of providing damages information sufficient to allow an informed judgment of which claimants may present a representative or helpful test case.[4]

***Fourth***, should the Court decide that "one page" means one side of one page, then Defendants wish to preserve their strong objection to this interpretation on grounds that such a form will yield no meaningful information, and Defendants suggest this alternative: that the PPF form be tailored to the particular types of claims and plaintiffs, e.g., a different PPF for an

---

[4]    Attached as Exhibits are PPFs from the Vioxx and Drywall litigation.

individual's loss of earnings claim, a business's lost profits claim, an individual's claim for property damage, a commercial enterprise's claim of lost revenue/profits or property damage, and so on. In this way, with separate forms particularized to different categories of losses, no "one size fits all" form will be necessary with its concomitant extra fields of information. For example, in *Chinese Drywall*, commercial and governmental entities filing suit were required to completed only the property information section of the PPF, and were then sent a follow up form at a later date, and separate profile forms were ordered for insurers, retailers, distributers and importer/exporters. Next, the PPF must be signed by the Plaintiff and it must be in compliance with FRCP 33(b)(3). Also, the PPF should have release forms attached, again signed by the Plaintiff, so that BP and GCCF will be authorized to release claims information regarding any submission that Plaintiff has already made. Finally, Plaintiffs should be required to attach to the PPF all documents substantiating their claims.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully submit that their proposed Plaintiff Profile Form be approved and required to be complete by Plaintiffs.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)

**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 31, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft

417652124.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL :      MDL NO. 2047
       PRODUCTS LIABILITY LITIGATION :      SECTION: L
                                         : 
                                         :      JUDGE FALLON
                                         :      MAG. JUDGE WILKINSON
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #12A**

       In this Court's Pretrial Order, dated August 24, 2009, the Court discussed the

development of the Distributor Profile Form.  From the proposals submitted by the parties, the

Court constructed the attached Distributor Profile Form.

       Accordingly, IT IS ORDERED that the attached Distributor Profile Form adopted by the

Court be distributed to the appropriate parties and returned to Defendants' Liaison Counsel,

Kerry Miller, on or before September 8, 2009.  The forms shall be returned either electronically

at kmiller@frilot.com, or in hard copy to Kerry Miller, Defendants' Liaison Counsel, Frilot

L.L.C., 1100 Poydras Street, Suite 3700, New Orleans, Louisiana 70163.

       New Orleans, Louisiana, this __24th__ day of August, 2009.

                              ELDON E. FALLON
                              UNITED STATES DISTRICT JUDGE

Attachments

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : MDL No. 2047 |
| PRODUCTS LIABILITY LITIGATION | : Section L |
| | : |
| | |
| This Document Relates to | : JUDGE FALLON |
| ALL CASES | : MAG. JUDGE WILKINSON |

---

**DISTRIBUTOR PROFILE FORM**

All Defendant Drywall Distributors must complete and submit this Defendant Distributors' Profile Form. Additionally, each Defendant Drywall Distributor must sign and date Exhibit A to the Defendant Distributors' Profile Form for each property owned, rented or occupied by persons who are named Plaintiffs in suits pending in the MDL.  The term "Chinese Drywall or Wallboard" encompasses all wallboard of Chinese origin or manufacture without reference to whether the particular wall board has been found to be defective.  If additional knowledge becomes known after completion, this Defendant Distributors' Profile Form must be supplemented.  If additional space is needed to answer any questions or complete your responses, additional pages may be attached.  The questions contained within this Profile Form are non-objectionable and shall be answered without objection.  By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.   Please print legibly or type your responses in English.

### I.       IDENTIFICATION AND CONTACT INFORMATION

A.      Distributor's Name:_____

B.      Distributor's Address: _____

C.      Website:_____

D.      Headquarters if Foreign: _____

E.      Address of USA Headquarters: _____

F.      Name of supervisor at USA Headquarters: _____

G.      Principal Place of Business in USA: _____

H.      Has Distributor operated under any other names from 2001 to 2009?  If so, please list and explain for each different locale.

_____

_____

_____

_____

_____

I.       Did Distributor also install Chinese Drywall?  If so, describe involvement as installer.

_____

_____

_____

_____

_____

_____

## II.   COUNSEL INFORMATION OF DEFENDANT DISTRIBUTOR

A.   Name:_____

B.   Address:_____

C.   Phone Number:_____

D.   Fax Number:_____

E.   E-Mail:_____

## III.   DISTRIBUTOR'S PURCHASE OF CHINESE DRYWALL

For each purchase of Chinese Drywall between 2001 and 2009, please describe all sources from which Distributor purchased Chinese drywall, including manufacturers, exporters, importers, other distributors, sales agents, and/or sales brokers.  Attach additional sheets as necessary.

