UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | |
|     "DEEPWATER HORIZON" IN THE | * | MDL NO. 2179 |
|     GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | |
| | * | SECTION J |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE BARBIER |
| ALL CASES | * | MAG. JUDGE SHUSHAN |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING INAPPLICABILITY OF LIABILITY CAP
UNDER THE OIL POLLUTION ACT**</u>

    Plaintiffs respectfully submit the following Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment regarding the Liability Cap under the Oil Pollution Act:

**MAY IT PLEASE THE COURT:**

    BP Exploration & Production Inc., the designated responsible party, has unequivocally pledged to "waive the statutory limitation on liability under OPA [the Oil

1

Pollution Act of 1990]."[1]  In light of this judicial confession, there exists no dispute of material fact as to whether the statutory liability cap provided in 33 U.S.C. §2704(a)-(b) should apply to any BP Defendant, and, accordingly, Plaintiffs are entitled to a grant of partial summary judgment with respect to the inapplicability of this statutory cap as to all BP Defendants.  Plaintiffs explicitly request that this Court grant their motion for partial summary judgment with respect to all actions against BP Exploration & Production or any other BP entity transferred to and/or consolidated in this district pursuant to the Judicial Panel on Multidistrict Litigation's transfer order of August 10, 2010,[2] and/or any litigation arising out of the April 20, 2010, casualty and related oil spill.

I.  **Plaintiffs are entitled to a grant of partial summary judgment with respect to BP's waiver of the liability cap under OPA.**

Summary judgment is appropriate "if the pleadings, the discovery, and disclosure materials on file . . . show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  A party may be granted summary judgment with respect to "all or part of the claim."[4]  The principal purpose of the summary judgment rule is to "isolate and dispose of factually unsupported . . . claims and defenses."[5]  Rule 56 "mandates the entry of summary judgment . . . against a party who

---

[1] STATEMENT [Doc 559] (Oct. 18, 2010) (Exhibit "A").
[2] *See* DOC 1, (Aug. 10, 2010).
[3] FED. R. CIV. P. 56(c)(2).
[4] FED. R. CIV. P. 56(a).
[5] *Celotex Co. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986).

fails to make sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial."[6]

Similarly, "[s]ummary judgment is not a 'disfavored procedural shortcut,' but rather an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'"[7] The movant bears the initial responsibility of identifying the basis for its motion and the parts of the record that support its claim that no such genuine issue of material fact exists.[8]

Once the moving party satisfies its initial burden, the burden then shifts to the non-moving party to demonstrate that the court should not grant summary judgment.[9] To do so, the non-moving party must "go beyond the pleadings" to identify specific facts that establish a genuine issue for trial.[10] Rule 56 expressly requires as much, stating as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.[11]

Indeed, it is established that "[t]he non-movant may not rely upon the theoretical possibility that its claim is valid."[12] Rather, a party opposing a motion for summary

---

[6] *Id,* 477 U.S. at 322; *Moore v. Miss. Valley St. Univ..* 871 F.2d 545, 549 (5th Cir. 1989).
[7] *Ragas v. Tenn Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Celotex*, 477 U.S. at 327 (1986)).
[8] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999).
[9] *Ragas*, 136 F.3d at 458.
[10] *Celotex*, 477 U.S. at 324.
[11] FED. R. CIV. P. 56(e)(2).
[12] *Pennington v. Vistron Corp.*, 876 F.2d 414, 426 (5th Cir. 1989).

judgment must present "significant probative evidence" to defeat the motion.[13] If the non-moving party submits evidence that is "merely colorable" or "not significantly probative," or establishes only a "metaphysical doubt," the movant is entitled to summary judgment.[14]

## II. Plaintiffs are entitled to summary judgment with respect to BP's deliberate waiver of OPA's liability cap.

BP has represented that it will pay "all legitimate claims" arising out of the *Deepwater Horizon* oil spill. At a status conference on October 15, 2010, this Court inquired whether BP may later contend that this promise was subject to the $75 million liability cap contained within Section 2704(a)(3) of the Oil Pollution Act of 1990 ("OPA").[15] At that time, Counsel for BP failed to definitively indicate whether BP would invoke this statutory cap on liability, and in response, this Court directed BP to "advise the court and all counsel in writing by OCTOBER 22, 2010 as to whether BP formally waives the $75 million OPA damages cap."[16]

In response, BP Exploration & Production filed a "Statement of BP Exploration & Production Inc. Re [sic] Applicability of Limit of Liability under Oil Pollution Act of

---

[13] *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994) (quotation omitted).
[14] *Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000); *Skyline Air Serv. Inc. v. G.L. Capps Co.*, 916 F.2d 977, 980 (5th Cir. 1990) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).
[15] 33 U.S.C. § 2704(a)(3).
[16] DOC 565, filed October 15, 2010 (emphasis in original).

1990" (the "Statement") on October 18, 2010.[17] In the Statement, BP reiterated its prior representations that BP "would pay all legitimate claims, regardless of the OPA statutory limit of liability."[18] It further noted, "BP already has paid claims many times over the OPA limit and will live up to its public commitment to pay all legitimate claims made in connection with the *Deepwater Horizon* incident and the resulting oil spill."[19] Furthermore, BP expressly stated that it "has **chosen to waive the statutory limitation on liability under OPA**."[20] BP further reiterated its pledge to pay "**all** legitimate claims," regardless of whether other Responsible Parties elect to "likewise . . . unequivocally waive their respective rights to invoke the limits."[21]

The toothpaste cannot go back into the tube; BP cannot renege upon this pledge to the citizens and businesses of the Gulf Coast. The language used by BP constitutes an unequivocal and binding statement of BP Exploration & Production Inc.'s intent to waive the liability cap provided by Article 2704(a)(3). Under the law of this circuit, "a judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."[22] Such an admission

---

[17] *See,* Exhibit A.
[18] *Id.*, at ¶ 2.
[19] *Id.*
[20] *Id.* (emphasis added).
[21] *Id.*, at ¶¶ 3-4 (emphasis added).
[22] *Martinez v. Bally's of Louisiana, Inc.*, 244 F.3d 474, 476.

is "conclusive" and cannot be subsequently controverted or negated by the party making the admission.[23]

The clear and unequivocal declaration in the Statement that BP "has chosen to waive the statutory limitation on liability under OPA," in response to a direct inquiry from this Court as to that very question, constitutes a textbook example of a judicial admission. In effect, a defendant's written assertion that it will waive a statutory cap on liability constitutes the flip side of the more common situation where a plaintiff unequivocally stipulates that its claims do not exceed the jurisdictional threshold — such a declaration is treated as a binding judicial admission.[24]

Much as a plaintiff can choose to waive its right to assert a claim, a defendant such as BP Exploration & Production can waive the right to invoke defenses that may limit their liability.[25] Waiver is "'generally understood to be the intentional relinquishment of a known existing legal right.' For waiver to occur, there must be an existing right, knowledge of its existence, and either an actual intention to relinquish that right or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished."[26] Plainly, these circumstances are satisfied here: BP was unquestionably aware of its right to invoke the damages cap under OPA, as it expressly cited the relevant statutory subsection in its Statement. Nonetheless,

---

[23] *Id.* (citing *Keller v. U.S*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995) (quoting JOHN WILLIAM STRONG, MCCORMICK ON EVIDENCE, §254 at 142 (1992))).

[24] *See, e.g., Blouin v. Shell Oil Co.*, No. 92-3847, 1993 WL 62404 (E.D. La. 3/2/93) (Arceneaux, J.) (citing *LeBlanc v. Kansas City Southern R. Co.*,752 F.Supp. 1302 (M.D. La. 1990).

[25] *See*, *N. Am. Specialty Ins. Co. v. Debis Financial Servs., Inc.*, 513 F.3d 466 (5th Cir. 2007) (holding that defendant waived right to raise defense of unseaworthiness).

[26] *Id.* (quoting *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1175 (5th Cir. 1992)).

it unambiguously elected to "waive the statutory limit of liability."[27]  In light of this unequivocal assertion, no further inquiry is necessary.  While BP Exploration & Production is the "responsible party" designated under OPA, and has waived the applicable cap on liability, the other BP entities, who are not designated OPA responsible parties, can <u>not</u> invoke the cap in the first instance.  Thus, all BP Defendants have unambiguously waived the limitation on liability available under OPA, and they should be precluded from attempting to back down from this promise at a later date.  As there is no dispute of material fact with respect to the waiver of the liability cap, a grant of partial summary judgment on this issue is not only appropriate, but necessary.

### III. Conclusion.

For the reasons set forth above, Plaintiffs are entitled to a grant of partial summary judgment with respect to the inapplicability of OPA's damages cap as to all BP Defendants.

This <u>1</u>[st] day of <u>November</u>, <u>2010</u>.

Respectfully submitted,

| | |
|---|---|
| ___/s/   Stephen J. Herman_____ | ___/s/ James Parkerson Roy_____ |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |

---

[27]  *See,* Exhibit A, at ¶2.

Fax No. (504) 569-6024  
E-Mail: sherman@hhkc.com

Fax No. (337) 233-2796  
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel*

*Plaintiffs Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office: (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY 10003<br>Office: (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail: rgreenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office: (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office: (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail: rhon.jones@beasleyallen.com |
| Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Office: (415) 956-1000<br>Telefax: (415) 956-1008<br>E-Mail: ecabraser@lchb.com | Matthew E. Lundy<br>LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, LA 70601<br>Office: (337) 439-0707<br>Telefax: (337) 439-1029<br>E-Mail: mlundy@lundylawllp.com |
| Philip F. Cossich, Jr.<br>COSSICH, SUMICH, PARSIOLA & TAYLOR<br>8397 Highway 23, Suite 100<br>Belle Chasse, LA 70037<br>Office: (504) 394-9000<br>Telefax: (504) 394-9110<br>E-Mail: pcossich@cossichlaw.com | Michael C. Palmintier<br>deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'<br>618 Main Street<br>Baton Rouge, LA 70801-1910<br>Office: (225) 344-3735<br>Telefax: (225) 344-0522<br>E-Mail: mpalmintier@dphf-law.com |
| Robert T. Cunningham<br>CUNNINGHAM BOUNDS, LLC<br>1601 Dauphin Street, P. O. Box 66705<br>Mobile, AL 36660<br>Office: (251) 471-6191<br>Telefax: (251) 479-1031 | Paul M. Sterbcow<br>LEWIS, KULLMAN, STERBCOW & ABRAMSON<br>601 Poydras Street, Suite 2615<br>New Orleans, LA 70130<br>Office: (504) 588-1500<br>Telefax: (504) 588-1514 |

| | |
|---|---|
| E-Mail: rtc@cunninghambounds.com<br><br>Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail: mike@mikespy.com<br><br>Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA 70726<br>Office: (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail: calvinfayard@fayardlaw.com<br><br>Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail: ervin@colson.com | E-Mail: sterbcow@lksalaw.com<br><br>Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219<br>Office: (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail: ssummy@baronbudd.com<br><br>Mikal C. Watts (PSC)<br>WATTS GUERRA CRAFT, LLP<br>Four Dominion Drive, Building 3, Suite 100<br>San Antonio, TX 78257<br>Office: (210) 447-0500<br>Telefax: (210) 447-0501<br>E-Mail: mcwatts@wgclawfirm.com |

**JAMES N. GARNER**, Bar No. 19589
**TIMOTHY B. FRANCIS**, Bar No. 14973
**JOSHUA S. FORCE**, Bar No. 21975
**SHONDRA R. WILLIAMS**, Bar No. 28809
**EMMA ELIZABETH ANTIN DASCHBACH**, Bar No. 27358
**Sher Garner Cahill Richter Klein & Hilbert, LLC**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
E-Mail: jgarner@shergarner.com

*On Brief.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of November, 2010.

/s/  James Parkerson Roy and Stephen J. Herman