# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | : MDL NO. 2179<br>:<br>:<br>:<br>: SECTION: J<br>:<br>:<br>:<br>: JUDGE BARBIER<br>: MAG. JUDGE SHUSHAN<br>: |

## STATEMENT OF BP EXPLORATION & PRODUCTION INC. RE APPLICABILITY OF LIMIT OF LIABLITY UNDER OIL POLLUTION ACT OF 1990

Defendant BP Exploration & Production Inc. ("BP") submits the following statement in response to the Court's inquiry at the Status Conference on October 15, 2010 regarding the applicability of the $75 million limit of liability under the Oil Pollution Act, 33 U.S.C. § 2704(a)(3).

1. Under the Oil Pollution Act of 1990, BP Exploration & Production Inc. is one of the several "Responsible Parties" in connection with the *Deepwater Horizon* incident and the resulting oil spill. Subject to limited statutory exceptions, a Responsible Party has a statutory limit of liability under OPA. 33 U.S.C. § 2704(a)-(b).

2. BP consistently has said it would pay all legitimate claims, regardless of the OPA statutory limit of liability. To this end, BP already has paid claims many times over the OPA limit and will live up to its public commitment to pay all legitimate claims made in connection with the *Deepwater Horizon* incident and the resulting oil spill. Accordingly, BP has chosen to waive the statutory limitation on liability under OPA; however, by making this statement, BP and its affiliates are not admitting anything about their conduct and, indeed, specifically deny

117807908.

EXHIBIT A

that they have engaged in any gross negligence in connection with the *Deepwater Horizon* incident and the resulting oil spill.

3. There are other Responsible Parties in connection with the *Deepwater Horizon* incident and the resulting oil spill, including Transocean Holdings LLC, Anadarko Petroleum Corporation, and MOEX Offshore 2007 LLC. These other responsible parties have not expressly waived their rights to invoke OPA's statutory limits on liability that result from the incident to the individuals and businesses who have been harmed. But BP urges them likewise to unequivocally waive their respective rights to invoke the limits.

4. Even if other Responsible Parties refuse to make such a commitment, it will not affect BP's pledge to step forward in the first instance to pay all legitimate claims in an efficient and fair manner.

5. BP reserves the right to seek reimbursement or contribution from other Responsible Parties and third parties for claims, costs, expenses, and liabilities arising out of the *Deepwater Horizon* incident and the resulting oil spill.

Dated: October 19, 2010          Respectfully submitted,

By: /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
(dkhaycraft@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkjarrett@liskow.com)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000

**Attorneys for BP Exploration & Production Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

                              /s/ Don K. Haycraft
                              Don K. Haycraft