UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION J JUDGE BARBIER |
| This document relates to: ALL ACTIONS | * | MAG. JUDGE SHUSHAN |

**************************************

PRETRIAL ORDER NO. 14

[Governing the Treatment of Privileged and Work Product Materials]

This Order, entered pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 502(d), shall govern the treatment of all privileged or work product materials in MDL 2179. This Order applies equally to all parties, who for the purposes below shall be designated as either the "Producing Party" or the "Receiving Party."

**Privilege Log Production**

1.	Any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data. For administrative purposes, an e-mail thread contained within a single document need only be recorded

once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.

2. Privilege log identification is not required for post-April 20, 2010 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party. In addition, neither communications between or among counsel for Plaintiffs nor communications between or among counsel for Defendants are required to be identified on the Producing Party's privilege log.

3. The Producing Party will provide Receiving Parties with its initial privilege logs relating to its first productions made in response to PLAINTIFFS' OMNIBUS DISCOVERY REQUESTS ON ALL DEFENDANTS on or before December 31, 2010, and the INITIAL WRITTEN DISCOVERY REQUESTS RELATED TO THE CASUALTY, SPILL AND LIMITATIONS ISSUES, as set out in Case Management Order No. 1, on or before January 21, 2011. Thereafter, the Producing Party shall produce supplemental privilege logs no later than fifteen (15) business days after withholding additional documents pursuant to a claim of privilege, but in any event the Producing Party is not required to produce supplemental privilege logs any earlier than January 21, 2011. For each document for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

    a. a statement of the ground(s) alleged for withholding such document;

    b. the date of the document or communication;

    c. the identity of its author and signatories and to whom it was sent;

    d. whether the asserted privilege(s) also applies to any attachments;

    e. an indication of all authors, signatories or recipients of the document who are attorneys;

    f. a statement as to whether the entire document has been redacted/withheld or only a portion has been redacted, and the bates number of the redacted document; and

    g. a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim.

4. Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be: (i) produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (ii) listed on the privilege log to be provided pursuant to Paragraph 1 above.

5. To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, unredacted copies of all documents for which there is a disputed claim of privilege.

**<u>Inadvertent Production of Privileged Materials</u>**

6. In the event that a Producing Party claims that it inadvertently failed to designate any production materials or other information as privileged or work product

materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials, and consistent with Paragraph 5 herein, upon request by the Court, submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege and claims were inadvertently produced.

7. Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s), shall immediately sequester all copies of the document(s), pending Court resolution of the challenge and shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim.  The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

8. If the Receiving Party does not intend to challenge the designation of the document(s), consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials, and return or destroy all copies of the subject materials.

    a. Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to

any exemption from production, the Producing Party shall promptly provide replacement production media to the Receiving Party.

9. The inadvertent production by any Producing Party, whether in this Action or in any other proceedings, of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter. Nor shall the fact of an inadvertent production by any Producing Party in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.

10. Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be an inadvertently produced privileged document, then counsel for the Receiving Party shall immediately: (i) cease any further review of that document; and (ii) notify the Producing Party of the apparent inadvertent production, requesting whether the Producing Party intended for the document to be produced. In the event the Producing Party confirms the inadvertent production of the privileged document, the Receiving Party shall (i) promptly return or destroy all copies of the inadvertently produced privileged document in its possession and

(ii) take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties.

ORDERED AND ADJUDGED this  3rd  day of November, 2010.

                                              U.S. DISTRICT JUDGE
                                              CARL J. BARBIER