# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 10-cv-816 (TFH) |
| ) | |
| **KEN SALAZAR,** United States Secretary of ) | |
| the Interior, *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is Chevron U.S.A. Inc.'s ("Chevron") Motion for Leave to Intervene as Defendant. Dkt. # 34. The Court shall assume familiarity with the background of this case, as summarized in the Court's July 22, 2010 Order granting the motion of American Petroleum Institute ("API"), the Independent Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors (collectively, the "Associations") to intervene as defendants. Dkt. # 17. Chevron claims that it should now be allowed to intervene as a defendant pursuant to Fed. R. Civ. P. 24 either as a matter of right or with the permission of the Court. Plaintiff opposes the motion, arguing that the Associations adequately represent Chevron's interests. Upon careful consideration of the motion, the opposition thereto, and the record of this case, the motion is **GRANTED** for the reasons stated herein.

"Parsing the language of . . . [Rule 24, the D.C. Circuit has] held that qualification for intervention as of right depends on the following four factors: (1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action

may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.' *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). The Court further follows the D.C. Circuit's opinion in *Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986), which directs that the burden on the party seeking intervention to demonstrate inadequate representation "is not onerous" and requires only a showing "that representation of [the party's] interest 'may be' inadequate, not that representation will in fact be inadequate." *Id.* at 192 (citations omitted). The Court finds that the Motion is timely and that because Chevron has hundreds of leases related to oil drilling and exploration in the Gulf of Mexico–many of them granted under the U.S. government's current leasing plan–whose status may be affected by this litigation that the second and third factors are also satisfied. Regarding the fourth factor, the parties contest whether the Associations adequately represent Chevron's interests.

Chevron claims that the Associations (including API of which it is a member) may inadequately represent its interests because the majority of Chevron's Gulf leases are deepwater leases and many of the Associations' members have no or few deepwater assets. Reply at 7. Plaintiff does not dispute the premise of Chevron's argument, i.e. that deepwater assets may be treated differently than shallow-water assets in any regulatory revision triggered by this litigation. Instead plaintiff argues that because API's purpose "is to represent its members' interests, including through intervention in litigation" (Pl. Opp'n at 2) then it follows that "a large and powerful" company like Chevron can effectively advance its views through API. *Id.* at 7. What Chevron asserts therefore is "not a difference of interest; it is a difference of degree." *Id.* at 5.

Plaintiff mainly relies on *Environmental Defense Fund, Inc. v. Costle*, 79 F.R.D. 235

2

(D.D.C. 1978). In that case, Plaintiffs challenged salinity control standards for the Colorado River. The court denied an individual utility company's motion to intervene because the existing state defendants adequately represented its interests. But in that case the court also found that the "[i]ndividual interests such as those [the company sought] to advance [were] largely irrelevant." *Id.* at 243. Here, API's and Chevron's interests plainly overlap. But API has other "large and powerful" members, apparently with different types of assets in the Gulf than does Chevron, and the Court expects such members to advocate their interests within that organization just as vigorously as Chevron will. Further, it has not been demonstrated that Chevron has any special abilities to control API litigation strategy or that other companies focused on deepwater assets would effectively control such strategy. The Court cannot therefore say that Chevron's focus on deepwater assets in this case is irrelevant.

The Court finds that Chevron has met the burden of showing that its interests "may be" inadequately represented by the present defendants and intervenor Associations. Thus, Chevron's motion to intervene as a defendant as a matter of right is granted.

**SO ORDERED**.

November 2, 2010    /s/ *Thomas F. Hogan*
                       Thomas F. Hogan