IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:  OIL SPILL by the OIL RIG<br>         "DEEPWATER HORIZON" in the<br>         GULF OF MEXICO, on April 20, 2010<br><br>This Document Relates to:<br>Civil No. 2:10-cv-01497 | MDL No. 2179<br><br>Section "J"<br><br>Judge Barbier<br>Magistrate Judge Shushan |

**SUPPLEMENT TO MOTION FOR LEAVE
TO INTERVENE OF CHEVRON U.S.A., INC.**

Chevron U.S.A., Inc. ("Chevron") files this Supplement to its Motion for Leave to Intervene (MDL Doc. 100) to call the Court's attention to orders granting Chevron leave to intervene in two cases arising out of the *Deepwater Horizon* incident that involve similar parties and raise similar issues as this one.

On November 2, 2010, the United States District Court for the District of Columbia granted Chevron's motion for leave to intervene in *Center for Biological Diversity v. Ken Salazar et al.*, Cause No. 10-cv-816. *See* Order (Nov. 2, 2010) (Hogan, J.) (attached as Exhibit 1). Over the objections of the Center for Biological Diversity, which contended that Chevron's interests were adequately represented by other parties, the court held that Chevron was entitled to intervene as a matter of right. The court found that Chevron readily satisfied the first three factors for intervention as of right (timeliness, interest in the action, and potential for the lawsuit to affect that interest) and focused its opinion on whether existing parties — namely, the same industry trade groups that have intervened in this action — could adequately represent Chevron's interest. The court then found that because the trade associations may not be able to adequately

1

represent Chevron's interest, Chevron was entitled to intervene as a matter of right.  *See id.* at 2–3.

That decision is consistent with an earlier decision, entered on October 6, 2010, by the United States District Court for the Eastern District of Louisiana granting Chevron's motion for leave to intervene in *Natural Resources Defense Council, Inc. et al. v. Kenneth Salazar, et al.*, Cause No. 10-cv-1882.  *See* Order on Motion (Oct. 6, 2010) (Wilkinson, J.) (attached as Exhibit 2).  The court there likewise found that no other party — including the trade associations who have intervened in this action — adequately represented Chevron's interests.  *Id.* at 2.  According to the Court, Chevron's proposed intervention "clearly qualifie[d]" for permissive intervention, and also satisfied the requirements for intervention as a matter of right.  *Id.*

For the reasons set out in the orders described above, and as more fully explained in Chevron's Memorandum in Support of its Motion for Leave to Intervene, Chevron respectfully requests that the Court grant Chevron leave to intervene in this action.

Respectfully submitted,

/s/ Reginald R. Smith
Reginald R. Smith
Tracey M. Robertson
KING & SPALDING LLP
1100 Louisiana Street, Suite 4000
Houston, Texas  77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Charles J. Engel, III
Ashley C. Parrish
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

3

Meredith P. Young
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Counsel for Chevron U.S.A. Inc.*