# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 10-cv-816 (TFH) |
| ) | |
| **KEN SALAZAR,** United States Secretary of ) | |
| the Interior, *et al.* ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Pending before the Court is Chevron U.S.A. Inc.'s ("Chevron") Motion for Leave to Intervene as Defendant. Dkt. # 34. The Court shall assume familiarity with the background of this case, as summarized in the Court's July 22, 2010 Order granting the motion of American Petroleum Institute ("API"), the Independent Petroleum Association of America, the U.S. Oil & Gas Association, and the International Association of Drilling Contractors (collectively, the "Associations") to intervene as defendants. Dkt. # 17. Chevron claims that it should now be allowed to intervene as a defendant pursuant to Fed. R. Civ. P. 24 either as a matter of right or with the permission of the Court. Plaintiff opposes the motion, arguing that the Associations adequately represent Chevron's interests. Upon careful consideration of the motion, the opposition thereto, and the record of this case, the motion is **GRANTED** for the reasons stated herein.

"Parsing the language of . . . [Rule 24, the D.C. Circuit has] held that qualification for intervention as of right depends on the following four factors: (1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action

may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.' *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). The Court further follows the D.C. Circuit's opinion in *Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986), which directs that the burden on the party seeking intervention to demonstrate inadequate representation "is not onerous" and requires only a showing "that representation of [the party's] interest 'may be' inadequate, not that representation will in fact be inadequate." *Id.* at 192 (citations omitted). The Court finds that the Motion is timely and that because Chevron has hundreds of leases related to oil drilling and exploration in the Gulf of Mexico–many of them granted under the U.S. government's current leasing plan–whose status may be affected by this litigation that the second and third factors are also satisfied. Regarding the fourth factor, the parties contest whether the Associations adequately represent Chevron's interests.

Chevron claims that the Associations (including API of which it is a member) may inadequately represent its interests because the majority of Chevron's Gulf leases are deepwater leases and many of the Associations' members have no or few deepwater assets. Reply at 7. Plaintiff does not dispute the premise of Chevron's argument, i.e. that deepwater assets may be treated differently than shallow-water assets in any regulatory revision triggered by this litigation. Instead plaintiff argues that because API's purpose "is to represent its members' interests, including through intervention in litigation" (Pl. Opp'n at 2) then it follows that "a large and powerful" company like Chevron can effectively advance its views through API. *Id.* at 7. What Chevron asserts therefore is "not a difference of interest; it is a difference of degree." *Id.* at 5.

Plaintiff mainly relies on *Environmental Defense Fund, Inc. v. Costle*, 79 F.R.D. 235

2

(D.D.C. 1978).  In that case, Plaintiffs challenged salinity control standards for the Colorado River.  The court denied an individual utility company's motion to intervene because the existing state defendants adequately represented its interests.  But in that case the court also found that the "[i]ndividual interests such as those [the company sought] to advance [were] largely irrelevant." *Id.* at 243.  Here, API's and Chevron's interests plainly overlap.  But API has other "large and powerful" members, apparently with different types of assets in the Gulf than does Chevron, and the Court expects such members to advocate their interests within that organization just as vigorously as Chevron will.  Further, it has not been demonstrated that Chevron has any special abilities to control API litigation strategy or that other companies focused on deepwater assets would effectively control such strategy.  The Court cannot therefore say that Chevron's focus on deepwater assets in this case is irrelevant.

The Court finds that Chevron has met the burden of showing that its interests "may be" inadequately represented by the present defendants and intervenor Associations.  Thus, Chevron's motion to intervene as a defendant as a matter of right is granted.

**SO ORDERED**.

November 2, 2010                                  */s/ Thomas F. Hogan*
                                                        Thomas F. Hogan

3

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1882 |
| KENNETH SALAZAR, SECRETARY OF THE U.S. DEPARTMENT OF INTERIOR ET AL. | SECTION "A" (2) |

## ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Chevron U.S.A., Inc.'s Motion for Leave to Intervene as Defendant, Record Doc. No. 37, set for hearing on October 6, 2010 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED.

The proposed intervenor argues that it is entitled to intervene as of right, or alternatively, permissively, under Fed. R. Civ. P. 24. As to intervention of right, Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

> matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted); Ross, 426 F.3d at 753; Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002); Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001); Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir. 1996); Espy, 18 F.3d at 1204-05, 1207 (quoting Piambino v. Bailey, 610 F.3d 1306, 1321 (5th Cir. 1980)).

As to permissive intervention, Fed. R. Civ. P. 24(b) provides in pertinent part:

> (1)  In General.  On timely motion, the court may permit anyone to intervene who:
> >   (A) is given a conditional right to intervene by a federal statute; or
> >   (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> \* \* \*
>
> (3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).  "Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'"  Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005) (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

On its face, the proposed intervention clearly qualifies as a permissive intervention, since it shares common issues of law and fact with the main case.  Moreover, particularly in the absence of any opposition, the proposed intervention in this case appears to meet all factors to qualify as an intervention of right.  It is timely.  The intervenor asserts a substantial interest in the subject matter of the suit.  Its interest may be impeded if it cannot protect it in this case, and no other party adequately represents its particular interests.

New Orleans, Louisiana, this ___6th___ day of October, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE