UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEPOSITION PROTOCOL**

Defendants[1] respectfully submit this memorandum to assist the Court's consideration of the Deposition Protocol required in Pretrial Order No. 11 (Case Management Order No. 1) (Record Doc. No. 569, 10/19/10). The Deposition Protocol proposed by defendants is attached as Exhibit 1. A crucial difference between the two sides' submissions is the allowed duration of a fact or expert deposition. The plaintiffs wish the default position to be that each and every fact witness may be deposed for 14 hours—*double* what the Rules permit—and that any expert witness may be deposed for up to 28 hours—*four times* the allowable time under the Rules. *See* Fed.R.Civ.Proc. 30(d)(1)  Defendants oppose the plaintiffs' proposal because the 7-hour limit makes even *more* sense in this case than the typical one. There may be exceptions to this time limitation for a particular witness, but to change the default rule across the board is ill-advised.

*First*, the Court set a trial date for February 2012, with a deposition discovery schedule of mid-January 2011 to November 2011 (9 months) for fact witnesses and expert depositions from

---

1   Although submitted by counsel for BP, this memorandum reflects the views of all defendants.

–1–

417652124.

mid-November 2011 to mid-January 15, 2012 (2 months).  In addition, the Court has indicated a desire for one or more OPA test trials during the summer of 2011.  Deposition discovery will also be necessary for those cases, whose scope is presently unknown.  In short, given the magnitude and complexity of this case, this is an ambitious schedule that will demand efficiency and concision on the part of the litigants and the Court.  The parties expect *at least 100* fact witness depositions and upwards of *30 or more* expert depositions.  One day per witness will, of course, tax resources given the limited time for pretrial discovery.  Doubling and quadrupling the usual constraints from at least 700 to 1400 hours for fact witnesses, and from at least 210 to 840 hours for experts, is precisely the wrong course.

*Second*, other complex cases in the Eastern District have not spawned a rule that "big cases need twice as much time per deponent."  To the contrary, the time limitations make as much if not more sense in cases such as this one.  For example, in the Katrina breaches litigation, Judge Duval relied on Rule 30(d)(1) to limit depositions to 7 hours as a default.  *See* Exhibit 2. Similarly, in the Vioxx MDL, Judge Fallon used this rule as the default absent agreement of the parties.  *See* Exhibit 3.  After all, Rule 30(d) was amended in 2000 in part because a study showed that most depositions take less than seven hours.  *See* 8A C. Wright & A. Miller, *Federal Practice and Procedure* § 2104.1, at 500 (3d ed. 2010).  These examples support the 7-hour limitation in this case, even in the absence of such an ambitious trial schedule.

*Third*, Rule 30(d)(1) contemplates that the parties can stipulate to a longer deposition for particular deponents. Put simply, the parties can negotiate exceptions on a case-by-case basis, but to upend the rule makes little sense.  Absent such agreement by the parties, the party desiring more than 7 hours can show good cause for an extension of the limit.  The Court can expect

–2–

reasonable agreements; if not, the Court can protect fairness to all the parties and the deponent on an as-needed basis.

Another key difference in the parties' submissions on deposition protocols is the possibility of second depositions. The Court will note that the defense proposal in Sections II(F), (G), and (K) prescribes narrowly the circumstances in which a witness can be re-deposed. Although we have not seen the final form of the plaintiffs' proposal, the defendants respectfully submit that their language best captures the essential goal that a witness only be deposed one time in this litigation, barring unusual circumstances. As there may be unique circumstances for a particular deposition to exceed 7 hours, there may be special situations for a certain witness to be re-deposed. But that should be the exception, not the rule.

Still another example of the plaintiffs' desire to modify the default Rules is their request to inject the Court into the mechanics of the depositions before any issues arise. For example, the plaintiffs seek to include in the Court's order what the Rules already cover, such as limitations on the nature and scope of objections during depositions. *See* FED. R. CIV. P. 30(C)(2). Needless to say, the parties can and should follow the Rules, and if issues arise, the aggrieved party can seek the Court's assistance. To try to sanitize the depositions beforehand, however, is a recipe for creating disputes, not preventing them.

Another issue needs court resolution. Some responder defendants (Seacor Offshore LLC, Seacor Marine, LLC, Seacor Worldwide, Inc., Seacor Marine, Inc., Seacor Marine International, Inc., Siemens Financial, Inc., O'Brien's Response Management, Inc., Nautical Ventures, LLC, Island Ventures II, LLC, Gulf Offshore Logistics, LLC, Gulf Offshore Logistics, International,

LLC, and Marine Spill Response Corporation) have expressed a desire to have a term in this Deposition Protocol in which counsel for a witness, in advance of the deposition, must notify other counsel what particular Pleadings Bundle(s) the witness' testimony may be applicable. In this manner, these parties say, parties can make informed decisions on what depositions they need to attend and in order to maximize efficiencies in this MDL, which consists of distinct types of cases and claims. These defendants will be submitting a separate short memorandum addressing this point. Other defendants disagree with this, contending that it would impose an undue burden to make such an identification of expected areas of testimony. Moreover, the other defendants are concerned that such language in the Protocol might lead to an unfortunate consequence: an attorney absent from a deposition demanding a second deposition of a particular witness based on what is said to be a missed identification of Pleadings Bundles to which a witness's testimony may pertain.

Finally, Hyundai Heavy Industries (HHI) submits that the Court should explicitly recognize in its Order that it does not abrogate the right of any party to insist on its rights under the Hague Convention. HHI will insist that its employees be deposed in their place of residence and HHI does not consent to depositions in the United States.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully submit that their proposed Deposition Protocol be approved. Rule 30(d)(1) provides a suitable procedure for the duration of depositions.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)


**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft

417652124.