IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § MDL NO. 2179 § § SECTION: J § § JUDGE BARBIER § § MAG. JUDGE SHUSHAN |
| This Document Relates To: ALL ACTIONS | § |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

### PRETRIAL ORDER ___
### Deposition Guidelines

This Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of _____; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

## I.  GENERAL PROVISIONS

**A. Timing**

Fact depositions regarding blow-out, spill, limitation and related issues may commence on or after January 18, 2011.

**B. Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**C. Attendance**

1.  <u>Who May Be Present</u>.  Unless otherwise ordered under FED. R. CIV. P. 26(c), depositions may be attended by counsel of record, members or employees of their firms, attorneys

specially engaged by a party for purposes of the deposition, designees of Liaison Counsel, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  A party's expert on certain issues may attend any deposition relating to those same issues.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentences.  While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL –10-2179 Protective Order shall be excluded from the deposition.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

2. <u>Unnecessary Attendance</u>.  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel shall not attend.  [Liaison Counsel for Responder Defendants seek a requirement that counsel for a witness to be deposed make inquiry and then provide notice as to which Pleadings Bundle(s) the witness may address in his or her testimony; Other Defense Counsel object to this Pleadings Bundle identification requirement].

3. <u>Notice of Intent to Attend a Deposition</u>.  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than seven (7) business days prior to the deposition, whenever feasible.

**D.  Procedure.**

Disputes regarding any matters arising under this Order shall, in the first instance, be brought before Magistrate Judge Sally Shushan.

## II. CONDUCT OF DEPOSITIONS

**A.  Examination**

Questioning by Defendants may be done by a designated Liaison Counsel (or their designee) in MDL No. 2179, or the Defendants may in the alternative allow for sharing of their limited time in the interrogation of any particular witness, by one or more of any Counsel of Record.  Questioning by Plaintiffs should ordinarily be by Liaison Counsel, a member of the Plaintiffs' Steering Committee in MDL No. 2179, or attorneys designated by Liaison Counsel. Counsel for defendants who have divergent positions shall engage in good faith negotiations with their Liaison Counsel to achieve a fair portion of the limited examination time.  Three (3) days prior to the commencement of a deposition, Liaison Counsel for the noticing party, to the extent practicable, shall give other Liaison Counsel notice of the number of attorneys who may examine the deponent.

**B.  Duration**

1.  Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.  Absent agreement of the parties, or order of this Court upon motion for good cause shown, the parties shall have seven (7) hours to examine a particular fact or expert witness.  Each side (Plaintiff or Defendant) shall have 3.5 hours of examination time within this limitation found in Fed.R.Civ.Proc. 30(d)(1). The Court expects counsel for parties with divergent interests to work cooperatively and fairly in their allocation of examination time and each party's counsel's questioning shall not be duplicative of others' interrogation.  Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

      2.      The time limits set forth above shall be the actual time spent in examining the witness. Time spent on objections, colloquy, breaks or lunch shall not be counted toward the time limits.

      3.      Not every witness may require the time allocated above. To the extent the parties can anticipate such, for planning purposes, they will attempt to notify each other and agree on lesser time limits.

**C.**      **Locations of Depositions**

The Court expects counsel to mutually agree upon deposition locations. In the absence of agreement, depositions may take place (1) within the Parish/County of residency of the deponent, or (2) within the Parish/County of the deponent's employer, or (3) within the Judicial District of this Court, or (4) at Counsels' respective offices.

**D.**      **Scheduling**

      1.      Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. The Court expects counsel to cooperate and coordinate the scheduling of depositions. The parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

      2.      After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel for each side shall be notified of the scheduled deposition at least ten (10) days in advance, unless otherwise agreed to by Liaison Counsel.

3. Expedited depositions may be scheduled by agreement of the parties or as ordered by the Court and in which event time limitations for notice shall be lessened, as well as time limitation for production of any documents sought by third-party subpoena in conjunction with said deposition.

4. Liaison Counsel for the parties shall meet and confer not later than December 1, 2010 to calendar or set-aside at least fifteen (15) working days during each calendar month of 2011 for depositions. The meet and confer session for depositions to be set for the January 18-31, 2011, period shall be held during the week of December 13-17, 2010. The meet and confer session for depositions to be scheduled in February 2011 shall occur during the first week of January 2011. Thereafter, Liaison Counsel shall meet and confer on a rolling basis every month to select the persons or entities to be deposed thereafter.

**E.    Deposition Day**

A deposition day shall commence at 9:00 a.m. and terminate at the conclusion of the seven (7) hour time limit as set forth in § II.B. above.   Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be a 15–minute morning break and a 15–minute afternoon break, with one (1) hour for lunch.  In the event a deposition lasts more than an entire deposition day, and in an absence of any agreement between the parties, the depositions will re-convene at 9:00 a.m. the following day at the same location.

**F.    Coordination with State Court Actions**

If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court

G.  **Cross-Noticing**

Any deposition in this MDL may be cross-noticed by any party in any related action pending in state court, and any deposition in any related action pending in state court may be cross-noticed by any party in this MDL, with reasonable advance notice to allow (1) coordination between counsel in the MDL and counsel in the state action and (2) agreement on scheduling deposition dates.  Each deposition notice shall comply with FED. R. CIV. P. 30(b).  If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court.  In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court.  The fact of participation by counsel from other related state court cases in a deposition shall not expand the time otherwise permitted by this Order.

H.  **Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled, or relocated less than three (3) business days in advance of the date it is scheduled to occur, except upon agreement between the noticing attorney and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee or an expert designated by a party) or counsel for the witness (if the witness is not a party or a current or former employee or an expert designated by a party) or by leave of Court for good cause.

I.  **Objections and Directions Not to Answer**

1.  Counsel shall comply with FED. R. CIV. P. 30(d)(3).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been

disclosed, and the general subject matter of the statement, unless such information is itself privileged. Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise noted. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

2. Corrections to a deposition shall be listed on an errata sheet, which the deponent shall submit to the court reporter within thirty (30) days of the deponent's or his or her counsel's receipt of the transcript. The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript.

3. Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

4. Counsel shall not make objections or statements which might suggest an answer to a witness.

5. Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the court has ordered may not be discovered, information that is Confidential or Highly Confidential in the presence of a person not entitled to disclosure of that information, or a party or deponent seeks to move to terminate or limit the deposition on the

ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

6.      Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted or to address an issue regarding confidentiality.  Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

**J.     Telephonic and Internet Participation**

1.      <u>Telephonic Participation</u>.  Telephone facilities shall be provided so that parties wishing to participate in the depositions by telephone may do so.  However, technical difficulties with telephonic participation shall not constitute grounds for continuing the deposition or for rendering a deposition inadmissible that would otherwise be admissible in evidence.  Counsel attending a deposition in person may terminate telephone participation in a deposition if technical problems with the telephonic facilities create disruptions in the deposition.

2.      <u>Internet Participation</u>.  The parties will meet and confer in order to provide internet participation for depositions and court hearings to the extent that it is technologically and economically feasible.  The viewing of or participation in any deposition via the internet is expressly subject to the Court's Order Protecting Confidentiality (PTO # 13, Record Document No. 641).

**K.     Avoidance of Duplicative Depositions**

As a general rule, no witness should be deposed more than once in this proceeding unless the subject matter of the proposed second deposition was declared off limits by the Court during the first deposition or upon a showing of good cause by the party seeking the second deposition.

Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32 or as otherwise permitted by the Federal Rules of Evidence, be used against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation.

L.     **Disputes During or Relating to Depositions**

Disputes between the parties should be addressed to this Court rather than the District Court in the district in which the deposition is being conducted. Disputes relating to or arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Sally Shushan by telephone (504-589-7620), or, if not available, to MDL Judge, Carl J. Barbier, or his designee, by telephone (504-589-7525)  If neither the Magistrate Judge or the MDL Judge is available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to FED. R. CIV. P. 30 (d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

M.     **Documents Used in Connection with Depositions**

1.     <u>Production of Documents</u>.     Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least twenty-one (21) calendar days before a scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences. With respect to experts, arrangements should be made to permit inspection of documents, if possible, fourteen (14) calendar days before the deposition of expert witnesses.

      2.    <u>Copies</u>.  Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to counsel for the parties and the deponent during the course of the deposition.

      3.    <u>Marking of Deposition Exhibits</u>.  Each document referred to at deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the time of the deposition.  Once an exhibit has been numbered, it shall retain that number throughout the case.  The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.  The court reporter is responsible for producing at each deposition all exhibits previously used to date in the depositions noticed and taken in MDL 2179.

      4.    <u>Objections to Documents</u>.  Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge.

**N.**  **Video Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2) subject to the following rules:

      1.    <u>Real-time Feed</u>.  All depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

      2.    <u>Video Operator</u>.  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. <u>Index</u>.  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examinations resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

4. <u>Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.

5. <u>Standards</u>.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.  Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props.

6. <u>Filing</u>.  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

**O.      Telephone Depositions**

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under FED. R. CIV. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent.

**P.      Selection of Court Reporting Firm**

The parties shall meet and confer by December 1, 2010 in order to agree upon an independent court reporting firm for use at all depositions to be taken in this matter. If the parties cannot agree upon a court reporting firm, then the parties shall file with the Court their proposals for a court reporting firm no later than December 15, 2010.

### III.      FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE