UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . . . . . . . . . . .

**CERTAIN EMERGENCY RESPONDER AND CLEAN-UP DEFENDANTS'
MEMORANDUM CONCERNING DEPOSITION PROTOCOL**

Certain Emergency Responder and Clean-Up Defendants (some of whom are also Petitioners-in-Limitation)[1] respectfully submit this memorandum to assist the Court's consideration of the competing draft deposition protocols that have been submitted and to request the inclusion of language in the final deposition protocol that is designed to avoid unnecessary attendance at depositions.

As the Court is well aware, this multidistrict litigation ("MDL") involves multiple defendants and distinct types of cases and claims. Indeed, in contrast to the homogeneity of many MDLs, the unique variety of cases and claims in this MDL is reflected in Pretrial Order No. 11 (Case Management Order No. 1) (Record Doc. No. 569, 10/19/10), which establishes eight separate "Pleading Bundles" for different categories of cases and claims. The entities

---

1 This memorandum is submitted by Seacor Holdings, Inc., Seacor Offshore LLC, Seacor Marine, LLC, Seacor Worldwide, Inc., Seacor Marine, Inc., Seacor Marine International, Inc., Siemens Financial, Inc., O'Brien's Response Management, Inc., Nautical Ventures, LLC, Island Ventures II, LLC, Gulf Offshore Logistics, LLC, Gulf Offshore Logistics International, LLC, and Marine Spill Response Corporation.

submitting this memorandum are parties in cases that fall within two of these distinct Pleading Bundles, namely the Post-Explosion Clean-Up Claims bundle (B3) and the Post-Explosion Emergency Responder Claims bundle (B4).

The *Manual for Complex Litigation* recognizes that "[d]epositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity in complex litigation." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.45 (2004). Accordingly, the *Manual* suggests that courts should attempt to "ensure that the process of taking depositions is as fair and efficient as possible." *Id.* In this particular MDL, there is a real risk of over-attendance at depositions due to the multitude of defendants and variety of cases and claims. Not only are the stakes high, but it is unlikely that any given witness will have knowledge relevant to each of the cases and claims reflected in the eight Pleading Bundles. Indeed, if a witness only had knowledge relating to pre-blowout events, there would likely be no reason for many of the defendants to attend that deposition. Without some mechanism for providing information in advance about the likely scope of a witness's knowledge (beyond the mere identity of the witness), however, counsel for each defendant—and possibly plaintiffs— may feel compelled to attend each and every deposition in this matter to ensure that their clients' interests are adequately protected. That would not be efficient.

Therefore, in the interest of efficiency and to avoid this scenario, the Emergency Responder and Clean-Up Defendants identified above propose adding the following language to the end of Section I.C.2 of the deposition protocol, which addresses "unnecessary attendance" at depositions:

> To maximize the avoidance of unnecessary attendance, and in recognition of the fact that this MDL consists of distinct types of cases and claims, as reflected by

>the various Pleading Bundles established in Pretrial Order No. 11, it shall be the obligation of the witness's counsel to make a reasonable inquiry and provide Liaison Counsel for each side with a list identifying in good faith the Pleading Bundles to which the witness's testimony may be applicable at least five (5) days before the date of the noticed deposition.

This modest proposal would not unduly burden the parties or their counsel (because it can be expected that a witness's counsel will endeavor to determine the scope of the witness's knowledge prior to the deposition in any event) and it would provide the parties in this litigation with a reasonable basis for evaluating whether or not to attend a deposition. Thus, including language along these lines in the deposition protocol would go a long way to ensuring that the deposition process in this litigation is fair and efficient.[2]

## **CONCLUSION**

For the foregoing reasons, the Emergency Responder and Clean-Up Defendants identified above respectfully request that the Court include this proposed language in the final deposition protocol to avoid unnecessary attendance at depositions.

---

[2] The *Manual for Complex Litigation* proposes an alternative approach to address the problem of over-attendance in multiparty cases, namely "deferred supplemental depositions." *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.453 (2004). This alternative approach would allow nonattending parties an opportunity to review the deposition transcript and thereafter conduct a supplemental examination of the witness if necessary. While this alternative approach is preferable to not addressing unnecessary attendance at all, one can imagine ways in which a "deferred supplemental deposition" procedure could be abused. Accordingly, the Emergency Responder and Clean-Up Defendants identified above submit that their pre-deposition Pleading-Bundle-designation proposal will maximize fairness and efficiency in this litigation and minimize the potential need for supplemental depositions.

Dated: November 10, 2010

        Respectfully submitted,

        /s/ Michael J. Lyle
        Michael J. Lyle
        (DC Bar #475078, IL Bar #6199227)
        WEIL, GOTSHAL & MANGES LLP
        1300 Eye Street, NW, Suite 900
        Washington, D.C. 20005
        Telephone: (202) 682-7157
        Facsimile: (202) 857-0940
        Email:  michael.lyle@weil.com

        Theodore E. Tsekerides (NY Bar #2609642)
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153
        Telephone: (212) 310-8218
        Facsimile: (212) 310-8007
        Email:  theodore.tsekerides@weil.com

        *Attorneys for O'Brien's Response Management, Inc., Seacor Holdings, Inc., Seacor Offshore LLC, Seacor Marine, LLC, Seacor Worldwide, Inc., Seacor Marine, Inc., Seacor Marine International, Inc., and Siemens Financial, Inc.*


        /s/ Robert Perry McClesky, Jr.
        Robert Perry McCleskey, Jr.
        PHELPS DUNBAR LLP
        Canal Place
        365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Email:  mccleskb@phelps.com

        *Attorneys for Nautical Solutions, LLC and Island Ventures II, LLC*

/s/ William Joseph Riviere
William Joseph Riviere
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Email:  bill.riviere@phelps.com

*Attorneys for Gulf Offshore Logistics, LLC and Gulf Offshore Logistics International, LLC*


/s/ Alan Mark Weigel
Alan Mark Weigel
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Telephone: (212) 885-5350
Fax: (917) 332-3836
Email:  aweigel@blankrome.com

*Attorneys for Marine Spill Response Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Certain Emergency Responder and Clean-Up Defendants' Memorandum Concerning Deposition Protocol has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of November, 2010.

/s/ Michael J. Lyle
Michael J. Lyle