UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO:<br><br>Ocean Reef Realty, Inc., d/b/a Ocean Reef Resorts, Inc., v. Transocean Holdings, Inc., et al. 2:10-cv-02663-CJB-SS (E.D. La.) | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Ocean Reef Realty, Inc., d/b/a Ocean Reef Resorts, Inc., individually and as a representative of the class defined herein (the "Class"), submits the following as its First Amended Class Action Complaint against Defendants Transocean Holdings, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, plc, BP Exploration and Production, Inc., BP America, Inc., BP America Production Company, BP Corporation North America, Inc., BP Products North America, Inc., BP Company North America, Inc., Halliburton Energy Services, Inc., Cameron International Corporation, f/k/a Cooper-Cameron Corporation, MOEX Offshore 2007, LLC, Anadarko E&P Company, LP, and Anadarko Petroleum Corporation:

### I. INTRODUCTION

1.  This is an individual and class action to recover damages suffered by Plaintiff and the Class Members as a result of the oil spill caused by the explosion and fire aboard, and subsequent sinking of, the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April

20, 2010, at or about 10:00 p.m. on the outer Continental Shelf. Following the sinking of the Oil Rig, millions of barrels of crude oil spilled into the Gulf of Mexico and, ultimately, onto and into surrounding beaches, shores, marshes, bays, and coastal areas in Texas, Louisiana, Mississippi, Alabama, and Florida.

2. Plaintiff, on behalf of itself and all others similarly situated, brings this action for damages against Defendants.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this individual and class action pursuant to (a) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business; (b) 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs; and (c) 33 U.S.C. § 3317(b) because some of Plaintiff's claims are brought pursuant to the Oil Pollution Act of 1990 ("the OPA"), 33 U.S.C. § 2701, *et seq.*

4. Venue of this action in this district is proper under (a) 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants reside in this district; and (b) 33 U.S.C. § 2717(b) because some of Plaintiff's claims are brought pursuant to the OPA, 33 U.S.C. § 2701, *et seq.*

## III. PARTIES

5. Plaintiff Ocean Reef Realty, Inc., d/b/a Ocean Reef Resort, Inc., is a Florida corporation doing business in the State of Florida. Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on or near the Gulf of Mexico in the State of Florida and, as a result of the events described above and below, it has suffered damages that are more fully described below.

6. Defendant Transocean Holdings, Inc. ("Transocean Holdings") is a foreign corporation doing business in the State of Florida. Transocean Holdings is a financially responsible party for the conduct of the Transocean entities named herein.

7. Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a foreign corporation doing business in the State of Florida.

8. Defendant Transocean Deepwater, Inc. ("Transocean Deepwater") is a foreign corporation doing business in the State of Florida.

9. Defendant BP, plc ("BP") is a foreign corporation doing business in the State of Florida.

10. Defendant BP Exploration and Production, Inc. ("BP Exploration") is a foreign corporation doing business in the State of Florida.

11. Defendant BP America, Inc. ("BP America") is a foreign corporation doing business in the State of Florida.

12. BP America Production Company ("BPAPC") is a foreign corporation doing business in the State of Florida.

13. Defendant BP Corporation North America, Inc. ("BP Corporation") is a foreign corporation doing business in the State of Florida.

14. Defendant BP Products North America, Inc. ("BP Products") is a foreign corporation doing business in the State of Florida.

15. BP Company North America, Inc. ("BP Company") is a foreign corporation doing business in the State of Florida.

16. Defendant Halliburton Energy Services, Inc. ("Halliburton") is a foreign corporation doing business in the State of Florida.

17. Defendant Cameron International Corporation, f/k/a Cooper-Cameron Corporation, ("Cameron") is a foreign corporation doing business in the State of Florida.

18. Defendant MOEX Offshore 2007, LLC ("MOEX") is a foreign limited liability company doing business in the State of Florida. Upon information and belief, no member of MOEX is a citizen of the State of Florida.

19. Defendant Anadarko E&P Company, LP ("Anadarko E&P") is a foreign limited partnership doing business in the State of Florida. Upon information and belief, no partner in Anadarko E&P is a citizen of the State of Florida.

20. Defendant Anadarko Petroleum Corporation ("Anadarko Petroleum") is a foreign corporation doing business in the State of Florida.

### IV.  FACTUAL ALLEGATIONS

21. Transocean Holdings, Transocean Offshore, and Transocean Deepwater (collectively "Transocean") are the owners of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Exploration, BP Corporation, BP America,

BP Company, BPAPC, and BP Products on the outer Continental Shelf, at the site from which the oil spill originated.

22. BP, BP Exploration, BP Corporation, BP America, BP Company, BPAPC, and BP Products (collectively "BP") along with MOEX, Anadarko E&P, and Anadarko Petroleum are the holders of and/or investors in a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil production-related operations at the site of the oil spill and, on April 20, 2010, operated the oil well that was the source of the oil spill.

23. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended.

24. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion, and resulting oil spill.

25. At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered, and/or operated by Transocean, BP, MOEX, Anadarko E&P, and/or Anadarko Petroleum.

26. Transocean, or its predecessors, is the designer of the Deepwater Horizon.

27. The fire and explosion on the Deepwater Horizon, its sinking, and the resulting oil spill were caused by the combined and concurring negligence of Defendants, which renders them liable, jointly and severally, to Plaintiff and the Class Members for all their damages.

28. Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiff, the Class Members, and Florida's and the Gulf

of Mexico's marine and coastal environments, where Plaintiff and the Class Members work and earn a living.

29. The spilled oil has caused, and will continue in the future to cause, a dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Florida's beaches and associated recreational areas.

30. The oil spill and the contamination have caused and will continue to cause loss of revenue to persons and businesses who are being prevented from using the Gulf of Mexico and Florida's adjoining beaches for diverse activities, including work and to earn a living.

31. There are many other potential effects from the oil spill that have not yet become known, and Plaintiff reserves the right to amend this Complaint once additional information becomes available.

32. On or about April 28, 2010, the United States Coast Guard designated BP Exploration and BP Corporation as responsible parties under the OPA. Upon information and belief, Transocean, MOEX, Anadarko E&P, and Anadarko Petroleum also have been or will be designated as responsible parties under the OPA.

33. Pursuant to the OPA, Plaintiff presented an interim claim to BP Exploration and Transocean on June 25, 2010 for losses and damages suffered by Plaintiff as a result of the oil spill.

34. Pursuant to the OPA, Plaintiff presented a second interim claim to BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E&P, and Anadarko Petroleum on July 23, 2010 for losses and damages suffered by Plaintiff as a result of the oil spill.

35. Pursuant to the OPA, Plaintiff presented a third interim claim to BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E&P, and Anadarko Petroleum on August 10, 2010 for losses and damages suffered by Plaintiff as a result of the oil spill.

36.     Pursuant to the OPA, Plaintiff presented a fourth interim claim to BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E&P, and Anadarko Petroleum on September 20, 2010 for losses and damages suffered by Plaintiff as a result of the oil spill.

37.     In addition to the foregoing and at the request of BP, Plaintiff also presented interim and supplemental claims to the Gulf Coast Claims Facility ("GCCF") on August 27, 2010 and October 14, 2010 for losses and damages suffered by Plaintiff as a result of the oil spill.

## V.   CLASS ALLEGATIONS

38.     Plaintiff, in part, brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of itself and all others similarly situated, who are members of the following Class:

> All real estate owners, rental managers, and rental agents who derive income and profits from the rental of properties situated on coastal environments in the State of Florida, and who have sustained any loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom.

39.     Excluded from the Class are the officers and directors of any of the Defendants; any judge or judicial officer assigned to this matter and his or her immediate family; and any legal representative, successor, or assign of any excluded person or entities.

40.     The proposed Class is so numerous that joinder is impractical. Although the precise number of Class Members is not yet known, Plaintiff avers that the Class Members number in the thousands.

41.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The principal issue is whether Defendants

negligently and/or wantonly caused the explosion of the Deepwater Horizon and resulting oil spill which has damaged Plaintiff and the Class.

42. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

43. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling class actions and complex litigation involving oil and gas matters. Neither Plaintiff nor its counsel has any interests which would prevent them from vigorously pursuing these claims.

44. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of the Class Members in individually controlling the prosecution of separate claims against Defendants is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

46. The various claims asserted in the action are certifiable under the provisions of 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **FIRST CAUSE OF ACTION**

### **(Negligence)**

47. Plaintiff, on behalf of itself and the Class Members, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

48. The fire, explosion, and resulting oil spill were caused by the concurrent negligence of Defendants.

49. Upon information and belief, Plaintiff avers that the fire, explosion, and resulting oil spill were caused by the joint negligence and fault of Defendants in the following non-exclusive particulars:

    a. Failing to properly operate the Deepwater Horizon;

    b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a careless and negligent manner without due regard for the safety of others;

    e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

    f.    Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

    g.    Failing to take appropriate action to avoid or mitigate the accident;

    h.    Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

    i.    Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

    j.    Failure to timely bring the oil release under control;

    k.    Failure to provide appropriate accident prevention equipment;

    l.    Failure to react to danger signs;

    m.    Providing BOP's that did not work properly;

    n.    Conducting well and well cap cementing operations improperly;

    o.    Failure to properly design the Deepwater Horizon;

    p.    Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure; and

    q.    Such other acts of negligence and omissions as will be shown at the trial of this matter.

50.    The injuries to Plaintiff and the Class Members were also caused or aggravated by the fact that Defendants negligently failed to take necessary actions to mitigate the danger associated with their operations.

51.    Plaintiff and the Class Members have been damaged by their inability to rent properties owned and/or managed by them on or near the Gulf of Mexico as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

52. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence and awarding Plaintiff and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## SECOND CAUSE OF ACTION

### (Wantonness)

53. Plaintiff, on behalf of itself and the Class Members, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

54. The fire, explosion, and resulting oil spill were caused by the concurrent wantonness of Defendants.

55. Upon information and belief, Plaintiff avers that the fire, explosion, and resulting oil spill were caused by the joint wantonness and fault of Defendants in the following non-exclusive particulars:

    a. Failing to properly operate the Deepwater Horizon;

    b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a wanton manner without due regard for the safety of others;

    e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had

been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

f.  Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

g.  Failing to take appropriate action to avoid or mitigate the accident;

h.  Wanton implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

i.  Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

j.  Failure to timely bring the oil release under control;

k.  Failure to provide appropriate accident prevention equipment;

l.  Failure to react to danger signs;

m.  Providing BOP's that did not work properly;

n.  Conducting well and well cap cementing operations improperly;

o.  Failure to properly design the Deepwater Horizon;

p.  Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure;

q.  Such other acts of wantonness and omissions as will be shown at the trial of this matter; and

r.  Acting in a manner that justifies imposition of punitive damages.

56.  The injuries to Plaintiff and the Class Members were also caused or aggravated by the fact that Defendants wantonly failed to take necessary actions to mitigate the danger associated with their operations.

57. Plaintiff and the Class Members have been damaged by their inability to rent properties owned and/or managed by them on or near the Gulf of Mexico as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

58. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' wantonness and awarding Plaintiff and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

## THIRD CAUSE OF ACTION

### (Nuisance)

59. Plaintiff, on behalf of itself and the Class Members, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

60. The actions of Defendants, as described above, resulted in an invasion by a substance -- oil and other pollutants -- that interfered and continues to interfere with the Plaintiff's and the Class Members' rights to enjoy their property and caused hurt, inconvenience, and/or damage to the Plaintiff and the Class Members.

61. The nuisance created by Defendants caused special damages to Plaintiff and the Class Members in which the public does not participate.

62. The above described injuries and damages to the Plaintiff and the Class Members were proximately caused by said nuisance.

63. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' nuisance and

awarding Plaintiff and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

## FOURTH CAUSE OF ACTION

### (Strict Liability)

64. Plaintiff, on behalf of itself and the Class Members, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

65. The actions and activities of Defendants, as described above, including, but not limited to, drilling and transporting oil and other pollutants in the Gulf of Mexico, constitutes an abnormally dangerous and/or ultra-hazardous activity that carries with it a high degree of risk of harm to individuals, land, or chattels of others.

66. The injuries and damages suffered by Plaintiff and the Class Members were the kind of harm, the possibility of which makes the Defendants' activities abnormally dangerous and/or ultra-hazardous.

67. The above described injuries and damages to the Plaintiff and the Class Members were proximately caused by said abnormally dangerous and/or ultra-hazardous activity.

68. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' abnormally dangerous and/or ultra-hazardous activity and awarding Plaintiff and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

## **FIFTH CAUSE OF ACTION**

### (Oil Pollution Act of 1990)

69. Plaintiff, on behalf of itself, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

70. The above described injuries and damages to the Plaintiff were proximately caused by the oil spill.

71. Defendants BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E & P and Anadarko Petroleum have wrongfully denied the claims that Plaintiff properly presented to BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E & P and Anadarko Petroleum pursuant to the OPA.

72. Plaintiff is entitled to a judgment finding BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E & P and Anadarko Petroleum liable to Plaintiff for damages suffered as a result of the oil spill and awarding Plaintiff adequate compensation and punitive damages therefor in an amount determined by the trier of fact.

WHEREFORE, Plaintiff, on behalf of itself, demands judgment against Defendants BP Exploration, BP Corporation, Transocean Holdings, MOEX, Anadarko E & P and Anadarko Petroleum, jointly and severally, for economic and compensatory damages, punitive damages, interest and costs in amounts determined by the trier of fact.

## SIXTH CAUSE OF ACTION

### (Florida Pollutant and Discharge Prevention and Control Act -- Fla. Stat. § 376.205)

73. Plaintiff, on behalf of itself, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

74. Defendants have discharged pollutants into or upon the coastal waters, estuaries, tidal flats, beaches, and lands adjoining the seacoast of the State of Florida.

75. Plaintiff has suffered damages, as described above, as the result of the Defendants' discharge of pollutants into or upon the coastal waters, estuaries, tidal flats, beaches, and lands adjoining the seacoast of the State of Florida. Such damages are, among other things, directly connected to the cleanup and removal of the pollutants discharged by Defendants.

76. Defendants are responsible parties as defined by the Florida Pollutant and Discharge Prevention and Control Act.

77. Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' discharge of pollutants into or upon the coastal waters, estuaries, tidal flats, beaches, and lands adjoining the seacoast of the State of Florida and awarding Plaintiff adequate compensation, punitive damages, attorneys fees, expert fees and costs in amounts determined by the trier of fact.

WHEREFORE, Plaintiff, on behalf of itself, demands judgment against the Defendants, jointly and severally, for economic and compensatory damages, punitive damages, attorneys fees, expert fees, interest and costs in amounts determined by the trier of fact.

## SEVENTH CAUSE OF ACTION

**(Contamination of Surface Waters, Ground Waters and/or Lands -- Fla. Stat. § 376.313)**

78.     Plaintiff, on behalf of itself, incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

79.     Defendants have discharged pollutants and other hazardous substances into or upon the surface waters, ground waters, and/or lands of the State of Florida in violation of applicable law.

80.     Plaintiff has suffered damages, as described above, as the result of the Defendants' discharge of pollutants or other hazardous substances into or upon the surface waters, ground waters, and/or lands of the State of Florida in violation of applicable law. Such damages are, among other things, directly connected to the cleanup and removal of the pollutants and other hazardous substances discharged by Defendants.

81.     Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' discharge of pollutants and other hazardous substances into or upon the surface waters, ground waters, and/or lands of the State of Florida in violation of applicable law and awarding Plaintiff adequate compensation, punitive damages, attorneys fees, expert fees and costs therefor in amounts determined by the trier of fact.

WHEREFORE, Plaintiff, on behalf of itself, demands judgment against the Defendants, jointly and severally, for economic and compensatory damages, punitive damages, attorneys fees, expert fees, interest and costs in amounts determined by the trier of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members demand judgment against the Defendants, jointly and severally, as follows:

a. An order certifying the Class, appointing Plaintiff as Class Representative; and appointing undersigned counsel as counsel for the Class;

b. Economic and compensatory damages in amounts to be determined at trial;

c. Attorneys fees;

d. Expert fees;

e. Costs;

f. Punitive damages;

g. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

h. Such other and further relief available and any relief the Court deems just and appropriate.

/s/ Steven L. Nicholas
ROBERT T. CUNNINGHAM, JR.  (CUNNR6008)
STEVE OLEN  (OLENS7621)
STEVEN L. NICHOLAS  (NICHS2021)
WILLIAM E. BONNER  (BONNW5242)
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191
251-479-1031 (fax)

DEFENDANTS BP CORPORATION NORTH AMERICA, INC., BP AMERICA PRODUCTION COMPANY, BP COMPANY NORTH AMERICA, INC., MOEX OFFSHORE 2007, LLC, ANADARKO E & P COMPANY, LP AND ANADARKO PETROLEUM CORPORATION MAY BE SERVED AS FOLLOWS:

BP CORPORATION NORTH AMERICA, INC.
The Prentice-Hall Corporation System, Inc.
1201 Hays Street, Suite 105
Tallahassee, Florida 32301

BP AMERICA PRODUCTION COMPANY
CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

BP COMPANY NORTH AMERICA, INC.
4101 Winfield Road, #200
Warrenville, Illinois 60555

MOEX OFFSHORE 2007, LLC
9 Greenway Plaza, Suite 1220
Houston, Texas 77046

ANADARKO E & P COMPANY, LP
Post Office Box 1330
Houston, Texas 77251-1330

ANADARKO PETROLEUM CORPORATION
1201 Lake Robbins Drive
The Woodlands, Texas 77380

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the clerk of the court using the court's CM/ECF system, which will serve the foregoing to the following:

James Riley Davis
Thomas Andrew Range
Akerman Senterfitt
106 East College Avenue, Suite 1200
Tallahassee, Florida  32301

Glenn T. Burhans, Jr.
Greenberg Traurig, P.A.
101 East College Avenue
Post Office Drawer 1838
Tallahassee, Florida  32302-1838

Mark Monroe Barber
Broad & Cassel
100 North Tampa Street, Suite 3500
Tampa, Florida  33602

Ginger Lynne Barry
Broad & Cassel
200 Grand Boulevard, Suite 205A
Destin, Florida  32550

Natasha Karelia Alcivar
Damian Mark Fletcher
Arthur Joseph LaPlante
Hinshaw & Culbertson, LLP
One East Broward Boulevard, Suite 1010
Fort Lauderdale, Florida  33301

Jaime William Betbeze
Hand Arendall, LLC
RSA Tower
11 North Water Street, Suite 30200
Mobile, Alabama  33602

                                    /s/ *Steven L. Nicholas*