UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES | § § § § § | JUDGE BARBIER MAG. JUDGE SHUSHAN |

### HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INAPPLICABILITY OF LIABILITY CAP UNDER THE OIL POLLUTION ACT

TO THE HONORABLE CARL J. BARBIER:

Halliburton Energy Services, Inc. (hereinafter "HESI") files this Memorandum in Support of its Response to Plaintiffs' Motion for Partial Summary Judgment Regarding Inapplicability of Liability Cap Under the Oil Pollution Act, and shows as follows:

1. The Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.* ("OPA"), provides a comprehensive statutory framework for parties injured by oil spills in navigable waters to make claims to a designated responsible party for recovery of costs and damages. *Id.* OPA, subject to statutory exceptions, contains a damages cap on liability for a responsible party. 33 U.S.C. § 2704(a). In this case, BP Exploration & Production Inc. ("BP"), as a designated responsible

party, and the Plaintiffs appear to agree the cap on liability damages is $75 Million plus removal costs.  33 U.S.C. § 2704(a)(4).

2. On October 18, 2010, BP filed its Statement of BP Exploration & Production Inc. Re Applicability of Limit of Liability Under Oil Pollution Act Of 1990.  *See* Doc. # 559.  BP, in its filing, stated that "BP has chosen to waive the statutory limitation on liability under OPA."  *Id.*

3. Plaintiffs filed a Motion for Partial Summary Judgment seeking judicial enforcement of BP's alleged judicial admission that it would "waive the statutory limitation under OPA."

4. HESI takes no position on Plaintiffs' Motion for Partial Summary Judgment as against BP.  However, HESI files this Response to confirm and provide notice that by not otherwise responding to or opposing the Plaintiffs' Motion for Partial Summary Judgment, HESI has not waived: 1) the statutory damage limitations to the extent they may ever be directly applicable to HESI; nor, 2) its argument that BP's decision to waive the statutory damages cap does not impair HESI's right to argue that BP's OPA contribution claim against HESI, if any, is nonetheless limited by the statutory damages cap.

Dated November 11, 2010.

        **Respectfully Submitted,**

        **GODWIN RONQUILLO PC**

        **By:** /s/ Donald E. Godwin
        Donald E. Godwin
        dgodwin@godwinronquillo.com
        Bruce W. Bowman, Jr.
        bbowman@godwinronquillo.com
        Jenny L. Martinez
        jmartinez@godwinronquillo.com

        1201 Elm Street, Suite 1700
        Dallas, Texas 75270-2041
        Telephone: 214.939.4400
        Facsimile: 214.760.7332

        and

        R. Alan York
        ayork@godwinronquillo.com
        1331 Lamar, Suite 1665
        Houston, Texas 77010
        Telephone:713.595.8300
        Facsimile: 713.425.7594

        **ATTORNEYS FOR DEFENDANTS**
        **HALLIBURTON ENERGY SERVICES, INC.**
        **AND HALLIBURTON COMPANY**

# CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INAPPLICABILITY OF LIABILITY CAP UNDER THE OIL POLLUTION ACT has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of November, 2010.

      /s/ Donald E. Godwin
      Donald E. Godwin