UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | : MDL NO. 2179<br>:<br>:<br>:<br>: SECTION: J<br>:<br>:<br>:<br>: JUDGE BARBIER<br>: MAG. JUDGE SHUSHAN<br>: |

**DEFENDANTS' SUPPLEMENTAL DEPOSITION PROTOCOL MEMORANDUM**

Defendants submit this supplemental memorandum to address two points raised in the plaintiffs' letter of November 10: 1) the question of re-depositions of witnesses; and 2) the issue of production of "custodial files." Defendants respectfully submit that the plaintiffs' proposals on these issues lack merit.

**Avoidance of Duplicative Depositions:** It should go without saying that multiple depositions of witnesses are unnecessary and should be avoided absent special circumstances. In fact, the bedrock principle of the MDL is to "promote the just and efficient conduct of such actions" and to ensure "coordinated … pretrial proceedings." 28 U.S.C. § 1407(a) and (b). The JPML panel ordered centralization of this litigation to, among other goals, "eliminate duplicative discovery." Transfer Order, Record Doc. No. 1. The plaintiffs' proposal, however, invites, indeed virtually guarantees, re-depositions as the norm rather than the exception. The plaintiffs propose allowing follow-up depositions merely if "documents regarding [a] subject [of a prior deposition] are produced to the examining party after the deposition, or evidence regarding said

417652124.

subject which was not reasonably available to the examining party is discovered after the deposition." (Section II(K)).  The plaintiffs' proposed exception would swallow the rule and would practically guarantee two or more depositions for witnesses who testify early in this case. Indeed, in practically every lawsuit documents are produced after a deposition based on newly-propounded requests or a party's duty to supplement its production.  In this particular litigation, rolling productions are a likelihood considering the complexity of the case, the number of parties, and the consequent number of custodians and documents.  There may be unique instances where a late production or newly-discovered evidence provides good cause for the re-deposition of a particular witness, but to virtually guarantee it—as the plaintiffs propose—is exactly backwards.

As the Court knows, depositions begin on January 18.  By this time, defendants will have produced thousands of pages of documents in the following sequence:   1) the document repositories established prior to the MDL during July and supplemented thereafter; 2) the document production to be made on November 15 in response to the plaintiffs' initial omnibus discovery, discovery provided for under CMO #1; and 3) responses due on December 1 to the plaintiffs' second set of discovery requests, also allowed by CMO #1.  Defendants expect, however, that despite such robust document productions early in the case, plaintiffs will propound further document requests throughout this case.  The plaintiffs' proposal provides for open season on re-depositions any time more documents get produced after a witness has been deposed based on a party's unilateral determination without court intervention or a showing of good cause.  Again, this is the reverse of what the Rules allow and common sense requires, particularly in the circumstances of these proceedings.

–2–

In addition, the plaintiffs' language places no burden on the noticing party to select deponents for the earliest depositions for whom sufficient document discovery already has been achieved to take a meaningful deposition. Instead, the plaintiffs obviously seek an ability to take whatever depositions they wish in January and February rather than schedule witnesses appropriately in view of what discovery responses they already will have in hand. Again, this is a consequence to be avoided.

Consistent with the Rules and the needs of this case, defendants' proposal recognizes that a second deposition may be necessary in particular situations, but not as the default. Defendants proposed this language: "As a general rule, no witness should be deposed more than once in this proceeding ==unless the subject matter of the proposed second deposition was declared off limits by the Court during the first deposition or upon a showing of good cause by the party seeking the second deposition.==" (Section II(K)). Good cause, for example, will require that the noticing party give reasons why the documents that are said to justify a second deposition could not have been sought prior to the deposition or why the information allegedly forming the basis for the follow-up deposition was not reasonably available to the party seeking it. Defendants respectfully submit that the criticality of any re-deposition of a witness deserves close scrutiny, not the open-ended approach that the plaintiffs propose.

**Question of "Custodial File Production:"** The plaintiffs have tacked on a new provision to its deposition protocol proposal that is in effect an amorphous document subpoena in connection with each and every deposition. The plaintiffs wish to require the witness's counsel to certify, seven days before the deposition, that a witness's files "relevant to the litigation" have been produced. The plaintiffs' suggestion is unworkably open-ended if for no

–3–

other reason that it is not tied to any specific document request that Rule 34 requires be specified with "reasonable particularity." On the face of it, this provision would create a new discovery burden on counsel untethered to a specific topic based on supposed relevance to the litigation as a whole, however that might be defined. The plaintiff's proposal should not be part of a deposition protocol that applies to all depositions in the case. If the noticing party believes that a particularized document request or subpoena is appropriate for a witness, then that decision should be made on a witness-by-witness basis. Rule 34 requires "reasonably particularized" requests; the deposition protocol should not circumvent this beneficial rule.

* * *

Both of the plaintiffs' proposals discussed above are not only inconsistent with the Rules generally and the requirements of this case specifically, they inevitably would result in additional discovery disputes and otherwise unnecessary motion practice and further inefficiency. The plaintiffs' proposal should be rejected, and the defendants' deposition protocol adopted.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft