

**OFFICE OF**
**INSPECTOR GENERAL**
U.S. DEPARTMENT OF THE INTERIOR

AUG 3 1 2010

B.P. America
c/o CT Corporation
350 North St. Paul Street
Suite 2900
Dallas, TX 75201

Dear Custodian of Records:

    Pursuant to Section 6(a)(4) of the Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3), the enclosed subpoena duces tecum has been issued to B.P. America. The materials identified should be produced by the date, time and place indicated on the subpoena.

    Failure to produce the specified materials at the time and place set forth in the subpoena will be construed as a failure to comply with the subpoena. The Government may then seek a court order to compel compliance.

    Instructions for responding to the subpoena are enclosed. If you have any questions regarding the subpoena, you may contact Associate General Counsel Kevin Laden at (202) 208-6466 or kevin_laden@doioig.gov.

                                     Sincerely,

                                       John Dupuy
                                       Assistant Inspector General
                                         for Investigations

Enclosures

001442

# United States of America
# U.S. Department of the Interior
# Office of Inspector General

**SUBPOENA DUCES TECUM**

TO:   B.P. America, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201

Pursuant to the provisions of Section 6(a)(4) of the Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3), you are hereby commanded to produce before Special Agent David Williams, an official of the Office of Inspector General, at 400 Poydras Street, 10th Floor, New Orleans, LA 70130, telephone number (505) 828-3500, on the _21st_ day of _September_, 2010, at 3:00 o'clock p.m. of that day, the following information: See attachment as incorporated herein. (Production of documents in person to Special Agent Williams or by registered mail via the U.S. Postal Service, or prepaid commercial delivery service at the above address will be considered satisfactory production.)



IN TESTIMONY WHEREOF, the Inspector General of the U.S. Department of the Interior has hereunto set her hand at Washington, DC, this _31st_ day of _August_ 2010.

_____
Acting Inspector General

Note:  Failure to comply with this subpoena could result in a legal proceeding against you in which a court order compelling compliance will be sought.  See Privacy Act Notice on other side.

PRIVACY ACT NOTICE. Pursuant to the Privacy Act of 1974; 5 U.S.C. 552a, you are advised of the following:

1. Authority for Solicitation of Information. The Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3) authorizes the Department of the Interior (DOI) Inspector General to issue subpoenas necessary in the performance of audits and investigations of the programs and operations of DOI. Disclosure of the information specified in this subpoena is mandatory, subject to the valid assertion of a legal right or privilege.

2. Principal Purpose for Solicitation of Information. The Inspector General's principal purpose in soliciting the information is to promote economy, efficiency, and effectiveness in the administration of the programs and operations of DOI and to prevent and detect fraud, abuse, or mismanagement in such programs and operations.

3. Routine Uses of the Solicited Information. The routine uses of the solicited information are published at Volume 48 of the Federal Register, page 37536, August 18, 1983.

4. Effect of Noncompliance. Failure to comply with this subpoena may result in the Inspector General requesting a court order for compliance. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on _____, 2010, at _____ I personally served this subpoena upon _____ by handing to and _____ leaving with _____ a true and correct copy thereof.

_____
(Signature)

_____        _____, 2010
(Title)                          (Date)

**ADMISSION OF SERVICE**

I HEREBY ADMIT SERVICE of this subpoena on behalf of _____ and acknowledge receipt of a true and correct copy thereof on this date.

_____
(Signature)

_____        _____, 2010
(Title)                          (Date)

OIG Subpoena Number

**Instructions:**

1. This subpoena requires your company, BP (as further defined in the "Definitions" section below), to produce all documents described in the "Materials to be Produced" section of this subpoena.

2. <u>Unless otherwise noted</u>, the time period covered by this subpoena is from **January 1, 2008, to the present**.

3. Documents to be produced include all documents in the possession, custody or control of your company, wherever located, including documents in the possession, custody or control of your company's directors, officers, employees, contractors, subcontractors, representatives or agents. "Possession, custody, or control" includes, but is not limited to, documents which you have the legal right, authority, or ability to obtain in original or copy from another person or entity.

4. All requests for documents include the original final version of the document (or a copy, certified as accurate, if the original is not available) and all drafts, and also the original and all copies which are not identical, whether by reason of handwritten notes or otherwise.

5. All documents that respond, in whole or in part, to any part or clause of any paragraph of this subpoena shall be produced in their entirety, including all attachments and enclosures. All documents that are attached to documents called for by this subpoena shall be produced, even if they are not otherwise responsive to this subpoena. Documents shall be produced in the order and in the file in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in that form.

6. In the event that any item or items requested do not exist, state so in your written response.

7. If any document requested has existed, but has been lost, or is no longer within your possession, custody, or control, identify and describe the document, its author, the recipient or addressee, the subject matter and contents thereof, and by whom the document is now possessed, held in custody, or controlled. If any document has been destroyed, provide the same information including the date and circumstances surrounding and reasons for its destruction, the identity of the person who authorized destruction, and the identity of the last known custodian of such document.

8. If you consider any document within the production to be privileged, then, with regard to each such document, please:

    a. state the date the document was created;
    b. describe the subject matter of the document generally, as well as the number of pages and format;

OIG Subpoena Number

    c. explain fully the basis for the claimed privilege;
    d. identify the author(s) and all signatories of the document by name and title;
    e. identify all addressees and other persons or entities copied on the document; and
    f. identify the custodian of the original and all copies of the document.

9. The subpoenaed documents shall be consecutively numbered in the lower right corner of the page, preceding each number with the initials or name of the company, and be accompanied by an index identifying each document, its document number, the person and office from which it was obtained, and the item or items of the subpoena to which it relates. If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

10. Every document responsive to this subpoena must be produced in the form in which it is or has been maintained in the ordinary course of business.

11. Your obligations under this subpoena are continuing obligations, and you are required to immediately advise the issuing agency and produce to it any responsive document that comes into your possession, custody or control in the future.

12. References to the singular shall include the plural, and references to the plural shall include the singular. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well, and vice versa. The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases, and "any" and "all" also include "each and every." The word "any," when used in reference to a particular set of individuals or entities, refers, inclusively, to any one of such individuals or entities, any subset of such individuals or entities, or all such individuals or entities.

13. For electronically stored information, including but not limited to computer files or disks, produced in response to this subpoena:

    a. Provide detailed instructions sufficient to enable the federal government to access and retrieve the data contained in each such file or disk.
    b. Deliver emails in their native format, preferably from the database (folder) itself and not as individual emails. Microsoft Outlook emails should be delivered for each custodian in PST format; Lotus Notes emails should be delivered in NSF format. Other emails should be produced in comparable formats.
    c. If your company maintains responsive information in a commercially available software format for spreadsheets, word processing documents, presentations, photographs, etc. (e.g., Microsoft Excel, Corel WordPerfect)
        i. Files should be delivered in their native format.
        ii. Native files should be collected using a method that preserves all of the files' metadata, folder location and generates a "hash" value for verification that an exact copy of the file was collected.
        iii. Files should be organized on the media in folders by component and custodian

OIG Subpoena Number

        iv. AutoCAD Files, GIS Data, and other compound files should be produced in native format on its own media. A native file viewer should also be included in order to view the data.
    d. If your company maintains responsive information in an enterprise database or archiving system, the system must be made available to the government for inspection including any manuals, field lists, data dictionaries, indices, etc. for the government to use to formulate methods for identifying and extracting responsive information into a usable form. Information identified as responsive within the system must be extracted in a forensically sound manner and provided with documentation of the procedures used to identify and extract the responsive information from the system.
    e. Your company shall not de-duplicate its production without consultation with and approval of this agency.
    f. Label all media with the name of your company, the source of the information, and a tracking number.
    g. Ensure that all submissions of electronic data are free of computer viruses and that all passwords protecting files or media are removed or provided with the media.

14. If you have any questions regarding the scope, meaning or intent of these instructions, contact:

        Kevin Laden
        Associate General Counsel
        Office of Inspector General
        United States Department of the Interior
        1849 C Street, NW, MS 4428
        Washington, DC 20240
        (202) 208-6466
        kevin_laden@doioig.gov

OIG Subpoena Number

**Definitions:**

1. "BP" means any and all of the following: BP Exploration & Production, Inc.; BP PLC; any entity names and any variations thereof of that entity; any and all predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, committees, partnerships, joint ventures, units or offices of any such entity; and its past and present officers, directors, trustees, employees, agents, consultants, contractors, subcontractors, attorneys, representatives, and other persons acting on its behalf, excluding any entity that provides a remote computing service to the public under 18 U.S.C. § 2711(2).

2. "Document" is broadly defined to mean any written, recorded, or graphic material in any form, whether prepared by you or by any other person or process, including but not limited to: printed material of any kind, letters, memoranda, telegrams, communications, interviews, transcripts, books, files, records, analyses, journals, diaries, ledgers, manuals, calendars of any kind, schedules, drawings, graphs, charts, diagrams, illustrations, maps, plans, blueprints, schematics, Photostats, testing data, facsimiles, correspondence, notes, notebooks, logs, logbooks, visitor books or logs, business cards, minutes of meetings, meeting agendas, surveys, lists, tabulations, compilations, reports, outlines, drafts, schedules, pamphlets, newsletters, flyers, contracts, agreements, bills, invoices, receipts, purchase orders, work requests, work orders, photographs, photocopies, microfilm, microfiche, computer printouts, movies, audio and video recordings, electronic files and data compilations, database records, electronic communications, magnetic tapes, computer discs (including CDs, CD-Rs, DVDs, DVD-Rs, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means. As indicated in the "Instructions" section, documents include preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations. This subpoena does not request the contents of any unretrieved or other communications that are in electronic storage as defined at 18 U.S.C. § 2510(17).

3. "Concerning," "relating to," "related to," "pertaining to," or "referring to" includes analyzing, discussing, describing, evidencing, constituting, reporting on, commenting on, inquiring about, setting forth, explaining, considering, mentioning, regarding, and alluding to, in whole or in part, the matter requested.

4. The "Block 252 Lease" refers to the United States Department of the Interior Minerals Management Service ("Minerals Management Service") Oil and Gas Lease of Submerged Lands under the Outer Continental Shelf Lands Act, Lease OCS-G 32306, pertaining to Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10.

5. The "Deepwater Horizon" refers to the mobile offshore drilling unit (MODU) of that name, or any component thereof, as well as any vessel, vehicle, aircraft or other

OIG Subpoena Number

    equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources pursuant to the Block 252 Lease.

6. The "Transocean Marianas" refers to the mobile offshore drilling unit (MODU) of that name, or any component thereof, as well as any vessel, vehicle, aircraft or other equipment used in connection with the process of drilling, developing, and/or producing oil and gas resources pursuant to the Block 252 Lease.

7. The "April 20, 2010 event" refers to all events on that date at or in connection with the Block 252 Lease and the Deepwater Horizon, including the explosion and fire aboard the Deepwater Horizon and the surrounding circumstances.

8. The "Department of Interior" and "DOI" refer to the United States Department of the Interior and all its subdivisions including, but not limited to, the Minerals Management Service, the Bureau of Ocean Energy Management, the Bureau of Safety and Environmental Enforcement, the Office of Natural Resources Revenue, and the Bureau of Ocean Energy Management, Regulation, and Enforcement.

9. The "Damon B. Bankston" refers to the supply vessel of that name, or any component thereof.

                                                  ########

OIG Subpoena Number

**Materials to be Produced:**

1. All casing, drill string, and other pipe from the Block 252 Lease. This item does **not** include casing, drill string, or other pipe from the two relief wells drilled after April 20, 2010. In the alternative, your company may permit DHCIT and FBI/ERT agents presently on site at the Block 252 lease to take custody of the casing and drill string as it is recovered from the well.

OIG Subpoena Number