IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|   |   |
|---|---|
| In re: Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010 ) ) ) ) ) | MDL Docket No. 2179<br><br>Section: J |
| This Document Relates to: No. 10-1497, No. 10-1630 ) ) ) ) ) ) ) | Judge Barbier<br>Mag. Judge Shushan |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**

**INTRODUCTION**

Plaintiff Gulf Restoration Network ("GRN Plaintiff") has filed two complaints, *Gulf Restoration Network Inc. et al. v. Salazar et al.*, No. 1497 ("GRN I"), on May 18, 2010, and *Gulf Restoration Network Inc. et al. v. Department of the Interior et al.*, No. 1630 ("GRN II"), on June 3, 2010 (collectively "GRN Cases"), invoking the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, to challenge certain actions taken by the U.S. Department of Interior, the Secretary of the Department of the Interior, the Assistant Secretary for Land and Minerals Management, and the Director and Regional Director of the Bureau of Ocean Energy Management, Regulation, and Enforcement ("Federal Defendants"). GRN I challenges the validity of a 2008 Notice to Lessees, and GRN II challenges the approval of BP's 2009 Oil Spill Response Plan. On August 13, 2010, these cases were consolidated with the above-captioned Multi-District Litigation proceeding ("MDL"), Dkt. #15, and Federal Defendants subsequently

1

moved to sever the APA cases from the MDL because, as record review cases, they are markedly different from the other MDL cases. Dkt. #174. At least until the Court rules upon that motion, however, Federal Defendants in these administrative record review cases are subject to discovery requests filed in the consolidated action, even though discovery is not authorized in APA cases absent extraordinary circumstances that have not been demonstrated in the GRN cases.

On October 10, 2010, plaintiffs in the MDL proceeding ("MDL Plaintiffs") filed a motion to amend Pretrial Order No. 1 in order to serve an omnibus discovery request on all defendants requiring production of documents and information and to serve interrogatories, Dkt. #509, and on October 15, 2010, this Court granted that motion. Dkt. #565. In APA cases, however, discovery of this nature is not permitted under rules limiting judicial review to the administrative record; no circumstances that warrant an exception to the record review rule have been or could be shown at this stage of the litigation; and the requests contained in the omnibus discovery request do not relate to any of the claims asserted in the GRN Cases. Accordingly Federal Defendants move under Federal Rule of Civil Procedure 26(c) for a protective order barring discovery in the GRN Cases and limiting review to the administrative records to be lodged in those cases, at least until such time as a plaintiff rightfully establishes an exception to the rule which limits judicial review to the administrative record in APA cases.

## ARGUMENT

A protective order is required in response to MDL Plaintiffs' omnibus discovery request. Given the statutorily-limited nature of APA review and established standards restricting the use of extra-record evidence and record supplementation, discovery is not appropriate in the GRN Cases and a protective order should be issued.

The decision to enter a protective order is within the district court's discretion. *Thomas*

*v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  Under Rule 26(c), a court may issue a protective order upon a showing of good cause by the movant.  Fed. R. Civ. P. 26(c)(1); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).  Here, good cause exists for the Court to issue a protective order because the omnibus discovery request now pending (and future requests that are likely to be served in the MDL proceeding) seek discovery that is prohibited by the APA, which limits judicial review to the administrative record before the agency at the time of its decision.  Moreover, the administrative records in these APA cases have not yet been lodged and no exception to the record review rule could possibly be established at this stage of the litigation.  In addition, the MDL Plaintiffs' did not intend for the United States to provide responses to the omnibus discovery request in the first place.

## I. Judicial Review Under the APA is Limited to the Federal Defendants' Administrative Records.

The GRN Cases both assert claims against the Federal Defendants under the APA, which explicitly circumscribes the scope and standard for judicial review.  In considering claims brought under the APA, a court is to "review the whole record or those parts of it cited by a party."  5 U.S.C. § 706; *accord Medina Co. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).  The Supreme Court has repeatedly emphasized the strict limitations the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review.  If that finding is not sustainable on the administrative record made, then the [agency's] decision must be vacated and the matter remanded to [the agency] for further consideration." *Camp v. Pitts*, 411 U.S. 138, 143 . . . (1973).

*Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 549 (1978).  Therefore,

"the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *accord Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Sierra Club v. U.S. Fish and Wildlife Serv.*, 245 F.3d 434, 444 (5th Cir. 2001).

Accordingly, the Fifth Circuit has explained that, in the context of a challenged agency action, "[j]udicial review has the function of determining whether the administrative action is consistent with the law – that and no more." *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214-15 (5th Cir. 1996). "If the agency decision cannot be sustained on the administrative record, then the case should be remanded to the agency for further consideration." *United Tex. Transmission Co. v. U.S. Army Corp. of Eng'rs*, 7 F3d 436, 445 (5th Cir. 1993).

The "whole" administrative record, in turn, consists of all documents and materials directly or indirectly considered by agency decision-makers. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *Williams v. Roche*, No. Civ.A. 00-1288, 2002 WL 31819158, *3 (E.D. La. Dec. 12, 2002). The agency's determination of what constitutes the whole record under this standard is entitled to a presumption of regularity. *See Bar MK Ranches*, 994 F.2d at 740. Accordingly, the parties' arguments and the Court's judicial review should properly be limited in this case to a review of the administrative records to be prepared and submitted by the Federal Defendants.

## II. MDL Plaintiffs' Omnibus Discovery Request Does Not Fall Within Any Exception to the Administrative Record Rule; In Any Event, It Would Be Premature For the Court to Decide Now Whether An Exception Applies.

A party moving for the consideration of extra-record materials must show that those materials are essential for effective judicial review and that one of the recognized exceptions to the record-review doctrine applies. *See Pacific Shores Subdivision Cal. Water Dist. v. U.S. Army*

4

*Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (explaining that the supplementation of an incomplete record consists of "adding to the volume of the administrative record with documents the agency considered," whereas allowing extra-record review consists of "viewing evidence outside of or in addition to the administrative record that was not necessarily considered by the agency."). "Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Co. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

At this stage of the litigation, MDL Plaintiffs are not in a position to make any showing because the administrative records that will provide the basis for review of GRN Plaintiff's APA claims are not yet before this Court.[1] The omnibus discovery request filed by MDL Plaintiffs cannot satisfy any exception to the record rule for one straightforward reason: the administrative records have not yet been lodged in these cases. No claim of exception can be considered by the Court until the Court first determines whether the records provided by the Federal Defendants are adequate. Prior to lodging those records, any determination regarding their sufficiency would be speculative and without a basis in fact or law. *See Williams*, 2002 WL 31819158 at *3 (finding that, since defendant had not yet lodged the administrative record, "neither plaintiff nor the court can tell at this time what discovery of information outside the administrative record, if any, might be permitted").

Even assuming that the issue was ripe for the Court's consideration, the court and parties

---

[1] As previously suggested in the memorandum in support of the Motion to Sever, Dkt. #174-1 at 13, Federal Defendants would propose that the parties submit a proposed schedule to the court to govern any future proceedings in the GRN Cases, which would include a deadline for lodging and producing the administrative records.

may look outside the administrative record specified by the agency only under limited circumstances. *Id.* Among the limited circumstances are 1) "when it appears that the agency relied on substantial materials not included in the record or when the procedures used and factors considered by the decisionmaker require further explanation for effective review," 2) "to explore whether the agency considered other evidence, either directly or indirectly, in reaching its decision and to determine whether the administrative record is actually complete," 3) "when there is a strong showing of bad faith or improper behavior," or 4) "when discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." *Id.*

Here, the MDL Plaintiffs cannot at this time establish (and have not even attempted to establish) any of the four recognized exceptions to the record rule. MDL Plaintiffs have not made a showing that the agency relied on substantial materials not included in the record, or that the procedures used and factors considered by the Federal Defendants require further explanation in order to provide effective review in the GRN Cases. MDL Plaintiffs cannot ask the Court to make a determination that the not-yet-filed administrative records are not complete, thus requiring an exploration of other evidence that may have been considered by the agencies. Finally, MDL Plaintiffs have not made any showing of bad faith or improper behavior and the circumstances do not show that discovery will provide the only possibility for effective judicial review. The agency in these cases made contemporaneous administrative findings, and those findings, along with their administrative records, will be lodged with this Court in due course. The sufficiency of those records may be addressed at that time.

**III.    Plaintiffs Did Not Intend that the United States Would Furnish Responses to the Omnibus Discovery Request.**

On November 10, 2010, counsel for Federal Defendants in GRN I and GRN II conferred

with Plaintiffs' Liaison Counsel regarding the protective order. In response, Plaintiffs' Liaison Counsel confirmed "that it was not Plaintiff Liaison Counsel's intention, in drafting and serving the Initial Omnibus Discovery Requests, that responses to such requests would be furnished by any officers or agents of the United States." *See* Nov. 11, 2010, E-mail from Steve Herman (attached as Ex. A). For this reason alone, Federal Defendants' motion for a protective order with respect to the omnibus discovery request should be granted.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request the Court issue a protective order barring the applicability of discovery requests in the GRN Cases and limiting judicial review to the administrative records to be filed with the Court in these matters. Respectfully submitted this 15th day of November, 2010.

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Kristofor R. Swanson*
STACEY M. BOSSHARDT
JOANNA K. BRINKMAN
BRIAN M. COLLINS
GUILLERMO A. MONTERO
KRISTOFOR R. SWANSON, Trial Attorney
Col. Bar No. 39378
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 514-2912/(fax)(202) 305-0506

JIM LETTEN
UNITED STATES ATTORNEY

*/s/ Peter M. Mansfield*
PETER M. MANSFIELD (28671)

7

>Assistant United States Attorney
>Hale Boggs Federal Building
>500 Poydras St., Ste. 210B
>New Orleans, LA 70130
>Tele: (504) 680-3047
>Fax: (504) 680-3184
>Peter.Mansfield@usdoj.gov
>
>Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Protective Order and accompanying Memorandum in Support have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of November, 2010.

>*/s/ Kristofor R. Swanson*
>Kristofor R. Swanson