IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: Oil Spill by the Oil Rig DEEPWATER | ) | MDL Docket No. 2179 |
| HORIZON in the Gulf of Mexico on April | ) | |
| 20, 2010 | ) | Section: J |
| | ) | |
| This Document Relates to: No. 10-1497, | ) | Judge Barbier |
| No. 10-1630 | ) | Mag. Judge Shushan |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
EXCEPTION FROM COURT'S CONTINUANCE ON PENDING MOTIONS**

Federal Defendants in Case Nos. 10-1497 and 10-1630 hereby request that the Court lift

its continuance on all pending motions, as ordered in Pre-Trial Order No. 15, with respect to

their Motion to Sever or, In the Alternative, to Assign Cases to Separate Tracks (Dkt. #174) and

Motion for Protective Order (Dkt. #735).  Given the premise of both motions—that, as cases

brought under the Administrative Procedure Act, the two actions are not appropriate for

inclusion in the MDL or for discovery—a ruling from the Court is necessary for the parties to

proceed in both actions.

## FACTUAL BACKGROUND

Plaintiffs Gulf Restoration Network and Sierra Club ("GRN Plaintiffs") filed cases 10-

1497 ("GRN I") and 10-1630 ("GRN II") on May 18, 2010, and June 3, 2010, respectively.[1]

Both cases are brought under the Administrative Procedure Act ("APA").  *See* GRN I Compl.

(Dkt. #1 in Case No. 10-1497); GRN II Am. Compl. (Dkt. #432).  On August 13, 2010, both

---

[1] The GRN Plaintiffs filed an amended complaint in GRN II on July 30, 2010.  *See* Dkt. # 432.

GRN I and GRN II were included in the MDL as related cases.  *See* Dkt. #15.  Federal

Defendants subsequently moved to sever the two cases from the MDL, noticing a hearing date of

September 29, 2010.[2]  *See* Dkt. #174.  The Court's October 19, 2010, Case Management Order

No. 1 (Dkt. #569), ordered that the MDL plaintiffs were deemed to have served an initial set of

omnibus discovery requests on all defendants as of October 15, 2010 (*see* Dkt. #510-1).  On

November 5, 2010, the Court issued an order continuing, without date, all pending and future

motions in the MDL, unless specifically excepted from the continuance by the Court.  Pre-Trial

Order No. 15, Dkt. #676.  On November 15, 2010, Federal Defendants filed a motion for a

protective order from the omnibus discovery request.  Dkt. #735.

## ARGUMENT

A ruling from the Court on Federal Defendants' two pending motions is necessary before

litigation with respect to either GRN I or GRN II can proceed.  The two motions should therefore

be excepted from the Court's current continuance of motions.

First, a determination from the Court on whether the two cases are properly a part of the

MDL is a procedural necessity.  Cases brought under the APA are adjudicated on cross-motions

for summary judgment in consideration of the agency's administrative record.  *See La. Envtl.*

*Soc'y, Inc. v. Dole*, 707 F.2d 116, 119 (5th Cir. 1983); *Cmty for Creative Non-Violence v. Lujan*,

908 F.2d 992, 998 (D.C. Cir. 1990).  The present MDL schedule does not provide for the filing

of administrative records or judicial review thereof.  *See* Dkt. #569-1.  Thus, depending on the

Court's determination with respect to the Motion to Sever, the present schedule will need to be

amended, or GRN I and GRN II will need to be removed from the MDL and set on a traditional

---

[2]  The Defendant-Intervenors in GRN I have also filed a motion to deconsolidate that case from
the MDL.  Dkt. #59.

APA litigation schedule.[3]

Second, a ruling is necessary to clarify Federal Defendants' obligations with respect to discovery.  As explained in the Motion for Protective Order, discovery is generally not appropriate in cases brought under the APA.  *See* Dkt. #735.  The Supreme Court has repeatedly emphasized the strict limitations the APA imposes on judicial review. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 549 (1978).  "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *accord Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Sierra Club v. U.S. Fish and Wildlife Serv.*, 245 F.3d 434, 444 (5th Cir. 2001).  The Fifth Circuit has explained that, in the context of a challenged agency action, "[j]udicial review has the function of determining whether the administrative action is consistent with the law –  that and no more."  *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214-15 (5th Cir. 1996).  Accordingly, the parties' arguments and the Court's judicial review should properly be limited in this case to a review of the administrative records to be prepared and submitted by the Federal Defendants.  The omnibus discovery request is presently before Federal Defendants, and numerous similar requests will certainly be made in the MDL over the coming months.  A ruling on the Federal Defendants' present motions will provide certainty as to the applicability of these discovery requests in GRN I and GRN II, as well as avoid unnecessary expenditure of discovery resources.

### CONCLUSION

Based upon the foregoing, as well as the reasoning set forth in Federal Defendants'

---

[3]  As previously suggested in their memorandum in support of the Motion to Sever, Dkt. #174-1 at 13, Federal Defendants would propose that the parties submit proposed schedules to the court to govern any future proceedings in the GRN Cases, which would include a deadline for lodging and producing the administrative records.

Motion to Sever and Motion for Protective Order, the two motions should be excepted from the

Court's current continuance of motions and calendared for ruling.


Respectfully submitted this 15th day of November, 2010.


IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Kristofor R. Swanson*
STACEY M. BOSSHARDT
JOANNA K. BRINKMAN
BRIAN M. COLLINS
GUILLERMO A. MONTERO
KRISTOFOR R. SWANSON, Trial Attorney
Col. Bar No. 39378
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 514-2912/(fax)(202) 305-0506

JIM LETTEN
UNITED STATES ATTORNEY

*/s/ Peter M. Mansfield*
PETER M. MANSFIELD (28671)
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras St., Ste. 210B
New Orleans, LA 70130
Tele: (504) 680-3047
Fax: (504) 680-3184
Peter.Mansfield@usdoj.gov

Attorneys for Federal Defendants

4

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Protective Order and accompanying Memorandum in Support has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of November, 2010.

*/s/ Kristofor R. Swanson*
Kristofor R. Swanson