UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**RESPONSE OF BP EXPLORATION & PRODUCTION INC. TO MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING APPLICABILITY OF LIMIT OF LIABLITY UNDER OIL POLLUTION ACT OF 1990**

Defendant BP Exploration & Production Inc. ("BP") submits the following response to plaintiffs' motion for partial summary judgment (Record Doc. No. 631) filed on November 1, 2010.

1. BP stands behind its October 18, 2010, statement filed with the Court (Record Doc. No. 559) regarding the $75 million limit of liability under the Oil Pollution Act, 33 U.S.C. § 2704(a)(3). In that regard, BP consistently has said it would pay all legitimate claims, regardless of the OPA statutory limit of liability. To this end, BP already has paid claims many times over the OPA limit and will live up to its public commitment to pay all legitimate OPA claims made in connection with the *Deepwater Horizon* incident and the resulting oil spill. Accordingly, as stated on October 18, BP and its affiliates will not assert the statutory limitation on liability under OPA; however, by making this statement, BP and its affiliates are

117807908.

not admitting anything about their conduct and, indeed, specifically deny that they have engaged in any gross negligence in connection with the *Deepwater Horizon* incident and the resulting oil spill.

2. Based on the foregoing, the plaintiffs' motion for partial summary judgment (Record Doc. No. 631) is unnecessary. There is no issue on which the Court need rule. There is no contested or ripe issue before the Court — that is, BP is not asserting the OPA cap on liability, and there thus is nothing for the Court to decide in that regard. Perhaps the best illustration of this point is that the plaintiffs also request Rule 54(b) certification of the same issue on which they seek partial summary judgment. Plaintiffs' Mot. for Partial S.J. at 2 (Record Doc. No. 631). Such a Rule 54(b) certification would be pointless because the purpose of such certifications is to allow an interlocutory appeal to be taken over a certified final judgment of fewer than all claims. But because there is no adversity on the issue involved in the plaintiff's motion, no party would have standing to appeal from the resulting judgment.

3. In addition, the motion is procedurally improper and premature. Under PTO #11 (Record Doc. No. 569), the plaintiffs will not be filing master complaints in these matters until December 15, 2010, and the responsive pleadings of BP and other defendants are not due to be filed until January 18, 2011. (PTO #11, at IV(A) and (B).) Neither BP nor its affiliates have filed an answer to any master or other complaint in which BP (or its affiliates) have raised as a defense the OPA liability limit issue that plaintiffs' motion addresses. Accordingly, there is no claim or defense presented on the pleadings for the Court to rule upon. BP has filed a statement with the Court stating unequivocally that it will not raise such a defense. The motion for partial summary judgment is premature, and may never be ripe, as there is no issue in dispute that the Court needs to address.

4.  Recognizing that a summary judgment motion attacking a defense that has not been raised by a responsive pleading makes no sense, the Federal Rules do not require BP to respond to the motion at this time.  Under Rule 56(c)(1)(B), no response to a summary judgment motion need be filed by BP until 21 days after it files a responsive pleading.  In particular: "a party opposing the motion must file a response within 21 days after the motion is served **or a responsive pleading is due, whichever is later.**"  (emphasis added).  The time limits for motions of Local Rule 7 do not apply where Rule 56(c)(1)(B) provides the applicable schedule.  Hence, BP files this response consistent with the November 12, 2010, decision by the Court setting the plaintiffs' motion for argument (Record Doc. No. 716).

5.  Accordingly, the Court should (i) deny the present motion as premature and remove the matter from argument at the next status conference, or alternatively, (ii) set a schedule for responding to the motion for partial summary judgment (Record Doc. No. 631) that is in accordance with Rule 56(c)(1)(B).  If (as BP has stated to the Court) the defense at issue is not raised on the pleadings, the Court will never need to rule on a summary judgment motion that need never to be brought.

Respectfully submitted,

By: /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
(dkhaycraft@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkeithjarrett@liskow.com)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000


**Attorneys for BP America Inc., BP America Production Company, and BP Exploration & Production Inc.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

        /s/ Don K. Haycraft
        Don K. Haycraft