34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 116 434

DIVISION "D"

**LIONEL SERIGNE AND JOAN SERIGNE**

VERSUS

**LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC., BP EXPLORATION & PRODUCTION, INC., BP AMERICA, INC. AND BP PRODUCTS NORTH AMERICA INC.**

FILED: SEP 03 2010 8:50 DEPUTY CLERK: Lana R. Torres

**PETITION FOR DAMAGES FOR FAILING TO PAY RENT, FAILING TO PAY ELECTRICITY, FOR LOSS OF CAMPER RENTALS AND FOR UNFAIR TRADE PRACTICES**

The petition of Lionel Serigne and Joan Serigne, both persons of the full age majority and residents of the Parish of St. Bernard, with respect, represents that:

1.

Defendant, Loupe Construction and Consulting Company, Inc., hereinafter referred to as "Loupe", is a domestic corporation authorized to do and doing business in the Parish of St. Bernard, State of Louisiana; defendants, BP Exploration & Production, Inc., hereinafter referred to as "BP1", BP America, Inc., hereinafter referred to as "BP2", and BP Products North American, Inc., hereinafter referred to as "BP3", are authorized to do and doing business in the Parish of St. Bernard, State of Louisiana; and defendants are liable in solido to your petitioners for the amounts claimed herein, including interest from the date of judicial demand, expert fees and all costs, for the following reasons, to wit:

2.

Plaintiffs, Lionel Serigne and Joan Serigne, who are husband and wife and share in the community of acquets and gains, do business as Serigne's Boat Launch in Delacroix, Louisiana, at 5933 Delacroix Highway, where they own approximately four to five acres of ground on the east side of the highway which serves as a parking lot for commercial and sport fishers. Further, in the rear of the property, are thirteen slabs where tenants are allowed to park their campers and are leased at $200.00 per site, per month, and at the time of BP's use of the property, all sites were full and all tenants were fully paid. Further, plaintiffs Serigne have approximately 140 feet of dock on Bayou Terre Aux Boeufs, in addition to two boat ramps.



EXHIBIT 1

3.

On approximately May 1, 2010, plaintiff Lionel Serigne was approached by Harland Ross, who said he was a representative of BP, not specifically naming any of the corporate entities herein known as BP1, BP2 or BP3.

4.

Upon information and belief, plaintiffs allege that Harland Ross was an agent, an employee and under the direction and control of defendants, both Loupe, BP1, BP2 and BP3. Specifically, Harland Ross stated to Lionel Serigne that he needed Serigne's land, as it would serve as a staging area for BP to place boom and work the oil spill.

5.

Harland Ross, as a representative of the defendants, offered to lease this land for $2,500.00 per day. Plaintiff, Lionel Serigne, refused this offer and said he would lease it for $3,000.00 per day. Harland Ross then made a phone call to get authorization to raise the offer to $3,000.00 per day, he made the offer of $3,000.00 per day, and plaintiff, Lionel Serigne, accepted it. Further, there was an offer of 12¢ per foot, per day, for the use of the 140' dock on Bayou Terre Aux Boeufs.

6.

Harland Ross promised that there would be a written contract, with these terms, in the mail immediately. Plaintiff, Lionel Serigne, wishing to cooperate with the clean up of BP's oil spill, consented to the immediate occupation of his land by representatives of Loupe, BP1, BP2, and BP3.

7.

Further, plaintiff Lionel Serigne was instructed by representatives of Loupe, BP1, BP2, and BP3, to remove the thirteen campers that were each paying a monthly rental of $200.00 per site.

8.

Representatives of defendants, Loupe, BP1, BP2, and BP3, advised that the contract called for Lionel Serigne to provide diesel and gasoline fuel to boats operated by Loupe, BP1, BP2, and BP3.

9.

Representatives of defendants, Loupe, BP1, BP2, and BP3 advised that they were having difficulty dropping a meter and electric line to service the land. Plaintiffs, to facilitate this, had a meter installed under their name and have been billed approximately $1,000.00 per month since the installation of the meter. None of these funds, approximately $4,000.00, have been paid as of September 2, 2010.

10.

Although constantly advised by agents and employees of defendants, Loupe, BP1, BP2 and BP3, that a lease was in the mail, making such statements, "Didn't you receive the lease", "You should have received the lease", "I know you received the lease" and then they would quote conditions that were allegedly in the lease, such as, provision of fuel and electricity.

11.

Defendants, BP, occupied the land and received the services from plaintiffs, Lionel Serigne and Joan Serigne, without a written lease, but had a firm, gentlemen's handshake that Loupe, BP1, BP2 and BP3 would live up to the agreements made.

12.

Shortly prior to filing this lawsuit, defendants, Loupe, BP1, BP2 and BP3 were $74,000.00 behind on reimbursing plaintiffs for the fuel costs. Since demand letters were written and faxed to attorneys for BP and Alvin P. Loupe of Loupe Construction and Consulting Company, Inc., on August 27, 2010, this amount has been paid in separate payments of $60,000.00 and $14,000.00, all occurring after demand was made.

13.

Upon information and belief, Mr. Loupe, as the president of Loupe Construction and Consulting Company, Inc., was a co-contractor with BP, a co-obligor on the lease, and in those capacities, all BP defendants and defendant, Loupe Construction and Consulting Company, Inc., are liable to plaintiffs, Lionel Serigne and Joan Serigne, for the amounts claimed herein.

14.

Because of the breach of the oral lease between the defendants and the Serignes, the Serignes claim damages, as follows:

1. Failing to pay $372,000.00 for the verbal lease from May 1, 2010 to September 2, 2010, a period of 124 days at $3,000.00 per day;

2. Failing to pay for the providing of electricity, approximately $4,000.00 during the same time period; and

3. Any damage to their property as a result of removing items that are fixed and permanently installed to the Serigne property.

15.

Defendants, Loupe, BP1, BP2 and BP3, have set upon a course of conduct to deprive not only plaintiffs, Lionel Serigne and Joan Serigne, of their property rights, their lease payments, but also have done the course and conduct with Amigo Enterprises, Inc., d/b/a the Breton Sound Marina and others in Louisiana.

16.

Both the Serignes and Breton Sound Marina have expended funds and have received no lease payments for the use of their property.

17.

This is direct evidence that the defendants have set upon a course of conduct that is in violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, particular sited as La. R.S. Title 51:1401 to 1420, which allows for treble damages and attorney's fees.

18.

Plaintiffs, Lionel Serigne and Joan Serigne, can prove that the defendants are taking unfair advantage of the unequal bargaining position of plaintiffs, as opposed to the fourth largest corporations in the world, including the Louisiana corporation, Loupe. That these defendants have set about a course of conduct that violates Louisiana's Unfair Trade Practice and Consumer Protection Law and plaintiffs are entitled to damages as follows:

1. Mental anguish;
2. Stress;
3. Anxiety;
4. Diminishment of their business income;
5. Injury to their trade name and good will;
6. Interference with their future income; and
7. Attorney's fees.

19.

Plaintiffs are unaware of whether or not the defendants have been put on notice by the Executive Assistant to the Governor in charge of Consumer Affairs or the State Attorney General of their unfair practices as to allow for treble damages.

20.

Plaintiffs, in the alternative, pleads that defendants have been put on such notice, and as such, plaintiffs are entitled to treble damages for the claims contained herein.

WHEREFORE, plaintiffs, Lionel Serigne and Joan Serigne, pray that after service and due proceedings are had herein, there be judgment in their favor and against the defendants, Loupe Construction and Consulting Company, Inc., BP Exploration & Production, Inc., BP America, Inc. and BP Products North America, Inc., jointly, severally and in solido, for damages and treble

damages together with interest from the date of judicial demand, for expert fees, for all costs of these proceedings, for attorney's fees and for all general and equitable relief.

WAYNE M. LeBLANC
A PROFESSIONAL LAW CORPORATION
Bar Roll Number 08210
3016 19th Street, Suite A
P. O. Box 8573
Metairie, LA 70011
Phone: (504)834-3772
Fax: (504)834-3791

PLEASE SERVE:

LOUPE CONSTRUCTION AND CONSULTING COMPANY, INC.
through its agent for service and process:
ALVIN P. LOUPE
125 Shirley Lane
Reserve, Louisiana 70084

BP EXPLORATION & PRODUCTION, INC.
Through is agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

BP AMERICA, INC.
Through its agent for service and process:
CT CORPORATION SYSTEM
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana 70808

BP PRODUCTS NORTH AMERICA, INC.
Through its agent for service and process:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129