UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION: J |
| This Document Relates To: | | § § | |
| | | § | JUDGE BARBIER |
| Civil Action No. 10-3188 - *Nguyen, et al. v. BP Exploration and Production, et al.* | | § § § | MAG. JUDGE SHUSHAN |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Cuch Nguyen and all individuals named in Exhibit A, attached hereto, file this their Second Amended Complaint against Defendants BP, p.l.c.; BP Exploration and Production, Inc.; BP America, Inc.; BP Products North America, Inc.; Transocean, Ltd.; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; Halliburton Energy Services, Inc. and Cameron International Corporation f/k/a Cooper Cameron Corporation; and in support of their causes of action, respectfully show the following:

**I.
PARTIES**

**A.     Plaintiff**

1.1    Plaintiffs Cuch Nguyen and all individuals named in Exhibit A, attached hereto, are commercial fishermen, including shrimpers and oystermen, who own or work on commercial fishing boats that operate in the area affected by Defendants' conduct.

**B.     Defendants**

1.2    Defendant BP p.l.c. is a foreign corporation doing business in Texas, and is

1

incorporated under the laws of England.  Service of process on Defendant BP p.l.c. is proper through the means authorized by the Hague Convention On the Service Abroad of Judicial Extrajudicial Docs in Civil or Commercial Matters.

1.3     Defendant BP Exploration and Production, Inc. is a foreign corporation doing business in Texas and maintains its principal place of business in the Southern District of Texas at 501 Westlake Park Boulevard, Houston, Texas 77079.  Defendant BP Exploration and Production Inc. was previously served in connection with Plaintiffs' Original Complaint.

1.4     Defendant BP America, Inc. is a foreign corporation doing business in Texas and maintains its principal place of business in the Southern District of Texas at 501 Westlake Park Boulevard, Houston, Texas 77079.  Defendant BP America, Inc. was previously served in connection with Plaintiffs' Original Complaint.

1.5     Defendant BP North America, Inc. is a foreign corporation doing business in Texas and maintains its principal place of business in the Southern District of Texas at 501 Westlake Park Boulevard, Houston, Texas 77079.  Defendant BP Products North America, Inc. was previously served in connection with Plaintiffs' Original Complaint.

1.6     Defendant Transocean, Ltd. is a foreign corporation doing business in Texas, and is incorporated under the laws of Switzerland. Service of process on Defendant Transocean, Ltd. is proper through the means authorized by the Hague Convention On the Service Abroad of Judicial Extrajudicial Docs in Civil or Commercial Matters.

1.7     Defendant Transocean Deepwater, Inc. is a foreign corporation doing business in Texas and maintains its principal place of business in the Southern District of Texas at 4 Greenway Plaza, Houston, Texas 77046.  Defendant Transocean Deepwater, Inc. was previously served in connection with Plaintiffs' Original

Complaint.

1.8     Defendant Transocean Offshore Deepwater Drilling, Inc. is a foreign corporation doing business in Texas and maintains its principal place of business in the Southern District of Texas at 4 Greenway Plaza, Houston, Texas 77046.  Defendant Transocean Offshore Deepwater Drilling, Inc. was previously served in connection with Plaintiffs' Original Complaint.

1.9     Defendant Halliburton Energy Services, Inc. is a foreign corporation doing business in Texas.  Service of process on Defendant Halliburton Energy Services, Inc. (hereinafter referred to as "Halliburton") By and through Registered Agent for Service CT Corporation System 350 North St. Paul Street, Ste 2900 Dallas, Texas 75201.

1.10    Defendant Cameron International Corporation f/k/a Cooper Cameron Corporation (hereinafter referred to as "Cameron") is a foreign corporation doing business in Texas and maintains it principal place of business in the Southern District of Texas at 1333 West Loop S # 1700 Houston, Texas 77027.  Defendant Cameron was previously served in connection with Plaintiffs' Original Complaint.

## II.
## JURISDICTION AND VENUE

2.1     Jurisdiction is appropriate in this Court by virtue of 28 U.S.C. § 1332(d)(3) and the Class Action Fairness Act ("CAFA").  At least one Plaintiff is a citizen of a different state than at least one Defendant, and the aggregated amount in controversy in this action exceeds five million dollars, ($5,000,000), exclusive of interest and costs.

2.2     Venue is proper in the Eastern District of Louisiana for pretrial purposes pursuant to Conditional Transfer Order 3 of MDL No. 2179, "In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.

## III.
## FACTUAL ALLEGATIONS

3.1     Upon information and belief, BP, p.l.c., BP Production and Exploration, Inc., BP Products North America, Inc., and BP America, Inc. (hereinafter collectively referred to as "BP") are the holders of an oil and gas lease granted by the Minerals Management Service.  BP leased Deepwater Horizon, a semi-submersible mobile drilling rig, from its owners/operators Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (hereinafter collectively referred to as "Transocean") to drill a well pursuant to the above mentioned lease.

3.2     Upon information and belief, on April 20, 2010 at approximately 10 p.m., an explosion and fire occurred on Deepwater Horizon, resulting in the sinking of the semi-submersible mobile drilling rig.  Prior to the explosion, Defendant Halliburton was engaged by BP and Transocean to conduct cementing operations on the well.  Although Halliburton had stated that it completed the final stage of cementation and integrity tests had been performed on the well, in fact, at the time of the explosion, placement of a final cement casing plug had not yet occurred.

3.3     Upon information and belief, after the explosion, the blowout preventer ("BOP"), a wellhead safety device manufactured by Cameron and used to seal pipes carrying subsea oil and gas, failed to properly engage and prevent the uncontrolled release of oil into the Gulf of Mexico.

3.4     Upon information and belief, the explosion and blowout preventer failure commenced an oil spill that has resulted in the daily release of approximately 12,000 to 19,000 barrels of oil per day into the Gulf of Mexico.  The size of the Deepwater Horizon oil plume has eclipsed ExxonValdez to become the largest oil spill in United States history.

3.5     Defendants knew of the dangers of deep water drilling, and the incidents described above were caused by the combined negligence of all named Defendants,

4

rendering them jointly, severally and *in solido* liable to Plaintiffs.

## IV.
## NEGLIGENCE – ALL DEFENDANTS

4.1 Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

4.2 Defendants were, directly or indirectly, negligent in the operation of the Deepwater Horizon in the Gulf of Mexico, and have negligently discharged millions of barrels of oil into the waters of the Gulf of Mexico. The resulting widespread contamination from the oil spill has devastated the economic livelihood of Plaintiffs.

4.3 Deepwater Horizon, its pipes, casing, the well it was drilling, and all of the related equipment and materials, including its safety and spill prevention devices, were in the care, custody, and control of Defendants at the time of the incidents giving rise to this action.

4.4 Defendants owed a duty of reasonable care to Plaintiffs to exercise reasonable care in the design, construction, operation, management, use, maintenance, and inspection of Deepwater Horizon, its pipes, casings, the well it was drilling, and all of the related equipment and materials, including its safety and spill prevention measures and devices.

4.5 Defendants, through their agents, servants and employees, further breached their duty by:

    a. Failing to properly operate the Deepwater Horizon;

    b. Failing to properly inspect the Deepwater Horizon to assure that its equipment were operable and fit for their intended purpose;

    c. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects or in proper working order;

      d.      Failing to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

      e.      Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

      f.      Failing to appropriately hire and adequately train personnel charged with operating Deepwater Horizon;

      g.      Failing to timely bring the oil release under control;

      h.      Failing to timely warn of the release of oil;

      i.      Failing to properly respond to the release and take necessary actions to mitigate the danger surrounding community; and

      j.      Such other acts of negligence and omissions as will be shown at the trial of this matter.

4.6    In the alternative, Plaintiff, reiterating and realleging each and every allegation set forth above, avers the applicability of the doctrine of *res ipsa loquitur*.

## V.
## GROSS NEGLIGENCE – BP, TRANSOCEAN, & HALLIBURTON

5.1    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

5.2    BP, Transocean, and Halliburton committed not only the acts and omissions of negligence enunciated above, but also acts of gross negligence, which are a proximate cause of the economic injuries sustained by Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

5.3     BP, Transocean, and Halliburton knew that their actions and omissions created unsafe and hazardous conditions.  BP, Transocean, and Halliburton did nothing to remedy the unsafe conditions even though they had knowledge of them prior to the incident.  BP, Transocean, and Halliburton's acts and omissions in this regard, when viewed objectively from the standpoint of BP, Transocean, and Halliburton, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.  BP, Transocean, and Halliburton had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs.

## VI.
## TEXAS PRODUCTS LIABILITY ACT - CAMERON

6.1     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

6.2     Plaintiffs bring claims against Cameron under the Texas Products Liability Act, Tex. Civ. Prac. & Rem. Code § 82.001, *et seq*.  Cameron designed, manufactured and supplied the defective BOP that was used on Deepwater Horizon and failed to operate as intended.  Plaintiffs allege that this BOP was defective as manufactured and designed and this defect was a proximate cause of the Deepwater Water oil spill and the economic injuries sustained by Plaintiffs.  Further, Cameron failed to warn the other Defendants that this BOP would not work as intended.

6.3     As a result of the oil spill, Plaintiffs have suffered the type of damages that may be recovered under the Texas Products Liability Act and any other applicable law, and they demand compensation therefore from Cameron in amounts to be determined by the trier of fact.

## VII.
## OIL POLLUTION ACT

7.1     In addition to the state claims alleged herein, Plaintiffs anticipate that they will ultimately assert a claim under the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*, but such claims are not yet ripe.

## VIII.
## DAMAGES

8.1     Prior to the incident described above, the Gulf of Mexico was one of the most prolific fishing grounds for Plaintiffs and was the source of large quantities of, among other species, Red Snapper and Grouper.  As a result of the above described incidents, the fisheries and other natural resources in the Gulf of Mexico have been harmed to the extent that Plaintiffs are prevented from commercially fishing in the Gulf of Mexico, and Plaintiffs have sustained economic harm in the form of lost profits or impairment of earning capacity.

8.2     Plaintiffs are entitled to recover such economic damages for this and future economic harm, and are also entitled to recover damages against Cameron compensable under the Texas Products Liability Act.

## IX.
## PUNITIVE DAMAGES

9.1     Because BP, Transocean, and Halliburton are guilty of gross negligence, it should have punitive damages assessed against it in an amount deemed appropriate by the jury.

## X.
## JURY DEMAND

10.1    Plaintiffs request a trial by jury.

## XI.
## PRAYER

11.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants

be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show to be entitled, whether at law or in equity.

    Respectfully submitted:

    /s/ Mikal C. Watts
    _____
    Mikal C. Watts
    ATTORNEY IN CHARGE
    State Bar No. 20981820
    Federal Bar No. 12419
    MCWatts@wgclawfirm.com

    J. Hunter Craft
    State Bar No. 24012466
    Federal Bar No. 24377
    HCraft@wgclawfirm.com

    Emily C. Jeffcott
    State Bar No. 24069993
    Federal Bar No. 1069933
    EJeffcott@wgclawfirm.com

WATTS GUERRA CRAFT LLP

    Robert C. Hilliard
    State Bar No. 09677700
    Federal Bar No. 5912
    Bobh@hmglawfirm.com

HILLIARD MUNOZ GONZALES, LLP

**ATTORNEYS FOR PLAINTIFFS**

    OF COUNSEL:

    WATTS GUERRA CRAFT LLP
    2506 North Port Avenue
    Corpus Christi, Texas 78401
    Phone: 361-693-3100

Fax:    361-882-1261

HILLIARD MUNOZ GONZALES, LLP
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: 361-882-1612
Fax: 361-882-3015

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above the above and foregoing Second Amended Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of November, 2010.

/s/ Mikal C. Watts
_____