# EXHIBIT C

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 2 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 1 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | C.A. NO. 4:10-cv-1721<br><br>Fed. R. Civ.P.9(h)<br><br>IN ADMIRALTY |

## SECOND AMENDED ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

Petitioners are Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro Hac Vice*, and/or Operators, of the MODU DEEPWATER HORIZON. Petitioners filed a Complaint and Petition for exoneration from and limitation of liability on May 13, 2010 [Rec. Doc. No. 1]. This Complaint and Petition involves the voyage of the DEEPWATER HORIZON that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the DEEPWATER HORIZON.

The Court has considered Petitioners' Complaint and Petition, along with the affidavits of value and pending freight filed with the Complaint and Petition. The Court finds adequate factual support that the value of Petitioners' interest in the DEEPWATER HORIZON and its pending freight at the end of the January 30, 2010 to April 22, 2010, voyage is TWENTY-SIX

56816:7084039

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 3 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 2 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 2 of 6

MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00).

The Court has ordered Petitioners to file an *Ad Interim* Stipulation in the amount of TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00), with Ranger Insurance Company acting as surety. Petitioners have filed the *Ad Interim* Stipulation, and the Court has approved the *Ad Interim* Stipulation. The *Ad Interim* Stipulation will serve as security for all claims made in this limitation proceeding, unless its amount or sufficiency is contested. If the amount or sufficiency of the *Ad Interim* Stipulation is contested, the Court will appoint a commissioner to appraise the value of Petitioners' interest in the DEEPWATER HORIZON and its pending freight. If the amount of the *Ad Interim* Stipulation is sufficient after the commissioner's appraisal, the *Ad Interim* Stipulation will serve as a Stipulation for Value. If the amount of the *Ad Interim* Stipulation is not sufficient after the commissioner's appraisal, the Court will enter an Order confirming the commissioner's appraisal. Within ten (10) days of that Order, Petitioners will pay into the Court's registry the aggregate amount or value of Petitioners' interest as the commissioner has determined or Petitioners will file a bond or Stipulation for Value in the usual form with surety in the aggregate amount or value of Petitioners' interest as the commissioner has determined. It is further,

ORDERED, that a directive issue out of an under the seal of this Court requiring that Notice be provided to all persons claiming damages for any and all losses, injuries, damages and destruction of property that occurred during the voyage of the DEEPWATER HORIZON that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 4 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 3 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 3 of 6

sinking of the DEEPWATER HORIZON. This Notice will require claimants subject to the Injunction, Stay and Restraining Order herein to file their respective claims with the Clerk of this Court, and to serve on or mail a copy of their claim to the attorney-in-charge for Petitioners, on or before November 15, 2010. The address for Petitioners' attorney-in-charge is: Frank A. Piccolo, Preis & Roy, A.P.L.C., Wesleyan Tower, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046. It is further,

ORDERED, that no claims may be filed after November 15, 2010, except for good cause. It is further,

ORDERED, that Petitioners will publish public Notice that they have filed their Complaint and Petition, along with Notice of how those having claims must file those claims in this proceeding. Petitioners will publish this public Notice in the Houston Chronicle, a newspaper of general circulation published in the City of Houston, Texas, and within the Southern District of Texas. Petitioners will publish this public Notice once a week for four consecutive weeks before November 15, 2010. It is further,

ORDERED, that Petitioners shall mail a copy of the public Notice to every person known to have made any claim or to have filed any actions against the DEEPWATER HORIZON or Petitioners arising out of the voyage of the DEEPWATER HORIZON that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 272, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the DEEPWATER HORIZON, along with a copy of the public Notice to these persons' attorneys. Petitioners shall mail this actual Notice to these persons and their attorneys no later than the date of the second publication of public Notice in the Houston Chronicle. It is further,

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 5 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 4 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 4 of 6

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings in any jurisdiction other than this Court against Petitioners, the DEEPWATER HORIZON, *in rem*, their agents, officers, representatives, and their underwriters or against any employee or property of Petitioners arising out of the voyage of the DEEPWATER HORIZON that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the DEEPWATER HORIZON are hereby ENJOINED, STAYED and RESTRAINED until the hearing and termination of these proceedings. This injunction does not apply to any claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, except for claims against Petitioners by OPA responsible parties as defined in 33 U.S.C. § 2701(32). This injunction does not apply to any claims, including those of private parties, asserted against Petitioners within the scope of 33 U.S.C. § 2718(a), inclusive, except for claims against Petitioners by responsible parties as defined in 33 U.S.C. § 2701(32). This injunction does not apply to any claims asserted against Petitioners by the United States, Indian Tribes, or a State or political subdivision of a State under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* This injunction does not apply to any claims asserted against Petitioners by the United States under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, the Park Systems Resource Protection Act, 16 U.S.C. § 19jj *et seq.*, the National Marine Sanctuaries Act, 16 U.S.C. § 1431 *et seq.*, the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.*, and the Comprehensive, Environmental, Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* This injunction does not apply to any claims by the United States or a State or political subdivision of a State for any fine, penalty or injunctive relief within the scope of 33 U.S.C. § 2718(c). It is further

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 6 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 5 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 5 of 6

ORDERED, that this Order is without prejudice to any party's or potential claimants' rights to seek other relief, including, but not limited to (a) the amount of the Limitation Fund deposited with the Court, or (b) further modification of the Court's Restraining Order with respect to potential rights, claims and causes of action not expressly referred to in this Order, all such potential rights, claims, and causes of action expressly being preserved, without prejudice; it is further

ORDERED, that Petitioners may serve this Order as a Restraining Order within this District by certified mail. Petitioners may serve this Order as a Restraining Order in any other District by the United States Marshal for such District delivering a certified copy of this Order to the person or persons to be restrained or to his or their respective attorneys. Petitioners may serve this Order as a Restraining Order in any other District in the usual manner by mailing or hand delivering a conformed copy thereof to the person or persons to be restrained or to his or their respective attorneys. Petitioners may also serve this Order as a Restraining Order in any other country by means of overseas air mail.

DONE at Houston, Texas, this __14th__ day of June, 2010.

_____
HON. KEITH P. ELLISON.
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

By: _____
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com

5

56816:7084039

Case 2:10-md-02179-CJB-DPC   Document 763-3   Filed 11/18/10   Page 7 of 7
Case 4:10-cv-01721   Document 131   Filed in TXSD on 06/14/10   Page 6 of 6
Case 4:10-cv-01721   Document 130-1   Filed in TXSD on 06/11/10   Page 6 of 6

Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**