**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | SECTION: J |
| ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . .   .   . . . . . . . . . . . . . . . . . . . . .

**<u>DEFENSE LIAISON COUNSEL MEMORANDUM PROVIDING REPORT FOR 11/19/10</u>**
**<u>STATUS CONFERENCE</u>**

Defense Liaison Counsel submits this report for the status conference on November 19, 2010. Since the last conference, the parties have met several times in person, by conference call, and with Magistrate Judge Shushan, and the product of several weeks work is embodied in the Court's Pre-Trial Orders 12, 13, 14, 15, 16, and 17.  The last protocol, for Direct Filing, is under active discussion.  Defense Liaison Counsel reports below on several more areas of importance.

**<u>The Status of the JPML Proceedings:</u>**

Since the parties submitted the last status report on September 16, 2010, the JPML has issued two new Conditional Transfer Orders transferring 62 additional cases to this Court.  To date, a total of six CTOs have been issued.  The transfer of 282 cases has become final and when added with those originally filed in the Eastern District of Louisiana, there are approximately

417652124.

370 cases.  The following issues remain undecided.

- Objections have been filed as to seven of the cases identified in CTO-5 and one of the cases identified in CTO-6.  The objections are subject to briefing schedules that extend into December 2010, and it is unlikely that they will be resolved until January 2011.

- Three cases subject to CTO-6 became subject to final transfer on November 17, 2010; one party has objected to transfer of the 4th case.

- Currently, there are 14 actions that have been identified to the JPML as potentially related tag-along actions in MDL 2179 for which no CTO has been issued.

- The JPML has not issued final transfer orders regarding the objections filed in the three contested cases included in CTOs 2 and 3.  Rulings as to those cases are expected shortly after the JPML next convenes on November 18, 2010.[1]

**Status of State-Filed Lawsuits:**

At least 17 Deepwater Horizon-related lawsuits are currently pending in various state courts, including Mobile County, Alabama (six cases); Baldwin County, Alabama (one case); Harris County, Texas (four cases); Galveston County, Texas (two cases); Plaquemines Parish, Louisiana (one case); Hillsborough County, Florida (one case); Gwinnett County, Georgia (one case); and Jackson County, Mississippi (one case).  These cases include:

- Seven personal injury suits, including (1) three suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) four suits brought by oil spill response workers;

---

[1]     Attached is a chart showing the status of the Conditional Transfer Orders.

- Seven breach of contract suits, including (1) six suits by the owners or operators of vessels participating in the Vessels of Opportunity oil spill response program, and (2) one suit filed by the manufacturer of containment boom;

- Two suits alleging losses resulting from the oil spill: one for alleged commercial losses and one for alleged diminished real property value; and

- One suit alleging property damage resulting from oil spill response staging operations conducted on plaintiff's property.

- Motion practice is proceeding in some state court cases.

- Trials are currently scheduled to begin in two of the oil spill response worker cases in Texas state court on October 17, 2011, and February 6, 2012.

In addition to the above, there are eight or more shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation).

**Gulf Coast Claims Facility Update:**

The Gulf Coast Claims Facility posts to its website, www.gulfcoastclaimsfacility.com, a daily status report providing an update on its processing of individual and business claims. As of November 17, 2010, the GCCF reported the following statistics: A total of 395,003 claimants have submitted one or more claims to the GCCF of which 331,640 are individuals and 63,363 are businesses. The GCCF is awaiting additional documentation from 149,359 claimants and has received 79,865 claims with no documentation provided. Claimants have received a total of $1,896,291,091, including $34,500,000 in payments from the separate fund for real estate

brokers and agents.[2]

Individuals and businesses may file claims with the GCCF via the internet at www.gulfcoastclaimsfacility.com, by calling a toll free hotline, or by visiting a Claims Site Office.  The GCCF currently has 35 Claims Site Offices -- 6 in Alabama, 13 in Florida, 12 in Louisiana, 3 in Mississippi and 1 in Texas.  See www.gulfcoastclaimsfacility.com.

**Plaintiff Profile Forms:**

The parties are moving forward with the PPF process – the only discovery currently allowed of plaintiffs and an initial step towards identifying candidates for the OPA test case(s) set forth in PTO 11.  The PPFs are due on November 22 (except for later-filed cases).  Although Magistrate Judge Shushan ordered plaintiffs to produce their PPFs "on a rolling basis as they are completed" (see 11/2/10 Order Regarding Plaintiff Profile Form, Record Doc. No. 642), Defendants have been served with approximately 10 PPFs to date.  On November 22, the Defendants estimate there will be approximately 2,020 plaintiffs who will file PPFs in addition to the representation by attorney Mikal Watts that he will serve PPFs for approximately 23,000 plaintiffs.  At the present time, as noted on the GCCF website, a substantial portion of the GCCF claimants have provided inadequate documentation in substantiation of their claims.  Of note, too, is the fact that some of the few PPFs received to date have a "No" checked whether that plaintiff has filed a BP or GCCF claim – an important fact relative to the "presentation" requirement under OPA (33 U.S.C. § 2713(a)).

All plaintiffs will use LNFS to serve the BP Defendants with their PPFs except for those represented by Mr. Watts.  Plaintiffs' Liaison Counsel proposed serving the GCCF via LNFS.  The GCCF has indicated that it would prefer to receive the PPFs on a disk.  Plaintiffs' Liaison

---

2       See www.gulfcoastclaimsfacility.com/GCCF_Overall_Status_Report.pdf (last viewed Nov. 18, 2010).

Counsel rejected a request for a disk with all PPFs.  As a result, the BP Defendants will compile the PPFs on a disk for the GCCF.

BP and the GCCF are preparing to comply with the PPF's authorization to release for each plaintiff "all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim" to MDL 2179 Defendants subject to confidentiality protections and with copies available to plaintiffs through Liaison Counsel. use in responding to the PPF authorizations.  Also, the BP Claims Office requires conversion of plaintiff information on the PPFs into Excel format in order for its database vendors to be able to search for claims.  The GCCF has requested that plaintiff information on the PPFs be inputted into an Excel file for its information for each plaintiff.  The BP Defendants have retained a vendor for this project.  The GCCF has advised that once it receives this electronic data, it will need to undertake an attorney review of the claims information for each plaintiff received from its database vendor to identify responsive materials.  The BP Defendants will need to undertake a similar attorney review process of BP Claims Office information for each plaintiff.  Neither the GCCF claims database, nor the database created for the BP Claims Office when it processed individual and business claims, allow for a method to electronically segregate only the information and documents responsive to the PPF authorizations.  Attorney review is required because for each claimant such materials are interspersed with non-responsive materials.

At this stage, without receipt of the vast majority of the PPFs and no clear sense of how many files will need to be reviewed, neither BP nor the GCCF is in a position to represent when this review will be complete and the materials will be circulated.  We will be in a better position to assess the scope of this project some time after the Thanksgiving holiday.

**BOP Status:**

The blowout preventer testing commenced on November 15 at the Michoud/NASA facility.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)

**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft

417652124.