UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | * * * * | MDL No. 2179 |
| | * | Section "J" |
| | * | |
| This document relates to: Civil No. 2:10-cv-01984 | * | |
| *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * | Judge Barbier |
| | * | Mag. Judge Shushan |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DECONSOLIDATE

MAY IT PLEASE THE COURT:

This is an action brought by a former employee (Clay Whittinghill) against his former employer (Abdon Callais Offshore, L.L.C.).  There are no other defendants to this action, and Mr. Whittinghill's employer has not been named by any other party to this action.

Mr. Whittinghill got sick while working as a captain aboard his vessel.  Doc. 1, ¶7.  He alleged that he was fired because he was sick.  Id. at ¶14.

His theories of recovery against his employer arise under the Family and Medical Leave Act, the Jones Act and general maritime law.  Id. at ¶9, 15.

<u>Mr. Whittinghill has not alleged that his employer (the only defendant here) caused or contributed or was otherwise responsible in any way for the Deepwater Horizon disaster</u>. Mr. Whittinghill has not named as defendants those parties responsible, nor have they been third-partied to this action.

Though Mr. Whittinghill sustained his injuries while in the proximity of the Deepwater Horizon explosion from exposure to certain chemicals released and used therein, this is where the similarities to MDL-2179 begin and end. Indeed, one of the reasons Mr. Whittinghill limited his causes of action to discrete, employment matters was to avoid consolidation with the MDL.

The discovery produced by the MDL (for which Mr. Whittinghill would presumably be taxed) will be mostly irrelevant to this action, and subjecting his case to the MDL process would needlessly retard the progress of this litigation. Now, for instance, Mr. Whittinghill is completing "fact sheets" when what he needs is a Rule 26 conference and a trial date.

Consolidation is inappropriate where the "actions…involve parties, facts, and theories different from those in the…MDL." *In re: Gaiam, Inc., Water Bottle Mktg., Sales Practices & Products Liability Litig.,* 672 F. Supp. 2d 1373, 1375 (J.P.M.L. 2010). Though this case is not (nor was it ever) before the MDL on conditional transfer order, the consistent jurisprudence of the J.P.M.L. should be apply to deconsolidate this matter from MDL-2179.

## CONCLUSION

For all of these reasons, Plaintiff's motion to deconsolidate should be granted.

Respectfully Submitted,

**MARTZELL & BICKFORD, A.P.C.**

/s/ Spencer R. Doody
_____
Scott R. Bickford, T. A. (#1165)
Spencer R. Doody (#27795)
Neil F. Nazareth (#28969)
338 Lafayette Street
New Orleans, LA 70130
Telephone:    504-581-9065
Facsimile:    504-581-7635
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Plaintiff's Motion to Deconsolidate has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of November, 2010.

/s/ Spencer R. Doody_____
SPENCER R. DOODY

F:\Clients\Whittinghill, Clay\PLEADINGS\Motion to Deconsolidate Memo in Support.wpd