UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

2010 NOV 30 AM 10: 19

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                                     MDL No. 2179

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in the three actions listed on Schedule A have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the respective portions of our orders conditionally transferring the actions (*Kritzer*, *M.P. Cheng*, and *Pappas Restaurant*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants BP plc, BP America Inc., Cameron International Group, Halliburton Energy Services, Inc., and Sperry-Sun Drilling Services, Inc., submitted responses in opposition to all three motions. Defendants Transocean Offshore Drilling, Inc., Transocean Deepwater, Inc., and Triton Leasing GmbH submitted a response in opposition to the *Kritzer* plaintiffs' motion.

After considering all argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, ___ F.Supp.2d ___, 2010 WL 3166434, at *2 (J.P.M.L. Aug. 10, 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that their claims will require some unique discovery (*e.g.*, with respect to damages), and that transfer should not take place, if at all, until the Southern District of Texas court has ruled on the pending motions for remand to state court in *Kritzer* and *M.P. Cheng*.[2] We do not find these arguments persuasive. Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL No. 2179. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.*, 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). The *Kritzer* and *M.P. Cheng* plaintiffs can present their

---

[1]  Amended Panel Rules became effective on October 4, 2010.

[2]  Remand was denied in *Pappas Restaurant*.

___Fee ___
___Process ___
X   Dktd ___
___CtRmDep ___
___Doc. No. ___

-2-

remand motions to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                David R. Hansen
W. Royal Furgeson, Jr.           Frank C. Damrell, Jr.
Barbara S. Jones                 Paul J. Barbadoro

# IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

MDL No. 2179

## SCHEDULE A

EDLA
SEC.J/1

### Southern District of Texas

| | |
|---|---|
| Joshua Kritzer, et al. v. Transocean, Ltd., et al., C.A. No. 4:10-1854 | 10-4427 |
| M.P. Cheng, LLC, et al. v. BP Co. North America, Inc., et al., C.A. No. 4:10-2717 | 10-4428 |
| Pappas Restaurant, Inc. v. Transocean, Ltd., et al., C.A. No. 3:10-303 | 10-4429 |