UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 |
| | : | SECTION: J |
| | : | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### THE BP DEFENDANTS' IDENTIFICATION OF ELECTRONIC DATA THAT IS NOT REASONABLY ACCESSIBLE BECAUSE OF UNDUE BURDEN OR COST

Under FED. R. CIV. P. 26(b)(2)(B), Defendants BP America Inc., BP America Production Company, BP Exploration & Production Inc., and BP Products North America Inc. (collectively "the BP Defendants"), by their undersigned Counsel, identify the following electronically stored data sources which in theory could have potentially relevant information, but which are not reasonably accessible due to undue burden or cost:

- Data stored on disaster recovery media.  The BP Defendants create various disaster recovery media (tapes and servers) on a daily, weekly, or other basis.  Since the onset of litigation, the BP Defendants have created and stored such data on well over 10,000 media.  Moreover, the BP Defendants presently create and store an additional 100-200 disaster recovery media every day.  These media are stored on numerous servers in multiple locations.  A single custodian may have his or her data backed up on dozens of devices in many locations.  Each piece of disaster recovery media can hold in excess of one terabyte of data.  The disaster recovery systems do not create unique data; rather,

they create a second copy of data that already existed.  The BP Defendants therefore object to producing data from disaster recovery media where, as here, there is no demonstration that the likely marginal utility—if any—of searching for data not already captured by other sources outweighs the cost and burden.  Any information retrieved from the above data source is likely to be available by less burdensome methods from other data sources already being produced.

- <u>Mobile phone and landline voicemail, BlackBerry Messenger, SMS text, and Office Communicator messages</u>.  The BP Defendants do not have a centralized way to produce mobile phone and landline voicemail, BlackBerry Messenger, and SMS text messages.  Extracting, analyzing and fully authenticating documents from these sources would present an undue burden.

- <u>Sunk Data</u>.  The Deepwater Horizon rig sank on April 22, 2010.  Currently data stored on the rig is not reasonably accessible because the rig is at the bottom of the ocean.

- <u>Data in unallocated space</u>.  Unallocated space is physical space on a hard drive that an operating system *(e.g.*, Windows) can write to.  Unallocated space is the opposite of "allocated" space, which is where the operating system has already written files to.  When data is deleted automatically (as in the case of a web browser) or otherwise, fragments of that data may remain in the unallocated space.  Such data may not remain in a single location; as oftentimes data is saved in clusters that may be fragmented and the data will remain fragmented when the space is marked unallocated space. Information retrieved from this data source, if any, is likely to be available by less burdensome methods from other data sources already being produced.

Additionally, Counsel for the BP Defendants is not presently aware of any potentially relevant electronically stored information among the following sources: corrupt data, legacy data, random access memory, data that is not readily visible to the operating system, and other ephemeral data. The BP Defendants expressly reserve their rights under Rule 26(b)(2)(B), and reserve the right to supplement this list to identify any other electronically stored data sources that could potentially have relevant information but which are not accessible due to undue burden or cost, including in responses based on the discovery requests and pleadings that are served and information obtained during the course of discovery.  The BP Defendants will produce electronically stored information in accordance with Pretrial Order No. 16 Regarding Production of Documents and Electronic Data.

Dated:  December 1, 2010			Respectfully submitted,

By: /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
(dkhaycraft@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkjarrett@liskow.com)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

**Attorneys for BP America Inc., BP America Production Company, BP Exploration & Production Inc., and BP Products North America Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United states District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of December, 2010.

/s/   Don K. Haycraft___