UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **GREGORY JOHN GUINDON** § | | |
| *Plaintiff* § | | |
| v. § | CASE NO. _____ | |
| § | | |
| **BP, PLC, BP EXPLORATION AND** § | | |
| **PRODUCTION, INC., BP AMERICA,** § | SECTION | |
| **INC., TRANSOCEAN, LTD.,** § | | |
| **TRANSOCEAN OFFSHORE** § | | |
| **DEEPWATER DRILLING, L.L.C., and** § | | |
| **TRANSOCEAN DEEPWATER, INC.** § | JURY DEMAND | |
| *Defendants* | | |

## PLAINTIFF GREGORY JOHN GUINDON'S COMPLAINT FOR DAMAGES

Plaintiff, GREGORY JOHN GUINDON, brings this action against the defendants identified below ("Defendants"), and avers as follows:

### INTRODUCTION

### I.

1. This is an action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiff as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time on the outer Continental Shelf, off the Louisiana coast. Following the sinking fo the Oil Rig, approximately 1,000 barrels per day of crude oil have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack). The fast-moving oil slick, which has grown to 100 miles long by 45 miles wide, is headed towards the Louisiana coast

and has already caused detrimental affects upon the Gulf of Mexico's and Louisiana's marine environments, coastal environments and estuarine areas, which are used by Plaintiff for different activities, including fishing and to earn a livelihood.

**PARTIES**

**II.**

2.   Plaintiff GREGORY JOHN GUINDON is a resident of the State of Texas, and temporarily residing in Florida.

3.   Plaintiff earns his livelihood as a commercial fisherman and deck hand in the Gulf of Mexico and in the "coastal zone" (as that term is de fined in 43 U.S.C. §1331(e)) (the "Coastal Zone") and, as a result of the events described above and below, has suffered damages that are more fully described below.

4.   Defendants herein are:

   a)   BP, PLC ("BP"), a foreign corporation doing business in the State of Texas. This Defendant can be served via their registered agent in Texas: C.T. Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas, 75201-4234;

   b)   BP EXPLORATION AND PRODUCTION, INC. ("BP Production"), a foreign corporation doing business in the State of Texas. This Defendant can be served via their registered agent in Texas: C.T. Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas, 75201-4234;

   c)   BP AMERICA, INC. ("BP America"), a foreign corporation doing business in the State of Texas. This Defendant can be served via their registered agent

    in Texas: C.T. Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas, 75201-4234;

  d) TRANSOCEAN, LTD., a foreign company doing business in the State of Texas. TRANSOCEAN, LTD may be served with process through its registered agent for service: Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Travis County, Texas, 78701;

  e) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, , L.L.C. ("Transocean Offshore") is a foreign limited liability company doing business in the State of Texas. It can be served through its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701; and

  f) TRANSOCEAN DEEPWATER, INC. ("Transocean Deepwater"), a Delaware corporation doing business in the State of Louisiana, with its principal place of business in Houston, Texas.

5. Transocean Ltd., Transocean Offshore and/or Transocean Deepwater (hereinafter collectively referred to as "Transocean" or the "Transocean Defendants") operated the Deepwater Horizon, which was leased to the BP Defendants on April 20, 2010.

## JURISDICTION AND VENUE

### III.

6. This Court has jurisdiction over this cause pursuant to (1) 43 U.S.C. § 1349(b)(1), because this case arises out of, or in connection with operations conducted by Defendants on the OCS for the exploration, development or production of the minerals (crude oil) of the subsoil and seabed of the OCS; (2) 33 U.S. C. § 1365(a)(2), because this action seeks enforcement of certain

effluent standards or limitations imposed by the CWA and civil penalties for violation thereof; (3) 28 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States of America, including the laws of the State of Louisiana, and the laws of the State of Texas, which have been declared, pursuant to 43 U.S.C. §§ 1331 (f)(1) and 1333(a)(2), to be the law of the United States for that portion of the outer Continental Shelf from which the oil spill originated; and (4) 43 U.S.C. § 1331(1), which extends exclusive Federal jurisdiction to the outer Continental Shelf.

## FACTUAL ALLEGATIONS

### IV.

7. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Production and BP America on the outer Continental Shelf, at the site from which the oil spill originated, beginning April 20, 2010.

8. BP, BP Production and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

9. At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean and/or BP.

10. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of the Defendants, which renders them liable, jointly and severally, to Plaintiff for all of his damages.

11. The injuries and damages suffered by Plaintiff were caused by Defendants' violations of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard, including the requirement to test the sub-sea BOP's at regular intervals.

12. Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiff, Louisiana's and the Gulf of Mexico's marine and coastal environments and estuarine areas, and the Coastal Zone, where Plaintiff works and earns a living.

13. The spilled oil would not simply evaporate off of the surface of the water and is causing dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Louisiana's sensitive wetlands and estuarine areas.

14. The oil spill and the contamination have caused and will continue to cause loss of revenue to persons (and businesses) who are being prevented from using the Gulf of Mexico and Louisiana's Coastal Zone for diverse activities, including work and to earn a living.

15. There are many other potential effects from the oil spill that have not yet become known, and Plaintiff, reserves the right to amend this Complaint once additional information becomes available.

## FIRST CAUSE OF ACTION (NEGLIGENCE)

### V.

16. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if copied verbatim.

17.     The fire, explosion and resulting oil spill was caused by the concurrent negligence of the Defendants.

18.     Upon information and belief, Plaintiff avers that the fire, explosion and resulting oil spill was caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

  a.   Failing to properly operate the Deepwater Horizon;

  b.   Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

  c.   Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

  d.   Acting in a careless and negligent manner without due regard for the safety of others;

  e.   Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, wold have averted the fire, explosion, sinking and oil spill;

  f.   Operating the Deepwater Horizon with untrained and unlicensed personnel;

  g.   Inadequate and negligent training and hiring of personnel;

  h.   Failing to take appropriate action to avoid or mitigate the accident;

  I.   Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

  j.   Employing untrained or poorly trained employees and failing to properly train their employees;

k. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

l. Failure to timely warn;

m. Failure to timely bring the oil release under control;

n. Failure to provide appropriate accident prevent equipment;

o. Failure to observe and read gauges that would have indicated excessive pressures in the well;

p. Failure to react to danger signs;

q. Failing to check and ensure that the BOP's were working properly;

r. Conducting well and well cap cementing operations improperly;

s. Acting in a manner that justifies imposition of punitive damages; and

t. Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts were in violation of the laws of Louisiana and Federal law applicable on the outer Continental Shelf.

19. In addition, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- **$41,000** fine for a "loss of well control". MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

- **$190,000** fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- **$80,000** fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- **$70,000** fine for low pressure in the fire water system; and

- **$190,000** fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

20. Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiff seeks punitive damages for BP Defendants' gross negligence and malice.

21. Plaintiff also specifically pleads the doctrine of *Res Ipsa Loquitor*.

## SECOND CAUSE OF ACTION

## (OIL POLLUTION ACT)

22. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully copied herein.

23. The Oil Pollution Act imposes liability upon a "responsible party for a... facility from which oil is discharged...into or upon navigable waters or adjoining shorelines" for the "damages that result from such incident." 33 U.S.C § 2702.

24. Section 2702(b)(2)(c) provides for the recovery of "[d]amages for subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources." The statute also provides for loss of earnings.

25. The Coast Guard has named BP as the responsible party. Therefore, BP is liable pursuant to Section 2702 for all the damages that result from the oil spill.

26. As a result of the oil spill, Plaintiff has not been able to use natural resources (air and water, and potentially wetlands and other areas and spaces that have and/or may become contaminated by the spilled oil) for his subsistence, and he is entitled to recover from BP for such damages in amounts to be determined by the trier of fact.

27. Plaintiff was a commercial fisherman and deck hand. Plaintiff had the economic opportunity to work on a Fishing Boat for upwards of 6 months to 1 year and would have received wages in excess of $50,000.00. As a result of the oil spill and subsequent actions, Plaintiff was foreclosed from the opportunity to earn those monies.

28. Section 2702(b)(2)(E) provides for the recovery of "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."

29. As a result of the oil spill, Plaintiff has suffered the type of damages that may be recovered pursuant to Section 2702(b)(2)(E), and he demands compensation therefor from BP in amounts to be determined by the trier of fact.

30. Defendants' conduct occurred in other jurisdiction where punitive damages and/or statutory penalties are recoverable This Court is authorized to impose punitive damages and statutory penalties under the law of any State which has jurisdiction over the Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and *in solido*, as follows:

a. Economic and compensatory damages in amounts to be determined at trial, but not less than $50,000.00;

b. Punitive damages;

c. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d. Attorney's fees and costs of litigation;

e. Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

f. A trial by jury as to all Defendants.

**WILLIAMSON & RUSNAK**

*s/*Jimmy Williamson
Jimmy Williamson
Attorney in Charge
TBN: 21624100
Southern District Bar No. 3760
Michael W. Kerensky
TBN: 11331500
Cyndi M. Rusnak
TBN: 24007964
4310 Yoakum Blvd.
Houston, Texas 77006
713 223 3330
713 223 0001 facsimile
**ATTORNEYS FOR GREGORY JOHN GUINDON**