## JOINT DEPARTMENT OF THE INTERIOR
### AND
## DEPARTMENT OF HOMELAND SECURITY
## STATEMENT OF PRINCIPLES AND CONVENING ORDER
## REGARDING
## INVESTIGATION INTO THE MARINE CASUALTY, EXPLOSION, FIRE, POLLUTION, AND SINKING OF MOBILE OFFSHORE DRILLING UNIT DEEPWATER HORIZON, WITH LOSS OF LIFE IN THE GULF OF MEXICO 21-22 APRIL 2010

1. The Department of the Interior and the Department of Homeland Security (collectively, "the Agencies") have determined that a joint investigation ("Joint Investigation") of the April 21-22, 2010 explosion and sinking of the mobile offshore drilling unit DEEPWATER HORIZON is warranted. Therefore, the Agencies hereby adopt the following statement of principles and convening order regarding the Joint Investigation. Each Agency, at its discretion, may elect to adopt additional internal measures to govern direction and oversight of their respective portion of the Joint Investigation.

2. The Outer Continental Shelf Lands Act ("OCSLA") grants the Secretaries of the Agencies the authority to investigate incidents resulting from operations on the U.S. Outer Continental Shelf ("OCS"). 43 U.S.C. § 1348. The Minerals Management Service ("MMS"), a unit of the Department of the Interior, and the United States Coast Guard ("USCG"), a component of the Department of Homeland Security, have identified a process for conducting investigations under the authority of the OCSLA in a Memorandum of Agreement ("MOA"), dated 27 March 2009. As set forth in the MOA, the MMS investigates incidents associated with, *inter alia*, exploration and drilling operations for hydrocarbons on the OCS, and the USCG investigates, *inter alia*, deaths, injuries, property loss, and environmental damage arising from such incidents.

3. A Joint Investigation is hereby convened in accordance with the MOA, as modified herein. The Joint Investigation is classified as a Coast Guard Marine Board of Investigation within the meaning of 46 C.F.R. § 4.09 and a Panel Investigation within the meaning of 30 C.F.R. § 250.191. The Joint Investigation is convened pursuant to agency authorities and will be conducted pursuant to the procedures contained in 43 U.S.C. § 1348, 14 U.S.C. § 141, 46 U.S.C §§ 6301 *et seq.*, 33 C.F.R. § 140, Subpart C; 30 C.F.R. §§ 250.186-191, and 46 C.F.R. Part 4.

4. The Agencies intend to conduct the Joint Investigation as follows: The MMS and the USCG will co-chair the Joint Investigation. The Joint Investigation team will investigate thoroughly the matter hereby submitted to it in accordance with the provisions of 43 U.S.C. § 1348, 46 U.S.C. § 6301 *et seq.*, and the applicable regulations thereunder. The Joint Investigation shall have the powers of both Agencies, and, for the public hearing portions of the Joint Investigation, shall follow the policies and procedures for a Marine Board of Investigation contained in 46 C.F.R. § 4.09 and the Coast Guard Marine Safety Manual, Volume V. In cases where the procedures of a Marine Board of Investigation and a Panel Investigation appear to differ, the procedures for a Marine Board of Investigation shall govern. Any issue involving procedure may be referred to



the Chief of the Accident Investigation Board of the MMS, and the Chief of USCG Office of Investigations and Casualty Analysis. They will refer any unresolved procedural issue to the Chief, Office of Offshore Regulation, MMS, and the Commandant, Director of Prevention Policy (CG-54), USCG, who will consider the matter together and provide guidance jointly to the Joint Investigation.

5. Upon completion, the Joint Investigation team will issue a single report to the Director, MMS, and the Commandant, USCG, containing the evidence adduced, the facts established thereby, and its conclusions and recommendations. The report shall meet the requirements of both the MMS and USCG. Any conclusions or recommendations concerning commendatory actions or misconduct which would warrant further inquiry shall be referred by separate correspondence to the cognizant Regional Coordinator or District Commander. Similarly, any information warranting further evaluation for potential civil violations or criminal activity shall be referred in accordance with applicable procedures. On days that the Joint Investigation conducts a public hearing, a daily summary of significant events shall be transmitted to the Chief of the Accident Investigation Board and the Chief of USCG Office of Investigations and Casualty Analysis. The Joint Investigation team will report its progress, as may be requested by superior authority designated by the Department of Interior or the Department of Homeland Security.

6. The report should be completed and submitted simultaneously to the Director, MMS, and the Commandant, USCG, within nine months of the convening date. If this deadline cannot be met, at least thirty calendar days prior, a written explanation for the delay and the expected completion date shall be submitted to the Director, MMS, and Commandant, USCG. The Joint Investigation team is encouraged to submit interim recommendations intended to prevent similar casualties, if appropriate, early in the Joint Investigation.

7. Prior to submission of the team's report to the Director, MMS, and the Commandant, USCG, the Joint Investigation team will confer with the Chief of the Accident Investigation Board and the Chief of USCG Office of Investigations and Casualty Analysis, both of whom will review the report and reconcile any remaining issues to the maximum extent practicable. If the respective Chiefs are unable to reconcile any remaining issues, they will elevate the issues to appropriate officials within their respective Agency.

8. The Director, MMS, and the Commandant, USCG, will jointly sign and release the final report. If either Agency differs with the other concerning any conclusions or recommendations, either Agency may issue a supplemental or separate report.

9. David Dykes, MMS, and Captain Hung Nguyen, USCG, are designated as Co-Chairs of the Joint Investigation. Other Members and the Recorder of the Joint Investigation will be designated by separate correspondence, and each Agency has the right to be equally represented. Agency costs for the Joint Investigation shall be borne by the Agency incurring the expense.

10. The Government of Marshall Islands, the flag state administration of the DEEPWATER HORIZON has requested to participate in this Joint Investigation. It shall be designated as a Party In Interest and given the rights associated with such status in accordance with 46 U.S.C. § 6303.

2

THAD W. ALLEN
Admiral, U.S. Coast Guard
Commandant

Date: APR 2 6 2010


S. ELIZABETH BIRNBAUM
Director
Minerals Management Service

Date: APR 2 7 2010


JANET NAPOLITANO
Secretary
Department of Homeland Security

Date: APR 2 7 2010


KEN SALAZAR
Secretary
Department of the Interior

Date: APR 2 7 2010

3

UNITED STATES OF AMERICA
DEPARTMENT OF HOMELAND SECURITY
DEPARTMENT OF THE INTERIOR
JOINT INVESTIGATION CONDUCTED BY
UNITED STATES COAST GUARD
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
(Authority 43 U.S. Code 1348; 46 U.S. Code 6304)

# In the Matter of the Fire & Explosion on the Deepwater Horizon

TO:  Mr. Richard J. Hymel, Esq.
     Preis & Roy
     102 Versailles Blvd. Suite 40C
     P.O. Drawer 94-C
     Lafayette, LA. 70509

You are hereby commanded to produce the listed items:

- The survey or report conducted by Lloyd's Register Group concerning the safety culture on the DEEPWATER HORIZON.
- The survey or report conducted by Lloyd's Register Group concerning the status of the equipment on the DEEPWATER HORIZON.
- Any documents citing, referencing, implementing, discussing the applicability of, or requesting or receiving consideration, concurrence, or approval under section 9.8.1 of the Republic of the Marshall Islands, Office of the Maritime Administrator, Mobile Offshore Drilling Unit Standards, Rev. 8/02, MI-293, for any Transocean drilling rig operating in the Gulf of Mexico.  Section 9.8.1 states as follows:  "Special consideration may be given to the use of a portable gas detection and alarm system in lieu of a fixed system where equivalent effectiveness can be demonstrated for the compartment in question."
- All certification, modification, testing, inspection, maintenance, and repair-related documents and logs for the BOP stack on the DEEPWATER HORIZON while it was at MC 252.
- All "Master's Reviews" as required by ISM Code-paragraph 5.1.5.
- Company Verification, Review and Evaluation" (ISM Code 12) which includes internal audits, auditors position within the company and qualifications to audit, and corrective actions in a timely manner.
- "Procedures for internal audits and management reviews"(ISM Code 1.6)
- Identify and provide ISM designated person for Transocean office.
- Last ISM Code audit reports for Transocean office & all its vessels subject to ISM Code operating in GOM.

EXHIBIT
B.1.

These records and items are requested in printed and native, searchable electronic media formats where appropriate. The printed copies are to be secured in three ring binders labeled as to their contents, filed in a logical manner with an index allowing for specific documents to be located. The electronic media format records shall be saved in Adobe PDF and be compatible with Microsoft operating system, recorded on CDs, with an index allowing for specific documents to be located. The records will be delivered to USCG-MMS Investigation Board, Attn, LT. Robert S. Butts, 1201 Elmwood Park Blvd, New Orleans, LA 70123-2394 no later than August 18, 2010.

If you have any questions related to this subpoena, please contact Lieutenant Commander Jeff Bray at (202) 309-9559 or e-mail to jeff.r.bray@uscg.mil.

Subscribed at New Orleans, Louisiana this 4th day of August, 2010.

NGUYEN.
HUNG.
M.1184496450

Digitally signed by NGUYEN.HUNG.M.1184496450
DN: c=US, o=U.S. Government, ou=DoD, ou=PKI, ou=USCG, cn=NGUYEN.HUNG.M.1184496450
Date: 2010.08.04 10:41:44 -05'00'

Captain Hung M. Nguyen
Co-Chairman, Joint Board of Investigation
1201 Elmwood Park Blvd
New Orleans, Louisiana 70123-2394

# JONES DAY

2727 NORTH HARWOOD STREET  •  DALLAS, TEXAS 75201-1515  •  MAILING ADDRESS: P.O. BOX 660623  •  DALLAS, TEXAS 75266-0623
TELEPHONE: (214) 220-3939  •  FACSIMILE: (214) 969-5100

Direct Number:  (214) 969-5005
cgroves@jonesday.com

August 18, 2010

<u>VIA HAND DELIVERY</u>

USCG-MMS Investigation Board
Attn:  LT. Robert S. Butts
1201 Elmwood Park Blvd.
New Orleans, Louisiana 70123-2394

Re:    <u>In the Matter of the Fire and Explosion on the Deepwater Horizon</u>

Dear LT. Butts:

We are producing documents that are responsive to your requests dated August 4, 2010.

**Request:** The survey or report conducted by Lloyd's Register Group concerning the safety culture on the DEEPWATER HORIZON.

**Response:** We are producing the requested document Bates labeled TRN-HCEC-00090493 – TRN-HCEC-00090685.

**Request:** The survey or report conducted by Lloyd's Register Group concerning the status of the equipment on the DEEPWATER HORIZON.

**Response:** We are producing the requested document Bates labeled TRN-HCEC-00090686 – TRN-HCEC-00090797.

**Request:** Any documents citing, referencing, implementing, discussing the applicability of, or requesting or receiving consideration, concurrence, or approval under section 9.8.1 of the Republic of the Marshall Islands, Officer of the Maritime Administrator, Mobile Offshore Drilling Unit Standards, Rev. 8/02, MI-293, for any Transocean drilling rig operating in the Gulf of Mexico.  Section 9.8.1 states as follows:  "Special consideration may be given to the use of a portable gas detection and alarm system in lieu of a fixed system where equivalent effectiveness can be demonstrated for the compartment in question."

EXHIBIT
B.2.

ATLANTA  •  BEIJING  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS  •  DUBAI  •  FRANKFURT  •  HONG KONG  •  HOUSTON
IRVINE  •  LONDON  •  LOS ANGELES  •  MADRID  •  MEXICO CITY  •  MILAN  •  MOSCOW  •  MUNICH  •  NEW DELHI  •  NEW YORK  •  PARIS
PITTSBURGH  •  SAN DIEGO  •  SAN FRANCISCO  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

United States Coast Guard
August 18, 2010
Page 2

**Response:** We have not located any documents responsive to this request. Transocean only uses fixed gas detection and alarm systems on its rigs in the Gulf of Mexico.

**Request:** All certification, modification, testing, inspection, maintenance, and repair-related documents and logs for the BOP stack on the DEEPWATER HORIZON while it was at MC 252.

**Response:** We object to this request as overly broad. We are producing responsive documents Bates labeled TRN-HCEC-00036061 – TRN-HCEC-00036071; TRN-HCEC-00039351 – TRN-HCEC-00039408; TRN-HCEC-00039811 – TRN-HCEC-00039930; and TRN-HCEC-00040041 – TRN-HCEC-00040217. Other responsive documents are located in previous productions. Please see TRN-USCG_MMS-00011510 – TRN-USCG_MMS-00011648; TRN-USCG_MMS-00026048 – TRN-USCG_MMS-00026273; TRN-HCEC-00064683 – TRN-HCEC-00064694; TRN-HCEC-00031874 – TRN-HCEC-00032092; and TRN-HCEC-00034580 – TRN-HCEC-00034632.

**Request:** All "Master's Reviews" as required by ISM Code-paragraph 5.1.5.

**Response:** We are producing QHSE Steering Committee minutes responsive to this request.

**Request:** "Company Verification, Review and Evaluation" (ISM Code 12) which includes internal audits, auditors position within the company and qualifications to audit, and corrective actions in a timely manner.

**Response:** We object to this request as overly broad. We are producing internal audits responsive to this request. Other responsive documents are located in previous productions. Please see TRN-USCG_MMS-00027186 – TRN-USCG_MMS-00027237; TRN-USCG_MMS-00027241 – TRN-USCG_MMS-00027280; TRN-USCG_MMS-00027956 – TRN-USCG_MMS-00027979; TRN-USCG_MMS-00027981 – TRN-USCG_MMS-00027991; TRN- USCG_MMS-00030803 – TRN-USCG_MMS-00030823; and TRN-USCG_MMS- 00030824 – TRN-USCG_MMS-00030837.

**Request:** "Procedures for internal audits and management reviews" (ISM Code 1.6).

**Response:** We are producing the Company Management System manual and the Performance Monitoring and Assessment Audit Procedures bates labeled TRN-

JONES DAY

United States Coast Guard
August 18, 2010
Page 3

USCG_MMS-00039151 – TRN-USCG_MMS-00039568.  Other responsive documents are located in previous productions.  Please see TRN-USCG_MMS-00033216 – TRN-USCG_MMS-00033281; and TRN-USCG_MMS-00032700 – TRN-USCG_MMS-00033035.

**Request:**  Identify and provide ISM designated person for Transocean office.

**Response:**  Jerry Canducci, QHSE Manager, is the ISM designated person for the North America Division.  Jimmy Moore, Director of QHSE Services, is the Corporate ISM Designated Person.

**Request:**  Last ISM Code audit reports for Transocean office & all its vessels subject to ISM Code operating in GOM.

**Response:**  We object to this request as overly broad.  We are producing the last ISM audit reports for the Transocean office.

Very truly yours,

Christopher Groves

cc:    Richard J. Hymel

DLI-6318974v1

| Index of Document Produced to the United States Coast Guard | | |
|---|---|---|
| **August 18, 2010** | | |
| # VOLUME 1 | | |
| Tab 1 | TRN-USCG_MMS-00039045 | 4/13/2007  Det Norske Veritas Document of Compliance |
| Tab 2 | TRN-USCG_MMS-00039047 | NAM Office Performance Summary 2010 Audit Report |
| Tab 3 | TRN-USCG_MMS-00039052 | NAM PMAA Summary Jan. 2009 Audit Report |
| Tab 4 | TRN-USCG_MMS-00039058 | NAR Regional Office ISM Audit 2009 Audit Report |
| Tab 5 | TRN-USCG_MMS-00039065 | NAR Regional Office ISM Audit 2007 Audit Report |
| Tab 6 | TRN-USCG_MMS-00039072 | NAR Regional Office ISM Audit 2008 Audit Report |
| Tab 7 | TRN-USCG_MMS-00039081 | "Internal ISM" Audit Interoffice Correspondence |
| Tab 8 | TRN-USCG_MMS-00039086 | ISM Installation Audit Checklist/Report |
| Tab 9 | TRN-USCG_MMS-00039100 | QHSE Steering Committee Meeting Minutes - 10/19/2009 |
| Tab 10 | TRN-USCG_MMS-00039105 | QHSE Steering Committee Meeting Minutes - 2/2/2006 |
| Tab 11 | TRN-USCG_MMS-00039108 | QHSE Steering Committee Meeting Minutes - 5/3/2007 |
| Tab 12 | TRN-USCG_MMS-00039112 | QHSE Steering Committee Meeting Minutes - 8/29/2006 |
| Tab 13 | TRN-USCG_MMS-00039116 | QHSE Steering Committee Meeting Minutes - 8/5/2008 |
| Tab 14 | TRN-USCG_MMS-00039122 | QHSE Steering Committee Meeting Minutes - 9/26/2007 |
| Tab 15 | TRN-USCG_MMS-00039126 | QHSE Steering Committee Meeting Minutes - 10/15/2004 |
| Tab 16 | TRN-USCG_MMS-00039130 | QHSE Steering Committee Meeting Minutes - 2/24/2005 |
| Tab 17 | TRN-USCG_MMS-00039134 | 8/25/2005  QHSE Steering Committee Meeting Minutes |
| Tab 18 | TRN-USCG_MMS-00039140 | 5/22/2003  QHSE Steering Committee Meeting Minutes |
| Tab 19 | TRN-USCG_MMS-00039147 | 4/21/2010  ISM Code DOC Annual Audit |
| Tab 20 | TRN-USCG_MMS-00039151 | 11/30/2009  Company Management System (Transocean). |
| Tab 21 | TRN-USCG_MMS-00039487 | 12/31/2008  Performance Monitoring Audit and Assessment Procedures |
| Tab 22 | TRN-USCG_MMS-00039569 | QHSE Steering Committeee Meeting Minutes 2/16/2004 |
| Tab 23 | TRN-USCG_MMS-00039579 | QHSE Steering Committee Meeting Minutes 10/24/2008. |
| Tab 24 | TRN-USCG_MMS-00039582 | QHSE Steering Committee Meeting Minutes 8/19/2009. |
| Tab 25 | TRN-USCG_MMS-00039609 | QHSE Steering Committee Meeting Minutes 1/26/2006. |
| Tab 26 | TRN-USCG_MMS-00039612 | QHSE Steering Committee Meeting Minutes 4/12/2005. |
| Tab 27 | TRN-USCG_MMS-00039617 | QHSE Steering Committee Meeting Minutes 2/6/2004. |
| Tab 28 | TRN-USCG_MMS-00039620 | QHSE Steering Committee Meeting Minutes 7/24/2007. |
| Tab 29 | TRN-USCG_MMS-00039623 | QHSE Steering Committee Meeting Minutes 10/30/2006 |
| Tab 30 | TRN-USCG_MMS-00039627 | QHSE Steering Committee Meeting Minutes 8/22/2003 |



| Tab 31 | TRN-USCG_MMS-00039630 | QHSE Steering Committee Meeting Minutes 5/2/2003 |
|--------|------------------------|--------------------------------------------------|
| Tab 32 | TRN HCEC 00090493 | LR EMEA Report on TO Safety Management System 3/26/2010 |

# VOLUME 2

| Tab 33 | TRN-HCEC-00036061 | BOPH PM Equipment History- 2010 |
|--------|-------------------|--------------------------------|
| Tab 34 | TRN-HCEC-00036070 | BOPH Repair Equipment History- 2010 |
| Tab 35 | TRN-HCEC-00039351 | WCS Repair Equipment History- 2010 |
| Tab 36 | TRN-HCEC-00039811 | WCS PM Equipment History- 2010 |
| Tab 37 | TRN-HCEC-00040041 | Well Control PM 2010 Equipment History |
| Tab 38 | TRN-HCEC-00040161 | Well Control Repair 2010 Equipment History |
| Tab 39 | TRN-HCEC-00090686 | ModuSpec USA, Inc.'s Rig Condition Assessment of Deepwater Horizon (April 1 - 12, 2010) |
| Tab 40 | TRN-USCG_MMS-00039643 | DNV Order Confirmation Aug. 8-2010 |
| Tab 41 | TRN-USCG_MMS-00039645 | QHSE Steering Committee Minutes - 2004-Feb-02.doc |
| Tab 42 | TRN-USCG_MMS-00039647 | QHSE Steering Committee Minutes - 2004-Oct-17.doc |
| Tab 43 | TRN-USCG_MMS-00039649 | QHSE Steering Committee Minutes - 2005-Jul-09.doc |
| Tab 44 | TRN-USCG_MMS-00039651 | QHSE Steering Committee Minutes - 2006-Aug-06.doc |
| Tab 45 | TRN-USCG_MMS-00039653 | QHSE Steering Committee Minutes - 2006-Nov-19.doc |
| Tab 46 | TRN-USCG_MMS-00039655 | QHSE Steering Committee Minutes - 2007-May-13.doc |



## DET NORSKE VERITAS

## DOCUMENT OF COMPLIANCE

DNV Company No.:
195724
Certificate number:
D195724/070413F/MHL

Issued under the provisions of the INTERNATIONAL CONVENTION FOR THE SAFETY OF LIFE AT SEA, 1974, as amended Issued under the authority of the Government of:

### THE REPUBLIC OF THE MARSHALL ISLANDS

by Det Norske Veritas

Name and address of the Company
(as per ISM Code sec. 1.1,2):

Transocean Offshore Deepwater Drilling Inc.
Four Greenway Plaza
Houston, Texas 77046
USA

Including Branch Offices:
- Transocean Offshore Deepwater Drilling Inc., North American Branch Office, Houston, Texas, USA
- Transocean Sedco Forex do Brasil Ltda., Macaé - RJ, Brazil
- Service Petroliers Sedco Forex, Montrouge, France
- Transocean Sedco Forex, College Station, Texas, USA
- R&B Falcon Drilling do Brasil Ltda., Macaé - RJ, Brazil
- Transocean Brasil Ltda., Macaé - RJ, Brazil
- Transocean Eastern Pte Ltd., Singapore

THIS IS TO CERTIFY THAT the safety management system of the Company has been audited and that it complies with the requirements of the International Management Code for the Safe Operation of Ships and for Pollution Prevention (ISM Code), for the types of ships listed below:

Mobile Offshore Drilling Unit (MODU)
Oil Tanker
Other Cargo Ship

The Document of Compliance is valid until   2012-01-25   , subject to periodical verification.

Completion date of the audit on which this certificate is based: 2007-01-23

Issued at:     Det Norske Veritas, Høvik, Norway

Date of issue:  2007-04-13

Øivind N. Bråten
Head of Section

DET NORSKE VERITAS, VERITASVEIEN 1, NO-1322 HØVIK, NORWAY, TEL INT: +47 67 57 99 00, TELEFAX: +47 67 57 99 11
Form No.: 40.097a          Issue: June 2006                                                   Page 1 of 2

EXHIBIT
B.4.

CONFIDENTIAL

DNV Company No.:
195724
Certificate number:
D195724/070413F/MHL

## ENDORSEMENT FOR ANNUAL VERIFICATION

THIS IS TO CERTIFY THAT, at the periodical verification in accordance with regulation IX/6.1 of the Convention and paragraph 13.4 of the ISM Code, the safety management system was found to comply with the requirements of the ISM Code

Anniversary date is:   25 January          Audit range:          25 October          to          25 April

*Renewal range is three (3) months prior to DOC expiration

1ˢᵗ Annual Verification          Signed   _____

                                Place    _____

                                Date     _____


2ⁿᵈ Annual Verification          Signed   _____

                                Place    _____

                                Date     _____


3ʳᵈ Annual Verification          Signed   _____

                                Place    _____

                                Date     _____


4ᵗʰ Annual Verification          Signed   _____

                                Place    _____

                                Date     _____

DET NORSKE VERITAS, VERITASVEIEN 1, NO-1322 HØVIK, NORWAY, TEL INT. +47 67 57 99 00; TELEFAX: +47 67 57 99 11
Form No.: 40.097a                Issue: June 2006                                              Page 2 of 2

Confidential Treatment Requested by Transocean Holdings LLC



DET NORSKE VERITAS
**SURVEY REPORT**
(Preliminary)

Rev. [1]

| DNV id. no. | Job id. |
|---|---|
| 196724 | 179930 |

| Name of company | LFR/Company identification no. |
|---|---|
| **Transocean Offshore Deepwater Drilling Inc.** | **1859654** |

## ISM Code DOC Annual Audit

This is to confirm that the following has been carried out:

### Certificates

| Certificate Name | Flag | Endorsed | Issued/Extended | New expiry date |
|---|---|---|---|---|
| Document of Compliance | Liberia | Yes | | |
| Document of Compliance | Bahamas | Yes | | |
| Document of Compliance | Panama | Yes | | |
| Document of Compliance | Marshall Islands | Yes | | |
| Document of Compliance | Vanuatu | Yes | | |
| Document of Compliance | United States | Yes | | |

### Scope

| Survey Code | Survey Name | Flag | Result |
|---|---|---|---|
| DOC.A | Document of compliance annual | Panama | Complete |
| DOC.A | Document of compliance annual | Marshall Islands | Complete |
| DOC.A | Document of compliance annual | Vanuatu | Complete |
| DOC.A | Document of compliance annual | United States | Complete |
| DOC.A | Document of compliance annual | Liberia | Complete |
| DOC.A | Document of compliance annual | Bahamas | Complete |

Flag state authorisation(s) were verified ☑
Corrective actions from previous audits were verified ☑



| Station | Place of survey | Survey started | Survey completed |
|---|---|---|---|
| **Houston** | **Houston, Texas 77046** | **2010-04-20** | **2010-04-21** |

| Lead surveyor's name |
|---|
| **Close, Michael T** |

| Survey team |
|---|
| **Yu, Hao Bing; Jukema, Ruurdt** |

If any person suffers loss or damage which is proved to have been caused by any negligent act or omission of Det Norske Veritas, then Det Norske Veritas shall pay compensation to such person for his proved direct loss or damage. However, the compensation shall not exceed an amount equal to ten times the fee charged for the service in question, provided that the maximum compensation shall never exceed USD 2 million. In this provision "Det Norske Veritas" shall mean the Foundation Det Norske Veritas as well as all its subsidiaries, directors, officers, employees, agents and any other acting on behalf of Det Norske Veritas.

DET NORSKE VERITAS AS, VERITASVEIEN 1, N-1322 HØVIK, NORWAY, TEL.INT.: +47 67 57 99 00, TELEFAX: +47 67 57 99 11

Form No.: 40.8a    Issue: April 2005

Page 1 of 3

Confidential Treatment Requested by Transocean Holdings LLC

| Name of company | DNV id. no. | Job Id.. |
|---|---|---|
| **Transocean Offshore Deepwater Drilling Inc.** | **195724** | **179930** |

## Summary

The audit was carried out as per the attached audit programme agreed with the Company representative. Purpose of the audit was to assess the ability of the Safety Management System (SMS) to meet the provisions of the ISM code, and on a sampling basis, to ensure that these were implemented and understood at all relevant levels of the organisation of the Company. Specific flag state requirements were audited on a sampling basis.

The methods used to verify the ability of the company's SMS to meet the objectives of the ISM Code included:
• Review of the SMS documentation, with emphasis on all modifications and amendments since previous document review. Verification that changes to the SMS documentation comply with the requirements of the ISM Code, and that despite any such changes, the overall SMS continues to comply with the ISM Code and relevant national requirements.
• Discussion and interview with personnel at all levels in the Company, holding responsibility for functions within the SMS, to verify that these personnel know and support company policies and procedures necessary for meeting requirements of the ISM Code and national requirements.
• Examination of records and other objective evidence having the potential to facilitate verification of compliance with the ISM Code. Records from: class; statutory certificates; internal audits; master's reviews; management reviews; corrective actions; maintenance records; records of emergency exercises and other relevant reports have been reviewed as objective evidence. This includes review of the Company's two-way ship-shore and internal reporting and communications links vital to the effective functioning of the SMS.
• A review of non-conformities reported in relation to previously conducted external audits of the company and a sample of ships, verifying the effectiveness of corrective actions taken, including investigation and analysis aimed at avoiding future recurrence of detected deficiencies.

The audit was based upon a sampling process. When no non-conformities or other findings have been identified in a certain area does not mean that they do not exist there. The Company is responsible for determining and initiating corrective action needed to correct any non-conformity and its cause.

## Observations

1.      It was noted that the a major non-conformity (downgraded) had recently been issued and a Corrective Action Plan in process for "DISCOVERER DEEP SEAS" where the Intermediate ISM/ISPS Code Verifications had not been carried out between the second and third anniversary dates. It had also been noted that a few other rigs in the North America Division this past year had requested similar audits near the end of the window, and certain rigs go overdue in submission of corrective action plans (i.e. "PETROBRAS 10000 due 2010-03-30, "DEEPWATER NAVIGATOR", GSF ARCTIC I, "SOVEREIGN EXPLORER", "TRANSOCEAN SEARCHER"). This also as found in the current DNV Company Summary Report for the past year. Recommend that these be reviewed by the Company to identify any possible improvements in the scheduling and follow-up of audits, surveys and their results.

2.      There is company procedure covering Major Conversion and Upgrade projects. Considering the nature of such projects it's often required to get class and authority involvement for the design approval and equipment certification. Suggest specifically including the evaluation the design approval and certification requirements during the project planning phase within the same procedure. The company procedure in question is HQS-OPS-PR-07 Section 2, Subsection 3.

3.      Continual improvement was clearly evident as noted in the addition of FOCUS, SMART and SQA reporting into the online Global Management System (GMS) reporting system, as well as the re-categorizing and online formatting of the eDocs SMS Manuals online, providing easy and readily available access to all personnel online and the detailed projects in the last stages of process such as the onshore manager training and development programs.

4.      DNV NC 1 issued 2009-04-16 – Verified satisfactory implementation of additional corrective action where shore-based management only can approve and close-out corrective actions for findings resulting from regulatory audits in an additional step in the automated corrective action planning and tracking tool (FOCUS).

5.      Interviewed company personnel were found to be proactive, motivated and highly knowledgeable in the use of the Company's SMS and the related policies, practices and procedures. Recommend that they be congratulated for their efforts and cooperation throughout this audit.

Confidential Treatment Requested by Transocean Holdings LLC                          TRN-USCG_MMS-00039148

| Name of company | DNV id. no. | Job Id.. |
|---|---|---|
| Transocean Offshore Deepwater Drilling Inc. | 195724 | 179930 |



DET NORSKE VERITAS AS, VERITASVEIEN 1, N-1322 HØVIK, NORWAY, TEL.INT.: +47 67 57 99 00, TELEFAX: +47 67 57 99 11
Form No.: 40.8a      Issue: April 2006

Confidential Treatment Requested by Transocean Holdings LLC

TRN-USCG_MMS-00039149

UNITED STATES OF AMERICA
DEPARTMENT OF HOMELAND SECURITY
DEPARTMENT OF THE INTERIOR
JOINT INVESTIGATION CONDUCTED BY
UNITED STATES COAST GUARD
BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION, AND ENFORCEMENT
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

(Authority 43 U.S. Code 1348; 46 U.S. Code 6304)

# In the Matter of the Fire & Explosion on the Deepwater Horizon

TO:   Transocean
c/o Mr. Richard J. Hymel, Esq.
Preis & Roy
102 Versailles Blvd. Suite 40C
P.O. Drawer 94-C
Lafayette, LA. 70509

Transocean is hereby COMMANDED to produce the following documents, electronically stored information, or objects:

- The spreadsheet referenced by Ms. Karis during Neil Cramond's testimony before the Joint Investigation on August 23, 2010, concerning the verification of work completed following BP's 2009 marine assessment.
- A list of subsea engineer training requirements and job prerequisites.
- The contract between BP Exploration and Production Inc. and Transocean concerning the DEEPWATER HORIZON.
- All management of change (MOC) documentation for BOP modifications defined in TRN-USCG_MMS-0039812.
- All Persons on Board (POB) records for the dates identified in TRN-USCG_MMS-0039812.
- All documentation within the RMS system associated with the DEEPWATER HORIZON BOP purge system in the driller's shack.
- All documentation of the risk matrix performed on April 21, 2010, on the BOP intervention referenced by Mr. Paul Johnson during testimony before the Joint Investigation on August 23, 2010.
- A copy of Transocean's Intervention Plan referenced by Mr. Paul Johnson during his testimony before the Joint Investigation on August 23, 2010.
- All versions/drafts of the audit report performed by ModuSpec in April 2010.
- Any documentation concerning the condition-based monitoring program associated with the BOP stack on the DEEPWATER HORIZON.
- The rig move work list for the DEEPWATER HORIZON.
- A list of any scheduled maintenance for the 2011 dry dock.



EXHIBIT
C.1.

- Documentation of any modifications to the diverter lines and/or the degasser on the DWH.
- Most recent ISM Code company audit report for Transocean.
- Most recent ISM Code audit for all Transocean vessels operating in GOM within the past 12 months.
- Documentation of major emergency management training for all Transocean OIM's, Licensed Masters, and Incident Management Managers.
- Communication Records (i.e., emails, phone logs, etc.) between Deepwater Horizon OIM and the Transocean shore office during the period of 4/14 to time of explosion on 4/20.
- Communication Records (i.e., emails, phone logs, etc.) between Transocean and O'Brien's Oil Pollution Service including any contracts established between Transocean and O'Brien's Oil Pollution Service.
- All documentation of any modifications to the diverter lines and/or the degasser on the DEEPWATER HORIZON.
- All documents discussing, analyzing, or interpreting the audit report generated by ModuSpec in April 2010.

These records and items are requested in printed and native, searchable electronic media formats where appropriate. The printed copies are to be secured in three ring binders labeled as to their contents, filed in a logical manner with an index allowing for specific documents to be located. The electronic media format records shall be saved in Adobe PDF and be compatible with Microsoft operating system, recorded on CDs, with an index allowing for specific documents to be located. The records will be delivered to USCG-BOEM Joint Investigation, Attn: LT. Robert S. Butts, 1201 Elmwood Park Blvd, New Orleans, LA 70123-2394, no later than September 15, 2010.

The names, telephone numbers, and e-mail addresses of the attorneys representing the Joint Investigation, which issues this subpoena, are Lieutenant Commander Jeff Bray, (202) 309-9559, jeff.r.bray@uscg.mil; and Silvia Murphy, (202) 604-3466, silvia.murphy@sol.doi.gov.

Subscribed at New Orleans, Louisiana this 2nd day of September, 2010.

Mr. David Dykes
Co-Chair, Joint Board of Investigation
1201 Elmwood Park Blvd
New Orleans, Louisiana 70123-2394



SUTHERLAND ASBILL & BRENNAN LLP
First City Tower
1001 Fannin, Suite 3700
Houston, TX 77002-6760
713.470.6100  Fax 713.654.1301
www.sutherland.com

**CARTER L. WILLIAMS**
DIRECT LINE: 202.383.0447
E-mail: carter.williams@sutherland.com

September 15, 2010

<u>VIA HAND DELIVERY</u>

USCG-MMS Investigation Board
Attn: LT. Robert S. Butts
1201 Elmwood Park Blvd.
New Orleans, LA 70123-2394

     Re:    In the Matter of Fire and Explosion on the Deepwater Horizon

Dear LT. Butts:

    We are responding to your request dated September 2, 2010.

    **Request:** The spreadsheet referenced by Ms. Karis during Neil Cramond's testimony before the Joint Investigation on August 23, 2010, concerning the verification of work completed following BP's 2009 marine assessment.

    **Response:** We are continuing to search for the requested document and will supplement our production if any such document is located.

    **Request:** A list of subsea engineer training requirements and job prerequisites.

    **Response:** We are producing responsive documents Bates labeled TRN-USCG_MMS-00042142-TRN-USCG_MMS-00042150.

    **Request:** The contract between BP Exploration and Production Inc. and Transocean concerning the DEEPWATER HORIZON.

    **Response:** We are producing responsive documents Bates labeled TRN-USCG_MMS-00040474-TRN-USCG_MMS-00040944.

    **Request:** All management of change (MOC) documentation for BOP modifications defined in TRN-USCG_MMS-0039812.

    **Response:** We are producing responsive documents Bates labeled TRN-USCG_MMS-00041973-TRN-USCG_MMS-00042141.



EXHIBIT
C.2.

USCG-MMS Investigation Board
September 15, 2010
Page 2

**Request:** All Persons on Board (POB) records for the dates identified in TRN-USCG_0039812.

**Response:** We are producing responsive documents Bates labeled TRN-USCG_MMS-00041356-TRN-USCG_MMS-00041467.

**Request:** All documentation within the RMS system associated with the DEEPWATER HORIZON BOP purge system in the driller's shack.

**Response:** We are continuing to search for the requested documents and will supplement our production if any such documents are located.

**Request:** All documentation of the risk matrix performed on April 21, 2010, on the BOP intervention referenced by Mr. Paul Johnson during testimony before the Joint Investigation on August 23, 2010.

**Response:** We are continuing to search for the requested documents and will supplement our production if any such documents are located.

**Request:** A copy of Transocean's Intervention Plan referenced by Mr. Paul Johnson during his testimony before the Joint Investigation on August 23, 2010.

**Response:** We are continuing to search for the requested document and will supplement our production if any such documents are located.

**Request:** All versions/drafts of the audit report performed by ModuSpec in April 2010.

**Response:** We are producing a responsive document Bates labeled TRN-USCG_MMS-00040945-TRN-USCG_MMS-00041031.

**Request:** Any documentation concerning the condition-based monitoring program associated with the BOP stack on the DEEPWATER HORIZON.

**Response:** We are continuing to search for the requested documents and will supplement our production if any such documents are located.

**Request:** The rig move work list for the DEEPWATER HORIZON.

**Response:** We are producing a responsive document Bates labeled TRN-USCG_MMS-00041966-TRN-USCG_MMS-00041972.

USCG-MMS Investigation Board
September 15, 2010
Page 3

**Request:** A list of any scheduled maintenance for the 2011 dry dock.

**Response:** We are continuing to search for the requested document and will supplement our production if any such document is located.

**Request:** Documentation of any modifications to the diverter lines and/or degasser on the DWH.

**Response:** We have not located any documents responsive to this request. Transocean is not aware of any modifications to the diverter lines and/or degasser on the DWH.

**Request:** Most recent ISM Code company audit report for Transocean.

**Response:** Transocean objects to this request since it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence in this proceeding.

**Request:** Most recent ISM Code audit for all Transocean vessels operating in GOM within the past 12 months.

**Response:** Transocean objects to this request since it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence in this proceeding.

**Request:** Documentation of major emergency management training for all Transocean OIM's, Licensed Masters, and Incident Management Managers.

**Response:** Transocean objects to this request since it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence in this proceeding.

**Request:** Communication Records (i.e., emails, phone logs, etc.) between Deepwater Horizon OIM and the Transocean shore office during the period of 4/14 to time of explosion on 4/20.

**Response:** We are continuing to search for the requested documents and will supplement our production if any such documents are located.

USCG-MMS Investigation Board
September 15, 2010
Page 4

**Request:** Communication Records (i.e., emails, phone logs, etc.) between Transocean and O'Brien's Oil Pollution Service including any contracts established between Transocean and O'Brien's Oil Pollution Service.

**Response:** We are continuing to search for the requested documents and will supplement our production if any such documents are located.

**Request:** Documentation of any modifications to the diverter lines and/or degasser on the DWH.

**Response:** We have not located any documents responsive to this request. Transocean is not aware of any modifications to the diverter lines and/or degasser on the DWH.

**Request:** All documents discussing, analyzing, or interpreting the audit report generated by ModuSpec in April 2010.

**Response:** We are producing responsive documents Bates labeled TRN-USCG_MMS-00041032-TRN-USCG_MMS-00041355.

Sincerely,

Carter L. Williams

cc:     Richard J. Hymel, Esq. (Preis & Roy)