UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, on | § | SECTION: J |
| APRIL 20, 2010 | § | |
| | § | |
| | § | JUDGE BARBIER |
| This Document Relates to: 10-4227 | § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF PLAINTIFF SHANE FAULK'S
MOTION TO REMAND**

Plaintiff Shane Faulk respectfully submits this Memorandum in Support of his Motion to

Remand.

## I.      INTRODUCTION

 Defendants are TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER

DRILLING, L.L.C. (collectively the "Transocean Defendants"), CAMERON

INTERNATIONAL CORPORATION f/k/a CAMERON SYSTEMS CORPORATION

("Cameron"), HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND

PRODUCTION, INC. and BP, PLC (collectively the "BP Defendants").

On April 20, 2010, Plaintiff was working aboard the *Deepwater Horizon*, a free-floating,

semi-submersible, state-of-the-art rig with no cables, anchors or moorings attaching it to the

seabed.  As the Court is well aware, an explosion occurred aboard the *Deepwater Horizon* on this

date, injuring Plaintiff and giving rise to Plaintiff's claims against Defendants.

On July 14, 2010 Plaintiff brought claims against Defendants in the 152nd Judicial

District Court of Harris County, Texas.

Cameron received a copy of the state court petition on July 20, 2010.

Defendant BP Exploration and Production, Inc. ("BP Exploration") filed its Answer on July 21, 2010.

Cameron, Halliburton and BP Exploration were all served on July 27, 2010.

Halliburton filed its Original Answer on August 3, 2010.

Cameron filed its Original Answer on August 3, 2010 and filed the Notice of Removal on August 4, 2010.

Plaintiff and BP Exploration filed a Joint Motion to Stay Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation on September 1, 2010.  The court granted that motion and filed an order staying the case and suspending all responsive pleading and answer deadlines on September 8, 2010.

Plaintiff initially filed his Motion to Remand and Motion for Costs on September 3, 2010.

On November 10, 2010, this case was transferred to the Eastern District of Louisiana to be included in MDL Docket No. 2179.

## II.    SUMMARY OF ARGUMENT

A Motion to Remand was filed within 30 days of the filing of the Notice of Removal under 28 U.S.C. §1446(a), and was therefore timely under 28 U.S.C. §1447(c).  This Motion to Remand was filed within 30 days of the transfer of this case to the MDL docket.  28 U.S.C. §1447(c).  The court should remand this case because the lawsuit does not involve a federal question.  28 U.S.C. §1447(c); *see International Primate Prot. League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 89, 111 S. Ct. 1700, 1710 (1991).

Cameron's allegation that this case arises under federal law for purposes of removal through the Outer Continental Shelf Lands Act ("OCSLA") is incorrect.  Because the situs of Plaintiff's location at the time of the explosion and injury was on a vessel in navigable waters,

Plaintiff's claims do not fall within the purview of the OCSLA.  *Williams v. M/V Sonora*, 985 F.2d 808, 812 (5th Cir. 1993).

Plaintiff's claims are maritime in nature because the alleged tort and ensuing harm took place upon a vessel in navigable waters.  *Chapman v. City of Grosse Point Farms*, 385 F.2d 962, 963 (6th Cir. 1967).  Maritime claims do not give rise to federal question jurisdiction for the purposes of removal because of the "saving to suitors" clause of 28 U.S.C. §1333(1).

If, for the sake of argument, OCSLA did apply to some or all of Plaintiff's claims, it would not displace Plaintiff's general maritime law claims.  Where OCSLA and general maritime law both apply, the case is to be governed by maritime law.  *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150, 154 (5th Cir.1996).

Cameron may not file for removal under 28 U.S.C. §1441(b) because its principal place of business is in Texas, and this case was originally filed in a Texas court.  28 U.S.C. §1332(a); *see Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000).

Plaintiff was injured and nearly killed when the *Deepwater Horizon* exploded, burned, and sank.  Plaintiff now has been sucked into a whirlwind of litigation and motion practice. Cameron's Notice of Removal is groundless and frivolous, which would have been revealed with a minimal amount of research.  Plaintiff thus should be awarded attorney's fees and costs incurred by them which directly relate to the removal and remand of this case because removal was fundamentally erroneous.  *Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F.Supp.2d 697, 699 (S.D.Miss.2003).

## III.   ARGUMENT AND AUTHORITIES

An order staying all proceedings pending transfer to the MDL docket was signed less than 30 days after the Notice of Removal was filed.  This Motion to Remand was filed within 30

days of the transfer of this case to the MDL docket and is therefore timely filed under 28 U.S.C. § 1447(c).  The right to remove a case from state court to federal court is statutory.  *See* 28 U.S.C. §1441.  The removal statutes are to be strictly construed against removal.  *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979).   Cameron, as the removing party, bears the burden of establishing this Court's jurisdiction.  *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993).  Any ambiguities must be construed against removal because the removal statute should be strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).  It is axiomatic under the doctrine of "federalism" that federal courts are courts of limited jurisdiction and should not usurp authority over cases that are properly brought in state court.  *Jackson v. Phillips Bldg. Supply of Laurel*, 246 F.Supp.2d 538, 541 (S.D.Miss.2003).  As demonstrated below, Cameron has failed to meet its burden.

**A.   OCSLA DOES NOT APPLY TO THE *DEEPWATER HORIZON.***

Cameron contends that the Constitution and laws and civil and political jurisdiction of the United States are extended to lawsuits arising out the explosion on the *Deepwater Horizon* through the OCSLA.  43 U.S.C. §1333(a).  For a cause of action to fall within the purview of the OCSLA, the situs of Plaintiff's work at the time of the explosion is of paramount importance. The Fifth Circuit has held that OCSLA applies to the following locations:

(1)     the subsoil and seabed of the OCS;

(2)     any artificial island, installation, or other device if

(a)     it is permanently or temporarily attached to the seabed of the OCS, and

(b)     it has been erected on the seabed of the OCS, and

       (c)     its presence on the OCS is to explore for, develop, or produce resources from the OCS;

   (3)     any artificial island, installation, or other device if

       (a)     it is permanently or temporarily attached to the seabed of the OCS, and

       (b)     it is not a ship or vessel, and

       (c)     its presence on the OCS is to transport resources from the OCS.

*Demette v. Falcon Drilling Co., Inc.,* 280 F.3d 492, 497 (5th Cir.2002).  OCSLA does not apply to the *Deepwater Horizon* under any of these three tests.

Plaintiff was working aboard the *Deepwater Horizon* at the time of the explosion.  The *Deepwater Horizon* is neither permanently nor temporarily erected on the seabed, nor is it anchored or moored in any way.  It maintains its position to within five feet by "dynamic positioning," a triply-redundant computer system that uses satellite signals to operate eight powered thrusters.  Prior to starting work at this drill site, the *Deepwater Horizon* was floated and navigated into position above the drill site and, after the job had finished, it would have been navigated away from the site and would not have taken part in any production tasks.  *See* Declaration of Micah Joseph Sandell, at ¶¶ 5-7, attached as **Exhibit A**.  Because the *Deepwater Horizon* is a floating rig and not a fixed platform, OCSLA does not apply.  *See generally The Admiral Peoples*, 295 U.S. 649, 651, 55 S.Ct. 885, 886 (1935); *see also, Alex v. Wild Well Control, Inc.*, 2009 WL 2599782 at 7 (E.D.La. 2009) (finding that a dynamic positioning vessel is not subject to OCSLA); *Holcomb v. ERA Helicopters, Inc.*, 618 F.Supp. 339, 342 (D.C. La., 1985) ("There is no case of which this Court has been made aware that holds the OCSLA governs the rights and liabilities of the parties where a fixed drilling platform has in no way been involved.").

B.    **PLAINTIFF'S CLAIMS ARE GOVERNED BY MARITIME LAW AND ARE NOT REMOVABLE.**

It is the generally stated rule under 28 U.S.C. §1333 that admiralty tort jurisdiction depends not upon the nature of the tort, but upon the locality where it occurred; torts occurring upon navigable waters are within admiralty jurisdiction, and those occurring on land are not. *Chapman*, 385 F.2d at 963.  Where the injury occurs upon navigable waters, the cause is maritime and thus subject to admiralty jurisdiction. *The Admiral Peoples*, 295 U.S. at 651.

Cameron may not base removal upon an admiralty claim.  Historically, admiralty claims have been held to be distinct from federal questions, and only federal questions are removable to federal courts under 28 U.S.C. §1441(b). *Trinh v. Yamaha Boat Co.,* 122 F.Supp.2d 1364, 1365 (S.D.Ga.2000).  The "savings to suitors" clause allows a plaintiff who brings a maritime claim to choose either a federal or state forum by providing that state courts may exercise concurrent jurisdiction over maritime claims. *Williams*, 985 F.2d 808, 812 n. 7 (5th Cir. 1993).  Thus, federal courts cannot exercise removal jurisdiction over claims subject to the "savings to suitors" clause because the clause purports to <u>guarantee</u> a plaintiff the right to a remedy in state court. *Id* at 812.  This is true even when if the plaintiff is not a Jones Act seaman. *Id*.; *see also The Admiral Peoples*, 295 U.S. at 651.

C.    **OCSLA CLAIMS ARE NOT REMOVABLE WHEN MARITIME LAW APPLIES.**

Assuming, for the sake of argument, that the OCSLA did apply to some or all of the claims brought by Plaintiff—which it does not—those claims still would not give rise to federal question jurisdiction for the purposes of removal.  Where admiralty and OCSLA jurisdiction overlap, the OCSLA confers original jurisdiction under 28 U.S.C. §1441(a), but maritime law is the substantive law of the case. *Bulen v. Hall-Houston Oil Co.,* 953 F.Supp. 141, 144 (E.D.La.1997).

For maritime law to apply of its own force and displace OCSLA, there must be (1) a maritime situs; and (2) a maritime nexus. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 115 S.Ct. 1043, 1048 (1995). Both tests must be met. *Hufnagel v. Omega Serv. Industries, Inc.*, 182 F.3d 340, 351 (5th Cir. 1999). The nexus element "requires a claim to arise from a traditional maritime activity." *Case v. Omega Natichiq, Inc.*, 2008 WL 2714124 at *12. "Traditionally, maritime law primarily concerns the movement of vessels upon waters." *Dozier v. Rowan Drilling Co.*, 397 F.Supp.2d 837, 850 (S.D. Tex. 2005).

As set forth above, the *Deepwater Horizon* was a vessel in navigation, aboard which Plaintiff was working at the time of the injury. Therefore, a claim exists under maritime law.

## D.   CAMERON IS AN IN-STATE DEFENDANT AND THERE IS NO FEDERAL QUESTION JURISDICTION.

Cases that do not fall under the court's federal question jurisdiction may be removed under 28 U.S.C. §1441(b) only if there is complete diversity of citizenship and the removal is undertaken by non-forum defendants. *DeBello v. Brown & Root, Inc.,* 809 F.Supp. 482, 486 (E.D.Tex.1992). In its remand ruling that was entered on October 6, 2010, this Court noted

> that unless a defendant is not a citizen of a state of the state in which the action was brought, § 1441(b) does not allow maritime law claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction because the Fifth Circuit has not determined that finding that a court has OCSLA jurisdiction is synonymous with finding that a plaintiff's claim arises under the laws of the United States.

(Docket Entry No. 470, at pp. 9-10) (citations omitted). As noted above, maritime law applies to Plaintiff's claims. Citizenship of corporations is defined by 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" Cameron's principal place of business is

in Texas, the state where this suit was brought.  Further, Halliburton's principal place of business is also in Texas.  Therefore, this case is not removable.

## IV.   <u>MOTION FOR COSTS</u>

Plaintiff's counsel is loath to seek costs under most circumstances; however, here, costs are warranted. Plaintiff's counsel attempted several times to contact Defense counsel to ask that this Defendant agree to remand of this case.  Plaintiff's counsel expended many hours needlessly drafting this Motion. Under 28 U.S.C. §1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Kent v. Ford Motor Co.*, 200 F.Supp.2d 670, 672 (S.D.Miss.2002).  The decision as to whether to award attorney's fees and costs under the statute is within the sound discretion of the district court.  *Barker v. John Deere Ins. Co.,* 932 F.Supp. 785, 788 (S.D.Miss.1996).  An award of attorney's fees and costs under 28 U.S.C. §1447(c) need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).  Attorney's fees and costs, however, should be awarded only if it was improper for the defendant to remove.  *Id.*  "Absent unusual circumstances, a court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Cameron contends that federal subject matter jurisdiction may be found under OCSLA; however, a cursory reading of the statute and a review of the relevant case law shows that it does not apply to installations that are neither erected upon nor attached to the OCS.  *See* 43 U.S.C. §1333.  Where a minimal amount of research by Cameron would have revealed that there was no objectively reasonable basis from removal; therefore, Cameron's removal is improper frivolous and groundless.  *Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F.Supp.2d 697, 699

(S.D.Miss.2003).   Cameron should be sanctioned by compensating Plaintiff for his losses in dealing with the improper removal of this case.   *Id.*   As such, Plaintiff seeks an award of $5,000.00 for costs and expenses that were incurred as a result of removal.

**V.     PRAYER**

As demonstrated above, this Court lacks subject matter jurisdiction over this matter. Federal question jurisdiction does not exist under 28 U.S.C. § 1331(a) because the governing law for all claims in this case is general maritime law.   Further, Cameron is a citizen of the forum state.   For these reasons, Plaintiff respectfully requests that this Court grant the motion to remand and remand this suit to the 152nd Judicial District Court of Harris County, Texas.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:      */S/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas State Bar No. 24001820
JPMorgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas  77002
Telephone: 713-223-5393
Facsimile: 713-223-5909
www.txattorneys.com

**ATTORNEY FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Memorandum in Support of Plaintiff Shane Faulk's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of December, 2010.


        */S/ Anthony Buzbee*
Anthony Buzbee