UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL-2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | |
| | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| 10-CV-3059 | : | |

………………………………………………………………………………………………………

**MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR
CONFIRMATION OF NON-APPLICABILITY OF OR
EXEMPTION FROM CERTAIN PARTY-PLAINTIFF REQUIREMENTS**

NOW INTO COURT comes the State of Louisiana ("Louisiana"), by and through James D. "Buddy" Caldwell, Louisiana Attorney General, and offers this Memorandum in further support of its Ex Parte Motion for Confirmation of Non-Applicability of or Exemption from Certain Party-Plaintiff Requirements, whereby Louisiana requests that this Honorable Court confirm the non-applicability of, or in the alternative exemption from, certain provisions contained within Pretrial Orders No. 11 and No. 8.

Pretrial Order No. 11/Case Management Order No. 1, entered on October 19, 2010 (Rec. Doc. No. 569), sets forth initial case management provisions applicable to all cases in this MDL proceeding. (See Pretrial Order No. 11/Case Management Order No. 1, Section 1: Applicability of Order.) Pretrial Order No. 8 (Rec. Doc. No. 506) provides for certain roles and responsibilities of the Plaintiff Steering Committee ("PSC"). The State of Louisiana is presently

a plaintiff in these coordinated proceedings through the filing of its Complaint for Declaratory Judgment (Rec. Doc. No. 1, Docket No. 10-CV-3059).  Louisiana seeks confirmation of the following with respect to the Court's Order.

**1.    Amended Complaint Deadline**

The provisions of Pre-Trial Order No. 11/Case Management Order No. 1 set forth, in part, several requirements for Plaintiffs.  One of these is Provision IV(A), which reads as follows:

> 1. In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown).

Louisiana hereby requests that the Court confirm that this deadline does not apply to the State of Louisiana.  While there is no "Master Complaint" for government entities, there is also no present need for Louisiana to be held to an amended complaint deadline.  Louisiana is party-plaintiff in a declaratory judgment action seeking to resolve the legal status of certain Transocean entities in this matter.  The Transocean defendants have counterclaimed for similar declaratory relief.  Louisiana should not be obligated to amend or add claims by a deadline meant to pertain to non-state plaintiffs.  In light of the fundamentally different nature of its case from that of other private plaintiffs, the above-referenced deadline should not be applicable to the State.  Louisiana accordingly requests confirmation from the Court of the same.

**2.    Plaintiff Profile Forms**

In addition, Provision V(C) of Pretrial Order No. 11/Case Management Order No. 1 requires the submission of a "one-page Plaintiff Profile Form" ("PPF").[1]  Louisiana hereby

---

[1] This provision initially required filing by November 15, 2010, however, the Court has since extended the deadline for Plaintiff profile forms for those who have filed suit to November 22, 2010. (Rec. Doc. No. 620)

requests confirmation from this Court that the Plaintiff Profile Form does not apply to the State of Louisiana. In this regard, an examination of the Form itself reveals that it cannot have been intended to apply to a State acting as party plaintiff. Moreover, as the Court indicated at the November 19, 2010, status conference, the Plaintiff Profile Forms are intended for use in conjunction with accessing Gulf Coast Claims Facility, ("GCCF") data of claimants. The GCCF does not handle governmental claims. Out of an abundance of caution, however, Louisiana submitted the attached Plaintiff Profile Form, indicating the Form's non-applicability to the State. (See Exhibit A.)

**3.   Settlement**

Finally, Louisiana seeks confirmation of the roles and responsibilities regarding settlement. In Pretrial Order No. 8, the Court identified the role and responsibilities of those the Court has appointed to the PSC. Among other things, Pretrial Order No. 8 purports to authorize the members of the PSC to: "Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation." (See Pretrial Order No. 8; Miscellaneous subparagraph 3.) Louisiana has and will continue to negotiate certain payments and resolutions of the State's claims with the appropriate responsible parties. No member of the PSC is authorized to engage in or resolve claims of the State of Louisiana. Accordingly, to avoid any misinterpretation of the settlement negotiation authority outlined in Pretrial Order No. 8, the State of Louisiana seeks confirmation that settlement authority of the PSC excludes any claims of the State.

Louisiana hereby asserts that it does not waive its right to object to, or seek further confirmation or clarifications regarding, any existing or future Order in this MDL, in whole or in part, including but not limited to the Orders addressed herein, and expressly reserving such

rights. Further, Louisiana hereby asserts that nothing in this Memorandum or related Motion affects any of the arguments or issues raised in Louisiana's still-pending Motion for Creation of Government Separate Case Track (Rec. Doc. 248) and related Ex Parte Motion for Hearing (Rec. Doc. 505).

WHEREFORE, Plaintiff State of Louisiana seeks confirmation that the above-referenced provisions are inapplicable to the State of Louisiana.

Dated this 15th day of December, 2010.

Respectfully submitted,

James D. "Buddy" Caldwell
Louisiana Attorney General

James Trey Phillips
First Assistant Attorney General
Megan K. Terrell
Assistant Attorney General
Section Chief – Environmental
State of Louisiana
P.O. Box 94005
Baton Rouge, Louisiana  70804-9005
Tel: 225- 326-6708
Fax: 225- 326-6797


Kanner & Whiteley, L.L.C.


 /s/ Allan Kanner_____
Allan Kanner
a.kanner@kanner-law.com
Elizabeth B. Petersen
e.petersen@kanner-law.com
Rebecca J. Davis
r.davis@kanner-law.com
701 Camp Street
New Orleans, Louisiana 70130
Tel: 504-524-5777
Fax: 504-524-5763

Henry Dart, Attorneys at Law P.C.

_/s/ Henry T. Dart_____
Henry T. Dart, Esq.
hdart@dartlaw.com
Grady J. Flattmann, Esq.
gflattmann@dartlaw.com
510 N. Jefferson St.
Covington, LA 70433
Tel: 985-809-8093
Fax: 985-809-8094


Usry, Weeks, & Matthews, APLC

_/s/ T. Allen Usry_____
T. Allen Usry, Esq.
ausry@uwmlaw.com
1615 Poydras St., Ste. 12
New Orleans, LA  70112
Tel: 504-592-4600
Fax: 504-592-4641


Shows, Cali, Berthelot & Walsh, LLP.

_/s/ E. Wade Shows_____
E. Wade Shows
ews@scbllp.com
628 St. Louis Street
Baton Rouge, Louisiana 70802
Tel: 225-346-1461
Fax: 225-346-1467

Special Counsel to the Attorney General

Marten Law PLLC

_/s/ Bradley M. Marten_____
Bradley M. Marten
bmarten@martenlaw.com
Linda R. Larson
llarson@martenlaw.com
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, Washington  98101
Tel: 206-292-2600
Fax: 206-292-2601