**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on | * | |
|     APRIL 20, 2010 | * | SECTION: J |
| | * | |
| Relates to: *All Cases.* | * | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRE-TRIAL ORDER NO. 20

### [Governing Direct Filing]

Upon the Stipulation of all Liaison Counsel, in order to eliminate the delays associated with transfer of cases filed in or removed to other U.S. District Courts, and to promote judicial efficiency:

**IT IS ORDERED THAT:**

Any person, private entity, or Governmental officer, agent or body desiring to assert a claim that falls within the above-captioned Multi-District Litigation (MDL) proceeding, may, as applicable, and without regard to the plaintiff's domicile or location of claimed injury, directly:

    a.    Join in and/or otherwise adopt a Master or Consolidated Complaint (or portions thereof) for claims arising within Pleading Bundles B1, B2, B3 or D1;[1] and/or,

---

[1] *See* Case Management Order No. 1 [PTO No. 11] [Doc 569], Section III, pp.2-5.

b.   File a Complaint arising out of any personal injury or wrongful death sustained in the fire and explosion of April 20, 2010 (Pleading Bundle A) in this Judicial District, to be consolidated for pre-trial purposes within this MDL proceeding; and/or,

c.   File a Complaint for public damage claims (Pleading Bundle C) in this Judicial District, to be consolidated for pre-trial purposes within this MDL proceeding; and/or,

d.   File an Answer and/or Claim in the Transocean Limitation (Docket No 10-2771).[2]

Any and all claims, defenses, motions or exceptions premised on Lack of Personal Jurisdiction and/or Insufficient Service of Process shall be preserved.

The proper service of a Master or Consolidated Complaint (Bundles B1, B2, B3 and/or D1) shall constitute service of all actions or claims properly joined in that Master or Consolidated Complaint.

While the direct filing of actions or claims in this Judicial District in accordance with the above provisions shall be deemed to have been filed in a Court of proper venue for any statute of limitations or prescriptive purposes, Defendants do not consent to trial of such actions in the Eastern District of Louisiana where they contend venue is appropriate elsewhere.   All parties reserve the right to seek a transfer of venue under 28 U.S.C. §1404 for the convenience of the parties and/or witnesses, once pre-trial proceedings on common issues have been substantially completed within this MDL proceeding.  In addition, Defendants reserve the right (if any) to seek transfer, under 28

---

[2]Nothing herein shall relieve any claimant in the Transocean Limitation action from complying with the Orders of the Court related thereto.

U.S.C. §1407 and *Lexecon Inc v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 34-40 (1998), to the Judicial District that such Defendant (or Defendants) contend would have been proper under 28 U.S.C. §1391 at the time the action was first commenced.

By consenting to direct filing, no Plaintiff or Defendant waives the right to seek (or oppose) transfer of any individual action or claim for trial in the Judicial District that any Plaintiff or Defendant contends to be an appropriate venue, irrespective of the MDL proceeding or action in Limitation.

New Orleans, Louisiana, this 17th day of December, 2010.

**Carl J. Barbier**
**U.S. District Court Judge**