IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER |
| This document relates to:<br>*Joshua Kritzer, et al. v. Transocean, Ltd., et al.*<br>S.D. Texas C.A. 4:10-1854 | ' ' ' | <br><br>MAG. JUDGE SHUSHAN |

### Plaintiffs' Memorandum in Support of Their Motion to Remand

The Court should remand this case because:

1. it is axiomatic that Jones Act cases cannot be removed to federal court – even when a seaman also sues non-Jones Act employers;

2. Cameron removed this case on the basis of OCSLA even though OCSLA does not provide removal jurisdiction; and

3. Cameron impermissibly failed to obtain the written consent of all of its co-defendants before removing the case.

### I.

### Facts

Plaintiffs are Jones Act seamen whose lives were turned upside down when the DEEPWATER HORIZON exploded on April 20, 2010. As the Court is well aware, the explosion killed 11 workers, injured dozens of others, and has wreaked havoc on the Gulf Coast. Cameron supplied the defective blowout preventer ("BOP") which was supposed to

prevent the explosion from happening. Plaintiff Rhonda Burkeen is the widow of Aaron Dale Burkeen, a Transocean crane operator who died while heroically trying to save his fellow crew members. Plaintiffs Kritzer, Watson, and Johnson were crew members who luckily survived the explosion, but suffered disabling injuries in the disaster. As a result of the tragedy, Plaintiffs filed suit in Texas state court. In their Petition, Plaintiffs made clear that these are Jones Act claims by alleging that:

- their claims are "maintained under the Jones Act (46 U.S.C. §§ 30104, *et seq.*) and/or the general maritime law of the United States." Ex. A (Plaintiffs' Second Amended Petition) at ¶ 1;

- they were "seamen, borrowed or otherwise, employed by Defendants." *Id*. at ¶ 19;

- they were injured "[w]hile the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to accomplish its mission" *Id*. at ¶ 19;

- "[t]he DEEPWATER HORIZON was a floating semi-submersible drilling rig" which "utilized dynamic positioning technology, and was designed to move from location to location as necessary." *Id*. at ¶ 20;

- "These claims are filed in state court pursuant to the 'Saving to Suitors' clause." *Id*. at ¶ 2;

- venue was proper in Galveston County pursuant to Texas' Jones Act venue statute (TEX. CIV. PRAC. & REM. CODE § 15.0181). *Id*. at ¶ 3;

- "the DEEPWATER HORIZON was unseaworthy." *Id*. at ¶ 25; and

- Plaintiffs are owed maintenance and cure. *Id*. at ¶ 28.

Despite the well settled rule that Jones Act claims cannot be removed to federal court, Cameron baselessly removed this case because it supposedly is an OCSLA claim. Nowhere in the Petition do Plaintiffs allege an OCSLA cause of action or even allege facts that could raise an inference that such an action exists. Indeed, the DEEPWATER HORIZON was

indisputably a floating vessel as opposed to a fixed platform.[1] Cameron acknowledged this fact in its Notice of Removal when it described this case as "[c]laims arising from the sinking of a **Mobile** offshore drilling unit." Ex. B (Exhibit 1 to Cameron's Notice of Removal). Besides impermissibly removing a Jones Act claim, Cameron's removal is fatally defective since Cameron failed to secure the written consent of all of its co-defendants. Consequently, the Court should remand this case to the Galveston County Court at Law #3.

## II.

## The Court Should Grant Plaintiffs' Motion to Remand

### A. Cameron fails to offer *any* proof that Plaintiffs fraudulently pleaded their seaman status

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). The narrow exception is where a defendant can show that the Jones Act allegations were fraudulently pleaded. *Id*. However, "the mere assertion of [fraudulent pleading] is not sufficient to warrant removing a case to federal court. **Defendants must prove that the allegations of the complaint were fraudulently made**, and any doubts should be resolved in favor of the plaintiff." *Id*. (internal citations omitted) (emphasis added). "[D]efendants' burden of persuasion is a heavy one. The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff." *Id*. (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). In addition to resolving disputed questions of fact in favor of the plaintiff,

---

[1] Even if Plaintiffs' claims against Cameron were somehow governed by OCSLA, this still would not provide a basis for removal since Plaintiffs have valid Jones Act claims against other Defendants. *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2001) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c).")

3

the district court must also resolve all "ambiguities in current substantive law in plaintiff's favor."  *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006).

Here, Plaintiffs have alleged they were "seamen, borrowed or otherwise, employed by Defendants."  Ex. A at ¶ 19.  "Defendants" includes Transocean, BP, Cameron, and Halliburton.  *Id*. at unnumbered introductory paragraph.  Cameron fails to offer ***any*** evidence to disprove this allegation.  As a result, Cameron has not met its heavy burden of "prov[ing] that the allegations of the complaint were fraudulently made."  For this reason alone, the Court should remand the case.

### B.     Plaintiffs are Jones Act seamen

Cameron removed this case to federal court on May 24, 2010.  At that time, twelve plaintiffs had filed suit in the State court action.  Ex. C (Plaintiffs' Fifth Amended Petition).  However, Cameron only removed the cases filed by four of these plaintiffs (Josh Kritzer, Nick Watson, Bill Johnson, and Rhonda Burkeen).  Accordingly, those are the only four plaintiffs before the Court.  *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006) (noting that the district court must also resolve all "ambiguities in current substantive law in plaintiff's favor" when ruling on a motion to remand). Out of an abundance of caution, Plaintiffs will briefly outline all plaintiffs' role on the vessel.

*(1) The Transocean employees assigned to the DEEPWATER HORIZON are seamen*

The Plaintiffs listed below all worked for Transocean (or are the family members of deceased Transocean employees).  They were all permanently assigned to the DEEPWATER HORIZON:

- **Rhonda Burkeen**: Mrs. Burkeen is the widow of Aaron Dale Burkeen.  She brought a wrongful death and survival claim as a result of his death.  Mr.

4

    Burkeen was employed by Transocean as a crane operator aboard the DEEPWATER HORIZON;

- **Bill Johnson**: Mr. Johnson was employed by Transocean as a Deck Pusher aboard the DEEPWATER HORIZON;

- **Nick Watson**: Mr. Watson was employed by Transocean as a roustabout aboard the DEEPWATER HORIZON;

- **Dustin Johnson**: Mr. Johnson was employed by Transocean as a roustabout aboard the DEEPWATER HORIZON;

- **Stenson Roarke**: Mr. Roarke was employed by Transocean as an electronics technician aboard the DEEPWATER HORIZON;

- **Denise Arnold**: Ms. Arnold is the mother of Shane Roshto. He was only 22 years old when he was killed in the explosion. Ms. Arnold brought a wrongful death and survival claim as a result of his death. Mr. Roshto was employed by Transocean as a roustabout aboard the DEEPWATER HORIZON

It cannot seriously be disputed that these men were Jones Act seamen. They were employed by Transocean and permanently assigned to a Transocean vessel. Consequently, the Court should remand these cases immediately.

*(2) The non-Transocean employees assigned to the DEEPWATER HORIZON are seamen*

When analyzing the seaman status of the non-Transocean employees, it is important to note that it is "possible for a seaman to have more than one Jones Act employer." *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 453 (5th Cir. 1980); *Ghio v. Jambon*, 23 F.Supp.2d 724, 728 (S.D.Tex. 1998) ("As a cursory survey of the case law indicates, an employee can have more than one Jones Act employer."); *Walton v. Texaco Marine Services, Inc.*, 1988 WL 104822 at *2 (E.D.La. Oct. 5, 1988) ("A seaman may have more than one Jones Act employer."). A defendant like Transocean or BP who does not issue the seaman's paycheck may be an additional Jones Act employer if the plaintiff is that party's borrowed

5

servant/seaman. *Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 499 (5th Cir. 1984) (remanding case to state court against non-payroll employer because "[t]he law is well settled that an injured worker may prove that he was a borrowed [seaman] at the time of his injury by establishing that the defendant against whom recovery is sought had the power to control, manage, and direct the servant in the performance of his work."); *Walton v. Texaco Marine Services, Inc.*, 1988 WL 104822 at *2 (E.D.La. Oct. 5, 1988) ("However, the seaman may also show that some other employer has sufficient control over him or her, or sufficient connexity with his or her employment, to be treated as an additional employer for purposes of the [Jones] Act."). Finally, a plaintiff can be a seaman even if he "work[s] aboard vessels that are neither owned nor operated by [his] employer." *Bertrand v. International Mooring & Marine, Inc.*, 700 F.2d 240, 245 at n. 10 (5th Cir. 1983); *Alex v. Wild Well Control, Inc.*, 2009 WL 1507359 at * 5 (E.D.La May 28, 2009) ("It is not a prerequisite for the Plaintiff's employer to own a vessel for him to qualify for seaman status under the Jones Act or General Maritime law.").

The Plaintiffs who were not payroll employees of Transocean include:

- **Josh Kritzer**: Mr. Kritzer's payroll employer was Offshore Cleaning Systems. He was assigned to the DEEPWATER HORIZON and is a borrowed seaman;

- **Heith Lambert**: Mr. Lambert's payroll employer was Offshore Cleaning Systems. He was assigned to the DEEPWATER HORIZON and is a borrowed seaman;

- **Brett Guillory**: Mr. Guillory's payroll employer was Offshore Cleaning Systems. He was assigned to the DEEPWATER HORIZON and is a borrowed seaman;

- **Coby Richard**:  Mr. Richard's payroll employer was Offshore Cleaning Systems. He was assigned to the DEEPWATER HORIZON and is a borrowed seaman.

- **Cathleena Willis**:  Ms. Willis' payroll employer was Halliburton. She was assigned to the DEEPWATER HORIZON and is a borrowed seaman.

The non-Transocean employees have all alleged they were "seamen, **borrowed or otherwise**, employed by Defendants." Ex. A at ¶ 19 (emphasis added).  Cameron fails to offer any proof to show that these workers fraudulently pleaded their seaman status.  Accordingly, the Court should remand their cases.  *Lackey*, 990 F.2d at 207 (5th Cir. 1993) ("the mere assertion of [fraudulent pleading] is not sufficient to warrant removing a case to federal court.  Defendants must prove that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff.")

*(3) Jacquelyn Duncan's claim is not subject to OCSLA*

Jacquelyn Duncan is the sister of Wyatt Kemp.  After her brother was killed in the explosion, Transocean lied to her and assured her that he was still alive.  As a result, she sued Transocean pursuant to Texas common law.  Ex. C at ¶¶ 37-40.  Transocean's tort occurred on land, not on an OCSLA situs.  Consequently, the Court should remand her case since no federal question is present.

**C.     OCSLA does not provide a basis for removal**

*(1) OCSLA does not provide removal jurisdiction when the plaintiff has sued a local defendant and the underlying claim is governed by the general maritime law*

Cameron removed this case on the basis of OCSLA even though Plaintiffs never alleged an OCSLA claim in their state court petition.  Regardless, Cameron's removal confuses *original* jurisdiction with *removal* jurisdiction.  Several district courts have held

7

that 43 U.S.C. § 1349 (OCSLA's grant of *original* jurisdiction) does not provide *removal* jurisdiction when: (1) a claim is governed by maritime law; (2) the claim is originally brought in state court pursuant to the "Savings to Suitors" clause; and (3) one of the defendants is a citizen of the state where the case was filed. *Nase v. Teco Energy*, 347 F.Supp.2d 313, 318-20 (E.D.La. 2004) ("the Court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of the suit) (citing 11 different cases); *See also Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144 (E.D.La 1997); *Newman v. Superior Well Services,* 1997 WL 208980 at *3 (E.D.La April 28, 1997); *Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411, 417-18 (S.D.Tex 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 354-56 (E.D.La 1990). This is because 28 U.S.C. § 1441(b) bars removal of claims governed by maritime law when a local citizen is named as a defendant (despite the fact that a district court would have original jurisdiction under OCSLA if the case had been originally filed in federal court). *Id.*[2]

*(2) This case is governed by the general maritime law*

A court has admiralty jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has "a potentially disruptive impact on maritime commerce"; and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). In determining whether maritime law governs a claim (as opposed to

---

[2] The Fifth Circuit has examined this issue twice, but declined to definitively rule on whether an in-state defendant can remove a case governed by maritime law which also happens to fall within OCSLA's jurisdictional grant. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155-56 (5th Cir. 1996); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350-51 (5th Cir. 1999). However, both cases recognized the merit in the reasoning employed by the above cited cases. This Court does not need to decide this issue, though, since the district court must also resolve all "ambiguities in current substantive law in plaintiff's favor." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006). Consequently, to the extent the Court finds the law on this point is unsettled, the Court should resolve the ambiguity in Plaintiff's favor and remand the case.

whether admiralty *jurisdiction* exists), the Fifth Circuit has stated that "**[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties**." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc) (emphasis added); *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995) (en banc) (holding that injury to worker aboard a jack up drilling rig on navigable waters was governed by maritime law); *Parks v. Dowell Division of Dow Chemical Corp.*, 712 F.2d 154, 157 (5th Cir. 1983) (holding that injured worker's claim was governed by maritime law in a substantially similar case). A vessel that is attached to the seabed "and not 'under sail' qualifies as a vessel on navigable waters." *Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665, 669 (5th Cir. 2006). Further, "where OCSLA and general maritime law both could apply, the case is to be governed by maritime law." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

Here, Plaintiffs worked (and were injured or killed) aboard a vessel located on navigable waters. Ex. A at ¶ 19. This should end the Court's analysis under the *Grand Isle Shipyard* test. Therefore, OCSLA does not provide *removal* jurisdiction because this case is governed by maritime law and several defendants are citizens of Texas. Accordingly, removal was improper under 28 U.S.C § 1441(b) and the Court should remand this case.

The *Grubart* jurisdictional test is also met. It is undisputed that the tort occurred on navigable waters. Thus, *Grubart's* first element is met. The second element is met as well. An offshore explosion obviously has the potential to cause a disruption in maritime commerce. In fact, it cannot seriously be disputed that the DEEPWATER HORIZON explosion has *actually* disrupted maritime commerce. Finally, the third *Grubart* element is

9

met because the DEEPWATER HORIZON performed the traditional maritime activity of "discovery, recovery, and sale of oil and material gas from the sea bottom." *Parks*, 712 F.2d at 157; *See also Strong*, 440 F.3d at 669-70 (maritime law applies to drilling operations on the Outer Continental Shelf). Moreover, Plaintiffs were not only harmed in the explosion. They were also harmed during the evacuation and the search and rescue operation – another classic maritime activity. Ex. A. at ¶ 21(g). As a result, the Court lacks removal jurisdiction and should remand this case.

D. **OCSLA claims against non-Jones Act employers cannot be removed to federal court if the plaintiff also sues his Jones Act employer**

Even if OCSLA would ordinarily provide a basis for removal (which Plaintiffs deny), the removal was still improper under the facts of this case. This is because an OCSLA claim joined with a Jones Act claim cannot be removed if both claims arose out of the same event. *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2001) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c)."); *Rybolt v. Laborde Marine Lift*, 2001 WL 263119 at *2 (E.D.La. March 14, 2001) (remanding case brought by seaman against OCSLA defendant and a Jones Act employer because "Plaintiff chose to bring his Jones Act claims in state court and his related claims [against the OCSLA defendant] are not removable under § 1441(c)."); *See also Lockhart v. Applied Coating Services, Inc.*, 2005 WL 157420 at *5 (E.D.La. June 24, 2005) (remanding case where the plaintiff alleged he was a Jones Act seaman and alternatively pleaded that OCSLA applied). Since Plaintiffs undeniably have Jones Act claims against other Defendants, the Court should grant Plaintiffs' motion and remand this case.

**E.      Cameron's removal is fatally defective because Cameron failed to secure the written consent of its co-defendants**

All defendants in a case must give <u>written</u> consent before a co-defendant is allowed to remove a case to federal court. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Here, Cameron failed to obtain the written consent of its co-defendants (Transocean and Halliburton). Cameron cannot cure this shortcoming by simply stating that "Cameron is advised that the other defendants in this action consent to this removal." *Id*. (removal was improper when "nothing in the record, except [the removing defendant's] unsupported statement in the original removal petition, indicates that [the co-defendant] actually consented to removal when the original petition was filed."). Accordingly, the Court should remand this case.

### III.

### Conclusion

The Court should grant Plaintiffs' motion and remand this case to Galveston County Court at Law #3.

        Respectfully Submitted,

        **ARNOLD & ITKIN LLP**

        */s/ Kurt B. Arnold*
        _____
        Kurt B. Arnold, Texas Bar No. 24036150
        Jason A. Itkin, Texas Bar No. 24032461
        Cory D. Itkin, Texas Bar No. 24050808
        Robert P. Wynne, # 30123
        M. Paul Skrabanek, Texas Bar No. 24063005
        1401 McKinney Street, Suite 2550
        Houston, Texas 77010
        Telephone: (713) 222-3800
        Facsimile: (713) 222-3850

karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
rwynne@arnolditkin.com
pskrabanek@arnolditkin.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 20, 2010.

*/s/ Kurt B. Arnold*

_____

Kurt B. Arnold