# EXHIBIT "A"

TRUE COPY AS BEING PRESENTED
BY PARTY FILING ORIGINAL
5/4/10 CG

MARY ANN DAIGLE, COUNTY CLERK
GALVESTON COUNTY, TEXAS

CAUSE NO. 62,738

| | | |
|---|---|---|
| Joshua Kritzer, et al. | § | IN COUNTY COURT AT LAW |
| Plaintiffs, | § | |
| v. | § | NUMBER THREE (3) |
| Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; BP Products North America, Inc.; BP Exploration and Production Inc.; BP, PLLC; BP Corporation North America, Inc.; Halliburton Energy Services, Inc.; Sperry-Sun Drilling Services, Inc.; Cameron International Corporation d/b/a Cameron Systems Corporation; | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

## Plaintiffs' Second Amended Petition

Plaintiffs Joshua Kritzer; Nick Watson, Bill Johnson; and Rhonda Burkeen, individually, and as personal representative for the Estate of Aaron Dale Burkeen and on behalf of all heirs (including Ayrn and Timothy Burkeen (minor children)), and as personal representative for her minor son, Timothy Burkeen, (collectively as "Plaintiffs") each and all complain of Defendants Transocean, Ltd. ("Transocean"), Transocean Offshore Deepwater Drilling Inc. ("Transocean"), Transocean Deepwater, Inc. ("Transocean"), BP Products North America Inc. ("BP"), BP Exploration and Production Inc. ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc. ("BP"), Halliburton Energy Services, Inc. ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that:


PLAINTIFF'S EXHIBIT A

## I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. §§ 30104, *et seq.*) and/or the general maritime law of the United States.

2. These claims are filed in state court pursuant to the "Saving to Suitors" clause. It is well-settled that Jones Act cases are not removable to federal court. Moreover, several defendants are Texas citizens. As such, this case cannot be removed on the basis of diversity jurisdiction. Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel on the bottom of the oceanbed floor) is patently frivolous and designed solely to deprive plaintiffs and other similar injured persons from their chosen venue, constitutional right to a jury, and day in court.

## II.

### Venue

3. Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County. Further, BP is primarily based in Galveston County.

III.

Discovery Level

4.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

IV.

Parties

5.     Plaintiff Joshua Kritzer is a resident of Louisiana. Mr. Kritzer worked for Offshore Cleaning Systems. Mr. Kritzer was blown over 30 feet in the hallway and the ceiling collapsed on him causing him to blackout. He has suffered a closed head injury, other physical injuries, and post traumatic distress.

6.     Plaintiff Bill Johnson is a resident of Louisiana. Mr. Johnson worked for Transocean as the Deck Pusher. Bill Johnson has worked offshore nearly 35 years. He was Burkeen's direct supervisor on the day in question. Once the power went out, an explosion rocked Johnson. He suffered smoke inhalation and other physical injuries as he rushed to get his crew to the life rafts. Sadly, Burkeen was one of Johnson's best friends and Burkeen was the only man lost from Johnson's crew. Once they pushed off, the company refused to take Johnson and others in for help. Instead, the company made the decision to keep these men there for over ten hours alongside the blazing rig as the men stared at the rig knowing their friends were on it.

7.     Plaintiff Rhonda Burkeen is a resident of Mississippi. At the time of the explosion, Rhonda Burkeen was married to Aaron Dale Burkeen. Aaron Dale Burkeen worked for Transocean as a crane operator. He was not even suppose to be on tower when

3

the explosion occurred. Burkeen was relieving another crane operator for dinner when the explosion occurred. He tried to cradle the crane and escape down the stairs. The second explosion is believed to have caused his death. Rhonda Burkeen and Aaron Dale Burkeen have a minor child -- Timothy Burkeen. Additionally, Rhonda Burkeen brings this lawsuit as personal representative on behalf of Ayrn Burkeen, who is a minor child of Dale Burkeen from a previous marriage.

8. Nick Watson is a resident of Louisiana. Mr. Watson worked for Transocean for three years as a roustabout. He worked with Burkeen on the day of the incident. He was on deck when suddenly the mud came out of the hole at alarming speeds. The power went out and then the explosions occurred. Watson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendnats.

9. Defendant Transocean, Ltd. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

10. Defendant Transocean Offshore Deepwater Drilling Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

11. Defendant Transocean Deepwater, Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

12. Defendant BP Products North America Inc. is a foreign entity with its principal

place of business in Texas. BP Products North America Inc. may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas, 78701.

13.   Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

14.   Defendant BP, LLC is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

15.   Defendant BP Corporation North America, Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at Prentice Hall Corp. System, 701 Brazos Street, #1050, Austin, Texas 78701.

16.   Defendant Halliburton Energy Services, Inc. is a foreign entity with its principal place of business in Texas. Halliburton Energy Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

17.   Defendant Sperry-Sun Drilling Services, Inc. is a foreign entity with its principal place of business in Texas. Sperry-Sun Drilling Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

18.   Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas.

Weatherford International, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

V.

### Nature of the Action

19.  Plaintiffs suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010. At the time, Plaintiffs were seamen, borrowed or otherwise, employed by Defendants. While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to accomplish its mission, Plaintiffs were critically injured as a result of the explosion. Plaintiffs suffered smoke inhalation, physical injuries, hearing loss and other damages. Tragically, Aaron Dale Burkeen lost his life in the explosion. Aside from the human losses, the explosion has caused what is expected to be the worst man-made environmental disaster in U.S. history – far eclipsing the EXXON VALDEZ oil spill in 1989.

20.  The DEEPWATER HORIZON was a floating semi-submersible drilling rig owned by Transocean. It was built in 2001, utilized dynamic positioning technology, and was designed to move from location to location as necessary. BP leased the drilling rig from Transcocean for $500,000 per day. The total lease contract was worth more than $544 million. Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other fires, collisions, and oil spills.

21.  As a result of the tragedy, U.S. Attorney General Eric Holder is considering bringing criminal charges against BP. This would not be the first time BP has faced criminal charges in relation to its activities in and around the Gulf of Mexico. In 2007, BP pled guilty

to felony charges arising out of the March 2005 explosion at its Texas City refinery which killed 15 workers and injured hundreds more. After that explosion, BP was fined more than $21 million by OSHA – the largest penalty ever issued at that time. BP was also required to fix the deficiencies which led to the Texas City disaster. However, BP refused to comply with its obligations and failed to make the required safety upgrades. As a result, in 2009, BP was fined an additional $87 million by OSHA – by far the largest fine in OSHA history. BP's reckless safety culture is systemic.

22. The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system. Cameron supplied much of the rig's inadequate, defective blow out prevention equipment.

23. Haliburton was in charge of cementing the well, but failed to safely do its job. Haliburton's failures contributed to the explosion. Haliburton's faulty cementing work has been linked to other major offshore disasters. For instance, Halibuton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia. Moreover, Sperry (a division of Haliburton) was charged with real time gas monitoring, but failed to safely perform this function.

24. Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

    a. failure to properly supervise their crew;

    b. failure to properly train their employees;

    c. failure to provide adequate safety equipment;

    d. failure to provide adequate medical treatment;

    e.    operating the vessel with an inadequate crew;

    f.    failure to maintain the vessel;

    g.    failure to conduct a proper search and rescue mission;

    h.    vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

    i.    violating applicable Coast Guard, MMS, and/or OSHA regulations;

    j.    failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

    k.    failure to provide sufficient personnel to perform operations aboard the vessel;

    l.    failure to exercise due care and caution;

    m.    failure to avoid this accident; and

    n.    other acts deemed negligent.

25.    At all relevant times, the DEEPWATER HORIZON was unseaworthy.

26.    As a result of said occurrences, Plaintiffs collectively sustained the following damages:

    a.    Pre-death physical pain and suffering;

    b.    Pre-death mental pain, suffering, and anguish;

    c.    Past, present, and future physical pain and suffering;

    d.    Past, present, and future mental pain, suffering, and anguish;

    e.    Past, present, and future medical expenses;

    f.    Past lost wages;

    g.    Loss of future earning capacity;

    h.    Loss of fringe benefits;

      i.      Loss of services and support;

      j.      Loss of nurture, guidance, care, and instruction;

      k.      Loss of funeral expenses;

      l.      Loss of inheritance;

      m.      Disfigurement, disability, and/or death;

      n.      Loss of enjoyment of life;

      o.      All survival damages recognized under the general maritime law; and

      p.      All other damages recoverable under law.

27. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Plaintiffs' health and safety and the health and safety of Plaintiffs' co-workers. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions. Moreover, Plaintiffs may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon*

*Shipping Company.*

28. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies. Plaintiffs suffered injuries to their ankles, hips, knees, backs, necks, and other body parts, which resulted in physical pain, suffering, mental anguish, fear, and discomfort. Plaintiffs continue to suffer following their injuries. They are owed maintenance and cure for the past and the future. To the extent Defendants have refused and will refuse to pay Plaintiffs maintenance and cure, their refusal is willful, intentional, arbitrary, and capricious, entitling Plaintiffs to an award of attorneys fees and punitive damages. Plaintiffs have sustained a loss of earnings in the past and earning capacity in the future. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

## VI.

### Jury Trial

29. Plaintiffs hereby request a trial by jury on all claims.

## VII.

### Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

DATED: May 4, 2010

        Respectfully submitted,

        ARNOLD & ITKIN LLP

        */s/ Kurt Arnold*
        Kurt B. Arnold
        State Bar No. 24036150
        Jason Itkin
        State Bar No. 24032461
        Cory Itkin
        State Bar No. 24050808
        Robert P. Wynne
        State Bar No. 24060861
        5 Houston Center
        1401 McKinney Street, Suite 2550
        Houston, Texas 77010
        Telephone:  (713) 222-3800
        Facsimile:   (713) 222-3850

        **ATTORNEYS FOR PLAINTIFFS**

Jay M. Kilpatrick
YOUNGWILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:   (601) 948-6100
Telefax:   (601) 355-6136

CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN

Ryan Zehl
Texas Bar No. 24047166
Bryant Fitts
Texas Bar No. 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone:   (713) 491-6064
Telefax:   (713) 583-1492

CO-COUNSEL FOR NICKALUS WATSON