# EXHIBIT "C"

CAUSE NO 62,738

| | | |
|---|---|---|
| Joshua Kritzer | § | IN COUNTY COURT AT LAW |
| Plaintiff, | § | |
| v | § | NUMBER THREE |
| Transocean Offshore Deepwater Drilling Inc , BP Exploration And Production Inc., BP, PLLC, BP Products North America Inc , and BP Corporation North America, Inc | § | |
| Defendants | § | GALVESTON COUNTY, TEXAS |

### Plaintiffs' Fifth Amended Petition

Plaintiffs Joshua Kritzer, Nick Watson, Bill Johnson, Heith Lambert, Coby Richard, Dustin Johnson, Brett Guillory, Stenson Roarke, Denise Arnold, mother of Shane Roshto, Jacquelyn Duncan, Cathleena Willis, and Rhonda Burkeen, individually, and as personal representative for the Estate of Aaron Dale Burkeen and on behalf of all heirs (including Aryn and Timothy Burkeen (minor children)), and as personal representative for her minor son, Timothy Burkeen, (collectively as "Plaintiffs") each and all complain of Defendants Transocean, Ltd ("Transocean"), Transocean Offshore Deepwater Drilling Inc. ("Transocean"), Transocean Deepwater, Inc ("Transocean"), BP Products North America Inc ("BP"), BP Exploration and Production Inc ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc ("BP"), Halliburton Energy Services, Inc ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that·

## I.

### **Jurisdiction**

1  This claim is maintained under the Jones Act (46 U S C §§ 30104, *et seq*) and/or the general maritime law of the United States

2.  These claims are filed in state court pursuant to the "Saving to Suitors" clause It is well-settled that Jones Act cases are not removable to federal court. Moreover, several defendants are Texas citizens As such, this case cannot be removed on the basis of diversity jurisdiction Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel on the bottom of the oceanbed floor) is patently frivolous and designed solely to deprive plaintiffs and other similar injured persons from their chosen venue, constitutional right to a jury, and day in court

## II.

### **Venue**

3  Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County. Further, BP is primarily based in Galveston County

III.

## Discovery Level

4       Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure

IV.

## Parties

5       Plaintiff Joshua Kritzer is a resident of Louisiana  Mr Kritzer worked for Offshore Cleaning Systems. Mr Kritzer was blown over 30 feet in the hallway and the ceiling collapsed on him causing him to blackout  He has suffered a closed head injury, other physical injuries, and post traumatic distress

6       Plaintiff Bill Johnson is a resident of Louisiana  Mr Johnson worked for Transocean as the Deck Pusher  Bill Johnson has worked offshore nearly 35 years  He was Burkeen's direct supervisor on the day in question  Once the power went out, an explosion rocked Johnson  He suffered smoke inhalation and other physical injuries as he rushed to get his crew to the life rafts  Sadly, Burkeen was one of Johnson's best friends and Burkeen was the only man lost from Johnson's crew.  Once they pushed off, the company refused to take Johnson and others in for help  Instead, the company made the decision to keep these men there for over ten hours alongside the blazing rig as the men stared at the rig knowing their friends were on it

7       Plaintiff Rhonda Burkeen is a resident of Mississippi  At the time of the explosion, Rhonda Burkeen was married to Aaron Dale Burkeen  Aaron Dale Burkeen worked for Transocean as a crane operator.  He was not even suppose to be on tower when

3

the explosion occurred Burkeen was relieving another crane perator for dinner when the explosion occurred He tried to cradle the crane and escape down the stairs The second explosion is believed to have caused his death Rhonda Burkeen and Aaron Dale Burkeen have a minor child -- Timothy Burkeen Additionally, Rhonda Burkeen brings this lawsuit as personal representative on behalf of Aryn Burkeen, who is a minor child of Dale Burkeen from a previous marriage

8. Nick Watson is a resident of Louisiana Mr Watson worked for Transocean for three years as a roustabout He worked with Burkeen on the day of the incident He was on deck when suddenly the mud came out of the hole at alarming speeds The power went out and then the explosions occurred Watson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

9. Heith Lambert is a resident of Louisiana Mr Lambert worked for Offshore Cleaning Systems and suffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of his coworkers get severely injured and die as a result of the negligence of Defendants.

10. Coby Richard is a resident of Louisiana Mr. Richard worked for Offshore Cleaning Systems and uffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of his coworkers get severely injured and die as a result of the negligence of Defendants

11 Brett Guillory is a resident of Louisiana Mr Guillory a back injury, neck injury, shoulder injury, suffered smoke inhalations, hearing loss, other physical injury, and

4

suffers from post traumatic stress from the events that unfolded. The ceiling collapsed on him in his room causing him severe injury.

12      Dustin Johnson is a resident of Louisiana   Mr Johnson worked for Transocean for as a roustabout   He was on tower at the time of the incident   He was knocked to the ground multiple times and suffered physical injuries to his back, shoulder, and neck   Johnson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

13      Stenson Roarke is a resident of Mississippi   Mr Roarke worked for Transocean   Roarke inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

14      Denise Arnold is mother of Shane Roshto   She tragically lost her son in this accident   Under maritime and relevant law, she was financially dependent current and in to the future   She seeks punitive damages came under the maritime law for the loss her son

15      Jacquelyn Duncan is a resident of Mississippi   Upon hearing the news of the explosion, she rushed to the Transocean Offices to check on the status of her brother, Wyatt Kemp, who was working aboard the Deepwater Horizon   Despite knowing her brother was already dead, Transocean told her that her brother was alive and well   Ms Duncan's relief that her brother was alive and safe was short lived. She later learned that Mr. Kemp had died in the explosion and that Transocean had lied about his well-being   She has suffered severe emotional distress ever since.

16      Cathleena Willis is a resident of Harris County, Texas Ms Willis was working aboard the Deepwater Horizon on the date in question Ms Willis now suffers from severe ankle pain, back pain, and hearing loss as a result of the explosion Ms Willis' claims are maintained against all Defendants except Halliburton

17      Defendant Transocean, Ltd is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc , 800 Brazos Suite 400, Austin, Texas 78701

18      Defendant Transocean Offshore Deepwater Drilling Inc is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc , 800 Brazos Suite 400, Austin, Texas 78701

19      Defendant Transocean Deepwater, Inc is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc , 800 Brazos Suite 400, Austin, Texas 78701

20      Defendant BP Products North America Inc is a foreign entity with its principal place of business in Texas  BP Products North America Inc may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas, 78701

21      Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas  BP Corporation North America, Inc may be served with process at CT Corporation System, 350 North St Paul Street, Suite 2900, Dallas, Texas 75201.

22.     Defendant BP, LLC is a foreign entity with its principal place of business in

6

Texas BP Corporation North America, Inc may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

23      Defendant BP Corporation North America, Inc is a foreign entity with its principal place of business in Texas BP Corporation North America, Inc may be served with process at Prentice Hall Corp System, 701 Brazos Street, #1050, Austin, Texas 78701

24      Defendant Halliburton Energy Services, Inc is a foreign entity with its principal place of business in Texas Halliburton Energy Services, Inc may be served with process at CT Corporation System, 350 North St Paul Street, Suite 2900, Dallas, Texas 75201

25      Defendant Sperry-Sun Drilling Services, Inc is a foreign entity with its principal place of business in Texas Sperry-Sun Drilling Services, Inc may be served with process at CT Corporation System, 350 North St Paul Street, Dallas, Texas 75201

26      Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas Weatherford International, Inc may be served with process at CT Corporation System, 350 North St Paul Street, Suite 2900, Dallas, Texas 75201

V.

**Nature of the Action**

27      Plaintiffs suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010 At the time, Plaintiffs were seamen, borrowed or otherwise, employed by Defendants While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to

accomplish its mission, Plaintiffs were critically injured as a result of the explosion Plaintiffs suffered smoke inhalation, physical injuries, hearing loss and other damages Tragically, Aaron Dale Burkeen lost his life in the explosion Aside from the human losses, the explosion has caused what is expected to be the worst man-made environmental disaster in U S. history – far eclipsing the EXXON VALDEZ oil spill in 1989

28     The DEEPWATER HORIZON was a floating semi-submersible drilling rig owned by Transocean It was built in 2001, utilized dynamic positioning technology, and was designed to move from location to location as necessary BP leased the drilling rig from Transcocean for $500,000 per day The total lease contract was worth more than $544 million Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other fires, collisions, and oil spills

29     As a result of the tragedy, U S Attorney General Eric Holder is considering bringing criminal charges against BP This would not be the first time BP has faced criminal charges in relation to its activities in and around the Gulf of Mexico In 2007, BP pled guilty to felony charges arising out of the March 2005 explosion at its Texas City refinery which killed 15 workers and injured hundreds more After that explosion, BP was fined more than $21 million by OSHA – the largest penalty ever issued at that time. BP was also required to fix the deficiencies which led to the Texas City disaster However, BP refused to comply with its obligations and failed to make the required safety upgrades As a result, in 2009, BP was fined an additional $87 million by OSHA – by far the largest fine in OSHA history BP's reckless safety culture is systemic

30. The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system. Cameron supplied much of the rig's inadequate, defective blow out prevention equipment

31. Halliburton was in charge of cementing the well, but failed to safely do its job Halliburton's failures contributed to the explosion Halliburton's faulty cementing work has been linked to other major offshore disasters For instance, Halliburton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia Moreover, Sperry (a division of Halliburton) was charged with real time gas monitoring, but failed to safely perform this function

32. Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons

    a    failure to properly supervise their crew,

    b    failure to properly train their employees,

    c    failure to provide adequate safety equipment,

    d    failure to provide adequate medical treatment,

    e    operating the vessel with an inadequate crew;

    f    failure to maintain the vessel;

    g    failure to conduct a proper search and rescue mission,

    h    vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

    i    violating applicable Coast Guard, MMS, and/or OSHA regulations,

    j    failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions,

9

k    failure to provide sufficient personnel to perform operations aboard the vessel,

l    failure to exercise due care and caution,

m    failure to avoid this accident, and

n    other acts deemed negligent

33    At all relevant times, the DEEPWATER HORIZON was unseaworthy

34    As a result of said occurrences, Plaintiffs collectively sustained the following damages

a    Pre-death physical pain and suffering,

b    Pre-death mental pain, suffering, and anguish,

c    Past, present, and future physical pain and suffering,

d    Past, present, and future mental pain, suffering, and anguish,

e    Past, present, and future medical expenses,

f    Past lost wages,

g    Loss of future earning capacity,

h    Loss of fringe benefits,

i    Loss of services and support,

j    Loss of nurture, guidance, care, and instruction;

k    Loss of funeral expenses,

l    Loss of inheritance,

m    Disfigurement, disability, and/or death,

n    Loss of enjoyment of life,

o.    All survival damages recognized under the general maritime law; and

10

      p      All other damages recoverable under law

35    Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Plaintiffs' health and safety and the health and safety of Plaintiffs' co-workers. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions. Moreover, Plaintiffs may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon Shipping Company*.

36    As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies. Plaintiffs suffered injuries to their ankles, hips, knees, backs, necks, and other body parts, which resulted in physical pain, suffering, mental anguish, fear, and discomfort. Plaintiffs continue to suffer following their injuries. They are owed maintenance and cure for the past and the future. To the extent Defendants have refused and will refuse to pay Plaintiffs maintenance and cure, their refusal is willful, intentional, arbitrary, and capricious,

entitling Plaintiffs to an award of attorneys fees and punitive damages Plaintiffs have sustained a loss of earnings in the past and earning capacity in the future Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue

## VI.

### Intentional Infliction of Emotional Distress Claim by Jacquelyn Duncan against the Transocean Defendants.

37  Plaintiff, Jacquelyn Duncan brings this claim individually against the Transocean Defendants

38  Upon hearing of the disaster, Ms Duncan went to the Transocean offices to inquire about her brother, Wyatt Kemp, because he was working aboard the Deepwater Horizon at the time of the explosion By the time she spoke to Transocean employees about her brother, Transocean already had knowledge that her brother was dead. Despite this knowledge, Transocean lied to Ms Duncan, stating that her brother was alive and well and that he would be returning safely to shore Ms Duncan was overjoyed at the news her brother was still alive and safe However, she later learned that her brother was one the workers killed in the explosion

39.  In Texas, a cause of action for intentional infliction of emotional distress exists where· (1) the plaintiff is a person, (2) the defendant acted intentionally or recklessly, (3) the emotional distress suffered by plaintiff was severe; (4) the defendant's conduct was extreme and outrageous, (5) the defendant's conduct proximately caused the plaintiff's emotional distress Here, Ms Duncan is a person Transocean acted intentionally as it knew Ms Duncan's brother was dead but lied to her Ms. Duncan suffered severe distress as a result of

Transocean's lie about her brother. Specifically, she is now an emotional wreck and has trouble performing basic day-to-day tasks. Transocean's conduct was also extreme and outrageous. Transocean knew the families of the rig workers would be looking to them for guidance and honesty. However, they lied to Ms. Duncan's face.

40. As a result of the emotional distress Transocean has inflicted upon Ms. Duncan she seeks actual damages, medical expenses in the past and future, loss of earning capacity in the past and future, and exemplary damages.

## VII.

### Jury Trial

41. Plaintiffs hereby request a trial by jury on all claims.

## VIII.

### Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

**DATED: May 13, 2010.**

13

Respectfully submitted,

ARNOLD & ITKIN LLP

*Kurt B. Arnold*

Kurt B. Arnold
State Bar No. 24036150
Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
Robert P. Wynne
State Bar No. 24060861
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone    (713) 222-3800
Facsimile    (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

Jay M. Kilpatrick
YOUNGWILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:   (601) 948-6100
Telefax      (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS, AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON, TIMOTHY BURKEEN**



Ryan Zehl
Texas Bar No 24047166
Bryant Fitts
Texas Bar No 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd , Suite 1120
Houston, Texas 77056
Telephone   (713) 491-6064
Telefax       (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**

