## AFFIDAVIT

Orleans Parish
State of Louisiana

On May 19, 2010, Mr. Hien Tran entered my office and explained that he was having a problem at the BP claim center located around the corner. Prior to the current fishery closures, Mr. Tran worked as a deckhand on a shrimp vessel. Mr. Tran informed me that the claims representative, Gerald Wood, required him to present three years of tax returns. Mr. Tran was unaware of this requirement and had only brought his 2009 return with him. At Mr. Tran's request, I accompanied him to the claim center to try to help. When I arrived I spoke to Gerald Wood. I asked why Mr. Tran needed three years of tax returns in order to file a claim. I asked if that requirement was in writing and how someone seeking to make an interim claim could learn what BP was requiring on any given day.

Gerald Wood asked if I was an attorney. I said yes. He asked if I represented Mr. Tran. I said yes. He said that he could not talk to me unless he was given something in writing. I pointed out that Mr. Tran was standing right beside me and was seeking my help. Mr. Wood insisted. I asked if that requirement were in writing. I was informed that all of BP's instructions to Mr. Woods were verbal. I asked Mr. Wood to put that requirement in writing. He did so. The attached Exhibit 1 is the written statement he gave me, with my contemporaneous notation beneath.

I hand drafted a written statement that I represented Mr. Tran for purposes of his interim claim. I asked a Vietnamese speaker to interpret the statement for Mr. Tran, and then Mr. Tran signed it. I gave the statement to Mr. Wood. Mr. Wood then confirmed that he was seeking three years of tax returns from Mr. Tran, that there was no written requirement for three years of returns, and that he would from now on only communicate with me regarding the claim. I asked if Mr. Tran could return himself to provide the three years of returns. Mr. Wood said that he would not deal with Mr. Tran unless he received a further written statement from me authorizing Mr. Tran to deal directly with BP. I amended my earlier handwritten statement to reflect that BP could deal directly with Mr. Tran for purposes of processing his claim.

During this last exchange another person apparently working for BP interrupted and suggested that BP may not require a written representation letter or a written authorization from the attorney. After the two claims representatives exchanged comments about BP's "training", the second representative phoned someone who confirmed the requirements for a letter of representation and a second letter authorizing claimants to undertake their own claims. Had I not been standing there in person with Mr. Tran discovering and fulfilling on site BP's requirements for a represented person, this process would have required multiple trips and multiple letters.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on May 20, 2010.

Clay Garside (LA Bar # 29873)
14399 Chef Menteur Highway, Ste D
New Orleans, LA 70129

EXHIBIT
P
_____

EXHIBIT
3

May 19, 2010  11:20 am.

Mr. Clay Garside came to my desk.

Mr. Clay Garside (attorney)  is requesting information for Mr. Hien Tran .  I explained that before any information is given I would need a written statement from Mr. Hien Tran.

Note:  Mr. Hien Tran is present.

Note:  Mr. Hien Tran stated at his interview that he did not have an attorney.

Gerald P. Wood

*Gerald P Wood*

Mr. Wood stated that per his training with BP he is only able to communicate with the attorney of a represented person.

*Clay [signature] #29873*

**EXHIBIT**

**1**

I, Kevin Goldberg, hereby declare and affirm under the penalty of perjury that the foregoing facts are true and based on personal knowledge:

1.   I am an adult individual over age 18 and am competent to testify.
2.   I an attorney licensed in Maryland and Washington, D.C. and based on pro hac vice admission I am working with the law firm of Finckbeiner & Robin and we represent the plaintiffs in case Number 10-1338 Fishing Magicians Charters, LLC, et al v. BP et al.  We also represent numerous other individuals who have claims pending with the Gulf Coast Claims Facility (GCCF).
3.   I provide this affidavit because I am concerned that BP and GCCF are having improper communications with individuals and businesses that I represent.  I believe that the GCCF database with regard to which individuals are represented by counsel is not up to date and erroneous.  This fact, coupled with the fact that GCCF's position is that they will continue to have communications with individuals we represent unless they have something in writing from the individual, has lead to numerous instances of improper communications between GCCF/BP and my clients.  I have asked GCCF to stop communicating with my clients.  To date they have not provided me with any assurance that they will cease these improper communications. (Exhibit 2, Exhibit 1, Exhibit 4, Exhibit 6).
4.   We filed approximately 25 claims for emergency payment with the GCCF on behalf of fishermen, shrimpers, oystermen and small businesses located very close to the water in St. Bernard Parish, Louisiana with appropriate supporting documentation, and with GCCF issued claims forms in which the attorney representation section of the form was completed  and signed by the claimant.  These claims were filed by email in accordance with instructions on the GCCF website—www.gulfcoastclaimsfacility.com.  Most of these claims were non-complex claims made on behalf of individuals, and many have now been "pending" or "under review" with the GCCF for more than 60 days.
5.    Although many of the claims were submitted in October and November 2010 most still have not been paid.  Most of the emergency payments that have been made were sent directly to my clients (with attached correspondence) rather than to my office as we had instructed GCCF.
6.   The GCCF has been communicating directly with many of my clients and has even sent emergency payments directly to my clients for claims filed by email which clearly indicate that our law firm is counsel of record.
7.   I have requested on several occasions that GCCF stop communicating with my clients directly. They have indicated that they will continue to communicate with my clients unless they have documentation signed by the claimant that confirms attorney representation.  For example, a November 23, 2010 letter from GCCF states "...the GCCF will not acknowledge any representation until it receives documentation signed by the claimant that either shows or confirms that representation." (See Exhibit 1, November 23, 2010 letter from GCCF to Goldberg; Exhibit 2, Goldberg letter dated 11/2/10 to GCCF, Exhibit 4, Goldberg correspondence to GCCF dated November 23, 2010).
8.   I believe that GCCF's position on communications with individuals represented by counsel is improper.  After learning of their position I sent GCCF a list of all of our clients and asked them to stop communicating with them directly.   (Exhibit 2, November 2, 2010 Correspondence



EXHIBIT
Q

from Goldberg to GCCF).   GCCF responded with an unsigned letter dated November 11, 2010 stating "The GCCF will acknowledge your representation of those claimants only if the completed GCCF Claim Form identifies you as the attorney of record and is signed by the claimant...Until the GCCF is able to satisfactorily confirm your representation, it will continue to communicate directly with those claimants."  (Exhibit 3, unsigned letter from GCCF to Goldberg dated  November 11, 2010).  I responded with a November 23,2010 letter to Mr. Feinberg and the GCCF stating "Again, so our position is clear, we insist that you and your staff refrain from having any direct contact whatsoever with our clients (including direct mailings), and it is our position that it would be improper for GCCF to present to our clients directly any settlement offers, emergency payment offers, interim payment offers, releases or final settlement offers." Exhibit 4, November 12,2010 letter from Goldberg to Feinberg).

9.  On November 23, 2010 I received an email from Jeffery Leibell who purported to work for GCCF, but his email indicated that he was employed by The Garden City Group, Inc.  The email contained a letter on GCCF letterhead signed by Mr. Leibell.  (Exhibit 5, email and letter from GCCF).  The letter reiterated GCCF's position on direct contact with my clients and went on compare my list of clients to the GCCF database.  The GCCF database indicated that the GCCF was unaware of the fact that I represented several  individuals who I do indeed represent, and who we had submitted a signed claim form by the claimant via email.   This establishes that the GCCF database regarding attorney representation of claimants is incomplete and that it is not accurate.

10.  After receiving the November 23, 2010 email and letter from Mr. Leibell,  I sent additional emails to Mr. Leibell, Mr. Feinberg and the GCCF to show that their records were in error and that many of the individuals that they thought were not represented by counsel were indeed represented by me and that these individuals had previously provided GCCF with the signed claim form indicating that we represented them. (Exhibit 6, emails from Goldberg to Mr. Leibell and GCCF indicating errors in GCCF database).

Kevin I. Goldberg

12/13/10

Date


**GULF COAST CLAIMS FACILITY**
P.O. BOX 9658
Dublin, OH 43017-4958
1-800-916-4893
Fax: 1-866-682-1772
info@gccf-claims.com

November 23, 2010

**Via Email**

Kevin I. Goldberg, Esq.
GOLDBERG, FINNEGAN & MESTER, LLC
1010 Wayne Avenue
Suite 950
Silver Springs, Maryland 20910

Re:  Clients of Goldberg, Finnegan & Mester, LLC

Dear Mr. Goldberg:

This letter responds to your November 12, 2010 correspondence concerning certain persons that you state are clients of Goldberg, Finnegan & Mester, LLC ("GF&M") in connection with claims that may have been submitted to the Gulf Coast Claims Facility (the "GCCF"). As we informed you in our November 11, 2010 letter, the GCCF will not acknowledge any representation until it receives documentation signed by the claimant that either shows or confirms that representation. Representations from counsel, without more, are insufficient to establish representation in connection with claims filed with the GCCF. The GCCF's insistence on such documentation is to assure that counsel was authorized by the claimant to submit the claim, and that the claim is based on the claimant's truthful representations. This requirement is normally satisfied when a submitted GCCF Claim Form is signed by the claimant and sets forth the attorney's name in Section III of the GCCF Claim Form, entitled "Attorney Representation." The introduction to that Section reads as follows:

> Complete this section only if you are represented by a lawyer for your claim arising out of the Spill. If you complete this section, all communications from the GCCF will be with the lawyer you have identified unless you instruct us otherwise in writing. **You must complete each question in this section if you are represented by a lawyer.**

When a GCCF Claim Form is submitted without information in Section III, or when the GCCF Claim Form is submitted with a signature that is not the claimant's signature, the GCCF requires confirmation of the representation through other documentation signed by the claimant.

The          .ames on the schedule that was attached to your November 12 letter have been compared to information in the GCCF database. The results of our comparison are set forth in Schedule A. To summarize, we have located in our records the names of .    .    who are included on your schedule and who submitted claims to the GCCF, signed the GCCF Claim Form and listed on those Claim Forms GF&M as attorney of record. The names of those ` people are

**EXHIBIT**
_____

highlighted in yellow on Schedule A. The GCCF will communicate only with you concerning those claims as long as we believe that those people continue to be represented by GF&M.

The remaining names listed on your schedule fall into one of the following four categories:

1. **63** people have not yet submitted a Claim Form to the GCCF, and, therefore, the GCCF has no record of them. Should they submit a GCCF Claim Form, they must identify GF&M in Section III, "Attorney Information," if they wish the GCCF to communicate with you concerning their GCCF Claim Form.

2. **24** people each have submitted a GCCF Claim Form, but neither identified in Section III GF&M, nor submitted to the GCCF any document signed by them indicating they were represented by GF&M. Until we receive documentation signed by the claimant advising the GCCF that he or she is represented by GF&M, we cannot communicate with you concerning their GCCF Claim Forms. If you send us the documentation we require, we will be happy to communicate with you about these claims. Until then, however, the GCCF will continue to communicate directly with those claimants.

3. **38** people have each submitted a GCCF Claim Form, but, although they listed GF&M in Section III, the GCCF Claim form was not signed by the claimant. The names of those **38** people are not highlighted on Schedule A. As with the people listed immediately above, the GCCF will continue to communicate directly with those people, and will not communicate with you, concerning their GCCF Claim Forms until we receive documentation signed by the claimant advising the GCCF that he or she is represented by GF&M.

4. Lastly, **9** people identified on your schedule the GCCF needs either a GCCF Claimant Identification Number or their Social Security Numbers to confirm their information in our database.

*   *   *   *   *

If you have any further questions, please call the GCCF toll-free at 1-800-916-4893, email us or visit our website.

Sincerely,

Jeffrey N. Leibell
Gulf Coast Claims Facility

2

GOLDERBERG, FINNEGAN & MESTER, LLC
SCHEDULE A

| Claimant ID # | Claimant Name |
|---|---|
| | ... Nunez |
| | ... III |
| | C ... |
| | ... Gourgues |
| | ... Moldenhauer |
| | ... Nunez |
| | ... Nunez |
| | ... Blanchard |
| | ... Nunez |
| | ... Hutchinson |
| | ... Friesland |
| | ... MANUFACTURING |
| | ... Nehlig, Jr. |
| | ... Campo |

| | |
|---|---|
| | Carbajal |
| | ...ackles, Jr. |
| | Carbajal |
| | ...unez |
| | Guerra, III |
| | ...Meyer |
| | ...Roberts, Jr. |
| | ...Sanford |
| | ...Robinson |
| | ...Schlumbrecht |
| | ...Alfonso |
| | ...k Bennett |
| | ...Evans |
| | ...Campo |
| | ...Thompson |
| | ...ge C. Allnet, III |
| | ...Bordelon |
| | ...Carpenter |
| | ...Theriot |
| | ...Nunez |

| | | |
|---|---|---|
| | | Hutchinson |
| | | Nunez |
| | | Billiot |
| | | Miller |
| | | Seafood, |
| | | Nunez, ... |
| | | Baldo |
| | | Maestri |
| | | Carbajal |
| | | Mackles, ... |
| | | Campo |
| | | Fox |
| | | Richard |
| | | ia N. Hutchinson |
| | | Nunez |
| | | Carbajal |
| | | Neumann |
| | | Lebouef |

# GOLDBERG, FINNEGAN & MESTER, LLC
### *Attorneys at Law*

Kevin I. Goldberg (MD, DC)
Kevin J. Finnegan (MD, DC)
Christian C. Mester (MD, DC)
Jean M. Jones, R.N., J.D. (MD, DC)
Justin P. Katz (MD)

Of Counsel
Maria H. Dawson, R.N., J.D. (MD)
Neil J. Jacobs (MD, DC)
Steven C. Rohan (MD, DC)

*Please respond to the Main Office*

*Main Office*
1010 Wayne Avenue
Suite 950
Silver Spring, Maryland 20910
(301) 589-2999    Fax (301) 589-2644

*Baltimore Area Office*
44 Westminster Road
Reisterstown, Maryland 21136

*Rockville Office*
401 East Jefferson Street
Suite 201
Rockville, Maryland 20850

Federal Tax ID No.
52-2029161

WWW.GFMJUSTICE.COM
Toll Free (888) 213-8840

November 2, 2010

GCCF
Attn: Kenneth Feinberg
PO Box 9658
Dublin, Ohio 43017-4958

Via Fax, Email and Regular Mail (866-682-1772); info@gccf-claims.com

Re: Our Clients

Dear Mr. Feinberg and GCCF Staff:

Please be advised that our law firm represents all of the claimants on the list attached hereto. All contact and communications relating to our clients must be through our law firm and we hereby ask that GCCF and its staff stop contacting our clients directly. Any prior authorization to speak with our clients directly is hereby revoked.

If you have questions about this, please contact me.

Very truly yours,

Kevin I. Goldberg


EXHIBIT

Goldberg

| | |
|---|---|
| From: | Kevin Goldberg |
| Sent: | Tuesday, November 02, 2010 4:39 PM |
| To: | 'info@gccf-claims.com' |
| Cc: | 'kfeinberg@feinbergrozen.com'; Kimberly Edwards; 'dan@frjustice.com'; 'john@frjustice.com'; Natasha Morgan |
| Subject: | Clients We Represent |
| Attachments: | ltr rep list.pdf |

Please see the attached letter and list—and please refrain from contacting our clients directly.
Thank you.

Kevin Goldberg


November 2, 2010

GCCF
Attn: Kenneth Feinberg
PO Box 9658
Dublin, Ohio 43017-4958

Via Fax, Email and Regular Mail (866-682-1772); info@gccf-claims.com

        Re:  Our Clients

Dear Mr. Feinberg and GCCF Staff:

        Please be advised that our law firm represents all of the claimants on the list attached hereto.   All contact and communications relating to our clients must be through our law firm and we hereby ask that GCCF and its staff stop contacting our clients directly.   Any prior authorization to speak with our clients directly is hereby revoked.

        If you have questions about this, please contact me.

                        Very truly yours,

                        Kevin I. Goldberg

1

# Gulf Coast Claims Facility
www.GulfCoastClaimsFacility.com

**GULF COAST CLAIMS FACILITY**
P.O. BOX 9658
Dublin, OH 43017-4958
1-800-916-4893
Fax: 1-866-682-1772
info@gccf-claims.com

November 11, 2010

**Via Email & US Mail**

Goldberg, Finnegan & Mester, LLC
Attn: Kevin I. Goldberg, Esq.
1010 Wayne Avenue
Suite 950
Silver Springs, Maryland 20910

Re:  Clients of Goldberg, Finnegan & Mester, LLC

Dear Mr. Goldberg:

The Gulf Coast Claims Facility (the "GCCF") is in receipt of your November 2, 2010 letter.

The GCCF cannot process your request until you provide your clients' GCCF Claimant Identification Numbers or, if those are not available, their social security numbers.  Once we have that information, we will be able to determine whether the people listed in the attachment to your letter identified your firm as counsel of record.  The GCCF will acknowledge your representation of those claimants only if the completed GCCF Claim Form identifies you as the attorney of record and is signed by the claimant.  If that is not the case, we will need documentation, signed by the claimant that confirms that you are the attorney of record. Until the GCCF is able to satisfactorily confirm your representation, it will continue to communicate directly with those claimants.

If you have any further questions, please call the GCCF toll-free at 1-800-916-4893, email us or visit our website.

Sincerely,
Administrator
Gulf Coast Claims Facility

**EXHIBIT**
3

Goldberg

| | |
|---|---|
| om: | Kevin Goldberg |
| ent: | Tuesday, November 23, 2010 6:37 PM |
| o: | 'kfeinberg@feinbergrozen.com'; 'jeffrey.Leibell@gcginc.com'; 'info@gccf-claims.com' |
| Cc: | Kimberly Edwards; 'kigoldberg@aol.com' |
| Subject: | Cease and Desist Demand regarding direct contact with clients |

November 23, 2010



EXHIBIT

Mr. Kenneth Feinberg, Esquire
Feinberg Rosen, LLP
The Willard Office Building
1455 Pennsylvania Ave. NW #390
Washington, D.C. 20004-1008

Gulf Coast Claims Facility
PO Box 9658
Dublin, Ohio 43017-4958

Via Fax, Regular Mail and Email

Via Fax (202)962-9290 (866) 682-1772, email (kfeinberg@feinbergrozen.com; mkrozen@feinbergrozen.com and regular mail

    Re:  Direct Contact with our clients-Cease and Desist Demand

Dear Mr. Feinberg:

    I have written to you twice previously about GCCF's improper direct contact with my clients, and provided GCCF with a list of our clients and their contact information.  The prior letters were dated November 2, 2010 and November 12, 2010.  GCCF's response has been that it will continue to have improper direct contact with my clients unless they have a letter signed by the client indicating that I am their attorney.  I totally disagree that this position is appropriate or ethical, and continue to believe that any contact by GCCF with my client that GCCF has reason a to believe is represented by counsel is improper.   My concern is confounded by the fact that GCCF's records and database are not accurate.

    Today I finally received a response to my November 12 letter from a gentleman named Jeffrey Leibell from Garden City Group but the response was on GCCF letterhead (is he an attorney?  What is Garden City Group?).  His response indicated that he had purported to cross reference the list of my clients that I provided to GCCF (with identifying information) with the GCCF database and he came up with a list of only 14 people who we represent and who had signed a GCCF claim form indicating that we represent them.  He provided me with a list of another 38 names of individuals who submitted a GCCF claim form with my firm's name on it, but the form was not signed by the client. Upon glancing at this list I noticed at least 6 names of individuals who we have indeed submitted an emergency payment claim and the client had indeed signed the claim form indicating that my firm represents them.  Therefore, GCCF is violating its own policy regarding claimant direct contact because of the fact that your database and records are inaccurate.  I am sure that there are additional clients of mine that fall into this category.

    In a nutshell, your database is inaccurate.  With all due respect, Mr. Feinberg, it seems that many claims that are submitted electronically are not making their way into the GCCF database.  Perhaps this is why my clients who have submitted emergency payment claims have not received payment.  I ask that GCCF immediately look into the claims that have been made on behalf of my clients and issue the emergency payments which are, at this point way overdue.

Since you and GCCF employees/agents are relying on your database as to whether you will be having direct contact with claimants who may be represented by counsel, this is a matter that you need to address immediately. I can tell you with 100% certainty that signed emergency payment claims were submitted by my firm on behalf of C___ ) (_ ____), ___, __ _' ___ '1_ __ 1), ___ _ ____ (__5__ ) and N___ ' C___ o (_ ____). These claims were submitted by email some time ago. Today I sent you and Mr. Leibell a copy of the the "sent" emails and attachments thus proving that the claims and the signed claim form indicating that the claimants were represented by me were previously submitted to GCCF.

I must demand that GCCF cease and desist from having any direct contact with my clients. If you cannot assure me in writing that there will be no direct contact between GCCF (and its agents) and my clients listed in the November 12, 2010 correspondence with identifying information, then I will have to take this matter up with the Court and/or another public arena.

Very truly yours,

Kevin I. Goldberg

2

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Jeffrey Leibell [Jeffrey.Leibell@gardencitygroup.com] |
| **Sent:** | Tuesday, November 23, 2010 12:43 PM |
| **To:** | Kevin Goldberg |
| **Subject:** | GCCF:  GF&M Clients |
| **Attachments:** | Kevin I  Goldberg Ltr 11_23_10.pdf |

Please see the attached letter.

Jeffrey N. Leibell
Vice President, Class Action Services

**GCG**

The Garden City Group, Inc.
105 Maxess Road
Melville, NY 11747
☎ 631-470-1883
✉Jeffrey.Leibell@gcginc.com

This communication (including any attachments) is intended for the use of the intended recipient(s) only and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation



1

# Gulf Coast Claims Facility
### www.GulfCoastClaimsFacility.com

**GULF COAST CLAIMS FACILITY**
P.O. BOX 9658
Dublin, OH 43017-4958
1-800-916-4893
Fax: 1-866-682-1772
info@gccf-claims.com

November 23, 2010

**Via Email**

Kevin I. Goldberg, Esq.
GOLDBERG, FINNEGAN & MESTER, LLC
1010 Wayne Avenue
Suite 950
Silver Springs, Maryland 20910

Re: Clients of Goldberg, Finnegan & Mester, LLC

Dear Mr. Goldberg:

This letter responds to your November 12, 2010 correspondence concerning certain persons that you state are clients of Goldberg, Finnegan & Mester, LLC ("GF&M") in connection with claims that may have been submitted to the Gulf Coast Claims Facility (the "GCCF"). As we informed you in our November 11, 2010 letter, the GCCF will not acknowledge any representation until it receives documentation signed by the claimant that either shows or confirms that representation. Representations from counsel, without more, are insufficient to establish representation in connection with claims filed with the GCCF. The GCCF's insistence on such documentation is to assure that counsel was authorized by the claimant to submit the claim, and that the claim is based on the claimant's truthful representations. This requirement is normally satisfied when a submitted GCCF Claim Form is signed by the claimant and sets forth the attorney's name in Section III of the GCCF Claim Form, entitled "Attorney Representation." The introduction to that Section reads as follows:

> Complete this section only if you are represented by a lawyer for your claim arising out of the Spill. If you complete this section, all communications from the GCCF will be with the lawyer you have identified unless you instruct us otherwise in writing. You must complete each question in this section if you are represented by a lawyer.

When a GCCF Claim Form is submitted without information in Section III, or when the GCCF Claim Form is submitted with a signature that is not the claimant's signature, the GCCF requires confirmation of the representation through other documentation signed by the claimant.

The names on the schedule that was attached to your November 12 letter have been compared to information in the GCCF database. The results of our comparison are set forth in Schedule A. To summarize, we have located in our records the names of       who are included on your schedule and who submitted claims to the GCCF, signed the GCCF Claim Form and listed on those Claim Forms GF&M as attorney of record. The names of those people are

highlighted in yellow on Schedule A.  The GCCF will communicate only with you concerning those claims as long as we believe that those people continue to be represented by GF&M.

The remaining names listed on your schedule fall into one of the following four categories:

1. **63** people have not yet submitted a Claim Form to the GCCF, and, therefore, the GCCF has no record of them.  Should they submit a GCCF Claim Form, they must identify GF&M in Section III, "Attorney Information," if they wish the GCCF to communicate with you concerning their GCCF Claim Form.

2. **24** people each have submitted a GCCF Claim Form, but neither identified in Section III GF&M, nor submitted to the GCCF any document signed by them indicating they were represented by GF&M.  Until we receive documentation signed by the claimant advising the GCCF that he or she is represented by GF&M, we cannot communicate with you concerning their GCCF Claim Forms.  If you send us the documentation we require, we will be happy to communicate with you about these claims.  Until then, however, the GCCF will continue to communicate directly with those claimants.

3. **38** people have each submitted a GCCF Claim Form, but, although they listed GF&M in Section III, the GCCF Claim form was not signed by the claimant. The names of those **38** people are not highlighted on Schedule A. As with the people listed immediately above, the GCCF will continue to communicate directly with those people, and will not communicate with you, concerning their GCCF Claim Forms until we receive documentation signed by the claimant advising the GCCF that he or she is represented by GF&M.

4. Lastly, **9** people identified on your schedule the GCCF needs either a GCCF Claimant Identification Number or their Social Security Numbers to confirm their information in our database.

\*     \*     \*     \*     \*

If you have any further questions, please call the GCCF toll-free at 1-800-916-4893, email us or visit our website.

Sincerely,

Jeffrey N. Leibell
Gulf Coast Claims Facility

2

GOLDERBERG, FINNEGAN & MESTER, LLC
SCHEDULE A

| Claimant ID # | Claimant Name |
|---|---|
|  | e Nunez |
|  | III |
|  |  |
|  | Gourgues |
|  | Moldenhauer |
|  | Nunez |
|  | Nunez |
|  | Blanchard |
|  | Nunez |
|  | Hutchinson |
|  | Friesland |
|  | MANUFACTURING |
|  | Nehlig, Jr. |
|  | Campo |

| | |
|---|---|
|  | Carbajal |
|  | ackles, Jr. |
|  | Carbajal |
|  | unez |
|  | Guerra, III |
|  | Meyer |
|  | Roberts, Jr. |
|  | Sanford |
|  | Robinson |
|  | Schlumbrecht |
|  | Alfonso |
|  | Bennett |
|  | Evans |
|  | Campo |
|  | Thompson |
|  | ge C. Allnet, III |
|  | Bordelon |
|  | Carpenter |
|  | Theriot |
|  | Nunez |

| | | Hutchinson |
|---|---|---|
| | | Nunez |
| | | F. Billiot |
| | | Miller |
| | | Seafood, |
| | | Nunez, |
| | | Baldo |
| | | Maestri |
| | | F. Carbajal |
| | | Mackles |
| | | Campo |
| | | Fox |
| | | Richard |
| | | N. Hutchinson |
| | | Nunez |
| | | Carbajal |
| | | Neumann |
| | | Lebouef |

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:11 PM |
| **To:** | 'info@gccf-claims.com' |
| **Cc:** | Kimberly Edwards; john@frjustice.com; Dan Robin; tracy.linn.hatcher@gmail.com |
| **Subject:** | Attorney Representation and Direct Contact |
| **Attachments:** | ▮▮▮ Alfonso - Claim.pdf; GCCF 114▮▮▮▮▮▮▮▮▮▮▮▮▮ 1 of 3.pdf |

I just received the letter from Jeffrey Leibell indicating that GCCF will continue to contact clients of mine directly including ▮▮▮▮▮▮▮1149▮▮▮▮ ▮▮▮▮▮▮▮(8004▮▮▮▮ ▮▮▮▮▮(300▮▮▮ ▮▮▮▮▮▮(1155▮▮▮, and ▮▮▮▮▮▮(1151▮▮ These individuals have indeed sent signed claims forms indicating attorney representation. Two examples are attached and I will provide more.  Your records are clearly wrong.  Please have Mr. Leibell call me.

Goldberg, Finnegan & Mester, LLC
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
(301) 589-2999 x102
Fax: (301) 589-2644
www.gfmjustice.com



1

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:18 PM |
| **To:** | 'jeffrey.Leibell@gcginc.com' |
| **Subject:** | FW: Attorney Representation and Direct Contact |
| **Attachments:** | ████ Alfonso - Claim.pdf; GCCF 1149██ ████ ███-███Nunez - 1 of 3.pdf |

Mr. Leibell-

Here are two.  But I will forward you the emails so you can see that they were submitted as well.  There are more.  We represent ████ Nunez, ████ Campo, ████ Campo, ████ Allnet ████ Seafood and others on your list where you say they have not signed and submitted.  All of these claimants have indeed signed and submitted to GCCF indicating attorney representation.   Again, I insist that GCCF stop contacting my clients directly.

Kevin Goldberg


Goldberg, Finnegan & Mester, LLC
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
(301) 589-2999 x102
Fax: (301) 589-2644
www.gfmjustice.com



**From:** Kevin Goldberg
**Sent:** Tuesday, November 23, 2010 1:11 PM
**To:** 'info@gccf-claims.com'
**Cc:** Kimberly Edwards; john@frjustice.com; Dan Robin; tracy.linn.hatcher@gmail.com
**Subject:** Attorney Representation and Direct Contact

I just received the letter from Jeffrey Leibell indicating that GCCF will continue to contact clients of mine directly including ████ Nunez (████), Frank ████ (████), George ████ ████ A Seafood (11556██), and Michael ████ ████  These individuals have indeed sent signed claims forms indicating attorney representation.  Two examples are attached and I will provide more.  Your records are clearly wrong.  Please have Mr. Leibell call me.

Goldberg, Finnegan & Mester, LLC
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
(301) 589-2999 x102
Fax: (301) 589-2644
www.gfmjustice.com

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:21 PM |
| **To:** | 'jeffrey.Leibell@gcginc.com'; 'info@gccf-claims.com'; 'kfeinberg@feinbergrozen com' |
| **Cc:** | Kimberly Edwards |
| **Subject:** | FW: Submitting GCCF Emergency Payment Claim 1151█████ ████████Campo |

Jeffrey-

Here is the email where we submitted ███████Campo's claim on 11/10 with the signed signature page.   This is just one example.  Signed signature pages have been submitted for ███████Nunez, ████████Campo, ███████Campo and others. Clearly GCCF's records are wrong.

---

**From:** Kimberly Edwards
**Sent:** Wednesday, November 10, 2010 4:48 PM
**To:** 'info@gccf-claims.com'
**Cc:** Kevin Goldberg; Natasha Morgan
**Subject:** Submitting GCCF Emergency Payment Claim 115████ for ████████ Campo



GCCF 1151███
Campo, ███████.

Dear GCCF Claims Representative,

Please see the six month emergency payment claim and attachments for our client, Michael R. Campo (GCCF Claimant ID.1151███.For any questions concerning this claim and its completeness, please contact me.

Sincerely,

Kimberly M. Edwards
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue
Suite 950
Silver Spring, MD 20910
kedwards@gfmlawllc.com
(P) (301) 589-2999
(F) (301) 589-2644

1

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:24 PM |
| **To:** | 'jeffrey.Leibell@gcginc.com'; 'kfeinberg@feinbergrozen.com' |
| **Cc:** | 'kigoldberg@aol.com' |
| **Subject:** | FW: Submitting GCCF Claim for ▬▬▬ Campo (GCCF Claimant 1151▬▬) |

Mr. Leibel-

Here is another example of a claim that was submitted back in October with the signed signature page indicating attorney representation.   Allow this email to serve as additional notice that it would be improper for you and/or GCCF to make any direct contact with my clients.

---

**From:** Kimberly Edwards
**Sent:** Tuesday, October 26, 2010 4:47 PM
**To:** 'info@gccf-claims.com'
**Cc:** Kevin Goldberg; 'Natasha Morgan'
**Subject:** Submitting GCCF Claim for ▬▬▬Campo (GCCF Claimant 1151▬



2010 1026 GCCF
1151403 Campo, ...

Dear GCCF Claims Representative,

Please see the attached claim for our client▬▬▬Campo (GCCF Claimant ID. 1151▬▬
For any questions concerning this claim and its completeness, please
contact me.

Sincerely,

Kimberly M. Edwards
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue
Suite 950
Silver Spring, MD 20910
kedwards@gfmlawllc.com
(P) (301) 589-2999
(F) (301) 589-2644

1

## Kevin Goldberg

| | |
|---|---|
| **From:** | Kevin Goldberg [KGoldberg@gfmlawllc.com] |
| **Sent:** | Tuesday, November 23, 2010 1:24 PM |
| **To:** | jeffrey.Leibell@gcginc.com; kfeinberg@feinbergrozen.com |
| **Cc:** | kigoldberg@aol.com |
| **Subject:** | FW: Submitting GCCF Claim for ▇▇▇▇▇ Campo (GCCF Claimant 1151▇▇▇) |
| **Attachments:** | 2010 1▇▇▇ GCCF 1151▇▇▇▇▇▇▇▇▇ Commercial Fisherman - Claim.pdf |

Mr. Leibel-

Here is another example of a claim that was submitted back in October with the signed signature page indicating attorney representation.   Allow this email to serve as additional notice that it would be improper for you and/or GCCF to make any direct contact with my clients.

---

**From:** Kimberly Edwards
**Sent:** Tuesday, October 26, 2010 4:47 PM
**To:** 'info@gccf-claims.com'
**Cc:** Kevin Goldberg; 'Natasha Morgan'
**Subject:** Submitting GCCF Claim f▇▇▇▇▇▇ Campo (GCCF Claimant 1151▇▇▇

Dear GCCF Claims Representative,

Please see the attached claim for our client ▇▇▇▇▇ Campo (GCCF Claimant ID. 1151▇▇▇▇). For any questions concerning this claim and its completeness, please contact me.

Sincerely,

Kimberly M. Edwards
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue
Suite 950
Silver Spring, MD 20910
kedwards@gfmlawllc.com
(P) (301) 589-2999
(F) (301) 589-2644

1

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:26 PM |
| **To:** | 'jeffrey.Leibell@gcginc.com'; 'kfeinberg@feinbergrozen.com' |
| **Subject:** | FW: Submitting GCCF Emergency Payment Claim for ████████Schneider (Licensed Commercial Fisherman) |

Another claimant not on your list.  Please be sure that you and GCCF Do not contact him directly ████████Schneider).

---

**From:** Kimberly Edwards
**Sent:** Friday, November 19, 2010 8:54 PM
**To:** 'info@gccf-claims.com'
**Cc:** tracy.linn.hatcher@gmail.com; Kevin Goldberg; Natasha Morgan; Aimee Couture
**Subject:** Submitting GCCF Emergency Payment Claim for ████████Schneider (Licensed Commercial Fisherman)

Licensed
Commercial Fisherman

Dear GCCF Claims Representative,

Please see the six month emergency claim and supporting documents for our client,████████████Schneider. For any questions concerning this claim and its completeness, please contact me.

Sincerely,

Kimberly M. Edwards
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue
Suite 950
Silver Spring, MD 20910
kedwards@gfmlawllc.com
(P) (301) 589-2999
(F) (301) 589-2644

1

**Kevin Goldberg**

| | |
|---|---|
| **From:** | Kevin Goldberg |
| **Sent:** | Tuesday, November 23, 2010 1:29 PM |
| **To:** | 'jeffrey.Leibell@gcginc.com'; 'kfeinberg@feinbergrozen.com'; 'info@gccf-claims.com' |
| **Subject:** | FW: Submitting GCCF Emergency Payment Claim 1149██ for ████████Nunez Jr. Part 1 of 3 |

Mr. Leibel and Mr. Feinberg-

As you can see we represent████████Nunez and Fishing ████████████████Please do not contact them directly. His signed claim indicating the attorney representation is attached and was sent to GCCF some time ago.   Your letter dated 11/23 indicated that Mr██████had not indicated that we represent him.  Clearly, the GCCF records regarding attorney representation are wrong.

Kevin Goldberg


Goldberg, Finnegan & Mester, LLC
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
(301) 589-2999 x102
Fax: (301) 589-2644
www.gfmjustice.com


---

**From:** Kimberly Edwards
**Sent:** Thursday, November 11, 2010 6:28 PM
**To:** 'info@gccf-claims.com'
**Cc:** Kevin Goldberg
**Subject:** Submitting GCCF Emergency Payment Claim 1149██ for████████Nune███Part 1 of 3


---



GCCF 1149541
██████Nune..

Dear GCCF Claims Representative,

Please see the six month emergency payment claim and attachments for our client████████Nunez Jr. (GCCF Claimant ID.1149██).
This claim and attachment with supporting documents will be sent in three separate e-mails due the size of the pdfed files.
Attached to this e-mail are:

1. GCCF Claim 1149████for ████████████
2. Supporting Documentation- Fishing Licenses
3. Supporting Documentation- Accountant Prepared 2008-2009 Info.

1

The second of three pdfs will follow this e-mail. For any questions concerning this claim and its completeness, please contact me.

Sincerely,

Kimberly M. Edwards
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue
Suite 950
Silver Spring, MD 20910
kedwards@gfmlawllc.com
(P) (301) 589-2999
(F) (301) 589-2644

## AFFIDAVIT OF JACK GREEN

"I , Jack Green, do hereby state and affirm as follows:

1.        I am the owner and manager of Jack Green Insurance, an insurance agency located in Orange Beach, Alabama.  I am over the age of 18 and otherwise competent to make this affidavit. Below, my statements are based upon my own personal knowledge.

2.        As a result of the oil spill, Jack Green Insurance has incurred significant business losses. On August 20, 2010, at a community meeting in Orange Beach, Alabama, I personally spoke to Kenneth Feinberg of the Gulf Coast Claims Facility regarding Jack Green Insurance's claim.  Mr. Feinberg informed me that my company's claim was legitimate and compensable pursuant to the GCCF's protocol.

3.        On August 23, 2010, I, acting within my official capacity as owner and operator of Jack Green Insurance, filed an emergency interim claim with the Gulf Coast Claims Facility ("GCCF").

4.        On multiple occasions since that time, I have contacted the GCCF regarding the processing of my claim.  Finally, to no avail, I instructed my attorney J. Parker Miller of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., to assist in the negotiation of my claim.

5.        On September 29, 2010, informed the GCCF that Beasley Allen would assist in managing my claim.

6.        On November 12, 2010, I contacted the GCCF at phone number 800.916.4893, to inquire as to the status of Jack Green Insurance's claim.  At that time, a GCCF representative informed me that "if I got rid of my attorney", the GCCF would move my claim along towards payment.

Further the affiant states not."

**EXHIBIT R**

Dated this the 16 day o0f November, 2010.

_Jack Green_
Jack Green

**STATE OF ALABAMA**                    )

**COUNTY OF** Mobile                    )

I, the undersigned authority, a Notary Public in and for said County and State, hereby certify that Jack Green, whose name is signed to the forgoing instrument and is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and seal, this 16th day of November, 2010.

_Susan Lynn Sheley_
Notary Public
My Commission Expires: 12/01/2012

SUSAN LYNN SHELEY
NOTARY PUBLIC
STATE OF ALABAMA AT LARGE
MY COMM. EXP. 12/01/2012