UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases* | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### STUART SMITH'S OPPOSITION TO MOTION TO COMPEL
### RETURN OF SAMPLES AND PRODUCTION OF TEST RESULTS

Without a subpoena, the Plaintiffs' Steering Committee ("PSC") seeks to compel Stuart Smith to produce analyses performed by his experts for his clients' claims. Because neither Mr. Smith nor his clients are parties to the Multi District Litigation, and the PSC has not subpoenaed the information from Mr. Smith, the PSC's motion must be denied. Furthermore, these test results were done in anticipation of litigation against British Petroleum ("BP"), independently of the MDL, and represent Mr. Smith's work product. The PSC's motion should be denied as both procedurally and substantively improper. In the alternative, should the Court order Mr. Smith to turn over his expert's fingerprint analysis, the PSC should be required to pay Mr. Smith the full value of the test results.

## FACTS

Mr. Smith represents hundreds of clients with claims against BP arising out of the Deepwater Horizon oil spill. Before the oil spill claims were consolidated in this MDL, Mr. Smith moved to compel BP to turn over samples of its oil and dispersants. Mr. Smith also hired Marco Kaltofen, a civil and environmental engineer with the Worcester Polytechnic Institute in Worcester, MA, to analyze oil samples to be provided by BP and samples of oil found on or near Mr. Smith's clients' property. *See* Ex. "A," Declaration of Marco Kaltofen. In settlement of Mr. Smith's motion to compel BP to produce the oil samples, BP provided oil samples to ZymaX Forensics. *Id*. Mr. Smith then ultimately decided to dismiss his clients' federal suits and proceed with their claims against the BP Settlement Fund. *See* Exhibit "B." Mr. Stuart no longer has any claims pending in the Deepwater Horizon MDL.

Despite the PSC's wholly unsupported claim that Mr. Stuart acted "surreptitiously" in testing the oil samples, Mr. Stuart's expert coordinated with the PSC throughout the testing process. *See* Ex. A. In July of 2010, Mr. Kaltofen coordinated the receipt of the BP Oil Samples by Zymax and the distribution of the BP Oil Samples to other testing laboratories. He personally told members of the PSC, including Mr. Herman, Mr. Roy, and/or their representatives, where Zymax had sent the BP Oil Samples for testing. As of December 21, 2010, Mr. Kaltofen has sent via FedEx each of the oil samples provided by BP that were in his possession, along with chain of custody documentation to the Cossich, Sumich, Parsiola & Taylor law firm, as requested by the PSC.

The PSC now moves for production of "any and all samples, test results and/or analyses" in Mr. Stuart's control. Because Mr. Kaltofen has already returned the oil samples provided by BP, and because Mr. Herman just recently confirmed the scope of what he is

seeking in his motion, defense counsel understands that the only issues before the court are whether the PSC can compel Mr. Stuart to turn over his fingerprint analysis of the BP Oil Samples by its motion and whether the PSC must reimburse Mr. Smith for the costs to perform the fingerprint analysis.

I.      **The PSC Cannot Compel Documents From a Nonparty Without a Subpoena.**

"The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2456; *see Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341 (8th. Cir. 1975). Mr. Smith has dismissed all of the pending federal lawsuits against BP in which he acted as counsel. *See* Exhibit "B." He is neither a party to the Deepwater Horizon MDL nor the representative of any party to that litigation. Yet, the PSC seeks to compel production from Mr. Smith and his clients without serving a subpoena on Mr. Smith or otherwise complying with the procedural requirements for the issuance of a subpoena under Federal Rule of Civil Procedure 45. Without issuing a subpoena duces tecum, the Court has no power to order Mr. Smith to turn over his and his clients' property.

Because the PSC has not properly sought a subpoena, as it is required to do, Mr. Smith has not been afforded the procedural safeguards provided to subpoena targets under the Federal Rules. The target of a subpoena is ordinarily given 14 days to draft and serve objections. *See* FED. R. CIV. P. 45(c)(2)(B). The Federal Rules also provide for a Motion to Quash as a procedural vehicle for challenging a subpoena. FED. R. CIV. P. 45(c)(3). Here, the PSC's motion is being heard on an expedited basis, giving Mr. Smith only a short window to file his response. The PSC's motion to compel is an inappropriate avenue for obtaining samples and test results from Mr. Smith both procedurally and substantively and should be denied.

## II. The PSC's Overbroad Request Includes Test Results That Are Privileged Work Product.

The PSC's overbroad Motion to Compel requests materials in which the PSC has no legitimate interest. Without citing to any law, the PSC seeks to compel the production of "any and all samples, test results and/or analyses" that are "associated" with the BP Oil Samples. The PSC's motion, on its face, demands production of not only the fingerprint analysis done on the samples provided by BP, but also includes a large database of test results pertaining to oil samples taken from Mr. Stuart's clients' private property.[1]

Even if the PSC had obtained a subpoena, the test results of Mr. Smith's clients' property which were prepared by Mr. Smith's expert in anticipation of his separate litigation with BP are protected by the work product privilege. The text of Rule 26(b)(3) of the Federal Rules of Civil Procedure states that the work product privilege includes documents and things "prepared by or for that party's representative." FED. R. CIV. P. 26(b)(3)(A). Draft expert reports are subject to the work product protection under revised Rule 26, effective December 1st 2010. FED. R. CIV. P. 26(b)(4)(B); *cf. Hendrick v. Avis Rent A Car Sys.*, 916 F. Supp. 256, 260 (W.D.N.Y. 1996) ("The issue[] as to whether crash or sled testing result would . . . constitute work product material [is] not disputed by the parties."). Mr. Smith arranged for the oil samples from his clients to be tested by an expert in anticipation of his claims against BP, which are independent from the MDL. The results are properly covered by the work product privilege, and such privilege can only be overcome by showing that "substantial hardship" or "undue burden" will result if the protected information is not disclosed. FED. R. CIV. P. 26(b)(3)(A)(ii).

The PSC cannot meet this standard. The PSC has suffered neither "substantial hardship" nor "undue burden" because the PSC can, and should, obtain its own expert to conduct

---

[1] While the PSC, just today confirmed that they are only seeking the results of the fingerprint analysis, their motion clearly seeks to compel results much broader than the fingerprint analysis.

testing on their own BP Oil Samples and their own clients' samples. Mr. Smith's expert has already shipped the remaining BP Oil Samples to a PSC representative, and the PSC can just as easily retain an expert as Mr. Smith did. Mr. Smith, who has already paid for his expert testing, should not be forced to share his work product-protected results simply because the PSC does not want to pay for its own expert testing. At the very least, if this Court finds that the PSC is entitled to Mr. Smith's fingerprint analysis test results and he is forced to release them to the PSC, then the PSC should be ordered to reimburse Mr. Smith for the expenses he has incurred in obtaining them.

## CONCLUSION

Mr. Smith has already taken steps to return the oil samples provided by BP. These oil samples are the only materials in which the PSC has any legitimate interest. Because neither Mr. Stuart nor his clients are a party to the MDL, this court has no power to compel production absent a subpoena. The PSC's Motion to Compel is procedurally and substantively improper and should be denied. If the Court does see fit to order Mr. Stuart to turn over the fingerprint test results, the PSC should compensate Mr. Stuart for the amount he spent on obtaining the fingerprint analysis of the BP Oil Samples.

Respectfully submitted,

*/s/ Patrick S. McGoey*
Kyle Schonekas, 11817
Patrick S. McGoey, 24549
Ian L. Atkinson, 31605
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, Louisiana 70130 Telephone:
Telephone: (504) 680-6050
Facsimile: (504) 680-6051
kyle@semmlaw.com
patrick@semmlaw.com

IA.Opp.Motion.Compel.v.2.docx

                                                      ian@semmlaw.com
                                                      Attorneys for Stuart Smith

## **CERTIFICATE OF SERVICE**

In accordance with the Eastern District of Louisiana's electronic filing procedures, I hereby certify that, on this 21st day of December, 2010, I electronically filed the foregoing Opposition to Motion to Compel Return of Samples and Production of Test Results with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to the following:

- **David J. Beck**
  dbeck@brsfirm.com,brs383@brsfirm.com
- **Susan C. Burns**
  susan.burns@lexisnexis.com
- **Donald E. Godwin**
  dgodwin@godwinronquillo.com,smckanna@godwinronquillo.com
- **Don Keller Haycraft**
  dkhaycraft@liskow.com,ejhinnigan@liskow.com,pfussell@liskow.com,agoldman@liskow.com,lblanchard@liskow.com
- **Stephen J. Herman**
  sherman@hhkc.com,rmiller@hhkc.com,vlory@hhkc.com,regina@hhkc.com,acatalanotto@hhkc.com
- **Ky E. Kirby**
  ky.kirby@bingham.com,randall.levine@bingham.com,joyce.belton@bingham.com
- **Deborah DeRoche Kuchler**
  dkuchler@kuchlerpolk.com,ljones@kuchlerpolk.com,rguidry@kuchlerpolk.com,mstokes@kuchlerpolk.com,dholmes@kuchlerpolk.com
- **J. Andrew Langan**
  andrew.langan@kirkland.com,frank.sramek@kirkland.com,mark.nomellini@kirkland.com
- **Michael J. Lyle**
  michael.lyle@weil.com,jeremy.grabill@weil.com,gregory.bailey@weil.com,dgianna@midrid.com,zohar.levy@weil.com,lisa.bourque@weil.com,theodore.tsekerides@weil.com,MCO.ECF@weil.com,sylvia.simson@weil.com
- **Francis E McGovern**
  mcgovern@law.duke.edu
- **Kerry J. Miller**
  kmiller@frilot.com,scavet@frilot.com
- **James P. Roy**
  jimr@wrightroy.com,susanl@wrightroy.com,sandym@wrightroy.com
- **Phillip A. Wittmann**
  pwittmann@stonepigman.com,jdavidson@stonepigman.com,hmurphy@dkslaw.com,cber

taut@stonepigman.com,BRS383@BRSfirm.com,lgodshall@stonepigman.com,rsiegert@stonepigman.com,khall@stonepigman.com,boneil@stonepigman.com

I further certify that I have placed in the United States mail, postage pre-paid and properly addressed to the following:

David Pham
22515 Sierra Lake Ct
Katy, TX 77494

*/s/ Patrick S. McGoey* _____
Patrick S. McGoey