# EXHIBIT "C"

CAUSE NO 62,738

| | | |
|---|---|---|
| Joshua Kritzer | § | IN COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| v | § | NUMBER THREE |
| | § | |
| Transocean Offshore Deepwater Drilling | § | |
| Inc , BP Exploration And Production Inc., | § | |
| BP, PLLC, BP Products North America Inc , | § | |
| and BP Corporation North America, Inc | § | |
| | § | |
| Defendants | § | GALVESTON COUNTY, TEXAS |

## Plaintiffs' Fifth Amended Petition

Plaintiffs Joshua Kritzer, Nick Watson, Bill Johnson, Heith Lambert, Coby Richard, Dustin Johnson, Brett Guillory, Stenson Roarke, Denise Arnold, mother of Shane Roshto, Jacquelyn Duncan, Cathleena Willis, and Rhonda Burkeen, individually, and as personal representative for the Estate of Aaron Dale Burkeen and on behalf of all heirs (including Aryn and Timothy Burkeen (minor children)), and as personal representative for her minor son, Timothy Burkeen, (collectively as "Plaintiffs") each and all complain of Defendants Transocean, Ltd ("Transocean"), Transocean Offshore Deepwater Drilling Inc. ("Transocean"), Transocean Deepwater, Inc ("Transocean"), BP Products North America Inc ("BP"), BP Exploration and Production Inc ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc ("BP"), Halliburton Energy Services, Inc ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that·

## I.

### Jurisdiction

1      This claim is maintained under the Jones Act (46 U S C  §§ 30104, *et seq*) and/or the general maritime law of the United States

2.      These claims are filed in state court pursuant to the "Saving to Suitors" clause It is well-settled that Jones Act cases are not removable to federal court.  Moreover, several defendants are Texas citizens  As such, this case cannot be removed on the basis of diversity jurisdiction  Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel on the bottom of the oceanbed floor) is patently frivolous and designed solely to deprive plaintiffs and other similar injured persons from their chosen venue, constitutional right to a jury, and day in court

## II.

### Venue

3      Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County.  Further, BP is primarily based in Galveston County

## III.

### Discovery Level

4        Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure

## IV.

### Parties

5        Plaintiff Joshua Kritzer is a resident of Louisiana   Mr Kritzer worked for Offshore Cleaning Systems. Mr Kritzer was blown over 30 feet in the hallway and the ceiling collapsed on him causing him to blackout   He has suffered a closed head injury, other physical injuries, and post traumatic distress

6        Plaintiff Bill Johnson is a resident of Louisiana   Mr Johnson worked for Transocean as the Deck Pusher   Bill Johnson has worked offshore nearly 35 years   He was Burkeen's direct supervisor on the day in question   Once the power went out, an explosion rocked Johnson   He suffered smoke inhalation and other physical injuries as he rushed to get his crew to the life rafts   Sadly, Burkeen was one of Johnson's best friends and Burkeen was the only man lost from Johnson's crew.  Once they pushed off, the company refused to take Johnson and others in for help   Instead, the company made the decision to keep these men there for over ten hours alongside the blazing rig as the men stared at the rig knowing their friends were on it

7        Plaintiff Rhonda Burkeen is a resident of Mississippi   At the time of the explosion, Rhonda Burkeen was married to Aaron Dale Burkeen   Aaron Dale Burkeen worked for Transocean as a crane operator.  He was not even suppose to be on tower when

3

the explosion occurred  Burkeen was relieving another crane perator for dinner when the explosion occurred   He tried to cradle the crane and escape down the stairs  The second explosion is believed to have caused his death   Rhonda Burkeen and Aaron Dale Burkeen have a minor child -- Timothy Burkeen  Additionally, Rhonda Burkeen brings this lawsuit as personal representative on behalf of Aryn Burkeen, who is a minor child of Dale Burkeen from a previous marriage

8      Nick Watson is a resident of Louisiana   Mr  Watson worked for Transocean for three years as a roustabout   He worked with Burkeen on the day of the incident  He was on deck when suddenly the mud came out of the hole at alarming speeds  The power went out and then the explosions occurred   Watson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

9      Heith Lambert is a resident of Louisiana   Mr  Lambert worked for Offshore Cleaning Systems and suffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of  his coworkers get severely injured and die as a result of the negligence of Defendants.

10.     Coby Richard is a resident of Louisiana   Mr. Richard worked for Offshore Cleaning Systems and uffered smoke inhalations, hearing loss, physical injury, and suffers from post traumatic stress from watching many of his coworkers get severely injured and die as a result of the negligence of Defendants

11      Brett Guillory is a resident of Louisiana   Mr  Guillory a back injury, neck injury, shoulder injury, suffered smoke inhalations, hearing loss, other physical injury, and

4

suffers from post traumatic stress from the events that unfolded.  The ceiling collapsed on him in his room causing him severe injury.

12      Dustin Johnson is a resident of Louisiana    Mr Johnson worked for Transocean for as a roustabout   He was on tower at the time of the incident   He was knocked to the ground multiple times and suffered physical injuries to his back, shoulder, and neck   Johnson inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

13      Stenson Roarke is a resident of Mississippi    Mr Roarke worked for Transocean   Roarke inhaled significant smoke, suffered physical injuries, and suffers from post traumatic stress from watching many of his friends get severely injured and die as a result of the negligence of Defendants

14      Denise Arnold is mother of Shane Roshto   She tragically lost her son in this accident  Under maritime and relevant law, she was financially dependent current and in to the future  She seeks punitive damages came under the maritime law for the loss her son

15      Jacquelyn Duncan is a resident of Mississippi   Upon hearing the news of the explosion, she rushed to the Transocean Offices to check on the status of her brother, Wyatt Kemp, who was working aboard the Deepwater Horizon   Despite knowing her brother was already dead, Transocean told her that her brother was alive and well   Ms Duncan's relief that her brother was alive and safe was short lived.  She later learned that Mr. Kemp had died in the explosion and that Transocean had lied about his well-being   She has suffered severe emotional distress ever since.

16    Cathleena Willis is a resident of Harris County, Texas. Ms. Willis was working aboard the Deepwater Horizon on the date in question. Ms. Willis now suffers from severe ankle pain, back pain, and hearing loss as a result of the explosion. Ms. Willis' claims are maintained against all Defendants except Halliburton.

17    Defendant Transocean, Ltd. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

18    Defendant Transocean Offshore Deepwater Drilling Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

19    Defendant Transocean Deepwater, Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

20    Defendant BP Products North America Inc. is a foreign entity with its principal place of business in Texas. BP Products North America Inc. may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas, 78701.

21    Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

22.    Defendant BP, LLC is a foreign entity with its principal place of business in

6

Texas  BP Corporation North America, Inc  may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

23    Defendant BP Corporation North America, Inc  is a foreign entity with its principal place of business in Texas  BP Corporation North America, Inc  may be served with process at Prentice Hall Corp  System, 701 Brazos Street, #1050, Austin, Texas 78701

24    Defendant Halliburton Energy Services, Inc  is a foreign entity with its principal place of business in Texas   Halliburton Energy Services, Inc  may be served with process at CT Corporation System, 350 North St  Paul Street, Suite 2900, Dallas, Texas 75201

25    Defendant Sperry-Sun Drilling Services, Inc  is a foreign entity with its principal place of business in Texas   Sperry-Sun Drilling Services, Inc  may be served with process at CT Corporation System, 350 North St  Paul Street, Dallas, Texas 75201

26    Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas  Weatherford International, Inc  may be served with process at CT Corporation System, 350 North St  Paul Street, Suite 2900, Dallas, Texas 75201

## V.

### Nature of the Action

27    Plaintiffs suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010  At the time, Plaintiffs were seamen, borrowed or otherwise, employed by Defendants  While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to

7

accomplish its mission, Plaintiffs were critically injured as a result of the explosion
Plaintiffs suffered smoke inhalation, physical injuries, hearing loss and other damages
Tragically, Aaron Dale Burkeen lost his life in the explosion  Aside from the human losses,
the explosion has caused what is expected to be the worst man-made environmental disaster
in U S. history – far eclipsing the EXXON VALDEZ oil spill in 1989

28      The DEEPWATER HORIZON was a floating semi-submersible drilling rig
owned by Transocean  It was built in 2001, utilized dynamic positioning technology, and
was designed to move from location to location as necessary  BP leased the drilling rig from
Transcocean for $500,000 per day   The total lease contract was worth more than $544
million  Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other
fires, collisions, and oil spills

29      As a result of the tragedy, U S  Attorney General Eric Holder is considering
bringing criminal charges against BP  This would not be the first time BP has faced criminal
charges in relation to its activities in and around the Gulf of Mexico  In 2007, BP pled guilty
to felony charges arising out of the March 2005 explosion at its Texas City refinery which
killed 15 workers and injured hundreds more  After that explosion, BP was fined more than
$21 million by OSHA – the largest penalty ever issued at that time.  BP was also required to
fix the deficiencies which led to the Texas City disaster  However, BP refused to comply
with its obligations and failed to make the required safety upgrades  As a result, in 2009, BP
was fined an additional $87 million by OSHA – by far the largest fine in OSHA history
BP's reckless safety culture is systemic

30     The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system.   Cameron supplied much of the rig's inadequate, defective blow out prevention equipment

31     Halliburton was in charge of cementing the well, but failed to safely do its job Halliburton's failures contributed to the explosion   Halliburton's faulty cementing work has been linked to other major offshore disasters   For instance, Halliburton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia Moreover, Sperry (a division of Halliburton) was charged with real time gas monitoring, but failed to safely perform this function

32     Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons

      a      failure to properly supervise their crew,

      b      failure to properly train their employees,

      c      failure to provide adequate safety equipment,

      d      failure to provide adequate medical treatment,

      e      operating the vessel with an inadequate crew;

      f      failure to maintain the vessel;

      g      failure to conduct a proper search and rescue mission,

      h      vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

      i      violating applicable Coast Guard, MMS, and/or OSHA regulations,

      j      failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions,

     k       failure to provide sufficient personnel to perform operations aboard the vessel,

     l       failure to exercise due care and caution,

     m      failure to avoid this accident, and

     n      other acts deemed negligent

33    At all relevant times, the DEEPWATER HORIZON was unseaworthy

34    As a result of said occurrences, Plaintiffs collectively sustained the following damages

     a      Pre-death physical pain and suffering,

     b      Pre-death mental pain, suffering, and anguish,

     c      Past, present, and future physical pain and suffering,

     d      Past, present, and future mental pain, suffering, and anguish,

     e      Past, present, and future medical expenses,

     f      Past lost wages,

     g      Loss of future earning capacity,

     h      Loss of fringe benefits,

     i      Loss of services and support,

     j      Loss of nurture, guidance, care, and instruction;

     k      Loss of funeral expenses,

     l      Loss of inheritance,

     m      Disfigurement, disability, and/or death,

     n      Loss of enjoyment of life,

     o.     All survival damages recognized under the general maritime law; and

      p      All other damages recoverable under law

35     Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless  Defendants' conduct was willful, wanton, arbitrary, and capricious  They acted with flagrant and malicious disregard of Plaintiffs' health and safety and the health and safety of Plaintiffs' co-workers  Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them   Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them  Defendants did so knowing that the conditions posed dangerous and grave safety concerns  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others   Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions  Moreover, Plaintiffs may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon Shipping Company*

36     As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies  Plaintiffs suffered injuries to their ankles, hips, knees, backs, necks, and other body parts, which resulted in physical pain, suffering, mental anguish, fear, and discomfort  Plaintiffs continue to suffer following their injuries   They are owed maintenance and cure for the past and the future   To the extent Defendants have refused and will refuse to pay Plaintiffs maintenance and cure, their refusal is willful, intentional, arbitrary, and capricious,

11

entitling Plaintiffs to an award of attorneys fees and punitive damages   Plaintiffs have sustained a loss of earnings in the past and earning capacity in the future   Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue

## VI.

### Intentional Infliction of Emotional Distress Claim by Jacquelyn Duncan against the Transocean Defendants.

37     Plaintiff, Jacquelyn Duncan brings this claim individually against the Transocean Defendants

38     Upon hearing of the disaster, Ms  Duncan went to the Transocean offices to inquire about her brother, Wyatt Kemp, because he was working aboard the Deepwater Horizon at the time of the explosion   By the time she spoke to Transocean employees about her brother, Transocean already had knowledge that her brother was dead.  Despite this knowledge, Transocean lied to Ms  Duncan, stating that her brother was alive and well and that he would be returning safely to shore   Ms  Duncan was overjoyed at the news her brother was still alive and safe   However, she later learned that her brother was one the workers killed in the explosion

39.     In Texas, a cause of action for intentional infliction of emotional distress exists where· (1) the plaintiff is a person, (2) the defendant acted intentionally or recklessly, (3) the emotional distress suffered by plaintiff was severe; (4) the defendant's conduct was extreme and outrageous, (5) the defendant's conduct proximately caused the plaintiff's emotional distress   Here, Ms  Duncan is a person   Transocean acted intentionally as it knew Ms Duncan's brother was dead but lied to her   Ms. Duncan suffered severe distress as a result of

12

Transocean's lie about her brother   Specifically, she is now an emotional wreck and has trouble performing basic day-to-day tasks   Transocean's conduct was also extreme and outrageous   Transocean knew the families of the rig workers would be looking to them for guidance and honesty   However, they lied to Ms  Duncan's face

40    As a result of the emotional distress Transocean has inflicted upon Ms  Duncan she seeks actual damages, medical expenses in the past and future, loss of earning capacity in the past and future, and exemplary damages

**VII.**

**Jury Trial**

41    Plaintiffs hereby request a trial by jury on all claims

**VIII.**

**Prayer**

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled

**DATED: May 13, 2010.**

13

Respectfully submitted,

ARNOLD & ITKIN LLP

Kurt B Arnold
State Bar No  24036150
Jason Itkin
State Bar No  24032461
Cory Itkin
State Bar No  24050808
Robert P  Wynne
State Bar No  24060861
Paul Skrabanek
State Bar No  24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone      (713) 222-3800
Facsimile      (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

Jay M  Kilpatrick
YOUNGWILLIAMS P A
210 E  Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:      (601) 948-6100
Telefax          (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN**



14

Ryan Zehl
Texas Bar No 24047166
Bryant Fitts
Texas Bar No 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd , Suite 1120
Houston, Texas 77056
Telephone    (713) 491-6064
Telefax      (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**



15