STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com

OUR FILE NUMBER

45,600

December 20, 2010

**BY E-MAIL**

Magistrate Judge Sally Shushan
United States District Courthouse
500 Poydras Street, Room 5345
New Orleans, Louisiana 70130

      Re:    MDL No. 2179

Dear Magistrate Judge Sally Shushan:

      Cameron International Corporation submits the following in advance of the conference scheduled for December 22, 2010 to point out the fundamental deficiencies in Plaintiffs' Master Complaints that were filed on December 15, 2010.

    A.    **The Master Complaints Are Inconsistent with the Federal Rules and the Court's Pretrial Orders And Consequently Plaintiffs have Failed To Comply with the Court's Pretrial Orders.**

      The Master Complaints do not qualify as "complaints'" at all because they have not been brought by an individual or other juridical entity. As such, plaintiffs have failed to comply with PTO 11 which directed the PLC to file Master Complaints in three categories, Pleading Bundle, B1, B3 and C.

- In the absence of references to any particular plaintiff, the Master Complaints fail to present a justiciable case or controversy, because no actual plaintiff is identified as having opted into all or any part of them. Further, without adoption of the Master Complaints by any particular plaintiff, the Master Complaints fail to demonstrate Article III standing, which Plaintiffs have the burden of proving as part of their obligation to establish the Court's jurisdiction.

- Moreover, the current plaintiff-less Master Complaints contravene F.R. Civ. P. 17(a)'s requirement that every action shall be prosecuted in the name of the real party in interest.

- Until the Master Complaints are amended to bring them into conformity with the

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
2

December 20, 2010

Federal Rules, Defendants should be relieved of having to respond to them.

    **B.**    **The Master Complaints Supersede And Amend The Underlying Actions To Which They Apply Such That All Motion And Responsive Pleading Practice Are To Be Directed To The Master Complaints, As Distinct From The Underlying Individual Complaints.**

Cameron understands that the Master Complaints were intended as an administrative vehicle for the PLC and Steering Committee to assert those claims that they have concluded should be prosecuted in the MDL and that the Court envisions the Master Complaints to be the vehicle for dispositive motion practice and discovery. Should any claims survive the Master Complaints, only then will the Court consider the individual claims asserted in the multiple underlying actions. The use of Master Complaints in this fashion promotes efficiency and economy, relieving the Defendants of having to answer numerous, largely repetitive suits and allowing one complaint to serve for the Court's resolution of the parties' claims.

The Master Complaints here make claims that are different from some of the underlying individual suits. For example, the Master Complaint for Pleading Bundle B3 does not name certain defendants who have been sued in some individual cases covered by the B3 Master Complaint. To the extent, the Master Complaints differ from the underlying individual complaints, Cameron understands the Master Complaints to <u>supersede</u> the individual complaints and to control the proceedings for the time being.

At the present time, all individual suits covered by a Master Complaint are stayed, and no responsive pleadings are due. As a result, defendants seek an order from the Court which recognizes the Master Complaints as superseding the individual complaints that are covered by the Master Complaint, and continues in force the stay previously entered in those individual cases

    **C.**    **Those Defendants Who Are Named For The First Time In The Master Complaints May Well Need Additional Time Within Which To Respond.**

Cameron simply notes the addition of new parties which may complicate the timeline laid out by the Court. No specific relief as to those parties is requested at this time.

    **D.**    **Agreement Among Counsel As To Which Pleading Bundle Each Of The Underlying Suits Belongs Would Assist Counsel.**

Plaintiffs have yet to allocate each of the 379 cases into one of the Pleading Bundles that PTO 11 has established. Cameron believes that it would assist counsel in planning to answer the Master Complaints to have counsel meet and confer for the purposes of allocating each of the cases to one of the Bundles. This will insure that the parties are in agreement as to which cases are <u>not</u> subject to a Master Complaint in order to avoid any "missed" pleadings in an individual case.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 3

December 20, 2010

### E.   Cameron Seeks the Following Relief.

Cameron respectfully asks:

- that the Court find that the Master Complaints as filed are deficient, do not comply with the Court's pre-trial orders, and thereupon direct Plaintiffs to re-file Master Complaints which conform to the Federal Rules of Civil Procedure, on or before December 30, 2011;

- that no pleadings responsive to any Master Complaints are due until 30 days after plaintiffs serve a defendant with process or obtain consent to waive service of process of those Master Complaints filed in conformity with the Federal Rules of Civil Procedure;

- that the Court expressly provide that the Master Complaints, once in compliance with the Federal Rules of Civil Procedure, supersede and amend all individual suits to which they apply;

- that any defendant named in an individual suit covered by the Master Complaint herein is relieved of having to file any pleadings in response to those individual actions, pending further order of the Court;

- that the Court direct the parties to meet and confer for the purpose of identifying the Pleading Bundles to which each individual case falls. In the event the parties cannot agree as to any individual case, then Cameron asks the Court to set a deadline whereby disputes are brought to the Court for resolution; and

- in light of the length, detail and complexity of the Master Complaints, the Court grant leave to Defendants to exceed the 25-page limit on Motions for their Responses to the Master Complaints.

### F.   There Are No Discovery Issues That Require the Court's Attention at this Time.

The Court also asked the parties to briefly address "brewing" discovery issues. However, Plaintiffs have as yet not conducted any conferences as required by Local Rule 37.1E. Thus, Cameron submits that no discussion concerning potential discovery disputes would be appropriate at this time.

1041104v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE

4

December 20, 2010

        With kind regards, I remain

                Sincerely yours,

                *Phil Wittmann*

                Phillip A. Wittmann

PAW/pjk

cc:    James Parkeson Roy, Esq. (by e-mail)
        Stephen J. Herman, Esq. (by e-mail)
        J. Andrew Langan, Esq. (by e-mail)
        Don K. Haycraft, Esq. (by e-mail)
        Deborah D. Kuchler, Esq. (by e-mail)
        Ky E. Kirby, Esq. (by e-mail)
        Michael J. Lyle, Esq. (by e-mail)
        David J. Beck, Esq. (by e-mail)
        Donald E. Godwin, Esq. (by e-mail)
        Kerry J. Miller, Esq. (by e-mail)
        Liaison 2179@liskow.com

1041104v.1