**BINGHAM**

Ky E. Kirby
Direct Phone: 202.373.6795
Direct Fax:    202.373.6434
ky.kirby@bingham.com

December 20, 2010

Magistrate Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street
Room B345
New Orleans, LA  70130

**Re:   Plaintiffs' Master Complaints in *In re: Oil Spill By The Oil Rig
       Deepwater Horizon In The Gulf Of Mexico On April 20, 2010*,
       MDL No. 2179 "J"**

Dear Judge Shushan:

        As requested, we write in advance of the conference scheduled for December 22,
2010 to point out the fundamental deficiencies in Plaintiffs' Master Complaints that were
filed on December 15, 2010.  These deficiencies materially undermine the purpose and
utility of the entire Master Complaint approach.

        The primary deficiency of the Master Complaints is that no actual plaintiffs or
individual case numbers are identified in any of the Master Complaints, let alone in any
of the causes of action that are set forth in the Master Complaints.  Defendants do not and
cannot know which individual plaintiffs' claims are represented by the Master Complaints
for Pleading Bundles B1, B3, or D1.  Failure to identify individual plaintiffs covered by
the Master Complaints gives rise to serious procedural, fairness and justiciability
concerns and is likely to cause substantial inefficiency and ambiguity.

        A.      **The Failure To Identify Specific Plaintiffs In And Commit Specific
                Plaintiffs To the Master Complaints Is Inconsistent with the Federal
                Rules and the Court's Pre-trial Orders.**

        1.  The disconnect between the Master Complaints and the individual complaints
results in the following procedural defects:

*       In the absence of references to any particular plaintiff, the Master
        Complaints fail to present a justiciable case or controversy, because no actual
        plaintiff is identified as having opted into all or any part of them.  Further,
        without adoption of the Master Complaints by any particular plaintiff, the
        Master Complaints fail to demonstrate Article III standing, which Plaintiffs
        have the burden of proving as part of their obligation to establish the Court's
        jurisdiction.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5

**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 2

- The current plaintiff-less Master Complaints:

  o  contravene F.R. Civ. P. 10(a)'s requirement that the title of an action
     shall include the names of all parties;

  o  contravene  F.R. Civ. P. 17(a)'s requirement that every action shall be
     prosecuted in the name of the real party in interest;

  o  thwart the purpose of F.R. Civ. P. 17(b) to enable evaluation of a party's
     capacity to sue on the basis of the allegations in the complaint.

2.  Failure to assign individual complaints to specific pleading bundles is
inconsistent with the intention of CMO 1.  CMO 1 provides, "All cases subsequently
added to this proceeding as a tag-along action or by removal or transfer to or original
filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate,
in accordance with the above." (CMO 1 at 5).  The Court thus clearly intended that
Plaintiffs would also designate each of the existing cases to one or more specific Pleading
Bundles when the Master Complaints were filed.

- CMO 1 also provides, for Pleading Bundle B, "These Pleading Bundles
  will each be pled pursuant to Master Complaints as delineated below
  and will include the following types of claims." (CMO 1 ¶ III.B).  The
  same language applies to Pleading Bundle D.  This language indicates
  the Court's intention that the individual plaintiffs be bound by the
  allegations of the Master Complaints.

3.  Pleading Bundle B3 appears to include many of the personal injury claims of
Pleading Bundle A, in violation of CMO 1.  CMO 1 provides that Pleading Bundle B3
"will include all claims related to post-explosion clean-up efforts." (CMO 1 at 3).
However, the proposed class in Master Complaint B3 includes "all persons who have
been exposed to oil, dispersants and/or other hazardous chemicals use[d] for or resulting
from the Oil Spill" regardless of their involvement in any clean-up effort.  (*See* Master
Complaint B3 ¶ 177).  That class definition, as written, includes many of the personal
injury claims in Pleading Bundle A.  Because no plaintiffs are listed by name in Master
Complaint B3, and no individual case numbers are identified, it is unclear if Defendants
should rely on CMO 1 and ignore the non-clean-up-related personal injury claims in this
Master Complaint.  In addition, when the Court rules on motions to dismiss claims in
Master Complaint B3, it will be impossible to determine whether the Court's order
applies to some or all of the overlapping complaints in Pleading Bundle A.

- Similarly, Master Complaint B3 improperly contains a cause of action
  seeking damages under the Oil Pollution Act that should be removed because
  it belongs in the Master Complaint for Pleading Bundle B1.

4.  Failure to identify the individual case numbers to which each Master
Complaint applies also is inconsistent with PTO 1, where the Court ordered, "When a

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5

**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 3

pleading is intended to apply to less than all cases, this Court's docket number <u>for each individual case</u> to which the document number relates shall appear immediately after the words "This Document Relates to."  (PTO 1 ¶ 9).  Despite this requirement, the B1 Master Complaint contains only the wholly circular statement that it applies to "*All Cases in Pleading Bundle B1*."  The B3 and D1 Master Complaints contain the same meaningless assertion.

    5.  Finally, without reference to any particular plaintiff in the Master Complaints, Defendants are unable to mount any challenge to the sufficiency and plausibility of the allegations under Fed. R. Civ. P. 8(a).

    **B.**    **The Failure to Identify Specific Plaintiffs in and Commit Specific Plaintiffs to the Master Complaints Results in Ambiguity and Inefficiency.**

    6.  Master Complaints are intended to promote efficiency and economy.  *See* Manual for Complex Litigation 22.632.  Permitting plaintiff-less Master Complaints would undermine the very purpose of having a Master Complaint, even for "administrative purposes."

- The means by which such efficiency and economy are achieved is illustrated in the sample CMO for Mass Tort Litigation found at section 40.52 of the Manual for Complex Litigation, as summarized below:

  o One or more Master Complaints may be filed.

    - Plaintiffs in the individual consolidated cases may specifically opt in to all or part of the allegations and claims in a Master Complaint, rather than separately go through the labor of pleading their own amended factual and legal allegations and claims.

    - Defendants then file a Master Answer or full or partial Motion to Dismiss all or some of the claims in the Master Complaints based on their understanding of what plaintiffs opted in to what claims and whether there are categories of plaintiffs who lack standing or have failed to state a claim.

    - Rather than rule on up to 379 full or partial motions to dismiss, the Court may rule on full or partial motions to dismiss a Master Complaint.

- Plaintiff-less Master Complaints defeat the purposes of efficiency and economy because there is no way of determining which specific plaintiffs have joined in the allegations of the Master Complaint and no way of determining which specific plaintiffs are bound by rulings on motions directed to a Master Complaint.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5

**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 4

    o   At best, rulings on motions directed to Master Complaints would be advisory opinions.

    o   If the Master Complaints were to remain in their present form, in order to obtain dismissal of actual plaintiffs' causes of action Defendants would need to file duplicative 12(b)(1) and 12(b)(6) Motions to Dismiss in hundreds of individual cases.

- The lack of any identified connection between the Master Complaints and particular plaintiffs is especially problematic in Multidistrict Litigation, where cases that were originally filed in other judicial districts are consolidated only for pretrial purposes. This means that other federal judges may later be in the position of trying to decipher whether any particular individual plaintiffs' claims have been dismissed by or have survived this Court's rulings on the motions to dismiss directed at the Master Complaints.

- This problem is not excused by the possibility that some plaintiffs may settle their claims through the GCCF process or otherwise. There is no way of telling at this time whether a very small number of plaintiffs or perhaps some larger percentage of plaintiffs will resolve their claims through settlement at some point in time. Indeed, plaintiffs counsel themselves and others have complained for months that the GCCF process is not yielding a significant number of settlements. In any event, the fact that a plaintiff may settle his or her claim at some point in the future does not excuse any plaintiff from the basic requirements of identifying if he or she is making a claim, and if so, what the claim is, and what it is based on. The Plaintiffs have had 90 days to undertake that exercise, the work should have been completed, and the plaintiffs should have already been identified in the Master Complaints.

    7. Contrary to Plaintiffs' apparent assertion, Defendants simply cannot determine what Master Complaint(s) and which claims in each Master Complaint pertain to any given plaintiff.

- It is Plaintiffs' obligation to make that identification clearly in the first instance, not Defendants' obligation to guess what claims any particular plaintiff might make. What if Defendants guess wrong? How would Defendants ever know? If Defendants, who obviously do not represent plaintiffs or have access to them, are forced to make such guesses, efficiency and economy go out the window and are replaced with undue and prejudicial burden.

- Plaintiffs' identification of categories of plaintiffs within the Master Complaints (*e.g.*, "Recreational Business Claimants," "Commercial Business Claimants," "Banking/Retail Business Claimants," "Real Property Claimants," "Real Property/Tourism Claimants") (*see* Master Complaint B1 at ¶ 26) does not constitute or even facilitate association of a particular

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5