**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 5

at ¶ 26) does not constitute or even facilitate association of a particular plaintiff with a particular Master Complaint or claim.

o The individual complaints generally do not describe complainants in a way that corresponds with a particular category in a Master Complaint. For example, plaintiffs in many individual complaints are described only as "property owner." The problem is that this description can fall into more than one of the categories in Master Complaint B1 (*see e.g.*, ¶¶ 26 (g) and (h)) and can also fall within Master Complaint B3. (*See* ¶¶ 175, 177-78). Similarly, a plaintiff alleging (individually or on a putative class basis) that he or she suffered loss of profits or earnings may potentially fall into seven categories in Master Complaint B1, even though the B1 categories are purportedly mutually exclusive. (*See* ¶ 26(a)-(d), (f), (h)-(i)). The same plaintiff may also fall within a category in Master Complaint B3. (*See* ¶ 199).

o Ascertaining which plaintiff falls within a Master Complaint and within particular claims therein cannot be accomplished by Defendants, even by engaging in an immensely time-consuming review of the 22,000+ Plaintiff Profile Forms (PPFs) that have been served. The PPFs generally do not identify what type of business a plaintiff was engaged in or worked for or the type of property for which a plaintiff is making a claim. The forms simply do not elicit that information. The plaintiffs indicate only whether their claims are for:

- Damage or destruction to real or personal property
- Earnings/Profit Loss

Both the B1 and B3 Master Complaints purport to include multiple categories of unnamed plaintiffs who assert these broad, undifferentiated kinds of claims. (S*ee* Master Complaint B1, ¶ 26 and Master Complaint B3, ¶¶ 21, 177-78, 197-99).

- The opt-in form that plaintiffs submitted on 12/15/2010 via *ex parte* motion for approval (Dkt # 882) would not cure the absence of plaintiff identification information. The pre-printed form does not specify what Master Complaint and what claims in a Master Complaint the plaintiff has elected to adopt.

8. In other MDL and consolidated mass tort cases before this Court, the plaintiffs specified which of the individual constituent cases were covered by, and incorporated into, the master complaints. (*See*, *e.g.*, Master Class Action Complaint (Personal Injury and Wrongful Death), *In re: Vioxx Products Liability Litigation*, MDL Docket. No. 1657, Dkt. No. 788 (relevant portions attached hereto as Exhibit A); Superseding Master Consolidated Class Action Complaint (Levee Plaintiffs' Subgroup), *In re: Katrina Canal Breaches Consolidated Litigation*, 2:05-cv-04182, Dkt. No. 3420 (relevant portions attached hereto as Exhibit B); Plaintiffs' Amended Omnibus Class Action Complaint (V)

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5

**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 6

- Exhibit A (list of plaintiffs named in complaint); *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL Docket No. 2047, Dkt. No. 3132-2 (relevant portions attached hereto as Exhibit C); Administrative Master Complaint, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873, Dkt. No. 109 (relevant portions attached hereto as Exhibit D); Third Amended Master Complaint, *In re: Propulsid Products Liability Litigation*, MDL No. 1355, Dkt. No. 262 (relevant portions attached hereto as Exhibit E); Plaintiffs' Administrative Master Complaint, MDL No. 1643, *In re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation* (relevant portions attached hereto as Exhibit F)).

9. If a defendant was named in individual complaints but not in the Master Complaint(s) that <u>may</u> include the type of claims asserted in the individual complaints, is the defendant nevertheless expected to answer the Master Complaint? Is that defendant still considered a defendant in the individual complaints? How is that defendant supposed to proceed if it believes the individual complaints fail to state claims on which relief can be granted, or where defendant has not been properly served?

10. Conversely, if a defendant was named in the Master Complaint(s) but not in any (or most) of the individual complaints that the Master Complaints <u>might</u> cover, is that defendant now deemed a defendant in <u>all</u> individual complaints that might be covered by the Master Complaint?

11. Master Complaint B3 names a host of new Defendants who have not been named in any individual case and have never been served. If the Master Complaints are administrative only, must individual complaints be filed before these new Defendants can be brought into the MDL litigation? It is prejudicial and inconsistent with due process to hold these new Defendants to a January 18, 2011 response deadline when they have not been sued in any individual complaint, have not been involved in this MDL before and have not been served with the Master Complaints.

**C.     Defendants Seek the Following Relief.**

12. Defendants respectfully request that the Court find that the Master Complaints as filed are deficient, do not comply with the Court's pre-trial orders, and thereupon direct Plaintiffs to re-file Master Complaints superseding the individual complaints and identifying which of the 379 individual complaints are covered, and superseded by, the allegations of each Master Complaint. Defense Liaison Counsel respectfully suggest the following as the minimum information necessary for Defendants to be able adequately to respond to the existing 379 individual complaints by way of responding to the Master Complaints:

a.     Plaintiff name

b.     Individual Cause No.

c.     Proposed Bundle

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5

**BINGHAM**

Magistrate Judge Sally Shushan
December 20, 2010
Page 7

    d.    Proposed category of claim within Master Complaint (where applicable)

    e.    Causes of Action adopted through Master Complaint (where applicable)

    f.    Specific factual circumstances of claim (i.e., leaseholder, property owner, geographic location, nature of business, nature of injuries)

    g.    Nature of damages sought (compensatory, punitive, special, etc)

    h.    The state law under which any state law claims are asserted

13. In light of the length, detail and complexity of the Master Complaints, Defendants respectfully request leave to exceed the 25-page limit on Motions for their Responses to the Master Complaints.

14. In light of the substantial uncertainty and disagreement among the parties with respect to the adequacy of the Master Complaints, Defendants respectfully request an extension of the responsive pleading deadline until either 30 days after the Plaintiffs file and serve amended Master Complaints, or in the alternative, 30 days after the Court enters an Order otherwise resolving the issues and questions raised in this letter.

**D.    There Are No Discovery Issues That Require the Court's Attention at this Time.**

15. The Court also asked the parties to briefly address "brewing" discovery issues. Defendants are not aware of any such issues. On Friday afternoon, Plaintiffs' counsel sent an e-mail requesting "meet and confers" with all Defendants regarding their respective discovery responses, but Plaintiffs' counsel did not identify any specific alleged deficiencies in any Defendant's responses. Plaintiffs have advised that they are now in the process of scheduling and conducting initial conferences with the Defendants regarding their written discovery responses. Given that they have not yet identified any specific discovery dispute to Defendants, Plaintiffs have represented that they will not seek to bring any alleged discovery dispute to the Court's attention at this time. Accordingly, Defendants respectfully submit that the Court does not need to address any discovery issues at this Wednesday's conference.

Respectfully Submitted,

*Ky E. Kirby*

Ky E. Kirby

cc:    Don Keller Haycraft    Stephen J. Herman    Michael J. Lyle
       Phillip A. Wittmann    Kerry J. Miller    Deborah D. Kuchler
       Donald E. Godwin    David J. Beck
       James P. Roy    Andrew Langan

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73612191.5