UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>Civil Action Nos.<br>2:05-CV-00428 (E.D. La.)<br>2:05-CV-01730 (E.D. La.)<br>3:05-CV-01198 (D. Conn.)<br>2:05-CV-01074 (E.D. La.)<br>2:05-CV-00445 (E.D. La.)<br>05-3728 (MLC) (D. N.J.)<br>2:05-CV-00458 (E.D. La.)<br>2:05-CV-00461 (E.D. La.)<br>2:04-CV-03517 (E.D. La.)<br>8:05-CV-02073 (D. Md.)<br>2:05-CV-01074 (E.D. La.)<br>02-1466 (D. Minn.)<br>2:05-CV-00501 (E.D. La.)<br>2:05-CV-00514 (E.D. La.)<br>4:05-CV-3189 (D. Neb.)<br>3:05-078 (D. N.D.)<br>1:05-CV-00301-MHW (S.D. Ohio)<br>CV-05-331 T (D. R.I.)<br>2:05-CV-01323 TSZ (N.D. Wash.)<br>2:05-CV-00503 (E.D. La.)<br>And all personal injury class action complaints pending or subject to transfer to MDL 1657. | MDL Docket No. 1657<br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**MASTER CLASS ACTION COMPLAINT**
**(PERSONAL INJURY AND WRONGFUL DEATH)**

I. **INTRODUCTION**

1. This Master Class Action Complaint is being filed for administrative purposes pursuant to the Court's direction as set forth in the Court's Case Management Order.

-1-

2. This case involves the prescription drug VIOXX® ("Vioxx") generic name rofecoxib, which was researched, designed, developed, manufactured, marketed, promoted, advertised and distributed by defendant Merck & Co., Inc. ("Merck") for relief of pain and inflammation (swelling and soreness) in adults suffering from osteoarthritis, rheumatoid arthritis, short-term pain, menstrual pain, and migraine headaches; and in juveniles suffering from rheumatoid arthritis.

3. At all times relevant to this litigation, defendant Merck misrepresented the safety of Vioxx, a defective product, and negligently manufactured, marketed, advertised, promoted and sold Vioxx as a safe prescription medication, when in fact defendant Merck knew or should have known that Vioxx was not safe for its intended purpose for patients for whom it was prescribed and to whom it was sold; and that Vioxx caused serious medical problems, and in certain patients, catastrophic injuries and deaths.

4. In public statements to the press, Merck has estimated that 105 million US prescriptions for Vioxx were written between May, 1999 and August, 2004. Based on this estimate, Merck has estimated that approximately 20 million patients have taken Vioxx in the US since the launch of the drug in May of 1999.

5. Pursuant to 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs Rosemary Lawrence and Raymond Gibney, seek certification of a National class in this matter, consisting of:

> All persons residing in the United States who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert

2

wrongful death claims arising from ingestion of Vioxx.

6. Alternatively, in the event that this Court determines that a national personal injury class would not satisfy the requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs would move for the certification of individual state class actions, consisting of, as to each state for which certification is sought:

> All residents of [state] who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.

7. In the event that plaintiffs pursue the course of action set forth in paragraph 6, *supra*, Plaintiffs intend to request that this MDL Court file a suggestion of remand to sever the question of class certification and/or to remand to the transferor forum each state class action as to which plaintiffs seek certification, solely for purposes of addressing the class certification question. Remand of the class certification question will allow appellate review of the state class certification question by the appropriate Circuit Court(s), thus ensuring that no party is prejudiced by the random selection of a transferee forum whose procedural jurisprudence would determine the class certification issue differently from the transferor forum. However, for purposes of uniformity and judicial efficiency, plaintiffs would further request that this Judicial Panel suggest to the Chief Judge of each transferor court to appoint this Court to sit by ad hoc designation over the class certification issue of each transferor court as to which such remand has been sought. Plaintiffs submit that these adjudications may be conducted by this Court while

3

remaining in the vicinage of the Eastern District of Louisiana.

## II. STATEMENT OF JURISDICTION

8.      Federal jurisdiction is proper under 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and all of the plaintiffs with the exception of Plaintiffs Rosemary Lawrence and Raymond Gibney are of diverse citizenship with the defendant.

9.      As to Plaintiffs Rosemary Lawrence and Raymond Gibney, federal jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. §1332(d) as the amount exceeds $5,000,000 and some diversity of citizenship exists between a class of plaintiffs and the primary defendant.

## III. IDENTITY OF PARTIES

10.     **ALABAMA**:  Plaintiff, Paul Turner, citizen of the State of Alabama, brings this action on behalf of himself and all others similarly situated in the State of Alabama.  Civil Action No. 2:05-CV-00428 (E.D. La.).

11.     **ALASKA**:  Intentionally left blank.[1]

12.     **ARIZONA**:  Intentionally left blank.

13.     **ARKANSAS**:  Intentionally left blank.

14.     **CALIFORNIA**:  Plaintiff, Josephine Hornik, a citizen of the State of California, brings this action on behalf of herself and all other similarly situated in the State of California. Civil Action No. 2:05-CV-01730 (E.D. La.).

---

[1] Until such time that a representative plaintiff presents himself/herself to represent the headless class, for purposes of pleading, the space is being intentionally left blank.

4

15.     **COLORADO**: Intentionally left blank.

16.     **CONNECTICUT**: Plaintiff, Don Hanrahan, citizen of the State of Connecticut, brings this action on behalf of himself and all others similarly situated in the State of Connecticut.  Civil Action No.3:05-cv-01198 (D. Conn.).

17.     **DELAWARE**: Plaintiff, Darryl McMahon, a citizen of the State of Delaware, brings this action on behalf of himself and all others similarly situated in the State of Delaware.  Civil Action No. 2:05-CV-01074 (E.D. La.).

18.     **DISTRICT OF COLUMBIA**: Intentionally left blank.

19.     **FLORIDA**: Plaintiff, Maria D. Alvarez, citizen of the State of Florida, brings this action on behalf of herself and all others similarly situated in the State of Florida.  Civil Action No. 2:05-CV-00445 (E.D. La.).

20.     **GEORGIA**: Intentionally left blank.

21.     **HAWAII**: Intentionally left blank.

22.     **IDAHO**: Intentionally left blank.

23.     **ILLINOIS**: Plaintiff, Wanda Cole, citizen of the state of Illinois, brings this action on behalf of herself and all others similarly situated in the state of Illinois.  Civil Action No. 05-3728 (MLC) (D. N.J).

24.     **INDIANA**: Plaintiff, Kevin Henderson, citizen of the State of Indiana, brings this action on behalf of himself and all others similarly situated in the Sate of Indiana.  Civil Action No. 2:05-CV-00458 (E.D. La.).

25.     **IOWA**: Intentionally left blank.

26.     **KANSAS**: Intentionally left blank.

27. **KENTUCKY**: Plaintiff, Daniel Williams, citizen of the State of Kentucky, brings this action on behalf of himself and all others similarly situated in the State of Kentucky. Civil Action No. 2:05-CV-00461 (E.D. La.).

28. **LOUISIANA**: Plaintiff, M.L. George, citizen of the Sate of Louisiana, brings this action on behalf of himself and all others similarly situated in the State of Louisiana. Civil Action No. 2:04-CV-03517 (E.D. La.).

29. **MAINE**: Intentionally left blank.

30. **MARYLAND**: Plaintiff, Vivian Shinberg, citizen of the State of Maryland, brings this action on behalf of herself and all others similarly situated in the State of Maryland Civil Action No. 8:05-cv-02073 (D.Md.).

31. **MASSACHUSETTS**: Plaintiff, Paul Kennedy, citizen of the State of Massachusetts, brings this action on behalf of himself and all others similarly situated in the State of Massachusetts Civil Action No. 2:05-CV-01074 (E.D. La.).

32. **MICHIGAN**: Intentionally left blank.

33. **MINNESOTA**: Plaintiff, Connie Bell, citizen of the State of Minnesota, brings this action on behalf of herself and all others similarly situated in the State of Minnesota. Civil Action No. 02-1466(D.Minn.)

34. **MISSISSIPPI**: Intentionally left blank.

35. **MISSOURI**: Plaintiff, Caroline Nevels, citizen of the State of Missouri, brings this action on behalf of herself and all others similarly situated in the State of Missouri. Civil Action No. 2:05-CV-00501 (E.D. La.).

36. **MONTANA**: Intentionally left blank.

37. **NEBRASKA**: Plaintiff, Jon Brunkhorst, citizen of the State of Nebraska, brings this action on behalf of himself and all others similarly situated in the State of Nebraska. Civil Action No. 4:05-cv-3189 (D. Neb.).

38. **NEVADA**: Intentionally left blank.

39. **NEW HAMPSHIRE**: Intentionally left blank.

40. **NEW JERSEY**: Plaintiffs, Rosemary Lawrence and Raymond Gibney, citizens of the State of New Jersey, brings this action on behalf of herself and all others similarly situated in the State of New Jersey. Civil Action No. 05-3728 (D.N.J.).

41. **NEW MEXICO**: Intentionally left blank.

42. **NEW YORK**: Plaintiff, Walter McNaughton, citizen of the State of New York, brings this action on behalf of himself and all others similarly situated in the State of New York. Civil Action No. 2:05-CV-00514 (E.D. La.).

43. **NORTH CAROLINA**: Intentionally left blank.

44. **NORTH DAKOTA**: Plaintiff, Lorn Campbell, citizen of the State of North Dakota, brings this action on behalf of himself and all others similarly situated in the State of North Dakota. Civil Action No. 3:05-078 (D.N.D.)

45. **OHIO**: Plaintiffs, Mary Rose Couch and Homer Couch, citizens of the Sate of Ohio, bring this action on behalf of themselves and all others similarly situated in the State of Ohio. Civil Action No. 1:05-cv-00301-MHW (S. D. Ohio).

46. **OKLAHOMA**: Intentionally left blank.

47. **OREGON**: Intentionally left blank.

48. **PENNSYLVANIA**: Intentionally left blank.

49. **RHODE ISLAND**: Plaintiff, Stephen Moreau, citizen of the State of Rhode Island, brings this action on behalf of himself and all others similarly situated in the State of Rhode Island. Civil Action No. 05-cv-331T (D.R.I.).

50. **SOUTH CAROLINA**: Intentionally left blank.

51. **SOUTH DAKOTA**: Intentionally left blank.

52. **TENNESSEE**: Intentionally left blank.

53. **TEXAS**: Intentionally left blank.

54. **UTAH**: Intentionally left blank.

55. **VERMONT**: Intentionally left blank.

56. **VIRGINIA**: Intentionally left blank.

57. **WASHINGTON**: Plaintiff, Ronald Forrest, citizen of the State of Washington, brings this action on behalf of himself and all others similarly situated in the State of Washington. Civil Action No. 2:05-cv-01373 TSZ (W.D.Wash.).

58. **WEST VIRGINIA**: Intentionally left blank.

59. **WISCONSIN**: Plaintiff, Patrick Besaw, citizen of the State of Wisconsin, brings this action on behalf of himself and all others similarly situated in the State of Wisconsin. Civil Action No. 2:05-CV-00503 (E.D. La.).

60. **WYOMING**: Intentionally left blank.

61. Defendant Merck was and is an American pharmaceutical company, incorporated under and by the laws of the State of New Jersey. Its headquarters are located at One Merck Drive, Whitehouse Station, New Jersey.

62. Merck does business in all of the United States, territories and possessions, and

8

throughout the world, selling pharmaceutical products.

63.     At all times pertinent hereto, Merck developed, designed, researched, manufactured, promoted, marketed, advertised, distributed, and sold Vioxx from its New Jersey headquarters and New Jersey research and development facilities, for use in human individual patients such as plaintiffs identified herein, and those whom they seek to represent throughout the United States.

## IV.    FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS

### A.    Vioxx is a Non-Steroidal Anti-Inflammatory Drug ("NSAID") that Selectively Blocks Production of Cyclooxygenase-2 ("COX-2").

64.     Vioxx belongs to a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs" which are used to reduce pain. NSAIDs generally reduce pain by blocking the production of an enzyme called prostaglandin G/H synthase, which consists of two similar forms cyclooxygenase-1 ("Cox-1") and Cyclooxygenase-2 ("Cox-2"). Vioxx is a selective inhibitor of Cox-2. Vioxx reduces pain by selectively blocking the production of "Cox-2."

65.     Other, older NSAIDs, which inhibit production of Cox-1 as well as Cox-2 also provide effective relief from pain and inflammation. Because Cox-1 can adversely affect the gastro-intestinal ("GI") tract, traditional NSAIDs have been associated with potential GI toxicity.

66.     In the late 1980's and early 1990's, Merck was facing a business crisis, because patents patents on several of its best-selling drugs, including Vasotec, Prinivil, Mevacor, Pepcid, and Prilosec were expiring. Never had a pharmaceutical company faced the loss of so-many million dollar patents at the same time. Merck management even feared that Merck might not survive as a company.