# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 20, 2010

**Via E-mail**

The Honorable Sally Shushan
Magistrate Judge
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

Re:  Deposition Locations *In re: Deepwater Horizon*
MDL 2179

Dear Magistrate Judge Shushan:

In advance of the conference Wednesday, December 22, 2010, the BP Defendants respectfully provide the following outline of their position on the "Deposition Locations" issue raised in plaintiffs' letter submission of earlier today.

BP has not proposed Houston as a "default deposition location." Instead, BP proposes that the parties follow well-settled law on deposition locations. To quote the Fifth Circuit: "It is well settled that '(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (quoting 8 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2112 at 410 (1970)); *see also Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (similar).

Despite this longstanding tenet of federal practice, plaintiffs seek to force approximately 18 witnesses affiliated with defendant BP Exploration & Production Inc. ("BP"), or with BP's affiliates — none of whom live or work in New Orleans — to appear in New Orleans for their depositions in these consolidated cases. Twelve of the requested BP witnesses live in the Houston, Texas area and work in BP's U.S. headquarters in Houston. Two witnesses live and work in Anchorage, Alaska; one witness lives and works in Texas City, Texas; and three witnesses live and work in the United Kingdom. Very few of the 18 witnesses are officers of any BP entity; almost all are only employees of BP or an affiliated BP entity.[1] Accordingly, BP

---

[1]  Employees who are neither officers nor managing agents of BP may not be compelled to attend depositions merely upon Rule 30 notice, but instead will require subpoenas issued pursuant to Rule 45 absent agreement. *See, e.g.,* 8A Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 2103 (3d ed.) (a "mere corporate

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

K&E 18161074.1

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 20, 2010
Page 2

proposes that, rather than requiring witnesses to travel to New Orleans for the convenience of plaintiffs' counsel, that the BP deponents appear for depositions in Houston or other locations near where the witnesses live and work for the convenience of the witnesses.

Plaintiffs appear to believe that because this MDL was sent to the Eastern District of Louisiana, absent agreement on deposition location, the default is that plaintiffs can make any defendants' employees travel to New Orleans to be deposed upon issuing a Rule 30 deposition notice. That is simply not the law. "[T]ransfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. For example, depositions of witnesses may still occur where they reside . . ." *In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1229 (J.P.M.L. 1977). The location of a court reporter the parties have agreed on does not change the law. Indeed, PTO-17 recognizes that it is appropriate for the defendants in this consolidated proceeding to produce their witnesses and employees "within the Parish/County of [their] residency" or "within the Parish/County of [their] employer." (PTO-17 at p. 4.) It is also notable that the *Vioxx* and *Chinese Drywall* MDL proceedings in this District — which have been cited as precedent by the Plaintiffs Steering Committee ("PSC") often in this MDL — have no protocol in place that requires New Orleans as the location of all defendant depositions, and the parties in those cases travel extensively to defendant depositions.

BP has offered to produce its U.S.-based employees who live and work outside New Orleans for deposition in Houston (where the vast majority live and work), and a few of its U.K.-based employees for deposition in London, England. The proposed compromise is both fair to all parties and convenient for the witnesses for several reasons. *First*, principal counsel for the parties in these consolidated cases are located throughout the United States. There are a number

---

employee" must have his or her presence at a deposition "obtained by subpoena rather than by notice"); *Dubai Islamic Bank v. Citibank N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, at *2-3 (S.D.N.Y. May 31, 2002). Rule 45 requires a subpoena to be quashed or modified where it would "require a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii). Requiring such non-officer employees to appear in New Orleans for depositions would "abrogate the[ir] rights . . . to invoke the Hague Convention or any other jurisdictional right" in violation of PTO-17. (PTO-17 at p. 4, n.2.)

BP is not at this time insisting that non-officer employees be served with subpoenas for deposition; yet in agreeing to produce those employees without a subpoena, BP (and its employees) are not waiving the protection of Rule 45 as to where those proceedings will occur. Accordingly, if plaintiffs carry out their plan of simply issuing notices under Rule 30 purporting to require BP employees who are not "officers" to appear in New Orleans, such notices are not effective and cannot compel appearance of non-officer employees of BP, and BP's inevitable motion for a protective order would follow.

K&E 18161074.1

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 20, 2010
Page 3

of counsel for defendants located in and around Houston, and the PSC includes Texas-based counsel who would not be unduly inconvenienced by participating in depositions in Houston.

*Second*, the parties should be able to assemble a reasonable deposition schedule that allows depositions to take place successively to minimize the number of trips required to complete the depositions. Requiring a small group of counsel to make a single one-week trip to London and a handful of trips to Houston is less burdensome and more efficient than requiring eighteen BP witnesses and their counsel to make up to eighteen separate trips to New Orleans.

*Third*, this Court can manage discovery disputes arising in Houston as easily as it can manage disputes arising in New Orleans. Section 1407(b) gives the transferee court "the powers of a district judge in any district for the purpose of conducting pretrial depositions in . . . coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). Accordingly, this Court has authority to adjudicate discovery disputes arising outside of New Orleans in these consolidated cases. *See, e.g., In re Neurontin Marketing, Sales Practices & Prods. Liab. Litig.*, 245 F.R.D. 55, 58-59 (D. Mass. 2007).

*Finally*, the sole issue in the parties' competing proposals here is whether the plaintiffs' attorneys must travel to the witnesses or whether the witnesses must travel to the plaintiffs' attorneys. In this age of electronic discovery, documents are easily portable to and from Houston (or London).

Accordingly, the BP Defendants respectfully request that the Court require plaintiffs' counsel to travel to Houston and/or London to depose the 18 BP-affiliated witnesses requested to date.

Sincerely,

J. Andrew Langan, P.C.

cc: Honorable Carl J. Barbier
 Plaintiffs Liason Counsel

K&E 18161074.1

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 20, 2010
Page 4

  Defense Liason Counsel
  Mike Underhill, Esq.