

**U.S. Department of Justice**

**Civil Division, Torts Branch**
**Admiralty & Aviation**
**P.O. Box 36028**
**450 Golden Gate Avenue**
**San Francisco, CA 94102-3463**
*Overnight Delivery Address:*
*7th Floor, Room 7-5395*
*450 Golden Gate Avenue*
*San Francisco, CA 94102-3463*

Telephone: (415) 436-6648
Facsimile: (415) 436-6632
Email: mike.underhill@usdoj.gov

December 20, 2010

Delivered to Chambers

Magistrate Judge Sally Shushan
United States Magistrate Judge
United States Courthouse, Room B-345
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA. 70130

     Re:    *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,*
             *on April 20, 2010*
             USDC, EDLA, Civ. No. 10-MD-2179-CJB-SS
                DJ #62-32-260

Dear Magistrate Judge Shushan:

      During the parties' cordial meet and confer concerning deposition scheduling, two different views have been expressed regarding venue for depositions of many of the defendants' witnesses. The United States, along with the Private Plaintiffs, believes that the depositions should proceed in New Orleans; Defendants (or at least some of them) counter that venue should be in Houston. On behalf of plaintiff United States, we respectfully submit our views.

      In determining the appropriate place of a noticed deposition, there is an initial presumption that a defendant may be deposed at its principal place of business or residence. That initial presumption may be overcome, however, by a number of factors – all present here. "Ultimately, the Court must consider each case on its own facts and the equities of the particular situation." *Turner v. Prudential Insurance Co. of Am.,* 119 F.R.D. 381, 383 (M.D. N.C.1988), citing *Leist v. Union Oil Co. of California,* 82 F.R.D. 203 (E.D. Wis. 1979) (collecting cases). See also, *ISA Chicago Wholesale, Inc. v. Khan,* 2010 WL 2266463 (N.D. Ill. June 3, 2010).

In *Turner*, the court set out the relevant considerations in determining whether depositions should be conducted in the forum district:

(1) Counsel for the parties are located in the forum district. [Citations omitted.]

(2) The defendant is a large corporation whose employees often engage in travel, only one or two employees will be required to travel to the deposition, and the document production is not oppressive. ... [Citations omitted.]

(3) Significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns. [Citations omitted.]

(4) The nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equities favors a deposition site in the forum district. [Citations omitted.]

Applying the *Turner* factors to the *Deepwater Horizon* MDL, we find that all parties – plaintiffs and defendants – have counsel in New Orleans. Indeed, even lead counsel for many of the defendants are not headquartered in Houston, *e.g.*, BP's lead counsel are based in Chicago, Halliburton's lead counsel are Dallas-based, *etc.* While the United States has a United States Attorney's Office in Houston, the Government's *Deepwater Horizon* office, support staff, document repository, *etc.*, are located in New Orleans – as are the private Plaintiffs' attorneys, their support staff, and their document repository. Depositions in Houston would require the Plaintiffs and the United States to lug significant amounts of documents to Houston and, once there, still be without a litigation support infrastructure for some of the most critical depositions to be taken in the case.

The second *Turner* factor easily favors depositions in the forum district. Indeed, we need not spend time explaining that many, if not all, of the defendants are extremely large corporations engaged in international business and, due to the nature of the oil industry, spend significant amounts of time traveling about the globe to places far less attractive or convenient than New Orleans – which is approximately an hour's flight time from Houston. Needless to say, it is far easier for a witness to travel from Houston to New Orleans than scores of attorneys, their support staff, their documents, *etc.*, to travel in the other direction – and, once there, still lack the support infrastructure that they have spent considerable sums to establish in this District.

The third *Turner* factor likewise weighs in favor of New Orleans. Should discovery disputes arise, immediate access to the court and the advantage of an in chambers or courtroom appearance, and with it the ability to allow the court to examine documents relevant to a dispute, favors the forum district.

Finally, this Multi-District Litigation, by its nature, implicates *many* different *fora,* such that many different counsel, for many different parties – on both the plaintiff *and* defendant sides of the ledger – have been brought together in this district as a result of the Order of the panel on Multi-District Litigation.  In reliance on that Order, Plaintiffs and the United States have established local offices dedicated to this litigation.  For reasons related largely to the second *Turner* factor outlined above, we respectfully submit that the equities and the relationship of the parties in this MDL strongly favor holding depositions in New Orleans rather than Houston.  We therefore ask that the Court exercise its discretion to order that the depositions be taken in this District.[1]

Very truly yours,

R. Michael Underhill
Attorney in Charge
Dept. Of Justice, Torts Branch
West Coast and Pacific Rim Office

cc: (via e-mail)

    Plaintiffs' Liaison Counsel
    Defendants' Liaison Counsel
    Steve O'Rourke, U.S. DOJ
    AUSA Sharon Smith

---

[1]    We recognize that exceptional circumstances, such as medical issues, could arise.  The United States naturally will be reasonable and flexible in such situations, but would expect that the burden would fall on the deponent/party to justify an exception to the general venue rule.