# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION J |
| APRIL 20, 2010 | : | |
| | : | |
| | : | JUDGE BARBIER |
| This document relates to: ALL ACTIONS | : | MAG. JUDGE SHUSHAN |

## DEFENDANTS' RESPONSE TO THE UNITED STATES' MOTION FOR ENTRY OF ORDER RELATING TO PRESERVATION OF EVIDENCE

On December 20, 2010, the United States moved this Court for an Order "governing its obligation to preserve documents and electronically-stored information potentially relevant to claims and defenses brought and to be brought in this Multi-District Litigation."  (Record Doc. No. 911-1 at 1.)

The United States' rationale for the Order is straightforward:

Given the large volume of electronic information and other potentially relevant information, the United States has determined that some clarification of the requirements of this order would be beneficial to the efficient administration of this case.

\*       \*       \*

It is our hope that this proposed order would benefit all parties by providing clarity, relief from the need to preserve duplicative information, and focus on the information most likely to be relevant to the claims and defenses.

(Exhibit 1, E-mail and Attachment from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 6, 2010, 12:59 PM)).

Defendants[1] do not disagree with this rationale, and do not object to the Order, ***provided that it applies equally to all parties***.  Indeed, recognizing that the Order should apply fairly across the board, the United States originally proposed that the Order apply to both the United States and defendants.  (*Id*.)  Plaintiffs initially suggested that they opposed the Order as drafted.  (Exhibit 2, E-mail from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 15, 2010, 11:10 AM)) ("The United States proposed a draft of the proposed order to Liaison Counsel.  That draft extended the clarifications and exclusions to the United States and the Defendants.  Plaintiffs objected to entry of that order.")  However, after the United States agreed to drop the defendants from the Order, the plaintiffs in turn dropped their opposition to the United States' motion.  (*Id*.) ("After negotiations, however, the Plaintiffs agreed to entry of the attached proposed order, which applies only to the United States and the State of Louisiana.")  The result of these negotiations between plaintiffs and the United States is that the revised proposed Order omitted defendants entirely.  (Exhibit 3, E-mail from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 18, 2010, 2:13 PM)) ("We understand that the order, from [plaintiffs'] perspective, should not apply to any party other than the US.  We will propose a US only order.")

This is unfair.  The proposed Order should apply to all parties or to nobody at all.  Plaintiffs have not demonstrated how the United States is differently situated from any other party with respect to its discovery obligations.  Plaintiffs have made no showing that an e-mail or voicemail from the United States is categorically different from an e-mail or voicemail from one

---

[1]     The following Defendants join this submission:  BP America Production Company, BP Exploration & Production Inc., and BP, plc (collectively, the "BP Defendants"); Cameron International Corporation; Halliburton Energy Services, Inc., ("HESI"); Nalco Company; Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX USA Corporation and MOEX Offshore 2007 LLC; Seacor Marine, LLC, O'Brien's Response Management, Inc., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc.

of the defendants or plaintiffs.  Nor, as demonstrated below, do the Federal Rules or e-discovery caselaw permit such unequal treatment among parties to litigation.

Notably, the United States has expressly stated that it does not object to the application of the proposed Order to defendants and plaintiffs.  Indeed, the United States drafted a version of the Order that would apply to defendants, and indicated that defendants may file it "as a response to the United States' motion."   (Exhibit 4, E-mail and Attachment from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 18, 2010, 1:10 PM))  Only plaintiffs oppose application of the Order to parties other than the United States; however, plaintiffs have not explained why different sets of discovery rules should apply to different parties.  Accordingly, defendants respectfully request that the United States' "all parties" Order (attached as Exhibit 5 and modified to track the United States' recent changes to the "United States only" Order) be entered and applied to each party in this litigation.

## I.    Background Regarding The United States' Effort to Submit an Agreed Preservation Order to this Court

The United States first contacted Liaison Counsel on December 6, 2010 "regarding a proposed order governing the preservation of evidence."  (Exhibit 1, E-mail and Attachment from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 6, 2010, 12:59 PM))  The United States' first draft of the proposed Order reflected its intention that the proposed Order would extend to the United States and defendants:

> The United States of America and BP Exploration & Production Inc., Anadarko Exploration & Production Inc., Anadarko Petroleum, MOEX Offshore 2007 LLC, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and QBE Underwriting Ltd., Lloyd's Syndicate 1036 ("Order Parties"), have moved this Court to enter an Order governing their obligation to preserve information

> potentially relevant to claims and defenses brought and to be
> brought in this Multi-District Litigation.

(*Id*. at 3.)  Defendants agreed, in principle, to such an Order.  Plaintiffs initially appeared to resist the Order, but dropped that resistance once defendants were omitted.

Notwithstanding Plaintiffs' refusal to enter into an "all parties" Order, the United States does not oppose the "all parties" Order attached as Exhibit 5.  In fact, two days before the United States' motion was filed, the United States circulated drafts of a proposed Order that applied to all parties in the action.  (Exhibit 4, E-mail and Attachment from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 18, 2010, 1:10 PM)) ("As discussed last night, attached is a draft preservation order applicable to all parties in the action.  If this is acceptable to the Defendants, please feel free to file it as a response to our motion.") (*see also* Exhibit 6, E-mail from Sarah Himmelhoch, U.S. Dept. of Justice (Dec. 18, 2010, 1:05 PM)) ("The US will not be attaching the all parties order.  But will not object to it if the Defendants will [] submit it as an alternative order to the court.")

## II.      Party-Specific Preservation Orders are Disfavored

There is no support for Plaintiffs' apparent position that different parties should have different preservation obligations.  Federal courts do not endorse such "one-sided" or "stacked" preservation obligations; rather, preservation obligations should be shared equally among parties. *See e.g., U.S. v. Stackpole*, 811 F.2d 689, 697 (1st Cir. 1987) ("Reciprocal discovery is a two way street.")*; Data Race, Inc. v. Lucent Technologies, Inc.*, 73 F. Supp. 2d 698, 724 (W.D. Tex. 1999) (concluding that fairness requires equality and reciprocity in parties' respective discovery rights and obligations); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales, and Products Liability Litigation*, No. 8:10ML02151 JVS (FMOx), 2010 WL 2901798, at *4

(C.D. Cal. July 20, 2010) (where large number of parties made it impossible to "define a single detailed process that all [p]arties must follow to preserve [d]ocuments," the appropriate remedy was issuing a more general preservation order applicable to all parties); *Citizens for Responsibility & Ethics in Washington v. Cheney*, 577 F.Supp.2d 328, 341 (D.D.C. 2008) (preservation order would apply to all defendants absent a factual record supporting a more limited order); *Oklahoma, ex rel. Edmondson*, No. 05-CV-329-GKF-SAJ, 2007 WL 1498973, at *5 (N.D.Okla. May 17, 2007) ("Plaintiff argues that document production from the Cargill Defendants does not comply with the stringent requirements they would like the Court to impose on Plaintiff.  The Court finds all rules for production set forth herein are to be equally applicable to all parties, whether it be goose, gander, turkey or chicken."); *U.S. v. Magnesium Corp. of America*, No. 2:01-CV-40DB, 2006 WL 2350155, *4 (D.Utah Aug. 11, 2006) (fairness requires a preservation order to have mutual obligations); *Danis v. USN Communications, Inc.*, No. 98 C 7482, 2000 WL 1694325, *33 (N.D. Ill. Oct. 20, 2000) ("Preservation duties do not exist in the abstract, but to serve a purpose . . . . [t]hus, along with the duty of preservation, there exists a concomitant obligation by all parties to produce the discoverable information within their custody and control."); *Goldberg v. Ann-Vien, Inc.*, 29 F.R.D. 6, 7 (N.D.Ga., 1961) ("[s]ince the right of discovery is mutual and equal, no party is favored over any other party").[2]

    In addition to being unfair, a party-specific preservation order would also result in extraordinary confusion and delay in this litigation.  Each discovery conference, hearing, and ruling would have to differentiate between the preservation obligations (and productions based

---

[2]    Moreover, the 2006 Advisory Committee Notes to Rule 26(f) explicitly state that "[a] preservation order entered over objections should be narrowly tailored.  Ex parte preservation orders should issue only in exceptional circumstances."  (*See also* Exhibit 7, Excerpts from The Sedona Principles at 34 ("Ex parte preservation orders should rarely be entered.")

on those obligations) of the United States on the one hand, and the preservation obligations of every other party on the other.  The creation of separate lines of jurisprudence for the United States, on the one hand, and for all other parties, on the other hand, would complicate and delay matters.

Nor is there support for plaintiffs' apparent argument that special preservation rules apply to the United States.  For instance, Fed. R. Civ. P. 81 lists specific instances where the Federal Rules do not apply; Rule 81 fails to exempt the United States in any way.  *See also U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) ("The Government as a litigant is, of course, subject to the rules of discovery."); *United Med. Supply Co., Inc. v. U.S.*, 77 Fed.Cl 257, 264 n. 7 (2007) ("when the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant") (citation omitted); *Amchem Products v. GAF Corp.*, 64 F.R.D. 550, 553 (N.D. Ga. 1974) ("The discovery rules of the federal civil procedure apply to the United States in litigation in the same fashion as to any other litigant.") (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2019, at 153 (1970)).

## III.    Conclusion

Defendants respectfully request that the Court enter the United States' proposed "all parties" version of the preservation Order, as modified in the attached Exhibit 5, so that its requirements would apply equally to each party in this litigation.

Dated:  December 24, 2010

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000

New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

**Attorneys for BP Exploration & Production Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 24, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.   I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.


_____/s/Don K. Haycraft_____
Don K. Haycraft