# Exhibit 1



"Himmelhoch, Sarah (ENRD)"
<Sarah.Himmelhoch@usdoj.g
ov>

12/06/2010 12:59 PM

To   <sherman@hhkc.com>, <jimr@wrightroy.com>,
<dbeck@brsfirm.com>, <dgodwin@godwinronquillo.com>,
<dkhaycraft@liskow.com>, <ky.kirby@bingham.com>,
<dkuchler@kuchlerpolk.com>,
<andrew.langan@kirkland.com>, <michael.lyle@weil.com>,
<kmiller@frilot.com>, <pwittmann@stonepigman.com>

cc   "O'Rourke, Steve (ENRD)" <Steve.O'Rourke@usdoj.gov>,
"Underhill, Mike (CIV)" <Mike.Underhill@usdoj.gov>, "Frost,
Peter (CIV)" <Peter.Frost@usdoj.gov>, "Mariani, Tom
(ENRD)" <Tom.Mariani@usdoj.gov>, "Chakeres, Aristide
(ENRD)" <Aristide.Chakeres@usdoj.gov>, "Chang, Deanna
(ENRD)" <Deanna.Chang@usdoj.gov>, "Delemarre,
Michelle (CIV)" <Michelle.Delemarre@usdoj.gov>, "Gross,
Robert (CIV)" <Robert.Gross@usdoj.gov>, "Himmelhoch,
Sarah (ENRD)" <Sarah.Himmelhoch@usdoj.gov>,
"McClellan, Jessica L. (CIV)"
<Jessica.L.McClellan@usdoj.gov>, "Nasberg, Lisa (ENRD)"
<Lisa.Nasberg@usdoj.gov>, "Shutler, Sharon (CIV)"
<Sharon.Shutler@usdoj.gov>, "Stanton, Allison (CIV)"
<Allison.Stanton@usdoj.gov>, "Sullivan, Jessica (CIV)"
<Jessica.Sullivan@usdoj.gov>, "Walmsley, Priscilla (JMD)"
<Priscilla.Walmsley@usdoj.gov>

Subject   Deepwater Horizon:  Proposed Preservation Order

Dear Plaintiffs Liaison Counsel and Defense Liaison Counsel:

I am contacting you regarding a proposed order governing the preservation of evidence for In Re: Oil
Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, MDL No. 2179.  As the United States
contemplates becoming a party to this action, it has reviewed the preservation provision set forth in
Pretrial Order No. 1, Paragraph 14.  Given the large volume of electronic information and other
potentially relevant information, the United States has determined that some clarification of the
requirements of this order would be beneficial to the efficient administration of this case.  For these
reasons, we anticipate proposing a revised order specifying certain categories of information that are
exempt from preservation and specific handling for other categories of information.  A proposed agreed
upon order is attached for your consideration.

We would appreciate an opportunity to discuss this proposed order and whether liaison counsel are
willing to agree to the order (or would do so with certain changes).  Once you have had an opportunity
to review the proposed order, I would appreciate hearing from you at your earliest convenience.
Because matters are moving rapidly, we would appreciate hearing from you before Friday of this week,
December 10, 2010.

It is our hope that this proposed order would benefit all parties by providing clarity, relief from the need to preserve duplicative information, and focus on the information most likely to be relevant to the claims and defenses.  I would be happy to walk through the United States' reasoning behind the proposed provisions at your convenience.  Please feel free to contact me by email, telephone, or try my blackberry if all else fails (202-598-3339).

I look forward to hearing from you.

Sarah D. Himmelhoch
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)
 [attachment
"ENV_ENFORCEMENT-#1828715-v1-Deepwater_Horizon_Proposed_Preservation_Order_to_Liaison_Co
unsel.DOC" deleted by Joseph Russell/Chicago/Kirkland-Ellis]

# DRAFT December 6, 2010
## Proposal by United States to Liaison Counsel

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **In Re:** | **Oil Spill by the Oil Rig** | **:** | **MDL NO.  2179** |
| | **"Deepwater Horizon" in the** | **:** | |
| | **Gulf of Mexico, on** | **:** | **SECTION:  J** |
| | **April 20, 2010** | **:** | |
| | | **:** | **JUDGE BARBIER** |
| **This Document Relates to All Cases** | | **:** | **MAG. JUDGE SHUSHAN** |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

### AGREED ORDER RELATING TO PRESERVATION OF EVIDENCE AND CERTAIN ASPECTS OF EXPERT DISCOVERY

The United States of America and BP Exploration & Production Inc., Anadarko

Exploration & Production Inc., Anadarko Petroleum, MOEX Offshore 2007 LLC, Triton Asset

Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and QBE

Underwriting Ltd., Lloyd's Syndicate 1036 ("Order Parties"), have moved this Court to enter an

Order governing their obligation to preserve information potentially relevant to claims and

defenses brought and to be brought in this Multi-District Litigation.

Upon consideration of the moving papers and any opposition thereto, the Court hereby

GRANTS the motion for entry of the following Agreed Order relating to Preservation of

Potentially Relevant Information.  With respect to the Order Parties, this Order supersedes the

requirements of Paragraph 14 of Pretrial Order #1 (Doc. No. 209, filed August 24, 2010).

### DEFINITIONS

1.  For the purposes of this Agreement the term "Order Party" means:

## DRAFT December 6, 2010
## Proposal by United States to Liaison Counsel

a.      With respect to BP Exploration & Production Inc., Anadarko Exploration & Production Inc., Anadarko Petroleum, MOEX Offshore 2007 LLC, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and QBE Underwriting Ltd., Lloyd's Syndicate 1036, "Order Party" shall mean the corporate entity, its corporate parents, its subsidiaries, its directors, officers, and employees, its counsel, and any other person who possesses information within the custody and control of the corporate entity;

b.      With respect to the United States, "Order Party" shall mean the Departments of Agriculture, Commerce, Defense, Energy, Health & Human Services, Homeland Security, Interior, Justice, Labor, State, Transportation, the U.S. Environmental Protection Agency, and any other person who possesses information within the custody and control of these departments and agencies.

2.      "Document" shall be interpreted broadly to include writings including, but not limited to, Draft Documents, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and file and application metadata, is also included in this

# DRAFT December 6, 2010
## Proposal by United States to Liaison Counsel

definition.  Documents include both paper documents and electronic files regardless of

whether stored on servers, hard drives, backup data, removable computer storage media such

as tapes, discs and cards, or other electronic media.

3.      "Draft Document" regardless of whether it is in an electronic or hard copy form,

shall mean, a preliminary version of a document that has been shared by the author with

another person (by email, print, or otherwise).

4.      "Tangible Things" shall mean any physical object, including equipment such as

the Blow Out Preventer and capping stack, physical samples such as water, soil, sediment or

other media.

5.      "Information" is to be interpreted broadly to include Documents and Tangible

Things.

6.       "Potentially Relevant Information" shall mean Information that is discoverable

in this action pursuant to Federal Rule of Civil Procedure 26(b), as well as any Information that

would be discoverable but for the application of a privilege or protection such as the attorney

work product protection or the attorney-client privilege.

7.      "Preserve(d)" means to keep and not to alter any Potentially Relevant

Information as to its form, content or manner of filing.  In the case of an electronic file, it means

to retain the original file (including its file and application metadata) or a Forensically Sound

Copy of that file.

8.      "Forensically Sound Copy" of an electronic file shall mean a copy made by a

method that (a) verifies complete and successful transfer (for instance by use of a hash value);

# DRAFT December 6, 2010
# Proposal by United States to Liaison Counsel

(b) does not alter, in any way, the file and application metadata associated with that electronic file; and (c) is documented by a log identifying the date and time of copying, the software used to complete the copy, the original location of the file, and the individual making the copy.

9.      "Liaison Counsel" means the persons described in paragraph 16 of Pre-Trial Order #1 (Doc. No. 209  filed August 24, 2010).

## REQUIREMENTS

10.      Notwithstanding any other provision of this Order, each Order Party shall take reasonable steps to Preserve all presently existing Potentially Relevant Information that is in its possession, custody or control on the date of this Order.

11.      Except as expressly set forth in this Order, each Order Party shall take reasonable steps to Preserve all Potentially Relevant Information that comes into its possession, custody or control after the date of this Order.

12.      With respect to Potentially Relevant Documents, each Order Party need only preserve one copy of each Potentially Relevant Non-Identical Document.

13.      An Order Party need retain only one copy of a Potentially Relevant electronic message sent to multiple parties so long as the copy retained accurately reflects all recipients of the email, including blind copies, and the entire contents of the email, including all attachments.

14.      Each Order Party shall take reasonable steps to notify all individuals currently in possession of or who come into possession of Potentially Relevant Information within that

# DRAFT December 6, 2010
# Proposal by United States to Liaison Counsel

Order Party's possession, custody or control of the obligation to Preserve such Potentially Relevant Information.

15.     Except as provided in Paragraphs 10 and 16 the Parties need not Preserve the following categories of electronic information:

a.      Data contained in any electronic backup system that duplicates data for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy;

b.      Voicemail messages, whether on cellular or wired telephone services;

c.      Instant messages sent on any service, including but not limited to AOL Instant Messenger, Yahoo Messenger, Gmail, or Microsoft Communicator;

d.      Text messages such as cell-phone to cell-phone SMS messages, multimedia messages such as cell-phone to cell-phone MMS messages, or other similar services including but not limited to Blackberry "PIN" messages;

e.      Electronic mail sent to or from a Personal Digital Assistant or smart-phone (e.g., BlackBerry handheld) provided that a copy of such mail is routinely duplicated elsewhere;

f.      Other electronic data stored on a Personal Digital Assistant or smart-phone, such as calendar or contact data or notes, provided that a copy of such information is routinely duplicated elsewhere;

**DRAFT December 6, 2010**
**Proposal by United States to Liaison Counsel**

g.      Logs of calls made to or from telephones, whether cellular or wired;

h.      Deleted electronic files, whether fragmented or whole;

i.      Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

j.      Server, system or network logs;

k.      Electronic data temporarily stored by scientific equipment or attached devices, other than the data that is ordinarily preserved as part of a laboratory report;

l.      Messages that are not statements of an Order Party within the meaning of Federal Rule of Evidence 801(d)(2) and are posted on social media sites (including but not limited to Facebook), or micro-blogging sites (including but limited to Twitter);

m.      Metadata other than the file and application metadata associated with Potentially Relevant Information;

n.      Metadata from emails sent on third party servers, so long as each such email sent on third-party servers is Preserved in a manner to include the entire contents of the email, all attachments to the email, all senders and recipients of the email, including blind copies, the subject line of the email, and the date the email was sent;

o.      Data stored on memory cards of printers, copy machines, or fax machines, so long as the data sent to the device are Preserved elsewhere.

16.      Notwithstanding Paragraph 15, if on the date of this Agreement any Order Party has a policy established by management that results in the routine preservation of any of the categories of information identified in Paragraph 15, such Party shall continue to Preserve such

# DRAFT December 6, 2010
## Proposal by United States to Liaison Counsel

information in accordance with its policy.  For purposes of this Paragraph, a litigation hold

implemented in anticipation of this, or related litigation, shall not constitute a policy

established by management that results in the routine preservation of information.  For

example, if an Order Party suspended the recycling of backup tapes as part of its litigation hold

in anticipation of this litigation, that suspension is not a policy established by management that

results in the *routine* preservation of the information and the Order Party shall not be required

by this Paragraph to continue to Preserve *future* backup tapes.  An Order Party shall, however,

as set forth in Paragraph 10, Preserve all backup tapes preserved as of the date of this Order.

17.     Unless otherwise ordered on motion by a party to this action, the Preservation

and analysis of any physical samples of soil, water, sediment, flora, or fauna shall be governed

by the standard laboratory procedures of the laboratory analyzing the samples and not by the

terms of this Order.

18.     The Order Parties agree that Potentially Relevant Information in the possession

of an individual employed by an Order Party is not within the possession, custody or control of

that Order Party if that information was (a) obtained or created by the individual on his

personal time and not within the scope of his employment duties for that Order Party;

(b) obtained or created using personal equipment rather than equipment owned or controlled

by the employing Order Party; and (c) retained exclusively in the individual's personal files or

electronic devices.  For instance, photographs taken by an individual on his free time using his

personal cell phone or camera, copies of which were never provided to Order Party, are not in

the possession, custody, or control of the employing Order Party.

# DRAFT December 6, 2010
## Proposal by United States to Liaison Counsel

19.     Federal Rules of Civil Procedure 26(b)(3)(A) and (B) protects drafts of any report or disclosure prepared pursuant to Rule 26(a)(2) by an expert retained by an Order Party or its counsel, regardless of the form in which the draft is recorded.  In addition, Rules 26(b)(3)(A) and (B) protects communications between counsel for an Order Party and an expert retained by that Order Party or its counsel except to the extent that the communications:  (a) relate to compensation for the expert's study or testimony; (b) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (c) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.    The Order Parties need not Preserve communications between counsel and experts that fall within the protection of Rules 26(b)(3)(A) and (B) as set forth in this paragraph.

20.     Each Order Party must Preserve the substance of the Information, including dynamic content, contained on its web pages, but need not Preserve the appearance of web pages so that they are visually identical to the posting on the web.

21.     By Preserving Potentially Relevant Information, no Order Party is conceding that such material is discoverable in this matter, nor is any Order Party waiving any claim of privilege.

22.     In the event that questions arise as to whether or how Information should be Preserved under this Order, counsel for the Order Parties shall confer with Liaison Counsel. If Liaison Counsel are unable to agree, any Order Party may apply to this Court for clarification or relief from this Order upon reasonable notice. Before any Order Party files any motion with any

# DRAFT December 6, 2010
# Proposal by United States to Liaison Counsel

court regarding the terms of this Order or compliance with this Order, the Order Parties will

meet and confer in a good faith attempt to resolve such disputes.  Nothing in this Order shall

preclude an Order Party from seeking further relief from or clarification of the Preservation

obligations imposed by this Order.

23.     Nothing in this Order shall affect any other obligations of the Parties to Preserve

Information for purposes other than claims brought or defenses asserted in this Multi-District

Litigation.

24.     No Order Party shall seek sanctions in this Multi-District Litigation pursuant to

the Federal Rules of Civil Procedure, the contempt powers of the Court, or any other authority

against any other Order Party for the failure to Preserve electronic information not required to

be maintained pursuant to this Order.

New Orleans, Louisiana, this ___ day of _____, 2010.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE




CONSENTED TO BY:

FOR THE UNITED STATES OF AMERICA