

"Himmelhoch, Sarah (ENRD)"
<Sarah.Himmelhoch@usdoj.gov>

12/18/2010 01:10 PM

To <liaison2179@liskow.com>

cc "Chang, Deanna (ENRD)" <Deanna.Chang@usdoj.gov>

Subject  Deepwater Horizon: Draft of Order Applicable to All Parties

Counsel –

As discussed last night, attached is a draft preservation order applicable to all parties in the action. If this is acceptable to the Defendants, please feel free to file it as a response to our motion. On Monday I will tell you whether you may represent that the United States does not object to the entry of this order.

Sarah Himmelhoch



ENV_ENFORCEMENT-#1835303-v1-Deepwater_Horizon_Preservation_Order_2010_12_18_Draft_of_Order_Applicable_to_All_F

DRAFT December 18, 2010
Proposal by US to Defense Liaison Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER |
|---|---|---|---|
| This Document Relates to All Cases | | : | MAG. JUDGE SHUSHAN |

. . .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . .

PTO No. _____ RELATING TO THE PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Defense Liaison Counsel have moved this Court to enter an Order governing all Parties' obligation to preserve documents and electronically-stored information potentially relevant to claims and defenses brought and to be brought in this Multi-District Litigation.

Upon consideration of the moving papers and any opposition thereto, the Court hereby GRANTS the motion for entry of the following Order relating to the Preservation of Documents and Electronically-Stored Information. This Order establishes the preservation obligations of all Parties with respect to Potentially Relevant Information, as defined herein. This Order supersedes the requirements of Paragraph 14 of Pretrial Order #1 (Doc. No. 209, filed August 24, 2010), Pretrial Order #16, to the extent it governs the preservation of Potentially Relevant Information, and all subsequent Orders up to this date as to obligations of the United States governing the preservation of Potentially Relevant Information.

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

### DEFINITIONS

1. For the purposes of this Order the term Party with respect to United States shall mean the Departments of Agriculture, Commerce, Defense, Energy, Health & Human Services, Homeland Security, Interior, Justice, Labor, State, Transportation, the U.S. Environmental Protection Agency, and any other person who possesses information within the custody and control of these departments and agencies.

2. For the purposes of this Order the term Party with respect to a State shall mean those agencies of the State involved in the response to the fire, explosion, and oil spill, any investigation into the cause of and damages resulting from the fire, explosion, and oil spill, and the litigation of any claim or defense in this Multi-District Litigation, as well as any person who possesses information within the custody and control of those agencies.

3. For the purposes of this Order the term Party with respect to any other corporate or organizational entity shall mean the entity itself and any corporate parents, subsidiaries, directors, officers, employees, counsel, and any other person who possesses information within the custody and control of the entity.

4. "Information" shall be interpreted broadly to include writings and electronically stored information as that term is used in Federal Rule of Civil Procedure 26. Information includes, but is not limited to, Drafts, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries,

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and file and application metadata, including embedded data such as track changes and comments, is also included in this definition.  Documents include both paper documents and electronic files regardless of whether stored on servers, hard drives, backup data, removable computer storage media such as tapes, discs and cards, or other electronic media.

5. "Drafts" regardless of whether in an electronic or hard copy form, shall mean, a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise).

6. "Potentially Relevant Information" shall mean Information that is discoverable in this action pursuant to Federal Rule of Civil Procedure 26(b), as well as any Information that would be discoverable but for the application of a privilege or protection such as the attorney work product protection or the attorney-client privilege.

7. "Preserve(d)" shall mean to keep and not to alter any Potentially Relevant Information as to its form, content or manner of filing.  In the case of an electronic file, it means to retain the original file (including its file and application metadata) or a Forensically Sound Copy of that file.

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

8.  "Forensically Sound Copy" of an electronic file shall mean a copy made by a method that (a) verifies complete and successful transfer (for instance by use of a hash value); (b) does not alter, in any way, the file and application metadata associated with that electronic file; and (c) is documented by a log identifying the date and time of copying, the software used to complete the copy, the original location of the file, and the individual making the copy.

9.  "Liaison Counsel" shall mean the persons appointed in Pre-Trial Order No. 6 and Order No. 10, and any successors thereto.

## REQUIREMENTS

10. This order applies to Potentially Relevant Information as defined in Paragraph 6. Nothing herein shall be construed as impacting or obviating any Party's obligation to preserve physical evidence, such as air, water, and soil specimens and equipment recovered from the Deepwater Horizon, nor shall anything in this Order be construed as impacting or obviating any Party's obligation to comply with orders relating to the preservation of evidence in unrelated cases.

11. Except as expressly set forth in this Order, each Party shall take reasonable steps to Preserve all presently existing Potentially Relevant Information that is in its possession, custody or control on the date of this Order, or that comes into its possession, custody or control after the date of this Order.

12. With respect to Potentially Relevant Documents, each Party need only preserve one copy of each potentially relevant non-identical document, but shall retain any existing

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

information related to the custodians of any duplicates that are not Preserved for production consistent with Pretrial Order 16.

13. To the extent a Party maintains databases containing Potentially Relevant Information, such as testing data, and that Party shall take steps to insure that historical information can be restored to such databases in the event of system failures.

14. A Party need retain only one copy of a Potentially Relevant electronic message sent to multiple recipients so long as the copy retained contains any existing metadata identified in Exhibit 1 to Pretrial Order 16.

15. Each Party shall take reasonable steps, including sending litigation hold notices, to notify all individuals in its employ, including any agents, consultants, and representatives, reasonably believed to be in possession of Potentially Relevant Information within that Party's possession, custody, or control of the obligation to Preserve such Potentially Relevant Information.

16. Except as provided in Paragraphs 10, 17, and 18 a Party need not Preserve the following categories of electronic information:

    a. Data contained in any electronic backup system that duplicates data for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

  b. Voicemail messages, whether on cellular or wired telephone services, provided that the Party instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within that Party's possession, custody, or control to discontinue use of voicemail to discuss or record Potentially Relevant Information;

  c. Instant messages sent on any service, including but not limited to AOL Instant Messenger, Yahoo Messenger, Gmail, or Microsoft Communicator, provided that the Party instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within that Party's possession, custody, or control to discontinue use of instant messages to discuss or record Potentially Relevant Information;

  d. Text messages such as cell-phone to cell-phone SMS messages, multimedia messages such as cell-phone to cell-phone MMS messages, or other similar services including but not limited to Blackberry "PIN" messages, provided that the Party instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within that Party's possession, custody, or control to discontinue use of text messages to discuss or record Potentially Relevant Information;

  e. Electronic mail sent to or from a Personal Digital Assistant or smart-phone (e.g., BlackBerry handheld) provided that a copy of such mail, including the available metadata, is routinely duplicated and stored elsewhere;

# DRAFT December 18, 2010
## Proposal by US to Defense Liaison Counsel

   f. Calendar or contact data or notes stored on a Personal Digital Assistant or smart-phone, provided that a copy of such information is routinely duplicated and stored elsewhere;

   g. Electronic data other than emails, notes, calendar or contact data stored on a Personal Digital Assistant or smart-phone;

   h. Logs of calls made to or from cellular telephones;

   i. Data contained in unallocated disk space;

   j. Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

   k. Server, system or network logs;

   l. Electronic data that is temporarily stored but not preserved by scientific equipment or attached devices in their ordinary course of operation, other than the data that is ordinarily preserved as part of any reports or analyses created by such equipment;

   m. Messages that are posted on social media sites (including but not limited to Facebook), or micro-blogging sites (including but limited to Twitter) other than messages posted by the United States on its agency Facebook and Twitter pages;

   n. Metadata other than the metadata identified on Exhibit 1 to Pretrial Order No. 16;

   o. Metadata from emails sent on third party servers, so long as each such email sent on third-party servers is Preserved in a manner to include the entire contents of the

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

email, all attachments to the email, all senders and recipients of the email, including blind copies, the subject line of the email, and the date the email was sent;

      p.     Data stored on memory cards of printers, copy machines, or fax machines.

17. Notwithstanding Paragraph 16, if prior to the date of this Agreement and independent of this litigation, a Party had a retention policy or schedule that required the Party's routine preservation of any of the categories of information identified in Paragraph 16, that Party shall continue to Preserve such information in accordance with its retention policy or schedule.

18. To the extent a Party has already taken affirmative steps to preserve categories of data set forth in Paragraph 16 and has Preserved that data, it shall continue to Preserve that data. For example, if a Party suspended the recycling of backup tapes as part of its litigation hold in anticipation of this litigation, that Party shall be required to continue to Preserve the back-up tapes that would in the ordinary course of business otherwise have been recycled between the date of the suspension of the recycling and the date of this Order, but the Party shall not be required to continue to Preserve other backup tapes.

19. Potentially Relevant Information in the possession of an individual employed by a Party is not within the possession, custody or control of that Party if that information was (a) obtained or created by the individual on his personal time and not within the scope of his employment duties for the Party; (b) obtained or created using personal equipment rather than equipment owned or controlled by the Party; and (c) retained exclusively in the individual's

DRAFT December 18, 2010
Proposal by US to Defense Liaison Counsel

personal files or electronic devices. For instance, photographs taken by an individual on his free time using his personal cell phone or camera, copies of which were never provided to a Party, are not in the possession, custody, or control of the Party.

20. Each Party must Preserve the substance of the Information, including dynamic content, contained on its web pages, but need not Preserve the appearance of web pages so that they are visually identical to the posting on the web.

21. By Preserving Potentially Relevant Information, no Party is conceding that such material is discoverable in this matter, nor is any Party waiving any claim of privilege.

22. In the event that questions arise as to whether or how Information should be Preserved under this Order, counsel shall confer with counsel for each State that is a party to this action, counsel for the United States, and Liaison Counsel. If all counsel are unable to agree, the Party seeking relief may apply to this Court for clarification or relief from this Order upon reasonable notice. Before any Party files any motion with any court regarding the terms of this Order or compliance with this Order, such Party shall meet and confer with the counsel for each State that is a party to this action, counsel for the United States, and Liaison Counsel in a good faith attempt to resolve such disputes. Nothing in this Order shall preclude a Party from seeking further relief from or clarification of the Preservation obligations imposed by this Order.

23. Nothing in this Order shall affect any other obligations of the Parties to Preserve Information for purposes other than claims brought or defenses asserted in this Multi-District Litigation.

# DRAFT December 18, 2010
# Proposal by US to Defense Liaison Counsel

New Orleans, Louisiana, this ___ day of _____, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE