**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| ~~In Re:~~ | ~~Oil Spill by the Oil Rig~~ | ~~:~~ | ~~MDL NO. 2179~~ |
| | ~~"Deepwater Horizon" in the~~ | ~~:~~ | |
| | ~~Gulf of Mexico, on~~ | ~~:~~ | ~~SECTION: J~~ |
| | ~~April 20, 2010~~ | ~~:~~ | |
| | | ~~:~~ | ~~JUDGE BARBIER~~ |
| ~~This Document Relates to All Cases~~ | | ~~:~~ | ~~MAG. JUDGE SHUSHAN~~ |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | : | MDL NO. 2179 |
| | "Deepwater Horizon" in the | : | |
| | Gulf of Mexico, on | : | SECTION: J |
| | April 20, 2010 | : | |
| | | : | JUDGE BARBIER |
| This Document Relates to All Cases | | : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**PRETRIAL ORDER NO. \_\_\_\_ RELATING TO THE ~~UNITED STATES'~~ PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

~~The United States of America has~~ **Defense Liaison Counsel have** moved this Court to enter an Order governing ~~its~~**all Parties'** obligation to preserve documents and electronically-stored information potentially relevant to claims and defenses brought and to be brought in this Multi-District Litigation.

Upon consideration of the moving papers and any opposition thereto, the Court hereby GRANTS the motion for entry of the following Order relating to the ~~United States'~~ Preservation of Documents and Electronically-Stored Information.  ~~With respect to the United States, this~~**This Order establishes the preservation obligations of all Parties with respect to Potentially Relevant Information, as defined herein.   This** Order supersedes the requirements of

Paragraph 14 of Pretrial Order 1 and Pretrial Order 16 (but only to the extent, if any, that Pretrial Order 16 governs the preservation of Potentially Relevant Information), as well as all subsequent Orders up to this date as to obligations of the ~~United States~~**Parties** governing the preservation of Potentially Relevant Information.

**DEFINITIONS**

1.      For the purposes of this ~~Agreement~~**Order** the term ~~the~~**Party with respect to** United States shall mean the Departments of Agriculture, Commerce, Defense, Energy,  Health & Human Services, Homeland Security, Interior, Justice, Labor, State, Transportation, the U.S. Environmental Protection Agency, and any other person who possesses information within the custody and control of these departments and agencies.

**2.      For the purposes of this Order the term Party with respect to a State shall mean those agencies of the State involved in the response to the fire, explosion, and oil spill, any investigation into the cause of and damages resulting from the fire, explosion, and oil spill, and the litigation of any claim or defense in this Multi-District Litigation, as well as any person who possesses information within the custody and control of those agencies.**

**3.      For the purposes of this Order the term Party with respect to any other corporate or organizational entity shall mean the entity itself and any corporate parents, subsidiaries, directors, officers, employees, counsel, and any other person who possesses information within the custody and control of the entity.**

**4.**      ~~2.~~"Information" shall be interpreted broadly to include writings and electronically stored information as that term is used in Federal Rule of Civil Procedure 26.  Information includes, but is not limited to, Drafts, records, files, correspondence, reports, memoranda,

~~2~~

calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and file and application metadata, including embedded data such as track changes and comments, is also included in this definition.   Documents include both paper documents and electronic files regardless of whether stored on servers, hard drives, backup data, removable computer storage media such as tapes, discs and cards, or other electronic media.  For purposes of this Order only, Information does not include tangible things other than paper documents and storage media described herein.

**5.**        3. "Drafts," regardless of whether in an electronic or hard copy form, shall mean, a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise).

**6.**        4.  "Potentially Relevant Information" shall mean Information that is discoverable in this action pursuant to Federal Rule of Civil Procedure 26(b), as well as any Information that would be discoverable but for the application of a privilege or protection such as the attorney work product protection or the attorney-client privilege.

**7.**        5. "Preserve(d)" shall mean to keep and not to alter any Potentially Relevant Information as to its form, content or manner of filing.  In the case of an electronic file, it means

to retain the original file (including its file and application metadata) or a Forensically Sound Copy of that file.

**8.**   6.  "Forensically Sound Copy" of an electronic file shall mean a copy made by a method that (a) verifies complete and successful transfer (for instance by use of a hash value); (b) does not alter, in any way, the file and application metadata associated with that electronic file; and (c) is documented by a log identifying the date and time of copying, the software used to complete the copy, the original location of the file, and the individual making the copy.

**9.**   7. 7. "Liaison Counsel" shall mean the persons appointed in Pre-Trial Order No. 6 and Order No. 10, and any successors thereto.

### REQUIREMENTS

**10.**   8. This order applies to Potentially Relevant Information as defined in Paragraph 4 **6.**  Nothing herein shall be construed as impacting, changing, altering, or obviating ~~the United States'~~**any Party's** obligation to preserve physical evidence, such as air, water, and soil specimens and equipment recovered from the Deepwater Horizon, nor shall anything in this Order be construed as impacting or obviating ~~the United States'~~**any Party's** obligation to comply with orders relating to the preservation of evidence in unrelated cases.

**11.**   9. Except as expressly set forth in this Order, ~~the United States~~**each Party** shall take reasonable steps to Preserve all presently existing Potentially Relevant Information that is in its possession, custody or control on the date of this Order, or that comes into its possession, custody or control after the date of this Order.

**12.**   10. With respect to Potentially Relevant Documents, ~~the United States~~**each Party** need only preserve one copy of each potentially relevant non-identical document, but shall

4

retain any existing information related to the custodians of any duplicates that are not Preserved for production consistent with Pretrial Order 16.

**13.**   ~~11. The United States~~**To the extent a Party** maintains ~~certain~~ databases containing Potentially Relevant Information, such as testing data, ~~and has taken~~**that Party shall take** steps to insure that historical information can be restored to such databases in the event of system failures.

**14.**   ~~12. The United States~~**A Party** need retain only one copy of a Potentially Relevant electronic message sent to multiple parties so long as the copy retained contains any existing metadata identified in Exhibit 1 to Pretrial Order 16.

**15.**   ~~13. The United States has taken~~**Each Party shall take** reasonable steps, including sending litigation hold notices, to notify all individuals in its employ, including any agents, consultants, contractors, and representatives, reasonably believed to be in possession of Potentially Relevant Information within ~~the United States'~~**that Party's** possession, custody, or control of the obligation to Preserve such Potentially Relevant Information. ~~The United States~~**Each Party** shall continue to take reasonable steps to notify all individuals who may possess Potentially Relevant Information in the possession, custody, or control of the ~~United States~~**respective party** now or in the future of their obligation to Preserve such Potentially Relevant Information.

**16.**   ~~14.~~ Except as provided in Paragraphs ~~9, 15,~~**11, 17,** and ~~16 the United States~~**18 a Party** need not Preserve the following categories of electronic information:

     a.    Data contained in any electronic backup system that duplicates data for the purpose of system recovery or information restoration, including but not limited to, system

recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

b.      Voicemail messages, whether on cellular or wired telephone services, provided that the ~~United States~~**Party** instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within ~~the United States'~~**that Party's** possession, custody, or control to discontinue use of voicemail to discuss or record Potentially Relevant Information;

c.      Instant messages sent on any service, including but not limited to AOL Instant Messenger, Yahoo Messenger, Gmail, or Microsoft Communicator, provided that the ~~United States~~**Party** instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within ~~the United States'~~**that Party's** possession, custody, or control to discontinue use of instant messages to discuss or record Potentially Relevant Information;

d.      Text messages such as cell-phone to cell-phone SMS messages, multimedia messages such as cell-phone to cell-phone MMS messages, or other similar services including but not limited to Blackberry "PIN" messages, provided that the ~~United States~~**Party** instructs those employees, consultants, agents, and representatives reasonably believed to be in possession of Potentially Relevant Information within ~~the United States'~~**that Party's** possession, custody, or control to discontinue use of text messages to discuss or record Potentially Relevant Information;

e.      Electronic mail sent to or from a Personal Digital Assistant or smart-phone (e.g., BlackBerry handheld) provided that a copy of such mail, including the available metadata, is routinely duplicated and stored elsewhere;

f.      Calendar or contact data stored on a Personal Digital Assistant or smart-phone, provided that a copy of such information is routinely duplicated and stored elsewhere;

g.      Electronic data other than emails, calendar or contact data stored on a Personal Digital Assistant or smart-phone;

h.      Logs of calls made to or from cellular telephones;

i.      Data contained in unallocated disk space;

j.      Temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

k.      Server, system or network logs;

l.      Electronic data that is temporarily stored but not preserved by scientific equipment or attached devices in their ordinary course of operation, other than the data that is ordinarily preserved as part of any reports or analyses created by such equipment;

m.      Messages that are posted on social media sites (including but not limited to Facebook), or micro-blogging sites (including but limited to Twitter) other than messages posted by the United States on its agency Facebook and Twitter pages;

n.      Metadata other than the metadata identified on Exhibit 1 to Pretrial Order No. 16;

o.    Metadata from emails sent on third party servers ~~prior~~ to the date of this Order, so long as each such email sent on third-party servers is Preserved in a manner to include the entire contents of the email, all attachments to the email (including metadata identifying the parent-child relationship of attachments to emails), all senders and recipients of the email, including blind copies, the subject line of the email, the date the email was sent, and any other metadata that survived after such emails were forwarded to ~~an agency~~**a Party's** server;

p.    Data stored on memory cards of printers, copy machines, or fax machines.

**17.**    ~~15.~~ Notwithstanding Paragraph ~~14,~~**16,** if prior to the date of this Agreement and independent of this litigation, ~~the United States~~**a Party** had a retention **policy or** schedule that required the ~~United States'~~**Party's** routine preservation of any of the categories of information identified in Paragraph ~~14, the United States~~**16, that Party** shall continue to Preserve such information in accordance with its retention schedule.

**18.**    ~~16.~~ To the extent ~~the United States~~**a Party** has already taken affirmative steps to preserve categories of data set forth in Paragraph ~~14~~**16** and has Preserved that data, it shall continue to Preserve that data.   For example, if ~~any agency of the United States~~**a Party** suspended the recycling of backup tapes as part of its litigation hold in anticipation of this litigation, ~~the United States~~**that Party** shall be required to continue to Preserve the back-up tapes that would in the ordinary course of business otherwise have been recycled between the

date of the suspension of the recycling and the date of this Order, but the ~~United States~~**Party**

shall not be required to continue to Preserve other backup tapes.

**19.**    ~~17.~~ Potentially Relevant Information in the possession of an individual employed

by ~~the United States~~**a  Party** is not within the possession, custody or control of ~~the United

States~~**that Party** if that information was (a) obtained or created by the individual on his

personal time and not within the scope of his employment duties for the ~~United States~~**Party**; (b)

obtained or created using personal equipment rather than equipment owned or controlled by

the  ~~United States~~**Party**;  and  (c)  retained  exclusively  in  the  individual's  personal  files  or

electronic devices.  For instance, photographs taken by an individual on his free time using his

personal  cell  phone  or  camera,  copies  of  which  were  never  provided  ~~the United States~~**to  a

Party**, are not in the possession, custody, or control of the ~~United States~~**Party**.

**20.**    ~~18. The United States~~**Each Party** must Preserve the substance of the Information,

including dynamic content, contained on its web pages, but need not Preserve the appearance

of  web  pages  so  that  they  are  visually  identical  to  the  posting  on  the  web,  and  need  not

preserve the content of web pages to which the ~~United States'~~**Party's** web pages are linked and

over which the ~~United States~~**Party** does not exercise complete control (e.g., CNN).

**21.**    ~~19.~~ By Preserving Potentially Relevant Information, ~~the United States~~**no  Party** is

~~not~~ conceding that such material is discoverable in this matter, nor is ~~the United States~~**any Party**

waiving any claim of privilege.

**22.**    ~~20.~~ In the event that questions arise as to whether or how Information should be

Preserved under this Order, counsel **shall confer with counsel for each State that is a party to

this action, counsel** for the United States ~~shall confer with~~**, and** Liaison Counsel.  If ~~Liaison~~**all**

~~Cc~~ounsel are unable to agree, the ~~United States~~**Party seeking relief** may apply to this Court for clarification or relief from this Order upon reasonable notice.  Before any Party files any motion with any court regarding the terms of this Order or compliance with this Order, such Party shall meet and confer with the **counsel for each State that is a party to this action, counsel for the** United States**,** and Liaison Counsel in a good faith attempt to resolve such disputes.  Nothing in this Order shall preclude ~~the United States~~**a Party** from seeking further relief from or clarification of the Preservation obligations imposed by this Order.

**23.**  ~~21.~~ Nothing in this Order shall affect any other obligations of the Parties to Preserve Information for purposes other than claims brought or defenses asserted in this Multi-District Litigation.

New Orleans, Louisiana, this ___ day of _____, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE