THE SEDONA CONFERENCE® WORKING GROUP SERIES



# THE SEDONA PRINCIPLES:
## SECOND EDITION

*Best Practices Recommendations & Principles for Addressing Electronic Document Production*

A Project of The Sedona Conference®
Working Group on Electronic Document
Retention & Production (WG1)

JUNE 2007



Copyright © 2007, The Sedona Conference

*Comment 5.e.*     ***Preservation obligation not ordinarily heroic or unduly burdensome***

The preservation obligation does not ordinarily impose heroic or unduly burdensome requirements on organizations with respect to electronically stored information, although a party may request, and a court can compel, the exercise of extraordinary efforts to preserve electronically stored information even if it is not reasonably accessible in the ordinary course of business, or is particularly transitory and costly and burdensome to preserve. The obligation to preserve normally requires reasonable and good faith efforts. The obligation to undertake extraordinary efforts should be exercised only when there is a substantial likelihood that the information exists; that it would not remain in existence absent intervention; that the information (or its substantial equivalent) cannot be found in another, more accessible data source; and that its preservation is likely to materially advance the resolution of the litigation in a just, efficient, and relatively inexpensive manner.

> *Illustration i.* A requesting party seeks an order, over objection, that backup tapes created during a relevant period should be preserved and restored. It develops sufficient proof to raise the likelihood that substantial amounts of deleted but relevant information existed in the time frame covered by the backup tapes. Before ruling on the merits of the request, the court should consider having the producing party restore and search a sample of the tapes to determine the likelihood that relevant and discoverable material, not otherwise available, can be recovered and that it is worthwhile to do so. If recovery of information from the backup tapes is ordered, the court should consider whether further use of sampling techniques would minimize the burdens on the producing party.

## RESOURCES AND AUTHORITIES

Fed. R. Civ. P. 26(b)(2) ("The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that … the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.").

Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2008.1 (2d ed. 2006).

*Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 177 (S.D.N.Y. 2004) (relying on proposed amendment to Fed. R. Civ. P. 37(f) in holding preservation efforts would have required "heroic efforts far beyond those consistent with [defendants] regular course of business," since the data in question were "ephemeral," existing only until the tuning engineer made the next adjustment).

*Comment 5.f.*     ***Preservation orders***

In general, courts should not issue a preservation order over objection unless the party requesting such an order demonstrates its necessity, which may require an evidentiary hearing in some circumstances. Because all litigants are obligated to preserve relevant evidence in their possession, custody, or control, a party seeking a preservation order must first demonstrate a real danger of evidence destruction, the lack of any other available remedy, and that a preservation order is an appropriate exercise of the court's discretion.

That said, jointly stipulated preservation orders may aid the discovery process by defining the specific contours of the parties' preservation obligations. Before any preservation order is issued, the parties should meet and confer to discuss the scope and parameters of the preservation obligation. Whether agreed to or ordered over objection, preservation orders should be narrowly tailored to require preservation of documents and electronically stored information that are nonduplicative and relevant to the case, without unduly interfering with the normal functioning of the affected party's operations and activities, including the operation of electronic information systems.



The Sedona Principles (Second Edition) June 2007

*Ex parte* preservation orders should rarely be entered. Such orders violate the principle that responding parties are responsible for preserving and producing their own electronically stored information. More generally, preservation orders rarely should be issued over objection, and only after a full and fair opportunity to present evidence and argument. This is particularly important when dealing with electronically stored information that may be transitory, not reasonably accessible, or not susceptible to reasonable preservation measures.

Usually, neither the party seeking a preservation order nor the court will have a thorough understanding of the other parties' computer systems, the electronic data that is available, or the mechanisms in place to preserve that electronic data. For example, courts sometimes believe that backup tapes are inexpensive and that preservation of tapes is not burdensome. However, backup systems and technologies vary greatly. Without information about the specifics of the backup system in use, it is difficult to tell what steps are reasonable to meet the needs of the case.

The 2006 amendments to the Federal Rules carefully balance the need to discourage unnecessary, premature and/or overbroad preservation orders with the need to prevent the loss of information important to the litigation and to help parties who sought to memorialize agreements on the scope of their preservation obligations. As set forth in the Committee Note to Rule 26(f), "the requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders. A preservation order entered over objections should be narrowly tailored. *Ex parte* preservation orders should issue only in exceptional circumstances." Rule 26(b)(2)(B) was also amended to make it clear that either party may seek immediate relief in connection with preservation obligations.

## RESOURCES AND AUTHORITIES

Report of the Civil Rules Advisory Committee, May 27, 2005 (rev. July 25, 2005), *available at* http://www.uscourts.gov/rules/reports/st09-2005.pdf (Fed. R. Civ. P. 26(b)(2)(B) text has been changed to recognize that the responding party may wish to determine its search and potential preservation obligations by moving for a protective order (C-50) and Fed. R. Civ. P. 37(f) "exemption [for violation of protective orders] was deleted for fear that it would invite routine applications for protective orders, and often over broad orders" (C-88-89.).

*Manual for Complex Litigation (Fourth)*, § 11.442 (Fed. Jud. Ctr. 2004).

*Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. PA. 2004) (discussing new balancing test to be used to evaluate necessity of preservation order, which looks at: "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation").

### *Comment 5.g.     All data does not need to be "frozen"*

A party's preservation obligation does not require "freezing" of all electronically stored information, including all email. Organizations need not preserve "every shred of paper, every email or electronic document, and every back-up tape," nor do they have to go to extraordinary measures to preserve "all" potentially relevant evidence.

Civil litigation should not be approached as if information systems were crime scenes that justify forensic investigation at every opportunity to identify and preserve every detail. Theoretically, a party could preserve the contents of waste baskets and trash bins for evidence of statements or conduct. Yet, the burdens and costs of those acts are apparent and no one would typically argue that this is required. There should be a similar application of reasonableness to preservation of electronic documents and data.

Even though it may be technically possible to capture vast amounts of data during preservation efforts, this usually can be done only at great cost. Data is maintained in a wide variety of formats, locations and structures. Many copies of the same data may exist in active storage, backup, or archives. Computer systems manage data dynamically, meaning that the