UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | ) | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | ) | |
| GULF OF MEXICO, ON APRIL 20, 2010 | ) | SECTION: J |
| | ) | |
| | ) | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO | ) | |
| 2:10-CV-04183 | ) | MAG. JUDGE SHUSHAN |
| (STATE OF ALABAMA v. | ) | |
| TRANSOCEAN, ET AL) | ) | JURY DEMAND |

<u>**ANSWER AND DEFENSES OF TRANSOCEAN DEFENDANTS**</u>

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI") and Transocean

Deepwater Inc. ("TDI") (collectively the "Transocean Defendants") respond to the Complaint of

Plaintiff, the State of Alabama, upon information and belief as follows[1]:

<u>**ANSWER**</u>

For each and every allegation of the Complaint, the Transocean Defendants respond as

follows:

---

[1] The Transocean Defendants respond herein to the Plaintiff's Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.,* as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the proceeding *In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

## INTRODUCTION

1.  The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the Mobile Offshore Drilling Unit ("MODU") Deepwater Horizon ("DWH") while located on the Macondo Prospect Mississippi Canyon 252 oil well ("BP well"), that the DWH subsequently sank, and that oil has leaked from the well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## JURISDICTION AND VENUE

2.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge, except to admit that diversity jurisdiction and federal question jurisdiction under OPA, 33 U.S.C. § 2701, and OCSLA, 43 U.S.C. § 1349, are proper.

3.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.  Defendants believe venue in the MDL proceeding in the Eastern District of Louisiana is appropriate.

## PARTIES

## PLAINTIFF

4.  The Transocean Defendants admit that Plaintiff is a sovereign state of the United States.

5.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**DEFENDANTS**

6.  The Transocean Defendants admit that Transocean Ltd. is a Swiss corporation.  To the extent not expressly admitted, the allegations in this paragraph are denied.

7.  The Transocean Defendants admit that TODDI is a Delaware corporation.  To the extent not expressly admitted, the allegations in this paragraph are denied.

8.  The Transocean Defendants admit that TDI is a Delaware corporation.  To the extent not expressly admitted, the allegations in this paragraph are denied.

9.  Transocean Deepwater, Inc. is a wholly-owned subsidiary of Transocean Offshore Deepwater Drilling Inc.  Transocean Offshore Deepwater Drilling Inc. is a wholly-owned subsidiary of Triton Hungary Investments 1 Limited Liability Company.

10.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

11.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

12.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

13.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

14. The Transocean Defendants admit that on or about April 20, 2010, Halliburton was engaged in cementing operations for the BP well.  To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

15. The Transocean Defendants admit that Cameron manufactured and/or supplied a blow-out preventer that was in use on April 20, 2010 in connection with operations at the BP well and DWH.  To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

16. The Transocean Defendants admit that on or around April 20, 2010, M-I, L.L.C. supplied drilling mud and other fluids for use in the BP well.  To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## FACTUAL ALLEGATIONS

### The Deepwater Horizon Explosion and Subsequent Oil Disaster

17. The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge, except to admit BP had certain contracts for use of the DWH around MC 252 and otherwise was the operator of the well in question.

18. The Transocean Defendants admit that they are the owners, managing owners, owners *pro hac vic*e, and/or operators of the MODU DWH, and that there were certain relationships between

them with respect to the DWH.  The Transocean Defendants specifically deny that they, or their predecessors, designed the DWH.   The remaining allegations set forth in paragraph 18 are denied as written.

19. The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge, except to admit the DWH exploded, burned and sank.

20. The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

21. To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**Defendants' Acts and Omissions**

22. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

23. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

24. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

25. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

26. The Transocean Defendants specifically deny that they have admitted responsibility for the oil spill disaster.  As to the remaining allegations set forth in paragraph 26, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

27. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

28. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

29. The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**30.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**31.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

<b>Damages to the State of Alabama</b>

**32.** The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**33.** Paragraph 33 does not require a response of the Transocean Defendants, but out of an abundance of caution, this paragraph is denied.

<b>FIRST CAUSE OF ACTION</b>

<b>(Negligence, Gross Negligence, and/or Wantonness)</b>

**34.** The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

**35.** The Transocean Defendants admit to certain duties, but deny as stated.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**36.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**37.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**38.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**39.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**40.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**41.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

42. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

43. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

44. The Transocean Defendants deny that Plaintiff is entitled to any judgment against the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

### SECOND CAUSE OF ACTION

### (Trespass)

45. The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

46. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**47.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**48.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**49.** The Transocean Defendants deny that Plaintiff is entitled to any judgment against the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

### THIRD CAUSE OF ACTION

### (Public Nuisance)

**50.** The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

**51.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**52.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

53. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

54. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

55. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

56. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

57. The Transocean Defendants deny that Plaintiff is entitled to any judgment against the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## FOURTH CAUSE OF ACTION

### (Private Nuisance)

**58.** The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

**59.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**60.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**61.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**62.** The Transocean Defendants deny that Plaintiff is entitled to any judgment against the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## FIFTH CAUSE OF ACTION

### (Damages Under the Federal Oil Pollution Act of 1990)

**63.** The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

**64.** Paragraph 64 contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution, this paragraph is denied.

**65.** The Transocean Defendants specifically deny that any of the Transocean Defendants is a "responsible party" for any oil discharged from the sub-sea well head facility at the Macondo Prospect, or the oil spill therefrom.  With respect to the remaining allegations set forth in paragraph 65, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**66.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

**67.** Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## PRAYER FOR RELIEF

With respect to the Prayer for Relief and all unnumbered paragraphs, the Transocean Defendants deny that Plaintiffs are entitled to the relief requested.  As to the remaining defendants,

the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and deny these allegations for lack of sufficient information or

knowledge.

**GENERAL DENIAL**

The Transocean Defendants deny all allegations of the Complaint not specifically admitted

herein.

**RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES**

1.  This Court lacks personal jurisdiction over the Transocean Defendants.

2.  Venue is improper.

3.  Process and service of process are insufficient.

4.  The Court lacks subject matter jurisdiction, *inter alia*, by virtue of the failure of Plaintiff
    to comply with the presentment requirements of the Oil Pollution Act ("OPA"), 33
    U.S.C. §2701, *et seq*.

5.  Plaintiffs have failed to join an indispensable party (or parties) under FRCP Rule 19.

6.  Plaintiffs have failed to state a claim upon which relief can be granted with respect to
    some or all of their claims against the Transocean Defendants.

7.  There may be a prior-filed civil action that requires this suit be stayed pursuant to the
    doctrine of *lis pendens*.

8.  Some or all of the Plaintiff's claims are not ripe.

9.  Plaintiff has failed to satisfy conditions precedent to recovery.

10. The Transocean Defendants assert all defenses available under the Oil Pollution Act of
    1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

    a.  Plaintiff has failed to make presentment of their claims as required under OPA.

14

b.   OPA displaces or preempts Plaintiff's claims with respect to oil spill damages and otherwise.

c.   Plaintiff has no right of action against the Transocean Defendants as none of them is or has been designated a responsible party as defined under OPA.

d.   OPA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

e.   OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

f.   OPA does not provide for, or allow, a determination of joint and several liability but requires an apportionment of fault.

**11.** The Transocean Defendants assert the defenses of payment and release.

**12.** The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiff receives from any source as compensation for alleged losses.

**13.** The damages referred to in Plaintiff's Complaint were not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.

**14.** Plaintiff lacks standing to assert the claims set forth in the Complaint, in whole or in part.

**15.** No actual case or controversy exists between the Plaintiff and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

**16.** The incident and resulting damages that are the subject of the Complaint were caused by the sole, comparative or contributory fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons or entities for whom Transocean Defendants are not legally responsible.

17. The claims and causes of action set forth in the Complaint are barred in whole or in part by superseding and intervening causation.

18. The Transocean Defendants did not owe any duty or warranty to the Plaintiff and did not breach any duty or warranty.

19. Plaintiff does not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them designed the DWH or are otherwise proper defendants to any products liability claim.  Out of an abundance of caution, however, the Transocean Defendants would additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered.  Further, the Transocean Defendants would plead there was no causal relationship between them and any alleged defective product.

20. At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiff.

21. Plaintiff may not have reasonably mitigated its damages, if any, and should be required to provide proof of all alleged damages.

22. Some or all of Plaintiff's claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and/or legally compensable harm.

23. As a separate and complete defense to some or all of Plaintiff's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Defendants in the MODU DWH

and her freight then pending, and Defendants have accordingly invoked and re-aver the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiff is not entitled to recover damages in a sum in excess of the value of Defendants' interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

24. The Transocean Defendants deny that they or any of them have been guilty of any conduct that would support an award of punitive damages against any of them.

25. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of Alabama and the Constitution of the United States.

26. The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and Article I § 15 of the Alabama Constitution, and (2) due process and equal protection of the law under the Fifth and Fourteenth amendments of the United States Constitution and Article 1 §§ 6, 13, and 35 of the Alabama Constitution in that (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the

increased burden of proof and other protections required by criminal laws, (f) punitive damages can be assessed in amounts in excess of comparable maximums of criminal laws, (g) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (h) the amount of punitive damages are determined in part by the financial status of the defendant.

27. Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.,* and the Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service (hereinafter "BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime law.

28. The Transocean Defendants are entitled to set-off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries.  The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

29. Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent they do not conflict with the Transocean Defendants' affirmative defenses.

30. Plaintiff's claims are barred to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

**31.** The Transocean Defendants assert any other defenses which they may be entitled under

FRCP Rule 8(c).

The Transocean Defendants reserve the right to amend their answer, Rule 12(b) and other

defenses and to assert cross-claims, and third-party complaints, as appropriate.

### DEMAND FOR TRIAL BY JURY

The Transocean Defendants demand trial by jury pursuant to Rule 38, Federal Rules of Civil

Procedure.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and

sufficient; that after due proceedings are had there be judgment in favor of the Transocean

Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's costs; and

for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

| | |
|---|---|
| By:     /s/ Steven L. Roberts | By:     /s/ Kerry J. Miller |
| Steven L. Roberts (Texas, No. 17019300) | Kerry J. Miller (Louisiana, No. 24562) |
| Rachel Giesber Clingman (Texas, No. 00784125) | Frilot, L.L.C. |
| Kent C. Sullivan (Texas, No. 19487300) | 1100 Poydras Street, Suite 3700 |
| Teri L. Donaldson (Florida, No. 784310) | New Orleans, Louisiana 70163 |
| Sutherland Asbill & Brennan LLP | Telephone: (504) 599-8169 |
| 1001 Fannin Street, Suite 3700 | Facsimile: (504) 599-8154 |
| Houston, Texas 77002 | Email: kmiller@frilot.com |
| Telephone: (713) 470-6100 | |
| Facsimile: (713) 654-1301 | -and- |
| Email: steven.roberts@sutherland.com, | By:     /s/ Edwin G. Preis, Jr. |
| rachel.clingman@sutherland.com, | Edwin G. Preis, Jr. (Louisiana, No. 10703) |
| kent.sullivan@sutherland.com, | Edward F. Kohnke, IV (Louisiana, No. 07824) |
| teri.donaldson@sutherland.com | Preis & Roy PLC |
| | 102 Versailles Boulevard, Suite 400 |
| | Lafayette, Louisiana 70501 |
| | Telephone: (337) 237-6062 |
| | Facsimile: (337) 237-9129 |
| | |
| | -and- |

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
        Los Angeles, California 90071
        Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Lewis
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlewis.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Blane Crutchfield (Alabama, No. CRUTB4243)
Hand Arendall, LLC
11 North Water Street, Suite 30200
Mobile, Alabama 36602
Telephone: (251) 694-6241
Facsimile: (251) 544-1611
Email: bcrutchfield@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record on this 27th day of December, 2010.

/s/ Kerry J. Miller