# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 29, 2010

**Via E-mail**

The Honorable Sally Shushan
Magistrate Judge
United States Magistrate Judge
500 Poydras Street Room B345
New Orleans, Louisiana 70130

RE: Deposition Locations *In re: Deepwater Horizon* MDL 2179

Dear Magistrate Judge Shushan:

At present, there is no ripe issue or dispute about whether any requested BP deponent is or is not a "managing agent." Since Plaintiffs have suggested that they may wish to submit citations on the subject, however, this letter is being submitted merely for the purpose of providing a brief summary of the law regarding managing agents in case this issue comes before the Court in the future.

The inquiry into whether a potential deponent qualifies as a "managing agent" is fact and witness specific and "determined largely on a case-by-case basis," *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413-14 (S.D.N.Y. 1994), with Plaintiffs bearing the burden to establish that a given witness qualifies as a managing agent. *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985). A managing agent is someone who has "control or authority over day-to-day business decisions of the corporation." *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007). Managing agents are "authorized to transact all business of a particular kind at a particular place" and "vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004).

When determining whether a witness qualifies as a managing agent, Courts generally consider the following factors:

1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
December 28, 2010
Page 2

examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, at *3 (S.D.N.Y. 2002). When weighing these factors, the Court should take a "practical approach that focuses not only on the formal connection between the witness and the party at the time of the deposition, but also on their functional relationships." *Id.* at *3.

We look forward to discussing these issues with you.

Sincerely,

*[signature]*

J. Andrew Langan, P.C.

cc: Honorable Carl J. Barbier
Plaintiffs Liaison Counsel
Defense Liaison Counsel
Mike Underhill, Esq.