UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J |
| Applies to: *All Cases* | * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS'RESPONSE TO THE UNITED STATES' MOTION
FOR ENTRY OF ORDER RELATING TO PRESERVATION OF EVIDENCE**

Plaintiffs respectfully submit the following Memorandum in Opposition to certain Defendants' Response to the United States' Motion for Entry of Order Relating to Preservation of Evidence submitted December 24, 2010 ("Defendants' Response").[1]

**I.   INTRODUCTION**

Typically, where a party finds that its preservation obligations under an existing court order are unduly burdensome, that party should seek relief from the court by formal motion. Moreover, courts typically endorse a process by which the parties meet and confer to see if they can resolve any disputes, to minimize the expenditure of the court's resources. This is precisely what happened when the United States entered this litigation as a party. The United States met and conferred with the Plaintiffs' Steering Committee ("PSC") and Defense counsel and negotiated a United States-Only Preservation Order that relieves the government of certain limited preservation obligations. From the Plaintiffs' perspective, and for reasons explained herein, the United States is differently situated from the other parties in this litigation and has demonstrated a compelling need to amend its preservation requirements.

---

[1] Parties M-I Swaco LLC and Weatherford International Ltd. did not join in the Defendants' Response submitted December 24, 2010.

1

Rather than following customary practice and adhering to the Federal Rules of Civil Procedure, certain Defendants have attempted a "back-door" entry of a global preservation order as an attachment to a response brief to the United States' motion for a preservation order that applies only to the federal government and its agencies. Plaintiffs contend that such an attempt is improper and that those Defendants' request should be denied primarily for two reasons.

First, Defendants have requested this Court enter a preservation order without actually having moved for such relief, denying all parties a meaningful opportunity to evaluate the bases for such a motion and to submit opposition papers. Second, Defendants seek this relief without having met and conferred with the PSC or making any showing at all as to why such relief is warranted. Indeed, despite the fact that they have been following the existing preservation order for several months, Defendants have never raised any issues relating to their preservation obligations prior to their submission of December 24, 2010. In essence, Defendants are seeking permission to destroy certain sources of potentially relevant information.[2] This is more akin to a motion for a protective order under Rule 26(c), as the Defendants' proposed order will invariably limit Plaintiffs' discovery of relevant evidence which would otherwise be preserved by under the Court's current order.

Plaintiffs maintain that these Defendants have failed to bring a proper motion before this Court. Nevertheless, in an abundance of caution, the PSC submits this memorandum in opposition to their request for an "All Parties" Preservation Order. Thus to the extent the Court is inclined to view Defendants' submission as a motion for relief, the PSC respectfully requests that

---

[2]For example, under their proposed order, Defendants seek permission to overwrite back-up tapes and to no longer preserve voicemail messages. This is concerning to Plaintiffs where there are ongoing investigations and clean-up activities, and where it is not clear whether electronic documents and emails of former employees only exist on back-up tapes. Such issues might be resolved during the meet and confer process but Defendants elected not to raise these issues with the PSC.

2

the Court deny the motion in its entirety. At a minimum, these Defendants should be required to confer with representatives from the PSC and to make a showing as to why the relief from their existing preservation obligations is warranted.

## II.     PERTINENT BACKGROUND

As the Court is aware, the parties' current preservation obligations are governed by PTO No. 1, paragraph 14 (entered August 16, 2010) and to some extent, PTO No. 16 (governing the format of production, entered November 8, 2010).[3] Further, Plaintiffs have explicitly invited Defendants to discuss any potential discovery issues. *See, e.g.*, Letter from Plaintiffs' Liaison Counsel to Defense Liaison Counsel, dated Sept. 6, 2010 (annexed hereto as Exh. A).  Moreover, Your Honor presided over many discussions involving the format of production of electronically stored information in connection with PTO No. 16, many of which implicated the preservation obligations of Defendants.  At no time did Defendants raise any concerns about the requirements of the existing orders.  *To date, no party other than the United States has sought to meet and confer to discuss such obligation or proposed amendments to the existing preservation orders.*

On December 6, 2010, the parties were contacted by the Department of Justice ("DOJ"), which indicated that the United States intended to become a party to the litigation.  Concurrently, the DOJ proposed a revised preservation order that it initially contended would be beneficial to all parties.  *See* Defendants' Response at Exh. 1.  On December 10, 2010, PSC representatives had a telephone conference with several members of the DOJ team.  This meeting lasted for nearly two

---

[3] For example, PTO No. 16 requires Defendants to identify sources of potentially relevant information "not reasonably accessible" and for the parties to meet and confer on the extent to which such sources will be searched. These discussions are ongoing and should be resolved prior to Defendants being relieved of certain preservation obligations.  For example, certain Defendants have indicated that they do not intend to search "backup tapes."  It is troubling to the PSC that these Defendants now seek permission to begin overwriting backup tapes rather than preserve them.

3

hours, during which the United States detailed why it needed relief from certain preservation obligations. The United States premised its argument on many factors, including, but not limited to:

- The involvement of thousands of United States employees from multiple agencies and departments that all had varying policies and protocols concerning preservation of electronic information;

- The great expense that would be placed on the United States if it were required to enact uniform preservation protocols across multiple agencies and departments;

- The extensive steps the United States government had already taken to preserve potentially relevant information; and

- Its agreement that the proposed order *would not impact the existing preservation obligations of the MMS or certain Coast Guard divisions*, which are much broader in nature, in light of those agencies extensive involvement in Deepwater Horizon rig and the subsequent investigation and clean-up.

At that time, the PSC made it clear that while it would consider the United States' proposed preservation order, *it would only do so to the extent the order applied only to the United States, as no other party had made a showing that it required such relief*. Further, even with respect to the United States, the initial order proposed by the DOJ was not acceptable to Plaintiffs, in that it was too broad.

Shortly thereafter, the DOJ and PSC agreed to negotiate a United States-Only Preservation Order, with the understanding that certain Defendants would object to the proposed order unless it applied to all parties. The PSC entered these negotiations in recognition that the United States was differently situated from the Defendants in this litigation. Indeed, as noted above, no Defendant has ever complained to the PSC that its preservation obligations are unduly burdensome. There were several subsequent meetings between the PSC and DOJ, and the United

4

States made many concessions to insure that the most likely sources of relevant information in possession or control of the United States were being fully preserved.  At no time, did any Defendant seek to participate in negotiations between the PSC and DOJ.   Nor did any Defendant contact the PSC to discuss why provisions that were applicable to the United States should also apply to other parties.

Prior to moving for entry of its proposed motion, the United States was asked by certain Defendants to include an alternative version that applied to "All Parties."  The PSC objected, arguing that it had never negotiated an "All Parties" version of the proposed preservation order. Specifically, the PSC objected to such a submission because: (a) no other party had made any showing as to why such relief was warranted; (b) no other party had ever contacted the PSC to confer on such an order; and (c) the agreements reached in connection with the United States-Only Preservation Order were made in consideration of factual circumstances specific to the United States and following Plaintiffs' negotiations with the DOJ.  Thereafter, the United States instructed Defendants that while it did not object to a global order, it would only submit the United States-only preservation order to the Court.  *See* Email correspondence between the PSC, BP counsel, and Sarah Himmelhoch, U.S. Dept. of Justice) (annexed hereto as Exh. B).  The DOJ recognized that the PSC never engaged, nor intended to engage, in negotiations for a global order to apply to all parties.[4]

---

[4] In their Response papers, Defendants indicate that on December 18, 2010, the DOJ circulated an "All Parties" version of the United States-Only Preservation Order.   Notably, the PSC was not copied on this correspondence.   Further, simply replacing the term "United States" with "All Parties" does not indicate that there were global negotiations or that there was ever any showing that Defendants are unduly burdened by the governing preservation orders.

5

### III.    LEGAL STANDARDS

#### A.    The Breadth of Discoverable Relevant Evidence Under Rule 26(b)(1) Sets the Bar for the Scope of Preservation Obligations

The breadth of discovery permissible under Rule 26 establishes the benchmark for what evidence a party must preserve. "The scope of the duty to preserve is a broad one, commensurate with the breadth of discovery permissible under Fed. R. Civ. P. 26." *Danis v. USN Communications*, Inc., No. 98 C 7482, 2000 WL 1694325, * 33 (N.D. Ill. Oct. 20, 2000);[5] *see also Union Pump Co. v. Centrifugal Technology Inc.,* Nos. 10-30040, 10-30072, 2010 WL 5186616,*3 (5th Cir. 2010) (upholding trial court's ruling that party was obligated to preserve evidence that "was relevant to the litigation"); *William T. Thompson Co. v. General Nutrition Corp., Inc*., 593 F.Supp. 1443, 1455 (C.D. Cal. 1984) (a party "is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence . . . ."). Federal Rule of Civil Procedure 26(b)(1) therefore establishes the scope of a party's duty to preserve evidence, and it "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (citing *Hickman* at 501); *Great West Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). This is precisely what the present preservation order, PTO No. 1, commands.[6]

---

[5]Oddly, Defendants' Response cites *Danis*, which provides no support for their arguments. *Danis* provides no support for Defendants apparent argument that a preservation order tailored to the particular needs and realities of a particular party with unique circumstances is somehow disfavored.

[6]For many months now, the Defendants presumably have been complying with PTO No. 1, impliedly without undue difficulty or burden. Counsel for Defendants should long ago have distributed PTO No. 1 to the employees of their clients and counseled them to preserve evidence in accordance therewith.    *See In re Prudential Ins. Co. of Am. Sales Practices Litigation*, 169 F.R.D. 598, 615 (D. N.J. 1997) ("It was incumbent on senior management to advise its employees of the pending litigation ..., to

### B.     Defendants Must Demonstrate Good Cause for the Relief They Seek

Only in exceptional circumstances will a party be relieved of its duty to produce – and therefore preserve – relevant documents.  See, *e.g.*, *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Only strong public policies weigh against disclosure."); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (exception to full disclosure of relevant evidence because "the interests of the clients and the cause of justice would be poorly served" by disclosure of work product).   To produce anything short of all evidence which may lead to the discovery of relevant evidence requires a showing of "good cause."  *See Proctor & Gamble* at 681.

Defendants request for relief is, in substance, a request for protective order, since it directly impacts the scope of discoverable documents. A protective order limiting the scope of discovery may only be granted if the moving party demonstrates "good cause" due to "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c); *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 516 n.6 (5th Cir. 1993).  "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements*.*"  *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).   To establish good cause a party must demonstrate a "particular need for protection."  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986); *see also* MANUAL FOR COMPLEX LITIGATION (4th Ed.) at § 11.442 (stating that "the

---

provide them with a copy of the Court's order, and to acquaint its employees with the potential sanctions" resulting from noncompliance with the order.) (emphasis added). Defendants' request for an "All Parties" order, rather than a "United States-Only" order, seems entirely premised on its claim that the latter would create unfairness.

party seeking destruction [of documents] should be required to show good cause before destruction is permitted").

## IV. ARGUMENT

### A. Defendants Have Not Moved for Relief or Made Any Showing that Relief from Their Preservation Obligations is Warranted

On December 20, 2010, the United States moved for entry of a United States-Only Preservation Order. This proposed order applies only to electronically-stored information and documents in the possession or control of the United States, as defined therein. While the Plaintiffs maintain that the current preservation orders are adequate for all parties, as indicated in the DOJ submission, the PSC does not object to entry of the Order submitted by the United States. Plaintiffs have agreed to certain exceptions to the existing preservation requirements *for the United States only*, in recognition of the several factors described *supra*. In response, certain Defendants argue that the exceptions made for the United States (which Defendants have independently recognized and agreed to) should apply to all parties.[7] Indeed, Defendants have submitted a proposed order to apply to "All Parties" but have failed to show why the existing preservation orders should be vacated. Further, Defendants argue that it is *the PSC's burden* to prove why the order requested by the United States should not apply to all parties.[8] Such a proposition turns civil procedure on its end.

---

[7] Notably, the Defendants do not argue that the relief requested by the United States is not warranted or that the United States has failed to make a showing for relief. Rather, they contend, in conclusory fashion, that the preservation obligations of the United States should apply to all parties.

[8] Amazingly, Defendants now take the position that it is the PSC's burden to demonstrate why *movant*—the United States—is entitled to relief from the existing preservation obligations. *See, e.g.,* Defendants' Response at 2 ("Plaintiffs have not demonstrated how the United States is differently situated from any other party with respect to its discovery obligations."). Seemingly, Defendants fail to recognize that it is the United States that moved for a separate preservation order for select government agencies

8

To the extent any party requires relief from PTO Nos. 1 and 16, that party should request a meet and confer with the other parties and, to the extent they are unable to reach agreement, they should move this Court for relief from its existing preservation obligations.  Such a procedure would require a showing by that party that such relief is warranted and therefore provide a meaningful opportunity for objecting parties to respond accordingly.   In the instant case, having never raised concerns regarding their preservation obligations with the PSC or even requested a meet and confer to discuss a revised order to apply to "All Parties," Defendants attempt to dispense with the customary practice and Federal Rules of Civil Procedure by raising this issue for the first time in response to the United States' motion.   Plaintiffs submit this attempt is improper.

While the PSC does not object to entry of the United States' proposed order, we respectfully request that, to the extent the Court is inclined to view Defendants' Response as a formal motion for entry of an "All Parties" order, the Court require Defendants to meet and confer with the PSC to explain any purported "unreasonable burdens" they seek relief from.  To the extent the parties are unable to agree, Defendants should file a motion for relief in accordance with the Federal Rules of Civil Procedure, and specifically, Rule 26(c).

**B.    Defendants' Cited Authorities in Support of Their Request are Inapposite**

Defendants' assertion that there exists some standard of mutuality in connection with preservation orders is without merit.   Indeed, the authorities cited by Defendants are off-point. *See* Defendants' Response at 4-6.   For example, Defendants rely on *United States v. Stackpole*, 811 F.2d 689 (1st Cir. 1987).   *Stackpole* involved an appeal from a criminal conviction in which the defendant raised a defense of mental incompetency.   The defendant argued that the

---

rather than the Plaintiffs.

9

government was not entitled to a mental examination of him, and the court ruled that Federal Rule of Criminal Procedure 16(b) compelled defendant to submit such an examination.  *See id.* at 697. It provides no support for Defendants' argument that they should have the same preservation requirements as the United States.   The Defendants also find no support in their citation to *Data Race, Inc. v. Lucent Technologies, Inc.*, 73 F.Supp.2d 698 (W.D. Tex. 1999).   In *Data Race*, the court merely ruled that the plaintiff was not entitled to discovery propounded after the close of discovery in connection with a claim the plaintiff raised one day prior to the close of discovery. *See id.* at 723-24.[9]

Further, Defendants' reliance upon a quote from *In re Toyota Motor Corp. Unintended Acceleration Marketing, Dales Practices, and Products Liability Litigation*, No. 8:10ML02151 JVS, 2010 WL 2901798 (C.D. Cal. 2010), fails to identify that the quote is from a <u>stipulated</u> preservation order.   Without comment or discussion, the court merely entered the *In re Toyota* order in the exact form it was presented by the parties to the court.   *See id.* at *1.

In *Citizens for Responsibility & Ethics in Washington v. Cheney*, 577 F.Supp.2d 328 (D.D.C. 2008), the court did not rule that its preservation order would apply to plaintiffs, as well as defendants.   "All defendants" in *Citizens* denoted exclusively U.S. governmental entities and government employees sued in their official capacity.   *See id*. at 330.   It is not surprising, therefore, that the court simply noted that the preservation order would apply to "all defendants." *See id*. at 341.   Defendants also rely on *United States v. Magnesium Corp. of America*, No. 2:01-CV-40 DB, 2006 WL 2350155 (D. Utah), in which the court entered a broad preservation

---

[9] In disposing of the issue, the court merely observed that if the plaintiff were allowed to pursue its belated discovery requests, defendant would also be entitled to such discovery, which in turn would have required a continuance of the trial. *See id.* at 724.

10

order, very similar to PTO No. 1 in this case. But *Magnesium* does not stand for the proposition that there is inherent unfairness where differently situated parties have distinct preservation requirements.

Finally, Defendants rely on *Goldberg c. Ann-Vein, Inc.*, 29 F.R.D. 6 (N.D. Ga. 1961), a fifty year-old case considered at a time when the Federal Rules of Civil Procedure were very different in scope than today. *Goldberg* merely orders that both parties produce to each other lists of witnesses that the parties anticipated calling at trial. *See id.*at *6-7.

In sum, Defendants have provided no support for their assertion that the United States-Only Preservation Order should apply to all parties. Indeed, they have made no showing whatsoever other than conclusory statements that the order proposed by the United States is patently unfair or prejudices Defendants. There is simply no basis for this claim.

## V. CONCLUSION

For the above and foregoing reasons, Plaintiffs respectfully request that to the extent the Court is inclined to view Defendants' Response as a formal motion for entry of an "All Parties" order governing their preservation requirements, that the Court deny their motion in its entirety. Further, to the extent Defendants seek relief from their current preservation obligations, we request that the Court order them to meet and confer with the PSC regarding their preservation systems and protocols, and to detail any purported "unreasonable burdens" from which they seek relief. Where the parties are unable to agree, Defendants should be required to file a motion for relief in accordance with the Federal Rules of Civil Procedure.

This 3rd day of January, 2011.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| **Stephen J. Herman, La. Bar No. 23129** | **James Parkerson Roy, La. Bar No. 11511** |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504)581-4892 | Telephone: (337)233-3033 |
| Fax No. (504)561-6024 | Fax No. (337)233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Memorandum will be electronically filed into the record using the Court's ECF filing system;

IN ADDITION, the memorandum will be served, *via* Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 3rd day of January, 2011.

*/s/ Stephen J. Herman and James Parkerson Roy*