# IN RE: DEEPWATER HORIZON
## MDL No. 2179

| | |
|---|---|
| **JAMES PARKERSON ROY** | **STEPHEN J. HERMAN** |
| **Domengeaux Wright Roy & Edwards LLC** | **Herman, Herman Katz & Cotlar LLP** |
| **556 Jefferson St. Suite 500** | **820 O'Keefe Ave.** |
| **Lafayette, LA. 70501** | **New Orleans, LA.** |
| **jimr@wrightroy.com** | **sherman@hhkc.com** |
| **Tel: (337) 233-3033** | **Tel: (504) 581-4892** |
| **Direct: (337) 593-4190** | **Direct: (504) 680-0554** |
| **Fax: (337) 233-2796** | **Fax: (504) 561-6024** |

September 6, 2010

*VIA* E-MAIL

DEFENSE LIAISON COUNSEL

Dear Colleagues,

    We write this letter, out of an abundance of caution, to confirm our understanding of the preservation requirements outlined in Section 14 of PTO No. 1, particularly with respect to e-mail, voicemail, text and/or other electronic files or messages, which may be subject to routine deletion or overwrite in the absence of affirmative steps to preserve, through mirror-image back-up or other appropriate methods.[1]

    We trust, in this regard, that the defendants' litigation holds are not only broad enough to reach all information system users who might maintain access or control over potentially relevant documents, data or other information, but that the persons and entities at issue are also taking necessary and appropriate system-wide affirmative steps to preserve.

    As to scope, we construe the current Order to extend to all relevant user locations, including, without limitation, local drives for network computers, laptops and work-stations; back-up storage; home computers of employees and consultants, where such systems are used for business purposes; mobile phone, blackberry and text messaging data; transcripts, screenshots and videos from virtual

---

[1] *See, e.g.,* ADVISORY COMMITTEE NOTES, Fed. Rule Civ. Pro. 26(f) (2006 Amendment) ("the ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information"); ADVISORY COMMITTEE NOTES, Fed. Rule Civ. Pro. 37 (2006 Amendment) ("Many steps essential to computer operation may alter or destroy information, for reasons that have nothing to do with how that information might relate to litigation. As a result, the ordinary operation of computer systems creates a risk that a party may lose potentially discoverable information without culpable conduct on its part").

EXHIBIT A

meetings; historical and current websites, bulletins and listserves; defendant entity, subsidiary, affiliate and/or relevant employee social networking sites (such as Facebook, Linked In, or Twitter), and/or blogs.

To the extent that there may be questions regarding these scope issues, the extent of affirmative efforts to preserve, or other requirements under PTO No. 1, we would like to address with Defense Liaison Counsel and/or other appropriate representatives as soon as possible.[2]

---

[2] *See, e.g.,* ADVISORY COMMITTEE NOTES, Fed. Rule Civ. Pro. 16 (2006 Amendment) ("The amendment to Rule 16(b) is designed to alert the court to the possible need to address the handling of discovery of electronically stored information early in the litigation if such discovery is expected to occur. In many instances, the court's involvement early in the litigation will help avoid difficulties that might otherwise arise"); ADVISORY COMMITTEE NOTES, Fed. Rule Civ. Pro. 26(f) (2006 Amendment) ("Early discussion of the forms of production may facilitate the application of Rule 34(b) by allowing the parties to determine what forms of production will meet both parties' needs. Early identification of disputes over the forms of production may help avoid the expense and delay of searches or productions using inappropriate forms. Rule 26(f) is also amended to direct the parties to discuss any issues regarding preservation of discoverable information during their conference as they develop a discovery plan. This provision applies to all sorts of discoverable information, but can be particularly important with regard to electronically stored information. The volume and dynamic nature of electronically stored information may complicate preservation obligations. The ordinary operation of computers involves both the automatic creation and the automatic deletion or overwriting of certain information. Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes"); *see also, e.g.,* ADVISORY COMMITTEE NOTES, Fed. Rule Civ. Pro. 37 (2006 Amendment) ("Good faith in the routine operation of an information system may involve a party's intervention to modify or suspend certain features of that routine operation to prevent the loss of information, if that information is subject to a preservation obligation.... The good faith requirement of Rule 37(f) means that a party is not permitted to exploit the routine operation of an information system to thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information that it is required to preserve. When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold'"); Treppel v. Biovail Corp., 233 F.R.D. 363, 369 (S.D.N.Y. 2006) (with respect to defendant's rejection of a stipulated preservation order on the grounds that the defendant was fully aware of its preservation obligations, "Such reasoning is shortsighted. Even litigation that concerns 'relatively precise issues, statements and timeframes' may nevertheless involve information, including electronic documents, that may be in danger of destruction in the absence of a preservation order. Further, a preservation order protects the producing party by defining clearly the extent of its obligations. In the absence of such an order, that party runs the risk of future sanctions if discoverable information is lost because it has miscalculated"); William A. Gross Const. v. Am. Manuf. Mut. Ins. Co., No.07-10639, 2009 WL 724954 (S.D.N.Y. Mar. 19, 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.... It is time that the Bar – even those lawyers who did not come of age in the computer era – understand this").

We appreciate your time and cooperation in this matter.

Sincerely,

/s/
/s/

JAMES PARKERSON ROY
STEPHEN J. HERMAN