UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases*. | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

* * * * * * * * * * * *

## PRE-TRIAL ORDER NO. 21

### [Designating location of BP employee depositions]

Before the Court is a dispute between Plaintiffs' Liaison Counsel and Liaison Counsel for Defendant BP regarding the location of BP employee depositions. Pursuant to Case Management Order No. 1 (Pre-Trial Order No. 11, Rec. Doc. 569), the parties plan to commence fact depositions in January of 2011. The first round of BP employees to be deposed in January include eighteen employees who reside in Texas, Alaska, and the United Kingdom.

Plaintiffs contend that depositions should be taken in New Orleans, the "center of gravity" for the litigation, and outline a number of reasons why holding all depositions in New Orleans would be most efficient and in the best interests of the parties. Counsel for Defendant BP have offered to host all of its employee depositions in Houston, and argue that the Court does not have the authority to order that the depositions be held in New Orleans absent a witness-by-witness determination that these witnesses are "managing agents" of BP under Federal Rule of Civil Procedure 30. According to BP, absent this determination, the Court has no authority under Federal Rule of Civil Procedure 45 to subpoena witnesses that are non-parties and non-managing agents to appear for depositions more than 100 miles away from their places of residence or employment.

The Court finds that it indeed does have the authority to implement case management techniques as the MDL transferee court, including making the determination of where depositions should be taken. The Manual for Complex Civil Litigation (Fourth) provides relevant guidance and explains that MDL courts should "be concerned with the time and place of the depositions, including proposed travel and the recording methods," §11.451, and should coordinate depositions in order to "accomplish the objectives of the discovery plan while minimizing travel and other expense, and reasonably accommodating parties, counsel, and witnesses," §11.454.

The Court's approach is consistent with the approaches taken by other MDL courts. See, e.g., United States ex rel. Pougue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270, 273-76 (D.D.C. 2002). There, when enforcing a subpoena duces tecum issued by another court, the MDL court explained that the "purpose and policy of the multidistrict litigation" is to "provide for a unified concept of pretrial proceedings," id. at 275, and that 28 U.S.C. §1407(b) grants MDL courts the plenary authority to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions," id. at 273, 275. Likewise, when upholding an MDL district court's orders granting motions to dismiss for failure to comply with case management orders, the Ninth Circuit reasoned that "multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts" and ergo that "[t]he district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1232 (9th Cir. 2006). Given the guidance provided by the Manual for Complex Civil Litigation and the approaches taken by other MDL courts, this Court finds that as

an MDL transferee court, it has the authority to implement a case management regime and to determine where depositions should be held.

After reviewing submissions by Plaintiffs' Counsel and Counsel for BP, as well as the facts and equities of the MDL, the Court has determined that the initial round of depositions for BP employees should take place in New Orleans. The Court considered the fact that all of the parties–including those who have lead counsel based in other cities–have counsel in New Orleans. Additionally, the United States and Plaintiffs' attorneys have their support staffs and document repositories in New Orleans. The parties have agreed to employ the services of a local court reporting service, and have set up a physical deposition facility, with necessary technology, in an office building that is directly across the street from the federal courthouse. Should inevitable discovery disputes arise, the parties will have immediate access to the Court and the advantage of an in-chambers appearance. Furthermore, BP is a large international corporation engaged in business on several continents, whose employees are routinely required to engage in significant travel, including to and through South Louisiana, which is a gateway to much of the offshore oil and gas exploration and production operations. BP's counsel may of course choose to meet with their witnesses in Houston or elsewhere to prepare for the depositions, but it is more efficient to have these BP employees each travel to New Orleans for one day to be deposed rather than require large numbers of attorneys, staff and their files, documents and equipment to be brought to Houston for two weeks at a time. These factors are similar to those articulated by the court in Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 383, when it directed the parties to hold depositions in the forum district under Federal Rule of Civil Procedure 30. There, the court considered the following factors:

> (1) Counsel for the parties are located in the forum district.
> (2) The defendant is a large corporation whose employees often engage in travel, only one or two employees will be required to travel to the deposition, and the document production is not oppressive. . . .
> (3) Significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns.
> (4) The nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equities favors a deposition site in the forum district.

Id. (internal citations omitted). The Court has determined, based on an analysis of the facts and equities in this MDL, that the depositions of BP employees will take place in New Orleans.

The Court finds its approach to be consistent with the MDL Panel's decision to transfer and consolidate the BP oil spill litigation in this Court for pretrial discovery and pretrial management. The Panel reasoned that "if there is a geographic and psychological 'center of gravity' in this docket, then the Eastern District of Louisiana is closest to it." See Transfer Order at 3, MDL No. 2179 (Aug. 10, 2010) (Rec. Doc. 227).

The Court recognizes that as depositions are scheduled, extraordinary circumstances for particular witnesses may arise, and the Court will address those situations as they are brought to the Court's attention. The Court notes that Plaintiffs' Counsel have already agreed that Plaintiffs will depose all three of the UK witnesses in the UK.

Accordingly, IT IS ORDERED that the first round of depositions of BP employees, not including those employees residing in the United Kingdom, shall take place in New Orleans, Louisiana.

New Orleans, Louisiana, this 3rd day of January, 2011.

_____
THE HONORABLE CARL J. BARBIER
U.S. DISTRICT COURT JUDGE