UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, on APRIL 20, 2010 | § § § § | MDL NO. 2179  SECTION J |
| THIS DOCUMENT RELATES TO: | § § | JUDGE BARBIER |
| ALL CASES | § | MAG. JUDGE SHUSHAN |

**THE BUZBEE LAW FIRM'S OBJECTION TO PLAINTIFFS'
MOTION TO SUPERVISE *EX PARTE* COMMUNICATIONS BETWEEN
DEFENDANT AND PUTATIVE CLASS MEMBERS**

The Buzbee Law Firm ("BLF"), which represents eighteen injured rig workers and thousands of individuals and entities affected by this catastrophic event, files this Objection to Plaintiffs' Motion to Supervise Ex Parte Communications between Defendant and Putative Class Members (Dkt. Entry No. 912).

In its Motion, the Plaintiffs' Steering Committee ("PSC") asks the Court to rewrite a Release and Covenant Not to Sue ("Release") that The Gulf Coast Claims Facility ("GCCF") is proposing to those claimants[1] who wish to settle all claims relating to the oil spill through the GCCF mechanism, and to "manage" the GCCF's communications with all claimants to the fund, regardless whether they be represented by counsel. BLF objects to the PSC's request for three reasons.

**First**, BLF represents thousands of individuals and entities who have filed, or will file, claims with the GCCF. With a few isolated exceptions, none is a party in this MDL proceeding. BLF has incurred extensive costs and time investigating, documenting and filing these claims with the GCCF, and in subsequent negotiations with the GCCF. Principals of the BLF have also met with GCCF administrator, Ken Feinberg, on several occasions.

---

[1] Most of whom have not filed a lawsuit and are not a party to this MDL.

1

BLF respectfully submits that the Court should not interject itself into the private negotiations between two parties, most notably between parties that have their own counsel. Represented claimants should be able to enter into any type of agreement or release of their claims with the GCCF (or any other party, for that matter) without micromanagement from other attorneys. To allow otherwise would permit an unwarranted, and unprecedented, interference between clients and their retained counsel.

**Second,** allowing micromanagement of Release language, particularly for those who have counsel, will only delay the resolution of claims and payment of settlement funds for such represented claimants. The PSC's proposal will only prejudice people who have received offers of settlement by unnecessarily delaying resolution of their claims.

**Third**, as for unrepresented claimants in one of the various putative class actions that are now part of this MDL, if it is shown that GCCF's representations are actually causing confusion among unrepresented members of the putative class, BLF does not oppose the Court putting some limits on statements made by the GCCF. If good cause is shown, an order can easily be fashioned to establish ground rules for the GCCF's communications to unrepresented putative class members and the general public. At most, the Court could require the GCCF to advise any unrepresented fund claimant that he/she has a right to an attorney and that litigation is pending, and require that that any of GCCF's statements to the media contain such disclosures. However, any further management of communications with *putative* classes of unrepresented persons should be very limited, and should be only for a limited amount of time, as these are only putative classes.

Once those ground rules are in place, there would be no need for any ongoing management of GCCF's communications. Of course, if the GCCF violates the ground rules going forward, the PSC or any other party could notify the Court and seek appropriate relief.

Therefore, BLF respectfully requests that the Court deny the motion and, alternatively, if the Court enters an order governing the Defendants' or the GCCF's communications with claimants or the general public, that the order exclude claimants represented by counsel from such protection, and that any order simply set basic ground rules for GCCF's communications with unrepresented fund claimants or to the general public.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*_____
Anthony G. Buzbee
State Bar No. 24001820
Caroline Elizabeth Adams
State Bar No. 24011198
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: 713-223-5393
Fax: 713-223-5909
www.txattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing THE BUZBEE LAW FIRM'S OBJECTION TO PLAINTIFFS' MOTION TO SUPERVISE *EX PARTE* COMMUNICATIONS BETWEEN DEFENDANT AND PUTATIVE CLASS MEMBERS has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of January, 2011.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*_____
Anthony G. Buzbee
State Bar No. 24001820
Caroline Elizabeth Adams
State Bar No. 24011198
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: 713-223-5393
Fax: 713-223-5909
www.txattorneys.com