# EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SEC. J (JUDGE BARBIER), MAG. DIV. 1 (MAG. JUDGE SHUSHAN)

MDL NO. 2179

*IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"*
*IN THE GULF OF MEXICO ON APRIL 20, 2010*

**EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO**

Dane S. Ciolino
P.O. Box 850848
New Orleans, LA 70185-0848
(504) 834-8519
dciolino@loyno.edu

Submitted: January 7, 2011

**TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................. i

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO..................... 1

I.     Qualifications........................................................ 2

II.    Opinions............................................................. 3

     A.    Absence of Lawyer-Client Relationship Between the GCCF and BP........... 3

     B.    Standards of Conduct Governing Communications Between GCCF Lawyers and Oil Spill Claimants...................................................... 7

III.    Conclusion.......................................................... 9

EXHIBITS

     Dane S. Ciolino Curriculum Vitae......................................... Ex. 1

     Declaration of Dane S. Ciolino. .......................................... Ex. 2

## EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

I have been retained by BP America, Inc. ("BP") in connection with the matter of *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, Eastern District of Louisiana ("*Deepwater Horizon* Litigation"). I attach my curriculum vitae, which summarizes my education, experience and other qualifications. *See* Exhibit 1. I also attach a declaration executed pursuant to 28 U.S.C. § 1746(2). *See* Exhibit 2.

I have reviewed numerous documents relating to the Deepwater Horizon oil spill of April 20, 2010 ("Oil Spill"). I have also reviewed numerous documents relating to the *Deepwater Horizon* Litigation, the role of the Gulf Coast Claims Facilty ("GCCF"), and lawyers working with the GCCF (including Kenneth R. Feinberg), in resolving the myriad claims against BP and other potentially responsible parties. Among other things, I have reviewed press releases, news articles, websites, video clips and other documents relating to the GCCF.

Having reviewed these materials, and having considering the applicable standards of conduct, it is my opinion that the GCCF, and lawyers working with the GCCF, have no lawyer-client relationship with BP, and therefore do not "represent" BP in the *Deepwater Horizon* Litigation or in resolving claims arising from the Oil Spill. On the contrary, the GCCF, and lawyers working with the GCCF, are not functioning as advocates representing a client. As a result, it is my opinion that the applicable standards of lawyer conduct do not require lawyers associated with the GCCF to comply with Louisiana Rules of Professional Conduct Rule 4.2 (governing a lawyer's communication with person represented by counsel), and Rule 4.3 (governing a lawyer's communication with an unrepresented person).

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

I.     Qualifications

I attach my curriculum vitae ("CV"), which sets forth my education, experience and other qualifications. *See* Exhibit 1. In brief, I currently serve as the Alvin R. Christovich Distinguished Professor of Law at Loyola University New Orleans School of Law. I graduated *cum laude* from Rhodes College in 1985, and *magna cum laude* from Tulane Law School in 1988, where I was inducted into Order of the Coif and served as Editor in Chief of the *Tulane Law Review*. Following law school graduation, I was employed as a law clerk for the United States District Court, Eastern District of Louisiana, then as a lawyer with Cravath, Swaine & Moore LLP, in New York City, and Stone, Pigman, Walther & Wittmann, LLC, in New Orleans.

Since joining the full-time faculty at Loyola in 1995, my teaching, scholarship, community-service and practice interests have included legal and judicial ethics. Among other courses, I teach "The Legal Profession," and "Legal Ethics Seminar." I am the author of a book published by the Louisiana State Bar Association entitled *Louisiana Professional Responsibility Law and Practice* (2007), and the editor of the principal legal ethics website in Louisiana, *Louisiana Legal Ethics* (www.lalegalethics.org). I have served as Reporter for the Louisiana State Bar Association Ethics 2000 Committee, as a member of the Louisiana State Bar Association Board of Governors, the Louisiana State Bar Association Committee on Lawyer Conduct, the Louisiana State Bar Association Ethics Advisory Service Committee and the Louisiana State Bar Association Professionalism Committee. I have served as a hearing committee chairperson of the Louisiana Attorney Disciplinary Board. I currently engage in the part-time practice of law, with a concentration on the law governing lawyers and judges. I am a member in good standing of the United States Supreme Court Bar, the

Louisiana State Bar, the New York State Bar, and various federal courts situated in Louisiana and New York.

My CV lists all publications that I have authored, and all other matters in which I have testified as an expert at trial, in deposition or by formal expert report. *See id.* My rate of compensation for study and testimony in this matter is $300.00 per hour.

II.   Opinions

A.   Absence of Lawyer-Client Relationship Between the GCCF and BP

In Louisiana,[1] a lawyer-client relationship is formed either by the actual or constructive agreement between a lawyer and a client, or by court appointment. A lawyer-client relationship does not exist unless a prospective client[2] seeks and receives advice and assistance from a lawyer regarding a matter pertinent to the lawyer's profession. *See State v. Green*, 493 So. 2d 1178, 1180-81 (La. 1986). "What is critical . . . is [that] a person must seek legal advice from [a lawyer] acting in his capacity as such." *Id.; see also LaNasa v. Fortier*, 553 So. 2d 1022, 1024 (La. Ct. App. 4th Cir. 1989). The Louisiana Supreme Court has looked to Restatement (Third) of the Law Governing Lawyers section 14 for guidance in determining when a lawyer-client relationship arises. *In re Austin*, 943 So. 2d 341, 347 (La. 2006). The Restatement provides as follows:

---

[1]Although my opinions in this report are based on the standards of conduct governing Louisiana lawyers, it is my informed belief that the standards governing lawyers practicing in Texas, Mississippi, Alabama and Florida are not materially different.

[2]The Louisiana Rules of Professional Conduct define a "prospective client" as follows: "A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client." *See* LA. RULES OF PROFESSIONAL CONDUCT Rule 1.18(a).

3

A relationship of client and lawyer arises when:

(1)     a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either

    (a)     the lawyer manifests to the person consent to do so; or

    (b)     the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services; or

(2)     a tribunal with power to do so appoints the lawyer to provide the services.

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 14 (2000). Furthermore, the Louisiana Supreme Court "has given great deference to the client's subjective belief whether an attorney-client relationship exists." *In re Austin*, 943 So. 2d 341, 348 (La. 2006); *In re Doe v. Hawkins*, 42 So. 3d 1000 (La. Ct. App. 3d Cir. 2010); *see also In re LeBlanc*, 884 So. 2d 552 (La. 2004). Ultimately, however, whether a lawyer-client relationship exists turns whether there is "a reasonable, objective basis to determine that an attorney-client relationship has formed." *Austin*, 943 So. 2d at 348.[3]

---

[3]The Louisiana Supreme Court, quoting *Sheinkopf v. Stone*, 927 F.2d 1259 (1st Cir. 1991), has noted the importance of requiring that any subjective belief of the existence of a lawyer-client relationship be objectively reasonable:

Human beings routinely wear a multitude of hats. The fact that a person is a lawyer, or a physician, or a plumber, or a lion-tamer, does not mean that every relationship he undertakes is, or can reasonably be perceived as being, in his professional capacity. Lawyers/physicians/plumbers/lion-tamers sometimes act as husbands, or wives, or fathers, or daughters, or sports fans, or investors, or businessmen. The list is nearly infinite. To imply an attorney-client relationship, therefore, the law requires more than an individual's subjective, unspoken belief that the person with whom he is dealing, who happens to be a lawyer, has become his lawyer. If any such belief is to form a foundation for the implication of a relationship of trust and confidence, it must be objectively reasonable under the totality of the circumstances. We agree with the court below that this threshold was not crossed in the instant case.

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

In my opinion, the GCCF and its lawyers have no lawyer-client relationship with BP. First, and most obviously, no "tribunal with power to do so" has appointed the GCCF or Mr. Feinberg to provide legal services to BP. Indeed, no order in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, Eastern District of Louisiana, reflects such an appointment.[4]

Second, BP apparently has no subjective belief that the GCCF or Mr. Feinberg represents it in the *Deepwater Horizon* litigation. BP's belief in this regard is, in my opinion, objectively reasonable for the following reasons.

The circumstances attendant to Mr. Feinberg's retention suggest no lawyer-client relationship with BP. Mr. Feinberg was engaged after a meeting at the White House involving President Obama and senior BP management. After that meeting, the White House announced that Mr. Feinberg was being engaged "[t]o assure independence" and to "serve as the independent claims administrator." *See* White House Press Release re Claims and Escrow (Jun. 16, 2010). The White House further announced that any decisions by Mr. Feinberg would subject to an appeals process. *See id.* Finally, it noted that decisions by the independent claims facility "shall be binding on BP." *Id.* In sharp contrast, in a true lawyer-client relationship, the client-principal retains complete authority and control over the actions of the lawyer-agent. Indeed, the client's decision as to any matter is final and no "appeals" to any other person or tribunal are necessary or appropriate.

---

*Austin*, 943 So. 2d at 348 n.7.

[4]The court orders in the *Deepwater Horizon* record relating to the appointment of counsel concern only the designation of lawyers as liason counsel, steering committee members and the like.

None of the filings in the record of the *Deepwater Horizon* Litigation on behalf of BP are signed, as required by Federal Rule of Civil Procedure 11, by Mr. Feinberg or by any other GCCF lawyer. On the contrary, BP is represented by Liskow & Lewis, Kirkland & Ellis LLP, and other law firms.

BP and Mr. Feinberg have never publicly declared the existence of a lawyer-client relationship. On the contrary, BP and Mr. Feinberg have stated that the GCCF is independent of BP rather than acting as BP's agent. Indeed, the Gulf Coast Claims Facility Website notes that the GCCF is administered by Mr. Feinberg as "a neutral fund administrator responsible for all decisions relating to the administration and processing of claims by the GCCF." *See* http://www.gulfcoastclaimsfacility.com/ (last visited Jan. 5, 2011). It further notes the following:

> 2.    If the Claims Administrator is being paid by BP, how can the GCCF or the Claims Administrator be independent?
>
> Although BP provides the funding for the GCCF, including the Claims Administrator's fees and expenses, the Claims Administrator does not report to BP and BP does not control his decisions in any way. The Claims Administrator's decisions are his and his alone. His decisions are subject only to the limited appeal authority in the Protocol for Interim and Final Claims (published on this website). In reaching decisions, the Claims Administrator has no duty to serve the interests of any organization or person, including BP.

*See* http://www.gulfcoastclaimsfacility.com/faq#Q2 (last visited Jan. 5, 2011).

That the GCCF is funded by BP is not indicative of a lawyer-client relationship. BP is required by federal law to fund the claims-resolution process. *See* Oil Pollution Act of 1990, 33

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

U.S.C. § 2705 (1990). Furthermore, the standards of lawyer conduct reflect that a lawyer-client relationship is not formed simply through the payment of fees.[5]

B.    Standards of Conduct Governing Communications Between GCCF Lawyers and Oil Spill Claimants

Louisiana Rule of Professional Conduct 4.2, entitled "Communication with Person Represented by Counsel," provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with: (a) a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

LA. RULES OF PROFESSIONAL CONDUCT Rule 4.2(a).[6] This "anti-contact" rule prohibits a lawyer from communicating with a represented person without authority either from the law, the court or the represented person's lawyer. *See generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §§ 99-102 (2000). It exists to protect third persons and to safeguard the attorney-client relationship from unexpected and unwarranted intrusions. *See, e.g.*, ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 95-396 (1995).

Louisiana Rule of Professional Conduct 4.3, entitled "Dealing with Unrepresented Person," provides as follows:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer

---

[5]*Cf.* LA. RULES OF PROFESSIONAL CONDUCT Rule 1.8(f) (permitting a lawyer to receive compensation from a person other than the client).

[6]The Louisiana Supreme Court adopted this rule on January 21, 2004. It became effective on March 1, 2004, and has not been amended since. Paragraph (a) of this rule is identical to ABA Model Rule of Professional Conduct 4.2 (2002).

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

> knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in a matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

LA. RULES PROFESSIONAL CONDUCT Rule 4.3.[7] This rule requires a lawyer to be forthright about the lawyer's role in a matter when dealing with unrepresented lay persons. More particularly, it requires a lawyer to explain his role to the third person if the person is laboring under a misunderstanding. LA. RULES OF PROFESSIONAL CONDUCT Rule 4.3 (2004); *La. State Bar Ass'n v. Harrington*, 585 So. 2d 514, 517 (La. 1990). In explaining his or her role, the lawyer must be truthful and must not misrepresent where the lawyer's loyalties lie. *See, e.g.,* LA. RULES OF PROFESSIONAL CONDUCT Rule 4.1(a) (2004) (stating that a lawyer shall not "make a false statement of material fact . . . to a third person"); *see also* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 103 (2000) (prohibiting a lawyer from "mislead[ing] the non-client . . . concerning the identity and interests of the person the lawyer represents"); MODEL RULES OF PROFESSIONAL CONDUCT Rule 4.3 (stating that a lawyer "shall not state or imply that the lawyer is disinterested").

In my opinion, Rules 4.2 and 4.3 do not govern the conduct of the GCCF and its lawyers. These rules, unlike others,[8] expressly regulate a lawyer's conduct *only* when the lawyer is acting in

---

[7]The Louisiana Supreme Court adopted this rule on January 21, 2004. It became effective on March 1, 2004, and has not been amended since. This rule is identical to ABA Model Rule of Professional Conduct 4.3 (2002).

[8]For example, Louisiana Rule of Professional Conduct 8.4 requires a lawyer to refrain from committing a criminal act, or from engaging in dishonest, fraudulent or deceitful conduct at *any time*–irrespective of the "hat" the lawyer may be wearing at any given moment *See* LA. RULES OF PROFESSIONAL CONDUCT Rule 8.4(b); *id.* Rule 8.4(c).

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

a representative capacity on behalf of a client-principal. Indeed, Rule 4.2 begins with the language "*[i]n representing a client*, a lawyer shall not . . . ." LA. RULES OF PROFESSIONAL CONDUCT Rule 4.2(a) (emphasis added). Likewise, Rule 4.3 similarly beings with the language *"[i]n dealing on behalf of a client* with a person who is not represented by counsel, a lawyer shall not . . . ." LA. RULES OF PROFESSIONAL CONDUCT Rule 4.3 (emphasis added). Here, Mr. Feinberg and other lawyers associated with the GCCF are not in a lawyer-client relationship with BP or any other responsible party, and therefore, are not acting in a representative capacity in dealing with claimants. For this reason, Rules 4.2 and 4.3 are simply inapplicable to Mr. Feinberg and other lawyers associated with the GCCF.[9]

III.   Conclusion

For the foregoing reasons, it is my opinion that the GCCF, and lawyers working with the GCCF, have no lawyer-client relationship with BP, and therefore do not "represent" BP in the *Deepwater Horizon* Litigation or in resolving claims arising from the Oil Spill. On the contrary, the GCCF, and lawyers working with the GCCF, are not functioning as advocates representing a client. As a result, it is my opinion that the applicable standards of lawyer conduct do not require lawyers associated with the GCCF to comply with Louisiana Rules of Professional Conduct Rule 4.2 and Rule 4.3.

---

[9]The GCCF and Mr. Feinberg have publicly articulated their roles in the *Deepwater Horizon* Litigation and related claims-resolution process in a manner sufficient to satisfy the requirements of Louisiana Rule of Professional Conduct 2.4(b), to the extent that Rule 2.4(b) is implicated.

EXPERT REPORT AND DECLARATION OF DANE S. CIOLINO

Submitted on January 7, 2011,

_____
Dane S. Ciolino
P.O. Box 850848
New Orleans, Louisiana 70185-0848
(504) 834-8519
dciolino@loyno.edu

# EXHIBIT 1

**Dane S. Ciolino Curriculum Vitae**

# DANE S. CIOLINO

LOYOLA LAW SCHOOL
526 PINE STREET
NEW ORLEANS, LOUISIANA 70118

TELEPHONE: (504) 834-8519
E-MAIL: DCIOLINO@LOYNO.EDU
WEB SITE: WWW.LOYNO.EDU/~DCIOLINO

## EDUCATION

TULANE UNIVERSITY LAW SCHOOL, *New Orleans, Louisiana*
    J.D., *magna cum laude*, 1988
    Editor in Chief, *Tulane Law Review*
    Order of the Coif
    Winner, Maritime Law Center Writing Competition

RHODES COLLEGE, *Memphis, Tennessee*
    B.A., *cum laude*, 1985
    Recipient, Political Science Department Award
    President, Sigma Alpha Epsilon Fraternity

## EMPLOYMENT

LOYOLA LAW SCHOOL, *New Orleans, Louisiana*
    Alvin R. Christovich Distinguished Professor of Law, 2002-present
    Professor of Law, 2002
    Associate Professor of Law, 1998-2002 (Tenured 2001)
    Assistant Professor of Law, 1997-1998
    Visiting Assistant Professor of Law, 1995-1997
    Adjunct Instructor of Law, 1992-1995

TULANE LAW SCHOOL, *New Orleans, Louisiana*
    Visiting Professor of Law, 2005
    Visiting Professor of Law, 2002

STONE, PIGMAN, WALTHER & WITTMANN, LLC, *New Orleans, Louisiana*
    Associate, 1991-1995
    *Areas of Practice*: Commercial Litigation, Intellectual Property, Criminal Law

CRAVATH, SWAINE & MOORE, LLP, *New York, New York*
    Associate, 1989-1991
    Consultant, 2005-2006
    *Areas of Practice*: Commercial Litigation, Intellectual Property

UNITED STATES DISTRICT COURT, *New Orleans, Louisiana*
    Law Clerk to Honorable Peter H. Beer, 1988-89



EXHIBIT
1

## PUBLICATIONS

Louisiana Legal Ethics Weblog (http://lalegalethics.org/) (Dane S. Ciolino, ed. & admin.)

Dane S. Ciolino & Monica Hof Wallace, *Recodifying Emancipation: A Précis of the 2009 Revision of Louisiana Emancipation Law*, 56 LOYOLA L. REV. 135 (2010)

Dane S. Ciolino, *Managing the Perils of Lawyer Social Networking*, ABA SECTION OF LITIGATION, COMMITTEE ON ETHICS & PROFESSIONALISM, 2010 ANNUAL REVIEW (2010)

Sandra S. Varnado & Dane S. Ciolino, *Reconsidering Lawyers' Ethical Obligations in the Wake of a Disaster*, 19 THE PROFESSIONAL LAWYER 8 (2009)

DANE S. CIOLINO, LOUISIANA PROFESSIONAL RESPONSIBILITY LAW & PRACTICE (3d ed. 2007)

Dane S. Ciolino, *Lawyer Ethics Reform in Perspective: A Look at the Louisiana Rules of Professional Conduct Before and After Ethics 2000*, 65 LA. L. REV. 536 (2005)

Dane S. Ciolino, *Redefining Professionalism as Seeking*, 49 LOY. L. REV. 229 (2003)

Dane S. Ciolino & Erin A. Donelon, *Questioning Strict Liability in Copyright*, 54 RUTGERS L. REV. 351 (2002)

Dane S. Ciolino, *Why Copyrights Are Community Property (Sort Of): Through the* Rodrigue v. Rodrigue *Looking Glass*, 47 LOY. L. REV. 631 (2001)

Dane S. Ciolino, *Why Copyrights Are Not Community Property*, 60 LA. L. REV. 127 (1999)

Dane S. Ciolino, *Reconsidering Restitution in Copyright*, 48 EMORY L.J. 1 (1999)

Dane S. Ciolino, *Rethinking the Compatibility of Moral Rights and Fair Use*, 54 WASH. & LEE L. REV. 33 (1997)

Dane S. Ciolino, *The Mental Element of Louisiana Crimes: It Doesn't Matter What You Think*, 70 TUL. L. REV. 855 (1996)

Dane S. Ciolino, *Moral Rights and Real Obligations: A Property-Law Framework for the Protection of Authors' Moral Rights*, 69 TUL. L. REV. 935 (1995)

Dane S. Ciolino & Gary R. Roberts, *The Missing Direct-Tender Option in Federal Third-Party Practice: A Procedural and Jurisdictional Analysis*, 68 N.C.L. REV. 423 (1990)

Dane S. Ciolino, Casenote, Lafleur v. John Deere Co.: *Recovery of Nonpecuniary Damages in Redhibitory Actions*, 61 TUL. L. REV. 704 (1987)

## TEACHING

*Law School: Principal Courses*

> The Legal Profession (legal ethics), Trial Advocacy, Contracts, Criminal Law & Procedure

*Law School: Other Courses*

> Business Organizations I & II, Contracts I & II, Common Law Contracts for Civil Law Students, Comparative Law, Computer Law, Copyright Law, Criminal Law Clinic, Criminal Law Seminar, Constitutional Criminal Procedure, Civil Law of Persons, Civil Law of Community Property, Civil Law of Property, Introduction to Law and Legal Methods, Legal Ethics Seminar, International Copyright Law, Law & Poverty, Professional Seminar in Practical Lawyering, Professional Seminar in Storytelling

*Bar Review*

> Instructor, BAR/BRI Bar Review Course (legal ethics and professional responsibility law), 2006-present

> Instructor, BAR/BRI Louisiana Bar Review Course (criminal law, evidence and criminal procedure), 2005-present

> Instructor, BAR/BRI Louisiana Bar Review Course (Louisiana property law, family law, community-property law), 1995-2005

> Instructor, LSU Law Center Bar Review Course (Louisiana family law), 1999-2002

## COMMUNITY SERVICE

> Associate Executive Director, Louisiana Association of Defense Counsel, 2009-present

> Member, American Law Institute, 2003-present

> Member, Ochsner Clinic Foundation, Bioethics Committee, 2009-present

Legal Analyst, WWL-TV (New Orleans) and Other National, State and Local Media, 1998-present

Reporter, United States District Court for the Eastern District of Louisiana Committee on Revising Attorney Disciplinary Procedures, 2009-present

Board Member, Louisiana Organization for Judicial Excellence, 2004-2008

Instructor, Louisiana State Bar Association Diversionary Ethics School, 1999-present

Member, Louisiana State Bar Association Codes of Conduct Committee, 1998-present

Member, Louisiana State Bar Association Professionalism Committee, 1997-2008

Member, Federal Criminal Justice Act Panel, United States District Court for the Eastern District of Louisiana (panel of attorneys accepting appointments to represent indigent defendants in federal prosecutions), 1991-present

Member, Louisiana State Bar Association Board of Governors, 2007-2009

Board Member, Orleans Parish Indigent Defender Program, 2006-2007

Reporter, Louisiana State Bar Association Ethics 2000 Committee, 1999-2004

Reporter, Louisiana State Law Institute Emancipation Committee, 2004-2008

Reporter, Louisiana State Law Institute Tutorship Procedure Committee, 2000-2009

Reporter, Louisiana State Law Institute Interdiction Committee, 1996-2002

Member, Louisiana Supreme Court Committee on the Prevention of Lawyer Misconduct, 1999-2003

Member, Louisiana State Law Institute Criminal Law Committee, 2006-present

Interim Host, *It's the Law*, Cox Cable Television New Orleans and Jefferson, December 1999-2000

Louisiana State Bar Association, Ethics Advisory Committee
        Member, 2000-2003
        Reporter, 1997-2000

Council Member, Louisiana State Law Institute, 1997-2000

Louisiana Attorney Disciplinary Board
  Hearing Committee Member, 1998-1999
  Hearing Committee Chairperson, 1999-2003

Louisiana Supreme Court Bar Admissions Advisory Committee
  Member, 1997-1999
  Chairperson, 1999-2001

Director, Pro Bono Criminal Law for Civil Lawyers (two-day CLE seminar training civil lawyers to undertake pro bono criminal cases), 1995-2002

Advisory Editor, *Tulane Law Review*, 1993-2009

Member, Board of Directors, Louisiana Capital Assistance Center (public-interest organization defending capital cases for indigent clients), 1996-2006

Appointed Counsel, Orleans Parish Criminal District Court (pro bono representation of indigent defendants in first- and second-degree murder prosecutions), 1991-2008

Evaluator, American Bar Association, Central European Law Initiative, March 1999 (evaluated code of legal ethics for the Republic of Armenia)

## LOYOLA UNIVERSITY AND LAW SCHOOL SERVICE

Faculty Advisor, *Loyola Law School Honor Board*, 2002-present

Faculty Advisor, *Loyola Law Review*, 1997-2003, 2006

Faculty Advisor, *Order of the Barristers*, 1998-2003

Faculty Advisor, *Loyola Intellectual Property Law Quarterly*, 1996-2002

Faculty Advisor, *Loyola ATLA Chapter*, 1997-2002

Law School Representative, Loyola University Senate, 1997-1999

Loyola Law School Dean Search Committee
  Chairperson, 2001-2002
  Member, 2000-2001

Chairperson, Loyola Law School Law Clinic Committee, 2005-2007

Chairperson, Loyola Law School Faculty Unification Committee, 2004

Chairperson, Loyola Law School Library Director Search Committee, 2000-2001

Member, Loyola University Distance Learning Committee, 2010-present

Member, Loyola Law School Technology Committee, 2010-present

Member, Loyola Law School By-Laws Committee, 2000-2001

Member, Loyola Law School Pre-Admissions Committee, 1998-1999

Member, Loyola Law School Tenure Guidelines Committee, 1998-1999

Member, Loyola Law School Library Committee, 1997-1998

Member, Loyola Law School Skills Committee, 1997–1998

Member, Loyola Law School Curriculum Committee, 1996-1997

Member, Loyola Law School Admissions Committee, 1996-1997

Member, Loyola Law School Student Recruitment and Career Services Committee, 1995-1996

## COMMUNITY HONORS

Recipient, Camille Gravelle Pro Bono Award, Federal Bar Association, New Orleans Chapter, 2007

Lawdragon 3000 (list of top American lawyers), 2006

Recipient, *Gambit Magazine*, Forty-Under-Forty Award, 2002

Recipient, Louisiana State Bar Association, President's Award, 2001

Recipient, *City Business Magazine*, Power Generation Award, 2000

Recipient, Gillis Long Poverty Law Center Public Service Award, 1997

## EXPERT WITNESS TESTIMONY[1]

*Active Solutions, L.L.C. v. Dell, Inc.*, No. 2007-3665, Civil District Court for the Parish of Orleans, State of Louisiana

*Adler v. Doyle (In re Woven Treasures, L.L.C.)*, 69 180 M 01493 07, American Arbitration Association

*AmCareco, Inc. v. Lucksinger,* No. 499,737, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*Adamson v. Bailey*, No. 493,309, First Judicial District Court, Parish of Caddo, State of Louisiana

*American Income Life Ins. Co. v. Nicholas Matthew Nitkowski et al.*, Civ. No. 05-2228(I-3), United States District Court Eastern District of Louisiana

*Asset Funding Group, L.L.C. v. Adams and Reese, L.L.P.,* Civ. No. 07-2965, United States District Court for the Eastern District of Louisiana

*Barton v. Butler*, No. 515,473, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*Belle Terre Lakes Home Owners Assoc. v. Patricia McGovern*, No. 41922, Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana

*Bertucci v. Lafayette Ins. Co.*, No. 01-0608, Civil District Court for the Parish of Orleans, State of Louisiana

*Beevers and Beevers, LLP v. Sirgo*, No. 624-259 "B," Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

*Boudoin v. St. John the Baptist Parish School Bd.*, No. 2004-08242, Office of Workers' Compensation, State of Louisiana

*Bowes v. Clean Scene Servs., L.L.C.*, No. 661-147, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

---

[1]All matters in which Dane S. Ciolino has provided a public expert report, affidavit, deposition testimony or trial testimony.

*Campbell v. City of New Orleans*, No. 98-18633, Civil District Court for the Parish of Orleans, State of Louisiana

*Chalmette Payment Processing, L.L.C. v. Munson*, Civ. No. 03-1060, United States District Court for the Eastern District of Louisiana

*Chevron U.S.A., Inc. v. State of Louisiana, Louisiana State Mineral Bd. and Louisiana Dept. of Natural Resources*, No. 93,658, Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana

*Childress v. Childress*, No. 488-388, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana

*Dejean v. Koch*, No. C20093931, Superior Court of the State of Arizona, County of Pima, State of Arizona

*Domingue v. Salomon Smith Barney, Inc. & Coughlin*, No. 01-03076, NASD Dispute Resolution Arbitration, New Orleans, Louisiana

*Donovan Marine, Inc. v. Travelers Indemnity Co. of Illinois*, Civ. Action No. 09-4374 (S-3), United States District Court for the Eastern District of Louisiana, New Orleans, Louisiana

*Dougherty v. Haag*, No. 05-06993, Superior Court for the County of Orange, State of California

*Doyle v. ICNA*, Civil District Court for the Parish of Orleans, State of Louisiana

*East Jefferson General Hospital v. Stein*, No. A-081709-773, AHLA Arbitration Service, Parish of Jefferson, State of Louisiana

*Edmonds v. Williamson*, No. 2002-CV-42-R, Circuit Court of Kemper County, State of Mississippi

*Felham Enterprises (Cayman) Ltd. v. Certain Underwriters at Lloyd's, London Companies, Zurich American Ins. Co., Marine Office of Am. Corp. & Trinity Yachts, Inc.*, No. 02-3588, United States District Court for the Eastern District of Louisiana

*Foley & Lardner, LLP v. Kenneth G. Daniels, LLC*, Adv. No. 05-01003, United States Bankruptcy Court for the Middle District of Louisiana

*Forbes v. St. Martin*, Civ. Action No. C2401 01 1745(2), Chancery Court, First Judicial District Court, Harrison County, Mississippi

*Forbis v. Int'l Health Care Properties, X, Ltd.*, 97-CI-03198, Jefferson Circuit Court, State of Kentucky

*Gauthier, Houghtaling & Williams L.L.P. v. Safeguard Storage Properties LLC*, Civ. Action No. 08-0627 (H), Civil District Court for the Parish of Orleans, State of Louisiana

*Gill v. Becnel*, No. G2001-1199 R/1, Chancery Court for the First Judicial District, Hinds County, State of Mississippi

*Glynn v. Sylvester*, No. 228080, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

*Harry Bourg Corp. vs. Exxon Mobil Corp.,* No. 140,749 ("E"), Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana

*Haynes v. Williamson*, No. 3:05cv186-HTW-JCS, United States District Court for the Southern District of Mississippi, Jackson Division

*Hebert v. Avery*, No. 2001-16561, Civil District Court for the Parish of Orleans, State of Louisiana

*Hunter & Blazier v. Logan*, No. 2007-1873, Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana

*In re American International Refinery, Inc.*, No. 04-21331, United States Bankruptcy Court, Western District of Louisiana, Lake Charles Division

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, United States District Court for the Eastern District of Louisiana

*In re Impeachment of United States District Judge G. Thomas Porteous, Jr.*, The Senate of the United States

*In re Petition to Accord Immigrant Classification to Timothy Gray Cameron, Esq., as an Alien of Extraordinary Ability*, United States Department of Homeland Security, United States Citizenship and Immigration Services

*In re Confidential Respondents*, 04-DB-005, Louisiana Attorney Disciplinary Board

*In re Succession of Marion Roberts*, No. 96-2904(F), Civil District Court for the Parish of Orleans, State of Louisiana

*In re Zyprexa Products Liability Litigation*, MDL No. 1596, United States District Court for the Eastern District of New York

*La Casa Castro, S.A. de C.V. v. Greenberg Traurig, P.A., Roberto Martinez and Pedro J. Martinez-Fraga*, Civ. Action No. 09-6663(F-2), United States District Court for the Eastern District of Louisiana

*Leon v. Wilson*, No. 96-14608(F), Civil District Court for the Parish of Orleans, State of Louisiana

*Liberty Mutual Ins. Co. v. Jotun Paints, Inc. & Jotun, Inc.*, Civ. Action No. 07-3114, United States District Court for the Eastern District of Louisiana

*Logan v. Hit or Miss, L.L.C.*, Civil Action No. 6:07-CV-1116 LO, United District Court for the Western District of Louisiana

*Louisiana State Bar Association v. Carr and Associates, Inc.*, No. 2006-14440, Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

*Maxim v. Progressive Security Ins. Co.*, No. 229-677-G, Ninth Judicial District Court for the Parish of Rapides, State of Louisiana

*Oliver v. Orleans Parish School Board,* No. 2005-12244 (N), Civil District Court, Parish of Orleans, State of Louisiana

*Oreck Direct, LLC v. Dyson, Inc.*, Civ. Action No. 07-2744, United District Court for the Eastern District of Louisiana

*Read v. Read*, No. 2000-15283(E), Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana

*Reuther v. Smith*, No. 2001-18124, Civil District Court for the Parish of Orleans, State of Louisiana

*Shane v. Frost Brown Todd, LLC*, No. 08-CI-10428, Jefferson Circuit Court, Division Eight, State of Kentucky

*Shinn Enterprises, Inc. & GIS Sports of Nevada, Inc. v. Capella*, No. 2005-12352, Civil District Court for the Parish of Orleans, State of Louisiana

*Sigma Delta, L.L.C. v. Eric R. George, M.D.,* Civ. No. 07-5427, United States District Court for the Eastern District of Louisiana

*Spahr v. Dallam*, No. 98-5840, Civil District Court for the Parish of Orleans, State of Louisiana

*Southern Scrap Material Co., L.L.C. v. Fleming*, Civ. No. 01-2544, United States District Court for the Eastern District of Louisiana

*Stanley v. Trinchard*, Civ. No. 02-1235, United States District Court for the Eastern District of Louisiana

*State of Louisiana v. Danny Galindo*, No. 455-170 (F/L), Criminal District Court for the Parish of Orleans

*State of Louisiana v. Khristopher Kyzar*, No. 11-05-0461, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*State of Louisiana v. Robert "Bob" Odom*, No. 08-02-547, Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana

*State of Louisiana v. Ricky Langley*, No. 10258-02, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

*State of Louisiana v. Terryance Russel*, No. 375-503, Criminal District Court for the Parish of Orleans, State of Louisiana

*State of Louisiana v. Robert Wilkins*, No. 04- 19337, 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana

*Sturlese v. J.B. Jones, Jr.*, No. 10-16390, Thirty-Eighth Judicial District Court, Parish of Cameron, State of Louisiana

*Succession of Marguerite Nell Riggs Griffin*, No. 646-584, Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana

*Tessier v. Moffatt*, No. 98-CV-00116, United States District Court for the Eastern District of Louisiana

*Usner v. Carol A. Newman, APLC*, No. 09-08223, Civil District Court for the Parish of Orleans, State of Louisiana

*Waggoner v. Williamson*, No. 03-KV-0151-J, Circuit Court of Adams County, State of Mississippi

*Waste Management of Louisiana, L.L.C. v. Penn-America Insurance Co.,* No. 2006-2452, Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana

*Williams v. Williamson*, No. 4:03-CV-88LN, United States District Court for the Southern District of Mississippi

*Washington v. Williamson*, No. 251-05-112 CIV, Circuit Court of Hinds County, State of Mississippi

*United States v. Edwin Edwards*, Crim. No. 98-165-B-M2, United States District Court for the Middle District of Louisiana

*United States ex rel. William St. John LaCorte v. Merck & Co., Inc.*, No. 99-03807, United States District Court for the Eastern District of Louisiana

**OTHER**

*Personal*

    Age 46

    Married to Wendy Dehan Ciolino

    Three Children: Hale (19), Price (17) & Camille (12)

*Bar Admissions*

    Supreme Court of the United States
    State of Louisiana
    State of New York
    United States Court of Appeals for the Fifth Circuit Court
    United States District Court for the Eastern District of Louisiana (New Orleans)
    United States District Court for Western District of Louisiana (Shreveport)
    United States District Court for the Southern District of New York (New York City)

*Dated*: January 7, 2011

# EXHIBIT 2

## *Declaration of Dane S. Ciolino*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| *IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010* | MDL NO. 2179<br><br>SEC. J (JUDGE BARBIER)<br><br>MAG. DIV. 1 (MAG. JUDGE SHUSHAN) |

## <u>DECLARATION OF DANE S. CIOLINO</u>

I, DANE S. CIOLINO, do hereby declare, certify, verify and state pursuant to 28 U.S.C. § 1746(2), and under penalty of perjury, that the following statements are true and correct to the best of my knowledge, information and belief:

1.      I serve as Alvin R. Christovich Distinguished Professor of Law at Loyola University New Orleans College of Law, where I teach in the field of legal ethics. In addition, I am lawyer admitted to practice in the State of Louisiana and United States District Court for the Eastern District of Louisiana, among other jurisdictions.

2.      I personally drafted and signed the foregoing Expert Report and Declaration of Dane S. Ciolino dated January 7, 2011 ("Ciolino Report and Declaration"). The facts stated in the Ciolino Report and Declaration are true and correct to the best of my knowledge, information and belief. The opinions contained in the Ciolino Report and Declaration are mine.

EXHIBIT
**2**

I, DANE S. CIOLINO, declare, certify, verify and state pursuant to 28 U.S.C. § 1746(2), and under penalty of perjury, that the foregoing statements are true and correct. Executed within the United States of America, State of Louisiana, on January 7, 2011.

_____
DANE S. CIOLINO

-2-