# EXHIBIT 8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BILL'S OYSTER HOUSE, ET AL.                CIVIL ACTION

VERSUS                                     NO. 10-1308

BP, PLC, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) defendants BP Products North America, Inc.'s and BP America, Inc.'s motion for stay of proceedings pending transfer by the Judicial Panel on Multidistrict Litigation; and (2) plaintiffs' motion for court supervision or, alternatively, to appoint special master.  For the following reasons, the defendants' motion for stay is GRANTED and the plaintiffs' motion for court supervision is DENIED.

Background

On April 20, 2010, the Deepwater Horizon oil rig exploded into flames and sank; oil began spilling into the Gulf of Mexico causing an oil slick on the surface of the water and plumes of oil beneath. As the days and weeks passed, the oil spill had not yet been contained, and parties began filing damage suits for personal injuries, injury to their business interests, and injuries to their property.  This is one of those lawsuits.

On May 7, 2010, BP moved to consolidate the many cases[1]

---

[1]According to the defendants, at least 70 cases have been filed in various state and federal courts; and at least 59 of these

1

related to the Deepwater Horizon explosion before the Judicial Panel for Multidistrict Litigation pursuant 28 U.S.C. § 1407. The motion is expected to be heard in late July 2010. The Transocean defendants filed a limitation action as owners and operators of the Deepwater Horizon in the Southern District of Texas, Houston Division. On May 13, 2010, that district court ordered all persons claiming damages for any losses or injuries occasioned during the Deepwater Horizon catastrophe be notified to file their claims with that court, or have their claims be forever barred. The court also ordered the beginning or continued prosecution of any actions against the Transocean entities or the Deepwater Horizon be "enjoined, stayed and restrained."

<u>Law and Analysis</u>

I.

A pending transfer motion before the MDL panel does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters. J.P.M.L R. Proc. 1.5.; <u>see</u> <u>In re Air Crash Disaster at Paris, France, on Mar. 3, 1974</u>, 376 F. Supp. 887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court . . . ."). The MDL Panel has observed that "the use of stay orders by the district courts, particularly in the area of discovery, is usually

_____

are styled as class actions.

2

undesirable," while "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." In re Penn Cent. Sec. Lit., 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971). Nonetheless, the matter of a stay "is within the sole discretion of the transferor judges." In re Air Crash Disaster, 376 F. Supp. at 888.

Indeed, incidental to its power to control the disposition of its docket, a district court has the inherent power to stay proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). When determining whether to do so, the Court "must weigh competing interests and maintain an even balance." Id.  The Court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009).

Courts frequently grant stays in cases when an MDL decision is pending.  District courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay. Falgoust v. Microsoft Corp., No. 00-779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000); see La. Stadium, 2009 WL 926982, at *1

3

(responsive pleadings due to MDL panel eighteen days after district court decision); <u>Kennedy v. Novartis Pharm., Corp.</u>, No. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2001) (MDL panel had already ordered a conditional order of transfer, Court anticipated a three to four week delay); <u>Tench v. Jackson Nat'l Life Ins. Co.</u>, No. 99-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (MDL panel hearing only one week away); <u>Good v. Prudential Ins. Co. of Am.</u>, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)(MDL panel had already ordered a conditional order of transfer).  In <u>Falgoust</u>, for example, the court determined that the hardship faced by the defendant forced to litigate in multiple courts and potentially forced to suffer conflicting rulings outweighed the prejudice to the plaintiff caused by delay. <u>Falgoust</u>, 2000 WL 462919, at *2.

## II.

The present litigation compels a stay.  A delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy.  The Court notes that there is no evidence of spoilation of evidence, and sanctions will remain available if the defendants engage in prohibited conduct.  Further, if emergency relief is needed, a stay can always be lifted.

With at least seventy lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions.

More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.

The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy. Accordingly, the defendants' motion is GRANTED and the plaintiffs' motion for court supervision is DENIED.[2]

IT IS ORDERED: that all proceedings in this case are temporarily stayed, pending the MDL Panel's final decision on whether to consolidate.

New Orleans, Louisiana, June 2, 2010.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]As the defendants point out, the Coast Guard is providing statutory oversight of the Oil Pollution Act claims process. Moreover, the plaintiffs have failed to demonstrate any legal or factual basis for the relief they request. The Court declines to inject itself into the OPA claims process absent a showing that it is legally permissible and factually necessary.

5