IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NO. 2179 <br> SECTION: J <br> JUDGE BARBIER <br> MAGISTRATE SUSHAN |
| This Document Relates to: <br> *Murray v. Transocean, Ltd. et al.*, <br> No. 2:10-cv-02814 | |

## AMENDED COMPLAINT
(BENCH TRIAL REQUESTED)

Plaintiff, by and through undersigned counsel, brings this action against the defendants identified below, and avers as follows:

(1)

Plaintiff Chad Murray is a citizen of the United States of America of lawful age and is a resident and is domiciled in Concordia Parish, Louisiana.

(2)

The Court's jurisdiction is based upon the Admiralty and Maritime jurisdiction under Article III, Section 2 of the United States Constitution, 46 U.S.C. § 30104 (formerly 46 U.S.C. § Appx. 688) *et seq*, 28 U.S.C. § 1333, and the General Maritime Law of the United States.

(3)

The following parties are made defendants herein:

    A.    Transocean Ltd. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

B.  Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

C.  Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

D.  Transocean Holding, LLC (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

E.  BP, p.l.c. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

F.  BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

G.  BP Exploration & Production, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

H.  BP America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

I.  BP Corporation of North America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

J.  Halliburton Energy Services, Inc. (Haliburton Entity), a division of Halliburton, is a foreign corporation doing business in the state of Louisiana; and

K.  Cameron International Corporation f/k/a Cooper Cameron Corporation (hereinafter "Cameron International") is a foreign corporation doing business in the state of Louisiana.

(4)

On April 20, 2010, Transocean Deepwater, Inc. and/or Transocean Entity employed Chad Murray as a Jones Act seaman and a member of the crew of a semi-submersible mobile drilling unit known as the *Deepwater Horizon*.

(5)

The *Deepwater Horizon* is a vessel within the meaning of the Jones Act and the General Maritime Law.

(6)

At all pertinent times herein, including on or about April 20, 2010, Transocean Ltd., Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., and/or Transocean Entity and/or BP Entity were the owners, managing owners, owners *pro hac vice*, charterers, supervisors and/or operators of the oil rig *Deepwater Horizon* and participated in the *Deepwater Horizon's* offshore oil drilling operations at the location known as "Macondo" in the Gulf of Mexico.

(7)

At all material times, including April 20, 2010, the *Deepwater Horizon* was in navigation in navigable waters off the Louisiana coast within the Court's jurisdiction.

(8)

On or about April 20, 2010, Plaintiff was injured when an explosion or series of explosions caused a crisis aboard the *Deepwater Horizon* including a fire and sudden unexpected evacuation.

(9)

This incident, fire, or explosion(s) and Plaintiff's injuries were caused directly and proximately by the combined or individual negligence, gross negligence, and reckless, willful and wanton conduct of the Defendants, their respective employees, agents, servants, officers and crew.

(10)

Plaintiff also avers that this incident was caused by the unseaworthiness of the vessel, her gear, tools, appliances, and personnel.

(11)

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the incident occurred and which incident could not have occurred absent the negligent conduct of one or all of the defendants herein.

(12)

In addition and alternatively, this incident was caused by defective equipment that was manufactured by or in the care, custody, and control of one or more of the defendants. Defendants knew or should have known of all these defects and defendants are, therefore, liable for them.

(13)

Defendants acted with reckless disregard for the rights and safety of Plaintiff; Defendants ignored safety protocol.

(14)

This incident or explosion caused Plaintiff severe and permanent injury, and he has and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial. And, because of this incident, he will incur medical, hospital, and other expenses. He is currently suffering from post-traumatic stress disorder, depression anxiety, knee pain, and other injuries that will be shown at trial.

(15)

Plaintiff is entitled to recover the full measure of his damages caused by this incident and which damages include the following, but not exclusively, as follows:

    A.    Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future;

    B.    Loss of earnings, past and future;

    C.    Loss of fringe benefits;

    D.    Loss of found, past and future;

    E.    Loss of earning capacity;

    F.    Loss of or impairment of the enjoyment of life;

    G.    Mental anguish, grief, depression, anxiety and suffering;

    H.    Medical and related expenses past and future;

    I.    Punitive and/or exemplary damages;

    J.    Other items of damages that may be shown through discovery or at trial;

    K.    All appropriate relief under the law, in admiralty, or in equity;

    L.    Prejudgment interest on all sums awarded from the date of loss until paid;

    M.    Post-judgment interest on all sums awarded from date of judgment until paid; and

    N.    All court and litigation costs allowed by law.

(16)

Due to the injuries caused by this incident, Plaintiff is unfit for duty and is unable to return to duty.

(17)

Plaintiff has not reached maximum medical cure.

(18)

Transocean Inc. and/or any Transocean Entity named above has an absolute, non-delegable duty under the general maritime law to provide Plaintiff with maintenance and cure and found from the date he was rendered unfit for duty until he reaches maximum cure, in which he has not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

(19)

As a Jones Act seaman, Plaintiff is entitled to file and prosecute this action without prepayment of costs under 28 U.S.C. § 1916.

(20)

Plaintiff opts out of any applicable state or federal class action lawsuits on this matter but reserves the right to work with and/or share the costs on experts and discovery with the class action committee.

WHEREFORE, Plaintiff Chad Murray, prays that after due proceedings are had, the Court render judgment in his favor and against the defendants and their respective liability insurers, if

any, for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest from the date of loss until paid, and for all costs of these proceedings. Plaintiff also prays for the Court to permit him to file and prosecute these proceedings under 28 U.S.C. § 1916. Finally, Plaintiff prays for such further orders and relief to which he is entitled, whether at law, in admiralty, or in equity. Bench trial requested.

Respectfully submitted, this 12th day of January 2011.

BY: CHADWICK MURRAY, PLAINTIFF

BY: GEORGE W. HEALY & ASSOCIATES

BY: /s/ George W. Healy, IV
George W. Healy, IV
(LA Bar No. 14991)
1323 28th Avenue,
Gulfport, Mississippi 39501
Telephone: (228) 575-4005
Telefax:    (228) 575-4006

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above and foregoing Amended Complaint will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of January, 2011.

                                          /s/George W. Healy, IV
                                          GEORGE W. HEALY, IV