**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179; CA 10-2771 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases* | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | * | |

<u>PRE-TRIAL ORDER NO. 25</u>

**[Clarifying the Pleading Bundles, Responsive Pleadings, and the Master Complaints]**

At the suggestion and stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel and the Plaintiffs Steering Committee, and of Defendants, by and through Defense Liaison Counsel,[1] in order to clarify Case Management Order No. 1 [PTO No. 11], and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:

**IT IS ORDERED** that the scope and effect of the "B1" BUNDLE MASTER COMPLAINT [Doc 879], the "B3" BUNDLE MASTER COMPLAINT [Doc 881], and the "D1" BUNDLE MASTER COMPLAINT [Doc 880], (collectively referred to herein as "Master Complaints"), are hereby clarified as follows:

---

[1]  The Court notes that Defendant Nalco objects to paragraph 4 of this Pre-Trial Order.

1

**1.**   Pleading Bundle B3, as described in Section III(B) of CMO No. 1 [PTO 11], is clarified as follows: "**Clean-Up, Medical Monitoring, and Post-April 20 Personal Injury Claims.**  This pleading bundle will include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010.  The Pleading Bundles described in the CMO and further herein have been created for administrative purposes, and a plaintiff is accordingly permitted to assert claims within both Pleading Bundle B1 and Pleading Bundle B3 without being deemed to have "split" his or her cause of action.

**2.**   For the purpose of clarifying the defendants' obligations to provide responsive pleadings under the CMO, the cases identified in EXHIBIT 1 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle A as defined in PTO No. 11, and the cases identified in EXHIBIT 2 shall be deemed to comprise all cases currently pending in the MDL that fall within Pleading Bundle C as defined in PTO No. 11.

**3**.  Any case currently pending in the MDL that does not fall within Pleading Bundles A or C is deemed to fall within one or more of the following:  Pleading Bundle B1, Pleading Bundle B3, and/or Pleading Bundle D1, as may be applicable.

**4.**  Any individual plaintiff who is a named plaintiff in a case that falls within Pleading Bundle B1, B3, D1, or D2, or any combination thereof, is deemed to be a plaintiff in the applicable Master Complaint(s).  Plaintiffs Liaison Counsel shall provide to Defense Liaison

Counsel a list of plaintiffs included in these bundles within a time period to be agreed to between Liaison Counsel.

5.   For the procedural and administrative purpose of answering or otherwise responding to the complaints in Pleading Bundles B1, B3 and D1, (and subject to the provisions of Paragraph 8), as to any Defendant named in one or more Master Complaint(s), the allegations, claims, theories of recovery and/or prayers for relief contained within the pre-existing petition or complaint are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s) in which the Defendant is named that apply to the pre-existing petition or complaint.

6.   Subject to the provisions of Paragraph 8, any plaintiff-specific allegations or lack thereof in an individual petition or complaint covered by a Master Complaint - such as allegations concerning a plaintiff's domicile and/or residence, whether plaintiff filed an OPA claim with BP and/or the Gulf Coast Claims Facility, the location and type of real or movable property at issue, plaintiff's occupation or type of business and allegations of damages and/or injuries, if any, as asserted by that plaintiff in his individual petition or complaint - may be cited for illustrative purposes by any defendant in any motion to dismiss the relevant Master Complaint.

7.   As to those cases which are allocated to Pleading Bundle A or C, the 30 day deadline for any defendant to file any responsive pleadings will not begin to run until the later of (a) the date such complaint or petition is served upon a defendant or (b) the date classification of such

complaint into its appropriate pleading bundle(s) occurs.  Nothing in this paragraph shall preclude the parties from seeking the Court's approval to extend the 30 day deadline for a defendant to file a responsive pleading to any case which is allocated to Pleading Bundle A or C.

8.  All individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court.

9.  Whether through counsel or *pro se*, any individual or entity who heretofore has not filed a complaint, petition or claim in limitation arising out of the Deepwater Horizon oil spill and who desires to bring a claim in Limitation [No. 10-2771] and/or assert a cause of action subject to one or more of the Master Complaints, [Doc 879 and/or 881], may do so by filing directly into Civil Action No. 10-8888 the form reflected in EXHIBIT 3 ["short form"] or other form prepared and supplied by the Plaintiffs' Steering Committee and approved by the Court. The filing of a short form in Civil Action No. 10-8888 shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 and an intervention into one or more of the Master Complaints [Doc 879 and/or 881] in Civil Action No. 10-md-2179.  The filing of short form joinders shall be fully subject to the provisions of PTO No. 20, addressing Direct Filing.

10.  Subject to the provisions of Paragraph 15 and the Direct Filing Order [PTO No. 20], the filing of the Master Complaints shall *not* waive any contentions relating to venue, jurisdiction, or choice of law, all of which are specifically preserved.

11.  The filing of the Master Complaints shall *not* be deemed to waive or supersede requests for the certification of one or more class actions (and/or sub-classes) under Rule 23,

4

(which proceedings are currently stayed pursuant to Paragraph VII of CMO No.1 [PTO No. 11]), *except* to the extent that such proposed class definitions and/or allegations are covered in one or more of the Master Complaints, which are hereby deemed to be the operative complaints with respect to same.

**12**.  Defendants who have been properly served with the applicable Master Complaint(s) or have agreed to accept or waive such service of process shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11].  Likewise, Defendants who have been properly served with any Bundle A individual complaint listed on Exhibit 1 shall have 30 days from the date of this Order to file any responsive pleadings referenced in Paragraph IV(B) of CMO No. 1 [PTO No. 11].  Defendants who have not been properly served with the applicable Master Complaint(s) and who have not agreed to accept or waive such service of process shall have 30 days from the date of proper service to file any responsive pleadings referenced in Paragraph IVB of the CMO.  Consistent with the CMO, Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6), or 12(c) motions shall be filed within 30 days of the filing of said motion.  Any Reply Briefs shall be filed within 30 days of the filing of any Memoranda in Opposition.  The page limitation for responsive motions and oppositions to responsive motions shall be set at 50 pages, and the page limitation for replies to oppositions shall be set at 25 pages.

**13.**  The proper service of any Master Complaint as to any Defendant named therein shall constitute service on behalf of all plaintiffs who are deemed to be plaintiffs in the respective Master Complaints as contemplated in Paragraph 4 of this Order.

14.   Plaintiffs in a pre-existing petition or complaint are not required to file a short form joinder but should they desire to adopt the short form joinder for the purposes of making a claim in the Limitation proceeding [No. 10-2771], they may file with the Court and serve upon counsel through LNFS a short form joinder consistent with the deadlines already established for the submission of claims in Limitation.

15.   In answering or otherwise responding to each Master Complaint, no defenses, objections, motions or exceptions for lack of jurisdiction, lack of presentment, mootness, lack of standing, or any other defense that may be specific or unique to any particular plaintiff shall be waived, and all such defenses, objections, motions and/or exceptions specific to any particular plaintiff shall be reserved.  In addition, any and all rights under the Hague Convention shall not be deemed to be waived by the entry of this Order, and are hereby preserved.

16.   With respect to any new petition or complaint that is filed in or transferred to MDL No. 2179, the old Plaintiff Fact Sheet [Doc 642-1] is hereby replaced with the Plaintiff Profile Form attached as EXHIBIT 4.  Consistent with the Order Regarding Plaintiff Profile Form [Doc 642], any plaintiff who does not file a short-form joinder [EXHIBIT 3] must serve *via* LNFS a completed Plaintiff Profile Form as reflected in EXHIBIT 4 within sixty (60) days of transfer to, removal to or filing in the Eastern District of Louisiana.  However, a plaintiff who files a short-form joinder does *not* have to also serve a PPF.

17.   The phrase 'substantially similar' as used in Paragraph 9 of this Order shall mean all of the data fields of the attached approved Short Form. That is, without further order of the Court, the Short Form can be refined in terms of paper or form size, type size, fonts, graphics, etc

(so long as it contains all the data fields approved in the attached) to make it clearer, more user-friendly, less expensive to mail or administer, etc.

**18.**   Paragraph 18 of the "B3" Bundle Master Complaint [Doc 881] is amended to delete the second sentence of the paragraph in its entirety, such that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the B3 Master Complaint, but not any causes of action.   Likewise, Paragraph 55 of the "D1" BUNDLE MASTER COMPLAINT [Doc 880] is clarified to mean that only the factual allegations of the B1 Master Complaint are incorporated into and made a part of the D1 Master Complaint, but not any causes of action.

**19.**   No provision of this Stipulated Order shall be construed to permit the assertion of any class actions or class claims as part of the Master Claim in Limitation [No. 10-2771] or otherwise as part of the Limitation Action [No. 10-2771].

New Orleans, Louisiana this 12th day of January, 2011.

_____
United States District Judge