UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : | MDL-2179 |
| | : | |
| | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |
| ALL ACTIONS | : | |

……………………………………………………………………………………………………

**STATEMENT OF INTEREST BY THE STATE OF FLORIDA RELATED TO SEPARATE STEERING COMMITTEE FOR ANY GOVERNMENTAL CASES**

**COMES NOW** Pamela Jo Bondi, Attorney General for the State of Florida, and respectfully joins the requests[1] for the establishment of a separate steering committee for all government-related cases in these proceedings and states in support thereof as follows:

1. The State of Florida supports the establishment of a separate steering committee for government-related cases in order to provide the governmental perspective on issues that arise during these proceedings. The steering committee would include representatives from all of the Gulf Coast states, with each state's Attorney General selecting a committee representative. The separate steering committee could thus provide the Court with pleadings and arguments as to governmental issues and ensure that governmental interests are not prejudiced by the litigation choices of private parties. This structure would recognize the sovereign nature of governmental entities, allowing them to litigate, resolve, and obtain full recovery for claims that are uniquely governmental and avoiding the possibility of "common benefit" fee and costs assessments.

---

[1] In particular, the State of Florida supports the positions stated in the January 7, 2011 Amicus Brief on Behalf of Fifteen States Regarding Separate Government Case Track (Doc. 959), which builds upon the previous filings by the United States, Louisiana, and Mississippi.

2. The State of Florida has not filed any civil action related to the Deepwater Horizon oil spill to date; however, these proceedings concern a myriad of issues that will significantly impact the interests of the State of Florida and its people, environment, and economy. As the State of Florida's chief legal officer, Attorney General Bondi has numerous responsibilities related to the Deepwater Horizon oil spill. These responsibilities include: (a) monitoring and seeking to improve the GCCF claims process; (b) helping to secure appropriate remediation or compensation for the State's damaged natural resources; (c) advising the State and local governmental entities on the claims that they may have; and (d) her role on the Florida Cabinet. The Attorneys General of the other Gulf Coast states have similar responsibilities in this context.

3. Given these multiple roles as well as the significant impact that the Deepwater Horizon oil spill has had and is likely to continue to have on the State of Florida, the selection of a representative for the governmental interests in these proceedings is of the utmost importance. The liaison counsel on the Plaintiffs' Steering Committee have no attorney-client relationship with the State of Florida and cannot adequately represent its interests and public policy concerns as a sovereign state. The Attorneys General of the Gulf Coast states should instead be permitted to monitor these proceedings and submit pleadings and arguments when they deem such participation necessary in order to protect the substantial interests of their citizens, businesses, and natural resources. *See*, *e.g.*, *State ex rel. Att'y Gen. v. Gleason,* 12 Fla. 90, 112 (Fla. 1869).

> The Attorney-General is the attorney and legal guardian of the people, or of the crown, according to the form of government. His duties pertain to the Executive Department of the State, and it is his duty to use means most effectual to the enforcement of the laws, and the protection of the people, whenever directed by the proper authority, or when occasion arises . . . Our Legislature has not seen fit to make any change in the common law rule. The office of the Attorney-General is a public trust. It is a legal presumption that he will do his duty, that he will act with strict impartiality. In this confidence he has been endowed with a large discretion, not only in cases like this, but in other matters of public concern. The exercise of such discretion is in its nature a judicial act, from which there is no appeal, and over which the courts have no control.

4. The State of Florida respectfully submits that governmental entities should be provided an opportunity to protect their significant interests (including the collective interests of their citizens) through participation in these proceedings in a manner that recognizes their sovereignty. As more fully detailed in the January 7th Amicus Brief on Behalf of Fifteen States, the states' participation in this Court should be through a separate steering committee, with each impacted state's Attorney General selecting a representative for that state. Florida does not join in the State of Louisiana's Motion for Appointment of Liaison Counsel to the extent that it seeks appointment of liaison counsel on behalf of any state other then Louisiana.

5. By the filing of this document, the State of Florida does not acknowledge or waive its right to object to federal jurisdiction over any potential action that may be filed as a result of the Deepwater Horizon oil spill. Nor does the State of Florida acknowledge its support for or waive its right to object to the transfer and consolidation of actions brought by any governmental entities into a single action with all litigants having filed claims in connection with this matter.

6. The Florida Attorney General has joined the requests for a separate steering committee for all government-related cases because governmental entities face issues distinct from those of private parties. Moreover, any such litigation presents significant public interests that would best be served by having the benefit of the governmental perspective. Should the Court desire additional briefing on this issue, the Florida Attorney General would be happy to comply.

    Respectfully submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL
STATE OF FLORIDA

BY: /s/ Russell S. Kent

PATRICIA A. CONNERS
Associate Deputy Attorney General
Florida Bar No. 361275
E-mail:  trish.conners@myfloridalegal.com
RUSSELL S. KENT
Special Counsel for Litigation
Florida Bar No. 20257
E-mail:  russell.kent@myfloridalegal.com
NICHOLAS J. WEILHAMMER
Assistant Attorney General
Florida Bar No. 479322
E-mail:  nicholas.weilhammer@myfloridalegal.com

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone:  850-414-3300
Facsimile:  850-488-9134

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Statement of Interest by the State of Florida Relating to Separate Steering Committee for Any Governmental Cases has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM / ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of January, 2011.

    /s/ Russell S. Kent
    Russell S. Kent