UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: "J" |
| Applies to: *10-3815* | * * | JUDGE: BARBIER MAGISTRATE: SHUSHAN |
| * * * * * * * * | | |

## MEMORANDUM IN SUPPORT OF WEATHERFORD INTERNATIONAL, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR INSUFFICIENCY OF PROCESS AND SERVICE OF PROCESS OF THE COMPLAINT OF KENNETH ROBERTS

Defendant, Weatherford International, Ltd. ("WIL"), submits this Memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction and for Insufficiency of Process and Service of Process. As discussed more fully herein, this Honorable Court lacks personal jurisdiction over defendant, WIL. Additionally, plaintiff has failed to properly effect service of process on WIL, a Swiss corporation. Accordingly, this action should be dismissed.

## I. BRIEF FACTUAL BACKGROUND

This suit arises out of the Deepwater Horizon/Macondo Well incident that occurred on April 20, 2010 in the Gulf of Mexico (the "Accident"). Plaintiff, Kenneth Roberts, an employee of ART Catering, Inc. ("ART"), allegedly assigned as a seaman to work aboard the Deepwater Horizon, claims to have sustained injuries as a result of the Accident. In his complaint filed in the Eastern District of Louisiana, Mr. Roberts seeks damages from a number of parties, including WIL. Plaintiff's allegations against WIL are somewhat ambiguous in that he identifies "Weatherford International, Inc. and/or Weatherford International, Ltd." as a single defendant he intends to sue. He makes the broad allegation Weatherford International, Inc. and/or WIL is a foreign corporation doing business in the State of Louisiana and within this district. (R.Doc. 1, ¶ 1(f). Plaintiff further alleged that Weatherford International, Inc. and/or WIL "was engaged in the casing operation of the well and, upon information and belief, improperly and negligently performed these duties, contributing to the fire, explosion and resulting oil spill". (R.Doc. 1 ¶ 14). Plaintiff asserts his claim against all defendants under the "General Maritime Law" and as a Jones Act Seamen and member of the crew of the Deepwater Horizon. (R.Doc. 1 ¶ 6).

A summons was issued by plaintiff to WIL on October 20, 2010 (R.Doc. 3-5). Service on WIL was attempted via certified mail, presumably pursuant to Louisiana's Long Arm Statute, LSA-R.S. 13:3201 and LSA-R.S. 13:3204, addressed to WIL, 1005 Mars Boulevard, Shreveport, Louisiana 71107. (See copy of envelope attached as Exhibit "A"). There is no return on service in the record.

## II. WEATHERFORD INTERNATIONAL, LTD.

WIL is a foreign corporation organized and existing under the laws of Switzerland and has its registered address and principal office in Switzerland. (Declaration of Henry, Exhibit "B"). It is a holding company that has no employees in the United States, pays no taxes in the United States and is not qualified to do business in any state of the United States. *Id.*

WIL has never sold any products or performed any services in the United States, has never advertised or solicited business in the United States and, in fact, has no offices or telephone numbers in the United States from which it conducts its business. *Id.* In particular for this case, WIL provided no products, equipment or services with respect to the Macondo Well. *Id.*

WIL has no agent for service of process in the United States authorized to accept service of this lawsuit, much less at 1005 Mars Boulevard, Shreveport, Louisiana 71107. *Id.*

WIL has not appointed Weatherford International, Inc. to accept service of process on its behalf. *Id.*

## III. LAW AND ARGUMENT

1) **Personal Jurisdiction over WIL is Lacking and Plaintiff's Claims Against it Should be Dismissed Pursuant to Rule 12(b)(2).**

### A. Plaintiff Must Demonstrate that the Exercise of Personal Jurisdiction over WIL Comports with Due Process.

The burden of establishing that this Court has personal jurisdiction over non-resident defendants lies with the plaintiff, as the party invoking the jurisdiction of this Court. *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999); *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 917 (5th Cir. 1987); *G.C. & K.B. Investments, Inc. v. Fisk*, 01-1256 & 01-2831, 2002 WL 27772, at *2 (E.D. La. Jan. 8, 2002); *Alonso v. Line*, 846 So.2d 745, 752 (La. 2003); *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), cert. denied, 548 U.S. 904, 126 S.Ct. 2968, 165 L.Ed. 2d 951 (2006); *Ham v. La Cienega Music Co., et al.*, 4 F.3d 413, 415 (5th Cir. 1993). The Court in making its determination is not restricted to pleadings, but may consider affidavits or any other appropriate method of discovery. *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 752 (5th Cir. 1996). In this action, plaintiff has not shown nor can it show that this court has personal jurisdiction over WIL.

The Due Process Clause "operates to limit the power of a State to assert *in personam* jurisdiction over a non resident defendant". *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984). Due process is satisfied only when the defendant has "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 10, 315-17, 66 S.Ct. 154 (1945). *Asahi Metal Industries Co. v. Superior CT*, 480 U.S. 102, 108-109 (1987) (plurality opinion*).*

Plaintiff's allegations against WIL center around WIL's (and/or Weatherford International, Inc.'s) negligent and improper performance of casing operations in

connection with the drilling of the Macondo Well from the Deepwater Horizon. Plaintiff's allegations are incorrect and cannot be proven. As is shown by the Declaration of Henry (Exhibit "B"), WIL had absolutely no employees in the United States, much less involved with the Deepwater Horizon or the drilling of the Macondo Well. WIL provided no products, equipment or services with respect to the Macondo Well. *Id.*

Although not clearly articulated, it appears as if the plaintiff attempts to use the Louisiana Long Arm Statute which controls the issue of whether a Court has personal jurisdiction over a non-resident under Louisiana law and sets forth the procedure for proper service of the summons and complaint on a foreign defendant corporation. *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 652 (5th Cir. 2001). Although plaintiff's general allegations of the Complaint are that WIL is doing business in the State of Louisiana and plaintiff seems to rely on the Louisiana Direct Action Statute for jurisdiction over WIL and for service of process, he also makes allegations that the General Maritime Law of the United States applies to the case. Rule 4(k)(2) of the Federal Rules of Civil Procedure apparently sanctions personal jurisdiction over foreign defendants for claims arising under Federal Law when the defendant has sufficient contacts with the United States as a whole to justify imposition of the laws of the United States, but without sufficient contacts to satisfy the due process concerns of the Long Arm Statute of any particular state. The federal reach applies only if a claim is made against the defendant under Federal Law. The General Maritime Law has been determined to be a Federal Law under which the "nationwide contact analysis" can be

carried out. (*See World Tanker Carriers Corp. v. M/V Ya Maw-Laya*, 99 F.3d 717 (5th Cir. 1996); *Adams, et al. v. Unione Mediterranea Di Sicurta, et al.*, 364 F.3d 646 (5th Cir. 2004). Regardless of whether the allegations are that a defendant's personal jurisdiction is due to its contacts with a specific state of the United States or because of its contacts with the United States as a whole, the same constitutional due process analysis applies. *Id.*

Thus, whether the exercise of jurisdiction comports with due process depends on a two-part analysis: (1) the defendant must have *purposefully* established minimum contacts with the forum state (or the United States as a whole) such that it invoked the benefits and protections of that state's law or Federal law and thus *reasonably could anticipate being haled into court there*; and (2) the exercise of personal jurisdiction must be consistent with notions of fair play and substantial justice. *Wilson v. Belin*, supra at 647; *Jesco Constr. Corp. v. NationsBank Corp.*, No. 98-1657, 1999 WL 246709, at *2 (E.D. La. Apr. 23, 1999) (emphasis added) (citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158, among others). *World Tanker Carriers Corp.*, supra; *Adams*, supra.

Minimum contacts can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (citing *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)); *Wilson*, 20 F.3d at 647; *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1365 (5th Cir. 1990); *Central Freight Lines, Inc. v. A.P.A. Transport Corp.*, 322 F.3d 376, 281 (5th Cir. 2003). Specific jurisdiction exists when the non-resident defendant "purposefully directed its

activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp.*, 253 F.3d at 868 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 205 S.Ct. 2174, 85 L. Ed. 2d 528 (1985)); *Alpine View Co.*, 205 F.3d at 214. Alternatively, if the controversy does not arise out of the defendant's contacts with the forum, the court may exercise general jurisdiction if the defendant has both "continuous and systematic" contacts with the forum.[1] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984). Regardless of whether specific or general jurisdiction is asserted, there must be a showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state (or the United States), such that it should have reasonably anticipated being haled into court there. (*See, e.g., Stroman Realty, Inc. v. Wereinski*, 513 F.3d 476, 484 (5th Cir. 2008). *See also, Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L. Ed. 2d 1283 (1958).

B. **Plaintiff Cannot Establish General Jurisdiction**

General jurisdiction is proper only where "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against [a foreign defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Contacts

---

[1] That is, the non-resident's contacts with the forum must be "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *International Shoe*, 326 U.S. at 318. General jurisdiction's "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) (citing 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 108.41[3] (3d ed. 1999)).

supporting general jurisdiction must be "continuous and systematic," not isolated and sporadic. *Holt Oil & Gas*, 801 F.2d at 778. The factors courts consider when determining general jurisdiction include whether the foreign corporation is authorized to do business in the forum, has an agent for service in the forum, and has employees or maintains an office in the forum. *See Helicopteros Nacionales*, 466 U.S. at 411-12. For WIL, this standard simply cannot be met. WIL is a holding company only whose offices are in Switzerland. It maintains no offices in the United States from which it conducts its business and has no employees in the United States, and has no agent for service of process in the United States authorized to accept service of process of the summons and complaint in this suit. (See Exhibit "A"). It does not sell products nor perform services in the United States; it does not advertise or solicit business in the United States. *Id.* Nor is it registered to do business in any state of the United States. *Id.* Considering these undisputed facts, subjecting WIL to general jurisdiction here is without authority and plainly would violate due process.[2]

### C. Plaintiff Cannot Establish Specific Jurisdiction

Similarly, plaintiff cannot establish specific jurisdiction against any of the claims against WIL. The touchstone of specific jurisdiction is that there must be "some act whereby the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Nuovo*

---

[2] In the Master Complaint filed in the multi-district litigation arising out of the accident, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179,* WIL is not named as a defendant. Weatherford U.S., L.P. was named as a defendant. The Plaintiffs' Liaison Committee correctly recognized that WIL did not belong in this litigation.

*Pignone, SPA v. Storman Asia M/V*, 310 F.3d 374, 379 (5th Cir. 2002) (internal quotation omitted). "The defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being haled into court in the forum state." *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985). Specific jurisdiction asks whether the defendant has minimum contacts with the forum state and whether the plaintiff's cause of action arises out of or results from defendant's forum-related contacts. *See Nuovo Pignone*, 310 F.3d at 378. As noted above, plaintiff bears the burden of establishing that personal jurisdiction – including specific jurisdiction – is proper. *Luv N' Care, Ltd.*, supra at 469 (5th Cir. 2006).

WIL is a Swiss holding company that clearly did not "avail itself of the privilege of conducting activities within the forum state" or the United States and did not sell any products for use in the Macondo project nor did it have any employees involved with the project. It had no connection to the incident giving rise to plaintiff's cause of action.

**D. Subjecting WIL to Personal Jurisdiction Would Not Comport with the Notions of Fair Play and Substantial Justice.**

Even if minimum contacts exist, which they do not, subjecting WIL to personal jurisdiction in this Court nonetheless would violate due process. The Supreme Court repeatedly has admonished that exercising personal jurisdiction constitutionally is impermissible if it would "offend 'traditional notions of fair play and substantial justice.'" *Asahi*, 480 U.S. at 113 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985) (deciding whether subjecting a Michigan resident to jurisdiction in Florida offended the "traditional notions of fair play and substantial justice"). As articulated by the Fifth

Circuit, the five factors considered in this analysis are: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Seiferth*, 472 F.3d at 276 (internal quotation omitted). Where, as here, the case involves an internationally foreign corporation, "[t]he unique burdens . . . [of] defend[ing] oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114.

Analysis of these factors plainly reveals that subjecting WIL, a mere holding company with no ties to the accident in question to personal jurisdiction here will offend due process. WIL, a Swiss company which does not transact business in the United States, would bear an increased burden if forced to litigate here. That is because, if subjected to personal jurisdiction, it will be defending this lawsuit in the United States, and will be forced to litigate in a foreign legal system against a plaintiff with whom it never has transacted any business, has no connection to his accident, and in a country where it has no employees.

## 2)   Plaintiff Failed to Properly Serve WIL

Without waiving the argument that this Court lacks personal jurisdiction over WIL, this defendant also moves the Court to dismiss this matter for insufficiency of process and service of process.

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (S.Ct. 404, 98 L.Ed. 2d 415) (1987).

Rule 4(h)(2) and Rule 4(f)(1) of the Federal Rules of Civil Procedure permits service of process on a foreign corporation such as WIL, located in a foreign country, "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents." As aforementioned, WIL is an entity organized and existing under the laws of Switzerland. Switzerland and the United States are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. FRCP 4(f)-(h)(2); 20 U.S.T. 361, TIAS 6638, 28 U.S.C.A. (Appendix Following FRCP 4), 16 ILM 1339 (1977) (the "Hague Convention"). The Hague Convention provides for service only through each signatories' central authority. *Id.* Switzerland has designated a central authority for each canton. Article 5 of the Convention also declares that the serving state may require that the documents served be translated into its official language. *Id.* The rules set forth by Switzerland require that documents proffered for service should be in the official language of the canton. (See, *Garg v. Winterthur*, 525 F.Supp. 315 (E.D., NY 2007); *In re Madoff Investment Securities LLC v. Cohmad Securities Corporation*, 418 BR 75 (S.D., NY 2009).

In the instant case, plaintiff attempted service on WIL by using certified mail sending a copy of the summons and the complaint to an address in Shreveport, Louisiana. As clearly set forth in the Declaration of Henry, WIL does not have an office

from which it conducts its business in the United States, nor does it have an agent for service of process in the United States to accept service of process of the summons and complaint. Nor has it authorized Weatherford International, Inc. to accept service of process on its behalf. WIL does not waive service of summons through the Hague Convention and will not voluntarily appear and respond to a certified letter attaching a summons and complaint mailed to an address in Shreveport, Louisiana.

Plaintiff has not made an effort to utilize the procedures as set forth in the Hague Convention to properly serve WIL. Instead, plaintiff appears to have attempted to effect service of process through the Louisiana Long Arm Statute, which is clearly inappropriate under the facts and circumstances of this case. State law cannot trump application of the Hague Convention, a federal treaty. *See Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 100 F.R.D. 775, 777 (M.D. La. 1984) (Louisiana Long Arm Statute cannot be utilized where Hague Convention applies). Accordingly, WIL requests that should the Court not dismiss this case on the basis of lack of personal jurisdiction over WIL, that it be dismissed for insufficiency of process and insufficiency of service of process.

### IV. CONCLUSION

This Court does not have personal jurisdiction over WIL; therefore, this matter should be dismissed. Additionally, plaintiffs have failed to properly effect service of process on WIL through the Hague Convention. Accordingly, defendant, WIL, respectfully requests the Honorable Court dismiss plaintiffs' claims against WIL for insufficiency of process, and insufficiency of service of process.

Respectfully submitted:

*/s/ Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174
Facsimile: (504) 589-8174
E-mail: ggoodier@joneswalker.com;
rbertram@joneswalker.com;
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana 70501-5100
Telephone: (337) 262-9024
E-mail: mlemoine@joneswalker.com;
grusso@joneswalker.com;
dlongman@joneswalker.com

*Counsel for Weatherford International, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on November 1, 2010.

*/s/ Glenn G. Goodier*
GLENN G. GOODIER

{N2251172.1}                       13