UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF SECOND
MOTION FOR CONFIRMATION OF NON-APPLICABILITY OF
PRESERVATION OF EVIDENCE OBLIGATIONS AS TO CERTAIN
SUBPOENAED ITEMS AND CERTAIN NON-EVIDENTIARY ITEMS**

BP America Inc., BP America Production Company, and BP Exploration & Production Inc. (collectively, the "BP Defendants" or "BP") submit this Memorandum in Support of BP's motion, which respectfully seeks confirmation of the non-applicability of Pretrial Order No. 1's preservation-of-evidence obligations as applied to certain equipment items lacking evidentiary value.

### INTRODUCTION

On November 19, 2010, this Court entered an Order granting BP's Motion for Confirmation of Non-Applicability of Preservation of Evidence Obligations as to Certain Subpoenaed Items and Certain Non-Evidentiary Items (Document No. 780) (the "First Confirmation Order"). The First Confirmation Order prescribed a common-sense procedure for the disposition of equipment that has no evidentiary value.

966252

Most importantly, the First Confirmation Order released BP from its preservation-of-evidence obligations as to the specific items of equipment that were described on several schedules appended to that Order.

Specifically, Exhibit C to the First Confirmation Order released 20 individual equipment items, once they were photographed and made available for inspection by parties to this litigation for five (5) business days. This procedure, set out in the First Confirmation Order and applied to the items listed in Exhibit C, has proven effective in permitting disposition of non-evidentiary equipment without prejudice to any party.

Accordingly, BP hereby moves for an Order expanding this "photograph and inspect" regime to include certain specifically identified onshore items and rigging and tooling items that have even more attenuated claims to evidentiary value than the items listed in the Court's First Confirmation Order. In advance of this filing, BP worked diligently to meet and confer with the other parties before filing this motion but was unable to obtain Plaintiffs' full cooperation. On December 27, 2010, BP circulated a copy of this motion and proposed order to counsel for the United States. On January 6, 2011, counsel for the United States stated that they had no objections to BP's motion.

On December 30, 2010, BP circulated a draft of this motion to Plaintiffs, including members of the Plaintiffs' Steering Committee. On January 6, January 9, and January 10, 2011, BP reminded Plaintiffs that it was seeking their consideration (and consent) to the motion. On January 13, for the first time, Plaintiffs raised some questions about the motion. On January 14, 2011, BP provided Plaintiffs with revised exhibits that answered many of Plaintiffs' questions, and BP and Plaintiffs then engaged in a telephone conference to discuss all of the issues raised by Plaintiffs. At the end of the telephone conference, Plaintiffs indicated that they wanted BP to

provide them with written responses to their questions. BP provided those responses on Sunday, January 16, and asked that Plaintiffs engage in an additional telephone conference on January 17 to resolve all outstanding issues on the motion. Plaintiffs did not make themselves available. BP asked plaintiffs again to confer by telephone on January 18. Again Plaintiffs did not make themselves available for additional discussion. Instead, Plaintiffs asked BP to produce by Thursday, January 20, multiple copies of photographs of all of the nearly 400 items at issue in this motion. Plaintiffs made additional demands that were inconsistent with the purpose of BP's motion, and Plaintiffs did not offer their consent to the motion or entry of BP's proposed Order. Given Plaintiffs' continued unwillingness to consent and given that Plaintiffs' position remains somewhat ambiguous, BP has gone ahead and filed this motion. No other parties objected to the relief BP requests herein.

## ARGUMENT

BP has gone to substantial lengths and incurred significant costs to retain physical items of equipment relating to the *Deepwater Horizon* incident and associated response efforts. These preservation efforts are not necessarily cost-free to the Gulf Region's citizens, however, for they affect BP's efforts to deploy equipment kits to respond to future hydrocarbon releases and to resume exploration efforts in the region. For these reasons, BP has made every effort to make parties and the Court aware of instances where, out of an excess of caution, equipment lacking evidentiary value that is needed for potential future Gulf spill response or potential future use by BP is being subjected to a legal hold.

In furtherance of BP's effort to make equipment items available for future spill responses and other needs, attached to this Motion as Exhibit A is a list of 170 items of equipment that BP staged near the Gulf of Mexico for *possible* installation or use during the incident. All of this

equipment was stored near the Gulf of Mexico for *possible* use, but in fact none of these items ever were used or even moved offshore. Accordingly, these items lack any evidentiary value.

Attached to this Motion as <u>Exhibit B</u> is a list of 221 items such as rigging, installation aids, and tooling that is associated with the Macondo Well site only because it was used to deploy and/or retrieve one or more equipment items addressed in this Court's First Confirmation Order. Significantly, these items were never installed at the well site. Moreover, they clearly are of lesser evidentiary value than those equipment items that were deployed to the well and retrieved from the seabed ― most of which have themselves been determined to lack all evidentiary value as is indicated by their inclusion on Exhibits B and C of the Court's First Confirmation Order. Accordingly, BP cannot fairly be said to be under an obligation to preserve the items of equipment described in Exhibits A and B, because those items lack any conceivable value as evidence. *See, generally, In re Bridgestone/Firestone, Inc.,* No. 00-CV-9379, 2001 WL 219858, at **2-3 (S.D. Ind. Mar. 6, 2001) (defendant tire manufacturer under no obligation to warehouse all recalled tires regardless of evidentiary value).

Nonetheless, out of an abundance of caution BP will photograph the items described in Exhibit A and Exhibit B to this Motion. Moreover, BP plans to make these 391 items available at a secure location for a period of five business days for inspection by interested parties in the event they wish to request such inspections. For the convenience of the parties, the attached exhibits describe the various items and identify where they are currently located.

BP respectfully requests, that if no party raises an objection to the release and reuse of such item(s) before the close of the five-day inspection period, then the items shall be confirmed and consented-to as falling outside the scope of BP's preservation-of-evidence obligations set forth in Paragraph 14 of Pretrial Order No. 1. If, for whatever reason, a party requests a further

hold of a specific item during the five-day period, then BP and the party will work to resolve the issue as to the specific item at issue, with the assistance as necessary of this Court.

Finally, BP asks this Court to relieve BP of the obligation to seek additional relief from the Court should BP locate or recover additional items that are similar to those items described in Exhibits A and B. BP's windup of its response to the Macondo incident is ongoing. BP expects that it may locate additional items that were staged in the Gulf area, but never used or moved offshore. In addition, BP expects to identify and recover additional rigging and installation aids that are still in use as the final items are recovered and demobilized in the Gulf.

BP respectfully requests that, as BP locates and identifies such items, BP be authorized to release those items by employing the same "notice and inspection" regime that this Motion proposes with regard to the items described in Exhibits A and B and that the First Confirmation Order established with regard to the items appearing on Exhibit C to that Order.

## CONCLUSION

BP respectfully requests that the Court grant this Second Confirmation Motion and enter the proposed Order submitted herewith.

Respectfully submitted,

By: /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
(dkhaycraft@liskow.com)
R. Keith Jarrett (Bar #16984)
(rkeithjarrett@liskow.com)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000

Robert R. Gasaway
(robert.gasaway@kirkland.com)
Joseph A. Eisert
(joseph.eisert@kirkland.com)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
Telephone: (202) 879-5000

*Attorneys for BP America Inc., BP America Production Company, and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Don K. Haycraft
Don K. Haycraft