UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>**This Document Relates to:**<br>**ALL CASES** | ) MDL NO. 2179<br>)<br>) SECTION: J<br>)<br>) JUDGE BARBIER<br>) MAG. JUDGE SHUSHAN<br>)<br>)<br>)<br>) |

### CENTER FOR BIOLOGICAL DIVERSITY'S RESPONSE TO LOUISIANA'S RENEWED EX PARTE MOTION TO CREATE GOVERNMENT TRACK

COMES NOW the Center for Biological Diversity (the "Center"), plaintiff in *Center for Biological Diversity, Inc. v. BP America, Inc. et al.*, 2:10-cv-01768 and 2:10-cv-02454, and respectfully submits this Response to the State of Louisiana's Renewed Ex Parte Motion for Hearing on Motion to Create Government Track. The Center brings this Response to keep the Court abreast of the Center's continued position that the creation of a separate government track should be inclusive of the limited number of citizen enforcement cases brought in this multi-district litigation ("MDL"). While the Center has fully described its position on this matter in two prior filings with the Court, *see* Doc. No. 240 & 574, its arguments are briefly reiterated below.

1. The Center's case is a statutory enforcement action against BP and other entities pursuant to the citizen suit provisions of the Federal Water Pollution Control Act, 33 U.S.C. § 1365, the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9659, and the Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11046. As a representative of the public interest, the Center's role as an enforcer of the Nation's environmental laws is co-extensive with that of the state and federal authorities. Courts have long recognized that citizens-enforcers, such as the Center, are welcomed participants in the vindication of environmental interests. *Friends of the Earth v. Carey*, 525 F.2d 165, 172 (2d Cir. 1976). The amicus brief recently filed on behalf of fifteen states highlights this principle, as it notes that "[t]he public interest mandates a government track to ensure that governmental entities, *and those legitimately acting of their behalf pursuant to appropriate authority*, may properly carry out their duties[.]" Doc. No. 959, p. 7 (emphasis

supplied). Given this backdrop, it is only proper that the Center's case be included in the proposed government track.

  2. The precedent that will control in the Center's case is the same body of law that will govern the actions brought by state and federal authorities. There will be direct overlap of discovery, motion practice, and general case management between the Center's enforcement action and those complaints brought by governmental authorities. In fact, the complaint recently filed by the U.S. Department of Justice is based on overlapping statutory underpinnings and seeks substantially similar relief as the Center's lawsuit. Where multiple actions involve predominantly similar issues and discovery practice, prudence suggests all should be placed on the same MDL track. The creation of a government track that includes the limited number of citizen enforcement actions along with the similar state and federal enforcement actions will result in a more efficient and expeditious resolution of this litigation.

  3. The numerous concerns raised by the states and the federal government justify the Court's separation of government cases from private tort actions. The rationale for such separation, however, does not support the exclusion of citizen enforcement actions. The states' arguments in support of its motion include concerns about the taxing of its recovery by private attorneys and the ceding of control over its case to the plaintiff steering committee. These arguments, while valid, do not apply to the Center. First, the Center will potentially obtain much of its attorney fees and costs from defendants through the fee-shifting provisions of the Clean Water Act and other statutes. Second, including the Center's civil enforcement action within the government track will not cause any of the governmental entities to cede control over their own cases. The small number of members that would be part of an inclusive government track means that liaisons from each plaintiff would have adequate representation and authority to contribute to any decision affecting the track as a whole. Each plaintiff would also retain control over their own pleadings, motions, and briefs. Thus, while the States have raised valid concerns as they apply to the private tort plaintiffs in the MDL, they are inapplicable to the Center and should not exclude its participation in the proposed governmental track.

**CENTER FOR BIOLOGICAL DIVERSITY'S RESPONSE TO LOUISIANA'S
RENEWED EX PARTE MOTION TO CREATE GOVERNMENT TRACK   2**

4. Pursuant to Pretrial Order No. 11, many of the Center's claims as they pertain to *injunctive relief* were placed into pleading bundle D1 and are included in the D1 Master Complaint. The Center's claims for civil penalties, however, were not explicitly included in the D1 Master Complaint and do not fit neatly into any of the current pretrial pleading bundles. The current status of the Center's civil penalties claims is therefore unclear, especially in light of Pretrial Order No. 25. A government track that includes the Center's case would clarify this situation and allow the Center to mutually enforce its case with the appropriate state and federal authorities.

5. For these reasons, and as more fully explained in its previous filings, the Center respectfully requests that the Court create a separate government track that includes both the government claims as well as the limited number of citizen enforcement cases in this MDL.[1]

6. The Center joins with Louisiana in requesting that the Court enter an Order setting this matter for hearing and oral argument. The Center's lead counsel will be out of the country, however, on the date currently proposed by Louisiana. Given its significant interest in presenting oral argument on this matter, the Center respectfully requests that a hearing date be set for Wednesday, February 9th, 2011, or any other date during the week of February 7th-11th. As this issue has been before the Court for over four months, postponement of the hearing date for one additional week will not be prejudicial.

Respectfully submitted this 21st day of January, 2011.

s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
451 Blair Blvd.
Eugene, OR 97402
Tel:  (541) 344-3505
Fax:  (541) 344-3516
dan.tebbuttlaw@gmail.com

Marc Fink, *pro hac vice*
Center for Biological Diversity
209 East 7th St.
Duluth, Minnesota 55805

---

[1] The Center previously identified this proposed track as a "civil enforcement track," which, under the circumstances, is a more appropriate name.

**CENTER FOR BIOLOGICAL DIVERSITY'S RESPONSE TO LOUISIANA'S
RENEWED EX PARTE MOTION TO CREATE GOVERNMENT TRACK          3**

        Tel:  (218) 525-3884
        Fax:  (817) 582-3884
        mfink@biologicaldiversity.org

        Damon A. Kirin, LSBA 24729
        Diliberto & Kirin, L.L.C.
        3636 S. I 10 Service Rd., W., Ste 210
        Metairie, LA 70001
        Tel: (504) 828-1600
        Fax: (504) 828-1555
        kirin@attorneys-louisiana.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21st, 2011, I electronically served the foregoing on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing in accordance with the procedures established in MDL 2179.

        s/ Daniel C. Snyder
        Daniel C. Snyder, OSB #105127
        Law Offices of Charles M. Tebbutt, P.C.

**CENTER FOR BIOLOGICAL DIVERSITY'S RESPONSE TO LOUISIANA'S
RENEWED EX PARTE MOTION TO CREATE GOVERNMENT TRACK**      **4**