**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: OIL SPILL by the OIL RIG                                       MDL-2179
"DEEPWATER HORIZON" in the GULF
OF MEXICO, on APRIL 20, 2010

THIS DOCUMENT RELATES TO:                                       SECTION J

ALL ACTIONS                                                JUDGE BARBIER
                                                    MAG. JUDGE SHUSHAN


<u>STATEMENT OF INTEREST ON BEHALF OF THE STATE OF MISSISSIPPI</u>

COMES NOW Jim Hood, Attorney General for the State of Mississippi, and hereby
submits this Statement of Interest reflecting Mississippi's positions and interests with respect to
the Plaintiffs' pending Motion to Supervise *Ex Parte* Communications Between BP Defendants
and Putative Class Members (Rec. Doc. 912) ("the PSC's Motion"), and requested relief.  It is
the State's position that this Court has jurisdiction over the Gulf Coast Claims Facility
("GCCF"), including its administrator Kenneth Feinberg, as an agent of BP, which is a party to
these proceedings.  The GCCF is nothing more than a surrogate for BP in the administration of
the claims process that BP is required to provide claimants under the Oil Pollution Act.  The
Court also has jurisdiction over the subject matter presented in the PSC's Motion due to this
Court's interest in the resolution of claims against BP being administered by the GCCF.  Like the
Plaintiffs' Steering Committee ("PSC"), the Attorney General is committed to taking no action to
in any way delay or interfere with the timely and just processing of claims by BP through the
GCCF.  However, the Attorney General further respectfully submits that this Court has the
authority to order remedial relief as it deems appropriate to correct the deficiencies in the GCCF

as outlined in the PSC's Motion and in this Statement of Interest, in order to facilitate the timely and just processing of claims.

By filing this Statement of Interest, the State of Mississippi does not acknowledge, or waive its right to object to, federal jurisdiction over any potential remedial measures or action that may be filed as a result of the BP oil spill, nor does the State acknowledge support for, or waive its right to object to, the transfer and consolidation of actions brought on behalf of governmental entities into a single action with all litigants having filed claims in connection with this matter.  However, to the extent that this Court intends to accept jurisdiction over the subject matter presented in the PSC's Motion, the Attorney General requests that this Court consider the significant State interests implicated by the PSC's Motion.

The Attorney General has the authority, standing and duty to vindicate the rights of Mississippi citizens and businesses before this Court, based upon:  1) his *parens patriae* authority under the constitution and laws of the State of Mississippi on behalf of all Mississippi citizens, not just those who are putative class members; 2) the State's direct injuries and costs improperly shifted to the State as a result of BP's failure to fulfill its obligations to compensate the individual and business claimants injured as a result of the oil spill; and 3) the State's direct and substantial interest in the "$20 billion" Trust Fund, from which not only individual and business claims against BP will be paid, but also from which funds will be drawn to restore the natural resources of the Gulf region.  As a result, Mississippi has both a quasi-sovereign interest and a direct and substantial sovereign interest in overseeing how the funds from this trust are spent, to protect the public interest and to ensure benefit to all of the citizens of the State.

2

The Attorney General agrees with the PSC that there are serious deficiencies in the structure and operation of the GCCF, and that this Court is in the best position to correct them. From the outset of the Deepwater Horizon oil spill disaster in the Gulf, the Gulf Coast State Attorneys General have attempted to monitor and improve the manner in which the BP Oil Spill claims process has been conducted. Their efforts began before the GCCF was created and have continued thereafter, and have been undertaken on behalf of all Gulf State citizens, even those who are not putative class members. These communications have been composed of regular and ongoing meetings, negotiations, and correspondence with BP and Mr. Feinberg for the purpose of compelling BP to bring the GCCF claims process into compliance with the requirements of state and federal law, including OPA, and the prior commitments made by BP, the GCCF and Mr. Feinberg.[1] These good-faith discussions have unfortunately met with only limited success.

As more fully discussed in the prior submissions by various Attorneys General in support of creation of a separate government track in this litigation, governmental entities, through their respective Attorneys General, represent a far broader range of interests than the counsel for the putative class represent. Like the PSC, the Attorneys General have a significant and immediate interest in ensuring that BP, through the GCCF, properly provides the citizens and businesses of the Gulf region with the full measure of compensation to which they are entitled by law. This includes, but is not limited to, the right to appropriate compensation without the requirement of providing a Release that violates the law or public policy or which was procured as a result of economic duress. However, the public interests represented by the State and implicated by the

---

[1] *See* Composite Exhibit A, Correspondence from Gulf Coast State Attorneys General, attached hereto.

BP claims process, as administered by the GCCF, go well beyond the scope of relief that the PSC has standing to vindicate.  Therefore the Attorney General respectfully requests the Court's consideration of the quasi-sovereign and sovereign interests implicated by the PSC's Motion, and respectfully requests the opportunity to provide the Court with further briefing regarding this matter, if needed, to promote the public's best interest and the interest of judicial economy.

Respectfully submitted, this the 24th day of January, 2011.

JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI


BY: /s Mary Jo Woods
MARY JO WOODS, MS BAR NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3680
Facsimile: (601) 359-2003
E-mail: mwood@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, Mary Jo Woods, Special Assistant Attorney General of the State of Mississippi, do hereby certify that on this date, I filed the foregoing document using the Court's ECF system which will send notification of such filing to all counsel of record in this proceeding.

THIS the 24th day of January, 2011.

/s Mary Jo Woods
MARY JO WOODS, MS BAR NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone:  (601) 359-3680
Facsimile:  (601) 359-2003
E-mail:  mwood@ago.state.ms.us