IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| This document relates to: Case No. 10-CV-1674 | * * | JUDGE BARBIER MAG. JUDGE SHUSHAN |

### Plaintiff's Memorandum in Support of Plaintiff's Motion for Relief from Pre-Trial Order No. 15

The Court should rule on Plaintiff's Motion to Remand (Doc. # 276) because:

1. Plaintiff's Motion to Remand involves straightforward legal and factual issues;

2. Plaintiff and both Defendants have fully briefed the issues for the Court; and

3. the motion was originally scheduled (and ready) to be heard more than four months ago.

### I.

### Facts

Plaintiff was a Jones Act seaman employed by Tidewater Marine ("Tidewater") on the M/V DAMON B. BANKSTON. He sustained serious injuries when the DEEPWATER HORIZON exploded and subsequently filed a Jones Act claim in Louisiana state court

against Tidewater and a general maritime claim against BP. Neither Defendant denies that Plaintiff is a Jones Act seaman. Shortly after Plaintiff filed suit, however, BP removed the case to federal court on the basis of federal question jurisdiction (i.e. OCSLA). Ex. A. Plaintiff filed a Motion to Remand. Ex. B. Both BP and Tidewater filed a response and Plaintiff filed a reply. Ex. C; Ex. D; Ex. E.

With the issue fully briefed, the Court set Plaintiff's Motion to Remand for oral hearing on September 16, 2010. The Court then cancelled the oral hearing and ordered that the motion "will be submitted on the briefs alone on September 16, 2010." Ex. F. However, the Court never ruled on Plaintiff's motion. Instead, in Pre-Trial Order No. 15, the Court announced that all Motions to Remand "are continued without date unless specifically excepted from the continuance by the Court." Ex. G. Plaintiff is mindful of the Court's busy docket, but respectfully requests that the Court "specifically except" Plaintiff's Motion to Remand from Pre-Trial Order No. 15. In the alternative, Plaintiff moves to dismiss his case without prejudice.

## II.

## The Court Should Rule On Plaintiff's Motion to Remand

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Here, the defendants admit that Plaintiff is a Jones Act seaman. Despite the clear prohibition on removing Jones Act cases to federal court, BP removed this case because Plaintiff's claim against BP is supposedly governed by OCSLA. It is difficult to understand how OCSLA can apply to a case dealing with injuries sustained aboard a supply boat. However, even if OCSLA did somehow apply (which Plaintiff denies), this *still* would not provide a basis for removal. In fact, this Court

has already determined that OCSLA does not provide a basis for removing *Deepwater Horizon* cases when: (1) OCSLA and admiralty jurisdiction overlap; and (2) the plaintiff sues a local defendant:

> It is therefore true that unless a defendant is not a citizen of the state in which the action is brought, § 1441(b) does not allow maritime claims to removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction . . .

Doc. #470 at pg. 9 (attached as Ex. H).

Both factors are clearly present in this case since: (1) Plaintiff was injured on a supply boat on navigable waters; and (2) Plaintiff sued a Louisiana citizen (Tidewater) in Louisiana state court. Therefore, § 1441(b) does not provide a basis for removal.

Yet, even if OCSLA did somehow apply to an injury aboard a supply vessel and even if this Court's earlier reasoning does not apply to *this* case for some reason, BP's removal was still be improper because Plaintiff's Jones Act claim is not separate and independent from his supposed OCSLA claim. *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2002) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c)."); *Rybolt v. Laborde Marine Lift*, 2001 WL 263119 at *2 (E.D.La. March 14, 2001) (remanding case brought by seaman against OCSLA defendant and a Jones Act employer because "Plaintiff chose to bring his Jones Act claims in state court and his related claims [against the OCSLA defendant] are not removable under § 1441(c)."); *See also Lockhart v. Applied Coating Services, Inc.*, 2005 WL 157420 at *5 (E.D.La. June 24, 2005) (remanding case where the plaintiff alleged he was a Jones Act

3

seaman and alternatively pleaded that OCSLA applied). As a result, Plaintiff is clearly entitled to pursue his case in state court.

Plaintiff's right to a state court forum is no small matter. The Fifth Circuit has expressly noted that a Jones Act seaman's right to a state court forum holds a special place in the law:

> Recognizing that mandamus is an extraordinary remedy not available as a mere substitute for appeal, we feel obliged to explain that mandamus is granted here for more than the trial court's legal error. In § 1445(a), Congress has granted Jones Act plaintiffs the uncommon right to choose – without regard for the wishes of defendants – to litigate their claims in state court if they so desire. Our failure to grant the writ would thwart this policy. Also, it may fairly be said that if we do not grant the writ, petitioners would be trapped in a federal forum they did not choose on an explicitly non-removable claim, intertwined with a possible federal "party" they did not want relief against in the first place. We need not enforce such an absurd result and require petitioners to go to trial in federal court and await an appellate remedy.

*In re Dutile*, 935 F.2d 61, 63-64 (5th Cir. 1991).

At the very least, Plaintiff (along with BP and Tidewater) deserve to have the motion ruled on. *In re Scott*, 163 F.3d 282, 284-85 (5th Cir. 1998) (explaining that mandamus is an available remedy when a district court refuses to rule on the merits of a motion); *In re School Asbestos Litigation*, 977 F.2d 764, 793 (3d Cir. 1992) (explaining that mandamus is an available remedy when a district court refuses to rule on the merits of a motion); 16 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3933.1 (2d ed. (1996)). As a Jones Act seaman, Plaintiff is entitled to the benefits of a state court jury, state court rules of procedure, and state court rules of evidence. He should not have to wait until the Court's resolution of Transocean's limitation trial and/or the first damages trials to enjoy these benefits. As a result, Plaintiff respectfully requests that this Honorable Court except Plaintiff's Motion to Remand from Pre-Trial Order No. 15. In the alternative, Plaintiff

moves that the Court dismiss his case without prejudice.

## III.

## Conclusion

The Court should Grant Plaintiff's motion.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Robert P. Wynne*

_____
Robert P. Wynne, # 30123
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

rwynne@arnolditkin.com
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 25, 2011.

*/s/ Robert P. Wynne*

_____
Robert P. Wynne