EXHIBIT " A "

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELTON JOHNSON | Civil Action No. |
| Plaintiff, | Section |
| v. | |
| BP PLC; BP PRODUCTS NORTH AMERICA INC.; BP AMERICA, INC., AND TIDEWATER MARINE, INC. | Magistrate: |
| Defendants. | |

### NOTICE OF REMOVAL
### BY BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA, INC.

TO THE DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, defendants/petitioners BP Products North America Inc. and BP America, Inc. (collectively the "BP Petitioners") to hereby remove to this Court the civil action pending in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled "Elton Johnson versus BP, PLC, BP Products North America Inc., BP America, Inc., and Tidewater Marine, L.L.C." and bearing case number 10-4871 (the "State Court Action"). In support of removal, the BP Petitioners respectfully represent, consistent with

the "short and plain statement of the grounds for removal" requirement in 28 U.S.C. § 1446(a), as follows:

**Applicable Procedural Requirements**

1. Plaintiff Elton Johnson commenced this civil action by filing his "Petition for Damages" in the Civil District Court for the Parish of Orleans, State of Louisiana, on May 13, 2010.

2. The BP Petitioners first received notice of the State Court Action when BP America Inc. was served with process on or about May 21, 2010.

3. Plaintiff Elton Johnson subsequently filed his First Amended and Restated Petition in the Civil District Court for the Parish of Orleans, State of Louisiana, on May 27, 2010. BP Products North America Inc. was served on June 2, 2010 and BP America, Inc. was served on June 4, 2010.

4. This Notice of Removal is timely filed as it is being filed within thirty (30) days after receipt of the initial pleading setting forth the claims for relief and within thirty (30) days of service of process as required by 28 U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), the BP Petitioners attach hereto *in globo* as Exhibit "A" a copy of all process, pleadings and orders served on the BP Petitioners in the State Court Action.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) as it is located in the district in which the State Court Action was pending.

7. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this action because it arises under the laws of the United States, namely the Outer Continental Shelf Lands Act.

**The Outer Continental Shelf Lands Act Provides a Basis for Removal**

8.  This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, *et. seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. 1349(b)(1).

9.  OCSLA defines outer continental shelf as "all submerged lands lying seaward and outside of the area of lands beneath navigable waters as defined in section 1301 of this title, and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. 1331(a). In addition, OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. 1331(q). "Exploration" is the "process of searching for minerals, including . . . (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l). Although "operation" is not a defined term within the OCSLA, the Fifth Circuit explained, in allowing removal of an action arising out of an accident on the outer continental shelf, that affixing a platform and extracting and transporting minerals from the outer continental shelf was "clearly enough physical activity on the outer continental shelf to constitute an operation." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

3

10. In the State Court Action, the Plaintiff alleges that on or about April 20, 2010 he was injured on a vessel "mud-roped to Deepwater Horizon," which was "moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by BP at all material times." First Amended and Restated Petition, ¶¶ 4-5.

11. The Lease upon which the Deepwater Horizon was conducting operations for BP is situated wholly on submerged lands which lie seaward and outside of the area of lands beneath navigable waters as defined in 43 U.S.C. § 1301.

12. The Lease covers submerged lands of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control.

13. The Lease is situated wholly on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a).

14. Accordingly, the Incident identified in the Petition arises out of an operation conducted on the Outer Continental Shelf which involves the exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf or which involves rights to such minerals. The Incident identified in the Petition would not have occurred but for operations on the Outer Continental Shelf involving the exploration, development, or production of the minerals of the subsoil and seabed of the Outer Continental Shelf or involving the rights to such minerals.

15. This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

16. This Court also has original subject matter jurisdiction under 33 U.S.C. § 1331, in that the claims asserted arise under federal statutes, namely, the Outer Continental Shelf Lands Act.

4

17. This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

18. The Plaintiff has alleged a Jones Act negligence claim solely against the BP Petitioners. Petition, ¶¶14-15, 17. In support of its claim, Plaintiff alleges that his injuries were caused "solely by the negligence of defendant, BP..." Petition, ¶17. However, Plaintiff has admitted that BP is not his Jones Act employer. Petition, ¶¶3, 6. Thus, the Jones Act affords no remedy by the plaintiff against BP and must be disregarded for the purposes of removal.

19. The BP Petitioners hereby remove this matter to the United States District Court for the Eastern District of Louisiana.

20. Co-Defendants Tidewater Marine, Inc. and BP plc have been contacted and expressly consent to the removal as evidenced by the Consent to Removal by both entities, which are attached hereto *in globo* as Exhibit "B."

21. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

22. Undersigned counsel certifies that a copy of this Notice of Removal will be served upon, and prompt written notice will be given to, the Plaintiff by and through his counsel of record.

23. Undersigned counsel certifies that a notice of filing of removal, along with a copy of this Notice of Removal, will be promptly filed with and written notice will be promptly given to the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Petitioners BP Products North America Inc. and BP America, Inc., pray that the Civil District Court for the Parish of Orleans, proceed no further with the State Court Action, and that said action be removed from said court to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,


/s/ Don K. Haycraft
Donald R. Abaunza (Bar #2273)
R. Keith Jarrett (Bar #16984)
Don K. Haycraft (Bar #14361)
Jonathan A. Hunter (Bar #18619)
Mark D. Latham (Bar #19673)
Robert E. Holden (Bar #6935)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone:  504-581-7979
Fax:  504-556-4108

Attorneys for BP Products North America
Inc. and BP America, Inc.

Richard C. Godfrey, P.C.
John T. Hickey, Jr., P.C.
J. Andrew Langan, P.C.
Hariklia Karis
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000 Telephone
(312) 862-2200 Facsimile
*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of June, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.  I further certify that, on the same day, that a copy of the above and foregoing **NOTICE OF REMOVAL** has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid.


/s/ Don K. Haycraft