EXHIBIT " B "

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: DEEPWATER HORIZON | * | CIVIL ACTION |
| | * | NO. 10-CV-1156<br>C/W 10-CV-1196 |
| | * | SECTION "J" |
| | * | DIVISION "1" |
| | * | JUDGE CARL J. BARBIER |
| | * | MAGISTRATE SHUSHAN |
| | * | Applies to 10-CV-1674 |

*************************************************************************

## Plaintiff's Motion to Remand

NOW INTO COURT, through undersigned counsel, comes Plaintiff Elton Johnson and submits this Motion to Remand for the reasons outlined in his accompanying memorandum.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/S/ *Robert P. Wynne*

Robert P. Wynne
Louisiana State Bar No. 30123
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I certify that on July 13, 2010, I served a copy of the foregoing pleading on all counsel of record to this proceeding by hand delivery, facsimile, electronic mail, ECF filing, or by depositing the same in the United States mail, properly addressed, and first-class postage pre-paid.

/s/ *Robert P. Wynne*

Robert P. Wynne

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: DEEPWATER HORIZON | * | CIVIL ACTION |
| | * | NO. 10-CV-1156 C/W 10-CV-1196 |
| | * | SECTION "J" |
| | * | DIVISION "1" |
| | * | JUDGE CARL J. BARBIER |
| | * | MAGISTRATE SHUSHAN |
| | * | Applies to 10-CV-1674 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Plaintiff's Memorandum in Support of Plaintiff's Motion to Remand

The Court should remand this case because:

1. it is axiomatic that Jones Act cases cannot be removed to federal court – even when a seaman also sues non-Jones Act employers; and

2. BP removed this case on the basis of OCSLA even though OCSLA does not apply to injuries aboard supply vessels.

## I.

### Facts

Plaintiff is Jones Act seaman whose life was turned upside down when the DEEPWATER HORIZON exploded on April 20, 2010. As the Court is well aware, the explosion killed 11 workers, injured dozens of others, and has wreaked havoc on the Gulf Coast. Plaintiff was assigned to the M/V DAMON B. BANKSTON – a nearby supply vessel. Ex. A (Plaintiff's First Amended and Restated Petition) at ¶ 4. The explosion on the MODU DEEPWATER HORIZON threw Plaintiff across the engine room of the M/V DAMON B. BANKSTON, knocked him unconscious, and caused severe head and orthopedic injuries. Once Plaintiff came to, he started to assist in the rescue operation for the workers frantically escaping the DEEPWATER HORIZON. Since the explosion, Plaintiff has not been able to sleep, suffers from severe PTSD, and has not been cleared to return to work.

As a result of his injuries, Plaintiff sued BP and Tidewater Marine under the Jones Act and general maritime law. Ex. A at ¶¶ 3, 14, 15. Plaintiff filed his case in Louisiana State court pursuant to the "Savings to Suitors" clause. BP does not (and cannot argue) that Plaintiff fraudulently pleaded his seaman status against Tidewater Marine. Similarly, BP cannot argue that the M/V DAMON B. BANKSTON in an OCSLA situs. Despite these facts, BP baselessly removed this Jones Act case on the basis of OCSLA jurisdiction. The Court should remand this case to the Civil District Court for the Parish of Orleans so Plaintiff can have his case quickly resolved.

## II.

## The Court Should Remand This Case

### A.     Jones Act claims cannot be removed to federal court

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). This rule applies even when a Jones Act claim against the plaintiff's employer is joined with an OCSLA claim against a non-employer defendant.[1] *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2002) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c)."); *Rybolt v. Laborde Marine Lift*, 2001 WL 263119 at *2 (E.D.La. March 14, 2001) (remanding case brought by seaman against OCSLA defendant and a Jones Act employer because "Plaintiff chose to bring his Jones Act claims in state court and his related claims [against the OCSLA defendant] are not removable under § 1441(c)."); *See also Lockhart v. Applied Coating Services, Inc.*, 2005 WL 157420 at *5 (E.D.La. June 24, 2005) (remanding case where the plaintiff alleged he was a Jones Act seaman and alternatively pleaded that OCSLA applied). Since Plaintiff undeniably has a Jones Act claim against Tidewater, the Court should grant Plaintiff's motion and remand this case.

---

[1] Plaintiff strongly disagrees that his claim against BP is governed by OCSLA. Plaintiff simply points out this well-settled principle to show that BP's removal lacks any merit even when BP's OCSLA allegations are taken as true. Plaintiff also does not foreclose the possibility that he is a borrowed seaman for BP. *Walton v. Texaco Marine Services, Inc.*, 1988 WL 104822 at *2 (E.D.La. Oct. 5, 1988) ("A seaman may have more than one Jones Act employer.").

**B.     This case is not governed by OCSLA**

BP improperly removed this case on the basis of OCSLA despite the fact that OCSLA generally does not apply to torts that occur aboard vessels. 43 U.S.C. §1333(a) (expressly exempting "a ship or vessel" from OCSLA). Instead, "[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (explaining that a different test is utilized in tort cases than in contract cases to determine whether maritime law or OCSLA applies).

Here, Plaintiff was injured aboard an offshore supply vessel, not a fixed platform. Obviously, a supply vessel is not a "fixed platform" that is "erected" on the seabed. Accordingly, OCSLA does not apply and the Court should remand this case.

### III.

### Conclusion

The Court should grant Plaintiff's motion and remand this case to State court.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/S/ Robert P. Wynne*

---

Robert P. Wynne
Louisiana State Bar No. 30123
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**

4

## Certificate of Service

I certify that on July 13, 2010, I served a copy of the foregoing pleading on all counsel of record to this proceeding by hand delivery, facsimile, electronic mail, ECF filing, or by depositing the same in the United States mail, properly addressed, and first-class postage pre-paid.

/s/ *Robert P. Wynne*

_____

Robert P. Wynne