# EXHIBIT " D "

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: DEEPWATER HORIZON | CIVIL ACTION NO. 10-1156 C/W 10-1196 |

related to

| | |
|---|---|
| ELTON JOHNSON | CIVIL ACTION NO. 10-1674 |
| VERSUS | JUDGE BARBIER |
| B.P., PLC, ET. AL. | MAGISTRATE JUDGE SHUSHAN |

## TIDEWATER MARINE, LLC'S OPPOSITION TO REMAND

MAY IT PLEASE THE COURT:

Before the Court is plaintiff's Motion to Remand Civil Action No. 10-1674 to the Civil District Court in and for the Parish of Orleans, State of Louisiana. Plaintiff premises his motion on two points: 1) that cases filed under the Jones Act, 46 U.S.C. §30104, *et. seq.*, are not removable; and 2) the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1331, *et. seq.*, does not apply to this matter. However, as noted in the BP Defendants' Opposition to Motion to Remand [Rec. Doc. 480], which is hereby adopted by Tidewater Marine, LLC ("Tidewater") *in toto*, not one of plaintiff's many complaints and petitions allege any negligence on the part of Tidewater (plaintiff's Jones Act employer), the ship's master, or plaintiff's fellow crewmen. Rather, plaintiff specifically alleges that the accident which caused his injuries was "caused solely by the negligence of defendant, BP."[1] A claim of negligence is necessary to maintain a claim under

---

[1] *Plaintiff's First Amended and Restated Petition* [Rec. Doc. 1-2], ¶¶ 14 & 17.

the Jones Act. However, plaintiff's sole claim against Tidewater is for maintenance and cure, which Tidewater is already providing to plaintiff. The obligation to provide maintenance and cure arises out of the general maritime law – not the Jones Act. *See i.e. Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (noting that the obligation to pay maintenance and cure was recognized under the general maritime law prior to the enactment of the Jones Act), *citing The Osceola*, 189 U.S. 158, 175 (1903); *and Cortes v. Baltimore Insular Line, Inc.*, 287 U.S. 367, 370-71 (1932). Thus, because plaintiff fails to allege negligence on the part of Tidewater, a Jones Act claim is not properly alleged by plaintiff.[2]

Because plaintiff fails to state a Jones Act negligence claim, this matter was properly removed "if federal jurisdiction is premised on something other than admiralty jurisdiction, such as diversity or a statutory provision." *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 348 n.4 (5th Cir. 1999), *citing Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 ns. 5 & 6. Here, OSCLA provides the district court with original subject matter jurisdiction over this dispute as plaintiff's alleged injuries would not have arisen "but for" the exploration or development operations of the MODU DEEPWATER HORIZON on the Outer Continental Shelf. As noted by BP, the jurisdictional provisions of

---

[2] Although plaintiff's First Amended and Restated Petition [Rec. Doc. 1-2] contains a conclusory statement that the accident "was caused solely by the negligence of defendants, as more particularly set forth herein," such vague and general statement does not properly raise a Jones Act negligence claim against Tidewater under the heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In any event, this statement expressly alleges limits plaintiff's allegations of negligence on the part of the defendants to the facts "more particularly set forth herein," and the plaintiff's particular allegations allege negligence by BP and/or Transocean only, not Tidewater.

2

OCSLA are much broader than the choice of law provisions and extend to "the entire range of legal disputes that [Congress] knew would arise relating to resource development on the Outer Continental Shelf." *EP Operating Ltd. P'ship v. Placid Oil Co*, 26 F.3d 563, 569 (5th Cir. 1994). Thus, even if the general maritime law does govern the ultimate resolution of this matter, the OCSLA provides this Court with subject matter jurisdiction and the defendants a basis for removal.

For these reasons and the reasons stated in BP Defendants' Opposition to Motion to Remand, which is adopted by Tidewater *in toto*, Tidewater prays that plaintiff's Motion to Remand be denied.

                Respectfully Submitted:

                LABORDE & NEUNER

By      /s/ Cliffe E. Laborde III
                Cliffe E. Laborde III   (#08062)
                Melissa Lutgring Theriot (#22628)
                Cliff A. LaCour        (#30581)
                One Petroleum Center, Suite 200
                1001 W. Pinhook Rd.
                Lafayette, Louisiana 70503
                Tel:  (337) 237-7000
                Fax:  (337) 233-9450

                ATTORNEYS FOR DEFENDANT, TIDEWATER MARINE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served upon all counsel of record electronically through the Clerk of Court's CM/ECF system and by placing a copy same in the United States Mail, properly addressed and postage prepaid, this 10th day of August, 2010.

_____
COUNSEL