EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>This document relates to:<br>Case No. 10-CV-1156 /<br>10-CV-1674 |

### Plaintiff's Motion for Leave to File Plaintiff's Reply to Defendants' Responses to Plaintiff's Motion to Remand

Plaintiff Elton Johnson respectfully requests leave to file a reply brief in regard to his Motion to Remand. The reply is necessary to respond to arguments made by BP and Tidewater and clarify why this case should be remanded. A copy of the proposed reply brief is attached as Exhibit A.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Robert P. Wynne*

---

Robert P. Wynne, # 30123
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
rwynne@arnolditkin.com
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com

## CERTIFICATE OF SERVICE

I certify that on August 31, 2010, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Robert P. Wynne*

---

Robert P. Wynne

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>This document relates to:<br>Case No. 10-CV-1156 /<br>10-CV-1674 |

**Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand**

The Court should remand this case because:

1. Plaintiff has sufficiently pleaded a Jones Act claim;

2. Jones Act cases cannot be removed to federal court even if they are joined with OCSLA claims against non-Jones Act defendants;[1] and

3. Defendants' OCSLA arguments ignore the distinction between *original* jurisdiction and *removal* jurisdiction. A maritime case that also happens to fall within OCSLA's grant of original jurisdiction does not confer removal jurisdiction on the Court when one of the defendants is a citizen of the state where the suit was filed.

---

[1] Plaintiff strongly disputes that his claim against BP is governed by OCSLA. Indeed, OCSLA is never mentioned in Plaintiff's state court Petition.

# I.

## Background

Plaintiff was a Jones Act seaman employed by Tidewater on the M/V DAMON B. BANKSTON – a supply vessel stationed near the DEEPWATER HORIZON. He sustained serious injuries when the DEEPWATER HORIZON exploded and subsequently filed a Jones Act claim in state court against Tidewater and a general maritime claim against BP. Neither Defendant denies that Plaintiff is a Jones Act seaman. Nor do they deny that this case should be remanded if Plaintiff pleaded a Jones Act claim against Tidewater. Instead, they cherry pick one sentence from Plaintiff's state court Petition to argue that Plaintiff somehow pled himself out of Jones Act coverage. This is despite the fact that his state court Petition expressly alleges that:

- "These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 [the Jones Act] and the general maritime law for negligence." *Id.* at ¶ 14. "Defendants" specifically includes Tidewater. *Id.* at ¶ 1;

- "Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wanton conduct solely under the general maritime law and as a Jones Act seaman and member of the crew of the Tidewater vessel." *Id.* at ¶ 15;

- "The accident . . . was caused solely by the negligence of defendants." Ex. A at ¶ 12.

- "The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages." *Id.* at ¶ 20; and

- "ELTON JOHSON, prays that . . . there be judgment in his favor and against the defendants, [BP *and* Tidewater], jointly, severally, . . ." *Id.* at ¶ 20.

The fact that Plaintiff consistently refers to the negligence of "defendant<u>s</u>" (in the plural) clearly puts Tidewater's negligence at issue. Moreover, Plaintiff cites the Jones Act three separate times in his Petition. Similarly, Plaintiff's prayer that BP and Tidewater be

held jointly and severally liable makes no sense if he is not alleging that Tidewater's negligence was a cause of his injuries. Since Plaintiff has clearly pleaded a Jones Act claim against Tidewater, the Court should remand this case.

Besides taking Plaintiff's Petition out of context and ignoring his Jones Act allegations, Defendants mistakenly argue that they properly removed the case because the Court has *original* jurisdiction under OCSLA. This argument confuses the difference between original jurisdiction and removal jurisdiction. In this case, the Court lacks removal jurisdiction and should remand the case.

## II.

### The Court Should Grant Plaintiff's Motion

#### A. Plaintiff has properly pleaded a Jones Act claim

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Here, Defendants do not argue that Plaintiff has fraudulently pleaded his seaman status. Instead, they essentially make a Rule 12(b)(6) argument and allege that the State court Petition fails to state a claim under the Federal pleading rules (despite the fact that the case was filed in State court). This argument has been rejected on multiple occasions in cases involving far less specific allegations of Jones Act negligence.

For instance, in *Evans v. Noble Drilling (U.S.) Inc.*, 1997 WL 570686 (E.D.La Sept. 10, 1997), a seaman sued his employer (Noble Drilling) and brought a general maritime claim against a third party (Schlumberger). The seaman's state court Petition only alleged that he "brings this action pursuant to the Jones Act, 46 U.S.C. § 688" for "negligence, fault and/or strict liability under state law or the General Maritime law." *Evans v. Noble Drilling*

3

*(U.S.) Inc.*, 1997 WL 570686 at *1 (E.D.La Sept. 10, 1997). The Court remanded the case because "given the specific reference to the Jones Act and the naming of Noble as a defendant, the Court finds that a Jones Act claim has been alleged in the petition." *Id.*

Similarly, in *Daughdrill v. Trico Marine Operators, Inc.*, 2001 WL 1602140 (E.D.La Dec. 12, 2001), the defendants contended "that remand is improper because nothing in the record indicates that Plaintiff has pleaded the elements necessary to recover on a claim of negligence under the Jones Act. Trico contends that Plaintiff has failed to plead the elements of breach of duty and that the breach proximately caused the harm suffered." *Daughdrill v. Trico Marine Operators, Inc.*, 2001 WL 1602140 at *2 (E.D.La Dec. 12, 2001). The *Daughdrill* court squarely rejected this argument:

> Moreover, although the pleadings may approach the conclusory, they do not fall beneath the level necessary to support the Motion to Remand. Here, the Petitions meet the requirement of a short and plain statement of the facts under Federal Rule of Civil Procedure 8(a). Although Plaintiff's pleadings do not refer specifically to a breach of Falcon's duty and that the breach proximately caused Plaintiff's injuries, **the Petitions do set forth the specific circumstances that led to the injury, including allegations that, at the time, he was performing duties for Falcon, his employer, as a seaman**. Such allegations are sufficient to give Defendants fair notice of what Plaintiff's claim is and the grounds upon which it rests. *See Porter v. St. Louis-San Francisco Ry. Co.*, 354 F.2d 840, 843-44 (5th Cir.1966) (dismissal improper despite failure of complaint to allege necessary element of claim where plaintiff was not foreclosed from proving element at trial). Thus, as the pleadings are adequate, Plaintiff's Motion cannot be defeated on the ground advanced here.

*Id.* at * 2 (internal citations omitted) (emphasis added).

The same facts are present here. Plaintiff's state court Petition makes multiple references to the Jones Act. Ex. A at ¶¶ 3, 14, and 15. Plaintiff's Petition also refers to the negligence of Tidewater several times. *Id.* at ¶¶ 12, 14, and 20. It even describes the circumstances leading to his injury. *Id.* at ¶¶ 4, 6, and 7 (indicating that the Tidewater vessel

4

was stationed too close to the drilling rig). Accordingly, Plaintiff has put Tidewater on notice that he is making a claim for Jones Act negligence against it and the Court should remand this case.

Despite multiple references to the Jones Act and Tidewater's negligence, Defendants incorrectly argue that removal was proper because Plaintiff's Petition contradicts itself in *one* sentence where it mentions that incident was "solely" caused by BP's negligence. This misguided argument ignores the fact that, when deciding a motion to remand, "[t]he district court must resolve disputed questions of fact from the pleadings . . . in favor of the plaintiff." *Lackey*, 990 F.2d at 207 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). The Court should apply this rule and credit the several sections in the pleading which allege that Tidewater was negligent and is liable under the Jones Act instead of allowing the Defendants to cherry pick one contradictory statement and deny a seaman his choice of a state court forum.[2]

Further, the cherry picked statement does not only allege that BP was negligent, it also complains about BP's "agents." Tidewater was an agent of BP hired to transport BP's supplies. Consequently, the statement can be fairly read as making an allegation against Tidewater as well. Therefore, the Court should remand this case.

**B.    Even in the absence of a Jones Act claim, OCSLA still does not provide a basis for removal in this case**

*(1) OCSLA does not provide removal jurisdiction when the plaintiff has sued a local defendant and the underlying claim is governed by the general maritime law*

---

[2] To the extent the Court finds that the Petition does not adequately allege a Jones Act claim, the Court should dismiss this case without prejudice so Plaintiff can file a more detailed Petition in Orleans Parish.

5

Defendants acknowledge that injuries aboard supply vessels on navigable waters are generally governed by maritime law, but incorrectly argue that removal under OCSLA was nonetheless proper because the Court has "original jurisdiction over this case under OCSLA." Doc. #480 at pg. 2; Doc. #481 at pg. 2 ("OCSLA provides the district court with original subject matter jurisdiction over this dispute . . ."). This argument is irrelevant. *Removal* jurisdiction is at issue in this case, not *original* jurisdiction.

Several district courts have held that 43 U.S.C. § 1349 (OCSLA's grant of original jurisdiction) does not provide *removal* jurisdiction when: (1) a claim is governed by maritime law; (2) the claim is brought in state court pursuant to the "Savings to Suitors" clause; and (3) one of the defendants is a citizen of the state where the case was filed. *Nase v. Teco Energy*, 347 F.Supp.2d 313, 318-20 (E.D.La. 2004) ("the Court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of the suit) (citing 11 different cases); *See also Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144 (E.D.La 1997); *Newman v. Superior Well Services*, 1997 WL 208980 at *3 (E.D.La April 28, 1997); *Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411, 417-18 (S.D.Tex 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 354-56 (E.D.La 1990). This is because 28 U.S.C. § 1441(b) bars removal of claims governed by maritime law when a local citizen is named as a defendant (despite the fact that a district court would have original jurisdiction under OCSLA if the case had been originally filed in federal court). *Id.*[3]

---

[3] The Fifth Circuit has examined this issue twice, but declined to definitively rule on whether an in-state defendant can remove a case governed by maritime law which also happens to fall within OCSLA's jurisdictional grant. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155-56 (5th Cir. 1996); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350-51 (5th Cir. 1999). However, both cases recognized the merit in the reasoning employed by the above cited cases. This Court does not need to decide this issue, though, since the

*(2) This case is governed by the general maritime law*

A court has admiralty jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has "a potentially disruptive impact on maritime commerce"; and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). In determining whether maritime law governs a claim (as opposed to whether admiralty jurisdiction exists), the Fifth Circuit has stated that "**[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties**." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc) (emphasis added). Further, "where OCSLA and general maritime law both could apply, the case is to be governed by maritime law." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

Here, Plaintiff worked (and was injured) aboard a supply vessel located on navigable waters. Ex. A at ¶¶ 4, 6. Like the M/V DAMON B. BANKSTON, the DEEPWATER HORIZON was a floating vessel located on navigable waters. *Id.* at ¶ 13. This should end the Court's analysis under the *Grand Isle Shipyard* test. Therefore, OCSLA does not provide *removal* jurisdiction because this case is governed by maritime law and Tidewater is a citizen of Louisiana. Ex. A at ¶ 1. Accordingly, removal was improper under 28 U.S.C § 1441(b) and the Court should remand this case.

---

district court must also resolve all "ambiguities in current substantive law in plaintiff's favor." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006). Consequently, to the extent the Court finds the law on this point is unsettled, the Court should resolve the ambiguity in Plaintiff's favor and remand the case.

7

The *Grubart* jurisdictional test is also met. It is undisputed that the tort occurred on navigable waters. Thus, *Grubart's* first element is met. The second element is met as well. An offshore explosion obviously has the potential to cause a disruption in maritime commerce. In fact, it cannot seriously be disputed that the DEEPWATER HORIZON explosion has *actually* disrupted maritime commerce. Finally, the third *Grubart* element is met because the Tidewater vessel performed the traditional maritime activity of sending and receiving supplies at sea. *Id*. at ¶ 4. Moreover, Plaintiff was not only injured in the explosion. He was also injured while performing a search and rescue operation – another classic maritime activity. *Id*. at ¶ 10. As a result, the Court lacks removal jurisdiction and should remand this case.

## III.

### Conclusion

The Court should grant Plaintiff's motion and remand this case to State court.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Robert P. Wynne*

Robert P. Wynne, # 30123
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
rwynne@arnolditkin.com
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com

## CERTIFICATE OF SERVICE

I certify that on August 31, 2010, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

/s/ *Robert P. Wynne*

_____

Robert P. Wynne

Case 2:10-md-02179-CJB-DPC   Document 1066-6   Filed 01/25/11   Page 14 of 19
Case 2:10-md-02179-CJB-SS   Document 145-1   Filed 08/31/10   Page 11 of 16
Case 2:10-cv-01674-CJB-DEK   Document 1-2   Filed 06/07/10   Page 56 of 65

FILED

'10 MAY 27 P 12: 26

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA CIVIL COURT

CASE NO: 10-4871

DIVISION "N"

### ELTON JOHNSON

versus

### BP, PLC, BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC., and TIDEWATER MARINE, L.L.C.,

FILED: _____    _____
                                   DEPUTY CLERK

### FIRST AMENDED AND RESTATED PETITION

The Petition for Damages of Elton Johnson, a person of the full age of majority, and a resident and domiciliary of Bunkie, Avoyelles Parish, Louisiana, respectfully represents, as follows, to-wit:

1.

Made defendants herein are:

A. BP, PLC ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

B. BP PRODUCTS NORTH AMERICA, INC. ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

C. BP AMERICA, INC. ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D. TIDEWATER MARINE, L.L.C., hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally and *in solido*, for the following reasons, to-wit:

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.


PLAINTIFF'S EXHIBIT A

Case 2:10-md-02179-CJB-DPC   Document 1066-6   Filed 01/25/11   Page 15 of 19
Case 2:10-md-02179-CJB-SS   Document 145-1   Filed 08/31/10   Page 12 of 16
Case 2:10-cv-01674-CJB-DEK   Document 1-2   Filed 06/07/10   Page 57 of 65

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston*, a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

A.   Back pain;

B.   Shoulder pain;

C.   Headaches;

D.   Ringing of the ears; and

E.   General soreness throughout the body.

9.

Additionally, once plaintiff came to, he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

Case 2:10-md-02179-CJB-DPC   Document 1066-6   Filed 01/25/11   Page 16 of 19
Case 2:10-md-02179-CJB-SS   Document 145-1   Filed 08/31/10   Page 13 of 16
Case 2:10-cv-01674-CJB-DEK   Document 1-2   Filed 06/07/10   Page 58 of 65

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

A. Anxiety;

B. Restlessness;

C. Nightmares;

D. Post-traumatic stress; and

E. Depression.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendant, TIDEWATER MARINE.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

15.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wantom conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the Tidewater vessel.

Case 2:10-md-02179-CJB-DPC   Document 1066-6   Filed 01/25/11   Page 17 of 19
Case 2:10-md-02179-CJB-SS   Document 145-1   Filed 08/31/10   Page 14 of 16
Case 2:10-cv-01674-CJB-DEK   Document 1-2   Filed 06/07/10   Page 59 of 65

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G. Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

J. Other acts of negligence and fault which may be shown through discovery or at trial; and

K. Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

Case 2:10-md-02179-CJB-DPC   Document 1066-6   Filed 01/25/11   Page 18 of 19
Case 2:10-md-02179-CJB-SS   Document 145-1   Filed 08/31/10   Page 15 of 16
Case 2:10-cv-01674-CJB-DEK   Document 1-2   Filed 06/07/10   Page 60 of 65

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

    A.    Physical and mental injury; pain and suffering, mental anguish and distress and fright;

    B.    Loss of earnings, past and future;

    C.    Loss of earning capacity;

    D.    Loss of enjoyment of life;

    E.    Mental anguish, grief, profound depression, anxiety and suffering;

    F.    Medical and related expenses, past and future;

    G.    Punitive or exemplary damages;

    H.    Other items of damage which may be shown through discovery or at trial;

    I.    All appropriate general and equitable relief;

    J.    Prejudgment interest on all sums awarded from date of loss until paid;

    K.    Post-judgment on all sums awarded from date of judgment until paid; and

    L.    All court costs and litigation costs allowed by law.

20.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWARTER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

Case 2:10-md-02179-CJB-DPC Document 1066-6 Filed 01/25/11 Page 19 of 19
Case 2:10-md-02179-CJB-SS Document 145-1 Filed 08/31/10 Page 16 of 16
Case 2:10-cv-01674-CJB-DEK Document 1-2 Filed 06/07/10 Page 61 of 65

Respectfully submitted,

HERMAN, HERMAN, KATZ & COTLAR, LLP

_____
JAMES C. KLICK - #7451
STEVE J. HERMAN – #23129
SOREN E. GISLESON – #26302
JOSEPH E. CAIN – #29785
EDMOND H. KNOLL - #29046
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
www.hhkc.com

AND

THE KNOLL LAW FIRM, LLC
JEROLD EDWARD KNOLL - #2214
JEROLD EDWARD KNOLL, JR. - #26956
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Facsimile: (318) 253-4044

**PLEASE SERVE:**

1. BP, PLC – VIA LONG ARM SERVICE
   501 Westlake Park Blvd.
   Houston, Texas 77079

2. BP PRODUCTS NORTH AMERICA, INC.
   Through its registered agent
   The Prentice – Hall Corp. Sys., Inc.
   320 Somerulos Street
   Baton Rouge, Louisiana 70802

3. BP AMERICA, INC.
   Through its registered agent
   CT Corp. Sys.
   5615 Corporate Blvd., Ste. 400(B)
   Baton Rouge, LA 70808

4. TIDEWATER MARINE, L.L.C.
   Through its registered agent for service of process
   S. O. P., Inc.
   601 Poydras Street, Suite 1900
   New Orleans, Louisiana 70130.

A TRUE COPY
DEPUTY CLERK