# EXHIBIT 1

## FEINBERG ROZEN, LLP

THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVENUE, N.W.
SUITE 390
WASHINGTON, D.C. 20004-1008

(202) 371-1110 (TELEPHONE)

(202) 962-9290 (FAX)

NEW YORK OFFICE
780 3RD AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10017-2024
TEL: (212) 527-9600
FAX: (212) 527-9611

WRITER'S DIRECT DIAL NUMBER

July 14, 2010

Honorable Troy King
Attorney General
State of Alabama
500 Dexter Avenue
Montgomery, AL 36130

Honorable Jim Hood
Attorney General
State of Mississippi
P.O. Box 220
Jackson, MS 39205

Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana
P.O Box 94005
Baton Rouge, LA 70804

Honorable Greg Abbott
Attorney General
State of Texas
PO Box 12548
Austin, TX 78711-2548

Honorable Bill McCollum
Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

RE: Gulf Coast Claims Facility Draft Protocol

To The Gulf Coast State Attorneys General:

I am in receipt of your letter of July 14th. I have already had the opportunity with some of you either to meet in person individually or participate in a telephone conversation with you and/or your staff. I hope during the next few weeks to return to your respective states and meet with you in person.

I wish to assure you that my only objective in designing and administering the Gulf Coast Claims Facility is to serve the people of the Gulf Region. I have no other agenda. By agreement of both the Federal Government and BP, I am the Administrator of an *independent* process that answers neither to the Federal Government nor BP. It is a purely private facility that offers a purely voluntary process for interested claimants.

What I circulated to each of you a few days ago was merely a draft Protocol; I made it clear that I welcomed input from each of you in order to gauge your thinking as

to how the Protocol could best be improved to meet citizen needs. I understand and respect your concern that you be afforded sufficient time to engage in a dialogue with me as to how the Protocol can be further improved. I welcome that dialogue and will be contacting each of you during the next few days to schedule subsequent meetings and/or telephone conference calls with this objective in mind.

I assure you that I share your concerns.

Sincerely,

Kenneth R. Feinberg
Administrator, Gulf Coast Claims Facility

KRF/abs



October 18, 2010

The Honorable Jim Hood
Attorney General
State of Mississippi
Walter Sillers Building
P.O. Box 220
Jackson, Mississippi  39205-0220

Dear Attorney General Hood:

I am in receipt of your letter of October 2010, and hasten to reply.  I appreciate the concerns you express in your letter and wish to assure you of my determination to make the Gulf Coast Claims Facility ("GCCF") as efficient and effective as possible in serving the needs of those individuals and businesses in Mississippi damaged by the oil spill.

In your letter, you state that you are "compelled to conduct an investigation into the GCCF process through the authority and duty invested in our Consumer Protection Division."  You state that my staff "has demonstrated an overall lack of cooperation and communication … in providing simple daily data reports."  I respectfully disagree.  The GCCF has been transparent and open in offering and distributing daily detailed statistics concerning the processing of individual and business claims.   These daily reports are available to you and your staff either through daily distribution or online via the GCCF's website.  (Please see the attached Binder with examples of GCCF daily reports which are available through distribution or via the GCCF website.  The statistics shown on these reports are through October 16, 2010.)  These data reports are updated daily and are readily available.  The Overall Program Statistics Report (Tab A of the Attached Binder) is distributed daily to numerous government representatives and entities who have requested receipt on a daily basis, including State Attorneys General.  I am happy to add as many of your staff to this distribution list as you deem appropriate.  Attachments B, C and D are too large for distribution and are available via the GCCF website.  I have attached the first pages of each of the GCCF's more detailed claimant specific reports (by ID number) which are available with daily updates on the GCCF website.  This report contains information regarding the nature of the loss, the claim type, the date the claim was received, the status of the claim, whether it was filed initially with BP, the State of the loss and the amount paid.

Second, you note "the lack of specific claims information ..." You are correct.  I am obligated to protect the privacy and confidentiality rights of claimants, whether they are individual persons or businesses.  Experience demonstrates that any breach of such privacy and confidentiality will chill claimants from filing claims with the GCCF and receiving compensation.  Your well intentioned determination to seek "specific claims information" ignores these considerations.  I doubt very much that claimants would welcome your attempt to gain access to such private information.  If a claimant seeks your assistance, and consents to the GCCF providing you confidential information, I will readily cooperate. We have experienced, state specific representatives available to assist Congressional and other governmental agencies in determining the status of constituents' claims.  But I cannot be a party to an agreement with the State of Mississippi's Attorney General to gain access to such "specific claims information" without the claimant's consent.  I must, therefore, respectfully disagree with your attempt to secure "direct access to [the GCCF] database."

Third, you express the desire "to make an independent assessment of the fairness and effectiveness of the GCCF."  I welcome such an assessment and stand ready to meet with you and/or your designees to answer any questions posed by your office. I note that, in less than two months, the GCCF has already paid and approved payment to over 70,000 claimants of almost $1.5 billion; almost 6,000 Mississippi claimants have already been paid almost $125,000,000.  This, without any obligation on the part of the claimants to waive any rights in return for these Emergency Advance Payments.  I believe the statistics speak for themselves.

Finally, your letter references the issue of my personal compensation.  I have already forwarded to you the independent Report prepared by former Attorney General Michael Mukasey concerning this subject, which was publicly released over a week ago. I enclose an additional copy.  There are no "compensation agreements" or any other "agreement," entered into between me and BP.

Attorney General Hood, I very much appreciate the concerns and constructive criticism formalized in your October 11 letter.  I am obligated to assist you in any way I can, and am pleased to do so.  I stand ready to meet with you to discuss the most effective way to serve the citizens of Mississippi damaged by the oil spill.  I thank you for your interest.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

Enclosure



October 26, 2010

Attorney General Jim Hood
State of Mississippi
Walter Sillers Building
PO Box 220
Jackson, MS   39205-0220

RE:     Gulf Coast Claims Facility

Dear Attorney General Hood:

I thank you for your letter of October 21 as part of our ongoing dialogue to make sure that the Gulf Coast Claims Facility ("GCCF") serves the citizens of Mississippi.  I share your interest in that objective.

In your letter, you request additional information concerning Mississippi claimants in order "to effectively evaluate claims handling practices without disclosing any otherwise confidential data."  As you know, the latter is of great concern to me, but I am prepared to try to meet your legitimate concerns by providing you the information you request.  I must redact names, social security numbers/tax ID numbers, addresses, etc., but would be prepared to provide you the specific data which, I believe, you are requesting.  I attach an overall GCCF Program Statistics Report and GCCF Program Statistics Summary for the State of Mississippi.  In addition, I attach details of payments by claimants from the State of Mississippi.  Please advise as how we should move this process forward in an efficient and expedited manner.

You also state that the GCCF "is understaffed to adequately handle the number and complicated nature of claims being filed."  I disagree.  In just the past eight weeks, the GCCF has processed and made payment to 85,286 claimants totaling $1,586,327,890.88.  In Mississippi alone, we have approved payment to 7,907 claimants totaling $144,558,936.50.   True, there are currently 12,045 claims that have been deemed deficient, and an additional 8,700 claims are currently in the evaluation queue to be processed.  But, as to the former, you will note that 7,407 claims have been submitted <u>with no documentation whatsoever accompanying the claim form</u>.  This is not a problem of a lack of GCCF resources.  One may reasonably presume to question

whether such claims will ever be documented and whether they will ever be eligible for payment. We have, nevertheless, requested additional documentation, or other proof, from these claimants. As to the claims currently being processed, this is the result of a recent flood of undocumented filings with the GCCF (with some 50% of the total volume such filings arriving since October 1). Obviously, the citizens of Mississippi and the rest of the Gulf see some value in submitting their claims to the GCCF in the hope of receiving compensation. The filing rate and payment amounts speak for themselves. (I note that 86% of eligible claimants have received either the amount requested in the individual claim forms, or an amount in excess of that requested, clear evidence of GCCF generosity).

Finally, you seek more information concerning media reports "that only twenty-five reviewers are available for ultimate decision-making on all claims submitted to the GCCF." This is incorrect. I offer the following information to assist you in better understanding the design and administration of the GCCF:

1) My Law Firm, Feinberg Rozen, LLP, makes the policy and management decisions underlying the GCCF, and supervises all other subcontractors regarding the GCCF. The intake, review, analyses, determinations and payments of all claims is handled by a large team of specialists including lawyers, technical staff, claims analysts and accountants. This team is responsible, under direction of Feinberg Rozen, LLP, to review every one of the 271,773 claims received to date by the GCCF. Feinberg Rozen, LLP has contracted, and has direct supervision of, the subcontractors listed below to fulfill the responsibility of claims intake, processing, reviewing, evaluating, and distributing payments to eligible claimants.

2) A subcontractor, Brown Greer of Richmond, Virginia, employs approximately 500 people (programmers, senior claims analysts and lawyers) in working for the GCCF. It is Brown Greer that conducts the first round of eligibility review; it employs three shifts of workers who make these eligibility findings seven days a week.

3) A second subcontractor, The Garden City Group, employs approximately 500 people working from regional offices in Melville, New York, Seattle, Washington and Dublin, Ohio. This group is responsible for responding to hundreds of thousands of claimant calls, electronic claims intake, receipt and management of all data, programming, staffing the 1-800 call center (responding to hundreds of thousands of call per day), data processing, document control and payment processing.

4) A third subcontractor, The Worley Company in Hammond, Louisiana, employs approximately 1,300 individuals and is responsible for staffing the 36 claims offices located throughout the five state Gulf region. These

offices assist claimants with in person documentation claim intake and data entry into the system.

5)   A fourth subcontractor, PriceWaterhouse Coopers, employs approximately 15 accountants in assisting Feinberg Rozen, LLP in Washington, DC.

6)   Additional subcontractors, Cowheard and Assurance Accounting Companies together employ a staff of approximately 50 accountants working in the Worley facility in Hammond, Louisiana.

7)   We have also subcontracted with Guidepost, which provides us investigative services designed to discover fraudulent claims which are then referred to the Department of Justice in Washington, DC.

I trust that this detailed information provides you and your staff with a better understanding of the massive infrastructure that is the GCCF. Media reports that a very small group of individuals are making decisions impacting thousands of claimants, resulting in extended delays, are wildly exaggerated. Of course, there will always be isolated instances of delay or inconsistency in the evaluation of specific claims; this is inevitable when you establish a program that must respond to over 271,773 claims submissions to date encompassing a 90-day filing window. But I remind you that this entire emergency program does not require any claimant to waive any rights that may exist in court against BP or any other defendant.

Mr. Attorney General, I look forward to continuing to work with you in a timely fashion. With this thought in mind, I will shortly be sending you a draft Final Protocol for your review and constructive suggestions. And, I thank you for your interest in the GCCF.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Attachments



November 22, 2010

The Honorable Greg Abbott
Attorney General
State of Texas
399 West 15th Street
Austin, TX 78701

Dear Attorney General Abbott:

I enclose a copy of the Gulf Coast Claims Facility ("GCCF") Final Protocol. I have carefully reviewed the various proposals made by the State Attorneys General and others and hope you will find the Final Protocol acceptable. I have done my best in considering the proposed changes.

I am also enclosing a Memorandum of Law prepared at my request by Professor John Goldberg of the Harvard Law School. The Memorandum focuses on the issue of proximity and "proximate cause" under OPA. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and calculate damages, where OPA would be less generous.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosures:    GCCF Final Protocol
               Professor Goldberg's Memorandum of Law



November 22, 2010

The Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana
Department of Justice
Post Office Box 94005
Baton, Rouge, LA   70804

Dear Attorney General Caldwell:

I want to thank you for your letter of November 17th urging that I make important changes and improvements to the enclosed Protocol for Interim and Final Claims ("the Final Protocol") of the Gulf Coast Claims Facility ("GCCF"). I have carefully reviewed the proposals made in your November 17 letter and have adopted certain of your suggestions. I do hope you will find the Final Protocol acceptable. I have done my best in considering proposed changes made by your office and others.

In particular, I refer to your suggestions in your November 17 letter:

1) I have made changes in both the Final Protocol and the Release in an attempt to narrow somewhat the differences.

2) I have dealt with your "re-opener" concerns by providing any claimant with the right to seek "interim payments" rather than a final payment; only the latter will require a release. Any claimant can continue to accept "interim payments" during the three-year life of the GCCF without being required to sign any release. As you have pointed out, at some point there is a benefit in "finality." Until each claimant makes his/her own decision about accepting a final payment, no release of any type will be required.

3) With all due respect, I disagree with your conclusion that it is not sound public policy to require a claimant – who accepts a final payment – to sign a comprehensive release ending the right of the claimant to litigate against BP and other potential defendants. I believe that OPA contemplates such a comprehensive release. Indeed, when the State of Louisiana, acting as a

defendant, settles a claim, I would be surprised if it did not seek a similar broad based release. You have convinced me over the past few months about the wisdom of promoting "finality" in ending future uncertainty surrounding the oil spill. My comprehensive Release language – designed with such finality in mind but, at the same time, purely voluntary – is focused on this objective.

4) With all due respect, I do not think your suggestion regarding the subrogation language in the Release is consistent with the subrogation language of OPA. Section 2715 of OPA refers to the subrogation rights of any person "who pays compensation" pursuant to this Act to any claimant. Other persons do not have subrogation rights under the Act. The current language of the Release is consistent with subrogation rights under OPA.

5) I agree with you that payments made for lost profits, wage loss, subsistence use, or property damage should not be deducted when a claimant receives an offer for a non-OPA claim of physical injury. In such a case there should be no such deduction. In all other cases, however, I believe that such a deduction is appropriate. I believe this issue is largely mute since a final payment must be made in an aggregate amount, after deductions, that will satisfy the claimant who chooses to accept the final payment and sign a Release.

Finally, I enclose for your information a Memorandum of Law prepared at my request by Professor John Goldberg of the Harvard Law School. The Memorandum focuses on the issue of proximity and "proximate cause" under OPA. I believe it reaches conclusions which both you and Mr. Juneau share about the limitations imposed by OPA on hotels, motels, restaurants, and other businesses far from Gulf beaches, which now claim injury due to the spill.

Attorney General Caldwell, I thank you for your constructive criticism and, especially, the assistance of Patrick Juneau over the past few months.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosures: Protocol for Interim and Final Claims
Professor John Goldberg – Memorandum of Law



202.962.9280

November 22, 2010

The Honorable Jim Hood
Attorney General
State of Mississippi
Walter Sillers Building
Post Office Box 220
Jackson, MS   39205-0220

Dear Attorney General Hood:

I want to thank you for your letter of November 9 urging that I make important changes and improvements to the enclosed Gulf Coast Claims Facility ("GCCF") Protocol for Interim and Final Claims ("the Final Protocol"). I have carefully reviewed the proposals made in your November 9 letter and have adopted certain of your suggestions. I do hope you will find the Final Protocol acceptable. I have done my best in considering proposed changes made by State Attorneys General and others.

In particular, I refer to your suggestions in your November 9 letter:

1) Interim payments remain payable on a quarterly basis; the vast volume of claims make this necessary. However, consistent with your suggestion, "exigent circumstances" will permit interim claims on a monthly basis.

2) It is my understanding that BP does, in fact, intend to reimburse collateral sources for at least some of the offsets, e.g. unemployment payments made by State Governments.

3) I have narrowed the release language somewhat to make it clear that physical injury claims will not be released by a Final Payment made to cover lost income, profits or wages. But I deem it critically important – for both claimants and BP – that some finality occur as a result of a GCCF Final Payment.

4) I do not believe that the Final Protocol, and the language about "proximate causation," limits the scope of OPA in any way. Indeed, I believe that the GCCF will prove to be much more generous than either the Coast Guard or the courts in determining claimant eligibility and appropriate documented damage under OPA. In this regard, I refer you to the enclosed Memorandum of Law prepared by Professor

John Goldberg, Professor of Law at the Harvard Law School, who, at my request, has prepared a comprehensive Memorandum of Law focusing on this very issue. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and calculate damages, well beyond the requirements of OPA.

5) I assure you that any individual claimant who seeks pro bono counsel to assist him/her in the processing of a GCCF claim will be afforded same.

6) The Final Protocol adds language to protect claims of minors or incompetents.

7) At your request, I have inserted a limited appeals process for dissatisfied claimants and/or BP. As you know, such a separate appeals process is not required by OPA and was originally my idea, not that of the Federal Administration (of course, any dissatisfied GCCF claimant already has the option, under OPA, of "appealing" to the Coast Guard or the courts). I am concerned that a new layer of appeals not be used further to delay prompt payment to eligible claimants. Thus, my decision to limit the additional appeals process to only certain claims.

8) I am mindful of confidentiality concerns when it comes to disclosing private and proprietary information about individual claimants. I have no intention of permitting broad disclosure which would breach these confidentiality concerns, and I do not believe the Final Protocol contemplates otherwise.

Finally, you raise the question concerning "a lack of transparency in the process." I share this concern. But, I do not agree that "the GCCF claims process is less transparent than that of the initial BP claims process." We provide daily statistical reports which inform public officials and all other interested citizens about the quantity and quality of GCCF claims processing. In certain circumstances, we go even further, customizing additional GCCF reports to meet the specific needs of Federal, State and local governments. We have also taken steps in recent weeks to provide additional information to claimants, who seek to know more about the status of their claim or the reasons for the GCCF calculation. I agree that we can do more and are planning – in conjunction with the Final Payment Program – to place additional local individuals "in the field" at the various claims offices in the Gulf , so that individual claimants can express their opinions, or seek information, with a local GCCF representative.

But, I cannot provide any government official with actual access to individual claimant information submitted in confidence to the GCCF. I would be glad to meet with you to discuss how we can assist you in your efforts to help Mississippi claimants without breaching our confidential responsibility to such claimants.

I want to thank you once again for all you have done, and are doing, to help assure the success of the GCCF. I very much appreciate your constructive input and wise counsel concerning many of the terms and conditions of the Final Protocol.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclolsures:   Final Protocol
Professor Goldberg's Memorandum of Law



November 22, 2010

The Honorable Troy King
Office of the Attorney General
State of Alabama
500 Dexter Avenue
Montgomery, AL  35130

Dear Attorney General King:

I am in receipt of your letter of November 16 and enclose a copy of the Gulf Coast Claims Facility ("GCCF") Protocol for Interim and Final Claims.  I also am enclosing a copy of a Memorandum of Law prepared at my request by Professor John Goldberg, of the Harvard Law School, pertaining to the issue of "proximate cause" under the Federal Oil Pollution Control Act (OPA).  It makes for interesting reading and confirms my determination that the GCCF will be more generous than the Coast Guard or the courts in finding claimant eligibility and calculating damage awards.

I thank you for your constructive criticisms and have made some of the changes you requested.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosures:    GCCF Final Protocol
               Professor Goldberg's Memorandum of Law

cc:    Associate Attorney General Thomas Perrelli
United States Department of Justice

Attorney General James "Buddy" Caldwell
State of Louisiana

Attorney General Greg Abbott
State of Texas

Attorney General Troy King
State of Alabama

Mr. Jack Lynch
General Counsel, BP



November 22, 2010

The Honorable Bill McCollum
Attorney General
State of Florida
The Capitol
400 S. Monroe Street
Tallahassee, FL   32399-0140

Dear Attorney General McCollum:

I want to thank you for your recent letter urging that I make important changes and improvements to the enclosed Gulf Coast Claims Facility ("GCCF') Final Protocol.  I also very much appreciated our face-to-face visit last week when you and your staff again raised certain issues concerning the Final Protocol.  I have carefully reviewed your suggested proposals and have adopted many of them.  In particular:

1) Interim payments will be offered as an alternative to a final payment; these interim payments will not require the claimant to sign any release and will be made available on a quarterly basis unless "exigent circumstances" require more accelerated monthly payments.

2) "The reasonable cost of estimating the damages claimed" may be included by the claimant, and reimbursed by the GCCF, when the claimant submits the claim.

3) I have narrowed the release language somewhat to make it clear that physical injury claims will not be released by a final payment made to cover lost income, profits or wages.  But I deem it critically important – for both claimants and BP – that some finality occur as a result of a GCCF final payment.

4) I do not believe that the Final Protocol, and the language about "proximate causation," limits the scope of OPA in any way. Indeed, I believe that the GCCF will prove to be much more generous than either the Coast Guard or

the courts in determining claimant eligibility and appropriate documented damage under OPA. In this regard, I refer you to the enclosed Memorandum of Law prepared by Professor John Goldberg of the Harvard Law School who, at my request, has prepared a comprehensive Memorandum of Law focusing on this very issue. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and will calculate damages, in a much more generous fashion than OPA.

5) At your request, I have inserted a limited appeals process for dissatisfied claimants and/or BP. As you know, such a separate appeals process is not required by OPA and was originally my idea, not that of the Federal Administration (of course, any dissatisfied GCCF claimant already has the option, under OPA, of "appealing" to the Coast Guard or the courts). I am concerned that a new layer of appeals not be used further to delay prompt payment to eligible claimants. Thus, my decision to limit the additional appeals process to only certain claims.

I do hope that, with these changes, you will be able to support the Final Protocol. I want to thank you once again for all you and your staff have done, and are doing, to help assure the success of the GCCF. I very much appreciate your constructive input and wise counsel concerning many of the terms and conditions of the Final Protocol.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosures:   GCCF Protocol for Interim and Final Claims

Professor Goldberg's Memorandum of Law



www.GulfCoastClaimsFacility.com

202.962.9280

November 30, 2010

The Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana
Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804-9005

Dear Attorney General Caldwell:

I thank you personally for your thoughtful letter of November 24.  I very much appreciate your bringing these ethics questions to my attention and I will immediately seek outside ethics advice in order to respond to your suggestions

You have been a forceful and constructive critic when it comes to the design and administration of the Gulf Coast Claims Facility, and I am most appreciative.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs



202.962.9280

December 8, 2010

Attorney General Jim Hood
Walter Sillers Building
Post Office Box 220
Jackson, Mississippi

Dear Attorney General Hood:

Thank you for your letter of December 6, 2010 to Bill Mulvey regarding claims filed with the Gulf Coast Claims Facility by Mississippi casino workers. It is my intent for these casino workers to receive fair compensation for damages they have realized due to the spill.

As a general matter, a casino worker or any claimant who was not approved for an emergency advance payment can file either an interim payment claim or final payment claim with the GCCF. Such a claim will be evaluated anew, without any prejudice from the fact that the claimant did not receive an emergency advance payment. An interim claim covers all past uncompensated damages and does not require any release. A final claim covers those damages, plus a lump sum payment for future damages, but does require a release. Our process requires that each claimant officially file for an interim and/or final claim. (Note, however, that claimants will not be required to resubmit documentation already provided to the GCCF.)

The serious questions expressed by you and others about casino workers were precisely the reason I appointed a special liaison for these claims. I have instructed Mr. Mulvey to work with your Office and other knowledgeable and concerned parties to ensure that the GCCF both has access to, and understands, the information about casino workers' unique circumstances, and I am encouraged by his report that casino workers are able to provide solid documentation of their claims.

We will keep you apprised of our ongoing efforts regarding casino workers, and look forward to a quick and fair determination of their claims.

Sincerely,

Kenneth R. Feinberg
Administrator

KRF:shs



202.962.9280

December 14, 2010

The Honorable Jim Hood
Attorney General
State of Mississippi
PO Box 2209
Jackson, MS  39205

Dear Attorney General Hood:

I thank you for your letter of December 13 offering constructive suggestions to the ongoing administration of the Gulf Coast Claims Facility (GCCF).  As usual, you advance some important points and I respond as follows:

1) You state that the quick payment option "should not be offered."  I disagree. With approximately 170,000 claims paid by the GCCF, one should not assume that the quick payment option "will unfairly encourage fast, low-dollar settlements..."  To the contrary, it is extremely important that the claimants, who feel that they have already been adequately compensated by the GCCF, or who cannot document any additional damage, be afforded the option – purely voluntary – of receiving additional compensation for their claim.  The huge volume of payments made to date by the GCCF, and the ongoing criticism directed at the GCCF for payment delays, generates the need for this quick payment option.  Contrary to your letter, I believe that the primary benefit of this option goes to claimants, not to BP.  Nor is the decision of the GCCF to provide $5,000 to individuals and $25,000 to businesses based upon arbitrary speculation on my part.  The numbers were carefully arrived at by examining the emergency payment amounts to individuals and businesses.  The individual quick payment amount of $5,000 reflects the fact that **72%** of all individuals receiving an emergency payment were paid $10,000 or less; and **94%** of all businesses were paid emergency amounts of $100,000 or less.  I believe, therefore, that the quick payment option is grounded in an analysis of emergency payments made to date.

2) The availability of a quick payment is simply a variation on the final payment option requiring a full release.  Once again, it is designed to close out potentially thousands of potential individual and business claims where the claimant either has already been adequately compensated or lacks the necessary documentation to prove any additional damage.

3) I do not understand why the order of listing the three options is material.  But, I will consider your additional request.

4) I believe all GCCF documents adequately and effectively explain the three options and the requirements of each. But, I will consider your additional request.

5) I agree with you and will provide you pertinent information concerning unemployment benefits received by eligible claimants. The GCCF continues to coordinate with each of the states regarding the transfer of data from each state for all claimants receiving unemployment benefits.

6) I agree with your concern. The GCCF will send an explanation of the reasons for the denials (for example, inadequate supporting or no documentation provided) to claimants denied requests for interim claim payments.

7) I want to assure you <u>that no claim submitted to the GCCF, regardless of the option chosen by the claimant, will be processed in any case where the claimant requests pro bono legal assistance</u>. Mindful of your concerns, the GCCF is in the process of expediting the establishment of a pro bono lawyer program throughout the Gulf region. The framework for this program should be in place within approximately one week. Contact information for all claimants requesting pro bono legal assistance will be collected and arrangements will be made to assign each claimant to a pro bono lawyer once a request for the services of a pro bono lawyer has been made. But once that request is submitted to the GCCF, no further action will be taken concerning that individual claim until legal counsel has the opportunity to consult with the claimant. Mr. Attorney General, you have taken the lead in urging the establishment of such a pro bono legal assistance program. I assure you "that the legal assistance program is sufficient to properly handle the volume of GCCF claims in each Gulf Coast State."

8) I agree. All claimants "will be advised regarding all of their options, and not just about the quick payment option."

I want to once again thank you, and the other Gulf Coast Attorneys General, for all of your constructive suggestions over the past few months in connection with the design, implementation and administration of the GCCF. You have helped make the GCCF process fairer and more efficient. I will continue to work with you going forward in order to assure the success of the GCCF program.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs



December 18, 2010

The Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, Louisiana  70804

Dear Attorney General Caldwell:

I write to request your assistance with an issue that affects payments by the Gulf Coast Claims Facility ("GCCF") to thousands of Louisianans.  The GCCF has received to date over 7,500 Notices of Income Assignment from the Office of Child Support Enforcement ("OCSE") of the Louisiana Department of Children & Family Services.  Under Louisiana law, there is a 50-percent exemption from "disposable earnings" for the payment of current or past due child support obligations.  *See* 13 La. Rev. Stat. Ann. § 3881(A)(1)(a) ("Section 3881(A)(1)(a)").  The purpose of this exemption is to ensure that the enforcement of child support obligations does not deprive Louisianans of the ability to support themselves, and to continue to support their children.  The OCSE has at least provisionally taken the position that the 50-percent exemption does *not* apply to payments to GCCF claimants.  We expect to hear from OCSE regarding a formal decision next week.  I seek your intercession because the failure to apply the exemption to GCCF payments to Louisianans will result in a significant reduction of payments by the GCCF to thousands of claimants.

By way of background, the GCCF has been working cooperatively with the OCSE for more than a month.  On November 29, 2010, the GCCF provided to the OCSE its response to an Administrative Subpoena seeking information regarding claims filed with the GCCF by a long list of Louisiana obligors who owe past due child support payments.  Since that time, the GCCF has received – and continues to receive – thousands of Notices of Income Assignment directing the GCCF to withhold certain amounts from payments due to specific GCCF claimants who owe past due child support in Louisiana.  In an effort to determine the correct amount to be withheld with respect to each obligor, the GCCF requested confirmation from the OCSE of the application of the 50-percent exemption established by Section 3881(A)(1)(a).  Although the OCSE has not yet formally responded to GCCF's request, its initial response was that the exemption does not apply because the payments by the GCCF do not constitute "disposable earnings" under the statute.  The OCSE has indicated that it will respond formally to the GCCF's request early next week.

As you know, the GCCF is providing compensation for various different categories of costs and losses incurred by claimants, and a major component of the program is providing compensation for lost profits and lost earnings capacity that resulted from the Deepwater

Horizon incident. These payments are, in fact, a substitute for "disposable earnings" that were not received due to the injury, destruction or loss of real property, personal property or natural resources as a result of the incident. Indeed, you and I have many times discussed the pressing need to process quickly claims so that individuals who could not work in the aftermath of the incident expeditiously receive compensation to enable them to support themselves and their families.[1]

Needless to say, the public interest in seeing child support obligations enforced is also critical, and the application of the 50-percent exemption will impact the efforts of custodial parents to recover the child support lawfully due. On the other hand, Section 3881(A)(1)(a) reflects the Louisiana legislature's conclusion that the enforcement of child support obligations should not deprive child support obligors of the ability to support themselves (and to ultimately have the capacity to continue to support their children) and that these two conflicting imperatives are best balanced through the operation of the 50-percent exemption.

I respectfully seek your intercession in this matter consistent with both your and my ongoing efforts to ensure that all Louisianans are fairly and expeditiously treated by the GCCF. While the OCSE continues to consider its final position with respect to the operation of Section 3881(A)(1)(a) to payments made by the GCCF, input by you with respect to both the operation of the statute and the imperative to ensure that GCCF claimants receive much-needed compensation in order to support themselves may be of great help in reaching the just and proper conclusion on this complex and difficult question.

I encourage you to reach out to Lisa Andry, who is the Acting Executive Director of the Louisiana Child Support Enforcement program. Among other things, I am confident that she will confirm that the GCCF has without exception been highly cooperative with the efforts of the OCSE. Like you, and like the OCSE, my goal is to reach a fair and just result, respecting all relevant Federal and State laws.

As always, I thank you once again for all you have done, and are doing, to help assure the success of the GCCF.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

---

[1]   Support for the view that the GCCF's payments should be subject to the 50-percent exemption is provided by *In re Ballard*, 238 B.R. 610 (Bankr. Ct. M.D. La. 1999). In that opinion, the court observed that, while Section 3881(A)(1)(a) is in some respects ambiguous, given its purpose "to provide a basis for subsistence" (238 B.R. at 635), the 50-percent exemption may include not just periodic wages but also money that "serve[s] to provide . . . a substitute for . . . regular 'disposable earnings' . . . ." (B.R. at 632).

LIBNY/4982745.1



December 21, 2010

The Honorable Alex Sink
Chief Financial Officer
State of Florida
Department of Financial Services
The Capitol
Tallahassee, FL 32399

The Honorable Bill McCollum
Attorney General
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399

Re:  Gulf Coast Claims Facility (GCCF) Process

Dear Ms. Sink and Attorney General McCollum:

I am in receipt of your letter dated December 15.  As usual, I very much appreciate your constructive advice and input when it comes to the Gulf Coast Claims Facility ("GCCF") and its administration.  Both of you have offered me valuable advice as to how to make the GCCF more efficient and effective.  I take your letter in that spirit.

I respond as follows to your criticisms:

1.  You are incorrect when you state that there are "25,000 plus Floridians who are still waiting for an emergency claim to be paid ..." In fact, there are only 254 Floridians who have not yet had their emergency claims processed; this is due either to the fact that the individual claim is suspicious and might be fraudulent or that the claim was received by the GCCF hours prior to the November 23 deadline.  I remind you that the GCCF processed 155,464 emergency claims from Floridians in less than four months, and paid $975,411,076 to citizens of Florida.  You might want to consider these facts in reviewing the overall performance of the GCCF.

2.  It is true that we denied over 79,024 emergency claims from Floridians.  Of this number 70,389 can be traced directly to the absence of the minimal documentation necessary to process the claim.

3.  You state that your review of GCCF procedures "reveals a claims process that is not operating in an efficient manner.  It is a process carried out without meaningful communication between claimants and the GCCF."  I remind you that the GCCF received over 450,000 claims in less than four months!  It paid out approximately $2.5 billion dollars to some 170,000 claimants.  We can disagree over what constitutes "efficiency" and "meaningful communications," but, overall, I believe that the GCCF is performing its mission with skill and effectiveness.  However, I do agree with you that there is always

room for improvement.  As we enter the Final Payment/Interim Payment phase of the Program, I want to assure both of you of steps we will be taking to improve the GCCF process.  First, we will be posting on the GCCF website and in the 35 GCCF claims offices the methodologies being used to calculate Final and Interim payments.  Second, we have already added additional personnel in the various claims offices in Florida so that Floridians can communicate directly with GCCF officials in their locale, without resorting to telephone calls or email communication.  These additional local GCCF hires are Floridians, who have an understanding and appreciation of the needs of their fellow citizens in Florida.  These two steps will hopefully go a long way in responding to your constructive criticism.

4.  You state that "of the 150,000 plus claims that have been filed by Floridians, only 40 percent have been paid.  Over 33 percent have been denied.  Over 20 percent are either under review or awaiting the filing of additional information."  Once again, your information is incorrect.  The more accurate statistics are as follows:

Of the 85,954 claimants not eligible for Emergency Payments:

- 6,530 claimants submitted for Final Claims only (i.e., claimants who did not file an Emergency Advance Benefit Claim); these Final Claims will be fully evaluated and determined within the next 90 days.
- 12,109 claimants did not submit any documentation;
- 58,280 claimants filed with insufficient documentation;
- 400 claimants were referred to the government, real estate or moratorium funds;
- 8,635 were determined to be ineligible.

5.  In your letter you state that "now that the Final phase of the claims process has begun, we expect to see significant improvements in efficiency and operational results."  As already indicated, there is always room for improvement and I share your concern; but, remember, we are discussing a process which is unprecedented, involving over 450,000 claims received and processed in less than four months.

6.  You state that "we have also heard from many claimants who say they do not receive any reasonable explanation for denial of an emergency claim or for partial payment of a claim."  We can disagree over what constitutes a "reasonable explanation" but I agree with you that more transparency is required.  The steps already mentioned in this letter should go a long way in improving the transparency of the GCCF Program.

7.  I agree with you that the 90 day limitation for processing claims as part of the Final Payment/Interim Payment Program is only a maximum time limitation; we have every expectation that we will process claims more quickly.  Also, I note that the Quarterly Interim Payment Option also includes an "exigent circumstances" provision which will be triggered in appropriate cases, permitting quicker payments to those claimants in

especially dire financial circumstances.   Hopefully, this will deal with the concerns expressed in your letter.

8.  The Final Payment Option – requiring a full release and including all anticipated future damage arising out of the spill – is but one of three voluntary options being made available by the GCCF.  Each of over 170,000 claimants will have the opportunity to choose the correct option and will not be bound by the selected option until he/she knows exactly the amount of that option.  This is fair.  Each claimant will decide what is best for the claimant based upon the circumstances surrounding the individual claim.

9.  You state that the GCCF appeals process "is tantamount to having no appeals process at all."  You are wise to point out that claimants always have the right to appeal to the Coast Guard and to file a court action if they remain aggrieved.  Hardly, "no appeals process at all."  The GCCF has, nevertheless, added an additional appeal process which is not required by law but is designed to advance due process in the GCCF.  You are correct that a claimant's right to appeal is limited.  This is because, with the volume of claims confronting the GCCF, I share your concern about speed and efficiency.  I have concluded that an open-ended appeals process will likely delay the efficient and effective processing of claims, and the distribution of badly needed financial assistance to claimants.  Since each claimant already has an existing right to appeal, I view the new GCCF appeals process as an additional safeguard in a limited number of cases.

    Once again, I thank both of you for your constructive advice and guidance over the past few months.  Both of you have helped assure the success of the GCCF by suggesting certain improvements which we have implemented.  I do hope you will continue to express your views as the GCCF moves forward to the next stage of the claims process.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility


cc:   Thomas J. Perrelli
      Office of the Associate Attorney General
      US Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC  20530



202.962.9280

December 28, 2010

The Honorable James D. "Buddy" Caldwell
Attorney General
State of Louisiana
Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804-9005

Dear Attorney General Caldwell:

 In connection with your letter of November 24 raising certain potential ethical issues posed by my administration of the Gulf Coast Claims Facility, please see the attached Opinion Letter of Professor Stephen Gillers of New York University School of Law.  I believe that this letter – prepared by a nationally recognized expert in legal ethics – addresses the concerns expressed by you and others.

 I thank you for your continued support of my efforts in administering the Gulf Coast Claims Facility.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosure

cc: The Honorable Jim Hood
  The Honorable Greg Abbott
  The Honorable Troy King
  The Honorable Bill McCollum

## Mary Anna Tabol

**From:** Ken Feinberg
**Sent:** Monday, July 05, 2010 8:09 AM
**To:** 'terrellm@ag.state.la.us'
**Cc:** Camille Biros
**Subject:** AG Letter of June 23

Megan – I am in receipt of a letter from Attorney General Caldwell dated June 23, 2010. In the Attorney General's letter, he expresses concern about the lack of transparency of data surrounding BP's efforts to process Louisiana claims. As the new Administrator of the Gulf Coast Claims Facility, replacing the BP claims initiative, I share the AG's concerns. I am now in the process of creating a database which will be much more transparent and will help access the status of individual claims without violating personal privacy concerns. The AG also requests more information concerning the infrastructure of the Gulf Coast Claims Facility. I will be in a better position to answer all of the questions posed in the AG's letter in the next few weeks as we get the new Claims Facility up and running. During the interim, however, I would welcome the opportunity to meet with the AG during one of my frequent visits to Louisiana. In addition, I would welcome the opportunity to chat with you on the telephone to make sure that you and the AG are current when it comes to my efforts. I will telephone you at 225-326-6085 or welcome a call from you at: 202-962-9280. I look forward to working with the AG as I implement a new, accelerated, more efficient and transparent claims process. Thanks.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email: kfeinberg@feinbergrozen.com

## Mary Anna Tabol

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, July 12, 2010 1:32 PM |
| **To:** | robert.allen@oag.state.tx.us |
| **Cc:** | Camille Biros |
| **Subject:** | Draft Protocol |
| **Attachments:** | DRAFT PROTOCOL. DRAFT 9. 7.9.10.doc; EXHIBIT A . LATEST.7.1.10.doc |

Dear Attorney General Abbott:

I attach the Gulf Coast Claims Facility Draft Protocol arising out of the BP Oil Spill and the decision of the Obama Administration and BP to establish a process for considering claims for compensation.  It is only that – a draft. I welcome comments from you and your office, but request that any comments be transmitted to me by 5 PM this Thursday July 15. Only the federal government, the Governors of Alabama, Florida, Louisiana and Mississippi and the Attorneys General of these four states plus Texas are receiving this advance copy, which is not being released to the press or the public. Thanks.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, July 12, 2010 1:24 PM |
| **To:** | taylorc@ag.state.la.us |
| **Cc:** | Camille Biros |
| **Subject:** | Draft Protocol |
| **Attachments:** | DRAFT PROTOCOL. DRAFT 9. 7.9.10.doc; EXHIBIT A . LATEST.7.1.10.doc |

Dear Attorney General Caldwell:

I attach the Gulf Coast Claims Facility Draft Protocol arising out of the BP Oil Spill and the decision of the Obama Administration and BP to establish a process for considering claims for compensation.  It is only that – a draft. I welcome comments from you and your office, but request that any comments be transmitted to me by 5 PM this Thursday July 15. Only the federal government, the Governors of Alabama, Florida, Louisiana and Mississippi and the Attorneys General of these four states plus Texas are receiving this advance copy, which is not being released to the press or the public. Thanks.

Ken

Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, July 12, 2010 1:22 PM |
| **To:** | mwebb@ago.state.ms.us |
| **Cc:** | Camille Biros |
| **Subject:** | Draft Protocol |

**Attachments:** DRAFT PROTOCOL. DRAFT 9. 7.9.10.doc; EXHIBIT A . LATEST.7.1.10.doc

Dear Attorney General Hood:

I attach the Gulf Coast Claims Facility Draft Protocol arising out of the BP Oil Spill and the decision of the Obama Administration and BP to establish a process for considering claims for compensation.  It is only that – a draft. I welcome comments from you and your office, but request that any comments be transmitted to me by 5 PM this Thursday July 15. Only the federal government, the Governors of Alabama, Florida, Louisiana and Mississippi and the Attorneys General of these four states plus Texas are receiving this advance copy, which is not being released to the press or the public. Thanks.

Ken

Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, July 12, 2010 1:36 PM |
| **To:** | aharbin@ago.state.al.us |
| **Cc:** | Camille Biros |
| **Subject:** | Draft Protocol |
| **Attachments:** | DRAFT PROTOCOL. DRAFT 9. 7.9.10.doc; EXHIBIT A . LATEST.7.1.10.doc |

Dear Attorney General King:

I attach the Gulf Coast Claims Facility Draft Protocol arising out of the BP Oil Spill and the decision of the Obama Administration and BP to establish a process for considering claims for compensation. It is only that – a draft. I welcome comments from you and your office, but request that any comments be transmitted to me by 5 PM this Thursday July 15. Only the federal government, the Governors of Alabama, Florida, Louisiana and Mississippi and the Attorneys General of these four states plus Texas are receiving this advance copy, which is not being released to the press or the public. Thanks.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, July 12, 2010 1:23 PM |
| **To:** | Leslie Jacobs |
| **Cc:** | Camille Biros |
| **Subject:** | Draft Protocol |
| **Attachments:** | DRAFT PROTOCOL. DRAFT 9. 7.9.10.doc; EXHIBIT A . LATEST.7.1.10.doc |

Dear Attorney General McCollum:

I attach the Gulf Coast Claims Facility Draft Protocol arising out of the BP Oil Spill and the decision of the Obama Administration and BP to establish a process for considering claims for compensation.  It is only that – a draft. I welcome comments from you and your office, but request that any comments be transmitted to me by 5 PM this Thursday July 15. Only the federal government, the Governors of Alabama, Florida, Louisiana and Mississippi and the Attorneys General of these four states plus Texas are receiving this advance copy, which is not being released to the press or the public. Thanks.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Ken Feinberg**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Thursday, July 15, 2010 2:12 PM |
| **To:** | MELANIE WEBB |
| **Cc:** | DUNCAN FOSTER; MEREDITH ALDRIDGE; Amy Weiss |
| **Subject:** | RE: Gulf Coast Claims Facility Draft Protocol |

Melanie:

Here is the information for the Town Hall Meeting on Friday (tomorrow). Please let us know if we can be of any further assistance.

Mississippi Gulf Coast Convention Center, Highway 90, Biloxi
9:00 – 10:30 AM (CT) – Opening Session, Town Hall Meeting

_____

**From:** MELANIE WEBB [mailto:MWEBB@ago.state.ms.us]
**Sent:** Thursday, July 15, 2010 1:58 PM
**To:** Ken Feinberg
**Cc:** DUNCAN FOSTER; MEREDITH ALDRIDGE
**Subject:** Re: Gulf Coast Claims Facility Draft Protocol

Mr. Feinberg,

We were notified that you would be on the coast on Friday with Governor Haley Barbour for a town hall meeting.   Several organizations have requested that we be present, could you please ask your office to let us know the time and location?

Thank you so much.

Melanie Webb
Executive Assistant to Attorney General Jim Hood

>> "Ken Feinberg" <KFeinberg@feinbergrozen.com> 7/15/2010 7:54:48 AM >>>

1

## Mary Anna Tabol

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, August 09, 2010 9:49 AM |
| **To:** | aharbin@ago.state.al.us; taylorc@ag.state.la.us; robert.allen@oag.state.tx.us; Trish Conners; MELANIE WEBB; Felicia A. Guidry; Patrick A. Juneau |
| **Cc:** | Camille Biros |
| **Subject:** | Advance Payment Emergency Protocol |
| **Attachments:** | AUGUST 7,2010 DRAFT PROTOCOL.DOCX |

To All:

I attach my latest working draft of the Gulf Claims Facility Advance Payment Emergency Protocol.  I have incorporated many of the suggestions made by the State Attorneys General.  Most importantly, as mentioned in Biloxi, this protocol governs only emergency payments, with no release required by any claimant.  I plan to go public with this emergency protocol next week, in advance of the August 23 roll out date for the Gulf Coast Claims Facility.  Accordingly, I welcome any additional comments to the attached.  I will also be prepared to meet with you and/or the Attorneys General themselves shortly after Labor Day to discuss a Final Protocol, including appropriate release language.  It is important that we continue to coordinate. I thank you.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

## Mary Anna Tabol

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Thursday, August 12, 2010 10:28 AM |
| **To:** | ATTORNEY GENERAL JIM HOOD |
| **Subject:** | RE: BP Emergency Claims Protocol |

Jim:

Thanks so much for yesterday's email. I do hope you are taking a few days off to recharge the batteries.  Please note that the emergency claims protocol defers for the time being your major concerns about the Final Protocol e.g. the nature of the releases, etc.  I plan to continue working on the emergency protocol and will do my best to incorporate some of your important constructive suggestions.  I will forward another version to you later today or tomorrow.  I want to wrap up the emergency protocol early next week and go public with it sometime next week in advance of the August 23 start date for the Gulf Coast Claims Facility.  I also hope (wishful thinking?) that you – with your national credibility – will encourage claimants in Mississippi to take advantage of the emergency claims process without surrendering any of their rights to litigate in the future.  I very much appreciate your input and acknowledge that I should have done a better job of brining you into the drafting process earlier rather than later.  But, I will send you another version of the emergency protocol and welcome any additional comments.  Frankly, your support means a great deal to me.  Once you receive my next version, feel free to contact me over the weekend by telephone (202 256 3877) or on Monday in my Washington office 202 962 9280 or by email.

Thanks for reaching out to me. Mississippi is lucky to have you as AG.

Ken

---

**From:** ATTORNEY GENERAL JIM HOOD [mailto:JHOOD@ago.state.ms.us]
**Sent:** Wednesday, August 11, 2010 12:37 PM
**To:** Ken Feinberg
**Subject:** BP Emergency Claims Protocol

Dear Ken,

I noticed that the BP Emergency Claims Protocol contained very few of the suggestions we provided you in our alternative protocol.  Are you going to incorporate more of them in another document such as a claims manual? If so, please advise me which of our provisions you intend to include and by what process do you intend to so advise the public?

If you prefer to talk with me about it, please call me.  I will be out of the office the remainder of the week, but if you will email me with a time and number to call you I will call you back.

Thanks,

Jim Hood

# Mary Anna Tabol

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Friday, August 13, 2010 10:35 AM |
| **To:** | aharbin@ago.state.al.us; taylorc@ag.state.la.us; robert.allen@oag.state.tx.us; Trish Conners; MELANIE WEBB; Felicia A. Guidry; Patrick A. Juneau; Leslie Jacobs |
| **Subject:** | Attached Draft Emergency Protocol |
| **Attachments:** | AUGUST 13, 2010 WORKING DRAFT.DOCX |

To All:

I continue to make changes in the Draft Gulf Coast Claims Facility Protocol for Emergency Advanced Payments to reflect ongoing input from the AGs and Department of Justice. I would appreciate your constructive criticism concerning the attached no later than the close of business on Monday, August 16. I plan to release a final Emergency Protocol next week, well in advance of the August 23 start up date for the Gulf Coast Claims Facility. I hope that all of you will find a way to support this effort at the prompt distribution of emergency funds to eligible claimants. I will then turn my attention to drafting a Final Protocol and believe it would be beneficial for all of us to meet in person to discuss the most controversial features of the Final Protocol e.g. the subject of release language, etc. I propose that this meeting occur sometime in September. I thank you for your valuable and constructive input and look forward to working with you. .

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC  20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Ken Feinberg**

| | |
|---|---|
| **From:** | Susan Schmidt |
| **Sent:** | Tuesday, August 17, 2010 11:07 AM |
| **To:** | Taylor, Christelle; 'Amy Weiss' |
| **Cc:** | Susan Schmidt |
| **Subject:** | RE: Feinberg & General Caldwell |

On Ken's schedule. Ths.

---

**From:** Taylor, Christelle [mailto:TaylorC@ag.state.la.us]
**Sent:** Tuesday, August 17, 2010 11:00 AM
**To:** 'Amy Weiss'
**Cc:** Susan Schmidt
**Subject:** RE: Feinberg & General Caldwell

7:00 p.m. is confirmed.   Please reply with the room number when it is secured.   Thanks!

*Christelle Taylor*
Executive Assistant to Attorney General
James D. "Buddy" Caldwell
Telephone: (225) 326-6769 Facsimile: (225) 326-6796
Taylorc@ag.state.la.us

---

**From:** Amy Weiss [mailto:Amy@pointblankpa.com]
**Sent:** Monday, August 16, 2010 4:33 PM
**To:** Taylor, Christelle
**Cc:** Susan@feinbergrozen.com
**Subject:** Re: Feinberg & General Caldwell

Great! Let's do 7 pm at the windsor court hotel. I'll get them a private room to meet in.
Amy

*****************
Amy Weiss
Principal
Point Blank Public Affairs
5309 Cushing Place, NW
Washington, DC 20016
Phone: 202-203-0448
www.PointBlankPA.com

---

**From:** Taylor, Christelle <TaylorC@ag.state.la.us>
**To:** Amy Weiss
**Sent:** Mon Aug 16 14:24:25 2010
**Subject:** Re: Feinberg & General Caldwell

Amy, I am confirming that Buddy is available on Wednesday evening. With the congested afternoon traffic from Baton Rouge to New Orleans 7:00p would be better for Buddy but either time is okay. Just confirm where and when. Thanks!

**From:** Amy Weiss <Amy@pointblankpa.com>
**To:** Taylor, Christelle
**Cc:** Susan Schmidt <Susan@feinbergrozen.com>
**Sent:** Mon Aug 16 10:48:38 2010
**Subject:** Feinberg & General Caldwell

Christelle: great speaking with you. Do let us know if General Caldwell can meet with Ken on Wed at 6 p.m or 7 p.m. In New Orleans.
Below is my contact information,
Best
Amy


*********************************

Amy Weiss
Point Blank Public Affairs, LLC
5309 Cushing Place, NW
Washington, DC 20016
 Amy@pointblankpa.com
P/C: 202-203-0448
F:     202-237-2692
www.pointblankpa.com

---

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us

---

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us

## Ken Feinberg

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Thursday, August 19, 2010 2:28 PM |
| **To:** | aharbin@ago.state.al.us; taylorc@ag.state.la.us; robert.allen@oag.state.tx.us; Trish Conners; MELANIE WEBB; Felicia A. Guidry; Patrick A. Juneau; Leslie Jacobs |
| **Subject:** | Attached - Final Emergency Protocol & Criteral |
| **Attachments:** | GCCF Protocol August 19.DOCX; NARRATIVE ELIGIBILITY 8.23.10.ken edits.doc |

To All:

I attach the final Emergency Protocol I plan to release tomorrow, along with a Summary Criteria Narrative Explanation suggested by Attorney General Hood. I thank you all for your constructive input and assistance. I have adopted many of your suggestions – particularly the "presentment" language urged by Attorney General McCollum.
It is my hope that the various Gulf Coast AGs will be supportive of my emergency compensation efforts commencing next Monday, August 23.  Your credibility in supporting the Program is very important. I also pledge to each of you my commitment to meet with you in the weeks and months ahead as we strive to fashion a Final Settlement Protocol (including important release language).

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, August 24, 2010 4:09 PM |
| **To:** | 'ATTORNEY GENERAL JIM HOOD' |
| **Cc:** | 'MARY JO WOODS'; Camille Biros |
| **Subject:** | RE: BP Emergency Claims Protocol |

Jim – Thank you so much for yesterday's email requesting daily reports on the claims process.  Yes, you will be receiving daily reports for all claims submitted to the GCCF.  Once the BP claims system data has been completely sorted and integrated into the new GCCF system, the reports will provide up-to-the-minute information for all claims submitted and paid.  You should be receiving these daily reports beginning this afternoon.   And I welcome any comments you may have about the data and what it shows about the claims process.  I also will be contacting you after Labor Day to meet with you and your colleagues to discuss the terms and conditions of a final protocol.  Thanks.


Ken


---

**From:** ATTORNEY GENERAL JIM HOOD [mailto:JHOOD@ago.state.ms.us]
**Sent:** Monday, August 23, 2010 4:20 PM
**To:** Ken Feinberg
**Cc:** MARY JO WOODS
**Subject:** RE: BP Emergency Claims Protocol


Ken,

I need the daily reports on the claims process that we have been getting from BP.  They were being emailed daily to my secretary, Melanie Webb, at mwebb@ago.state.ms.us.  Please confirm that you will continue sending them and when we can expect to receive the ones beginning today.

Thanks,

Jim

>>> "Ken Feinberg" <KFeinberg@feinbergrozen.com> 8/12/2010 9:28 AM >>>

Jim:

Thanks so much for yesterday's email. I do hope you are taking a few days off to recharge the batteries.  Please note that the emergency claims protocol defers for the time being your major concerns about the Final Protocol e.g. the nature of the releases, etc.  I plan to continue working on the emergency protocol and will do my best to incorporate some of your important constructive suggestions.  I will forward another version to you later today or tomorrow.  I want to wrap up the emergency protocol early next week and go public with it sometime next week in advance of the August 23 start date for the Gulf Coast Claims Facility.  I also hope (wishful thinking?) that you - with your national credibility - will encourage claimants in Mississippi to take advantage of the emergency claims process without surrendering any of their rights to litigate in the future.  I very much appreciate your input

and acknowledge that I should have done a better job of brining you into the drafting process earlier rather than later.  But, I will send you another version of the emergency protocol and welcome any additional comments.  Frankly, your support means a great deal to me.  Once you receive my next version, feel free to contact me over the weekend by telephone (202 256 3877) or on Monday in my Washington office 202 962 9280 or by email.

Thanks for reaching out to me. Mississippi is lucky to have you as AG.

Ken


---

**From:** ATTORNEY GENERAL JIM HOOD [mailto:JHOOD@ago.state.ms.us]
**Sent:** Wednesday, August 11, 2010 12:37 PM
**To:** Ken Feinberg
**Subject:** BP Emergency Claims Protocol


Dear Ken,

I noticed that the BP Emergency Claims Protocol contained very few of the suggestions we provided you in our alternative protocol.  Are you going to incorporate more of them in another document such as a claims manual?  If so, please advise me which of our provisions you intend to include and by what process do you intend to so advise the public?

If you prefer to talk with me about it, please call me.  I will be out of the office the remainder of the week, but if you will email me with a time and number to call you I will call you back.

Thanks,

Jim Hood

## Mary Anna Tabol

**From:**     Ken Feinberg
**Sent:**     Tuesday, August 31, 2010 10:52 AM
**To:**       MARY JO WOODS
**Subject:** RE: BP claims applications

Ms. Woods:

I thank you for your August 19 email and apologize to you and the AG for my delay
in responding.  You ask for the reasons why I have requested every claimant
applying to the Gulf Coast Claims Facility to file a new application (without any
necessary of duplicating claimant documentation already earlier submitted to BP).

   1)     The new application will permit us to clarify the opportunity of a
claimant to receive up to 6 months compensation not just one month or
month-to-month.

   2)     The new application will inquire of the claimant as to how he/she wishes
to be paid, e.g., cash, check, wire transfer, opening of a free checking
account at Whitney Bank Branches, etc.

   3)     The new application will ask for important information designed to deter
fraud e.g., social security number, tax ID number, preparation assistance
in preparing the claimant's application, etc.  These inquiries were
recommended to us the Department of Justice in Washington.

   4)     The new applications will allow for a more systematic, efficient
processing of claims using electronic filings as well as more conventional
means e.g., mailing, faxing, visiting of claims offices, etc.

I am sure Jim understands the benefits of asking claimants to refilled a claim form
without the necessarily of duplicating the other documentation. I believe I struck
the right compromise in this regard and very much appreciate Jim's concerns.

Thanks,

Ken


-----Original Message-----
From: MARY JO WOODS [mailto:MWOOD@ago.state.ms.us]
Sent: Thursday, August 19, 2010 6:09 PM
To: Ken Feinberg
Subject: BP claims applications

Mr. Feinberg,

We have heard in reports today that claimants with claims already
pending with BP will have to submit a new application (but not re-submit
their documentation) once the process is transferred to the GCCF.  Could
you please provide us with some clarification and more information about
that issue?

Thank you,

Mary Jo Woods
Special Assistant Attorney General
Mississippi Attorney General's Office

Post Office Box 220
Jackson, Mississippi  39205
(601) 359-3020 (phone)
(601) 359-2003 (fax)
mwood@ago.state.ms.us

This message is being sent by the Office of the Attorney General for
the State of Mississippi and is intended only for the use of the
individual to which it is addressed and may contain information that is
legally privileged or confidential.  If you are not the intended
recipient, you are hereby notified that any distribution or copying of
this message is strictly prohibited.  If you have received this message
in error, please notify the original sender or the Office of the
Attorney General at (601) 359-3680 immediately by telephone or by return
e-mail and delete this message from your computer.  Thank you.

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, August 09, 2010 9:49 AM |
| **To:** | aharbin@ago.state.al.us; taylorc@ag.state.la.us; robert.allen@oag.state.tx.us; Trish Conners; MELANIE WEBB; Felicia A. Guidry; Patrick A. Juneau |
| **Cc:** | Camille Biros |
| **Subject:** | Advance Payment Emergency Protocol |
| **Attachments:** | AUGUST 7,2010 DRAFT PROTOCOL.DOCX |

To All:

I attach my latest working draft of the Gulf Claims Facility Advance Payment Emergency Protocol.  I have incorporated many of the suggestions made by the State Attorneys General.  Most importantly, as mentioned in Biloxi, this protocol governs only emergency payments, with no release required by any claimant.  I plan to go public with this emergency protocol next week, in advance of the August 23 roll out date for the Gulf Coast Claims Facility.  Accordingly, I welcome any additional comments to the attached.  I will also be prepared to meet with you and/or the Attorneys General themselves shortly after Labor Day to discuss a Final Protocol, including appropriate release language.  It is important that we continue to coordinate. I thank you.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

## Mary Anna Tabol

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Thursday, August 19, 2010 2:28 PM |
| **To:** | aharbin@ago.state.al.us; taylorc@ag.state.la.us; robert.allen@oag.state.tx.us; Trish Conners; MELANIE WEBB; Felicia A. Guidry; Patrick A. Juneau; Leslie Jacobs |
| **Subject:** | Attached - Final Emergency Protocol & Criteral |
| **Attachments:** | GCCF Protocol August 19.DOCX; NARRATIVE ELIGIBILITY 8.23.10.ken edits.doc |

To All:

I attach the final Emergency Protocol I plan to release tomorrow, along with a Summary Criteria Narrative Explanation suggested by Attorney General Hood. I thank you all for your constructive input and assistance. I have adopted many of your suggestions – particularly the "presentment" language urged by Attorney General McCollum.

It is my hope that the various Gulf Coast AGs will be supportive of my emergency compensation efforts commencing next Monday, August 23.  Your credibility in supporting the Program is very important. I also pledge to each of you my commitment to meet with you in the weeks and months ahead as we strive to fashion a Final Settlement Protocol (including important release language).


Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

**Mary Anna Tabol**

**From:** Ken Feinberg
**Sent:** Monday, October 18, 2010 2:00 PM
**To:** MELANIE WEBB
**Subject:** Attached letter from Ken Feinberg to Attorney General Hood

**Attachments:** DOC001.PDF



DOC001.PDF (30 KB)

            Dear Melanie:

Attached is a letter from Mr. Ken Feinberg for Attorney General Hood.  A hard copy will be federal expressed to your office.

Regards,
Susan

Susan H. Schmidt
Assistant to
Kenneth R. Feinberg
202 371 1110

1

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Monday, November 01, 2010 3:52 PM |
| **To:** | MELANIE WEBB; aharbin@ago.state.al.us; Leslie Jacobs; robert.allen@oag.state.tx.us; taylorc@ag.state.la.us |
| **Subject:** | Attached Final Draft Protocol and Release |
| **Attachments:** | DRAFT FINAL PROTOCOL 11 1 10 AT 4 00 P M .docx; RELEAST DRAFT 11 1 10 AT 4 00 P M .doc |

Gentlemen:

I attach my initial effort at a Draft Final Protocol and accompanying release language. It is only a draft; I welcome your comments.  There are additional provisions that may yet be added e.g. some type of appeal procedure from my decisions. Please advise, hopefully by the end of this week. Thanks.

Ken


Kenneth R. Feinberg
Feinberg Rozen, LLP
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC   20004-1008
Office: 202 962 9280
Email:  kfeinberg@feinbergrozen.com

## Mary Anna Tabol

**From:**   Mary Anna Tabol on behalf of Ken Feinberg
**Sent:**   Thursday, November 04, 2010 6:05 PM
**To:**   'MELANIE WEBB'
**Cc:**   Susan Schmidt; 'camille@feinbergrozen.com'; 'Brian.Hauck@usdoj.gov'
**Subject:**   RE: From Attorney General Hood

Ms. Webb:

Please let AG Hood know that Wednesday will be fine.

Thanks,

Ken

---

**From:** MELANIE WEBB [mailto:MWEBB@ago.state.ms.us]
**Sent:** Thursday, November 04, 2010 4:11 PM
**To:** Ken Feinberg; Susan Schmidt
**Cc:** MARY JO WOODS
**Subject:** From Attorney General Hood


Ms. Schmidt,

Hope you are well - Attorney General Hood asked that I send the attached letter to Mr. Feinberg.  The hard copy will follow in the mail.

Please let me know if the attachment doesn't open properly.

Thanks so much!

Melanie

Melanie Webb
Office of Attorney General
P. O. Box 220
Jackson, MS 39205
Ph:  (601) 359-3692

**Mary Anna Tabol**

**From:**          Ken Feinberg
**Sent:**          Tuesday, November 23, 2010 8:34 AM
**To:**            robert.allen@oag.state.tx.us
**Subject:**       Attached for Attorney General Abbott

**Attachments:**   DOC001.PDF; GCCF.Protocol.for.Interim.and.Final.Claims.2010.pdf;
                   Goldberg.Memorandum.of.Law.2010.pdf

          

DOC001.PDF (18    GCCF.Protocol.for.I  Goldberg.Memoran
    KB)           nterim.and....       dum.of.Law.201...

                                      Dear Robert:

Please see the attached letter and documents for Attorney General Abbott.

Thank you,
Susan for Ken Feinberg

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, November 23, 2010 8:37 AM |
| **To:** | taylorc@ag.state.la.us |
| **Subject:** | Attached |

**Attachments:** DOC001.PDF; GCCF.Protocol.for.Interim.and.Final.Claims.2010.pdf; Goldberg.Memorandum.of.Law.2010.pdf

DOC001.PDF (44 KB)    GCCF.Protocol.for.Interim.and....    Goldberg.Memorandum.of.Law.201...

Ms. Taylor:

Please see the attached letter and documents for Attorney General Caldwell.

Thank you,
Ken Feinberg

**Mary Anna Tabol**

**From:**        Ken Feinberg
**Sent:**        Tuesday, November 23, 2010 8:26 AM
**To:**          MELANIE WEBB
**Subject:**     Attached

**Attachments:**     DOC001.PDF; GCCF.Protocol.for.Interim.and.Final Claims.2010.pdf;
                     Goldberg.Memorandum.of.Law.2010.pdf

          
DOC001.PDF (47    GCCF.Protocol.for.I  Goldberg.Memoran
KB)               nterim.and....       dum.of.Law.201...

                                        Attorney General Hood:

Please see the attached letter and documents.

Thank you,
Kenneth R. Feinberg

**Mary Anna Tabol**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, November 23, 2010 8:28 AM |
| **To:** | aharbin@ago.state.al.us |
| **Subject:** | Attached for Attorney General King |

**Attachments:** DOC001.PDF; GCCF.Protocol.for.Interim.and.Final Claims.2010.pdf; Goldberg.Memorandum.of.Law.2010.pdf

  

DOC001.PDF (20    GCCF.Protocol.for.I   Goldberg.Memoran
KB)              nterim.and....        dum.of.Law.201...

Attorney General King:

Please see the attached letter and documents.

Thank you,
Kenneth R. Feinberg

**Mary Anna Tabol**

---

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, November 23, 2010 8:30 AM |
| **To:** | Trish Conners; Leslie Jacobs |
| **Subject:** | Attached for Attorney General McCollum |

**Attachments:**  DOC001.PDF; GCCF.Protocol.for.Interim.and.Final Claims.2010.pdf; Goldberg.Memorandum.of.Law.2010.pdf

        

DOC001.PDF (28 KB)    GCCF.Protocol.for.Interim.and....    Goldberg.Memorandum.of.Law.201...

Dear Trish and Leslie:

Please see the attached letter and documents for Attorney General McCollum.

Thank you,
Susan for Ken Feinberg

**Ken Feinberg**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, December 28, 2010 12:05 PM |
| **To:** | 'aharbin@ago.state.al.us' (aharbin@ago.state.al.us) |
| **Subject:** | Attached |
| **Attachments:** | DOC001.PDF; Gillers.Feinberg.Doc.2010.pdf |

Please see the attached for The Honorable Troy King.

Thank you,

Susan for Ken Feinberg

**Ken Feinberg**

| | |
|---|---|
| **From:** | Ken Feinberg |
| **Sent:** | Tuesday, December 28, 2010 12:02 PM |
| **To:** | Taylor, Christelle (TaylorC@ag.state.la.us); Terrell, Megan K. (TerrellM@ag.state.la.us) |
| **Subject:** | Attached |
| **Attachments:** | DOC001.PDF; Gillers.Feinberg.Doc.2010.pdf |

Attorney General Caldwell:

Please see the attached.

Ken Feinberg