UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

PRE-TRIAL ORDER NO. 27

[Amending Pretrial Order 17 on Deposition Protocol]

In order to facilitate an efficient deposition schedule **to prepare for the Limitation of Liability Trial[1] scheduled to commence on February 27, 2012** and accommodate the interests of entities in addition to the Plaintiffs' Steering Committee (PSC) and the Defense Steering Committee (DSC), the Court orders that Pretrial Order 17 (Rec. Doc. 740) is amended as follows:

I.   GENERAL PROVISIONS

A.   Timing

This section is amended and restated as follows:

Fact depositions necessary as a predicate for the opinion of experts regarding blow-out, spill, limitation and related issues for the February, 2012 trial **shall conclude on July 31, 2011** (the "fact deposition period").[2] The purpose of these depositions is to prepare for the Limitation trial **and such trial will not include damages, either private or governmental.** If a person possesses information related only to damages or to issues not relevant to the Limitation Trial, the person shall not be

---

[1] "Limitation Trial" refers to the trial of liability, limitation, exoneration and fault allocation and personal injury/wrongful death and Robins Dry-Dock test cases.

[2] Written discovery regarding these issues will conclude at the same time. This deadline includes the filing of motions to compel in sufficient time to allow disposition of the motion on or before that date.

deposed during the fact deposition period. If a person possesses information relevant to the Limitation Trial issues as well as damages, the person may be deposed during the fact deposition period. In order avoid requiring persons to be deposed twice the time allotted for the examination of witnesses is increased as provided herein.

Other Limitation Trial fact discovery may be scheduled beyond the cutoff date by agreement of counsel or by order of Court.

**B.     Cooperation**

No change.

**C.     Attendance**

1.      Who May Be Present.

No change.

2.      Unnecessary Attendance.

The third sentence is amended and restated as follows:

At least five (5) working days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel and the Coordinating Counsel for the United States and the States which make claims in this proceeding (the "States") with a brief statement of the witness's involvement, including whether he or she was involved in post-explosion cleanup or response.[3]

3.      Notice of Intent to Attend a Deposition.

This paragraph is amended and restated as follows:

In order for counsel to make arrangements for adequate deposition space, counsel who intend

---

[3] The Coordinating Counsel for the United States is Michael Underhill. The Coordinating Counsel for the States is Alabama Attorney General Luther Strange.

to attend a deposition noticed in this MDL should advise Liaison Counsel and Coordinating Counsel for the noticing party not fewer than seven (7) business days prior to the deposition, whenever feasible.[4]

**D.     Procedure**

No change.

## II.     CONDUCT OF DEPOSITIONS

**A.     Examination**

The second and third sentences are amended and restated as follows:

Questioning by Plaintiffs should ordinarily be by Liaison Counsel, a member of the Plaintiffs' Steering Committee in MDL No. 2179, or attorneys designated by Liaison Counsel, including counsel for plaintiffs in MDL No. 2185 or counsel for claimants in any action in state courts. Questioning by the United States should ordinarily be by its Coordinating Counsel or his designee. Questioning by the States should ordinarily be by their Coordinating Counsel or his designee. Counsel for the States who have divergent positions shall engage in good faith negotiations with their Coordinating Counsel to achieve a fair portion of the limited examination time.[5] Counsel for Defendants will do likewise with their Liaison Counsel.

---

[4] All provisions of PTO No. 17 with "Liaison Counsel" are amended to include Coordinating Counsel unless otherwise noted. Therefore II.D.2 is amended as follows: "After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel and Coordinating Counsel shall be notified of the scheduled deposition at least ten (10) days in advance, unless otherwise agreed to by Liaison Counsel and Coordinating Counsel."

[5] See also II.F relating to coordination with other actions.

**B.** **Duration**

1. The second and third sentences of this section are amended and restated as follows:[6]

Absent agreement of the parties, or order of this Court upon motion for good cause shown, the parties shall have fifteen (15) hours to examine a particular fact witness. The time shall be divided as follows:

| Party | Hours |
|---|---|
| Plaintiffs | 5 [7] |
| United States | 2 |
| States with pending claims in this MDL | 2 |
| Defendants | 6 |
| Total | 15 |

A party may cede up to one hour of time to another party. For example, the Plaintiffs may agree to limit their time for a particular witness to four hours and cede an hour to the United States so that it has three hours to conduct its examination. In the absence of agreement among the parties, the foregoing allotment of time also indicates the order of examination for a witness.

2. No change.

3. This section is amended and restated as follows:

The time limits set forth above shall be the actual time spent in examining the witness including any time spent on objections and colloquy. Time spent on breaks or lunch shall not be

---

[6] The time limits for expert depositions are not altered. The Court will consider the modification of these time limits prior to the start of expert depositions.

[7] Including the fifteen (15) minutes allotted to one PSC representative from MDL No. 2185. See II.F.2.

counted toward the time limits. During the planning for depositions, Liaison Counsel and Coordinating Counsel should confer and designate upcoming depositions as: 1) not requiring the total time set forth above; 2) requiring the full time set forth above; or 3) requiring more time and an agreement on how much more and how it will be divided.

    4.    This section is amended and restated as follows:

Not every witness will require the time allocated above. These time limits are presumptive <u>outer limits</u>. The Court expects and anticipates that there will be many witnesses who can be deposed in less than the presumptive time limit. Counsel shall confer and attempt to agree to limit such depositions to lesser time, with proportional allotment of time. The Court reserves the right to <u>reduce</u> these limits.

**C.**    **Location of Depositions**.

Subject to the provisions of Pretrial Order No. 21 which designates the location of BP employee depositions and other such orders regarding the location of depositions, there are no other changes in II.C.

**D.**    **Scheduling**.

    1.    This section is amended and restated as follows:

Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. The Court expects counsel to cooperate and coordinate the scheduling of depositions. **Beginning March 2011, depositions shall be multi-tracked through**

**the remainder of the fact deposition period.**[8]  Liaison Counsel and Coordinating Counsel shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions. To the extent the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

    2.    No change.

    3.    No change.

    4.    II.D.4. is amended and restated as follows:

Liaison Counsel and Coordinating Counsel or their designees shall meet and confer to calendar or set-aside at least fifteen (15) working days per month for multi-track depositions from March 2011 through the remainder of the fact deposition period. By February 9, 2011, a preliminary schedule reflecting the days set aside and the persons to be deposed (including name, employer and job title, and anticipated length of each deposition) shall be presented to Magistrate Judge Shushan. Thereafter Liaison Counsel and Coordinating Counsel shall confer at least once a month with the Magistrate Judge to finalize the schedule for the upcoming month. At the end of each month Liaison Counsel and Coordinating Counsel shall e-mail the Magistrate Judge a running list of the persons who have been deposed. This list shall include the name, employer and job title, and the approximate length of each deposition (e.g., one day, or day and a half).

E.    Deposition Day

This section is amended and restated as follows:

A deposition day shall be commence at 8:30 a.m. and terminate after seven and half (7.5)

---

[8] Multi-tracking contemplates more than one deposition being taken at the same time. The parties are to fill the allotted days set aside for depositions regardless of whether a witness who was first contemplated for a date becomes unavailable on that date or otherwise.

hours exclusive of breaks and lunch. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be a 15-minute morning break and a 15-minute afternoon break, with one (1) hour for lunch.

**F.     Coordination With Other Actions**.

This section is amended and restated as follows:

1.     <u>Coordination with pending state court actions</u>.

In cases where there has been a cross-noticing of depositions with cases brought by state-court plaintiffs whose cases have not been removed and consolidated into this MDL, said counsel for state-court plaintiffs should provide their case-specific written questions to the PSC ten (10) days in advance of the deposition.[9] The time provided to the Plaintiffs has been increased from PTO No. 17, so that the PSC can accommodate requests from counsel for state-court plaintiffs **for questioning unique to these cases.** If, on motion by a state-court plaintiff, the Court finds that the interests of a plaintiff are not adequately represented, the Court may in its discretion allot specific time to counsel on a case-by-case basis.

2.     <u>Coordination with MDL No. 2185.</u>

The Court and counsel will endeavor to coordinate discovery with the related MDL No. 2185 pending in the Southern District of Texas. It appears to the Court that the majority of BP and other fact witnesses to be deposed in the MDL No. 2179 proceedings (such as occurrence witnesses involved in the casualty and/or with rig or drilling operations) are of limited relevance to the shareholder securities, derivative, and ERISA claims that are consolidated in MDL No. 2185.

---

[9] BP, as the party cross-noticing the depositions, shall give notice of this Order and all relevant pre-trial orders to all known counsel in the related state court lawsuits. Said counsel should also be advised of the Court's public MDL website. BP shall also provide the PSC with a list of contact information (including email addresses) for all such state court plaintiff counsel.

However, the Court allots fifteen (15) minutes to one PSC representative from MDL No. 2185 to ask questions. Counsel may waive the allotment and cede the time to the PSC. In the case of specific witnesses that are of greater interest to MDL No. 2185 plaintiffs (such as those named as defendants in MDL 2185 and/or senior BP executives), Liaison Counsel and the Coordinating Counsel shall meet and confer to seek agreement regarding the amount of time necessary to ensure that all parties have a fair opportunity to depose those specific fact witnesses. If after conferring, counsel for MDL No. 2185 believe their interests are not adequately represented, the Court may, in its discretion allot specific time to counsel on a case-by-case basis.

**H.     Postponements**

No changes.

**I.     Objections and Directions Not to Answer**

No changes.

**J.     Telephonic and Internet Participation**

No changes.

**K.     Avoidance of Duplicative Depositions**

No changes.

**L.     Disputes During or Relating to Depositions**

No changes.

**M.     Documents Used in Connection with Depositions**

2.     <u>Copies</u>.

This section is amended and restated as follows:

Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to counsel for the parties and the deponent during the course of the deposition. These may be distributed as hard-copies or by CDs containing the relevant documents.

N.    **Video Depositions**

No changes.

O.    **Telephone Depositions**

No changes.

P.    **Selection of Court Reporting Firm**

No changes.

III.    <u>**FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**</u>

No changes.

\* \* \*

**Unless expressly revised by this Order, the provisions of Pretrial Order 17 remain in full force and effect.**

New Orleans, Louisiana, this 27th day of January, 2011.

_____
**CARL J. BARBIER**
**United States District Judge**

9