UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## NOTICE OF JOINDER IN MOTION TO SUPERVISE
## *EX PARTE* COMMUNICATIONS BETWEEN BP DEFENDANTS
## AND PUTATIVE CLASS MEMBERS

NOW INTO COURT comes Bobby Jindal, in his capacity as Governor of the State of Louisiana and the State of Louisiana ("State"), through James D. "Buddy" Caldwell, Louisiana Attorney General, and hereby submits this brief in support of the pending Motion to Supervise *Ex Parte* Communications Between BP Defendants and Putative Class Members (Doc. No. 912) ("Motion"). The State joins in the request for this Court to supervise and, when necessary, direct communications to putative class members.[1]

The Governor is the chief executive officer of the State and is charged with ensuring that the laws of the State and of the United States are faithfully executed pursuant to Article IV, Section 5(A) of the Louisiana Constitution. The Attorney General is the chief legal officer of the State of Louisiana pursuant to Article IV Sec. 8 of the

---

[1] By joining in the Motion, the State does not waive its right to object to federal jurisdiction over any action for damages that it may file as a result of the Gulf oil spill.

Louisiana Constitution. Moreover, the State has a quasi-sovereign interest in the economic well-being of its citizens. *State ex rel. Ieyoub v. Bordens Inc.*, 95-2655 (La.App. 4 Cir. 11/27/96), 684 So.2d 1024, 1026, *writ denied*, 97-0339 (La.3/14/97), 690 So.2d 42.

The State believes that all claimants will benefit from this Court's supervision of the claims process.[2] First and foremost, the Court can ensure that legal safeguards afforded to claimants are preserved. Additionally, the Court may take steps to rectify any misleading statements that have been made in the past. Finally, the Court may also prohibit BP, Mr. Feinberg, and the Gulf Coast Claims Facility ("GCCF") from requiring overly broad releases that purport to release claims that are not subject to the Oil Pollution Act, 33 U.S.C. 2701 *et seq.* claims process.

The State is uniquely concerned with and has actively engaged in ensuring that BP and its agents perform in an ethical and fair manner when satisfying BP's obligation under OPA to resolve claims related to the Deepwater Horizon disaster. Louisiana citizens filed approximately 40% of the 484,437 claims pending before the GCCF, more than any other state. Gulf Coast Claims Facility, Overall Program Statistics, at 1 (January 29, 2011), attached as Exhibit A; Gulf Coast Claims Facility, Louisiana

---

[2] Rule 23 of the Federal Rules of Civil Procedure empowers the Court to exercise jurisdiction over parties and their agents in order "to regulate communications with potential class members, even before certification." MANUAL FOR COMPLEX LITIGATION, FOURTH (Fed. Judicial Center 1995) §21.12; *see also Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981) ("a district court has both the duty and the broad authority to exercise control over a class action"); *In re School Asbestos Litigation*, 842 F.2d 671, 680 (3rd Cir. 1988). ("Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.").

Program Statistics, at 1 (January 29, 2011), attached as Exhibit B. Yet the vast majority of Louisiana claimants are currently not represented by counsel. Exhibit B at 1.

The State has analyzed the processing of claims from the outset of the spill. Current data reveals processing issues that disproportionately affect the citizens of Louisiana. For example, GCCF reports that the number of claims received is 484,803, but the number of claims submitted is 674,421. Thus, a large, unexplained discrepancy exists between claims "submitted" and claims "received." The State knows from previous reporting that Louisiana represented the majority of those claims that are in limbo. Consequently, Florida has more claims paid than Louisiana, which was ground zero of the oil spill.[3]

OPA places distinct legal duties upon BP. OPA Section 2705(a) requires that BP establish a procedure for the payment or settlement of claims for interim, short-term damages. BP established a $20 billion trust to pay claims arising from the spill, including interim claims. Mr. Feinberg is the arbiter of who will receive the funds and established "protocols" regarding "emergency payments," and, more recently, final payments. In a recent Bloomberg interview of Ken Feinberg, Mr. Feinberg expressly stated that the "interim claims program has not been implemented yet."[4] If this is true, then the GCCF procedure has not been compliant with federal law. The emergency payments also

---

[3] Louisiana has submitted 39% of all claims while Florida has submitted 31%. Alabama has submitted 14% and Mississippi 10%. The Louisiana success rate for claims being paid is 33% while Florida's is 44% and Alabama's is 39%. The overwhelming majority of individual claims being paid are Food, Beverage and Lodging (53%) and Retail, Sales and Service (35%). Fishing and Seafood Processing and Distribution represent only 8.5%. This means that Louisiana residents working in the fishing industry are not being paid.
[4] http://www.bloomberg.com/video/65253264

cannot satisfy the requirement because the GCCF terminated that program on November 23, 2010.

Another conflict in the process is the release being used by the GCCF. Section 2715(b)(2) clearly states that payment of a final claim "shall not foreclose a claimant's right to recovery of all damages to which the claimant otherwise is entitled under this Act or under any other law." Beyond this provision, OPA Sections 2702 and 2715 prohibit the extent of the release currently being required by Mr. Feinberg and the GCCF and the subrogation rights contained in the GCCF release.

As with others seeking judicial oversight of Mr. Feinberg and GCCF, the State supports the GCCF and does not wish to see it impeded in its mission to efficiently compensate individuals and businesses that have been adversely impacted by the Gulf oil spill. However, the State is concerned by reports regarding the GCCF's operation, especially as it pertains to communications with claimants. The GCCF's misrepresentations may entice claimants to waive rights under both federal and state law that are not otherwise subject to the OPA claims process.

The Governor's and the Attorney General's primary concern is that the citizens of Louisiana are protected and their livelihoods are restored. While the State supports Mr. Feinberg's efforts, the State must ensure that BP's desire for quick resolution does not trump the right to a fair proceeding. Court supervision will guarantee that claimants receive full and unbiased information while allowing the GCCF to provide compensation as quickly as possible.

Respectfully submitted,

BOBBY JINDAL
LOUISIANA GOVERNOR

By: *[signature]*

Elizabeth Baker Murrill
Deputy Executive Counsel
*Attorney for Governor Bobby Jindal*


*[signature]*

JAMES D. "BUDDY" CALDWELL
LOUISIANA ATTORNEY GENERAL


## CERTIFICATE OF SERVICE

We Hereby Certify that the above and foregoing NOTICE OF JOINDER IN MOTION TO SUPERVISE *EX PARTE* COMMUNICATIONS BETWEEN BP DEFENDANTS AND PUTATIVE CLASS MEMBERS will be filed into the record using the Court's electronic filing system, thereby effecting service on all counsel of record, this 1st day of February, 2011.

*[signature]*
Elizabeth Baker Murrill