# EXHIBIT B

From: Andrew Langan [mailto:alangan@kirkland.com]
Sent: Tuesday, February 01, 2011 1:22 PM
To: Bertaut, Carmelite
Cc: Andy Langan (andrew.langan@kirkland.com); Don Haycraft (dkhaycraft@liskow.com); James Roy; Kerry Miller; liaison2179@liskow.com; Steve Herman
Subject: MDL 2179 -- BP- DEPO INFO FORM

Counsel:

BP shares Cameron's concerns about the proposed process and the specific form we were given and would add these points.

1. Background information about a deponent can be quickly and easily gleaned in the traditional Q&A fashion in the deposition, especially with the longer time set aside by PTO 27.

2. The form forwarded by the PSC is really akin to a new set of interrogatories to each deponent -- and interrogatories are provided for under the Federal Rule to be served on parties, while most of the deponents are not parties.

3. Making a producing party answer these interrogatories for a witness will be time consuming, and introduce another labor intensive process to the depositions in this case, beyond the custodial file certification and "were they a responder" requirements of PTO 17 we are already facing. BP bears the brunt of all this process already;   we don't need more, when the questions can be asked in the traditional manner.

4. The form itself goes well beyond the kind of basic background information that was under discussion and stretches into 2 pages.   Even the PPFs that the court required which are to be basically the Rule 26(a) disclosures of a party to the case are limited to one page, yet the PSC is asking every deponent to fill out  a much longer form, in addition to being deposed for 15 hours or more.

And so for all these reasons, the proposed form is not something BP will agree to for deponents.

Best regards

Andy



J. Andrew Langan, P.C.|  Kirkland & Ellis LLP
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 DIRECT | (312) 862-2200 FAX
andrew.langan@kirkland.com

"Bertaut, Carmelite" <CBertaut@stonepigman.com>

02/01/2011 01:00 PM
 To
 "jimr@wrightroy.com" <jimr@wrightroy.com>, "Don Haycraft (dkhaycraft@liskow.com)" <dkhaycraft@liskow.com>, "Andy Langan (andrew.langan@kirkland.com)" <andrew.langan@kirkland.com>, Kerry Miller <kmiller@fpkc.com>

cc
 "liaison2179@liskow.com" <liaison2179@liskow.com>, Steve Herman <sherman@hhkc.com>

Subject
 RE: BP- DEPO INFO FORM

Jim,
   I speak only for Cameron--whose witnesses are not set for this month.
   Our view is that plaintiffs' proposal is just another form of written discovery upon the defendants, and that the forms are unduly burdensome.
   First, the witness can directly answer those questions in his/her deposition.  The time that it will take to ask the questions will be considerably less than the time that the defending company will spend in obtaining the answers.  The questions, if asked at all, should be asked at the deposition.
   Secondly, if these forms were to be completed and submitted ahead of time, the net effect is to increase the time allotted for the witness's deposition in that he is answering written questions which time will not count against the time allotments given in PTO 27.  As you know, Cameron was of the view that the original time set for depositions did not need to be inflated and now, with the increases granted by PTO 27, believes there is surely no justification to further routinely inflate questioning time.
    Thirdly, we have issues with some of the questions themselves.   Some of the questions that PLC now proposes for all deponents to answer include questions which PLC did not ask in any of the first four depositions.  For example, do any family members work for any defendant?  Who does your spouse work for?   Other questions reflect areas of interrogation that Magistrate Shushan [gently] took some issue with: what high school you attended and where you grew up.  It is unlikely that such questions will be asked for each and every deponent in a deposition and thus, there is no reason to burden the defending company with routinely having to provide such material.  And the other questions (age, DOB, current employment) are universally recognized as precisely the type of interrogation expected at a deposition--that is, when the court established the 15 hour day, it undoubtedly considered that some of that time would be taken up with just these sorts of questions.
   So, Cameron objects to the adoption of written questions to be asked of a deponent.


Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-593-0898
Fax:  504-596-0898

Email:  cbertaut@stonepigman.com
Website:  www.stonepigman.com

IRS Circular 230 Notice:  To ensure compliance with requirements imposed by the IRS, please be informed that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  For more information about this notice, please visit http://www.stonepigman.com/news/showNews.html?id=73.
_____

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.

--------------------------------------------------------------------------------

From: James Roy [mailto:JIMR@wrightroy.com]
Sent: Tuesday, February 01, 2011 10:45 AM
To: Don Haycraft (dkhaycraft@liskow.com); Andy Langan (andrew.langan@kirkland.com); Kerry Miller
Cc: liaison2179@liskow.com; Steve Herman
Subject: BP- DEPO INFO FORM

We've gotten little feedback from Defense to the form circulated recently that  I'm aware of, please give us your feedback if any as soon as possible. Jim


JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
P.O.Box 3668
Lafayette, LA. 70502
1-800-375-6186 337-233-3033
Direct Line: 337-593-4190
jimr@wrightroy.com
www.wrightroy.com

Secretary:Sandy
----337-593-4191
sandym@wrightroy.com

Legal Asst: Susan
----337-593-4176
susanl@wrightroy.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*