MINUTE ENTRY
WILKINSON, M. J.
JUNE 18, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HORNBECK OFFSHORE SERVICES, L.L.C.        CIVIL ACTION

VERSUS                                     NO. 10-1663

KENNETH LEE SALAZAR                        SECTION "F" (2)

## HEARING AND ORDER ON MOTIONS

APPEARANCES: Carl Rosenblum and Alida Hainkel, representing plaintiffs; Guillermo Montero and Brian Collins, representing defendants; Catherine Wannamaker and Adam Babich, representing the proposed intervenors

MOTIONS: (1) Motion for Expedited Hearing on Motion to Intervene, Record Doc. No. 38
(2) Motion to Intervene, Record Doc. No. 37

O R D E R E D:

 (1) : GRANTED. A telephone conference regarding the motion to intervene was conducted on this date.

 (2) : GRANTED, subject to the conditions contained herein. As to intervention of right, Rule 24(a) states: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so

**MJSTAR: 0 : 10**

**Exhibit I**

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994). Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest [which interest must be "direct, substantial [and] legally protectable"] that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of the case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002); Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001); Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir. 1996); Espy, 18 F.3d at 1204-05, 1207 (quoting Piambino v. Bailey, 610 F.2d 1306, 1321 (5th Cir. 1980)).

    As to permissive intervention, Fed. R. Civ. P. 24(b) provides in pertinent part: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b) (emphasis added).

    As Judge Feldman has previously noted in denying a motion to continue the preliminary injunction hearing in this case, which is scheduled for this coming Monday morning at 9:30 a.m.: "The issues presented [in this matter] are of national significance and to delay resolution would be irresponsible." Record Doc. No. 23. The proposed intervenors waited until the last business day before the scheduled preliminary injunction hearing to file these motions. Nevertheless, as in Sierra Club v. Espy, weighing the foregoing factors, it appears that their intervention is one of right and must be permitted. However, because of the lateness of the filing of these motions and the need for the preliminary injunction hearing before Judge Feldman to go forward as scheduled without further delay, IT IS ORDERED that leave to intervene is granted, but only subject to the following conditions:

    (1) Intervenors must electronically file and serve a single brief in compliance with Judge Feldman's previous order, Record Doc. No. 10, no later than noon, Saturday, June 19, 2010.

    (2) The movants are being permitted to intervene as defendants. The one hour previously allotted to the defense side for its presentation at Monday's hearing, Record Doc. No. 10, will not be extended. Any presentation that intervenors may be permitted

to conduct will result in reduction of the one hour previously allotted to the government defendants.

                                               JOSEPH C. WILKINSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

**CLERK OF COURT TO NOTIFY**
Hon. Martin L.C. Feldman

3