UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ENSCO OFFSHORE COMPANY                              CIVIL ACTION

VERSUS                                              NO. 10-1941

KENNETH LEE SALAZAR ET AL.                          SECTION "F" (2)

### ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:       Defendant-Intervenors' Motion to Intervene, Record Doc. No. 23

O R D E R E D:

 XXX : GRANTED. Pursuant to my previous order, Record Doc. No. 33, the deadline for filing written opposition, if any, to Defendant-Intervenors' Motion to Intervene, Record Doc. No. 23, was August 17, 2010. No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,
   **IT IS ORDERED** that the motion is granted.
   As to intervention of right, Rule 24(a) states:
   On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
Fed. R. Civ. P. 24(a). Thus, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a "direct, substantial [and] legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation

Exhibit J

omitted); Ross, 426 F.3d at 753; Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002); Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001); Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir. 1996); Espy, 18 F.3d at 1204-05, 1207 (quoting Piambino v. Bailey, 610 F.3d 1306, 1321 (5th Cir. 1980)).

As to permissive intervention, Fed. R. Civ. P. 24(b) provides in pertinent part:
(1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
\* \* \*
(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (3) (emphasis added). "Federal courts should allow intervention where 'no one would be hurt and greater justice could be attained.'" Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005) (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

On its face, the proposed intervention clearly qualifies as a permissive intervention since it shares common issues of law and fact with the main case. Moreover, particularly in the absence of any opposition, the proposed intervention in this case appears to meet all factors to qualify as an intervention of right. It is timely. The intervenors assert a substantial interest in the subject moratoria. Their interest may be impeded if they cannot protect it in this case, and no other party adequately represents their particular interests. A similar intervention has already been permitted in the related case of Hornbeck v. Salazar, C.A. No. 10-1663 "F"(2). Accordingly, the motion is granted.

New Orleans, Louisiana, this \_\_\_20th\_\_\_ day of August, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE