UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on | * | SECTION:  J |
|     APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL | * | MAG. JUDGE SHUSHAN |
|     CASES | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * **

**OPPOSITION OF DEFENDANT CAMERON INTERNATIONAL
CORPORATION TO MOTION TO AMEND PRE-TRIAL ORDER 17**

      Plaintiffs' Liaison Counsel's motion to amend Pre-Trial Order 17 to require the completion of a "Deposition Witness Profile Form" is a veiled attempt to inflate further the time allowed for plaintiff's questioning of fact witnesses and will unduly burden the defendants and witnesses.  For these reasons, Cameron International Corporation ("Cameron") opposes the motion.

**PLAINTIFFS' PROPOSED FORM**

      The proposed profile form is a two page document asking approximately 50 questions, including subparts, to be completed by each deponent and delivered to the PLC five days before the deponent's deposition.  The proposed form is twice as long as the original

1045395v.1

Plaintiff Profile Form adopted by the Court, requires more background information than currently required of *any* plaintiff in this litigation and does not accept counsel certification of accuracy and completeness, as is acceptable with Plaintiff Profile Forms.

Some of the questions that PLC now proposes for all deponents to answer include questions which the PLC did not ask in *any* of the first four depositions. For example:

7. Spouse's employer: _____

8. Spouse ever employed by any of the defendants?
   YES _____ NO _____

IF YES,
EXPLAIN:_____
_____

******************************************************************

10. Father, Mother, brother, sister, sister/brother in law, child or other relative employed by any of the defendants?  YES_____ NO _____.  If YES, who, when and in what capacity:
_____
_____

Rec. d. 1096-2, p.1.

Given that the forms will be completed by witnesses employed by defendants in this litigation, the possibility that a witness' family member may also be employed by a defendant is not particularly relevant or noteworthy.

Moreover, the PLC's proposal comes literally hours after the Court significantly expanded the time available from four to nine hours for plaintiffs to ask questions of each deponent.  The PLC justifies the form as "intended to preserve precious deposition time."  Rec. d. 1096-1.  Many of the 50 written questions are questions that the Court undoubtedly expected to be asked when it more than doubled the time for plaintiffs' questioning.  For example, see numbers 2 (home address); 15 (employment history before April 20, 2010); 17 (employment as

of April 20, 2010, and all prior positions with the defendant employer); and 19 (the date and purpose of the witness' last visit onboard the *Deepwater Horizon*).

### THE FORM IS BURDENSOME AND IMPERMISSIBLY EXPANDS THE TIME LIMITS FOR QUESTIONING SET BY THE COURT.

If considered relevant, the 50-plus questions can be asked of the witness in his/her deposition.[1]  The time that it will take to orally ask the questions will be considerably *less* than the time that the defending party--and witness-- will spend in obtaining and writing answers.

The PLC pretends that this is a time saving device but the only time saved is their own--at the expense of the witness and the defending party who must answer the form.  The PLC have impermissibly shifted the time necessary to obtain the witness's answers onto the defending party.  As a result, that party and the witness save *no* time.

If these forms were to be completed, the net effect would be to *increase* the time allotted for the witness deposition because time spent answering written questions will not count against the time allotments given in PTO 27.  The PLC have offered no justification to further routinely inflate questioning time.

### CONCLUSION

The proposed questions, if asked at all, should be asked at the deposition requiring the plaintiffs to balance their need for the information against the time allotted for

---

[1] The detailed background that the PLC claims it requires of all fact witnesses is in stark contrast to what the PLC contended the defendants were entitled to learn about each plaintiff via Plaintiff Profile Forms submitted in lieu of initial disclosures.  Defendants would have appreciated learning the employment history of all those who have sued them for economic loss and whether any plaintiff has been convicted of any crime, to mention just a few items.  They would have also appreciated the party himself, rather than his counsel, certifying the accuracy of the Profile Form, a request opposed by the PLC.

questioning. Relieving the plaintiffs here of that burden is not conducive to judicial economy. For these reasons, Cameron objects to the adoption of the proposed written questions.

        Respectfully submitted,

        David J. Beck, T.A.
            dbeck@brsfirm.com
        Joe W. Redden, Jr.
            jredden@brsfirm.com
        David W. Jones
            djones@brsfirm.com
        Geoffrey Gannaway
            ggannaway@brsfirm.com
        BECK, REDDEN & SECREST, L.L.P.
        One Houston Center
        1221 Mckinney, Suite 4500
        Houston, TX  77010-2010
        713-951-3700
        713-951-3720 (fax)

        and

        */s/ Phillip A. Wittmann*
        Phillip A. Wittmann, 13625
            pwittman@stonepigman.com
        Carmelite S. Bertaut, 3054
            cbertaut@stonepigman.com
        Keith B. Hall, 24444
            khall@stonepigman.com
        Jared Davidson, 32419
            jdavidson@stonepigman.com
        STONE PIGMAN WALTHER WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        504-581-3200
        504-581-3361 (fax)

        ATTORNEYS FOR DEFENDANT
        CAMERON INTERNATIONAL
        CORPORATION

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition of Defendant Cameron International Corporation to Motion to Amend Pre-Trial Order 17 has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre Trial Order # 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 8th day of February, 2011.

                                        */s/ Phillip A. Wittmann*
                                        Phillip A. Wittmann

1045395v.1