U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   FEB - 3 2011

LORETTA G. WHYTE
CLERK

11-237
SECT. J MAG. 1

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
   Joseph M. Matranga, et al. v. BP Products North America,
      Inc., et al., S.D. Alabama, C.A. No. 1:10-607    )  MDL No. 2179

## TRANSFER ORDER WITH SIMULTANEOUS
## SEPARATION AND REMAND

      **Before the Panel:**[*] Defendants BP America, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Halliburton Energy Services, Inc., and Cameron International Corp. have moved the Panel, pursuant to Rule 6.1, to transfer this action (*Matranga*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. The *Matranga* plaintiffs support the motion. Defendant Boyett Portable Restrooms, Inc. (Boyett), however, opposes the motion, and, in the alternative, requests that the claims against it be separated and remanded to the Southern District of Alabama. None of the other defendants in the action submitted a response.

      After considering all argument, we will grant the motion to transfer. Similar to many plaintiffs already in the MDL, the *Matranga* plaintiffs allege that the oil spill that ensued following the April 20, 2010, explosion and fire on the Deepwater Horizon oil rig has diminished the value of their property. The *Matranga* complaint also contains the allegation that plaintiffs suffered physical injury from the chemical dispersant or dispersants used on the spilled oil – an issue also common to certain other actions already in the MDL. The record thus demonstrates that *Matranga* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and we conclude that transfer of the action to the MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

      With respect to plaintiffs' claims against Boyett, however, we conclude that separation and remand of the claims against it to be appropriate. Boyett contends that those claims are limited to its placement of a single portable toilet and a single portable sink on property adjacent to plaintiffs'. That contention is undisputed, and the record indicates that Boyett is not a party to any action already

---

[*]   Judge Kathryn H. Vratil took no part in the disposition of this matter.

__Fee _____
__Process____
_x_ Dktd _____
__CtRmDep____
__Doc. No._____

-2-

in the MDL.[1] Finally, moving defendants themselves do not oppose Boyett's request for separation and remand.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that plaintiffs' claims against defendant Boyett Portable Restrooms, Inc., are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Southern District of Alabama.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.          Barbara S. Jones
Paul J. Barbadoro

---

[1] Although certain other defendants in *Matranga* may be similarly situated to Boyett, there is no way definitively to ascertain whether that is the case, as none of them responded to the motion to transfer. As moving defendants point out, the transferee judge has established a "Pleading Bundle" covering "all claims, of any type, relating to post-explosion clean-up efforts."