UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**BP'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PRETRIAL ORDER 17**

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, the "BP Parties") respectfully object to the PSC's proposed amendment to Pre-trial Order 17, which seeks to force each deponent in these proceedings to complete a 21 question "Deposition Witness Profile" sheet ("Witness Profile").

*First*, while the PSC's sole justification for the Witness Profile is preserving "precious deposition time," each deponent will be questioned for up to 15 hours by the parties – 9 hours for the plaintiffs alone -- giving the parties more than enough time to thoroughly examine each deponent regarding their background and involvement in this matter. *Second*, the PSC's Witness Profile would place an additional -- and wholly unnecessary-- burden on the parties producing the deponents, which, in the case of the BP Parties, are already are producing hundreds of thousands of documents, responding to voluminous written discovery requests, and producing a multitude of witnesses for deposition. *Third*, the PSC's Motion would violate the Federal Rules

of Civil Procedure by essentially asking the Court to order nonparties to complete a set of 21 interrogatories for each deposition, many of which ask for substantive information beyond the "basic background questions."[1]  *Finally*, many of the PSC's Witness Profile questions are irrelevant fishing expeditions and, to the extent they should be answered at all, are more appropriately answered during the witness's deposition.  The PSC's request should be denied.  If the PSC or other parties want the deponents to answer the Witness Profile questions, they should simply ask them during the deposition.

## BACKGROUND

On November 16, 2010, after extensive negotiation among the parties to this action, Judge Barbier entered PTO #17, which generally allotted 8 hours of questioning time for each deponent.  After hearing concerns from the parties about the amount of time available to question each witness, the Court amended PTO #17 on January 27th to allow up to 15 hours of questions for each deponent, including 9 hours for the PSC and governmental agency plaintiffs.  PTO #27 § II.B.1.  *The very next day*, the PSC asked the Court, in effect, for even more time to question each deponent by ordering each deponent to complete a 2-page questionnaire with a 21 question Witness Profile.

The PSC first raised the prospect of the Witness Profile at the January 28 hearing before Magistrate Judge Shushan.  At that time, the PSC presented it as a simple questionnaire regarding each deponent's educational and work background.  The Witness Profile goes well-beyond those basic topics, however.  It asks questions about the deponent's spouse's and family's employment, *see* Questions 6,7,10, and asks the deponent to describe his or her

---

[1] At the January 28th status hearing, the Witness Profile was discussed as a brief, straight-forward questionnaire asking each deponent to state their "full name, when were you born, where were you born, where did you go to high school, what's your education post high school."  1/28/11 Status Conf. Tr., at 23.  The Witness Profile proposed by the PSC, however, goes well beyond these basic background questions, seeking the employment history of the deponent's family members and asking detailed questions about the deponent's involvement with design, manufacture, maintenance, and eventual explosion and fire of the Macondo well and the DWH rig.

interactions with the Macondo well "service, planning, advice, engineering . . . maintenance, repair, inspection," fire and explosion.  *See* Questions 18-21.  In fact, the Witness Profile asks questions that have not been asked at any of the previous depositions.

## **ARGUMENT**

The PSC's stated justification for asking the Court to force every deponent to complete the proposed Witness Profile is to save "precious deposition time" because this is a complex case where "multiple attorneys (both Plaintiff and Defendant) must share deposition time." Pl. Mem. at 2.  This concern is invalid especially given the additional time allotted by PTO #27, which granted the parties 15 hours to question each witness (including 9 hours solely for the PSC and government plaintiffs).  That allotment is more than twice the amount of time contemplated by the Federal Rules of Civil Procedure as the norm for depositions.  Fed. R. Civ. Proc. 30(d)(1).  It is also more than enough time to allow the parties a fair opportunity to question each witness -- particularly if they are heeding the Court's repeated admonishments to coordinate their deposition questioning.  S*ee* PTO #27, § II.B.1.  Given that the depositions have been extended by a full day and the Court has already created procedural safeguards to ensure that the parties have a fair opportunity to question each deponent, there is no reason why the Court should order yet another burden to be placed on the producing parties and on the deponents themselves.  The Court has already sufficiently addressed PSC's concerns about timing.

The parties producing the deponents, most of which are already facing extraordinary discovery requirements, would shoulder the entire burden of completing the Witness Profiles.  For example, the BP Parties, which are producing a number of current and former employees for deposition, have already produced hundreds of thousands of documents, responded to voluminous written discovery requests, and are providing a brief summary of each deponent's involvement in the underlying events prior to each deposition.  *See* PTO #17, § I.C.2.  Placing an

3

additional and unnecessary burden on the BP Parties and on other producing parties is inequitable and unwarranted, particularly when the effort and time that it would take for the PSC to simply ask each deponent these questions during the deposition is so minimal.  Moreover, undoubtedly the questionnaires will likely lead to many of the same questions asked during the deposition for follow up to the information disclosed.  As such, asking the questions during the deposition is the more practical, efficient and customary way to elicit information about the deponent.

Even if the PSC's timing concerns were legitimate -- and they are not and have not been throughout the depositions thus far -- the PSC's proposed Witness Profile would do virtually nothing to solve them.  While completing the Witness Profile prior to each deposition would require significant time and effort for the deponent and the deponent's counsel, it would *at most* save the questioning party a few minutes at the beginning of each deposition.  That is why the PSC's overwrought argument that they could be "derail[ed] . . . from expeditiously prosecuting this case" if the Court does not order the Witness Profiles to be completed falls so flat.  Pl. Mem. at 2.  The parties have been given up to two days to question each deponent.  If the parties are interested in getting the deponent's educational background and work experience on the record, they can use a few minutes of their fifteen hours of questioning time to ask these questions, as other attorneys do almost universally at the beginning of depositions in nearly every civil case.  If they are not interested in this information, they are free to use their allotted time as they see fit and the Witness Profile would be a wholly unnecessary burden on the producing parties.

Additionally, the PSC's request goes beyond the Federal Rules of Civil Procedure by essentially seeking to serve a set of 21 interrogatories on nonparties to this lawsuit.  Fed. R. Civ. P. 33 (interrogatories may be served by a party "on any other *party* . . .") (emphasis added)

Courts in the Fifth Circuit and across the country "have uniformly denied litigants' attempts to use interrogatories to obtain information from nonparties." *Ackah v. Greenville County Sch. Dist.*, No. 6:07-2796-HFF-WMC, 2008 WL 972448, at *1 (D.S.C. Apr. 9, 2008) (denying plaintiff's motion to compel responses to interrogatories that were directed to current and former employees of defendant); *see also Jackson v. Boise Locomotive*, No. H-08-2545, 2009 WL 2252246, at *8 (S.D. Tex. July 28, 2009) (denying motion to compel interrogatory responses because they were directed to a party's current and former employees, not to the party itself); *Hall v. Cain*, No. 99-0541, 2008 WL 4377338, at *3 (M.D. La. Sept. 25, 2008) ("[T]he Federal Rules of Civil Procedure to not provide a mechanism for interrogatories addressed to non-parties"); *Morris v. Carrasco*, No. 1:09-CV-00438, 2011 WL 149376, at *1 (E.D. Cal. Jan. 18, 2011) ("Interrogatories are not a discovery device for use on non-parties."); *Ibrahim v. Dept. of Homeland Sec.*, No. C 06-00545, 2009 WL 4021757, at *3 (N.D. Cal. Nov. 19, 2009) ("There is no provision in the Federal Rules of Civil Procedure made for requests for interrogatories to non-parties."); *Ward v. Empire Vision Ctrs., Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) ("[T]he federal rules provide that interrogatories may only be served upon parties to the lawsuit."); *Hardge v. Adams*, No. 1:05-cv-00718, 2009 WL 2581331, at *2 (E.D.Cal. Aug. 20, 2009) ("Plaintiff may seek records only and may not propound an interrogatory on a non-party."); *U.S. v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1397 (10th Cir. 1997) ("The discovery requests at issue here included a large number of interrogatories directed to non-parties in apparent violation of Fed. R. Civ. P. 33"); *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) ("interrogatories may only be directed to a party to an action."); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice &

Procedure §2171 (3d ed. 2008) (interrogatories may not be directed to employees of a party or officers of a corporate party).

Alternatively, the PSC's Witness Profile is apparently an attempt to force each deponent to undergo a deposition upon written questions under Rule 31 *in addition to* their oral deposition -- which is also inappropriate under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 31(a)(2).  *See also Fed. Proc. & Prac*, § 26:842 (entitled "Depositions upon Written Questions: §26:842 Alternative to Oral Deposition," stating "A deposition upon written questions is but another method of obtaining the same information that might be procured by an oral deposition.").

Finally, many of the Witness Profile questions are irrelevant to this action and can be more easily and appropriately answered in a deposition.  For example, Questions 6-8 and 10 of the PSC's Witness Profile ask questions about the deponent's spouse's and family's employment history -- questions with marginal relevance to this action.  Questions 18-21 of the Witness Profile ask the deponent to essentially detail all of the deponent's interactions with the "service, planning, advice, engineering . . . maintenance, repair, inspection," fire and explosion of the Macondo well.  These questions are the very reason that most of the deponents are being deposed in the first place.  Unless the deponent's answer to each of these questions is "no" -- and if it is, it will take the parties no more than a few minutes of deposition time to figure that out -- each deponent will be examined thoroughly on his or her answers to questions 18-21 even if the Witness Profile is filled out completely.  If the parties are interested in the answers to these questions, they should simply ask them during the deposition rather than having the Court burden the deponents and the producing parties with completing a cumbersome Witness Profile

when many of the questions it asks are either irrelevant or will likely be re-visited during the depositions anyway.

## CONCLUSION

For the foregoing reasons, the BP Parties respectfully request that this Court deny the PSC's motion to further amend PTO #17.

        Respectfully submitted,

        /s/ Don K. Haycraft
        Don K. Haycraft (Bar #14361)
        R. Keith Jarrett (Bar #16984)
        LISKOW & LEWIS
        701 Poydras Street, Suite 5000
        New Orleans, Louisiana  70139-5099
        Telephone:  (504) 581-7979
        Facsimile:  (504) 556-4108

        And

        Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, IL  60654
        312-862-2000 (Tel)
        312-862-2200 (Fax)

        Robert C. "Mike" Brock
        Covington & Burling LLP
        1201 Pennsylvania Avenue, NW
        Washington, DC 20004-2401
        202-662-5985

        Attorneys for BP America Production Company and
        BP Exploration & Production Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of February, 2011.

                                      /s/ Don K. Haycraft