IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER |
| *This document relates to: 10-cv-02771* | ' | MAG. JUDGE SHUSHAN |

**CLAIMANT'S MEMORANDUM
IN SUPPORTOF CLAIMANT'S MOTION TO
MODIFY THE LIMITATION RESTRAINING ORDER AND INJUNCTION**

The Court should slightly modify the portion of the Limitation restraining order which enjoins litigation against individual Transocean employees because the current order is broader than the law allows.

**I.**

**Facts**

Prior to this action being transferred to this Court, Judge Ellison issued an order which provided that "the beginning or continued prosecution of any and all suits, actions or legal proceedings in any jurisdiction other than this Court against . . . agents, officers, . . . or against any employee . . . of Petitioners arising out of the voyage of the DEEPWATER HORIZON . . . are hereby ENJOINED, STAYED, and RESTRAINED until the hearing and termination of these proceedings."  Ex. A at pg. 4.  On its face, this order most likely prohibits claimants from suing the captain of the DEEPWATER HORIZON and other Transcocean employees/agents in state court even though these individuals are not protected by the Limitation of Liability Act.  *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 487 (5th Cir. 1991); *See also* 46 U.S.C. §§ 30102, 30103, and 30512.  Consequently, the Court should

modify Judge Ellison's restraining order by deleting the overly broad language.  This will ensure that Claimant's rights under the "savings to suitors" clause and 46 U.S.C. §§ 30102, 30103, 30512 are protected.  Just as importantly, this modification will not impair the vessel owner's right to seek limitation in this Court.   Therefore, the Court should grant Claimant's motion.

**II.**

**The Court Should Grant Claimant's Motion**

The Limitation of Liability Act provides that, once a petition for limitation is filed, "all claims and proceedings against the *owner* related to the matter in question shall cease." 46 U.S.C. § 30511(c) (emphasis added).  "The benefits of the Act, however, are, by their plain terms, conferred on ship *owners* only."  *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485 (5th Cir. 1991) (emphasis in original).  As a result, the Fifth Circuit has unequivocally held that plaintiffs may sue the captain of a vessel in state court even though the vessel owner has filed a petition for limitation.  *Id*. at 486 ("The Act provides for stays of litigation against ship *owners*, not masters; therefore, we find that a stay of litigation against the master is not within the scope of the Act."); *In re Diamond B Marine Services, Inc.* 2000 WL 726885 at *3 (E.D.La. June 5, 2000) (rejecting the argument that the Court "has discretion to stay the state court action against the captains, the mate, and the non-ship-owning employer."); *See also In re Complaint of River City Towing Services, Inc.*, 199 F. Supp. 2d 495, 501 (E.D. La. 2002) (Barbier, J.).

When Transocean petitioned for limitation of liability, Judge Ellison issued an injunction preventing current and putative plaintiffs from pursuing claims against certain

2

Transocean entities. However, the injunction was overly broad to the extent that it restrained claims against "against . . . agents, officers, . . . or against any employee" of Transocean (such as the captain of the DEEPWATER HORIZON). Ex. A at pg. 4. Consequently, the Court should delete and/or modify this portion of the order to make it clear that Claimant may sue Transocean employees who the Limitation of Liability Act does not apply to.

### III.

### Conclusion

The Court should grant Claimant's motion.

> Respectfully submitted,
>
> **ARNOLD & ITKIN LLP**
>
> */s/ Cory D. Itkin*
> Kurt B. Arnold, Texas Bar No. 24036150
> Robert P. Wynne, # 30123
> Jason A. Itkin, Texas Bar No. 24032461
> Cory D. Itkin, Texas Bar No. 24050808
> M. Paul Skrabanek, Texas Bar No. 24063005
> 1401 McKinney Street, Suite 2550
> Houston, Texas 77010
> Telephone: (713) 222-3800
> Facsimile: (713) 222-3850

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on February 9, 2011.

> */s/ Cory D. Itkin*