UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179 <br><br> SECTION: J |
| THIS DOCUMENT RELATES TO: 2:10-CV-04226 (OLEANDER BENTON, ET AL. v. TRANSOCEAN LTD., ET AL.) | § § § § § | JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN DEFENDANT'S ANSWER TO
PLAINTIFF'S ORIGINAL PETITION**

Defendant Transocean Offshore Deepwater Drilling, Inc. ("TODDI") (the "Transocean Defendant")[1] responds to the Original Petition ("the Petition") of Oleander Benton and Gregory Meche ("Plaintiffs"), upon information and belief as follows:[2]

---

[1] Transocean Ltd. is filing a motion challenging personal jurisdiction and is therefore not answering the Petition.

[2] The Transocean Defendants have filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered its Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action. Transocean Defendants hereby serve notice upon Plaintiffs that the filing of Complaints against the Transocean Defendants violates the terms of Judge Ellison's Injunction/Restraining Order, all such claims against the Transocean Defendants outside of the limitation action are enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

11285906.2

For each and every allegation of the Petition, the Transocean Defendant responds as follows. To the extent that any paragraph of the Petition contains subparts, the response stated applies fully to all subparts unless expressly stated.

## ANSWER

I. The allegations set forth in Paragraph I contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

II. Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering the Petition. The Transocean Defendant admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas. Transocean Defendant further admits that TODDI can be served through its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701. To the extent not expressly admitted and with respect to the remaining allegations in this paragraph addressed to the Transocean Defendant, these allegations are denied. The Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph II.

III. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph III are true and, therefore, denies all aspects and implications of the allegations in Paragraph III.

IV. The allegations set forth in Paragraph IV contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

V. The Transocean Defendant admits that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction." The allegations set forth in Paragraph V contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

VI. The Transocean Defendant admits it is one of the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. The Transocean Defendant admits that a BP entity leased and/or chartered the *Deepwater Horizon*. The Transocean Defendant further admits that on or about April 20, 2010 Plaintiffs were aboard the *Deepwater Horizon*; however, the Transocean Defendant denies the allegation that Plaintiff Benton was aboard the *Deepwater Horizon* as a borrowed employee of the Transocean Defendant. The paragraph also contains statements of law, which do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. To the extent not expressly admitted, the Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph VI.

VII. Numbered Paragraph VII includes eight (8) separate, unnumbered paragraphs which will be addressed individually. Regarding Paragraph VII(1), the Transocean Defendant admits that on or about April 20, 2010, an explosion and fire occurred on the *Deepwater Horizon*

and the *Deepwater Horizon* subsequently sank.  The Transocean Defendant admits that eleven people are presumed to have lost their lives in the April 20, 2010 incident.  The Transocean Defendant denies negligence and/or unseaworthiness of the *Deepwater Horizon*.  The paragraph also contains statements and conclusions of law, which do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. To the extent not expressly admitted, the Transocean Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph VII(1) and denies these allegations for lack of sufficient information or knowledge.

Regarding Paragraph VII(2), the Transocean Defendant admits that a BP entity leased and/or chartered the *Deepwater Horizon*.  The paragraph includes statements and conclusions of law, which do not require a response from the Transocean Defendant, but out of an abundance of caution are denied.  To the extent not expressly admitted, the Transocean Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph VII(2) and denies all aspects and implications of the allegations in Paragraph VII(2).

Regarding Paragraph VII(3), the Transocean Defendant admits that a Cameron entity supplied the BOP.  The Transocean Defendant denies that the BOP was defective and/or substantially changed.  To the extent not expressly admitted, the Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VII(3) are true and, therefore, denies all aspects and implications of the allegations in Paragraph VII(3).

Regarding Paragraph VII(4), the Transocean Defendant admits that Halliburton provided cementing services for the Macondo well.  To the extent not expressly admitted, the Transocean

Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VII(4) are true and, therefore, denies all aspects and implications of the allegations in Paragraph VII(4).

Regarding Paragraph VII(5), these allegations are denied as to the Transocean Defendant. As to the remaining defendants, the Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VII(5) are true and, therefore, denies all aspects and implications of the allegations in Paragraph VII(5).

Regarding Paragraph VII(6) (and its subparts), the Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VII(6) (and its subparts) are true and, therefore, denies all aspects and implications of the allegations in Paragraph VII(6) (and its subparts).

Regarding Paragraph VII(7), these allegations are denied as to the Transocean Defendant. As to the remaining defendants, the Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VII(7) are true and, therefore, denies all aspects and implications of the allegations in Paragraph VII(7).

Regarding Paragraph VII(8), the allegations does not require a response from the Transocean Defendant, but out of an abundance of caution is denied.

VIII.   The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph VIII are true and, therefore, denies all aspects and implications of the allegations in Paragraph VIII.

IX. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph IX are true and, therefore, denies all aspects and implications of the allegations in Paragraph IX.

X. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph X are true and, therefore, denies all aspects and implications of the allegations in Paragraph X.

XI. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph XI are true and, therefore, denies all aspects and implications of the allegations in Paragraph XI.

XII. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph XII are true and, therefore, denies all aspects and implications of the allegations in Paragraph XII.

XIII. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph XIII are true and, therefore, denies all aspects and implications of the allegations in Paragraph XIII.

XIV. Paragraph XIV contains statements and conclusions of law, which do not require a response by the Transocean Defendant, but out of an abundance of caution are denied**.** The Transocean Defendant denies that it denied payment, unreasonably delayed payments for maintenance and cure, and/or has paid maintenance in an insufficient amount. The Transocean Defendant further denies any arbitrary, malicious, capricious, and/or wrongful conduct. To the extent not expressly admitted, the Transocean Defendant is without sufficient knowledge or

information to form a belief as to whether the assertions set forth in Paragraph XIV are true and, therefore, denies all aspects and implications of the allegations in Paragraph XIV.

XV. The allegations set forth in Paragraph XV contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

The Transocean Defendant denies that Plaintiffs are entitled to the relief sought in the first unnumbered paragraph following Paragraph XV. As to the remaining defendants, the Transocean Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and denies these allegations for lack of sufficient information or knowledge.

Pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.,* the Transocean Defendant denies that Plaintiffs are entitled to a trial by jury on the claims set forth in the Petition, as requested by Plaintiffs in the second unnumbered paragraph following Paragraph XV.

## GENERAL DENIAL

The Transocean Defendant denies all allegations of the Petition not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Transocean Defendant.
2. Plaintiff has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

3. Some or all of the Plaintiff's claims are not ripe.

4. Plaintiffs have failed to satisfy conditions precedent to recovery.

5. The Plaintiffs lack standing and/or capacity to assert the claims set forth in the Petition, in whole or in part.

6. The Plaintiffs do not have the capacity to sue the Transocean Defendant for Jones Act negligence, or unseaworthiness or maintenance and cure under the General Maritime Law, because Plaintiffs do not have the status of being a seaman relative to the Transocean Defendant and is not within the class of persons to whom the Transocean Defendant owes a warranty of seaworthiness or maintenance and cure.

7. Plaintiffs' alleged injuries and/or damages were the result of unavoidable accident.

8. The Transocean Defendant alleges and contends that neither it nor anyone for whom it may be legally responsible was guilty of any negligence, unseaworthiness, want or due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

9. The Transocean Defendant alleges and contends that if Plaintiffs are seamen and, therefore, within the class of persons to which the doctrine of maintenance and cure applies relative to the Transocean Defendant, it is Plaintiffs' obligation to furnish to the Transocean Defendant sufficient information from which a determination of Plaintiffs' entitlement to maintenance and cure may be properly and expeditiously made. Plaintiffs have wholly and totally failed to furnish to the Transocean Defendant sufficient medical reports or other information substantiating Plaintiffs' rights, if any,

to maintenance and cure in order to allow the Transocean Defendant to make such a determination of entitlement.

10. The Transocean Defendant alleges and contends that, in the event it is ultimately determined that the alleged injury, death, loss, and/or property damage asserted by Plaintiffs herein were caused, in part, by the negligence, fault and/or other legal liability attributable to the Transocean Defendant, which is at all times denied, and, further, in the event the Transocean Defendant is held liable unto Plaintiffs for said injury, death, loss and property damage or for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to the Transocean Defendant, which is at all times denied, in that event the Transocean Defendant specifically plead that, in addition to the limitation of liability to which it is entitled herein, the Transocean Defendant is also entitled to contribution, indemnification and/or reimbursement from third parties for any damages the Transocean Defendant may be required to pay that are attributable to the comparative negligence, fault and/or other legal responsibility of third parties.

11. The incident and resulting damages that are the subject of the Petition were caused by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities or sovereigns for whom Transocean Defendant is not legally responsible.

12. The claims and causes of action set forth in the Petition are barred in whole or in part by superseding and intervening causation.

13. The Transocean Defendant did not owe any duty or warranty to the Plaintiffs and did not breach any duty or warranty.

14. Plaintiffs do not assert a claim against the Transocean Defendant under products liability law, and the Transocean Defendant denies that it designed the products at issue or is otherwise a proper defendant to any products liability claim.  Out of an abundance of caution, however, the Transocean Defendant additionally pleads that any product for which it is allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered.  Further, the Transocean Defendant pleads there was no causal relationship between the Transocean Defendant and any alleged defective product.

15. At all material times, the Transocean Defendant acted with due diligence and reasonable care and did not breach any duty to the Plaintiffs.

16. Plaintiffs may not have reasonably mitigated his damages, if any, and should be required to provide proof of all alleged damages.

17. As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendant avers that the subject incident was occasioned without the privity or knowledge of the Transocean Defendant; and that the amount of damages alleged in the Petition greatly exceed the amount of value of the interest of the Transocean Defendant in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendant accordingly invokes the benefits of the provisions of the revised statute of the United States of America and acts amendatory

thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendant's interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18. The Transocean Defendant denies that it has been guilty of any conduct that would support an award of punitive damages against it.

19. As a matter of law, the Transocean Defendant denies that punitive damages are recoverable.

20. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to the Transocean Defendant under the Constitution of the United States and state constitutions or statutory regimes, if applicable.

21. The imposition of punitive damages would violate Transocean Defendant's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no

adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

22. The Transocean Defendant is entitled to set off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. The Transocean Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

23. Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

24. The Transocean Defendant asserts any other defenses which it may be entitled under Rule 8(c), Federal Rule of Civil Procedure.

25. The Transocean Defendant asserts all rights and defenses available under the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*

26. The Transocean Defendant asserts payment and release to the extent that any of Plaintiffs' alleged injuries have been or will be redressed under the Oil Pollution Act or other applicable statute or rule.

27. The Transocean Defendant asserts that the Plaintiffs have failed to state a claim upon which relief can be granted with respect to all of their claims against the Transocean Defendant.

28. The Transocean Defendant asserts that the harm referred to in Plaintiffs' Petition was not caused or contributed to in any manner by the Transocean Defendant, its alleged servants, employees, agents, or anyone for whom the Transocean Defendant is responsible.

29. The incident and resulting harm that are the subject of the Petition were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendant is not legally responsible.

The Transocean Defendant reserves the right to amend its answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

WHEREFORE, the Transocean Defendant prays that its defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendant, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | /s/ Steven L. Roberts | By: | /s/ Kerry J. Miller |

    Steven L. Roberts (Texas, No. 17019300)      Kerry J. Miller (Louisiana, No. 24562)
Rachel Giesber Clingman (TX, No. 00784125)   Frilot, L.L.C.
Kent C. Sullivan (Texas, No. 19487300)     1100 Poydras Street, Suite 3700
Teri L. Donaldson (Florida, No. 784310)     New Orleans, Louisiana 70163
Sutherland Asbill & Brennan LLP     Telephone: (504) 599-8169
1001 Fannin Street, Suite 3700     Facsimile: (504) 599-8154
Houston, Texas 77002     Email: kmiller@frilot.com
Telephone: (713) 470-6100
Facsimile: (713) 654-1301     -and-
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,     /s/ Edwin G. Preis, Jr.
kent.sullivan@sutherland.com,     Edwin G. Preis, Jr. (Louisiana, No. 10703)
teri.donaldson@sutherland.com     Edward F. Kohnke, IV (Louisiana, No. 07824)
    Preis & Roy PLC
    102 Versailles Boulevard, Suite 400
    Lafayette, Louisiana 70501
    Telephone: (337) 237-6062
    Facsimile: (337) 237-9129
    -and-
    601 Poydras Street, Suite 1700
    New Orleans, Louisiana 70130
    Telephone: (504) 581-6062
    Facsimile: (504) 522-9129
    Email: egp@preisroy.com,
    efk@preisroy.com

Of Counsel:

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com


Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

COUNSEL FOR TRANSOCEAN DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 11th day of February, 2011.

/s/ Kerry J. Miller