UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179 |
| | § | SECTION: J |
| THIS DOCUMENT RELATES TO: 2:10-CV-03168 (TRACY KLEPPINGER, ET AL. v. TRANSOCEAN OFFSHORE DRILLING, INC., ET AL.) | § § § § § § | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN DEFENDANTS' ANSWER TO
ORIGINAL PETITION IN INTERVENTION OF DOMINIQUE USSIN**

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater, Inc. ("TDI"), Transocean Holdings LLC ("TH"), Triton Asset Leasing GmbH ("Triton"), and Triton Hungary Asset Management Limited Liability Company[1] (collectively the "Transocean Defendants") respond to the Original Petition in Intervention (the "Petition") of Dominique Ussin ("Plaintiff"), upon information and belief as follows:[2]

---

[1] Plaintiff also brings claims against Triton Hungary Asset Management KFT, which Transocean Defendants construe as the same entity as Triton Hungary Asset Management LLC. "KFT" means LLC in Hungarian.

[2] The Transocean Defendants have filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered its Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action. Transocean Defendants hereby serve notice upon Plaintiffs that the filing of Complaints against the Transocean Defendants violates the terms of Judge Ellison's Injunction/Restraining Order, all such claims against the Transocean Defendants outside of the limitation action are enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

11285905.2

For each and every allegation of the Petition, the Transocean Defendants respond as follows. To the extent that any paragraph of the Petition contains subparts, the response stated applies fully to all subparts unless expressly stated.

## TRANSOCEAN DEFENDANTS' ANSWER TO ORIGINAL PETITION IN INTERVENTION

1. The allegations set forth in Paragraph 1 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

2. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3. The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas. The Transocean Defendants deny all other aspects and implications of Paragraph 3.

4. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

6. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 6.

7. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.

8. The Transocean Defendants admit that Triton is a Swiss limited liability company with its principal place of business in Zug, Switzerland. The remaining allegations set forth in Paragraph 8 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

9. The allegations set forth in Paragraph 9 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

10. Plaintiff also brings claims against Triton Hungary Asset Management KFT, which Transocean Defendants construe as the same entity as Triton Hungary Asset Management LLC. "KFT" means LLC in Hungarian.

11. The Transocean Defendants deny all aspects and implications of Paragraph 11.

12. Admitted.

13. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14. The Transocean Defendants admit that TODDI's principal office in Texas is located in Harris County. The remaining allegations set forth in Paragraph 14 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

15. The Transocean Defendants admit that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction." To the extent not expressly admitted, the allegations in this paragraph are denied.

16. The Transocean Defendants deny that Plaintiff is a seaman with respect to the Transocean Defendants. The remaining allegations set forth in Paragraph 16 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

17. The allegations set forth in Paragraph 17 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

18. The Transocean Defendants admit that the *Deepwater Horizon* was a semi-submersible drilling rig. The paragraph contains statements and conclusions of law, which do not require a response by the Transocean Defendants, but out of an abundance of caution are denied. The Transocean Defendants deny the allegation that Plaintiff was aboard the *Deepwater Horizon* as a borrowed employee of the Transocean Defendants as a seaman and was assigned as a member of the crew onboard the *Deepwater Horizon*. To the extent not expressly admitted or addressed above, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 18.

19. The Transocean Defendants admit that that Halliburton provided cementing services for the Macondo well. To the extent not expressly admitted, the Transocean Defendants

are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 19 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 19.

20. The Transocean Defendants admit that one or more of them were the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. The Transocean Defendants further admit that the *Deepwater Horizon* was leased and, or chartered to a BP entity. To the extent not expressly admitted, Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 20.

21. The Transocean Defendants admit that that one or more of them were the managing owners, owners *pro hac vice*, and/or operator*s* of the *Deepwater Horizon*. To the extent not expressly admitted, the remaining allegations in this paragraph are denied.

22. The Transocean Defendants admit that on or about April 20, 2010, an explosion and fire occurred on the *Deepwater Horizon*. To the extent not expressly admitted, the remaining allegations in this paragraph are denied as to the Transocean Defendants. With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 22.

23. Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 23.

24. The allegations set forth in Paragraph 24 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied. The remaining allegations in this paragraph are denied as to the Transocean Defendants. With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 24.

25. The allegations set forth in Paragraph 25 (and its subparts) are denied as to the Transocean Defendants.

26. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 26 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 26.

27. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

29. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30.     The allegations set forth in Paragraph 30 (and its subparts) are denied as to the Transocean Defendants.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The Transocean Defendants admit that Plaintiff evacuated from the rig. The Transocean Defendants deny negligence or gross negligence. As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 32 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 32.

33.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 33.

34.     The allegations set forth in Paragraph 34 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

35.     The paragraph contains statements and conclusions of law, which do not require a response by the Transocean Defendants, but out of an abundance of caution are denied. The Transocean Defendants deny that Plaintiff was aboard the *Deepwater Horizon* as a borrowed employee of the Transocean Defendants as a seaman and was assigned as a member of the crew onboard the *Deepwater Horizon*; that they breached any duties; that they unreasonably failed to

provide maintenance and cure; and/or any arbitrary or capricious determinations. To the extent not expressly admitted or addressed above, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 35.

36. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 36 are true, and, therefore deny all aspects and implications of the allegations in Paragraph 36.

37. Denied as to the Transocean Defendants. With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 37.

38. The allegations set forth in Paragraph 38 contain statements and conclusions of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

38. Pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*, the Transocean Defendants deny that Plaintiff is entitled to a trial by jury on the claims set forth in the Petition.

With respect to the unnumbered Prayer, the Transocean Defendants deny that Plaintiff is entitled to the relief requested. As to the remaining defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## GENERAL DENIAL

The Transocean Defendants deny all allegations of the Petition not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Transocean Defendants.

2. Plaintiff has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

3. Some or all of the Plaintiff's claims are not ripe.

4. Plaintiff has failed to satisfy conditions precedent to recovery.

5. The Plaintiff lacks standing and/or capacity to assert the claims set forth in the Petition, in whole or in part.

6. The Plaintiff does not have the capacity to sue the Transocean Defendants for Jones Act negligence, or unseaworthiness or maintenance and cure under the General Maritime Law, because Plaintiff does not have the status of being a seaman relative to the Transocean Defendants and are not within the class of persons to whom the Transocean Defendants owe a warranty of seaworthiness or maintenance and cure.

7. Plaintiff's alleged injuries and/or damages were the result of unavoidable accident.

8. The Transocean Defendants allege and contend that neither they nor anyone for whom they may be legally responsible was guilty of any negligence, unseaworthiness, want or due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

9. The Transocean Defendants allege and contend that if Plaintiff is a seaman and, therefore, within the class of persons to which the doctrine of maintenance and cure applies relative to the Transocean Defendants, it is Plaintiff's obligation to furnish to the Transocean Defendants sufficient information from which a determination of Plaintiff's entitlement to maintenance and cure may be properly and expeditiously made. Plaintiff has wholly and totally failed to furnish to the Transocean Defendants sufficient medical reports or other information substantiating Plaintiff's rights, if any, to maintenance and cure in order to allow the Transocean Defendants to make such a determination of entitlement.

10. The Transocean Defendants allege and contend that, in the event it is ultimately determined that the alleged injury, death, loss, and/or property damage asserted by Plaintiff herein were caused, in part, by the negligence, fault and/or other legal liability attributable to the Transocean Defendants, which is at all times denied, and, further, in the event the Transocean Defendants are held liable unto Plaintiff for said injury, death, loss and property damage or for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to the Transocean Defendants, which is at all times denied, in that event the Transocean Defendants specifically plead that, in addition to the limitation of liability to which they are entitled herein, the Transocean Defendants are also entitled to contribution, indemnification and/or reimbursement from third parties for any damages the Transocean Defendants may be required to pay that are attributable to the comparative negligence, fault and/or other legal responsibility of third parties.

11. The incident and resulting damages that are the subject of the Petition were caused by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities or sovereigns for whom Transocean Defendants are not legally responsible.

12. The claims and causes of action set forth in the Petition are barred in whole or in part by superseding and intervening causation.

13. The Transocean Defendants did not owe any duty or warranty to the Plaintiff and did not breach any duty or warranty.

14. Plaintiff does not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them designed the products at issue or are otherwise proper defendants to any products liability claim.  Out of an abundance of caution, however, the Transocean Defendants additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered.  Further, the Transocean Defendants plead there was no causal relationship between the Transocean Defendants and any alleged defective product.

15. At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiff.

16. Plaintiff may not have reasonably mitigated his damages, if any, and should be required to provide proof of all alleged damages.

17. As a separate and complete defense to some or all of Plaintiff's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Petition greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiff is not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18. The Transocean Defendants deny that they has been guilty of any conduct that would support an award of punitive damages against them.

19. As a matter of law, the Transocean Defendants deny that punitive damages are recoverable.

20. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States and state constitutions or statutory regimes, if applicable.

21. The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

22. The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries. The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

23. Plaintiff's claims are barred to the extent Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

24. The Transocean Defendants assert any other defenses which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure Rule.

25. The Transocean Defendants assert all rights and defenses available under the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*

26. The Transocean Defendants assert payment and release to the extent that any of Plaintiff's alleged injuries have been or will be redressed under the Oil Pollution Act or other applicable statute or rule.

27. The Transocean Defendants assert that the Plaintiff has failed to state a claim upon which relief can be granted with respect to all of their claims against the Transocean Defendants.

28. The Transocean Defendants assert that the harm referred to in Plaintiff's Petition was not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.

29. The incident and resulting harm that are the subject of the Petition were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

The Transocean Defendants reserve the right to amend their answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean

Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Steven L. Roberts<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Teri L. Donaldson (Florida, No. 784310)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 470-6100<br>Facsimile: (713) 654-1301<br>Email: steven.roberts@sutherland.com,<br>rachel.clingman@sutherland.com,<br>kent.sullivan@sutherland.com,<br>teri.donaldson@sutherland.com | By: /s/ Kerry J. Miller<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>New Orleans, Louisiana 70163<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br><br>-and-<br><br>/s/ Edwin G. Preis, Jr.<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Edward F. Kohnke, IV (Louisiana, No. 07824)<br>Preis & Roy PLC<br>102 Versailles Boulevard, Suite 400<br>Lafayette, Louisiana 70501<br>Telephone: (337) 237-6062<br>Facsimile: (337) 237-9129<br>-and-<br>601 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 581-6062<br>Facsimile: (504) 522-9129<br>Email: egp@preisroy.com, efk@preisroy.com |

Of Counsel:

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

11285905.2                                    15

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

COUNSEL FOR TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 11th day of February, 2011.

/s/ Kerry J. Miller