UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL NO. 2179 |
| | | SECTION: J |
| THIS DOCUMENT RELATES TO: 2:10-CV-03168 (TRACY KLEPPINGER, ET AL. v. TRANSOCEAN OFFSHORE DRILLING, INC., ET AL.) | § § § § § | JUDGE BARBIER |
| | | MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN DEFENDANT'S ANSWER TO PETITION
IN INTERVENTION OF STEPHEN AND SARA STONE**

Defendant Transocean Offshore Deepwater Drilling, Inc. ("TODDI") (the "Transocean Defendant") responds to the Petition in Intervention (the "Petition") of Stephen and Sara Stone (collectively "Plaintiffs"), upon information and belief as follows:[1]

---

[1] The Transocean Defendant has filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered its Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action. Transocean Defendant hereby serves notice upon Plaintiffs that the filing of Complaints against the Transocean Defendant violates the terms of Judge Ellison's Injunction/Restraining Order, all such claims against the Transocean Defendant outside of the limitation action are enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

11179415.3

For each and every allegation of the Petition, the Transocean Defendant responds as follows. To the extent that any paragraph of the Petition contains subparts (whether numbered or not), the response stated applies fully to all subparts unless expressly stated.

## ANSWER

1. The allegations set forth in Paragraph 1 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

2. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 2.

3. The Transocean Defendant admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas. To the extent not expressly admitted, the allegations in this paragraph are denied.

4. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 4.

5. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 5.

6. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 6.

7. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 7.

8. The Transocean Defendant admits that TODDI's principal office in Texas is located in Harris County. The remaining allegations set forth in Paragraph 8 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

9. The Transocean Defendant admits that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction." To the extent not expressly admitted, the allegations in this paragraph are denied.

10. The allegations set forth in Paragraph 10 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

11. The allegations set forth in Paragraph 11 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

12. The Transocean Defendant admits that the Deepwater Horizon was a semi-submersible drilling rig, and on or about April 20, 2010 Stephen Stone was employed by TDI. The paragraph contains statements and conclusions of law, which do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. To the extent not expressly admitted or addressed above, the Transocean Defendant is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 12.

13. The Transocean Defendant admits that Halliburton provided cementing services. The Transocean Defendant admits that it is one of the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. The Transocean Defendant further admits that the *Deepwater Horizon* was leased and/or chartered by a BP entity. The Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 13.

14. The Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 14.

15. The Transocean Defendant admits that on or about April 20, 2010, Stephen Stone was onboard the *Deepwater Horizon* and that explosions occurred. The allegations in Paragraph 15 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. The Transocean Defendant denies negligence and/or joint and several liability. To the extent not expressly admitted, the Transocean Defendant denies the remaining assertions directed to the Transocean Defendant. As to the remaining defendants, the Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 15.

1. Denied.[2]

2. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in this Paragraph 15.G.2 (and its subparts) are true and, therefore, denies all aspects and implications of the allegations in this Paragraph 15.G.2 (and its subparts).

3. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph this 15.G.3 (and its subparts) are true and, therefore, denies all aspects and implications of the allegations in Paragraph this 15.G.3 (and its subparts).

3.(sic) The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15.G.3(sic)[3] are true and, therefore, denies all aspects and implications of the allegations in Paragraph 15.G.3(sic).

4. The Transocean Defendant is without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15.G.4 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 15.G.4.

16. The allegations set forth in Paragraph 16[4] contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. To the extent not expressly admitted or addressed above, the remaining allegations in this paragraph are denied as to the Transocean Defendant.

---

[2] The paragraph numbering restarts at this point, under subsection "G. CAUSES OF ACTION."

[3] Plaintiffs' Petition includes two paragraphs labeled 15.G.3. The Transocean Defendant's Answer to this paragraph relates to the second paragraph 15.G.3.

[4] Plaintiffs' Petition resumes the previous numbering scheme, prior to subsection G, with Paragraph 16 under a subsection H. Accordingly, the numbering is referenced in the Transocean Defendant's response.

17. Denied as to the Transocean Defendant. With respect to the remaining defendants, the Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 17.

18. Denied as to the Transocean Defendant. With respect to the remaining defendants, the Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 18.

19. The Transocean Defendant denies withholding information from or refusing contact with the crew members' families. To the extent not expressly addressed above, the Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 19.[5]

20. The Transocean Defendant denies negligence. The Transocean Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies all aspects and implications of such allegations in Paragraph 20.[6]

21. Denied as to the Transocean Defendant. The Transocean Defendant is complying and will continue to comply with all Orders of the Court and amendments thereto and denies that any other order is appropriate or necessary.

---

[5] The Transocean Defendant denies that this claim is properly asserted within Pleading Bundle A, as outlined in Pre-Trial Order No. 11 (Case Management Order No. 1).

[6] The Transocean Defendant denies that this claim is properly asserted within Pleading Bundle A, as outlined in Pre-Trial Order No. 11 (Case Management Order No. 1).

22. The Transocean Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 22.

23. Pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*, the Transocean Defendant denies that Plaintiffs are entitled to a trial by jury on the claims set forth in the Petition.

24. Denied as to the Transocean Defendant.

25. The allegations set forth in Paragraph 25 contain statements and conclusions of law and do not require a response by the Transocean Defendant, but out of an abundance of caution are denied.

26. The allegations set forth in Paragraph 26, along with those set forth in the Addendum to Plaintiffs' Petition in Intervention, do not require a response by the Transocean Defendant, but out of an abundance of caution are denied. The Transocean Defendant is complying and will continue to comply with all Orders of the Court and amendments thereto.

With respect to the unnumbered Prayer, the Transocean Defendant denies that Plaintiffs are entitled to the relief requested. As to the remaining defendants, the Transocean Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and denies these allegations for lack of sufficient information or knowledge.

## GENERAL DENIAL

The Transocean Defendant denies all allegations of the Petition not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Transocean Defendant.

2. Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rule of Civil Procedure.

3. Some or all of the Plaintiffs' claims are not ripe.

4. Plaintiffs have failed to satisfy conditions precedent to recovery.

5. The Plaintiffs lack standing and/or capacity to assert the claims set forth in the Petition, in whole or in part.

6. Plaintiff Sara Stone does not have the capacity to sue the Transocean Defendant for Jones Act negligence, or unseaworthiness or maintenance and cure under the General Maritime Law, because she does not have the status of being a seaman relative to the Transocean Defendant and is not within the class of persons to whom the Transocean Defendant owes a warranty of seaworthiness or maintenance and cure.

7. Plaintiffs' alleged injuries and/or damages were the result of unavoidable accident.

8. The Transocean Defendant alleges and contends that neither it nor anyone for whom it may be legally responsible was guilty of any negligence, unseaworthiness, want or due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

9. The Transocean Defendant alleges and contends that if Plaintiffs are seamen and, therefore, within the class of persons to which the doctrine of maintenance and

cure applies relative to the Transocean Defendant, it is Plaintiffs' obligation to furnish to the Transocean Defendant sufficient information from which a determination of Plaintiffs' entitlement to maintenance and cure may be properly and expeditiously made. Plaintiffs have wholly and totally failed to furnish to the Transocean Defendant sufficient medical reports or other information substantiating Plaintiffs' rights, if any, to maintenance and cure in order to allow the Transocean Defendant to make such a determination of entitlement.

10. The Transocean Defendant alleges and contends that, in the event it is ultimately determined that the alleged injury, death, loss, and/or property damage asserted by Plaintiffs herein were caused, in part, by the negligence, fault and/or other legal liability attributable to the Transocean Defendant, which is at all times denied, and, further, in the event the Transocean Defendant is held liable unto Plaintiffs for said injury, death, loss and property damage or for any damages or sums attributable, in part, to the negligence, fault and/or other legal liability attributable to the Transocean Defendant, which is at all times denied, in that event the Transocean Defendant specifically pleads that, in addition to the limitation of liability to which it is entitled herein, the Transocean Defendant is also entitled to contribution, indemnification and/or reimbursement from third parties for any damages the Transocean Defendant may be required to pay that are attributable to the comparative negligence, fault and/or other legal responsibility of third parties.

11. The incident and resulting damages that are the subject of the Petition were caused by the sole or comparative fault, negligence, breach of contract, breach of

       warranty, statutory and regulatory violations of other persons, entities or sovereigns for whom Transocean Defendant is not legally responsible.

12. The claims and causes of action set forth in the Petition are barred in whole or in part by superseding and intervening causation.

13. The Transocean Defendant did not owe any duty or warranty to the Plaintiffs and did not breach any duty or warranty.

14. Plaintiffs do not assert a claim against the Transocean Defendant under products liability law, and the Transocean Defendant denies that it designed the products at issue or are otherwise a proper defendant to any products liability claim. Out of an abundance of caution, however, the Transocean Defendant additionally pleads that any product for which it is allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered. Further, the Transocean Defendant pleads there was no causal relationship between the Transocean Defendant and any alleged defective product.

15. At all material times, the Transocean Defendant acted with due diligence and reasonable care and did not breach any duty to the Plaintiffs.

16. Plaintiffs may not have reasonably mitigated their damages, if any, and should be required to provide proof of all alleged damages.

17. As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendant avers that the subject incident was occasioned without the privity or knowledge of the Transocean Defendant; and that the amount of

damages alleged in the Petition greatly exceed the amount of value of the interest of the Transocean Defendant in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendant accordingly invokes the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendant's interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18. The Transocean Defendant denies that it has been guilty of any conduct that would support an award of punitive damages against it.

19. As a matter of law, the Transocean Defendant denies that punitive damages are recoverable.

20. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to the Transocean Defendant under the Constitution of the United States and state constitutions or statutory regimes, if applicable.

21. The imposition of punitive damages would violate Transocean Defendant's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if

applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

22. The Transocean Defendant is entitled to set off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. The Transocean Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

23. Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

24. The Transocean Defendant asserts any other defenses which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

25. The Transocean Defendant asserts all rights and defenses available under the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*

26. The Transocean Defendant asserts payment and release to the extent that any of Plaintiffs' alleged injuries have been or will be redressed under the Oil Pollution Act or other applicable statute or rule.

27. The Transocean Defendant asserts that the Plaintiffs have failed to state a claim upon which relief can be granted with respect to all of their claims against the Transocean Defendant.

28. The Transocean Defendant asserts that the harm referred to in Plaintiffs' Petition was not caused or contributed to in any manner by the Transocean Defendant, its alleged servants, employees, agents, or anyone for whom the Transocean Defendant is responsible.

29. The incident and resulting harm that are the subject of the Petition were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendant is not legally responsible.

The Transocean Defendant reserves the right to amend its answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

WHEREFORE, the Transocean Defendant prays that its defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendant, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By: /s/ Steven L. Roberts
    Steven L. Roberts (Texas, No. 17019300)
    Rachel Giesber Clingman (TX, No. 00784125)
    Kent C. Sullivan (Texas, No. 19487300)
    Teri L. Donaldson (Florida, No. 784310)
    Sutherland Asbill & Brennan LLP
    1001 Fannin Street, Suite 3700
    Houston, Texas 77002
    Telephone: (713) 470-6100
    Facsimile: (713) 654-1301
    Email: steven.roberts@sutherland.com,
    rachel.clingman@sutherland.com,
    kent.sullivan@sutherland.com,
    teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
    Kerry J. Miller (Louisiana, No. 24562)
    Frilot, L.L.C.
    1100 Poydras Street, Suite 3700
    New Orleans, Louisiana 70163
    Telephone: (504) 599-8169
    Facsimile: (504) 599-8154
    Email: kmiller@frilot.com

-and-

/s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

COUNSEL FOR TRANSOCEAN DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 11th day of February, 2011.

/s/ Kerry J. Miller

11179415.3

15