**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010** | § § § § § | **MDL NO. 2179**<br><br>**SECTION:  J** |
| | § § | **JUDGE BARBIER** |
| **Applies to:** | § | **MAGISTRATE SHUSHAN** |
| ***Roshto, et al. v. Transocean, Ltd., et al.*** | § | |
| **2:10-cv-1156-CJB-SS** | § | |
| | § | |
| · · · · · · · · · · · · · · · · · · · · · | § | |

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER
RULE 12(b)(6)**

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to dismiss the claims asserted in Plaintiffs' Second Amended Complaint filed in the above-entitled matter, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  In support of this Motion, HESI submits the accompanying Omnibus Memorandum in Support and states as follows[1]:

1.      Plaintiff does not have standing to sue under the Jones Act.  In wrongful death cases, the Jones Act requires the lawsuit to be filed by the personal representative of the decedent on behalf of the beneficiaries. Plaintiff fails to assert that she is the personal representative of Shane Roshto's estate.  Thus, the Court should dismiss all of Plaintiff's claims with prejudice. *See* HESI's Omnibus Memorandum at Section 10.

2.      Plaintiffs fail to state legally viable Jones Act claims as to the HESI because, as Plaintiffs concede, HESI was not Shane Roshto's employer.  Thus, the Court should dismiss all such claims with prejudice.  *See* HESI's Omnibus Memorandum at Section 1.

---

[1] In an effort to conserve judicial resources and avoid overburdening the Court's files, HESI files a single Omnibus Memorandum in Support of its Motions to Dismiss the Bundle A personal injury cases listed in Exhibit 1 to PTO 25.

3.      Independently, the Court should dismiss Plaintiffs' claims against HESI because the Second Amended Complaint fails to contain sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face.  Plaintiffs' allegations of negligence are legal conclusions that are not entitled to an assumption of truth.  And the only allegations arguably entitled to an assumption of truth do not suggest an entitlement to relief and are not sufficient for the Court to draw any reasonable inference that HESI is liable for the conduct alleged.  Thus, the Court should dismiss Plaintiffs' claims against HESI in their entirety.  *See* HESI's Omnibus Memorandum at Section 3.

4.      Plaintiffs' claims for nonpecuniary and/or punitive damages are not legally viable under the Jones Act or general maritime law.  Thus, Plaintiffs' claims against HESI for recovery of these damages should be dismissed.  *See* HESI's Omnibus Memorandum at Section 4.

5.      Plaintiffs' claims under the theory of *res ipsa loquitor* are not legally viable. Thus, Plaintiffs' claims against HESI for recovery under this theory should be dismissed.  *See* HESI's Omnibus Memorandum at Section 5.

6.      Plaintiffs fail to state legally viable claims against Sperry Drilling Services because Plaintiffs misname the entity and, in any event, Sperry-Sun Drilling Services, Inc. is a terminated entity that is no longer in existence. Thus, the Court should dismiss all of Plaintiffs' claims against Sperry Drilling Services as a matter of law.  *See* HESI's Omnibus Memorandum at Section 11.

WHEREFORE, for the reasons more fully set forth in the attached Omnibus Memorandum in Support, HESI respectfully prays that this Court dismiss Plaintiffs' Second Amended Complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated February 11, 2011.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** _/s/ Donald E. Godwin_____
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANTS
HALLIBURTON ENERGY SERVICES, INC.
AND SPERRY-SUN DRILLING SERVICES,
INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Motion to Dismiss Plaintiffs' Second Amended Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 11th day of February, 2011.

 /s/  Floyd R. Hartley, Jr.
Floyd R. Hartley, Jr.