**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:  OIL SPILL by the OIL RIG** **"DEEPWATER HORIZON" in the** **GULF OF MEXICO, on APRIL 20,** **2010** | § § § § § | **MDL NO. 2179** **SECTION:  J** **JUDGE BARBIER** |
| **Applies to:** *Murray v. Transocean Ltd., et al.,* **2:10-cv-2814-CJB-SS** | § § § § § § | **MAGISTRATE SHUSHAN** |

·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ··

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to dismiss the claims asserted in Plaintiff's Complaint filed in the above-entitled matter, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  In support of this Motion, HESI submits the accompanying Omnibus Memorandum in Support and states as follows[1]:

1.      Plaintiff fails to state legally viable Jones Act claims as to HESI because, as Plaintiff concedes, HESI was not his employer.  Thus, the Court should dismiss all such claims with prejudice.  *See* HESI's Omnibus Memorandum at Section 1.

2.      Plaintiff cannot articulate legally viable unseaworthiness claims as to HESI because it was not the owner or operator of the vessel at issue.  Unseaworthiness claims are viable only against a vessel's owner or operator.  Plaintiff does not allege that HESI owned or operated the DEEPWATER HORIZON, and instead admits that it was owned, operated, and controlled by Transocean and/or BP.  Thus, the Court should dismiss all such claims against HESI.  *See* HESI's Omnibus Memorandum at Section 2.

---

[1] In an effort to conserve judicial resources and avoid overburdening the Court's files, HESI files a single Omnibus Memorandum in Support of its Motions to Dismiss the Bundle A personal injury cases listed in Exhibit 1 to PTO 25.

3.      Independently, the Court should dismiss Plaintiff's claims against HESI because his Complaint fails to contain sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face.  Plaintiff's allegations of negligence and recklessness are legal conclusions that are not entitled to an assumption of truth.  And the only allegations arguably entitled to an assumption of truth do not suggest an entitlement to relief and are not sufficient for the Court to draw any reasonable inference that HESI is liable for the conduct alleged.  Thus, the Court should dismiss Plaintiff's claims against HESI in their entirety.  *See* HESI's Omnibus Memorandum at Sections 3 and 7.

4.      Plaintiff's claims against HESI for nonpecuniary and/or punitive damages are not legally viable under the Jones Act or general maritime law.  Thus, Plaintiff's claims against HESI for recovery of these damages should be dismissed.  *See* HESI's Omnibus Memorandum at Section 4.

5.      Plaintiff's claims against HESI under the theory of *res ipsa loquitor* are not legally viable. Thus, Plaintiff's claims against HESI for recovery under this theory should be dismissed.  *See* HESI's Omnibus Memorandum at Section 5.

6       Plaintiff's claims against HESI for products liability and/or defective equipment are not legally viable.  Plaintiff failed to plead any factual allegations to support causation. Thus, Plaintiff's claims against HESI for products liability should be dismissed as a matter of law.  *See* HESI's Omnibus Memorandum at Section 6.

WHEREFORE, for the reasons more fully set forth in the attached Omnibus Memorandum in Support, HESI respectfully prays that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated February 11, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:**   /s/  Donald E. Godwin
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Dismiss Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 11th day of February, 2011.


 /s/  Floyd R. Hartley, Jr.
Floyd R. Hartley, Jr.