IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:<br>*Kritzer, et al. v. Transocean Ltd., et al.*, 2:10-cv-04427-CJB-SS | § § § § § § § § § § | MDL NO. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

## HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' PETITIONS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to dismiss the claims asserted in Plaintiffs' Fifth Amended Petition and Plaintiffs Frank Ireland and Darren Costello's Original Petition in Intervention ("Petitions") filed in the above-entitled matter, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  In support of this Motion, HESI submits the accompanying Omnibus Memorandum in Support and states as follows:[1]

1.   Plaintiffs fail to state a legally viable claim against Sperry-Sun Drilling Services, Inc. ("Sperry Sun") because it was dissolved on October 31, 1997, and no longer exists as a separate corporate entity.  Thus, this Court should dismiss Plaintiffs' claims against Sperry Sun with prejudice.  *See* HESI's Omnibus Memorandum at Section 11.

2.   Plaintiffs Burkeen and Arnold do not have standing to sue under the Jones Act.  In wrongful death cases, the Jones Act requires the lawsuit to be filed by the personal representative of the decedent on behalf of the beneficiaries.  Plaintiffs fail to assert that they are the personal representatives of their respective decedent's estate.  Thus, the Court should dismiss all of

---

[1] In an effort to conserve judicial resources and avoid overburdening the Court's files, HESI files a single Omnibus Memorandum in Support of its motions to dismiss the Bundle A personal injury cases listed in Exhibit 1 to PTO-25.

Plaintiffs Burkeen and Arnold's claims with prejudice.  *See* HESI's Omnibus Memorandum at Section 10.

3. Plaintiffs also fail to state legally viable Jones Act claims as to HESI because, as Plaintiffs concede, HESI was not their employer.  Thus, the Court should dismiss all such claims with prejudice.  *See* HESI's Omnibus Memorandum at Section 1.

4. Plaintiffs fail to state a legally viable unseaworthiness claim against HESI because HESI was not the owner of the Deepwater Horizon – the vessel at issue.  Therefore, this Court should dismiss Plaintiffs' unseaworthiness claim with prejudice.  *See* HESI's Omnibus Memorandum at Section 2.

5. The Court should independently dismiss Plaintiffs' claims against HESI because their Petitions fail to contain sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face.  Plaintiffs' allegations of negligence, negligence per se, gross negligence, and recklessness are legal conclusions and are not entitled to an assumption of truth.  And the only allegations arguably entitled to an assumption of truth do not suggest an entitlement to relief and are not sufficient for the Court to draw any reasonable inference that HESI is liable for the conduct alleged.  Thus, the Court should dismiss Plaintiffs' claims against HESI in their entirety.  *See* HESI's Omnibus Memorandum at Sections 3 and 7.

6. Plaintiffs' claims against HESI for nonpecuniary and/or punitive damages are not legally viable under the Jones Act or general maritime law.  Thus, Plaintiffs' claims against HESI for recovery of these damages should be dismissed.  *See* HESI's Omnibus Memorandum at Section 4.

WHEREFORE, for the reasons more fully set forth in the attached Omnibus Memorandum in Support, HESI respectfully prays that this Court dismiss Plaintiffs' Petitions in their entirety for failure to state a claim upon which relief can be granted.

Dated: February 11, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Dismiss Plaintiffs' Petitions has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 11th day of February, 2011.

    /s/  Floyd R. Hartley, Jr.
    Floyd R. Hartley, Jr.