IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:<br>*Jones, et al. v. Transocean, Ltd., et al.*<br>2:10-cv-1196-CJB-SS<br><br>. . .. .. .. .. .. .. .. .. .. .. .. .. . | MDL NO. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### HALLIBURTON ENERGY SERVICES, INC. AND HALLIBURTON COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDING COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULES 12(b)(2) AND 12(b)(6)

Defendants Halliburton Energy Services, Inc. and Halliburton Company ("the HESI Defendants") respectfully move this Court to dismiss the claims asserted in Plaintiffs' First Amending Complaint filed in the above-entitled matter, pursuant to Rules 12(b)(1) and 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  In support of this Motion, the HESI Defendants submit the accompanying Omnibus Memorandum in Support and states as follows[1]:

1.      Plaintiff does not have standing to sue under the Jones Act.  In wrongful death cases, the Jones Act requires the lawsuit to be filed by the personal representative of the decedent on behalf of the beneficiaries. Plaintiff fails to assert that she is the personal representative of Gordon Lewis Jones' estate.   Thus, the Court should dismiss all of Plaintiffs' claims with prejudice.  *See* HESI's Omnibus Memorandum at Section 10.

2.      Plaintiffs fail to state legally viable Jones Act claims as to the HESI Defendants because, as Plaintiffs concede, the HESI Defendants were not Gordon Lewis Jones' employer.

---

[1] In an effort to conserve judicial resources and avoid overburdening the Court's files, HESI files a single Omnibus Memorandum in Support of its Motions to Dismiss the Bundle A personal injury cases listed in Exhibit 1 to PTO 25.

Thus, the Court should dismiss all such claims with prejudice. *See* HESI's Omnibus Memorandum at Section 1.

3. Independently, the Court should dismiss Plaintiffs' claims against the HESI Defendants because the First Amending Complaint fails to contain sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face. Plaintiffs' allegations of negligence and gross negligence are legal conclusions that are not entitled to an assumption of truth. And the only allegations arguably entitled to an assumption of truth do not suggest an entitlement to relief and are not sufficient for the Court to draw any reasonable inference that the HESI Defendants are liable for the conduct alleged. Thus, the Court should dismiss Plaintiffs' claims against the HESI Defendants in their entirety. *See* HESI's Omnibus Memorandum at Sections 3 and 7.

4. Plaintiffs' claims against the HESI Defendants for nonpecuniary and/or punitive damages are not legally viable under the Jones Act or general maritime law. Thus, Plaintiffs' claims against the HESI Defendants for recovery of these damages should be dismissed. *See* HESI's Omnibus Memorandum at Section 4.

5. Plaintiffs' claims against the HESI Defendants under the theory of *res ipsa loquitor* are not legally viable. Thus, Plaintiffs' claims against the HESI Defendants for recovery under this theory should be dismissed. *See* HESI's Omnibus Memorandum at Section 5.

6. Because it lacks personal jurisdiction over Halliburton Company, the Court should dismiss all claims Plaintiffs bring against Halliburton Company pursuant to Rule 12(b)(2). *See* HESI's Omnibus Memorandum at Section 12.

WHEREFORE, for the reasons more fully set forth in the attached Omnibus Memorandum in Support, the HESI Defendants respectfully pray that this Court dismiss

Plaintiffs' First Amending Complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated February 11, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANTS
HALLIBURTON ENERGY SERVICES, INC.
AND HALLIBURTON COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Motion to Dismiss Plaintiffs' First Amending Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 11th day of February, 2011.

                                           /s/ Floyd R. Hartley, Jr.
                                           Floyd R. Hartley, Jr.