# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| *DEEPWATER HORIZON*" IN THE GULF | * | |
| OF MEXICO, ON APRIL 20,  2010 | * | SECTION: J |
| | * | |
| THESE PLEADINGS APPLY TO: | * | JURY DEMAND |
| *ALL CASES IN PLEADING BUNDLE* | * | |
| *SECTION III.B (3)* | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * * * * * * * | * | |

## ANSWER AND DEFENSES OF
## LANE AVIATION, INC.

Defendant Lane Aviation, Inc. ("Lane") responds to the Complaint of Plaintiffs, Master Complaint (Doc 881) filed December 15, 2010, and upon information and belief states as follows:

## ANSWER

For each and every allegation of the Complaint, Lane responds as follows:

## I.  INTRODUCTION

Lane admits that on April 20, 2010, an explosion and fire occurred aboard the Mobile Offshore Drilling Unit Deepwater Horizon ("DWH") while located on the Macondo Prospect Mississippi Canyon 252 oil well, that the DWH subsequently sank, and that oil leaked from the well into the Gulf of Mexico.   To the extent not expressly admitted, Lane lacks information or knowledge sufficient  to form a belief as to the truth of the remaining allegations in the first three (3) un-numbered introductory paragraphs in the Master Complaint and denies these allegations for lack of sufficient information or knowledge.

1.      Paragraphs 1-20.  Lane lacks information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraphs 1-20, and denies these allegations for lack of sufficient information or knowledge.

## II.  <u>PARTIES</u>

### A.      **Plaintiffs.**

21.    Paragraphs 21-23.      Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 21-23, and denies these allegations for lack of sufficient information or knowledge.

### B.      **Defendants.**

24.    Paragraphs 24-36.      Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 24-36, and denies these allegations for lack of sufficient information or knowledge.

#### *Other "Responsible Parties."*

37.    Paragraphs 37-47.      Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 37-47, and denies these allegations for lack of sufficient information or knowledge.

#### *The Transocean Defendants.*

48.    Paragraphs 48-53.      Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 48-53, and denies these allegations for lack of sufficient information or knowledge.

#### *The Dispersant Defendants.*

54.    Paragraphs 54-59.      Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 54-59, and denies these allegations for lack of sufficient information or knowledge.

60.     Lane admits paragraph 60, except that Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegation "and at all time was doing business in the State of Louisiana" and, therefore, Lane denies that part of the allegation.

61.     Paragraphs 61-64.     Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 61-64, and denies these allegations for lack of sufficient information or knowledge.

65.     Lane admits paragraph 65.

**Nalco Defendants.**

66.     Paragraphs 66-70.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 66-70, and denies these allegations for lack of sufficient information or knowledge.

### III.   JURISDICTION AND VENUE

71.     Paragraphs 71-77.     Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 71-77, and denies these allegations for lack of sufficient information or knowledge.

### IV.   FACTUAL ALLEGATIONS

**A.     The *Deepwater Horizon* Catastrophe.**

78.     Paragraphs 78-93.     Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 78-93, and denies these allegations for lack of sufficient information or knowledge.

**B.     The Response Effort and the Vessels of Opportunity.**

94.     Paragraphs 94-104.     Lane lacks information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraphs 94-104, and denies these allegations for lack of sufficient information or knowledge.

     **C.**     **The Use of Chemical Dispersants**.

     105.     Paragraphs 105-124.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 105-124, and denies these allegations for lack of sufficient information or knowledge.

     125.     Lane admits paragraph 125.

     126.     Paragraphs 126-128.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 126-128, and denies these allegations for lack of sufficient information or knowledge.

     **D.**     **Plaintiffs' Exposure to Harmful Chemicals.**

     129.     Paragraphs 129-142.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 129-142, and denies these allegations for lack of sufficient information or knowledge.

     *The Crude Oil*.

     143.     Paragraphs 143-148.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 143-148, and denies these allegations for lack of sufficient information or knowledge.

     *Corexit® 9500 and 9527*.

     149.     Paragraphs 149-158.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 149-158, and denies these allegations for lack of sufficient information or knowledge.

     **E.**     **Willful and Wanton Conduct of the Defendants**.

159.    Lane denies this paragraph regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

160.    Paragraphs 160-161.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 160-161, and denies these allegations for lack of sufficient information or knowledge.

162.    Paragraphs 162-163.  Lane denies these paragraphs regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

**F.      Defendants' Knowledge of the Risks.**

164.    Paragraphs 164-166.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 164-166, and denies these allegations for lack of sufficient information or knowledge.

167.    Lane denies this paragraph regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

168.    Lane denies this paragraph regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

169.    Lane denies this paragraph regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

## V.   DAMAGES AND OTHER RELIEF REQUESTED

170.   Paragraphs 170-175.  Lane denies these paragraphs regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

## VI.   CLASS ALLEGATIONS

176.   Paragraphs 176-193.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 176-193, and denies these allegations for lack of sufficient information or knowledge.

## VII.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

#### The Oil Pollution Act

194.   Paragraphs 194-201.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 194-201, and denies these allegations for lack of sufficient information or knowledge.

### SECOND CLAIM FOR RELIEF

#### General Maritime

202.   Paragraphs 202-218.  Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 202-218, and denies these allegations for lack of sufficient information or knowledge.

### THIRD CLAIM FOR RELIEF

#### Negligence

219.   Paragraphs 219-228.  Lane lacks information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraphs 219-228, and denies these allegations for lack of sufficient information or knowledge.

## FOURTH CLAIM FOR RELIEF

### Gross Negligence

229.   Paragraphs 229-236.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 229-236,  and denies these allegations for lack of sufficient information or knowledge.

## FIFTH CLAIM FOR RELIEF

### Negligence *Per Se*

237.   Paragraphs 237-242.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 237-242, and denies these allegations for lack of sufficient information or knowledge.

## SIXTH CLAIM FOR RELIEF

### Negligence

243.   Paragraphs 243-258.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 243-258, and denies these allegations for lack of sufficient information or knowledge.

## SEVENTH CLAIM FOR RELIEF

### Nuisance

259.   Paragraphs 259-271.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 259-271, and denies these allegations for lack of sufficient information or knowledge.

## EIGHTH CLAIM FOR RELIEF

### Battery

272.    Paragraphs 272-277.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 272-277, and denies these allegations for lack of sufficient information or knowledge.

## NINTH CLAIM FOR RELIEF

### Florida Medical Monitoring Claim

278.    Paragraphs 278-288.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 278-288, and denies these allegations for lack of sufficient information or knowledge.

## TENTH CLAIM FOR RELIEF

### Strict Liability Under General Maritime Law

289.    Paragraphs 289-306.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 289-306, and denies these allegations for lack of sufficient information or knowledge.

## ELEVENTH CLAIM FOR RELIEF

### Strict Liability Pursuant To The Florida Pollutant Discharge Prevention And Control Act Fla. Stat. § 376.011, et seq

307.    Paragraphs 307-320.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 307-320,  and denies these allegations for lack of sufficient information or knowledge.

### Punitive Damages

321.    Lane denies this paragraph regarding itself.   Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph regarding other

Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

322.    Paragraphs 322-340.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 322-340, and denies these allegations for lack of sufficient information or knowledge.

341.    Paragraphs 341-346.    Lane denies these paragraphs regarding itself.    Lane lacks information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs regarding other Defendants, and, therefore, denies these allegations for lack of sufficient information or knowledge.

## GENERAL DENIAL

1.    Lane denies all allegations of the Complaint not specifically admitted.

## RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES

2.    This Court lacks personal jurisdiction over Lane.

3.    Venue is improper.

4.    The Court lacks subject matter jurisdiction, inter alia, by virtue of the failure of Plaintiff to comply with the presentment requirements of the Oil Pollution Act ("OPA"), 33 U.S.C. §2701, et seq.

5.    Plaintiffs have failed to join an indispensable party (or parties) under FRCP Rule 19.

6.    Some or all of the Plaintiffs' claims are not ripe.

7.    Plaintiffs have failed to satisfy conditions precedent to recovery.

8.    Lane assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 270 1 et seq., including, without limitation: a. Plaintiffs have failed to make presentment of their claims as required under OPA.

9.     OPA displaces or preempts Plaintiffs' claims with respect to oil spill damages and

otherwise.

10.     Plaintiffs have no right of action against Lane as none of them is or has been designated a responsible party as defined under OPA.

11.     OPA eliminates or limits Plaintiff s' alleged rights of recovery for certain economic loss claims.

12.     OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

13.     OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

14.     Lane asserts the defenses of set off and recoupment, and further assert that it is entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiffs receive from any source as compensation for alleged losses.

15.     The damages referred to in Plaintiffs' Complaint were not caused or contributed to in any manner by Lane, its alleged servants, employees, agents, or anyone for whom Lane is responsible.

16.     Plaintiffs lack standing to assert the claims set forth in the Complaint, in whole or in part.

17.     No actual case or controversy exists between the Plaintiffs and Lane  with regard to one or more of the claims set forth in the Complaint.

18.     The incident and resulting damages that are the subject of the Complaint were caused by the sole, comparative or contributory fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons or entities for whom Lane is not legally responsible.

19.     The claims and causes of action set forth in the Complaint are barred in whole or in

part by superseding and intervening causation.

20.   Lane did not owe any duty or warranty to the Plaintiffs and did not breach any duty or warranty.

21.   At all material times, Lane acted with due diligence and reasonable care and did not breach any duty to the Plaintiffs.

22.   Plaintiffs may not have reasonably mitigated damages, if any, and should be required to provide proof of all alleged damages.

23.   Some or all of Plaintiffs' claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and / or legally compensable harm.

24.   Lane denies that it may have been guilty of any conduct that would support an award of punitive damages against it.

25.   Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the United States.

26.   The imposition of punitive damages would violate Lane's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and Article I § 15 of the Alabama Constitution, and (2) due process and equal protection of the law under the Fifth and Fourteenth amendments of the United States Constitution.

27.   Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. § § 133 1, et seq., the Oil Pollution Act of 1990, 33 U.S.C. § § 270 1, et seq. , the Clean Water Act, 33 U.S.C. § § 1251, et seq., and the Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service policies and regulations regarding offshore

oil exploration and drilling, and federal maritime law.

28.     Lane is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. Lane is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

29.     Any affirmative defenses pleaded by the other Defendants and not pleaded by Lane are incorporated herein to the extent they do not conflict with the Lane affirmative defenses.

30.     Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

31.     Lane asserts any other defenses which it may be entitled under FRCP Rule 8( c).

32.     Lane reserves the right to amend its answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

## DEMAND FOR TRIAL BY JURY

Lane demands a trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

WHEREFORE, Lane Aviation, Inc. prays that its defenses be deemed good and sufficient; that after due proceedings are had, there be judgment in favor of Lane Aviation, Inc., dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' costs; and for any and all other just and equitable relief deemed appropriate.

RESPECTFULLY SUBMITTED on February 10, 2011.

LAW OFFICE OF GEORGE E. CROW

George E. Crow
TSBN 05151900
P.O. Box 30

Katy, TX  77492
For Overnight Physical Delivery use
1519 Miller Avenue
Katy, TX 77493
Telephone:  (281) 391-9275
Email:  georgecrow@earthlink.net

ATTORNEY FOR DEFENDANT LANE
AVIATION, INC.

### CERTIFICATE OF SERVICE

I hereby certify that  the above and foregoing  **ANSWER AND DEFENSES OF LANE**

**AVIATION, INC.**  has been served on all counsel by electronically uploading the same to Lexis

Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the Eastern District

of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in

accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

George E. Crow

C:\WPDocs\Cases\Lane\Pldngs Lane\20110211 D-Lane Org Answr.wpd