UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al. | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

……………………………………………...

**BP PRODUCTS NORTH AMERICA INC.'S ANSWER TO STEPHEN AND SARA STONE'S PETITION IN INTERVENTION**

Defendant BP Products North America Inc. ("BPPNA"), by its undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the Petition in Intervention filed by Stephen and Sara Stone (collectively as "Intervenors"), as follows:

**A. DISCOVERY CONTROL PLAN**

1. Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**ANSWER**

BPPNA denies the allegations of this paragraph.

**B. PARTIES**

2. Plaintiffs, Stephen Stone and Sara Stone are residents of Harris County, Texas and bring this suit in their individual capacity.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

3. Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (hereinafter referred to as "Transocean"), is a corporation domiciled at 4 Greenway Plaza,

1

Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, TX .77046.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

4.      Defendant, BP Products North America, Inc., ("hereinafter referred to as "BP"), is a Delaware corporation doing business in the State of Texas.  Its registered agent for service of process in the State of Texas is Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

**ANSWER**

BPPNA admits the allegations of this paragraph.

5.      Defendant, Halliburton Energy Services, Inc., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N..St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

6.      Defendant, Cameron International Corporation d/b/a Cameron Systems Corporation (hereinafter referred to as Cameron), is a Delaware corporation whose principle place of business is in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

7. Defendant MI Swaco is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas, 77072 and may be served with process by serving its President, Chris _Rivas at 5950 North Course Drive, Houston, Texas 77072.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

### C. VENUE

8. Venue is proper in. Harris County, Texas, pursuant to Texas Civil Practice and Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s, principal office in this state is located in Harris County, Texas.

**ANSWER**

BPPNA denies the allegations of this paragraph.

### D. JURISDICTION

9. This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

**ANSWER**

BPPNA admits that Intervenor purports to bring an admiralty and maritime claim. BPPNA denies that Intervenor has stated a valid admiralty or maritime claim or that Intervenor is entitled to any relief. BPPNA further denies that it is a proper party to this litigation as it is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. BPPNA denies the remaining allegations of this paragraph.

10. Stephen Stone, was a seaman and this action is brought pursuant to Title 46 U.S.C. §688, et. seq. and pursuant to the admiralty and general maritime laws of the United States. This Court has concurrent jurisdiction.

**ANSWER**

BPPNA admits that Intervenor purports to bring this action pursuant to Title 46 U.S.C. § 30104, *et seq.*, and pursuant to the admiralty and general maritime laws of the United States. BPPNA denies that Intervenor has stated a valid claim pursuant to Title 46 U.S.C. § 30104, *et seq.*, or pursuant to the admiralty and general maritime laws of the United States. BPPNA denies the remaining allegations of this paragraph.

### E. INTERVENTION

11. Plaintiffs would show that this lawsuit arises out of the same transaction and occurrences as Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc. et al., Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

### F. FACTUAL SUMMARY

12. Plaintiffs would show that this lawsuit has become necessary as a result of an incident which occurred on or about April 20, 2010. On said date, Stephen Stone was employed by. Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., as a seaman • and was assigned as a member of the crew on board the DEEPWARTER HORIZON, a vessel within the meaning of 46 U.S.C § 30104, et. seq. Steven Stone's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.

**ANSWER**

BPPNA admits that the *Deepwater Horizon*, a semi-submersible drilling rig, was in navigation on April 20, 2010 when one or more explosions occurred on the vessel. BPPNA

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

13. Halliburton was contracted to provide cement services to the rig Deepwater Horizon by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug at the end of the drilling phase but failed to properly set the plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

**ANSWER**

BPPNA admits that Halliburton was engaged by an affiliate of BPPNA as a contractor to provide products and services related to the cementing of the well being drilled by the *Deepwater Horizon*. BPPNA denies that Transocean contracted with Halliburton or that any BP entity owned or operated the *Deepwater Horizon*. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

14. MI Swaco was contracted to provide drilling fluid services to the rig Deepwater Horizon, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

**ANSWER**

BPPNA admits that MI Swaco was engaged by an affiliate of BPPNA as a contractor to provide products and services related to the drilling fluids used in the well being drilled by the *Deepwater Horizon*. BPPNA denies that Transocean contracted MI Swaco or that any BP entity owned, operated, or leased the *Deepwater Horizon*. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

15.     On or about April 20, 2010, while Plaintiff, Stephen Stone working in the course and scope of his employment on the Deepwater Horizon, a deadly explosion and fire occurred. Plaintiffs will show that Defendants, were jointly and severally negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages to Plaintiffs.

**ANSWER**

BPPNA admits that one or more explosions and fires occurred on the *Deepwater Horizon* on April 20, 2010.  BPPNA denies the remaining allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

### G. CAUSES OF ACTION

1. **TRANSOCEAN ENTITIES**

    Transocean was negligent as that term is known in Texas law by:

    a.  Failing to provide a competent crew;

    b.  Failing to properly supervise its employees;

    c.  Failing to properly train and/or supervise Plaintiff and other employees;

    d.  Failing to provide Plaintiff with a safe place to work, and requiring Plaintiff to work in unsafe conditions;

    e.  Failing to provide sufficient personnel to perform operations aboard the vessel;

    f.  Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

    g.  Failing to exercise due care and caution;

    h.  Failing to avoid this accident;

    i.  Failing to provide Plaintiff Stephen Stone with a seaworthy vessel;

    j.  Other acts of negligence which will be shown more fully at trial.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

2. **BP AND BP PRODUCTS**

BP was negligent as that term is known in Texas law by:

a. Failing to properly train and/or supervise its crew and other employees;

b. Failing to ensure that its crew worked in a safe and prudent manner;

c. Failing to provide Plaintiff with a safe place to work, and requiring Plaintiff to work in unsafe conditions;

d. Failing to exercise due care and caution;

e. Failing to avoid this accident;

f. Failing to provide Plaintiff Stephen Stone with a seaworthy vessel;

g. Other acts of negligence which will be shown more fully at trial.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

3. **Halliburton**

Halliburton was negligent as that term is known in Texas law by:

a. Failing to properly set cement plugs.

b. Failing to maintain pressure during cement operation.

c. Failing to use adequate material for cement services.

d. Failing to follow industry protocol and procedures for setting cement plugs.

7

  e. Failing to prevent escape of gas or combustible hydrocarbons to the surface.

  f. Attempting to carry out drilling operations with substandard and defective cement casing.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

3. **MI Swaco**

MI Swaco was negligent as that term is known is Texas Law by:

  a. Failing to monitor pressures of wells.

  b. Failing to use adequate weight drilling fluid to prevent gas escape.

  c. Failing to follow industry protocol and procedure during plug completion phases.

  d. Use of sea water as weight and gas control medium during drilling and completion processes.

  e. Attempting to carry out drilling operations with substandard and defective cement casing.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

4. **Cameron International Corporation**

Cameron International Corporation was negligent as that term is known in Texas Law by:

  a. Failing to provide adequate subsea flow control devices;

  b. Failing to properly engineer the subsea gas flow control devices.

  c. Failing to properly install a subsea gas flow control devices.

8

  d.  Failing to properly monitor the subsea engineering and gas flow control devices.

  e.  Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose for which it was intended.

**ANSWER**

  BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

### H. DAMAGES

  16.  At all relevant times, Stephen Stone was in the course and scope of his employment with the Defendants. The actions and/or inactions of the Defendants, and/or its officers, agents and/or employees constitute negligence: The negligence of the Defendants was a proximate and/or producing cause of the Plaintiffs' damages.

**ANSWER**

  BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

  17.  Defendants owed a duty to Stephen Stone to maintain the vessel in a seaworthy condition. However, Plaintiffs will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

**ANSWER**

  BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

  18.  Defendants jointly and severally also owed a duty to Stephen Stone to provide a safe workplace in consideration of the processes being undertaken by Defendants at the time of the incident made the subject matter of this lawsuit. Defendants failed to do so.  As a result of

9

Defendants negligent acts and omissions, Plaintiff Stephen Stone suffered injuries for which he now sues.

**ANSWER**

BPPNA deeply regrets the *Deepwater Horizon* accident on April 20, 2010, and offers its deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. BPPNA, however, denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

### I. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Sara Stone is a person. Defendants acted intentionally and/or recklessly to keep knowledge of her husband's condition from her for more than 24-hours following the incident. Furthermore, they refused to allow her husband to contact her to let her know he was alive. Under their own emergency policies and procedures one of the first orders of business for the Defendants was to determine the status of all employees aboard the vessel at the time of the explosion.

Although, several crewmembers were missing, Defendants should have quickly determined the whereabouts of many individuals on the vessel. They made an intentional decision to withhold this information from the families for an extended time period. Defendants' conduct in withholding this basic information from the families of the seaman working on the rig at the time of the explosion was extreme and outrageous. As a result of this conduct Sara Stone suffered severe and unnecessary emotional distress.

There is no alternative cause of action which would provide a remedy for the severe emotional distress caused by the defendants.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

### J. LOSS OF CONSORTIUM

20. Plaintiff, Sara Stone, suffered as a result of the Defendants' negligent actions outlined below, loss of consortium, including but not limited to the mutual right of the husband and wife to the affection, solace, comfort, companionship; society, assistance, and sexual relations necessary to a successful marriage and has sustained extreme mental anguish in connection with the injuries to her husband. It is anticipated that she may require medical treatment and counseling in the future as a result of these occurrences.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations of this paragraph, and therefore denies them.

### K. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO INSPECT, FILM & PHOTOGRAPH

21. Plaintiffs assert that Defendants may change, alter or destroy documents or physical evidence related to or involved in the incident made the basis of this lawsuit, or unless this Court enters a Temporary Restraining Order ("TRO") restraining Defendants from changing, altering, or destroying any tangible evidence related to the incident. In order for Plaintiffs to properly investigate and pursue their claims and recover their damages and see that justice is done, this Court _should restrain Defendants TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO and their agents, corporate parents, servants, employees, contractors, independent contractors and other contract employees attorneys and those acting in concert with the' foregoing Defendants from changing, altering and/or destroying and/or moving evidence of any kind.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations of this paragraph, and therefore denies them.

### L. REQUEST FOR TEMPORARY INJUNCTION

22. Plaintiffs ask the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants TRANSOCEAN

OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

## M. DEMAND FOR JURY

23. Plaintiffs demand a jury trial and tender the appropriate fee with the filing of this Original Petition.

**ANSWER**

BPPNA admits that Intervenor has requested a trial by jury. BPPNA denies that Intervenor is entitled to a trial by jury except as required under the laws applicable to a trial of his claims.

## N. CONDITIONS PRECEDENT

24. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

**ANSWER**

BPPNA denies the allegations of this paragraph.

## O. REQUEST FOR DISCLOSURE

25. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**ANSWER**

BPPNA denies the allegations of this paragraph.

### P. NOTICE OF DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

26.     Plaintiffs demand that ALL DEFENDANTS named in Plaintiffs Stephen Stone and Sara Stone's Petition in Intervention preserve all documents, tangible things _and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice provisions as further set forth in the ADDENDUM attached to Plaintiffs' Petition in Intervention as if same was set forth herein for all purposes.

### ANSWER

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

### Q. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, after trial on the merits, Plaintiffs have judgment against Defendants both jointly and severally for the following:

   a.   a sum in excess of the minimum jurisdictional limits of this Honorable Court;

   b.   pre-judgment interest thereon a the maximum legal rate;

   c.   post-judgment interest thereon at the maximum legal rate;

   d.   costs of Court; and

   e.   such other and further relief to which Plaintiffs may be justly entitled.

### ANSWER

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenors' claims against BPPNA with prejudice.  BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

BPPNA and its affiliates maintain that there was no negligence or fault on their part and that Intervenors' damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom BPPNA and its affiliates are not legally responsible.

### SECOND DEFENSE

Intervenors' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by BPPNA and its affiliates and for which BPPNA and its affiliates cannot be held legally responsible.

### THIRD DEFENSE

Intervenors' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which BPPNA and its affiliates are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by BPPNA and its affiliates, which BPPNA and its affiliates specifically deny, was not the proximate cause or sole proximate cause of Intervenors' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### FIFTH DEFENSE

To the extent BPPNA and its affiliates are found liable to Intervenors for any damages or injuries, BPPNA and its affiliates are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to a set-off or other equitable reduction in liability for any compensation paid by BPPNA and its affiliates or other parties or entities.

**TENTH DEFENSE**

Intervenors' claims are barred, in whole or in part, because Intervenors are not entitled under the law to the damages that they seek, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Intervenors' claims for punitive damages are barred, in whole or in part, because BPPNA and its affiliates did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Intervenors to an award of punitive damages.

**TWELFTH DEFENSE**

Intervenors' damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

BPPNA and its affiliates deny that they are liable to any extent as alleged in the Petition in Intervention, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Intervenors as a result of the allegations contained in the Petition in Intervention and for any other damages or claims which exist or may arise, but have not been specifically pled.

BPPNA specifically reserves the right to amend or supplement its affirmative defenses and this Answer as additional facts concerning its defenses become known to it.

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenors' claims against BPPNA with prejudice.

Dated: February 11, 2011                    Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock

Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Products North America Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                                          /s/   Don K. Haycraft