## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 <br><br> SECTION: J |
| This Document Relates To: Williams v. Transocean, Ltd., et al. | : : | JUDGE BARBIER <br> MAGISTRATE SHUSHAN |
| …………………………………………... | : | |

### THE BP PARTIES' ANSWER TO MICHAEL WILLIAMS' FIRST AMENDED COMPLAINT

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA") and BP Exploration & Production Inc. ("BPXP") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the First Amended Complaint filed by Michael Williams, as follows:

**1.**

Made defendants herein are:

(a) Transocean, Ltd (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(b) Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(c) Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

(d) BP, PLC (BP entity) is a foreign corporation doing business in the State of Louisiana;

(e) BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

(f) BP Exploration and Production, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

(g) Halliburton Energy Services, Inc. (Halliburton Entity), hereinafter referred to as "Halliburton," is a foreign corporation doing business in the State of Louisiana;

1

(h)     Sperry Drilling Services (Halliburton Entity), a division of Halliburton, hereinafter referred to as "Sperry," is a foreign corporation doing business in the State of Louisiana;

(i)     Weatherford International Ltd., hereinafter referred to as "Weatherford," is a foreign corporation doing business in the State of Louisiana;

(j)     Cameron International Corporation d/b/a Cameron Systems Corporation, hereinafter referred to as "Cameron," is a foreign corporation doing business in the State of Louisiana;

(k)     Triton Asset Leasing GMBH, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(l)     Triton Hungary Asset Management Limited Liability Company, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(m)     Triton Hungary Asset Management KFT, hereinafter referred to as "Triton" and/or a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana;

(n)     Transocean Holdings, LLC, hereinafter also referred to as a "Transocean Entity," is a foreign corporation doing business in the State of Louisiana; and

(o)     MI Swaco, is a foreign corporation doing business in the State of Louisiana.

## ANSWER

The BP Parties admit that BP p.l.c is a foreign corporation, and that BPPNA and BPXP are foreign corporations authorized to and doing business in Louisiana. The BP Parties deny that BP p.l.c. does business in Louisiana. The BP Parties further deny that BPPNA and BP p.l.c. are proper parties to this litigation. BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. Similarly, BP p.l.c. did not own the MC 252 leasehold, had no employees

2

on the *Deepwater Horizon*, and was not a party to the drilling rig contract with Transocean.

The BP Parties lack knowledge or information sufficient to form a belief about the truth of

the remaining allegations of this paragraph, and therefore deny them.

### AND FOR A FIRST CAUSE OF ACTION

#### 2.

At all material times, defendants Transocean Entities manned, supplied, navigated, chartered and operated the DEEPWATER HORIZON, controlled the well drilling process and drilling equipment used to drill said well, and employed plaintiff as an electrician technician and member of the vessel crew, for which job he earned approximately $80,000, plus found and fringe benefits.

**ANSWER**

The BP Parties admit that the *Deepwater Horizon* was owned and operated and

controlled by one ore more Transocean affiliates at all relevant times.  The BP Parties lack

knowledge or information sufficient to form a belief about the truth of the remaining

allegations of this paragraph, and therefore deny them.

#### 3.

On or about April 20, 2010, while plaintiff was attempting to perform assigned chores as a crew member of the DEEPWATER HORIZON, plaintiff suffered severe, painful, permanently disabling and physically disfiguring injuries to his body as well as severe and permanent psychic trauma and emotional suffering due to the negligence of defendants Transocean Entities in the well drilling process and their use of drilling equipment and the unseaworthiness of the DEEPWATER HORIZON, aboard which plaintiff was working under the direction and control of defendants Transocean entities when she exploded and sank in the Gulf of Mexico off of the Louisiana coast.

**ANSWER**

The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and

offer their deepest sympathies to the rig personnel who suffered injuries because of the

tragic accident.  The BP Parties, however, lack knowledge or information sufficient to form

a belief about the truth of the allegations of this paragraph, and therefore deny them.

**4.**

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**5.**

Jurisdiction of this first cause of action against defendants Transocean entities is based upon the Jones Act, 46 U.S.C. §30104, et seq. and the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**AND FOR A SECOND CAUSE OF ACTION**

**6.**

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previous paragraphs as if re-pled herein in their entirety.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

**7.**

At all material times, and in particular prior to the explosion and sinking of the DEEPWATER HORIZON, defendants Halliburton Entities was engaged in cementing operations of the completed well and well cap.

**ANSWER**

The BP Parties admit that Halliburton was engaged to perform cementing operations in connection with the well.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**8.**

The April 20, 2010 vessel explosion and subsequent sinking and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of defendants Halliburton Entities which, upon information and belief, improperly and negligently cemented the well and well cap, which negligence was a cause of the explosion and sinking of the DEEPWATER HORIZON.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**9.**

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**10.**

Jurisdiction of this second cause of action against defendant Halliburton is based upon the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## AND FOR A THIRD CAUSE OF ACTION

### 11.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previously pled paragraphs of his Complaint as if re-pled herein in their entirety and to the extent that said allegations are necessary.

### ANSWER

The BP Parties incorporate their answers to the above paragraphs as if set forth fully

below.

### 12.

At all material times hereto, the DEEPWATER HORIZON was operated and the well drilling and completion activities in which she participated were managed, supervised and directed by defendants BP entities.

### ANSWER

The BP Parties deny the allegations of this paragraph.

### 13.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the joint negligence of the BP entities in their management, control and direction of the DEEPWATER HORIZON and the drilling activities thereon, which negligence was a cause of the explosion.

### ANSWER

The BP Parties deny the allegations of this paragraph to the extent they are directed

at them.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

### 14.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**15.**

Jurisdiction of this third cause of action against defendants BP entities is based upon the general maritime law.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring a claim under the general maritime law.  The BP Parties deny that Plaintiff has stated a valid claim under the general maritime law. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**AND FOR A FOURTH CAUSE OF ACTION**

**16.**

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

**17.**

At all material times hereto, defendant Weatherford was the supplier of defective products that were used aboard the DEEPWATER HORIZON to conduct drilling operations prior to the explosion, was engaged in drilling operations which caused a breakdown of equipment and hole integrity, thereby allowing oil and gas into the well column and onto the DEEPWATER HORIZON and ran the inner production liner, among other drilling operations ongoing at the time of the explosion.

**ANSWER**

The BP Parties admit that Weatherford was engaged to perform casing operations in connection with the well.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### 18.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff herein were caused by the negligence of defendant Weatherford as both the supplier of defective products and in their involvement in drilling operations as described herein, which negligence was a cause of the explosion.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### 19.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### 20.

Jurisdiction of this fourth cause of action against defendant Weatherford is based upon the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## <u>AND FOR A FIFTH CAUSE OF ACTION</u>

### 21.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

### <u>ANSWER</u>

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

### 22.

Defendant Cameron was a manufacturer of products and equipment, including, but not limited to, the multiplex control system, single and double blowout preventers and well head connector on the DEEPWATER HORIZON vessel and, upon information and belief, improperly and defectively manufactured these products and equipment.

### <u>ANSWER</u>

The BP Parties admit that Cameron manufactured and supplied the *Deepwater Horizon*'s BOP, and that the BOP failed to prevent the oil spill.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### 23.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the negligence of defendant Cameron due to the defects in the products and equipment described herein, which defects were a cause of the explosion.

### <u>ANSWER</u>

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### 24.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a

consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**25.**

Jurisdiction of this fifth cause of action against defendant Cameron is based upon the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**AND FOR A SIXTH CAUSE OF ACTION**

**26.**

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

**27.**

Defendant herein, MI Swaco, was contracted to provide drilling fluids services to the rig DEEPWATER HORIZON. MI Swaco, in conjunction with co-defendant Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape and ignite and ultimately resulting in the explosion aboard the vessel.

**ANSWER**

The BP Parties admit that M-I Swaco was engaged to perform drilling fluids operations in connection with the well. The BP Parties lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## 28.

The April 20, 2010 casualty and resulting severe, painful and permanently disabling injuries to plaintiff described herein were caused by the negligence of defendant MI Swaco in their use, calculation and management of the drilling fluid and drilling fluid weight before and during the cement operation, which negligence was a cause of the explosion.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## 29.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to plaintiff Michael Williams have greatly impacted his wage earning capacity and, as a consequence, he is entitled to damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## 30.

Jurisdiction of this sixth cause of action against defendant MI Swaco is based upon the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## AND FOR A SEVENTH CAUSE OF ACTION

## 31.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

### 32.

Based on information and belief, due to the gross negligence and fault of defendants TRANSOCEAN ENTITIES' shore side management, the DEEPWATER HORIZON was unseaworthy and unfit for the job task required of her, which unseaworthy condition caused or substantially contributed to the explosion and vessel sinking described herein.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### 33.

By virtue of defendants TRANSOCEAN ENTITIES' callous and willful disregard for the condition of its vessel, which condition was either caused by, known to or should have been known to these Defendants' shore side management personnel, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### 34.

Jurisdiction of this seventh cause of action against defendants Transocean Entities is based upon the general maritime law.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## AND FOR AN EIGHTH CAUSE OF ACTION

### 35.

Plaintiff hereby re-avers and re-alleges all allegations of fact and law contained in this complaint for damages as if re-pled herein in their entirety.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

### 36.

Based on information and belief, due to the gross negligence and fault of defendants BP ENTITIES in their management, control, supervision and direction of the DEEPWATER HORIZON and drilling activities thereon, an ultrahazardous situation was created onboard the DEEPWATER HORIZON that was a cause of the explosion and vessel sinking described herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

### 37.

By virtue of defendants BP ENTITIES' callous and willful disregard for the safety of the crew of the DEEPWATER HORIZON, including plaintiff, plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

### 38.

Jurisdiction of this eighth cause of action against defendant BP Entities is based upon the general maritime law.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring a claim under the general maritime law.  The BP Parties deny that Plaintiff has stated a valid claim under the general maritime law. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**39.**

Plaintiff demands a trial by jury on all claims and causes of action pled herein.

**ANSWER**

The BP Parties admit that Plaintiff has requested a trial by jury.  The BP Parties deny that Plaintiff is entitled to a trial by jury except as required under the laws applicable to a trial of his claims.


**WHEREFORE**, plaintiff Michael Williams prays for judgment against defendants Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Products North America, Inc., BP Exploration & Production, Inc., Halliburton Energy Services, Inc., Sperry Drilling Services, Weatherford International Ltd., Cameron International Corporation d/b/a Cameron Systems Corporation, Triton Asset Leasing GMBH, Triton Hungary Asset Management Limited Liability Company, Triton Hungary Asset Management KFT, Transocean Holdings, LLC and MI Swaco and in his favor for compensatory damages in the amount of SIX MILLION AND NO/100 ($6,000,000.00) DOLLARS or such greater amounts as may be appropriate under the circumstances, punitive damages in an amount to be determined by this Honorable Court, for all taxable costs and interest allowed by law, for a trial by jury and for all additional and equitable relief to which this plaintiff may be entitled or as this cause may require.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.  The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge

or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SIXTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

## SEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

## NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

## TWELFTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## THIRTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the First Amended Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the First Amended Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.


Dated:  February 11, 2011                          Respectfully submitted,

                                                   /s/ Don K. Haycraft
                                                   Don K. Haycraft (Bar #14361)
                                                   R. Keith Jarrett (Bar #16984)
                                                   LISKOW & LEWIS
                                                   701 Poydras Street, Suite 5000
                                                   New Orleans, Louisiana 70139-5099
                                                   Telephone: (504) 581-7979
                                                   Facsimile: (504) 556-4108

                                                   and

                                                   Richard C. Godfrey, P.C.
                                                   J. Andrew Langan, P.C.
                                                   Wendy Bloom, P.C.
                                                   Timothy A. Duffy, P.C.
                                                   Kirkland & Ellis LLP
                                                   300 North LaSalle Street
                                                   Chicago, IL 60654
                                                   312-862-2000 (Tel)
                                                   312-862-2200 (Fax)

                                                   and

                                                   Robert C. "Mike" Brock
                                                   Covington & Burling LLP
                                                   1201 Pennsylvania Avenue, NW

Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North
America Inc. and BP Exploration &
Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

/s/   Don K. Haycraft