UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Becnel v. BP p.l.c., et al. …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

## THE BP PARTIES' ANSWER TO MELINDA ANNE BECNEL'S COMPLAINT

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA") and BP America Inc. ("BPA") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Complaint filed by Melinda Anne Becnel, as follows:

1.

Made defendants herein are:

A. BP, PLC ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

B. BP PRODUCTS NORTH AMERICA, INC. ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

C. BP AMERICA, INC. ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

D. HALIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana and within this district;

E. CAMERON INTERNATIONAL CORPORATION f/k/a COOPER- CAMERON CORPORATION, hereinafter referred to as "Cameron," a foreign corporation doing business in the State of Louisiana and within this district;

F. WEATHERFORD INTERNATIONAL, INC., AND/OR WEATHERFORD INTERNATIONAL, LTD, a foreign corporation authorized to do and doing business in this state and judicial district.

1

G. ANADARKO PETROLEUM CO., LTD., CORP., is a foreign corporation doing business in the State of Louisiana and/or in state and/or federal waters off the coast of Louisiana in this district. Upon information and belief, Anadarko has a twenty- five (25%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

H. MOEX OFFSHORE - 2007 LLC (hereinafter referred to as "MOEX"), a foreign corporation authorized to and doing business in this state and judicial district. Upon information and belief, MOEX has a ten (10%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

I. M-I, L.L.C. a/k/a, M-I SWACO, d/b/a M-I Drilling Fluids, L.L.C., (hereinafter collectively referred to as "M-I Swaco") foreign corporation authorized and doing business in this state and district. Plaintiff's husband was employed by M-I who was engaged in the drilling fluid operations on the DEEPWATER HORIZON at the time of the explosion.

**ANSWER**

The BP Parties admit that BP p.l.c and BPA are foreign corporations, and that BPPNA is a foreign corporation authorized to and doing business in Louisiana.  The BP Parties deny that BP p.l.c. and BPA do business in Louisiana.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1) and is being brought pursuant to the provisions of 46 U.S.C. § 688 (the "Jones Act") and the provisions of the general maritime law. Plaintiff designates this matter as a maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. The defendants are justly and truly indebted unto plaintiff, Melinda Anne Becnel, jointly, severally and *in solido*.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring this action pursuant to 46 U.S.C. § 688 and the general maritime laws.  The BP Parties deny that Plaintiff has stated a valid claim

pursuant to 46 U.S.C. § 688 or the general maritime laws or that Plaintiff is entitled to any relief. The BP Parties further deny that BPPNA, BP p.l.c., and BPA are proper parties to this litigation. BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill.  Similarly BP p.l.c. and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean.  The BP Parties deny the remaining allegations of this paragraph.

3.

At all material times, plaintiff was married to Keith Blair Manuel who was a member of the crew of the DEEPWATER HORIZON. Mr. Manuel was employed as a Jones Act seaman.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

4.

Mr. Manuel was assigned to the DEEPWATER HORIZON offshore drilling vessel as a seaman and member of the crew. Alternatively, he was a permanent member of a recognizable fleet of vessels. Alternatively, he was a maritime worker.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

5.

DEEPWATER HORIZON was in navigation in the Gulf of Mexico, using sophisticated propulsor/navigation system, and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

**ANSWER**

The BP Parties admit that the *Deepwater Horizon* was in navigation in the Gulf of Mexico and that the *Deepwater Horizon* was owned and operated and controlled by one or more Transocean affiliates at all relevant times.  The BP Parties deny that any BP entity owned, operated, chartered, or controlled the *Deepwater Horizon* at any relevant time.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

6.

On or about April 20, 2010, Mr. Manuel was on board the DEEPWATER HORIZON when suddenly and without warning, at approximately 10 p.m. on April 20, 2010, an explosion occurred on DEEPWATER HORIZON, causing crew members to be thrown overboard and killing several others. Mr. Manuel's body was never recovered.

**ANSWER**

The BP Parties admit that one or more explosions occurred on the *Deepwater Horizon* on April 20, 2010.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

7.

As Mr. Manuel's wife, Plaintiff became stricken with grief from his disappearance and presumed death and is currently suffering from post traumatic stress disorder, depression, anxiety and other injuries which will be shown upon the trial of this matter.

**ANSWER**

The BP Parties admit that Mr. Keith Blair Manuel is presumed dead. The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the families, friends and colleagues of those who were lost on the *Deepwater Horizon*. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

8.

At all material times, the vessel on which Plaintiff's husband died was owned, navigated in navigable waterways, manned, possessed, managed, controlled, chartered and/or operated by Defendants.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them

9.

The accident was not caused by any fault of plaintiff but was caused solely by the negligence, fault, gross negligence, and/or wanton and reckless disregard of defendants, as more particularly set forth herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

10.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendants. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or the general maritime law for negligence.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

11.

BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

**ANSWER**

The BP Parties admit that BPXP was the lease operator of a lease from the MMS that allowed it to drill for oil in the Mississippi Canyon Block 252, in which the Macondo Well, MC 252 #1, was drilled, and at which the oil spill occurred.  The BP Parties deny the remaining allegations of this paragraph.

12.

Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOP") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended. As such, Cameron is liable to Plaintiff pursuant to Maritime Law and/or the Louisiana Products Liability Act in addition to being liable for its negligence.

**ANSWER**

The BP Parties admit that Cameron manufactured and supplied the *Deepwater Horizon*'s BOP, and that the BOP failed to prevent the oil spill.  The BP Parties lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

13.

Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

**ANSWER**

The BP Parties admit that Halliburton was engaged to perform cementing operations in connection with the well.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

14.

Weatherford International, Inc., and/or Weatherford International, Inc., LTD, was engaged in the casing operations of the well and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, contributing to the fire, explosion, and resulting oil spill.

**ANSWER**

The BP Parties admit that Weatherford was engaged to perform casing operations in connection with the well.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

15.

Anadarko Petroleum Corp. and MOEX Offshore - 2007 LLC, are non-operating investors who maintain 25% and 10% respective ownership in the well and are solidarily liable with codefendants pursuant to the Operating Agreement with the BP defendants.

**ANSWER**

The BP Parties admit that one or more Anadarko affiliates and MOEX Offshore 2007 LLC shared ownership in the Mississippi Canyon Block 252 lease, holding interests of 25% and 10%, respectively, and that Anadarko and MOEX have certain obligations under their agreement with BP that require them to share in liabilities imposed as a result of the oil spill. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

16.

M-I Swaco was engaged in the drilling fluids operations of the well and, upon information and belief, improperly and negligently, and/or with gross negligence, and/or wanton and reckless disregard, performed these duties, contributing to the fire, explosion, and resulting oil spill. Plaintiffs husband was not part of the decision-making of the drilling fluids operation as he arrived mere days before the explosion.

**ANSWER**

The BP Parties admit that M-I Swaco was engaged to perform drilling fluids operations in connection with the well. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

17.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wanton conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the DEEPWATER HORIZON vessel.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring a claim under the general maritime law and as a Jones Act seaman. The BP Parties deny that Plaintiff has stated a valid claim under the general maritime law or as a Jones Act seaman. The BP Parties lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

18.

The above-described incidents were caused solely by the negligence of defendants through their agents, servants and employees, which are more particularly described as follows:

- A. Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

- B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

- C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

- D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

- E. Negligent failure to properly inspect the rig and all of its equipment and gear;

- F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

- G. Failing to follow the recommendations of employees to avoid possible blowout;

- H. Negligent violation of government and industry rules, regulations and standards;

- I. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Plaintiff s husband;

- K. Generally, the failure to act with the required degree of care commensurate with the existing situation.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

19.

In the further alternative, plaintiff reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio*, avers the applicability of the doctrine of Res Ipsa Loquitur.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

20.

As a result of the above-described negligence, plaintiff is entitled to recover the following damages:

    A.    Loss of consortium;

    B.    Loss of enjoyment of life;

    C.    Mental anguish, grief, profound depression, anxiety and suffering;

    D.    Medical and related expenses, past and future;

    E.    Loss of guidance and support;

    F.    Loss of earning and/or earning capacity;

    G.    Loss of financial support;

    H.    Loss of inheritence;

    I.    Punitive or exemplary damages;

    J.    Other items of damage which may be shown through discovery or at trial;

    K.    All appropriate general and equitable relief;

    L.    Prejudgment interest on all sums awarded from date of loss until paid;

    M.    Post-judgment on all sums awarded from date of judgment until paid; and

    N.    All court costs and litigation costs allowed by law.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

21.

The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff's husband and are therefore liable for punitive damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff, Melinda Anne Becnel, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., HALIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION, ANADARKO PETROLEUM CO., LTD., CORP., MOEX OFFSHORE - 2007 LLC, M-I, L.L.C., and/or M-I DRILLING FLUIDS, LLC., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.  The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

### SIXTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that she seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

The claim of Melinda Anne Becnel in this matter should be joined with those of Kelli Manuel Taquino, Jessica Manchester, and Ashley Manuel in Civil Action No. 10-1921 under Fed.R.Civ.Proc. 19(a) and/or consolidated for trial purposes under Fed.R.Civ.Proc. 42(a).

**TWELFTH DEFENSE**

Upon information and belief, Plaintiff may not be the proper party plaintiff to bring this claim as she makes no allegations that she has been appointed personal representative of the estate of the decedent.

**THIRTEENTH DEFENSE**

The BP Parties assert that no double recovery of the same damages should be permitted in Civil Action No. 2:10-cv-1921 and Civil Action No. 2:10-cv-3066.

**FOURTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**FIFTEENTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**SIXTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.

Dated: February 11, 2011                                Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc. and BP America Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                                                    /s/   Don K. Haycraft__