**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Davis v. Cameron International Corp., et al. | : : | JUDGE BARBIER MAGISTRATE SHUSHAN |
| …………………………………………... | : | |

**THE BP PARTIES' ANSWER TO MATTHEW**
**DAVIS' SECOND AMENDED PETITION**

Defendants BP Exploration & Production Inc. ("BPXP") and BP p.l.c. (collectively, "the

BP Parties"), by their undersigned counsel, and, pursuant to Rule 8 of the Federal Rules of Civil

Procedure, hereby answer the Second Amended Petition of filed by Matthew Davis, Robert

Hearn, Dennis Dewayne Martinez, Eugene Dewayne Moss, Samuel Wade Pigg, Micah Joseph

Sandell, Stephen Davis, and Christopher Haire (collectively as "Plaintiffs"), as follows:

**I.**

[1] Discovery in this matter will be conducted pursuant to Level 2.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

**II.**

[2] Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON
SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of
business in Houston, Harris County, Texas. It can be served through its registered agent in
Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[3] Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[4] Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

[5] Defendant BP, PLC is a foreign company doing business in the State of Texas.

**ANSWER**

The BP Parties admit that BP p.l.c. is a foreign company.  The BP Parties deny the remaining allegations of this paragraph.

### III.

[6] Plaintiff MATTHEW DAVIS is a resident of Mississippi.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[7] Plaintiff ROBERT HEARN is a resident of Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[8] Plaintiff DENNIS DEWAYNE MARTINEZ is a resident of Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[9] Plaintiff EUGENE DEWAYNE MOSS is a resident of Mississippi.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[10] Plaintiff SAMUEL WADE PIGG is a resident of Mississippi.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[11] Plaintiff MICAH JOSEPH SANDELL is a resident of Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[11] Plaintiff STEPHEN DAVIS is a resident of Texas.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[12] Plaintiff CHRISTOPHER HAIRE is a resident of Texas. Plaintiff CHRISTOPHER HAIRE is only bringing claims against Defendants Cameron International Corporation a/k/a Cameron Systems Corporation, BP Exploration and Production, Inc. and BP, PLC. Plaintiff CHRISTOPHER HAIRE is not bringing any claims against Defendant Halliburton Energy Services, Inc.

**ANSWER**

The BP Parties admit that Plaintiff Christopher Haire purports to bring a claim against the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**IV.**

[13] The Court has jurisdiction over this matter in that Defendants do business in the State of Texas.  Venue is proper in this matter because both Defendants are headquartered in this County.

**ANSWER**

The BP Parties admit that Cameron, Halliburton, and BPXP do business in the state of Texas and that BPXP is headquartered in Harris County, Texas.  The BP Parties deny that BP p.l.c. does business in the State of Texas or is headquartered in Harris County, Texas.

4

The BP Parties further deny that BP p.l.c. is a proper party to this litigation as it did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and was not a party to the drilling rig contract with Transocean.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## V.

[14] On April 20, 2010, the Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel"), a deepwater semi-submersible drilling rig, as members of the crew when the Vessel caught fire and exploded, and ultimately sunk, injuring more than twenty, and likely killing eleven. Because of this incident, Plaintiffs sustained serious injuries to their persons. Due to their severe injuries, Plaintiffs are unable to work.

**ANSWER**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon* and that the vessel sank.  The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident.  The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[15] Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended.

**ANSWER**

The BP Parties admit that Cameron designed, manufactured, and/or supplied the *Deepwater Horizon* BOP and that one purpose of a BOP is to prevent uncontrolled releases

of hydrocarbons that could threaten a rig and the safety of those aboard it.  The BP Parties

lack knowledge or information sufficient to form a belief about the truth of the remaining

allegations of this paragraph, and therefore deny them.

[16] Halliburton was a contractor working on the Vessel engaged in cementing
operations of the well and well cap and, upon information and belief, improperly and
negligently performed these duties, allowing pressure to escape the well, leading to the resulting
blowout and fire.

**<u>ANSWER</u>**

The BP Parties admit that Halliburton was a contractor engaged to provide products

and services regarding the cementing of the well being drilled by the *Deepwater Horizon*.

The BP Parties lack knowledge or information sufficient to form a belief about the truth of

the remaining allegations of this paragraph, and therefore deny them.

[17] The BP Defendants had leased the Vessel and had a significant hand in the control
of the rig; importantly in the application of casing and cement and preparation of the well for
production. Further, because the Vessel was leased to the BP Defendants, such Defendants have
a duty to ensure that operations are conducted in a prudent manner.  The BP Defendants failed in
that regard, legally causing Plaintiffs' injuries.

**<u>ANSWER</u>**

The BP Parties deny the allegations of this paragraph.

## VI.

[18] Plaintiffs incorporate the above paragraphs as if set forth fully below.

**<u>ANSWER</u>**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully

below.

[19] Plaintiffs bring claims against Cameron under the Texas Products Liability Act (TEX. CIV. PRAC. & REM. CODE § 82.001, *et seq.*). Cameron designed, manufactured and/or supplied the defective BOP's that were used on the Vessel and failed to operate as intended. Upon information and belief, the BOP's at issue were not substantially changed after they left Cameron's control. Further, the BOP's were in a defective condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Additionally, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

## **ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## **VII.**

[20] Plaintiffs incorporate the above paragraphs as if set forth fully below.

(a)   Upon information and belief, Plaintiffs aver that the explosion, fire and resulting injuries to Plaintiffs were caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

(b)   Failing to properly operate the DEEPWATER HORIZON;

(c)   Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, that resulted in injuries to Plaintiffs;

(d)   Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

(e)   Acting in a careless and negligent manner without due regard for the safety of others;

(f)     Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which, if they had been so promulgated, implemented and enforced, would have averted the explosion, fire and resulting injuries to Plaintiffs;

(g)     Operating the DEEPWATER HORIZON with untrained and unlicensed personnel;

(h)     Inadequate and negligent training and hiring of personnel;

(i)     Failing to take appropriate action to avoid or mitigate the accident;

(j)     Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

(k)     Employing untrained or poorly trained employees and failing to properly train their employees;

(l)     Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

(m)     Failure to timely warn;

(n)     Failure to provide appropriate accident prevention equipment;

(o)      Failure to observe and read gauges that would have indicated excessive pressures in the well;

(p)     Failure to react to danger signs;

(q)     Providing BOP's that did not work properly;

(r)     Conducting well and well cap cementing operations improperly; and

(s)     Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of state and Federal law applicable on the Outer Continental Shelf.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.  The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## VIII.

[21] Plaintiffs would also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[22] Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times.  These infractions include:

- $41,000 fine for a "loss of well control." MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

- $190,000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70,000 fine for low pressure in the fire water system; and

- $190,000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

**ANSWER**

The BP Parties admit that BPXP paid a $41,000 civil penalty for alleged violations that, according to the MMS, did not result in any pollution or injuries; that BPXP paid a $190,000 civil penalty for alleged safety violations that resulted in a fire involving an as-built diverter system; that BPXP paid a $80,000 civil penalty for alleged bypass relays for the pressure safety high/low for producing wells; that BPXP paid a $70,000 civil penalty arising out of a fire water system allegedly operating below the minimum required 75 psi. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the second $190,000 fine alleged above.  The BP Parties deny the remaining allegations of this paragraph.

[23] Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek damages punitive damages, for the BP Defendants' gross negligence and malice.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

## IX.

[24] As a result of the incident, Plaintiffs seek all damages recognizable by law, including, but not limited to, past and future medical treatment,  pain, suffering,  mental anguish, loss of affection, society, guidance, counseling, earnings, earning capacity, consortium, and enjoyment of life.

**ANSWER**

The BP Parties admit that Plaintiffs seek the damages alleged.  The BP Parties deny

that Plaintiffs are entitled to damages and the remaining allegations of this paragraph.

## X.

[25] Plaintiffs assert that they are entitled to damages in excess of the minimum
jurisdictional amount of this Honorable Court.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

### RequestforRule194Disclosure

[26] Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants
disclose, within 50 days of the service of this request, the information or material described in Rule
194.2(a)- (k), Tex. R. Civ. P.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

[27] WHEREFORE, PREMISES CONSIDERED, Plaintiffs MATTHEW DAVIS,
ROBERT HEARN, DENNIS DEWAYNE MARTINEZ, EUGENE DEWAYNE MOSS,
SAMUEL WADE PIGG, MICAH JOSEPH SANDELL, STEPHEN DAVIS and
CHRISTOPHER HAIRE pray for judgment against Defendants in the amount of FIVE
MILLION ($5,000,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal
rate, for all costs of court, and all such other and further relief, at law and in equity, to which he
may be justly entitled.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs'

claims against the BP Parties with prejudice.  The BP Parties deny the allegations of this

paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge

or information sufficient to form a belief about the truth of the remaining allegations of this

paragraph, and therefore deny them.

[27] **PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

**ANSWER**

The BP Parties admit that Plaintiffs have requested a trial by jury.  The BP Parties deny that Plaintiffs are entitled to a trial by jury except as required under the laws applicable to a trial of their claims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiffs' damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiffs' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiffs' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiffs' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**FIFTH DEFENSE**

To the extent the BP Parties are found liable to Plaintiffs for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled under the law to the damages that they seek, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## ELEVENTH DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiffs to an award of punitive damages.

## TWELFTH DEFENSE

Plaintiffs' damages are barred, in whole or in part, by a failure to mitigate damages.

## THIRTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Second Amended Petition, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiffs as a result of the allegations contained in the Second Amended Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs' claims against the BP Parties with prejudice.

Dated:  February 11, 2011                    Respectfully submitted,

                                             /s/ Don K. Haycraft
                                             Don K. Haycraft (Bar #14361)
                                             R. Keith Jarrett (Bar #16984)
                                             LISKOW & LEWIS
                                             701 Poydras Street, Suite 5000
                                             New Orleans, Louisiana 70139-5099
                                             Telephone: (504) 581-7979
                                             Facsimile: (504) 556-4108

                                             and

                                             Richard C. Godfrey, P.C.

J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Exploration & Production*
*Inc. and BP p.l.c.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

<u>/s/   Don K. Haycraft  </u>