UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Roberts v. BP p.l.c., et al. …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

## THE BP PARTIES' ANSWER TO KENNETH ROBERTS COMPLAINT

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA") and BP America Inc. ("BPA") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Complaint filed by Kenneth Roberts, as follows:

1. Made defendants herein are:

   a) BP, PLC ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

   b) BP Products North American, Inc. ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

   c) BP America, Inc. ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

   d) Haliburton Energy Service, Inc., hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana and within this district;

   e) Cameron International Corporation f/k/a Cooper-Cameron Corporation, hereinafter referred to "Cameron," a foreign corporation doing business in the State of Louisiana and within this district;

   f) Weatherford International, Inc., and/or Weatherford International, LTD, a foreign corporation authorized to do and doing business in the State of Louisiana, and within this district;

1

      g)      Anadarko Petroleum Co., LTD, Corp., a foreign corporation doing business in the State of Louisiana and/or the federal waters off the coast of Louisiana and this district;

      h)      MOEX Offshore - 2007, Inc., hereinafter referred to as "Moex," a foreign corporation authorized to do and doing business in the State of Louisiana and within this district;

      i)      ART Catering, Inc., hereinafter referred to as "ART Catering," a Louisiana corporation with its principal place of business in Plaquemines Parish, Louisiana; and

      j)      TRANSOCEAN, a foreign corporation headquartered in Houston, Texas, doing business within the State of Louisiana and this district.

**ANSWER**

The BP Parties admit that BP p.l.c and BPA are foreign corporations, and that BPPNA is a foreign corporation authorized to and doing business in Louisiana. The BP Parties deny that BP p.l.c. and BPA do business in Louisiana. The BP Parties further deny that BPPNA, BP p.l.c., and BPA are proper parties to this litigation. BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. Similarly, BP p.l.c. and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of the remaining allegations of this paragraph, and therefore deny them.

    2.    At all material times herein, Complainant, Kenneth Roberts, was employed by ART Catering as a Jones Act Seaman.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

3.      Complainant was permanently assigned to the DEEPWATER HORIZON offshore drilling vessel as a seaman and member of the crew.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

4.      DEEPWATER HORIZON was in navigation in the Gulf of Mexico, using Popular/navigation system, and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

**ANSWER**

The BP Parties admit that the *Deepwater Horizon* was in navigation in the Gulf of Mexico and that the *Deepwater Horizon* was owned and operated and controlled by one or more Transocean affiliates at all relevant times. The BP Parties deny that any BP entity owned, operated, chartered, or controlled the *Deepwater Horizon* at any relevant time. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

5.      On or about April 20, 2010, Complainant, Kenneth Roberts, was an employee of ART Catering on board the DEEPWATER HORIZON when suddenly and without warning at approximately 10:00 p.m. on April 20, 2010, an explosion occurred on the DEEPWATER HORIZON .

**ANSWER**

The BP Parties admit that one or more explosions occurred on the *Deepwater Horizon* on April 20, 2010. The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010,

and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

6. The explosion caused severe and extensive injuries to the body and psyche of Complainant.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

7. Complainant, Kenneth Roberts, was at all times pertinent herein, ordered to be and performing duties and functions as instructed and obliged to perform pursuant to directives of Defendants, ART Catering and/or BP and/or TRANSOCEAN.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

8. This accident was caused by no fault of Complainant and was caused solely by the negligence of Defendants and/or the unseaworthy conditions of the DEEPWATER HORIZON.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

9. At all times pertinent herein, the vessel DEEPWATER HORIZON on which the explosion occurred on was navigated in navigable water, manned, possessed, managed, controlled, chartered, and/or operated by Defendants, TRANSOCEAN and/or BP in a negligent fashion.

### ANSWER

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

10. BP, BP Products, and BP America (collectively "BP") are the holders of a lease granted by the Mineral Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the oil explosion and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill and did so in a negligent fashion.

### ANSWER

The BP Parties admit that BPXP was the lease operator of a lease from the MMS that allowed it to drill for oil in the Mississippi Canyon Block 252, in which the Macondo Well, MC 252 #1, was drilled, and at which the oil spill occurred.  The BP Parties deny the remaining allegations of this paragraph.

11. Upon information and belief, Cameron manufactured and/or supplied the DEEPWATER HORIZON's blow-out preventers ("BOP") that failed to operate upon the explosion, which should have prevented the oil spill. The BOPs were defective because they failed to operate as intended. As such, Cameron is liable to Complainant under strict liability and for negligence.

### ANSWER

The BP Parties admit that Cameron manufactured and supplied the *Deepwater Horizon*'s BOP, and that the BOP failed to prevent the oil spill.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

12. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

**ANSWER**

The BP Parties admit that Halliburton was engaged to perform cementing operations in connection with the well. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

13. Weatherford International, Inc., and/or Weatherford International, Inc., LTD, ("Weatherford") was engaged in the casing operations of the well and, upon information and belief, improperly and negligently performed these duties, contributing to the fire, explosion and resulting oil spill.

**ANSWER**

The BP Parties admit that Weatherford was engaged to perform casing operations in connection with the well. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

14. Anadarko Petroleum Corp. and MOEX Offshore - 2007 LLC, are non-operating investors who maintain ownership interest in the well and are solidarily liable with Co-Defendants pursuant to the Operating Agreement with the BP Defendants.

**ANSWER**

The BP Parties admit that one or more Anadarko affiliates and MOEX Offshore 2007 LLC shared ownership in the Mississippi Canyon Block 252 lease, holding interests of 25% and 10%, respectively, and that Anadarko and MOEX have certain obligations under their agreement with BP that require them to share in liabilities imposed as a result of the oil spill. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

15. Complainant seeks recovery against the Defendants for the wrongful conduct, including gross, reckless, and wanton conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the DEEPWATER HORIZON vessel.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring a claim under the general maritime law and as a Jones Act seaman.  The BP Parties deny that Plaintiff has stated a valid claim under the general maritime law or as a Jones Act seaman.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

16.     Complainant, Kenneth Roberts, demands that Defendant ART Catering provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure" as determined by his treating physician. Complainant demands that maintenance be instituted in the amount of $60.00 per day from the date of his injury and that any deficiency or non payment be subject to an award of compensatory and punitive damages, attorney fees, and costs.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

17.     As a result of the negligence of the Defendants on the DEEPWATER HORIZON, Complainant, Kenneth Roberts, is entitled to recover the following damages:

        a)     Physical and mental injury, pain and suffering, mental anguish and distress and fright;

        b)     Loss of earnings, past and future;

        c)     Loss of earnings capacity;

        d)     Loss of enjoyment of life;

        e)     Mental anguish, grief, profound depression, anxiety and suffering;

        f)     Medical and related expenses, past and future; and

        g)     Punitive or exemplary damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

18.     The Defendants' conduct was reckless and egregious in complete disregard of the safety of Complainant and Defendants are therefore liable for punitive damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at them.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

WHEREFORE, Complainant, Kenneth Roberts prays that there be judgment in his favor and against the defendants, BP, PLC, BP Products North American, Inc., BP America, Inc., Haliburton Energy Service, Inc., Cameron International Corporation f/k/a Cooper-Cameron Corporation, Weatherford International, Inc., and/or Weatherford International, LTD, Anadarko Petroleum Co., LTD, Corp., MOEX Offshore - 2007, Inc., ART Catering, Inc., and TRANSOCEAN jointly and severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon and for all costs of these proceedings.  Complainant also prays for all other relief as may be just and equitable in the premises.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.  The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.

Dated:  February 11, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

        202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc. and BP America Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                            /s/   Don K. Haycraft