UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: Karl W. Rhodes v. Transocean, Ltd., et al.<br>………………………………………………... | : : : | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

## THE BP PARTIES' ANSWER TO KARL W. RHODES COMPLAINT

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA"), BP Exploration & Production Inc. ("BPXP"), BP America Inc. ("BPA"), BP Company North America Inc., and BP Corporation North America Inc. ("BPNACI") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Complaint, as supplemented and amended, filed by Karl W. Rhodes, as follows:

**1.**

Petitioner is a citizen of the United States of America and is a resident of lawful age and is domiciled in Evangeline Parish, Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**2.**

The Court's jurisdiction is based upon the Admiralty and Maritime jurisdiction under Article III, Section 2 of the United States Constitution, 46 U.S.C. § 30104 (formerly 46 U.S.C. § Appx. 688) *et seq*, 28 U.S.C. § 1333, and the General Maritime Law of the United States.

1

**ANSWER**

The BP Parties admit that Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104, *et seq.*, and the general maritime law of the United States and that this Court has jurisdiction over Plaintiff's claims.  The BP Parties deny that Plaintiff has stated a valid claim pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104, *et seq.*, or the general maritime law of the United States.  The BP Parties further deny that BPPNA, BP p.l.c., BP Company North America Inc., BPNACI, and BPA are proper parties to this litigation.  BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill.  Similarly, BP p.l.c., BP Company North America Inc., BPNACI, and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean.  The BP Parties deny the remaining allegations of this paragraph.

**3.**

The following parties are made defendants herein:

    A.    Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    B.    Transocean, Ltd. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    C.    Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    D.    Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    E.    Transocean Holdings, LLC (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    F.    Triton Asset Leasing GMBH (Transocean Entity) is a foreign corporation doing business in the State of Louisiana;

    G.    BP, PLC (BP Entity) is a foreign corporation doing business in the State of Louisiana;

    H.    BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

    I.    BP Exploration and Production, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

    J.    BP America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

    K.    BP Corporation of North America, Inc. (BP Entity) is a foreign corporation doing business in the State of Louisiana;

    L.    Halliburton Energy Services, Inc. (Haliburton Entity) is a foreign corporation doing business in the State of Louisiana;

    M.    Sperry-Sun Drilling Services (Haliburton Entity), a division of Haliburton, is a foreign corporation doing business in the State of Louisiana;

    N.    Cameron International Corporation D/b/a Cameron Systems Corporation ("Cameron") is a foreign corporation doing business in the State of Louisiana.

    O.    WEATHERFORD U.S., L.P. ("Weatherford") is a foreign corporation doing business in the State of Louisiana.

**ANSWER**

The BP Parties admit that BP p.l.c., BPA, and BPNACI are foreign corporations, that BPPNA and BPXP are foreign corporations doing business in Louisiana. The BP Parties deny that BP p.l.c., BPA, or BPNACI do business in Louisiana. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**Additional Defendants**

Petitioner amends his Complaint to add the following defendants:

A. BP Company North America, Inc. (BP Entity) is a Delaware corporation with its principal place of business in Warrenville, Illinois, does business in the State of Louisiana and this district and is a subsidiary of BP Corporation North America, Inc.

B. All "BP" defendants named in the Complaint, as now supplemented and amended, are hereafter together referred to as "BP Entity."

C. BP Entity holds the lease granted by the United States Minerals and Management Service ("MMS") that allows BP to drill for oil and to perfom oil-production-related operations at the Macondo site in the Mississippi Canyon Block 252 section of the outer Continental Shelf in the Gulf of Mexico ("Macondo oil well"). As of April 20, 2010, BP operated the Macondo oil well that is the source of the current oil spill. BP owns a 65% interest in the Macondo oil well.

D. Anadarko Petroleum Corp. ("Anadarko") is a Delaware corporation with its principal place of business in The Woodlands, Texas, does business in the State of Louisiana and this district and is an oil and gas exploration and production company that owns a 25% interest in the Macondo oil well.

E. MOEX Offshore 2007, LLC ("MOEX") is incorporated in Delaware and has its principal place of business in Houston, Texas.

F. Defendant MOEX holds a 10% interest in the Macondo oil well.

G. All "Transocean" defendants named in the Complaint, as now supplemented and amended, are hereafter together referred to as "Transocean Entity."

H. M-I L.L.C. ("M-I") is a Delaware corporation with its principal place of business in Houston, Texas. M-I, also known as M-I SWACO, supplies drilling and completion fluids and additives to oil and gas companies, providing pressure control, rig instrumentation and drilling waste management products and services. M-I provided the drilling fluids for the Deepwater Horizon at the time of the explosion.

**ANSWER**

The BP Parties admit that BP Company North America Inc. is a Delaware corporation, and that BPXP, one or more Anadarko affiliates, and MOEX Offshore 2007 LLC shared ownership in the Mississippi Canyon Block 252 lease, holding interests of 65%, 25%, and 10%, respectively, and that M-I performs various services related to the oil and gas business, and that

4

M-I provided drilling fluids services for the *Deepwater Horizon* at the time of the incident. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**4.**

At all times material, including April 20, 2010, Transocean Deepwater, Inc. and/or Transocean Entity employed Karl W. Rhodes as a Jones Act seaman and a member of the crew of a semi-submersible mobile drilling unit known as the *Deepwater Horizon*, which rig was located in the Gulf of Mexico off the Louisiana coast.

**ANSWER**

The BP Parties admit that the semi-submersible drilling rig *Deepwater Horizon* was located in the Gulf of Mexico prior to April 20, 2010. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**5.**

At all times pertinent herein, including April 20, 2010, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., and/or Transocean Entity and/or BP Entity owned and/or operated and/or managed and/or chartered and/or controlled or, alternatively, was the demise or bareboat charterer or owner *pro hac vice* of the *Deepwater Horizon*.

**ANSWER**

The BP Parties admit that one or more Transocean affiliates, at all relevant times, owned, operated, managed, and controlled the *Deepwater Horizon*. The BP Parties deny the remaining allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the further remaining allegations of this paragraph, and therefore deny them.

**6.**

The *Deepwater Horizon* is a vessel within the meaning of the Jones Act and the General Maritime Law.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

**7.**

At all times material, including April 20, 2010, the *Deepwater Horizon* was in navigation in navigable waters off the Louisiana coast within the Court's jurisdiction.

**ANSWER**

The BP Parties admit that at all relevant times, the *Deepwater Horizon* was in navigation in the Gulf of Mexico. The BP Parties deny the remaining allegations of this paragraph.

**8.**

On April 20, 2010 at about 10:00 p.m., petitioner was injured when an explosion or explosions and fire suddenly and without warning occurred aboard the vessel.

**ANSWER**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon*. The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**9.**

This incident, fire, or explosion(s) and petitioner's injuries were caused directly and proximately by the combined or individual negligence and fault of the defendants, their respective employees, agents, servants, officers, and crew, which negligence and fault petitioner avers includes, but not exclusively, the following:

A. Breaching a legally imposed duty of care owed by the defendants to petitioner;

B. Allowing an unsafe condition to exist aboard the vessel;

C. Failing to exercise reasonable care and to take reasonable precautions under the circumstances for the safety of petitioner and others aboard the vessel;

D. Failing to properly perform the operation ongoing when the incident happened;

E. Failing to take all appropriate precautions to avoid this incident, fire, and explosion(s);

F. Failing to have all proper equipment and gear necessary to perform the job being performed at the time of the incident, fire, and explosion(s) in a safe manner;

G. Failing to keep the equipment on board the vessel in proper condition and repair;

H. Failing to properly inspect the rig and all of its equipment and gear;

I. Failing to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the incident, fire, and explosion(s);

J. Failing to furnish petitioner with a safe place in which to work;

K. Violating government and industry, rules, regulations, and standards, all of which are pleaded as if copied at length herein;

L. Acting in a grossly negligent, reckless, wilful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the incident, fire, and explosion(s) and with respect to petitioner and others who were aboard the vessel;

M. Other acts of negligence and fault which may be shown through discovery or at trial;

N. Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**10.**

Petitioner also avers that this incident was caused by the unseaworthiness of the vessel, her gear, tools, appliances, and personnel.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**11.**

Petitioner specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the incident occurred and which incident could not have occurred absent the negligent conduct of one or all of the defendants herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**12.**

In addition, and alternatively, this incident was caused by defective equipment that was manufactured or in the care, custody, and control of one or more of the defendants. The defendants knew or should have known of these defects and defendants are, therefore, liable for them.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**13.**

This incident or explosion caused petitioner severe and permanent injury, and he has and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial. And because of this incident, he and has or will incur surgical, hospital, and other medical expenses. He is currently suffering from post-traumatic stress disorder, depression, anxiety, and other injuries that will be shown at trial.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**14.**

Petitioner is entitled to recover the full measure of his damages caused by this incident and which damages include the following, but not exclusively, as follows:

- A. Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future;

- B. Loss of earnings, past and future;

- C. Loss of fringe benefits;

- D. Loss of found, past and future;

- E. Loss of earning capacity;

- F. Loss of or impairment of the enjoyment of life;

- G. Mental anguish, grief, depression, anxiety, and suffering;

   H.  Medical and related expenses, past and future;

   I.  Punitive or exemplary damages;

   J.  Other items of damages that may be shown through discovery or at trial;

   K.  All appropriate and equitable relief;

   L.  Prejudgment interest on all sums awarded from date of loss until paid;

   M.  Post judgment interest on all sums awarded from date of judgment until paid;

   N.  All court and litigation costs allowed by law.

**<u>ANSWER</u>**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**15.**

Due to the injuries caused by this incident, Petitioner is unfit for duty and is unable to return to duty.

**<u>ANSWER</u>**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**16.**

Petitioner has not reached maximum medical cure.

**<u>ANSWER</u>**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**17.**

As petitioner's Jones Act employer, Transocean Deepwater, Inc. and/or Transocean Entity has an absolute, nondelegable duty under the general maritime law to provide petitioner with maintenance, cure, and found from the date he was rendered unfit for duty until he reaches maximum cure, which he has not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**18.**

At all times material, including April 20, 2010, petitioner avers that each defendant was insured under a policy of liability insurance or protection and indemnity coverage insuring and covering each defendant for and against liability of the nature asserted herein. Petitioner does not know the names or identities of each insurer and he therefore reserves his right to supplement and/or amend this Complaint to name and add each insurer as additional defendants in this suit.

**ANSWER**

The BP Parties admit that certain policies of insurance were issued to certain of the BP Parties as the principal named insured(s), but deny that those policies ultimately transferred financial costs of this incident outside the BP Group. The BP Parties further state that they are entitled to coverage for personal injury claims and other losses arising out of the Deepwater Horizon or Macondo Well incident under certain insurance policies issued to other entities. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**19.**

As a Jones Act seaman, petitioner is entitled to file and prosecute this action without prepayment of costs under 28 U.S.C. § 1916.

11

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**20.**

Petitioner is entitled to and requests a trial by jury as to all claims and causes of action alleged herein and any additional claims and causes to be brought by way of amended and/or supplement.

**ANSWER**

The BP Parties admit that Plaintiff has requested a trial by jury on all claims. The BP Parties deny that Plaintiff is entitled to a trial by jury except as required under the laws applicable to a trial of his claims.

WHEREFORE, petitioner, Karl W. Rhodes, prays that after due proceedings are had, the Court render judgment in his favor and against the defendants and their respective liability insurers for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest from date of loss until paid, and for all costs of these proceedings. Petitioner also prays that the Court permit him to file and prosecute this action under 28 U.S.C. § 1916. Finally, petitioner prays for such further orders and relief to which he is entitled, whether at law, in admiralty, or in equity.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice. The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

### FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

### SIXTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by

Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their Affirmative Defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.

Dated:  February 11, 2011                                                       Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc., BP Company North America Inc., BP Corporation North America Inc., BP Exploration & Production Inc., and BP America Inc.*

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

/s/   Don K. Haycraft___