UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: Johnson v. BP p.l.c., et al. …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

## THE BP PARTIES' ANSWER TO ELTON JOHNSON'S FIRST AMENDED AND RESTATED PETITION

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA") and BP America Inc. ("BPA") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of Federal Rules of Civil Procedure, hereby answer the First Amended and Restated Petition filed by Elton Johnson, as follows:

1.

Made defendants herein are:

    A.    **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    B.    **BP PRODUCTS NORTH AMERICA, INC**. ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    C,    **BP AMERICA, INC**. ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    D.    **TIDEWATER MARINE, L.L.C.,** hereinafter referred to as "Tidewater Marine," a Louisiana corporation with its principle place of business in New Orleans, Louisiana.

**ANSWER**

The BP Parties admit that BP p.l.c and BPA are foreign corporations, and that BPPNA and is a foreign corporation authorized to and doing business in Louisiana. The BP Parties deny

that BP p.l.c. and BPA do business in Louisiana.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

2.

The defendants, are justly and truly indebted unto plaintiff, Elton Johnson, jointly, severally and *in solido,* for the following reasons, to-wit:

**ANSWER**

The BP Parties deny the remaining allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties further deny that BPPNA, BP p.l.c., and BPA are proper parties to this litigation.  BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill.  Similarly, BP p.l.c. and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

3.

At all material times, plaintiff Elton Johnson was employed by TIDEWATER MARINE as a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

4.

Plaintiff was assigned by defendant, TIDEWATER MARINE, to work aboard the *MV Damon B. Bankston,* a supply vessel, which was mud roped to the offshore drilling vessel, DEEPWATER HORIZON, in order to send and receive supplies.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

5.

DEEPWATER HORIZON was moored to the ocean floor at the time of the incident and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

**ANSWER**

The BP Parties admit that one or more Transocean affiliates, at all relevant times, owned, operated, managed, and controlled the *Deepwater Horizon*. The BP Parties deny the remaining allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

6.

On or about April 20, 2010, plaintiff, Elton Johnson, was an employee of TIDEWATER MARINE working on the *MV Damon B. Bankston* supply vessel mud-roped to DEEPWATER HORIZON. Suddenly and without warning, at approximately 10 p.m. on April 20, 2010, while the vessel, DEEPWATER HORIZON, was performing drilling operations for crude oil off the coast of Louisiana, an explosion occurred on DEEPWATER HORIZON.

**ANSWER**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon*. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

7.

The explosion violently threw the plaintiff, Elton Johnson, approximately seven (7) feet into a wall and onto a door of the engine room in the supply vessel. As a result, plaintiff was rendered temporarily unconscious and sustained a concussion.

**ANSWER**

The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

8.

As a result, plaintiff, Elton Johnson, sustained the following injuries:

      A.    Back pain;

      B.    Shoulder pain;

      C.    Headaches;

      D.    Ringing of the ears; and

      E.    General soreness throughout the body.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

9.

Additionally, once plaintiff came to he helped rescue approximately 60 crewmembers of DEEPWATER HORIZON oil rig, who had either been blown off or had jumped overboard from the rig.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

10.

As a result of the trauma of the foregoing events and his diligent rescue efforts, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:

- A. Anxiety;
- B. Restlessness;
- C. Nightmares;
- D. Post-traumatic stress; and
- E. Depression.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

11.

Plaintiff, Elton Johnson, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directive's of defendant, TIDEWATER MARINE.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

12.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

13.

At all times pertinent hereto, the vessel on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

14.

The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendant, BP.  These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and the general maritime law for negligence.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

15.

Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wanton conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the Tidewater vessel.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

16.

Plaintiff, Elton Johnson, demands that defendant, TIDEWATER, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

17.

The above-described incidents were caused solely by the negligence of defendant, BP, through their agents, servants and employees, which are more particularly described as follows:

    A.    Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

    B.    Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

    C.    Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

    D.    Negligent failure to keep the equipment on board the vessel in proper condition and repair;

    E.    Negligent failure to properly inspect the rig and all of its equipment and gear;

    F.    Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

    G.    Negligent failure to properly train and/or instruct and/or warn Elton Johnson and those similarly situated;

    H.    Negligent violation of government and industry rules; regulations and standards;

    I.    Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Elton Johnson;

    J.    Other acts of negligence and fault which may be shown through

          discovery or at trial;

    K.    Generally, the failure of BP to act with the required degree of care commensurate with the existing situation.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

18.

In the further alternative, plaintiff, Elton Johnson, reiterating and realleging each and every allegation set forth above as though set forth herein *in extensio,* avers the applicability of the doctrine of Res Ipsa Loquitur.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

19.

As a result of the above-described negligence, plaintiff, Elton Johnson, is entitled to recover the following damages:

    A.    Physical and mental injury, pain and suffering, mental anguish and distress and fright:

    B.    Loss of earnings, past and future;

    C.    Loss of earning capacity;

    D.    Loss of enjoyment of life;

    E.    Mental anguish, grief, profound depression, anxiety and suffering;

    F.    Medical and related expenses, past and future;

    G.    Punitive or exemplary damages;

      H.      Other items of damage which may be shown through discovery or at trial;

      I.      All appropriate general and equitable relief;

      J.      Prejudgment interest on all sums awarded from date of loss until paid;

      K.      Post-judgment on all sums awarded from date of judgment until paid; and

      L.      All court costs and litigation costs allowed by law.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

20.

The defendants' conduct was reckless arid egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

WHEREFORE plaintiff, ELTON JOHNSON, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCT NORTH AMERICA, INC, BP AMERICA, INC., and TIDEWATER MARINE, L.L.C., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice. The BP Parties deny the allegations of this

paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

### SECOND DEFENSE

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

### FOURTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**FIFTH DEFENSE**

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the First Amended and Restated Petition, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the First Amended and Restated Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.

Dated:  February 11, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc., BP America Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                                                    /s/   Don K. Haycraft