UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Reed v. BP p.l.c., et al. …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

**THE BP PARTIES' ANSWER TO DARRELL L. REED'S PETITION FOR DAMAGES**

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA") and BP America Inc. ("BPA") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Petition for Damages filed by Plaintiff Darrell L. Reed, as follows:

1. Made defendants herein are:

    A. **BP, PLC** ("BP"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    B. **BP PRODUCTS NORTH AMERICA, INC.** ("BP Products"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    C. **BP AMERICA, INC.** ("BP America"), a foreign corporation authorized to do and doing business in the State of Louisiana;

    D. **HALIBURTON ENERGY SERVICES, INC.**, hereinafter referred to as "Haliburton," a foreign corporation doing business in the State of Louisiana and within this district;

    E. **CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION**, hereinafter referred to as "Cameron," a foreign corporation doing business in the State of Louisiana and within this district;

1

F. **WEATHERFORD INTERNATIONAL, INC., AND/OR WEATHERFORD INTERNATIONAL, LTD,** a foreign corporation authorized to do and doing business in this state and judicial district.

G. **ANADARKO PETROLEUM CO., LTD., CORP.**, is a foreign corporation doing business in the State of Louisiana and/or in state and/or federal waters off the coast of Louisiana in this district. Upon information and belief, Anadarko has a twenty- five (25%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

H. **MOEX OFFSHORE -2007 LLC** (hereinafter referred to as "MOEX"), a foreign corporation authorized to and doing business in this state and judicial district. Upon information and belief, MOEX has a ten (10%) percent interest in the oil and gas exploration project in the Gulf of Mexico with BP, thus as a joint venturer, partner, and co-owner of the well which exploded shares responsibility and liability with BP.

I. **ART CATERING, INC.**, hereinafter referred to as "Art Catering," a Louisiana corporation with its principle place of business in Plaquemines, Louisiana.

**ANSWER**

The BP Parties admit that BP p.l.c and BPA are foreign corporations, and that BPPNA is a foreign corporation authorized to and doing business in Louisiana. The BP Parties deny that BP p.l.c. and BPA do business in Louisiana. The BP Parties further deny that BPPNA, BP p.l.c., and BPA are proper parties to this litigation. BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. Similarly, BP p.l.c. and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean. The BP Parties lack knowledge

or information sufficient to form a belief about the truth of the allegations of the remaining allegations of this paragraph, and therefore deny them.

2. Jurisdiction is proper because Defendant, ART CATERING, INC, is a Louisiana corporation with its principle place of business in Plaquemines, Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

3. The defendants, are justly and truly indebted unto plaintiff, Darrell L. Reed, jointly, severally and *in solido*, for the following reasons, to-wit:

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

4. At all material times, plaintiff Darrell L. Reed was employed by ART CATERING as a Jones Act seaman and plaintiff invokes the "savings to suitors" clause.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

5. Plaintiff was permanently assigned to the DEEPWATER HORIZON offshore drilling vessel as a seaman and member of the crew.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

6.  DEEPWATER HORIZON was in navigation in the Gulf of Mexico, using sophisticated propulsor/navigation system, and was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN and/or BP at all material times herein.

**ANSWER**

The BP Parties admit that the *Deepwater Horizon* was in navigation in the Gulf of Mexico and that the *Deepwater Horizon* was owned, operated, and controlled by one or more Transocean affiliates at all relevant times. The BP Parties deny that any BP entity owned, operated, chartered, or controlled the *Deepwater Horizon* at any relevant time. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

7.  On or about April 20, 2010, plaintiff, Darrell L. Reed, was an employee of ART CATERING on board the DEEPWATER HORIZON when suddenly and without warning, at approximately 10 p.m. on April 20, 2010, an explosion occurred on DEEPWATER HORIZON.

**ANSWER**

The BP Parties admit that one or more explosions occurred on the *Deepwater Horizon* on April 20, 2010. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

8.  The explosion violently threw the plaintiff, Darrell L. Reed, approximately sixteen feet down a hall on a second floor walkway. Plaintiff was unconscious for a few moments before an unidentified crewman helped him up. With debris in his eyes, Plaintiff was then forced to evacuate the burning vessel, traversing smoke-filled galley-ways, various compartments and/or decks aboard the vessel until he reached the evacuation craft. Chaos reigned during this evacuation as flames continued to bellow, personnel feared for their lives,

crying, and threats to jump into the dark waters below to escape the burning inferno. Plaintiff witnessed, observed, participated, and felt this. He was traumatized by it. Plaintiff was able to evacuate by evacuation craft to the DAMON B. BANKSTON.

**ANSWER**

The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

9. As a result, plaintiff, Darrell L. Reed, sustained the following injuries:
    A. Cuts and bruises on his body;
    B. Severe trauma and shock;
    C. Aggravation of pre-existing psychiatric condition; and
    D. Post traumatic stress disorder.
    E. General soreness throughout the body.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

10. As a result of the trauma of the foregoing events, plaintiff is also suffering from serious emotional and/or psychological problems, including, but not limited to, the following:
    A. Anxiety;
    B. Restlessness;
    C. Nightmares;
    D. Post-traumatic stress;
    E. Depression; and

F.  Aggravation of pre-existing psychiatric condition.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

11. Plaintiff, Darrell L. Reed, was at all times pertinent hereto ordered to be and performing his duties and functions as instructed and obliged to perform pursuant to directives of defendants, ART CATERING and/or BP.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

12. The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants, as more particularly set forth herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

13. At all times pertinent hereto, the vessel DEEPWATER HORIZON on which the explosion occurred was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendant, BP.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

14. The explosion which caused plaintiff's injuries occurred as a result of the negligence of defendants. These acts of negligence render the defendants liable to plaintiff pursuant to the provisions of 46 U.S.C. § 688 and/or the general maritime law for negligence.

6

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

15. BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

**ANSWER**

The BP Parties admit that BPXP was the lease operator of a lease from the MMS that allowed it to drill for oil in the Mississippi Canyon Block 252, in which the Macondo Well, MC 252 #1, was drilled, and at which the oil spill occurred.  The BP Parties deny the remaining allegations of this paragraph.

16. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOP") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended. As such, Cameron is liable to Plaintiff pursuant to the Louisiana Products Liability Act in addition to being liable for its negligence.

**ANSWER**

The BP Parties admit that Cameron manufactured and supplied the *Deepwater Horizon*'s BOP, and that the BOP failed to prevent the oil spill.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

17. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

**ANSWER**

The BP Parties admit that Halliburton was engaged to perform cementing operations in connection with the well. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

18. Weatherford International, Inc., and/or Weatherford International, Inc., LTD, was engaged in the casing operations of the well and, upon information and belief, improperly and negligently performed these duties, contributing to the fire, explosion, and resulting oil spill.

**ANSWER**

The BP Parties admit that Weatherford was engaged to perform casing operations in connection with the well. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

19. Anadarko Petroleum Corp. and MOEX Offshore - 2007 LLC , are non-operating investors who maintain 25% and 10% respective ownership in the well and are solidarity liable with codefendants pursuant to the Operating Agreement with the BP defendants.

**ANSWER**

The BP Parties admit that one or more Anadarko affiliates and MOEX Offshore 2007 LLC shared ownership in the Mississippi Canyon Block 252 lease, holding interests of 25% and 10%, respectively, and that Anadarko and MOEX have certain obligations under their agreement with BP that require them to share in liabilities imposed as a result of the oil spill. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

20. Plaintiff seeks recovery against the defendants for their wrongful conduct, including gross, reckless, and wantom conduct, solely under the general maritime law and as a Jones Act seaman and member of the crew of the DEEPWATER HORIZON vessel.

8

**ANSWER**

The BP Parties admit that Plaintiff purports to bring a claim under the general maritime law and as a Jones Act seaman.  The BP Parties deny that Plaintiff has stated a valid claim under the general maritime law or as a Jones Act seaman.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

21.     Plaintiff, Darrell L. Reed, demands that defendant, ART CATERING, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by his treating physician. Plaintiff demands that maintenance be instituted in the amount of $60.00 per day from the date of his injury.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

22.     The above-described incidents were caused solely by the negligence of defendants through their agents, servants and employees, which are more particularly described as follows:

    A.    Negligent failure to properly perform the operation ongoing at the time of the accident/explosion in question;

    B.    Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

    C.    Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

    D.    Negligent failure to keep the equipment on board the vessel in proper condition and repair;

    E.    Negligent failure to properly inspect the rig and all of its equipment and gear;

> F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;
>
> G. Failing to follow the recommendations of employees to avoid possible blowout;
>
> H. Negligent violation of government and industry rules, regulations and standards;
>
> I. Acting in a grossly negligent, reckless, willful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion with respect to Darrell L. Reed;
>
> J. Other acts of negligence and fault which may be shown through discovery or at trial; and
>
> K. Generally, the failure to act with the required degree of care commensurate with the existing situation.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

23. In the further alternative, plaintiff, Darrell L. Reed, reiterating and realleging each and every allegation set forth above as though set forth herein in extension, avers the applicability of the doctrine of Res Ipsa Loquitur.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

24. As a result of the above-described negligence, plaintiff, Darrell L. Reed, is entitled to recover the following damages:

      A.    Physical and mental injury, pain and suffering, mental anguish and distress and fright;

      B.    Loss of earnings, past and future;

      C.    Loss of earning capacity;

      D.    Loss of enjoyment of life;

      E.    Mental anguish, grief, profound depression, anxiety and suffering;

      F.    Medical and related expenses, past and future;

      G.    Punitive or exemplary damages;

      H.    Other items of damage which may be shown through discovery or at trial;

      I.    All appropriate general and equitable relief;

      J.    Prejudgment interest on all sums awarded from date of loss until paid;

      K.    Post-judgment on all sums awarded from date of judgment until paid; and

      L.    All court costs and litigation costs allowed by law.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

25.    The defendants' conduct was reckless and egregious in complete disregard of the safety of plaintiff and are therefore liable for punitive damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff, DARRELL L. REED, prays that after due proceedings are had, there be judgment in his favor and against the defendants, BP, PLC, BP PRODUCTNORTH AMERICA, INC, BP AMERICA, INC., HALIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION f/k/a COOPER-CAMERON CORPORATION, ANADARK0 PETROLEUM CO., LTD., CORP., MOEX OFFSHORE - 2007 LLC, and ART CATERING, INC., jointly, severally and in solido, for compensatory, punitive, exemplary and other appropriate damages, with legal interest thereon from date of loss until paid, for all costs of this proceeding. Plaintiff also prays for all other relief as may be just and equitable in the premises.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice. The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

**SECOND DEFENSE**

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**THIRD DEFENSE**

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**FOURTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**FIFTH DEFENSE**

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their Affirmative Defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.

Dated:  February 11, 2011                                              Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc. and BP America Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

/s/   Don K. Haycraft