**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: Kleppinger v. | : | JUDGE BARBIER |
| Transocean Offshore Deepwater Drilling, | : | MAGISTRATE SHUSHAN |
| Inc., et al | : | |

………………………………………………...

**BP PRODUCTS NORTH AMERICA INC.'S ANSWER**
**TO CHRISTOPHER CHOY'S PETITION IN INTERVENTION**

Defendant BP Products North America Inc. ("BPPNA"), by its undersigned counsel, and

pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the Petition in

Intervention filed by Christopher Choy, as follows:

**A.    Discovery Control Plan**

1.      Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of
the Texas Rules of Civil Procedure.

**ANSWER**

BPPNA denies the allegations of this paragraph.

**B.    Parties**

2.      Intervenor, CHRISTOPHER CHOY, is an individual residing in the State of
Louisiana.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

3.      Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is a Corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, Texas 77046.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

4.      Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation but may be served with process by serving its registered agent for service of process in Texas, Prentice Hall Corp System at 211 E. 7'III Street, Suite 620 in Austin, Texas 78701.

**ANSWER**

BPPNA admits the allegations of this paragraph.

5.      Defendant, HALLIBURTON ENERGY SERVICES, INC., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County. Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems. 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

6.      Defendant, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION (hereinafter referred to as "Cameron''), is a Delaware corporation whose principal place of business is Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

7.     Defendant MI SWACO is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas 77072 and may be served by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

8.     Defendant TRITON ASSET LEASING GmbH may be served in accordance with The HAGUE Convention and any all other lawful means. On information and belief TRITON ASSET LEASING GmbH is a Swiss entity, however, counsel for Transocean has indicated that they may be a Hungarian entity, in either case, they will be served pursuant to The Hague Convention and any other lawful method.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

9.     Defendant TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY may be served in accordance with The HAGUE Convention and any other lawful method.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

10.     Defendant TRITON HUNGARY ASSET MANAGEMENT KFT may be served in accordance with The HAGUE Convention and any other lawful method.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

11.     Defendant TRANSOCEAN HOLDINGS, L.L.C. may be served by serving its President, John H. Briscoe, at 4 Greenway Plaza. Suite 700, Houston, Texas 77046.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

12.     Defendant TRANSOCEAN DEEPWATER, INC. may be served by serving its registered agent, Capitol Services. Inc., 615 South Dupont Highway, Dover, DE 19901.

**<u>ANSWER</u>**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

## C.     Venue

13.     Venue is proper in Harris County. Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s principal office in this state is located in Harris County, Texas.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph.

## D.     Jurisdiction

14.     This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

**<u>ANSWER</u>**

BPPNA admits that Intervenor purports to bring an admiralty and maritime claim. BPPNA denies that Intervenor has stated a valid admiralty or maritime claim or that Intervenor is entitled to any relief.  BPPNA further denies that it is a proper party to this litigation as it is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no

employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with

Transocean, and had nothing to do with exploration activity involving the Macondo Well or

the April 20, 2010 incident or resulting oil spill.  BPPNA denies the remaining allegations of

this paragraph.

15.     Christopher Choy was a seaman and this action is brought pursuant to Title 46
U.S.C. §30104, *et, seq.* and pursuant to the admiralty and general maritime laws of the United
States. This Court has concurrent jurisdiction.

**ANSWER**

BPPNA admits that Intervenor purports to bring this action pursuant to Title 46

U.S.C. § 30104, *et seq.*, and pursuant to the admiralty and general maritime laws of the

United States.  BPPNA denies that Intervenor has stated a valid claim pursuant to Title 46

U.S.C. § 30104, *et seq.*, or pursuant to the admiralty and general maritime laws of the

United States.  BPPNA denies the remaining allegations of this paragraph.

### E.     Intervention

16.     Intervenor would show that this lawsuit arises out of the same transaction and
occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling. Inc., et al.,* Cause
No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of
Civil Procedure.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph, and therefore denies them.

### F.     Factual Summary

17.     Intervenor would show that this lawsuit has become necessary as a result of an
incident, which occurred on or about April 20, 2010. On said date, Christopher Choy was
employed by Defendant, TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN
OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH
and/or TRANSOCEAN HOLDINGS, L.L.C. and/or "IRETON HUNGARY ASSET

MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Christopher Choy's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.

**ANSWER**

BPPNA admits that the *Deepwater Horizon*, a semi-submersible drilling rig, was in navigation on April 20, 2010 when one or more explosions occurred on the vessel.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

18.     Halliburton was contracted to provide cement services to the rig DEEPWATER HORIZON by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

**ANSWER**

BPPNA admits that Halliburton was engaged by an affiliate of BPPNA as a contractor to provide products and services related to the cementing of the well being drilled by the *Deepwater Horizon*.  BPPNA denies that Transocean contracted with Halliburton or that any BP entity owned or operated the *Deepwater Horizon*.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

19.     MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

**ANSWER**

BPPNA admits that MI Swaco was engaged by an affiliate of BPPNA as a contractor to provide products and services related to the drilling fluids used in the well being drilled by the *Deepwater Horizon*.  BPPNA denies that Transocean contracted MI Swaco or that any BP entity owned, operated, or leased the *Deepwater Horizon*.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

20.    Triton Asset Leasing GmbH and/or Transocean Holdings, L.L.C. and/or Transocean Offshore Deepwater Drilling, Inc. and/or Triton Hungary Asset Management Limited Liability Company and/or Transocean Deepwater, Inc. and/or Triton Hungary Asset Management Kft were the owners and/or operators of the *DEEPWATER HORIZON* at the time of the subject incident.

**ANSWER**

BPPNA admits that one or more Transocean affiliates were the owners and/or operators of the *Deepwater Horizon* at the time of the incident.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

21.    On or about April 20, 2010, while working in the course and scope of his employment for Defendants, an explosion and fire occurred on the DEEPWATER HORIZON. Intervenor will show that Defendants were negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages.

**ANSWER**

BPPNA admits that one or more explosions and fires occurred on the *Deepwater Horizon* on April 20, 2010.  BPPNA denies the remaining allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

## G.    CAUSES OF ACTION

22.    At all relevant times, Christopher Choy was in the course and scope of his employment with the Defendants. The actions and/or inactions of these Defendants, and/or their officers, agents and/or employees constitute negligence. The negligence of these Defendants was a proximate and/or producing cause of the Intervenor's damages.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

23.    Defendants TRANSOCEAN DEEPWATER, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C. owed a duty to Christopher Choy to maintain the vessel in a seaworthy condition. However, Intervenor will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthincss was a proximate and/or producing cause of the incident and resulting damages.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

24.    TRANSOCEAN ENTITIES

Transocean was negligent in the following non-exclusive particulars:

(a)    Failing to provide Christopher Choy with a safe place to work; and requiring Christopher Choy to work in unsafe conditions;

8

     (b)     Failing to provide sufficient personnel to perform operations aboard the vessel;

     (c)     Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

     (d)     Failing to exercise due care and caution;

     (e)     Failing to avoid this accident;

     (f)     Failing to provide Christopher Choy with a seaworthy vessel;

     (g)     Other acts of negligence which will be shown more fully at trial.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

     25.     BP AND BP PRODUCTS

BP was negligent in the following non-exclusive particulars:

     (a)     Failing to properly train and/or supervise its crew and other employees;

     (b)     Failing to ensure that its crew worked in a safe and prudent manner;

     (c)     Failing to provide Christopher Choy with a safe place to work, and requiring Christopher Choy to work in unsafe conditions;

     (d)     Failing to exercise due care and caution;

     (e)     Failing to provide Christopher Choy with a seaworthy vessel;

     (f)     Drilling at a depth which it was not permitted to drill at; and

     (g)     Other acts of negligence which will be shown more fully at trial.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

26.    HALLIBURTON

Halliburton was negligent in the following non-exclusive particulars:

(a)    Failing to properly set cement plugs;

(b)    Failing to maintain pressure during cement operation;

(c)    Failing **to** use adequate material for cement services;

(d)    Failing to follow industry protocol and procedures for setting cement plugs;

(e)    Failing to prevent escape of gas or combustible hydrocarbons to the surface;

(f)    Attempting to carry out drilling operations with substandard and defective cement casing; and

(g)    Other acts of negligence which will be shown more fully at trial.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

27.    MI SWACO

MI Swaco was negligent in the following non-exclusive particulars:

(a)    Failing to monitor pressure of wells;

(b)    Failing to use adequate weight drilling fluid to prevent gas escape;

(c)     Failing to follow industry protocol and procedure during plug completion phases;

(d)     Use of sea water as weight and gas control medium during drilling and completion processes;

(e)     Attempting to carry out drilling operations with substandard and defective cement casing; and

(f)     Other acts of negligence which will be shown more fully at trial.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

28.     CAMERON INTERNATIONAL CORPORATION

Cameron International Corporation was negligent in the following non-exclusive particulars:

(a)     Failing to provide adequate subsea flow control devices;

(b)     Failing to properly engineer the subsea gas flow control devices;

(c)     Failing to properly install a subsea gas flow control devices;

(d)     Failing to properly monitor the subsea engineering and gas flow control devices;

(e)     Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose of which it was intended; and

(f)     Other acts of negligence which will be shown more fully at trial.

**<u>ANSWER</u>**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

29.    TRITON    ASSET    LEASING    GmbH,    TRITON    HUNGARY    ASSET
MANAGEMENT LIMITED LIABILITY COMPANY and TRITON HUNGARY ASSET
MANAGEMENT KFT

>    Triton Asset Leasing GmbH and Triton Hungary Asset Management Limited
>    Liability Company and Triton Hungary Asset Management KFT were negligent
>    in the following non-exclusive particulars:
>
>    (a)    Failing to provide Christopher Choy with a sale place to work; and
>           requiring Christopher Choy to work in unsafe conditions;
>
>    (b)    Failing to provide sufficient personnel to perform operations aboard the
>           vessel;
>
>    (c)    Failing to properly follow drilling protocols and policies, proper well
>           monitoring and control practices;
>
>    (d)    Failing to exercise due care and caution;
>
>    (e)    Failing to avoid this accident;
>
>    (f)    Failing to provide Christopher Choy with a seaworthy vessel; and
>
>    (g)    Other acts of negligence which will be shown more fully at trial.

## ANSWER

BPPNA denies the allegations of this paragraph to the extent they are directed at

BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations of this paragraph, and therefore denies them.

## H.    ADDITIONAL NEGLIGENCE AND GROSS NEGLIGENCE

30.    Additionally, Intervenor would show that he was forced to escape the fiery rig
*DEEPWATER HORIZON* at the time of this incident on a lifeboat. TRANSOCEAN
DEEPWATER, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.,
*DEEPWATER HORIZON*. TRANSOCEAN OFFSHORE DEEPWATER MULLING, INC., and
TRITON HUNGARY ASSET MANAGEMENT KFT, TRITON ASSET LEASING GMBH,
TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and
TRANSOCEAN HOLDINGS, L.L.C. and BP PRODUCTS NORTH AMERICA, INC. through
their lawyers, held CHRISTOPHER CI-JOY for over seventeen (17) hours without giving him
the ability to contact his loved ones but, instead, interrogated him and made him file a signed
statement. This conduct added to CHRISTOPHER CHOY'S post-traumatic stress disorder.
These willful acts and omissions constitute negligence and gross negligence in the performance
of the duties of these Defendants. Defendants' conduct was grossly negligent in that it was

carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily, emotional and/or psychiatric injury.

## **ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at

BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations of this paragraph, and therefore denies them.

## I.      DEFENDANTS' GROSS NEGLIGENCE

31.    Intervenor further asserts that the incident forming the basis of this suit was proximately caused by the willful acts and omissions and gross negligence in the performance of the duties of the Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily injury and/or death.

## **ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at

BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations of this paragraph, and therefore denies them.

## J.      ESTOPPEL OF BP

32.    Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts Sec. 105, at 733 (5th ed. 1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to "take advantage of his own wrong." R.H. Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934). The traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts: and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. Che-Li Shen v. INS. 749 F.2d 1469, 1473 (10th Cir.I 984). In the recent days just prior to this filing of Intervenor's Petition in Intervention, Defendant BP publicly acknowledged and accepted responsibility for this horrific event and should, therefore, be estopped from denying liability herein

**ANSWER**

BPPNA denies the allegations of this paragraph.

## K.    DAMAGES

33.    Intervenor will show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and/or TRANSOCEAN HOLDINGS, L.L.C. and/or and TRITON HUNGARY ASSET MANAGEMENT KFT and while serving as a seaman in the service of the *DEEPWATER HORIZON*. Defendants breached their absolute duty to provide Intervenor with maintenance and cure. As a result of this Defendants' unreasonable failure to provide maintenance and cure, Intervenor is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Intervenor will also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him but for the arbitrary and capricious denial of said benefits. Intervenor further seeks punitive damages for the willful and wanton failure to pay maintenance and cure.

**ANSWER**

BPPNA deeply regrets the *Deepwater Horizon* accident on April 20, 2010, and offers its deepest sympathies to the rig personnel who suffered injuries because of the tragic accident.  BPPNA, however, denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

34.    As a direct and proximate result of Defendants' conduct and/or the unseaworthiness of the vessel, Intervenor suffered the following injuries and damages:

(a)    Intervenor has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

(b)    Intervenor has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

(c)     Intervenor has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

(d)     Intervenor has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

(e)     Intervenor has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

(f)     Intervenor has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

(g)     Intervenor sues for found damages in the past and future.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

35.     Intervenor seeks punitive damages for the gross negligence of the Defendants.

**ANSWER**

BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

## L.     REQUEST FOR DISCLOSURE

36.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (1).

**ANSWER**

BPPNA denies the allegations of this paragraph.

## M.   JURY DEMAND

37.     Intervenor demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

**ANSWER**

BPPNA admits that Intervenor has requested a trial by jury.  BPPNA denies that Intervenor is entitled to a trial by jury except as required under the laws applicable to a trial of his claims.

WHEREFORE, PREMISES CONSIDERED. Intervenor prays that, after trial on the merits, Intervenor has judgment against Defendants both jointly and severally for the following:

(a)     a sum in excess of the minimum jurisdictional limits of this Honorable Court;

(b)     pre judgment interest thereon at the maximum legal rate;

(c)     post-judgment interest thereon at the maximum legal rate;

(d)     costs of Court; and,

(e)     such other and further relief to which Intervenor may be justly entitled.

**ANSWER**

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenor's claims against BPPNA with prejudice.  BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA.  BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

BPPNA and its affiliates maintain that there was no negligence or fault on their part and that Intervenor's damages and injuries, if any, were caused by the fault, carelessness,

misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom BPPNA and its affiliates are not legally responsible.

## SECOND DEFENSE

Intervenor's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by BPPNA and its affiliates and for which BPPNA and its affiliates cannot be held legally responsible.

## THIRD DEFENSE

Intervenor's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which BPPNA and its affiliates are not legally responsible.

## FOURTH DEFENSE

Any alleged negligence by BPPNA and its affiliates, which BPPNA and its affiliates specifically deny, was not the proximate cause or sole proximate cause of Intervenor's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## FIFTH DEFENSE

To the extent BPPNA and its affiliates are found liable to Intervenor for any damages or injuries, BPPNA and its affiliates are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SIXTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenor for any damages, BPPNA and its affiliates are entitled to contractual indemnity from other parties or entities.

### SEVENTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenor for any damages, BPPNA and its affiliates are entitled to indemnity from other parties or entities.

### EIGHTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenor for any damages, BPPNA and its affiliates are entitled to contribution from other parties or entities.

### NINTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenor for any damages, BPPNA and its affiliates are entitled to a set-off or other equitable reduction in liability for any compensation paid by BPPNA and its affiliates or other parties or entities.

### TENTH DEFENSE

Intervenor's claims are barred, in whole or in part, because Intervenor is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

### ELEVENTH DEFENSE

Intervenor's claims for punitive damages are barred, in whole or in part, because BPPNA and its affiliates did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Intervenor to an award of punitive damages.

### TWELFTH DEFENSE

Intervenor's damages are barred, in whole or in part, by a failure to mitigate damages.

### THIRTEENTH DEFENSE

BPPNA and its affiliates deny that they are liable to any extent as alleged in the Petition in Intervention, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Intervenor as a result of the allegations contained in the Petition in

18

Intervention and for any other damages or claims which exist or may arise, but have not been specifically pled.

BPPNA specifically reserves the right to amend or supplement its affirmative defenses and this Answer as additional facts concerning its defenses become known to it.

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenor's claims against BPPNA with prejudice.

Dated:  February 11, 2011                          Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Products North America Inc.*

19

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

/s/   Don K. Haycraft