## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
|  Horizon" in the Gulf of Mexico, on | : | |
|  April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: Murray v. | : | JUDGE BARBIER |
|  Transocean, Ltd., et al. | : | MAGISTRATE SHUSHAN |
| …………………………………………….. | : | |

### THE BP PARTIES' ANSWER TO CHADWICK MURRAY'S COMPLAINT

Defendants BP p.l.c., BP Products North America Inc. ("BPPNA"), BP Exploration & Production Inc. ("BPXP"), BP America Inc. ("BPA") and BP Corporation North America Inc. ("BPNACI") (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Complaint filed by Chadwick Murray, the as follows:

(1)

Plaintiff Chad Murray is a citizen of the United States of America of lawful age and is a resident and is domiciled in Concordia Parish, Louisiana.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

(2)

The Court's jurisdiction is based upon the Admiralty and Maritime jurisdiction under Article III, Section 2 of the United States Constitution, 46 U.S.C. § 30104 (formerly 46 U.S.C. § Appx. 688) *et seq*, 28 U.S.C. § 1333, and the General Maritime Law of the United States.

**ANSWER**

The BP Parties admit that Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104, *et seq.*, and the general maritime law of the United States and that this Court has jurisdiction over Plaintiff's claims. The BP Parties deny that Plaintiff has stated a valid claim pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30104, *et seq.*, or that general maritime law of the United States. The BP Parties further deny that BPPNA, BP p.l.c., BPNACI, and BPA are proper parties to this litigation. BPPNA is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. Similarly, BP p.l.c., BPNACI, and BPA did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and were not parties to the drilling rig contract with Transocean. The BP Parties deny the remaining allegations of this paragraph.

(3)

The following parties are made defendants herein:

A.  Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

B.  Transocean Ltd. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

C.  Transocean Offshore Deepwater Drilling, Inc. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

D.  Transocean Deepwater, Inc. (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

E.  Transocean Holding, LLC (Transocean Entity) is a foreign corporation doing business in the state of Louisiana;

F.      BP, PLC (BP Entity) is a foreign corporation doing business in the state of Louisiana;

G.      BP Products North America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

H.      BP Exploration and Production, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

I.      BP America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana;

J.      BP Corporation of North America, Inc. (BP Entity) is a foreign corporation doing business in the state of Louisiana; and

K.      Halliburton Energy Services, Inc. (Haliburton Entity), a division of Halliburton, is a foreign corporation doing business in the state of Louisiana.

## ANSWER

The BP Parties admit that BP p.l.c., BPA, and BPNACI are foreign corporations, that BPPNA and BPXP are foreign corporations doing business in Louisiana.  The BP Parties deny that BP p.l.c., BPA, or BPNACI do business in Louisiana.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(4)

On April 20, 2010, Transocean Deepwater, Inc. and/or Transocean Entity employed Chad Murray as a Jones Act seaman and a member of the crew of a semi-submersible mobile drilling unit known as the *Deepwater Horizon*, which rig was located in the Gulf of Mexico off the Louisiana coast.

## ANSWER

The BP Parties admit that the semi-submersible drilling rig *Deepwater Horizon* was located in the Gulf of Mexico prior to April 20, 2010.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(5)

At all pertinent times herein, including April 20, 2010, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., and/or Transocean Entity and/or BP Entity owned and/or operated and/or managed and/or charged and/or controlled or, alternatively, was the demise or barefoot charterer or owner *pro hac vice* of the *Deepwater Horizon*.

**<u>ANSWER</u>**

The BP Parties admit that one ore more Transocean affiliates, at all relevant times, owned, operated, managed, and controlled the *Deepwater Horizon*.  The BP Parties deny the remaining allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the further remaining allegations of this paragraph, and therefore deny them.

(6)

The *Deepwater Horizon* is a vessel within the meaning of the Jones Act and the General Maritime Law.

**<u>ANSWER</u>**

The BP Parties admit the allegations of this paragraph.

(7)

At all material times, including April 20, 2010, the *Deepwater Horizon* was in navigation in navigable waters off the Louisiana coast within the Court's jurisdiction.

**<u>ANSWER</u>**

The BP Parties admit that at all relevant time, the *Deepwater Horizon* was in navigation in the Gulf of Mexico.  The BP Parties deny the remaining allegations of this paragraph.

(8)

On or about April 20, 2010 at about 10:00 p.m., Plaintiff was injured when an explosion or series of explosions caused a crisis aboard the *Deepwater Horizon* including a fire and sudden unexpected evacuation.

**<u>ANSWER</u>**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon*. The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(9)

This incident, fire, or explosion and Plaintiff's injuries were caused directly and proximately by the combined or individual negligence and fault of the defendants, their respective employees, agents, servants, officers and crew.

**<u>ANSWER</u>**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(10)

Plaintiff also avers that this incident was caused by the unseaworthiness of the vessel, her gear, tools, appliances, and personnel.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(11)

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the incident occurred and which incident could not have occurred absent the negligent conduct of one or all of the defendants herein.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(12)

In addition and alternatively, this incident was caused by defective equipment that was manufactured or in the care, custody, and control of one or more of the defendants. Defendants knew or should have known of all these defects and defendants are, therefore, liable for them.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(13)

Defendants acted with reckless disregard for the rights and safety of Plaintiff; Defendants ignored safety protocol.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(14)

This incident or explosion caused Plaintiff severe and permanent injury, and he has and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial.  And, because of this incident, he will incur medical, hospital, and other expenses.  He is currently suffering from post-traumatic stress disorder, depression anxiety, knee pain, and other injuries that will be shown at trial.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

(15)

Plaintiff is entitled to recover the full measure of his damages caused by this incident and which damages include the following, but not exclusively, as follows:

A.     Physical and mental injury, pain and suffering, mental anguish, distress and fright, past and future;

B.     Loss of earnings, past and future;

C.     Loss of fringe benefits;

D.     Loss of found, past and future;

E.     Loss of earning capacity;

F.     Loss of or impairment of the enjoyment of life;

G.     Mental anguish, grief, depression, anxiety and suffering;

H.     Medical and related expenses past and future;

      I.        Punitive and/or exemplary damages;

      J.        Other items of damages that may be shown through discovery or at trial;

      K.        All appropriate relief under the law, in admiralty, or in equity;

      L.        Prejudgment interest on all sums awarded from the date of loss until paid;

      M.        Post-judgment interest on all sums awarded from date of judgment until paid; and

      N.        All court and litigation costs allowed by law.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(16)

Due to the injuries caused by this incident, Plaintiff is unfit for duty and is unable to return to duty.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

(17)

Plaintiff has not reached maximum medical cure.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

(18)

Transocean Inc. and/or any Transocean Entity named above has an absolute, non-delegable duty under the general maritime law to provide Plaintiff with maintenance and cure

and found from the date he was rendered unfit for duty until he reaches maximum cure, in which he has not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(19)

As a Jones Act seaman, Plaintiff is entitled to file and prosecute this action without prepayment of costs under 28 U.S.C. § 1916.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

(20)

Plaintiff opts out of any applicable state or federal class action lawsuits on this matter but reserves the right to work with and/or share the costs on experts and discovery with the class action committee.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

WHEREFORE, Plaintiff Chad Murray, prays that after due proceedings are had, the Court render judgment in his favor and against the defendants and their respective liability insurers, if any, for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest from the date of loss until paid, and for all costs of these proceedings. Plaintiff also prays for the Court to permit him to file and prosecute these proceedings under 28 U.S.C. § 1916.  Finally, Plaintiff prays for such further orders and relief to which he is entitled, whether at law, in admiralty, or in equity. Bench trial requested.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.   The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.   The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

**SECOND DEFENSE**

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**THIRD DEFENSE**

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**FOURTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

10

## FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SIXTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

## SEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

## NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

## TWELFTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## THIRTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Complaint and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiff's claims against the BP Parties with prejudice.


Dated:  February 11, 2011                    Respectfully submitted,

                                             /s/ Don K. Haycraft
                                             Don K. Haycraft (Bar #14361)
                                             R. Keith Jarrett (Bar #16984)
                                             LISKOW & LEWIS
                                             701 Poydras Street, Suite 5000
                                             New Orleans, Louisiana 70139-5099
                                             Telephone: (504) 581-7979
                                             Facsimile: (504) 556-4108

                                             and

                                             Richard C. Godfrey, P.C.
                                             J. Andrew Langan, P.C.
                                             Wendy Bloom, P.C.

Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c., BP Products North America Inc., BP Exploration & Production Inc., BP America Inc. and BP Corporation North America Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

/s/   Don K. Haycraft____