UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: 2:10-CV-03815 (KENNETH ROBERTS v. BP, PLC, ET AL.) | § § § | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF
RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT**

**MAY IT PLEASE THE COURT**:

Defendant, Transocean Offshore Deepwater Drilling Inc. ("TODDI"), respectfully submits this memorandum supporting its Rule 12(e) Motion for More Definite Statement. Mr. Kenneth Roberts ("Plaintiff") filed his Complaint for personal injuries naming several distinct entities and "Transocean" as defendants. TODDI can not discern from the Complaint whether it must respond, since Plaintiff's Complaint is too vague and ambiguous with respect to the named defendant "Transocean." Therefore, TODDI respectfully seeks an order compelling Plaintiff to amend his Complaint to definitively name a Transocean entity. If the Plaintiff fails to amend the Complaint within an appropriate time specified by this Court, TODDI respectfully requests that the Court dismiss with prejudice the Plaintiff's Complaint with respect to all Transocean entities.

11349829.1

1

I.
BACKGROUND

On October 18, 2010, Plaintiff filed his Complaint seeking damages for personal injuries allegedly resulting from the blowout of the Macondo well and subsequent explosion and fire aboard the *Deepwater Horizon*. Plaintiff's Complaint, attached hereto as Exhibit A. In the Complaint, Plaintiff named as defendants several distinct entities, including "BP, PLC," "BP Products North America," and "BP America, Inc.," among others. *Id*. at ¶ 1. Plaintiff also named "Transocean" as a defendant in the Complaint, but failed to provide any other information identifying the particular Transocean entity. *Id*.

II.
LAW AND ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides the procedural vehicle whereby a party defending a lawsuit may seek a more definite statement as to the nature of the claims asserted against it. FED. R. CIV. P. 12(e). When the complaint is so vague or ambiguous that a party cannot be reasonably required to frame a response, a motion for more definite statement should be granted. *Id.*

When a defendant is faced with such an ambiguous complaint, it should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. *See Sisk v. Texas Parks & Wildlife Dep't,* 644 F.2d 1056, 1059 (5th Cir. 1981) (a motion pursuant to Rule 12(e) is the proper remedy for a complaint failing to satisfy Rule 8). Courts routinely grant Motions for a More Definite Statement when faced with a vague complaint. *See Old Time Enterprises, Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989) (finding lower court did not abuse its

discretion under Rule 12(e) by requiring a more specific, clear, and direct statement of the claim).

"The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). "The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 597 (2007). If a plaintiff still fails to provide a more definite statement, then dismissal with prejudice is appropriate. *Ditcharo v. United Parcel Service, Inc.,* 376 Fed. Appx. 432, 440 (5th Cir. 2010) (finding dismissal with prejudice was proper since plaintiffs failed to comply with prior rule 12(e) order in previous case). Further, the Fifth Circuit affirms dismissals of Complaints when plaintiffs fail to provide more definite statements of vague claims. *See, e.g.*, *Beanal v. Freeport McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) (describing Rule 12(e) as the proper remedy for insufficient information or pleading).

In the present matter, by simply naming "Transocean" as a defendant, Plaintiff has failed to properly name a legal entity. Plaintiff's Complaint is so vague and ambiguous that neither TODDI, nor any other Transocean entity, can reasonably be required to frame a response. Moreover, the naming of "Transocean" as a defendant without more specificity fails to put TODDI or any other Transocean entity on fair notice of the claims against it. As a result, TODDI's motion should be granted, and Plaintiff should be ordered to amend his Complaint to definitively name a Transocean entity. If the Plaintiff fails to amend his Complaint within the appropriate time, as specified by this Court, TODDI respectfully requests that the Court dismiss with prejudice the Plaintiff's Complaint with respect to all Transocean entities.

Respectfully submitted,

By:   /s/ Steven L. Roberts
     Steven L. Roberts (Texas, No. 17019300)
     Rachel Giesber Clingman (Texas, No. 00784125)
     Kent C. Sullivan (Texas, No. 19487300)
     Teri L. Donaldson (Florida, No. 784310)
     Sutherland Asbill & Brennan LLP
     1001 Fannin Street, Suite 3700
     Houston, Texas 77002
     Telephone: (713) 470-6100
     Facsimile: (713) 654-1301
     Email: steven.roberts@sutherland.com,
     rachel.clingman@sutherland.com,
     kent.sullivan@sutherland.com,
     teri.donaldson@sutherland.com

By:   /s/ Kerry J. Miller
     Kerry J. Miller (Louisiana, No. 24562)
     Frilot, L.L.C.
     1100 Poydras Street, Suite 3700
     New Orleans, Louisiana 70163
     Telephone: (504) 599-8169
     Facsimile: (504) 599-8154
     Email: kmiller@frilot.com

     -and-

     /s/ Edwin G. Preis, Jr.
     Edwin G. Preis, Jr. (Louisiana, No. 10703)
     Edward F. Kohnke, IV (Louisiana, No. 07824)
     Preis & Roy PLC
     102 Versailles Boulevard, Suite 400
     Lafayette, Louisiana 70501
     Telephone: (337) 237-6062
     Facsimile: (337) 237-9129
     -and-
     601 Poydras Street, Suite 1700
     New Orleans, Louisiana 70130
     Telephone: (504) 581-6062
     Facsimile: (504) 522-9129
     Email: egp@preisroy.com,
     efk@preisroy.com

Of Counsel:

     Daniel O. Goforth (Texas, No. 08064000)
     Goforth Geren Easterling LLP
     4900 Woodway, Suite 750
     Houston, Texas 77056
     Telephone: (713) 650-0022
     Facsimile: (713) 650-1669
     Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

COUNSEL FOR TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 11th day of February, 2011.

s/Kerry J. Miller