UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: Jones v. Cameron International Corp., et al. ……………………………………………... | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

## THE BP PARTIES' ANSWER TO BRAD JONES AND MICHAEL BURRELL'S PETITION

Defendants BP Exploration & Production Inc. ("BPXP") and BP p.l.c. (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Petition filed by Plaintiffs Brad Jones and Michael Burrell, as follows:

**I.**

[1] Discovery in this matter will be conducted pursuant to Level 2.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

**II.**

[2] Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

1

[3] Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be a served through its registered agent in Texas: CT Corporation System, 350 *N.* St. Paul Street, Dallas, Texas 75201.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[4] Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

[5] Defendant BP, PLC is a foreign company doing business in the State of Texas.

**ANSWER**

The BP Parties admit that BP p.l.c. is a foreign company.  The BP Parties deny the remaining allegations of this paragraph.

### III.

[6] Plaintiff BRAD JONES is a resident of Texas. As such, there is not complete diversity in this case.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[7] Plaintiff MICHAEL BURRELL is a resident of Mississippi.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and therefore deny them.

### IV.

[8] The Court has jurisdiction over this matter in that Defendants do business in the State of Texas. Venue is proper in this matter because both Defendants are headquartered in this County.

**ANSWER**

The BP Parties admit that Cameron, Halliburton, and BPXP do business in the state of Texas and that BPXP is headquartered in Harris County, Texas. The BP Parties deny that BP p.l.c. does business in the State of Texas or is headquartered in Harris County, Texas. The BP Parties further deny that BP p.l.c. is a proper party to this litigation as it is did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and was not a party to the drilling rig contract with Transocean. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### V.

[9] Plaintiffs are American seamen and bring this action pursuant to Title 46 U.S.C. § 688 and the general admiralty laws.

**ANSWER**

The BP Parties admit that Plaintiffs purport to bring this action pursuant to 46 U.S.C. § 688 and the general admiralty laws. The BP Parties deny that Plaintiffs have stated a valid claim pursuant to 46 U.S.C. § 688 or the general admiralty laws or that Plaintiffs are entitled to any relief. The BP Parties deny the remaining allegations of this paragraph.

## VI.

[10] At all times material hereto, Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel") were acting within the course and scope of their employment as seamen in service of the Vessel.  The DEEPWATER HORIZON was operated by Defendants BP Exploration and Production, Inc. and/or BP, Plc (collectively "BP" or the "BP Defendants").

**ANSWER**

The BP Parties deny that the *Deepwater Horizon* was owned or operated by BPXP or BP p.l.c.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## VII.

[11] On April 20, 2010, the Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel"), a deepwater semi-submersible drilling rig, as members of the crew when the Vessel caught fire and exploded, and ultimately sunk, injuring more than twenty, and killing eleven.

**ANSWER**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon* and that the vessel sank.  The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the families, friends and colleagues of those who were lost on the *Deepwater Horizon* as well as the rig personnel who suffered injuries because of the tragic accident.  The BP Parties, however, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[12] Because of this incident, Plaintiffs sustained serious injuries to their persons.  Due to their severe injuries, Plaintiffs are unable to work.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

[13] Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended.

**ANSWER**

The BP Parties admit that Cameron designed, manufactured, and/or supplied the *Deepwater Horizon* BOP and that one purpose of a BOP is to prevent uncontrolled releases of hydrocarbons and surges that could threaten a rig and the safety of those aboard it. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[14] Halliburton was a contractor working on the Vessel engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, allowing pressure to escape the well, leading to the resulting blowout and fire.

**ANSWER**

The BP Parties admit that Halliburton was a contractor engaged to provide products and services regarding the cementing of the well being drilled by the *Deepwater Horizon*. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[15] The BP Defendants had leased the Vessel and had a significant hand in the control of the rig; importantly in the application of casing and cement and preparation of the well for production. Further, because the Vessel was leased to the BP Defendants, such Defendants have

a duty to ensure that operations are conducted in a prudent manner. The BP Defendants failed in that regard, legally causing Plaintiffs' injuries.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

## VIII.

[16] Plaintiffs incorporate the above paragraphs as if set forth fully below.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

[17] Plaintiffs bring claims against Cameron under the Texas Products Liability Act (TEX. CIV. PRAC. REM. CODE § 82.001, *et seq.*). In the alternative, Plaintiffs bring claims against Cameron under general *maritime* products liability. Cameron designed, manufactured and/or supplied the defective BOP's that were used on the Vessel and failed to operate as intended. Upon information and belief, the BOP's at issue were not substantially changed after they left Cameron's control. Further, the BOP's were in a detective Condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Additionally, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## IV.

[18] Plaintiffs incorporate the above paragraphs as if set forth fully below.

**ANSWER**

The BP Parties incorporate their answers to the above paragraphs as if set forth fully below.

[19] Upon information and belief, Plaintiffs aver that the explosion, fire and resulting injuries to Plaintiffs were caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

a.  Failing to properly and safely operate the DEEPWATER HORIZON;

b.  Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

c.  Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

d.  Failing to properly and safely maintain the DEEPWATER HORIZON and its equipment;

e.  Failing to take adequate precautionary measures to prevent fires, explosions and oil spills;

f.  Acting in a careless and negligent manner without due regard for the safety of others;

g.  Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the DEEPWATER HORIZON which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

h.  Operating the DEEPWATER HORIZON with untrained and unlicensed personnel;

i.  Inadequate and negligent training and hiring of personnel;

j.  Failing to take appropriate action to avoid or mitigate the accident;

k.  Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

l.  Employing untrained or poorly trained employees and failing to properly train their employees;

m.  Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

n.  Failing to timely warn;

7

o. Failing to timely bring the oil release under control;

P. Failing to provide appropriate accident prevent equipment;

q. Failing to observe and read gauges that would have indicated excessive pressures in the well;

r. Failing to react to danger signs;

s. Providing BOP's or blowout valves that did not work properly;

t. Failing to properly design, manufacture and install the blowout valve or BOP's;

u. Failing to employ an acoustic switch in the blowout valve or BOP's;

v. Failing to ensure that the blowout valve or blowout prevent was functioning properly and as intended;

w. Conducting well and well cap cementing operations improperly;

x. Failing to ensure that the concrete casing was sufficient for scaling the well;

y. Failing to properly cement the well head and final production casing string;

x. Failing to provide all reasonable cooperation and assistance request by the responsible officials in connection with the clean-up and removal activities;

aa. Failing to properly report and/or maintain records, and/or the intentional manipulation and fabrication of equipment and/or crew inspections that were a substantial contributing factor to the explosion and resulting damages;

bb. Acting in a manner that justifies imposition of punitive damages; and

cc. Such other acts of negligence and omissions as will be shown at the trial of this matter, all of which acts are in violation of state and Federal law applicable on the Outer Continental Shelf.

Plaintiffs also specifically plead the doctrine of *Res Ipsa Loquitor*.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

8

## X.

[20] *Plaintiffs would* also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[21] Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- $41.000 fine for a "loss of well control." MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

- $190.000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70.000 fine for low pressure in the fire water system; and

- $190.000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

**ANSWER**

The BP Parties admit that BPXP paid a $41,000 civil penalty for alleged violations that, according to the MMS, did not result in any pollution or injuries; that BPXP paid a $190,000 civil penalty for alleged safety violations that resulted in a fire involving an as-built diverter system; that BPXP paid a $80,000 civil penalty for alleged bypass relays for the pressure safety

high/low for producing wells; that BPXP paid a $70,000 civil penalty arising out of a fire water system allegedly operating below the minimum required 75 psi. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the second $190,000 fine alleged above. The BP Parties deny the remaining allegations of this paragraph.

[22] Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek damages punitive damages, for the BP Defendants' gross negligence and malice.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

### Xl.

[23] By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs sustained severe bodily injuries. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural lives.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### X11.

[24] As a result of the foregoing injuries, Plaintiffs have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacities have been impaired permanently.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XIII.

[25] Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XIV.

[26] Additionally, as a result of the injuries sustained in the occurrences as set forth above, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XV.

[27] Pleading further, in the alternative, if it is shown that either Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XVI.

[28] Plaintiffs are physically impaired as a result of injuries sustained in the above-referenced occurrence. As a consequence, they have all lost the ability to perform household services and, in reasonable probability, this loss is permanent.

**ANSWER**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## XVII.

[29] As a result of the incident, Plaintiffs seek all damages recognizable by law, including, but not limited to, past and future medical treatment, pain, suffering, mental anguish, loss of affection, society, guidance, counseling, earnings, earning capacity, consortium, and enjoyment of life.

**ANSWER**

The BP Parties admit that Plaintiffs seek the damages alleged. The BP Parties deny that Plaintiffs are entitled to damages and the remaining allegations of this paragraph.

## XVIII.

[30] Plaintiffs assert that they are entitled to damages in excess of the minimum jurisdictional amount of this Honorable Court.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

## X1X.
## Request for Rule 194 Disclosure

[31] Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ. P.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

[32] WHEREFORE, PREMISES CONSIDERED, Plaintiffs BRAD JONES and MICHAEL BURRELL pray for judgment against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

**ANSWER**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs' claims against the BP Parties with prejudice. The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

[33] **PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

**ANSWER**

The BP Parties admit that Plaintiffs have requested a trial by jury. The BP Parties deny that Plaintiffs are entitled to a trial by jury except as required under the laws applicable to a trial of their claims.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiffs' damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

**SECOND DEFENSE**

Plaintiffs' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**THIRD DEFENSE**

Plaintiffs' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**FOURTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiffs' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**FIFTH DEFENSE**

To the extent the BP Parties are found liable to Plaintiffs for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contribution from other parties or entities.

### NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled under the law to the damages that they seek, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

### ELEVENTH DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiffs to an award of punitive damages.

### TWELFTH DEFENSE

Plaintiffs' damages are barred, in whole or in part, by a failure to mitigate damages.

### THIRTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Petition, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiffs as a result of the allegations contained in the Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs' claims against the BP Parties with prejudice.

Dated: February 11, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Exploration & Production Inc. and BP p.l.c.*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                                                         /s/   Don K. Haycraft__