UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 <br><br> SECTION: J |
| This Document Relates To: Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al. | : : : | JUDGE BARBIER <br> MAGISTRATE SHUSHAN |

………………………………………………...

**BP PRODUCTS NORTH AMERICA INC.'S ANSWER
TO THE FRANCIS PETITION IN INTERVENTION**

Defendant BP Products North America Inc. ("BPPNA"), by its undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers the Petition in Intervention filed by Bill Francis, Tyrone Benton and Carlos Ramos (collectively as "Intervenors"), as follows:

**I.**

**Discovery Control Plan**

1.      Intervenors, Bill Francis, Tyrone Benton and Carlos Ramos, affirmatively plead that the aggregate monetary relief sought is more than $75,000.00. Therefore, Intervenors intend discovery to be conducted under Level 3 of the Discovery Control Plan, Rule 190.3 of the Texas Rules of Civil Procedure.

**ANSWER**

BPPNA denies the allegations of this paragraph.

**II.**

**Parties**

2.      Intervenor, Bill Francis, brings this action individually. Intervenor resides in Lubbock, Texas.

1

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

3.      Intervenor, Tyrone Benton, brings this action individually. Intervenor resides in Jacksonville, Florida.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

4.      Intervenor, Carlos Ramos, brings this action individually. Intervenor resides in Alice, Texas.

**ANSWER**

BPPNA lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

### III.

### Venue

5.      Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.' S principal office is in this state located in Harris County, Texas.

**ANSWER**

BPPNA denies the allegations of this paragraph.

### IV.

### Jurisdiction

6.      This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

**ANSWER**

BPPNA admits that Intervenors purport to bring an admiralty and maritime claim. BPPNA denies that Intervenors have stated a valid admiralty or maritime claim or that Intervenors are entitled to any relief. BPPNA further denies that it is a proper party to this litigation as it is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the *Deepwater Horizon,* was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill. BPPNA denies the remaining allegations of this paragraph.

7.     Intervenors would show that this lawsuit has become necessary as a result of personal injuries sustained by Intervenors on or about April 20, 2010, while employed by Defendants as Jones Act seaman due to the negligence and unseaworthiness of the vessel.

**ANSWER**

BPPNA deeply regrets the *Deepwater Horizon* accident on April 20th, 2010, and offers its deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. BPPNA, however, denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

8.     Intervenors demand a trial by jury and has tendered the appropriate fee.

**ANSWER**

BPPNA admits that Intervenors have requested a trial by jury. BPPNA denies that Intervenors are entitled to a trial by jury except as required under the laws applicable to a trial of their claims.

9. WHEREFORE, PREMISES CONSIDERED, Intervenors prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer herein, and that upon final hearing hereon, Intervenors have judgment against said Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which they may show themselves justly entitled.

**ANSWER**

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenors' claims against BPPNA with prejudice. BPPNA denies the allegations of this paragraph to the extent they are directed at BPPNA. BPPNA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

BPPNA and its affiliates maintain that there was no negligence or fault on their part and that Intervenors' damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom BPPNA and its affiliates are not legally responsible.

**SECOND DEFENSE**

Intervenors' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by BPPNA and its affiliates and for which BPPNA and its affiliates cannot be held legally responsible.

**THIRD DEFENSE**

Intervenors' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which BPPNA and its affiliates are not legally responsible.

## FOURTH DEFENSE

Any alleged negligence by BPPNA and its affiliates, which BPPNA and its affiliates specifically deny, was not the proximate cause or sole proximate cause of Intervenors' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## FIFTH DEFENSE

To the extent BPPNA and its affiliates are found liable to Intervenors for any damages or injuries, BPPNA and its affiliates are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SIXTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to contractual indemnity from other parties or entities.

## SEVENTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to contribution from other parties or entities.

## NINTH DEFENSE

To the extent that BPPNA and its affiliates are found liable to Intervenors for any damages, BPPNA and its affiliates are entitled to a set-off or other equitable reduction in liability for any compensation paid by BPPNA and its affiliates or other parties or entities.

**TENTH DEFENSE**

Intervenors' claims are barred, in whole or in part, because Intervenors are not entitled under the law to the damages that they seek, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Intervenors' claims for punitive damages are barred, in whole or in part, because BPPNA and its affiliates did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Intervenors to an award of punitive damages.

**TWELFTH DEFENSE**

Intervenors' damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

BPPNA and its affiliates deny that they are liable to any extent as alleged in the Petition in Intervention, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Intervenors as a result of the allegations contained in the Petition in Intervention and for any other damages or claims which exist or may arise, but have not been specifically pled.

BPPNA specifically reserves the right to amend or supplement its Affirmative Defenses and this Answer as additional facts concerning its defenses become known to it.

WHEREFORE, BPPNA respectfully requests that the Court dismiss Intervenors' claims against BPPNA with prejudice.

Dated: February 11, 2011					Respectfully submitted,

							/s/ Don K. Haycraft
							Don K. Haycraft (Bar #14361)
							R. Keith Jarrett (Bar #16984)

LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Products North America Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                                                               /s/   Don K. Haycraft