UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: Lavergne v. Transocean, Ltd., et al.<br>………………………………………………... | : : : | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

## BP P.L.C.'S ANSWER TO CARL LAVERGNE'S PETITION FOR DAMAGES

Defendant BP p.l.c. ("BP"), by its undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answers Petition for Damages filed by Carl Lavergne, as follows:

1.

Petitioner, CARL LAVERGNE, is a resident of the full age of majority and domiciled in Jefferson Davis, Louisiana.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

2.

Made defendants herein are:

    a.    TRANSOCEAN, LTD., a foreign company, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808;

    b.    BP, Plc, a foreign company, authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808;

    c.    HALLIBURTON ENERGY SERVICES, INC., a Louisiana foreign company, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808; and

    d.    CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, a foreign company, which is authorized to do and doing business in the State of Louisiana, having its principal place of business located at #6 Holloway Boulevard, Ville Platte, Louisiana 70586-9778, and which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808.

**ANSWER**

BP admits that BP p.l.c. is a foreign corporation. BP denies that BP p.l.c. does business in Louisiana. BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

3.

Jurisdiction is proper in Evangeline Parish since it is the principal place of business for CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, made one of the defendants herein.

**ANSWER**

BP denies the allegations of this paragraph.

4.

Defendants are justly and truly indebted to Petitioner for the following reasons.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP. BP further denies that BP p.l.c. is a property party to this litigation as it did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and was not a party to the drilling rig

contract with Transocean. BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

5.

At all times pertinent herein, Petitioner was an employee of and in the course and scope of his employment with Offshore Cleaning Systems, L.L.C.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

6.

At all times pertinent herein, Defendant, TRANSOCEAN, LTD., was the owner of the M/V *Deepwater Horizon*.

**ANSWER**

BP admits that Transocean, Ltd. and/or its affiliates were the owners of the *Deepwater Horizon*.

7.

At all times pertinent herein, Defendant, BP, Plc, was the lessee of the M/V *Deepwater Horizon* and the operator of an exploratory oil well in the Macondo Prospect (Mississippi Canyon Block 252).

**ANSWER**

BP denies the allegations of this paragraph.

8.

At all times pertinent herein, Defendant, HALLIBURTON ENERGY SERVICES, INC., was the well cement contractor for BP, Plc.

**ANSWER**

BP denies the allegations of this paragraph.

9.

At all times pertinent herein, Defendant, CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, was the owner and supplier of the blowout prevention device installed on the well.

**ANSWER**

BP admits that Cameron manufactured and supplied the *Deepwater Horizon's* blowout preventer. BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

10.

At all times pertinent herein, Plaintiff was a seaman employed by Defendants and a member of the crew of the M/V *Deepwater Horizon*.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

11.

On April 15, 2010, Petitioner reported for work at the BP Heliport in Houma, Louisiana.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

12.

By 7:30 a.m. that morning, Petitioner was on board the M/V *Deepwater Horizon*.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

13.

On Tuesday, April 20, 2010, Petitioner and his crew were instructed by BP, Plc to stand down as the operator was expecting a 'kick' from the well during completion operations.

**ANSWER**

BP denies the allegations of this paragraph.

14.

At approximately 9:30 p.m. that evening, an explosion rocked the M/V *Deepwater Horizon*, killing eleven (11) crewmembers and injuring Plaintiff.

**ANSWER**

BP admits that on April 20, 2010, one or more explosions occurred on the *Deepwater Horizon*. BP deeply regrets the *Deepwater Horizon* accident on April 20, 2010, and offers its deepest sympathies to the families, friends and colleagues of those who were lost on the *Deepwater Horizon* as well as the rig personnel who suffered injuries because of the tragic accident. BP, however, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

15.

The force of the explosion threw Plaintiff into the air and he was injured when he crashed to the floor some twenty five (25) feet away.

**ANSWER**

BP lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore denies them.

16.

The explosion was caused by Defendants' negligence in the following, non-exclusive, manner:

    a.    failing to properly supervise the crew;

      b.      failing to properly train the crew;

      c.      failing to provide adequate safety equipment;

      d.      failing to provide adequate medical treatment;

      e.      failing to operate the vessel with an adequate crew;

      f.      failing to maintain the vessel;

      g.      failing to provide adequate well control system;

      h.      failing to properly cement the well;

      i.      failing to properly monitor the well;

      j.      failing to follow proper safety procedures;

      k.      failing to follow proper testing procedures;

      l.      failing to follow proper inspection procedures;

      m.      failing to warn of a dangerous condition;

      n.      failing to conduct proper search and rescue operations;

      o.      failing to follow applicable Coast Guard, MMS and/or OSHA regulations;.

      p.      failing to provide Plaintiff with a safe place to work and/or requiring Plaintiff to work in an unsafe environment; and

      q.      any other acts, which may be shown at the trial of this matter.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP. BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

17.

Since Plaintiff was injured while in the service of the vessel, he is entitled to maintenance and cure benefits from the onset of his disability until such time as maximum cure is reached. In the event such maintenance and cure is not timely and properly paid, Plaintiff is entitled to receive attorney's fees and costs for any wrongful failure to timely and properly pay maintenance and cure along with legal interest thereon.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP.  BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

18.

As a result of Defendants' collective reckless disregard for the health, safety and welfare of its employees, the unseaworthiness of the M/V *Deepwater Horizon* and as a result of Defendants' collective gross negligence, Plaintiff has suffered and continues to suffer the following, non-exclusive, damages:

- a,  past, present and future physical pain and suffering;
- b.  past, present and future mental pain and suffering;
- c.  past, present and future loss of wages;
- d.  past, present and future medical expenses;
- e.  Loss of earning capacity;
- f.  Disfigurement and disability;
- g.  Loss of enjoyment of life;
- h.  Loss of fringe benefits; and
- i.  any other damages, which may be shown at the trial of this matter.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP.  BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

19.

Plaintiff is a Jones Act Seaman and is, therefore, entitled to bring this action without prepayment of costs.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP.  BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

20.

Plaintiff desires and is entitled to a trial by jury.

**ANSWER**

BP admits that Plaintiff has requested a trial by jury.  BP denies that Plaintiff is entitled to a trial by jury except as required under the laws applicable to a trial of his claims.

21.

Petitioner prays for legal interest from the date of injury, until paid.

**ANSWER**

BP denies the allegations of this paragraph to the extent they are directed at BP.  BP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

WHEREFORE, Petitioner, CARL LAVERGNE, prays that Defendants, TRANSOCEAN, LTD.; BP, Plc; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, be duly cited and served with this petition and that after due proceedings had, there be judgment herein, in their favor, and against Defendants, TRANSOCEAN, LTD.; BP, Plc; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, for all damages reasonable under the premise, together with interest from date of judicial demand, until paid, and all costs of these proceedings and any other damages reasonable under the premise,

**ANSWER**

WHEREFORE, BP p.l.c. respectfully requests that the Court dismiss Plaintiff's claims against BP p.l.c. with prejudice.  BP p.l.c. denies the allegations of this paragraph to the extent they are directed at BP p.l.c.  BP p.l.c. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

BP p.l.c. and its affiliates maintain that there was no negligence or fault on their part and that Plaintiff's damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom BP p.l.c. and its affiliates are not legally responsible.

**SECOND DEFENSE**

Plaintiff's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by BP p.l.c. and its affiliates and for which BP p.l.c. and its affiliates cannot be held legally responsible.

**THIRD DEFENSE**

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which BP p.l.c. and its affiliates are not legally responsible.

**FOURTH DEFENSE**

Any alleged negligence by BP p.l.c. and its affiliates, which BP p.l.c. and its affiliates specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's alleged

damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## FIFTH DEFENSE

To the extent BP p.l.c. and its affiliates are found liable to Plaintiff for any damages or injuries, BP p.l.c. and its affiliates are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## SIXTH DEFENSE

To the extent that BP p.l.c. and its affiliates are found liable to Plaintiff for any damages, BP p.l.c. and its affiliates are entitled to contractual indemnity from other parties or entities.

## SEVENTH DEFENSE

To the extent that BP p.l.c. and its affiliates are found liable to Plaintiff for any damages, BP p.l.c. and its affiliates are entitled to indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that BP p.l.c. and its affiliates are found liable to Plaintiff for any damages, BP p.l.c. and its affiliates are entitled to contribution from other parties or entities.

## NINTH DEFENSE

To the extent that BP p.l.c. and its affiliates are found liable to plaintiff for any damages, BP p.l.c. and its affiliates are entitled to a set-off or other equitable reduction in liability for any compensation paid by BP p.l.c. and its affiliates or other parties or entities.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that he seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because BP p.l.c. and its affiliates did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiff to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

BP p.l.c. and its affiliates deny that they are liable to any extent as alleged in the Complaint, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiff as a result of the allegations contained in the Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

BP p.l.c. specifically reserves the right to amend or supplement its affirmative defenses and this Answer as additional facts concerning its defenses become known to it.

WHEREFORE, BP p.l.c. respectfully requests that the Court dismiss Plaintiff's claims against BP p.l.c. with prejudice.

Dated:  February 11, 2011                                              Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)

LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP p.l.c.*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 11th day of February, 2011.

                  /s/   Don K. Haycraft__