UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG
"DEEPWATER HORIZON" in the
GULF OF MEXICO, on
APRIL 20, 2010

MDL NO. 2179

SECTION J

THIS DOCUMENT RELATES TO
ALL CASES

JUDGE BARBIER
MAG. JUDGE SHUSHAN

## OPPOSITION TO "PLAINTIFFS' *EX PARTE* MOTION FOR COURT APPROVAL OF PROPOSED NOTICE"

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff in the following case, to submit this Opposition to "Plaintiffs *Ex Parte* Motion for Court Approval of Proposed Notice":

1. Key West Tiki Charters, Inc. (S.D. Fla., 4:10-cv-10039).

On February 8, 2011, Plaintiffs' Liaison Counsel filed "Plaintiffs *Ex Parte* Motion for Court Approval of Proposed Notice". The Motion requested Court approval of a proposed written Notice, containing language "...*advising potential litigants of the availability of the Short-Form Joinder and of the April 20, 2011 monition date in the Transocean Limitation*". The Notice also instructed how to file a claim *"[t]o preserve your ability to recover money and other damages against Transocean and include your claim in this trial...."*. For the reasons fully discussed below, the undersigned opposes Court approval of the proposed Notice.

It is important to note that Liaison's Motion (doc.1126) expressly states the PSC seeks "...*Court approval of the notice...advising potential litigants of the availability of the Short-Form Joinder and of the April 20, 2011 monition date in the Transocean Limitation.*" Despite this statement in the Motion, the actual language contained in the proposed Notice relates to matters not only beyond notifying the public of the monition date, but references procedures which would subject limitation claimants to the jurisdiction of the PSC *via* a "master complaint" against all other defendants. The pertinent language is as follows:

> "The Court has simplified the process to file your claim against Transocean. You need to file a claim form by April 20, 2011. ..***Filing this claim form will also join you in the master lawsuit that has been filed against BP and the other defendants.*** If you do not want to join this master lawsuit you will still need to file an answer and claim by April 20, 2011, in order to preserve your right to recover against Transocean". [*Emphasis supplied*]

As proposed, filing a claim against *Transocean* would "also join" the claimant in the "master lawsuit". Anyone filing a claim against *Transocean* would, in effect, make the Plaintiffs' Steering Committee his or her counsel, for both the limitation *and* as to all other defendants in the master lawsuit. The actual language in the proposed Notice is not limited to notifying the public of the monition date, but, rather, consists of a veiled attempt to make all limitation claimants subject to the auspices of the PSC *via* a master complaint against all other defendants, resulting in its gaining unwarranted common benefit fees, with a concomitant reduction of the net recovery available to the claimants.

Furthermore, with respect to the PSC's proposed procedure of automatic joinder of a limitation claimant to the "master complaint", the proposed Notice fails to provide adequate disclosure concerning the scope and nature of the *de facto* representation of the claimant by the PSC. For example, there is no written disclosure concerning attorney fees & expenses that would

be charged by the PSC against the claimant's recovery. Disclosure of fees & expenses is required by *Rule 1.5,* of the *Louisiana Rules of Professional Conduct.* The Notice is unclear, misleading and lacks full disclosure of the elements of the attorney client relationship. As this Honorable Court stated in Order (doc.1098)

> This Court encourages and commends any claims process that will fairly, quickly, and efficiently resolve claims in this litigation. Innovative and thoughtful procedures are to be encouraged. Those procedures must, however, be fully transparent so that claimants can evaluate them appropriately. The Court recognizes and appreciates the enormity of the undertaking of Mr. Feinberg and does not intend to impede or interfere with his ability to fairly and efficiently process claims.

In reading His Honor's "Order and Reasons", *supra,* it seems clear the Court was concerned about transparency of the procedures and communications between Mr. Feinberg *et. al.* and claimants. Equally important, of course, is that the procedures proposed, and communication from, the PSC to claimants "...be fully transparent so that claimants can evaluate them appropriately". The Notice lacks the essential element of transparency.

The PSC's attempt to create a procedure to automatically direct limitation claimants into a "master complaint" may needlessly undermine the work of Mr. Feinberg's office and the GCCF. While the Court previously issued an Order implementing precautions relating to communications between Mr. Feinberg *et. al.* and claimants, the Court stated it did not intend to impede or interfere with his ability to fairly and efficiently process claims. The PSC's attempt to establish a Court approved 'Master Complaint" procedure, under the guise of a Notice to alert the public of a monition date, can be viewed as an attempt to enhance the PSC's common benefit fees; since as more claims are resolved through the efforts of Mr. Feinberg's office, the fewer the number of claims there will be for litigation which the PSC controls. The proposal in the Notice

to automatically join limitation claimants into a master lawsuit is likely to confuse claimants and impede the GCCF claims process.

In conclusion, the proposed language in the Notice is outside the scope of what was requested in the Motion---notification of the monition date; and the Notice provision adopting a "Master Complaint" procedure is misleading, lacking in mandatory and adequate disclosure and not transparent.

For the reasons noted above, the undersigned respectfully objects and requests that the suggested language of the Transocean Limitation Notice be denied.

Respectfully submitted

Dated: February 16, 2011

Peter J. Cambs, Sr.
Parker Waichman Alonso LLP
Attorney for Plaintiff
3301 Bonita Beach Road
Suite 101
Bonita Springs, Florida 34134
Telephone:    (239) 390-8602
Facsimile:    (239) 390-0055
E-Mail:    pcambs@yourlawyer.com
Attorney for Key West Tiki Charters, Inc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing will be electronically filed with the Clerk of Court of

the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of February, 2011.

_____
Peter J. Cambs, Sr.