UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### CONSENT MOTION OF THE UNITED STATES OF AMERICA REQUESTING RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS PURSUANT TO PRETRIAL ORDER NO. 1

The United States of America, appearing on behalf of the Joint Investigation of the United States Coast Guard and the Bureau of Ocean Energy Management, Regulation and Enforcement (JIT) [1], files this Consent Motion Requesting Relief from Preservation of Evidence Obligations Pursuant to Pretrial Order No. 1. In support of its motion, the United States respectfully represents to the Court as follows:

1. On June 4, 2010, David Dykes, Co-Chair of the JIT, issued a subpoena to BP for rocks or rock-like substances found on the deck of the M/V *Damon Bankston* supply vessel after the fire and explosion that occurred aboard the MODU *Deepwater Horizon* on or about April 20,

---

[1] The Joint Investigation is conducted by the United States Coast Guard (USCG) and the Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE). For ease of reference, the Joint Investigation will be referred to herein as the JIT (Joint Investigation Team). As the Court is aware, the JIT sits as an independent investigatory body authorized by Congress pursuant to enabling statutes and regulations. *See*, 46 U.S.C. §§ 6301, *et seq.*; 43 U.S.C. § 1348; 14 U.S.C. § 141; 33 C.F.R. § 140, Subpart C; and 30 C.F.R. §§ 250.186-191.

2010.[2]  (See Exhibit No. 1, JIT subpoena dated June 4, 2010).  In response to the subpoena, on June 25, 2010, BP's counsel surrendered custody of rocks in BP's possession to the United States Geological Survey (USGS).  The USGS, in turn, brought the rocks to its laboratory in Lakewood, Colorado for analysis to determine, *inter alia*, the nature of the rocks and whether they originated in the well bore, in which case, they could provide insight into the blowout on the *Deepwater Horizon*.

2. On June 29, 2010, the JIT solicited input from the parties in interest to the Joint Investigation[3] into the development of a protocol for testing the rocks.  (See Exhibit No. 2, email dated June 29, 2010).  The JIT received several proposed protocols and forwarded them to the USGS for consideration and possible incorporation into a final test protocol.  On July 15, 2010, the JIT sent the parties in interest the final rock testing protocol, which incorporated many suggestions by parties in interest.  The protocol noted that the USGS would determine if additional tests are appropriate after it completed those that were listed.  (See, Exhibit 3, *in globo*, email dated July 15, 2010 and attached rock testing protocol ).

3. The USGS now proposes an additional test.  Specifically, the USGS proposes to conduct a carbon isotope analysis on one of the rock samples.  This analysis will destroy about 0.3 grams of the sample and will help identify its source.  The 0.3 grams will be taken from the half of the sample USGS originally prepared for its testing; the other half, which was archived pursuant to the original test protocol, will remain untouched.

---

[2] For ease of reference, the rocks or rock-like substances at issue in the instant motion will simply be referred to as "rock" or "rocks."

[3] Pursuant to 46 USC 6303 and the USCG Marine Safety Manual Volume V the following companies or persons have been designated as Parties in Interest by the JIT formal investigation into the Deepwater Horizon incident: BP, Transocean, Halliburton, Cameron, M I Swaco, Weatherford, Anadarko Petroleum, MOEX USA Corp., Dril-Quip, Jimmy Harrell, Curt Kuchta, Douglas Harold Brown, Steve Bertone, Mike Williams, Patrick O'Bryan, and Robert Kaluza.

4. On January 14, 2011, the JIT notified interested parties, including the parties in interest to the Joint Investigation, counsel for some of the parties in the MDL, and other Deepwater Horizon investigations, of this additional proposed destructive test and solicited any objections by January 21, 2011. (See Exhibit 4(a), email dated January 14, 2011). The JIT received no objections.

5. Moreover, during the course of its analysis, the USGS determined that it would be useful to compare the rocks to drill cuttings from the Macondo well. The JIT determined that both BP and Anadarko Petroleum Corporation possessed drill cuttings from the well. On October 28, 2010, David Dykes, Co-Chair of the JIT, issued a subpoena to Anadarko for the drill cuttings.[4] (See, Exhibit 5, subpoena to Anadarko dated October 28, 2010.) This court entered an Order on November 3, 2010, permitting Anadarko to release the drill cuttings to the JIT. (See, Rec. Doc. 650).

6. On November 4, 2010, the USGS took possession of the drill cuttings from Anadarko's Grogan's Mill Records Center in The Woodlands, Texas, and brought them to its laboratory in Lakewood, Colorado.

7. On December 1, 2010, the JIT notified interested parties, including the parties in interest to the Joint Investigation, counsel for some of the parties in the MDL, and other Deepwater Horizon investigations, that the USGS intends to use approximately the same analysis protocol for the Anadarko drill cuttings as it used for the rock samples.[5] The JIT requested

---

[4] The JIT did not issue a subpoena to BP for drill cuttings because the drill cuttings in Anadarko's possession were sufficient for the JIT's testing purposes.

[5] The Court may also note that, in this same communication, the JIT informed the recipients that, through a miscommunication with the USGS, the USGS had undertaken the process of preparing eight of the 400 drill cutting samples for analysis but had immediately been directed to stop the process pending further instruction from the JIT.

input about the analysis of the cuttings before having the USGS undertake any further processing or testing. (<u>See</u>, Exhibit 6, email dated December 1, 2010).

8. BP submitted the only proposal. (<u>See</u>, Exhibit 4(b), correspondence from counsel for BP dated December 10, 2010). The USGS considered BP's submission but concluded, "in the context of the charge to the USGS, the knowledge already acquired in our on-going study of the 40 samples, and the need to preserve as much of the original sample as possible, it may not be necessary or productive to carry out each step as outlined in the analysis plan and as modified by BP." The USGS explained that it would proceed with the cuttings analysis using the same protocol as it used on the rocks and would include BP's suggestions if appropriate. (<u>See</u>, Exhibit 4(c), USGS Response to BP's suggestions regarding analysis of cuttings samples from the Macondo Well).

9. On January 14, 2011, the JIT notified interested parties, including the parties in interest to the Joint Investigation, counsel for some of the parties in the MDL and other Deepwater Horizon investigations, that the protocol for the drill cuttings remains the same as that used for the rocks. The JIT further stated that it would notify the parties if USGS determines that additional destructive tests are necessary. The JIT solicited any objections to this course of action and the protocol by January 21, 2011. (<u>See</u>, Exhibit 4(a)). The JIT received no objections.

   WHEREFORE, the United States moves the Court for an order permitting the JIT, through the USGS, to conduct the following destructive testing:

   1. Rock sample: A carbon isotope analysis on one of the rock samples in the custody of the USGS. This analysis will destroy about 0.3 grams of the sample. The 0.3

grams will be taken from the half of the sample that the USGS originally prepared for testing. The remaining half will not be affected;

    2.    Drill cuttings:  Destructive testing as set forth in the attached protocol;

And to amend Paragraph 14 of the Court's Pretrial Order No. 1 to the extent necessary to permit the foregoing testing.

A proposed order is attached.

                              Respectfully submitted,

                              JIM LETTEN
                              UNITED STATES ATTORNEY

                              /s/ *Sharon D. Smith*
                              SHARON D. SMITH (17146)
                              Assistant United States Attorney
                              Hale Boggs Federal Building
                              500 Poydras Street, Room B210
                              New Orleans, Louisiana 70130
                              Telephone:  (504) 680-3004

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Consent Motion has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this  16th  day of February, 2011.

                                              /s/ *Sharon D. Smith*
                                              Sharon D. Smith
                                              Assistant U. S. Attorney