IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig * | MDL NO. 2179 |
| "DEEPWATER HORIZON: in the * | |
| GULF OF MEXICO, on April 20, 2010 * | |
| * | |
| RELATES TO: B1 AND B3 BUNDLE CASES * | |
| * | JUDGE BARBIER |
| * | MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: * | |
| Civil Action No. 10-2771 * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TRANSOCEAN PETITIONERS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' PROPOSED NOTICE TO PUTATIVE LIMITATION CLAIMANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Limitation Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (hereinafter collectively referred to as "Transocean"), and file this their Response in Opposition to the Plaintiffs' Proposed Notice to Putative Limitation Claimants.

TRANSOCEAN HAS TWICE COMPLIED WITH
RULE F(4)'S NOTICE REQUIREMENTS

Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims (hereinafter "Supplementary Rules") provides for a notice procedure which has been followed in Limitation

of Liability cases at least since 1872, when notice was governed by Admiralty Rule 51.[1] The current Rule provides for a notice procedure that is so clear and simple that it is hardly surprising that little case law on Supplemental F(4) exists.[2] Rule F(4) provides that "the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice . . . the notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." Fed. R. Civ. P. Supp. Rule F(4).

In his Order of May 13, 2010, the Hon. Keith P. Ellison required Petitioners to issue and publish notice of the limitation action and the monition in accordance with Rule F(4). Transocean complied with Rule F(4) and the Court's Order. After Judge Ellison's original monition deadline was extended by Judge Barbier, Transocean republished its earlier additional Notice for four consecutive weeks, without being ordered by the Court to do so. There is no need for further notice, and there is no statutory or Rule-based support for the Court to direct that additional notice be provided under Rule F(4).

---

[1] The General Admiralty Rules 54, 55, 56, and 57 (80 U.S. xiii) became Rules 51, 52, 53, and 54, with slight amendments. General Admiralty Rules 51-54, first promulgated by the Supreme Court on May 6, 1872, were merged into the Civil Rules in 1966. The current Rule F(4) was derived from the former Admiralty Rule 51.

[2] Virtually all case law on Rule F(4) concerns the filing of late claims, not the content or frequency of publication of the F(4) notice.

## THE PLAINTIFFS' PROPOSED NOTICE IS POTENTIALLYMISLEADING

The Plaintiffs' proposed Notice is potentially misleading for the following reasons:

1. The proposed Plaintiffs' Notice contains the seal of the United States District Court for the Eastern District of Louisiana and thus inappropriately creates the impression that the Plaintiffs' proposed Notice is issued by or on behalf of the Court, when it is not; and

2. The proposed Plaintiffs' Notice contains the statement "Court Authorized Notice" and thus inappropriately creates the impression that the Plaintiffs' proposed Notice is Court directed, when Rule F(4) does not authorize such additional Notice or the language in the Notice.

There is no statutory or Rule-based support for the Plaintiffs' proposed Notice. Accordingly, the issuance of such Notice with the Court's seal and as a "Court authorized Notice" should not be permitted under Rule F(4) of the Supplemental Admiralty Rules.

WHEREFORE, PREMISES CONSIDERED, Limitation Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., file this their Response in Opposition to, the Plaintiffs' Proposed Notice.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of February, 2011, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/  Kerry J. Miller