UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**OPPOSITION OF DEFENDANT CAMERON INTERNATIONAL CORPORATION TO PLAINTIFF'S *EX PARTE* MOTION FOR COURT APPROVAL OF PROPOSED NOTICE**

Plaintiffs seek Court authorization for an elaborate notice program providing newspaper, television and radio announcements that will direct putative plaintiffs to call or web access the Plaintiff's Liaison Counsel for publicly available forms and information. To justify this proposal, plaintiffs cite Supplemental Admiralty Rule F(4) and "potentially inaccurate or confusing information provided by or thru (sic) BP's Gulf Coast Claims Facility." Rec. d. 1126-1, 1-2. But the notice program plaintiffs seek is not required or sanctioned by Rule F(4), and itself offers inaccurate and confusing statements. Accordingly, Cameron International Corporation ("Cameron") opposes the motion.

1046508v.1

I.  **PLAINTIFFS HAVE NOT DEMONSTRATED THAT NOTICE OF THE LIMITATION ACTION, AS ORDERED BY THE SOUTHERN DISTRICT OF TEXAS, IS LEGALLY DEFICIENT.**

After the Transocean entities ("TO") filed their limitations petition in the Southern District of Texas, that Court issued an order directing that publication of the limitation action and its Limitation Order be published in certain newspapers as well as mailed to all individuals known to have made any claims against the TO petitioners. *In Re the Complaint and Petition of Triton Asset Leasing GmbH, et al.,* #10-1721, So. D. TX, May 13, 2010 and May 26, 2010. Rec. d. 561-1 and 2. The latter of these orders expressly carved out of the limitations proceeding OPA claims, that is, claims that ultimately have come to be handled by the Gulf Coast Claims Facility ("GCCF"): "This injunction does not apply to any direct claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C.§ 2701, et seq." Rec. d. 561-2, p.4.

Plaintiffs have offered no evidence that TO failed to comply with the notice provisions of the Southern District's order or that the Court ordered notice is in fact deficient. Rather, they contend that the multi-focused program they seek is needed to correct some statement of the GCCF that is alleged to be "*potentially* inaccurate or confusing." Rec. d. 1126-1, 1-2 (emphasis added). They do not specify which GCCF statement *might be* inaccurate or confusing, so, it is impossible to ascertain whether the solution they propose would redress the problem they perceive.

Moreover, the record that is before this Court demonstrates due regard for the rights of potential claimants. This Court has prominently posted on its Deepwater Horizon web home page the fact that claims against TO must be filed by April 20, 2011. Most recently, the Court announced at its monthly status conference the April 20th monitions deadline and memorialized the reference in its minute entry. Rec. d. 1083.

Unless the Court finds plaintiffs have carried their heavy burden to show that TO's notice regarding its limitation petition -- previously approved by Judge Ellison -- is legally deficient in some regard, and that such deficiencies would in fact be redressed by their proposed notice, plaintiff's motion should be denied.[1]

## II. THE PROPOSED NOTICE IS INACCURATE AS A MATTER OF LAW AND CONFUSING.

As set out above, the Limitation Order expressly carves out any direct OPA claims against TO from any possible limitation of recovery. However, plaintiffs' proposed notice incorrectly suggests that *OPA claims* are encompassed in the Limitation Order and are subject to the monitions date. As such, the proposal is contrary to the Limitation Order itself.

Moreover, plaintiffs' proposed notice is also inconsistent with the OPA legislative regime. The notice states that

> **You Can Continue To File Claims with BP's Gulf Coast Claims Facility ("GCCF")**
>
> The federal lawsuit is separate from the claims process in BP's GCCF. You can participate in the federal lawsuit even if you already filed a claim with BP's GCCF. Filing the claim form will not prevent you from recovering money through BP's GCCF.
>
> Rec. d. 1126-3.

---

[1] Plaintiffs' counsel may be free, within certain boundaries, to themselves solicit clients. Such advertisements are limited by Federal Rule 23 and State Bar Association ethical constraints. In the absence of a finding that the notice previously approved by Judge Ellison is deficient, and that any such deficiency would be cured by plaintiffs' proposal, this Court should decline the invitation to bless counsel's ads.

1046508v.1

Presumably, the "federal lawsuit" referenced is the MDL and not the limitation action, which is the subject of the first two paragraphs of the written notice. Even so, the quoted section ignores the presentment requirements of the OPA and suggests that a plaintiff may file an OPA claim AND a federal lawsuit. But OPA mandates that "all claims . . . shall be presented first to the responsible party" (or, alternatively, to the Oil Spill Liability Trust Fund ("Fund") established pursuant to 26 U.S.C. § 9509). 33 U.S.C. §§ 2713(a) and 2701(11) (definition of "Fund"). If a claim is either denied or not paid within 90 days, only then may the claimant sue "the responsible party." Id § 2713(c). When either a responsible party or the Fund pays compensation to a claimant, that payor becomes subrogated to "all" causes of action "that the claimant has under any other law." *Id.* § 2715(a). Similarly, when a responsible party is held liable under OPA, the responsible party may seek contribution against third parties who may be liable "under another law." *Id.* § 2709. *See* Cameron International Corporation's Memorandum in Support of Motion to Dismiss (CA 10-4185), Rec. d. 1152-1.

But, OPA does not authorize claimants to pursue litigation against ***both*** statutory responsible parties (here, BP and certain other defendants) ***and*** third parties, and effectively assigns the claimants' causes of action under any other law for pursuit by responsible parties or the Fund. Thus, to the extent the proposed notice implies that a putative plaintiff may file suit *prior* to the exhaustion of the presentment of his claim to the GCCF, or without ever filing with the GCCF, the notice is contrary to both the express provisions of OPA and the comprehensive regime that it establishes. Any suggestion that a GCCF claim is somehow extraneous to the MDL is incorrect and may cause individuals to not file or not pursue a GCCF claim to their detriment.

Lastly, the proposed notice is also incorrect when it implies that filing a lawsuit is an option, regardless of whether the individual may have settled and released all of his claims in a final settlement with the GCCF. Any suggestion that a claimant may sue in the MDL after he has compromised his claims in the GCCF creates the potential for confusion.

### III.  CONCLUSION

Plaintiffs have offered no support for their claim that notice concerning the TO limitation petition is defective or that their proposal would remedy any perceived problem. Plaintiffs are not entitled to the Court's imprimatur for their advertisements and their motion should be denied.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com

BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 Mckinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

Howard L. Murphy, 9844
    hmurphy@dkslaw.com
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, Louisiana 70130
504-581-5141
504-566-4039

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittman@stonepigman.com
Carmelite S. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com

STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION**

1046508v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition of Defendant Cameron International Corporation to Plaintiffs' *Ex Parte* Motion for Court Approval of Proposed Notice has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre Trial Order # 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 16th day of February, 2011.

                                  */s/ Phillip A. Wittmann*
                                  Phillip A. Wittmann

1046508v.1