# EXHIBIT E

```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3

 4

 5

 6   IN RE:  OIL SPILL BY THE           *  Docket 10-1156 "J"
     OIL RIG DEEPWATER HORIZON          *
 7   IN THE GULF OF MEXICO ON           *  October 15, 2010
     APRIL 20, 2010                     *
 8                                      *  9:30 a.m.
                                        *
 9   This Document Relates to:          *
                                        *
10   All cases.                         *
                                        *
11   * * * * * * * * * * * * * * * * * *

12
                        PROCEEDINGS BEFORE THE
13                  HONORABLE CARL J. BARBIER
                    UNITED STATES DISTRICT JUDGE
14

15   APPEARANCES:

16
     For the Plaintiffs:        Domengeaux, Wright, Roy & Edwards
17                              BY:  JAMES P. ROY, ESQ.
                                556 Jefferson Street
18                              Suite 500
                                Post Office Box 3668
19                              Lafayette, Louisiana 70502

20
                                Herman, Herman, Katz & Cotlar
21                              BY:  STEPHEN J. HERMAN, ESQ.
                                820 O'Keefe Avenue
22                              New Orleans, Louisiana 70113

23

24

25
```

JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

1  after the first of the year, early next year, say in January,
2  to begin the process of identifying one or more of the OPA type
3  claims brought against BP as a responsible party under OPA to
4  serve as test cases that we could tee up and begin trying as
5  early as, say, June of next year.
6              Mr. Langan?
7         **MR. LANGAN:**  Yes, Your Honor.  We heard you.  We hear
8  you now.  BP does need to object to this for a couple of
9  reasons.  Some of them are in our October 6th brief, but I want
10 to just amplify only a few today if I could.
11             As I said in September, one issue we have is
12 that if the master complaints have class certification
13 allegations in them, we would like to deal with the class
14 certification issues before we get to test trials; in other
15 words, we don't want to put the cart before the horse.  And we
16 think --
17        **THE COURT:**  I don't know that that's putting the cart
18 before the horse.  It's not unheard of to do test trials in
19 class cases before class certification, because that can give
20 you information as to whether the class should be certified or
21 not.
22        **MR. HERMAN:**  I understand.  But we think the better
23 approach would be to have, let's deal with the class issues
24 first before we get there.
25             Secondly, in terms of the timing, we think that

1  it sounds good, but it's actually going to be very, very
2  difficult to get a case teed up for trial for next June.  We
3  think there's going to be a lot of discovery to do, not only on
4  the limitation case but also on the OPA test case as Your Honor
5  is contemplating, candidates for trial have to be selected.
6          If you're going to have representative cases,
7  you've got to do it the right way.  And we're not even settled
8  the pleadings until apparently April of next year.  Because
9  there's going to be a master complaint and then motions to
10 dismiss to deal with some of the legal issues, like presentment
11 and others.  So, apparently, the cases are not going to be at
12 issue until at least April.
13         Also, we don't share the view that this is a
14 BP-only issue.  There are other responsible parties under OPA.
15 And there are other parties that share responsibility for what
16 led to the spill.  We have statutory rights of contribution.
17 And we think all those things would have to be decided at once
18 and not be severed.
19         So we don't think that this can be solved by a
20 damages-only kind of trial, as Your Honor is contemplating.  We
21 also think that there are going to be a lot of scientific
22 issues about where the oil went, where it is now, and those
23 sorts of things that the science has to take some time to
24 evolve before the issues can be properly tried.
25         So for those reasons, and the ones we have said

1 previously, we do object to this.
2           **THE COURT:**  All right.  I understand.
3                  Mr. Herman, do you want to respond?
4           **MR. HERMAN:**  Sure, Your Honor.
5                  In addition to the Court's observations with
6 respect to the class certification issue, the other essential
7 element is that not all plaintiffs have to pursue their claims
8 as part of the class action.  You could have plaintiffs that
9 would be test-case plaintiffs that would effectively opt out of
10 the class.  So that is easily covered.
11                 In terms of Seventh Amendment issue, we have
12 actually built into our proposed CMO that these issues would be
13 briefed for the Court, I guess, sometime in December because we
14 were aware of the defendant's objections.
15                 But we obviously agree with the Court's initial
16 take as expressed during the conference yesterday, which is
17 two-fold.  First of all, under OPA it's contemplated, we
18 believe, statutorily that BP, as the responsible party in a
19 strict liability scheme, provide compensation on a fast-track,
20 for lack of a better word, to the plaintiffs, which is why they
21 have the claims facility, and then the defendants can sort out
22 later, for example in February of 2012, what their contribution
23 is.
24                 If there is a jury trial right which attaches to
25 some or all of the claims, and we would expect that that would