# EXHIBIT F

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

PRETRIAL ORDER NO. 11

[CASE MANAGEMENT ORDER NO. 1]

Considering the need for organization of this complex litigation, the submissions and suggestions of counsel in connection with the initial Status Conference held on September 16, 2010, conferences held with Liaison Counsel on September 29, 2010 and October 14, 2010, the Status Conference held on October 15, 2010, and the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1. It is hereby **ORDERED** as follows:

I.     **APPLICABILITY OF ORDER**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

II. **FILING OF CASE MANAGEMENT ORDER NO. 1**

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

III. **PLEADING BUNDLES**

This proceeding is hereby separated into the following Pleading Bundles for purposes for the filing of complaints, answers and any Rule 12 motions. The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

    A.    **Personal Injury and Death**. Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010. Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.

B. **Private Individuals and Business Loss Claims.** These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

B1. **Non-Governmental Economic Loss and Property Damages.** This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.

B2. **RICO Claims.** In light of determinations as may be made by the MDL Panel regarding the transfer and/or coordination of pending RICO actions, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the consolidation and/or coordination of RICO pleadings.

B3. **Post-Explosion Clean-Up Claims.** This Pleading Bundle will include all claims related to post-explosion clean-up efforts and will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints.

B4. **Post-Explosion Emergency Responder Claims.** This Pleading Bundle will include all claims against the alleged owners and/or operators of rescue vessels that answered the Deepwater Horizon distress call and

Page 3

responded to the emergency after the explosion. Plaintiffs Liaison Counsel shall confer with counsel for the plaintiffs in any such actions, in order to determine whether such claims should be pursued further, by existing complaint(s), amended complaint(s), an administrative Master Complaint, or Consolidated Complaint.

C. **Public Damage Claims.** These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints; however, counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the desirability of a Master Complaint for governmental claims. Plaintiffs' Liaison Counsel shall thereafter discuss the desirability of a Master Complaint with Defense Liaison Counsel and report to the Court prior to the November 2010 Status Conference.

D. **Injunctive and Regulatory Claims.** These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

D1. **Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.

        **D2.**    **Claims Against the Government or any Government Official or Agency.** These claims will be pled separately and uniformly in a Master Complaint.

    **E.**    **Designation of Subsequently-Added Cases.** All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.

**IV.**    **TIMING FOR FILING OF PLEADING**

    **A.**    **Filing of Complaints.** Master Complaints, as designated above, shall be filed by December 15, 2010. In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown).

    **B.**    **Defendants' Responses.** Defendants' shall each file responses to the Master Complaints in Pleading Bundles B and D, and to the complaints or amended complaints in Pleading Bundles A and C not previously answered, by January 18, 2011. If a Defendant files a motion under Rule 12(b) or 12(c) to a complaint or Master Complaint within Pleading Bundles B, C or D, no Answer need be filed by that Defendant until thirty (30) days after the Court has ruled on such motion. With respect to actions in Pleading Bundle A, an Answer to each complaint or amended complaint shall be filed by each named Defendant on or before March

18, 2011, regardless of whether any motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) or 12(c), with the exception that no answer will be due by a defendant asserting a Rule 12(b)(2) motion prior to resolution of such motion.

Prior to the briefing and hearing of any Rule 12(b)(2) motions, the parties will be permitted to engage in discovery related to jurisdiction over any Defendant that has raised a jurisdictional challenge.

Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6) or 12(c) motions shall be filed by February 18, 2011. Reply Briefs shall be filed by March 18, 2011. The Court will set oral argument on such motions as soon thereafter as the Court deems appropriate.

Any third-party complaints or cross-claims by Defendants named in the Pleading Bundle A actions must also be filed by March 18, 2011.

C. **RICO Pleadings.** Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the deadlines for the filing of any RICO pleadings and responses thereto. No responsive pleading to any complaint alleging RICO claims shall be required pending further order of the Court.

D. **Claims in Transocean's Limitation Action.** In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas

by order of that Court dated August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010. Said Orders of the Southern District of Texas Court are hereby amended to extend said claims (monition) date to April 20, 2011.

Transocean's Rule 14(c) claims asserted in connection with the Limitation shall be asserted on or before February 18, 2011.

Answer to Transocean's Rule 14(c) claims shall be filed on or before March 18, 2011, together with any cross-claims or other third-party complaints asserted by the Rule 14(c) Defendants in connection with the Limitation. Any answer or other responsive pleading to cross-claims or third-party complaints by Rule 14(c) Defendants in the Limitation shall be filed on or before April 20, 2011.

All claims in the Limitation action are to be filed in member case 10-2771 as per the Court's August 24, 2010 Order.

V. **DISCOVERY**

    A. **Plaintiffs' Initial Omnibus Requests.** Based on the Court's having granted Plaintiffs' motion to lift stay for purposes of serving initial discovery [Doc 509], Plaintiffs are deemed to have served an initial set of Omnibus Requests for Production and/or Interrogatories on All Defendants [Doc 510-1] on October 15, 2010.

The Defendants' responses shall be due on or before November 15, 2010.

On or before December 1, 2010, Defendants shall provide a description of all sources of electronic data which may have potentially relevant information, but which Defendants do not intend to search on the basis that such data is alleged to be not reasonably accessible due to undue burden or cost, (in accordance with Rule 26(b)(2)(B)).

On or before December 31, 2010, Defendants shall provide privilege logs with respect to any documents withheld on the basis of attorney-client privilege or work product.

B. **Phase I Discovery.**

    1. **Jurisdiction.** In the event that any named Defendant challenges jurisdiction by motion pursuant to Rule 12(b)(2), discovery limited to jurisdictional issues versus any moving Defendant shall proceed expeditiously thereafter. With respect to any defendant objecting to personal jurisdiction, the discovery obligations set forth herein will be imposed in the event that personal jurisdiction is established, to commence expeditiously upon order of the Court.

    2. **Casualty and Spill Liability, Limitation and Related Issues.** Discovery will be focused on the activities and events leading up to and including April 20, 2010 Macondo well incident and resulting explosion, fire and

loss of the rig. Discovery will also include discovery of issues relating to the cause or causes and extent of the associated oil spill, and the cause or causes of damages alleged to have resulted therefrom.

3. **Environmental Samples (and Related Issues).** In addition to the requests in Plaintiffs' Initial Omnibus Discovery Requests, the parties anticipate that additional discovery relating to environmental sampling will be initially in the form of third-party *subpoenas* and/or FOIA requests directed primarily to U.S. and State Agencies. Such discovery may commence immediately. The parties shall also meet and confer with one another and, to the extent appropriate, with third parties, regarding the preservation and/or testing of physical samples which have been collected and maintained, as well as broader first-party discovery regarding the environmental impacts of the spill. Such first-party (and/or third-party) discovery may also extend to general proximate cause issues relating to the extent and effects of the spill.

4. **Information Systems and Management Information Systems.** Should Defendants object to any discovery requests propounded to them based upon claims of undue burden or that responsive information is not reasonably accessible, Plaintiffs may immediately thereafter commence discovery regarding such claims.

C.   **Plaintiffs' Initial Disclosures.**  Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and present to the Court an agreed (to the extent possible) one-page Plaintiff Profile Form ("PPF") to be provided by counsel for Plaintiffs who have filed suit in the MDL on the later of (a) November 15, 2010, or (b) sixty days from the date of Removal or the filing of the Plaintiff's Complaint.

Plaintiffs' Liaison Counsel may confer with BP Liaison counsel and the Administrators of the Gulf Coast Claims Facility ("GCCF") regarding the feasibility and/or desirability of making relevant information and/or documentation submitted by Plaintiffs who have filed actions in the MDL to the GCCF available to Defendants, (subject to appropriate confidentiality and privacy considerations), in order to complete the PPF and/or to facilitate other additional discovery as may be required over the course of the litigation.

D.   **Written Discovery Requests.**  Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to fifty (50) Interrogatories to each Defendant without leave of Court.

In addition to the Initial Omnibus Requests, Plaintiffs may serve initial written discovery requests related to the Casualty, Spill and Limitations issues on or before November 1, 2010. Defendants may also serve written discovery requests

Page 10

relating to Phase I Discovery issues on one another.

Defendants shall serve their responses to Plaintiffs' and/or Defendants' initial written discovery requests by December 1, 2010.

    E.    **Fact Depositions Regarding Casualty, Spill, Limitation and Related Issues.**

Fact depositions regarding blow-out, spill, limitation and related issues may commence on or after January 18, 2011.

## VI. TEST CASES

    A.    **OPA.** By January 18, 2011, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and the Court regarding the potential identification of one or more cases brought against BP as the designated "responsible party" under the Oil Pollution Act of 1990 to serve as test cases for liability and damage issues. To the extent there is disagreement between Plaintiffs and the BP Defendants regarding the prevailing law and procedure applicable to the timing and scope of such OPA test cases, Plaintiffs' Liaison Counsel shall submit a single memorandum and Counsel for BP shall submit a single memorandum setting forth each side's position. The Court shall, if and as appropriate, issue a separate Scheduling Order for the discovery and trial of such test cases, with the Court having indicated its intent to schedule one or more OPA test cases for trial by June 2011.

    **B.**    **Personal Injury / Wrongful Death and *Robins Dry Dock* Test Cases Associated with the February 2012 Limitation/Liability and Test Case Trial.**

By May 2, 2011, the Plaintiffs Steering Committee shall identify one or more personal injury / wrongful death test cases designated for bench trial under Rule 9(h) and one or more *Robins Dry Dock* test cases designated for bench trial under Rule 9(h) for the February 2012 trial of liability, limitation, exoneration and fault allocation, as well as a phase two trial in July of 2012 on the questions of damages and punitive damages, if available. Discovery with respect to the test cases will commence immediately thereafter, subject to a separate Scheduling Order.

**VII.**    **STAY OF CLASS ACTION MOTION PRACTICE AND DEADLINES**

Local Rule 23.1 and Federal Rule 23 motion practice and discovery on class certification issues is hereby stayed for all cases until further order of this Court. Defendants resrve the right to seek a schedule for consideration of class certification motions should the Master Complaints in any pleading bundles assert class certification claims.

**VIII.**    **CLARIFICATION OF PRESERVATION REQUIREMENTS**

Section 14 of PTO No. 1 is clarified to expressly compel the BP Defendants to ensure the preservation of any and all documents, electronic data, and other information provided to, or generated within, the Gulf Coast Claims Facility ("GCCF"), and the predecessor BP claims apparatus.

IX. **ANTICIPATED ADDITIONAL PRE-TRIAL ORDERS**

The parties shall meet to confer in good faith to negotiate the following joint and stipulated, to the extent possible, pre-trial orders: (i) Order Relating to the Treatment of Confidential Materials, (ii) Order Relating to the Treatment of Privileged Materials; (iii) Deposition Protocol, (iv) Document Production Protocol, (v) E-Discovery Protocol, and (vi) Protocol for the Service of Pleadings and Discovery, whether *via* Lexis-Nexis File & Serve or otherwise. Such proposed orders shall be filed with the Court on or before November 1, 2010.

In addition, the parties shall meet and confer regarding the desirability and feasibility of an order facilitating the direct filing of actions into the MDL.

Pre-Trial Order No. 9 governs the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

X. **FILING OF PLEADINGS**

All motions, requests for discovery or other pre-trial proceedings with respect to plaintiffs shall be initiated by and/or coordinated through the Plaintiff Steering Committee ("PSC"), to be filed by and through Plaintiffs' Liaison Counsel. If the PSC does not support the motion, discovery or other requested proceeding, then the moving or requesting plaintiff shall be permitted to file such motion or request, but shall include a certificate of non-support.

XI. **TIMELINE**

For ease of reference, the deadlines contained herein are summarized in the Timeline

Page 13

attached as Exhibit "A" hereto.

## XII. SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER

This Order may be amended by Order of the Court in the interests of justice and/or in the event that Congress legislates or directs amendments regarding any issue (including, but not limited to, the availability of an exoneration/limitation defense) that affects any portion of the Deepwater Horizon litigation.

Further, the provisions of this Order are provisional and may be modified on the in the interests of justice, expedience or judicial economy on Court's own motion or motion by the parties for good cause shown.

New Orleans, Louisiana this <u>19th</u> day of <u>October, 2010</u>.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf * of Mexico, on April 20, 2010 | * MDL No. 2179 *  * SECTION: J * |
| Applies to: *All Cases.* | * JUDGE BARBIER * |
| | * MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * *

## TIMELINE

Case Management Order No. 1

Exhibit "A"

| DATE | DEADLINE / EVENT |
|---|---|
| | Meet & Confer regarding Pre-Trial Orders (confidentiality, privilege, deposition protocol, document production protocol and e-discovery protocol, direct filing, etc) |
| | Meet & Confer regarding One-Page Plaintiff Profile Form (PPF) which may be submitted by Counsel in lieu of Rule 26(a) Disclosures. Plaintiff and Defense Liaison Counsel may confer with GCCF Administrators Regarding Feasibility of Providing PPF Information |
| 11-1-2010 | Submit Proposed PTOs |
| 11-1-2010 | Plaintiffs' Initial Written Phase I Discovery including discovery relating to casualty and/or ensuing spill, as well as environmental sampling and testing, personal jurisdiction, MIS/IT/IS, and general proximate cause issues relating to OPA cases. Defendants may serve written discovery upon other defendants relating to casualty and/or ensuing spill after this date. |
| 11-1-2010 | MIS 30(b)(6) Depositions May Begin (as necessary) |
| 11-15-2010 | Defendants Responses to Plaintiffs' Initial Omnibus Discovery Requests on All Defendants |
| 11-15-2010 | Counsel for Plaintiffs with Suits Filed Serve One-Page PPF in Lieu of Initial Disclosures (Or 60 Days After Filing or Removal, whichever is Later) |
| 12-1-2010 | Defendants' Responses to Initial Written Discovery Served, Identification of the Sources of E-Data Not Produced Due to Alleged "Inaccessibility" or other Undue Burden or Cost, but Which May Include Evidence Relevant to these MDL Proceedings. |
| 12-15-2010 | File Master Complaints (Bundles B1, B3 and D) |
| 12-15-2010 | Status Conference relating to RICO cases and potential Master Complaint for RICO cases |
| 12-31-2010 | Defendants' Privilege Logs served on Plaintiffs |
| 1-18-2011 | Rule 12 Motions or Answers to Complaints (Bundles B, C and D) [1] |
| 1-18-2011 | Answers or Rule 12(b)(2) Motions (if any); Answers and Rule 12(b)(6) Motions |

---

[1] Any jurisdictional discovery arising from Rule 12(b)(2) motions that may be filed will be expeditiously dealt with by the parties through Liaison Counsel.

|            |                                                                                                                                                                                                                                                                                                                |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | (if any) (Bundle A)                                                                                                                                                                                                                                                                                            |
| 1-18-2011  | Status conference, preceded by meet and confers to discuss identification of OPA Test Cases vs. BP and to discuss scheduling order/trial of same; in advance of such status conference, Defense Liaison will furnish a single memorandum and Plaintiffs Liaison shall furnish a single memorandum discussing their view of what the procedure and law would be for such OPA test cases. |
| 1-18-2011  | Fact Discovery Depositions on Casualty and/or Ensuing Spill Commence                                                                                                                                                                                                                                           |
| 2-18-2011  | Oppositions to Rule 12 Motions to Dismiss                                                                                                                                                                                                                                                                      |
| 2-18-2011  | Transocean Rule 14(c) Tenders or Claims in the Limitation                                                                                                                                                                                                                                                      |
| 3-18-2011  | Answer, Cross-Claims and Third-Party Complaints by 14(c) Defendants in the Limitation and/or Defendants in the Bundle A Cases                                                                                                                                                                                  |
| 3-18-2011  | Reply Briefs in Support of Motions to Dismiss                                                                                                                                                                                                                                                                  |
| 4-20-2011  | Deadline for answers and responsive pleadings to cross-claims and third-party actions by Rule 14(c) Defendants in the Limitation Action and Defendants in the Bundle A Cases                                                                                                                                   |
| 4-20-2011  | Monition Date (re Limitation) (including deadline for BP to file claim in Limitation and/or other cross-claim and/or third-party complaint seeking any subrogation, contribution and/or indemnity under OPA, per contract, or other applicable law)                                                            |
| 5-2-2011   | Identify one or more PI/Wrongful Death Limitation action cases and *Robins Dry Dock* cases filed in EDLA and designated for Bench trial under Rule 9(h) for February 2012 Trial of Liability, Limitation, Exoneration and Fault allocation, and July 2012 trial of Damages.                                     |
| 8-15-2011  | Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness                                                                                                                                                                                                      |
| 9-15-2011  | Expert Reports from Vessel Owner / Petitioner in Limitation                                                                                                                                                                                                                                                    |
| 10-17-2011 | All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports                                                                                                                                                                                                    |
| 11-15-2011 | Rebuttal Expert Reports for the February 2012 Trial                                                                                                                                                                                                                                                            |

| Date | Event |
|---|---|
| 11-16-2011 thru 1-15-2012 | Depositions of All Experts for February 2012 Trial |
| 2-1-2012 | *Daubert* Motions for February 2012 Trial (if any) |
| 2-1-2012 | Pre-Trial Stipulation, including Witness and Exhibit Lists, and Other Pre-Trial Motions for February 27, 2012 Trial |
| 2-3-2012 | Final Pre-Trial Conference for February 27, 2012 Trial |
| 2-27-2012 | Trial of Liability, Limitation, Exoneration and Fault Allocation |
| | Additional Discovery, Expert Discovery, and Motion Practice Relating to July 2012 Trial, as needed, and/or to be established under separate Scheduling Order |
| 7-16-2012 | Trial of Damages for selected Limitation / Test Case PI/Death and *Robins Dry Dock* Claimants, Entitlement to Punitive Damages,[2] and Amount of Punitive Damages, if available. |

---

[2] Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and the Court to determine whether the issue of entitlement to punitive damages should be included within the February 2012 trial.