# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | § | |
| GULF OF MEXICO, on APRIL 20, 2010 | § | Section J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | |
| ALL CASES | § | MAG. JUDGE SHUSHAN |

**THE BUZBEE LAW FIRM'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR COURT APPROVAL OF PROPOSED NOTICE, AND REQUEST FOR ORAL ARGUMENT**

The Buzbee Law Firm ("BLF"), which represents eighteen injured rig workers and thousands of individuals and entities affected by the catastrophic April 20, 2010 Deepwater Horizon Oil Spill, files this Response and Memorandum in Opposition to the Plaintiff Steering Committee's ("PSC") Motion for Court Approval of Proposed Notice (Dkt. Entry No.1126). BLF also requests a hearing for oral argument on this matter.

## INTRODUCTION

The PSC's Motion should be denied, or the notice should be modified, for the following reasons: 1) the Oil Pollution Act of 1990 ("OPA")[1] trumps the Limitation of Liability Act of 1851 (the "Limitation Act")[2]—under controlling law, and as set forth in the Stay Order, an OPA claimant is <u>not</u> required to file a claim in the Limitation Proceeding; 2) the proposed notice does not disclose that, by joining the Master Complaint, a claimant could be violating the Oil Pollution Act of 1990's ("OPA") 90-day presentment requirement; (3) the notice does not make clear that, if an individual chooses to file a claim, they are at the same time bringing claims against all Defendants in this litigation—such is unnecessary and premature; (4) the proposed notice does not disclose that the PSC may seek, and be awarded, attorneys' fees and expenses,

---

[1] 33 U.S.C. §§ *et seq.*
[2] 46 U.S.C. §§ *et seq*

which could be deducted from a claimant's recovery; 5) the proposed notice, and its practical effect, will serve to increase litigants in the litigation, for no legitimate reason, without giving the claims process a chance to work; 6) the proposed notice, and its practical effect, potentially interferes with the relationship between represented claimants and their attorneys; and 7) the proposed notice references a website, yet the website has no content. As such, there is no way to determine what information the PSC will be passing to both represented and unrepresented claimants.  For these reasons, the PSC's Ex Parte Motion for Court Approval of Proposed Notice should be denied.

At a minimum, alternatively, the proposed notice should be revised.  The revisions must include the following: 1) to disclose that it is not necessary to file a claim in the Transocean Limitation Proceeding in order to preserve any Oil Pollution Act claims, or any claims, except those against Transocean in the Limitation Proceeding; 2) to disclose that claimants may file a claim in the Transocean Limitation Proceeding to preserve their rights without filing claims against any of the other parties in this litigation (in other words, submitting the "short form joinder" is not a claimant's only choice); (3) to disclose that potential claimants may be violating the OPA's  90-day presentment period by filing the short form joinder, if they have not already presented their OPA claim ninety days beforehand; 4) the Court's seal and the "Court Authorized Notice" should be removed, as it appears that the PSC seeks to give legal advice, even though some of that advice appears to be incomplete; and 5) to disclose that, whether they have an attorney or not, if a claimant submits a claim in this MDL, that the PSC may seek and may be awarded fees and expenses out of a claimant's recovery.

I.       **The Oil Pollution Act Trumps the Limitation of Liability Act**

From the outset, it is important to note that U.S. District Judge Ellison, who previously presided over the Limitation Proceeding, authorized and approved notice he felt to be sufficient to protect and notify potential claimants in the Limitation Proceeding.  See Exhibit A.  In the Order, the notice "require[d] claimants subject to the Injunction, Stay and Restraining Order herein to file their respective claims with the Clerk of this Court. Exhibit A, p.3.  What the PSC seeks is additional notice, citing as support, misleading comments and information on the part of BP and the Gulf Coast Claims Facility.  This notice is not required.

The proposed notice sought by the PSC appears to simply be a mechanism to encourage additional plaintiffs to prematurely join this Multi District Litigation—there can be no legitimate reason for such at this stage, especially in light of the fact that it is still unclear whether the claims process will fairly and reasonably compensate claimants. Notwithstanding the reasons behind such an effort, there are glaring legal hurdles with the dissemination of such a notice. Most importantly, the OPA trumps the Limitation Act.  The Limitation Act is outdated and inapplicable to oil spills.  The purpose of the Limitation Act was to promote shipbuilding and investment in the American shipping industry and to promote international competition.  *See, e.g.*, *In the Matter of Metlife Capital*, 132 F.3d 818 (1st Cir. 1997).  But in 1989, the Exxon Valdez spill necessitated the creation of the OPA to govern liability of oil spills.  And it is the OPA that controls – it even provides limits of liability for responsible parties. *Id.* at 821.

Under the OPA, responsible parties[3] are strictly, and jointly and severally, liable for damages in connection with the discharge of oil.  OPA, 33 U.S.C. § 2701 *et seq.* Generally, the

****  "Responsible party" means the following:
(A) Vessels. In the case of a vessel, any person owning, operating, or demise chartering the vessel.

responsible party could be limited to removal costs plus $75 million unless gross negligence; willful misconduct; or violation of federal safety, construction, or operating regulations by a responsible party is found.  33 U.S.C. 2704 (b)(2) and (c)(1)(A) and (B).   However, BP PLC has expressly waived this $75 million OPA cap.   See Statement of BP Exploration & Production, Inc. Re Applicability of Limit of Liability Under Oil Pollution Act of 1990, Document 559 (October 18, 2010).  "BP already has paid claims many times over the OPA limit and will live up to its public commitment to pay all legitimate claims made in connection with the Deepwater Horizon incident and the resulting oil spill."  *Id.* at p. 1.[4]

Also, OPA expressly trumps prior laws or general maritime law that limits liability in a manner different from the OPA – including the Limitation Act.  It provides:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this chapter each responsible party for a vessel or a facility from which oil is discharged or which poses the substantial threat of a discharge of oil, . . .is liable for the removal costs and damages specified in subsection (b) that result from such incident.

---

(B) Onshore facilities.  In the case of an onshore facility (other than a pipeline), any person owning or operating the facility, except a Federal agency, State, municipality, commission, or political subdivision of a State, or any interstate body, that as the owner transfers possession and right to use the property to another person by lease, assignment, or permit.

(C) Offshore facilities.  In the case of an offshore facility (other than a pipeline or a deepwater port licensed under the Deepwater Port Act of 1974 (33 U.S.C. 1501 et seq.)), the lessee or permittee of the area in which the facility is located or the holder of a right of use and easement granted under applicable State law or the Outer Continental Shelf Lands Act (43 U.S.C. 1301-1356) for the area in which the facility is located (if the holder is a different person than the lessee or permittee), except a Federal agency, State, municipality, commission, or political subdivision of a State, or any interstate body, that as owner transfers possession and right to use the property to another person by lease, assignment, or permit.

(D) Deepwater ports. In the case of a deepwater port licensed under the Deepwater Port Act of 1974 (33 U.S.C. 1501-1524), the licensee.

(E) Pipelines. In the case of a pipeline, any person owning or operating the pipeline.

(F) Abandonment. In the case of an abandoned vessel, onshore facility, deepwater port, pipeline, or offshore facility, the persons who would have been responsible parties immediately prior to the abandonment of the vessel or facility.

See  33 U.S.C. § 2701 (32) (2004), as amended by PL 111-281, 2010 HR 3619 (October 15, 2010).
[4] In light of the fact that BP has waived the $75 million cap, why would any OPA claimant ever need to sue any other party?

33 U.S.C. § 2702 (a).

Further, many courts have expressly recognized that OPA effectively repealed the Limitation Act with respect to damages against responsible parties under the OPA.  *See, e.g.*, *In the Matter of Metlife Capital*, 132 F.3d 818 (1st Cir. 1997).  In fact, four other provisions in the statute were repealed. *See* 33 U.S.C. §§ 2702(d)(1)(A) (repealing the Limitation Act as to third parties solely responsible for a spill); 2718(a) (repealing the Limitation Act as to state and local statutory remedies); 2718(c)(1) (repealing the Limitation Act as to additional liability imposed by the United States, any state, or political subdivision); 2718(c)(2) (repealing the Limitation Act as to fines or penalties). *Id.* at 821.

In case there is any doubt, "'[W]here provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one....' " *See Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, (1976) (quoting *Posadas v. National City Bank,* 296 U.S. 497, 503, (1936) (noting standard for repeal by implication)).

Before the Limitation Action was transferred into this MDL proceeding, United States District Court Judge Keith Ellison recognized that the OPA trumped the Limitation Act.   Judge Ellison found that claims for damages under OPA would not be stayed simply because the Limitation Action had been filed– including the OPA claims made against Transocean. And he expressly stated that those claims not stayed, need <u>not</u> be filed in the Limitation Proceeding:

> This injunction does not apply to any claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*, except for claims against Petitioners by OPA responsible parties as defined in 33 U.S.C. § 2701(32). This injunction does not apply to any claims, including those of private parties, asserted against Petitioners within the scope of 33 U.S.C. § 2718(a), inclusive, except for claims against Petitioners by responsible parties as defined in 33 U.S.C. § 2701(32). This injunction does not apply to any claims asserted against Petitioners by the United States, Indian Tribes, or a State or political subdivision of a State under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* This injunction does not apply to any claims asserted against Petitioners by the United States

> under the Clean Water Act, 33 U.S.C. § 1251 *et seq*, the Park Systems Resource Protection Act, 16 U.S.C. § 19jj *et seq*, the National Marine Sanctuaries Act, 16 U.S.C. § 1431 *et seq*, the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq*, and the Comprehensive, Environmental, Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq*. This injunction does not apply to any claims by the United States or a State or political subdivision of a State for any fine, penalty or injunctive relief within the scope of 33 U.S.C. § 2718(c).

*See* Second Amended Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, And Restraining Prosecution of Claims, *In Re The Complaint and Petition of Triton Asset Leasing GMBH et al*, C.A. No. 4:10 -CV-1721, June 14, 2010, p. 4.

Generally, under the Limitation Act, once an owner/Petitioner files an action in limitation, all claims and proceedings related to the matter are stayed, and claims must be filed in the Limitation Proceeding.[5]  Because the Limitation Act does not apply to claims under the Oil Pollution Act, Judge Ellison expressly excluded them. If an OPA claimant's claims against the Petitioner in Limitation, who is also a Responsible Party, are not stayed, what possible reason would there be for a claimant to ever file a formal claim in the Limitation Proceeding? There is no reason, and telling claimants that they must do so is confusing and misleading—and is not in the claimant's best interests, at all.

The bottom line is that there is an Order in the Limitation Proceeding which makes clear that OPA claimants <u>need not</u> file a claim in the Limitation Proceeding.  For those who are also bringing claims under admiralty law, that is, that limited class of claimants who are not subject to

---

[5] **(a) In general.**--The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim.

\*\*\*

**(c) Cessation of other actions.**--When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease.

See 46 U.S.C 30511.

the prohibitions set forth in *Robins Dry Dock*,[6]  perhaps some modified and limited notice could be fashioned, if such were shown to be necessary. Thus far, there has been no such showing.

## II.      The Proposed Notice

The proposed notice strongly encourages (or more appropriately scares) potential claimants into submitting a claim in the Transocean Limitation Proceeding by April 20, 2011. But, the Notice does not adequately disclose that, in reality, one wishing to filing a claim in the Transocean Limitation Proceeding is actually doing <u>much, more</u> than that, under the current system. Nor, does the notice explain the ramifications of doing that.

Also, the notice does not make clear that, by filling out the short form, a claimant is possibly subjecting himself to an argument that the claimant did not follow OPA's presentment requirement.  Of course, whether a particular claimant has properly presented their OPA claim timely, before filing suit, will be determined on a case by case basis.  As this notice is designed for the general public, it should advise of this risk.

Perhaps a workable solution would be to create a mechanism in which one wishing to assert a claim in the Transocean Limitation Proceeding can submit a specifically drafted short form joinder to do <u>only</u> that. (Of course, such individual or entity should be informed that such a claim is not necessary if they only intend to bring claims against responsible parties under the OPA.)  The proposed notice mentions this possibility, but for whatever reason, a short form joinder into the Limitation Action only has not been established. If the PSC wishes to streamline the process, and is looking out for the interests of all claimants, whether they be represented or not, presumably, the PSC would enthusiastically take this step.

---

[6] 275 U.S. 303 (1927).  *Robins Dry Dock & Repair v. Flint* (1927), as this Court knows, is the seminal Supreme Court decision that stands for the proposition that  recovery of damages for pure economic damages under Admiralty Law is essentially limited to fishermen and oystermen, and those whose property was actually damaged by oil.

### A.  The PSC's Proposal Essentially Waives the Presentment Requirement under the OPA

A claim for damages under the OPA must first be presented to a responsible party.  33 U.S.C. § 2713(a).  Under the OPA, the term "claim" means "a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident" – in this case, the oil spill.  33 U.S.C. § 2701(3).  If the party for whom presentment is made denies all liability for the claim, or if the claim is not settled by payment within ninety days after which the claim is presented, the claimant may initiate court proceedings or present the claim to the Oil Spill Liability Trust Fund.  33 U.S.C. §2713 (c).  Further, such claims for recovery of damages must be presented within three years of the spill.  33 U.S.C. § 2712(h)(2).  The proposed notice would undoubtedly reach claimants that have not presented a claim to the responsible party under the OPA and require them to initiate a lawsuit in the Limitations Action as well as the OPA – a clear violation of the OPA.  The Gulf Coast Claims Facility is designed for presentment of claims and will accept claims for final payment until its closure on August 22, 2013.

For these reasons, tying the two actions into one short-form joinder claim is simply not correct.  At a minimum, for those that must file claims in the Limitation Proceeding (again, those not pursuing claims under the OPA only) the notice and the short form joinder claim form should only be applicable to the Limitations Action and not require automatic joinder into the Master Complaint.

### B.  The Notice Fails to Disclose the PSC's Financial Interest

The PSC's actions do not ameliorate any confusion, but instead perpetuate confusion.   In fact, the PSC seeks court approval for a proposed notice, which cites a website for assistance in filing a claim form, WWW.OilSpillCourtCase.Com.  The website is currently without content and under construction. Who will control the dissemination of information on this website?

What is the court approving and sanctioning by approval of this notice directing potential claimants to an empty website?  Who will insure that the information is not misleading or further confusing to potential claimants, some of which are represented?  Further, the notice fails to disclose the PSC's financial interest in that it will no doubt seek attorney's fees and expenses from the recovery of any plaintiff who submits the short form joinder. At the end of the day, it is commonly known that Transocean's twenty-six million dollar Limitation Fund cannot even begin to compensate those that suffered personal injury from the explosion – much less the compensation of the billions of dollars in lost business opportunity claims if the Court found it to be applicable.  To require this notice is misleading, and the required automatic intervention in the underlying OPA action is wrong.  The only benefit from such notice is to the PSC, to the exclusion of other attorneys, and in contravention of private attorneys' contracts with their clients.

III.     Alternatively, the Proposed Notice Must be Revised

For the reasons stated above, this proposed notice should NOT be released because it is unnecessary, confusing and misleading. However, at a bare minimum, the following changes should be made.

A.  Claimants are Not Required to Join Limitation Action to Pursue OPA Claims

The notice must affirmatively state that potential claimants are not required to join the limitation action in order to preserve their OPA claims.  Judge Ellison affirmatively made this ruling on June 14, 2010, when he specifically recognized that OPA claims were not affected by the limitation action.  See Exhibit A.  The proposed notice misstates this ruling.

**B. Short Form Joinder Form is Not the Only Way to Make a Claim in the Limitation Action and Should Not be Used if Claimants Have Not Met the Ninety Day Presentment Period**

The notice must affirmatively state that the short form joinder is not the only method in which to join the limitations action and that direct filing can also be made into the action. Further, the notice must state that the Short Form Joinder Form should NOT be used if the potential claimant has not given the responsible parties – including both Transocean and BP – the required ninety day presentment requirement.  Claimants are required to present a claim to the responsible party prior to filing suit. The proposed notice does not inform the potential claimants of this requirement.

**C.   Court References on the Notice Should Be Removed**

The first line of the proposed notice states that it is a Court Authorized Notice and includes the Court's seal.  The notice is in essence legal advice, albeit incomplete. As such, any reference that the notice is authorized, or use of the Court's seal, is improper and must be removed.

**D.  Only the Court's Website Should Be Referenced**

The proposed Notice purports to direct claimants to two websites. As stated, one of these websites has no content. Without content, it is impossible to object to what the PSC ultimately intends to put on the website. For this reason, the only website that should be referenced is that of this Honorable Court, or the content of a dedicated website should be subject to vetting by all interested attorneys.[7]

---

[7] It should also be noted that it is unclear how and by what method the PSC intends to issue the proposed notice. This, again, raises severe concerns for those attorneys who have been diligently pursuing this case. Direct mail to represented clients of other attorneys will lead to lawsuits and claims of tortuous interference with private contracts.

### E. The Notice Should Advise Claimants that the PSC Reserves a Right to Take a Fee

In order to avoid further confusion and give rise to the fee storm that arose from BP's paying Feinberg and Feinberg insisting that a lawyer was not required, a fee disclosure should be made.  As a matter of full disclosure, potential claimants should understand that by completing the Short Form Joinder claim form, that the PSC will seek attorney's fee and expenses in both the limitations action and the master action.  At a very minimum, potential claimants should be advised of the monies they would be forfeiting by completing the Short Form Joinder form.

### CONCLUSION

The Buzbee Law Firm wholeheartedly supports any effort by the PSC to punish BP and any other liable party for its conduct. And, the Buzbee Law Firm supports all PSC efforts to eliminate confusion, and stop the dissemination of misleading information to claimants, both represented and unrepresented by counsel. But, the PSC should not, under any circumstances contribute to the confusion. Many, many claimants wish to make use of the GCCF claims process. Most of these claimants have no claims under admiralty law, and only have claims under the OPA. These claimants will never have to file a claim in the limitation, but at some point down the road may become parties in the litigation against BP and Transocean. More importantly, many claimants are vehemently opposed to litigation at this time, before the GCCF claims process plays out.  Simply put, the GCCF claims process must be given a chance to work, and the professional relationships between represented clients and their attorneys should be respected. Thus, the Buzbee Law Firm does not necessarily disagree with the PSC's stated intention of eliminating confusion, but strongly disagrees with its method—which in the end creates even more confusion to the general public and would necessarily result in more people entering the litigation process. For these reasons, the Buzbee Law Firm respectfully requests that

this Court DENY the PSC's Ex Parte Motion for Court Approval of Proposed Notice. Alternatively, the Buzbee Law Firm, requests that the proposed notice be revised as set out herein.

Respectfully submitted,

### THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*_____
Anthony G. Buzbee
State Bar No. 24001820
Caroline E. Adams
State Bar No. 24011198
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: 713-223-5393
Fax: 713-223-5909
www.txattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing THE BUZBEE LAW FIRM'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR COURT APPROVAL OF PROPOSED NOTICE, AND REQUEST FOR ORAL ARGUMENT has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of February, 2011.

Respectfully submitted,

### THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Caroline E. Adams
State Bar No. 24011198
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone: 713-223-5393
Fax: 713-223-5909
www.txattorneys.com

## CITATIONS OF AUTHORITIES

**Cases**

*In the Matter of Metlife Capital*, 132 F.3d 818 (1ˢᵗ Cir. 1997) ................................... 3, 5

*Posadas v. National City Bank,* 296 U.S. 497, 503, (1936) ........................................... 5

*Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, (1976) .................................... 5

**Statutes**

Oil Pollution Act ("OPA")

33 U.S.C. § 2701 *et seq.* ................................................................................................. 3

33 U.S.C. § 2701(3) ........................................................................................................ 8

33 U.S.C. § 2702 (a). ...................................................................................................... 5

33 U.S.C. § 2712(h)(2). .................................................................................................. 8

33 U.S.C. § 2713(a). ....................................................................................................... 8

33 U.S.C. §§ 2702(d)(1)(A) ........................................................................................... 5

33 U.S.C. §§ *et seq.* ....................................................................................................... 1

33 U.S.C. §2713 (c). ....................................................................................................... 8

33 U.S.C. 2704 (b)(2) and (c)(1)(A) and (B) ................................................................. 4

*33*U.S.C. § 2718(c). ...................................................................................................... 6

Limitation of Liability Act of 1851 ("Limitation Act")

46 U.S.C. §§ *et seq.* ...................................................................................................... 1