# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

PRETRIAL ORDER NO. 16

[Regarding Production of Documents and Electronic Data]

WHEREAS, representatives of the Plaintiffs' Steering Committee ("PSC") and Defendants' Steering Committee ("DSC"), have met and conferred on the procedures and format relating to the production of documents and things, and having agreed on a format for all such productions, it is SO ORDERED:

1. **General Format of Production**. The parties agree to produce documents either (i) as electronic images with associated text files, metadata, and objective coding or (ii) in native format, as further described herein. Production to Plaintiffs' Liaison Counsel shall be deemed sufficient to constitute production to all Plaintiffs.

2. **ESI Production**. The parties agree to produce Electronically Stored Information ("ESI") with the exception of inaccessible storage media as described below. ESI will be searched on a custodian and/or search term basis, as described in Paragraph 13. With respect to production of ESI, the parties agree upon the following:

a. E-mail will be produced as image files with related searchable text, metadata (to the extent it exists) and bibliographic information, as described in Metadata & Family Record Specifications, US DOJ, Antitrust Division ("DOJ Specifications"), which is attached and incorporated as Ex. 1.

b. Other electronic documents including word-processing documents, spreadsheets, presentations and all other electronic documents not specifically discussed elsewhere will be produced as image files with related searchable text, metadata (to the extent it exists) and bibliographic information as described in the DOJ Specifications except for:

1. Excel files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information. Where a party redacts a portion of an Excel spreadsheet, the parties will meet and confer regarding production of the document in Tagged Image File Format;

2. PowerPoint files will be produced in native format with related searchable text, metadata (to the extent it exists) and bibliographic information. Where a party redacts a portion of a PowerPoint spreadsheet, the parties will meet and confer regarding production of the document in Tagged Image File Format;

3. The parties will discuss any specialized databases that are responsive to the parties' requests and reach agreement on production before any such production; and

      4.      The parties will discuss reasonable requests for production in native format on a document-by-document or category-by-category basis.

      5.      The parties shall meet and confer on a production protocol for native files.

      3.      **Hard Copy (or Paper) Documents**. The parties agree to produce hard-copy documents as image files with related OCR text to the extent such documents are converted into electronic format. At this time each party contemplates converting all hard-copy documents into electronic images for production purposes and agrees to address any exceptions with the other parties. The parties shall meet and confer to discuss documents that present imaging or formatting problems. To the extent exceptions to the foregoing are required, the parties will meet and confer to discuss alternative production requirements, concerns, or formats.

      4.      **Form and Manner of Production**. All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents with the exception of source code, dynamic web pages, and web content, shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document. The parties shall produce a "load file" that is compatible with a commercially available document management software, such as Concordance, to accompany the images, which load file shall include information about where each document

begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

5. **Document Unitization**. To the extent possible and on a going-forward basis, the parties will endeavor to apply unitization practices consistent with the following description. Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information shall be produced in the load file, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the receiving party in commercially available document management software, such as Concordance.

6. **Color**. Picture files (e.g., .jpg, .jpeg, .gif, .bmp), video files (e.g., .wma, .mov, .mpg, .wmv, .avi, .asf), and computer animation files (e.g., .avi, .gif, .mpg, .gif, .mpg, .mpeg, .wmv), shall be produced in color. Where an original document contains color, the parties will

honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

7. **Duplicates**. Where a single document has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text), the parties need only produce a single copy of that document. In such cases, the parties will provide metadata for that document which identifies every custodian from whom that document was collected as of the date of production. If a duplicate document exists that is part of a document family, the duplicate will only be removed, pursuant to the terms of this paragraph, if the entire family is removed as a duplicate, i.e. a single document will not be removed from a family even if it is a duplicate.

8. **Bates Numbering**. The parties agree to produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable) redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document. With respect to the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

9. **File Naming Conventions**. Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF". In the event the Bates

Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

10.     **Production Media**. The parties agree to produce documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" and identify on the Production Media who the producing party is (e.g., for Transocean, "TRS001"; "TRS002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002"). For example, if the first production wave by a Defendant comprises document images on three hard drives, they shall label each hard drive in the following manner in numeric sequence: (e.g., for Transocean, "TRS001-001"; "TRS001-002"; "TRS001-003.")) Additional information that shall be identified on the physical Production Media shall include: (1) the case number of the case in which it is produced, (2) the producing party's name, and (3) the production date. The type of materials on the media (e.g., "Documents", "OCR Text", "Objective Coding", etc.) and the Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.

11.     **Meta-Data and Objective Coding**. The parties will produce associated metadata and objective coding consistent with the DOJ guidelines included by way of example as Ex. 1. For each production of hard-copy documents, if the producing party elects to do objective coding for author, date, type of document and/or title of document, from, to, bcc, subject and/or custodian (the "Objective Coding"), the producing party shall produce an ASCII text file, appropriately delimited, setting forth that Objective Coding. Objective Coding shall have no evidentiary value. A party's production of Objective Coding shall not constitute any certification

as to the reliability, accuracy or completeness of the coding, and shall not constitute any waiver of work product protection or the attorney-client privilege with respect to that coding. Any Objective Coding that a party volunteers to create for a production will be provided to other parties within three business days of when that Objective Coding is completed for that production, which may be after the production is made. If a party decides to do Objective Coding of documents included in a production, it will notify the other parties within five days of the decision to do Objective Coding of that production. Each party shall bear its own cost of coding. The parties object to and will not produce any coding directed or conducted by counsel in these matters ("Subjective Coding").

12. **OCR/Extracted Text**. The parties will produce corresponding Optical Character Recognition ("OCR") text files for all hard-copy documents and any electronic documents that require redaction prior to production. For documents that exist natively in electronic format that have not been redacted and that are produced as images, the parties shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. The OCR and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 10. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR and extracted text files shall be produced in a manner suitable for importing the information into commercially available document management or litigation support software such as Concordance.

13. **Use of Search Terms**. Defendants shall make a good faith effort to respond to the outstanding requests for production of documents served on October 15, 2010. Within twenty-one days of Defendants' response, Plaintiffs shall provide Defendants with an initial

listing of search terms and Defendants shall have the opportunity to propose modifications to those search terms. Either party may also propose custodians and date limitations for searches. Within ninety days of when the parties agree on an initial set of search terms, the parties shall conduct a further meet and confer to determine whether modifications should be made to those search terms. The parties will produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges.

    a.    Each party shall be provided with an opportunity to propose additions or amendments to the search procedures and terms;

    b.    The parties acknowledge that the agreement to the use of such search procedures and terms shall not be construed as a waiver of any party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials. The parties reserve their right to object to any additional requests or subsequent searches;

    c.    The parties will produce ESI on a rolling basis so as to provide each other with documents as expediently as possible; and

    d.    Documents identified by search terms may be reviewed for privilege, confidentiality, redactions and relevance or responsiveness prior to production.

14.    **Original Documents**. The parties will retain the original hard-copy and ESI documents. Subject to preservation of appropriate privileges and other protections, the parties will consider reasonable requests, after any necessary meet and confer, to produce the original

copy and ESI documents of specific documents or groups of documents, or where a document existed originally in only hard copy format, make originals of any produced document available for inspection by the requesting party in the form in which such documents are kept in the ordinary course of business.

15. **Translation of Produced Materials**. For any foreign-language documents responsive to document requests that a party translated or translates into English language for its own purposes, except to the extent such translation is protected by attorney-client or work product privileges, the producing party shall produce the translation of the original document with the original.

16. **Inaccessible Storage Media**. The parties have taken reasonable steps to collect potentially relevant ESI stored on servers, work stations, and readily accessible drives. The parties shall discuss sources of potentially relevant information deemed "not reasonably accessible." Where a party seeks production of information from media sources designated by another party as "not reasonably accessible," the parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

17. **Privileged Information**. Information produced pursuant to this Order that is subject to a claim of privilege shall be treated in a manner consistent with PTO No. 14.

18. **Costs of Production**. Each party shall bear its own costs of production.


ORDERED AND ADJUDGED this __8th__ day of November, 2010.

                              THE HONORABLE CARL J. BARBIER
                              UNITED STATES DISTRICT JUDGE

# U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION

# METADATA & FAMILY RECORD SPECIFICATIONS

**Default Summation Load File Layout (.txt)** [Note: Field Name has an 8-character limit]

| Field Name | Field Description | Field Type | Hard Copy | E-mail | Spreadsheets | Presentations | Other Elec. Docs |
|---|---|---|---|---|---|---|---|
| COMPANY | Company submitting data | Note Text | x | x | x | x | x |
| BOX# | Submission / volume / box number | Note Text | x | x | x | x | x |
| CUSTDIAN | Custodian(s) / source(s) -- format: Last, First or ABC Dept | Multi-Entry | x | x | x | x | x |
| BEGDOC# | Start Bates (including prefix) -- no spaces | Note Text | x | x | x | x | x |
| ENDDOC# | End Bates (including prefix) -- no spaces | Note Text | x | x | x | x | x |
| DOCID | Populate with exact same value as start Bates [DOCID = BEGDOC#] | Note Text | x | x | x | x | x |
| PGCOUNT | Page count | Integer | x | x | x | x | x |
| PARENTID | Parent's start Bates, including prefix (ONLY in CHILD records) | Note Text | x | x | x | x | x |
| ATTCHIDs | Child document list: start Bates of each child (ONLY in PARENT records) | Multi-Entry | x | x | x | x | x |
| FAMLYRNG | Family's start and end Bates (including prefix) (i.e. ABC-001 - ABC-020) | Note Text | x | x | x | x | x |
| PRPRTIES | Record type: File, E-mail, Attachment, or Hard Copy Privilege notations: Redacted, Document Withheld Based On Privilege | Multi-Entry | x | | | | x |
| FROM | Author -- format: Last, First | Note Text | | x | x | x | x |
| TO | Recipient -- format: Last, First | Multi-Entry | | x | x | x | x |
| CC | CC field -- format: Last, First | Multi-Entry | | x | x | x | x |
| BCC | BCC field -- format: Last, First | Multi-Entry | | x | x | x | x |
| SUBJECT | Subject / document title | Note Text | | x | x | x | x |
| DOCDATE | Document date / date sent -- format: MM/DD/YYYY | Date Keyed | | x | | | |
| TIMESENT | Time e-mail was sent | Time | | x | | | |
| DATECRTD | Date created | Date | | | x | x | x |
| DATESVD | Date modified | Date | | | x | x | x |
| DATERCVD | Date accessed / received | Date | | x | x | x | x |
| FILESIZE | File size | Note Text | | | x | x | x |
| ATTITLE | File name - name of file as it appeared in its original location | Note Text | | | x | x | x |
| APPLICAT | Application used to create native file (e.g., Excel, Outlook, Word) | Note Text | | | x | x | x |
| FILEPATH | Data's original source full folder file path | Note Text | | x | x | x | x |
| DOCLINK | Current file path location to the native file (on the delivery medium) | Note Text | | | x | x | x |
| FOLDERID | E-mail folder path (sample: InboxActive) or Hard Copy folder information | Note Text | x | x | | | |
| PARAGRPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | x | x | | | |
| HASH | Hash value (used for deduplication or other processing) | Note Text | | x | x | x | x |
| SRCHTRMS | List of search terms used to identify record as responsive (if used) | Multi-Entry | | x | x | x | x |

**Parent IDs, Attachment IDs, and Family Range Details:**

**General Notes:**
- Confirm Family Range definition for attached files
- Confirm Field Names and Field Types
- Remember that each member of the Family has its own record

**Family Range Definition:**
- All related records will have a FAMLYRNG field entry when the file or email has a parent or children
- FAMLYRNG will start with the first page of the top-most parent and continue through the last child's last page

**Example:**

| Description: | E-mail | Attachment to E-mail | Attachment to E-mail |
|---|---|---|---|
| | *Doc No. 1* | *Doc No. 2* | *Doc No. 3* |
| BEGDOC# | ABC-001 | ABC-011 | ABC-016 |
| ENDDOC# | ABC-010 | ABC-015 | ABC-020 |
| PARENTID | [empty] | ABC-001 | ABC-001 |
| ATTCHIDS | ABC-011;ABC-016 | [empty] | [empty] |
| FAMLYRNG | ABC-001 - ABC-020 | ABC-001 - ABC-020 | ABC-001 - ABC-020 |

Exhibit 1