# EXHIBIT C

| | | |
|---|---|---|
| Mark Nomellini/Chicago/Kirkland-Ellis<br>02/14/2011 12:00 PM | To | "Grand, Jeff" <jgrand@seegerweiss.com> |
| | cc | "'airpino@irpinolaw.com'" <airpino@irpinolaw.com>,<br>"'BillL@wrightroy.com'" <BillL@wrightroy.com>,<br>"'bkavanaugh@kirkland.com'" <bkavanaugh@kirkland.com>,<br>"'mosgood@kirkland.com'" <mosgood@kirkland.com> |
| | Subject | Re: Search Criteria |

Jeff,

Thanks. We respectfully disagree with any suggestion that BP does anything "at its own risk" in regard to dates, custodians, or productions. The process should be a cooperative one where everyone has an opportunity to make specific proposals to achieve the "agreed search terms, custodians, and date ranges" contemplated by the Court. We have described our proposed approach to you in detail; we are available to discuss with you at any time.

Regards,

Mark



| | | |
|---|---|---|
| "Grand, Jeff"<br><jgrand@seegerweiss.com><br>02/11/2011 05:21 PM | To | "'mnomellini@kirkland.com'" <mnomellini@kirkland.com>,<br>"'BillL@wrightroy.com'" <BillL@wrightroy.com> |
| | cc | "'airpino@irpinolaw.com'" <airpino@irpinolaw.com>,<br>"'bkavanaugh@kirkland.com'" <bkavanaugh@kirkland.com>,<br>"'mosgood@kirkland.com'" <mosgood@kirkland.com> |
| | Subject | Re: Search Criteria |

Thanks, Mark. As Bill noted, we agree the Court needs to resolve those areas where we have been unable to reach agreement. I note for the record that you mischaracterized my statement. During the call I stated that to the extent BP refused to produce documents dated after July 2010, it did so at its own risk, as we are confident that the court will find that the materials at issue dated post July 2010 are highly relevant. We appreciate you extending that date to November, although as you know, we still feel your date cut-off is inadequate. Plaintiffs have never refused to confer on any issue and are happy to bring these issues to the Court on Friday.
Have a nice weekend,

Jeff

**From:** Mark Nomellini <mnomellini@kirkland.com>
**To:** Bill Large <BillL@wrightroy.com>
**Cc:** 'Anthony Irpino' <airpino@irpinolaw.com>; Grand, Jeff; Brian Kavanaugh <bkavanaugh@kirkland.com>; Micah Osgood <mosgood@kirkland.com>
**Sent:** Fri Feb 11 18:00:34 2011
**Subject:** Search Criteria

Bill,

    I write regarding Pre-Trial Order 16, pursuant to which the parties are to "produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges." To that end, we have had multiple productive discussions regarding search terms, custodians and date ranges on at least seven meet-and-confer calls: on January 18, January 31, February 2, February 4, February 7, February 9, and February 10.

    As we have explained before, BP has not limited its production to documents responsive to search criteria. This is in accordance with Pre-Trial Order 16, which contemplates non-search-criteria productions in certain circumstances. Magistrate Judge Shushan, however, ordered the parties to "produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges." Thus, Pre-Trial Order 16 also contemplates that the parties reach an agreement on search terms, custodians, and date ranges for ESI. Despite this, the PSC has taken the position that it may not agree to limit the custodians for searches. Also, the PSC has not specified a precise beginning date range for specific requests, and has not yet reconvened the meet-and-confer on the topic of BP's discovery response objections (including its date limit objections), which was originally scheduled for December 27.

    In light of these circumstances, and in light of the fact that we must now perform searches for the upcoming March depositions, we set forth below and in Attachment A the "search terms, custodians, and date ranges" that we will use under PTO 16 for purposes of the upcoming productions including the March 2011 depositions. The search terms, at the very least, are agreed to between the parties. These search terms, custodians, and dates ranges are subject to change (for depositions beyond March 2011) for the following reasons:

(1)    BP understands that the PSC is in the process of proposing additional custodians, and will provide those to us shortly. From the beginning of this process, BP has welcomed the PSC's proposals regarding additional custodians, and has repeatedly stated since January 31: "PSC to propose additional custodians in accordance with PTO 16." BP understands that it is the PSC's position that it is still obtaining information about relevant custodians; BP respectfully notes, however, that the PSC has had documents from the files of numerous BP custodians for months.

(2)    BP understands that that PSC may also propose changes to date ranges, depending on facts learned in the course of discovery, consistent with PTO 16.

(3)    Consistent with (1) and (2), BP understands that, under PTO 16, "the use of such search procedures and terms shall not be construed as a waiver of any party's right to request subsequent

searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials. The parties reserve their right to object to any additional requests or subsequent searches."

**Custodians**

BP plans to run the search terms on the active user-generated ESI stored on the BP personal computers of the custodians identified in Attachment A. These custodians generally were identified in my email to you on January 18, and our further proposal to you on January 31, 2011. Information about most of these custodians' job titles is contained in my January 18, 2011 letter. Additionally, pursuant to your requests, we have supplied information regarding these custodians' roles (as related to specific requests) on our February 7 call. BP also plans to runs the search terms on certain shared inboxes relating to the Marianas and Deepwater Horizon for which BP personnel had access. Finally, BP has produced thousands of pages of documents that do not come from these custodians.

**Date Ranges**

We have adopted your suggestion to move back the end-date for post-incident requests that do not relate to the capping of the well. We will move that date back to November 8, 2010, consistent with our document request responses. As discussed, if the PSC wishes to discuss that date further, we await your suggested times to reconvene the meet-and-confer regarding our document request responses, which was originally scheduled for December 27.

For most of the incident-related requests, BP will use a date range of January 1, 2009 through April 20, 2010, as indicated in the attached spreadsheet. For most of the requests relating to the successful capping of the well, BP will use a date range of April 21, 2010 through September 19, 2010. For other response-related requests, BP will use a date range of April 21, 2010 through November 8, 2010, as discussed above. Some other specific requests have a more specific time frame, as set forth in Attachment A.

As discussed, BP reserves the right to review documents for privilege and responsiveness, even if they hit on the search terms.

To the extent that the PSC has any concerns about BP using these search terms, dates, or custodians, we continue to welcome plaintiffs' specific proposals. Please send any further proposals by February 16, to be applied to any future productions beyond the March depositions. However, as discussed, BP must use the attached initial search terms and dates for the custodial productions associated with the March depositions, in order to timely produce documents for those depositions.

To the extent plaintiffs have any further issues with the attached search terms, dates, or custodians--beyond what plaintiffs may propose by February 16 in the way of *specific* changes--BP respectfully suggests that now is the time for the PSC to raise those issues with Magistrate Judge Shushan. For example, BP respectfully submits now is the time for the PSC to

raise with Magistrate Judge Shushan any of the following potential disagreements: (1) any disagreement about whether the PSC is required to agree to a reasonable limit on custodians (notwithstanding PTO 16); (2) any disagreement about whether BP has not adopted certain of the PSC's proposed changes to search terms, custodians, or dates ranges; and (3) any disagreement about whether BP's methodology as set forth herein is adequate and/or will require witnesses to be re-deposed. Contrary to Mr. Grand's statement on our call, BP does not agree to proceed "at its own risk." To the extent any disagreements exist, they are best resolved sooner, rather than later after witnesses are deposed and the parties are preparing for trial.

     Have a good weekend.

Regards,

Mark

```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************
```