UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig         "Deepwater Horizon" in the Gulf         of Mexico, on April 20, 2010 | *  *  *  * | MDL No. 2179  SECTION:  J |
| Applies to: *Pleading Bundle C.* | * * | JUDGE BARBIER |
| Applies to:  No. 10-2771 | * * | MAGISTRATE SHUSHAN |

**********************************************

**STATEMENT OF INTEREST BY PLAQUEMINES PARISH, STATE OF LOUISIANA RELATING TO *EX PARTE* MOTION FOR LEAVE TO FILE LOCAL GOVERNMENT ENTITY MASTER COMPLAINT BY PLAINTIFFS' STEERING COMMITTEE**

**NOW INTO COURT,** through undersigned counsel, comes Plaquemines Parish, a political subdivision of the State of Louisiana ("Plaquemines Parish") and submits this Statement of Interest Regarding the *Ex Parte* Motion to File Voluntary Local Government Entity Master Complaint ("Master Complaint") (Doc. 1093) filed by Plaintiffs' Steering Committee ("PSC").

While Plaquemines Parish has not yet filed a civil action or actions arising from the Deepwater Horizon oil spill ("Spill"), it has suffered the severest impact of any parish or county[1]

---

[1] In addition to suffering substantial economic damages as a result of the Spill, Plaquemines Parish has incurred massive environmental damages. The Plaquemines Parish Government is the governing body for three (3) levee districts which own well over 100,000 acres of marshland – most of which has been adversely impacted by oil from the spill and which are also the subject of current mineral, surface and seismic leases that produce income but are subject to termination due to land loss.

{N0439420 -}

as a result of the Spill and has substantial claims arising from the Spill.[2]  In order to clearly and fully protect its rights and claims arising from the Spill, Plaquemines Parish submits this Statement of Interest in response to the PSC's seeking leave of this Court to file a Master Complaint on behalf of Plaquemines Parish and other political subdivisions of Louisiana or other states impacted by the Spill.

While Plaquemines Parish has significant concerns and doubts as to the legal authority and standing of the PSC to seek leave to file or pursue the claims asserted in the Master Complaint on behalf of any political subdivision without its prior agreement, Plaquemines Parish wants to emphatically state and fully preserve its absolute and unilateral right to control all of its claims arising from the Spill and, should it choose to do so, to negotiate a resolution of its claims completely independent of the PSC and free of any common benefit fee assessment from any recovery it receives through settlement or judgment.  Plaquemines Parish further submits that the filing of a Master Complaint (if permitted by the Court) may in no way affect its procedural or substantive rights arising from the Spill.  Plaquemines Parish wishes to make it crystal clear that it does not choose to participate in any mass joinder action or potential class action that is sought to be created by the PSC's Master Complaint.

Plaquemines Parish adopts the arguments previously made to this Court by the State Interests and Federal Government regarding the sovereignty issues implicated by private party's counsel acting as lead or liaison counsel for governmental interests.  As such, should Plaquemines Parish become a party to Spill-related litigation which is consolidated for limited pre-trial purposes within this MDL at a later date, it reserves all of its rights to fully protect its sovereign interest, including, but not limited to:  (1) the right to continue to explore, develop and

---

[2] The Plaquemines Parish School Board, a separate political subdivision of the State of Louisiana, filed a claim in state court relating to damages from this spill styled *State of Louisiana ex rel. Plaquemines Parish School Board v. BP, PLC, et al*.

pursue all settlement options pertaining to any claim it may have arising from the Spill; (2) the right to raise objections, seek confirmation of or obtain clarification regarding any existing or future Orders issued in the MDL if and when it may file its own claim arising from the Spill; and (3) the right to challenge any effort by the PSC to obtain a "common benefit" assessment against any of its recoveries that may be obtained through settlement or litigation.

Finally, Plaquemines Parish respectfully directs the Court's attention to the fact that PTO 11, cited by the PSC in their Motion for Leave for authority to file the Master Complaint, requested that counsel for governmental interests and the PSC confer to discuss the desirability of a Master Complaint on behalf of governmental entities and to report to the Court by November 30, 2010.[3] Upon information and belief, it was reported to the Court that such a Master Complaint was not desired. Plaquemines Parish notes that it has not been contacted by the PSC regarding the filing of a Master Complaint purported on behalf of local governments, nor does the PSC's Motion for Leave provide that any such conference was held with local governments regarding the desirability of a Master Complaint. Rather, the PSC declares:

> [I]t has been suggested to Plaintiffs' Liaison that several local government entities may now be interested in a voluntary Master Complaint . . .[4]

Plaquemines Parish does not believe that actions undertaken by the PSC in preparing and now seeking to file a Master Complaint comports with PTO 11 and that the PSC's Motion for Leave is, at best, premature and should not be permitted until such time that the desirability of filing a Master Complaint has been established by the PSC to the satisfaction of the Court and

---

[3] Doc. No. 569, Section III (C).
[4] Doc. No. 1093.

{N0439420 -}

3

appropriate order(s) entered to fully protect those local governmental entities who wish to pursue their claims completely independently of the PSC.[5]

For all of the foregoing reasons, Plaquemines Parish objects to the filing of a Master Complaint by the PSC.

> Respectfully submitted,
>
> PLAQUEMINES PARISH GOVERNMENT
> Stephen C. Braud (#3412)
> Parish Attorney
> Michael L. Mullin (#9819)
> Assistant Parish Attorney
> 8056 Hwy 23, Suite 300
> Belle Chase, Louisiana 70037
> Telephone: (504) 297-5311
> Facsimile: (504) 297-5697
>
> And
>
>   /s Michael Vincenzo
> HENRY A. KING, TA (#7393)
> MICHAEL L. VINCENZO (#23965)
> ERIC E. JARRELL  (#16982)
> KING, KREBS & JURGENS, P.L.L.C.
> 201 St. Charles Avenue, 45th Floor
> New Orleans, Louisiana 70170
> Telephone: (504) 582-3800
> Fax: (504) 582-1233
> E-mail:  hking@kingkrebs.com
>
> Of Counsel,
> Plaquemines Parish Government

---

[5] Plaquemines Parish understands and accepts the authority of this Court to allow the PSC to control pre-trial discovery issues to ensure the just, speedy or efficient adjudication of the Spill litigation. Plaquemines Parish will fully cooperate with the PSC and the state and federal liaison counsel if and when it becomes appropriate to do so.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel by electronically uploading same on Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM / ECF System this 18th day of February, 2011.

/s Michael Vincenzo_____