# Exhibit F

## Feb. 14, 2011 Letter from John D. Harrison to AG Luther Strange




# STATE OF ALABAMA
## STATE BANKING DEPARTMENT

February 14, 2011

**Robert Bentley**
Governor

**John D. Harrison**
Superintendent of Banks

The Honorable Luther Strange
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama 36130

Dear Attorney General Strange:

This is in response to your request that I provide you with information concerning the impact that the Deepwater Horizon Oil Spill has had on Alabama banks and the treatment our banks have received from the Gulf Coast Claims Facility ("GCCF").

### Oil Spill Impact on Banks

Banks along the Gulf Coast have been significantly affected by the oil spill. The following provides a brief overview of just two examples.

Over the years, our banks have provided significant credit to businesses and individuals located along the Gulf Coast, helping fuel the economic growth that has occurred in the region. At the time the oil spill occurred, these banks had a significant amount of loans outstanding to businesses and individuals in the coastal community. These businesses and individuals heavily depend on tourism for income. As you know, the oil spill had a devastating effect on the tourism industry and these businesses and individuals have suffered significant losses. As a result, many have defaulted on their loans because they are unable to make their loan payments. This has caused banks to suffer significant loan losses.

Another example of losses that banks have experienced due to the oil spill relates to the sale of foreclosed real estate. When a loan secured by real estate goes into default, a bank will foreclose on the real estate and take title to the property. Banks are not in the business of holding foreclosed real estate. It is a non-earning asset and, therefore, banks seek to dispose of it as quickly as possible. This is very different from a company that is in the business of buying and developing, or buying and selling real estate, as it anticipates holding property until an adequate sales price can be obtained. The oil spill caused property values along the Gulf Coast to decline precipitously. Banks have had to sell foreclosed real estate at much lower prices than before the oil spill.

### GCCF CLAIMS PROCESS

As Superintendent of the Alabama State Banking Department, I am greatly concerned about the claims process to date as it relates to Alabama banks. Clearly, our banks

The Honorable Luther Strange
February 14, 2011
Page 2

have been harmed by the oil spill. However, I am not aware of a single bank in Alabama whose claim has been approved by the GCCF. It is my understanding that Mr. Feinberg has been using a very narrow test for determining causation. Bank claims are being summarily denied because banks are viewed as being too far removed from the beach. I am aware of several instances in which the oil spill clearly resulted in a loss to a bank, however, thus far, these banks have not been compensated by the GCCF.

For example, I have been advised that one bank had a sale pending with respect to a piece of foreclosed real estate prior to the oil spill. The oil spill occurred and the buyer backed out. The bank ultimately sold the property a few months later for a much lower price. The bank filed a claim with the GCCF for the difference between the original price and the ultimate selling price. The bank filed this claim in September and it still has not received a final determination. Based on the limited information it has been able to obtain from the GCCF, it appears that the claim will ultimately be denied. Clearly, but for the oil spill, the bank would not have sustained this loss.

I am further troubled by the lack of information on the part of the GCCF when denying a claim. It is my understanding that when a claim is denied, there is no explanation as to the reasons for denial and no opportunity to address any deficiency noted by the reviewer.

I would respectfully suggest that the Court impose the following requirements with respect to the GCCF claims process. First, the GCCF is taking far too long to respond to claims. In the present environment lost time is lost money. The GCCF should be required to respond more quickly.

Second, if a claim is denied, it should require the GCCF to provide a clear and detailed explanation as to the reasons for denial. If the reason for denial is lack of adequate documentation, it should further require the GCCF to provide guidance as to the information that is needed in order for the claim to be processed.

Third, the current standard for evaluating claims is too narrow and is excluding legitimate claims by businesses (including banks) that were clearly harmed by the oil spill. The Court should require the GCCF to use a standard which provides compensation for any loss that would not have been sustained but for the oil spill.

I appreciate the hard work you are doing representing the citizens of the State of Alabama on this important issue and ask that you take these concerns into consideration. If you have any questions, please let me know.

Sincerely,

John D. Harrison
Superintendent of Banks

# Harrison, John

| | |
|---|---|
| **From:** | Rudy Baugh [rbaugh@ubankal.com] |
| **Sent:** | Monday, February 14, 2011 3:13 PM |
| **To:** | Allen Jones |
| **Subject:** | Re: Fwd: |

We only have one claim filed on 9/14/10 for $62,694 We have not been paid Our claim is based on the loss on sale of an ORE property in Gulf Shores.
As of this morning, the status on our claim is "Received". The last we heard from them was 2/4/11 to request our financial information for 2010. We sent them our year end Call Report on 2/7/11. We also requested a face-to-face meeting, by the end of February, with a representative who is authorized to make a Final Payment decision. No response to our request yet.

Rudy Baugh
Senior Vice President
United Bank
251-446-6024 Direct
251-446-6061 Fax
rbaugh@ubankal.com
www.unitedbank.com



>>> Allen Jones 02/14/11 02:49PM >>>
Can you update and send to me.

Any other claims filed?

Update on our 1 claim.

Allen

Allen O. Jones, Jr.
Chief Financial Officer
United Bank
Phone   251-446-6012
Fax        251-446-6152
ajones@ubankal.com


The information contained in the e-mail is privileged and confidential  information intended only for the use  of the individual or entity named  above.  If the reader of this message is not the intended recipient or the  employee or agent responsible to deliver it the intended recipient, the  reader is hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this  communication in error, please immediately notify the sender.  In addition, you should delete this message from your computer or other storage media.

1