

202.962.9280

November 22, 2010

The Honorable Jim Hood
Attorney General
State of Mississippi
Walter Sillers Building
Post Office Box 220
Jackson, MS   39205-0220

Dear Attorney General Hood:

    I want to thank you for your letter of November 9 urging that I make important changes and improvements to the enclosed Gulf Coast Claims Facility ("GCCF") Protocol for Interim and Final Claims ("the Final Protocol"). I have carefully reviewed the proposals made in your November 9 letter and have adopted certain of your suggestions. I do hope you will find the Final Protocol acceptable. I have done my best in considering proposed changes made by State Attorneys General and others.

    In particular, I refer to your suggestions in your November 9 letter:

1) Interim payments remain payable on a quarterly basis; the vast volume of claims make this necessary. However, consistent with your suggestion, "exigent circumstances" will permit interim claims on a monthly basis.

2) It is my understanding that BP does, in fact, intend to reimburse collateral sources for at least some of the offsets, e.g. unemployment payments made by State Governments.

3) I have narrowed the release language somewhat to make it clear that physical injury claims will not be released by a Final Payment made to cover lost income, profits or wages. But I deem it critically important – for both claimants and BP – that some finality occur as a result of a GCCF Final Payment.

4) I do not believe that the Final Protocol, and the language about "proximate causation," limits the scope of OPA in any way. Indeed, I believe that the GCCF will prove to be much more generous than either the Coast Guard or the courts in determining claimant eligibility and appropriate documented damage under OPA. In this regard, I refer you to the enclosed Memorandum of Law prepared by Professor



EXHIBIT D

John Goldberg, Professor of Law at the Harvard Law School, who, at my request, has prepared a comprehensive Memorandum of Law focusing on this very issue. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and calculate damages, well beyond the requirements of OPA.

5) I assure you that any individual claimant who seeks pro bono counsel to assist him/her in the processing of a GCCF claim will be afforded same.

6) The Final Protocol adds language to protect claims of minors or incompetents.

7) At your request, I have inserted a limited appeals process for dissatisfied claimants and/or BP. As you know, such a separate appeals process is not required by OPA and was originally my idea, not that of the Federal Administration (of course, any dissatisfied GCCF claimant already has the option, under OPA, of "appealing" to the Coast Guard or the courts). I am concerned that a new layer of appeals not be used further to delay prompt payment to eligible claimants. Thus, my decision to limit the additional appeals process to only certain claims.

8) I am mindful of confidentiality concerns when it comes to disclosing private and proprietary information about individual claimants. I have no intention of permitting broad disclosure which would breach these confidentiality concerns, and I do not believe the Final Protocol contemplates otherwise.

Finally, you raise the question concerning "a lack of transparency in the process." I share this concern. But, I do not agree that "the GCCF claims process is less transparent than that of the initial BP claims process." We provide daily statistical reports which inform public officials and all other interested citizens about the quantity and quality of GCCF claims processing. In certain circumstances, we go even further, customizing additional GCCF reports to meet the specific needs of Federal, State and local governments. We have also taken steps in recent weeks to provide additional information to claimants, who seek to know more about the status of their claim or the reasons for the GCCF calculation. I agree that we can do more and are planning – in conjunction with the Final Payment Program – to place additional local individuals "in the field" at the various claims offices in the Gulf, so that individual claimants can express their opinions, or seek information, with a local GCCF representative.

But, I cannot provide any government official with actual access to individual claimant information submitted in confidence to the GCCF. I would be glad to meet with you to discuss how we can assist you in your efforts to help Mississippi claimants without breaching our confidential responsibility to such claimants.

I want to thank you once again for all you have done, and are doing, to help assure the success of the GCCF. I very much appreciate your constructive input and wise counsel concerning many of the terms and conditions of the Final Protocol.

                                                         Sincerely,

                                                         Kenneth R. Feinberg
                                                         Administrator
                                                         Gulf Coast Claims Facility

KRF:shs

Enclolsures:    Final Protocol
                          Professor Goldberg's Memorandum of Law



November 22, 2010

The Honorable Bill McCollum
Attorney General
State of Florida
The Capitol
400 S. Monroe Street
Tallahassee, FL   32399-0140

Dear Attorney General McCollum:

I want to thank you for your recent letter urging that I make important changes and improvements to the enclosed Gulf Coast Claims Facility ("GCCF') Final Protocol. I also very much appreciated our face-to-face visit last week when you and your staff again raised certain issues concerning the Final Protocol. I have carefully reviewed your suggested proposals and have adopted many of them. In particular:

1) Interim payments will be offered as an alternative to a final payment; these interim payments will not require the claimant to sign any release and will be made available on a quarterly basis unless "exigent circumstances" require more accelerated monthly payments.

2) "The reasonable cost of estimating the damages claimed" may be included by the claimant, and reimbursed by the GCCF, when the claimant submits the claim.

3) I have narrowed the release language somewhat to make it clear that physical injury claims will not be released by a final payment made to cover lost income, profits or wages. But I deem it critically important – for both claimants and BP – that some finality occur as a result of a GCCF final payment.

4) I do not believe that the Final Protocol, and the language about "proximate causation," limits the scope of OPA in any way. Indeed, I believe that the GCCF will prove to be much more generous than either the Coast Guard or

the courts in determining claimant eligibility and appropriate documented damage under OPA. In this regard, I refer you to the enclosed Memorandum of Law prepared by Professor John Goldberg of the Harvard Law School who, at my request, has prepared a comprehensive Memorandum of Law focusing on this very issue. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and will calculate damages, in a much more generous fashion than OPA.

5) At your request, I have inserted a limited appeals process for dissatisfied claimants and/or BP. As you know, such a separate appeals process is not required by OPA and was originally my idea, not that of the Federal Administration (of course, any dissatisfied GCCF claimant already has the option, under OPA, of "appealing" to the Coast Guard or the courts). I am concerned that a new layer of appeals not be used further to delay prompt payment to eligible claimants. Thus, my decision to limit the additional appeals process to only certain claims.

I do hope that, with these changes, you will be able to support the Final Protocol. I want to thank you once again for all you and your staff have done, and are doing, to help assure the success of the GCCF. I very much appreciate your constructive input and wise counsel concerning many of the terms and conditions of the Final Protocol.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosures:   GCCF Protocol for Interim and Final Claims

Professor Goldberg's Memorandum of Law