| | |
|---|---|
| From: | MARY JO WOODS |
| To: | MARY JO WOODS |
| Date: | Tue, Jul 20, 2010 3:39 PM |
| Subject: | Fwd: Gulf Coast Claims Facility |

>>> MARY JO WOODS 7/16/2010 4:06 PM >>>
Mr. Feinberg,

Our office is in receipt of comments from other state and federal entities addressing the Gulf Coast Claims Facility draft protocol's compliance with OPA and other issues. In addition, please find attached our initial recommendations for the overall claims process related to the need for fairness, accessibility, and simplicity. We look forward to working with you in coordination with the other states and federal government on this matter.

Thank you,

Mary Jo Woods
Special Assistant Attorney General
Mississippi Attorney General's Office
Post Office Box 220
Jackson, Mississippi 39205
(601) 359-3020 (phone)
(601) 359-2003 (fax)
mwood@ago.state.ms.us

This message is being sent by the Office of the Attorney General for the State of Mississippi and is intended only for the use of the individual to which it is addressed and may contain information that is legally privileged or confidential. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the original sender or the Office of the Attorney General at (601) 359-3680 immediately by telephone or by return e-mail and delete this message from your computer. Thank you.

EXHIBIT
L

Recommendations Regarding the Gulf Coast Claims Facility

1. The Gulf States Attorneys General should have full access to the claims data, centers, and personnel.

2. Security measures must be taken to protect the sensitive and personal nature of information maintained on the claims database.

3. Claimants should be allowed to submit claims at conveniently located claims centers, via telephone, or through an online claims procedure. The online process should allow submission of both the claim form and supporting documentation. In order to deter the filing of fraudulent claims, claimants should be required to provide a notarized, sworn statement that the information is true subject to the penalty for perjury. A pdf version of the notarized, sworn statement would be sufficient for claims filed on-line. The form of the sworn statement should be approved by the Coastal attorneys general and the Department of Justice.

4. Claim forms, a claims manual, and FAQ's should be available in each claims center and on the internet. All claim forms and the claims manual should be reviewed and approved by the Gulf States Attorneys General.

5. Translators should be available in each claims center and through the telephonic claims process. Translated claims materials must also be available.

6. In addition to a sufficient number of claims handlers, at least one claims manager should be present and available in each claims center, and claims managers should be available by telephone and an online "chat" mechanism to address problems during the claims application process.

7. Claims centers should have operational, toll-free telephones available for claimants so that they may obtain advice or further information to complete their claims. Contact information for the local State Attorney General's Office should be posted in each claims center.

8. When a claimant calls the telephonic claims center, the wait time for the next available claims assistant should be announced, and the claimant should be given the option of leaving a message to be returned by a claims assistant.

9. Claimants should be provided with secure online access to their claims files to check the status of their claims and to submit any required follow-up documentation. To accommodate claimants without internet access, any claimant should be provided with a copy of his/her claims file within five business days of receipt of the claimant's written request.

10. Deadlines for responding to claims need to be set. Any request for further documentation or information should be sent to a claimant no later than five business days after submission of the claim. Within twenty-one days of submission of an interim, short-term claim, payment should be made or the claimant should be advised that the claim is being denied. Any claim not paid within twenty-one days of submission shall be deemed denied.

11. Payment of interim, short-term claims should be made on a monthly or weekly basis. All payments should be made available either by check or by wire transfer.

12. Lost income documentation should be allowed based on revenues dating back to 2007.

13. Alternative forms of documenting income loss in addition to tax returns, such as receipts and/or sworn affidavits, should be allowed.

2

14. Failure to obtain requested documentation that is not the fault of, or is beyond the control of, the claimant shall not be held against the claimant. In those instances, alternative documentation shall be accepted, such as a sworn affidavit explaining the situation signed by the claimant or the third party in control of the required documentation.

15. Claims should not be denied based on a random distance limit in relation to the shoreline. All claims incurred as a result of the oil spill should be paid regardless of the claimant's physical location.

16. Claimants should be compensated for time and expense incurred in filing their claims. A minimum payment should be set for all legitimate claimants because the trouble of having to submit a claim at all is a direct and proximate result of the oil spill. Claimants who incur greater costs due to the need for professional assistance or excessive documentation requirements should be allowed to present proof to recoup those losses.

17. Instead of an appeals procedure, a panel should be appointed by the Gulf States Attorneys General to monitor the claims handling process. As previously recommended, the panel should consist of former Gulf States Attorneys General – one from each affected state, if possible.

18. If an appeals procedure is retained in the protocol, it should not be binding, and claimants should retain their right to pursue other avenues of relief, including litigation.