UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO: NO. 2:10-CV-1921, TAQUINO V. TRANSOCEAN HOLDINGS, LLC, ET AL. | : : : | JUDGE BARBIER MAGISTRATE SHUSHAN |

………………………………………………...

**MEMORANDUM IN SUPPORT OF ANTHONY HAYWARD'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(5), and (b)(6), Defendant Anthony Hayward has moved to dismiss the complaint filed by Plaintiffs, Kelli Manuel Taquino, individually and as administrator and personal representative of the estate of Keith Blair Manuel, Jessica Manchester, and Ashley Manuel individually and as the heirs of Keith Blair Manuel. Although Plaintiffs filed this action 226 days ago and named Hayward as a defendant at that time, they have failed to serve him with a copy of the summons and complaint as required by Rule 4, and have never filed a proof of service. Also, Hayward is not and never has been a resident of and has no meaningful contacts with the state of Louisiana or the United States. Consequently, he is not subject to the personal jurisdiction of this Court.

Further, Plaintiffs' conclusory allegations that Hayward, as a former executive of BP p.l.c ("BP"), a global corporation with tens of thousands of workers and operations worldwide, is personally liable for damages resulting from the *Deepwater Horizon* accident are unfounded and do not state a plausible claim. It is well established that corporate officers are not liable for the alleged negligence of the corporation itself, or for their own alleged negligence when acting in a corporate capacity. Therefore, the Court should dismiss Hayward from this case.

**BACKGROUND**

Plaintiffs filed this putative maritime negligence action on July 7, 2010, seeking survival and wrongful death damages for the descendents of Keith Blaire Manuel, one of the eleven employees whose body was never recovered following the April 20, 2010 explosion aboard the *Deepwater Horizon* drilling rig. Plaintiffs named as defendants numerous corporate entities and allege that their negligence concerning various engineering, testing, and design defects caused the explosion on board the *Deepwater Horizon*. Plaintiffs also named as defendant Anthony, an executive officer of BP, alleging he was personally responsible for the conduct of the BP- and Transocean-affiliated entities participating in the drilling operation and that he "failed to supervise the conduct and activities" of those entities that supposedly brought about the explosion. (Dkt. No. 1 ¶¶ 1(F), 13.)

The complaint does not name as a defendant any other individuals who purportedly had supervisory responsibility for the work performed on the rig. Nor does it allege any facts substantiating Hayward's supposed responsibility to supervise the activities aboard the rig or claim that Hayward had any knowledge or awareness of any of the facts or circumstances relevant to Plaintiffs' claims. Rather, the complaint simply describes Hayward's employment relationship with BP (and assigns to him the label of "BP Entity") and based upon that relationship, asks the Court to hold him personally liable for the survival and wrongful death damages alleged. (*Id*.)

The Docket reflects that Plaintiffs were issued a summons for Hayward, first on July 9, 2010, directed to Hayward through a purported agent for service of process, CT Corporation System, in Baton Rouge, and then again on July 12, 2010, directed to Hayward at the offices of entities affiliated with BP in Houston. (*See* Dkt. Nos. 14-1, 18-1.) Plaintiffs have not filed proof

of service of either summons.  CT Corporation System is not authorized to accept service on Hayward's behalf, and Plaintiffs have not delivered a copy of the summons and complaint to an agent authorized by Hayward to receive service.  (*See* Affidavit of Anthony Hayward ("Hayward Aff."), attached as Exhibit A, ¶¶ 4-5.)  To date, Plaintiffs have not delivered a copy of the summons and complaint to Hayward personally or to a person of suitable age and discretion at his residence.  (*See id.* ¶¶ 2, 3.)

Hayward is not and never has been a resident of Louisiana or of the United States.  (*See id.* ¶ 7.)  Rather, Hayward resides in London, England, and resided abroad for the entirety of his employment with BP.  (*See id.* ¶¶ 3, 10.)  The complaint does not address any of these jurisdictional facts, nor does it otherwise explain how Hayward is subject to the personal jurisdiction of this Court.  Indeed, the complaint scarcely mentions Hayward at all, except to claim, as noted above, that he controlled the relevant BP (and Transocean) entities and failed to supervise the conduct that led to the *Deepwater Horizon* accident.  (Dkt. No. 1 at ¶ 13.)

## ARGUMENT

Based upon the facts described above, Plaintiffs have not served Hayward with process.  Plaintiffs have not satisfied any of the requirements of Rule 4 for serving process on an individual defendant, including by any of the means provided under Louisiana state law.  Nor does Hayward have sufficient contacts with the state of Louisiana or the United States to establish personal jurisdiction.  Hayward has never resided, keeps no property, and has never paid taxes anywhere in the United States, and his former position as the chief executive of BP is not sufficient to subject him to personal jurisdiction in this Court.  Finally, Hayward is certainly not personally liable for the injuries caused by the *Deepwater Horizon* accident merely due to the fact that he was BP's highest ranking executive at the time it occurred, and the perfunctory

allegations in the complaint to the contrary do not state a plausible claim for relief. In fact, they ignore the prohibition on holding a corporate officer personally liable for alleged negligent acts performed in his corporate capacity. For each of those independent reasons – insufficient service, lack of personal jurisdiction, and failure to state a claim – the Court should dismiss Hayward from this case.

**I.     The Court Should Dismiss Hayward from this Action for Insufficient Service of Process**

Although it has been over seven months since they filed this action, Plaintiffs have not effected valid service of Hayward under any of the means provided in the Federal Rules or the laws of the state of Louisiana. Indeed, it is not entirely clear whether Plaintiffs even intend to pursue Hayward as a defendant, in light of the facts that they have made no apparent effort to serve him since the second week of July 2010, have never made an effort at any point to serve him in England, and have not filed a proof of service with the Court. In any event, because the 120 day time limit for effective service has been nearly doubled as of the filing of this motion, the Court should dismiss Hayward from this case.

**A.     The Federal Rules Require Valid Service Within 120 Days of the Filing of the Complaint**

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981). If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, District Courts are required to dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). Although the 120 day Rule does not apply to "service in a foreign country" pursuant to Rule 4(f), which sets forth procedures for such service, this exception does not apply

if the plaintiff did not attempt to serve the defendant in the foreign country. *Usha (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005).

When service of process is challenged, the party on whose behalf service was made – in this case, Plaintiffs – bears the burden of establishing its validity. *Aetna Bus. Credit,* 635 F.2d at 435. Service within the United States on an individual – which Plaintiffs appear to have pursued thus far – is governed by Federal Rule of Civil Procedure 4(e). Under Rule 4(e), litigants may (1) use the procedural methods of service of process provided by the state in which the district court is located (*see* Fed. R. Civ. P. 4(e)(1)), or (2) they may serve by one of the three specific means articulated by Rule 4(e)(2). *See* Fed. R. Civ. P. 4(e)(2).

Louisiana law requires either personal service or service at the defendant's domicile (unless the document that is being served does not require an appearance or an answer). LA. CODE CIV. PROC. Ann. arts. 1231-34, 1313. Louisiana law does not authorize service of an individual at the individual's place of business. *See id*. *See also Jason v. Nugent*, No. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005). Rule 4(e)(2) provides that service may be effected by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (3) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

> **B.    Plaintiffs Have Not Effected Valid Service of Hayward in the United States Under Rule 4(e) Nor Attempted Service of Hayward in England Under Rule 4(f)**

Although it has been 226 days since Plaintiffs filed this action, they have not sufficiently served Hayward with copies of the summons and complaint, whether under Louisiana law or the

three methods described by Rule 4(e)(2).  As noted above, Louisiana law requires personal or domiciliary service, neither of which has occurred.  (*See* Hayward Aff. ¶¶ 2-3.)  The failure to serve Hayward personally or at his residence in London similarly forecloses two of the three methods of service under Rule 4(e)(2), leaving only the possibility of service on Hayward's registered agent.

Although the July 9, 2010 summons purports to be directed to CT Corporation System as "registered agent" of Hayward, CT Corporation System is not authorized to accept service on Hayward's behalf.  (*See* Hayward Aff. ¶ 4.)  Nor apparently did anyone at CT Corporation System accept service on Hayward's behalf, given that Plaintiffs not only failed to file proof of service of that summons, but also subsequently sought the issuance of a second summons to be served in Houston.  That second summons, which was also never returned, is similarly ineffective, because even assuming that the Houston offices of BP's North American affiliates constituted Hayward's place of business (which is highly dubious, given that Hayward was based abroad during his tenure with BP (*see id.* ¶ 10)), neither Louisiana law nor Rule 4(e)(2) provide for service at an individual's place of business.

Moreover, there is nothing to suggest that Plaintiffs have made any effort to serve Hayward in Europe, as provided by Rule 4(f), which governs service of individuals outside the United States.  Therefore, Plaintiffs have not satisfied the 120 day limitation for service, and the Court should dismiss Hayward from this case.

## II. The Court Should Dismiss Hayward from this Action for Lack of Personal Jurisdiction

Even if the Plaintiffs had sufficiently served Hayward, it would still be necessary to dismiss him from this case because he is not subject to the personal jurisdiction of this Court. Hayward is a resident of London, England, yet the complaint does not contain a single allegation

describing his contacts with Louisiana or the United States so as to explain how he is subject to the personal jurisdiction of this Court.  And indeed, Hayward does not have sufficient contacts with this state or nation sufficient to satisfy due process – he is not currently and never has been a resident of Louisiana or the United States, owns no property in this country, and has never paid taxes in this country.  The only apparent basis for asserting jurisdiction over Hayward is his previous role at BP, but it would be grossly unfair and contrary to traditional notions of fair play and substantial justice if Hayward could be hailed into court anywhere there occurred an accident involving entities affiliated with his former company, which operates in hundreds of jurisdictions the world over.

### A. Personal Jurisdiction Over a Foreign Defendant Requires Sufficient Contacts with Louisiana or, Pursuant to Rule 4(k) with the United States as a Whole

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over that defendant.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  A federal court in Louisiana has personal jurisdiction over a foreign defendant if (1) the exercise of such jurisdiction complies with the due process clause of the Fourteenth Amendment; or (2) if the claim arises under federal law and the particular requirements of Rule 4(k)(2) are otherwise met (including that the defendant is served and is not subject to jurisdiction in any state), if the exercise of personal jurisdiction complies with the due process clause of the Fifth Amendment.  *See, e.g., De Leon v. Shih Wei Nav. Co., Ltd.*, 269 Fed. Appx. 487, 489 (5th Cir. 2008); Fed. R. Civ. P. 4(k)(2).

The due process clause of the Fourteenth Amendment is satisfied when: (1) the defendant has established "minimum contacts" with Louisiana; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnson,* 167 F.3d 208, 211 (5th Cir. 1999) (*citing International Shoe Co. v. State of*

7

*Washington,* 326 U.S. 310, 316 (1945)).  The analysis under the due process clause of the Fifth Amendment is the same, except that the initial question is whether the defendant has "minimum contacts" with the United States as a whole, rather than with Louisiana specifically.  *See, e.g., World Tanker Carriers Corp. v. MV Ya Mawlaya,* 99 F.3d 717, 721-22 (5th Cir. 1996).  Under either analysis, the "minimum contacts" prong may be satisfied if the contacts give rise to general personal jurisdiction or give rise to specific personal jurisdiction.  *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650-52 (5th Cir. 2004).

General personal jurisdiction requires "continuous and systematic" contacts with Louisiana and/or the United States.  *Submersible Systems, Inc. v. Perforadora Central, S.A.,* 249 F.3d 413, 420 (5th Cir. 2001).  Factors considered relevant to this analysis include whether the defendant owns property in the state and/or country, pays taxes in the state and/or country, or is otherwise regularly and consistently in contact with the state and/or country.  *See, e.g., Hunter v. Serv-Tech, Inc.*, No. at *4-5  (E.D. La. 2009).  Isolated and sporadic contacts are not enough to satisfy this standard.  *De Leon*, 269 Fed. Appx. at 491-92.

Specific jurisdiction requires that the claims asserted against the defendant arise out of his contacts with Louisiana and/or the United States.  *Wilson*, 20 F.3d at 647.  As a general rule, this does not include claims arising out of contacts made through an individual's exercise of his official duties on behalf of a corporation, under a doctrine known as the "fiduciary shield."  *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 973 (5th Cir. 1984); *Escoto v. U.S. Lending Corp.*, 675 So.2d 741, 745 (La. App. 4th Cir. 1996).  Rather, unless the defendant is alleged to have directed fraudulent or intentionally tortuous activity directed toward Louisiana and/or the United States and the plaintiff's claim arises from that activity, the "fiduciary shield" doctrine provides

that specific jurisdiction does not exist over an officer of a corporation whose only contacts occurred in conjunction with his corporate duties. *Stuart*, 772 F.2d at 1197; *Escoto*, 675 So.2d at 746; *Carlisle v. Sotirin*, No. 04-1549, 2005 U.S. Dist. LEXIS 490, at *10-11 (E.D. La. Jan. 11, 2005).

### B.   Hayward Lacks Sufficient Contacts to Establish Personal Jurisdiction

As noted previously, the complaint does not contain any allegations concerning the Court's exercise of personal jurisdiction over Hayward, despite that he is not a resident of this or any other state in the United States, but rather resides in England. (*See* Hayward Aff. ¶ .3 ) Indeed, Hayward has never been an American resident, nor has he ever owned property in the United States. (*Id*. ¶¶ 8-9. )  Further, Hayward has never paid taxes in the United States, and during the entirety of his employment with BP, he was never stationed in the United States. (*Id*. ¶¶ 9-10.)  Thus, without a doubt, Hayward lacks "continuous and systematic" contacts with either the state of Louisiana or with the United States as a whole to sustain general personal jurisdiction.

Therefore, specific personal jurisdiction is the only possible basis for asserting personal jurisdiction over Hayward, meaning that it is necessary that the Plaintiffs' claim against Hayward arose out of contacts he had with either this state or country.  Plaintiffs make no specific allegations on this point but claim only that Hayward was a former BP executive who was negligent in his supervision of BP/Transocean activities, which supposedly led to the *Deepwater Horizon* accident.  Assuming *arguendo* that Plaintiffs' claim can be considered to have arisen out of Hayward's contacts with Louisiana and/or the United States, by virtue of the fact that the *Deepwater Horizon* accident occurred in Louisianan/American waters, the fiduciary shield doctrine, as explained above, prohibits the exercise of specific personal jurisdiction on that basis.

For these reasons, Hayward is not subject to the personal jurisdiction of this Court, and he should be dismissed from this case.

### III. The Complaint's Conclusory Allegations that Hayward is Personally Liable for the *Deepwater Horizon* Accident Fail to State a Plausible Claim for Relief

Plaintiffs' allege a putative maritime negligence claim against Hayward. A necessary predicate of any negligence claim is the existence of a duty to refrain from the conduct alleged to be harmful, and that duty arises only if the defendant knows or should know of an unreasonable risk of harm. But Plaintiffs do not allege a single fact plausibly suggesting that Hayward knew or should have known of any risk of danger concerning the operations of the *Deepwater Horizon*, let alone the specific risk associated with the April 20, 2010 accident. To the contrary, Plaintiffs allege a number of technical, highly localized engineering flaws and simply assume, without any elaboration, that Hayward is liable for the harm allegedly resulting from those flaws by virtue of his former position with the company. That is not at all sufficient to sustain a plausible claim for relief under federal pleading standards.

Moreover, it is a standard rule that an officer of a corporation cannot be held liable to third parties for negligent acts performed in his corporate capacity. Thus, Plaintiffs are not only required to establish that Hayward owed a duty – they must establish that he owed a duty in his *personal* capacity, and not simply by virtue of his job function. The complaint does not contain even a single allegation in this regard.

#### A. Negligence Requires that the Defendant Knew or Should Have Known of a Risk of Harm

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions[.]" *Bell Atlantic*, 550 U.S. at 555. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Hamm v. TRTB, LLC*, No. 08-1710, 2010 U.S. Dist. LEXIS 118228, at *16-18 (W.D. La. July 30, 2010) (citing *Ashcroft*, 129 S.Ct. at 1950).

A plaintiff must plausibly plead the following elements to state a valid maritime negligence claim: a duty of care owed by the defendant to the plaintiff, a breach of that duty, an injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury. *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 211 (5th Cir. 2010). Thus, an essential element of a negligence claim is a duty of care owed to the plaintiff – when there is no duty, there can be no breach of duty, and hence no negligence. *In re Signal Intern., LLC*, 579 F.3d 478, 491-92 (5th Cir. 2009). The determination of the existence of a duty hinges on the concept of reasonable foreseeability – a defendant owes a duty to refrain from conduct that "a reasonable person in his position" would foresee as harmful to the plaintiff. *In re Signal Intern*, 579 F.3d at 491-92. *See also Consolidated Aluminum Corp. v. CF. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987) (a duty "may be owed only with respect to the interest that is foreseeably jeopardized by the negligent conduct").

Phrased another way, the defendant owes a duty to refrain from conduct that he knows or reasonably should know creates an unreasonable risk of harm to the plaintiff. *Ducote v. International Operating Co. of La., Inc.*, 678 F.2d 543, 546 (5th Cir. 1982) (no negligence

11

where defendant neither knew nor should have known of danger to plaintiff); *Samuels v. Empresa Lineas Maritimas Argentinas*, 573 F.2d 884, 886 (5th Cir. 1978) (shipowner liable if it knew or had reason to know of a condition involving an unreasonable risk of harm to a longshoreman). *See also In re Signal Intern.,* 579 F.3d at 491 ("The defendant is liable for harms he negligently caused so long as a reasonable person in his position should have recognized or foreseen the general kind of harm the plaintiff suffered.") (citation omitted).

In addition, it is not enough to establish a claim against an officer of a corporation to allege that the corporation owed a duty to the plaintiff, and that the officer acted negligently with respect to that duty. Rather, as a rule, officers of a corporation are not liable for their negligence to third parties when acting in their corporate capacity, unless they took on a *personal* duty of care to the plaintiff, outside the functions of their employment. *See, e.g., Unimobil 84, Inc. v. Spurney,* 797 F.2d 214, 215 (5th Cir. 1986); *Norwest Capital Management & Trust Co. v. U.S.*, 828 F.2d 1330, 1344 (8th Cir. 1987); *Eureka Homestead Society v. Zirinsky*, Civ. No. A. 94-2265, 1996 WL 109294, at *6 (E.D. La. March 11, 1996).

### B.  The Complaint Does Not Sufficiently Plead the Necessary Elements to State a Valid Maritime Negligence Against Hayward

Plaintiffs' complaint is entirely lacking of factual content from which the Court can draw a reasonable inference that Hayward is liable for the maritime negligence claim. Rather, Plaintiffs' alleged claim against Hayward is based strictly on his former status as a senior corporate officer, which is not enough to survive this motion to dismiss. The complaint simply regards Hayward as synonymous with BP – referring to him as a "BP Entity" – and thereby attributes all of BP's alleged corporate failures directly to Hayward in his personal capacity. But there is no basis in the law to hold, as a mere matter of course, a corporate officer personally responsible for every alleged duty and breach of duty of the corporation itself – to the contrary,

the general rule is that an officer *is not* liable for the torts of the corporation, or for his own negligence when performing corporate acts. *See, e.g., Norwest Capital*, 828 F.2d at 1344 ("an officer of a corporation will not be responsible for the tortious conduct of another officer or agent of the corporation without some participation, authorization, or direction of his own in the tortious conduct."); *Spurney,* 797 F.2d at 215. Further, pursuant to the law outlined above, as well as under the basic standards of common sense, a mandatory prerequisite to a negligence claim is that the defendant possess some basis for anticipating harm to the plaintiff.

Plaintiffs do not allege a single fact describing how the design, construction, or testing of specific components of the *Deepwater Horizon* drilling apparatus fell within the job and decision-making responsibilities of Hayward or that he had any idea (or should have known) that any of the alleged flaws associated with that apparatus existed. Those alleged flaws include: installing an inadequate number of centralizers (Dkt. No. 1 ¶ 19); failing to test the cemented well casing (*id*. ¶¶ 20-21); installing production pipe instead of pipe and well liner (*id*. ¶ 23); and failing to install a lock-down ring on the well to prevent the escape of gas (*id*. ¶ 24). Plaintiffs' complaint does not contain a single fact suggesting that Hayward knew or should have known of any of this alleged conduct from which he could have or should have anticipated harm to the Plaintiffs or decedent, and it is simply not plausible, nor is it legally sufficient, for Plaintiffs to rely solely on Hayward's position as chief executive of the company to claim that he is personally responsible for decision-making at this level of detail. In other words, there are no facts alleged from which the Court could reasonably infer that Hayward had a duty of care owed to Plaintiffs such that he could be personally liable.

And by that same token, there are no facts alleged from which the Court could reasonably infer two of the other required elements of Plaintiffs' claim – that Hayward *breached* a duty he

owed and that this breach was the legal cause of the claimed damages. Plaintiffs do not describe any acts or omissions by Hayward that contributed to any of the supposed defects aboard the *Deepwater Horizon*. Nor do they allege in any way how any acts or omissions by Hayward brought about the state of affairs aboard the rig that they claim caused the explosion. Thus, not only have Plaintiffs failed to plausibly allege the existence of a duty, and hence, a valid negligence claim, they have also failed to plausibly allege breach and loss causation.

For these additional reasons, their case against Hayward should be dismissed.

## CONCLUSION

WHEREFORE, the Court should dismiss Anthony Hayward as a defendant in this action.

Dated:  February 18, 2011

By: /s/ Thomas L. Kirsch

Thomas L. Kirsch
Joseph L. Motto
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
(TKirsch@winston.com)
(JMotto@winston.com)

*Attorneys for Anthony Hayward*

## **CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 18th day of February, 2011.

                      /s/  Thomas L. Kirsch_____