UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : : | MDL NO. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**LIAISON COUNSEL MEMORANDUM PROVIDING REPORT FOR 2/25/11 STATUS CONFERENCE**

Liaison Counsel submits this report for the status conference on February 25, 2011.

**1. Pre-Trial Orders:**

Since the last status report for the conference on January 28, the Court has entered PTO #26 (announcing appointment of government coordinating counsel), 27 (amending PTO #17 for deposition protocol), and 28 (deadlines for responsive pleadings). Pending: The United States and BP have proposed protocols for disposal of samples.

**2. The Status of the JPML Proceedings:**

Since the parties submitted the last status report on January 28, 2011, the JPML has issued three new Conditional Transfer Orders transferring 3 additional cases to this Court. To date, a total of twelve CTOs have been issued. The transfer of 289 cases has become final and when added with those originally filed in the Eastern District of Louisiana, there are

966,559                                                                –1–

approximately 397 cases that have been transferred to MDL 2179.  As a result of voluntary dismissals, currently only 357 cases are active before the Court.  The following issues remain undecided.

- An Objection was filed as to one of the cases included in CTO-9.  A briefing schedule has been set that extends into March 2011, and it is unlikely that the Panel will resolve the objection until its March 30, 2011 hearing session.

- CTO-12, which conditionally transfers one case from the S.D. Tex., was entered on February 15, 2011.  Plaintiffs have until February 22, 2011 to object to the transfer.  Any objections that plaintiffs may file are unlikely to be resolved until the JPML's March 2011 hearing session.

Parties have moved to transfer eighteen cases to MDL 2179 that the JPML Clerk had initially rejected as inappropriate for transfer, including 16 cases relating to BP's Vessels of Opportunity program.  Briefing will conclude as to all of these motions on March 3, 2011, and the JPML has set them for hearing without argument at its March 30, 2011 hearing session.[1]

3. **Status of State-Filed Lawsuits:**

At least 15 Deepwater Horizon-related lawsuits are currently pending in various state courts, including Baldwin County, Alabama (one case); Jefferson County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (five cases); Galveston County, Texas (two cases); Plaquemines Parish, Louisiana (one case); Terrebonne Parish, Louisiana (one case); Hillsborough County, Florida (one case); Siskiyou County, California (one case); and Gwinnett County, Georgia (one case).  These cases include:

---

1 Attached is a chart showing the status of the Conditional Transfer Orders.

- Seven personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) five suits brought by oil spill response workers;

- One breach of contract suit filed by the manufacturer of containment boom;

- Four lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

- One suit alleging primarily the breach of a lease of oil spill response equipment;

- One small-claims suit seeking amounts allegedly owed in exchange for plaintiff's preparation of a proposal for capping the Macondo well; and

- One suit alleging property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases, though (as discussed below) several such cases have since been stayed. Defendant BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court. To that end, BP continues to file cross-notices of depositions noticed in MDL 2179 in appropriate state court litigation.

On February 1, 2011, BP Exploration & Production Inc. filed a motion to re-open and supplement its transfer motion to the Multidistrict Litigation Panel of Texas, seeking the creation of a state-level MDL to consolidate the non-derivative Deepwater Horizon-related lawsuits currently pending in Texas state court. In response, the Texas MDL Panel has stayed seven Texas cases pending its decision on the motion to transfer, which it has not yet issued. Among the cases stayed are two oil spill response worker cases in which trials had been scheduled to

begin on October 17, 2011, and February 6, 2012. Another of the stayed cases has since been removed to federal court. One case pending in Harris County, Texas, was filed two days after the stay order and is not subject to the stay.

In addition to the fifteen cases discussed above, there are eight or more shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). BP expects such state court litigation to be stayed in favor of MDL 2185, discussed below. State courts in Louisiana, Texas, and Delaware have already entered orders staying the state court derivative litigation in deference to the consolidated federal derivative case in MDL 2185. On January 25, 2011, BP moved to stay the remaining Alaska litigation and anticipates a ruling on its motion after briefing is completed on February 25, 2011.

**4. Status of MDL-2185:**

Derivative cases: A consolidated amended complaint was filed February 4, 2011; and a responsive pleading is due March 21, 2011.

Securities cases: the cases have been consolidated and lead plaintiffs' counsel were appointed by order of December 28, 2010. Consolidated amended complaints (one on behalf of a putative class, and the other on behalf of a putative subclass) were filed on February 11 and 14. A responsive pleading is due in mid-April.

ERISA cases: Interim co-lead counsel has been appointed. There is a stipulation entered into in non-consolidated cases deferring time to respond until 60 days after filing of the consolidated amended complaint.

Discovery Coordination:  In all three sets of cases, BP has entered into stipulations with plaintiffs' counsel providing access to the MDL 2179 BP document production and allowing participation in MDL 2179 depositions.  MDL 2185 plaintiffs' counsel have been provided with BP's MDL 2179 document productions and have been attending MDL 2179 depositions per PTO 27.

**5. Insurance Coverage Cases:**

Since the last status conference, the JPML has transferred two insurance coverage lawsuits to this Court for consolidation with MDL 2179: (1) *Certain Underwriters at Lloyd's, London, et al. v. BP America Inc., et al.*, S.D. Tex. Civ. No. 4:10-cv-01823, and (2) *Ranger Insurance Limited v. BP plc, et al.*, S.D. Tex. Civ. No. 4:10-cv-02009.

The plaintiffs, Transocean Excess Insurers and Ranger Insurance Company, are liability insurance carriers that issued policies to Transocean as the named insured with total limits of $750 million.  The issue in the suits is the scope of BP's additional insured status under the policies.  The Insurers seek a declaration that to the extent that they provide the "additional insured" coverage to BP, that coverage is limited to the scope of the "indemnity" that Transocean agreed to provide to BP in the drilling contract that applies to the MC252 well.

BP filed a counterclaim in the *Ranger* suit, seeking a declaration that the Insurers provide coverage for claims arising out of the *Deepwater Horizon* matter without any such limitation. BP also filed a cross-claim in the *Ranger* suit against certain Marine Package Insurers concerning marine losses.  In turn, Transocean Marine Package Insurers filed a counterclaim for the loss of the *Deepwater Horizon* hull in the amount of $560,000,000.

*Current status*: To date, no discovery has occurred, and no substantive rulings have been issued in either the *Ranger* suit or the *Lloyd's* suit.

On October 28, 2010, Judge Nancy F. Atlas of the United States District Court for the Southern District of Texas stayed and administratively closed the *Ranger* action "pending its transfer to MDL-2179," so to the extent that the transfer order did not reopen the *Ranger* action, the parties agree that it would be appropriate for the Court to re-open this matter so that it can proceed along with the *Lloyd's* action.

As of the JPML's order transferring the insurance coverage cases to this Court, three motions were pending in those cases: (1) an unopposed motion by MOEX Offshore 2007 LLC (a co-owner of the MC252 leasehold) to intervene as a counterclaimant in the insurance cases (MOEX contends that it also is an "additional insured" under the pertinent insurance policies); (2) a motion by BP to consolidate the *Ranger* suit and the *Lloyd's* suit; and (3) a motion by the plaintiffs in the *Lloyd's* suit to consolidate the *Ranger* suit into the *Lloyd's* suit and then transfer both suits to this Court under 28 U.S.C. § 1404.

*Anticipated activities*:

By BP and MOEX:

Because the issues in the insurance cases are unrelated to those in the four existing "pleading bundles" in this MDL, it may be appropriate for the Court to create an "insurance pleading bundle," which would include the *Ranger* suit and the *Lloyd's* suit as well as any other insurance coverage actions involving the *Deepwater Horizon* matter by or against the defendants in this MDL proceeding.

BP anticipates the following activities in the next few months: (1) initial, insurance-

related document discovery; (2) a motion by BP to dismiss a counterclaim by the Marine Package Insurers in the *Ranger* suit (BP also contends that the counterclaim was not properly filed, as the *Ranger* case had been stayed at the time of the filing); (3) a re-filed unopposed motion by MOEX and a motion by Anadardo, the co-owners of the MC252 leasehold, for leave to intervene; and (4) a motion by BP for summary judgment on the *Ranger* and *Lloyd's* complaints.  In addition, BP and MOEX intend to seek an order from this Court instructing the Insurers not to dissipate their policy limits pending this Court's consideration of the issues in these insurance cases.  Finally, BP and MOEX are evaluating other insurance policies, including other excess Transocean policies, in which they may be "additional insureds" and may seek leave to amend to add that coverage to the insurance litigation.

<u>By Transocean Excess Underwriters and Ranger:</u>

On February 21, 2011, Transocean Excess Insurers's counsel contacted counsel for BP and other interested parties to arrange a conference call to discuss pleadings deadlines, a discovery schedule, motion practice, and further pretrial matters so that an agreed pretrial plan could be established that will not interfere with the ongoing MDL discovery and Limitation trial proceedings.  Discussions are ongoing, and the parties intend to submit an agreed pre-trial plan to the Court.

Transocean Excess Underwriters suggest a separate pleadings, discovery, and briefing schedule to achieve this.  Transocean Excess Underwriters do not see the need for a different track, although a separate pleading bundle may be appropriate.  Because there will be fact findings in the February 2012 Limitation/Liability trial that relate to the claims of BP's alleged gross negligence, and because those findings could affect enforceability of the drilling contract's indemnity provisions and therefore the existence and scope of BP's claimed additional insured

–7–

status, it is appropriate that the determination of BP's such status be deferred until those fact determinations are made.

## 6. Written and Deposition Discovery:

Extensive written discovery and document production is underway. As of the date of the status conference, 12 depositions will have been taken and numerous depositions are being scheduled for March and April. The parties will meet with Judge Shushan following the status conference to continue working on scheduling depositions on two tracks and will meet with her each Friday to do the same for the foreseeable future.

## 7. BOP Status:

The blowout preventer testing, which began on November 15 at the Michoud/NASA facility, continues.

## 8. Cement Testing Status:

Cement testing protocols have been submitted to the Joint Investigative Team. The United States is contracting with an independent laboratory to conduct analysis of the sample.

## 9. Gulf Coast Claims Facility ("GCCF")

On February 2, 2011, the Court issued an Order and Reasons (Record Doc. No. 1098) placing certain restrictions on communications between BP, the Feinberg Rozen Law Firm, and the Gulf Coast Claims Facility ("GCCF"), in communicating with persons and entities making claims in the GCCF. The Court requested additional briefing regarding whether and how BP is complying with the Oil Pollution Act of 1990 ("OPA") as a designated responsible party, which briefs were filed on Friday, February 18, 2011.

**10. Hearing on any motions the Court sets for oral argument**

**11. Other matters:**

1) The Court's scheduling orders require that briefing as to Rule 12 motions in the Pleading Bundle A, B and D cases be complete by the end of April.  Moreover, Rule 12 motions are anticipated to be filed in Pleading Bundle C cases by that same time.  The parties therefore expect that briefing on Rule 12 motions will be completed by early May and request that the Court select a date in early May for oral argument on Rule 12 motions.

2) The State of Alabama has advised that it intended to amend its Complaints and as a result, the Court entered a Stipulated Order that relieved defendants from responding to the Complaints filed by the State of Alabama (#10-4182 and 10-4183) until 30 days after service of the amended Complaints.  To date, however, the State of Alabama has not filed its amended complaints nor advised when same will be filed.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

                                      Respectfully submitted,

                                      /s/ Don K. Haycraft
                                      Don K. Haycraft (Bar #14361)
                                      R. Keith Jarrett (Bar #16984)
                                      LISKOW & LEWIS
                                      701 Poydras Street, Suite 5000
                                      New Orleans, Louisiana  70139-5099
                                      Telephone:  (504) 581-7979
                                      Facsimile:  (504) 556-4108

                                      and

        Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, IL  60654
        312-862-2000 (Tel)
        312-862-2200 (Fax)

        Robert C. "Mike" Brock
        Covington & Burling LLP
        1201 Pennsylvania Avenue, NW
        Washington, DC 20004-2401
        202-662-5985

        **Attorneys for BP America Production Company**
        **and BP Exploration & Production Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of February, 2011.

                                                    /s/ Don K. Haycraft

417652124.