UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
|     "DEEPWATER HORIZON" in the | * | |
|     GULF OF MEXICO, on | * | SECTION:  J |
|     APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL | * | MAG. JUDGE SHUSHAN |
|     CASES | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**OPPOSITION OF DEFENDANT CAMERON INTERNATIONAL
CORPORATION TO PLAINTIFFS'** *EX PARTE*
**LOCAL GOVERNMENT ENTITY VOLUNTARY MASTER COMPLAINT
AND TO ADOPT LOCAL GOVERNMENT SHORT-FORM JOINDER**

Cameron International Corporation ("Cameron") opposes Plaintiffs' motion for a local government entity Master Complaint because it fails to adopt the terms and conditions for Master Complaints established in PTO 25.  As such, plaintiffs' proposed Master Complaint fails to deliver the judicial economy required in MDL's and contemplated by this Court when it provided for Master Complaints in PTO 11.  Alternatively, if the Court determines that the governmental Master Complaint need not adopt the terms and conditions of the Court's prior PreTrial Orders, then Cameron submits that <u>no</u> Master Complaint is appropriate  for governmental entities.

1046648v.2

**I.      PLAINTIFFS' PROPOSED MASTER COMPLAINT IS INCONSISTENT WITH PTO 11 AND 25.**

Plaintiffs' motion proposes that the Court permit a "Master Complaint" for "local governmental entities", with the expectation that those entities would join the Master Complaint, obviating the necessity of filing individual complaints. In that limited regard, the governmental Master Complaint would be similar to the Master Complaints filed in Pleading Bundles B and D mandated by PTO 11. PTO 11, Rec. d. 569, § III B. But there is an important difference.

Unlike the mandatory process set by PTO 11, this Master Complaint would be "voluntary," meaning that it would not supersede any governmental entities' separate suits. In that sense, it would directly conflict with the agreed provisions of PTO 25 governing the Master Complaints for Pleading Bundles B and D. PTO 25, Rec. d. 983, § 5. Nor would the governmental Master Complaint stay the underlying cases covered by the Master Complaint, which would also conflict with the Master Complaints filed in Pleading Bundles B and D. *Id.*, § 8.

Plaintiffs justify these differences by contending that some governmental units will want to file their own lawsuits, expecting to gain greater autonomy than the entities who file joinders to the governmental Master Complaint. But PTO 25 already offers individual plaintiffs the option of filing their own suits. Plaintiffs claim that the governmental Master Complaint should not supersede or stay the underlying individual actions, presumably to afford the autonomy that some desire, but that request would conflict with this Court's orders and frustrate the purpose of a Master Complaint.

**A.      Plaintiffs' Proposal Improperly Sacrifices Expeditious Docket Management For The Illusion Of Individual Prosecution Of Claims.**

1046648v.2

The sole utility of a Master Complaint in a MDL is to facilitate the administration of pre-trial matters. But that utility is only fully achieved when the Master Complaint supersedes and stays the individual complaints to which it applies. Only then can the Court and the parties focus exclusively on the theories and parties named in the Master Complaint, which becomes the sole vehicle to test the adequacy of the claims and defenses in the litigation. A Master Complaint that does not either supersede or stay the individual complaints cannot deliver this administrative convenience; it is just another complaint that must be individually answered along with the other complaints. A Master Complaint which is not singled out as "controlling the issues" becomes nothing special and the efficiencies of scale are lost.

The primary justification that plaintiffs offer for their proposed Master Complaint is that certain plaintiffs (here, local governmental entities) wish to proceed as individual plaintiffs. But this MDL Court does not have the luxury of allowing countless plaintiffs the luxury of being the captains of multiple ships. When the JPML transferred matters to this Court, it did so to "conserve the resources of the parties, their counsel and the judiciary." Rec. d. 1. To achieve such conservation and centralization, some loss of individuality is necessary. Without centralized case management, the whole benefit of MDL transfer can be lost. Thus, the basic premise of the plaintiffs' motion is contrary to the core mission of this MDL Court.

B.  **Any Master Complaint For Governmental Entities Can Best Serve The Interests Of Judicial Economy By Adoption Of The Terms Of PTO 25.**

When plaintiffs first proposed Master Complaints for Pleading Bundles B and D, they did not provide that the Master Complaints would supersede or stay the individual complaints. But, after meeting and conferring with the parties, the plaintiffs agreed to this condition and other terms for Master Complaints for Pleading Bundles B and D as were

3

memorialized by PTO 25. Plaintiffs offer no reason to treat the proposed governmental Master Complaint any differently. Cameron believes that all Master Complaints should share the attributes established by PTO 25.

PTO 25 permits any plaintiff to file its own complaint but the Master Complaint is <u>the</u> operative complaint for pre-trial purposes and all action in any individual case is stayed. Following that model, local governments who desire to file their own suits would be free to do so, but they would have to file a plaintiff profile form to insure that the Court and parties have the basic information required of all plaintiffs in lieu of initial disclosures. If it conforms to the terms of PTO 25, the proposed Master Complaint would achieve the conservation of resources that the JPML intended when it created the MDL.

## II. IF THE MASTER COMPLAINT IS NOT ABLE TO DELIVER JUDICIAL ECONOMY, THEN THE COURT SHOULD DENY THE MOTION

As set out above, the purpose of a Master Complaint is to achieve a level of judicial economy that separate filings cannot produce  If there is no interest among prospective governmental entities to join in a Master Complaint that supersedes the individual complaints, then there is no reason for a Master Complaint and plaintiffs' motion should be denied.

## III. CONCLUSION

Cameron opposes plaintiffs' motion which fails to adopt the terms and conditions established by the Court for Master Complaints in PTO 25 and anticipated in PTO 11. Rather, the Court should order that any governmental Master Complaint and short form joinder filed herein be subject to the terms of PTO 25.

If the Court believes that a governmental Master Complaint should not be subject to PTO 25 due to concerns about governmental autonomy, then it should not permit the filing of

1046648v.2

such a Master Complaint. As has been demonstrated in this proceeding, local governments are perfectly capable of filing their own individual complaints as a matter of governmental autonomy.

<div style="margin-left:2em">

Respectfully submitted,

</div>

| | |
|---|---|
| David J. Beck, T.A.<br>    dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>    jredden@brsfirm.com<br>David W. Jones<br>    djones@brsfirm.com<br>Geoffrey Gannaway<br>    ggannaway@brsfirm.com<br><br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 Mckinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax)<br><br>Howard L. Murphy, 9844<br>    hmurphy@dkslaw.com<br>DEUTSCH, KERRIGAN & STILES<br>755 Magazine Street<br>New Orleans, Louisiana 70130<br>504-581-5141<br>504-566-4039 | /s/ Phillip A. Wittmann<br>Phillip A. Wittmann, 13625<br>    pwittman@stonepigman.com<br>Carmelite S. Bertaut, 3054<br>    cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>    khall@stonepigman.com<br>Jared Davidson, 32419<br>    jdavidson@stonepigman.com<br><br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br><br>**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

<div style="text-align:center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that the above and foregoing Opposition of Defendant Cameron International Corporation to Plaintiffs' *Ex Parte* Motion for Leave to File Local Government Entity Voluntary Master Complaint and to Adopt Local Government Short-Form Joinder has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre Trial Order # 12, and that the foregoing was electronically filed with the

1046648v.2

Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 24th day of February, 2011.

                                                */s/ Phillip A. Wittmann*
                                                Phillip A. Wittmann

1046648v.2