UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## PRE-TRIAL ORDER NO. 29

[Regarding Documents Produced by BP in the Texas City Litigation]

**BY STIPULATION** of Defendants BP America Production Company, BP Exploration & Production Inc., and BP plc (collectively "the BP Parties"), and Plaintiffs, by and through Plaintiffs' Liaison Counsel:

**IT IS ORDERED** that:

1. Documents (and/or other electronic images or files) that were previously produced in *Miguel Arenazas, et al. v. BP Amoco Chemical Company, et al.,* Case No. 05-CV-0337 (212th District Court, Galveston, Texas), and/or related cases litigated before the 212th District Court, Galveston, Texas (collectively the "Texas City Refinery Explosion Litigation"), (as identified by Bates label prefix BPISOM or BPISOME and including documents produced in electronic format to Plaintiffs' Liaison Counsel in open court at the Status Conference in this

matter on December 17, 2010), shall be treated as if formally produced in the above-captioned litigation;

2. Plaintiffs shall produce mirror image copies of the hard drive that was delivered to Plaintiffs' Liaison Counsel in open court at the Status Conference on December 17, 2010 to Counsel for the BP Parties, Coordinating Counsel for the States, Coordinating Counsel for the United States, and Defense Liaison Counsel within ten (10) days of the entry of this Order;

3. Documents designated "Confidential" in the Texas City Refinery Explosion Litigation shall have the same protections applicable to documents designated "Confidential" under Pre-Trial Order No. 13 [Doc. 641];

4. BP reserves the right to object to the relevance and/or admissibility of any and all documents produced in the Texas City Refinery Explosion Litigation;

5. In the event that Plaintiffs or other Parties seek to challenge, de-classify or otherwise change the "confidential" status of any Texas City Refinery Explosion Litigation documents, Plaintiffs or other such Parties must first meet and confer with counsel for the BP Parties. If the Parties cannot agree on the confidentiality of any Texas City Refinery Explosion Litigation document, Plaintiffs or other such Parties must seek relief from the appropriate 212th District Court with jurisdiction over the Texas City Refinery Explosion Litigation, or from this Court in accordance with PTO No. 13;

6. To the extent documents produced in the Texas City Refinery Explosion Litigation are requested by Defendants, (other than Defense Liaison Counsel as referenced in Paragraph 2), Plaintiffs shall be responsible for producing the Texas City Refinery Explosion

Litigation documents provided to the Plaintiffs' Liaison Counsel at the Status Conference on December 17, 2010. To the extent reasonably possible, Plaintiffs' productions shall be made in accordance with Pre-Trial Order No. 16.

New Orleans, Louisiana, this 25th day of February, 2011.

_____
**Honorable Carl J. Barbier**
**U.S. District Court Judge**