UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG 'DEEPWATER HORIZON' in the GULF OF MEXICO on APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION: J |
| | * | JUDGE: BARBIER |
| This Document Applies to: All Cases in Pleading Bundle Section III.B (3) | * * * | MAG. JUDGE: SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, DYNAMIC AVIATION GROUP, INC. TO PLAINTIFFS' B3 BUNDLE MASTER COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Dynamic Aviation Group, Inc. (hereinafter referred to as 'Dynamic') and for its Answer to Plaintiffs' B3 Bundle Master Complaint in Accordance with PTO No. 11 Section III.B(3) ['B3 Bundle'] (hereinafter referred to the as the 'B3 Master Complaint'), avers as follows:

### ADOPTION OF RULE 12(b) MOTIONS AND DEFENSES

Dynamic reaffirms, adopts and incorporates herein by reference all exceptions, objections, defenses, affirmative defenses, Rule 12(b) Motions, and accompanying pleadings, memoranda and/or related briefs filed on behalf of any similarly situated defendant(s) in response to the Plaintiffs' B3 Master Complaint, and which are not inconsistent with Dynamic's position herein.

1

## FIRST DEFENSE

Plaintiffs' B3 Master Complaint fails to state a claim or cause of action against Dynamic upon which relief can be granted.

## SECOND DEFENSE

**AND NOW**, in answer to the specific allegations of the B3 Master Complaint, Dynamic avers as follows:

1.

The allegations contained in Paragraphs 1, 2, 3, 4, 5, 9, 10, 11, 13, 14, 15, 18, 19, 20, 24, 25, 44, 65, 68, 69, 105, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 122, 123, 125, 126, 127, 128, 151, 152, 153, 156, 157, 158, 160, 161, 176, 177, 178, 179, 186, 194, 202, 219, 229, 237, 243, 244, 247, 251, 252, 256, 259, 260, 272, 278, 289, 290, 291, 293, 294, 307, 308, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339 and 344 of the B3 Master Complaint require no answer from Dynamic.

2.

The allegations contained in Paragraphs 6, 37, 38, 39, 40, 41, 42, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 66, 67, 129, 131, 142, 148, 164, 165, 183, 184, 185, 188, 189, 198, 199, 201, 215, 216, 217, 218, 245, 246, 249 and 313 of the B3 Master Complaint require no answer from Dynamic. However, to the extent an answer may be required, the allegations of these Paragraphs are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraphs 7, 8, 12, 17, 21, 22, 23, 26, 27, 28, 29, 30, 35, 45, 46, 47, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 118, 119, 130, 134, 135, 136, 137, 138, 140, 141, 143, 144, 145, 146, 147, 154, 155, 166, 169, 171, 173, 180, 181, 182, 193, 197, 200, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 248, 250, 254, 255, 257, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 279, 281, 282, 284, 285, 286, 287, 288, 295, 297, 298, 299, 300, 301, 302, 303, 304, 305, 315, 319 and 320 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraphs 16, 31, 32, 33, 34, 36, 71, 72, 73, 74, 75, 76, 77, 91, 92, 109, 190, 191, 192, 195, 196, 240, 312, 314, 317 and 318 of the B3 Master Complaint state conclusions of law that require no answer from Dynamic. However, to the extent an answer may be required, the allegations of these Paragraphs are denied.

5.

The allegations contained in Paragraphs 70, 132, 133, 139, 149, 150, 159, 162, 163, 167, 168, 170, 172, 174, 175, 187, 198, 199, 220, 221, 222, 223, 224, 225, 226, 227, 228, 230, 231, 232, 233, 234, 235, 236, 238, 239, 241, 242, 253, 258, 271, 273, 274, 275, 276, 277, 280, 283, 292, 296, 306, 309, 310, 311, 316, 321, 322, 340, 341, 342, 343, 345 and 346 of the B3 Master Complaint are denied insofar as they pertain to Dynamic.

6.

The allegations contained in Paragraph 58 of the B3 Master Complaint are admitted.

7.

The allegations contained in Paragraph 120 of the B3 Master Complaint are denied, except we did operate spotter aircraft.

8.

The allegations contained in Paragraph 121 of the B3 Master Complaint are denied, but we did operate some spray flights.

9.

The allegations contained in Paragraph 124 of the B3 Master Complaint are admitted. (7198Y).

**AND NOW, FURTHER ANSWERING**, Dynamic asserts the following affirmative defenses:

### THIRD DEFENSE

The claims against Dynamic are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts or statutes.

### FOURTH DEFENSE

The allegations of the B3 Master Complaint fail to allege sufficient factual support for class certification. Out of an abundance of caution, Dynamic affirmatively asserts that Plaintiffs' claims are not appropriate for class certification.

### FIFTH DEFENSE

Dynamic further pleads that Plaintiffs' claims are, or may be, barred, in whole or in part, to

the extent that they are precluded by the Economic Loss Doctrine.

## SIXTH DEFENSE

Dynamic further pleads any and all defenses applicable to Dynamic that are applicable and available to Defendant under any controlling Louisiana, Alabama, Florida, Mississippi and/or Texas statutes.

## SEVENTH DEFENSE

Plaintiffs' claims against Dynamic are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## EIGHTH DEFENSE

Dynamic hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## NINTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damage, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

## TENTH DEFENSE

Dynamic is entitled to and requests a bifurcation of Plaintiffs' claims for actual and punitive damages.

## ELEVENTH DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown to Dynamic, and thus Dynamic cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Dynamic expressly reserves the right to raise additional defenses to the extent that:

a. Additional defenses become applicable under state and federal law;

b. Additional defenses are established as discovery proceeds; and

c. Additional defenses are available under subsequently asserted theories of recovery.

## TWELFTH DEFENSE

Dynamic avers that Plaintiffs' claims in the B3 Master Complaint are barred by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that such claims should be dismissed on the following grounds:

1) The Plaintiffs fail to set forth any factual allegations against Dynamic to support a cognizable legal claim;

2) Plaintiffs have failed to identify any action or inaction by Dynamic that was causative of the plaintiffs' damages;

3) The B3 Master Complaint fails to allege any facts suggesting that a particular plaintiff was damaged by Dynamic or a particular other defendant; and

4) The Plaintiffs have failed to state a valid claim against Dynamic for which any plaintiff can recover

### THIRTEENTH DEFENSE

The Plaintiffs lack standing and/or capacity to assert the claims set forth in the Petition, in whole or in part.

### FOURTEENTH DEFENSE

Plaintiffs' alleged injuries and/or damages were the result of unavoidable accident.

### FIFTEENTH DEFENSE

Dynamic alleges and contends that neither it nor anyone for whom it may be legally responsible was guilty of any negligence, unseaworthiness, want of due care or other legal fault constituting a producing or a proximate cause of the casualty event at issue.

### SIXTEENTH DEFENSE

Plaintiffs do not assert a claim against Dynamic under products liability law, and Dynamic denies that it designed the products at issue or is otherwise a proper defendant to any products liability claim. Out of an abundance of caution, however, Dynamic additionally pleads that any product for which it is allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered. Further, Dynamic pleads there was no causal relationship between Dynamic and any alleged defective product.

### SEVENTEENTH DEFENSE

The imposition of punitive damages would violate Dynamic's rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### EIGHTEENTH DEFENSE

The Court lacks subject matter jurisdiction, inter alia, by virtue of the failure of Plaintiff to comply with the presentment requirements of the Oil Pollution Act ("OPA"), 33 U.S.C. §2701, et seq.

### NINETEENTH DEFENSE

Plaintiffs have failed to join an indispensable party (or parties) under FRCP Rule 19.

### TWENTIETH DEFENSE

Some or all of the Plaintiffs' claims are not ripe.

## TWENTY-FIRST DEFENSE

Plaintiffs have failed to satisfy conditions precedent to recovery.

## TWENTY-SECOND DEFENSE

Dynamic asserts all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §2701 et seq., including, without limitation: a. Plaintiffs have failed to make presentment of their claims as required under OPA.

## TWENTY-THIRD DEFENSE

OPA displaces or preempts Plaintiffs' claims with respect to oil spill damages and otherwise.

## TWENTY-FOURTH DEFENSE

Plaintiffs have no right of action against Dynamic as none of them are or have been designated a responsible party as defined under OPA.

## TWENTY-FIFTH DEFENSE

OPA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

## TWENTY-SIXTH DEFENSE

OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

## TWENTY-SEVENTH DEFENSE

OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

### TWENTY-EIGHTH DEFENSE

Dynamic asserts the defenses of set off and recoupment, and further asserts that it is entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiffs receive from any source as compensation for alleged losses.

### TWENTY-NINTH DEFENSE

The damages referred to in Plaintiffs' Complaint were not caused or contributed to in any manner by Dynamic, its alleged servants, employees, agents, or anyone for whom Dynamic is responsible.

### THIRTIETH DEFENSE

Plaintiffs lack standing to assert the claims set forth in the Complaint in whole or in part.

### THIRTY-FIRST DEFENSE

No actual case or controversy exists between the Plaintiffs and Dynamic with regard to one or more of the claims set forth in the Complaint.

### THIRTY-SECOND DEFENSE

The incident and resulting damages that are the subject of the Complaint were caused by the sole, comparative or contributory fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, third-parties or entities for whom Dynamic is not liable or legally responsible.

### THIRTY-THIRD DEFENSE

The claims and causes of action set forth in the Complaint are barred in whole or in part by superseding and intervening causation.

### THIRTY-FOURTH DEFENSE

Dynamic did not owe any duty or warranty to the Plaintiffs and did not breach any duty or warranty.

### THIRTY-FIFTH DEFENSE

Plaintiffs may not have reasonably mitigated damages, if any, and should be required to provide proof of all alleged damages.

### THIRTY-SIXTH DEFENSE

Dynamic denies that it may have been guilty of any conduct that would support an award of punitive damages against it.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 133 1, et seq., the Oil Pollution Act of 1990, 33 U.S.C. §§ 270 1, et seq., the Clean Water Act, 33 U.S.C. §§ 1251, et seq., and the Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service policies and regulations regarding offshore oil exploration and drilling, and federal maritime law.

### THIRTY-EIGHTH DEFENSE

Dynamic is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. Dynamic is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

### THIRTY-NINTH DEFENSE

Any affirmative defenses pled by the other Defendants and not pled by Dynamic are incorporated herein to the extent they do not conflict with the Dynamic affirmative defenses.

### FORTIETH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FORTY-FIRST DEFENSE

Dynamic asserts any other defenses which it may be entitled under FRCP Rule 8(c).

### FORTY-SECOND DEFENSE

Dynamic reserves the right to amend its answer, to assert Rule 12(b) and other defenses, and to assert cross-claims, and third-party complaints, as appropriate.

### FORTY-THIRD DEFENSE

All of Dynamic's activities which are challenged in the B3 Master Complaint were ultimately approved, authorized, directed, and controlled by the President of the United States and/or the properly appointed and duly authorized Federal On-Scene Coordinator and/or the National Incident Commander, and Dynamic is entitled to derivative federal immunity from all claims asserted therein.

### FORTY-FOURTH DEFENSE

At all relevant times, Dynamic was acting as a contractor (or sub-contractor) to the United States Government in compliance with reasonably precise directives and specifications issued and/or approved by the President of the United States and/or the properly appointed and duly authorized Federal On-Scene Coordinator and/or the National Incident Commander. Consequently, Dynamic is entitled to Governmental Contractor Indemnity.

## FORTY-FIFTH DEFENSE

At all relevant times, Dynamic was acting consistently with the National Contingency Plan and/or as directed by the President or his designee and is therefore exempt from liability, in whole or in part, in accordance with 33 U.S.C.A. § 1321, *et seq.* and/or 42 U.S.C.A. § 9607.

## FORTY-SIXTH DEFENSE

At all relevant times, Dynamic was a contractor engaged in hazardous waste mitigation, abatement, and/or cleanup services and is immune from liability for injury to persons or property caused by or related to such services in accordance with LSA-R.S. 9:2800.3.

## FORTY-SEVENTH DEFENSE

At all relevant times, Dynamic was a contractor working in accordance with plans, specifications and directives furnished to it, and believing at all times that these plans, specifications, and directives were safe and in compliance with all applicable laws and regulations. Reasonable compliance with such plans, specifications, and directives is a complete defense and/or entitles Dynamic to statutory immunity in accordance with LSA-R.S. 9:2771.

## JURY DEMAND

Dynamic Aviation Group, Inc. is entitled to and hereby demands trial by jury on all issues raised in the B3 Master Complaint, or in any supplemental and amending pleadings.

**WHEREFORE,** the above premises considered, Defendant, Dynamic Aviation Group, Inc., respectfully prays that this Answer be deemed good and sufficient; that after due proceedings are had that there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' B3 Master Complaint, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and all costs of these proceedings.

13

Respectfully submitted,

/s/ Leo R. McAloon, III
LEO R. McALOON, III (NO. 19044)
EMAIL ADDRESS: lmcaloon@glllaw.com
MICHAEL D. CANGELOSI (NO. 30427)
EMAIL ADDRESS: mcangelosi@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Attorneys for Dynamic Aviation Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Answer and Affirmative Defenses of Defendant, Dynamic Aviation Group, Inc. to Plaintiffs' B3 Bundle Master Complaint* has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

/s/ Leo R. McAloon, III