## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA
### (NEW ORLEANS)

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| | * | |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | JUDGE CARL BARBIER |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| ALL CASES | * | MAG. JUDGE SHUSHAN |

## ANSWER TO "MASTER COMPLAINT IN ACCORDANCE WITH PTO NO. 11 [CASE MANAGEMENT ORDER NO. 1] SECTION III.B(3) ["B3 BUNDLE"] ON BEHALF OF AIRBORNE SUPPORT, INC. AND AIRBORNE SUPPORT INTERNATIONAL, INC.

NOW INTO COURT, through undersigned counsel, come Defendants, AIRBORNE

SUPPORT, INC. and AIRBORNE SUPPORT INTERNATIONAL, INC. (collectively "Airborne

Support" or "Defendants"), who respond to Plaintiffs' "Master Complaint In Accordance With

PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"]" (the "B3 Master

Complaint") as follows:

### GENERAL DENIAL/RESERVATION OF RIGHTS

Airborne Support denies each and every allegation set forth in the B3 Master Complaint

except as specifically admitted herein, and respectfully submits this response with full

reservation of rights, and without waiver of any objection, exception, defense, affirmative

defense and/or motion available to Airborne Support under applicable law, state or federal,

including but not limited to those specifically referenced in Pre-Trial Order No. 25 (Rec. Doc.

No. 983).

Prior to the filing of the B3 Master Complaint, Airborne Support was not joined as a

defendant in any individual or underlying action, state or federal.  Airborne Support specifically

reserves any and all objections to the "pleading bundles" and "master complaints" established in connection with this multidistrict litigation, any and all objections to this Court's jurisdiction, and any and all objections to concerning or related to the inclusion of Airborne Support in the B3 Master Complaint by Plaintiffs' Steering Committee on behalf of nameless and/or fictitious Plaintiffs.

## ADOPTION OF RULE 12(b) MOTIONS AND DEFENSES

Airborne Support reaffirms, adopts and incorporates herein by reference all exceptions, objections, defenses, affirmative defenses, Rule 12(b) motions, and accompanying pleadings, memoranda and/or related briefs filed on behalf of any similarly situated defendant(s) in response to the Plaintiffs' B3 Master Complaint, and which are not inconsistent with Airborne Support's position herein.

## FIRST DEFENSE

The B3 Master Complaint is vague and ambiguous as to: (1) the Plaintiff(s), if any, asserting a claim against Airborne Support herein; (2) the alleged conduct of Airborne Support and associated cause(s) of action asserted on behalf of each unidentified and/or fictitious Plaintiff against Airborne Support; and (3) the nature and extent of any damages allegedly sustained by each unidentified and/or fictitious Plaintiff for which recovery is sought against Airborne Support. The B3 Master Complaint fails to provide Airborne Support with fair notice of Plaintiffs' claim(s) and the grounds therefore, and Airborne Support moves and is entitled to dismissal of all such claims or a more definite statement.

## SECOND DEFENSE

Plaintiffs' B3 Master Complaint fails to state a claim against Airborne Support upon which relief may be granted.

## THIRD DEFENSE

The Plaintiffs have no cause or right of action against Airborne Support.

## FOURTH DEFENSE

And now, answering the particular allegations of Plaintiffs' B3 Master Complaint, Airborne Support avers as follows:

1.

The allegations contained in the "Introduction" and Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 (as amended by Pre-Trial Order No. 25, Rec. Doc. No. 983), 19 and 20 of the B3 Master Complaint include arguments of counsel, unsupported assertions and factual inferences, mixed statements of law and fact, select procedural history, qualifications and reservations which do not pertain to Airborne Support and/or otherwise require an answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. Additionally, except to admit that on or about April 20, 2010, an explosion and fire occurred aboard the Mobile Offshore Drilling Unit, Deepwater Horizon, while located on the Macondo Prospect Mississippi Canyon 252 oil well, that the Deepwater Horizon subsequently sank, and that oil leaked from the well into the Gulf of Mexico requiring clean up, the remaining allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 (as amended by Pre-Trial Order No. 25, Rec. Doc.

No. 983), 19, and 20 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further, Airborne Support specifically denies it is liable to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

2.

Paragraphs 21, 22 and 23 of the B3 Master Complaint set forth counsels' classification of unidentified and/or fictitious Plaintiffs which require no answer on behalf of Defendants. However, to the extent this Court may require an answer, the allegations of Paragraph 21, including all subparagraphs thereof, and of Paragraphs 22 and 23 are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraphs 21, 22 and 23 are denied for lack of sufficient information to justify a belief therein. Further, Airborne Support specifically denies liability to "VoO Plaintiffs", "Decontamination Plaintiffs", "Vessel Plaintiffs", "Onshore Plaintiffs", "Resident Plaintiffs" and/or any other classification of Plaintiffs.

3.

The allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the B3 Master Complaint concern BP, and do not require an answer on behalf of Airborne Support. However, to the extent this Court may require an answer, except to admit BP was designated as a "responsible party" under the Oil Pollution Act of 1990 in connection with the Deepwater Horizon oil spill which is the subject of this litigation, Airborne Support denies the allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the B3 Master Complaint for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 62, 63, 64, 66, 67, 68, and 69 of the B3 Master Complaint concern other defendants, and require no answer on behalf of Airborne Support. However, to the extent this Court may require an answer, except to admit Transocean was designated as a "responsible party" under the Oil Pollution Act of 1990 in connection with the Deepwater Horizon oil spill which is the subject of this litigation, Airborne Support denies the allegations contained in Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 58, 59, 60, 62, 63, 64, 66, 67, 68, and 69 of the B3 Master Complaint for lack of sufficient information to justify a belief therein.

5.

Except to admit that Airborne Support, Inc. is a Florida corporation with its principal place of business in Houma, Louisiana which participated in certain post-explosion oil spill clean-up response efforts authorized, directed and ultimately controlled by the President of the United States and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator and/or the National Incident Commander, the allegations contained in Paragraph 55 of the B3 Master Complaint are denied.

6.

Except to admit that Airborne Support International, Inc. is a Louisiana corporation with its principal place of business in Houma, Louisiana, the allegations contained in Paragraph 56 of the B3 Master Complaint are denied. Airborne Support International, Inc. specifically denies

any participation or involvement in remediation and response efforts undertaken in connection with the oil spill which is the subject of this litigation.

7.

Except to admit National Response Corporation participated in certain post-explosion oil spill response efforts, Airborne Support denies the allegations contained in Paragraph 61 of the B3 Master Complaint for lack of sufficient information to justify a belief therein.

8.

Paragraph 65 of the B3 Master Complaint sets forth counsels' collective label of "Dispersant Defendants" for reference purposes, and requires no answer on behalf of Defendants. However, to the extent this Court may require an answer, the allegations of Paragraph 65 are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 70 state conclusions of law, and require no answer on behalf of Defendants. However, to the extent this Court may require an answer, the allegations of Paragraph 70 are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

10.

The jurisdictional allegations contained in Paragraphs 71, 72, 73, 74, 75, 76, and 77 of the B3 Master Complaint do not require an answer on behalf of Airborne Support. However, to the extent this Court may require an answer, Airborne Support denies the allegations contained in Paragraphs 71, 72, 73, 74, 75, 76, and 77 of the B3 Master Complaint for lack of sufficient information to justify a belief therein. Further, as to Airborne Support, no "case" or "controversy" is presented within the meaning of Article III, § 2 of the United States Constitution.

11.

The allegations contained in Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 of the B3 Master Complaint do not pertain to Airborne Support, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. Additionally, except to admit that on or about April 20, 2010, an explosion and fire occurred aboard the Mobile Offshore Drilling Unit, Deepwater Horizon, while located on the Macondo Prospect Mississippi Canyon 252 oil well, that the Deepwater Horizon subsequently sank, and that oil leaked from the well into the Gulf of Mexico requiring clean up, the remaining allegations of Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 93 of the B3 Master Complaint are admitted.

13.

The allegations contained in Paragraphs 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, and 104 of the B3 Master Complaint do not pertain to Airborne Support, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, Airborne Support denies the allegations contained in Paragraphs 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, and 104 of the B3 Master Complaint for lack of sufficient information to justify a belief therein.

14.

Except to admit that certain Airborne Support, Inc. aircraft were called into service by the President of the United States and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator and/or the National Incident Commander, and that in assisting in the Deepwater Horizon oil spill clean-up response, Airborne Support, Inc. acted, at all relevant times, pursuant to the authorization, direction and ultimate control of the federal government, the allegations contained in Paragraph 105 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127 and 128 include mixed allegations of fact and conclusions of law which do not pertain to Airborne Support, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, Airborne Support denies the allegations contained in Paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 123, 124, 125, 126, 127 and 128 of the B3 Master Complaint for lack of sufficient information to justify a belief therein.

16.

Except to admit Airborne Support, Inc. owned and operated aircraft called into service by the President of the United States and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator and/or the National Incident Commander, and which were used in assisting in the Deepwater Horizon oil spill clean-up response pursuant to the authorization, direction and ultimate control of the federal government, the allegations contained in Paragraph 122 of the B3 Master Complaint are denied.   Further, Airborne Support International, Inc. specifically denies any participation or involvement in remediation and response efforts undertaken in connection with the oil spill which is the subject of this litigation.

17.

The allegations contained in Paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 and 158 of the B3 Master Complaint require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 and 158 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraphs 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, and 175 of the B3 Master Complaint, including all subparagraphs thereof, require no answer on behalf of these Defendants.  However, to the extent this Court may

require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, and 175 of the B3 Master Complaint, including all subparagraphs thereof, are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

19.

The "class allegations" contained in Paragraphs 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192 and 193 of the B3 Master Complaint, including all subparagraphs thereof, require no answer on behalf of Airborne Support.  However, to the extent this Court may require an answer, the allegations of Paragraphs 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192 and 193 of the B3 Master Complaint, including all subparagraphs thereof, are denied.

20.

The allegations contained in Plaintiffs' "FIRST CLAIM FOR RELIEF", Paragraphs 194, 195, 196, 197, 198, 199, 200 and 201, of the B3 Master Complaint do not pertain to Airborne Support, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 194, 195, 196, 197, 198, 199, 200 and 201of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or

non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

21.

The allegations contained in Plaintiffs' "SECOND CLAIM FOR RELIEF", Paragraphs 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217 and 218, of the B3 Master Complaint do not pertain to Airborne Support, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraphs 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217 and 218 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

22.

The allegations contained in Plaintiffs' "THIRD CLAIM FOR RELIEF", Paragraphs 219, 220, 221, 222, 223, 224, 225, 226, 227 and 228, of the B3 Master Complaint state mere conclusions of law, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations of the referenced Paragraphs, including all subparagraphs thereof, are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraphs 219, 220, 221, 222, 223, 224, 225, 226, 227 and 228 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or

non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

23.

The allegations contained in Plaintiffs' "FOURTH CLAIM FOR RELIEF", Paragraphs 229, 230, 231, 232, 233, 234, 235 and 236, of the B3 Master Complaint state mere conclusions of law, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraphs 229, 230, 231, 232, 233, 234, 235 and 236 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

24.

The allegations contained in Plaintiffs' "FIFTH CLAIM FOR RELIEF", Paragraphs 237, 238, 239, 240, 241 and 242, of the B3 Master Complaint state mere conclusions of law, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 237, 238, 239, 240, 241 and 242 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

25.

The allegations contained in Plaintiffs' "SIXTH CLAIM FOR RELIEF", Paragraphs 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257 and 258, of the B3 Master Complaint state conclusions of law, do not pertain to Airborne Support, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257 and 258 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

26.

The allegations contained in Plaintiffs' "SEVENTH CLAIM FOR RELIEF", Paragraphs 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270 and 271, of the B3 Master Complaint state conclusions of law, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270 and 271of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

27.

The allegations contained in Plaintiffs' "EIGHTH CLAIM FOR RELIEF", Paragraphs 272, 273, 274, 275, 276 and 277, of the B3 Master Complaint state conclusions of law, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 272, 273, 274, 275, 276 and 277of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

28.

The allegations contained in Plaintiffs' "NINTH CLAIM FOR RELIEF", Paragraphs 278, 279, 280, 281, 282, 283, 284, 285, 286, 287 and 288, of the B3 Master Complaint state conclusions of law, and require no answer on behalf of these Defendants.  However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support.  The remaining allegations of Paragraphs 278, 279, 280, 281, 282, 283, 284, 285, 286, 287 and 288 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein.  Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

29.

The allegations contained in Plaintiffs' "TENTH CLAIM FOR RELIEF", Paragraphs 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305 and 306, of the B3 Master Complaint state conclusions of law, do not pertain to Airborne Support, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. The remaining allegations of Paragraphs 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305 and 306 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

30.

The allegations contained in Plaintiffs' "ELEVENTH CLAIM FOR RELIEF", Paragraphs 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319 and 320, of the B3 Master Complaint state conclusions of law, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. Additionally, and except as specifically admitted herein, the remaining allegations of Paragraphs 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319 and 320 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

31.

The allegations contained in Paragraphs 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345 and 346 of the B3 Master Complaint state conclusions of law, and require no answer on behalf of these Defendants. However, to the extent this Court may require an answer, the allegations are denied to the extent they pertain to Airborne Support. Additionally, and except as specifically admitted herein, the remaining allegations of Paragraphs 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345 and 346 of the B3 Master Complaint are denied for lack of sufficient information to justify a belief therein. Further answering, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

32.

The allegations contained in the Plaintiffs' prayer for relief do not require an answer on behalf of Airborne Support. However, to the extent this Court may require an answer, such allegations are denied. Further, Airborne Support specifically denies liability to Plaintiffs and/or any other party or non-party in connection with this litigation, under any theory whatsoever, and that Plaintiffs are entitled to any relief against these Defendants.

33.

All remaining, unnumbered allegations contained in the B3 Master Complaint are denied.

**JURY DEMAND**

Airborne Support requests a trial by jury on all issues in this matter.

## FIFTH DEFENSE

Airborne Support reiterates and re-urges each of its defenses set forth above, and except as has been specifically admitted herein, expressly denies the truth of the allegations of fact contained the B3 Master Complaint.

## SIXTH DEFENSE

Airborne Support avers that the claims of the B3 Master Complaint are barred by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that such claims should be dismissed based upon, without limitation and/or waiver, on the following grounds:

1) Plaintiffs fail to set forth any factual allegations against Airborne Support to support a cognizable legal claim;

2) Plaintiffs have failed to identify any action or inaction by Airborne Support that was causative of the Plaintiffs' alleged damages;

3) The B3 Master Complaint fails to allege any facts suggesting that any particular Plaintiff was damaged by Airborne Support; and

4) The Plaintiffs have failed to state a valid claim against Airborne Support for which any Plaintiff may recover.

## SEVENTH DEFENSE

As to Airborne Support, the B3 Master Complaint fails to present a "case" or "controversy" within the meaning of Article III, § 2 of the United States Constitution.

## EIGHTH DEFENSE

The claims asserted against Airborne Support in Plaintiffs' B3 Master Complaint directly conflict with and are completely preempted by federal law.

## NINTH DEFENSE

All of Airborne Support's activities which are challenged in the B3 Master Complaint were ultimately approved, authorized, directed, and controlled by the President of the United States and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator and/or the National Incident Commander, and Airborne Support is entitled to derivative federal immunity from all claims asserted therein.

## TENTH DEFENSE

At all relevant times, Airborne Support was acting as a contractor (or sub-contractor) to the United States Government in compliance with reasonably precise directives and specifications issued and/or approved by the President of the United States and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator and/or the National Incident Commander. Consequently, Airborne Support is entitled to Governmental Contractor Immunity.

## ELEVENTH DEFENSE

At all relevant times, Airborne Support was acting consistently with the National Contingency Plan and Area Contingency Plans, and as directed by the President and/or his properly appointed and duly authorized designees, including the federal On-Scene Coordinator

and/or the National Incident Commander, and is therefore exempt from liability, in whole or in part, in accordance with 33 U.S.C.A. § 1321, *et seq*. and/or 42 U.S.C.A. § 9607.

## TWELFTH DEFENSE

The claims asserted herein based on laws of the States of the United States are expressly or impliedly preempted by federal law that occupies the field in whole or in part and the enforcement of state law causes of action would impair or impede federal law.

## THIRTEENTH DEFENSE

Plaintiff's claims against Airborne Support are preempted pursuant to the doctrine of implied conflict preemption.

## FOURTEENTH DEFENSE

Airborne Support asserts all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C.A. §2701, et seq., including, without limitation, Plaintiffs' failure to make presentment of claims as required by law, and all limitations and exclusions which may be applicable to Plaintiffs' alleged rights of recovery.

## FIFTEENTH DEFENSE

The OPA displaces or preempts Plaintiffs' claims and eliminates and/or limits Plaintiffs' asserted rights to recovery.

## SIXTEENTH DEFENSE

Plaintiffs have no right and/or no cause of action against Airborne Support as neither of these defendants is a "responsible party" as defined by the OPA.

## SEVENTEENTH DEFENSE

Plaintiffs have failed to join an indispensable party (or parties) under Rule 19 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

Plaintiffs lack standing and/or capacity to assert the claims set forth in the B3 Master Complaint.

## NINETEENTH DEFENSE

Some or all of the Plaintiffs' claims are not ripe.

## TWENTIETH DEFENSE

Airborne Support affirmatively avers that, at all times pertinent hereto, it acted reasonably and prudently under the circumstances and complied with all applicable state and federal laws and regulations.

## TWENTY-FIRST DEFENSE

The claims against Airborne Support are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suite within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts or statutes.

## TWENTY-SECOND DEFENSE

Airborne Support further pleads that Plaintiffs' claims are barred, in whole or in part, to the extent the same is precluded by applicable economic loss doctrines, state and/or federal.

### TWENTY-THIRD DEFENSE

To the extent Plaintiffs' seek recovery for economic loss absent physical injury to a proprietary interest, Plaintiffs' claims are barred under *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927) and its progeny, including, without limitation, those incorporating and/or adopting the limitation announced in *Robins Dry Dock* into the law of the States of Louisiana, Mississippi, Alabama, Florida and Texas.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Airborne Support are, or may be barred in whole or in part by the doctrines of estoppel, release or waiver.

### TWENTY-FIFTH DEFENSE

At all relevant times, Airborne Support was a contractor engaged in hazardous waste mitigation, abatement, and/or cleanup services and is immune from liability for injury to persons or property caused by or related to such services in accordance with LSA-R.S. 9:2800.3.

### TWENTY-SIXTH DEFENSE

At all relevant times Airborne Support was a contractor working in accordance with plans, specifications and directives furnished to it, and believing at all times that these plans, specifications, and directives were safe and in compliance with all applicable laws and regulations. Reasonable compliance with such plans, specifications, and directives is a complete defense and/or entitles Airborne Support to statutory immunity in accordance with LSA-R.S. 9:2771.

## TWENTY-SEVENTH DEFENSE

Airborne Support avers that the damages, injuries and/or illnesses alleged by the Plaintiffs, should any exist, which is not admitted but is specifically denied, were not sustained as a result of any negligence, fault, want of due care, breach of warranty and/or unairworthiness on the part of Airborne Support, or on the part of others for whose conduct Airborne Support may in any way be responsible, but occurred and/or were caused solely by the fault and negligence of the Plaintiffs and/or others for whom Airborne Support has no responsibility, which precludes and bars any recovery by the Plaintiffs against Airborne Support.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by their own and/or their predecessor in title's negligence, inattention and other faults, which should act as a complete bar, or in the alternative, as a mitigating factor to any recovery herein. Airborne Support pleads assumption of the risk, contributory negligence, and comparative fault as affirmative defenses.

## TWENTY-NINTH DEFENSE

The alleged occurrence and/or damages which are the subject of the B3 Master Complaint were caused by the sole, comparative and/or contributory fault, negligence, breach of duty, breach of warranty, breach of contract, statutory and/or regulatory violations of other persons for whom Airborne Support is not responsible which bars any recovery by the Plaintiffs against Airborne Support or, alternatively, operates in mitigation of any such recovery.

## THIRTHIETH DEFENSE

In the alternative, Airborne Support affirmatively avers that the damages alleged by the Plaintiffs, should any exist, which is not admitted but is specifically denied, were not caused by any negligence or fault of Airborne Support, its employees, agents, and/or other persons for

whom it may be responsible, but instead were caused by the usual and customary risks, dangers and/or hazards of a person in the Plaintiffs' occupation, all of which were open/obvious and/or knowingly/voluntarily assumed by the Plaintiffs, which bars any recovery by the Plaintiffs against Airborne Support or, alternatively, operates in mitigation of any such recovery.

## THIRTY-FIRST DEFENSE

Airborne Support affirmatively avers that if the Plaintiffs are now suffering from any injury, illness, disease and/or disability which pre-existed the alleged accident and/or is the natural progression of a condition which pre-existed the alleged occurrence which is the subject of the claims asserted herein, the Plaintiffs cannot recover damages against these Defendants to the extent of any such pre-existing injury, illness, disease and/or disability.

## THIRTY-SECOND DEFENSE

Plaintiffs' alleged damages, if any, are due in whole or in part to acts of nature, force majeure, and/or the actions or inactions of third parties, including, but not limited to, Plaintiffs and/or Plaintiffs' predecessors in title, for which Airborne Support is not responsible. Alternatively, should Airborne Support be held responsible for any damages to Plaintiffs and/or to Plaintiffs' property (which is denied), Airborne Support's liability must be apportioned according to its contribution to any such damages. Airborne Support specifically pleads third party fault, act of God, force majeure, and comparative fault as alternative defenses.

## THIRTY-THIRD DEFENSE

Plaintiffs are barred from recovery for property damages which occurred prior to the time they acquired an ownership interest(s) in the properties at issue. Airborne Support pleads the subsequent purchaser doctrine as an affirmative defense.

### THIRTY-FOURTH DEFENSE

Plaintiffs' damages, if any, were caused by the sole fault and/or strict liability of a person or persons other than Airborne Support, and for whom Airborne Support is not responsible. Such fault and/or strict liability bars or, in the alternative, reduces any recovery to which plaintiffs might otherwise be entitled.

### THIRTY-FIFTH DEFENSE

Airborne Support affirmatively avers that the Plaintiffs and/or Plaintiffs' predecessors in title may have failed to fully and properly mitigate their damages, if any, which is not admitted but is specifically denied, as required by law, and such failure bars and/or reduces any recovery of damages herein.

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs seek to recover punitive or exemplary damages from Airborne Support under Louisiana law, Plaintiffs have no cause of action under now repealed Louisiana Civil Code Article 2315.3.

### THIRTY-SEVENTH DEFENSE

Alternatively, in the event that Airborne Support is found responsible in any way to Plaintiffs (which is denied), Airborne Support is entitled to have the fault of the Plaintiffs and/or other persons, entities and/or parties allocated, regardless of whether such entities are defendants or not, and any amounts found owing to Plaintiffs reduced to the extent of the apportionment of such fault to Plaintiffs and/or other persons, entities and/or parties.

## THIRTY-EIGHTH DEFENSE

In the alternative, should Plaintiffs be entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of any Complaint herein.  Airborne Support pleads set-off as an affirmative defense.

## THIRTY-NINTH DEFENSE

Plaintiffs have no right of action and/or no cause of action with respect to rights, property or things they do not own, that belong to third parties, that belong to the public at large, or that are classified as public or common things under state or federal law.

## FORTIETH DEFENSE

To the extent Airborne Support is found to have owed any duty and/or warranty to the Plaintiffs, which is specifically denied, Airborne Support did not breach any such duty and/or warranty.

## FORTY-FIRST DEFENSE

The Plaintiffs' alleged injuries and/or damages, if any, which is not admitted but is specifically denied, were a result of intervening acts of superceding negligence and/or fault of other persons and/or entities for whom Airborne Support is not responsible.

### FORTY-SECOND DEFENSE

Airborne Support affirmatively avers that it is not liable to the Plaintiffs under any theory of strict liability and denies that such a theory of liability is applicable to this case and/or against these Defendants.

### FORTY-THIRD DEFENSE

Neither Airborne Support, nor anyone for whom it may be held responsible, engaged in conduct which might support an award of punitive damages against these Defendants.

### FORTY-FOURTH DEFENSE

Airborne Support specifically denies negligence, gross negligence, willful, wanton or malicious misconduct, reckless indifference, reckless disregard of rights, malice and/or intent (actual, legal or otherwise) on the part of Airborne Support.  Further, Airborne Support never assumed and denies responsibility for any negligence gross negligence, willful, wanton or malicious misconduct, reckless indifference, reckless disregard of rights, malice and/or intent (actual, legal or otherwise) of any other person or entity.

### FORTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate the constitutional safeguards afforded Airborne Support under the United States Constitution.

### FORTY-SIXTH DEFENSE

Plaintiffs claims are, or may be, barred in whole or in part to the extent that an award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments,

separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague and ambiguous.

## **FORTY-SEVENTH DEFENSE**

Airborne Support is entitled to and requests a bifurcation of Plaintiffs' claims for actual and punitive damages.

## FORTY-EIGHTH DEFENSE

The imposition of punitive damages would violate Airborne Support's rights to (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate revenue of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

## FORTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Jones Act, 46 U.S.C. § 30104, *et seq.*, the Death On The High Seas Act, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, et seq., the Oil Pollution Act of 1990, 33 U.S.C. §§ 270 1, et seq, the Clean Water Act, 33 U.S.C. §§ 1251, et seq., the National Contingency Plan, C.F.R. Part 300, and the Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service policies and regulations regarding offshore oil exploration and drilling, and federal maritime law.

## FIFTIETH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTY-FIRST DEFENSE

Airborne Support specifically pleads herein any and all defenses which may be available to it under Louisiana law, including without limitation, La. R.S. 30:2466 *et seq.*, as if restated and copied herein.

## FIFTY-SECOND DEFENSE

Airborne Support specifically pleads herein any and all defenses which may be available to it under Alabama law, including without limitation, Ala. Code §6-5-332.2 *et seq.*, as if restated and copied herein.

## FIFTY-THIRD DEFENSE

Airborne Support specifically pleads herein any and all defenses which may be available to it under Mississippi law, including without limitation, Miss. Code Ann. §49-18-5 *et seq.*, as if restated and copied herein.

## FIFTY-FOURTH DEFENSE

Airborne Support specifically pleads herein any and all defenses which may be available to it under Florida law, including without limitation, Fla. Stat. §376.09(5) *et seq.*, as if restated and copied herein.

### FIFTY-FIFTH DEFENSE

Airborne Support specifically pleads herein any and all defenses which may be available to it under Texas law, including without limitation, Tex. Nat. Res. Code Ann. §40.104(b) *et seq.*, as if restated and copied herein.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims are premature and Plaintiffs have failed to satisfy conditions precedent to suit and/or recovery.

### FIFTY-SEVENTH DEFENSE

Airborne Support asserts the defenses of set off and recoupment, should any damages be awarded against these Defendants, and further asserts entitlement to a credit for any and all amounts paid by "responsible parties" and/or any and all amounts Plaintiffs have received and/or may in the future receive from any source as compensation for their alleged losses, damages, injuries etc.  Airborne Support is also entitled to have any damages which may be awarded against these Defendants reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

### FIFTY-EIGHTH DEFENSE

The allegations of the B3 Master Complaint fail to allege sufficient factual support for class certification. Out of an abundance of caution, Airborne Support affirmatively asserts that Plaintiffs' claims are not appropriate for class certification.

### FIFTY-NINTH DEFENSE

The exact damages/losses claimed by Plaintiffs are unknown to Airborne Support, and thus Airborne Support cannot adequately determine all defenses that may be applicable to

Plaintiffs' claims.  Therefore, Airborne expressly reserves the right to raise additional defenses to the extent that:

    a.   Additional defenses become applicable under state and federal law;

    b.   Additional defenses are established as discovery proceeds; and

    c.   Additional defenses are available under subsequently clarified and/or asserted theories of recovery.

## SIXTIETH DEFENSE

Airborne Support hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## SIXTY-FIRST DEFENSE

Airborne asserts any other defenses which it may be entitled under Rule 8(c) of the Federal Rules of Civil Procedure.

## SIXTY-SECOND DEFENSE

Airborne Support further asserts any and all other defenses and/or affirmative defenses available to it under applicable law, and adopts and incorporates herein by reference any and all defenses and/or affirmative defenses not inconsistent with Airborne Support's position pled by other Defendants, and reserves the right to supplement and/or amend this Answer to assert any additional defenses and/or affirmative defenses as may hereinafter be appropriate.

## SIXTY-THIRD DEFENSE

Airborne Support also adopts and incorporates herein by reference any and all Rule 12(b) motions and memoranda in support thereof not inconsistent with Airborne Support's position

filed on behalf of other Defendants, and reserves the right to amend this Answer to assert Rule 12(b) and/or additional defenses, as well as such counter-claims, cross-claims, and/or third-party demands as may be appropriate under the circumstances.

**WHEREFORE,** Defendants, AIRBORNE SUPPORT, INC. and AIRBORNE SUPPORT INTERNATIONAL, INC., pray that this Answer be deemed good and sufficient; that after due proceedings there be judgment in favor of AIRBORNE SUPPORT, INC. and AIRBORNE SUPPORT INTERNATIONAL, INC. dismissing all claims and demands asserted by Plaintiffs, with prejudice, at Plaintiffs' sole cost and expense;

**AND FOR ALL GENERAL AND EQUITABLE RELIEF.**

Respectfully submitted,

LABORDE & NEUNER

By:   /s/ Jed M. Mestayer
FRANK X. NEUNER, JR. - #7674 ("TC")
BEN L. MAYEAUX - #19042
JED M. MESTAYER - #29345
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Phone: (337) 237-7000
Facsimile: (337) 233-9450

*Attorneys for Defendants, Airborne Support, Inc. and Airborne Support International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

_/s/ Jed M. Mestayer_
COUNSEL