UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL CASES IN PLEADING BUNDLE SECTION III.B(3) | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**O'BRIEN'S RESPONSE MANAGEMENT, INC. AND NATIONAL RESPONSE CORPORATION'S MOTION TO DISMISS THE B3 BUNDLE MASTER COMPLAINT**

O'Brien's Response Management, Inc. ("O'Brien's") and National Response Corporation ("NRC") respectfully move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims asserted against them in the Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 881) (hereinafter, the "B3 Bundle Master Complaint").[1]

On April 20, 2010, an explosion on board the *Deepwater Horizon* in the Gulf of Mexico resulted in an oil spill that President Barack Obama described as "the worst environmental disaster America has ever faced." Neither O'Brien's nor NRC, however, caused the initial explosion or the resulting oil spill. Indeed, they had nothing to do with the construction or operations of the *Deepwater Horizon*, and no one alleges that these two companies played any role in causing the blowout, the fire, the sinking of the rig, or the resulting oil spill. Nor is it

---

[1] O'Brien's is incorrectly identified in the B3 Bundle Master Complaint as "O'Brien Response Management, Inc."

alleged that O'Brien's or NRC were involved with any efforts to cap the well. Rather, O'Brien's and NRC responded to this environmental disaster as part of the federally mandated and controlled clean-up effort. Now, these companies are being sued in the B3 Bundle Master Complaint for their role in the complex clean-up effort that the federal government orchestrated in the days, weeks, and months after the spill.

For the reasons set forth in the attached Memorandum in Support, because the federal government authorized, directed, and ultimately controlled the actions of O'Brien's and NRC alleged in the B3 Bundle Master Complaint pursuant to the Clean Water Act ("CWA") and the National Contingency Plan, O'Brien's and NRC have derivative federal immunity for such activities. In short, the CWA provides absolute immunity to the federal government in connection with oil spill response efforts and, to protect the government's discretionary authority over this area of significant federal interest, O'Brien's and NRC must share in such immunity. Consequently, this Court should dismiss all claims in the B3 Bundle Master Complaint against O'Brien's and NRC for lack of subject matter jurisdiction and failure to state a claim.

Alternatively, the claims against O'Brien's and NRC in the B3 Bundle Master Complaint should also be dismissed in their entirety for lack of subject matter jurisdiction and failure to state a claim because O'Brien's and NRC have derivative discretionary function immunity under the Federal Tort Claims Act. Additionally, because O'Brien's and NRC performed the actions that are the subject of the B3 Bundle Master Complaint pursuant to the authorization, direction, and ultimate control of the federal government, the claims against O'Brien's and NRC should be dismissed in accordance with the doctrine of implied conflict preemption. Finally, and only if the claims against O'Brien's and NRC are not dismissed in their entirety on derivative federal immunity and/or conflict preemption grounds, several of the claims against O'Brien's and NRC

in the B3 Bundle Master Complaint nevertheless fail as a matter of law for the additional and independent reasons discussed in the attached Memorandum in Support.

Accordingly, O'Brien's and NRC respectfully request that all of the claims asserted against them in the B3 Bundle Master Complaint be dismissed.

Dated: February 28, 2011

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
Sylvia E. Simson (NY Bar #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

Patrick E. O'Keefe
Philip S. Brooks, Jr.
MONTGOMERY BARNETT
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for O'Brien's Response Management, Inc.*

Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
Sylvia E. Simson (NY Bar # 4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

*Attorneys for National Response Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing O'Brien's Response Management, Inc. and National Response Corporation's Motion to Dismiss the B3 Bundle Master Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

/s/ Michael J. Lyle
Michael J. Lyle