UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION: J <br> * |
| These Pleadings apply to: <br> All Cases in Pleading Bundle Section III.B(3) | * <br> * <br> * JUDGE BARBIER <br> * <br> * MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * *   *

## DECLARATION OF EVERETT H. BILLINGSLEA IN SUPPORT OF LYNDEN INCORPORATED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Everett H. Billingslea, hereby declare and state as follows:

1. I am General Counsel and Vice President of Lynden Incorporated. I base the following statements on my personal knowledge and on corporate information available to and reviewed by me in my capacity as General Counsel and an officer of Lynden Inc.

2. Lynden Inc. did not undertake or participate in any spill response or cleanup efforts related to the Deep Water Horizon explosion and subsequent oil spill. Lynden Inc.'s president, Jim Jansen, made one visit to Louisiana shortly after the spill. It was a sales call on behalf of Lynden Inc.'s subsidiaries, Alaska Marine Lines, Inc., and Bering Marine Corporation. Jansen was hoping to persuade a potential customer to use barges and hovercraft owned by Alaska Marine Lines or Bering Marine Corp. in connection with the potential customer's cleanup

work for BP. Nothing materialized, and neither Lynden Inc., Alaska Marine Lines, nor Bering Marine Corp. ever engaged in spill response or cleanup work.

3. While in Louisiana, Jansen toured BP's spill response center at Houma. He also helped arrange one meeting on behalf of Lynden Air Cargo, LLC. Specifically, Jansen received a telephone call from a Lynden Air Cargo pilot about issues relating to air traffic control and flight operation logistics. In response, Jansen helped set up a meeting between representatives of Lynden Air Cargo, Marine Spill Response Corp. ("MSRC"), and others.

4. Lynden Inc. does not do any business in Louisiana and is not registered to do business in Louisiana. It does not have any offices in Louisiana. It does not own or lease property in Louisiana. It does not have any bank accounts in Louisiana. It does not have any employees in Louisiana. Over the last ten years or more, Lynden Inc. has not transacted any business in Louisiana. It does not pay, and has never paid, any taxes in Louisiana. In short, Lynden Inc. has no business presence, and no operations, in Louisiana.

5. Lynden Inc. is incorporated in Washington with its principal place of business in Seattle, Washington. Lynden Inc. is a subchapter S corporation. It owns various subsidiaries, each of which provides distinct transportation services. For reasons of economy and efficiency, Lynden Inc. provides certain services to each of its subsidiaries. These services are formally provided through contractual service agreements between Lynden Inc. and each separate subsidiary. The services provided by Lynden Inc. include, for example, human resources consulting, legal, payroll, insurance, and IT.

6. Lynden Air Cargo, LLC, is an Alaska company with its principal place of business in Anchorage, Alaska. Lynden Air Cargo provides air cargo transportation services and is a standby oil spill response provider in Alaska and in the Caribbean. Lynden Air Cargo is a

wholly-owned subsidiary of Lynden Inc. The two entities are distinct, and corporate formalities are strictly observed and maintained.

7. Lynden Air Cargo is a separate Profit & Loss ("P&L") entity, distinct both from Lynden Inc. and from other Lynden subsidiaries. The revenues and expenses of Lynden Air Cargo are separately booked and accounted for. Pursuant to specific Internal Revenue Code rules and regulations governing subchapter S corporations and their subsidiaries, Lynden Air Cargo's profits are paid as a dividend to Lynden Inc., as would normally be the case between a corporation and its shareholders. Operating capital is then reinvested by Lynden Inc. as owner and shareholder. All financial transactions between Lynden Inc. and Lynden Air Cargo are documented and accounted for pursuant to IRS rules and regulations. There are no undocumented transactions between parent and subsidiary.

8. Lynden Inc. and Lynden Air Cargo are separately managed and have separate executive officers. Jon Burdick is the president, and Jim Jansen is the CEO of Lynden Inc. Judy MacKenzie is the president and CEO of Lynden Air Cargo. No officers of Lynden Air Cargo are employed by Lynden Inc. No officers of Lynden Inc. are employed by Lynden Air Cargo.

9. The Board of Directors of Lynden Inc. and the Board of Managers of Lynden Air Cargo are separate bodies that have separate responsibilities and meet separately, although certain Directors serve on both Boards. The Lynden Air Cargo Board meets three times a year in Anchorage, Alaska, and is responsible for Lynden Air Cargo's operations. The Board of Lynden Inc. is a separate body and meets in Washington state, separately from the Board of Lynden Air Cargo, and at different times of year. The Board of Lynden Inc. is responsible for the operations of Lynden Inc. and for the overarching business strategy of the Lynden family of companies. Corporate formalities between Lynden Inc. and its subsidiaries, including Lynden Air Cargo, are strictly observed.

I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct.

EXECUTED this 4th day of February, 2011 at Seattle, Washington.

By _____
Everett H. Billingslea

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that the above and foregoing Declaration of Everett H. Billingslea in Support of Lynden Incorporated's Motion to Dismiss for Lack of Personal Jurisdiction has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on February 28, 2011.

                                              /s/ Paul R. Taylor