UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179<br><br>SECTION: J |
| THIS PLEADING APPLIES TO: ALL CASES IN PLEADING BUNDLE SECTION III.D(1) ["D1 BUNDLE"] | § § § | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**THE TRANSOCEAN DEFENDANTS' RULE 12(b)(6)
MOTION TO DISMISS THE D1 MASTER COMPLAINT**

TO THE HONORABLE CARL J. BARBIER, United States District Judge:

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, and Transocean Deepwater Inc. (collectively "Transocean Defendants") respectfully submit The Transocean Defendants' Rule 12(b)(6) Motion to Dismiss the D1 Master Complaint.

**I.
STATEMENT OF THE NATURE AND
STAGE OF THE PROCEEDINGS**

By the terms of Pre-Trial Order No. 11 [Case Management Order No. 1], this proceeding was separated into Pleading Bundles for the purpose of the filing of complaints, answers, and any Rule 12 motions. As to "Injunctive and Regulatory Claims," this Court directed that the

11350350.2

Pleading Bundles would be pled pursuant to Master Complaints for two categories, including the D1 "Claims Against Private Parties." Dkt. No. 569 at pp. 4-5.

On December 15, 2010, a Master Complaint ("Bundle D1") Claims for Injunctive Relief Against Private Parties ["D1 Bundle"] was filed.

On January 12, 2011, this Court entered its Stipulated Order clarifying the Master Complaints, including the "D1" Bundle Master Complaint. In the Court's Pre-Trial Order No. 25, it was provided that:

> For the procedural and administrative purpose of answering or otherwise responding to the complaints in Pleading Bundles B1, B3 and D1, (and subject to the provisions of Paragraph 8), as to any Defendant named in one or more Master Complaint(s), the allegations, claims, theories of recovery and/or prayers for relief contained within the pre-existing petition or complaint are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s) in which the Defendant is named that apply to the pre-existing petition or complaint.

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, Dkt. No. 247 at 2.

As a result of the Court's Pre Trial Order clarifying the Master Complaints, Transocean Defendants direct their Rule 12(b)(6) motions to the specific allegations of the D1 Master Complaint, in lieu of responding to the previously filed Petitions and Complaints.

## II.
## THE D1 MASTER COMPLAINT

The D1 Master Complaint alleges ten (10) claims under federal and state law, nine of which are asserted against the Transocean Defendants:

    (1)    Clean Water Act, 33 U.S.C. § 1311;
    (2)    Clean Water Act, 33 U.S.C. § 1321;

|     |     |
| --- | --- |
| (3) | Clean Water Act, 33 U.S.C. § 1317; |
| (4) | Clean Water Act, 33 U.S.C. § 1316; |
| (5) | Clean Water Act, 33 U.S.C. § 1321(b)(7)(D); |
| (6) | Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9603; |
| (7) | Emergency Planning Community Right to Know Act, 42 U.S.C. § 11004; |
| (8) | Claim not asserted against the Transocean Defendants; |
| (9) | Trespass and Nuisance; and |
| (10) | Removal to Stricter Standards |

As set forth in more detail by Transocean Defendants' Brief in Support of its Rule 12(b)(6) Motion to Dismiss, Transocean Defendants are entitled to a dismissal of the Plaintiffs' claims asserted in the D1 Master Complaint.

### III.
### RULE 12(b)(6) STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b) (6). To survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief." *Id.* at 1950 (citing FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court further explained that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. While legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id.* at 1950. Accordingly, the *Iqbal* Court instructed that a

3

two-step approach is necessary for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion: First, courts must identify, and disregard, conclusory allegations, because they are "not entitled to the assumption of truth." *Id.* Second, upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A motion to dismiss must be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions'" to allow such a claim to proceed. *R2 Invests. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). Rather, this "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 557).

## IV.
### THE CLAIMS AGAINST TRANSOCEAN DEFENDANTS MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) AS THEY DO NOT RAISE A CLAIM OF ENTITLEMENT TO RELIEF FOR THE CAUSES OF ACTION ASSERTED

A Motion to Dismiss must be granted when the allegations in a complaint, even if true, do not raise a claim of entitlement to relief.

### A. No Private Cause of Action

The D1 Plaintiffs brought the Second and Fifth Claims under Section 1321 of the Clean Water Act, 33 U.S.C. § 1251 *et. seq.* ("CWA"). This statute, however, does not authorize citizen

suits under Section 1321. Accordingly, the Second and Fifth Claims of the D1 Complaint must be dismissed with prejudice.

### B. Mandatory Sixty-Day Notices Were Not Filed

The D1 Plaintiffs brought the First, Second, Third, Fourth, and Fifth Claims under the CWA, the Sixth Claim under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et. seq.* ("CERCLA"), and the Seventh Claim under the Emergency Planning Community Right to Know Act, 42 U.S.C. § 11001 *et. seq.* ("EPCRA").

The CWA provides: "No action may be commenced under subsection (a)(1) of this section prior to sixty days after the plaintiff has given notice of the alleged violation to the Administrator, to the State in which the alleged violation occurs, and to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A).

Similarly, CERCLA provides: "No action may be commenced under subsection (a)(1) of this section before 60 days after the plaintiff has given notice of the violation to each of the following: (A) The President. (B) The State in which the alleged violation occurs. (C) Any alleged violator of the standard, regulation, condition, requirement, or order concerned." 42 U.S.C. § 9659(d)(1).

EPCRA, likewise, provides: "No action may be commenced under subsection (a)(1)(A) of this section prior to 60 days after the plaintiff has given notice of the alleged violation to the Administrator, the State in which the alleged violation occurs, and the alleged violator." 42 U.S.C. § 11046(d)(1).

Not a single D1 Plaintiff has served notice on any of the Transocean Defendants of any intent to sue under the CWA, CERCLA, or EPCRA. These claims, therefore, must be dismissed.

### C. Additional Ground for Dismissal of Clean Water Act Claims: United States Diligently Prosecuting

The D1 Plaintiffs may not re-file their claims under the CWA even if they file the required sixty-day notices because the citizen suit provision of the CWA does not allow the filing of private claims after the United States initiates suit and is diligently prosecuting those claims. 33 U.S.C. § 1365(b)(1)(B). The United States has initiated suit and is diligently prosecuting these claims; therefore, the Plaintiffs may not refile the CWA claims.

### D. Additional Ground for Dismissal of CERCLA and EPCRA Claims: Petroleum Exclusion

The D1 Plaintiffs have no claim under CERCLA. Crude oil and its fractions are specifically excluded from CERCLA regulation. *See* 42 U.S.C. § 9601(14). The D1 Plaintiffs also have no claim under EPCRA. EPCRA imposes no reporting obligation with respect to releases of crude oil or its fractions, and the D1 Plaintiffs, accordingly, can have no claim in the context of this case under the EPCRA reporting provisions of 42 U.S.C. § 11004.

### E. No Allegation of Irreparable Harm

In their Tenth Claim for relief, the D1 Plaintiffs ostensibly seek an opinion as to which standards may govern cleanup in a particular state. The claim seeks injunctive relief, which is not permissible without a showing of irreparable harm. To satisfy the irreparable injury requirement, the plaintiff must show an imminent injury that cannot be prevented or fully rectified by a final judgment following trial. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975). The D1 Plaintiffs do not allege irreparable injury. Rather, the Plaintiffs request the cleanup of property to particular specifications. The Tenth Claim, therefore, should be dismissed.

## CONCLUSION

For the reasons stated in the Transocean Defendants' Brief, the Plaintiffs' claims for declaratory relief should be dismissed.

Respectfully submitted,

By: /s/ Steven L. Roberts
    Steven L. Roberts (Texas, No. 17019300)
    Rachel Giesber Clingman (Texas, No. 00784125)
    Kent C. Sullivan (Texas, No. 19487300)
    Teri L. Donaldson (Florida, No. 784310)
    Sutherland Asbill & Brennan LLP
    1001 Fannin Street, Suite 3700
    Houston, Texas 77002
    Telephone: (713) 470-6100
    Facsimile: (713) 654-1301
    Email: steven.roberts@sutherland.com,
    rachel.clingman@sutherland.com,
    kent.sullivan@sutherland.com,
    teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
    Kerry J. Miller (Louisiana, No. 24562)
    Frilot, L.L.C.
    1100 Poydras Street, Suite 3700
    New Orleans, Louisiana 70163
    Telephone: (504) 599-8169
    Facsimile: (504) 599-8154
    Email: kmiller@frilot.com

    -and-

    /s/ Edwin G. Preis, Jr.
    Edwin G. Preis, Jr. (Louisiana, No. 10703)
    Edward F. Kohnke, IV (Louisiana, No. 07824)
    Preis & Roy PLC
    102 Versailles Boulevard, Suite 400
    Lafayette, Louisiana 70501
    Telephone: (337) 237-6062
    Facsimile: (337) 237-9129
    -and-
    601 Poydras Street, Suite 1700
    New Orleans, Louisiana 70130
    Telephone: (504) 581-6062
    Facsimile: (504) 522-9129
    Email: egp@preisroy.com,
    efk@preisroy.com

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

CounseL for Transocean Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller

11350350.2