UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | § | |
| OF MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | JUDGE BARBIER |
| ALL CASES IN PLEADING BUNDLE | § | |
| SECTION III.D(1) ["D1 BUNDLE"] | § | MAGISTRATE JUDGE SHUSHAN |

_____

**BRIEF IN SUPPORT OF THE TRANSOCEAN DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS THE D1 MASTER COMPLAINT**

TO THE HONORABLE CARL J. BARBIER, United States District Judge:

Defendants Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., and Transocean Holdings LLC (collectively the "Transocean Defendants") respectfully submit their Brief in Support of the Transocean Defendants' Rule 12(b)(6) Motion to Dismiss the D1 Master Complaint. For the reasons stated below, the Bundle D1 Complaint should be dismissed in its entirety as to the Transocean Defendants.

I.
CONGRESS DID NOT AUTHORIZE A PRIVATE CAUSE OF
ACTION FOR THE SECOND AND FIFTH CLAIMS

The D1 Plaintiffs brought the Second and Fifth Claims under Section 1321 of the Clean Water Act, 33 U.S.C. § 1251 *et. seq.* ("CWA"). This statute, however, does not authorize citizen

suits under Section 1321.  Under 33 U.S.C. § 1365(a)(1), any citizen may commence a civil

action against any person who is alleged to be in violation of  "an effluent standard or limitation"

under the CWA.  For purposes of  Section 1365, the term "effluent standard or limitation under

this Act" means:

> (1) effective July 1, 1973, an unlawful act under subsection (a) of section 301 of
> this Act [33 USCS § 1311(a)]; (2) an effluent limitation or other limitation under
> section 301 or 302 of this Act [33 USCS § 1311 or 1312]; (3) standard of
> performance under section 306 of this Act [33 USCS § 1316]; (4) prohibition,
> effluent standard or pretreatment standards under section 307 of this Act [33
> USCS § 1317]; (5) certification under section 401 of this Act [33 USCS § 1341];
> (6) a permit or condition thereof issued under section 402 of this Act [33 USCS
> § 1342], which is in effect under this Act [33 USCS §§ 1251 et seq.] (including a
> requirement applicable by reason of section 313 of this Act [33 USCS § 1323]);
> or (7) a regulation under section 405(d) of this Act [33 USCS § 1345(d)].

Section 1321 is notably absent from the list of CWA provisions within the definition of "an

effluent standard or limitation."

In *Sekco Energy v. M/V Margaret Chouest*, 820 F. Supp. 1008, 1014 (E.D. La. 1993), the

court affirmed that Section 1321 of the CWA[1] is not subject to citizen suits.  In *Sekco*, a private

oil company brought an action against vessel owners and a charterer.  *Id.*  The court granted the

defendants' motion for summary judgment holding that the oil company could not bring a suit

under Section 1321 as a private entity.  *Id.* at 1010, 1015.  The *Sekco* Court held:

> Subsection (f)(4) holds owners and operators liable for costs incurred by the
> "Federal Government or any state government" in restoring natural resources.
> This language indicates that the FWPCA does not allow private parties to bring
> suit.  In drafting the FWPCA, "Congress intended that private remedies in
> addition to those expressly provided should not be implied.  Where, as here,
> Congress has made clear that implied private actions are not contemplated, the
> courts are not authorized to ignore this legislative judgment."

---

[1]    The Court used the acronym FWPCA for the Federal Water Pollution Control Act, which is now more
commonly known as the Clean Water Act.

*Id.* at 1014 (quoting 33 U.S.C. § 1321(f)(4) and *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 18 (1981)).  Accordingly, the Second and Fifth Claims of the D1 Complaint must be dismissed with prejudice.

II.
NONE OF THE PLAINTIFFS FILED THE REQUIRED
NOTICES UNDER THE CWA, CERCLA, OR EPCRA, AND
THESE CLAIMS ARE NOT ACTIONABLE IN ANY EVENT

The D1 Plaintiffs brought the First, Second, Third, Fourth, and Fifth Claims under the CWA, the Sixth Claim under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 *et. seq.* (CERCLA), and the Seventh Claim under the Emergency Planning Community Right to Know Act, 42 U.S.C. § 11001 *et. seq.* (EPCRA).

The CWA provides:  "No action may be commenced under subsection (a)(1) of this section prior to sixty days after the plaintiff has given notice of the alleged violation to the Administrator, to the State in which the alleged violation occurs, and to any alleged violator of the standard, limitation, or order."  33 U.S.C. § 1365(b)(1)(A).  The federal rule implementing the 60-day notice provision of the CWA, 40 CFR § 135.3, further provides in pertinent part:

§ 135.3 Contents of notice.

(a) Violation of standard, limitation or order.  Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

Similarly, CERCLA provides: "No action may be commenced under subsection (a)(1) of this section before 60 days after the plaintiff has given notice of the violation to each of the following:  (A) The President. (B) The State in which the alleged violation occurs. (C) Any

alleged violator of the standard, regulation, condition, requirement, or order concerned." 42 U.S.C. § 9659(d)(1).  The federal rule implementing the 60-day notice provision of CERCLA, 40 CFR § 374.3, further provides in pertinent part:

> § 374.3 Contents of notice.
>
> (a) Violation of standard, regulation, condition, requirements, or order.  Notice regarding an alleged violation of a standard, regulation, condition, requirement, or order (including any provision of an agreement under section 120 of the Act, relating to Federal facilities) which has become effective under this Act shall include sufficient information to allow the recipient to identify the specific standard, regulation, condition, requirement, or order (including any provision of an agreement under section 120 of the Act, relating to Federal facilities) which has allegedly been violated; the activity or failure to act alleged to constitute a violation; the name and address of the site and facility alleged to be in violation, if known; the person or persons responsible for the alleged violation; the date or dates of the violation; and the full name, address, and telephone number of the person giving notice.

EPCRA likewise provides:  "No action may be commenced under subsection (a)(1)(A) of this section prior to 60 days after the plaintiff has given notice of the alleged violation to the Administrator, the State in which the alleged violation occurs, and the alleged violator."  42 U.S.C. § 11046(d)(1).

The United States Supreme Court has held that such notice provisions are a precondition to bringing suit.  *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989).  In *Hallstrom*, the Supreme Court analyzed whether the 60-day notice provision in the Resource Conservation and Recovery Act (RCRA) was mandatory or discretionary.  The Court recognized that the RCRA notice provision and "a number of other federal statutes" were modeled after Section 304 of the Clean Air Amendments of 1970, 42 U.S.C. § 7604.  The Court specifically noted that the 60-day notice provisions of the CWA, 33 U.S.C. § 1365(b), and of CERCLA, 42 U.S.C. § 9659(d)(1), were modeled after Section 304. *Hallstrom,* 493 U.S. at 23 n.1.  In reaching its conclusion that the 60-

day notice provision in RCRA was mandatory and a precondition to filing suit, the Court stated

that the "language of [the] provision could not be clearer."  *Id.* at 26.  Specifically, the Court

found:

> A citizen may not commence an action under RCRA until 60 days after the citizen
> has notified the EPA, the State in which the alleged violation occurred, and the
> alleged violator.  Actions commenced prior to 60 days after notice are
> "prohibited."  Because this language is expressly incorporated by reference into §
> 6972(a), it acts as a specific limitation on a citizens' right to bring suit.  Under a
> literal reading of the statute, compliance with the 60-day notice provision is a
> mandatory, not optional, condition for suit.

*Id.*  Ultimately, the Court concluded that when the 60-day notice requirement is not met, the

district court must dismiss the action as barred by the terms of the statute. *Id.* at 33.  *See also*

*Lockett v. E.P.A.*, 319 F.3d 678, 682 (5th Cir. 2003) (holding that the 60 day notice provision in

the CWA is mandatory).

In *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354-55 (5th Cir. 1995), the

court made clear that the failure to file the required 60-day notice under the CWA was fatal to

the subject matter jurisdiction of the court:

> We are guided by the Court's decision in *Hallstrom* and find its holding
> applicable to the notice requirements under the Clean Water Act.  The notice
> provided to McCain was insufficient as required by the regulations promulgated
> under the CWA.  Therefore, the district court was correct in dismissing the action
> for lack of subject matter jurisdiction.

Furthermore, the law is clear that one plaintiff may not rely upon the 60-day notice filed

by another plaintiff for purposes of satisfying the 60-day notice requirement in the CWA.  In

*New Mexico Citizens For Clean Air and Water v. Espanola Mercantile Co. Inc.*, 72 F.3d 830,

831 (10th Cir. 1996), the court stated:

> In this appeal, we conclude that one plaintiff's compliance with the pre-suit notice requirements of the Clean Water Act, 33 U.S.C. § 1365(b), does not satisfy the duty of another plaintiff to give notice on its own behalf.

*Id.* at 851 (footnote omitted).

Not a single D1 Plaintiff has served notice on any of the Transocean Defendants of any intent to sue under the CWA, CERCLA, or EPCRA. The Second and Fifth Claims must be dismissed because the CWA does not authorize a private cause of action to bring those claims, as stated above.  Although private parties may bring the First, Third, and Fourth Claims under the CWA, this Court has no jurisdiction over such claims unless the Plaintiffs first satisfy the 60-day notice provision of the CWA.  See, e.g., Lockett v. E.P.A., 319 F.3d 678, 682 (5th Cir. 2003) (dismissing CWA claims for failure to file the 60-day notice).  Accordingly, the First, Third, and Fourth Claims must also be dismissed.  Furthermore, the D1 Plaintiffs may not re-file their claims under the CWA even if they file the required 60-day notices because the citizen suit provision of the CWA does not allow the filing of private claims after the United States initiates suit and is diligently prosecuting those claims.  33 U.S.C. § 1365(b)(1)(B).  *See also Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49 (1987) (citizen suit provision has "central purpose" of allowing citizens to enforce the CWA when the government cannot or will not command compliance.); *North & South Rivers Watershed Ass'n v. Scituate*, 949 F.2d 552 (1st Cir. 1991) (citing *Gwaltney*); *Coastal Fishermen's Ass'n v. N.Y. City Dept. of Sanitation*, 772 F. Supp 162 (S.D.N.Y. 1991) (citizen suites may proceed where federal and state entities are not enforcing the CWA).  The United States filed suit under the Clean Water Act in pleading Bundle C on December 15, 2010,  and is now diligently prosecuting these claims; thus, the private

Plaintiffs' claims are barred.  The First, Third and Fourth Claims therefore, must be dismissed with prejudice.

The D1 Plaintiffs asserted the Sixth Claim under CERCLA.  This Claim must also be dismissed for failure to file the 60-day notice.  *See Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1019 n.13 (3d Cir. 1991) (dismissing CERCLA claims for failure to file the 60-day notice). Furthermore, the D1 Plaintiffs have no claim under CERCLA in any event.  Crude oil and its fractions are specifically excluded from CERCLA regulation.  *See* 42 U.S.C. § 9601(14).  In *Wilshire Westwood Assoc. v. Atlantic Richfield Corp.*, 881 F.2d 801 (9th Cir. 1989), the court directly analyzed the statutory language of the petroleum exclusion from the "hazardous substance" definition in CERCLA and determined that crude oil and its fractions are excluded from this definition and from CERCLA regulation, even though some of the compounds in crude oil are naturally occurring materials that would otherwise be prohibited under CERCLA.  For this reason alone, the Sixth Claim must be dismissed with prejudice.

The D1 Plaintiffs asserted the Seventh Claim under EPCRA.  This Claim must be dismissed for failure to file the 60-day notice.  *See Atlantic States Legal Foundation, Inc. v. United Musical Instruments, U.S.A., Inc.*, 61 F.3d 473 (dismissing EPCRA claims for failure to file the 60-day notice).  Furthermore, the D1 Plaintiffs have no claim under EPCRA in any event. EPCRA, 42 U.S.C. § 11004(a), requires the reporting of two types of releases.  The first type of release reportable under EPCRA is the release of a substance requiring notification under CERCLA.  *Id.*  Crude Oil and its fractions are excluded from CERCLA regulation, as explained above.  The second type of release reportable under EPCRA is the release of an "extremely hazardous substance . . . in an amount in excess of a quantity which the Administrator has

7

determined (by regulation) requires notice . . . "  42 U.S.C. § 11004(a)(2)(B).  The Administrator has not published any reportable quantity of crude oil or its fractions.  Therefore, EPCRA imposes no reporting obligation with respect to releases of crude oil or its fractions, and the D1 Plaintiffs, accordingly, can have no claim in the context of this case under the EPCRA reporting provisions of 42 U.S.C. § 11004.  The Seventh Claim therefore, must, be dismissed with prejudice.

III.

MARITIME/STATE LAW CLAIM

The D1 Plaintiffs assert in their Ninth Claim a claim for injunctive relief for trespass and nuisance under general maritime and state law.  These Claims were also brought by these Plaintiffs in the B1 Bundle.  The Transocean Defendants have moved to dismiss these claims in the B1 Bundle;  therefore, the Transocean Defendants incorporate by reference the arguments presented in the pleading entitled "Brief in Support of the Transocean Defendants' Rule 12(b)(6) Motion to Dismiss the B1 Master Claim in Limitation and the B1 Master Complaint."

IV.

STRICTER STATE STANDARDS

In their Tenth Claim for relief, the D1 Plaintiffs ostensibly seek an advisory opinion as to which standards may govern cleanup in a particular state.  This claim cites no common law or statutory cause of action.  The Tenth Claim contains only one request of the court, which is that "Drilling Defendants must be enjoined to clear Plaintiffs' properties to protect all rights of future development for all purposes, to Plaintiffs' satisfaction, and at Plaintiffs' election."  Further, the Prayer For Relief seeks no declaration pertaining to the Tenth Claim.

In order for a court to issue an injunction on equitable grounds, the plaintiff must establish:  (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that the irreparable injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest.  *VRC, LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).  To satisfy the irreparable injury requirement, the plaintiff must show an imminent injury that cannot be prevented or fully rectified by a final judgment following trial.  *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975).  The D1 Plaintiffs do not allege irreparable injury;  indeed, the opposite.  The D1 Plaintiffs seek the cleanup of property to meet their specifications.  This Claim therefore, should, be dismissed.  Furthermore, to the extent that the D1 Plaintiffs may be seeking an advisory opinion on the applicability of one cleanup standard over another, the Tenth Claim should be dismissed on that ground as well.  Federal courts do not render general advisory opinions.  *U.S. Nat'l Bank of Ore. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439 (1993) (citations omitted).

## CONCLUSION

For these reasons, the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Claims must be dismissed as to the Transocean Defendants.  The Transocean Defendants are not named in the Eighth Claim.  Therefore, the Bundle D1 Complaint should be dismissed in its entirety as to the Transocean Defendants.

Respectfully submitted,


By:   /s/ Steven L. Roberts
      Steven L. Roberts (Texas, No. 17019300)
      Rachel Giesber Clingman (Texas, No. 00784125)
      Kent C. Sullivan (Texas, No. 19487300)
      Teri L. Donaldson (Florida, No. 784310)
      Sutherland Asbill & Brennan LLP
      1001 Fannin Street, Suite 3700
      Houston, Texas 77002
      Telephone: (713) 470-6100
      Facsimile: (713) 654-1301
      Email: steven.roberts@sutherland.com,
      rachel.clingman@sutherland.com,
      kent.sullivan@sutherland.com,
      teri.donaldson@sutherland.com

By:   /s/ Kerry J. Miller
      Kerry J. Miller (Louisiana, No. 24562)
      Frilot, L.L.C.
      1100 Poydras Street, Suite 3700
      New Orleans, Louisiana 70163
      Telephone: (504) 599-8169
      Facsimile: (504) 599-8154
      Email: kmiller@frilot.com

      -and-

      /s/ Edwin G. Preis, Jr.
      Edwin G. Preis, Jr. (Louisiana, No. 10703)
      Edward F. Kohnke, IV (Louisiana, No. 07824)
      Preis & Roy PLC
      102 Versailles Boulevard, Suite 400
      Lafayette, Louisiana 70501
      Telephone: (337) 237-6062
      Facsimile: (337) 237-9129
      -and-
      601 Poydras Street, Suite 1700
      New Orleans, Louisiana 70130
      Telephone: (504) 581-6062
      Facsimile: (504) 522-9129
      Email: egp@preisroy.com,
      efk@preisroy.com


Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

COUNSEL FOR TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller

10936449.2                                11