UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | § | |
| OF MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | JUDGE BARBIER |
| ALL CASES IN PLEADING BUNDLE | § | |
| SECTION III.D(1) ["D1 BUNDLE"] | § | MAGISTRATE JUDGE SHUSHAN |

## <u>ANSWER TO MASTER COMPLAINT IN ACCORDANCE WITH PTO NO. 11 [CASE MANAGEMENT ORDER NO. 1] SECTION III.D(1) ["D1 BUNDLE"]</u>

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater, Inc. ("TDI"), and Transocean Holdings LLC ("TH") (collectively the "Transocean Defendants")[1] respond to the Plaintiffs' Master Complaint ("Complaint") for injunctive relief, upon information and belief as follows.[2]

---

[1]   Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering the Complaint.

[2]   The Transocean Defendants have filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered his Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action.  Transocean Defendants hereby serve notice upon the D1 Bundle Plaintiffs that the filing of the D1 Bundle Master Complaint against the Transocean Defendants violates the terms of Judge Ellison's Injunction/Restraining

## ANSWER

For each and every allegation of the Complaint, the Transocean Defendants respond as follows.  When a paragraph in the Complaint contains multiple subparts, the response of the Transocean Defendants to the paragraph applies equally to all subparts unless otherwise expressly stated.

The General Provisions section of Plaintiffs' Complaint includes one (1) unnumbered paragraph.  With respect to the unnumbered General Provisions paragraph, the allegations set forth in this unnumbered paragraph contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

The Introduction section of Plaintiffs' Complaint includes four (4) unnumbered paragraphs.  With respect to the first unnumbered Introduction paragraph, the Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the mobile offshore drilling unit ("MODU") *Deepwater Horizon* while located at the Macondo well in Mississippi Canyon Block 252; that the *Deepwater Horizon* subsequently sank; and that oil leaked from the well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in the first unnumbered paragraph are true and, therefore, deny all aspects and implications of the allegations in the first unnumbered paragraph.

With respect to the second unnumbered Introduction paragraph, the Transocean Defendants admit that individual and putative class actions were filed; an August 10, 2001 order

---

Order, and all such claims against the Transocean Defendants filed outside of the limitation action are enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

of the Joint Panel on Multi-District Litigation transferred many of the then-pending cases to the Eastern District of Louisiana; and this Court entered an order directing the filing of a Master Complaint by Plaintiffs.  The Transocean Defendants deny that Plaintiffs are entitled to the relief sought.  The remaining allegations in the second unnumbered Introduction paragraph are not directed at the Transocean Defendants and do not require a response by the Transocean Defendants; this paragraph is denied.

With respect to the third unnumbered Introduction paragraph, the allegations set forth in this unnumbered paragraph contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

With respect to the fourth unnumbered Introduction paragraph, the allegations are not directed at the Transocean Defendants and do not require a response by the Transocean Defendants, this paragraph is denied.

1.      The Transocean Defendants admit that the Court has jurisdiction over the action under one or more of the cited statutes.  To the extent not expressly admitted, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

2.      The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 2.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

4.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5 (and its subparts).

6.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 6.

7.    At the present time, the Transocean Defendants deny having received a notice(s) of intent to sue.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.  The allegations set forth in Paragraph 7 also contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

8.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10.    The allegations set forth in Paragraph 10 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

11.    The Transocean Defendants admit that BP Exploration and Production, Inc. was a leaseholder of Mississippi Canyon Block 252 where the Macondo well was located.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12.    The Transocean Defendants admit that the U.S. Coast Guard named BP Exploration & Production, Inc. and others as responsible parties ("RP") under the Oil Pollution Act ("OPA").   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 12 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 12.

13.    The Transocean Defendants specifically deny that Transocean Ltd. was a party to the drilling contract for the *Deepwater Horizon*.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14.    The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny those allegations for lack of sufficient information or knowledge.

15.     Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

16.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. To the extent not expressly admitted, the allegations in this paragraph are denied.

17.     The Transocean Defendants admit that TDI is a Delaware corporation with its principal place of business in Houston, Texas. The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. To the extent not expressly admitted, the allegations in this paragraph are denied.

18.     The Transocean Defendants admit that TH is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. TH is a wholly owned subsidiary of TODDI, and was a party to the drilling contract.  To the extent not expressly admitted, the allegations in this paragraph are denied.

19.     The Transocean Defendants admit that the U.S. Coast Guard named TH as an RP under the OPA only for the discharge of diesel above the surface from the *Deepwater Horizon* (not for the discharge of oil from the well).  To the extent not expressly admitted, the allegations in this paragraph are denied.

20.     The allegation set forth in Paragraph 20 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

21.     The allegation set forth in Paragraph 21 contains statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

22.     The allegation set forth in Paragraph 22 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

23.     The allegation set forth in Paragraph 23 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

24.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 24.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 24 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 24.

25.     The allegation set forth in Paragraph 25 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

26.     The allegation set forth in Paragraph 26 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

27.     The allegation set forth in Paragraph 27 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

28.     The allegation set forth in Paragraph 28 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

29.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 29.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 30.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 30 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 30.

31.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 31.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The allegation set forth in Paragraph 32 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

33.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 33.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

34.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 34.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 34 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 34.

35.     The allegation set forth in Paragraph 35 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

36.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 36.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 36 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 36.

37.     The allegation set forth in Paragraph 37 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

38.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 38.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 38 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 38.

39.     The allegation set forth in Paragraph 39 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

40.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 40.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 40 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 40.

41.     The allegation set forth in Paragraph 41 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

42.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 42.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 42 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 42.

43.     The allegation set forth in Paragraph 43 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

44.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 44.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 44 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 44.

45.     The allegation set forth in Paragraph 45 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

46.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 46.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 46 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 46.

47.     The allegations set forth in Paragraph 47 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

48.     The allegations set forth in Paragraph 48 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

49.     The allegations set forth in Paragraph 49 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

50.     The allegation set forth in Paragraph 50 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

51.     The allegations set forth in Paragraph 51 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

52.     The allegation set forth in Paragraph 52 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

53.     The allegation set forth in Paragraph 53 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

54.     The allegation set forth in Paragraph 54 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

55.     Paragraph 55 is a statement that Plaintiffs incorporate "the factual allegations pleaded in the Master Complaint for the B1 Pleading Bundle."  The Transocean Defendants have responded to each of the factual allegations pleaded in the Master Complaint for the B1 Pleading Bundle and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 55; this paragraph is denied.

56.     The Transocean Defendants admit that BP was a leaseholder of Mississippi Canyon Block 252.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 56 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 56.

57.     The Transocean Defendants admit that in February 2010, the MODU *Deepwater Horizon* was on location in Mississippi Canyon Block 252 for the purpose of conducting drilling

operations.  On or about April 20, 2010, the well blew out, and explosions occurred onboard the *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 57 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 57.

58.     The Transocean Defendants admit that the *Deepwater Horizon* sank on April 22, 2010.  To the extent not expressly admitted, the allegations in this paragraph are denied.

59.     The Transocean Defendants admit that, on or about April 20, 2010, oil was discharged from the Macondo well into the Gulf of  Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 59 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 59.

60.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 60 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 60.

61.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 61 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 61.

62.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 62 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 62.  The assertions set forth in Paragraph 62 also contain a statement of law, which does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

63.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 63.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 63.

64.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 64.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 64 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 64.

65.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 65.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 65 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 65.

66.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 66 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 66.

67.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 67 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 67.

68.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 68 are true and, therefore, deny

all aspects and implications of the allegations in Paragraph 68.  To the extent the allegation set forth in Paragraph 68 contains a statement of law, it does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

69.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 69.

70.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 70 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 70.

71.     The Transocean Defendants admit that TH was designated by the U.S. Coast Guard as an RP under the OPA for the discharge of diesel above the surface of the water from the *Deepwater Horizon* (not for discharges from the well).  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 71.

72.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 72 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 72.

73.     The Transocean Defendants admit that "containment dome" was placed over one of the leaks.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 73.

74.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 74 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 74.

75.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 75 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 75.

76.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 76 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 76.

77.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 77 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 77.

78.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 78 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 78.

79.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 79 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 79.

80.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 80 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 80.

81.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 81 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 81.

82.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 82 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 82.

83.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 83 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 83.

84.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 84 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 84.

85.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 85 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 85.

86.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 86 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 86.

87.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 87 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 87.

88.     The Transocean Defendants admit that the drilling of the relief well temporarily ceased due to a tropical storm.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 88 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 88.

89.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 89 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 89.

90.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 90 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 90.

91.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 91 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 91.

92.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 92 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 92.

93.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 93 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 93.

94.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 94 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 94.

95.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 95 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 95.

96.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 96 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 96.

97.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 97 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 97.

98.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 98 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 98.

99.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 99 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 99.

100.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 100 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 100.

101.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 101 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 101.

102.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 102 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 102.

103.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 103 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 103.

104.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 104 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 104.

105.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 105 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 105.

106.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 106 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 106.

107.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 107 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 107.

108.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 108 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 108.

109.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 109 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 109.

110.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 110 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 110.

111.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 111 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 111.

112.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 112 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 112.

113.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 113 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 113.

114.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 114 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 114.

115.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 115 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 115.

116.    As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 116 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 116.

117.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 117 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 117.

118.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 118 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 118.

119.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 119.  As to the remaining assertions and defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny those allegations for lack of sufficient information or knowledge.

120.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 120 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 120.

121.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 121 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 121.

122.    The allegations set forth in Paragraph 122 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

123.    The allegation set forth in Paragraph 123 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

124.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 124.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set

forth in Paragraph 124 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 124.

125.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 125.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 125 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 125.

126.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 126.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 126 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 126.

127.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 127 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 127.  The allegations set forth in Paragraph 127 also contain a statement of law, which does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

128.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 128 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 128.

129.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 129 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 129.

130.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 130 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 130.

131.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 131 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 131.

132.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 132 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 132.  Additionally, the allegations set forth in Paragraph 132 contain a statement of law, which does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

133.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 133 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 133.

134.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 134 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 134.

135.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 135 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 135.

136.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 136 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 136.

137.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 137 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 137.

138.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 138 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 138.

139.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 139 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 139.

140.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 140 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 140.

141.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 141 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 141.

142.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 142 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 142.

143.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 143 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 143.

144.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 144 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 144.

145.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 145 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 145.

146.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 146 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 146.

147.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 147 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 147.

148.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 148 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 148.

149.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 149 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 149.

150.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 150 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 150.

151.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 151 are true and, therefore, deny

all aspects and implications of the allegations in Paragraph 151.  The allegations set forth in Paragraph 151 also contain a statement of law, which does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

152.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 152 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 152.

153.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 153 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 153.

154.    Paragraph 154 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses by reference; accordingly, no further response is required to the allegations contained in Paragraph 154.

155.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 155 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 155.  The allegations set forth in Paragraph 155 also contain statements of law, which do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

156.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 156 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 156.  The allegations set forth in Paragraph 156 also contain statements of law, which do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

157.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 157 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 157.

158.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 158.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 158 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 158.

159.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 159.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 159 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 159.

160.    Paragraph 160 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate; accordingly, no further response is required to Paragraph 160.

161.    The allegation set forth in Paragraph 161 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

162.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 162.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set

forth in Paragraph 162 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 162.

163.   Paragraph 163 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.   The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses by reference; accordingly, no further response is required to Paragraph 163.

164.   The allegations set forth in Paragraph 164 contain a statement of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

165.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 165.   As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 165 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 165.

166.   Paragraph 166 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153 as if fully stated here.   The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to Paragraph 166.

167.   The allegation set forth in Paragraph 167 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

168.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 168.   As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set

forth in Paragraph 168 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 168.

169.    Paragraph 169 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to Paragraph 169.

170.    The allegation set forth in Paragraph 170 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

171.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 171.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 171 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 171.

172.    Paragraph 172 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to Paragraph 172.

173.    The allegation set forth in Paragraph 173 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

174.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 174.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set

forth in Paragraph 174 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 174.

175.    Paragraph 175 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to Paragraph 175.

176.    The allegation set forth in Paragraph 176 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

177.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 177.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 177 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 177.

178.    Paragraph 178 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to the allegations contained in Paragraph 178.

179.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 179.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 179 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 179.  The allegations in Paragraph 179 also contain a statement of law, which does

not  require a response by the Transocean Defendants, but out of an abundance of caution is denied.

180.    Paragraph 180 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153, as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to the allegations contained in Paragraph 180.

181.    The Transocean Defendants deny all aspects and implications of Paragraph 181. As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 181 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 181.

182.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 182 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 182.

183.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 183.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 183 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 183.

184.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 184.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 184 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 184.

185.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 185.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 185 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 185.

186.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 186.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 186 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 186.

187.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 187 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 187.

188.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 188.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 188 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 188.

189.    Paragraph 189 is a statement that Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 153 as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses; accordingly, no further response is required to Paragraph 189.

190.    The Transocean Defendants admit that a Unified Command was created to respond to the spill.  To the extent not expressly admitted, the remaining allegations are denied for lack of sufficient knowledge or information to ascertain the truth therein.

191.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 191 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 191.

192.    The allegation set forth in Paragraph 192 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

193.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 193.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 193 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 193.  To the extent the allegations set forth in Paragraph 193 contain statements of law, they do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

194.    The allegation set forth in Paragraph 194 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

195.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 195.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 195 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 195.

196.     With respect to the Prayer for Relief, Paragraph 196 (and its subparts), the Transocean Defendants deny that Plaintiffs are entitled to the relief requested.   As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 196 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 196 (and its subparts).

## **GENERAL DENIAL**

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## **AFFIRMATIVE DEFENSES**

1.     The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.   By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

### **Personal Jurisdiction**

2.     This Court lacks personal jurisdiction over the Transocean Defendants.

### **Standing**

3.     Plaintiffs lack standing because they have not alleged nor can they prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this court.

### **Proper Parties/Joinder**

4.     Plaintiffs are not the proper parties to assert any claims for natural resource damages.

5.      Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

6.      Plaintiffs' claims for relief are not ripe.

### Failure To State A Claim

7.      Plaintiffs have failed to state a claim upon which relief can be granted.

8.      Plaintiffs have failed to plead, much less satisfy, conditions precedent to recovery.

9.      Plaintiffs' claims are barred to the extent that Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

10.      The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*  As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages may greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

11.     Certain of Plaintiffs' claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

## Maritime And State Law Claims

12.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a)     The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. §1331 *et. seq.* or the Oil Pollution Act, 33 U.S.C. §2701 *et. seq.*

(b)     The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

(c)     The Transocean Defendants assert that the Plaintiffs' claims for any declaration or injunction pertaining to claims for purely economic losses, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, or other states.

## Clean Water Act

13.     The Transocean Defendants assert all defenses available under the Clean Water Act, including but not limited to:

(a)     Plaintiffs have failed to satisfy the notice requirements of 33 U.S.C. §1365(b)(1)(A) of the Clean Water Act.

(b)     Plaintiffs have no private cause of action to bring the Second and Fifth Claims.

(c)     Under 33 U.S.C. §§1365 (b)(1)(B) and 1319(g)(6) of the Clean Water Act, Plaintiffs' claims must be dismissed because the United States is "diligently prosecuting" a civil action regarding the same violations.

(d)     Plaintiffs' claims under the Clean Water Act are moot because there are no continuing violations of the Clean Water Act.

(e)     Plaintiffs lack standing under the Clean Water Act because they have not alleged nor can they prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this court.

(f)     Under the Clean Water Act, 33 U.S.C. § 1342(k), compliance with an NPDES permit is deemed compliance with Sections 1311, 1312, 1316, 1317 and 1343 of the Clean Water Act, except for a limitation not applicable here.  Therefore, to the extent that activities at the Macondo well drilling site were compliant with the applicable NPDES permit conditions and requirements, those activities cannot be the subject of any cause of action under the listed provisions of the Clean Water Act.

**Comprehensive Environmental Response Compensation And Liability Act (CERCLA)**

14.     The Transocean Defendants assert all defenses available for violations of CERCLA, 42 U.S.C. § 9603 *et seq.*, including, without limitation:

(a)     Under 42 U.S.C. §9659 of CERCLA, Plaintiffs' action is barred because Plaintiffs have failed to make proper notifications 60 days in advance of filing.

(b)     Plaintiffs have failed to state a claim under CERCLA because petroleum is excluded from CERCLA under 42 U.S.C. §9601(14).

(c)     Plaintiffs lack standing under CERCLA because they have not alleged, nor can they prove, injury in fact, a causal connection between that injury and the conduct complained of, and likelihood that the injury will be redressed by a favorable decision.

(d)     The Transocean Defendants were not operating a "facility" for purposes of the reporting requirements under CERCLA.

(e)     The Transocean Defendants were not the "owner or operator" of a facility for purposes of the reporting requirements under CERCLA.

**Emergency Planning Community Reset to Know Act
(EPCRA)**

15.     The Transocean Defendants assert all defenses available for the violations of EPCRA, 42 U.S.C. § 11004 *et seq.*, including, without limitation:

(a)     Under 42 U.S.C. § 11046(d)(1) of EPCRA, Plaintiffs' action is barred because the Plaintiffs have failed to make proper notifications 60 days in advance of filing.

(b)     Plaintiffs have failed to state a claim under EPCRA because petroleum is excluded from the reporting requirements of EPCRA and the Administrator has, therefore, not published a reportable quantity of petroleum.

(c)     Under 42 U.S.C. § 11046(a)(1) of EPCRA, Plaintiffs lack standing to bring a citizen suit because none of the Transocean Defendants are owners or operators of the facility at issue in this case.

(d)     Plaintiffs have failed to allege redressability as is required to establish standing under EPCRA.

(e)     Plaintiffs have failed to allege a cognizable injury in fact under EPCRA.

(f)     The Transocean Defendants were not operating a "facility" for purposes of the reporting requirements under EPCRA.

(g)     The Transocean Defendants were not the "owner or operator" of a facility for purposes of the reporting requirements under EPCRA.

### Causation

16.     Plaintiffs complain of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

### Equitable Relief

17.     Plaintiffs' claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

### Adoption Of Affirmative Defenses And Reservation To Amend Answer

18.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

19.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:     /s/ Steven L. Roberts
        Steven L. Roberts (Texas, No. 17019300)
        Rachel Giesber Clingman (Texas, No. 00784125)
        Kent C. Sullivan (Texas, No. 19487300)
        Teri L. Donaldson (Florida, No. 784310)
        Sutherland Asbill & Brennan LLP
        1001 Fannin Street, Suite 3700
        Houston, Texas 77002
        Telephone: (713) 470-6100
        Facsimile: (713) 654-1301
        Email: steven.roberts@sutherland.com,
        rachel.clingman@sutherland.com,
        kent.sullivan@sutherland.com,
        teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
        Kerry J. Miller (Louisiana, No. 24562)
        Frilot, L.L.C.
        1100 Poydras Street, Suite 3700
        New Orleans, Louisiana 70163
        Telephone: (504) 599-8169
        Facsimile: (504) 599-8154
        Email: kmiller@frilot.com

        -and-

        /s/ Edwin G. Preis, Jr.
        Edwin G. Preis, Jr. (Louisiana, No. 10703)
        Edward F. Kohnke, IV (Louisiana, No. 07824)
        Preis & Roy PLC
        102 Versailles Boulevard, Suite 400
        Lafayette, Louisiana 70501
        Telephone: (337) 237-6062
        Facsimile: (337) 237-9129
        -and-
        601 Poydras Street, Suite 1700
        New Orleans, Louisiana 70130
        Telephone: (504) 581-6062
        Facsimile: (504) 522-9129
        Email: egp@preisroy.com,
        efk@preisroy.com

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

COUNSEL FOR TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller