IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases in Pleading* | * | JUDGE BARBIER |
| *Bundle Section III.B(3).* | * | |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * * * * * * | * | |

### NALCO COMPANY, NALCO HOLDINGS LLC, NALCO FINANCE HOLDINGS LLC AND NALCO HOLDING COMPANY'S MOTION TO DISMISS MASTER COMPLAINT "B3 BUNDLE"

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company (the "Nalco Entities"), by their attorneys, hereby respectfully move for dismissal of Plaintiffs' Master Complaint "B3 Bundle" (the "Complaint") on the grounds that it fails to state a claim on which relief may be granted.[1] In support of this Motion, the Nalco Entities submit the accompanying Memorandum in Support and state as follows:

1. The claims against the Nalco Entities are preempted by the Clean Water Act ("CWA") and the National Contingency Plan. Thus, the Complaint must be dismissed in its entirety.

---

[1] Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company were not named in any complaint relating to these matters that is part of this MDL or otherwise. They are only named in the B3 Master Complaint. The B3 Master Complaint has never been served on any of these Nalco Entities. These Nalco Entities, accordingly, reserve their rights to claim that they have not been properly named or served. Because the allegations in the Complaint are substantively flawed, however, they should be dismissed outright.

2. The CWA and state law provide immunity to Nalco Company ("Nalco") and other responders for damages except for personal injury or wrongful death damages, or damages resulting from gross negligence or willful misconduct. To the extent Plaintiffs seek to recover damages other than damages for personal injury or wrongful death or due to gross negligence or willful misconduct, Nalco is exempt under state and federal law.

3. Under maritime law, the bright-line rule set forth in *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), bars Plaintiffs' claims for economic losses absent physical injury to a proprietary interest. Plaintiffs' claims for pure economic losses must be dismissed.

4. The Complaint fails to property plead claims for gross negligence, negligence, nuisance, battery and strict liability. Because the Complaint fails to satisfy the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), these claims must be dismissed.

5. Florida Plaintiffs' medical monitoring damages claim fails because Florida law does not apply to this dispute.

6. Plaintiffs' strict liability claim under the Florida Pollutant Discharge Prevention and Control Act (the "PDPCA") must be dismissed because Florida law does not apply to this dispute. Moreover, the PDPCA creates a cause of action only against a "responsible party" and only for damages resulting from the oil spill. Nalco is not a "responsible party" under the PDPCA nor did it contribute to the oil spill and thus, Plaintiffs' PDPCA claim must be dismissed.

7. Plaintiffs' punitive damages claim fails because punitive damages are unavailable under maritime law and because Plaintiffs have no freestanding claim for punitive damages.

Thus, Plaintiffs' claims against the Nalco Entities for recovery of these damages should be dismissed.

8. Plaintiffs have failed to allege any facts that would support piercing the corporate veil to hold Nalco Holdings LLC, Nalco Finance Holdings LLC or Nalco Holding Company liable as parent entities of Nalco. Plaintiffs' claims against these entities should be dismissed.

WHEREFORE, for the reasons more fully set forth in the attached Memorandum in Support, the Nalco Entities respectfully request the Court to enter an Order dismissing the Complaint.

Dated:  February 28, 2011

Respectfully submitted,

By: /s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing NALCO COMPANY, NALCO HOLDINGS LLC, NALCO FINANCE HOLDINGS LLC AND NALCO HOLDING COMPANY'S MOTION TO DISMISS MASTER COMPLAINT "B3 BUNDLE" has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

/s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*