UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO:<br>2:10-CV-04240<br>(STATE OF TAMAULIPAS, REPUBLIC OF MEXICO V. BP, PLC, ET AL.) | § § § § § | MAGISTRATE JUDGE SHUSHAN<br><br>JURY DEMAND |

## ANSWER AND DEFENSES OF TRANSOCEAN DEFENDANTS TO FIRST AMENDED COMPLAINT OF THE STATE OF TAMAULIPAS

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI") and Transocean Deepwater Inc. ("TDI") (collectively the "Transocean Defendants") respond to the First Amended Complaint ("Complaint") of Plaintiff, State of Tamaulipas, Republic of Mexico, upon information and belief as follows:[1]

---

[1] Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

The Transocean Defendants respond herein to the Plaintiff's First Amended Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the proceeding *In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

1

## ANSWER

For each and every allegation of the First Amended Complaint, the Transocean Defendants respond as follows.  To the extent that any paragraph of the Complaint contains subparts, the response stated applies fully to all subparts unless expressly stated.

1.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

2.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.      The Transocean Defendants admit that, on April 20, 2010, the *Deepwater Horizon* was on location at the Macondo Prospect in Mississippi Canyon 252, an explosion occurred, and it subsequently caught fire and sank.  The Transocean Defendants deny allegations of mismanagement, omissions and negligence and otherwise deny any liability to the Plaintiff.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

4.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

6.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 6.

7.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.

8.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 12 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 12.

13.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 14 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 14.

15.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 15.

16.     The Transocean Defendants admit that BP obtained rights for the drilling and/or oil-production related operations at the site and that BP, in whole or in part, supervised, operated, oversaw, controlled, managed, and/or operated the oil well.  The Transocean Defendants deny all other aspects and implications of Paragraph 16.

17.     Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

18.     The Transocean Defendants admit that TDI is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 18 are denied.

19.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 19 are denied.

20.     The Transocean Defendants deny all aspects and implications of Paragraph 20.

21.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 21 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 21.

22.     The Transocean Defendants admit that one or more of the Transocean Defendants were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was leased and/or chartered to BP pursuant to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. and the amendments thereto.  The Transocean Defendants admit that BP leased and/or chartered the *Deepwater Horizon*.  BP, its contractors, and/or other defendants owned and/or operated certain equipment on the rig.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 22 are denied.

23.     The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was leased to BP pursuant to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. and the amendments thereto.  The Transocean Defendants admit that BP leased and/or chartered the *Deepwater Horizon*.  BP, its contractors, and/or other defendants owned and/or operated certain equipment on the rig.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 23 are denied.

24.     The Transocean Defendants admit that Halliburton was engaged in cementing operations on the well.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 24.

25.     The Transocean Defendants admit that Cameron supplied the blowout preventer on the rig. Transocean denies that the blowout preventer valves failed and were defective.  The Transocean Defendants are

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 25.

26.     The Transocean Defendants incorporate their responses set forth in Paragraphs 1-25; no further answer is required to Paragraph 26.

27.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 28 are true and therefore deny all aspects and implications of the allegations in Paragraph 28, except to admit that federal question jurisdiction can arise under OPA, 33 U.S.C. § 2701, and OCSLA, 43 U.S.C. § 1349.

29.     The Transocean Defendants incorporate by reference their responses to Paragraphs 27 and 28; no further answer is required to Paragraph 29.

30.     The Transocean Defendants incorporate their responses set forth in Paragraphs 1-29.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of the allegations in Paragraph 30.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The Transocean Defendants incorporate their responses set forth in Paragraphs 1-31.   The Transocean Defendants deny that they engaged in tortious conduct, omissions, or actions.   The remaining allegations appear to require no response but, out of an abundance of caution, they are denied.

33.     The Transocean Defendants admit that the *Deepwater Horizon* was a mobile offshore drilling unit ("MODU") built in or around 2001.  The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was leased and/or chartered to BP pursuant to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. and the amendments thereto.   The Transocean Defendants admit that BP leased and/or chartered the *Deepwater Horizon*.   BP, its contractors, and/or other defendants owned and/or operated certain equipment on the rig.   The Transocean Defendants deny that they designed the *Deepwater Horizon*.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 33 are denied.

34.     The Transocean Defendants admit that on April 20, 2010, the Macondo well blew out, an explosion and fire occurred on the *Deepwater Horizon*, the *Deepwater Horizon* subsequently sank, and hydrocarbons began leaking from the well. To the extent not expressly admitted, the allegations in this paragraph are denied for lack of sufficient information to justify a belief therein.

35.     The Transocean Defendants deny all aspects and implications of Paragraph 35.

36.     The Transocean Defendants deny all aspects and implications of Paragraph 36.

37.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 37 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 37.

38.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 38.

39.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the assertions set forth in Paragraph 39 and, therefore, deny all aspects and implications of the allegations in Paragraph 39.

40.     The Transocean Defendants deny that they engaged in any tortious actions or omissions.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 40.

41.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 41 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 41.

42.     Denied as to the Transocean Defendants.  The Transocean Defendants deny any joint and several liability.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 42.

43.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 43.

44.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 44 (and its subparts).

45.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 45.

46.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 46.

47.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 47.

48.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 48.

49.     The Transocean Defendants incorporate their responses set forth in Paragraphs 1-48 and to each and every allegation above; no further response is required to Paragraph 49.

50.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 50.

51.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph (and its subparts) and, therefore, deny all aspects and implications of such allegations in Paragraph 51 (and its subparts).

52.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 52.

53.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 53.

54.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 54.

55.     The Transocean Defendants deny that they are liable and deny any joint and several liability. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 55 (and its subparts).

56.     The Transocean Defendants incorporate their responses set forth above; accordingly, no further response is required to Paragraph 56.

57.     The allegations of this paragraph are legal opinions that do not require a response of the Transocean Defendants, but out of an abundance of caution, they are denied..

58.     The allegations of this paragraph are legal opinions that do not require a response of the Transocean Defendants, but out of an abundance of caution, they are denied.

59.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 59.

60.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 60.

61.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 61.

62.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 62.

63.     The Transocean Defendants incorporate their responses set forth above; accordingly, no further response is required to Paragraph 63.

64.     The allegations of this paragraph are legal opinions that do not require a response of the Transocean Defendants, but out of an abundance of caution, they are denied.

65.     The allegations of this paragraph are legal opinions that do not require a response of the Transocean Defendants, but out of an abundance of caution, they are denied.

66.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 66.

67.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 67.

68.     The Transocean Defendants incorporate their responses as set forth above; accordingly, no further response is required to Paragraph 68.

69.     This paragraph contains the statement of a legal opinion for which no response is required.  To the extent this paragraph can be construed as an allegation against the Transocean Defendants, it is denied.

70.     The Transocean Defendants admit that the U. S. Coast Guard has designated BP and others as responsible parties.  The Transocean Defendants deny that the U. S. Coast Guard has designated any of them as a responsible party.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 70 are denied.

71.     This paragraph contains the statement of a legal opinion for which no response is required.  To the extent this paragraph can be construed as an allegation against the Transocean Defendants, it is denied.

72.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 72.

73.     Denied as to the Transocean Defendants. The Transocean Defendants deny joint and several liability.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 73.

74.     The Transocean Defendants incorporate their responses as set forth above; accordingly, no further response is required to Paragraph 74.

75. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 75.

76. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 76.

77. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 77.

78. The Transocean Defendants incorporate their responses as set forth above; accordingly, no further response is required to Paragraph 78.

79. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 79.

80. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 80.

81. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 81.

82. Denied as to the Transocean Defendants. The Transocean Defendants deny joint and several liability. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 82.

83.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 83 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 83.

84.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 84.

With respect to the Prayer for Relief (and its subparts) and all unnumbered paragraphs, the Transocean Defendants deny that Plaintiff is entitled to the relief requested.  The Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in these paragraphs and deny these allegations for lack of sufficient information or knowledge.

## **GENERAL DENIAL**

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## **RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES**

1.     This Court lacks personal jurisdiction over the Transocean Defendants.

2.     Venue is improper.

3.     Process and service of process are insufficient.

4.     The Court lacks subject matter jurisdiction, *inter alia*, by virtue of the failure of Plaintiff to comply with the presentment requirements of the Oil Pollution Act ("OPA"), 33 U.S.C. §2701, *et seq.*

5.      Plaintiff has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

6.      Plaintiff has failed to state a claim upon which relief can be granted with respect to some or all of their claims against the Transocean Defendants.

7.      There may be a prior-filed civil action that requires this suit be stayed pursuant to the doctrine of *lis pendens*.

8.      Some or all of Plaintiff's claims are not ripe.

9.      Plaintiff has failed to satisfy conditions precedent to recovery.

10.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

      a.      Plaintiff has failed to make presentment of its claims as required under OPA.

      b.      Plaintiff has failed to make the showing required by 33 U.S.C. § 2707(a).

      c.      OPA displaces or preempts Plaintiff's claims with respect to oil spill damages and otherwise.

      d.      Plaintiff has no right of action against the Transocean Defendants, as none of them is or has been designated a responsible party as defined under OPA.

      e.      OPA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

      f.      OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

      g.      OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

11.     The Transocean Defendants assert the defenses of payment and release.

12.     The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiff receives from any source as compensation for alleged losses.

13.     The damages referred to in Plaintiff's Complaint were not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.

14.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not proximately caused by any acts and/or omissions of the Transocean Defendants.

15.     Plaintiff lacks standing to assert the claims set forth in the Complaint, in whole or in part.

16.     No actual case or controversy exists between Plaintiff and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

17.     The incident and resulting damages that are the subject of the Complaint were caused by the sole, comparative or contributory fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons or entities for whom Transocean Defendants are not legally responsible.

18.     The claims and causes of action set forth in the Complaint are barred in whole or in part by superseding and intervening causation.

19.     The Transocean Defendants did not owe any duty or warranty to Plaintiff and did not breach any duty or warranty.

20.     Plaintiff does not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them designed the *Deepwater Horizon* or are otherwise proper defendants to any products liability claim.  Out of an abundance of caution, however, the Transocean Defendants would plead additionally that any product for which they are allegedly responsible was not

defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered.  Further, the Transocean Defendants would plead that there was no causal relationship between them and any alleged defective product.

21.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to Plaintiff.

22.     Plaintiff may not have reasonably mitigated its damages, if any, and should be required to provide proof of all alleged damages.

23.     Some or all of Plaintiff's claims for economic loss are barred or limited by the applicable economic loss rule and the lack of foreseeability and/or legally compensable harm.

24.     The Transocean Defendants specifically deny that this Plaintiff has sustained legally compensable damages.

25.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not foreseeable as a matter of law.

26.     Plaintiff's claims and damages are too remote or speculative to be compensable.

27.     Further, the Transocean Defendants would plead that there is an inadequate causal relationship between them and Plaintiff's claims and/or damages.

28.     As a separate and complete defense to some or all of Plaintiff's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants and that the amount of damages alleged in the Complaint greatly exceeds the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly have invoked and re-aver the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46

U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiff is not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

29.     The Transocean Defendants deny that they or any of them have been guilty of any conduct that would support an award of punitive damages against any of them.

30.     Any award of punitive damages in this case would be in violation of the safeguards provided to defendants under the Constitution of the United States and other applicable law.

31.     The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (as well as the corresponding provisions of any relevant state constitution, if any) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) punitive damages can be assessed in amounts in excess of comparable maximums of criminal laws, (g) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (h) the amount of punitive damages are determined in part by the financial status of the defendant.

32.     Plaintiff's claims are barred in whole or in part by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.,* and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service, (hereinafter "BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

33.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries. The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

34.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent they do not conflict with the Transocean Defendants' affirmative defenses.

35.     Plaintiff's claims are barred to the extent that Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

36.     The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

The Transocean Defendants reserve the right to amend their answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

<u>DEMAND FOR TRIAL BY JURY</u>

The Transocean Defendants demand trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:   /s/ Steven L. Roberts
     Steven L. Roberts (Texas, No. 17019300)
     Rachel Giesber Clingman (Texas, No. 00784125)
     Kent C. Sullivan (Texas, No. 19487300)
     Teri L. Donaldson (Florida, No. 784310)
     Sutherland Asbill & Brennan LLP
     1001 Fannin Street, Suite 3700
     Houston, Texas 77002
     Telephone: (713) 470-6100
     Facsimile: (713) 654-1301
     Email: steven.roberts@sutherland.com,
     rachel.clingman@sutherland.com,
     kent.sullivan@sutherland.com,
     teri.donaldson@sutherland.com

By:   /s/ Kerry J. Miller
     Kerry J. Miller (Louisiana, No. 24562)
     Frilot, L.L.C.
     1100 Poydras Street, Suite 3700
     New Orleans, Louisiana 70163
     Telephone: (504) 599-8169
     Facsimile: (504) 599-8154
     Email: kmiller@frilot.com

     -and-

     /s/ Edwin G. Preis, Jr.
     Edwin G. Preis, Jr. (Louisiana, No. 10703)
     Edward F. Kohnke, IV (Louisiana, No. 07824)
     Preis & Roy PLC
     102 Versailles Boulevard, Suite 400
     Lafayette, Louisiana 70501
     Telephone: (337) 237-6062
     Facsimile: (337) 237-9129
     -and-
     601 Poydras Street, Suite 1700
     New Orleans, Louisiana 70130
     Telephone: (504) 581-6062
     Facsimile: (504) 522-9129
     Email: egp@preisroy.com,
     efk@preisroy.com

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

COUNSEL FOR THE TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's

CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a

notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller
_____