UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: 2:11-cv-00364-CJB-SS (Patrick Morgan, et al. v. Transocean Ltd., et al.)<br><br>……………………………………………... | : : : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**THE BP PARTIES' ANSWER TO PATRICK MORGAN, VIRGINIA STEVENS, AND LEO LIDNER'S ORIGINAL PETITION**

Defendants BP Exploration & Production Inc. ("BPXP") and BP p.l.c. (collectively, "the BP Parties"), by their undersigned counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer the Original Petition filed by Plaintiffs Patrick Morgan, Virginia Stevens, and Leo Lidner as follows:

**I.**

**[1]:** Discovery in this matter will be conducted pursuant to Level 2.

**ANSWER:**

The BP Parties deny the allegations of this paragraph.

**II.**

**[2]:** Defendant TRANSOCEAN LTD. is a foreign company doing business in the State of Texas.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[3]:** Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING, L.L.C. is a foreign limited liability company doing business in the State of Texas. It can be served through

1

its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[4]:** Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[5]:** Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[6]:** Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

**ANSWER:**

The BP Parties admit the allegations of this paragraph.

**[7]:** Defendant BP, PLC is a foreign company doing business in the State of Texas.

**ANSWER:**

The BP Parties admit that BP p.l.c. is a foreign company.  The BP Parties deny the remaining allegations of this paragraph.

### III.

**[8]:**  Plaintiff PATRICK MORGAN is a resident of Mississippi.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[9]:**  Plaintiff VIRGINIA STEVENS is a resident of Mississippi.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

**[10]:**  Plaintiff LEO LIDNER is a resident of Louisiana.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### IV.

**[11]:**  The Court has jurisdiction over this matter in that Defendants do business in the State of Texas. Venue is proper in this matter because at least one of the Defendants is headquartered in this County.

**ANSWER:**

The BP Parties admit that Transocean, Cameron, Halliburton, and BPXP do business in the state of Texas and that BPXP is headquartered in Harris County, Texas.  The BP Parties deny that BP p.l.c. is a proper party to this litigation as it is did not own the MC 252 leasehold, had no employees on the *Deepwater Horizon*, and was not a party to the drilling rig contract with Transocean.  The BP Parties deny the remaining allegations of this paragraph.

**V.**

**[12]:**  Plaintiffs are American seamen and bring this action pursuant to Title 46 U.S.C. § 688.

**ANSWER:**

The BP Parties admit that Plaintiffs purport to bring their claims under Title 46 U.S.C. § 688.  The BP Parties deny that Plaintiffs have stated a valid claim under Title 46 U.S.C. § 688.

**VI.**

**[13]:**  At all times material hereto, all Plaintiffs were aboard the DEEPWATER HORIZON (the  "Vessel"), and, with the exception of Lidner, were aboard as employees or borrowed employees of Defendants Transocean, Ltd. and/or Transocean Offshore Deepwater Drilling, L.L.C. (collectively the "Transocean Defendants") and all were acting within the course and scope of their employment as seamen in service of the Vessel. The DEEPWATER HORIZON was owned and/or operated by the Transocean Defendants and leased by Defendants BP Exploration and Production, Inc. and/or BP, Plc (collectively "BP" or the "BP Defendants").

**ANSWER:**

The BP Parties admit that the one or more Transocean affiliates, at all relevant times, owned and operated the *Deepwater Horizon*.  The BP Parties deny that the *Deepwater Horizon* was owned, operated, or leased by BPXP or BP p.l.c.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## VII.

**[14]:** On April 20, 2010, as Plaintiffs were performing their regular duties aboard the vessel, they all sustained severe injuries to their persons. Such injuries were legally caused by the negligence of the Defendants and the unseaworthiness of the Vessel in question. Specifically, the DEEPWATER HORIZON caught fire and exploded, and ultimately sunk, injuring more than twenty, and killing eleven. Such an incident does not occur without an unseaworthy condition or negligence. Due to their severe injuries, Plaintiffs cannot work. Indeed, in light of the circumstances leading to Plaintiffs' injuries, there is a rebuttable presumption that the vessel was unseaworthy.

**ANSWER:**

The BP Parties admit that on April 20, 2010, there were one or more explosions and fires aboard the *Deepwater Horizon* and that the vessel sank. The BP Parties deeply regret the *Deepwater Horizon* accident on April 20, 2010, and offer their deepest sympathies to the rig personnel who suffered injuries because of the tragic accident. The BP Parties, however, deny the remaining allegations of this paragraph to the extent they are direct at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[15]:** The BP Defendants had leased the Vessel and had a significant hand in the control of the rig; importantly in the application of casing and cement and preparation of the well for production. Further, because the Vessel was leased to the BP Defendants, such Defendants have a duty to ensure that operations are conducted in a prudent manner. The BP Defendants failed in that regard, legally causing Plaintiffs' injuries.

**ANSWER:**

The BP Parties deny the allegations of this paragraph.

**[16]:** Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended. Additionally, Plaintiffs also bring claims against Cameron under general maritime products liability or, alternatively, the Texas Products Liability Act (TEX. Civ. PRAC. & REM. CODE § 82.001, et seq.). Upon information and belief, the BOP's at issue were not substantially

5

changed after they left Cameron's control. Further, the BOP's were in a defective condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Further, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

**ANSWER:**

The BP Parties admit that Cameron designed, manufactured, and/or supplied the *Deepwater Horizon* BOP and that one purpose of a BOP is to prevent uncontrolled releases of hydrocarbons that could threaten a rig and the safety of those aboard it. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[17]:** Halliburton was a contractor working on the Vessel engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, allowing pressure to escape the well, leading to the resulting blowout and fire.

**ANSWER:**

The BP Parties admit that Halliburton was a contractor engaged to provide products and services regarding the cementing of the well being drilled by the *Deepwater Horizon*. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[18]:** Plaintiffs would also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[19]:**  Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- $41,000  fine for a "loss of well control." MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

- $190,000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70,000 fine for low pressure in the fire water system; and

- $190,000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

**ANSWER:**

The BP Parties admit that BPXP paid a $41,000 civil penalty for alleged violations that, according to the MMS, did not result in any pollution or injuries; that BPXP paid a $190,000 civil penalty for alleged safety violations that resulted in a fire involving an as-built diverter system; that BPXP paid a $80,000 civil penalty for alleged bypass relays for the pressure safety high/low for producing wells; that BPXP paid a $70,000 civil penalty arising out of a fire water system allegedly operating below the minimum required 75 psi.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the second $190,000 fine alleged above.  The BP Parties deny the remaining allegations of this paragraph.

**[20]**:  Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek punitive damages for the BP Defendants' gross negligence and malice.

**ANSWER:**

The BP Parties deny the allegations of this paragraph.

**[21]**:  Plaintiffs also specifically plead the doctrine of Res Ipsa Loquitor.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### VIII.

**[22]**:  By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs sustained severe bodily injuries. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural lives.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### IX.

**[23]**:  As a result of the foregoing injuries, Plaintiffs have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacities have been impaired permanently.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### X.

**[24]:**  Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XI.

**[25]:**  Additionally, as a result of the injuries sustained in the occurrences as set forth above, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XII.

**[26]:**  Pleading further, in the alternative, if it is shown that any Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XIII.

**[27]:**  Plaintiffs are physically impaired as a result of injuries sustained in the above-referenced occurrence. As a consequence, they have all lost the ability to perform household services and, in reasonable probability, this loss is permanent.

**ANSWER:**

The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## XIV.

**[28]:** Plaintiffs would show that on the above-mentioned date, they were injured while in the service of a vessel. Because Plaintiffs (with the exception of Lidner) were employees or borrowed employees, the Transocean Defendants have, and continue to have, a non-delegable duty to provide Plaintiffs with the benefits of maintenance and cure. Plaintiffs would show that they have not reached maximum medical improvement and that the Transocean Defendants' duty continues. The Transocean Defendants have denied payment and/or have unreasonably delayed payments for maintenance and cure and/or have paid maintenance in an insufficient amount.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[29]:** The Transocean Defendants' conduct towards these injured seamen is arbitrary, malicious, capricious, and wrong. As a result of the Transocean Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiffs have suffered further injuries and damages, for which they now sue. Plaintiffs would further show that the Transocean Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that as a result thereof, Plaintiffs are thus entitled to PUNITIVE DAMAGES, and an award of attorneys' fees, for which they now sue, in addition to all other relief sought.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## XV.
## Request for Rule 194 Disclosure

[30]: Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ. P.

**ANSWER:**

The BP Parties deny the allegations of this paragraph.

[31]: WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants in the amount of FIVE MILLION, FIVE HUNDRED THOUSAND ($5,500,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief at law in equity, to which they may be justly entitled.

**ANSWER:**

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs' claims against the BP Parties with prejudice. The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**[32] PLAINTIFFS RESPECTFULLY REQUEST A JURY TRIAL**

**ANSWER:**

The BP Parties admit that Plaintiffs have requested a trial by jury. The BP Parties deny that Plaintiffs are entitled to a trial by jury except as required under the laws applicable to a trial of their claims.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The BP Parties maintain that there was no negligence or fault on their part and that Plaintiffs' damages and injuries, if any, were caused by the fault, carelessness, misconduct, negligence and/or want of due care of other individuals, entities, or vessels for whom the BP Parties are not legally responsible.

**SECOND DEFENSE**

Plaintiffs' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**THIRD DEFENSE**

Plaintiffs' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**FOURTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiffs' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**FIFTH DEFENSE**

To the extent the BP Parties are found liable to Plaintiffs for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**SIXTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**SEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to contribution from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Plaintiffs for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled under the law to the damages that they seek, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**ELEVENTH DEFENSE**

Plaintiffs' claims for punitive damages are barred, in whole or in part, because the BP Parties did not engage in any willful, wanton, malicious, oppressive, or reckless conduct that might entitle Plaintiffs to an award of punitive damages.

**TWELFTH DEFENSE**

Plaintiffs' damages are barred, in whole or in part, by a failure to mitigate damages.

**THIRTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Petition, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Plaintiffs as a result of the allegations contained in the Petition and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

WHEREFORE, the BP Parties respectfully request that the Court dismiss Plaintiffs' claims against the BP Parties with prejudice.

Dated: February 28, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy Bloom, P.C.

Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for BP Exploration & Production Inc. and BP p.l.c.*

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

                                                                                         /s/   Don K. Haycraft