UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| DEEPWATER HORIZON IN THE GULF OF | § | |
| MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS DOCUMENT RELATES TO: | § | |
| 2:10-CV-04536 | § | JUDGE BARBIER |
| (UNITED STATES OF AMERICA V. BP | § | |
| EXPLORATION & PRODUCTION INC., ET AL.) | § | MAGISTRATE JUDGE SHUSHAN |

## TRANSOCEAN DEFENDANTS' ANSWER TO
## THE UNITED STATES OF AMERICA'S COMPLAINT

Defendants Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean

Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH"), and Triton Asset Leasing GmbH

("Triton") (collectively the "Transocean Defendants") respond to the Complaint of Plaintiff, the

United States of America, upon information and belief as follows:[1]

---

[1] The Transocean Defendants have filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered his Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action. Transocean Defendants hereby serve notice upon the C Plaintiff that the filing of the C Complaint against the Transocean Defendants may violate the terms of Judge Ellison's Injunction/Restraining Order, and all such claims against the Transocean Defendants filed outside of the limitation action may be enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

10774873.8

1.      The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the Mobile Offshore Drilling Unit ("MODU") *Deepwater Horizon* while located on the Macondo Prospect in Mississippi Canyon Block 252 ("BP well"), that the *Deepwater Horizon* subsequently sank, and that oil has leaked from the well into the Gulf of Mexico.   To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

2.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.      The Transocean Defendants deny that Plaintiff is entitled to the declaration sought.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

4.      The Transocean Defendants deny that Plaintiff is entitled to the relief sought.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.  The allegations set forth in Paragraph 4 also contain statements and conclusions of law and do not

require a response by the Transocean Defendants, but out of an abundance of caution are denied.

5.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

6.      The Transocean Defendants admit that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."   The Transocean Defendants admit that federal jurisdiction can arise under one or more of the cited statues.  To the extent not expressly admitted, the allegations in this paragraph are denied.

7.      The assertions in Paragraph 7 do not require a response from the Transocean Defendants, but in an abundance of caution are denied.

8.      The Transocean Defendants admit that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."   The Transocean Defendants admit that federal jurisdiction can arise under one or more of the cited statues.  To the extent not expressly admitted, the allegations in this paragraph are denied.

9.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10.      The Transocean Defendants admit that, on April 20, 2010, the *Deepwater Horizon* was flagged under the laws of the Republic of the Marshall Islands.  To the extent not

expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11.     The Transocean Defendants admit that, on April 20, 2010, the *Deepwater Horizon* was a vessel.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12.     The allegations set forth in Paragraph 12 contain a statement of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

13.     The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon* while located on the BP well, and that the *Deepwater Horizon* subsequently sank.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14.     The Transocean Defendants admit that portions of the marine riser and BOP have been recovered and returned to shore.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 14 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 14.

10774873.8

15.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 15.

16.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 16 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 16.

17.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 17 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 17.

18.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 18 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 18.

19.     The Transocean Defendants admit that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland.  The Transocean Defendants admit that one or more of the Transocean Defendants were the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 19 are denied.

20.     The Transocean Defendants admit that TH is a Delaware corporation with its principal place of business in  Houston, Texas.  The Transocean Defendants admit that one or more of the Transocean Defendants were the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 20 are denied.

6

21.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 21 are denied.

22.     The Transocean Defendants admit that TDI is a Delaware corporation with its principal place of business in Houston, Texas. The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 22 are denied.

23.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 23.

24.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 24 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 24.

25.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 25 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 25.

26.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 26 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 26.

27.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 28 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 28.

29.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 30 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 30.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 32 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 32.

33.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

34.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 34 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 34.

35.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 35 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 35.

36.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 36 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 36.

37.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 37 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 37.

38.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 38 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 38.

39.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 39 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 39.

40.     The Transocean Defendants admit that there was a contractual relationship between TH and an affiliate of BP Exploration & Production Inc. with respect to the *Deepwater Horizon* and that the *Deepwater Horizon* engaged in drilling activities at the BP well pursuant to that contract and the amendments thereto.   To the extent not expressly

admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 40.

41.     The Transocean Defendants admit that on or about October 2009 drilling began in Block 252 of Mississippi Canyon. To the extent not expressly admitted, the Transocean defendants are without sufficient knowledge to form a belief as to whether the assertions set forth in this paragraph are true and, therefore, deny all aspects and implications of the remaining allegations in Paragraph 41.

42.     The allegation set forth in Paragraph 42 contains a statement and conclusion of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

43.     The Transocean Defendants admit that, on October 1, 2009, one or more of the Transocean Defendants were the managing owners, owners *pro hac vice*, and/or operators of the MODU *Transocean Marianas*, and that the *Transocean Marianas* engaged in drilling activities at the BP well.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 43.

44.     The Transocean Defendants admit that the *Deepwater Horizon* engaged in drilling activities at the BP well after the *Transocean Marianas* ceased drilling activities at the BP well and that the *Deepwater Horizon* was on location at the BP well in March and a portion of April 2010.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 44.

45.     The Transocean Defendants admit that, as of April 20, 2010, the BP well contained certain well casing.   To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 45.

46.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 46.

47.     The Transocean Defendants admit that, on April 20, 2010, there was a blowout of the BP well, including oil and gas.   To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 47.

48.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 48.   As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 48 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 48.

49.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 49.   As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 49 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 49.

50.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 50.   As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

11

Paragraph 50 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 50.

51.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 51.   As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 51 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 51.

52.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 52.   As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 52 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 52.

53.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 53.  As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 53 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 53.

54.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 54.  As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 54 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 54.

55.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 55.  As to the remaining assertions, the Transocean Defendants are without sufficient

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 55 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 55.

56.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 56 (and its subparts).  As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 56 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 56 (and its subparts).

57.     The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 57 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 57.

58.     The Transocean Defendants admit that as a result of the incident on April 20, 2010, eleven vessel workers are presumed to have lost their lives.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 58 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 58.

59.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 59 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 59.

60.     The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon* while located on the BP well and that oil has leaked

from the well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 60 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 60.

61.     The Transocean Defendants admit that oil has leaked from the BP well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 61 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 61.

62.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution is denied.

63.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 63.

64.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution is denied.

65.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution is denied.

66.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 66 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 66.

67.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 67 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 67.

68.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution this paragraph is denied.

69.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 69.  As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 69.

70.     Paragraph 70 is a statement that Plaintiff refers to and incorporates by reference each and every foregoing paragraph of its Complaint.  The Transocean Defendants have responded to each of the foregoing paragraphs and incorporates those responses herein. Accordingly no further response is required to the allegations contained in Paragraph 70.

71.     The allegations in this Paragraph are not directed to Transocean Defendants and do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.

72.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 72 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 72.

73.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 73 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 73.

15

74.     The Transocean Defendants admit that one or more of the Transocean Defendants were the owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon* on April 20, 2010.  The allegations in Paragraph 74 also contain statements of law, which do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 74.

75.     This paragraph contains statements and conclusions of law that do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.

76.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 76. As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 76 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 76.

77.     Paragraph 77 is a statement that Plaintiff refers to and incorporates by reference each and every foregoing paragraph of its Complaint.  The Transocean Defendants have responded to each of the foregoing paragraphs and incorporates those responses herein. Accordingly no further response is required to the allegations contained in Paragraph 77.

78.     The Transocean Defendants admit that BP was a lessee and/or permittee of Mississippi Canyon Block 252.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 78 are true and, therefore, deny all aspects and implications of the allegations contained in Paragraph 78.

79.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 79 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 79.

80.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 80 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 80.

81.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 81 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 81.

82.     The Transocean Defendants admit that BP and others have been designated as Responsible Parties for the discharges from the BP well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 82 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 82.

83.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 83 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 83.

84.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 84 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 84.

85.     The Transocean Defendants admit that one or more of the Transocean Defendants were the owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon* on April 20,

2010, and that the *Deepwater Horizon* was a vessel.  This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution this paragraph is denied as to the Transocean Defendants.

86.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 84 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 84.  This paragraph also contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution this paragraph is denied as to the Transocean Defendants.

87.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution this paragraph is denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 87 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 87.

88.     The Transocean Defendants admit the existence of policies of liability insurance. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 88 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 88.

89.     The allegation set forth in Paragraph 89 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

90.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 90 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 90.

10774873.8

91.     This paragraph contains a statement of law that does not require a response of the Transocean Defendants, but out of an abundance of caution this paragraph is denied.  The Transocean Defendants deny joint and several liability without limitation.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 91 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 91.

92.     The Transocean Defendants deny that the Plaintiff has or may reserve the rights purportedly set forth in this paragraph as to the Transocean Defendants.  As to the remaining assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 92 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 92.

With respect to the unnumbered Prayer for Relief (and its numbered subparts), the Transocean Defendants deny that Plaintiff is entitled to the relief requested.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in the paragraph (and its numbered subparts) are true and, therefore, deny all aspects and implications of the allegations in this paragraph (and its numbered subparts).

## GENERAL DENIAL

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs, subheadings, and/or subparts.

10774873.8

## AFFIRMATIVE DEFENSES

1.      The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.   By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

### Standing

2.      The Plaintiff lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this court.

### Ripeness

3.      The Plaintiff's claims for relief are not ripe.

### Failure To State A Claim

4.      The Plaintiff has failed to state a claim upon which relief can be granted.

5.      The Plaintiff has failed to plead, much less satisfy, conditions precedent to recovery.

6.      The Plaintiff's claims are barred to the extent that the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

7.      The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*   As a separate and complete defense to some or all of Plaintiff's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages may greatly exceed the amount of value of the interest of the

10774873.8

Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision the Plaintiff is not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

8.     Certain of the Plaintiff's claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

## Oil Pollution Act

9.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

(a)     Plaintiff has failed to make presentment of some or all of its claims as required under OPA.

(b)     The Plaintiff has no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

(c)     OPA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

10774873.8

(d)     OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

## Clean Water Act

10.     The Transocean Defendants assert all defenses available under the Clean Water Act, including but not limited to:

(a)     The Plaintiff lacks standing under the Clean Water Act because it has not alleged nor can it prove an actual or threatened injury caused by the defendants' conduct and redressable by this court.

(b)     Under the Clean Water Act, 33 U.S.C. § 1342(k), compliance with an NPDES permit is deemed compliance with Sections 1311, 1312, 1316, 1317 and 1343 of the Clean Water Act, except for a limitation not applicable here.  Therefore, to the extent that activities at the Macondo well drilling site were compliant with the applicable NPDES permit conditions and requirements, those activities cannot be the subject of any cause of action under the listed provisions of the Clean Water Act.

## Estoppel

(a)     The United States is estopped from advancing any position or argument inconsistent with NPDES General Permit No. GMG290000.

(b)     The United States is estopped from advancing any position or argument inconsistent with NPDES General Permit No. GMG290110.

(c)     The United States is estopped from advancing any position or argument inconsistent with the Initial Exploration Plan, Mississippi Canyon Block 252, OCS-G32306, which was approved by the Minerals Management Service on April 6, 2009.

22

## Causation

11.     The Plaintiff complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

## Sovereign Acts In Connection With Response

12.     As a consequence of actions and decisions of the United States in connection with the response to the spill and its involvement in BP's efforts to control the well, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, and sovereign acts.

13.     As a consequence of actions and decisions of the United States in connection with the response to the spill and its involvement in BP's efforts to control the well, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the injuries and damages which it allegedly suffered, which failure reduces or bars recovery by Plaintiff and/or because the superseding/intervening cause of any injury allegedly sustained by the Plaintiff is its own conduct.

14.     As a consequence of actions and decisions of the United States in connection with the response to the spill and its involvement in BP's efforts to control the well, Plaintiff's claims are barred, in whole or in part, by Plaintiff's comparative fault, consent, assumption of the risk, the legal doctrine of *in pari delicto*, and/or the maxim that "one who seeks equity must do equity."

23

10774873.8

**Damages**

15.     The Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

16.     The Plaintiff has not reasonably mitigated its damages.

17.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by the Plaintiff with respect to the same alleged injuries.  The Transocean Defendants assert payment and release to the extent that the Plaintiff's alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.  The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to the Plaintiff from any collateral source.

**Civil Penalties**

18.     Plaintiff's claim for civil penalties is inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

19.      Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained because an award of civil penalties would violate the Transocean Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would violate the Transocean Defendants' right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution.

20.     Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained, because an award of civil penalties in this case, combined with any prior, contemporaneous, or subsequent judgments against the Transocean Defendants for punitive

damages and/or fines or penalties arising out of the blowout of the Macondo well and the resulting oil spill would constitute excessive and impermissible multiple punishments for the same alleged wrong, in violation of the Transocean Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy.

## Equitable Relief

21.     Plaintiff's claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, the Plaintiff has an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiff might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

## Adoption Of Affirmative Defenses And Reservation To Amend Answer

22.     Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

23.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

## Set off and Recoupment

24.     The incident and resulting damages may have been caused in part by the comparative fault and/or negligence of the Plaintiff.  The Transocean Defendants are entitled to a

10774873.8

credit, set off and/or recoupment with respect to any monetary claim of the Plaintiff (whether asserted in the present Complaint or in any amended complaint the Plaintiff may seek leave to file) to the extent that the Transocean Defendants are held liable to any person or entity, either in this action or in any other action arising from the incident, for any amounts attributable to the comparative fault and/or negligence of the Plaintiff.  The Transocean Defendants reserve the right to seek an apportionment of fault through any appropriate procedure, and to obtain contribution through a credit, setoff and/or recoupment based on such apportionment.  To the extent a formal counterclaim rather than an affirmative defense is necessary to preserve such right to obtain contribution through a credit, setoff and/or recoupment, the Transocean Defendants file this Paragraph 24 as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:  /s/ Steven L. Roberts
     Steven L. Roberts (Texas, No. 17019300)
     Rachel Giesber Clingman (Texas, No. 00784125)
     Kent C. Sullivan (Texas, No. 19487300)
     Teri L. Donaldson (Florida, No. 784310)
     Sutherland Asbill & Brennan LLP
     1001 Fannin Street, Suite 3700
     Houston, Texas 77002
     Telephone: (713) 470-6100
     Facsimile: (713) 654-1301
     Email: steven.roberts@sutherland.com,
     rachel.clingman@sutherland.com,
     kent.sullivan@sutherland.com,
     teri.donaldson@sutherland.com

By:  /s/ Kerry J. Miller
     Kerry J. Miller (Louisiana, No. 24562)
     Frilot, L.L.C.
     1100 Poydras Street, Suite 3700
     New Orleans, Louisiana 70163
     Telephone: (504) 599-8169
     Facsimile: (504) 599-8154
     Email: kmiller@frilot.com

-and-

     /s/ Brad D. Brian
     Brad D. Brian (California, No. 79001)
     Allen M. Katz (California, No. 054933)
     Munger Tolles & Olson LLP
     355 South Grand Avenue, 35th Floor
     Los Angeles, California 90071
     Telephone: (213) 683-9100
     Facsimile: (213) 683-5180, (213) 683-4018
     Email:brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

COUNSEL FOR TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller

28