UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | § | |
| OF MEXICO, ON APRIL 20, 2010 | § | SECTION: J |
| | § | |
| | § | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | § | |
| 2:10-CV-04185 | § | MAGISTRATE JUDGE SHUSHAN |
| (CITY OF GREENVILLE, ET AL. V. BP, | § | |
| PLC, ET AL.) | § | JURY DEMAND |

## ANSWER AND DEFENSES OF TRANSOCEAN DEFENDANTS

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI") and Transocean Deepwater Inc. ("TDI") (collectively the "Transocean Defendants") respond to the Complaint of Plaintiffs, City of Greenville, City of Evergreen, City of Georgiana, and the Town of McKenzie, upon information and belief as follows.[1]

---

[1] Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

The Transocean Defendants respond herein to the Plaintiffs' Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the proceeding *In re the Complaint and Petition of Triton Asset Leasing GmbH*, *et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

10719050.5

## ANSWER

For each and every allegation of the Complaint, the Transocean Defendants respond as follows. If a paragraph in the Complaint has multiple subparts, the response applies fully to all subparts except as expressly stated.

1. Paragraph 1 does not require a response, but out of an abundance of caution is denied.

2. The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the Mobile Offshore Drilling Unit ("MODU") *Deepwater Horizon* while located on the Macondo Prospect Mississippi Canyon 252 oil well ("BP well"), that the *Deepwater Horizon* subsequently sank, and that oil has leaked from the well into the Gulf of Mexico. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 2.

3. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3, except to admit that federal question jurisdiction can arise under OPA, 33 U.S.C. § 2701, and OCSLA, 43 U.S.C.§ 1349.

4. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

6. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 6.

7. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.

8. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 12 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 12.

13. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 14 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 14.

15. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 15.

16. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 16 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 16.

17. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 17 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 17.

18. Transocean Ltd. is filing a motion challenging personal jurisdiction and, therefore, is not answering this Complaint. The Transocean Defendants admit that TODDI and TDI are Delaware corporations, with their principal offices in Houston, Texas. The Transocean Defendants deny that any allegations against Transocean Ltd. are properly incorporated against

TODDI or TDI.  The Transocean Defendants admit that Halliburton was engaged in cementing operations on the well, and that Cameron was a supplier of the *Deepwater Horizon* BOP.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 18 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 18.

19. The Transocean Defendants admit that BP obtained rights for the drilling of oil and oil-production related activities and admit that BP was the operator of the well that is the source of the oil release.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 19.

20. The Transocean Defendants admit that at all time relevant to this Complaint, BP was authorized to conduct offshore drilling operations using the *Deepwater Horizon* at the Macondo prospect MC252 in the Gulf of Mexico.  The Transocean Defendants deny all remaining aspects and implications of the allegations in Paragraph 20.

21. The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, and that it was built in or around 2001.  The Transocean Defendants deny the remaining allegations in Paragraph 21 and specifically deny that they designed the *Deepwater Horizon*.

22. The Transocean Defendants admit that Cameron supplied  the *Deepwater Horizon*'s BOP. The Transocean Defendants deny all remaining aspects and implications of the allegations in Paragraph 22.

23. The Transocean Defendants admit that Halliburton was engaged in cementing operations for the BP well. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 23.

24. The Transocean Defendants admit that the *Deepwater Horizon* was leased and/or chartered directly or through agents of BP, Anadarko, and/or Mitsui. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 24.

25. The Transocean Defendants admit that on April 20, 2010, an explosion and fire occurred on the *Deepwater Horizon*, and it later sank. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 25.

26. The Transocean Defendants admit that the riser pipe broke. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 26.

27. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 28 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 28.

29. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 30.

31. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 31.

32. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 32.

33. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph (and its subparts) and, therefore, deny all aspects and implications of such allegations in Paragraph 33 (and its subparts).

34. The Transocean Defendants deny that they have admitted responsibility for the "oil disaster." The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 34.

35. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 35.

36. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 36.

37. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 37 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 37.

38. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 38.

39. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 39.

40.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 40 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 40 (and its subparts).

41.     Paragraph 41 does not require a response, but out of an abundance of caution is denied.

42.     The Transocean Defendants adopt and incorporate by reference their responses to the Plaintiffs' allegations as set forth above.

43.     The allegations set forth in Paragraph 43 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

44.     The allegations set forth in Paragraph 44 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

45.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 45.

46.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 46.

47. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph (and its subparts) and, therefore, deny all aspects and implications of such allegations in Paragraph 47 (and its subparts).

48. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 48.

49. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 49.

50. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 50.

51. The Transocean Defendants deny that they were negligent or wanton. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 51.

52. Paragraph 52 does not require a response, but out of an abundance of caution, this paragraph is denied.

53. The Transocean Defendants adopt and incorporate by reference their responses to the Plaintiffs' allegations as set forth above.

54. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 54.

55. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 55.

56. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 56.

57. The Transocean Defendants adopt and incorporate by reference their responses to the Plaintiffs' allegations as set forth above.

58. The Transocean Defendants admit that the quotation in Paragraph 58 is from the cited statute, but specifically deny liability to Plaintiffs under the statute. The allegations set forth in Paragraph 58 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

59. The Transocean Defendants admit that the U. S. Coast Guard has designated BP Exploration & Production Inc. and others as responsible parties for the discharges from the

Macondo well. The Transocean Defendants deny that the U. S. Coast Guard has designated either of them a responsible party. To the extent not expressly admitted, the allegations in Paragraph 59 are denied.

60. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph (and its subparts) and, therefore, deny all aspects and implications of such allegations in Paragraph 60 (and its subparts).

61. Denied as to the Transocean Defendants. The Transocean Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny all aspects and implications of such allegations in Paragraph 61.

With respect to the Prayer for Relief (and its subparts) and all unnumbered paragraphs, the Transocean Defendants deny that Plaintiffs are entitled to the relief requested. As to the remaining assertions and defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and deny these allegations for lack of sufficient information or knowledge.

## GENERAL DENIAL

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## RULE 12(B) AND OTHER AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over the Transocean Defendants.

2.      Venue is improper.

3.      Process and service of process are insufficient.

4.      The Court lacks subject matter jurisdiction, *inter alia*, by virtue of the failure of Plaintiffs to comply with the presentment requirements of the Oil Pollution Act ("OPA"), 33 U.S.C. §2701, *et seq.*

5.      Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

6.      Plaintiffs have failed to state a claim upon which relief can be granted with respect to some or all of their claims against the Transocean Defendants.

7.      There may be a prior-filed civil action that requires this suit be stayed pursuant to the doctrine of *lis pendens*.

8.      Some or all of the Plaintiffs' claims are not ripe.

9.      Plaintiffs have failed to satisfy conditions precedent to recovery.

10.      The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

    a.    Plaintiffs have failed to make presentment of their claims as required under OPA.

    b.    OPA displaces or preempts Plaintiffs' claims with respect to oil spill damages and otherwise.

    c.    Plaintiffs have no right of action against the Transocean Defendants as none of them are or have been designated a responsible party as defined under OPA for the spill in question.

  d. OPA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

  e. OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

  f. OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

11. The Transocean Defendants assert the defenses of payment and release.

12. The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiffs receive from any source as compensation for alleged losses.

13. The damages referred to in Plaintiffs' Complaint were not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.

14. The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of the Transocean Defendants.

15. Plaintiffs lack standing to assert the claims set forth in the Complaint, in whole or in part.

16. No actual case or controversy exists between Plaintiffs and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

17. The incident and resulting damages that are the subject of the Complaint were caused by the sole, comparative or contributory fault, negligence, breach of contract, breach of

warranty, statutory and regulatory violations of other persons or entities for whom Transocean Defendants are not legally responsible.

18. The claims and causes of action set forth in the Complaint are barred in whole or in part by superseding and intervening causation.

19. The Transocean Defendants did not owe any duty or warranty to the Plaintiffs and did not breach any duty or warranty.

20. Plaintiffs do not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them designed the *Deepwater Horizon* or are otherwise proper defendants to any products liability claim. Out of an abundance of caution, however, the Transocean Defendants would additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered. Further, the Transocean Defendants would plead there was no causal relationship between them and any alleged defective product.

21. At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiffs.

22. Plaintiffs may not have reasonably mitigated their damages, if any, and should be required to provide proof of all alleged damages.

23. Some or all of Plaintiffs' claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and/or legally compensable harm. Plaintiffs' claims and damages are too remote or speculative to be compensable. Further, the

Transocean Defendants would plead that there is an inadequate causal relationship between them and Plaintiffs' claims and/or damages.

24. As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants have accordingly invoked and re-aver the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

25. The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not foreseeable as a matter of law.

26. The Transocean Defendants deny that they or any of them have been guilty of any conduct that would support an award of punitive damages against any of them.

27. Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of Alabama and the Constitution of the United States.

28.     The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and Article I § 15 of the Alabama Constitution, and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution and Article 1 §§ 6, 13, and 35 of the Alabama Constitution in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) punitive damages can be assessed in amounts in excess of comparable maximums of criminal laws, (g) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (h) the amount of punitive damages are determined in part by the financial status of the defendant.

29.     Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.,* and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service, (hereinafter "BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

30. The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

31. Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent they do not conflict with the Transocean Defendants' affirmative defenses.

32. Plaintiffs' claims are barred to the extent Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

33. The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

The Transocean Defendants reserve the right to amend their answer, Rule 12(b) and other defenses and to assert cross-claims, and third-party complaints, as appropriate.

### DEMAND FOR TRIAL BY JURY

The Transocean Defendants demand trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Steven L. Roberts<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Teri L. Donaldson (Florida, No. 784310)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 470-6100<br>Facsimile: (713) 654-1301<br>Email: steven.roberts@sutherland.com,<br>rachel.clingman@sutherland.com,<br>kent.sullivan@sutherland.com,<br>teri.donaldson@sutherland.com | By: /s/ Kerry J. Miller<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>New Orleans, Louisiana 70163<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br><br>-and-<br><br>/s/ Edwin G. Preis, Jr.<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Edward F. Kohnke, IV (Louisiana, No. 07824)<br>Preis & Roy PLC<br>102 Versailles Boulevard, Suite 400<br>Lafayette, Louisiana 70501<br>Telephone: (337) 237-6062<br>Facsimile: (337) 237-9129<br>-and-<br>601 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 581-6062<br>Facsimile: (504) 522-9129<br>Email: egp@preisroy.com,<br>efk@preisroy.com<br><br>-and-<br><br>/s/ Blane Crutchfield<br>Blane Crutchfield (Alabama, No. CRUTB4243)<br>Hand Arendall, LLC<br>11 North Water Street, Suite 30200<br>Mobile, Alabama 36602<br>Telephone: (251) 694-6241<br>Facsimile: (251) 544-1611<br>Email: bcrutchfield@handarendall.com |

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

COUNSEL FOR THE TRANSOCEAN DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of February, 2011.

/s/ Kerry J. Miller