UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION: J |
| This Document Relates to: | * * | |
| *United States v. BP, et al.,* Case No. 2:10-cv-04536-CJB-SS | * * * * * | JUDGE BARBIER |
| | | MAGISTRATE NO. 1 MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

**OPPOSITION OF DEFENDANTS ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP, AND MOEX OFFSHORE 2007 LLC TO SIERRA CLUB'S MOTION TO INTERVENE**

I.     INTRODUCTION

Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP,[1] and MOEX Offshore 2007 LLC (collectively "Anadarko and MOEX Offshore") oppose the motion to intervene of Sierra Club, Inc. ("Sierra Club") as a plaintiff in this litigation.  Sierra Club's proposed Complaint-in-Intervention seeks to bring a Clean Water Act ("CWA") enforcement action under 33 U.S.C. §1321(b)(7) against Anadarko and MOEX Offshore.  Sierra Club's proposed Complaint-in-Intervention, however, is fatally flawed.  Sierra Club did not provide notice of its asserted CWA claim against Anadarko and MOEX Offshore, and the government is now diligently prosecuting the claims against Anadarko and MOEX Offshore.  These two facts divest the court of jurisdiction over Sierra Club's CWA claims.  *See* 33 U.S.C. §1365.  Sierra Club seeks to circumvent these jurisdictional restrictions on its claims through intervention under Federal Rule of Civil Procedure 24(a)(2) or (b).  Anadarko and MOEX Offshore would be significantly prejudiced by Sierra Club's proposed intervention, and its intervention must be denied.

In addition, Anadarko and MOEX Offshore believe Sierra Club's proposed Oil Pollution Act ("OPA") claim similarly suffers from incurable jurisdictional defects.  To the extent the Court allows Sierra Club's intervention, Anadarko and MOEX Offshore reserve their right to move to dismiss the claims against them in Sierra Club's Complaint-in-Intervention.

II.    BACKGROUND

On December 15, 2010, the United States of America filed the instant lawsuit arising out of the April 20, 2010 *Deepwater Horizon* oil spill against Defendants BP Exploration & Production Inc. ("BP"), Anadarko Petroleum Corporation, "Anadarko Exploration & Production

---

[1] The United States' Complaint and Sierra Club's proposed Complaint-in-Intervention erroneously refer to "Anadarko Exploration & Production LP."  Anadarko E&P Company LP has not yet been properly served with the United States' Complaint, and, in joining this motion, does not waive any rights or defenses.

1

LP"[2], MOEX Offshore 2007 LLC, Triton Asset Leasing GMBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and QBE Underwriting Ltd., Lloyd's Syndicate 1036.  The United States limited its complaint to two claims for relief:  1) for the imposition of civil penalties for oil discharges under CWA § 311(b)(7), 33 U.S.C. § 1321(b)(7); and 2) for a declaratory judgment that Defendants are liable under Section 1002(a) of OPA, 33 U.S.C. § 2702(a), for the United States' recovery of costs and damages.  In its prayer for relief, the United States also seeks injunctive relief "as appropriate."

On February 7, 2011, Sierra Club moved to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B).  Sierra Club seeks to intervene to also bring a CWA enforcement action, and makes numerous allegations regarding various violations of the CWA.  *See, e.g.,* proposed Compl. in Intervention, ¶¶33-38, 42-43.  The proposed Complaint-in-Intervention only indicates that Sierra Club provided notice of its intent to sue under the CWA to BP.  Proposed Compl. in Intervention, ¶12; Sierra Club June 18, 2010 letter (attached as an exhibit to Sierra Club's motion).  Sierra Club did not provide Anadarko or MOEX Offshore with a notice of its intent to sue under the CWA.

In addition, Sierra Club admits the discharge of oil has ended, and as a result it could not now bring its own claims.  Sierra Club Mem. at 4 n.3.  Moreover, Sierra Club fails to identify any costs or damages it has incurred or will incur under OPA, or to allege that it presented any claim for such costs to any responsible party.

---

[2]  *See supra* n.1.

2

### III.     ARGUMENT

#### A.     Sierra Club Should Not Be Allowed to Avoid the Jurisdictional Requirements of the CWA by Seeking Intervention Under Rule 24(a)(2).

Sierra Club should not be allowed to use intervention under Rule 24(a)(2) to avoid the jurisdictional prohibitions on its proposed CWA claims against Anadarko and MOEX Offshore.[3] Sierra Club has failed to provide Anadarko and MOEX Offshore with notice of its intent to sue, which bars its ability to bring a CWA claim against them.

The CWA recognizes the right of citizens to bring enforcement actions in certain circumstances.  33 U.S.C. § 1365.  Such suit, however, is barred unless the plaintiff provided the United States and the alleged violator with notice of its intent to sue at least 60-days prior to filing its complaint.  33 U.S.C. § 1365(b)(1)(A).  Notice must be provided to the United States in order to give it the opportunity to initiate an enforcement action itself, and the citizen may not bring suit if the United States is diligently prosecuting such enforcement action.  33 U.S.C. §1365(b)(1); *see also Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989) ("[N]otice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits.") (citing *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987)); *S. Car. Wildlife Fed'n v. Alexander*, 457 F. Supp. 118, 124 (D.S.C. 1978) ("One of the major purposes of the notice provision is to allow for possible administrative resolution prior to filing suit").  Another important legislative purpose behind the notice and delay requirement is to give "the alleged violator 'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Hallstrom*, 493 U.S. at 29 (quoting *Gwaltney of Smithfield, Inc.*, 484 U.S. at 60).  The 60-day notice requirement to bring suit is jurisdictional, and failure to comply renders the claim invalid. *See id.* at 31 ("hold[ing] that the notice and 60-day delay requirements are mandatory conditions

---

[3] Sierra Club does not rely on any asserted rights to intervene under the CWA or OPA for purposes of intervention under Fed. R. Civ. P. 24(a)(1).

precedent to commencing a suit" under environmental statute's citizen suit provision and district court cannot stay the case to permit plaintiffs to comply with the notice requirement); *Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096, 1097-98 (11th Cir. 1991) ("If a plaintiff fails to comply with [the notice requirement of the Clean Water Act] where it is applicable, the district court is required to dismiss the action."); *see also Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (holding that "[t]he requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and that the failure to exhaust cannot be cured by a stay of the case until the requirement is met).

Sierra Club, however, never sent a notice of intent to sue Anadarko and MOEX Offshore as required by 33 U.S.C. § 1365(b)(1)(A). The United States has now brought an enforcement action under the CWA, and the alleged illegal discharges have ended. The failure to provide notice, therefore, is now incurable. Having failed to give notice to Anadarko and MOEX Offshore, Sierra Club could not now bring its own citizen suit against them. Through this motion to intervene, Sierra Club seeks to avoid the restrictions of the citizen suit provision of the CWA and the limits on this Court's jurisdiction over such claims. This attempted end-around should be rejected. *See Alsea Valley Alliance v. Lautenbacher*, No. 06-6093-HO, 2007 WL 845901, at *1 (D. Or. Mar. 14, 2007) (dismissing intervenor's claim under Endangered Species Act where intervenor sought to satisfy 60-day notice requirement by relying on plaintiff's notice which identified neither the intervenor nor the intervenor's claim "so as to permit defendants to act on the merits of the claim prior to judicial review"). To allow Sierra Club to raise its unnoticed CWA claims against Anadarko and MOEX Offshore would undermine the purpose and intent of the CWA and cause substantial prejudice to Anadarko and MOEX Offshore.

Nor can Sierra Club rely on its alleged notice to BP or on the government's complaint to now pursue claims against Anadarko and MOEX Offshore. As Sierra Club admits, certain violations "are not mentioned in the government's complaint," Sierra Club Mem. at 23, and were not noticed to Anadarko and MOEX Offshore by Sierra Club. *See S. Car. Wildlife Fed'n*, 457 F. Supp. at 124 ("such a significant omission divests this Court of the authority to further proceed

4

with an adjudication of this matter as it relates to [the unnoticed claims or sources of violations]"). Although certain CWA violations were alleged in Sierra Club's notice to BP, "[a]s the statute requires notice to *all* alleged violators, the plaintiffs' notice to [a co]defendant . . . does not impute notice to the remaining defendants." *Lykins v. Westinghouse Elec.*, 27 E.R.C. 1590, 1988 WL 114522, at *6 (E.D. Ky. Feb. 29, 1988), *reconsideration denied by*, 710 F. Supp. 1122 (E.D. Ky. 1988) (emphasis added). The filing of a complaint in intervention similarly does not provide sufficient notice to Anadarko and MOEX Offshore of the alleged CWA violations. *S. Car. Wildlife Fed'n*, 457 F. Supp. at 124. The United States has initiated an enforcement action, and Sierra Club should not now be able to ignore the requirements of the CWA and raise its own allegations against Anadarko and MOEX Offshore. The result of allowing it to do so through intervention is substantial prejudice to Anadarko and MOEX Offshore in defending against unnoticed allegations.[4]

---

[4] Sierra Club contends that intervenor-plaintiffs need not have an independent cause of action for purposes of intervention. Sierra Club Mem. at 9, n.5 (citations omitted). But, the cases Sierra Club attempts to rely on did impose jurisdictional requirements on intervenors (*i.e.,* standing) in addition to meeting the elements of Rule 24(a)(2) to intervene. *See Jones v. Prince George's County*, 348 F.3d 1014, 1017-19 (D.C. Cir. 2003). Moreover, for purposes of establishing an interest under Rule 24(a)(2), the Fifth Circuit has found that a plaintiff-intervenor "is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.' . . .." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir. 1984) (citations omitted); *In the Matter of Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009); *see also Ross v. Marshall*, 426 F.3d 745, 757 n.46 (5th Cir. 2005), *rehearing denied by*, 456 F.3d 442 (5th Cir. 2006) (citations omitted). The CWA's prohibitions on Sierra Club's ability to bring suit against Anadarko and MOEX Offshore should also, therefore, prohibit its ability to intervene under Rule 24 to raise CWA claims against them. In any event, even if the court finds Sierra Club has sufficient interest to intervene, the Supreme Court found, where a statute imposes restrictions on the party's ability to bring suit in the first place, intervention is limited to the claims presented in the United States' complaint, and Sierra Club should not be able to raise new allegations against Anadarko and MOEX Offshore. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 537 (1972).

> **B.** **Because of the Jurisdictional Flaw in its CWA Claims Against Anadarko and MOEX Offshore, Sierra Club's Request for Permissive Intervention Must be Denied.**

Sierra Club raises the same arguments with respect to its request for alternative relief of permissive intervention under Rule 24(b). Rule 24(b) requires that the proposed intervenor have a claim that it shares with the main action. Fed. R. Civ. P. 24(b). Lack of this Court's independent jurisdiction over Sierra Club's CWA claims against Anadarko and MOEX Offshore are grounds to deny permissive intervention. *See Harris v. Amoco Production Co.*, 768 F.2d 669, 675 (5th Cir. 1985) ("But these participatory rights remain subject to the intervenor's threshold dependency on the original parties' claims, for it is equally well-settled that '[a]n existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit.' . . .. It is therefore unclear whether an intervenor can broaden the scope of a litigation by asserting additional claims; to the extent it can, the district court has a concomitant prerogative-as an outgrowth of its discretionary power to withhold permission altogether-to condition the intervention so as to minimize delay and not prejudice the existing parties.") (citations omitted); *Frazier v. Map Oil Tools, Inc.*, No. C-10-4, 2010 WL 2352056, at *6 (S.D. Tex. June 10, 2010) (denying permissive intervention where, in part, proposed intervenor lacked standing to bring claim and allowing intervention would prejudice the parties). As described above, there is no independent basis of jurisdiction over Sierra Club's CWA claims against Anadarko and MOEX Offshore because Sierra Club never provided notice of such claims as required under the Act. Moreover, as Sierra Club concedes, "[b]ecause the discharge of oil has stopped, Sierra Club cannot bring an action of its own under the CWA citizen suit provision." Sierra Club Mem. at 4 n.3 (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49 (1987)). Allowing the Sierra Club to now raise claims that are otherwise prohibited would substantially prejudice Anadarko and MOEX Offshore. Sierra Club's request for permissive intervention to raise claims against Anadarko and MOEX Offshore, therefore, must be denied.

### C. Anadarko and MOEX Offshore Reserve Their Right to Seek Dismissal of Sierra Club's Claims.

Because of the incurable jurisdictional flaws in its CWA claim against Anadarko and MOEX Offshore, to the extent the Court allows Sierra Club to intervene and file its proposed Complaint-in-Intervention, Anadarko and MOEX Offshore reserve their rights to seek dismissal of Sierra Club's claims.

Anadarko and MOEX Offshore also believe that Sierra Club has no viable OPA claim. Sierra Club claims no rights of recovery that it has under the OPA, and asserts no standing to sue under OPA. Indeed, there is no allegation that Sierra Club has incurred costs or damages or that it presented a claim to any responsible party for such costs. 33 U.S.C. §§2702(b), 2713(a); *see also Marathon Pipe Line Co. v. LaRouche Indus. Inc.*, 944 F. Supp. 476, 477 (E.D. La. 1996) (This "presentation requirement is jurisdictional and mandates dismissal when [the presentment provision] is applicable and not complied with by the claimant.") (citations omitted); *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1995) ("[T]he clear text of § 2713 creates a mandatory condition precedent barring all OPA claims unless and until a claimant has presented her claims . . . ."). Rather, the Complaint-in-Intervention attempts to assert an OPA claim for removal costs and damages based solely on those recoverable only by the United States. As such, Anadarko and MOEX Offshore do not believe the Court has jurisdiction over Sierra Club's OPA claim.

Indeed, because the Court lacks jurisdiction over Sierra Club's proposed Complaint-in-Intervention, its proposed intervention would be futile as to Anadarko and MOEX Offshore. *See Saavedra v. Murphy Oil U.S.A., Inc.,* 930 F.2d 1104, 1109 (5th Cir. 1991) (recognizing "a proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim.") (citations omitted); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (upholding district court's denial of motion to intervene on futility grounds where proposed claims were barred by statute of limitations); *Hauth v. Lobue*, No. Civ. A. 00-166-JJF, 2001 WL 1188216, at *4 (D. Del. Sept. 28, 2001) ("A Motion To Intervene must

be denied if the Motion is 'futile.'") (citing *In Re Fine Paper Antitrust Litig.*, 695 F.2d 494 (3d Cir. 1982)); *A. Coker & Co. Ltd. v. Nat'l Shipping Agency Corp.*, No. 99-1440, 1999 WL 1009808 (E.D. La. Nov. 5, 1999) (denying motion for leave to intervene where complaint would have been futile in that proposed intervenor could not recover debt owed to it). Nonetheless, to the extent Sierra Club is allowed to intervene and to file its proposed Complaint-in-Intervention, Anadarko and MOEX Offshore expressly reserve their right to move to dismiss the claims Sierra Club seeks to raise against them.

## IV.   CONCLUSION

For the foregoing reasons, Anadarko and MOEX Offshore respectfully request that this Court deny Sierra Club's motion to intervene to assert claims against Anadarko or MOEX Offshore or, in the alternative, strike the allegations in the proposed Complaint-in-Intervention as against Anadarko and MOEX Offshore.

Respectfully submitted,

BINGHAM McCUTCHEN LLP

/s/ Ky E. Kirby
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

8

                James J. Dragna
                jim.dragna@bingham.com
                Bingham McCutchen LLP
                355 South Grand Avenue
                Suite 4400
                Los Angeles, California 90071-3106
                Telephone (213) 680-6436
                Facsimile (213) 680-8636

                KUCHLER POLK SCHELL
                WEINER & RICHESON, LLC

                Deborah D. Kuchler, T.A. (La. Bar No. 17013)
                dkuchler@kuchlerpolk.com
                Janika Polk (La. Bar No. 27608)
                jpolk@kuchlerpolk.com
                Robert Guidry (La. Bar No. 28064)
                rguidry@kuchlerpolk.com
                1615 Poydras Street, Suite 1300
                New Orleans, LA  70112
                Tel:  (504) 592-0691
                Fax:  (504) 592-0696

Dated:  February 28, 2011

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was also electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

                                                          /s/ *Ky E. Kirby*_____
                                                          Ky E. Kirby