**bp**



FOIA 2010-028000001

**James H. Dupree**
President

BP Exploration and Production Inc.

200 WestLake Park Boulevard (77079)
Post Office Box 3092
Houston  TX 77253-3092

Direct  281 366-5519
Fax:    281 366-4300

VIA CERTIFIED MAIL #70091680000063880219

May 3, 2010

Thomas Morrison
U.S. Coast Guard
Chief, Claims Division
US Coast Guard Stop 7100
4200 Wilson Boulevard, Ste. 1000
Arlington, VA 10598-7100

Re:    DEEPWATER HORIZON
       FPN: N10036

Dear Mr. Morrison:

This letter is in response to your letter of April 28, 2010, designating BP Exploration &
Production Inc. ("BP Exploration") as a responsible party for the oil spill arising from the
sinking of the DEEPWATER HORIZON.  BP Exploration acknowledges that it is a
"responsible party" under the Oil Pollution Act (OPA), 33 U.S.C. § 2701, *et seq.*, and accepts
its designation as a responsible party pursuant to your letter of April 28, 2010. As such, BP
Exploration is fully committed to undertaking the oil spill response actions required pursuant to
OPA.

This incident was the result of an accident on the mobile offshore drilling unit DEEPWATER
HORIZON, which was entirely owned and operated by Transocean.  BP Exploration
understands that the Coast Guard has similarly designated Transocean as a responsible party in
this matter. BP Exploration accepts its designation by the Coast Guard as a responsible party
in this matter with a full reservation of rights with respect to any and all other parties.

Please contact the undersigned a ▬▬▬▬ if you have any questions or comments about
this.

Yours very truly,

▬▬▬▬▬▬▬▬▬▬



EXHIBIT
**A**

FOIA 2010-026000002

**U.S. Department of Homeland Security**

**United States Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: 202-493-6831
Toll-Free: 1-800-356-2897 Ext: 36831
FAX: 202-493-6937
Email: Thomas.S.Morrison@uscg.mil

16480
April 28, 2010

CERTIFIED MAIL:  7008 3230 0001 9575 2532 (BP Corporation North America, Inc)

BP Exploration & Production Inc.
200 Westlake Park Boulevard
Houston, TX 77079

RE:  DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990, 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico. The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank. Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the offshore facility as a source of an oil discharge pursuant to 33 USC § 2714 (a) and notifies BP Exploration & Production Inc., a responsible party, of its responsibility to advertise for claims. By copy of this letter, we are also notifying your guarantor, BP Corporation North America Inc., of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC § 2714 (b) you must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident. You must also provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim. Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper(s) or other publication(s) in which the advertisements run, the geographical area covered by the publications, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter. If we do not receive these documents, we will assume that you did not comply. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

FOIA 2010-026000003

Subj: DEEPWATER HORIZON

16480
April 28, 2010

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting documents, and must be submitted to Thomas Morrison at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise, you may be charged for our costs.

If you have any questions you may contact me at (202)493-6831 or you may contact ███████████ at (███████ ████

Sincerely,

THOMAS MORRISON
U.S. Coast Guard
Chief, Claims Division

cc:          BP Corporation North America, Inc., 501 Westlake Park Boulevard, Houston, TX 77079

Enclosure:   (1)  Content of Advertisement
             (2)  Sample Advertisement

2

FOIA 2010-026000004

# Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1.  Location, date and time of the incident.

2.  Geographical area affected.

3.  Quantity of oil involved.

4.  Name or other description of the designated source.

5.  Name of the responsible party (you).

6.  Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7.  The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled.  Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8.  Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration.  We will then evaluate the claim and take appropriate action.

9.  Unless noted below, the advertisement/notification must be in English.

FOIA 2010-026000005

# Sample Advertisement

## PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC § 2714(c)), an offshore oil well located in the Mississippi Canyon Block area in the Gulf of Mexico has been named as the source of an oil discharge that commenced on or about April 21, 2010. This spill impacted the Mississippi Canyon Block 252 area, and as the lessee of the area where the well was located, BP Exploration & Production Inc. is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages. Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims. Claims should be mailed to the following address:

      [Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays. Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

FOIA 2010-026000005

**U.S. Department of**
**Homeland Security**

**United States**
**Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: 202-493-6831
Toll-Free: 1-800-358-2897 Ext. 36831
FAX: 202-493-6937
Email: Thomas.S.Morrison@uscg.mil

16480
April 28, 2010

CERTIFIED MAIL: 7008 3230 0001 9575 2563

Transocean Holdings Incorporated
PO Box 2765
Houston, TX 77252-2765

RE:  DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990 (OPA), 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico. The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank. Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the MODU as a source of an oil discharge pursuant to 33 USC §2714(a) and notifies Transocean Holdings Incorporated, a responsible party, of its responsibility to advertise for claims. By copy of this letter, we are also notifying your guarantor, QBE Underwriting Ltd, Lloyds Syndicate 1036, of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC §2714(b) you must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident. You must also provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim. Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper or other publication in which the advertisement is run, the geographical area covered by the publication, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter. If we do not receive these documents, we will assume that you did not comply. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims,

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting

FOIA 2010-026000007

Subj: DEEPWATER HORIZON

16480
April 28, 2010

documents, and must be submitted to Thomas Morrison at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise, you may be charged for our costs.

If you have any questions you may contact me at (202)493-6831 or you may contact ███████████ at (████████
█████

Sincerely,

THOMAS MORRISON
U.S. Coast Guard
Chief, Claims Division

cc:      QBE Underwriting, Ltd., Lloyds Syndicate 1036,  Mssrs Mendes and Mount Inc., 750 Seventh Avenue, New York, NY 10019-6829, USA.

Enclosure:  (1)  Content of Advertisement
           (2)  Sample Advertisement

2

FOIA 2010-026000008

# Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1.  Location, date and time of the incident.

2.  Geographical area affected.

3.  Quantity of oil involved.

4.  Name or other description of the designated source.

5.  Name of the responsible party (you).

6.  Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7.  The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8.  Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration. We will then evaluate the claim and take appropriate action.

9.  Unless noted below, the advertisement/notification must be in English.

FOIA 2010-028000009

# Sample Advertisement

## PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC § 2714(c)), an offshore oil well located in the Mississippi Canyon Block area in the Gulf of Mexico has been named as the source of an oil discharge that commenced on or about April 21, 2010. This spill impacted the Mississippi Canyon Block 252 area, and as the lessee of the area where the well was located, BP Exploration & Production Inc. is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages. Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims. Claims should be mailed to the following address:

[Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays. Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

FOIA 2010-026000010

# Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
LINDA D. LIN ◊

VAL WAMSER †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
SCOTT D. CLAUSEN †
NATHANIEL L. EICHLER †
FARA KITTON †
JAMES E. MORRIS ▲†
DAVID E. SIGMON †

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
▲ ALSO ADMITTED IN MARYLAND

MICHAEL MARKS COHEN
·OF COUNSEL·

NEW JERSEY OFFICE:

505 MAIN STREET, SUITE 218
HACKENSACK, NEW JERSEY 07601-5925
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

May 3, 2010

**VIA REGULAR MAIL & E-MAIL** ████████████

Mr. Thomas S. Morrison
Chief, Claims Division
National Pollution Fund Center
United States Coast Guard
4200 Wilson Blvd. Ste. 1000
Arlington, VA 20598-7100

Re:   DEEPWATER HORIZON
      Your FPN: N10036
      Our File: ████████████

Dear Mr. Morrison:

Further to our conversation this morning, we confirm that on April 29, 2010, Transocean Holdings LLC, misidentified in your letter as Transocean Holdings, Inc. ("Transocean") received your letter of April 28, 2010 advising that Transocean had been designated a Responsible Party under the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 *et seq.* ("OPA"), in connection with discharge of oil after the explosion and fire aboard the Mobile Offshore Drilling Unit ("MODU") DEEPWATER HORIZON that occurred approximately 45 miles offshore from Louisiana on the Mississippi Canyon Block 252 in the Gulf of Mexico.

Transocean is cooperating with the Coast Guard and will continue to do so. Transocean understands that BP received a similar notification letter and is in communication with BP concerning the required advertisement of the claims process to be established under OPA. More details about the advertising will be provided in due course.

FOIA 2010-026000011

May 3, 2010
Page 2

OPA designates Transocean, as the owner of the MODU DEEPWATER HORIZON, as a responsible party for any oil discharge that occurs on or above the surface of the water. 33 U.S.C. § 2704(b). However, your letter also references "ongoing discharges from the well head" which are occurring nearly a mile under the surface of the water. To the extent your letter of April 28, 2010 is intended to designate Transocean as a responsible party for any underwater discharges of oil from the well head, Transocean denies your designation of it as the responsible party. Furthermore, while Transocean will continue to fulfill all of its obligations as a designated Responsible Party under OPA, it reserves all of its rights and defenses under OPA.

If you have any questions or require any additional assistance from Transocean, please contact ▮▮▮▮▮▮▮▮ or the undersigned.

Very truly yours,

NICOLETTI HORNIG & SWEENEY

By: ▮▮▮▮▮▮▮▮▮▮▮▮

TLS

FOIA 2010-028000001

**bp** 

James H. Dupree
President

BP Exploration and Production Inc.

200 WestLake Park Boulevard (77079)
Post Office Box 3092
Houston  TX 77253-3092

Direct:  281 366-5519
Fax:     281 366-4300

VIA CERTIFIED MAIL #70091680000063880219

May 3, 2010

Thomas Morrison
U.S. Coast Guard
Chief, Claims Division
US Coast Guard Stop 7100
4200 Wilson Boulevard, Ste. 1000
Arlington, VA 10598-7100

Re:     DEEPWATER HORIZON
        FPN: N10036

Dear Mr. Morrison:

This letter is in response to your letter of April 28, 2010, designating BP Exploration &
Production Inc. ("BP Exploration") as a responsible party for the oil spill arising from the
sinking of the DEEPWATER HORIZON.   BP Exploration acknowledges that it is a
"responsible party" under the Oil Pollution Act (OPA), 33 U.S.C. § 2701, *et seq.*, and accepts
its designation as a responsible party pursuant to your letter of April 28, 2010.  As such, BP
Exploration is fully committed to undertaking the oil spill response actions required pursuant to
OPA.

This incident was the result of an accident on the mobile offshore drilling unit DEEPWATER
HORIZON, which was entirely owned and operated by Transocean.   BP Exploration
understands that the Coast Guard has similarly designated Transocean as a responsible party in
this matter.  BP Exploration accepts its designation by the Coast Guard as a responsible party
in this matter with a full reservation of rights with respect to any and all other parties.

Please contact the undersigned a███████████ if you have any questions or comments about
this.

Yours very truly,

FOIA 2010-026000002

**U.S. Department of
Homeland Security**

**United States
Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: 202-493-6831
Toll-Free: 1-800-398-2697 Ext. 36831
FAX: 202-493-6937
Email: Thomas.S.Morrison@uscg.mil

16480
April 28, 2010

CERTIFIED MAIL:  7008 3230 0001 9575 2532 (BP Corporation North America, Inc)

BP Exploration & Production Inc.
200 Westlake Park Boulevard
Houston, TX 77079

RE:  DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990, 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico.  The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank.  Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the offshore facility as a source of an oil discharge pursuant to 33 USC § 2714 (a) and notifies BP Exploration & Production Inc., a responsible party, of its responsibility to advertise for claims.  By copy of this letter, we are also notifying your guarantor, BP Corporation North America Inc., of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC § 2714 (b) you must publicly advertise this designation and the procedures by which claims may be presented to you.  The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement.  You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information.  Your advertisement must be disseminated in such a manner that all potential claimants are notified.  To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident.  You must also provide direct notification where individuals have been identified as receiving damages from your spill.  You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center.  The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.  Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper(s) or other publication(s) in which the advertisements run, the geographical area covered by the publications, and how often the advertisement will appear, as appropriate.  Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter.  If we do not receive these documents, we will assume that you did not comply.  If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims.  If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

FOIA 2010-028000003

Subj: DEEPWATER HORIZON                                          16480
                                                                 April 28, 2010

You may deny this designation within 5 days of receipt of this Notice of Designation.  Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting documents, and must be submitted to Thomas Morrison at the above address.  If you deny this designation, the National Pollution Funds Center will advertise for claims.  If we advertise, you may be charged for our costs.

If you have any questions you may contact me at (202)493-6831 or you may contact ▇▇▇▇▇▇▇▇▇▇ at (▇▇▇▇
▇▇▇▇

                                        Sincerely,

                                        THOMAS MORRISON
                                        U.S. Coast Guard
                                        Chief, Claims Division

cc:        BP Corporation North America, Inc., 501 Westlake Park Boulevard, Houston, TX 77079

Enclosure:   (1)  Content of Advertisement
             (2)  Sample Advertisement

FOIA 2010-026000004

# Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1.  Location, date and time of the incident.

2.  Geographical area affected.

3.  Quantity of oil involved.

4.  Name or other description of the designated source.

5.  Name of the responsible party (you).

6.  Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7.  The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8.  Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration. We will then evaluate the claim and take appropriate action.

9.  Unless noted below, the advertisement/notification must be in English.

FOIA 2010-026000005

# Sample Advertisement

## PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC § 2714(c)), an offshore oil well located in the Mississippi Canyon Block area in the Gulf of Mexico has been named as the source of an oil discharge that commenced on or about April 21, 2010. This spill impacted the Mississippi Canyon Block 252 area, and as the lessee of the area where the well was located, BP Exploration & Production Inc. is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages. Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims. Claims should be mailed to the following address:

        [Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays. Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

FOIA 2010-026000006

**U.S. Department of**
**Homeland Security**

**United States**
**Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: 202-493-6831
Toll-Free: 1-800-358-2897 Ext. 36831
FAX: 202-493-6937
Email: Thomas.S.Morrieson@uscg.mil

16480
April 28, 2010

CERTIFIED MAIL:  7008 3230 0001 9575 2563

Transocean Holdings Incorporated
PO Box 2765
Houston, TX 77252-2765

RE:  DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990 (OPA), 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico. The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank.  Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the MODU as a source of an oil discharge pursuant to 33 USC §2714(a) and notifies Transocean Holdings Incorporated, a responsible party, of its responsibility to advertise for claims.  By copy of this letter, we are also notifying your guarantor, QBE Underwriting Ltd, Lloyds Syndicate 1036, of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC §2714(b) you must publicly advertise this designation and the procedures by which claims may be presented to you.  The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days.  Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement.  You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information.  Your advertisement must be disseminated in such a manner that all potential claimants are notified.  To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected.  We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident.  You must also provide direct notification where individuals have been identified as receiving damages — — from your spill.  You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center.  The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled.  And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.  Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper or other publication in which the advertisement is run, the geographical area covered by the publication, and how often the advertisement will appear, as appropriate.  Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter.  If we do not receive these documents, we will assume that you did not comply.  If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims.  If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

You may deny this designation within 5 days of receipt of this Notice of Designation.  Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting

Subj: DEEPWATER HORIZON

FOIA 2010-028000007

16480
April 28, 2010

documents, and must be submitted to Thomas Morrison at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise, you may be charged for our costs,

If you have any questions you may contact me at (202)493-6831 or you may contact ██████████ at ( ██████
██████

Sincerely,

THOMAS MORRISON
U.S. Coast Guard
Chief, Claims Division

cc:        QBE Underwriting, Ltd., Lloyds Syndicate 1036,  Mssrs Mendes and Mount Inc., 750 Seventh
Avenue, New York, NY 10019-6829, USA.

Enclosure:   (1)  Content of Advertisement
             (2)  Sample Advertisement

2

**U.S. Department of**
**Homeland Security**

**United States**
**Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: ▮▮▮▮▮▮
Toll-Free: 1-800-358-2897 Ext. 36831
FAX: 202-493-6937
Email: ▮▮▮▮▮▮▮

April 28, 2010

**CERTIFIED MAIL:** 7008 3230 0001 9575 2563

Transocean Holdings Incorporated
PO Box 2765
Houston, TX 77252-2765

RE: DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990 (OPA), 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico. The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank. Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the MODU as a source of an oil discharge pursuant to 33 USC §2714(a) and notifies Transocean Holdings Incorporated, a responsible party, of its responsibility to advertise for claims. By copy of this letter, we are also notifying your guarantor, QBE Underwriting Ltd, Lloyds Syndicate 1036, of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC §2714(b) you must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident. You must also provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim. Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper or other publication in which the advertisement is run, the geographical area covered by the publication, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter. If we do not receive these documents, we will assume that you did not comply. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting

Subj: DEEPWATER HORIZON

April 28, 2010

documents, and must be submitted to ███████████ at the above address.  If you deny this designation, the National Pollution Funds Center will advertise for claims.  If we advertise, you may be charged for our costs,

If you have any questions you may contact me at ███████████ or you may contact ███████████ at ( ███████████

███████

Sincerely,

U.S. Coast Guard
███ Claims Division

cc:        QBE Underwriting, Ltd., Lloyds Syndicate 1036,  Mssrs █████ and █████ Inc., 750 Seventh
           Avenue, New York, NY 10019-6829, USA.

Enclosure:  (1)  Content of Advertisement
            (2)  Sample Advertisement

2



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

DIRECTOR
NATIONAL POLLUTION FUNDS CENTER

US COAST GUARD STOP 7100
4200 WILSON BLVD STE 1000
ARLINGTON VA 20598-7100
Staff Symbol: Ca
Phone: ▓
Toll-Free: 1-800-358-2897 Ext. 36631
FAX: 202-493-6937
Email: ▓

▓

April 28, 2010

**CERTIFIED MAIL:** 7008 3230 0001 9575 2532 (BP Corporation North America, Inc)

BP Exploration & Production Inc.
200 Westlake Park Boulevard
Houston, TX 77079

RE: DEEPWATER HORIZON
FPN: N10036

Dear Sir:

On or about April 21, 2010 an incident under the Oil Pollution Act of 1990, 33 USC § § 2701 et. seq., occurred approximately 45 miles offshore from Louisiana on Mississippi Canyon Block 252 in the Gulf of Mexico. The incident involved an explosion and fires on the Mobile Offshore Drilling Unit (MODU) Deepwater Horizon, which subsequently sank. Our information indicates that the resulting oil discharges include discharges from the MODU on or above the surface of the water as well as ongoing discharges of oil from the well head. This notice designates the offshore facility as a source of an oil discharge pursuant to 33 USC § 2714 (a) and notifies BP Exploration & Production Inc., a responsible party, of its responsibility to advertise for claims. By copy of this letter, we are also notifying your guarantor, BP Corporation North America Inc., of this designation and its responsibility for advertising.

Unless you deny designation pursuant to 33 USC § 2714 (b) you must publicly advertise this designation and the procedures by which claims may be presented to you. The advertisement must begin within 15 days of the date of this letter and must continue for no less than 30 days. Enclosure (1) outlines the required content of this advertisement and enclosure (2) is a sample advertisement. You may choose to follow this sample but are not required to do so as long as your advertisement contains the required information. Your advertisement must be disseminated in such a manner that all potential claimants are notified. To accomplish this, we require that you advertise in the newspaper(s) having general circulation in the area(s) where claimants may be affected. We also require that you post notices in marinas, marine supply stores, bait and tackle shops located in the areas impacted by the incident. You must also provide direct notification where individuals have been identified as receiving damages from your spill. You may propose other methods of advertisement and notification, but they may be used only when approved in advance by the National Pollution Funds Center. The advertisement must note that a claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. And that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim. Because of the potential magnitude of this incident additional advertising may be required.

You are directed to inform us of the specifics of your advertising, including the name of any newspaper(s) or other publication(s) in which the advertisements run, the geographical area covered by the publications, and how often the advertisement will appear, as appropriate. Send us copies of the advertisement and advise us in writing that you have begun advertising within 20 days of receipt of this letter. If we do not receive these documents, we will assume that you did not comply. If you do not comply with these requirements, the National Pollution Funds Center will advertise for claims. If we advertise, you will be charged for our costs, as well as for the costs of any administration, adjudication, and payment of claims.

Subj: DEEPWATER HORIZON                                   

April 28, 2010

You may deny this designation within 5 days of receipt of this Notice of Designation. Your denial must be in writing, identify this Notice of Designation, give the reasons for the denial, include a copy of all supporting documents, and must be submitted to ███████████ at the above address. If you deny this designation, the National Pollution Funds Center will advertise for claims. If we advertise, you may be charged for our costs.

If you have any questions you may contact me at ██████████ or you may contact ████████████ at (███████████
████

Sincerely,



U.S. Coast Guard
████ Claims Division

cc:          BP Corporation North America, Inc., 501 Westlake Park Boulevard, Houston, TX 77079

Enclosure:   (1) Content of Advertisement
             (2) Sample Advertisement

2

# Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1.  Location, date and time of the incident.

2.  Geographical area affected.

3.  Quantity of oil involved.

4.  Name or other description of the designated source.

5.  Name of the responsible party (you).

6.  Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7.  The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled. Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8.  Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration. We will then evaluate the claim and take appropriate action.

9.  Unless noted below, the advertisement/notification must be in English.

# Sample Advertisement

## PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC § 2714(c)), an offshore oil well located in the Mississippi Canyon Block area in the Gulf of Mexico has been named as the source of an oil discharge that commenced on or about April 21, 2010.  This spill impacted the Mississippi Canyon Block 252 area, and as the lessee of the area where the well was located, BP Exploration & Production Inc. is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages.  Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled.  It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims.  Claims should be mailed to the following address:

[Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays.  Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

# Content of Advertisement

Each advertisement/notification is to contain the following information or to indicate where this information may be contained:

1.   Location, date and time of the incident.

2.   Geographical area affected.

3.   Quantity of oil involved.

4.   Name or other description of the designated source.

5.   Name of the responsible party (you).

6.   Name, address, telephone number, office hours, and workdays of the person or persons to whom claims are to be presented and from whom claim information can be obtained.

7.   The procedures by which a claim may be presented, including a statement that indicates that claimant may present a claim for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled.  Payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claim.

8.   Notification that if you deny or do not resolve a claim within 90 days after the date of submission, the claimant may then submit the claim to the National Pollution Funds Center (ca), 4200 Wilson Boulevard, Suite 1000, Arlington, VA 22203-1804, for our consideration.  We will then evaluate the claim and take appropriate action.

9.   Unless noted below, the advertisement/notification must be in English.

## Sample Advertisement

PUBLIC NOTICE

In accordance with the Oil Pollution Act of 1990 (33 USC § 2714(c)), an offshore oil well located in the Mississippi Canyon Block area in the Gulf of Mexico has been named as the source of an oil discharge that commenced on or about April 21, 2010.  This spill impacted the Mississippi Canyon Block 252 area, and as the lessee of the area where the well was located, BP Exploration & Production Inc. is accepting claims for certain uncompensated damages and removal costs.

Removal costs and damages which may be compensated include removal costs; damage to natural resources; damage to or loss of real or personal property; loss of subsistence use of natural resources; loss of government revenues; loss of profits and earnings capacity; and increased cost of public services.

Claims should be in writing, signed by the claimant, for a specified amount; and should include all evidence to support the damages.  Claims presented may include claims for interim short-term damages representing less than the full amount to which the claimant ultimately may be entitled.  It should be noted that payment of such claim shall not preclude recovery for damages not reflected in the paid or settled partial claims.  Claims should be mailed to the following address:

> [Address to which claims should be sent]

Office hours are from 9:00 AM to 5:00 PM EST, Monday through Friday, except holidays.  Claimants may call [telephone number for claims] for information.

Any claims which are denied or which are not resolved within 90 days after the date of submission to our claims representative may be submitted to the National Pollution Funds Center (ca), 4200 Wilson Blvd., Suite 1000, Arlington, VA 22203-1804 for consideration.

# bp



**James H. Dupree**
President

BP Exploration and Production Inc.

200 WestLake Park Boulevard (77079)
Post Office Box 3092
Houston  TX 77253-3092

Direct: 281 366-5519
Fax: 281 366-4300

VIA CERTIFIED MAIL #7009168000006388 0219

May 3, 2010

██████████
U.S. Coast Guard
████ Claims Division
US Coast Guard Stop 7100
4200 Wilson Boulevard, Ste. 1000
Arlington, VA 10598-7100

Re:   DEEPWATER HORIZON
      FPN: N10036

Dear ██████████

This letter is in response to your letter of April 28, 2010, designating BP Exploration &
Production Inc. ("BP Exploration") as a responsible party for the oil spill arising from the
sinking of the DEEPWATER HORIZON.   BP Exploration acknowledges that it is a
"responsible party" under the Oil Pollution Act (OPA), 33 U.S.C. § 2701, *et seq.*, and accepts
its designation as a responsible party pursuant to your letter of April 28, 2010. As such, BP
Exploration is fully committed to undertaking the oil spill response actions required pursuant to
OPA.

This incident was the result of an accident on the mobile offshore drilling unit DEEPWATER
HORIZON, which was entirely owned and operated by Transocean.   BP Exploration
understands that the Coast Guard has similarly designated Transocean as a responsible party in
this matter. BP Exploration accepts its designation by the Coast Guard as a responsible party
in this matter with a full reservation of rights with respect to any and all other parties.

Please contact the undersigned at ██████████ if you have any questions or comments about
this.

Yours very truly,

██████████
██████████

# Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
LINDA D. LIN ◊

VAL WAMSER †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
SCOTT D. CLAUSEN †
NATHANIEL L. EICHLER †
FARA KITTON †
JAMES E. MORRIS ∆†
DAVID E. SIGMON †

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN MARYLAND

MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:

505 MAIN STREET, SUITE 219
HACKENSACK, NEW JERSEY 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

May 3, 2010

**VIA REGULAR MAIL & E-MAIL** ██████████

████ Claims Division
National Pollution Fund Center
United States Coast Guard
4200 Wilson Blvd. Ste. 1000
Arlington, VA 20598-7100

Re:  DEEPWATER HORIZON
     Your FPN: N10036
     Our File: ████████████

Dear ████████:

   Further to our conversation this morning, we confirm that on April 29, 2010, Transocean Holdings LLC, misidentified in your letter as Transocean Holdings, Inc. ("Transocean") received your letter of April 28, 2010 advising that Transocean had been designated a Responsible Party under the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701 *et seq.* ("OPA"), in connection with discharge of oil after the explosion and fire aboard the Mobile Offshore Drilling Unit ("MODU") DEEPWATER HORIZON that occurred approximately 45 miles offshore from Louisiana on the Mississippi Canyon Block 252 in the Gulf of Mexico.

   Transocean is cooperating with the Coast Guard and will continue to do so. Transocean understands that BP received a similar notification letter and is in communication with BP concerning the required advertisement of the claims process to be established under OPA. More details about the advertising will be provided in due course.

May 3, 2010
Page 2

OPA designates Transocean, as the owner of the MODU DEEPWATER HORIZON, as a responsible party for any oil discharge that occurs on or above the surface of the water. 33 U.S.C. § 2704(b). However, your letter also references "ongoing discharges from the well head" which are occurring nearly a mile under the surface of the water. To the extent your letter of April 28, 2010 is intended to designate Transocean as a responsible party for any underwater discharges of oil from the well head, Tranocean denies your designation of it as the responsible party. Furthermore, while Transocean will continue to fulfill all of its obligations as a designated Responsible Party under OPA, it reserves all of its rights and defenses under OPA.

If you have any questions or require any additional assistance from Transocean, please contact ███████████ or the undersigned.

Very truly yours,

NICOLETTI HORNIG & SWEENEY

By: ███████████

*An Official Website of the United States Government*

Home › Oil Spill Cost and Reimbursement Fact Sheet

# Oil Spill Cost and Reimbursement Fact Sheet

January 11, 2011 | 7:00:00 PM EST

0 tweets

1wei

The Obama Administration is committed to holding responsible parties accountable for all eligible costs associated with the BP Deepwater Horizon Oil Spill (Oil Spill). To date, the Administration has sent nine bills to BP and other responsible parties (Transocean, MOEX, and Andarko) for oil removal costs, of which the first eight have been reimbursed in full by BP. The Administration will continue to identify and document costs that are related to the Oil Spill in order to ensure appropriate stewardship and accounting of these expenses, maintain accountability to taxpayers, and support current and prospective claims for reimbursement under the Oil Pollution Act of 1990 and other laws. We will continue to bill responsible parties as appropriate.

This factsheet describes:

- Examples of oil spill-related costs that Federal agencies may be incurring;
- How Federal agencies have paid for oil spill-related expenses, to date;
- The extent of responsible party reimbursement, to-date; and
- Evolving efforts to pursue further reimbursement.

## *Examples of oil spill-related costs that Federal agencies may be incurring*

- Cost of work, services, and materials procured under contract for purposes related to the Oil Spill;
- Costs that reflect agency activities to mitigate the impacts of the Oil Spill. For example, these costs may include mobilization of resources to coordinate benefit issuance and the dissemination of public information;
- Costs associated with temporary Federal agency personnel assigned to work on the Oil Spill;
- Costs associated with condition monitoring and assessment (for example, hiring additional personnel to do public health monitoring);
- Transportation equipment (including but not limited to boats/cutters, aircrafts, and vehicles);
- Travel expenses and per diem, including a wide range of costs incurred while on travel.
- Office supplies, equipment, and capital and/or maintenance costs for new or expanded field sites;
- Cost of materials, equipment, and supplies related to clean-up;
- Shipping costs and materials;
- Salaries and overtime for full-time personnel assigned to work on the Oil Spill (including administrative personnel, and D.C.- and field-based program officers).

## *How Federal agencies have paid for oil spill-related expenses, to-date*

Funds spent to-date mainly come from either the "emergency fund" within the Oil Spill Liability Trust Fund (OSLTF) or from agencies' individual appropriations.

## Costs paid out of the Oil Spill Liability Trust Fund (OSLTF)

A subset of the Oil Spill Liability Trust Fund (OSLTF) called the **Emergency Fund** is available to pay for pollution removal activities, as well as the initiation of natural resource damage assessments. The Federal On-Scene Coordinator (FOSC), who oversees oil spill response efforts, approves removal activities to be paid for out of the fund. The FOSC is a representative of the lead Federal agency for the response. The U.S. Coast Guard (USCG) plays this role in marine oil spills.

If other Federal, state, local, or tribal agencies assist the FOSC with removal activities, they can sign an agreement called a Pollution Removal Funding Authorization (PRFA)[2] which provides funding of those removal activities out of the OSLTF. The PRFA specifies which removal activities will be reimbursed, and establishes a dollar limit—or "ceiling." The agencies subsequently obligate funds against that ceiling, and are reimbursed from the OSLTF Emergency Fund.

## Costs paid out of agency appropriations

Unless approved through reimbursable agreements with the FOSC, as described above, agencies' oil spill-related expenses generally come out of their base appropriations. A limited number of agencies recently received supplemental appropriations through H.R. 4899, making emergency supplemental appropriations for FY2010, to pay for certain spill-related activities (e.g., economic recovery assistance, responding to impacts on fisheries, food safety monitoring, and a scientific study of the effects of dispersants).

## *The extent of responsible party reimbursement, to date*

Responsible parties in connection with an oil spill from an offshore facility are financially responsible for all removal costs associated with the oil spill which could include such items as payment to cleanup contractors, equipment used in removal operations (generally at established standard rates or lease costs), testing to identify the type and source of oil, disposal of recovered oil and oily debris, and preparation of associated cost documentation.

To date, the Administration has sent eight bills to responsible parties for the costs of removal operations relating to the BP Deepwater Horizon Oil Spill. These bills correspond to costs approved by the FOSC – and the subsequent payments are deposited into the OSLTF. The first eight bills have been paid in full by BP, totaling $606 million, and a ninth was sent on January 11. The bills are summarized below:

| Bill number | Date sent | Amount | Status |
|---|---|---|---|
| 1 | 5/27/2010 | $1.8 million | paid |
| 2 | 6/3/2010 | $69.09 million | paid |
| 3 | 6/21/2010 | $51.4 million | paid |
| 4 | 7/13/2010 | $99.7 million | paid |
| 5 | 8/10/2010 | $167.9 million | paid |

| 6 | 9/08/2010 | $128.5 million | paid |
| 7 | 10/12/2010 | $62.6 million | paid |
| 8 | 11/18/2010 | $25.4 million | paid |
| 9 | 1/11/2011 | $26.2 million | pending |

The bills cover three main categories of costs:

- USCG Direct Costs: Examples of direct costs include the purchase and rental of response and personal protective equipment, the cost of contract services, telecommunications costs, and travel orders. Direct costs are captured by the USCG accounting system and are charged directly against the Oil Spill Liability Trust Fund.
- USCG Indirect Costs: These are the costs of USCG assets operating in support of the response, including aircraft, cutters, boats, vehicles and people. The amount charged is based on standard rates for use of USCG assets, supported by documentation and validation for the amount of time each asset was working on the response.
- Other Agency and State Costs: The bills also cover other Federal agency and State costs that are captured through reimbursable agreements established between the FOSC and the partner agency. The partner agency must provide cost documentation to support reimbursement for actual expenses incurred under the terms of the agreement. For billing purposes, prior to Bill #8 responsible parties were invoiced 75% of the obligated costs for reimbursable agreements. Starting with Bill #8, invoices account for the actual expenses incurred.

Some examples of activities covered by reimbursable agreements include:

- Federal agency operation of ships, aircraft and boats; scientific determination of clean-up needs; deployed personnel; and other expenses;
- National Guard Bureau support for deployed personnel, activation and deployment of National Guard from LA, MS, AL and FL, and for other expenses;
- State support for removal operations, scientific determination of clean-up needs, and other expenses.

### Evolving efforts to pursue further reimbursement

The Federal Government is evaluating reimbursement for costs other than oil removal costs covered in the bills described above. To that end, the Office of Management and Budget (OMB) issued guidance on July 1, 2010, establishing guidelines for Federal agencies to use when identifying and documenting costs related to the Oil Spill. This will assist the Department of Justice (DOJ) – in consultation with the Coast Guard and other agencies – in determining where further reimbursement should be pursued.

---

2 When a military entity signs a comparable reimbursable agreement, it is referred to as a Military Interdepartmental Purchase Request (MIPR). Removal costs that can be covered by a PRFA or MIPR are defined by Federal Water Pollution Control Act section 311(a), 33 USC 1321(a).