UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 <br><br> CIVIL ACTION NO. 2:10-CV-02771 |
| IN RE:  THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * | JUDGE BARBIER <br><br> SECTION J <br><br> MAGISTRATE JUDGE SHUSHAN <br><br> MAG. DIV. 1 |
| THIS DOCUMENT RELATES TO: All Cases in Pleading Bundle Section III.B(3) | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DRC EMERGENCY SERVICES, LLC

Defendant, DRC Emergency Services, LLC ("DRC") sets forth its affirmative defenses and answers the Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"] ("Complaint"), as follows:

### AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Plaintiffs have no claim, cause of action, or right of action against DRC.

#### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, peremption, prescription, and/or laches.

## THIRD DEFENSE

Plaintiffs have failed to mitigate, minimize, and/or avoid the losses they have allegedly sustained.

## FOURTH DEFENSE

Plaintiffs' right to recovery is barred in whole or in part by the doctrine(s) of assumption of the risk, contributory negligence, comparative fault, and/or the consent of the plaintiffs.

## FIFTH DEFENSE

To the extent plaintiffs have released, waived, settled, or compromised claims directly or indirectly against DRC, DRC has no liability and the plaintiffs are barred from recovery by the doctrine(s) of release, waiver, compromise, res judicata, and/or estoppel.

## SIXTH DEFENSE

To the extent workers' compensation, similar laws, and/or the borrowed employee doctrine bar the tort claims of the plaintiffs, DRC has no liability.

## SEVENTH DEFENSE

To the extent the plaintiffs' claims are barred by the Longshore and Harbor Worker's Compensation Act, DRC has no liability.

### EIGHTH DEFENSE

To the extent DRC was acting at the direction of BP, which was acting under the direction of the U.S government, DRC has no liability. Similarly, to the extent DRC was acting under the direction of the U.S. government, DRC has no liability.

### NINTH DEFENSE

DRC is entitled to governmental contractor immunity and/or derivative federal immunity and has no liability for any claims and/or damages asserted by the plaintiffs.

### TENTH DEFENSE

Plaintiffs' alleged damages, if any, are the result of an unavoidable accident for which DRC has no liability.

### ELEVENTH DEFENSE

DRC did not owe a duty to protect the plaintiffs against the kinds of damages alleged in this case. To the extent DRC did owe a duty to the plaintiffs, it did not breach that duty.

### TWELFTH DEFENSE

To the extent DRC's actions were not the proximate cause of the plaintiffs' damages, if any, DRC has no liability.

### THIRTEENTH DEFENSE

Plaintiffs' alleged damages, if any, are the result of the actions of others not within the control of DRC.

### FOURTEENTH DEFENSE

The plaintiffs are not entitled to recover punitive damages under the applicable law(s).

### FIFTEENTH DEFENSE

The economic loss rule bars all or part of the plaintiffs' alleged damages under the applicable law(s).

### SIXTEENTH DEFENSE

The plaintiffs' state law and/or maritime claims are barred and/or preempted under federal law including, but not limited to, the Oil Pollution Act of 1990. Alternatively, the plaintiffs have also failed to satisfy the necessary requirements to obtain any relief under the Oil Pollution Act of 1990.

### SEVENTEENTH DEFENSE

The plaintiffs' state law claims are preempted, subject to immunity by DRC, and/or otherwise barred under law(s) of Louisiana, Texas, Mississippi, Alabama, and/or Florida, including (but not limited to) the oil pollution acts of those states.

### EIGHTEENTH DEFENSE

Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 23 and are not entitled to class action certification.

### NINETEENTH DEFENSE

The plaintiffs have suffered no damages. To the extent the plaintiffs have suffered damages, which is at all times denied, none of the plaintiffs' damages are attributable to the actions of DRC or anyone for whom DRC may be held responsible.

### TWENTIETH DEFENSE

The plaintiffs are not entitled to damages for medical monitoring and/or emotional distress under the applicable law(s).

### TWENTY-FIRST DEFENSE

To the extent plaintiffs were acting as independent contractors, or were employed by independent contractors, DRC has no liability.

### TWENTY-SECOND DEFENSE

For answer to the specific allegations of the Master Complaint in Accordance with PTO No. 11 Section III.B(3), DRC responds as follows:

I.

The allegations in the introduction are denied, except insofar as DRC admits that the MDL panel transferred a number of actions related to the Deepwater Horizon incident to this Court and this Court thereafter entered CMO 1 ordering the filing of a Master Complaint.

II.

Paragraphs 8, 9, 10, 11, 12, 13, 16, 19, 21, 22, 23, 118, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 149, 150, 154, 156, 157, 159, 162, 163, 165, 166, 167, 168, 169, 170, 171, 173, 174, 175, 176, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 200, 203, 207, 208, 209, 210, 211, 212, 213, 214, 220, 221, 222, 223, 224, 225, 226, 227, 228, 230, 231, 232, 233, 234, 235, 236, 238, 239, 240, 241, 242, 254, 255, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 273, 274, 275, 276, 277, 279, 281, 282, 283, 284, 285, 286, 287, 288, 292, 295, 309, 310, 311, 315, 316, 317, 319, 320, 321, 322, 340, 341, 342, 343, 345, and 346 are denied.

III.

Paragraphs 1, 2, 3, 6, 7, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 95, 96, 97, 110, 111, 112, 143, 144, 145, 146, 147, 148, 151, 152, 153, 155, 158, and 303, are denied for lack of information sufficient to justify a belief therein.

IV.

Paragraphs 4, 5, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 69, 70, 93, 94, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 126, 128, 160, 161, 164, 195, 196, 197, 198, 199, 201, 204, 205, 206, 215, 216, 217, 218, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 256, 257, 258, 290, 291, 293, 294, 296, 297, 298, 299, 300, 301, 302, 304, 305, 306, 308, 313, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, and 344 contain factual and legal allegations against parties other than DRC to which no response by DRC is necessary. To the

extent the Court deems a response necessary, these allegations are denied for lack of sufficient information to justify a belief therein.

V.

Paragraph 18 contains an opaque reference to all factual allegations and certain claims for relief contained in the original Master Complaint for the B(1) bundle – DRC is not a defendant to that complaint and has not been served with that complaint nor requested to waive service of that complaint. Nonetheless, DRC notes the B(1) bundle's Master Complaint contains no direct allegations against DRC. Accordingly, all factual allegations therein are denied for lack of information sufficient to justify a belief therein. To the extent any claims for relief in the B(1) Master Complaint are intended to be directed against DRC by virtue of incorporation into the B(3) Master Complaint, DRC denies that the plaintiffs are entitled to any relief whatsoever against DRC.

VI.

Paragraph 64 is denied except insofar as DRC admits that in accordance with certain master agreement(s) and/or purchase orders, DRC performed certain tasks as requested by BP and/or the U.S. Government in connection with spill cleanup and remediation.

VII.

Paragraphs 14, 15, 17, 20, 65, 71, 72, 73, 74, 75, 76, 77, 91, 92, 109, 312, 314, and 318 contain purported statements of law or otherwise require no response by DRC. To the extent the Court deems a response necessary, these statements are denied for lack of information sufficient to justify a belief therein.

VIII.

Paragraphs 172, 177, 178, 179, 280, and the prayer for relief section of the complaint contain requested relief from the Court. No response to these allegations is required on DRC's part, but to the extent the Court deems a response necessary, DRC denies that the plaintiffs are entitled to any relief whatsoever against DRC.

IX.

Paragraphs 194, 202, 219, 229, 237, 243, 259, 272, 278, 289, and 307 contain statements purporting to restate and re-aver other allegations made in preceding paragraphs. To the extent necessary, DRC re-urges its responses to all allegations contained in the referenced paragraphs.

X.

Any remaining allegations in the B(3) Master Complaint (including but not limited to argument of counsel) not specifically addressed in this Answer are denied.

XI.

DRC is entitled to, and demands, trial by jury.

### ADOPTION OF RULE 12(B) MOTIONS

Pursuant to Federal Rule of Civil Procedure 10(c), DRC adopts and incorporates herein by reference the 12(b) motions to dismiss the B(3) Master Complaint and supporting memoranda filed in this litigation by Marine Spill Response Corporation,[1] O'Brien's Response Management,

---

[1] 2:10-md-02179, Rec. Doc. 1397.

Inc.,[2] the BP Defendants,[3] and any Dispersant Defendant except that DRC neither adopts nor incorporates (i) any pleading, statement, assertions, and/or argument that is inconsistent (whether explicitly or implicitly) with anything contained within this answer (particularly DRC's denials and/or affirmative defenses) and (ii) any factual allegations (whether express or implied) within the referenced pleadings.

WHEREFORE, DRC prays that this Answer be deemed good and sufficient, and that, after due proceedings, this Court dismiss with prejudice all claims against DRC set forth in the B(3) Master Complaint, award DRC all costs of this suit and for other general and equitable relief as this Court may deem proper.

Respectfully submitted,

/s/      Harold J. Flanagan
Harold J. Flanagan (Bar No. 24091)
Stephen M. Pesce (Bar No. 29380)
Sean P. Brady (Bar No. 30410)
Andy Dupre (Bar No. 32437)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170
Telephone: 504-569-0235
Facsimile: 504-592-0251
hflanagan@flanaganpartners.com
spesce@flanaganpartners.com
sbrady@flanaganpartners.com
adupre@flanaganpartners.com

*Attorneys for DRC Emergency Services, LLC*

---

[2] 2:10-md-02179, Rec. Doc. 1388.
[3] 2:10-md-02179, Rec. Doc. 1406.

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Answer of DRC Emergency Services, LLC has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that he foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of February, 2011.

                                                   /s/      Harold J. Flanagan