# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This Document Applies To: *MDL 2179 B1 Amended Master Complaint And All Cases In Pleading Bundle B1* | |
| | JUDGE BARBIER |
| This Document Applies To: *No. 10-2771 (Limitation Action)* | MAG. JUDGE SHUSHAN |

### EXHIBIT 12
### DECLARATION OF WENDY L. BLOOM REGARDING DISMISSAL OF INDIVIDUAL B1 PLAINTIFFS

I, Wendy L. Bloom, declare as follows:

1. I am over twenty-one years of age and make this Declaration based on my own personal knowledge.

2. I am a partner of the law firm of Kirkland & Ellis LLP, and one of the counsel for the BP Defendants in these proceedings.

3. I am submitting this Declaration as Exhibit 12 in support of **BP Defendants' Memorandum In Support Of BP Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And Fed. R. Civ. P. 12(b)(6) Plaintiffs' First Amended Master Complaint, Cross-Claim, And Third-Party Complaint For Private Economic Losses In Accordance With PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"]**.

4.  Specifically, I am submitting this declaration to provide support for the BP Defendants' request that claims of individual B1 Plaintiffs be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

5.  This declaration also attaches exhibits, labeled "Tab A" through "Tab K," each of which contain a print out of an excel file. Each of these exhibit tabs are described in this declaration. Also attached as an exhibit labeled "Tab L" is a cover letter from the Gulf Coast Claims Facility ("GCCF") regarding information responsive to Plaintiff Profile Authorizations ("PPF") authorizations described more fully below at Paragraph 23.

**I.  Summary.**

6.  This declaration provides certain information regarding the PPPs and the Short Form Joinders that have been filed by Plaintiffs as of February 22, 2011.

7.  This declaration includes certain information regarding 1,937 PPFs and Short Form Joinders that have been filed by Plaintiffs other than those represented by the Watts, Guerra Craft LLP law firm ("Watts"). These 1,937 PPFs and Short Form Joinders were filed by approximately 1,650 distinct Plaintiffs (the "Non-Watts Plaintiffs"). The discrepancy in the number of PPFs/Short Form Joinders as compared to distinct Plaintiffs is the result of certain Plaintiffs filing more than one PPF or Short Form Joinder. In preparing the attached excel file exhibits, the BP Defendants have not removed duplicate PPF and/or Short Form Joinder filings from any particular Plaintiff unless the filings were exact duplicates.

8.  This declaration further provides information regarding 40,002 PPFs that have been served by the Watts law firm. To the best of the BP Defendants' knowledge, there were no duplicate PPFs filed by Plaintiffs represented by the Watts law firm. Therefore, the 40,002 PPFs represent 40,002 Plaintiffs (the "Watts Plaintiffs").

2

9. The original PPF approved by this Court did not include any check box for the Plaintiffs to indentify which Pleading Bundle their complaint was filed under. (*See* Order re Plaintiff Profile Form, Nov. 2, 2010 [Dkt. No. 642]). Therefore, the excel exhibits attached to this Declaration may be over-inclusive with regard to PPFs filed before January 12, 2011, as these PPFs may apply to a Pleading Bundle other than the (B)(1) Bundle. On January 12, 2011, the Court ordered that an amended PPF be used going forward and the Court approved use of a Short Form Joinder, and both the amended PPF and Short Form Joinder ask Plaintiffs to indicate the Pleading Bundle to which their claim applies. (*See* Pre-Trial Order No. 25, Jan. 12, 2011 [Dkt. No. 983]). Thus, for PPFs filed post-January 12, 2011, the only PPFs and Short Form Joinders referenced in the excel files attached as exhibits to this Declaration are those in which the Plaintiff indicated that the claim was in the (B)(1) Bundle. Finally, to the extent the underlying complaint reflected in a PPF listed a Pleading Bundle A complaint (*see Id.*), those PPFs are not included in the exhibits to this Declaration.

## II. Non-Watts Plaintiffs Who Have Not Alleged An OPA Cause Of Action.

10. There are 1,527 Non-Watts Plaintiffs who have not alleged an OPA cause of action in the underlying complaint identified in their respective PPFs. These Plaintiffs can be found in Tab A.

11. Tab A contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The column labeled "Underlying Complaint Alleges OPA Cause of Action" was created based on a review of the underlying complaints identified in each PPF.

### III. Watts Plaintiffs Who Have Not Alleged An OPA Cause Of Action.

12. All 40,002 Watts Plaintiffs are associated with underlying complaints that do not allege an OPA cause of action. The details regarding these complaints can be found in Tab B.

13. Tab B contains the following columns that were created based on a review of the 40,002 PPFs submitted by the Watts Plaintiffs:

- Case Caption
- Original-Filed District
- Original EDLA Civil Action Number
- Number of Plaintiffs Associated with Each Complaint

The column labeled "OPA Cause of Action in Complaint" was created based on a review of the 25 underlying complaints.

### IV. Non-Watts Plaintiffs Who Have Alleged An OPA Cause Of Action, But The Underlying Complaint Contains No Allegation Or Assertion That The Claim Has Been Presented To BP Or The GCCF.

14. There are 410 Non-Watts Plaintiffs who have alleged an OPA cause of action in the underlying complaint identified in their respective PPFs, but the underlying complaint does not contain any allegation that the claim has been properly presented to either BP or the GCCF. These Non-Watts Plaintiffs can be found in Tab C. Note that the Watts Plaintiffs were not included in this tab because no underlying complaint associated with a Watts Plaintiff alleges an OPA cause of action.

4

15.  Tab C contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The columns labeled "Underlying Complaint Alleges OPA Cause of Action" and "Complaint Alleges Complied with Presentation Requirements" were created based on a review of the underlying complaints identified in each PPF.

V. **Non-Watts Plaintiffs Who Have Not Indicated That They Filed A Claim With Either BP Or The GCCF In Their PPF.**

16.  There are 584 Non-Watts Plaintiffs who indicated on the PPF that they have not filed a claim with either BP or the GCCF. These Non-Watts Plaintiffs can be found in Tab D.

17.  The PPF form asks Plaintiffs to indicate whether they have filed a claim with either BP or the GCCF by checking boxes marked "yes" or "no" for both BP and the GCCF. This tab includes those Non-Watts Plaintiffs who checked "no" to these two questions or left both the "yes" and "no" boxes blank.

18.  Tab D contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court

- Original EDLA Civil Action Number
- Claim Filed with BP
- Claim Filed with GCCF

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column.

### VI. Watts Plaintiffs Who Have Not Indicated That They Filed A Claim With Either BP Or The GCCF In Their PPF.

19. There are 14,492 Watts Plaintiffs who indicated on the PPF that have not filed a claim with either BP or the GCCF. These Watts Plaintiffs can be found in Tab E.

20. The PPF form asks Plaintiffs to indicate whether they have filed a claim with either BP or the GCCF by checking boxes marked "yes" or "no" for both BP and the GCCF. This tab includes those Watts Plaintiffs who checked "no" to these two questions or left both the "yes" and "no" boxes blank.

21. Tab E contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Originating Court
- Original EDLA Civil Action Number
- Claim Filed with BP
- Claim Filed with GCCF

### VII. Non-Watts Plaintiffs Where Plaintiff Indicated A Claim Had Been Filed With The GCCF, But The GCCF Reports That Plaintiff Has Only Requested An Interim Or Emergency Advance Payment.

22. There are 865 Non-Watts Plaintiffs who indicated on their PPF that a claim had been filed with the GCCF, but the GCCF reports that Plaintiff has only requested an Interim or Emergency Advance Payment. These Plaintiffs can be found in Tab F.

6

23. On January 31, 2011, the GCCF made available to all parties "certain GCCF-related documents…in accordance with the authorizations set forth in Plaintiff Fact Sheets received by the GCCF." (*See* Tab L, 1/31/11 Ltr. from D. Pitofsky to Plaintiffs and Defendants Liaison Counsel re GCCF production, hereinafter "1/31/11 GCCF Letter"). The GCCF included in their production "documents submitted by the relevant plaintiff/claimants through January 21, 2011, and a spreadsheet showing the status of the relevant claims as of January 28, 2011." (*Id.*) This spreadsheet (hereinafter, "GCCF Report") indicated what type of claims each plaintiff made (i.e. Emergency Advance Payment, Interim Payment, Quick Payment, or Final Payment) and the status of those claims indicating, for example, what type of claim had been received, whether the claim had been paid, or whether the claim had been denied. The BP Defendants are prepared to make the GCCF materials available to the Court upon request.

24. The GCCF, however, did not provide information for every plaintiff who submitted a PPF. The GCCF noted that they were "not presently making available certain documents, the release of which is authorized by certain Plaintiff Fact Sheets received by the GCCF, where the GCCF has as yet been unable to establish with sufficient clarity that the attorney who signed the Plaintiff Fact Sheet is empowered to authorize the release of the documents submitted by that individual to the GCCF." (*See* Tab L, 1/31/11 GCCF Letter).

25. The GCCF, thus, has not yet made information available regarding the 25,510 Watts Plaintiffs who indicated on PPFs that they had submitted a claim to the GCCF. However, the GCCF Letter noted that the GCCF would be "communicating with the relevant attorneys in order to clear up the representational questions, and will make additional documents available for review in the future as warranted." (*Id.*)

26. The BP Defendants have matched the PPFs to the information provided in the GCCF Report by matching the claim numbers provided on the PPFs to the claim numbers in the GCCF Report. In certain cases, the PPF did not provide a claim number at all, or the claim number provided on the PPF did not match a claim number in the GCCF Report. For these Plaintiffs, the BP Defendants' investigation continues and the BP Defendants reserve the right to supplement this list.

27. Tab F contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Claim Filed with GCCF
- GCCF Claim Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The columns labeled "EAP Received Date" and "Interim Received Date" were created using the information contained in the GCCF Report.

### VIII. Non-Watts Plaintiffs Where Plaintiff Indicated A Claim Had Been Filed With The GCCF, But The GCCF Reports That Plaintiff Requested A Quick Payment.

28. There are 6 Non-Watts Plaintiffs who indicated on their PPF that a claim had been filed with the GCCF, but the GCCF reports that the Plaintiff has only filed for a Quick Payment. These Plaintiffs can be found in Tab G.

29. The BP Defendants have matched the PPFs to the information provided in the GCCF Report by matching the claim numbers provided on the PPFs to the claim numbers in the

GCCF Report. In certain cases, the PPF did not provide a claim number at all, or the claim number provided on the PPF did not match a claim number in the GCCF Report. For these Plaintiffs, the BP Defendants' investigation continues and the BP Defendants reserve the right to supplement this list.

30. Tab G contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Claim Filed with GCCF
- GCCF Claim Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The column labeled "QP Received Date" was created using the information contained in the GCCF Report.

IX. **Non-Watts Plaintiffs Where Plaintiff Indicated A Claim Had Been Filed With The GCCF And The GCCF Reports A Final Claim Has Been Filed, But The GCCF Reports It Has Not Denied The Claim And, As Of February 28, 2011, 90 Days Have Not Passed.**

31. There are 14 Non-Watts Plaintiffs who indicated on their PPF that a claim had been filed with the GCCF and the GCCF reported that a final claim was filed, but the GCCF reported that the claim has not been denied, and, as of February 28, 2011, 90 days have not passed since the final claim was requested. These Plaintiffs can be found in Tab H.

32. The BP Defendants have matched the PPFs to the information provided in the GCCF Report by matching the claim numbers provided on the PPFs to the claim numbers in the

9

GCCF Report. In certain cases, the PPF did not provide a claim number at all, or the claim number provided on the PPF did not match a claim number in the GCCF Report. For these Plaintiffs, the BP Defendants' investigation continues and the BP Defendants reserve the right to supplement this list.

33. Tab H contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Claim Filed with GCCF
- GCCF Claim Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The column labeled "Presented Final Claim to GCCF" was created using the information contained in the GCCF Report.

X. **Non-Watts Plaintiffs Where Plaintiff Indicated A Claim Had Been Filed With The GCCF And The GCCF Reports A Final Claim Has Been Filed, But The Plaintiff Has Not Provided a "Sum Certain" Or Sufficient Documentation To Support Plaintiff's Final Claim Request.**

34. There are 24 Non-Watts Plaintiffs who indicated on their PPF that a claim had been filed with the GCCF and the GCCF reports a Final Claim has been filed, but a review of the Final Claim submission reveals that the Plaintiff has not provided a "Sum Certain" or sufficient documentation to support the Plaintiff's Final Claim request. These Plaintiffs can be found in Tab I.

35. The BP Defendants have matched the PPFs to the information provided in the GCCF Report by matching the claim numbers provided on the PPFs to the claim numbers in the GCCF Report. In certain cases, the PPF did not provide a claim number at all, or the claim number provided on the PPF did not match a claim number in the GCCF Report. For these Plaintiffs, the BP Defendants' investigation continues and the BP Defendants reserve the right to supplement this list.

36. Tab I contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Claim Filed with GCCF
- GCCF Claim Number

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The column labeled "Presented Final Claim to GCCF" was created using the information contained in the GCCF Report. The Column labeled "Complied with OPA Presentment Requirements" was created based on the BP Defendants' review of the documentation and records the GCCF made available to all parties on January 28, 2011. The BP Defendants are prepared to make these materials available to the Court upon request.

XI. **Non-Watts Plaintiffs Who Filed A Claim Only With BP And Not With The GCCF, But Did Not Provide A "Sum Certain" Or Sufficient Documentation To Support A Final Claim.**

37. There are 111 Non-Watts Plaintiffs who indicated on their PPF that they only filed a claim with BP, but the Plaintiff did not provide BP with a "Sum Certain" or sufficient documentation to support a Final Claim. These Plaintiffs can be found in Tab J.

38. The BP Defendants have matched the PPFs to the BP claims files by matching the claim numbers provided on the PPFs to their respective BP claims. In certain cases, the PPF did not provide a claim number at all, or the claim number provided on the PPF did not match a claim number in the information in the BP claims files. In certain cases, the BP Defendants have requested from Plaintiffs' Liaison Counsel additional information about the Plaintiff to assist the BP Defendants in matching the PPF to a claim in the BP Defendants' claim files. Thus, the BP Defendants' investigation continues and the BP Defendants reserve the right to supplement this list.

39. Tab J contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Claim Filed with BP
- BP Claim Number
- Claim Filed with GCCF

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The Column labeled "Complied with OPA Presentation Requirements" was created based on the BP

12

Defendants' review of the documentation and records in BP's claim files. The BP Defendants intend to make these claims files available to Plaintiffs, and are prepared to make the materials available to the Court upon request.

### XII. Plaintiffs Who Do Not Allege Physical Injury To A Proprietary Interest.

40. There are 1,752 Non-Watts Plaintiffs and 40,002 Watts Plaintiffs that do not allege a physical injury to a proprietary interest. These Plaintiffs can be found at Tab K-1 (Non-Watts Plaintiffs) and K-2 (Watts Plaintiffs).

41. On the PPF form, Plaintiffs were required to check individual boxes which generally described their claim type. These boxes included the following choices: "Damage or destruction to real or personal property," "Earnings/Profit Loss," "Personal Injury/Death," "Removal and/or clean-up costs," and "Loss of Subsistence use of Natural Resources." (*see* 11/2/10 Order re PPF).

42. There were 1,662 Non-Watts Plaintiffs that did not check either the box marked "Damage or destruction to real or personal property" or "Removal and/or clean-up costs." The Plaintiffs associated with these PPFs have thus admitted that these claims do not involve physical injury to a proprietary interest, and no further review of the PPF or the underlying complaint listed in the PPF is necessary to conclude that these claims do not involve physical injury to a proprietary interest. These claims can be found on rows 90 through 1,751 in Tab K-1.

43. For those PPFs where Plaintiffs did check either the box marked "Damage or destruction to real or personal property" or "Removal and/or clean-up costs," the BP Defendants reviewed the PPF field titled "Brief Description/Primary Valuation of Claim" and the underlying complaint identified in those PPFs to determine if each Plaintiff's claim involved physical injury to a proprietary interest. If neither the PPF "Description" field nor the underlying complaint

13

alleged physical injury to a proprietary interest of the plaintiff that filed the particular PPF at issue, those PPFs are included in this tab. These entries can be found on rows 1 through 79 in Tab K-1.

44.  For the Short Form Joinders that have been filed, where the Short Form Joinders checked one of following boxes:

- Damage or destruction to real or personal property;
- Removal and/or clean-up costs,
- Commercial business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof,
- Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds, or
- Hotel Owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry,

the BP Defendants reviewed the "Description" Field on the Short Form Joinder to determine whether the Plaintiffs alleged physical injury to a proprietary interest. If they did not, those Short Form Joinders are included on this tab in rows 80 through 88. Further, if the Short Form Joinders did not check any of the boxes described above indicating that the Plaintiff's claim involved physical damage to a proprietary interest, no further review of the form is needed to conclude that these Short Form Joinders do not involve physical injury to a proprietary interest. These Short Form Joinders are located in rows 1752 through 1754 of Tab K-1.

45.  Tab K-1 contains the following columns, which reflect the information provided by each Plaintiff in their respective PPFs:

- Lexis Nexis File & Serve E-Service Number
- Plaintiff Last Name
- Plaintiff First Name
- Original Case Caption
- Original Court
- Original EDLA Civil Action Number
- Damage or Destruction to Real or Personal Property

14

- Removal and/or Clean Up Costs
- Brief Description/Primary Valuation of Claim

On certain PPFs, Plaintiffs did not list a first name or last name, but instead provided a business name. For those PPFs, the business name is listed in the "Plaintiff Last Name" column. The column labeled "PPF Alleges Physical Injury to Proprietary Interest" was created based on a review of the "Description" field in the underlying PPF, and the column labeled "Complaint Alleges Physical Injury to a Proprietary Interest" was created based on a review of the underlying complaint.

46. None of the 40,002 Watts Plaintiffs allege physical injury to a proprietary interest. Indeed, to the best of the BP Defendants' knowledge, every PPF submitted by the 40,002 Watts Plaintiffs contained the exact same "description" of each Plaintiff's claim:

> As noted above, I have worked on commercial fishing, shrimping, and/or oystering fleets located in the Gulf of Mexico ("GOM"). Because of the Deepwater Horizon explosion and resulting oil spill from the Macondo Well, I have suffered substantial economic loss. On May 3, 2010, the National Oceanic and Atmospheric Administration ("NOAA") began closing GOM waters to recreational and commercial fishing. NOAA subsequently increased the size of such closures to encompass over 83,000 square miles or 35% of the GOM exclusive economic zone. Since July 22, 2010, NOAA has slowly re-opened fishing areas; however, at this time, over 8,000 miles remain closed. Because of prohibited fishing in certain GOM waters and increased competition in open GOM waters, my commercial fishing activities to date have been negatively affected, and my income has likewise been negatively impacted. The exact amount of my economic loss has not yet been quantified, and will be accordingly supplemented.

47. All 40,002 Watts Plaintiffs also did not check the box on the PPF indicating that their claim involved "Damage or destruction to real or personal property" or "Removal and/or clean-up costs." The 25 underlying complaints associated with the 40,002 Watts Plaintiffs further do not make any allegations that the Watts Plaintiffs suffered physical injury to a proprietary interest. This information is listed in Tab K-2.

15

48.  Tab K-2 contains the following columns that were created based on a review of the 40,002 PPFs submitted by the Watts Plaintiffs:

- Case Caption
- Original E-Filed District
- Original EDLA Action Number
- Number of Plaintiffs Associated With Each Complaint
- Associated PPFs' Brief Description/Primary Valuation Of Claim

The column labeled "Associated PPFs Allege Physical Injury to Proprietary Interest" was created based on a review of the "Description" field in the underlying PPFs, and the column labeled "Complaint Alleges Physical Injury to a Proprietary Interest" was created based on a review of the underlying complaint.

49.  The BP Defendants reserve the right to supplement and amend Tabs A through K, as the BP Defendants receive additional information from Plaintiffs and the GCCF.

I make this Declaration under penalties of perjury pursuant to 28 U.S.C. § 1746, and I state that the facts set forth herein are true.

*Wendy L. Bloom*

Wendy L. Bloom

Dated:  February 28, 2011

16