# EXHIBIT 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK JOSEPH TURNER, ET AL.          *          CIVIL ACTION

VERSUS          *          NO. 05-4206
          CONSOLIDATED CASE

MURPHY OIL USA, INC.          *          SECTION "L" (2)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

ORDER AND REASONS

Before the Court are some seven motions to dismiss the Administrative Master

Complaint filed by Defendant, Murphy Oil USA, Inc., pursuant to Rule 12(b)(6) and 12(c) of the

Federal Rules of Civil Procedure. The motions came on for hearing with oral argument on

December 20, 2005. For the following reasons, Defendant's Rule 12(b)(6) Motion to Dismiss

Plaintiffs' Class Action Administrative Master Complaint for Lack of Standing is DENIED.

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Punitive Damages is

DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims under CERCLA,

RCRA, OPA and LA.R.S. 30:2015.1 for Failure to State a Claim Upon Which Relief Can Be

Granted is GRANTED IN PART, DENIED IN PART, and DENIED IN PART AS MOOT.

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Fraud Claims or Alternatively Motion

for Judgment on the Pleadings on Plaintiffs' Class Allegations is GRANTED. Defendant's Rule

12(b)(6) Motion to Dismiss Plaintiffs' Claims for Personal Injury or Alternatively Motion for

Judgment on the Pleadings on Plaintiffs' Request for Class Certification is DENIED.

Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Mental Anguish or

Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification

is DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Fear/Risk of

Future Disease or Illness or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification is GRANTED.

## I. Factual and Procedural Background

This litigation involves twenty-six consolidated class action lawsuits filed by residents of St. Bernard Parish, Louisiana against Defendant Murphy Oil USA, Inc. The incident at issue in all suits is a discharge of oil that occurred at the Defendant's Meraux, Louisiana oil refinery sometime in the first week of September 2005. It is alleged that shortly after Hurricane Katrina an oil tank discharged thousands of barrels of oil into the area surrounding the refinery. Plaintiffs are homeowners and residents in the area near the oil refinery, and they allege property damage, personal injuries, and mental anguish resulting from the discharge, among other claims. These cases have been consolidated, and Plaintiffs have filed a Motion for Class Certification which is set for hearing on January 12, 2006.

At the request of the Court, Plaintiffs and Defendant jointly compiled an Administrative Master Complaint, which was filed on November 28, 2005. This complaint consolidates all claims raised by Plaintiffs in the various pending lawsuits. In early December 2005, Defendants filed seven motions to dismiss portions of the Administrative Master Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Four of these motions ask the Court in the alternative to grant judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, striking the Plaintiffs' class action allegations.

The Court will discuss the nature of a master complaint, the standards applicable to Rule 12(b)(6) and Rule 12(c) motions, and the motions in turn below as follows:

1. Rule 12(b)(6) Motion to Dismiss Plaintiffs' Class Action Administrative Master

Complaint for Lack of Standing;

     2.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Punitive Damages;

     3.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims under CERCLA, RCRA, OPA and LA.R.S. 30:2015.1 for Failure to State a Claim Upon Which Relief Can Be Granted;

     4.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Fraud Claims or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Class Allegations;

     5.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Personal Injury or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification;

     6.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Mental Anguish or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification; and

     7.  Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Fear/Risk of Future Disease or Illness or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification.

     **a.**     **Nature of the Master Complaint and Dispositive Motions Regarding It**

     Rule 42(a) of the Federal Rules of Civil Procedure provides that a district court may consolidate actions involving common questions of law and fact, and may "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Many courts, including this court, have interpreted Rule 42 to permit the filing of a master complaint (or consolidated complaint) which brings together all claims and theories of liability presented in the underlying cases. *See Katz v. Realty Equities Corp.,* 521 F.2d 1354, 1358-59 (2d Cir. 1975); *In re Propulsid Prod. Liab. Litig.*, 208 F.R.D. 133, 141 (E.D. La. 2002) (Fallon, J.); *In re*

*Wirebound Boxes Antitrust Litig.*, 128 F.R.D. 262, 264-65 (D. Minn. 1989); *In re Equity Funding Corp. of Am. Sec. Litig.*, 630 F.Supp. 161, 175-76 (C.D. Cal. 1976).

Although the master complaint consolidates all claims, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933). "Consolidated actions retain their separate character." *In re TransTexas Gas Corp.*, 303 F.3d 571, 577 (5th Cir. 2002). The master complaint is a procedural device which is used to streamline pretrial motions and discovery; however, the master complaint does not supersede the underlying cases in such a way as to render them non-existent. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 964-65 (9th Cir. 2001). The master complaint merely becomes the operative pleading in the case, and does not dissolve the individual cases. *Id.* at 965. *See also* Diana E. Murphy, *Unified and Consolidated Complaints in MultiDistrict Litigation*, 132 F.R.D. 597, 597-98 (1991) (discussing the use and consequences of master complaints in complex litigation).

The Defendant's present motions to dismiss and motions for judgments on the pleadings regarding class certification seek to dismiss portions of the Administrative Master Complaint. It follows from the principles stated in the case law that these motions do not automatically dismiss the parallel causes of action pending in the individual cases. Where appropriate in this Order, however, the Court dismisses causes of action in all cases, or renders judgment on the pleadings in all cases. The Court's rulings shall not only be applicable only to the Administrative Master Complaint but also to the individual cases.

      **b.**      **Standards Applicable to Rule 12(b)(6) Motions Generally**

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *See id*. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

c.    **Standards Applicable to Rule 12(c) Motions Generally**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is intended to dispose of cases in which the material facts are not in dispute and when the district court may render judgment by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). Similar to a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* at 324 (internal citations omitted). In Defendant's present motions, Murphy Oil asks the Court to enter judgment on the pleadings striking the Plaintiffs'

class action allegations from the Administrative Master Complaint. This would prevent the Plaintiffs from seeking class certification regarding particular causes of action raised in the master complaint.

## II. Motion to Dismiss Plaintiffs' Class Action Complaint for Lack of Standing

Murphy Oil asks the Court to dismiss the Administrative Master Complaint regarding 26 to 34 of the named plaintiffs in the individual cases on the basis that these plaintiffs do not reside in the area affected by the oil discharge. Defendant identifies 34 plaintiffs who do not live within the area set forth by the EPA on November 8, 2005 as affected by the spill. Defendant also states that 26 of those 34 plaintiffs do not reside in the much-larger affected area claimed by Plaintiffs' expert witness in an earlier hearing in this matter. Defendant argues that, because these plaintiffs do not reside in an area alleged to be affected by the oil discharge, these plaintiffs should be dismissed for lack of standing because they have not suffered injury in fact.

Plaintiffs respond that the six named class representatives reside within an area that all agree was affected by the oil discharge. Plaintiffs argue that the residence of any named plaintiffs is irrelevant at this stage. Plaintiffs further argue that the affected area has not yet been determined by the Court, so the Defendant's motion is premature.

The Defendant's motion is not proper at this time. Defendant is correct that injury-in-fact is a requirement of standing under Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). However, "[a]t the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice" for standing purposes, because the court must presume that general allegations embrace the specific facts that are necessary to support the plaintiff's claim. *Id.* at 561. Plaintiffs have generally alleged that

they reside near the oil refinery and suffered injury as a result of the oil discharge. Moreover, the extent of the affected area is an issue pregnant with facts, and thus is inappropriate for a Rule 12(b)(6) motion. The standing determination cannot be made prior to certification of the class and determination of the affected area. Accordingly, the Defendant's motion to dismiss for lack of standing is DENIED.

### III. Motion to Dismiss Plaintiffs' Claims for Punitive Damages

In Count III of Plaintiffs' Administrative Master Complaint, Plaintiffs allege that Defendant Murphy Oil is liable for punitive damages under common law strict liability, which Plaintiffs allege is applicable "to certain issues and claims under Louisiana choice-of-law provisions." Plaintiffs do not request punitive damages under Louisiana law in any other counts of the complaint.

Defendants argue that the request for punitive damages in Count III and in the Prayer for Relief should be dismissed. Defendants argue that Louisiana law clearly applies to the present dispute, and that, under Louisiana law, punitive damages are not available for the conduct alleged in the complaint. In addition, Defendant argues that the law of another state would not apply to an award of punitive damages in this case. Under Louisiana Civil Code article 3546, a Louisiana court may award punitive damages if they are available under another state's law, if the injurious conduct of the defendant takes place in that state, and if either the plaintiff's injuries or the defendant's domicile take place in that state. Moreover, Defendant contends that even if Murphy Oil is considered to be domiciled in Arkansas, Louisiana Civil Code article 3548 provides that Louisiana should be the domicile of Murphy Oil in this matter. Article 3548 provides that:

-7-

> For the purposes of this Title, and provided it is appropriate under
> the principles of Article 3542, a juridical person that is domiciled
> outside this state, but which transacts business in this state and
> incurs a delictual or quasi-delictual obligation arising from activity
> within this state, shall be treated as a domiciliary of this state.

Defendants argue that Civil Code articles 3546 and 3548 mandate that punitive damages are not available in this case, as the alleged injuries to plaintiffs' properties and the alleged injurious conduct both occurred in Louisiana.

Plaintiffs respond that Arkansas law provides for punitive damages when the defendant's conduct demonstrates wantonness or conscious indifference. Plaintiffs argue that part of Defendant's injurious conduct involves actions at Defendant's corporate headquarters in Arkansas; discovery would be needed to develop the facts surrounding this contention. According to Plaintiffs, if Defendant's conduct at its corporate headquarters is injurious to Plaintiffs, then Plaintiffs satisfy Louisiana's choice-of-law rule under Louisiana Civil Code article 3546 because both Defendant's domicile and the injurious conduct took place in Arkansas. Plaintiffs' master complaint, under Count I, alleges a range of conduct that includes allegations of "indifference" (Paragraph N) and allegations that Defendant failed to develop and implement proper emergency and safety plans, activities that would likely take place at corporate headquarters. In addition, Plaintiffs argue that Code article 3548 should not apply to this case, and Defendant's domicile should not be treated as Louisiana. Plaintiffs point to the language of article 3548 that states that the rule applies "provided it is appropriate under the principles of Article 3542[.]" Article 3542 provides that the tort law of another state would apply if another state's policies would be seriously impaired if its law were not applied to the issue at hand, with

-8-

reference to certain enumerated factors. Plaintiffs argue that this provision mandates that the punitive damages law of Arkansas would apply to this case because of Arkansas's strong policy against corporate fraud and negligence.

Considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may not dismiss a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiffs' arguments regarding the application of Arkansas law to this dispute are highly theoretical. The oil discharge occurred in Louisiana and caused property damage and personal injury to Louisiana residents. It is difficult to believe that Arkansas' policy against corporate fraud would override Louisiana's interest in redressing injuries to its citizens. However, while this issue may be appropriate for summary judgment, the Court cannot decide this issue upon a motion to dismiss under Rule 12(b)(6). Plaintiffs have alleged a plausible theory of recovery for punitive damages. Accordingly, Defendant's motion to dismiss Plaintiffs' claims for punitive damages is hereby DENIED.

## III. Motion to Dismiss Plaintiffs' Claims Under CERCLA, RCRA, OPA, and La. R.S. 30:2015.1

Count VI of Plaintiffs' Administrative Master Complaint states a notice of intent to sue Defendant under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* Additionally, Plaintiffs allege that Defendant is liable for removal and clean-up costs of the oil discharge under the Oil Pollution Act ("OPA"), 33 U.S.C. §

2702 *et seq.* Count VII of the complaint alleges a claim under Louisiana Revised Statutes section 30:2015.1 for clean-up and remediation of all threats or pollution to usable groundwater.

Defendant asks the Court to dismiss all of these claims for different reasons. Regarding the Plaintiffs' CERCLA claim, Defendant argues that CERCLA does not apply to crude oil. Moreover, Defendant contends that crude oil is exempted from RCRA, RCRA does not provide for money damages, and RCRA requires notice of intent to sue. Regarding the OPA claim, Murphy argues that OPA only applies to spills occurring on navigable waterways. Because this spill allegedly occurred on land, Murphy argues that OPA is inapplicable. Moreover, Defendant argues that Plaintiffs have failed to comply with OPA's requirement that a plaintiff give notice to a defendant 90 days prior to suit. Additionally, Defendant alleges that Plaintiffs' state law claim is premature because Plaintiffs have not demonstrated that they have notified the State of Louisiana prior to bringing suit, as required by La. R.S. 30:2015.1(B).

Regarding CERCLA and RCRA, Plaintiffs counter that these statutes would apply to the present dispute because "tank bottoms" and petroleum hydrocarbons are at issue. "Tank bottoms" are sediments and other materials that settle out from oil held in tanks over a period of time, and petroleum hydrocarbons are compounds found in crude oil. Plaintiffs contend that tank bottoms and petroleum hydrocarbons are concentrated hazardous substances that do not fall within the "crude oil" exemptions under CERCLA and RCRA. Plaintiffs cite to a Ninth Circuit case, *Cose v. Getty Oil Co.*, 4 F.3d 700, 707 (9th Cir. 1993), in which an appellate court found that CERCLA's exemption of crude oil did not include crude oil tank bottoms. In addition, Plaintiffs argue that the Defendant's motion to dismiss the RCRA claim is premature because Plaintiffs have not yet brought suit under that statute.

-10-

Regarding OPA, Plaintiffs ask the Court to waive the 90-day notice requirement under the statute under the Court's equitable powers, and cite the Plaintiffs' need for speedy relief after Hurricane Katrina. Moreover, Plaintiffs argue that OPA is applicable to the present dispute because the statute applies to navigable waterways and shorelines. According to Plaintiffs, because the hurricane flooded the entire area at issue, the entire affected area was a "navigable waterway" at the time of the oil discharge, as the Gulf of Mexico had inundated the area via the Mississippi River Gulf Outlet. Regarding the state law claim, Plaintiffs also ask the Court to waive the notice requirements under that statute, and argue that there was no need for Plaintiffs to give notice to the state because the oil spill was so widely publicized.

Because Plaintiffs have only indicated that they intend to sue under CERCLA and RCRA, Defendant's motion to dismiss the CERCLA and RCRA claims is premature. Therefore, the Court DENIES IN PART AS MOOT the motion to dismiss regarding those claims. The Administrative Master Complaint makes clear that the Plaintiffs have not brought suit under CERCLA and RCRA at this time. To the extent that Plaintiffs have brought RCRA claims in individual cases, the Court GRANTS IN PART Defendant's motion, and DISMISSES the RCRA claims as premature. Plaintiffs have not alleged that they have complied with the statute's notice requirements, and those requirements are a "mandatory condition[ ] precedent" to bringing a RCRA claim. *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989). However, to the extent that Plaintiffs have brought CERCLA claims in individual cases, the Court DENIES IN PART Defendant's motion to dismiss. Under Rule 12(b)(6), the Court is obligated to construe the complaint liberally and to consider any reasonable theory under which the plaintiff may be entitled to relief. The Ninth Circuit has found that tank bottoms fall outside of CERCLA's crude

-11-

oil exemption; thus, Plaintiffs have provided a possible theory of recovery under this statute.

Regarding OPA, Plaintiffs' arguments regarding navigable waterways are somewhat novel, and, depending upon the evidence adduced, the claims may not withstand a motion for summary judgment. However, the Court need not decide whether Plaintiffs have properly alleged an OPA claim because it is clear that Plaintiffs have failed to comply with the statute's 90-day notice requirement. Although Plaintiffs ask the Court to waive the notice requirement, the case law indicates that notice in the form of presentment of a claim is a "mandatory condition precedent" to bringing suit under OPA. *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.*, 51 F.3d 235, 240 (11th Cir. 1995). Thus, the Court declines to waive the notice requirement. Accordingly, the Court GRANTS IN PART the motion to dismiss the OPA claim because the claim is premature.

Regarding the Plaintiffs' claim under La. R.S. 30:2015.1, the Court DENIES IN PART Defendant's motion to dismiss this claim. La. R.S. 30:2015.1(B) provides no time frame for notice to the relevant state agencies except to provide that the notice come after filing of the petition.[1] Plaintiffs may still comply with the notice requirements under the statute. While Plaintiffs request that the Court waive the notice requirement, the Court declines to do so. The notice requirement is not burdensome and serves the purpose of allowing the state agencies to intervene in the litigation.

---

[1] The Court agrees with Plaintiffs that the language cited by Defendants from, *Frank C. Minvielle, L.L.C. v. IMC Global Operations, L.L.C.,* 380 F.Supp.2d 755 (W.D. La. 2004), is dicta and is not binding upon this Court. The Western District of Louisiana stated in *Minvielle* that La. R.S. 30:2015.1 did not apply to the facts of that case, *id.* at 761, and the language of the statute clearly contemplates that notice be given after, not prior to, the filing of the petition.

-12-

**V. Motion to Dismiss Plaintiffs' Fraud Claims, or Alternatively, Motion for Judgment on the Pleadings on Plaintiffs' Class Allegations**

Count VIII of the Administrative Master Complaint alleges that Murphy Oil is liable for fraud based upon statements made in letters to the public and posted on Murphy Oil's Web site about the oil spill. Specifically, Plaintiffs contend that Murphy's repeated statements that there is no continuing hazard to homeowners are patently false, in light of EPA pronouncements that the properties are unsafe to enter without protective gear. Plaintiffs further allege that Murphy Oil knew these statements were "false or incapable of being proven true" at the time they were made, and that the Defendant made these statements in order to gain an unfair advantage over homeowners in the form of "early settlement of claims on a reduced value basis."

Defendant challenges Plaintiffs' fraud claim by arguing that it fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure for pleading fraud with specificity. Defendants object to Plaintiffs' use of global allegations and to Plaintiffs' failure to show individual reliance upon Murphy Oil's statements. Alternatively, Defendants argue that, even if the fraud allegations survive a motion to dismiss, they are inappropriate for class certification under prevailing Fifth Circuit jurisprudence because individual issues predominate over those of the class.

Plaintiffs counter that they have pled the fraud claim at issue with enough particularity to survive a motion to dismiss under Louisiana law and Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs argue that they stated the time, place, and contents of Murphy's alleged false statements and where they were published. Moreover, Plaintiffs argue that they alleged that

Murphy sought to obtain early settlement through the alleged misrepresentations, and that Plaintiffs relied upon the misstatements. Additionally, regarding judgment on the pleadings, Plaintiffs argue that part of their fraud claim is Murphy's fraudulent omissions. According to Plaintiffs, in cases of nondisclosure, reliance is difficult to prove, and other courts have held that reliance is not a prerequisite to recovery. Plaintiffs argue that this is particularly true in cases involving a corporation's public statements to a large group of consumers, and that a court may accept statistical evidence of the people affected by the misstatements.

Plaintiffs' fraud claim is properly pled, and survives a motion to dismiss. Plaintiffs have identified Murphy's specific misstatements and have generally alleged an intent to deceive or gain unjust advantage, as required under Louisiana law. La. Civ. Code art. 1953. The elements of a successful fraud claim under Louisiana law are: (1) intent to defraud by defendant; and (2) actual or potential damages to plaintiff. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000). Importantly, individual reliance is an element of a fraud claim in Louisiana. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 (5th Cir. 1993) (applying Louisiana law). Plaintiffs' allegations are also specific enough to comply with Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what that person obtained thereby. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Plaintiffs have identified the intent to defraud and Murphy's statements that form the basis of their fraud claim, and they have alleged that Plaintiffs relied upon Murphy's statements.

However, Defendant is correct that class certification of the fraud claim is inappropriate

under binding case law, and the Court shall enter judgment on the pleadings on this issue. Fifth Circuit law is clear that fraud must be decided on a case-by-case basis and cannot be certified as a class action when individual reliance is an issue. *Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 219 (5th Cir. 2003); *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996). Because individual reliance is an element of a fraud claim under Louisiana law, class certification of Plaintiffs' fraud claims would be inappropriate. The cases cited by Plaintiffs allowing a court to waive the requirement of individual reliance are from other jurisdictions, and contradict the Fifth Circuit's holding in *Castano* that fraud claims cannot be certified as a class action.[2] Accordingly, the Court STRIKES the class action allegations regarding the fraud claim from the Administrative Master Complaint, and GRANTS the Defendant's motion for judgment on the pleadings. However, this ruling does not affect the rights of individual plaintiffs to seek damages for fraud. The fraud claims may not be certified as a class, but can be pursued individually.

## VI. Motion to Dismiss Plaintiffs' Claims for Personal Injury, or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification

In the factual allegations and Count I of the Administrative Master Complaint, Plaintiffs allege that they have suffered personal injuries and bodily harm as a result of Murphy's

_____

[2] Plaintiffs have cited to the U.S. Supreme Court's decision in *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153-54 (1972), as supporting their argument that they do not need to prove individual reliance in cases of fraudulent omission or nondisclosure. That case involved claims under federal law for securities fraud. While the case states that proof of reliance is not required under the facts presented therein, it does not speak to the specific issue presented here – whether the Louisiana law of fraud requires proof of individual reliance. Given the binding precedent of the Fifth Circuit on this issue, the Court finds that the standard presented for fraudulent omissions in *Affiliated Ute Citizens* is not applicable to this case.

-15-

negligence and misstatements arising from the oil spill. Plaintiffs allege that they have suffered personal injuries in attempting to re-enter their oil-damaged properties. Defendant objects to Plaintiffs' allegations of bodily harm because 1) they have not been pled with specificity, and 2) they cannot be certified as a class action because they require individualized scrutiny. Plaintiffs argue that these claims are pled in compliance with federal notice pleading requirements. In addition, Plaintiffs argue that judgment on the pleadings is inappropriate because individualized damages are not an absolute bar to class certification in mass tort cases.

Rule 8 of the Federal Rules of Civil Procedure only requires notice pleading: all that is required is a short and plain statement of the claim that fairly apprises the defendant of the claim itself and the grounds upon which it is based. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiffs' allegations meet the standard for notice pleading; accordingly, Defendant's motion to dismiss these allegations is DENIED. Plaintiffs allege how the bodily harm occurred – re-entry of the damaged properties – and the legal basis for recovery – Louisiana tort law. Moreover, the Defendant's contention that class certification is inappropriate as a matter of law for personal injury claims is incorrect. The U.S. Supreme Court has held that class certification under Rule 23 can occur in mass tort cases when the cases meet Rule 23's requirements of commonality, typicality, numerosity, and adequacy of representation. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625 (1997). Although the standards are strict, personal injury cases have been certified under Rule 23 in the Fifth Circuit. *See Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 624-29 (5th Cir. 1999) (affirming certification of class of individuals suffering from respiratory illness caused by defective ventilation system). Plaintiffs should be entitled to present evidence supporting their class action allegations for personal injury.

-16-

**VII. Motion to Dismiss Plaintiffs' Claims for Mental Anguish, or Alternatively, Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification**

In their Prayer for Relief and their Facts and General Allegations, Plaintiffs request damages for mental anguish and emotional distress, among others. In addition, Plaintiffs request damages for mental pain and suffering under their fraud claim. There are no other specific requests for mental anguish damages.

Defendant challenges Plaintiffs' claims for mental anguish damages on a number of grounds. First, Defendant argues that these damages are not available because plaintiffs did not witness their property damage, suffered no physical injuries, and were not in fear for their personal safety at the time of the spill. Alternatively, Defendant argues that the mental anguish claims should be subject to judgment on the pleadings because the claims cannot be certified as a class action. According to Defendant, the alleged mental anguish damages necessarily vary widely among the putative class members, and each individual's damages must be separately proved.

Plaintiffs, however, argue that mental anguish damages are available in this case under their theory of nuisance pursuant to Louisiana Civil Code 667. Moreover, Plaintiffs argue that proof of individual damages is not required under Louisiana law when the tortious conduct presents a special likelihood of genuine and serious mental distress arising from special circumstances. The evacuation caused by Hurricane Katrina presents such a "special circumstance" in this case, making their global allegations of injury appropriate, Plaintiffs contend. Regarding Defendant's motion for judgment on the pleadings denying class

-17-

certification on this issue, Plaintiffs argue that mental anguish damages are certifiable as a class action under Rule 23.  Plaintiffs argue that many courts have certified classes where individual *damages* vary widely: the issue is whether the elements of the claim meet Rule 23's predominance requirements.

Mental anguish damages are available in Louisiana for accompanying property damage in four situations:  1) the property is damaged by an intentional or illegal act; 2) the property is damaged by acts for which the tortfeasor is strictly or absolutely liable; 3) the property is damaged by acts constituting a nuisance; or 4) the property is damaged when the owner is present or situated nearby and suffers psychic trauma as a result. *Kemper v. Don Coleman, Jr., Builder, Inc.*, No. 31,576 (La. App. 2d Cir. 7/29/99), 746 So.2d 11, 20-21; *Boudreaux v. State*, 2004-0985 (La. App. 1st Cir. 6/10/05), 906 So.2d 695, 707.  Moreover, proof of individual injury is not required when there is a special likelihood of genuine and serious mental distress arising from special circumstances, which circumstances ensure that the claim is not spurious. *Moresi v. State*, 567 So.2d 1081, 1096 (La. 1990).  Thus, because Plaintiffs' claim for mental anguish damages is properly pled, Defendant's motion to dismiss is DENIED.  Moreover, Defendant is not entitled to judgment on the pleadings regarding class certification.  Mental anguish damages are unlike fraud, where individual reliance is an element of the tort itself.  While Plaintiffs' individual damages will vary widely, the elements of the claims may be common enough to merit class certification.  The Fifth Circuit puts no absolute bar upon class certification of such claims. The Court reserves ruling on certification of claims for mental anguish damages until the class certification hearing.

**VIII. Motion to Dismiss Plaintiffs' Claims for Fear/Risk of Future Disease or Illness, or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification**

Plaintiffs have alleged damages in the form of fear of cancer and other diseases in their Prayer for Relief, Facts and General Allegations, and under their fraud claim. Defendant moves the Court to dismiss the Plaintiffs' claims for these damages for similar reasons as their mental anguish damages. Defendant argues that damages for fear of future disease are not available under Louisiana law to the Plaintiffs. Alternatively, Defendant argues that the claims for these damages should be dismissed because they cannot be litigated in a class action format.

Plaintiffs, however, argue that they have pled their entitlement to damages for "fear of cancer and/or other illness" with enough specificity to survive a motion to dismiss. Plaintiffs argue that Defendant concedes that the damages are properly pled, but that the Defendant asks the Court to determine factual issues prior to presenting evidence of these damages.

The Fifth Circuit recognizes recovery of damages for serious mental distress arising from fear of developing cancer: the plaintiff must proffer evidence of his specific fear of that condition. *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 855 (5th Cir. 1988). However, Louisiana law is more specific than the *Smith* standard. Louisiana provides for recovery of damages for fear of contracting a serious latent illness, provided that the plaintiff can demonstrate 1) significant exposure to a hazardous substance; 2) as a proximate cause of this exposure, significantly increased risk to plaintiff of contracting a serious latent disease; 3) risk to plaintiff of contracting a serious latent disease that is greater than the risk had the plaintiff not been exposed and greater

-19-

than the risk to the general public; 4) a monitoring procedure making early detection of the disease possible; 5) the monitoring procedure is prescribed by a physician and is reasonably necessary; 6) the monitoring procedure is different than that normally recommended in the absence of exposure; and 7) demonstrated clinical value in early detection and diagnosis of the disease. *Bonnette v. Conoco, Inc.*, 2001-2767 (La. 1/28/03), 837 So.2d 1219, 1229-30. Defendant argues that this standard requires two important elements that Plaintiffs have entirely failed to allege – *significant* exposure, and symptomatic plaintiffs. Defendant contends that any exposure to crude oil is not significant in these cases, and that Plaintiffs fail to allege that any plaintiff actually suffers or will suffer from an increased risk of contracting a serious latent disease.

Plaintiffs conceded at oral argument that the appropriate standard for fear of cancer damages was set forth in *Bonnette* by the Louisiana Supreme Court. However, Plaintiffs argued that their allegations met that standard, as they have alleged that the oil spill presented a hazard to human health (Paragraph 21 of the Administrative Master Complaint), and that any exposure cause risks to the Plaintiffs' health (Paragraphs 29W-X), and that they suffer injury in the form of fear of cancer and/or other illness (Paragraphs 25 & 30). However, there are no allegations regarding medical monitoring. Moreover, none of the individual cases claiming fear of cancer damages include allegations regarding medical monitoring. In *Bonnette*, the Louisiana Supreme Court required such a stringent standard for compensatory damages for fear of cancer because this stringent standard already applied to an award of medical monitoring itself: the court reasoned that the standard for damages should be at least as strict as that required for medical monitoring. 837 So.2d at 1231. Because the Administrative Master Complaint and individual

-20-

complaints fail to allege all the elements required for the recovery of fear of cancer damages under Louisiana law, the Court GRANTS the Defendant's motion to dismiss Plaintiffs' claims for these damages for failure to state a claim upon which relief may be granted.

## IX. Conclusion

Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Class Action Administrative Master Complaint for Lack of Standing is DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Punitive Damages is DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims under CERCLA, RCRA, OPA and LA.R.S. 30:2015.1 for Failure to State a Claim Upon Which Relief Can Be Granted is GRANTED IN PART, DENIED IN PART, and DENIED IN PART AS MOOT. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Fraud Claims or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Class Allegations is GRANTED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Personal Injury or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification is DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Mental Anguish or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification is DENIED. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Fear/Risk of Future Disease or Illness or Alternatively Motion for Judgment on the Pleadings on Plaintiffs' Request for Class Certification is GRANTED.

New Orleans, Louisiana, this  22nd  day of December ,2005.

UNITED STATES DISTRICT JUDGE

-21-