UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION J |
| Applies to: *10-3815* | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

### ORDER

Before the Court is Defendant Transocean Offshore Deepwater Drilling Inc.'s **Motion for More Definite Statement (Rec. Doc. 1231)** in member case 10-3815, Roberts v. BP, PLC et al.

Defendant contends that it cannot discern from Plaintiff's Complaint whether it must respond, arguing that Plaintiff's Complaint is vague and ambiguous with respect to the named Defendant Transocean. Defendant requests that the Court compel Plaintiff to amend his Complaint to definitively name a Transocean entity.

Motions for more definite statements are generally disfavored because the Rules of Civil Procedure simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Parish Gov't, 2010 WL 1710372 at *2 (E.D. La. April 23, 2010). In particular, a motion for more definite statement is "inappropriate where the parties can discover additional information through discovery." Id.

In reviewing the Complaint, the Court finds that Plaintiff has satisfied the requirements of Rule 8. Furthermore, for those allegations for which Defendant claims it has insufficient information to form a belief, it can state so in its denial and seek to obtain information through discovery. See

Babcok & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 634 (E.D. La. 2006)

Accordingly,

**IT IS ORDERED** that Defendant Transocean's **Motion for More Definite Statement (Rec. Doc. 1231)** is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of March, 2011.

_____
**CARL J. BARBIER**
**United States District Judge**