## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | : | |
| "DEEPWATER HORIZON" in | : | **MDL NO. 2179** |
| the GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | **SECTION J** |
| | : | **MAG. (1)** |
| | : | |
| **This document relates to:  11-0275** | : | **JUDGE BARBIER** |
| | : | **MAG. JUDGE SHUSHAN** |

### COMPLAINT IN INTERVENTION OF ANADARKO E&P COMPANY LP AND ANADARKO PETROLEUM CORPORATION

Intervenors, Anadarko E&P Company LP ("AE&P") and Anadarko Petroleum Corporation ("APC") (AE&P and APC shall be referred to collectively herein as "Anadarko"), file their Complaint in Intervention against Plaintiffs Certain Underwriters of Lloyd's, London and various Insurance Companies subscribing to policies purchased by Transocean Ltd. (collectively "Insurers"),[1] and would respectfully show this Court as follows:

### Introduction

1.      Insurers commenced Civil Action No. No. 4:10-CV-01823 in the United States District Court for the Southern District of Texas (the "Texas Action"), seeking a judicial declaration that no coverage is afforded to the named BP defendants ("BP") as "additional insureds" under certain excess policies issued to Transocean (the "Policies").

2.      The Texas Action was terminated on February 10, 2011 and was transferred to this Court for consolidation with the ongoing MDL proceedings styled *In re: Oil Spill by the Oil*

---

[1] For the purposes of this Complaint, "Insurers" shall refer to all the Transocean excess insurers identified in Exhibit A to the Complaint filed by Lloyd's of London on May 21, 2010 in Civil Action No. 4:10-CV-01823 in the United States District Court for the Southern District of Texas, Houston Division [Doc. No. 1].

*Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179.  A copy of the transfer order is attached as Exhibit "A."

3.     The dispute in the Texas Action case arises out of the explosion and fire on the *Deepwater Horizon* on April 20, 2010, her subsequent sinking in the Gulf of Mexico, and the related blow-out of the Macondo well.

4.     At the time of the casualty, the *Deepwater Horizon* was conducting activities in Mississippi Canyon Block 252 ("MCB 252") pursuant to a drilling contract between Transocean Ltd. ("Transocean") and BP (the "Drilling Contract").

5.     As a result of the blow-out Anadarko is incurring defense costs and faces potential liability resulting from claims, demands and lawsuits initiated against Anadarko and seeking reimbursement for bodily injury, property damage, well control expenses, remediation expenses and other relief.

6.     Effective October 1, 2009 to April 1, 2010, AE&P owned a 22.5% interest and APC owned a 2.5% interest in the leasehold covering MCB 252, which includes the Macondo prospect/well.  As of April 20, 2010, APC owned a 25% interest in the leasehold covering MCB 252.  BP and others owned the remaining interest in the MCB 252 leasehold.  At various times on and prior to April 20, 2010, AE&P and/or APC have been parties to an operating agreement with BP concerning the Macondo Well.  The Drilling Contract provides that BP and "co-owners" of the leasehold covering the Macondo well (including Anadarko) are required to be named as additional insureds under the Policies.  Accordingly, Anadarko has advised the Insurers that it has rights as an Insured or additional insured under the Policies.

7.     To date, the Insurers have not accepted or acknowledged Anadarko's rights as an Insured or additional insured under the Policies.  However, on information and belief, Anadarko

anticipates the Insurers will deny that Anadarko has such rights on grounds that the Policies do not obligate the Insurers to indemnify Anadarko for any of its losses in connection with the Macondo well blow-out.  Insurers have adopted this position in connection with BP's claim for insurance coverage and are likely to adopt a similar position respecting Anadarko's claim for coverage because AE&P and APC are or were "co-owners" of the MCB 252 leasehold concerning the Macondo well.

8.     The proceeds of the Policies may be dissipated or exhausted by payments on behalf of other insureds before Anadarko is able to assert and protect its rights and/or claim its rightful share of the Policies' proceeds.

9.     Anadarko therefore seeks to intervene in this action to assert and protect its rights under the Policies and to request further relief appropriate under 28 U.S.C. § 2202.  Anadarko also requests that this Court stay any further distribution of the Policies' proceeds until Anadarko's rights to coverage as an insured under the Policies have been determined.

**Jurisdiction and Venue**

10.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and/or 28 U.S.C. § 1333.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Parties**

12.     AE&P and APC are Delaware corporations with their principal place of business in The Woodlands, Texas.

13.     The Insurers have issued or severally subscribed to the Policies that constitute various layers of excess liability insurance.  The Policies provide coverage in excess of the limits

afforded under a policy issued by Ranger Insurance Limited.  By filing this action, Insurers have submitted to the jurisdiction of this Court.

14.     BP plc, BP Exploration and Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited are corporations with their principal places of business in the state of Texas and they have submitted to the jurisdiction of this Court.  Various BP entities have been identified as responsible for clean-up costs and/or named as defendants in various lawsuits brought by third parties for alleged damage to their persons or properties.

## Factual Allegations

15.     Transocean and BP are parties to the Drilling Contract, pursuant to which Transocean agreed to commission the Deepwater Horizon oil rig and lease the rig to BP for drilling and related operations on the Macondo well in the Gulf of Mexico.

16.     In the Drilling Contract, Transocean agrees to "assume full responsibility for and shall protect, release, defend, indemnify and hold [BP] . . . harmless from and against any loss . . . or liability for pollution or contamination, including control and removal thereof, originating above the surface of the land or water from spills, leaks, or discharges of fuel . . . in the possession and control of [Transocean] . . . ."

17.     The types of insurance that Transocean is specifically required to carry under the Drilling Contract include "Comprehensive General Liability insurance, including contractual liability insurance insuring the indemnity agreement as set forth in the Contract … covering bodily injury, sickness, death and damage to property."

18.     The Policies provide coverage to the "Insured," defined under the Policies as including "any person or entity to whom [Transocean] is obliged by written 'Insured Contract' entered into before any relevant "Occurrence," to provide insurance such as is afforded by this Policy …."  Policies, Section IV. DEFINITIONS, § 13. INSURED (c).  Endorsement 1 of the Policies provides that "[w]here required by written contract . . . additional insureds are automatically included hereunder . . . ."

19.     The Policies define an "Insured Contract" as "any written contract or agreement entered into by [Transocean] and pertaining to business under which [Transocean] assumes the tort liability of another party to pay for "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury" to a "Third Party" or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."  Policies, Section IV. DEFINITIONS, § 14. INSURED CONTRACT.

20.     The Policies also provide that they are governed by Texas law.

21.     The foregoing establishes Anadarko's rights as an Insured or additional insured on the Policies because the Drilling Contract qualifies under the Policies as an "Insured Contract" pursuant to which Transocean is obliged to provide insurance to BP and its co-owners, including Anadarko, as is afforded by the Policies, and the scope of that coverage is determined by reference to the terms of the Policies and not the Drilling Contract.  *See Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.,* 256 S.W.3d 660, 666-69 (Tex. 2008) (scope of additional insured coverage determined by terms of policies, not by terms of underlying indemnity contract).

22.     Anadarko is incurring defense costs and faces potential liability arising out of the Macondo well blow-out.  Because, as detailed in paragraph 6, above, AE&P and/or APC owned

a share in the leasehold covering MCB 252 at various time prior to the blow-out, AE&P and APC each is a "co-owner" under the Drilling Contract that Transocean is required to name as additional insured on the Policies, pursuant to Section 3 of the Drilling Contract.  As such, Anadarko has an interest in this action with regards to asserting and preserving any rights it has to insurance coverage under the Policies, with respect to the determination of the scope of such coverage, and with respect to the appropriate distribution of Policy proceeds as among the various parties claiming an interest in such proceeds.

23.     BP provided the Insurers with notice of claim on or about May 14, 2010, after which the Insurers initiated the Texas Action, seeking a declaration that:

(1)     BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from the Macondo Well;

(2)     The additional insured status in the Drilling Contract therefore does not extend to the pollution liabilities BP has incurred and will incur with respect to oil emanating from the Macondo Well;

(3)     Insurers have no additional insured obligation to BP under the Policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from the Macondo Well; and

(4)     BP is not entitled to coverage under the Policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from the Macondo Well.

24.     The Insurers have asserted that under the Drilling Contract Transocean assumed liability only for above land/water surface pollution, and because the pollution emanating from the Macondo well originated below the surface, there is no coverage available to BP under the Policies for these liabilities resulting from such pollution.

25.     The Insurers' contention is contrary to the plain language of the additional insured provision in the Policies.  The additional insured provision adds "any person or entity to whom [Transocean] is obliged by any oral or written [contract] . . . to provide insurance such as is

6

afforded by this Policy" and does not limit or exclude coverage for liabilities resulting from pollution originating below the surface.

26.     Further, even if, *arguendo*, the liability Transocean assumed under the Drilling Contract is limited to only above land/water surface pollution, the scope of coverage afforded to Anadarko under the Policies is determined by reference to the terms of the Policies and not the Drilling Contract.

27.     Because the Policies independently extend coverage to co-owners of the MCB 252 leasehold as additional insureds, Anadarko's status as an additional insured under the Policies and its rights to coverage thereunder are not limited by the terms of the Drilling Contract.

28.     Anadarko has provided the Insurers with notice of its rights to coverage under the Policies.   To date, the Insurers have not accepted or acknowledged Anadarko's rights.   If Anadarko is forced to continue waiting for a coverage decision from the Insurers, the proceeds of the Policies may be dissipated before Anadarko has the opportunity to protect its rights to, and obtain its rightful share of, those proceeds.

### Count I – Declaratory Judgment and Further Relief Against Insurers

29.     Anadarko incorporates by reference each of the allegations set forth in paragraphs 1 through 26 above as if expressly set forth herein.

30.     An actual and justiciable controversy exists between Anadarko and Insurers with respect to Anadarko's rights under the Policies, and a declaratory judgment in this action will terminate some or all of the Parties' controversy.

31.     Moreover, other parties and putative insureds have asserted their rights to coverage under the Policies and such parties may be entitled to reimbursement under the Policies

on a "first come, first served" basis.  The liabilities already incurred or that will be incurred by BP and other putative insureds resulting from claims arising out of the Macondo well blow-out are likely to greatly exceed the total coverage limits available under the Policies.  Accordingly, a substantial risk exists that the proceeds of the Policies will be exhausted through payment to such parties before Anadarko is able to protect its interests and claim its share of the proceeds.  Thus, these parties do not adequately represent Anadarko's interests and Anadarko will be prejudiced unless there is a fair and equitable apportionment of the rights to, and proceeds of, the Policies before the limits of such Policies are exhausted.

32.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Anadarko seeks the following declaratory and other relief:

(A)   Anadarko is entitled to coverage under the Policies as an Insured and/or an Additional Insured;

(B)   The Policies do not restrict additional insured coverage only to liabilities assumed by Transocean under the terms of the Drilling Contract;

(C)   Anadarko is entitled to coverage under the Policies for losses and liabilities Anadarko has incurred and may incur with respect to the April 2010 blowout of the Macondo Well and related damage;

(D)   Anadarko is entitled to a reasonable, fair and equitable portion of the proceeds of the Policies as shall be determined by the Court;

(E)   Insurers must not settle, compromise, adjust or otherwise deplete the limits of coverage under the Policies without a reasonable, fair, and equitable accounting for Anadarko's claims and/or rights under the Policies, in light of Insurers' duty of good faith and fair dealing to each insured.

## Prayer for Relief

Anadarko seeks the declaratory and further relief set forth above as well as any other relief to which it may be legally entitled.

Respectfully submitted,

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

*s*/ Monique M. Weiner
Deborah D. Kuchler, T.A. (La. No. 17013)
Monique M. Weiner, (La. No. 23233)
Robert E. Guidry (La. No. 28064)
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone (504) 592-0691
Facsimile: 504-592-0696
dkuchler@kuchlerpolk.com
mweiner@kuchlerpolk.com
rguidry@kuchlerpolk.com

Of Counsel:

REED SMITH LLP

John D. Shugrue
Yisroel I. Hiller
Reed Smith LLP
10 South Wacker Drive
Chicago, IL  60606
(312) 207-1000
jshugrue@reedsmith.com
yhiller@reedsmith.com

***ATTORNEYS FOR DEFENDANTS,
ANADARKO PETROLEUM CORPORATION,
AND ANADARKO E&P COMPANY, L.P.***

9

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 3, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*s/*

*s/*Monique M. Weiner