UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | : <br> : MDL NO. 2179 <br> : <br> : SECTION: J <br> : <br> : JUDGE BARBIER <br> : <br> : MAG. JUDGE SHUSHAN <br> : |

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCESS TO THE *DEEPWATER HORIZON* BLOWOUT PREVENTER FOR FURTHER FORENSIC INVESTIGATION**

Defendants BP America Inc. ("BPA"), BP Exploration and Production Inc. ("BPXP"), and BP America Production Company ("BPAPC") (collectively, "BP") hereby move this Court for entry of an order that grants BP access to the *Deepwater Horizon* blowout preventer to perform further forensic activities following completion of the forensic examination currently being conducted by the BOEMRE/USCG Joint Investigation Team ("JIT").

**I.    The Court Has Jurisdiction Over the *Deepwater Horizon* Blowout Preventer.**

In Paragraph 14 of Pretrial Order No. 1 (Docket Entry No. 2, Aug. 10, 2010), this Court established that any tangible evidence relevant to this matter was subject to this Court's jurisdiction and further orders. By further order on August 26, 2010 (Record Doc. No.. 99), this Court approved the transfer of the *Deepwater Horizon* blowout preventer ("BOP") to the NASA facility at Port Michoud and the subsequent inspection of the BOP for purposes of collecting evidence relevant to this matter. Accordingly, this Court retains jurisdiction to determine the disposition of the BOP following the completion of the approved evidence collection.

II. **The JIT Will Shortly Conclude Its Forensic Examination of the *Deepwater Horizon* Blowout Preventer.**

Consistent with this Court's earlier orders, the JIT has retained *Det Norske Veritas* ("DNV") to conduct a forensic examination of the BOP according to protocols developed by the JIT. The JIT has offered the parties-in-interest opportunities to provide comments, suggest changes, and suggest additions to those examination protocols. Not all of the additions or changes suggested by the parties-in-interest were accepted or adopted by the JIT and performed by DNV.

Recently, the JIT informed the representatives of the parties-in-interest at the BOP inspection site that DNV would complete shortly the forensic examination, and invited recommendations on what forensic activities to conduct and their priority. Representatives of the parties-in-interest met and provided DNV comments on the remaining forensic activities, which DNV conveyed to the JIT. The JIT then provided an approved list of the remaining forensic tests that DNV would conduct—the approved list, however, did not include several of the forensic activities that BP and other parties-in-interest had requested. (*See* 2/17/11 Letter from R. Gasaway to LCDR Bray, Exh. A). After publishing the approved list, the JIT has been informed that certain parties-in-interest, including BP, would seek permission to pursue these additional activities through alternative, court-supervised means. The JIT therefore understands that further forensic testing may be appropriate even after it completes its own examination.

III. **BP Recommends Conducting Further Forensic Investigation of the *Deepwater Horizon* Blowout Preventer After the JIT's Forensic Examination Concludes.**

At present, and subject to further evaluation of the BOP forensic examination to date, BP recommends that the following inspection tasks be undertaken after DNV concludes its forensic examination of the BOP:

- Removal and forensic analysis of each annular element;

- Hydraulic signature testing of the annular preventer operator and ram preventers operators;

- Disassembly and inspection of the annular preventer and ram preventer bonnets;

- Laser scanning of (i) the entire BOP wellbore; (ii) the upper annular packer and upper annular cap; (iii) the inside of the riser kink; and (iv) the wellbore-facing surfaces of the casing shear ram bonnets;

- Hydraulic circuitry pressure test;

- ST lock circuit confirmation; and

- Solenoid pie connector pin measurement and corresponding female receptacle analysis.

The attached declaration of Ralph L. Linenberger, a technical consultant with over 40 years of BOP-related experience, provides more information regarding these activities and their significance.  (*See* Exh. B, Declaration of R. Linenberger).

### IV. BP Requests Access to the BOP To Conduct Certain Additional Forensic Activities Once the JIT's Forensic Examination Is Complete.

The JIT has informed BP that DNV will not complete these forensic activities under the current scope of the BOP forensic examination.  BP, however, believes that performance of these forensic activities will add value to an analysis of why the BOP did not work as intended on April 20, and recommends that they be completed.  (*See* Exh. B, Declaration of R. Linenberger).  BP, therefore, is willing to complete these forensic activities by conducting its own examination of the BOP after the JIT concludes its forensic examination, and requests access to the BOP to conduct such activities.  BP is willing to share its examination protocols and results with the other parties-in-interest in this matter, to allow for their input and guidance and to provide an opportunity to observe the planned forensic activities.  BP notes that to ensure that such forensic activities are conducted efficiently and correctly, Cameron, as the original equipment

manufacturer, and Transocean, as the owner and entity responsible for its maintenance, may need to provide engineering drawings and specifications for the *Deepwater Horizon* BOP.

To conclude, BP respectfully requests that this Court enter an order:

- Providing that BP and any necessary technical consultants shall have access to the BOP for the purpose of conducting the BOP forensic activities identified above after the JIT informs the Court that it has concluded its forensic examination;

- Providing that no party, person, organization, or governmental entity with control over the BOP after the JIT informs the Court it has concluded its forensic examination shall restrict BP's access to the BOP for the purpose of conducting the BOP forensic activities identified above;

- Confirming that, by completing the BOP forensic activities identified above, BP will not be violating the evidence preservation obligations of BP or any other party;

- Requiring that all persons or entities with access to the BOP after the JIT's forensic examination concludes shall act to preserve the BOP (other than as required to complete the BOP forensic activities identified above);

- Providing that all parties to this proceeding may give input to BP in conducting these forensic activities and shall cooperate with BP in carrying them out, including that Cameron and Transocean shall supply engineering drawings and specifications as required for the inspection; and

- Providing that BP shall share with all parties to this proceeding any results, data, and/or conclusions generated by or during these forensic testing activities and that BP shall permit all parties to this proceeding to observe the conduct of these forensic testing activities.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

>Richard C. Godfrey, P.C.
>J. Andrew Langan, P.C.
>Kirkland & Ellis LLP
>300 North LaSalle Street
>Chicago, IL  60654
>312-862-2000 (Tel)
>312-862-2200 (Fax)
>
>Robert C. "Mike" Brock
>Covington & Burling LLP
>1201 Pennsylvania Avenue, NW
>Washington, DC 20004-2401
>202-662-5985
>
>Attorneys for BP America, Inc., BP America Production Company, and BP Exploration & Production Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

>s/ Don K. Haycraft
>Don K. Haycraft