UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| *This document pertains to*<br>*Brooks v. Tidewater Marine, LLC, et. al.*<br>No. 11-365 | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**ANSWER OF DEFENDANTS TIDEWATER MARINE, L.L.C. AND TIDEWATER MARINE WESTERN, INC. TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come TIDEWATER MARINE, L.L.C. ("Tidewater Marine") and TIDEWATER MARINE WESTERN, INC. ("Tidewater Western") (collectively, the "Tidewater Defendants"), and respond to the Plaintiff's First Amended Original Complaint filed on behalf of David Brooks ("plaintiff") as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

The Tidewater Defendants specifically reiterate and re-urge each of their defenses set forth in their Original Answer to Plaintiff's Original Petition, with the same force and effect as if repeated herein in full and at length.

THIRD DEFENSE

And now, answering the particular allegations of Plaintiff's First Amended Original Complaint, the Tidewater Defendants aver as follows:

1.

The Tidewater Defendants admit that venue is proper in this Court, and that this Court has subject matter jurisdiction over this dispute and personal jurisdiction over the parties. The remainder of the allegations contained in Section I of plaintiff's First Amended Original Complaint are denied by the Tidewater Defendants for lack of sufficient information to justify a belief as to the truth therein.

2.

The Tidewater Defendants deny the allegations contain in Section II, Paragraph 1 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

3.

The allegations contained in Section II, Paragraph 2 of plaintiff's First Amended Original Complaint do not pertain to and, thus, do not require an answer by the Tidewater Defendants. Nonetheless, to the extent that an answer is required, the Tidewater Defendants deny the allegations in Paragraph 2 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

4.

The Tidewater Defendants specifically aver that Tidewater Marine is a Louisiana Limited Liability Company with its principal place of business in New Orleans, Louisiana. Tidewater Marine admits that it maintains an office at 2000 W. Sam Houston Parkway, Suite 1280, in Houston, Texas. The Tidewater Defendants further aver that Tidewater Western is a Texas corporation with its principal place of business in New Orleans, Louisiana. The Tidewater Defendants admit that they were served,

appeared, and answered plaintiff's Original Complaint and consented to the removal of this action; however, the Tidewater Defendants deny the remainder of the allegations contained in Section II, Paragraphs 3 and 4 of plaintiff's First Amended Original Complaint.

5.

The allegations contained in Section II, Paragraphs 5, 6, 7, 8, and 9 of plaintiff's First Amended Original Complaint do not pertain to and, thus, do not require an answer by the Tidewater Defendants. Nonetheless, to the extent that an answer is required, the Tidewater Defendants deny the allegations in Section II, Paragraphs 5, 6, 7, 8, and 9 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

6.

As they pertain to the Tidewater Defendants, the allegations contained in Section II, Paragraph 10 of plaintiff's First Amended Original Complaint are denied. The Tidewater Defendants deny the remainder of the allegations contained in Section II, Paragraph 10 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations contained in Section II, Paragraph 11 of plaintiff's First Amended Original Complaint constitute legal conclusions which do not require a response by the Tidewater Defendants. To the extent that an answer is required, the Tidewater Defendants admit that, as the case is currently constituted, complete diversity of citizenship does not exist between the parties.

8.

The allegations contained in Section III, Paragraph 12 of plaintiff's First Amended Original Complaint do not pertain to and, thus, do not require an answer by the Tidewater Defendants.  Nonetheless, to the extent that an answer is required, the Tidewater Defendants admit that an explosion occurred aboard the MODU DEEPWATER HORIZON on April 20, 2010.  The remainder of the allegations contained in Paragraph 12 of plaintiff's First Amended Original Complaint are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations contained in Section III, Paragraphs 13, 14, and 15 of plaintiff's First Amended Original Complaint do not pertain to and, thus, do not require an answer by the Tidewater Defendants.  Nonetheless, to the extent that an answer is required, the Tidewater Defendants deny the allegations contained in Paragraphs 13, 14, and 15 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

10.

The Tidewater Defendants admit that plaintiff was a cook employed by a third party contractor who worked aboard the M/V WAR ADMIRAL in July of 2010.  The remainder of the allegations contained in Section III, Paragraph 16 of plaintiff's First Amended Original Complaint are denied.

11.

The Tidewater Defendants deny the allegations contained in Section III, Paragraph 17 of plaintiff's First Amended Original Complaint.

12.

The Tidewater Defendants admit that plaintiff was a cook employed by a third party contractor who worked aboard the M/V WAR ADMIRAL in July of 2010. The remainder of the allegations contained in Section III, Paragraph 18 of plaintiff's First Amended Original Complaint are denied.

13.

The Tidewater Defendants deny the allegations contained in Section III, Paragraph 19 of plaintiff's First Amended Original Complaint.

14.

The Tidewater Defendants deny the allegations contained in Section III, Paragraph 20 of plaintiff's First Amended Original Complaint to the extent that they refer to the period of time that plaintiff worked aboard the M/V WAR ADMIRAL. In all other respects, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations contained in Section IV, Paragraph 21 of plaintiff's First Amended Original Complaint constitute legal conclusions which do not require a response by the Tidewater Defendants. To the extent that an answer is required, except to admit that Tidewater Marine operated the M/V WAR ADMIRAL, the Tidewater Defendants deny the allegations contained in Section IV, Paragraph 21 of plaintiff's First Amended Original Complaint.

16.

In response to Section IV, Paragraph 22 of plaintiff's First Amended Original Complaint, the Tidewater Defendants reiterate and re-urge each of their answers set

forth above to Paragraphs 1 through 20 of plaintiff's First Amended Original Complaint, with the same force and effect as if repeated herein in full and at length.

17.

The Tidewater Defendants deny the allegations contained in Section IV, Paragraphs 23, 24, 25, 26, 26a, 27, and 28 of plaintiff's First Amended Original Complaint to the extent the allegations pertain to the Tidewater Defendants. In all other respects, the allegations are denied for lack of sufficient information to justify a belief as to the truth therein.

18.

In response to Section IV, Paragraph 29 of plaintiff's First Amended Original Complaint, the Tidewater Defendants reiterate and re-urge each of their answers set forth above to Paragraphs 1 through 26 of plaintiff's First Amended Original Complaint, with the same force and effect as if repeated herein in full and at length.

19.

The allegations contained in Section IV, Paragraphs 30 and 31 of plaintiff's First Amended Original Complaint do not pertain to and, thus, do not require an answer by the Tidewater Defendants. Nonetheless, to the extent that an answer is required, the Tidewater Defendants deny the allegations contained in Section IV, Paragraphs 30 and 31 of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

20.

The Tidewater Defendants deny the allegations contained in Sections V and VI of plaintiff's First Amended Original Complaint.

21.

The Tidewater Defendants deny the allegations contained in Section VII of plaintiff's First Amended Original Complaint for lack of sufficient information to justify a belief as to the truth therein.

22.

The Tidewater Defendants deny any allegations contained in any unnumbered paragraphs of plaintiff's First Amended Original Complaint.

23.

The Tidewater Defendants deny any allegations contained in the prayer for relief of plaintiff's First Amended Original Complaint.

## FOURTH DEFENSE

The Tidewater Defendants reiterate and re-urge each of its defenses set forth above, with the same force and effect as if repeated herein in full and at length, and except as has been specifically admitted in this answer, expressly deny the truth of the allegations of fact contained in the balance of plaintiff's complaint.

## FIFTH DEFENSE

The Tidewater Defendants aver that the damages alleged by plaintiff, should any exist, which is not admitted but is specifically denied, were caused solely by the fault and negligence of plaintiff and/or others for whom the Tidewater Defendants have no responsibility, which precludes and bars any recovery by plaintiff against the Tidewater Defendants, or operates in mitigation of any recovery.

SIXTH DEFENSE

The Tidewater Defendants did not breach any duties, obligations and/or requirements under federal or state statutory or common law and, as such, are not liable to any parties for any claims asserted.

SEVENTH DEFENSE

Alternatively, the Tidewater Defendants deny that they, or any person, firm, or corporation for whom they may be responsible, are guilty of any negligence, fault, strict liability, want of due care or any other legal fault constituting a proximate cause of the incident in question, and on the contrary, aver that the incident and alleged resulting damages, if any, were caused by the negligence, fault, strict liability, want of due care, superseding cause or other legal fault of parties for whom the Tidewater Defendants are not responsible, and the Tidewater Defendants are entitled to a full or partial offset and/or credit and/or reduction of damages for any fault attributable to the liability assessed against any other party or non-party.

EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages.

NINTH DEFENSE

The Tidewater Defendants aver that Tidewater Western does not own, operate, control, or charter the M/V WAR ADMIRAL or any other vessels in the Gulf of Mexico and did not participate in any clean-up operations following the April 20, 2010 blowout of the MODU DEEPWATER HORIZON and subsequent oil spill.

TENTH DEFENSE

Plaintiff was not a Jones Act Seaman as he was not permanently assigned to any single vessel or identifiable group of vessels.  Furthermore, in the event that plaintiff is

8

found to be a Jones Act Seaman, which is not admitted but is specifically denied, the Tidewater Defendants were not plaintiff's Jones Act employer and cannot be held liable under this statute.

### ELEVENTH DEFENSE

The Tidewater Defendants specifically deny that they have ever employed plaintiff in any capacity whatsoever.

### TWELFTH DEFENSE

The Tidewater Defendants specifically aver that neither the M/V WAR ADMIRAL nor any other vessel owned, operated, contracted, chartered, employed, or otherwise engaged by Tidewater applied any dispersant products whatsoever in response to the April 20, 2010 blowout of the MODU DEEPWATER HORIZON and subsequent oil spill.

### THIRTEENTH DEFENSE

All of plaintiff's alleged injuries pre-existed his work aboard the M/V WAR ADMIRAL and, in no way, were caused or exacerbated thereby.

### FOURTEENTH DEFENSE

Plaintiff was a maritime worker and subject to the limitations of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. 901, *et seq*. As a result, plaintiff is not entitled to any warranty of seaworthiness of any vessel.

### FIFTEENTH DEFENSE

As plaintiff was a maritime worker subject to the LHWCA, plaintiff is not entitled to maintenance and cure. In any event, if plaintiff is found to be a seaman, which is not admitted but is specifically denied, the Tidewater Defendants did not employ plaintiff and, thus, do not owe plaintiff maintenance and cure.

SIXTEENTH DEFENSE

The Tidewater Defendants did not violate the "Turnover Duty" owed to maritime workers under Section 905(b) of the LHWCA.

SEVENTEENTH DEFENSE

The Tidewater Defendants did not violate the "Active Control Duty" owed to maritime workers under Section 905(b) of the LHWCA.

EIGHTEENTH DEFENSE

The Tidewater Defendants did not violate the "Duty to Intervene" owed to maritime workers under Section 905(b) of the LHWCA.

RESERVATION

The Tidewater Defendants reserve the right to supplement and amend this answer as further investigation and discovery may require.

WHEREFORE, Tidewater Marine, L.L.C. and Tidewater Marine Western, Inc. pray that this Answer be deemed good and sufficient and that after all due proceedings are had, there be judgment dismissing the claims of Plaintiff, David Brooks, at his costs, and for all other general and equitable relief.

Respectfully Submitted:
**LABORDE & NEUNER**

By:  *s/ Cliffe E. Laborde III*
     Cliffe E. Laborde III    #8062
     Melissa L. Theriot       #22628
     Cliff A. LaCour          #30581
     One Petroleum Center, Suite 200
     1001 W. Pinhook Rd.
     Lafayette, Louisiana 70503
     Tel:   (337) 237-7000
     Fax:   (337) 233-9450

Attorneys for Tidewater Marine, LLC and Tidewater Marine Western, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document, Answer of Defendants Tidewater Marine, L.L.C. and Tidewater Marine Western, Inc. to Plaintiff's First Amended Original Complaint, has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 9th day of March, 2011.

                                                *s/ Cliffe E. Laborde III*
                                                Counsel