## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION: J |
| Applies to: *Bundle C Cases* | * * | JUDGE BARBIER |
| Applies to: 10-2771 | * | MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * *

## PRE-TRIAL ORDER NO. 33

### [Regarding Voluntary Master Complaint for Local Government Entities]

By stipulation of Plaintiffs' Liaison Counsel, Defense Liaison Counsel, and Coordinating Counsel for the States, in order to clarify Case Management Order No. 1 (PTO No. 11), and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:

**IT IS ORDERED** that:

**1.** Pleading Bundle C, as described in Section III(C) of CMO No. 1 (PTO No. 11), is clarified as follows: "**Public Damage Claims.** This pleading bundle will include claims brought by governmental entities for, *inter alia,* loss of resources, loss of tax revenue, property damages, response or restoration costs, and civil penalties.  Local public bodies or entities may voluntarily join or otherwise intervene into one administrative Master Complaints for Bundle C claims, or may opt out of the Master Complaint and file their own separate individual petitions or complaints."

**2.** Plaintiffs are hereby granted leave to file the voluntary Local Government Entity Master Answer to Claim in Limitation, Master Claim in Limitation, and Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771).

**3.** Whether through outside counsel or *pro se*, any governmental body or entity who desires to bring a claim in the Transocean Limitation [No. 10-2771] and/or to adopt the Voluntary Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771), may do so by filing directly into Civil Action No. 10-9999 a form reflected in EXHIBIT 1 ["Local Government Short Form Joinder"].  The filing of a short form in Civil Action No. 10-9999 shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 and an intervention into the Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179).  The filing of Local Government Short Form Joinders shall be fully subject to the provisions of PTO No. 20, addressing Direct Filing.

**4.** Subject to the provisions of Paragraph 5 and the Direct Filing Order (PTO No. 20), the filing of the Voluntary Local Government Entity Master Complaint shall *not* waive any contentions relating to venue, jurisdiction, or choice of law, or any other matter, all of which are specifically preserved.

**5.** For the procedural and administrative purpose of answering or otherwise responding to the voluntary Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771), no defenses, objections, motions or exceptions for lack of jurisdiction, lack of standing, or any other defense that may be specific or unique to any particular local government plaintiff shall be waived, and all such defenses, objections, motions and/or exceptions specific to any particular plaintiff shall be reserved.  In

addition, any and all rights under the Hague Convention shall not be deemed to be waived by the entry of this Order, and are hereby preserved.

**6.** The proper service of the Local Government Entity Master Complaint as to any Defendant named therein shall constitute service on behalf of all local governmental bodies or entities who hereinafter join and/or intervene into the Master Complaint as contemplated by Paragraph 3 herein.

**7.** Defendants who have been properly served with the Local Government Entity Master Complaint, or agreed to accept or waive such service of process, shall have 30 days from the date of service, acceptance or waiver to file any responsive pleadings to the Master Complaint. The filing of an answer or other responsive pleading to the Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771) shall, (subject to, and in accordance with, the provisions of Paragraph 5), constitute a full answer or other response to the Local Government Short Form Joinder of any governmental body or entity who may thereafter intervene into the Master Complaint. Any Memoranda in Opposition to any Motion to Dismiss the Local Government Entity Master Complaint shall be filed within 30 days of the filing of the motion. Any Reply Briefs shall be filed within 30 days of the filing of any Memoranda in Opposition. The page limitation for responsive motions and oppositions to responsive motions shall be set at 50 pages, and the page limitation for replies to oppositions shall be set at 25 pages.

**8.** Neither the filing of the voluntary Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771) nor the entry of this Order shall in any way amend, supplement or supersede the allegations, claims, theories of recovery or prayers for relief contained within any pre-existing petition or complaint

by a local governmental body or entity. Nor shall the filing of the voluntary Local Government Entity Master Complaint, nor the entry of this Order, in any way affect pending or future claims filed by a State.

9. The filing of an answer or other responsive pleading to the voluntary Local Government Entity Master Complaint by any defendant named therein shall, for administrative purposes, serve as an answer or other defense to the common legal and factual issues contained therein, and the requirement for the filing of a separate answer or other responsive pleading to any other petitions or complaints filed by local governmental entities within the MDL shall be stayed, pending further order of the Court.

10. Regardless of whether a local government entity chooses to intervene into the voluntary Local Government Entity Master Complaint or to file its own separate and individual claim, all local government entities shall be subject to the terms of Case Management Order No. 1, and shall coordinate and conduct all discovery requests and deposition activity through the Coordinating Counsel for the States and/or the Plaintiffs' Steering Committee appointed by this Court in Civil Action No. 10-md-2179.

**IT IS FURTHER ORDERED THAT:**

Civil Action No. 10-9999 has been created by the Clerk of Court for the **sole** and limited purpose of allowing governmental bodies or entities to file a Local Government Entity Claim in Limitation / Short-Form Claim ["Local Government Short Form Joinder"].

11. Any Local Government Short Form Joinder filed in Civil Action No. 10-9999 may be filed without payment of a filing fee and shall be deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 [the Limitation Action], and an intervention into

the voluntary Local Government Entity Master Complaint (Rec. Doc. 1510 in Civil Action No. 10-md-2179, and Rec. Doc. 253 in Civil Action No. 10-2771).

**12.** Any Local Government Short Form Joinder submitted to the Clerk of Court by April 20, 2011, or postmarked by April 20, 2011 shall be deemed filed by the April 20, 2011 monition date set in Civil Action No. 10-2771 [the Limitation Action] (Rec. Doc. 569, p.7].

**13.** The **only** pleadings to be filed in Civil Action No. 10-9999 shall be Local Government Short Form Joinders.  **No responses or motions shall be filed in** Civil Action No. **10-9999.**  All responses and motions regarding Local Government Short Form Joinders shall be filed in response to the Local Government Entity Master Complaint in Civil Action No. 10-md-2179 and in the Limitation Action, Civil Action No. 10-2771.

SIGNED New Orleans, Louisiana, this 4th day of March, 2011.

**Carl J. Barbier**
**U.S. District Court Judge**

5