IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>4:10-cv-03198 | |

### DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Plaintiff's Complaint in this case for failure to state a claim upon which relief can be granted against Dril-Quip. The Court should dismiss Plaintiff's claims against Dril-Quip under Rule 12(b)(6) because Plaintiff has not pled sufficient facts to raise a reasonable expectation that it has a right to relief. Plaintiff's pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if Plaintiff's pleading insufficiencies are overlooked, Plaintiff fails as a matter of law to state a claim for negligence or gross negligence under the general maritime law against Dril-Quip because his own allegations conclusively establish that Dril-Quip owed no legal duty to Plaintiff. It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Yet Plaintiff makes no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty to Plaintiff could have arisen. To the contrary, Plaintiff alleges that BP operated the oil well and

1

that BP and Transocean operated and controlled the *Deepwater Horizon*. *See* Complaint at ¶s 23, 24.

In the alternative, in the event the Court does not dismiss Plaintiff's claims, Dril-Quip moves for a more definite statement under Rule 12(e), specifying (a) the nature of his duties as an employee of Transocean while aboard the *Deepwater Horizon*; (b) the circumstances and nature of his alleged injury; and (c) a designation of claims urged and specification of the defendant(s) against which they are urged, including a theory or theories of liability on the part of Dril-Quip, together with the facts that support it or them.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing Plaintiff's Complaint in this action, or, in the alternative, requiring a more definite statement pursuant to Rule 12(e), as specified above.

Date:   March 9, 2011

                Respectfully submitted,

                WARE, JACKSON, LEE & CHAMBERS, LLP

                BY:  /s/ C. Dennis Barrow, Jr.
                    Don Jackson
                    Texas Bar No. 10476000
                    Fed ID No. 6915
                    C. Dennis Barrow, Jr.
                    Texas Bar No. 00796169
                    Fed ID No. 20624
                    2929 Allen Parkway, 42nd Floor
                    Houston, TX 77019
                    Phone :  (713) 659-6400
                    Fax    :  (713) 659-6262

                Counsel for Defendant, Dril-Quip, Inc.

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Motion to Dismiss for Failure to State Claim will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of March, 2011.

/s/ C. Dennis Barrow, Jr._____
C. Dennis Barrow, Jr.