IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: 11-263 | |

### DEFENDANT DRIL-QUIP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS <u>FOR FAILURE TO STATE A CLAIM</u>

#### SUMMARY

This lawsuit arises out of an oil spill that occurred while the *Deepwater Horizon*, a mobile drilling unit owned and operated by Transocean Ltd., was drilling the Macondo well for BP, P.L.C., the lessee. Dril-Quip, Inc. ("Dril-Quip") manufactured the subsea wellhead and certain related equipment (the "Subsea Wellhead System") used on the Macondo well and provided a service technician onboard the *Deepwater Horizon* to assist with the installation of the Subsea Wellhead System.

Plaintiff's Original Complaint (the "Complaint") makes only one allegation specifically against Dril-Quip, and that claim is stated in conclusory terms, accompanied by no facts supporting the claim. The Court should dismiss the Complaint against Dril-Quip under Federal Rule 12(b)(6) because the Complaint fails to plead any facts against Dril-Quip and thus fails to satisfy the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). Even if Plaintiff's pleading insufficiencies are overlooked, Plaintiff fails as a matter of law to state a claim for negligence or gross negligence under the general maritime law against Dril-Quip because his own allegations

conclusively establish that Dril-Quip owed no legal duty to Plaintiff. These insufficiencies mandate dismissal of all of Plaintiff's claims against Dril-Quip under Rule 12(b)(6).

In the alternative, Dril-Quip moves for a more definite statement under Rule 12(e).

## BACKGROUND

Dril-Quip manufactured the Subsea Wellhead System used on the Macondo well, which was located off the coast of Louisiana.[1] Dril-Quip manufactured the Subsea Wellhead System in Texas.[2] Dril-Quip is not alleged to have had any other role on the *Deepwater Horizon*.[3]

## ARGUMENT AND AUTHORITIES

I. **The Complaint Fails to State a Claim Against Dril-Quip**

   a. **The Complaint Fails to Allege Facts Sufficient to Establish Any Cause of Action**[4]

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). The "complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570)); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009)(allegations must push claim past "conceivable" to "plausible"). These "[f]actual allegations must be enough to raise a right to relief above the

---

[1] Complaint at ¶¶24-25.

[2] *Id.* at ¶19.

[3] *Id.*; Complaint at ¶¶35, 116. Paragraphs 26 & 30 state conclusions intended to suggest liability, causation, and damages, but they do not set forth any additional particulars that identify acts of Dril-Quip.

[4] Plaintiff's action was filed in a Texas district court and removed to federal court. While it is not necessary for Plaintiff to replead unless the federal court orders it to do so, the petition/complaint must meet federal pleading standards. See, e.g,, *Broadway v. Brewer*, 2009 WL 1445449, *5 (S.D. Tex., May 21, 2009).

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56, *quoted in In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, ___ F.3d ___, 2010 WL 4868151, \*2 (Dec. 1, 2010)(quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 20050)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at \*4. *See also Great Lakes,* 624 F.3d at 210 (quoting *Iqbal* to effect that "legal conclusions can provide the complaint's framework, [but] must be supported by factual allegations"); *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 127, 1333 (11th Cir. 2010)(quoting *Iqbal,* 556 U.S. at ___, 129 S.Ct. at 1949). Under the standard set forth in *Twombly*, a complaint must plead "enough fact[s] to raise a reasonable expectation" that a plaintiff has a right to relief. *See* 550 U.S. at 557.

The Complaint pleads no facts tending to show liability, causation or damage that implicate Dril-Quip. Indeed, the Complaint only mentions Dril-Quip five times: in the preamble;[5] in the "parties" section;[6] and three times as a product defect defendant.[7] The majority of the Complaint's allegations related to the Defendants are directed at "Defendants."[8] In other paragraphs, the Complaint alleges that specific Defendants committed certain acts but never alleges that Dril-Quip committed any specific act. Other than these collective allegations, the Complaint does not allege a single fact that would tend to show that Dril-Quip did anything or failed to do anything that led to Plaintiff's alleged injuries. In Count VII, Plaintiff alleges, in

---

[5] Complaint, unnumbered paragraph at p. 1.

[6] *Id*. at ¶19.

[7] *Id*. at ¶¶29-30.

[8] *Id.* at ¶¶21, 26-28, 31, 33-37, 40 and 42.

conclusory fashion, some of the elements of strict liability for manufacturer's defects and generic evidentiary allegations of the type that sometimes supports them.[9]

Allegations that lump multiple defendants together without specifying which defendant did what do not satisfy federal pleading standards. *Cruz v. Cinram Int'l, Inc.*, 574 F. Supp. 2d 1277, 1233 (N.D. Alabama 2008); *see also Kester v. Zimmer Holdings, Inc.*, No. 2:10-cv-00523 2010 WL 2696467, at *12 (W.D. Pa. June 16, 2010) (collectively referring to "Defendants" insufficient under *Twombly*). The Eleventh Circuit has noted "[T]his court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002); *see also Cook v. Randolph Cty., Ga.*, 573 F.3d 1143, 1151 (11th Cir. 2009)(citing cases); *Carvel v. Godley*, No. 10-10766 2010 WL 4910167, *2 (11th Cir., Dec. 2, 2010). "The defining characteristic of a shotgun complaint is that it 'fails to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading.'" *Giscombe v. ABN Amro Mortg. Group, Inc.,* 680 F.Supp. 2d 1378, 1380 (N.D. Ga. 2010)(quoting *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005)).

This case is no different. Plaintiff's "shotgun" complaint fails to plead any facts specific to Dril-Quip. It is thus impossible to ascertain what Dril-Quip did or failed to do that caused Plaintiff's injuries. Specifically, the Complaint fails to allege any facts that would establish any elements of Plaintiff's causes of action; instead, only innocent facts[10] and legal elements[11] are set forth. The "particulars" set forth in Paragraph 30 constitute a laundry list of ways a product may

---

[9] *Id*. at ¶¶114-22.

[10] *E.g.,* "…Drill-Quip [sic] designed, manufactured [and] sold … the well head …." *Id*. at ¶29.

[11] *E.g.,* "…Defendants' respective products were unreasonably dangerous…." *Id*. at ¶31.

be defective and are not sorted by manufacturer but are collectively alleged against all six defendants listed in the paragraph.[12]  As noted in *Gentilello* and *Plotkin*, *supra* at 3, such makeweight assertions do not help to establish the plausibility of claims that *Twombly* and *Iqbal* require.  The Court should therefore dismiss the Complaint against Dril-Quip for failure to state a claim.

### b. The Complaint Alleges Facts that Negate Liability For Negligence on the Part of Dril-Quip.

Further, the complaint contains no facts that, if true, would render Dril-Quip directly liable for maritime negligence or gross negligence.  As a matter of law, Dril-Quip did not owe plaintiff any duty of care.  "To establish maritime negligence, a plaintiff must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury.' "  *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)(quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)).

Plaintiff alleges no facts from which the Court could infer that Dril-Quip owed him any legal duty because Plaintiff does not allege that Dril-Quip controlled or had any right to control any of the operations of the *Deepwater Horizon*.  It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations.  *See, e.g., Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988).  Further, it is settled that where a principal retains an independent contractor to conduct oil and gas operations but does not retain control over or participate in the actions of the contractor, the principal neither assumes nor owes any duty to the contractor's employees. *Thomas v. Burlington Res. Oil & Gas Co.,* No. Civ. A. 99-3904, 2000 WL 1528082, at *2 (E.D.

---

[12] *See id.* at ¶30.

La. Oct. 13, 2000) (Barbier, J.). Even when a principal without control over, or participation in, the operation has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.; Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

*Ainsworth* is instructive and is cited by courts applying both Louisiana law and the general maritime law. *See, e.g., Gremillion v. Gulf Coast Catering Co.*, No. 88-4544, 1989 WL 104100, at *6 (E.D. La. Sept. 5, 1989), *aff'd*, 904 F.2d 290 (5th Cir. 1990) (citing *Ainsworth* in tort case under maritime law); *Fontenot v. Southwestern Offshore Corp.*, 787 So.2d 588, 594 (La. Ct. App. 2001) (tort case under maritime law). In *Ainsworth*, Shell hired an independent contractor, Hercules, to erect an offshore drilling rig. 829 F.2d at 549. Hercules worked its crews around the clock, with no lights in the work area, and a worker fell as a result. *Id*. Shell had a "company man" on the rig who was aware of the hazardous conditions, but Shell retained no control over and did not participate in the operation of the rig. The Fifth Circuit rejected the plaintiff's argument that Shell's knowledge of the danger made it directly liable for the injury and held instead that because Shell lacked control over the operation, it had no duty to intervene. *Id.* at 551.

Plaintiff's allegations fall far short of even the *Ainsworth* facts. Plaintiff pleads that "[the Transocean entities] were owners and operators of the … Deepwater Horizon," which was "leased to BP, " which was "the de facto charterer of the … vessel and directed activities on the vessel." Complaint at ¶¶23-24. By contrast, Dril-Quip "was involved with providing wellhead systems." *Id.* at ¶19. Furnishing equipment for use in a drilling project owned and operated by

others cannot plausibly create a duty to someone else's employee working onboard someone else's vessel. *Cf. In re Graham Offshore, Inc.*, 287 F.3d 352, 359 (5th Cir. 2002) (no duty owed by rig operator to transportation contractor hired by third party). The Complaint lacks any facts alleging conduct by Dril-Quip in breach of any duty, or that Plaintiff's injuries resulted from any act by Dril-Quip. To the contrary, the express allegation that BP and Transocean owned the lease and the rig, respectively, and made the operating decisions that led to the blowout and explosion, *see e.g.,* Complaint at ¶¶23-25, negates any inference that Dril-Quip conducted any of the *operations* on the *Deepwater Horizon* that allegedly led to Plaintiff's injuries and establishes that Plaintiff is not entitled to relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("if the allegations, taken as true, show the plaintiff is not entitled to relief," then the "complaint is subject to dismissal").

If in *Ainsworth* a company man on the rig with actual knowledge of a dangerous situation had no duty to intercede because he lacked control over the operations on the rig, it necessarily follows that Dril-Quip had no duty to Plaintiff. It was hundreds of miles away from the rig, lacked any contractual relationship with Plaintiff's employers and is not alleged to have had any actual knowledge of a dangerous situation. Because Plaintiff fails to state a claim for negligence against Dril-Quip, Plaintiff also fails to state any claim against it for gross negligence. *See* Complaint at ¶¶32-37.

**II.     Alternatively, The Court Should Require Plaintiff to File a More Definite Statement Detailing the Facts, if Any, That Support Its Claims Against Dril-Quip**

In the alternative to dismissal, given the lack of specific allegations against Dril-Quip, the Court should require Plaintiff to file a more definite statement of his pleading pursuant to Rule 12(e). The Complaint fails to allege clearly those acts of Dril-Quip which support any of Plaintiff's claims against Dril-Quip. Additionally, Plaintiff's use of the collective term

"Defendants" makes it impossible to ascertain which Defendant did what. The combination of minimal facts and multiple theories against multiple defendants means that Dril-Quip and the other Defendants cannot respond without risking waiver of defenses on the one hand or wasted effort and inadvertent admissions on the other. The remedy for such indistinctness is a motion under Rule 12(e), *see*, e.g., *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), and the ripple effect of imprecise pleading in the form of cost to both litigants and the court system has been well-documented. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-84 (11th Cir. 2008). Therefore, if it does not dismiss Plaintiff's claims, the Court should require him to file a more definite statement of his claims pursuant to Rule 12(e). At the minimum, such statement should specify (a) the nature of his duties as an employee of Transocean while aboard the *Deepwater Horizon*; (b) the circumstances and nature of his alleged injury; and (c) a designation of claims urged and specification of the defendant(s) against which they are urged, including a theory or theories of liability on the part of Dril-Quip, together with the facts that support it/them. Any less specificity would force Dril-Quip to conduct an overbroad and burdensome investigation of Plaintiff's claims, disserving the intent of the Federal Rules of Civil Procedure to resolve disputes fairly, efficiently, and as inexpensively as possible.

## CONCLUSION

Dril-Quip respectfully requests that the Court dismiss all Plaintiff's claims against Dril-Quip pursuant to Federal Rules of Civil Procedure 12(b)(6), or, in the alternative, require a more definite statement pursuant to Rule 12(e).

Date:   March 10, 2011

Respectfully submitted,

W<small>ARE</small>, J<small>ACKSON</small>, L<small>EE</small> & C<small>HAMBERS</small>, LLP

BY: /s/ C. Dennis Barrow, Jr.
    Don Jackson
    Texas Bar No. 10476000
    Fed ID No. 6915
    C. Dennis Barrow, Jr.
    Texas Bar No. 00796169
    Fed ID No. 20624
    America Tower
    2929 Allen Parkway, 42nd Floor
    Houston, TX 77019
    Phone : (713) 659-6400
    Fax    : (713) 659-6262

*Attorneys for Defendant, Dril-Quip, Inc.*

## CERTIFICATE OF SERVICE

     I certify that the above and foregoing Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of March, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.