IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY<br>Domengeaux Wright Roy & Edwards LLC<br>556 Jefferson St. Suite 500<br>Lafayette, LA 70501<br>E-Mail: jimr@wrightroy.com<br>Telephone: (337) 233-3033<br>Direct: (337) 593-4190<br>Fax: (337) 233-2796 | STEPHEN J. HERMAN<br>Herman, Herman Katz & Cotlar, LLP<br>820 O'Keefe Ave.<br>New Orleans, LA 70113<br>E-Mail: sherman@hhkc.com<br>Telephone: (504) 581-4892<br>Direct: (504) 680-0554<br>Fax: (504) 561-6024 |

March 2, 2011

*VIA* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Dear Judge Shushan:

    We write on behalf of the Plaintiffs' Steering Committee (PSC) to seek your guidance on two Privilege Claim related issues. The first involves a Marital Privilege being asserted individually by BP employee Brian Morel over multiple documents. The second is a disagreement between BP and the PSC over the extent to which Paragraph 2 of PTO #14 exempts the listing of internal BP communications.

### I.  Marital Privilege Asserted by Brian Morel

    On February 2, 2011, William Taylor as individual counsel for Brian Morel forwarded correspondence advising the parties that certain documents contain confidential "marital communications" between Mr. Morel and his wife. A copy of this letter is attached as Exhibit "A" hereto. Mr. Taylor advised that, on behalf of Mr. Morel, he was claiming marital privilege over the following documents:

    1)    BP-HZN-2179MDL00175442 - BP-HZN-2179MDL00175442
    2)    BP-HZN-2179MDL00242109 - BP-HZN-2179MDL00242110
    3)    BP-HZN-2179MDL00175438 - BP-HZN-2179MDL00175439
    4)    BP-HZN-2179MDL00242105 - BP-HZN-2179MDL00242106
    5)    BP-HZN-2179MDL00081572 - BP-HZN-2179MDL00081573

  6)  BP-HZN-2179MDL00208468 - BP-HZN-2179MDL00208469

Pursuant to PTO #14, the PSC immediately sequestered the identified documents and have not used them other than to address the applicability of the privilege being claimed. The PSC also requested a meet and confer with Mr. Morel's individual attorneys to address these marital privilege claims. Through the meet and confer process, the parties have been able to resolve three of the six documents at issue. These documents are BP-HZN-2179MDL00175442, BP-HZN-2179MDL00175438 - 39, and BP-HZN-2179MDL00208468 - 69. The PSC's understanding is that marital privilege claims have been withdrawn for these documents as they were not to/from Mr. Morel and his wife.

The PSC and Mr. Morel's attorneys still have disagreement relative to the remaining three documents. These documents are BP-HZN-2179MDL00242109 - 110, BP-HZN-2179MDL00242105 - 106, and BP-HZN-2179MDL00081572 - 73. These e-mails are clearly sent and received from company e-mail accounts and as such, should not be subject to any privilege. In fact, both Mr. Morel and his wife work for BP and used their company accounts for these e-mails. Further, two of these three e-mails (242109-110 & 242105-106) are forwarding information which was sent and/or received from others at BP, which also would negate the applicability of any privilege. Mr. Morel's attorneys disagree with the PSC on these three documents. As such, the PSC continues to sequester these documents and would suggest that they be submitted to your Honor under seal. Moreover, the PSC would like to further address with your Honor the applicability of the marital privilege over these communications at issue.

## II. PTO #14, Paragraph 2 and Communications to/from In-House Counsel.

After multiple meet and confers, the PSC and BP have reached an impasse regarding the meaning and/or scope of PTO #14, Paragraph 2, which states in pertinent part that:

> Privilege log identification is not required for post-April 20, 2010 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party. In addition, neither communications between or among counsel for Plaintiffs nor communications between or among counsel for Defendants are required to be identified on the Producing Party's privilege log.

The PSC understands and agrees that Paragraph 2 of PTO #14 was intended to eliminate the time and expense of identifying and listing voluminous and clearly privileged post-litigation communications with outside counsel on privilege logs. However, at least some of the post-incident communications within BP (or other Defendants) do not attain privileged status simply because they might be circulated to in-house counsel, (or even when they are directed to or generated by in-house counsel with respect to some purposes or activities), and, to the extent BP or other Defendants are going to claim privilege over such documents, they should (at the very least) be disclosed on the privilege logs.

Page 2

If Paragraph 2 of PTO #14 is interpreted as BP contends, then potentially critical non-privileged communications regarding the investigation, the post-spill well-control effort, the clean-up effort, environmental sampling, or other key evidence may be completely excluded from any type of production or privilege analysis. Plaintiffs and the other parties will not have an opportunity to assess or challenge the applicability of privilege claims relative to any such documents.

The PSC requests your Honor's guidance relative to the above two privilege related issues. Perhaps, with time permitted, they could be discussd briefly during the upcoming conference on Friday, March 4, 2011.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,


\_\_/s/ Stephen J. Herman\_\_\_\_  
*Plaintiffs Liaison Counsel*

\_\_\_\_/s/ James P. Roy_____  
*Plaintiffs Liaison Counsel*


Enclosures
   cc: Defense Liaison Counsel (*via* E-Mail)  
       Mike Underhill, Esq. (*via* E-Mail)  
       Hon. Attorney General Luther Strange (*via* E-Mail)  
       William W. Taylor, III, Esq. (*via* E-Mail)  
       Amit Mehta, Esq. (*via* E-Mail)  
       Conrad "Duke" Williams, Esq.  
       Jeff Grand, Esq.  
       Bill Large, Esq.  
       Anthony Irpino, Esq.