# BINGHAM

Ky E. Kirby
Direct Phone: 202.373.6795
Direct Fax:   202.373.6434
ky.kirby@bingham.com

March 9, 2011

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Re: *Deepwater Horizon Litigation*, MDL No. 2179: Response to Plaintiffs' Steering Committee March 2, 2011 Letter

Dear Judge Shushan:

We write on behalf of Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC and MOEX Offshore USA Corporation (together, the "Non-Operating Investors and MOEX USA") in response to Plaintiffs' letter to the Court dated March 2, 2011. In that letter, counsel for the Plaintiffs' Steering Committee ask this Court to dramatically expand the requirements for including post-April 20, 2010 communications with counsel on a privilege log, in direct contravention of paragraph 2 of Pre-Trial Order No. 14 ("PTO # 14"). Although Plaintiffs' request focuses on emails involving Defendant BP's in-house counsel, the Non-Operating Investors and MOEX USA oppose any revision to the carefully considered provisions of PTO # 14 that might require them to log potentially thousands of pages of plainly privileged exchanges with or among counsel following the accident on the *Deepwater Horizon* on April 20, 2010.

The language of PTO # 14 is clear: Producing parties are not required to log privileged exchanges between their employees and their counsel after April 20, 2010:

> **Privilege log identification is *not required* for post-April 20, 2010, communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party.** In addition, neither communications between or among counsel for Plaintiffs nor communications between or among counsel for Defendants are required to be identified on the Producing Party's privilege log.

PTO # 14, ¶ 2 (emphasis added). Notwithstanding this unambiguous language, Plaintiffs now urge this Court to require BP to log an unspecified number of communications with in-house counsel. *See* March 2, 2011 Letter from PSC, at 2.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

202.373.6000
202.373.6001
bingham.com

A/74015580.2

# BINGHAM

The Honorable Sally Shushan
March 9, 2011
Page 2

This Court should reject the Plaintiffs' attempt to expand the scope of PTO # 14 and increase the attendant burden on defendants.

First, Plaintiffs mischaracterize the purpose of paragraph 2 of PTO # 14. The PSC states: "The PSC understands and agrees that Paragraph 2 of PTO # 14 was intended to eliminate the time and expense of identifying and listing voluminous and clearly privileged *post-litigation* communications with *outside* counsel on privilege logs." March 2, 2011 Letter from PSC, at 2 (emphasis added). But PTO # 14 refers to *post-incident* communications and does not distinguish between in-house or outside counsel. The voluminous and clearly privileged communications with in-house counsel following the April 20 incident, both before and after outside counsel were retained, also are excluded from the requirement to be included in a privilege log.

Second, Plaintiffs' assertion that communications with in-house counsel are categorically and necessarily different from those with outside counsel is wrong. Communications made "in order to secure legal advice" from in-house counsel are privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 394-395 (1981). *See also Whitney Nat. Bank v. Hachity*, No. Civ. A 00-2402, 2001 WL 167748, *1 (E.D. La. Feb. 16, 2001) (Shushan, Magistrate J.) (finding numerous documents from in-house counsel to be "clearly attorney-client privileged"). Plaintiffs' attempt to distinguish between these documents, and impose a new requirement to log some of them, finds no basis in their erroneous characterization of communications with in-house counsel involving legal advice.

Third, amending PTO # 14 in the manner Plaintiffs advocate would massively increase the burden on defendants. When a party invokes a claim of attorney-client privilege, Federal Rule of Civil Procedure 26(b)(5) "does not attempt to define for each case what information must be provided . . . Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be *unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories ....*" Notes of Advisory Committee on 1993 amendments to Rule 26(b)(5) (emphasis added). Other courts have recognized that requiring a document-by-document privilege log "is unreasonable and overly burdensome" when, as here, "it would be foolish to believe that very many of those documents would be other than protected by the attorney-client privilege or work product." *In re Imperial Corp. of America*, 174 F.R.D. 475, 479 (S.D. Cal. 1997).

Judge Barbier's order, as written, recognizes that there are an enormous number of post-incident, privileged communications with both in-house and outside counsel and that requiring them all to be included on a privilege log would be a

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

202.373.6000
202.373.6001
bingham.com

A/74015580.2

BINGHAM

The Honorable Sally Shushan
March 9, 2011
Page 3

significant and unwarranted burden. That burden remains undue and unreasonable even if the logging requirement is extended only to communications with in-house counsel. For many in-house attorneys, including in-house litigation counsel, virtually all of their communications about this matter would relate to the provision of legal advice. Requiring Defendants to go back and log the last 11 months of privileged communications with in-house counsel based solely on Plaintiffs' speculation that a document *might* have been improperly withheld by BP is unreasonable and unduly burdensome.[1] Consequently, Plaintiffs are just wrong when they assert that a document-by-document log is the "very least" that should be done. *See, e.g., Imperial Corp. of America*, 174 F.R.D. at 479 (requiring defendants to produce only a description of withheld documents and an affidavit concerning their privileged nature); *S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK), 1996 WL 125661, *1 (S.D.N.Y. March 20, 1996) (noting that "in appropriate circumstances, the court may permit the holder of withheld documents to provide summaries of the documents by category or otherwise to limit the extent of his disclosure" where "a document-by-document listing would be unduly burdensome[.]")

Because Plaintiffs' request to rewrite the scope of PTO # 14 would inordinately increase the burden and costs to defendants without any apparent corresponding benefit to the Plaintiffs, the Non-Operating Investors and MOEX USA request that this Court deny Plaintiffs' request.

Respectfully submitted,

Ky E. Kirby

cc: Plaintiffs' Liaison Counsel
    Defendants' Liaison Counsel

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

202.373.6000
202.373.6001
bingham.com

---

[1] This is particularly true for Defendants such as the Non-Operating Investors and MOEX USA who had no control over the post-April 20, 2010 clean-up efforts.

A/74015580.2