IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig § | | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf § | | |
| of Mexico, on April 20, 2010 § | | |
| § | | SECTION: J |
| § | | |
| This document relates to: § | | JUDGE BARBIER |
| 2:10-CV-3168 § | | MAGISTRATE SHUSHAN |

**FIRST AMENDED COMPLAINT OF BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS**

TO THE HONORABLE COURT:

Plaintiffs, Bill Francis, Tyrone Benton, and Carlos Ramos, by and through the undersigned counsel, are individuals who have suffered personal injuries and damages as a result of the explosions and fire aboard the oil rig *Deepwater Horizon* and the subsequent sinking of that rig.j

### INTRODUCTION

1.     Plaintiffs originally filed their Petition in Intervention in state court in Texas in Cause No. 2010-25245, *Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.*; in the District Court of Harris County, Texas, 234th Judicial District.  Cameron removed the case without the timely consent of the named defendants.  This Amended Complaint supplants plaintiffs' state-court Petition in Intervention.

2.     Plaintiffs have previously filed their Answer and Claims (**Document 110**) in response to the Complaint and Petition for Exoneration From or Limitation of Liability (**Document 1**) filed by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. ("The Transocean Defendants").  This Amended Complaint does not constitute a waiver or dismissal of any actions

or claims plaintiffs have asserted in their Answer and Claims to the Limitation complaint, nor do plaintiffs relinquish the right to add or assert, or seek leave to add or assert, additional claims, or name additional parties defendant, depending on further information learned through discovery or investigation.

3. Pursuant to Federal Rule of Civil Procedure 10(c), plaintiffs adopt and incorporate by reference below, certain of the allegations contained in **Document 1128** (First Amended Master Answer to Complaint and Petition of Triton Asset Leasing GmbH, et al for Exoneration From or Limitation of Liability (Rule 9(h)), First Amended Master Claim in Limitation [No. 10-2771] (Rule 9(h)), and First Amended Master Complaint, Cross-Claim, and Third Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1)["B1 Bundle"], Complaint in Admiralty, Rule 9(h) (hereafter "B1 Bundle Complaint")).

4. Plaintiffs further adopt and incorporate by reference below, certain of the allegations contained in **Document 1320** (Petitioners' Rule 14(c) Third-Party Complaint) (hereafter "Rule 14(c) Complaint").

### PARTIES

#### Plaintiffs

5. Plaintiff, Bill Francis, is a citizen of the United States of America, of lawful age, and is a resident of and domiciled in Lubbock, Lubbock County, Texas.

6. Plaintiff, Tyrone Benton, is a citizen of the United States of America, of lawful age, and is a resident of and domiciled in Jacksonville, Duval County, Florida.

7. Plaintiff, Carlos Ramos, is a citizen of the United States of America, of lawful age, and is a resident of and domiciled in Alice, Jim Wells County, Texas.

### Defendants

8. Plaintiffs name as defendants each and every defendant identified in paragraphs 210 through 250 of the B1 Bundle Complaint and in paragraphs VI through XIX of the Rule 14(c) Complaint, including: BP Exploration & Production, Inc. ("BP Exploration"); BP America Production Company ("BP America"); BP p.l.c.; Transocean Ltd. ("Transocean Ltd."); Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore"); Transocean Deepwater, Inc. ("Transocean Deepwater"); Transocean Holdings, LLC ("Transocean Holdings"); Triton Asset Leasing GmbH ("Triton"); Halliburton Energy Services, Inc.; Sperry Drilling Services (formerly Sperry Sun Drilling Services); M-I, LLC ("M-I"); Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"); Weatherford U.S. L.P. ("Weatherford"); Anadarko Petroleum Corporation Co. ("Anadarko"); Anadarko E&P Company LP ("Anadarko E&P"); MOEX Offshore 2007 LLC ("MOEX Offshore"); MOEX USA Corporation ("MOEX USA"); Mitsui Oil Exploratin Co., Ltd. ("MOECO"); and Mitsui & Co., Ltd. ("Mitsui").

9. Defendant, Oceaneering International Inc. ("Oceaneering"), is a Delaware corporation with its principal office in Houston, Texas. Defendant may be served with this Amended Complaint by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234. This Court has personal jurisdiction over Oceaneering International Inc. because Oceaneering International Inc. does business in Louisiana and in this district.

10. Triton Hungary Asset Management Limited Liability Company is a foreign corporation doing business in the State of Louisiana.

11. Triton Hungary Asset Management KFT is a foreign corporation doing business in the State of Louisiana.

## JURISDICTION AND VENUE

12. The Court's jurisdiction is based upon general maritime law and the Jones Act.

13. In addition, plaintiffs adopt and incorporate by reference, as though fully copied at length here, the jurisdictional and venue allegations contained in paragraphs 252 through 257 of the B1 Bundle Complaint and in paragraphs VI through XIX of the Rule 14(c) Complaint.

## FACTUAL ALLEGATIONS

14. On April 20, 2010, Transocean Offshore Deepwater Drilling, Inc. employed Bill Francis and Carlos Ramos as Jones Act seamen and members of the crew of a semi-submersible mobile drilling unit known as the DEEPWATER HORIZON.

15. On April 20, 2010, Oceaneering employed Tyrone Benton as a Jones Act seaman and a member of the crew of a semi-submersible mobile drilling unit known as the DEEPWATER HORIZON.

16. The Transocean Entities controlled the details of the work of Tyrone Benton's work. Transocean told the Oceaneering crew what to do.

17. The Transocean entities provided Tyrone Benton food and lodging.

18. On information and belief, The Transocean Entities provided Tyrone Benton's supplies and equipment. As a result, Tyrone Benton was The Transocean's Entities' borrowed servant.

19. Plaintiffs adopt and incorporate by reference, as though fully copied at length here, the factual allegations contained in the following paragraphs of the B1 Bundle Complaint: 29 through 103, 198 through 203, and 258 through 477.

20. Plaintiffs adopt and incorporate by reference, as though fully copied at length here, the factual allegations contained in paragraphs VI through XIX of the Rule 14(c) Complaint.

### CAUSES OF ACTION

21. All claims are governed by the general maritime law of the United States. Plaintiffs' claims against Transocean Offshore Deepwater Drilling, Inc. and Oceaneering are also governed by the Jones Act. In the further alternative, plaintiffs, reiterating and re-alleging each and every allegation set forth in this Amended Complaint and incorporated by reference from the B1 Bundle Complaint and the Rule 14(c) Complaint, as though set forth herein in *extensor*, aver the applicability of the doctrine of *Res Ipsa Loquitur*.

22. Plaintiffs adopt and incorporate by reference, as though fully copied at length here, the allegations contained in the following paragraphs of the B1 Bundle Complaint: 141 through 153, 168 through 173, 194 through 196, 570 through 613, 629 through 656, 628 through 675, and 749 through 769.

23. Plaintiffs adopt and incorporate by reference, as though fully copied at length here, the allegations in paragraphs XLII through XLVIII of the Rule 14(c) Complaint.

24. Moreover, Plaintiffs assert that Oceaneering negligently failed to provide a safe work place for Tyrone Benton.

## MAINTENANCE AND CURE

25. The Transocean Entities and Oceaneering had an absolute, non-delegable duty under the general maritime law to provide plaintiffs with maintenance and cure and found from the date plaintiffs were rendered unfit for duty until they reach maximum cure, in which they have not yet reached, subject to a credit for all amounts already paid in maintenance and cure.

26. The Transocean Entities and Oceaneering have breached their absolute duty to provide plaintiffs with maintenance and cure. As a result of Transocean's and Oceaneering's unreasonable failure to provide adequate maintenance and cure, plaintiffs are entitled to recover for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiffs would also show that they found it necessary to engage attorneys to represent them in the maintenance and cure action and they are entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to them as well as punitive damages for the willful, arbitrary and capricious denial of adequate benefits.

27. Plaintiffs have not reached maximum medical cure.

## INJURIES

28. This incident or explosion caused plaintiffs severe and permanent injuries, and they have and will continue to indefinitely suffer bodily injuries, mental anguish, distress, depression, and the loss or diminishment of enjoyment of life, wage losses and/or the impairment of earning capacity, and other damages and injuries that will be shown at trial. And, because of this incident, they will incur medical, hospital and other expenses.

29. Bill Francis is currently suffering from post-traumatic stress disorder, depression, anxiety, orthopedic injuries, and other injuries that will be shown at trial.

30. Carlos Ramos is currently suffering from post-traumatic stress disorder, depression, anxiety, orthopedic injuries, and other injuries that will be shown at trial.

31. Tyrone Benton is currently suffering from post-traumatic stress disorder, depression, anxiety, orthopedic injuries, and other injuries that will be shown at trial.

## DAMAGES

32. As a proximate and legal cause and result of the Defendants' negligence and gross negligence referenced above and the unseaworthiness of the DEEPWATER HORIZON referenced above, Plaintiffs are entitled to recover the full measure of their damages caused by this incident and which damages include the following, but not exclusively, as follows:

   a. Physical and mental injuries, pain and suffering, mental anguish, distress and fright, past and future;

   b. Loss of earnings, past and future;

   c. Loss of fringe benefits;

   d. Loss of found, past and future;

   e. Loss of earning capacity;

   f. Loss of or impairment of the enjoyment of life;

   g. Mental anguish, grief, depression, anxiety and suffering;

   h. Medical and related expenses past and future;

   i. Punitive and/or exemplary damages;

   j. Other items of damages that may be shown through discovery or at trial;

   k. All appropriate relief under the law, in admiralty, or in equity;

l.  Prejudgment interest on all sums awarded from the date of loss until paid;

m.  Post-judgment interest on all sums awarded from date of judgment until paid;

n.  Attorney's fees; and

o.  All court and litigation costs allowed by law.

### JURY REQUEST

33. Plaintiffs request a jury trial.

### PRAYER FOR RELIEF

34. Plaintiffs, Bill Francis, Tyrone Benton, and Carlos Ramos, pray that after due proceedings are had, the Court render judgment in their favor and against the defendants and their respective liability insurers, if any, for compensatory, punitive, exemplary, and other appropriate damages, together with prejudgment interest from the date of loss until paid, and for all costs of these proceedings. Finally, plaintiffs pray for such further orders and relief to which they are entitled.

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
State Bar No. 18085600
Fed I.D. No. 8877
DENNIS M. MCELWEE
State Bar No. 13587820
Fed I.D. No. 7490
ARTHUR L. SCHECHTER
State Bar No. 17735000
Fed I.D. No. 1454
3200 Travis, 3rd Floor
Houston, Texas  77006
Tel:  713-524-3500
Fax:  713-751-0412

mshaffer@smslegal.com
dmcelwee@smslegal.com
arthurschechter@gmail.com

and

PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana  70130
(504) 588-1500
(504) 588-1514          Facsimile
sterbcow@lksalaw.com

ATTORNEYS FOR PLAINTIFFS, BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS

## CERTIFICATE OF SERVICE

I certify that the above and foregoing First Amended Complaint of Bill Francis, Tyrone Benton, and Carlos Ramos will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 10th day of March, 2011.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER