IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' | MDL NO. 2179　　SECTION: J |
| *This document relates to:* 2:11-cv-00261 *Billy Coon, et al v. BP Exploration & Production, Inc. et al* | ' ' ' | JUDGE BARBIER　　MAG. JUDGE SHUSHAN |

**Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File Plaintiffs' Amended Complaint**

Subject to Plaintiffs' Motions to Remand, the Court should grant Plaintiffs Billy Coon and Carl Taylor (collectively as "Plaintiffs") leave to file their Amended Complaint so they may refine the allegations in their Complaint.

**I.**

**Facts**

Plaintiffs were severely injured in the DEEPWATER HORIZON explosion. As a result, they filed suit in Texas state court. The case was removed to federal court and Plaintiffs filed a motion to remand. While the motion was pending, the case was transferred to MDL-2179 for pre-trial proceedings. Cameron then moved to dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiffs seek leave to amend their Complaint in order to moot Cameron's arguments.

**II.**

**The Court Should Grant Plaintiffs' Motion**

"The court should freely give leave [to amend a Complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Further, "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim

is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329, 109 S.Ct. 1827, 1834 (1989).

Here, Plaintiffs simply seek to amend their Complaint in order to refine their allegations, provide additional factual support for their allegations, and moot the arguments made in Cameron's motion to dismiss. None of the defendants will be unfairly prejudiced, harmed, or surprised in any way if the motion is granted. In fact, Cameron and Halliburton do not oppose Plaintiff's motion. The motion is brought for proper purposes in good faith and will not cause undue delay. Moreover, none of the factors that traditionally weigh against granting leave (i.e undue delay, improper motives, failure to cure deficiencies in prior amendments, undue prejudice to other parties, futility, etc.) exist here. Since leave is nearly always granted in such circumstances, the Court should grant leave in this case as well.

## Conclusion

The Court should grant Plaintiffs leave to amend their Complaint.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Robert P. Wynne, # 30123
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 11, 2011.

            */s/ Kurt B. Arnold*

            _____
            Kurt B. Arnold