IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' | MDL NO. 2179<br><br>SECTION: J |
| *This document relates to:* 2:11-cv-00262 *Allen Seriale, et al v. Transocean Offshore Deepwater Drilling, Inc. et al* | ' ' ' | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

### Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint

Subject to Plaintiff's Motion to Remand, the Court should grant Plaintiff Allen Seriale ("Plaintiff") leave to file his Amended Complaint so he may refine the allegations in his Complaint.

### I.

### Facts

Plaintiff was severely injured in the DEEPWATER HORIZON explosion. As a result, he filed suit in Texas state court. The case was removed to federal court and Plaintiff filed a motion to remand. While the motion was pending, the case was transferred to MDL-2179 for pre-trial proceedings. Cameron then moved to dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff seeks leave to amend his Complaint in order to moot Cameron's arguments.

### II.

### The Court Should Grant Plaintiff's Motion

"The court should freely give leave [to amend a Complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Further, "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim

is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329, 109 S.Ct. 1827, 1834 (1989).

Here, Plaintiff simply seeks to amend his Complaint in order to refine his allegations, provide additional factual support for his allegations, and moot the arguments made in Cameron's motion to dismiss. None of the defendants will be unfairly prejudiced, harmed, or surprised in any way if the motion is granted. In fact, Cameron and Halliburton do not oppose Plaintiff's motion. The motion is brought for proper purposes in good faith and will not cause undue delay. Moreover, none of the factors that traditionally weigh against granting leave (i.e undue delay, improper motives, failure to cure deficiencies in prior amendments, undue prejudice to other parties, futility, etc.) exist here. Since leave is nearly always granted in such circumstances, the Court should grant leave in this case as well.

## Conclusion

The Court should grant Plaintiff leave to amend his complaint.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Robert P. Wynne, # 30123
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 11, 2011.

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold