UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NUMBER 2179  SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | |
| 02:10-CV-1196 | MAGISTRATE JUDGE SHUSHAN |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OF MICHELLE M. JONES IN OPPOSITION TO
TRANSOCEAN LTD'S RULE 12(b)(6) MOTION TO DISMISS
COMPLAINTS IN MDL NO. 2179 IN WHICH IT HAS BEEN NAMED
ON THE GROUND OF LACK OF PERSONAL JURISDICTION**

**MAY IT PLEASE THE COURT:**

Defendant's effort to dismiss Plaintiff Michelle M. Jones's claim against Transocean Ltd. ("Transocean") for lack of personal jurisdiction is misplaced and premature.  Louisiana law authorizes the exercise of personal jurisdiction to the limits of due process.  Such due process safeguards require that (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice."[1]  The "minimum contacts" inquiry is fact intensive and no one element is determinative.[2]  Instead, the primary consideration is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" or whether jurisdiction over the defendant would be solely as a result of "random, fortuitous, or attenuated contacts."

---

[1] See *Choice Healthcare, Inc. v. Kaiser Found Health Plan of Colorado*, 615 F.3d 364, 367 (5th Cir. 8/11/10) (citing *Mink v. AAAA Dev., L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999).

[2] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 11/9/09).

Because analyzing personal jurisdiction is a fact-intensive inquiry, plaintiffs are generally allowed jurisdictional discovery to assist in their defense of a motion to dismiss based on lack of personal jurisdiction.[3]

Accordingly, Transocean LTD's effort to dismiss Plaintiff's claims against it for lack of personal jurisdiction is premature. Plaintiff, therefore, asks this Court to defer any decision on this matter until personal jurisdiction discovery has been completed.

Aside from discovering Transocean's own "minimum contacts" within the forum, personal jurisdiction discovery is particularly important as Transocean is the parent company of several defendant subsidiaries. The United States Court of Appeal for the Fifth Circuit has set out particular factors to be considered in deciding whether a parent company can be held amenable to personal jurisdiction because of the acts of a subsidiary.[4] These factors include: (1) amount of stock owned by the parent of the subsidiary, (2) whether the two corporations have separate headquarters, (3) whether they have common officers and directors, (4) whether they observe corporate formalities, (5) whether they maintain separate accounting systems, (6) whether the parent exercises complete authority over general policy, and (7) whether the subsidiary exercises complete authority over daily operations.[5] These issues were not sufficiently addressed in Transocean's Motion to Dismiss.

Before making a personal jurisdiction determination, therefore, Plaintiff should be allowed to propound discovery on Transocean LTD to determine both Transocean's "minimum contacts" and whether its subsidiaries' contacts in Louisiana are attributable to Transocean.

---

[3] See *Dykes v. Maverick Motion Picture Group, L.L.C.*, No. 08-536, 2010 WL 4181448 at *1 (M.D. La. 10/20/10).

[4] *Dickson Marine Inc. v. Panapina, Inc.*, 179 F.3d 331, 338-39 (5th Cir. 1999).

[5] See *Id.* (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808)
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana  70801-1910
Telephone:  225/344-3735
Facsimile:  225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2011, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Don K. Haycraft, James P. Roy and Stephen J. Herman by operation of the court's electronic filing system and to all counsel of record through the Lexis Nexis File & Serve.

*s/John W. deGravelles*
**JOHN W. deGRAVELLES**