UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION:  J |
| | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: 2:10-cv-03168 | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
RESPONSE TO HALLIBURTON'S MOTION TO DISMISS**

Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield and Dominique Ussin, by and through undersigned counsel, file this Memorandum in Support of Their Response to Halliburton's Motion to Dismiss.[1]

### Argument

**I.  Halliburton's Motion is Moot.**

On March 4, 2011, Plaintiffs filed an amended petition amending their contentions against the various parties and adding certain other parties. The amended filing moots Halliburton's motion.

**II.  The Court Should Deny Halliburton's Motion.**

A.  <u>Plaintiffs did not assert certain claims that Halliburton attacked</u>.

Plaintiffs did not assert the following claims against Halliburton:

---

[1] Plaintiffs file this without waiver of any prior or future filings, defenses, or arguments. See Doc 1522 at pages 1-2.

- Jones Act
- Maintenance and cure
- Unseaworthiness

Indeed, Plaintiffs' case is not listed on pages 6, 7, 9 and 10 of Halliburton's motion, which list cases that purportedly pled the above-referenced claims. While Plaintiffs cannot foresee any basis to assert these claims in the future, to the extent a factual basis develops that would permit Plaintiffs to plead them, Plaintiffs will assert them and seek leave of Court if leave is required. These legal issues can be debated at that time.

Plaintiffs also did not assert a *res ipsa loquitur*. As a result, there is no basis to grant this portion of Halliburton's motion. In Plaintiffs' recently-filed amended complaint, they assert this allegation, which can be dealt with in due course.

B.   <u>Plaintiffs sufficiently alleged their claims against Halliburton</u>.

Plaintiffs agree with Halliburton (Motion at 11) that it is their burden in federal court to allege sufficient facts suggesting the plausibility of their legal conclusion that Halliburton is somehow responsible for their injuries. Plaintiffs plainly satisfied that standard and Halliburton completely ignores the facts Plaintiffs pled.

| **Halliburton's Argument** | **The Reality/Plaintiffs' Allegations[2]** |
|---|---|
| Halliburton argues that: "Plaintiffs do not plead *any* facts supporting their claims against HESI or *any* facts as to their purported personal injuries." Motion at 12 (emphasis in orginal). | Plaintiffs alleged that: "Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion." |
| | "MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion." |

Plaintiffs then listed very specific allegations why Halliburton was negligent:

"Halliburton was negligent in the following non-exclusive particulars:

---

[2] Each intervenor filed his own intervention. Their allegations against Halliburton were the same.

  a. Failing to properly set cement plugs;

  b. Failing to maintain pressure during cement operation;

  c. Failing to use adequate material for cement services;

  d. Failing to follow industry protocol and procedures for setting cement plugs;

  e. Failing to prevent escape of gas or combustible hydrocarbons to the surface;

  f. Attempting to carry out drilling operations with substandard and defective cement casing; and

  g. Other acts of negligence which will be shown more fully at trial."

Halliburton's contention that "Plaintiffs fail[ed] to plead any facts suggesting the plausibility of their claims against [Halliburton]" (Motion at 14) does not withstand scrutiny. Plaintiffs' claims are neither vague (Motion 15), non-specific (Motion at 14), nor dress-up legal conclusions (Motion at 13). Instead, they specifically alleged how Halliburton's cementing operations allowed gas to escape. Each intervention also specifically stated that the negligence caused injuries and damages, which are detailed by category. The Court should deny Halliburton's motion.

C.  <u>Punitive damages are available</u>.

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S. Ct. 2605 (U.S. 2008) established a punitive damages under general maritime law. While it was in the context of a non-personal injury case, it should be applied here considering it recognized that "'it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.'" *Id.* at 523 (Scalia, J., concurring).

*Atl. Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009) also identifies a trend that punitive damages are available in maritime cases.

To be sure, this issue will be dealt with in the future. The Court should decline addressing this issue now.

## **Conclusion**

For the foregoing reasons, the Court should deny Halliburton's motion.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*/s/ R. Todd Elias*

_____
R. Todd Elias
Federal:           21551
Texas Bar No.:     00787427
Steve Gordon
Texas Bar No. :    08207980
Jeff Seely
Texas Bar No.:     24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:         713-668-9999
Facsimile:         713-668-1980

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Memorandum in Support of Plaintiffs' Response to Halliburton's Motion to Dismiss will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 11th day of March, 2011.

*/s/ R. Todd Elias*

_____
R. Todd Elias