# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : : : : : : : | MDL NO. 2179 |
| | | SECTION J |
| | | MAG. (1) |
| This Document Relates to: | | |
| | | JUDGE BARBIER |
| 2:11-cv-00275-CJB-SS | | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**MOEX OFFSHORE 2007 LLC'S COMPLAINT IN INTERVENTION**

Intervenor MOEX Offshore 2007 LLC ("MOEX"), files its Complaint in Intervention against Plaintiffs Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to policies purchased by Transocean Ltd. (collectively "Lloyd's"[1]), and would respectfully show:

**Introduction**

1. This is an insurance coverage dispute seeking a declaratory judgment and further relief pursuant to 28 U.S.C. § 2201, *et seq.* and FED. R. CIV. P. 57 concerning the parties' respective rights and obligations under certain insurance policies purchased by Transocean Limited ("Transocean") from Lloyd's (the "Lloyd's Policies").

2. MOEX timely provided a notice of loss by which it sought insurance coverage as an insured under the Lloyd's Policies for losses suffered in connection with the April 20, 2010

---

[1] For the purposes of this Complaint, "Lloyd's" shall refer to all Transocean excess insurers identified in Exhibit A to the Lloyd's Complaint, filed on May 21, 2010 in Civil Action No. 4:10-CV-01823 in the United States District Court for the Southern District of Texas, Houston Division [Doc. #1].

blowout at the Macondo Well.  MOEX has yet to receive either an acceptance or a denial of coverage from Lloyd's.  On information and belief, MOEX anticipates Lloyd's will take the position that it is not obligated to indemnify MOEX for any losses under the Lloyd's Policies, just as Lloyd's has denied coverage to BP Exploration and Production, Inc. ("BP"), one of MOEX's "co-owners" of the leasehold containing the Macondo Prospect.  If, however, MOEX must continue to await a decision on coverage from Lloyd's, then the proceeds of the Policies may be exhausted by payments on behalf of other insureds before MOEX ever has a chance to fully assert or protect its rights.  MOEX hereby seeks to intervene in this action to assert and protect its own rights to coverage, to seek a judicial declaration as to the meaning of the Lloyd's Policies, and to request further relief under 28 U.S.C. § 2202.

3. The Lloyd's Policies at issue in this action were purchased by non-party Transocean. Pursuant to a drilling contract among Transocean (and/or its predecessors, affiliates or subsidiaries) and BP (and/or its predecessors, affiliates or subsidiaries), BP and the other "co-owners" of the leasehold containing the Macondo Prospect (including MOEX, Anadarko Petroleum Corporation and Anadarko E&P Company LP) are required to be added as additional insureds under the Lloyd's Policies.  As a result of the blowout of the Macondo Well, MOEX is a target of numerous claims, demands, and lawsuits, including claims for bodily injury, property damage, well control expenses, environmental remediation expenses, and natural resource damages under various statutory or common law liability schemes.  In addition, BP has demanded reimbursement from MOEX pursuant to the Macondo Prospect Offshore Deepwater Operating Agreement.

2

4. To date, MOEX has reserved all of its rights and defenses pending the completion of numerous ongoing investigations. However, because MOEX has incurred significant costs associated with the defense of the allegations in these claims, demands and lawsuits, and because billions of dollars are being sought, MOEX demands coverage as provided under the Lloyd's Policies.

5. Other putative insureds claim an interest in the proceeds of the Lloyd's Policies and have asserted claims for coverage. Accordingly, MOEX is asking this Court to order that any further distribution of the proceeds of the Lloyd's Policies be stayed until MOEX's status and rights as an insured are finally determined under the Lloyd's Policies.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and/or 28 U.S.C. § 1333.

7. On February 10, 2011, the United States Judicial Panel on Multidistrict Litigation ("JPML") determined that under 28 U.S.C. § 1407 it was proper to transfer this action from the Southern District of Texas to this District for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL No. 2179.

## Parties

8. MOEX is a Delaware limited liability company with its principal place of business in Houston, Texas. Effective October 1, 2009, BP and MOEX entered into a Lease Exchange Agreement whereby MOEX acquired a 10% interest in Lease OCS-G 32306 covering Mississippi Canyon Block 252. That block contains the Macondo Prospect and the Macondo Well. BP and MOEX also entered into an agreement entitled the Macondo Prospect Offshore

3

Deepwater Operating Agreement "to explore, appraise, develop, and operate [the Macondo Prospect] for the production of Hydrocarbons."

9. Lloyd's includes insurers that have issued or severally subscribed to the Lloyd's Policies that constitute various layers of excess liability insurance. The Lloyd's Policies provide coverage in excess of the limits afforded under a policy issued by Ranger Insurance Limited. By filing this action, Lloyd's has submitted to the jurisdiction of this Court.

10. Defendants BP plc, BP Exploration and Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited are corporations with their principal places of business in the state of Texas and they have submitted to the jurisdiction of this Court. Various BP entities have been identified as responsible for clean-up costs and/or named as defendants in various lawsuits brought by third parties for alleged damages to their persons or properties.

**Factual Allegations**

11. On or about December 9, 1998, Transocean entered into an agreement (the "Drilling Contract") with BP America Production Company in which Transocean agreed to commission the Deepwater Horizon oil rig and lease the completed rig to BP for drilling, completing, testing, and remedial operations and support operations on a well in the federal waters of the Gulf of Mexico.

12. The Drilling Contract required Transocean to obtain liability insurance and mandated that "[BP], its subsidiaries and affiliated companies, co-owners, and joint venturers, if any, and their employees, officers, and agents shall be named as additional insureds in each of

4

[Transocean's] policies . . . for liabilities assumed by [Transocean] under the terms of this Contract."

13.     MOEX, as a co-owner of the leasehold containing the Macondo Prospect, is a party to whom Transocean is obliged to provide liability coverage.

14.     To comply with its obligations under the Drilling Contract, Transocean purchased certain insurance policies, including the Lloyd's Policies at issue in this action.  The Lloyd's Policies extend coverage to MOEX as an additional insured.  Endorsement 1 of the Lloyd's Policies provides that "[w]here required by written contract . . . additional insureds are automatically included hereunder . . . ."  *See* Lloyd's Policies at 80.[2]

15.     Endorsement 4 of the Lloyd's Policies likewise extend coverage to MOEX, defining "Insured," in relevant part, as:

> [A]ny person or entity to whom [Transocean] is obliged by any oral or written "Insured Contract" . . . entered into before any relevant "Occurrence", to provide insurance such as is afforded by this Policy;

*Id.* at 101.  The definition of "Insured" also includes any "person or organization, other than the Named Insured, included as an additional insured in the policies listed in the Schedule of Underlying [Insurance]."  *Id*.

16.     An "Insured Contract" is any agreement entered into by Transocean and pertaining to business under which Transocean assumes the tort liability of another party to pay for "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising Injury" to a "Third Party" or organization.

---

[2]  All references to the Lloyd's Policies are to the first layer of several layers of excess insurance.  On information and belief, the language in the higher-level excess policies is substantively the same.

17. As used in the Lloyd's Policies, "Tort Liability" means "liability that would be imposed by law in the absence of any contract or agreement."

18. An "Occurrence" for purposes of the Lloyd's Policies is defined as:

> [A]n accident, including continuous and repeated exposure to substantially the same general harmful conditions which results in "Bodily Injury", "Property Damage", "Personal Injury" or "Advertising Injury", none of which was expected nor intended by the "Insured" other than for the purpose of protecting persons or property from harm.

19. The Lloyd's Policies also provide that they are governed by Texas law.

20. Significant liabilities have been asserted in the aftermath of the blowout of the Macondo Well, including claims for wrongful death, personal injuries, property damage, clean-up costs and other asserted liabilities. MOEX has had to retain counsel to defend itself against these claims, and is expected to continue incurring the substantial costs of that defense well into the future.

21. BP has paid the initial costs associated with the blowout of the Macondo Well, but BP has demanded that MOEX bear 10% of those costs (a percentage corresponding to MOEX's ownership interest in the leasehold containing the Macondo Prospect).

22. BP provided Lloyd's with a notice of claim on or about May 14, 2010, after which Lloyd's initiated a declaratory judgment action in the Southern District of Texas, case number 4:10-CV-01823, seeking a declaration that:

(1) BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from the Macondo Well;

(2) the additional insured status in the Drilling Contract therefore does not extend to the pollution liabilities BP has incurred and will incur with respect to oil emanating from the Macondo Well;

  (3) Lloyd's has no additional insured obligation to BP under the Lloyd's Policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from the Macondo Well; and

  (4) BP is not entitled to coverage under the Lloyd's Policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from the Macondo Well.

  23. Lloyd's alleges that "Exhibit 'C,' Section 3 of the drilling contract states that BP is an additional insured under the policy issued or subscribed by [Lloyd's] only 'for liabilities assumed by Transocean under the terms of this Contract.' *i.e.*, above land/water surface pollution from substances in Transocean's possession. Because the liabilities BP faces for pollution emanating from BP's well are from below the surface and from BP's well, those liabilities are not within the scope of the additional insured protection." Lloyd's Complaint ¶ 15.

  24. Upon information and belief, the plain language of the additional insured provision in the Lloyd's Policies contains no such limitation. To the contrary, the additional insured provision adds "any person or entity to whom [Transocean] is obliged by any oral or written [contract] . . . to provide insurance such as is afforded by this Policy."

  25. As a co-owner of the leasehold containing the Macondo Prospect, the additional insured provision of the Lloyd's Policies independently extends coverage to MOEX. MOEX's status as additional insured is not circumscribed by Transocean's indemnification obligations under the Drilling Contract.

  26. MOEX provided Lloyd's with notice of its rights to coverage under the Lloyd's Policies on October 26, 2010. As of the date of filing of this Complaint in Intervention, Lloyd's has neither accepted nor rejected MOEX's claim for coverage. As a result, if MOEX is forced to

continue waiting for a decision, the proceeds of the Lloyd's Policies may be completely exhausted before MOEX receives a determination on coverage.

## Count I – Declaratory Judgment and Further Relief Against Lloyd's

27. MOEX incorporates by reference each of the allegations set forth in paragraphs 1 through 26 above as if expressly set forth herein.

28. An actual and justiciable controversy exists between MOEX and Lloyd's with respect to the parties' respective rights and obligations under the policies, and a declaratory judgment in this action will terminate some or all of the parties' controversy.

29. Upon information and belief, other parties (including Transocean and BP) have asserted rights to coverage under the Lloyd's Policies and Lloyd's has denied some of those requests but is evaluating others for possible payment. There is a substantial risk that the proceeds of the Lloyd's Policies will be partially or entirely exhausted by payments to, or on behalf of, parties other than MOEX. Transocean, BP and other similarly situated parties who have an interest in having their insurance claims paid on a "first come, first served" basis are simultaneously seeking the proceeds of the Lloyd's Policies. The limits of the Lloyd's Policies are likely to be greatly exceeded by the aggregate value of the claims by and against Transocean and the other putative insureds. These parties do not adequately represent MOEX as they are not pursing coverage on MOEX's account. As a result, MOEX will likely be prejudiced unless there is a reasonable, fair and equitable apportionment of the rights to, and proceeds of, the Lloyd's Policies prior to a depletion those limits by payment of covered losses.

30. Pursuant to 28 U.S.C. §§ 2201 and 2202, MOEX seeks the following declarations and further relief:

(a) MOEX is entitled to coverage under the Lloyd's Policies as an Insured and/or an Additional Insured;

(b) The Lloyd's Policies do not restrict additional insured coverage only to liabilities assumed by Transocean under the terms of the Drilling Contract;

(c) MOEX is entitled to coverage under the Lloyd's Policies for losses and liabilities MOEX has incurred and may incur with respect to the April 2010 blowout of the Macondo Well and the aftermath of that event;

(d) MOEX is entitled to a reasonable, fair and equitable portion of the proceeds of the Lloyd's Policies as shall be determined by the Court;

(e) Lloyd's owes a duty to MOEX to minimize the magnitude of any claim or judgment against MOEX.

(f) Lloyd's must not settle, compromise, adjust or otherwise deplete the limits of coverage under the Lloyd's Policies without a reasonable, fair, and equitable accounting for MOEX's claims and/or rights under the Lloyd's Policies, in light of Lloyd's duty of good faith and fair dealing to each insured.

## Prayer For Relief

MOEX seeks the declaratory and further relief set forth above as well as any other relief to which it may be legally entitled.

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Vincent E. Morgan*
Vincent E. Morgan
Texas Bar No. 24027529
Southern District of Texas ID 30181
Amy P. Mohan
Texas Bar No. 24051070
909 Fannin, Suite 2000
Houston, Texas  77010
Telephone:    713.276.7600
Facsimile:    713.276.7676
vince.morgan@pillsburylaw.com
amy.mohan@pillsburylaw.com

9

Peter M. Gillon
District of Columbia Bar No. 384995
Geoffrey J. Greeves, T.A.
District of Columbia Bar No. 463035
James P. Bobotek
District of Columbia Bar No. 458375
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC 20037-1122
Telephone:    202.663.8000
Facsimile:    202.663.8007
peter.gillon@pillsburylaw.com
geoffrey.greeves@pillsburylaw.com
james.bobotek@pillsburylaw.com

### CERTIFICATE OF SERVICE

I certify that on March 11, 2011, a copy of the above and foregoing **MOEX OFFSHORE 2007 LLC'S COMPLAINT IN INTERVENTION** has been filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Vince E. Morgan*
Vincent E. Morgan