UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION:  J |
| | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: 2:10-cv-03168 | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO CAMERON'S MOTION TO DISMISS**

Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield and Dominique Ussin, by and through undersigned counsel, file this Memorandum in Support of Their Response to Cameron's Motion to Dismiss.[1]

### Argument

**I.     Cameron's Motion is Moot.**

On March 4, 2011, Plaintiffs filed an amended petition amending their contentions against the various parties and adding certain other parties. The amended filing moots Cameron's motion.

**II.    Incorporation of Pending Motion to Remand and Other Briefing.**

On October 18, 2010, Plaintiffs filed a motion to remand **(Doc. 560)**. Pursuant to Doc. 676, Cameron's response is not due. Plaintiffs incorporate their

---

[1] Plaintiffs file this without waiver of any prior or future filings, defenses, or arguments. See Doc. 1522 at pages 1-2

Motion to Remand (Doc. 560), their yet-to-be filed reply, their original motion to remand filed in Civil Action No. 4:10-cv-01851 (Doc. 25), and their reply in that case (Doc. 45). Various other individual plaintiffs will also respond to Cameron's motion in their cases. To the extent those plaintiffs take the position that general maritime law governs their claims, Plaintiffs adopt their arguments. Plaintiffs specifically incorporate the arguments made by John W. deGravelles in his response. (Doc. 1575)

**III. The Court Should Deny Cameron's Motion.**

    A. <u>The OCSLA does not apply</u>

Plaintiffs will not belabor this argument because the Court has already ruled that the OCSLA applies. However, simply because the riser was connected to the sea floor does not mean that the OCSLA governs this case.

    B. <u>The Court, at least implicitly, has found that maritime law governs</u>.

This Court has set a bench trial to determine liability and apportion liability pursuant to Fed. R. Civ. P. 14(c). That is recognition, at least implicitly, that the Court views the claims as maritime claims.

    C. <u>General maritime law applies</u>.

A court has maritime jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has a "potentially disruptive impact on maritime commerce", and (3) the general character of the incident bears a "substantial

relationship to traditional maritime activity." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). In determining whether maritime law governs a claim, the Fifth Circuit has held that "[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc); *see also Coats v. Penrod Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995) (en banc) (holding that injury to worker aboard a jack up drilling rig was governed by maritime law); *Parks v. Dowell Div. of Dow Chemical Corp.*, 712 F.2d 154, 157 (5th Cir. 1983) (finding that the vessel's "function was to aid the discovery, recovery, and sale of oil and material gas from the sea bottom. We have found such activity to be maritime in character.").

The tort, here, occurred on navigable waters on a vessel. *Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665, 669 (5th Cir. 2006) (noting that a vessel that is attached to the seabed and not "under sail" is still a vessel). This should end the Court's analysis under the *Grand Isle Shipyard* test. Moreover, the *Grubart* test is satisfied because the tort occurred on navigable waters, it can hardly be disputed that a vessel blowing up on navigable waters had the potential to cause a disruption in maritime commerce, and the accident bears a substantial

connection to a maritime activity because injuries aboard vessels are maritime torts.

The only question that Cameron truly debates under *Grubart* is whether there was a substantial connection to a maritime activity. In *Strong*, BP asserted that failing to provide a safe workplace on a vessel was a maritime activity. *Id.* ("B.P. asserts that failing to provide a safe workplace on a vessel is a traditional maritime tort."). The Fifth Circuit accepted B.P.'s argument. *Id.* ("We agree with B.P. that failing to provide a safe workplace aboard a vessel is a maritime tort."). *Strong* controls and it is unclear why Cameron did not cite it. Moreover, the Fifth Circuit found in *Parks* that "the discovery, recovery, and sale of oil and material gas from the sea bottom" is a traditional maritime activity. *Parks*, 712 F.2d at 157. The Court reached the same conclusion in *Theriot*. *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538-39 (5th Cir. 1986) ("Oil and gas drilling on navigable waters aboard a vessel is recognized to be maritime commerce."). It is telling that Cameron did not cite *Parks or Theriot*. Plaintiffs respectfully requests that the Court follow *Strong*, *Parks*, and *Theriot* and find that general maritime governs their claims. To the extent that the Court determines that Plaintiffs' claims against certain Defendants are non-maritime claims, the Court should also follow Judge Fallon's reasoning in *Duet v. Falgout Offshore, LLC*, 2010 WL 1817766 (E.D. La. 2010), which found, among many other things:

- that "[e]mploying a captain on a vessel and allegedly failing to furnish a safe workplace upon that vessel constitute activities with a substantial relationship to maritime activity," citing *Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665, 669-670 (5th Cir. 2006); *Green v. Vermillion Corp.*, 144 F.3d 332, 336 (5th Cir. 1998); and

- even if only a single defendant was engaged in a maritime activity, claims against defendants engaged in a non-maritime activity are governed by general maritime law, citing *Scarborough v. Clemco Industries*, 391 F.3d 660, 665-66 (5th Cir. 2004).

## Conclusion

For the foregoing reasons, the Court should deny Cameron's motion.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*/s/ Steve Gordon*
_____
Steve Gordon
Texas Bar No. :        08207980
R. Todd Elias
Federal:               21551
Texas Bar No.:         00787427
Jeff Seely
Texas Bar No.:         24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:             713-668-9999
Facsimile:             713-668-1980

## **CERTIFICATE OF SERVICE**

 I certify that the above and foregoing Memorandum in Support of Plaintiffs' Response to Cameron's Motion to Dismiss will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 11th day of March, 2011.

/s/ *Steve Gordon*

_____
Steve Gordon