IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J |
| *This document relates to: 2:10-cv-4427*<br>*Kritzer, et al v. Transocean, et al* | ' ' | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## Kritzer Plaintiffs' Response to Halliburton Energy Services, Inc.'s Motion to Dismiss Plaintiffs' Petitions for Failure to State a Claim Under Rule 12(b)(6)

Defendant Halliburton Energy Services, Inc. ("Halliburton" or "HESI") has moved to dismiss several cases asserted by various plaintiffs who were injured or killed in the April 20, 2010 disaster. Most of the grounds do not address the Kritzer Plaintiffs'[1] petition. Other grounds will surely be moot assuming Plaintiffs' are granted leave to file their Amended Complaint. The remaining grounds should be rejected since they are based on a misunderstanding of the law. Plaintiffs will briefly outline Halliburton's arguments and then respond in more detail below to the grounds that apply to Plaintiffs. Halliburton claims:

1. "Plaintiffs cannot state a legally viable Jones Act claim against HESI" – none of the Kritzer Plaintiffs are claiming Halliburton was their Jones Act employer[2] so this argument does not apply to the Kritzer Plaintiffs;

2. "Plaintiffs asserting maintenance and cure claims cannot state a legally viable claim against HESI" – none of the Kritzer Plaintiffs are seeking maintenance and cure against Halliburton[3] so this argument does not apply to the Kritzer Plaintiffs;

3. "Plaintiffs cannot articulate legally viable unseaworthiness claims as to HESI because it was not the owner of the vessel at issue" – none of the Kritzer Plaintiffs are seeking

---

[1] The Kritzer Plaintiffs include Joshua Kritzer, Bill Johnson, Rhonda Burkeen, Nick Watson, Heith Lambert, Coby Richard, Brett Guillory, Dustin Johnson, Stenson Roarke, Denise Arnold, Jacquelyn Duncan, Cathleenia Willis, Frank Ireland, and Darren Costello. Their cases are pending in Cause No. 2:10-cv-4427.
[2] The lone exception is Cathleenia Willis, but she has not sued Halliburton.
[3] The lone exception is Cathleenia Willis, but she has not sued Halliburton.

to hold Halliburton liable for breaching the warranty of seaworthiness so this argument does not apply to the Kritzer Plaintiffs;

4. "The Court should dismiss Plaintiffs' claims against HESI because their complaints fail to contain sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face" – any complaint Halliburton has regarding the factual support for the Kritzer Plaintiffs' allegations would be mooted by Plaintiffs' Amended Complaint;

5. "Plaintiffs' claims against HESI for nonpecuniary and punitive damages are not legally viable under the Jones Act or general maritime law" – Halliburton is simply wrong on this issue and confuses the damages that are available to *personal injury* plaintiffs (who survive) with the damages that are available to *wrongful death* plaintiffs;

6. "The Court should dismiss Plaintiffs' claims against the HESI Defendants for *res ipsa loquitor* because it is not a legally viable cause of action" – none of the Kritzer Plaintiffs have asserted *res ipsa loquitor* so this argument does not apply to the Kritzer Plaintiffs;

7. "The Court should dismiss Plaintiffs' claim for products liability against HESI because Plaintiffs failed to allege any facts in support of such claims" – the Kritzer Plaintiffs are not currently[4] asserting products liability claims against Halliburton so this argument does not apply to the Kritzer Plaintiffs;

8. "The Court should dismiss Plaintiffs' gross negligence and recklessness claims against HESI because they failed to allege any facts in support of such claims" – any complaint Halliburton has regarding the factual support the Kritzer Plaintiffs' allegations will mooted by Plaintiffs' proposed Amended Complaint;

9. "Plaintiffs' strict liability claims against HESI for an ultra hazardous condition should be dismissed because they do not state a legally viable clam" – Plaintiffs are not currently seeking to hold Halliburton liable under this cause of action so this argument does not apply to the Kritzer Plaintiffs;

10. "Plaintiffs do not have a legally viable claim for intentional infliction of emotional distress" – Plaintiffs are seeking to hold Halliburton liable for intentional infliction of emotional distress so this argument does not apply to the Kritzer Plaintiffs;

11. Burkeen and Roshto "lack standing to sue under the Jones Act, DOHSA or the general maritime law" – As for Burkeen, her allegations are sufficient. However, any colorable argument that they are not will be mooted if Burkeen is granted leave to file

---

[4] As discovery proceeds, the Kritzer Plaintiffs may seek to amend their Complaint to add products liability claims at a later date.

Plaintiffs' Amended Complaint. Halliburton's arguments regarding Roshto are based on an incorrect understanding of the law that will govern her claim.

12. "The Court should dismiss Plaintiffs' claims against Sperry-Sun Drilling Services, Inc. because there is no legally viable cause of action against a terminated entity" – Plaintiffs' proposed Amended Complaint deletes all allegations against Sperry-Sun Drilling. As such, Plaintiffs have no opposition to dismissing this entity without prejudice;

13. Plaintiffs claims against Halliburton Company should be dismissed under Rule 12(b)(2) because the Court lacks personal jurisdiction over Halliburton Company" – this argument does not apply to the Kritzer Plaintiffs' Complaint.

Only the 4th, 5th, 8th and 11th grounds for dismissal apply to the Kritzer Plaintiffs. The 5th and 8th grounds address the factual support for Plaintiffs' negligence and gross negligence claims against Halliburton. While Plaintiffs believe their live Complaint is sufficient to survive a Rule 12(b)(6) motion, their proposed Amended Complaint surely meets the relevant pleading standards. Accordingly, if the Court grants Plaintiffs' motion for leave to amend their Complaint, these grounds will be moot. As for Halliburton's 4th and 11th grounds, the Court should deny Halliburton's motion because Halliburton's arguments are based on incorrect legal reasoning.

## I.

## The Court Should Deny Halliburton's Motion to Dismiss

**A.    Plaintiffs' live Complaint contains sufficient factual support to survive a Rule 12(b)(6) motion**

Last month, this Court properly stated the standard that applies when analyzing a Rule 12(b)(6) motion:

> Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v.*

> *Broudo,* 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).
>
> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F .3d 228, 232-33 (5th Cir.2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949-50.

*Wright v. Shell Offshore, Inc.*, 2011 WL 690530 (E.D. La. Feb. 17, 2011) (Barbier, J.)

Here, Plaintiffs made several specific allegations about Halliburton's negligence and gross negligence. Ex. A (Plaintiffs' Fifth Amended Petition) at ¶¶ 31, 32(a),(b), (c), (h), and (k), and 35. However, to the extent the Court or Halliburton feels these allegations are too vague to survive *Iqbal*, the allegations in Plaintiffs' proposed Amended Complaint surely satisfy Rule 8 and 12(b)(6)'s standards. Ex. B (Plaintiffs' proposed Amended Complaint) at ¶¶ 30, 31, 32, 34, and 36. Consequently, the Court should reject Halliburton's "factual plausibility" arguments.

### B. The Jones Act and general maritime law allow plaintiffs who suffer nonfatal personal injuries to recover non-pecuniary damages

Halliburton correctly notes that, in wrongful death and survival claims, neither the Jones Act nor the general maritime law allow recovery for non-pecuniary damages. This argument is not controversial.[5] However, Halliburton incorrectly goes on to argue that

---

[5] While this is a correct statement of law, Denise Roshto denies that the Jones Act, general maritime, or DOHSA apply to her claims *against Halliburton*. To the extent OCSLA applies to claims against Halliburton, OCSLA

4

"Jones Act seamen cannot recover nonpecuniary damages under the Jones Act or general maritime law for [nonfatal] personal injury." Doc. #1195 at pg. 17. In order to support this novel proposition, Halliburton <u>only</u> cites wrongful death cases and personal injury cases *involving loss of society/consortium claims brought by spouses and children*. Yet, none of the spouses or children of the Kritzer Plaintiffs who survived the explosion are asserting claims. Consequently, Halliburton's cases are wholly inapplicable.

In contrast, there is a long history of courts awarding non-pecuniary damages against Jones Act employers and third parties in nonfatal, personal injury cases. *See Crouch v. Cro-Marine Transport, Inc.*, 44 F.3d 319, 323 and 328 (5th Cir. 1995) (awarding general maritime plaintiff $1.15 million in non-pecuniary damages); *Michel v. Total Transp., Inc.¸* 957 F.2d 186, 188 n.1 (5th Cir. 1992) (affirming award of $250,000 in non-pecuniary damages for a Jones Act seaman); *Boyle v. Pool Offshore Co.*, 893 F.2d 713, 718-19 (5th Cir. 1990) (awarding general maritime plaintiff $195,910 in non-pecuniary damages); *Cenac Towing, Inc. v. Neal*, 2008 WL 2623001 at * 7 (E.D. La July 1, 2008) (Barbier, J.) (awarding $350,000 in non-pecuniary damages to an injured seaman); *Weeks Marine, Inc. v. Bowman*, 2006 WL 2178514 at * 4 (E.D. La July 28, 2006) (holding that maintenance and cure plaintiff was "entitled to compensatory damages for pain and suffering and mental anguish."). Even the Fifth Circuit's Pattern Jury Instructions instruct juries in Jones Act cases to consider non-pecuniary elements of damage such as "physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and

---

would borrow Mississippi law since Mississippi is the "adjacent" state. Punitive damages are recoverable in wrongful death cases under Mississippi law.

feelings of economic insecurity caused by disability." PATTERN JURY INSTRUCTION 4.8. Against this backdrop, one district court faced with the same argument that Halliburton makes followed "the parade of Fifth Circuit opinions that properly classifies [non-pecuniary damages] as recoverable," in nonfatal Jones Act personal injury actions. *Schwartz v. Neches Gulf Marine, Inc.,* 67 F.Supp.2d 698, 701 (S.D. Tex. 1999), *overruled on other grounds by Dunham v. Expro Americas, Inc.*, 423 F.Supp.2d 664 (S.D. Tex. 2003). The court went on to note that, "[i]n light of the mountain of authority supporting recovery for pain and suffering, mental anguish, and loss of enjoyment of life in a nonfatal Jones Act personal injury case," the plaintiff could recover those damages under the general maritime law as well. *Id*. at 702 Indeed, the U.S. Supreme Court has held that "claims for negligent infliction of emotional distress are cognizable under FELA." *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 550, 114 S.Ct. 2396, 2407 (1994). Since the Jones Act incorporates FELA by reference, such a claim is cognizable under the Jones Act as well. *Complaint of Clearsky Shipping Corp.*, 1998 WL 560347 (E.D. La. Aug. 28, 1998). It is difficult to square a seaman's ability to recover for negligent infliction of emotional distress with Halliburton's argument that non-pecuniary damages are not recoverable. Consequently, the Court should reject Halliburton's novel argument and deny its motion.

Against this background, it should come as no surprise that none of the cases Halliburton cites stand for the proposition that non-pecuniary damages are prohibited when a seaman suffers a nonfatal injury:

- ***Murray v. Anthony Bertucci Constr. Co.*, 958 F.2d 127 (5th Cir. 1992)**: *Murray* simply held that an injured seaman's wife and children could not assert loss of society claims. It never held, or even implied, that the injured seaman himself could not recover non-pecuniary damage on his own behalf. Consequently, this case is not relevant and does not stand for the proposition Halliburton cites it for.

6

- *Michel v. Total Transp., Inc.*, **957 F.2d 186 (5th Cir. 1992)**: *Michel* <u>affirmed</u> a judgment awarding an injured seaman non-pecuniary damages for his pain, suffering, and disability. As such, it stands for the proposition that an injured seaman is allowed to recover non-pecuniary damages and does not support Halliburton's argument.[6]

- *Yamaha Motor Corp. v. Calhoun*, **516 U.S. 199 (1996)**: This case involved the death of a 12 year old girl involved in a jet skiing accident. It simply held that state wrongful death and survival statutes are not preempted by maritime law when a "non-seafarer" dies in state territorial waters. It does not even remotely address what damages are available to seamen who are injured, but not killed, in an incident.

- *Scarborough v. Clemco Industries*, **931 F.3d 660 (5th Cir. 2004)**: This was a wrongful death case which never purported to address the remedies available in nonfatal, personal injury cases.

- *Holman v. Applied Drilling Tech., Inc.*, **2007 WL 173302 (S.D.Tex. Jan. 18, 2007)**: In this case, the court granted an <u>unopposed</u> partial motion for summary judgment and dismissed the injured seaman's spouse's claim for loss of consortium, love, affection, companionship, and assistance. The court did not address the injured seaman's own claim for non-pecuniary damages. Notably, in a subsequent motion, the court granted summary judgment as to the injured seaman's claims because he could not demonstrate "the requisite causation between the exposure and his alleged injuries," not because non-pecuniary damages were unavailable to him. *Holman v. Applied Drilling Tech., Inc.*, 2007 WL 1577660 (S.D.Tex. May 31, 2007).

- *Ellison v. Messerschmitt-Bolkow-Blohm*, **807 F.Supp. 39 (E.D. Tex. 1992)**: This was a wrongful death case brought by a widow and three surviving children, not a nonfatal personal injury case. Therefore, it does not address the issue Halliburton cites it for.

Considering the long history or non-pecuniary awards in nonfatal, personal injury cases, the Supreme Court's holding that emotional distress is recoverable by FELA plaintiffs, and the fact that Halliburton cannot cite even one applicable case, it is clear that Halliburton's argument lacks any merit. Therefore, the Court should deny Halliburton's motion.

---

[6] *Michel* also involved a loss of consortium claim by the injured seaman's spouse. This type of claim is not presented by any of the Kritzer Plaintiffs who survived the explosion.

### C.     Punitive damages are available under the general maritime law

Halliburton also incorrectly argues that punitive damages are not available in nonfatal personal injury actions governed by the general maritime law. This argument cannot withstand scrutiny in light of the U.S. Supreme Court decisions in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009) and *Exxon Shipping Co. v. Baker*, 554, U.S. 471, 128 S.Ct. 2608 (2008). *Townsend* reinforces the fact that injured seamen have a punitive damages remedy in general maritime causes of action. *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009). In *Townsend*, the Court abrogated the cases which wrongly found that seamen cannot recover punitive damages under the general maritime law. *Id*. at 2565 ("Historically, punitive damages have been available and awarded in general maritime actions, including [but not limited to] maintenance and cure. **We find that nothing in *Miles* or the Jones Act eliminates that availability**."); *See also id*. at 2575 (noting that "punitive damages have long been an accepted remedy under general maritime law," and "nothing in the Jones Act altered this understanding."). This is because "[t]he laudable quest for uniformity in admiralty does not require the narrowing of available damages to the lowest common denominator for distinct causes of action." *Id*. at 2575. Indeed, *Townsend* explained that: (1) *Miles* only applies in wrongful death cases; and (2) *Miles* only restricts the ability of family members to recover for loss of society. *Id*. at 2571-73.

Moreover, the *Baker* Court upheld a general maritime punitive damage award. The punitive damages were awarded to commercial fishermen who suffered economic loss. *Baker*, 554 U.S. at 476, 128 S.Ct. at 2611. As the Court is well aware, commercial fishermen are traditionally seamen under the Jones Act. It makes little sense that seamen would be able to recover punitive damages when their businesses are harmed, but not when

8

they suffer disabling personal injuries. This even more evident in light of *Townsend* and the fact that seamen are the most favored class of plaintiffs that maritime law recognizes. Against this backdrop, at least one district has found that seamen are allowed to recover punitive damages under the general maritime law for unseaworthiness. *Wagner v. Kona Blue Water Farms, LLC*, 2010 WL 3566731 at *8 (D.Haw. Sept. 13, 2010); *See also* FIFTH CIRCUIT PATTERN JURY INSTRUCTION 4.10. Similarly, this Court should find that seamen may recover punitive damages against third parties like Halliburton when the third party is sued under the general maritime law.

Punitive damages are also recoverable in wrongful death claims. Plaintiffs adopt the arguments made in Cause No. 2:10-md-02179, Doc. #1573 at pg. 9-15. Moreover, as explained below, OCSLA may apply to the wrongful death claims brought against Halliburton. Under this scenario, Mississippi law[7] would apply by virtue of OCSLA. Mississippi law allows wrongful death beneficiaries to recover punitive damages. *McGowan v. Estate of Wright*, 524 So.2d 308, 311 (Miss. 1988).

**D.    Burkeen and Roshto have standing**

On pages 26-28 of Halliburton's motion, Halliburton argues that Rhonda Burkeen and Denise Roshto lack standing to pursue wrongful death claims. Here, Burkeen's allegations in the live Complaint are more than adequate to support the fact that she has standing. Ex. A at ¶ 7. Regardless, the allegations in her proposed Amended Complaint meet the supposed pleading defect that Halliburton addresses. Ex. B at ¶ 5.

As for Roshto, she is the mother of Shane Roshto. His widow filed a separate suit

---

[7] If state boundaries were projected into the Gulf of Mexico, Mississippi Canyon 252 would be within Mississippi's projected boundaries. *See Snyder Oil Co. v. Samedan Oil Co.*, 208 F.3d 521 (5th Cir. 2000).

9

alleging that she was the "personal representative" of his estate. Halliburton incorrectly claims that she lacks standing because "she does not allege that she is the administrator of [Shane Roshto's] estate." Doc. #1195 at pg. 28. However, there are exceptions to the general rule that only the "personal representative" of an estate has standing to bring a Jones Act wrongful death claim. The most notable exception is where there is a conflict of interest between the "personal representative" and the wrongful death beneficiaries she purports to act on behalf of. *Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1345-46 (5th Cir. 1972). Although *Smith* was a Jones Act case, there is no reason to suspect that its holding does not apply to DOHSA suits as well. Under this exception, Roshto has standing irrespective of the suit filed by Shane Roshto's widow.

Additionally, the Jones Act only applies to claims against a seaman's employer (or borrowing employer). 46 U.S.C. § 30104. Halliburton was not Shane Roshto's Jones Act employer. As such, the general rule that only allows Jones Act wrongful death and survival claims to be prosecuted by the "personal representative" of an estate does not apply to Roshto's claims against Halliburton.

The analogous rule found in the Death on the High Seas Act ("DOHSA") does not apply here either. Halliburton (along with BP and Cameron) have made several judicial admissions that cases filed against them by plaintiffs employed by a separate company are governed by OCSLA. Halliburton has also judicially admitted that, because OCSLA applies, general maritime law does not apply. In fact, Halliburton (along with BP and Cameron) have

10

removed several cases to federal court (including this one) on this very basis.[8] Roshto adopts Halliburton's, BP's, and Cameron's arguments regarding the applicability of OCSLA.[9] Since OCSLA applies to Roshto's claims against Halliburton, DOHSA does not apply. *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355, 89 S.Ct. 1835, 1837 (1969). Instead, OCSLA adopts the law of the "adjacent" state. Here, the "adjacent" state is Mississippi.[10]

Under Mississippi law, there are three classes of plaintiffs who have standing to bring wrongful death claims: (1) the personal representative of the estate; (2) wrongful death beneficiaries listed in the wrongful death statute (i.e. spouses, children, parents, and siblings of the deceased); and (3) "interested parties." *Clark Sand Co., Inc. v. Kelly*, 2010 WL 653763 at *4 (Miss. Feb 25, 2010). Unlike the Jones Act and DOHSA, the claims of the various Mississippi wrongful death beneficiaries are not "controlled" by the personal representative of the estate. Instead, any party with standing to file a wrongful death claim may file a claim on their own behalf and prosecute his/her own claim as he/she sees fit. *Long v. McKinney*, 897 So.2d 160, 174 (Miss. 2004) ("Each claimant, as a matter of right, may join in the litigation and participate as fully as any other claimant."). Here, at the very least, Roshto falls in the 2nd and 3rd class of Mississippi wrongful death beneficiaries. Therefore, she has standing to sue Halliburton.

---

[8] A party can waive the application of maritime law and DOHSA. *General Chem Corp. v. De La Lastra*, 852 S.W.2d 916, 919-20 (Tex. 1993); *See also Dueringer v. General American Life Ins. Co.*, 842 F.2s 127, 130 (5th Cir. 1988) (finding that preemption can be waived when it involves a choice of law question).
[9] The other Kritzer Plaintiffs do not adopt their arguments though.
[10] If state boundaries were projected into the Gulf of Mexico, Mississippi Canyon 252 would be within Mississippi's projected boundaries. *See Snyder Oil Co. v. Samedan Oil Co.*, 208 F.3d 521 (5th Cir. 2000).

## II.

### Conclusion

The Court should deny Halliburton's Motion to Dismiss. In the alternative, the Court should allow the Kritzer Plaintiffs to amend the Complaint.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold, Texas Bar No. 24036150
Robert P. Wynne, # 30123
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

Jay M. Kilpatrick
YOUNGWILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone:   (601) 948-6100
Telefax:   (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN**

Ryan Zehl
Texas Bar No. 24047166
Bryant Fitts
Texas Bar No. 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone:    (713) 491-6064
Telefax:       (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 11, 2011.

                                       */s/ Kurt B. Arnold*
                                       _____
                                       Kurt B. Arnold