# EXHIBIT "B"

COPY
TRUE COPY AS BEING PRESENTED
BY PARTY FILING ORIGINAL

MARY ANN DAIGLE, COUNTY CLERK
GALVESTON COUNTY, TEXAS

CAUSE NO. 63010

| | | |
|---|---|---|
| Billy Coon and Carl Taylor | § § § | IN COUNTY COURT AT LAW |
| Plaintiff, | § | |
| v. | § § § | |
| BP Exploration And Production Inc.; BP, PLLC; BP Products North America Inc.; BP Corporation North America, Inc.; Halliburton Energy Services, Inc.; Sperry-Sun Drilling Services, Inc.; and Cameron International Corporation d/b/a Cameron Systems Corporation | § § § § § § § § § | NUMBER 2 |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

## Plaintiffs' Original Petition

Plaintiffs Billy Coon and Carl Taylor, (collectively as "Plaintiffs") each and all complain of Defendants BP Products North America Inc. ("BP"), BP Exploration and Production Inc. ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc. ("BP"), Halliburton Energy Services, Inc. ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that:

### I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. §§ 30104, *et seq.*) and/or the general maritime law of the United States.

2. These claims are filed in state court pursuant to the "Saving to Suitors" clause. It is well-settled that Jones Act cases are not removable to federal court. This is true even

when a Jones Act claim is joined with claims which would otherwise be removable had no Jones Act claim been asserted. Moreover, several defendants are Texas citizens. As such, this case cannot be removed on the basis of diversity jurisdiction. Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel) is patently frivolous and designed solely to deprive plaintiffs and other similarly injured persons from their chosen venue, constitutional right to a jury, and day in court. Additionally, it is undisputed that the tragedy necessitating this claim occurred on a floating vessel on navigable water and not on an OCSLA situs. Any removal of this case would be objectively and subjectively in bad faith. A frivolous removal would also unnecessarily complicate and multiply the proceedings. As a result, Plaintiffs hereby give notice that they will seek ***sanctions*** against any Defendant that removes this case. Further, if any Defendant does decide to frivolously remove this case, they must remove it to the Galveston Division of the Southern District of Texas since this case is pending in Galveston County. 28 U.S.C. § 1446(a).

## II.

### Venue

3.  Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County. Further, BP is primarily based in Galveston County.

## III.

### Discovery Level

4. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

5. Plaintiff Billy Coon is a resident of Mississippi. At the time of the explosion Mr. Coon was employed by Transocean where had worked for 10 years. His path to a lifeboat was blocked by a subsequent explosion. Rather than just taking off in a lifeboat, Mr. Coon helped load wounded men.

6. Plaintiff Carl Taylor is a resident of Mississippi. He worked for Transocean at the time of the explosion.

7. Defendant BP Products North America Inc. is a foreign entity with its principal place of business in Texas. BP Products North America Inc. may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

8. Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

9. Defendant BP, LLC is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation

System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

10. Defendant BP Corporation North America, Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at Prentice Hall Corp. System, 701 Brazos Street, #1050, Austin, Texas 78701.

11. Defendant Halliburton Energy Services, Inc. is a foreign entity with its principal place of business in Texas. Halliburton Energy Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

12. Defendant Sperry-Sun Drilling Services, Inc. is a foreign entity with its principal place of business in Texas. Sperry-Sun Drilling Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

13. Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas. Weatherford International, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

V.

### Nature of the Action

14. Plaintiffs suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010. At the time, Plaintiffs were seamen. While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiffs were each contributing to and aiding such vessel to accomplish its mission, Plaintiffs were critically injured as a result of the explosion. Plaintiffs suffered smoke inhalation, physical injuries,

hearing loss and other damages. Aside from the human losses, the explosion has caused what is expected to be the worst man-made environmental disaster in U.S. history – far eclipsing the EXXON VALDEZ oil spill in 1989.

15. The DEEPWATER HORIZON was a floating semi-submersible drilling rig owned by Transocean. It was built in 2001, utilized dynamic positioning technology, and was designed to move from location to location as necessary. BP leased the drilling rig from Transcocean for $500,000 per day. The total lease contract was worth more than $544 million. Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other fires, collisions, and oil spills.

16. As a result of the tragedy, U.S. Attorney General Eric Holder is considering bringing criminal charges against BP. This would not be the first time BP has faced criminal charges in relation to its activities in and around the Gulf of Mexico. In 2007, BP pled guilty to felony charges arising out of the March 2005 explosion at its Texas City refinery which killed 15 workers and injured hundreds more. After that explosion, BP was fined more than $21 million by OSHA – the largest penalty ever issued at that time. BP was also required to fix the deficiencies which led to the Texas City disaster. However, BP refused to comply with its obligations and failed to make the required safety upgrades. As a result, in 2009, BP was fined an additional $87 million by OSHA – by far the largest fine in OSHA history. BP's reckless safety culture is systemic.

17. The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system. Cameron supplied much of the rig's inadequate, defective blow out prevention equipment.

5

18. Halliburton was in charge of cementing the well, but failed to safely do its job. Halliburton's failures contributed to the explosion. Halliburton's faulty cementing work has been linked to other major offshore disasters. For instance, Halliburton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia. Moreover, Sperry (a division of Halliburton) was charged with real time gas monitoring, but failed to safely perform this function.

19. Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to provide adequate medical treatment;

    e.    operating the vessel with an inadequate crew;

    f.    failure to maintain the vessel;

    g.    failure to conduct a proper search and rescue mission;

    h.    vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

    i.    violating applicable Coast Guard, MMS, and/or OSHA regulations;

    j.    failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

    k.    failure to provide sufficient personnel to perform operations aboard the vessel;

    l.    failure to exercise due care and caution;

    m.    failure to avoid this accident; and

  n. other acts deemed negligent.

20. At all relevant times, the DEEPWATER HORIZON was unseaworthy.

21. As a result of said occurrences, Plaintiffs collectively sustained the following damages:

  a. Past, present, and future physical pain and suffering;

  b. Past, present, and future mental pain, suffering, and anguish;

  c. Past, present, and future medical expenses;

  d. Past lost wages;

  e. Loss of future earning capacity;

  f. Loss of fringe benefits;

  g. Disfigurement and/or disability;

  h. Loss of enjoyment of life;

  i. All survival damages recognized under the general maritime law; and

  j. All other damages recoverable under law.

22. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Plaintiffs' health and safety and the health and safety of Plaintiffs' co-workers. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs' injuries, but did nothing to rectify them. Instead, Defendants had Plaintiffs and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Defendants did so knowing that the conditions

posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiffs to work under such dangerous conditions. Moreover, Plaintiffs may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon Shipping Company*.

23. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies. Plaintiffs suffered injuries to their ankles, hips, knees, backs, necks, and other body parts, which resulted in physical pain, suffering, mental anguish, fear, and discomfort. Plaintiffs continue to suffer following their injuries. They are owed maintenance and cure for the past and the future. To the extent Defendants have refused and will refuse to pay Plaintiffs maintenance and cure, their refusal is willful, intentional, arbitrary, and capricious, entitling Plaintiffs to an award of attorneys' fees and punitive damages. Plaintiffs have sustained a loss of earnings in the past and earning capacity in the future. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

## VI.

## Jury Trial

24. Plaintiffs hereby request a trial by jury on all claims.

## VII.

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon

final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

**DATED: May 28, 2010.**

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

Kurt B. Arnold
State Bar No. 24036150
Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
Robert P. Wynne
State Bar No. 24060861
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone:   (713) 222-3800
Facsimile:   (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**