IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | ' | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | ' | |
| GULF OF MEXICO, on APRIL 20, 2010 | ' | SECTION: J |
| | ' | |
| *This document relates to:* 2:11-cv-00262 | ' | JUDGE BARBIER |
| *Allen Seriale v. Transocean Offshore* | ' | |
| *Deepwater Drilling, Inc. et al* | ' | MAG. JUDGE SHUSHAN |

## Plaintiff's Response to Defendant Cameron's Motion to Dismiss or Motion for Judgment on the Pleadings With Respect to the <u>Bundle A Pleadings</u>

The Court should deny Cameron's motion because all the arguments raised in its motion are addressed and mooted in Plaintiff Allen Seriale's proposed Amended Complaint.

## I.

## <u>The Court Should Deny Cameron's Motion to Dismiss</u>

**A.      Cameron waived its Rule 12(b)(6) defense by filing an Answer in state court**

"A motion asserting [Rule 12(b)(6)] must be made before pleading if a responsive pleading is allowed."  FED. R. CIV. P. 12.  Here, Plaintiff originally filed his case in state court.  Prior to removal, Cameron filed an Answer generally denying liability.  Ex. A. Accordingly, Cameron waived its Rule 12(b)(6) defense.  *Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc.*, 2007 WL 2330078 n.1 (S.D. Tex. Aug. 14, 2007) ("Because Defendant filed an answer in state court before removing, its Motion to Dismiss under Rule 12(b)(6) is untimely.").

**B.      Even if Cameron did not waive its defense, Plaintiff's live Complaint contains sufficient factual support to survive a Rule 12(b)(6) motion**

Last month, this Court properly stated the standard that applies when analyzing a Rule 12(b)(6) motion:

> Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).
>
> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F .3d 228, 232-33 (5th Cir.2009); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 129 S.Ct. at 1949-50.

*Wright v. Shell Offshore, Inc*., 2011 WL 690530  at *1-2 (E.D. La. Feb. 17, 2011) (Barbier, J.)

Like this case, *Wright* was a maritime products liability case brought by the estate of a Jones Act seaman against third party products manufacturers.  *Id*. at *1.  There, the plaintiffs:

> failed to plead a single factual allegation showing what 3M Company product, if any, was used by Mr. Wright, when in his thirty-year work history any such product was used, how Mr. Wright was exposed to any 3M Company product, or why 3M Company is alleged to be liable for Mr. Wright's injuries. Furthermore, Defendant 3M Company asserts that Plaintiffs' allegations against the Manufacturer Defendants are little more than recitations of the legal elements of their various claims."

*Id*. at *1.

Despite this, the Court noted:

> Plaintiffs have sufficiently plead enough facts to give Defendant 3M Company fair notice of the claims against it in order to survive dismissal under Rule 12(b)(6). Given the limited discovery expected of plaintiffs at the pleadings stage of the litigation and the strict liability imposed on product manufacturers, Plaintiffs' lack of certain specific factual allegations as to Defendant 3M Company does not necessitate a dismissal of those claims. The Court finds that Plaintiffs have plead enough facts to state a claim for relief that is plausible on its face and to give Defendant 3M Company fair notice of those claims.

*Id*. at *2.

The same situation exists here.  Limited discovery regarding Cameron's liability has been conducted.   Yet, Plaintiff's live Complaint surely gives Cameron fair notice of the claims brought against it.  Ex. B (Plaintiff's Original Petition) at ¶¶ 19, 21(c).  Therefore, the Court should deny Cameron's Rule 12(b)(6) motion.

However, to the extent the Court finds that Plaintiff must allege more specific factual details, the Court should allow Plaintiff to amend his Complaint.   Plaintiff's proposed Amended Complaint easily satisfies Rule 8 and Rule 12(b)(6).  Ex. C at ¶¶ 16, 19, and 21. Therefore, the Court should deny Cameron's motion.

## C.    The Court should deny Cameron's Rule 12(c) motion for the same reasons it should deny Cameron's Rule 12(b)(6) motion

 "The standard for dismissal under Rule 12(c) is the same as the standard for dismissal for failure to state a claim under Rule 12(b)(6)."  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  As a result, Plaintiffs adopt their arguments above regarding the plausibility of their allegations.  Therefore, the Court should deny Cameron's motion.

## III.

## Conclusion

The Court should deny Cameron's Motion to Dismiss.  In the alternative, the Court should allow Plaintiff to file his proposed Amended Complaint.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Robert P. Wynne, # 30123
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 11, 2011.

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold