# EXHIBIT "A"

TRUE COPY AS BEING PRESENTED
BY PARTY FILING ORIGINAL
09/14/10

MARY ANN DAIGLE, COUNTY CLERK
GALVESTON COUNTY, TEXAS

CAUSE NO. CV-63443

| | | |
|---|---|---|
| ALLEN SERIALE | § | IN COUNTY COURT AT LAW |
| Plaintiff, | § | |
| vs. | § | |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN, LTD.; TRANSOCEAN DEEPWATER, INC.; BP EXPLORATION AND PRODUCTION, INC.; BP, PLLC; BP PRODUCTS NORTH AMERICA, INC.; BP CORPORATION NORTH AMERICA, INC.; HALLIBURTON ENERGY SERVICES, INC.; SPERRY-SUN DRILLING SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION | § | NUMBER 1 |
| | § | GALVESTON COUNTY, TEXAS |
| Defendants. | § | Jury Trial Requested |

**MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER**

Defendant Cameron International Corporation, d/b/a Cameron Systems Corporation ("Cameron") files this its Motion to Transfer Venue and, Subject Thereto, Original Answer and in support thereof would respectfully show unto the Court as follows:

I.
**MOTION TO TRANSFER VENUE**

A. **MOTION TO TRANSFER BASED ON IMPROPER VENUE**

1. Pursuant to Rule 86 and 87 of the Texas Rules of Civil Procedure, Cameron objects to venue in Galveston County, the county in which this suit was instituted, on the grounds that neither mandatory nor permissive venue exist in Galveston County, and moves to transfer the case to Harris County, Texas.

2. Plaintiff has alleged that venue is proper pursuant to in Galveston County under either TEX. CIV. PRAC. & REM. CODE § 15.0181 or § 15.002. Neither section provides a basis for venue.

i. **Venue is Not Proper Pursuant to § 15.0181**

3. Section 15.0181 relates to Jones Act cases. Initially, this provision cannot support venue because there are no valid Jones Act claims being advanced. A Jones Act claim must be brought against a seaman's employer. 46 U.S.C. § 30104. While Plaintiff claims to be an employee of Transocean and does bring claims against Transocean, those claims cannot be considered for purposes of establishing venue because they were filed in flagrant disregard of the order entered by the Honorable Keith Ellison on May 13, 2010 in the limitation action filed by Transocean. Without those claims, Plaintiff is not alleging any Jones Act claims.

4. Furthermore, it is not the case that all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County. To the contrary – nothing occurred in Galveston County. The plaintiff is from another state and complains of injuries allegedly sustained on board an oil drilling rig fifty miles off the coast of Louisiana. Moreover, no defendant has its principal office in Galveston County. Accordingly, even if Plaintiffs were asserting a proper Jones Act claim, venue would still not lie in Galveston County. TEX. CIV. PRAC. & REM. CODE § 15.0181.

ii. **Venue is Not Proper Pursuant to § 15.002**

5. Section 15.002(a)(1) only provides for venue in the county of suit if "all or a substantial part of the events giving rise to the claim occurred" there. As discussed above, this case is brought an out-of-state plaintiff complaining of injuries allegedly suffered because of an

accident aboard a mobile offshore drilling unit off the coast of Louisiana. No substantial events giving rise to these claims occurred in Galveston County.

6. Venue is proper, however, in Harris County, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3), because Cameron, and other defendants, reside and/or have their principal place of business, in Harris County, Texas. Because Galveston County is not a proper venue, the Court should transfer this action to the judicial district courts of Harris County, Texas. *See Crown Cent. LLC v. Anderson*, 239 S.W.3d 385, 389 (Tex.App.—Beaumont 2007, pet. denied) ("If the plaintiff files suit in a county where venue is not proper, the plaintiff then waives the right to choose and the defendant may have the suit transferred to a proper venue.").

B. **SPECIFIC DENIALS OF VENUE**

7. Cameron specifically denies that it, or any defendant, resides or has its principal place of business in Galveston County.

8. Cameron specifically denies that all or a substantial part of the acts or omissions giving rise to this incident occurred in Galveston County, Texas.

9. Cameron specifically denies that any witnesses reside in Galveston County.

C. **ALTERNATIVELY, MOTION TO TRANSFER FOR CONVENIENCE**

10. Even if Galveston County could be a proper venue for this suit, transfer should still be made to Harris County for the convenience of the parties and witnesses, to avoid undue burden and expense to the parties, and in the interests of justice. TEX. CIV. PRAC. & REM CODE 15.002(b). Plaintiff is from out-of-state. Moreover, his counsel is from Houston and Dallas. Accordingly there is no convenience for him for this case to be in Galveston County.

11. Cameron and all or most of the other defendants reside, and/or have their principal place of business, in Houston. Consequently, the majority, if not all, of their witnesses

and documents are in Harris County, Texas. The balance of interests of all parties predominates in favor of the action being brought to Harris County, Texas, and such transfer would not work an injustice to any party to this suit.

12. Finally, access to Harris County is easier than access to Galveston County, which would benefit the out-of-state parties, including the plaintiffs.

## II.
## GENERAL DENIAL

13. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Cameron denies each and every, all and singular, of the allegations asserted by Plaintiffs and demands strict proof thereof.

## III.
## FURTHER MATTERS

14. Cameron reserves the right to amend its answer as permitted by the Texas Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,

BECK, REDDEN & SECREST, L.L.P.

/s/ David J. Beck
David J. Beck
Federal Bar No. 919
State Bar No. 00000070
Joe W. Redden, Jr.
Federal Bar No. 2139
State Bar No. 16660600
David W. Jones
Federal Bar No.
State Bar No. 00790980
Jim Taylor
Federal Bar No. 20536
State Bar No. 0788512
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2029
Telephone: 713-951-3700
Facsimile: 713-951-3720

LEWIS & WILLIAMS, L.L.P.
S.R. Lewis, Jr.
State Bar No. 12314500
2200 Market, Suite 750
Galveston, Texas 77550
(409) 762-1900 – telephone
(409) 762-4606 – facsimile

**ATTORNEYS FOR DEFENDANT CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served in compliance with the Texas Rules of Civil Procedure on all counsel of record on September 14, 2010.

/s/