IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig § | | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf § | | |
| of Mexico, on April 20, 2010 § | | |
| § | | SECTION: J |
| § | | |
| This document relates to: § | | JUDGE BARBIER |
| 2:10-CV-3168 § | | MAGISTRATE SHUSHAN |

**MEMORANDUM IN OPPOSITION OF PLAINTIFFS, BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS, TO TRANSOCEAN LTD'S RULE 12(b)(6)
MOTION TO DISMISS COMPLAINTS IN MDL NO. 2179 IN WHICH IT HAS BEEN
NAMED ON THE GROUND OF LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE CARL J. BARBIER, UNITED STATES DISTRICT JUDGE:

To the extent that any Motion by Transocean LTD seeks to dismiss Plaintiffs Bill Francis's, Tyrone Benton's, and Carlos Ramos's claims against Transocean LTD ("Transocean") for lack of personal jurisdiction, such Motion is misplaced and premature.  Louisiana law authorizes the exercise of personal jurisdiction to the limits of due process.  Such due process safeguards require that (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice."[1]  The "minimum contacts" inquiry is fact intensive and no one element is determinative.[2]  Instead, the primary consideration is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" or whether jurisdiction over the defendant would be solely as a result of "random, fortuitous, or attenuated contacts."

---

[1] *See Choice Healthcare, Inc. v. Kaiser Found Health Plan of Colorado,* 615 F.3d 364, 367 (5th Cir.8/11/10) (citing *Mink v. AAAA Dev., L.L.C., 190 F.3d 333, 336 (5th Cir. 1999).*

[2] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 11/9/09).

Because analyzing personal jurisdiction is a fact-intensive inquiry, plaintiffs are generally allowed jurisdictional discovery to assist in their defense of a motion to dismiss based on lack of personal jurisdiction.[3]

Accordingly, Transocean LTD's effort to dismiss Plaintiffs' claims against it for lack of personal jurisdiction is premature.  Plaintiff, therefore, asks this Court to defer any decision on this matter until personal jurisdiction discovery has been completed.

Aside from discovering Transocean's own "minimum contacts" within the forum, personal jurisdiction discovery is particularly important as Transocean is the parent company of several defendant subsidiaries.  The United States Court of Appeal for the Fifth Circuit has set out particular factors to be considered in deciding whether a parent company can be held amenable to personal jurisdiction because of the acts of a subsidiary.[4]  These factors include:  (1) amount of stock owned by the parent of the subsidiary, (2) whether the two corporations have separate headquarters, (3) whether they have common officers and directors, (4) whether they observe corporate formalities, (5) whether they maintain separate accounting systems, (6) whether the parent exercises complete authority over general policy, and (7) whether the subsidiary exercises complete authority over daily operations.[5]   These issues were not sufficiently addressed in Transocean's Motion to Dismiss.

---

[3] *Dee Dykes v. Maverick Motion Picture Group, L.L.C.,* No. 08-536, 2010 WL 4181448 at *1 (M.D. La. 10/20/10).

[4] *Dickson Marine Inc. v. Panapina, Inc.*, 179 F.3d 331, 338-39 (5th Cir. 1999).

[5] *See Id. (citing Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

Before making a personal jurisdiction determination, therefore, Plaintiffs should be allowed to propound discovery on Transocean LTD to determine both Transocean's "minimum contacts" and whether its subsidiaries' contacts in Louisiana are attributable to Transocean.

By attorneys:

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
State Bar No. 18085600
Fed I.D. No. 8877
DENNIS M. MCELWEE
State Bar No. 13587820
Fed I.D. No. 7490
ARTHUR L. SCHECHTER
State Bar No. 17735000
Fed I.D. No. 1454
3200 Travis, 3rd Floor
Houston, Texas  77006
Tel:  713-524-3500
Fax:  713-751-0412
mshaffer@smslegal.com
dmcelwee@smslegal.com
arthurschechter@gmail.com

and

PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana  70130
Tel:  (504) 588-1500
Fax: (504) 588-1514
sterbcow@lksalaw.com

ATTORNEYS FOR PLAINTIFFS, BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Memorandum in Opposition of Plaintiffs, Bill Francis, Tyrone Benton, and Carlos Ramos, to Transocean LTD's Rule 12(b)(6) Motion to Dismiss Complaints in MDL 2179 In Which It Has Been Named On The Ground of Lack of Personal Jurisdiction will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 11th day of March, 2011.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER