## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION:  J |
| Applies to: | § § § | Judge Carl J. Barbier Magistrate Judge Sally Shushan |
| *Crawford v. BP, P.L.C.,* No. 2:10-CV-1540 | § § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

March 11, 2011

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiff Doug Crawford.  Based on a **single alleged fact**, Plaintiff claims that M-I L.L.C. ("M-I"), the drilling fluids contractor on the rig, is liable for his injuries under unspecified federal, state, maritime, and/or common law.  However, while Crawford may have viable claims against some Defendants in this action, he has failed to plead a cognizable claim against M-I.  Crawford's claims against M-I should therefore be dismissed.

## STATEMENT OF FACTS

Plaintiff Doug Crawford was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig.  Compl. ¶¶ 2, 16, 18.  Crawford alleges that he suffered physical and emotional injuries as a result of the accident and brings suit against M-I and others.  *Id.* ¶¶ 2, 22, 28.  Crawford alleges that M-I was negligent with respect to its activities on the rig and that it is strictly liable for injuries stemming from an ultrahazardous activity; he is seeking at least $5,000,000.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 17, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'" *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice. *See*, *e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950. In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

As an initial matter, Crawford fails entirely to identify the law governing his claims against M-I. Instead, he invokes this Court's jurisdiction under various federal statutes, general maritime law, and diversity jurisdiction, never once specifying which body of law provides the rules of decision for his claims. Compl. ¶ 14; *see also id.* ¶¶ 46, 47 (invoking "federal, Louisiana law, and the laws of the other affected Gulf Coast States" and alleging that Defendants failed to "conform their conduct to the appropriate"—unspecified—"legal standard"). This is fatal to his

complaint as it utterly fails to put M-I on notice of the claims alleged against it.  *See*, *e.g.*, FED. R. CIV. P. 8(a); *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008).

Putting that aside, Crawford's cursory and conclusory allegations fail to establish a cognizable cause of action against M-I.   Crawford's **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company "provide[d] drilling fluid ('cement') services to the rig *Deepwater Horizon*" and "in conjunction with Halliburton Energy, failed to maintain appropriate drilling fluid weight before and during the cementing operations, thus allowing highly combustible gas to escape from the well and ignite."  Compl. ¶ 22.  Drilling fluids are **nowhere else** mentioned in Crawford's Complaint.  This single allegation is wholly insufficient to establish "more than a sheer possibility" that M-I is responsible for Crawford's injuries.  Accordingly, his claims should be dismissed.

## I.      Crawford's Complaint Is Governed By Maritime Law.

Despite alleging that his claims are variously governed by federal and/or state law, his allegations establish that maritime law governs Crawford's action.  Where an injury occurs on navigable waters and the incident involved has a substantial relationship to, or a potentially disruptive impact on, maritime commerce, maritime law supplies the rules of decision.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Here, Crawford alleges that he was injured while working on the navigable waters over the Outer Continental Shelf, Compl. ¶¶ 16, 18, and it is widely recognized that oil and gas drilling constitutes maritime commerce.  *See*, *e.g.*, *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538-39 (5th Cir. 1986).  Accordingly, general maritime law governs Crawford's claims, and state law does not apply to this case.  *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-65 (1986).

II.   **Crawford's Single Factual Allegation Concerning M-I And His Blanket Allegations Concerning "All Defendants" Fail To Establish Cognizable Claims.**

    A.   **Crawford Has Failed To Plead A Claim For Negligence Under Any Theory Of Relief.**

        1.   *Crawford's Single Cursory Factual Allegation Concerning M-I Is Insufficient to Establish His Entitlement To Relief.*

Crawford has alleged a **single fact** regarding M-I's involvement with the *Deepwater Horizon*—that M-I provided drilling fluids on the rig and, "in conjunction with Halliburton Energy, failed to maintain appropriate drilling fluid weight before and during the cementing operations, thus allowing highly combustible gas to escape from the well and ignite."  Compl. ¶ 22.  Despite alleging that Transocean was operating the rig at all times pertinent, *id.* ¶ 16, that BP was responsible for the Macondo well, *id.* ¶ 17, and that Halliburton was handling cement operations, *id.* ¶ 21, from his **single, narrow allegation** about M-I, Crawford makes the unsupportable leap to alleging that **all Defendants** share equally in responsibility and blame for his injuries.  Such undifferentiated, blanket allegations fail to satisfy federal pleading standards. *See, e.g.*, *Lane v. Cap. Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum pleading standard of [Federal Rule of Civil Procedure] 8."); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).  A plaintiff "cannot simply 'lump' all the defendants together and allege that **the purported acts of every defendant can be imputed to every other defendant**." *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) (emphasis added).  Indeed, while Crawford offers a litany of alleged failures by "Defendants" which allegedly caused his injuries, Compl. ¶ 45, **not one** of those failures involves drilling fluids and M-I is **nowhere** alleged to have exercised authority or control over the drilling operations and employees on the rig.

Crawford's "naked assertion" of negligence is "devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

Even more flawed is Crawford's claim for gross negligence by M-I.  Gross negligence is defined as "harm willfully inflicted or caused by gross or wanton negligence." *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 411 (5th Cir. 1982) (internal quotation omitted); *see also Becker v. Tidewater, Inc.*, 586 F.3d 358, 367 (5th Cir. 2009) (defining gross negligence in the maritime context as "willful, wanton and reckless conduct that falls between intent to do wrong and ordinary negligence" (internal quotation omitted)).  Crawford's singular allegation that M-I "failed to maintain appropriate drilling fluid weight before and during the cementing operations" does not allege—or even suggest—that M-I was acting with **any** intent to cause Crawford's injuries.[1]

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury."  *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted).  Under any theory of negligence, Crawford's allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to him, that the breach proximately caused his injuries, and that M-I acted with willful and wanton intent.  Especially now, with the benefit of substantial discovery in this case, Crawford should be required to plead facts that demonstrate M-I's probable liability for his alleged injuries.  The single fact as pled is insufficient to establish Crawford's entitlement to relief.  Accordingly, his negligence claim against M-I should be dismissed.

---

[1] As discussed further below, to the extent Crawford is alleging a gross negligence claim in furtherance of a punitive damages award, such damages are disallowed in this case. *See infra* Section II.A.iii.

Similarly, Crawford's assertion of negligence *per se* is wholly devoid of factual support. Compl. ¶ 54.   Negligence *per se* is a tort doctrine by which a court may adopt a legislative standard as the standard of conduct against which to judge a defendant's alleged negligent conduct.  *Bell v. Am. Traffic Solutions, Inc.*, 633 F. Supp. 2d 305, 312 (N.D. Tex. 2009), *aff'd in part, vacated in part on other grounds*, 371 F. App'x 488 (5th Cir. 2010).  It can, in appropriate circumstances, apply in the maritime context.  *See Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996).  Crawford alleges that "Defendants" are negligent *per se* due to their (apparently, collective) "violation of applicable federal safety, construction, or operating regulations."  Compl. ¶ 54.  However, Crawford has failed to identify **any** regulation it claims M-I violated, much less one specific to M-I's alleged provision of drilling fluids on the rig. Therefore, Crawford's negligence *per se* claim against M-I must be dismissed.

### 2. The Doctrine *Res Ipsa Loquitur* Cannot Be Applied In This Case.

Crawford asserts that the doctrine of *res ipsa loquitur* applies in this case.  Compl. ¶ 55. However, his allegations foreclose the applicability of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "which does not ordinarily occur in the absence of negligence" and where "**the cause of the harm is obvious**." *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) (emphasis added) (internal quotation omitted).  The doctrine can only be applied where the instrumentality alleged to have caused the plaintiff's injury was under "the **exclusive control** of the defendant."  *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (emphasis added); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985) (emphasis added). And, the doctrine applies only "where the likelihood of causes other than the defendant" is ruled out.  *Michaels*, 202 F.3d at 754 (internal quotation omitted).

Here, the cause of the explosion that allegedly injured Crawford is far from "obvious," as evidenced by his litany of purported causes of the accident.  Compl. ¶ 19 (defective blowout preventer caused accident); *id.* ¶ 21 (faulty cementing caused accident); *id.* ¶ 22 (inappropriate drilling fluid weight caused accident); *id.* ¶ 26 (violations of unspecified statutes caused accident).  Crawford's allegations—especially his blanket allegations against all "Defendants"— further establishes that the conduct of a party other than M-I cannot be eliminated as a more probable cause of his alleged injuries.  *Toney v. United States*, 273 F. App'x 384, 386 (5th Cir. 2008).

Most damaging to Crawford's claim, however, is his allegation that Transocean was "the owner[] and/or operator[] of the *Deepwater Horizon*."  *Id.* ¶ 16.  M-I is nowhere alleged to have **any** control over the rig, much less exclusive control.  Accordingly, the Court should find *res ispa loquitur* inapplicable to Crawford's claims against M-I in this case.

    **B.**    **Crawford's Strict Liability Claim Is Not Recognized Under Any Potentially Applicable Law.**

Crawford alleges a claim for strict liability, asserting that offshore oil drilling constitutes an "ultrahazardous activity."  Whether an activity is ultrahazardous is a question of law. *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987). Crawford does not specify whether he brings his claim under general maritime or state law.  As discussed above, maritime law governs Crawford's Complaint; regardless, his claim is not recognized under either body of law.

"[F]ederal maritime law . . . does not recognize the doctrine of strict liability for abnormally dangerous or ultrahazardous activity."  *In re Great Lakes Dredge & Dock Co.*, No. 92 C 6754, 1996 WL 210081, at *5 (N.D. Ill. Apr. 26, 1996) (collecting cases).  Indeed,

strict liability is **only** recognized under maritime law for certain products liability actions.  *EAC Timberlane v. Pisces, Ltd.*, 745 F.2d 715, 722 n.13 (1st Cir. 1984).

The doctrine has only "limited applicability" under state law and, in fact, the Fifth Circuit has "conclude[d] that drilling operations are **not ultrahazardous**."  *Ainsworth*, 829 F.2d at 550 (emphasis added); *see also Flynn v. Amoco Corp.*, No. 99-3476, 2001 WL 766968, at *4 (E.D. La. July 9, 2001).  In reaching its holding, the Court found the doctrine inapplicable to drilling operations because such operations do not "present 'a risk of harm that cannot be eliminated through the exercise of due care.'"  *Ainsworth*, 829 F.2d at 550 (quoting *O'Neal v. Int'l Paper Co.*, 715 F.2d 199, 202 (5th Cir. 1983)); *see also Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 383 (5th Cir. 2001).

Thus, as Crawford's strict liability claim is non-cognizable as a matter of law, it must be dismissed.

## III.     Crawford's Claim For Punitive Damages Fails As A Matter Of Law.

Notwithstanding the foregoing, to the extent Crawford has pled any cognizable claims against M-I, he is limited to recovery of pecuniary damages.  *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004). Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover non-pecuniary damages from non-employer third parties."  *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are **not** an available remedy for a Jones Act seaman . . . .").

Here, Crawford asserts that he was employed by Transocean and working on a vessel in the navigable waters over the Outer Continental Shelf when he suffered his alleged injuries. Compl. ¶¶ 16, 18.  As such, he qualifies as a Jones Act seaman.  *Chandris, Inc. v. Latsis*, 515 U.S. 347, 353 (1995) ("The test of seaman status under the Jones Act is an employment-related connection to a vessel in navigation.") (alteration and internal quotation omitted).  To the extent he is seeking recovery for non-pecuniary damages, including, punitive damages, from M-I, such damages claims are foreclosed under controlling law and should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Crawford's Class Action Complaint.[2]

       **MORGAN, LEWIS & BOCKIUS LLP**

       */s/ Hugh E. Tanner*     
       Hugh E. Tanner
       htanner@morganlewis.com
       Denise Scofield
       dscofield@morganlewis.com
       Shannon A. Lang
       slang@morganlewis.com
       James B. Tarter
       jtarter@morganlewis.com
       1000 Louisiana St., Suite 4000
       Houston, TX 77002
       Telephone: 713.890.5000
       Facsimile: 713.890.5001

       **ATTORNEYS FOR DEFENDANT**
       **M-I L.L.C.**

---

[2] In accordance with CMO 1, M-I reserves its right to contest Crawford's class action allegations at such time as the Court establishes a briefing schedule.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiff's Class Action Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

*/s/ Hugh E. Tanner*
Hugh E. Tanner