UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG §<br>"DEEPWATER HORIZON" in §<br>the GULF OF MEXICO on §<br>APRIL 20, 2010 §<br>§<br>Applies to: §<br>§<br>*Williams v. Transocean, Ltd., et al.,* §<br>No. 2:10-CV-1243 § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

 

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

March 11, 2011

DB1/66790475.4

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiff Michael Williams.  Based on a **single alleged fact**, Williams alleges that M-I L.L.C. ("M-I"), the drilling fluids contractor on the rig, is liable for his unspecified injuries.  However, while Williams may have viable claims against some Defendants in this action, he has failed to plead a cognizable claim against M-I.  Williams' claim against M-I should therefore be dismissed.

## STATEMENT OF FACTS

Plaintiff Michael Williams was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig.  Pl's. 1st Am. Compl. ¶¶ 2-3.  Williams alleges that he suffered physical and emotional injuries as a result of the accident and brings suit against M-I and others.  *Id.* ¶¶ 27-28.  Williams alleges that M-I was negligent with respect to its activities on the rig; he seeks $6,000,000.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 16, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'" *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice. *See, e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950. In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

### I. Williams' Single Cursory Factual Allegation Concerning M-I Is Insufficient To Establish His Entitlement To Relief.

Williams' cursory and conclusory allegations fail to establish a cognizable cause of action against M-I. Williams' **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company, "in conjunction with co-defendant Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to

escape and ignite and ultimately resulting in the explosion aboard the vessel." Pl.'s 1st Am. Compl. ¶ 27.

At the same time, Williams alleges that **Transocean—not M-I**—"manned, supplied, navigated, chartered and operated the DEEPWATER HORIZON [and] controlled the well drilling process and drilling equipment used to drill," and that the rig "was operated and the well drilling and completion activities in which he participated were managed, supervised and directed by . . . **BP**"—**again, not M-I**. *Id.* ¶¶ 2, 12 (emphasis added).

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted). These allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to Williams and that the breach proximately caused his injuries. Instead, this single allegation concerning M-I constitutes a "naked assertion" that is "devoid of further factual enhancement," *Iqbal*, 129 S. Ct. at 1949, and is undermined by Williams' contentions that other Defendants "controlled, managed, supervised, and directed" all conduct aboard the rig.

Especially now, with the benefit of substantial discovery in this case, Williams should be required to plead facts that demonstrate M-I's probable liability for his alleged injuries. The single alleged fact is insufficient to establish Williams' entitlement to relief. Accordingly, his negligence claim should be dismissed.

**II.  Assuming *Arguendo* That Williams Has Pled A Cognizable Claim For Negligence Under General Maritime Law, He Is Limited To Recovery Of Pecuniary Damages.**

Notwithstanding the foregoing, to the extent Williams has pled a general maritime negligence claim, he is limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*,

498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004). Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover non-pecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are **not** an available remedy for a Jones Act seaman . . . .").

Here, Williams has alleged that at all times material to this case, he was employed by Transocean as a "member of the [*Deepwater Horizon*] vessel crew" and he is seeking damages from his employer under the Jones Act. Pl.'s 1st Am. Compl. ¶¶ 2, 5. To the extent Williams is seeking recovery from M-I under general maritime law for non-pecuniary damages, including punitive damages, such damages claims are foreclosed under controlling law and should be dismissed.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Plaintiff's First Amended Complaint.

**MORGAN, LEWIS & BOCKIUS LLP**

  /s/ *Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiff's First Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

                                           */s/ Hugh E. Tanner*
                                           Hugh E. Tanner