UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179  SECTION: J |
| Applies to: | § § | Judge Carl J. Barbier  Magistrate Judge Sally Shushan |
| *Rhodes v. Transocean, Ltd, et al.,* No. 2:10-CV-1502 | § § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFF'S SECOND
SUPPLEMENTAL AND AMENDED COMPLAINT**

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

March 11, 2011

DB1/66790752.4

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiff Karl W. Rhodes. Despite having failed to allege a **single relevant fact,** Rhodes alleges that M-I L.L.C. ("M-I"), the drilling fluids contractor on the rig, is liable for his injuries. However, while Rhodes may have viable claims against some Defendants in this action, he has failed to plead a cognizable claim against M-I. Rhodes' claims against M-I should therefore be dismissed.

## STATEMENT OF FACTS

Plaintiff Karl W. Rhodes was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig. Compl. ¶¶ 4, 8. Rhodes alleges that he suffered physical and emotional injuries as a result of the accident and brings suit against M-I and others. *Id.* ¶ 13; Pl.'s 2d Am. Compl. ¶ 1(H). Rhodes alleges under various theories that M-I was negligent with respect to its activities on the rig; he seeks unspecified damages.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 16, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'"  *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice.  *See, e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed.  *Iqbal*, 129 S. Ct. at 1950.  In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed.  *See Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008).

## ANALYSIS

Rhodes' cursory and conclusory allegations fail to establish a cognizable cause of action against M-I.  Rhodes' **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company "provided the drilling fluids for the Deepwater Horizon at the time of the explosion."  Pl's. 2d Am. Compl. ¶ 1(H).  Drilling fluids are **nowhere else mentioned** in his original or amended complaints.  Rhodes' single allegation is wholly insufficient to establish

any possibility that M-I is responsible for his injuries. Accordingly, his claims should be dismissed.

I. **Having Failed To Allege *Any* Facts Regarding M-I's Activities Or Conduct With Respect To The Accident, Rhodes Has Failed To Allege A Cause Of Action For Negligence Against M-I.**

    A.    **The Jones Act**

Rhodes invokes this Court's jurisdiction under the U.S. Constitution, 46 U.S.C. § 30104—known as the Jones Act—and general maritime law. Compl. ¶ 2. It is unclear under what statutory provision or common law doctrine he brings his negligence claim against M-I. To the extent Rhodes is alleging a Jones Act claim against M-I, he has pled facts that foreclose the cause of action. Claims under the Jones Act can only be brought against a plaintiff's employer. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 (5th Cir. 2004). Rhodes alleges that "[a]t all times material, . . . **Transocean Deepwater, Inc. and/or Transocean Entity** employed Karl W. Rhodes as a Jones Act seaman." Compl. ¶ 4 (emphasis added). Because this allegation entirely forecloses a Jones Act claim against M-I, the claim must be dismissed.

    B.    **General Maritime Law**

        1.    **Rhodes' Single Cursory Factual Allegation Concerning M-I Is Insufficient To Establish His Entitlement To Relief.**

Rhodes has alleged a **single fact** regarding M-I's involvement with the *Deepwater Horizon*—that M-I "provided the drilling fluids for the Deepwater Horizon at the time of the explosion." Pl's. 2d Am. Compl. ¶ 1(H). While Rhodes offers a litany of alleged failures by "defendants" which allegedly caused his injuries, none of those failures involve drilling fluids, and M-I is nowhere alleged to have exercised authority or control over the drilling operations and employees on the rig. Compl. ¶ 9. In fact, Rhodes alleges that it was Transocean and BP—

**not M-I**—that, at all times pertinent, "owned and/or operated and/or managed and/or chartered and/or controlled" the rig. Compl. ¶ 5.

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted). Rhodes' allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to Plaintiffs and that the breach proximately caused his injuries. Instead, this single allegation concerning M-I constitutes a "naked assertion" that is "devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

Rhodes has failed entirely to plead a cause of action against M-I. Indeed, he has not even offered a "formulaic recitation of the elements of [his] cause of action." *Id.* Especially now, with the benefit of substantial discovery in this case, Rhodes should be required to plead facts that demonstrate M-I's probable liability for his alleged injuries. The single fact pled is insufficient to establish Rhodes' entitlement to relief. Accordingly, his negligence claim should be dismissed.

### 2. The Doctrine *Res Ipsa Loquitur* Cannot Be Applied In This Case.

Rhodes asserts that the doctrine of *res ipsa loquitur* applies in this case. Compl. ¶ 11. However, his allegations foreclose the applicability of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "**which does not ordinarily occur in the absence of negligence**" and where "**the cause of the harm is obvious**." *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) (emphasis added) (internal quotation omitted). The doctrine can only be applied where the instrumentality alleged to have

caused the plaintiff's injury was under "the **exclusive control** of the defendant." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (emphasis added); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115–16 (5th Cir. 1985) (emphasis added). Further, the doctrine only applies "where the likelihood of causes other than the defendant" is ruled out. *Michaels*, 202 F.3d at 754 (internal quotation omitted).

Here, the cause of the explosion that allegedly injured Rhodes is far from "obvious," as evidenced by his litany of purported causes of the accident. Compl. ¶ 9(B) (an unspecified "unsafe condition" caused the accident); *id.* ¶ 9(F) (improper equipment caused the accident); *id.* ¶ 9(G) (poor maintenance caused the accident); *id.* ¶ 9(I) (poorly trained personnel caused the accident); *id.* ¶ 9(K) (violations of unspecified statutes caused the accident). Rhodes' allegations—especially his blanket allegations against all "defendants"—further establishes that the conduct of a party other than M-I cannot be eliminated as a more probable cause of his alleged injuries. *Toney v. United States*, 273 F. App'x 384, 386 (5th Cir. 2008).

Most damaging to Rhodes' claim, however, is his allegation that the *Deepwater Horizon* was, at all times pertinent, "owned and/or operated and/or managed and/or chartered and/or controlled" by Transocean and BP. *Id.* ¶ 5. M-I is nowhere alleged to have **any** control over the rig, much less exclusive control. Accordingly, the Court should find *res ipsa loquitur* inapplicable to Plaintiff's claims against M-I in this case.

II.     **Because M-I Neither Owned Nor Operated The *Deepwater Horizon*, It Is Not Liable For The Seaworthiness Of The Vessel.**

Rhodes appears to allege a claim for unseaworthiness. Compl. ¶ 10. To the extent Rhodes is alleging this claim against M-I, it is clearly foreclosed by his admission that M-I did not own or operate the *Deepwater Horizon*.

"A shipowner's duty to provide a seaworthy vessel is absolute and nondelegable." *Picou v. D & L Towing, Inc.*, No. 09-2810, 2010 WL 2696468, at *2 (E.D. La. July 2, 2010) (citing *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991)); *see also Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 181 (5th Cir. 1981). As such, the duty extends **only** to the owner or operator of a vessel. *Baker*, 656 F.2d at 181 (citing *Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)). Rhodes alleges that Transocean and/or BP "owned and/or operated" the vessel. Compl. ¶ 5. Because Rhodes asserts that the *Deepwater Horizon* was owned by Transocean or BP—and **not** by M-I—his unseaworthiness claim against M-I fails and must be dismissed.

### III. Rhodes Has Pled No Facts Establishing a Claim against M-I for Products Liability.

Next, Rhodes alleges that the incident that caused his alleged injuries was "caused by defective equipment that was manufactured or in the care, custody, and control of one or more of the defendants." Compl. ¶ 12. It has been established that "concepts of products liability, grounded in both negligence and strict liability, are part of general maritime law." *Emp'rs Ins. v. Suwannee River Spa Lines*, 866 F.2d 752, 758 (5th Cir. 1989) (citing *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986)). Rhodes has not only failed to specify which claim he is bringing, but he has also failed entirely to plead facts establishing the **mere existence of a claim**: he does not allege what equipment was defective, how it was defective, who manufactured it, or how the defect was the cause of his injury. These failings are fatal to his claim, and it must be dismissed.[1]

---

[1] To the extent Rhodes has pled a claim under the general maritime law for products liability, he is limited to recovery of pecuniary damages. *Scarborough v. Clemco Indus.*, 264 F. Supp. 2d 437, 442, 446 (E.D. La. 2003), *aff'd*, 391 F.3d 660 (5th Cir. 2004). Any damages claims to the contrary must be dismissed.

### IV. Rhodes' Claim for Punitive Damages Fails as a Matter of Law.

Notwithstanding the foregoing, to the extent Rhodes has pled any cognizable claims against M-I, he is limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough*, 391 F.3d at 667 n.4. Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are **not** an available remedy for a Jones Act seaman . . . .").

Here, Rhodes expressly asserts his Jones Act seaman status and states that he was, at all times pertinent, employed by Transocean. Compl. ¶ 4. To the extent he is seeking recovery for non-pecuniary damages, including, punitive damages, from M-I, such damages claims are foreclosed under controlling law and should be dismissed.

### CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Rhodes' Second Supplemental and Amended Complaint.

**MORGAN, LEWIS & BOCKIUS LLP**

  /s/ *Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiff's Second Supplemental and Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

                                              /s/ *Hugh E. Tanner*
                                              Hugh E. Tanner