UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>Applies to:<br><br>*Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,*<br>No. 2:11-CV-3168<br><br>**Plaintiffs in Intervention:**<br>Stephen Stone and Sara Stone | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s MOTION TO DISMISS PLAINTIFFS' PETITION IN INTERVENTION**

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

March 11, 2011

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiff Stephen Stone and led to his wife's emotional distress. Based on a **single alleged fact**, Plaintiffs claim that M-I L.L.C. ("M-I")—the drilling fluids contractor on the rig—is liable for their injuries. However, while Plaintiffs may have viable claims against some Defendants in this action, they have failed to plead a cognizable claim against M-I. Plaintiffs' claims against M-I should therefore be dismissed.

## STATEMENT OF FACTS

Plaintiff Stephen Stone was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig. Pet. ¶¶ 12, 15. Mr. Stone alleges that he was injured as a result of the accident and brings suit against M-I and others. *Id.* ¶¶ 14, 16. Mr. Stone and his wife, Plaintiff Sara Stone, allege that M-I was negligent with respect to its activities on the rig and that M-I, along with the other Defendants, failed to maintain a seaworthy vessel. Mrs. Stone additionally brings a claim for intentional infliction of emotional distress stemming from "Defendants'" failure to apprise her of her husband's condition in the immediate aftermath of the explosion.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 16, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'" *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead facts establishing its causes of action against **each defendant**; blanket assertions against all "Defendants" will not suffice. *See*, *e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950. In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

Plaintiffs' cursory and conclusory allegations fail to establish a cognizable cause of action against M-I. Plaintiffs' sole allegation concerning M-I's involvement with the *Deepwater Horizon* is that the company "provide[d] drilling fluid services to the rig *Deepwater Horizon*" and, "in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before

3

and during the cement operation, thus allowing gas to escape ignite [*sic*]." Pet. ¶ 14. This single allegation is wholly insufficient to establish "more than a sheer possibility" that M-I is responsible for Plaintiffs' injuries. Accordingly, Plaintiffs' claims should be dismissed.

I.  **Plaintiffs' Complaint Is Governed By Maritime Law, So Any State Law Claims Fail.**

Despite invoking the Court's maritime and admiralty jurisdiction, Plaintiffs appear to allege that their claims are governed by Texas law. Pet. ¶¶ 9, G(3). However, maritime law governs Plaintiffs' action. Where an injury occurs on navigable water and the incident involved has a substantial relationship to, or a potentially disruptive impact on, maritime commerce, maritime law supplies the rules of decision. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Here, Plaintiffs allege that Mr. Stone was injured while working on a vessel on the navigable waters, Pet. ¶ 12, and it is widely recognized that oil and gas drilling constitutes maritime commerce. *See*, *e.g.*, *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538-39 (5th Cir. 1986). Accordingly, general maritime law governs Plaintiffs' claims, and state law does not apply to this case. *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-65 (1986). To the extent that Plaintiffs attempted to assert state law causes of action, these claims fail as a matter of law.

II. **Plaintiffs Fail To State Any Cognizable Claims Against M-I.**

   A.  **Plaintiffs Alleged No Facts Establishing M-I's Negligence**.

Plaintiffs' allegation fails to establish a cognizable cause of action for negligence against M-I. Plaintiffs' **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company, was "contracted to provide drilling fluid services" on the rig. Pet. ¶ 14. Without alleging facts explaining how the drilling fluids contractor had responsibility for cement operations, Plaintiffs assert in conclusory fashion that M-I, in conjunction with Halliburton, allowed gas to escape from the well during those cement operations. *Id.* ¶ 14. Plaintiffs further

4

assert that even though Mr. Stone was employed by Transocean and Transocean owned the rig on which he worked, M-I is liable in negligence for failing to "provide a safe workplace." *Id.* ¶¶ 12, 18.

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted).  Plaintiffs' minimal and inconsistent allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to Plaintiffs and that the breach proximately caused his injuries.  Instead, this single allegation concerning M-I constitutes a "naked assertion" that is "devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

Especially now, with the benefit of substantial discovery in this case, Plaintiffs should be required to plead facts that demonstrate M-I's probable liability for their alleged injuries.  The single fact as pled is insufficient to establish Plaintiffs' entitlement to relief.  Accordingly, their negligence claim should be dismissed.

**B.     Because M-I Neither Owned Nor Operated The *Deepwater Horizon*, It Is Not Liable For The Seaworthiness Of The Vessel.**

Plaintiffs allege a claim for unseaworthiness against "Defendants." Pet. ¶ 17.  However, M-I is not alleged to be—and, indeed, was not—the owner or operator of the *Deepwater Horizon*.  As such, to the extent Plaintiffs allege this claim against M-I, it is foreclosed.

"A shipowner's duty to provide a seaworthy vessel is absolute and nondelegable." *Picou v. D & L Towing, Inc.*, No. 09-2810, 2010 WL 2696468, at *2 (E.D. La. July 2, 2010) (citing *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991)); *see also Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 181 (5th Cir. 1981).  As such, the duty extends only to the owner or operator of a

vessel. *Baker*, 656 F.2d at 181 (citing *Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)). Plaintiffs allege that Transocean "owned" the vessel. Pet. ¶ 14. Accordingly, Plaintiffs' unseaworthiness claim against M-I must be dismissed.

### C. Mrs. Stone Failed To Plead A Claim For Intentional Infliction Of Emotional Distress.

Mrs. Stone's claim for intentional infliction of emotional distress ("IIED") fails as a matter of law. IIED has been recognized under general maritime law, but it requires an exceptional showing by a plaintiff:

> "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. **Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.** Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "'Outrageous!'"

*Wallis ex rel. Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).

Whether conduct qualifies as outrageous and atrocious can be decided as a matter of law. *Id.* at 842. To qualify, the plaintiff must demonstrate that the defendant "went out of [its] way to torment or mistreat the [p]laintiff in a manner that our society would view as utterly deplorable." *Id.* Plaintiffs allege that Mrs. Stone was not informed of her husband's condition for twenty-four hours after the explosion on the rig.[1] Pet. ¶ 19. However, Plainitffs provide a rational explanation for Defendants' alleged conduct, namely, that "[u]nder their own emergency policies and procedures one of the first orders of business . . . was to determine the status of all

---

[1] Plaintiffs make these allegations against all "Defendants" even though they concede that Mr. Stone was employed by Transocean, the owner of the rig. Pet. ¶¶ 12, 14.

6

employees aboard the vessel at the time of the explosion" and "several crewmembers were missing." *Id.* Plaintiffs do not assert that Defendants engaged in this alleged conduct with the intent to cause Mrs. Stone emotional harm; instead, Plaintiffs explain that Defendants made the alleged decision to withhold information pursuant to company policies and in order to account for missing crew members. *Id.* Nothing in Plaintiffs' Complaint suggests atrocious, intolerable, indecent conduct by M-I; Mrs. Stone's claim fails as a matter of law and should be dismissed. *See, e.g.*, *Wallis*, 306 F.3d at 842 (holding that the plaintiff's IIED claim failed because, *inter alia*, ship captain's comments that plaintiff's missing husband was "probably dead and that his body would be sucked under the ship, chopped up by the propellers, and probably not be recovered" not "extreme and outrageous").

### III. Plaintiffs' Recovery Is Limited To Pecuniary Damages, Which Forecloses Mrs. Stone's Loss Of Consortium Claim.

Notwithstanding the foregoing, to the extent Plaintiffs have pled any cognizable claims against M-I, they are limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004). Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are not an available remedy for a Jones Act seaman . . . ."). This includes Mrs. Stone's claim for loss of consortium. *See Doyle v. Graske*, 579 F.3d 898, 907-08 (8th Cir. 2009) (citing

*Miles*, 498 U.S. at 32) (loss of consortium is not available under general maritime law or for the spouses of Jones Act seamen).

Here, Mr. Stone has invoked his Jones Act status. Pet. ¶ 12 (citing the Jones Act, 46 U.S.C. § 30104). Thus, to the extent Plaintiffs are seeking non-pecuniary damages, including, punitive damages, from M-I, such damages claims are foreclosed under controlling law and should be dismissed.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Plaintiffs' Petition in Intervention.

**MORGAN, LEWIS & BOCKIUS LLP**

 /s/ *Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiffs' Petition in Intervention has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

                                           /s/ *Hugh E. Tanner*
                                           Hugh E. Tanner