| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br>SECTION: J |
| This pleading applies to: | § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| **All cases in Pleading Bundle Section III.B(1) (the "B1 Bundle")** | § § § | |
| This pleading applies to: | § § | |
| *No. 2:10-CV-2771* | § | |

## DEFENDANT M-I L.L.C.'S MOTION TO DISMISS THE FIRST AMENDED MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES ["B1 BUNDLE"]

Defendant M-I L.L.C. ("M-I") respectfully moves this Court to dismiss the Bundle B1 Plaintiffs' First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses [Doc. 1128] (the "B1 Complaint") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

A lawsuit must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The district court "has the power to dismiss for lack of subject-matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "When challenging a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010).

A motion to dismiss must also be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotation omitted).

For these reasons, and as set forth more fully in the attached Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion to Dismiss, M-I respectfully requests dismissal of all claims alleged against it.

March 11, 2011

    Respectfully submitted,

    **MORGAN, LEWIS & BOCKIUS LLP**

    By:    /s/ Hugh E. Tanner

    Hugh E. Tanner
    htanner@morganlewis.com
    Denise Scofield
    dscofield@morganlewis.com
    Shannon A. Lang
    slang@morganlewis.com
    James B. Tarter
    jtarter@morganlewis.com
    1000 Louisiana St., Suite 4000
    Houston, TX 77002
    Telephone: 713.890.5000
    Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing *M-I L.L.C.'S Motion to Dismiss the First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses ["B1 Bundle"]* has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of March, 2011.

                                                    */s/ Hugh E. Tanner*
                                                      Hugh E. Tanner