**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | |
|        "DEEPWATER HORIZON" in the | § | MDL No. 2179 |
|        GULF OF MEXICO on | § | |
|        APRIL 20, 2010 | § | SECTION: J |
| | § | |
| Applies to: | § | Judge Carl J. Barbier |
| | § | Magistrate Judge Sally Shushan |
| *Roshto v. Transocean, Ltd., et al.,* | § | |
| No. 2:10-CV-1156 | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

March 11, 2011

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that led to the presumed death of Plaintiff Shane Roshto.  Based on a **single alleged fact**, M-I L.L.C. ("M-I"), the drilling fluids contractor on the rig, is alleged in this suit to be liable for Roshto's death.  However, while Plaintiffs may have viable claims against some Defendants in this action, they have failed to plead a cognizable claim against M-I.  Plaintiffs' claim against M-I should therefore be dismissed.

## STATEMENT OF FACTS

Plaintiff-decedent Shane Roshto was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig that led to his presumed death.  Pls.' 2d Am. Compl. ¶¶ 5-7a.  Shane Roshto's personal representative, Plaintiff Natalie Roshto, brings suit against M-I, alleging under various theories that M-I was negligent with respect to its activities on the rig and is responsible for Shane Roshto's death.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 16, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'"  *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice.  *See, e.g., Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950.  In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

Plaintiffs' cursory and conclusory allegations fail to establish a cognizable cause of action against M-I.  Plaintiffs' **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company, "in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape and ignite, ultimately resulting in a deadly explosion." Pls.' 2d Am. Compl. ¶ 7e.  This allegation

alone is wholly insufficient to establish "more than a sheer possibility" that M-I is responsible for Shane Roshto's death.  Accordingly, Plaintiffs' negligence claim should be dismissed.

**I.     The Jones Act**

Plaintiffs have alleged that all named Defendants in this action are liable for negligence "pursuant to the provisions of 46 USC § 30104 and the general maritime law for negligence." Pls.' 2d Am. Compl. ¶ 12.  To the extent Plaintiffs are alleging the statutory claim against M-I, they have pled facts that foreclose it.  Claims under 46 U.S.C. § 30104—known as the Jones Act—can only be brought against a plaintiff's employer.  *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 (5th Cir. 2004).  Plaintiffs allege that "[a]t all material times, Shane Rosto was employed by **TRANSOCEAN ENTITIES** as a Jones Act seaman."  Pls.' 2d Am. Compl. ¶ 5 (emphasis added).  Because this allegation entirely forecloses a Jones Act claim against M-I, the claim must be dismissed.

**II.    General Maritime Law**

**A.     Plaintiffs' Single Cursory Factual Allegation Concerning M-I Is Insufficient To Establish Their Entitlement To Relief Under Any Theory Of Negligence.**

Plaintiffs have alleged a **single fact** regarding M-I's involvement with the *Deepwater Horizon*—that M-I, "in conjunction with Halliburton," allegedly "failed to maintain appropriate drilling fluid weight before and during the cement operation."  Pls.' 2d Am. Compl. ¶ 7e.  With respect to Halliburton, Plaintiffs allege that Halliburton—not M-I—was responsible for this unspecified cementing operation on the rig.  *Id.* ¶ 7b.  "To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury."  *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted).  Plaintiffs' allegations are

insufficient to demonstrate that M-I plausibly breached any duty owed to Plaintiffs and that the breach proximately caused their injuries.   Instead, this single allegation concerning M-I constitutes a "naked assertion" that is "devoid of further factual enhancement."  *Iqbal*, 129 S. Ct. at 1949.

To the extent Plaintiffs are alleging negligence *per se*, Pls.' 2d. Am. Compl. ¶ 13, their claim is equally flawed and wholly devoid of factual support.   Negligence *per se* is a tort doctrine by which a court may adopt a legislative standard as the standard of conduct against which to judge a defendant's alleged negligent conduct.  *Bell v. Am. Traffic Solutions, Inc.*, 633 F. Supp. 2d 305, 312 (N.D. Tex. 2009), *aff'd in part, vacated in part on other grounds*, 371 F. App'x 488 (5th Cir. 2010).  It can, in appropriate circumstances, apply in the maritime context. *See Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996).  Plaintiffs allege that Shane Roshto's death was "caused by defendants' violation of numerous statutes and regulations."  Pls.' 2d. Am. Compl. ¶ 13.   However, Plaintiffs have failed to identify **any** regulation allegedly violated by M-I, much less one specific to M-I's alleged provision of drilling fluids on the rig.  Absent any factual allegations Plaintiffs' claim against M-I under negligence *per se* must be dismissed.

Especially now, with the benefit of substantial discovery in this case, Plaintiffs should be required to plead facts that demonstrate M-I's probable liability for their alleged injuries.  The single fact as pled is insufficient to establish Plaintiffs' entitlement to relief.   Accordingly, Plaintiffs' negligence claim against M-I should be dismissed.

### B.    The Doctrine *Res Ipsa Loquitur* Cannot Be Applied In This Case.

Plaintiffs aver that the doctrine of *res ipsa loquitur* applies in this case.  Pls.' 2d Am. Compl. ¶ 16.  However, Plaintiffs' allegations foreclose the applicability of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "**which does not ordinarily occur in the absence of negligence**" and where "**the cause of the harm is obvious**." *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) (emphasis added) (internal quotation omitted).  The doctrine can only be applied where the instrumentality alleged to have caused the plaintiff's injury was under "the **exclusive control** of the defendant."  *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (emphasis added); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985) (emphasis added).  Further, the doctrine applies only "where the likelihood of causes other than the defendant" is ruled out.  *Michaels*, 202 F.3d at 754 (internal quotation omitted).

Here, the cause of the explosion that killed Shane Roshto is far from "obvious," as evidenced by Plaintiffs' litany of purported causes of the accident.  Pls.' 2d Am. Compl. ¶ 7b (cementing operations caused the explosion); *id.* ¶ 7c (defective downhole products caused the explosion); *id.* ¶ 7d (defective preventers and wellhead connectors caused the explosion); *id.* ¶ 7e (drilling fluid caused the explosion); *id.* ¶ 13 (violations of unspecified statutes caused the explosion).

Most damaging to Plaintiffs' claim, however, is their allegation that the *Deepwater Horizon* was, "[a]t all materials times" "owned and/or operated and/or chartered and/or controlled by" Transocean and BP.  *Id.* ¶¶ 6, 11.  M-I is nowhere alleged to have **any** control over the rig, much less exclusive control.  Accordingly, the Court should find *res ipsa loquitur* inapplicable to Plaintiffs' claims against M-I in this case.

## III.   <u>Punitive Damages</u>

Notwithstanding the foregoing, to the extent Plaintiffs have pled a general maritime negligence claim—whether styled as a personal injury claim or a wrongful death claim—they are

limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004).  Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are **not** an available remedy for a Jones Act seaman . . . .").

Here, Plaintiffs have alleged that Shane Roshto was a Jones Act seaman and that he was employed by Transocean.  Pls.' 2d Am. Compl. ¶ 5.  They are seeking recovery for non-pecuniary damages, including, *inter alia*, mental anguish, grief, emotional distress, loss of future earnings, and loss of society.  *Id.* ¶ 17.  These damages claims are foreclosed under controlling law and should be dismissed.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Plaintiffs' Second Amended Complaint.

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ Hugh E. Tanner
Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiffs' Second Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

 /s/ *Huge E. Tanner*
Hugh E. Tanner