# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J |
| Applies to: | § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| *Trahan v. BP, PLC*, et al., No. 2:11-CV-0263 | § § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION

**MORGAN, LEWIS & BOCKIUS LLP**

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

March 11, 2011

**INTRODUCTION**

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiff Buddy Trahan. Despite having failed to allege a **single relevant** fact, Trahan alleges that M-I L.L.C. ("M-I"), a contractor on the rig providing drilling fluids to BP, is liable for his injuries. However, while Trahan may have viable claims against some Defendants in this action, he has failed to plead a cognizable claim against M-I. Trahan's claims against M-I should therefore be dismissed.

**STATEMENT OF FACTS**

Plaintiff Buddy Trahan was employed by Defendant Transocean and working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig. Pet. ¶¶ 23-25. Trahan alleges that he suffered physical and emotional injuries as a result of the accident and brings suit against M-I and others. *Id.* ¶¶ 15, 25, 38. Trahan alleges under various theories that M-I was negligent with respect to its activities on the rig and brings an additional claim for products liability; he is seeking unspecified damages.

**STANDARD OF REVIEW**

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 16, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'" *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice. *See, e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950. In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

Plaintiff's cursory and conclusory allegations fail to establish a cognizable cause of action against M-I. Trahan's **sole allegation** concerning M-I's involvement with the *Deepwater Horizon* is that the company "was the drilling fluid specialist for the Deepwater Horizon." Pet. ¶ 15. **Not a single additional fact** about M-I is alleged in Trahan's Complaint. This single allegation is wholly insufficient to establish "more than a sheer possibility" that M-I is responsible for Trahan's injuries. Accordingly, his claims should be dismissed.

## II. Trahan's Single Factual Allegation Concerning M-I, And His Blanket Allegations Concerning "All Defendants," Fail To Establish Cognizable Claims.

### A. Trahan Has Failed To Plead A Claim For Negligence.

#### 1. Trahan's Single Cursory Factual Allegation Concerning M-I Is Insufficient To Establish His Entitlement To Relief.

Trahan has alleged a **single fact** regarding M-I's involvement with the *Deepwater Horizon*—that M-I provided drilling fluids on the rig. Pet. ¶ 15. Despite alleging that BP operated the Macondo well, *id.* ¶ 12, and that Transocean owned and operated the rig, *id.* ¶ 23, from his single, narrow allegation about M-I, Trahan makes the unsupportable leap to alleging that **all Defendants** share equally in responsibility and blame for his injuries. Such undifferentiated, blanket allegations fail to satisfy federal pleading standards. *See, e.g.*, *Lane v. Cap. Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum pleading standard of [Federal Rule of Civil Procedure] 8."); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). A plaintiff "cannot simply 'lump' all the defendants together and allege that **the purported acts of every defendant can be imputed to every other defendant**." *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) (emphasis added). Indeed, while Trahan offers a litany of alleged failures by "Defendants" which allegedly caused his injuries, Pet. ¶ 26, **not one** of those failures involves drilling fluids, and M-I is nowhere alleged to have exercised authority or control over the drilling operations and employees on the rig. Trahan's "naked assertion" of negligence is "devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949.

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *See Canal*

*Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted). Under any theory of negligence, Trahan's allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to him and that the breach proximately caused his injuries. Especially now, with the benefit of substantial discovery in this case, Trahan should be required to plead facts that demonstrate M-I's probable liability for his alleged injuries. The single fact as pled is insufficient to establish Trahan's entitlement to relief. Accordingly, his negligence claim against M-I should be dismissed.

Similarly, to the extent Trahan is alleging negligence *per se*, his claim is wholly devoid of factual support. Pet. ¶ 26(t). Negligence *per se* is a tort doctrine by which a court may adopt a legislative standard as the standard of conduct against which to judge a defendant's alleged negligent conduct. *Bell v. Am. Traffic Solutions, Inc.*, 633 F. Supp. 2d 305, 312 (N.D. Tex. 2009), *aff'd in part, vacated in part on other grounds*, 371 F. App'x 488 (5th Cir. 2010). It can, in appropriate circumstances, apply in the maritime context. *See Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996). Trahan alleges that "Defendants" are liable for his injuries because they (apparently, collectively) "[v]iolat[ed] applicable regulations." Pet. ¶ 26(t). However, Trahan has failed to identify **any** regulation it claims M-I violated, much less one specific to M-I's provision of drilling fluids on the rig. Therefore, to the extent Trahan is intending to plead negligence *per se*, his claim against M-I must be dismissed.

        **2.**    **The Doctrine Res Ipsa Loquitur Cannot Be Applied In This Case.**

Trahan asserts that the doctrine of *res ipsa loquitur* applies in this case. Pet. ¶ 27. However, his allegations foreclose the applicability of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "which does not ordinarily occur in the absence of negligence" and where "**the cause of the harm is obvious**."

*Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) (emphasis added) (internal quotation omitted). The doctrine can only be applied where the instrumentality alleged to have caused the plaintiff's injury was under "the **exclusive control** of the defendant." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (emphasis added); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985) (emphasis added). And, the doctrine applies only "where the likelihood of causes other than the defendant" is ruled out. *Michaels*, 202 F.3d at 754 (internal quotation omitted).

Here, the cause of the explosion that allegedly injured Trahan is far from "obvious," as evidenced by his litany of purported causes of the accident. Pet. ¶ 26(a) (poor well design caused the accident); *id.* ¶ 26(c) (improper cement plugs caused the accident); *id.* ¶ 26(f) (the lockdown seal assembly caused the accident); *id.* ¶ 26(k) (inadequate cement caused the accident). Trahan's allegations—especially his blanket allegations against all "Defendants"—further establishes that the conduct of a party other than M-I cannot be eliminated as a more probable cause of his alleged injuries. *Toney v. United States*, 273 F. App'x 384, 386 (5th Cir. 2008).

Most damaging to Trahan's claim, however, is his allegation that Transocean was "the owner[] and/or operator[]" of the *Deepwater Horizon*. Pet. ¶ 23. M-I is nowhere alleged to have **any** control over the rig, much less exclusive control. Accordingly, the Court should find *res ispa loquitur* inapplicable to Trahan's claims against M-I in this case.

B.     **Trahan Has Failed To Plead A Claim For Products Liability**

Trahan's products liability claim is equally flawed. Trahan alleges that M-I is liable in negligence and strict liability for unspecified defects in "the drilling fluid used to drill the well." Pet. ¶ 29. Products liability causes of action are recognized under general maritime law. *E. River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858, 865 (1986). When "based on

negligence, they are grounded in principles already incorporated into the general maritime law." *Id.* at 866 (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959)). When based on strict liability, the claim requires proof that the defendant sold a product in a "defective condition unreasonably dangerous to the user" and (1) is a seller engaged in the business of selling such a product, (2) the product was sold to and reaches the user in a defective condition, and (3) the defective product causes the plaintiff's injury. *See Pan-Alaska Fisheries, Inc. v. Marine Constr. & Design Co.*, 565 F.2d 1129, 1135 (9th Cir. 1977).

Trahan has failed to allege any facts to support his claim, regardless of his theory of relief. Trahan has simply alleged that M-I provided a product that was on the rig and that the rig subsequently caught fire. He has alleged no facts identifying with specificity the M-I product at issue, how it might have been defective, how the defect was introduced, or how that defect caused his alleged injuries. Accordingly, his products liability claim against M-I fails and should be dismissed.

**III.     Trahan's Claim For Punitive Damages Fails As A Matter Of Law.**

Notwithstanding the foregoing, to the extent Trahan has pled any cognizable claims against M-I, he is limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004). Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover non-pecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are **not** an available remedy for a Jones Act seaman . . . .").

Here, Trahan asserts that he was employed by Transocean and working on a vessel in the navigable waters in the Gulf of Mexco when he suffered his alleged injuries. Pet. ¶¶ 1, 23. As such, he qualifies as a Jones Act seaman. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 353 (1995) ("The test of seaman status under the Jones Act is an employment-related connection to a vessel in navigation.") (alteration and internal quotation omitted). To the extent he is seeking recovery for non-pecuniary damages, including, punitive damages, from M-I, such damages claims are foreclosed under controlling law and should be dismissed.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Trahan's Original Petition.

**MORGAN, LEWIS & BOCKIUS LLP**

  /s/ *Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiff's Original Petition has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of March, 2011.

                                                  /s/ *Huge E. Tanner*
                                                  Hugh E. Tanner