UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| Of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | * | |
| Relates to Case No. 10-4252 | * | |
| | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |
| * * * * * * * * * * * * * * * * | | |

PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S
MOTION TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO
STATE A CLAIM UNDER RULE 12(B)(6)

**NOW INTO COURT** comes Plaintiff, Darrell L. Reed (hereinafter "Plaintiff"), through undersigned counsel, who respectfully submits the following opposition to HALLIBURTON ENERGY SERVICES, INC'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) [Record Doc. 1172] for claims asserted in the case 10-4252, and respectfully requests the Court to **DENY** same.

LEGAL ARGUMENT

As an initial matter, Plaintiff has, concurrently with this Response, filed PLAINTIFF'S MOTION FOR LEAVE TO FILE THE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT [Record Doc. No. 1607, filed 03/14/11] seeking leave to amend his claims, in part more fully detailing the allegations against Halliburton Energy Systems, Inc. (hereinafter "HESI") [See Record Doc. No. 1607-4, filed 03/14/11]. Granting of leave to supplement and amend Plaintiff's claims should moot certain of HESI's claimed grounds for dismissal as is noted below.

1

1. **Plaintiff Does Not Allege Jones Act Status with Regard to HESI.**

HESI argues that Plaintiff cannot state a claim against HESI under the Jones Act. Plaintiff has not alleged Jones Act claims against HESI. [See Doc. 1-1, Case No. 2:10-cv-04252, ¶¶ 20-21; see also Record Doc. No. 1607-4, filed 03/14/11, ¶¶ 28-29.]  As to Darrell L. Reed, this part of the motion and argument is moot.

2. **Plaintiff Alleges Sufficient Facts to State a Claim for Relief.**

Plaintiff has, concurrently with this Response, moved for leave to file a FIRST SUPPLEMENTAL AND AMENDING COMPLAINT providing additional factual material in support of his claims against HESI contained in his original PETITION FOR DAMAGES. Plaintiff's FIRST SUPPLEMENTAL AND AMENDING COMPLAINT provides an additional 72 paragraphs of allegations regarding the conduct and knowledge of HESI with regard to its operations on the Deepwater Horizon and the resulting effect on Plaintiff. [See Record Doc. No. 1607-4, filed 03/14/11, ¶¶ 14, 15, 24 and 27.]

Moreover, Plaintiff hereby adopts and incorporates fully by reference, as if copied here *in extenso*, the legal argument regarding the sufficiency of Plaintiff's factual allegations to state a claim for relief presented by the Liaison Counsel of the Plaintiffs' Steering Committee ("PSC") in the OMNIBUS RESPONSE MEMORANDUM TO HALLIBURTON'S MOTIONS TO DISMISS BUNDLE "A" CLAIMS. [Record Doc. No. 1610, filed 03/14/11, pp. 2-10, 17-21, Sections "I" and "III".]

The allegations set out in Plaintiff's PETITION FOR DAMAGES and FIRST SUPPLEMENTAL AND AMENDING COMPLAINT are sufficient and meet the *Twombly/Iqbal* plausibility standard.

3. **Plaintiff has Stated Viable Claims Against HESI for Non-Pecuniary and Punitive Damages.**

Plaintiff was employed as a seaman aboard the Deepwater Horizon on April 20, 2010. [See Doc. 1-1, Case No. 2:10-cv-04252, ¶ 7.] As a result of the explosions, fire and sinking of the Deepwater Horizon, Darrell L. Reed suffered severe trauma and shock, bodily injury, soreness, post traumatic stress disorder and aggravation of pre-existing psychiatric condition. [See Doc. 1-1, Case No. 2:10-cv-04252, ¶¶ 8-9.]

Plaintiff hereby adopts and incorporates fully by reference, as if copied here *in extenso*, the legal argument regarding the availability of non-pecuniary and punitive damages presented by the Liaison Counsel of the PSC in the OMNIBUS RESPONSE MEMORANDUM TO HALLIBURTON'S MOTIONS TO DISMISS BUNDLE "A" CLAIMS. [Record Doc. no. 1610, filed 03/14/11, pp. 10-16, Section "II".]

Plaintiff's claims against HESI for non-pecuniary and punitive damages are recognized and viable under the general maritime law.

4. **Plaintiff's *Res Ipsa Loquitor* Allegation is not a "Claim for Relief" that Can be Dismissed.**

Plaintiff has set forth allegations of *res ipsa loquitur* claiming that this evidentiary doctrine applies with regard to the conduct of Defendants, including HESI. Plaintiff hereby adopts and incorporates fully by reference, as if copied here *in extenso*, the legal argument regarding the evidentiary nature of the *res ipsa loquitor* doctrine presented by the Liaison Counsel of the Plaintiffs' Steering Committee PSC in the OMNIBUS RESPONSE MEMORANDUM TO HALLIBURTON'S MOTIONS TO DISMISS BUNDLE "A" CLAIMS. [Record Doc. no. 1610, filed 03/14/11, pp. 21-23, Section "IV".]

3

Plaintiff's allegations of *res ipsa loquitur* constitute an evidentiary doctrine, not a "claim for relief" subject to dismissal as a matter of law.

## CONCLUSION

For the foregoing reasons, Halliburton Energy Services, Inc's Motion to Dismiss the claims of Darrell L. Reed should be **DENIED**.

Dated: March 14, 2011

Respectfully submitted,

   /s/   Soren E. Gisleson
Soren E. Gisleson, La. Bar No. 26302
James C. Klick, La. Bar No. 7451
Stephen J. Herman, La. Bar No. 23129
Joseph E. Cain, La. Bar No. 29785
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024

Jerold Edward Knoll, La. Bar No. 2214
Jerold Edward Knoll, Jr., La. Bar No. 26956
Edmond H. Knoll, La. Bar No. 29046
THE KNOLL LAW FIRM, LLC
P.O. Box 426
233 South Main Street
Marksville, Louisiana 71351
Telephone: (318) 253-6200
Fax No. (318) 253-4044

*Counsel for Darrell L. Reed*

## Certificate of Service

I hereby certify that the above and foregoing PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of March, 2011.

　　　/s/  Soren E. Gisleson__ ___
　　　Soren E. Gisleson, Esq.