# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: DEEPWATER HORIZON** | * | **MDL 2179** |
| | * | |
| **(This Pleading Applies Only To Case Nos.** | * | |
| **10-cv-01156 Roshto)** | * | **SECTION J (JUDGE BARBIER)** |
| | * | |
| | * | |
| | * | **MAGISTRATE (JUDGE SHUSHAN)** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN OPPOSITION OF PLAINTIFF, NATALIE ROSHTO, TO DEFENDANT TRANSOCEAN LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MAY IT PLEASE THE COURT:

Plaintiff, Natalie Roshto, individually and as personal representative of the estate of Shane Roshto, and her minor son, Blaine Roshto, submits this Memorandum in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant, Transocean Ltd. ("Transocean") for the reason that the motion is premature and misplaced. Before a motion to dismiss for lack of personal jurisdiction is granted, Plaintiff must be afforded an opportunity to accomplish limited jurisdictional discovery. Accordingly, Transocean's motion must be denied or alternatively, deferred as set forth below.

In short, Transocean's motion is premature. A determination of personal jurisdiction is a

1

factually intensive inquiry.  Therefore, a determination of personal jurisdiction depends in large part on facts learned through discovery, little of which has taken place thus far.  Thus, determining personal jurisdiction is premature at this juncture.

Personal jurisdiction in Louisiana is limited only by the confines of due process.  In analyzing due process safeguards, courts require that: (1) the defendant purposefully availed itself of the benefits and protections of forum state by establishing "minimum contacts" with that state; and (2) that the exercise of personal jurisdiction not offend "traditional notions of fair play and substantial justice."  *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).  The touchstone of a "minimum contacts" analysis is whether the defendant "reasonably anticipates being haled into court" in Louisiana."  *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006).  No single factor is determinative; rather the fact intensive inquiry turns on the totality of the facts. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) *cert. denied,* 131 S. Ct. 68, 178 L. Ed. 2d 23 (U.S. 2010).

As discovery in the instant case has only just begun, a final determination of personal jurisdiction is premature.  At the very least, Plaintiff should be allowed to conduct jurisdictional discovery prior to any ruling on Transocean's instant motion.  Specifically, Plaintiff should be allowed to conduct limited jurisdictional discovery to determine Transocean's contacts with, and availment to, Louisiana before ruling.

Further, in Transocean's motion, a number of the Transocean's subsidiaries are also named defendants in this matter.  A determination of Transocean's amenability to personal jurisdiction through its subsidiary companies adds to the prematurity of Transocean's motion.  In *Hargrove v. Fireboard Corp.*, 710 F.2d 1154, 1159-560 (5th Cir. 1983), the Court identified the following as

relevant to determining if jurisdiction existed over a parent corporation based on the acts of its subsidiaries: (1) amount of stock owned by the parent of the subsidiary, (2) whether the two corporations have separate headquarters, (3) whether they have common officers and directors, (4) whether they observe corporate formalities, (5) whether they maintain separate accounting systems, (6) whether the parent exercises complete authority over general policy, and (7) whether the subsidiary exercises complete authority over daily operations.  Plaintiff has not been afforded the opportunity to conduct discovery on any of these topics, and none of these issues were adequately addressed in Transocean's Motion.

A determination of this Court's personal jurisdiction over Transocean remains premature based on the factually intensive inquiry required to render such a decision and the modest amount of discovery that has been completed to date.  Therefore, Plaintiff respectfully requests that this Court DENY Transocean's Motion, or in the alternative, defer ruling and grant Plaintiff the opportunity to conduct sufficient discovery to determine the "minimum contacts" of Transocean and its subsidiaries.

Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**


/s/ Scott R. Bickford
**SCOTT R. BICKFORD T. A., (#1165)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, LA  70130
504/581-9065 (Telephone)
504/581-7635 (FAX)
usdcedla@mbfirm.com

and

3

RONNIE G. PENTON (#10462)
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
(985) 732-5651
(985) 735-5579
rgp@rgplaw.com

**<u>Certificate of Service</u>**

I hereby certify that the above and foregoing pleading was electronically filed through the CM/ECF System and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 too all counsel of record on this the 14th day of March, 2011.

/s/ Scott R. Bickford
SCOTT R. BICKFORD