

IRPINO   LAW   FIRM

March 14, 2011

**VIA E-MAIL**

The Honorable Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

      Re:   *In re: Oil Spill by the Oil Rig "Deepwater Horizon,"* **MDL No. 2179**
             **OUTSDANDING DISCOVERY ISSUES**

Dear Magistrate Shushan:

      We are writing to set forth certain matters that we would like to take up at the Friday conference on March 18, 2011, relating to the BP Defendants' written responses and objections to certain of the Plaintiffs' discovery requests. The parties have met and conferred on multiple occasions with respect to many different discovery issues, resulting in significant resolution. However, the following represents the outstanding issues upon which we still require your Honor's guidance.

      **A.**    **Timing of Productions by BP.**

      In its written responses to Plaintiffs' Requests for Production, the BP Defendants have responded to a substantial number of the requests, on the 30th day as allowed by the Federal Rules of Civil Procedure, by stating that, subject to certain objections, they are "searching" and "will produce" responsive, non-privileged documents. The responses, however, do not state *when* such documents will be produced. This is a common issue that runs across all of BP's written responses to Plaintiffs' discovery requests to date.

      The problem with such open-ended "searching" and "will produce" responses is that they effectively shift the burden back to Plaintiffs to keep track of the BP Defendants' document productions in response to individual requests (when the BP Defendants' transmittal letters with documents do not indicate what individual requests are being responded to) and would require the Plaintiffs to repeatedly get back to the BP Defendants to enquire whether documents have yet

been produced in response to particular requests. While Plaintiffs understand that BP is handling a large volume of discovery requests from various parties and entities, Plaintiffs submit that BP should be required to provide dates or a timetable on which it intends to produce documents as opposed to an open-ended response of "searching" and "will produce." Plaintiffs will, of course, be reasonable and agree to requests for extensions of time on the timetable where appropriate.

### B.     Marketing and Press Release Documents.

In RFP No. 24, the Plaintiffs have requested "documents or communications relating to any marketing, public relations campaigns, or similar activities you have authorized, participated in, or been involved with as a result of the incident." In RFP No. 26, the Plaintiffs have requested "documents or communications relating to any statements, including drafts, you have released to the press since the incident."

Plaintiffs understand BP to have agreed to produce documents actually used for the purpose of marketing, public information, or public relations related to the Incident. In addition, Plaintiffs understand BP to have agreed to produce press releases actually issued. However, BP has objected to producing "communications relating to" such documents as "overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party." In other words, the BP Defendants would not be producing the e-mails and other documents in which the contents of their marketing materials and press releases are discussed and debated and modified internally. Plaintiffs submit that such communications may include relevant evidence or lead to the discovery of relevant evidence. Plaintiffs submit that the BP Defendants should also produce drafts of both their marketing materials and press releases.

### C.     Documents Relating to Damages Analyses.

In a series of requests, Plaintiffs have asked for documents that are relevant to the determination of the damages caused by the oil spill. Specifically, in RFP No. 21, Plaintiffs requested documents relating to "any agreements between [the BP Defendants] and any federal, state or local governmental agency regarding reparations for any economic or physical damages, costs, losses, expenses, or injuries caused by the incident." In RFP No. 25, Plaintiffs requested "any documents relating to the budget for any economic damages, costs, losses, expenses, or injuries resulting from the incident, including any economic or physical damages, costs, losses, expenses, or injuries suffered or to be suffered by individuals, businesses, governments, and wildlife and any steps taken by you to mitigate any such damages, costs, losses, expenses, or injuries through advertising or other means." In RFP No. 51, Plaintiffs requested "any assessments of damages associated with the oil spill, including injuries to rig workers." In RFP No. 25, Plaintiffs made the same request but included injuries to "other individuals" beyond rig workers.

In response to these requests, BP has stated that it will produce the Plaintiff Profile Forms and documents submitted by any claimant to BP in connection with the OPA claims process and that it will produce grant agreements that it has entered into with various government entities relating to the oil spill and expenditures that it has made at the request of various governmental entities. However, BP has raised a series of objections to producing documents beyond this.

These objections include the objection that the "request calls for the production of documents regarding government claimants similar in nature to plaintiffs' discovery requests related to the Gulf Coast Claims Facility, which were expressly denied by Judge Barbier at a MDL 2179 hearing on October 15, 2010. (*See* 10/15/10 MDL 2179 Hearing Transcript at 22:9-20, 24:4-5.)"

At the referenced MDL 2179 hearing, Judge Barbier stated: "But I don't see the relevance of discovery -- how the discovery of contracts or other communications between BP and Mr. Feinberg's firm or his internal guidelines, protocols, other documents, those sorts of things, really are relevant to any claims involved in this litigation." BP appears to be relying on this statement for a much broader objection than the Court's ruling supports. The discovery requests referenced above would encompass documents other than and different from contracts and communications with Feinberg Rozen LLP or internal protocols being used by the GCCF. While Plaintiffs respect the Court's ruling, the referenced requests seek information that is different from the discovery referred to by Judge Barbier.

### D.    Documents Relating to Safety History: Limitation to the Gulf of Mexico

Plaintiffs have also issued a series of requests relating to the safety history, safety culture and past safety incidents involving BP. Specifically, in RFP No. 57, Plaintiffs requested documents "relating to any studies, investigations, or analyses done during the relevant time period regarding your safety history or safety culture, including any studies, investigations or analyses done by any consulting firm, insurance company, or government." In RFP No. 61, Plaintiffs have requested copies of "any government citations to any BP rig operating in American waters during the relevant time period." And in RFP No. 166, Plaintiffs have requested documents "regarding major accident risk awareness for the relevant time period [a reference to BP's Major Accident Risk or "MAR" process – an internal risk assessment process utilized by BP]."

Plaintiffs understand BP to have agreed to produce such documents to the extent they relate to BP operations in the Gulf of Mexico. However, BP has objected to producing such documents beyond that geographical limitation. Plaintiffs submit that the geographic limitation to the Gulf of Mexico is not appropriate, and that the responses should include any offshore drilling rigs owned, operated or leased by BP outside of the Gulf of Mexico as well. The scope of the relevant safety issues are not defined by a geographical scope, but rather by a type of operation – the use of offshore drilling rigs, no matter where they happen to be located.

We look forward to discussing these matters with the Court.

Respectfully submitted,

Anthony Irpino
Curt Minor
Ervin Gonzales

cc:	Plaintiffs' Liaison Cousel [Via Email]
	Defense Liaison Counsel [Via Email]
	Mike Underhill [Via Email]
	Andrew Langan [Via Email]
	Timothy A. Duffy [Via Email]
	Mark Nomellini [Via Email]
	Brian P. Kavanaugh [Via Email]