UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| This Document Relates Only To:<br>*Rhodes v. Transocean, Ltd., et al*<br>2:10-CV-01502 | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**Karl W. Rhodes' Memorandum Opposing Halliburton
Energy Service, Inc.'s Motion to Dismiss**

Petitioner, Karl W. Rhodes, files his opposition to the Rule 12(b)(6) motions filed by Halliburton Energy Services, Inc. ("HESI") (Rec. Doc. 1176) and its Omnibus Memorandum in support of its motion to dismiss Bundle A personal injury cases (Rec. Doc. 1195).

**1.     Introduction.**

On April 20, 2010, petitioner was a seaman working aboard the vessel the *Deepwater Horizon* when the blowout, fire, explosions, and sinking occurred. He named HESI and other Transocean entities and parties as defendants in its original complaint (Rec. Doc. 1 in 10-cv-01502) and First (Rec. Doc. 17 in Docket No. 10-cv-1502), Second (Rec. Doc. 761) Amended Complaints. On March 13, 2011, petitioner filed a motion to file his Third Amended Complaints (Rec. Doc.

1605) asking leave of Court to amend his claims and, in part, to more fully detail his allegations against Halliburton. The Court's granting this motion allowing him to file his Third Amended Complaint should moot HESI's alleged grounds for dismissal as it states in greater specificity HESI's negligence in causing and/or contribution to this *Deepwater Horizon* incident. He dismissed Sperry-Sun Drilling Services, which is a division of HESI (Rec. Docs. 147 and 189).

**2.     HESI mistakenly believes that Mr. Rhodes sue it under the Jones Act, and for unseaworthiness and maintenance and cure.**

In its motion, HESI moves to dismiss Mr. Rhodes' claims against it under the Jones Act, and for unseaworthiness, and maintenance and cure. Mr. Rhodes does not assert those claims against HESI, in its original and amended complaints, as it is not his Jones Act employer. To that extent its motions are moot.

But Mr. Rhodes does allege that HESI's cement work on this job was defective and was negligently done, thus rendering the *Deepwater Horizon* unseaworthy. He, however, asserts his unseaworthy claim against the vessel's owner and operators, not HESI. To that extent therefore HESI's motions are moot.

**3.     Relevant opposing briefs already filed with the Court address HESI's remaining arguments.**

HESI's motions raise other arguments, namely, (a) Mr. Rhodes' complaint — presumably as amended — does not state sufficient factual material on its face to state a claim against it, (b) it is not liable for nonpecuniary and/or punitive damages under the Jones Act or general maritime law, (c) the *res ipsa loquitur* theory does not apply to it, (d) and Mr. Rhodes has no claim against it for products liability and/or defective equipment. Counsel in companion cases have thoroughly

addressed these arguments for the Court.

On March 14, 2011, the Plaintiffs' Steering Committee ("PSI"), through Liaison Counsel, filed an Omnibus Response Memorandum to HESI's motions to dismiss Bundle "A" claim (Rec. Doc 1610).  Additionally, the following parties filed memoranda opposing HESI 's Rule 12(b)(6) motions to include, for example: (a) *Jones* in Docket No. 2:10-cv-1196  (Rec. Doc. 1573), (b) *Kritzer* in Docket No. 2:10-cv-4427 (Rec. Doc. 1583), (c) *Francis* in Docket No. 2:10-cv-3168 (Rec. Doc. 1586), (d) *Roshto* (Rec. Doc. 1624), and (e) Williams (Rec. Doc. 1625).  These opposition memoranda address HESI's argument as stated in the preceding paragraph.

Rather than burden the Court with another detailed memorandum discussing these issues, Mr. Rhodes adopts by reference these above-identified memoranda as if it they were copied herein *in extenso*.

**4.    Conclusion.**

For the reasons explained above and in the referenced opposition memoranda, Karl W. Rhodes submits that the Court should deny HESI's motions.

>  */s/ Richard R. Kennedy*
>  RICHARD R. KENNEDY (#7788), T.A.
>  RICHARD R. KENNEDY (#26951)
>  309 Polk Street
>  P.O. Box 3243
>  Lafayette, LA   70502-3243
>  Phone:    (337) 232-1934
>  Fax:       (337) 232-9720
>  E-Mail:   ken309@richardkennedy.com
>  E-Mail:   rrk3@richardkennedy.com
>  *Attorneys for Karl W. Rhodes*

**Certificate of Service**

I hereby certify that the above and foregoing Pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 15th day of March, 2011.

　　　　　　　　　　　　　　　　　　*/s/ Richard R. Kennedy*