COMMONLY ASKED QUESTIONS

A.  Background and description of the Deepwater Horizon litigation

- **What is the litigation about?**
  This litigation involves the explosion of the Deepwater Horizon oil rig on April 20, 2010 and the subsequent oil spill.

- **Who is overseeing the litigation?**
  A federal court (the U.S. District Court for the Eastern District of Louisiana) in New Orleans is overseeing litigation.

- **Who are the parties in the litigation?**
  The Defendants are BP, Transocean, Halliburton and other companies involved in the drilling of the Macondo Well, the operation of the Deepwater Horizon oil rig, or the oil spill response.  The Plaintiffs are people, businesses, and government entities who claim that they were injured in the explosion, exposed to oil or dispersants, or suffered property damages, loss of income, or other economic losses as a result of the oil spill.

- **Is the Limitation case a class action?**
  No.  There are some class action pleadings filed within the Deepwater Horizon litigation, but the Court has not considered or approved any class action.  Such consideration has been stayed (put on hold) by the Court, and will not likely occur until after the February 2012 trial.  If and when a class action is ever considered or approved by the Court, you will then be able to decide whether you want to be a "class member" or not.

B.  The Limitation Trial

- **When is the trial?**
  The trial will be held in February 2012.

- **What is the limitation trial about?**
  Transocean, the owner of the Deepwater Horizon oil rig, wants to limit what it has to pay claimants under Maritime law.  The Limitation proceeding requires all persons who have Maritime or State Law claims resulting from the oil spill to bring those claims against Transocean in one proceeding (the trial).  In that proceeding, the Court is asked to decide whether Transocean can limit its liability (or what it is responsible to pay) under the law.  Transocean is trying to limit its liability for damages to $27 million.

  The Court may also determine other issues, such as the liability (if any) of Transocean, BP, and the other Defendants, whether some of the Defendants might be liable for gross negligence, and the allocation of fault between and among the Defendants.  Gross negligence involves a reckless disregard for the safety of others, and may form the basis of a punitive damage award.

- **What happens if Transocean's liability is limited?**

If Transocean's liability is limited, the Court will divide the money among people who have filed Claims in the Limitation, (which filing can be done through a Court-approved Short Form).

- **What if Transocean's liability is not limited?**
  If Transocean's liability is not limited, then claimants who file Short Forms will be able to pursue claims for money damages against Transocean (and/or the other Defendants) depending on the findings of fault and/or gross negligence.

  By filing a claim in the limitation proceeding, a claimant may be able to benefit from the findings of the Court in the February 2012 trial.

- **What issues will be decided during the trial?**
  The Court will decide whether Transocean, BP, Halliburton and the other Defendants are liable to the people who have filed claims. The Court may also consider "gross negligence" determinations.  The Court will additionally decide the amount of fault between and among Transocean, BP, Halliburton and the other Defendants for the blow-out, explosion and fire on April 20, 2010, as well as for the resulting oil spill.

- **If I file a Short Form, will I be required to appear at the trial?**
  Not formally. Your interests will be represented at the February 2012 Trial by attorneys appointed by the Court.  The Defendants may, at some point in the proceedings, request that you appear or provide testimony.

- **Can I be awarded money as part of the trial?**
  There will be no specific money award to individuals during the February 2012 Trial.  However, it is anticipated that the findings at trial will lay the foundation for damage awards, either through formal Court proceedings, or otherwise.  If you do not file a claim in the limitation proceeding, your claim may not be able to benefit from these findings.

  If you have questions regarding the Limitation procedure or the February 2012 Trial, you should consult with an attorney.

C. The deadline

- **What is the April 20, 2011 deadline for?**
  It's the deadline for filing a Short Form (or other Claim in Limitation) to preserve your right to recover money damages against Transocean.  If you file a Short Form, certain elements of your claim will be included in the trial.

- **What rights do people have if they don't participate?**
  If you don't file a Short Form (or other Claim in Limitation) by April 20, 2011 you may give up your right to recover money damages from Transocean.  There may be other procedural or practical effects on your rights.

D.  Filing a Short Form

- **Who can file a Short Form?**

If you had a personal injury, loss of earnings, property damage, business loss, or other economic loss from the oil spill, you have rights that could be impacted by the result of the limitation proceeding.

- **Is there a fee to file a Short Form?**
  No.

- **How do I file a Short Form?**
  Fill out the required information in the Short Form and mail it so that it is postmarked by April 20, 2011 to:

  Clerk of Court for the Eastern District of Louisiana
  500 Poydras Street
  New Orleans, LA 70130

- **What kind of documentation do I need to file a Short Form?**
  The Short Form asks for information about your claim, but no documentation of loss or injury is required to file the form.

  If you have filed a claim with the Gulf Coast Claims Facility, documentation included in the claim will be made available to the Defendants, but will be treated as "confidential" by Order of the Court.

- **Do I need a lawyer to file a Short Form?**
  No, but if you want any advice regarding your legal rights or about filing a Short Form, you should contact a lawyer.

- **If I don't have a lawyer, how will I keep track of the proceedings in Court?**
  Plaintiffs' Liaison Counsel, who have been appointed by the Court, will provide you with court filings that impose deadlines or otherwise affect your rights.  You can also get important updates at the Court's website, www.laed.uscourts.gov/OilSpill/OilSpill.htm which includes important dates, and copies of orders.  In addition, the Court-appointed Plaintiffs' Steering Committee ("PSC") has a website at www.bpmdl2179.com that includes important orders, transcripts of status conferences before the Court and important dates and events.

- **Can I file an answer to Transocean's Limitation Complaint without using the Court approved Short Form?**
  Yes.

- **Am I joining a class action by filing the Short Form?**
  No. The Short Form is treated as your own individual case.  A class action has not been approved in this case.  Class proceedings have been put on hold, to allow the Court to address the February 2012 trial and other things.  You may, at some point, have the opportunity to participate in a class action.

- **What does it mean to join the federal lawsuit?**
  Anyone who joins the federal lawsuit will:
    o  Preserve any claims they may have against BP, Transocean, and the other named Defendants,

- o   Receive notice of important developments, dates and deadlines,
- o   Be able to take advantage of certain favorable factual and legal determinations.

- **Can I file the Short Form and NOT join in the master lawsuit?**
  By filing the Short Form, you are considered to have intervened or asked to participate in the master lawsuit.  After that point, it is up to you as to whether you want to pursue, or potentially dismiss, those claims.

- **After filing the Short Form, will I be required to attend court hearings or participate in discovery?**
  No.  If you have filed a claim with the Gulf Coast Claims Facility, documentation included in the claim will be made available to the defendants, but will be treated as "confidential" by Order of the Court.  The Defendants, at some point in the proceedings, may seek additional information.

- **I have heard the Oil Pollution Act requires a claim to be presented.  Do I have to present my claim before joining in the master lawsuit?**
  In general, you must submit your claim along with supporting documentation to the Gulf Coast Claims Facility before you can sue BP under the Oil Pollution Act. This is called "presentment."

  The Plaintiffs Steering Committee takes the position that people do not have to make presentment in order to make claims against BP under the General Maritime Law and/or State Law.  The PSC also takes the position that people do not have to present their claims in order to file suit against other parties, such as Transocean or Halliburton.

  The Defendants, on the other hand, have generally taken the position that OPA claims must be presented to the GCCF before you can file suit in Court. Defendants further take the position that non-OPA claims are pre-empted by Federal Law. These are unsettled legal issues, which have not yet been determined by the Court.

  If you have questions about the Oil Pollution Act, the presentment requirement, or the Defendants' claims regarding preemption, you should consult with an attorney.

- **What is the Oil Pollution Act?**
  Congress passed the Oil Pollution Act of 1990 in response to the Exxon Valdez spill.  It permits the recovery of certain types of damages resulting from an oil spill.  Prior to OPA, certain types of claimants with damages were excluded from recovering those damages under maritime law.  Under OPA "fault" is not an issue. OPA requires the Coast Guard to designate a responsible party (or parties). In this case, the Coast Guard designated BP and Transocean.  BP has accepted that designation.  Under OPA, responsible parties are liable for certain types of proven damages.

OPA also requires the responsible party to establish a claims process for victims to obtain compensation.  BP is attempting to meet that obligation through the Gulf Coast Claims Facility.

When OPA claims have been presented to and denied by the responsible party, the claimant can elect to either file suit in Court or seek redress from the Oil Spill Liability Trust Fund.

A claimant who elects to file suit in Court can join their OPA claims with other claims they may have under State Law and/or the General Maritime Law.

E.  The Gulf Coast Claims Facility

- **How is this different from the GCCF?**
  The Gulf Coast Claims Facility was created to fulfill BP's legal obligations to establish a claims process for individual and business claims in satisfaction of the Oil Pollution Act of 1990.  The litigation provides a way for claimants to make a claim for damages and other relief against BP, Transocean, Halliburton and other Defendants beyond what BP may or may not voluntarily pay through the GCCF.

- **Can I still pursue my claim with the GCCF if I file a Short Form?**
  Yes

F.  The Oil Spill Liability Trust Fund

- **How is this different from the Oil Spill Liability Trust Fund?**
  When an OPA claim is not satisfied by the responsible party, the claimant can elect to either file suit in court or seek an appeal with the Coast Guard.  In the event that the Coast Guard recognizes the claim, it will be funded (subject to legal or other limits) by the Oil Spill Liability Trust Fund.

- **Can I still pursue an appeal with the Oil Spill Liability Trust Fund if I file a Short Form?**
  Probably not.  The Coast Guard will likely take the position that you cannot seek an appeal for the damages sought in court during the pendency of the lawsuit.

G.  More Information

- **How do I get more information about filing a Short Form?**
  Visit the Court's website, www.laed.uscourts.gov/OilSpill/OilSpill.htm, call 1-877-497-5926, or consult with a lawyer.

**Several of the legal issues regarding the Limitation proceeding, the February 2012 Trial, the Oil Pollution Act, the Short Form, presentment and preemption are complex and unsettled issues which are disputed by the parties and have not yet been determined by the Court.  If you have questions regarding these issues, you should contact your own attorney or consult with a lawyer of your choice.**