

IRPINO LAW FIRM

March 15, 2011

**VIA E-MAIL**

The Honorable Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

        **Re:**    *In re: Oil Spill by the Oil Rig "Deepwater Horizon,"* **MDL No. 2179**
               **PRIVILEGE - POST-APRIL 20, 2010 COMMUNICATIONS**

Dear Judge Shushan:

    We are writing as a follow up to the Plaintiffs' request that BP, and perhaps other defendants, be required to list at least some set of post-April 20, 2010 communications and documents involving in-house counsel on their privilege logs. Specifically, BP's formal internal investigation of the Deepwater Horizon explosion and oil spill was <u>not</u> considered privileged by the company, but rather was "business led." Thus, all matters involving and surrounding the investigation (which, by definition, would include post-April 20 communications), would generally not be privileged, even if BP in-house counsel were present at meetings, reviewed documents, or were otherwise involved in or with same.

    The PSC attaches for your review a July 10, 2010 e-mail from James Lucari (BP Legal/Counsel to BP Incident Investigation Team) to Barbara Thorn and the BP IIT interview notes attached to said e-mail. (Ex. "A" - BP-HZN-BLY00124205-16). The first page of the attached interview notes (BP-HZN-BLY00124206) state, in pertinent part, as follows:

> *Ground rules*: BP Attorney Lucari explained that this was a non-privileged, business led factual investigation of the causes of the April 20, 2010 Transocean Deepwater Horizon Rig incident. Mr. Sims and Mr. Castaing acknowledged that no legal privilege would attach to any of the discussions during the interview and that there was no joint defense or other privilege between the Company and Mr. Sims. Mr. Sims and Mr. Castaing further acknowledged that the BP Incident Investigation Team expected to prepare a report of its work and that it would rely,

among other things, on statements and information provided by Mr. Sims in the context of the interview, which could be cited in the report. Furthermore, given the non-privileged nature of the Company's investigation, the Company could not provide any assurance that the Team's notes of the interview could be protected and that the Team's work papers would likely be subject to subpoena or other legal process. Finally, Attorney Lucari told Mr. Sims and Mr. Castaing that Mr. Sims was free to consult with his personal attorney at any time during the course of the interview and that the BP Incident Investigation team would allow him to do so privately if he wanted to do so. Mr. Sims and Mr. Castaing acknowledged and accepted this protocol and the interview commenced at approximately 8:35 am.

This non-privileged nature of the work done by BP's IIT was confirmed by counsel for BP, Hariklia Karis, during Steve Robinson's testimony before the USCG/BOEMI Board of Investigation on December 8, 2010. Specifically, Ms. Karis stated that: "…just so I can be clear, BP is not asserting privilege over Mr. Robinson's work in connection with those interviews and internal investigation." (Ex. "B" – Transcript of 12/8/10 USCG/BOEMI hearing at pp. 52-53).

The aforementioned evidence shows that matters involving and surrounding the BP Incident Investigation Team are not privileged, and the PSC will address BP's incident investigation related privilege log entries in the near future. However, for now, with respect to the issue of "logging" post-April 20, 2010 communications and documents involving BP in-house counsel, it is highly relevant that BP involved its in-house counsel in "business led" activities. (Ex. A at p. 2). This begs the question: What other post-April 20, 2010 "business led" and/or other non-legal activities involved BP's in-house counsel? The PSC respectfully suggests that the only proper/fair way to answer this question is by requiring post-April 20, 2010 correspondence and documents involving in-house counsel to be listed on the privilege logs.

The PSC would like to reiterate that they do not seek any post-April 20, 2010 correspondence or documents involving outside counsel (including those involving outside and in-house counsel) to be listed on a privilege log. Please let us know if you require anything further from us or if we can be of any further assistance in addressing this matter. Thank you for your consideration.

Respectfully submitted,

Anthony Irpino

cc:  Plaintiffs' Liaison Cousel [Via Email]
     Defense Liaison Counsel [Via Email]
     Mike Underhill [Via Email]
     Corey Maze [Via Email]
     Andrew Langan [Via Email]
     Timothy A. Duffy [Via Email]
     Mark Nomellini [Via Email]
     Brian P. Kavanaugh [Via Email]