UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>Applies to:<br><br>*Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,* No. 2:10-CV-3168<br><br>**Plaintiffs in Intervention:**<br>Bill Francis, Tyrone Benton, and Carlos Ramos | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP

Hugh E. Tanner
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
Shannon A. Lang
slang@morganlewis.com
James B. Tarter
jtarter@morganlewis.com
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

March 15, 2011

DB1/66825260.3

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiffs in Intervention Bill Francis, Tyrone Benton, and Carlos Ramos ("Plaintiffs"). **Without alleging any facts** and instead relying on conclusory allegations in two separate complaints to which they are not parties, Plaintiffs claim that M-I L.L.C. ("M-I"), a drilling fluids contractor on the rig, is liable for their injuries. While Plaintiffs may have viable claims against some Defendants in this action, their complaint fails to plead a cognizable claim against M-I. Plaintiffs' claims against M-I should therefore be dismissed.

## STATEMENT OF FACTS

At all times pertinent, Plaintiffs Bill Francis and Carlos Ramos were employed by Defendant Transocean and Plaintiff Tyrone Benton was employed by Defendant Oceaneering. All were working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig. Compl. ¶¶ 14–15. Plaintiffs allege that they suffered physical and emotional injuries as a result of the accident and bring suit against M-I and others. *Id.* ¶¶ 28–31. Plaintiffs allege under various theories that M-I was negligent and grossly negligent with respect to its activities on the rig; they seek compensatory and punitive damages.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, plaintiffs are required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*,

2

550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original); *accord Rutherford v. Louisiana*, No. 10-1987, 2011 WL 692031, at *2 (E.D. La. Feb. 17, 2011).

A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. This standard "demands more than an unadorned 'the-defendant-unlawfully-harmed-me accusation.'" *Id.*; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead facts establishing its causes of action against **each** defendant; blanket assertions against all "Defendants" will not suffice. *See*, *e.g.*, *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009); *cf. Magana v. Hammer & Steel, Inc.*, 206 F. Supp. 2d 848, 853 (S.D. Tex. 2002).

In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed. *Iqbal*, 129 S. Ct. at 1950. In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed. *See Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008).

## ANALYSIS

Plaintiffs' wholesale reference to hundreds of paragraphs in two pleadings—neither to which they appear to be parties—does not put M-I on fair notice of the claims asserted against it. M-I cannot adequately answer Plaintiffs' Complaint and is being asked to pick through 249

3

pages of pleadings to attempt to piece together Plaintiffs' claims against it. For that reason alone, Plaintiffs' claims should be dismissed. *See* FED. R. CIV. P. 8(a) (requiring that claimants plead a "short and plain statement of the facts").

Nonetheless, the paragraphs adopted and incorporated by Plaintiffs are devoid of factual allegations and instead comprise conclusory claims of fault against the "Drilling Defendants" of the Bundle B1 cases. To the extent Plaintiffs' filing constitutes a properly-pleaded complaint, their allegations fail to establish a cognizable claim against M-I. Accordingly, Plaintiffs' claims should be dismissed.

II. **Plaintiffs' Adopted And Incorporated Allegations Do Not Comprise Facts Establishing Their Entitlement To Relief.**

　　A. **Plaintiffs Have Alleged No Facts Establishing M-I's Negligence Or Gross Negligence.**

Though purporting to allege dozens of facts through the Amended B1 Master Complaint and Transocean's Rule 14(c) Complaint, Plaintiffs have, in actuality, offered none. Instead, they have pointed to "legal conclusion couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555 (internal quotation omitted). The portions of the B1 Complaint that Plaintiffs assert entitles them to relief from M-I comprise:

- A purported negligence claim against Transocean. Am. B1 Comp. ¶¶ 141–53.

- A purported gross negligence claim against Transocean. *Id.* ¶¶ 168–73.

- A purported punitive damages claim against Transocean. *Id.* ¶¶ 194–96.

- A purported negligence claim against the B1 Defendants. *Id.* ¶¶ 570–613.

- A purported gross negligence claim against the B1 "Drilling Defendants" and Cameron. *Id.* ¶¶ 629–36.

- Purported products liability claims against Cameron and Weatherford. *Id.* ¶¶ 638–75.

4

- A purported punitive damages claim against BP, Transocean, and Halliburton. *Id.* ¶¶ 749–69.

Only the "allegations" in paragraphs 570 to 613 are potentially relevant to M-I, and they contain no factual assertions. They instead consist of legal conclusions that "Defendants" "owed and breached duties to Plaintiffs" through "joint and concurrent negligence," that they failed to "exercise reasonable care," and that they engaged in "negligent actions." *Id.* ¶¶ 571, 576, 578, 601-02, 610. Such "allegations" are not entitled to an assumption of truth and must be disregarded. *Iqbal*, 129 S. Ct. at 1951. Once disregarded, Plaintiffs' Complaint lacks substance and should be dismissed.

Also fatal to Plaintiffs' claims is the fact that their "allegations" are made against the Bundle B1 Defendants as a group. Such undifferentiated, blanket allegations fail to satisfy federal pleading standards. *See, e.g.*, *Lane v. Cap. Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum pleading standard of [Federal Rule of Civil Procedure] 8."); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). A plaintiff "cannot simply 'lump' all the defendants together and allege that **the purported acts of every defendant can be imputed to every other defendant**." *Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) (emphasis added).

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal quotation omitted). Gross negligence requires "harm willfully inflicted or caused by gross or wanton

5

negligence." *Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 411 (5th Cir. 1982) (internal quotation omitted). Under any theory of negligence, Plaintiffs' allegations are insufficient to demonstrate that M-I plausibly breached any duty owed to them—willfully or otherwise—and that the breach proximately caused their injuries. They are instead impermissible "naked assertions" of negligence, "devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. Especially now, with the benefit of substantial discovery in this case, Plaintiffs should be required to plead facts in their complaint that demonstrate M-I's probable liability for their alleged injuries. Plaintiffs' legal conclusions are insufficient to establish their entitlement to relief. Accordingly, their negligence and gross negligence claim should be dismissed.

      **B.**    **Plaintiffs Have Failed To Plead A Claim For Negligence *Per Se*.**

Similarly, to the extent Plaintiffs are alleging negligence *per se*, their claim is wholly devoid of factual support. Compl. ¶ 22 (purporting to adopt and incorporate, *inter alia*, paragraph 587 of the Amended Bundle B1 Master Complaint). Negligence *per se* is a tort doctrine by which a court may adopt a legislative standard as the standard of conduct against which to judge a defendant's alleged negligent conduct. *Bell v. Am. Traffic Solutions, Inc.*, 633 F. Supp. 2d 305, 312 (N.D. Tex. 2009), *aff'd in part, vacated in part on other grounds*, 371 F. App'x 488 (5th Cir. 2010). It can, in appropriate circumstances, apply in the maritime context. *See Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996). Plaintiffs allege that "Defendants" are liable for their injuries because they (apparently, collectively) violated unspecified "statutory standards." Compl. ¶ 22 (adopting and incorporating paragraphs 586 and 587 of the Amended B1 Master Complaint). However, Plaintiffs have failed to identify **any** regulation it claims M-I violated, much less one specific to M-I's alleged provision of drilling

6

fluids on the rig. Therefore, to the extent Plaintiffs have plead negligence *per se*, their claim must be dismissed.

### C. The Doctrine *Res Ipsa Loquitur* Cannot Be Applied In This Case.

Plaintiffs assert that the doctrine of *res ipsa loquitur* applies in this case. Compl. ¶ 21. However, their allegations foreclose the applicability of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "which does not ordinarily occur in the absence of negligence" and where "**the cause of the harm is obvious**." *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000) (emphasis added) (internal quotation omitted). The doctrine can only be applied where the instrumentality alleged to have caused the plaintiff's injury was under "the **exclusive control** of the defendant." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000) (emphasis added); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985) (emphasis added). And, the doctrine applies only "where the likelihood of causes other than the defendant" is ruled out. *Michaels*, 202 F.3d at 754 (internal quotation omitted).

Here, the cause of the explosion that allegedly injured Plaintiffs is far from "obvious," as evidenced by their litany of purported causes of the accident. Compl. ¶ 22[1] (failure to maintain safety equipment caused the accident); *id.* ¶ 22[2] (decisions regarding the use of centralizers and casing hangers caused the accident); *id.* ¶ 22[3] (the long string well design caused the accident); *id.* ¶ 22[4] (cancelling cement bond log testing caused the accident); *id.* ¶ 22[5] (inappropriate cement caused the accident). Plaintiffs' allegations—especially their "adopted and incorporated"

---

[1] Incorporating paragraph 590 of the Amended B1 Master Complaint.
[2] Amended B1 Master Complaint ¶ 591.
[3] *Id.* ¶ 595(a).
[4] *Id.* ¶ 595(f).
[5] *Id.* ¶ 599.

7

blanket allegations against the Bundle B1 "Drilling Defendants"—further establish that the conduct of a party other than M-I cannot be eliminated as a more probable cause of their alleged injuries. *Toney v. United States*, 273 F. App'x 384, 386 (5th Cir. 2008).

Most damaging to Plaintiffs' claim, however, is their allegation that Transocean was "the owner[], owner[] *pro hac vice*, charter[], supervisor[] and/or operator[]" of the *Deepwater Horizon*. Compl. ¶ 22 (adopting and incorporating, *inter alia*, paragraph 141 of the Amended B1 Master Complaint). M-I is nowhere alleged to have **any** control over the rig, much less exclusive control. Accordingly, the Court should find *res ispa loquitur* inapplicable to Crawford's claims against M-I in this case.

### III.    Plaintiffs' Claims For Punitive Damages Fails As A Matter Of Law.

Notwithstanding the foregoing, to the extent Plaintiffs have pled any cognizable claims against M-I, they are limited to recovery of pecuniary damages. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough*, 391 F.3d at 667 n.4. Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages are **not** an available remedy for a Jones Act seaman . . . .").

Here, Francis, Ramos, and Benton have each invoked their Jones Act status. Compl. ¶¶ 14, 15. Thus, to the extent they are seeking non-pecuniary damages, including, punitive damages, from M-I, such damages claims are foreclosed under controlling law and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, M-I respectfully requests that this Court dismiss all claims asserted against it in Plaintiffs' First Amended Complaint in Intervention.

        **MORGAN, LEWIS & BOCKIUS LLP**

        /s/ *Hugh E. Tanner*
        Hugh E. Tanner
        htanner@morganlewis.com
        Denise Scofield
        dscofield@morganlewis.com
        Shannon A. Lang
        slang@morganlewis.com
        James B. Tarter
        jtarter@morganlewis.com
        1000 Louisiana St., Suite 4000
        Houston, TX 77002
        Telephone: 713.890.5000
        Facsimile: 713.890.5001

        **ATTORNEYS FOR DEFENDANT**
        **M-I L.L.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiffs' First Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 15th day of March, 2011.

                                                  /s/ *Hugh E. Tanner*
                                                  Hugh E. Tanner