UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES IN WHICH TRANSOCEAN LTD. WAS NAMED AS A DEFENDANT (AS OUTLINED IN ATTACHMENT "A" HERETO) | § § § | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN LTD.'S RULE 12(b)(2) MOTION TO DISMISS THE COMPLAINTS IN MDL NO. 2179 IN WHICH IT HAS BEEN NAMED, ON THE GROUND OF LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE CARL J. BARBIER, United States District Judge:

Transocean Ltd., making a special appearance before this Court with a full reservation of rights, respectfully submits this Rule 12(b)(2) Motion to Dismiss For Lack of Personal Jurisdiction the Complaints in MDL No. 2179 in those actions in which it has been named as a defendant, including but not limited to the A, B1, B3, C and D1 Complaints and/or Master Complaints.

This motion is brought under the United States Constitution and the Constitutions and long-arm statutes of the various states in which actions have been filed naming Transocean Ltd. ("the MDL actions"), including but not limited to Louisiana, Mississippi, Alabama, Texas, Florida and Georgia (the "Forum States"). Under these Constitutional provisions and long-arm

12737885.2
11350272.1

statutes, Transocean Ltd. is not subject to personal jurisdiction in any action in this MDL proceeding.  Transocean Ltd. does not have sufficient minimum contacts with any of the respective Forum States, and the exercise of personal jurisdiction would not comport with traditional notions of fair play and substantial justice. *See, e.g.*, *Dickson Marine Inc. v. Panalpina, Inc*. 179 F.3d 331, 336 (5th Cir. 1999).

This motion is brought on the following grounds:

1.    Transocean Ltd. is a Swiss company, incorporated in Zug, Switzerland.  The company does not do business, and has not transacted business, anywhere in the United States, and, in particular, in any of the Forum States.  It is not registered or licensed to do business in any of the Forum States.  With respect to the each of the Forum States, Transocean Ltd. is not a citizen; has no place of business; does not own, use, or possess real property; does not supply or contract to supply services or goods; does not manufacture any goods sold in-state; does not pay taxes; has no employees or agents; and has no agent authorized to receive service of process.

2.    Transocean Ltd. is not subject to specific jurisdiction in any Forum State, since the injuries complained of in the MDL actions do not arise out of or relate to any activities that Transocean Ltd. has purposefully directed into any of the jurisdictions in which Complaints were brought.  *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).  Plaintiffs allege injuries resulting from the April 20, 2010 incident and ensuing oil spill involving the *Deepwater Horizon*, a vessel that Transocean Ltd. did not own or operate, and the crew of which was not employed by Transocean Ltd.

3.    Transocean Ltd. is not subject to general personal jurisdiction in any Forum State,

since Transocean Ltd. does not have substantial, continuous, or systematic contacts with any of the Forum States. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

4. Four indirect subsidiaries of Transocean Ltd. have been named as defendants, have appeared in the MDL actions, and are responding to the complaints filed against them. Any contacts of these indirect subsidiaries with the Forum States cannot be imputed to Transocean Ltd. As the Fifth Circuit has recognized, "the mere fact that a corporate relationship exists is not sufficient evidence to warrant the assertion of jurisdiction over a related corporate entity" under the Due Process clause. *Dickson Marine*, 179 F.3d at 340. Transocean Ltd. and its subsidiaries are distinct corporate entities whose separate legal identities are recognized and respected. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

By the terms of Pre-Trial Order No. 11 [Case Management Order No. 1] and the Agreed Stipulation and Scheduling Order ( the "Order") dated January 28, 2011, briefing on Transocean Ltd.'s Rule 12(b)(2) motion is deferred until after discovery relating to the issue of personal jurisdiction, and will occur on the schedule set forth in the Order. Accordingly, Transocean Ltd.'s brief in support of this motion will be submitted in accordance with that schedule. For the reasons stated above, and based on the legal authorities and evidence to be set forth in Transocean Ltd.'s subsequent briefing on this motion and any hearing on the motion, Transocean Ltd. respectfully requests that its motion be granted and that it be dismissed as a defendant in all of the MDL actions in which it is named, on the ground of lack of personal jurisdiction.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Steven L. Roberts<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Teri L. Donaldson (Florida, No. 784310)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 470-6100<br>Facsimile: (713) 654-1301<br>Email: steven.roberts@sutherland.com,<br>rachel.clingman@sutherland.com,<br>kent.sullivan@sutherland.com,<br>teri.donaldson@sutherland.com | By: /s/ Kerry J. Miller<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>New Orleans, Louisiana 70163<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br><br>-and-<br><br>/s/ Edwin G. Preis, Jr.<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Edward F. Kohnke, IV (Louisiana, No. 07824)<br>Preis & Roy PLC<br>102 Versailles Boulevard, Suite 400<br>Lafayette, Louisiana 70501<br>Telephone: (337) 237-6062<br>Facsimile: (337) 237-9129<br>-and-<br>601 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 581-6062<br>Facsimile: (504) 522-9129<br>Email: egp@preisroy.com,<br>efk@preisroy.com |

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

11350272.1

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

COUNSEL FOR TRANSOCEAN LTD.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 11th day of February, 2011.

/s/ Kerry J. Miller

11350272.1