IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J |
| *This document relates to: 2:10-cv-4427*<br>*Kritzer, et al v. Transocean, et al* | ' ' | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**Plaintiff's Memorandum in Support of Plaintiff's Motion for a Protective Order**

The Court should grant a protective order to Cathleenia Willis delaying her deposition until she is medically cleared to testify.

**I.**

**Facts**

Cathleenia Willis is a 27 year old female that lives in Houston and worked for Halliburton aboard the DEEPWATER HORIZON. She currently suffers from Major Depressive Disorder, a Panic Disorder, severe PTSD, in addition to physical injuries and a closed head injury. Her psychiatrist believes she is not medically fit to testify. Her neuropsychologist agrees and has proposed an intense course of therapy which will require treatment for six hours a day, five days per week for six weeks. Despite this, BP noticed her deposition to have her testify for two days in New Orleans. Plaintiff does not seek to avoid testifying altogether. She merely seeks to have her deposition delayed while she undergoes therapy. Once her treating physicians believe she is stable enough to testify, then she will testify via deposition in MDL-2179. Given the severity of her condition (and the real

possibility that a deposition will only make matters worse), the Court should grant her motion.

## II.

## The Court Should Grant Plaintiff's Motion

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . . [by] specifying terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). Here, good cause surely exists. Ever since the harrowing events of April 20, 2010, Willis has suffered from severe mental problems. Her psychiatrist has diagnosed her with Major Depressive Disorder, a Panic Disorder, and severe PTSD. Similarly, her neuropsychologist believes she has major cognitive deficits which affect her language functioning and executive functioning. Consequently, he proposed a six week, intensive therapy program (5 days per week with 6 hours per day of treatment).[1] Besides interrupting her treatment, there is a very real chance that a two day deposition will make her condition worse. As a result, the Court should delay her deposition until she has undergone her course of therapy and her physicians clear her to testify.

Moreover, the parties in MDL-2179 are deposing dozens of fact witnesses. Plaintiff respectfully submits that Willis does not possess any unique knowledge that is not possessed by other witnesses particularly because of her young age and the fact that she had only been assigned to the Deepwater Horizon a short period of time. Accordingly, there is no pressing need to obtain Willis' deposition on the date when her deposition was noticed. To the extent she has information that will aid the parties and the Court, she can be deposed at a later date

---

[1] Plaintiff's counsel is faxing her private medical records to Magistrate Judge Shushan separately under seal.

2

(after her condition has improved). This will allow the parties to obtain the testimony they desire, while, at the same time, allowing Willis to get the treatment she needs. Additionally, given her cognitive deficits, it is not even clear that she is competent to testify. The parties will surely be able to obtain more complete and accurate testimony from Willis after she has been treated and her cognitive abilities have improved. Therefore, the Court should grant Plaintiff's motion and delay her testimony.

Alternatively, Plaintiff asks that the deposition date be moved. Plaintiff's Counsel was not consulted by BP at any time regarding Willis's deposition. The time noticed is the same time that Plaintiff's Counsel has a trial preferentially set in Harris County, Texas.

### III.

### Conclusion

The Court should issue a protective order delaying Willis' deposition.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Robert P. Wynne, # 30123
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

Jay M. Kilpatrick
YOUNGWILLIAMS P.A.
210 E. Capitol Street, Suite 2000
Jackson, Mississippi
Telephone: (601) 948-6100
Telefax: (601) 355-6136

**CO-COUNSEL FOR RHONDA BURKEEN, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE
OF AARON DALE BURKEEN AND ON BEHALF OF ALL HEIRS,
AND AS PERSONAL REPRESENTATIVE FOR HER MINOR SON,
TIMOTHY BURKEEN**

Ryan Zehl
Texas Bar No. 24047166
Bryant Fitts
Texas Bar No. 24040904
FITTS ZEHL LLP
Galleria Tower 1
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone: (713) 491-6064
Telefax: (713) 583-1492

**CO-COUNSEL FOR NICKALUS WATSON**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 16, 2011.

      */s/ Kurt B. Arnold*
      _____
      Kurt B. Arnold