IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SYNOVUS BANK, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. )   CV-2010-902180 |
| PLASH ISLAND RESORT, LLC, et al., | ) ) ) |
|     Defendants. | ) |

## AFFIDAVIT OF WILLIAM R. IVEY

STATE OF ALABAMA    )
COUNTY OF JEFFERSON )

BEFORE ME, the undersigned, a Notary Public in and for said County and State, personally appeared William R. Ivey, who by me first being duly sworn, deposes and states as follows:

MY NAME is William R. Ivey. I am one of the Defendants in the above-captioned case against whom Synovus Bank is seeking a summary judgment in an amount in excess of five million dollars. This affidavit is made upon my personal knowledge, and I have personal knowledge of all matters and things set out herein.

I have never borrowed any money from Synovus Bank connected in any way to Plash Island Resort Company or related to any development of Plash Island. I have signed a note and a guaranty agreement with Coastal Bank and Trust of Florida, formerly known as Bank of Pensacola. Insofar as I have any knowledge, those are the only entities in any way related to this case in favor of which I have signed a promissory note or to which I have given a guaranty.

I have read the affidavit of Joel Bodiford submitted by Synovus Bank in support of its motion for summary judgment. To my knowledge, I have never met with or heard of Joel Bodiford. I know nothing of Synovus Financial Corporation, and have never engaged in any business of any kind with it. I have no knowledge of any name change or merger between Coastal Bank and Trust of Florida and Synovus. I have no knowledge or understanding of why any records relating to me would be in the custody of the Managed Assets Division of Synovus Financial Corporation. There is no way in which records of my transactions with the Bank of Pensacola and Coastal Bank and Trust were kept in the ordinary course of Synovus' regularly-conducted business activities and which could represent Synovus' customary practice of making entries at or near the time of the event recorded, because Synovus had no relation to or with me at the time of the events sworn to by Mr. Bodiford. Other entities were involved with my business at the times reflected in those records and at the time of all the events there recorded.

Moreover, Joe Yarbrough was an original guarantor of this loan. He is not listed as a guarantor in Bodiford's affidavit, nor is there any explanation of his absence.

In short, I do not now and never had any relationship with or knowledge of the existence of Mr. Bodiford or his employer. If I am in anyway indebted to Synovus, I

have no knowledge or evidence of it, except for the claims of Synovus.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
WILLIAM R. IVEY

SWORN TO and subscribed before me this
16 day of March, 2011.

_____
NOTARY PUBLIC
(SEAL)  My commission expires: July 14, 2013