IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN LOUISIANA

IN RE:

OIL SPILL BY THE OIL RIG
DEEPWATER HORIZON
IN THE GULF OF MEXICO
ON APRIL 20, 2010                                           MDL NO. 2179

---

SYNOVUS BANK,

        Plaintiff,

Vs.                                                         CASE NUMBER 11-00715
                                                            NORTHERN DISTRICT OF
PLASH ISLAND RESORT, LLC,                                   ALABAMA
et al.,

        Defendants.

## VERIFIED MOTION FOR
## TEMPORARY RESTRAINING ORDER

COME NOW the Movants-Defendants, Nick Manakides, Lewis M. Lockhart, William R. Ivey, Jonathan A. Wilson, Keith W. Rotenberry, Richard D. Rowe, Michael W. McCain and Ricky Lockhart and pursuant to Rule 65(b), *Fed.R.Civ.P.* move the Court to issue a temporary restraining order to Judge Robert Vance, Circuit Judge, Jefferson County, Alabama, in aid of this Court's jurisdiction enjoining him from taking any action, holding any hearings, or entering any order in the case of *Synovus Bank v. Plash Island Resort, LLC, et al.*,

Case Number CV-2010-902180, Circuit Court of Jefferson County, Alabama ("State case") or entering any order relating thereto on the grounds that the said case has been removed from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama and by that court transferred to this Court as part of the multi-district litigation. Defendants aver that Judge Vance has set for hearing on Monday, March 21, 2011 the Plaintiff's motion for summary judgment against the Movant-Defendants and that the said Movant-Defendants will suffer irreparable harm if the hearing is allowed to proceed. See the order of Judge Vance dated March 14, 2011 attached hereto as Exhibit One. As grounds for this temporary restraining order, Defendants state the following:

1. This entire case was removed to federal court on February 22, 2011. The Civil Docket in the Northern District of Alabama as well as the federal Judicial Panel's schedule of tag-along actions verifies removal of the entire case. Synovus Bank is a party to the removed action now pending in federal court. As is set out in more detail below, the removal to federal court by third-party Defendant Cameron International removed all claims of all parties and thereby deprived the Circuit Court of Jefferson County, Alabama of jurisdiction to take any further action in this case. The following summarizes the law on this point:

> Once a copy of the notice of removal is filed with the clerk of the state court in which the action is pending ..., the state court is divested of jurisdiction. The state court must stop all proceedings unless and

2

until the case is remanded. Any state court action after the filing of the removal notice is void *ab initio*, even if the case is subsequently remanded because the initial removal was improper.

Moore's Federal Practice 3d, § 107.31[2] (citations omitted). Because the entire case has been removed, the Circuit Court of Jefferson County, Alabama is without jurisdiction to entertain additional proceedings at this time and until such time as the case is remanded.

2. This cause was first initiated in the Circuit Court of Jefferson County, Alabama on the filing of a Complaint by Synovus Bank ("Synovus") on June 21, 2010. The named defendants in the action were Plash Island Resort, eight of its investors who were alleged guarantors of loans made by Synovus (the "Movants-Defendants"), the executor of the estate of a deceased ninth investor/alleged guarantor, and a development company owned by the deceased (the last two are designated the "Marcrum defendants"). Synovus' allegations concern the alleged default under loans secured by coastal property owned by Plash Island Resort and the alleged guarantees of the investor defendants.

3. The Marcrum defendants answered the Complaint on July 9, 2010. Synovus moved to consolidate this cause and another similar suit pending in the Circuit Court of Jefferson County (CV-2010-902186), and the Circuit Court of Jefferson County, Alabama granted that motion on August 31, 2010. The consolidated case has twelve investor defendants instead of eight. All twelve

3

investor defendants answered Synovus' Complaint on September 2, 2010.

4. On January 14, 2011, Synovus moved for a default judgment against Plash Island Resort and also for summary judgment against all other defendants. On January 17, 2011, Plash Island Resort filed a third-party Complaint against a collection of third-party defendants (the "oil spill defendants"), including Cameron International Corporation ("Cameron"). The third-party claims are based on the oil spill defendants" responsibility for the BP Oil Spill in April of 2010, as their conduct has devalued the land owned by Plash Island Resort which was pledged as collateral on the loans made by Synovus.

5. Plaintiff Synovus moved to sever the third-party claims, and the Circuit Court of Jefferson County, Alabama initiated severance without hearing by Order of February 3, 2011. The Order stated: "that the claims of the third party complaint be severed so as to constitute a completely separate civil action. The Clerk of the Court is directed to assign a new Civil Action number to said action …." *See* Order of February 3, 2011. No new civil action number was ever assigned.

6. Plash Island Resort filed its Answer to Synovus' Complaint in this action on February 18, 2011. Thereafter, on February 23, 2011 Plash Island Resort filed a motion with the Circuit Court of Jefferson County, Alabama to vacate or modify its order. The United States District Court for the Northern District of

4

Alabama properly removed the entire State case and properly docketed it as "*Synovus Bank v. Plash Island Resort, LLC*, et. al., Case No. 2:11-cv-00715-SLB."

7. On March 1, 2011, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order ("CTO") transferring to the Eastern District of Louisiana for consolidation in the *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010* (MDL No. 2179) *Synovus Bank v. Plash Island Resort, LLC*, et. al, Northern District of Alabama, Case No. 11-000715. Parties were given seven days to lodge objections before the transfer order took effect. No objections were lodged, and the seven day stay on transfer was lifted and the CTO made final by filing with the Clerk of the JPML on March 9, 2011. In response to the JPML"s transfer order, the Northern District of Alabama made the following docket entry in the Synovus case: "Order Transferring Case to MDL: ORDER of Judicial Panel on Multidistrict Litigation transferring this case to the District of Eastern Louisiana for inclusion in MDL 2179).

8. On March 4, 2011, Synovus moved the Circuit Court of Jefferson County, Alabama for leave to amend its summary judgment motion to clarify its position against Plash Island Resort. The Circuit Court of Jefferson County, Alabama granted that leave on March 7, 2011, and Synovus filed the amended motion for summary judgment that same day.

9. Synovus' motion for summary judgment is set for hearing in the Circuit Court of Jefferson County, Alabama on March 21, 2011. On March 11, 2011, the Movant-Defendants filed a Rule 56(f) motion in relation to the summary judgment and moved to continue the March 21, 2011 hearing on summary judgment. Instead of ruling on the motion, Judge Vance of the Circuit Court of Jefferson County, Alabama issued an order advising the Movant-Defendants to file a substantive response to the summary judgment motion and be prepared to go forward on March 21, 2011.

10. The Circuit Court of Jefferson County, Alabama no longer has jurisdiction to hear any claims in this case, whether they be the original claims or the third-party claims, as the State case is no longer before the court. The claims against the third party defendants were never assigned a new civil action number. Severance was not effected before removal. Inasmuch as all claims in this case remained unsevered, they were all removed because it is impermissible to remove only part of a case. Once removed, the state Court was divested of jurisdiction. Finally, regardless of any procedural issues in the state Court action or the removal, the United States Judicial Panel on Multidistrict Litigation transferred the entire case, Synovus included, to The Eastern District of Louisiana.

11. When a removal petition is filed, the entire case is transferred to the federal court. *See Maseda v. Honda Motor Co., Ltd*, 861 F.2d 1248, 1251 (11th

Cir. 1988). Because the entire case has been removed to federal court (and now transferred to the oil spill MDL), the matter is stayed in the Circuit Court of Jefferson County, Alabama for want of jurisdiction. *See Maseda,* 861 F.2d at 1254 (after removal, the matter is stayed in state court which loses jurisdiction and the state court under a duty not to proceed). Under these circumstances, the state Court no longer has jurisdiction to entertain any claims, including the pending summary judgment issues raised by Synovus. The state court case is stayed by virtue of 28 U.S.C §1441, *et. seq.*

12. The JPML has now vested the Eastern District of Louisiana with jurisdiction over this entire case. *See* Moore's Federal Practice 3d, § 107.31[2] (jurisdiction, even in an improperly removed case, is fully vested in the federal court and the state court is without power to act). Removal in this case, and the transfer that followed, vested in the Eastern District of Louisiana complete jurisdiction over the parties and claims unless and until the case or any portion of the case is remanded. *See Maseda*, 861 F.2d at 1254; Moore's Federal Practice 3d, § 107.31[2].

The anti-injunction statute, 28 U.S.C. §2283 reads as follows:

**§2283    State court proceedings**

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of

7

> Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In *Atlantic Coastline Railway Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 90 S. Ct. 1739, 26 L.Ed 2d 234 (1970), the court considered the meaning in 28 U.S.C. §2283 of the language authorizing an injunction against state courts where "necessary in aid of "the federal court's jurisdiction. The court stated:

> "While this language is admittedly broad, we conclude that it implies something similar to the concept of injunctions to 'protect or effectuate' judgments. Both exceptions to the general prohibition of §2283 [against enjoining state courts] imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."

The court in *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1250 (11th Cir. 2006) held that, "Ordinarily, a federal court may issue an injunction" in aid of its jurisdiction in only two circumstances: (1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or (2) the state court entertains an *in rem* action involving a *res* over which the district court has been exercising jurisdiction in an *in rem* action." The *Bayshore* court further noted that the 28 U.S.C. §2283 "1948 Reviser's Notes" provided that in the removed case scenario there is a recognized power of the Federal courts to stay

8

proceeding in State cases removed to the district court for the removal has terminated the state court's jurisdiction over the case." (*Id.*) In *Fulford v. Transport Services Co.*, 412 F.3d 609, 612 (5th Cir. 2005) the court held, "Section 1446(d)[the removal statute] has long been recognized as one of the statutory exceptions to 2283. It states that once removal has taken place, the State court shall proceed no further unless and until the case is remanded."

13. Despite the foregoing facts and authorities, Judge Vance has clearly manifested his intent to proceed with holding hearings and entering orders in the State case even though this Court has now been vested with complete jurisdiction herein. The actions of Judge Vance unless enjoined will grossly interfere with the jurisdiction of this Court and are due to be enjoined.

## COUNSEL'S CERTIFICATE

I HEREBY CERTIFY that I have informed all counsel in this case that I will attempt to present this motion for a temporary restraining order to the Court for ruling at approximately 2:30 p.m. CST on March 17, 2011, and have furnished said

counsel with a copy hereof. Notice and service of a copy was by electronic filing.

Respectfully submitted,

William Eugene Rutledge
asb-7707-r67w
/s/ Gregory F. Yaghmai
asb-2411-h67g
Attorneys for the Movants-Defendants

STATE OF ALABAMA )
COUNTY OF JEFFERSON )

BEFORE ME, the undersigned, a Notary Public in and for said county in said state, personally appeared William Eugene Rutledge, who deposes and states that the facts contained herein are true and correct to the best of his knowledge.

SWORN TO and subscribed before me this 17th day of March, 2011.

NOTARY PUBLIC
(SEAL)
My commission expires: 1/26/15

**OF COUNSEL**:
RUTLEDGE & YAGHMAI
3800 Colonnade Parkway
Suite 490
Birmingham, AL 35243
T: (205) 969-2868
F: (205) 969-2862
williamerutledge@aol.com
yaghmai@rylaw.net

# EXHIBIT "A"

ELECTRONICALLY FILED
3/11/2011 3:22 PM
CV-2010-902180.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| SYNOVUS BANK, <br> Plaintiff, | ) <br> ) <br> ) |
| V. | ) Case No.: CV-2010-902180.00 <br> ) |
| PLASH ISLAND RESORT LLC, <br> ROTENBERRY KEITH, <br> LOCKHART LEWIS M., <br> ROWE RICHARD D. ET AL, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

The Court notes that the individual defendants have filed a motion to continue the hearing on the plaintiff's pending summary judgment motion under Rule 56(f). The defendants are advised that the Court does not accept a Rule 56(f) request as a matter of routine. The non-moving parties bear the burden of showing not only that is there need for additional information but that such information resides beyond their control.

This action ostensibly appears to be a straightforward collection action, and the plaintiff's motion does not raise issues of any complexity. While the defendants may claim fraud or other affirmative defenses, one might reasonably think that the basis for such defenses comes from the defendants themselves.

To be on the safe side, the defendants should file a substantive response to the plaintiff's summary judgment motion.

**DONE this 11th day of March, 2011.**

/s/ ROBERT S. VANCE
**CIRCUIT JUDGE**