IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
(NEW ORLEANS)

| | |
|---|---|
| IN RE OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 <br><br> This Document Relates to: <br> 2:11-cv-00551-CJB-SS | MDL No. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

### SYNOVUS BANK'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER

**COMES NOW** Plaintiff, Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Coastal Bank and Trust of Florida, d\b\a Coastal Bank and Trust ("Synovus"), by and through its undersigned counsel, and hereby files this response to the Verified Motion for Temporary Restraining Order (the "татRO Motion") filed by Defendants, Nick Manakides, Lewis M. Lockhart, William R. Ivey, Keith W. Rottenberry, Richard D. Rowe, Michael W. McCain and Ricky Lockhart (collectively, the "Movants") in the above-styled matter. In further support of this response (the "Response"), Synovus shows unto the Court as follows:

**Brief Factual Background.**

On June 21, 2010, Synovus filed a complaint in the Circuit Court of Jefferson County,

1

Alabama (the "State Court") against defendants Plash Island Resort LLC, ("Plash Resort" or "Borrower"), Keith Rotenberry ("Rotenberry"), Lewis M. Lockhart ("L. Lockhart"), Richard D. Rowe ("Rowe"), Nikolaos Manakides ("Manakides"), Rickey L. Lockhart ("R. Lockhart"), William R. Ivey ("Ivey"), Michael W. McCain ("McCain"), Christopher Andrew Yarborough ("C. Yarborough"), Donna S. Marcrum, as executrix for the Estate of Gary L. Marcrum Sr. (the "Marcrum Estate"), and Marcrum Development, L.L.C. ("Marcrum Development," and together with Plash Resort, Rotenberry, L. Lockhart, Rowe, Manakides, R. Lockhart, Ivey, McCain, C. Yarborough, and the Marcrum Estate, the "Original Defendants") to this matter alleging that they breached the terms of their respective contracts with Synovus, more specifically, that Plash Resort failed to pay Synovus the outstanding balance owed on a defaulted and matured loan (the "Plash Resort Loan"), and that the remaining Original Defendants breached the terms of their respective continuing and unlimited guaranty agreements for failure to pay the same.

On January 14, 2011, Synovus filed a motion for summary judgment against all the Original Defendants which had appeared in the case. The State Court set the hearing on the Synovus' motion for summary judgment on March 21, 2011.

On January 17, 2011, Plash Resort filed a third party complaint (the "Third Party Complaint") against numerous third party defendants ("Third Party Defendants"), namely the entities alleged to be liable for the Deepwater Horizon Oil Spill, seeking to establish liability solely based on tort claims related to the "Deepwater Horizon oil spill in the Gulf of Mexico," which occurred on April 20, 2010.

Synovus was not a party to the Third Party Complaint nor is not included in Plash Resort's list of Third Party Defendants. The Original Defendants, the guarantors of the Plash

2

Resort Loan, are also not parties to the Third Party Complaint, nor are they included in Plash Resort's list of Third Party Defendants.

On January 28, 2011, Synovus filed a Motion to Sever Third Party Complaint pursuant to Rule 21 of the Alabama Rules of Civil Procedure (the "Motion to Sever"), whereby it established that not only did Plash Resort fail to allege that the Third-Party Defendants were liable to it for the claims sought by Synovus, as is required for third-party practice in Alabama. *see* Ala. R. Civ. Pro 14(a), but also that that the repercussions which Plash Resort suffered, if any, from the Deepwater Horizon Oil Spill had nothing to do with the Original Defendants' default on the Synovus Loan.

Synovus' complaint asserts claims and seeks damages sounding solely in contract and relating strictly to the outstanding Loan at issue in this matter, whereas Plash Resort's Third Party Complaint asserts claims sounding exclusively in tort and relating to a catastrophic event which occurred months after Plash Resort's default on the Loan. A nexus of operative facts is required to join parties to a suit in Alabama, *see* Ala. R. Civ. Pro 20, and without it, Rule 21 provides the requisite authority to sever such parties, or claims.

The State Court agreed with Synovus' logic and entered an Order (the "Severance Order") on February 3, 2011,[1] granting Synovus' Motion to Sever by providing that:

> The plaintiff's motion to sever the third-party complaint filed by defendant Plash Island Resort, LLC, is GRANTED. Because the third-party complaint, filed on January 17, 2011, is based on a completely different nucleus of facts, the claims and defendants named therein are misjoined in this action.
>
> Pursuant to Rule 21 of the Alabama Rules of Civil Procedure, the Court orders that the claims of the third party compliant be severed so as to constitute a completely separate civil action. The Clerk of the Court is directed to assign a new Civil Action number to said action and confirm whether the requisite filing fees have been paid.

---

[1] A copy of the February 3, 2011 State Court Order is attached hereto as **Exhibit A.**

3

Accordingly, as of February 3, 2011, the State Court had entered a final order wholly severing the Third Party Complaint and the Third Party Defendants from the case, while leaving the remaining case pending before the State Court (the "Remaining State Action").

On February 23, 2011, Plash Resort filed a Motion to Reconsider the Severance Order (the "Motion to Reconsider"). However, unbeknownst to the parties to the Remaining State Action, also on February 23, 2011, some twenty days after being severed from the case, Cameron International Corporation ("Cameron") filed a Notice of Removal with the United States District Court for the Northern District of Alabama.

In light of the "ghost removal", the State Court entered an Order on March 1, 2011[2] mooting the Motion to Reconsider and stating that:

> a bizarre development has since occurred. One of the **would-be** third party defendants, Cameron International Corporation, has filed a notice of removal advising the Court that it has 'removed' the severed, third-party claim to federal court. This Court is actually unsure whether anything has actually been removed since no new civil action number had been assigned to the severed claim.
>
> Given the **ostensible** removal to federal court, however, this Court does not appear to have further jurisdiction to consider any issue involving the **attempted** third party complaint. Plash Island's motion is thus deemed moot, and the hearing on it is cancelled. (emphasis added).

Unfortunately, despite the fact that the State Court had entered a final order completely severing the Third Party Complaint, and the Third Party Defendants, the Circuit Clerk of Jefferson County did not assign a new Civil Action number to the severed matter so when Cameron filed its premature Notice of Removal, the Remaining State Court Action was docketed as being removed to the United States District Court for the Northern District of Alabama.

The procedural quagmire did not end there. Because Synovus was not included in the style of the Notice of Removal, nor was it even referenced in the pleading or included in the

---

[2] A copy of the March 1, 2011 State Court Order is attached hereto as **Exhibit B**.

4

certificate of service,[3] it was never served with a copy of the Notice of Removal. Had Synovus known that its case was improperly removed and docketed, it would have immediately filed a Motion to Remand for the reasons stated herein, among others.

Also unbeknownst to Synovus, on March 1, 2011, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued its Conditional Transfer Order transferring this matter to this Honorable Court. Again, because Synovus did not receive notice of this action, it did not know to object to the same.

Ignorant to the procedural maneuvering, Synovus, and the State Court, proceeded in the normal course. On March 4, 2011, Synovus filed a motion for leave to amend its motion for summary judgment, which was granted by the State Court on March 7, 2011. On March 11, 2011, a group of the Original Defendants filed a Rule 56(f) Motion seeking to continue the hearing on Synovus' motion for summary judgment set March 21, 2011. The State Court however advised said Defendants that, "[t]his action ostensibly appears to be a straightforward collection...To be on the safe side, the defendants should file a substantive response to the plaintiff's summary judgment."[4]

Additionally, on March 14, 2011, Plash Resort filed a Motion for Immediate Stay for Lack of Jurisdiction (the "Motion to Stay") seeking to stay the Remaining State Court Action until such time as the case is remanded from this Court. By Order dated March 15, 2011,[5] the State Court set the Motion to Stay for a hearing on March 21, 2011.

Although the State Court has not yet entered an Order staying the state case pending this improperly-removed MDL action, there has been no indication that it will ignore the

---

[3] Upon information and belief, Synovus was not included in the Notice of Removal because Cameron had no intention of removing the original lawsuit, only the severed third-party complaint.
[4] A copy of the March 11, 2011 State Court Order is attached hereto as **Exhibit C**.
[5] A copy of the March 15, 2011 State Court Order is attached hereto as **Exhibit D**.

5

jurisdictional parameters of this Court, or improperly apply 28 U.S.C. § 1446(d). In fact, it set a hearing to discuss the Motion to Stay that expressly moves the State Court to abide by such.

### **THE MOTION FOR TEMPORARY RESTRAINING ORDER IS DUE TO BE DENIED**

Synovus agrees that once an action is properly removed to federal court, the state court no longer has jurisdiction. *Meyerland Co. v. Fed. De-posit Ins. Corp.*, 910 F.2d 1257, 1263 (5th Cir.1990), *see also* 28 U.S.C. § 1446(d) ("State court shall proceed no further unless and until the case is remanded."). However, under the circumstance of this case, a temporary restraining order is completely unwarranted and unnecessary.

The TRO Motion seeks to enjoin "Judge Robert Vance, Circuit Judge, Jefferson County, Alabama" from "taking any action, holding any hearings, or entering any order in the" Remaining State Court Case. (Doc. 2). As authority for such, the Movants cite to 28 U.S.C. § 2283, also known as the Anti-Injunction Act.

The Anti-Injunction Act was a result of Congress' acknowledgment of the important principles of federalism. *See In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981). By its very terms, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. [6]

Although the "in aid of jurisdiction" exception was added to the Anti-Injunction Act to clarify that Federal courts are authorized to stay proceedings in state cases removed to the district courts, *see Meyerland Co.,* 910 F.2d at 1263, a federal court is merely <u>permitted</u>, not required, to enjoin a state court proceedings when the state court proceeds in defiance of federal jurisdiction.

---

[6] Courts have construed the prohibition in 28 U.S.C. § 1446(d) as an express congressional authorization to enjoin or stay state court proceedings. See, e.g., Mitchum v. Foster, 407 U.S. 225, 234-37 (1972); Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir.1975).

*see Moore v. Louisiana ex rel. Insurance Rating Com'n (LIRC)*, 459 F. Supp. 2d 504, 507 (M. D. La. 2006). In other words, "an injunction is proper" to preclude a state court from <u>moving forward</u> on a removed case. (emphasis added) *Id. citing Meyerland Co.*, 910 F.2d at 1263.

In the instant matter, the State Court has taken no action indicating that it will move forward on the Remaining State Court Action. As stated above, on March 14, 2011, Plash Resort filed a Motion for Immediate Stay for Lack of Jurisdiction seeking to stay the Remaining State Court Action until such time as the case is remanded. By Order dated March 15, 2011, the State Court set the Motion to Stay for a hearing on March 21, 2011 to discuss its content. In short, there has been no indication that the State Court will ignore the jurisdictional parameters of this Court, or improperly apply 28 U.S.C. § 1446(d).

Evidence establishing a state court's intent to proceed in defiance of § 1446 must be shown, but can not be shown in this case. *See Mitchum*, 407 U.S. at 243 (holding federal court was not precluded by Anti-Injunction Act from enjoining Florida state court after state court entered a preliminary order); *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306 (5th Cir. 1999) (holding federal injunction counter-manding a state court injunction did not violate Anti-Injunction Act); *Meyerland* Co., 910 F.2d at 1263 (describing the injunction as one against an on-going state appeal); *Maseda*, 861 F.2d at 1255 (affirming an injunction against a state court from enforcing its judgment); *In re Corrugated Container Antitrust Litig.*, 659 F.2d at 1334-35 (holding injunction was proper after state court entered a temporary restraining order against defendants, many of whom were also defendants in a federal multidistrict action, because the restraining order would interfere with the multidistrict court's ability to dispose of the action before it).

Because the State Court has taken no action other than to set a hearing on the Motion to Stay, it has not taken steps that would interfere with this Court's apparent jurisdiction, and thus the TRO Motion should be denied.

Moreover, as a general rule, federal courts are exceedingly reluctant to enjoin state court proceedings. *see Younger v. Harris,* 401 U.S. 37, 91 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in a state court is not to issue such injunctions."). As the United States Supreme Court emphasized in *Younger v. Harris,* "this reluctance is in deference to the fundamental principles of federalism, which represents a system in which there is sensitivity to the legitimate interests of both State and National Governments..." *Id.*

The Supreme Court has also stated that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970).

In a case substantially similar to the one at hand, at least procedurally, the United States District Court for the Middle District of Louisiana, in *Moore v. Louisiana ex rel. Insurance Rating Com'n (LIRC),* was asked to "enjoin the Nineteenth Judicial District Court [of Louisiana] from taking any further action" pursuant to the Anti-Injunction Act on a class action case that had been properly removed to the Middle District. 459 F.Supp.2d 504, 507 (M.D.La. 2006).

In denying the injunction, the Middle District found, "that the state court has not moved forward, and therefore the court believes that an injunction is inappropriate at this time." *Id.* at 508.

As an additional basis for denying the request to enjoin the state court, the *Moore* Court weighed the universal factors for injunctive relief and found the movants lacked the requisite criteria for a TRO. *Id.* at 509 - 510. ("another basis for denying the requested injunction is that [the movant] will not suffer an irreparable harm if an injunction is not issued. To be considered irreparable, the injury or harm must be permanent or of long duration. A 'party who remove[s][a] case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of removal.' Thus it can hardly be said that State Farm will suffer irreparable injury when it is not required to appear and litigate the properly re-moved claims.") (internal citations removed).

Under Fed.R.Civ.P. 65, a temporary restraining order or preliminary injunction is available <u>only</u> where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. DCL Marketing, Inc., 878* F.2d 806 (5th Cir. 1989).

In the case at bar, the Movants can not meet these factors.

1.  **The Movants have no reasonable chance of success on the merits**.

The TRO Motion should also be denied because the Movants will not succeed in keeping this case before this Court. This matter was improperly removed because Cameron was not a party to the Remaining State Court Action when it filed its Notice of Removal, and thus this Court should remand this case to the State Court for lack of jurisdiction.

More specifically, the State Court's Order of February 3, 2011 was a final order effective upon entry which completely severed the Third-Party Complaint at issue in this matter, and thus

9

the Notice of Removal filed by Cameron was premature and has no bearing on the Remaining State Court Action.

The Parties to the Remaining State Court Action are bound by the Orders of the State Court, not by the action, or inaction, of the Jefferson County Circuit Clerk's office. Without question, The State Court's Order of February 3, 2011 decreed "that the claims of the third party complaint be severed so as to constitute a completely separate civil action." Whether or not a new civil action number was ever assigned to the severed matter is not determinative of whether a true severance which wholly, and immediately, severed the third-party complaint had been ordered by the State Court.

Alabama law is clear that an order severing a third-party complaint, such as the one entered here, is a final order which acts to completely sever the third-party complaint, **effective upon entry of the Order**, not upon assignment of a new case number. *See Ex parte Alfa Life Ins. Corp.,* 923 So. 2d 272, 275 (Ala. 2005) ("When a claim is severed from the original action, a new action is thereby established and a completely independent judgment results."); *Ex parte Furnace and Corrosive Services, Inc.,* 418 So .2d 891, 893 (Ala. 1982) (same); *Key v. Robert M. Duke Insurance Agency,* 340 So. 2d 781 (Ala. 1976); (An order of severance creates a new action.)

The February 3, 2011 Order unambiguously establishes that the Third-Party Complaint was immediately severed, and thus the content of such complaint was no longer applicable to the Remaining State Court Action. Accordingly, the Third-Party Defendants did not have the authority, or the standing, to dictate the procedural posture of this case.

It appears the State Court is readily aware of this premature "ghost removal" in that its Order of March 1, 2011 states that "a bizarre development has since occurred. One of the **would-**

**be** third party defendants, Cameron International Corporation, has filed a notice of removal advising the Court that it has 'removed' the severed, third-party claim to federal court. This Court is actually unsure whether anything has actually been removed since no new civil action number had been assigned to the severed claim. Given the **ostensible** removal to federal court, however, this Court does not appear to have further jurisdiction to consider any issue involving the **attempted** third party complaint. Plash Island's motion is thus deemed moot, and the hearing on it is cancelled." (emphasis added).

In short, the State Court should not be enjoined because the Notice of Removal was premature and untimely as it is clear that nearly three weeks before the Notice of Removal was filed, the State Court entered an Order wholly severing the Third-Party Complaint from that of the Remaining State Court Action. For that reason, as of February 3, 2011, the actions of the Third-Party Defendants are of no consequence to this case. Cameron's Notice of Removal was, in essence, a legal nullity because it was not a party to a pending action subject to the Third-Party Complaint.

In an abundance of caution, Synovus intends to file a Motion for Remand with this Court on these, and numerous other grounds, including but not limited to the fact that it was not named, mentioned, or served with a copy of the Notice of Removal. Because Synovus was never served with a copy of the Notice of Removal, it never knew there was an inappropriately docketed case in the Federal District Court for Northern District of Alabama, otherwise, it would have immediately filed a Motion to Remand for the reasons stated herein, among others. However, a formally docketed civil action regarding the severed Third-Party Complaint did not exist at the time Cameron filed its Notice of Removal. Synovus should not be punished for such actions.

Additionally, and as established by the State Court, the Remaining State Court Action is due to be severed from the Third Party Complaint Action. In the event that this Court finds that the Notice of Removal was timely and proper, Synovus also intends to move this Court to sever the wholly-unrelated claims, and then remand the portion relating to the Remaining State Court Action. The need for severance is undeniable as there is no nexus between the claims in the two complaints. For the forgoing reasons, among others to be included in Synovus' Motion for Remand, the Movants will not succeed on the merits of their joinder in the removal action.

2. **The failure to grant the injunction will not result in irreparable injury.**

Because the State Court has already set the Motion to Stay for lack of jurisdiction for a hearing, the Movants have an adequate remedy at law in that they can join in said motion and argue the merits thereof. There has been no indication that the State Court will ignore the jurisdictional parameters of this Court, or improperly apply 28 U.S.C. § 1446(d). As such, the Movants have an adequate remedy at law and the failure to grant the TRO Motion will not result in irreparable injury.

3. **The threatened injury does not outweigh any damage that the injunction may cause.**

Because the Movants have an adequate remedy at law, i.e. the Motion to Stay that is currently set for hearing before the State Court on March 21, 2011, the threatened injury of a possible substantive hearing on the merits of Synovus' motion for summary judgment clearly does not outweigh the damage sustained from enjoining a state court judge who has taken no action to proceed in defiance of this Court's jurisdictional parameters. The damage sustained would be severe because, "the normal thing to do when federal courts are asked to enjoin pending proceedings in a state court is not to issue such injunctions…this reluctance is in deference to the fundamental principles of federalism, which represents a system in which there

is sensitivity to the legitimate interests of both State and National Governments..." *see Younger* at 91. Accordingly, the resulting injury does not outweigh the damage which will be sustained.

4. **The injunction will disserve the public interest, and our judicial system.**

In the essence of comity and our federalist system, public policy does not favor enjoining a state court where the state court has taken no action to proceed on an improperly removed case. Enjoining the State Court judge is an extreme and unusual preliminary remedy, and is wholly unjustified. As a general rule, federal courts are exceedingly reluctant to enjoin state court proceedings and "this reluctance is in deference to the fundamental principles of federalism, which represents a system in which there is sensitivity to the legitimate interests of both State and National Governments..." *Younger*, 401 U.S. at 91. The Supreme Court has also stated that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970). Accordingly, public policy would not be served by the granting of the TRO Motion.

**WHEREFORE**, in light of the foregoing, Synovus Bank respectfully requests that this Court deny the Movants' Verified Motion for Temporary Restraining Order and grant such other relief as is necessary and just.

LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD

_____
Stewart F. Peck (LA #10403)
Benjamin W. Kadden (LA #29927)
Joseph P. Briggett (LA #33029)
601 Poydras St. Ste. 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

and

>Joe A. Joseph (JOS004)
>Clifton C. Mosteller (MOS035)
>BURR & FORMAN LLP
>3400 Wachovia Tower
>420 North 20th Street
>Birmingham, Alabama 35203
>Telephone: (205) 251-3000
>Facsimile: (205) 458-5100
>
>*Attorneys for Synovus Bank*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of March 2011:

_____