UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Oil Spill by the Oil Rig** | \* | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | \* | |
| **Of Mexico, on April 20, 2010** | \* | **SECTION "J"** |
| | \* | |
| **Relates to:** *All Cases* | \* | **JUDGE BARBIER** |
| | \* | |
| | \* | **MAGISTRATE SHUSHAN** |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## LIMITED MOTION TO STRIKE JURY DEMAND

Some Claimants in Limitation or other Plaintiffs in this Multi-District Litigation may have the right and desire to have some or all elements of their claims tried to a jury.  The Plaintiffs Steering Committee, nevertheless, out of an abundance of caution, respectfully submits the following Memorandum in response to Defendants' demands for a jury trial,[1] in order to confirm

---

[1] *See* Doc 1385, 1395, 1436 and 1464.

and preserve the 9(h) designations and selections of some Plaintiffs, by virtue of the B1 and/or B3 Master Complaints, or otherwise.[2]

**MAY IT PLEASE THE COURT:**

The District Court has jurisdiction of this case under, *inter alia*, 28 U.S.C. §1333.[3] When, as in this case, the court has concurrent admiralty jurisdiction together with some other basis for jurisdiction, Rule 9(h) of the Federal Rules of Civil Procedure allows the claimant in limitation or other plaintiff to elect to try their case to the Court.

**II.     LAW AND ARGUMENT**

   **A.     The Seventh Amendment does not preserve the right to trial by jury in admiralty cases.**

The Seventh Amendment preserves the right to trial by jury "[i]n Suits at common law, where the value in controversy ... exceed[s] twenty dollars." U.S. CONST. AMEND. VII. As the Supreme Court stated long ago, "the phrase 'common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence." *Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. (3 Pet.) 433, 446, 7 L.Ed. 732 (1830). The Seventh Amendment has thus been understood not to extend the right to a jury trial to cases in admiralty, which have historically been tried without juries. *See Fitzgerald v. U.S. Lines Co.,* 374 U.S. 16, 20, 83 S.Ct.

---

[2] The PSC expresses no opinion at this time regarding the right (if any) of any individual claimant in limitation or other plaintiff to obtain a trial by jury with respect to some or all of his or her claims, should the claimant or other plaintiff desire to plea, demand or otherwise invoke one.

[3] *See generally,* OMNIBUS RESPONSE MEMORANDUM TO CAMERON'S MOTIONS TO DISMISS BUNDLE A CLAIMS [Doc 1612], pp.7-11.

1646, 10 L.Ed.2d 720 (1963); *see also Waring v. Clarke,* 46 U.S. (5 How.) 441, 460, 12 L.Ed. 226 (1847). This long-standing principle is, of course, recognized in this Circuit. *See Rachal v. Ingram Corp.,* 795 F.2d 1210, 1216 (5th Cir.1986) (noting that "it is uncontested that admiralty jurisdiction gives no right to a jury trial"). Moreover, this general principle is preserved in Rule 38(e) of the Federal Rules of Civil Procedure:

> **(e) Admiralty and Maritime Claims.** These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

FED. RULE CIV. PRO. 38(e).

Clearly, Congress may depart from this rule and provide for a jury trial by express statutory provision. *See* Fed.R.Civ.P. 9(h), ADVISORY COMMITTEE'S NOTE, 39 F.R.D. 69, 75 (1966) (noting that "…in the suit in admiralty there is no right to jury trial except as provided by statute"). However, Congress has only exercised this right in certain limited admiralty settings.[4] Furthermore, even when the Court has concurrent jurisdiction under admiralty and some other source, the claimants' designation of the case as one in admiralty precludes a trial by jury. *See infra,* Section B.

---

[4] One notable exception is found in the Jones Act, which provides that a seaman has a statutory right to trial by jury in a personal injury action, whether brought solely under the Jones Act or joined with claims under general maritime law or the Death of the High Seas Act. 46 U.S.C. § 30104; *see also, Rachal,* 795 F.2d at 1216 (holding that a trial by jury is not available to the litigants when the Court sits in admiralty *except as provided by a statute*, such as the Jones Act) (emphasis added). Of course, a Jones Act plaintiff in MDL 2179 may separately seek a trial by jury.

> **B.     F.R.C.P. Rule 9(h) allows only the claimants / plaintiffs to control whether their claims are tried to a judge or jury.**

When the Court has concurrent subject matter jurisdiction under admiralty and some other source (*e.g.*, pursuant to the Outer Continental Shelf Lands Act, or based on Federal Question under the Oil Pollution Act), Rule 9(h) of the Federal Rules of Civil Procedure grants *the plaintiff* the right to elect how to proceed:

> **(h) Admiralty or Maritime Claim.**
>
> **(1) *How Designated.*** If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

FED. RULE CIV. PRO. 9(h).  Federal Rule of Civil Procedure 9(h) was adopted in order to "preserv[e] the present power *of the pleader* to determine whether the [ ] historically maritime procedures," such as the non-jury trial, would be "applicable to his claim or not." Fed.R.Civ.P. 9(h), ADVISORY COMMITTEE'S NOTE, 39 F.R.D. 69, 75 (1966) (emphasis added).  As this Court has held, the fact that an alternative basis for subject-matter jurisdiction may exist is inconsequential, as "[t]he Fifth Circuit has made clear that whenever there are two or more possible bases of federal jurisdiction, including Admiralty, a plaintiff can elect to proceed on the Admiralty side of the Court." *In re Graham Offshore*, 2000 WL 1263225, * 2 (E.D.La. 2000) (citing *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585 (5th Cir.1983)); *see also, Romero,* 515 F.2d 1249, 1252 (5th Cir. 1975) (holding that Rule 9(h) is the

"device by which the [plaintiff] may claim the special benefits of admiralty procedures and remedies, including a nonjury trial, when the [complaint] show[s] that both admiralty and some other basis for federal jurisdiction exist"); *Durden v. Exxon Corp.,* 803 F.2d 845, 849 n. 10 (5th Cir. 1986) (noting that Rule 9(h) "preserv[es] ... the *plaintiff's* right to choose the procedural consequences of a civil or admiralty action, by choosing the jurisdictional basis of the action and designating that basis in the complaint") (emphasis added).

## Conclusion

For the above and foregoing reasons, the right of claimants in limitation or other plaintiffs to designate their claims under Rule 9(h) and to elect a bench trial thereunder should be confirmed and preserved.

This 21st day of March, 2011.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS,<br>MITCHELL, ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office:  (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY  10003<br>Office:  (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail:  rgreenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office:  (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office:  (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail:  rhon.jones@beasleyallen.com |
| Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Office:  (415) 956-1000<br>Telefax: (415) 956-1008<br>E-Mail:  ecabraser@lchb.com | Matthew E. Lundy<br>LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, LA  70601<br>Office:  (337) 439-0707<br>Telefax: (337) 439-1029<br>E-Mail:  mlundy@lundylawllp.com |
| Philip F. Cossich, Jr.<br>COSSICH, SUMICH, PARSIOLA & TAYLOR<br>8397 Highway 23, Suite 100<br>Belle Chasse, LA  70037<br>Office:  (504) 394-9000<br>Telefax: (504) 394-9110<br>E-Mail:  pcossich@cossichlaw.com | Michael C. Palmintier<br>deGRAVELLES, PALMINTIER,<br>HOLTHAUS & FRUGE'<br>618 Main Street<br>Baton Rouge, LA  70801-1910<br>Office:  (225) 344-3735<br>Telefax: (225) 344-0522<br>E-Mail:  mpalmintier@dphf-law.com |
| Robert T. Cunningham<br>CUNNINGHAM BOUNDS, LLC<br>1601 Dauphin Street, P. O. Box 66705<br>Mobile, AL  36660<br>Office:  (251) 471-6191<br>Telefax: (251) 479-1031 | Paul M. Sterbcow<br>LEWIS, KULLMAN, STERBCOW &<br>ABRAMSON<br>601 Poydras Street, Suite 2615<br>New Orleans, LA  70130<br>Office:  (504) 588-1500 |

| | |
|---|---|
| E-Mail: rtc@cunninghambounds.com<br><br>Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail: mike@mikespy.com<br><br>Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA  70726<br>Office:  (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail: calvinfayard@fayardlaw.com<br><br>Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail: ervin@colson.com | Telefax:  (504) 588-1514<br>E-Mail: sterbcow@lksalaw.com<br><br>Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX  75219<br>Office:  (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail: ssummy@baronbudd.com<br><br>Mikal C. Watts (PSC)<br>WATTS GUERRA CRAFT, LLP<br>Four Dominion Drive, Building 3, Suite 100<br>San Antonio, TX 78257<br>Office: (210) 447-0500<br>Telefax: (210) 447-0501<br>E-Mail: mcwatts@wgclawfirm.com |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Memorandum has been filed *via* the Court's CM/ECF electronic filing system and served on all counsel *via* the Lexis Nexis File & Serve system pursuant to PRE-TRIAL ORDER NO. 12, this 21st day of March, 2011.

                 /s/ Stephen J. Herman and James Parkerson Roy