**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . . . . . . .

**LIAISON COUNSEL MEMORANDUM PROVIDING REPORT FOR 3/25/11 STATUS CONFERENCE**

Liaison Counsel submits this report for the status conference on March 25, 2011.

**1.  Pre-Trial Orders:**

Since the last status report for the conference on February 25, the Court has entered PTO #29 (BP Texas City documents), 30 (U.S. samples disposal protocol), 31 (clarification of deadlines for certain responsive pleadings), 32 (revised timeline), and 33 (voluntary Master Complaint for local government entities).  Pending:  BP has proposed protocols for disposal of samples.

**2.  The Status of the JPML Proceedings:**

Since the parties submitted the last status report, the JPML has issued one new Conditional Transfer Order transferring 2 additional cases to this Court.   To date, a total of thirteen CTOs have been issued.  The transfer of 315 cases has become final and when added

966,559

−1−

with those originally filed in the Eastern District of Louisiana, there are approximately 381 cases that have been transferred to MDL 2179.  As a result of dismissals, currently about 358 cases are active before the Court.  The following issues remain undecided:

- An Objection was filed as to one of the cases included in CTO-9.  Briefing is completed, and the JPML has set the matter for hearing at its next session on March 30, 2011.

Parties have moved to transfer eighteen cases to MDL 2179 that the JPML Clerk had initially rejected as inappropriate for transfer, including 16 cases relating to BP's Vessels of Opportunity program.  Briefing has concluded as to all of these motions, and the JPML has set them for hearing without argument at its March 30, 2011 hearing session.[1]

### 3. <u>Status of State-Filed Lawsuits</u>:

At least 14 Deepwater Horizon-related lawsuits are currently pending in various state courts, including Baldwin County, Alabama (one case); Jefferson County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (four cases); Galveston County, Texas (two cases); Plaquemines Parish, Louisiana (one case); Tangipahoa County, Louisiana (one case); Terrebonne Parish, Louisiana (one case); Hillsborough County, Florida (one case); and Gwinnett County, Georgia (one case).  These cases include:

- Eight personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) six suits brought by oil spill response workers;

- One breach of contract suit filed by the manufacturer of containment boom;

- Three lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

---

1  Attached is a chart showing the status of the Conditional Transfer Orders.

- One suit alleging primarily the breach of a lease of oil spill response equipment; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases, though (as discussed below) several such cases have since been stayed. Defendant BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.   To that end, BP continues to file cross-notices of depositions noticed in MDL 2179 in appropriate state court litigation.

The non-derivative Texas cases remain stayed by the Multidistrict Litigation Panel of Texas pending its decision on BP Exploration & Production Inc.'s motion to transfer those cases to a state-level MDL.

Defendant Cameron removed one Alabama state court case, *Plash Island Resort, LLC v. BP, p.l.c. et al.*, 2:11-cv-551-CJB-SS, from the Circuit Court of Jefferson County, Alabama to the Northern District of Alabama.  Cameron, as well as a number of other entities including BP, Transocean, and Halliburton, had been named as third-party defendants in the case; however, the third-party claims were severed from the original complaint.  The JPML was subsequently noticed of the removal and transferred the case to MDL 2179.  Plaintiff moved for a temporary restraining order ("TRO") to prevent the MDL 2179 court from exercising jurisdiction over them.  Judge Barbier issued an order denying the TRO.  Plaintiff's original claims were remanded to state court, and its claims against the third parties remain in MDL 2179.

In addition to the fourteen cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state

jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation).  BP expects such state court litigation to be stayed in favor of MDL 2185, discussed below.  State courts in Louisiana, Texas, and Delaware have already entered orders staying the state court derivative litigation in deference to the consolidated federal derivative case in MDL 2185.  On January 25, 2011, BP moved to stay the remaining Alaska litigation and anticipates a ruling on its motion after oral argument is held on March 23, 2011.

### 4.  <u>Status of MDL-2185</u>:

<u>Securities Litigation</u>.  Two consolidated amended complaints have been filed; responsive pleadings are due May 6.

<u>Derivative Litigation</u>.  A consolidated amended complaint was filed February 4; a motion to dismiss was filed yesterday, on March 21.

<u>ERISA Litigation</u>.  A consolidated amended complaint is due on April 15;  a responsive pleading is due June 22.

<u>Discovery Coordination</u>.  In all three cases, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTO 17 and 27.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.  In addition, Judge Ellison has set a status conference for April 13 at which discovery issues may be discussed.

5. **Insurance Coverage Cases:**

The insurance coverage cases are two declaratory judgment actions that were transferred from the United States District Court for the Southern District of Texas to this MDL proceeding on February 8, 2011.  Since the last status conference, this Court granted the unopposed motions filed by the co-owners of the leasehold interest in the MC252 well, MOEX and Anadarko, for leave to intervene in the insurance cases for purpose of asserting rights under the pertinent insurance policies.  In addition, on March 16, 2011, Transocean filed a motion for leave to file a complaint in intervention in the insurance cases.

To date, no discovery has occurred in the insurance cases, and no substantive rulings have been issued.  BP and the Insurers have exchanged drafts of a proposed scheduling order for initial pleadings, discovery, and summary judgment motions in the insurance cases, and have conferred with MOEX, Anadarko, and Transocean on the same.  Although the parties to those conferences – BP, MOEX, and Anadarko, on the one hand, and the various Insurers and Transocean, on the other hand – agree on some aspects of the proposed scheduling order, they have not reached agreement on other aspects, including a briefing schedule for a motion by BP for judgment on the pleadings or partial summary judgment on the insurance complaints, and limitations on insurance-specific written discovery and the number of depositions.  In addition, the Insurers contend that the Court should not enter a scheduling order until after it rules on the Transocean motion to intervene.   BP, MOEX, and Anadarko believe that the entry of a scheduling order at this time would be appropriate and therefore are submitting a proposal for the Court's consideration at the status conference.

6. **Written and Deposition Discovery:**

Extensive written discovery and document production is underway.  As of the date of the status conference, 20 depositions will have been taken and numerous depositions are being scheduled for March, April, May, June, and July.  The parties have been meeting with Magistrate Judge Shushan each Friday to schedule depositions and discuss pending discovery issues.

**7.  <u>BOP Status</u>:**

The blowout preventer testing by DNV for the USCG-BOEMRE Joint Investigation Team has been completed.  The report should be issued soon.  BP has filed a motion to permit further testing of the BOP under the auspices of the Court, said testing to take place at the Michoud/NASA facility.  The parties are in the process of drafting a proposed Order relevant to the proposed testing.

**8.  <u>Cement Testing Status</u>:**

Cement testing protocols have been submitted to the Joint Investigative Team.  The United States is contracting with an independent laboratory to conduct analysis of the sample.

**10.  <u>Hearing on any motions the Court sets for oral argument</u>**

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

**Attorneys for BP America Production Company
and BP Exploration & Production Inc.**

–8–

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of March, 2011.

/s/ Don K. Haycraft                

417652124.