UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on APRIL 20, 2010 | : | SECTION: J |
| | : | |
| THIS PLEADING APPLIES TO: | : | |
| | : | JUDGE BARBIER |
| 2:10-CV-02771 | : | MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**EX PARTE MOTION FOR ENFORCEMENT
OF THE LIMITATION OF LIABILITY MONITION AGAINST
PLAINTIFF, THE ST. JOE COMPANY**

**NOW COME** defendants, Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean Holdings L.L.C., Transocean Deepwater Inc. and Triton Asset Leasing GmbH (hereinafter collectively referred to as "Transocean") and respectfully move this Honorable Court for enforcement of the Court's Monition Order to enjoin the prosecution of the lawsuit entitled *"The St. Joe Company v. Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, L.L.C., Transocean Deepwater, Inc. and Triton Asset Leasing GmbH"* originally filed in the Superior Court for the State of Delaware, in and for New Castle County, Case Number 10C-10-099 and currently pending before the United States District Court for the State of Delaware as Case Number 11-1695 ("St. Joe lawsuit") pursuant to a removal by Transocean, upon showing that:

339698                                                          1

**PROCEDURAL BACKGROUND**

1.

On April 20, 2010, the BP Macondo Oil Well blew out and the MODU *Deepwater Horizon* exploded some 50 miles off the coast of Louisiana on the Outer Continental Shelf. Plaintiff, The St. Joe Company ("St. Joe"), owns property in northern Florida and claims that the oil spill from the Macondo Well caused it economic losses.

2.

In a blatant attempt at forum shopping, St. Joe elected to split and stagger its claims related to the BP Oil Spill. On August 4, 2010, St. Joe sued Halliburton Energy Services ("Halliburton") in Delaware Superior Court asserting claims for negligence, gross negligence and strict liability under Florida Common Law. On August 26, 2010, St. Joe's sued M.I., L.L.C. ("M.I."), in Delaware Superior Court asserting the same claims. On October 12, 2010, St. Joe filed a third, essentially identical, action in Delaware Superior Court asserting the same claims, this time against Transocean. All three state court actions were removed to federal court in Delaware.

3.

On February 7, 2011, the Judicial Panel Multidistrict Litigation ("JPML") issued final orders transferring the Halliburton and M.I. actions by St. Joe to MDL 2179. Even though it had brought motions to remand in the Halliburton and M.I. actions, St. Joe has taken no action since the transfer to the MDL to re-file its motions to remand.

4.

On November 30, 2010, the JPML conditionally transferred St. Joe's action against Transocean to MDL 2179. Because St. Joe delayed for two months in filing its action against

Transocean, and because of the JPML's bimonthly hearing dates, St. Joe's Motion to Vacate the Conditional Transfer Order governing its suit against Transocean could not be scheduled for decision until March 30, 2011.

5.

On November 18, 2010, Transocean filed a Motion to Stay the action by St. Joe pending the JPML's ruling to transfer the Action to MDL 2179.  St. Joe opposed the stay motion and filed a Motion to Remand on December 2, 2010.  The District Court heard oral argument on both motions on February 10, 2011, and issued an order that the case be remanded on March 15, 2011.  To Transocean's knowledge, it is the only court in the nation to deny a motion to stay pending transfer by the JPML to MDL 2179.

6.

On March 16, 2011, Transocean filed a Motion Seeking a Stay Pending Appeal or, Alternatively, a Temporary Stay to Permit Application to the United States Court of Appeal for the Third Circuit for a Stay Pending Appeal.  On March 18, 2011, the District Court denied the request for a stay pending appeal but granted a temporary stay and delayed the mailing of a certified copy of the Remand Order to the Clerk of the Delaware Superior Court until March 28, 2011.

7.

**THE LIMITATION ACTION**

On May 13, 2010, Transocean filed a Complaint for Limitation of Liability to commence this civil action, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  Incidental to the Limitation Action, the Court issued a monition order enjoining the prosecution of all actions against Transocean based

upon the casualty of April 20, 2010. *See* Exhibit "A", p. 4. The Monition was amended and contains an exclusion for certain, unspecified claims that were "saved" by OPA 33 U.S.C. § 2718:

> . . . ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings in any jurisdiction other than this Court against Petitioners, the DEEPWATER HORIZON, *in rem*, their agents, officers, representatives, and their underwriters or against any employee or property of Petitioners arising out of the voyage of the DEEPWATER HORIZON that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the DEEPWATER HORIZON are hereby ENJOINED, STAYED and RESTRAINED until the hearing and termination of these proceedings. This injunction does not apply to any claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, except for claims against Petitioners by OPA responsible parties as defined in 33 U.S.C. § 2701(32). **This injunction does not apply to any claims, including those of private parties, asserted against Petitioners within the scope of 33 U.S.C. §2718(a), inclusive, except for claims against Petitioners by responsible parties as defined in 33 U.S.C. §2701(32)**. . . .

*Id.* (emphasis added). The Monition Order does not define what claims are "saved" by Section 2718 and thereby excluded from the Monition Order – this issue was intentionally left for later resolution by the court.

### THE REMAND ORDER IN THE ACTION BY ST. JOE AGAINST TRANSOCEAN

8.

The Honorable Leonard P. Stark, who ordered remand of the suit by St. Joe against Transocean,[1] based his remand order on the well-pleaded complaint rule and absence of any of assertion by St. Joe of any claims under OPA. *See* Ex. B, p. 9. Nonetheless, the District Court in Delaware stated *in dicta* that the Florida common law claims asserted by St. Joe were "saved" by 33 U.S.C. § 2718:

> The Court agrees with St. Joe and rejects Transocean's narrow reading of the savings clauses. By specifying that States can impose additional liability for

---
[1] *See* Memorandum Order and Memorandum Opinion of March 15, 2011, Ex. "B."

339698 4

> "other pollution by oil within such State" (§2718(a)(1)(A)), the statute contemplates penalization of more than merely discharges occurring within the state's territory.
>
> \*     \*     \*
>
> This provision [2718], therefore, makes clear that, in addition to the preservation of state authority to impose liability above and beyond OPA, any liability existing prior to OPA under State law, including common law, is not altered either. *Id.*

Based upon this dicta, St. Joe has represented to the district court in Delaware that the Monition Order in this Limitation Action has no application to its claims against Transocean:

> Transocean raises *for the first time in this Court* a clearly-inapplicable, nine-month old Admiralty Order (from the Southern District of Texas) (whose responsibilities in connection therewith were subsequently transferred to the MDL Court in Louisiana.). That Monition Order enjoins the pursuit in other Courts of certain claims, <u>expressly excepts</u> from the scope of that injunction all claims that were preserved under the "Savings Clause" (33 U.S.C. § 2718) of the Oil Pollution Act ("OPA") – **including St. Joe's State Common Law claims against Transocean.** Transocean's invocation of the Monition Order in this action is frivolous.

*See* Exhibit "C", page 2, Plaintiff The St. Joe Company's Response in Opposition to Defendants' Motion for a Stay Pending Appeal. Based upon its position, St. Joe has declared it will not honor the Monition of this Court in flagrant contempt of the injunction against St. Joe from prosecution of its lawsuit against Transocean.

### THE MONITION ENJOINS THE ALLEGED STATE COMMON LAW <u>CLAIMS BY ST. JOE AGAINST TRANSOCEAN</u>

9.

In Transocean's Brief in Support of Rule 12(b)(6) Motion to Dismiss the First Amended B1 Master Claim in Limitation and First Amended Master Complaint and Memorandum in Support thereof (Doc. No. 1390-1) filed on February 28, 2011, Transocean takes the position that:

> If not dismissed, the State Common Law Claims asserted in the First Amended B1 Master Complaint as to Transocean remains subject to the Limitation Injunction, Stay and Restraining Order entered by the Court (Judge K. Ellison) on June 14, 2010, in CA No. 4:10-CV-1721 [after transfer, 10-2771]. *Van Schaeffer v. Tsakos Shipping & Trading*, *S.A.*, 2006 U.S. DIST. LEXIS, 25304, 2006 W.L. 11939 (E.D. Penn. May 2, 2006

*See* Doc. No. 1390-1, p. 7, n.4.  Thus, before the Remand Order of the district court in Delaware on March 15, 2011, Transocean took the position that the Monition enjoined the only claims that St. Joe has brought against Transocean, *i.e.* alleged state common law claims.

There is no doubt that state common law claims are generally enjoined by a limitation monition.  *See Richardson v. Harmon,* 222 U.S. 96, 106 (1911) (holding that the Limitation of Liability Act applies to enjoin the prosecution of state common law claims that are within the scope of a limitation action).  Thus, a Monition issued in the Limitation Action enjoins St. Joe from prosecution of its lawsuit against Transocean, unless the state common law claims by St. Joe have been "saved" by virtue of the savings clause of OPA, 33 U.S.C. § 2718.

In its Motion to Dismiss, Transocean took the position that all claims arising from the BP Oil Spill are subject to this Court's admiralty jurisdiction, which displaces and preempts state common law.  *See* Rec. Doc. No. 1390-1, p. 7 and fn. 8, p. 12.  Because of the controlling *en banc* Fifth Circuit decision in *Testbank* and the Fifth Circuit's later decision in *Marastro*, the plaintiffs' state common law claims for negligence, gross negligence, nuisance and trespass are preempted and must be dismissed.  *See* Rec Doc. No. 1390-1, p. 15 ("the Fifth Circuit has recognized that the General Maritime Law should be applied to claims for pollution damage caused by vessels operating on navigable waters.")

Plaintiff, St. Joe, has alleged only Florida state common law claims.  If Transocean is correct, these claims are invalid as a matter of law based upon admiralty conflict of law and preemption principles and St. Joe should be enjoined from prosecuting those claims against

Transocean in Delaware Superior Court **until such time as this Honorable Court rules on the pending Rule 12(B) Motion by Transocean that raises the precise issue of what state common law claims, if any, are "saved" by Section 2718 for plaintiffs in connection with the BP Macondo oil spill.**

In this regard, Transocean has taken the position that Section 2718(a) neither creates nor saves any state common law claims.  See Rec. Doc. No. 1390-1, pp. 23-27.  Under Transocean's interpretation of Section 2718, Congress never intended for 2718(a) to "save" state common law claims of the type asserted by plaintiff, St. Joe.  This is a complex legal issue that should be resolved according to this Court's pre-trial order and briefing schedule—not St. Joe's self-serving decision not to honor the Court's Monition.

## CONCLUSION

Transocean respectfully submits that the Monition Order should be enforced against St. Joe effective immediately to enjoin St. Joe's prosecution of the St. Joe lawsuit against Transocean until such time as this Honorable Court resolves the scope of OPA's savings provision incidental to a ruling on Transocean's pending motions to dismiss.

                Respectfully submitted,

By:    /s/ Kerry J. Miller     
    Kerry J. Miller (Louisiana, No. 24562)
    Frilot, L.L.C.
    1100 Poydras Street, Suite 3700
    New Orleans, Louisiana 70163
    Telephone: (504) 599-8169
    Facsimile: (504) 599-8154
    Email: kmiller@frilot.com

                -and-

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

*Transocean Entities Of Counsel:*

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Counsel for Triton Asset Leasing Gmbh., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

339698        8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 22, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system and by electronically uploading same with LexisNexis File & Serve in accordance with Pretrial Order No. 12.

s/Kerry J. Miller

339698 9