# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE ST. JOE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:10-cv-00968-LPS |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC.; | § | |
| TRANSOCEAN HOLDINGS LLC; | § | |
| TRANSOCEAN DEEPWATER, INC.; | § | |
| and TRITON ASSET LEASING GmbH, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF THE ST. JOE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A STAY PENDING APPEAL

Plaintiff The St. Joe Company ("St. Joe") files this Response in Opposition to the Motion of Defendants Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Triton Asset Leasing GmbH (collectively, "Transocean") for a Stay Pending Appeal of this Court's Order dated March 15, 2011 (the "Order"), which "summarily remanded" the above-captioned action to the Superior Court of the State of Delaware in and for New Castle County, as follows:

## I.

### PRELIMINARY STATEMENT

In its desperation to delay the Delaware Superior Court's adjudication of St. Joe's common law claims, Transocean asserts arguments lacking legal and factual support. Ignoring the findings set forth in the Memorandum Opinion (the "Opinion") accompanying this Court's Order, Transocean declares that the remand should be stayed because it "will likely succeed on

Exhibit C

#14031144 v1

the merits" of its appeal and "likely will suffer irreparable injury absent a stay."[1] Of course, Transocean's argument falls when its foundation – the alleged waiver by St. Joe of the forum defendant rule inherent in 28 U.S.C. § 1441(b) ("Section 1441(b)") – is shown to be without merit.

Moreover, Transocean raises *for the first time in this Court* a clearly-inapplicable, nine-month old admiralty order (the "Monition Order") from the Southern District of Texas (whose responsibilities in connection therewith were subsequently transferred to the MDL Court in Louisiana). That Monition Order enjoins the pursuit in other courts of certain claims, but <u>expressly excepts</u> from the scope of that injunction all claims preserved under the "savings clause" of the Oil Pollution Act ("OPA") – including St. Joe's state common law claims against Transocean. Transocean's invocation of the Monition Order in this action is frivolous.

Regrettably, Transocean appears determined to throw every conceivable obstacle in the way of St. Joe returning to Superior Court and prosecuting its claims to a resolution there, where they belong. At some point, however, that dilatory campaign must stop. St. Joe requests that the Court deny Transocean's Motion for Stay.[2]

---

[1] *See* Defendants' Motion for Stay Pending Appeal, filed March 16, 2011 (#1126) ("Transocean's Motion for Stay"), at 3 and 5.

[2] Contrary to Transocean's Rule 7.1.1 Statement, there were no "reasonable efforts" to confer with St. Joe's counsel prior to the filing of Transocean's motion for stay. To our knowledge, no one representing Transocean wrote, telephoned, e-mailed, left a message, or otherwise attempted to contact St. Joe's counsel to discuss the Motion for Stay. Rather, at 9:53 p.m. on March 15, 2011, Mr. Wallace (Transocean's Louisiana counsel) sent a letter to Mr. Renard (one of St. Joe's Texas counsel, who was on a family vacation), attaching a copy of the Monition Order, asserting (for the first time) "that the Monition Order enjoins the St. Joe Company from prosecuting in Delaware Superior Court the claims asserted in the Action," and "suggest[ing] that a conference call be held among counsel at your earliest convenience to discuss the status of the Action." There was <u>no</u> mention in that letter of any proposed or impending motion to stay this action pending an appeal. In fact, Transocean did not file its Notice of Appeal until the next day, March 16, 2011.

-2-

#14031144 v1

## II.

## SUMMARY OF OPPOSITION

Transocean cannot establish that *any* of the relevant factors generally considered in connection with a motion for stay pending appeal favors such a stay here.[3]  First, there is *no* likelihood of Transocean's success on the merits of its appeal, because St. Joe timely placed Transocean on notice of the impropriety of Transocean's removal under Section 1441(b).[4]  Second, Transocean has failed to establish that it will suffer any harm in the absence of a stay; on the other hand, as this Court has already found, St. Joe will be "unfairly prejudiced" by further delay.[5]  Finally, there is no legitimate "public interest" to be served by staying the Court's Order of remand.[6]  Accordingly, Transocean's Motion for Stay should be denied.

## III.

## ARGUMENT AND AUTHORITIES

**A.     Transocean's Appeal Has No Likelihood Of Success.**

In its Opinion, the Court held that "St. Joe <u>did</u> raise the forum defendant rule defect in Transocean's argument for removal jurisdiction as part of a timely motion to remand."[7]  The Court found that the issue was adequately raised because: (1) "St. Joe clearly stated that three of the four Defendants are forum citizens;" (2) "St. Joe did cite § 1441(b) and did argue that removal was improper under it;" and (3) "St. Joe's opening brief contained numerous other

---

[3] *See* Transocean's Motion for Stay at 2 ("Courts generally look to the following factors in deciding whether to grant a motion for a stay pending appeal: (1) Whether the movant has shown a likelihood of success; (2) whether the movant has shown a likelihood of irreparable injury absent a stay; (3) whether a stay would substantially harm other parties to the litigation; and (4) the public interest.") (citations omitted).

[4] *See infra* § III.A.

[5] *See infra* § III.B.

[6] *See infra* § III.C.

[7] *See* Opinion at 28 (emphasis added).

references that should have – and, the Court believes, did – give Transocean ample notice of the pertinence of the forum defendant issue."[8]

Against that background, Transocean nevertheless asserts that it "will likely succeed on the merits" of its appeal allegedly because "St. Joe did not assert the forum defendant rule as a basis for its motion to remand filed on December 2, 2010."[9] In addition to the fact that Transocean did not believe its waiver point sufficiently important to bring to the Court's attention until two days before the oral argument,[10] an examination of applicable law and the contents of St. Joe's remand motion demonstrates the lack of merit in Transocean's argument.

### 1. The applicable law

Transocean's waiver argument is predicated upon the Third Circuit's decision in *Korea Exchange Bank*.[11] Finding that plaintiff in *Korea Exchange Bank* had, by its silence and inaction,[12] waived the undisputed Section 1441(b) defect in defendant's removal,[13] the Third

---

[8] *Id.*

[9] *See* Transocean's Motion for Stay at 3.

[10] *See* Opinion at 27, n.15 ("It is worth noting that Transocean did not mention waiver until the February 8, 2011 teleconference on Transocean's emergency motion for a continuance, fully 40 days after briefing on the motion to remand closed.").

[11] *See* Transocean's Letter to the Court dated February 9, 2011, at 1, citing *Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3rd Cir. 1995).

[12] *See Korea Exchange Bank,* 66 F.3d at 47 ("Trackwise filed a Notice of Removal in the United States District Court for the District of New Jersey . . . It appears that thereafter the case lay dormant in the district court for seven and one-half months . . . On September 23, 1994, however, the district court *sua sponte* issued an order summarily remanding the case to state court.").

[13] *Id.* at 48 ("There is no dispute that defendants' removal of this case did not comply with 28 U.S.C. §1441(b), which provides that actions not involving federal questions 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'").

-4-

Circuit held that the Section 1441(b) "irregularity must be the subject of a motion to remand within thirty (30) days after filing the notice of removal"[14] pursuant to 28 U.S.C. § 1447(c).[15]

Significantly, the *Korea Exchange Bank* requirement is satisfied simply by filing a motion to remand within the requisite 30-day period: (1) citing Section 1441(b) in support; and (2) noting the forum-state citizenship of one or more defendants.[16] As this Court correctly found, that is precisely what St. Joe did here.[17]

### 2. The relevant facts

St. Joe timely filed a motion to remand and, in support thereof, submitted its Opening Brief[18] – in which it expressly and repeatedly cited Section 1441(b) as a basis for remanding this

---

[14] *Id.* at 50-51.

[15] Section 1447(c) provides, in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

[16] *See Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc.,* 254 F. Supp.2d 521, 526 (M.D. Pa. 2003) ("In its brief in support of its motion for remand, Mallalieu recites § 1441(b) . . ., maintaining that 'it is the position of the Plaintiff that one of the Defendants . . . is a business organization with its principal place of business . . . in Pennsylvania.' . . . Mallalieu has not waived the argument of a defect in removal procedure.") (citing *Korea Exchange Bank*). In addition, in holding "that section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional" and, thus, may be waived, the Third Circuit in *Korea Exchange Bank* cited and relied upon, *inter alia*, two Fifth Circuit opinions. Significantly, the Fifth Circuit and its constituent district courts have rejected waiver arguments where the notice of the procedural defect in removal was less clear than that provided by St. Joe to Transocean in this action. *See Patin v. Travelers Ins. Co.,* 77 F.3d 782, 786 (5th Cir. 1996) ("[T]he facts eschew waiver. True, § 1445(c) was neither quoted nor cited by section number in the Patins' removal motion . . . Nevertheless, the substantive concept embodied in §1445(c) . . . was adverted to in the motion . . . . Thus, we reject Traveler's contention that the Patins waived their right to insist on remand to state court back on §1445(c) grounds."); *see also Chhetri v. Wal-Mart Stores, Inc.*, 2009 WL 6056530 (W.D. La. 2009) at *2, n.1 ("Plaintiffs filed a timely motion to remand. They did not cite Section 1441(b) specifically . . . but they at least suggested in an imprecise way that they asserted the forum-defendant rule . . . The court finds that Plaintiffs' motion was adequate to avoid waiver.").

[17] *See supra* n.8 and accompanying text.

[18] *See* St. Joe's Motion to Remand, filed December 2, 2010 (#293), at 1 ("St. Joe . . . hereby moves to remand this case . . . for the reasons set forth in Plaintiff's Opening Brief"); *see*

-5-

#14031144 v1

case to Delaware Superior Court.[19]  For example, St. Joe asserted that, "Even if St. Joe's claims fell within the jurisdictional grant in [43 U.S.C.] §1349, the mere fact that OCSLA gives federal courts original (*i.e.* concurrent) jurisdiction over certain OCSLA-related claims does not entitle Transocean to remove this action under 28 U.S.C. §1441(b)."[20]  In the footnote accompanying that statement, St. Joe again cited Section 1441(b) and noted that Transocean similarly "could not avail itself of diversity removal because three of the Transocean defendants are citizens of Delaware, the state in which this action was brought."[21]

Citing Section 1441(b), St. Joe further asserted in its Opening Brief that, "Courts have repeatedly held that removal is impermissible whenever plaintiff's well-pleaded complaint presents no claim 'arising under the Constitution, treaties or laws of the United States,' notwithstanding that the location of the incident falls within OCSLA's jurisdictional scope."[22]  Accompanying that statement was a footnote consisting solely of citations to five federal district

---

*also* St. Joe's Opening Brief in Support of Its Motion to Remand ("Opening Brief"), filed December 2, 2010 (#296).

[19] *See* St. Joe's Opening Brief.  While the phrase "forum defendant rule" did not appear in St. Joe's Opening Brief, neither does it appear in Section 1441(b).  Rather, Section 1441(b) divides the universe of removed civil actions over which federal courts have original jurisdiction, into two categories:  (1) those "founded on a claim or right arising under the Constitution, treaties or laws of the United States;" and (2) "[a]ny other action[s]."  The federal question cases described in the first category are "removable without regard to the citizenship or residence of the parties."  All other cases, which fall within the residual second category, "are removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Thus, Section 1441(b) serves as a basis for <u>remand</u> *only* in cases over which federal courts have original jurisdiction that meet both of the following criteria:  (1) one or more defendants is a citizen of the forum state; and (2) none of the claims arises under federal law.  In no other case removable pursuant to Section 1441(a) does Section 1441(b) serve as an obstacle or impediment to removal.  Hence, a plaintiff asserting Section 1441(b) as a basis for remand *necessarily* raises the so-called "forum defendant rule."

[20] *See* St. Joe's Opening Brief at 16.

[21] *Id.* at 16, n.59; *see also id.* at 2-3.  *See also* Opinion at 28.

[22] *See* St. Joe's Opening Brief at 17-18.

-6-

Case 2:10-md-02179-CJB-DPC Document 1714-3 Filed 03/22/11 Page 7 of 12
Case 1:10-cv-00968-LPS Document 40 Filed 03/18/11 Page 7 of 11 PageID #: 1153

court opinions in which the respective courts granted motions to remand cases removed under the jurisdictional provisions of OCSLA because of the presence of one or more forum defendants.[23]

In response to St. Joe's Opening Brief and Section 1441(b) arguments, Transocean included in its memorandum an entire section entitled, "The 'Forum Defendant' Rule Does Not Apply To Transocean's Removals."[24] St. Joe then addressed that section in its Reply Brief, which further supported its original arguments regarding the necessity of remand pursuant to Section 1441(b).[25]

---

[23] *Id.* at 18, n.68. In contrast to the foregoing, Transocean directs the Court's attention *solely* to page 4 of St. Joe's Opening Brief, and asserts that "St. Joe's opening brief cites Section 1441(b) for the argument that OCSLA does not create a federal question." *See* Transocean's Motion for Stay at 5. Of course, absent a federal question, removal is proper under Section 1441(b) only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" – circumstances that do not exist here. Moreover, Transocean's exclusive focus on page 4 of St. Joe's Opening Brief ignores the other references within that Brief to Section 1441(b) and, therefore, the forum defendant defect in Transocean's removal. *See supra* nn.20-23.

[24] *See* Transocean's Opposition to Plaintiff's Motion to Remand, filed December 20, 2010 (#586), at 19-20; *see also id.* at 2. *See also* Opinion at 28. In itself, Transocean's substantive response to the Section 1441(b) issue negates any notion of waiver. *See Andreshak v. Service Heat Treating, Inc.*, 439 F. Supp.2d 898, 900 (E.D. Wis. 2006) ("[D]efendants negated any waiver by Andreshak . . . [D]efendants respond[ed] to the argument on the merits. Thus, the court considers the argument sufficiently raised . . . And because this argument by Andreshak is a winner, the case will be remanded.")

[25] *See* St. Joe's Reply, filed December 30, 2010 (#654), at 9 ("Section 1441(a) of Title 28 of the United States Code authorizes removal of any action over which the federal courts have original jurisdiction. However, Section 1441(b) limits this broad authorization by prohibiting removal where any defendant is a citizen of the state in which the action was originally brought and the basis for federal jurisdiction is anything *other* than federal question jurisdiction. Here, Transocean is a citizen of the State of Delaware in which the action was brought (Delaware) and, as discussed above, St. Joe's claims do not arise under the laws, treaties, or Constitution of the United States. Removal was therefore improper.").

-7-
#14031144 v1

In sum, St. Joe did not waive Section 1441(b) as a basis for remanding this action back to Delaware Superior Court. Transocean received ample notice that Section 1441(b) was among the asserted grounds for remand.

**B.      Transocean Will Not Be Prejudiced In The Absence Of A Stay, Whereas St. Joe Will Suffer Further Substantial Injury If Remand Is Delayed.**

Transocean's "irreparable injury" argument is premised on its alleged likelihood of success on the merits of its appeal. More particularly, Transocean asserts: "If a stay is not entered and it was determined that federal jurisdiction had been divested such that the MDL transfer process were interrupted, Transocean would have to restart that process *upon prevailing on appeal*, suffering a delay of many months."[26] However, given that Transocean stands no chance of prevailing on appeal with respect to its "waiver" argument,[27] there is no likelihood that it will suffer any harm (let alone, "irreparable injury") in the absence of a stay of this Court's remand Order.

On the other hand, a stay will clearly prejudice St. Joe. As this Court has held:

> St. Joe would be unfairly prejudiced by the delay that would necessarily result from a stay . . . [T]his case is currently pending in a court lacking jurisdiction . . . St. Joe has a right to proceed in a timely manner on its claim and to do so in the court having jurisdiction. Granting Transocean's request to stay would delay further the time at which this will finally occur.[28]

Transocean's only response to the Court's findings regarding the prejudice to St. Joe that would result from any stays or further delays is to raise – for the first time in this action – the injunctive provisions of the Monition Order entered by the Southern District of Texas on June 4, 2010.[29]

---

[26] *See* Transocean's Motion for Stay at 6 (emphasis added).

[27] *See supra* § III.A.

[28] *See* Opinion at 5; *see also id.* at 4 ("A stay would prejudice St. Joe by causing further delay . . .").

[29] *See* Transocean's Motion for Stay at 6 and Exhibit A attached thereto.

-8-

However, by its terms, the Monition Order <u>excludes</u> from the scope of its injunction claims such as those asserted by St. Joe against Transocean in this case.  Specifically, the Monition Order provides:  "This injunction does not apply to any claims, including those of private parties, asserted against Petitioners [Transocean] within the scope of 33 U.S.C. § 2718(a)"[30] – which is the OPA savings clause that this Court addressed at great length in its Opinion.[31]  As this Court held, "OPA, through its saving clauses, preserves the state law claims which St. Joe asserts."  Because St. Joe's claims are "within the scope of 33 U.S.C. § 2718(a)," they are <u>not</u> subject to the injunctive provisions of the Monition Order.[32]

In sum, there is no likelihood that Transocean will be prejudiced by this Court's denial of its request for a stay pending appeal.  On the other hand, as this Court has already found, any stay would "unfairly prejudice" St. Joe.

**C.     The Public Interest Favors Neither A Stay Nor Any Further Delay In The Remand Of St. Joe's Claims To The State Court In Which They Were Initially And Properly Asserted.**

The first sentence of that section of Transocean's Motion for Stay entitled, "The Public Interest Favors a Stay," is the following:  "There is a strong public interest in consolidating massive tort litigation."[33]  That, of course, captures Transocean's objective here – namely, to delay the proper remand of St. Joe's claims so that they might be swept into the MDL process.

However, there is no "public policy" or "public interest" that favors a litigant and its claims being forced into a forum or proceeding in which they do not belong.  There is no public

---

[30] *See* Monition Order at 4.

[31] *See* Opinion at 11-18.

[32] Indeed, even had the Monition Order not specifically excluded St. Joe's claims from its effect, 33 U.S.C. § 2718(a) itself unambiguously states that: "Nothing in…the Act of March 3, 1851 [the Limitations Act] shall…affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under…State law, including common law."

[33] *See* Transocean's Motion for Stay at 7.

-9-

#14031144 v1

interest in requiring a litigant to suffer avoidable delays or incur needless costs in a judicial system that lacks the power to adjudicate its claims. In sum, there is no public interest in "requiring St. Joe to continue to litigate in a federal forum, which lacks jurisdiction and which is not the forum in which St. Joe chose to bring its action."[34]

St. Joe is anxious to proceed to the merits of its claims in the Delaware Superior Court, and will be ready to try those claims as soon as that court can schedule and accommodate that trial.[35] To the extent that Transocean's complaint is that "it will be subject to dual track litigation in the MDL and the Delaware Superior Court,"[36] in the Court's words, that "is attributable to Transocean's alleged role in the events relating to the oil spill, not to St. Joe's action or this Court's decision."[37]

In sum, neither "public policy" nor the "public interest" favors the kind of dilatory gamesmanship in which Transocean appears to be engaged. As demonstrated, there is <u>no</u> factor that favors the issuance of a stay of this Court's Order remanding St. Joe's claims to the Delaware Superior Court.

## IV.

## <u>CONCLUSION AND REQUEST FOR RELIEF</u>

In light of the foregoing, St. Joe respectfully request that this Court enter an order: (1) denying Transocean's Motion for Stay in all respects; (2) awarding St. Joe its reasonable

---

[34] *See* Opinion at 4.

[35] Transocean cites the Court to a newspaper article and suggests some lack of conviction on the part of St. Joe in the continued pursuit of its claims. To the contrary, we assure the Court that St. Joe is fully committed to prosecuting those claims to final conclusion and obtaining all the relief to which it is entitled – in a court having subject matter jurisdiction and the power to adjudicate the issues and provide the necessary remedies.

[36] *See* Transocean's Motion for Stay at 6.

[37] *See* Opinion at 6.

-10-

#14031144 v1

attorneys' fees as sanctions for Transocean's frivolous assertion that the prosecution of St. Joe's claims in Delaware Superior Court is prohibited by the injunction provisions of the Monition Order; and (3) providing St. Joe such further relief, at law or in equity, to which it is entitled and which this Court deems just and proper.

Dated: March 18, 2011

|  |  |
|---|---|
| OF COUNSEL:<br><br>William A. Brewer III<br>James S. Renard<br>Michael J. Collins<br>Kenneth N. Hickox, Jr.<br>Robert W. Gifford<br>**BICKEL & BREWER**<br>1717 Main Street<br>Suite 4800<br>Dallas, Texas 75201<br>Telephone: (214) 653-4000<br>Facsimile: (214) 653-1015 | By: /s/ *Edmond D. Johnson*<br>Edmond D. Johnson (Del. Bar. No. 2257)<br>James G. McMillan, III (Del. Bar No. 3979)<br>James H.S. Levine (Del. Bar. No. 5355)<br>**PEPPER HAMILTON LLP**<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>Wilmington, Delaware 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br>*johnsone@pepperlaw.com*<br>*mcmillanj@pepperlaw.com*<br>*levinejh@pepperlaw.com*<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**THE ST. JOE COMPANY** |

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2011, I caused a copy of *Plaintiff The St. Joe Company's Response in Opposition to Defendants' Motion For A Stay Pending Appeal* to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

    Andre G. Bouchard
    Jeffrey M. Gorris
    BOUCHARD MARGULES &
    FRIEDLANDER, P.A.
    222 Delaware Avenue, Suite 1400
    Wilmington, DE

    /s/*Edmond D. Johnson*
    Edmond D. Johnson (Del. Bar. No. 2257)

#14031144 v1