UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on        APRIL | : | SECTION:  J |
| 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO 11-551** | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**SUPPLEMENTATION AND CLARIFICATION OF RECORD**
**AS DIRECTED BY THE COURT'S MARCH 18, 2011 ORDER (DOC. 1677)**

As directed by the Court, for clarity's sake, Cameron International Corporation

("Cameron") sets forth the relevant events in the following bulleted list:

- June 21, 2010-- Synovus Bank, a lender, filed a suit on a note in the Circuit Court of Jefferson County, Alabama, against Plash Island Resort, LLC ("Plash Island"), the borrower, and various other parties who had guaranteed the note.  (Ala. Doc. No. 1-1, at pp. 3-10).[1]

- January 7, 2011 – Plash Island filed a Third Party Complaint against Cameron, and other *Deepwater Horizon* parties, contending that the value of the collateral securing the Synovus Bank note had been impaired by the oil spill.  (Ala. Doc. No. 1-4, pp. 83-142).

---

[1] All docket numbers from the Alabama District Court relate to cause number 2:11-cv-715-SLB.  Moreover, all cited documents from the Alabama District Court were attached to the Notice of Removal, which is set forth in full at Exhibit A to this filing.

1050321v.1

- February 3, 2011—Judge Vance of the Circuit Court of Jefferson County, Alabama, determined that the Plash Island claims are "based on a completely different nucleus of facts" than the Synovus Bank claims and thus the "claims and defendants named [in the Plash Island complaint] are misjoined in this action." Accordingly, Judge Vance severed Plash Island's third party claims from Synovus Bank's claims. (Ala. Doc. No. 1-6). The severance created an entirely new action. *See* Ala. R. Civ. P. 21; *Key v. Robert M. Duke Ins. Agency*, 340 So.2d 781, 783 (Ala. 1976).

- February 22, 2011 – Cameron filed its Notice of Removal *removing only the severed Plash Island claims.* This is immediately clear from the style of the Notice of Removal which identifies Plash Island as "Plaintiff," not Defendant/Third-Party Plaintiff, and the various *Deepwater Horizon* parties as "Defendants," not Third-Party Defendants. (Ala. Doc. No. 1). In keeping with local practice, and 28 U.S.C. § 1446(a), Cameron attached to the Notice of Removal the contents of the state court file, including Synovus Bank's Complaint, Plash Island's Third-Party Complaint, and the order severing those actions. (Ala. Doc. No. 1).

- February 24, 2011 – Cameron filed a Notice of Related Action with the JPML identifying Plash Island claims as appropriate for inclusion within MDL 2179.[2] In that notice, Cameron explained that the state court had severed Plash Island's claims from the Synovus Bank claims, and that Cameron "removed the Plash Island claims to the Northern District of Alabama and is hereby identifying the removed Plash Island claims as a related action." (MDL Doc. No. 520). In addition, Cameron attached a copy of Plash Island's Third Party Complaint to the Notice of Related Action.

- March 1, 2011—In CTO 13, the JPML conditionally transferred the action to the MDL. Unfortunately, the JPML, in CTO 13, utilized the style from Plash Island's Third Party Complaint, which was attached to the Notice of Related Action and which reflected Synovus Bank as plaintiff and Plash Island as defendant in the Synovus Bank action, as opposed to the style set out in Cameron's Notice of Removal and the text of the Notice of Related Action, which properly reflected Plash Island as plaintiff and Cameron and the other *Deepwater Horizon* parties as defendants in the severed Plash Island claims. However, despite this misidentification in CTO 13, the only claims Cameron removed, and the only claims it identified to the JPML for inclusion in the MDL, were the Plash Island claims, not the Synovus Bank claims.

---

[2] MDL Doc. No. 520, attached hereto at Exhibit B.

- <u>March 8, 2011</u>—Because no party objected to CTO 13, the Plash Island claims were transferred to the MDL.

                                        Respectfully submitted

David J. Beck, T.A.                     /s/ Phillip A. Wittmann
    dbeck@brsfirm.com                Phillip A. Wittmann, 13625
Joe W. Redden, Jr.                          pwittman@stonepigman.com
    jredden@brsfirm.com              Carmelite M. Bertaut, 3054
David W. Jones                              cbertaut@stonepigman.com
    djones@brsfirm.com               Keith B. Hall, 24444
Geoffrey Gannaway                           khall@stonepigman.com
    ggannaway@brsfirm.com            Jared A. Davidson, 32419
                                            jdavidson@stonepigman.com


BECK, REDDEN & SECREST, L.L.P.          STONE PIGMAN WALTHER WITTMANN L.L.C.
One Houston Center                      546 Carondelet Street
1221 Mckinney, Suite 4500               New Orleans, Louisiana 70130
Houston, TX 77010-2010                  504-581-3200
713-951-3700                            504-581-3361 (fax)
713-951-3720 (fax)


                                        **ATTORNEYS FOR CAMERON**
                                        **INTERNATIONAL CORPORATION**
Howard L. Murphy, 9844
    hmurphy@dkslaw.com
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, Louisiana 70130
504-581-5141
504-566-4039

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Supplementation and Clarification of Record as Directed by the Court's March 18, 2011 Order (Doc. 1677) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of March, 2011.

*/s/ Phillip A. Wittmann*

1050321v.1