UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO:  11-274 and 11-275 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

11-274: *Ranger Ins. Ltd. v. BP America, Inc., et al.* (S.D. Tex. No. 4:10-cv-02009)
11-275: *Certain Underwriters at Lloyd's London v. BP America, Inc., et al.* (S.D. Tex. No. 4:10-cv-01823)

**MEMORANDUM IN SUPPORT OF INSURED PARTIES' PROPOSED SCHEDULING ORDER IN THE INSURANCE CASES**

BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc., BP Holdings North America Limited, and BP plc (collectively, "BP"), Anadarko E&P Company, LP, and Anadarko Petroleum Corporation (collectively, "Anadarko"), and MOEX Offshore 2007 ("MOEX") (BP, Anadarko, and MOEX are referred to collectively as the "Insured Parties") submit this Memorandum In Support of Insured Parties' Proposed Scheduling Order for Case Nos. 11-274 and 11-275 (the "Insurance Cases").  We attach the Insured Parties' Proposed Scheduling Order as Exhibit A.

**Background**

The Insurance Cases are two declaratory judgment actions that were transferred from the United States District Court for the Southern District of Texas to this MDL proceeding on February 8, 2011.  The plaintiffs in the Insurance Cases are liability insurance carriers ("the Insurers") that issued policies to Transocean, which also provide coverage to BP as an

"additional insured." Those Insurers seek a declaration that the "additional insured" coverage that they provide to BP is limited to the scope of the "hold harmless" that Transocean agreed to provide to BP in the drilling contract that applies to the MC252 well. BP filed a counterclaim, seeking a declaration that the Insurers provide coverage for claims arising out of the *Deepwater Horizon* matter without any such limitation. BP also filed a cross-claim against certain Marine Package Insurers concerning marine losses. MOEX and Anadarko, co-owners of the leasehold interest in the MC252 well, have been granted leave to intervene in the Insurance Cases for purpose of asserting rights under the pertinent insurance policies.

### **The Court Should Enter a Scheduling Order Now**

At the Status Conference held on February 25, 2011, this Court directed the parties in the Insurance Cases to submit a proposed scheduling order at the March 25 Status Conference. BP and the Insurers have exchanged drafts of a proposed scheduling order for initial pleadings, discovery, and summary judgment motions, and have conferred with MOEX and Anadarko (as well as Transocean) on the same. Although the parties to those conferences – the Insured Parties, on the one hand, and the Insurers and Transocean, on the other hand – agree on some aspects of the proposed scheduling order, they have not reached agreement on other aspects. In addition, the Insurers contend that the Court should not enter a scheduling order until after it rules on Transocean's motion for leave to intervene in the Insurance Cases, filed on March 16, 2011, and they therefore have declined to submit a proposed order.

However, the Court has placed Transocean's motion for leave to intervene, which is now unopposed, on the agenda for the March 25 status conference, a development that likely will moot the Insurers' stated concern. Regardless, BP, MOEX, and Anadarko believe that the entry of a scheduling order without further delay is appropriate. First, the Insurance Cases were filed

2

nearly a year ago and they are ready to proceed, and the Insured Parties are prepared to resolve the question of their entitlement to $750 million in insurance coverage.  Second, the Insurers' excuse for further delay -- that Transocean is not (yet) a party -- may technically be correct but it is not a valid reason for further delay.  Transocean has actively participated in the meet-and-confer discussions concerning the scheduling order; has been participating in the Insurance Cases from the outset by its captive insurer, plaintiff Ranger Insurance Ltd.; and could have formally moved to join as a party any time in the past ten months but chose for its own reasons to delay.  Parties join cases (including this MDL proceeding) midstream all the time, and abide by the orders entered before their joinder.  In view of these circumstances, the Insured Parties therefore are submitting this proposal for the Court's consideration at the March 25 status conference.  The Insured Parties respectfully submit that the Court should adhere to its previously announced plan to enter a scheduling order at the conference.

## The Insured Parties' Proposed Scheduling Order

The Insured Parties' Proposed Scheduling Order (Exhibit A) has five parts, which we summarize below.

*Consolidation of the Insurance Cases*:  The parties agree that the two insurance cases should be consolidated as the pleadings in the cases are not identical.  The Insured Parties propose that the "master case" be the case filed by the primary insurer, Ranger (No. 11-274), and that the case filed by the excess insurers (No. 11-275) be consolidated into the Ranger case, as the primary insurer would be called upon to provide coverage first, before the excess insurers.

*Pleadings*:  Various initial pleadings in the insurance case are pending or unresolved.  The Proposed Scheduling Order sets forth a detailed briefing schedule for filing or moving to dismiss initial pleadings, including counterclaims or third-party complaints, as well as a briefing

3

schedule for a motion by BP for judgment on the pleadings or partial summary judgment on the insurance complaints and, if leave to intervene is granted, on Transocean's complaint in intervention. The Insurers propose to postpone all potentially dispositive motions until after the conclusion of discovery and the Court's judgment in the joint limitation/fault trial scheduled for February 27, 2012.

The Insured Parties submit that the insurance complaints present a pure legal issue of insurance policy interpretation under governing Texas law that this Court can resolve, as the same issue has been decided adversely to the Insurers by the Texas Supreme Court and the Fifth Circuit. Early briefing and ruling on this insurance policy interpretation issue will resolve the Insurers' complaints in the Insurance Cases in their entirety (or, at a minimum, will substantially narrow the scope of discovery needed in the cases). The Marine Package Insurers' Counterclaim (which they attempted to file in the Ranger case, No. 11-274, after that case had been administratively stayed) likewise presents a purely legal issue of insurance policy interpretation, which the Texas courts and the Fifth Circuit have decided adversely to those Insurers. Finally, if the Court grants Transocean leave to intervene, the Insured Parties expect to file a motion to dismiss or for partial summary judgment, as the Transocean complaint is procedurally and legally deficient.

No reason exists – other than a desire to delay resolution of the Insurance Cases – to defer briefing on the motions for judgment on the pleadings (or partial summary judgment or to dismiss) until after the close of discovery. The Insured Parties therefore request the Court to permit them to proceed with these motions.

In addition, the other defendants in MDL No. 2179 have recently produced their insurance policies, and insurance-related discovery is ongoing. The Insured Parties may seek

leave to assert "additional insured" rights against other insurers, and have included a date for asserting such claims in the Proposed Scheduling Order.

*Discovery*:  With respect to discovery, the parties generally agree on the discovery period, with written discovery beginning in May 2011 and all discovery (including expert discovery) concluding by January 31, 2012.  However, the Insured Parties' proposed scheduling order expressly limits any discovery in the Insurance Cases to topics that are relevant and specific only to insurance issues pleaded in the Insurance Cases, and provides that no discovery may be taken in the insurance cases that was (or could have been) taken in the other matters that the Court has referred to Magistrate Judge Shushan.

The Insured Parties' proposed order also includes reasonable limitations on written discovery and the number of depositions in order to avoid unnecessary, unduly burdensome, and/or duplicative discovery.  Specifically, the Insured Parties' proposal would allow the Insurers (including Transocean, if Transocean's motion to intervene is granted) to propound, collectively, up to 30 insurance-specific document requests, up to 25 insurance-specific interrogatories, and up to 30 insurance-specific requests for admission on the Insured Parties. Similarly, the Insured Parties would be allowed to propound, collectively, up to 30 insurance-specific document requests, 25 insurance-specific interrogatories, and 30 insurance-specific requests for admission on the Insurers.  In addition, under the Insured Parties' proposal, the Insurers collectively and the Insured Parties collectively each would be allowed to take a total of 10 insurance-specific non-expert witness depositions (with 7 hours of Rule 30(b)(6) testimony counting as one deposition against this limit).

Although the Insurers have informed the Insured Parties that they do not intend to take duplicative discovery, for reasons the Insured Parties do not understand they have not agreed to

embody this express limitation on discovery in the Scheduling Order that will govern discovery in the Insurance Cases.  In addition, the Insurers have not agreed to limit the number of document requests or requests for admissions, and would allow the parties to propound up to 50 interrogatories on each other party.  The Insurers also oppose placing limits on the number of depositions that may be taken in the Insurance Cases.  The Insured Parties believe that this virtually-unlimited insurance discovery is unnecessary in light of the limited and discrete legal issues that the Insurers' complaints present, and is inconsistent with the goals of promoting "efficient" conduct of this consolidated proceeding.  *See* 28 U.S.C. § 1407.  The Insured Parties further submit that the provision in the Insured Parties' proposal allowing any party to petition the Court, on a showing of good cause, to expand the discovery beyond the limits set forth in the order, provides adequate protection to all parties.

*Summary Judgment Motions*:  The parties are generally in agreement on the extent of summary judgment motions, the briefing scheduling, and the last day for filing dispositive motions (although the Insurers contend that the last day for filing should be delayed until the conclusion of the trial that the Court has scheduled for February 27, 2012, whereas the Insured Parties ask that the motions be filed on February 27, 2012 itself).

*Further Proceedings*:  The Insured Parties propose that the Court address further scheduling, and, if necessary, a trial in the Insurance Cases at the September 2011 status conference.

**Conclusion**

For the foregoing reasons, the Insured Parties respectfully request that the Court enter the Insured Parties' Proposed Scheduling Order (Exhibit A).

Respectfully submitted,

/s/David B. Goodwin
David B. Goodwin
Covington & Burling LLP
One Front Street, 35th Floor
San Francisco, CA  94111
Tel:  (415) 591-6000
Fax:  (415) 591-6091
E-mail:  dgoodwin@cov.com

Allan B. Moore
Seth A. Tucker
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Tel:  (202) 662-6000
Fax:  (202) 778-5575
E-mail:  abmoore@cov.com
E-mail:  stucker@cov.com

COUNSEL FOR BP PLC, BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC. AND BP HOLDINGS NORTH AMERICA LIMITED

/s/Peter M. Gillon
Vincent E. Morgan
Amy P. Mohan
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin, Suite 2000
Houston, Texas  77010
Telephone: 713.276.7600
Telecopier: 713.276.7676
vince.morgan@pillsburylaw.com
amy.mohan@pillsburylaw.com

Peter M. Gillon
Geoffrey J. Greeves, T.A.
James P. Bobotek
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, DC 20037-1122
Telephone: 202.663.8000
Telecopier: 202.663.8007
peter.gillon@pillsburylaw.com
geoffrey.greeves@pillsburylaw.com
james.bobotek@pillsburylaw.com

COUNSEL FOR MOEX OFFSHORE 2007

/s/John D. Shugrue
Deborah D. Kuchler, T.A.
Monique M. Weiner
Robert E. Guidry
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana  70112
Telephone:  (504) 592-0691
Telecopier:  (504) 592-0696

Email:  dkuchler@kuchlerpolk.com
mweiner@kuchlerpolk.com
rguidry@kuchlerpolk.com

John D. Shugrue
Yisroel I. Hiller
Reed Smith LLP
10 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 207-1000
Email:  jshugrue@reedsmith.com
yhiller@reedsmith.com

COUNSEL FOR ANADARKO PETROLEUM
CORPORATION AND ANADARKO E&P
COMPANY L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of March, 2011.

/s/David B. Goodwin
David B. Goodwin