# Exhibit A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO: 11-274 and 11-275 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

This Document Relates to:

11-274: *Ranger Ins. Ltd. v. BP America, Inc., et al.* (S.D. Tex. No. 4:10-cv-02009)
11-275: *Certain Underwriters at Lloyd's London v. BP America, Inc., et al.* (S.D. Tex. No. 4:10-cv-01823)

## [PROPOSED] SCHEDULING ORDER

In order to further organize matters within this Multidistrict Litigation concerning action Nos. 11-274 and 11-275 (collectively, "Insurance Actions") involving Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to certain excess liability insurance policies issued to Transocean Ltd. (collectively "Excess Underwriters"), and Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to Marine Package Policies ARS4925 and PEO902090 ("Primary Package") and Sections 1 through 5 of Marine Package Policy PEO0902536 ("Excess Package") (collectively, "Marine Package Insurers"), and Ranger Insurance Limited (collectively with Excess Underwriters, and Marine Package Insurers, "Insurer Parties"), and BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North

America, Inc., BP Products North America, Inc., BP America, Inc., BP Holdings North America Limited (collectively, "BP"), Anadarko E&P Company, LP, and Anadarko Petroleum Corporation (collectively, "Anadarko"), and MOEX Offshore 2007 ("MOEX") (BP, Anadarko, and MOEX are referred to collectively as "Insured Parties"), the Court orders as follows:

## I.  CONSOLIDATION OF INSURANCE ACTIONS

The Insurance Actions were transferred from the United States District Court for the Southern District of Texas to MDL No. 2179 by orders of the United States Judicial Panel on Multidistrict Litigation on February 8, 2011. Action No. 11-275 is hereby consolidated into Action No. 11-274 for purposes of this proceeding.

## II.  INITIAL PLEADINGS

Complaints, answers, and motions to intervene were filed in the Insurance Actions before and after transfer of those actions to this Court and, after transfer, the Court granted the motions of Anadarko and MOEX for leave to intervene. The Court has yet to rule on the motion of Transocean Offshore Deepwater Drilling Inc., Transocean Holding LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transocean") for leave to intervene in the Insurance Actions but, to the extent that it is granted, Transocean's intervention complaint shall also be the subject of this Order. The Court sets the following dates for the pleadings identified below:

- A.  Responses to Anadarko's Complaint in Intervention and MOEX's Complaint in Intervention and motion to dismiss Marine Package Insurers' Third Party Complaint shall be filed by April 29, 2011.

- B.  Motion by BP for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions and motions by the Insured

2

      Parties directed to Transocean's complaint in intervention (if intervention is granted) shall be filed by May 6, 2011.

C. Motions by Insured Parties for leave to file third party complaints to add insurers, and any joinders by MOEX and Anadarko in BP's motion for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions shall be filed by May 13, 2011.

D. Opposition to motion to dismiss Marine Package Insurers' Third Party Complaint shall be filed by May 27, 2011.

E. Opposition to motion by Insured Parties for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions, opposition by Transocean to the motions directed to its complaint in intervention, and responses to motions by Insured Parties for leave to file third party complaints to add insurers shall be filed by June 3, 2011.

F. Replies in support of motion to dismiss Marine Package Insurers' Third Party Complaint shall be filed by June 17, 2011.

G. Replies in support of motion by Insured Parties for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions, replies in support of the motions directed to Transocean's complaint in intervention, and replies in support of motions by Insured Parties for leave to file third party complaints to add insurers shall be filed by June 24, 2011.

H. Hearing on motions identified in paragraphs A-C above shall occur on July 15, 2011.

  I. No other motions except for those expressly authorized by another Pretrial Order (such as discovery motions) shall be filed in the Insurance Actions without prior leave of Court.

### III. DISCOVERY

  A. **Discovery in MDL No. 2179.** Except where otherwise provided herein, by agreement of the parties, or by further order, the Insurance Actions shall be subject to all rules, rulings, and limitations that apply to all other actions in MDL No. 2179, and discovery taken in any such other actions shall be available for use in the Insurance Actions, without waiver of any objections in relation to any such discovery, including, without limitation, for admissibility or relevance.

  B. **Avoidance of Unnecessary and/or Duplicative Discovery.** Because the Court and Magistrate Judge Shushan have placed limitations on and closely supervised discovery in the other actions in MDL No. 2179, and the Court will not permit the use of discovery in the Insurance Actions to circumvent those limitations, any discovery conducted in the Insurance Actions shall be limited to topics that are relevant and specific only to insurance issues pleaded in the Insurance Actions. In respect to all other issues, the parties to the Insurance Actions shall rely upon ongoing discovery conducted in the other actions in MDL No. 2179. Thus, for example, no witness may be deposed in the Insurance Actions and no written discovery may be served in the Insurance Actions on any topic that is currently a permissible subject of discovery pursuant to the Pretrial Orders or Case Management Orders that have previously been issued in MDL No. 2179. The

parties in the Insurance Actions may participate in the ongoing discovery, in accordance with MDL No. 2179 Pretrial Order No. 11.

C. **Initial Disclosures**: In order to facilitate efficient discovery in the Insurance Actions, the parties agree to exchange initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1) within 30 days of the signing and docketing of this Order.

D. **Written Discovery Requests**: Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the Insurer Parties may propound, collectively, up to 30 insurance-specific document requests, up to 25 insurance-specific interrogatories, and up to 30 insurance-specific requests for admission on the Insured Parties, and the Insured Parties may propound, collectively, up to 30 insurance-specific document requests, up to 25 insurance-specific interrogatories, and up to 30 insurance-specific requests for admission on the Insurer Parties. To the extent production involves ESI, MDL No. 2179 Pretrial Order No. 16 will apply equally. To the extent request for production of any document seeks privileged and/or work product materials, MDL No. 2179 Pretrial Order No. 14 will apply equally. Written discovery may commence on or after May 6, 2011.

E. **Fact Depositions**: The Insurer Parties shall be limited collectively to a total of 10 insurance-specific fact depositions for the Insured Parties (collectively), and the Insured Parties shall be limited collectively to a total of 10 insurance-specific fact depositions for the Insurer Parties (collectively). Any deposition(s) of corporate representative(s) pursuant to Fed. R. Civ. P. Rule 30(b)(6) shall count against this deposition limit, and 7 hours of deposition testimony of a corporate representative

witness(es) shall count as one deposition against the deposition limit, regardless of the number of specified subjects and subparts. Fact depositions regarding the insurance and related issues may commence on or after May 30, 2011.

F. **Fact Discovery Cutoff**: All written discovery and fact depositions shall conclude by November 30, 2011.

G. **Experts**: Any expert reports on insurance issues shall be submitted by the parties by December 1, 2011. Rebuttal expert reports on insurance issues shall be submitted by December 21, 2011. Expert depositions shall be completed by January 31, 2012.

H. Any party may petition the Court, on a showing of good cause, for additional discovery beyond the limits set forth in this Order.

IV. **SUMMARY JUDGMENT MOTIONS**

A. Except as set forth in Section II.B above, any motions for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than February 27, 2012.

B. Any opposition to a motion for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than 30 days after the filing of the motion.

C. Any reply in support of a motion for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than 30 days after the filing of the opposition.

D.  The Insurer Parties and the Insured Parties shall each coordinate with respect to motions for summary judgment or partial summary judgment, to avoid duplicative filings.

E.  The Court will schedule a hearing on the motions for summary judgment or partial summary judgment at an appropriate time following the close of briefing.

## V.  REMAINING CASE SCHEDULE

By or before the September 2011 status conference in MDL No. 2179, or within 21 days after the Court's rulings on the motions in Section II above, whichever is later, the parties shall present a supplemental case management plan for the remainder of the Insurance Actions.

IT IS ORDERED, this _____ day of _____, 2011, in New Orleans, Louisiana.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE