UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG § | | MDL NO. 2179 |
| "DEEPWATER HORIZON" § | | |
| in the GULF OF MEXICO, § | | |
| on APRIL 20, 2010 § | | SECTION: J |
| § | | |
| THIS PLEADING RELATES TO: § | | |
| § | | JUDGE BARBIER |
| 2:10-CV-02771 § | | MAG. JUDGE SHUSHAN |

**THE ST. JOE COMPANY'S RESPONSE IN OPPOSITION TO
TRANSOCEAN'S *EX PARTE* MOTIONS FOR ENFORCEMENT OF
MONITION ORDER AND EXPEDITED CONSIDERATION THEREOF**

The St. Joe Company ("St. Joe"), plaintiff in an action (the "Delaware Action") in the United States District Court for the District of Delaware (the "Delaware District Court") against Transocean Offshore Deepwater Drilling Inc., Transocean Holdings L.L.C., Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively, "Transcoean"), and appellee in a related appeal by Transocean before the Third Circuit Court of Appeals seeking review of the Delaware District Court's order remanding that Action to the Delaware Superior Court, files this response in opposition to Transocean's *Ex Parte* Motion for Enforcement of the Limitation of Liability Monition (the "Monition Order") and *Ex Parte* Motion for Expedited Consideration thereof, as follows:

I.

**PRELIMINARY STATEMENT**

Transocean litigated the Delaware Action for over five (5) months without ever mentioning the Monition Order under which it now seeks "immediate" *ex parte* relief from this Court in the form of a prohibition against the effectuation of the Delaware District Court's

remand order and St. Joe's continued prosecution of that Action. Transocean never once cited the Monition Order in support of its removal of the Delaware Action to the Delaware District Court or in opposition to St. Joe's successful motion to remand that Action to the Delaware Superior Court in which it originated. Transocean's conspicuous delay in raising the Monition Order is attributable to the fact that the injunctive provisions of that Order, by their express terms, have no application to St. Joe's common law claims. Indeed, Transocean's motion for injunctive relief is predicated on the incredible allegation that St. Joe is in contempt of an order that expressly permits the very conduct claimed to be prohibited.

Transocean's request for emergency relief is the latest in a series of attempts to delay, interfere with, and prevent the Delaware Superior Court's proper adjudication of St. Joe's common law claims. It follows two unsuccessful motions for stay in the Delaware District Court (and another still pending in the Third Circuit Court of Appeals), the denial of a motion for continuance, and a failed opposition to St. Joe's motion to remand. That Transocean chose to run to this Court and demand expedited relief only when its other dilatory tactics failed is not only an abuse of this Court's resources, but is a slap in the face of the Delaware District Court and the Third Circuit Court of Appeals – which have devoted extraordinary time and effort in attending to Transocean's multiple requests for rulings.[1]

The Monition Order clearly does not apply to St. Joe's common law claims (which are expressly excluded from that Order pursuant to the "savings" clause of the Oil Pollution Act, 33 U.S.C. § 2718(a)), and the lynchpin issues raised in Transocean's motion for enforcement (the "Motion") have all been decided in St. Joe's favor – including a recent finding by the Delaware

---

[1] Transocean's protestations regarding "blatant attempt[s] at forum shopping" ring hollow in light of the fact that many of the issues it now seeks to belatedly present to this Court were decided by the Delaware District Court, whose finding and conclusions Transocean has attempted to place before the Third Circuit for review.

District Court that "OPA through its savings clauses, preserves the state law claims St. Joe asserts." Accordingly, Transocean's request for injunctive relief should be summarily denied.[2]

## II.

## SUMMARY OF OPPOSITION

In the face of an injunction that expressly excludes from its scope state law claims encompassed by the "savings" provisions of Section 2718(a) of the Oil Pollution Act ("OPA"), and confronted with the fact that St. Joe asserts only state law claims in the Delaware Action, Transocean offers two arguments in support of the extraordinary relief it seeks. First, Transocean asserts that the injunctive provisions of the Monition Order are unclear as to scope, thereby necessitating this Court's intervention and clarification. Second, Transocean contends that OPA Section 2718(a) does not encompass state common law claims, despite the breadth of the statute's language and the decisions that construe and apply that section.

Those arguments are without merit and, thus, Transocean has failed to meet its burden of demonstrating either an actual or threatened violation of the Monition Order. First, the injunctive provisions of the Monition Order unambiguously exclude from its reach state law claims subject to the "savings" provisions of OPA Section 2718(a), and the terms of that statute make clear the full extent of the state law claims preserved thereunder. Second, Section 2718(a) covers state common law claims, including those asserted by St. Joe, as the Delaware District Court and numerous other federal courts throughout the country have held. In sum, St. Joe's pursuit of its state law claims against Transocean in the Delaware Action does not implicate the Monition Order. Because St. Joe is not violating or threatening to violate that Order, Transocean's Motion must be denied.

---

[2] *See* Delaware District Court's Memorandum Opinion dated March 15, 2011 ("Opinion"), attached as Exhibit B to the Motion, at 18.

### III.

### ARGUMENT AND AUTHORITIES

A.  **The Scope Of The Injunctive Provisions Of The Monition Order Are Neither Unclear Nor In Need of Judicial Clarification.**

    1.  **The Monition Order incorporates Section 2718(a) to define a class of claims excluded from the scope of its injunction.**

The Monition Order provides, in pertinent part: "This injunction does not apply to any claims, including those of private parties, asserted against [Transocean] within the scope of 33 U.S.C. § 2718(a), inclusive."[3] In turn, Section 2718(a) provides, in pertinent part: "Nothing in this Act . . . shall – (1) affect, or be construed or interpreted as preempting, the authority of any State . . . from imposing any liability or requirements with respect to . . . pollution by oil within such State; or . . . (2) affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under . . . State law, including common law."[4]

Moreover, OPA states that: "Nothing in . . . the Act of March 3, 1851 [the Limitations Act, 46 U.S.C. § 183 *et seq.*] shall . . . affect, or be construed or interpreted to affect or modify in any way the obligations for liabilities of any person under . . . State law, including common law."[5] Thus, as a matter of law, the injunction powers granted by the Limitations Act (set forth in 46 U.S.C. § 30511 and Rule F of the Supplemental Rules for Admiralty or Maritime Claims) do <u>not</u> apply to the state claims encompassed within OPA's savings clauses.[6]

---

[3] *See* Monition Order at 4.

[4] *See* 33 U.S.C. § 2718(a)(1)(A) and (2); *see also* Opinion at 11.

[5] *See* 33 U.S.C. § 2718(a).

[6] *Id. See also Bouchard Transp. Co. v. Updegraff*, 147 F.3d 1344, 1348 (11th Cir. 1998) (Limitation Act did not enjoin claim brought under Florida pollution statute); *In re Complaint of Jahre Spray*, No. Civ. A. 95-3495 (JEI), Civ. A. 95-6500 (JEI), 1996 U.S. Dist. LEXIS 11594,

## 2. **Transocean's allegation of ambiguity is belied by the language of the Monition Order.**

Despite the foregoing, Transocean asserts that the "Monition Order does not define what claims are 'saved' by Section 2718 and thereby excluded from the Monition Order"[7] and declares, without any support, that "this issue was intentionally left open for later resolution by the court."[8] Of course, the Monition Order did not need to independently define what claims are saved by Section 2718(a) because Section 2718 – which is expressly incorporated into that Order – performs that function itself.

Furthermore, Transocean's suggestion that a responsible court would formulate an injunction (which carries with it the potential penalty of contempt) in an intentionally vague, indefinite, uncertain, and ambiguous manner is absurd.[9] In fact, Transocean cannot explain how St. Joe could conceivably be "in flagrant contempt" of an injunction it alleges to be so unclear in its scope that the Court "intentionally left for later resolution" the issue of what claims were

---

\*16 (D. N.J. Aug. 5, 1996) ("OPA broadly supersedes the Act with respect to damages . . . under both federal and state law, including common law.").

[7] *See* Motion at 4; *see also id.* (Transocean asserts that the Monition Order "contains an exclusion for certain, *unspecified* claims that were 'saved' by OPA 33 § U.S.C. 2718.") (emphasis added).

[8] *See* Motion at 4.

[9] If, as Transocean contends, the injunctive provisions of the Monition Order are so lacking in specificity, and raise "complex" and unresolved issues regarding the line to be drawn between permitted and prohibited conduct, those provisions would likely be unenforceable. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 283-84 (5th Cir. 2008) (injunction not complying with Rule 65 is "unenforceable"); *see also Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 75 (1967) (refusing to enforce injunction that failed to "state in specific terms the acts that it required or prohibited"); *First Nat'l Bank v. Manges*, 900 F.2d 795, 799-800 (5th Cir. 1990) (refusing to enforce injunction that did not "turn square corners as required by Rule 65(d)."); *accord Islander E. Rental Program v. Barfield*, 145 F.3d 359, \*4 (5th Cir. 1998) (injunction must be capable of interpretation "from the four corners of the order"). However, as discussed herein, the Monition Order plainly excludes St. Joe's state law claims against Transocean from the scope of its injunction.

5

excluded therefrom.[10]  In any event, Transocean's Motion does not require a construction or judicial clarification of the Monition Order; it requires only an examination of Section 2718(a) to determine its scope.

### 3. The history of the Monition Order confirms the plain meaning and intent of its express terms.

The history of the Monition Order demonstrates that it was intended to exclude state law claims (among them, claims under the common law) from the scope of its injunctive provisions. The first version of the order contained no exceptions at all,[11] while the second excepted only federal claims asserted under OPA's substantive provisions.[12]  In reaction to the second version, the United States Department of Justice and other parties sought amendment of the order to accurately reflect the constraints on its injunctive provisions that are imposed by law.[13]  The Government quoted Section 2718(a) and controlling law – much of which is cited above – in support of the proposition that "private parties proceeding under state law[] are free from the Limitation Act. . . and must be excluded from this action."[14]  One of the other parties sought to make clear that "[OPA] preempts the Limitation of Liability Act with respect to damages and

---

[10] See Motion at 4-5.

[11] See Order Directing Claimants To File And Make Proof Of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims, S.D.Tex., 4:10-cv-01721, filed May 13, 2010 (D.I. # 9).

[12] See Amended Order Directing Claimants To File And Make Proof Of Claims, Directing The Issuance Of Monition, And Restraining Prosecution Of Claims, S.D.Tex., 4:10-cv-01721, filed May 25, 2010 (D.I. # 61).

[13] See Memorandum Of Law Of The United States Appearing Specially And Not Generally, In Support Of Opposed Motion To Lift Or Modify The Court's Amended Monition As To Certain Claims And Causes Of Action, S.D.Tex., 4:10-cv-01721, filed June 1, 2010 (D.I. # 89) (arguing that claims of State government are not subject to the Limitation Act).

[14] Id. at 15.

removal costs under. . . state common law."[15] Although Transocean did not weigh in on whether Section 2718(a) included claims asserted under state common law,[16] it participated in revising the order and submitting the current, third version to the Court for entry, which included the additional exceptions based on Section 2718(a).[17]

In short, there is no ambiguity, error, open issue, or other infirmity in the Monition Order that requires this Court to amend, clarify, or supplement its terms – let alone, enjoin the prosecution of St. Joe's claims in the Delaware Action pending such review.  Transocean's Motion should be denied.

**B.    The "Savings" Provisions Of OPA Section 2718(a) Cover State Common Law Claims For Oil Pollution, Including All Of St. Joe's Claims Against Transocean.**

Transocean asserts that St. Joe is in "flagrant contempt" of the Monition Order by the continued prosecution of those claims in the Delaware Action[18] and, in support of that incredible accusation, proclaims its "position that the Monition enjoin[s] the only claims that St. Joe has brought against Transocean, *i.e.* alleged state common law claims."[19]  Not only is that statement regarding the scope of the injunction singularly self-serving and irrelevant but, as demonstrated

---

[15] Motion To Dismiss And/Or To Modify Or Lift Stay, S.D.Tex., 4:10-cv-01721, filed June 3, 2010 (D.I. # 104) (citing *In re Spray* (U.S. Dist. LEXIS 11594 at *15) for proposition that Limitation Act "does not apply to claims relating to any oil spill.").

[16] *See* Limitation Petitioners' Response To Opposed Motion Of The United States, Appearing Specially And Not Generally, To Lift Or Modify The Court's Amended Monition As To Certain Claims And Causes Of Action, S.D.Tex., 4:10-cv-01721, filed June 8, 2010 (D.I. # 126).

[17] *See* Letter to the Hon. Keith P. Ellison, dated June 11, 2010, S.D.Tex., 4:10-cv-01721 (D.I. # 130).

[18] *See* Motion at 5.

[19] *See* Motion at 6.

below, Transocean's "position" is undercut by language of Section 2718(a) and the case law applying it.

### 1. St. Joe asserts only state common law claims.

It is undisputed that St. Joe asserts only state law claims – specifically, common law tort claims under Florida law – against Transocean.[20] By purposefully and properly limiting its pleading in that fashion, St. Joe has neither violated nor threatened to violate the injunctive provisions of the Monition Order. Tellingly, Transocean admits that the Monition Order would not "enjoin[ ] St. Joe from prosecution of its lawsuit against Transocean" if "the common law claims by St. Joe have been 'saved' by virtue of the savings clause of OPA, 33 U.S.C. § 2718."[21]

### 2. All of St. Joe's claims are within the ambit of Section 2718(a).

Transocean argues that "Section 2718(a) neither creates nor saves any common law claims" and that, "[u]nder Transocean's interpretation of Section 2718," St. Joe's claims were "never intended" to be saved.[22] Those arguments, however, were rejected by the Delaware District Court, which found that the savings clause "draws no distinction between a State exercising this authority [to impose additional liability and requirements with respect to oil

---

[20] *See* Motion at 6 ("Plaintiff, St. Joe, has alleged only Florida state common law claims."); *see also* Opinion at 1 ("St. Joe filed this action on October 12, 2010 in Delaware Superior Court asserting claims for negligence, gross negligence, and strict liability pursuant to Florida law.").

[21] *See* Motion at 6.

[22] *See* Motion at 7. Transocean's assertion of what "common law claims are generally enjoined by a limitation monition" is irrelevant to the resolution of its Motion here. *See id.* at 6 (Transocean cites *Richardson v. Harmon*, 222 U.S. 96, 106 (1911); *State of La. ex rel Guste v. M/V Testbank*, 752 F.2d 1019 (5th Cir. 1985), and *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49 (5th Cir. 1992)). Those decisions are inapposite, because they did not involve the savings provisions of OPA and, therefore, OPA's prohibition on limitations-related injunctions of state law claims preserved by those savings clauses. The relevant inquiry here is whether the OPA statutory savings clause incorporated into the Monition Order in question includes St. Joe's state law claims. If so, Transocean's Motion must be denied.

8

pollution within such state] via state common law or a state statutory scheme."[23] Further supporting its conclusion, the Delaware District Court correctly noted that "[o]ther courts addressing those issues have likewise declined to adopt narrow readings of OPA's saving clauses."[24] Transocean falsely characterizes the District Court's conclusions in that regard as "dicta."[25] To the contrary, they were necessary to resolving Transocean's argument that OPA completely preempted St. Joe's state common law claims[26] – an argument that the District Court appropriately rejected.[27]

---

[23] *See* Opinion at 14; *see also id.* ("At oral argument, Transocean further attempted to limit the scope of these saving clauses, arguing that the first – § 2718(a)(1) – applies only to state statutory regimes, while the second – § 2718(a)(2) – is limited to State law (including common law) relating to waste disposal. The Court disagrees.").

[24] *See* Opinion at 15. *See also Russo v. M/T Dubai Star*, No. C 09-05158 SI, 2010 U.S. Dist. LEXIS 50967, *7-8 (N.D. Cal. Apr. 29, 2010) (OPA does not preempt state common law negligence and nuisance claims); *Isla Corp. v. Sundown Energy, L.P.*, 2007 WL 1240212, *2 (E.D. La. Apr. 27, 2007) ("OPA does not preempt Plaintiff's state law claims" of common law negligence and strict liability); *Williams v. Potomac Elec. Power Co.*, 115 F.Supp.2d 561, 564 (D. Md. 2000) ("OPA does not preempt 'state laws of a scope similar to the matters contained in Title 1 of OPA,' such as the state common law actions pleaded here" – *i.e.*, claims for negligence, trespass, strict liability, and nuisance); *In re Spray*, 1996 U.S. Dist. LEXIS 11594, *16 (holding OPA savings clause applied to negligence, unjust enrichment, and nuisance claims).

[25] *See* Motion at 4-5.

[26] *See* Opinion at 10 ("Transocean's . . . argument . . . is premised on a preemption defense: that OPA preempts St. Joe's claims").

[27] *See* Opinion at 11 ("The Court, however, finds the complete preemption doctrine inapplicable since OPA's saving clauses . . . clearly contemplate a concurrent state law regime."). Transocean also argues that St. Joe's claims are subject to the "admiralty jurisdiction, which displaces and preempts state common law." *See* Motion at 6. That argument, too, was rejected by the Delaware District Court. *See* Opinion at 15-16 ("Transocean also argues that St. Joe's claims invoke admiralty jurisdiction, because an oil spill is a maritime tort . . . St. Joe argues, however, that pre-OPA, the Admiralty Extension Act did not preclude concurrent state law claims for sea-to-shore pollution; OPA has since trumped the Admiralty Extension Act with regards to oil pollution liability; and OPA explicitly concurrent state law claims regarding liability . . . The Court agrees with St. Joe.").

The Delaware District Court ultimately held: "OPA, through its savings clauses, preserves the state law claims which St. Joe asserts."[28]  Therefore, because the injunctive provisions of the Monition Order expressly <u>exclude</u> "any claims, including those of private parties [such as St. Joe] asserted against [Transocean] within the scope of 33 U.S.C. § 2718(a)," and because the Delaware District Court determined that St. Joe's claims are saved by Section 2718(a), the Monition Order does not prohibit or otherwise apply to the continued prosecution of St. Joe's common law claims in the Delaware Action.  As a result, contrary to Transocean's *ad hominem* accusations,[29] St. Joe was absolutely correct in representing to the Delaware District Court that:  "The Monition Order enjoins the pursuit in other courts of certain claims, but <u>expressly</u> <u>excepts</u> from the scope of that injunction all claims preserved under the 'savings clause' of the Oil Pollution Act ("OPA") – including St. Joe's state common law claims against Transocean."[30]

### 3. **Transocean should pursue in the Delaware Action any defenses to the validity or viability of St. Joe's claims.**

Finally, to the extent that Transocean may contend that St. Joe's well-pled state common law claims are preempted, that is an argument that can and must now be presented to the Delaware Superior Court – which is the <u>only</u> court that has subject matter jurisdiction to

---

[28] *See* Opinion at 18.  In addition, the District Court held that "OPA's 2718(a)(1)(A) explicitly prevents preemption of state law claims for 'the discharge of pollution by oil'" and, thus, "St. Joe's Florida law claims are . . . not preempted."  *See* Opinion at 12-13.

[29] *See* Transocean's *Ex Parte* Motion for Expedited Consideration at 1 ("Counsel for St. Joe in the St. Joe Lawsuit has declared his client's intention to violate this Court's monition order by prosecution of the St. Joe lawsuit if it is remanded to the Delaware State Court."); s*ee also* Motion at 7 (reference to "St. Joe's self-serving decision not to honor the Court's Monition").

[30] *See* Plaintiff The St. Joe Company's Response In Opposition To Defendants' Motion For A Stay Pending Appeal, dated Mar. 18, 2011, attached as Exhibit C to Motion, at 2; *see also* Motion at 5.

adjudicate St. Joe's claims against Transocean, and in which those claims have been asserted. Nevertheless, by its Motion, Transocean attempts to end-run the Delaware Superior Court by requesting that St. Joe be enjoined from prosecuting those claims until this Court "resolves the scope of OPA's savings provision" in connection with "Transocean's pending motions to dismiss" *other* claims between *other* parties in *other* actions.[31] That request is manifestly inappropriate, and it ignores the fundamental fact that St. Joe is <u>not</u> in violation of the Court's Monition Order because the claims it asserts, on their face, are within the OPA savings provisions.

In sum, the Monition Order excludes state common law claims by reason of its adoption of OPA Section 2718(a). All of St. Joe's state law claims against Transocean are among those excluded claims and, thus, are outside the scope of the Monition Order's injunctive provisions. Consequently, this Court should summarily deny Transocean's Motion.

## IV.

## CONCLUSION AND REQUEST FOR RELIEF

In consideration of the foregoing, St. Joe respectfully requests that this Court: (1) summarily deny Transocean's Motion; and (2) grant St. Joe such additional relief, at law or in equity, to which it is entitled and which this Court deems just and proper.

---

[31] *See* Motion at 7.

11

Dated: March 24, 2011 	Respectfully submitted,

By: __/s/ Robert W. Gifford_____

William A. Brewer III (Texas, No. 2967035)
wab@bickelbrewer.com
James S. Renard (Texas, No. 16768500)
jsr@bickelbrewer.com
Robert W. Gifford (New York, No. 046231)
rzg@bickelbrewer.com

**BICKEL & BREWER**
4800 Comerica Bank Tower
1717 Main St.
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR RESPONDENT
THE ST. JOE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing The St. Joe Company's Response in Opposition to Transocean's *Ex Parte* Motions for Enforcement of Monition Order and Expedited Consideration Thereof has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of March, 2011.

                                                                                       /s/ Robert W. Gifford

                                                                                       Robert W. Gifford

5238944.10
2132-05