

Fw: MDL 2179 -- Requested Fact Deposition of Dr Chris Ravi of Halliburton (#120)
Mike O'Keefe    to: Marie Firmin                                                    03/25/2011 08:03 AM

Marie:

This email has to be filed.  It did not come as a letter.  It should go in the record first and have the lower number of the three communications.

Mike

----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 03/25/2011 08:02 AM -----

| | |
|---|---|
| From: | "Andrew Langan" <alangan@kirkland.com> |
| To: | Sally_Shushan@laed.uscourts.gov |
| Cc: | mike_o'keefe@laed.uscourts.gov, dsc2179@liskow.com, Liaison 2179 Email Distribution <DefenseLiaison2179@liskow.com>, James Roy <JIMR@wrightroy.com>, "Herman, S" <sherman@hhkc.com>, sterbcow@lksalaw.com, RTC@cunninghambounds.com, luther.strange@ago.state.al.us, CMaze@ago.state.al.us, Mike.Underhill@usdoj.gov, Kat_Shea@laed.uscourts.gov |
| Date: | 03/23/2011 04:23 PM |
| Subject: | MDL 2179 -- Requested Fact Deposition of  Dr Chris Ravi of Halliburton (#120) |

Dear Judge Shushan:

If the Court pleases, this email addresses a Halliburton discovery issue that BP wishes to address at this Friday's conference.   This issue and the email chain below involve BP's request to depose during fact discovery Halliburton's Dr. Kris Ravi (#120), who is Halliburton's chief technical advisor.   BP has been seeking this deposition since the submission of the priority deponent list in mid February.

As set forth below, BP seeks Dr Ravi's deposition because Dr Ravi is in possession of facts critical to BP's defense of these cases  -- including facts about Halliburton slurry design, slurry testing and drilling mud circulation.  As we understand it, Halliburton does not dispute the Dr Ravi has relevant factual knowledge, but instead Halliburton has stated (as suggested in Mr. Godwin's note below) that because Halliburton intends to identify Dr Ravi as an expert later in the case, that make Ravi immune from a fact deposition during fact discovery.   **The law is otherwise:**

a. The 1983 Advisory Committee Comment to FRCP 26(b)(4) on experts states: "It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. **Such an expert should be treated as an ordinary witness."**

b. Courts routinely allow witnesses to testify and be deposed as both fact and expert witnesses. *Sutherland v. Hyannis Air Servs., Inc.* , No. 2006-CV-0001, 2008 WL 5377889, at *1 (D. V.I. Dec. 23, 2008) ("Of course, a witness may be both an expert witness under Rule 26(b)(4) to

some matters and an ordinary witness on other areas."). *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D. D.C. 1979) ("[O]ne may simultaneously be a litigational expert with Rule 26(b)(4) protection as to some matters and simply an unprotected actor or witness as to others, . . ..").

c. This is the rule in cases from the 5th Circuit and this Court: *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 551 (5th Cir. 2000) (Researcher who conducted underlying test results and served as an expert in the case was "was a fact witness as well as an expert . . .") (deciding deposition issue on other, unrelated grounds).; *In re Vioxx Prods. Liab. Litig.,* 230 F.R.D. 473, 476 (E.D. La. 2005) ("Physician who will testify as an expert and has first-hand knowledge of facts underlying the claim "are both fact and expert witnesses.").

BP therefore requests the opportunity to take a fact deposition of Dr Ravi during the time period the Court has set aside for fact discovery.    If Halliburton does designate Dr Ravi as an expert and he submits a Rule 26 report, he can be deposed about his report and expert opinions by the parties at that time.   This is not at all unusual.  Of course, BP will **not** examine Dr Ravi about his opinions developed for litigation in the fact deposition.  But BP needs Dr. Ravi's fact deposition in the near term for BP to develop its own expert reports in timely fashion.

If a party can avoid producing an employee for deposition during fact discovery simply by saying it intends to designate him as an expert witness, there is ample opportunity for mischief. That is why the courts routinely permit a fact deposition  in such circumstances.

Thank you for the Court's consideration.

Respectfully submitted,

Andy Langan

**J. Andrew Langan, P.C.**| **Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com
----- Forwarded by Andrew Langan/Chicago/Kirkland-Ellis on 03/23/2011 06:38 AM -----

"Godwin, Donald" <DGodwin@godwinronquillo.com>

03/22/2011 04:44 PM

To "Andrew Langan" <alangan@kirkland.com>
cc <dkhaycraft@liskow.com>, "York, R. Alan" <ayork@GodwinRonquillo.com>
Subject RE: MDL 2179 -- Dr Chris Ravi

# Dear Andy:
## At the time set forth in the PTOs , Halliburton will

designate Dr. Kris Ravi as a testifying expert. He will be made available for his deposition as a testifying expert at the time specified in the PTOs.
    Thank you,............ Don


**Donald E. Godwin**
Board Certified - Civil Trial Law
Texas Board of Legal Specialization
DGodwin@godwinronquillo.com

GODWIN RONQUILLO PC

**Dallas:**
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4412 Direct
800.662.8393 Toll Free
214.527.3112 Fax

**Houston:**
1335 Lamar Suite 1665
Houston, Texas 77010
713.595.8312 Direct

GodwinRonquillo.com

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Godwin Ronquillo PC immediately by telephone (800.662.8393) and destroy the original message. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any

transaction or tax-related matter[s].

---

**From:** Andrew Langan [mailto:alangan@kirkland.com]
**Sent:** Thursday, March 17, 2011 7:44 AM
**To:** Godwin, Donald
**Cc:** dkhaycraft@liskow.com
**Subject:** MDL 2179 -- Dr Chris Ravi

Dear Don,

As a followup to our discussions, BP requests that you make Dr. Kris Ravi available for deposition in MDL 2179 as soon as practicable.

Dr. Ravi, Halliburton's Chief Technical Advisor and employee of more than 20 years, has key factual information regarding Halliburton's cementing operations, procedures, and practices which are highly relevant to the issues in this case and would be of significant use to the parties' litigation experts as they prepare their reports. Even if Halliburton contends that Dr. Ravi will be an "internal" expert for the expert phase, BP should be allowed to examine his non- expert opinion, factual knowledge during the fact stage of discovery. This is not at all unusual. At a minimum, BP expects that Dr. Ravi would be able to offer factual testimony on the following subjects:

- **Halliburton Slurry Design.** Dr. Ravi's public profile states that he is responsible for "finding solutions to cementing, drilling and well integrity challenges" for Halliburton. Further, Dr. Ravi has also published multiple articles on the benefits of foam cement, gas migration control, and pre-job design while employed by Halliburton. Dr. Ravi would have factual knowledge on the types of cement slurries Halliburton has designed for different well conditions, the available range of Halliburton solutions/additives to meet well challenges, and industry and Halliburton practices for slurry design.

- **Halliburton Slurry Testing.** Dr. Ravi has written numerous articles on pre-job slurry testing while employed by Halliburton. In other wells that Halliburton cemented for BP, Dr. Ravi has provided information regarding test results and properties of Halliburton slurry types. Dr. Ravi, therefore, can provide factual information as to the industry and Halliburton standard practices for slurry testing, including the appropriate tests for a foamed cement slurry and the communication and interpretation of test results.

- **Mud Circulation.** Dr. Ravi has written numerous articles and holds patents in the field of mud circulation, including on the topics of hole conditioning, real-time hole monitoring, and fluid rheology. In addition, he has participated in joint research projects between Halliburton and BP to study chemical treatments and other methods of preventing mud loss and wellbore fracturing. Dr. Ravi would have factual knowledge as to industry and Halliburton practices for circulation, and be able to speak to his work with BP on the topic.

Given his factual knowledge regarding industry and Halliburton practices in relevant cement

areas, Dr. Ravi's deposition testimony will allow the parties to prepare more complete and accurate expert reports and avoid the need for costly and inefficient supplementation later in this proceeding. During the fact deposition, we would not seek to examine Dr Ravi on any expert opinions he may have developed in connection with defense of Halliburton in this litigation (if any).

Please do not hesitate to contact me if you have any questions or would like to discuss this matter further. We look forward to receiving your response. Hopefully we can reach an accord promptly but if not, we do intend to raise this with MJ Shushan.

Best regards and thanks for your consideration.

Andy


**J. Andrew Langan, P.C.**| **Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************


************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************