

DONALD E. GODWIN - SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:      214.939.4803
dgodwin@godwinronquillo.com

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

March 24, 2011

**VIA E-MAIL**

The Honorable Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

   Re: *In re:  Oil Spill by the Oil Rig "Deepwater Horizon",* MDL No. 2179, In the Eastern District of Louisiana

Your Honor:

  This letter is in response to Mr. Andrew Langan's email of March 23, 2011, regarding BP's request to depose Dr. Kris Ravi.  Contrary to his statements, Halliburton Energy Services, Inc. ("HESI") disputes that Dr. Ravi is a fact witness.  In addition, as discussed *infra*, BP's request is nothing more than an attempt to circumvent this Court's carefully proscribed case management plan.

  **Dr. Ravi.**  Dr. Ravi is a longtime HESI employee whose current title is Chief Technical Advisor.  He had no role or involvement for HESI on the Macondo Well pre-incident.  Indeed, Dr. Ravi had no part in designing the Macondo cement slurry, nor any involvement in the other services HESI provided on the DEEPWATER HORIZON.  Only after the April 20, 2010, incident did Dr. Ravi become involved when HESI and its legal counsel engaged him to assist in HESI's legal defense.  While HESI employed Dr. Ravi prior to the incident, any knowledge he has specific to the Macondo Well, the DEEPWATER HORIZON, or the Macondo cement slurry was gained post-incident, after HESI involved him in assisting its defense.

  As communicated to opposing counsel, HESI plans to designate Dr. Ravi as a testifying expert and will make him available for deposition at the time the PTOs specify.  See Dkt. 1505, PTO. No. 32 (timeline); Dkt. 569, PTO No. 11, Ex. A.  Requiring HESI to offer Dr. Ravi for deposition twice, contrary to the PTOs managing this case, when he is not otherwise a fact witness, obviates the goals of the Federal Rules of Civil Procedure and directly contradicts the spirit and intent of this Court's case management orders.

D  1642199 v2-24010/0002 CORR

March 24, 2011
Page 2

**BP's Request.**  BP sent an email on March 17, 2011 requesting Dr. Ravi's deposition allegedly to obtain information on:  (1) the types of cement slurries Halliburton has designed for different well conditions and industry and Halliburton practices for slurry design; (2) the industry and Halliburton standard practices for slurry testing; and (3) industry and Halliburton practices for mud circulation.  BP asserts that its request will not overlap with Dr. Ravi's role as an expert and that Dr. Ravi can simply be deposed again, as an expert, at a later time.

Each of these requests concern "industry and Halliburton practices."  Such information can be obtained from other witnesses, whether BP's own experts and employees or Halliburton's 30(b)(6) witness.  BP does not seek Dr. Ravi's deposition to obtain facts related to the incident (nor could it as Dr. Ravi was not involved with the Macondo Well) but to use Dr. Ravi as a background witness on his expertise in slurry and mud.  Yet, BP asserts that it does not seek his testimony as an expert.  Dr. Ravi's knowledge cannot be so neatly spliced.  Questioning about his expertise inevitably will overlap with his subsequent testimony as an expert witness, regardless of BP's attempt to categorize him as a "fact witness."

**Case Management.**  This Court is implementing a carefully thought-out and negotiated case management plan that specifically limits the length and number of depositions per deponent.  Generally, no witnesses should be deposed more than once.  Dkt. 740, PTO No. 17, II.K.  As this case has progressed, the Court extended the time for depositions, in part, to avoid multiple depositions of the same witness.  Dkt. 1075, PTO No. 27, I.A. ("In order [to] avoid requiring persons to be deposed twice the time allotted for the examination of witnesses is increased as provided herein."); *see also id.*, II.B (extending deposition time to 15 hours per fact witness); II.F. (requiring coordination of deposition time with state court actions and MDL No. 2185).

The Court may make exceptions upon a showing of good cause.  For example, the production of highly relevant documents after deposition may be the basis for such an exception.  *See* Dkt. 740, PTO No. 17, II.K.  However, in the case of BP's request for Dr. Ravi's premature deposition, good cause has not been shown.  BP seeks to question Dr. Ravi about his general Halliburton and industry expertise on slurry and mud.  But this is not good cause for treating him both as a fact and expert witness and would allow questioning an expert before the designated time for expert depositions.  Nor is it good cause to add the additional burden of scheduling Dr. Ravi twice for two-day depositions, particularly given the ambitious deposition schedule over the next months.  In short, Dr. Ravi's "general expertise" regarding Halliburton's slurry and mud falls precisely within the proper subject of an expert witness deposition.[1]

**The Rules**.  BP cites to the Advisory Committee Notes to Rule 26(b)(4) to support its position that Dr. Ravi should be deposed as a fact witness:  an "expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to

---

[1] Even if Dr. Ravi is considered a dual fact-expert witness, BP can depose him in that dual capacity during the expert deposition phase in keeping with the case management orders.  *See* Dkt. 1075, PTO No. 27 (allowing discovery to be scheduled beyond the cut-off dates by agreement of counsel or court order).

D  1642199 v2-24010/0002 CORR

March 24, 2011
Page 3

the transactions or occurrences that are part of the subject matter of the lawsuit" "should be treated as a fact witness."[2] But Dr. Ravi was not an "actor or viewer" of the "transactions or occurrences" that are the "subject matter of the lawsuit." *Cf. Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating and Air-Conditioning, Inc*., Civ. A. No. 07-8446, 2009 WL 981724, *4 (E.D. La. Apr. 9, 2009) (distinguishing between "actors and viewers" of the facts underlying the case and those "retained or specially employed" and citing 1970 and 1973 Advisory Committee Notes). Any information about the Macondo Well or the incident Dr. Ravi may have was obtained after the incident.

Further, particularly with the 2010 changes to Rule 26, HESI's expert designation of Dr. Ravi will provide BP with the information it needs to prepare its own experts. Rule 26 requires, along with the disclosure of any testifying expert, either a report or detailed statement on the subject matter, facts, and opinion of the expert's anticipated testimony. FED. R. CIV. P. 26(a)(2)(B), (C).[3] The Court's case management orders require disclosure of expert reports by HESI on October 5, 2011, rebuttal expert reports are due on October 26, and expert depositions will begin on October 31. Dkt. 1506-1, PTO No. 32. BP will have ample opportunity to review Dr. Ravi's opinions as relevant to the Macondo Well incident before his deposition. It has failed to show good cause to disrupt the case management plan this Court carefully devised. Nor has it shown that the anticipated "fact testimony" from Dr. Ravi cannot be obtained from other BP and/or HESI witnesses.

**Caselaw.** BP relies upon *Sutherland v. Hyannis Air Servs., Inc*., No. 2006-cv-0001, 2008 U.S. Dist. LEXIS 103440 (D.V.I. 2008), for the proposition that courts routinely allow witnesses to testify and be deposed in dual capacities — as both a fact and expert witness. While that may be true, Dr. Ravi is not a fact witness in the manner *Sutherland* or the other cases BP cites contemplate.

*Sutherland* concerned a treating physician who was also designated as an expert witness. Naturally, the district court allowed the witness to be treated in that dual role. There was no dispute that the physician was designated as both a treating physician as well as an expert witness. As a treating physician, the witness obviously knew facts relevant to the subject matter of the case. Consequently, the court allowed production of his medical records. *Id*. at *5. The recent changes to Rule 26 include an Advisory Committee Note on this very situation: the dual witness role of a treating physician. FED. R. CIV. P. 26, 2010 Adv. Cmte. Notes, ¶ 7; *see also Beechgrove Redevelopment, L.L.C*., 2009 WL 981724 (analyzing the hybrid role of treating physicians and applying the same limitations to employee-experts who are also witnesses to the underlying facts).

---

[2] BP cites to "1983 Advisory Committee Comment" but the quoted language is found in the 1970 Advisory Committee Notes, ¶ 33. Of course, the 2010 rule changes address some of the issues raised by prior Advisory Committee Notes on the treatment of hybrid witnesses or in-house experts.

[3] This rule change addresses one of the problems raised in *Beechgrove Redevelopment* — designation of in-house experts without any indication of what their opinions would be. *See* FED. R. CIV. P. 26(a)(2)(C)(ii).

D 1642199 v2-24010/0002 CORR

March 24, 2011
Page 4

Dr. Ravi was not involved in the design or execution of the Macondo cement job. Instead, his factual knowledge of the incident is limited to knowledge obtained at the behest and assistance of HESI and its legal counsel, and consequently he has only been identified as an expert witness. He has no independent personal knowledge regarding the underlying facts of the Macondo Well, the DEEPWATER HORIZON, or the incident made the basis of this suit.

BP's reliance upon *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.D.C. 1980) is likewise misplaced. Not only was *Marine Petroleum* decided under former Rule 26, but it concerned the discovery of testimony from a **non-testifying expert** and whether Marine Petroleum had met the additional burdens under former Rule 26(b)(4)(B) to obtain such testimony. *See id.* at 996. *Marine Petroleum* did not address the propriety of subjecting a testifying expert to additional deposition burdens under the veil of a fact witness inquiry.

Similarly, *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 551 (5th Cir. 2000), provides this Court with little guidance on the issue. *Battle* addressed subdivision (b)(4) of Rule 26 and the role of a witness who was an "actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit" as well as a testifying expert. In *Battle*, the witness was treated as an "ordinary witness" based upon his direct involvement in the acts that were the basis of the lawsuit. *See id.* But Dr. Ravi has not played any role as an "actor or viewer with respect to transactions or occurrences that are part of the subject matter" of this lawsuit. Rather Dr. Ravi was commissioned to assist in HESI's legal defense in this and all litigation related to the Macondo Well and DEEPWATER HORIZON.

BP warns that allowing HESI to defer the deposition of Dr. Ravi until the expert depositions is to allow "ample opportunity for mischief." Mar. 23 Langan email. But to allow BP to characterize Dr. Ravi as a fact witness when he has no pre-incident factual knowledge specific to the Macondo Well or the incident creates ample opportunity for mischief by BP. BP can seek general cement and mud "industry" information from its own experts and witnesses. *See In re Shell Oil Refinery*, 132 F.R.D. 437, 440-43 (E.D. La. 1990) (refusing to allow premature deposition of in-house expert in part to prevent one party from having a "free ride" at the expense of another). Information specific to HESI and its practices and procedures relevant to slurry testing, the appropriate tests for foamed cement slurry, and the interpretation of such test results can be obtained by HESI's 30(b)(6) designee or the other fact witnesses identified by HESI on these issues. BP has no special need for Dr. Ravi that outweighs the otherwise orderly management of this case.

Thank you for your time and consideration of this most important matter.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin

D 1642199 v2-24010/0002 CORR

March 24, 2011
Page 5

| | | |
|---|---|---|
| cc: | Defense Liaison Counsel | [Via Email] |
| | Mike Underhill, Esq. | [Via Email] |
| | Hon. Attorney General Luther Strange | [Via Email] |
| | Cory Maze | [Via Email] |
| | James Parker Roy, Esq. | [Via Email] |
| | Stephen J. Herman, Esq. | [Via Email] |
| | Mike O'Keefe | [Via Email] |
| | Robert Cunningham | [Via Email] |
| | Andrew Langan | [Via Email] |