**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

March 25, 2011

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

      **RE:    MDL 2179 -** *In re: Deepwater Horizon*, **Fact Deposition of Dr. Kris Ravi**

Dear Magistrate Judge Shushan:

      We write in brief reply[1] to Mr. Godwin's March 24, 2011 letter regarding BP's requested fact deposition of Dr. Kris Ravi.

      BP should have the opportunity to depose Dr. Ravi as a fact witness prior to the submission of expert reports.  As the Court has made clear, the pre-July 30, 2011 fact deposition period is for developing facts that the parties' experts need in order to prepare their expert reports:

- "What we wanted to make sure is any fact deposition that was necessary for the experts to do their work, do their reports was taken by [the July 30, 2011] deadline." (J. Barbier, Status Conf. Tr. at 29, Jan. 18, 2011.)

- "Remember, this deposition period is going to be for fact witnesses who are necessary for the experts to base their opinions on." (M.J. Shushan, Status Conf. Tr., at 15, Jan. 18, 2011)

Halliburton argues that Dr. Ravi is not an appropriate fact witness because he was not involved in the Macondo Well until he was asked to evaluate Macondo issues by Halliburton's lawyers.

---

[1] BP respectfully requests the Court's permission to submit this reply letter.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 25, 2011
Page 2


But Dr. Ravi can provide relevant factual testimony about Halliburton's general policies, practices, and procedures regarding deepwater drilling, slurries, mud circulation, and stability testing -- among other highly relevant issues. Many witnesses in this case were not on the *Deepwater Horizon* rig or at the Macondo wellsite prior to the incident, yet they are getting deposed as fact witnesses because of their knowledge about various companies' policies.

Halliburton does not dispute that the same witness can serve as both a fact and expert witness and that such witnesses are routinely deposed in both capacities. March 24, 2011, Godwin Letter at 3 (admitting that it "may be true" that "courts routinely allow witnesses to testify and be deposed in dual capacities -- as both a fact and expert witness"). Nor could they. While Halliburton's letter attempts to distinguish the cases cited in BP's March 23rd e-mail, it does not dispute the principle that if a witness has relevant factual knowledge gained in a capacity other than preparing to serve as an expert in a given case, that witness is properly considered a fact witness and can be deposed as such. In contrast, none of the cases that Halliburton cites in their reply suggest that Dr. Ravi should not be deposed as a fact witness.[2]

During the proposed fact deposition, BP does not seek to examine Dr. Ravi about his involvement on the Macondo Well after April 20, 2010 or any of the post-incident expert work that he has undertaken on behalf of Halliburton. BP does, however, seek to depose him about his knowledge regarding Halliburton's existing policies, procedures, and experiences related to deepwater drilling prior to the incident. Dr. Ravi's testimony regarding these issues arises from the fact that he is, according to Halliburton, "a longtime [Halliburton] employee whose current title is Chief Technical Advisor." Letter at 1. The fact that Halliburton is currently planning to designate Dr. Ravi as an expert should not serve as a bar to him providing important factual testimony regarding issues that he routinely dealt with in his capacity as a "longtime" Halliburton employee prior to his post-April 20, 2010 service to the Halliburton legal team.

---

[2] *In re Shell Oil Refinery* found that the in-house, non-testifying experts in question were effectively "retained or specially employed in anticipation of litigation" and therefore fell within the protections of Fed. R. Civ. P. Rule 26(b)(4)(B). 132 F.R.D. 437, 440-43 (E.D. La. 1990). However, Dr. Ravi will be serving as a testifying expert and Halliburton has not argued that he was "retained or specially employed in anticipation of litigation" -- but rather admit that Dr. Ravi was "a longtime [Halliburton] employee." Letter at 1. Moreover, the *Shell Oil* Court explicitly stated that "[n]ot all in-house experts fall within the parameters of the retained or specially employed language of Rule 26(b)(4)(B). The Advisory Committee Notes exclude from the scope of Rule 26(b)(4)(B) 'an expert who is simply a general employee of the party not specially employed on the case.' " *Id*. at 441. As a longtime employee of Halliburton, Dr. Ravi fits the *Shell Oil* Court's description of a "general employee." Second, *Beechwood Redevelopment* determined whether certain hybrid experts had to draft expert reports in order to testify. It explicitly did not, however, decide the issue of whether those witnesses had to be deposed as fact witnesses in order to testify at trial about factual issues because that issue was not before the court. *Id*. at *8. ("[T]o the extent that Beechgrove's refusal to permit discovery or depositions as to Theriot and Anderson may have prejudiced Carter to a degree sufficient to require exclusion of their testimony, no such motion is before the Court . . .").

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 25, 2011
Page 3


As the author of numerous articles on slurry design, Dr. Ravi has factual information on the types of cement slurries Halliburton has designed for different well conditions, the available range of Halliburton solutions/additives to meet well challenges, and industry and Halliburton practices for slurry design. BP seeks to discover Dr. Ravi's knowledge on matters such as whether it was appropriate for the foamed slurry design to contain a defoamer additive; whether there were alternative retarders to SCR 100 that were available that did not have adverse effects on foam stability; and Halliburton and industry best practices on the design of cement slurries for foamed applications.

Dr. Ravi also has factual knowledge in other relevant areas, including cement slurry testing and mud circulation before cementing. As the author of numerous articles on slurry testing, Dr. Ravi would have factual information as to the standard practices for slurry testing, including the appropriate tests for a foamed cement slurry and the communication and interpretation of test results. BP should be allowed to ask Dr. Ravi about the appropriate tests that should have been conducted on the slurry and about industry and Halliburton best practices for cement testing. Likewise, as the author of numerous articles and the inventor of numerous patents in the field of mud circulation, Dr. Ravi would have factual knowledge as to industry and Halliburton practices for circulation, and whether Halliburton's allegation that it has a best practice of circulating two "bottoms-up" before cementing is in place, and whether it is practical or even advisable in deepwater wells.

Given his factual knowledge regarding cementing topics relevant to this case, Dr. Ravi's deposition testimony will allow the parties to prepare more complete and accurate expert reports and avoid the need for costly and inefficient supplementation later in this proceeding. During the fact deposition, BP would not seek to examine Dr Ravi on any expert opinions he may have developed in connection with defense of Halliburton in this litigation (if any).

Thank you for your consideration of this matter and we look forward to addressing it with you at today's working group meeting.


Sincerely

J. Andrew Langan, P.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 25, 2011
Page 4

cc:   Plaintiffs Liaison Counsel
      Defense Liaison Counsel
      Mike Underhill, Esq.
      Hon. Attorney General Luther Strange
      Cory Maze
      Donald E. Godwin
      James P. Roy
      Stephen J. Herman
      Mike O'Keefe
      Robert Cunningham
      Defense Steering Committee