UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on APRIL 20, 2010 | : | SECTION: J |
| | : | |
| THIS PLEADING APPLIES TO: | : | |
| | : | JUDGE BARBIER |
| 2:10-CV-02771 | : | MAG. JUDGE SHUSHAN |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROVISIONAL ENFORCEMENT OF THE LIMITATION OF LIABILITY MONITION**

**NOW COME** defendants, Transocean Offshore Deepwater Drilling Inc., Transocean Holdings, L.L.C., Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (hereinafter collectively referred to as "Transocean") and respectfully submit this reply memorandum to address the opposition memo of The St. Joe Company ("St. Joe") (R. Doc. No. 1732):

> 1. **The Monition Order Applies to St. Joe—Like any Other Claimant Suing Transocean—Until This Court Says It Does Not**

In its opposition memo, St. Joe seems to say the Monition Order does not apply to it because it says it does not. That is not a valid ground for willful violation of the Monition Order.

The Monition Order was issued by this Court—not the court in Delaware—and this Court has the exclusive authority to interpret and enforce its own judgments in this pending limitation proceeding. *See Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964) (for non-issuing court to entertain an action to modify an injunction "would be seriously to interfere with, and

340562                                    1

substantially to usurp, the inherent power of the issuing court . . . . We do hold that considerations of comity and orderly administration of justice demand that the non-rendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there."). St. Joe must abide by the terms of the Monition Order unless and until this Court rules that the Monition does not apply to it based on the scope of the OPA "savings" clause, 33 U.S.C. § 2718, or this Court modifies the Monition Order.

> 2. **The Notice Of The Monition St. Joe Received Is Actual Notice—More Than Required By Law—And It Has Not Been Prejudiced By "Late Notice" As It Can Still File Its Claim In Limitation Before The April 20, 2011 Deadline Set By This Court**

St. Joe received a letter from counsel for Transocean the day the remand order was issued in its case against Transocean—in the unlikely event it had no knowledge of the Limitation Action by Transocean. *See* Ex. 1. Prior to that time, Transocean believed that the St. Joe case remand would be denied and St. Joe would be aware of the Limitation Action and the deadline of April 20, 2011 for filing its claims in the limitation proceeding when the case was transferred here by the JPML.

The Monition Order and notice thereof comply with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"), which requires publication of the Order once a week for four successive weeks and mailing of the Order to any known claimants at the time of second publication. "Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, **whether they receive actual notice thereof or not** . . . ." *See Dowdell v. U.S. District Court for the N.D. Cal.*, 139 F. 444, 446 (9th Cir. 1905) (emphasis added). St. Joe was not entitled to but did receive actual notice of the Monition Order. Even had it not, the

situation would have been no different than any other claimant who receives constructive notice of the monition after the one month actual notice/publication period, such that "parties throughout the country are bound [by the Monition Order]." *See In re Complaint and Petition of Triton Asset Leasing, et al*, 719 F. Supp. 2d 753, 763 (S.D. Tex. 6/16/10).

And, on February 7, 2011, when the Judicial Panel on Multidistrict Litigation transferred the Halliburton and M-I suits by St. Joe against Transocean to MDL 2179, St. Joe also received notice of the limitation proceeding and the Court's Monition Order when it became a party plaintiff to MDL 2179.

In sum, St. Joe knew about the Monition Order and has been in no way prejudiced by actual notice of it last week.

### 3. There Is No Law of The Case Interpreting The Scope Of The Monition Order, Which Only This Court Can Modify

St. Joe overreaches when it claims that the federal court in Delaware's statements about the savings clause in OPA is the law of the case that preempts this Court's interpretation of its own Monition Order.

First, the district court in Delaware was not asked to rule on the scope of the Monition Order, as St. Joe's counsel says he did not know about the Monition Order until after the remand order was issued when counsel for Transocean provided actual notice. *See* Ex. 1. Without notice of an issue, the district court in Delaware could not have ruled on it.

Second, the district court in Delaware ordered remand of the St. Joe case based on the well-pleaded complaint rule. *See The St. Joe Company v. Transocean Offshore Deepwater Drilling, Inc. et al*, 1:10-cv-00968, Rec. Doc. 34, p. (D. Del. 3/15/11) ("In sum, the Court finds that Transocean raises a federal [OPA/maritime law] preemption defense as its basis for removal jurisdiction . . . .  The well-pleaded complaint rule precludes basing removal jurisdiction on this

340562                                                        3

defense. Even if the Court reaches the merits of the preemption argument, the Court finds it unpersuasive."). According to the Delaware court, St. Joe did not say "OPA" in its complaint and, therefore, removal based on OPA was improper. The Delaware court's comments about OPA and the scope of Section 2718 after ordering remand based on the well-pleaded complaint rule and the absence of "OPA" in St. Joe's complaint are, therefore, pure dicta.

Third, even if the Delaware court had ruled on the scope of the monition, such interpretation would not have been binding on this Court's authority to interpret, modify, and enforce its own judgments. *See, e.g., Baker by Thomas v. GMC*, 522 U.S. 222, 236 (1998) ("Sanctions for violations of an injunction, in any event, are generally administered by the court that issued the injunction."); *Saga Int'l v. John D. Brush & Co.*, 984 F. Supp. 1283, 1288 n.1 (C.D. Cal. 1997) (court has continuing jurisdiction to enforce a permanent injunction, regardless of any express reservation); *Keith v. Volpe*, 965 F. Supp. 1337, 1348 (C.D. Cal. 1996) ("federal courts have long held a recognized power to enforce their judgments"); *Reebok Int'l v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995) ("District courts do, and must, have the authority to punish contemptuous violations of their orders."). The scope of this Court's Monition Order and its enforceability against St. Joe is therefore exclusively within this Court's authority to determine.

  **4.** **The Parties in MDL 2179 Are Litigating The Scope of The OPA "Savings" Clause, 33 U.S.C. § 2718 in Rule 12(b)(6) Motions and St. Joe Will Likely Be Bound By The Court's Ruling In Due Course Like Any Other Plaintiff**

Transocean filed a Rule 12(b)(6) motion to dismiss that squarely raised the scope of the OPA "savings clause," 33 U.S.C. § 2718. *See* Rec. Doc. No. 1390-1, pp. 23-27. St. Joe will presumably file a claim in limitation by April 20, 2011, to preserve its rights against Transocean. Transocean's motion to dismiss is set for decision on or after April 28, 2011, and St. Joe as a

claimant will be bound by the Court's interpretation of the scope of the "savings clause" of OPA that would determine who is correct about the scope of the Monition Order—St. Joe or Transocean. That is why Transocean proposed to the Court in this motion that the Monition Order enjoin St. Joe's prosecution of its suit against Transocean until the Court decides the Section 2718 issue.

## CONCLUSION

Transocean submits that its motion to enforce the Monition Order should be granted and the Order enforced against St. Joe—like any other claimant—until there is a determination by the Court about the scope of the OPA Savings Clause that is at issue in the monition dispute between St. Joe and Transocean and the merits of Transocean's motion to dismiss under Rule 12(b)(6).

Respectfully submitted,

By:     /s/ Kerry J. Miller _____
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By:     /s/ Edwin G. Preis, Jr. _____
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

*Transocean Entities Of Counsel:*

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsey (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on March 24, 2010.

/s/  Kerry J. Miller
KERRY J. MILLER