UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179 |
| This Document Relates to: | SECTION: J |
| Case No. 2:11-cv-00275 | JUDGE BARBIER |
| Case No. 2:11-cv-00274 | MAGISTRATE SHUSHAN |

**COMPLAINT IN INTERVENTION**
_____

Intervenors, Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., file their Complaint In Intervention against BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited (collectively "BP"), and against three additional parties, Anadarko E&P Company LP, Anadarko Petroleum (collectively "Anadarko") and MOEX Offshore 2007 LLC ("MOEX"), who have filed Motion for Leave to File Complaints In Intervention.[1]

_____

[1]   The filing of this Complaint In Intervention as to Anadarko E&P Company LP, Anadarko Petroleum Corporation and MOEX Offshore 2007 LLC is contingent upon the Court granting Anadarko's and MOEX's Unopposed Motion to Intervene in these actions.

<u>**PRELIMINARY STATEMENT**</u>

1.

This is an insurance coverage dispute seeking a declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy regarding a claim by BP and others for insurance coverage under certain liability insurance policies issued to Transocean Ltd. and its affiliates, subsidiaries and certain related companies which include Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (collectively, "Transocean") for the period May 1, 2009, to May 1, 2010.

2.

This dispute arises out of the explosion and fire on the *Deepwater Horizon* on April 20, 2010.  At the time of the casualty, the *Deepwater Horizon* was conducting drilling activities in Mississippi Canyon Block 252 pursuant to a Drilling Contract between Transocean Holdings LLC and BP America Production Company.

3.

BP has incurred and will continue to incur significant liabilities in connection with the BP Oil Spill from its Macondo Well.  Anadarko has incurred and will continue to incur significant liabilities in connection with the BP Oil Spill from its Macondo Well.  MOEX has incurred and will continue to incur significant liabilities in connection with the BP Oil Spill from its Macondo Well.  These liabilities include, but are not limited to, liabilities for clean-up costs under state or federal laws and liabilities for damages to third parties (including individuals, businesses and governmental entities) whose persons or properties have been or will be impacted by the spill.

56816:complaint in intervention.docx

4.

BP provided or attempted to provide a notice of claim to Transocean's insurers after the incident.  It sent a letter to Ranger Insurance Company ("Ranger") on May 28, 2010; it sent an email to Certain Underwriters at Lloyd's, London, and Various Insurance Companies (collectively, the "Transocean Excess Insurers") on May 14, 2010.   Anadarko has filed an Unopposed Motion for Leave to File a Complaint In Intervention and alleges that it has rights as an insured or additional insured under one or both of the Transocean policies at issue.  Similarly, MOEX has filed an Unopposed Motion to Intervene and a Complaint In Intervention and alleges that it provided a notice of loss by which it sought insurance coverage as an insured under one or both of the Transocean's policies at issue.

5.

Transocean is seeking a judgment declaring that Transocean's insurers, Ranger and the Transocean Excess Insurers, have no additional-insured obligations to BP, Anadarko and MOEX with respect to pollution claims against BP for oil emanating from BP's Macondo Well.

## PARTIES

6.

One of the Plaintiffs, Transocean Holdings, is the owner *pro hac vice* and the contractor who commissioned and leased the *Deepwater Horizon* to BP America for the purpose of BP's offshore operations in the Gulf of Mexico at the Macondo Well.

7.

The BP Defendants are BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited,

each of which is a corporation doing business in the state of Texas, where the coverage actions were filed initially and from which they were transferred to this Honorable Court.  One or more of these entities have been identified as parties responsible for clean-up costs and/or named as defendants in various lawsuits by third parties for damages to their persons or properties.

The Anadarko Defendants are Anadarko E&P Company LP and Anadarko Petroleum Corporation, each of which has sought leave to file their Complaint In Intervention in this action.

MOEX has sought leave to file its Complaint In Intervention in this action.

## JURISDICTION AND VENUE

### 8.

The Drilling Contract is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*, and defines the scope of liabilities between Transocean and BP.  The relevant liability policies insure maritime risks.

### 9.

This Court has subject matter jurisdiction pursuant to the General Maritime Laws of the United States and 28 U.S.C. § 1333.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

### 10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### 11.

On or about December 9, 1998, Transocean Holdings entered into a Drilling Contract with BP America to govern the lease of the *Deepwater Horizon*.

12.

Transocean's pollution-related liabilities to BP are set forth in Article 24.1 of the drilling contract, which provides that Transocean "shall assume full responsibility for and shall protect, release, defend, indemnify, and hold [BP] . . . harmless from and against any loss, damage, expense, claim; fine, penalty, demand, or liability for pollution or contamination, including control and removal thereof, originating above the surface of the land or water from spills, leaks, or discharges of fuels, lubricants, motor oils, pipe dope, paints, solvents, ballasts, air emissions, bilge, garbage or any other liquid or solid whatsoever in the possession and control of [Transocean] . . . ."  (emphasis added)

13.

BP's pollution-related liabilities to Transocean are set forth in Article 24.2, which provides that BP "shall assume full responsibility for and shall protect, release, defend, indemnify and hold [Transocean] harmless from and against any loss, damage, expense, claim, fine, penalty, demand or liability for pollution or contamination, including control and removal thereof, arising out of or connected with operations under this contract hereunder and not assumed by [Transocean] in Article 24.1 above . . . ." (emphasis added)

14.

The phrase "shall protect, release, defend, indemnify and hold harmless" used in Articles 24.1 and 24.2 is broadly defined in Article 25.1.

15.

As is customary in the industry, a clause of the Drilling Contract requires additional insured protection in favor of certain BP entities; but in the same clause, such protection is expressly limited in scope to the liabilities assumed by Transocean under the terms of the

Drilling Contract.   Therefore, reference to the Drilling Contract provisions cited above is necessary to determine the scope of any additional insured protection owed to BP, Anadarko and MOEX.

16.

Exhibit "C," Section 3 of the Drilling Contract states that BP is an additional insured under the relevant policies only "for liabilities assumed by [Transocean] under the terms of this Contract," i.e., pollution originating from above the waterline by substances in Transocean's possession.   Because the liability BP, Anadarko and MOEX face for pollution emanating from BP's well are from pollutants originating from below the water's surface, and from BP's well, those liabilities are not within the scope of the additional insured protection.

17.

Other terms, conditions, limitations and exclusions of the policies may preclude coverage to BP, Anadarko and MOEX in connection with the liabilities in question.

**POLICIES**

18.

The Ranger policy and the excess policies insuring Transocean were issued for the period May 1, 2009 to May 1, 2010.   The coverage afforded under these policies is subject to certain terms, conditions, limitations and exclusions.

56816:complaint in intervention.docx

19.

The policies contain a Choice of Law/Jurisdiction clause which states that the "proper and exclusive law of this insurance policy shall be Texas law.  Any disputes arising under or in connection with this insurance policy shall be subject to the exclusive jurisdiction of the Texas courts."

## Count One

## <u>DECLARATORY JUDGMENT</u>

20.

The allegations contained in Paragraphs 1-19 are incorporated by reference herein.

21.

The notice of claim provided or attempted to be provided by BP and the allegations contained in the Unopposed Motions to Intervene by Anadarko and MOEX present an actual and existing controversy between Ranger, the Transocean Excess Insurers, Transocean, BP, Anadarko and MOEX with respect to the existence and scope of the obligations of Ranger and the Transocean Excess Insurers, if any, in connection with BP's, Anadarko's, and MOEX's liabilities for the oil emanating from BP's well.  BP's notice asserts a claim regarding "liabilities arising from the incident emanating from drilling operations of Transocean's rig Deepwater Horizon. . . ."  Anadarko's proposed Complaint In Intervention alleges that "Anadarko has advised the Insurers that it has rights as an Insured or additional assured under the Policies." MOEX's Complaint In Intervention alleges that "MOEX timely provided the notice of loss by which it sought insurance coverage as an insured" under Transocean's policies.  However, the additional insured protection, as required and restricted by the Drilling Contract, specifically

does not extend to BP's, Anadarko's, and MOEX's liabilities for claims related to pollution from BP's well.

22.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, Transocean seeks a judicial declaration of Ranger's and the Transocean Excess Insurers' rights and duties as to BP, Anadarko, and MOEX, if any, under the policies in connection with BP's, Anadarko's and MOEX's pollution-related liabilities for the oil emanating from BP's well.  The Court's making such a declaration will confer certainty on the parties with respect to their rights and obligations under the policies, and therefore, will serve the interests of justice.

23.

Transocean seeks the following declarations:

    A.    BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.

    B.    The additional insured status of BP (or that of Anadarko and MOEX) in the policies therefore does not extend to the pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the release of oil from BP's well.

    C.    Neither Ranger nor the Transocean Excess Insurers have any additional insured obligations to BP, Anadarko and MOEX under any of the policies for the pollution liabilities BP, Anadarko, and MOEX have incurred or will incur with respect to the oil emanating from BP's well.

    D.    BP, Anadarko and MOEX are not entitled to coverage under any of the Transocean's policies for the pollution liabilities BP, Anadarko, and MOEX have incurred and will incur with respect to the oil emanating from BP's well.

24.

Transocean reserves the right to amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**Count Two**

**<u>FURTHER RELIEF</u>**

25.

Pursuant to Chapter 38 and section 37.009 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2202, Transocean requests recovery of its attorneys' fees and costs.

**<u>PRAYER</u>**

Transocean prays for declaratory judgment in its favor confirming that BP, Anadarko and MOEX are not afforded additional insured coverage in connection with BP's, Anadarko's and MOEX's pollution-related liability for oil emanating from BP's well in connection with the explosion, fire and subsequent sinking of the *Deepwater Horizon*, and further prays for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

By:   /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:   /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
FRILOT, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
PREIS & ROY PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

56816:complaint in intervention.docx

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
GOFORTH GEREN EASTERLING LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

-10-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on March 16, 2010.

/s/  Kerry J. Miller
KERRY J. MILLER

56816:complaint in intervention.docx