# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO, on<br>APRIL 20, 2010 | : MDL NO. 2179<br>:<br>:<br>:<br>: SECTION: J |
| THIS DOCUMENT RELATES TO: | : |
| ALL ACTIONS | : JUDGE BARBIER<br>: MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . . . . . . . . . . . .

## **ORDER**

Considering BP's Motion for Access to the Deepwater Horizon Blowout Preventer (BOP) for Further Forensic Inspection (Record Doc. No. 1533), including review by the Court of Cameron's Response (Record Doc. No. 1668), and following the meeting and conference call on March 17, 2011 with Liaison and Coordinating Counsel;

IT IS ORDERED that the motion is GRANTED in accordance with the terms set forth below;

IT IS FURTHER ORDERED that the protocols for such further testing, which shall take place at the same NASA Michoud facility where the BOP currently is located, shall be mutually agreed upon or any disagreements submitted to this Court at the earliest

1

possible opportunity in order that such testing may begin as soon as practicable on or after April 15, 2011. To this end, BP shall provide its proposed protocols for this new round of testing the other parties to these proceedings by April 8, 2011. Similarly, should any party have testing/analyses that they would like to include and sponsor in this round of testing, the protocols for these additional tests must likewise be transmitted to BP on or before April 8, 2011. By noon on April 9, 2011, BP shall have collected and transmitted to all parties to these proceedings a single document containing any and all suggested testing protocols received on or before April 8. Once a set of testing protocols are approved by the Court, BP shall provide those testing protocols to the independent third-party testing entity which shall perform the testing;

IT IS FURTHER ORDERED that this Order does not grant custodianship of the BOP to any private party litigant and does not alter, in any way, the current status of the United States, through the Joint Investigation Team (JIT) of the United States Coast Guard and the Bureau of Ocean Energy Management, Regulation and Enforcement, as the current legal custodian of the BOP;

IT IS FURTHER ORDERED that the BOP testing shall be conducted in a fully transparent manner by Det Norske Veritas or another third-party testing entity pursuant to a contract approved by the Court as described below;

IT IS FURTHER ORDERED that the forensic testing take place at the NASA Michoud facility, the location at which the BOP currently is located. Requirements for

access and operations at the testing site shall be in accordance with any rules or parameters that may be required by NASA, as site owner, or by the JIT, the current legal custodian of the BOP, and with the chain-of-custody and evidence handling procedures consistent, as determined by the BOP custodian, with those in place during the JIT's forensic examination;

 IT IS FURTHER ORDERED that the additional BOP testing shall be performed in a manner that preserves the evidence to the maximum extent possible and that any destructive or reconstructive procedures shall be clearly identified in the testing protocols transmitted to the other parties on April 8, so that those particular testing steps can easily be made subject to further ruling by this Court in the event of disagreement over the need for such procedures;

 IT IS FURTHER ORDERED that no participants in the testing shall cause interference with, or unreasonable delay of, the testing;

 IT IS FURTHER ORDERED that the BOP forensic activities identified above, and any other forensic activities agreed upon in accordance with this Order, shall be carried out to the greatest extent possible in a manner consistent with the practices established in connection with the recent BOP inspection conducted by the JIT, and it is expected that only the independent technical consultants will have "hands on" access to the BOP;

IT IS FURTHER ORDERED that, as in connection with the recent BOP inspection conducted by the JIT, the parties and all consultants and participants in the testing shall continue to adhere to site safety requirements and abide by orderly and manageable procedures whereby the forensic examination proceeds with those examiners, technical consultants, counsel and other party witnesses present at the test site, as may be appropriate, but who, in any event, shall not unduly burden the site owner or the BOP custodian;

IT IS FURTHER ORDERED that all such forensic testing shall be conducted under this Court's auspices and shall end no later than June 15, 2011, and that the results of any analysis and any data or images generated from the testing will be provided to all parties.  To the extent possible, such results and data should be provided on a real time basis as they are generated by the testing entity;

IT IS FURTHER ORDERED that all parties to these proceedings may give input regarding performance of these forensic activities, may observe the performance of these activities subject to site safety, management, or access requirements, and will continue their cooperative sharing of needed technical expertise, technical equipment, and engineering drawings and specifications as required for the inspection and in a manner consistent with those parties' practices in connection with the recent BOP examination conducted by the JIT;

IT IS FURTHER ORDERED that payment of expenses incurred in connection with conducting the forensic activities identified above, or any other forensic activities agreed upon in accordance with the Order, shall be made in a manner and in amounts subject to disclosure to the parties to this proceeding and to the Court's approval; all parties to this proceeding reserve their rights to contribute or not contribute to defraying such expenses.

New Orleans, Louisiana this 25th day of March, 2011.

_____
United States District Judge