**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig    **MDL NO. 2179**
   "Deepwater Horizon" in the Gulf
   of Mexico, on April 20, 2010   **SECTION J**

Applies to: *All Cases*      **JUDGE BARBIER**
              **MAGISTRATE JUDGE SHUSHAN**

<u>ORDER</u>

**[Regarding Marital Privilege Asserted by Brian Morel]**

  The deposition of Brian Morel was requested by the PSC, the United States, Alabama, Louisiana, Halliburton, APC, MOEX and Transocean.  The deposition is set for one day on May 10, 2011.  Mr. Morel was employed by BP as a drilling engineer on the Macondo Well.  His counsel notified the parties that he would invoke the Fifth Amendment in response to all questions.

  Mr. Morel asserts the marital privilege as to certain email communications which were produced by BP to the PSC.[1]  He contends that 93 documents containing email communications between himself and his wife should be returned to him or destroyed.  Mr. Morel is thirty-one years old.  He and Mrs. Morel, a production engineer for BP, were married in 2008.  Mrs. Morel did not have any professional responsibilities, duties or obligations with respect to the Macondo well.  All of the email communications at issue were made through their BP email accounts.

  The PSC contends that the communications are not protected from disclosure because Mr. and Mrs. Morel could not reasonably expect privacy in these communications.  Mr. Morel responds that whether he had a reasonable expectation of privacy is not the correct framework for assessing his assertion of the marital privilege claim.  He argues that the PSC has not offered proof that

---

[1] The communications were submitted for *in camera* review.  The letter from counsel for Mr. Morel asserting the claim of marital privilege was filed under seal.  Rec. doc. 1742.

overcomes the presumption of the privilege.  He urges that: (1) BP permitted the personal use of company email; (2) it did not indiscriminately or randomly monitor its employees' emails; (3) no third party other than BP had a right to access Mr. Morel's email account; and (4) BP's notification statements were insufficient to overcome the presumption of confidentiality accorded to marital communications.  The issue is whether the BP policies are sufficient to defeat Mr. Morel's assertion of the marital privilege over the emails.

An initial pop-up screen appeared on BP computers which included the statement that "[w]ithin the bounds of law, electronic transmissions through internal and external networks may be monitored to ensure compliance with internal policies and legitimate business purposes."  Rec. doc. 1745 (Exhibit A).  BP's Code of Conduct Policy provided that:

> Personal data, information or electronic communications created or stored on company computers or other electronic media such as hand-held devices are not private.  Records of your electronic communications may be made and used for a variety of reasons, and may be subject to monitoring or auditing at any time without notice.  Keep this in mind and exercise care when you use company electronic media.

Id. (Exhibit B).  BP's Global Email Policy provided in part that "[a]ll electronic files kept on the e-mail system . . . are subject to potential compulsory disclosure by subpoena. . . ." and "[w]hilst respecting privacy principles, BP specifically reserves the right, within the bounds of law, to access electronic communications. . . ."  Id. (Exhibit C).

Mr. Morel urges that the determination is not made on the basis of the written BP policies but on how those policies were implemented.  The Fifth Circuit has not addressed the assertion of the marital privilege in the circumstances presented by Mr. Morel.  In United States v. Slanina, 283 F.3d 670 (5th Cir. 2002), it considered the defendant's argument that evidence seized from computer equipment in his office should have been suppressed.  The defendant was a Fire Marshall.  In its

Fourth Amendment analysis the Fifth Circuit stated that:

> [E]ven though network administrators and computer technicians necessarily had some access to his computer, there is no evidence that such access was routine. The city did not disseminate any policy that prevented the storage of personal information on city computers and also did not inform its employees that computer usage and internet access would be monitored. Accordingly, given the absence of a city policy placing Slanina on notice that his computer usage would be monitored and the lack of any indication that other employees had routine access to his computer, we hold that Slanina's expectation of privacy was reasonable.

283 F.3d at 676-77 (citations omitted). Unlike Slanina, BP had a policy placing all employees on notice that email was not private and may be monitored. In addition, the Fifth Circuit did not state that evidence of actual monitoring of communications was required.

In Miller v. Blattner, 676 F.Supp.2d 485 (E.D.La. 2009), Judge Fallon concluded that where "an employer has a rule prohibiting personal computer use and a published policy that emails on Allpax's computers were the property of Allpax, an employee cannot reasonably expect privacy in their prohibited communications." Id. at 497.[2] Unlike Miller, BP did not have a rule prohibiting personal use of company computers. See Thygeson v. U.S. Bankcorp, 2004 WL 2066764 (D. Or.)(an employer had an explicit policy banning personal use of office computers and permitting monitoring, and therefore there was no expectation of privacy); Kelleher v. City of Reading, 2002 WL 1067442, *8 (E.D. Pa.) (email system was only for official city business, so there was no expectation of privacy).

In Muick v. Glenayre Electronics, 280 F.3d 741 (7th Cir. 2002), the Seventh Circuit stated:

> Glenayre (the employer) had announced that it could inspect the laptops that it furnished for the use of its employees, and this destroyed any reasonable expectation of privacy that Muick (the employee) might have had. . . .

---

[2] In Miller, the issue was resolved under Louisiana law.

3

Id. at 743.  In United States v. Etkin, 2008 WL 482281 (S.D.N.Y), the defendant sought to suppress printed email communications because of the marital privilege.  The Court held that "[b]y virtue of log-on notices, Defendant is properly charged with knowledge of the fact that any email he sent to his wife from his work computer could be read by a third party."  Id. at *5; and see Sims v. Lakeside School, 2007 WL 2745367, *1 (W.D. Wash.) ("where an employer indicates that it can inspect laptops that it furnished for use of its employees, the employee does not have a reasonable expectation of privacy over the employer-furnished laptop.").  BP's policy announced that Mr. Morel's emails could be monitored and accessed by BP and they were subject to compulsory disclosure by subpoena.  Muick, Etkin and Sims demonstrate that in such circumstances there is no reasonable expectation of privacy.

        Mr. Morel argues that measured by four factors described by In re Asia Global Crossing, Ltd., 322 BR 247, 257 (Bankr. S.D.N.Y. 2005), he had a reasonable expectation of privacy.  The four factors are:  (1) does the corporation maintain a policy banning personal or other objectionable use; (2) does the company monitor the use of the employee's computer or email; (3) do third parties have a right of access to the computer or emails; and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies.  As discussed above, other authorities do not require the presence of a policy banning personal use of the email system to destroy the expectation of privacy.  BP notified its employees that electronic communications could be monitored and accessed by BP.  There is no evidence that this did not occur.  There is no evidence that Mr. Morel was not aware of the BP policies, including the policy stating that electronic communications were not private.

        Mr. Morel argues that the emails demonstrate that he intended them to be confidential.  It

can be argued from this that: (1) he had a subjective expectation of privacy; and (2) the evidence is not sufficient to demonstrate that the privilege was waived.  See Haynes v. Office of Atty Gen. Phil Kline, 298 F.Supp.2d 1154, 1161-62 (D. Kan. 2003); and Sprenger v. Rector Board of Visitors of Virginia Tech, 2008 WL 2465236 *3 (W.D.Va.).  Sprenger recognized that the authorities turn on very specific fact situations.  It concluded that the record was not sufficient to overcome the presumption that the marital communications were privileged.  Id. at *4.

The Court is persuaded that the Fifth Circuit decision in Slanina in combination with Muick, Etkin and Sims provide the correct basis for the resolution of the issue.  It is not objectively reasonable for an employee to have an expectation of privacy where the employers' policies clearly demonstrate that: (1) the employee's electronic communications are not private; (2) they may be monitored and accessed by the employer; and (3) they are subject to production by a subpoena. Because of the BP policies, additional evidence is not required to overcome Mr. Morel's assertion of the marital privilege.

IT IS ORDERED that: (1) Brian Morel's assertion of the marital privilege (Rec. doc. 1742) is DENIED; (2) the PSC's request for access to the email communications (Rec. doc. 1745) is GRANTED; and (3) because of the need to resolve this issue before Mr. Morel's deposition, the deadline for an appeal of this order is reduced to **five (5) working days from its entry**.

New Orleans, Louisiana, this 28th day of March, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

**Clerk to serve:**
William W. Taylor, III *via email wtaylor@zuckerman.com*
Zuckerman Spaeder, LLP