**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the GULF OF | § | |
| MEXICO, on APRIL 20, 2010 | § | SECTION:  J |
| | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| *State of Veracruz v. BP, PLC, et al.* | § | MAGISTRATE SHUSHAN |
| (No. 2:10-cv-04239) | § | |

.  .. .. .. .. .. .. .. .. .. .. .. .  .

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to dismiss the claims asserted in Plaintiff State of Veracruz's First Amended Complaint (the "Complaint") pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. In support of this Motion, HESI submits the accompanying Memorandum in Support and states as follows:

1.      Plaintiff's claims, if any, arise exclusively under this Court's admiralty jurisdiction, which calls for the application of substantive maritime law to all of Plaintiff's claims.  *See* HESI's Memorandum at Section IV.A.2.

2.      The Outer Continental Shelf Lands Act's adjacent state law provision, 43 U.S.C. § 1333(a)(2)(A), does not require the application of state law to Plaintiff's claims.  *See* HESI's Memorandum at Section IV.A.3.

3.      The Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.* ("OPA")*,* provides the exclusive federal remedy for the kinds of oil spill-related damages asserted by Plaintiff and, as such, displaces or preempts Plaintiff's maritime law claims arising from the oil spill.  *See* HESI's Memorandum at Section IV.A.4.

4.     This Court cannot exercise subject matter jurisdiction over Plaintiff's claims to the extent that Plaintiff has failed to present its claims through the OPA-mandated claims process. Therefore, such claims should be dismissed.  *See* HESI's Memorandum at Section IV.A.5.

5.     Plaintiff's sole remedy for its alleged damages, if any, lies against a "responsible party" designated under OPA, not against HESI.  Accordingly, this Court should dismiss all Plaintiff's claims asserted against HESI because Plaintiff has failed to state a proper claim against HESI.  *See* HESI's Memorandum at Section IV.A.6.

6.     Plaintiff's claims are barred by its failure to allege that its recovery is authorized by a treaty or executive agreement between the United States of America and the Republic of Mexico or that the Secretary of State for the United States has certified that the Republic of Mexico provides a comparable remedy for claimants from the United States in compliance with 33 U.S.C. § 2707(a).  *See* HESI's Memorandum at Section IV.A.7.

7.     Plaintiff's claims are not ripe and/or Plaintiff lacks standing because its alleged future injuries are speculative and lack the requisite imminence.  *See* HESI's Memorandum at Section IV.A.8.

8.     Plaintiff's claims are barred by the economic loss rule to the extent that they do not allege physical damage to a proprietary interest.  *See* HESI's Memorandum at Section IV.B.1.

9.     Plaintiff's claims should be dismissed because they fail to state a claim to relief that is plausible on its face due to inherent and fatal pleading deficiencies.  *See* HESI's Memorandum at Section IV.B.2.

10.     Alternatively, Plaintiff should be required to file a more definitive statement detailing the facts, if any, supporting its claims against HESI.  *See* HESI's Memorandum at Section IV.B.3.

11.     Finally, Plaintiff cannot, as a matter of law, recover punitive damages from HESI because a request for punitive damages does not constitute a separate cause of action and because OPA, which provides Plaintiff's sole remedy, if any, does not permit the recovery of punitive damages.  *See* HESI's Memorandum at Section IV.B.4.

WHEREFORE, for the reasons more fully set forth in the attached Memorandum in Support, HESI respectfully prays that this Court dismiss Plaintiff's claims against HESI in their entirety for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction or, in the alternative, require Plaintiff to file a more definite statement detailing the facts, if any, supporting its claims against HESI.

Dated: March 28, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT**
**HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Motion to Dismiss has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 28th day of March, 2011.

                              /s/  Donald E. Godwin

                              Donald E. Godwin