IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:<br>*The St. Joe Company, v. Halliburton Energy Serv. Inc.,*(No. 2:11-cv-258) | § § § § § § § § | MDL NO. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

.  . .   . .   . .   . .   . .   . .   . .   . .   .

<u>**HALLIBURTON ENERGY SERVICES, INC.'S REQUEST FOR INJUNCTIVE RELIEF IN AID OF THIS COURT'S PRE-TRIAL JURISDICTION OVER THE ST. JOE COMPANY**</u>

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to enjoin The St. Joe Company ("St. Joe") from pursuing pre-trial proceedings and discovery related to the DEEPWATER HORIZON incident against HESI in any Court other than MDL-2179.  In support of this request, HESI shows as follows:

### BACKGROUND

1.     On August 4, 2010, Plaintiff St. Joe, a real estate development company owning approximately 577,000 acres of property in Florida's northwest panhandle, sued HESI in Civil Action No. N10C-08-032 PLA, *The St. Joe Company v. Halliburton Energy Services, Inc.*, in the Superior Court of the State of Delaware in and for New Castle County, (the "State Court Action").  HESI is the sole named defendant in the State Court Action.  St. Joe filed similar single-defendant actions against Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean Entities"), and M-I L.L.C. ("M-I") in Delaware state court.

2.     August 27, 2010, HESI timely removed the State Court Action to the United States District Court for the District of Delaware.  *See* HESI's Notice of Removal, *The St. Joe*

*Co. v. Halliburton Energy Servs., Inc.*, No. 1:10-cv-00733-GNS, Dkt. 1 ("HESI D. Del. Action"). On August 30, 2010, HESI filed a notice with the JPML identifying the State Court Action as a potential "tag-along-action" and sought a conditional transfer order transferring the State Court Action to the MDL proceedings. *See* HESI D. Del Action, Dkt. 10. Plaintiff contested the removal of this proceeding from Delaware state court filing a Motion to Remand. *See* HESI D. Del. Action, Dkt. 11. On October 27, 2010, the State Court Action, as well as the similar suit against M-I, were transferred to this Court, pursuant to Conditional Transfer Order 5 ("CTO-5"). *See* CTO-5, Dkt. 306.

3. The Transocean Entities also timely removed the Transocean state court proceeding to federal court, albeit to a different judge. *The St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, No. 1:10-cv-00968-LPS, Dkt. 1 (D. Del). Unlike HESI and M-I, the Transocean Entities were unable to finalize a transfer to the MDL although they filed a notice of tag-along actions on November 16, 2010. JPML, Dkt. 352. On November 30, the JPML issued CTO #7. JPML, Dkt. 378. St. Joe challenged that order. JPML, Dkt. 386, 444, 465, 474. And, before the JPML ruled, Judge Leonard P. Stark granted a motion to remand and denied a motion to stay pending MDL transfer and appeal. No. 1:10-cv-00968-LPS, Dkt. 35, 42, 45 (D. Del) (Memo. Op. dated Mar. 15, 2011, attached hereto as Exhibit 1).[1] Judge Stark's opinion made a curious observation:

> Transocean might be able to implead Halliburton and M-I into the Superior Court action. Transocean has evidently begun to pursue such relief already. Transocean recently filed a third-party complaint against most of the defendants in the MDL Action, which was consolidated into the MDL Action.

*See id.* p.7 n.2.

---

[1] The Third Circuit Court of Appeals dismissed the Transocean Entities' appeal for lack of jurisdiction. *See The St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, No. 1:10-cv-00968-LPS, Dkt. 46 (attached hereto as Exhibit 2).

4.      Since the transfer of Plaintiff's claims against HESI and M-I to this Court, St. Joe has contested this Court's pre-trial jurisdiction.  For example, on February 9, 2011, St. Joe filed a "Notice of Intent to Opt Out of Potential Classes."  Dkt. 1144.  But, no classes of plaintiffs have been certified.  Thus, there is no procedure available for opt-out at this stage in the litigation.  *See* FED. R. CIV. P. 23(c)(2)(B)(iv).  St. Joe's attempt to pursue its lawsuit against the Transocean Entities in Delaware state court was prevented only by this Court's order on Friday, March 25, 2011, granting the Transocean Entities' motion to enforce the Court's monition specifically against St. Joe.  Dkt. 1765.

5.      Predictably, given St. Joe's history of contesting this Court's authority, on March 27, 2011, Plaintiff simultaneously filed a Notice of Dismissal of its claims pending in this Court and a new lawsuit against M-I and HESI in Delaware state court asserting claims identical to the first State Court Action.  *See* Dkt. 1772; *Cf.* Compl. filed March 27, 2011, attached hereto as Exhibit 3, *to* Exhibit 1.[2]  St. Joe seeks dismissal, without prejudice, of its claims against HESI.  *See* Dkt. 1772.  In light of Judge Stark's opinion and St. Joe's simultaneous re-filing of its identical claims against HESI and M-I in the same Delaware state court, it is clear that St. Joe is attempting to forum shop around the JPML's orders and this Court's pre-trial management orders.

6.      St. Joe's voluntary dismissal of its claims against HESI is a transparent attempt to conduct pre-trial proceedings and discovery against M-1 and HESI in Delaware state court, in direct contravention of this Court's pre-trial management orders.  Blatant forum shopping should not be tolerated.  To the extent that St. Joe has claims against HESI, all pre-trial proceedings are properly before this Court.

---

[2] HESI has not yet been served with this second Delaware state court lawsuit, but suspects it will be forthwith.

**ARGUMENT AND AUTHORITIES**

**I.    THIS COURT HAS THE AUTHORITY TO PROTECT ITS PRE-TRIAL JURISDICTION UNDER BOTH THE ALL WRITS ACT AND THE ANTI-INJUNCTION ACT.**

7. This Court, by order of the JPML, properly has pre-trial jurisdiction over St. Joe's action against HESI. Under the All Writs Act, this Court has inherent authority to issue writs to protect its jurisdiction. *See* 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Likewise, this Court may issue an injunction to stay proceedings in state court "where necessary in aid of its jurisdiction." *See* 28 U.S.C. § 2283.

8. The All Writs Act "has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.''" *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (quoting *Price v. Johnston*, 334 U.S. 266, 282 (1948) (quoting in turn *Adams v. United States ex. rel. McCann*, 317 U.S. 269, 273 (1942)).

9. Other MDL transferee courts have issued injunctions similar to the injunction HESI seeks here. In *Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002), the MDL transferee court handling Enron-related actions enjoined a law firm from filing any state court actions without first obtaining leave of the court. *Id*. at 299-300. The transferee court issued the injunction pursuant to the All-Writs Act, the Anti-Injunction Statute, and the Court's inherent authority. *Id*. at 300. The Fifth Circuit affirmed the injunction, holding that "the district court had the authority to compel lawyers properly before it from engaging in vexatious and needlessly harassing maneuvers that challenged judicial efforts to maintain the cooperative approach essential to preserving fair processes in the complex suit in federal court." *Id*. at 301. This Court

should also exercise its discretion to issue an injunction to protect its pre-trial jurisdiction and the orderly management of those pre-trial proceedings.

### A. *This Court Should Protect Its Pre-Trial Jurisdiction Over Claims Relating to The* DEEPWATER HORIZON *Incident.*

10. HESI requests that in the interest of judicial economy, preventing the waste of party resources, prohibiting useless delay, and in fulfilling the MDL's purpose, this Court issue an injunction prohibiting St. Joe from pursuing pre-trial proceedings or obtaining discovery from HESI in any forum other than this Court.

#### 1. *Plaintiff's Refiling in Delaware State Court is Nothing More than an Attempt to Thwart the JPML's Ruling and Avoid this Court's Proper Pre-Trial Jurisdiction.*

11. As the JPML has already held, St. Joe's claims are "virtually indistinguishable" from the cases in this MDL. Dkt. 494 at 2. Avoiding or diverting this Court's pre-trial jurisdiction is an improper end run around the JPML's orders and this Court's pre-trial management orders. HESI properly removed and transferred St. Joe's claims to this MDL proceeding for pre-trial case management. Because St. Joe has re-filed its claims against HESI in Delaware state court, HESI again will remove and seek transfer those claims back to this Court for pre-trial proceedings where they belong.

#### 2. *St. Joe Should Not Be Permitted to Forum Shop and Contravene the JPML Transfer Order and This Court's Pre-Trial Management Orders.*

12. St. Joe's suit against HESI is properly in federal court, and by order of the JPML, is properly before this Court for pre-trial proceedings. St. Joe should not be allowed to play jurisdictional games and flaunt the orders of the JPML and of this Court. If St. Joe believes its case belongs in state court, it should follow the proper procedure and file a motion to remand in this Court. Dkt. 494 at 2; *see* JUD'L PAN. MULTIDISTRICT LITIG. R. 10.1(b)(iii), 10.3. But St. Joe should not be allowed to openly shop for what it believes is a more favorable pre-trial forum.

13. For the foregoing reasons, HESI respectfully requests this Court use its authority under the All Writs Act to protect its jurisdiction by enjoining St. Joe from pursuing any pre-trial proceedings or discovery in any forum other than this Court.

WHEREFORE, for the reasons set forth above, HESI respectfully prays that this Court issue an injunction against St. Joe pursuing pre-trial proceedings or discovery against HESI in any forum other than MDL-2179.

Dated: March 29, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Request for Injunctive Relief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 29th day of March, 2011.

                                                     /s/ Donald E. Godwin
                                                   Donald E. Godwin