**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

<table>
<tr>
<td>

**In re:  Oil Spill by the Oil Rig**
**"Deepwater Horizon" in the Gulf**
**of Mexico, on April 20, 2010**

**This Document Relates to:**
*All Cases in Pleading Bundle B1*

(This Document also applies to No. 10-2771)

</td>
<td>

**MDL No. 2179**

**SECTION: J**

**JUDGE BARBIER**

**MAGISTRATE SUSHAN**

</td>
</tr>
</table>

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS CAMERON'S AND WEATHERFORD'S MOTIONS**
**TO DISMISS PRODUCTS LIABILITY CLAIMS**

In addition to Plaintiffs' OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS BUNDLE B1 FIRST AMENDED MASTER COMPLAINT, Plaintiffs respectfully submit the following memorandum in opposition to the motions to dismiss filed by Cameron and Weatherford with respect to Plaintiffs' products liability claims against them.[1]

**I.    PLAINTIFFS HAVE ALLEGED VIABLE PRODUCTS LIABILITY CLAIMS**
**AGAINST DEFENDANTS CAMERON AND WEATHERFORD.**

Plaintiffs' strict products liability claims against Defendants Cameron and Weatherford are governed by maritime law and, specifically, maritime law as it concerns products liability. The United States Supreme Court has made clear that there is a strict products liability cause of action arising under the general maritime law.  *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986) ("We join the Courts of Appeals in recognizing products liability,

---

[1] *See* Doc. 1395 ("Cameron Mot. to Dismiss"); Doc. 1433 ("Weatherford Mot. to Dismiss").

including strict liability, as part of the general maritime law.").  In particular, the Restatement (Second) of Torts § 402A governs such an action.  *See Szollosy v. Hyatt Corp.*, 396 F. Supp. 2d 159 (D. Conn. 2005); *In re Skipper Liner Indus., Inc.*, No. 00-0730, 2002 WL 32348827 (W.D. Wis. Jan. 31, 2002).[2]

Defendants Cameron and Weatherford take the position that Louisiana law applies and, therefore, that Plaintiffs' claims must meet the requirements of the Louisiana Products Liability Act, La. Rev. Stat. Ann. §§ 9:2800.51, *et seq*. (the "LPLA").  As discussed in Section I.B. of Plaintiffs' Omnibus Memorandum, however, Plaintiffs are not limited to the law of an "adjacent state" in the pursuit of their claims against Defendants in this case.  Even if Plaintiffs were required to plead their products liability claims in accordance with Louisiana law, Plaintiffs have sufficiently stated claims against Cameron and Weatherford under the LPLA for the defective and inadequate design, manufacture, marketing, selling, and/or distribution of the BOP and the float collars, respectively.

In the First Amended B1 Master Complaint, Plaintiffs allege that Cameron and Weatherford were in the business of designing, manufacturing, marketing, selling, and/or distributing the products at issue; that the products were sold and delivered to Transocean; that the products failed to operate properly or at all at the time of the blowout; that they were defectively designed; that these defendants failed to provide adequate warnings, instructions, and guidelines for the products; that the products failed to operate as intended, if at all; that they were in a defective condition unreasonably dangerous to Plaintiffs; that, at the time they left Cameron

---

[2] Cameron and Weatherford do not assert that Plaintiffs' allegations fail to state a claim against them under § 402A and, therefore, apparently concede that if general maritime law applies to Plaintiffs' strict products liability claims against them, Plaintiffs have stated a claim upon which relief can be granted.  Because general maritime law applies here, Weatherford's argument that the LPLA is the Plaintiffs' exclusive remedy under Louisiana law is of no moment.  (Weatherford Mot. to Dismiss, at 16-17.)

and Weatherford's control, these defendants knew, or in light of reasonably available knowledge should have known, of the unreasonably dangerous condition of the products; that feasible design alternatives existed which would have to a reasonable probability prevented the harm suffered by Plaintiffs, without impairing the utility, usefulness, practicality, or desirability of the products; that the products were used in an intended and/or reasonably foreseeable manner; that Plaintiffs were foreseeable bystanders and victims of the manifestation of the defects; and that these defendants had actual and/or constructive knowledge of the facts and circumstances relative to the products which caused or contributed to the accident; and that the damages sustained by Plaintiffs were the result of the defective design and/or manufacture of the products. (Doc. 1128 ("Am. B1 Master Compl.") ¶¶ 638-667.)

Although not necessary, the Amended B1 Master Complaint sufficiently states a claim under the LPLA.  In its motion to dismiss, Cameron seeks to impose pleading requirements on Plaintiffs beyond those required by law.  In so doing, Cameron relies heavily on two LPLA cases decided on a summary judgment standard, and not at the pleading stage as a matter of law.  *See generally Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254 (5th Cir. 2002); *Broussard v. Procter & Gamble Co.*, 463 F. Supp. 2d 596 (W.D. La. 2006), *aff'd*, 517 F.3d 767 (5th Cir. 2008). Cameron cites these summary judgment decisions in an effort to impose a greater burden on Plaintiffs than is proper under 12(b)(6).  The evidentiary proof requirements and analysis inherent in the summary judgment standard cannot be applied to a motion to dismiss and Cameron's reliance on these cases is misplaced.

Other cases relied on by Cameron and Weatherford are equally inapposite.  Although *Jefferson v. Lead Indus. Ass'n., Inc.*, 930 F. Supp. 241, 244 (E.D. La. 1996) did involve a 12(b)(6) motion, it is factually dissimilar from the facts of the instant case.  In *Jefferson*, this

Court dismissed the plaintiff's LPLA claims because the plaintiff did not identify the manufacturer whose product caused her injury—a mandatory requirement under the LPLA.  *Id.* Here, Plaintiffs have identified Cameron and Weatherford as the manufacturers of the defective products, the BOP and the float collar, respectively.  Similarly, in *In re Air Bag Products Liab. Litig.*, 7 F. Supp. 2d 792, 800 (E.D. La. 1998), this Court again dismissed claims for very specific reasons that do not exist in the present case.  The *Air Bag* plaintiffs stated unequivocally in their pleadings that "they press[ed] no claims under the" LPLA.  This statement, or anything like it, does not exist anywhere in the First Amended B1 Master Complaint.

Instead, the First Amended B1 Master Complaint contains a reference to the LPLA, identifies Cameron as the manufacturer and supplier of the defective BOP and Weatherford as the manufacturer of the defective float collar, and alleges that these defendants are at least partially responsible for the Spill due to their defective products.  These allegations, accepted as true and viewed in the light most favorable to the plaintiffs, are sufficient to support a claim under the LPLA, and place Cameron and Weatherford on notice that such a claim has been alleged.

## Conclusion

For the reasons discussed above, and for the reasons stated in Plaintiffs' OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS BUNDLE B1 FIRST AMENDED MASTER COMPLAINT, Cameron's and Weatherford's motions to dismiss Plaintiffs' products liability claims should be denied.

Dated:  March 29, 2011.

Respectfully submitted,


| | |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & | DOMENGEAUX WRIGHT ROY |
|   COTLAR LLP |   & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel MDL 2179* | *Plaintiffs Liaison Counsel MDL 2179* |


## PLAINTIFFS' STEERING COMMITTEE


| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO, THOMAS, | WEITZ & LUXENBERG, PC |
|   MITCHELL, ECHSNER & PROCTOR, PA | 700 Broadway |
| 316 South Baylen St., Suite 600 | New York, NY  10003 |
| Pensacola, FL 32502-5996 | Office:  (212) 558-5802 |
| Office:  (850) 435-7045 | Telefax: (212) 344-5461 |
| Telefax: (850) 436-6187 | E-Mail:  rgreenwald@weitzlux.com |
| E-Mail: bbarr@levinlaw.com | |

916111.2

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
   WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
   TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU &
   SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
   HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
   ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of March, 2011.

_____ /s/ Stephen J Herman and James Parkerson Roy

916111.2