UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | | |
| **These Pleadings apply to:** | * | |
| *All Cases in Pleading Bundle B3* | * | |
| | * | |
| (Also Applies to: No. 10-2771) | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE** |
| | * | **SHUSHAN** |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

## MOTION FOR LEAVE TO AMEND B3 MASTER COMPLAINT

**NOW INTO COURT** come Plaintiffs, through Liaison Counsel, and respectfully move for leave to file a First Amended B3 Master Complaint, for the reasons that follow:

I.

When the original B3 Master Complaint was filed by Plaintiffs in December of 2010, the "B3 Bundle" was defined in PTO No. 11 to include *all* private economic claims arising from clean-up or response efforts.  Accordingly, the original B3 Master Complaint included OPA and other tort-based claims for private economic loss against some of the B1 Defendants, including BP.

II.

In PTO No. 25, the "B3 Bundle" was re-defined to include all claims for post-April 20, 2010 medical monitoring and/or personal injury, but only economic losses relating to the response or clean-up efforts against parties not already named as Defendants in the B1 Amended Master Complaint.

III.

Plaintiffs therefore desire to amend the B3 Master Complaint, in order to:

1. Remove OPA and other economic loss claims against the B1 Defendants;

2. Make it clear that no economic loss claims are being asserted in the Master Complaint against the B3 Defendants;[1]

3. Eliminate references to Nalco entities who moved to dismiss on the basis that they were improperly named;

4. Substitute what Plaintiffs believe to be the correct "Tiger Safety" entities; and,

5. Other revisions consistent with the Amended B1 Master Complaint, PTO No. 25, and the 14(c) Tender by Transocean.

IV.

The proposed amendments do not introduce new issues which would need to be re-briefed in conjunction with the defendants' pending Rule 12 Motions. Indeed, it is Plaintiffs' hope that the proposed Amended Complaint would bring clarity to or otherwise moot some of the issues Defendants have raised.

---

[1] Some Plaintiffs may have *contractual* claims for compensation with may be owed to them by one or more of the B3 Defendants as a result of their participation in the VoO or other similar clean-up program. But there are no tort-based property damage or other economic loss claims being asserted against the B3 Defendants. *See* proposed First Amended B3 Master Complaint, ¶197.

V.

Plaintiffs have included within the proposed Order a provision deeming that the answer or responsive motion to the original B3 Master Complaint would stand as a sufficient answer or other response to the proposed First Amended B3 Master Complaint.

VI.

Plaintiffs have also included within the proposed Order a provision deeming that the reference to and incorporation of the original B3 Master Complaint would be superseded by joinder in and incorporation of the First Amended B3 Master Complaint with respect to the Direct File Short Form, and otherwise with respect to PTOs Nos. 24 and 25.

**WHEREFORE** Plaintiffs respectfully pray for an order granting leave to file a First Amended B3 Master Complaint.

This 29th day of March, 2011.

Respectfully submitted,

| /s/    Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel.* | *Plaintiffs Liaison Counsel.* |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Motion, together with a proposed Order, will be electronically filed into the record using the Court's EFC filing system;

IN ADDITION, the Motion and Proposed Order will be served on All Counsel *via* Lexis Nexis in accordance with Pre-Trial Order No. 12.

This 29th day of March, 2011.

/s/ Stephen J. Herman and James Parkerson Roy