UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179 SECTION: J |
| This pleading applies to: No. 2:11-CV-00259 | § § § § § § § § | Judge Carl J. Barbier Magistrate Judge Sally Shushan |

## MOTION FOR INJUNCTION IN AID OF THIS COURT'S JURISDICTION OVER ST. JOE

Defendant M-I L.L.C. ("M-I") respectfully moves this Court to enjoin The St. Joe Company ("St. Joe") from pursuing pre-trial proceedings of any nature concerning the Deepwater Horizon incident, including requesting remand of its recently re-filed case, in any forum other than MDL 2179. This injunction is necessary to aid this Court in its jurisdiction and to ensure the proper implementation of Orders of this Court and of the Joint Panel on Multidistrict Litigation. Plaintiff's blatant forum shopping to avoid the jurisdiction of this Court must be stopped before these tactics are allowed to defeat the purpose of MDL 2179.

## BACKGROUND

St. Joe sued M-I, Transocean Offshore Deepwater Drilling Inc., Transocean Holdings L.L.C., Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean"), and Halliburton Energy Services, Inc. ("HESI") in three separate lawsuits in Delaware state court. The three defendant groups removed their

1

respective cases to the United States District Court for the District of Delaware.  The Judicial Panel on Multidistrict Litigation ("JPML") subsequently issued final orders transferring the actions against M-I and HESI to MDL 2179, finding that the cases were "virtually indistinguishable from those previously centralized" in the MDL.  *See* Dkt. No. 494, Feb. 7, 2011.  The JPML noted that St. Joe was free to present its motions to remand to this Court, *id.*, but St. Joe declined to do so.  Under Pretrial Order #2, because St. Joe's suit was transferred, "any papers to be filed regarding any civil action covered by that transfer order are to be filed in the transferee court."  PTO # 2 (Dkt. No. 3, Aug. 8, 2010).

Following transfer to this Court, St. Joe demonstrated its intention to obstruct the orderly proceedings of the MDL and to evade the jurisdiction of this Court, notwithstanding the clear order of the JPML.  For example, on February 9, 2011, St. Joe filed a "Notice of Intent to Opt Out of Potential Classes," even though such a filing has no purpose other than to underscore St. Joe's intent to avoid the reaches of this Court.  Federal procedure does not recognize any motion to opt out of a *potential* class, *see* Fed. R. Civ. P. 23(c)(2)(B)(iv), and this Court, in Pretrial Order #3, explicitly "suspended and extended until further order of this Court" class certifications.  PTO # 3 (Dkt. No. 4, Aug. 11, 2010).  As another example, St. Joe's attempt to pursue its lawsuit against Transocean in Delaware state court was prevented only by this Court's order on Friday, March 25, 2011, granting Transocean's motion to enforce the Court's monition specifically against St. Joe.  Finally, on March 27, 2011, St. Joe filed a self-styled "Notice of Dismissal of Action" pursuant to Fed. R. Civ. P. 41(a)(1)(A) which purported to dismiss its action against M-I without prejudice.  The very same day, St. Joe re-filed its suit in Delaware Superior Court alleging the exact same factual background and legal theories, with the

only difference between the suits being that M-I and HESI are sued jointly in the re-filed suit. While this is by far the most egregious example of St. Joe's disregard for this Court's procedures, it is by no means an isolated event.

## ARGUMENT

St. Joe's actions are contrary to the transfer order of the JPML, an abuse of process, and a blatant attempt at forum shopping to evade these MDL proceedings. To the extent St. Joe has claims it wishes to litigate against M-I that arise out of the Deepwater Horizon incident, this Court is the only appropriate forum in which pre-trial activities, including discovery and remand consideration, should be permitted to occur. St. Joe's actions are a flagrant abuse of process and a violation of the JPML transfer order.

A.  <u>This Court Has The Authority to Protect Its Jurisdiction Under The All Writs Act</u>.

This Court, by order of the JPML, properly has jurisdiction over St. Joe's action against M-I. Under the All Writs Act, this Court has inherent authority to issue writs to protect its jurisdiction. *See* 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). This Act "has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.''" *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (quoting *Price v. Johnston*, 334 U.S. 266, 282 (1948) (quoting in turn *Adams v. United States ex. rel. McCann*, 317 U.S. 269, 273 (1942)).

Other MDL courts have issued injunctions similar to the one M-I is seeking here. In *Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002), the MDL district court handling Enron-related actions enjoined a law firm from filing any state court actions without first obtaining leave of the court. *Id*. at 299-300. The district court rested its authority on the All Writs Act, the Anti-Injunction Statute, and the Court's inherent authority. *Id*. at 300. The Fifth Circuit affirmed the injunction, holding that "the district court had the authority to compel lawyers properly before it from engaging in vexatious and needlessly harassing maneuvers that challenged judicial efforts to maintain the cooperative approach essential to preserving fair processes in the complex suit in federal court." *Id.* at 301.

B.   St. Joe's Conduct Is An Abuse of Process.

St. Joe's actions here serve no purpose other than to waste the resources of the parties and of the various courts involved. When St. Joe filed its first suit, M-I removed that case to federal court. M-I has had to devote time and resources to remove that same case again. With the first St. Joe suit, M-I obtained a stay in the Delaware district court of any further proceedings pending transfer to this MDL. M-I has now filed another motion for stay for the exact same reason. M-I and St. Joe have already litigated the issue of transfer to this Court in front of the JPML. Now, due to St. Joe's actions, the Court and the parties will have to expend additional time and resources re-litigating that exact same issue. Moreover, the resources of this Court, the courts in Delaware, and the JPML will be further exhausted as a result of this frivolous duplicitous action.

C.   Issuance Of An Injunction Is Necessary To Avoid Further Waste Of Resources And To Preserve This Court's Jurisdiction.

St. Joe's suit against M-I already has again been removed to federal court, and because it is identical in substance to its previous suit, it is inevitable that St. Joe's suit

4

will be transferred to this Court. The only question is whether the parties and courts will have to spend their time litigating issues already decided and whether this Court will respond to St. Joe's blatant disregard of court instructions and procedures. By issuing an injunction, this Court's jurisdiction will be protected and court and party resources conserved. St. Joe has shown that it is willing to comply with nothing except a direct Court order.[1]

By order of the JPML, pre-trial proceedings by St. Joe as to M-I are proper before this Court only. St. Joe should not be allowed to play jurisdictional games and flaunt the orders of the JPML and of this Court. St. Joe should not be allowed to openly shop for what it believes is a more favorable forum and ignore the transfer order of the JPML. While it is the normal rule that the plaintiff gets to choose its forum, the creation of this MDL modifies that rule as it pertains to pre-trial procedures in the interest of judicial economy and coming to a fair and speedy resolution of complex issues. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 451 (4th Cir. 2005); *Bd. of Tr. of the Teachers' Ret. Sys. of the State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D.Ill. 2002) ("It is inevitable in multidistrict litigation that a plaintiff's choice of forum will be overridden.").

---

[1] The injunctive relief M-I requests here does not violate the Anti-Injunction Act, 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). First, because of M-I's removal of St. Joe's suit on March 29, the suit is not in state court anymore, therefore any injunction prohibiting St. Joe from prosecuting its action does not affect a state court suit. Second, even if the Anti-Injunction Act applied, which it does not, the injunction M-I seeks falls squarely within the exception to the Anti-Injunction Act because, as demonstrated above, the issuance of an injunction is necessary to aid this Court in its jurisdiction of St. Joe's claims that was granted to it by the final transfer order of February 7, 2011.

For the foregoing reasons, M-I respectfully requests this Court enjoin St. Joe from pursuing pre-trial proceedings, discovery, and/or remand related to the DEEPWATER HORIZON incident against M-I in any forum other than MDL 2179.

        Respectfully submitted,

        **MORGAN, LEWIS & BOCKIUS LLP**

        By:   /s/ Hugh E. Tanner
              Hugh E. Tanner
              htanner@morganlewis.com
              Denise Scofield
              dscofield@morganlewis.com
              James B. Tarter
              jtarter@morganlewis.com
              1000 Louisiana St., Suite 4000
              Houston, TX 77002
              Telephone: 713.890.5000
              Facsimile: 713.890.5001

        **ATTORNEYS FOR DEFENDANT M-I L.L.C.**

March 29, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **MOTION FOR INJUNCTION IN AID OF THIS COURT'S JURISDICTION OVER ST. JOE** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of March, 2011.

                                           /s/ Hugh E. Tanner
                                               Hugh E. Tanner