UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179<br><br>SECTION: J |
| This Pleading Applies To:<br>**MDL 2179 Amended Master Complaint And Certain Cases Allegedly in Pleading Bundle B1** |  | : : : : | |
| This Pleading Applies To:<br>**No. 10-cv-01986**<br>*Terry Robin, et al. v. Seacor Marine, et al.* |  | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

---

**MEMORANDUM IN OPPOSITION OF PLAINTIFFS TERRY ROBIN, *ET AL*. TO BP DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P. 12(B)(6) THE FIRST AMENDED MASTER COMPLIANT CROSS – CLAIM, AND THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III.B1 ["B1 BUNDLE"]**

---

*May It Please the Court*:

Plaintiffs Terry Robin *et al.* (those plaintiffs in No. 10-cv-01986) submit this Memorandum in Opposition to BP Defendants' Motion to Dismiss (Rec. No. 1440). BP Defendants lump Plaintiffs Terry Robin *et al.*, into Pleading Bundle B1 although Terry Robin *et al.* were organized into a separate bundle (B4) by the Court in PTO No. 11.[1] Furthermore, none of the plaintiffs in *Terry Robin et al. v. Seacor Marine et al.* filed suit against any BP

---

[1] In PTO No. 25 (Doc. 983), the Court did state the following in terms of the scope and effect of the various Master Complaints: "Any case currently pending in the MDL that does not fall within Bundles A or C is deemed to fall within one or more of the following: Pleading Bundle B1, Pleading Bundle B3 and/or Pleading Bundle D1, as may be applicable." PTO 25 at 2. While it is not clear to the Terry Robin plaintiffs as to whether their B4 Bundle claims are included in any other Master Complaint, as the BP defendants have included Terry Robin plaintiffs in the attachments to their Motion to Dismiss, the Terry Robin plaintiffs file this memorandum in opposition.

1

Defendants. The Terry Robin plaintiffs brought claims only against certain vessels and vessel owners none of which is controlled by any of the BP Defendants.

Because the BP Defendants treat the Terry Robin plaintiffs as though they are grouped in Pleading Bundle B1 with other plaintiffs who sued the BP Defendants, Plaintiffs filed this Memorandum in Opposition out of an abundance of caution. For the reasons expressed below, as the Terry Robin plaintiffs did not file suit against the BP Defendants, the BP defendants lack standing to file a Motion to Dismiss the claims of the Terry Robin plaintiffs and the Motion to Dismiss of the BP Defendants (Rec. No. 1440) should be denied as to the plaintiffs in *Terry Robin et al. v. Seacor Marine et al*.

**BP Defendants Have No Standing to File a Motion to Dismiss the Claims of Terry Robin*, et al*. as the *Terry Robin* Plaintiffs Have Not Sued the BP Defendants.**

In its Motion to Dismiss, the BP defendants cite, and attached as an exhibit (No. 19), a decision by Judge Eldon Fallon in *Turner v. Murphy Oil USA, Inc.*, No. 05-4206 (E.D. La. Dec. 29, 2005) for the proposition that the Court can dismiss both claims in the Master Complaint and claims in the individual suits. A number of cases, including the cases which Judge Fallon cited in the *Turner* opinion, show why the BP defendants cannot shoehorn the Terry Robin plaintiffs in their Motion to Dismiss.

In *Johnson v. Manhattan Ry. Co.*, the Supreme Court held "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, **or make those who are parties in one suit parties in another**." 289 U.S. 479, 496-97 (1933)(emphasis added). Although *Johnson v. Manhattan Ry. Co.* predates the Federal Rules of Civil Procedure, the same principal applies today as "[a] consolidated case 'retain[s] its independent status,' and plaintiffs in a consolidated action…are still "entitled to a decision on the merits of their claims." *Horizon Asset*

*Management, Inc. v. H & R Block, Inc*. 580 F.3d 755, 769 (8th Cir. 2009)(internal quotations omitted). Put more succinctly by the Eleventh Circuit, "consolidation of cases under Fed. R. Civ. P. 42 does not strip the cases of their individual identities." *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (1998). Parties "may not by consolidation…be deprived of some substantive right available to them in an individual suit now consolidated." *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984).

One key difference between this matter and with *Turner v. Murphy Oil* was that Murphy Oil was the only defendant in that case. Thus, Murphy Oil had been sued by every party in the consolidated action and had standing to file motions to dismiss that could be applied to all plaintiffs. Here, the Terry Robin plaintiffs did not sue any of the BP defendants. Nevertheless, in their Motion to Dismiss, the BP defendants spend page after page arguing that Plaintiffs' claims should be dismissed for one reason or another (*e.g.* allegedly not complying with the ninety day presentment period required by the OPA or how various Plaintiffs' presented claims—including some Terry Robin plaintiffs—are somehow deficient). Indeed, the BP defendants' list various Terry Robin plaintiffs in multiple tabs to Exhibit 12 to the BP defendants' Motion to Dismiss.[2] Putting aside the fact that the Terry Robin defendants have different factual allegations than those in the Amended Master Complaint for Bundle B1, as none of the Terry Robin plaintiffs have sued any of the BP defendants, their Motion to Dismiss is premature and without merit as to the plaintiffs in *Terry Robin et al. v. Seacor Marine et al*. Finally, as none of the defendants sued by the Terry Robin plaintiffs has tendered their defense

---

[2] Including Tab "A" for cases not alleging OPA violations, Tab "D" for plaintiffs who did supposedly alleged no presentment, Tab "F" for plaintiffs who only requested emergency money from the GCCF, Tab "I" for claimants who allegedly did not present a "sum certain," and Tab "K-1" for those who allegedly did not allege a physical injury to a proprietary interest.

to the BP defendants, the BP defendants lack any standing to move to dismiss any allegations made by the Terry Robin plaintiffs against non-BP defendants.

**Plaintiffs Terry Robin *et al*. Have Since Presented Claims to BP**

The Terry Robin plaintiffs filed their suit against Seacor Marine and other vessels and vessel owners on July 14, 2010. As of the date of this filing none of the Terry Robin plaintiffs have filed suit against any of the BP Defendants. In the interim, the Terry Robin plaintiffs have filed claims with the GCCF. In each case it has been at least ninety days since the Terry Robin plaintiffs have either presented their respective claims to the GCCF or have had their claims denied. Although the BP Defendants have noted a number of alleged failing in the claims presented by a number of plaintiffs, none of the plaintiffs in *Terry Robin et al. v. Seacor Marine et al*. has filed suit against the BP Defendants. Thus, BP Defendants' objections to any deficiencies or shortcomings in the claims presented at this point are premature.[3]

If for some reason the BP defendants had standing to move to dismiss the Terry Robin plaintiffs' OPA claims based on the ninety day presentment requirement, dismissing the Terry Robin plaintiffs for the ninety day presentment period, only to have them re-file, would simply be a waste of resources for all involved. Claimants/Plaintiffs filed claims with the BP Claims Center or The Gulf Coast Claims Center more than 90 days before BP filed their Motion to Dismiss.[4]

---

[3] Of course, the Terry Robin plaintiffs reserve their right to sue any of the BP defendants.
[4] The following Claimants/Plaintiffs filed claims with the BP Claims Center or The Gulf Coast Claims Center.

| Jeannette Alfonso | GCCF 3412357 | 11/22/10 |
| Rummel Alumni Assoc. | GCCF 3411270 | 11/22/10 |
| Leroy Campo | GCCF 3440237 | 11/22/10 |
| Marie Campo | GCCF 3439848 | 11/22/10 |
| Amanda Estaves | GCCF 3450430 | 11/22/10 |

**The Allegations in *Terry Robin et al. v. Seacor Marine* et al. Differ from the B1 Amended Master Complaint.  Regardless, OPA Does Not Preempt All Other Causes of Action.**

Contrary to the BP defendants' assertions, the OPA is not the sole remedy for private parties asserting economic and property damage claims. Although the BP defendants cite the language in *Tanguis v. M/V Westchester*[5] that the OPA "'represents Congress' attempt to provide a comprehensive framework in the area of marine oil pollution,'" the *Tanguis* decision does not stand for the proposition that the OPA preempts all causes of action involving oil spills in navigable waters.  153 F.Supp.2d 859, 867 (E.D.La. 2001).  Rather, then-District Judge Clement, in determining whether OPA allowed cases filed in state court to be removed, held that "the admiralty and savings clause recognizes that certain maritime remedies are preempted by OPA,

---

| | | |
|---|---|---|
| David Estaves | GCCF  3446342 | 11/22/10 |
| Donna Estaves | GCCF  3451704 | 11/22/10 |
| Janet Estaves | GCCF | *** |
| Ricky Estaves | GCCF | *** |
| Carolyn Freire | GCCF  3447358 | 11/22/10 |
| Larry Frilot | BP 6866-124-558665 | *** |
| Janice Gonzales | GCCF 3446910 | 11/22/10 |
| Joe Impastato | GCCF 3016395 | *** |
| Belinda Lee | GCCF 3440379 | 11/22/10 |
| Dardenella Lon | GCCF 7210356 | 11/22/10 |
| Marlene Melerine | GCCF | *** |
| Dorothy Molero | GCCF 3445739 | *** |
| Carol Nunez | GCCF 03263044 | 11/22/10 |
| Annabelle Nunez | GCCF 3448270 | 11/22/10 |
| Bradley Perry | GCCF 3437558 | 11/22/10 |
| Karen Scott | GCCF 3411637 | *** |
| Holly Donahue | BP 1051579 | *** |
| Fanny Herrera | GCCF 3085290 | 11/3/11 |
| Eugene Laferve | BP 561952 | *** |
| | BP 1003061 | |
| Terry Robin | BP 1026011 | *** |
| | BP 1026007 | |

*** on information and belief claim was filed more than 90 days before the filing of BP's Motion to Dismiss.

[5] Quoting *Rice v. Harken Exploration Co.*, 89 F.Supp.2d 820, 822 (N.D. Tex. 1999), which in turn cites the Congressional Record.

**while others survive**." *Id*. (emphasis added). The OPA only preempts the cause of action the statute says it preempts as "[p]reemption by OPA of the claims covered by OPA still allows the claimant to pursue claims not covered by OPA under general maritime law." *Gabarick v. Laurin Mar. (Am.), Inc.*, 623 F.Supp.2d 741. Indeed, the OPA contains a savings clause which maintains admiralty and maritime causes of action not preempted by the OPA. *See* 28 U.S.C. § 2751. By way of example, the OPA provides only causes of action against parties, but no *in rem* remedies for marine oil pollution; the *in rem* remedies of maritime law are preserved by the savings clause. *See Tanguis*, 153 F.Supp.2d at 867.

Here, the BP defendants urge the Court to dismiss the claims presented in the B1 Amended Master Complaint brought under general maritime law, the OPA and state law claims to name a few. Even if the BP defendants had standing to move to dismiss the Terry Robin plaintiffs, their analysis that the OPA preempts all other causes of action is not accurate. Regardless, although there are some similarities, the Terry Robin plaintiffs also allege different factual allegations than in the Amended B1 Master Complaint and those differences give rise to different causes of action against different parties, including *in rem* claims against vessels that responded to the *Deepwater Horizon* scene that are not preempted by the OPA. Robin et al plaintiffs' complaint is the only complaint of bundle B4. None of Robin's defendants, the responders, are defendants in the Master Complaint.

## Conclusion

The BP defendants have included certain *Terry Robin v. Seacor Marine* plaintiffs in attachments to their Motion to Dismiss. But the BP defendants cannot file a motion to dismiss parties who have not sued any of the BP defendants. Indeed, a number of the presentment of claim deficiencies alleged by BP can only apply to parties who have sued the BP defendants

under the Oil Pollution Act.  Although BP defendants have alleged certain deficiencies in some of the presented claims submitted to BP or the GCCF, their objections are premature as none of the *Terry Robin* plaintiffs have filed suit against any of the BP defendants.  While the Terry Robin plaintiffs do not concede and are in no position to concede that any of the BP defendants' substantive arguments on the OPA or other causes of action are correct, it has been at least ninety days since the Terry Robin plaintiffs presented claims to BP or the GCCF and still no suit has been filed by the Terry Robin Plaintiffs against the BP defendants.

Finally, although the *Terry Robin v. Seacor Marine* matter has been consolidated with other cases, the underlying causes of action alleged differ from the Amended Master Complaint in the B1 pleading bundle.  Thus, the BP defendants' Motion to Dismiss (Rec. No. 1440) should be denied as to all Plaintiffs in *Terry Robin et al. v. Seacor Marine, et al.* (No. 10-cv-1986).

Respectfully submitted,

Lloyd Frischhertz (La. #5749)
lfrischhertz@frischhertzlaw.com
Marcus J. Poulliard (La. #10641)
mpoulliard@frischhertzlaw.com
Dominick F. Impastato, III (La. #29056)
dimpastato@frischertzlaw.com
Marcus Frischhertz (La. #29194)
mfrischhertz@frischhertzlaw.com
Frischhertz & Associates, L.L.C.
1130 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:  (504) 523-1227
Facsimile:  (504) 581-1670

-and-

F. Gerald Maples, T.A. (La. #25960)
federal@geraldmaples.com
Carlos A. Zelaya, II (La. #22900)
czelaya@fgmapleslaw.com

>Carl D. "Todd" Campbell, III (La. #31084)
>tcampbell@fgmapleslaw.com
>365 Canal Street, Suite 2650
>New Orleans, Louisiana 70113
>Telephone: (504) 569-8732
>Facsimile: (504) 525-6932

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of March, 2011.

>/s/ Lloyd Frischhertz_____
>Lloyd Frischhertz