UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON"<br>in the GULF OF MEXICO,<br>on APRIL 20, 2010 | §<br>§<br>§<br>§<br>§<br>§ | MDL NO. 2179<br><br>SECTION: J |
| THIS PLEADING RELATES TO:<br><br>THE NOW-DISMISSED ACTIONS BY<br>THE ST. JOE COMPANY AGAINST<br>HALLIBURTON ENERGY SERVICES,<br>INC. (2:11-cv-00258) and M-I, L.L.C.<br>a/k/a M-I SWACO (2:11-cv-00259) | §<br>§<br>§<br>§<br>§<br>§<br>§ | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**THE ST. JOE COMPANY'S MEMORANDUM IN OPPOSITION TO
HALLIBURTON'S AND M-I'S MOTIONS FOR INJUNCTIVE RELIEF**

The St. Joe Company ("St. Joe") files this Memorandum in Opposition to the Request of Halliburton Energy Services, Inc. ("Halliburton") and the Motion of M-I L.L.C. ("M-I") for Injunctive Relief in Aid of This Court's Jurisdiction Over St. Joe, as follows:

**I.**

**PRELIMINARY STATEMENT**

In their zeal to hinder and delay the ultimate adjudication of St. Joe's claims against them, Halliburton and M-I conveniently overlook the fundamental fact it is St. Joe's right to pursue those claims in an appropriate forum of its choice. As such, St. Joe has consistently taken the position that federal removal jurisdiction is lacking with respect to the prosecution of its state common law claims arising from the *Deepwater Horizon* incident against Delaware entities in actions commenced in Delaware Superior Court. Indeed, the United States District Court for the

District of Delaware agreed[1] – which is why St. Joe's claims against Transocean were recently remanded to the Delaware Superior Court[2] and the MDL Panel's order transferring those claims to this Court was vacated.[3] In good faith reliance on the Delaware District Court's findings, and exercising its undisputed rights under Fed. R. Civ. P. 41(a)(1)(A), St. Joe voluntarily dismissed its actions against Halliburton and M-I[4] and initiated a consolidated new action against both those entities in the Delaware Superior Court (the "Delaware Action") – the Court that has already been determined to be the appropriate forum for the adjudication of St. Joe's state law claims.[5] St. Joe commenced the Delaware Action for the purpose of obtaining the relief to which it believes itself entitled in a court of competent jurisdiction.

Despite the fact that St. Joe has <u>no</u> claims against them in this MDL proceeding, Halliburton and M-I request emergency injunctive relief from this Court, under the auspices of the All Writs Act (28 U.S.C. § 1651) and/or the Anti-Injunction Act (28 U.S.C. § 2283), to prohibit "St. Joe from pursuing pre-trial proceedings, discovery, and/or remand" against them "in

---

[1] *See* Memorandum Opinion, filed March 15, 2011 ("Opinion"), attached hereto as Exhibit "A."

[2] *See* Order dated March 15, 2011 ("Remand Order"), attached hereto as Exhibit "B."

[3] *See* Order Vacating Conditional Transfer Order and Vacating the March 30, 2011, Hearing Session, filed March 29, 2011.

[4] *See* St. Joe's Notice of Dismissal of No. 2:11-cv-00258, filed March 27, 2011 (D.I. 1772) (dismissing prior action against Halliburton); *see also* St. Joe's Notice of Dismissal of No. 2:11-cv-00259, filed March 27, 2011 (D.I. 1733) (dismissing prior action against M-I). Although Halliburton and M-I assert that their respective motions "relate" to the foregoing actions, those proceedings no longer exist.

[5] *See* Opinion. The Third Circuit Court of Appeals dismissed Transocean's appeal of the Delaware District Court's Remand Order on March 25, 2011. *See* Order attached hereto as Exhibit "C."

any forum other than MDL-2179."[6]  That request <u>incorrectly</u> <u>presumes</u>:  (1) the existence of removal jurisdiction over St. Joe's claims against Halliburton and M-I;[7] (2) an obligation requiring St. Joe to litigate its claims against Halliburton and M-I in this Court; (3) impropriety on the part of St. Joe in seeking to pursue its claims against Halliburton and M-I in the state court in which they were asserted and then wrongfully removed; and (4) that St. Joe's prosecution of the Delaware Action in Delaware will interfere with or otherwise detrimentally impact the effective resolution of the thousands of other claims before this Court.  None of those presumptions has merit.

That Halliburton and M-I now seek to enjoin the further prosecution of St. Joe's claims in the Delaware Action by prohibiting the pursuit of its remand motion in a sister federal court (the District of Delaware) reflects the *unprecedented* and *unwarranted* relief requested here.  In fact, <u>only</u> the Delaware District Court has the jurisdiction and power to rule on that motion and, if appropriate, to remand the Delaware Action to the Superior Court in which it originated.  Thus, an injunction that would effectively prevent the Delaware District Court from discharging that judicial function would be the antithesis of proper federal procedure.  Because Halliburton and M-I have failed to demonstrate a legal and factual basis for the extraordinary relief they seek, their motions should be denied in all respects.[8]

---

[6] *See* M-I's Motion for Injunction in Aid of This Court's Jurisdiction Over St. Joe, filed March 29, 2011 (D.I. 1807), at 8; *see also* Halliburton Energy Services, Inc.'s Request for Injunctive Relief in Aid of This Court's Pre-Trial Jurisdiction Over The St. Joe Company, filed March 29, 2011 (D.I. 1799) ("Halliburton's Request"), at 6.

[7] Today, in response to Halliburton and M-I's Joint Notice of Removal filed March 29, 2011, St. Joe filed in the Delaware District Court a Motion to Remand the removed Delaware Action to the Delaware Superior Court in which it originated.

[8] As an initial matter, St. Joe notes that Halliburton's Request was not filed until 8:24 p.m., and M-I's Motion was not filed until 11:58 p.m., on Tuesday night, March 29, 2011.  At approximately 9:00 a.m. on Wednesday, March 30, 2011, St. Joe was informed by the Court that

## II.

## **SUMMARY OF OPPOSITION**

Halliburton's Request for injunctive relief under the Anti-Injunction Act should be denied because that Act may not be applied to enjoin the prosecution of claims in sister federal courts. Because the Delaware Action has been removed to the Delaware District Court, there is no basis for the issuance of an injunction pursuant to the Anti-Injunction Act.

Furthermore, Halliburton's Request and M-I's Motion for injunctive relief under the All Writs Act should be denied for at least four independent reasons. <u>First</u>, no "emergency" exists necessitating immediate relief or expedited consideration of Halliburton and M-I's requests for an All Writs Act injunction. <u>Second</u>, this Court's jurisdiction over the MDL proceeding is neither threatened nor otherwise affected by St. Joe's pursuit of the Delaware Action in Delaware. <u>Third</u>, Halliburton and M-I may seek the relief they request directly in the Delaware Action and, in fact, are seeking that relief now. Thus, Halliburton and M-I have (and are pursuing) adequate remedies in the Delaware Action currently pending in the Delaware District Court – the very proceeding that they seek to enjoin through an All Writs Act injunction from this Court. <u>Finally</u>, Halliburton and M-I have failed to establish irreparable harm in the absence of the relief they request, and that omission is fatal to their motions. Individually or collectively, the foregoing facts warrant denial of Halliburton and M-I's request for extraordinary relief under the All Writs Act.

---

any response to those motions needed to be filed by noon on Thursday, March 31, 2011. In the event that this Court does not summarily deny those motions, and given the extraordinary and severe nature of the relief requested by Halliburton and M-I and the lack of any emergency necessitating either expedited treatment or the issuance of an immediate injunction (*see infra* § III.B.2.), St. Joe would respectfully request an opportunity to prepare and file a more comprehensive memorandum in opposition to those motions. In addition, in the event that the Court decides to hear argument, St. Joe's counsel respectfully request an opportunity to appear before the Court in person for such hearing.

## III.

## ARGUMENT AND AUTHORITIES

A.  **This Court Should Deny The Relief Requested Under The Anti-Injunction Act.**

Halliburton invokes 28 U.S.C. § 2283, known as the Anti-Injunction Act,[9] in support of its request for injunctive relief, despite the fact that the Act is applicable only to requests to enjoin state court proceedings.[10] There is no basis for Anti-Injunction Act relief here, because Halliburton and M-I have already removed St. Joe's Delaware Action against them to the Delaware District Court. That explains why M-I has disclaimed the application of the Anti-Injunction Act.[11]

Halliburton and M-I are essentially asking this Court to enjoin another <u>federal district court</u> from exercising its undisputed jurisdiction to determine St. Joe's pending motion to remand the Delaware Action to the Delaware Superior Court. For the foregoing reasons, the Anti-Injunction Act neither authorizes nor supports such relief.[12]

---

[9] *See* Halliburton's Request at 4.

[10] *See* 28 U.S.C. § 2283 (proscribing, with exceptions, "injunction[s] to stay proceedings in a State court").

[11] *See* M-I's Motion at 5.

[12] In any event, the "in aid of jurisdiction" exception found in the Anti-Injunction Act (which mirrors the similar exception to the All Writs Act) does not countenance the type of injunction sought by movants here. *See Drummond v. Johnson*, 157 F.R.D. 520, 521 (M.D. Ala. 1994) (denying injunction "in aid of jurisdiction" seeking to preclude defendant in federal personal injury suit from proceeding with lawsuit against personal injury plaintiff in state court); *Hemmerick v. Chrysler Corp.*, 769 F.Supp. 525, 531 (S.D.N.Y. 1991) (state court action would not interfere with district court's jurisdiction, and thus could not be enjoined); *Safeco Ins. Co. of America v. Norris & Hirshberg, Inc.*, 640 F.Supp. 712, 715 (N.D. Ga. 1986) (federal court could not use "necessary in the aid of jurisdiction" exception to enjoin state action in favor of pending federal declaratory action concerning same general occurrences); *Universal Business Computing Co. v. Comprehensive Accounting Corp.*, 539 F.Supp. 1142, 1144-45 (N.D. Ill. 1982) (injunction not permitted "in aid of jurisdiction" merely because state misappropriation of trade secrets case concerned same products that were the subject of federal proceeding).

**B.    This Court Should Deny The Relief Requested Under The All Writs Act.**

    **1.    The applicable standards and the necessary elements for establishing an entitlement to an All Writs Act injunction.**

The All Writs Act permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[13] However, the "extraordinary power" conferred by the All Writs Act is "firmly circumscribed."[14] Accordingly, an injunction cannot be issued pursuant to the All Writs Act where the conduct sought to be enjoined is "not shown to be detrimental to the court's jurisdiction or exercise thereof" with respect to the case before it.[15]

Moreover, "comity dictates that courts of coordinate jurisdiction not review, enjoin or otherwise interfere with one another's jurisdiction."[16] Thus, an injunction against the prosecution of an action in a sister federal court (or parallel state court) is appropriate only where that

---

[13] *See* 28 U.S.C. § 1651(a).

[14] *See ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1358-59 (5th Cir. 1978).

[15] *See Williams v. McKeithen*, 939 F.2d 1100, 1104 (5th Cir. 1991) (quoting *ITT Community Dev. Corp.*, 569 F.2d at 1359 (order was not a legitimate implementation of the All Writs Act where party did not show that the order was necessary to prevent impairment of district court's ability to effectuate its subject matter jurisdiction)); *see also Peters v. Brants Grocery*, 990 F. Supp. 1337, 1342-43 (M.D. Ala. 1998) ("The power conferred on a federal court under the All Writs Act must be exercised with caution and restraint. A court may not rely on the Act to enjoin conduct that is 'not shown to be detrimental to the court's jurisdiction.' . . . The defendants have made no showing that this court's subject matter jurisdiction or its ability to manage this case will be seriously impaired if the injunction currently in effect is allowed to expire.") (citations omitted).

[16] *See Brittingham v. Commissioner,* 451 F.2d 315, 318 (5th Cir. 1981); *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1098 (9th Cir. 2008) ((("[T]he mere form of the injunction does not describe its true reach. In form, it is directed to Allianz and Allianz's attorneys. In substance, it interferes with proceedings in other courts."); 11A *Wright, Miller & Kane, Federal Practice and Procedure:* Civil 2d § 2942 ("When the action sought to be halted is in a federal court . . . even though the order would be directed toward the parties in effect it acts to restrain the other court and therefore represents an interference with the jurisdiction of another tribunal.").

prosecution violates or threatens to nullify or undo a prior order or judgment from the issuing court, or a pending settlement in that court.[17]  No such exceptional circumstances are present, or are even alleged to exist, in this case.[18]

Finally, an injunction under the All Writs Act "should be granted only upon a showing of irreparable harm and lack of an adequate remedy at law."[19]  In sum, in order to obtain an All Writs Act injunction against the prosecution of a parallel proceeding, a movant must establish: (1) the actual or threatened abrogation of a prior order or judgment from the issuing court; (2) the

---

[17] *See Negrete*, 523 F.3d at 1102 ("Courts have held the existence of advanced federal in personam jurisdiction may . . . permit an injunction in aid of jurisdiction . . . But in less advanced cases, courts have been more chary about issuing injunctions, as, indeed, they should have been."); *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 239 (3d Cir. 2002) (enjoining opt-out of sub-class from a class action settlement preliminarily approved by federal court); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1018, 1024-25 (9th Cir.1998) (enjoining a state court proceeding that would overturn the effect of an MDL court's discovery order); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1201-03 (7th Cir. 1996) (enjoining state court action that would interfere with the administration of post-judgment proceedings in federal class action); and *In re Baldwin-United Corp.*, 770 F.2d 328, 337-38 (2d Cir. 1985) (enjoining state court actions where MDL court had certified class, a settlement agreement had been reached, and only final approval of agreement by district court remained); *cf. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 137 (3d Cir. 1998) (refusing injunction under All-Writs Act where no settlement had yet been approved by MDL court, no provisional settlement was in hand, and no conditional class certification was extant).

[18] Indeed, given the strictures on their issuance, injunctions against the prosecution of actions in sister federal courts are extremely rare.  *See Negrete*, 523 F.3d at 1102 ("[T]here is precious little authority dealing with injunctions directed by a district court to a court of equal dignity – another federal district court . . . . Indeed, they appear to be rarae aves . . . .Based on the limited precedent in this areas, there does not appear to be any basis for the injunction in this case.") (citations omitted); *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007) ("Indeed, the lack of cases in which the All Writs Act has been used to enjoin . . . efforts in another federal court is telling.  It is clear that the Act is generally used to prohibit activities in another court that threaten to undermine a pending settlement in the enjoining court."); *see also id.* at 332 ("[A] court may not issue an injunction under the All Writs Act if adequate remedies at law are available . . . Under this standard, the general rule is that if a party will have an opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law.") (citations omitted).

[19] *See Brittingham*, 451 F.2d at 318.

unavailability of an adequate remedy in the proceeding sought to be enjoined; and (3) irreparable harm.

> **2. As a threshold matter, no "emergency" exists necessitating immediate relief or expedited consideration of Halliburton and M-I's requests for an All Writs Act injunction.**

St. Joe commenced the Delaware Action in Delaware Superior Court only four days ago, on March 27, 2011. Halliburton and M-I jointly removed that case to the Delaware District Court on March 29, 2011, and St. Joe promptly filed its motion to remand today. It will be a week before a district judge is assigned to the Delaware Action, and an exchange of briefs (including response and reply memoranda) will occur before St. Joe's remand motion will be ripe for argument and/or disposition. In short, there is *no* possibility that the Delaware Action will be remanded to the Delaware Superior Court in less than thirty (30) days.

Given that the remand issue is the only matter that St. Joe has requested the Delaware District Court to address in the Delaware Action, there is likewise *no* possibility that either Halliburton or M-I will be required to engage in any other "pre-trial proceedings" in the District Court (or any other Delaware court) with the next thirty (30) days.[20] In light of the foregoing, there is no "emergency" or other reason for expedited treatment of Halliburton's Request and M-I's Motion. Nor is there any need for immediate injunctive relief. On that basis, alone, the motion should be denied – or, at a minimum, deferred for resolution until St. Joe has had a full and fair opportunity to prepare and file a comprehensive response.[21]

---

[20] *See* Halliburton's Request at 6 (asking to enjoin St. Joe from pursuing any other "pre-trial proceedings"); M-I's Motion at 6 (same).

[21] *See supra* n. 8.

Apart from the fact that there is no emergency or exigencies necessitating immediate relief, Halliburton and M-I have established none of the requisite elements for an All Writs Act injunction. Those elements are addressed below in subsections 3-5.

### 3. Element No. 1: An All Writs Act injunction is not warranted because the Court's jurisdiction over this MDL proceeding is neither threatened nor otherwise affected by St. Joe's pursuit of the Delaware Action in Delaware.

#### a. The Delaware District Court has the authority to resolve St. Joe's motion to remand the Delaware Action.

By their motions for an All Writs Act injunction, Halliburton and M-I seek to interfere with the Delaware District Court's lawful adjudication of matters that are within that federal court's exclusive power to resolve (most importantly, St. Joe's motion to remand) – in purported deference to these MDL proceedings, in which St. Joe had no obligation to assert its claims, and of which those claims are not even a part. There is absolutely no statute or precedent that would support the issuance of an All Writs Act injunction under the circumstances here.

Moreover, the District of Delaware is the most appropriate court to resolve St. Joe's motion to remand and the issues related thereto. As the Delaware District Court noted with respect the nearly-identical motion to remand in the *Transocean* case, "this Court has done the work necessary to make an informed decision on the motion to remand and, under the circumstances, judicial economy is promoted by this Court going ahead and doing so."[22] Obviously, the Delaware District Court has devoted substantial time and effort in researching and familiarizing itself with the relevant remand issues. Consequently, that court's resolution of St. Joe's motion to remand the consolidated Delaware Action will further the interests of judicial economy, as well as save the parties the needless expenditure of additional time and resources that would inevitably occur by litigating the same issues in two different courts.

---

[22] *See* Opinion at 7.

9

### b. The Delaware Action does not violate or nullify any order or judgment of this Court relating to the MDL proceedings.

There is no pending action by St. Joe against Halliburton or M-I in this MDL proceeding and, thus, there is no existing or ongoing jurisdiction over St. Joe's claims against those entities in this Court. Moreover, St. Joe has no obligation requiring it to assert its state common law claims against those entities in the MDL or otherwise in the Eastern District of Louisiana so, therefore, there is no "presumptive" or "constructive" jurisdiction to protect. That explains why Halliburton and M-I do not, and cannot, describe how St. Joe's pursuit of the Delaware Action in Delaware will impinge on this Court's jurisdiction.

Contrary to M-I's assertion, it is <u>not</u> "inevitable that St. Joe's [Delaware Action] will be transferred to this Court"[23] – as demonstrated by the fact that St. Joe's suit against Transocean was remanded to Delaware Superior Court prior to any transfer.[24] Only if and when any transfer occurs pursuant to 28 U.S.C. § 1407(a) will this Court obtain jurisdiction over the Delaware Action. That contingency (whether deemed remote or within reasonable possibility), however, is not an appropriate basis for an All Writs Act injunction in light of the fact that the Delaware Action is now under the jurisdiction and control of the Delaware District Court. Furthermore,

---

[23] *See* M-I's Motion at 4-5.

[24] *See* Remand Order; *see also* Opinion at 3 ("The authority to remand the removed case survives a JPML conditional transfer order."); *id.* at 4-5 (Delaware District Court finds that refraining from ruling on a pending remand motion in order to permit transfer of the action to the MDL for subsequent resolution of the remand issue "would prejudice St. Joe by causing further delay in resolution of its motion to remand, requiring St. Joe to continue to litigate in a federal forum, which lacks jurisdiction and which is not the forum in which St. Joe chose to bring its action . . . Moreover, if St. Joe is correct (and this Court believes that it is), then this case is currently pending in a court lacking jurisdiction. This jurisdictional defect would not be cured by a transfer to the Eastern District of Louisiana. St. Joe has a right to proceed in a timely manner on its claim and should do so in a court having jurisdiction.").

contrary to Halliburton's allegation, the claims in question do not "belong" in this Court[25] – as at least one federal judge (namely, Judge Stark of the District of Delaware) has already found.[26]

Halliburton and M-I have not attempted to demonstrate, nor have they established, that this Court has jurisdiction over St. Joe's state law claims against them – whether such jurisdiction is alleged to be exclusive or non-exclusive *vis-à-vis* the Delaware Superior Court, or whether such jurisdiction is said to be superior or co-equal to that of the Delaware District Court. In fact, Halliburton's Request and M-I's Motion are conspicuously devoid of any attempt to justify the exercise of this Court's subject matter jurisdiction over those claims – other than a recitation that those claims were *previously* before this Court (by virtue of the fact that the now-dismissed separate actions against Halliburton and MI were removed from Delaware Superior Court to the Delaware District Court and subsequently transferred to the MDL prior to the Delaware District Court ruling on St. Joe's meritorious motions to remand). The prior pendency of those now-dismissed actions does not, however, create an ongoing "jurisdiction" that warrants protection by the issuance of an All Writs Act injunction – particularly given the fact that those actions were improperly removed from the state court in which they were commenced.

---

[25] *See* Halliburton's Request at 5.

[26] *See* Opinion. In addition, Halliburton and M-I cite this Court's recent monition-related temporary stay order as evidence of "St. Joe's history of contesting this Court's authority." *See* Halliburton's Request at 3; *see also id.* ("St. Joe's attempt to pursue its lawsuit against the Transocean Entities in Delaware State Court was prevented only by this Court's order on Friday, March 25, 2011, granting the Transocean Entities' motion to enforce the Court's monition specifically against St. Joe."). *See also* M-I's Motion at 2-3 (reference to monition-related stay order and "St. Joe's disregard for this Court's procedures"). As this Court knows, however, the temporary stay order issued last Friday in the limitations action was not based on any finding of impropriety or misconduct on the part of St. Joe. Rather, as the Court clearly noted during the oral argument preceding the entry of that order, the Court merely required additional time to determine the scope of the injunctive provisions set forth in the Monition Order. *See also* Court's Order dated March 29, 2011 (D.I. 1765).

      **c.** **St. Joe's voluntary dismissal of its prior actions against Halliburton and M-I and commencement of the consolidated Delaware Action are not grounds for an All Writs Act injunction.**

Halliburton's Request and M-I's Motion are replete with inflammatory, *ad hominem* accusations of "forum shopping" and other alleged "abuses of process."[27] All those pejorative assertions, however, reduce down to Halliburton and M-I's unhappiness with the fact that St. Joe duly exercised its rights under Fed. R. Civ. P. Rule 41 to voluntarily dismiss without prejudice the separate, prior-filed actions against those parties,[28] and commenced the new consolidated Delaware Action in Delaware Superior Court. St. Joe's actions in that regard hardly constitute grounds for the issuance of an All Writs Act injunction prohibiting further prosecution of the Delaware Action either in Delaware District Court or the Delaware Superior Court in which it was initiated.

Injunctive relief aimed at preventing alleged "forum shopping" is appropriate <u>only</u> when a party has initiated actions in a state or federal court specifically in an attempt to evade a prior order of another federal court, and such order continues to apply to the subject matter of the newly-filed proceedings.[29] No such facts are presented here. St. Joe's pending Delaware Action

---

[27] *See* Halliburton's Request at 3, 5; M-I's Motion at 1-5.

[28] *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[P]laintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").

[29] *See, e.g., Novelty, Inc. v. Mountain View Mktg., Inc.*, 2008 WL 906174, at *2 (S.D. Ind. Mar. 28, 2008) (denying motion to enjoin parallel state court pursuant to the All Writs and Anti-Injunction Acts – notwithstanding court's concern about "forum shopping" – because a ruling in the state court action would not "make a nullity" of the federal court's discovery order); *cf. Winkler v. Eli Lilly Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996) (enjoining "forum shopping" where plaintiffs "were resorting to state court for the specific purpose of evading [the district court's] ruling denying discovery"); *Darquea v. ITT Educational Servs., Inc.*, 2005 WL 280345, at *12 (S.D. Ind. Feb. 2, 2005) (recognizing that a federal court may enjoin state court proceedings "to safeguard a pre-trial ruling limiting discovery" in multi-district litigation); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 1999 WL 116220, at *5 (N.D. Ill. Feb. 26, 1999) (enjoining further state court

against Halliburton and M-I is not before this Court, and no ruling or order of this Court governs that action. Nor can Halliburton or M-I point to any order of this Court that would be "nullified" by allowing the Delaware District Court to consider St. Joe's motion to remand the Delaware Action back to Delaware Superior Court from where it came.[30] In addition, as previously discussed,[31] considerations of judicial economy make the Delaware District Court the most logical forum in which to resolve the remand issue.

### d. All Writs Act injunctions are not appropriate merely for purposes of enjoining state court actions asserting state law claims arguably related to MDL proceedings.

Halliburton and M-I cite the Fifth Circuit's opinion in *Newby* as authority for the proposition that "[o]ther MDL courts have issued injunctions similar to" the relief sought here.[32] *Newby* stands for no such thing. The offensive conduct at issue in that case, which resulted in the issuance of an injunction, was the practice of a particular law firm seeking *ex parte* temporary restraining orders in state courts not to provide notice to opposing counsel with whom that firm was in constant communication in connection with its prosecution of claims on behalf

---

action by defendants that was filed "in blatant disregard" of the federal court's order staying the case so that the matter could proceed to arbitration).

[30] Indeed, pursuant to Pre-Trial Order No. 15 filed November 5, 2010 (D.I. 676), this Court "continued without date" all motions in cases pending before it in MDL No. 2179, including motions to remand. St. Joe's action against Halliburton and M-I, however, is not currently pending in MDL 2179.

[31] *See supra* § III.B.3.a.

[32] *See* Halliburton's Request at 4; M-I's Motion at 4. *See also Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002).

of other clients in MDL proceedings.[33] In carefully defining the precise and limited basis on which the injunction was issued, the Fifth Circuit made special note of the following:

> We do not question the filing of suits tailored to avoid federal jurisdiction. Nor do we countenance any preemptive federal dominion. The parallel exercise of state and federal judicial power is inherent in our government of dual sovereignty.[34]

Significantly, the injunction in *Newby* (which prohibited the firm "from filing any new Enron-related actions without leave of the district court") was based <u>not</u> on the law firm's initiation of state court actions arguably relating to an MDL proceeding but, rather, was predicated upon "rude refusals to afford opposing counsel the common courtesy of notice."[35] Indeed, as demonstrated above, the Fifth Circuit found nothing inherently wrong with the filing of state court suits designed to avoid federal jurisdiction.

In sum, this Court's jurisdiction over the MDL proceeding is neither threatened nor otherwise affected by St. Joe's pursuit of the Delaware Action in Delaware, and the *Newby* decision actually weighs <u>against</u> the issuance of an All Writs Act injunction here. That, in itself, mandates a denial of Halliburton's Request and M-I's Motion.

---

[33] *See Newby*, 302 F.3d at 302-3 ("Fleming's efforts to avoid the [Securities Litigation Uniform] Standards Act are not themselves an abuse of the court. Certainly, that effort would alone not support an order enjoining the filing of state court suits in the future without the district court's permission . . . The problem is Fleming's unjustified and duplicative requests for *ex parte* temporary restraining orders, without notice to lawyers already across the counsel table from Fleming and engaged in the prosecution and defense of virtually identical claims in federal suits . . . It bears emphasis that when Fleming made the contested state court filings, it was already counsel in the federal proceedings, engaged with the counsel to the same party in federal court that it sought *ex parte* relief from in state court. The district court properly saw these moves in state court to be unjustified efforts to harass parties to the federal cases, and viewed its response as not burdening rights to proceed in state court.").

[34] *Id.* at 303.

[35] *Id.*

**4.      Element No. 2: An All Writs Act injunction is not warranted because Halliburton and M-I may seek the relief they request in the Delaware Action – and, in fact, are seeking that relief now.**

As with traditional injunctions, an injunction under the All Writs Act is inappropriate where adequate remedies at law exist.[36] An adequate remedy exists where, as here, there are related proceedings in which the party seeking the injunction may obtain the requested relief.[37] In other words, because "a party will have the opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined," the "concurrent proceeding is deemed to provide an adequate remedy at law."[38] Thus, "[t]he simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction" under the All Writs Act.[39]

Significantly, the day after they filed their respective motions in this Court for emergency injunctive relief under the All Writs Act, Halliburton and M-I filed a joint motion in the Delaware District Court "to transfer or, in the alternative, stay [the Delaware] proceedings

---

[36] *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1131 (11th Cir. 2005); *see also Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

[37] *See U.S. Army Corps of Engr's*, 424 F.3d at 1131.

[38] *Id.* (*citing Porto Rico Tel. Co. v. Puerto Rico Commc'n Auth.*, 189 F.2d 39, 41 (1st Cir. 1951); 11A Wright, Miller, & Kane, *Federal Practice & Procedure: Civil* 2d § 2942). *See also Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999) (finding that the requirement that an injunction not issue if adequate remedies at law are available precludes issuance of an injunction under the All-Writs Act where other administrative bodies or federal courts have the authority to provide administrative or judicial review of the action challenged by the requesting party).

[39] *See U.S. Army Corps of Engr's*, 424 F.3d at 1131 (*quoting Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102-03 (11th Cir. 2004)).

pending the JPML's transfer ruling."[40] For all the reasons set forth above, the undisputed fact that Halliburton and M-I are running dual-track requests for the same relief in two different courts (only one of which presently has jurisdiction over the case) warrants the denial of their request for an All Writs Act injunction from this Court.

5. **Element No. 3: An All Writs Act injunction is not warranted because Halliburton and M-I have failed to establish irreparable injury in the absence of the relief they request.**

The last of the fatal defects in Halliburton's Request and M-I's Motion is the lack of any evidence or argument on their part regarding any alleged irreparable harm that would supposedly arise in the absence of an All Writs Act injunction. Given that irreparable injury is a necessary element to establishing an entitlement to such relief,[41] that omission necessitates a denial of those motions.

## IV.

## CONCLUSION AND REQUEST FOR RELIEF

Considering the premises, St. Joe respectfully requests that this Court: (1) deny Halliburton's Request and M-I's Motion for an All Writs Act injunction prohibiting St. Joe's prosecution of the Delaware Action in either the Delaware District Court or the Delaware Superior Court; (2) award St. Joe its reasonable attorneys' fees in responding to Halliburton's Request and M-I's Motion; and (3) grant St. Joe such other relief, at law and in equity, to which it may be entitled and which the Court deems just and proper.

---

[40] *See* Halliburton and M-I's Motion to Transfer or in the Alternative, Stay Proceedings Pending the JPML's Transfer Ruling, filed March 30, 2011, a true and correct copy of which (without exhibits) is attached hereto as Exhibit "D." Curiously, that motion fails to mention the fact that Halliburton and M-I are seeking practically the same relief in this Court pursuant to their motions for an extraordinary All Writs Act injunction.

[41] *See supra* § III.B.1.

Dated:  March 31, 2011 Respectfully submitted,

By: <u>  /s/ James S. Renard                           </u>
William A. Brewer III (Texas, No. 02967035)
wab@bickelbrewer.com
James S. Renard (Texas, No. 16768500)
jsr@bickelbrewer.com
Robert W. Gifford (New York, No. 046231)
rzg@bickelbrewer.com

**BICKEL & BREWER**
4800 Comerica Bank Tower
1717 Main St.
Dallas, Texas  75201
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

**ATTORNEYS FOR RESPONDENT THE ST. JOE COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing The St. Joe Company's Memorandum in Opposition to Halliburton's and M-I's Motions for Injunctive Relief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of March, 2011.

                                                                __/s/ Robert W. Gifford_____
                                                                Robert W. Gifford