# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ST. JOE COMPANY, § § § | |
| Plaintiff, § | Civil Action No. |
| § | |
| v. § | On removal from the Superior Court of the State of |
| § | Delaware in and for New Castle County |
| HALLIBURTON ENERGY SERVICES, INC. § | Civil Action No. N11C–03–264 PLA |
| and M-I, L.L.C. a/k/a M-I SWACO, § | |
| Defendants. § | JURY DEMANDED |
| § | |

### DEFENDANTS HALLIBURTON ENERGY SERVICES, INC. AND M-I L.L.C.'S MOTION TO TRANSFER OR IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING THE JPML 'S TRANSFER RULING

Halliburton Energy Services, Inc. ("HESI") and M-I L.L.C. ("M-I") (incorrectly named and sued as "M-I, L.L.C. a/k/a M-I SWACO") (together, "Defendants") respectfully request that this Court to transfer this action to *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL-2179 ("MDL Matter"), pending before the Eastern District of Louisiana, or in the alternative, stay all proceedings in the above-captioned lawsuit until after the Judicial Panel on Multi-District Litigation (the "JPML") issues a Conditional Transfer Order ("CTO") transferring this action <u>yet again</u> to the MDL Matter. In support thereof, HESI and M-I respectfully show as follows:

1. Plaintiff commenced an action against HESI on August 4, 2010, by filing a Complaint and Jury Demand in Civil Action N10-08-032 PLA, styled *The St. Joe Company v. Halliburton Energy Services, Inc.*, in the Superior Court of the State of Delaware in and for New Castle County ("HESI Original Action"). The Original HESI Complaint alleges that Plaintiff was damaged by HESI as a result of the oil spill in the Gulf of Mexico caused by the sinking of the DEEPWATER HORIZON drilling rig. A true and correct copy of the Original HESI

Complaint in the HESI Original Action is attached to this motion as Exhibit A. On August 27, 2010, HESI, the only named Defendant in the Original HESI Complaint, timely removed the HESI Original Action to this Court. A true and correct copy of HESI's Notice of Removal is attached to this motion as Exhibit B.

2. Plaintiff likewise commenced an action against M-I on August 26, 2010, by filing a Complaint and Jury Demand in Civil Action No. N10C–08–254 PLA, styled *The St. Joe Company v. M-I, L.L.C. a/k/a M-I SWACO*, in the Superior Court of the State of Delaware in and for New Castle County ("M-I Original Action"). The Original M-I Complaint alleges that Plaintiff was damaged by M-I as a result of the oil spill in the Gulf of Mexico caused by the sinking of the DEEPWATER HORIZON drilling rig. A true and correct copy of the Original M-I Complaint in the M-I Original Action is attached to this motion as Exhibit C. On September 23, 2010, M-I, the only named Defendant in the Original M-I Complaint, timely removed the M-I Original Action to this Court. A true and correct copy of M-I's Notice of Removal is attached to this motion as Exhibit D.

3. Subsequent to suing HESI in the Original HESI Action, but before filing suit against M-I, on August 10, 2010, the JPML issued a Transfer Order consolidating pending actions involving claims arising out of the DEEPWATER HORIZON incident consolidated in the United States District Court for the Eastern District of Louisiana, the Honorable Carl J. Barbier presiding (hereinafter the "Transferee Court"), for coordinated pretrial proceedings. *See* 28 U.S.C. § 1407. The intent behind this Transfer Order is clear: consolidation of claims and preservation of judicial economy. Since the initial Transfer Order, the JPML has routinely transferred claims involving common questions of fact related to the Deepwater Horizon to MDL No. 2179.

4.      On October 27, 2010, the JPML issued a conditional transfer order transferring the HESI Original Action and M-I Original Action to the Transferee Court for all pre-trial matters.[1]  A true and correct copy of the Conditional Transfer Order is attached as Exhibit E. Plaintiff objected to the conditional transfer of its claims against HESI and M-I to MDL No. 2179.  On February 7, 2011, the JPML issued a final Transfer Order pertaining to Plaintiff's claims against HESI and M-I, among other suits.  *See* Transfer Order, attached hereto as Exhibit F.

5.      In the final Transfer Order, over Plaintiff's objections, the JPML recognized that Plaintiff's claims herein involved "common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana" and further found that transfer of the action for inclusion in MDL No. 2179 would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See id*. p.1.  The JPML further held that "the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident." *See id*. at pp.1-2 (referring to *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, ___ F. Supp.2d ___, 2010 WL 3166434, at *2 (J.P.M.L. Aug. 10, 2010)).

6.      In light of the JPML's Order, any motions to remand the HESI Original Action and the M-I Original Action should be filed with the Transferee Court, as contemplated in the Final Transfer Order.  *See* Exhibit F, p.2 ("Plaintiffs can present their remand motions to the transferee judge.").  However, instead of filing a motion to remand with the Transferee Court, Plaintiff voluntarily dismissed, without prejudice, its claims against HESI and M-I on March 27,

---

[1] Note, a corrected version of CTO-5 was issued on November 4, 2010, indicating Plaintiff's objection and opposition to the transfer.

3

2011. A true and correct copy of the HESI Notice of Dismissal is attached as Exhibit G and a true and correct copy of the M-I Notice of Dismissal is attached as Exhibit H.

7. On the very day Plaintiff dismissed its claims against HESI and M-I in MDL No. 2179, Plaintiff filed a new action in Delaware state court against both HESI and M-I ("New Consolidated Action"). A true and correct copy of the Complaint in the New Consolidated Action is attached to this motion as Exhibit I.

8. On March 29, 2011, HESI and M-I removed the New Consolidated Action to this Court. The New Consolidated Action alleges the exact same claims brought in the Original Actions that Plaintiff voluntarily dismissed. The JPML already found that the Original Actions should be properly consolidated in the MDL Matter. **In fact, the JPML already transferred this very case**—albeit against these Defendants separately—to the Transferee Court, specifically noting that they "are virtually indistinguishable from those previously centralized in this docket." *See* Exhibit F, p.2. Plaintiff now attempts an end-run around the Transferee Court's authority by simply dismissing the Original Actions and re-filing the same claims as the New Consolidated Action in Delaware state court.

9. Unless this Court issues a transfer, or in the alternative a stay of all proceedings, Plaintiff's gamesmanship will result in a waste of Court and party resources, particularly given the fact that the parties have gone down this road before and that road ends in the Transferee Court. Granting a transfer of this action to MDL No. 2179 will prevent the risk of inconsistent rulings and will thwart Plaintiff's impermissible attempt to forum-shop. However, in the event this Court decides a transfer is improper, a stay of all proceedings in this matter pending transfer by the JPML is proper, particularly in light of Plaintiff's blatant effort to forum shop around the JPML's Transfer Order.

4

**CONCLUSION**

For the foregoing reasons, HESI and M-I respectfully request that this Court enter an order transferring this matter to MDL No. 2179, pending in the Eastern District of Louisiana, or in the alternative, issue an order staying all proceedings in this case pending the JPML's issuance of a Conditional Transfer Order transferring this case back to the Transferee Court for coordinated pretrial proceedings, without prejudice to the rights of any party to file a motion for leave in the case of an emergency or other exceptional circumstances, or to seek an extension of the stay.

Dated: March 29, 2010

Respectfully Submitted,

PINCKNEY, HARRIS & WEIDINGER, LLC

  /s/  Michael A. Weidinger
Michael A. Weidinger (DE I.D. No. 3330)
Joanne P. Pinckney (DE I.D. No. 3344)
Patricia R. Uhlenbrock (DE I.D. No. 4011)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
Telephone: 302.504.1497
Fax: 302.655.5213
**ATTORNEYS FOR DEFENDANTS**

-and-

GODWIN RONQUILLO PC

**Donald E. Godwin**
*Attorney in Charge, pending pro hac vice admission*
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd Hartley
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com

5

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

*-and-*

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**


OF COUNSEL:

Hugh E. Tanner
***Attorney in Charge, pending pro hac vice admission***
htanner@morganlewis.com
Denise Scofield
dscofield@morganlewis.com
John C. Funderburk
jfunderburk@morganlewis.com
MORGAN LEWIS & BOCKIUS L.L.P.
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone: 713.890.5000
Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C. (incorrectly named and sued
as "M-I, L.L.C. a/k/a M-I SWACO")**