IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>**Applies to:**<br>*The St. Joe Company, v. Halliburton Energy Serv. Inc.,*(No. 2:11-cv-258) | § § § § § § § § | MDL NO. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

. .. .. .. .. .. .. .. .. .. .. .. .

### HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO PLAINTIFF'S MEMORNADUM IN OPPOSITION TO REQUEST FOR INJUNCTIVE RELIEF IN AID OF THIS COURT'S PRE-TRIAL JURISDICTION OVER THE ST. JOE COMPANY

Defendant Halliburton Energy Services, Inc. ("HESI") hereby replies to Plaintiff The St. Joe Company's Memorandum in Opposition to Halliburton's and MI's Motions for Injunctive Relief.  In support thereof, HESI states:

#### THE PROCEDURAL HISTORY OF THE PARTIES' DISPUTE IS LONG AND CONVOLUTED.

1. Plaintiff, The St. Joe Company, ("St. Joe"), filed a "Notice of Dismissal of Action" purporting to dismiss without prejudice its action, *The St. Joe Company v. Halliburton Energy Services, Inc.*, No. 2:11-cv-00258, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  Dkt. 1772.  Despite St. Joe's claim to an unfettered right to dimiss its claims, St. Joe's "Notice" was wholly ineffective based on the prior filings and actions of the parties.

2. On August 4, 2010, Plaintiff St. Joe, a real estate development company owning approximately 577,000 acres of property in Florida's northwest panhandle, sued HESI in Civil Action No. N10C-08-032 PLA, *The St. Joe Company v. Halliburton Energy Services, Inc.*, in the

Superior Court of the State of Delaware in and for New Castle County (the "State Court Action").[1]  HESI was the sole named defendant.

3.  On August 27, 2010, HESI timely removed the State Court Action to the United States District Court for the District of Delaware.  *See* HESI's Notice of Removal, *The St. Joe Co. v. Halliburton Energy Servs., Inc.*, No. 1:10-cv-00733-GNS, Dkt. 1 (the "Removed Action").  Plaintiff contested the removal of this proceeding from Delaware state court by filing a Motion to Remand.  *See* Removed Action, Dkt. 11.  On August 30, 2010, HESI filed a notice with the JPML identifying the Removed Action as a potential "tag-along-action" and seeking a conditional order transferring the Removed Action to the MDL proceedings, and sought a stay of the Removed Action pending the MDL decision.  *See* Removed Action, Dkt. 10 (with Exhibits).  On October 27, 2010, the JPML conditionally transferred St. Joe's suit against HESI to this Court, pursuant to Conditional Transfer Order 5 ("CTO-5").  *See* CTO-5, Dkt. 306; JPML Dkt. 306, 307, 309; JUD'L PAN. MULTIDISTRICT LITIG. R. 7.1.

4.  During the pendency of the JPML transfer motion and while the case was still in the U.S. District Court for Delaware, St. Joe and HESI vigorously litigated the matter.  HESI filed and briefed a motion to stay pending MDL decision (Removed Action, Dkt. 10, 18, 28).  St. Joe moved to remand, which HESI contested.  *Id*. Dkt. 11, 22.  Instead of an answer, HESI filed a Rule 12(b) motion to dismiss the action[2] which St. Joe fully contested.  *Id*. Dkt. 16, 17, 29.  The 12(b) motion to dismiss argued that the Outer Continental Shelf Lands Act ("OCSLA") gave the federal court in Delaware subject matter jurisdiction, that OCSLA and/or the Oil Pollution Act ("OPA") provided removal jurisdiction, that the exclusive nature of the remedies provided

---

[1] The State Court Action was inadvertently omitted as an exhibit to HESI's Request for Injunctive Relief. Dkt. 1799.  It is attached here as Exhibit 1.
[2] *See* Fed. R. Civ. P. 12(b).

under OPA required dismissal, and that St. Joe failed to state a claim for which relief could be granted. *See* Dkt. 17. On February 14, 2011, the case was fully transferred to this MDL proceeding before the Delaware court ruled on any of the pending motions. *See Id.* Dkt. 33; No. 11-cv-00258 (E.D. La.).[3]

5. This Court issued a series of pre-trial management orders ("PTOs") for the orderly disposition of pre-trial proceedings. The PTOs created pleading bundles of types of cases, grouping non-governmental economic damages cases like St. Joe's into Bundle B1. *See* PTO 11, III.B.1, Dkt. 569. The PTOs called for Master Complaints followed by responses by either a Rule 12 motion or an answer, providing a timeline of deadlines. PTO 11, IV.A.-B., Dkt. 569, 569-1; PTO 25, ¶12, Dkt. 983. The plaintiffs filed the Bundle B1 Master Complaint on December 15, 2010. Dkt. 879. The Court then revised the Bundle B1 deadlines. PTO 28, Dkt. 1235; PTO 31, Dkt. 1501; *see also* PTO 32, Dkt. 1506-1 (revised timeline).

6. The plaintiffs filed an amended Bundle B1 Master complaint on February, 9, 2011. Dkt. 1128. On February 28 – after St. Joe's case was fully transferred to this MDL proceeding – HESI filed a motion to dismiss the Bundle B1 Master Complaint, making arguments similar to those HESI lodged against St. Joe in the U.S. District Court of Delaware. *Cf.* Dkt. 1429, *to* Removed. Action, Dkt. 17. HESI also filed a demand for a jury trial for the Bundle B1 cases. Dkt. 1464.

**PLAINTIFF HAD NO AUTHORITY TO DISMISS ITS CLAIMS AGAINST HESI WITHOUT LEAVE OF COURT.**

7. On March 27, St. Joe filed a "Notice of Dismissal" of Cause No. 2:11-cv-00258 in this Court, simultaneously re-filing its case in Delaware state court ("Second State Court

---

[3] St. Joe filed its inaccurately titled Notice of Dismissal on March 27. The clerk's office entered it on March 28 and closed the file. *See* No. 11-cv-00258, Dkt. 2.

Action").[4]  Despite St. Joe's claim to the contrary, and as explained below, the procedural posture of this case precludes an automatic voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A).  In addition, under the newly amended local rules, St. Joe should have included a statement of its intention to re-file its suit in its request.  *See* E.D. La. LR 41.1.

8. In its Opposition Memorandum, St. Joe claims that "there is no pending action by St. Joe against Halliburton or M-I in this MDL proceeding[.]"  St. Joe's Opp. Mem. p.10.  Indeed, this would be correct had this Court granted leave for St. Joe's dismissal of its claims.  But such is not the case in this matter.  A plaintiff may voluntarily dismiss an action without court order – but only if the defendant has not filed an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  St. Joe attempted to voluntarily dismiss its claims pending in this MDL proceeding.  However, HESI has already vigorously litigated St. Joe's claims both in the District of Delaware and in this MDL proceeding, filing Rule 12(b) motions to dismiss in lieu of an answer.  Thus, pursuant to Rule 41, leave of court was required before St. Joe could voluntarily dismiss its claims.  *See* Fed. R. Civ. P. 41(a)(2).

9. The theory underlying the limitation on a plaintiff freely dismissing an action is that after the defendant becomes "actively engaged" in the suit's defense, the defendant is entitled to have the case adjudicated; thus, the case cannot be terminated without either the defendant's consent, permission of the court, or a dismissal *with prejudice* to assure the defendant against the "renewal of hostilities."  *Exxon Corp. v. Maryland Cas. Co*., 599 F.2d 659, 661 (5th Cir. 1979).

10. For the purposes of Rule 41, a Rule 12(b) motion is converted to a "summary judgment motion" if the trial court is presented with matters outside the pleadings.  *Exxon Corp*., 599 F.2d at 661.  HESI's motion to dismiss the Bundle B1 claims and its motion to dismiss St.

---

[4] This lawsuit was also inadvertently not attached as an exhibit to the Request for Injunctive Relief.  Dkt. 1799.  It is attached here as Exhibit 2.  The Request compared the two nearly identical lawsuits to demonstrate St. Joe's persistent forum shopping.  *See* Dkt. 1799, ¶5.

Joe's suit both included matters outside the pleadings.  *See* Memo. at 14 n.15; *see also* Dkt. 1429-3 to 1429-5 (Exs. A-C); Removed Action, Dkt. 17, 17-1, Exs. A-E.  Thus, for the purpose of Rule 41, HESI's 12(b) motions to dismiss are "summary judgment motions" which preclude St. Joe from procuring an automatic dismissal of its case.  St. Joe must obtain leave of court before dismissal under Rule 41 is proper.

11.     The purpose of Rule 41 is to allow a plaintiff to take a case out of court at an early stage if no other party will be prejudiced.  *Exxon Corp.*, 599 F.2d at 662.  Here, St. Joe's attempt to dismiss its case was for the exact purpose of prejudicing HESI by instituting and enabling another round of litigation in Delaware.  St. Joe's "Notice of Dismissal" was ineffective under Rule 41.  Thus, this Court retains jurisdiction over the matter and St. Joe's case may only be dismissed by court order.  *See* Fed. R. Civ. P. 41(b).

12.     Finally, St. Joe's failure to comply with the Local Rule combined with the vigorously litigated procedural posture of this individual case not only firmly plants St. Joe's request for dismissal out of Rule 41(a)(1)'s automatic harbor and into Rule 41(a)(2)'s requirement for a court order, but also gives this Court free rein to determine the proper grounds for a dismissal, including with prejudice, and the discretion to not dismiss at all.  Fed. R. Civ. P. 41(a)(2).  In addition, this Court may impose costs to punish St. Joe for its tactics.  Fed. R. Civ. P. 41(d).

## THIS COURT HAS ANCILLARY JURISDICTION OVER HESI'S REQUEST FOR INJUNCTIVE RELIEF AND MAINTAINS SUPERVISORY POWERS OVER THE PARTIES.

13.     Unsurprisingly, St. Joe claims that there is "no existing or ongoing jurisdiction over St. Joe's claims against [HESI] in this Court." St. Joe's Opp. Mem. at p.10.  However, even beyond the jurisdiction maintained by this Court as a result of St. Joe's flawed attempt to dimsiss its claim, it is well settled that a district court possesses ancillary jurisdiction "to secure or

preserve the fruits and advantages of a judgment or decree rendered" by that court.  *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S. Ct. 695, 78 L. Ed. 1230 (1934).  The dispute between the parties made the basis of HESI's request herein presents such a matter.  If St. Joe is allowed to dismiss its pending claims against HESI in this proceeding, while simultaneously re-filing those very claims in Delaware state court, this Court's prior rulings and decrees as they relate to the St. Joe claims will be nullified.  This result explicitly demonstrates the very irreparable harm that St. Joe claims is absent in HESI's Request.  Thus, under this Court's ancillary jurisdiction, it has authority to consider HESI's request.

14. Moreover, even if this Court were to find that it has lost jurisdiction over the litigation between St. Joe and HESI by virtue of Plaintiff's voluntary dismissal, albeit without leave of Court, this Court's inherent supervisory powers have been undisturbed.  *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)(finding that despite the fact that district court was divested of jurisdiction by virtue of the filing of a notice of dismissal, the Court maintains inherent supervisory powers to consider collateral issues).  Indeed the very relief HESI seeks falls within this Court's powers, which survive any attempted dismissal by Plaintiff.

15. By way of example, in *Qureshi v. United States,* the Fifth Circuit examined whether a district court acted within its jurisdiction and power in enjoining the refiling of any claims after the plaintiff voluntarily dismissed its claims pursuant to Federal Rule of Civil Procedure 41.  *See Quereshi*, 600 F.2d at 524.  Plaintiff challenged the injunction arguing that the district court lacked jurisdiction.  However, on appeal, the Fifth Circuit found otherwise.  *See id*. at 526.

16. In finding that the district court acted within its jurisdiction, the Fifth Circuit reasoned that although after a notice of voluntary dismissal, "the court loses jurisdiction over the litigation," such notice of dismissal "does not, however, deprive the district court of its inherent supervisory powers. After the termination of an action, a court may nevertheless 'consider collateral issues.'" *Id*. at 525 (citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)); *see also Ratliff v. Stewart*, 508 F.3d 225, 230 (5th Cir.2007)). Quoting *Cooter v. Gell*, the Fifth Circuit noted, "[a]s the Supreme Court has explained, the reason that these actions survive dismissal is that each 'requires the determination of a collateral issue…'" *Quereshi*, 600 F.2d at 525 (quoting *Cooter v. Gell*, 496 U.S. at 396). The Court further explained that:

> [A] court's authority to impose an injunction against future filings flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket.

*Id*. at 525-26 (internal citations omitted)(quoting *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 360 (5th Cir.1986)) (footnote omitted).

17. As *Quereshi* establishes, the relief HESI requests is not unprecedented. Even if this Court's jurisdiction was divested at the moment St. Joe filed its notice of dismissal, which it was not, this Court can enjoin Plaintiff's blatant forum shopping and attempt to avoid the final orders of the JPML under its supervisory powers which remain intact.

**THIS COURT HAS AUTHORITY TO GRANT HESI'S REQUESTED RELIEF.**

18. The All Writs Act,[5] 28 U.S.C. § 1651(a), (the "Act") provides that "the Supreme Court and all courts established by the Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.* Although the Act does not, independently, confer subject matter jurisdiction on federal courts, it does "authorize a federal court to 'issue such commands … as may be necessary or appropriate to effectuate and prevent the frustration of *orders* it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 40, 88 L.Ed. 2d 189, 106 S.Ct. 355 (1989)(quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 54 L.Ed.2d 376, 98 S.Ct. 364 (1977)) (emphasis added). Moreover, as the Fifth Circuit noted, the Act allows courts "**to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments**." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004)(emphasis added)(quoting 28 U.S.C. § 1651(a)). This authority includes the **power to enjoin litigants who are abusing the court system by harassing their opponents**. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)(emphasis added).

19. A party seeking to obtain an injunction under the Act "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened

---

[5] In its Request, HESI cited to both the All Writs Act and the Anti-Suit Injunction Act as bases for this Court's authority to act. Since the new Delaware action has been removed, the All Writs Act is the proper basis for Court action at this time. As evidenced by the speed with which St. Joe filed its Motion to Remand, however, it is clear that both laws may eventually come into play. To the extent the Anti-Suit Injunction Act becomes relevant, HESI would note that an injunction may issue under the relitigation exception to that Act if the claims or issues subject to the injunction have actually been decided. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 100 L.Ed. 2d 127, 108 S.Ct. 1684 (1988) (stating that the court must look to what the previous order "actually said" and may not "render a post hoc judgment as to what the order was intended to say"). The injunctive relief HESI seeks falls squarely within the relitigation exception to the Anti-Suit Injunction Act.

by someone else's action or behavior." *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1100 (11th Cir. 2004). HESI's request for injunctive relief in aid of this Court's pre-trial jurisdiction seeks just that: the protection and integrity of this Court's prior rulings and the proper administration of this MDL proceeding.

20. St. Joe's actions in voluntarily dismissing its claims against HESI, without leave of Court, then immediately refiling those claims in the same state court from which the claims originated directly threaten the very nature of this MDL proceeding and threaten to "nullify or undo a prior order . . . from the issuing court . . . ." *See* St. Joe's Opp. Mem. p. 6-7. If plaintiffs, unhappy with the progress or nature of this MDL proceeding, are allowed to dismiss their claims only to refile and pursue such claims in the same state courts, effectively forcing the parties to start the MDL process all over again, then one must ask: "What is the purpose of this MDL proceeding?"

21. Further, St. Joe's argument that "[HESI] . . . [cannot] point to any order of this Court that would be 'nullified' by allowing the Delaware District Court to consider St. Joe's motion to remand the Delaware Action back to Delaware Superior Court from where it came" rings hollow. *See* St. Joe's Opp. Mem. p. 13. In fact, the very PTO from this Court to which St. Joe cites (PTO 15 - continuing without date pending motions to remand) would be instantly nullified if St. Joe's tactics are successful. The clear intent of St. Joe's action is to get a "do-over" on transfer and consolidation issues that have been fully and finally decided.

22. The Eastern District of Louisiana was selected as the site of this MDL proceeding from among a large number of possible districts. While the alleged effects of the DEEPWATER HORIZON may be felt by a number of states and jurisdictions, "there is a geographic and psychological 'center of gravity' in this docket, … [and] the Eastern District of Louisiana is

closest to it." *See* Transfer Order dated Aug. 10, 2010 p.3. Indeed, the JPML recognized that MDL No. 2179 serves "the convenience of the parties and witnesses and promote[s] the just and efficient conduct of this litigation." *See* Transfer Order dated Feb. 7, 2011 p.1. If Plaintiff's blatant attempt at forum shopping is not enjoined, St. Joe has practically drawn a road map for other plaintiffs for a potential means of avoiding this Court's well-founded authority and jurisdiction.

## CONCLUSION

23. Once Plaintiff's claims against HESI were transferred to this proceeding, for pre-trial issues, Plaintiff immediately became subject to this Court's authority. *See* Pre-trial Order No. 1; Dkt. 2 ("This Order applies to all related cases filed in all sections of the Eastern District of Louisiana and will also apply to any 'tag-along actions' later filed in, removed to, or transferred to this Court."). Moreover, St. Joe became immediately subject to this Court's prior Orders, including its case management orders and pre-trial orders. If St. Joe's procedural gamesmanship is tolerated and not enjoined, this Court's Orders and the careful and pragmatic administration of all pre-trial matters related to the DEEPWATER HORIZON litigation will be threatened.

24. This Court retains not only personal jurisdiction over St. Joe, but ancillary jurisdiction to protect its prior Orders and the transfer of Plaintiff's claims to this MDL proceeding. Accordingly, for the reasons set forth above, HESI respectfully prays that this Court enjoin St. Joe from pursuing pre-trial proceedings or discovery against HESI in any forum other than MDL-2179.

Dated: March 31, 2011.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Response to Plaintiff's Reply to Request for Injunctive Relief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-trial Order No. 12 on this 31st day of March, 2011.

                                            /s/ Donald E. Godwin
                                            Donald E. Godwin