UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO on<br>APRIL 20, 2010<br><br>This pleading applies to:<br><br>No. 2:11-CV-00259 | § § § § § § § § § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**M-I L.L.C's REPLY TO ST. JOE'S RESPONSE TO REQUEST FOR
INJUNCTION IN AID OF THIS COURT'S JURISDICTION OVER ST. JOE**

Defendant M-I L.L.C. ("M-I") offers the following Reply to The St. Joe Company ("St. Joe")'s Response to M-I's Request for Injunction in Aid of This Court's Jurisdiction Over St. Joe.

**1. THE FATAL FLAW IN ST. JOE'S OPPOSITION IS THAT IT IGNORES THE ORDER OF THE JPML.**

Throughout its opposition, St. Joe ignores the fact that the Final Transfer Order of the Joint Panel on Multidistrict Litigation ("JPML") transferred St. Joe's suits against HESI and M-I to this Court for purposes of all pretrial proceedings, including the filing of motions for remand. *See* Final Transfer Order of February 7, 2011. Yet, in its brief, St. Joe notified this Court and the parties that it filed a motion to remand in the Delaware District Court today. St. Joe Opp'n. at 8. This violates the Final Order of the JPML requiring: "Plaintiffs can present their remand motions to the *transferee* judge." *Id*

(emphasis added).  St. Joe does not even attempt to justify their disregard for the JPML Order.

While generally a plaintiff may choose its forum, as the authorities cited by M-I in its original motion demonstrate, Congress's creation of MDLs overrides that general presumption.  St. Joe repeats ad infinitum that it gets to choose its forum.  St. Joe ignores, however, that it was afforded that opportunity, and that through the proper procedures and after briefing on the issue, the suit was properly transferred by a Final Order of the JPML to this Court.  And, under the authorities M-I cited earlier, that negates St. Joe's choice of forum.

## 2. THE FACT THAT REMAND COULD OCCUR IN A MONTH DOES NOT SHOW THAT THERE IS NO HARM.

St. Joe makes the odd argument that because it is unlikely that a case would be remanded to Delaware state court in less than 30 days, there is no risk of harm.  This argument wholly ignores the issue at hand.  The harm is parties having to relitigate issues in Delaware Court that have already been fully briefed and that, under the Order of the JPML, are proper before only this Court.  The harm is occurring here and now.

## 3. THE TRANSOCEAN REMAND DOES NOT AFFECT THIS CASE.

A different district court than the one to which St. Joe's earlier suits against M-I and against HESI were assigned remanded St. Joe's suit against Transocean to state court.  That does not affect St. Joe's lawsuits against M-I.  M-I did not participate in that suit in any manner.  Therefore, that decision does not govern St. Joe's suit against M-I and HESI under principles of collateral estoppel or res judicata.  Those principles apply only when the first action and second action were between the same parties or those in

privity with the same parties. *See Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 467, n. 6 (1982).

Moreover, St. Joe again ignores the fact that its case against M-I was properly transferred to the MDL. The same is not true of the case against Transocean. This is not the case of a simple remand motion as St. Joe would like the Court to believe. This case—unlike the Transocean case—became a part of this MDL proceeding through the proper procedures. Thus, any comparison between the two cases is intended only to be a smoke-screen to the blatant gamesmanship employed by St. Joe.

4. **TRANSFER TO THIS COURT IS INEVITABLE, THE ONLY QUESTION IS HOW MUCH OF THE COURT AND THE PARTIES' RESOURCES MUST BE WASTED BEFORE THEN.**

St. Joe argues that because its suit against Transocean was not transferred to the MDL, that this suit will not be transferred. That argument ignores the plain fact that *this exact same suit, filed by the exact same plaintiff, against the same two defendants, was already litigated in front of the JPML and transferred to this Court*. St. Joe argues that "[o]nly if and when any transfer occurs pursuant to 28 U.S.C. § 1407(a) will this Court obtain jurisdiction over the Delaware action." St. Joe Opp'n. at 10. What is striking about this assertion is that the JPML has already, after extensive briefing, transferred two suits with this exact same plaintiff, exact same facts, exact same legal theories, and against the exact same defendants, to this Court.

5. **THIS COURT HAS ANCILLARY JURISDICTION OVER M-I'S REQUEST FOR INJUNCTIVE RELIEF AND MAINTAINS SUPERVISORY POWER OVER THE PARTIES.**

St. Joe's Rule 41(a)(1)(A)(i) motion has no effect whatsoever on this Court's ability to prevent St. Joe from circumventing the pretrial Orders of this Court and the

Transfer Order of the JPML. It is well settled that a federal district court has jurisdiction over ancillary or collateral issues relating to the original action, whether or not the original action is still pending and irrespective of whether the court would have had original jurisdiction over the ancillary or collateral issues. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (court may consider Rule 11 sanctions after Rule 41(a)(1) dismissal); *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934) ("That a federal court of equity has jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled."); *Ratliff v. Stewart*, 508 F.3d 225, 229–30 (5th Cir. 2007) ("Although the district court no longer had jurisdiction over the subject matter of the dispute, the collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the underlying merits.").

Very recently, the Fifth Circuit reaffirmed this long-established principle in an analogous case. In *Qureshi v. United States*, the Court explained that the filing of a Rule 41(a)(1)(A)(i) motion does not extinguish the court's inherent authority to enjoin the plaintiff from filing a suit in any federal court in Texas without permission from the court. *See* 600 F.3d 523, 525 (5th Cir. 2010). Although such a motion deprives the court of jurisdiction over the litigation, it does not deprive the court of its "inherent supervisory powers" to adjudicate "collateral issues," such as sanctions under Rule 11, litigation costs, attorneys' fees, and contempt proceedings. *See id.* (quoting *Cooter*, 496 U.S. at 395). Such collateral matters survive a Rule 41(a)(1)(A)(i) motion because they

implicate the court's inherent authority to supervise its docket and to sanction attorneys who abuse the judicial process. *See id.*

Under this binding precedent, St. Joe's unilateral dismissal does not affect this Court's ability to curtail St. Joe's abuse of the federal voluntary-dismissal rules that flout the Transfer Order of the JPML and the pretrial orders of this Court. Specifically, the court may (and should) enjoin St. Joe from refiling the same lawsuit in Delaware state court. *Cf. Qureshi*, 600 F.3d at 525 (explaining that "[t]he maintenance of the original action that occasioned the court's inquiry into that abuse is irrelevant to the court's jurisdiction"). Otherwise, litigants such as St. Joe, unsatisfied with any forum-selection order, could simply circumvent that order by voluntarily dismissing and then refiling in their preferred forum. Under binding authority, and for obvious reasons, such conduct should not be tolerated.

6. **THIS COURT HAS THE AUTHORITY TO GRANT M-I'S REQUESTED RELIEF.**

It is well settled that under the All Writs Act, a "[a] federal court can enjoin the prosecution of an action where the same issues are presented in another federal court." *Am. Horse Prot. Ass'n v. Lyng*, 690 F. Supp. 40, 43 (D.D.C. 1988) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)).[1] Indeed, such injunctions are not

---

[1] The Fifth Circuit decisions that St. Joe relies on to show that relief under the All Writs Act is unwarranted are not remotely analogous—none of them involve a party attempting to frustrate the jurisdiction of a federal court in contravention of a valid transfer order of the JPML and the pretrial orders of the transferee court. Instead, the Fifth Circuit reversed the orders because they sought to redress speculative future harms. *See Williams v. McKeithen*, 939 F.2d 1100, 1105 & 1105 n.13 (5th Cir. 1991) (reversing injunction preventing sheriffs from receiving prisoners due to potential for overcrowding); *ITT v. Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359–60 (5th Cir. 1978) (vacating order requiring garnishees to pay into a court fund to secure payment for potential judgment); *Brittingham v. U.S. C.I.R.*, 451 F.2d 315, 317–18 (5th Cir. 1971)

the rarity St. Joe represents. *See Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 552 F.2d 601, 602-03 (5th Cir. 1977) (reversing Florida federal district-court decision not to enjoin action pending in a Kentucky federal district court); *see also Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 629 (D.C. Cir 1975) (directing District of Columbia district court to enjoin prosecution of New York federal-court action until the final determination of the District of Columbia action, including disposition of any appeal); *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1345 (S.D. Fla. 2002) (All Writs Act gave MDL court authority to enjoin actions in another federal district court); *Am. Horse*, 690 F. Supp. at 45 (enjoining litigants from prosecuting litigation pending in a Tennessee federal district court).

Moreover, St. Joe erroneously contends that M-I is required to meet the standards of a typical Rule 65 injunction under the All Writs Act. Because the relief M-I is seeking does not relate to the merits of the case, but rather to the jurisdiction in which the case's pretrial proceedings will proceed, M-I does not have to meet the Rule 65 requirements. *See e.g.*, *United States v. New York Tel. Co.*, 434 U.S. 159 (1977) (affirming grant of injunction under the All Writs Act without regard to traditional four factors); *see also In re Managed Care*, 236 F. Supp. 2d at 1344 (Under All Writs Act, "Plaintiffs do not have to meet the Rule 65 requirements.").

Instead, M-I must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by St. Joe's action or behavior. *New York Tel.*, 434 U.S. at 174. The requirements for a traditional injunction do not

---

(affirming denial of order that would have "preemptively" and "premature[ly]" interfered with the tax-collection process by preventing the Commissioner from introducing documents before a tax court allegedly obtained in violation of the attorney-client privilege).

apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 219 (1945) (stating, in reviewing a court's ruling concerning an injunction under the All Writs Act, that it is necessary to ascertain "what is the usage, and what are the principles of equity applicable in [this] case," without mentioning the traditional four injunction requirements); *see also Kelly v. Merrill Lynch, Pierce, Fenner & Smith*, 985 F.2d 1067 (11th Cir. 1993) (affirming grant of injunction under the All Writs Act without regard to traditional four factors), *rev'd in part on other grounds Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002); *Keishian v. Buckley*, 752 F.2d 1513 (11th Cir. 1984) (same); *In re Macon Uplands Venture*, 624 F.2d 26, 28 (5th Cir. 1980) (same); *Teas v. Twentieth Century-Fox Film Corp.*, 413 F.2d 1263, 1266-67 (5th Cir. 1969) (same).

7. **THE ANTI-INJUNCTION ACT DOES NOT PROHIBIT THE RELIEF SOUGHT.**

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings *in a State court* except as expressly authorized by an Act of Congress, *or where necessary in aid of its jurisdiction*, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). This Act does not prohibit the requested relief for two reasons.

First, no proceeding in a State court is sought to be enjoined. Because of M-I's removal of St. Joe's suit on March 29, the suit is now in federal court. By the plain text of the statute, the Act does not prohibit any injunction with respect to a federal court.

Second, even if the Act applied, the relief sought here falls under an exception of the Act. As explained above and in M-I's original motion for injunction, an injunction is

needed to protect this Court's jurisdiction. The JPML, by Transfer Order dated 2/7/11, gave this Court jurisdiction over St. Joe's claims for pretrial proceedings because the suit was "virtually indistinguishable from those previously centralized in this docket. Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL No. 2179." *Id.* An injunction is necessary to protect this Court's jurisdiction, exactly as contemplated by the Anti-Injunction Act.

## 8. ST. JOE'S THEORY WOULD RENDER THE ENTIRE MDL SYSTEM MEANINGLESS.

Under St. Joe's theory, *plaintiffs*, in this or any MDL, that wishes to have their suit adjudicated in the pre-transfer forum, upon being transferred by the MDL, could simply dismiss their claims and refile in the exact same court. This would be a never-ending cycle wasting numerous resources of parties and the Court. Plaintiffs like St. Joe may not like the MDL device, but it is a device that has been created by Congress to handle large actions such as this. Whether St. Joe likes the MDL device or not is irrelevant. The MDL exists as a matter of law, and St. Joe's blatant forum shopping contrary to the Order of the JPML cannot destroy that statutorily-- created device.

## CONCLUSION

St. Joe can take the position that its claims belong in state court, not federal court. If it wishes to make this argument, its recourse is to do as the JPML instructed—file a motion to remand in this Court. St. Joe should not be allowed to disregard the Order of the JPML and the jurisdiction of this Court. Once pretrial proceedings of the MDL are complete, St. Joe's suit returns to the Court from which it was transferred. Until such time though, by final Order of the JPML, this suit is proper before only this Court.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Hugh E. Tanner
   Hugh E. Tanner
   htanner@morganlewis.com
   Denise Scofield
   dscofield@morganlewis.com
   James B. Tarter
   jtarter@morganlewis.com
   1000 Louisiana St., Suite 4000
   Houston, TX 77002
   Telephone: 713.890.5000
   Facsimile: 713.890.5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

March 31, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing **M-I L.L.C.'S REPLY TO ST. JOE'S RESPONSE TO REQUEST FOR INJUNCTION IN AID OF THIS COURT'S JURISDICTION OVER ST. JOE** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31th day of March, 2011.

                                                             /s/ Hugh E. Tanner
                                                               Hugh E. Tanner