| | |
|---|---|
| From: | "Andrew Langan" <alangan@kirkland.com> |
| Date: | 03/31/2011 11:24 PM |
| Subject: | MDL 2179 -- BP's Separate Request for Extra Time Request for Certain April Deponents |

Dear Judge Shushan,

With the Court's permission and per its March 28 order, BP respectfully submits the following request and seeks additional time for the upcoming Transocean deposition witnesses noted below. As the Court may be aware, the PSC has generally used much less than the full allotment of time allowed under PTO 27 when questioning Transocean and other witnesses not employed by BP. BP seeks additional time -- we suggest 2.5 hours instead of the normal BP default time of just over an hour -- for its examination of each of the following.

**William Stringfellow (April 11-12)**: Mr. Stringfellow was the Subsea Superintendent for the Deepwater Horizon and has personal knowledge of significant factual issues, including (1) Transocean's actual maintenance of the Deepwater Horizon's BOP, (2) Transocean's policies and procedures related to maintenance of the Deepwater Horizon's BOP, (3) various audits of the Deepwater Horizon, and (4) Transocean's post-incident response efforts.

**Captain Curt Kutcha (April 18-19):** Capt. Kutcha was the Master of the Deepwater Horizon, and the Transocean Person-In-Charge (PIC) at certain times. Capt. Kutcha has personal knowledge of significant factual issues, including (1) the events of April 20, 2010, (2) the attempted operation of the Emergency Disconnect System (EDS) and other events on the bridge of the Deepwater Horizon prior to evacuation, and (3) marine maintenance issues related to the Deepwater Horizon.

**Daun Winslow (April 20-21):** Mr. Winslow was a rig manager for the Deepwater Horizon, and was one of the most senior Transocean personnel onboard the rig at the time of the incident. Mr. Winslow has personal knowledge of significant factual issues, including (1) the events of April 20, 2010, (2) Transocean's safety culture onboard the Deepwater Horizon, (3) the replacement of key Transocean personnel previously assigned to the Deepwater Horizon, (4) Transocean's post-incident response efforts.

**Adrian Rose (April 25-26):** Mr. Rose is Transocean's senior Health, Safety and Environment (HSE) officer and has significant personal knowledge concerning Transocean's HSE policies and procedures, as well as the interaction between the HSE policies of BP and Transocean. Furthermore, Mr. Rose was recently designated by Transocean as a 30(b)(6) witness on four different topics.

**Miles "Randy" Ezell (April 27-28):** Mr. Ezell was the Senior Toolpusher for the Deepwater Horizon. The Senior Toolpusher is a senior drilling operations supervisor, and a role that is second to only the Offshore Installation manager (OIM) in the chain of command. Mr. Ezell was onboard at the time of the incident and has personal knowledge of significant factual issues, including (1) the events of April 20, 2010, (2) significant drilling operations, including the negative pressure tests, and (3) maintenance and rig audit issues associated with the Deepwater Horizon. Furthermore, Mr. Ezell was recently designated by Transocean as a 30(b)(6) witness on six different topics.

BP's ability to examine these Transocean witnesses -- and to do so for more than an hour or so -- is critical to its defense of these cases. As the Court knows, BP has a huge stake in these proceedings, as large (or larger) than any other party.

Transocean's request (below) suggests that depositions of BP witnesses be expanded beyond the time set by PTO 27 to accommodate its request for more time. We think the better practice would be to keep the 15 hour limit and have any additional time allotted to Transocean be allotted from time set aside for other parties. And likewise, we suggest that the extra time BP seeks be allocated from the 15 hours in place under PTO 27. However, if the Court is inclined to lengthen already long depositions of BP witnesses at TO's request, the same new time limits (and extra time for BP) should apply to the Transocean witnesses identified above.

Respectfully submitted,

Andy Langan

**J. Andrew Langan, P.C.| Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com

| | | |
|---|---|---|
| "Miller, Kerry J." <kmiller@frilot.com> | Subject | Re: Extra Time Request for Certain April Deponents |
| 03/31/2011 06:20 PM | | |

Dear Magistrate Shushan,

Per Your Honor's March 28, 2011 Order (Rec. Doc. No. 1778), I am writing on behalf of Transocean to request that additional deposition time be allotted so that Transocean may meaningfully depose certain BP engineers and operations supervisors that were directly involved in the Macondo engineering and operations decisions that resulted in the sinking of the Deepwater Horizon and subsequent oil spill.

At this time, and subject to agreements with other defendants, Transocean has approximately 1.25 hours of examination time per deponent. 75 minutes is simply insufficient time for Transocean to meaningfully address the multiple engineering and operations decisions made by various BP engineers and supervisors, along with the evidence of indecision amongst the BP engineering and operations departments.

Transocean, as the rig operator, is a uniquely positioned defendant in that among the defendants it had the broadest relationship with BP and was instructed by BP to carry out various operations. In many cases, BP's engineering designs and plans were implemented through the use of Transocean equipment and personnel. The decisions made by BP's engineers and operations supervisors go to the heart of Transocean's limitation and liability defenses, in that but for BP's engineering and operations failures, the Macondo blowout, Deepwater Horizon sinking and resulting oil spill never would have occurred. Moreover, Transocean simply is not as large of a corporation as BP and Halliburton, and its very survival as a going concern is predicated on its ability to mount an adequate defense, including defenses to BP's cross-claims and third-party claims regarding potentially massive environmental liabilities against the Transocean limiting parties, as well as foreign corporate affiliates of the Transocean limiting parties. (Rec. Doc. No. 1763--Order providing that any BP cross or third-party claims against Transocean Inc. and Transocean Ltd.).

Thus, Transocean respectfully submits that for the below deponents, a minimum of 2.5 hours (150 minutes) of deposition time should be allotted to Transocean. We believe this can be accomplished by increasing the total examination time per deponent from 15 hours to 16.25 hours (with 8.25 hours the first day and 8 hours the second day or vice versa). Of course, Transocean is open to other arrangements that result in Transocean receiving 2.5 hours of deposition time, but keeping the 15 hour deposition limit in place.

The below named April depontents are BP drilling engineers that were directly involved in Macondo well engineering design and operations, including direct contact with the BP representatives aboard the Deepwater Horizon. Moreover, these BP engineering and operations employees developed Macondo well-related procedures which involved critical decisions affecting the safety and security of the Macondo well and

Deepwater Horizon. Evidence discovered to date reveals that many of their engineering and operations decisions were made in haste or on a last-minute basis involving circumstances of indecision, in-fighting, uncertainty, and serious disagreement within BP's organization.

David Sims – BP Wells Operations Manager and Drilling Engineer (Depo date: 4/6 & 7)

Brett Cocales – BP Drilling Engineer (4/18 & 19)

Kent Wells – BP Drilling Engineer (4/19 & 20)

Greg Walz – BP Drilling Engineer Team Leader (4/21 & 22)

Additionally, Transocean respectfully requests additional deposition time for Neil Cramond – BP Marine Authority for GOM Operations (on the calendar for 4/25 & 26). In his role at BP, Mr. Crammond was involved in a managerial capacity with the 2009 BP Audit of the Deepwater Horizon, which detailed various maintenance issues that BP requested be resolved. Rig maintenance has been an issue about which every other party in this case has attempted to be critical of Transocean. Much of the maintenance discussions have revolved around the results and follow-up relating to the 2009 BP Audit. Given that all the other parties which examine Mr. Crammond intend to develop evidence unfavorable to Transocean, Transocean respectfully submits that it be allocated no less than 2.5 hours for it to examine Mr. Crammond about these issues.

I will be happy to answer any follow-up questions the Court may have regarding the above requests for extra deposition time.

Respectfully,

Kerry Miller