UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** <br> **"Deepwater Horizon" in the Gulf** <br> **of Mexico, on April 20, 2010** | **MDL NO. 2179** <br><br> **SECTION J** |
| **Applies to:** *All Cases* | **JUDGE BARBIER** <br> **MAGISTRATE JUDGE SHUSHAN** |

## ORDER

**[Regarding Request of the State of Louisiana for deposition of Robert L. Long]**

On October 19, 2011, the District Judge signed Pretrial Order No. 11 (Case Management Order No. 1) (Rec. doc. 569). Fact depositions regarding casualty, spill, limitation and related issues could commence on or after January 18, 2011. The trial of liability, limitation, exoneration and fault allocation was set for February 27, 2012.

On November 16, 2010, the District Judge signed Pretrial Order No. 17, governing deposition guidelines. The deposition protocol was amended by Pretrial Order No. 27. Pursuant to these orders, July 31, 2011 is the deadline for fact depositions necessary as a predicate for the opinions of experts regarding blow-out, spill, limitation and related issues for the February, 2012 trial. Rec. doc. 1075. "If a person possesses information related only to damages or to issues not relevant to the Limitation Trial, the person shall not be deposed during the deposition period." Id. at 1-2. Disputes regarding any matters arising under the orders were to be brought, in the first instance, to the undersigned.

On January 28, 2011, the parties were ordered to prepare a non-binding list of the persons to be deposed during the "fact deposition period." Rec. doc. 1099. On February 10, 2011, the parties presented a list of 978 names with some designated as priorities to be deposed during the fact deposition period. On February 11, 2011, the parties were ordered to prepare a revised list of the

priority deponents required for preparation of expert reports. Rec. doc. 1240. The PSC was instructed to limit its request to fifty deponents. On February 17, 2011, the parties submitted a Master List of Potential Deponents with 197 deponents, including Rule 30(b)(6) depositions. Since February 17, 2011, there have been a few additions to and deletions from the Master List.

The parties took about twelve depositions in February. Additional depositions were taken in March. Depositions are set in April, May, June and July. The parties are required to multi-track the depositions.[1]

Louisiana is the only party requesting that Robert L. Long be deposed. At the March 25, 2011 working group conference, Transocean objected to producing Long before the July 31, 2011 deadline. Louisiana was ordered to provided a report on why his testimony is relevant to the issues to be tried on February 27, 2012. Rec. doc. 1778 at 15. On March 30, 2011, Louisiana submitted its report on Long. Rec. doc. 1853. At the April 1, 2011 working group conference there was discussion by Transocean and Louisiana counsel concerning Long's deposition.

Long was the CEO of Transocean from October 2002 through March 1, 2010. Louisiana contends that his testimony is relevant to Transocean's failure to safely manage the activities on the Deepwater Horizon during the time the well was drilled. It cites Long's participation in a 2009 evaluation of Transocean's safety processes and culture. The evaluation group reported to a steering committed consisting of Long and four others, including Adrian Rose, vice president and Senior Health, Safety and Environmental officer for Transocean. Rose will be deposed on April 25 and 26, 2011 as a fact witness and as a Transocean Rule 30(b)(6) designees.

Louisiana seeks Long's testimony on the jurisdictional issue raised by Transocean, Ltd. ("TO

---

[1] For example, five depositions are set for Thursday, June 26, 2011.

LTD."). It contends that he has intimate knowledge of the corporate structure and inter-relationship of the various Transocean entities. On January 28, 2011, TO LTD specially appeared and filed an agreed stipulation and scheduling order for jurisdictional discovery. Rec. doc. 1080. Pursuant to this order, the PSC will serve written jurisdictional discovery and a Rule 30(b)(6) deposition notice on TO LTD. The PSC will identity any fact witnesses to be deposed on the jurisdictional issue. Following the close of briefing on the jurisdictional issue on October 31, 2011, the District Judge will hold a hearing on TO LTD's personal jurisdiction challenge. Id.

Louisiana seeks Long's testimony on two issues: (1) safety; and (2) jurisdiction. The request for Long's testimony on the safety issue is duplicative of the information that Transocean will provide through other witnesses including the Rose deposition and Transocean's Rule 30(b)(6) deposition. The request for Long's testimony on the jurisdictional issue is duplicative of the discovery described in the January 28, 2011 stipulation for discovery on TO LTD's personal jurisdiction challenge.

IT IS ORDERED that Transocean is not required to make Robert L. Long available for his deposition during the "fact deposition period" as a witness necessary as a predicate for the opinion of experts regarding blow-out, spill, limitation and related issues for the February, 2012 trial. This does not prohibit the PSC from requesting Long's deposition on the jurisdictional issue.

New Orleans, Louisiana, this 4th day of April, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**