IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**[ORDER REGARDING MARITAL COMMUNICATIONS
OF BP EMPLOYEE BRIAN MOREL]**

1. This Protective Order applies to all communications between BP employee Brian Morel and his wife, Jade Morel, which have been produced, or will be produced in the future, in discovery by Defendant BP ("Marital Communications").[1] Marital Communications include, but are not limited to, those documents that are the subject of the Court's Order [Regarding Marital Privilege Asserted by Brian Morel], issued on March 28, 2011 (Dkt. 1777). A Marital Communication shall be treated in accordance with the protections and procedures outlined herein, regardless of whether it is marked as "Confidential" or "Highly Confidential," pursuant to Pre-Trial Order No. 13.

2. With respect to any Marital Communication produced by BP, counsel for Mr. Morel shall be permitted to propose redactions to any Marital Communication on the ground that the Marital Communication is private or personal in nature and is not relevant to any material issue in this case. Counsel for Mr. Morel will provide proposed redactions of Marital Communications to designated representatives of the parties. The proposed redaction shall be

---

[1] A "Marital Communication" includes communications between the Morels only. A "Marital Communication" does not include any communication between the Morels and any third party.

highlighted in yellow so as to permit the parties' designated representatives to read and to assess the proposed redaction ("Highlighted Set of Redactions").

3. The parties' designees shall meet and confer with counsel for Mr. Morel with respect to any proposed redaction of Marital Communications. If the parties cannot reach agreement on a redaction, such disagreement shall be resolved by the Court or her designee ("the Court"). The Court's ruling with respect to a redaction shall be final and unappealable, either by Mr. Morel or a party.

4. Upon agreement by the parties and counsel for Mr. Morel, or a ruling by the Court, with respect to the proposed redaction of any Marital Communication, the redacted version of the Marital Communication shall become the operative document in this case. The parties shall return to counsel for Mr. Morel the Highlighted Set of Redactions, and shall not retain any copy. Counsel for Mr. Morel shall retain of copy of the Highlighted Set of Redactions.

5. Further, upon agreement by the parties and counsel for Mr. Morel, or a ruling by the Court, with respect to the redaction of any Marital Communication, a party shall destroy any and all copies of the unredacted Marital Communication in its possession.

6. Mr. Morel's proposal of redactions to any Marital Communication shall not be deemed a waiver of the marital communications privilege or any other applicable privilege, except with respect to the Marital Communication to which he has proposed a redaction.

New Orleans, Louisiana, this 4th day of April, 2011.

_____
**SALLY SUSHAN**
**United States Magistrate Judge**

**Clerk to serve:**

William W. Taylor, III *via email wtaylor@zuckerman.com*
Zuckerman Spaeder LLP