**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | |
| *United States of America v.* | * | |
| *BP Exploration & Production, Inc., et al.,* | * | |
| **Civil Action No. 10-04536** | * | |
| | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER OF ANADARKO PETROLEUM CORPORATION TO THE COMPLAINT**
**OF THE UNITED STATES OF AMERICA**

Defendant Anadarko Petroleum Corporation ("APC"), by and through its undersigned

counsel, answers the Complaint of the United States of America dated December 15, 2010 ("the

Complaint") as follows:

## NATURE OF THE ACTION

1.      The allegations in Paragraph 1 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  To the extent a response is deemed required, APC admits that an explosion and fire occurred on the mobile offshore drilling unit ("MODU") *Deepwater Horizon* on April 20, 2010, approximately 50 miles from the Mississippi River delta, resulting in the loss of eleven lives and injuries to workers onboard the MODU and the release of oil into the waters of the Gulf of Mexico, but is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 1 of the Complaint and therefore denies same.

2.      The allegations in Paragraph 2 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  To the extent a response is required, APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies same.

3.      The allegations in Paragraph 3 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  To the extent a response is required, APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 of the Complaint and therefore denies same. APC denies the allegations in the last sentence of Paragraph 3 to the extent it implies that Plaintiff is entitled to such relief from APC in this matter.

4.      The allegations in Paragraph 4 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  In addition, to the extent the first two sentences of Paragraph 4 assert characterizations of law, APC refers to the Clean Water Act for its words, substance, meaning, content or context thereof.  To the extent Paragraph 4

contains conclusions of law, no response is required.  APC denies the allegations in the last sentence of Paragraph 4 to the extent they imply that Plaintiff is entitled to such relief against APC in this matter.

5.     The allegations in Paragraph 5 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  To the extent a response is required, APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 of the Complaint and therefore denies same. APC reserves its rights in full to amend this Answer in response to any amendments by the Plaintiff.

6.     The allegations in Paragraph 6 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  To the extent Paragraph 6 contains conclusions of law, no response is required.

7.     The allegations in Paragraph 7 of the Complaint consist of Plaintiff's characterization of the nature of its case and require no response.  The United States' Complaint erroneously named Anadarko Exploration & Production LP as a Defendant in this action.  The parties have stipulated and agreed to a substitution of parties, and Anadarko Exploration & Production LP has been replaced with Anadarko E&P Company LP ("Anadarko E&P"). Anadarko E&P is filing a separate response to the Complaint.

<u>JURISDICTION AND VENUE</u>

8.     The allegations in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  Nonetheless, APC admits that this Court has subject matter jurisdiction over the claims asserted against APC in the Complaint pursuant to 28 U.S.C. §1331, 33 U.S.C. §1321(b)(7)(E), and 33 U.S.C. §1321(n).

9.      The allegations in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required.

## THE *DEEPWATER HORIZON*

10.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 of the Complaint and therefore denies same.  The second sentence of Paragraph 10 is a characterization of the references used in the Complaint and no response is required.

11.     APC admits the allegations in Paragraph 11 of the Complaint to the extent the MODU *Deepwater Horizon* was a vessel capable of being used to drill offshore wells.

12.     APC admits that the *Deepwater Horizon* had as part of its operating equipment and appurtenances a Blowout Preventer and a Lower Marine Riser Package, a marine riser, associated piping and other equipment.  The remainder of the allegations in Paragraph 12 are conclusions of law to which no response is required.

13.     APC admits that an explosion and fire occurred on the *Deepwater Horizon* on April 20, 2010, and that the *Deepwater Horizon* subsequently sank.  APC is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.

## THE DEFENDANTS

15.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16.     APC admits that Anadarko E&P was incorporated in the State of Delaware and is registered to do business in the State of Louisiana, and denies the remainder of the allegations in Paragraph 16 of the Complaint.

17.     APC admits that APC was incorporated in the State of Delaware and is registered to do business in the State of Louisiana, and denies the remainder of the allegations in Paragraph 17 of the Complaint.

18.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23.     APC admits the allegations in Paragraph 23 of the Complaint.

<u>GENERAL ALLEGATIONS</u>

24.     APC admits the allegations in Paragraph 24 of the Complaint.

25.     APC admits the allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 consist of conclusions of law to which no response is required.  To the extent they require a response, APC is without sufficient

information or knowledge to form a belief as to the truth of the allegations of "various dates" and "various agreements" and therefore denies same.

27.     In response to the allegations in Paragraph 27, APC refers to the source cited for its words, substance, meaning, content or context thereof, which speaks for itself.  APC admits that on or about November 18, 2009, BP Exploration & Production Inc. ("BP") and MOEX Offshore entered into the Macondo Prospect Offshore Deepwater Operating Agreement (hereinafter referred to as "Operating Agreement"), which was effective as of October 1, 2009, and that MOEX Offshore obtained a 10% record title interest in Lease No. OCS-32306.  APC denies the remainder of the allegations in Paragraph 27.

28.     APC admits that on February 23, 2010, the Minerals Management Service approved the assignment by BP of a 10% record title interest in Lease No. OCS-32306 to MOEX Offshore.  Such assignment was effective October 1, 2009.

29.     In response to the allegations in Paragraph 29, APC refers to the source cited for its words, substance, meaning, content or context thereof, which speaks for itself.  APC admits that BP, APC and Anadarko E&P executed a Lease Exchange Agreement on December 17, 2009, which was effective October 1, 2009, and that under the Lease Exchange Agreement, BP assigned to APC and Anadarko E&P 25% of its record title interest in Lease No. OCS-32306. The Lease Exchange Agreement further provided that 22.5% of that record title interest was assigned to Anadarko E&P and 2.5% of the record title interest was assigned to APC, and that, following the assignment by BP to Anadarko E&P, Anadarko E&P would assign its interest to APC.  APC also admits that BP, APC, Anadarko E&P, and MOEX Offshore executed a Ratification and Joinder of Operating Agreement effective October 1, 2009 by BP, APC and Anadarko E&P.

30.     APC admits that on February 23, 2010, the Minerals Management Service approved the assignment by BP of a 22.5% record title interest in Lease No. OCS-32306 to Anadarko E&P.  Such assignment was effective October 1, 2009.

31.     APC admits that on February 23, 2010, the Minerals Management Service approved the assignment by BP of a 2.5% record title interest in Lease No. OCS-32306 to APC. Such assignment was effective October 1, 2009.

32.     The allegations in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.  APC incorporates by reference its responses to Paragraphs 27-31.

33.     APC admits that, on April 20, 2010, and until at least April 28, 2010, BP held a 65% interest in Lease No. OCS-G 32306 and MOEX Offshore held a 10% interest in Lease No. OCS-G 32306, and denies the remainder of the allegations in Paragraph 33 of the Complaint.  On April 15, 2010, Anadarko E&P assigned its 22.5% record title interest in Lease No. OCS-G 32306 to APC, which assignment was approved by the Minerals Management Service, effective April 1, 2010.

34.     APC denies the allegations in Paragraph 34 of the Complaint.

35.     In response to the allegations in Paragraph 35 of the Complaint, APC refers to the source cited for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.

36.     In response to the allegations in the first two sentences in Paragraph 36 of the Complaint, APC refers to the source cited for its words, substance, meaning, content or context thereof, and, to the extent that these allegations require a response, they are denied.  APC denies the allegations in the third sentence of Paragraph 36 of the Complaint.

37.     In response to the allegations in the first sentence of Paragraph 37, APC refers to the source cited for its words, substance, meaning, content or context thereof, and they, therefore, are denied.  APC denies the allegations in the second sentence in Paragraph 37.

38.     In response to the allegations in Paragraph 38 of the Complaint, APC refers to the sources cited for their words, substance, meaning, content or context thereof.  APC admits that APC, Anadarko E&P and MOEX Offshore designated BP as the operator and local agent (designated operator) pursuant to 30 C.F.R. §250.143 and §250.145, and that such designation was approved by the Minerals Management Service on or about February 23, 2010.  The remainder of the allegations in Paragraph 38 constitute conclusions of law to which no response is required.  To the extent a response is required for the remainder of the allegations, they are denied.

39.     The allegations in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required.

40.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies same.

41.     APC admits that drilling operations for an exploratory well within Block 252, Mississippi Canyon, Official Protraction Diagram NH 16-10, pursuant to Lease No. OCS-G 32306 began on or about October of 2009.  The second sentence in Paragraph 41 is a characterization of the references used in the Complaint and no response is required.

42.     The allegations in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, they are denied.

43.     APC admits that Transocean Marianas, a mobile offshore drilling unit, was used for the drilling operations within Block 252, Mississippi Canyon, Official Protraction Diagram

NH 16-10, pursuant to Lease No. OCS-G 32306 starting on or about October of 2009 and ending on or about November 2009.  APC is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 43 of the Complaint and therefore denies same.

44.     APC admits that the *Deepwater Horizon*, a mobile offshore drilling unit, replaced Transocean Marianas for the purpose of drilling operations within Block 252, Mississippi Canyon, Official Protraction Diagram NH 16-10, pursuant to Lease No. OCS-G 32306, and drilling operations resumed on or about February of 2010 and continued until April 2010.

45.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

47.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.     APC denies the allegations in Paragraph 48 of the Complaint.

49.     APC denies the allegations in Paragraph 49 of the Complaint.

50.     APC denies the allegations in Paragraph 50 of the Complaint.

51.     APC denies the allegations in Paragraph 51 of the Complaint.

52.     APC denies the allegations in Paragraph 52 of the Complaint.

53.     APC denies the allegations in Paragraph 53 of the Complaint.

54.     APC denies the allegations in Paragraph 54 of the Complaint.

55.     APC denies the allegations in Paragraph 55 of the Complaint.

56.     APC denies the allegations in Paragraph 56 of the Complaint.

57.     APC admits that explosions and a fire occurred aboard the *Deepwater Horizon* on April 20, 2010.  APC denies the remainder of the allegations in Paragraph 57 of the Complaint.

58.     APC admits that the explosions and fire occurring aboard the *Deepwater Horizon* on April 20, 2010, resulted in the loss of eleven lives and the injuries of other persons aboard the *Deepwater Horizon*.  APC is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 58 of the Complaint and therefore denies same.

59.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies same.

60.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies same.

61.     APC admits that, on or about April 20, 2010, oil flowed from the *Deepwater Horizon* into and upon waters of the Gulf of Mexico and that, after April 20, 2010, oil flowed from the *Deepwater Horizon*, including the BOP stack and the marine riser, into and upon waters of the Gulf of Mexico and adjoining shorelines of the United States.  APC denies the remainder of the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, APC refers to the source cited for its words, substance, meaning, content or context thereof.

63.     APC admits that oil flowed from the *Deepwater Horizon*, the BOP stack, and the marine riser into the waters of the Gulf of Mexico and came to rest on certain shorelines of the United States.  APC is without sufficient information or knowledge to form a belief as to the

truth of the remainder of the allegations in Paragraph 63 of the Complaint and therefore denies same.

64.    The allegations in Paragraph 64 of the Complaint constitute conclusions of law to which no response is required.

65.    The allegations in Paragraph 65 of the Complaint constitute conclusions of law to which no response is required.

66.    APC admits that at certain concentrations oil may be harmful to natural resources. APC is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 66 of the Complaint and therefore denies same.

67.    APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies same.

68.    The allegations in Paragraph 68 of the Complaint constitute conclusions of law to which no response is required.

69.    APC denies the allegations in Paragraph 69 of the Complaint.

## FIRST CLAIM FOR RELIEF

70.    APC restates and incorporates by reference its responses in Paragraphs 1 through 69 above as if fully set forth herein.

71.    The allegations in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required.

72.    The allegations in Paragraph 72 of the Complaint constitute conclusions of law to which no response is required.

73.    The allegations in Paragraph 73 of the Complaint constitute conclusions of law to which no response is required.

74.     The allegations in Paragraph 74 of the Complaint constitute conclusions of law to which no response is required.

75.     The allegations in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required.

76.     APC denies the allegations in Paragraph 76 of the Complaint.

<u>SECOND CLAIM FOR RELIEF</u>

77.     APC restates and incorporates by reference its responses in Paragraphs 1 through 76 above as if fully set forth herein.

78.     The allegations in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required.

79.     The allegations in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required.

80.     The allegations in Paragraph 80 of the Complaint constitute conclusions of law to which no response is required.

81.     The allegations in Paragraph 81 of the Complaint constitute conclusions of law to which no response is required.

82.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegation that "BP has admitted that it is a 'responsible party' within the meaning of OPA."  The remainder of the allegations in Paragraph 82 of the Complaint constitute conclusions of law to which no response is required.

83.     The allegations in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required.

84.     The allegations in Paragraph 84 of the Complaint constitute conclusions of law to which no response is required.

85.     The allegations in Paragraph 85 of the Complaint constitute conclusions of law to which no response is required.

86.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations as to damages incurred.  The remainder of the allegations in Paragraph 86 of the Complaint constitute conclusions of law to which no response is required.

87.     The allegations in Paragraph 87 of the Complaint constitute conclusions of law to which no response is required.

88.     APC is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore denies same.

89.     The allegations in Paragraph 89 of the Complaint constitute conclusions of law to which no response is required.

90.     The allegations in Paragraph 90 of the Complaint constitute conclusions of law to which no response is required.  APC further states, upon information and belief, that BP entered into an agreement with Plaintiff to satisfy the obligations under the Oil Pollution Act arising from the Deepwater Horizon incident, including, but not limited to, the Deepwater Horizon Oil Spill Trust agreement dated as of August 6, 2010.

91.     APC denies the allegations in Paragraph 91 of the Complaint.

## RESERVATION OF RIGHTS AND NOTICE

92.     Paragraph 92 constitutes a characterization of Plaintiff's reservation of rights to which no response is required.  APC expressly reserves the right to amend its Answer in response to any amended or new complaint filed by Plaintiff and any rights and defenses it may

have with respect to any amended or new complaint and any administrative proceeding initiated by Plaintiff.

## GENERAL DENIAL

APC denies each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are precluded because the conduct of APC was authorized, either expressly or impliedly, by the Plaintiff and/or other statutory or legislative authority.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are precluded because any violations and/or damages that may have occurred were proximately caused by the acts or omissions of persons other than APC, or by the superseding intervention of causes outside the control of APC.

## FOURTH AFFIRMATIVE DEFENSE

One or more of the claims in the Complaint do not impose joint and several liability, and, to the extent joint and several liability is appropriate, APC is not jointly and severally liable for the damages alleged in the Complaint based on divisibility of the harms alleged.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has reached accord and satisfaction with one or more of the defendants or third party and/or has otherwise received full payment from one or more of the defendants or third party for removal costs it has incurred and damages it has sustained.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not reasonably mitigated damages.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff conducted, directed or approved the actions associated with the Deepwater Horizon incident.  As such, Plaintiff's claims are barred, in part, due to the doctrine of estoppel or ratification.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, damages alleged by Plaintiff were the result of the comparative fault or negligence of the Plaintiff or of other parties or as a result of actions by Plaintiff that were arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff seeks to impose liability and/or an excessive fine in violation of the Due Process Clause of the United States Constitution and the Eighth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any payment of damages, fines and/or penalties are required by others related to the same incident alleged as the basis for

Plaintiff's claims, and the damages and penalties sought by Plaintiff must be offset to the extent of any such assessment or payment of damages and other fines and/or penalties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with 33 U.S.C. §2713 for purposes of its Oil Pollution Act claim.

### TWELFTH AFFIRMATIVE DEFENSE

If it is determined that APC is liable as a responsible party under the Oil Pollution Act for all or any part of Plaintiff's damages, the amount of APC's liability is limited pursuant to 33 U.S.C. §2704(a).

### THIRTEENTH AFFIRMATIVE DEFENSE

If it is determined that APC is found liable to Plaintiff, APC is entitled to contribution from other parties or entities.  To the extent a counterclaim rather than an affirmative defense is necessary to preserve such right to obtain contribution from any potentially liable party, including the Plaintiff, APC files this paragraph as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE

If it is determined that APC is found liable to Plaintiff, APC is entitled to indemnity from other parties or entities.

### FIFTEENTH AFFIRMATIVE DEFENSE

Injunctive relief is not available to Plaintiff under the claims alleged, and the request for injunctive relief is barred because there is adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

APC will rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves its right to amend this Answer for purposes of asserting additional defenses.

## PRAYER FOR RELIEF

THEREFORE, APC prays for judgment as follows:

1.       To the extent the Complaint seeks civil penalties under the Clean Water Act against APC it is denied;

2.       To the extent the Complaint seeks declaratory judgment that all defendants are jointly and severally liable without limitation under the Oil Pollution Act for all removal costs and damages resulting from the Deepwater Horizon Spill, it is denied;

3.       To the extent the Complaint seeks injunctive relief, it is denied;

4.       Judgment on the merits in favor of APC and against the Plaintiff; and

5.       For such other relief that this Court may deem just and proper.

Respectfully submitted,

BINGHAM MCCUTCHEN LLP

_____/s/ James J. Dragna_____

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com

17

Sandra P. Franco
s.franco@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

Dated: April 4, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Anadarko Petroleum Corporation to the Complaint of the United States of America has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of April, 2011.

/s/ James J. Dragna<br>
James J. Dragna

A/73625225.8