UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, | § | |
| on APRIL 20, 2010 | § | SECTION: J |
| | § | |
| | § | |
| THIS PLEADING RELATES TO: | § | |
| | § | JUDGE BARBIER |
| No. 2:11-cv-258 | § | MAG. JUDGE SHUSHAN |
| No. 2:11-cv-259 | § | |

## THE ST. JOE COMPANY'S SUR-REPLY MEMORANDUM IN OPPOSITION TO HALLIBURTON'S AND M-I'S REQUESTS FOR INJUNCTIVE RELIEF IN AID OF THIS COURT'S JURISDICTION

The St. Joe Company ("St. Joe") files this Sur-Reply Memorandum in Opposition to the

Request of Halliburton Energy Services, Inc. ("Halliburton") and the Motion of M-I

L.L.C. ("M- I") for Injunctive Relief in Aid of This Court's Jurisdiction Over St. Joe, as follows:

**I.**

## PRELIMINARY STATEMENT

In response to Halliburton's and M-I's Reply Briefs, St. Joe respectfully submits that this

Court should deny Halliburton's Request and M-I's Motion for injunctive relief for two reasons

in addition to those set forth in St. Joe's opening Memorandum.[1]  First, St. Joe's dismissal of the

above-numbered actions (the "Transferred Actions") pursuant to Rule 41(a)(1)(A)(i) was

effective and proper as a matter of law.  Because Halliburton's Rule 12(b)(6) motion had not

been converted to a motion for summary judgment prior to the filing of St. Joe's notices of

---

[1] *See* St. Joe's Memorandum in Opposition to Halliburton's and M-I's Motions for Injunctive Relief, filed March 31, 2011 (D.I. 1824).

dismissal, there was no "answer or motion for summary judgment" precluding dismissal. Importantly, the Fifth Circuit has repeatedly recognized the propriety of such dismissals of removed actions in deference to subsequent state court suits, even over defendants' cries of "forum shopping" and requests for injunctions prohibiting such conduct.

Second, the relief requested by Halliburton and M-I is unprecedented in the circumstances presented here, and the decisions they cite in support of their request are inapposite.  In fact, those authorities are so closely distinguishable as to call into question the good faith of Movants' efforts to derail the Delaware Action.  For all these reasons, Halliburton's and M-I's requests for extraordinary injunctive relief should be denied.

## II.

## ARGUMENT AND AUTHORITIES

### A.   St. Joe's Dismissal Of The Transferred Actions Against Halliburton And M-I Was Effective And Proper As A Matter Of Law.

In its Reply, Halliburton asserts that:  (1) St. Joe's Rule 41(a)(1)(A) dismissal of the Transferred Action against it was ineffective due to the alleged pendency of a "motion for summary judgment" at the time of that dismissal;[2] and (2) even if effective, that dismissal constituted an improper affront to this Court's jurisdiction over the MDL proceedings – thereby necessitating an order enjoining the prosecution of St. Joe's Delaware Action.[3]  Both of those

---

[2] *See* Halliburton's Reply at 4-5; *see also id.* at 5 ("[F]or the purposes of Rule 41, [Halliburton's] 12(b) motions to dismiss are 'summary judgment motions' which preclude St. Joe from procuring an automatic dismissal of its case . . . St. Joe's 'Notice of Dismissal' was ineffective under Rule 41.").

[3] *Id.* at 6 ("If St. Joe is allowed to dismiss its pending claims against [Halliburton] in this proceeding while simultaneously re-filing those very claims in Delaware state court, this Court's prior rulings in decrees as they relate to the St. Joe claims will be nullified."); *id.* at 9 (same).

arguments (the second of which M-I also asserts with respect to the Transferred Action against it[4]) are without merit.

1.    **St. Joe's dismissal of its Transferred Actions against Halliburton and M-I pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure was effective upon the filing of its notices.**

Pursuant to Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[5]  Availing itself of the rights afforded by that Rule, St. Joe voluntarily dismissed the Transferred Actions without prejudice on March 27, 2011, by filing appropriate notices of dismissal.[6]

Nowhere in its Request for "injunctive relief in aid of this court's pre-trial jurisdiction" did Halliburton challenge (let alone deny) the efficacy of St. Joe's dismissal of the Transferred Actions.  Now, however, in its Reply, Halliburton disputes the effectiveness of St. Joe's dismissal of the Transferred Halliburton Action.[7]

The *sole* basis of Halliburton's belated argument is that it filed a Rule 12(b)(6) motion to dismiss in the Delaware District Court, prior to transfer, and then again in this MDL proceeding,

_____

[4]  *See* M-I's Reply at 3-4 (reference to "circumventing the pretrial Orders of this Court and the Transfer Order of the JPML"); *id.* at 8 ("An injunction is necessary to protect this Court's jurisdiction.").

[5]  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  None of the qualifications to that rule (relating to class actions and receivers) applies here.

[6]  *See* St. Joe's Notice of Dismissal of 2:11-cv-00258 (the "Transferred Halliburton Action"), filed March 27, 2011 (D.I. 1772); *see also* St. Joe's Notice of Dismissal of 2:11-cv-00259 (the "Transferred M-I Action"), filed March 27, 2011 (D.I. 1773) (together, the "Transferred Actions").  Both of St. Joe's notices of dismissal expressly state that "pursuant to Fed. R. Civ. P. 41(a)(1)(A), plaintiff The St. Joe Company voluntarily dismisses the above-captioned action . . . without prejudice."  *See id.*

[7]  *See* Halliburton's Reply at 3-5.

following transfer – each of which is now alleged to be a "summary judgment motion" under Rule 56.[8]  Halliburton reasons that, because its "motions to dismiss" also "included matters outside the pleadings,"[9] they must be motions for summary judgment.

The *sole* authority cited by Halliburton in support of its argument (*i.e.*, that its motions were something other than what they were denominated) is the Fifth Circuit's decision in *Exxon*[10] – which is demonstrably inapposite.  The motion to dismiss in *Exxon* was "converted into a motion for summary judgment,"[11] unlike Halliburton's motion in the Delaware District Court (on which no ruling was ever made) and its motion in the MDL proceedings (to which no responses had been filed at the time St. Joe dismissed the Transferred Actions and on which this Court has made no ruling).

Rule 12(d) permits a Rule 12(b)(6) motion to dismiss to "be treated as one for summary judgment under Rule 56" <u>only</u> if matters outside the pleading are "not excluded by the court" and the parties are "given a reasonable opportunity to present all the material that is pertinent to" a motion for summary judgment.[12]  None of those events had occurred – or *could* have occurred – with respect to either Halliburton's motion to dismiss in the Delaware District Court, or its subsequent motion to dismiss in these MDL proceedings, at the time St. Joe filed its notices to dismiss the Transferred Actions under Rule 41(a)(1)(A)(i).  Significantly, conversion of a Rule

---

[8] *Id.* at 4-5.

[9] *Id.*  Of course, this Court should view Halliburton's belated argument with appropriate skepticism in light of the context in which it is made – namely, an effort to avoid the efficacy of a Rule 41(a)(1)(A)(i) voluntary notice of dismissal without prejudice.

[10] *See* Halliburton's Reply at 4-5, citing *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659 (5th Cir. 1979).

[11] *See Exxon*, 599 F.2d at 661.

[12] *See* Fed. R. Civ. P. 12(d).

12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment requires formal court action[13] – which never occurred here.

In light of the fact that neither of Halliburton's Rule 12(b)(6) motions had been "converted into a motion for summary judgment" at the time St. Joe dismissed the Transferred Actions, the holding in *Exxon* does not apply.  Indeed, the Fifth Circuit in *Exxon* made clear:

> As we have noted, the purpose of the rule [set forth in Rule 41(a)(1)(A)(i)] is to permit a plaintiff to take the case out of the court at an early stage if no other party will be prejudiced.  The filing of an answer or a motion for summary judgment is a bright-line way to determine when that early stage has ended.  The rule operates peremptorily without regard to the amount of effort expended in a particular case.[14]

In sum, St. Joe properly availed itself of its dismissal rights under Rule 41(a)(1)(A)(i) by filing a voluntary notice of dismissal of the Transferred Actions without prejudice prior to the filing by Halliburton or M-I of an answer or a motion for summary judgment.[15]

---

[13] *See In Re Bath and Kitchen Fixtures Antitrust Litig.,* 535 F.3d 161, 166 (3rd Cir. 2008) ("Only when a motion filed under Fed. R. Civ. P. 12(b)(6) is converted *by the district court* into a motion for summary judgment does it bar voluntary dismissal.") (emphasis added); *New Orleans Flooring Supply, Inc. v. Hennessey,* 53 F.3d 1280, *1 (5th Cir. 1995) (rejecting contention that mere attachment of affidavits to a motion to dismiss automatically converts that motion to a motion for summary judgment, explaining that "the district court had discretion to consider the attached affidavits, converting a motion or not, depending on whether it considered the extra-pleadings matters.").

[14] *See Exxon*, 599 F.2d at 662.

[15] In a final attempt to salvage a Rule 41 argument, Halliburton contends that St. Joe violated this Court's Local Rule 41.1 through its failure to include "a statement of its intention to re-file its suit" at the time it filed the Rule 41(a)(1) notices of dismissal.  Local Rule 41.1 provides:  "*Except as provided in FRCP 41(a)(1),* if an attorney proposes to dismiss a suit with the intention of refiling it, the attorney must clearly state that intention in the motion to dismiss" (emphasis added).  Because St. Joe properly dismissed the Transferred Actions pursuant to Rule 41(a)(1), it was under no obligation to comply with Local Rule 41.1  Indeed, Rule 41(a)(1) notices, unlike Rule 41(a)(2) motions for court-ordered dismissal, do not require court action and thus do not involve motion practice at all – a fact that further confirms the inapplicability of Local Rule 41.1 to St. Joe's voluntary dismissals.  Accordingly, St. Joe was not required to include any statement of its intentions with those notices.

**2.    St. Joe's election to voluntarily dismiss the Transferred Actions in deference to its filing of the Delaware Action was a perfectly proper, good faith exercise of its unqualified right to do so.**

Given that St. Joe's Rule 41(a)(1)(A)(i) notices of dismissal of the Transferred Actions were effective upon filing, the only remaining question is whether those dismissals, though effective, constituted an improper exercise of St. Joe's right to dismiss so as to warrant the issuance of an injunction from this Court prohibiting St. Joe's prosecution of the newly-filed Delaware Action.  As the Fifth Circuit itself has held, the answer to that question is a resounding "no."

Rule 41(a)(1)(A)(i) confers upon plaintiff an "absolute right" to dismiss,[16] and the effect of such a dismissal "is to put the plaintiff in a legal position as if he had never brought the first suit."[17]  In exercising such rights, plaintiff "suffers no impairment beyond his fee for filing,"[18] and "is free to return to the dismissing court or other courts at a later date with the same claim."[19]

In reversing an order granting an injunction prohibiting a plaintiff from prosecuting an action in state court that had previously been voluntarily dismissed under Rule 41(a)(1)(A) in the underlying district court, the Fifth Circuit noted:

> [P]laintiffs in removed cases frequently use the rule to re-file an action in state court to secure their preferred forum . . . 9 Charles Alan Wright & Athur R. Miller, *Federal Practice and Procedure*, § 2623.  *See also Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997) (noting that Rule 41(a)(1)(A) essentially

---

[16] *See Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977).

[17] *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976).  *See also Ford v. Sharp*, 758 F.2d 1018, 1023-4 (5th Cir. 1985) ("If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed.").

[18] *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

[19] *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-6, 121 S. Ct. 1021, 1049 (2001).

permits forum shipping); *Int'l Commc'ns, Inc. v. Rates Tech, Inc.*, No. CV 88-0377, 1988 WL 49214 (E.D. N.Y. May 10, 1988) (rejecting the defendants' argument that the interests of justice prevented voluntarily dismissal under Rule 41(a)(1)(A) when the parties had litigated venue for one and a half years and the case was ultimately transferred).  While this may seem distasteful to opposing parties, we have "consistently held that Rule 41(a)(1)(A) means what it says . . . [and] [d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1)(A) may do so by taking the simple step of filing an answer."  *Carter*, 547 F.2d at 258-59.[20]

Of further importance, the Fifth Circuit also stated that in the event there is any question regarding the propriety of a requested injunction against the prosecution of an action in another court, that question must be resolved in favor of permitting the other action to proceed.[21]

In sum, contrary to Halliburton's and M-I's protestations, it is <u>not</u> an act of improper "forum shopping" for plaintiff to exercise its one-time right to dismiss an action, at an early phase of that litigation (which Rule 41 defines to be prior to defendant's filing of an answer or summary judgment motion[22]) and without leave of court, in strict compliance with Rule 41(a)(1)(A)(i).  The leading commentators on federal practice and procedure state that voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A) "effectively erases the dismissed action

---

[20] *See Harvey*, 434 F.3d at 324 n.15.

[21] *Id.* at 324 ("If there is any question as to the propriety of an injunction, we must resolve it in favor of permitting the state court action to proceed.").  The ultimate basis for the *Harvey* Court's appellate order vacating the injunction was the absence of an underlying final judgment that would have triggered the "relitigation exception" to the Anti-Injunction Act.  *See id.* at 324-5.

[22] *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (granting plaintiff an absolute right to "dismiss an action without a court order" if a notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment").  One benefit of the "bright-line" rule set forth in Rule 41 is that it gives fair notice to all parties of when plaintiff may automatically dismiss a case.  Halliburton and M-I, however, seek to blur that "bright-line" by requesting sanctions-like injunctive relief as a result of St. Joe's invocation of Rule 41 – asking the Court to base such relief on the amount of effort Halliburton and M-I believe they have put into the defense of the Transferred Actions in this Court.  As discussed above, such arguments have already been addressed and rejected by the Fifth Circuit.

and permits the initiation of a second action," even if the "dismissal is palpably tactical."[23]  In fact, the Fifth Circuit has held:  "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or court," and "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play."[24]

As a matter of law, Halliburton's and M-I's requests for injunctive relief arising from St. Joe's proper and effective exercise of its Rule 41(a)(1)(A)(i) right to voluntarily dismiss the Transferred Actions without prejudice and file the Delaware Action must be denied.

**B.    Halliburton's And M-I's Requests For An Injunction Against St. Joe's Prosecution Of The Delaware Action Is As Unprecedented As It Is Unwarranted.**

As a final matter, Halliburton and M-I rely on the Fifth Circuit's decision in *Qureshi*[25] for the proposition that injunctions have been issued in "analogous cases"[26] and, therefore, that the relief they request is "not unprecedented."[27]  However, the *Qureshi* decision, like virtually every other Fifth Circuit case on which Halliburton and M-I place emphasis,[28] is plainly inapposite.

---

[23] 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2367.

[24] *See Am. Cyanamid*, 317 F.2d at 297.

[25] *See Qureshi v. United States*, 600 F.3d 523 (5th Cir. 2010).

[26] *See* M-I's Reply at 4.

[27] *See* Halliburton's Reply at 7.

[28] The other decisions cited by Halliburton and M-I in support of their argument that courts retain ancillary jurisdiction over actions following dismissal (*see* M-I's Reply at 4-5; Halliburton's Reply at 7) are inapposite, because in each of those cases plaintiffs had filed *frivolous* suits.  *See Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 389-91 (1990) (granting Rule 11 sanctions where plaintiff's attorneys failed to make pre-filing inquiries to support complaint allegations); *Ratliff v. Stewart*, 508 F.3d 225, 227-29 (5th Cir. 2007) (granting sanctions where plaintiff's attorneys failed to dismiss wrongly-identified defendant more than one month after learning of their mistake); *Farguston v. MBank Houston*, 808 F.2d 358, 359 (5th Cir. 1986) (enjoining future suits by plaintiff who had twice filed "frivolous and irrational" complaints against same defendants).  In this action, neither Halliburton nor M-I has ever alleged that St. Joe's claims are "irrational or frivolous."  *Compare Farguston*, 808 F.2d at 359.  In

8

*Qureshi* involved an individual alleging "unlawful detention by the Department of Homeland Security" who had "filed four lawsuits in the Southern District of Texas that ha[d] been dismissed without prejudice" <u>prior</u> to his filing a fifth complaint in the same court – which, again, "Qureshi voluntarily dismissed" pursuant to Rule 41(a)(1)(A)(i).[29]   Based on plaintiff's "persistent abuse of the judicial process," the district court entered an injunction requiring its written permission before initiating any further lawsuits.[30]   While the Fifth Circuit noted the existence of precedent permitting "pre-filing injunctions on vexatious litigants," it vacated the injunction issued by the district court due to the lack of sufficient notice to plaintiff and opportunity to be heard.[31]

For obvious reasons, the *Qureshi* decision is inapplicable to St. Joe.  As discussed above, the one-time utilization of Rule 41(a)(1)(A)(i) in dismissing removed actions in deference to the filing of a subsequent state court action is perfectly proper.[32]   Furthermore, Halliburton and M-I do not request an order requiring court approval prior to the filing of any <u>future</u> suits; rather, they

---

addition, M-I erroneously cites to *In re Managed Care Litig*, 236 F. Supp. 2d 1336, 1345 (S.D.Fla. 2002) for the broad proposition that the All Writs Act vests MDL courts with plenary authority to enjoin actions in other federal courts.  *See* M-I's Reply at 6.  The *Managed Care* holding was hardly so broad.  To the contrary, that court in that case faced a unique situation in which class counsel had actions pending both in Illinois (with Illinois plaintiffs) and in an MDL (with nationwide plaintiffs), but attempted to sidestep the MDL court's jurisdiction by re-certifying the Illinois class to encompass all nationwide plaintiffs and then entering a settlement agreement covering all plaintiffs for approval by the Illinois court without informing the Illinois court that the MDL had previously certified an identical class.  The MDL court rightly called class counsel's deceptive tactics "underhanded maneuvers" and enjoined the Illinois case.  *In re Managed Care Litig.*, 236 F. Supp. 2d at 1342.  Here, in contrast, St. Joe properly utilized its voluntary right to dismiss the Transferred Actions pursuant to Rule 41(a)(1)(A)(i).

[29] *See Qureshi*, 600 F.3d at 524.

[30] *Id.*

[31] *Id.* at 526.

[32] *See supra* § II.A.2.

seek an All Writs Act injunction barring St. Joe's further prosecution of the <u>pending</u> Delaware Action.  As demonstrated, their requests for that relief lack merit as a matter of law and fact.

**III.**

<u>**CONCLUSION AND REQUEST FOR RELIEF**</u>

For all the reasons set forth above, and in its initial Memorandum, St. Joe respectfully requests that this Court:  (1) deny Halliburton's Request and M-I's Motion for an injunction prohibiting St. Joe's prosecution of the Delaware Action; (2) award St. Joe its reasonable attorneys' fees in responding to Halliburton's Request and M-I's Motion; and (3) grant St. Joe such additional relief, at law or in equity, to which it may be entitled and which this Court deems just and proper.

Dated:  April 4, 2011                                       Respectfully submitted,


By:   /s/ James S. Renard
    William A. Brewer III (Texas, No. 02967035)
    wab@bickelbrewer.com
    James S. Renard (Texas, No. 16768500)
    jsr@bickelbrewer.com
    Robert W. Gifford (New York, No. 046231)
    rzg@bickelbrewer.com

    **BICKEL & BREWER**
    4800 Comerica Bank Tower
    1717 Main St.
    Dallas, Texas  75201
    Telephone:  (214) 653-4000
    Facsimile:  (214) 653-1015

    **ATTORNEYS FOR RESPONDENT**
    **THE ST. JOE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing The St. Joe Company's Sur-Reply Memorandum in Opposition to Halliburton's and M-I's Requests for Injunctive Relief in Aid of This Court's Jurisdiction has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of April, 2011.


__/s/ Robert W. Gifford_____
Robert W. Gifford

5239525.2
2132-03