## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF INTEREST ON BEHALF OF THE STATE OF LOUISIANA REGARDING ISSUES IN PENDING MOTIONS TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana, by and through its Attorney General, James D. "Buddy" Caldwell (hereinafter "Louisiana" or "the State"), who respectfully files this Statement of Interest to alert the Court to certain potential overlapping and/or disparate State or Government interests raised by the various Motions to Dismiss filed by Defendants in these proceedings. No Motion to Dismiss is currently pending in either of the cases filed on behalf of the State of Louisiana. (Case Numbers: 10-cv-3059 and 11-cv-0516). However, many of the issues presented in the Motions to Dismiss may implicate State interests, either through the similarity of the claims asserted to those of Louisiana or, alternatively, through the distinction between State and private interests. Louisiana hereby requests the opportunity to brief the Court and be heard as to issues raised by these Motions which may implicate government interests.

### I. Background.

These proceedings have been organized through the establishment of Pleading Bundles for case management purposes. These Bundles are generally described as follows: Non-Governmental Economic Loss and Property Damage Claims which include *Robins Dry Dock*,

Oil Pollution Act ("OPA"), general maritime and state law claims (Bundle B1); RICO Claims (Bundle B2); Post Explosion Clean-Up Claims which include clean-up, medical monitoring and post-April 20, 2010 personal injury claims (Bundle B3); and Injunctive and Regulatory Claims Against Private Parties as well as Against the Government or Any Government Official or Agency (Bundles D1 and D2).

There is also a bundle for Public Damage Claims (Bundle C).  These include claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties.  Bundle C does not require master complaints, and includes several stand-alone complaints including the State of Louisiana's Declaratory Judgment action against the Transocean entities (2:10-cv-3059, Rec. Doc. 1), as well as its Complaint for Penalties and Declaratory Judgment (2:11-cv-00516, Rec. Doc. 1).   Bundle C also includes complaints filed by the State of Alabama & several Alabama Cities; the Complaint for Declaratory Judgment and Civil Penalties filed by the United States; complaints filed on behalf of three Mexican States (*Quintana Roo* 10-cv-4241; *Tamaulipus* 10-cv-4240; and *Veracruz* 10-cv-4239); and the Local Government Master Complaint ("LGMC"), which itself allows local public bodies to join an administrative Master Complaint.   The LGMC generally "include[s] claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenue, property damages, response or restoration costs, and civil penalties," and also includes several cases (all styled as the "State of Louisiana") filed by District Attorneys in Louisiana pursuant to specific Louisiana Wildlife Statutes.  *See* Pretrial Order No. 33 (amended) (Rec. Doc. 1549).

In keeping with Pretrial Order No. 11 (Case Management Order No. 1), pp 2-4 (Rec. Doc. 569), the Defendants have filed or are filing various Omnibus Rule 12 Motions to Dismiss addressing the claims asserted within the Pleading Bundles.   As addressed above, these Motions

to Dismiss encompass a multitude of claims currently being asserted in these coordinated proceedings, including claims by both private parties and governmental entities under theories of law including OPA and the laws of several states. Some of the Motions to Dismiss address the claims of governmental entities, although Louisiana's pending Complaints are not currently among the cases which are the subject of these motions. These Rule 12 Motions are currently being briefed, and will be on this Court's calendar for hearing in the upcoming months.

Because of the significance of any legal ruling concerning government interests, and in furtherance of judicial efficiency, Louisiana requests the opportunity to address the Court by submitting briefing and to be heard at oral argument, to the extent these Motions implicate State claims or otherwise affect government interests.

## II.     The State's Claims.

Louisiana has filed in these consolidated proceedings two Complaints, which together currently encompass civil penalties claims and certain declaratory relief, including seeking to establish certain Defendants' status as responsible parties under OPA and the Louisiana Oil Spill Prevention and Response Act ("OSPRA").   The application of both of these statutes is the subject of many of the Rule 12 Motions.

Louisiana's initial Complaint was filed only against certain Transocean entities.[1] Transocean did not file a Motion to Dismiss per FRCP Rule 12 in response to Louisiana's initial Complaint.  Instead, on October 13, 2010, Transocean filed a pleading entitled "Rule 12 Defense, Answer and Affirmative Defenses in Response to Complaint for Declaratory Judgment and Compulsory Counterclaim" (Rec Doc. 534).  Many of the assertions in Transocean's Answer

---

[1] *See* Louisiana's Complaint against Transocean Entities for Declaratory Relief Case No. 10-cv-03059 (Rec. Doc. 1) (Filed 9/14/10).  The Defendants in that proceeding are:  Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc.  (collectively "Transocean").

track the arguments Transocean has made in its filings in the Motions to Dismiss currently before the Court.

On March 3, 2011, Louisiana filed a second Complaint which includes two counts for declaratory judgment against several BP entities, Anadarko and MOEX for the extensive environmental and economic damage caused to the State.[2]   In this second Complaint, the State has also included its claim for civil penalties and liability for response costs against several BP and Transocean entities, as well as against Anadarko and MOEX for violation of Louisiana's Environmental Quality Act, as a result of the unauthorized discharge of oil, gas and other pollutants into the State's waters.   The March 2011 Complaint includes all of the Transocean Defendants, BP Exploration & Production, Inc., BP Corporation North America, Inc., BP America, Inc., BP p.l.c. (collectively the "BP Defendants"), Anadarko E&P Company, LP, Anadarko Petroleum Corporation, and MOEX Offshore 2007, LLC.

Answers have not yet been filed in response to Louisiana's second Complaint, and certain Responses to Waiver of Service Requests are still outstanding.   As such, answers to or motions to dismiss Louisiana's Complaint for Penalties and Declaratory Judgment will likely not be filed until, at the earliest, June 2011.   However, many of the assertions raised in the context of the BP, MOEX and Anadarko Defendants' motions implicate the interests of the State.

## III.    Implication of State Interests.

The following issues specifically implicate State interests either because the State's rights and obligations are distinguishable from those of private parties or because the rulings made by this Court have the potential to extend to the State's claims.   As such the State requests the opportunity to be heard on these issues.

---

[2] See Louisiana's Complaint for Penalties and Declaratory Judgment, Case No. 11-cv- 00516 (Rec. Doc. 1) (Filed 3/03/11).

1.      **Failure to Satisfy OPA's Presentment Requirements.**   The Defendants generally argue that presentment of a claim for damages or removal costs in accordance with OPA 33 U.S.C. § 2713 is a "mandatory condition precedent," and is a jurisdictional requirement for commencing an OPA action in court against a responsible party.

2.      **State Common Law Claims Are Preempted or Displaced By OPA and General Maritime Law.**  Defendants argue that claims arising out of the operations of a semi-submersible drilling rig, which they argue is a "vessel" operating in navigable waters beyond any state's territorial waters, are subject to admiralty jurisdiction and accompanying federal maritime law, which preempts and/or displaces state common law.  Transocean argues that OPA provides no savings provision which would permit the assertion of state common law causes of action for negligence, gross negligence, nuisance, trespass, and fraudulent concealment, which did not exist prior to the enactment of OPA.  In addition, Defendants argue for the dismissal of claims under state oil spill statutes on several grounds: one is that the discharge of oil that resulted from the Deepwater Horizon Oil Spill occurred in federal, not state, territorial waters, beyond the jurisdiction of the states; a second is that the application of state oil spill statutes to a spill in federal waters would violate the Commerce Clause.

3.      **Preemption by the Clean Water Act ("CWA").** Defendants have argued that Plaintiffs' state law claims are preempted by the CWA and its National Pollutant Discharge Elimination System ("NPDES"), 33 U.S.C. § 1342.  Defendants argue that any state laws are preempted as applied to water pollution originating outside those States, where such pollution is regulated by the CWA under the NPDES regulatory regime administered by the United States Environmental Protection Agency.  Under this argument, only tort law and regulations of the

source state of the pollution can be applied.  In this instance Defendants argue that there is no source state.

4.      **Claims Relating to the Moratorium.**  Generally, Defendants argue that claims for losses and damage as a result of the six-month deepwater drilling moratorium issued by the United States Department of Interior (the "Moratorium") should be dismissed.   Likewise, defendants make a variety of arguments that other claims under OPA and state laws seeking damages or injuries arising from the response to the Spill – or that would not have arisen but for the Spill – should nonetheless be dismissed as too remote or not proximately caused by the oil.

5.      **Louisiana Public Nuisance Claims (under State Law).**  In the context of the Defendants' briefing seeking to dismiss claims of the Mexican states, Defendants argue that there is no cause of action for public or private nuisance against Anadarko.  To this end, Defendants assert that a public entity is incapable of the "private use and enjoyment of land."  In addition, they argue that maritime law does not recognize private nuisance as a viable cause of action.  Defendants have also asserted that Louisiana law precludes the private nuisance claims where Plaintiffs do not qualify as "neighbors" of Mississippi Canyon Block 252, *i.e.*, that they have property "adjacent to Defendants' property." La. Civ. Code Ann. Art. 667 (2010).  Further, Defendants argue that in cases of interstate pollution only federal law or the law of a source state may constitutionally be applied.   Moreover, Defendants argue that public nuisance under Louisiana law is specifically circumscribed by statute and does not encompass oil spills.  *See* La. Rev. Stat. §§ 13:4711; 14:107.3 (2010).

6.      **Geographic Proximity.** At least one Defendant has raised the issue of geographic proximity in the context of claims made by certain Alabama cities and the Mexican States,

arguing that the common law requirement of "proximate cause" bars recovery for remote economic damages claims, including claims made by geographically remote parties.

7.     **Availability of Punitive Damages**.  Defendants argue that OPA has supplanted general maritime law in the realm of punitive damages.  Accordingly, all claims for punitive damages, whether based on state or general maritime law, or OPA, must be dismissed.

Each of these issues has potential significance for Louisiana.  Because of the overlap of Louisiana's arguments with those of parties currently slated to brief these issues, and the impact of any resolution of these arguments on the litigation, Louisiana requests the opportunity to present briefing to this Court regarding the State's position on these issues.  Since replies by the Defendants are due on or before April 29, 2011, Louisiana hereby proposes that it be allowed a briefing deadline of April 18, 2011 to file a Position Statement with respect to these issues. Additionally, Louisiana requests the opportunity to present oral argument on those issues it briefs to the Court.  Louisiana also respectfully reserves its right to address issues not raised herein but which are subsequently raised in the briefing by the Parties.

WHEREFORE, Louisiana hereby requests the opportunity to brief this Court regarding the State's position on these issues, subject to a briefing deadline of April 18, 2011 to file a Position Statement, or other such deadline as this Court sees fit.

Dated this 5th day of April, 2011.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL          KANNER & WHITELEY, LLC
LOUISIANA ATTORNEY GENERAL

                                    /s/ Allan Kanner
James Trey Phillips                  Allan Kanner
First Assistant Attorney General     Elizabeth B. Petersen
Megan K. Terrell                     David A. Pote

Assistant Attorney General
Section Chief –Environmental
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6708

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Statement of Interest on Behalf of the State of Louisiana Regarding Issues in Pending Motions to Dismiss has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States

District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of April, 2011.

Kanner & Whiteley, L.L.C.


 _/s/ Allan Kanner_____
 Allan Kanner
 a.kanner@kanner-law.com