UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MASTER DOCKET |
| | * | NO. 10-MD-2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | |
| APRIL 20, 2010 | * | |

**THIS DOCUMENT RELATES TO NO. 11-685.**

| | | |
|---|---|---|
| KHAI NGUYEN, | * | CIVIL ACTION |
| HANG NGUYEN-MUSSELMAN L.L.C. | * | |
| AND CHRISTOPHER VANCE | * | NO.  11-685 |
| Plaintiffs | * | |
| | * | JUDGE BARBIER |
| VERSUS | * | |
| | * | MAGISTRATE SHUSHAN |
| BP AMERICA PRODUCTION COMPANY, AND | * | |
| BP EXPLORATION AND PRODUCTION, INC., | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO SEVER**

**MAY IT PLEASE THE COURT:**

On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order encompassing 77 actions filed in multiple districts arising from the April 20, 2010, Deepwater Horizon disaster, commonly known as the Gulf of Mexico Oil Spill (MDL-2179 Document 1).  In its Transfer Order, the panel

referenced a "sharing of factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." (*Id.* p. 3). The panel also cited factual similarities, the need to centralize discovery, pretrial rulings and the conservation of resources in assigning the action to this Honorable Court. (*Id.*). The panel applied 28 U.S.C.A. § 1407, which allows for actions with "one or more common questions of fact" to be transferred to any district "for coordinated or consolidated pretrial proceedings."

The cases included in the Multidistrict Litigation are those which arise out of the actual explosion of the Deepwater Horizon rig. On March 29, 2011, Civil Action No. 11-685, *Nguyen v. BP America,* was filed, and was erroneously identified as part of the Multidistrict Litigation. This case does not have "one or more common questions of fact" with the other cases in the Multidistrict Litigation. Although the above-captioned case is against BP America, its roots are not based in the actual "cause (or causes) of the Deepwater Horizon explosion/fire," as cited by the panel's Transfer Order, but rather breach of charter claims under the BP Vessel of Opportunity Program that later arose. The Plaintiffs' claims are related to charters not honored and obligations of BP America which were not fulfilled, and therefore do not share factual similarity that would benefit from merged discovery and pre-trial motions for which Multidistrict Litigation was designed. Severing these cases from the Multidistrict Litigation will not result in duplicative discovery or procedure because the interpretation of the charters for the Vessel of Opportunity Program is not related to the causes of the Deepwater Horizon explosion, or those aggrieved in tort and contract as a result. The instant case revolves

around the contractual relationship the Plaintiffs had with BP America after the explosion, and therefore the issues of fact are quite different than those that this Multidistrict Litigation was designed to streamline and encompass.

**WHEREFORE**, Plaintiffs pray that their Motion to Sever be granted, and for all other relief to which they are entitled.

        RESPECTFULLY SUBMITTED:

        BALDWIN HASPEL BURKE & MAYER, LLC

        BY:    S\ Paul N. Vance
                   Paul N. Vance
                   PAUL N. VANCE (#13007)
                   SCOTT L. STERNBERG (#33390)
                   1100 Poydras Street, Suite 2200
                   New Orleans, LA 70163
                   Telephone: 504/569-2900
                   Facsimile: 504/569-2099
                   *ATTORNEY FOR PLAINTIFFS:*
                   Khai Nguyen, Hang Nguyen and Christopher Vance

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO SEVER has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of April, 2011.

                                      s/ Paul N. Vance