UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading applies to:<br><br>Civil Action Nos. 10-1986, 10-3895, 10-3896, 10-3897, 10-4168, 10-4169, 11-0058 | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

**RESPONSE TO *ROBIN* MOTION FOR APPROVAL OF SHORT FORM**

The Plaintiffs' Steering Committee, by and through Liaison Counsel, respectfully submits the following Response to the Motion filed herein by the plaintiffs in *Terry Robin, et al. v. Seacor Marine, et al.*, Civil Action No.10-1986 (the "Emergency Responder Plaintiffs" or the "*Robin* Plaintiffs") [Doc 1831] for approval of the use of the short form joinder that this Court approved for use in *In re Triton Asset Leasing GmbH, et al.*, Civil Action No.10-2771 ("Transocean Limitation Action") and related actions asserted within this MDL proceeding:

**MAY IT PLEASE THE COURT:**

The PSC is not certain what the moving parties contemplate.

To the extent that the *Robin* Plaintiffs want the Court to offer potential claimants (if any) in the Emergency Responder Limitation Actions their own separate "Short Form" to assert one or more claims in one or more of the Emergency Responder Limitation

Actions,[1] Plaintiffs would leave that to the sound discretion of the Court.

To the extent, however, that the *Robin* Plaintiffs seek to effectively amend Pre-Trial Orders Nos. 24 and 25 and the Direct File Short Form [Doc 983-3] such that those parties who have filed and/or who may hereafter file the Short Form are deemed to have made claims in the Emergency Responder Limitation Actions, the PSC believes that such joinder or intervention would likely create confusion among claimants, particularly (at this late date) in light of the Notice [Doc 1352-1] which has been approved by the Court and communicated by the PSC to potential claimants.

Moreover, to the extent that the *Robin* Plaintiffs seek to somehow "consolidate" the claims in the Emergency Responder Limitation Actions with the claims in the Transocean Limitation Action and/or other claims asserted in the MDL, the PSC respectfully suggests that such consolidation would be inconsistent with Pre-Trial Order No. 11, the B1 and B3 Master Complaints, the Transocean Rule 14(c) Tender, and the claims which Plaintiffs expect to be tried beginning in February of 2012.

**Background**

On July 14, 2010, the *Robin* Plaintiffs filed an *in rem* and *in personam* class action complaint against certain vessels and entities involved in the emergency response effort after the explosion and fire on board the Deepwater Horizon.[2]  The gravamen of the *Robin* Complaint is that the Emergency Responder Defendants' attempts to

---

[1] *In re Seacor Holdings, Inc., et al.*, Civil Action Nos. 10-3897, 10-3896 and 10-3895 (filed October 20, 2010); *In re Nautical Solutions, L.L.C., et al.,* Civil Action No. 10-4169 (filed November 2, 2010); *In re Island Ventures, et al.*, Civil Action No. 10-04168 (filed November 2, 2010); and *In re MV Monica Ann, L.L.C., et al.,* Civil Action No. 11-00058 (filed January 11, 2011).

[2] Civil Action No. 10-1986  [Doc. 1].

2

extinguish the fire on the *Deepwater Horizon* flooded the vessel and caused it to sink, breaking the pipe connecting the vessel to the wellhead, and resulting in the oil spill. After the *Robin* Complaint was filed, six Emergency Responder Limitation Actions were initiated. The monition date for all of the Emergency Responder Limitation Actions is April 20, 2011.[3] To the PSC's knowledge, no claims or answers have been filed in those actions.

On October 19, 2010, this Court entered Pre-Trial Order No. 11 ("PTO 11") ("CMO 1") [Doc. 569]. PTO 11 separates the actions into Pleading Bundles for the filing of complaints, answers and Rule 12 motions. Among the Pleading Bundles described in PTO 11 are private individual and business loss claims, including non-governmental economic loss and property damage claims ("Bundle B1"), post-explosion clean-up claims for personal injury and medical monitoring ("Bundle B3"), and post-explosion emergency responder claims ("Bundle B4"). Specifically as to the Bundle B4 claims, PTO 11 states as follows:

> This Pleading Bundle will include all claims against the alleged owners and/or operators of rescue vessels that answered the Deepwater Horizon distress call and responded to the emergency after the explosion. Plaintiffs Liaison Counsel shall confer with counsel for the plaintiffs in any such actions, in order to determine whether such claims should be pursued further, by existing complaint(s), amended complaint(s), an administrative Master Complaint, or Consolidated Complaint.[4]

In accordance with the Court's instruction, the PSC conferred with counsel for the *Robin* Plaintiffs and determined not to pursue such claims within a Master Complaint or on other consolidated basis.

---

[3] *See* Docs. 646, 647, 648 (entered November 3, 2010); 661, 662 (entered November 4, 2010); Civil Action No. 11-00058 [Doc. 6] (entered January 12, 2011).

[4] PRE-TRIAL ORDER NO. 11, Section III(B)(4).

3

On December 15, 2010, the PSC submitted for approval a "Short Form" to be used by those seeking to file a Claim in the Transocean Limitation Action, to adopt the Master Answers filed on behalf of B1 and B3 claimants within the Transocean Limitation Action, and to intervene into, join and otherwise adopt the Master Complaints filed in the B1 and B3 Bundle cases, [*see* Docs. 882 and 882-2]. The Court approved the use of the Short Form and, in Pre-Trial Order No. 24, the Court ordered the creation of Civil Action No.10-1888 for the sole purpose of filing claim in limitation/short claim forms as well as a link on the MDL website providing the necessary forms for claimants in the Transocean Limitation Action [Doc 982] (entered January 12, 2011). {*See also,* Pre-Trial Order No. 25 [Doc 983].) Pursuant to PTO 24, the filing of a Short Form joinder is deemed a simultaneous filing of an answer and claim in the Transocean Limitation Action and an intervention into either the B1 or B3 Master Complaints. PTO 24 does not address either the "B4" Emergency Responder claims nor the Emergency Responder Limitation Actions.

On February 28, 2011, Transocean filed a Rule 14(c) Third Party Complaint in the Transocean Limitation Action. [Doc. 1320] Transocean did *not* tender to the plaintiffs or otherwise name as third-party defendants the Emergency Responders. *Nor* have the Emergency Responder Limitation Actions been consolidated with the Transocean Limitation Action for trial.

Nevertheless, on the eve of the April 20, 2011 monition date, the *Robin* Plaintiffs apparently ask this Court to permit them to use of a short form which would "adopt and incorporate the Master Answer [Rec Doc 244] to the *Complaint and Petition of Triton*

4

*Asset Leasing GmbH, et al,* in No. 10-2771." [*See* Doc 1831-5]  To the extent that would somehow either deem Transocean Limitation claimants to also assert claims in the Emergency Responder Limitation Actions, or somehow "consolidate" the Emergency Responder Limitation Action claims (if any) with the Transocean Limitation Action claims and/or the claims asserted in the B1 or B3 Master Complaints, such motion should be denied.

## ARGUMENT

Put succinctly, the *Robin* Plaintiffs' use of the Transocean Limitation Short Form is inappropriate because the limitation proceedings are completely separate and are not consolidated, and the entities seeking limitation of liability in the Emergency Responder Limitation Actions are not implicated by the Transocean 14(c) tender or the Master Complaints.  In addition, such use would result in pre-trial confusion leading into the February 2012 designated trial date, undermine the ongoing discovery efforts, and thwart the purpose of the Court-approved Short Form.

First, the Emergency Responder and Transocean Limitation Actions are separate cases that have not been consolidated.  Thus, the use of the form created for the Transocean Limitation Action in the Emergency Responder Limitation Action would be inappropriate as a procedural matter.

Second, in its Third Party Complaint and Rule 14(c) tender, Transocean does not name any of the Emergency Responder defendants among those who may be wholly or partially liable for the claims filed against it.  Moreover, none of the defendants sued by the *Robin* Plaintiffs are defendants in the Bundle B1 or B3 Master Complaints. The PSC, after conferring with counsel for the *Robin* Plaintiffs, made the decision not to pursue the

5

Emergency Responder claims in the B1 and B3 Master Complaints, (or a separate B4 Master Complaint), over four months ago. Thus, fault (if any) on the part of the Emergency Responders is not implicated in the Transocean Limitation Action or the Master Complaints.

Third, the parties are currently in the process of conducting extensive discovery in preparation for the Transocean Limitation trial to commence on February 27, 2012. Allowing the *Robin* Plaintiffs to use the same Short Form might lead to an argument for the expansion or repetition of discovery – and, conceivably, unnecessary complication or delay of the 2012 Trial.

Finally, the PSC has undertaken efforts to advise potential claimants in the Transocean Limitation Action *via* Court-approved Notice [Doc 1352-1], which (appropriately) does not reference or explain the existence of or implications regarding the Emergency Responder Limitation Actions. The introduction of a new or different Short Form at this late date will likely lead to confusion among potential claimants.

## Conclusion

For the foregoing reasons, the PSC respectfully suggests that the *Robin* Plaintiffs' Motion for Approval of the Use of the Short Form Claim Approved and Authorized by Order of the Court for use in the Transocean Limitation Proceedings should likely be denied.

This 7th day of April, 2011.

Respectfully submitted,

    /s/ Stephen J. Herman            /s/ James Parkerson Roy

Stephen J. Herman, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2179*

James Parkerson Roy, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY
 & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com
*Plaintiffs' Liaison Counsel MDL 2179*

### **PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

8

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of April, 2011.

                                                      /s/ Stephen J Herman and James Parkerson Roy