

Attorneys at Law
A Professional Corporation

510 North Jefferson Street
Covington, Louisiana 70433
Tel: (985) 809-8093
Fax: (985) 809-8094
Email: hdart@dartlaw.com

April 7, 2011

**STATE OF LOUISIANA'S MEMORANDUM REGARDING
THE RELEVANCE OF THE DEPOSITION TESTIMONY OF WITNESSES**

Of the witnesses listed in the Court's order of March 28, 2011 (Item no. 17), the State of Louisiana elects to delete the following from the list of desired deponents:

Richard S. Tink, B.P. America;

Bob mcKechnie, Transocean;

N. Pharr Smith, Transocean;

David Tonnel, Transocean;

Paul Tranter, Transocean.

Louisiana wants to depose the remainder of the Transocean witnesses listed in Item 17 of the Court's order:

| WITNESS | COMPANY | JOB TITLE/POSITION |
|---|---|---|
| Warren Weaver | Transocean | Manager of Regulatory Compliance |
| Jimmy Moore | Transocean | Director of QHSE, former Director of Projects |
| Larry D. McMahan | Transocean | VP Performance |
| Robert J. Saltiel | Transocean | Exec. VP Performance |
| Chris Ness | Transocean | Manager N.&S. America Unit (AMU) |
| Mike Wright | Transocean | Division Manager – Performance |
| Mac Polhamus | Transocean | Manager North America Division |
| John MacDonald | Transocean | Manager AMU Marine Operations |
| Steven L. Newman | Transocean | Chief Operating Officer |
| Buddy Trahan | Transocean | Operations Manager-Assets |

The upcoming trial is to determine Transocean's right to limit its liability pursuant to 46 U.S.C. § 30505.  In support of this claim, Transocean has pled lack of "privity and knowledge" of the facts and conditions responsible for this disaster.  "Whether a corporation has 'privity or knowledge' of a negligent act may be determined on the basis of whether the negligent employee is sufficiently high in the corporate hierarchy to make his awareness that of the corporation." *Continental Oil Co. v. Bonanza Corp.,* 706 F.2d 1365, 1377 n. 16 (5th Cir.1983) (citing *Spencer Kellogg & Sons v. Hicks,* 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903 (1932)); *see also Coleman v. Jahncke Serv., Inc.,* 341 F.2d 956, 958 (5th Cir.1965) (clarifying that an employee's scope of responsibility, not the job title, determines whether to charge owner with privity or knowledge), *cert. dismissed sub nom. Jahncke Serv., Inc. v. Greater New Orleans Expressway Comm'n,* 382 U.S. 967, 86 S.Ct. 525, 15 L.Ed.2d 463,*cert. denied,* 382 U.S. 974, 86 S.Ct. 538, 15 L.Ed.2d 465 (1966).

The following Transocean witnesses stand in the chain of command, and therefore the position of privity and knowledge, regarding the actions, inactions and misdeeds of Transocean employees that caused the disaster: Steven Newman, President and CEO, Robert Saltiel, Exec. V.P. of Performance, Chris Ness, Manager North and South America AMU, Mac Polhamus,

Manager North America business unit, Mike Wright, Division Manager – Performance, Buddy Trahan, Operations Manager – Assets.  If Transocean will stipulate as to the corporate management level at which privity and knowledge attaches, then Louisiana will have no need to depose witnesses higher up the management ladder. Until then, however, Louisiana cannot assume at what level that minimum corporate responsibility exists, and must depose management personnel up to the highest level.

Two additional Transocean witnesses are relevant to liability issues: Warren Weaver, Manager of Regulatory Compliance; A regulatory violation is one of the factors that prohibit Transocean from limiting its liability under OPA.  A dispute has arisen as to the regulatory requirement for recertification of Transocean's BOP every five years.  Transocean claims that the API recommended practice (API RP 53) is not a requirement but is a recommendation.  API RP 53 has been specifically codified into 30 CFR 250.446 and is therefore a requirement.  Mr. Weaver, Transocean's regulatory compliance manager will shed light on this issue.

Finally, Jimmy Moore, is Transocean's Director of Occupational Health Safety and Environment.  His testimony is necessary to establish safety violations by this defendant.

For the foregoing reasons, the State of Louisiana respectfully requests that deposition of the foregoing list of witnesses be scheduled as soon as possible.

Respectfully submitted,

/s/ HENRY T. DART