UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON' in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENTS RELATES TO:<br><br>10-3895, 10-3896 and 10-3897 | CIVIL ACTION<br><br>MDL NUMBER: 2179<br><br>SECTION "J"<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**MEMORANDUM OF SEACOR ENTITIES IN OPPOSITION TO MOTION FOR APPROVAL OF THE USE OF THE SHORT FORM CLAIM APPROVED AND AUTHORIZED BY ORDER OF THE COURT FOR USE IN THE TRANSOCEAN LIMITATION PROCEEDINGS**

**MAY IT PLEASE THE COURT**

Pursuant to the Court's April 1, 2011 Order (Rec. Doc. 1845), this memorandum is submitted on behalf of the various Seacor entities that are petitioners in three limitation of liability actions and in opposition to certain plaintiffs' Motion for Approval of the Use of the Short Form Claim (Rec. Doc. 1831-2) in those limitation actions.[1]

The Seacor limitation actions were filed in response to the class action complaint in *Robin v. Seacor Marine LLC, et al*, civil action number 2:10-1986. It is the plaintiffs in the *Robin* case who have filed the instant motion. Seacor does not in principle oppose

---

[1] The civil action numbers for the Seacor limitation actions are 10-3895, 10-3896 and 10-3897.

the use of a short form claim in its limitation actions, but the form as proposed by the *Robin* plaintiffs, because it simply copies the form approved by the Court for use in the Transocean limitation action, is confusing and will lead to uncertainty about in which action a particular claim is filed. With appropriate corrections and amendments to the proposed short form, as reflected in the attached drafts, Seacor would not object to the use of short forms in its limitation actions.[2]

BACKGROUND

When the DEEPWATER HORIZON tragically exploded and was consumed with fire, an emergency call for help was broadcast on marine radio channels. From as far away as thirty miles, the Seacor vessels and others involved in this litigation, collectively referred to by the Court in prior orders as the Emergency Responders, rushed to the scene to try to rescue the rig's crew and contribute if possible to efforts to save the rig from total destruction. In the course of responding to this unprecedented emergency, and while the fate of the missing crewmen was still unknown, certain vessels used their fire-fighting equipment to try to cool the rig by periodically spraying it and its perimeter with water. As the Court well knows, these and other efforts to save the rig were not successful. The rig continued to burn and sank some two days after the explosion.

---

[2] Additionally, petitioners in two other limitation actions, Nautical Solutions, LLC (10-4169) and Island Ventures II, LLC (10-4168) concur in this opposition memorandum and with the Seacor proposed short forms.

Of the nearly four hundred lawsuits spawned by this tragedy, only the *Robin* plaintiffs allege that these volunteer Emergency Responders, rather than being recognized for their selfless and heroic actions, should instead bear the blame for the sinking of the rig and for other damages which allegedly resulted.[3]

As incredible as these allegations are, the sheer magnitude of the potential claims meant that the owners of the Emergency Responder vessels had no choice but to file limitation petitions. By orders dated November 3, 2010, the Court set a monition date in each of the Emergency Responder limitation actions for April 20, 2011. To date no claims have been filed in any of the Emergency Responder limitations.

ARGUMENT

Because April 20 is the same date by which claims must be filed in the Transocean limitation, care must be taken to insure that claims are filed in, and only in, the intended limitation action. The short form as proposed by the *Robin* plaintiffs would create confusion in this respect and is therefore objectionable.

The form as proposed by the *Robin* plaintiffs (Rec. Doc. 1831-5) is just a copy of the short form approved by the Court for use in the Transocean limitation action. As such, it is not appropriate for use in these proceedings. For example, the proposed

---

[3] It is also noteworthy that the owner of the rig, Transocean, does not make this claim and did not name any of the Emergency Responders in its Rule 14(c) Third-Party Complaint (Rec. Doc. 1320). The PSC has also declined to join in the claim.

3

form refers to Civil Action No. 10-8888, which is a number established by the Court in Pre-Trial Order No. 24, "…for the **sole** purpose of filing the Claim in Limitation/Short Claim Forms" (emphasis in order), which referred of course to the Transocean limitation action.  The introductory paragraph of the proposed form similarly makes reference to the Transocean limitation when it recites that, "By submitting this document, I am asserting a claim in Complaint and Petition of Triton Asset Leasing Gmbh, et al, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint…for private economic losses ("B1 Bundle") filed in MDL no. 2179…; and/or intervene into, join and otherwise adopt the Master Complaint.. for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179…"

This is incorrect in almost every possible way.  The claims by the *Robin* plaintiffs' are *not* being filed in the Transocean limitation[4] and must be plead in the B4 pleading bundle designated for "Post-Explosion Emergency Responder Claims."  *See* Pretrial Order No. 11 (Rec. Doc. 569).  Moreover, as noted above, the *Robin* action is the only complaint in this MDL that asserts claims against the Emergency Responders.  Therefore, if individual plaintiffs are to file short forms in Seacor's limitation actions, then

---

[4]  Transocean is not a defendant in the *Robin* litigation.

consistent with Pretrial Order No. 11, the pleading for them to "join" and/or "adopt" is the complaint in the *Robin* action.[5]

There are still other examples of how the proposed form improperly confuses the Emergency Responder limitation actions with the Transocean limitation. The form at footnote one even includes a statement that Plaintiff Liaison Counsel shall serve the form through the Lexis Nexis service system on Defense Liaison Counsel.  As even the *Robin* plaintiffs acknowledge in their motion, though, Plaintiff Liaison Counsel have disclaimed any interest whatsoever in the theory of the *Robin* lawsuit.  It therefore seems clear that the PSC has no intention or desire to assume any role in the handling or prosecution of the *Robin* claims.

PROPOSED ORDER

As noted at the outset, however, Seacor interests do not in principle oppose the use of a short form as a means of simplifying the filing of claims.  Accordingly, alternative forms which do not contain the confusing references to the Transocean limitation and which do not involve Plaintiff Liaison Counsel are attached hereto as Exhibits A-1, A-2 and A-3.  If the Court is inclined to allow the use of a short-form claim in the Seacor limitation actions, the Seacor entities respectfully suggest the Court should order that:

---

[5]   Neither the original nor amended B1 and B3 Master Complaints make any claims against the Emergency Responders and, thus, allowing the *Robin* plaintiffs to "join" and/or "adopt" any of those pleadings as against Seacor, Nautical Solutions or Island Ventures II would be nonsensical.

5

(1)  The Direct Filing Short Forms attached as Exhibits A-1, A-2 and A-3 (or their substantial equivalents) may be filed in any of the Emergency Responder limitation actions without payment of a filing fee;

(2)  That a separate form must be filed for each claimant in each of the Emergency Responder limitation actions in which the claimant intends to file a claim;

(3)  That the filing of a claim in any one of the Emergency Responder limitation actions will not be deemed a filing in any of the other Emergency Responder limitation actions or in the Transocean limitation action;

(4)  That the filing of a claim in the Transocean limitation action will not be deemed a filing in any of the Emergency Responder limitation actions; and

(5)  All short-form claims filed in any of the Emergency Responder limitation actions shall be allocated to pleading Bundle B4 ("Post-Explosion Emergency Responder Claims") as per Pretrial Order No. 11 (Rec. Doc. 569).  By submitting a short-form claim in one of the Emergency Responder limitation actions, a claimant shall be deemed to have asserted a claim in that limitation action adopting and incorporating the allegations made in the *Robin* complaint (2:10-1986, Rec. Doc. 1).

CONCLUSION

The short form proposed by the *Robin* plaintiffs would cause confusion and does not accurately reflect the status of the pleadings or the alignment of the parties. The Court should therefore not authorize its use. The alternative forms proposed by Seacor would not cause confusion but would simplify and streamline the means by which claims can be filed.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
GARY A. HEMPHILL, T.A. (#6768)
HUGH RAMSAY STRAUB (#12525)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Petitioners-in-Limitation,
Seacor Holdings, Inc., et al


MICHAEL J. LYLE (DC Bar #475078, IL Bar #6199227)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940
THEODORE E. TSEKERIDES (NY Bar #2609642)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by ELECTRONIC FILING through the Court's electronic filing system, by hand delivery, by fax or electronic transmission, or by placing same in the United States mail, properly addressed and first class postage prepaid on this 8th day of April, 2011.

_____
GARY A. HEMPHILL