UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | SECTION J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | * | |
| 2:11-cv-00263 | * | MAG. JUDGE SHUSHAN |
| | * | |

## PLAINTIFF BUDDY TRAHAN'S MOTION TO REMAND

Pursuant to Pre-Trial Order #5, Plaintiff Buddy Trahan is re-filing his Motion to Remand for consideration by this Court. [MDL Doc. #17] On or around February 7, 2011, Plaintiff's case was transferred to MDL 2179. Prior to the MDL transfer, however, Plaintiff previously filed his Motion to Remand and his Supplement to his Motion to Remand in the Southern District of Texas-Houston Division on September 20 and October 8, 2010 [Doc. #7, #17, in Cause No. 4:10-cv-03198, *Trahan v. BP, PLLC, et. al.*] The Court should remand this case for at least the following reasons:

- Plaintiff has not made any claim arising under OCSLA or federal law. Indeed, Plaintiff's Original Petition expressly negates claims arising under any federal statute or falling within the parameters of 28 U.S.C. § 1331.[1]

- Plaintiff's claims are governed by general maritime law and are, therefore, not removable.[2]

- Even if the OCSLA applies (which it does not), Plaintiff's maritime vessel-related tort claims arising on an OCSLA situs are not removable if one of the Defendants is a citizen of the forum state.[3]

---

[1] *See Exhibit A*, Plaintiff's Original Petition, ¶ 1.

[2] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468, 484-85 (1959) (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United Sates they do not present federal questions.)

[3] *See Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

- OCSLA exempts vessels such as the *Deepwater Horizon* from its parameters.[4]

Plaintiff respectfully requests that the Court remand this case to the 270th Judicial District of Harris County, Texas and for all other relief the Court deems appropriate.

Respectfully submitted,

**Lubel Voyles LLP**

By: /s/ Lance H. Lubel
Lance H. Lubel
Texas State Bar No.: 12651125
Adam Q. Voyles
Texas State Bar No.: 24003121
McKenna Harper
Texas State Bar No.: 24041056
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: lance@lubelvoyles.com
adam@lubelvoyles.com
mckenna@lubelvoyles.com
**ATTORNEYS FOR PLAINTIFF**

---

[4] *See Walsh v. Seagull Energy Corp.,* 836 F. Supp. 411, 418 (S.D. Tex. 1993) ("In sum, despite the potential and probably intended breadth of the application of federal law under OCSLA to oilfield operations on the shelf, in practice the courts have read *Rodrigue* [*v. Aetna Cas. & Sur. Co.*, 395 U.S. 352 (1969)] to almost strictly limit its operation as to personal injuries to accidents taking place on fixed platforms."); *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009).

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that the above and foregoing ***Plaintiff Buddy Trahan's Motion to Remand*** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 8th day of April, 2011.

                                                          /s/ Lance H. Lubel
                                                          Lance H. Lubel