Case 2:10-md-02179-CJB-SS   Document 470   Filed 10/06/10   Page 1 of 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG         :   MDL NO. 2179
"DEEPWATER HORIZON" in the              :
GULF OF MEXICO, on                      :
APRIL 20, 2010                          :   SECTION: J
                                        :
                                        :
                                        :   JUDGE BARBIER
                                        :   MAG. JUDGE SHUSHAN

**THIS DOCUMENT RELATES TO 10-1759**

<u>ORDER</u>

Before the Court is Plaintiff State of Louisiana's **Motion to Remand**, <u>In re: Deepwater Horizon</u>, 10-CV-1156 (Rec. Doc. 304) and Defendant BP's **Memorandum in Opposition**, <u>In re: Deepwater Horizon</u>, 10-CV-1156 (Rec. Doc. 401).

<u>PROCEDURAL HISTORY AND BACKGROUND FACTS</u>

On May 17, 2010, the State of Louisiana filed suit against BP Exploration & Production Inc., BP PLC, BP Products North America, Inc., and BP America, Inc. (collectively "Defendants") in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. In its complaint, Plaintiff alleged that Defendants have killed, caught, taken, possessed or injured fish, wild birds, wild quadruped, and other wildlife and aquatic life in violation of Louisiana State Law. Specifically, Plaintiff



alleged that Defendants owned and operated a Minerals Management Services Mineral Lease in the Gulf of Mexico. According to Plaintiff, Defendants failed to comply with applicable statutes and regulations governing the exploration and production of minerals or with the regulations governing the removal and remediation of the discharged contaminants. Plaintiff alleged that Defendants' failure to comply with applicable statutes resulted in an April 20, 2010 explosion aboard the Deepwater Horizon, a mobile offshore drilling rig, resulting in the release of oil, other minerals, and contaminants into the Gulf of Mexico. Plaintiff further alleged that the oil spill was not timely contained and therefore, oil and other contaminants entered into the waters of the State of Louisiana – inflicting death and injury to Louisiana aquatic life and wildlife.

In its complaint, the State asserted only a cause of action under La. Rev. Stat. Ann. § 56:40.1 *et seq.* and specifically stated, "[n]otwithstanding any language in this petition to the contrary, plaintiff does not plead, and will never at any time in the future plead, any claim or cause of action arising under any federal law, and asserts no such claims or cause of action herein." Nevertheless, on June 17, 2010, Defendants removed this matter to the Eastern District of Louisiana, claiming that this court has original subject matter jurisdiction over the litigation pursuant to 43 U.S.C. § 1349(b)(1)(a). Defendants

also claim that this court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq*.

Plaintiff has filed the current motion to remand, alleging that this matter was improperly removed. After reviewing the motion and the applicable law, this court finds as follows:

### THE PARTIES' ARGUMENTS

Plaintiff argues that it did not allege any federal claims in its complaint and therefore, according to the well-pleaded complaint rule, removal is improper. Plaintiff also argues that no federal statute provides this court with jurisdiction in this matter. Further, Plaintiff argues that even if this court has jurisdiction, the Eleventh Amendment to the United States Constitution prevents removal. Alternatively, Plaintiff claims that this case involves general maritime law claims, and therefore, removal is not proper because the claims do not arise under the laws of the United States. Finally, Plaintiff argues that this court should sanction Defendants for improperly removing this matter to federal court.

Defendants argue that § 1349 of the Outer Continental Shelf Lands Act (OCSLA) clearly supports this Court's original subject matter jurisdiction. Defendants further argue that Plaintiff's claims regarding the well-pleaded complaint rule, Eleventh

Amendment immunity, and admiralty jurisdiction are frivolous. Therefore, Defendants urge this court to deny Plaintiff's motion to remand and Plaintiff's request for sanctions.

## DISCUSSION

Generally, a defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the action. See 28 U.S.C. § 1441. Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

### I. Well-Pleaded Complaint Rule

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The rule governs whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 and is based on the theory that the plaintiff is "the master of her complaint." Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680

(5th Cir. 2001) (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)). As such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." Medina, 238 F.3d at 680. Accordingly, under the well-pleaded complaint rule, when a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Id.

However, the well-pleaded complaint rule only applies to removal based on 28 U.S.C. § 1331 (statutory "arising under" cases). Am. Nat'l Red Cross v. S.G., 505 U.S. 247, 258 (1992). Although in their notice of removal, Defendants claim that this Court has original subject matter jurisdiction under 28 U.S.C. § 1331, Defendants also assert that this Court has original jurisdiction under 43 U.S.C. § 1349. Therefore, although Plaintiff is correct in arguing that the well-pleaded complaint rule prevents Defendants from removing this matter on the basis of 28 U.S.C. § 1331, there is nothing preventing Defendants from removing this matter based on an assertion of jurisdiction under 43 U.S.C. § 1349. Therefore, if this Court finds that jurisdiction exists pursuant to 43 U.S.C. § 1349, Plaintiff is incorrect in arguing that the well-pleaded complaint rule serves as a bar to removal.

### II.  OCSLA Jurisdiction Pursuant to § 1349

Defendants assert that this Court has original jurisdiction under § 1349. Section 1349(b)(1) states:

> the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter.

43 U.S.C. § 1349(b)(1). The Fifth Circuit has held that the jurisdictional grant contained in § 1349(b)(1) is very broad. Tenn. Gas Pipeline v. Houston Cas. Ins. Co., 87 F.3d 150, 154 (5th Cir. 1996); see also EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563, 569 (5th Cir. 1994) (stating that a "broad reading of the jurisdictional grant of section 1349 is supported by the expansive substantive reach of the OCSLA"). In deciding whether § 1349(b)(1) grants a court jurisdiction, courts routinely perform a two part analysis. See, e.g., Recar v. CNG Producing Co., 853 F.2d 367, 369-70 (5th Cir. 1988); Tenn. Gas Pipeline, 87 F.3d at 154-55; EP Operating Ltd. P'ship, 26 F.3d at 568-69.

First, courts determine whether the activities that caused the injury can be classified as an "operation conducted on the outer Continental Shelf" and whether that "operation" involved the exploration or production of minerals.  43 U.S.C. §

1349(b)(1). While the statute does not define "operation," the Fifth Circuit has broadly defined the term, stating that operation is "the doing of some physical act." Tenn. Gas Pipeline, 87 F.3d at 154. The Fifth Circuit has provided further guidance on the interpretation of the term by stating that "operation involves exploration, development, or the production of minerals on the OCS" and by clarifying that "[t]hese terms denote respectively the processes involved in searching for minerals on the OCS; preparing to extract them by, *inter alia*, drilling wells and constructing platforms; and removing the minerals and transferring them to shore." Id. Given this broad definition of operation, it is clear that Defendants' activities qualify as an operation. Defendants were exploring and producing minerals, namely oil, from the outer Continental Shelf. It is these activities that allegedly caused the April 20, 2010 explosion and the resulting oil spill. For these reasons, this Court finds that Defendants' activities should be classified as an "operation conducted on the outer Continental Shelf, which involved the exploration and production of minerals." Therefore, Defendants were conducting an operation as defined under § 1349.

Second, courts focus on whether the case and controversy "arises out of, or in connection with the operation." This phrase, which is "undeniably broad in scope," EP Operating Ltd. P'ship, 26 F.3d at 569, has been analyzed using a "but-for" test;

i.e., but for the operation, would the case or controversy have arisen. Here, Plaintiff argues that it was injured by Defendants' "illegal killing, catching, taking, possessing, or injuring of wildlife and aquatic life in Terrebonne Parish resulting from oil and/or other contaminants entering into the territorial waters of and onto land located in the State of Louisiana." 10-CV-1759 (Rec. Doc. 1-2). Plaintiff's theory of liability is based on Defendants' alleged negligent actions during the drilling and exploration operation. These facts clearly satisfy the "but-for" test because the oil and other contaminants would not have entered into the State of Louisiana's territorial waters "but for" Defendants' drilling and exploration operation. Accordingly, it is clear that original jurisdiction rests with this Court pursuant to § 1349(b)(1).[1]

---

[1] Plaintiff's arguments related to OCSLA § 1333 is not applicable to whether this Court has jurisdiction in this matter. "The Supreme Court and the Fifth Circuit have held that § 1333 creates a situs requirement for the application of other sections of the OCSLA." Landry v. Island Operating Co. Inc., Civ. A. No. 09-1051, 2009 WL 3241560, *2-3 (W.D. La. Sept. 30, 2009) (citing Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 219 (1986); Demette v. Falcon Drilling Co., Inc., 280 F.3d 492, 496 (5th Cir. 2002)). However, although the Fifth Circuit has discussed § 1333 and its situs requirement in relation to § 1349, See Golden v. OMNI Energy Services Corp., 242 Fed. Appx. 965, 967 (5th Cir. 2007), neither the Supreme Court nor the Fifth Circuit has held that the situs requirement has to be satisfied for jurisdiction to be proper under § 1349. As stated above, the Fifth Circuit generally focuses on the "operation" and the "but-for" test to determine if jurisdiction exists under § 1349.

-8-

### III. Admiralty Jurisdiction

Plaintiff argues that even if § 1349(b)(1) gives this court original jurisdiction over this matter, maritime law requires this case to be remanded. Title 28 U.S.C. § 1441(b) states that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable." "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). It is well settled that maritime law claims do not arise under the laws of the United States. It is therefore true that unless a defendant is not a citizen of the state in which the action was brought, § 1441(b) does not allow maritime law claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction because the Fifth Circuit has not determined that finding that a court has OCSLA jurisdiction is synonymous with finding that a plaintiff's claim arises under the laws of the United States. See Tenn. Gas Pipeline, 87 F.3d at 156; See also Walsh v. Seagull Energy Corporation, 836 F. Supp. 411, 417-18 (S.D. Tex. 1993); Rivas v. Energy Partners of Delaware, No. Civ. A. 99-2742, 2000 WL 127290, *5 (E.D. La. Feb. 1, 2000) (stating "the Fifth Circuit has never held that where OCSLA and general maritime law overlap, the case

is removable without regard to citizenship"); 28 U.S.C. § 1441(b). Nevertheless, Defendants in this matter are not citizens of Louisiana (the state in which the action was brought). Therefore, because this court has original jurisdiction under § 1349(b)(1), it does not matter whether Plaintiff's claims do not arise under laws of the United States. This matter is removable because "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The remainder of Plaintiff's arguments related to admiralty jurisdiction are premised on what law should apply. Despite Plaintiff's claims, nothing Plaintiff cites indicates that a discussion of these issues would have any bearing on whether this Court has jurisdiction over this matter. Further, having determined that a decision that admiralty jurisdiction applies would not affect Court's jurisdiction determination, a decision on whether state, admiralty, or other law applies does not need to be addressed at this time.

### IV. Eleventh Amendment Immunity

Notwithstanding that this Court has original jurisdiction under § 1349(b)(1), the State argues that the Eleventh Amendment precludes Defendants from removing this case to federal court. Plaintiff correctly argues that the scope of sovereign immunity is broader than the Eleventh Amendment's text and that courts

should not be confined by the Amendment's definition of immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 69 (1996) (stating courts should be cautioned against "blind reliance upon the text of the Eleventh Amendment"); Alden v. Maine, 527 U.S. 706, 728-29 (1999) (stating the amendment merely confirmed, rather than established, the principle of sovereign immunity); Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 753 (2002) (stating the Eleventh Amendment is but one particular exemplification of sovereign immunity). However, Plaintiff's suggestion that sovereign immunity should not depend on whether the State appears as a plaintiff or a defendant is far reaching.

Although the Fifth Circuit has not directly addressed this issue, the court has indicated that it supports the notion that the Eleventh Amendment does not apply to the removal context when the State is a Plaintiff. See Huber, Hunt & Nichols, Inc. v. Architectural Stone Co., 625 F.2d 22, 24 n.6 (5th Cir. 1980) (stating in a footnote that the Eleventh Amendment is inapplicable where a state is a plaintiff); Louisiana ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418, 431 n.12 (5th Cir. 2008) (stating, "consistent with Supreme Court precedent," a number of circuit courts have interpreted the Eleventh Amendment as applicable only when a state is a defendant). Further, many circuits follow this logic. See, e.g., California ex rel.

Lockyer v. Dynegy, Inc., 375 F.3d 831, 848 (9th Cir. 2004); Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co., 359 F.3d 1237, 1239 (10th Cir. 2004); Regents of the Univ. Of California v. Eli Lilly & Co., 119 F.3d 1559, 1564-65 (Fed. Cir. 1997). Nevertheless, Plaintiff asks this Court to rely on Moore v. Abbott Laboratories, Inc., 900 F. Supp. 26, 30 (S.D. Miss. 1995), a district court case in which the court found that by removing the litigation to federal court, the defendants involuntarily subjected the State of Mississippi to the jurisdiction of the court, and therefore, the removal violated the State's Eleventh Amendment Sovereign Immunity. Id.

This Court finds Moore to be unpersuasive for two reasons. First, as discussed above, the Fifth Circuit has clearly indicated that it does not support such a broad interpretation of the Eleventh Amendment. Second, Moore relied on a single district court case, California v. Steelcase Inc., 792 F. Supp. 84 (C.D. Cal. 1992), in reaching its holding. In Steelcase, a Central District of California court held that "the immunity granted by the Eleventh Amendment is an immunity from being made an involuntary party to an action in federal court, [therefore] it should apply equally to the case where the state is a plaintiff in an action commenced in state court and the action is removed to federal court." However, Steelcase has been expressly deemed unpersuasive by the Ninth Circuit. California v. Dynegy,

Inc., 375 F.3d 831, 848 (9th Cir. 2003)[2] (holding that a state that voluntarily brings suit as a plaintiff in state court cannot invoke the Eleventh Amendment when the defendant seeks removal to a federal court of competent jurisdiction). For these reasons, this Court finds that Moore is unpersuasive and that the Eleventh Amendment is not a bar to removal in this matter.

## CONCLUSION

Based on the foregoing discussion, this Court finds that it has original jurisdiction under 43 U.S.C. § 1349, and that neither the well-pleaded complaint rule, the Eleventh Amendment, nor admiralty jurisdiction serves as a bar to removal in this matter. Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Remand**, In re: Deepwater Horizon, 10-CV-1156 (Rec. Doc. 304) is hereby **DENIED**.

New Orleans, Louisiana, this __5th__ day of __October__, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] The Ninth Circuit also expressly stated that Moore was unpersuasive. Dynegy, Inc., 375 F.3d at 849, n.15.

-13-