IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 | MAGISTRATE JUDGE SHUSHAN |

### DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS TRANSOCEAN'S THIRD-PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Third-Party Plaintiffs'[1] Third-Party Complaint (the "Third-Party Complaint") in this case for failure to state a claim against Dril-Quip upon which relief can be granted. The Court should dismiss Third-Party Plaintiffs' claims on behalf of Plaintiffs/Claimants against Dril-Quip under Rule 12(b)(6) because Third-Party Plaintiffs have not pled sufficient facts to raise a reasonable expectation that Plaintiffs/Claimants have a right to relief. Thus, Third-Party Plaintiffs' pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if Transocean's pleading insufficiencies are overlooked, Third-Party Plaintiffs fail as a matter of law to state a claim for negligence or gross negligence under the general maritime law against Dril-Quip because its own allegations conclusively establish that Dril-Quip owed no legal duty to Plaintiffs/Claimants. It is fundamental that a duty to prevent harm resulting from

---

[1] Dril-Quip adopts the Transocean entities' convention for referring to them collectively. *See* Third-Party Complaint, 1.

oil and gas operations arises as a consequence of control over the operations. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Yet the Third-Party Complaint contains no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty to Plaintiffs could have arisen. To the contrary, Third-Party Plaintiffs allege that BP operated the oil well and that BP and Third-Party Plaintiffs operated and controlled the *Deepwater Horizon*. *See* Third-Party Complaint at ¶¶ V, VII.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing Third-Party Plaintiffs' Third-Party Complaint in this action.

Date:   April  8, 2011

                                        Respectfully submitted,

                                        **WARE, JACKSON, LEE & CHAMBERS, LLP**

                                        BY:  /s/ C. Dennis Barrow, Jr._____
                                            Don Jackson
                                            Texas Bar No. 10476000
                                            Fed ID No. 6915
                                            C. Dennis Barrow, Jr.
                                            Texas Bar No. 00796169
                                            Fed ID No. 20624
                                            2929 Allen Parkway, 42nd Floor
                                            Houston, TX 77019
                                            Phone: (713) 659-6400
                                            Fax:(713) 659-6262
                                            Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

    I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of April, 2011.

                                        /s/ C. Dennis Barrow, Jr.
                                        C. Dennis Barrow, Jr.