**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, on APRIL 20, 2010** | * * * | **MDL NO. 2179** |
| | * * | **SECTION J** |
| **THIS DOCUMENT RELATES TO:** | * * | **JUDGE BARBIER** |
| **2:11-cv-00263** | * * | **MAG. JUDGE SHUSHAN** |

**PLAINTIFF BUDDY TRAHAN'S RESPONSE MEMORANDUM**
**IN OPPOSITION TO DRIL-QUIP, INC.'S MOTION TO DISMISS**

Plaintiff Buddy Trahan ("Plaintiff" or "Trahan") opposes the Motion to Dismiss [MDL Doc. # 1554] (the "Motion") filed by Defendant Dril-Quip, Inc. ("Dril-Quip") and submits for the Court's consideration the following response in opposition. The Federal Rules of Civil Procedure make clear that notice pleading is all that is required to plead a cause of action in federal court. Plaintiff's claims against Dril-Quip are sufficiently pled to provide Dril-Quip with the requisite notice. Alternatively, should the Court find that Plaintiff's claims are not sufficiently pled, Plaintiff stands ready to amend his complaint and/or to file a more definite statement.

## NATURE AND STAGE OF THE PROCEEDINGS

Before ruling on Dril-Quip's Motion, this Court must first determine the threshold issue of jurisdiction which is lacking in this case. "*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1103, 140 L.Ed. 2d 210 (1998), clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *See Sinochem Intl. Co., Ltd. v. Malaysia Intl. Shipping Corp.*, 549 U.S. 422, 430-31, 127 S.Ct. 1184, 1191 (2007). As

stated in *Steel Co.*, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex Parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1869) (internal quotations omitted). In this case, the Court has not yet determined the threshold issue of jurisdiction which is lacking in this case.

On September 20, 2010, Plaintiff filed his Motion to Remand with the Southern District of Texas-Houston Division [Doc. #7 in Cause No. 4:10-cv-03198, *Trahan v. BP, PLLC, et. al*] and pursuant to Pre-Trial Order #5, on April 8, 2011, Plaintiff re-filed his Motion to Remand for consideration from this Court. [MDL Doc. #1900] Within his Motion to Remand, Plaintiff explained that that federal subject matter jurisdiction is lacking for at least four reasons:

(1) Plaintiff has not made any claim arising under OCSLA or federal law.

(2) Plaintiff's claims are governed by general maritime law and are, therefore, not removable.[1]

(3) Even if the OCSLA applies (which it does not), Trahan's maritime vessel-related tort claims arising on an OCSLA situs are not removable if, as is the case here, one of the Defendants is a citizen of the forum state.[2]

(4) OCSLA exempts vessels such as the *Deepwater Horizon* from its parameters.[3]

---

[1] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468, 484-85 (1959) (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United Sates they do not present federal questions.)

[2] *See Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

[3] *See Walsh v. Seagull Energy Corp.*, 836 F. Supp. 411, 418 (S.D. Tex. 1993) ("In sum, despite the potential and probably intended breadth of the application of federal law under OCSLA to oilfield operations on the shelf, in practice the courts have read *Rodrigue* [*v. Aetna Cas. & Sur. Co.*, 395 U.S. 352 (1969)] to almost strictly limit its operation as to personal injuries to accidents taking place on fixed platforms.); *See also Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009).

To date, the Court has not ruled on Plaintiff's Motion to Remand nor has it determined whether federal subject matter jurisdiction exists. Before ruling on Dril-Quip's Motion to Dismiss, Plaintiff requests that the Court determine whether it has subject matter jurisdiction over Plaintiff's claims. Again, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94.

Alternatively, Plaintiff submits the following response in opposition to Dril-Quip's Motion.

**OVERVIEW**

When ruling upon a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pled allegations and resolve all doubts in favor of the plaintiff. *See Tanglewood East Homeowner v. Charles-Thomas, Inc*., 849 F.2d 1568, 1572 (5th Cir. 1988).The Court should deny a Rule 12(b)(6) motion unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*., quoting *Conley v Gibson*, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) motions are "viewed with disfavor, and [are] rarely granted." *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). It should also be noted that the Federal Rules of Civil Procedure require only notice pleading. Fed. R. Civ. P. 8. Thus, a pleading is sufficient so long as it provides the defendant with notice of the claims being asserted against it.

Here, Plaintiff's complaint meets this threshold of sufficiency because his complaint pleads a set of facts that would entitle him to relief and provides Dril-Quip with notice of the claims being asserted against it. Therefore, the Court should deny Dril-Quip's Motion to Dismiss in its entirety.

**PLAINTIFF'S ALLEGATIONS AGAINST DRIL-QUIP**

On August 19, 2010, Plaintiff filed his Original Petition in Harris County, Texas in the 270th Judicial District Court. Despite the fact that Plaintiff brought his personal injury claims pursuant to the general maritime laws of the United States for torts occurring aboard a vessel in navigable waters and did not assert claims under any federal statute, Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") removed this case based on 28 U.S.C. § 1331, *et seq*. On or around February 7, 2011, Plaintiff's case was transferred to MDL 2179. Plaintiff's complaint alleges that Dril-Quip manufactured and/or designed the well head that connects to the blowout preventer at the sea floor and the lock down seal assembly on the *Deepwater Horizon*. Therefore, Plaintiff sued Dril-Quip for negligence and products liability.

## LEGAL STANDARD

### A. *Twombly* and *Iqbal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 547. A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *id*. As the Fifth Circuit recently reiterated, "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397 at 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id*. It is not, however, a "probability requirement." *Id*. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and

unlikely.' " *Twombly*, 550 U.S. at 556. A complaint states a plausible claim for relief if its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The court must take the plaintiff's factual allegations as true. *Id*. at 1949-50. And, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

The Fifth Circuit, in applying and interpreting the *Twombly/Iqbal* standard, has held that when faced with a Rule 12(b)(6) motion to dismiss, that is, a motion to dismiss for failure to plead a claim on which relief can be granted, "courts must . . . accept all factual allegations in the complaint as true." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009), *citing Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308 (2007); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination United*, 507 U.S. 163, 164 (1993). As *Lormand* reminds, "[w]e must also draw all reasonable inferences in the plaintiff's favor." 565 F.3d at 232.

## ARGUMENT

### A. The Plausibility of Plaintiff's Claims Against Dril-Quip

Here, it is beyond doubt that a catastrophic explosion and fire occurred on the *Deepwater Horizon*, resulting directly in injuries and death. *See Exhibit A, ¶ 25*. Dril-Quip's role as the manufacturer of the well head that connects to the blowout preventer at the sea floor and the lock down seal assembly is likewise known. The substantial discovery, now ongoing, into the events leading up to the explosion and fire in general, and into Dril-Quip's role therein, is justified in terms of time and expense. The *Twombly/Iqbal* problem does not exist in this case. Accordingly, the level of specificity and detail required in the antitrust context of *Twombly* should not be required here. Again, *Twombly* requires "enough facts to state a claim to relief that is plausible

on its face." *Twombly*, 550 U.S. at 570. Plaintiff's pleading meets this standard in the factual and legal context of the *Deepwater Horizon* litigation.

**B. Dril-Quip's Complaints with Plaintiff's Petition**

Dril-Quip, however, criticizes Plaintiff's pleading for being a "'shotgun' complaint", for asserting claims in "conclusory fashion", and for failing "to plead any facts specific to Dril-Quip." *Motion, p. 3*-4. Dril-Quip also complains that "[a]llegations that lump multiple defendants together without specifying which defendant did what do not satisfy federal pleading standards." *Motion, p. 4*. In doing so, Dril-Quip misrepresents the applicable case law, citing instead to cases imposing heightened-pleadings standards in the context of RICO and fraud claims rather than the standards applicable to negligence and product liability claims.

Specifically, Dril-Quip cites *Cruz v. Cinram Int'l, Inc.*, 574 F.Supp.2d 1227, 1233 (N.D. Alabama 2008). In *Cruz*, the movants filed a motion for more definite statement claiming the complaint failed to apprise them of the factual basis of the respondent's RICO claim. In requiring a motion for more definite statement, the court held that a "RICO claim . . . is not a 'typical' civil claim that may be sufficiently pled by following Rule 8" and that it must the satisfy the heightened standard for pleading fraud. *Cruz*, 574 F. Supp.2d at 1230. Additionally, the court required that the complaint inform each defendant of the nature of his alleged participation in the fraud. *Id. at 1233*. The complaint in Cruz, however, simply alleged that "Defendants used falsified employment authorization documents to conceal the fact that they recruited and/or employed many of Cinram's workers illegally" but gave no further information of the facts supporting this claim. In contrast, Plaintiff's complaint contains no RICO or fraud allegations and is not subject to a heightened pleading standard. Moreover, Plaintiff's complaint informs Dril-Quip that it is suing it in connection with its negligence in building the well head that

connects to the blowout preventer at the sea floor and the lock down seal assembly and for product defects existing with the well head and lock down assembly.

Dril-Quip also cites *Kester v. Zimmer Holdings, Inc.*, No. 2:10-cv-00523, 2010 WL 2696467 (W.D. Pa. June 16, 2010) for the proposition that "collectively referring to 'Defendants' is insufficient under *Twombly"* In *Kester*, the plaintiff collectively asserted claims against multiple manufacturers of pain pumps and alleged that it was possible that one or more of the manufacturers manufactured the pumps that caused her injuries. It was this context, that the Court held that the "collective identification of Defendants fails to identify which Defendant caused Plaintiff's alleged injury". *Kester*, 2010 WL 2696467, *6. Unlike *Kester*, Plaintiff's complaint informs each Defendant, including Dril-Quip, of the nature of his claim and the reason why each Defendant is named in the lawsuit. Perhaps more importantly, unlike Kester where one type of product was alleged to have harmed the plaintiff, liability for the *Deepwater Horizon* explosion is not attributable to only one product and one Defendant. Further, Dril-Quip also fails to mention the portion of the case it actually cites, *12, requires fraud claims to be stated with particularity in accordance with Federal Rule of Civil Procedure 9(b). *Motion, p. 4; Kester*, 2010 WL 2696467, *12.

Although Dril-Quip complains that Plaintiff's complaint is a "shotgun" complaint, a close inspection Plaintiff's complaint reveals that it is not such a complaint. Under the cases cited by Dril-Quip, the typical "shotgun" complaint is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation, where most of the counts (i.e. all but the first contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.2d 1293, 1295-1296 (11th Cir. 2002). Likewise, according to Dril-Quip, a "shotgun" complaint is one that "'fails to identify

claims with sufficient clarity to enable the defendant to frame a responsive pleading.'" *Giscombe v. ABN Amro Mort. Group, Inc.*, 680 F.Supp.2d 1378, 1380 (N.D. Ga. 2010) (quoting *Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005)). Neither of these situations is present in Plaintiff's complaint. Again, Plaintiff sued Dril-Quip in its capacity as the manufacturer of the well head that connects to the blowout preventer at the sea floor and the lock down seal assembly. It is inconceivable that Dril-Quip claims that it does not have sufficient information to frame a responsive pleading as Plaintiff's allegations are clear.

*Twombly* and *Iqbal* have their justification in the legitimate quest to reduce cost and delay in civil litigation, and to conserve the resources of the courts and of the parties. These goals, however, are not promoted by requiring Plaintiff to amend his complaint to include the detail now becoming available in discovery about Dril-Quip's conduct. While such additional information is certainly possible at this juncture, and will be done promptly should this Court so order, Plaintiff respectfully submits it is unnecessary and should not be required at this time. Plaintiff's allegations, accepted as true and viewed in the light most favorable to Plaintiff, are sufficient to support a claim against Dril-Quip, place Dril-Quip on notice that such a claim has been alleged, and to defeat Dril-Quip's Motion.

C. **Dril-Quip Has Fair Notice of Plaintiff's Claims**

In addition to establishing a facial plausibility threshold, the purpose of the *Twombly/Iqbal* pleading standard is to give the defendant "fair notice of the claims against it." *Wright v. Shell Offshore, Inc.*, 2011 Westlaw 690530, *1 (E.D. La. Feb. 17, 2011). In *Wright*, this Court recently addressed and applied the *Twombly/Iqbal* standards in a maritime context. The claim arose from exposure to benzene-containing chemicals and solvents while plaintiff worked for various employers aboard various vessels. Mr. Wright asserted a Jones Act claim of

unseaworthiness and maintenance and cure against his former employers, and products liability claims against an array of "Manufacturer Defendants." After Mr. Wright died of acute myelogenous leukemia, wrongful death and survivor claims were added to the suit. In denying the Rule 12(b)(6) motion, this Court held in *Wright* that plaintiffs had "sufficiently pled enough facts to give defendant 3M Company fair notice of the claims against it in order to survive dismissal under Rule 12(b)(6)," and that "plaintiffs' lack of certain specific factual allegations as to defendant 3M Company does not necessitate a dismissal of those claims. The court finds that plaintiffs have pled enough facts to state a claim for relief that is plausible on its face and to give defendant 3M Company fair notice of those claims." *Wright*, 2011 Westlaw 690530, at **1-2.

Comparing the disposition in the *Wright* action (denial of the dismissal motion) to the factual and procedural context here, it is reasonable to expect that Dril-Quip's motion will be similarly denied. Mr. Wright's exposure to benzene was long term (from 1976 to 2009), and occurred in the employ of various defendants at various locations. In stark contrast, Plaintiff's claim for personal injury against Dril-Quip arose from one incident, at one time and place, in a catastrophic incident that indisputably implicated the products and conduct of Dril-Quip and others. There can be no such implausibility argument with respect to the causal connection between the *Deepwater Horizon* explosion and fire, and the injuries alleged in Plaintiff's complaint.

**D. Dril-Quip Relies on Inapplicable Case to Evade Liability on Plaintiff's Negligence Claims**

In the context of Plaintiff's negligence claims, Dril-Quip seeks dismissal based on inapplicable case law. For example, Dril-Quip cites cases concerning the existence of a legal duty in a summary judgment context as opposed to the pleadings stage or standards applicable to a Rule 12(b)(6) motion. In particular, Dril-Quip argues that to establish maritime negligence, a

plaintiff must demonstrate that Dril-Quip owed him a legal duty of care. *Motion, p. 5*. To this end, Dril-Quip argues that Plaintiff "alleges no facts from which the Court could infer that Dril-Quip owed him any legal duty because Plaintiff does not allege that Dril-Quip controlled or had any right to control any of the operations of the *Deepwater Horizon*." *Motion, p. 5*. Stated otherwise, Dril-Quip claims that it did not owe a duty to Plaintiff because it did not control any operation on the *Deepwater Horizon*. This argument is mistaken because the issue of control is only relevant if Plaintiff is alleging vicarious liability (*i.e.*, that Dril-Quip was liable for BP's negligence). *See, e.g.¸ Fruge v. Parker Drilling Co.*, 337 F.3d 558, 561 (5th Cir. 2003). ("[A] principal is not liable for the actions of its independent contractor unless the principal retained 'operational control' over the contractor's work . . . or expressly or impliedly approved its unsafe work practices that led to an injury."); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1992). Here, the issue is whether Dril-Quip's *own* action or inaction was harm to Plaintiff. *Rogers v. Shell Oil Co.*, No. 92-1040, 1993 WL 30052, at *2 (E.D. La. Feb. 3. 1993) ("[A] principal is still liable for its own acts of negligence despite the independent contractor relationship").

In attempting to dismiss Plaintiff's negligence claims, Dril-Quip relies on a line of cases that decline to impose vicarious liability on the owners of oil rigs for the unsafe work environments created by their independent contractors. *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir. 1987) ("Under Louisiana law, a principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties"); *Thomas v. Burlington Res. Oil & Gas Co.*, No 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000). In *Ainsworth*, the employee of an independent contractor that was hired to erect a drilling rig on an offshore platform brought an action against the platform owner for damages.

On appeal from a summary judgment in favor of the owner, the Fifth Circuit held that the owner retained no control over the independent contractor's activity and did not participate in the operation of the rig. *Ainsworth*, 829 F.2d at 551. While *Ainsworth* involved the injury of a worker on an oil rig and is frequently cited in cases involving the injury of a worker on an oil rig, it is a case about vicarious liability for an unsafe worksite, with no applicability in a case about a party's own negligence.[4] *See*, *Hernandez v. Creative Group, Inc.*, No. 09-7514, 2010 WL 3720533, at *3 (ED. La. Sept. 10, 2010) (citing *Ainsworth* to explain that a conference planner is not liable for the torts of the bus company hired to transport people to and from the conference); *Gonzales v. Brazley*, No. 09-137, 2009 WL 2411800, at *7 (E.D. La. Aug. 4, 2007) (citing *Ainsworth* to explain that a bank was not liable for the torts of an independent contractor hired to provide security). Accordingly, the Court should decline to apply the cases cited by Dril-Quip to the facts of this case and deny Dril-Quip's Motion.

Nevertheless, at this stage in the proceedings, however, the Court is not tasked with determining whether or not Dril-Quip owed Plaintiff a legal duty nor is it tasked with determining whether Plaintiff has brought forth evidence, as it would do in the summary judgment context, to demonstrate the duty owed by Dril-Quip. Instead, the issue before the Court is whether Plaintiff has pled a set of facts that would entitle him to relief and provided Dril-Quip with notice of the claims being asserted against it. Undoubtedly, Plaintiff's pleading survives the dismissal motion if the fact-finder determines that Dril-Quip has a duty to perform its operations in a reasonably prudent manner, that its negligence played a part in causing this incident, that it breached his duty to Plaintiff, and that he was thereby injured.

---

[4] Additionally, the cases relied upon by Dril-Quip do not concern the legal sufficiency of a plaintiff's pleading. *See, e.g., Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370 (5th Cir. 2000); *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir. 1987); *Thomas v. Burlington Res. Oil & Gas Co.*, No 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000); *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp.2d 680 (E.D. La. 2004). Instead, the courts were concerned with whether the evidence adduced at trial or in response to a summary judgment supported an inference of negligence and/or legal duty.

**E. Alternatively, Plaintiff Asks The Court To Allow Him to Amend His Complaint**

If the Court determines that Plaintiff's pleading fails to meet the *Twombly/Iqbal* standard, Plaintiff requests that it allow him reasonable time to amend his complaint to state more facts that show, to a plausible degree, that Dril-Quip's negligence contributed to this incident and contributed to his injuries and damages. Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

**REQUEST FOR RELIEF**

For the foregoing reasons, Dril-Quip's Motion to Dismiss should be denied in its entirety. However, in the event the Court believes otherwise, and would like additional factual details as to the nature and description of the claims or otherwise, Plaintiff requests leave to amend and for all other relief the Court deems appropriate.

Respectfully submitted,

**Lubel Voyles LLP**

By: /s/ Lance H. Lubel
Lance H. Lubel
Texas State Bar No.: 12651125
Adam Q. Voyles
Texas State Bar No.: 24003121
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: lance@lubelvoyles.com
Email: adam@lubelvoyles.com
**ATTORNEYS FOR PLAINTIFF BUDDY TRAHAN**

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing ***Plaintiff Buddy Trahan's Response Memorandum in Opposition to Dril-Quip, Inc.'s Motion to Dismiss*** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 8th day of April, 2011.

_/s/ Lance H. Lubel_______________
Lance H. Lubel