UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding PSC's Request for Privilege Log Identification by BP]**

On March 2, 2011, the PSC sought a determination regarding BP's obligation to log certain communications that it contends are protected from disclosure. Paragraph 2 of Pretrial Order No. 14 provides that:

> Privilege log identification is not required for post-April 20, 2010 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party.

Rec. doc. 655. The PSC was concerned that "potentially critical non-privileged communications regarding the investigation, the post-spill well-control effort . . . , or other key evidence may be completely excluded from any type of production or privilege analysis." Rec. doc. 1559. BP and other parties responded. Rec. doc. 1560-62. On March 15, 2011, the PSC submitted a further letter (Rec. doc. 1636) in support of its request that BP be required to list post-April 20, 2010 communications and documents involving in-house counsel on its privilege log.

On March 17, 2011, there was a conference with counsel for the PSC and BP. With the consent of the PSC, there was an *ex-parte* conference with BP. Following that conference, BP produced *in camera* a sample[1] of 100 post-April 20, 2010 email communications involving in-house counsel which were not logged pursuant to PTO No. 14. About half contained redactions of material

---

[1] Selected by BP's contractor at random.

which BP contends are protected from disclosure. The remaining communications were withheld in their entirety.

The *in camera* review demonstrated that the redacted material contained information which is protected from disclosure. The redactions were well done. There was no redaction of unprotected information. The remaining documents were properly withheld from production.

There were two emails transmitting unsigned contracts. While the emails were protected from disclosure, the unsigned contracts were for the provision of services to BP after April 20, 2011. They were in final form and were not drafts prepared by an attorney. Although the copies of the contracts attached to the emails were withheld, they were produced in their final form in other document production. Thus, the undersigned finds that there is not good cause to revisit the terms of paragraph 2 of PTO No. 14. Accordingly,

IT IS ORDERED that the PSC's letter requests for modification of paragraph 2 of PTO No. 14 to require privilege log identification for post-April 20, 2010 communications by BP's in-house counsel (Rec. doc. 1559 and 1636) are DENIED.

New Orleans, Louisiana, this 11th day of April, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**