UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *10-1986, 10-3895, 10-3896,* | | |
| *10-3897, 10-4168, 10-4169, 11-58* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| * * * * * * * * * * * * | | |

## ORDER AND REASONS

Before the Court is Plaintiffs Terry G. Robin et al.'s ("Robin Plaintiffs") **Motion for Leave of Court to File Motion to Authorize Use of Short-Form Claim for Limitation (Rec. Doc. 1831)**, Plaintiff Steering Committee's ("PSC") **Response (Rec. Doc. 1895)**, various Seacor entities' (Petitioners in three Emergency Responder Limitations) ("Seacor") **Opposition (Rec. Doc. 1898)**, and Island Ventures II, LLC and Nautical Solutions, LLC's (Petitioners in two Emergency Responder Limitations) ("IV" and "NS" respectively) **Opposition (Rec. Doc. 1899)**, and Monica Ann, L.L.C., JNB Operating L.L.C., and Gulf Offshore Logistics, L.L.C.'s (Petitioners in one Emergency Responder Limitation) ("Monica Ann") **Opposition (Rec. Doc. 1903)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On July 14, 2010, the Robin Plaintiffs filed an *in rem* and *in personam* class action complaint against certain vessels and entities involved in the emergency response effort after the explosion and fire on board the Deepwater Horizon. The heart of the Robin Plaintiffs' Complaint is that the Emergency Responder Defendants' attempts to extinguish the fire on the Deepwater

1

Horizon flooded the vessel and caused it to sink, breaking the pipe connecting the vessel to the wellhead, and resulting in the oil spill. After the Robin Plaintiffs filed their Complaint, six Emergency Responder Limitation Actions were initiated–the monition date for all of them is April 20, 2011.

On October 19, 2010, this Court entered Pretrial Order No. 11, Case Management Order No. 1, which separates actions into Pleading Bundles for the filing of complaints, answers, and Rule 12 motions. Among the Pleading Bundles described in Pretrial Order No. 11 are private individual and business loss claims, including non-governmental economic loss and property damage claims ("Bundle B1"), post-explosion clean-up claims for personal injury and medical monitoring ("Bundle B3"), and post-explosion emergency responder claims ("Bundle B4"). Specifically as to the Bundle B4 claims, Pretrial Order No. 11 states as follows:

> This Pleading Bundle will include all claims against the alleged owners and/or operators of rescue vessels that answered the Deepwater Horizon distress call and responded to the emergency after the explosion. Plaintiffs Liaison Counsel shall confer with counsel for the plaintiffs in any such actions, in order to determine whether such claims should be pursued further, by existing complaint(s), amended complaint(s), and an administrative Master Complaint, or Consolidated Complaint.

After the PSC conferred with counsel for the Robin Plaintiffs, it determined not to pursue such claims within a Master Complaint or on other consolidated basis.

On December 15, 2010, the PSC submitted for approval a short-form joinder to be used by those seeking to file a Claim in the Transocean Limitation Action, to adopt the Master Answers filed on behalf of the B1 and B3 claimants within the Transocean Limitation Action, and to intervene into, join or adopt the Master Complaints filed within the B1 and B3 Bundles. In Pretrial Order No. 24, the Court approved the use of the short-form joinder and created a new docket, Civil Action No. 10-8888, for the sole purpose of filing short-form joinder forms.

Pursuant to Pretrial Order No. 24, the filing of a short-form joinder is deemed a simultaneous filing an answer and claim in the Transocean Limitation Action and an intervention into either the B1 or B3 Master Complaints. Pretrial Order No. 24 does not address B4 Emergency Responder Plaintiffs or Limitations.

On February 28, 2011, Transocean filed a Rule 14(c) Third-Party Complaint in the Transocean Limitation Action. Transocean did not tender to the Robin Plaintiffs or otherwise name as Third-Party Defendants the Emergency Responders.

## PARTIES' ARGUMENTS

Robin Plaintiffs request that the Court permit claimants in the six Emergency Responder Limitations to use a short-form joinder form. It is unclear whether Robin Plaintiffs request to use the same short-form joinder sanctioned by Pretrial Order No. 24 or to use a separate, but substantially similar, short-form joinder form tailored to their Emergency Responder Limitations.

The PSC argues that the Robin Plaintiffs' use of the Transocean Limitation short-form joinder is inappropriate because the Emergency Responder Limitation proceedings are completely separate and are not consolidated, and the entities seeking limitation of liability in the Emergency Responder Limitation Actions are not implicated by the Transocean 14(c) tender of the Master Complaints. Additionally, the PSC avers that the use of the short-form joinder form for the Emergency Responder Limitation Actions would result in pretrial confusion leading up to the February 2012 designated trial date, undermine ongoing discovery efforts, and thwart the purpose of the Court-approved short-form joinder. The PSC points out that none of the

Emergency Responder Defendants are named in Transocean's Third-Party Complaint or in the B1 or B3 Master Complaints.

Seacor echoes the PSC's concern that the use of the same short-form joinder as authorized by Pretrial Order No. 24 would be confusing and lead to uncertainty. It emphasizes that because April 20, 2011 is the same date by which claims must be filed in the Tranocean Limitation, actions must be taken to insure that claims are filed in, and only in, the intended Limitation Action. Not only would using the same short-form joinder as authorized for the Transocean Limitation create confusion, Seacor argues that the language in the Transocean short-form joinder is plainly inapplicable to the Emergency Responder Limitations. For example, the Pretrial Order No. 24 short-form joinder reads, "By submitting this document, I am asserting a claim in Complaint and Petition of Triton Asset Leasing Gmbh et al. in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint . . . for private economic losses . . . and/or . . . for post-explosion injuries . . . ." However, Seacor is not opposed to the Robin Plaintiffs' suggestion in principle, and it provides a modified short-form joinder form which could be used instead.

IV, NS, and Monica Ann concur with Seacor's position.

## DISCUSSION

The Court concludes that the authorization of a short-form joinder form for the Emergency Responder Limitation Actions is likely to create confusion among potential claimants–even if the Court were to authorize the modified form suggested by Seacor, IV, NS, and Monica Ann. Moreover the Court notes that the Robins Plaintiffs have not demonstrated (or even suggested) that the Court should expect a large volume of claimants to file in the

Emergency Responder Limitation Actions. The Court agrees that because April 20, 2011 is the same date by which claims must be filed in the Tranocean limitation, actions must be taken to insure that claims are filed in, and only in, the intended Limitation Action. The PSC has already publicized the Transocean Limitation short-form joinder, and the Court believes that adding an additional form at this point (the monition date is less than one month away) would likely engender confusion. Additionally, because one of the Court's chief concerns that prompted it to authorize the Transocean Limitation short-form joinder was the expected volume of claimants, the Court declines to authorize the short-form joinder for the Emergency Responder Limitations.

Accordingly, **IT IS ORDERED** that the Robin Plaintiffs' **Motion for Leave of Court to File Motion to Authorize Use of Short-Form Claim for Limitation (Rec. Doc. 1831)** is hereby **DENIED**.

New Orleans, Louisiana, this 11th day of April, 2011.

**THE HONORABLE CARL J. BARBIER**
**U.S. DISTRICT COURT JUDGE**