THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: DEEPWATER HORIZON | * | MDL NO. 2179 |
| | * | |
| | * | SECTION "J" |
| | * | |
| | * | DIVISION "I" |
| | * | |
| | * | JUDGE CARL J. BARBIER |
| | * | |
| This document relates to: 10-CV-1986 | * | MAGISTRATE SHUSHAN |
| | * | |

**************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SHORT FORM CLAIM APPROVED AND AUTHORIZED BY THE COURT FOR USE IN THE TRANSOCEAN LIMITATION PROCEEDINGS**

**May it please the Court;**

Plaintiffs Terry G. Robin et al., originally requested leave of Court to use the Short Form Claim for limitation in connection with claims filed in the complaint and petition of Seacor Holdings et al, 10-3897, 10-3896, 10-3895, and the matter of Island Ventures et al, 10-4168, 10-4169, and MV Monica Anne, 10-0058. Because the sample Short Form Claim for limitation submitted with Plaintiffs motion indicated that the claim would also be considered a claim in the Transocean limitation, the complaint and petition of Triton Assett Leasing GMBH, et al, in 10-2771 and because it would adopt and incorporate the master answer (REC; DOC; 244), the PSC and Defendants Seacor and Chouest express some confusion and concern. Plaintiffs Robin et al, does not seek relief from the Court to consider any claims filed in the Transocean Limitation to also be considered claims filed in the six Limitations by Seacor et al. Terry G. Robin does not request that relief but initially was seeking to have claims filed in the six Seacor et al limitations, also be considered as claims having been filed in the Transocean Limitation

1

Proceedings. This was initially sought to avoid the necessity of filing essentially the same claim twice.

However since this causes some confusion as to whether claims filed in the Transocean proceedings would also be considered the claims filed in Seacor et al, Limitation Proceedings, which is specifically not requested and opposed by the PSC, and the Seacor defendants, Plaintiffs Terry G. Robin et al., withdraw from their Motion, the request to have the Short Form Claim filed in the Seacor et al, Limitation Proceedings being considered as also claims filed in Transocean Limitation Proceedings.

However, the six limitations of Seacor et al are all derivative of the Robin et al. action against the fireboat responders. In fact in the opposition to Robin et al, Plaintiffs Motion, the Petitioners in limitation acknowledge that the filings of the claim form that they propose, adopts and incorporates the allegations made in the Robin Complaint (2:10-1986, Rec. Doc. 1) It makes no sense to force a claimant to urge six separate claims.

Attached as Exhibit A, is a draft of a modified proposed Short Form which could be used to assert claims in the Six Seacor et al. Limitations.

Robin et al Plaintiffs respectfully suggests that this Honorable Court should, consistent with its Pre-Trial Order No. 24, order that:

(1) The Direct Filing Short Form attached as Exhibit A (or substantial equivalent) may be filed in the identified limitation actions without payment of a filing fee;

(2) The filing of a claim in any one of the Emergency Responder limitation actions will be deemed a filing in the any of the other Emergency Responder limitation actions but not Transocean limitation action;

(3) The filing of a claim in the Transocean limitation action will not be deemed a filing in any of the Emergency Responder limitation actions; and

(5) All short form claims filed in any Emergency Responder limitation actions shall be allocated into pleadings Bundle B4 ("Post-Explosion Emergency Responder Claims") as per Pre-Trial Order No. 11 (Rec. Doc. 569). By submitting a short claim form in any of the Emergency Responder limitation actions, a claimant shall be deemed to have asserted a claim within that specific limitation action and the other Emergency Responder limitation actions adopting and incorporating the allegations made in the Robin et al. complaint (2:10-1986, Rec. Doc.1)

                Respectfully Submitted,

                **/s/Lloyd N. Frischhertz**
                **LLOYD N. FRISCHHERTZ (#5749)**
                Frischhertz & Associates
                1130 St. Charles Avenue
                New Orleans, LA 70130
                Telephone - (504) 523-1500
                Facsimile - (504) 581-1670

                and

                **/s/Gerald Maples**
                **F. Gerald Maples, (#25960)**
                Carl D. Todd Campbell, II, (#31084)
                Carlos Zelaya, II, (# 22900 )
                F. Gerald Maples, P.A.
                365 Canal Street, Suite 2650
                New Orleans, Louisiana 70113
                Telephone: (504) 569-8732
                Facsimile:  (504) 525-6932

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of April, 2011.

                                                /s/ Lloyd Frischhertz_____
                                                Lloyd Frischhertz