UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION: J |
| Applies to: All Cases | * * | JUDGE BARBIER |
| | * | MAGISTRATE JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PRE-TRIAL ORDER NO. 34
[Requiring Leave of the Court for Dismissals Without Prejudice]

This multi-district litigation consists of hundreds of consolidated cases, with tens of thousands of individual claimants, presently pending before this Court. These cases arise from the April 20, 2010 explosion, fire and capsizing of the "Deepwater Horizon" mobile offshore drilling unit, which resulted in the release of millions of gallons of oil into the Gulf of Mexico before it was finally capped approximately three months later. The consolidated cases include claims for the death of eleven individuals, numerous claims for personal injury, and various claims for environmental and economic damages. On August 10, 2010, the Judicial Panel on Multidistrict Litigation created MDL 2179, consolidating these cases arising out of the Deepwater Horizon casualty and transferring the consolidated litigation to the undersigned district judge for pretrial handling pursuant to 28 U.S.C. § 1407.

1

Since being assigned this massive, complex litigation, this Court and counsel have spent enormous amounts of time and effort organizing and structuring the cases in an effort to move the litigation forward in the most efficient, expedited and fair manner. In doing so, the Court has conducted numerous status conferences and hearings, has issued a number of pretrial rulings, and has issued a series of pretrial management orders (PTOs) for the orderly disposition of discovery and other pretrial proceedings. The PSC and counsel for the various defendants have engaged in extensive discovery, including numerous depositions, and production of massive volumes of documents. Additionally, extensive testing and forensic analysis of physical evidence has been performed, and further testing is scheduled. At the instruction of the Court, the parties have scheduled a large number of additional depositions and other discovery, all in preparation for what is anticipated to be a lengthy trial beginning in February 2012, in which issues of liability, limitation and allocation of fault will be decided.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) ordinarily permits voluntary dismissal by a plaintiff without a court order or consent of opposing parties, so long as the opposing party has not yet served an answer or a motion for summary judgment. The Fifth Circuit has explained that "[t]he theory underlying this limitation is that, after the defendant becomes actively engaged in the defense of a suit, he is entitled to have the case adjudicated, and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities." Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979).

Rule 41 (a)(1)(A) expressly provides that the right of a plaintiff to voluntarily dismiss an action without a court order may be accomplished simply by filing a notice of dismissal. But, this right is "subject to . . . any [other] applicable statute." Other MDL courts, acting pursuant to statutory authority granted to transferee courts by 28 U.S.C. § 1407, have recognized that it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL litigation. See In re Genetically Modified Rice Litig., 2010 WL 716190, at *8 (E.D. Mo. 2010) (explaining that the MDL court's "managerial authority over the cases" allowed it to restrict the plaintiffs' ability to dismiss); In re Zicam Cold Remedy Marketing Sales Practices and Products Liability Litig., 2010 WL 3402490, at *2 (D. Ariz. 2010) (explaining that Rule 41(a)(1)(A) is subject to the federal statute authorizing multidistrict litigation, 28 U.S.C. § 1407, and that "[w]ere it otherwise, the entire MDL process could be jeopardized by the unilateral action of the parties.")

By stipulation of Plaintiff Liaison Counsel and Defense Liaison Counsel, and considering the advanced stage of the pretrial proceedings, and in order to preserve this Court's ability to manage the pretrial activities within MDL 2179 and prevent unfair prejudice to the parties,

**IT IS ORDERED** that:

1. Any plaintiff wishing to dismiss their claims against any party without prejudice can do so only with leave of the Court. To seek such leave, the party wishing to dismiss its claims without prejudice must file a motion with this Court seeking such leave and the stating the reason for the sought dismissal.

2. Any "notice of voluntary dismissal" filed by a party shall be converted by the Clerk's office to a contradictory motion which must be set for hearing.

3. Voluntary dismissals <u>with prejudice</u> are still allowed without leave of the Court.

Signed New Orleans, Louisiana, this 12th day of April, 2011.

_____
**Carl J. Barbier**
**U.S. District Court Judge**