IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  OIL SPILL by the OIL RIG | * | |
| "DEEPWATER HORIZON" in the | * | MDL No. 2179 |
| GULF OF MEXICO, on | * | |
| APRIL 20, 2010 | * | SECTION:  J |
| | * | |
| This document applies to: | * | JUDGE BARBIER |
| *All Cases*. | * | MAGISTRATE SHUSHAN |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MARINE SPILL RESPONSE CORPORATION'S OBJECTION TO PROPOSED TRIAL PLANS**

Defendant Marine Spill Response Corporation ("MSRC") respectfully submits this objection, pursuant to the Court's Order dated April 1, 2011 (Rec. Doc. 1832), to address issues left unresolved by the trial plans proposed by the Plaintiffs' Steering Committee ("PSC") and the Transocean entities and by BP.

Neither trial plan proposes resolving any of the claims asserted by the B(3) Master Complaint against MSRC during the February 2012 trial of limitation and liability, or at any other time in the near future. Both of the proposed trial plans, therefore, assume that the claims against MSRC and the other B(3) Defendants will be addressed in a separate trial at some undetermined time after the issues of limitation, liability or exoneration and fault allocation for

1

personal injury/wrongful death and economic losses have been determined in respect of BP, Transocean and the various drilling Defendants. Such a delay, however, is contrary both to MSRC's right to have the claims against it prosecuted with reasonable diligence and to the Court's stated objective of resolving all issues of liability on an expeditious basis. Such a delay also is prejudicial to MSRC, which will continue to incur significant defense costs without the opportunity to resolve or even advance the litigation against it. And, given the uncertainty over the level of risk MSRC is facing and the outcome of this litigation, as a result of the delay inherent in both proposed trial plans, MSRC and its sub-contractors now question their ability to respond to future oil spill events, and their ability to obtain adequate insurance and the contractual protections necessary to mitigate the legal and financial risks that could result from responding to future oil spill events. Accordingly, MSRC respectfully submits that the Court should enter a trial plan that provides for the resolution of the B(3) claims without delay.

## STATEMENT OF FACTS

MSRC is an Oil Spill Removal Organization ("OSRO") and maintains certain equipment (such as containment and protective booms, storage capacity, and oil-skimming equipment) and trained personnel to operate this equipment to assist a planholder in meeting its response planning requirements. In this case, MSRC utilized such equipment and personnel to assist BP with the cleanup efforts in the aftermath of the *Deepwater Horizon* spill. MSRC, however, did not own or operate any of the dispersant aircraft. Instead, it had contracts with independent contractors for the provision of such services.

MSRC, MSRC's sub-contractors and MSRC's dispersant supplier have been named as Defendants in the B(3) Master Complaint in this litigation, even though their activities were approved by the United States Coast Guard ("USCG"), and even though the dispersant sprayed

was listed on the United States Environmental Protection Agency ("EPA") schedule of dispersants that may be authorized for use by the USCG in accordance with the requirements of National Contingency Plan (33 C.F.R. part 300, subpart J).

MSRC, MSRC's sub-contractors and MSRC's dispersant supplier have incurred and will continue to incur substantial defense costs as a result of their involvement in this litigation. Other responders involved in dispersant operations have suffered a similar fate. (*See* Declaration of Don Toenshoff, dated April 13, 2011 ("Toenshoff Dec.") at ¶4.)

MSRC and other oil spill responders also will suffer significant harm if this matter is not expeditiously resolved. Already, some dispersant aircraft providers have had difficulty in acquiring the necessary and/or adequate insurance for oil spill response operations, given the uncertainty over the litigation. (*Id*. at ¶ 7.) Also, the uncertainty about the level of risk facing oil spill response organizations as a result of the current litigation makes it difficult to craft contractual protections to mitigate the uncertain legal and financial risks that could result from responding to future spill events. (*Id*. at ¶ 8.) MSRC understands that dispersant suppliers may not sell additional dispersants unless they also receive significant contractual indemnification protections. (*Id*. at ¶ 9.) But again, uncertainty about the level of risk facing dispersant manufacturers as a result of the current litigation makes it unlikely that companies will agree to the very onerous indemnification provisions that would be required. (*Id.*) Thus, the potential and uncertain liability has created a situation where, if another major spill occurs, oil spill response organizations may be unwilling or unable to provide spill response services or to spray dispersants, or the delivery of such services could be significantly delayed while liability issues are addressed. This situation will continue until this litigation is finally resolved.

## ARGUMENT

**I.  MSRC IS ENTITLED TO HAVE THE B(3) CLAIMS PROCECUTED WITHOUT SIGNIFICANT DELAY**

The fundamental purposes of the Federal Rules of Civil Procedure are to secure the "just, <u>speedy</u>, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Thus, the parties to litigation have a right to insist upon its prosecution with reasonable diligence. *United States v. Cutter*, No. 95-487, 1999 U.S. Dist. LEXIS 2303, *3 (E.D. Ky. Jan. 28, 1999)(*citing Refior v. Lansing Drop Forge Co.*, 124 F.2d 440 (6th Cir. 1942)). The duty therefore "rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination." *Hicks v. Bekins Moving & Storage Co.*, 115 F.2d 406, 409 (9th Cir. 1940).

The proposals to exclude the B(3) claims from the February 2012 trial are contrary to MSRC's right to have such claims prosecuted without unreasonable delay. The delay in resolution of the B(3) claims also is contrary to the Court's stated objective of resolving all issues of liability on an expeditious basis. Having brought MSRC and the other responder Defendants into this litigation, Plaintiffs should not now be permitted to defer resolution of those claims to some undetermined and unscheduled future trial.

**II.  THE PROPOSED TRIAL PLANS AE PREJUDICAL TO MSRC**

A plaintiff's failure to act within a reasonable time to bring his case to a final determination is often prejudicial to the defendant. *See, e.g., Thompson v. Fleming*, 402 F.2d 266, 267 (5th Cir. 1968). The injury caused by delay may be actually shown, or it may be inferred from the lapse of time itself. *United States Shipping Board Emergency Fleet Corp. v. Bank Line Transport & Trading Co.*, 22 F.2d 430, 431 (D. Cal. 1927).

4

Delaying a trial for MSRC and the other oil spill responders is prejudicial to them, and will undermine the response to any major oil spill occurring in the interim. MSRC and the other responders will incur potentially millions of dollars in defense costs in the interim. Moreover, until the claims against the B(3) Defendants are resolved, the uncertain level of risk that oil spill response organizations and their contractors are facing makes it almost impossible to obtain the insurance or contractual protections necessary and/or adequate to mitigate the legal and financial risks that could result in responding to future oil spill events. (Toenshoff Dec. at ¶¶ 4 – 9.)

Deferring resolution of the B(3) claims also is prejudicial, and contrary to the OPA principle of "polluter pays," as the responders' liability will be determined AFTER the liability trial for the responsible parties (RPs). Pursuant to responder immunity, any liability of the responders is transferred to the RP. Therefore, the liability of the responders (if any) must be ascertained BEFORE the trial for the RPs, or at the very least during the same trial.

## III. THE COURT SHOULD ENTER A TRIAL PLAN THAT INCLUDES THE B(3) CLAIMS AS PART OF THE STRUCTURE OF THE TRIAL STARTING IN FEBRUARY 2012

MSRC is mindful of the difficulties in conducting a trial of the scope and magnitude necessary for the resolution of all of the issues presented by this MDL. Accordingly, MSRC respectfully proposes that the Court should enter a trial plan that addresses the issues to be decided in discrete phases. MSRC proposes that the first phase of the trial be devoted to the determination of liability and potential limitation of liability for the blowout, explosion and sinking of the *Deepwater Horizon*. This phase would begin, as currently scheduled by the Court, on February 27, 2012 and continue for as long as necessary. Liability for the failure to control the well and for response actions would proceed in subsequent phases, with only a short hiatus between the end of one phase and the start of another.

Regardless of how the Court structures the February 2012 trial, however, the Court should order that pretrial discovery concerning issues related to the well control and clean-up operations proceed simultaneously with all other discovery, subject to a separate fact-discovery cut-off date established after the current fact discovery cut-off date of July 31, 2012.

## CONCLUSIONS

For the foregoing reasons, MSRC respectfully requests that the Court enter a trial plan that includes the determination of the B(3) claims against MSRC and the other response Defendants as one of several phase of the trial scheduled to begin in February 2012.

Dated:  New York, New York
        April 13, 2011

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ Alan M. Weigel_____
Alan M. Weigel, Esq.
Attorneys for Marine Spill Response Corporation
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: 212-885-5000
Facsimile: 917-332-3836
E-mail: aweigel@blankrome.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection to Proposed Trial Plans has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 13th day of April 2011.

/s/ Alan M. Weigel_____
Alan M. Weigel