UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on APRIL 20, 2010 | *  *  * | MDL NO. 2179<br>SECTION : J<br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO NO. 10-2771 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CASE MANAGEMENT ORDER NO. ___

(TRIAL PLAN FOR FEBRUARY 27, 2012 PHASE I TRIAL ON LIABILITY, LIMITATION, EXONERATION, AND FAULT ALLOCATION)

Considering the need for organization of this complex litigation, the Court adopts the following Case Management Order No. ___ and Trial Plan, which modifies and supplements Case Management Order No. 1/Pre-Trial Order No. 11 ("CMO No. 1") (Rec. Doc. No. 569), and sets forth the following Trial Plan for the February 2012 trial of liability, limitation, exoneration, and fault allocation ("Trial") as follows:

1. The Trial will address the petition of the Transocean Petitioners for relief under 46 U.S.C. § 30505 with respect to the casualty of the *Deepwater Horizon* that occurred in April 2010. The trial will adjudicate the statutory issues with respect to Petitioners and all claimants in this limitation action.

2. Subject to the terms of the remainder of this Order, the Trial will also adjudicate the liability of certain parties who are the subject of the

1

Transocean Petitioners' Rule 14(c) tender ("Tendered Defendants") to the following claimants in this action:

(a) Parties asserting claims for property losses to the *Deepwater Horizon* rig and its appurtenances, if any;

(b) Selected parties asserting claims for personal injury arising from the explosion and fire aboard the *Deepwater Horizon* rig on or about April 20, 2010; and

(c) Selected parties asserting claims for wrongful death arising from the explosion and fire aboard the *Deepwater Horizon* rig on or about April 20, 2010.

3. Again subject to the remaining provisions of this Order, the Trial will also address cross-claims for contribution and/or indemnity and/or allocation of liability among Petitioners and certain Tendered Defendants with respect to the individual claims identified in paragraph 2.

4. The Plaintiffs' Steering Committee shall select no more than five claimants in categories 2(b) and (c) above who are willing to have their claims fully adjudicated in the limitation action. With respect to those selected individual claims, liability and allocation of liability as described in paragraphs 2 and 3 will be adjudicated at the Trial. The quantum of damage for each selected claimant, however, will be resolved by the Court pursuant to Admiralty Rule F in a separate proceeding.

5. No later than May 20, 2011, each claimant selected pursuant to paragraph 4 shall file and serve an amended claim pursuant to Admiralty Rule F specifying that claimant's individual basis for asserting the liability to that claimant of any Tendered Defendant from whom the claimant seeks to

recover. Subject to resolution of dispositive motions before trial, all Tendered Defendants named in the selected claimants' amended claims shall be parties to the Trial along with Petitioners and claimants in this limitation action.

6. The Court shall resolve the issues raised by Petitioners' claims under 46 U.S.C. § 30505 at the Trial as expeditiously as possible. To the extent that any of the claims being asserted in the Trial contain issues to which the right to trial by jury applies and has been preserved, a jury will be empaneled and shall resolve those issues. The Court shall resolve all other issues for which any right to trial by jury has not been preserved by any party or has been waived by all parties.

7. The parties shall engage in pretrial motion practice to attempt to resolve certain claims and defenses, and to resolve evidentiary and *Daubert* issues.

8. Trial will begin on February 27, 2012 at 9:00 AM. It is currently estimated that this Trial will proceed for approximately three (3) months.

9. Upon further order of the Court, a Pre-Trial Notice will be issued instructing the parties to the Trial to submit a Joint Pre-Trial Order further detailing the conduct of trial and presentation of evidence, including the amount of trial time allocated to each party for the presentation of evidence, the use of exhibits and demonstrative aids, the use of deposition testimony, and other evidentiary matters.

10. A further Order of the Court will also address the procedure[s] for resolution of the remaining claims and cross-claims asserted in this limitation proceeding. To the extent permitted under the federal law of issue preclusion, issues litigated to resolution at the Trial will not be retried with respect to the other claims in this limitation action.

The provisions of this Order may be modified in the interests of justice, expedience or judicial economy on the Court's own motion or by the motion of the parties for good cause shown.

New Orleans, Louisiana this \_\_\_\_day of _____, 2011.

_____
Carl J. Barbier
United States District Judge