UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
|     "DEEPWATER HORIZON" in the § | | |
|     GULF OF MEXICO, on § | | |
|     APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
|     *All cases.* § | | |

*********************************************************************************

## LOUISIANA'S POSITION BRIEF REGARDING ISSUES FOR FEBRUARY 2012 LIABILITY TRIAL

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana, by and through its Attorney General, James D. "Buddy" Caldwell ("Louisiana"), who respectfully requests that this Court consider its position on unresolved issues for the "Liability, Limitation, Exoneration and Fault Allocation" set to commence on February 27, 2012 ("Liability Trial"). This filing is made pursuant to this Court's Order setting forth deadlines of April 13, 2011 for simultaneous briefing regarding "unresolved issues" following the April 5, 2011 conference with Special Master McGovern, as well as April 20, 2011 for simultaneous reply briefs. (Rec. Doc. 1832).

Environmental cases typically involve issues of liability, damages and allocation. In the present matter, the State of Louisiana has both a significant interest and a need for participation in these determinations. Louisiana has no objection to the trial of a traditional wrongful death/personal injury case going forward based on the events of April 20, 2010. However, there is simply insufficient information to enable Louisiana to choose between pursuing its admiralty claims at that trial, or having a clean slate on liability and allocation in its OPA case.

Specifically, the PSC and Transocean suggest that allocations in the admiralty Limitations case should bind all participants for all purposes, including presumably OPA claims.

Louisiana, for its part, has heard conflicting accounts about what was discussed in chambers regarding the Court's and the Magistrate's intentions relative to the February trial. Louisiana has no objection if the plan is to pursue a trial pertaining solely to the injury claims under admiralty law as pertain to liability of the defendants. Louisiana indeed would like to, and expects to, participate in such a case as a plaintiff. If the trial consists of a "dual causation" case, i.e., both personal injury as well as *Robins Dry Dock* matters, then Louisiana objects in the absence of additional information about how the PSC proposes to try environmental "fate and transport" matter, which Louisiana believes may impact its penalty and NRDA case. To the extent allocation decisions will be made, Louisiana opposes any OPA apportionment findings that would alter the statutory scheme of strict, joint and several liability. If the Defendants are willing to try contribution allocation, Louisiana has no objection as presently advised on this issue.

Louisiana is not aware of any case wherein a court has tried an admiralty limitation case that would allocate fault relative to governmental claims in all other phases of the case including OPA and penalties. In this regard, Louisiana reminds the Court that Judge Ellison's Second Amended Order directing the Issuance of Monition in the Transocean Limitation action correctly recognized that the limitations trial will not implicate the Oil Pollution Act. Judge Ellison was not only correct in this ruling, but Louisiana believes this decision should be binding. (See 4:10-cv-1721, S.D. Tex., Rec. Doc. 130-1).

In keeping with the above, Louisiana is generally supportive of the "Segmented" plan offered by the United States in its contemporaneously-filed trial planning Brief, to the extent that

the first phase of the trial should apply only to evidence regarding the rig and drilling operations leading up to the sinking of the *Deepwater Horizon* on April 22, 2010 (See U.S. Brief at pp. 5-7). Other aspects, such as "fate and transport," should be tried sufficiently after the initial phase to allow for discovery and the preparation of expert reports. These aspects include all post-explosion attempts to "cap and contain" the well, as well as attempts to determine the volume of oil discharged.

Dated this 13th day of April, 2011.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner |
| James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708 | Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C. | USRY, WEEKS, &<br>MATTHEWS, APLC |
| /s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | /s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

| | |
|---|---|
| SHOWS, CALI, BERTHELOT & WALSH, LLP | MARTEN LAW, PLLC |
| | /s/ Bradley M. Marten |
| /s/ E. Wade Shows | Bradley M. Marten |
| E. Wade Shows | Linda R. Larson |
| 628 St. Louis Street | 1191 Second Avenue |
| Baton Rouge, LA 70802 | Suite 2200 |
| Telephone: (225) 346-1461 | Seattle, WA 98101 |
| **Special Counsel for Plaintiff** | (206) 292-2600 |
| **Attorney General, State of Louisiana** | **Special Counsel for Plaintiff** |
| | **Attorney General, State of Louisiana** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Brief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of April, 2012.

Kanner & Whiteley, L.L.C.

 /s/ Allan Kanner
 Allan Kanner
 a.kanner@kanner-law.com