UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG *"DEEPWATER HORIZON"* in the GULF OF MEXICO, on APRIL 20, 2010 | * * * | MDL NO. 2179<br><br>SECTION : J<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES AND CONSOLIDATED ACTIONS IN MDL NO. 2179 AND *COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL*, NO. 10-2771 | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CASE MANAGEMENT ORDER NO. ____

(TRIAL PLAN FOR FEBRUARY 27, 2012 TRIAL ON LIMITATION, LIABILITY AND FAULT ALLOCATION)

Considering the need for organization of this complex litigation, the Court adopts the following Case Management Order No. ___ and Trial Plan, which supplements Case Management Order No. 1/Pre-Trial Order No. 11 ("CMO No. 1")(Rec. Doc. No. 569), and sets forth the following Trial Plan for the February 2012 trial of liability, limitation, exoneration and fault allocation:

1. Pursuant to Rule 9(h), the trial will address claims involving personal injury/wrongful death and non-personal injury/wrongful death (like

1



*Robins Dry Dock* and Admiralty Extension Act claims) for economic losses as a result of the spill.[1]

2. The Parties at trial shall include persons and entities who have filed claims in the Transocean Limitation, BP Exploration & Production, Inc., BP America Production Company, BP p.l.c. (collectively the "BP entities"); Halliburton Energy Services, Inc. ("Halliburton"); M-I, LLC ("M-I"); Cameron International Corp. f/k/a Cooper Cameron Corp. ("Cameron"); Anadarko Petroleum Corp., Anadarko E&P Company LP (collectively the "Anadarko entities"); MOEX Offshore 2007 LLC, MOEX USA Corp., Mitsui Oil Exploration Company, Ltd, a/k/a MOECO (collectively the "MOEX entities"); Weatherford International, Inc., Weatherford U.S.L.P. (collectively the "Weatherford entities"); Dril-Quip, Inc. ("Drill-Quip"); the United States of America; and Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively the "Transocean entities").

3. The limitation, liability and fault allocation trial will begin on February 27, 2012 at 9:00 AM and proceed as appropriate.

4. The limitation, liability and fault allocation trial will include two (2) separate and distinct liability and fault allocations, which will address the negligence, gross negligence and/or willful misconduct, liability, contributory negligence and comparative fault, if any, of the parties, along

---

[1] Bundle B-3 claims will be segregated from the claims at issue, and will not be addressed in the February 2012 trial.

with the availability of punitive damages regarding Plaintiffs' claims, if any, and all applicable defenses set forth in the Defendants' responsive pleadings. This will include factual findings regarding the Defendants' conduct and the causal relationship between such conduct and the claims at issue; the liability of any third parties or non-parties; and comparative fault defenses.

a. First Fault Allocation: The first liability and fault allocation will be with respect to the Rule 9(h) personal injury/wrongful death claims arising out of injuries/deaths that occurred <u>on</u> April 20, 2010.

b. Second Fault Allocation: The second liability and fault allocation will be with respect to the Rule 9(h) claims for economic losses that are alleged to have occurred <u>after</u> April 20, 2010.[2]

The Second Fault Allocation will include evidence relating to the First Fault Allocation, but would also take into account any aggravating effects of negligence, gross negligence and/or willful misconduct of Defendants before or after April 20 relating to the post-April 20 efforts to cap the well (i.e. "source control"), which affected the duration and extent of the spill.[3]

---

[2] The First and Second Fault Allocations, depending on the evidence, may or may not be the same.

[3] The Second Fault Allocation will not implicate "clean-up" issues, (*e.g.* the use of dispersants, *in situ* burning, or use of boom), nor the liability (if any) of "responders" as alleged in the B3 and/or B4 Pleading Bundles..

3

5. As part of the same note of evidence, the Court will consider expert opinion testimony relating to the total volume of oil discharged commencing on June 1, 2012.[4]

6. Evidence relating to "specific causation" and damages relating to the Test Cases identified by Plaintiffs on or before May 2, 2011, is scheduled to be presented commencing in July of 2012, or as otherwise appropriate.

7. The parties shall engage in pretrial motion practice to attempt to eliminate or limit certain claims and defenses, and to resolve evidentiary and *Daubert* issues, as the Court may allow. Unless otherwise disposed of during pretrial motion practice, the parties shall proceed to trial with all counts of the applicable Master Complaint(s) as of the time of trial.

8. The trial will proceed with Plaintiffs presenting their evidence first on all issues, except for expert opinion testimony relating to the total volume of oil discharged, which will commence on June 1, 2012. At the conclusion of Plaintiffs' case, the Defendants will present their evidence and defenses based on a logical progression of the proof, in the order set forth below, except for expert opinion testimony relating to the total volume of oil discharged, which will commence on June 1, 2012:

    a. the BP entities;

    b. Halliburton;

---

[4] Overlapping with the claims of private plaintiffs, the penalty claims of the United States require fact-finding regarding the gross negligence and/or willful misconduct of the defendants, as well as the total number of barrels of oil actually discharged. The Plaintiffs' expert reports relating to the total volume of oil discharged will be due to be served on Defendants on or before December 15, 2011, with any countervailing expert reports submitted by Defendants due on or before January 15, 2012. The Trial on the Limitation of Liability Action will be held open until the record is closed on the total volume of oil discharged.

4

      c.    M-I;

      d.    the Weatherford entities;

      e.    Dril-Quip;

      f.    the Anadarko entities;

      g.    the MOEX entities;

      h.    the Transocean entities;

      i.    Cameron;

9. The February 2012 trial will not seek to determine, quantify or otherwise assess the extent of natural resource damages which may be claimed by a governmental entity or designated trustee. All such determinations with respect to statutory or other claims for natural resource damages shall be reserved for future proceedings.

10. The Trial will not include dispersant issues, or other clean-up issues (*e.g. in situ* burning, or use of boom, etc), which would be reserved for the B3 Trial (or other proceedings).

11. Upon further order of the Court, a Pre-Trial Notice will be issued instructing the parties, *inter alia*, to submit a Joint Pre-Trial Order detailing the conduct of trial and presentation of evidence, including the amount of trial time allocated to each party for the presentation of evidence, the use of exhibits and demonstrative aids, the use of deposition testimony and other evidentiary matters.

The provisions of this Order may be modified in the interests of justice, expedience or judicial economy on the Court's own motion or by the motion of the parties for good cause shown.

New Orleans, Louisiana this _____ day of _____, 2011.

                                                Carl J. Barbier
                                                United States District Judge