**DRAFT: April 4, 2011**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG *"DEEPWATER HORIZON"* in the GULF OF MEXICO, on APRIL 20, 2010 | * * * | MDL NO. 2179 SECTION : J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES AND CONSOLIDATED ACTIONS IN MDL NO. 2179 and *COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ETAL*, NO. 10-2771 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CASE MANAGEMENT ORDER NO. \_\_\_

(TRIAL PLAN FOR FEBRUARY 27, 2012 PHASE I TRIAL ON LIABILITY, LIMITATION, EXONERATION, AND FAULT ALLOCATION)

Considering the need for organization of this complex litigation, the Court adopts the following Case Management Order No. \_\_\_ and Trial Plan, which supplements Case Management Order No. 1/Pre-Trial Order No. 11 ("CMO No. 1") (Rec. Doc. No. 569), and sets forth the following Trial Plan for the February 2012 trial of liability, limitation, exoneration, fault allocation, and other issues ("Trial") as follows:

1. Pursuant to Rule 9(h), the Trial will address the claims of certain Transocean entities seeking exoneration or limitation of liability arising from the marine casualty involving the *Deepwater Horizon* that occurred on April 20, 2010;



1

2. The Trial will address *the liability portion of* the following types of claims, arising from the *Deepwater Horizon* marine casualty that occurred on April 20, 2010:

   (a) claims for property losses to the *Deepwater Horizon* rig and its appurtenances, if any;

   (b) claims for personal injury arising from the explosion and fire aboard the *Deepwater Horizon* rig on or about April 20, 2010; and

   (c) claims for wrongful death arising from the explosion and fire aboard the *Deepwater Horizon* rig on or about April 20, 2010.

3. The Trial will also adjudicate the following core factual and legal *issues* raised in many of the remaining claims currently pending in this MDL proceeding:

   (a) the allocation of fault for the initiation of an uncontrolled flow of oil as of April 22, 2010; and

   (b) the various Defendants' conduct (e.g., the question of gross negligence, willful misconduct, or reckless disregard) as regards their contribution to the initiation of an uncontrolled flow of oil as of April 22, 2010.

4. The following Plaintiffs shall participate in the Trial, either in their own capacity or through representatives, as appropriate:

   (a) All claimants in this proceeding whose complaints alleging wrongful death are included in Pleading Bundle A;

   (b) All claimants in this proceeding whose complaints alleging personal injuries are included in Pleading Bundle A; and

   (c) All claimants whose claims (or any affirmative defenses thereto) implicate the core issues set forth in paragraph 3.

5. In instances where using representative Plaintiffs to represent a category of Plaintiffs is appropriate, in accordance with CMO #1, by May 2, 2011,

2

the PSC shall select an appropriate number of trial Plaintiffs from an appropriately representative pool designated for bench trial pursuant to Rule 9(h) who are representative of the category of Plaintiffs, as further prescribed by order of the Court.

6. The following Defendants shall participate in the Trial:

   (a) The Defendants for the claims under paragraph 1 shall be Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and any affiliated entities (collectively the "Transocean entities").

   (b) The Defendants for the liability portion of the claims in paragraph 2 and the issues in paragraph 3(a) and 3(b) shall be the Transocean entities plus, if jurisdiction is established and the following entities are named in cross claims or third party actions, Transocean Ltd. and Transocean Inc.; BP Exploration & Production Inc., BP America Production Company, BP p.l.c. (collectively the "BP entities"); Halliburton Energy Services, Inc. ("Halliburton"); M-I, LLC ("M-I"); Cameron International Corp. f/k/a Cooper Cameron Corp. ("Cameron"); Anadarko Petroleum Corp., Anadarko E&P Company LP (collectively the "Anadarko entities"); MOEX Offshore 2007 LLC, MOEX USA Corp., Mitsui Oil Exploration Company, Ltd, a/k/a MOECO (collectively the "MOEX entities"); Weatherford International, Inc., Weatherford U.S.L.P. (collectively the "Weatherford entities"); and Dril-Quip, Inc. ("Dril-Quip").

7. Trial on the claims, portions of claims, and issues identified in paragraphs 1-3 will begin on February 27, 2012 at 9:00 AM and proceed for approximately three (3) months.

8. The parties shall engage in pretrial motion practice to attempt to eliminate or limit certain claims and defenses, and to resolve evidentiary and *Daubert* issues. Unless otherwise disposed of during pretrial motion

3

practice, the parties shall proceed to trial on all claims and issues identified in paragraphs 1-3.

9. The Trial will proceed in admiralty among the Transocean entities, Plaintiffs, and those Defendants the Transocean entities tendered pursuant to Federal Rule of Civil Procedure 14(c) ("Rule 14(c) Defendants"), with evidence presented as follows:

   (a) In **the first phase of the Trial**, the Plaintiffs and Rule 14(c) Defendants shall bear the burden to adduce evidence of the Transocean entities' negligence and/or the unseaworthiness of the *Deepwater Horizon*.

   (b) If the Plaintiffs and Rule 14(c) Defendants meet their initial burden of proof, then **the second phase of the Trial** will consist of the Transocean entities having the burden of proof to show that: (1) any such negligence or unseaworthiness was not within their knowledge or privity; or (2) that the casualty was entirely caused by the fault of others for whom they are not responsible.

   (c) (Note: During the first phase of Trial the Plaintiffs, and during the second phase of Trial the Transocean entities, will put on any evidence to show the alleged fault of the Rule 14(c) Defendants.) During **the third phase of the Trial**, the Rule 14(c) Defendants will put on evidence of their defenses to liability against both the Plaintiffs and Transocean entities.

   (d) During **the fourth phase of the Trial** any additional evidence needed to adjudicate the core, common factual and legal issues described in paragraph 3.3 above will be presented.

10. The February 2012 trial of liability, limitation, exoneration, and fault allocation shall encompass all events that are alleged to have caused the loss of well control, blowout, explosions, fire, sinking of the *Deepwater Horizon*, and the initiation of an uncontrolled flow of oil. At the

conclusion of the Trial, the Court will make determinations as to the following:

(a) exoneration and/or limitation of liability;

(b) allocation of fault on a percentage basis among the parties as regards their contribution to causing an initiation of an uncontrolled flow of oil as of April 22, 2010; and

(c) determinations of the quality or character of fault for each individual defendant as regards their actions that did or may have caused or contributed to the initiation of an uncontrolled flow of oil as of April 22, 2010; and

11. In addition to the general causation and fault determinations made in connection with the initiation of an uncontrolled flow of oil as of April 22, 2010, the Court will also make specific causation and fault determinations applicable to the individual rig property loss, personal injury arising from the explosion and fire aboard the *Deepwater Horizon* rig on or about April 20, 2010, and wrongful death claimants.

12. The February 2012 trial will not address quantum of compensatory or punitive damages, if any. The February 2012 trial will not determine the efficacy of efforts, after April 20, 2010, to control the well following the explosion and fire, or the number of barrels released, the flow rate, or the maximum footprint of spilled oil. The February 2012 trial also will not decide issues that are subject to arbitration provisions in contracts between any of the parties. The February 2012 trial also will not address governmental or other statutorily identified trustee claims for natural resource damages, civil fines, penalties or other administrative relief. All

such statutory claims for natural resource damages, civil penalties, other civil fines or penalties, or other administrative relief shall be reserved for future proceedings provided that Governmental entities or trustees asserting such claims shall participate in the trial to the extent their claims (or any affirmative defenses thereto) implicate the core issues set forth in paragraph 3.

13. Upon further order of the Court, a Pre-Trial Notice will be issued instructing the parties, *inter alia*, to submit a Joint Pre-Trial Order further detailing the conduct of trial and presentation of evidence, including the amount of trial time allocated to each party for the presentation of evidence, the use of exhibits and demonstrative aids, the use of deposition testimony, and other evidentiary matters.

The provisions of this Order may be modified in the interests of justice, expedience or judicial economy on the Court's own motion or by the motion of the parties for good cause shown.

New Orleans, Louisiana this _____ day of _____, 2011.

                                                  Carl J. Barbier
                                                United States District Judge