IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:<br>*ALL Cases and Consolidated Actions in MDL 2179 and Complaint and Petition of Triton Asset Leasing GMBH, et al., No. 10-2771*<br><br>. . .. .. .. .. .. .. .. .. .. .. .. . | § § § § § § § § § § § § § | MDL NO. 2179<br><br>and<br><br>CIVIL ACTION NO. 10-2771<br><br>SECTION:  J<br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

### HALLIBURTON ENERGY SERVICES INC.'S
### BRIEF IN SUPPORT OF A PROPOSED TRIAL PLAN

Halliburton Energy Services, Inc. ("HESI") files this Brief in Support of a Proposed Trial Plan in accordance with this Court's Order dated April 1, 2011.

**Partial Joinder in BP's Proposed Trial Plan and Briefing**

1.   Conceptually, HESI agrees with most of the BP Defendants' ("BP") proposed trial plan and briefing in support thereof ("BP's Plan").[1]  HESI agrees that: (1) the trial of this exceedingly complex Limitation Action should be conducted in a phased but unified trial proceeding under this Court's admiralty jurisdiction; (2) the focus of the ongoing and planned discovery in this case on the events related to the fire and explosion aboard the *Deepwater Horizon* on or about April 20, 2010 (the "Casualty") necessarily limits the scope and breadth of the first phase of such a trial proceeding; and (3) the order of proof in the initial phase of the trial should follow traditional admiralty procedures.

---

[1]   Anadarko Petroleum Corporation, Anadarko E&P Company LP (together "Anadarko"), and MOEX Offshore 2007 LLC ("MOEX") have also today filed a Memorandum Regarding the February 27, 2012 Trial Structure.  With the exception of the issues raised in this Brief, HESI joins in the arguments presented by Anadarko and MOEX.

2. However, HESI disagrees with certain issues included in BP's Plan and briefing and files this separate brief to raise these issues with the Court. Specifically, HESI disagrees with BP's Plan on the following issues, each of which is more fully addressed below:

- HESI disagrees with the list of issues BP purports to include in the Casualty portion of this case;

- HESI disagrees that a single fault allocation is appropriate for the entire scope of this multi-faceted admiralty proceeding;

- HESI disagrees with the inclusion of the language "initiation of an uncontrolled flow of oil" in any plan for the first phase of trial in this proceeding; and

- HESI disagrees with BP's listing of additional phases of the trial to the extent that list contemplates trial of OPA claims (or any other claims not brought by limitation claimants) within the limitation proceeding, or trials of claims within the MDL proceeding that relate to cases not originally filed in the Eastern District of Louisiana.

### Casualty Issues

3. Pages 10-11 of BP's Brief lists the issues it foresees as being part of the Casualty phase of this trial. *See* BP Br. pp. 10-11, Dkt. 1943. While HESI recognizes that each party to this litigation has its own unique views of the liability facts and issues, the issues identified in BP's Plan do not comport with the issues as HESI views them. Therefore, in order to preserve its rights, HESI notes its disagreement with BP's suggested list of issues relating to the Casualty portion of any trial in this proceeding.

### Fault Allocation

4. BP argues that there should be a single fault allocation applicable to all aspects of this case. This proposition is unfounded and fails to recognize the factual particularities of the claims involved in this litigation.

5. As an initial matter, claims related to personal injury, wrongful death, and property loss associated directly with the Casualty are significantly different from economic loss claims arising from the effects of the oil spill itself. As BP notes, there are at least two sets of

defendants in this litigation: the Casualty Defendants and the Responder Defendants. While the Responder Defendants are clearly implicated in economic loss claims resulting from the alleged failure to properly control the flow of oil, they are not implicated in the liability allocation associated with the Casualty. Likewise, certain Casualty Defendants may well have a lesser proportionate responsibility for post-spill efforts than they might have for events leading up to the Casualty. Recognizing the proximate cause and foreseeability issues addressed by BP, the factual particularities of the claims involved in this litigation necessitate the consideration of more than one fault allocation. To do otherwise will either unnecessarily involve Responder Defendants in a phase of the trial for which they have no liability, or will involve proceeding to trial without all necessary parties.[2]

6.      This does not mean, as BP suggests, that a Casualty Defendant's potential liability is erased as the trial proceeds from a phase one Casualty phase to a phase two economic loss phase. To the contrary, under the phased approach suggested by BP, and supported by HESI, this Court can consider the cumulative evidence as the trial phases progress. If, based on that evidence, the Court decides to allocate liability to a Casualty Defendant for an economic loss claim, it is free to do so, subject to any arguments/objections from that party, but it will do so having considered the evidence against all proper defendants as opposed to doing so within the vacuum of only the phase one liability facts.

7.      Further, separate fault allocations are also necessitated in this case due to the nature of the Transocean Defendants' ("Transocean") defenses. As this Court is aware, Transocean's Complaint and Petition for Exoneration from or Limitation of Liability ("Limitation Action") may reach personal injury, wrongful death, property loss, and non-OPA economic loss

---

[2] BP's Plan does not appear to contemplate the presence of Responder Defendants at the first phase of the trial.

claims. However, prior to transferring the Limitation Action to this Court, Judge Ellison specifically ruled, and Transocean stipulated, that OPA claims are not subject to the Limitation Action. Putting aside the legal merits of BP's statutory contribution claims and Transocean's limitation claims, this Court could uphold the Limitation Action, exonerating Transocean from the payment of certain damages in that action. Such a finding, however, will not exonerate Transocean from potential contribution liability owed to any responsible party under OPA. This is another factual circumstance that necessitates a separate fault allocation.

8. HESI recognizes that each party will advance its own arguments relating to fault allocation and liability. Nonetheless, this case necessitates separate fault allocations in different phases of the case in order to properly allocate liability among the parties.

## Initiation of An Uncontrolled Flow of Oil

9. Finally, HESI disagrees with BP's inclusion of a reference to the parties' "contribution to the initiation of an uncontrolled flow of oil up through loss of the rig on April 22, 2010." *See* BP Plan, ¶3. While HESI agrees that this is an issue that will require Court resolution, it is not an issue that fits logically within the proposed Casualty phase of the trial. Instead, this issue more logically relates to the economic loss claims and source control, flow rate, etc., all of which should be addressed in a subsequent phase of the trial with all necessary parties present.

10. BP correctly notes that the discovery conducted and scheduled in this case has focused primarily upon the events leading up to the Casualty. While these facts may relate to the "initiation" of the flow of oil, tying this language to a liability determination in the first phase of the trial is problematic because, standing alone, this language does not relate to any pending claim or issue. To the extent the flow of oil is instructive on government claims for penalties or fines, the parties agree that such penalties and fines are not properly included in the first phase of

the trial. To the extent the "initiation" of the flow of oil relates to any economic loss/pollution claims associated with the oil spill, these attendant issues relate more logically to the flow issues contemplated to be a part of subsequent trial phases under BP's Plan.

11. Again, HESI recognizes that flow issues will necessarily be part of this Court's findings and conclusions. However, in an effort to most efficiently and effectively address the issues presented in this case, the flow issues are more properly made a part of a subsequent phase of the anticipated trial proceedings. To that end, HESI attaches as Exhibit A its own proposed trial plan which largely mirrors the BP Plan, excluding references to "the initiation of an uncontrolled flow of oil."

### Future Trial Phases

12. As reflected in its proposed trial plan, HESI objects to trial within the Limitation Action of any OPA economic loss claims and/or any claims not brought by limitation claimants. Likewise, HESI objects to trials within the MDL proceeding relating to any claims not originally filed within the Eastern District of Louisiana.

### Conclusion

For the reasons set forth herein, HESI asks this Court to approve and implement the trial plan attached hereto as Exhibit A.

**Respectfully submitted**

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@godwinronquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@godwinronquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@godwinronquillo.com

Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2011 a copy of the aforegoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin  
Donald E. Godwin