UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179  CIVIL ACTION NO. 2:10-CV-02771 |
| IN RE:  THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * | JUDGE BARBIER  SECTION J  MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: All Cases in Pleading Bundle Section III.B(3) | * * * * | MAG. DIV. 1 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DRC EMERGENCY SERVICES, LLC'S
MEMORANDUM REGARDING TRIAL STRUCTURE**

Defendant DRC Emergency Services, LLC ("DRC") provides this memorandum regarding the February 27, 2012 trial structure in response to the Court's April 1, 2011 Order.

**PROPOSED TRIAL PLAN**

DRC suggests that the trial be held in as a single MDL with two overarching phases: Phase One addressing the blowout, explosion, and sinking of the MODU *Deepwater Horizon* and Phase Two addressing subsequent well-control and spill response matters.

Phase One (to commence on February 27, 2012) would resolve all issues related to the cause of the blowout, explosion, and sinking of the MODU *Deepwater Horizon*. Phase One (or a sub-phase thereof) would also resolve all claims of damages (both personal injury and property damages) that arise solely out of the events leading up to the sinking of the *Deepwater Horizon*.

The result of Phase One would be (i) to adjudicate fully those claims on which well control and spill response efforts have no possible impact and (ii) to set the stage for adjudication of those alleged claims that may be impacted by a combination of events (including the blowout, explosion, and sinking of the *Deepwater Horizon*, as well as subsequent well control and response efforts). The remaining claims in the MDL – those potentially impacted by well control and spill response activities – would be resolved in Phase Two, allowing issues related primarily to the post-casualty efforts to be tried in a single setting.

First, this two-phase trial plan is logical. It separates the initial marine casualty from the aftermath, and it would allow for the majority of the issues related to the limitation action to be tried in a single setting.

Second, it is efficient. Those parties (both claimants and defendants) whose potential claims/defenses relate primarily to matters up to the time of the sinking can focus their efforts on Phase One of the trial. Similarly, those parties whose potential claims/defenses relate primarily to well control and spill response issues could focus on Phase Two. And those parties whose interests span both phases can focus on each phase without fighting multiple battles in one setting.

Third, this approach is feasible. Most parties have agreed that, considering the parties' preparations to date, an initial phase covering the blowout, explosion, and sinking can take place in February 2012. Once the parties are able to shift discovery efforts to well control and spill response matters, they should be able to prepare for a trial phase that commences in the second half of 2012.

Finally, this simple, two-phase approach would create a finite plan that protects the parties' rights to adjudicate these matters without undue delay.

Respectfully submitted,

/s/     Harold J. Flanagan
Harold J. Flanagan (Bar No. 24091)
Stephen M. Pesce (Bar No. 29380)
Sean P. Brady (Bar No. 30410)
Andy Dupre (Bar No. 32437)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170
Telephone:  504-569-0235
Facsimile:  504-592-0251
hflanagan@flanaganpartners.com
spesce@flanaganpartners.com
sbrady@flanaganpartners.com
adupre@flanaganpartners.com

*Attorneys for DRC Emergency Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing memorandum of DRC Emergency Services, LLC has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of April, 2011.

/s/     Harold J. Flanagan