# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-30178

In re: STATE OF LOUISIANA,

                                Petitioner

Petition for Writ of Mandamus
to the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

    The State of Louisiana ("Louisiana") petitions for a writ of mandamus directing the district court in the Deepwater Horizon multidistrict litigation ("MDL") to amend several of its pretrial orders relating to case management. Louisiana argues that the current case-management structure infringes its sovereignty, violates Louisiana law, and creates an irremediable conflict of interest, and it seeks a separate litigation "track" for governmental claims. We deny the petition.

    The writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Accordingly, the writ may issue only if (1) the petitioner has no other adequate means to attain the desired relief; (2) the

No. 11-30178

petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court is satisfied that the writ is appropriate under the circumstances. *Id.* at 380–81 (citations omitted).

"These hurdles, however demanding, are not insuperable." *Id.* at 381. In certain circumstances, it may be proper to issue the writ "to restrain a lower court when its actions would . . . result in the intrusion by the federal judiciary on a delicate area of federal-state relations." *Id.* (citations and internal quotation marks omitted). Nonetheless, "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) (citation omitted).

We have long held that a district court has the inherent authority and discretion to consolidate and manage complex litigation, particularly when serving as the transferee court in a multidistrict proceeding. *See In re Air Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012–16 (5th Cir. 1977) (holding that an MDL transferee court has managerial power that is "especially strong and flexible in matters of consolidation," and that the court's managerial power necessarily includes the authority to appoint lead or liaison counsel and to compensate them for their work). This discretion is firmly grounded in the Federal Rules of Civil Procedure, particularly Rules 16, 26, 37, 42, and 83, which contain numerous grants of authority that supplement a district court's inherent power to manage litigation. Indeed, Rule 16(c) expressly authorizes district courts to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."

Case 2:10-md-02179-CJB-DPC Document 1959-1 Filed 04/13/11 Page 3 of 6
Case: 11-30178 Document: 00511442196 Page: 3 Date Filed: 04/11/2011

No. 11-30178

FED. R. CIV. P. 16(c)(2)(L). Moreover, as the Judicial Panel for Multidistrict Litigation has recognized in this very case, "[t]he transferee judge has broad discretion to employ any number of pretrial techniques—such as establishing separate discovery [or] motion tracks—to address any differences among the cases and efficiently manage the various aspects of this litigation." *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mex., on Apr. 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010) (citation omitted).[*]

In this case, the district court has evaluated the nature and scope of the various claims, and has determined that they share common fact issues and require the same discovery with respect to the liability phase of the litigation. Accordingly, the district court has decided to (1) consolidate and organize the relevant claims into "pleading bundles" rather than separate litigation tracks; (2) bifurcate the liability and damages phases of the litigation; (3) schedule a liability trial for early 2012; (4) appoint lead, liaison, and coordinating counsel; and (5) promulgate pretrial procedures for common discovery efforts leading up to the liability trial. All of these decisions are committed to the discretion of the district court, and therefore it is not appropriate for us to second-guess them on a petition for a writ of mandamus.

To the extent that Louisiana argues that specific provisions in certain pretrial orders ("PTOs") unlawfully infringe its sovereignty, violate Louisiana law, or create a conflict of interest, we find that Louisiana's concerns are not worthy of mandamus at this time. Mandamus is not proper when there are other adequate means to attain the desired relief. *Cheney*, 542 U.S. at 380–81.

---

[*] *See also* MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 10.1, .13, .22, .3 (2004) (outlining the powers and responsibilities of an MDL transferee judge).

3

No. 11-30178

The district court has stated on the record that it does not intend to infringe Louisiana's sovereignty. Further, the court, when specifically asked to do so, has exempted Louisiana from certain PTO provisions, and it has indicated that it is open to entertaining future motions regarding the applicability of other PTO provisions. In other words, the district court has made it clear that it will grant any relief that is due to Louisiana on an order-by-order basis. Louisiana has not demonstrated that this procedure will cause it irreparable harm, and thus we find that it is not entitled to mandamus at this time.

PETITION DENIED.

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

April 11, 2011

Ms. Loretta Whyte  
U.S. District Court, Eastern District of Louisiana  
500 Poydras Street  
Room C-151  
New Orleans, LA 70130

    No. 11-30178,  In re: State of Louisiana  
        USDC No. 2:10-MD-2179  
        USDC No. 2:10-CV-3059

Enclosed is a copy of the judgment issued as the mandate.

                                  Sincerely,

                                  LYLE W. CAYCE, Clerk

                                  By: _Dawn D. Victoriano_  
                                  Dawn D. Victoriano, Deputy Clerk  
                                  504-310-7717

cc w/encl:  
    Ms. Mary Rose Alexander  
    Honorable Carl J. Barbier  
    Mr. David J. Beck  
    Ms. Carmelite M. Bertaut  
    Ms. Frances E. Bivens  
    Mr. Henry Tutt Dart  
    Mr. Grady Jonathan Flattmann  
    Mr. Robert R Gasaway  
    Mr. Donald Everett Godwin  
    Mr. Daniel O. Goforth  
    Mr. Glenn G. Goodier  
    Mr. Don Keller Haycraft  
    Mr. Stephen Jay Herman  
    Mr. Don Jackson  
    Mr. Russell Keith Jarrett  
    Mr. Allan L Kanner  
    Ms. Deborah D Kuchler  
    Mr. James Andrew Langan  
    Ms. Linda R. Larson  
    Mr. Michael J. Lyle  
    Mr. Bradley Marten  
    Ms. Jenny LaNell Martinez

```
Mr. Kerry J. Miller
Ms. Elizabeth B. Petersen
Mr. James Trey Phillips
Mr. David Allen Pote
Mr. James Parkerson Roy
Mr. Edmond Wade Shows
Mr. Paul Maury Sterbcow
Mr. Hugh Earl Tanner
Ms. Megan Kathleen Terrell
Mr. Paul C Thibodeaux
Mr. Theodore E. Tsekerides
Mr. Thomas Allen Usry
Mr. Alan M. Weigel
Mr. Phillip A. Wittmann
Mr. Robert Alan York
```

*Mandate Issued - MDT-1*