**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010** | § § § § § § § § § § § § § | **MDL NO. 2179** **SECTION:  J** **JUDGE BARBIER** **MAGISTRATE SHUSHAN** |
| **Applies to:** *Jones, et al. v. Transocean, Ltd., et al.* **2:10-cv-1196-CJB-SS** | | |

·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· ·· §

**HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE**
**TO ITS MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)**

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully moves this Court to dismiss the claims asserted in Plaintiff's Second Amending Complaint filed in the above-entitled matter pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.  In support of this Reply to Plaintiff's Response, HESI submits the accompanying Omnibus Reply Memorandum in Support and fully incorporates its arguments herein:[1]

1. To the extent Plaintiff alleges Jones Act claims against HESI, those claims should be dismissed because, as Plaintiff concedes, HESI was not Gordon Lewis Jones' employer. *See* HESI's Omnibus Reply Memorandum at Section 2.

---

[1] In an effort to conserve judicial resources and avoid overburdening the Court's files, HESI files a single Omnibus Memorandum in Support of its Reply to Motions to Dismiss the Bundle A personal injury cases listed in Exhibit 1 to PTO 25.  Plaintiff's Response includes arguments that are not raised in HESI's Motion to Dismiss.  HESI will not address those issues in its Reply.

**HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO**
**PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**
**PURSUANT TO RULE 12 (B)(6)**

D  1647230 v1-24010/0500 PLEADINGS

2.      Plaintiff's claims against HESI fail to contain sufficient factual material to state a claim for relief that is facially plausible.  Thus, the Court should dismiss Plaintiff's claims against HESI in their entirety.[2]  *See* HESI's Omnibus Reply Memorandum at Section 1.

3.      HESI asserts that Plaintiff does not have a legally viable claim for nonpecuniary and/or punitive damages under general maritime law.  Thus, Plaintiff's claims against HESI for recovery of these damages should be dismissed.  *See* HESI's Omnibus Reply Memorandum at Section 3.

4.      Plaintiff's strict liability claims against HESI for an ultrahazardous condition should be dismissed as these purported claims are not legally cognizable.  *See* HESI's Omnibus Reply Memornadum at Section 4.

5.      To the extent Plaintiff states a separate cause of action for *res ipsa loquitor*, this claim should be dismissed as a matter of law.  Further, Plaintiff fails to assert factual allegations to support the necessary requirements of the doctrine of *res ipsa loquitor*.  *See* HESI's Omnibus Reply Memorandum at Section 5.

6.      Plaintiffs' claim for product liability should likewise be dismissed because Plaintiffs have failed to allege any facts to support such a claim.  *See* HESI's Omnibus Reply Memorandum at Section 6.

7.      Plaintiff Michelle Jones has not properly alleged that she has standing to sue as the personal representative of Gordon Jones' estate; therefore, her claims should be dismissed as a matter of law.  *See* HESI's Omnibus Reply Memorandum at Section 9.

---

[2] To the extent Plaintiff has filed an amended complaint to address this issue, HESI withdraws its request for dismissal at this time.  HESI reserves its right to raise this argument again, if necessary and upon leave of Court, pursuant to MDL 2179 Stipulated Order dated March 24, 2011.  Dkt. 1730.

HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO
PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS
PURSUANT TO RULE 12 (B)(6)                                                      PAGE 2 OF 5

D 1647230 v1-24010/0500 PLEADINGS

8.      Plaintiffs fail to state legally viable claims against Sperry Drilling Services, Inc. because it is a terminated entity that is no longer in existence. Thus, the Court should dismiss all of Plaintiffs' claims against Sperry Drilling Services as a matter of law. *See* HESI's Omnibus Reply Memorandum at Section 8.

WHEREFORE, for the reasons more fully set forth in the attached Omnibus Memorandum in Support of its Reply, HESI respectfully prays that this Court dismiss Plaintiff's Second Amending Complaint in its entirety for failure to state a claim upon which relief can be granted.

Dated April 15, 2011.

**HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO**
**PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**
**PURSUANT TO RULE 12 (B)(6)**                                    **PAGE 3 OF 5**

**D 1647230 v1-24010/0500 PLEADINGS**

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  Donald E. Godwin
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
ayork@godwinronquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
jvonsternberg@godwinronquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO
PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS
PURSUANT TO RULE 12 (B)(6)                                              PAGE 4 OF 5

D 1647230 v1-24010/0500 PLEADINGS

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that the above and foregoing Reply to Plaintiff's Response to its Motion to Dismiss Pursuant to Rule 12(b)(6) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 15th day of April, 2011.

                      /s/  Donald E. Godwin
                      Donald E. Godwin

**HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO
PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS
PURSUANT TO RULE 12 (B)(6)**                      **PAGE 5 OF 5**

**D  1647230 v1-24010/0500 PLEADINGS**