# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | §<br>§<br>§<br>§<br>§<br>§<br>§ | MDL NO. 2179<br><br>SECTION:  J<br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |
| Applies to: | §<br>§ | |
| 2:10-cv-1156 | § | |
| 2:10-cv-1196 | § | |
| 2:10-cv-1243 | § | |
| 2:10-cv-1502 | § | |
| 2:10-cv-1540 | § | |
| 2:10-cv-2814 | § | |
| 2:10-cv-3168 | § | |
| 2:10-cv-3169 | § | |
| 2:10-cv-3184 | § | |
| 2:10-cv-3815 | § | |
| 2:10-cv-4211 | § | |
| 2:10-cv-4226 | § | |
| 2:10-cv-4227 | § | |
| 2:10-cv-4229 | § | |
| 2:10-cv-4252 | § | |
| 2:10-cv-4360 | § | |
| 2:10-cv-4427 | § | |
| . .. .. .. .. .. .. .. .. .. .. .. .. .. | § | |

## HALLIBURTON ENERGY SERVICES, INC.'S OMNIBUS REPLY MEMORANDUM TO PLAINTIFFS' OMNIBUS RESPONSE TO ITS MOTIONS TO DISMISS BUNDLE "A" COMPLAINTS

TO THE HONORABLE JUDGE BARBIER:

Halliburton Energy Services, Inc. ("HESI") respectfully submits the following Omnibus Reply Memorandum to Plaintiffs' Omnibus Response Memorandum to HESI's Motions to Dismiss the Bundle A Plaintiffs' Complaints:[1]

---

[1] This Omnibus Reply Memorandum also applies to the following individual Plaintiff's Replies filed in this matter: *Jones v. Transocean, Ltd.,¸ et al.* 2:10-cv-1196; *Kritzer, et al., v. Transocean, Ltd., et al.,* 2:10-cv-4427; *Francis, et al. v. Transocean, Ltd., et al.,* 2:10-cv-3168; *Brown, et al. v. Transocean, Ltd., et al.,* 2:10-cv-3168; *Reed v. BP, et*

## INTRODUCTION

On February 11, 2011, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), HESI filed individual Motions to Dismiss the Bundle A personal injury Plaintiffs' claims, along with an Omnibus Memorandum in Support of the same.[2]  Plaintiffs filed individual responses to HESI's Motion to Dismiss in eight cases, and on March 14, 2011, the Plaintiffs' Steering Committee filed an Omnibus Response Memorandum on behalf of all the Bundle A Plaintiffs.[3]

## ARGUMENT AND AUTHORITIES

**1.     The Court Should Dismiss Plaintiffs' Claims Against HESI Because The Complaints Fail to Contain Sufficient Factual Material, Accepted As True, To State A Claim For Relief That Is Plausible on Its Face.[4]**

Plaintiffs assert that HESI had an "extensive and central role in the events leading up to the explosion of the DEEPWATER HORIZON."[5]  In support, Plaintiffs include several sections of the First Amended Master B1 Complaint filed in MDL 2179.[6]  In doing so, Plaintiffs have identified exactly what their complaints lack—factual allegations sufficient to state a facially plausible claim for relief against HESI.  Instead of detailing the necessary factual allegations to

---

*al.,* 2:10-cv-4252; *Roshto v. Transocean, Ltd., et al.,* 2:10-cv-1156; *Williams v. Transocean, Ltd., et al.,* 2:10-cv-1243; *Rhodes v. Transocean, Ltd., et al.,* 2:10-cv-1502.

[2] Dkt. 1195.  Since the filing of these motions to dismiss, the following Plaintiffs dismissed all claims against HESI: *Taquino, et al. v. Transocean Holding, LLC, et al.,* Cause No. 2:10-cv-1921-CJB-SS and *Becnel v. BP, PLC, et al.,* Cause No. 2:10-cv-3066-CJB-SS.  In *Rhodes v. Transocean Offshore Deepwater Drilling, et al.,* Cause No. 2:10-cv-1502-CJB-SS, Plaintiff dismissed all actions against Halliburton Company.

[3] *See* Dkt. 1610.

[4] To the extent Plaintiffs have filed amended complaints to address the *Iqbal/Twombly* argument, HESI withdraws its request for dismissal at this time.  HESI reserves its right to raise this argument again, if necessary and upon leave of Court, pursuant to MDL 2179 Stipulated Order dated March 24, 2011.  Dkt. 1730.

[5] Pltfs' Omnibus Resp. § I.

[6] *Id.*

**HESI'S OMNIBUS REPLY MEMORANDUM TO PLAINTIFFS'
OMNIBUS RESPONSE TO ITS MOTION TO DISMISS**                    2 of 15

survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs simply rely upon allegations contained in a completely separate pleading.  By citing the Amended Master B1 Complaint, Plaintiffs illustrate the deficiencies in their very own pleadings.

A 12(b)(6) motion to dismiss tests the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint.  *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  As Plaintiffs correctly point out, the Court must accept all factual allegations *in the complaint* as true.  *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  Further, the well-established "Four Corners Rule" is applied to test the legal sufficiency of a complaint at the early stages of litigation.  *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 567 F. Supp. 2d 824, 831 (E.D. Va. 2008).  Applying the "Four Corners Rule," it is clear that Plaintiffs' pleadings, as Plaintiffs implicitly concede by referring to other pleadings, fail to state facially plausible claims for relief.

Moreover, by referencing the Bundle B1 pleadings, Plaintiffs have introduced extrinsic evidence to support their arguments.  Plaintiffs also cite to the Presidential Oil Spill Commission's Report dated February 17, 2011.[7]  When considering a 12(b)(6) motion to dismiss, the court must accept the truth of all well-pleaded allegations in the complaint **and ignore any extrinsic evidence**.[8]

Simply stating in the Complaint that HESI was "engaged in cementing operations of the well and well cap" fails to meet the required standard because Plaintiffs' complaint lacks the base

---

[7] *See* Pltfs' Omnibus Resp. §I(D), Dkt. 1610; *Jones* Memo. in Opposition, Dkt. 1573; *Williams'* Memo. in Opposition, Dkt. 1625.

[8] Note, however, in very limited circumstances, a document or exhibit attached to the Complaint is deemed part of the pleading and may be considered. *See Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

factual allegations to support the conclusion that HESI was somehow negligent.  While the court may use judicial experience and common sense to determine plausibility, Plaintiffs are still required to plead a claim that is facially plausible.  *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  Under the applicable "Four Corners Rule," Plaintiffs' complaints offer little more than general assertions of joint or collective negligence without any HESI-specific factual allegations, other than stating that HESI was somehow involved in the cementing of the well and well cap.  Further, Plaintiffs may not rely on extrinsic evidence to argue that their complaint states a facially plausible claim for relief.  Thus, the weak allegations in the complaints fail to meet the plausibility standard as required by Rule 12(b)(6), and the Court should dismiss Plaintiffs' personal injury claims against HESI in their entirety.

2. **Plaintiffs' Claims Against HESI Under The Jones Act, For Maintenance and Cure, and Unseaworthiness Are Not Legally Viable Because HESI Did Not Employ Any Of The Plaintiffs Making Those Claims Or Operate the Vessel.**

Plaintiffs who have alleged claims against HESI under the Jones Act have failed to state legally viable claims.  Any claim of negligence, maintenance and cure, or unseaworthiness that has been asserted against HESI pursuant to the Jones Act or General Maritime law should be dismissed because HESI did not employ any of these Plaintiffs and was not the owner or operator of the vessel.  *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 28 (1990) (Jones Act negligence claims are only legally viable as to a seaman's employer); *Silmon v. Can Do II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996) (maintenance and cure is a duty imposed on a shipowner); *Cerqueira v. Cerqueira*, 828 F.2d 863, 865 (1st Cir. 1987) (unseaworthiness claims may only be asserted against the vessel's owner or operator).  Plaintiffs who have alleged Jones Act claims for

negligence, General Maritime claims for maintenance and cure, or unseaworthiness against HESI

do not have legally viable claims.  Thus, dismissal of those claims is proper as a matter of law.

**3.     Plaintiffs' Claims Against HESI For Nonpecuniary And Punitive Damages Are Not Legally Viable Under the Jones Act or General Maritime Law.[9]**

Plaintiffs' arguement that nonpecuniary damages and punitive damages should be

allowed under the Death on the High Seas Act ("DOHSA"), the Jones Act, and general maritime

law  is fatally flawed.  The United States Court of Appeals for the Fifth Circuit held that when

deciding whether the *Miles* uniformity principle limits the available damages, a court must

evaluate the factual setting of the case and determine what statutory remedial measures apply.

*See Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 (5th Cir. 2004).  In a case such as this,

where there are statutory limitations on the available damages, those statutes also limit any

recovery available under general maritime law.  *See Scarborough*, 391 F.3d at 660, 667 (5th Cir.

2004) (citing *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1506 (5th Cir. 1995) (en

banc)).[10]  Recovery under DOHSA is statutorily limited to pecuniary damages.  46 U.S.C.S. §

762.

Plaintiffs attempt to side-step this statutory limitation by changing the definition of

punitive damages and arguing that punitive damages are pecuniary rather than nonpecuniary.

**The case law simply does not support argument**.  *See Motts v. M/V Green Wave*, 210 F.3d

565, 569 (5th Cir. 2000) ("Appellee can recover punitive and other non-pecuniary damages only

---

[9] By seeking the recovery of both nonpecuniary and punitive damages, Plaintiffs ask this Court to expand general maritime law and award damages presently unrecoverable in this factual context.  Given the import and unprecedented nature of Plaintiffs' request, HESI understands the Court may require additional briefing on these issues.  Should the require such additional briefing, HESI requests an opportunity to participate.

[10] Although *Guevara* was recently abrogated, it was not on this particular issue.  *Atlantic Sounding Co. v. Townsend*, 129 S.Ct. 2561 (2009).

if DOHSA is inapplicable."); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir. 1987) (holding that punitive damages are nonpecuniary damages not available under the Jones Act). The law is clear that nonpecuniary damages, including punitive damages, are not recoverable under DOHSA, the Jones Act or general maritime law for personal injury claims. *See Murray v. Anthony J. Bertucci Constr. Co.*, 958 F.2d 127, 130 (5th Cir. 1992).

Plaintiff also relies on the ruling in *Townsend* to support its argument that punitive damages are recoverable under the Jones Act. *Townsend* was limited to recovery of punitive damages for an employer's willful and wanton disregard of its obligation to pay maintenance and cure under general maritime law. *See generally Townsend*, 1295. Ct. 2561 (2009). Townsend, however, does not speak to, and is certainly not dispositive on whether punitive damages are recoverable in Jones Act cases. *See Wagner v. Kona Blue Water Farms, LLC*, 2010 U.S. Dist. LEXIS 95949 (D. Haw. 2010) (refusing to extend the ruling in *Townsend* to allow for punitive damages under the Jones Act).

Plaintiffs' self-serving attempt to expand the recoverable damages under the Jones Act and general maritime law is without merit. Thus, HESI's Motion to Dismiss all claims for nonpecuniary and punitive damages should be granted.

**4.    Plaintiffs' Strict Liability Claims Against HESI For An Ultra-Hazardous Condition Should Be Dismissed Because They Do Not State a Legally Viable Claim.[11]**

Only one of the Bundle A Plaintiffs, Doug Crawford, asserts a claim for ultra-hazardous liability.[12]  The law is clear and even the Plaintiffs appreciate the absolute void of applicable case

---

[11] Given Plaintiffs attempt to expand existing maritime law, HESI requests that the Court provide an opportunity for the parties to do extensive briefing on this matter.

law recognizing a claim of strict liability for ultra-hazardous activity under maritime law in this Circuit.[13]

Plaintiffs argue that this incident resulted from an ultra-hazardous activity based on the six factors set out in Section 520 of the Restatement. RESTATEMENT (SECOND) OF TORTS § 520 (1977). HESI declines to address those evidentiary issues at this time because Plaintiff Crawford does not have a legally viable cause of action under general maritime law.

As stated in HESI's Memorandum in Support of its Motions to Dismiss, well-established principles of general maritime law **require a finding of fault and causation**, preempting any state law to the contrary. *See Great Lakes Dredge and Dock Co. v. City of Chicago*, 1996 U.S. Dist. LEXIS 5553, at *5 (N.D. Ill. Apr. 26, 1996)(emphasis added) (quoting *Md. Dep't of Natural Res. v. Kellum,* 51 F.3d 1220, 1224 (4th Cir. 1995)). "From earliest times, this rule has been consistently applied." *Kellum*, 51 F.3d at 1224 (quoting Schoenbaum, Admiralty and Maritime Law 444 (1987)). Applying strict liability to general maritime tort cases will significantly alter substantive admiralty law. *Id.* at 1228. Plaintiff Crawford's strict liability claim must fail because it finds no support under this long-standing and well-established rule of general maritime law. *See EAC Timberlane v. Pisces, Ltd.*, 745 F.2d 715, 722 (1st Cir. 1984) (holding that the imposition of strict liability for the carriage of ultra-hazardous materials would be inconsistent with the established principles of general maritime law). Thus, Plaintiff's attempt

---

[12] Crawford Class Action Compl. ¶ 59. Cause No. 2:10-cv-1540. Note however, several Plaintiffs included arguments in their individual responses to HESI's Motions to Dismiss addressing this claim, despite the fact that there were no pleadings or allegations to support such an argument.

[13] Pltfs' Omnibus Resp.at §III.

**HESI'S OMNIBUS REPLY MEMORANDUM TO PLAINTIFFS'**
**OMNIBUS RESPONSE TO ITS MOTION TO DISMISS**                          7 of 15

to ignore this long-standing principle by urging the Court to expand the scope of liability in general maritime law should be denied.

**5.      The Court Should Dismiss Plaintiffs' Claims Against The HESI Defendants For Res Ipsa Loquitor Because It Is Not a Legally Viable Cause Of Action.**

HESI agrees with Plaintiffs that *res ipsa loquitor* is not a separate cause of action, rather a doctrine used to prove negligence.  HESI included this argument in its Motion to Dismiss because several of the Bundle A Plaintiffs' Complaints are unclear as to whether Plaintiff is pleading an evidentiary doctrine or a separate cause of action for *res ipsa loquitor*.  Further, Plaintiffs fail to establish a necessary prerequisite of this doctrine, namely that the instrumentality causing the injury was under the exclusive control of the defendant.  *See United States v. Nassau Marine Corp*., 778 F.2d 1111, 1115 (5th Cir. 1985).

Plaintiffs argue that they need only establish that HESI was in exclusive control of the instrumentality at the time the negligence occurred.  However*,* the Plaintiffs who assert *res ipsa loquitor* **fail to allege any instrumentality over which HESI had exclusive control**, much less allege that HESI was in exclusive control of that instrumentality at the time the negligence occurred.  Thus, Plaintiffs have failed to establish a necessary prerequisite for the applicability of this doctrine.  Further, to the extent Plaintiffs allege a separate cause of action for *res ipsa loquitor*, the Court should dismiss those claims as a matter of law.

**6.      The Court Should Dismiss Plaintiffs' Claim For Products Liability Against HESI Because Plaintiffs Failed to Allege Any Facts In Support of Such Claims.**

In their Omnibus Response Memorandum, Plaintiffs now assert that "Halliburton's product – cement – failed and a massive environmental disaster resulted."[14]   Not even this

---

[14] Plaintiffs' Omnibus Resp. § V.

general and conclusory statement was included in Plaintiffs Murray's and Crawford's Complaints, which are devoid of *any* description of what "product" HESI "designed" and how such product was "defective."  Trying further to repair and remedy their deficient allegations, Plaintiffs now point to the Amended Master B1 Complaint in an attempt to incorporate those allegations into Plaintiffs' Complaints.  As explained above, however, such action is prohibited pursuant to the "Four Corners Rule," and Plaintiffs' attempts to incorporate extrinsic evidence and allegations only further emphasizes the deficiency of their Complaints.   Plaintiffs' product liability claims fail for the reasons explained in Section 1 *supra.*  Dismissal of Plaintiffs' product liability claims is proper.

**7.     Plaintiffs Do Not Have A Legally Viable Claim For Intentional Infliction of Emotional Distress.**

Plaintiff Sara Stone argues that her claim for intentional infliction of emotional distress should be governed by state tort law.  Plaintiff's Petition in Intervention asserts that her lawsuit arises out of a fire and explosion involving the offshore drilling rig, DEEPWATER HORIZON, in the Gulf of Mexico.[15]   Plaintiff also asserts that her action is brought "pursuant to Title 46 U.S.C. § 688, *et. seq.* and pursuant to the admiralty and general maritime laws."[16]  By her own admission and based on her own pleading, Plaintiff recognizes that this case is governed by federal law.

Admiralty jurisdiction over a tort requires that "the wrong bear a significant relationship to a traditional maritime activity."  *See Exec. Jet Aviation v. City of Cleveland*, 409 U.S. 249, 268 (1972).  Plaintiff claims that her husband, a Jones Act seaman who was on the vessel, was not

---

[15] *Stone* Petition in Interv.  ¶¶ 12, 15.

[16] *Stone* Petition in Interv. ¶ 9.

allowed to contact her.[17]  She further asserts that defendants "should have quickly determined the whereabouts of many individuals on the vessel."[18]  While she provides some factual allegations to support this claim, **Plaintiff fails to plead any facts that suggest HESI's involvement or potential liability for intentional infliction of emotional distress**.

"The extent to which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-Erie' doctrine which requires that the substantive remedies afforded by the states conform to governing federal maritime standards."  *See In re Ballard Shipping Company, etc. v. Beach Shellfish, et al.*, 32 F.3d 623, 626 (1st Cir. 1994) (quoting *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 223 (1986)).  In seeking to avoid dismissal, Plaintiff relies upon the *Ostrowiecki* decision, where the Court allowed plaintiff to rely on state law for her intentional infliction of emotional distress claim rather than being preempted by the DOHSA.  *See Ostrowiecki v. Aggressor Fleet, Ltd.* No. 07-6598, 07-6931, 2008 U.S. Dist. LEXIS 62713 (E.D. La. Aug. 15, 2008).  The facts of this case are distinguishable from those in *Ostrowiecki* because Plaintiff Stone has a remedy under general maritime law.

Moreover, Plaintiff fails to allege facts sufficient to support her cause of action.  Specifically, Plaintiff's complaint is devoid of any allegations indicating that she was in the requisite "zone of danger."  Absent such pleadings, and given the applicability of general maritime law, Plaintiff Stone's claim for intentional infliction of emotional distress should be dismissed as a matter of law.

---

[17] *Stone* Petition in Interv.at ¶ 19.

[18] *Id.*

8.      **The Court Should Dismiss Plaintiffs' Claims Against Sperry-Sun Drilling Services, Inc. Because There is No Legally Viable Cause Of Action Against a Terminated Entity.**

As HESI explained in its Omnibus Memorandum in Support of its Motions to Dismiss, Sperry-Sun Drilling Services Inc. was dissolved more than 14 years ago – long before any of Plaintiffs' claims arose.   HESI retained the name of Sperry Drilling Services for one of its divisions.   This division is not a separate legal entity or a "foreign corporation" as Plaintiffs erroneously assert in their Complaints.   Given that it is not a legal entity, it cannot sue or be sued in a court of law.   *See, e.g.*, *United States v. ITT Blackburn Co., a Division of ITT*, 824 F.2d 628, 631 (8th Cir. 1987) ("Both parties appear to concede that an unincorporated division cannot be sued or indicted, as it is not a legal entity.   We accept this as valid.") (citing cases) *Albers v. Church of the Nazarene*, 698 F.2d 852, 857 (7th Cir. 1983) (discussing why divisions of corporations are not viable defendants); *Valentine v. Nat'l Sports Servs.,* No. 3:03CV153(DJS), 2005 U.S. Dist. LEXIS 9414, at *8 n.1 (D. Conn. May 18, 2005) ("An unincorporated division of a corporation is not a distinct legal entity, and, therefore, cannot be liable if the corporation itself is not liable.").

Furthermore, Plaintiffs' reliance on Fed. R. Civ. P.  17(a)(3), which provides that actions must be prosecuted by the real party in interest, is misplaced. Rule 17(a)(3) is most often applied when the *named plaintiff,* not the defendant, is discovered not to be the real party in interest. *See, e.g., Shetterly v. Raymark Indus., Inc*., 117 F.3d 776, 785 (4th Cir. 1997); *see also* Comments to 1966 Amendment to FED. R. CIV. P. 17 (purpose of the real-party-in-interest rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata"); *United*

*HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996) ("the requirements in Rule 17(a) are for the benefit of the defendant"). Thus, Plaintiffs' unsupported assertion that the "Rule provides plaintiff with a reasonable time in which to substitute the real party in interest" is incorrect.

Finally, contrary to their arguments, Plaintiffs do not need more time to substitute HESI in place of Sperry-Sun Drilling Services, Inc., since they have not asserted any separate claims against Sperry Sun, that would require such substitution.  Thus, Plaintiffs' claims against Sperry-Sun Drilling Services, Inc. should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## 9.   The Court Should Dismiss Certain Plaintiffs' Wrongful Death Claims Against HESI Because Plaintiffs Lack Standing to Sue Under the Jones Act, DOHSA or General Maritime Law.

Certain Plaintiffs filed wrongful death claims under the Jones Act, DOHSA, and general maritime law.[19]  To maintain a wrongful death action, Plaintiffs must allege sufficient facts to establish proper standing to sue.  Only the personal representative **of the estate** of the decedent may sue under these statutes.  46 U.S.C. §§ 30104, 30302.  A personal representative is the court-approved executor or administrator of the decedent's estate. *See Calton v. Zapata Lexington, et al.*¸ 811 F.2d 919 (5th Cir. 1987).  The alleged beneficiaries at issue have filed wrongful death claims, but have failed to properly assert their status as personal representative of the decedent's estate.  Thus, dismissal is proper as a matter of law.

---

[19] *Jones*, Cause No. 2:10-cv-1196; *Burkeen*, Cause No. 2:10-cv-4427; *Arnold*, Cause No. 2:10-cv-4427; and *Roshto*, Cause No. 2:10-cv-1156.

10.    **Plaintiffs' Claims Against Halliburton Company Should Be Dismissed Under Rule 12(b)(2) Because The Court Lacks Personal Jurisdiction Over Halliburton Company.[20]**

HESI agrees with Plaintiffs that in accordance with Sections IV(B) and V(B)(I) of Case Management Order No. 11, the parties should have an opportunity to conduct limited discovery on this jurisdictional matter.  HESI reasserts its arguments against personal jurisdiction over Halliburton Company, and after limited discovery is conducted, requests that this Court deny all claims against Halliburton Company for lack of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiffs have failed to plead viable wrongful death and/or personal injury claims against Halliburton Energy Services, Inc. as a matter of law. Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss Plaintiffs' claims against Halliburton Energy Services, Inc. in their entirety.  Further, pursuant to Federal Rule of Civil Procedure 12(b)(2) and after the parties conduct limited discovery on this matter, the Court should dismiss all claims against Halliburton Company because the Court lacks personal jurisdiction over it.

---

[20] On March 29, 2011, Plaintiff Rhodes dismissed his claims against Halliburton Company. Cause No. 2:10-cv-1502. Dkt. 1791.

Respectfully Submitted,

GODWIN RONQUILLO PC

By: _/s/ Donald E. Godwin_____
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
Jerry C. von Sternberg
jvonsternberg@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Omnibus Memorandum to HESI's Reply to Plaintiff's Response to its Motion to Dismiss Plaintiffs' Personal Injury Complaints has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 15th day of April, 2011.


 /s/  Donald E. Godwin

Donald E. Godwin