UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL No. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: | § § § | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |
| *Robin Seafood Co., Inc. et al. v. BP, PLC, et al.*; Cause No. 10-cv-01314 | § § § | |

## PLAINTIFF'S MOTION FOR LEAVE TO DISMISS WITHOUT PREJUDICE

Plaintiff Ernie Campo seeks leave to dismiss his claims without prejudice in accordance with Pretrial Order 34 and Federal Rule of Civil Procedure 41(a).

Since the filing of Plaintiff's complaint, the parties have exerted almost no time and effort litigating Plaintiff's case. Plaintiff has not propounded any discovery, and Defendants have not served Plaintiff with any case-specific discovery. Plaintiff has not filed a motion, and Defendants have not targeted Plaintiff's claims by motion. Though the litigation of issues common to all plaintiffs has progressed, none of the parties efforts can be attributed specifically to Plaintiff's case.

The Court has the discretion, in these circumstances, to grant Plaintiff's motion to dismiss without prejudice.

This Court has held that the primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals that unfairly affect the other side. *Perkins v. State Farm Fire & Cas. Co.*, 2009 U.S. Dist. LEXIS 106899, 6-8 (D. La. 2009) (unpublished) (*citing Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)). The Fifth Circuit has applied this rule generously for decades, holding that motions to dismiss without prejudice "should be freely granted unless the non-moving

party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317; *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. Tex. 1976) ("dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit").

The Fifth Circuit has instructed that a district court "should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor*, 279 F.3d at 317. "Plain legal prejudice" requires more than evidence of the additional effort and expense of relitigating issues in a subsequent proceeding. *Id*. at 318; Manshack, 915 F.2d at 174. This level of prejudice requires a legal impediment to the defendant's relitigation of its case. In *Elbaor*, for example, the Fifth Circuit approved a finding that a defendant suffered plain legal prejudice where an unconditional dismissal would potentially strip it of a viable limitations defense. 279 F.3d at 318. Even if the district court concludes that dismissal will cause plain legal prejudice, however, it is not forced to deny the motion. Rather, the district court has the option to grant the motion under conditions that will cure the prejudice. *Id*. at 318.

Here, no circumstance prevents dismissal without prejudice. As described above, Plaintiff's case is in the very earliest stage. It was filed in April, 2010. The case was transferred to the MDL and no further case specific activities have occurred. Though the parties are working diligently toward litigation of issues common to all plaintiffs, no party has exerted significant time and effort in preparing to litigate issues that are specific to Plaintiff's claims. Defendants would have expended the same time and effort had Plaintiff never filed his claims. Because Defendants will not be prejudiced by dismissal or relitigation of Plaintiff's claims, the Court should grant Plaintiff's motion.

Respectfully submitted,

  /s/  Scott Summy
Scott Summy  (TXB #19507500)
Kelly Reddell (TXB #12618250)
J. Burton LeBlanc, IV (#20491)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
(214) 521-3605
(214) 520-1181 (fax)

- and -

William W. Dreher, Jr. (MSB #10117)
WILLIAM  W. DREHER, JR. LAW FIRM
P.O. Box 968
2224 – 24th Avenue
Gulfport,  MS 39502
wwdlaw@bellsouth.net
(228) 822-2222
(228) 822-2626 (fax)

- and -

F. Gerald Maples, P.A. (MSB #1860)
Carl D. "Todd" Campbell, III (MSB #102856)
F. GERALD MAPLES, P.A.
365 Canal Street, Suite 2650
New Orleans, LA  70130
federal@geraldmaples.com
tcampbell@fgmapleslaw.com
(504) 569-8732
(504) 525-6932 (fax)

- and -

Tom Thornhill (LAB #12776)
THORNHILL LAW FIRM, A PLC
1308 Ninth Street
Slidell, LA  70458
Tom@thornhilllawfirm.com
(985) 641-5010
(985) 641-5011 (fax)

- and –

Scott Wm. Weinstein (FLA Bar #563080)
MORGAN & MORGAN, P.A.
1 University Park
12800 University Drive, Suite 600
Ft. Myers, FL  33907
(239) 433-6880
(239) 433-6836 (fax)

- and –

J. Wayne Mumphrey (#9824)
Wayne B. Mumphrey (#26437)
THE MUMPHREY LAW FIRM, LLC
330 Oak Harbor Blvd., #D
Slidell, LA  70458
(985) 649-0709
(985) 649-5706 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that April 19, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and provided notice by and through Lexis Nexis to all counsel of record.

　　　　　　　　　　　　　　　　　　　　/s/   Scott Summy