UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 10-2179  SECTION "J" |
| This Document Relates To: | * * | |
| In Re: The Complaint of Kenneth Roberts Civil Action No. 10-3815 | * * | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

*******************************

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes ART Catering, Inc. ("ART") and in response to the Complaint of Kenneth Roberts avers as follows:

1.

The allegations of Paragraph 1 of the plaintiff's Complaint are admitted as to the status of ART only. ART denies the remaining allegations.

2.

The allegations of Paragraph 2 of the plaintiff's Complaint are admitted.

3.

The allegations of Paragraph 3 of the plaintiff's Complaint are admitted only to the extent that ART, plaintiff's employer, assigned plaintiff to work aboard the HORIZON. Any other allegations or inferences of Paragraph 3 as written are denied.

{L0143269.1}   1

4.

The allegations of Paragraph 4 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein. And ART seeks specific proof of same, which has not been provided despite requests.

18.

The allegations of Paragraph 18 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 of the plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

ART avers that any damages to plaintiff, which are specifically denied, were caused solely by the fault and negligence of the other defendants for which ART has no responsibility. ART reserves the right to seek recovery or contribution from all co-defendants or any party responsible for the actions alleged in plaintiff's claim.

### SECOND DEFENSE

ART specifically avers that plaintiff has failed to mitigate his alleged damages by not promptly returning to work, not promptly seeking employment for which he was physically capable of performing and/or by failing to take any other actions of mitigation. As such, any recovery by plaintiff is barred and/or must be reduced for such failure to mitigate.

### THIRD DEFENSE

Further answering, if further answer be deemed necessary, defendant avers that plaintiff was not injured in the service of any vessel owned and/or operated by defendant. Further, ART specifically disputes that it in any way caused or contributed to this accident and plaintiff's Jones Act claim is without merit.

### FOURTH DEFENSE

Further answering, if further answer be deemed necessary, defendant avers that any injuries sustained by the plaintiff were caused by others over whom this defendant is neither responsible nor liable.

### FIFTH DEFENSE

Further answering, if further answer be deemed necessary, any injuries sustained by plaintiff were caused by a risk incident to his alleged employment, which risk was assumed by the plaintiff and for which this defendant is neither responsible nor liable.

### SIXTH DEFENSE

Further answering, if further answer be deemed necessary, plaintiff has an obligation to mitigate his damages and has failed to do so.

### SEVENTH DEFENSE

Further answering, if further answer be deemed necessary, plaintiff has reached maximum medical improvement. Also, that plaintiff had pre-existing or subject injuries which are plead as affirmative defenses. ART reserves the right to plead any other affirmative defense to plaintiff's claim for maintenance and cure benefits as these defenses are discovered during this lawsuit.

### EIGHTH DEFENSE

Also, ART specifically reserves the right to assert further affirmative defenses to any of plaintiff's claims if these develop during litigation.

### NINTH DEFENSE

ART asserts the benefit of set off from any collateral source and pleads same as an affirmative defense to this matter.

### TENTH DEFENSE

ART requests a trial by jury on all claims against it.

**WHEREFORE**, Defendant, ART Catering, Inc., prays that this Answer be deemed good and sufficient and after due proceedings had there be judgment herein in favor of Defendant,

{L0143269.1}

5

ART Catering, Inc., and against plaintiff, Kenneth Roberts, dismissing the Complaint with prejudice, at plaintiff's sole cost and for all general and equitable relief to which it may be entitled.

Respectfully submitted,

/s/ Norman E. Anseman, III
NORMAN E. ANSEMAN, III (#24943)
RACHAL D. CHANCE (#31358)
Jones, Walker, Waechter, Poitevent,
   Carrére & Denégre, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone: (337) 262-9061
Facsimile: (337) 262-9001

*Counsel for ART Catering, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Norman E. Anseman, III