UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MASTER DOCKET NO. 10-MD-2179 |
| THIS DOCUMENT RELATES TO NO. 11-823 | * * | CIVIL ACTION |
| SOUTHEAST RECOVERY GROUP, L.L.C. | * * | NO. 11-823 |
| Plaintiffs | * * | |
| VERSUS | * * | JUDGE CARL BARBIER |
| BP AMERICA INC. | * * | MAGISTRATE SALLY SHUSHAN |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER

**MAY IT PLEASE THE COURT:**

On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation (the "Panel") issued a Transfer Order encompassing numerous actions filed in multiple districts arising from the April 20, 2010 Deepwater Horizon disaster (MDL-2179 Document 1). In its Transfer Order, the Panel identified a "sharing of factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." (*Id.*, pg. 3). The Panel cited factual similarities, the need to centralize discovery, pretrial rulings and the conservation of resources as forming the basis for the Multidistrict Litigation ("MDL"), assigning the action to this Honorable Court. (*Id.*). The Panel applied 28 U.S.C.A. § 1407,

which allows for actions with "one or more commons questions of fact" to be transferred to any district "for coordinated or consolidated pretrial proceedings." (*Id.*).

The present case, Civil Action No. 11-823, *Southeast Recovery Group, L.L.C. v. BP America, Inc.* (the "Southeast Suit"), was filed on April 13, 2011 and was erroneously identified as being part of the MDL. The Southeast Suit does not have "one or more common questions of fact" with the other cases included in the MDL and, for that reason, should be severed.

Although the Southeast Suit is against BP America, its roots lie in contract claims unrelated to the "cause (or causes) of the Deepwater Horizon explosion/fire" as cited by the Panel's Transfer Order. Rather, Southeast's claims arise from an agreement to provide helicopter services, trailers and computers for use by the Sheriff's Office for the Parish of St. Bernard, Louisiana, and the Department of Wildlife and Fisheries, for which services BP America agreed to pay. BP America did not pay any of the invoices except the first one and, as such, Southeast has asserted claims of suit on open account, detrimental reliance and unjust enrichment (the latter two being asserted solely as alternative claim theories).

Discovery in the Southeast Suit will be limited in scope to the confection, terms and fulfillment of (or noncompliance with) the agreement between Southeast and BP America and monetary damages resulting therefrom. Severing the Southeast Suit will, therefore, not result in duplicative discovery or procedure because the facts at issue are not related to the causes of the Deepwater Horizon explosion or those aggrieved in tort or contract as a result. The facts revolve solely around the contractual relationship between Southeast and BP America after the explosion, and are therefore quite different from those that the MDL was designed to streamline and encompass.

Furthermore, were Southeast to remain in the MDL, its case would suffer unnecessary delay as it would be forced to participate in and endure lengthy discovery completely unrelated to its relatively simple contract claims.

**WHEREFORE,** Southeast prays that this Motion be granted and that the Southeast Suit be severed from the Multidistrict Litigation.

    Respectfully submitted,

/s/ *W. Christopher Beary*
W. Christopher Beary (Bar No. 22253)
Angel L. Byrum (Bar No. 30423)
**ORRILL, CORDELL & BEARY, L.L.C.**
330 Carondelet Street
New Orleans, Louisiana  70130
Telephone:	(504) 299-8724
Facsimile:	(504) 299-8735
E-mail:	wcb@ocblaw.com
	alb@ocblaw.com

**Counsel for Plaintiff, Southeast Recovery Group, L.L.C.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing *Memorandum in Support of Motion to Sever* has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of April, 2011.

*/s/ W. Christopher Beary*
W. CHRISTOPHER BEARY