# EXHIBIT E

**MINUTE ENTRY**
**BARBIER, J.**
**SEPTEMBER 16, 2010**
JS-10: 1 hr, 40 min.

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | MDL NUMBER: |
| OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | 10-2179<br><br>SECTION: J |
| COURTROOM DEPUTY:<br>TANYA LEE | COURT REPORTER:<br>CATHY PEPPER |

**THURSDAY, SEPTEMBER 16, 2010   2:30 P.M.**
**JUDGE CARL J. BARBIER PRESIDING**

Liaison Counsel for Defendants and Plaintiffs introduce themselves.

The Court reminds counsel for all parties of their responsibility to perform their work in this complex litigation with the utmost professionalism and civility.

The Court entertains discussion of the items on the agenda pertaining to the proposed Case Management Order, as follows.

There is a discussion of the concept of organizing the case into pleading bundles, grouping the cases into various pleading categories. Creation of these pleading bundles will not create separate litigation or discovery tracks. The Court approves the concept. Liaison counsel for the parties are instructed to confer among themselves and with the Clerk of Court and the court Systems staff to work out the details for implementation.

Plaintiffs shall file a separate Master Complaint relating to each pleading, with the exception of the personal injury and death claims, which shall be individually pled. Tentatively, the following deadlines are discussed: The plaintiffs will file such Master Complaints by December 15, 2010. Defendants will file separate Answers or other responses to the Master Complaints, and to the individual personal injury and death claims, by January 15, 2011.

With respect to the Limitation Action filed by Transocean, all parties agree to extend the limitation monition date to April 20, 2011. Counsel for Transocean intends to tender all other alleged liable parties as defendants, pursuant to Rule 14 (c), F.R.Civ.P.

The Court scheduled the Limitation trial, including issues of liability and allocation of

fault, to take place commencing in October, 2011. All counsel were advised to keep their calendars open for the months of October and November, 2011.

Parties have not been able to agree on a proposed discovery plan. In light of the scheduled trial in October, 2011, the Court advised counsel that they should plan to commence phase I discovery on core issues relating to liability and limitation. The parties are ordered to continue to meet and confer to seek agreement on the scope and timing of this discovery, including initial disclosures.

The parties are to further discuss the feasibility of conducting "bellwether" or test trials to be held beginning in the spring or summer of 2011.

Both Defense and Plaintiffs' liaison counsel agree to use Lexis/Nexis for filing and service in this case.

Parties inform the Court that they are continuing to discuss issues relating to direct filing and protective orders, as well as E-Discovery and deposition protocols.

Plaintiffs' liaison counsel agree that a Certified Public Accountant should be designated or appointed to handle the time and expense reporting and accounting for this matter. A proposed order will be submitted to be included in the forthcoming Case Management Order.

Kerry Miller updates the Court on the status of issues relating to the Blow-Out Preventer preservation, inspection and testing. Another status update on the Blow-Out Preventer shall be given to the Court at the next MDL 2179 pretrial conference.

Court ORDERS that Rec. Doc. 243 is DENIED without prejudice, to be filed later if necessary. (Rec. Doc. 244 is therefore DENIED as MOOT).

Court ORDERS that Rec. Doc. 211 is GRANTED, with the stipulation that Plaintiffs will provide informal copies of subpoenas to Defense Liaison Counsel, as well as to the appropriate government agencies, not less than 15 days prior to officially serving the subpoenas. During the 15 day period, the parties are to meet and confer to discuss any issues or objections relating to the subpoenas. If an agreement cannot be reached, the Plaintiffs will formally serve the subpoenas and the subpoenaed parties may respond as they deem appropriate.

Luan Tran asks the Court if it is possible to translate important court documents to Vietnamese, Cambodian, and Spanish so that some of the non-English speaking individuals affected may be able to follow the Court proceedings. The Court instructed liaison counsel to meet with Mr. Tran to resolve this issue.

The Court encouraged the parties to consider settlement or mediation of claims that may be amenable to resolution at an early date, particularly the personal injury or death claims. Counsel for Transocean advised that his clients were willing to participate in mediation, and requested the assistance of the Court in this regard. The Court informed the parties that Magistrate Judge Shushan and perhaps another magistrate judge would

be available to conduct settlement conferences.

The Court ORDERS that:

Liaison counsel shall continue to meet and confer in an attempt to reach agreement on proposed Case Management Order No. 1, which shall be submitted to the Court by September 30, 2010. If the parties cannot reach agreement, separate proposals shall be submitted.

The next in-court pretrial conference will be held on Friday, October 15, 2010 at 9:30 a.m. Liaison counsel are to file a JOINT proposed tentative agenda and status report to the Court by October 12, 2010.

Court adjourns at 4:15p.m.

**ATTORNEYS: See attached list**