**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| APPLIES TO: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding BOP Testing Protocol]

Considering the Court's Order of March 25, 2011 (Record Doc. No. 1757) granting BP's Motion for Access to the Deepwater Horizon Blowout Preventer for Further Forensic Inspection, considering the Parties' discussions following submission of proposed protocols and a proposed testing contract (with attachments), and considering the Court's hearings on this matter on April 14, 15, and 19, 2011;

IT IS ORDERED that the Protocol attached as Exhibit "A" to this Order is HEREBY APPROVED.

IT IS FURTHER ORDERED that the Forensic Testing Services Contract (with attachments) attached as Exhibit "B" to this Order is HEREBY APPROVED.

IT IS FURTHER ORDERED (1) that consistent with the terms of this Court's Orders the BOP testing contemplated to be performed by Det Norske Veritas ("DNV") under the terms of Exhibit "B" shall be and is conducted under this Court's auspices; (2) the Court intends that as a

disinterested forensic examiner DNV shall have complete and unfettered discretion to determine the timing and extent to which the further BOP testing described in Exhibit "A" is accomplished, consistent with this Court's orders and the Forensic Testing Services Contract; (3) that consistent with the terms of this Court's Orders the BOP shall remain at all times in the sole and exclusive custody the United States of America and its employees, agents, and agencies; (4) that consistent with this Court's Orders the results of this round of BOP testing shall be disclosed on a "rolling" basis and provided simultaneously to all MDL participants in the testing.

IT IS FURTHER ORDERED that the Court acknowledges BP's disclosure that DNV and various parties to these proceedings have requested that, in furtherance of the testing contemplated herein, BP should arrange for and compensate various support-services providers to assist DNV, including, as examples and without limitation on BP's efforts in this regard to date or in the future, providers of information technology services, logistics planning services, communications coordination services, facilities-related services, and heavy lift design services, among others. The Court finds that in no way does BP's retention and compensation of such service providers detract from DNV's independent, complete and unfettered discretion to perform the Forensic Testing Services Contract or from the fact that all testing contemplated herein will be conducted under this Court's auspices.

IT IS FURTHER ORDERED that if DNV or BP intend to retain contractors or subcontractors not previously identified as of the date of this order they shall give advance notice of intent to all parties.  Any objection to the retention must be brought to the attention of Magistrate Judge Shushan within twelve (12) hours of the receipt of notice.

IT IS FURTHER ORDERED that the Court finds that the parties have disclosed in the attached Protocols and on the record of this Court's proceedings instances in which "destructive

testing" is contemplated and that in the event that in the exercise of its discretion DNV determines that additional destructive testing steps are necessary or appropriate it shall so inform the Court and parties before performing such testing.

IT IS FURTHER ORDERED that this Court finds that neither DNV, nor BP, nor any other party involved with the testing contemplated herein, through participation in the Technical Working Group or otherwise, shall be in violation of any preservation of evidence obligation as a result of such participation in such testing.

THUS DONE AND SIGNED, this 19th day of April, 2011, at New Orleans, Louisiana.

**CARL BARBIER**
**UNITED STATES DISTRICT JUDGE**