UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig * | |
| "Deepwater Horizon" in the Gulf * | MDL NO.: 2179 |
| of Mexico, on April 20, 2010 * | |
| * | |
| * | SECTION J |
| This document relates to all cases[1] * | |
| * | |
| * | JUDGE BARBIER |
| * | MAG. JUDGE SHUSHAN |
| * | |
| * | |
| ************************************ | |

OBJECTION TO PTO NO. 34 AND RULE 59(E) MOTION TO CLARIFY
PTO NO. 34 THROUGH DECLARATION REGARDING EFFECT OF
SHORT-FORM FILING ON CLAIMANTS' GCCF RECOVERIES

"Full disclosure and transparency" – this is the touchstone that this Court has stated should govern claimants' participation in the Gulf Coast Claims Facility ("GCCF")-administered claims process. Doc. No. 1098, at p. 8 (Feb. 2, 2011).[2] On behalf of numerous GCCF claimants and potential claimants facing this Court's impending April 20, 2011 short-form joinder deadline,[3] the undersigned request that this Court clarify the effect of such short-form joinder on

---

[1] The undersigned are filing this pleading on behalf of the plaintiffs they represent in case nos. 10-1764, 10-1767, 10-1620, 10-1947, and 10-1222. In addition, numerous other clients represented by the undersigned will be filing short-form joinders by the April 20, 2011 monitions deadline, for the purpose of joining the limitation proceeding, and/or and to preserve any claims that may be subject to one-year prescriptive periods, though those clients are or will be initially seeking relief solely through the GCCF claims process. However, the issues raised in this pleading are common to all GCCF claimants and potential GCCF claimants, represented or unrepresented.

[2] Regarding communications by the GCCF about its status *vis a vis* BP's OPA claims obligation, this Court held that "***[f]ull disclosure and transparency*** can ensure that the reality of the operation of a third party will be consistent with any publicity concerning that entity." Doc. No. 1098, at p. 8 (emphasis added). This Court then observed, "This Court encourages and commends any claims process that will fairly, quickly, and efficiently resolve claims in this litigation. Innovative and thoughtful procedures are to be encouraged. Those procedures must, however, be ***fully transparent so that claimants can evaluate them appropriately***." *Id*.

[3] This Court has previously exercised its authority in this MDL proceeding to render relief applicable to GCCF claimants, both represented and unrepresented by counsel, who do not yet have claims actually pending in the litigation. *See* Doc. No. 1098, at p. 12 ("Because the Court finds that the hybrid role of Mr. Feinberg and the GCCF has led to confusion and misunderstanding by claimants, especially those who are unrepresented by their own counsel, the Court finds that certain precautions should be taken to protect the interest of claimants[.]").

1

all GCCF claimants' potential net recovery under that claims program. Such clarification is appropriate under Fed. R. Civ. P. 59(e), as a clarifying amendment to this Court's April 12, 2011 Order restricting application of Rule 41(a)(1)(A)(i) in Pre-Trial Order No. 34. This request for clarification is also timely filed as an objection to a non-administrative stipulation or order pursuant to paragraph 2 of the "Miscellaneous" provisions in Pre-Trial Order No. 8.

I.     **Interplay of GCCF-Claims Process and Mandated Short-Form Joinder**

As the BP defendants have asserted in opposition to numerous pleadings in this MDL proceeding and in precursor actions to this MDL proceeding, and as this Court ruled in its February 2, 2011 Order regarding Court supervision of GCCF communications, the GCCF claims process is the manifestation of BP's legislatively mandated, extra-judicial claims obligation under the Oil Pollution Act of 1990 ("OPA"). *See, e.g.,* Doc. No. 1098, at pp. 5, 14 (observing BP's assertion that the GCCF is "an extra-judicial process statutorily mandated by OPA"; and ordering that communications from the GCCF will include a statement that it is "acting for and on behalf of BP in fulfilling its statutory obligations as the responsible party under [OPA]."). Accordingly, both represented and unrepresented claimants may (and, indeed, it appears to be the statutory and legislative encouragement that many such claimants will) resolve their claims arising from the Macondo oil spill catastrophe outside the bounds of these MDL proceedings, within the confines of the GCCF-administered claims process. Many claimants will realize net recoveries of 100% of their GCCF award, because they are either not represented by counsel or are represented under fee agreements where counsel have agreed to take no contingent fee of any recovery out of the GCCF. Other represented claimants may realize net recoveries of significantly more than they would under traditional contingent fee contracts, as their counsel

have entered into fee agreements agreeing either to an hourly fee for the efforts to assist in preparing the GCCF claim or to a tiered contingent fee structure involving greatly reduced percentage-based fees for any recovery achieved in the GCCF process and before the resource-intensive involvement in litigation. In short, the extra-judicial OPA-mandated claims process has created a distinct claims and settlement scenario for potential claimants than would traditionally be involved in other class- and MDL-driven settlement scenarios.

Nevertheless, to preserve their claims in the limitations action, all claimants and potential claimants are required to complete and file the short-form joinder approved by this Court no later than April 20, 2011.[4] *See* PTO No. 25, ¶ 9 (Doc. No. 983, at p. 4). By this Court's Pre-Trial Order No. 25, this short-form joinder, "[w]hether through counsel or *pro se*," has the mandatory effect of being "deemed to be a simultaneous filing of an answer and claim in Civil Action No. 10-2771 [the limitation action] and an intervention into one or more of the Master Complaints[.]" Doc. No. 983, at p. 4. Thus enters a point that requires clarity by this Court to facilitate the "full disclosure and transparency" this Court has consistently required for all claimants and potential claimants, represented or unrepresented: ***What effect will such short-form joinder have on the net recovery of claimants from the GCCF, whether or not represented?***

II.     **Interplay of PTO No. 34 and Potential Common Benefit Fee Allocations**

In traditional MDL contexts, not involving the special circumstance of the extra-judicial and statutorily mandated claims process under OPA, common benefit work is coordinated by an entity such as the Plaintiffs' Steering Committee that has been put in place by the Court here, with such work funded by an assessment against recoveries of common benefit costs and fees.

---

[4] Additionally, filing in Court may be necessary for some claimants to preserve rights on any state law claims subject to one-year prescriptive periods, though the accrual date for causes of action that are the subject of such claims will vary.

3

As this Court has recently acknowledged, in this case the Court, the PSC, and defendants' counsel have already engaged in extensive discovery and pleading practice to move toward the scheduled February 2012 trial on issues of liability, limitation, and allocation of fault. PTO No. 34 (April 12, 2011) (Doc. No. 1918, at p. 2). Indeed, as a result of this acknowledgment, this Court on April 12 ordered that the traditional ability of plaintiffs to effect a dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) merely by filing notice to such effect prior to responsive pleadings is pretermitted in this MDL proceeding, and that such without-prejudice dismissals will only be permitted upon leave of Court. Doc. No. 1918, at pp. 3-4; *see also* Order and Reasons, Doc. No. 1981 (April 15, 2011).

Because so many GCCF claimants and potential claimants may otherwise receive net recovery from the GCCF-administered claims process at or near 100% of the amount determined to be awarded by the GCCF – either because they are not represented by counsel or because their fee agreement with their counsel provides for attorney fees well below traditional contingent fee recovery percentages for resolution at the GCCF level – we request that this Court clarify its PTO No. 34 regarding the effect of the short-form joinder on claimants' potential net recovery from the GCCF. Under PTO No. 25, claimants and potential claimants must join the limitation proceeding by April 20, 2011; under PTO No. 34, thus-joined plaintiffs waive their right to dismiss their claims without prejudice under Rule 41(a)(1)(A)(i) without leave of Court. Should there be a determination that the PSC may assess common benefit fees and costs in a manner that would adversely affect claimants' net recovery on GCCF settlements – merely because those GCCF claimants preserved their rights by filing the short-form joinder and either were not represented by counsel or had an agreement with counsel that resulted in very limited amount of fees out of GCCF recovery – then "full disclosure and transparency" requires that such claimants

4

and potential claimants be allowed leave to dismiss their claims from the litigation without prejudice under Rule 41 once such determination is made.

### III. Certificate of Non-Support

Pursuant to PTO No. 11 (Case Management Order No. 1), section X, the undersigned counsel certify that the PSC does not support the filing of this pleading. *See* PTO No. 11, Doc. No. 569 (Oct. 19, 2010), at p.13. In the few days following this Court's entry of PTO No. 34, the undersigned have become aware that claimants and potential claimants have been given conflicting information by counsel seeking to advise or represent them – that submitting the short-form joinder will diminish the claimants' GCCF recovery, or conversely that it will not diminish claimants' net recovery but only potentially affect counsel's fee portion of recovery.[5] To resolve this confusion and allow GCCF claimants and potential claimants to have full disclosure and transparency with regard to their decisions regarding how to proceed with their claims, the undersigned contacted PSC Liaison Counsel on April 18, 2011, and engaged in a dialogue seeking to clarify whether claimants' net recovery may be affected by filing the short-form joinder due to any anticipated effort by the PSC to seek an assessment of common benefit fees. PSC Liaison Counsel was unable to provide that clarity, and did not indicate that the PSC would support a motion to this Court seeking that clarity.

Accordingly, the undersigned file this pleading, as an objection to a non-administrative order or stipulation under Pre-Trial Order No. 8, and as a motion to clarify Pre-Trial Order No.

---

[5] To be clear: This is a motion concerned with the effect of short-form joinder on *claimants'* net recovery from a GCCF award. This is not a motion contesting the PSC's entitlement to a common benefit allotment from GCCF recoveries in general, but a motion concerned with the PSC's entitlement to common benefit allotment that would result in diminishment of claimants' net GCCF recovery. Concerns and disputes *among attorneys* as to allocation of attorney fee recoveries are premature and should be irrelevant to claimants' decision regarding how to pursue GCCF claims and whether to file short-form joinders by the April 20, 2011 monitions deadline. Concerns about the impact of short-form joinder on the *claimants' net recovery*, however, are critical to a prospective transparency for the claimants' decisionmaking at this juncture.

34, as this Court has an opportunity now to resolve early and prospectively any confusion regarding fee issues that may impact claimants' and potential claimants' decision to participate in the MDL as a precautionary measure while pursuing resolution in the GCCF claims process.

## IV. Conclusion

Accordingly, the undersigned request that this Court clarify its PTO No. 34 by providing the full disclosure and transparency regarding the effect of short-form joinder on any represented or unrepresented claimants' potential net recovery of GCCF proceeds.

Respectfully submitted,

*/s/ H.S. Bartlett III*
**GLADSTONE N. JONES, III (# 22221)**
**LYNN E. SWANSON (#22650)**
**EBERHARD D. GARRISON (# 22058)**
**KEVIN E. HUDDELL (# 26930)**
**H.S. BARTLETT III (# 26795)**
**EMMA ELIZABETH ANTIN DASCHBACH (#27358)**
**JACQUELINE A. STUMP (# 31981)**
Jones, Swanson, Huddell & Garrison, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

and

**JAMES R. SWANSON (# 18455)**
**JOSEPH C. PEIFFER (# 26459)**
**LANCE C. McCARDLE (# 29970)**
**JASON W. BURGE (# 30420)**
**ALYSSON L. MILLS (# 32904)**
Fishman Haygood Phelps Walmsley Willis
 & Swanson, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

and

**JAMES M. GARNER (# 19589)**
**TIMOTHY B. FRANCIS (# 14973)**
**JOSHUA S. FORCE (# 21975)**
**SHARONDA R. WILLIAMS (# 28809)**
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone:  (504) 299-2100
Facsimile:  (504) 299-2300

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I filed the foregoing pleading via Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, thereby effecting service on all counsel of record.

/s/ H.S. Bartlett  III