

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED APR 1 8 2011

LORETTA G. WHYTE
CLERK

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

Vision Bank v. 145, LLC, et al.,
S.D. Alabama, C.A. No. 1:10-521

EDLA SEC.J/1

11-912

MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] 145, LLC, and James Dalton, who are defendants and third-party plaintiffs in this Southern District of Alabama action (*Vision Bank*), have moved to vacate the Panel's order conditionally transferring their third-party complaint in the action to the Eastern District of Louisiana for inclusion in MDL No. 2179.[1] In the alternative, they ask that the Panel transfer the entire action to the MDL, rather than just the third-party claims. Responding plaintiff Vision Bank opposes the motion to vacate, as do third-party defendants Cameron International Corp., BP plc, BP America, Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., M-I L.L.C., and Halliburton Energy Services, Inc.[2]

After considering all argument of counsel, we find that the claims in the third-party complaint in *Vision Bank* share factual issues with the claims in actions previously transferred to MDL No. 2179, and that transfer of those claims to the Eastern District of Louisiana for inclusion in that MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of the claims in the third-party complaint is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010).

---

[*] Judge John G. Heyburn II took no part in the disposition of this matter.

[1] *See* 28 U.S.C. § 1407(a) (authorizing the Panel to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded").

[2] Vision Bank and M-I, L.L.C., oppose the third-party plaintiffs' motion to vacate, as well as their alternative request to transfer the entire action to the MDL. The Cameron, BP, Transocean, and Halliburton third-party defendants take no position on whether the claims in the underlying complaint should be transferred or should remain in the Southern District of Alabama.

___Fee_____
___Process___
_x_Dktd_____
___CtRmDep___
___Doc. No.___

- 2 -

In opposing transfer, movants chiefly argue that the claims in the underlying complaint and those in the third-party complaint share numerous factual issues, and that transfer of only the third-party claims will create a significant potential for duplicative discovery and inconsistent rulings on several key issues. After careful review of the record, we find these arguments unpersuasive. The underlying claims in *Vision Bank* concern the alleged breach of a promissory note in connection with which movant/defendant 145, LLC, borrowed from plaintiff Vision Bank approximately nine million dollars (apparently to purchase certain property), and the bank's demand for judgment against four individuals, including movant/defendant Dalton, who agreed to guarantee payment of all sums due under the loan. By contrast, in the third-party complaint, 145, LLC, and Dalton sue the principal and other defendants in the MDL,[3] and allege that the subject property suffered direct harm as a result of the Deepwater Horizon oil spill, and that the third-party plaintiffs have suffered damages including diminution of property value and loss of income as a result. The factual issues in the third-party complaint, which are typical of those in the MDL,[4] are quite different from those in the underlying complaint, and we are unconvinced that the discovery with respect to each will significantly overlap.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the third-party complaint in *Vision Bank* is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*/s/ Kathryn H. Vratil*

Kathryn H. Vratil
Acting Chairman

David R. Hansen           W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones
Paul G. Barbadoro

---

[3] The third-party defendants in *Vision Bank* are four BP entities (BP p.l.c., BP America Inc., BP Products North America Inc., BP America Production Company, and BP Exploration and Production Inc.), two Anadarko entities (Anardarko Petroleum Corporation and Anadarko E&P Company LP), MOEX Offshore 2007, LLC, five Transocean entities (Transocean Ltd., Transocean Deepwater, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Triton Asset Leasing GmbH), Halliburton Energy Services, Inc., M-I, LLC, Dril-Quip, Inc., and Cameron International Corporation.

[4] To cite but one example, the third-party complaint involves factual issues arising from allegations that prior to the oil spill, various of the third-party defendants had actual or constructive knowledge of deficiencies in the Deepwater Horizon rig's equipment.