UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the Gulf OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) ) ) ) ) ) ) | MDL NO. 2179<br><br>SECTION: "J"<br><br>JUDGE CARL J. BARBIER<br><br>MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br><br>2:10-CV-02771 | | |

**THIRD PARTY DEFENDANT M-I L.L.C.'S CROSS-CLAIM
TO THIRD-PARTY PLAINTIFFS' RULE 14(c) THIRD PARTY COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 13(g) and 14(c), this Court's Pretrial Order No. 1, and this Court's March 24, 2011 Stipulated Order Governing Deadlines In Connection With Petitioners' Rule 14(c) Third Party Complaint, M-I states as follows for its cross-claim against the Third Party Plaintiffs.

**PARTIES**

1.      M-I is a Delaware limited liability company with its principal place of business in Wilmington, Delaware.   M-I has been served with a summons and Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 Section III(B)(1) (B1 Bundle) and/or a First Amended Master Complaint, and has been served with other summonses and complaints related to the *Deepwater Horizon* explosion and the resulting oil spill.  M-I denies any negligence or fault in connection with the explosion or the oil spill.  M-I has statutory and/or common law rights to contribution from Third Party Plaintiffs, in whole or in part, for any liability M-I may have as a result of the events alleged in the Rule 14(c) Third Party Complaint and/or the First Amended B1 Master Complaint.

2

2. Third Party Plaintiff Triton Asset Leasing GmbH is a limited liability company organized under the laws of Switzerland, with its principal place of business in Zug, Switzerland. This Court has personal jurisdiction over Triton Asset Leasing because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

3. Third Party Plaintiff Transocean Holdings, LLC is a limited liability company organized under Delaware law, with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Holdings because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

4. Third Party Plaintiff Transocean Offshore Deepwater Drilling, Inc. is a corporation organized under Delaware law, with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Offshore because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

5. Third Party Plaintiffs were at all material times the Owners, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU *Deepwater Horizon*, and/or are considered "Co-Owners" of the *Deepwater Horizon* under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

6. Each of the above-described Third Party Plaintiffs has been served with a summons and Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 Section III(B)(1) (B1 Bundle) and/or a First Amended

Master Complaint, and has been served with other summonses and complaints related to the *Deepwater Horizon* explosion and the resulting oil spill.

## JURISDICTION AND VENUE

7. Jurisdiction over M-I's cross-claim is proper pursuant to the rules governing cross-claims against co-parties. This Court also has supplemental and/or ancillary jurisdiction over this cross-claim because the Court already has jurisdiction over Petitioners' Rule 14(c) Complaint and the Amended B1 Master Complaint pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), 43 U.S.C. § 1349(b) (the Outer Continental Shelf Lands Act (OCSLA)), and 28 U.S.C. § 1331 (because the claims in the Rule 14(c) Complaint and the Master Complaint arise under OCSLA and the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.).

8. This Court also has original jurisdiction over M-I's cross-claim pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction) and 43 U.S.C. § 1349(b) (OCLSA).

9. Venue for this cross-claim is proper pursuant to the rules governing cross-claims against co-parties and 28 U.S.C. § 1391(b)(2).

## FACTS

10. In the Amended B1 Master Complaint and in other complaints, Plaintiffs/Claimants have sought to hold the Third Party Plaintiffs, M-I, and the other Third Party Defendants tendered by Third Party Plaintiffs in the Rule 14(c) Complaint liable for financial injuries Plaintiffs/Claimants allegedly suffered as a result of the *Deepwater Horizon* explosion and fire and/or the resulting oil spill.

11. When the *Deepwater Horizon* explosion occurred on April 20, 2010, Third Party Plaintiffs were the owners and/or operators of the rig. In addition to providing the *Deepwater Horizon* itself, Third Party Plaintiffs also conducted, participated in, supervised, and/or oversaw

3

drilling activities, made or participated in critical decisions regarding same, had personnel and equipment on the *Deepwater Horizon*, and were otherwise directly involved in the *Deepwater Horizon*'s drilling operations at the Macondo well.

12.    Third Party Plaintiffs breached their duty of reasonable care in conducting, participating in, supervising, and overseeing drilling operations on the *Deepwater Horizon*. Third Party Plaintiffs failed to take reasonable steps to ensure that the drilling operations conducted on April 20, 2010 were done in a reasonably safe manner, and failed to mitigate the risk of blowout and oil spill that led to Plaintiffs'/Claimants' alleged damages.  Transocean's negligence caused, in whole or in part, the blowout and the subsequent oil spill.

## COUNT I
### (Cross-claim for Contribution Against Third Party Plaintiffs)

13.    M-I denies that it is liable for any damages alleged by Plaintiffs/Claimants in the Amended B1 Master Complaint, for any damages alleged in the Rule 14(c) Third Party Complaint.

14.    The alleged damages were caused, in whole or in part, by the conduct of Third Party Plaintiffs, the Transocean entities, as alleged above.  As such, the Third Party Plaintiffs are or may be liable to M-I for all or part of the claims asserted against M-I.

15.    To the extent that M-I is found liable for any part of the alleged damages, M-I has a right to contribution from other parties found liable, including Third Party Plaintiffs, to the extent of those parties' adjudicated proportion of liability.

## PRAYER FOR RELIEF

WHEREFORE, M-I requests a declaration that if M-I is found liable for any portion of damages alleged in the Amended B1 Master Complaint and/or the Rule 14(c) Third Party Complaint, and M-I pays more than its adjudicated share of liability, M-I is entitled to

contribution from Third Party Plaintiffs to the extent of their proportionate adjudicated shares of liability.

Dated: April 20, 2011　　　　　　　　　　　Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:  /s/ Hugh E. Tanner
　　　Hugh E. Tanner
　　　(Texas Bar No. 19637400)
　　　htanner@morganlewis.com
　　　Denise U. Scofield
　　　(Texas Bar No. 00784934)
　　　dscofield@morganlewis.com
　　　1000 Louisiana, Suite 4000
　　　Houston, Texas  77002
　　　713.890.5000 (Telephone)
　　　713.890.5001 (Facsimile)

ATTORNEYS FOR DEFENDANT M-I L.L.C.

OF COUNSEL:

Derek E. Leon (Texas Bar No. 24002463)
MORGAN, LEWIS & BOCKIUS LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
305.415.3000
305.415.3001 (fax)

6

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of April, 2011.

                                          */s/ Hugh E. Tanner*
                                           Hugh E. Tanner