UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>    "DEEPWATER HORIZON" in the<br>    GULF OF MEXICO, on<br>    APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br>*MDL 2179 B1 Amended Master Complaint And*<br>*All Cases In Pleading Bundle B1*<br><br>THIS DOCUMENT RELATES TO:<br>*No. 10-2771 (Limitation Action) And*<br>*Nos. 10-3059 and 11-0516* | :<br>:<br>:<br>:  MDL NO. 2179<br>:<br>:<br>:<br>:  SECTION: J<br>:<br>:<br>:<br>:  JUDGE BARBIER<br>:  MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**BP DEFENDANTS' MEMORANDUM IN SUPPORT OF
BP DEFENDANTS' MOTION TO STRIKE
STATE OF LOUISIANA'S MEMORANDUM OF LAW IN INTEREST IN
AND OPPOSITION TO DEFENDANTS' PENDING MOTIONS TO DISMISS OR,
IN THE ALTERNATIVE, TO EXTEND THE B1 REPLY BRIEF FILING DATE
AND ENLARGE THE B1 REPLY BRIEF PAGE LIMIT**

Nine days ago, the Fifth Circuit rejected the State of Louisiana's attempt to circumvent this Court's authority to manage the hundreds of cases and thousands of plaintiffs in MDL 2179. *See In re Louisiana*, No. 11-30178 (5th Cir. April 11, 2011). Two days ago, the State of Louisiana filed a Memorandum (Rec. Doc. 1993) that disregards the limits this Court established to coordinate briefing in MDL 2179 — deadlines, page limits, pleading bundles, and filing through the PSC.

The BP Defendants — BP Exploration & Production Inc. ("BPXP"), BP America Production Company and BP p.l.c. — move to strike the State of Louisiana's Memorandum on the grounds that it violates CMO No. 1 and PTO Nos. 25 and 28. In the alternative, in the event the Court will consider the State of Louisiana's Memorandum in ruling upon Defendants'

Motions To Dismiss the First Amended B1 Master Complaint and the B3 Master Complaint, the BP Defendants respectfully request an additional 10 days and an additional 25 pages to file a consolidated B1 Motion To Dismiss Reply Memorandum responding to the State of Louisiana's 57-page Memorandum, as well as the two B1 opposition briefs filed by the PSC, an 86-page Omnibus Memorandum (Rec. Docs. 1822) and a 16-page fraud-related opposition brief (Rec. Doc. 1808).

Among the powers of this Court that the Fifth Circuit reaffirmed was the authority to appoint coordinating counsel, establish separate pleading bundles, and manage litigation through pretrial procedure.  *See In re Louisiana*, No. 11-30178, slip op. at 2-3.  The State of Louisiana filed its Memorandum in violation of this Court's orders entered pursuant to those powers:

*First*, this Court set a March 30, 2011 deadline for oppositions to Rule 12 motions, and reiterated that cutoff date in a Revised Time Line.  *See* PTO No. 28, at 1 (Rec. Doc. 1235); CMO No. 2 (Rec. Doc. 1506).  The State of Louisiana filed its Memorandum on April 18 — twenty days after the  March 30 cutoff date and only 10 days before Defendants' B1 and B3 reply briefs are due.

*Second*, this Court set a 50-page limit for oppositions to responsive motions.  *See* PTO No. 25, at 5 (Rec. Doc. 983).  The State of Louisiana's Memorandum is 57 pages.

*Third*, this Court routed all motions and other pretrial proceedings with respect to plaintiffs through the PSC, "to be filed by and through Plaintiffs' Liaison Counsel."  CMO No. 1, at 13 (Rec. Doc. 569).  This Court further provided for motions not supported by the PSC to be filed with a certificate of non-support.  *Id.*  Yet the State of Louisiana filed the Memoranda on its own, without a certificate of non-support.

As the State of Louisiana acknowledges, the State has no lawsuits in the B1 or B3 Bundles. *See* La. Mem. 10-11. Yet a quick read through the table of contents of the State of Louisianan's Memorandum confirms that the document is an attempt to take a belated second bite at Defendants' B1 Motions to Dismiss. *See id.* at 2-3. If the coordinated process for MDL briefing is to work, litigants in one bundle cannot spontaneously file briefs in other bundles while ignoring established deadlines and procedures.

Accordingly, the BP Defendants respectfully request that this Court strike the State of Louisiana's Memorandum on grounds that it violates CMO No. 1 and PTO Nos. 25 and 28. Alternatively, if the Court will consider the State of Louisiana's Memorandum in ruling upon Defendants' Motions to Dismiss the First Amended B1 Master Complaint and the B3 Master Complaint, the BP Defendants respectfully request an additional 10 days and an additional 25 pages to file a single B1 reply Memorandum addressing the PSC's two omnibus B1 opposition briefs and the State of Louisiana's Memorandum. Just as the PSC filed an omnibus brief consolidating its opposition to Defendants' B1 Motions To Dismiss, the BP Defendants believe a single reply will be more convenient for the Court and alleviate some of the unnecessary complexity and duplication of effort otherwise required by the State of Louisiana's late and lengthy filing.

Respectfully submitted,

 /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

And

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
(312) 862-2000 (Tel)
(312) 862-2200 (Fax)

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

***Attorneys for BP p.l.c.,  BP America Production Company and BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of April, 2011.

                                    /s/Don K. Haycraft_____
                                        Don K. Haycraft