**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL No. 2179 SECTION: J |
| This document applies to: *All Cases.* | * * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

**DEFENDANT MARINE SPILL RESPONSE CORPORATION'S RESPONSE TO BRIEFS PROPOSING TRIAL PLANS**

Defendant Marine Spill Response Corporation ("MSRC") respectfully submits this response, pursuant to the Court's Order dated April 1, 2011 (Rec. Doc. 1832), to address issues raised by the trial plan briefs submitted on April 13, 2011 by the Plaintiffs' Steering Committee ("PSC"), Transocean Limitation Petitioners and the State of Alabama (Rec. Doc. No. 1951), by the BP Defendants (Rec. Doc. No. 1943) and by the United States (Rec. Doc. No. 1946).

The trial plan proposed by Plaintiffs specifically excludes fault allocation for any response issues. (Plaintiffs' Br. at 5, n. 7 and Ex. A, n. 1, n. 3 and ¶ 10.) It reserves such issues for a so-called "B3 Trial (or other proceedings)" (Plaintiffs' Ex. A at ¶ 10), but without defining such a trial or other proceedings or providing any guidance on when such a trial would take place or how or when discovery on response issues would be conducted. The plan proposed by the

1

United States allegedly takes no position with respect to response issues (U.S. Br. at 2, n. 1), but does not include them in the proposed trial "segments" and argues that discovery on response issues would take many months to complete. (Id. at 10.) The delay and uncertainty in resolving the claims brought against MSRC inherent in both of these proposed plans would be highly prejudicial to MSRC for the reasons stated at pages 2 – 3 of MSRC's Objection to the Proposed Trial Plans ("MSRC's Br."). (Rec. Doc. No. 1937.) Accordingly, MSRC respectfully submits that the Court should reject the trial plans submitted by the Plaintiffs and the United States and enter a trial plan that provides for the resolution of the B(3) claims as part of the structure of the trial to begin in February 2012.

Although the plan proposed by BP provides for a trial in phases, similar to the trial structure proposed by MSRC (MSRC's Br. at 5) and O'Brien's (O'Brien's Br. at 2 – 4) (Rec. Doc. No. 1942), it too suffers from the same flaws as the Plaintiffs' and the United States' plans. The multiple phases proposed by BP with a period of time between phases for discovery would unreasonably delay resolution of the B(3) claims for several years. Accordingly, MSRC respectfully submits that it should adopt the BP plan, but with no lengthy discovery hiatus between phases. Instead, discovery should continue simultaneously with the discovery for the February 2012 trial.

The complaints by the United States and BP about the discovery necessary to conduct a phased trial without a significant hiatus between phases rings hollow. Both the United States and BP grossly over-estimate the discovery that would be necessary for the later phases of the trial. But even if their estimates are correct, both the United States and BP have sufficient resources to continue discovery for subsequent trial phases without delay. For example, even if, as the United States argues, twelve Federal agencies might have been involved in response activities (U.S. Br.

2

at 9 – 10), each of those agencies has their own legal department capable of responding to discovery requests in an expeditious manner.

## CONCLUSIONS

For the foregoing reasons, MSRC respectfully requests that the Court enter a trial plan that includes the determination of the B(3) claims against MSRC and the other response Defendants as one of several discrete phases of the trial scheduled to begin in February 2012. MSRC further respectfully requests that the Court enter an order that pretrial discovery concerning issues related to the well control and clean-up operations are to proceed simultaneously with all other discovery, subject to a separate fact-discovery cut-off date established after the current fact discovery cut-off date of July 31, 2012.

Dated:  New York, New York
        April 20, 2011

                                        Respectfully submitted,

                                        **BLANK ROME LLP**
                                    By: /s/ Alan M. Weigel_____
                                        Alan M. Weigel, Esq.
                                        Attorneys for Marine Spill Response Corporation
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, NY 10174
                                        Telephone: 212-885-5000
                                        Facsimile: 917-332-3836
                                        E-mail: aweigel@blankrome.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Briefs on Proposed Trial Plans has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 20th day of April 2011.

                                        /s/ Alan M. Weigel_____
                                        Alan M. Weigel