UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL No. 2179  CIVIL ACTION NO. 10-2771 |
| This Document Applies to: ALL CASES AND CAUSE NO. 2:10-CV-02771 (IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY) | § § § § § § § § § | SECTION: J  JUDGE BARBIER  MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO 2:10-CV-02771**

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR EXONERATION
FROM OR LIMITATION OF LIABILITY AND
ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM) AGAINST PETITIONERS**

Defendant Halliburton Energy Services, Inc. ("HESI"), files this Answer to Petitioners Triton Asset Leasing GmBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc.'s Complaint and Petition for Exoneration from or Limitation of Liability (the "Complaint") and Original Claim in Limitation (the "Cross Claim") against Petitioners, and respectfully shows this Court as follows:

**I.
ANSWER**

For answer to each and every allegation of Petitioners Triton Asset Leasing GmBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc.'s Complaint, HESI responds as follows:

HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)                                                                1

D  1649449 v1-24010/0002 PLEADINGS

1. The allegations set forth in Paragraph I draw legal conclusions to which no response is required. To the extent that HESI is required to answer these allegations, HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and thus denies the same.

2. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph II, and thus denies the same.

3. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph III, and thus denies the same.

4. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph IV, and thus denies the same.

5. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph V, and thus denies the same.

6. HESI specifically denies that Petitioners (each and all) are entitled to exoneration or limitation of liability "protections" as set forth in Paragraph VI. HESI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph VI, and thus denies the same.

7. HESI denies the allegations of Paragraph VII as to the condition of the MODU DEEPWATER HORIZON as written, except to admit that the DEEPWATER HORIZON was a vessel. HESI denies that the vessel was seaworthy.

8. The allegations as set forth in Paragraph VIII draw legal conclusions, to which no response is required, except to admit that the MODU DEEPWATER HORIZON lies sunken.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                    2

D  1649449 v1-24010/0002 PLEADINGS

9. HESI denies the allegations of Paragraph IX as written, except to admit that an explosion and fire occurred aboard the DEEPWATER HORIZON on April 20, 2010; and the rig sank on April 22, 2010. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph IX, and thus denies the same.

10. HESI denies the allegations contained in Paragraph X of the Complaint.

11. HESI denies the allegations contained in Paragraph XI of the Complaint.

12. HESI denies the allegations contained in Paragraph XII of the Complaint.

13. The allegations as set forth in Paragraph XIII draw legal conclusions, to which no response is required. In further answer, HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph XIII, and thus denies the same.

14. The allegations as set forth in Paragraph XIV draw legal conclusions, to which no response is required, except that HESI denies that the explosion and resultant injuries occurred without the fault, design, neglect, of Petitioners or anyone for whom Petitioners were responsible. HESI further denies that the casualty was not caused by the fault or unseaworthiness of the vessel.

15. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph XV, and thus denies the same.

16. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph XVI, and thus denies the same.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                                                  3

D  1649449 v1-24010/0002 PLEADINGS

17. Venue allegations, as set forth in Paragraph XVII, draw legal conclusions to which no response is required. HESI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph XVII, and thus denies the same.

18. HESI denies the allegations contained in Paragraph XVIII of the Complaint.

19. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph XIX, and thus denies the same.

20. HESI denies that Petitioners are entitled to exoneration from or limitation of liability as alleged in Paragraph XX. Additionally, the allegations as set forth in Paragraph XX draw legal conclusions, to which no response is required. HESI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph XX, and thus denies the same.

21. HESI denies that Petitioners are entitled to exoneration from or limitation of liability as alleged in Paragraph XXI. HESI denies that any security tendered by Petitioners is sufficient. HESI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph XXI, and thus denies the same.

22. HESI denies that Petitioners are entitled to exoneration from or limitation of liability as alleged in Paragraph XXII. HESI denies that any security tendered by Petitioners is sufficient. HESI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph XXII, and thus denies the same.

23. HESI lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph XXIII, and thus denies the same.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)** 4

D 1649449 v1-24010/0002 PLEADINGS

24. The allegations as set forth in Paragraph XXIV draw legal conclusions, to which no response is required.

25. The allegations contained in the prayer for relief draw legal conclusions, to which no response is required.  HESI further denies that Petitioners have properly evaluated the MODU DEEPWATER HORIZON and denies the adequacy of Petitioners' Ad Interim Stipulation for an amount equal to the value of their interest in the MODU DEEPWATER HORIZON and its appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel and/or provide a bond for the value of the vessel issued by a reputable surety company to be approved by the Court.  HESI denies that Petitioners are entitled to exoneration from or limitation of liability.

## II.
## DEFENSES TO PETITIONERS' COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

26. In further answering (and responding to Petitioners' Rule 14(c) Complaint), and more specifically, in response to the Complaint HESI states as follows:

### FIRST DEFENSE

27. The Complaint fails to state a claim upon which relief can be granted and is vague and ambiguous.

### SECOND DEFENSE

28. The Limitation of Liability Act, 46 U.S.C. §30501-30502, (the "Act"), is discriminatory in that it favors Petitioners over HESI.  Further, the Act deprives HESI of its property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                                                                 5

D  1649449 v1-24010/0002 PLEADINGS

## THIRD DEFENSE

29. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.*, the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimants' claims. The proper security must be deposited at the time of the filing. Supp. R. F(1). As such, this limitation proceeding should be dismissed.

## FOURTH DEFENSE

30. HESI asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FIFTH DEFENSE

31. To the extent Petitioners' insurers attempt to avail themselves of the limitation defense provided for by the Act, HESI asserts that the Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing Petitioners' insurers are entitled to avail themselves of the Act.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                    6

D 1649449 v1-24010/0002 PLEADINGS

**SIXTH DEFENSE**

32.     The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to claimants and cross-claimants.  *See* 46 U.S.C. §183; *see also* Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW 2ND ED. §13-5 (1994).  Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

**SEVENTH DEFENSE**

33.     HESI reserves its right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(l), to pursue its claims against Petitioners in the forum of its choice.  Further, upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), HESI reserves its right to have its claims and damages tried to a jury in the court of its choosing.

**EIGHTH DEFENSE**

34.     HESI reserves the right to contest the appraisal value of the MODU DEEPWATER HORIZON and its freight, and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, contracts, etc., and the adequacy of the security.

**NINTH DEFENSE**

35.     The incident that is the subject of the Complaint was caused by the negligence or willful, wanton and reckless acts of Petitioners, their principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the

HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)                                                                 7

D  1649449 v1-24010/0002 PLEADINGS

vessel, which occurred with the privity and knowledge of Petitioners, their principals, agents, servants, and/or employees. Accordingly, Petitioners cannot limit their liability.

### TENTH DEFENSE

36. The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioners.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer be deemed good and sufficient, that the injunction and order of stay in place be lifted so that it may pursue its claims against Petitioners and other parties in the venue of its choice, that after due proceedings, there be judgment denying both Petitioners' Complaint for exoneration from or limitation of liability and Petitioners' Rule 14(c) Complaint, with all costs to be borne by such Petitioners; alternatively, that Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all of the vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise, and that said security be based upon an appraisal issued by a commissioner appointed by the Court, in default of which the Complaint be dismissed; and for such other relief to which this Claimant may show itself to be justly entitled.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**   8

D  1649449 v1-24010/0002 PLEADINGS

## III.
## ORIGINAL CLAIM IN LIMITATION (CROSS-CLAIM) OF DEFENDANT HALLIBURTON ENERGY SERVICES INC.

NOW COMES HESI acting as Cross-Plaintiff, and files this, its Original Claim in Limitation (Cross-Claim), and in support thereof, would respectfully show this Court as follows:[1]

## I.
## BACKGROUND

37. On April 20, 2010, there was an explosion and blowout on board the MODU DEEPWATER HORIZON, ("DEEPWATER HORIZON"), during efforts to temporarily abandon a well in Mississippi Canyon, Block 252, the location known as "Macondo" (the "Macondo Well"). Subsequently, the DEEPWATER HORIZON sank into the Gulf of Mexico and oil was released. Numerous individual and class action lawsuits have been filed in state and federal courts for alleged injuries and damages resulting from the blowout and subsequent remediation and response efforts. Additional claims are expected. Many of these lawsuits have been transferred to this MDL proceeding.

38. Claimants/Plaintiffs have filed a number of claims against HESI and others, asserting claims under maritime law and state common law. Generally, Claimants/Plaintiffs allege that the acts of various defendants, including HESI, caused the fire and explosion on board the DEEPWATER HORIZON, its sinking, a subsequent oil spill, and Claimants/Plaintiffs' alleged damages. HESI denies that it is liable and/or responsible for any of the alleged injuries

---

[1] Presently, there are several motions pending before this Court seeking clarification regarding the applicable law in this matter. HESI alleges its claims herein, generally, without reference to any specific jurisdiction's law. HESI reserves its right to amend its pleadings as necessary after this Court determines the applicable law. In the meantime, each claim and cause of action should be read as if arising under maritime law and/or the law of any state under which Claimants/Plaintiffs have made a claim.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER**
**TO PETITIONERS' COMPLAINT AND PETITION FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**
**AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)** 9

and/or damages claimed by Claimants/Plaintiffs.

## II.
## JURISDICTION AND VENUE

39.     This Court has admiralty and maritime jurisdiction of this Cross Action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Rule F, and 28 U.S.C. § 1333.

40.     Venue is proper in this District pursuant to the Order transferring this case to the Eastern District of Louisiana, dated August 16, 2010.

## III.
## THE PARTIES

41.     HESI is a Delaware corporation with its principal place of business in Houston, Texas.

42.     Cross-Defendant Triton Asset Leasing GmbH, ("Triton"), is a limited liability company organized and existing under the laws of the Swiss Confederation with its principal office in Zug, Switzerland.  At all material times, Triton was an owner, managing owner, owner pro hac vice, and/or operator of the DEEPWATER HORIZON, and/or is considered "co-owner" of the DEEPWATER HORIZON.  Cross-Defendant Triton has appeared in these Limitation Proceedings by way of its Complaint and Petition for Exoneration From or Limitation of Liability filed on May 13, 2010.

43.     Cross-Defendant Transocean Holdings LLC, ("Transocean Holdings"), is a Delaware limited liability company with its principal place of business in Houston, Texas.  At all material times, Transocean Holdings was an owner, managing owner, owner pro hac vice, and/or operator of the DEEPWATER HORIZON, and/or is considered "co-owner" of the

HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)                                                    10

D 1649449 v1-24010/0002 PLEADINGS

DEEPWATER HORIZON. Cross-Defendant Transocean Holdings has appeared in these Limitation Proceedings by way of its Complaint and Petition for Exoneration From or Limitation of Liability filed on May 13, 2010.

44. Cross-Defendant Transocean Offshore Deepwater Drilling, Inc., ("Transocean Deepwater Drilling"), is a Delaware corporation with its principal place of business in Houston, Texas. At all material times, Transocean Deepwater Drilling was an owner, managing owner, owner pro hac vice, and/or operator of the DEEPWATER HORIZON, and/or is considered "co-owner" of the DEEPWATER HORIZON. Cross-Defendant Transocean Deepwater Drilling has appeared in these Limitation Proceedings by way of its Complaint and Petition for Exoneration From or Limitation of Liability filed on May 13, 2010.

45. Cross-Defendant Transocean Offshore Deepwater, Inc., ("Transocean Deepwater"), is a Delaware corporation with its principal place of business in Houston, Texas. At all material times, Transocean Deepwater was an owner, managing owner, owner pro hac vice, and/or operator of the DEEPWATER HORIZON, and/or is considered "co-owner" of the DEEPWATER HORIZON. Cross-Defendant Transocean Deepwater has appeared in these Limitation Proceedings by way of its Complaint and Petition for Exoneration From or Limitation of Liability filed on May 13, 2010.

## VI.
## CAUSES OF ACTION

46. Pursuant to Federal Rule of Civil Procedure 13, Cross-Plaintiff HESI alleges the following causes of action against Cross-Defendants:

HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)   11

D 1649449 v1-24010/0002 PLEADINGS

## COUNT I
### (CONTRIBUTION AND INDEMNITY PURSUANT TO GENERAL MARITIME LAW)

47. Paragraphs 37 to 46 are incorporated by reference as if fully set forth herein.

48. HESI is entitled to contribution and indemnity from Cross-Defendants Triton, Transocean Holdings, Transocean Deepwater Drilling, and Transocean Deepwater for any and all sums it may be compelled to pay Claimants/Plaintiffs as a result of the incident made the basis of this proceeding.

49. Any alleged injuries or damages claimed by Claimants/Plaintiffs were proximately caused by the actions and/or omissions of Cross-Defendants and/or the unseaworthiness of the vessel, and not by any conduct on the part of HESI. Accordingly, HESI is entitled to a determination of proportionate responsibility and allocation of fault, pursuant to general maritime law.

50. HESI reserves its right to amend the allegations against these Cross-Defendants as additional discovery and evidence warrants.

## COUNT III
### (CONTRACTUAL INDEMNITY)

55. Paragraphs 37 through 54 are incorporated by reference as if fully set forth herein.

56. HESI is entitled to contractual indemnity as a third party beneficiary from Cross-Defendants the Transocean Entities, for any and all sums it may be compelled to pay Claimants/Plaintiffs as a result of the incident made the basis of this proceeding.

57. Any alleged injuries or damages claimed by Claimants/Plaintiffs were proximately caused by the actions and/or omissions of the Cross-Defendants and not by any conduct on the part of HESI. Accordingly, HESI is entitled to indemnification for any damages,

HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)                                    12

D 1649449 v1-24010/0002 PLEADINGS

sums, and/or settlements HESI may be compelled to pay and/or incur, pursuant the parties' contractual agreements.

58. HESI reserves its right to amend the allegations against these Cross-Defendants as additional discovery and evidence warrants.

## COUNT III
## (NEGLIGENCE/GROSS NEGLIGENCE)

59. Paragraphs 37 through 58 are incorporated by reference as if fully set forth herein.

60. The damages and injuries alleged by Plaintiffs/Claimants occurred as a result of the negligence of Cross-Defendants Triton, Transocean Deepwater Drilling, and Transocean Deepwater. These acts of negligence render the Cross-Defendants liable to Claimants/Plaintiffs pursuant to the provisions of 46 USC §30104 and principles of general maritime law and liable to HESI under principles of general maritime law.

61. Specifically, these Cross-Defendants were negligent and/or grossly negligent in at least the following ways:

(a) Failing to provide a competent crew;

(b) Failing to properly supervise its employees;

(c) Failing to properly train and/or supervise its employees and others on the rig;

(d) Failing to provide a safe place to work and requiring its employees and others to work in unsafe conditions;

(e) Failing to provide sufficient personnel to perform operations aboard the vessel;

(f) Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**     13

D 1649449 v1-24010/0002 PLEADINGS

(g) Failing to properly interpret test results relating to well control and well integrity;

(h) Failing to exercise due care and caution;

(i) Failing to avoid this accident;

(j) Failing to provide a seaworthy vessel; and

(k) Other acts of negligence and/or gross negligence which will be shown more fully at trial.

62. As a result of these Cross-Defendants' negligence and/or gross negligence, HESI has incurred and/or will incur damages related to the defense of Claimants/Plaintiffs' claims, including but not limited to attorneys' fees and other damages related to the settlement and/or resolution of Claimants/Plaintiffs' claims.

WHEREFORE, PREMISES CONSIDERED, HESI prays that upon the trial of this cause that Claimants/Plaintiffs take nothing by reason of their pleadings and HESI be entitled to contribution and/or indemnity from Cross-Defendants as to the claims of Claimants/Plaintiffs, that HESI recover its damages and for such other and further relief to which it may show itself justly entitled.

Dated April 20, 2011.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                                         14

D  1649449 v1-24010/0002 PLEADINGS

**Respectfully submitted**

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonbsternberg@GodwinRonquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                                             15

D  1649449 v1-24010/0002 PLEADINGS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2011 a copy of the foregoing Halliburton Energy Services, Inc.'s Answer to Petitioners Triton Asset Leasing GmBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc.'s Complaint and Petition for Exoneration from or Limitation of Liability and Original Claim in Limitation (Cross Claim) was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO PETITIONERS' COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY
AND ORIGINAL CLAIM IN LIMITATION (CROSS CLAIM)**                          16

D  1649449 v1-24010/0002 PLEADINGS