UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL-2179 2:10-CV-02771-CJB-SS |
| THIS DOCUMENT RELATES TO: | SECTION J |
| PLEADING BUNDLE C CIVIL ACTION NUMBER 10-2771 | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**STATEMENT OF RESERVATION OF RIGHTS BY THE STATE OF MISSISSIPPI REGARDING TRANSOCEAN'S COMPLAINT AND PETITION FOR EXONERATION**

COMES NOW Jim Hood, Attorney General for the State of Mississippi, *ex rel*. the State of Mississippi, and submits the following Statement of Reservation of Rights regarding the Complaint and Petition for Exoneration from or Limitation of Liability, filed pursuant to 46 U.S.C.A. § 30501, et seq., ("the Limitation Action"), by Triton Asset Leasing GMBH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (collectively "Transocean"), and respectfully represents to this Honorable Court the following.

The State of Mississippi files this Statement for the limited purpose of addressing Transocean's Complaint for Exoneration From or Limitation of Liability and to protect the State's rights and causes of action purportedly implicated by Transocean's initiation of the Limitation Action. By submitting this Statement, the State does not agree or concede that the Limitation Action is appropriate or legally available to Transocean for damages resulting from the discharge of oil. This Statement does not serve to acknowledge federal jurisdiction over any potential action the State may file in connection with the April 20, 2010, explosion and subsequent release of oil in the Gulf of Mexico.

The explosion and subsequent release of oil and other oil-related contaminants from the Macondo 252 well in the Gulf of Mexico ("the Deepwater Horizon Incident") are one incident for which Transocean has been designated a responsible party. The Sovereign States, as well as many local and tribal governmental entities, have sustained significant damages resulting from the Deepwater Horizon Incident and consequent response actions. Such damages include, but are not limited to: response and restoration costs; lost revenues; public health concerns that will require the expenditure of significant public resources to assess, monitor and address; environmental damages that will take years, if not decades, to determine and address; and other economic impacts, the full scope of which will be affected by the effectiveness of the environmental recovery efforts. The damages incurred by the Sovereign States are not discernible at this time. Indeed, they are still evolving and on-going. As a result, the Sovereign States should not be compelled to participate in any resolution of such claims before the true scope and nature of the public and natural resource damages resulting from the Deepwater Horizon Incident can be determined.

The Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(a), imposes strict liability for pollution removal costs and damages on "each responsible party for a vessel or facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone," specified in 33 U.S.C. § 2702(b), "that result from such incident." OPA repealed both the substantive limitations and the procedures of the Limitation of Liability Act with respect to the Sovereign States' removal costs and damages claims against all responsible parties, including Transocean. Because of OPA's repeal of the Limitation of Liability Act, the State is not compelled to raise the issue of Eleventh Amendment

immunity under the United States Constitution, which prohibits suits against the Sovereign States in federal court.

As noted in the Complaint for Declaratory Judgment filed on September 14, 2010, by the State of Louisiana,[1] Transocean incorrectly construes its liability under OPA Section 2704(b), to mean that its liability is restricted to surface discharges only. Furthermore, OPA makes clear that it does not preempt the Sovereign States from imposing additional requirements or liability for the discharge of oil. 33 U.S.C. §§ 2718(a)(1) and 2718(c)(1). In his Second Amended Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims, entered in the Limitation Action on June 14, 2010,[2] the Honorable Keith P. Ellison, United States District Judge for the United States District Court for the Southern District of Texas, carved out the following exceptions to the Court's injunction against legal proceedings in another jurisdiction against Transocean: claims asserted under the Oil Pollution Act ("OPA"); claims within the scope of 33 U.S.C. § 2718(a); and claims by the United States, the Sovereign States or their political subdivisions for fines, penalties or injunctive relief within the scope of 33 U.S.C. § 2718(c).

The provisions of OPA referenced by Judge Ellison expressly preserve State statutory and common law remedies, stating in relevant part as follows:

> § 2718. Relationship to other law
> (a) Preservation of State authorities; Solid Waste Disposal Act
> Nothing in this Act or the Act of March 3, 1851 shall–
> (1) affect, or be construed or interpreted as preempting, the authority of any State or

---

[1] Attached hereto as Exhibit A.

[2] Attached hereto as Exhibit B.

3

>political subdivision thereof from imposing any additional liability or requirements with respect to–
>(A) the discharge of oil or other pollution by oil within such State; or
>(B) any removal activities in connection with such a discharge; or
>(2) affect, or be construed or interpreted to affect or modify in any way the obligations or liabilities of any person under the Solid Waste Disposal Act (42 U.S.C. 6901 et seq.) *or State law, including common law*.
>. . . .
>(c) Additional requirements and liabilities; penalties
>Nothing in this Act, the Act of March 3, 1851 (46 U.S.C. 183 et seq.), or section 9509 of Title 26, shall in any way affect, or be construed to affect, the authority of the United States or any State or political subdivision thereof–
>(1) to impose additional liability or additional requirements; or
>(2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law;
>relating to the discharge, or substantial threat of a discharge, of oil.

(Emphasis added).

In the correspondence attached hereto as Exhibit C, Transocean acknowledged in part this inapplicability of the Limitation of Liability Act to the Sovereign States' governmental claims for damages and removal and remediation costs that arise from oil spills. However, Transocean has attempted to circumvent the clear congressional intent enunciated in OPA to preserve the right of State, local and tribal entities to pursue federal *and State law remedies* for damages resulting from a discharge of oil, or posed by the substantial threat of discharge of oil. By filing a petition and complaint for exoneration from and limitation of liability that implies that it impacts the damages resulting from the Deepwater Horizon Incident, without expressly and formally excluding all governmental claims, Transocean has attempted to improperly impose the jurisdiction of the Court in a manner which violates clear federal law on this subject. As noted in Louisiana's Complaint for Declaratory Judgment, Transocean incorrectly construes its liability under OPA Section 2704(b), to mean that its liability is restricted to surface discharges only. Louisiana attempted to get a timely

determination of these issues, but no ruling has been forthcoming on Louisiana's request for declaratory relief – a declaration that impacts all Sovereign States.

Accordingly, out of an abundance of caution, the Sovereign States are now presented the untenable choice of answering Transocean's Petition for Limitation and filing a claim in a cause for which Congress clearly exempted State and local government claims when it enacted OPA. At the same time, as a result of Pre-Trial Order No. 34, entered on April 15, 2011, the Sovereign States are stripped of the option to extricate themselves from a cause of action in which they should not have to participate, if they file such a merely precautionary pleading. In the alternative, the Sovereign States can appear to ignore a deadline imposed by this Court that should have no application to their claims.

Most of the claims asserted by the private litigants in this matter are economic in nature and more easily quantified than the unique public interests that the Sovereign State entities are entrusted to protect. As currently organized through the first thirty-four Pre-trial Orders, this litigation fails to adequately protect or acknowledge the substantial issues of sovereignty that are unique to the Sovereign States and their significant interests in acting on behalf of *all* of their people and in protecting their natural resources. A swift resolution of all claims–both public and private–before the full depth and range of the public and natural resources damages have been or can be ascertained is expressly contrary to those public interests.

Accordingly, the State of Mississippi seeks to provide the Court the deference it is due by providing this Statement explaining to the Court why filing an answer to Transocean's Limitation Action and a claim or other complaint on the State's behalf is premature and not required by controlling federal and State law. Through this Statement the State of Mississippi hopes to clarify

the nature of its significant interests, how those interests would be damaged by filing any claim in the improper Limitation Action now pending, and to express the State's continuing intent to vindicate the substantial interests of the public to recover damages that have resulted from the Deepwater Horizon Incident from all Responsible Parties, their agents and assigns, for the full and complete breadth of damages sustained by the people, environment and economy of the State of Mississippi.

In filing this Statement, the State of Mississippi specifically reserves all rights to pursue all available claims it has under federal and State law, including common law, in an appropriate forum at an appropriate time chosen by the State. The filing of this Statement by the State of Mississippi is in no way a waiver of any right or defense the State currently holds.

Respectfully submitted, this the 20th day of April, 2011.

_____
JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, *EX REL*. THE STATE OF MISSISSIPPI

_____
MARY JO WOODS, MSB NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3680
Facsimile: (601) 359-2003
E-mail: mwood@ago.state.ms.us

**CERTIFICATE OF SERVICE**

I, Mary Jo Woods, Special Assistant Attorney General of the State of Mississippi, do hereby certify that on this date, I filed the foregoing document using the Court's ECF system which will send notification of such filing to all counsel of record in this proceeding.

THIS the 20th day of April, 2011.

/s Mary Jo Woods
MARY JO WOODS, MS BAR NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
E-mail: mwood@ago.state.ms.us