

**Gulf Coast State Attorneys General**

| Troy King | James D. "Buddy" Caldwell | Bill McCollum | Jim Hood | Greg Abbott |
|---|---|---|---|---|
| Attorney General | Attorney General | Attorney General | Attorney General | Attorney General |
| State of Alabama | State of Louisiana | State of Florida | State of Mississippi | State of Texas |

June 18, 2010

John M. Elzey
Royston, Rayzor, Vickery & Williams
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2716
john.elsley@roystonlaw.com

Frank A. Piccolo
Preis & Roy, PLC
Weslayan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
fap@preisroy.com

Dear Messrs. Elzey and Piccolo,

As the Attorneys General for the five Gulf Coast states, we have been closely monitoring the progress of the action filed in the United States District Court for the Southern District of Texas by Asset Leasing GmbH, Transocean Holdings LLC, and Transocean Offshore Deepwater Drilling Inc. (collectively, "Transocean") pursuant to the Limitation of Liability Act of 1851.

We have reviewed with particular interest the recent exchange of pleadings between Transocean and the United States Department of Justice and the resulting amended monition order entered on June 14, 2010. As you are aware, that order provides, *inter alia*, that the "injunction does not apply to any claims, including those of private parties, asserted against Petitioners within the scope of 33 U.S.C. § 2718(a), inclusive." Based on the plain wording of the savings clauses contained in section 2718(a), it is our position that this provision encompasses all state law claims, including state common law claims, and that any such claims would not be subject to the court's injunction. Our position is consistent with the holding of *In re* Jahre Spray II K/S, 1996 WL 451315, 1996 U.S. Dist. Lexis 11594 (D.N.J. Aug. 5, 1996), as well as other cases.

It remains unclear whether Transocean shares this view of the inapplicability of the Limitation of Liability Act to state common law claims. In its response to the Department of Justice's motion to lift or modify the monition, Transocean acknowledged only that claims under state statutes

**EXHIBIT C**

imposing liability with respect to oil spills were exempted from application of the Limitation of Liability Act. In order that we may avoid unnecessary motion practice and briefing, we are requesting written clarification from you regarding Transocean's position on the applicability of the Limitation of Liability Act to state common law causes of action.

We look forward to your prompt response on this matter.

Sincerely,

| Troy King | James D. "Buddy" Caldwell | Bill McCollum | Jim Hood | Greg Abbott |
|---|---|---|---|---|
| Attorney General | Attorney General | Attorney General | Attorney General | Attorney General |
| State of Alabama | State of Louisiana | State of Florida | State of Mississippi | State of Texas |

EDWIN G. PREIS, JR.[5]
L. LANE ROY[3]
JENNIFER E. MICHEL[3]
RICHARD J. HYMEL[3]
ROBERT M. KALLAM[3]
FRANK A. PICCOLO[3]
JOHN M. RIBARITS[3]
CATHERINE M. LANDRY[3]
JAMES A. LOCHRIDGE, JR.[1]
CHARLES J. BOUDREAUX, JR.[1]
DAVID L. PYBUS[2]
DAVID M. FLOTTE[7]
LEAH NUNN ENGELHARDT[4]
EDWARD F. KOHNKE IV[2]
FRANCIS A. COURTENAY, JR.[1]
DANIELLE M. SMITH[3]
JEFFREY A. RIGGS[3]
JOSEPH E. LEE III[3]
JENNIFER A. WELLS[1]
JONATHAN L. WOODS[1]
M. BENJAMIN ALEXANDER[1]
TABITHA R. DURBIN[1]
HILARY A. FRISBIE[2]
CARL J. HEBERT[1]
KEVIN T. DOSSETT[2]
RICHARD T. FASS[2]
MICHAEL J. ANDREPONT[1]
MICHAEL B. NORTH[1]
MARJORIE C. NICOL[6]
KRISTOPHER STOCKBERGER[2]
KENNETH H. TRIBUCH[5]
WILLIAM W. FITZGERALD[2]
J. MICHAEL FUSSELL, JR.[1]
BARBARA A. OLINDE[1]
MATTHEW S. GREEN[7]
MELISSA B. CARUSO[1]
ELIZABETH A. HUNT[1]
JENNIFER J. COUSSAN[1]
LUCAS S. COLLIGAN[1]
BRANDEE KETCHUM[1]
MARGARET A. LALANDE[3]
ALYSE S. RICHARD[1]
EZRA L. FINKLE[6]
JOHN C. GETTY[1]
JAIME F. LANDRY[1]
ANTHONY J. LASCARO[1]
ERIC J. ALLEN[2]
SARA E. TANNEHILL[1]

# PREIS & ROY
(A PROFESSIONAL LAW CORPORATION)

WESLAYAN TOWER
24 GREENWAY PLAZA
SUITE 2050

## HOUSTON, TEXAS 77046

TELEPHONE 713.355.6062
TELEFAX 713.572.9129
E-mail pr@preisroy.com
www.preisroy.com

**NEW ORLEANS**
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

**LAFAYETTE**
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE[1]
SUITE 400
102 VERSAILLES BOULEVARD
LAFAYETTE, LOUISIANA 70509
TELEPHONE 337.237.6062
TELEFAX 337.237.9129

June 21, 2010

[1] ADMITTED TO PRACTICE IN LOUISIANA ONLY
[2] ADMITTED TO PRACTICE IN TEXAS ONLY
[3] ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
[4] ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
[5] ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
[6] ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
[7] ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS AND RHODE ISLAND

russell.kent@myfloridalegal.com
Russell S. Kent, Esq.
Special Counsel for Litigation
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399

    Re:    Gulf Coast State Attorneys General Correspondence of June 18, 2010

Dear Mr. Kent:

Please accept this correspondence as the reply of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. (collectively, "Transocean") to the referenced correspondence of the Attorneys General for the States of Alabama, Louisiana, Florida, Mississippi, and Texas.

The June 18, 2010 correspondence states the position that 33 U.S.C. § 2718(a) "encompasses all state law claims, including state common-law claims, and that any such claims would not be subject to the court's injunction" of June 14, 2010. The

## PREIS & ROY

Russell S. Kent, Esq.
Special Counsel for Litigation
Office of the Attorney General
Page 2
June 21, 2010

---

June 18, 2010 correspondence requests written clarification from Transocean regarding Transocean's position on the applicability of the Limitation of Liability Act to state common-law causes of action.

Transocean does not agree that 33 U.S.C. § 2718(a) encompasses all state law claims, statutory and common-law, or that all state common-law claims are not subject to the court's injunction. It is Transocean's position that whether a particular state law claim, common-law or otherwise, falls within the scope of 23 U.S.C. § 2718(a) can only be determined on a case-by-case basis, depending upon the merits of each claim and the state statutory or common-law at issue. Transocean therefore cannot agree to the Gulf Coast State Attorneys General's blanket statement that all state law claims are unaffected by Judge Ellison's Amended Monition Order entered on June 14, 2010.

You have cited the case of *In re: Jahre Spray II K/S*, 1997 A.M.C. 845 (D.N.J. 1976) in support of the Gulf Coast State Attorneys General's contentions. Transocean does not agree that this cited decision supports the blanket conclusion reached by the Gulf Coast State Attorneys General. In this regard, we enclose a copy of the decision of *Van Schaeffer v. Tsakos Shipping & Trading, S.A.*, 2006 WL 1192939 (E.D. Pa. 2006), in which the court concluded that certain state common-law claims remain subject to the Limitation of Liability Act.

Your correspondence of June 18, 2010 also refers to "other cases" which you state support your position. So that we may have the benefit of your complete reasoning, we would request that you provide us with these additional cases which you contend support the Gulf Coast State Attorneys General's position.

Transocean will, of course, be willing to work with each of the various Attorneys General, and other private counsel, as circumstances arise to attempt to reach an agreement on a case-by-case basis as to which state common-law claims fall within

**PREIS & ROY**

Russell S. Kent, Esq.
Special Counsel for Litigation
Office of the Attorney General
Page 3
June 21, 2010

---

the Court's injunction. Ultimately, if we are not able to reach an agreement, any dispute can be presented to Judge Ellison for resolution.

Very truly yours,

PREIS & ROY

By: _____
Frank A. Piccolo

ROYSTON, RAYZOR, VICKERY & WILLIAMS

By: _____
John M. Elsley

Attorneys for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc.

Westlaw.

Not Reported in F.Supp.2d, 2006 WL 1192939 (E.D.Pa.)
(Cite as: 2006 WL 1192939 (E.D.Pa.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
VAN SCHAEFFER, et al.
v.
TSAKOS SHIPPING AND TRADING, S.A. and
Frescati Shipping Company, Ltd.
**Civil Action No. 05-4486.**

May 2, 2006.

Daniel C. Levin, Levin, Fishbein, Sedran & Berman, Michael S. Katz, Slade H. McLaughlin, The Beasley Firm, Philadelphia, PA, for Plaintiff.

John J. Levy, Montgomery McCracken Walker & Rhoads LLP, Cherry Hill, NJ, for Defendant.

**MEMORANDUM AND ORDER**

FULLAM, Sr. J.

*1 On November 26, 2004, the tank vessel ATHOS I struck a submerged nine-ton piece of metal and spilled crude oil into the Delaware River. Plaintiffs are property owners along the river on the New Jersey side. The United States Coast Guard determined that the Defendants in this action were responsible for the spill under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq.* ("OPA 90"). Defendants earlier filed in this Court Civil Action No. 05-305, seeking exoneration from or limitation of liability (the "Limitation Action"). [FN1]

> FN1. Plaintiffs filed suit in New Jersey state court, Defendants removed it to New Jersey federal court, and the parties agreed to transfer the action to this Court as related to the Limitation Action.

Defendants have moved to dismiss Count II of Plaintiffs' Complaint, which alleges strict liability under New Jersey's Spill and Compensation and Control Act (the "Spill Act"), and "transfer" the other counts to the Limitation Action. They also contend that Plaintiffs cannot proceed as a class. Plaintiffs seek leave to file a second amended complaint to add a declaratory judgment count. I will dismiss Count II without prejudice to Plaintiffs' ability to submit claims to the New Jersey Spill Fund or the National Pollution Funds Center and consolidate the remaining counts with the Limitation Action. I will deny Plaintiffs' motion to amend.

Plaintiffs do not allege that they have incurred any costs in connection with the oil spill, and they acknowledge that they have not complied with the requirements of the New Jersey Spill Act, such as written approval of a remediation plan from the New Jersey Department of Environmental Protection. *See* N.J.S.A. 58:10-23.11b, 58:10-23.11f(a)(2). Therefore, Count II must be dismissed.

Plaintiffs seek to amend the Amended Complaint to assert a claim for a declaratory judgment that Defendants must indemnify Plaintiffs for any future cleanup and remediation costs. This amendment would be futile: without an allegation of liability for present costs, there is no justiciable controversy.

The remaining state common-law claims must be litigated as part of the Limitation Action. The Limitation Act, 46 U.S.C. § 181, *et seq.*, permits a vessel owner to compel all suits to be filed in a single action limited to the value of the vessel and its freight. OPA 90, however, excludes certain claims from the requirements of the Limitation Act, and permits states to impose additional liability. *See Bouchard Trans. Co. v. Updegraff,* 147 F.3d 1344, 1347, 1352 (11th Cir.1998). General maritime and admiralty claims remain subject to the Limitation Act. *See Metlife Capital Corp. v. M/V Emily S.,* 132 F.3d 818, 822-23 (1st Cir.1997).

The amended complaint seeks punitive damages and alleges damages for loss of enjoyment of the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

property, decline in property values, and inconvenience. Because the Amended Complaint does not allege that the named plaintiffs have incurred removal and clean up costs or that any of their property has been destroyed, and given that they have not alleged a cognizable claim under the New Jersey Spill Act, I conclude that in these circumstances it would be a stretch to characterize claims for nuisance as arising under New Jersey's statutory scheme to impose additional liability upon oil polluters. Therefore, the claims will be consolidated as part of the Limitation Action.

*2 Defendants also are correct that Plaintiffs' claims cannot be pursued as a class action. See *Lloyd's Leasing Ltd. v. Bates,* 902 F.2d 368 (5th Cir.1990).

An order follows.

## ORDER

AND NOW, this 2nd day of May, 2006, for the reasons stated in the accompanying memorandum,

IT IS hereby ORDERED that:

1. Defendants' Motion to Dismiss Count II of the Amended Complaint is GRANTED. Count II is dismissed without prejudice to Plaintiffs' ability to submit claims to the New Jersey Spill Fund or the National Pollution Funds Center.

2. Civil Action No. 05-4486 is hereby CONSOLIDATED with Civil Action No. 05-305 for all purposes. All pleadings are to be filed under Civil Action No. 05-305, and the Clerk is directed to mark Civil Action No. 05-4486 CLOSED for statistical purposes.

3. The class action allegations in the Amended Complaint are STRICKEN.

4. Plaintiffs' Motion for Leave to File a Second Amended Complaint is DENIED.

E.D.Pa.,2006.

Van Schaeffer v. Tsakos Shipping and Trading, S.A.
Not Reported in F.Supp.2d, 2006 WL 1192939 (E.D.Pa.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

**STATE OF MISSISSIPPI**



# JIM HOOD
ATTORNEY GENERAL

June 23, 2010

John M. Elzey
Royston, Rayzor, Vickery & Williams
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2716
john.elsley@roystonlaw.com

Frank A. Piccolo
Preis & Roy, PLC
Weslayan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
fap@preisroy.com

Dear Mr. Elzey and Mr. Piccolo:

Thank you for your letter dated June 21, 2010, on behalf of Asset Leasing GmbH, Transocean Holdings LLC, and Transocean Offshore Deepwater Drilling Inc. (collectively, "Transocean"), in response to the Attorneys General for the five Gulf Coast States. Therein, you stated that Transocean is taking the position that only certain state statutory and common law claims are affected by Judge Ellison's Amended Monition Order of June 14, 2010. You also indicated that Transocean would be willing to work with us on a case-by-case basis to attempt to reach an agreement as to which state law claims fall within the court's injunction.

Toward that end, the potential claims on behalf of the State of Mississippi would include all damages recoverable under the Mississippi Air and Water Pollution Control Law, our Coastal Wetlands Protection Act, and common law causes of action such as public nuisance, strict liability, negligence, trespass, and product liability. Please provide this Office with a written response indicating whether you contend these claims must be brought within the limitation action. If we do not hear from you by noon on Friday, July 2, 2010, we will assume that you disagree with the State's position that these claims are not subject to the court's injunction, and we will seek relief from the court.

Sincerely yours,

Jim Hood
Attorney General

EDWIN G. PREIS, JR.[a]
L. LANE ROY[2]
JENNIFER E. MICHEL[2]
RICHARD J. HYMEL[3]
ROBERT M. KALLAM[3]
FRANK A. PICCOLO[3]
JOHN M. RIBARITS[3]
CATHERINE M. LANDRY[3]
JAMES A. LOCHRIDGE, JR.[1]
CHARLES J. BOUDREAUX, JR.[1]
DAVID L. PYBUS[4]
DAVID M. FLOTTE[3]
LEAH NUNN ENGELHARDT[4]
EDWARD F. KOHNKE IV[1]
FRANCIS A. COURTENAY, JR.[1]
DANIELLE M. SMITH[1]
JEFFREY A. RIGGS[3]
JOSEPH E. LEE III[2]
JENNIFER A. WELLS[1]
JONATHAN L. WOODS[1]
M. BENJAMIN ALEXANDER[1]
TABITHA R. DURBIN[1]
HILARY A. FRISBIE[6]
KEVIN T. DOSSETT[2]
CARL J. HEBERT[1]
RICHARD T. FASS[4]
MICHAEL J. ANDREPONT[1]
MICHAEL B. NORTH[1]
RACHEL A. MEESE[1]
MARJORIE C. NICOL[3]
KRISTOPHER STOCKBERGER[2]
KENNETH H. TRIBUCH[5]
WILLIAM W. FITZGERALD[1]
J. MICHAEL FUSSELL, JR.[1]
BARBARA A. OLINDE[1]
MATTHEW S. GREEN[7]
MELISSA B. CARUSO[6]
ELIZABETH A. HUNT[1]
JENNIFER J. COUSSAN[1]
LUCAS S. COLLIGAN[4]
BRANDEE KETCHUM[1]
MARGARET A. LALANDE[3]
ALYSE S. RICHARD[1]
EZRA L. FINKLE[6]
JOHN C. GETTY[1]
JAIME F. LANDRY[1]
ANTHONY J. LASCARO[1]
ERIC J. ALLEN[2]
SARA E. TANNEHILL[1]

# PREIS & ROY

(A PROFESSIONAL LAW CORPORATION)

WESLAYAN TOWER
24 GREENWAY PLAZA
SUITE 2050

HOUSTON, TEXAS 77046

TELEPHONE 713.355.6062
TELEFAX 713.572.9129
E-mail pr@preisroy.com
www.preisroy.com

NEW ORLEANS
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

LAFAYETTE
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE[1]
SUITE 400
102 VERSAILLES BOULEVARD
LAFAYETTE, LOUISIANA 70509
TELEPHONE 337.237.6062
TELEFAX 337.237.9129

[1] ADMITTED TO PRACTICE IN LOUISIANA ONLY
[2] ADMITTED TO PRACTICE IN TEXAS ONLY
[3] ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
[4] ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
[5] ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
[6] ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
[7] ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS AND RHODE ISLAND

July 2, 2010

Jim Hood, Attorney General
State of Mississippi
Walter Sillers Building
P. O. Box 220
Jackson, Mississippi 39205-0220

RE: State of Mississippi Attorney General's Correspondence of
June 23, 2010

Dear Attorney General Hood:

Thank you for your correspondence of June 23, 2010, to which we address our reply on behalf of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc. (collectively "Transocean").

Transocean appreciates your acceptance of its offer to cooperatively work with the State of Mississippi on a case-by-case basis in order to reach an agreement to identify which of the State's claims fall within the injunction of the Second Amended Monition Order of June 14, 2010, signed by the Honorable Keith P. Ellison.

From your correspondence, we understand that the potential statutory claims that may be asserted include claims by the State of Mississippi under the Mississippi Air & Water Pollution

PREIS & ROY

Mr. Jim Hood
July 2, 2010
Page 2

Control Law, Section 49-17-1, *et seq.*, and the Coastal Wetlands Protection Act, Section 49-27-1, *et seq.* With respect to claims by the State of Mississippi that properly fall under these two statutes, Transocean agrees that Judge Ellison's injunction does not apply to these State claims. Therefore, these claims may, but need not be, brought within the limitation action pending in the United States District Court for the Southern District of Texas.

Transocean also understands that the State of Mississippi may assert common-law causes of action "such as public nuisance, strict liability, negligence, trespass, and product liability." Based upon this general description, and the current case law, Transocean is unable to reach an agreement with the State of Mississippi as to whether such causes of action fall within the scope of Judge Ellison's injunction without more information about the nature of the specific claim. Because Transocean is committed to working with the State of Mississippi in an attempt to reach an agreement as to the proper scope of Judge Ellison's injunction, Transocean would ask that your office consider sharing with Transocean, on a without prejudice basis, a draft copy of the State's pleading setting forth the State's allegations under these common-law theories. Transocean would then promptly advise the State of Mississippi as to its position regarding those additional causes of action, following its review of the State's proposed pleadings.

Thank you for your consideration of Transocean's position and your willingness to work with Transocean on a case-by-case basis to avoid unnecessary motion practice. We look forward to your response.

Sincerely,

PREIS & ROY

Frank A. Piccolo

ROYSTON, RAYZOR,
VICKERY & WILLIAMS

John M. Elsley
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002-2716
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**STATE OF MISSISSIPPI**



**JIM HOOD**
ATTORNEY GENERAL

July 8, 2010

John M. Elzey
Royston, Rayzor, Vickery & Williams
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2716
john.elsley@roystonlaw.com

Frank A. Piccolo
Preis & Roy, PLC
Weslayan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
fap@preisroy.com

Dear Messrs. Elzey and Piccolo:

Thank you for your timely response of July 2, 2010. The State has already listed the common law claims available under the law of our State, which should be sufficient for you to reach a decision without a draft complaint. If you have specific questions about the claims we listed, then please send them to me. Otherwise, please provide me with a written response indicating whether Transocean takes the position that those common law claims set forth in my letter of June 23, 2010, must be brought within the limitation action. If I do not receive a more definitive answer from you by Thursday, July 15, 2010, I will take your lack of a response as an indication that we have a disagreement in principle and will proceed accordingly.

If you would like to discuss the matter, please contact me at (601) 359-3692.

Sincerely yours,

Jim Hood
Attorney General

EDWIN G. PREIS, JR.
L. LANE ROY
JENNIFER E. MICHEL
RICHARD J. HYMEL
ROBERT M. KALLAM
FRANK A. PICCOLO
JOHN M. RIBARITS
CATHERINE M. LANDRY
JAMES A. LOCHRIDGE, JR.
CHARLES J. BOUDREAUX, JR.
DAVID L. PYBUS
DAVID M. FLOTTE
LEAH NUNN ENGELHARDT
EDWARD F. KOHNKE IV
FRANCIS A. COURTENAY, JR.
DANIELLE M. SMITH
JEFFREY A. RIGGS
JOSEPH E. LEE III
JENNIFER A. WELLS
JONATHAN L. WOODS
M. BENJAMIN ALEXANDER
TABITHA R. DURBIN
HILARY A. FRISBIE
KEVIN T. DOSSETT
CARL J. HEBERT
RICHARD T. FASS
MICHAEL J. ANDREPONT
MICHAEL B. NORTH
RACHEL A. MEESE
MARJORIE C. NICOL
KRISTOPHER STOCKBERGER
KENNETH H. TRIBUCH
WILLIAM W. FITZGERALD
J. MICHAEL FUSSELL, JR.
BARBARA A. OLINDE
MATTHEW S. GREEN
MELISSA B. CARUSO
ELIZABETH A. HUNT
JENNIFER J. COUSSAN
LUCAS S. COLLIGAN
BRANDEE KETCHUM
MARGARET A. LALANDE
ALYSE S. RICHARD
EZRA L. FINKLE
JOHN C. GETTY
JAIME F. LANDRY
ANTHONY J. LASCARO
ERIC J. ALLEN
SARA E. TANNEHILL

# PREIS & ROY

(A PROFESSIONAL LAW CORPORATION)

WESLAYAN TOWER

24 GREENWAY PLAZA

SUITE 2050

## HOUSTON, TEXAS 77046

TELEPHONE 713.355.6062
TELEFAX 713.572.9129
E-mail pr@preisroy.com
www.preisroy.com

**NEW ORLEANS**
PAN AMERICAN LIFE CENTER
SUITE 1700
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.581.6062
TELEFAX 504.522.9129

**LAFAYETTE**
POST OFFICE DRAWER 94-C
VERSAILLES CENTRE'
SUITE 400
102 VERSAILLES BOULEVARD
LAFAYETTE, LOUISIANA 70509
TELEPHONE 337.237.6062
TELEFAX 337.237.9129

ADMITTED TO PRACTICE IN LOUISIANA ONLY
ADMITTED TO PRACTICE IN TEXAS ONLY
ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS
ADMITTED TO PRACTICE IN LOUISIANA AND GEORGIA
ADMITTED TO PRACTICE IN TEXAS AND FLORIDA
ADMITTED TO PRACTICE IN LOUISIANA AND CALIFORNIA
ADMITTED TO PRACTICE IN LOUISIANA, MASSACHUSETTS AND RHODE ISLAND

July 15, 2010

Mr. Jim Hood
Attorney General
State of Mississippi
Walter Sillers Building
P.O. Box 220
Jackson, MS 39205-0220

Re: State of Mississippi Attorney General's Correspondence of July 8, 2010

Dear Attorney General Hood:

Thank you for your correspondence of July 8, 2010, to which we address our reply on behalf of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc. (collectively "Transocean").

As set forth in our prior correspondence of July 2, 2010, Transocean is unable to reach an agreement with the State of Mississippi without more information about the State's common law claims. Transocean remains willing to work with the State of Mississippi in an attempt to reach an agreement as to the proper scope of Judge Ellison's injunction and, to this end, would ask that your office reconsider sharing with Transocean, on a without prejudice basis, a draft copy of the State's pleading. As you will appreciate from our prior correspondence of June 21, 2010, addressed to the Gulf Coast State's Attorneys General, there is recent case authority holding that state common-law

# PREIS & ROY

Mr. Jim Hood
Attorney General
July 15, 2010
Page 2

claims remain subject to the Limitation of Liability Act. *Van Schaeffer v. Tsakos Shipping and Trading, SA*, 2006 WL 1192939 at 1-2 (E.D. Pa. 2006).

    Should your office believe that a discussion would be beneficial, we would be pleased to participate at your convenience. Thank you for your consideration of Transocean's position.

Sincerely,

PREIS & ROY

*[signature]*

Frank A. Piccolo

ROYSTON, RAYZOR,
VICKERY & WILLIAMS

*[signature]*

John M. Elsley
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002-2716
Telephone: (713) 224-8380
Facsimile: (713) 225-9945