# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: No. 2:10-CV-03112-CJB-SS | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

## MOTION FOR LEAVE TO SUBSTITUTE CLASS REPRESENTATIVE

Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. P. 15(a) for leave to file the accompanying proposed Amended Class Action Complaint[1] substituting Venus Charters Inc. ("Venus Charters") and its owners/operators Captain Karen Luknis and Captain Debra Butler as named Plaintiffs and proposed class-representatives in the tag-along civil action *Shepardson et al. v. BP p.l.c et. al*, No. 2:10-CV-03112-CJB-SS; which was originally filed in the United States District Court for the Southern District of Florida as Case No. 4:10-CV-10054-KMM (S.D.Fl.) and transferred to this Court as part of MDL No. 2179.

### Introduction

On June 3, 2010, Plaintiffs Shepardson and Picariello filed this lawsuit in the United States District Court for the Southern District of Florida individually, and on behalf of all Florida individuals and businesses engaged in "for hire" game, sport fishing, and recreational boating charters and/or related services in the coastal zones, the Gulf of

---

[1] *See* Proposed Amended Complaint Substituting Plaintiffs Captain Karen Luknis and Captain Debra Butler as owners/operators of Venus Charters, attached hereto as Exhibit 1.

Mexico, the Gulf Stream, and/or the territorial waters of the State of Florida sustaining injury and/or damage as the result of the *Deepwater Horizon* Oil Spill.

Nevertheless, at this time neither Plaintiff Shepardson nor Plaintiff Picariello wishes to continue pursuing this action against Defendant BP p.l.c or the other named defendants. However, Captain Karen Luknis and Captain Debra Butler, owners/operators of Venus Charters, other Florida residents who meet the criteria set forth in the above-listed class definition, wish to be substituted as party Plaintiffs in civil action No. 2:10-CV-03112-CJB-SS and to pursue claims individually and on behalf of the putative class. Plaintiffs respectfully submit that good cause exists for leave of Court to file the Amended Complaint substituting Plaintiffs Venus Charters Inc., Captain Karen Luknis and Captain Debra Butler as the named Plaintiffs.

<u>Analysis</u>

## I.       Courts Routinely Grant Leave to Substitute Parties in Class Action Litigation.

Rule 15(a) of the Federal Rules of Civil Procedure states, in pertinent part, that leave to amend shall be, "freely given when justice so requires." Fed.R.Civ.P.15(a). The Supreme Court has interpreted this statement to mean that, "[i]n the absence of any apparent or declared reason—such undue delay, bad faith or dilatory motive on the part of the movant . . . etc.-the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that the Federal Rule of Civil Procedure declaring that leave to amend shall be freely given when justice so requires is a mandate to be heeded); *see also U.S. ex. Rel. Adrian v. Regents of University of California*, 363 F.3d 398, 401 (5th Cir. 2004) (holding that leave to amend should be freely given, and outright refusal to grant leave to amend without a justification such as

"undue delay, bad faith or dilatory motive on the part of the movant" is considered an abuse of discretion).

Here, leave to amend is sought neither in bad faith nor after undue delay.  To the contrary, leave is being sought to substitute the named plaintiffs/class representatives based upon recent developments involving ancillary issues particular to the currently named Plaintiffs to avoid unnecessary confusion surrounding the issues presented in the Complaint.  Plaintiffs Shepardson and Picariello do not oppose substitution by Plaintiffs Venus Charters, Captain Karen Luknis and Captain Debra Butler.  Pursuant to governing law, leave to amend should be allowed.

## II.     Substitution of Class Representatives Is Appropriate

Courts routinely grant leave to amend in order to substitute class representative in order to ensure that the interests of the entire class are not prejudiced. *Carpenter v. Stephen F. Austin State Univ.,* 706 F.2d 608, *reh'g denied*, 712 F.2d 1416 (5th Cir. 1983) Here, the Court should grant this motion to for leave to file an Amended Complaint because allowing substitution of Plaintiff Venus Charters will further the interests of the putative class of putative class members of Florida individuals and entities set forth in the initial and proposed Amended Complaint..

Courts generally permit the addition or substitution of class representatives when there is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification. *See e.g.  In re Arakis Energy Corp. Sec. Litig.*, 1999 WL 1021819 (E.D.N.Y. 1999).  Likewise, if a representative is not within a class, "replacement of a class representative may become necessary…" Ann. Manual Complex Lit. § 21.26 (4th ed.) Furthermore, "formal intervention by class

members is infrequent."[2]In addition, the Manual for Complex Litigation (3d) suggests … 'replacement of a class representative may become necessary when, for example, the representative's individual claim has been mooted or otherwise significantly affected by intervening events....'" *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. Gen. Motors Corp*. 175 F.R.D. 234, 239 (N.D.Miss. 1997), *citing* Manual for Complex Lit. (3d) § 30.16 (1995). The desire of Plaintiffs Shepardson and Picariello to no longer prosecute their individual and representative claims is such an intereevening event. Similarly, the "Manual further provides that the court may permit intervention by a new representative where necessary." *Id.*, *citing* Manual for Complex Lit. (3d) §30.16.

Moreover, [i]t is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot." *Graves v. Walton County Bd. of Educ.,* 686 F.2d 1135, 1138 (5th Cir.1982). As such, this Court should freely grant the Plaintiffs' motion for leave to amend the complaint to substitute Plaintiffs Venus Charters, Captain Karen Luknis and Captain Debra Butler, as they have standing to adequately represent the class.

## Conclusion

For the reasons stated herein, this Court should grant the motion to substitute Plaintiff Captain Karen Luknis and Captain Debra Butler, owners/operators of Venus Charters as the named Plaintiffs and proposed class representatives in the tag-along action currently styled *Shepardson et al. v. BP p.l.c et. al*, No. 2:10-CV-03112-CJB-SS.

Respectfully submitted,

---

[2] *Id.* To the extent that the Court find's Defendant's arguments about standing persuasive, Plaintiffs Clifford, Langenfelder, Bohn, and McCoy alternatively move to formally intervene in this litigation pursuant to Rule 24, F.R.C.P., and would request leave to file supplemental briefing if the court deems such a motion necessary.

Dated:  April 20, 2011

_/s/ Kevin R. Dean
MOTLEY RICE LLC
Kevin R. Dean
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Pho:  (843) 216-9000
Fax:  (843) 216-9450
kdean@motleyrice.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the above and foregoing Reply Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 20th day of April 2011.


      s/Kevin R. Dean