IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG         MDL NO.  2179
"*DEEPWATER HORIZON*" in the
GULF OF MEXICO, on April 20, 2010      SECTION:  J

**THIS DOCUMENT RELATES TO:**       JUDGE BARBIER
**2:10-CV-02771**

                                       MAGISTRATE JUDGE SHUSHAN

**THIRD PARTY DEFENDANT DRIL-QUIP, INC.'S CROSS-CLAIM TO THIRD-PARTY
PLAINTIFFS' RULE 14(c) THIRD PARTY COMPLAINT**

**INTRODUCTORY STATEMENT**

Dril-Quip has moved to dismiss, or will move to dismiss, every complaint asserting claims against it, including Petitioner's Rule 14(c) Third-Party Complaint (the "Third-Party Complaint"), on the ground that no claim upon which relief may be granted has been stated against it.  However, because the motions have not yet been heard, and in order to comply with this court's orders, Dril-Quip respectfully files this instrument, the submission and content of which should be regarded as subject to and not inconsistent with those motions.  Therefore, pursuant to Federal Rules of Civil Procedure 13(g) and 14(c), this Court's Pretrial Order No. 1, and this Court's March 24, 2011 Stipulated Order Governing Deadlines In Connection With the Third-Party Complaint, Dril-Quip states as follows for its cross-claim against the Third Party Plaintiffs.

**PARTIES**

1.       Dril-Quip is a Delaware corporation with its principal place of business in Houston, Texas.  Dril-Quip has been served with the Third-Party Complaint.  Dril-Quip denies any negligence or fault in connection with the explosion or the oil spill. Dril-Quip has statutory

and/or common law rights to contribution from Third Party Plaintiffs, in whole or in part, for any liability Dril-Quip may have as a result of the events alleged in the Rule 14(c) Third Party Complaint and/or any complaint, filed in connection with the explosion or the oil spill, to which Dril-Quip has been made a party or joined with issue.

2.     Third Party Plaintiff Triton Asset Leasing GmbH is a limited liability company organized under the laws of Switzerland, with its principal place of business in Zug, Switzerland. This Court has personal jurisdiction over Triton Asset Leasing because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

3.     Third Party Plaintiff Transocean Holdings, LLC is a limited liability company organized under Delaware law, with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over Transocean Holdings because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

4.     Third Party Plaintiff Transocean Offshore Deepwater Drilling, Inc. is a corporation organized under Delaware law, with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Offshore because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint.

5.     Third Party Plaintiffs were at all material times the Owners, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU *Deepwater Horizon*, and/or are considered "Co-Owners" of the *Deepwater Horizon* under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

6.     Each of the above-described Third Party Plaintiffs has been served with numerous summonses and complaints related to the Deepwater Horizon explosion and resulting oil spill.

## JURISDICTION AND VENUE

7.     Jurisdiction over Dril-Quip's cross-claim is proper pursuant to the rules governing cross-claims against co-parties.  This Court also has supplemental and/or ancillary jurisdiction over this cross-claim because the Court already has jurisdiction over Petitioners' Rule 14(c) Complaint and the numerous complaints asserted against Third-Party Plaintiffs.

8.     This Court also has original jurisdiction over Dril-Quip's cross-claim pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction) and 43 U.S.C. § 1349(b) (OCLSA).

9.     Venue for this cross-claim is proper pursuant to the rules governing cross-claims against co-parties and 28 U.S.C. § 1391(b)(2).

## FACTS

10.     In the numerous complaints asserted against Third-Party Plaintiffs, Plaintiffs/ Claimants have sought to hold the Third Party Plaintiffs liable for financial injuries Plaintiffs/Claimants allegedly suffered as a result of the Deepwater Horizon explosion and fire and/or the resulting oil spill.  Subsequently, Third-Party Plaintiffs filed their Rule 14(c) Third-Party Complaint tendering Dril-Quip to the Plaintiffs/Claimants.

11.     When the Deepwater Horizon explosion occurred on April 20, 2010, Third Party Plaintiffs were the owners and/or operators of the rig. In addition to providing the Deepwater Horizon itself, Third Party Plaintiffs also conducted, participated in, supervised, and/or oversaw drilling activities, made or participated in critical decisions regarding same, had personnel and equipment on the Deepwater Horizon, and were otherwise directly involved in the Deepwater Horizon's drilling operations at the Macondo well.

12.     Third Party Plaintiffs breached their duty of reasonable care in conducting, participating in, supervising, and overseeing drilling operations on the Deepwater Horizon. Third Party Plaintiffs failed to take reasonable steps to ensure that the drilling operations conducted on April 20, 2010 were done in a reasonably safe manner, and failed to mitigate the risk of blowout and oil spill that led to Plaintiffs'/Claimants' alleged damages.   Third-Party Plaintiffs' negligence caused, in whole or in part, the blowout and the subsequent oil spill.

## COUNT I
### (Cross-claim for Contribution Against Third Party Plaintiffs)

13.     Dril-Quip denies that it is liable for any damages alleged by Plaintiffs/Claimants in the numerous complaints asserted against Third-Party Plaintiffs or for any damages alleged as a result of the Rule 14(c) Third Party Complaint.

14.     The alleged damages were caused, in whole or in part, by the conduct of Third Party Plaintiffs as alleged above.  As such, the Third Party Plaintiffs are or may be liable to Dril-Quip for all or part of the claims asserted against Dril-Quip.

15.     To the extent that Dril-Quip is found liable for any part of the alleged damages, Dril-Quip has a right to contribution from other parties found liable, including Third Party Plaintiffs, to the extent of those parties' adjudicated proportion of liability.

## PRAYER FOR RELIEF

WHEREFORE, in the event that Dril-Quip's Motion to Dismiss Third-Party Complaint is not granted, Dril-Quip requests a declaration that if Dril-Quip is found liable for any portion of damages alleged in the numerous complaints asserted against Third-Party Plaintiffs and/or pursuant to the Rule 14(c) Third-Party Complaint, and Dril-Quip pays more than its adjudicated

share of liability, Dril-Quip is entitled to contribution from Third-Party Plaintiffs to the extent of their proportionate adjudicated shares of liability.

Dated:  April 20, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY: /s/ C. Dennis Barrow, Jr._____
      Don Jackson
      Texas Bar No. 10476000
      Fed ID No. 6915
      C. Dennis Barrow, Jr.
      Texas Bar No. 00796169
      Fed ID No. 20624
      America Tower
      2929 Allen Parkway, 42nd Floor
      Houston, TX 77019
      Phone :  (713) 659-6400
      Fax    :  (713) 659-6262

*Attorneys for Defendant, Dril-Quip, Inc.*

## CERTIFICATE OF SERVICE

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of April, 2011.

/s/ C. Dennis Barrow, Jr._____
C. Dennis Barrow, Jr.