UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL NO. 2179<br><br>SECTION:  J |
| This Document Relates to: | § § | JUDGE BARBIER |
| In Re: The Complaint and Petition of Triton Asset Leasing GmbH, et al. Civil Action No. 10-2771 | § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ON CLAIMANTS', 30 DEGREE BLUE, LLC, ET AL., OBJECTIONS TO JURISDICTION AND VENUE AND TO ENFORCEMENT OF MONITION, AND RESERVATION OF RIGHTS**

COME NOW Claimants, 30 Degree Blue, LLC, et al., by and through undersigned counsel, and submit their Memorandum in Support of Motion for Order on Claimants', 30 Degree Blue, LLC, et al., Objections to Jurisdiction and Venue and to Enforcement of Monition, and Reservation of Rights, as follows:

**Basis of the Motion**: Claims brought pursuant to OPA 90, and/or under the statutory or common law of any State imposing liability, obligations or requirements on any person for the discharge of oil or other pollution by oil within such State are not subject to the Shipowner's Limitation of Liability Act of 1851 ("the Limitation Act"), 46 U.S.C. app. §§ 181-96 (presently codified as 46 U.S.C. §§30501-30512) and the concursus of claims under Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"). See *Bouchard Transportation Company, Inc., v. Updegraff*, 147 F.3d 1344 (11th Cir. 1998). See also *MetLife Capital Corp. M/V EMILY S.*, 132 F.3d 818 (1st Cir. 1997).

I.   OPA 90 Claims Are Not Subject to Limitation in Admiralty.

In *Bouchard*, the court reasoned that OPA 90 Claims are not subject to the Limitation Act

or Rule F because (1) such claims do not face a limited fund, and (2) there is no need to bring all of the claimants into a single proceeding to make a pro rata distribution because every claim will be paid in full, and (3) unlike the Limitation Act, Congress has specifically set forth procedures to implement the strictures of OPA 90, and (4) unlike the Limitations Act, OPA 90 can accomplish its statutory goal without the assistance of Rule F, and (5) there are irreconcilable conflicts between OPA 90 and the Limitation Act as implemented by Rule F that would render the procedural, jurisdictional and venue provisions of OPA 90 meaningless.  The *Bouchard* court expressed its reasoning as follows:

> OPA 90 claimants do not face a limited fund because OPA 90 uses the Oil Spill Liability Trust Fund (Fund) to ensure that every claim made pursuant to OPA 90 will be paid in full.  26 U.S.C. § 9509; 33 U.S.C. § 2712, 2713.  Although OPA 90 limits the liability of the Owners for certain costs and damages arising from the oil spill in this case to $1,200 per gross ton, the Fund backstops the Owners' limited liability and ensures that every valid claim will be paid in full.[fn8] Accordingly, while OPA 90 is a limitation statute in some sense (i.e., it limits the ship owner's liability), it is not a limitation statute in the relevant sense — it does not limit the total amount of money that can be recovered by the claimants in this case.  There is no need to bring all of the claimants into a single proceeding to make a pro rata distribution because every claim will be paid in full.

*Brouchard* at 1350; and

> …OPA 90 is not subject to Rule F because, whereas the Limitation Act was enacted without procedural mechanisms, Congress expressly set forth procedures for implementing OPA 90 (citing *MetLife Capital Corporation v. M/V EMILY S.*, 132 F.3d 818, 824 (1st Cir. 1997).

*Id*; and

> This conclusion is supported by principles of statutory construction.  Comparing the OPA 90 statutory procedures with the Rule F procedures reveals two largely conflicting frameworks for resolving OPA 90 claims.  For example, OPA 90 gives claimants three years to bring claims against a responsible party.  33 U.S.C. § 2717(f).  OPA 90 also requires that claimants first present their claims to the responsible party, and then, if a claim is not settled within the requisite period of time, the claimant may proceed in court.  33 U.S.C. § 2713(a), (c).  In some instances, claimants may proceed directly to the OPA Fund and then subrogate to the United States the claims against the responsible party.  33 U.S.C. § 2715.  If OPA 90 claims were subject to Rule F, every claim (including claims subrogated to the United States) would have to be brought within the period announced by the district court in the notice sent to potential claimants, which was

2

> 60 days in this case.  Subjecting OPA 90 claims to Rule F effectively would allow ship owners to opt out of the Congressionally mandated procedures for resolving OPA 90 claims.  Additionally, the venue provisions of OPA 90 permit claimants to proceed "in any district in which the discharge or injury or damages occurred, or in which the defendant resides, may be found, has its principal office, or has appointed an agent for service of process." 33 U.S.C. § 2717(b).  The injunction issued by the district court in a Rule F proceeding would require OPA 90 claimants to proceed only in the district court chosen by the vessel owners, and the process envisioned by OPA 90's jurisdiction and venue provisions would be rendered meaningless.  Similarly, OPA 90 grants jurisdiction to state courts to hear claims arising thereunder.  33 U.S.C. § 2717(c).  This grant of concurrent jurisdiction would be rendered meaningless if OPA 90 claims were subject to Rule F because Rule F complaints must be filed in federal court. *MetLife*, 132 F. 3d at 822.

*Id*. at 1350, 51; and

> In resolving the conflict between the Rule F procedures and the OPA 90 procedures, a fundamental principle of statutory construction requires that we apply the more specific procedures. *San Pedro v. United States*, 79 F.3d 1065, 1069 (11th Cir.) ("We therefore follow the principle, upheld by the Supreme Court on numerous occasions, that a specific statute takes precedence over a more general one."), cert. denied, ___ U.S. ___, 117 S. Ct. 431 (1996).  Furthermore, we avoid statutory constructions that render provisions meaningless. *Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 970-71 (5th Cir. Apr. 1981).

*Id*. at 1351; and

> Consistent with these principles of statutory construction, OPA 90 claims must be resolved pursuant to the procedures contained in that statute, rather than replacing those procedures with Rule F.

*Id*.

While OPA 90 specifically provides (33 U.S.C. § 2718 (c)) that it supersedes the Limitation Act, a host of cases have determined that application of the Limitation Act has been superseded by other legislation that, although making no reference to the Limitation Act, supersedes it because the Limitations Act is in irreconcilable conflict with, and frustrates the remedial nature of, these other enactments.  See *The Glacier Ba*y, 944 F.2d 577 (9th Cir. 1991) (implied repeal of Limitation Act by Trans-Alaska Pipeline Authorization Act); *Tug Allie-B,* 273 F.3d 936 (11th Cir. 2001) (inapplicability of the Limitation Act to incidents covered under the

3

Park System Resource Protection Act); *United States v. E.F. Industries, Inc.*, 542 F.Supp. 952 (D. Minn. 1982) (Limitation Act superseded by the Clean Water Act); *Southern Scrap v. ABC*, 541 F.3d 584 (5th Cir. 2008) (Limitation Act inapplicable to proceedings brought under the Wreck Act).

    II.    Claims under State statutory and common law imposing liability for the discharge of oil or other pollution by oil within such State are expressly exempted by OPA from the Limitation Act.  See 33 U.S.C. § 2718 (a) and (c), and *Brouchard* at 1352.  The State law under consideration in *Brouchard* was the Florida Pollution Discharge Prevention and Control Act, Fla. Stat. ch. 376.011-.17, 376.19-.21 ("the Florida Act").  In *Brouchard*, the 11th Circuit observed that:

> OPA 90 authorizes states to adopt liability laws for oil spills and exempts those laws from the provisions of the Liability Act. 33 U.S.C. § 2718. Accordingly, the Florida Act is neither subject to the Limitation Act's provisions nor otherwise preempted.  We will not impose Rule F on the Florida Act because, like OPA 90 claimants, Florida Act claimants do not face a limited fund.  The Florida Act establishes the Florida Coastal Protection Trust Fund (Florida Fund) to ensure that all claims are paid in full despite the limitation of liability enjoyed by responsible parties (citing Fla. Stats. ch. 376.11).

*Id*. at 1352.

    OPA 90 does not condition its exemption of State laws from the Liability Act on the existence of a "back-up fund" to pay claims.  The relevant portions of OPA 90 exempting State law claims from limitation in Admiralty are found in 33 U.S.C. § 2718 and read as follows:

>     (a)  Preservation of State authorities; Solid Waste Disposal Act – Nothing in this Act or the Act of March 3, 1851, shall –
>
>     (1) affect or be construed or interpreted as preempting, the authority of any State or political subdivision thereof from imposing any additional liability or requirements with respect to –
>
>     (A) the discharge of oil or other pollution by oil within the State; or
> …

4

(2) affect or be construed or interpreted to affect or modify in any way the obligations or the liabilities of any person under… State law, **including common law** (emphasis supplied).

…

(c) Additional requirements and liabilities; penalties –
Nothing in this Act, the Act of March 3, 1851, (46 U.S.C. 183 et seq.), or Section 9509 of title 26, shall in any way affect, or be construed to affect, the authority of the United States or any State or political subdivision thereof -

(1) to impose additional liability or additional requirements;

…

relating to the discharge, or substantial threat of a discharge, of oil.

The "*REFERENCES IN TEXT*" portion of the above statute identifies the "Act of March 3, 1851", which is expressly superseded by State statutory and common law, as the Limitation Act:

Act of March 3, 1851, referred to in subsecs. (a) and (c), is act Mar. 3, 1851, ch. 43, 9 Stat. 635, which was incorporated into the Revised Statutes as R.S. §§4282, 4283, 4284 to 4287 and 4289, and was classified to sections 182, 183, and 184 to 188 of Title 46, Appendix, Shipping, prior to being repealed and restated in chapter 305 of Title 46, Shipping, by Pub. L. 109–304, §§6(c), 19, Oct. 6, 2006, 120 Stat. 1509, 1710. For disposition of sections of the former Appendix to Title 46, see Disposition Table preceding section 101 of Title 46.

An additional provision of OPA 90 demonstrating preemption of the Limitation Act by State statutory and common law is contained in 33 U.S.C. sec. 2717, as follows:

(c)  State court jurisdiction – A State trial court of competent jurisdiction over claims for … damages, as defined under this Act, may consider claims under this Act or State law and any final judgment of such court (when no longer subject to ordinary forms of review) shall be recognized, valid, and enforceable for all purposes of this Act.

It is clear that claims arising under OPA 90 and State statutory and common law imposing liability for oil pollution are expressly exempted from the Limitation Act and Rule F.

As Judge Starke observed in his Memorandum Opinion dated March 15, 2011, in *St. Joe Company v. Transocean Offshore Deepwater Drilling, Inc., et al*., case number 1:10-cv-968-

LPS, (D. Del 2011), even prior to OPA 90, State laws regarding oil spill damages were not preempted by Federal law.  Judge Starke's opinion states:

> In *Askew v. American Waterways Operators, Inc*., 411 U.S. 325, 328 (1973), a pre-OPA opinion, the Supreme Court held that a Florida statutory scheme regarding oil spill damages was not preempted by federal law. The Court explained:
>
>> One can read the history of the Admiralty Extension Act without finding any clear indication that Congress intended that sea-to-shore injuries be exclusively triable in the federal courts….
>>
>> [S]ea-to-shore pollution - historically within the reach of the police power of the States - is not silently taken away from the States by the Admiralty Extension Act, which does not purport to supply the exclusive remedy….
>>
>> ….But we decline to…oust state law from any situation involving shoreside injuries by ships on navigable waters. The Admiralty Extension Act does not pre-empt state law in those situations.
>
> *Id.* at 341-44.  Askew makes clear that, prior to OPA, state law was applicable to sea-to-shore pollution.  OPA's saving clauses preserve this conclusion even following enactment of OPA.

*St. Joe* at 16-17.

Claimants' claims under OPA 90 and State statutory and common law for damages resulting from the discharge of oil or other pollution by oil are not subject to the Limitation Act or Rule F, and the court should enter an order exempting such claims from the procedures under Rule F and the concursus in these proceedings.

                                                  Respectfully Submitted:

Samuel T. Adams
Post Office Box 191
460 Grace Avenue
Panama City, Florida 32402-0191
(850) 785-3469 - telephone
(850) 640-1562 - facsimile
Florida Bar No. 160184
tom@samueltadams.com

Professor P. Tim Howard
Howard & Associates,
Attorneys at Law, P.A.
8511 Bull Headley Road, Suite 405
Tallahassee, Florida 32312
(850) 298-4455 - telephone
(850) 216-2537 - facsimile
Florida Bar No. 655325
ptim@aol.com

| | |
|---|---|
| Douglas S. Lyons<br>Lyons and Farrar, P.A.<br>325 North Calhoun Street<br>Tallahassee, Florida 32301<br>(850) 222-8811 - telephone<br>(850) 222-5583 - facsimile<br>Florida Bar No. 128277<br>doug.lyons@lyonsandfarrar.com | Daniel E. Becnel, Jr.<br>Becnel Law Firm, L.L.C.<br>Post Office Drawer H<br>106 West 7th Street<br>Reserve, LA 70084<br>(985) 536-1186 - telephone<br>(985) 536-6445 - facsimile<br>Louisiana Bar No. 2926<br>dbecnel@becnellaw.com |
| Joe R. Whatley, Jr.<br>Whatley, Drake, & Kallas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>(205) 328-9576 - telephone<br>(208) 328-9669 - facsimile<br>Texas Bar No. 24003554<br>Alabama Bar No. ASB1222Y69J<br>jwhatley@wdklaw.com | Carroll H. Ingram<br>2901 Arlington Loop<br>Post Office Box 15039<br>Hattiesburg, Mississippi 39404-5039<br>(601) 261-1385 - telephone<br>(601) 261-1393 - facsimile<br>Mississippi Bar No. 3023<br>carroll@ingramlawyers.com |

ATTORNEYS FOR CLAIMANTS

by: _____/S/_____
Samuel T. Adams

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Memorandum in Support of Motion for Order on Claimants', 30 Degree Blue, LLC, et al., Objections to Jurisdiction and Venue and to Enforcement of Monition, and Reservation of Rights has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of April, 2011.

_____/S/_____
Samuel T. Adams