UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br>*All Cases* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

### MOTION FOR LEAVE TO SUPPLEMENT OMNIBUS MEMORANDA IN OPPOSITION TO THE CAMERON MOTIONS TO DISMISS (WITH INCORPORATED MOTION TO FILE EXHIBITS UNDER SEAL)

**NOW INTO COURT,** come Plaintiffs, by and through Liaison Counsel, and respectfully seek leave to supplement their Omnibus Response Memorandum to Cameron's Motions to Dismiss Bundle A Claims [Doc 1612] and Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss Bundle B1 First Amended Master Complaint, Cross-Claim, and Third-Party Complaint [Doc 1822] (together, the "Omnibus Memoranda"), with three proposed Exhibits to be filed under seal, for the reasons that follow:

**MAY IT PLEASE THE COURT:**

Plaintiffs allege that general maritime law is applicable to their claims against all defendants in this case, including defendant Cameron International Corporation ("Cameron"). Applying the conditions outlined by the Fifth Circuit Court of Appeals in *Union Tex. Petroleum Corp. v. PLT Eng'g. Inc.,* 895 F.2d 1043, 1047 (5th Cir. 1990), Plaintiffs demonstrate in their Omnibus Memoranda that the *Deepwater Horizon* was not

an OCSLA "situs," and that federal maritime law applies of its own force because the *Deepwater Horizon* was a vessel in navigation engaged in traditional maritime activities at the time of the disaster.[1] (Cameron, by contrast, takes the position that Louisiana Law applies exclusively as "surrogate federal law" under OCSLA, arguing that the *Deepwater Horizon* was not engaged in maritime activities.[2])

During review of the documents produced by Cameron, Plaintiffs have identified what they believe to be the Purchase Order for the Blowout Preventer (the "BOP") used by the *Deepwater Horizon* at the time of the April 20, 2010 blowout,[3] as well as a Master Service Agreement between Cameron and Transocean,[4] which both invoke application of General Maritime Law.[5]

While such choice-of-law provisions are admittedly not dispositive,[6] Cameron's choice of maritime law as governing its contracts with the owner of the *Deepwater Horizon* evidence an understanding, expectation and intent that the BOP would be used in connection with traditional maritime activities and in a locale where general maritime law

---

[1] *See* DOC 1612, pp. 2-11; DOC 1822, pp. 23-29.

[2] *See* DOC 1154-1, pp. 14-16; DOC 1395-1, pp. 19-21.

[3] Plaintiffs believe that the BOP was purchased pursuant to Purchase Order No. 087-002101, issued on July 21, 1999, from Cooper-Cameron Corporation by R & B Falcon Drilling Co. ("Falcon") [EXHIBIT 1], the company that commissioned the *Deepwater Horizon* before its 2001 merger with Transocean. Plaintiffs believe that the Purchase Order was issued subject to Terms and Conditions [EXHIBIT 2].

[4] EXHIBIT 3. Because Cameron produced the Purchase Order, the Terms and Conditions, and the Master Service Agreement in response to Plaintiffs' discovery requests, they are sufficiently authenticated. *See McConathy v. Pepper/Seven Up Corp.,* 131 F.3d 558, 562 (5th Cir. 1998).

[5] *See* EXHIBIT 2 [Terms and Conditions, ¶1]; EXHIBIT 3 [Master Service Agreement, ¶18].

[6] *See e.g., Alleman v. Omni Energy Servs. Corp.,* 580 F.3d 280, 283 n.5 (5th Cir. 2009): *Texaco Exploration and Prod., Inc. v. AmClyde Engineered Prods. Co., Inc.*, 448 F.3d 760, 772 n.8 (5th Cir. 2006).

2

applies.[7] Such understanding, expectation and intent undermine Cameron's current argument for litigation purposes that the *Deepwater Horizon* was an OCSLA situs, and directly contradicts its assertion that deepwater oil and gas exploration conducted from a vessel in navigation have no substantial relationship to traditional maritime activity.[8]

Because the Purchase Order, Terms and Conditions, and Master Service Agreement have all been designated "CONFIDENTIAL ACCESS RESTRICTED" by Cameron, Plaintiffs respectfully request that leave be granted to file these Exhibits under seal.

This 25th day of April, 2011.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel MDL 2179* | *Plaintiffs' Liaison Counsel MDL 2179* |

---

[7] The Purchase Order required Cameron personnel to provide services on the *Deepwater Horizon* at the time of BOP installation if requested by Falcon. "If the system is not tested and commissioned to [Falcon's] satisfaction prior to mobilization[,] the vendor will provide qualified servicemen onboard the rig during the mobilization. Qualified servicemen to be provided from the first well through the first string of casing after the BOP has been run." EXHIBIT 1, p.34.

[8] Notably, Transocean takes the position that the B1 claims arose out of the activities of a vessel operating in navigable waters and that all claims arising from those activities are subject to the Court's admiralty jurisdiction and accompanying federal maritime law [Doc 1390-1, pp. 37, 39].

## PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 25th day of April, 2011.

                                                    /s/ Stephen J Herman and James Parkerson Roy