UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL No. 2179 |
| This Document Applies to: ALL CASES AND CAUSE NO. 2:10-CV-02771 (IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY) | § § § § § § § § § | SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES INC.'S
RESPONSE BRIEF IN SUPPORT OF A PROPOSED TRIAL PLAN**

Halliburton Energy Services, Inc. ("HESI") files this Response Brief in Support of a Proposed Trial Plan and incorporates by reference its Brief in Support of a Proposed Trial Plan filed on April 13, 1011 ("Opening Brief") (Doc. No. 1953).

### Introduction

On April 20, 2011, Special Master McGovern, in a meeting with Magistrate Judge Shushan and counsel, outlined several key issues that impact the scope of the limitation trial, all of which counsel in favor of a phased proceeding as discussed more fully below. First and foremost, the trial must be manageable. This is best achieved through phasing. Additionally, the issues for the February 2012 trial should be issues to be tried to the judge, with the understanding that Judge Barbier has indicated that he wants to try to the bench everything he can. Before issues can be tried, however, they must be the subject of proper discovery. The current state of discovery supports the conclusion that the only portion of the case that will be fully discovered in time for the February 2012 trial is the "event phase," which focuses on the personal injury,

wrongful death, and property damage claims associated with the explosion and fire aboard the *DEEPWATER HORIZON* and her subsequent sinking. Finally, the trial process should be undertaken in a way that limits interlocutory appeals that could delay the trial process.

## HESI's Position

HESI is in general agreement with other parties that, in line with the basic concepts outlined by Special Master McGovern, the trial of this exceedingly complex admiralty case should be conducted in a phased but unified proceeding. In other words, the trial commencing in February 2012 will be the beginning of a single admiralty proceeding that should be divided into multiple phases to allow for necessary fact and expert discovery as well as trial preparation.

HESI also is in general agreement with the concepts set out in the BP Defendants' Memorandum in Response to the trial plans filed by other parties (expected to be filed on the same date as this Response Brief). However, HESI continues to disagree with the following key features of BP's proposed plan:

- HESI disagrees that a single fault allocation is appropriate for the entire scope of this multi-faceted admiralty proceeding; and

- HESI disagrees with the inclusion of the language "initiation of an uncontrolled flow of oil" in any plan for the first phase of trial in this proceeding.

As discussed more fully in HESI's Opening Brief, the application of a single fault allocation fails to recognize the factual particularities of the claims involved in this litigation because the personal injury, wrongful death, and property loss claims associated directly with the fire and explosion on, and subsequent sinking of, the *DEEPWATER HORIZON* are significantly different from economic loss claims arising from the effects of the spill itself. Separate fault allocations are also necessitated in this case due to the nature of the Transocean Defendants' defenses. (*See* Opening Brief, ¶¶ 4-8). Further, the initiation of the uncontrolled flow of oil does

not logically fit within the first phase of the trial, though HESI acknowledges that this is an issue that will require Court resolution. Rather, the initiation of the oil flow more logically relates to the economic loss claims, source control, and flow rate, all of which should be addressed in later phases of the trial. (*See* Opening Brief, ¶¶ 9-11).

However, HESI does agree with BP's position, and the position most parties will likely take, that these issues need not be addressed at this time. Rather, by conducting the trial as a single, unified, phased proceeding, this Court can later determine whether one or more liability allocations are appropriate and can receive evidence on issues that have been properly discovered without imposing an artificial cut-off date.[1] In support of its position, HESI offers the following statements regarding the phasing of the trial.

## I. PHASE ONE OF THE TRIAL SHOULD FOCUS ON THE "EVENT PHASE"

One of the issues highlighted by Special Master McGovern during the April 20, 2011 trial planning conference was manageability of the trial. As BP explains in its briefing, this case involves many complex issues, parties, witnesses, experts, and documents. Moreover, discovery is ongoing, and it has yet to begin on many issues. The only way to efficiently manage the proceeding is through phasing.

Before issues can be tried, they must be the focus of proper discovery. Given the discovery completed to date and the discovery scheduled to be undertaken prior to the commencement of the February 2012 trial, the only portion of the case that will be ready for trial is the "event phase" consisting of the personal injury, wrongful death, and property damage

---

[1] BP's allegation that HESI supports an April 20 cut-off date for Phase-One trial issues is not accurate. HESI proposes a trial of all personal injury, wrongful death, and property damage claims arising directly from the explosion and fire aboard the *DEEPWATER HORIZON* as well as property damage claims arising from her sinking. These claims necessarily extend beyond April 20. HESI's departure from BP's proposed plan, opposing inclusion of the initiation of an uncontrolled flow of oil, is based more on logical connection than a date certain.

claims associated with the explosion and fire on, and sinking of, the *DEEPWATER HORIZON*. Thus, HESI proposes limiting the scope of the first phase of the trial to these issues as set out more fully in its Opening Brief.

Although HESI believes that the trial should proceed in phases, phasing should not unduly delay the resolution of the matter. HESI therefore proposes the following trial schedule, fully recognizing that actual trial scheduling is an issue to be decided by the Court:[2]

- Phase 1: Event Phase – February 27, 2012 – June 2012

- Break for additional discovery and trial preparation – July 1, 2012 – October 31, 2012

- Phase 2: Source Control/Cap and Contain/Spread of the Oil – November 1, 2012 – January 31, 2013

- Break for additional discovery and trial preparation – February 1, 2013 – April 30, 2013

- Phase 3: Amount of Oil that Flowed – May 1, 2013 – July 31, 2013

- Break for additional discovery and trial preparation – August 1, 2013 – October 31, 2013

- Phase 4: Damages – Begin November 2013

## II.   ADDITIONAL PROCEDURAL ISSUES

HESI acknowledges that there may be witnesses who have testimony that is relevant to more than one phase of the trial. In such circumstances, whether such witnesses will be required to testify in multiple phases of the trial, or allowed to give the full breadth of their testimony in a single phase, should be handled on a case-by-case basis. For example, if the witness has testimony that is relevant to Phase 1, but only has a few facts relevant to relief efforts in Phase 2, the witness should be allowed to testify once in Phase 1 to avoid inconvenience. But if the witness is key to two separate phases, one of which has not yet been fully discovered and is not

---

[2] HESI also recognizes that it is possible to compress this proposed trial schedule. For example, proposed Phase-Three (the amount of oil that flowed) could potentially be combined into Phase-Two assuming proper periods for discovery and trial preparation are also incorporated.

ready for trial, the witness should be called a second time to allow all parties an opportunity to properly cross-examine the witness.  HESI is confident the Court has the requisite tools at hand to efficiently manage such situations.

During the April 20 conference, Special Master McGovern also asked the parties to express their opinions regarding the need for Court guidance on legal issues, with the recognition that the Court would like to minimize interlocutory appeals that could delay the trial process.  HESI respectfully requests that Judge Barbier provide the parties some indication of his current intent regarding key legal issues (i.e., applicable law, OPA preemption) without committing himself to an order/formal ruling.  This would enable the parties to more efficiently focus their trial preparation efforts and legal briefing.

## CONCLUSION

For the reasons set forth herein and its Opening Brief, HESI asks this Court to approve and implement the trial plan proposed by HESI and attached to its Opening Brief as Exhibit A.

Dated:  April 26, 2011

**Respectfully submitted**

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com

Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVSternberg@GodwinRonquillo.com
Misty A. Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2011 a copy of the foregoing Halliburton Energy Services, Inc.'s Response Brief in Support of a Proposed Trial Plan was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin