1300 Eye Street, NW, Suite 900
Washington, DC 20005
+1 202 682 7000 tel
+1 202 857 0940 fax

**Weil, Gotshal & Manges LLP**

Michael J. Lyle
Direct Line: 202-682-7157
michael.lyle@weil.com

April 26, 2011

VIA CM/ECF

The Honorable Carl J. Barbier
United States District Judge
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street
Room C-256
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 (MDL No. 2179)

Dear Judge Barbier:

Pursuant to Magistrate Judge Shushan's direction during last Wednesday's conference with Special Master McGovern and Liaison Counsel in her chambers, we write on behalf of our clients SEACOR Holdings, Inc. ("Seacor"), O'Brien's Response Management, Inc. ("O'Brien's"), and National Response Corporation ("NRC"), and also as Liaison Counsel for the responder defendants, to address two issues of particular concern for the emergency and clean-up responders (defendants in the "B4" and "B3" Pleading Bundles, respectively) related to the planning for the February 2012 trial.

First, Seacor and other emergency responders (defendants in the "B4" Pleading Bundle)[1] respectfully suggest that an appropriate motion/discovery schedule be established for the claims that have been filed against them in their respective limitation of liability actions. Such a schedule would allow the issue of whether the emergency responders are entitled to exoneration and/or limitation of liability to be part of the initial phase/segment of the February 2012 trial (in the event the claims against the emergency responders are not resolved by motion practice).

Second, O'Brien's, NRC, and other clean-up responders (defendants in the "B3" Pleading Bundle)[2] endorse one of the concepts discussed during last Wednesday's conference with Magistrate Judge Shushan and Special Master McGovern, namely the idea of tying discovery to the phases/segments of the February 2012 trial. To the extent that a discrete phase/segment of the February 2012 trial will address clean-up related issues, then the clean-up responders suggest establishing a separate discovery

---

[1] The following emergency responders also join in Part I of this submission: Monica Ann, L.L.C., JNB Operating, L.L.C., Gulf Offshore Logistics, L.L.C., Nautical Solutions, LLC, and Island Ventures II, LLC.

[2] The following clean-up responders also join in Part II of this submission: Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, and Lynden.

The Honorable Carl J. Barbier  
United States District Judge  
April 26, 2011  
Page 2

**Weil, Gotshal & Manges LLP**

period for clean-up related issues, and respectfully request that the Court direct that, as part of any clean-up discovery period, the clean-up responders (and other interested parties) will be permitted to re-depose event/casualty/well-control witnesses who may also have knowledge relevant to the clean-up issues.

### I.   Claims Against Emergency Responders ("B4" Pleading Bundle)

In response to the class action complaint in *Robin v. Seacor Marine LLC, et al.*, No. 2:10-cv-01986 (E.D. La. filed July 14, 2010), six separate limitation of liability actions were filed on behalf of various emergency response vessels that rushed to the Deepwater Horizon after it exploded and was consumed with fire to try to rescue the rig's crew and contribute, if possible, to efforts to save the rig from total destruction.[3] The Court set a monition date in each of the emergency responder limitation actions for April 20, 2011, and approximately seventy-five claimants have filed claims in each action.

In the course of responding to this unprecedented emergency, and while the fate of the missing crewmen was still unknown, several responding vessels (including many whose owners have not been impleaded at present) used their fire-fighting equipment to try to cool the rig by periodically spraying it and its perimeter with water as requested by the on-scene commanders. The claimants in the emergency responder limitation actions allege that the vessels should bear the blame for the sinking of the rig and for the damages which allegedly resulted. Accordingly, in the interest of judicial economy and efficiency, and given what appears to be an emerging consensus that the first phase/segment of the February 2012 trial will likely address questions concerning the cause(s) of the rig's sinking, the emergency responders respectfully suggest that the issue of whether they are entitled to exoneration and/or limitation of liability should also be included in the first phase/segment of the February 2012 trial (in the event the claims against the emergency responders are not resolved by motion practice).

Although the emergency responders have no doubt that sufficient time exists between now and February 2012 to prepare the B4 Pleading Bundle claims for trial, it is imperative that a separate schedule for motion practice and discovery be established for those claims. Therefore, the emergency responders request a conference with the Court or Magistrate Judge Shushan at the Court's earliest convenience in order to establish schedule for briefing on the motion(s) to dismiss that the emergency responders intend to file and any discovery that may be necessary for the B4 Pleading Bundle claims. If those claims are not resolved by motion practice, the emergency responders also suggest that the issue of whether the emergency responders are entitled to exoneration and/or limitation of liability should be included in the first phase/segment of the February 2012 trial.

### II.   Claims Against Clean-Up Responders ("B3" Pleading Bundle)

During last Wednesday's conference with Magistrate Judge Shushan and Special Master McGovern, one of the concepts that was discussed was tying discovery to the phases/segments of the February 2012 trial. The clean-up responders wholeheartedly endorse this concept and respectfully suggest that, to the extent that a discrete phase/segment of the February 2012 trial will address clean-up related issues, a

---

[3] The civil action numbers for these limitation actions are 2:10-cv-03895, 2:10-cv-03896, 2:10-cv-03897, 2:10-cv-04168, 2:10-cv-04169, and 2:11-cv-00058.

The Honorable Carl J. Barbier
United States District Judge
April 26, 2011
Page 3

**Weil, Gotshal & Manges LLP**

separate discovery period for clean-up related issues be established and allowed to proceed while the Court is preparing for and/or actually trying the initial phase(s)/segment(s) of the February 2012 trial.

In their Memorandum Concerning February 2012 Trial (Rec. Doc. 1942), O'Brien's and NRC noted that "the MDL process has traditionally been limited to establishing a centralized forum where related cases are consolidated so that coordinated pretrial discovery can proceed in an efficient and effective manner," *id.* at 6 (quoting Judge Fallon's recent article discussing bellwether trials in multidistrict litigation), and suggested that this MDL Court can faithfully execute its statutory responsibility under 28 U.S.C. § 1407 to ensure the "just and efficient conduct" of "pretrial proceedings" by allowing discovery on issues related to the clean-up operations to proceed on a separate discovery schedule, regardless of how the February 2012 trial is ultimately structured. Other clean-up responders also filed memoranda discussing the importance of allowing clean-up related discovery to proceed in a timely and organized fashion. *See* Marine Spill Response Corporation's Objection to Proposed Trial Plan (Rec. Doc. 1937), at 6 (proposing that "pretrial discovery concerning issues related to the well control and clean-up operations [should] proceed simultaneously with all other discovery"); Dynamic Aviation Group's Memorandum Regarding the Proposed February 2012 Trial Plans (Rec. Doc. 2038), at 9 (proposing that the Court establish "a discovery schedule for the B(3) Bundle plaintiffs and the Responder Defendants" that would allow such discovery to be "conducted and ongoing when earlier phases of the trial are occurring"); Reply Memorandum of International Air Response Regarding the Scope of the February 27, 2012 Trial in This Matter (Rec. Doc. 2072), at 10 (proposing that "B-3 bundle claims [ ] be properly discovered during an 18-month period").

Accordingly, the clean-up responders request a conference with the Court or Magistrate Judge Shushan at the Court's earliest convenience in order to further discuss this concept of tying discovery to the phases/segments of the February 2012 trial. The clean-up responders also respectfully request that the Court direct that, as part of any clean-up discovery period, the clean-up responders (and other interested parties) will be permitted to re-depose event/casualty/well-control witnesses who may also have knowledge relevant to the clean-up issues. Clean-up related issues would then be "off-limits" at any depositions concerning the event/casualty/well-control issues and would be taken up later during the clean-up discovery period. By proceeding in this fashion, the Court could likely dispense with the requirement in Section I.C.2 of Pretrial Order No. 17 (Rec. Doc. 740) that requires a witness's counsel to provide Liaison Counsel with "a brief statement of the witness's involvement, including whether he or she was involved in post-explosion cleanup or response" at least five working days prior to a scheduled deposition, as any discovery on clean-up related topics would be taken later when presumably only those witnesses with knowledge relevant to clean-up related issues would be deposed (or re-deposed). Otherwise, the clean-up responders will likely need to begin approaching the Court on an ad-hoc, case-by-case basis to seek additional time with event/casualty/well-control witnesses who also have knowledge relevant to the clean-up issues.

Very truly yours,

*[signature]*

Michael J. Lyle

The Honorable Carl J. Barbier
United States District Judge
April 26, 2011
Page 4

**Weil, Gotshal & Manges LLP**

cc:   Magistrate Judge Shushan (via e-mail)
      Special Master McGovern (via e-mail)
      All counsel of record (via CM/ECF and LexisNexis File & Serve)