UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

LIAISON COUNSEL MEMORANDUM

PROVIDING REPORT FOR 4/29/11 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on April 29, 2011.

1. **Pre-Trial Orders:**

Since the last status report for the conference on March 25, the Court has entered PTO 34 (Requiring Leave of the Court for Dismissals Without Prejudice).

2. **The Status of the JPML Proceedings:**

Since the last status report on March 21, 2011, the JPML has issued four new Conditional Transfer Orders transferring five additional cases to this Court. To date, a total of seventeen CTOs have been issued. Additionally, on April 18, 2011, the JPML issued three transfer orders resolving motions to transfer and objections to certain CTOs that together transferred a total of

966,559

–1–

nineteen cases to MDL 2179 (including cases related to BP's Vessels of Opportunity Program). The following issues remain undecided.

- An Objection was filed as to one of the cases included in CTO-15. The Panel has set a briefing schedule that extends through May 16, 2011.

- The Panel has not yet acted on four cases that were brought to the Panel's attention as potential tag-along cases on April 22, 2011.[1]

3. **Short-Form Joinders**

More than 74,000 individuals, businesses, and local governmental entities filed short-form joinders by the April 20, 2011 monition date. Additional *pro se* and other Short Forms were postmarked and/or received on or before the April 20, 2011 monition date, and are in the process of being filed in 10-8888 and/or 10-9999.

4. **Status of State-Filed Lawsuits:**

A significant number of new Deepwater Horizon-related lawsuits were filed on or around April 20, 2011, and at least thirty-six such cases are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (two cases); Harris County, Texas (twelve cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana, (one case); Orleans Parish, Louisiana (one case); Plaquemines Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); Terrebonne Parish, Louisiana (one case); Collier County, Florida (one case); Hillsborough County, Florida (one case); Harrison County, Mississippi (one case); New Castle County, Delaware (eight cases); and Gwinnett County, Georgia (one case). These cases include:

---

1   Attached is a chart showing the status of the Conditional Transfer Orders.

- Twenty-three personal injury suits, including (1) twelve suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident, and (2) eleven suits brought by oil spill response workers;

- One breach of contract suit filed by the manufacturer of containment boom;

- Seven lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

- Two suits alleging primarily the breach of a lease of oil spill response equipment;

- One suit filed by Halliburton seeking indemnification from BP for liabilities resulting from the April 20, 2010 incident and resulting oil spill;

- One breach of contract suit by the owner/operator of a vessel participating in the Vessels of Opportunity oil spill response program; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases. Defendant BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court. To that end, BP continues to file cross-notices of depositions noticed in MDL 2179 in appropriate state court litigation.

Seven non-derivative Texas cases remain stayed by the Multidistrict Litigation Panel of Texas pending its decision on BP Exploration & Production Inc.'s motion to transfer those cases to a state-level MDL. On April 4, 2011, BP filed a supplement to its motion to transfer asking

the Texas MDL panel to stay several newly-filed Texas state court cases while it considers BP's transfer motion.

In addition to the thirty-six cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). BP expects such state court litigation to be stayed in favor of MDL 2185, discussed below. State courts in Louisiana, Texas, and Delaware have already entered orders staying the state court derivative litigation in deference to the consolidated federal derivative case in MDL 2185. On January 25, 2011, BP moved to stay the remaining Alaska litigation, and its motion remains pending.

5. **Status of MDL-2185:**

Securities Litigation. Two consolidated amended complaints have been filed; responsive pleadings are due May 6.

Derivative Litigation. A consolidated amended complaint was filed February 4; a motion to dismiss was filed on March 21.

ERISA Litigation. A consolidated amended complaint is due on May 27; responsive pleadings are due July 26.

Discovery Coordination. In all three cases, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice. MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTO 17 and 27. In

some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.  In addition, Judge Ellison held a status conference on April 13 at which discovery issues were discussed.

## 6. Written and Deposition Discovery:

Extensive written discovery and document production is underway.  As of the date of the status conference, 37 depositions will have been taken and as many as 95 depositions have been scheduled for May, June, and July.  There are many days scheduled with two, three, four, five, and even six depositions proceeding simultaneously.  The parties have been meeting with Magistrate Judge Shushan almost every Friday to schedule depositions and discuss pending discovery issues.

## 7. BOP Status:

Pursuant to the Court's Orders of March 25 and April 19, 2011 (with approval of the Protocol and DNV contract), further testing of the BOP is being conducted under the auspices of the Court by DNV at NASA/Michoud.  Responding to testing support requests by DNV and/or by MDL parties, BP has to date to put in place (i) a facilities arrangement with NASA, (ii) an information technology arrangement with KPMG (for publishing test results, etc), and (iii) a logistics and communications support arrangement with Brian O'Connor of the Boxley Group LLC.  BP also will support DNV's efforts through the lift design work of Jake Reidenbach, a BP employee.  Mark Cohen of Cohen, Gorman & Putnam LLP has appeared in the MDL representing DNV

**8. Cement Testing Status:**

Cement testing protocols have been submitted to the Joint Investigative Team. The United States is contracting with an independent laboratory to conduct analysis of the sample.

**9. Motions Set for Oral Argument**

The Court has scheduled a hearing on Defendants' Motions to Dismiss the B1, B3, and D1 Master Complaints following the Status Conference on Thursday, May 26, 2011.

**10  Matter Raised by BP Regarding Certain Purported Dismissals**

Personal injury Plaintiffs, Christopher Choy, Dominique Ussin, Douglas Harold Brown, and Brent Mansfield, each filed Original Petitions in Intervention in *Tracy Kleppinger et al. v. Transocean Offshore Deepwater Drilling, Inc. et al.*, in the District Court of Harris County, Texas, Cause No. 2010-25245 in May 2010. BP Products North America Inc. was the sole BP entity named as a defendant in these petitions. *Kleppinger*, along with its Petitions in Intervention, were timely removed by Cameron International Corporation to the United States District Court for the Southern District of Texas, Dkt. No.1, and were later transferred to MDL 2179 pursuant to Conditional Transfer Order 3 ("CTO-3") and identified as Pleading Bundle A complaints pursuant to Pre-Trial Order 25 ("PTO-25"). Dkt. Nos. 297, 983.

On February 11, 2011, BP Products North America Inc. ("BPPNA") filed answers in MDL 2179 to each of Plaintiffs' Petitions. Dkt. No. 1221 (Brown); Dkt. No. 1224 (Ussin); Dkt. No. 1227 (Choy); Dkt. No. 1230 (Mansfield). However, on March 4, 2011, Plaintiffs filed a Sixth Amended Complaint in which they added BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAPC"), and BP p.l.c. ("BPPLC") as defendants, but did not name BPPNA. Dkt. No. 1522.

On March 22, 2011, Plaintiffs in these cases filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41a(1) as to Certain Defendants, whereby Plaintiffs attempted to voluntarily dismiss their claims against BPXP, BPAPC, and BPPLC, in addition to Anadarko entities, MOEX entities, and Dril-Quip, Inc. Dkt. No. 1713. Plaintiffs did not dismiss their claims in MDL 2179 against the Transocean entities, Triton entities, Halliburton Energy Services, Inc., M-I LLC, Art Catering, Inc., and Cameron.

On April 15, 2011, Plaintiffs filed a lawsuit against BPXP, BPAPC, BPPLC, Anadarko, MOEX, and Weatherford in the District Court of Harris County, Texas, asserting claims essentially identical to the claims in their petitions pending in MDL 2179.

Plaintiffs' attempt to dismiss actions pending in MDL 2179 and re-filing their claims in state court is in direct violation of Fed. R. Civ. P. 41(a)(1)-(2). Rule 41(a)(1) only permits dismissal by a plaintiff acting alone if a notice of the dismissal is filed before the defendant has entered an answer. If, as here, the defendant has filed an answer, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). Plaintiffs' attempt to dismiss the action against BPPNA by dropping BPPNA from the amended complaint contravenes Rule 41. Thus, the actions answered by BPPNA in MDL 2179 are still pending before this Court and Plaintiffs attempt to re-file a nearly identical suit in Texas state court is improper forum shopping. BP respectfully seeks an Order of the Court that the Rule 41 dismissals were not properly taken; therefore, those actions remain on this Court's docket.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of April, 2011.

                /s/ Don K. Haycraft

417652124.