**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
|     "DEEPWATER HORIZON" in the § | | |
|     GULF OF MEXICO, on § | | |
|     APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LOUISIANA'S OPPOSITION TO BP DEFENDANTS' MOTION TO STRIKE**
**LOUISIANA'S STATEMENT OF INTEREST BRIEFING**
**REGARDING ISSUES IN PENDING MOTIONS TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana, by and through its Attorney General, James D. "Buddy" Caldwell (hereinafter "Louisiana" or "the State"), who respectfully files this Opposition to the BP Defendants' Motion to Strike Louisiana's Memorandum of Law in Interest in and Opposition to Defendants' Pending Motions to Dismiss, filed on April 20, 2011.[1] ("Motion to Strike")(Rec. Doc. 2049). Louisiana's Memorandum of Law was contemplated in Louisiana's Statement of Interest as filed on April 5, 2011 and no objection was received at that time. The Memorandum of Law contains substantive briefing regarding particular issues of import to the State and was appropriately filed. Accordingly, the State requests that this Court deny the BP Defendants' Motion to Strike and consider the Memorandum of Law in connection with the issues currently before the Court.

Louisiana filed a Statement of Interest in connection with the pending Motions to Dismiss in an effort to alert the Court to certain potential overlapping and/or disparate State or

---

[1] BP Defendants as identified in the Motion to Strike include: BP p.l.c., BP America Production Company and BP Exploration & Production Inc. (Rec. Doc. 2049)

Government interests raised by the various Motions to Dismiss filed by Defendants in these proceedings.  No Motion to Dismiss is currently pending in the cases filed on behalf of the State of Louisiana. (Case Numbers: 10-cv-3059 and 11-cv-0516).  Although Louisiana initially filed a Complaint in September of 2010 and a second Complaint in March of 2011, which was amended on April 19, 2011, Louisiana's pending Complaints are not currently among the cases which are the subject of these motions.  However, many of the issues presented in the Motions to Dismiss directly implicate State interests, either through the similarity of the claims asserted to those asserted by Louisiana or, alternatively, through the distinction between State and private interests.

      Because of the significance of any legal ruling concerning government interests, and in furtherance of judicial efficiency, Louisiana sought the opportunity to address the Court by submitting briefing to the extent these Motions implicate State claims or otherwise affect government interests.  On April 5, 2011, the State of Louisiana filed its Statement of Interest identifying certain issues in the pending Motions to Dismiss which implicate such government concerns. <u>Statement of Interest on Behalf of the State of Louisiana Regarding Issues in Pending Motions to Dismiss</u>, ("Statement of Interest") filed on April 5, 2011 (Rec. Doc.1874).  In its Statement, Louisiana identified those issues that it would brief to the Court and identified a date of April 18, 2011, on which it would file more substantive briefing related to those matters it identified.  No objection was filed to Louisiana's Statement of Interest.  As per its initial Statement of Interest, the State filed its <u>Memorandum of Law in Interest and in Opposition to Defendants' Pending Motions to Dismiss</u> on April 18, 2011.  ("Memorandum of Law")(Rec. Doc. 1993).  The Memorandum of Law contained extensive briefing on issues of particular

import to the State.  Only after receiving the substantive briefing did the BP Defendants seek to strike Louisiana's filing on these issues.[2]

As explained in Louisiana's initial Statement of Interest, Louisiana's claims fall into what this Court has identified as Public Damage Claims. (titled: "Pleading Bundle C").  Bundle C includes claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties.  Bundle C does not require master complaints; however, there are a number of complaints which are currently the subject of briefing on Motions to Dismiss before this Court, including the Local Government Master Complaint, which generally "include[s] claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenue, property damages, response or restoration costs, and civil penalties."  The Local Government Master Complaint also includes several cases (all styled as the "State of Louisiana") filed by District Attorneys in Louisiana pursuant to specific Louisiana Wildlife Statutes.[3]  *See*, Pretrial Order No. 33 (Amended) (Rec. Doc. 1549).  Because the Motions to Dismiss which are currently the subject of briefing, encompass a multitude of claims, including many against government entities under theories of law relevant to Louisiana's Complaints, including OPA and the laws of several states, the State filed its Memorandum of Law to ensure its interests would be protected.

To the extent the BP Defendants' seek to support the Motion to Strike by directing the Court to the recent Fifth Circuit Order denying Louisiana's Petition for Mandamus, such

---

[2] The BP Defendants' objection to the length of Louisiana's Memorandum of Law, is similarly misplaced. Louisiana's Memorandum of Law addressed certain issues as raised in a number of pending motions (as opposed to responding to a specific motion filed against the State). *See*, Memorandum of Law, p. 9 n.1. As Louisiana is not directly a subject of the pending motions, Louisiana was submitting a Statement of Interest memorandum reacting to varying claims as asserted in a number of motions. Because this memorandum was not a "responsive pleading," as contemplated by Pretrial Order No. 25, the page limit was not applicable to Louisiana's filing.

[3] These cases fall under Title 56 of Louisiana's Revised Statutes and are specifically limited to the recovery of civil penalties for restitution of the value of wildlife and aquatic life, as provided in La. R.S. 56:40.1 *et seq.*

direction is misplaced.  The Fifth Circuit's Order acknowledged this Court's assurances that state sovereignty, including Louisiana's, will not be infringed.  *In re: State of Louisiana* No. 11-30178, 4/11/11 Order, per curiam at 4. (noting that: "The district court has stated on the record that it does not intend to infringe Louisiana's sovereignty.")  To this end, as the Fifth Circuit reasoned, this Court "has exempted Louisiana from certain PTO provisions, and it has indicated that it is open to entertaining future motions regarding the applicability of other PTO provisions." *Id.* As this Court has confirmed: "[e]ach state that files a claim in this litigation has a right to its own representation, and to advance its own claims."  1/28/11 Status Conference Hearing Tr., p. 12.  Consistent with this, Louisiana should be provided with the opportunity to be heard in these matters which have the potential to significantly impact the State's claims.

Louisiana's Memorandum of Law in Interest in and Opposition to certain motions to dismiss covers issues which specifically implicate State claims either because the State's rights and obligations are distinguishable from those of private parties or because the rulings made by this Court have the potential to extend to the State's claims.  Each of these issues was identified in Louisiana's initial Statement of Interest as filed on April 5, 2011.  As such, Defendants' belated Motion to Strike which was filed over 12 days after Louisiana's initial Statement of Interest anticipated the briefing to which BP Defendants now object, should be rejected.[4]

---

[4] Louisiana does not object to the BP Defendants' request for additional time or pages within which to reply but Louisiana cannot speak for others which are the subject of BP's request.

4

Accordingly, Louisiana hereby requests that this Court reject the BP Defendants' Motion to Strike and consider the State's briefing on those issues in which the State has expressed a position.

Dated this 26th day of April, 2011.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner |
| James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708 | Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C. | USRY, WEEKS, &<br>MATTHEWS, APLC |
| /s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | /s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

| | |
|---|---|
| SHOWS, CALI, BERTHELOT & WALSH, LLP | MARTEN LAW, PLLC |
| | /s/ Bradley M. Marten |
| /s/ E. Wade Shows | Bradley M. Marten |
| E. Wade Shows | Linda R. Larson |
| 628 St. Louis Street | 1191 Second Avenue |
| Baton Rouge, LA 70802 | Suite 2200 |
| Telephone: (225) 346-1461 | Seattle, WA 98101 |
| **Special Counsel for Plaintiff** | (206) 292-2600 |
| **Attorney General, State of Louisiana** | **Special Counsel for Plaintiff** |
| | **Attorney General, State of Louisiana** |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to BP Defendants' Motion to Strike Statement of Interest filed by the State of Louisiana Regarding Issues in Pending Motions to Dismiss has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of April, 2011.

                                                    Kanner & Whiteley, L.L.C.

                                                    /s/ Allan Kanner
                                                    Allan Kanner
                                                    a.kanner@kanner-law.com