UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO:<br>2:11-cv-00685-CJB-SS, Khai Nguyen, et al. v. BP America Production Company et al. | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

THE BP DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO SEVER

Defendants BP America Production Company and BP Exploration & Production Inc. (the "BP Defendants") respectfully submit this Response in Opposition to Plaintiffs' Motion to Sever *Khai Nguyen, et al. v. BP America Production Company, et al.*, 2:11-cv-00685-CJB-SS from MDL 2179.

The *Nguyen* action brings claims against the BP Defendants arising from a charter agreement under BP's Vessels of Opportunity ("VoO") Program, which constituted part of the response to the *Deepwater Horizon* oil spill. Plaintiffs filed their action on March 29, 2011, and on March 31, 2011, the Clerk filed Pre-Trial Orders Nos. 1, 12, 24, 25 and 31 on its docket, designating it as a case consolidated with MDL 2179. Plaintiffs ask the Court to sever the *Nguyen* action, claiming that this multidistrict action is limited to "those [actions] which arise out of the actual explosion of the Deepwater Horizon oil rig" and pertain only to the "cause (or causes) of the Deepwater Horizon explosion/fire." Pls. Mot. at 2. Contrary to plaintiffs'

assertions, this MDL is the proper forum for VoO contract actions like *Nguyen* because (1) the Judicial Panel on Multidistrict Litigation ("JPML") included a VoO-related action in its original Transfer Order creating this MDL; (2) this MDL has for months contained issues related to VoO contract disputes, which issues are raised in two individual VoO contract-related cases in this MDL, as well as in the First Amended Master Complaint for Pleading Bundle B1; and, most significantly, (3) the April 18, 2011 Transfer Order from the JPML transferred to this MDL sixteen substantially similar actions based on the VoO charter agreement, thus removing any doubt as to whether the VoO contract actions are properly within this consolidated litigation. Plaintiffs' motion thus fundamentally misapprehends the scope and nature of MDL 2179 and should be denied.

From the very beginning of this MDL, it has included contract disputes arising from BP's spill response efforts -- and specifically cases related to the VoO program. When BP first began the VoO program, the President of the United Commercial Fisherman's Association, Inc. brought an action in the Eastern District of Louisiana (which was assigned to Judge Barbier) to invalidate certain provisions of the Master Charter Agreement. (*Barisch, et al. v. BP p.l.c. et al.*, 2:10-cv-01316-CJB-SS (E.D. La.)) The case was transferred to MDL 2179 in the Panel's initial Transfer Order of August 10, 2010. Following failed efforts to obtain a TRO or preliminary injunction against BP, plaintiff voluntarily dismissed the case after the transfer to MDL 2179 was effectuated.

Moreover, the very same VoO contract formation and breach issues raised in Plaintiff's Complaint have for months been an established part of MDL 2179, having been raised in two

–2–

individual complaints and one Master Complaint within this MDL.  *DiStefano, et al. v. BP America Production Co., et al.*, 2:11-cv-00054-CJB-SS, was filed in the Eastern District of Louisiana on January 11, 2011, and was immediately assigned to Judge Barbier and consolidated with MDL 2179.  In addition, *Warren B. Doussan, Jr. et al. v. BP America Production Company*, 2:11-cv-00408-CJB-SS, was filed in the Eastern District of Louisiana on February 17, 2011, and was also immediately assigned to Judge Barbier and consolidated with MDL 2179.  The *DiStefano* and *Doussan* cases raise the same claims and issues as Plaintiff's Complaint.

On February 9, 2011, the Plaintiffs' Steering Committee filed its "First Amended Master Complaint, Cross-Claim And Third-Party Complaint For Private Economic Losses In According With PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"]" (hereafter "B1 Amended Complaint").  In the B1 Amended Complaint, the PSC identified thirteen "general categories of plaintiffs" whose claims are addressed in the B1 bundle. (B1 Am. Compl. ¶ 209)  Among the "general categories" identified are "[b]oat captains, crew, charterers, workers, and/or volunteers involved in the Vessels of Opportunity program ("VoO program") ***who were not adequately compensated for their work or time in the VoO program*** . . ." (*Id*. ¶ 209(g)) (emphasis added).  The B1 Amended Complaint further alleges:

- "Plaintiff vessel owners who participated in the VoO program entered into Master Vessel Charter Agreements . . . under which Defendant BP chartered their vessels . . ." (*Id.* ¶ 507.)

- "Despite its detention of the VoO vessels through November 26, 2010 and beyond, BP has refused to pay those vessel owners for the period between the initial detoxification

> and the off charter notification during which they were unable to return to their livelihoods." (*Id*. ¶ 514.)•

- "BP has failed to pay VoO vessel owners for the period during which their vessels were inoperable due to vessel damage [due] to oil containment operations, inadequate detoxification, and/or damage due to removal of BP equipment." (*Id*. ¶ 520.)

- "BP breached its duties to Plaintiffs by, *inter alia* . . . failing to properly administer and provide payment for work, time, and/or property damage to those entities and workers participating in the VoO program." (*Id*. ¶ 595(k).)

Plaintiff's claims are thus not only echoed by similar VoO plaintiffs in this MDL, but are themselves already addressed within the B1 Amended Complaint.

Finally, and most significantly, the ***JPML has now transferred sixteen additional VoO contract-related actions to this MDL***, finding that those actions

> involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of these actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these sixteen actions arise from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom.

(April 18, 2011 Transfer Order, Ex. 1 hereto)  The Panel's Order thus directly negates the premise of Plaintiffs' motion to sever, that "this case does not have 'one or more common questions of fact' with the other cases in the Multidistrict Litigation," (Mem. in Support of

Motion to Sever at 2), and establishes that this MDL is the proper forum for VoO contract actions like *Nguyen*.

The presence of the B1 Amended Master Complaint and at least eighteen individual VoO

–4–

contract-related complaints within MDL 2179 establishes that that the very same contract formation and breach issues raised in Plaintiff's Complaint will be the subject of significant discovery and pre-trial proceedings in MDL 2179.  Discovery regarding the claims raised on behalf of these VoO plaintiffs will cover the very same issues regarding contract formation and alleged breach that the Plaintiffs allege in their Complaint.  Further, motion practice in these VoO cases will require interpretation of the same Master Vessel Charter Agreement.  Continued consolidation and coordination of this action with the many VoO contract-related cases pending in MDL 2179 is essential to avoid the possibility of conflicting pretrial rulings, eliminate or reduce duplicative discovery, and conserve the efforts and resources of the parties, their counsel, witnesses, and the judiciary.  *See In re Imagitas, Inc., Drivers' Privacy Prot. Act Litig.*, 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007); *In re National Sec. Agency Telecomms. Records Litig.*, 474 F. Supp. 2d 1355, 1356 (J.P.M.L. 2007).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Sever.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
312-862-2000 (Tel)
312-862-2200 (Fax)

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

**Attorneys for BP America Production Company and BP Exploration & Production Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April, 2011.

/s/ Don K. Haycraft