UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010     MDL No. 2179

TRANSFER ORDER

**Before the Panel:**[*] Defendant BP America Inc. (BP) has moved, pursuant to 28 U.S.C. § 1407(c)(ii), to transfer the sixteen actions listed on Schedule A to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding plaintiffs[1] oppose the two motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of these actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these sixteen actions arise from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

In opposing transfer, responding plaintiffs argue, *inter alia*, that these actions are all contract-based actions involving allegations that defendants breached obligations to charter parties who agreed to allow their vessels to be used, under the so-called "Vessels of Opportunity" (VoO) program, in Deepwater Horizon oil spill clean-up operations. As such, they contend, the actions involve completely different factual issues from the personal injury and economic loss actions in the MDL. Responding plaintiffs further argue that the Panel should not rule on BP's transfer motions until the putative transferor courts have determined whether federal subject matter jurisdiction exists.[2]

---

[*] Judge John G. Heyburn II took no part in the disposition of this matter.

[1] Responding plaintiffs include plaintiff in the one Southern District of Texas action and plaintiffs in thirteen of the fifteen Southern District of Alabama actions (all but *Ladd* and *Brabner*).

[2] All sixteen actions were brought in state court, but each was removed on the grounds that the subject plaintiff's claims arise under the Outer Continental Shelf Lands Act, and that claims "involving federal enclaves like the Outer Continental Shelf inherently arise under federal law." In most of the Southern District of Alabama actions, the presiding judges have issued orders, *sua sponte*, directing the removing defendant to file a memorandum of law setting forth the legal basis for its removal of the action.

EXHIBIT "1"

- 2 -

In these circumstances, we do not find responding plaintiffs' arguments persuasive. VoO-related claims already are being litigated in the centralized proceedings. A VoO contract action[3] quite similar to the sixteen actions here was recently added to the MDL, and an amended complaint was recently filed in the centralized proceedings on behalf of, *inter alia*, "[b]oat captains, crew, charterers, workers, and/or volunteers involved in the [VoO] program who were not adequately compensated for their work or time in the VoO program." The jurisdictional issues that these sixteen actions may pose do not present an impediment to transfer. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (holding that the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending"). Indeed, because those issues appear to be essentially identical from action to action, *see* footnote 2, transfer of the actions prior to resolution of the issues is entirely consistent with a long line of our decisions in which we have cited the prevention of inconsistent pretrial rulings as one of the key benefits of Section 1407 centralization. *See, e.g., In re: Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, and Prod. Liab. Litig.*, 732 F. Supp. 2d 1375, 1376 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

Kathryn H. Vratil
Acting Chairman

David R. Hansen         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.   Barbara S. Jones
Paul G. Barbadoro

---

[3]   *DiStefano, et al. v. BP America Production Co., et al.*, E.D. Louisiana, C.A. No. 2:11-54.

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010            MDL No. 2179

## SCHEDULE A

### Southern District of Alabama

Lane Brabner v. BP America Production Co., Inc., C.A. No. 1:10-692
Jane P. Brooks v. BP America Production Co., Inc., et al., C.A. No. 1:11-33
Joseph Cain v. BP America Production Co., Inc., C.A. No. 1:10-685
Tommy G. Cain v. BP America Production Co., Inc., C.A. No. 1:10-687
Kimberly Johnson v. BP America Production Co., Inc., C.A. No. 1:10-693
Sean Johnson v. BP America Production Co., Inc., C.A. No. 1:10-686
John F. Ladd, Jr. v. BP America Production Co., Inc., C.A. No. 1:10-694
William Clay McClain v. BP America Production Co., Inc., C.A. No. 1:10-689
Somvang Pakhamma v. BP America Production Co., Inc., C.A. No. 1:10-690
Vannalinh Pakhamma v. BP America Production Co., Inc., C.A. No. 1:10-691
Scott Russell v. BP America Production Co., Inc., et al., C.A. No. 1:11-32
David Secor v. BP America Production Co., Inc., C.A. No. 1:10-684
Bradley D. Shivers v. BP America Production Co., Inc., et al., C.A. No. 1:11-34
Bridget Sprinkle v. BP America Production Co., Inc., C.A. No. 1:10-683
William R. Sprinkle v. BP America Production Co., Inc., C.A. No. 1:10-688

### Southern District of Texas

Jesco Construction Corp. of Delaware v. BP America Production Co. Inc., et al.,
    C.A. No. 4:10-4964