UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION:    J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS and most specifically to:  2:10-cv-03168 | |

**PLAINTIFFS' MEMORANDUM
PROVIDING RESPONSE TO DEFENSE LIAISON COUNSEL
MEMORANDUM [Doc #2149] FOR 4/29/11 STATUS CONFERENCE**

Christopher Choy, Dominique Ussin, Douglas Harold Brown, and Brent Mansfield (Plaintiffs) respond to the allegations in Section 10 of Liaison Counsel Memorandum Providing Report For 4/29/11 Status Conference [Doc #2149].

<u>The Reason for the Dismissal and Re-filing</u>

After Plaintiffs filed a state court suit in Texas against certain defendants, Cameron filed a notice of removal, Plaintiffs promptly filed a motion to remand, and the JPML subsequently transferred the case to this Court.  Plaintiffs timely re-filed their motions to remand, which are pending.  Following various governmental investigation findings/testimony, other discovery, and Transocean's Rule 14 tender, Plaintiff needed to add additional parties it did not name originally in its state court suit.  They originally added those parties to the improperly removed federal case.  Almost immediately thereafter, they dismissed the new parties prior to any of them filing an answer.  Plaintiffs re-filed their claims against them in state court.

1

They did so because of theoretical uncertainty about whether a remand would only remand the parties that Plaintiff named originally (as opposed to also the new defendants). If that occurred, Plaintiffs claims against certain defendants would proceed in state court and others in federal court, which is something that is not in the best interests of either Plaintiffs or Defendants.

<u>Stipulation Concerning the Case</u>

Plaintiffs are certain (and were certain at the time they filed the state court suit) that one of the defendants in the pending state court suit will remove the case. Indeed, BP consented to Cameron's original removal and has consistently removed other cases. If that occurs, Plaintiff will agree to the following:

- An order that the Southern District of Texas will enter transferring the case to this Court. The order will indicate that Plaintiffs oppose the transfer but the Court will overrule Plaintiffs' position. It will also state that Plaintiff is not waiving its remand argument by not filing the motion in the Southern District of Texas and that Plaintiff may file the motion in this Court. This plan will avoid waiting for the JPML to transfer the case and burdening the trial court from evaluating a remand motion.

- To the extent that the new defendants' removal arguments are the same as the ones previously briefed, Plaintiffs will file an identical remand motion that they did before in this Court. Alternatively, they would enter a stipulation that their pending remand motion will also relate to the newly added defendants.

- An order consolidating the two cases so all Defendants are in the same suit in this Court.
- While the case is pending in state court and the Southern District of Texas, Plaintiffs will not seek discovery.

Obviously, these stipulations/orders would need to have the consent of the parties. But they are aimed at efficiently getting the case to this Court without burdening the parties, this Court, or the Southern District of Texas. Once here, there can be no dispute that a remand, if that ever occurs, would remand the entire case to state court.

<u>Plaintiff had a Right to File a Notice of Dismissal</u>

BP is wrong that Plaintiff did not have a right to file a Rule 41 dismissal.[1] Plaintiffs only dismissed the new defendants that it had recently added, who had yet to answer, with the exception of BP Products North America (BPPNA), which Plaintiffs omitted when they filed the new complaint. They dismissed BPPNA because BPPNA told Plaintiffs that it was an improper party both verbally and in writing.[2] Indeed, Transocean did not name BPPNA in its Rule 14 tender.

---

[1] The Court entered an order providing that parties filing Rule 41 dismissals must seek of leave of Court. Plaintiffs' notice dismissing certain defendants was filed prior to that order.

[2] For example, in its February 11, 2011 answer to Chris Choy's suit, BPPNA stated that it is not "a proper party to this litigation as it is an entity primarily involved in downstream operations such as crude oil refineries, and transportation and marketing of refined products such as gasoline, and had no employees on the Deepwater Horizon, was not a party to the drilling rig contract with Transocean, and had nothing to do with exploration activity involving the Macondo Well or the April 20, 2010 incident or resulting oil spill."

Apparently, BPPNA believes it is still a Defendant in the suit. That position is perplexing considering that it requested to be dismissed. But even if BPPNA is still in the suit, Plaintiffs still had a right to dismiss defendants that had not answered.

### The PSC's Position

The undersigned conferred with Steve Herman and Jim Roy of the PSC. Steve Herman indicated: "The PSC is unfamiliar with the procedural background and takes no position."

### Conclusion

Plaintiffs (and presumably the Defendants) want to try a single Jones Act/general maritime case. To the extent that the new state court filing is removed and is consolidated with the original case, there will be a single trial either in this Court if the Court denies the remand motion or in state court, if this Court grants it. While Plaintiffs believe that the Court would have had power to remand Plaintiffs claims against the newly added parties to the federal case to state court (along with the original defendants), Plaintiffs tact and their stipulations take all guesswork out of it.[3]

---

[3] BP never conferred with Plaintiffs. Had it done so, Plaintiffs would have communicated the stipulations to BP.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

/s/ *R. Todd Elias*

_____

R. Todd Elias
Federal:            21551
Texas Bar No.:      00787427
Steve Gordon
Texas Bar No. :     08207980
Jeff Seely
Texas Bar No.:      24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:          713-668-9999
Facsimile:          713-668-1980

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Plaintiffs' Memorandum Providing Response Defense Liaison Counsel Memorandum [Doc #2149] For 4/29/11 Status Conference will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 27th day of April, 2011.

/s/ *R. Todd Elias*

_____

R. Todd Elias