UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO:<br>2:11-cv-00823-CJB-SS, *Southeast Recovery Group, L.L.C. v. BP America Inc.* | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

BP AMERICA INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO SEVER

BP America Inc. ("BP") respectfully submits this Response in Opposition to Plaintiff's Motion to Sever *Southeast Recovery Group, L.L.C. v. BP America Inc.*, 2:11-cv-00823-CJB-SS from MDL 2179. Contrary to Plaintiff's assertion in its Motion to Sever, this case was properly included in MDL 2179 and it should remain within this multidistrict litigation.

Plaintiff Southeast Recovery Group, L.L.C. ("Southeast") filed its complaint against BP on April 13, 2011 in the Eastern District of Louisiana, alleging that BP breached an oral contract for services and equipment it was to provide to further the spill response efforts along the Gulf Coast. Specifically, Plaintiff alleged that immediately following the *Deepwater Horizon* oil spill, Plaintiff, at the request of the St. Bernard Parish Sherriff's Office, met with BP to discuss a contract for spill response equipment and services. (Compl. ¶ 7.) Plaintiff alleges the parties ultimately entered into an oral contract under which Plaintiff agreed to provide a helicopter permanently stationed in Hopedale, Louisiana, pilots and mechanics to operate and maintain the

helicopter, computers, and two trailers for use by the pilots and the Sherriff's office. (Compl. ¶¶ 10-12.) In return, Southeast alleges BP agreed to pay certain fees. (Compl. ¶ 9.) Throughout its complaint, Plaintiff acknowledges that the equipment and services it provided were for the Sherriff's Department's use in monitoring and cleaning up the oil spill. Although BP paid the first invoice Plaintiff submitted under its spill response contract, Plaintiff claims BP never paid invoices it sent between June 16, 2010 and November 16, 2010. (Compl. ¶¶ 14-16.) Plaintiff's lawsuit against BP thus seeks payment for the spill response services and equipment it provided BP and the Sherriff's office.

The same day Plaintiff filed suit, the Clerk of Court filed MDL 2179 Pre-Trial Orders Numbers 1, 12, 24, 25, and 31 on the *Southeast* docket, designating the case as consolidated with this MDL. Plaintiff now asks the Court to sever its case from this MDL, claiming this multidistrict action is limited to cases related to the "cause (or causes) of the Deepwater Horizon explosion/fire." (Mem. in Support of Motion to Sever at 2.)

Plaintiff is mistaken about the scope of MDL 2179, which has included lawsuits related to the spill response efforts from its inception, and now includes dozens of such cases -- including approximately twenty cases arising from spill-response contracts. In its initial Transfer Order creating this MDL, the Judicial Panel on Multidistrict Litigation ("JPML") included cases arising from such spill-response contracts. In that order, the JPML transferred to this MDL *Sevin v. BP America, Inc. et al.*, 2:10-cv-01864. In *Sevin*, the plaintiff allegedly entered into a contract with BP under which she agreed to lease her campgrounds and two trailers to BP to house spill response personnel. (Sevin Compl. ¶¶ 7, 9.) In exchange, BP allegedly agreed to pay the plaintiff certain fees. Plaintiff brought suit against BP, claiming BP breached the contract by failing to pay the plaintiff's rental fees. Also in its initial transfer order, the JPML included a

case addressing the Vessels of Opportunity ("VoO") spill response program, *Barisich v. BP PLC et al.*, 2:10-cv--1324-CJB-SS. In *Barisich*, the President of the United Commercial Fisherman's Association, Inc. brought an action in the Eastern District of Louisiana when BP first began the VoO program to invalidate certain provisions of the Master Charter Agreement. Following failed efforts to obtain a TRO or preliminary injunction against BP, plaintiffs voluntarily dismissed the case after the transfer to MDL 2179 was effectuated. The JPML's transfer of the *Sevin* & *Barisich* actions demonstrate that the JPML contemplated at the inception of this multidistrict litigation that MDL 2179 would include lawsuits dealing with contract disputes arising from oil spill response efforts.

Moreover, MDL also now includes a substantial number of individual breach of contract cases arising from the VoO spill response program. Under the VoO Program, BP entered into charter agreements with vessel owners obligating them to charter their boats and provide personal services to perform oil spill clean up work in exchange for a charter fee to be paid by BP. On April 18, 2011, the JPML issued an order transferring 16 additional VoO cases to the MDL, expressly finding in its order that those cases "involve common questions of fact with actions in this litigation previously centralized in the MDL." (April 18, 2011 Transfer Order, Ex. 1 hereto) As a result of the JPML's decision to transfer these spill response-related contract actions to this Court, the overwhelming majority of contract disputes arising from the oil spill response efforts are now included in MDL 2179.

Contrary to Southeast's assertions, this MDL is the proper forum for its breach of contract case. Like Ms. Sevin and many of the VoO case plaintiffs, Southeast alleges that it entered into a contract to provide BP services and equipment for use in its efforts to monitor, contain, and clean up the oil spill, and that BP owes it money under the contract. And, just as

MDL 2179 is the proper forum for *Sevin* and the VoO cases, so too is it the proper forum for Southeast's breach of an oil spill response contract case. Southeast's assertion to the contrary misapprehends the scope and nature of MDL 2179.

The presence of the numerous individual contract-related complaints in MDL 2179 indicates that contract formation and breach issues like those raised in Southeast's complaint will be the subject of significant discovery and pre-trial proceedings in MDL 2179. Continued consolidation and coordination of this action with the many contract-related cases pending in MDL 2179 is appropriate to avoid the possibility of conflicting pretrial rulings, eliminate or reduce duplicative discovery, and conserve the efforts and resources of the parties, their counsel, witnesses, and the judiciary. *See In re Imagitas, Inc., Drivers' Privacy Prot. Act Litig.*, 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007); *In re National Sec. Agency Telecomms. Records Litig.*, 474 F. Supp. 2d 1355, 1356 (J.P.M.L. 2007).

## CONCLUSION

For the foregoing reasons, the Court should deny Southeast's Motion to Sever.

                Respectfully submitted,

                /s/ Don K. Haycraft
                Don K. Haycraft (Bar #14361)
                R. Keith Jarrett (Bar #16984)
                LISKOW & LEWIS
                701 Poydras Street, Suite 5000
                New Orleans, Louisiana  70139-5099
                Telephone:  (504) 581-7979
                Facsimile:  (504) 556-4108

                and

                Richard C. Godfrey, P.C.
                J. Andrew Langan, P.C.
                Kirkland & Ellis LLP
                300 North LaSalle Street
                Chicago, IL  60654
                312-862-2000 (Tel)
                312-862-2200 (Fax)

                Robert C. "Mike" Brock
                Covington & Burling LLP
                1201 Pennsylvania Avenue, NW
                Washington, DC 20004-2401
                202-662-5985

                **Attorneys for BP America Inc.**

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April, 2011.

                                                      /s/ Don K. Haycraft