## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION:  J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| This Document applies to: | § | |
| *All Cases in Pleading Bundle B1* | § | MAG. JUDGE SHUSHAN |
| | § | |

### HALLIBURTON ENERGY SERVICES, INC.'S RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STRIKE HESI'S JURY DEMAND

Defendant Halliburton Energy Services, Inc. ("HESI") files this response in opposition to the Plaintiffs Steering Committee's Limited Motion to Strike Jury Demand (Rec. Doc. 1704).

### Preliminary Statement

In its motion to strike, the PSC argues that Plaintiffs are entitled to a bench trial over all of their claims (whether ostensibly federal or state) by virtue of their Federal Rule of Civil Procedure 9(h) designation.  While HESI argues in its motion to dismiss Plaintiffs' B1 Master Complaint (Rec. Doc. 1429) that all claims brought by Plaintiffs, regardless of nomenclature and purported legal basis, are only cognizable under federal maritime law (and are displaced by OPA), the PSC's motion is premature.  If all Plaintiffs' claims are maritime, they very well may be entitled to a non-jury trial.  If, however, the claims are not maritime and/or if some claims are non-maritime, HESI may be entitled to a jury trial.  The Court has yet to determine the proper characterization of the claims Plaintiffs bring, some of which are ostensibly brought under state law.  To the extent, for example, that the Court determines that Plaintiffs' ostensibly state law claims against HESI are not maritime and are not displaced by federal law, HESI is entitled to a jury trial under the Seventh Amendment to the United States Constitution.  Accordingly, the Court should deny the motion to strike HESI's jury demand without prejudice, allowing the

parties to revisit and fully brief the issue at such time as the Court determines the proper legal characterization of the claims Plaintiffs assert in this litigation.

## ARGUMENT AND AUTHORITIES

**A.     If the Court determines that Plaintiffs' state law claims are not displaced by federal law, HESI is entitled to a jury trial on those claims.**

Although HESI asserts that all Plaintiffs' claims are maritime in nature, the characterization of those claims, particularly those claims purportedly brought under state law, remains an open question.  If the Court ultimately determines that they are not maritime in nature (and not displaced by OPA), HESI is entitled to a jury trial on those state law claims.  In *Cenac Towing Co.*, the plaintiff sued a vessel operator, who launched a flat bottom boat to transport the plaintiff back to the vessel, after nearly downing when the flat bottom boat was swamped with water by a passing ship.  *Cenac Towing Co. v. Neal*, Nos. 07-1458, 07-1458, 2008 U.S. Dist. LEXIS 6381, at *2 (Jan. 29, 2008) (Barbier, J.).  The plaintiff also sued a company that refused to allow the plaintiff access to board the vessel at the company's dock prior to the incident.  The plaintiff invoked Rule 9(h) in his complaint, and the company demanded a jury trial in its answer.  *Id.* at **2-3.  The plaintiff filed a motion to strike the company's demand contending that no party was entitled to a jury trial because of his Rule 9(h) designation.  *Id.* at *3.  In opposition, the company argued it was entitled to a jury trial because the plaintiff's negligence claims against the company were non-maritime in nature.  *Id.*  According to the company, the activity giving rise to the incident was:

> characterized "as the duty of a non-employer private dock owner to allow an uninvited seaman access to its secured parking lot, private boat dock and crew boat" and such activity is not the sort with the potential to disrupt maritime activity nor so closely related to activity traditionally subject to admiralty law.

*Id.* at 5.  This Court agreed, finding that the plaintiff's negligence claims against the company were "not governed by maritime law."  *Id.* at 6.  After determining the plaintiff's claims against

the company fell outside the Court's admiralty jurisdiction, the Court held that the company had a right to a jury trial under the Seventh Amendment of the U.S. Constitution and Article 1732 of the Louisiana Code of Civil Procedure.  *Id.*

Similarly, if Plaintiffs have what the Court determines to be non-maritime state law claims against HESI, HESI is entitled to a jury trial on those claims.  The resolution of that issue, though, depends on the Court's legal characterization of the nature of Plaintiffs' claims.

**B.     If some of Plaintiffs' claims are non-maritime, the Court should try all claims to a jury to preserve HESI's Seventh Amendment rights, avoid inconsistent results, and conserve judicial resources.**

The Seventh Amendment to the United States Constitution confers a fundamental right to a jury trial in all cases arising in law where the amount in controversy exceeds twenty dollars. U.S. CONST. amend. VII.  The procedural right to a jury trial is recognized and preserved in civil cases by Federal Rule of Civil Procedure 38(a), which provides:  "The right of trial by jury as declared by the Seventh Amendment . . . is preserved to the parties inviolate."  FED. R. CIV. P. 38(a).  While Rule 38 does not create a right to a jury trial for admiralty or maritime claims, no law prohibits jury trials in maritime cases.  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20-21 (1963); *Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 U.S. Dist. LEXIS 25221, at *6 (E.D. La. Feb. 25, 2008) (Barbier, J.).

Indeed, it is well settled that jury trial are permissible in admiralty proceedings.  *See Fitzgerald*, 374 U.S. at 20.  In *Fitzgerald*, an injured seaman sued his employer at law, alleging a Jones Act claim, and in admiralty, alleging claims for unseaworthiness and maintenance and cure.  The Supreme Court noted that the Jones Act afforded the seaman a right to a jury trial, while the traditional admiralty claims did not.  *Id.* at 18-19.  The Court observed, however, that "requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of res judicata

3

and collateral estoppel, and can easily result in too much or too little recovery." *Id.* at 18-19. The Court found that the Seventh Amendment did not forbid jury trials in admiralty or maritime cases.  Therefore, the Court held that where both jury and non-jury issues arise from the same set of factual circumstances, all issues should be tried by the jury to avoid "unnecessary obstacles in the paths of litigants seeking justice in our courts." *Id.* at 21.

Likewise, in *Henson* this Court denied a plaintiff's motion to strike a jury demand notwithstanding the plaintiff's Rule 9(h) designation.  There, a platform worker was injured while being lowered in a personnel basket by a platform crane onto the deck of a vessel waiting to take the worker ashore.  *Henson*, 2008 U.S. Dist. LEXIS 25221, at *2.  The worker brought a Rule 9(h) admiralty action against the vessel operator, vessel owner, and crane operator.  *Id.*  The Court determined that there was admiralty jurisdiction against the vessel operator and vessel owner, but found that the action against the crane operator fell outside admiralty jurisdiction since the crane operator's activity lacked a substantial connection to traditional maritime activity. *Id.* at *3.

Applying the principles in *Fitzgerald*, this Court in *Henson* modified a previous order affording the crane operator a jury trial and employing the jury in an advisory capacity as to the maritime claims asserted against the vessel operator and vessel owner.  *Henson*, 2008 U.S. Dist. LEXIS 25221, at **10-11.  Upon further reflection, the Court observed:

> [I]t now appears that there is evidence that would support treating all defendants the same in the case.  The Supreme Court has cautioned that when there is essentially one lawsuit, there should only be one trier of fact.  The only claim in this case concerns Plaintiff's alleged injury during the transfer from the offshore platform to the vessel.  The case necessarily requires a fact finder to determine whether and to what extent the Vessel Owner, Vessel Operator, Crane Operator and Plaintiff were at fault for the injury.  Therefore, the concerns expressed by the *Fitzgerald* court are present in this case.  Without a single fact finder, this Court runs into the danger of either awarding too little or too much recovery.

*Id.* at **11-12.   The Court held that a jury would serve as the fact finder for "all defendants because to do otherwise would eviscerate the Seventh Amendment right to a jury trial for the crane operator." *Id.* at *13.

Under *Fitzgerald* and *Henson*, if the Court determines that Plaintiffs have both maritime claims and non-maritime claims, the Court should have all claims tried to a jury to preserve HESI's right to a jury trial as to the non-maritime claims.   The PSC's motion is premature and striking HESI's jury demand would compromise HESI's Seventh Amendment right to a jury trial.

## Conclusion

The Court should deny the PSC's motion to strike without prejudice, affording the parties an opportunity to revisit this issue and fully brief it once the Court determines the legal characterization of Plaintiffs' claims.   Although HESI takes the position that all claims are maritime and are displaced, if the Court determines that any such claims are non-maritime, HESI has a right to a jury trial, which must be preserved in this litigation.

DATED:  April 27, 2011                     Respectfully Submitted,

                                           **GODWIN RONQUILLO PC**

                                           by:  /s/ *Donald E. Godwin*
                                                Donald E. Godwin
                                                State Bar No. 08056500
                                                DGodwin@GodwinRonquillo.com
                                                Bruce W. Bowman, Jr.
                                                State Bar No. 02752000
                                                BBowman@GodwinRonquillo.com
                                                Jenny L. Martinez
                                                State Bar No. 24013109
                                                JMartinez@GodwinRonquillo.com
                                                Floyd R. Hartley, Jr.
                                                State Bar No. 00798242
                                                FHartley@GodwinRonquillo.com
                                                Gavin E. Hill
                                                State Bar No. 00796756
                                                GHill@GodwinRonquillo.com
                                                1201 Elm Street, Suite 1700
                                                Dallas, Texas 75270
                                                Telephone:  (214) 939-4400
                                                Facsimile:  (214) 760-7332

                                                and

                                                R. Alan York
                                                State Bar No. 22167500
                                                AYork@GodwinRonquillo.com
                                                Jerry C. von Sternberg
                                                State Bar No. 20618150
                                                JVonsternberg@GodwinRonquillo.com
                                                Misty Cone
                                                State Bar No. 24032277
                                                MCone@GodwinRonquillo.com
                                                1331 Lamar, Suite 1665
                                                Houston, Texas 77010
                                                Telephone:  (713) 595-8300
                                                Facsimile:  (713) 425-7594

                                           **ATTORNEYS FOR DEFENDANT
                                           HALLIBURTON ENERGY SERVICES, INC.**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 27, 2011 the above and foregoing Response in Opposition to the PSC's Motion to Strike HESI's Jury Demand was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ *Donald E. Godwin*
Donald E. Godwin