UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * * | MDL NO. 2179<br><br>CIVIL ACTION NO. 2:10-CV-02771<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO:<br>All Cases in Pleading Bundle Section III.B(3) | * * * | SECTION J<br><br>MAGISTRATE JUDGE SHUSHAN |
| * * * * * * * * * * * * * * * * * * * * | * | MAG. DIV. 1 |

### DRC EMERGENCY SERVICES, LLC'S REPLY MEMORANDUM IN SUPPORT OF DRC'S RULE 12(B) MOTION

Defendant DRC Emergency Services, LLC ("DRC"), in its answer to the B(3) master complaint, adopted and incorporated the various Rule 12(b) motions to dismiss filed by the BP defendants and various responder defendants except to the extent they (i) were inconsistent with DRC's answer or (ii) contained factual allegations.[1]  Any ruling the Court renders granting those motions in whole or in part should likewise be granted with respect to DRC.  One defense urged by other responder defendants – derivative immunity – merits special mention when considering the allegations made against DRC in the B(3) master complaint.

---

[1] DRC Answer, Rec. Doc. 1436, pp. 8-9 ("Pursuant to Federal Rule of Civil Procedure 10(c), DRC adopts and incorporates herein by reference the 12(b) motions to dismiss the B(3) Master Complaint and supporting memoranda filed in this litigation by Marine Spill Response Corporation, O'Brien's Response Management, Inc., the BP Defendants, and any other Dispersant Defendant except that DRC neither adopts nor incorporates (i) any pleading, statement, assertions, and/or argument that is inconsistent (whether explicitly or implicitly) with anything contained within this answer (particularly DRC's denials and/or affirmative defenses) and (ii) any factual allegations (whether express or implied) within the referenced pleadings.")

In order to avoid dismissal, the claimants must plead "enough facts to state a claim to relief that is plausible on its face."[2] Here, however, all allegations against DRC relate to the core assertion that DRC "participated in the post-explosion Oil Spill remediation and response efforts"[3] – efforts for which DRC is entitled to derivative federal immunity.[4] On its face, the B(3) master complaint leaves no doubt that derivative federal immunity should apply to all claims against DRC. First, the B(3) claimants acknowledge that "[t]he U.S. Coast Guard is responsible for implementing many aspects of the OPA, including designating responsible parties, as well as responding to oil spills and supervising and/or coordinating response actions."[5] Second, the only allegation against DRC in particular is that it "participated in the post-explosion Oil Spill remediation and response efforts."[6] Finally, all allegations against the broad category of so-called "Dispersant Defendants" merely describe or relate to certain oil spill response efforts.[7]

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Id*. at ¶ 64.

[4] As discussed by NRC, O'Brien, and MSRC in their memoranda in support of their motions to dismiss, the immunity conferred by the Clean Water Act flows derivatively to disaster relief contractors. The Clean Water Act provides for the creation of a National Contingency Plan to deal with oil spills. 33 U.S.C. § 1321(c)(1) and (d). It grants the federal government broad power to coordinate oil spill responses and confers broad immunity for its actions and dictates that the President "shall direct all federal, state, and private actions to remove the discharge or to mitigate or prevent the threat of the discharge" of oil in an oil spill. 33 U.S.C. § 1321(c)(2)(A) (emphasis added). *See also*, 40 C.F.R. § 300.322(b). Dovetailing with that power, the act grants the federal government absolute immunity from damages relating to any actions or omissions relating to an oil spill response plan. 33 U.S.C. § 1321(j)(8). The immunity conferred by the Act flows derivatively to disaster relief contractors "due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects." *In re World Trade Center Disaster Site Litig*., 521 F.3d 169, 197 (2d Cir. 2008).

[5] B(3) Master Complaint, Rec. Doc. 881 at ¶ 92.

[6] *Id*. at ¶ 64.

[7] *Id*. at ¶¶ 118, 127, 131-133, 137, 149, 150, 154, 157, and 167 (alleging matters related to the so-called "Dispersant Defendants" oil spill response activities). Moreover, as discussed in more detail by other responder defendants, claims related to the use of allegedly dangerous dispersants fail as a matter of law. The Clean Water Act, 33 U.S.C. § 1321(d)(2)(G) and 40 C.F.R. § 300 subpart J declare that the federal government, by virtue of its National Contingency Plan, publishes a schedule that determines what dispersants may be used, where they may be used, and in what quantities.

Considering all B(3) allegations as true for purpose of this motion,[8] the claimants have failed to plead any fact that would place their claims against DRC outside the ambit of DRC's derivative federal immunity. Accordingly, DRC's motion (and those it incorporates) should be granted, and all claims against DRC should be dismissed.

Respectfully submitted,

/s/      Harold J. Flanagan
Harold J. Flanagan (Bar No. 24091)
Stephen M. Pesce (Bar No. 29380)
Sean P. Brady (Bar No. 30410)
Andy Dupre (Bar No. 32437)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170
Telephone:  504-569-0235
Facsimile:  504-592-0251
hflanagan@flanaganpartners.com
spesce@flanaganpartners.com
sbrady@flanaganpartners.com
adupre@flanaganpartners.com

*Attorneys for DRC Emergency Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing witness and exhibit lists of DRC Emergency Services, LLC has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of April, 2011.

/s/      Harold J. Flanagan

---

[8] *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1950 (2009) ("Upon identifying any well-pleaded factual allegations, courts should assume their veracity and then determine whether they plausibly give rise to a legal remedy.").