## Framework for Early Restoration Addressing Injuries Resulting from the Deepwater Horizon Oil Spill

1.  Pursuant to this agreement to fund early restoration ("Framework Agreement"), BP Exploration and Production, Inc. ("BP") will provide $1 billion toward early restoration projects to address injuries to natural resources caused by the Deepwater Horizon oil spill, subject to satisfaction of the conditions set forth herein. For the purpose of this Framework Agreement, the natural resource trustees ("Trustees") are Alabama (Alabama Department of Conservation and Natural Resources, Geological Survey of Alabama); Florida (Florida Department of Environmental Protection); Louisiana (Louisiana Coastal Protection and Restoration Authority, Louisiana Oil Spill Coordinator's Office, Louisiana Department of Environmental Quality, Louisiana Department of Wildlife and Fisheries, Louisiana Department of Natural Resources); Mississippi (Mississippi Department of Environmental Quality); Texas (Texas General Land Office, Texas Parks and Wildlife Department, Texas Commission on Environmental Quality); the National Oceanic and Atmospheric Administration ("NOAA"); and the Department of the Interior ("DOI").

2.  The Trustees and BP ("Parties") agree to work together to complete identification of projects and the steps in this Framework Agreement in order to commence implementation of early restoration projects that will provide meaningful benefits to accelerate restoration in the Gulf as quickly as practicable, with the goal of beginning projects in 2011 and 2012.

3.  This Framework Agreement shall not be construed to limit in any way the authority of the Trustees to perform assessments, engage in early restoration planning not covered by this Framework Agreement, or select and implement restoration projects not covered by this Framework Agreement; nor shall it require BP to fund any of these activities except as provided herein.

4.  BP will work with the trustees of the Deepwater Horizon Oil Spill Trust ("Trust") to provide $1 billion for early restoration projects by transferring $500 million into a separate subaccount ("Early Restoration Subaccount") within the Trust within 45 days of execution of this Framework Agreement, and an additional $500 million into the same subaccount within six months of the execution of this Framework Agreement. To assure that the funds in the Early Restoration Subaccount will be available to pay for early restoration projects and other NRD Claims at any time during the Trust Term, BP will make the following commitment: If at any point during the Trust Term, the Trust has insufficient funds to pay all pending Damage Claims (other than NRD Claims) without using a portion of the funds in the Early Restoration Subaccount (a "Deficit Event"), BP will accelerate the funding of its quarterly Contributions to the Trust, or if all required quarterly Contributions have been made to the Trust, will contribute additional funds to the Trust ("Additional Contributions"), in either case so that the Trust has sufficient funds to pay all such pending Damage Claims (other than NRD Claims) without the need to use any funds in the Early Restoration Subaccount. In no event shall BP be required to make Additional Contributions that, in the aggregate, exceed the dollar amount in the Early Restoration Subaccount at the time a Deficit Event first occurs. All interest accrued on the Early Restoration Subaccount shall be available to the Trustees for early restoration

projects in accordance with this Framework Agreement or other NRD Claims. In the event any funds remain in the Early Restoration Subaccount at the end of the Trust Term, those funds will be deposited by BP in a segregated account selected by the Parties that will be used solely to fund early restoration projects and other NRD Claims. Capitalized terms defined in the Trust Agreement dated August 6, 2010 pertaining to the Deepwater Horizon Oil Spill Trust (the "Trust Agreement") and used in the preceding sentences without definition have the same meanings herein as in the Trust Agreement.

5.      The funds provided by BP through this Framework Agreement and any accrued interest will be used by the Trustees only as set forth herein, and will be allocated among the Trustees pursuant to a separate agreement among the Trustees. For each early restoration project, at the direction of the applicable Trustee(s), BP shall cause the transfer from the Early Restoration Subaccount to an account or accounts designated by the Trustee(s) twenty-five percent of the cost of the project within 30 days after the filing of the applicable Project Stipulation (as defined in paragraph 8 below) with the Deepwater Horizon Multi-District Litigation Court ("MDL"). BP shall cause the transfer from the Early Restoration Sub Account to an account or accounts designated by the Trustee(s) an additional twenty-five percent within 15 days of the date of the Trustee(s)' issuance of a Request for Proposal, or other appropriate applicable procurement mechanism. BP shall cause the transfer from the Early Restoration Subaccount to an account or accounts designated by the Trustee(s) the remaining fifty percent within 15 days of notice to BP of the selection of a contractor but before award of a contract to implement the restoration project. In the event a Trustee(s) elects to perform a restoration project without the use of a contractor, BP shall cause the transfer from the Early Restoration Subaccount to an account or accounts designated by the Trustee(s) the remaining fifty percent of the cost of the project within 15 days of notice to BP that the Trustee Council has approved the design and implementation plan for the project. The transfer of funds contemplated in this paragraph shall not be made if a judicial order prevents project implementation or otherwise affects the terms of the Project Stipulation. The Parties will use good faith efforts to implement the early restoration projects as expeditiously as possible, with the goal of beginning implementation for all early restoration projects within 2011-2012.

6.      Consistent with Section 1006 of the Oil Pollution Act, 33 U.S.C. § 2706, and the Oil Pollution Act Regulations (Natural Resource Damage Assessment (or "NRDA")), 15 C.F.R. §§ 990 et seq., the Trustees shall select projects for early restoration that meet all of the following criteria:

   a.      contribute to making the environment and the public whole by restoring, rehabilitating, replacing, or acquiring the equivalent of natural resources or services injured as a result of the Deepwater Horizon Oil Spill or response (collectively, "incident"), or compensating for interim losses resulting from the incident;

   b.      address one or more specific injuries to natural resources or services associated with the incident;

c.    seek to restore natural resources, habitats or natural resource services of the same type, quality, and of comparable ecological and/or human use value to compensate for identified resource and service losses resulting from the incident;

d.    are not inconsistent with the anticipated long-term restoration needs and anticipated final restoration plan; and

e.    are feasible and cost effective.

7.    The Trustees will generate project proposals for funding under this Framework Agreement. BP may submit proposed early restoration projects to the Trustees for the Trustees' consideration.

8.    For each selected early restoration project, the Parties will work cooperatively to agree to the restoration benefits to be provided by that project ("NRD Offsets"). The NRD Offsets will be used to measure the credit as provided herein. For purposes of this Framework Agreement, NRD Offsets shall be measured by the natural resources and/or services (as those terms are used in 15 CFR 990.30) expected to result from the project, as provided herein. NRD Offsets covering individual or multiple projects will be memorialized in a stipulation ("Project Stipulation"). The Parties agree that no project will be funded pursuant to this Framework Agreement unless all of the Parties agree upon the project and applicable NRD Offsets for that project and execute a Project Stipulation as set forth herein. Projects providing significant NRD Offsets and that achieve effective restoration will be given priority consideration by the Trustees.

9.    NRD Offsets will be measured, calculated and documented using best available science and will apply the methodologies discussed in 15 C.F.R. Part 990 or other accepted methodologies mutually agreed upon by the Parties. NRD Offsets will take into account as appropriate the degree of uncertainty in the predicted benefits for each project. The Parties recognize that the NRD Offsets and the methodologies used for calculating those Offsets are project and/or resource specific. Except as otherwise agreed by the Parties, neither the amount of the NRD Offset nor the methodology used to calculate the Offset shall be used as precedent for determining NRD Offsets for any other project.

10.    The Trustees, individually and collectively, will credit stipulated NRD Offsets for early restoration projects funded through this Framework Agreement against their assessment of total injury resulting from the incident as follows: (i) insofar as the NRD Offsets are of the same type and quality (as those terms are used in 15 C.F.R § 990.53(d)(2) or in the Project Stipulation) as the resources and/or services determined injured or lost through the natural resource damage assessment ("NRDA"), then the applicable NRD Offset shall be subtracted from the injury; (ii) insofar as the NRD Offsets can be scaled to those natural resources and/or services determined injured or lost through the NRDA by using one or more scaling factors as agreed to by the Parties and included in the Project Stipulation, then the applicable NRD Offset shall be subtracted from the injury; and (iii) insofar as the NRD Offsets differ from those natural resources and/or services determined injured or lost through the NRDA, and the Project Stipulation does not include an applicable scaling factor, credit shall be determined by using the scaling principles set forth in 15 C.F.R. § 990.53 of the OPA NRDA regulations. Notwithstanding any

provision of this Framework Agreement, the Trustees shall retain discretion for the assessment of total injury resulting from the incident.

11.  The Parties acknowledge that some projects may address resources that are not under the trusteeship of all Trustees that are signatories to this Framework Agreement. Agreements as to NRD Offsets for a given project will be negotiated between BP and the Trustee(s) whose resources are addressed by the project, as designated by the Trustee Council. Notwithstanding the forgoing, the Project Stipulation, including the NRD Offset, will be effective only upon agreement by all Parties, including all Trustees.

12.  Projects proposed to be funded through this Framework Agreement will be subject to approval by the Trustee Council and included in draft and final early restoration plans developed by the Trustee Council. All draft early restoration plans, including those containing projects to be funded through this Framework Agreement, will be subject to public review and comment, plus environmental review, as required by law. Such restoration plans may include projects that fall outside this Framework Agreement (e.g., projects where BP does not agree to the amount of NRD Offsets or BP is not funding the project), provided however that this Framework Agreement shall not require BP to fund any projects for which the Parties have not entered into a Project Stipulation. For projects to be funded pursuant to this Framework Agreement, the draft early restoration plan shall clearly and prominently indicate the fact that the project will be funded by BP as well as the agreed upon NRD Offset. The Trustees may withdraw any proposed project from draft early restoration plans based on information that is disclosed during the public review and comment process, or the environmental review process, or for other reasons.

13.  Upon completion of the public review process set forth above, and taking public views into account, BP and the Trustees shall memorialize their agreement on early restoration projects in a Project Stipulation. Each Project Stipulation shall be binding on all of the Parties, and shall include the relevant published restoration plan and shall identify the amount and type of NRD Offsets. Each Project Stipulation will be signed by an official with authority to bind BP, by an official with authority to bind each Trustee and the United States Department of Justice ("USDOJ"), and will be incorporated into the Administrative Record for the Deepwater Horizon Natural Resource Damage Assessment. Further, within 5 days of execution, each Project Stipulation will be filed with the MDL in an appropriate pleading or status report. Such a filing will be for informational purposes only. Each State's Attorney General (or his or her designee) will concur in writing within 30 days of the execution of the Framework Agreement that the Project Stipulations are effective and binding upon that State when signed by that State's Trustee(s). In addition, the State Trustees agree to consult with their Attorney General (or his or her designee) prior to execution of any Project Stipulation.

14.  Within 30 days of execution of this Framework Agreement, the Parties will develop a form Project Stipulation consistent with the attached template.

15.  After the Project Stipulation is signed, BP waives the right to claim that resources or services beyond those identified in the Project Stipulation, or benefits to Trustees who

were not designated by the Trustee Council in accordance with Paragraph 11, were provided by the project.

16.    All early restoration projects funded with funds paid by BP pursuant to Paragraph 4 of this Framework Agreement and included in final restoration plans will be implemented by or at the direction of the Trustee Council, and BP will not have any responsibility for implementing any such projects, unless the Parties agree otherwise. If BP funds but plays no part in implementing an early restoration project, the restoration project is performed solely by or at the direction of one or more Trustees, and the restoration project does not achieve the anticipated NRD Offsets, the NRD Offsets as set forth in the corresponding Project Stipulation shall nevertheless apply to the project.

17.    Early restoration project funding may include the reasonable costs of oversight, monitoring, and any agreed upon contingencies for the given project.

18.    BP agrees that the reasonable costs incurred in identifying early restoration projects and developing early restoration plans in accordance with this Framework Agreement are reasonable assessment costs under 33 U.S.C. § 2706.

19.    Within 10 days after the execution of this Framework Agreement, the United States, acting through the USDOJ, BP, and counsel for all of the state Trustees whose states are parties to the MDL shall file notice of this Framework Agreement with the MDL in an appropriate pleading or report. Such a filing will be for informational purposes only. The Parties will refrain from implementing this Framework Agreement for 30 days after it is filed with the MDL. All Parties agree to defend this Framework Agreement and the binding stipulations in the event they are judicially challenged.

20.    Except for the stipulated NRD Offsets as set forth in the agreed upon Project Stipulations, this Framework Agreement does not release BP from any potential natural resource damage liability or any other liability, and the Trustees reserve all other claims against BP and/or other parties related to natural resource damage liability or any other liability arising from the incident. Except for the stipulated NRD Offsets as set forth in the agreed upon Project Stipulations, the Trustees reserve the right to use any available methodologies for calculating damages and scaling injury to restoration in the ongoing natural resource damage assessment process. BP reserves all legal and evidentiary defenses it may have against any claim asserted by any Trustee, including, without limitation, any defenses related to natural resource damages arising from the incident, any natural resource damages assessment associated with the incident, and, except for the stipulated NRD Offsets, any methodologies used for calculating damages and scaling injury to restoration. Except as provided herein, the Parties make no admission of fact or law by entering into this Framework Agreement.

21.    The Trustees agree that BP's commitment to fund early restoration projects as provided for in this Framework Agreement is voluntary and not otherwise required at this stage in the NRDA process. The Parties intend to work cooperatively to seek to achieve significant, meaningful restoration of natural resources in the Gulf of Mexico.

Attachment

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

4/20/11

Approved by:

Thomas J. Perrelli
Associate Attorney General
United States Department of Justice

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                                        Approved by:

April 20, 2011

Kenneth L. Salazar
Secretary
U.S. Department of the Interior

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

April 20, 2011

Approved by:

Jane Lubchenco, Ph.D.
Under Secretary for Oceans and Atmosphere
Administrator of the National Oceanic and
Atmospheric Administration

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

4-19-11

Approved by:

N. Gunter Guy, Jr.
Commissioner
Alabama Department of Conservation and
Natural Resources

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

4/19/11

Approved by:

Dr. Berry H. (Nick) Tew, Jr.
Alabama State Geologist &
Oil and Gas Supervisor

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                              Approved by:

April 20, 2011

Mimi A. Drew
  For Secretary of Florida
  Department of Environmental Protection

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                                              Approved by:

_____                                    _____
                                                   Garret N. Graves
                                                   Chairman, Coastal Protection and
                                                   Restoration Authority of Louisiana

Date:                                              Approved by:

_____                                    _____
                                                   Roland Guidry
                                                   Oil Spill Coordinator
                                                   Louisiana Oil Spill Coordinator's Office

Date:                                              Approved by:

_____                                    _____
                                                   Robert Barham
                                                   Secretary, Department of Wildlife and
                                                   Fisheries

Date:                                              Approved by:

_____                                    _____
                                                   Scott Angelle
                                                   Secretary, Department of Natural Resources

Date:                                              Approved by:

_____                                    _____
                                                   Peggy Hatch
                                                   Secretary, Department of Environmental
                                                   Quality

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

Approved by:

_____          _____
                         Garret N. Graves
                         Chairman, Coastal Protection and
                         Restoration Authority of Louisiana

Date:

Approved by:

_____          _____
                         Roland Guidry
                         Oil Spill Coordinator
                         Louisiana Oil Spill Coordinator's Office

Date:

Approved by:

_____          _____
                         Robert Barham
                         Secretary, Department of Wildlife and
                         Fisheries

Date:

Approved by:

_____          _____
                         Scott Angelle
                         Secretary, Department of Natural Resources

Date:                           Approved by:

4/20/11                         _____
_____
                                Peggy Hatch
                                Secretary, Department of Environmental
                                Quality

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                                    Approved by:

4|20|11

Roland Guidry
Louisiana Oil Spill Coordinator

Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill

MISSISSIPPI DEPARTMENT OF
ENVIRONMENTAL QUALITY

Date:                        Approved by:

4/20/11

Trudy D. Fisher
Executive Director

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

19 April 2011

Approved by:

Carter Smith
Executive Director
Texas Parks and Wildlife Department

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                                  Approved by:

4/19/11

Larry Laine
Deputy Land Commissioner and Chief Clerk
Texas General Land Office

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:

4-19-11

Approved by:

Mark Vickery
Executive Director
Texas Commission on Environmental Quality

**Framework Agreement for Early Restoration Addressing Injuries
Resulting from the Deepwater Horizon Oil Spill**

Date:                                    Approved by:

April 20, 2011

James H. Dupree, President
BP Exploration & Production Inc.

Early Restoration Framework Agreement

# ATTACHMENT

**[Draft] Stipulation # \_\_\_ Regarding Early Restoration of Natural Resource Damages Resulting from the Deepwater Horizon Oil Spill**

This Stipulation # \_\_\_ Regarding Early Restoration of Natural Resource Damages Resulting from the Deepwater Horizon Oil Spill ("Project Stipulation"), is made as of _____, 201\_\_, by and between BP Exploration and Production Inc. ("BP"), the state and state agencies set forth herein, and the United States (collectively, "Parties"), with reference to the following recitals:

WHEREAS, for purposes of this Project Stipulation, the United States is acting on behalf of itself and the following federal trustees of natural resources: the Secretary of the United States Department of the Interior ("DOI") on behalf of all its applicable bureaus, and the Administrator of the National Oceanic and Atmospheric Administration ("NOAA") (collectively "Federal Trustees");

WHEREAS, for purposes of this Project Stipulation, the States of Louisiana, Mississippi, Alabama, Florida, and/or Texas (collectively, "States") are acting on behalf of themselves and the following state trustees of natural resources: for the State of Louisiana, the Louisiana Coastal Protection and Restoration Authority, the Louisiana Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; for the State of Mississippi, the Mississippi Department of Environmental Quality; for the State of Alabama, the Alabama Department of Conservation and Natural Resources and the Geological Survey of Alabama; for the State of Florida, the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and for the State of Texas, the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality, (collectively, "State Trustees"; the State and Federal Trustees collectively are referred to as the "Trustees");

WHEREAS, the Trustees are conducting a Natural Resource Damage Assessment, as that term is defined in 15 C.F.R. § 990.30 and corresponding state law provisions, to determine Natural Resource Damages resulting from the Oil Spill in accordance with federal and state laws and authorities;

WHEREAS, while the NRDA is continuing, the Parties desire to implement early restoration of potentially injured natural resources and services injured as a result of the Oil Spill and designate the natural resource benefits associated with that early restoration;

WHEREAS, the Trustees have determined that the project described herein ("Early Restoration Project") is consistent with section 1006 of the Oil Pollution Act, 33 U.S.C. § 2706, and the Oil Pollution Act Regulations (Natural Resource Damage Assessments), 15 C.F.R. §§ 990 et seq.;

WHEREAS, the Parties agree that the Framework Agreement of April 20, 2011 shall govern and be incorporated by reference into each Project Stipulation;

WHEREAS, the Oil Spill Trust contains a segregated account for early restoration ("Early Restoration Subaccount");

WHEREAS, BP agrees to fund the Early Restoration Project from the Early Restoration Subaccount, as set forth herein;

**POSSIBLE ADDITIONAL RECITALS AS DESIRED BY THE PARTIES**

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree and stipulate as follows:

I.  RESTORATION PROJECT

- Full description of the restoration project which includes a detailed scope of work, budget and project schedule

- Description of the public review process, including, as an attachment, the applicable restoration plan and response to comments

- Designation of Trustee or Trustees responsible for project implementation

- Requirement for the implementing Trustee(s) to provide other parties with semi-annual reports describing project implementation

- Provision addressing project data and deliverables and access to project site for purposes of observing and verifying implementation

II.  FUNDING

- Full description of the cost of the project (including monitoring, oversight and contingencies) and funding mechanism for the project, including the caveat that no funding obligations will be triggered in the event of a judicial order preventing project implementation or otherwise affecting the terms of the stipulation

- A description of the disposition of any funds that may remain unspent when the project implementation is complete ("excess funds")

- Requirement for the trustees to implement the restoration project as set forth herein and any provision regarding the use of excess funds

- Provision indicating that if project implementation is not commenced within 18 months after the Parties sign the Project Stipulation, unless the Parties agree otherwise, the Project Stipulation is void and the funds will remain in the accounts to which they have been sent pursuant to paragraph 5 of the Framework Agreement and will be used for another project with a new Project Stipulation

- Mechanism to address possibility of early restoration project receiving additional funding from sources other than BP, if applicable

III.  NRD OFFSETS

- Full description of the natural resources and/or services (as those terms are used in 15 CFR 990.30) expected to result from the project ("NRD Offsets"), including methods and calculations

- Attached glossary of terms relevant to the NRD Offset calculation

IV.  EFFECT OF STIPULATION

- Full description of the effect of the stipulation including that the stipulation:
    - o   is binding and enforceable on all parties;
    - o   was negotiated in good faith;
    - o   is fair reasonable and in the public interest;

  o does not contain admissions of law or fact except as provided in the Project Stipulation;

  o will be incorporated into the Administrative Record for the Deepwater Horizon Natural Resource Damage Assessment;

  o will be filed in the MDL for informational purposes;  and

  o will be defended by all Parties in the event of challenge;

V. <u>RESERVATION OF RIGHTS</u>

- Full reservation of rights consistent with the Framework Agreement

IN WITNESS WHEREOF, the undersigned Parties have executed and delivered this Project Stipulation, effective as of the day and year first written above.

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE UNITED STATES:


_____          _____
Date                             [NAME]
                                 U.S. Department of Justice
                                 [POSITION]
                                 [ADDRESS]


_____          _____
Date                             [NAME]
                                 U.S. Department of the Interior
                                 [POSITION]
                                 [ADDRESS]


_____          _____
Date                             [NAME]
                                 National Oceanic and Atmospheric
                                 Administration
                                 [POSITION]
                                 [ADDRESS]

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE STATE OF ALABAMA:

_____
Date

_____
[NAME]
Alabama Department of Conservation and
Natural Resources
[POSITION]
[ADDRESS]

_____
Date

_____
[NAME]
Geological Survey of Alabama
[POSITION]
[ADDRESS]

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE STATE OF FLORIDA:

_____
Date

_____
[NAME]
Florida Department of Environmental Protection
[POSITION]
[ADDRESS]

_____
Date

_____
[NAME]
Florida Fish and Wildlife Conservation
Commission
[POSITION]
[ADDRESS]

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE STATE OF LOUISIANA:

_____          _____
Date                                             [NAME]
                                                      Louisiana Coastal Protection and Restoration
                                                      Authority
                                                      [POSITION]
                                                      [ADDRESS]


_____          _____
Date                                             [NAME]
                                                      Louisiana Oil Spill Coordinator's Office
                                                      [POSITION]
                                                      [ADDRESS]


_____          _____
Date                                             [NAME]
                                                      Louisiana Department of Environmental Quality
                                                      [POSITION]
                                                      [ADDRESS]


_____          _____
Date                                             [NAME]
                                                      Louisiana Department of Wildlife and Fisheries
                                                      [POSITION]
                                                      [ADDRESS]


_____          _____
Date                                             [NAME]
                                                      Louisiana Department of Natural Resources
                                                      [POSITION]
                                                      [ADDRESS]

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE STATE OF MISSISSIPPI:

_____
Date

_____
[NAME]
Mississippi Department of Environmental Quality
[POSITION]
[ADDRESS]

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR THE STATE OF TEXAS:

_____
Date

_____
[NAME]
Texas Parks and Wildlife Department
[POSITION]
[ADDRESS]

_____
Date

_____
[NAME]
Texas General Land Office
[POSITION]
[ADDRESS]

_____
Date

_____
[NAME]
Texas Commission on Environmental Quality
[POSITION]
[ADDRESS]

EARLY RESTORATION STIPULATION -- TEMPLATE

THE UNDERSIGNED PARTY enters into this Project Stipulation in the matter of *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, relating to the *Deepwater Horizon* Oil Spill.

FOR BP EXPLORATION AND PRODUCTION, INC.:

_____
Date

_____
[NAME]
[POSITION]
[ADDRESS]

_____
Date

_____
[NAME]
[POSITION]
[ADDRESS]

Agent authorized to accept service on behalf of BP Exploration and Production, Inc.:

Name:            _____
Address:         _____

Telephone Number:  _____
Facsimile Number:  _____

10

**APPENDIX A**

**<u>EARLY RESTORATION PROJECT</u>**

[INSERT DESCRIPTION OF EARLY RESTORATION PROJECT]



**APPENDIX B**

**EARLY RESTORATION PLAN**

The Project and the draft and final early restoration plans for the Project have undergone public review and comment, as well as appropriate NEPA review. The Trustees have considered and responded to any comments received as a result of the public review and comment process, as set forth below:

[INSERT RESPONSES TO COMMENTS]



## APPENDIX C

## <u>NRD OFFSETS</u>

[Insert calculated NRD Offsets including, if applicable, scaling methods]



## APPENDIX D

### <u>GLOSSARY OF TERMS</u>

[Insert definition of key terms; e.g. habitat types]

