UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| APPLIES TO:  11-274 and 11-275 | MAGISTRATE SHUSHAN |

## BP PARTIES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS TRANSOCEAN'S COMPLAINT IN INTERVENTION

Allan B. Moore
Seth A. Tucker
Christopher J. Wenk
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Tel:  (202) 662-6000
Fax:  (202) 778-5575
E-mail:  abmoore@cov.com
E-mail:  stucker@cov.com
E-mail:  cwenk@cov.com

David B. Goodwin
M. Alexia dePottere-Smith
Covington & Burling LLP
One Front Street, 35th Floor
San Francisco, CA  94111
Tel:  (415) 591-6000
Fax:  (415) 591-6091
E-mail:  dgoodwin@cov.com
E-mail:  adepottere@cov.com

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:  May 3, 2011

# TABLE OF CONTENTS

**Page(s)**

BACKGROUND ................................................................................................................ 1

ARGUMENT .................................................................................................................... 3

I. Transocean Lacks Standing To Assert Legal Rights And
Interests Of Other Parties.................................................................................. 4

II. Transocean's Complaint Fails To Plead Any Actionable Insurance
Claim Against Any Of The Named Defendants And Simply Raises
The Same Insurance Issues That Are Already Being Litigated Directly
By The Interested Parties .................................................................................. 6

III. Transocean Has Failed To Join The Insurers, Whose Obligations
It Seeks To Adjudicate, As Defendants, And The Insurers Are
Necessary Parties .............................................................................................. 8

    A. Failure To Join the Insurers Will "Impair Or Impede"
       Their Ability To Protect Their Interests................................................. 9

    B. The BP Parties Face A Substantial Risk Of Prejudice If The
       Insurers Are Not Joined And Bound By A Judgment On Transocean's
       Claims ................................................................................................... 11

IV. The Court Should Sever Or Stay Transocean's Non-Insurance Claim
Because The Issue It Raises Is Already And More Properly The
Subject Of Pleadings In Other Parts Of This MDL Proceeding ..................... 12

CONCLUSION............................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................6

*Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219 (5th Cir. 2009) ............9

*Flast v. Cohen*, 392 U.S. 83 (1968) ..........................................................................................5

*Gonzalez v. Cruz*, 926 F.2d 1 (1st Cir. 1991) .........................................................................11

*Hilton v. Atlantic Ref. Co.*, 327 F.2d 217 (5th Cir. 1964) ......................................................10

*HS Res., Inc. v. Wingate*, 327 F.3d 432 (5th Cir. 2003) .........................................................10

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ........................................6

*Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973 (5th Cir. 1983) ........................................9

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) .............................................................................5, 6

*McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375 (5th Cir. 2001) ..................13

*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) ............................7

*Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102 (1968) ..............9, 10, 12

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) .....................................................4, 7

*Roark & Hardee LP v. City of Austin*, 522 F.3d 533 (5th Cir. 2008) ......................................5

*Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274 (4th Cir. 1994) ..................11

*Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) .................................4

*St. Germain v. Howard*, 556 F.3d 261 (5th Cir. 2009) ............................................................6

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) ............................................................8

*Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281 (7th Cir. 1996) ....................................11

*The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003) ......................7, 8

*U.S. v. O'Neil*, 709 F.2d 361 (5th Cir. 1983) .........................................................................12

*Village of Arlington Heights v. Metro. Housing Develop. Corp.*, 429 U.S. 252 (1977) ..........5

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................................................5

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................................7

*Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345 (5th Cir. 1989) .....................................................4

**STATUTES**

28 U.S.C. § 2201 *et seq.*..................................................................................................1, 3, 5, 7, 8

**OTHER AUTHORITIES**

Edwin Chemerinsky, FEDERAL JURISDICTION § 24.1 (5th ed. 2007) ...............................................5

Fed. R. Civ. P. 19(a)(1)(B) ................................................................................................9, 11, 12

Fed. R. Civ. P. 21 ...........................................................................................................................12

Fed. R. Civ. P. 12(a)(4) .................................................................................................................13

Fed. R. Civ. P. 12(b)(1) ..............................................................................................1, 3, 4, 6, 9, 13

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1, 3, 6, 7, 9, 13

Fed. R. Civ. P. 12(b)(7) ................................................................................................1, 3, 9, 10, 13

Fed. R. Civ. P. 6(b)(1) ...................................................................................................................13

The BP Parties[1] respectfully submit this Memorandum in support of their motion to dismiss Transocean's Complaint in Intervention (docket # 1755), as filed in Case Nos. 11-274 (the "*Ranger* suit") and 11-275 (the "*Lloyd's* suit") (collectively, the "Insurance Actions").[2] The Court should dismiss Transocean's Complaint in Intervention for (a) lack of subject matter jurisdiction under Article III of the United States Constitution, the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*), and Rule 12(b)(1) of the Federal Rules of Civil Procedure; (b) failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (c) failure to join necessary parties under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

## BACKGROUND

The Insurance Actions are two declaratory judgment actions that were transferred from the United States District Court for the Southern District of Texas to this MDL proceeding on February 8, 2011, by order of the Judicial Panel on Multidistrict Litigation. The plaintiffs in the Insurance Actions are liability insurance carriers (collectively, "Insurers") that issued insurance policies to Transocean and provide coverage to the BP Parties as "additional insureds." The defendants and counterclaimants in the Insurance Actions are the BP Parties.

The Insurers seek a declaration that the "additional insured" coverage that they are obligated to provide to the BP Parties is limited, not solely by the express terms and conditions of their respective insurance policies, but also by the scope of certain indemnities that

---

[1] The BP Parties are BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc., BP Holdings North America Limited, and BP plc.

[2] As used herein, "Transocean" refers to the four claimants named in Transocean's Complaint in Intervention (docket # 1755):  Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc.

Transocean Holdings LLC agreed to provide to the BP Parties in the drilling contract between BP America Production Company and Transocean Holdings concerning the *Deepwater Horizon* semisubmersible drilling rig and its crew (the "Drilling Contract") — a contract to which none of the Insurers is a party.  The Insurers allege that, in the Drilling Contract, Transocean Holdings did not agree to indemnify the BP Parties for pollution-related liabilities of the sort at issue here and that accordingly, the Insurers are not obligated to cover the BP Parties for such liabilities under their insurance policies.  The pertinent BP Parties have filed a counterclaim against the Insurers, seeking a declaration that the Insurers are obligated to provide insurance coverage for liabilities arising out of the *Deepwater Horizon* incident and the resulting oil spill, without any such limitation.[3]

Without objection from the BP Parties or the Insurers (but without prejudice to their respective rights and defenses), Anadarko Petroleum Corporation and Anadarko E&P Company LP (collectively, "Anadarko") and MOEX Offshore 2007 LLC ("MOEX"), co-owners of the leasehold interest in Mississippi Canyon Block 252 ("MC252"), were granted leave to intervene in the Insurance Actions on March 4 and 16, 2011, respectively, for purposes of asserting their own claims as "additional insureds" under the pertinent insurance policies.  Transocean was similarly granted leave to intervene on March 25, 2011.

Transocean's Complaint in Intervention seeks a declaration that the BP Parties (as well as Anadarko and MOEX) have no rights as "additional insureds" under the insurance policies at issue for pollution-related liabilities arising from the *Deepwater Horizon* incident or

---

[3] Certain BP Parties have also filed a counterclaim against various marine package insurers concerning certain marine losses, and those insurers seek a declaration of no coverage with respect to those losses.

resulting spill.  *See* Transocean Compl., ¶¶ 22, 23(B)-(D).  Transocean's Complaint seeks no declaration of its own rights or obligations under these insurance policies, nor has Transocean named any of the implicated Insurers as defendants to its claims.  Transocean's Complaint also contains one non-insurance claim:  it seeks a declaration that "BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well."  *Id.*, ¶ 23(A).

The BP Parties now move, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7), to dismiss Transocean's insurance-related claims for lack of standing, failure to state a claim upon which relief may be granted, and failure to join necessary parties.

## ARGUMENT

The Court should dismiss Transocean's Complaint because it seeks a declaration of insurance rights and obligations solely between the BP Parties, on one hand, and certain insurance companies, on the other.  It does not seek a declaration of any insurance rights or obligations of Transocean itself.  The United States Constitution and Declaratory Judgment Act do not confer subject matter jurisdiction over a claim by a party that seeks a declaration of rights and obligations solely in respect to parties other than itself.  In such cases, the plaintiff has asserted no legal right or injury of its own and thus, lacks standing to sue.  Moreover, the issue of what insurance rights and obligations exist between the BP Parties and the Insurers under the pertinent insurance policies is already at issue in these Insurance Actions through the pleadings that were filed (nearly one year ago) directly by the Insurers and the BP Parties.  Transocean's Complaint adds nothing to this insurance litigation by requesting an adjudication of these same

issues between the Insurers and the BP Parties.[4]  Further, Transocean has failed to name as defendants any of the Insurers whose rights and obligations it seeks to have declared, and the Insurers are necessary parties to the dispute it has pleaded.  Their absence from Transocean's claims is independently fatal to the Complaint.

I.      **Transocean Lacks Standing To Assert Legal Rights And Interests Of Other Parties.**

Transocean's insurance claims should be dismissed because they do not seek a declaration regarding Transocean's own rights, and Transocean lacks standing to assert the legal rights and interests of other parties.  Dismissal of a complaint for lack of standing is proper under Rule 12(b)(1).  *See Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 350 (5th Cir. 1989) ("Under the Federal Rules of Civil Procedure, standing challenges are dealt with by motion under Fed. R. Civ. P. 12(b)(1) or on the court's own motion.").  Further, the burden of proof under Rule 12(b)(1) rests with the party asserting jurisdiction, not the party moving to dismiss.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist").

It is among "the most basic doctrinal principles" that Article III, Section 2 of the United States Constitution restricts the federal judicial power to the resolution of actual "cases and controversies."  *See Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008).  This requirement is satisfied only where a plaintiff has judicial standing.  *Id.*  In assessing the presence or absence of standing, "the question is whether the person whose

---

[4]  As noted above, the Complaint in Intervention contains one sentence that does not relate to insurance issues and that does not seek a declaration of insurance rights between the BP Parties and the Insurers.  *See* Transocean Compl., ¶ 23(A).  For reasons addressed in Part IV below, this request has no place in these Insurance Actions and should be severed (or stayed) for consideration in the pleadings bundles to which it more properly belongs and within which it has been more fully pleaded.  In any event, the Court need not address this claim at this time or in this context.  *See* Part IV, *infra*.

standing is challenged is a *proper party* to request the adjudication of a particular issue and not whether *the issue itself* is justiciable." *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) (emphasis added); *see also Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12 (5th Cir. 2008) (standing "is concerned with *who* is a proper party to litigate a particular matter") (quoting Edwin Chemerinsky, FEDERAL JURISDICTION § 24.1 (5th ed. 2007) (emphasis in original)).

Thus, a key test is whether the plaintiff is asserting rights of its own or the rights of other parties. This standing requirement imposes limitations on litigants that generally prevent a plaintiff from asserting the legal claims of third parties. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (same); *Village of Arlington Heights v. Metro. Housing Develop. Corp.*, 429 U.S. 252, 263 (1977) ("In the ordinary case, a party is denied standing to assert the rights of third persons").

Here, Transocean has no standing to request the insurance-related declaratory relief that its Complaint seeks because it has not asserted any insurance claims of its own. Rather, Transocean's Complaint expressly seeks declarations of the rights and obligations of *other parties* — and only other parties. As its Complaint states, pursuant to the Declaratory Judgment Act, "Transocean seeks a judicial declaration *of Ranger's and the Transocean Excess Insurers' rights and duties as to BP, Anadarko, and MOEX,* if any, under the policies in connection with *BP's, Anadarko's and MOEX's* pollution-related liabilities for the oil emanating from BP's well." Transocean Compl. ¶ 22 (emphasis added). Specifically, Transocean seeks declarations that:

- "[t]he additional insured status of BP (or that of Anadarko and MOEX) in the policies . . . does not extend to the pollution liabilities BP,

- 5 -

        Anadarko and MOEX have incurred and will incur with respect to the release of oil from BP's well" (Transocean Compl., ¶ 23(B));

- the Insurers do not have "any additional insured obligations to BP, Anadarko and MOEX under any of the policies for the pollution liabilities BP, Anadarko, and MOEX have incurred or will incur with respect to the oil emanating from BP's well" (*id.*, ¶ 23(C)); and

- "BP, Anadarko and MOEX are not entitled to coverage under any of the Transocean's policies for the pollution liabilities BP, Anadarko, and MOEX have incurred and will incur with respect to the oil emanating from BP's well" (*id.*, ¶ 23(D)).

Because it has failed to assert or seek a declaration of any of its own insurance rights, Transocean lacks standing for the insurance-related declaratory relief it seeks.[5]

Accordingly, its claims should be dismissed under Rule 12(b)(1).

## II. Transocean's Complaint Fails To Plead Any Actionable Insurance Claim Against Any Of The Named Defendants And Simply Raises The Same Insurance Issues That Are Already Being Litigated Directly By The Interested Parties.

        Dismissal of Transocean's insurance claims is equally proper under Rule 12(b)(6). To survive a challenge under Rule 12(b)(6), the claimant must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))*; accord St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Where a claimant has asserted no identifiable legal right or

---

[5] Courts have recognized limited circumstances in which it may be necessary to grant a standing to assert the rights of another, but in such circumstances, the party seeking such "third-party standing" must show that there is "a hindrance to the possessor's ability to protect his own interests." *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). Here, Transocean has not alleged any basis for "third-party standing," and it plainly cannot make any such showing, as all of the relevant third parties — the Insurers, the BP Parties, Anadarko and MOEX — are already present in these Insurance Actions directly asserting their own rights, claims and defenses.

cognizable injury for which it seeks relief, dismissal is proper under Rule 12(b)(6).  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Here, Transocean has pleaded no actionable insurance claims against any of the named defendants (*i.e.,* the BP Parties, Anadarko, or MOEX), nor could it have done so.  The defendants named in its complaint are not insurers (Transocean has not sued any of the Insurers), and the defendants, of course, owe no insurance obligations to Transocean under the insurance policies that are the basis of Transocean's claims; Transocean has not alleged otherwise.

Moreover, the issue of what rights and obligations run between the BP Parties, Anadarko, and MOEX, on one hand, and the Insurers, on the other, is already pending before this Court, pursuant to the pleadings that have been filed by each of those parties in these Insurance Actions.  Transocean's Complaint, with its request for this issue to be adjudicated, adds nothing to the litigation — particularly insofar as Transocean does not seek any declaration of its own rights and obligations and has not sued any of the Insurers.

Further, the Declaratory Judgment Act, upon which Transocean's Complaint is predicated, does not grant "an absolute right on a litigant" to obtain a declaration in regard to the matter presented.  *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).  Rather, federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants" under the Act.  *Wilton*, 515 U.S. at 286.  In particular, under the Declaratory Judgment Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Id.* at 288; *see also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) ("it is a matter for the district court's sound discretion whether to decide a declaratory judgment action").

The Fifth Circuit has recognized that concerns of judicial economy and efficiency can weigh against the exercise of a court's discretionary jurisdiction under the Act, where the complaint in question risks needlessly duplicative or repetitive litigation. *See Sherwin-Williams Co.*, 343 F.3d at 391-92; *see also St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). In this instance, Transocean's insurance claims seek the very same declaratory relief that has already been sought by the Insurers themselves (including Transocean's own subsidiary, its wholly owned "captive" insurer, Ranger Insurance Company) in the Insurance Actions. In light of that fact, and because the Insurers are the relevant affected parties, allowing Transocean's duplicative claims to proceed is unnecessary, a waste of judicial resources, and a potential source for confusion.

Transocean has sought to litigate rights and obligations that are neither due by it nor owed to it. In so doing, it has failed to state a claim upon which relief can be granted and provided no sound basis for the Court's exercise of jurisdiction under the Declaratory Judgment Act.

### III. Transocean Has Failed To Join The Insurers, Whose Obligations It Seeks To Adjudicate, As Defendants, And The Insurers Are Necessary Parties.

Not only has Transocean failed to state a viable insurance claim against the defendants that it has named in its Complaint, but it also has failed to join as defendants the very Insurers that issued the policies on which its claims are based and whose obligations are the subject of the relief it seeks. Transocean has filed a complaint against the BP Parties, Anadarko and MOEX seeking declarations of their respective coverage rights and the Insurers' corresponding coverage obligations under insurance policies issued by the Insurers, yet it has not named any of the Insurers in its Complaint. *See* Transocean Compl., ¶ 5. Because Transocean's claims cannot properly be adjudicated without the Insurers as parties, its Complaint must be

dismissed in their absence. Failure to join a required party under Rule 19 of the Federal Rules of Civil Procedure is an independent ground for dismissal of a claim under Rule 12(b)(7). *See* Fed. R. Civ. P. 12(b)(7); *see also Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 977 (5th Cir. 1983).

The "basic question" presented by a Rule 12(b)(7) motion for dismissal on this ground is whether the suit "affects any rights" of the parties who have not been joined. *Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 231 (5th Cir. 2009); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118 (1968) ("whether a particular lawsuit must be dismissed in the absence of [a particular nonparty] can only be determined in the context of particular litigation"). A missing party "must" be joined to the action if failure to do so would "impair or impede the [nonparty]'s ability to protect [its] interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). Both risks are present here, as resolution of Transocean's claims undeniably, and expressly, depends on an adjudication of the rights and obligations of Transocean's Insurers.[6]

**A.    Failure To Join the Insurers Will "Impair Or Impede" Their Ability To Protect Their Interests.**

Transocean's Complaint expressly acknowledges, and is premised upon, the existence of an actual controversy "between Ranger [*i.e.,* the primary insurer], the Transocean Excess Insurers, Transocean, BP, Anadarko and MOEX." Transocean Compl., ¶ 21 (emphasis added). Transocean seeks a declaration of "Ranger's and the Transocean Excess Insurers' rights

---

[6] Transocean's failure to join the Insurers could be cured by an amendment to its Complaint that adds all of the pertinent Insurers as defendants. However, in light of the other defects in the Complaint under Rules 12(b)(1) and 12(b)(6) (as discussed above), any such amendment would not save the Complaint from dismissal.

and duties" with respect to the BP Parties, Anadarko and MOEX. *Id.* ¶ 22. Thus, by its terms, Transocean's suit does not simply implicate the Insurers' rights; it explicitly seeks to adjudicate them.

Parties must be joined to a suit when a judgment in their absence "effectively precludes them from enforcing their rights and they are injuriously affected by the judgment." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (quoting *Hilton v. Atlantic Ref. Co.*, 327 F.2d 217, 219 (5th Cir. 1964)); *see also Provident Tradesmens*, 390 U.S. at 110. In *HS Resources,* the Fifth Circuit found dismissal under Rule 12(b)(7) unwarranted because "the outcome of this litigation will not affect — let alone adversely affect — the rights" of the missing parties. 327 F.3d at 439. Transocean's Insurers are in precisely the opposite situation. Any declaration concerning the scope of the additional insured coverage provided to the BP Parties will directly affect the rights of the Insurers — and it will do so adversely, if the BP Parties (or for that matter, Transocean, Anadarko, or MOEX) establish that the Insurers have coverage obligations that they do not presently accept.

Prejudice to the Insurers is particularly likely because Transocean expressly represented in its motion to intervene that "Transocean's insurers' interests are plainly distinct from Transocean's." *See* Memorandum in Support of Transocean's Motion for Leave To Intervene (docket # 1667-1), at 13-14. Indeed, Transocean openly confesses that its agenda here is to "(1) ensure that its rights in the relevant policies are preserved" and "(2) prevent the insurance it purchased to protect itself—for its own obligations—from being depleted to fund obligations" that the Insurers may have to the BP Parties. *Id.* at 5. By its own admission, Transocean therefore is not in a position to advocate on behalf of the Insurers, particularly insofar as the Insurers have a legal duty of good faith requiring them to treat co-insureds equally.

- 10 -

Whether and how the Insurers seek to protect their interests with respect to the policies they issued can only be determined with the Insurers as parties to Transocean's claims.

### B. The BP Parties Face A Substantial Risk Of Prejudice If The Insurers Are Not Joined And Bound By A Judgment On Transocean's Claims.

Courts have also held that insurers are required parties under Rule 19 where, as in this case, their absence poses a risk of prejudice to the parties that are already present. *See, e.g.*, *Sta-Rite Indus., Inc. v. Allstate Ins. Co*., 96 F.3d 281, 285-85 (7th Cir. 1996) (finding that failure to join an insurer "would require duplicative litigation, and result in prejudice" to the parties already present); *Schlumberger Indus., Inc. v. National Sur. Corp*., 36 F.3d 1274, 1285-88 (4th Cir. 1994) (determining that proceeding without all of the present party's insurers would create "a practical possibility for prejudice to [the present party]"); *cf. Gonzalez v. Cruz*, 926 F.2d 1, 6 (1st Cir. 1991) (noting the risk of "piecemeal adjudication" when proceeding without required parties and instructing the district court to "evaluate the severity of this potential prejudice to the [present and absent] parties").

In *Schlumberger*, for example, the Fourth Circuit emphasized "[t]he potential for prejudice arising from different factual determinations" in different suits and the risk that the insured "will receive less than full coverage" as a result, noting that the insured would be unable to use findings preclusively against non-party insurers. *Id.* at 1286-87. Similarly, in deciding the insurance claims presented in Transocean's Complaint in Intervention, the Court could find that the Insurers owe the BP Parties "additional insured" coverage for all purposes claimed by the BP Parties, and yet, because the Insurers are not parties to Transocean's Complaint, that finding (and any factual underpinnings) might not have preclusive effect. The issue would have to be litigated again (as is already in the offing) in the present Insurance Actions, with potentially inconsistent results.

As the Supreme Court has noted, Rule 19 is intended to realize the interests of the courts and the public in "complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. at 109-11.  Failure to join the Insurers in Transocean's claims over their rights and duties is directly at odds with this principle.

**IV.    The Court Should Sever Or Stay Transocean's Non-Insurance Claim Because The Issue It Raises Is Already And More Properly The Subject Of Pleadings In Other Parts Of This MDL Proceeding.**

As noted above (*see* note 4, *supra*), Transocean's Complaint contains one paragraph that does not relate to insurance issues and that does not seek a declaration of insurance rights between the BP Parties (or MOEX and Anadarko) and the Insurers.  In Paragraph 23(A), Transocean requests a declaration that "BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well."  Transocean Compl., ¶ 23(A).

Because this request does not present an insurance issue at all, and is already the subject of claims and defenses already being litigated by Transocean and the BP Parties elsewhere in this MDL proceeding, it has no place in these Insurance Actions.  Rather, it should be severed (or stayed) for consideration in the MDL No. 2179 pleadings bundles to which it more properly belongs and within which it has been more fully pleaded. Rule 21 of the Federal Rules of Civil Procedure grants the Court broad discretion to sever claims in the interests of sound and efficient judicial management, and the effective management of this MDL proceeding warrants the exercise of this discretion when, as here, an underlying claim between principals has been unduly and duplicatively pleaded in the context of insurance litigation to which it does not properly belong.  *See* Fed. R. Civ. P. 21; *see also U.S. v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983) (under Rule 21, the court has "broad discretion in granting a severance" over "any" claim).

In any event, and irrespective of whether the Court is inclined to sever (or stay) the claim set forth in Paragraph 23(A) of Transocean's Complaint from these Insurance Actions, the Court (and the BP Parties) need not address that claim in this context or at this time. Under Rule 12(a)(4) of the Federal Rules of Civil Procedure, the filing of a motion to dismiss in respect to a portion of a complaint suspends the time to file a responsive pleading in respect to the remainder. *See* Fed. R. Civ. P. 12(a)(4); *see also McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375, at *1 (5th Cir. 2001) (per curiam) (unpublished table decision) (recognizing that no responsive pleading is due during the pendency of a defendant's motion to dismiss part of a plaintiff's complaint).

## CONCLUSION

For the reasons set forth above, the BP Parties respectfully request that the Court (a) dismiss with prejudice Transocean's insurance claims (Transocean Compl., ¶¶ 23(B)-(D)) under Rules 12(b)(1), 12(b)(6), and/or 12(b)(7) of the Federal Rules of Civil Procedure and (b) sever Transocean's sole non-insurance claim (Transocean Compl., ¶ 23(A)) from these Insurance Actions.[7]

---

[7] Absent the entry of a case management or other pre-trial order that specifies a different deadline, the BP Parties' response to any claims in Transocean's Complaint that may survive this motion will be due 14 days after the disposition of this motion. *See* Fed. R. Civ. P. 12(a)(4). In the alternative, the BP Parties move, under Rule 6(b)(1), to enlarge their time to respond to Transocean's Complaint until 14 days after any ruling on this motion, insofar as any portion of Transocean's Complaint may then remain.

Respectfully submitted,

/s/ David B. Goodwin

| | |
|---|---|
| Allan B. Moore | David B. Goodwin |
| Seth A. Tucker | M. Alexia dePottere-Smith |
| Christopher J. Wenk | Covington & Burling LLP |
| Covington & Burling LLP | One Front Street, 35th Floor |
| 1201 Pennsylvania Avenue, NW | San Francisco, CA  94111 |
| Washington, DC  20004-2401 | Tel:  (415) 591-6000 |
| Tel:  (202) 662-6000 | Fax:  (415) 591-6091 |
| Fax:  (202) 778-5575 | E-mail: dgoodwin@cov.com |
| E-mail:  abmoore@cov.com | E-mail:  adepottere@cov.com |
| E-mail:  stucker@cov.com | |
| E-mail:  cwenk@cov.com | |

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:  May 3, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of BP Parties' Motion to Dismiss Transocean's Complaint in Intervention has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of May, 2011.

/s/ Christopher J. Wenk
Christopher J. Wenk