**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig          MDL NO. 2179
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010        SECTION J

Applies to: *All Cases*              JUDGE BARBIER
                               MAGISTRATE JUDGE SHUSHAN

<u>ORDER</u>

**[Working Group[1] Conference on Friday, April 29, 2011]**

       This order reflects the action taken at the Working Group Conference on Friday, April 29,

2011, and the requirements for the Working Group Conference on **Friday, May 6, 2011**.  At 8:30

a.m. on Friday, May 6, 2011, there is a status conference before Judge Barbier with Professor

McGovern and Liaison and Coordinating Counsel.  The Working Group Conference in Magistrate

Shushan Judge Shushan's courtroom will follow the status conference with Judge Barbier.  There

will not be a conference with Magistrate Judge Shushan and the Liaison and Coordinating Counsel

after the Working Group Conference.  There will be two telephone/in person conferences on Friday,

May 6, 2011, following the Working Group Conference.  One conference will concern the request

for additional time for Tony Hayward's deposition.  Mr. Hayward's counsel will participate by

telephone.  The second conference concerns resolution of the issues raised by CSI Technologies and

BP with the topics and documents sought by Halliburton for the deposition of CSI Technologies.

**1.**        <u>**Douglas Brown and James Brent Mansfield**</u>.

       Brown and Mansfield are Transocean employees, who are represented by Jeff Seely in their

---

[1]  The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

claims against Transocean and other defendants.  They are event witnesses.  Their depositions are

sought by BP.  The Court's directions on the examination of Brown and Mansfield are applicable to other present or former Transocean employees with personal injury claims whether or not they are represented by Mr. Seely.

Brown, Mansfield and other Transocean employees with personal injury claims will be examined first pursuant to the procedures described in PTO No. 27 (Deposition Protocol) (Rec. doc. 1075) (the "joint examination").  At the conclusion of the joint examination, Transocean will examine the deponents on their personal injury claims.  The joint examination shall concern the employee's knowledge of facts.  For example, it is permissible to ask the deponent what, if anything, he thinks a defendant did wrong on April 20, 2010, but it is not permissible to ask the deponent for his contentions against a defendant.

Mr. Seely seeks the agreement of the defendants on two issues: (1) if the District Judge remands his clients' action, the entire case will be remanded including the claims against defendants added after the action was removed; and (2) a dismissal of their recently filed state court action will not be treated as a second dismissal for purposes of Fed. R. Civ. P.  41(a)(1)(B).  The defendants were asked to consider these issues.  If Mr. Seely's proposed agreement is not acceptable, they are to notify the Court.  If the proposal is acceptable, the parties will prepare a stipulation.  The status of the stipulation sought by Mr. Seely will be on the agenda for **Friday, May 6, 2011.**  Mr. Seely may participate by telephone.

2.     **Responder Defendants**.

The deposition of Doug Suttles is set for May 19 and 20.  He possesses information relevant to the defenses of the Responder Defendants.  They requested that they not be required to examine Suttles on May 19 and 20.  They raised issues concerning the document production for Suttles.

3

The Responder Defendants must participate in the deposition as they are scheduled, including the Suttles deposition.  A deponent will be ordered to reappear for a deposition, only if later in the proceeding the Responder Defendants demonstrate that: (a) certain documents were not available for the depositions and (b) there is good cause.

The Responder Defendants request additional time for the Suttles deposition.

**3.      Labor Day Break**.

From Wednesday, August 31, through Wednesday, September 7, 2011, there will be no activity.  Depositions will not be scheduled, and filings or submissions to the Court will not be required during the period.

**4.      Letters to the Court**.

Counsel were asked to refrain from attempting to file letters with the Clerk.  The Clerk will mark the letters deficient.  Letters to the Court are encouraged as a simpler vehicle for presenting certain issues.  The Court will instruct the Clerk to file such letters in the record.  They must be sent to the Court rather than the Clerk.

**5.      Document Production for London Depositions**.

BP reported that it intends to meet the schedule as outlined in the prior order.

**6.      Duration of Examination by Defendants**.

Transocean requested an additional 75 minutes and Cameron requested an additional 60 minutes with Feredian Abbassion (May 3 and 4).  Cameron's request was satisfied with 15 minutes from Weatherford, 20 minutes from the States, and 25 minutes from Anadarko/MOEX.  Transocean was ceded 25 minutes by the PSC, 10 minutes by the United States, and 15 minutes by Halliburton.  Abbassion's deposition shall be extended by 15 minutes.  Transocean responded that its request for

additional time was satisfied.

Transocean reported that it requests extra time for the deponents on the Fifth Amendment track if they do not invoke the privilege.  BP and Halliburton were asked to contact the counsel for Brian Morel (May 10), Bob Kaluza (May 27), and Jesse Gagliano (May 11), to determine if their clients still intend to invoke the privilege.  Transocean was asked to determine if  Jimmy Harrell (May 16 and 17) will invoke the privilege.

A list of the outstanding requests for additional time will be sent out.  Counsel will review the list and by **Wednesday, May 4, 2011**, report whether any time can be ceded to satisfy them.

On **Friday, May 6, 2011**, there will be a telephone conference with counsel for Tony Hayward, the PSC and BP to consider the PSC's request for additional time for the Hayward deposition.  The PSC and BP may submit letters on the issue.  The PSC asked for leave to submit an *in camera* letter.  BP responded that it will consider whether it could agree to such a procedure.

BP reported that it will seek a change in amount of time allocated to the PSC for the cross-examination of present or former employees of Transocean.

7.    **Procedures for securing documents from non-parties**.

Where documents are required from non-parties, counsel are urged to plan ahead so that subpoenas are issued for the production of the documents and the documents are produced in advance of the fact portion of the deposition.

8.    **Deadlines**.

Preliminary Exhibit and Witness Lists for Segment One of February 2012 Trial.

The deadline for parties to file preliminary lists of all witnesses who may or will be called to testify and all exhibits which may or will be used at Segment One of the February 27, 2011 trial

is extended to **Monday, May 9, 2011.**  Segment One, for current purposes, means all issues leading up to and arising out of the blowout of the Macondo well through April 22, 2010 when the Deepwater Horizon sank.  This may be further refined after Judge Barbier rules on all or parts of the trial plan.  Because the requirement for witness and exhibit lists is limited to Segment One, the Responder Defendants are not required to file witness and exhibit lists on May 9, 2011.

        <u>June 20, 2011 Deadline for Response to Cross-Claims</u>.

        BP sought clarification of the March 24, 2011 Stipulated Order (Rec. doc. 1730).  The order provides that June 20, 2011 is the deadline for:

> All Counterclaims by 14(c) Defendants in response to Cross-claims filed against them in the Limitation Action on May 20, 2011 by other 14(c) Defendants (in the Limitations Action only).

Rec. doc. 1730 at 6.  Because of statute of limitation issues, parties filed cross-claims on April  20, 2011.  There was agreement that even though these cross-claims were filed before May 20, 2011, the deadline to respond to them is June 20, 2011.

        <u>BP Third Party Claims</u>.

        BP and Halliburton will work on an agreement for the deadline to respond to third party claims.

        <u>April 29, 2011 Deadline for RFPs for Segment One of February 2012 Trial</u>.

        The deadline did not apply to interrogatories or requests for admission.

**9.**      **<u>Cost issues for non-party depositions</u>**.

        The statements will be circulated.  If a party contends that it is not reasonable, the statement will be submitted to the Court for a determination of its reasonableness.

10.  **Responses and response dates**.

Bundle A Complaints.

Bundle A includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010.  Transocean requested that June 15, 2011 be the uniform response date for everything in Bundle A.  BP requested that any answers already filed by it in Bundle A claims be deemed sufficient and it not be required to re-answer the complaints in Bundle A.  It was agreed that: (a) the *status quo* with a reservation of rights will be maintained for Bundle A complaints; and (b) no party is required to respond to a Bundle A complaint until after the motions pending in other bundles are resolved by Judge Barbier.

Bundle C Claims.

These are claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties.  Transocean will circulate a proposed order which will give everyone until May 19, 2011 to respond to the amended complaints by Alabama and Louisiana.

Local Government Master Complaint.

Transocean raised the issue of whether filing a response to this master complaint will suffice as a response to the claims filed by "local parish DA cases."[2]  It will present an order, which will give the defendants until May 31, 2011 to respond to the Local Government Master Complaint.  The responses will be deemed applicable to the local parish DA cases.

Amended B3 Master Complaint.

---

[2] See for example, State of Louisiana, by and through, Camille A. "Cam" Morvant II, District Attorney for the Parish of Lafourche of Louisiana verus BP Exploration & Production, Inc., 10-1757.

It was agreed that if a party filed a response to the original B3 Master Complaint, the response is deemed to be a response to the Amended B3 Master Complaint.

Master Answer.

Transocean reported that a preliminary review revealed three types of claims filed in the Limitation:  (a) civil economic losses; (b) personal injuries; and (c) government.  It was agreed that the Master Answer would apply to all three types of claims.  It shall specify the paragraphs that respond to each of the three types of claims.

**11.    Jurisdiction Discovery**.

Transocean reported that it was in discussion with the parties for a standstill agreement on jurisdiction discovery.  This discovery would be postponed until after the presentation of evidence for Segment One.  MOEX noted that the proposed agreement did not apply to it.

**12.    Fifth Amendment Procedures**.

Cameron raised questions about the procedures at the depositions of those persons who invoke the Fifth Amendment.  The parties will be permitted to go through their script and ask each question.  If a party does not want to ask individual questions, it is not required to do so.

**13.    Issues Concerning Discovery from BP**.

John Guide's Custodial File.

The PSC sought certification and production of Guide's custodial file.  BP reported that the Guide production would be made on Saturday, April 30, 2011, and the production would be sent by Federal Express.

Late Production of Documents.

The PSC contends there is a chronic problem with late production by BP and it may be a problem with Halliburton.  It applies to both custodial file production and "data production."  BP urged that these issues can be best resolved through email or discussion.  It cited two reasons why there will always be some late production: (1) the care required in preparation of the privilege logs; and (2) changes in the global search terms.  As the search terms were revised, new documents were picked up.  The PSC contends that the there is a problem with the process employed by BP in the production of the documents.

Privilege.

The PSC reported an issue with respect to privilege, but there was no discussion of the issue.

Load File for Texas City Documents.

BP reported that the Texas City Documents were produced without the load file.  The PSC reported that Mr. Coon did not provide the load file to it, so it cannot produce it to BP.  The parties were requested to submit a proposed order requiring Mr. Coon to provide the load file.

Documents Produced to Marine Board and Other Government Investigations.

The PSC reported that BP produced and continues to produce documents to governmental entities, for example the Marine Board.  The same documents are produced to the PSC with different Bates numbers.  The PSC finds references to the documents in the transcripts of the Marine Board proceedings but cannot readily find the documents because the production to the PSC was renumbered.  BP reported that the documents produced to the PSC were renumbered to keep track of what was produced.  When the PSC sought particular documents produced to the Marine Board, it produced them.  The PSC contends this procedure caused difficulties with deposition preparation and left insufficient time to secure particular documents from BP.

The Court asked BP to consider whether it would not be simpler to copy the files of documents produced to the Marine Board and other governmental entities as they now exist and going forward produce documents to the PSC with the Bates numbers on Marine Board documents.

Risk Assessment Documents.

Anadarko/MOEX reported a need for risk assessment documents from BP. The parties shall confer on this issue. If they are unable to resolve it, they shall notify the Court.

Confidentiality Designations.

The PSC contends that defendants' designations of documents and deposition testimony as confidential are excessive. Excessive designation of deposition testimony as confidential is a more critical issue than designation of documents. The Court responded that: (a) not every document produced by a defendant is a trade secret; (b) the defendants should be sparing in their use of the confidentiality stamp because it burdens the process; (c) the parties are not asked to revisit prior designations but be sparing going forward; and (d) the instances where a portion of a deposition is designated as confidential should be rare.

**14.     Issues Concerning Discovery from US.**

Privilege Log Identification for US/PSC Communications.

BP requested that the US produce all communications with any other party to the MDL. The US and the PSC contend that their communications are protected from disclosure and do not have to be logged. The parties shall confer on this issue. If they are unable to resolve it, they shall notify the Court.

Confidentiality issues.

The US will submit a motion for an amendment to PTO 13 (Rec. doc. 641) regarding confidentiality. It contends that there are issues which are unique to it. For example, it possesses confidential information from BP's competitors.

15.     **Issues Concerning Discovery from PSC**.

On April 26, 2011, the Court responded to BP's request for clarification on the April 29, 2011 deadline in the order of April 11, 2011 (Rec. doc. 1908) and indicated that: (a) the defendants could serve contention discovery on the PSC and "clean-up" document requests on the PSC; and (b) deadlines for the discovery would be set at the April 29, 2011 conference. In addition to contention interrogatories, BP wants to serve discovery for whatever the PSC has that it has not obtained from the defendants. For example, it seeks statements from witnesses that have not been produced. This discovery is limited to discovery relevant to Segment One.

     a.     By **Friday, May 13, 2011**, the defendants shall serve their contention and clean-up discovery on the PSC.

     b.     By **Monday, June 13, 2011**, the PSC shall respond to the discovery.

     c.     Any motions to compel concerning the PSC's responses to the discovery shall be filed by **Monday, June 27, 2011.** The mover shall request expedited consideration.

     d.     These same deadlines apply to any discovery served on: (a) the US; and (b) the States with claims pending in the Limitation.

     e.     The defendants shall coordinate their discovery to eliminate duplication of contention of interrogatories or RFPs.

16.     **PSC.**

The PSC reported that Wild Well Control was producing documents on a rolling basis. The document deposition on May 2, 2011 was cancelled. The fact deposition for Wild Well Control is confirmed for May 31, 2011.

17.     **BP**.

By **Friday, May 6, 2011**, it shall provide a final written designation for all topics on the Rule 30(b)(6) notice.

|  | No. | Name | Deposition Date |
|---|---|---|---|
|  | 88. | McKay David (NO) | May 11 and 12 |

Confirmed. McKay is a pre-incident surveyor for DNV.

|  | 29. | Skidmore, Ross (NO) | May 18 and 19 |
|---|---|---|---|

The deposition was moved from May 12 and 13.

|  | 108. | Sabins, Fred - Rule 30(b)(6) CSI | May 25-26 or May 26-27(tentative) |
|---|---|---|---|

CSI, BP and Halliburton continue to meet and confer concerning the topics and RFPs. If they are unable to resolve these issues before the next conference, there will be a conference on May 6, 2011 to resolve the issues.

|  | 96. | Cowlam, Gill (London) | June 7 |
|---|---|---|---|

All counsel agree that it will be one day deposition. It was scheduled for June 7 and 8.

|  | *** | Little, Ian (London) | June 9 and 10 (tentative)   Topic 19 |
|---|---|---|---|

Ian Little was scheduled for June 13 and 14. The PSC and others objected to moving him to June 9 and 10. BP was asked to determine if Little could remain scheduled for June 13 and 14 and travel to his meeting on June 15.

|  | 42. | Brown, David-Rule 30(b)(6) CSI Technologies(NO) | June 13 and 14 |
|---|---|---|---|

Confirmed.

34.   Tooms, Paul (London)        June 16 and 17 (tentative)

BP will try to schedule Tooms for June 15 and 16.

***   Kennelly, Daryl (NO)              June 16              Parts of topics 4 and 5

Confirmed.

***   Vinson, Graham (NO)        June 23              Topics 21 and 23

BP was asked to determine if Graham could be available for a second day (either June 22 or June 24) for a fact deposition in addition to his testimony on topics 21 and 23.

***   Johnson, Dennis (NO)        June 24              Topic 28

Confirmed.

21.   Mogford, John (London)        June 28 and 29

Confirmed.

***   Cowie, Jim (London)        June 29 and 30 (tentative)   Topic 8

Jim Cowie was scheduled for June 15 and 16 in London.  BP reported that he was not available on June 15 and 16 because of a worldwide meeting of his business group.  He was available on June 29 and 30.  The PSC objected to the change.  BP was asked to determine if Cowie was available June 2 or 3 or June 8 and 9.

192.   Rule 30(b)(6) Vector Magnetics (NO)        July 1 (tentative)

It may be necessary to subpoena the documents in advance of the deposition.  Halliburton will work with BP on the document production and any issues concerning the topics for the deposition.  BP raised the issue of reimbursement of the costs of counsel for Vector Magnetics.  The agreement of the parties does not include the costs of counsel for the non-party.

   \*\*\*  Sustala, Dennis (NO)   July 13         Topic 7

Confirmed.

   146.  Cargol, Mike

BP was the only party requesting Cargol.  It does not require his deposition.  By **Thursday, May 5, 2011**, the other parties shall notify the Court if Cargol should be retained on the Master List.

   \*\*\*  McKay, Lamar (NO)

BP and Halliburton continue to confer on this deposition.

   \*\*\*  Albertin, Martin (????)   BP Geophysical Advisor

A defendant requested that Albertin be added to the list.  At the April 29, 2011 conference, there was no action on the request to add Albertin to the Master List.

**18.**  **Transocean**.

154.  Holloway, Caleb (Houston)  May 19 and 20

Holloway has not filed a claim.  The deposition will be in Houston at the office of Mark Lanier, Holloway's attorney.

61.  Kuchta, Curt (NO)    July 14 and 15

   Kyle Schonekas, counsel for Kuchta, confirmed the deposition**.**

\*\*\*  Keeton, Jonathan    July 27 and 28

   Confirmed.

| No. | Name | Track | Requested by | Attorney |
| --- | --- | --- | --- | --- |
| 57. | Fleytas, Andrea | Event | PSC, et al | Kurt Arnold |

Fleytas filed a claimed.  The PSC shall: (1) select alternate dates for the deposition and communicate them to Mr. Arnold; (2) if he does not respond, the PSC shall select a date and notice the deposition; and (3) the PSC may report that it is acting on the Court's instructions.  This same

procedure shall be followed for each of the Transocean employees who filed a claim.  If the Transocean employee did not file a claim, the lead requesting party shall follow the same procedure as for Fleytas except the deposition shall be noticed for a location in the district in which the employee resides and a subpoena shall be served on the employee.

| 148. | Bertone, Stephen Ray | Event | BP/Halliburton | Kurt Arnold |
|------|---------------------|-------|----------------|-------------|
| 156. | Johnson, Bill | Plaintiff P/I | Transocean | Kurt Arnold |
| 157. | Johnson, Dustin | Plaintiff P/I | Transocean | Kurt Arnold |
| 163. | Seriale, Allen | Event | Halliburton | Kurt Arnold |
| 164. | Taylor, Carl | Plaintiff P/I | Transocean | Kurt Arnold |
| 165. | Watson, Nick | Plaintiff P/I | Transocean | Kurt Arnold |

Halliburton communicated with Mr. Arnold concerning Bertone, Bill Johnson, Dustin Johnson, Seriale, Taylor and Watson.  If Mr. Arnold does not respond by Wednesday, May 4, Halliburton shall give him two or three dates for each deponent and a deadline for selecting one of the dates.  If he does not respond by May 4 or does not respond to the suggested dates, Halliburton shall select dates, serve notices and issue subpoenas if claims were not filed.

| 160. | Morgan, Patrick | Event | Halliburton | Tony Buzbee |
|------|-----------------|-------|-------------|-------------|
| 162. | Sandell, Micah | Event | Halliburton | Tony Buzbee |

BP communicated with Mr. Buzbee concerning Morgan and Sandell.  BP shall proceed as outlined above for Fleytas.

| 166. | Wheeler, Wyman | Event | BP | Mike Walsh |
|------|----------------|-------|----|-----------|

BP shall attempt to contact Wheeler's counsel and proceed as outlined for Fleytas.

| 82. | Redd, Eddy | Source Control | PSC | |
|-----|-----------|----------------|-----|--|
| *** | Cameron, David | Source Control | PSC | |
| *** | Mr. Snedin | Source Control | PSC | |

Transocean and PSC will work to schedule two of these persons for the first two weeks in June in London.  Transocean expects that the PSC will not require all three persons.

| 155. | Ingram, James | Plaintiff P/I | Transocean | Kurt Arnold |
| 159. | Meinhart, Paul | Plaintiff P/I | Transocean | Kurt Arnold |

Transocean agreed to remove Ingram and Meinhart from the Master List.  Unless there is an objection before the May 6, 2011 conference, they will be removed from the Master List.

72.    Smith, N. Pharr (Transocean)

Because more than one party is requesting Smith's deposition, he will be restored to the Master List.  Transocean shall contact Pharr for dates for his deposition.

| 158. | McWhorter, Jim | Event (BOP) |
| *** | Boughton, Geoff | Event (BOP) |
| *** | Hackney, David | Event (BOP) |
| *** | Odenwald, Ray | Event (BOP) |

Because of their involvement with BOP issues, their depositions will be scheduled in July. Transocean shall confer with their counsel and obtain dates for their depositions.

| 167. | Williams, Michael (NO) | Event | BP | Paul Sterbcow |

A date has not been set for the deposition.

**19.    <u>Halliburton</u>**.

2.    Wright, John (NO)    June 9 and 10.

The deposition was moved from May 12 and 13 to June 9 and 10.

112.    Dril-Quip, Inc.    May 26 and 27

The deposition date is confirmed.  The issues with the notice were resolved.  It will not be on the agenda for May 6, 2011.

125.    Willis, Cathleenia    June 20 and 21    Kurt Arnold

After the motion for a protective order was denied, BP noticed the deposition for June 20-21.

**20.     Anadarko/MOEX.**

\*\*\*      O'Donnell, Allen      May 5

The deposition was moved from May 6 to May 5.

54.      Eric Guidry     Rule 30(b)(6) Randy Smith Training Sol.     May 9

The date is confirmed.  If there is a cost issue, it will be brought to the Court.  It will be removed from the May 6, 2011 agenda.

**21.     M-I Swaco.**

131.     Smith, J.R.            M-I Swaco

Halliburton reported that Smith is not required for a deposition.  It determined the name of the M-I Swaco employee it requires.  The parties are working to schedule the deposition.

M-I Swaco shall re-serve the PSC with its objections to the Rule 30(b)(6) notice.

**22.     Weatherford.**

193     Clawson, Bryan       Rule 30(b)(6) Weatherford      June 6 and 7

195.     Lirette, Brent       Rule 30(b)(6) Weatherford      June 6 and 7

The parties reached agreement on the notice.  Daniel Oldfather (No. 194) has not returned to work.  Weatherford will notify the parties when he does.  In the meantime he will be removed from the agenda.

**23.     DNV Deposition**

111.     Rule 30(b)(6)       DNV                    June 21 and 22

The deposition is confirmed for June 21 and 22.

New Orleans, Louisiana, this 4th day of May, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**