

**Fw: MDL 2179 - PTO # 27**

05/09/2011 07:38 AM

----- Forwarded by Marie Firmin/LAED/05/USCOURTS on 05/09/2011 07:37 AM -----

Dear Judge Shushan,

This is a very brief argument on the issue of allocation of time as set forth in PTO # 27 with regard to Transocean witnesses. Although my argument is brief, the issue is important. As the Court knows, Plaintiffs are allocated five hours for depositions of fact witnesses. In addition, the Plaintiffs go first, typically reserve a portion of their time, and then do "cleanup" after all sides have had their questioning of the witness. BP is allowed 1:15 unless it is ceded more time voluntarily or otherwise.

We believe that this allocation works unfairly in the case of Transocean witnesses. It may be apparent to the Court that there is a certain level of cooperation between the PSC and Transocean. Most recently, they filed a joint trial plan. No one is critical of the fact that alliances and cooperative endeavors arise during the course of multi-party litigation. We ask, however, that consideration be given to having a level playing field.

I have attached recent deposition transcripts for Daun Winslow and Adrian Rose. Both serve as high-level management at Transocean. Mr. Winslow was the shore-based rig manager who oversaw operations of four Transocean vessels working in the Gulf of Mexico, including the Deepwater Horizon. Mr. Rose was the corporate vice-president for safety. He subsequently served as Transocean's representative at the Unified Area Command during the response and now serves as vice-president, special projects, for all the sequelae of the Deepwater Horizon incident, including Transocean's own investigation, the report of which has not yet been released.

The Court will be hard-pressed to find a single true cross-examination question from the PSC representatives at either deposition. It will be readily apparent that the PSC examiner is seeking only Transocean testimony about BP's role in events rather than any critical look at Transocean's own role. Frankly, my argument is brief in this email because I believe the proof is found in the portion of the transcripts in which the PSC examiner questions the Transocean witness. If the Court wishes, I will be happy to excerpt and summarize particular portions of the transcript. In the meantime, the context may be best obtained by reviewing the PSC's examination of Messrs. Winslow and Rose.

Allocation of five hours to the PSC was made with the perspective that the plaintiffs have the burden of proof against Transocean and therefore are entitled to a larger share of the 15 hours total deposition time than a defendant such as BP.  But if the PSC chooses not to examine Transocean regarding Transocean's alleged fault, but rather to examine Transocean's witnesses about their view of BP's responsibility, then the five hour allocation, combined with the ability to open and close the questioning,  works an injustice to BP.

We appreciate the Court's consideration of this issue.

Don

Don K. Haycraft

(504) 556-4128 Direct
(504) 556-4108 Fax
dkhaycraft@liskow.com

New Orleans | Lafayette | Houston

One Shell Square

701 Poydras Street, Suite 5000

New Orleans, LA 70139

www.liskow.com

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.

 - Winslow, Daun 042011[1].pdf - Winslow, Daun 042111[1].pdf - 042511, Rose Adrian.txt - 042611 Rose, Adrian.txt