UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Working Group[1] Conference on Friday, May 6, 2011]

This order reflects the action taken at the Working Group Conference on Friday, May 6, 2011, and the requirements for the Working Group Conference on **Friday, May 13, 2011.**

**1.     Douglas Brown and James Brent Mansfield**.

At the April 29, 2011 Working Group Conference, Jeff Seely, the attorney for Brown and Mansfield, sought the agreement of the defendants on two issues. The first issue concerned the effect of a remand. Mr. Seely requested that if there is a remand, the entire case be remanded including claims against the defendants added after the action was removed. At the May 6, 2011 conference, Mr. Haycraft reported that the defendants agreed that the defendants added by plaintiffs' amendment number six would go with the remanded case and would not be separated from it. The defendants' stipulation resolves the first issue.

The second issue concerned the effect of a dismissal of the plaintiffs' recently filed state court action. Mr. Seely sought an agreement that a dismissal by Brown and Mansfield of their recently filed state court action would not be treated as a second dismissal for purposes of Fed. R. Civ. P. 41(a)(1)(B). At the May 6, 2011 conference, the parties did not report on whether there was

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

agreement on this issue.  This will be on the agenda for **May 13, 2011.**

**2.**     **Deadlines for BP Third Party Claims**.

The parties reported that May 20, 2011 is the deadline to respond to third party claims.  A stipulation will be filed in the record.

**3.**     **Response dates for Bundle C claims and Local Government Master Complaints**.

The stipulated order was signed by Judge Barbier on May 6, 2011.  See Rec. doc. 2273.

**4**.     **Jurisdiction Discovery**.

The stipulated order was signed by Judge Barbier on May 6, 2011.  See Rec. doc. 2274.

**5.**     **Issues Concerning Discovery from BP.**

   A.   Late production of documents.

The PSC and BP are working to resolve this issue.  It will be on the **May 13, 2011** agenda.

   B.   Investigation.

The Court received *in camera* submissions from the PSC (May 2 and 5) and BP (May 4). The Court requested an additional *in camera* submission from BP.

   C.   Load file for Texas City documents.

The PSC reported that it received information from Mr. Coon, it was working with a vendor, and it anticipated that the issue will be resolved.

   D.   Documents produced to Marine Board and other government entities.

The PSC and BP reported agreement on this issue.

   E.   Risk assessment documents.

Anadarko/MOEX reported that BP produced risk assessment documents and represented that all such documents have now been produced.  For now, Anadarko/MOEX accepts this

2

representation.

      F.    <u>Confidentiality designations</u>.

The PSC reported that going forward BP addressed the issue raised by the PSC concerning excessive confidentiality designations for deposition testimony. The PSC seeks an *in globo* resolution for prior depositions.

      G.    <u>Photographs of a Houston facility</u>.

The PSC raised the issue. The Court is not required to act on it at this time.

**6.** **<u>Issues Concerning Discovery from the U.S.</u>**

      A.    <u>Privilege log identification of US/PSC communications</u>.

The US reported that the parties are working on a proposed order.

      B.    <u>Confidentiality issue - proposed amendment to PTO 13 (Rec. doc. 641)</u>.

The US reported that it planned to submit an order prior to the May 13, 2011 conference.

**7.** **<u>Issues Concerning Discovery from the PSC and Government Entities</u>**.

BP contends that the purpose of the discovery sought from the PSC, the States and other government entities is to avoid surprise. The PSC contends that its August 15 expert reports for Phase One of the limitation period will respond to almost all of the contention interrogatories. It will respond to the contention interrogatories but state that its responses will be supplemented with the August 15 expert reports. The PSC and the States suggested that the responses by the States and the government entities to BP's interrogatories should be due after the PSC responds so they can adopt the PSC responses. The Court agreed that: (1) BP should be able to determine if the PSC, the States and local government entities have any evidence they may offer in Phase One which has not previously been produced, for example a statement of a witness; and (2) if the States and

3

government entities adopt and incorporate the PSC's responses and answer that they have nothing further, that is an acceptable response. This matter will on the agenda for **May 13, 2011.** For the present the following deadlines apply.

- a. By <u>Friday, May 13, 2011</u>, the defendants shall serve their contention and "clean-up" discovery for Phase One on the PSC, the US, the States and other government entities.

- b. By <u>Monday, June 13, 2011</u>, the PSC shall respond to this discovery.

- c. By <u>Monday, June 20, 2011</u>, the US, the States and other government entities shall respond to this discovery. They may adopt and incorporate the responses of the PSC.

- d. Any motions to compel concerning the PSC's responses to the discovery shall be filed by <u>Monday, June 27, 2011</u>. The mover shall request expedited consideration.

- e. Any motions to compel concerning the responses of the US, the States and other government entities shall be filed by <u>Tuesday, July 5, 2011</u>. The mover shall request expedited consideration.

- f. The defendants shall coordinate their discovery to eliminate duplication of contention interrogatories or RFPs.

**8.     BP's Request for Reallocation of Deposition Time for Transocean Witnesses.**

BP made its submission on this issue after the conference. The PSC was asked to reply by **Wednesday, May 11, 2011.**

**9.     Fifth Amendment Witnesses**.

The issue of deferring the depositions of the following persons until July was raised. The issue in each case is whether the circumstances in July will be such that the individual counsel for

these persons will permit them to testify rather than invoke the Fifth Amendment.

    J. Guide    He is set for May 9 and 10.  There is no information that he will invoke the Fifth Amendment.

    B. Morel    He is set for May 10.  Mr. Sterbcow was asked to communicate with his counsel.  On May 9, Mr. Sterbcow reported that Morel's deposition will be delayed until July.

    J. Gagliano    He is set for May 11.  It will not be rescheduled.

    M. Hafle    He is set for May 26.  It will not be rescheduled.

    R. Kaluza    He is set for May 27.  Shaun Clark, counsel for Mr. Kaluza, was asked to communicate with Mr. Sterbcow, who is to report to the Court.

    J. Harrell    His deposition was rescheduled from May 16 and 17 to July 11 and 12.

**10.**    **BP.**

By **Wednesday, May 11, 2011**, BP shall provide a final written designation for all topics on the Rule 30(b)(6) notice.  BP served the designation later in the day on May 6, 2011.

    ***    Jassal, Kal (NO)    Topic 1

    ***    Byrd, Mike (NO)    Topics 13 and 22-26

    108.    Sabins, Fred - Rule 30(b)(6) CSI    May 24 and 25

The deposition is confirmed.  The issues regarding the scope of the Rule 30(b)(6) and the documents to be produced are resolved.  The documents will be produced as promptly as possible.

    34.    Tooms, Paul (London)    June 16 and 17

Confirmed.

    ***    Vinson, Graham (NO)    June 23 and 24    Topics 21 and 23

5

Confirmed.

   \*\*\*    Cowie, Jim                             June 29 and 30        Topic 8

Confirmed.

192.    Rule 30(b)(6) Vector Magnetics (NO)        July 1 (tentative)

The arrangements for document production for the deposition remain incomplete. If the document production is not resolved by May 13, 2011, BP shall issue a subpoena for the production of the documents about two weeks before the July 1 deposition.

   \*\*\*    McKay, Lamar

BP and Halliburton reported that there was no agreement on adding McKay to the Master List. Before **May 13, 2011**, BP and Halliburton shall submit letters on the issue. The PSC and the US join in Halliburton's request for McKay's deposition.

   \*\*\*    Albertin, Martin

Albertin was added to the Master List. At the **May 13, 2011** conference, BP shall report on possible dates for his deposition.

2.    Wright, John        Boots & Coots        June 9 and 10

At Halliburton's request, the PSC will serve him with a subpoena for his deposition.

**11.**    <u>**Ian Little-June 9 and 10(tentative)**</u>.

At the April 8, 2011 conference, Mr. Little was added to the UK deposition schedule at the request of Halliburton and others. In addition to the fact deposition, BP designated him as one of two persons to testify on topic 17 (the determination of the well design for the Macondo Well). The designation is for centralizers, cement design and evaluation, temporary abandonment procedure, and float collar. It also designated him on topic 19 (any financial incentives for BP personnel

6

working on the Deepwater Horizon and/or the Macondo Well).

As of April 15, 2011, Mr. Little was tentatively scheduled in London for June 13 and 14. On April 29, 2011, BP reported that: (a) he was not available on June 13 and 14; and (b) he was available on June 9 and 10. The PSC objected to this change. BP was asked to determine if he could remain on the schedule for June 13 and 14. On May 6, 2011, BP reported that Mr. Little was not available on June 13 and 14 and because of the breadth and importance of topic 17 (well design), Mr. Little would be deposed about a week later on topic 17. Because of logistic issues, the PSC and the US objected to such a split in Mr. Little's deposition. This issue will be on the **May 13, 2011** agenda.

**12.    Transocean**.

Transocean reported an agreement concerning the depositions of Transocean employees who sued Transocean. It is not presenting these witnesses and they are deemed hostile to it. Transocean and BP will each have 90 minutes during the liability phase of the depositions.

| 57. | Fleytas, Andrea | July 25 and 26 | Kurt Arnold |
|---|---|---|---|

PSC is to confirm the deposition dates with Mr. Arnold.

| 164. | Taylor, Carl | July 14 and 15 | Kurt Arnold |
|---|---|---|---|
| 165. | Watson, Nick | July 14 and 15 | Kurt Arnold |
| 156. | Johnson, Bill | July 25 and 26 | Kurt Arnold |
| 163. | Seriale, Allen | July 25 and 26 | Kurt Arnold |
| 148. | Bertone, Steve | July 27 and 28 | Kurt Arnold |
| 157. | Johnson, Dustin | July 27 and 28 | Kurt Arnold |

On Friday, May 6, 2011, Halliburton reported that it had confirmed the dates for the

depositions of Taylor, Watson, Johnson, Seriale, Bertone and Johnson with Mr. Arnold.

| | | |
|---|---|---|
| 155. | Ingram, James | Kurt Arnold |
| 159 | Meinhard, Paul | Kurt Arnold |

BP reported that it wanted to keep Ingram on the Master List. On Friday, May 6, 2011, Halliburton reported that Mr. Arnold is looking at dates for Ingram and Meinhard. Halliburton shall report on the status of Ingram and Meinhard at the **May 13, 2011** conference.

| | | |
|---|---|---|
| 160. | Morgan, Patrick | Tony Buzbee |
| 162 | Sandell, Micah | Tony Buzbee |

BP shall communicate to Mr. Buzbee that the Court requests confirmed dates for the depositions of Morgan and Sandell before the **May 13, 2011** meeting.

| | | |
|---|---|---|
| 166 | Wheeler, Wyman | Mike Walsh and Fred Robinson |

BP shall report on **May 13, 2011** on its efforts to obtain confirmed dates for Wheeler from Mr. Walsh, the individual counsel, or Mr. Robinson, the personal injury counsel.

| | | |
|---|---|---|
| *** | Cameron, David (UK) | June 13 and 14 |
| *** | Mr. Sneddon | |
| 82. | Redd, Eddy | |

Cameron, Sneddon and Redd are source control witnesses so they are Phase Two witnesses. Transocean is working to produce two of them in London because it is more convenient to produce them there than in the United States. The deposition of Cameron is confirmed. Transocean is working to confirm either Sneddon or Redd.

72. Smith, N. Pharr

Smith is a former Transocean employee. It was agreed that Transocean and its counsel may

represent him at his deposition and he will not be required to have independent counsel. Transocean will not treat him as a hostile witness who it may cross-examine. Transocean will secure dates for his deposition.

| 158 | McWorter, Jim | July 20 and 21 |
| *** | Hackney, Geoff | July 25 and 26 |
| *** | Odenwald, Ray | July 27 and 28 |
| *** | Boughton, Geoff | |

The dates for McWorter, Hackney and Odenwald are confirmed. Transocean is working on the date for Boughton. They are event witnesses whose testimony will concern the BOP.

| 167 | Williams, Michael | July 20 and 21 |

The PSC confirmed the dates for the deposition.

| 147. | Ambrose, Bill | July 18 and 19 |

The deposition of Ambrose was moved from June 27 and 28 to July 18 and 19.

| *** | Hadaway, Troy James | |

Hadaway was the Rig Safety and Training Coordinator (RSTC). BP believes he was aboard the vessel at the time of the accident. BP requests his addition to the Master List. Transocean shall attempt to secure dates for his deposition.

**13.  United States.**

| *** | Patton, Frank | July 13 and 14 |

BP and the US confirmed the dates for Patton's deposition.

**14.  London Depositions**.

The PSC described the arrangements it was attempting to secure from a court reporting firm

9

for the London depositions.  The Court suggested: (a) a dry run to test the communications; (b) lunch breaks at 1:00 p.m. (UK time) to permit communications with the Court at 7:00 a.m (N.O. time) to resolve issues (if any) arising during the morning sessions; and (c) a conference call at 5:30 p.m. (UK time) and 11:30 a.m. (N.O. time) to resolve issues (if any) arising during the afternoon sessions.

The arrangements for the deposition of Carter Erwin, a Cameron witness, were discussed.

**15.** **Witness Lists for Phase One**.

By **Monday, May 9, 2011**, the parties shall file preliminary lists of all witnesses who may or will be called to testify and all exhibits which may or will be used at Phase One of the February 27, 2012 trial.  This list shall include: (a) any fact witnesses who are not required for opinions of experts concerning Phase One; and (b) any person a party wants to depose before Phase One of the February 27, 2012 trial whether or not the person may be called by the party at the trial.

**16.** **Master Lists for Source Control and Quantification Tracks**.

On May 5, 2011, BP circulated two lists which included input from the United States.  By **Friday, May 13, 2011**, all parties shall provide input into the lists prepared by BP.  By noon on **Thursday, May 20, 2011**, BP shall email the Court a Source Control Track list and a Quantification Track list with input from all parties.  As these lists are prepared, the parties shall pare them down as much as possible.  The lists shall include only those persons who must be deposed to prepare expert reports on Source Control and Quantification.

**17.** **Definition of Source Control**.

It is agreed that: (a) the Macondo well was effectively killed (not flowing) as of July 15, 2010; and (b) it was formally declared dead on September 19, 2011.  BP believes that, because the

Unified Command continued with source control efforts, including the drilling of the relief wells, through September 19, a Source Control period that ends with September 19 is more appropriate than one ending on July 15.  The PSC does not view Source Control as a chronological issue.  The issue is why the well was not capped earlier.  The United States is concerned about the burden imposed on its agencies and staff by a longer period.

The Court responded that: (a) to prepare for Phase Two it is easier to work with a chronologically defined period of time; (b) there is logic to ending with September 19; and (c) there is a need for information on what occurred between July 15 and September 19 to determine how the period should be defined.

**18.    Quantification**.

The PSC intends to present, primarily through expert testimony, a model which it contends will demonstrate that there would have been a much smaller oil plume if the Macondo well had been capped earlier.  Anadarko/MOEX responded that: (a) how much oil came out of the well as of July 15 is part of Phase Two; and (b) the amount that reached beaches, where it flowed and why it flowed is part of Phase Three.  The Court responded that the issue will be discussed further.

**19.    Requests for Additional Time**.

The request for Halliburton for additional time for the deposition of John Guide was resolved with time ceded by Cameron, Alabama and the PSC.  Guide's counsel, Corey Rubenstein, objected to extending the deposition.  The Court increased Guide's deposition by 60 minutes with 30 minutes added to each day unless the parties agree to another division.

A ruling will be issued on the remaining requests for additional time through May 12, 2011.

New Orleans, Louisiana, this 9th day of May, 2012.

                                                **SALLY SHUSHAN**
                                   **United States Magistrate Judge**