UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § <br> "DEEPWATER HORIZON" in the § <br> GULF OF MEXICO on § <br> APRIL 20, 2010 § <br> § <br> Applies to: § <br> § <br> *Trahan v. BP, PLC, et al.* § <br> No. 2:11-CV-0263 § | | MDL No. 2179 <br><br> SECTION: J <br><br> Judge Carl J. Barbier <br> Magistrate Judge Sally Shushan |

**REPLY IN FURTHER SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

Trahan's Response Memorandum in Opposition to M-I L.L.C.'s Motion to Dismiss ("Opp.") cannot overcome his Petition's failure to make allegations that support a claim against M-I L.L.C. ("M-I"). As explained in M-I's Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion To Dismiss Plaintiff's Original Petition ("M-I MTD"), Trahan's claims must be dismissed because he fails to allege that he can satisfy the elements of a negligence or products liability claim. His opposition does not point to any additional facts or authority that can save his claims. Accordingly, Trahan's claims against M-I should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for which relief can be granted.

ANALYSIS

I.  **The Court May Rule On M-I's Motion To Dismiss At This Time.**

As an initial matter, Trahan argues that this Court may not rule on M-I's motion to dismiss because Trahan has filed a motion to remand. Opp. 1-2. This Court, however, has stayed all motions to remand and ruled that it will "organize and prioritize the continued motions and in due course, set the motions for hearing." Dkt. No. 676 (Nov. 15, 2010 PTO No. 15). The Court has also ordered that the parties file and respond to motions to dismiss. Dkt. No. 1506

(Mar. 3, 2011 PTO No. 32).  This Court has jurisdiction to rule on M-I's motion to dismiss, and M-I will brief the remand issue when the Court requests it to do so.

## II.     Trahan Fails To Adequately Plead Any Claims Against M-I.

As M-I stated in its MTD, a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully" to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  This standard is not to be taken lightly.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

Trahan implies that *Twombly* and *Iqbal* standards apply only in the context in which those two cases arose:  discrimination and antitrust actions.  Opp. 5.  There is absolutely no support for this proposition.  *Twombly* and *Iqbal* are not limited to their subject matter, but rather, state a general rule regarding pleading standards and evaluating a motion to dismiss under Rule 12(b).  Trahan suggests that in "the factual and legal context of the *Deepwater Horizon* litigation," pleading standards should be relaxed.  Opp. 5.  Again, Trahan has no support for this argument.  Indeed, given the scope of this litigation, this Court has "the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Twombly*, 550 U.S. at 558 (citation and quotation marks omitted).

Trahan must plead facts sufficient to give M-I notice of the claims against it.  Trahan makes vague negligence allegations about "Defendants," but the only specific fact he pleads regarding M-I is that it was the drilling fluids specialist.  Pet. ¶ 15.  He does not explain how drilling fluids or M-I played any role in causing his alleged injuries.  Making general allegations regarding "Defendants" collectively does not provide fair notice to M-I and thus does not satisfy federal pleading standards.[1]  *See Two Old Hippies, LLC v. Catch the Bus, LLC*, No. CIV 10-0459

---

[1] Contrary to Trahan's suggestion, Opp. 6-7, courts have dismissed complaints with collective allegations against multiple defendants involving a variety of claims, not just claims like RICO with heightened

JB/RLP, 2011 WL 831302, at *14 (D.N.M. Feb. 11, 2011) (stating that it is particularly important to avoid collective allegations against multiple defendants when the liability of some defendants "turns on their individual participation in the alleged activities"); *Powell v. Residential Mortg. Cap.*, No. C 09-04928 JF (PVT), 2010 WL 2133011, at *3 (N.D. Cal. May 24, 2010) ("Treating disparate parties identically without explanation, as Plaintiff does throughout the complaint, deprives each individual defendant a fair and meaningful opportunity to defend itself."); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009) (dismissing claims based on "blanket allegations against all Defendants" because the lack of specificity "fail[s] to give the [defendants] notice of what they would be required to defend against").

Trahan maintains that because M-I has been associated with the *Deepwater Horizon* (without providing citation for this assertion), he should be relieved of his obligations to allege facts as required by the Supreme Court. Opp. 5. But Trahan cannot escape his obligation to satisfy the pleading requirements by asserting that M-I's role in the incident is "known." *Id*. Trahan must allege facts specific enough to give M-I fair notice of the specific claims against it, not claims generally against all parties associated with the *Deepwater Horizon*. Because he has failed to do so, Trahan's Petition should be dismissed.

---

pleading requirements. *See*, *e.g.*, *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) (claim under 42 U.S.C. § 1983); *Bentley v. Bank of Am.*, No. 10-60941-CIV-DIMITROULEAS, --- F. Supp. 2d ---, 2011 WL 1097452, at *4-6 (S.D. Fla. Mar. 23, 2011) (various statutory claims and invasion of privacy); *Grant v. WMC Mortg. Corp.*, No. CIV. 2:10-1117 WBS KJN, 2010 WL 2509415, at *2-3 (E.D. Cal. June 17, 2010) (negligence and intentional infliction of emotional distress); *Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2010 WL 729496, at *1 (D. Ariz. Feb. 26, 2010) (various statutory and constitutional claims).

### III. Trahan's Petition Fails To State A Claim For Negligence Against M-I.

In his negligence claim, Trahan pleads only that "M-I was the drilling fluid specialist for the Deepwater Horizon." Pet. ¶ 15. All his other references to M-I are merely a "'formulaic recitation of the elements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Now, with the benefit of substantial discovery in this case, Trahan has still failed to amend his Petition. While the allegations of a complaint are taken as true for the purposes of deciding a 12(b)(6) motion, Trahan is still required to at least plead that he can prove the elements of his causes of action. Because he has not even pleaded that the elements of his negligence claim are satisfied, the claim should be dismissed.

#### A. Trahan Fails To Allege That The Elements Of Negligence Are Satisfied.

"To establish maritime negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (alteration in original) (internal citation and quotations omitted). Trahan does not—and cannot—allege facts that connect M-I to his cause of action. Trahan alleges only that "Defendants" caused his injuries through a list of 26 acts, none of which are linked to M-I. Pet. ¶ 26. Trahan does not allege a factual basis to show that M-I owed a duty to Trahan, that it breached its duty, or that it caused Trahan's injury.

Trahan may not save his claims by making the general assertion in his Opposition that this Court should rely on "other parties' complaints." Opp. 6; *see Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (holding "a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'" (citation omitted)). Trahan's Petition must

survive on its own merit, not by attempting to piggyback on a more thorough complaint filed by another party.

Trahan's reliance on *Wright v. Shell Offshore, Inc.*, No. 10-2108, 2011 WL 690530, at *1 (E.D. La. Feb. 17, 2011), to support his argument that his complaint is properly pleaded is misplaced. In *Wright*, the plaintiff alleged that a hazardous chemical caused his injuries while working aboard ships, and he specifically alleged that the hazardous substance directly causes his injuries. *Id*. But here, Trahan was not injured by M-I's drilling mud. Rather, his own Petition alleges that he was injured "as a result of the explosion and fire." Pet. ¶ 25. The fatal flaw in Trahan's claim is that he fails to allege how any unidentified problems with the drilling mud (as opposed to problems in how Transocean and BP used the drilling mud) caused the fire and explosion.[2]

Because he does not allege any facts that could plausibly show that M-I owed him a duty, breached that duty, and caused him damages, Trahan's negligence claim should be dismissed.

### B. As A Matter Of Law, *Res Ipsa Loquitur* Is Not Available To Trahan.

Trahan generally pleads the doctrine of *res ipsa loquitur*. Pet. ¶ 27. Trahan admits that *res ipsa loquitur* applies only where, among other things, "the instrumentality causing the injury was under the exclusive control of the defendant." Opp. 12. Trahan's Petition, however, fails to allege that M-I had exclusive control over any instrumentality causing his injury. Rather, Trahan specifically pleads that other entities—Transocean and BP—had control over operations on the rig. Pet. ¶¶ 23-25. Trahan's own Petition, which must be taken as true for the purposes of

---

[2] Trahan also criticizes M-I's purported reliance upon *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir. 1987), *Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ.A. 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000), *Hernandez v. Creative Group, Inc.*, No. 09-7514, 2010 WL 3720533, at *3 (E.D. La. Sept. 10, 2010), and *Gonzales v. Brazley*, Civil Action No. 09-137, 2009 WL 2411800, at *7 (E.D. La. Aug. 4, 2009). *See* Opp. 10-11. However, M-I never cited these cases nor used them in any way in its motion to dismiss.

deciding a motion to dismiss under Rule 12(b)(6), alleges facts that defeat his claim for *res ipsa loquitur*.

In support of his position that *res ipsa loquitur* is appropriately applied in this case, Trahan relies entirely on the Fifth Circuit's decision in *Bradshaw v. Freightliner Corp.*, 937 F.2d 197 (5th Cir. 1991). Nothing in *Bradshaw* alters the standards for applying *res ipsa loquitur*, which requires that the "plaintiff show the defendant was in *exclusive control of the instrumentality* at the time the negligence occurred." *Id.* at 201 (emphasis added). In *Bradshaw*, the plaintiff sought recovery for injuries suffered when the driver's seat in his vehicle collapsed while he was driving. *Id.* at 199. The plaintiff alleged that the seat was negligently manufactured *exclusively* by the defendant and that the defective seat was a cause of his injuries. *Id.* at 199-200. Here, Transocean and BP, by Trahan's own pleading, had control over operations on the rig. Pet. ¶¶ 23-25. Indeed, Trahan specifically alleges that BP "directed activities on the vessel" and that BP "chose to replace the mud with seawater." Pet. ¶¶ 24-25.

Trahan attacks *Michaels v. Avitech, Inc.*, 202 F.3d 746 (5th Cir. 2000), and other cases cited by M-I, as being inapplicable in the 12(b)(6) context because they deal with summary judgment motions or trials. Opp. 12 n.4, 13 (citing cases in M-I MTD 5). This argument is without merit. Courts must consider the applicable law relating to the elements of a plaintiff's claim when ruling on a 12(b)(6) motion, and there is no requirement that the applicable law be gleaned only from 12(b)(6) decisions. *Accord Iqbal*, 129 S.Ct. at 1947 (noting that, "we begin by taking note of the elements a plaintiff must plead to state a claim").

As a matter of law, the doctrine of *res ipsa loquitur* is not applicable to Trahan's negligence claim.

C.   **Trahan Does Not Contest The Inapplicability Of Negligence *Per Se*.**

In its motion to dismiss, M-I demonstrated that any claim based on negligence *per se* fails because Trahan did not identify any specific statute or regulation he contends M-I violated. M-I MTD 4. Trahan failed to dispute this contention. Therefore, this Court should rule as a matter of law that the doctrine of negligence *per se* is unavailable to Trahan. *See, e.g., Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citations omitted) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8, 2004 WL 1178772 (D.C. Cir. May 27, 2004).

IV.   **Trahan's Conclusory Allegations Relating To His Products Liability Claim Do Not Survive A Motion To Dismiss.**

Trahan argues that his general allegation that M-I's drilling fluid was "unreasonably dangerous" because it was "defectively designed, manufactured, marketed, assembled, sold or otherwise placed in the stream of commerce" can survive a 12(b)(6) motion to dismiss. Opp. 14; Pet. ¶¶ 29-31. However, his allegations are nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Therefore, they are insufficient to plead a products liability claim.

The Fifth Circuit recently affirmed the dismissal of a complaint for failure to state a manufacturing defect claim in a non-maritime context because the complaint "does not specify the manufacturing defect, nor does it specify a causal connection between the failure of the specific manufacturing process and the specific defect in the process that caused the personal injury. Nor does the complaint tell us how the manufacturing process failed, or how it deviated from the FDA approved manufacturing process." *Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th

Cir. 2011). Like the complaint dismissed in *Funk*, Trahan's Petition fails to allege any facts relating to how the elements of a products liability claim are met. Accordingly, his claim should be dismissed.

**V.   Because The Petition Fails To Satisfy the *Twombly/Iqbal* Standard, Dismissal Is Warranted.**

Trahan has the benefit of extensive discovery and has not even offered the Court a proposed complaint that might satisfy the pleading requirements of *Twombly/Iqbal*. The parties have now completed all the briefing regarding the motion to dismiss Trahan's Petition. Yet Trahan asks that, if his Petition is insufficient, he be allowed leave to file an amended complaint. Opp. 15-16. M-I has already spent much time and effort responding to Trahan's Petition. If Trahan had a valid claim against M-I, he should have already alleged it. Because the parties have already completed all their briefing, and Trahan has yet to even offer a proposed amended complaint, this Court should dismiss Trahan's Petition rather than allowing him to amend.[3]

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in M-I's Memorandum of Law in Support of its Motion to Dismiss, M-I respectfully requests that this Court dismiss all claims asserted against it in Trahan's Original Petition.

---

[3] If this Court does allow Trahan to file an amended complaint, M-I requests the opportunity to re-brief its motion to dismiss as to the operative complaint.

May 9, 2011                                  Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone:   (305) 415-3000<br>Facsimile:    (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>       Hugh E. Tanner<br>       htanner@morganlewis.com<br>       Texas Bar No. 19637400<br>       1000 Louisiana, Suite 4000<br>       Houston, Texas 77002<br>       Telephone:   (713) 890-5000<br>       Facsimile:    (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas 77002<br>Telephone:   (713) 890-5000<br>Facsimile:    (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply in Further Support of M-I's Motion To Dismiss Plaintiff's Original Petition has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 9th day of May, 2011.

                                                  /s/ *Hugh E. Tanner*
                                                  Hugh E. Tanner