IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>Nos. 10-4239, 10-4240 and 10-4241 | * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

**BP DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINTS BY PLAINTIFFS MEXICAN STATES OF TAMAULIPAS, VERACRUZ, AND QUINTANA ROO**

In March 2011, BP moved to dismiss the First Amended Complaints filed by the Mexican States of Tamaulipas, Veracruz, and Quintana Roo.  Other defendants also filed dismissal motions.  The Mexican States filed briefs opposing defendants' motions to dismiss and, later that same day, filed a motion for leave to amend their complaints yet again.  The Mexican States' untimely motion to amend violates the Court's scheduling orders and lacks any justification.  It should be denied.  Alternatively, the Court should defer ruling on the Mexican States' motion to amend pending a decision on the dispositive motions filed by BP and the other defendants.

**ARGUMENT**

The Mexican States of Tamaulipas, Veracruz, and Quintana Roo filed their initial and First Amended Complaints in September 2010, nearly eight months ago.  Those complaints were transferred into MDL 2179 on November 4, 2010.  (Conditional Transfer Order (CTO-5), Rec. Doc. 680.)  Under this Court's March 3, 2011 Stipulated Order Governing Defendants'

Responses to Bundle C Complaints, any answer or other response to then-pending complaints filed by governmental entity plaintiffs (with the exception of the complaints filed by the United States of America and the State of Alabama) were due on March 28, 2011.  (Case No. 2179, Rec. Doc. 1500.)  Accordingly, on March 28, BP filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Complaints Filed by Certain Governmental Entities in Pleading Bundle C, directed against the Mexican States' amended complaints, among others.  (Rec. Docs. 1786, 1786-1.)  Other defendants—including Anadarko, MOEX, and Halliburton—also filed motions to dismiss.  (Rec. Docs. 1422, 1423, 1424, 1781, 1782, and 1783.)

The Mexican States had more than four months before the March 28 deadline for responsive pleadings/motions in which to pursue further amendment of their complaints.  Instead, the Mexican States waited until April 26, 2011—the same day they filed their brief opposing BP's Motion to Dismiss—to move for leave to file second amended complaints.  Because the Mexican States' motion violates the Court's scheduling orders and lacks any basis, it should be denied.

First, the Mexican States' motion is untimely and violates PTO 11 (CMO 1).  PTO 11 expressly provides that, "[i]n existing cases for Pleading Bundles not subject to the filing of a Master Complaint, *amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown)*."  (PTO 11 (CMO 1) ¶ IV.A. (emphasis added).)  Thus, the deadline for the Mexican States to amend their pleadings was December 15, 2010.  Their request to do so more than four months later, in April 2011, contravenes PTO 11.[1]

---

[1] PTO 11 does provide that "counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the desirability of a Master Complaint for governmental claims" asserted under Pleading Bundle C.  (PTO 11 (CMO 1) ¶ III.C.)  As the Court knows, a Local Government Entity Master Complaint was authorized and filed on March 4, 2011, in accordance with PTO 33 (more than seven weeks before the Mexican states filed the current motion to amend).  (*See* Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint, Doc. Rec. 1510;

2

Second, the Mexican States' belated request to amend also disregards the Court's March 3, 2011 Stipulated Order Governing Defendants' Responses to Bundle C Complaints. That Order established a March 28 deadline for defendants to answer or otherwise respond to the Mexican States' amended complaints. Now that BP and other defendants have moved to dismiss pursuant to the March 3 Stipulated Order, the Mexican States seek effectively to avoid that Order's terms and moot defendants' dispositive motions. As the Court made clear at the April 29 status conference in response to the State of Louisiana's untimely and unauthorized brief relating to BP's Motion to Dismiss the B1 First Amended Master Complaint, a party "doesn't have the right to violate the scheduling orders and the case management orders of the Court." (4/29/11 Tr. of Status Conf. Proceedings, at 47.)

Third, contrary to the Mexican States' argument, their request to amend is governed by Federal Rule of Civil Procedure 16(b), not Rule 15(a). (*See* Mem. in Support of Mot. for Leave to File Sec. Am. Cmplt. by Pltfs. Mexican States of Tamaulipas, Veracruz, and Quintana Roo ("Mexican States Mem."), ¶ 5, Rec. Doc. 2150-1.) Where, as here, the Court has entered a scheduling order, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired" and requires "good cause" for any modification. *S&W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Duenas v. Hyatt Corp.*, Civ. A. no. 3:07-CV-1147-O, 2008 WL 2673779, at *1 (N.D. Tex. June 25, 2008) ("Because Plaintiffs filed their motion for leave to amend the complaint after the deadline set in the scheduling order expired, their motion 'implicitly requests that the court amend the scheduling order.'") (citation omitted). Accordingly, "[o]nly upon the movant's demonstration

---

3/9/11 PTO 33 ¶ 2, Doc. Rec. 1549.) However, the Local Government Master Complaint does not apply to, and was not brought on behalf of, the Mexican States.

3

of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536; *see also id*. at 536 n.4 ("[W]e conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary.").

Under Rule 16, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright *et al*., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *Nunn v. State Farm Mut. Auto. Ins. Co.*, Civ. A. no. 3:08-CV-1486-D, 2011 WL 248523, at *2 (N.D. Tex. Jan 26, 2011) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order.") (citation omitted).  Without diligence, "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, Civ. A. no. 3:07-CV-01184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010). While courts ordinarily will consider various factors in the context of untimely motions to amend pleadings, *see S&W Enters.*, 315 F.3d at 536, if the party seeking the modification "was not diligent, **the inquiry should end**." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (cited in *S&W Enters.*, 315 F.3d at 536 n.1) (emphasis added); *see, e.g., Barnes*, 2010 WL 5027040, at *2 ("Plaintiff's lack of diligence in timely amending his pleading is paramount.").

Here, the Mexican States do not claim, much less attempt to show, that they have been diligent or that good cause exists for amending their pleadings a second time.  Moreover, the reasons they proffer for their belated request to amend do not bear scrutiny.

As an initial matter, that the Mexican States "have elected and sworn in new Governors" is not a legal basis for seeking or allowing amendment. (Mot. for Leave to File Sec. Am. Cmplt. by Pltfs. Mexican States of Tamaulipas, Veracruz, and Quintana Roo ("Mexican States Mot."), ¶ 1(a), Rec. Doc. 2150.) Likewise, the States' contention that further amendment of their pleadings "will not necessitate any delay" is belied by the record and the parties' conduct. (Mexican States Mot. ¶ 3.) BP and other defendants have already moved to dismiss the Mexican States' First Amended Complaints, which the Mexican States have opposed. Permitting amendment at this point will *only* result in delay as the parties engage in another round of dismissal briefing directed against the new pleadings.

Next, nothing in PTO 33 "implicitly recognized and foresaw the necessity for Bundle 'C' States to file Amended Complaints." (Mexican States Mot. ¶ 2.) PTO 33 provides that "***Local public bodies or entities*** may voluntarily join or otherwise intervene into one administrative Master Complaint[ ] for Bundle C claims, or may opt out of the Master Complaint and file their own separate individual petitions or complaints." (PTO 33 ¶ 1 (emphasis added).) That Order allows local governmental entities to join the Local Government Entity Master Complaint that was filed on March 4, 2011. (*See id.* ¶¶ 1, 3.) It does not authorize or permit the Mexican States, which had previously filed complaints, to amend those pleadings beyond the December 15, 2010 deadline established in PTO 11 or in response to the defendants' dismissal motions filed in accordance with the Court's March 3, 2011 Stipulated Order Governing Defendants' Responses to Bundle C Complaints.

The Mexican States' argument that they "have modeled the facts, allegations, and some of their claims after those the PSC has filed in the latest Master Bundle 'C' Amended Complaint" does not explain or justify the timing of their motion. (Mexican States Mem. ¶ 4.)

5

There is no "Master Bundle 'C' Amended Complaint" and to the extent the Mexican States intend to refer to the Local Government Entity Master Complaint, that was filed back on March 4, long before BP filed its motion to dismiss (March 28) and the Mexican States sought leave to amend their complaints (April 26)—and its facts, allegations, and claims largely track those in the B1 Bundle Complaint which was filed even earlier.[2]  The Mexican States have no explanation for their dilatory conduct.

Significantly, although the Mexican States argue that they "seek to clarify and expand upon their allegations," nowhere do they claim that their proposed amendment cures the legal deficiencies in their First Amended Complaints that were the basis for BP's Motion to Dismiss. (Mexican States Mot. ¶ 1(b).)  For example, the Mexican States' proposed Second Amended Complaints do not allege or show compliance with the Oil Pollution Act's mandatory claim presentment requirement; instead, they demonstrate non-compliance.  (*See, e.g.,* State of Veracruz Sec. Am. Cplt. ¶ 412 ("…Plaintiff *will have satisfied*, all of the administrative requirements of 33 U.S.C. §§ 2713(a) and (b), as to each and all defendants, by the submission of their claims to the Gulf Coast Claims Facility… and/or BP and/or its agents or designees."), Rec. Doc. 215-5 (emphasis added).)  Nor can the Mexican States overcome the fact that their common law (and, to the extent alleged, maritime) claims are preempted (or displaced) by federal law, specifically the Outer Continental Shelf Lands Act and OPA.  Such fundamental legal defects are an independent basis to deny amendment.  *See, e.g., Ordemann v. Unidentified Party*, Civ. A. No. 06-4796, 2008 WL 695253, at *3 (E.D. La. March 12, 2008) (futility of amendment that

---

[2] Similarly, the "new parties" the Mexican States seek to add—Weatherford, Transocean Holdings L.L.C., Triton Asset Leasing GmbH, Anadarko E&P Company, MOEX, MI-LLC, and Mitsui Oil Exploration—were all named defendants in the Local Government Entity Master Complaint, and their identities and roles were known to all parties to these proceedings long before then. (Mexican States Mot. ¶ 4.)

would result in another motion to dismiss weighed against finding of good cause); *Wood v. B L Building Co.*, Civ. A. No. H-03-713, 2004 WL 5866352, at *20 (S.D. Tex. Jun 22, 2004) ("A court may also deny leave to amend if the record shows the amendment is futile.").

Finally, regardless of whether or not the Mexican States have violated the Court's scheduling orders, their belated request for leave to amend is a transparent attempt to moot the dispositive motions filed by BP and other defendants. These motions will be fully briefed and ready for decision in the next few weeks. A ruling will clarify disputed legal issues and expedite these proceedings. Permitting amendment now, on the other hand, will simply start the process anew, resulting in delay, duplicative effort, and wasted time and resources. Given the Mexican States' inexplicable delay in seeking to amend their pleadings, the defendants' pending motions to dismiss should be decided before any further amendment of the Mexican States' complaints is considered. Otherwise, what is to stop the Mexican States from filing yet another motion to amend in response to a motion to dismiss their second amended complaints? In the words of the Court, the Mexican States should "have to play by the same rules as everybody else in this litigation." (4/29/11 Tr. of Status Conf. Proceedings, at 47.)

BP respectfully requests that the Mexican States' Motion for Leave to Filed Second Amended Complaints be denied. Alternatively, BP requests that the Court defer ruling on the Mexican States' motion until the pending motions to dismiss filed by BP and other defendants are heard and decided.

Date: May 10, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of May, 2011.

/s/ Don K. Haycraft
Don K. Haycraft