UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE OF LOUISIANA *ex rel.* <br> PLAQUEMINES PARISH SCHOOL BOARD <br><br> VERSUS <br><br> BP, PLC *et al.* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL NO. 2179 <br><br> NO. 2:11-CV-00348 <br><br> SECTION "J" <br><br> JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED COMPLAINT**

NOW COMES plaintiff, the State of Louisiana ex rel. Plaquemines Parish School Board, through undersigned counsel and, without waiving its challenge to the jurisdiction of this Court as set forth in its pending motion to remand, with respect represents:

1.

Plaintiff adopts and reavers all of the allegations of its original Petition.

2.

Named as an additional Defendant is Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a Delaware corporation with its principal place of business in Houston, Texas.

3.

At all times relevant hereto, Cameron was in the business of designing, manufacturing, marketing, selling, and/or distributing the blowout preventer ("BOP") used in connection with the drilling operations onboard the *Deepwater Horizon*. Upon information and belief, if operating as intended on the night of the disaster, the BOP could have been manually or automatically activated before or immediately after the well blowout, cutting off the flow of oil at the wellhead, limiting the

spill to a minute fraction of its ultimate severity, and thereby sparing Plaintiff most, if not all, of its losses and damage.

4.

Cameron manufactured the BOP in use at the Macondo Well on April 20, 2010.

5.

Upon information and belief, Cameron's BOP failed to operate at the time of or following the Blowout, and this failure caused and/or contributed to the blowout and resulting spill.

6.

Upon information and belief, the BOP failure was the result of a defective condition when the BOP left Cameron's control, and therefore it was an unreasonably dangerous object. The BOP defects included but were not limited to:

    (A)    inadequate, faulty, nonfunctioning, and defective dead man switches and related wiring;

    (B)    inadequate, faulty, nonfunctioning, and defective battery systems;

    (C)    the absence of acoustic triggers;

    (D)    inadequate, faulty, nonfunctioning, and defective EDS;

    (E)    improperly sealed, leaky hydraulic systems;

    (F)    improperly designed, manufactured, and installed annular seals;

    (G)    insufficiently robust blind shear rams and insufficient emergency methods for closing the BOP;

    (H)    excessive reliance on an operational control pod as an emergency method of operating the BOP;

    (I)    excessive vulnerability of the blind shear rams to the failure of a single shuttle valve;

    (J)    insufficient warnings, instructions, and guidelines on permissible and foreseeable uses and modifications to the BOP and its component parts;

    (K)    insufficient testing and design verification of the BOP and its component parts to

ensure the shearing capability of the ram and other functioning of the BOP during reasonably foreseeable uses; and

(L)   such other particulars as the evidence may show.

7.

Upon information and belief, at the time the BOP left Cameron's control, and at such times as Cameron modified the BOP, Cameron knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the aforementioned unreasonably dangerous conditions.

8.

Additionally, the BOP defectively designed and manufactured by Cameron was used as intended or in a reasonably foreseeable manner. Plaintiff was a foreseeable victim of the manifestation of the defects in the *Deepwater Horizon's* BOP. Cameron had actual and/or constructive knowledge of the facts and circumstances relative to the BOP which caused or contributed to this incident, and Cameron is responsible for the damages Plaintiff suffered as a result of such defects.

9.

Cameron is jointly and severally liable with the other defendants for all damages caused to Plaintiff by its negligent actions, which damages are described in Paragraphs IX through XII of the Original Petition, which paragraphs are adopted and reaverred.

10.

Cameron's actions and/or inactions were grossly negligent, negligent, reckless, and/or willful, and it is answerable for punitive damages.

WHEREFORE, State of Louisiana *ex rel.* Plaquemines Parish School Board respectfully prays that after due proceedings are had, judgment be entered in its favor, awarding reasonable compensatory and punitive damages, together with interests, and all costs of this action against Cameron, jointly and severally with the previously-named Defendants.

/s/ Robert E. Arceneaux                                         /s/ Margaret E. Woodward

_____               _____
ROBERT E. ARCENEAUX, (No. 1199)            MARGARET E. WOODWARD.(No. 13677)
Robert E. Arceneaux, LLC                                 3701 Canal Street, Suite C
47 Beverly Garden Drive                                     New Orleans, Louisiana 70119
Metairie, LA 70001                                                Telephone:  504.301.4333
Telephone: 504.833.7533                                    Facsimile:  504.301.4365
Facsimile: 504.833.7612                                     Email:  mewno@aol.com
Email: rea7001@cox.net

**Attorneys for State of Louisiana through the Plaquemines Parish School Board**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Amended Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of April, 2011.

/s/ Robert E. Arceneaux