IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO.  2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>11-263 | |

### DEFENDANT DRIL-QUIP, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Buddy Trahan sued fourteen defendants, including Dril-Quip, Inc., ("Dril-Quip") for injuries he incurred on the *Deepwater Horizon* on April 20, 2010, when the well being drilled by BP blew out and gas exploded aboard the rig.  Trahan alleged negligence and gross negligence against all defendants and products liability against six of them, including Dril-Quip, on the basis of two laundry lists of acts or omissions, one 26 items in length, the other thirteen.

Dril-Quip moved to dismiss Trahan's complaint on two grounds:  First, that it did not state any plausible claim against Dril-Quip under the Rule 8 pleading standards adopted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009), and second, that the Complaint stated no claim for negligence or gross negligence against Dril-Quip because Dril-Quip had no operating authority or responsibility aboard the *Deepwater Horizon* and therefore owed no duty of care to Trahan.  Trahan responded to Dril-Quip's Motion and Dril-Quip submits this Reply in support of its Motion, which, notwithstanding Trahan's Response, should be granted on the original grounds asserted.

## STATE OF PROCEEDINGS

Dril-Quip acknowledges the general rule that a federal court should determine whether it has jurisdiction of a cause before it decides the merits. *See Sinochem Intl. Co., Ltd. v. Malaysia Intl. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).  However, this Court has denied remand on grounds similar to those asserted by Trahan.  *See In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico on April 20, 2010 (No. 10-1759)*, 747 F.Supp.2d 704, 708-09 (E.D.La. 2010).  We assume that the Court will rule consistently here.

## ARGUMENT

### A.  Deficient Pleading

Trahan does not try to address the merits of Dril-Quip's contention that the complaint does not satisfy federal pleading standards.  Rather, Trahan states "Plaintiff's complaint alleges that Dril-Quip manufactured and/or designed the wellhead that connects to the blowout preventer at the sea floor and the lock down seal assembly on the *Deepwater Horizon*.  Therefore, Plaintiff sued Dril-Quip for negligence and products liability." *Id.* at 4.  But manufacturing and/or designing oilfield equipment does not constitute a tort.  In this passage, Trahan admits his real theory of the case: he sued Dril-Quip *because it was there*.

As Trahan acknowledges, Rule 8 requires more after *Twombly* and *Iqbal*.  This does not mean, as Trahan seems to imply, *see* Response at 5-6, that it is enough to show that it is plausible that the blowout and explosion on the *Deepwater Horizon* resulted from some person's fault and that Dril-Quip was in a position to be such a person.  "Dril-Quip's role as the manufacturer of the well head" may be "known," Response at 6, but what is neither known nor alleged by Trahan is

any fact tending to show a failure or malfunction attributable to the wellhead.  *Iqbal* states, "A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  556 U.S. at ___, 129 S.Ct. at 1940.  *Twombly* states, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ."  550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Fifth Circuit recently reversed the denial of a motion to dismiss for these very reasons.  *See Higgenbotham v. Connatser*, No. 10-40638, 2011 WL 1239872, at *1 (5th Cir. April 4, 2011) (unpublished opinion).[1]  Trahan's complaint does not contain enough factual content to allow this court to draw a reasonable inference that Dril-Quip is liable for the misconduct alleged.  Rather, it contains nothing more than the "labels and conclusions" and "formulaic recitation of the elements" of Trahan's claims against Dril-Quip.

Trahan's lengthy digression on Dril-Quip's citations and the proper definition of a shotgun complaint, *see* Response at 6-8, is a sideshow.[2]  Like the plaintiff in *Kester,* Trahan's

---

[1] Just this year, several other circuits have upheld dismissals based on *Twombly* and *Iqbal*.  *See Beyer v. Borough*, No. 10-3042, 2011 WL 1420605, at *3 (3d Cir. April 14, 2011); *Jones v. STOA International/Florida, Inc*., No. 10-12911, 2011 WL 1332182, at *1 (14th Cir. April 8, 2011); *Artuso v. Vertex Pharmaceuticals, Inc*., No. 10-1798, 2011 WL 590006, at *3 (1st Cir. Feb. 18, 2011).

[2] Because Trahan asserts that Dril-Quip "misrepresents . . . case law" to this Court, Dril-Quip will respond.  Trahan objects to the citation of *Cruz v. Cintron International, Inc*., 574 F.Supp . 2d 1227, 1233 (N.D. Ala. 2008), claiming that *Cruz* was decided under the heightened pleading standard of Rule 9(b).  *See* Response at 6.  However, the portion of *Cruz* cited by Dril-Quip specifically states, "*Furthermore*, the Amended Complaint violates Rule 8 in that it asserts Cruz's factual allegations against 'Defendants' as a group . . . ."  *Id*. at 1233 (emphasis added).

With respect to *Kester v. Zimmer Holdings, Inc*., No. 2:10-cv-00523, 2010 WL 2696467 (W.D. Pa. Jan. 16, 2010), Dril-Quip acknowledges having cited to page *12 of the opinion, which discusses fraud; that citation resulted from the inadvertent omission of the first portion of the page citation, which should have read, in its entirety, "*5-12."  The long page spread reflects the fact that the court referred to or criticized "collective averments" repeatedly in those pages, especially as to the negligence and negligence per se claims.  *See id*. at *5-7.  Trahan's answers that his complaint "informs each defendant of the nature of his claim and the reason each Defendant is named."  Response at 7.  Dril-Quip

3

"speculative and collective identification of the Defendants fails to adequately identify which Defendant caused Plaintiff's alleged injury." *See* 2010 WL 2696467 at *6. Without such identification, Trahan's complaint against Dril-Quip amounts to liability by association, and nothing more. The burden of repleading of which Trahan complains, *see* Response at 8, is beside the point; *Iqbal* and *Twombly* direct attention to *defendants'* "heavy costs in terms of efficiency and expenditure of valuable time and resources," *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1953; *Twombly*, 550 U.S. at 558, and require the testing of a plaintiff's claims at the "point of minimum expenditure of time and money by the parties and the court." *See id*. at 557-58 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, at 233-45).

**B.      Insufficient Notice**

Trahan asserts that *Wright v. Shell Offshore Inc*., No. 10-2108, 2011 WL 690530 (E.D. La. Feb. 17, 2011), should control this case. Dril-Quip respectfully disagrees. Wright involved a claim for injuries and death due to plaintiff's 33-year exposure to benzene. *See id.* at *1. That allegation alone provides more information than the allegations against Dril-Quip. Because benzene exposure has been a subject of litigation for quite some time, its dangers are well known. *See, e.g., Indus. Union Dep't, AFL-CIO v. Am. Petroleum Inst*., 448 U.S. 607 (1980) (adjudicating status of OSHA role on permissible exposure). A claim that a defendant caused injury with its benzene products gives that defendant significant information concerning the plaintiff's claims. Moreover, the extended exposure period renders it less likely that specific periods and manners of exposure can be known prior to discovery. By contrast, Trahan has pleaded no link between Dril-Quip's product and the blowout/explosion or his injuries, and Dril-

---

respectfully invites the Court to review this contention against the language of ¶¶ 19, 26, 29 & 30 of the complaint. That review will show that the complaint contains only the innocent facts and formulaic recitations condemned in *Twombly* and *Iqbal*.

Quip is grouped with defendants who supplied starkly different products and services from its own, under different contracts imposing different duties. It may be reasonable in *Wright* to build a liability syllogism such as: defendants manufactured benzene; benzene injured plaintiff; therefore one or more defendants injured plaintiff. No such syllogism can be constructed for this litigation. At present, Trahan's position seems to be that something went wrong on the Macondo project, and Dril-Quip may be liable because it furnished something for the project. That is not enough, and *Wright* does not hold otherwise.

**C.     Negligence Law**

Trahan contends that Dril-Quip's contention "that it did not owe a duty to Plaintiff because it did not control any operation on the *Deepwater Horizon* . . . is mistaken because the issue of control is only relevant if Plaintiff is alleging vicarious liability . . . ." Response at 10. But the contention is wrong, because the *issue* is whether Dril-Quip owed or breached a duty of care to Trahan. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). The issue of duty is a matter of law. *See id.* at 376. It turns principally on the "scope of the risk that negligent conduct foreseeably entails." *Id.* at 377 (quoting *Consolidated Aluminum Corp. v. C. F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987)). The absence of control over operations serves to limit the scope of Dril-Quip's duty to the foreseeable consequences of furnishing a piece of equipment to BP because it demonstrates that Dril-Quip engaged in no other conduct on the rig, just as the absence of control in *Ainsworth* meant that Shell Offshore had engaged in no conduct that would strip it of its status as a passive principal and expose it to liability.[3]

---

[3] Trahan dismisses *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir. 1987), and its progeny as vicarious liability cases. This characterization is not accurate. *Ainsworth* turned on the applicability of *an exception* to Louisiana's general rule that a principal is not liable for the offenses of an independent contractor. *See* 829 F.2d at 550. That exception "imposes liability on a principal in the negligent acts of an independent contractor when the principal retains or exercises operational control." *Id.* Control has been held to be the decisive factor in other maritime contracts as well. *See, e.g., Agrico Chemical Co. v.*

Examination of Paragraph 26 of the complaint illustrates the point. All of the failures and violations listed there (except those too vague to be given any weight)[4] concern drilling operations in which Dril-Quip did not participate and over which it exercised no control. Accordingly, Dril-Quip cannot be held accountable for that conduct because it did not engage in it, directly or indirectly.

## CONCLUSION

In short, Dril-Quip moves to dismiss because Trahan has pled no facts tending to show that Dril-Quip's conduct was actionable in any way or that it was involved in any of the alleged conduct that is arguably actionable. Dril-Quip acknowledges that Trahan likely has a cause of action against someone, but he has failed to provide any facts that plausibly suggest that that someone is Dril-Quip. Therefore, the Court should dismiss Dril-Quip from Trahan's action because no claim upon which relief may be granted has been stated against it.

Date:   May 10, 2011

---

*M/V BEN W. MARTIN*, 664 F.2D 85, 91 (5th Cir. 1981) (control entails responsibility for fault in barge contract case).

Dril-Quip, reasoning analogically from *Ainsworth*, argues that it is outside the zone of duty for all operational conduct and omissions aboard the *Deepwater Horizon*. *See* Dril-Quip Memorandum at 6-7. It does not contend that it is not liable for its own acts, as Trahan suggests. *See* Response at 10, 11. Rather, it contends that its only act was the sale of equipment to BP and, therefore, that it has engaged in none of the conduct that Trahan has identified as negligent. *See* Complaint ¶26.

[4] *See, e.g.,* subparagraph 11 ("Failing to exercise due care and caution").

6

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY: /s/ C. Dennis Barrow, Jr.
  Don Jackson
  Texas Bar No. 10476000
  Fed ID No. 6915
  C. Dennis Barrow, Jr.
  Texas Bar No. 00796169
  Fed ID No. 20624
  America Tower
  2929 Allen Parkway, 42nd Floor
  Houston, TX 77019
  Phone :  (713) 659-6400
  Fax    :  (713) 659-6262

*Attorneys for Defendant, Dril-Quip, Inc.*

### CERTIFICATE OF SERVICE

I certify that the above and foregoing Reply Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of May, 2011.

  /s/ C. Dennis Barrow, Jr.
  C. Dennis Barrow, Jr.