UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | |
| **"Deepwater Horizon" in the Gulf** | * | **MDL NO.: 2179** |
| **of Mexico, on April 20, 2010** | * | |
| | * | |
| | * | **SECTION J** |
| **This document relates to all cases** | * | |
| | * | |
| | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE SHUSHAN** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED OBJECTION TO PTO NO. 34 AND RULE 59(E) MOTION TO CLARIFY PTO NO. 34 THROUGH DECLARATION REGARDING EFFECT OF SHORT-FORM FILING ON <u>CLAIMANTS' GCCF RECOVERIES</u>**

On April 20, 2011, the undersigned filed an *Objection to PTO No. 34 and Rule 59(e) Motion to Clarify PTO No. 34 Through Declaration Regarding Effect of Short-Form Filing on Claimants' GCCF Recoveries*. Doc. No. 2047 ("the Objection and Rule 59 Motion").[1] The Notice of Submission set the date of submission as May 11, 2011; all deadlines for opposition to the Objection and Rule 59 Motion have passed, and the Objection and Rule 59 Motion is unopposed. Moreover, this Court, during its April 29, 2011 status conference, recognized the need to address the interplay of Pre-Trial Order No. 34 on dismissals by litigants who have achieved satisfaction of their claims in the GCCF process. Doc. No. 2262, at p. 61. Therefore,

---

[1] The Objection and Rule 59 Motion were originally filed on April 19, 2011, *see* Doc. No. 2024, with a deficiency in filing cured by re-filing on April 20, 2011. Doc. No. 2047; *see also* Doc. Nos. 2109 (St. Joe Company's Notice of Objection to PTO 34) (April 22, 2011); 2095 (Objections by Claimants/Plaintiffs re Pretrial Order No. 34) (April 21, 2011); 2092 (Objections by Claimant/Plaintiff Sears Holdings Corp. re Pretrial Order No. 34) (April 21, 2011); 2091 (Objections by Claimant/Plaintiff Seahawk Drilling, Inc. and Seahawk Drilling, LLC re Pretrial Order No. 34) (April 21, 2011); 2090 (Objections by Claimant/Plaintiff FDIC as Receiver of Coastal Community Bank and FDIC as Receiver of Superior Bank re Pretrial Order No. 34) (April 21, 2011); 2089 (Objections by Claimant/Plaintiff United Salt Corp. re Pretrial Order no. 34) (April 21, 2011); 2088 (Objections by Claimant/Plaintiff Texas Brine Co., L.L.C. re Pretrial Order no. 34) (April 21, 2011).

1

because this Objection and Rule 59 Motion is unopposed and because it directly addresses the issue of concern articulated by the Court, the undersigned request that the Court enter an order granting the Objection and Rule 59 Motion as follows.

As argued in the unopposed Objection and Rule 59 Motion, the combination of the short-form joinder filing deadline and the disallowance of voluntary dismissals without leave of court that was effected by PTO No. 34 has removed some measure of full disclosure and transparency for claimants still seeking resolution of their claims in the GCCF process. Specifically, claimants who are either acting *pro se* in the GCCF process or who have retained counsel but which counsel is representing such claimants on a tiered contingent-fee basis that would result in no or substantially reduced attorneys' fees for recovery out of the GCCF fund face uncertainty with regard to how the short-form joinder will affect their net recovery from the GCCF. That is, having ceded some measure of control over the ability to voluntarily dismiss their litigation if they obtain satisfaction of their claims from the GCCF, claimants cannot be certain that any levy of common benefit fees in the litigation will not be applied in such a manner as to reduce their net recovery from the GCCF even though they may not ultimately proceed to litigate their claims. Due to the April 20 monition deadline, and without transparency as to how common benefit fees would be addressed or assessed in the MDL, claimants still hoping to resolve their claims in the GCCF process were stuck between choosing to preserve their rights in the litigation and seeking to preserve their maximum possible net recovery in the GCCF pre-litigation claims process.

As discussed in the original memorandum in support of the Objection and Rule 59 Motion, this quandary and the lack of transparency at the root of the quandary can be addressed by this Court through clarification of PTO No. 34 by entering an order clarifying that, despite the

Court's exercise of its authority to prohibit voluntary dismissals without leave of court, short-form joinder will not be a basis for reduction of any claimants' net recovery from the GCCF for claimants who reach settlement in the GCCF process and do not further litigate their claims.

At the April 29, 2011 status conference, this Court recognized the possible interplay and difficulties between joinder in the litigation and the dismissal upon settlement in light of PTO No. 34:

> I think liaison counsel are going to have to confer and perhaps suggest how to handle – I think what we'll be getting, from time to time, a request by – again, I'm speaking more to Pre Se litigants who have filed these claim forms, they will be coming in asking to dismiss their claim or withdraw it or whatever for various reasons, including that maybe they've filed – they've settled their claim or intend to settle with the GCCF. ***That may implicate the order that I put in place about Rule 41 dismissals.*** … So I would ask for your input as to the best way to handle those.

Transcript of April 29, 2011 status conference, Doc. No. 2262, at p. 61 (Apr. 29, 2011) (emphasis added). For the same reason this concern applied to *pro se* litigants/GCCF claimants, it would apply to any GCCF claimant – represented or not – who has joined the MDL to preserve its rights but which subsequently settles its claims in the GCCF process and incurs little or no attorneys' fees in that process.

Notably, there has been no opposition filed to the Objection and Rule 59 Motion (or to the several join-in objections to PTO No. 34 that were subsequently filed), either by any of the defendants or by the Plaintiffs Steering Committee (which nevertheless refused to address this issue prior to the filing of this motion or support the effort to seek clarification from the Court, as described in the Certificate of Non-Support included with the original memorandum in support of the Objection and Rule 59 Motion).

For these reasons and for those detailed in the original memorandum in support of the Objection and Rule 59 Motion, the undersigned request that this Court enter the requested relief,

3

entering an order amending or clarifying PTO No. 34 to specify that short-form joinder will not be a basis for reduction of any claimants' net recovery from the GCCF for claimants who reach settlement in the GCCF process and do not further litigate their claims.

Respectfully submitted,

*/s/ H.S. Bartlett III*
**GLADSTONE N. JONES, III (# 22221)**
**LYNN E. SWANSON (#22650)**
**EBERHARD D. GARRISON (# 22058)**
**KEVIN E. HUDDELL (# 26930)**
**H.S. BARTLETT III (# 26795)**
**EMMA ELIZABETH ANTIN DASCHBACH (#27358)**
**JACQUELINE A. STUMP (# 31981)**
Jones, Swanson, Huddell & Garrison, L.L.C.
Pan-American Life Center
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508

and

**JAMES R. SWANSON (# 18455)**
**JOSEPH C. PEIFFER (# 26459)**
**LANCE C. McCARDLE (# 29970)**
**JASON W. BURGE (# 30420)**
**ALYSSON L. MILLS (# 32904)**
Fishman Haygood Phelps Walmsley Willis
    & Swanson, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

and

**JAMES M. GARNER (# 19589)**
**TIMOTHY B. FRANCIS (# 14973)**
**JOSHUA S. FORCE (# 21975)**
**SHARONDA R. WILLIAMS (# 28809)**
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.

4

909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2011, I filed and served the foregoing pleading via Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Courthouse for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, thereby effecting service on all counsel of record.

*/s/ H.S. Bartlett III*