IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION: J |
| This document relates to:<br><br>No. 2:10-CV-3168 | § § § § | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**SUR-REPLY OF PLAINTIFFS, BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS, TO REPLY
IN FURTHER SUPPORT OF DEFENDANT M-I L.L.C.'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Plaintiffs, Bill Francis, Tyrone Benton, and Carlos Ramos, file this Sur-Reply to the Reply in Further Support of Defendant M-I L.L.C.'s Motion to Dismiss Plaintiffs' Amended Complaint [**Doc. No. 2326**]. Plaintiffs confine this reply to new issues raised in M-I's Reply.

**I.     M-I erroneously contends that plaintiffs did not address their negligence-per-se claim.**

M-I claims that plaintiffs "failed to respond ... whatsoever" to M-I's motion to dismiss Plaintiffs' negligence per se claim. REPLY [**Doc. No. 2326**] ¶ 1, at p. 1. That contention is erroneous. Contrary to M-I's assertion, plaintiffs did, indeed, defend their negligence-per-se claim in their Memorandum in Opposition. In particular, plaintiffs' Memorandum contains the following argument:

> Similarly, the foregoing allegations provide the necessary factual bases for a negligence per se claim against M-I and, thus, state a claim to relief that is

plausible on its face.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

PLAINTIFFS' MEMORANDUM IN OPPOSITION [**Doc. 1913**] at p. 6.  M-I's assertion is wholly without merit.

## II.   Plaintiffs properly complied with Federal Rule 19(c).

M-I contends that Rule 10(c) does not permit plaintiffs to incorporate allegations from the B1 Bundle Master Complaint and Transocean's Third Party Complaint because those pleadings are from different "cases."  REPLY ¶ II, at p. 2.  M-I's argument is disingenuous and should be rejected.

In this case, the allegations plaintiffs adopted are contained in pleadings that are a part of this multidistrict litigation created pursuant to the Transfer Order issued on August 10, 2010 by the United States Judicial Panel on Multidistrict Litigation [**Doc. No. 1**].  *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F.Supp.2d 1352 (J.P.M.L.2010).  In the Transfer Order, the Panel determined that "the background of this docket is well known[,]" and that the 77 actions then at issue "indisputably share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." TRANSFER ORDER ¶ II, at p. 3; *In re: Oil Spill*, 731 F.Supp.2d at 1354.

The Panel further found that "centralization will serve the convenience of the parties and witness and promote the more just and efficient conduct of these cases, taken as a whole."  *Id.*  The Panel concluded that "it makes sense to include the personal

injury/wrongful death actions in the MDL . . . [because] [t]hese actions do overlap factually with the other actions in this docket." TRANSFER ORDER ¶ II, at p. 3; *In re: Oil Spill*, 731 F.Supp.2d at 1354-55.  Finally, the Panel found that the Transocean limitation proceeding was a "potential tag-along action in this docket" to be included in a forthcoming conditional transfer order.   TRANSFER ORDER ¶ II, at p. 3; *In re: Oil Spill*, 731 F.Supp.2d at 1355.[1/]

M-I does not accurately state the controlling authority from the Fifth Circuit.  The Fifth Circuit explained that Rule 10(c) does not permit "the adoption of a cross-claim in a separate action ***in a different court*** by mere reference."  *Tex. Water Supply Corp. v. Reconstr. Fin. Corp.*, 204 F.2d 190, 196 (5th Cir.1953) (emphasis added).  M-I does not cite the *Texas Water Supply* case or the rule from that case.  Instead, M-I cites *Muttathottil v. Mansfield*, 381 Fed.Appx. 454, 457, 2010 WL 2465009 (5th Cir.2010).  REPLY ¶ II, at p. 2.  *Muttathottil* is an unpublished opinion that is not precedent, except under limited circumstances not present in this case.  5TH CIR. R. 47.5.4.  In any event, the Court in *Muttathottil* explained that plaintiff's reference to an administrative decision in a "***separate action*** heard before a ***different court***, . . . could not be pled by mere reference to the decision in its entirety."  *Muttathottil*, 381 Fed.Appx. at 457 (emphasis added).

---

[1/] The Court will note that the *Kleppinger* case (No. 2:10-CV-3168), in which plaintiffs intervened, is a tag-along action that was transferred into this multidistrict litigation pursuant to the Conditional Transfer Order [**Doc. No. 58**] filed September 2, 2010.  In that Conditional Transfer Order, the Panel determined that "the actions on this conditional transfer order ***involve questions of fact that are common to the actions previously transferred ....***"  **Doc. No. 58** (emphasis added).

Plaintiffs in this case do not refer to pleadings in a *separate action* pending in a *different court.* Rather, plaintiffs incorporate allegations from pleadings in actions that are before this Court because they "indisputably share factual issues" concerning the cause of the catastrophe and "overlap factually." It is disingenuous for M-I to suggest that Rule 10(c) prohibited plaintiffs from adopting allegations from such pleadings. M-I's motion to dismiss should be denied.

### III. Plaintiffs efficiently referred to other briefing on identical issues.

In plaintiffs' Memorandum in Opposition, they respectfully directed this Court's attention to the PSC's briefing on issues that M-I - - like other defendants in this case - - raised in its Motion to Dismiss. *See* MEMORANDUM at p. 5, n.4 (respectfully directing the Court to pages 1, 3-10 of **Doc. 1610**, PSC's Omnibus Response Memorandum to Halliburton's Motions to Dismiss Bundle "A" Claims); *id.* ¶ III at p. 7 (respectfully directing the Court to pages 21-23 of **Doc. 1610**).

In its Reply, M-I complains about plaintiffs reference to the PSC's briefing, contending plaintiffs should have complied with Rule 10(c). REPLY ¶ IV, at p. 7. M-I fails to appreciate plaintiffs' attempt to avoid duplicative briefing on identical issues. Contrary to M-I's suggestion, Rule 10(c) simply does not apply to a party's reference - - in the interest of efficiency - - to the briefing of other parties on the same issues. M-I's motion to dismiss should be denied.

## CONCLUSION

For the reasons stated here and it their Memorandum in Opposition, plaintiffs respectfully request that M-I's Motion to Dismiss Plaintiffs' First Amended Complaint be in all things denied.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

    /s/ Matthew D. Shaffer
MATTHEW D. SHAFFER
State Bar No. 18085600
Fed I.D. No. 8877
DENNIS M. MCELWEE
State Bar No. 13587820
Fed I.D. No. 7490
ARTHUR L. SCHECHTER
State Bar No. 17735000
Fed I.D. No. 1454
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel: 713-524-3500
Fax: 713-751-0412
mshaffer@smslegal.com
dmcelwee@smslegal.com
arthurschechter@gmail.com

and

PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Tel: (504) 588-1500
Fax: (504) 588-1514
sterbcow@lksalaw.com

ATTORNEYS FOR PLAINTIFFS, BILL FRANCIS,
TYRONE BENTON, and CARLOS RAMOS

**CERTIFICATE OF SERVICE**

      I certify that the above and foregoing Sur-Reply of Plaintiffs, Bill Francis, Tyrone Benton and Carlos Ramos to Reply in Further Support of Defendant, M-I, L.L.C.'s Motion to Dismiss Plaintiffs' Amended Complaint will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 13th day of May 2011.

                                */s/ Matthew D. Shaffer*
                                MATTHEW D. SHAFFER