UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All cases in Pleading Bundles B1 and B3*; 10-2771; 10-3815; 10-1540; 10-1502, | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding the Motion of Anadarko/MOEX to Compel Discovery from BP (Rec. doc. 1965)]

On April 15, 2011, the defendants, Anadarko Petroleum Corporation, Anadarko E&P Company LP (collectively "Anadarko"), and MOEX Offshore 2007 LLC ("MOEX"), filed a motion to compel discovery from the co-defendants, BP Exploration & Production, Inc., BP America Inc., BP American Production Company, and BP p.l.c. (collectively "BP").[1]  Rec. doc. 1965.  On April 27, 2011, BP responded with a motion for a stay of proceedings between it and Anadarko/MOEX. BP submitted a combined memorandum in support of its motion for a stay and in opposition to the motion to compel.  Rec. doc. 2169.  The parties were notified that BP's request, pursuant to an arbitration agreement, for a stay of the litigation of the Anadarko/MOEX claims against it would be resolved by District Judge Barbier and the motion to compel would be resolved by the undersigned. Anadarko/MOEX submitted a reply.  Rec. doc. 2255.  BP submitted a sur-reply.  Rec. doc. 2310. For the reasons discussed below, the Anadarko/MOEX motion to compel discovery is granted.  If the parties are unable to resolve issues with respect to particular discovery requests after they meet-and-confer, Anadarko/MOEX shall file a motion to compel and request expedited hearing.

Anadarko and MOEX are named as defendants in the Amended Master Complaints for

---

[1] Anadarko and MOEX are sometimes referred to as Anadarko/MOEX and "Non-Operating Defendants."

Pleading Bundles B1 and B3, the Voluntary Local Government Entity Master Complaint, individual personal injury complaints within Pleading Bundle A, and individual complaints within Pleading Bundle C, including the complaint filed by the United States. For example, the United States alleges that:

> [T]he Deepwater Horizon Spill was proximately caused by one or more of the following: acts, joint acts, omissions, fault, negligence, gross negligence, wilful misconduct, and/or breach of federal safety and/or operating and/or construction regulations by Defendants BP, Anadarko Exploration, Anadarko Petroleum, MOEX, one or more of the Transocean Defendants, and/or their respective agents, servants, employees, crew, contractors and/or subcontractors with whom said Defendants had contractual relationships.

10-4536 (Rec. doc. 1 at 19). They have been tendered to all claimants in the Limitation Action by Transocean. Anadarko and MOEX have been named as cross-claim defendants by Halliburton, Transocean, Cameron, Dril-Quip, and the Marine Spill Response Corporation. They have asserted cross-claims against some of these defendants.

BP, Anadarko and MOEX are parties to an Operating Agreement. Rec. doc. 1965 (Exhibit B). Paragraph 22.9 of the agreement provides that,

> Any claim, controversy, or dispute arising out of, relating to, or in connection with this Agreement or an activity or operation conducted under this Agreement shall be resolved under the Dispute Resolution Procedure in Exhibit "H" to this Agreement.

Id. Exhibit H states that, "[a]rbitration as used in this statement is a procedure whereby an Arbitrator resolves any claim(s), controversy(ies) or dispute(s) . . . between BP Exploration & Production, Inc. and MOEX Offshore 2007 LLC . . . arising out of, relating to, or in connection with that certain Operating Agreement. . . ." Id.

BP argues that the Anadardko/MOEX discovery relates to arbitrable issues and should be stayed. The Non-Operating defendants respond, in part, that there is not now and may never be an

2

arbitration proceeding between them and BP. For purposes of this motion, it is assumed that there is an arbitration proceeding between BP and the Non-Operating defendants and the cross–claims between them in MDL 2179 are stayed. It also is assumed that some of Anadarko/MOEX discovery is relevant to arbitrable issues. The Court's review of the Anadarko/MOEX discovery demonstrates that some of the discovery requests are relevant to: (1) the defenses of the Non-Operating defendants to claims made against them by parties other than BP; and (2) the cross-claims of the Non-Operating defendants against parties other than BP.

"Where an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure." Corpman v. Prudential-Bache Sec., Inc., 907 F.2d 29, 31 (3rd Cir. 1990 (*per curiam*). BP contends that because the discovery sought from it by Anadarko/MOEX relates to arbitrable issues, it is barred. Rec. doc. 2169 at 19, n. 18.

BP urges that the pendency of the claims against Anadarko/MOEX asserted by parties other than by BP does not override the arbitration bar on discovery. The claims in Texaco Exploration and Production Company v. AmClyde Engineering Products Company, Inc., 243 F.3d 906 (5th Cir. 2001), arose out of the failure of a barge-mounted crane owned by McDermott and designed and manufactured by AmClyde.[2] There was a mandatory arbitration provision in the contract between Texaco and McDermott. Texaco sued AmClyde and others, who were not parties to the arbitration agreement, but did not sue McDermott. Instead, it sought arbitration with McDermott. This "was frustrated when AmClyde tendered McDermott as a third-party defendant under" Rule 14(c). Id. at 908. Texaco moved to stay the proceedings between it and McDermott. The district court held

---

[2] Discovery was not an issue in Texaco Exploration & Production.

that Rule 14(c) prevented enforcement of the arbitration clause. The Fifth Circuit reversed. It held that there was no basis for a Rule 14(c) exception to section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and the claims asserted by a third party cannot strip a party to an arbitration clause of its rights under the FAA. It stated that "[t]he policy of liberal joinder in maritime cases embodied in Rule 14(c) does not supersede the statutory right to enforce contractual arbitration guaranteed by the FAA." 243 F.3d at 908.

BP contends that because the Fifth Circuit recognized that the policies of the FAA are applicable to multi-party maritime cases, the presence of claims against Anadarko/MOEX other than claims by BP does not negate the Operating Agreement's limitation on discovery between BP and Anadarko/MOEX. The presence of the claims against Anadarko/MOEX by parties other than BP does not deprive it of its contractual right to arbitrate the dispute with the Non-Operators. The arbitration agreement does not prevent the Non-Operators from discovering evidence from BP relevant to their defenses of the claims made against them by parties other than BP simply because the evidence is relevant to an arbitration with BP. There is a distinction between the right to arbitration in a multi-party maritime proceeding, the issue in <u>Texaco Exploration and Production,</u> and the right of the Non-Operators to discover evidence from BP that is relevant to both the claims against them in the multi-party maritime proceeding by strangers to the arbitration agreement and the arbitrable claims between BP and the Non-Operators.

Discovery that is relevant to pending litigation is not barred merely because it is relevant to an arbitration proceeding. In <u>Fleet Business Credit, LLC v. Solarcom, LLC</u>, 2005 WL 1025799 (D.Md.), it was alleged that when Fabian was employed by Maximus, he guaranteed certain property leases on behalf of Maximus without its knowledge or consent. The payees on the leases sued

4

Maximus as guarantor in federal court in Georgia and Pennsylvania. Maximus, as a defendant in the Georgia action, sought discovery from its former employee, Fabian, by a subpoena which he moved to quash. Maximus had filed an action in state court in Maryland against Fabian which was stayed pending arbitration. Fabian contended that the subpoena was an "attempt to obtain documents relevant to the issue in the state court litigation" and was an end run around the stay of that action. 2005 WL 1025799, *1. The court overruled the objection to the production of the documents and said:

> That one or more documents called for here might also be relevant to the issues in the [stayed] state court litigation between Maximus and Fabian is not a sufficient basis for non-production of such documents in the federal litigation.

Id. at *2.

In Major, Lindsey & Africa, LLC v. Mahn, 2010 WL 3959609 (S.D.N.Y.), the plaintiff, a legal search firm, employed the defendant. Their employment agreement contained a "broad arbitration clause" with a "significant carve-out." The carve-out excluded the employer's claims for injunctive relief with respect to confidential and proprietary information and violations of non-solicitation and non-compete provisions. The carve-out did not apply to claims for damages arising out of such claims. The former employer sought injunctive relief against the former employee concerning her alleged failure to maintain the confidentiality of information and her use of the information to compete with the former employer. The former employee's motion for a stay in favor arbitration was denied because the complaint sought injunctive relief and was within the terms of the carve out. The court stated:

> It is true that the claims in this case are substantially duplicative of various claims for money damages that are subject to arbitration, but the Arbitration Agreement specifically contemplates that damages claims relating to the same subject matter will have to be arbitrated, notwithstanding the obvious duplication of

> effort that would entail. The parties' agreement to this unusual procedure does not divest this Court of the ability to control its own docket. The Court declines to stay this lawsuit pending completion of the arbitration.
>
> Nor does the parties' agreement concerning arbitration discovery preempt the Federal Rules of Civil Procedure with respect to discovery in connection with this lawsuit. The fact that discovery in this action may prove useful in connection with the arbitration, which is subject to its own special discovery rules, is of no moment.

2010 WL 3959609, *4.

The Operating Agreement could have been drafted so that, as between BP and the Non-Operators, discovery was limited regardless of whether it was sought in the arbitration or by either BP or the Non-Operators in response to claims asserted by persons who are strangers to the Operating Agreement. The Operating Agreement was not so limited. It does not preempt the right of the Non-Operators to obtain discovery from BP relevant to the claims made in MDL 2179 by parties other than BP even though the discovery is relevant to the arbitrable claims.

When the purpose of the discovery is to gather information for use in proceedings other than the pending suit, the discovery is denied. See Oppenhiemer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n.17, 98 S.Ct. 2380 (1978). This rule was applied to deny discovery of information that was intended for use in arbitration rather than litigation. See In re Refco Securities Litigation, 2011 WL 497441 (S.D.N.Y.), in which the district judge held that the discovery was not relevant to the securities litigation and concluded that "the true purpose . . . of the request for the E-mail is to bolster claims in the arbitration and nothing else." Id. at *3. BP urges that the true purpose of the Anadarko/MOEX discovery is for issues that are subject to arbitration. Unlike Refco, this Court has found that some of the Anadarko/MOEX discovery is relevant to the MDL claims.

IT IS ORDERED that the Anadarko/MOEX motion to compel responses to discovery requests served upon BP (Rec. doc. 1965) is GRANTED as provided herein. BP will have **five (5)**

**working days to appeal this ruling** and shall see expedited consideration of any appeal. An appeal will not affect the parties' obligation to meet and confer regarding the individual requests as set forth in paragraph 1 of this order.

New Orleans, Louisiana, this 12th day of May, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**