IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jimr@wrightroy.com | E-Mail: sherman@HHKC.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

May 11, 2011

*VIA* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

      Re: <u>Late Production of Deponent Custodial Files by BP</u>

Dear Judge Shushan:

      In response to your request, the PSC respectfully submits this letter setting forth the issues that have arisen with the BP Defendants requiring the Court's attention.

      PTO #17, Section M. 4, as amended, requires that BP produce a deponents' custodial file at least 10 days prior to his/her deposition.[1]  Specifically, PTO #17, Section M.4 (as amended) states that:

> Certificate of Completeness - Custodial File Production. At least [ten (10)] days prior to the deposition of any person currently or formerly employed by any of the defendants, said defendant shall provide Plaintiffs' Liaison Counsel with a written certification that it has completed production of documents from that witness's custodial files which are responsive to requests for production of documents and relevant to the litigation.

      Even with this requirement, it has been very difficult for questioners to fully prepare for depositions.  Multiple parties have expressed a need to produce custodial files more than ten days prior to the deposition. Your Honor acknowledged this issue at the February 18, 2011

---

      [1] PTO # 17 originally provided for a deadline for the certificate of seven days prior to the deposition. That deadline was increased to 10 by this Court's Order of March 1, 2011.

Discovery Conference when you stated that "[i]t seems to me that the ten-day turnaround has not worked, and that we want to try and lengthen it." See Transcript of Feb. 18, 2011 Discovery conference at p. 11.

Nonetheless, BP has continuously produced deponents' custodial documents either immediately prior to (less than 10 days before) or after the depositions for over twenty key witnesses. The attached chart, in PDF format, lists the deponents and the number of tardy documents, illustrating the scale of this problem. While the extent of late custodial production varies for each deponent (ranging from dozens to hundreds of documents), there is clearly a systematic problem.

The parties have met and conferred several times over the last six weeks in an attempt to identify and resolve this issue. We have determined that one cause for the late production has been the attorney-client privilege challenge process - where BP has "de-privileged" documents and then produced un-redacted/re-redacted versions of same thereafter. The PSC does not take exception with documents falling under this category.[2]

The PSC does, however, take great exception with BP's methodology for custodial file production, since it has consistently resulted in significant numbers of late custodial files.

The most egregious examples of these are the paper files of deponents, including entire notebooks and folders concerning the Macondo well and incident investigation, specific examples of which are identified below. Throughout the meet and confer process, BP has offered no explanation as to how these critical documents were produced late.

| Deponent | Bates Range | Content |
|---|---|---|
| Corser, Kent | BLY00139882 – BLY00140037 | Handwritten investigation journal |
| Robinson, Steve | BLY00163704 – BLY00163801 | Handwritten investigation journal |
| Walz, Greg | 2179MDL01198371 – 2179MDL00198464 | Handwritten journals for Mar-Apr 2010 |
| Wetherbee, James | BLY00165236 – BLY00165552 | "BOP TIMELINE" hard copy folder |

As to digital files, BP's late production stubbornly defies explanation. BP has offered several theories throughout the meet and confer process, but as the attached schedule shows, none have held up to scrutiny.

- BP has claimed that the only documents it was responsible for producing for deponents on its Internal Investigation Team were those with the "IIT Targeted" designation. This chipped away some documents, but the vast majorities are designated as such.

---

[2] However, as the attachment illustrates, many of these late custodial productions contain wholly new redactions, and these are often unexplained by BP's privilege logs. For instance, BP has produced over 100 redacted documents during the month of April. However, BP's 9th through 12th privilege logs, from the same period of time, only list a single document as redacted. Thus the PSC is left to guess as to the contents of the document or the privilege being claimed.

- BP has also claimed that the documents from these early deponents fell outside the date ranges that the parties had negotiated at the time.[3] Again, this resulted in small changes to the document counts, but did not alter the magnitude of the issue.

- As these explanations apply only to the earliest deponents, BP has claimed that the issue is confined to those custodians, and has already been addressed. However, the PSC has observed the same pattern with subsequent deponents, many of whom already have over a hundred late custodial documents. The PSC contends that the difference between the earlier and later deponents is simply a matter of accumulation.

- Finally, BP recently asserted that these custodial documents were non-responsive to the parties' search terms. At this point, the PSC must essentially replicate the entirety of BP's e-discovery process to verify their claims.[4] However, the PSC disagrees with the premise of BP's argument. BP's custodial productions should in no way be limited to "custodian specific search terms." Section M.4 of PTO #17 does not mention search term limits for custodians, and does not contemplate the producing party certifying a limited production. Custodial files have always been meant to be complete productions.

Throughout the meet and confer process, BP has offered no concrete explanations or specific alterations of their production process. They have not adequately explained how these files, most of which originate from the same folders in the same laptops as the timely productions, were somehow separated and produced late. They have offered only vague assurances of improvement while demanding numerous refinements of the PSC's position, all of which have failed to alleviate the PSC's concerns.

This has also led to issues concerning production certification. None of the production certifications for BP have acknowledged the presence of these custodial files. The PSC has been forced to check each production for custodial documents for each previous deponent in order to monitor the problem. In addition, BP has also failed to explain the new caveat in their custodial search methodology, shown in a recent certificate of completeness:

> Pursuant to Pretrial Order No. 17, Section M.4., and subject to its objections, Defendants BP America Inc., BP America Production Company, and BP Exploration & Production Inc. certify that, to the best of their present knowledge, based on a good faith and reasonable search in accordance with their February 16, 2011 submission to Magistrate Judge Shushan and the February 18, 2011 hearing

---

[3] The PSC disputes that date restrictions apply to custodial file productions.

[4] BP's email identified only 10 documents, from the late custodial file of Robert Bodek, as anecdotal examples of "non-responsive" documents. The PSC has only had the opportunity to conduct a cursory search, however, we have already identified over 50 documents from that same set that were responsive to the search terms for RFP 88 and 90.

before Magistrate Judge Shushan, they have completed production of responsive, non-privileged paper and electronic documents from the individual custodial files maintained by John Sprague.

The PSC has inquired about the precise meaning of "in accordance with their February 16, 2011 submission ... and February 18, 2011 hearing..."  However, we have yet to receive a clear response.

With the meet and confer process apparently at an impasse and deposition schedules continuing to accelerate, the PSC hopes that the Court can help resolve these concerns. Please let us know if the Court requires any additional information relating to this matter.

As always, we appreciate the Court's time and consideration.

Respectfully submitted,

|    /s/  Stephen  J.  Herman    |    /s/ James P. Roy    |
|---|---|
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

Enclosures
   cc: Tim Duffy, Esq. (*via* E-Mail)
      Mark Nomellini, Esq. (*via* E-Mail)
      Defense Liaison Counsel (*via* E-Mail)
      Mike Underhill, Esq. (*via* E-Mail)
      Hon. Attorney General Luther Strange (*via* E-Mail)
      William Large, Esq.
      Anthony Irpino, Esq.
      Joshua Shamburger, Esq.