IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhkc.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

May 11, 2011

*via* E-Mail

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

      Re:  BP's Request to Modify PTO 27

Dear Judge Shushan:

      With respect to Don Haycraft's E-Mail dated May 6, 2011, the Plaintiffs respectfully respond as follows:

      Pre-Trial Orders Nos. 17 and 27 were confected, and amended, through months of sometimes contentious advocacy, as well as cooperative negotiation, with the Court's participation, and under Your Honor's direction.

      The PSC has ceded time to various different other parties, and has modified its questioning, based on a host of factors, including the nature of the deponent's knowledge and participation in the events and/or investigation in question, the nature and scope of any previous testimony, the extent to which the subject matter has already been developed by various investigatory bodies, and the style of the questioning attorney.

      To be sure, from the PSC's perspective, BP is the "target defendant" and everybody knows it.  But the PSC takes seriously its responsibility to develop a comprehensive record for any and all individual plaintiffs who have or may come to have cases in the MDL, and to plan for potential contingencies.

      The implications that BP asks the Court to draw from isolated lines of questions taken out of context are unfounded and do not provide a basis to alter the existing PTOs.

In particular, BP wants the Court to read excerpts (out of context) ostensibly to prove a "softball" strategy of the PSC with respect to Transocean. Anyone can do that. In fact, just this week, Transocean's counsel *appears* to have done the same with what could be construed as "softball" questioning of BP's John Guide:

> Q. And in fact you testified at the JIT that in this particular case there was no flow coming back up the shoe track, or no flow coming back up the annulus, so you in essence had a static position there; do you agree with that?
>
> A. Yes, sir.
>
> Q. And in that situation, there is really no way to tell whether those flapper valves are closed, is there?
>
> A. No, but if I could clarify, that's really good, because – not that good you can't verify, but – the flappers just hold the cement from u-tubing, so it can set up. So if you don't have flow up the casing, or flow up the annulus, then it's achieving exactly the same thing, and now you're giving the cement time to set up.

Are we to infer that the PSC should get additional time with BP witnesses?

The existing orders of the Court on time allocation remain sound of reason and should not be disturbed.

Respectfully submitted,

  /s/ Stephen J. Herman                                  /s/ James P. Roy
*Plaintiffs Liaison Counsel*                                    *Plaintiffs Liaison Counsel*

cc: Don K. Haycraft (*via* E-Mail)
    Defense Liaison Counsel (*via* E-Mail)
    Mike Underhill, Esq. (*via* E-Mail)
    Hon. Attorney General Luther Strange (*via* E-Mail)
    Robert C. Cunningham, Esq.
    Paul Sterbcow, Esq.