# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 12, 2011

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

      RE:    MDL 2179 - *In re: Deepwater Horizon*

Dear Judge Shushan:

    We write to object to Halliburton's request for the deposition of Mr. Lamar McKay, Chairman and President of BP America Inc and President and CEO of the Gulf Coast Restoration Organization.[1]

    Simply stated, Mr. McKay should be not be deposed at this time because he is not an event witness and his testimony is not needed for any of the parties' Phase 1 expert reports. The BP p.l.c. subsidiary defendants in this litigation are BP Exploration & Production Inc., which holds the Macondo well lease and drilling permits, and BP America Production Company, which is party to the drilling contract with Transocean, the owner of the *Deepwater Horizon* oil rig. Mr. McKay held no position with either of the BP defendants before or at the time of the incident and had no management responsibility for their operations. In fact, Mr. McKay did not direct or participate in the operation of any of BP p.l.c.'s U.S.-based exploration and production activities, including its Gulf of Mexico Strategic Performance Unit, which was responsible for BP's deepwater exploration and production operations in the Gulf.

    Since he does not meet the criteria established by the Court and agreed to by the parties for selecting witnesses to be deposed prior to the July 31 discovery deadline, Mr. McKay is not an appropriate deponent for the Phase 1 fact discovery now being undertaken.

---

[1] In addition to his role as Chairman and President of BP America, in October 2010 Mr. McKay assumed the role of President and CEO of the Gulf Coast Restoration Organization which was set up to oversee BP's continuing Gulf Coast response efforts.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 12, 2011
Page 2


As the Court has stated repeatedly, the pre-July 31 deposition period is meant only for deposing those witnesses whose testimony is necessary for the parties' experts to prepare their expert reports for Phase 1 of the Limitation Trial.  *See, e.g.*, J. Barbier, Status Conf. Tr. at 29, Jan 18, 2011 ("What we wanted to make sure is any fact deposition that was necessary for the experts to do their work, do their reports was taken by [the July 31, 2011] deadline.").  In fact, on April 20th, after reiterating that "July 31, 2011 is the deadline for the completion of fact discovery required for the expert reports that will be served beginning August 15, 2011," the Court denied the State of Louisiana's request for the deposition (during this phase of discovery) of several Transocean witnesses whose testimony was not necessary for the completion of the parties' Phase 1 expert reports.  (M.J. Shushan, Ct. Order, Apr. 20, 2011)

The Court should similarly deny Halliburton's request for the deposition of Mr. McKay, as it is beyond question that Mr. McKay's testimony is not necessary for any party's expert reports.  Since 2009, Mr. McKay has served as the Chairman and President of BP America Inc. and as President and a director of BP Corporation North America Inc.  Mr. McKay also serves on BP p.l.c.'s executive management team.  In October 2010, he additionally assumed the position of President and CEO of the Gulf Coast Restoration Organization.  However, in these positions he had no operational responsibility for exploration or drilling in the Gulf of Mexico generally, and in particular the Macondo well.

While Halliburton has pointed to Mr. McKay's post-incident testimony in front of various Congressional committees as a reason that he should be deposed in Phase 1 of these proceedings, this argument misses the mark.  Mr. McKay testified before Congress as to his responsibilities shortly after the *Deepwater Horizon* incident.  He was and is "BP's lead representative in the U.S." and is "responsible for broad oversight and connectivity across all of [BP's] U.S.-based businesses."[2]  In this role it was appropriate for Mr. McKay to serve as a spokesman for BP to explain to Congress -- in broad terms -- the post-event steps that BP, in conjunction with Unified Command, was taking to respond to the *Deepwater Horizon* incident. In fact, when asked questions during the Congressional hearings related to the underlying causes of the incident and other subjects relevant to Phase 1, Mr. McKay, who was not personally involved with the Macondo well prior to the incident, generally deferred to the various investigations that were being undertaken at the time.

When denying the State of Louisiana's request to depose certain Transocean witnesses -- including Mr. Steven Newman, the Chief Executive Officer of Transocean, who also testified

---

[2] *Massive Oil Spill in the Gulf of Mexico:  Hearing to Review Issues Related to Deepwater Offshore Exploration for Petroleum and the Accident in the Gulf of Mexico Involving the Offshore Oil Rig Deepwater Horizon Before the S. Comm. on Energy and Natural Resources*, 111th Congr. 37 (May 11, 2011) (statement of Lamar McKay).

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
May 12, 2011
Page 3

multiple times before Congress following the incident -- the Court noted that other current or former Transocean employees scheduled to be deposed were better suited to testify during Phase 1.[3]  The same is certainly true in this instance.  As shown above, Mr. McKay did not direct or participate in the design or operation of the Macondo well prior to the incident and, therefore, does not qualify as an event witness.

Moreover, even if Mr. McKay did have some limited knowledge on subjects appropriate for deposition during the event phase -- and he does not -- 27 BP witnesses, including at least 10 members of BP's Internal Investigation Team, have already been deposed during these proceedings and 35 more have already been scheduled for deposition prior to July 31st.  These 62 other BP deponents include the team leaders and other personnel involved with the Macondo well, as well as senior management responsible for BP's exploration and drilling activities.  These witnesses are in a much better position than Mr. McKay to give relevant fact testimony during the Event Phase of discovery -- making the deposition of Mr. McKay at this time inappropriate.  They have personal knowledge of the events underlying the incident and will provide the parties with more than enough factual testimony for the parties to complete their expert reports.[4]

The BP Parties have been extraordinarily forthcoming in regards to fact discovery in MDL 2179 to satisfy the legitimate discovery requests of the other parties.  We are not asking the Court to determine now that Mr. McKay can never be deposed in connection with these proceedings.  Rather, we are simply asking the Court to determine that Mr. McKay is not an appropriate deponent for the current "event" phase of discovery, especially since deposition preparation and two days of testimony would take him away unnecessarily from his current responsibilities with the Gulf Coast Restoration Organization and otherwise. Therefore, for the foregoing reasons and given the remarkably condensed discovery schedule already set between now and July 31st, BP respectfully requests that the Court deny Halliburton's request to depose Mr. McKay at this time.

---

[3] As this Court stated: "Transocean demonstrates that the information sought by Louisiana will be provided by the testimony of other present or former Transocean employees, including those designated to testify in response to its Rule 30(b)(6) deposition notice." (M.J. Shushan, Ct. Order, Apr. 20, 2011)

[4] Under well-settled case law, the depositions of a company's most high-ranking executives should not go forward unless: (1) those executives possess "personal or superior unique knowledge" of relevant events; and (2) there is no less burdensome means of discovery to obtain the relevant information.  *See, e.g.*, *Zoroufie v. Lance, Inc.*, No. 07-2016-B/P, 2008 WL 1767729, at *2 (W.D. Tenn. Apr. 15, 2008) (denying CEO deposition where plaintiff "has not sufficiently demonstrated that [the CEO] has unique personal knowledge of the matters in this lawsuit . . ."); *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 519 (N.D. Okla. 2003) (denying depositions of senior corporate officers where "the information can alternately be obtained from other sources without deposing these 'apex' officers").

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 12, 2011
Page 4

  Thank you for the Court's consideration of this issue.

            Sincerely,

            */s/ Andrew Langan*

            J. Andrew Langan, P.C.

cc: Plaintiffs Liaison Counsel
   Defense Liaison Counsel
   Mike Underhill, Esq.
   Hon. Attorney General Luther Strange
   Cory Maze
   Donald E. Godwin
   James P. Roy
   Stephen J. Herman
   Mike O'Keefe
   Robert Cunningham