## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | **MDL NO. 2179** <br><br> **SECTION J** |
| This document relates to: | * | |
| *No. 10-1757; No. 10- 1758; No. 10- 1759;* | * | **HONORABLE CARL J.** |
| *No. 10-1760; No. 10- 2087; No. 10- 2731;* | * | **BARBIER** |
| *No. 10- 2996; No. 10- 2997; No. 10- 4185;* | * | |
| *No. 10-4239; No. 10-4240; No. 10-4241;* | * | **MAGISTRATE JUDGE** |
| *and 10-2771 (Limitation Action)* | * | **SHUSHAN** |

---

### BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
#### THE OMNIBUS MEMORANDUM SUBMITTED BY THE PLAINTIFFS' STEERING COMMITTEE
#### IN OPPOSITION TO BP'S MOTION TO DISMISS CERTAIN BUNDLE C COMPLAINTS

On March 28, 2011, in accordance with an order entered by the Court on March 3, 2011 (Case No. 2179, Rec. Doc. 1500), BP moved to dismiss all the individual complaints then in pleading bundle C.  (*See Memorandum in Support of BP Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) Complaints Filed by Certain Governmental Entities in Pleading Bundle C*, Rec. Doc. 1786-1.)   Before the individual plaintiffs had even responded, the Plaintiffs' Steering Committee ("PSC") weighed in with a 40-page brief opposing BP's motion, which they filed on April 24 (Easter Sunday, and also a day designated by Magistrate Judge Shushan as one free of litigation-related emails).  (*Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss Certain Bundle C Complaints Submitted By the Plaintiffs' Steering Committee*, Rec. Doc. 2110.)  The PSC did so without leave of the Court,

without determining whether BP objected, and without identifying any party on whose behalf the brief was filed.  The fact is that the PSC has no business responding to a motion to dismiss the individual government entity complaints.[1]  The PSC's brief is improper and should be stricken.

*First*, the PSC's co-sponsorship—together with Coordinating Counsel for the States, General Luther Strange—of the local government entity master complaint does not justify its interference with litigation involving individual government plaintiffs.  Although the Court allowed the PSC to file a voluntary master complaint for any local government entities who chose to join it, that master complaint is on an entirely separate briefing track.  (PTO 33, Case No. 2179, Rec. Doc. 1549; May 6, 2011 Stipulated Order, Case No. 2179, Rec. Doc. 2273.)  The Court's orders are clear that ***the filing of the master complaint had no effect on the pre-existing bundle C local government complaints*** or the defendants' obligation to answer or otherwise respond to those complaints by March 28.  (PTO 33 ¶ 9; *see also* Order, March 3, 2011, Rec. Doc. 1500.)  Thus, the master complaint did not apply to or replace the complaints filed by the Mexican states, the Louisiana parish district attorneys, or the Alabama cities that were the subject of BP's motion to dismiss.  (*Id.*)

*Second*, the PSC does not (and cannot) represent any party, including the relevant individual government entities, who have their own counsel.  (*See, e.g.*, *State of Quintana Roo v. BP plc, et al.*, E.D. La. No. 2:10-cv-4241, Cmplt. at 28; *City of Greenville, et al. v. BP plc, et al.*, E.D. La. No. 2:10-cv-4185, Cmplt. at 22; *State of Louisiana v. BP Exploration & Prod. Inc., et al.* (by Terrebonne District Attorney), E.D. La. No. 2:10-cv-1759, Suppl. & Am. Pet. at 5-6.)

---

[1]    Specifically, BP's motion was directed at certain relatively early-filed complaints by (i) three Mexican states, (ii) four Alabama cities, and (iii) eight parish district attorneys who sought relief on behalf of the State of Louisiana.  (See BP's Mem. at 1-2, Doc. 1786-1.)  The requirement for defendants to respond to later-filed local government complaints is currently stayed.  (PTO 33, Case No. 2179, Rec. Doc. 1549; May 6, 2011 Stipulated Order, Case No. 2179, Rec. Doc. 2273.)

Indeed, the three Mexican states and the Louisiana parish district attorneys filed their own briefs (48 and 20 pages respectively) in opposition to BP's motion. These parties continue to actively litigate their individual cases and the PSC has no right or authority to participate in that litigation. *See, e.g., Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03 V 5238, 2006 WL 88666, at *21 n.20 (N.D. Ill. Jan. 11, 2006) ("Ness Motley has filed a response to Twin City's motion for summary judgment. However, given that Twin City's motion is not directed toward Ness Motley, Ness Motley's response is stricken as unnecessary.").

***Third***, although the four Alabama cities have elected to join the local government entity master complaint by filing the required short forms, their decision only underscores that the sole role of the PSC is with regard to the master complaint. Thus, any response by the PSC to BP's Bundle C arguments must be made in response to a motion ***directed at the master complaint***. (*See* PTO 33 ("All responses and motions regarding Local Government Short Form Joinders shall be filed in response to the Local Government Entity Master Complaint in Civil Action No. 10-md-2179 and in the Limitation Action, Civil Action No. 10-2771.") At best, the PSC's brief insofar as it concerns the complaints of the Alabama cities is premature; BP's motion to dismiss the master complaint was not filed until April 29—5 days ***after*** the PSC filed its response to BP's motion to dismiss the individual complaints. The PSC should not be permitted to file two briefs: one now and another one in response to BP's motion to dismiss the master complaint. The PSC's other arguments in its 40-page opposition—including as to the complaints filed by the Mexican States—have no basis or justification whatsoever.

***Fourth***, the PSC does not even attempt to explain its interference in motion practice concerning individual government entities. The PSC exists only to fulfill specific duties and responsibilities assigned by the Court. (*See* PTO 8, Rec. doc. 506.) These responsibilities do not

include the authority to insert itself in every controversy or file briefs any time it believes it would promote its interests.  Instead, the Court assigned the PSC the role of facilitating and coordinating certain efforts relating to **discovery** (*e.g.*, "Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs"); **hearings and meetings** (*e.g.*, "Act as spokesman for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions"); and various "**miscellaneous**" duties such as exploring settlement options, maintaining files of pretrial matters and, when necessary, opposing defendants' motions "**which involve matters within the sphere of the responsibilities of the PSC**."  (PTO 8 at 3-4.)  Motions directed at complaints of individual government entities represented by separate counsel do not fall within these specified duties or within the sphere of the PSC's responsibilities.  In fact, they are no more the responsibility of the PSC than motions directed at the State of Alabama or Louisiana would be.  A contrary interpretation would give the PSC carte blanche to weigh in on any dispute, thereby duplicating work of other parties, multiplying the number of briefs and disrupting briefing schedules, and ultimately decreasing the efficiency and coordination that a steering committee is intended to provide.[2]

### Conclusion and Relief Requested

The PSC will have an opportunity to argue its positions at the proper time in response to BP's motion to dismiss the local government entity master complaint.  Hence there was no reason to make its views known through a 40-page brief in response to a motion directed at parties the PSC does not and cannot represent. As the Court recently reminded the State of

---

[2]   Moreover, there are likely to be many instances where the interests of the PSC and the individual government plaintiffs are not identical or are even opposed.  Some of the divergent interests and arguments of the PSC and the State of Louisiana, for example, were highlighted in BP's B1 Bundle Reply Memorandum (Rec. Doc. 2312), and are also on display in those parties' trial plan briefs.

Louisiana when it filed a brief in response to a motion directed at others, a party "can't just take it  upon [itself] to say that I'm going to do what I want to do and just hope that, you know, the Court will let me do it."  (*See* 2011-04-29 Tr. of Status Conference Proceedings at 46-47.)  That is exactly the view suggested by the PSC's failure to identify the party on whose behalf it submitted the brief and its failure to cite any PTO or other order authorizing its filing.  The PSC performs a valuable function; its role is broad but it is not boundless.  Its brief in response to BP's motion to dismiss certain complaints in pleading bundle C was improper and should be stricken.

Although BP is reluctant to exacerbate the Court's burden, if the Court declines to strike the PSC's brief, BP respectfully requests an additional 15 pages in which to reply to the briefs filed by the Mexican states, the Louisiana district attorneys, and the PSC.

Date: May 13, 2011                              Respectfully submitted,


                                                /s/ Don K. Haycraft
                                                Don K. Haycraft (Bar #14361)
                                                R. Keith Jarrett (Bar #16984)
                                                LISKOW & LEWIS
                                                701 Poydras Street, Suite 5000
                                                New Orleans, Louisiana 70139-5099
                                                Telephone: (504) 581-7979
                                                Facsimile: (504) 556-4108

                                                AND

                                                Richard C. Godfrey, P.C.
                                                J. Andrew Langan, P.C.
                                                Andrew B. Bloomer, P.C.
                                                Kirkland & Ellis LLP
                                                300 North LaSalle Street
                                                Chicago, IL 60654
                                                Telephone: (312) 862-2000
                                                Facsimile: (312) 862-2200

                                                Robert C. "Mike" Brock
                                                Covington & Burling LLP
                                                1201 Pennsylvania Avenue, NW
                                                Washington, DC 20004-2401
                                                Telephone: (202) 662-5985

                                                ***Attorneys for BP Exploration & Production***
                                                ***Inc. and BP America Production Company***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of May, 2011.

/s/ Don K. Haycraft
Don K. Haycraft