UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | : | MDL NO. 2179 |
| | "Deepwater Horizon" in the | : | |
| | Gulf of Mexico, on | : | SECTION: J |
| | April 20, 2010 | : | |
| | | : | JUDGE BARBIER |
| This Document Relates to All Cases | | : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**PRETRIAL ORDER 36: ORDER RELATING TO THE PRODUCTION OF CONFIDENTIAL INFORMATION BY THE UNITED STATES**

Upon consideration of the United States' Motion for Entry of an Order Relating to the Production of Confidential Information and any opposition thereto, the Court hereby GRANTS the motion and ORDERS that:

1. "Confidential," Highly Confidential", "Objecting Party," and "Information" shall, for the purposes of this Order, have the same meanings that they have in Pretrial Order 13.

2. Except as otherwise stated in this Order, the United States shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody, or control that is Confidential or Highly Confidential, in accordance with Pretrial Order 13, and such information shall be handled in accordance with the procedures in Pretrial Order 13.

3. "Submitting Entity" shall mean, for the purposes of this Order, any entity or individual that has submitted information to the United States which the entity or individual claims is protected from public disclosure, or which the United States has informed the entity or individual would be protected from public disclosure by applicable Federal law.

4. If a Party requests otherwise discoverable information from the United States which a Submitting Entity has claimed is protected from public disclosure, the United States

shall, based upon the claimed grounds of confidentiality, designate such information as "Confidential" or "Highly Confidential" pursuant to this Order and Pretrial Order 13.

5. If, pursuant to a valid discovery request, the United States produces otherwise discoverable information and designates such information as Confidential or Highly Confidential because a Submitting Entity claims that it is protected from public disclosure or because the United States has informed the Submitting Entity that it would be protected from public disclosure by applicable Federal law, and an Objecting Party raises an objection pursuant to Paragraph 9 of Pretrial Order 13, the United States shall, within 14 days, send notice to the Submitting Entity. The United States shall not be required to respond to the objection until 14 days after such notice has been sent to the Submitting Entity. The Submitting Entity shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in Paragraph 9 of Pretrial Order 13.

6. This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11); the Magnuson-Stevens Act, 16 U.S.C. § 1881a(b)(1)(D); and the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i).

7. Nothing in this Order or in Pretrial Order 13 shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from producing, including, *inter alia*, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); or information protected by Federal Rule of Criminal Procedure 6(e).

8.	Pursuant to Federal Rule of Evidence 502(d), production of any record by a Federal agency in this litigation does not waive any Privacy Act protection of that record outside this litigation; and any such record produced in this litigation must be strictly protected in accordance with this Order and Pretrial Order 13.

9.	Otherwise discoverable information that is protected by the HIPAA implementing regulations shall, in response to a valid discovery request, be designated as Confidential pursuant to Pretrial Order 13.  Notwithstanding Paragraphs 5(K) and 7 of Pretrial Order 13, all such HIPAA-protected records must be destroyed or returned to the United States pursuant to Paragraph 10 of Pretrial Order 13 and 45 C.F.R. § 164.512(e)(1)(v) and may not be used in any related proceeding absent a separate protective order authorizing their disclosure in such proceeding.

10.	Neither this Order nor Pretrial Order 13 shall govern the production or designation of classified information, sensitive security information, technical data with military or space application, information on classified computer systems, or enforcement-sensitive government documents relating to ongoing criminal investigations.

11.	Notwithstanding any federal statute or regulation, no agency, officer, employee or attorney of the United States shall be subject to any civil or criminal penalty or sanction relating to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Order and Pretrial Order 13.

New Orleans, Louisiana this 13th day of May, 2011.

_____
United States District Judge