Date: 05/16/2011 07:46 AM

Subject: Transocean's Requests for Additional Depo Time

Dear Magistrate Shushan,

Per Your Honor's recent instructions, I am writing on behalf of Transocean to request that additional deposition time be allotted so that Transocean may meaningfully depose in May and June critical Halliburton personnel involved in the cementing operation performed aboard the Deepwater Horizon ("DWH"), as well as representatives of CSI who performed the testing of and issued opinions re: Halliburton's allegedly deficient cement slurry on behalf of BP.

Transocean, as the rig operator, is a uniquely positioned defendant in that among the defendants it had the broadest relationship with BP and was instructed by BP to carry out various operations. Similarly, Halliburton personnel designed and performed the cementing operations that occurred on the DWH. At this time, and subject to agreements with other defendants, Transocean has approximately 1.25 hours of examination time per deponent. 75 minutes is simply insufficient time for Transocean to meaningfully address the multiple cementing decisions made by Halliburton supervisors or the opinions and conclusions reached by BP's cement testing contractor, CSI. Thus, Transocean respectfully submits that for the below deponents, a minimum of 2.5 hours (150 minutes) of deposition time should be allotted to Transocean. We believe this can be accomplished by increasing the total examination time per deponent from 15 hours to 16.25 hours (with 8.25 hours the first day and 8 hours the second day or vice versa). Of course, Transocean is open to other arrangements that result in Transocean receiving 2.5 hours of deposition time, but keeping the 15 hour deposition limit in place.

The below named CSI deponents are engineers that were directly involved in BP's post-incident testing of the cement slurry that potentially failed, resulting in the well blowout and spill. CSI prepared the following reports for BP as part of BP's internal investigation into the incident: 1) Laboratory Analysis of Cementing Operations on the Deepwater Horizon; 2) Analysis of Cementing Operations on Deepwater Horizon and Possible Contributing Factors to Loss of Well Control; 3) OptiCem Comparison for Casing, Liner and Centralizer Modeling; and 4) Modeling Analysis Comparison OptiCem v. CemCade Output Results. Moreover, CSI was hired by BP to analyze Halliburton's cement design, cement testing, cement failures, and OptiCem simulations. As a result, CSI will provide BP's conclusions and opinions with regard to Halliburton's cement program as utilized on the Macondo well. Since Erik Cunningham, BP's lone cementing witness, recently testified that he knew nothing about the cement program for the Macondo well, CSI's findings appear to be the only source of BP's factual and technical conclusions regarding the cement program.

Fred Sabins--CSI president and engineer (May 24-25)

David Brown--CSI engineer (June 13-14)

Transocean also seeks additional time for the following Halliburton employees:

Tommy Roth--VP of Cementing (June 27-28)

Ronnie Faul--Sr. GoM Technology Manager (June 29-30)

Both Mr. Faul and Mr. Roth apparently participated in Halliburton's internal investigation of the cementing failures, and presumably have extensive knowledge regarding the cement lab testing that was not performed before the cement was placed in the Macondo well. For example, Tim Probert, Halliburton's Chief Officer of Health, Safety, and Environment, relied on Mr. Roth's and Mr. Faul's technical cementing knowledge and expertise when he testified before the Committee on Energy and Natural Resources. In light of the fact that Jesse Gagliano (Halliburton's lead cementing engineer on the Macondo well) refused to testify last week (instead invoking his 5th Amendment rights), Mr. Roth and Mr. Faul are the Halliburton employees that will most likely provide the most information, both factual and technical, regarding Halliburton's cement design, cement testing, cementing operations, OptiCem simulations, cement lab results, cement lab analysis, and cementing practices, policies, procedures and protocols--issues that are critical to Transocean's defenses.
I will be happy to answer any follow-up questions the Court may have regarding the above requests for extra deposition time.

Respectfully,

Kerry Miller