UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Working Group[1] Conference on Friday, May 13, 2011]

This order reflects the action taken at the Working Group Conference on Friday, May 13, 2011, and the requirements for the Working Group Conference on **Friday, May 20, 2011.**

1. **Douglas Brown and James Brent Mansfield**.

Jeff Seely, the attorney for Brown and Mansfield, has sought the agreement of the defendants that a dismissal by Brown and Mansfield of their recently filed state court action would not be treated as a second dismissal for purposes of Fed. R. Civ. P. 41(a)(1)(B). BP reported that there was agreement. **Before the May 20, 2011 conference**, Mr. Seely shall prepare a simple stipulation and circulate it to liaison and coordinating counsel. If there is no opposition, he shall file an unopposed request for entry of the stipulation.

2. **Deadlines for Responses to BP Third Party Claims**.

It has been stipulated by BP, Halliburton and Cameron that Halliburton and Cameron shall file and serve their answers and/or responses to BP's third-party claims by Friday, May, 20, 2011. Rec. doc. 2257. In MDL 2179, but relating to the complaint by the United States against BP and others (10-4536), BP filed a cross-claim against the Transocean defendants (Rec. doc. 2075) and a

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

third-party complaint against Halliburton (Rec. doc. 2083). BP agreed that the Transocean defendants had until May 20, 2011 to respond to this third-party complaint and it will discuss with Transocean the request to extend this deadline to July 15, 2011.

**3.    Clean-Up Responder Defendants' Deadlines**.

The Clean-Up Responder Defendants requested a deeming order. Halliburton reported that it had no opposition. The other parties shall consider the proposed order and by **Thursday, May 12, 2011, at noon** report to liaison counsel for the Clean-Up Responder Defendants whether they oppose entry of the deeming order. If there is no opposition, the Clean-Up Responder Defendants shall file an unopposed motion for entry of the order. The stipulation is as follows:

> By stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel, Coordinating Counsel for the States, and Defense Liaison Counsel, and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:
>
> IT IS ORDERED that the March 24, 2011 Stipulated Order (Rec. Doc. 1730) is amended to clarify that as to the 14(c) Third-Party Defendants Marine Spill Response Corporation, Airborne Support, Inc., Airborne Support International, Inc., Lynden, Inc., Lynden Air Cargo LLC, Dynamic Aviation Group, Inc., International Air Response, Inc., Lane Aviation, National Response Corporation, O'Brien's Response Management, Inc., Tiger Safety, LLC, DRC Emergency Services, LLC, and Nalco Company (collectively, the "Clean-Up Responder Defendants"), any motions to dismiss and/or answers that have already been filed by any of the Clean-Up Responder Defendants in response to the B3 Bundle Master Complaint are hereby deemed to also respond to any cross-claims/counterclaims that have already been filed or may be filed by Limitation Petitioners in the Limitation Action or by any 14(c) Third-Party Defendants against any of the Clean-Up Responder Defendants. In the event the pending motions to dismiss are not granted in their entirety, Clean-Up Responder Defendants' rights to separately respond at a later date to any remaining cross-claims/counterclaims are expressly preserved.

**4.    Issues Concerning Discovery from BP.**

   A.    Late production of documents.

The Court commented on the parties' submissions. It understood why the PSC raised the

2

issue.  It did not find that there was a systemic issue which needed to be addressed.  The PSC identified two areas of primary concern: (1) late production of custodial files; and (2) the process for production of paper documents.  BP sought a certification procedure from the PSC regarding its searches for documents.  The Court responded that: (1) BP must use care to make sure that paper documents, for example a notebook, are produced timely; (2) BP must use due diligence on its custodial file production for the depositions scheduled through July 31, 2011; (3) for the Suttles deposition, BP shall produce any remaining custodial documents by no later than **Monday, May 16**; and (4) the PSC shall provide a brief certification of its attempt to find a document before requesting that BP locate a document.

The PSC identified a particular document (BP HZN BLY 14125821309) concerning an interview by James Weatherbee (deposed January 26, 2011) of Tony Brock as being provided late. The PSC was asked to submit the document with its request and the PSC has requested relief be granted as to the alleged late production of this document.  It will be on the agenda for **May 20, 2011.**

   B. <u>Investigation</u>.

The Court reviewed the supplemental *in camera* submissions from BP and found that the investigation was conducted by counsel for BP and is protected from disclosure by the attorney-client privilege and work-product doctrine.  The request for what has been loosely described as the "Baxter Investigation" is denied.

   C. <u>September 2008 Caspian Sea Blowout</u>.

The PSC's request for documents relating to this incident was denied.  BP was asked to determine if there is a post-incident report concerning the cause of the incident.

      D.      <u>Photographs of a BP Houston facility</u>.

BP shall make the following available for inspection and photographs: (1) the conference room in Houston used to monitor the Deepwater Horizon through April 20, 2010 and thereafter the drilling of the relief well; and (2) the new center for monitoring drilling in the Gulf of Mexico. It shall provide a floor plan for the facility at the time of the April 20, 2010 incident. There shall be no sworn testimony. The inspection team shall be comprised of five persons: two members of the PSC; one photographer; one representative of Halliburton; and one representative for another defendant. All information obtained from the inspection shall be made available to all parties.

**5.**    **<u>Issues Concerning Discovery from the U.S.</u>**

Judge Barbier signed the unopposed motions submitted by the U.S. regarding communications between the PSC and the U.S. and the amendment of PTO 13 concerning confidential information. Rec. docs. 2375 and 2376. It reported that it is working on a further order regarding settlement communications which it anticipates will be presented to Judge Barbier by May 20, 2011.

**6.**    **<u>Issues Concerning Discovery from the PSC and Government Entities</u>**.

BP reported that on April 27, 2011 it served the U.S., the States and other government entities with event discovery. On May 13, 2011, it was to serve the PSC with discovery. The discovery was being coordinated with other defendants. BP and the States agreed that the States would have until June 20, 2011 to respond to the discovery served by BP on April 27, 2011. For the present the following deadlines apply.

    a.    By <u>Friday, May 13, 2011</u>, the defendants shall serve their contention and "clean-up" discovery for Phase One on the PSC, the U.S., the States and other government

       entities.

   b.    By <u>Friday, May 27, 2011</u>, BP may serve limited requests for admissions (RFAs). The RFAs shall be coordinated with the other defendants. BP shall send a copy of the RFAs to the Court.

   c.    By <u>Monday, June 13, 2011</u>, the PSC shall respond to this discovery.

   d.    By <u>Monday, June 20, 2011</u>, the US, the States and other government entities shall respond to this discovery, including discovery served on April 27, 2011. They may adopt and incorporate the responses of the PSC.

   e.    Any motions to compel concerning the PSC's responses to the discovery shall be filed by <u>Monday, June 27, 2011</u>. The mover shall request expedited consideration.

   f.    Any motions to compel concerning the responses of the US, the States and other government entities shall be filed by <u>Tuesday, July 5, 2011</u>. The mover shall request expedited consideration.

   g.    The defendants shall coordinate their discovery to eliminate duplication of discovery requests.

**7.**    **<u>Scope of Segment Two</u>**.

At the May 6 conference there was discussion that: (a) the Macondo well was effectively killed (not flowing) as of July 15, 2010; and (b) it was formally declared dead on September 19, 2011 when the relief well was completed. The PSC reported that some plaintiffs in the D1 bundle contend that some oil continued to flow from the well after July 15 until it was declared dead on September 19, 2010. The U.S. responded that if Segment Two is extended to September 19, there will be an exponential increase in the burden on the United States to respond to discovery.

8. **Allocation of Deposition Time Among Defendants.**

Pursuant to PTO 27, the defendants have six of the fifteen hours for their examination. By agreement among the defendants this is allocated as follows for a current or former BP employee.

| | |
|---|---|
| Halliburton | 75 minutes |
| Transocean | 75 minutes |
| Anadardko/MOEX | 75 minutes |
| Cameron | 45 minutes |
| Weatherford | 45 minutes |
| M-I Swaco | 15 minutes |
| BP | 30 minutes |

The allocation changes in a similar manner when the deponent is associated with a different party. For example, where a Halliburton employee is deposed, BP has 75 minutes and Halliburton has 30 minutes. Dril-Quip is not assigned time, but time is made available to it as needed.

BP's request for reallocation of time for Transocean witnesses to be deposed before July 31, 2011 was denied. The Court will continue to consider requests for additional time on a deposition by deposition basis.

The parties may request a reallocation of time among all parties for Phase Two discovery.

9. **Fifth Amendment Witnesses**.

Counsel for Robert Kaluza confirmed that Mr. Kaluza will be available for his deposition on July 11 and 12.

The PSC shall follow-up with counsel for Brian Morel and Mark Hafle to secure dates in July for their depositions.

Anadarko/MOEX shall prepare a proposed standard statement for invocation of the Fifth Amendment and circulate it to all counsel. An order will be entered requiring the witnesses to adhere to the statement when invoking the Fifth.[2]

The depositions of witnesses taking the Fifth are set for one day. The time allotted to group of parties for a two-day deposition is reduced pro-rata for such a one day deposition.

**10.** **BP.**

| | | | |
|---|---|---|---|
| *** | Armstrong, Ellis | July 13 (NO) | Topics 9 and 10 |
| *** | Jassal, Kal (NO) | | Topic 1 |
| *** | Byrd, Mike (NO) | July 14 | Topics 13 and 22-26 |

BP shall determine whether Byrd is available on either July 13 or 15. The issue of whether he will be deposed for two days is deferred to May 20, 2011.

    108.    Sabins, Fred - Rule 30(b)(6) CSI    May 24 and 25

The deposition is confirmed.

    192.    Rule 30(b)(6) Vector Magnetics (NO)    July 6

The arrangements for document production for the deposition remain incomplete. If the document production is not resolved by May 13, 2011, Halliburton shall issue a subpoena for the production of the documents about two weeks before the deposition.

    ***    Albertin, Martin

Albertin was added to the Master List. At the **May 20, 2011** conference, BP shall report on possible dates for his deposition.

---

[2] If a witness or his/her counsel wants to make a broader statement at the commencement of the deposition he may do so and the statement shall continue to apply to each response during the deposition.

    \*\*\*    Little, Ian (UK)        June 9 and 10 and June 30 (Rule 30(b)(6))

Mr. Little will testify as a fact witness on June 9 and 10. He will return on June 30 to testify as one of the designees on topic 17 (the determination of the well design for the Macondo Well) and the designee on topic 19 (any financial incentives for BP personnel working on the Deepwater Horizon and/or the Macondo Well).

    \*\*\*    McKay, Lamar

McKay's deposition is not required for the preparation of reports of experts for Phase One of the February 27, 2012 trial. BP is not required to produce him for deposition before July 31, 2011. It will be required to produce him for Phase Two. The Phase Two depositions will begin after the Labor Day break.

**11.** **Halliburton.**

    2.    Wright, John    Boots & Coots

Halliburton reported that Mr. Wright has retained an attorney. It expects to have dates for his deposition before the **May 20, 2011 conference**.

**12.** **Transocean**.

Transocean was reminded that for the depositions of its present or former employees who are represented by personal injury counsel, the custodial file for the deponent shall be produced to the personal injury counsel at the same time as it is produced to liaison counsel and coordinating counsel.

| 57. | Fleytas, Andrea | July 25 and 26 | Kurt Arnold |
| 164. | Taylor, Carl | July 14 and 15 | Kurt Arnold |
| 165. | Watson, Nick | July 14 and 15 | Kurt Arnold |

| 156. | Johnson, Bill | July 25 and 26 | Kurt Arnold |
| 163. | Seriale, Allen | July 25 and 26 | Kurt Arnold |
| 148. | Bertone, Steve | July 27 and 28 | Kurt Arnold |
| 157. | Johnson, Dustin | July 27 and 28 | Kurt Arnold |

The dates for Fleytas, Taylor, Watson, Bill Johnson, Seriale, Bertone and Dustin Johnson were confirmed.

| 155. | Ingram, James | July 27 and 28 | Kurt Arnold |
| 159 | Meinhard, Paul | July 28 and 29 | Kurt Arnold |

Halliburton provided dates for Ingram and Meinhard. It will confirm the dates with Mr. Arnold and determine whether it is necessary to subpoena the witnesses.

| 160. | Morgan, Patrick | July 5 and 6 | Tony Buzbee |
| 162 | Sandell, Micah | July 7 and 8 | Tony Buzbee |

BP provided dates for Morgan and Sandell.

| 166 | Wheeler, Wyman | July 7 and 8 | Mike Walsh and Brett Robinson |

BP provided dates for Wheeler.

*** Mr. Sneddon

David Cameron is set for June 13 and 14 in London. BP will report by **May 20, 2011** whether it still requires Mr. Sneddon.

82. Redd, Eddy

Transocean continues to work on dates for Redd's deposition.

| 72. | Smith, N. Pharr | June 27 and 28 | |
| *** | Boughton, Geoff | July 20 and 21 | |

Transocean provided dates for the depositions of Smith and Boughton.

\*\*\*  Hadaway, Troy James

Hadaway was the Rig Safety and Training Coordinator (RSTC). BP believes he was aboard the vessel at the time of the accident. BP requests his addition to the Master List. Transocean is working to secure dates for Hadaway's deposition.

**13.  Rescheduling of Depositions**.

In the absence of a medical excuse or family emergency the Court will not permit scheduled depositions to be rescheduled and all depositions required for the completion of expert reports for Phase One of the February 2012 trial shall be taken by **July 31, 2012.**

**14.  Requests for Additions**.

By noon on **Thursday, May 19, 2011**, the parties shall provide the Court with a current list of the persons they request be added to the list of persons to be deposed before July 31, 2011. If a person is scheduled for a deposition or is on the list of persons to be deposed before July 31, 2011, they shall not be on a request for additions list. In preparing the list the parties shall include the employer of the person at the time of the incident and why the person's testimony is needed by July 31, 2011. If the person is required for discovery for Phase One, but is not required by July 31, 2011, the person shall be so identified.

As of May 13, 2011, the Court had received the following requests for additions.

| Name | Employer | Requesting Party |
|---|---|---|
| Burns, Tim | | PSC |
| Daigle, Keith | | PSC |
| Jackson, Curtis | | PSC |

| | | |
|---|---|---|
| Bergman, Melissa | Halliburton | BP |
| Blanchard, Carl | Halliburton | BP |
| Preston, Jim | Halliburton | BP |
| Bement, James | Halliburton | BP |
| Rodriguez, Mr. Angel | BP | Transocean |
| Fry, Mike | Transocean | Cameron |
| Childers, Mark | BP Consultant | Cameron |
| Emerson, Tony | BP | Cameron |
| Allen, Tim | BP | Cameron |
| Fleming, Ray | BP | Cameron |
| Kenney, Gary D. | Sine Rivali/DNV | Cameron |
| Thompson, Neil | DNV | Cameron |
| Clements, Jeremy | Transocean | Cameron |
| Cotton, Al | R&B Falcon | Cameron |
| Crichton, Steve | Transocean | Cameron |
| Foreman, Fred | InSpec, Inc. | Cameron |
| Gray, Todd | Transocean | Cameron |
| Kennedy, John | R&B Falcon | Cameron |
| Linenberger, Ralph | BP consultant | Cameron |
| McGrath, Scott | Transocean | Cameron |
| Rodger, Brad | Transocean | Cameron |
| Silverman, Peter | R&B Falcon | Cameron |

| | | |
|---|---|---|
| Wetherell, Linda | R&B Falcon | Cameron |
| Wink, Kevin | R&B Falcon | Cameron |

**15.    London Depositions**.

The Court will be present for the first week of the depositions in London (June 6 through June 10). The Court's presence at the depositions will not change the deposition protocols (PTOs 17 and 27). There will be a dry run on **Friday, June 3, 2011**. The PSC shall notify all parties and the Court of the time for the dry run. Counsel shall carefully review counsel for BP's description of the procedures for registering to gain access to the London Kirkland & Ellis office. BP shall re-circulate the procedures on **May 20, 2011**.

BP shall take every reasonable measure to ensure that custodial production for the London depositions is completed in accord with the prior orders and that "stragglers" are kept to the barest possible minimum.

Before the **May 20, 2011 conference**, the parties shall give careful consideration to any issues which may arise at the depositions and raise them at the remaining conferences.

**16.    M-I Swaco**.

130.    Lindner, Leo        July 13 and 14 (tentative)        Tony Buzbee

Mr. Lindner was employed by M-I Swaco as mud engineer/drilling fluid specialist. His deposition was requested by Halliburton and BP. His deposition was set for May 25 and 26. It will be rescheduled tentatively for July 13 and 14. BP shall attempt to reset it for July 11 and 12.

**17.    Requests for Additional Time**.

Because of the deposition schedule, the persons with the highest priority were Suttles, Rich and Thierens. With the report from the US after the May 13, 2011 conference, the status of the

priority requests was as follows:

| | Name | Deposition Date | Allotted | Requested | Ceded |
|---|---|---|---|---|---|
| 1. | Doug Suttles | May 19 and 20 | Zero | Three hours | 105 minutes |

Parties Requesting: Clean-up Responder defendants

Parties Ceding: (1) Weatherford - 45 minutes; (2) M-I Swaco - 15 minutes; (3) Anadarko -15 minutes; (4) Halliburton- 15 minutes; and (5) Cameron - 15 minutes.

The plaintiff in Southeast Recovery Group v. BP, 11-823 requested time for the deposition.

The PSC will cede Southeast Recovery five minutes at the end of Mr. Suttles' deposition.

| 2. | David Rich | May 31 and June 1 | 75 minutes | 75 minutes | 15 minutes |
|---|---|---|---|---|---|

Party Requesting: Transocean

Parties ceding: (1) PSC - 15 minutes;

Mr. Rich was the BP well manager.

| 3. | Harry Thierens | June 9-10 London | 75 minutes | 65 minutes | Zero minutes |
|---|---|---|---|---|---|

Party requesting: Transocean

Parties ceding:

Mr. Thierens possesses information on well design policies and practices, rig condition audits, and post-explosion BOP efforts.

**18.    Master Lists for Source Control and Quantification Tracks**.

BP reported that it was working on the Master Lists and will submit the Lists with input from all parties by **Thursday, May 19, 2011**.

**19.    Other Matters**.

The Court indicated that the parties would probably be permitted to serve additional written discovery on Source Control and Quantification.

The PSC reported that it was near a stipulation with Mitsui which will be similar to Transocean jurisdictional stipulation.

The Court will work with the PSC and the other parties on changes to Website for Short Form Joinder filings. For example, the April 20, 2011 deadline can be removed. In place of the deadline, there may be statement that the deadline for filing claims has passed, but District Judge Barbier may permit a late claim to be filed if the claimant presents good cause to show why the claim was not filed by April 20, 2011.

**20.**     **Conference Schedule**.

Parties are not required to have counsel present in the courtroom for these conferences. Counsel are encouraged to participate by telephone if it is more convenient for them to do so.

| | |
|---|---|
| Friday, May 20, 2011 at 9:30 a.m. | Working Group Conference ("WGC") followed by meeting of Liaison and Coordinating Counsel (LCC). |
| Thursday, May 26, 2011 at 1:00 p.m. | WGC followed by meeting of LCC. |
| Friday, June 3, 2011 (TBA) | London dry run. |
| Friday, June 10, 2011 | No conference |
| Friday, June 17, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, June 24, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 1, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 8, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, July 15, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 22, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 5, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 26, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

Labor Day Break - August 31 through September 6, 2011.

New Orleans, Louisiana, this 17th day of May, 2011.

_____
**SALLY SHUSHAN
United States Magistrate Judge**