UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 10-4239; 10-4240; 10-4241 | MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding Motion of States of Tamaulipas, Veracruz, and Quintana Roo, Republic of Mexico to Amend (Rec. doc. 2150)]**

On April 26, 2011, the State of Tamaulipas, State of Veracruz, and State of Quintana Roo, Republic of Mexico (collectively "Mexican States") filed a motion for leave to file Second Amended Complaints to clarify the factual bases and causes of action asserted against the defendants and add as defendants: (1) Weatherford U.S. LP; (2) Transocean Holdings, LLC, (3) Triton Asset Leasing GmbH; (4) Anadarko E&P Company, L.P., (5) MOEX Offshore 2007 LLC; (6) MOEX USA Corporation; (7) M-I, LLC, and (8) Mitsui Oil Exploration Co., Ltd. ("MOECO").  Rec. doc. 2150. Haliburton and BP oppose the motion.  Rec. docs. 2314 and 2315.

The Mexican States report that: (1) since December 2010 they have learned of new facts, identified new defendants and identified new causes of action; (2) they contend that the proceedings will not be delayed if they are permitted to amend; (3) each state has a newly sworn governor who wants to continue the case with additional claims and allegations of fact.  They request leave to amend pursuant to Fed. R. Civ. P. 15(a).  Halliburton and BP contend that the request for leave to amend is not timely and the Mexican States have not demonstrated good cause to amend.

The Mexican States filed their complaints in federal court in Texas on September 15, 2010. The complaints were amended on September 16, 2010.  On November 8, 2010 they were transferred to this Court to proceed under MDL 2179.

On October 19, 2010, Judge Barbier signed Pretrial Order No. 11 (Case Management Order

No. 1). Rec. doc. 569. The proceeding was separated into pleading bundles for purposes of filing complaints, answers and Rule 12 motions. Id. at 2. Pleading Bundle C (Public Damage Claims) provided that "[t]hese claims brought by governmental entities for, *inter alia*, loss of revenues, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints. . . ." Id. at 4. PTO No. 11 provided that, "[i]n existing cases for Pleading Bundles not subject to a filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown)." Rec. doc. 569 at 5.

On December 15, 2010, the plaintiffs filed Master Complaints for Bundles B1, B3 and D1. Rec. docs. 879-881. On February 1, 2010, the plaintiffs filed a First Amended Master Complaint for Bundle B1. Rec. doc. 1128. On March 4, 2010, and pursuant to Pretrial Order No. 33 (Rec. doc. 1549), the plaintiffs filed the voluntary Local Government Entity Master Answer to Claim in Limitation, Master Claim in Limitation, and Master Complaint for Pleading Bundle C.[1] Rec. doc. 1510.

On March 28, 2011, Halliburton moved to dismiss the first amended complaint of each of the Mexican States. Rec. docs. 1781 (Veracruz), 1782 (Tamauipas), and 1783 (Quintana Roo). BP filed a similar motion. Rec. doc. 1786. On April 26, 2011, the Mexican States filed their opposition to the BP and Halliburton motions to dismiss and moved to amend. Rec. docs. 2139 and 2150.

The proposed amended complaints are derivative of the Bundle C Master Complaint filed on December 15, 2010. For example, the first amended complaint filed by Veracruz on September 16, 2010 named as defendants: the BP entities; the Transocean entities; Anadarko Petroleum Corporation; Halliburton; and Cameron. CA 10-4239 (Rec. doc. 2). It did not name MOEX USA

---

[1] The Mexican States are not parties to this Master Complaint because, pursuant to PTO No. 33, they did not "join or otherwise intervene. . .". Rec. doc. 1549 at p. 1

Corporation and its affiliates. In paragraph 215 of the B1 Master Complaint, the plaintiffs described a July 24, 2007 press release issued by MOECO which announced its participation with BP in a Gulf of Mexico prospect. Rec. doc. 879 at 58-59. The identical paragraph appears verbatim as paragraph 40 of the proposed Veracruz amended complaint. Rec. doc. 2150 (Attachment at 12).

The deadline for the Mexican States to file their amended complaint was December 15, 2010. Rec. doc. 569 at 5. In S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533 (5th Cir. 2003), the Fifth Circuit held that Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired.

> Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

Id. at 536. The Fifth Circuit applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion: (1) the explanation for the failure to move timely for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. at 536.

The explanation for the delay in seeking leave to amend is inadequate. At least since December 15, 2010, the Mexican States were in possession of the plaintiffs' allegations in the Master Complaints. If the Mexican States did not possess this information prior to December 15, 2010, they could have sought leave to file their proposed amended complaint shortly after December 15, 2010. Instead they waited until April 26, 2011 to file their motions to amend.

The defendants will be prejudiced if the Mexican States are permitted to amend. The motions of BP and Halliburton to dismiss were timely. Their motions and the defendants' other motions to dismiss are set for May 26, 2011. If the Mexican States are permitted to amend at this late stage in an attempt to cure issues raised in the motions to dismiss, the resolution of these issues

3

will be delayed.  This is not consistent with the orderly administration of the MDL.

IT IS ORDERED that the motion of the State of Tamaulipas, State of Veracruz, and State of Quintana Roo, Republic of Mexico for leave to amend (Rec. doc. 2150) is DENIED.

New Orleans, Louisiana, this 18th day of May, 2011.

                                              **SALLY SHUSHAN**
                                              **United States Magistrate Judge**