IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Oil Spill by the Oil Rig** | \* | **MDL NO. 2179** |
| "Deepwater Horizon" in the | \* | |
| Gulf of Mexico, on April 20, 2010 | \* | **CIVIL ACTION NO. 10-2771** |
| | \* | |
| **In re:  The Complaint and Petition of** | \* | **SECTION:  J** |
| Triton Asset Leasing GmbH, *et al.*, | \* | |
| in a Cause for Exoneration from or | \* | **JUDGE BARBIER** |
| Limitation of Liability | \* | |
| | \* | **MAGISTRATE SHUSHAN** |
| **This Document Relates to:** | \* | |
| 2:10-cv-02771 | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

## NALCO COMPANY'S AMENDED COUNTERCLAIM TO THIRD-PARTY PLAINTIFFS' RULE 14(C) THIRD-PARTY COMPLAINT

Defendant Nalco Company ("Nalco"), by its attorneys Latham & Watkins LLP, for its Counterclaim to the Rule 14(c) Third-Party Complaint filed by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. ("Third-Party Plaintiffs"), dated February 18, 2011, respectfully states as follows:

1. Pursuant to the Court's Pre-Trial Order dated March 24, 2011 (Rec. Doc. No. 1730) (the "March 24 Order"), Nalco is not required to file an Answer to Third-Party Plaintiffs' Rule 14(c) Complaint nor is Nalco required to bring counterclaims.  By filing the Counterclaim herein, Nalco is not waiving its right to rely on the Court's March 24 Order.  Nalco reserves the right to reply to the allegations contained in the Rule 14(c) Third-Party Complaint and to plead

affirmative defenses to those allegations at such time as may otherwise be required or upon further order of this Court.

2. By the Court's March 24 Order, Nalco's motion to dismiss the B(3) Pleading Bundle Master Complaint is deemed to respond to the Third-Party Plaintiffs' Rule 14(c) Complaint, the Plaintiffs' Amended Master Claim in Limitation and all other Claims in Limitation. Nothing in the Counterclaim herein shall be deemed to waive or supersede any arguments made by Nalco in its motion to dismiss the B(3) Pleading Bundle Master Complaint.[1]

### COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFFS

3. The court has supplemental jurisdiction over this counterclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in the Third-Party Plaintiffs' Rule 14(c) Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

4. In the Master Complaint "B3 Bundle" and in other complaints, Plaintiffs and/or Limitation Claimants have sought to hold the Third-Party Plaintiffs, Nalco, and the other Third-Party Defendants tendered by Third-Party Plaintiffs in the Rule 14(c) Complaint liable for injuries and losses Plaintiffs and/or Limitation Claimants allegedly suffered as a result of the Deepwater Horizon explosion and fire and/or the resulting oil spill.

5. When the Deepwater Horizon explosion occurred on April 20, 2010, Third-Party Plaintiffs were the owners and/or operators of the rig. In addition to providing the Deepwater Horizon itself, Third-Party Plaintiffs also conducted, participated in, supervised, and/or oversaw drilling activities, made or participated in critical decisions regarding same, had personnel and

---

[1] On February 28, 2011, Nalco filed a Motion to Dismiss Master Complaint "B3 Bundle." (Rec. Doc. No. 1409.) Although Nalco believes the claims asserted against it in the Master Complaint "B3 Bundle" are meritless, it files this counterclaim to preserve its right to indemnity and/or contribution from Third-Party Plaintiffs.

equipment on the Deepwater Horizon, and were otherwise directly involved in the Deepwater Horizon's drilling operations at the Macondo well.

6. Third-Party Plaintiffs breached their duty of reasonable care in conducting, participating in, supervising, and overseeing drilling operations on the Deepwater Horizon. Third-Party Plaintiffs failed to take reasonable steps to ensure that the drilling operations conducted on April 20, 2010 were done in a reasonably safe manner, and failed to mitigate the risk of blowout and oil spill that led to Plaintiffs' and/or Limitation Claimants' alleged damages. Third-Party Plaintiffs' negligence caused, in whole or in part, the blowout and the subsequent oil spill.

7. Nalco alleges that any injuries or damages sustained by any Plaintiff or Limitation Claimant were caused in whole or in part by the negligent acts or omissions of Third-Party Plaintiffs and in the event that any Plaintiffs and/or Limitation Claimants recover judgment against Nalco, then Nalco is entitled to contribution and/or indemnity from Third-Party Plaintiffs.

**WHEREFORE**, Third-Party Defendant Nalco prays:

A. That the Third-Party Complaint be dismissed in its entirety;

B. In the alternative, that Nalco's Counterclaim against Third-Party Plaintiffs for indemnity and/or contribution herein be granted in its entirety;

D. That Nalco be awarded all costs incurred in connection with this action; and

E. That the Court grant Nalco such other and further relief as it may deem just and equitable.

Dated:  May 19, 2011            Respectfully submitted,

<div style="margin-left: 3em;">

By: /s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr., Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing NALCO COMPANY'S AMENDED COUNTERCLAIM TO THIRD-PARTY PLAINTIFFS' RULE 14(C) THIRD-PARTY COMPLAINT has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of May, 2011.

/s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company*