IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 | MAGISTRATE JUDGE SHUSHAN |

**DEFENDANT DRIL-QUIP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS TRANSOCEAN'S CROSS-CLAIM/COUNTERCLAIM FOR FAILURE TO STATE A CLAIM**

**SUMMARY**

This lawsuit arises out of an incident that occurred while the *Deepwater Horizon*, a mobile offshore drilling unit owned and operated by Transocean entities, was drilling the Macondo No. 1 well for BP Exploration and Production, Inc., the lessee. Dril-Quip, Inc. ("Dril-Quip") manufactured the subsea wellhead and certain related equipment (the "Subsea Wellhead System") used on the Macondo well and provided a service technician onboard the *Deepwater Horizon* to assist with the installation of the Subsea Wellhead System.

On April 20, 2011, the limitation petitioners Triton Asset Leasing Gmbh, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (collectively "Transocean") filed cross-claims and counterclaims (the "Cross-Claim/Counterclaim") against 28 entities, including Dril-Quip. The Cross-Claim/Counterclaim alleged that:

1. Dril-Quip "was involved with providing wellhead systems to the *Deepwater Horizon*, including the Macondo Well that suffered the Incident of April 20, 2010 …"[1]

2. Dril-Quip, as a Cross-Defendant "[is] or may be liable to Transocean or to the Bundles A, B, C and D Claimants for remedy over, contribution, or otherwise …";[2]

3. "The allegations and contentions which have been asserted against … Dril-Quip by the Bundle A, B, C and D claimants in the Petitions, Complaints and/or Short-Form Joinders filed as a result of the Incident of April 20, 2010 and/or the BP oil spill are incorporated herein by reference … and are adopted by Transocean pursuant to Rule 10(c) of the Federal Rules of Civil Procedure";[3]

4. "… the April 20, 2010 incident and the BP oil spill were caused not by any negligent acts, omissions, or culpable conduct of Transocean, but were caused in whole or in part by the negligent acts, omissions, or culpable conduct of the Cross-Defendants, and/or the breach of warranties of workmanlike performance of the Cross-Defendants, and/or by conditions for which the Cross-Defendants are strictly liable under law, and as a result, the losses and damages alleged to have been sustained by the Bundles A, B, C and D Claimants were proximately caused by the Cross-Defendants";[4]

5. Dril-Quip is liable to Transocean, pursuant to general maritime law or state law, for indemnity for any amount Transocean may be held liable to pay in judgment on or in settlement of Bundle A, B, C or D claims, including interest, costs and attorney's fees;[5]

6. Dril-Quip is liable to Transocean, pursuant to general maritime law or state law, for "contribution or a finding of comparative fault" on those claims, plus interest, costs, and fees;[6]

---

[1] Cross-Claim/Counterclaim ¶ 23, at 14.

[2] *Id.* ¶ 49, at 23-24; *see also id*. ¶ 51-54, at 24-27 (describing more particularly the Bundle claims.)

[3] *Id*. ¶ 61, at 30.

[4] *Id.* ¶ 65, at 32.

[5] *See id.* ¶ 68, at 33.

[6] *See id.* ¶ 70, at 34.

7. "… Dril-Quip is liable to Transocean for its defective design and/or manufacture of the wellhead systems pursuant to Section 402A of the Restatement (Second) of Torts, as adopted by maritime law" or state law, plus interest, costs and fees;[7]

8. Dril-Quip is liable to Transocean for contribution and/or subrogation, plus interest, cost and fees, for sums paid pursuant to Oil Pollution Act ("OPA") claims;[8] and

9. Dril-Quip is jointly and severally liable with all Cross-Defendants except the BP Defendants and the Response Defendants[9] for the loss of the *Deepwater Horizon*, plus interest, costs, and fees.[10]

This account contains or refers to all references to Dril-Quip made by Transocean in its Cross-Claim/Counterclaim.

As the Eastern District of Pennsylvania recently noted,

> … the pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to crossclaims, counterclaims, and third-party complaints. *See, e.g., Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n. 13 (3d Cir. 2010) (applying *Iqbal* to crossclaims); *Tes Franchising, LLC v. Dombach*, 2010 U.S. Dist. LEXIS 124751 at *6 (E.D.Pa. November 24, 2010) (applying *Iqbal* to counterclaims); *Simon Prop. Gr. v. Palombaro,* 682 F.Supp.2d 508, 511 (W.D.Pa.2010) (same).

*Schmolz+Bickenback USA, Inc. v. Dauble*, No. 09-751, 2011 WL 285123, *3 (E.D.Pa., Jan. 28, 2011); *see also Reishus v. Almaraz,* No. CV-10-01760-PHX-LOA, 2011 WL 42679, *3 (D. Ariz., Jan. 06, 2011); *West v. American Electric Power Co.*, No. 2:09-cv-00985, 2010 WL 3910189, *4 (S.D.W.Va., Oct. 4, 2010); *Miami Valley Fair Housing Ctr. v. Steiner & Assocs., Inc.*, No. 08-00150, 2010 WL 2631110, at *7 (May 13, 2010) (applying *Twombly* and *Iqbal* to third-party complaint); *Colon v. Blades*, 268 F.R.D. 143, 2010 WL 1731666, at *2 (D.P.R. Apr. 29, 2010) (same). Under these standards, the Cross-Claim/Counterclaim fails to state a claim

---

[7] *See id.* ¶¶ 82, 83 at 39.

[8] *See id.* ¶¶ 84-87, at 40-41.

[9] *See id*., Compl. line heading at 51.

[10] *See id.* ¶¶ 126-34, at 51-54.

against Dril-Quip because Transocean failed to plead a predicate for a plausible claim against Dril-Quip.

As noted above,[11] as to Dril-Quip, Transocean pleads only the allegations made against Dril-Quip by the Bundle A, B, C and D Claimants. However, none of the B and C Master Complaints name Dril-Quip. Similarly, in their Third-Party Complaint as to Dril-Quip they pled only:

> As to Dril-Quip, the following allegations, among others, have been made by the Plaintiffs/Claimants:
>
> 1. Dril-Quip participated in drilling operations related to the Macondo Well and failed to exercise reasonable care while participating in these drilling operations;
>
> 2. Dril-Quip failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures and resources were available to prevent and/or mitigate the effects of an oil spill; and
>
> 3. Dril-Quip provided wellhead systems for the Macondo Well which suffered the blow-out which subsequently led to the BP Oil Spill which failed to operate, were improperly designed, or possessed product defects.
>
> In addition to the above, the allegations, contentions and causes of action which have been asserted against Dril-Quip by the various Plaintiffs/Claimants in the B1 Master Claim/Master Complaint, the First Amended B1 Master Claim/Master Complaint, or other Complaints, filed as a result of the Incident of April 20, 2010 and/or the BP Oil Spill are incorporated herein for more particular reference, as if set forth herein.[12]

Thus, to date Transocean has made no allegations against Dril-Quip in its own behalf and only three allegations against Dril-Quip on behalf of the Plaintiffs/Claimants; these claims are admittedly borrowed from others and stated in conclusory terms, unaccompanied by any facts. Because Transocean fails to plead any facts against Dril-Quip and thus fails to satisfy the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007), the Court should dismiss the Cross-

[11] *See* page 3, note 3, *supra*.
[12] Third-Party Complaint, ¶XLVIII, at 31.

Claim/Counterclaim against Dril-Quip under Federal Rule 12(b)(6). Even if the pleading insufficiencies are overlooked, the Cross-Claim/Counterclaim fails as a matter of law to state a claim for negligence under the general maritime law against Dril-Quip, because its own allegations conclusively establish that Dril-Quip owed no legal duty to Plaintiffs/Claimants, or to state a valid claim for indemnity. These insufficiencies mandate dismissal of all of Transocean's claims against Dril-Quip.

## ARGUMENT AND AUTHORITIES

### The Cross-Claim/Counterclaim Fails to State a Claim Against Dril-Quip

#### A. The Cross-Claim/Counterclaim Must Meet Federal Pleading Standards.

As noted, *supra* at 2-3, courts that have considered the issue have repeatedly held that the *Twombly-Iqbal* plausibility standards apply not only to plaintiffs' complaints, but to claims of all types among defendants as well. *See Schmolz+Bickenbach*, 2011 WL 285123 at *3. Federal courts sitting in this state have followed suit. In *Martco Ltd. Partnership v. Bruks-Klockner, Inc*., No. 2:07 CV 2002, 2010 WL 2265145 (W.D.La., Jan. 1, 2010) the court applied *Twombly* to dismiss a third-party complaint:

> Merely alleging possible liability on the face of a complaint is not sufficient. As provided in the United States Supreme Court case of *Bell Atlantic v. Twombly*, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56. Bruks' Third-Party Complaint provides no basis on which derivative liability could arguably be supported. Bruks has failed to meet the threshold requirements of pleading a viable legal indemnity claim.

*Id*. at *6. And, in *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363-C-M2, 2010 WL 3385117 (M.D.La., Apr. 30, 2010), the court ordered repleading of a third party complaint against a marine surveyor that had alleged fraud, negligent misrepresentation and breach of contract in general language tracking the elements of the causes of action. *Id.* at *4. The Court noted:

> While those facts may be set forth generally in the Third Party Complaint, [Third Party Plaintiff] does not allege…how those facts satisfy the required elements of causes of action in contract, tort, or fraud under general maritime law. To conclude that such facts satisfy the elements…without more specific allegations in that regard would be speculative under the *Twombly* standard…. Moreover, without more specific allegations…, it will be difficult for [Third Party Defendant] to frame a responsive pleading.

*Id.* at n.2.

These cases recognize, as did the Supreme Court in *Twombly* and *Iqbal*, *see* 550 U.S. at 558 and 556 U.S. at ___, 129 S.Ct. at 1953, that requiring a person, natural or legal, to come into court and defend an action "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources…." *Id.*; *see also Twombly*, 550 U.S. at 557-58 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 233-34) (claim should be tested for basic deficiency at "point of minimum expenditure of time and money by the parties and the court"). That is certainly the case here, where the effect of the Cross-Claim/Counterclaim on Dril-Quip, if allowed, will be to lump Dril-Quip together with more obviously culpable parties in hundreds, perhaps thousands, of lawsuits when in a year's time, marked by repeated public investigation of the facts leading to and away from the *Deepwater Horizon* incident, barely a score of suits have directly named Dril-Quip.[13]

[13] Those suits are no better pled than the Cross-Claim/Counterclaim and the Third-Party Complaint, and Dril-Quip has filed or will file motions to dismiss each of them. So far, Dril-Quip submits, no plaintiff anywhere has alleged a claim against it on which relief may be granted. Even after

Dril-Quip does not desire to point fingers, name names, or weigh blame for what happened on *Deepwater Horizon*. Instead, it respectfully suggests that, as the Supreme Court has held, Rule 8 of the Federal Rules of Civil Procedure entitles it to dismissal from cases in which no party pleads facts and legal theories sufficient to render it plausible that it bears or shares liability for wrongful injury. The principal protection for a defendant – particularly a defendant like Dril-Quip, which has been sued in only a handful of cases and only on the sketchiest of grounds – is the vigilance of the district court in performing the gatekeeping function assigned to it by Rules 8 and 12. Unless extraordinary relief is granted, only this Court can assure that such a defendant, which relinquished its product into the hands of a purchaser that, along with others, performed the acts that led directly to the April 20, 2010 conflagration, properly will escape claims "shy of a plausible entitlement to relief," *Twombly*, 550 U.S. at 559, at its earliest opportunity.

**B. The Complaint Fails to Allege Facts Sufficient to Establish Any Cause of Action**

Today, to survive a motion to dismiss under Rules 8 and 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). The "complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570)); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009)(allegations must push claim past

---

the February 18, 2011, Third-Party Complaint, which explicitly named Dril-Quip, only two groups of plaintiffs amended their complaints to name Dril-Quip, and one group has since recanted and dismissed as to Dril-Quip. *See* Docts. 1669 & 1713. The other names Dril-Quip only by incorporating language from the Third-Party Complaint. See Doct. 1524, ¶8 at 3 (Dril-Quip is named in Paragraph XIX of the Third-Party Complaint).

"conceivable" to "plausible"). These "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56, *quoted in In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (2010)(quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at *4. *See also Great Lakes*, 624 F.3d at 210 (quoting *Iqbal* to effect that "legal conclusions can provide the complaint's framework, [but] must be supported by factual allegations"); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 127, 1333 (11th Cir. 2010)(quoting *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949). Under the standard set forth in *Twombly*, a complaint must plead "enough fact[s] to raise a reasonable expectation" that a plaintiff has a right to relief. *See* 550 U.S. at 557.

The Cross-Claim/Counterclaim alleges only that certain allegations have been made against Dril-Quip by the Plaintiffs/Claimants in Bundles A, B, C and D.[14] Yet those instruments, drawn by counsel selected by this Court to investigate and plead this case, do not name Dril-Quip (except for a very few individual Bundle A complaints which, as noted above, *see* note 12, *supra*, are themselves insufficient to state a claim against Dril-Quip). The closest things to substantive allegations against Dril-Quip made by Transocean are the borrowed allegations set forth in Transocean's Third-Party Complaint.[15]

In the past, such summary allegations might have effectively provided notice of a plaintiff's claim to a defendant, *see Conley v Gibson*, 355 U.S. 41, 47 (1957), but *Twombly* and

---

[14] Cross-Claim/Counterclaim ¶ 61, at 30.

[15] *See* page 4 & n. 11, *supra*.

*Iqbal* have raised the bar. Transocean's allegations, borrowed from unspecified Plaintiffs/Claimants, contain no facts that make it "plausible" that Dril-Quip is liable to Transocean or to any Plaintiffs/Claimants. Specifically, the Cross-Claim/Counterclaim fails to allege any facts that would establish any elements of Plaintiffs/Claimants' causes of action; instead, only innocent facts[16] and conclusory assertions[17] are set forth. But, as noted in *Gentilello* and *Plotkin*, *supra* at 8, such makeweights do not help to establish the plausibility of claims that *Twombly* and *Iqbal* require. Finally, the incorporation of the Master Complaints and "other complaints"[18] does not help because, contrary to Transocean's assertion, the Master Complaints do *not* sue Dril-Quip and, to date, no "other complaint" has been filed that alleges theories and facts adequate to state a claim against Dril-Quip under *Twombly* and *Iqbal*. It is thus impossible to ascertain what Dril-Quip did or failed to do that caused injury to any party. The Court should therefore dismiss the Cross-Claim/Counterclaim against Dril-Quip for failure to state a claim.

**C. The Complaint Alleges Facts that Negate Liability For Negligence on the Part of Dril-Quip.**

Further, the Cross-Claim/Counterclaim contains no facts that, if true, would render Dril-Quip directly liable for maritime negligence. Instead, its allegations negate any such liability. As a matter of law, Dril-Quip did not owe Transocean or any Plaintiff/Claimant any duty of care. "To establish maritime negligence, a plaintiff must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury.' " *Canal Barge Co. v.*

---

[16] *E.g.*, "…Dril-Quip provided wellhead systems …" *Id.*

[17] *E.g.*, "…[the systems] failed to operate, were improperly designed, or possessed product defects …." *Id.*

[18] *See id.*

*Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)(quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)).

The Cross-Claim/Counterclaim alleges no facts from which the Court could infer that Dril-Quip owed Transocean any legal duty because it does not allege that Dril-Quip controlled or had any right to control any of the operations of the *Deepwater Horizon*. The duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *See, e.g., Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Further, it is settled that where a principal retains an independent contractor to conduct oil and gas operations but does not retain control over or participate in the actions of the contractor, the principal neither assumes nor owes any duty to the contractor's employees. *Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, J.). Even when a principal without control over, or participation in, the operation has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.; Ronquille v. MMR Offshore Servs., Inc*., 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

*Ainsworth* is cited by courts applying both Louisiana law and the general maritime law. *See, e.g., Gremillion v. Gulf Coast Catering Co*., No. 88-4544, 1989 WL 104100, at *6 (E.D. La. Sept. 5, 1989), *aff'd*, 904 F.2d 290 (5th Cir. 1990) (citing *Ainsworth* in tort case under maritime law); *Fontenot v. Southwestern Offshore Corp*., 787 So.2d 588, 594 (La. Ct. App. 2001) (tort case under maritime law). In *Ainsworth*, Shell hired an independent contractor, Hercules, to erect an offshore drilling rig. 829 F.2d at 549. Hercules worked its crews around the clock, with

no lights in the work area, and a worker fell as a result. *Id*. Shell had a "company man" on the rig who was aware of the hazardous conditions, but Shell retained no control over and did not participate in the operation of the rig. The Fifth Circuit rejected the plaintiff's argument that Shell's knowledge of the danger made it directly liable for the injury and held instead that because Shell lacked control over the operation, it had no duty to intervene. *Id.* at 551.

Transocean's allegations fall far short of even the *Ainsworth* facts. Transocean pleads that its own entities were owners and operators of the *Deepwater Horizon*, which was leased to BP.[19] By contrast, Dril-Quip "was involved with providing wellhead systems."[20] Furnishing equipment for use in a drilling project owned and operated by others cannot plausibly create a duty to someone else's employee working onboard someone else's vessel. *Cf. In re Graham Offshore, Inc*., 287 F.3d 352, 359 (5th Cir. 2002) (no duty owed by rig operator to transportation contractor hired by third party). The Cross-Claim/Counterclaim lacks any facts alleging conduct by Dril-Quip in breach of any duty, or that any of Plaintiffs' injuries resulted from any act by Dril-Quip; the conclusory assertion that Dril-Quip "participated in drilling operations … and failed to exercise reasonable care while participating …," *supra* at 3, are not facts but unwarranted inferences and carry no weight in alleging liability on Dril-Quip's part. *See Gentilello*, 677 F.3d at 544. To the contrary, the express allegations that BP and Transocean owned the lease and the rig, respectively, and made the operating decisions that led to the blowout and explosion, *see, e.g.*, Cross-Claim/Counterclaim at ¶¶ 6, 9, 10 & 45, negate any inference that Dril-Quip conducted any of the *operations* on the *Deepwater Horizon* that allegedly led to any person's injuries and establish that such person is not entitled to relief. *See*

---

[19] Cross-Claim/Counterclaim ¶¶ 6 at 4, 45 at 22.

[20] *Id.* at ¶ 23.

*Jones v. Bock*, 549 U.S. 199, 215 (2007) ("if the allegations, taken as true, show the plaintiff is not entitled to relief," then the "complaint is subject to dismissal").

If in *Ainsworth* a company man on the rig with actual knowledge of a dangerous situation had no duty to intercede because he lacked control over the operations on the rig, it necessarily follows that Dril-Quip had no duty to Plaintiffs/Claimants or Transocean. It possessed no contractual rights to control rig operations and is not alleged to have had any actual knowledge of a dangerous situation.

### D. Transocean Fails to State a Claim for Product Liability

Transocean's allegations that "Dril-Quip provided wellhead systems for the Macondo Well … which failed to operate, were improperly designed, or possessed product defects"[21] fatally fails to provide facts or adequate legal theory to support a claim for product liability.

The Fifth Circuit recently affirmed the dismissal of a complaint for failure to state a manufacturing defect claim in a non-maritime context because the complaint "does not specify the manufacturing defect, nor does it specify a causal connection between the failure of the specific manufacturing process and the specific defect in the process that caused the personal injury. Nor does the complaint tell us how the manufacturing process failed, or how it deviated from the FDA approved manufacturing process." *Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011). Like the complaint dismissed in *Funk*, the Cross-Claim/Counterclaim fails to allege any facts relating to show the elements of a products liability claim are met. Accordingly, this claim should be dismissed.

## CONCLUSION

Dril-Quip respectfully requests that the Court dismiss Transocean's Cross-Claim/Counterclaim as to Dril-Quip pursuant to Federal Rules of Civil Procedure 12(b)(6).

[21] Third-Party Complaint, ¶XLVIII, at 31.

Date: May 20, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY: _/s/ C. Dennis Barrow, Jr.____________

Don Jackson
Texas Bar No. 10476000
Fed ID No. 6915
C. Dennis Barrow, Jr.
Texas Bar No. 00796169
Fed ID No. 20624
2929 Allen Parkway, 42nd Floor
Houston, TX 77019
Phone : (713) 659-6400
Fax : (713) 659-6262
Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20 day of May, 2011.

/s/ C. Dennis Barrow, Jr.______________
C. Dennis Barrow, Jr.