# Exhibit 5

                           UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF LOUISIANA


************************************************************

IN RE:  OIL SPILL BY THE
OIL RIG *DEEPWATER HORIZON*
IN THE GULF OF MEXICO ON
APRIL 20, 2010

                                    CIVIL ACTION NO. 10-MDL-2179 "J"
                                    NEW ORLEANS, LOUISIANA
                                    FRIDAY, FEBRUARY 18, 2011, 11:00 A.M.

THIS DOCUMENT RELATES TO
ALL ACTIONS

************************************************************


        TRANSCRIPT OF E-DISCOVERY STATUS CONFERENCE PROCEEDINGS
             HEARD BEFORE THE HONORABLE SALLY SHUSHAN
                   UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


PLAINTIFFS'
LIAISON COUNSEL:          DOMENGEAUX WRIGHT ROY & EDWARDS
                          BY:  JAMES P. ROY, ESQUIRE
                          P. O. BOX 3668
                          556 JEFFERSON STREET
                          LAFAYETTE, LA   70502


                          HERMAN HERMAN KATZ & COTLAR
                          BY:  STEPHEN J. HERMAN, ESQUIRE
                          820 O'KEEFE AVENUE
                          NEW ORLEANS, LA   70113


FOR THE PLAINTIFFS:       IRPINO LAW FIRM
                          BY:  ANTHONY IRPINO, ESQUIRE
                          ONE CANAL PLACE
                          365 CANAL STREET, SUITE 2990
                          NEW ORLEANS LA   70130

11:03AM  1   Michelle could be here so that when I represent what I think

11:03AM  2   Halliburton is doing, that she will tug on my sleeve and tell me

11:03AM  3   if I'm incorrect so I don't overstep anything.

11:03AM  4           THE COURT:  That's good.  So she's here as a monitor.

11:03AM  5           MR. LARGE:  To keep me honest.

11:03AM  6           THE COURT:  Yes, exactly.

11:03AM  7           MR. NOMELLINI:  Your Honor, Mark Nomellini on behalf of

11:03AM  8   BP.

11:03AM  9           THE COURT:  How are you doing, Mark?

11:03AM 10           All right.  Well, let's get our ourselves rolling.

11:04AM 11           Let's see, where do we want to start?  We had a

11:04AM 12   sort of dispute, but an amicable one, with regard to the

11:04AM 13   provisions of Pretrial Order Number 16 and whether or not we

11:04AM 14   needed to reach agreement on the provisions of Paragraph 13

11:04AM 15   regarding search terms, date ranges, etcetera.

11:04AM 16           I sort of did anticipate that agreement would be

11:04AM 17   reached, but what I hope to do today is reach agreement, so we'll

11:04AM 18   put that behind us and we'll move forward.

11:04AM 19           You all got my questions relative to your

11:05AM 20   submissions, and I thought maybe we could go through those to

11:05AM 21   educate me.

11:05AM 22           MR. LANGAN:  Your Honor, I'm not sure we got any

11:05AM 23   questions.

11:05AM 24           MR. HAYCRAFT:  I know of none.

11:05AM 25           THE COURT:  Really?

11:11AM  1          THE COURT:  So, as I'm hearing it -- anybody that wants

11:11AM  2  to correct me, let me know -- relative to event custodians, it

11:11AM  3  looks like we are proceeding apace, and we don't need to worry

11:11AM  4  about that part of the custodial file production.

11:11AM  5               Is that right, Mr. Large?

11:11AM  6          MR. LARGE:  That's correct, Your Honor.  I apologize, I

11:11AM  7  had them -- I had them confused, the two categories.

11:11AM  8          THE COURT:  The only thing we need to discuss, then, are

11:11AM  9  the custodial files for the nonevent custodians?

11:12AM 10          MR. LARGE:  That's correct, kind of the

11:12AM 11  request-by-request proposal that you see in the spreadsheet.

11:12AM 12          THE COURT:  Right.  So let's talk about, first, the

11:12AM 13  custodial production for the events.  Do we think we're

11:12AM 14  proceeding apace, and there is no real problem with getting the

11:12AM 15  custodial files for those people whose depositions are going to

11:12AM 16  be scheduled, and a rolling production for those whose

11:12AM 17  depositions aren't going to be scheduled?

11:12AM 18          MR. NOMELLINI:  That's correct, Your Honor.  We will

11:12AM 19  prioritize, obviously, the people of the -- the production for

11:12AM 20  the people who are scheduled for deposition.  I wouldn't quite

11:12AM 21  say no problem.  I mean, it is going to be a challenging process

11:12AM 22  because we have quite a lot going on, and I think Your Honor can

11:13AM 23  appreciate.  We will prioritize the deposition folks.

11:13AM 24               In fact, I think that a lot of them are listed as

11:13AM 25  incident custodians.  I'd have to check to make sure it's every

11:13AM 1   one, but I think that a lot of the initial depositions are

11:13AM 2   incident custodian folks.

11:13AM 3           MR. LARGE:  That's correct.

11:13AM 4           THE COURT:  So there is a lot of overlap?

11:13AM 5           MR. NOMELLINI:  There is a lot of overlap.

11:13AM 6               So if you looked at the chart, you would then look

11:13AM 7   for the -- you look at the requests by which the incident

11:13AM 8   custodians are listed and the search terms by those incident

11:13AM 9   custodians and run those search terms for those dates, and that

11:13AM 10  would generate the universe for the data to review.

11:13AM 11          UNIDENTIFIED SPEAKER VIA TELEPHONE:  I don't know, you

11:13AM 12  might want to wait for the operator.

11:13AM 13          THE COURT:  The operator is Magistrate Judge Shushan.

11:13AM 14  May I help you?

11:13AM 15          TELEPHONE OPERATOR:  For the host, I do have a

11:13AM 16  Mr. O'Rourke trying to join your conference call, but it's asking

11:13AM 17  for a security code that he doesn't have.

11:14AM 18          THE COURT:  Hi, Mr. O'Rourke.

11:14AM 19          TELEPHONE OPERATOR:  He's off the line.

11:14AM 20          THE COURT:  Do we know who Mr. O'Rourke is?

11:14AM 21          MR. LANGAN:  He's Mr. Underhill's colleague, I believe.

11:14AM 22          THE COURT:  He's Mr. Underhill's colleague.  Let him

11:14AM 23  join.  I would appreciate that.  Thank you.

11:14AM 24          THE REPORTER:  Will you just state your name before you

11:14AM 25  speak.

| | | |
|---|---|---|
| 11:52AM | 1 | MR. NOMELLINI:  It's mid afternoon. |
| 11:52AM | 2 | THE COURT:  Do you want to take a ride out to the |
| 11:52AM | 3 | airport? |
| 11:52AM | 4 | MR. LARGE:  Sure. |
| 11:52AM | 5 | THE COURT:  I don't want to keep you from getting home. |
| 11:52AM | 6 | But I would like you all, on a request-by-request basis, anything |
| 11:52AM | 7 | that you can't agree on, let me know early next week, and I'm |
| 11:53AM | 8 | just going to rule on it because we've got to get you going. |
| 11:53AM | 9 | MR. NOMELLINI:  Understood, Your Honor. |
| 11:53AM | 10 | And one other comment I would just like to make |
| 11:53AM | 11 | quickly is, until we reach final agreement, because we are doing |
| 11:53AM | 12 | ongoing production, we would like to proceed with what is set |
| 11:53AM | 13 | forth in our Exhibit E. |
| 11:53AM | 14 | THE COURT:  Please.  Not only may you, but please do. |
| 11:53AM | 15 | MR. NOMELLINI:  We will do that, Your Honor. |
| 11:53AM | 16 | THE COURT:  Hello, Mr. Roy. |
| 11:53AM | 17 | MR. ROY:  Good morning, Your Honor.  Jim Roy for the |
| 11:53AM | 18 | PSC.  I had hoped to actually get through here without saying |
| 11:53AM | 19 | anything and just observe. |
| 11:53AM | 20 | THE COURT:  I was hoping so, too. |
| 11:53AM | 21 | MR. ROY:  But sometimes transcripts, six months after |
| 11:53AM | 22 | the fact or four months, when certain lines are cited on a |
| 11:53AM | 23 | certain page, they don't have the same context that they did on |
| 11:53AM | 24 | the day of the hearing or the status conference.  I fear such a |
| 11:53AM | 25 | thing has happened potentially today, and I stand just to make |

12:32PM 1          THE COURT:  Right.  You're running a new search.

12:32PM 2          MR. NOMELLINI:  We're running a new search.  All of the

12:32PM 3  parameters of the search are laid out in our Exhibit E in my

12:32PM 4  letter.

12:32PM 5          THE COURT:  I'm with you.  So that's how we're going to

12:32PM 6  proceed.

12:32PM 7              Now, guys, the sooner we can agree to dates and the

12:32PM 8  sooner you all can -- Bill, and the sooner you all can supplement

12:32PM 9  the custodial list, the sooner Mark can get going on this new

12:32PM 10 run.

12:32PM 11         MR. NOMELLINI:  Although, Your Honor, again, to be

12:33PM 12 clear, because -- because things are moving, we're going to get

12:33PM 13 started with Exhibit E now; and, then to the extent -- you know,

12:33PM 14 for the depositions that are coming up.  And then, to the extent

12:33PM 15 there are changes, we will modify the process to the extent it's

12:33PM 16 agreed or Your Honor orders.

12:33PM 17         THE COURT:  But I would put a deadline, guys, of no

12:33PM 18 later than noon next Friday to get the custodial additions over

12:33PM 19 to Mark.  If you can do it earlier, great.  But get the custodial

12:33PM 20 over to him.  And hopefully, by Monday, you all will know whether

12:33PM 21 you can agree to the date ranges; and, if not, Tuesday let me

12:33PM 22 know what the disagreement is, and I'll go ahead and rule on

12:33PM 23 those.

12:33PM 24             Yes, Mr. Herman.

12:33PM 25         MR. HERMAN:  Steve Herman for the plaintiffs.  When I