Exhibit 6

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:                          (312) 862-2000                                  Facsimile:
(312) 862-2064                                                                                 (312) 862-2200
andrew.langan@kirkland.com                        www.kirkland.com

February 16, 2011

**Via E-Mail**

Honorable Sally Shushan
United States District Court
500 Poydras Street
Room B345
New Orleans, LA 70130

Re:     In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
        Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

On behalf of the BP Defendants,[1] I write in advance of the February 18 conference regarding the status of certain ESI issues, including the parties' dispute concerning the proper interpretation of Pre-Trial Order 16 ("PTO 16").

PTO 16 states: "The parties will produce potentially-relevant ESI in their possession according to the agreed search terms, custodians, and date ranges." (Ex. A, PTO 16 at ¶ 13, Use of Search Terms). The PSC's position is that the parties need not achieve agreed custodians and date ranges.[2] (Ex. B, 2/15/11 E-mail). Rather, the PSC has argued that BP must choose the "relevant" custodians and date ranges to produce from, and that if BP fails to produce from the correct date ranges, it does so "at its own risk." (Ex. C, 2/14/11 E-mail). As explained in the attached affidavit of e-discovery expert John Jessen, this "at your own risk" approach is the antithesis of effective and fair e-discovery, particularly in a case as big as this one. (Ex. D, Supplemental Affidavit of John H. Jessen ("Jessen Affidavit") at ¶ 6). The Federal Rules of Civil Procedure and PTO 16 both require the parties to reach agreement up front on e-discovery parameters, both to ensure an efficient process and to avoid surprises. BP respectfully submits that a proceed "at your own risk" approach has no place in this process.

Achieving an agreement on a specific approach to e-discovery is a significant issue for three reasons. First, a well-defined approach will expedite the production and the litigation.

---

[1]     The BP Defendants consist of BP America Production Company and BP Exploration & Production Inc.
[2]     BP reached substantial agreement with the PSC only on the issue of search terms on February 4, 2011; the parties have not reached agreement on the issues of custodians or date ranges. (Ex. B, 2/15/11 E-mail from Anthony Irpino to Mark Nomellini).

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 2

Second, achieving agreement now will avoid surprise and potential prejudice later.  Third, as detailed herein, the PSC's document requests, without proper limiting selection criteria such as custodians and date ranges, potentially seek over a billion pages of documents.

The PSC has raised complaints about the timing of BP's document productions.  As explained below, those complaints are without merit.  But, going forward, the timing of BP's production would be significantly impacted by a lack of finality on reasonable custodial and date limitation parameters.

The parties have had at least seven meet-and-confer sessions concerning search criteria: on January 18, January 31, February 2, February 4, February 7, February 9, and February 10, 2011.  The PSC's e-discovery representatives - Bill Large, Jeff Grand, and Anthony Irpino - have all been cooperative and a pleasure to deal with on these issues.

Following those meet-and-confer conferences, BP has set forth in letters (and repeats here, see Exhibit E, 2/11/11 E-mail) its approach to search criteria and custodial productions for depositions.  This approach sets forth in detail the search terms, custodians, and date ranges that BP will apply to the user-generated data in the active space of BP users' laptops and/or desktop computers for the productions in this case going forward.  If no agreement on these parameters can be reached before the conference with Your Honor, BP respectfully submits that the proper approach is not for BP to proceed "at its own risk."  Rather, if the PSC has any issues with the approach that BP has described in detail, BP respectfully submits that now is the time to raise them so that they can be addressed by Your Honor; otherwise, BP will move forward with the approach outlined in this letter and the attached exhibits.

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 3

**BP's Document Productions Thus Far, And The Path Forward**

      As the graphic below reflects, BP has produced more documents than any of the other 16 document-producing entities in the case, combined.



# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 4

Further, the graphic below shows productions chronologically, during the 2011 period over which depositions have occurred. The green bars represent BP's productions. Non-green bars represent the productions by other parties. The size of the bar indicates the size of the production. These include custodial deposition productions, which have only been made by BP.



BP has devoted tremendous resources toward its document production efforts. BP employs:

- 160 contract attorneys reviewing documents full-time on *Deepwater Horizon* matters.[3]

- Over 60 e-discovery-related contractor personnel.

- Numerous attorneys employed by the law firms of record.

But, even with these resources, the scope of the PSC's demands (described below) requires a rational, targeted approach driven by "agreed search terms, custodians, and date ranges," as PTO 16 contemplates.

---

[3]       Some of these individuals also review documents for other *Deepwater Horizon* proceedings, such as the MBI.   But the MBI documents have also been produced in the MDL No. 2179 litigation.

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 5


**The Path Forward**

The PSC's initial document requests, served on November 1, 2010, alone include 231 requests.  The requests called for documents related to the April 20, 2010 incident, as well as documents relating to environmental issues and to the response effort, which involved tens of thousands of people, including BP employees and contractors.[4]   The documents related to environmental issues alone comprise over one petabyte of information.  One petabyte is equal to well over one billion pages and is enough data to fill more than 200,000 DVDs.  Whereas BP's current production effort is greater than that of all other producing parties combined, even that effort would be dwarfed by one that does not focus on an agreed set of search terms, custodians, and date ranges.

Depositions are proceeding rapidly in this case, and the fact discovery deadline for the limitation action is impending.  In these circumstances, BP respectfully submits that it is imperative that the parties agree on sensible custodial and date range limits.

---

[4]     BP has objected to certain of these requests and sought a meet-and-confer on December 27.  That meet-and-confer was cancelled by the PSC that day and has never been rescheduled, despite efforts by BP.

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 6

**The Need To Select Custodians From Whom To Produce Documents**

As the graphic below illustrates, thus far, BP has produced at least some documents from many more custodians (435) than all of the other parties combined (approximately 150).  338 of these BP custodians are individual custodians.   97 are non-individual BP sources (*e.g.*, SharePoint sites).



BP proposes to run search terms against the 57 custodians in Exhibit E (2/11/11 E-mail) as modified by date ranges.  But BP cannot apply the search terms to all of BP's data.   BP's data does not reside in a single database.   There are tens of thousands of BP employees, many of whom have their own BP laptops and/or desktop computers that must be separately collected to gather certain data.     The PSC's document requests potentially implicate thousands of BP employees who worked on the response and environmental efforts, plus an untold number of contractors.

As Mr. Jessen's affidavit points out, without custodial limits, search terms are almost meaningless.  (Ex. D, Jessen Affidavit at ¶¶ 7-9.)  Because there is no single "database" where

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 7

all custodial data is stored, data must be gathered from each custodian individually and loaded, a process that takes approximately one to two weeks per custodian per collection.

Notably, while BP proposed to run search terms against 57 custodians, these are not the only custodians from whom BP has produced. BP's request for a custodial limit is only to set the number of custodians against whom search terms are applied. The custodial limit will not impact custodial non-search-term based productions which the PSC has also requested, and which BP has provided, on a case-by-case basis, in accordance with PTO 16.[5]

**The History Behind PTO 16, And The PSC's Argument That It Still Does Not Have Enough Knowledge To Agree To Custodians Or Date Ranges For Search Term Purposes**

Prior to the entry of PTO 16 on November 8, 2010, all parties had the opportunity to submit full and comprehensive letters to the Court regarding whether or not search criteria should be used, and explain their positions in oral argument. Defendants advocated search criteria. The PSC opposed search criteria. PTO 16 reflects a fair and thoughtful outcome -- in the end, it reflected some of the PSC's positions and some of BP's (and other Defendants') positions.

In the arguments leading up to PTO 16, the PSC had claimed that it did not know enough about the case to develop search criteria. Regarding this argument, the Court adopted a balanced approach, requiring search terms after the PSC's attorneys made it further up the learning curve. The Court ordered defendants to produce documents responsive to the PSC's initial requests without search criteria; however, after the initial requests, defendants' productions would be fundamentally driven by search criteria. The Court aptly described this as a "two track system":

> My thoughts are that the defendants should make a good faith effort to respond to the outstanding requests for production of documents. I tend to agree that you guys are in a better position to go back and talk to your people and make the response initially. I do think that the plaintiffs should go ahead and try to devise an initial -- and I do mean initial -- listing of search terms that you think would assist you in gathering the information that you're looking for.
>
> But it's going to be a two-track system, where we get the responses to request for production and then we do an initial, and if you'd like to make it joint, you-all come in with those search terms that you'd like, and with the defendants in play,

---

[5]       For example, BP has collected one or more documents from 97 non-individual sources (*e.g.*, SharePoint sites), but has not run search terms against those sources.

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 8

> modify it, expand it, whatever you want to do with it, but that would be an initial
> search term.
>
> It seems to me that you-all should be able to agree that within X amount of days --
> do you want to make it 90 days -- that you-all will get back together and see if
> you want to further refine the search terms and try it again.  But I would like them
> to have the opportunity to have that initial response to request for production,
> which I think will help them in getting the search terms done.

BP has lived up to its end of the bargain.  BP responded to the PSC's then-outstanding requests, and produced 500,000 pages of documents without search criteria.

Yet, over 100 days[6] after the Court's October 21, 2010 conference, the PSC incorrectly contends that it still does not have enough knowledge of the case to agree to the universe of custodians and date ranges against which BP will run its production.  (Ex. F, 2/15/11 E-mail). BP respectfully submits that the PSC's statements regarding its alleged lack of knowledge run contrary to the Court's guidance at the October 21, 2010 hearing, and in any event are contradicted by the following facts:

- The PSC has requested the depositions of nearly 50 BP witnesses.  The PSC must have knowledge regarding these custodians to have requested their depositions.

- The PSC has had hundreds of thousands of pages of documents from scores of BP custodians for months.  As the Court properly recognized, having those documents enhances the PSC's knowledge.  (10/21/10 Tr. at 35 ("THE COURT:  I would like them to have the opportunity to have that initial response to request for production, which I think will help them in getting the search terms done.").)

- The PSC has already taken a number of BP depositions.

- Where the PSC has raised questions about custodians proposed by BP, BP has answered those questions to the best of its ability.  (Ex. C, 2/11/11 E-mail).

---

[6]     The PSC obtained two extensions for providing search terms.  Shortly after they were provided, BP contacted the designated PSC representatives on December 21 to schedule a meet and confer with regard to the PSC's proposal during the week of December 27.  BP sought to meet and confer regarding its responses to the PSC's discovery requests on December 27, but the PSC cancelled the conference on the same day.  On December 27, BP again asked the PSC about availability for a call that week, but received no response.  The BP Parties followed-up in attempts to reschedule twice more before the parties were able to confer on January 10.  Ultimately, the parties had numerous meet and confer conferences on search criteria.

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 9

- The PSC has had access to the BP document repository, consisting of BP's productions to the Marine Board of Investigation and Congress, since July (months before MDL 2179 discovery even commenced).

- The PSC has had access to the MBI Testimony and proceedings.

- The PSC is privy to reports and information made available to the public by the Presidential Commission.

- The PSC has coordinated with government plaintiffs, who were intimately involved in the response and clean-up efforts.

BP has proposed a detailed list of custodians against which to run search terms, attached as Exhibit E (2/11/11 E-mail).[7]   The PSC has more than enough knowledge about BP's custodians to agree on BP's list, to propose specific changes, or to raise specific issues with Your Honor.  But thus far the PSC has refused to agree to custodial or date limits.

**The PSC's Refusal To Agree To Custodial And Date Limits Is Contrary to The Text of PTO 16**

PTO 16 clearly contemplates that the parties will agree not only on "search terms," but also on "custodians" and "date ranges."   *See* PTO 16 (requiring the parties to "produce potentially-relevant ESI in their possession according to the ***agreed*** search terms, ***custodians***, and ***date ranges***").

In response, the PSC points to a separate portion of PTO 16, which provides:

> Within twenty-one days of Defendants' response, Plaintiffs shall provide Defendants with an initial listing of search terms and Defendants shall have the opportunity to propose modifications to those search terms.   Either party may also propose custodians and date limitations for searches.

Seizing on the word "propose," the PSC interprets the underlined sentence to mean that, while BP may "propose" custodians, the PSC may unilaterally refuse to impose any limit on the number of custodians searched.  But this sentence only gives the right to ***both*** parties to propose custodians and date ranges (in contrast to search terms, which are to be proposed by the PSC); it does not mean that the parties may refuse to agree to any reasonable custodial or date limits.  And the PSC's reading is contrary to the sentence following shortly thereafter, which clearly

---

[7]       The "Incident Custodians" were originally identified by BP to the PSC on January 18, 2011.  (*See* Ex. G, 1/18/11 E-mail).

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 10

contemplates not only a "proposal" on search terms but also an agreement.  (Ex. A, PTO 16 at ¶ 13 (referring to "agreed search terms, custodians, and date ranges.")  Finally, the PSC's reading is impractical: Gathering the data of all BP employees, running search terms against that data, and reviewing and producing responsive documents, would take far, far longer than the current discovery period allows.

### BP Has Accepted All Of The PSC's Proposals To Expand The Custodian List

Notably, to the extent the PSC has proposed specific names in the past, BP has agreed to add them to the custodian list.  For example, the PSC took issue with BP's list of custodians for RFP 22, 23, and 29.  (Ex. B, 2/15/11).  In response, BP added these custodians.  To the extent the PSC has additional specific names to add to the list, BP will give them the same careful consideration.

### PSC's Argument That Other Defendants Have Not Imposed Custodial Limits Is Incorrect

The PSC has suggested that other defendants have not imposed custodial limits on what they are producing.  This is incorrect.  For example, in a company of tens of thousands of people, Halliburton's metadata reflects that it has produced from 20 custodians.

Importantly, the PSC has declined to say whether they agree with Halliburton's custodian limits (or any other defendant's custodial limits), but presumably reserves the right to do so down the road.  (Ex. G, 2/11/11 E-mail).  This is precisely why BP continues to press the PSC for compliance with PTO 16: if the PSC has issues to raise with respect to BP's proposed approach, the time to raise those issues is now, and not after depositions have occurred.

### Date Ranges Must Be Resolved

Plaintiffs seek documents from an overbroad period of time -- some 13.5 years during "the time period from January 1, 1997 to the current date."  (Ex. H, Excerpt from Plaintiffs' Interrogatories and Requests for Production to BP Exploration And Production, Inc., served on November 1, 2010 (pages 1-4)).  This time frame is flawed in two fundamental respects: (i) it would force searching for and producing items that predate the April 20, 2010 incident by thirteen years; and (ii) it also has no reasonable end-date.

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 11


<u>End Date</u>

An "end date" is critically important.  Without one, BP must collect from custodians on a periodic basis, regardless of whether those custodians have any relevant documents dated after the month of the incident (April 2010).  Requiring ongoing collections from each custodian is unduly burdensome and duplicative.   Each collection requires, at minimum, securing a custodian's laptop and/or desktop computer and loading in to a review database, a process that requires one to two weeks per custodian per collection. And, for most custodians and requests, such post-April 2010 collections have little value.  Many of the PSC's requests deal with the April 20, 2010 incident, and not subsequent events.  (*See, e.g.*, Plaintiffs' Request for Production No. 15, requesting "documents or communications relating to the scheduling of operations and activities for the Deepwater Horizon.")  And many of the custodians the PSC has requested for deposition had no significant involvement after April 2010 (*e.g.,* Don Vidrine, Brian Morel, Bob Kaluza).  For such custodians and requests, it makes no sense to continue collecting their laptops and/or desktops on an ongoing basis.

Some post-April 2010 topics are arguably relevant, such as work on containment, work on the response, or flow-rate efforts.  However, any post-incident collections and productions for these individuals should be narrowly tailored.

As a general rule, requests and collections should not go beyond the date that the PSC served its 231 document requests:  November 1, 2010.  A contrary rule would require endless collections of laptops through the time of trial and impose an undue burden on BP.  On the other hand, if the PSC demonstrates a specific need for these documents beyond the date when the PSC served its document requests, those requests can be evaluated on a case-by-case basis.

<u>Start Date</u>

BP also has used a reasonable start-date for its search criteria (January 1, 2009), thus far without any specific objection by the PSC.  Again, this is not a hard and fast cut-off.  If the PSC requests specific documents dated before January 1, 2009, BP will evaluate those requests on a case-by-case basis.

**PTO 16 Specifically Gives The PSC Right To Propose Additional Search Criteria**

The PSC has expressed its concern that, under PTO 16, the PSC's ability to request documents will be unduly restricted.  This concern is misplaced.  Paragraph 13(b) of PTO 16 states:

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 12

The parties acknowledge that the agreement to the use of such search procedures and terms ***shall not be construed as a waiver*** of any party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials. The parties reserve their right to object to any additional requests or subsequent searches.  PTO 16 at ¶ 13 (emphasis added).

In addition, where the PSC has proposed search terms that were lacking in some respect, BP has offered additional search terms for the PSC to run.  For example, BP proposed additional search terms for RFP 22 ("gals" and "bbls").  BP also provided suggested synonyms for RFPs in when the PSC requested help in formulating them.

## BP Produced Over 500,000 Pages Of Documents Before Search Terms

BP's position is not that its production is limited solely to documents responsive to the search criteria.  To the contrary, BP produced over 500,000 pages of documents, and large volumes of data in native format, before search terms were formulated and run.  And, in connection with the PSC's recent requests, BP agreed to conduct a reasonable search for certain types of documents not amenable to search terms.

## II.    BP's Approach With Respect To Custodial Productions For Depositions

BP's approach with respect to custodial productions in advance of depositions has been two-fold.  First, BP has already produced thousands of documents from the custodial files of the individuals scheduled to be deposed, without the benefit of search terms.  For example, in connection with the anticipated deposition of David Sims, which will not occur for a number of weeks, BP has already produced over 20,000 pages of documents for which he is a custodian.  Second, for custodians not associated with the Internal Investigation Team,[8] BP will also produce documents from the active user-generated files on these custodians' personal BP computers in accordance with the search terms and date ranges set forth in Exhibit E (Attachment to 2/11/11 E-mail from Mark Nomellini to Bill Large).

The PSC has proposed a third approach: that BP produce "relevant" documents from these custodians' files.  In other words, the PSC proposes that, although the parties have negotiated search terms, BP must still produce all the documents it would otherwise have produced in a case without search terms.  Respectfully, this argument is not sound, for the reasons described in Mr. Jessen's affidavit.  (Ex. D, Jessen Affidavit at ¶¶ 12-16).  Search terms

---

[8]      The productions for custodians associated with the Internal Investigation Team were the subject of Andy Langan's e-mail to Magistrate Judge Shushan dated February 14, 2011.  (Ex. I.)

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 13

are designed precisely to displace the need to locate and produce all "relevant" documents not responsive to search terms.  As explained in the Sedona Principles:

> It is often advisable, *if not necessary*, to use technology tools to help search for, retrieve, and produce relevant information.  For example, the *selective use of keyword searches* can be a *reasonable approach* when *dealing with large amounts of electronic data*.

The Sedona Principles 2d Edition: Best Practices, Recommendations, & Principles for Addressing Electronic Document Production (the Sedona Conference Working Group Series 2007), Comment 11.a.

BP is presently exploring whether it can more rapidly produce custodial productions to parties via an FTP site.

Again, to the extent the PSC has any specific critiques with BP's proposed approach to custodial productions, now is the time to raise them.

**The PSC's Complaints About BP's Document Production Are Not Supported by Specifics**

The PSC's complaints about BP's document production are not grounded in the facts. Indeed, the PSC's only assertions about documents allegedly "missing" from the production have been completely incorrect.  In an e-mail dated January 21, 2011, entitled BP "**responsive documents missing from production**," the PSC incorrectly claimed that three categories of documents had not been produced:  "(1) BP's Engineering and Technical Practices; (2) BP's Well Control Manual; and (3) BP's Drilling and Well Operations Policy (BPA-D-001)."  The PSC incorrectly stated:  "These important documents are responsive to Request for Production No. 142 of the Plaintiffs' First Interrogatories and Requests for Production to BP, and should be are readily accessible, and already should have been produced."  The PSC's assertions were incorrect in two respects:

- First, the documents had already been produced.

  - BP's Drilling and Well Operations Policy (BPA-D-001) was produced on January 10, 2011, over a week before the PSC's e-mail incorrectly asserting that the document was "missing."

  - BP's Well Control Manual was produced in July 2010, over six months before the PSC's e-mail incorrectly asserting that the document was "missing."  (Ex. J, 1/24/11 E-mail).

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 14

    o Finally, BP produced relevant Engineering and Technical Practices (ETPs); moreover, on January 25, 2011, BP provided the PSC with an index of other ETPs so that the PSC could determine if it wanted to request documents. To date, the PSC has not requested any further ETPs.

  • Second, while the aforementioned documents were produced, the PSC's assertion that the documents "already should have been produced" in response to the PSC's 231 requests is incorrect. The PSC's counsel have properly acknowledged that BP's production will be a rolling one. Nor is there a feasible alternative to a rolling production, as search criteria are still being finalized and the PSC have requested an incredibly large volume of data.

    The PSC's incorrect e-mail about "responsive documents missing from production" reveals a significant amount about the PSC's perspective on discovery. The PSC has acknowledged that BP's production will be a rolling one in light of the breadth of the PSC's demands, and there has been no dispute that the massive volume requested cannot all be produced before the discovery cut-off without imposing sound e-discovery parameters. Yet, instead of agreeing to reasonable limitations on custodians and dates, the PSC has chosen to write (incorrect) e-mails about documents "missing from the production." BP respectfully submits that the PSC's proceed-at-your-own-risk-and-without-agreement strategy should be replaced by a strategy of consensus, focus, and prioritization.

    BP very much welcomes the conference the Court has scheduled for this Friday, because it provides an opportunity to set forth in detail its approach to e-discovery. While BP's approach involves the use of significant resources, BP's proposals are more realistic than the PSC's in terms of what can be produced within a suitable time frame. BP has attempted to work with the PSC to develop a good faith, agreed-upon response to ESI in this matter. But if the PSC will not agree to BP's approach, BP respectfully asks that any issues the PSC has with BP's approach be raised now, rather than later in the litigation. If such issues are not raised by the PSC and resolved by the Court, BP will proceed with the approach outlined in this letter and exhibits.

    Sincerely,

    J. Andrew Langan, P.C

JAL/mjn

KIRKLAND & ELLIS LLP

Honorable Sally Shushan
February 16, 2011
Page 15


Exhibits


cc:     Defense Steering Committee
        Plaintiffs Steering Committee
        Mike Underhill
        Corey Maze

# EXHIBIT E

Mark
Nomellini/Chicago/Kirkland-El
lis

02/11/2011 05:00 PM

To  Bill Large <BillL@wrightroy.com>

cc  'Anthony Irpino' <airpino@irpinolaw.com>, "Grand, Jeff"
<jgrand@seegerweiss.com>, Brian
Kavanaugh/Chicago/Kirkland-Ellis@K&E, Micah
Osgood/San Francisco/Kirkland-Ellis@K&E

Subject  Search Criteria

Bill,

I write regarding Pre-Trial Order 16, pursuant to which the parties are to "produce
potentially-relevant ESI in their possession according to the agreed search terms, custodians, and
date ranges." To that end, we have had multiple productive discussions regarding search terms,
custodians and date ranges on at least seven meet-and-confer calls: on January 18, January 31,
February 2, February 4, February 7, February 9, and February 10.

As we have explained before, BP has not limited its production to documents responsive
to search criteria. This is in accordance with Pre-Trial Order 16, which contemplates
non-search-criteria productions in certain circumstances. Magistrate Judge Shushan, however,
ordered the parties to "produce potentially-relevant ESI in their possession according to the
agreed search terms, custodians, and date ranges." Thus, Pre-Trial Order 16 also contemplates
that the parties reach an agreement on search terms, custodians, and date ranges for ESI. Despite
this, the PSC has taken the position that it may not agree to limit the custodians for searches.
Also, the PSC has not specified a precise beginning date range for specific requests, and has not
yet reconvened the meet-and-confer on the topic of BP's discovery response objections
(including its date limit objections), which was originally scheduled for December 27.

In light of these circumstances, and in light of the fact that we must now perform searches
for the upcoming March depositions, we set forth below and in Attachment A the "search terms,
custodians, and date ranges" that we will use under PTO 16 for purposes of the upcoming
productions including the March 2011 depositions. The search terms, at the very least, are
agreed to between the parties. These search terms, custodians, and dates ranges are subject to
change (for depositions beyond March 2011) for the following reasons:

(1)      BP understands that the PSC is in the process of proposing additional custodians, and

will provide those to us shortly.  From the beginning of this process, BP has welcomed the PSC's proposals regarding additional custodians, and has repeatedly stated since January 31:  "PSC to propose additional custodians in accordance with PTO 16."  BP understands that it is the PSC's position that it is still obtaining information about relevant custodians; BP respectfully notes, however, that the PSC has had documents from the files of numerous BP custodians for months.

(2)      BP understands that that PSC may also propose changes to date ranges, depending on facts learned in the course of discovery, consistent with PTO 16.

(3)      Consistent with (1) and (2), BP understands that, under PTO 16, "the use of such search procedures and terms shall not be construed as a waiver of any party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials.  The parties reserve their right to object to any additional requests or subsequent searches."

**Custodians**

BP plans to run the search terms on the active user-generated ESI stored on the BP personal computers of the custodians identified in Attachment A.  These custodians generally were identified in my email to you on January 18, and our further proposal to you on January 31, 2011.  Information about most of these custodians' job titles is contained in my January 18, 2011 letter.  Additionally, pursuant to your requests, we have supplied information regarding these custodians' roles (as related to specific requests) on our February 7 call.   BP also plans to runs the search terms on certain shared inboxes relating to the Marianas and Deepwater Horizon for which BP personnel had access.  Finally, BP has produced thousands of pages of documents that do not come from these custodians.

**Date Ranges**

We have adopted your suggestion to move back the end-date for post-incident requests that do not relate to the capping of the well.  We will move that date back to November 8, 2010, consistent with our document request responses.  As discussed, if the PSC wishes to discuss that date further, we await your suggested times to reconvene the meet-and-confer regarding our document request responses, which was originally scheduled for December 27.

For most of the incident-related requests, BP will use a date range of January 1, 2009 through April 20, 2010, as indicated in the attached spreadsheet.  For most of the requests relating to the successful capping of the well, BP will use a date range of April 21, 2010 through September 19, 2010.  For other response-related requests, BP will use a date range of April 21, 2010 through November 8, 2010, as discussed above.  Some other specific requests have a more specific time frame, as set forth in Attachment A.

As discussed, BP reserves the right to review documents for privilege and responsiveness, even if they hit on the search terms.

To the extent that the PSC has any concerns about BP using these search terms, dates, or custodians, we continue to welcome plaintiffs' specific proposals.  Please send any further proposals by February 16, to be applied to any future productions beyond the March depositions.  However, as discussed, BP must use the attached initial search terms and dates for the custodial productions associated with the March depositions, in order to timely produce documents for those depositions.

To the extent plaintiffs have any further issues with the attached search terms, dates, or custodians--beyond what plaintiffs may propose by February 16 in the way of *specific* changes--BP respectfully suggests that now is the time for the PSC to raise those issues with Magistrate Judge Shushan.  For example, BP respectfully submits now is the time for the PSC to raise with Magistrate Judge Shushan any of the following potential disagreements:  (1) any disagreement about whether the PSC is required to agree to a reasonable limit on custodians (notwithstanding PTO 16); (2) any disagreement about whether BP has not adopted certain of the PSC's proposed changes to search terms, custodians, or dates ranges; and (3) any disagreement about whether BP's methodology as set forth herein is adequate and/or will require witnesses to be re-deposed.  Contrary to Mr. Grand's statement on our call, BP does not agree to proceed "at its own risk."  To the extent any disagreements exist, they are best resolved sooner, rather than later after witnesses are deposed and the parties are preparing for trial.

Have a good weekend.

Regards,

Mark



2011-02-09 Attachment A to Nomellini Ltr to Large re Search Criteria 02112010at402pm.XLS

| RFP | BP's Proposed Search Terms | BP's Proposed Date Limitation | Custodians | BP's Proposed Search Terms in Vendors Syntax |
|---|---|---|---|---|
| 5 | [CUSTODIAN] & ("Deepwater Horizon" or DWH or macondo or "Mississippi Canyon 252" or "MC252" | 2/1/2010 through 4/21/2010 | Incident Custodians | (CUSTODIAN) AND file typ = .mail AND ("Deepwater Horizon" OR "DWH" OR "macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" |
| 14 | (budget! or fund!) & (cost! or expense! or (amount!/3 money)) & (macondo or "Deepwater Horizon" or DWH or marianas or "Mississippi Canyon 252" | 1/1/09 through 4/20/10 | Incident Custodians | ("budget*" OR "fund*") AND ("cost*" OR "expense*" OR ("amount*" NEAR3 "money")) AND ("macondo" OR "Deepwater Horizon" OR "DWH" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC |
| 15 | (timing or time or schedule) /25 (behind or "on schedule") & (macondo or DWH or "Deepwater Horizon" or marianas or "Mississippi Canyon 252" | 1/1/09 through 4/20/10 | Incident Custodians | ("timing" OR "time" OR "schedule") NEAR25 ("behind" OR "on schedule") AND ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC- |
| 17 | (plan or expect) /25 (after or subsequent or complet!) /25 (seal! or plug or abandon) & well & (macondo or DWH or "Deepwater Horizon" or marianas or "Mississippi Canyon 252" | 1/1/09 through 4/20/10 | Incident Custodians | ("plan" OR "expect*") NEAR25 ("after" OR "subsequent" OR "complet*") NEAR25 ("seal*" OR "plug" OR "abandon") AND "well" AND ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" |
| 19 | ((Alice /3 Macall) or "Bee Sting" or "Boa Subsea" or C-Enforcer or C-Express or C-Leader or C- Pacer or "Damon Bankston" or "Fast Cajun" or (Gloria /2 Callais) or "Gulf Princess" or "Hilda Lab" or "Joe Griffin" or "Katrina Fagan" or "Kobe Chouest" or "Lainey Chouest" or "Max Chouest" or "Monica Ann" or "Mr. Sydney" or "Nikki Candies" or "Norbert Bouziga" or "Ocean Intervention" or "Pat Tillman" or "Rambling Wreck" or "Resolve Pioneer" or "Salfish" or "Seacor Lee" or "Seacor Vanguard" or | 1/1/09 through 4/22/10 | Incident Custodians | (("Alice" NEAR3 "Macall") OR "Bee Sting" OR "Boa Subsea" OR "C-Enforcer" OR "C-Express" OR "C-Leader" OR "C-Pacer" OR "Damon Bankston" OR "Fast Cajun" OR ("Gloria" NEAR2 "Callais") OR "Gulf Princess" OR "Hilda Lab" OR "Joe Griffin" OR "Katrina Fagan" OR "Kobe Chouest" OR "Lainey Chouest" OR "Max Chouest" OR "Monica Ann" OR "Mr. Sydney" OR "Nikki Candies" OR "Norbert Bouziga" OR "Ocean Intervention" OR "Pat Tillman" OR "Rambling Wreck" OR "Resolve Pioneer" OR "Salfish" OR "Seacor Lee" OR "Seacor Vanguard" OR "Seacor Washington" OR "Zephyr") AND ("contract*" OR "lease*" OR "charter*" OR "agreement*") AND ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi |

| # | Search Terms | Custodians | Date Range | Query |
|---|---|---|---|---|
| 21 | ((oil/10 spill!) or (oil/10 release)) or (oil/10 leak!) or horizon or explosion of fire or contaminat!) & (cost or finance or pay or share or budget or mitigate! or reparation! or reimburse! or damage! or fine!) & ("U.S." or "US" or "EPA" or "Coast Guard" or "MMS" or Agriculture, Commerce, Defense, Energy, "Health & Human Services" or "Homeland Security" or Interior or | | 4/21/10 to 9/19/10 | (("oil" NEAR10 "spill""") OR ("oil" NEAR10 "releas""") OR ("oil" NEAR10 "leak""") OR "horizon" OR "explosion" OR "fire" OR "contaminat""") AND ("cost" OR "finance" OR "pay" OR "share" OR "budget" OR "mitigate" OR "reparation" OR "reimburse" OR "damage""" OR "fine""") AND ("U.S." OR "US" OR "EPA" OR "Coast Guard" OR "MMS" OR "Agriculture, Commerce, Defense, Energy, Health and Human Services" OR "Homeland Security" OR "Interior" OR "Justice" OR "Labor" OR "State" OR "Transportation" |
| 22 | (estimate or measure or volume) /20 ( barrels or bbls or gallons or gals) /15 (oil or crude) & (BP or macondo or horizon or (gulf /3 Mexico)) | Dave Rainey; Trevor Hill; James Dupree; Doug Suttles; Cindy Yeilding; Paul | 4/21/10 to 9/19/10 | ("estimate" OR "measure" OR "volume") NEAR20 (" barrels" OR "bbls" OR "gallons" OR "gals") NEAR15 ("oil" OR "crude") AND ("BP" OR "macondo" OR "horizon" OR ("gulf" NEAR3 "Mexico")) |
| 23 | (corexit or "9500! or 9527!") & (ecologic! or environment! or health!) /25 (affect or effect or impact) | Dave Rainey; Dave Fritz; Jon Rogers; Charlie Huber; Arden Ahnell; Peter | 4/21/10 to 11/08/10 | ("corexit" OR "9500" OR "9527""") AND ("ecologic""" OR "environment""" OR "health""") NEAR25 ("affect" OR "effect" OR "impact") |
| 25 | (damage! or cost! or loss! or expense! or payment! or injury) /10 (suffer! or sustain! or attribut! or result!) /25 (horizon or spill or explosion or | | 4/21/10 to 11/08/10 | ("damage""" OR "cost""" OR "loss""" OR "expense""" OR "payment""" OR "injury") NEAR10 ("suffer" OR "sustain""" OR "attribut" OR "result""") NEAR25 ("horizon" OR "spill" OR "explosion" OR "blowout" OR "effect" OR "impact") |
| 27 | (complet! or product or develop! or explor! or drill!) /25 (macondo or "Mississippi Canyon 252" or "MC252") | Doug Suttles; James Dupree. | 4/21/10 to 11/08/10 | ("complet""" OR "produc" OR "develop" OR "explor""" OR "drill""") NEAR25 ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC-252") |
| 28 | (stud! or research or opin! or investing! or report!) & (seal or "junk shot" or "top hat" or "relief well" or kill | Richard Lynch; Mark Patteson; Paul Tooms; Trevor Hill. | 4/21/10 to 9/19/10 | ("stud""" OR "research""" OR "opin""" OR "investing""" OR "report""") AND ("seal" OR "junk shot" OR "top hat" OR "relief well" OR "kill" OR "plug") NEAR15 "macondo" |
| 29 | (seal or "junk shot" or "top hat" or "relief well" or kill or plug) /25 well & (effectiv! or stud! or analysis or conclus!) | Mark Patteson; Mark Mazzella; Richard Lynch; Wissam Al Monthiry; Pat | 4/21/10 to 9/19/10 | ("seal" OR "junk shot" OR "top hat" OR "relief well" OR "kill" OR "plug") NEAR25 "well" AND ("effectiv""" OR "stud""" OR "analysis" OR "conclus""") |
| 48 | (inspect! or observ! or photograph or view or examin! or survey) /25 (macondo or "Deepwater Horizon" or | BP employees identified in BP's response to | 4/21/10 to 11/08/10 | ("inspect""" OR "observ""" OR "photograph" OR "view" OR "examin""" OR "survey") NEAR25 ("macondo" OR "Deepwater Horizon" OR "DWH") AND ("BOP" OR |

| # | Search terms | Date range | Custodians | Search terms |
|---|---|---|---|---|
| 61 | Safety /5 (violation! or notic! or infraction! or citation!) & ("U.S." or "US" or "EPA" or "Coast Guard" or "MMS" or Agriculture or Commerce or Defense or Energy or "Health & Human Services" or "Homeland Security" or Interior or Justice or Labor or State of Transportation or "Environmental Protection Agency" or "Minerals Management" or "Marshall | 1/1/09 through 4/20/10 | Incident Custodians | "Safety" NEAR5 ("violation"" OR "notic"" OR "infraction"" OR "citation"") AND ("U.S." OR "US" OR "EPA" OR "Coast Guard" OR "MMS" OR "Agriculture" OR "Commerce" OR "Defense" OR "Energy" OR "Health" AND "Human Services" OR "Homeland Security" AND "Interior" OR "Justice" OR "Labor" OR "State" OR "Transportation" OR "Environmental Protection Agency" OR "Minerals Management" OR "Marshall Islands" OR "Panama") AND (("gulf" NEAR3 "mexico") OR "Alaska" OR "California" OR "Florida" |
| 66 | (cost! /5 benefit!) & (gulf /3 mexico) /50 (drill! or well or project or invest! or expend! or spend!) | 1/1/09 through 4/20/10 | Incident Custodians | ("cost"" NEAR5 "benefit"") AND (("gulf" NEAR3 "mexico") NEAR50 ("drill"" OR "well" OR "project" OR "invest"" OR "expend"" OR "spend"" |
| 67 | (risk /3 assess!) /25 (drill! or well) & ((deep /2 water) or deepwater) & (gulf /3 mexico) | 1/1/09 through 4/20/10 | Incident Custodians | ("risk" NEAR3 "assess"") NEAR25 ("drill"" OR "well") AND (("deep" NEAR2 "water") OR "deepwater") AND ("gulf" NEAR3 "mexico") |
| 68 | (citat! or fine or penalt! or payment!) & ("incident!" /5 ("noncompliance!" or "non compliance" or "non-compliance") | 1/1/09 through 4/20/10 | Incident Custodians | ("citat"" OR "fine" OR "penalt"" OR "payment"" OR ("incident" NEAR5 ("noncompliance" OR "non compliance" OR "non-compliance"))) AND ("MMS" OR |
| 73 | ((design or construction or drill!) /5 delay) & (log! or test! or chart!" or ((macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "Deepwater Horizon" | 6/1/09 through 4/20/10 | Incident Custodians | (("design" OR "construction" OR "drill"") NEAR5 "delay") AND ("log"" OR "test"" OR "chart"" OR "diagram"") AND ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252" OR "Deepwater Horizon" OR "DWH" OR "marianas" OR |
| 74 | (macondo or "Deepwater Horizon" or DWH or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (plan or procedur! or protocol! )/50 ((well /2 control) or (monitor! or | 1/1/09 through 4/20/10 | Incident Custodians | ("macondo" OR "Deepwater Horizon" OR "DWH" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("plan" OR "procedur"" OR "protocol") NEAR50 (("well" NEAR2 "control") OR ("monitor"" OR "observ"" OR "measur"" OR |
| 76 | ("Deepwater Horizon" or DWH or macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (diagram! or drawl or schemat! repres! or analys! or stud!) & (cas! or ((well /2 bore) or wellbore) or (resevoir) or (shoe /2 track) or (float /2 | 1/1/09 through 4/20/10 | Incident Custodians | ("Deepwater Horizon" OR "DWH" OR "macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("schemat* repres"" OR "analys"" OR "stud"") AND ("cas"" (("well" NEAR2 "bore") OR "wellbore") OR ("resevoir") OR ("shoe" NEAR2 "track") OR ("float" NEAR2 "collar") OR ("hanger" OR "hangar") OR |

| | | | | |
|---|---|---|---|---|
| 77 | ("Deepwater Horzion" or DWH or macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & casing & (integrity or structure or | Incident Custodians | 1/1/09 through 4/20/10 | ("Deepwater Horzion" OR "DWH" OR "macondo" OR "Mississippi Canyon 252" OR "MC 252" OR "MC-252") AND "casing" AND ("integrity" OR "structure" OR "safety") AND ("test*" OR "measur*") |
| 78 | ("Deepwater Horzion" or DWH or macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & ((annulus /5 cement) or (casing /3 string) or centraliz! or "float collar" or (negative /5 test!) or (integrity /5 parameters) & (mud /3 gas /3 separator) or (core /3 pressure) or (mud /3 program) or (pressure/3 test) or ((temporary /3 abandonment) or (Cement /3 Bond) or CBL or (negative | Incident Custodians | 1/31/10 through 4/20/10 | ("Deepwater Horzion" OR "DWH" OR "macondo" OR "Mississippi Canyon 252" OR "MC 252" OR "MC-252") AND (("annulus" NEAR5 "cement") OR ("casing" NEAR3 "string") OR "centraliz*" OR "float collar" OR ("negative" NEAR5 "test*") OR ("integrity" NEAR5 "parameters")) AND (("mud" NEAR3 "gas" NEAR3 "separator") OR ("core" NEAR3 "pressure") OR ("mud" NEAR3 "program") OR ("pressure" NEAR3 "test") OR (("temporary" NEAR3 "abandonment") OR ("Cement" NEAR3 "Bond") OR "CBL" OR ("negative" NEAR3 "test*") OR (("fifteen" OR "15") OR "bottom*" |
| 79 | (macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (reservoir or structure or pool or formation or Miocene) & (characteristic! or measur! or statistic! or porol or permeabl or sand or shale | Incident Custodians | 1/1/09 through 4/20/10 | ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("reservoir" OR "structure" OR "pool" OR "formation" OR "Miocene") AND ("characteristic*" OR "Miocene*" OR "measur*" OR "statistic*" OR "poro*" OR "permeab*" OR "sand" OR "shale" OR "fault" OR "fold" OR "trap" OR "thrust" |
| 80 | ((design or construction or drill!) /5 delay) or "hold up" or holdup or wait or (behind /5 schedule) & (macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252" or "DWH or | Incident Custodians | 6/1/09 through 4/20/10 | (((("design" OR "construction" OR "drill") NEAR5 "delay") OR "hold up" OR "holdup" OR "wait" OR ("behind" NEAR5 "schedule") AND ("macondo OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252" OR "DWH" OR "Deepwater Horizon" OR |

| # | Query | Date | Custodian | Search String |
|---|---|---|---|---|
| 82 | (macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252" or "Deepwater Hozion" or DWH) & ((plan or procedur! or protocol!) /50 (horizon or macondo)) & ((annulus /5 cement) or (casing /3 string) or centraliz! or "float collar" or (negative /5 test!) or ((integrity /5 parameters) & (mud /3 gas /3 separator)) or (core /3 pressure) or (mud /3 program) or (pressure /3 test) or (temporary /3 abandonment) or (Cement /3 Bond) or | 6/1/09 through 4/20/10 | Incident Custodians | ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252" OR "Deepwater Hozion" OR "DWH") AND (("plan" OR "procedur" OR "protocol!*") NEAR50 ("horizon" OR "macondo!*")) /50 (("annulus" NEAR5 "cement") OR ("casing" NEAR3 "string") OR "centraliz" OR "float collar" OR ("negative" NEAR5 "test") OR (("integrity" NEAR5 "parameters") AND ("mud" NEAR3 "gas" NEAR3 "separator"))) OR ("mud" NEAR3 "core" /3 "pressure") OR ("mud" NEAR3 "program") OR ("pressure" NEAR3 "test") OR ("temporary" NEAR3 "abandonment") OR ("Cement" NEAR3 "Bond") OR ("CBL" OR ("negative" |
| 83 | (macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252" or "Deepwater Hozion" or DWH) or Marianas & (permi! or appl! or | 1/1/09 through 4/20/10 | Incident Custodians | ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252" OR "Deepwater Hozion" OR "DWH") AND ("Marianas" AND ("permi"" OR "appl!"" OR "change*" OR "modific*" OR "amend*")) |
| 88 | (stud! or investig! or analys! or test! or review or assessment or performance) & (BOP or (blow /2 out) | 1/1/09 through 4/20/10 | Incident Custodians | ("stud!*" OR "investig*" OR "analys*" OR "test" OR "review" OR "assessment" OR "performance") AND ("BOP" OR (("blow" NEAR2 "out")) NEAR3 |
| 89 | (stud! or investig! or analys! or test! or review or assessment or | 1/1/09 through 4/20/10 | Incident Custodians | ("stud!*" OR "investig*" OR "analys*" OR "test*" OR "review" OR "assessment" OR "performance")) AND |
| 90 | (macondo or "Mississippi Canyon 252" or "MC 252" or "MC252" or "MC-252" or "Deepwater Hozion" or DWH) & "cement" /50 | 1/1/10 through 4/20/10 | Incident Custodians | ("macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252" OR "Deepwater Hozion" OR "DWH") AND "cement" NEAR50 ("polic*" |
| 96 | (test! or chemical! or formul! or composition! or design or rate or density or pressure! or chart! or log or approv!) & (slurry or cement) & Halliburton & (Macondo or | 1/1/10 through 4/20/10 | Incident Custodians | ("test*" OR "chemical" OR "formul*" OR "composition*" OR "design" OR "rate" OR "density" OR "pressure" OR "chart" OR "log" OR "approv") AND ("slurry" OR "cement") AND "Halliburton") AND ("Macondo" OR "Mississippi Canyon 252" OR "MC252" |
| 97 | (Macondo or "Mississippi Canyon 252" or "MC 252" or "MC252" or "MC-252") /50 spacer & (test! or analys!) | 1/1/10 through 4/20/10 | Incident Custodians | ("Macondo" OR "Mississippi Canyon 252" OR "MC 252" OR "MC-252") AND ("test*" OR "analys*") NEAR50 "spacer" |
| 98 | (Macondo or "Mississippi Canyon 252" or "MC 252" or "MC252" or "MC-252") & CSI /50 (test! or result or | 2/1/10 through 4/20/10 | Incident Custodians | ("Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND "CSI" NEAR50 ("test*" OR "result" OR "data") |

| | | | | |
|---|---|---|---|---|
| 99 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC 252" or "MC-252") & (draw! or schemat! repres! or analys! or stud!) & (casing /3 (hanger or landing) or (annular /3 (packoff or | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC 252" OR "MC-252") AND ("draw*" OR "schemat* repres" OR "analys*" OR "stud*") & (tail!) & (float or centrali! or hanger or plug or ("packoff" NEAR2 "off")) OR ("lock" |
| 100 | (DWH" or "Deepwater Horizon" or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (tail!) & | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") & (tail!) & (float or centrali! or hanger or plug or |
| 103 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (specification! or technical or standard! or measure! or draw! or diagram! or schematic) & ((shoe /3 | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("specification" OR "technical" OR "standard*" OR "measure*" OR "draw*" OR "diagram*" OR "schematic") AND (("shoe" NEAR3 "track") OR ("reamer" NEAR3 'shoe") OR ("fill" NEAR3 |
| 104 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC-252")& (specification! or technical or standard! or measure! or draw! or | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC-252") AND ("specification" OR "technical" OR "standard*" OR "measure*" OR "draw*" OR "diagram*" OR "schematic") AND ("subsea" OR (("sub" |
| 105 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (specification! or technical or standard! or measure! or draw! or | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("specification" OR "technical" OR "standard*" OR "measure*" OR "draw*" OR "diagram*" OR "schematic") AND "Allemon" |
| 106 | (DWH or "Deepwater Horizon" or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (specification! or technical or standard! or measure! or draw! or | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("specification" OR "technical" OR "standard*" OR "measure*" OR "draw*" OR "diagram*" OR "schematic") AND ("cement*" NEAR3 |
| 107 | (DWH or "Deepwater Horizon" or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (specification! or technical or standard! or measure! or draw! or | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("specification" OR "technical" OR "standard*" OR "measure*" OR "draw*" OR "diagram*" OR "schematic") AND ("pump" OR |

| # | | Custodian | Date | |
|---|---|---|---|---|
| 108 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (specification! or technical or standard! or measure! or draw! or diagram! or schematic or composition | Incident Custodians | 1/1/09 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("specification*" OR "technical" OR "standard*" OR "measure" OR "draw" OR "diagram*" OR "schematic" OR "composition" OR "propert*") AND "fluid" AND ("density" OR "ov" OR "yp" |
| 112 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (volume or rate) & (spacer or performance or target! or cement! or sufactant! or solvent! or (anti /2 foam!) or antifoam or (cap /3 cement)) or | Incident Custodians | 1/1/09 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("volume" OR "rate") AND ("spacer" OR "performance" OR "target*" OR "cemen*" OR "sufactant*" OR "solvent" OR "anti" NEAR2 "foam*") OR "antifoam" OR ("cap" NEAR3 "cement") OR "slury" OR ("base" NEAR2 "oil") OR "nitrogen") |
| 118 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & ((pressur! /3 cement) or tail) & | Incident Custodians | 4/1/10 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND (("pressur" NEAR3 "cement") OR "tail") |
| 119 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & ((bump! /3 plug) or (pressur! /3 up) or (hold! /2 pressure) or (bleed! /3 | Incident Custodians | 1/1/09 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND (("bump*" NEAR3 "plug") OR ("pressur*" NEAR3 "up") OR ("hold*" NEAR2 "pressure") OR ("bleed*" NEAR3 "pressure") OR |
| 120 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & cement! & (chemical! or spacing!) & | Incident Custodians | 1/1/10 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND "cement*" AND ("chemical*" OR "spacing*") |
| 122 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (spacer /2 fluid) /50 (seawater or (sea /2 water)) & (volume or density | Incident Custodians | 1/1/09 through 4/20/10 | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND (("spacer" NEAR2 "fluid") NEAR50 ("seawater" OR ("sea" NEAR2 "water"))) AND ("volume" OR "density") |
| 123 | (stud! or analys! or report! or investig!) /20 nitrogen /20 cement | Incident Custodians | 1/1/09 through 4/20/10 | ("stud*" OR "analys*" OR "report*" OR "investig*") NEAR20 "nitrogen" NEAR20 "cement" |
| 124 | (stud! or analys! or report! or investig!) /20 central! | Incident Custodians | 1/1/09 through 4/20/10 | ("stud*" OR "analys*" OR "report*" OR "investig*") NEAR20 "central*" |
| 126 | (BOP or (blowout /3 preventer)) & | Incident Custodians | 1/1/79 - 1/1/80 | ("BOP" OR ("blowout" NEAR3 "preventer")) AND |
| 126 | ((ixtoc & da(after 1/1/79) or da(before | | 1/1/09 - 1/1/10 | ("BOP" OR ("blowout" NEAR3 "preventer")) AND |

| # | Search Term | Date | Custodians | Search String |
|---|---|---|---|---|
| 126 | 1/1/80) or (silvertip & da(after 1/1/09) da(before 1/1/10) or ((AC /3 901) or AC901 or (Alaminos /3 Canyon) & da(after 1/1/09) & da(before2/1/10)) or | 1/1/09 - 2/1/10 | | ("BOP" OR ("blowout" NEAR3 "preventer")) AND (("AC" NEAR3 "901") OR "AC901" OR ("Alaminos" NEAR3 "Ridge")) |
| 126 | | 7/1/09 - 3/1/10 | | (("WR" NEAR3 "543") OR "wr543" OR ("Walker" NEAR3 "Ridge")) |
| 131 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (inspect! or survey or test! or mainten! or modific! or alterat) /50 | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") ("inspect***" OR "survey" OR "test***" OR "mainten***" OR "modific***" OR "alterat***") NEAR50 ("BOP" OR (("blowout" OR ("blow" NEAR2 "out")) |
| 140 | (DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & safe! /20 (design! or device!) & | 1/1/09 through 4/20/10 | Incident Custodians | ("DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND "safe***" NEAR20 ("design***" OR "device***") AND ("explo***" OR "fire" OR "ingnit***") |
| 142 | (manual or book! or instructions or procedur! or polic! recommendation! or protocol! or guideline! or standard or specification! or train!) & ("Gulf of Mexico" or GoM or DWH or "Deepwater Horizon" or Macondo or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (well /2 | 1/1/09 through 4/20/10 | | ("manual" OR "book***" OR "instructions" OR "procedure***" OR "polic***" OR "recommendation***" OR "protocol***" OR "guideline***" OR "standard***" OR "specification***" OR "train!") AND ("Gulf of Mexico" OR "GoM" OR "DWH" OR "Deepwater Horizon" OR "Macondo" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND (("well" NEAR2 "design!") OR "drilling" OR ("blowout" OR ("blow" |
| 151 | (macondo or DWH or "Deepwater Horizon" or marianas or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (HAZOP! or (process /2 hazard) or (process /2 safety) or | 1/1/09 through 4/20/10 | Incident Custodians | ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("HAZOP***" OR ("process" NEAR2 "hazard") OR ("process" NEAR2 "safety") OR ("job" NEAR2 "safety")) OR ("traction" |
| 153 | (minutes) /50 (health or safety or security or environ!) & (rig! or MODU!) & (gulf /3 mexico) | 1/1/09 through 4/20/10 | Incident Custodians | ("minutes") NEAR50 ("health" OR "safety" OR "security" OR "environ***") AND ("rig" OR "MODU***") AND ("gulf" NEAR3 "mexico") |
| 155 | (blowout or (blow /2 out)) & ("29 C.F.R. 250!" or ("Code of Federal | 1/1/09 through 4/20/10 | Incident Custodians | ("blowout" OR ("blow" NEAR2 "out")) AND ("29 C.F.R. 250***" OR "Code of Federal Regulations" NEAR5 "title 250***" |
| 156 | (analys! or research or report! or memo! or summar! or paper) & ("30 C.F.R. 250!" or ("Code of Federal Regulations" /5 "title 30") or API or (american /2 petroleum)) & (gulf /3 | 1/1/09 through 4/20/10 | Incident Custodians | ("analys***" OR "research" OR "report" OR "memo***" OR "summar***" OR "paper") AND ("30 C.F.R. 250***" OR ("Code of Federal Regulations" NEAR5 "title 30") OR "API" OR ("american" NEAR2 "petroleum")) OR ("gulf" NEAR3 "mexico") AND ("rig" OR "MODU") |

| | | | | |
|---|---|---|---|---|
| 160 | (training or instruct! or educat! or class! or seminar or briefing or procedure! or protocol! ) & (macondo or DWH or "Deepwater Horizon" or marianas or "Mississippi Canyon 252" | 1/1/09 through 4/20/10 | Incident Custodians | ("training" OR "instruct*" OR "educat*" OR "class*" OR "seminar" OR "briefing" OR "procedure*" OR "protocol*") AND ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") |
| 180 | (macondo or DWH or "Deepwater Horizon" or marianas or "Mississippi Canyon 252" or "MC252" or "MC 252" or "MC-252") & (potential /3 incident! | 1/1/09 through 4/20/10 | Incident Custodians | ("macondo" OR "DWH" OR "Deepwater Horizon" OR "marianas" OR "Mississippi Canyon 252" OR "MC252" OR "MC 252" OR "MC-252") AND ("potential" NEAR3 "incident*" NEAR3 ("non" NEAR2 "compliance") OR |