# Exhibit 9

| | | |
|---|---|---|
| **Bill Large** <BillL@wrightroy.com> | To | Mark Nomellini <mnomellini@kirkland.com> |
| 05/10/2011 09:25 AM | cc | "Anthony Irpino (airpino@irpinolaw.com)"'<airpino@irpinolaw.com>, "Brian Kavanaugh (bkavanaugh@kirkland.com)" <bkavanaugh@kirkland.com>, Joshua Shamburger JShamburger@matthewsfirm.com "Micah Osgood (mosgood@kirkland.com)" <mosgood@kirkland.com>, "Paul M. Sterbcow" <sterbcow@lksalaw.com>, "Duke Williams <duke@williamslawgroup. org>" <duke@williamslawgroup.org>, James Roy <JIMR@wrightroy.com>, Steve Herman <sherman@hhkc.com> |
| | Subject | Re: Late documents summary |

Mark:

Can you please point us to where the Court "approved" the position you have taken? My apologies, but I do not recall this.

William F. Large
Domengeaux Wright Roy & Edwards
556 Jefferson St., Suite 500
Lafayette, LA  70501

337-593-4166 (direct)
214-206-7881(mobile)


On May 10, 2011, at 7:59 AM, "Mark Nomellini" <mnomellini@kirkland.com> wrote:

> Bill,
>
> Thanks.
>
> We disagree with your e-mail, including your position on the role of search terms. When we previously explained our methodology in Court and it was approved by the Court, you did not raise this issue. We agree that, if the PSC now wishes to raise an objection to this methodology-three months after it was discussed in Court and covered in submissions to the Court-we should raise that with the Court.
>
> In any event, you indicate you have identified "many" documents from Mr. Bodek's files that were responsive to search terms and were received late. We look forward to seeing the results of your analysis of Mr. Bodek's files, so that we can discuss it with you.
>
> Regards,

Mark

**Bill Large**
<BillL@wrightroy.com>

05/09/2011
11:26 PM

To Mark Nomellini <mnomellini@kirkland.com>

cc "Anthony Irpino (airpino@irpinolaw.com)" <airpino@irpinolaw.com>,
"Brian Kavanaugh (bkavanaugh@kirkland.com)" <bkavanaugh@kirkland.com>,
Joshua Shamburger <JShamburger@matthewsfirm.com>,
"Micah Osgood (mosgood@kirkland.com)" <mosgood@kirkland.com>

Subject RE: Late documents summary

Mark:

You sent this email – or a near version of it – last Thursday. Since then, we have been considering your position and the examples given in support thereof. We have identified many documents, including those from Bodek's files, which were responsive to search terms yet still late. I will be providing to you some examples tomorrow.

Notwithstanding the fact that your anecdotal examples are not representative of all of the late documents, we do not agree with the criteria you have set forth for determination of whether a document is late or not. PTO # 17 ¶ II.M. does not limit certification of the production of custodial documents to those that are sifted out by agreed upon search terms. If we were to rely upon examples only, at the very least we could both agree that the handwritten journals of several witnesses that were produced late, were indeed "late", even though they would not have been captured by search terms of any type.

The evidence has shown that many responsive documents relevant to the litigation, within the meaning of PTO # 17 ¶ II.M., have been produced late. We have accounted for the various suggestions you have made, and we agree that has lessened, to some degree, the scope of the problem. Nevertheless, the problem of late documents persists, with each successive BP production. It is also significant.

At this point, as we indicated to Magistrate Judge Shushan last Friday, we will need the Court's assistance in resolving this issue. It is clear that many important documents have been produced late and without justification. This will require re-noticing at least some previously deposed witnesses. The identities of the witnesses, and the particulars of when these depositions will need to be resumed, we can leave for future consideration.

Best regards,

William F. Large
Domengeaux Wright Roy & Edwards
556 Jefferson Street, Suite 500
Lafayette, LA  70501
Mobile: 214-206-7881
Direct:  337-593-4166

**From:** Mark Nomellini [mailto:mnomellini@kirkland.com]
**Sent:** Monday, May 09, 2011 11:07 PM
**To:** Bill Large
**Cc:** Anthony Irpino (airpino@irpinolaw.com); Brian Kavanaugh (bkavanaugh@kirkland.com); Joshua Shamburger; Micah Osgood (mosgood@kirkland.com)
**Subject:** Re: Late documents summary

2

Bill,

As you request, attached are 10 examples of Bodek custodial documents that were erroneously designated by the PSC as "late," but that in fact were not responsive to the Bodek custodial search criteria:

BP-HZN-2179MDL01199504
BP-HZN-2179MDL01200307
BP-HZN-2179MDL01208281
BP-HZN-2179MDL01208291
BP-HZN-2179MDL01208818
BP-HZN-2179MDL01209159
BP-HZN-2179MDL01210256
BP-HZN-2179MDL01210540
BP-HZN-2179MDL01211049
BP-HZN-2179MDL01212854
BP-HZN-2179MDL01215267
BP-HZN-2179MDL01215782
BP-HZN-2179MDL01216319
BP-HZN-2179MDL01217511
BP-HZN-BLY00303821

During our discussions last Wednesday May 4, you indicated that the PSC would send counterexamples of Bodek custodial documents that were responsive to the Bodek custodial search criteria and that were produced after his deposition.  Please let us know when we can expect to receive those Bodek custodial counterexamples.   Once we receive those, we can schedule another meet and confer.

Regards,

Mark


| | | |
|---|---|---|
| **Mark Nomellini**/Chicago/Kirkland-Ellis<br><br>05/04/2011 03:59 PM | To<br>cc<br><br><br><br>Subject | Bill Large <BillL@wrightroy.com><br>"Anthony Irpino (airpino@irpinolaw.com)" <airpino@irpinolaw.com>,<br>"Brian Kavanaugh (bkavanaugh@kirkland.com)" <bkavanaugh@kirkland.com>,<br>Joshua Shamburger <JShamburger@matthewsfirm.com>,<br>"Micah Osgood (mosgood@kirkland.com)" <mosgood@kirkland.com><br>Re: Late documents summary Link |

Bill,

As we have explained from the very beginning, issues with depositions taken in January/February have already been raised and resolved with Magistrate Shushan.  And, as we have discussed with you, we have modified our process and devoted additional resources to our document production effort following the February discussions with Magistrate Shushan.

With respect to the March and April deponents in your chart, based on a preliminary glance, there appear to be some very fundamental problems with your analysis.   Many of the documents are clearly not "late" documents.  To start with, have you looked at whether the documents you characterize as "late" for a given custodian are even responsive to the custodial search terms for that custodian?  As an example, I looked at 10 purportedly "late" Bodek documents and none

3

were responsive to the Bodek custodial search criteria (and therefore are not "late" by any definition).

We are reluctant to spend alot more time on this until we have more of an understanding of how you went about the process of determining these documents are responsive to the custodial search terms for individual witnesses.

In the mean time, please do not represent to the Court that these documents are "late," as we do not believe that you have a foundation based on your analysis to say that.

We would like to understand more about your process and your objectives, so that we all can achieve our goals here.

Thanks.

Mark

---

**Bill Large <BillL@wrightroy.com>**
05/04/2011 02:01 PM

To: Mark Nomellini <mnomellini@kirkland.com>
cc: "Anthony Irpino (airpino@irpinolaw.com)" <airpino@irpinolaw.com>,
"Brian Kavanaugh (bkavanaugh@kirkland.com)" <bkavanaugh@kirkland.com>,
Joshua Shamburger <JShamburger@matthewsfirm.com>,
Micah Osgood (mosgood@kirkland.com)" <mosgood@kirkland.com>
Subject: Re: Late documents summary

We'll look at that.

William F. Large
Domengeaux Wright Roy & Edwards
556 Jefferson St., Suite 500
Lafayette, LA  70501

337-593-4166 (direct)
214-206-7881(mobile)


On May 4, 2011, at 12:18 PM, "Mark Nomellini" <mnomellini@kirkland.com> wrote:

Bill,

Thank you for sending this.  We will review and digest.

There is one fundamental assumption here that is not correct - namely, that the only changes to the global search made during the process of negotiations were for date ranges; as the latest search criteria we provided to you several months ago make clear, and as we pointed out in our recent submission to Magistrate Judge Shushan, that is not correct.

We look forward to reviewing and discussing with you.  Does Monday afternoon work for you?

Regards,

Mark

| | | |
|---|---|---|
| **Bill Large <BillL@wrightroy.com>** | To | "mnomellini@kirkland.com" <mnomellini@kirkland.com>, "Brian Kavanaugh (bkavanaugh@kirkland.com)" <bkavanaugh@kirkland.com> |
| | cc | "Micah Osgood (mosgood@kirkland.com)" <mosgood@kirkland.com>, "Anthony Irpino (airpino@irpinolaw.com)" <airpino@irpinolaw.com>, Joshua Shamburger <JShamburger@matthewsfirm.com> |
| 05/04/2011 12:03 PM | Subject | Late documents summary |

Gentlemen:

This is to follow up on our past discussions regarding custodial documents we believe had been produced late. The attached Excel file lays out the production issues in greater detail. The summary chart lists the BP witnesses plaintiffs have deposed and the dates of those depositions. It then lists the "cutoff," or the volumes of production received after the custodial deadline. While this deadline is technically ten days before the deposition, this chart is slightly more conservative, and only includes volumes which were received after the deposition, or so close to it as to make review logistically impossible. This chart is current through production volumes 1-37 and 39.

The total number of custodial files received after the "cutoff" are then broken down further in response to suggestions made by you in our previsisou discussions. Custodians on the Internal Investigation Team have an "IIT Targeted" field, as documents with that designation were a priority for IIT-related witnesses. Similarly, the date ranges represent shifting discovery negotiations, which opposing counsel pointed out may have affected early witnesses. Dates were assigned using objective metadata when possible, and using conservative judgment calls when not (i.e., an undated document revising the Bly report would not be in the July range, but would be in the September range after the report was released.)

In addition to the summary chart, there are further sheets listing the results of the database searches, with a list of Bates numbers and page counts. For IIT witnesses, "IIT Targeted" documents are shaded green. The properties of each document are listed too. "Emails" and "Attachments" are self-explanatory. "Standalone" files are a catch-all for anything not part of an email, including shared files and scanned paper. "Standalone OLE" files are temporary files generated by Windows, which can be anything from blanks to full copies of deleted standalones.

As with all productions in litigation of this scale, these late productions contain documents of varying degrees of relevance and importance. The issue is systematic. We have consistently observed custodial documents trickling in for weeks and months after a deposition, with metadata indicating they come from the same folders and laptops that made up the timely production. And while the earlier witnesses have accumulated more of these documents, the later witnesses follow the same pattern.

I look forward to discussing these issues with you very soon. As you know, this is a pressing issue, as depositions continue to go forward.

Best regards,

William F. Large
Domengeaux Wright Roy & Edwards
556 Jefferson Street, Suite 500
Lafayette, LA  70501
Mobile: 214-206-7881
Direct:  337-593-4166

5