Exhibit 21

```
 1                      UNITED STATES DISTRICT COURT

 2                      EASTERN DISTRICT OF LOUISIANA

 3

 4

 5

 6   IN RE:  OIL SPILL BY THE           *   Docket 10-2179 "J"
     OIL RIG DEEPWATER HORIZON          *
 7   IN THE GULF OF MEXICO ON           *   November 15, 2010
     APRIL 20, 2010                     *
 8                                      *   9:30 a.m.
                                        *
 9   This Document Relates to:          *
                                        *
10   All cases.                         *
                                        *
11   * * * * * * * * * * * * * * * * * *

12
                          PROCEEDINGS BEFORE THE
13                      HONORABLE SALLY SHUSHAN
                       UNITED STATES MAGISTRATE JUDGE
14

15   APPEARANCES:

16   For the Plaintiffs:           Herman, Herman, Katz & Cotlar
                                   BY:  STEPHEN J. HERMAN, ESQ.
17                                 820 O'Keefe Avenue
                                   New Orleans, Louisiana 70113
18

19                                 Domengeaux, Wright, Roy & Edwards
                                   BY:  JAMES P. ROY, ESQ.
20                                 BY:  WILLIAM F. LARGE, ESQ.
                                   556 Jefferson Street
21                                 Suite 500
                                   Post Office Box 3668
22                                 Lafayette, Louisiana 70502

23
                                   Williams Law Group, LLC
24                                 BY:  CONRAD S.P. WILLIAMS, ESQ.
                                   909 Poydras Street
25                                 New Orleans, Louisiana  70112
```

JODI SIMCOX, RMR, FCRR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

1   Because we know that we are anticipating, 21 days after the
2   production, that we're going to sit down with agreed upon
3   search terms.
4             It seems to me if you're going to talk in terms
5   of custodial files as opposed to just a rolling production,
6   then it's incumbent for the parties to agree on how to search
7   those files to make certain we're covering what they've got.
8             Because the way this is now setting up is you're
9   going to have a number of depositions being taken very early on
10  when productions are not complete and you're going to leave
11  open the very real possibility that witnesses are going to have
12  to come back in.  Nobody wants to see that, Judge.
13            So that's our concern with the certification.
14  You're asking me to do something that is just a recipe for a
15  complaint later on that we didn't find some piece of document
16  that -- or that somebody else produced a document.  Because it
17  may not even be my custodial file.  What you may deem relevant
18  may be somebody else's production later on in the case.
19            **THE COURT:**  When I talked about avoidance of
20  duplicative depositions, I gave, by way of example, production
21  of highly relevant.  Does that make a difference?  I mean, it's
22  not just any production.  It's not any document that may have
23  been missed.  But it's got to be highly relevant.  I mean, a
24  smoking gun.  I don't want to limit you guys to a smoking gun,
25  but, I mean, it's got to be really highly relevant.

```
 1  importance to go back and talk to the witness about.
 2              MR. GODWIN:  Thank you, Your Honor.
 3              THE COURT:  Okay.
 4              MR. HERMAN:  Three quick points.
 5                  Very briefly, Your Honor.  First of all, I want
 6  to apologize to Mr. Underhill and the other counsel for the
 7  United States.  I usually try to either forward or cc and I
 8  forgot and it's my fault and I apologize.  I'll try to do
 9  better.
10                  Second of all, with this situation, there's risk
11  to both parties.  This happens in every litigation.  We face
12  the risk of deposing a critical witness too early without all
13  the documents, that's a just a calculus we have to make, and
14  there's a natural deterrent to weigh the cost and benefits; and
15  for them, there's a natural deterrent to produce all their
16  documents so they minimize the risk that they'll be re-deposed.
17              THE COURT:  Yes.  And let me ask you on that issue:
18  Are you-all going to start with the more minor witnesses so
19  that the production can catch up with the deposition schedule?
20  Is that kind of how you're looking at it?
21              MR. HERMAN:  We'll have that discussion, and I'm not
22  really the person in charge, but what I think my thinking would
23  be is that we try to find some witnesses who we think will be
24  key but their testimony won't be necessarily document
25  intensive, be more, what did they see, what did they hear.  And
```