Date:   05/19/2011 11:52 AM

Subject:        MDL 2179 - Forensic Testing of BOP by DNV (phase 2)
                -  Concerns regarding Progress/ Cameron

Dear Judge Shushan,

   Good day, Your Honor, and thank you for placing DNV concerns on the schedule for
tomorrow's status conference.

   DNV has made good progress accomplishing the work specified in the Test Protocols.  This is
certainly due in part to cooperation from all the agencies and private interests concerned,
including Cameron.  That said, significant time, and therefore the opportunity to accomplish
more work, has been lost on account of matters within the control of Cameron.  DNV wants to
avoid further impediments to smooth progress but has not been able to achieve a solution during
work directly with Cameron, and so approaches the Court to assist it in facilitation of the work,
which is intended to reduce the work load for those involved and improve DNV's chances of
accomplishing all of the Test Protocol tasks.

   DNV requests assistance from the Court on the following, with the Court issuing an Order
addressing the following:

   (1) Extend the test period 9 project work days, to and including Monday June 27th, 2011.
DNV project team at Michaud consider 9 work days a fair estimate of minimum time lost on the
project to date on account of matters in the control of Cameron.  DNV is mindful that the Court
has a master schedule for the progress of the MDL.  DNV considers that this modification to the
test schedule ought not to work a material, adverse impact on same.  Perhaps not incidentally, it
is well to recall that DNV is NOT analyzing any of the data being collected during this phase of
the tests, and will offer no opinions on same in its deposition at the end of June.
     And by way of improving communication with Cameron:
   (2) Cameron technical staff, with counsel present if need be, immediately meet with DNV to
review the planned further work under the test protocols so that a master list of
information/materials/equipment/technical assistance requests can be prepared, and the supply
and scheduling process be put into play.  The purpose of doing so is to reduce the number of
requests and responses going forward.  While it may not be possible to eliminate the need for
further requests, reiterated or new, due to the nature of the project, such a meeting should help
reduce the load this project imposes on Cameron and DNV.
   (3)  Management/technical staff of Cameron and DNV (counsel to audit if need be) participate
in daily, planning conferences  regarding  logistics, purchasing, scheduling and the like.  Same.
   (4) Management/technical staff of Cameron and DNV (counsel to audit if need be)
communicate direct on the project relative to logistics, purchasing, scheduling and the like
proceed instead of communicating through counsel.
   (5) Cameron and DNV counsel have a weekly project status conference with the Court.
   (6) Cameron to reform its approach to the Michaud project so that Cameron treats DNV's
requests for materials, equipment, information, and help with the same promptness and
enthusiasm it does requests from its best customers.

These changes would facilitate progress of the work, reduce the work load for Cameron, DNV, and others, and therefore should help
reduce transaction costs involved, and also help assure that all of the work to be accomplished under the Test Protocols is finished.  DNV is prepared to propose a form of Order that the Court might use to effect these requested changes.

Counsel for Cameron and I have spoken briefly about DNV's underlying concerns, and counsel has been furnished the core of the list above.  At the time this message is being released, we have not had an opportunity to discuss the list with Cameron's counsel.

I have circulated this note to the interested parties, but request counsel reading to forward same to anyone I may have unintentionally omitted.

Best regards,
Mark Cohen
Cohen, Gorman & Putnam, L.L.P.
1010 Lamar Street, Suite 1000
Houston, Texas 77002-6314

Office Phone: 713-224-0628
Fax:   713 224-7487
Email: mcohen@cgptexas.com
Mobile Phone: 832-725-6750