UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MASTER DOCKET MDL NO. 10-MD-2179 |
| **This Document Relates to No. 11-1136** | * * | |
| ART CATERING, INC. | * * | CIVIL ACTION NO. 11-1136 |
| VERSUS | * * | SECTION "J" |
| DAVID B. GORNEY, JIMMY M. PODARAS, MARSH USA, INC. AND XYZ INSURANCE COMPANY | * * * * | JUDGE BARBIER MAGISTRATE (1) MAG. JUDGE SHUSHAN |
| | * | **JURY TRIAL DEMANDED** |

**DEFENDANT MARSH USA, INC.'S
ANSWER AND JURY DEMAND**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Marsh USA, Inc. ("Marsh") and responds to the Petition for Breach of Contract filed by plaintiff ART Catering, Inc. ("Plaintiff") as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim against Marsh upon which relief may be granted.

1679544-1

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive period, peremptive period, or statute of limitations, including but not limited to the peremptive periods set forth in La. R.S. 9:5606.

## THIRD DEFENSE

Without in any way waiving the defenses asserted above and below, and answering the separately numbered paragraphs of Plaintiff's Petition for Breach of Contract, Marsh avers as follows:

1.

Marsh admits that it is a foreign corporation authorized to do and doing business in the State of Louisiana, but denies all and singular the remaining allegations set forth in Paragraph I of Plaintiff's Petition for Breach of Contract.

2.

Marsh admits that David B. Gorney and Jimmy M. Podaras were employed by Marsh at the time Marsh placed insurance coverages for Plaintiff for the June 30, 2009 – June 30, 2010 renewal period, but denies all and singular the remaining allegations set forth in Paragraph II of Plaintiff's Petition for Breach of Contract.

3.

Marsh denies all and singular the allegations set forth in Paragraph III of Plaintiff's Petition for Breach of Contract.

4.

Marsh denies all and singular the allegations set forth in Paragraph IV of Plaintiff's Petition for Breach of Contract.

5.

Marsh denies all and singular the allegations set forth in Paragraph V of Plaintiff's Petition for Breach of Contract.

6.

Marsh denies all and singular the allegations set forth in Paragraph VI of Plaintiff's Petition for Breach of Contract.

7.

Marsh denies all and singular the allegations set forth in Paragraph VII of Plaintiff's Petition for Breach of Contract.

8.

Marsh denies all and singular the allegations set forth in Paragraph VIII of Plaintiff's Petition for Breach of Contract for lack of information sufficient to justify a belief therein.

9.

Marsh denies all and singular the allegations set forth in Paragraph IX of Plaintiff's Petition for Breach of Contract for lack of information sufficient to justify a belief therein. The contract between ART Catering, Inc. and Transocean Offshore Deepwater & Drilling, Inc. speaks for itself and is the best evidence of its contents.

10.

Marsh denies all and singular the allegations set forth in Paragraph X of Plaintiff's Petition for Breach of Contract.

11.

Marsh denies all and singular the allegations set forth in Paragraph XI of Plaintiff's Petition for Breach of Contract.

12.

Marsh denies all and singular the allegations set forth in Paragraph XII of Plaintiff's Petition for Breach of Contract.

13.

Marsh admits that David B. Gorney and Jimmy M. Podaras were employed by Marsh at the time Marsh placed insurance coverages for Plaintiff for the June 30, 2009 – June 30, 2010 renewal period. Marsh denies all and singular the remaining allegations set forth in Paragraph XIII of Plaintiff's Petition for Breach of Contract.

14.

Marsh denies all and singular the allegations set forth in Paragraph XIV of Plaintiff's Petition for Breach of Contract.

15.

Marsh denies all and singular any allegations set forth in any unnumbered paragraphs, any paragraphs for which no response was provided, and the Prayer for Relief of Plaintiff's Petition for Breach of Contract.

### FOURTH DEFENSE

Plaintiff's Petition for Breach of Contract fails to state facts demonstrating the existence of a breach of any legal, contractual or other duty owed by Marsh to Plaintiff.

### FIFTH DEFENSE

The damages, if any, sustained by Plaintiff were proximately caused by or attributed to the carelessness, fault, and/or negligence of third parties for whom Marsh is not responsible.

### SIXTH DEFENSE

Marsh denies that it was guilty of any fault or negligence concerning the alleged incident, which was in no way caused by Marsh, but instead, any damages Plaintiff may have suffered are barred because they were caused solely and proximately by the fault or negligence of Plaintiff, or, alternatively, said damages are reduced because Plaintiff was comparatively at fault or negligent.

### SEVENTH DEFENSE

As to Plaintiff and/or any other entity or person whose conduct or intervening negligence resulted in the alleged damages of Plaintiff, Marsh expressly pleads the doctrines of comparative fault and/or contributory negligence and assumption of the risk by these entities and/or persons, as well as the applicability of the doctrine of last clear chance, as a bar to the claims of Plaintiff.

### EIGHTH DEFENSE

The alleged injuries or damages, if any, of Plaintiff were caused by an intervening and superseding cause and any action on the part of Marsh was not the proximate and/or substantially contributing cause of the alleged damages, if any, of Plaintiff.

### NINTH DEFENSE

Plaintiff cannot establish that the acts or omissions of Marsh were both the legal cause and the cause-in-fact of any alleged damages.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, laches, satisfaction and/or waiver.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any damages allegedly sustained.

## TWELFTH DEFENSE

Marsh hereby gives notice that it intends to rely on other such defenses as may become available or appear during discovery proceedings in this case and hereby reserves the right to amend its answer to assert such defenses.

## DEMAND FOR TRIAL BY JURY

Marsh hereby demands a trial by jury on all issues.

**WHEREFORE**, defendant, Marsh USA, Inc., prays that after due proceedings are had, there be judgment herein in favor of Marsh USA, Inc. and against plaintiff, ART Catering, Inc., dismissing Plaintiff's Petition for Breach of Contract, with prejudice, at Plaintiff's cost, and for all general and equitable relief to which Marsh USA, Inc. may be shown to be entitled.

Respectfully submitted,

_____
William F. Grace, Jr., T.A. (#6199)
Philip R. Sims (#27644)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, 2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
*Attorneys for Marsh USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record are being served with this filing by either the Court's electronic filing system or by telefaxing and/or U.S. Mail.

_____