IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | ) ) ) ) ) ) ) | MDL No.: 10- 2179<br><br>Section: J<br><br>Judge Barbier<br><br>Mag. Judge Shushan |
| This Pleading Applies to:<br><br>Marine Horizons, Inc., et al. Plaintiffs vs.<br>BP, PLC et al Defendants,<br>No.:  10-227. | ) ) ) ) ) ) ) ) ) ) ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Marine Horizons, Inc., ("Marine Horizons") Robert Stephen Gams, and Jesse Carbullido, individually and as representative of a class of similarly situated persons state as their Amended Complaint:

### Introduction

1. This class action was filed in the United States District Court for the Southern District of Alabama on May 4, 2010, pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiffs and the Class Members as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig").  Pursuant to the orders of the Judicial Panel on Multidistrict Litigation, it was transferred to this Honorable Court.

2. This Second Amended Class Action Complaint adds a claim for breach of contract, individually and on behalf of similarly situated persons, due to Defendant BP America Production Company's recent refusal to pay amounts due Plaintiff Marine Horizons, Inc. under the terms of the "Master Vessel Charter Agreement."

**Incorporation of Master Complaint**

3. Plaintiffs hereby incorporate the "First Amended Master Answer to Complaint and Petition of Triton Asset Leasing Gmbh, et al for Exoneration from or Limitation of Liability (Rule 9(h)), First Amended Master Claim in Limitation [No. 10-2771] (Rule 9(h)), and First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section IIII (B1) ["B1 Bundle"]" (the "First Amended Master Complaint") by reference.  As pointed out in the First Amended Master Complaint itself, the First Amended Master Complaint "[] does not constitute a waiver or dismissal of any actions or claims asserted in the individual and class actions arising out of the Spill, nor by it do the Plaintiffs relinquish the right to add or assert, or seek leave to add or assert, additional claims, or name additional parties defendant, depending on further information learned through discovery or investigation."  *Id*. at ¶ 206.  Plaintiff hereby asserts such an additional claim.

4. Notwithstanding the foregoing or the jurisdiction and venue allegations in the First Amended Master Complaint, upon remand jurisdiction is proper in the Southern District of Alabama as that Court has jurisdiction pursuant to 28 U.S.C. §1332.  In addition to the venue provisions in the First Amended Master Complaint, venue of this action is proper in the Southern District of Alabama under 28 U.S.C. § 1391 as a substantial part of the events or omissions

2

giving rise to the claims asserted herein occurred, a substantial part of the property that is subject to this action is situated, and Defendants reside in the Southern District of Alabama. BP America Production Company is registered to do business in the State of Alabama, does business in the State of Alabama and has a registered agent in the State of Alabama.

### Additional Factual Allegations

5.  On May 7, 2010 Plaintiff Marine Horizons entered in a "Master Vessel Charter Agreement" with BP America Production Company ("BP America") for the hire of a vessel owned by it (the "First Agreement"). Subsequently, on May 15, 2010 Plaintiff Marine Horizon entered into a second "Master Vessel Charter Agreement" (the "Second Agreement") with BP America for a second vessel owned by the corporation. Pursuant to the Agreements, Plaintiffs Robert Stephen Gams, and Jesse Carbullido provided services to BP America.

6.  The "Master Vessel Charter Agreement" (the "Agreement") contains standard form language and standard rates for chartered vessels.

7.  Under the terms of the Agreement, BP America retained exclusive use of the vessels until it terminated the Agreement by giving a "Off-Hire Dispatch Notification."

8.  Pursuant to the Agreements, Marine Horizons made both vessel available for use in the Vessel of Opportunity Program, and in fact both vessels were used in the Vessel of Opportunity Program. Thereafter, from time to time, pursuant to the terms of the Agreement, Marine Horizons submitted invoices to BP America and/or its agent Danos & Curole Staffing, LLC.

9.  On or about July 21, 2010 Plaintiff was notified by BP America and/or its agent that the vessel used under the terms of the First Agreement need not report for work in the Vessel

of Opportunities Program.  On or about August 18, 2010 BP America caused a "Off Hire Dispatch Notification" to be delivered to Marine Horizons terminating the First Agreement.

10.  On or about August 4, 2010 Plaintiff was notified by BP America and/or its agent that the vessel used under the terms of the Second Agreement need not report for work in the Vessel of Opportunities Program.  On or about August 27, 2010 BP America caused a "Off Hire Dispatch Notification" to be delivered to Marine Horizons terminating the Second Agreement.

11.  Both "Off Hire Dispatch Notifications" stated:

> Please be advised that pursuant to the terms of the Master Vessel Charter Agreement ("MVCA"), BP is providing this "Off Hire Dispatch Notification" which terminates the MVCA immediately as of the date noted below.
>
> If you have not had your vessel properly decontaminated and an off-hire survey performed please immediately contact your local Vessel of Opportunity coordinator to schedule your off-hire survey and decontamination as soon as possible.

12.  Despite demands, Defendant BP America has refused to pay Plaintiff Marine Horizon amounts owing under the Agreements.

## Additional Claim
## Breach of Contract

13.  Plaintiffs, on behalf of itself and all other similarly situated persons and entities, incorporate by reference each and every allegation set forth above, in Plaintiffs' Amended Complaint and in the First Amended Master Complaint.

14.  Defendants breached the Agreements with Plaintiffs and all other similarly situated persons and entities.

15.  Because of Defendants breach of the Agreements, Plaintiffs and all other similarly situated persons and entities have been damaged.

**Class Allegations**

16. Plaintiff brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, who are members of the following sub-Class:

> All persons or entities who entered into an agreement with BP America and/or its agents for the chartering of vessels in the Vessel of Opportunity program who were not paid amounts due under the terms of the agreement.

Excluded from the Class are the officers and directors of any of the Defendants; any entity or division in which any defendant(s) has a controlling interest; any judge or judicial officer assigned to this matter and his or her immediate family; and any legal representative, successor, or assign of any excluded person or entities.

17. In addition to the class allegations incorporated by reference from the Master Complaint, Plaintiff makes the following additional allegations:

18. Plaintiff avers that the requirements of Rule 23(a) Fed.R.CivP. are satisfied since (1) the Class is so numerous and geographically scattered across that joinder of all members is impracticable, (2) there are questions of law or fact common to the Class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, and (4) the representative parties will fairly and adequately protect the interests of the Class.

19. While the precise number of Members of the above described sub-class is is unknown to Plaintiffs at this time, Plaintiffs believe after inquiry that there are hundreds of members of the Class located throughout the states Alabama, Florida, Mississippi, Louisiana and Texas and that joinder of all members is impracticable.

20. Common questions of law and fact exist as to all members of the sub-Class and predominate over any questions solely affecting individual members of the sub-Class. The questions of law and fact common to the sub-Class include (but are not limited to):

    a. Whether Defendants used a standard form "Master Vessel Charter Agreement";

    b. Whether the "Master Vessel Charter Agreement" contained the same material language as any other agreement used by Defendants in chartering vessels for the Vessel of Opportunity program;

    c. Whether Defendants breached the agreements;

    d. The methodology by which Defendants terminated the Vessel of Opportunity program; and,

    e. The methodology by which Defendants gave "Off Hire Dispatch Notice."

21. Plaintiffs' claims are typical of the claims of the sub-Class, which all arise from the same operative facts and are based on the same legal theories. Indeed, the use of the standard form "Master Vessel Charter Agreement" militates strongly in favor of certification of the sub-Class defined above.

22. Plaintiffs will fairly and adequately protect the interests of the sub-Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling class actions and complex litigation. Neither Plaintiffs nor their counsel have any interests which would prevent them from vigorously pursuing these claims.

23. The requirements of Rule 23(b)(1) are satisfied in that the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the sub-Class and would establish

incompatible standards of conduct for BP American and the other defendants, or adjudications with respect to individual members of the Class would as a practical matter be dispositive of, or substantially impair or impede, the interests of the absent sub-class members to protect their interests. It can not reasonably be disputed that certification of the proposed sub-Class would eliminate the risks of inconsistent interpretations of the "Master Vessel Charter Agreement." Thus, certification of the proposed sub-class would eliminate the risk of incomparable standards of conduct for defendant BP America. Likewise, any judicial interpretation of the "Master Vessel Charter Agreement" on a non-class basis would, as a practical matter, substantially impair the ability of absent class members to protect their interest. Simply put, there is only a single correct interpretation of the Agreement.

24. The requirements of Rule 23(b)(2) are met because BP America has refused to pay Plaintiffs and the absent class members according to the terms of the Agreement. Clearly a declaration of BP America's obligations under the Agreement, and upon such a declaration an injunction ordering BP American to pay all amounts owed thereunder, as prayed for herein, is appropriate.

25. The requirements of Rule 23(b)(3) are met because class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of the Class Members is impractical. Even if every Class Member could afford individual litigation, it would be unduly burdensome for this Court to manage hundreds or thousand of cases based upon the same standard form "Master Vessel Charter Agreement." Individual litigation would increase expenses, delays and the burden upon the Court. In contrast, a class action presents fewer management difficulties and provides the benefit of a single

adjudication. Plaintiff is unaware of any court certifying a class action based upon the claims asserted in this pleading; indeed, any such claim is properly asserted in this action. There are no manageability issues in this sub-class because BP America, and or its agents, have maintained records of the amount paid - and refused to be paid - Plaintiff Marine Horizon and the absent class members. The proposed sub-class is much smaller, cohesive and manageable than many class actions routinely certified by courts.

## **Prayer for Relief**

WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendants, jointly and severally, as follows:

- a. An order certifying the sub-class, appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the sub-class;
- b. A deceleration that, under the terms of the "Master Vessel Charter Agreement" defendants are liable for paying members of the sub-class the amounts owed under the Agreement, including amounts due under the Agreement until the "Off Hire Dispatch Notifications" were received by the Plaintiffs and members of the sub-class;
- c. An injunction ordering BP America to pay all amounts due under the Agreement until the "Off Hire Dispatch Notifications" were received by the Plaintiffs and members of the sub-class;
- d. Other compensatory damages as proven at trial;
- e. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

  f.  Such other and further relief available and any relief the Court deems just and appropriate.

Respectfully submitted,

                   /s/ Lange Clark
                   Lange Clark

Law Office of Lange Clark, P.C.
301 19th Street North
Suite 550
Birmingham, Alabama 35203
Telephone: 205-939-3933
langeclark@mindsping.com

## **Jury Demand**

Plaintiffs demand trial by struck jury.

                   /s/ Lange Clark
                   Lange Clark