UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>Applies to: *Pleading Bundle B3* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC.'S, MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT IN ACCORDANCE WITH PTO NO. 11 [CASE MANAGEMENT ORDER NO. 1] SECTION III.B(3) ["B3 BUNDLE"]**

Defendant Halliburton Energy Services, Inc. ("HESI"), respectfully moves this Court to dismiss all claims against it in the First Amended Master Complaint in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"] (the "Complaint") pursuant to Federal Rule of Civil Procedure 12. In support of this Motion, HESI submits the accompanying Memorandum in Support and states as follows:

1. Plaintiffs' state common law claims must be dismissed for several reasons. First, the Supreme Court's Clean Water Act jurisprudence demonstrates that an affected state's common law cannot apply to an alleged source of pollution outside that state's borders. *See* HESI's Memorandum at Section V.B.1.

2. Second, the Outer Continental Shelf Lands Act ("OCSLA") provides that federal law governs on the outer continental shelf, and OCSLA's adjacent state law provision, 43 U.S.C. § 1333(a)(2)(A), does not call for the application of state law in this case. *See* HESI's Memorandum at Section V.B.2.

3.     Third, Plaintiffs' claims, if any, arise exclusively under this Court's admiralty jurisdiction. Indeed, Plaintiffs designate the claims in their First Amended Master Complaint as admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiffs, however, overlook the general rule that when admiralty jurisdiction applies to a case, substantive maritime law, not state law, also applies in most instances. *See* HESI's Memorandum at Section V.B.3.

4.     Further, even if state law were applicable, Plaintiffs' state law claims must fail. *See* HESI's Memorandum at Section V.C.

   a.     Plaintiffs' medical monitoring claim under Florida law must be dismissed because OCSLA's adjacent state law provision, which is the only avenue by which state law could theoretically apply in this case, would dictate that Louisiana law, not Florida law, governs this case. *See* HESI's Memorandum at Section V.C.1.

   b.     Plaintiffs' negligence *per se* claim also fails because Louisiana does not recognize the doctrine of negligence *per se*. Further, Plaintiffs' cited regulatory and statutory authorities do not support a negligence *per se* claim against HESI. *See* HESI's Memorandum at Section V.C.2.

   c.     Similarly, Plaintiffs' battery claim must be dismissed because it rests solely on factual allegations regarding the spraying of chemical dispersants, yet Plaintiffs' pleadings demonstrate that HESI had no involvement in such activities. Accordingly, Plaintiffs fail to state a claim on which relief can be granted against HESI. *See* HESI's Memorandum at Section V.C.3.

5.     Plaintiffs' general maritime law claims are also due to be dismissed. *See* HESI's Memorandum at Section V.D.

**HESI'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT ["BUNDLE B3"]**

  a. Plaintiffs fail to state a cause of action for maritime negligence to the extent that their claims are based on activities undertaken in response to the oil spill, including the VoO Program and the spraying of chemical dispersants because Plaintiffs' own allegations establish that HESI had no involvement in such activities.  *See* HESI's Memorandum at Section V.D.1.

  b. Plaintiffs fail to plead the requisite causal connection between any allegedly negligent act or omission of HESI and their alleged damages.  *See* HESI's Memorandum at Section V.D.2.

  c. Plaintiffs' public nuisance claim also must be dismissed because the general maritime law does not recognize such a cause of action.  *See* HESI's Memorandum at Section V.D.3.

6. Plaintiffs cannot, as a matter of law, recover punitive damages from HESI.  *See* HESI's Memorandum at Section V.E.

  a. First, Plaintiffs attempted separate cause of action for punitive damages must be dismissed because punitive damages are not a separate cause of action but instead must relate to another claim which permits such recovery.  *See* HESI's Memorandum at Section V.E.1.

  b. Second, Jones Act Plaintiffs cannot recover punitive damages under general maritime law because the Jones Act limits a seaman's recovery to pecuniary damages.  *See* HESI's Memorandum at Section V.E.2.

  c. Third, case law from this Court demonstrates that non-seaman Plaintiffs are similarly unable to recover punitive damages in this general maritime law action.  *See* HESI's Memorandum at Section V.E.3.

7. Finally, to the extent that Plaintiffs assert damages that would be covered by the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.* ("OPA"), that statute provides the exclusive federal remedy for those damages and, as such, displaces and/or preempts Plaintiffs' maritime law claims arising from the oil spill. Plaintiffs are likewise barred from recovering punitive damages on the basis of an OPA claim because OPA does not provide for the recovery of punitive damages. *See* HESI's Memorandum at Section V.F.

WHEREFORE, for the reasons more fully set forth in the attached Memorandum in Support, Halliburton Energy Services, Inc., respectfully prays that this Court dismiss Plaintiffs' claims against it in their entirety and for such other relief, general or specific, at law or in equity, to which this Defendant may be properly entitled.

Dated: May 20, 2011.

**HESI'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED MASTER COMPLAINT ["BUNDLE B3"]**

4

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
BBowman@GodwinRonquillo.com
Jenny L. Martinez
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
FHartley@GodwinRonquillo.com
Gavin Hill
GHill@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Motion to Dismiss has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 20th day of May, 2011.

                                       /s/  Donald E. Godwin
                                       Donald E. Godwin