UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 § § § § § Applies to: *Pleading Bundles B2 and D1* § § | | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |

**MEMORANDUM OF LAW IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION RICO COMPLAINT IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III (B2) ["B2 BUNDLE"] AND MASTER COMPLAINT ("BUNDLE D1") CLAIMS FOR INJUNCTIVE RELIEF AGAINST PRIVATE PARTIES [PURSUANT TO PTO NO. 11, SECTION III(D1)]**

Defendant Halliburton Energy Services, Inc. ("HESI"),[1] respectfully files this memorandum in support of its motion asking the Court to dismiss all claims against it in Plaintiffs' Consolidated Class Action RICO Complaint in Accordance with PTO NO. 11 [CMO NO. 1] Section III (B2) ["B2 BUNDLE"] and Plaintiffs' Master Complaint ("Bundle D1") Claims for Injunctive Relief Against Private Parties [Pursuant to PTO No 11. Section III (D1)].[2]

---

[1] Plaintiffs have not directly asserted a claim against HESI. Defendant files this Memorandum in support of its Motion to Dismiss to the extent an answer and/or response to Plaintiffs' claims is required by virtue of the Transocean Entities' Rule 14(c) Third-Party Complaint and their tender of HESI to Plaintiffs. It is unclear whether the Transocean Entities' tender includes HESI's product service line, Sperry Drilling Services ("Sperry). Sperry should not be a separate defendant as it is nothing more than a product service line and not a separate corporate entity. Nevertheless, to the extent claims are asserted against Sperry, HESI expressly adopts the arguments set forth herein as being applicable to Sperry in addition to HESI.

[2] HESI has previously filed Motions to Dismiss the Bundle A Master Complaint (Dkt. Nos. 1180, 1189, 1184, 1186, 1173, 1182, 1176, 1181, 1174, 1175, 1187, 1179, 1185, 1191, 1190, 1170, 1172, 1193, 1183; *see also* Dkt. No. 1195) and the Bundle B1 Master Complaint (Dkt. No. 1429, 1429-1). HESI also filed motions to dismiss the claims of the States of Tamaulipas, Veracruz and Quintana Roo. Dkt Nos. 1781, 1782, and 1783. Pursuant to Court Order, HESI must answer and/or respond to the Bundle C (local governmental entities) claims, as well as the claims of the States of Louisiana and Alabama, by June 3, 2011. Finally, with regard to Pleading Bundle B4, pursuant to Dkt. 2371 and to the extent an answer and/or response is required, HESI's deadline to file any motion to dismiss is June 8, 2011.

## I.  INTRODUCTION

Plaintiffs did not assert a direct claim against HESI in Plaintiffs' Consolidated Class Action RICO Complaint in Accordance with PTO NO. 11 [CMO NO. 1] Section III (B2) ["B2 BUNDLE"], hereinafter (the "Bundle B2 Complaint").  Dkt. No. 1059.  Nor did Plaintiffs assert a direct claim against HESI in Plaintiffs' Master Complaint ("Bundle D1") Claims for Injunctive Relief Against Private Parties [Pursuant to PTO No 11. Section III (D1)], hereinafter (the "D1 Master Complaint").  Dkt. No. 880.

However, the Transocean Entities[3] tendered HESI, and other parties, to Plaintiffs in their Rule 14(c) Third-Party Complaint.  Dkt. No. 1320.  Moreover, the Transocean Entities seek contribution and/or indemnity from HESI for Plaintiffs' claims in both the Bundle B2 Complaint and the D1 Master Complaint.  *See* Dkt. 2068, ¶52, 54, 84-87.

## II.  ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure Rule 12(b)(6) provides defendants a mechanism early in litigation for challenging a plaintiff's right to recover on a particular set of facts or a particular cause of action.  To that end, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  Although courts accept well-pleaded facts as true, the U.S. Supreme Court recently rejected the previously-applicable principle that a dismissal for failure to state a claim was improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Coventry First, LLC v. McCarty*, No. 09-11682, 2010 U.S. App.

---

[3] The Transocean Entities include Triton Asset Leasing GmbH, Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc.  *See* Dkt. No. 1320.

2

LEXIS 9227, at *4-5 (11th Cir. May 5, 2010) (citing *Castro v. Secretary of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)). Rather, to survive a Rule 12(b)(6) challenge, the "complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). These "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56.

In neither the Bundle B2 Complaint or the D1 Master Complaint do Plaintiffs allege any claim against HESI. *See* Dkt. 880, 1059. Nor did the Transocean Entities supplement the claims or factual allegations of the Bundle B2 Complaint or the D1 Master Complaint in either its Rule 14(C) Third-Party Complaint or its Cross-Claims/Counter-Claims. *See* Dkt. Nos. 1320 and 2068. The Transocean Entities provided no factual basis for adding HESI as a B2 or D1 defendant. Absent any allegation of HESI's alleged wrongdoing, dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, HESI joins in and incorporates herein, as if stated in full, the arguments contained in the BP Defendants' Motion to Dismiss Consolidated Class Action RICO Complaint in Accordance with PTO No. 11 [CMO NO. 1] Section III (B2) ["B2 Bundle"]. Dkt. 1437, 1437-1. Specifically, HESI would show that Plaintiffs' claims in the Bundle B2 Complaint fail because:

3

- The RICO claims fail for lack of proximate causation. *See* Dkt. 1437-1 at pp. 10-20.

- The RICO claims fail for lack of any "racketeering activity." *Id*. at pp. 20-25.

- The RICO claims fail for lack of "participation" in an "enterprise." *Id*. at pp. 25-33.

- The RICO claims fail for lack of any "pattern." *Id*. at pp. 33-38.

- The RICO claims fail for lack of injury. *Id*. at pp. 38-42.

- The RICO claims fail for lack of a conspiracy. *Id*. at pp. 42-48.

HESI also joins in and incorporates herein, as if stated in full, the arguments contained in the BP Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(b)(7) the Master Complaint for Injunctive Relief Claims Against Private Parties, Filed in Accordance with PTO No. 11 [CMO NO. 1], Section III(D1) ("D1 Bundle"). Dkt. No. 1441, 1441-1. Specifically, HESI would show that Plaintiffs' claims in the D1 Master Complaint fail because:

- Plaintiffs assert non-existent causes of action that must be dismissed. *See* Dkt. 1441-1 at pp. 11-20.

- Plaintiffs failed to comply with the pre-suit notice obligations for each of their environmental citizen suits. *See id*. at pp. 20-26.

- Killing the well stopped any ongoing discharges, thus the citizen suit causes of action must be dismissed. *See id*. at pp. 26-36.

- Plaintiffs lack standing to pursue their CWA, ESA, and EPCRA causes of action. *Id*. at pp. 36-41.

- Plaintiffs' claims under the Endangered Species Act suffer additional, unique defects. *Id*. at pp. 41-45.

- Plaintiffs' maritime claim for relief is displaced; Plaintiffs' state law claims are preempted; and these claims belong in the B1 Master Complaint. *Id*. at pp. 45.

## III. <u>CONCLUSION</u>

For the reasons set forth above, and as discussed in HESI's Motion to Dismiss Plaintiffs' Consolidated Class Action RICO Complaint in Accordance with PTO NO. 11 [CMO NO. 1] Section III (B2) ["B2 BUNDLE"] and Plaintiffs' Master Complaint ("Bundle D1") Claims for Injunctive Relief Against Private Parties [Pursuant to PTO No 11. Section III (D1)], Plaintiffs have failed to plead viable claims against HESI as a matter of law.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court, therefore, should dismiss all claims against HESI in their entirety.

Dated:  May 20, 2011

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
BBowman@GodwinRonquillo.com
Jenny L. Martinez
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
FHartley@GodwinRonquillo.com
Gavin Hill
GHill@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Motion to Dismiss has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 20th day of May, 2011.

                /s/  Donald E. Godwin
                Donald E. Godwin