## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | CIVIL ACTION NO. 10-2771 |
| ON APRIL 20, 2010 | § | |
| | § | |
| IN RE: THE COMPLAINT AND | § | |
| PETITION OF TRITON ASSET | § | |
| LEASING GmbH, ET AL. IN A | § | SECTION: "J" |
| CAUSE OF EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |
| | § | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | § | |
| 2:10-CV-02771 | § | |
| | § | MAG. JUDGE SHUSHAN |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
## TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTER-CLAIMS

Defendant Halliburton Energy Services, Inc. ("HESI"), files this Answer to Triton Asset

Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and

Transocean Deepwater Inc., (collectively "Cross-Plaintiff Transocean" or "Transocean")

Petitioners, Cross-Plaintiffs' Rule 13 Cross-Claims/Counter-Claims, and respectfully shows this

Court as follows:[1]

---

[1] HESI has previously filed Motions to Dismiss the Bundle A Master Complaint (Dkt. Nos. 1180, 1189, 1184, 1186, 1173, 1182, 1176, 1181, 1174, 1175, 1187, 1179, 1185, 1191, 1190, 1170, 1172, 1193, 1183; *see also* Dkt. No. 1195) and the Bundle B1 Master Complaint (Dkt. No. 1429, 1429-1).  HESI has also previously filed motions to dismiss the claims of the States of Tamaulipas, Veracruz and Quintana Roo.  Dkt Nos. 1781, 1782, and 1783.  HESI incorporates herein, as if set out in full, the arguments contained within those Motions to Dismiss.  With regard to Bundle B2, Plaintiffs have not directly sued HESI under their Consolidated Class Action RICO Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III(B2).  *See* Dkt. No. 1059.  Transocean did not supplement the claims or factual allegations of the B2 Consolidated Complaint in either its 14(C) Tender nor its Cross-Claims/Counter-Claims.  *See* Dkt. Nos. 1320 and 2068.  Nor did Transocean provide any factual basis for adding HESI as a B2 defendant.  To the extent a 12(b) Motion to Dismiss is appropriate to answer and/or respond to the claims of Plaintiffs in the B2 Consolidated Complaint, HESI joins in and adopts the arguments contained in BP Defendants' Motion to Dismiss Consolidated Class Action RICO Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III(B2) and the Memorandum in Support of same.  Dkt. Nos. 1437 and 1437-1.  Likewise, with regard to Bundle D, Plaintiffs have not directly sued HESI under the D1 Master Complaint.  *See* Dkt. No. 880.

# ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Cross-Plaintiffs' Cross-Claims/Counter-Claims. However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in Transocean's Cross-Claims/Counter-Claims.

For answer to each and every allegation of Cross-Plaintiff Transocean, HESI responds as follows:

1.      The allegations set forth in Paragraph 1 draw legal conclusions to which no response is required.  To the extent that HESI is required to answer these allegations, HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

2.      The allegations set forth in Paragraph 2 draw legal conclusions to which no response is required.  To the extent that HESI is required to answer these allegations, HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

3.      The allegations set forth in Paragraph 3 draw legal conclusions to which no response is required.  To the extent that HESI is required to answer these allegations, HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

---

Neither in its 14(C) Tender nor its Cross-Claims/Counter-Claims did Transocean supplement the claims or factual allegations of the D1 Master Complaint.  *See* Dkt. Nos. 1320 and 2068.  Nor did Transocean provide any factual basis for adding HESI as a D1 defendant.  To the extent a 12(b) Motion to Dismiss is appropriate to answer and/or respond to the claims of Plaintiffs in the D1 Master Complaint HESI joins in and adopts the arguments contained in BP Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(1), 12(B)(6), and 12(B)(7) the Master Complaint for Injunctive Relief Claims Against Private Parties, Filed in Accordance with PTO No. 11 (CMO No. 1), Section III (D1) and the Memorandum in Support of same.  Dkt. Nos. 1441 and 1441-1. Pursuant to Court Order, HESI must answer and/or respond to the Bundle C (local governmental entities) claims, as well as the claims of the States of Louisiana and Alabama, by June 3, 2011.   Finally, with regard to Pleading Bundle B4, pursuant to Dkt. 2371 and to the extent an answer and/or response is required, HESI's deadline to file any motion to dismiss is June 8, 2011.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER**
**TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTER-CLAIMS**                    2

4.     The allegations set forth in Paragraph 4 draw legal conclusions to which no response is required.  To the extent that HESI is required to answer these allegations, HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

5.     Paragraph 5 is an identifying paragraph, collectively identifying the Cross-Plaintiffs and thus no response is required.

6.     HESI is without sufficient knowledge or information to form a belief as to whether Cross-Plaintiffs were, at all times, the Owner, Managing Owner, Owners Pro Hac Vice, and/or the Operators of the MODU *Deepwater Horizon*.  HESI further lacks sufficient knowledge or information to form a belief as to whether the *Deepwater Horizon* commenced its voyage on January 30, 2010.  HESI admits that Cross-Plaintiffs filed a Petition for Exoneration from or Limitation of Liability, hereinafter ("the Petition in Limitation"), in the United States District Court for the Southern District of Texas, C.A. No. 4:10-cv-1721, which was subsequently transferred to the Eastern District of Louisiana.  HESI further admits that an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the rig sank on April 22, 2010; as a result of the explosion, fire and sinking of the *Deepwater Horizon*, an oil spill ensued.  The allegations contained in the Petition in Limitation speak for themselves. HESI denies each and every other allegation contained in Paragraph 6.

7.     HESI admits that on February 18, 2011 Cross-Plaintiffs filed a Rule 14(c) Third-Party Complaint against certain parties, including HESI.  Cross-Plaintiffs' Rule 14(c) Third-Party Complaint speaks for itself.  HESI denies each and every other allegation contained in Paragraph 7.

8.     The allegations contained in Paragraph 8 are denied and the Cross-Plaintiffs' Rule 14(c) Third-Party Complaint, the Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings (Dkt. 1730) speak for themselves.

9.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9, except to admit that BP Exploration & Production, ("BP Exploration) was a lease-holder in the lease granted by the former Minerals Management Service ("MMS"), now re-organized as the Bureau of Ocean Energy Management Regulation & Enforcement, allowing it to perform oil exploration, drilling, and production-related operations in the oil and gas well located on Mississippi Canyon Block 252 (the "Macondo Well"). HESI further admits that BP Exploration is a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against BP Exploration set forth in Paragraph 9 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 9.

10.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10, except to admit that BP America Production Company, ("BP America") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.   HESI states that the jurisdictional allegations against BP America set forth in Paragraph 10 draw legal conclusions, to which no response is required.   HESI denies each and every other allegation contained in Paragraph 10.

11.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11, except to admit that BP p.l.c. has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that  the jurisdictional allegations against BP p.l.c. set forth in Paragraph 11 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 11.

12.     Paragraph 12 collectively identifies the BP Exploration, BP America, and BP p.l.c., parties, thus no response is required.  HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 12, except to admit that "BP" was a lease operator at the Macondo site and as a result, was responsible for assessing the geology of the Macondo site, engineering the well design, obtaining the requisite regulatory approval, and overseeing any subcontractors.  HESI denies each and every other allegation contained in Paragraph 12.

13.     The allegations of Paragraph 13 are denied as written, except to admit that: HESI is a Delaware Corporation with its principal place of business in Houston, Texas; HESI is registered to do and does business in Louisiana; HESI was engaged by BP Exploration to perform certain cementing operations and to provide certain other drilling support services (e.g., mudlogging, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo Well; HESI has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI admits that this Court has personal jurisdiction over it, that it does business in Louisiana, that HESI maintains a registered

agent in Louisiana, and that HESI was made a party to these Limitation proceedings. HESI denies each and every other allegation contained in Paragraph 13.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14, except to admit that: M-I, LLC ("M-I") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and M-I provided mud products, including but not limited to drilling fluids and spacers for work on the *Deepwater Horizon*. HESI states that the jurisdictional allegations against M-I set forth in Paragraph 14  draw legal conclusions, to which no response is required. HESI denies each and every other allegation contained in Paragraph 14.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15, except to admit that: Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and Cameron manufactured, designed, supplied and/or installed the blowout preventer on the *Deepwater Horizon*. HESI states that the jurisdictional allegations against Cameron Irons set forth in Paragraph 15 draw legal conclusions, to which no response is required. HESI denies each and every other allegation contained in Paragraph 15.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16, except to admit that: Anadarko Exploration & Production LP ("Anadarko E&P") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; Anadarko E&P and BP became co-lessees under the terms of a lease related to the Macondo site; as of April 20,

2010, Anadarko E&P held a 22.5% interest in the lease at the Macondo site. HESI states that the jurisdictional allegations against Anadarko E&P set forth in Paragraph 16 draw legal conclusions, to which no response is required. HESI denies each and every other allegation contained in Paragraph 16.

17.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, except to admit that: Anadarko Petroleum Corporation Co. ("Anadarko") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; Anadarko and BP became co-lessees under the terms of a lease related to the Macondo site; as of April 20, 2010, Anadarko held a 2.5% interest in the lease at the Macondo site. HESI states that the jurisdictional allegations against Anadarko set forth in Paragraph 17 draw legal conclusions, to which no response is required. HESI denies each and every other allegation contained in Paragraph 17.

18.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18, except to admit that: MOEX Offshore 2007 L.L.C. ("MOEX Offshore") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; MOEX Offshore and BP became co-lessees under the terms of a lease related to the Macondo site; as of April 20, 2010, MOEX Offshore held a 10% interest in the lease at the Macondo site. HESI states that the jurisdictional allegations against MOEX set forth in Paragraph 18 draw legal conclusions, to which no response is required. HESI denies each and every other allegation contained in Paragraph 18.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19, except to admit that MOEX USA Corporation has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against MOEX USA set forth in Paragraph 19  draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 19.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20, except to admit that Mitsui Oil Exploration Company, Ltd. ("MOECO") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.   HESI states that the jurisdictional allegations against MOECO set forth in Paragraph 20  draw legal conclusions, to which no response is required.   HESI denies each and every other allegation contained in Paragraph 20.

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21, except to admit that: Weatherford U.S. L.P. ("Weatherford") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and Weatherford manufactured, designed, marketed, sold and/or distributed the casing components utilized on the Macondo well, including but not limited to the float collar, shoe, and centralizers and Weatherford provided the personnel and equipment for running the casing and casing components into the well bore.  HESI states that the jurisdictional allegations against Weatherford set forth in Paragraph 21   draw legal

conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 21.

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22, except to admit that: Weatherford International, Inc. ("Weatherford International") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against Weatherford International set forth in Paragraph 22 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 22.

23.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, except to admit that: Dril-Quip, Inc. ("Dril-Quip") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and Dril-Quip was involved with providing wellhead systems to the *Deepwater Horizon*, including the manufacture and assembly of the wellhead connected to the blowout preventer on the *Deepwater Horizon*.  HESI states that the jurisdictional allegations against Dril-Quip  set forth in Paragraph 23 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 23.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24, except to admit that the United States of America has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and the United States of America is responsible for

the acts of its federal agencies and government employees.  HESI states that the jurisdictional allegations against the United States set forth in Paragraph 24 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 24.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, except to admit that: Marine Spill Response Corporation ("MSRC") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and MSRC participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against MSRC set forth in Paragraph 25 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 25.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26, except to admit that: Airborne Support, Inc. ("ASI") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and ASI participated in the response, remediation, and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against ASI set forth in Paragraph 26 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 26.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, except to admit that: Airborne Support International, Inc. ("ASI International") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and ASI

International participated in the response, remediation, and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against ASI International set forth in Paragraph 27 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 27.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28, except to admit that: Lynden, Inc. ("Lynden") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and Lynden participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against Lynden set forth in Paragraph 28 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 28.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29, except to admit that: Dynamic Aviation Group, Inc. ("Dynamic") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and Dynamic participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against Dynamic  set forth in Paragraph 29 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 29.

30.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30, except to admit that: International Air Response, Inc. ("IAR") has been made a party to these Limitation proceedings pursuant to the

filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and IAR participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations set forth in Paragraph 30 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 30.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31, except to admit that: Lane Aviation ("Lane") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and Lane participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against Lane Aviation set forth in Paragraph 31 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 31.

32.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32, except to admit that: National Response Corporation ("NRC") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and NRC participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against NRC set forth in Paragraph 32 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 32.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, except to admit that: O'Brien Response Management, Inc. ("O'Brien") has been made a party to these Limitation proceedings pursuant to

the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint; and O'Brien participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against O'Brien set forth in Paragraph 33 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 33.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34, and thus denies the same.

35.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35, except to admit that: DRC Emergency Services, LLC, ("DRC") has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and DRC participated in the response, remediation and clean-up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against DRC set forth in Paragraph 35 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 35.

36.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36, except to admit that: Nalco Company has been made a party to these Limitation proceedings pursuant to the filing of Cross-Plaintiffs' Rule 14(c) Third-Party Complaint and Nalco Company manufactured chemical dispersants purchased by BP for use in the response, remediation, and clean up efforts following the April 20, 2010 incident.  HESI states that the jurisdictional allegations against Nalco Company set forth in Paragraph 36 draw legal conclusions, to which no response is required.  HESI denies each and every other allegation contained in Paragraph 36.

37.     Paragraph 37 is an identifying paragraph thus no response is required.

38.     The allegations contained in Paragraph 38 are denied as written, except to note that this Court's Pre-Trial Order No. 11 [Case Management Order No. 1] speaks for itself.  HESI denies each and every other allegation contained in Paragraph 38.

39.      The allegations set forth in Paragraph 39 are denied as written except HESI admits that: following the April 20, 2010 incident, various claims, petitions, and/or complaints have been filed against one or more of the Cross-Plaintiffs and many of the Cross-Defendants, including HESI; pursuant to this Court's Pre-Trial Order No. 11 [Case Management Order No. 1], claims for personal injury and/or death actions are referred to as "Bundle A Claims."  HESI denies each and every other allegation contained in Paragraph 39.

40.     The allegations set forth in Paragraph 40 are denied as written except HESI admits that: following the April 20, 2010 incident, various claims, petitions, and/or complaints have been filed against one or more of the Cross-Plaintiffs and many of the Cross-Defendants, including HESI; pursuant to this Court's Pre-Trial Order No. 11 [Case Management Order No. 1], claims for non-governmental economic loss and property damages, RICO damages, and clean up, remediation and response damages are referred to as "Bundle B Claims."  HESI denies each and every other allegation contained in Paragraph 40.

41.     The allegations set forth in Paragraph 41 are denied as written except HESI admits that: following the April 20, 2010 incident, various claims, petitions, and/or complaints have been filed against one or more of the Cross-Plaintiffs and many of the Cross-Defendants, including HESI; pursuant to this Court's Pre-Trial Order No. 11 [Case Management Order No. 1], claims by private individuals asserting "public damage claims" resulting from the April 20,

2010 incident are referred to as "Bundle C Claims."  HESI denies each and every other allegation contained in Paragraph 41.

42.     The allegations set forth in Paragraph 42 are denied as written except HESI admits that: following the April 20, 2010 incident, various claims, petitions, and/or complaints have been filed against one or more of the Cross-Plaintiffs and many of the Cross-Defendants, including HESI; pursuant to this Court's Pre-Trial Order No. 11 [Case Management Order No. 1], claims by private parties challenging regulatory action or authority and/or seeking injunctive relief are referred to as "Bundle D Claims."  HESI denies each and every other allegation contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 are admitted as written.

44.     The allegations contained in Paragraph 43 are admitted as written.

45.     The allegations contained in Paragraph 45 are denied as written, except to admit that: the *Deepwater Horizon* was an ultra-deepwater dynamic positioned semi-submersible vessel; the *Deepwater Horizon* was leased to BP America Production Company from one or more of Cross-Plaintiffs; the *Deepwater Horizon* was utilized in drilling an exploratory well at the Macondo well site.  HESI denies each and every other allegation contained in Paragraph 45.

46.     The allegations contained in Paragraph 46 are denied as written, except to admit that: an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the fire lasted approximately two days; and the rig sank on April 22, 2010.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER**
**TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTER-CLAIMS**                     15

47.     The allegations contained in Paragraph 47 are denied as written, except to admit that after the explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010 and oil flowed from the Macondo well site until approximately July 15, 2010.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 47.

48.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48, except to admit that at some time after the incident on April 20, 2010, a remediation, response and clean-up plan was implemented, whereby vessels and aircraft were used to contain, recover and/or disperse the oil spilled from the Macondo well, and chemical dispersants were also utilized.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49, except to admit that Bundle A, B, C, and D claimants have filed claims, petitions, and/or complaints against Cross-Plaintiffs and other defendants.   The allegations contained in the claims, petitions, and/or complaints of the Bundle A, B, C, and D claimants speak for themselves; however, HESI denies that it is liable to Cross-Plaintiffs in any respect.

50.     The allegations contained Paragraph 50 draw legal conclusions regarding the effect of Cross-Plaintiffs' Rule 13 Cross-Claims/Counter-Claims, to which no response is required.

51.     The allegations contained in Paragraph 51 are denied as written, except to admit that: Bundle A claimants include various individuals who have filed claims, petitions, and/or complaints for personal injuries and/or death as a result of the April 20, 2010 incident; the Bundle A claims have asserted various causes of action, including negligence, gross negligence, willful misconduct and intentional acts; and Cross-Plaintiffs have filed motions pursuant to Federal Rule Civil Procedure 12(b) seeking dismissal of Bundle A claimants' suit.   The allegations and arguments contained in the claims, petitions, and/or complaints of the Bundle A claimants speak for themselves.   Moreover, the allegations and argument contained in Cross-Plaintiffs' answers and/or motions to dismiss Bundle A claimants' claims likewise speak for themselves.   HESI denies that it is liable to Cross-Plaintiffs in any respect.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 51.

52.     The allegations contained in Paragraph 52 are denied as written, except to admit that: Bundle B claimants include private parties who have filed claims, petitions, and/or complaints asserting claims for non-governmental economic loss and property damages, RICO claims, post-explosion clean-up claims and other claims, as a result of the April 20, 2010 incident; the Bundle B claims have asserted various causes of action, including negligence, gross negligence, willful misconduct and intentional acts, nuisance, public nuisance, fraudulent concealment, claims under the Oil Pollution Act ("OPA"), and various states statutes, and other claims under state, federal, and general maritime law; and Cross-Plaintiffs have filed motions pursuant to Federal Rule Civil Procedure 12(b) seeking dismissal of Bundle B claimants' suits. The allegations and arguments contained in the claims, petitions, and/or complaints of the

Bundle B claimants speak for themselves.  Moreover, the allegations and argument contained in Cross-Plaintiffs' answers and/or motions to dismiss Bundle B claimants' claims likewise speak for themselves.  HESI denies that it is liable to Cross-Plaintiffs in any respect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 are denied as written, except to admit that: Bundle C claimants include various governmental entities who have filed claims, petitions, and/or complaints asserting public damage claims for loss of resources, loss of tax revenues, response costs and civil fines and/or penalties seeking to recover damages as a result of the April 20, 2010 incident; the Bundle C claims have asserted various causes of action, including negligence, gross negligence, willful misconduct and intentional acts, nuisance, public nuisance, fraudulent concealment, claims under OPA, the Clean Water Act ("CWA"), trespass, and other claims under state and federal law; and Cross-Plaintiffs have filed motions pursuant to Federal Rule Civil Procedure 12(b) seeking dismissal of Bundle C claimants' suits.  The allegations and arguments contained in the claims, petitions, and/or complaints of the Bundle C claimants speak for themselves.  Moreover, the allegations and argument contained in Cross-Plaintiffs' answers and/or motions to dismiss Bundle C claimants' claims likewise speak for themselves.  HESI denies that it is liable to Cross-Plaintiffs in any respect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 are denied as written, except to admit that: Bundle D claimants include private parties who have filed claims, petitions, and/or

complaints asserting injunctive and regulatory claims  as a result of the April 20, 2010 incident; the Bundle D claims have asserted various causes of action, including but not limited to claims under the CWA, trespass, nuisance and other claims under state and federal law; and Cross-Plaintiffs have filed or will file motions pursuant to Federal Rule Civil Procedure 12(b) seeking dismissal of Bundle D claimants' suits.  The allegations and argument contained in the claims, petitions, and/or complaints of the Bundle C claimants speak for themselves.  Moreover, the allegations and arguments contained in Cross-Plaintiffs' answers and/or motions to dismiss Bundle D claimants' claims likewise speak for themselves.  HESI denies that it is liable to Cross-Plaintiffs in any respect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 54.

55.    The allegations contained in Paragraph 55 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant BP, and thus, no response is required.

56.    The allegations contained in Paragraph 56 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendants Anadarko E&P, Anadarko, MOEX Offshore, MOEX USA, and MOECO, and thus, no response is required.

57.    The allegations contained in Paragraph 57 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Cameron, and thus, no response is required.

58.     The allegations contained in Paragraph 58 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Weatherford, and thus, no response is required.

59.     The allegations contained in Paragraph 59 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against HESI, and thus, no response is required.  HESI denies each of the allegations set forth in: the First Amended Master Complaint, Cross-Claim and Third-Party Complaint for private economic losses in accordance with PTO No. 11 [CMO No. 1] Section III (B1), Dkt. No. 1128; the First Amended Master Complaint in accordance with PTO No. 11 Section III. (B3), Dkt. No. 1812; and the Local Government Entity Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint, Dkt. No. 1510.  HESI further denies that it is liable to Cross-Plaintiffs or the Bundle A, B, C, or D claimants for any liability arising from the April 20, 2010 incident.  HESI denies each and every other allegation contained in Paragraph 59.

60.     The allegations contained in Paragraph 60 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant M-I, and thus, no response is required.

61.     The allegations contained in Paragraph 61 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Dril-Quip, and thus, no response is required.

62.     The allegations contained in Paragraph 62 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D,

against co-defendants MSRC, ASI, ASI International, Lynden, Dynamic, Lane, NRC, O'Brien, The Modern Group, and DRC, and thus, no response is required.

63.     The allegations contained in Paragraph 63 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant the Nalco Company, and thus, no response is required.

64.     The allegations contained in Paragraph 64 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant the United States of America, and thus, no response is required.  Any notice of its affirmative defenses provided by Cross-Plaintiffs in *United States of America v. BP Exploration & Production, Inc*., 2:10-cv-04536 (E.D. La. 2010) speaks for itself.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 64.

65.     The allegations contained in Paragraph 65 are denied as written.

66.     The allegations contained in Paragraph 66 are denied as written.

67.     Paragraph 67 is an incorporating paragraph and thus no response is required.

68.     The allegations contained in Paragraph 68 are denied as written, except that HESI admits that general maritime law should be applied to the claims of claimants in Bundles A, B, C, and D.  HESI denies each and every other allegation contained in Paragraph 68.

69.     Paragraph 69 is an incorporating paragraph and thus no response is required.

70.     The allegations contained in Paragraph 70 are denied as written, except that HESI admits that general maritime law should be applied to the claims of claimants in Bundles A, B, C, and D.  HESI denies each and every other allegation contained in Paragraph 70.

71.     Paragraph 71 is an incorporating paragraph and thus no response is required.

72.     The allegations contained in Paragraph 72 are denied as written.  HESI further denies the contentions and allegations asserted by the Plaintiffs in the First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III.B(1), Dkt. No. 1128; the First Amended Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3), Dkt. No. 1812; and Local Government Entity Voluntary Master Complaint, Cross-Claim and Third-Party Complaint, Dkt. No. 1510.  HESI denies each and every other allegation contained in Paragraph 72.

73.     The allegations contained in Paragraph 73 are denied as written, except to admit that general maritime law is applicable in this proceeding.  HESI denies each and every other allegation contained in Paragraph 73.

74.     Paragraph 74 is an incorporating paragraph and thus no response is required.

75.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75.

76.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76, except to admit that general maritime law is applicable to these proceedings.  HESI denies each and every other allegation contained in Paragraph 76.

77.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.

78.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78, except to admit that general maritime law is applicable in this proceeding.

79.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79.

80.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80, except to admit that general maritime law is applicable in this proceeding.

81.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81.

82.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82, except to admit that general maritime law is applicable in this proceeding.

83.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.      Paragraph 84 is an incorporating paragraph and thus no response is required.

85.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85, except that HESI denies that Cross-Plaintiffs are entitled to contribution from HESI, pursuant to provisions of OPA.  HESI denies each and every other allegation contained in Paragraph 85.

86.       Paragraph 86 is an incorporating paragraph and thus no response is required.

87.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87, except that HESI denies that Cross-Plaintiffs are entitled to subrogation against HESI, pursuant to provisions of OPA.  HESI denies each and every other allegation contained in Paragraph 87.

88.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88.

89.     Paragraph 89 is an incorporating paragraph and thus no response is required.

90.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90, except HESI would note that the "Drilling Contract for RBS-8D" speaks for itself.

91.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91.

92.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92.

93.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93, except HESI would note that the allegations contained in Count 7—Breach of Contract, of Cross-Plaintiffs' Cross-Claims/Counter-Claims speak for themselves.  HESI denies each and every other allegation contained in Paragraph 93.

94.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94, except HESI would note that the terms of the "Drilling Contract for RBS-8D" speak for themselves.

95.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95, except HESI would note that the terms of the "Drilling Contract for RBS-8D" speak for themselves.

96.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96, except HESI would note that the terms of the "Drilling Contract for RBS-8D" speak for themselves.

97.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97.

98.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98, except HESI would note that the terms of Amendment No. 38 to "Drilling Contract for RBS-8D" speak for themselves.

99.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99.

100.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100, except HESI would note that the terms of Article 21.5(b)(ii) of the Drilling Contract speak for themselves.

101.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101, except HESI would note that the terms of Article 21.3(c) of the Drilling Contract speak for themselves.

102.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102, except HESI would note that the terms of Article 21.0 of the Drilling Contract, as amended by Amendment No. 38, speak for themselves.

103.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103, except HESI would note that the terms of Article 21.8 of the Drilling Contract, as amended by Amendment No. 38, speak for themselves.

104.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 104, except HESI would note that the terms of the Drilling Contract, as amended by Amendment No. 38, including Articles 21.2 and 21.3(a) & (b) speak for themselves.

105.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 105, except HESI would note that the terms of Article 27.3 of the Drilling Contract speak for themselves.

106.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106, except HESI would note that the terms of Article 27.4 of the Drilling Contract speak for themselves.

107.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 107, except HESI admits that an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the Deepwater Horizon thereafter sank on April 22, 2010.

108.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 108, except HESI would note that the terms of Article 27.4 of the Drilling Contract speak for themselves.

109.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 109.

110.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 110.

111.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 111.

112.     The allegations set forth in Paragraph 112 draw legal conclusions to which no response is required.

113.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 113.

114.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114.

115.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115.

116.     Paragraph 116 is an incorporating paragraph and thus no response is required.

117.     The allegations contained in Paragraph 117 are denied as written, except to admit that: the *Deepwater Horizon* was an ultra-deepwater dynamic positioned semi-submersible vessel; the *Deepwater Horizon* was leased to BP America Production Company from one or more of Cross-Plaintiffs; the *Deepwater Horizon* was utilized in drilling an exploratory well at the Macondo well site.

118.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118, except HESI would note that the terms of the Drilling Contract, including Exhibit A to the Drilling Contract, speak for themselves.

119.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119, except HESI would note that the terms of any invoices for work performed, services rendered, and materials, equipment, supplies and personnel furnished, speak for themselves.

120.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120.

121.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121.

122.    The allegations set forth in Paragraph 122 draw legal conclusions to which no response is required.

123.    The allegations set forth in Paragraph 123 draw legal conclusions to which no response is required.

124.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124.

125.    The allegations set forth in Paragraph 125 draw legal conclusions to which no response is required.

126.    The allegations contained in Paragraph 126 are denied as written, except to admit that: the *Deepwater Horizon* was an ultra-deepwater dynamic positioned semi-submersible vessel; the *Deepwater Horizon* was leased to BP America Production Company from one or more of Cross-Plaintiffs; the *Deepwater Horizon* was utilized in drilling an exploratory well at the Macondo well site.  HESI denies each and every other allegation contained in Paragraph 126.

127.     HESI admits the allegations in paragraph 127.

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER**
**TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTER-CLAIMS**                    28

128.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128.  To the extent Paragraph 128 draws any legal conclusion regarding whether the Deepwater Horizon was a "total loss," no response is required.  HESI denies each and every other allegation contained in Paragraph 128.

129.    The allegations contained in Paragraph 129 are denied as written.

130.    Paragraph 130 is an incorporating paragraph and thus no response is required.

131.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 131, except HESI admits that after an explosion and fire aboard the *Deepwater Horizon* on April 20, 2010 the vessel sank on or about April 22, 2010.  HESI denies each and every other allegation contained in Paragraph 131.

132.    The allegations contained in Paragraph 132 are denied as written.

133.    The allegations contained in Paragraph 133 are denied as written.

134.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 134.

135.    The allegations contained in the prayer for relief draw legal conclusions, to which no response is required.  HESI denies that Cross-Plaintiffs are entitled to judgment, pre and post-judgment interest, attorneys' fees or costs from HESI.  HESI further denies that Cross-Plaintiffs are entitled to any further relief under applicable law.

## AFFIRMATIVE DEFENSES TO CROSS-PLAINTIFFS' CROSS-CLAIMS/COUNTER-CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Cross-Plaintiffs' Cross-Claims/Counter-Claims in this proceeding because:

## FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claimed injuries were caused in whole or in part by others whose actions were not controlled by HESI.  Such actions are the superseding, supervening, and/or intervening causes of Third-Party Plaintiffs' alleged damages, and, therefore, Cross-Plaintiffs may not recover from HESI as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Cross-Plaintiffs was proximately caused by and/or contributed to by Cross-Plaintiffs' own gross, sole, contributory or comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off and recoupment and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants and/or that Cross-Plaintiffs receive from any source as compensation for alleged losses.

## FOURTH AFFIRMATIVE DEFENSE

The damages referred to in Cross-Plaintiffs' Cross-Claims/Counter-Claims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

The incident and resulting damages that are the subject of Cross-Plaintiffs' Cross-Claims/Counter-Claims were caused by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons or entities for whom HESI is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

The claims and causes of action set forth in Cross-Plaintiffs' Cross-Claims/Counter-Claims are barred in whole or in part by superseding and intervening causation.

## SEVENTH AFFIRMATIVE DEFENSE

HESI did not owe any duty to Cross-Plaintiffs and did not breach any such duty.

## EIGHTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Cross-Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

HESI would assert any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Cross-Plaintiffs' Cross-Claims/Counter-Claims be deemed good and sufficient; that after due proceedings, there be judgment denying Cross-Plaintiffs' Cross-Claims/Counter-Claims, with all costs to be borne by Cross-Plaintiffs; and for such other relief to which HESI may show itself to be justly entitled.

Dated May 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT**
**HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2011 a copy of the foregoing Halliburton Energy Services, Inc.'s Answer to Cross-Plaintiff Triton Asset Leasing GmBH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc.'s Cross-Claims/Counter-Claims was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin