# Exhibit E

From: "Wilson, Suzie" [swilson@frilot.com]
Sent: 05/11/2011 05:56 PM EST
To: <Sally_Shushan@laed.uscourts.gov>; <jimr@wrightroy.com>; Don K Haycraft <dkhaycraft@liskow.com>; <liaison2179@liskow.com>; Mike Underhill <mike.underhill@usdoj.gov>; "Maze, Corey" <CMaze@ago.state.al.us>; Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>; <sterbcow@lksalaw.com>; <RTC@cunninghambounds.com>; <lstrange@ago.state.al.us>
Subject: Response to Don Haycraft/BP's May 6, 2011 email re: modification of PTO No. 27

Dear Judge Shushan,

As BP's complaints regarding allocation of time are brief (with the exception of attaching hundreds of pages of depositions it expects the court to read and digest for examination nuances), TO's response will also be brief.

In essence, BP contends that it is able to examine TO witnesses more effectively than the PSC, a small army of the most competent lawyers in the United States. While TO admires and takes note of the shear bravado of this claim, TO witnesses have not endured the first 5 hours of any PSC examination feeling embraced by or part of the PSC fold. To be sure, TO completely supports the proposition that all 5 hours of PSC examination time be given to BP.

Concerning any claimed "cooperation" evidenced by a trial plan supported by PSC, Alabama and TO, TO has made no secret of and has in fact announced to you its pledge not to engage in obstructionist behavior and to work towards as speedy a conclusion of this matter as possible. That also seems to be the desire of all parties, except possibly BP.

When and if TO settles with any party, the court will be informed immediately so that appropriate re-allocations of time allotments can be made. Until then (and until the PSC dismisses TO from this suit), TO (and indeed all defendants) are operating within a system we don't like; namely that defendants get less time than plaintiffs in depositions. But we have also operated under your instruction to seek extra time for specific witnesses, which TO, BP, HB and every other party has done. BP apparently wants both a right to seek exceptions and to have a general re-alignment that only favors it. Again, we tip our hat to BP's bravado, but if the court is entertaining such requests we will present a similar one on behalf of TO.

Lastly, how and why the PSC intends on meeting its burdens of proof in the limitation and liability trial is the PSC's business, not BP's or any other party. Unless there are wholesale changes made to deposition time allocation protocols in Pre-Trial Orders Nos. 17 and 27, BP's request should be denied.

Thank you for your time and consideration regarding this matter.

Respectfully,
Kerry Miller

FRILOT L.L.C.
KERRY J. MILLER (#24562)
1100 Poydras Street
Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8194
Facsimile:  (504) 599-8145
E-mail:  kmiller@frilot.com

2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This electronic message is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. This message and all attachments hereto may contain confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this email from your computer. The sender does not waive any privilege in the event this message was inadvertently disseminated.