UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG     :    MDL NO. 2179
        "DEEPWATER HORIZON" in the   :
        GULF OF MEXICO, on          :    SECTION:  J
        APRIL 20, 2010             :
                                    :    JUDGE BARBIER
**THIS DOCUMENT RELATES TO**   :
**THE** ***TRANSOCEAN*** **LIMITATION**   :    MAG. JUDGE SHUSHAN
**ACTION, NO. 10-2771**           :

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

### MASTER ANSWER OF RULE 14(c) DEFENDANT
### CAMERON INTERNATIONAL CORPORATION TO
### <u>TENDERED CLAIMS, TOGETHER WITH CROSS-CLAIMS</u>

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 35 in this proceeding, and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants in this limitation action (Document 1395), Cameron International Corporation ("Cameron"), as a tendered defendant by reason of the Rule 14(c) complaint of Petitioners, respectfully answers the claims filed by claimants in this limitation action (the "Tendered Claims"), and files cross-claims against the Transocean Petitioners and other tendered Defendants as Cross-Defendants, as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

### Reservation of Right to Amend

Discovery is ongoing.  Cameron therefore reserves its right to amend this pleading.

1

1057172v.1

**Responding to Allegations in the Tendered Claims**

1.      In response to the Tendered Claims, Cameron denies that it is liable to any claimant in this limitation action for any relief sought in the Tendered Claims.

2.      In response to the Tendered Claims based on personal injury, death, or property damage other than damage allegedly caused by the oil spill from the Macondo well, Cameron incorporates by reference the assertions in its consolidated motion to dismiss the Bundle A pleadings in MDL No. 2179 and its briefs supporting that motion, Documents 1154, 1980.

3.      In response to the Tendered Claims based on the oil spill from the Macondo well, Cameron incorporates by reference the assertions in its motion to dismiss the B1 complaint and its briefs supporting that motion.  Documents 1395, 2191.

4.      In response to all Tendered Claims, Cameron further incorporates by reference the responses to factual allegations that are contained in its answer to the verified complaint initiating this action, Document 412 in 10-2771, and its responses to the factual allegations contained or to be contained in all answers to cross-claims of the Transocean Petitioners and other tendered Defendants (hereafter collectively "Responses to Factual Allegations").  Except as admitted or denied in its Responses to Factual Allegations or as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in the Tendered Claims.

**Failure to State a Claim**

5.      Any Tendered Claim for recovery of any category of oil spill response costs or damages encompassed by section 2702(b) of the Oil Pollution Act of 1990 ("OPA")

2

does not state a valid claim upon which relief may be granted against Cameron for the following reasons:

    a.  Cameron is not a statutorily designated "responsible party" and therefore is not directly liable for such recovery under OPA.

    b.  Taken together or alone, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery against Cameron for any such damages or costs under admiralty law.

    c.  Recovery of any such claims against Cameron under the law of the OCSLA "adjacent state," here Louisiana, would be inconsistent with the terms of OPA and is therefore prohibited by OCSLA.

6.     All Tendered Claims fail to state a claim upon which relief can be granted against Cameron under any law other than OPA or general maritime law for the following reasons:

    a.  Under OCSLA, which governs the claims in this case based on the blowout of an OCS well during drilling operations, any Tendered Claims that are not encompassed or preempted by OPA are governed exclusively by the law of the "adjacent state," here Louisiana.  43 U.S.C. § 1333(a). OCSLA therefore expressly preempts the application of general maritime law or the law of any state law other than the law of Louisiana.

    b.  To the extent that Tendered Claims for personal injury, death, or property damage, other than damage allegedly caused by the oil spill from the Macondo well, seek relief from Cameron as product manufacturer, no

3

claim against Cameron is valid except to the extent it is permitted under the Louisiana Product Liability Act ("LPLA"), LA. REV. STAT. § 9:2800.52.

c.  To the extent that Tendered Claims seek relief based on the oil spill from the Macondo well, the Court does not have jurisdiction to grant such relief as part of this limitation action because admiralty jurisdiction is preempted by the "exclusive original jurisdiction" of OPA over such oil spill claims.  33 U.S.C. § 1717(b); *see id.* § 1751(e) (because jurisdiction over oil spill claims is "provided by" OPA, admiralty jurisdiction for oil spill claims is not preserved).

d.  If applicable and not preempted by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing Tendered Claims seeking recovery for costs or damages resulting from the oil spill.  LA. REV. STAT. § 30:2491.A.

e.  If LOSPRA is not applicable and if LPLA is not preempted with respect to tendered oil spill claims by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing tendered oil spill claims.  LA. REV. STAT. § 9:2800.52.

f.  The Tendered Claims either assert no claim against Cameron or fail to allege any fact that could show that Cameron is liable for the claim.

g.  The Tendered Claims for oil spill recovery fail to state a claim upon which relief can be granted against Cameron because they contain no

4

allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

h.  The Tendered Claims for oil spill recovery fail to state a claim under LOSPRA because the sole party with standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  LA. REV. STAT. § 30:2489.B.

i.  The Tendered Claims for oil spill recovery asserted by private claimants fail to state a claim under LOSPRA because claimants do not allege destruction of owned property within the meaning of LA. REV. STAT. § 30:2454(5)(b).   The Tendered Claims for oil spill recovery asserted by governmental claimants fail to state a claim under LOSPRA because each governmental claimant affirmatively alleges that it has not "exhausted all federal remedies" within the meaning of LA. REV. STAT. § 30:2488.C.

j.  The Tendered Claims for oil spill recovery fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they contain no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party."

k.  The Tendered Claims fail to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that the alleged injuries were proximately caused by an

5

identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act. LA. REV. STAT.§ 30:2800.54.A.

l.   The Tendered Claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA. LA. REV. STAT.§§ 9:2800.54.B, 9:2800.55-58.

m. Cameron is immune from suit for any Tendered Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A).

n.   Cameron is immune from suit for any Tendered Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of LA. REV. STAT.§§ 2466.B.

o.   No party is entitled to recover punitive damages from Cameron under potentially applicable Louisiana law.

p.   The Tendered Claims fail to state a valid factual claim against Cameron on which a recovery of punitive damages could be based under any law.

q.   In the alternative, the Tendered Claims fail to state a claim upon which relief can be granted against Cameron as product manufacturer under general maritime law or any non-Louisiana state law.

6

r.   Because Cameron is not alleged to be an employer of any seaman, there is no valid claim in this action against Cameron under the Jones Act.

s.   Because Cameron is not alleged to be the owner or operator of a vessel, there is no valid claim against Cameron in this action for maintenance and cure or for an unseaworthy vessel.

### Affirmative Defense – Contractual Indemnity

7.     Pursuant to indemnity provisions of written agreements applicable to the oil spill from the Macondo well, any Tendered Claim against Cameron, must be paid, to the extent it is valid, by the Transocean Petitioners, by tendered defendant BP America Production Company, and/or by tendered defendant BP Exploration and Production, Inc.

### Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

8.     Cameron states that the Tendered Claims for oil spill recovery against Cameron are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims.  LA. REV. STAT.§ 30:2491.A.

9.     Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

10.     By the terms of LOSPRA, no claimant has standing to assert a Tendered Claim against Cameron for oil spill recovery.

11.     No private claimant may recover under LOSPRA for loss unrelated to injury to or destruction of owned or leased property as provided in   LA. REV. STAT.§ 30:2454(5)(b).

12.     No governmental claimant may recover under LOSPRA except for costs "not recoverable under" OPA, and even then, only if the governmental claimant has "exhausted all federal remedies."  LA. REV. STAT. § 30:2488.C.

13.     While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron for oil spill claims is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).  LA. REV. STAT. § 30:2454(22)(c).

14.     While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron for oil spill claims is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of LA. REV. STAT. § 30:2481(4).

15.     While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA limits the liability of Cameron in any event.  LA. REV. STAT. § 30:2479.

**Affirmative Defenses – Louisiana Products Liability Act**

16.     To the extent that the Tendered Claims against Cameron are not preempted by OPA and/or OCSLA and/or are not subject to LOSPRA, the Tendered Claims are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  LA. REV. STAT. 9:2800.51 *et seq.*

8

17.     Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  LA. REV. STAT.§§ 9:2800.53(8)(c).

18.     Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  LA. REV. STAT.§§ 9:2800.54.C.

19.     Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.  LA. REV. STAT.§§ 9:2800.57B(1).

20.     Cameron had no duty to provide any warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  LA. REV. STAT.§§ 9:2800.57B(2).

21.     Cameron's products met any express warranty applicable to those products.  *See* LA. REV. STAT.§§ 9:2800.58.

22.     Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* LA. REV. STAT.§§ 9:2800.58.

1057172v.1

23.     At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  LA. REV. STAT. §§ 9:2800.59A.

24.     At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. LA. REV. STAT. §§ 9:2800.59B.

### Affirmative Defense – Contractor Immunity Under Louisiana Law

25.     To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's specifications, Cameron is immune from liability for that defect.  LA. REV. STAT.§ 9:2771.

### Limitation on Liability – OPA

26.     While denying that it is liable for any Tendered Claim for oil spill recovery, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

1057172v.1

**Immunity from Liability – Federal Response Authority**

27.     While denying that it is liable for any Tendered Claim for oil spill recovery, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

**Alternative Affirmative Defenses – General Maritime Law**

28.     While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 16-25 above.

29.     No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

30.      At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

31.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron.

32.     In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design

11

that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

33. At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

34. No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

35. After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

36. At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

37. At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

38. The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product

designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

### Affirmative Defenses – Sole or Intervening Causation/Any Applicable Law

39.     Any injury sustained by any claimant was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

40.     Any injury sustained by any claimant was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

### Affirmative Defense – Reduction of Recovery Based on Fault of Others

41.     Under any applicable law, recovery by any claimant for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

### Affirmative Defense – Economic Loss Doctrine

42.     Tendered Claims for oil spill recovery are barred by the economic loss doctrine.

### Affirmative Defense – Payment and/or Release

43.     To the extent that any claimant has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is relieved of any liability in this action to the extent of any such payment or release.

1057172v.1

**Affirmative Defenses – Damage Recovery**

44.     No claimant is entitled to double recovery of its provable damages.

45.     No claimant is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

**Crossclaims**

Now acting as Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Cross-Defendants Transocean Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); and Triton Asset Leasing GMBH ("Triton") (collectively the "Transocean Cross-Defendants"); BP p.l.c.; BP Exploration and Production, Inc., ("BPXP"); BP America Production Company ("BP America"); Halliburton Energy Services, Inc. ("Halliburton"); M-I LLC ("MI"); Anadarko Petroleum Corporation ("Anadarko Corp."); Anadarko E&P Company, LP ("Anadarko E&P"); MOEX Offshore 2007 LLC ("MOEX Offshore"); MOEX USA Corporation ("MOEX USA"); Mitsui Oil Exploration Co. Ltd. ("Mitsui");   Weatherford International Ltd. ("Weatherford Int'l"); Weatherford U.S. L.P. ("Weatherford US"); Dril-Quip, Inc. ("Dril-Quip"); Marine Spill Response Corporation ("MSRC"); Airborne Support, Inc. ("Airborne Inc."); Airborne Support International, Inc. ("Airborne Int'l"); Lynden, Inc. ("Lynden"); Dynamic Aviation Group, Inc. ("Dynamic"); International Air Response, Inc. ("IAR"); Lane Aviation ("Lane"); National Response Corporation ("NR"); O'Brien Response Management, Inc. ("O'Brien"); Tiger Safety, LLC ("Tiger"); DRC Emergency Services LLC ("DRC"); and Nalco Company ("Nalco") (collectively "Cross-Defendants").

14

## Jurisdiction

46.     This Court has supplemental jurisdiction over the following counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a), and/or exclusive jurisdiction over the counterclaims and cross-claims under 43 U.S.C. § 1349(b).  Because the contractual indemnity crossclaims asserted by Cameron below are derived from express provisions of maritime contracts, this Court has jurisdiction over those contractual cross-claims under 28 U.S.C. § 1333(1).  Because certain of the contribution claims asserted below arise under OPA, 33 U.S.C. § 2709, this Court has exclusive jurisdiction over those crossclaims under 33 U.S.C. § 2717(b). Because the non-contractual indemnity crossclaims and non-OPA contribution cross-claims, which are being asserted below in the alternative solely as a protective matter, are all premised on application of general maritime law, this Court would have jurisdiction over those crossclaims under 28 U.S.C. § 1333(1) to the extent that such jurisdiction is not excluded by 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b).

## Parties

47.     Cross-Defendants and Cameron have been named parties in this limitation action, either through the original complaint or through the Petitioners' Rule 14(c) tender.

48.     Cameron incorporates by reference the allegations contained in paragraphs 30-87 of its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, Document 412 in 10-2771 ("Cameron Limitation Claim").

49.     Cross-Defendant BPXP selected BP America to perform the obligations of BPXP as lead lessee of the Macondo Prospect and operator of the Macondo well, and thereby

hired TO Holdings to assist in drilling the Macondo well under the terms of the Drilling Contract between BP America and TO Holdings, LLC.   Accordingly, BP America became the instrumentality of BPXP with respect to the Macondo well.  In the alternative, BPXP stepped into the shoes of BP America with respect to the Drilling Contract, and in any event, BPXP assumed the obligations of BP America under the Drilling Contract.

<u>**Causes of Action**</u>

*<u>First Claim – Contractual Indemnity Against TO Offshore, TO Deepwater and Triton</u>*

50.     Pursuant to the terms of the Master Service Agreement, Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton for any liability that Cameron may have to any party in this limitation action.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by these Counter-Defendants for breach of the indemnity provisions of the MSA.

51.     Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

52.     Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

*<u>Second Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Offshore, TO Deepwater and Triton</u>*

53.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the MSA, Cameron is entitled to complete indemnity from TO

Offshore, TO Deepwater, and Triton without limitation under 46 U.S.C. 30501 et seq. for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

54.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the terms of the MSA to recover from TO Offshore, TO Deepwater, and Triton all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

55.     Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees and other costs incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

### *Third Claim – Contractual Indemnity Against TO Holdings*

56.     Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity from TO Holdings for any liability that Cameron may have to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by TO Holdings for breach of the indemnity provisions of the TERMS AND CONDITIONS.

57.     Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to recover from TO Holdings the attorneys' fees and other costs that it incurs to defend the claims of any party in this limitation action.

1057172v.1

*Fourth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Holdings*

58.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the indemnity provisions of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity without limitation under 46 U.S.C. § 30501 from TO Holdings for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

59.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501, Cameron is entitled by the indemnity provisions of the TERMS AND CONDITIONS to recover from TO Holdings all attorneys' fees and other costs that Cameron reasonably incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

*Fifth Claim – Contractual Indemnity Under the ADT Agreement*

60.     Pursuant to the terms of the ADT Agreement, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants as successors to ADT under the ADT Agreement for any liability that Cameron may have to any Plaintiff or Claimant.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by the Transocean Cross-Defendants for breach of the indemnity provisions of the ADT Agreement.

61.     Pursuant to the terms of the ADT Agreement, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

### Sixth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations Under the ADT Agreement

62.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the ADT Agreement, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants without limitation under 46 U.S.C. 30501 et seq. for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

63.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the terms of the ADT Agreement to recover from the Transocean Cross-Defendants all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

### Seventh Claim – Contractual Indemnity Under the Terms of Repair Quotes

64.     Pursuant to the terms of the Repair Quotes, Cameron is entitled to complete indemnity from one or more Transocean Cross-Defendants for any liability that Cameron may have to any claimant.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by one or more Transocean Cross-Defendants for breach of the indemnity provisions of the Repair Quotes.

65.     Pursuant to the hold harmless terms of the Repair Quotes, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

1057172v.1

*Eighth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations Under the Repair Quotes*

66.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the Repair Quotes, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants without limitation under 46 U.S.C. 30501 et seq. for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

67.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the hold harmless terms of the Repair Quotes to recover from the Transocean Cross-Defendants all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

*Ninth Claim – Non-Contractual Indemnity*

68.     Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or any Cross-Defendant for those events.  To the extent that general maritime law applies and Cameron is held liable to any claimant but is not indemnified by Counter-Defendants by reason of the express indemnity provisions of the MSA, TERMS AND CONDITIONS, ADT Agreement, or Repair Quotes, Cameron is entitled to complete non-contractual indemnity jointly and severally from the Transocean Cross-Defendants, BP America, BP E&P, and Halliburton because of their negligent contribution to the events leading to any such Cameron liability that is not based on any alleged negligence by Cameron.

20

*Tenth Claim – Contribution Under OPA*

69.    The Oil Pollution Act of 1990 provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709.  The Transocean Cross-Defendants, BP E&P, Anadarko Corp., Anadarko E&P, and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill generally described in paragraph 57 of the Cameron Limitation Claim, and are therefore "liable or potentially liable under this Act" within the meaning of section 2709 for certain damages covered by OPA.  *See* 33 U.S.C. §§ 2701(32), 2702(a), (b).  Based on allegations of the Complaint and the allegations of claims made in this action, each such Cross-Defendant may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert.  Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill. To the extent that Cameron is held jointly liable with any Cross-Defendant to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action for damages covered by 33 U.S.C. § 2702(b) but is not indemnified for such liability, Cameron is entitled to contribution from all such Cross-Defendants under the terms of 33 U.S.C. § 2709.

*Eleventh Claim – Contribution from Petitioners and Cross-Defendants Under General Maritime Law*

70.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Cross-Defendants for those events.  To the extent that general maritime or other law nevertheless applies and any party succeeds with proof of any

21

allegations so that Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant to any such claimant, Cross-Plaintiff, or Third-Party Plaintiff under general maritime or other law in this limitation action, Cameron is entitled to contribution from all such Cross-Defendants on the basis of comparative fault.

### Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment from Petitioners as follows:

1. That claimants take nothing from Cameron by the Tendered Claims;

2. That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs to any party in this limitation action, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

4. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to indemnify Cameron for any liability incurred by Cameron to any person asserting claims based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

5. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to reimburse Cameron for all attorneys' fees and other costs reasonably incurred by Cameron defending the claim

of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

6. That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

7. That in the alternative, Cameron recover complete indemnity from the Transocean Cross-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs to any Claimant in this limitation action on the ground that Cameron is not a negligent defendant;

8. That in the event Cameron is held jointly liable with any Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Cross-Defendant pursuant to the terms of 33 U.S.C. § 2709;

9. That in the alternative, in the event Cameron is held jointly liable with any Cross-Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Cross-Defendant under general maritime law or other law;

10. That Cameron recover from claimants and Cross-Defendants its costs of court in this action; and

11. That Cameron recover such other and further relief from the Cross-Defendants to which it may show itself entitled.

1057172v.1

Respectfully submitted,

David J. Beck, T.A.
      dbeck@brsfirm.com
Joe W. Redden, Jr.
      jredden@brsfirm.com
David W. Jones
      djones@brsfirm.com
Geoffrey Gannaway
      ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

*/s/ Phillip A. Wittman*

Phillip A. Wittmann, 13625
      pwittman@stonepigman.com
Carmelite S. Bertaut, 3054
      cbertaut@stonepigman.com
Keith B. Hall, 24444
      khall@stonepigman.com
Jared Davidson, 32419
      jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

24

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Master Answer of Cameron International Corporation to Tendered Claims, Together with Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of May, 2011.

_/s/ Phillip A. Wittman_
Phillip A. Wittman

1057172v.1