UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179 SECTION:  J JUDGE BARBIER |
| **THIS DOCUMENT RELATES TO THE *TRANSOCEAN* LIMITATION ACTION, NO. 10-2771** | : : : | MAG. JUDGE SHUSHAN |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

## ANSWER OF CROSS-DEFENDANT CAMERON TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTERCLAIMS, TOGETHER WITH COUNTERCLAIMS AND CROSS-CLAIMS

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 11 in this proceeding, and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants in this limitation action, Cameron International Corporation ("Cameron") respectfully answers Transocean's Rule 13 Cross-Claims/Counter-Claims ("Cross-Claims"; Doc. 2068 in 10-2179), and files counterclaims against the Transocean Cross-Plaintiffs as Counter-Defendants and cross-claims against other Defendants named in the Cross-Claims as Cross-Defendants, as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

### Reservation of Right to Amend

Discovery is ongoing.  Cameron therefore reserves its right to amend this pleading.

1

**Responding to Allegations in the Cross-Claims**

1.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.      Paragraph 5 sets out a convention for reference to Cross-Plaintiffs and requires no further response.

6.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 6.  Cameron avers that the pleading filed by Transocean petitioners to initiate the limitation action speaks for itself, but otherwise denies the allegations in the second sentence of paragraph 6.

7.      Cameron admits the allegations in the first sentence of paragraph 7.  In response to the second and third sentences of paragraph 7, Cameron avers that the Rule 14(c) complaint speaks for itself.

8.      In response to paragraph 8, Cameron avers that Transocean's tender and demand speak for themselves.

9.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 9.  Cameron admits the allegations in the second and fourth sentences of paragraph 9.

10.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of paragraph 10.  Cameron admits that BP America became party to a Drilling Contract with Cross-Plaintiff Transocean Holdings, LLC, which contract speaks for itself, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 10.  Cameron admits the allegations in the fourth sentence of paragraph 10.

11.      Cameron admits the allegations in the last sentence of paragraph 11, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph.

12.      The first sentence of paragraph 12 states a convention for reference and requires no response.  Cameron admits that BP entities had significant responsibility with respect to the Macondo well, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of paragraph 12.

13.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and fifth sentences of paragraph 13.  Cameron admits that Halliburton provided services related to cementing for the Macondo well, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient

to form a belief about the truth of the allegations in the second , third and fourth sentences of paragraph 13.  Cameron admits the allegations in the sixth sentence of paragraph 13.

14.     Cameron admits the allegations in the final sentence of paragraph 14 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph.

15.     Cameron admits the allegations in the first, second, fourth and fifth sentences of paragraph 15.   Cameron admits that it manufactured and sold flow control equipment commonly known collectively as a blowout-preventer to a predecessor of Cross-Plaintiff Transocean Holdings LLC as equipment for the mobile offshore drilling unit *Deepwater Horizon* in accordance with the specifications of that predecessor, and that the equipment so sold by Cameron as subsequently modified was installed at the Macondo Wellhead during a time period in 2010 including April 20, 2010, but denies the remaining allegations in the third sentence of paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fifth, and sixth sentences in paragraph 16. Cameron admits the allegations in the fourth and seventh sentences of paragraph 16.

17.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fifth and sixth sentences in paragraph 17. Cameron admits the allegations in the fourth and seventh sentences of paragraph 17.

18.     Cameron denies the allegations in the first sentence of paragraph 18. Cameron admits the allegations in the second, third, and fifth sentences of paragraph 18.

4

Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

19.     Cameron admits the allegations in the last sentence of paragraph 19, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19.

20.     Cameron admits the allegations in the last sentence of paragraph 20, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21.     Cameron admits the allegations in the last sentence of paragraph 21, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21.

22.     Cameron admits the allegations in the last sentence of paragraph 22, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22.

23.     Cameron admits the allegations in the last sentence of paragraph 23, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

24.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24.

25.     Cameron admits the allegations in the last sentence of paragraph 25, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25.

1057198v.1

26.     Cameron admits the allegations in the last sentence of paragraph 26, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26.

27.     Cameron admits the allegations in the last sentence of paragraph 27, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27.

28.     Cameron admits the allegations in the last sentence of paragraph 28, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28.

29.     Cameron admits the allegations in the last sentence of paragraph 29, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.

30.     Cameron admits the allegations in the last sentence of paragraph 30, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

31.     Cameron admits the allegations in the last sentence of paragraph 31, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31.

32.     Cameron admits the allegations in the last sentence of paragraph 32, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32.

1057198v.1

33.     Cameron admits the allegations in the last sentence of paragraph 33, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33.

34.     Cameron admits the allegations in the last sentence of paragraph 34, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35.     Cameron admits the allegations in the last sentence of paragraph 35, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35.

36.     Cameron admits the allegations in the last sentence of paragraph 36, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36.

37     Paragraph 37 sets out conventions for references and requires no response.

38.     In response to paragraph 38, Cameron admits that the Court has issued orders establishing pleading bundles in MDL No. 2179, but avers that the orders and stipulations concerning the constitution of the bundles speak for themselves.

39.     In response to the first, second, and third sentences of paragraph 39, Cameron avers that the Bundle A claims speak for themselves.  The last sentence of paragraph 39 sets out a convention for reference and requires no response.

40.     In response to the first, second, and third sentences of paragraph 40, Cameron avers that the Bundle B claims speak for themselves.  The last sentence of paragraph 40 sets out a convention for reference and requires no response.

7

41.     In response to the first, second, and third sentences of paragraph 41, Cameron avers that the Bundle C claims speak for themselves.  The last sentence of paragraph 41 sets out a convention for reference and requires no response.

42.     In response to the first, second, and third sentences of paragraph 42, Cameron avers that the Bundle D claims speak for themselves.  Cameron admits the allegations in the first, second, and third sentences of paragraph 42.  The last sentence of paragraph 42 sets out a convention for reference and requires no response.

43.     Cameron admits that the Court has exclusive jurisdiction over the Cross-Claims under 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b), but denies the remaining allegations in paragraph 43.

44.     Cameron admits that venue is proper in this Court for the Cross-Claims but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44.

45.     Cameron admits that the Macondo lease site was located on the Outer Continental Shelf and that the nearest state to the site was the state of Louisiana, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

1057198v.1

48.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     In response to the allegations in the first three sentences of paragraph 51, Cameron avers that the pleadings of Bundle A Claimants and the Cross-Plaintiffs speak for themselves.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 51.

52.     In response to the allegations in the first three sentences of paragraph 52, Cameron avers that the pleadings of Bundle B Claimants and the Cross-Plaintiffs speak for themselves.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 52.

53.     In response to the allegations in the first three sentences of paragraph 53, Cameron avers that the pleadings of Bundle C Claimants and the Cross-Plaintiffs speak for themselves.  Cameron denies that it is or may be held liable to any party with respect to the facts

9

alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 53.

54. In response to the allegations in the first three sentences of paragraph 54, Cameron avers that the pleadings of Bundle D Claimants and the Cross-Plaintiffs speak for themselves. Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 54.

55. In response to the allegations contained in paragraph 55, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant. Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 55.

56. In response to the allegations contained in paragraph 56, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant. Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this

proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 56.

57.    In response to the allegations contained in paragraph 57, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 57.

58.    In response to the allegations contained in paragraph 58, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 58.

59.    In response to the allegations contained in paragraph 59, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which

1057198v.1

have since named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 59.

60.     In response to the allegations contained in paragraph 60, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 60.

61.     In response to the allegations contained in paragraph 61, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 61.

1057198v.1

62.     In response to the allegations contained in paragraph 62, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 62.

63.     In response to the allegations contained in paragraph 63, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 63.

64.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 65.

66.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 66.

67.    In response to paragraph 67, Cameron incorporates by reference its responses to paragraphs 1-66.

68.    Cameron denies the allegations in the first sentence of paragraph 68. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 68.

69.    In response to paragraph 69, Cameron incorporates by reference its responses to paragraphs 1-66.

70.    Cameron denies the allegations in the first sentence of paragraph 70. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 70.

71.    In response to paragraph 71, Cameron incorporates by reference its responses to paragraphs 1-66.

72.    In response to the allegations contained in paragraph 72 incorporating by reference the allegations of various pleadings filed by plaintiffs in the MDL, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks

14

knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 72.

73.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74.     In response to paragraph 74, Cameron incorporates by reference its responses to paragraphs 1-66.

75.     In response to the allegations contained in paragraph 75 incorporating by reference the allegations of various pleadings filed by plaintiffs in the MDL, Cameron incorporates by reference its motions to dismiss certain of those pleadings, Documents ## 1152, 1154, and 1394, and the pleadings that it will file in response to the pleadings of plaintiffs which have named or will name Cameron as defendant.  Cameron denies that it is or may be held liable to any party with respect to the facts alleged in the pleadings in the cases constituting this proceeding, but except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 75.

76.     Cameron denies the allegations in paragraph 76.

77.     Cameron denies the allegations in paragraph 77.

78.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84.     In response to paragraph 84, Cameron incorporates by reference its responses to paragraphs 1-66.

85.     In response to paragraph 85, Cameron denies that it is liable to Transocean in any respect.  Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85.

86.     In response to paragraph 86, Cameron incorporates by reference its responses to paragraphs 1-66.

87.     In response to paragraph 87, Cameron denies that it is liable to Transocean in any respect.  Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 87.

88.     Paragraph 88 contains a reservation of rights and an expression of intent to take further action that require no response.

89.     In response to paragraph 89, Cameron incorporates by reference its responses to paragraphs 1-88.

90.     Cameron admits the allegations in paragraph 90.

91.     Cameron admits the allegations in paragraph 91.

92.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     In response to paragraph 94, Cameron states that the Drilling Contract, as amended, speaks for itself.

95.     In response to paragraph 95, Cameron states that the Drilling Contract, as amended, speaks for itself.

96.     In response to paragraph 96, Cameron states that the Drilling Contract, as amended, speaks for itself.

97.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     In response to paragraph 98, Cameron states that Amendment No. 38 to the Drilling Contract speaks for itself.

99.     In response to paragraph 99, Cameron states that the Drilling Contract, as amended, speaks for itself.

100.     In response to paragraph 100, Cameron states that the Drilling Contract, as amended, speaks for itself.

101.    In response to paragraph 101, Cameron states that the Drilling Contract, as amended, speaks for itself.

102.    In response to paragraph 102, Cameron states that the Drilling Contract, as amended, speaks for itself.

103.    In response to paragraph 103, Cameron states that the Drilling Contract, as amended, speaks for itself.

104.    In response to paragraph 104, Cameron states that the Drilling Contract, as amended, speaks for itself.

105.    In response to paragraph 105, Cameron states that the Drilling Contract, as amended, speaks for itself.

106.    In response to paragraph 106, Cameron states that the Drilling Contract, as amended, speaks for itself.

107.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    In response to paragraph 108, Cameron states that the Drilling Contract, as amended, speaks for itself.

109.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

1057198v.1

112.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.    In response to paragraph 116, Cameron incorporates by reference its responses to paragraphs 1-66.

117.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 117.   In response to the second sentence of paragraph 117, Cameron states that the Drilling Contract speaks for itself.   Cameron admits that the Macondo lease site is located on the Outer Continental Shelf and that the nearest state is the state of Louisiana, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 117.

118.    In response to the paragraph 118, Cameron states that the Drilling Contract speaks for itself.

119.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

19

121.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121.

122.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122.

123.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

124.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.

125.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125.

126.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 126.   In response to the second sentence of paragraph 126, Cameron states that the Drilling Contract speaks for itself.  Cameron admits that the Macondo lease site is located on the Outer Continental Shelf and that the nearest state is the state of Louisiana, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 126.

127.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

128.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

129.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 129.

130.     In response to paragraph 130, Cameron incorporates by reference its responses to paragraphs 1-83.

131.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.

132.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 132.

133.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 133.

134.     In response to paragraph 134, Cameron states that judgment should not be entered on the Cross-Claims for any relief against Cameron.

### Failure to State a Claim

135.     The Cross-Claims seeking relief with respect to underlying claims for any category of response costs or damages encompassed by section 2702(b) of the Oil Pollution Act of 1990 ("OPA") do not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.   Cameron is not a statutorily designated "responsible party" and therefore is not directly liable for any such relief under OPA.

b.   Taken together or alone, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery of any such relief against Cameron under admiralty law.

21

c.   Recovery of any such relief against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

136.   The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under any law other than OPA or general maritime law for the following reasons:

a.   Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any Cross-Claim for relief with respect to an underlying claim that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law or the law of any state law other than the law of Louisiana.

b.   To the extent that Cross-Claims based on underlying claims for personal injury or death, or direct or underlying claims for property damage, other than damage allegedly caused by the oil spill from the Macondo well, seek relief from Cameron as product manufacturer, no claim against Cameron is valid except to the extent it is permitted under the Louisiana Product Liability Act ("LPLA"), L.S.A. R.S. § 2800.52.

c.   To the extent that Cross-Claims seek relief with respect to underlying claims based on the oil spill from the Macondo well, the Court does not have jurisdiction to grant such relief as part of this limitation

22

action because admiralty jurisdiction is preempted by the "exclusive original jurisdiction" of OPA over such oil spill claims.  33 U.S.C. § 1717(b); *see id.* § 1751(e) (because jurisdiction over oil spill claims is "provided by" OPA, admiralty jurisdiction for oil spill claims is not preserved).

d.   If applicable and not preempted by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2491.A.

e.   If LOSPRA is not applicable and if LPLA is not preempted with respect to tendered oil spill claims by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing the Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2800.52.

f.   The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

g.   The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

h.  The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim under LOSPRA because the sole party with standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  L.S.A. R.S. § 30:2489.B.

i.  The Cross-Claims with respect to underlying claims for oil spill recovery asserted by private claimants fail to state a claim under LOSPRA to the extent that the claimant has failed to allege injury to or destruction of property within the meaning of L.S.A. R.S. § 30:2454(5)(b).   The Cross-Claims with respect to underlying claims for oil spill recovery asserted by governmental claimants fail to state a claim under LOSPRA because each governmental claimant affirmatively alleges that it has not "exhausted all federal remedies" within the meaning of L.S.A. R.S. § 30:2488.C.

j.  The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they contain no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party." L.S.A. R.S. § 30:2454(5).

k.  The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that any alleged direct or underlying injuries were proximately

24

caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act. L.S.A. R.S. § 9:2800.54.A.

l.   The Cross-Claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

m.  Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A).

n.   Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 2466.B.

o.  The Cross-Claims fail to state a valid factual claim against Cameron on which relief could be granted over against Cameron for punitive damages under any law.

p.   In the alternative, the Cross-Claims fail to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law or any non-Louisiana state law.

**Affirmative Defense – Contractual Indemnity Obligations**

137.   The Transocean Cross-Plaintiffs are not entitled to any relief against Cameron because each of them is bound by written agreement to indemnify and hold Cameron

25

harmless against all the Cross-Claims.  The Cross-Claims are barred because they constitute an intentional breach of those contractual obligations of the Transocean Cross-Plaintiffs.

### Affirmative Defense – Non-Contractual Indemnity

138.    The Transocean Cross-Plaintiffs may be found to be directly liable to Plaintiffs/Claimants, whereas Cameron is not liable to any Plaintiff/Claimant, and in any event, the only allegations against Cameron that have been made or that could be made may not assert that Cameron is negligent, but must assert that it is derivatively liable to Plaintiff/Claimants, premised on the acquisition by one or more Transocean Cross-Plaintiffs of equipment and services from Cameron subject to the contractual specifications issued by the Transocean Cross-Plaintiffs and under the direction of one or more Transocean Cross-Plaintiff.  To the extent that admiralty law is applied, Cameron would be entitled in these circumstances to complete indemnity from the Transocean Cross-Plaintiffs.

### Affirmative Defense – Agreed Rig Value

139.    To the extent that Transocean received insurance equaling an agreed value of the lost rig, Transocean may recover any "excess" value, alleged market value or otherwise.

### Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

140.    Cameron states that the Cross-Claims against Cameron based on Cameron's alleged liability for oil spill claims are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

141.   Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

142.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

143.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).   L.S.A. R.S. § 30:2454(22)(c).

144.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

145.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron in any event.   L.S.A. R.S. § 30:2479.

1057198v.1

**Affirmative Defenses – Louisiana Products Liability Act**

146. To the extent that the Cross-Claims against Cameron are not governed by OPA and/or OCSLA and/or are not subject to LOSPRA, the Cross-Claims are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA. L.S.A. R.S. 9:2800.51 *et seq.*

147. Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users. L.S.A. R.S. §§ 9:2800.53(8)(c).

148. Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product. L.S.A. R.S. §§ 9:2800.54.C.

149. Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics. L.S.A. R.S. §§ 9:2800.57B(1).

150. Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the

products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

151.    Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. §§ 9:2800.58.

152.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. §§ 9:2800.58.

153.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  LA. REV. STAT. §§ 9:2800.59A.

154.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. LA. REV. STAT. §§ 9:2800.59B.

### Affirmative Defense – Contractor Immunity Under Louisiana Law

155.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

### Limitation on Liability – OPA

156.    While denying that it is liable for any Cross-Claim with respect to an underlying claim for oil spill recovery, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

### Immunity from Liability – Federal Response Authority

157.    While denying that it is liable for any Cross-Claim for an underlying claim for spill response, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

### Alternative Affirmative Defenses – General Maritime Law

158.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 145-54 above.

159.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

160.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by

the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

161.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron.

162.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

163.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

164.    No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

165.    After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

166.    At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

167.    At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

168.    The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

### Affirmative Defenses – Sole or Intervening Causation/Any Applicable Law

169.    Any injury sustained by any Cross-Plaintiff or underlying claimant was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

170.    Any injury sustained by any Cross-Plaintiff or underlying claimant was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

1057198v.1

**Affirmative Defense – Reduction of Recovery Based on Fault of Others**

171.    Under any applicable law, recovery by any Cross-Plaintiff or underlying claimant for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

**Affirmative Defense – Payment and/or Release**

172.    To the extent that any Cross-Plaintiff or underlying claimant has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

**Affirmative Defenses – Damage Recovery**

173.    No Cross-Plaintiff or underlying claimant is entitled to double recovery of its provable damages.

174.    No Cross-Plaintiff or underlying claimant is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

**Affirmative Defense – Economic Loss Doctrine**

175.    Recovery against Cameron based on oil spill claims is barred by the economic loss doctrine.

**Counterclaims and Crossclaims**

Now acting as Counter-Plaintiff and Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Cross-Plaintiffs Transocean

1057198v.1

Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); and Triton Asset Leasing GMBH ("Triton") as Counter-Defendants (hereafter collectively "Counter-Defendants"; and from Cross-Defendants BP p.l.c.; BP Exploration and Production, Inc., ("BPXP"); BP America Production Company ("BP America"); Halliburton Energy Services, Inc. ("Halliburton"); M-I LLC ("MI"); Anadarko Petroleum Corporation ("Anadarko Corp."); Anadarko E&P Company, LP ("Anadarko E&P"); MOEX Offshore 2007 LLC ("MOEX Offshore"); MOEX USA Corporation ("MOEX USA"); Mitsui Oil Exploration Co. Ltd. ("Mitsui");  Weatherford International Ltd. ("Weatherford Int'l"); Weatherford U.S. L.P. ("Weatherford US"); Dril-Quip, Inc. ("Dril-Quip"); Marine Spill Response Corporation ("MSRC"); Airborne Support, Inc. ("Airborne Inc."); Airborne Support International, Inc. ("Airborne Int'l"); Lynden, Inc. ("Lynden"); Dynamic Aviation Group, Inc. ("Dynamic"); International Air Response, Inc. ("IAR"); Lane Aviation ("Lane"); National Response Corporation ("NR"); O'Brien Response Management, Inc. ("O'Brien"); Tiger Safety, LLC ("Tiger"); DRC Emergency Services LLC ("DRC"); and Nalco Company ("Nalco") (collectively "Cross-Defendants").

## Jurisdiction

176.    This Court has supplemental jurisdiction over the following counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a), and/or exclusive original jurisdiction over the counterclaims and cross-claims under 43 U.S.C. § 1349(b).  Because the contractual indemnity crossclaims asserted by Cameron below are derived from express provisions of maritime contracts, this Court has jurisdiction over those contractual cross-claims under 28 U.S.C. § 1333(1).  Because certain of the contribution claims asserted below arise under OPA, 33 U.S.C.

§ 2709, this Court has exclusive original jurisdiction over those crossclaims under 33 U.S.C. § 2717(b).  Because the non-contractual indemnity crossclaims and non-OPA contribution cross-claims, which are being asserted below in the alternative solely as a protective matter, are all premised on application of general maritime law, this Court would have jurisdiction over those crossclaims under 28 U.S.C. § 1333(1) to the extent that such jurisdiction is not excluded by 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b).

### Parties

177.   Counter-Defendants, Cross-Defendants and Cameron have been named parties in the Cross-Claims.

178.   Cameron incorporates by reference the allegations contained in paragraphs 30-87 of its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, Document 412 in 10-2771 ("Cameron Limitation Claim").

179.   Cross-Defendant BPXP selected BP America to perform the obligations of BPXP as lead lessee of the Macondo Prospect and operator of the Macondo well, and thereby hired TO Holdings to assist in drilling the Macondo well under the terms of the Drilling Contract between BP America and TO Holdings, LLC.   Accordingly, BP America became the instrumentality of BPXP with respect to the Macondo well.  In the alternative, BPXP stepped into the shoes of BP America with respect to the Drilling Contract, and in any event, BPXP assumed the obligations of BP America under the Drilling Contract.

1057198v.1

**Causes of Action**

*First Claim – Contractual Indemnity Against TO Offshore, TO Deepwater
and Triton*

180.    Pursuant to the terms of the Master Service Agreement ("MSA"),
Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton for any
liability that Cameron may have to any party in this limitation action.   To the extent that
Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by
these Counter-Defendants for breach of the indemnity provisions of the MSA.

181.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO
Offshore, TO Deepwater, and Triton the attorneys' fees and other costs that it will have
reasonably incurred to defend any claims in this limitation action.

182.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO
Offshore, TO Deepwater, and Triton its reasonable attorneys' fees incurred in enforcing the
indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

*Second Claim – Declaratory Judgment Concerning Contractual Indemnity
Obligations of TO Offshore, TO Deepwater and Triton*

183.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory
judgment that under the terms of the MSA, Cameron is entitled to complete indemnity from TO
Offshore, TO Deepwater, and Triton without limitation under 46 U.S.C. 30501 et seq. for any
liability that Cameron may incur to any person seeking to recover damages related to the
casualty of the *Deepwater Horizon* beginning April 20, 2010.

184.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory
judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the

terms of the MSA to recover from TO Offshore, TO Deepwater, and Triton all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

185.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees and other costs incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

### *Third Claim – Contractual Indemnity Against TO Holdings*

186.    Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity from TO Holdings for any liability that Cameron may have to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by TO Holdings for breach of the indemnity provisions of the TERMS AND CONDITIONS.

187.    Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to recover from TO Holdings the attorneys' fees and other costs that it incurs to defend the claims of any party in this limitation action.

### *Fourth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Holdings*

188.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the indemnity provisions of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity without limitation under 46 U.S.C. § 30501 from TO Holdings

1057198v.1

for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

189.   Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501, Cameron is entitled by the indemnity provisions of the TERMS AND CONDITIONS to recover from TO Holdings all attorneys' fees and other costs that Cameron reasonably incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

### *Fifth Claim – Contractual Indemnity Under the ADT Agreement*

190.   Pursuant to the terms of the ADT Agreement, Cameron is entitled to complete indemnity from Counter-Defendants as successors to ADT under the ADT Agreement for any liability that Cameron may have to any Plaintiff or Claimant.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by Counter-Defendants for breach of the indemnity provisions of the ADT Agreement.

191.   Pursuant to the terms of the ADT Agreement, Cameron is entitled to recover from Counter-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

### *Sixth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations Under the ADT Agreement*

192.   Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the ADT Agreement, Cameron is entitled to complete indemnity from Counter-Defendants without limitation under 46 U.S.C. 30501 et seq. for any

1057198v.1

liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

193.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the terms of the ADT Agreement to recover from Counter-Defendants all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

### *Seventh Claim – Contractual Indemnity Under the Terms of Repair Quotes*

194.    Pursuant to the terms of the Repair Quotes, Cameron is entitled to complete indemnity from one or more Counter-Defendants for any liability that Cameron may have to any Plaintiffs or Claimant.  To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by one or more Counter-Defendants for breach of the indemnity provisions of the Repair Quotes.

195.    Pursuant to the hold harmless terms of the Repair Quotes, Cameron is entitled to recover from Cross-Plaintiffs the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

### *Eighth Claim – Declaratory Judgment Concerning Contractual Indemnity Obligations Under the Repair Quotes*

196.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the Repair Quotes, Cameron is entitled to complete indemnity from Cross-Plaintiffs without limitation under 46 U.S.C. 30501 et seq. for any liability that

Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

197.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501 et seq., Cameron is entitled by the hold harmless terms of the Repair Quotes to recover from Cross-Plaintiffs all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

### Ninth Claim – Non-Contractual Indemnity

198.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants for those events.  To the extent that general maritime law applies and Cameron is held liable to any Plaintiff or Claimant but is not indemnified by Counter-Defendants by reason of the express indemnity provisions of the MSA, TERMS AND CONDITIONS, ADT Agreement, or Repair Quotes, Cameron is entitled to complete non-contractual indemnity jointly and severally from Counter-Defendants and Cross-Defendants BP America, BP E&P, and Halliburton because of their negligent contribution to the events leading to any such Cameron liability that is not based on any alleged negligence of Cameron.

### Tenth Claim  – Contribution Under OPA

199.    The Oil Pollution Act of 1990 provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."  33 U.S.C. § 2709.  Petitioners, BP E&P, Anadarko Corp., Anadarko E&P, and

40

MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill generally described in paragraph 57 of the Cameron Limitation Claim, and are therefore "liable or potentially liable under this Act" within the meaning of section 2709 for certain damages covered by OPA. *See* 33 U.S.C. §§ 2701(32), 2702(a), (b). Based on allegations of the Complaint and the allegations of claims made in this action, each Counter-Defendant and each of the Cross-Defendants may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert. Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill. To the extent that Cameron is held jointly liable with any Counter-Defendant or any Cross-Defendant to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action for damages covered by 33 U.S.C. § 2702(b) but is not indemnified for such liability, Cameron is entitled to contribution from all such Cross-Plaintiffs or Cross-Defendants under the terms of 33 U.S.C. § 2709.

### *Eleventh Claim – Contribution from Petitioners and Cross-Defendants Under General Maritime Law*

200.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants and Cross-Defendants for those events. To the extent that general maritime or other law nevertheless applies and any party succeeds with proof of any allegations so that Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant to any such claimant, Cross-Plaintiff, or Third-Party Plaintiff

under general maritime or other law in this limitation action, Cameron is entitled to contribution from all such Counter-Defendants and Cross-Defendants on the basis of comparative fault.

### Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment from Petitioners as follows:

1. That the Transocean Cross-Plaintiffs take nothing by their Cross-Claims;

2. That Cameron recover indemnity from the Counter-Defendants for any liability that Cameron incurs to any party in this limitation action, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from the Counter-Defendants the attorneys' fees and other costs it incurs in defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

4. That Cameron be awarded a declaratory judgment that the Counter-Defendants are obligated by written agreement to indemnify Cameron for any liability incurred by Cameron to any person asserting claims based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

5. That Cameron be awarded a declaratory judgment that Counter-Defendants are obligated by written agreement to reimburse Cameron for all attorneys' fees and other costs reasonably incurred by Cameron defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

6. That Cameron recover from Counter-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

1057198v.1

7.  That in the alternative, Cameron recover complete indemnity from the Counter-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs to any Claimant, Third-Party Plaintiff, or Third-Party Defendant in this limitation action on the ground that Cameron is not a negligent defendant;

8.  That in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Counter-Defendant and/or Cross-Defendants pursuant to the terms of 33 U.S.C. § 2709;

9.  That in the alternative, in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Counter-Defendants and/or Cross-Defendants under general maritime law or other law;

10. That Cameron recover from Counter-Defendants and Cross-Defendants its costs of court in this action; and

11. That Cameron recover such other and further relief from the Counter-Defendants and Cross-Defendants to which it may show itself entitled.

1057198v.1

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

/s/ Phillip A. Wittman

Phillip A. Wittmann, 13625
    pwittman@stonepigman.com
Carmelite S. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

44

1057198v.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on May 20, 2011, a copy of the foregoing Answer of Cross-Defendant Cameron International Corporation to Transocean's Rule 13 Cross-Claims/Counterclaims, Together with Counterclaims and Cross-Claims was served on all parties or counsel of record through Lexis/Nexis in accordance with Pretrial Order # 16 in this case.


*/s/ Phillip A. Wittman*
Phillip A. Wittman

45

1057198v.1