UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig<br>              "Deepwater Horizon" in the<br>              Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | *<br>* | JUDGE:  BARBIER |
| In Re The Complaint and Petition of<br>Triton Asset Leasing GmbH, Transocean<br>Holdings LLC, Transocean Offshore<br>Deepwater Drilling Inc., and Transocean<br>Deepwater Inc., as Owner, Managing<br>Owners, Owners *Pro-Hac Vice*, and/or<br>Operators of the MODU Deepwater<br>Horizon, in a Cause for Exoneration from or<br>Limitation of Liability | * | MAGISTRATE:  SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

**CROSS-CLAIM OF WEATHERFORD U.S., L.P.
AND WEATHERFORD INTERNATIONAL, INC. AGAINST M-I, LLC, DRIL-QUIP,
INC., MARINE SPILL RESPONSE CORPORATION, AIRBORNE SUPPORT, INC.,
AIRBORNE SUPPORT INTERNATIONAL, INC., LYNDEN, INC., LYNDEN AIR
CARGO LLC, DYNAMIC AVIATION GROUP, INC., INTERNATIONAL AIR
RESPONSE, INC., LANE AVIATION, NATIONAL RESPONSE CORPORATION,
O'BRIEN RESPONSE MANAGEMENT, INC., THE MODERN GROUP, LTD., TIGER
SAFETY, LLC, DRC EMERGENCY SERVICES, LLC, AND NALCO COMPANY**

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. (collectively, "Weatherford"), who, pursuant to the Stipulated

Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint

{N2299465.1}

and Certain Bundle C Pleadings, dated March 24, 2011 (Rec. Doc. 1730), files its Cross-Claim against M-I, LLC ("M-I"), Dril-Quip, Inc. ("Dril-Quip"), Marine Spill Response Corporation, Airborne Support, Inc., Airborne Support International, Inc., Lynden, Inc., Lynden Air Cargo LLC, Dynamic Aviation Group, Inc., International Air Response, Inc., Lane Aviation, National Response Corporation, O'Brien Response Management, Inc., The Modern Group, Ltd., Tiger Safety, LLC, DRC Management Services, LLC, and Nalco Company (excluding M-I and Dril-Quip, the collective cross-defendants are hereafter referred to as "Responders"), and upon information and belief, avers as follows:

I.

M-I, Dril-Quip, and the Responders have either been tendered as a Rule 14(c) Defendant by the Petitioners, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., in this Limitation of Liability Action, Cause No. 10-2771, or named a defendant, cross-defendant, or third-party defendant in this Limitation of Liability Action, Cause No. 10-2771.

II.

At all material times, upon information and belief, M-I was a party to a contract (the "M-I Contract") with BP America Production Company and/or BP Exploration & Production, Inc. (collectively, "BP"), under which M-I agreed to provide certain services and/or products to BP.

III.

Pursuant to the M-I Contract, M-I is obligated to release, defend, indemnify and hold Weatherford harmless from M-I's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by M-I.

IV.

At all material times, upon information and belief, Dril-Quip was a party to a contract (the "Dril-Quip Contract") with, under which Dril-Quip agreed to provide certain services and/or products to BP.

V.

Pursuant to the Dril-Quip Contract, Dril-Quip is obligated to release, defend, indemnify and hold Weatherford harmless from Dril-Quip's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by Dril-Quip.

VI.

At all material times, the Petitioners in this Limitation Action were the owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site at Mississippi Canyon Block 252 on or about April 20, 2010.

VII.

On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

VIII.

Upon information and belief, the Responders participated in the response to the oil spill, including but not limited to attempts to stop the oil spill and attempts to clean up the oil spill.

IX.

Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the products liability, breach of contract, fault, negligence, inattention to duty, breach of duty,

breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of M-I and Dril-Quip and their employees.

X.

Upon information and belief, the size, scope, and destruction of the oil spill were caused in part by the products liability, breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of the Responders and their employees.

XI.

As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.  Said damages and losses include but are not limited to: the total loss of Weatherford's equipment board the MODU *Deepwater Horizon* and downhole at the Macondo well site in Mississippi Canyon Block 252; attorneys' fees and expenses; and other costs and expenses to be shown at trial.

XII.

Weatherford has also been placed on notice and/or has been sued by numerous parties claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

XIII.

M-I and Dril-Quip are liable to Weatherford for all damages, losses and expenses incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and are further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by third parties arising out of the blowout, explosions, fire and oil spill, whether under the M-I Contract, the Dril-Quip Contract, or at law.

XIV.

The Responders are liable to Weatherford for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by parties arising out of the blowout, explosions, fire and oil spill, whether under by contract or at law.

XV.

Alternatively, Weatherford demands contribution from M-I, Dril-Quip, and the Responders, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

XVI.

Weatherford reserves the right to amend its Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

WHEREFORE, Weatherford prays that its Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor

awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires. Alternatively, Weatherford demands contribution herein from BP.

This 20th day of May, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:      (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

/s/  *Glenn G. Goodier*