UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * * | MAGISTRATE:  SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

**CROSS-CLAIM OF WEATHERFORD U.S., L.P.
AND WEATHERFORD INTERNATIONAL, INC. AGAINST BP AMERICA
PRODUCTION COMPANY AND BP EXPLORATION & PRODUCTION, INC.**

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. (collectively, "Weatherford"), who, pursuant to the Stipulated

Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint

and Certain Bundle C Pleadings, dated March 24, 2011 (Rec. Doc. 1730), files its Cross-Claim

{N2284665.1}

against BP America Production Company and BP Exploration & Production, Inc. (collectively, "BP"), and upon information and belief, avers as follows:

I.

BP has been tendered as a Rule 14(c) Defendant by the Petitioners, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., in this Limitation of Liability Action, Cause No. 10-2771.

II.

At all material times, BP and Weatherford were party to a contract for well services (the "Contract"), which Contract was in full force and effect on April 20, 2010.

III.

Under the Contract, Weatherford was to provide services, equipment, and products for BP.

IV.

Pursuant to the Contract, BP is obligated to release, defend, indemnify and hold Weatherford harmless from BP's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by BP.

V.

Under the Contract, BP expressly agreed to save, indemnify, release, defend and hold harmless Weatherford from and against any claim of whatsoever nature arising from pollution and/or contamination, including claims of the type asserted by Petitioners and the Claimants/Plaintiffs in this matter and in Cause No. 10-md-2179.

VI.

Under the Contract, BP agreed to save, indemnify, release, defend and hold harmless Weatherford against all claims, losses, damages, costs (including legal costs), expenses and liabilities resulting from blowout, fire, explosion, cratering or any uncontrolled well condition (including the costs to control a wild well and the removal of debris).

VII.

Pursuant to the Contract, Weatherford provided certain services and equipment to BP for the Macondo well site at Mississippi Canyon Block 252, which was leased and operated by BP and/or its Affiliates.

VIII.

At all material times, Petitioners were the owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site at Mississippi Canyon Block 252 on or about April 20, 2010.

IX.

On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

X.

Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of BP and its employees.

XI.

As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.

XII.

Weatherford has also been placed on notice and/or has been sued by numerous parties and/or has been tendered numerous claims by Petitioners pursuant to Rule 14C of the Federal Rules of Civil Procedure claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

XIII.

BP is liable to Weatherford for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by parties arising out of the blowout, explosions, fire and oil spill, whether under the Contract or at law.

XIV.

Alternatively, Weatherford demands contribution from BP, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses, including defense costs, related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

XV.

Weatherford reserves the right to amend its Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

WHEREFORE, Weatherford prays that its Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and defense costs, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from BP.

This 20th day of May, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

/s/  Glenn G. Goodier