UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| | * | |
| In Re The Complaint and Petition of | * | MAGISTRATE:  SHUSHAN |
| Triton Asset Leasing GmbH, Transocean | | |
| Holdings LLC, Transocean Offshore | | |
| Deepwater Drilling Inc., and Transocean | | |
| Deepwater Inc., as Owner, Managing | | |
| Owners, Owners *Pro-Hac Vice*, and/or | | |
| Operators of the MODU Deepwater | | |
| Horizon, in a Cause for Exoneration from or | | |
| Limitation of Liability | | |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

### ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST MOEX OFFSHORE 2007 LLC

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

{N2299031.1}

and Counter-Claim/Cross-Claim to the Cross-Claims filed on behalf of MOEX Offshore 2007

("MOEX"), and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

MOEX's Original Cross-Claims fail to state a claim or cause of action upon which relief

can be granted.

### SECOND DEFENSE

**AND NOW**, answering each and every allegation of MOEX's Original Cross-Claims and

denying any liability whatsoever, Weatherford avers upon information and belief as follows:

### THE PARTIES

1.

The allegations of Page 1, ¶¶1-2 of the Original Cross-Claims state legal conclusions that

do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Page 1, ¶¶1-2 are denied for lack of sufficient information to justify

a belief therein.

2.

The allegations of Page 2, ¶¶1-6 of the Original Cross-Claims state legal conclusions that

do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Page 2, ¶¶1-6 are denied for lack of sufficient information to justify

a belief therein.

3.

Except to admit that Weatherford U.S. L.P. is a Louisiana limited partnership with its

principal place of business in Houston Texas and that Weatherford International, Inc. is a

Delaware corporation with its principal place of business in Houston, Texas, the allegations of

Page 3, ¶¶1-5 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the remaining allegations of Page 3, ¶¶1-5 are denied for lack of sufficient information to justify a belief therein.

## SUBJECT MATTER JURISDICTION AND VENUE

### 4.

The allegations of Page 4, ¶1 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the remaining allegations of Page 4, ¶1 are denied for lack of sufficient information to justify a belief therein.

## PERSONAL JURISDICTION

### 5.

The allegations of Page 4, ¶2 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the remaining allegations of Page 4, ¶2 are denied for lack of sufficient information to justify a belief therein.

## STATEMENT OF FACTS

### 6.

Except to admit that an explosion and fire occurred on the *Deepwater Horizon* on April 20, 2010, that the *Deepwater Horizon* sank as a result, and that an oil spill resulted, the allegations of Page 4, ¶¶3-4 of the Original Cross-Claims state only legal conclusions and factual allegations that do not require a response by Weatherford.  However, to the extent a response a deemed necessary, the remaining allegations of Page 4, ¶¶3-4 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Page 5, ¶¶1-4 of the Original Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Page 5, ¶¶1-4 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Page 6, ¶¶1-5 of the Original Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Page 6, ¶¶1-5 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Page 7, ¶1 and the subparts thereof of the Original Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Page 7, ¶1 and the subparts thereof of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Page 8, ¶1 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Page 8, ¶1 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Page 8, ¶2 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Page 8, ¶2 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

**MOEX'S COUNT I**
**BREACH OF CONTRACT AGAINST BP**

12.

In response to the first unnumbered paragraph of MOEX's Count I, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 11 above, as if set forth herein *in extenso*.

13.

The allegations contained in MOEX's Count I of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count I of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

**MOEX'S COUNT II**
**DECLARATORY JUDGMENT AGAINST BP**

14.

In response to the first unnumbered paragraph of MOEX's Count II, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 13 above, as if set forth herein *in extenso*.

15.

The allegations contained in MOEX's Count II of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count II of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT III
## NEGLIGENCE AGAINST BP – STATE LAW

16.

In response to the first unnumbered paragraph of MOEX's Count III, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 15 above, as if set forth herein *in extenso*.

17.

The allegations contained in MOEX's Count III of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count III of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT IV
## NEGLIGENCE AGAINST BP – MARITIME LAW

18.

In response to the first unnumbered paragraph of MOEX's Count IV, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 17 above, as if set forth herein *in extenso*.

19.

The allegations contained in MOEX's Count IV of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count IV of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S ALLEGATIONS AS TO TRANSOCEAN

### 20.

In response to the first unnumbered paragraph of MOEX's Allegations as to Transocean, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 19 above, as if set forth herein *in extenso*.

### 21.

The allegations contained in the unnumbered paragraphs of MOEX's Allegations as to Transocean, and all subparts thereof, state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Allegations as to Transocean, and all subparts thereof, are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT V
## GROSS NEGLIGENCE AGAINST TRANSOCEAN – STATE LAW

### 22.

In response to the first unnumbered paragraph of MOEX's Count V, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 21 above, as if set forth herein *in extenso*.

### 23.

The allegations contained in MOEX's Count V of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count V of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT VI
## NEGLIGENCE AGAINST TRANSOCEAN – STATE LAW

24.

In response to the first unnumbered paragraph of MOEX's Count VI, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 23 above, as if set forth herein *in extenso*.

25.

The allegations contained in MOEX's Count VI of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count VI of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT VII
## GROSS NEGLIGENCE AND WILLFUL MISCONDUCT
## AGAINST TRANSOCEAN - MARITIME LAW

26.

In response to the first unnumbered paragraph of MOEX's Count VII, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 25 above, as if set forth herein *in extenso*.

27.

The allegations contained in MOEX's Count VII of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count VII of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT VIII
## NEGLIGENCE AGAINST TRANSOCEAN – MARITIME LAW

28.

In response to the first unnumbered paragraph of MOEX's Count VIII, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 27 above, as if set forth herein *in extenso*.

29.

The allegations contained in MOEX's Count VIII of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count VIII of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT IX
## INDEMNITY IN TORT AGAINST TRANSOCEAN – MARITIME LAW

30.

In response to the first unnumbered paragraph of MOEX's Count IX, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 29 above, as if set forth herein *in extenso*.

31.

The allegations contained in MOEX's Count IX of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count IX of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT X
## CONTRIBUTION AGAINST TRANSOCEAN – MARITIME LAW

32.

In response to the first unnumbered paragraph of MOEX's Count X, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 31 above, as if set forth herein *in extenso*.

33.

The allegations contained in MOEX's Count X of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count X of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XI
## CONTRIBUTION AGAINST TRANSOCEAN – OIL POLLUTION ACT

34.

In response to the first unnumbered paragraph of MOEX's Count XI, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 33 above, as if set forth herein *in extenso*.

35.

The allegations contained in MOEX's Count XI of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count XI of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XII
## INDEMNITY IN TORT AGAINST TRANSOCEAN – STATE LAW

36.

In response to the first unnumbered paragraph of MOEX's Count XI, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 35 above, as if set forth herein *in extenso*.

37.

The allegations contained in MOEX's Count XII of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XII of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S ALLEGATIONS AS TO HALLIBURTON AND SPERRY

38.

In response to the first unnumbered paragraph of MOEX's Allegations as to Halliburton and Sperry, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 37 above, as if set forth herein *in extenso*.

39.

The allegations contained in the unnumbered paragraphs of MOEX's Allegations as to Halliburton and Sperry, and all subparts thereof, state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Allegations as to Halliburton and

Sperry, and all subparts thereof, are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XIII
## NEGLIGENCE AGAINST HALLIBURTON AND SPERRY – STATE LAW

40.

In response to the first unnumbered paragraph of MOEX's Count XIII of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 39 above, as if set forth herein *in extenso*.

41.

The allegations contained in MOEX's Count XIII of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XIII of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XIV
## NEGLIGENCE AGAINST HALLIBURTON AND SPERRY – MARITIME LAW

42.

In response to the first unnumbered paragraph of MOEX's Count XIV of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 41 above, as if set forth herein *in extenso*.

43.

The allegations contained in MOEX's Count XIV of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count XIV of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XV
## CONTRIBUTION AGAINST TRANSOCEAN – STATE LAW

44.

In response to the first unnumbered paragraph of MOEX's Count XV of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 43 above, as if set forth herein *in extenso*.

45.

The allegations contained in MOEX's Count XV of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XV of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S ALLEGATIONS AS TO M-I

46.

In response to the first unnumbered paragraph of MOEX's Allegations as to M-I, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 45 above, as if set forth herein *in extenso*.

47.

The allegations contained in the unnumbered paragraphs of MOEX's Allegations as to M-I, and all subparts thereof, state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary,

the allegations contained in MOEX's Allegations as to M-I, and all subparts thereof, are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XVI
## NEGLIGENCE AGAINST M-I – STATE LAW

48.

In response to the first unnumbered paragraph of MOEX's Count XVI of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 47 above, as if set forth herein *in extenso*.

49.

The allegations contained in MOEX's Count XVI of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XVI of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XVII
## NEGLIGENCE AGAINST M-I – MARITIME LAW

50.

In response to the first unnumbered paragraph of MOEX's Count XVII of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 49 above, as if set forth herein *in extenso*.

51.

The allegations contained in MOEX's Count XVII of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in

MOEX's Count XVII of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S ALLEGATIONS AS TO WEATHERFORD

52.

In response to the first unnumbered paragraph of MOEX's Allegations as to Weatherford, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 51 above, as if set forth herein *in extenso*.

53.

Except to admit that Weatherford provided services, equipment, and products used by the *Deepwater Horizon*, the allegations contained in the unnumbered paragraphs of MOEX's Allegations as to Weatherford, and all subparts thereof, are denied.

## MOEX'S COUNT XVIII
## PRODUCTS LIABILITY AGAINST WEATHERFORD – MARITIME LAW

54.

In response to the first unnumbered paragraph of MOEX's Count XVIII of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 53 above, as if set forth herein *in extenso*.

55.

Except to admit that Weatherford provided services, equipment, and products used by the *Deepwater Horizon*, the allegations contained in MOEX's Count XVIII of the Original Cross-Claims are denied.

## MOEX'S COUNT XIX
## PRODUCTS LIABILITY AGAINST WEATHERFORD – STATE LAW

56.

In response to the first unnumbered paragraph of MOEX's Count XIX of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 55 above, as if set forth herein *in extenso*.

57.

Except to admit that Weatherford provided services, equipment, and products used by the *Deepwater Horizon*, the allegations contained in MOEX's Count XIX of the Original Cross-Claims are denied.

## MOEX'S ALLEGATIONS AS TO CAMERON

58.

In response to the first unnumbered paragraph of MOEX's Allegations as to Cameron, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 57 above, as if set forth herein *in extenso*.

59.

The allegations contained in the unnumbered paragraphs of MOEX's Allegations as to Cameron, and all subparts thereof, state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Allegations as to Cameron, and all subparts thereof, are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XX
## PRODUCTS LIABILITY AGAINST CAMERON – MARITIME LAW

60.

In response to the first unnumbered paragraph of MOEX's Count XX of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 59 above, as if set forth herein *in extenso*.

61.

The allegations contained in MOEX's Count XX of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XX of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## MOEX'S COUNT XXI
## PRODUCTS LIABILITY AGAINST CAMERON – STATE LAW

62.

In response to the first unnumbered paragraph of MOEX's Count XXI of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through 61 above, as if set forth herein *in extenso*.

63.

The allegations contained in MOEX's Count XXI of the Original Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations contained in MOEX's Count XXI of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

64.

Weatherford specifically denies that MOEX is entitled to any of the relief sought in its prayer for relief contained in the Original Cross-Claims.

## THIRD DEFENSE

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## FOURTH DEFENSE

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## FIFTH DEFENSE

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Original Cross-Claims.

## COUNTER-CLAIM/CROSS-CLAIM

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford avers upon information and belief as follows:

1.

At all material times, Weatherford U.S., L.P. was and is a limited partnership organized and existing under the laws of the State of Louisiana, with its principal place of business located in Houston, Texas and duly qualified to transact business in the State of Louisiana.  Weatherford International, Inc. was and is a Delaware corporation, with its principal place of business in Houston, Texas.

2.

At all material times, MOEX was a party to a Joint Operating Agreement which governed drilling, exploration and production of oil and gas at the Macondo well site at Mississippi Canyon Block 252.

3.

On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site in Macondo Block 252.   The blowout, explosions, and fire caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

4.

Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of MOEX.

5.

As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.

6.

Weatherford has also been placed on notice, has been sued, and anticipates it will continue to be sued by numerous parties claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.  Additionally, Petitioners in Limitation have tendered numerous claims brought against it in these proceedings to Weatherford pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

7.

MOEX is liable to Weatherford for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by parties arising out of the blowout, explosions, fire and oil spill, whether under by contract or at law.

8.

Alternatively, Weatherford demands contribution from MOEX, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

9.

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

WHEREFORE, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from MOEX.

This 20th day of May, 2011.

Respectfully submitted:

/s/  **Glenn G. Goodier**
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:    (504) 582-8174
Facsimile:    (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and
Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*