UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |
| This Document applies to: *C.A. No. 10-2771* | |

**TRANSOCEAN'S ANSWER TO THE CLAIM AND CROSS-CLAIMS OF MOEX OFFSHORE 2007**

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively "Transocean" or "Transocean Defendants") respond to the Claim and Cross-Claims (collectively "Cross-Claims") of MOEX Offshore 2007 ("MOEX") to Complaint and Petition of Triton Asset Leasing GmbH, *et al.* for Exoneration from or Limitation of Liability (Rule 9(h)), **Dkt. 420**, and, upon information and belief, respectfully show as follows:

**<u>ANSWER</u>**

For each and every allegation of the Cross-Claims, Transocean responds as follows. When a paragraph in the Cross-Claims contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated.

1.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 1 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 1.

12558739.2

2.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 2 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 2.

3.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 3 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 3.

4.      Transocean admits that Triton is a Swiss limited liability company with its principal place of business in Zug, Switzerland.

5.      Transocean admits that TH is a Delaware limited liability company with its principal place of business in Houston, Texas.  Transocean admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.

6.      Transocean admits that TDI is a Delaware corporation with its principal place of business in Houston, Texas.

7.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 7 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 7.

8.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 8 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 8.

9.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 9 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 9.

10.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 10 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 10.

11.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 11 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 11.

12.     As for any claims subject to the binding arbitration provision contained in the December 9, 1998 Drilling Contract, the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2 and Federal Rule of Civil Procedure 12(b)(1).  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

13.     Paragraph 13 is a statement by which MOEX incorporates by reference the allegations of Petitioners' Rule 14(c) Third-Party Complaint and Plaintiffs' First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III(B1) ["B1 Bundle"] with respect to the Court's personal jurisdiction over the Defendants-in-Cross-Claim.  To the extent that the incorporated allegations are limited to personal jurisdiction and pertain to Defendants-in-Cross-Claim other than Transocean, they are admitted; to the extent that the incorporated allegations pertain to Transocean, they are denied.

14.     Transocean admits that on April 20, 2010, the Macondo well blew out and an explosion and fire occurred on the *Deepwater Horizon*.  Transocean admits that on or about April 22, 2010, the *Deepwater Horizon* sank, and that oil flowed into the Gulf of Mexico.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 14.

15.     Transocean admits that the blow out and spill occurred at the Macondo well located in Mississippi Canyon Block 252 in the Gulf of Mexico.  With respect to the remaining allegations in Paragraph 15, Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 15 are true and, therefore, denies all aspects and implications of the allegations of the Paragraph 15.

16.     Transocean denies the allegations concerning the blow-out in the first sentence of Paragraph 16.  The remaining allegations set forth in Paragraph 16 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 16 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

17.     The allegations in Paragraph 17 either do not pertain to Transocean, or Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 17 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 either do not pertain to Transocean, or Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 18 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 either do not pertain to Transocean, or Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 19 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 19.

20.     Transocean admits that BP selected the *Deepwater Horizon* used at the Macondo well site.   Transocean admits that BP supervised and controlled certain activities onboard the *Deepwater Horizon*.   Transocean admits that BP selected, supervised and controlled certain activities of other contractors BP employed in connection with the Macondo well.   Transocean admits that BP exercised operational control over the *Deepwater Horizon*, other BP contractors, and the activities and operations conducted under the Operating Agreement. To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 20.

21.     The allegations contained in Paragraph 21 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 21 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

22.     The allegations contained in Paragraph 22 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 22 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

23.     The allegations contained in Paragraph 23 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 23 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

24.     The allegations contained in Paragraph 24 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 24 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

25.     The allegations contained in Paragraph 25 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 25 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

26.     The allegations contained in Paragraph 26 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 26 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

27.     The allegations contained in Paragraph 27 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 27 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

28.     Paragraph 28 is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the proceeding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

29.     The allegations contained in Paragraph 29 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 29 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

30.     The allegations contained in Paragraph 30 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

12558739.2

Paragraph 30 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

31.     The allegations contained in Paragraph 31 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 31 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

32.     Paragraph 32 is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.   Transocean has responded to each of the proceeding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

33.     The allegations contained in Paragraph 33 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 33 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

34.     The allegations contained in Paragraph 34 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 34 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

35.     The allegations contained in Paragraph 35 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 35 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

36.     The allegations contained in Paragraph 36 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

12558739.2

Paragraph 36 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

37.     Paragraph 37 is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the proceeding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

38.     The allegations contained in Paragraph 38 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 38 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

39.     The allegations contained in Paragraph 39 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 39 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

40.     The allegations contained in Paragraph 40 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 40 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

41.     The allegations contained in Paragraph 41 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 41 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

42.     The allegations contained in Paragraph 42 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

12558739.2

Paragraph 42 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

43.     The allegations contained in Paragraph 43 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 43 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

44.     Paragraph 44 is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the proceeding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

45.     The allegations contained in Paragraph 45 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 45 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

46.     The allegations contained in Paragraph 46 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 46 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

47.     The allegations contained in Paragraph 47 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 47 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

48.     The allegations contained in Paragraph 48 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

12558739.2

Paragraph 48 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

49.     Paragraph 49 is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the proceeding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

50.     The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon*, subject to certain rights of inspection, approval and control by BP.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 50.

51.     Transocean admits that it provided certain *Deepwater Horizon* personnel at the Macondo well site subject to certain rights of inspection, approval and control of BP.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 51.

52.     Transocean denies all aspects and implications of the allegations in Paragraph 52.

53.     Transocean denies all aspects and implications of the allegations in Paragraph 53.

54.     Transocean denies all aspects and implications of the allegations in Paragraph 54.

55.     Transocean denies all aspects and implications of the allegations in Paragraph 55.

56.     Transocean denies all aspects and implications of the allegations in Paragraph 56.

57.     Transocean denies all aspects and implications of the allegations in Paragraph 57 (and subparts).

58.     Paragraph 58 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

59.     Transocean denies all aspects and implications of the allegations in Paragraph 59.

60.     Transocean denies all aspects and implications of the allegations in Paragraph 60.

61.     Transocean denies all aspects and implications of the allegations in Paragraph 61.

62.     Transocean denies all aspects and implications of the allegations in Paragraph 62.

63.     Transocean denies all aspects and implications of the allegations in Paragraph 63.

64.     Paragraph 64 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

65.     Transocean denies all aspects and implications of the allegations in Paragraph 65.

66.     Transocean denies all aspects and implications of the allegations in Paragraph 66.

67.     Transocean denies all aspects and implications of the allegations in Paragraph 67.

68.     Transocean denies all aspects and implications of the allegations in Paragraph 68.

69.     Transocean denies all aspects and implications of the allegations in Paragraph 69.

70.     Paragraph 70 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

71.     Transocean denies all aspects and implications of the allegations in Paragraph 71.

72.     Transocean denies all aspects and implications of the allegations in Paragraph 72.

73.     Transocean denies all aspects and implications of the allegations in Paragraph 73.

74.     Transocean denies all aspects and implications of the allegations in Paragraph 74.

75.     Transocean denies all aspects and implications of the allegations in Paragraph 75.

76.      Paragraph 76 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

77.      Transocean denies all aspects and implications of the allegations in Paragraph 77.

78.      Transocean denies all aspects and implications of the allegations in Paragraph 78.

79.      Transocean denies all aspects and implications of the allegations in Paragraph 79.

80.      Transocean denies all aspects and implications of the allegations in Paragraph 80.

81.      Paragraph 81 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

82.      Transocean denies all aspects and implications of the allegations in Paragraph 82.

83.      Transocean denies all aspects and implications of the allegations in Paragraph 83.

84.      Transocean denies all aspects and implications of the allegations in Paragraph 84.

85.      Transocean denies all aspects and implications of the allegations in Paragraph 85.

86.      Paragraph 86 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

87.      Transocean denies all aspects and implications of the allegations in Paragraph 87.

88.      Transocean denies all aspects and implications of the allegations in Paragraph 88.

89.      Paragraph 89 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

90.      Transocean denies all aspects and implications of the allegations in Paragraph 90.

91.     Transocean denies all aspects and implications of the allegations in Paragraph 91.

92.     Transocean denies all aspects and implications of the allegations in Paragraph 92.

93.     Transocean denies all aspects and implications of the allegations in Paragraph 93.

94.     Transocean denies all aspects and implications of the allegations in Paragraph 94.

95.     Paragraph 95 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

96.     Transocean denies all aspects and implications of the allegations in Paragraph 96.

97.     Transocean denies all aspects and implications of the allegations in Paragraph 97.

98.     Transocean denies all aspects and implications of the allegations in Paragraph 98.

99.     Transocean denies all aspects and implications of the allegations in Paragraph 99.

100.    Transocean denies all aspects and implications of the allegations in Paragraph 100.

101.    Paragraph 101 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

102.    The allegations set forth in Paragraph 102 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 102 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

103.    The allegations set forth in Paragraph 103 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

12558739.2

Paragraph 103 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

104.    The allegations set forth in Paragraph 104 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 104 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

105.    The allegations set forth in Paragraph 105 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 105 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

106.    The allegations set forth in Paragraph 106 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 106 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

107.    Paragraph 107 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

108.    The allegations set forth in Paragraph 108 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 108 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

109.    The allegations set forth in Paragraph 109 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

Paragraph 109 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

110.    The allegations set forth in Paragraph 110 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 110 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

111.    The allegations set forth in Paragraph 111 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 111 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

112.    The allegations set forth in Paragraph 112 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 112 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

113.    Paragraph 113 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

114.    The allegations set forth in Paragraph 114 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 114 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

115.    The allegations set forth in Paragraph 115 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

Paragraph 115 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

116.   The allegations set forth in Paragraph 116 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 116 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

117.   Paragraph 117 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

118.   The allegations set forth in Paragraph 118 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 118 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

119.   The allegations set forth in Paragraph 119 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 119 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

120.   The allegations set forth in Paragraph 120 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 120 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

121.   The allegations set forth in Paragraph 121 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 121 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

122.    The allegations set forth in Paragraph 122 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 122 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

123.    The allegations set forth in Paragraph 123 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 123 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

124.    Paragraph 124 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

125.    The allegations set forth in Paragraph 125 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 125 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

126.    The allegations set forth in Paragraph 126 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 126 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

127.    The allegations set forth in Paragraph 127 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 127 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

128.    The allegations set forth in Paragraph 128 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 128 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

129.    Paragraph 129 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.


130.    The allegations set forth in Paragraph 130 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 130 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

131.    The allegations set forth in Paragraph 131 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 131 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

132.    The allegations set forth in Paragraph 132 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 132 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

133.    The allegations set forth in Paragraph 133 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 133 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

134.    Paragraph 134 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

135.    The allegations set forth in Paragraph 135 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 135 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

136.    The allegations set forth in Paragraph 136 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 136 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

137.    The allegations set forth in Paragraph 137 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 137 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

138.    The allegations set forth in Paragraph 138 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

Paragraph 138 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

139.    Paragraph 139 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

140.    The allegations set forth in Paragraph 140 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 140 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

141.    The allegations set forth in Paragraph 141 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 141 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

142.    The allegations set forth in Paragraph 142 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 142 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

143.    The allegations set forth in Paragraph 143 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 143 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

144.    The allegations set forth in Paragraph 144 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

Paragraph 144 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

145.    The allegations set forth in Paragraph 145 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 145 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

146.    The allegations set forth in Paragraph 146 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 146 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

147.    The allegations set forth in Paragraph 147 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 147 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

148.    The allegations set forth in Paragraph 148 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 148 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

149.    The allegations set forth in Paragraph 149 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 149 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

12558739.2

150.    The allegations set forth in Paragraph 150 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 150 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

151.    The allegations set forth in Paragraph 151 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 151 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

152.    The allegations set forth in Paragraph 152 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 152 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

153.    The allegations set forth in Paragraph 153 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 153 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

154.    Paragraph 154 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

155.    The allegations set forth in Paragraph 155 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 155 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

156.    The allegations set forth in Paragraph 156 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 156 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

157.    The allegations set forth in Paragraph 157 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 157 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

158.    The allegations set forth in Paragraph 158 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 158 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

159.    The allegations set forth in Paragraph 159 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 159 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

160.    Paragraph 160 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

161.    The allegations set forth in Paragraph 161 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 161 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

162.    The allegations set forth in Paragraph 162 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 162 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

163.    The allegations set forth in Paragraph 163 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 163 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

164.    The allegations set forth in Paragraph 164 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 164 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

165.    The allegations set forth in Paragraph 165 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 165 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

166.    The allegations set forth in Paragraph 166 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 166 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

167.    Paragraph 167 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

168.    The allegations set forth in Paragraph 168 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 168 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

169.    The allegations set forth in Paragraph 169 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 169 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

170.    The allegations set forth in Paragraph 170 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 170 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

171.    The allegations set forth in Paragraph 171 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 171 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

172.    The allegations set forth in Paragraph 172 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 172 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

173.    The allegations set forth in Paragraph 173 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in

Paragraph 173 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

174.    The allegations set forth in Paragraph 174 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 174 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

175.    Paragraph 175 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

176.    The allegations set forth in Paragraph 176 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 176 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

177.    The allegations set forth in Paragraph 177 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 177 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

178.    The allegations set forth in Paragraph 178 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 178 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

179.    The allegations set forth in Paragraph 179 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

12558739.2

Paragraph 179 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

180.    The allegations set forth in Paragraph 180 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 180 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

181.    Paragraph 181 is a statement that MOEX repeats and realleges allegations set forth in previous paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

182.    The allegations set forth in Paragraph 182 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 182 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

183.    The allegations set forth in Paragraph 183 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 183 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

184.    The allegations set forth in Paragraph 184 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 184 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

185.    The allegations set forth in Paragraph 185 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 185 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

186.    The allegations set forth in Paragraph 186 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 186 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

187.    The allegations set forth in Paragraph 187 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 187 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## **AFFIRMATIVE DEFENSES**

Transocean sets forth its affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, Transocean does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to MOEX.

### **Lack of Subject Matter Jurisdiction**

1.    MOEX's claims may be subject to arbitration and, if so, the Court lacks subject matter jurisdiction of all such claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 9 U.S.C. § 2.

### **Standing**

2.    MOEX lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this Court.

### Proper Parties/Joinder

3.      MOEX has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

4.      MOEX's claims for relief are not ripe.

### Failure to State a Claim

5.      MOEX has failed to state a claim upon which relief can be granted.

6.      MOEX has failed to plead, much less satisfy, conditions precedent to recovery.

7.      MOEX's claims are barred to the extent that MOEX seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

8.      The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*  As a separate and complete defense to some or all of MOEX's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants, and that the amount of damages alleged in the Cross-Claims greatly exceeds the amount of value of the interest of the Transocean Defendants in the mobile offshore drilling unit ("MODU") *Deepwater Horizon* and her freight then pending, and the Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 47 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision MOEX is not entitled to recover damages in a sum in excess of the value of the Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident

29

occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

9.    MOEX's claims are enjoined, stayed, and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010, and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

**Oil Pollution Act**

10.    The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.,* including, without limitation:

(a)    Presentment has not been made as required under OPA;

(b)    OPA displaces or preempts MOEX's claims with respect to oil spill damages and otherwise;

(c)    There is no right of action against one or more of the Transocean Defendants to the extent any of them is not a Responsible Party as defined under OPA;

(d)    OPA eliminates or limits MOEX's alleged rights of recovery for certain economic loss claims;

(e)    OPA does not provide for, or allow, the recovery of punitive or exemplary damages; and

(f)    OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

**Maritime and State Law Claims**

11.    The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

30

(a)     The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.,* or the Oil Pollution Act, 33 U.S.C. § 2701 *et. seq.*

(b)     The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

(c)     The Transocean Defendants assert that any claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint,* 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, and/or other states.

(d)     The Transocean Defendants assert that under any State mini-OPA statutory scheme liability is limited.  The Transocean Defendants are not responsible parties under State mini-OPA statutory schemes.  The Transocean Defendants further assert the defenses available under any State mini-OPA statutory scheme.

**Causation**

12.     MOEX complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Cross-Claims were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom the Transocean Defendants are not legally responsible.

13.     The injuries and resulting damages alleged to have been sustained by MOEX resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

14.     The injuries and resulting damages alleged to have been sustained by MOEX were not proximately caused by any acts and/or omissions of the Transocean Defendants.

15.     The injuries and resulting damages alleged to have been sustained by MOEX were not foreseeable as a matter of law.

**Damages**

16.     The Transocean Defendants specifically deny that MOEX has sustained legally compensable damages.

17.     The injuries and resulting damages alleged to have been sustained by MOEX were not foreseeable as a matter of law.

18.     MOEX may not recover on the claims pleaded in its Cross-Claims because the damages sought are too speculative and remote.

19.     MOEX has not reasonably mitigated its damages.

20.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by MOEX with respect to the same alleged injuries.   The Transocean Defendants assert payment and release to the extent that any of MOEX's alleged damages have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.   The Transocean Defendants are also entitled to have any damages that may be awarded to MOEX reduced by the value of any benefit or payment to MOEX from any collateral source.

21.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

22.     The Transocean Defendants deny that any of them have engaged in conduct that would support an award of punitive damages.

23.     Any award of punitive damages against the Transocean Defendants would be in violation of the Constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under state constitutions or statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights to (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### Reservation of Rights to Compel Arbitration

24.     The Transocean Defendants reserve their rights to compel arbitration of MOEX's claims because Article 35.4 of the Drilling Contract between Transocean and BP may require

12558739.2

that all such claims be arbitrated.  The Transocean Defendants further reserve their rights to file a Motion to Stay MOEX's claims, pending conclusion of arbitration.

## Contribution Comparative Fault and Indemnity

25.     In addition to the Limitation of Liability to which the Transocean Defendants are entitled herein, the Transocean Defendants are also entitled to contribution, indemnification and/or reimbursement or a determination of comparative fault of/from Third-Parties for any damages the Transocean Defendants may be required to pay that are attributable to the comparative negligence, fault and/or legal responsibility of Third-Parties.

## No Duty or Breach of Duty

26.     The Transocean Defendants did not owe any duty or warranty to MOEX and did not breach any duty or warranty.

27.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to MOEX.

## Preemption

28.     The claims are barred in whole or in part by the Supremacy Clause of the United States Constitution, art. VI, § 2, because the claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*, and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service ("BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

**Adoption of Affirmative Defenses and Reservation of Right to Amend Answer**

29.     The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

30.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

31.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses, and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted against them by MOEX, with prejudice, at MOEX's costs; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:     /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

**Of Counsel:**
John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by

electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order

No. 12, on May 20, 2011.

/s/  Kerry J. Miller

12558739.2