UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |
| This Document applies to: C.A. No. 10-2771 | |

## TRANSOCEAN'S ANSWER TO
## HALLIBURTON ENERGY SERVICES, INC.'S
## ORIGINAL CLAIM IN LIMITATION (CROSS-CLAIM)

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively "Transocean" or "Transocean Defendants") respond to Halliburton Energy Services, Inc.'s ("HESI") Original Claim in Limitation (Cross-Claim) against Petitioners (hereinafter "Cross-Claim"), **Dkt. 422**, and, upon information and belief, respectfully show as follows:

### ANSWER

For each and every allegation of the Cross-Claim, Transocean responds as follows. When a paragraph in the Cross-Claim contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated. Because HESI's Cross-Claim commences with Paragraph 37, Transocean will respond in similarly numbered paragraphs below.

12554560.2

37. Transocean admits that on April 20, 2010, the Macondo well blew out, that an explosion and fire occurred on the *Deepwater Horizon* and that on April 22, 2010, the *Deepwater Horizon* sank into the Gulf of Mexico. Transocean further admits that numerous individual and class action lawsuits have been filed in state and federal courts for alleged injuries and damages resulting from the Macondo well blow out and subsequent remediation and response efforts, that additional claims are expected, and that many of these lawsuits have been transferred to this MDL proceeding. To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 37.

38. Transocean admits that Claimants/Plaintiffs have filed claims against HESI and others, asserting claims under maritime and state common law, that the Claimants/Plaintiffs allege that acts of various defendants, including HESI, caused the fire and explosion onboard the *Deepwater Horizon*, its sinking, a subsequent oil spill, and Claimants/Plaintiffs' damages. To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 38.

39. Transocean admits that the cited statutes and rule can give rise to federal jurisdiction. To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 39.

40. The assertions contained in Paragraph 40 contain statements of law, which do not require a response from Transocean, but out of an abundance of caution are denied.

41. Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 41 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 41.

42. Transocean admits that Triton is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon.*  Transocean admits that Triton has appeared in these Limitation proceedings.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 42.

43. Transocean admits that TH is a Delaware limited liability company with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon*.  Transocean admits that TH has appeared in these Limitation proceedings.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 43.

44. Transocean admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon*.  Transocean admits that TODDI has appeared in these Limitation proceedings.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 44.

45. Transocean admits that TDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon*.  Transocean admits that TDI has appeared in these Limitation proceedings.  To the extent not

expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 45.

46. The assertions contained in Paragraph 46 contain statements of law, which do not require a response from Transocean, but out of an abundance of caution are denied.

47. Transocean adopts and incorporates by reference its responses to HESI's allegations as set forth above.

48. Transocean denies all aspects and implications of the allegations in Paragraph 48.

49. Transocean denies all aspects and implications of the allegations in Paragraph 49.

50. Transocean denies all aspects and implications of the allegations in Paragraph 50.

51. HESI omitted Paragraph 51 from its Cross-Claim, and therefore no response is required, but out of an abundance of caution, Transocean denies all aspects and implications of the allegations in Paragraph 51.

52. HESI omitted Paragraph 52 from its Cross-Claim, and therefore no response is required, but out of an abundance of caution, Transocean denies all aspects and implications of the allegations in Paragraph 52.

53. HESI omitted Paragraph 53 from its Cross-Claim, and therefore no response is required, but out of an abundance of caution, Transocean denies all aspects and implications of the allegations in Paragraph 53.

54. HESI omitted Paragraph 54 from its Cross-Claim, and therefore no response is required, but out of an abundance of caution, Transocean denies all aspects and implications of the allegations in Paragraph 54.

55. Transocean adopts and incorporates by reference its responses to HESI's allegations as set forth above.

56. Transocean denies all aspects and implications of the allegations in Paragraph 56.

57. Transocean denies all aspects and implications of the allegations in Paragraph 57.

58. Transocean denies all aspects and implications of the allegations in Paragraph 58.

59. Transocean adopts and incorporates by reference its responses to HESI's allegations as set forth above.

60. Transocean denies all aspects and implications of the allegations in Paragraph 60.

61. Transocean denies all aspects and implications of the allegations in Paragraph 61.

62. Transocean denies all aspects and implications of the allegations in Paragraph 62.

## AFFIRMATIVE DEFENSES

Transocean sets forth its affirmative defenses which apply to all claims unless otherwise noted. By setting forth these affirmative defenses, Transocean does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to HESI.

### Standing

1. HESI lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this Court.

### Proper Parties/Joinder

2. HESI has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

3. HESI's claims for relief are not ripe.

### Failure to State a Claim

4. HESI has failed to state a claim upon which relief can be granted.

5. HESI has failed to plead, much less satisfy, conditions precedent to recovery.

6. HESI's claims are barred to the extent that HESI seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

7. The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* As a separate and complete defense to some or all of HESI's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants, and that the amount of damages alleged in the Cross-Claim greatly exceeds the amount of value of the interest of the Transocean Defendants in the mobile offshore drilling unit ("MODU") *Deepwater Horizon* and her freight then pending, and the Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 47 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision HESI is not entitled to recover damages in a sum in excess of the value of the Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

8. HESI's claims are enjoined, stayed, and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010, and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

### Oil Pollution Act

9. The Transocean Defendants assert all defenses available under the Oil Pollution

6

12554560.2

Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.,* including, without limitation:

   (a) Presentment has not been made as required under OPA;

   (b) OPA displaces or preempts HESI's claims with respect to oil spill damages and otherwise;

   (c) There is no right of action against one or more of the Transocean Defendants to the extent any of them is not a Responsible Party as defined under OPA;

   (d) OPA eliminates or limits HESI's alleged rights of recovery for certain economic loss claims;

   (e) OPA does not provide for, or allow, the recovery of punitive or exemplary damages; and

   (f) OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

## Maritime and State Law Claims

10. The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

   (a) The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.,* or the Oil Pollution Act, 33 U.S.C. § 2701 *et. seq.*

   (b) The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

7

(c) The Transocean Defendants assert that any claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint,* 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, and/or other states.

(d) The Transocean Defendants assert that, under any State mini-OPA statutory scheme, liability is limited.  The Transocean Defendants are not responsible parties under State mini-OPA statutory schemes.  The Transocean Defendants further assert the defenses available under any State mini-OPA statutory scheme.

### Causation

11. HESI complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of this Cross-Claim were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom the Transocean Defendants are not legally responsible.

12. The injuries and resulting damages alleged to have been sustained by HESI resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

13. The injuries and resulting damages alleged to have been sustained by HESI were not proximately caused by any acts and/or omissions of the Transocean Defendants.

12554560.2

14. The injuries and resulting damages alleged to have been sustained by HESI were not foreseeable as a matter of law.

### Damages

15. The Transocean Defendants specifically deny that HESI has sustained legally compensable damages.

16. The injuries and resulting damages alleged to have been sustained by HESI were not foreseeable as a matter of law.

17. HESI may not recover on the claims pleaded in the Cross-Claim because the damages sought are too speculative and remote.

18. HESI has not reasonably mitigated its damages.

19. The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by HESI with respect to the same alleged injuries. The Transocean Defendants assert payment and release to the extent that any of HESI's alleged damages have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule. The Transocean Defendants are also entitled to have any damages that may be awarded to HESI reduced by the value of any benefit or payment to HESI from any collateral source.

20. Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

21. The Transocean Defendants deny that any of them have engaged in conduct that would support an award of punitive damages.

22. Any award of punitive damages against the Transocean Defendants would be in violation of the Constitutional safeguards provided to the Transocean Defendants under the

9

Constitution of the United States, and under state constitutions or statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights to (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### Contribution Comparative Fault and Indemnity

23. In addition to the Limitation of Liability to which the Transocean Defendants are entitled herein, the Transocean Defendants are also entitled to contribution, indemnification and/or reimbursement or a determination of comparative fault of/from Third-Parties for any damages the Transocean Defendants may be required to pay that are attributable to the comparative negligence, fault and/or legal responsibility of Third-Parties.

### No Duty or Breach of Duty

24. The Transocean Defendants did not owe any duty or warranty to HESI and did not breach any duty or warranty.

12554560.2

25. At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to HESI.

### Preemption

26. The claims are barred in whole or in part by the Supremacy Clause of the United States Constitution, art. VI, § 2, because the claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*, and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service ("BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

### Adoption of Affirmative Defenses and Reservation of Right to Amend Answer

27. The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

28. Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

29. The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses, and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by HESI, with prejudice, at HESI's costs; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

12554560.2

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on May 20, 2011.

/s/ Kerry J. Miller

12554560.2