UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |
| This Document applies to: *C.A. No. 10-2771* | |

**TRANSOCEAN'S ANSWER TO THE CROSS-CLAIMS OF
THIRD-PARTY DEFENDANT MOEX OFFSHORE 2007 LLC**

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively "Transocean" or "Transocean Defendants") respond to the Cross-Claims of Third-Party Defendant MOEX Offshore 2007 LLC ("MOEX"), **Dkt. 2008,** and, upon information and belief, respectfully show as follows:

<u>**ANSWER**</u>

For each and every allegation of the Cross-Claims, Transocean responds as follows. When a paragraph in the Cross-Claims contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated.

MOEX's Cross-Claims contain no paragraph numbers. Instead of paragraph numbers, MOEX's Cross-Claims are separated by headings and subheadings. For purposes of responding to MOEX's Cross-Claims, Transocean will respond to correspondingly headed and subheaded paragraphs.

## THE PARTIES

### Third-Party Defendant and Plaintiff-in-Cross-Claim

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

### The BP Third-Party Defendants and Defendants-in-Cross-Claim

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

### The Transocean Third-Party Plaintiffs and Defendants-in-Cross-Claim

Transocean admits that Triton is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  Transocean admits that TH is a Delaware limited liability company with its principal place of business in Houston, Texas.  Transocean admits that TDI is a Delaware corporation with its principal place of business in Houston, Texas.  Transocean admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

### Third-Party Defendants and Defendants-in-Cross-Claim Halliburton

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

2

### Third-Party Defendant and Defendant-in-Cross-Claim M-I

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

### The Weatherford Third-Party Defendants and Defendants-in-Cross-Claim

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

### Third-Party Defendant and Defendant-in-Cross-Claim Cameron

Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, denies all aspects and implications of the allegations in this paragraph.

### SUBJECT MATTER JURISDICTION AND VENUE

As for any claims subject to the binding arbitration provision contained in the December 9, 1998 Drilling Contract, the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2 and Federal Rule of Civil Procedure 12(b)(1).  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

### PERSONAL JURISDICTION

This paragraph is a statement that MOEX incorporates by reference the allegations of Petitioners' Rule 14(c) Third-Party Complaint and Plaintiffs' First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III(B1) ["B1 Bundle"] with respect to the Court's personal jurisdiction over the Defendants-in-Cross-Claim.  To the extent that the incorporated allegations

are limited to personal jurisdiction and pertain to Defendants-in-Cross-Claim other than Transocean, they are admitted; to the extent that that the incorporated allegations pertain to Transocean, they are denied.

## STATEMENT OF FACTS

Transocean admits that on April 20, 2010, the Macondo well blew out and an explosion and fire occurred on the *Deepwater Horizon*, that on or about April 22, 2010, the *Deepwater Horizon* sank, and that oil flowed into the Gulf of Mexico.

Transocean admits that the blow-out and spill occurred at the Macondo well location in Mississippi Canyon Block 252 in the Gulf of Mexico.

Transocean admits that, at the time of the Macondo well blow-out, BP was performing certain operations as the designated Operator under the Lease, and that, as the designated Operator, BP was responsible for assessing the geology of the prospect site, engineering the well design, obtaining regulatory approvals for well operations, and retaining and overseeing the contractors working on the various aspects of the well and the drilling operations.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

### BP's Duties to the Non-Operating Investors

The allegations contained in this paragraph are not directed to Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**BP's Breach Under the OA**

The allegations contained in this paragraph are not directed to Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT I

## BREACH OF CONTRACT AGAINST BP

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT II

## DECLARATORY JUDGMENT AGAINST BP

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the remaining allegations

12557363.2

in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT III

## NEGLIGENCE AGAINST BP – STATE LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT IV

## NEGLIGENCE AGAINST BP – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

12557363.2

## ALLEGATIONS AS TO TRANSOCEAN

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The Transocean Defendants admit that one or more of them are the Managing Owners, Owners *Pro Hac Vice*, and/or Operators of the *Deepwater Horizon*, subject to certain rights of inspection, approval, and control by BP.

Transocean admits that it provided certain *Deepwater Horizon* personnel at the Macondo well site subject to certain rights of inspection, approval and control of BP.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT V

## GROSS NEGLIGENCE AGAINST TRANSOCEAN-STATE LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

12557363.2

## COUNT VI

## NEGLIGENCE AGAINST TRANSOCEAN – STATE LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs. Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT VII

## GROSS NEGLIGENCE AND WILLFUL MISCONDUCT AGAINST TRANSOCEAN – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs. Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT VIII

## NEGLIGENCE AGAINST TRANSOCEAN – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs. Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

12557363.2

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT IX

### INDEMNITY IN TORT AGAINST TRANSOCEAN – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT X

### CONTRIBUTION AGAINST TRANSOCEAN – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

## COUNT XI

### CONTRIBUTION AGAINST TRANSOCEAN – OIL POLLUTION ACT

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding

paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

**COUNT XII**

**INDEMNITY IN TORT AGAINST TRANSOCEAN – STATE LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

**ALLEGATIONS AS TO HALLIBURTON AND SPERRY**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

12557363.2

## COUNT XIII

## NEGLIGENCE AGAINST HALLIBURTON AND SPERRY – STATE LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT XIV

## NEGLIGENCE AGAINST HALLIBURTON AND SPERRY – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**COUNT XV**

**CONTRIBUTION AGAINST TRANSOCEAN – STATE LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in this paragraph.

**ALLEGATIONS AS TO M-I**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**COUNT XVI**

**NEGLIGENCE AGAINST M-I – STATE LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

12

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## COUNT XVII

## NEGLIGENCE AGAINST M-I – MARITIME LAW

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## ALLEGATIONS AS TO WEATHERFORD

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

12557363.2

**COUNT XVIII**

**PRODUCTS LIABILITY AGAINST WEATHERFORD – MARITIME LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**COUNT XIX**

**PRODUCTS LIABILITY AGAINST WEATHERFORD – STATE LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**ALLEGATIONS AS TO CAMERON**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**COUNT XX**

**PRODUCTS LIABILITY AGAINST CAMERON – MARITIME LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

**COUNT XXI**

**PRODUCTS LIABILITY AGAINST CAMERON – STATE LAW**

The first sentence of this paragraph is a statement that MOEX repeats and realleges allegations set forth in preceding paragraphs.  Transocean has responded to each of the preceding

12557363.2

paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

The remaining allegations contained in this paragraph are not directed at Transocean and do not require a response by Transocean.  To the extent that the remaining allegations in this paragraph are directed at Transocean, Transocean denies all aspects and implications of the allegations.

## AFFIRMATIVE DEFENSES

Transocean sets forth its affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, Transocean does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to MOEX.

### Lack of Subject Matter Jurisdiction

1.      MOEX's claims may be subject to arbitration and, if so, the Court lacks subject matter jurisdiction of all such claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 9 U.S.C. § 2.

### Standing

2.      MOEX lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this Court.

### Proper Parties/Joinder

3.      MOEX has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

4.      MOEX's claims for relief are not ripe.

**Failure to State a Claim**

5.      MOEX has failed to state a claim upon which relief can be granted.

6.      MOEX has failed to plead, much less satisfy, conditions precedent to recovery.

7.      MOEX's claims are barred to the extent that MOEX seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

**Shipowners' Limitation of Liability Act**

8.      The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*  As a separate and complete defense to some or all of MOEX's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants, and that the amount of damages alleged in the Cross-Claims greatly exceeds the amount of value of the interest of the Transocean Defendants in the mobile offshore drilling unit ("MODU") *Deepwater Horizon* and her freight then pending, and the Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 47 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision MOEX is not entitled to recover damages in a sum in excess of the value of the Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

12557363.2

9.      MOEX's claims are enjoined, stayed, and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010, and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

**Oil Pollution Act**

10.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.,* including, without limitation:

(a)      Presentment has not been made as required under OPA;

(b)      OPA displaces or preempts MOEX's claims with respect to oil spill damages and otherwise;

(c)      There is no right of action against one or more of the Transocean Defendants to the extent any of them is not a Responsible Party as defined under OPA;

(d)      OPA eliminates or limits MOEX's alleged rights of recovery for certain economic loss claims;

(e)      OPA does not provide for, or allow, the recovery of punitive or exemplary damages; and

(f)      OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

**Maritime and State Law Claims**

11.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a)      The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.,* or the Oil Pollution Act, 33 U.S.C. § 2701 *et. seq.*

18

(b)     The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

(c)     The Transocean Defendants assert that any claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint,* 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, and/or other states.

(d)     The Transocean Defendants assert that under any State mini-OPA statutory scheme liability is limited.  The Transocean Defendants are not responsible parties under State mini-OPA statutory schemes.  The Transocean Defendants further assert the defenses available under any State mini-OPA statutory scheme.

## Causation

12.     MOEX complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Cross-Claims were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom the Transocean Defendants are not legally responsible.

13.     The injuries and resulting damages alleged to have been sustained by MOEX resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

14.     The injuries and resulting damages alleged to have been sustained by MOEX were not proximately caused by any acts and/or omissions of the Transocean Defendants.

15.     The injuries and resulting damages alleged to have been sustained by MOEX were not foreseeable as a matter of law.

**Damages**

16.     The Transocean Defendants specifically deny that MOEX has sustained legally compensable damages.

17.     The injuries and resulting damages alleged to have been sustained by MOEX were not foreseeable as a matter of law.

18.     MOEX may not recover on the claims pleaded in its Cross-Claims because the damages sought are too speculative and remote.

17.     MOEX has not reasonably mitigated its damages.

19.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by MOEX with respect to the same alleged injuries.  The Transocean Defendants assert payment and release to the extent that any of MOEX's alleged damages have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.  The Transocean Defendants are also entitled to have any damages that may be awarded to MOEX reduced by the value of any benefit or payment to MOEX from any collateral source.

20.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

21.     The Transocean Defendants deny that any of them have engaged in conduct that would support an award of punitive damages.

22.     Any award of punitive damages against the Transocean Defendants would be in violation of the Constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under state constitutions or statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights to (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

## Reservation of Rights to Compel Arbitration

23.     The Transocean Defendants reserve their rights to compel arbitration of MOEX's claims because Article 35.4 of the Drilling Contract between Transocean and BP may require that all such claims be arbitrated. The Transocean Defendants further reserve their rights to file a Motion to Stay MOEX's claims, pending conclusion of arbitration.

**Contribution Comparative Fault and Indemnity**

24.     In addition to the Limitation of Liability to which the Transocean Defendants are entitled herein, the Transocean Defendants are also entitled to contribution, indemnification and/or reimbursement or a determination of comparative fault of/from Third-Parties for any damages the Transocean Defendants may be required to pay that are attributable to the comparative negligence, fault and/or legal responsibility of Third-Parties.

**No Duty or Breach of Duty**

25.     The Transocean Defendants did not owe any duty or warranty to MOEX and did not breach any duty or warranty.

26.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the MOEX.

**Preemption**

27.     The claims are barred in whole or in part by the Supremacy Clause of the United States Constitution, art. VI, § 2, because the claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*, and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service ("BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

**Adoption of Affirmative Defenses and Reservation of Right to Amend Answer**

28.     The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

12557363.2

29.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

30.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses, and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted against them by MOEX, with prejudice, at MOEX's costs; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:     /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on May 20, 2011.

/s/  Kerry J. Miller