UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE:  BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * | MAGISTRATE:  SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

### ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST CAMERON INTERNATIONAL CORPORATION

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

{N2298482.1}

and Counterclaim/Cross-Claim to the Cross-Claims filed on behalf of Cameron International Corporation ("Cameron"), and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

Cameron's Original Cross-Claims fail to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

**AND NOW**, answering each and every allegation of Cameron's Original Cross-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

1.

Except to admit that Weatherford has been named a defendant in one or more pleadings in this action, the allegations of Paragraph 29 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 30 of the Original Cross-Claims state only factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 31 of the Original Cross-Claims state only legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

{N2298482.1}

2

4.

The allegations of Paragraph 32 of the Original Cross-Claims state only legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 33 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 34 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 35 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 36 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 37 of the Original Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 38 of the Original Cross-Claims denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 39 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 40 of the Original Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 41 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 42 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 43 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 44 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 45 of the Original Cross-Claims state only legal conclusions and factual allegations which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 46 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 47 of the Original Cross-Claims state legal conclusions which do not require a response; however, to the extent a response is deemed necessary, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 48 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 49 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 50 of the Original Cross-Claims state legal conclusions and factual allegations which do not require a response; however, to the extent that a response is deemed necessary, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 51 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 52 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 53 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 54 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 55 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

28.

Except to admit that on April 20, 2010, the *Deepwater Horizon* was involved in oil and gas development on the Outer Continental Shelf, the remaining allegations of Paragraph 56 of the Original Cross-Claims state legal conclusions and factual allegations which do not require a response.  However, to the extent that a response is deemed necessary, the remaining allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

29.

Except to admit that explosions and fires occurred on April 20, 2010 on the *Deepwater Horizon*, the allegations of Paragraph 57 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

30.

Except to admit that Cameron has been named as a defendant in numerous lawsuits arising out of the fire and explosions on April 20, 2010 and subsequent release of oil, the remaining allegations of Paragraph 58 of the Original Cross-Claims are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 59 of the Original Cross-Claims state legal conclusions which do not require a response; however, to the extent a response is deemed necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 60 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 61 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 62 of the Original Cross-Claims state legal conclusions and factual allegations which do not require a response; however, to the extent a response is deemed necessary, the allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

35.

Except to admit that BP was a lease holder for Mississippi Canyon Block 252, the allegations of Paragraph 63 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 64 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 65 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 66 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

39.

Except to admit that Halliburton was the cementing contractor, the allegations of Paragraph 67 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 68 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 69 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 70 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 71 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 72 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 73 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 74, and each of its subparts, of the Original Cross-Claims state legal conclusions which do not require a response; however, to the extent that a response is required, the allegations are denied as they pertain to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 75, and each of its subparts, of the Original Cross-Claims state legal conclusions which do not require a response; however, to the extent that a response is required, the allegations are denied as they pertain to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 76, and each of its subparts, of the Original Cross-Claims state legal conclusions which do not require a response; however, to the extent that a response is required, the allegations are denied as they pertain to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 77 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 78 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 79 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of Paragraph 80 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 81 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 82 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 83 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

56.

The allegations of Paragraph 84 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

57.

The allegations of Paragraph 85 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

58.

The allegations of Paragraph 86 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

59.

The allegations of Paragraph 87 of the Original Cross Claims are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 88 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford.  However, to the extent a response is deemed necessary, the allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of Paragraph 89 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford.  However, to the extent a response is deemed

necessary, the allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations of Paragraph 90 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations of Paragraph 91 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 92 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations of Paragraph 93 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations of Paragraph 94 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of Paragraph 95 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations of Paragraph 96 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations of Paragraph 97 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations of Paragraph 98 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed

necessary, the allegations of Paragraph 98 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations of Paragraph 99 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations of Paragraph 100 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 100 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of Paragraph 101 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations of Paragraph 102 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

75.

The allegations of Paragraph 103 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations of Paragraph 104 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations of Paragraph 105 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 105 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations of Paragraph 106 of the Original Cross Claims state legal conclusions which do not require a response from Weatherford. However, to the extent a response is deemed necessary, the allegations of Paragraph 106 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of Paragraph 107 of the Original Cross Claims state legal conclusions which do not require a response; however, to the extent a response is deemed necessary, the

allegations of Paragraph 107 are denied as they pertain to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 108 of the Original Cross Claims state legal conclusions which do not require a response; however, to the extent a response is deemed necessary, the allegations of Paragraph 108 are denied as they pertain to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

81.

Weatherford specifically denies that Cameron is entitled to any of the relief sought in its prayer for relief contained in the Original Cross-Claims.

### THIRD DEFENSE

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## FIFTH DEFENSE

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Original Cross-Claims.

## COUNTERCLAIM/CROSS-CLAIM

**AND NOW**, assuming the role of Counter-claimant/Cross-Claimant in Limitation, Weatherford avers upon information and belief as follows:

1.

At all material times, Weatherford U.S., L.P. was and is a limited partnership organized and existing under the laws of the State of Louisiana, with its principal place of business located in Houston, Texas and duly qualified to transact business in the State of Louisiana. Weatherford International, Inc. was and is a Delaware corporation, with its principal place of business in Houston, Texas.

2.

At all material times, Cameron manufactured, sold, and/or provided a blowout preventer for the MODU *Deepwater Horizon* and for the Macondo well site at Mississippi Canyon Block 252.

3.

On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

4.

Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the products liability, breach of contract, fault, negligence, inattention to duty, breach of duty,

breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of Cameron.

5.

As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.

6.

Weatherford has also been placed on notice, has been sued, and anticipates it will continue to be sued by numerous parties claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.  Additionally, Petitioners in Limitation have tendered numerous claims brought against it in these proceedings to Weatherford pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

7.

Cameron is liable to Weatherford for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by parties arising out of the blowout, explosions, fire and oil spill, whether by contract or at law.

8.

Alternatively, Weatherford demands contribution from Cameron, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

9.

Weatherford reserves the right to amend its Counterclaim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

WHEREFORE, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from Cameron.

This 20th day of May, 2011.

          Respectfully submitted:

          ***/s/  Glenn G. Goodier***
          GLENN G. GOODIER (#06130)
          RICHARD D. BERTRAM (#17881)
          LANCE M. SANNINO (#29409)
          JONES, WALKER, WAECHTER, POITEVENT,
           CARRÈRE & DENÈGRE, L.L.P.
          201 St. Charles Avenue. 48th Floor
          New Orleans, Louisiana  70170-5100
          Telephone:     (504) 582-8174
          Facsimile:      (504) 589-8174
          ggoodier@joneswalker.com
          rbertram@joneswalker.com
          lsannino@joneswalker.com

          MICHAEL G. LEMOINE, T.A. (#8308)
          GARY J. RUSSO (#10828)
          DOUGLAS C. LONGMAN, JR. (#8719)
          JONES, WALKER, WAECHTER, POITEVENT,
           CARRÈRE & DENÈGRE, L.L.P.
          600 Jefferson Street, Suite 1600
          Lafayette, Louisiana  70501-5100
          Telephone:     (337) 262-9024
          mlemoine@joneswalker.com
          grusso@joneswalker.com
          dlongman@joneswalker.com

          *Counsel for Weatherford U.S., L.P. and*
          *Weatherford International, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of May, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

          */s/  Glenn G. Goodier*