UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| | * | |
| In Re The Complaint and Petition of | * | MAGISTRATE:  SHUSHAN |
| Triton Asset Leasing GmbH, Transocean | | |
| Holdings LLC, Transocean Offshore | | |
| Deepwater Drilling Inc., and Transocean | | |
| Deepwater Inc., as Owner, Managing | | |
| Owners, Owners *Pro-Hac Vice*, and/or | | |
| Operators of the MODU Deepwater | | |
| Horizon, in a Cause for Exoneration from or | | |
| Limitation of Liability | | |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

## ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST HALLIBURTON ENERGY SERVICES, INC.

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

and Counterclaim/Cross-Claim to the Original Cross-Claims filed on behalf of Halliburton Energy Services, Inc. ("Halliburton"), and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

Halliburton's Original Cross-Claims fail to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

**AND NOW**, answering each and every allegation of Halliburton's Original Cross-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

#### I.

The allegations of Paragraph 1 of the Original Cross-Claims are admitted.

#### II.

The allegations of Paragraph 2 of the Original Cross-Claims state only legal conclusions and factual allegations that do not require a response by Weatherford, except that Weatherford denies any liability whatsoever for the claims made by Claimants/Plaintiffs herein.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 2 are denied.

#### III.

The allegations of Paragraph 3 of the Original Cross-Claims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

#### IV.

The allegations of Paragraph 4 of the Original Cross-Claims are admitted.

V.

The allegations of Paragraph 5 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations of Paragraph 10 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations of Paragraph 11 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraph 12 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraph 13 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 14 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 15 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

Except to admit that Weatherford U.S., L.P. is a Louisiana limited partnership with its principal place of business in Houston, Texas and that Weatherford U.S., L.P. was registered to do and was doing business in Louisiana at all pertinent times and that Weatherford U.S., L.P. has been previously served with various complaints and summonses as well as the Rule 14(c) tender, and that Weatherford U.S., L.P. provided various services, equipment, and products, the allegations of Paragraph 16 of the Original Cross-Claims are denied.

XVII.

Except to admit that Weatherford International, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas, the allegations of Paragraph 17 of the Original Cross-Claims are denied.

XVIII.

The allegations of Paragraph 18 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations of Paragraph 19 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations of Paragraph 20 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations of Paragraph 21 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

## XXII.

The allegations of Paragraph 22 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

## XXIII.

The allegations of Paragraph 23 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

## XXIV.

The allegations of Paragraph 24 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

## XXV.

The allegations of Paragraph 25 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

## XXVI.

The allegations of Paragraph 26 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

## XXVII.

The allegations of Paragraph 27 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

### XXVIII.

The allegations of Paragraph 28 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

### XXIX.

The allegations of Paragraph 29 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

### XXX.

The allegations of Paragraph 30 of the Original Cross-Claims state legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

### XXXI.

The allegations of Paragraph 31 of the Original Cross-Claims do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that Halliburton intended to refer to all parties identified in Paragraphs 6-30 as "Cross-Defendants."

XXXII.

The allegations of Paragraph 32 of the Original Cross-Claims do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 32 are denied.

XXXIII.

In response to the allegations of Paragraph 33 of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXII, as if set forth herein *in extenso*.

XXXIV.

The allegations of Paragraph 34 of the Original Cross-Claims are denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations of Paragraph 35 of the Original Cross-Claims are denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of Paragraph 36 of the Original Cross-Claims do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 36 are denied.

XXXVII.

In response to the allegations of Paragraph 37 of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXVI, as if set forth herein *in extenso*.

XXXVIII.

The allegations of Paragraph 38 of the Original Cross-Claims are denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations of Paragraph 39 of the Original Cross-Claims are denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations of Paragraph 40 of the Original Cross-Claims do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 40 are denied.

XLI.

In response to the allegations of Paragraph 41 of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XL, as if set forth herein *in extenso*.

XLII.

The allegations of Paragraph 42 of the Original Cross-Claims are denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of Paragraphs 43, 44, and 45 (a)-(s) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraphs 43, 44, and 45(a)-(s) are

denied as they relate to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

## XLIV.

The allegations of Paragraphs 46, 47, 48, 49 and 50 of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraphs 46, 47, 48, 49 and 50 are denied for lack of sufficient information to justify a belief therein.

## XLV.

The allegations of Paragraph 51 and subparts (a)-(g) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 51 and subparts (a)-(g) are denied for lack of sufficient information to justify a belief therein.

## XLVI.

The allegations of Paragraph 52 and subparts (a) and (b) of the Original Cross-Claims are denied.

## XLVII.

The allegations of Paragraph 53 and subparts (a)-(d) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 53 and subparts (a)-(d) are denied for lack of sufficient information to justify a belief therein.

## XLVIII.

The allegations of Paragraph 54 and subparts (a)-(c) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent

that a response is deemed necessary, the allegations of Paragraph 54 and subparts (a)-(c) are denied for lack of sufficient information to justify a belief therein.

## XLIX.

The allegations of Paragraph 55 and subparts (a)-(j) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 55 and subparts (a)-(j) are denied for lack of sufficient information to justify a belief therein.

## L.

In response to the allegations of Paragraph 56 of the Original Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLIX, as if set forth herein *in extenso*.

## LI.

The allegations of Paragraph 57 and subparts (a)-(g) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 57 and subparts (a)-(g) are denied for lack of sufficient information to justify a belief therein.

## LII.

The allegations of Paragraph 58 and subparts (a)-(e) of the Original Cross-Claims are denied.

## LIII.

The allegations of Paragraph 59 and subparts (a)-(e) of the Original Cross-Claims do not appear to relate to Weatherford, and as such, do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 59 and subparts (a)-(e) are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations of Paragraph 60 of the Original Cross-Claims do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 60 are denied.

LV.

Weatherford specifically denies that Halliburton is entitled to any of the relief sought in its prayer for relief contained in the Original Cross-Claims.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FIFTH DEFENSE**

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Original Cross-Claims.

## COUNTERCLAIM/CROSS-CLAIM

AND NOW, assuming the role of Counter-claimant/Cross-Claimant in Limitation, Weatherford avers upon information and belief as follows:

### 1.

At all material times, Weatherford U.S., L.P. was and is a limited partnership organized and existing under the laws of the State of Louisiana, with its principal place of business located in Houston, Texas and duly qualified to transact business in the State of Louisiana.  Weatherford International, Inc. was and is a Delaware corporation, with its principal place of business in Houston, Texas.

### 2.

At all material times, pursuant to a Contract for Well Services entered into between Weatherford and BP America Production Company and BP Exploration & Productions, Inc. (collectively "BP"), as amended, Weatherford provided certain services and equipment to BP for the Macondo well site at Mississippi Canyon Block 252.

### 3.

At all material times, Halliburton and BP were parties to a Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services (the "Halliburton Contract"), pursuant to which Halliburton provided certain cement products and services to BP for the Macondo well site at Mississippi Canyon Block 252.  The Halliburton Contract was in full force and effect on April 20, 2010 and governs the obligations of Halliburton with respect to the Macondo well site at Mississippi Canyon Block 252 and the operations performed on the MODU *Deepwater Horizon*.

4.

Pursuant to the Halliburton Contract, Halliburton is obligated to release, defend, indemnify and hold Weatherford harmless from Halliburton's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by Halliburton.

5.

On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

6.

Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of Halliburton and the crew of the MODU *Deepwater Horizon*.

7.

As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.

8.

Weatherford has also been placed on notice, has been sued, and anticipates it will continue to be sued by numerous parties claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages

resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.  Additionally, Petitioners in Limitation have tendered numerous claims brought against it in these proceedings to Weatherford pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

9.

Halliburton is liable to Weatherford for all damages, losses and expenses incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by any party, whether under the Halliburton Contract or at law.

10.

Alternatively, Weatherford demands contribution from Halliburton, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

11.

Weatherford reserves the right to amend its Counterclaim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

WHEREFORE, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys'

fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from Halliburton.

This 20th day of May, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:      (504) 582-8174
Facsimile:      (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:      (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and
Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*

{N2297479.1}