UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE:  BARBIER<br><br>MAGISTRATE:  SHUSHAN |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * | |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

**ANSWER OF WEATHERFORD U.S., L.P.
TO FIRST AMENDED MASTER COMPLAINT IN ACCORDANCE WITH
PTO NO. 11 [CMO NO. 1] SECTION III.B(3) ["B3 BUNDLE"]**

**NOW INTO** COURT, through undersigned counsel, comes Weatherford U.S.,

L.P. and Weatherford International, Inc. (collectively, "Weatherford") and pursuant to

Pre-trial Order No. 11 (Case Management Order No. 1) ("CMO 1"), as clarified by

Pre-trial Order No. 25 and this Court's Stipulated Order Governing Deadlines in

Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C

Pleadings dated March 24, 2011 (Rec. Doc. 1730), as purported Rule 14(c) Third-Party

Defendant,[1] on information and belief files this its answer and defenses to the First Amended Master Complaint purportedly filed by unnamed plaintiffs (the "B3 Plaintiffs") in accordance with CMO No. 1, Section III (B3) (hereafter, the "Amended B3 Complaint").[2]  This Answer is filed with the full reservation of all defenses reserved to Weatherford pursuant to Pre-trial Order No. 25, ¶ 15, none of which are waived:

### FIRST DEFENSE

The Amended B3 Complaint fails to state a claim against Weatherford upon which relief can be granted.

### SECOND DEFENSE

The Amended B3 Complaint is vague and ambiguous and the B3 Plaintiffs have failed to comply with the provisions of CMO No. 1 and Pre-trial Order No. 25 and accordingly, all claims should be dismissed.

### THIRD DEFENSE

Any damages that the B3 Plaintiffs may have sustained were caused by the negligence of others over whom this defendant has no control nor responsibility nor for whom this defendant can be held responsible.

---

[1] Although Weatherford is not named as a defendant in the First Amended B3 Complaint and although the First Amended B3 Complaint was never filed in the Limitation of Liability Action, No. 10-2771, and was thus never tendered to Weatherford pursuant to the Rule 14(c) Third-party Complaint of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively "Transocean"), Weatherford files this Answer out of an abundance of caution in accordance with Pre-Trial Orders 11 and 25 and this Court's Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730).  In doing so, Weatherford reserves any and all rights to contest the fact that the First Amended B3 Complaint was never tendered to Weatherford.

[2] Pursuant to this Court's Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), Weatherford's Answer is deemed to respond to the Master Complaint purportedly filed in accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"] (Rec. Doc. 881).

**FOURTH DEFENSE**

The B3 Amended Complaint fails to state any cause of action against Weatherford.

**FIFTH DEFENSE**

The B3 Plaintiffs' claims for damages were caused by the unseaworthiness of vessels neither owned, chartered or operated by Weatherford and any unseaworthiness of the vessels cannot be attributed to Weatherford, nor can Weatherford be held liable therefore.

**SIXTH DEFENSE**

Weatherford specifically pleads intervening and superseding cause(s) as a defense to the B3 plaintiffs claims.

**SEVENTH DEFENSE**

And now answering more particularly the numbered allegations of the Amended B3 Complaint:

**I.**

Except to admit that an explosion occurred on board the *Deepwater Horizon* on April 20, 2010, and that Case-Management Order No. 1 and Pre-Trial Order No. 25 were entered by this Court in Cause No. 10-md-2179, the allegations in unnumbered Paragraphs on Pages 1-3 of the B3 Amended Complaint are denied for lack of sufficient information upon which to base a belief therein. Since the B3 Amended Complaint was never filed in the Limitation of Liability Action, Cause No. 10-2771, Weatherford specifically denies that the allegations that the B3 Amended Complaint "may form the

basis of Claims tendered by Transocean to the plaintiffs as against the Tendered Defendants pursuant to Federal Rule of Civil Procedure 14(c) [Doc 1320]."

## II.

With respect to the allegations contained in Paragraph 1, except to admit that a blowout occurred on April 20, 2010, the remaining allegations are denied for lack of sufficient information upon which to base a belief therein.

## III.

The allegations contained in Paragraphs 2-12, 21-24, 26-27, 29, 36, 41-45, 48-53, 54-58, 60, 62-76, 86, 88, 90-98, 101-105, 108, 110-25, 127-57, 159, 161-80, 186, 188-89, 191, 193, 217, 219-21, 224-36, 266-77, 281-88, 302-03, 305-06, 308-09, 312-18, 320-24, 330-40, and 346, including all subparts, are denied for lack of sufficient information upon which to base a belief therein.

## IV.

The allegations contained in Paragraphs 16, 19, 61, 77-79, 158, 160, 181, 184-85, 190, 192, 194-97, 218, 222, 241-49, 251-57, 259-63, 287-92, 294-98, 300-01, 304, 307, 328, 347, 350, and 352-54 are denied as they might apply to Weatherford, and otherwise are denied for lack of sufficient information upon which to base a belief therein.

## V.

The allegations contained in Paragraphs 13-15, 17, 20, 28, 30-35, 37-38, 40, 46-47, 59, 80-85, 99-100, 106-07, 109, 126, 182-83, 187, 238-39, 265, 278-79, 311, 319, 325-27, 329, 341-45, 348-49, 351, and 356 call for legal conclusions and, as such, this defendant should not be required to answer.  However, if an answer is deemed necessary, then they are denied for lack of sufficient information to justify a belief therein.

**VI.**

In Paragraphs 18, 77-78, 88, 216, 223, 240, 250, 258, 264, 280, 293, 299, 310, and 355 of the Amended B3 Complaint, the B3 Plaintiffs make statements with respect to realleging and reavering prior allegations. To the extent that these paragraphs require an answer, then Weatherford adopts any answer or defense filed by it with respect to any paragraph of the Amended B3 Complaint in response to these Paragraphs.

**VII.**

With respect to the allegations contained in Paragraph 198-215, the B3 Plaintiffs are not entitled to file a class action under any theory of law under the facts and circumstances of this case and, accordingly, the allegations are denied.

**VIII.**

With respect to the allegations contained in Paragraph 25, Weatherford admits that BP Exploration was designated as a responsible party by the U.S. Coast Guard. The remaining allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

**IX.**

With respect to the allegations contained in Paragraph 39, Weatherford admits that Transocean Holdings was designated as a responsible party by the U.S. Coast Guard. The remaining allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

**X.**

With respect to the allegations contained in Paragraph 87, Weatherford admits that the *Deepwater Horizon* was used at the Macondo prospect site in Mississippi

Canyon Block 252. The remaining allegations of Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

## XI.

With respect to the allegations contained in Paragraph 89, Weatherford admits that 11 people died on the *Deepwater Horizon*. The remaining allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

## XII.

Weatherford denies the allegations of any preamble, preliminary statement, prayer, misnumbered or unnumbered paragraphs of the B3 Amended Complaint.

WHEREFORE, Weatherford prays that its answer be deemed good and sufficient and after due proceedings had, there be judgment in its favor, dismissing all claims and for all costs of these proceedings.

Respectfully submitted:

*/s/ Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8174
Facsimile: (504) 589-8174
E-mail: ggoodier@joneswalker.com;
rbertram@joneswalker.com;
lsannino@joneswalker.com

>MICHAEL G. LEMOINE, T.A. (#8308)
>GARY J. RUSSO (#10828)
>DOUGLAS C. LONGMAN, JR. (#8719)
>Jones, Walker, Waechter, Poitevent,
>  Carrère & Denègre
>600 Jefferson Street, Suite 1600
>Lafayette, , Louisiana  70501-5100
>Telephone:  (337) 262-9024
>E-mail:  mlemoine@joneswalker.com;
>grusso@joneswalker.com;
>dlongman@joneswalker.com
>
>*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

>*/s/  Glenn G. Goodier*
>GLENN G. GOODIER