UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Working Group[1] Conference on Friday, May 20, 2011]**

This order reflects the action taken at the Working Group Conference on Friday, May 20, 2011, and the requirements for the Working Group Conference on **Thursday, May 26, 2011.**

1. **CSI Document Production.**

CSI reported that it had not produced: (1) two documents which it contended were protected from disclosure by the attorney-client privilege; (2) Power Point presentations for cement testing which may contain confidential well data; and (3) about 150 documents which it believed were not responsive. The remaining documents called for by the subpoena have been produced. No party expressed dissatisfaction with CSI's report on its document production.

2. **DNV Forensic Protocol BOP**.

DNV provided its description of the problem. Cameron submitted relevant email. No decision was made on the issue. A rough draft of the transcript of portion of the conference concerning the DNV protocol was sent to liaison counsel and coordinating counsel on Friday, May 20, 2011. A telephone conference is set for **Monday, May 23, 2011, at 2:00 p.m.** to follow up on the issue.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

**3.      Change to Frequently Asked Questions.**

The changes to the FAQ were agreed upon. The PSC shall incorporate the revisions and post them on the website.

**4.      Clean-Up Responder Defendants' Deadlines.**

There is no objection to the deeming order sought by the Clean-Up Responder Defendants. They shall submit an *ex parte* motion requesting entry of the deeming order and state that there is no opposition to it.

**5.      Oral Argument with Judge Barbier.**

The Court reported that Judge Barbier requested that the parties limit the topics which will be addressed in oral argument and that defendants coordinate their arguments.

**6.      Issues Concerning Discovery from BP.**

   A.     Late production of documents.

BP stipulated as to the authenticity of the transcript of James Weatherbee's interview of Tony Brock (BP HZN BLY 14125821309). BP will not be required to re-produce Weatherbee for a deposition. The PSC may take the deposition of Tony Brock after July 31, 2011 and before commencement of Phase One of the February 2012 trial.

   B.     September 2008 Caspian Sea Blowout.

There was discussion concerning two reports submitted *in camera* by BP on the Caspian Sea Blowout. The reports were submitted to four members of the PSC. The reports shall not be released to anyone else pending further action by the Court. The PSC may submit a further memorandum by **Tuesday, May 24, 2011,** at which time its request for production of the two reports will be submitted.

7.    **Issues Concerning Discovery from the U.S.**

The U.S. reported that it is working on a further order regarding settlement communications which it anticipates will be presented to Judge Barbier by May 26, 2011.

8.    **Fifth Amendment Witnesses.**

Anadarko/MOEX shall prepare a proposed standard statement for invocation of the Fifth Amendment and circulate it to all counsel. An order will be entered requiring the witnesses to adhere to the statement when invoking the Fifth.[2]

9.    **June and July Depositions.**

| | | |
|---|---|---|
| Brian Morel (N.O.) | July 21 and 22 | |
| Mark Hafle (N.O.) | July 21 and 22 | |

The PSC confirmed the dates for Morel and Hafle.

| | | |
|---|---|---|
| Jassal, Kal (N.O.) | July 21 | BP Topic 1 |
| Byrd, Mike (N.O.) | July 13 and 14 | BP Topics 13 and 22-26 |
| Albertin, Martin (N.O.) | July 12 and 13 | |

The dates for Jassal, Byrd and Albertin are confirmed. The U.S., the PSC, the States, and Halliburton requested that BP produce Mark Alberty, who is described as a Senior Advisor Pore Pressure/Rock Mechanics, with responsibility for plotting and interpreting formation integrity tests on behalf of BP. A question was raised to whether Martin Albertin and Mark Alberty are the same person. BP reported that it believed they were two different people. At the **May 26, 2011** conference, BP shall clarify the issue and obtain possible dates for Alberty's deposition.

---

[2] If a witness or his/her counsel wants to make a broader statement at the commencement of the deposition he may do so and the statement shall continue to apply to each response during the deposition.

3

    Anthony Inglis (U.K.)        July 21 and 22

The date is confirmed for London. Counsel for Mr. Inglis has a trial during the U.K. deposition track. If this changes, BP will attempt to reset the deposition during the U.K. track.

    Mr. Saucier (N.O.)        July 27 and 28

    Eric Neal (N.O.)        July 21 and 22

    Robert Neal (N.O.)

Mr. Saucier, Eric Neal and Robert Neal are MMS employees. BP is coordinating their appearance with the U.S. The dates for Mr. Saucier and Eric Neal are confirmed.

    Kevin Kennelly (N.O.)        June 29

    David Rich (N.O.)        June 1 and 2

Mr. Rich was moved from May 31 and June 1. Halliburton will be permitted to conduct its examination of Mr. Rich on June 1.

    Wright, John (Boots & Coots)(N.O.)        June 9 and 10 (tentative)

There was agreement on Mr. Wright's fee and expenses. Halliburton shall: (1) try to schedule Mr. Wright for June 9 and 10; (2) obtain production of his entire file; and (3) serve him with a subpoena.

    Ingram, James (N.O.)        July 27 and 28        Kurt Arnold

    Meinhard, Paul (N.O.)        July 28 and 29        Kurt Arnold

Halliburton confirmed these dates with Mr. Arnold

    Mr. Sneddon

BP confirmed that it did not want Mr. Sneddon's deposition. No other party requests it. He is removed from the list.

Redd, Eddy

Transocean is working with Mr. Redd's employer on dates and arrangements for the deposition.

Hadaway, Troy James      July 12 and 13

Transocean confirmed the dates for Mr. Hadaway's deposition.

Lindner, Leo      July 13 and 14      Tony Buzbee

BP shall confirm the deposition dates for Mr. Lindner with Mr. Buzbee.

10. **Rescheduling of Depositions**.

In the absence of a medical excuse or family emergency the Court will not permit scheduled depositions to be rescheduled and all depositions required for the completion of expert reports for Phase One of the February 2012 trial shall be taken by **July 31, 2012.**

11. **Requests for Additions.**

By the close of business on Monday, May 23, 2011, the parties shall rank their requests for additional persons to be deposed by July 31, 2011.

12. **London Depositions**.

The Court will be present for the first week of the depositions in London (June 6 through June 10). The Court's presence at the depositions will not change the deposition protocols (PTOs 17 and 27). There will be a dry run on **Friday, June 3, 2011**, at 2:00 p.m. U.K. time - 8:00 a.m New Orleans time. Counsel shall carefully review counsel for BP's description of the procedures for registering to gain access to the London Kirkland & Ellis office.

All parties with witnesses being deposed in the U.K. (Or outside the U.S.) shall take every reasonable measure to ensure that custodial production for the London depositions is completed in

accord with the 14-day custodial file production and that "stragglers" are kept to the barest possible minimum.

**13.**     **Priority Requests for Additional Time**.

The requests for additional time for Fred Sabins, David Rich, Harry Thierens, David Brown and Vincent Tabler were reviewed. Some time for these requests was ceded. A ruling on the requests was issued on Friday, May 20, 2011 after the conference.

**14.**     **Allocation of Examination Time at Depositions.**

Pursuant to PTO 27 and the agreements among the defendants, the examination time is currently allocated as follows.

| | | |
|---|---|---|
| Plaintiffs | | 5 hours |
| United States | | 2 hours |
| States with claims pending in MDL | | 2 hours |
| Defendants | | 6 hours total: |
|     Halliburton | 75 minutes | |
|     Transocean | 75 minutes | |
|     Anadardko/MOEX | 75 minutes | |
|     Cameron | 45 minutes | |
|     Weatherford | 45 minutes | |
|     M-I Swaco | 15 minutes | |
|     BP | <u>30 minutes</u> | |
|     **Total** | 360 minutes | |
| | 15 hours | |

The allocation changes in a similar manner when the deponent is associated with a different party. For example, when a Halliburton employee is deposed, BP has 75 minutes and Halliburton has 30 minutes. Dril-Quip is not assigned time, but time is made available to it as needed. When a witness is testifying about BOP issues, Cameron's time is increased and another defendant's time is decreased.

Because of the settlement between MOEX and BP, some parties requested a reallocation of the defendants' time. At present the Court will deal with requests for additional examination on a case-by-case basis. At a future time, there may be a reallocation of the examination time among the defendants as well as the allocation found in PTO 27.

**15.** **BP/MOEX Settlement**.

The PSC requested production of the settlement and indemnity agreements. New counsel may appear for MOEX. If so, new counsel will be bound by all deadlines. The PSC/Mitsui stipulation on jurisdiction is tabled.

**16.** **Trial Preparation.**

The Court reported that Judge Barbier expects that: (1) documentary evidence will be presented in electronic format and there will be no hard copies; (2) for documents in excess of three pages, only pertinent pages will be presented and pertinent portions of those pages will be highlighted; and (3) excerpts of depositions will be presented rather than the entire deposition. The PSC shall propose a sequence for designation of deposition excerpts. Presumably the party calling the witness will go first in making designations and others will follow.

**17**. **Other**.

The Court and the parties must be mindful of the rule that a deposition is treated as highly

confidential for the first two weeks after it is taken.

Cameron raised an issue concerning the Rule 30(b)(6) notice for BP in light of its cross-claim against Cameron. BP opposes any change to the Rule 30(b)(6) notice. By **Tuesday, May 24, 2011**, Cameron shall submit: (1) the portions of the BP cross claim which prompted this issue; (2) the current BP 30(b)(6) notice; (3) Cameron's requested additions to the 30(b)(6) notice; and (4) the contention interrogatories Cameron served in response to the BP cross-claim.

Transocean confirmed that the custodial file production is the highest priority.

The U.S. is considering proposing a stipulated time lime for Source Control.

**19.     Phase One Schedule August 1 through December 31, 2011.**

| Date | Event |
|---|---|
| 08-15-2011 | Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness. |
| 09-12-2011 | Expert Reports from Vessel Owner/Petitioner in Limitation. |
| 10-05-2011 | All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports. |
| 10-26-2011 | Rebuttal Expert Reports for the February 2012 Trial. |
| 10-31-2011 | Begin depositions of All Experts for February 27, 2012 trial. |
| 12-16-2011 | End depositions of All Experts who will testify at February 27, 2012 trial. |
| 12-30-2011 | Parties shall exchange final lists of trial witnesses and exhibits. |

It is assumed that the experts will be deposed in the same sequence in which the reports are issued. By **July 1, 2011**, each party shall provide *in camera* a tentative list of their experts with a brief statement of their expertise and the date on which the party anticipates issuing the report of the expert. The parties should also provide tentative dates on which the experts are available for deposition. The Court will use this information to begin work on a schedule for expert depositions

during the period from October 31, 2011 through December 16, 2011.

It is anticipated that the period from Monday, September 12, 2011 through Friday, October 7, 2011 will be set aside for the depositions of fact witnesses whose testimony is not required for the completion of expert reports but whose testimony is required in preparation for Phase One of the February 27, 2012 trial.

**20**.    **Depositions of Fact Witnesses Required for Preparation of Experts for Phase Two**.

It is anticipated that the depositions of fact witnesses required for preparation of experts for Phase Two will begin on Monday, September 12, 2011 and run concurrent with the discovery and trial preparation for Phase One of the February 27, 2011 trial.

**21.**    **Conference Schedule**.

**Parties are not required to have counsel present in the courtroom for these conferences. Counsel are encouraged to participate by telephone if it is more convenient and less expensive for them to do so.**  The undersigned may schedule a conference in the future where telephone attendance only is permitted.

| | |
|---|---|
| Thursday, May 26, 2011 at 1:30 p.m. | WGC followed by meeting of LCC. |
| Friday, June 3, 2011 8:00 a.m. (N.O. time)(2:00 p.m. U.K. time) | London dry run. |
| Friday, June 10, 2011 | No conference |
| Friday, June 17, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, June 24, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 1, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 8, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, July 15, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, July 22, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 5, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 26, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

Labor Day Break - August 31 through September 6, 2011.

New Orleans, Louisiana, this 23rd day of May, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

10