UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO:  Nos. 11-274 and 11-275 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### BP PARTIES' MEMORANDUM IN SUPPORT OF
### PROPOSED CASE MANAGEMENT ORDER FOR THE INSURANCE ACTIONS

The BP Parties hereby move for entry of BP's Proposed Case Management Order for the Insurance Actions, which is attached as Exhibit A hereto.[1]  Intervenors Anadarko and MOEX support the entry of BP's proposed order.[2]  The remaining parties to these two suits (*i.e.*, the Insurers, which preemptively filed these suits, and Transocean Holdings, LLC and three of its affiliates (collectively, "Transocean"), which recently intervened), have informed BP, Anadarko, and MOEX that they oppose BP's Proposed Case Management Order and will file a competing proposed order of their own.  BP understands there to be three material disagreements between the parties' competing orders:

*First*, the Insurers and Transocean oppose the setting of an early date (*i.e.,* in June 2011) for the filing by BP of a motion for judgment on the pleadings or, in the alternative, summary judgment, on the Insurers' complaints.  BP believes that the Insurers' claims, which seek

---

[1] The "BP Parties" are all BP-affiliated defendants and counterclaimants in the two pending insurance coverage actions (Nos. 11-274 and 11-275) that are part of this MDL proceeding: namely, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc., BP Holdings North America Limited, and BP plc. (collectively, "BP").

[2] "Anadarko" refers to Anadarko E&P Company, LP and Anadarko Petroleum Corporation, and "MOEX" refers to MOEX Offshore 2007.

declaratory judgments on a legal issue, can be resolved, at the threshold, as a matter of law, and there is no valid reason why BP (or Anadarko or MOEX) should not be able to submit a motion on this issue promptly.

*Second*, the Insurers and Transocean do not want discovery in the Insurance Actions to be limited to "insurance-specific" issues, no matter how that term is defined, and believe that they should be entitled to pursue discovery of the multitude of underlying facts that are the main focus of this MDL proceeding, separate and outside of the process that this Court already has in place for discovery in the underlying actions, and notwithstanding that the Court is actively supervising and circumscribing discovery in those actions to effectively manage this litigation.

*Third*, the Insurers and Transocean oppose the setting of limits (beyond what the Federal Rules of Civil Procedure otherwise impose) on the volume of written discovery requests and deposition notices that they may serve — again, notwithstanding the fact that these actions are part of a massive MDL proceeding, that the underlying facts are already the subject of extremely demanding ongoing discovery in the underlying cases, and that such discovery can readily be made available for use in these Insurance Actions.

Because BP's proposed order provides a sensible schedule and guidelines for the management of these Insurance Actions, and because the Insurers' and Transocean's objections to it are unreasonable, BP (with the support of Anadarko and MOEX) submits that the Court should enter its proposed order.

## BACKGROUND

The Insurance Actions are two declaratory judgment actions filed against BP in the spring of 2010, which were transferred from the United States District Court for the Southern District of Texas to this MDL proceeding on February 8, 2011, by order of the Judicial Panel on

Multidistrict Litigation. The plaintiffs in the Insurance Actions are liability insurance carriers (collectively, "Insurers") that issued insurance policies to Transocean that provide coverage to the BP Parties as "additional insureds." The defendants and counterclaimants in the Insurance Actions are the BP Parties.

The Insurers seek a declaration that the "additional insured" coverage that they are obligated to provide to BP is limited, not solely by the express terms and conditions of their respective insurance policies, but also to the scope of certain indemnities that Transocean Holdings LLC agreed to provide to BP in the drilling contract between predecessors of BP America Production Company and Transocean Holdings concerning the *Deepwater Horizon* and its crew (the "Drilling Contract") — *a contract to which none of the Insurers is a party*. The Insurers allege that, in the Drilling Contract, Transocean Holdings did not agree to indemnify the BP Parties for pollution-related liabilities of the sort at issue in many of the actions that have been transferred to this MDL proceeding and that the Insurers accordingly are not obligated to provide coverage to the BP Parties for any defense or indemnity costs arising out of those proceedings under the insurance policies. The pertinent BP parties have filed a counterclaim against the Insurers, seeking a declaration that the Insurers are obligated to provide insurance coverage for liabilities arising out of the *Deepwater Horizon* incident and the resulting oil spill, without any such limitation.[3]

Anadarko and MOEX, which claim that they too are "additional insureds" under the subject policies, recently intervened and likewise have asserted coverage claims against the Insurers under the subject policies. Transocean also recently intervened, apparently to support

---

[3] Certain BP Parties have also filed a counterclaim against various marine package insurers concerning certain marine losses, and those insurers seek a declaration of no coverage with respect to those losses.

the Insurers, but BP has moved to dismiss its complaint for lack of standing, lack of jurisdiction, and failure to state a claim (docket nos. 1755, 2249); that motion remains pending.

## ARGUMENT

Since the Insurance Actions were transferred to this Court, the parties have conferred extensively in an effort to agree on a case management and scheduling order to govern these actions. BP submits that its proposed order (Exhibit A hereto) provides a sensible schedule and guidelines for the management of these two suits and, with the support of Anadarko and MOEX, respectfully requests that the Court enter its proposed order. As noted above, BP understands that three materials disagreements remain, and BP submits that its position on these three issues (as reflected in its draft order) should prevail.

**A. The Court Should Set a Prompt Submission and Hearing Date for BP's Motion for Judgment on the Pleadings or, in the Alternative, Partial Summary Judgment.**

BP plans to file a motion for judgment on the pleadings or, in the alternative, partial summary judgment, by which it seeks to dispose of the Insurers' complaints. BP proposes to file its motion by June 13, 2011, under a schedule by which briefing would be completed in July and the motion could be argued in August and decided by this fall. The Insurers have identified no valid reason why BP should not be able to submit its motion promptly.

BP proposes to file an early dispositive motion because the Insurers' complaints, which seek declaratory relief, present a pure legal issue of insurance policy interpretation that has been decided by the Texas Supreme Court under controlling Texas law: namely, whether the scope of BP's "additional insured" coverage under the insurance policies at issue (which are governed by Texas law) is to be determined solely in reference to the terms and conditions of the policies themselves, or also in reference to the terms and conditions of the BP-Transocean Drilling Contract, to which the Insurers are not parties. Early briefing and ruling on this question will

4

either resolve the Insurers' complaints in their entirety or, at a minimum, substantially narrow and focus the scope of any discovery needed to decide the claims they present.

The Federal Rules of Civil Procedure expressly provide that motions for summary judgment may be filed "at any time," until 30 days after the close of all discovery (Fed. R. Civ. P. 56(b)), and it is the purpose of the Federal Rules to promote the prompt and efficient disposition of cases (Fed. R. Civ. P. 1). A potential threshold resolution of the Insurers' declaratory claims, in a ruling of pure law, would be most efficient and should be welcome.

The Insurers and Transocean have presented no valid reason in support of their assertion that BP's planned motion would be "premature" and have offered no sound explanation for their dilatory counterproposal, which (as explained to BP) would postpone the filing of *all* potentially dispositive summary judgment motions until after the conclusion of all discovery in the Insurance Actions and after issuance of the Court's judgment in the "limitation of liability/fault" trial, now scheduled to begin on February 27, 2012, and would postpone any hearing on a motion for judgment on the pleadings until late this year or early next year (and which would mean, as a practical matter, given the February 27, 2012 trial date, that any ruling by Judge Barbier on the motion may not be issued until well into 2012). Yet, by definition, a motion for judgment on the pleadings requires no discovery and cannot depend on what happens in the forthcoming, underlying trial. Nor can the Insurers or Transocean claim prejudice from BP's proposed alternative, an early summary judgment motion. If they reasonably require certain discovery to respond to some aspect of BP's motion, they can make the requisite showing under Rule 56(d) of the Federal Rules — in context and after seeing the motion. What they should not be allowed to do is to set a procedure that defers a ruling on BP's threshold dispositive motion for what is likely to be well more than a year under their proposal, while in the meantime compelling BP to

respond to discovery that will prove unnecessary (and duplicative) because the issues that can be disposed of right now, without discovery.

**B. To Avoid Duplicative, Unnecessary, and Overly Burdensome Discovery, Any Separate Discovery in the Insurance Actions Should Be Limited to Insurance-Specific Issues.**

In order to manage this litigation as fairly, effectively, and efficiently as possible, BP's proposed order provides that "any discovery conducted in the Insurance Actions shall be limited to topics that are relevant and specific only to insurance issues pleaded in the Insurance Actions" and, "[i]n respect to all other issues, the parties to the Insurance Actions shall rely upon ongoing discovery conducted in the other actions in MDL No. 2179." BP's Proposed Case Management Order, ¶ IV.B. The enormous practical demands of this MDL proceeding counsel strongly in favor of this approach.

Indeed, when the Insurers successfully moved to transfer and consolidate the Insurance Actions within this MDL proceeding, they did so on the express basis that "[t]here is no reason for there to be a separate discovery process that would be on a different track than the MDL proceedings, which would only result in unnecessary duplicative discovery." Excess Insurers' Mot. To Consolidate, Stay, And Transfer, ¶ 19 (*Certain Underwriters at Lloyd's, London and Various Insurance Companies v. BP Exploration and Production, Inc., et al.*, S.D. Tex. No. 10-cv-01823, docket no. 27). They argued that "[t]he parties and witnesses would be best served by transfer of the coverage actions to MDL No. 2179 to avoid duplication of discovery efforts" (Insurers' Opp. to BP's Mot. To Vacate Conditional Transfer Order at 15 (United States Judicial Panel on Multidistrict Litigation, MDL No. 2179, docket no. 401)), and they contended that "*[g]lobal discovery* in the MDL will be relevant" and "*[g]lobal discovery* is needed" insofar as underlying issues might be concerned (Ranger's Opp. to BP's Mot. to Vacate Conditional

6

Transfer Order at 2 (emphasis added) (United States Judicial Panel on Multidistrict Litigation, MDL No. 2179, docket no. 405)).

Now that these actions are consolidated before this Court, however, the Insurers (with the support of Transocean) have adopted a contrary position, arguing that they should not be limited by the discovery process and schedule that the Court has carefully put in place for the underlying facts, and should not be bound by, or required to rely upon, the developing underlying discovery record in regard to the facts being addressed there. The Court should have little patience for such gamesmanship, particularly in the face of the enormous efforts and cooperation that have been required, and have been occurring, among all parties involved to manage the underlying discovery process, which is already accommodating 6-8 depositions per day on some dates as well as massive written and documentary discovery.

The Insurers have told BP that they accept "in principle" that discovery of underlying facts should occur through the underlying actions and that discovery in the Insurance Actions should be limited to "insurance-specific" issues, and they asked BP to offer a proposed definition of "insurance-specific" for purposes of implementing this limitation, which BP has done. BP's Proposed Case Management Order defines "insurance-specific," for purposes of any discovery to be permitted in the Insurance Actions, to mean "relating to the issuance, drafting, existence, content, or interpretation of any insurance policy at issue." BP's Proposed Case Management Order, ¶ IV.D. The Insurers, however, have refused to agree to a case management order incorporating this limitation; they have offered no explanation for why this is an inappropriately worded limitation; and they have offered no revisions to BP's proposed limitation that they would be willing to accept. Instead, they have suggested that there should be no limitations in

7

the Court's case management order on the topics that they might be allowed to explore in discovery.

The Insurers' position is unreasonable (and unworkable) — and at odds with their own representations in seeking to transfer these Insurance Actions to this MDL proceeding. By contrast, BP's proposed limitation allows the Insurers to take full advantage of the underlying fact discovery process. The proposed order also provides that if and to the extent that the Insurers (or Transocean) may present a legitimate request for discovery that arguably reaches beyond the terms of any discovery limitation, the Court (or the parties, by agreement) may accommodate such requests, on a case-by-case basis as and when they arise.

## C. The Court Should Impose the Reasonable Limitations Proposed by BP for the Volume of Discovery Requests That Each "Side" (Not "Party") Can Serve.

BP's proposed order also includes reasonable limits on the number of written discovery requests and depositions that each side (not party) can pursue in the Insurance Actions. Specifically, BP's proposal would allow the Insurers and Transocean to propound, collectively, up to 30 "insurance-specific" document requests, up to 25 "insurance-specific" interrogatories, and up to 30 "insurance-specific" requests for admission on, collectively, BP, Anadarko and MOEX (collectively, the "Insured Parties"). *See* BP's Proposed Case Management Order, ¶ IV.D. Similarly, the Insured Parties would be allowed to propound, collectively, up to 30 "insurance-specific" document requests, 25 "insurance-specific" interrogatories, and 30 "insurance-specific" requests for admission on the Insurers. *Id.* In addition, under BP's proposal, the Insurers collectively and the Insured Parties collectively would be allowed to take a total of 10 "insurance-specific" non-expert witness depositions of the other side (with 7 hours of Rule 30(b)(6) testimony counting as one deposition against this limit). *Id.*, ¶ IV.E.

The Insurers and Transocean have not agreed to any "per side" limitations on discovery and generally oppose placing limits on the number of depositions that may be taken in the Insurance Actions. But more extensive discovery is unnecessary in light of the limited and discrete legal issues that the parties' pleadings present, and given the ready availability of the extensive underlying discovery record. Further, a "per side" limit on discovery is particularly sensible in this case to avoid practically limitless discovery requests where, as here, dozens of insurers (or London market insurance syndicates) have the same issues and interests to pursue and, without such limitations, could run up the Insured Parties' costs with needlessly burdensome, additional requests.

In addition, BP's proposal allows any party to petition the Court, on a showing of good cause, to expand the volume of permissible discovery beyond the limits set forth in the order, which provides adequate protection to all parties in the unlikely event that additional insurance discovery is needed and justified. *See* BP's Proposed Case Management Order, ¶ IV.H.

Finally, the Insurers' proposed order would postpone discovery and pleadings dates by at least another month, even though the Insurance Actions have been pending for more than a year.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court enter its Proposed Case Management Order (Exhibit A).

9

                                                  Respectfully submitted,

                                                  /s/ David B. Goodwin
Allan B. Moore                                    David B. Goodwin
Seth A. Tucker                                    M. Alexia dePottere-Smith
Christopher J. Wenk                               Covington & Burling LLP
Covington & Burling LLP                           One Front Street, 35th Floor
1201 Pennsylvania Avenue, NW                      San Francisco, CA  94111
Washington, DC  20004-2401                        Tel:  (415) 591-6000
Tel:  (202) 662-6000                              Fax:  (415) 591-6091
Fax:  (202) 778-5575                              E-mail:  dgoodwin@cov.com
E-mail:  abmoore@cov.com                          E-mail:  adepottere@cov.com
E-mail:  stucker@cov.com
E-mail:  cwenk@cov.com


*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:  May 23, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of May, 2011.

/s/ Christopher Wenk  
Christopher Wenk