# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| APPLIES TO:  11-274 and 11-275 | MAGISTRATE SHUSHAN |

**BP'S [PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER
FOR THE INSURANCE ACTIONS**

Considering the need for organization of this complex litigation and to expedite the litigation process, this Court on October 19, 2010 entered Case Management Order No. 1 (CMO #1). In CMO #1, this Court set forth several guidelines including but not limited to: (1) pleading bundles, (2) time periods for filing pleadings, and (3) discovery guidelines. In order to further organize matters within this Multidistrict Litigation concerning Action Nos. 11-274 and 11-275 involving the following parties (collectively, the "Insurance Actions"), the Court orders as follows:

- Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to certain excess liability insurance policies issued to Transocean Ltd. (collectively "Excess Underwriters");

- Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to Marine Package Policies ARS4925 and PEO902090 ("Primary Marine Package") and Sections 1 through 5 of Marine Package Policy PEO0902536 ("Excess Marine Package") (collectively, "Marine Package Insurers");

- Ranger Insurance Limited (collectively with Excess Underwriters and Marine Package Insurers, "Insurer Parties");

- Triton Asset Leasing GmbH., Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc. (collectively, "Transocean");

2

- BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc., BP Holdings North America Limited (collectively, "BP" or "BP Parties");

- Anadarko E&P Company, LP, and Anadarko Petroleum Corporation (collectively, "Anadarko"); and

- MOEX Offshore 2007 ("MOEX," and collectively with BP and Anadarko, "Insured Parties").

### I.  CONSOLIDATION OF THE INSURANCE ACTIONS

The Insurance Actions were transferred from the United States District Court for the Southern District of Texas to MDL No. 2179 by orders of the United States Judicial Panel on Multidistrict Litigation on February 8, 2011. Action No. 11-274 is hereby consolidated into Action No. 11-275.

### II.  STAY OF PROCEEDINGS

Without prejudice to the right of any other party to object and to claim that they have no such right, the Transocean parties reserve the right to file a Motion to Stay this action pending the conclusion of arbitration proceedings between BP and Transocean under the Drilling Contract dated December 9, 1998.

### III.  INITIAL PLEADINGS

Complaints, answers, and motions to intervene were filed in the Insurance Actions before and after transfer of these actions to this Court, and after transfer, the Court granted the motions for leave to intervene filed by Anadarko; MOEX; and Transocean. The Court sets the following dates for the pleadings identified below:

A. Responses to Anadarko's Complaint in Intervention, MOEX's Complaint in Intervention, and Transocean's Complaint in Intervention shall be filed by June 3, 2011.  Transocean will respond to the BP Parties' Motion to Dismiss

Transocean's Complaint in Intervention by June 6, 2011. (The Court's Order of March 25, 2011 setting a filing deadline of April 20, 2011 for any cross or third-party claims that may be asserted by BP against Transocean shall not apply to the filings of this subparagraph.)

B. BP has advised the Court and all parties to the Insurance Actions that it is prepared to file a motion for judgment on the pleadings or partial summary judgment with respect to the Insurer Parties' complaints in the Insurance Actions promptly. The contemplated motion shall be filed by June 13, 2011.

C. Motions by Insured Parties for leave to file third party complaints to add additional insurers that have issued policies to Transocean under which any party claims to be insured, and any joinders by MOEX and Anadarko in BP's motion for judgment on the pleadings or partial summary judgment with respect to the Insurer Parties' complaints in the Insurance Actions shall be filed by June 13, 2011.

D. Opposition to motion by Insured Parties for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions, and responses to motions by Insured Parties for leave to file third party complaints to add insurers shall be filed by July 8, 2011.

E. Replies in support of motion by Insured Parties for judgment on the pleadings or partial summary judgment with respect to the complaints in the Insurance Actions, and replies in support of motions by Insured Parties for leave to file third party complaints to add insurers shall be filed by July 25, 2011.

F.  Hearing on motions identified in paragraphs A-C above shall occur on August 3, 2011.

G.  No other motions except for those expressly authorized by another Pretrial Order or any discovery motions shall be filed in the Insurance Actions without prior leave of Court.

IV. **DISCOVERY**

A.  **Discovery in MDL No. 2179**. Except where otherwise provided herein, by agreement of the parties, or by further order, the Insurance Actions shall be subject to all rules, rulings, and limitations that apply to all other actions in MDL No. 2179, and discovery taken in any such other actions shall be deemed also to have been taken in and available for use in the Insurance Actions, without waiver of any objections in relation to any such discovery, including, without limitation, for admissibility or relevance.

B.  **Avoidance of Unnecessary and/or Duplicative Discovery**. In order to manage this litigation as fairly, effectively, and efficiently as possible, the Court and Magistrate Judge Shushan have placed limitations on and closely supervised discovery in this MDL proceeding. For this reason, and because the Insurers moved to transfer the Insurance Actions to this MDL proceeding in order to allow the parties to achieve the benefits of this MDL proceeding, the Court will not permit the pursuit of discovery in the Insurance Actions that circumvents these limitations. Accordingly, any discovery conducted in the Insurance Actions shall be limited to topics that are relevant and specific only to insurance issues pleaded in the Insurance Actions. In respect to all other issues, the parties to the Insurance Actions shall rely upon ongoing discovery conducted in the other actions in MDL

No. 2179. Thus, for example, no witness may be deposed in the Insurance Actions and no written discovery may be served in the Insurance Actions on any topic that is currently a permissible subject of discovery pursuant to the Pretrial Orders or Case Management Orders that have previously been issued in MDL No. 2179. The parties in the Insurance Actions may participate in the ongoing discovery, in accordance with MDL No. 2179 Pretrial Order No. 11. If and to the extent that discovery is not sought outside the Insurance Actions before the conclusion of the Limitations trial currently scheduled for February 2012 on a topic that is currently a permissible subject of discovery outside the Insurance Actions, the party in the Insurance Actions seeking that discovery may request leave of this Court to take such discovery in the Insurance Actions, subject to any objections by the responding party.

C.   **Initial Disclosures**:   The parties will exchange their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) by June 14, 2011.

D.   **Written Discovery Requests**:  Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure and the Court's pretrial orders in this MDL proceeding, except that the Insurer Parties and Transocean may propound, collectively, up to 30 "insurance-specific" document requests, up to 25 "insurance-specific" interrogatories, and up to 30 "insurance-specific" requests for admission on the Insured Parties, and the Insured Parties may propound, collectively, up to 30 "insurance-specific" document requests, up to 25 "insurance-specific" interrogatories, and up to 30 "insurance-specific" requests for admission on the Insurer Parties and Transocean (collectively). To

6

the extent production involves electronically stored information ("ESI"), MDL No. 2179 Pretrial Order No. 16 will apply. To the extent request for production of any document seeks privileged and/or work product materials, MDL No. 2179 Pretrial Order No. 14 will apply. Written discovery may commence on or after June 1, 2011. For purposes of this Order, and without prejudice to any objections that any party may have to the relevance, admissibility or propriety of any discovery requests, the term "insurance-specific" shall mean "relating to the issuance, drafting, existence, content, or interpretation of any insurance policy at issue."

E. **Fact Depositions**: The Insurer Parties and Transocean shall be limited collectively to a total of 10 "insurance-specific" fact depositions, and the Insured Parties shall be limited collectively to a total of 10 "insurance-specific" fact depositions. Any deposition(s) of corporate representative(s) pursuant to Fed. R. Civ. P. Rule 30(b)(6) shall count against this deposition limit, and 7 hours of deposition testimony of any corporate representative witness(es) shall count as one deposition against the deposition limit, regardless of the number of specified subjects and subparts. Fact depositions regarding the insurance and related issues may commence on or after June 30, 2011.

F. **Fact Discovery Cutoff:** All written discovery and fact depositions shall conclude by February 29, 2012.

G. **Experts**: Any expert reports on "insurance-specific" issues shall be submitted by the parties by March 30, 2012. Rebuttal expert reports on insurance issues shall

        be submitted by April 30, 2012. Expert depositions shall be completed by May 31, 2012.

   H.    Any party may petition the Court, upon a showing of good cause, for additional discovery beyond the limits set forth in this Order. In this connection, it shall be accepted as good cause and presumed that the Insured Parties shall be entitled, collectively, to take at least one deposition of each Insurer Party if any Insured Party determines (if and after the Insured Parties' above-specified limit on fact depositions is reached) that it would like to depose any Insurer Party that has not yet had any witness (or corporate representative) deposed. Likewise, it shall be accepted as good cause and presumed that the Insurer Parties shall be entitled, collectively, to take at least one deposition of each Insured Party if any Insurer Party determines (if and after the Insurer Parties' above-specified limit on fact depositions is reached) that it would like to depose any Insured Party that has not yet had any witness (or corporate representative) deposed.

**V.   SUMMARY JUDGMENT MOTIONS**

   A.    Notwithstanding Section III.B above, any motions for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than 30 days after issuance of the Court's judgment in the Limitations trial currently set to commence in February 2012.

   B.    Any opposition to a motion for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than 30 days after the filing of the motion.

    C.    Any reply in support of a motion for summary judgment or partial summary judgment in the Insurance Actions shall be filed no later than 30 days after the filing of the opposition.

    D.    The Insurer Parties, the Insured Parties, and Transocean shall each coordinate with respect to motions for summary judgment or partial summary judgment, to avoid duplicative filings.

    E.    The Court will schedule a hearing on the motions for summary judgment or partial summary judgment at an appropriate time following the close of briefing.

## VI. REMAINING CASE SCHEDULE

By or before the October 2011 status conference in MDL No. 2179, or within 21 days after the Court's rulings on the motions in Section III above, whichever is earlier, the parties shall present a supplemental case management plan for the remainder of the Insurance Actions. This deadline shall be without prejudice to the rights of any party to request otherwise, if and as circumstances may warrant as the litigation proceeds. In this connection, and with regard to scheduling matters generally, the parties are ordered to coordinate, cooperate, and reach agreements to the maximum extent possible and to seek intervention of the Court only where necessary to resolve a good faith dispute.

IT IS SO ORDERED, this _____ day of _____, 2011, in New Orleans, Louisiana.

                                                        _____
                                                        THE HONORABLE SALLY SHUSHAN
                                                        UNITED STATES MAGISTRATE JUDGE