# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>CIVIL ACTION NO. 10-2771 |
| IN RE: THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| THIS DOCUMENT RELATES TO: CIVIL ACTION NO. 10-2771 | § § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS TRANSOCEAN'S CROSS-CLAIMS/COUNTER-CLAIMS**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

May 23, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

# I.
# INTRODUCTION AND SUMMARY OF ARGUMENT

In its Rule 13 Cross-Claims/Counter-Claims, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively "Transocean") bring a claim against M-I L.L.C. ("M-I") for "Breach of Warranty of Workmanlike Performance."  Claim ¶¶ 71-73.  But Transocean never contracted with M-I to provide any services, and thus this contract-based claim for breach of workmanlike performance fails as a matter of law.

# II.
# ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a claim that "fail[s] to state a claim upon which relief can be granted."  *See Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

Transocean alleges that M-I breached a maritime law warranty of workmanlike performance.  Claim ¶ 73.  This maritime law warranty arises from contractual relationships.  As the Fifth Circuit has stated, the warranty of workmanlike performance is "implied in all maritime *contracts*."  *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1141 (5th Cir. 1991) (emphasis added).  Other circuits follow this rule as well.  *See, e.g., N. Ins. Co. of N.Y. v. Point Judith Marine, LLC*, 579 F.3d 61, 67 (1st Cir. 2009) (quoting *Parks v. United States*, 784 F.2d 20, 26 (1st Cir. 1986)); *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1315-16 (11th Cir. 2003); *Jo Ann B., Inc. v. Carter Mach. Co.*, 172 F.3d 44 (Table), 1998 WL 957456, at *3 (4th Cir. 1998); *Knight v. Alaska Trawl Fisheries, Inc.*, 154 F.3d 1042, 1044 (9th Cir. 1998); *DeCarli v. Crusoe's Rivertown Motors, Inc.*, 68 F.3d 474 (Table), 1995 WL 620964, at *4 (6th Cir. 1995).

Transocean fails to state a claim for which relief can be granted because it fails to allege that it had a contract with M-I to provide services. Because the contract M-I operated under was with BP, not Transocean, Transocean cannot bring a claim based on breach of workmanlike performance. Furthermore, to the extent it is relevant, Transocean has also not pleaded that it was the third-party beneficiary of any contract between BP and M-I. Thus, Transocean cannot state a claim against M-I for failure to perform work in a workmanlike manner.

## III.
## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss Transocean's Cross-Claim to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>   Hugh E. Tanner<br>   htanner@morganlewis.com<br>   Texas Bar No. 19637400<br>   1000 Louisiana, Suite 4000<br>   Houston, Texas  77002<br>   Telephone:  (713) 890-5000<br>   Facsimile:  (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001 | **ATTORNEYS FOR DEFENDANT**<br>**M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT**<br>**M-I L.L.C.** | |

DB1/67340928.6

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion to Dismiss Transocean's Cross-Claims/Counter-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of May, 2011.

                                                          /s/ *Hugh E. Tanner*
                                                        Hugh E. Tanner