UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | * | MDL No. 2179 |
| | "Deepwater Horizon" in the | * | |
| | Gulf of Mexico, on | * | |
| | April 20, 2010 | * | SECTION: J |
| | | * | |
| **This Document Relates to No. 11-1136** | | * | Judge Barbier |
| | | * | Mag. Judge Shushan |

<u>**DEFENDANT MARSH USA, INC. 'S**</u>
<u>**MEMORANDUM IN SUPPORT OF MOTION TO SEVER**</u>

On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued a Transfer Order encompassing 77 actions filed in multiple districts arising from the April 20, 2010 Deepwater Horizon disaster (MDL-2179 Document 1). In its Transfer Order, the Panel noted that these actions "share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." (*Id.* at p. 3). The Panel cited factual similarities, the need to centralize discovery, the need for consistent pretrial rulings, and the conservation of resources as forming the basis for the Multidistrict Litigation ("MDL") and assigned the action to this Honorable Court. (*Id.*). The Panel applied 28 U.S.C. § 1407, which allows for actions with "one or more common questions of fact" to be transferred to any district "for coordinated or consolidated pretrial proceedings." (*Id.*).

1682314-1

The present case, *ART Catering, Inc. v. David B. Gorney, Jimmy M. Podaras, Marsh USA, Inc. and XYZ Insurance Company* ("the ART Catering Suit"), was originally filed by plaintiff ART Catering, Inc. ("Plaintiff") in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on April 11, 2011 and was timely removed to this Court by defendant, Marsh USA, Inc. ("Marsh"), on May 13, 2011.[1] The ART Catering Suit was erroneously identified as being part of the MDL. Because it does not share common claims or questions of fact with the other cases in the MDL, the ART Catering Suit should be severed from the MDL.

In the ART Catering Suit, Plaintiff alleges: (1) that it entered a contract to provide services to Transocean Offshore Deepwater & Drilling, Inc. ("Transocean"), which contract required Plaintiff to carry $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; (2) that 14 of Plaintiff's employees were working aboard the Deepwater Horizon drilling rig operated by Transocean at the time of the April 20, 2010 explosion; (3) that claims in excess of $50 Million have been made against Plaintiff and Transocean subsequent to the explosion; (4) that Transocean has made demand on Plaintiff for defense and indemnity up to the contractual requirements of $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; and (5) that, under its insurance policies procured by Marsh, Plaintiff is underinsured by $1 Million (Petition for Breach of Contract, ¶¶ V, VIII – X; Notice of Removal, ¶ 3). In essence, Plaintiff is simply claiming that Marsh, through its employees, was negligent in failing to procure the Excess/Umbrella Liability insurance coverage allegedly requested by Plaintiff and required by its contract with Transocean.

---

[1] Plaintiff ART Catering, Inc., through its counsel, has advised that it is planning to file a Motion to Remand and therefore takes no position as to Marsh's Motion to Sever at this time.

The only connection between the ART Catering Suit and the Deepwater Horizon explosion/fire is that the explosion/fire was the triggering event for coverage under the insurance policies placed for Plaintiff by Marsh. The ART Catering Suit does not involve any claims against British Petroleum (BP), Transocean, or any of the other principal defendants in the MDL. The ART Catering Suit also does not involve claims for personal injuries/death, property damages, or business interruption/losses due to the Deepwater Horizon explosion/fire. Moreover, the cause(s) of the explosion/fire, the identities of those responsible for the explosion/fire, and the other questions of fact common throughout the MDL are not at issue in the ART Catering Suit. Rather, the ART Catering Suit simply involves a negligence claim based upon the alleged failure of the insurance broker Marsh and its employees to obtain the insurance coverage requested by Plaintiff. Accordingly, the claims, factual issues, and legal issues in the ART Catering Suit are clearly distinguishable from those in the MDL, thus warranting the severance of the ART Catering Suit from the MDL.

## CONCLUSION

For the aforementioned reasons, defendant Marsh USA, Inc. prays that this Court grant this motion and sever the ART Catering Suit from the Multidistrict Litigation.

Respectfully submitted,

_____
William F. Grace, Jr., T.A. (#6199)
Philip R. Sims (#27644)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
*Attorneys for Marsh USA, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 24th day of May, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or U.S. Mail.

_____