A.   Source:_____

    1.   Name of Chinese Drywall Manufacturer, if known:

        _____

        _____

        _____

    2.   Address of Chinese Drywall Manufacturer, if known:

        _____

    3.   Name of Chinese Drywall Product, if known:

        _____

    4.   Dates of purchase(s): _____

    5.   Total Volume of received Chinese Drywall product:

        _____

    6.   Identify any markings on the Chinese Drywall product (e.g., lot number, batch number, serial number, color markings, UPC codes, etc.):

        _____

    7.   List all trademarks of the product, if known:

        _____

8.   The name and address of any importer, exporter, purchasing agent, or sales broker involved or referenced in any way with respect to your purchases of Chinese Drywall:

_____

9.   If known, prior to your receipt of or taking title to the Chinese Drywall, if any of your Chinese drywall was stored at any time by or for you at any location, identify the following:

Name of entity providing storage:        _____

Address of entity providing storage:      _____

Dates product was stored:
____/____/_____ (Month / Day / Year)  to  ____/____/_____ (Month / Day / Year)

Quantity of product stored: _____

Price paid for storage: _____

Name of contact person at storage facility: _____

Phone number:_____

Email address: _____

List any complaints made or received regarding storage of the product:

_____

## IV.   DISTRIBUTOR'S ABILITY TO TRACK SHIPMENTS

Please state whether you are able to track the distribution of Chinese drywall? If yes, provide names and/or entities of those to whom you supplied Chinese drywall.  If you cannot track the distribution of Chinese drywall, please provide a description of your distribution process, including a description of database accessibility of this information, and the name and address of the person or persons with knowledge of the same:

_____

_____

_____

_____

_____

_____

_____

## V.   INSURANCE

A.   Identify all policies of insurance, including all CGL, Product Liability, Builder's Risk, D&O and Excess insurance policies relating to claims.[1]

    1.   For each policy, identify the following:

        Insurer: _____

        Dates policy in effect:

        ____/____/_____ (Month / Day / Year)  to  ____/____/_____ (Month / Day / Year)

        Policy Number:_____

        Type of Policy:        _____

        Insurance Agent      _____

        Policy Coverage Limits   _____

### CERTIFICATION

    I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Defendant Manufacturers' Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent that such documents are in my possession, custody or control.

_____

Date

_____

Entity

By: _____

Its:_____

---

[1] Listing policies does not purport to represent coverage status.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL          : MDL No. 2047
PRODUCTS LIABILITY LITIGATION                : Section L
                                             :
_____      : JUDGE FALLON
This Document Relates to                      : MAG. JUDGE WILKINSON
ALL CASES

---

**EXHIBIT A**
**DEFENDANT DISTRIBUTOR PROPERTY SPECIFIC DISCLOSURE FORM**

Each Defendant Drywall Distributor must complete and sign a separate Exhibit A for each individual named Plaintiff with an action pending in the MDL Federal Court proceeding. The term "Chinese Drywall or Wallboard" encompasses all wallboard of Chinese origin or manufacturer without reference to whether the particular wallboard has been bound to be defective. If additional knowledge becomes known after completion, this Defendant Distributors' Profile Form must be supplemented. If additional space is needed to answer any questions or complete your responses, additional pages may be attached. In addition, if any attachments or documents are provided in response to any question, please identify the specific question within this Defendant Distributors' Profile Form that relates to the specific attachment or document. The questions contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law. Please print legibly or type your responses in English.

I.   **INFORMATION ON NAMED PLAINTIFF PROPERTY OWNER, RENTER OR**
     **OCCUPANT (to be provided by Plaintiff, after which Defendant Distributor will have fifteen**
     **(15) days to return this form)**

     A.   Name_____

     B.   Address of Affected Property:_____

     C.   MDL Case Docket No._____


II.  **INFORMATION ON SPECIFIC PROPERTIES**

     A.   For each property identified in Section I above, answer the following:

          1.   Do you have any contracts or agreements concerning Chinese Drywall contained in the
               Property? Yes _____ No _____
          2.   Did you issue any warranties for any Chinese drywall which may have been supplied?
               Yes_____ No_____ Don't know _____

*A.*              *3.*     *Have you performed any inspection(s), testing or analysis of the Plaintiff's*
                 *property?*

B.                *Yes _____ No _____*

C.                       *If yes, provide the following information:*

                      D.       *Who performed the inspection, testing or analysis?*
                        _____

E.                       *When was the inspection, testing or analysis?*

F.                             _____

                      G.      *Did the inspection, testing or analysis confirm the presence of Chinese Drywall in this property?*

H.                       *Yes ____ No ____*

                      I.       *As a result of the inspection, were you able to make a determination of the amount and/or percentage of Chinese drywall contained in the subject property?  Yes ____ No _____*

                      J.       *If yes, what amount or percentage of Chinese Drywall was found?_____*

K.                4.       *Are you able to determine any of the following information for the subject property:*

L.                        *a.     Manufacturer(s) of the Chinese Drywall_____*

               M.                   *b.     Importer/Distributor into the US*

               N.                   _____

               O.                   *c.     Builder/Developer*

               P.                   _____

               Q.                   *d.     Installer/Contractor*

                      R.     _____

S.

T.                5.       *Have any samples of Chinese drywall been taken from the Plaintiff's property?*

U.                       *Yes _____ No _____*

V.                       *If yes, provide the following information:*

                      W.     *Name and address of entity that has possession of the samples:*
                       _____

X.          6.    *Have any written statements been taken in connection with Plaintiff's property or claim?*

  Y.          *Yes _____    No _____*

Z.          *If yes, provide the following information:*

Who provided the statement?

_____

AA.

BB.    C*ERTIFICATION*

CC.          *I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Defendant Manufacturers' Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent that such documents are in my possession, custody or control.*

_____

Date

    Entity _____

    By:_____

    Its:_____

Plaintiff Profile Form - Residential Properties

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

| For Internal Use Only |
|---|
| _____ |
| File Number |
| |
| Date Received |

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected address.  In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge.  If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known.  You must supplement your responses if you learn they are incomplete or incorrect in any material respect.  You may and should consult with your attorney if you have any questions regarding completion of this form.  If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection.  By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges.  Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary.  All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

---

**Section I. Property Information**

Name Property Owner _____

Address of Affected Property _____

_____

_____

Is this Property:*      Residential          Commercial          Governmental

Name of Person Completing this Form _____

Is above your primary residence?          Yes     No

Mailing Address (if different) _____

_____

_____

Phone: ( ____ ) ____ - ____

\* If your response is commercial or governmental you should not fill out the remaining questions, you will receive a follow up form at a later date.

Circle one:          Owner-Occupant          Owner Only          Renter-Occupant

Represented By: _____

Address: _____

_____

_____

Phone: ( ____ ) ____ - ____

Case No. /Docket Info: _____

---

**Section II. Insurance Information**

Homeowner/ Renter Insurer: _____

Policy #: _____

Agent: _____

Address: _____

_____

_____

Phone: ( ____ ) ____ - ____

**+ Attach Copy of  Insurance Declaration Page**

---

**Section III. Claimant Information**

| Name of Claimant | Dates Occupied | | Gender | Date of Birth | Are you claiming personal injuries?* | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| | Move-in | Leave | | | Circle One | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |
| | / / | / / | M / F | / / | Yes     No | |

\* Personal injuries include claims for mental anguish and medical monitoring.

Plaintiff Profile Form - Residential Properties

### Section IV. Inspection Information

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?          Yes          No

    1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection?    _____

      1.2. When did the inspection take place?          /   /

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?          Yes          No

    2.1. If "Yes" to Question 2.0. Section IV. Who made this determination?    _____

      2.2. When was this determination made?          /   /

### Section V. Drywall Information

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

### Section VI. Home Information

| | | Yes | No |
|---|---|---|---|
| Approx. Sq. Ft. of House: | | | |
| Estimated Sq. Ft. of Drywall | Occupied | | |
| Height of Interior Walls | Year-round | | |
| Number of Bedrooms: | Summer | | |
| Number of Bathrooms: | Winter | | |

#### Plumbing System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | | | |
| Copper Piping | | | |
| Copper Fixtures | | | |
| Other Fixtures | | | |
| Were repairs made to the plumbing system? | | | |
| Dates: | | | |

#### Electrical System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | | | |
| Switches | | | |
| Main Panel | | | |
| 2nd Panel | | | |
| Exposed Copper Wires | | | |
| Were repairs made to the electrical system? | | | |
| Dates: | | | |

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper

### Section VII. Construction/Renovation Information

**Date Range for New Home Construction: (Month/Day/Year)**

| Start Date: | /   / | Completion Date | /   / |
|---|---|---|---|
| Move In Date: | /   / | Date Acquired Home | /   / |

**Date Range for Renovations: (Month/Day/Year)**

| Start Date: | /   / | Completion Date | /   / |
|---|---|---|---|
| Move In Date: | /   / | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | | | |
| First Floor: Full Wall of drywall replaced | | | |
| Second Floor: Any drywall replaced | | | |

### Section VIII. Homebuilder/ General Contractor/ Developer Information

Homebuilder/ General Contractor/ Developer's Name:    _____

Address:    _____
    _____
    _____

Phone:    (         )         -

+ Attach Copy of Construction/Renovation Contract

+ Attach Copy of New Home Warranty Declaration

### Section IX. Drywall Installer

Drywall Installer's Name:    _____

Address:    _____
    _____
    _____

Phone:    (         )         -

### Section X. Drywall Supplier

Drywall Supplier's Name:    _____

Address:    _____
    _____
    _____

Phone:    (         )         -

Plaintiff Profile Form - Residential Properties

---

***Section XI. Verification of Plaintiff Profile Form***

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
|---|---|---|---|
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |