UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J |
| This Document Relates to: | § § | Judge Carl J. Barbier Magistrate Judge Sally Shushan |
| No. 2-10-cv-02771 | § § § § § § | |

### THIRD-PARTY DEFENDANT M-I L.L.C.'S ANSWER TO THE COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND FIRST AMENDED CROSS-CLAIM TO THIRD-PARTY PLAINTIFFS' RULE 14(c) THIRD PARTY COMPLAINT

M-I L.L.C. ("M-I") hereby Answers the Complaint and Petition for Exoneration from or Limitation of Liability (the "Petition") filed by Triton Asset Leasing GmbH; Transocean Holdings LLC; Transocean Offshore Deepwater Drilling Inc.; and Transocean Deepwater Inc. (the "Petitioners") as follows:

1. The allegations contained in Paragraph 1 of the Petition are legal conclusions for which no response is required. To the extent a response is necessary, the allegations are denied.

2. The allegations contained in Paragraph 2 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

3. The allegations contained in Paragraph 3 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

4. The allegations contained in Paragraph 4 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

1

5. The allegations contained in Paragraph 5 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

6. The allegations contained in Paragraph 6 of the Petition are legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 6 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

7. The allegations contained in Paragraph 7 of the Petition are legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 7 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

8. The allegations contained in Paragraph 8 of the Petition are legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 8 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

9. M-I admits that on or about April 20, 2010, explosions occurred on the MODU *Deepwater Horizon*, and that on or about April 22, 2010, the MODU *Deepwater Horizon* sank. Any remaining allegations contained in Paragraph 9 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

10. The allegations of Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 10 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11. The allegations of Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 11 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12. The allegations of Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 12 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13. The allegations contained in Paragraph 13 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14. The allegations contained in Paragraph 14 of the Petition contain legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 14 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

15. The allegations contained in Paragraph 15 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

16. The allegations contained in Paragraph 16 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

17. The allegations contained in Paragraph 17 of the Petition are legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 17 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

18. The allegations contained in Paragraph 18 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19. The allegations contained in Paragraph 19 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20. Certain allegations contained in Paragraph 20 of the Petition are characterizations of the relief requested by Petitioners to which no response is required. To the extent a response is deemed necessary, the allegations are denied. Any remaining allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in Paragraph 20 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21. The allegations contained in Paragraph 21 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22. The allegations contained in Paragraph 22 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23. The allegations contained in Paragraph 23 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24. Certain allegations contained in Paragraph 24 of the Petition are conclusions of law to which no response is required. To the extent a response is necessary, M-I denies that all of the Petitioners' premises are true. Any remaining allegations contained in Paragraph 24 of the Petition are denied for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

The unnumbered PRAYER FOR RELIEF appearing on page 9 of the Petition contains characterizations of the relief requested by the Petitioners, not allegations of fact, therefore no

response is required. To the extent a response is deemed necessary, the PRAYER FOR RELIEF and its subparagraphs (A) through (E) are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Petition fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The limitation fund is inadequate, and the Petition should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Petition for Exoneration From or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet this standard.

### THIRD DEFENSE

The conduct and actions giving rise to M-I's injuries took place with the privity or knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*.

### FOURTH DEFENSE

The events giving rise to the injuries and damage to M-I were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### FIFTH DEFENSE

M-I reserves the right to contest the appraisal value of the MODU *Deepwater Horizon*, including but not limited to, its engines, apparel, appurtenances, and pending freight, and the adequacy of the security.

## SIXTH DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or beach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## SEVENTH DEFENSE

At all materials times, a party outside of M-I's control was responsible for the safe operation of the MODU *Deepwater Horizon*. As such, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to Petitioners, the MODU *Deepwater Horizon* or their employees, agents or other representatives.

## EIGHTH DEFENSE

The blowout, explosions, fire, and oil spill were caused by the unseaworthy condition(s) of the MODU *Deepwater Horizon* and/or unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Petitioners and the negligence of employees, agents, officers and directors of Petitioners. The aforesaid unseaworthiness and negligence was within the privity and knowledge of Petitioners and, accordingly, the Petition should be dismissed as to M-I.

**NINTH DEFENSE**

The superseding and/or intervening negligence and/or breach of duty of Petitioners and third parties was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**TENTH DEFENSE**

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

**ELEVENTH DEFENSE**

M-I expressly incorporates herein all allegations, claims, and contentions against Petitioners and other parties to this action as set forth in full in M-I L.L.C.'s Cross-Claim to Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.

WHEREFORE, M-I prays that:

(1) the Petition seeking exoneration from or limitation of liability be dismissed and dissolved;

(2) in the alternative, that Petitioners be required to deposit additional security in the amount required by law, in default of which the Petition should be dismissed; and

(3) such other and further relief as the Court deems just and proper.

### FIRST AMENDED CROSS-CLAIM TO THIRD-PARTY PLAINTIFFS' RULE 14(c) THIRD PARTY COMPLAINT

Pursuant to Federal Rules of Civil Procedure 13(g) and 14(c), this Court's Pretrial Order No. 1, and this Court's March 24, 2011 Stipulated Order Governing Deadlines In Connection With Petitioners' Rule 14(c) Third-Party Complaint, M-I states as follows for its cross-claim against the Petitioners.

### PARTIES

1. M-I is a Delaware limited liability company with its principal place of business in Houston, Texas. M-I has been served with a summons and Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 Section III(B)(1) (B1 Bundle) and/or a First Amended Master Complaint, and has been served with other summonses and complaints related to the *Deepwater Horizon* explosion and the resulting oil spill. M-I denies any negligence or fault in connection with the explosion or the oil spill. M-I has statutory and/or common law rights to contribution from the Petitioners, in whole or in part, for any liability M-I may have as a result of the events alleged in the Rule 14(c) Third-Party Complaint and/or the First Amended B1 Master Complaint.

2. Third-Party Plaintiff Triton Asset Leasing GmbH is a limited liability company organized under the laws of Switzerland, with its principal place of business in Zug, Switzerland. This Court has personal jurisdiction over Triton Asset Leasing GmbH because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third-Party Complaint.

3. Third-Party Plaintiff Transocean Holdings LLC ("Transocean Holdings") is a limited liability company organized under Delaware law, with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Holdings because it does

business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third-Party Complaint.

4. Third-Party Plaintiff Transocean Offshore Deepwater Drilling Inc. ("Transocean Offshore") is a corporation organized under Delaware law, with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Offshore because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third-Party Complaint.

5. Cross-Defendant Transocean Deepwater Inc. ("Transocean Deepwater") is a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Deepwater because it does business in Louisiana and because it voluntarily submitted to the jurisdiction of this Court by filing the Rule 14(c) Third Party Complaint. Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. are sometimes collectively referred to as the "Transocean Parties."

6. The Transocean Parties were at all material times the Owners, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU *Deepwater Horizon*, and/or are considered "Co-Owners" of the MODU *Deepwater Horizon* under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

7. Each of the Transocean Parties has been served with a summons and Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 Section III(B)(1) (B1 Bundle) and/or a First Amended Master Complaint, and has been served with other summonses and complaints related to the MODU *Deepwater Horizon* explosion and the resulting oil spill.

## JURISDICTION AND VENUE

8. Jurisdiction over M-I's cross-claim is proper pursuant to the rules governing cross-claims against co-parties. This Court also has supplemental and/or ancillary jurisdiction over this cross-claim because the Court already has jurisdiction over the Transocean Parties' Rule 14(c) Complaint and the Amended B1 Master Complaint pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), 43 U.S.C. § 1349(b) (the Outer Continental Shelf Lands Act (OCSLA)), and 28 U.S.C. § 1331 (because the claims in the Rule 14(c) Complaint and the Master Complaint arise under OCSLA and the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.).

9. This Court also has original jurisdiction over M-I's cross-claim pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction) and 43 U.S.C. § 1349(b) (OCLSA).

10. Venue for this cross-claim is proper pursuant to the rules governing cross-claims against co-parties and 28 U.S.C. § 1391(b)(2).

## FACTS

11. In the Amended B1 Master Complaint and in other complaints, Plaintiffs/Claimants have sought to hold the Transocean Parties, M-I, and the other Third-Party Defendants tendered by the Transocean Parties in the Rule 14(c) Complaint liable for financial injuries Plaintiffs/Claimants allegedly suffered as a result of the MODU *Deepwater Horizon* explosion and fire and/or the resulting oil spill.

12. When the MODU *Deepwater Horizon* explosion occurred on April 20, 2010, the Transocean Parties were the owners and/or operators of the rig. In addition to providing the MODU *Deepwater Horizon* itself, the Transocean Parties also conducted, participated in, supervised, and/or oversaw drilling activities, made or participated in critical decisions regarding

same, had personnel and equipment on the MODU *Deepwater Horizon*, and were otherwise directly involved in the MODU *Deepwater Horizon*'s drilling operations at the Macondo well.

13. The Transocean Parties breached their duty of reasonable care in conducting, participating in, supervising, and overseeing drilling operations on the *Deepwater Horizon*. The Transocean Parties failed to take reasonable steps to ensure that the drilling operations conducted on April 20, 2010 were done in a reasonably safe manner, and failed to mitigate the risk of blowout and oil spill that led to Plaintiffs'/Claimants' alleged damages. The Transocean Parties' negligence caused, in whole or in part, the blowout and the subsequent oil spill.

14. The Transocean Parties breached their duty to at all times maintain the MODU *Deepwater Horizon* in a seaworthy condition. The unseaworthy condition of the MODU *Deepwater Horizon* caused, in whole or in part, the blowout and subsequent oil spill.

## COUNT I
### (Cross-claim for Contribution/Indemnification Against The Transocean Parties)

15. M-I denies that it is liable for any damages alleged by Plaintiffs/Claimants in the Amended B1 Master Complaint, for any damages alleged in the Rule 14(c) Third-Party Complaint, for any damages alleged in applicable Bundle A and Bundle C complaints, and for any and all other claims for damages against M-I arising out of or associated with the MODU *Deepwater Horizon* explosion and fire and/or the resulting oil spill.

16. The alleged damages were caused, in whole or in part, by the conduct of the Transocean Parties, as alleged above. As such, the Transocean Parties are or may be liable for all or part of the claims asserted against M-I, and M-I is entitled to indemnity from the Transocean Parties for any and all damages that may be assessed against M-I as a result of the explosion and oil spill.

17. In the alternative, to the extent that M-I is found liable for any part of the alleged damages, M-I has a right to contribution from other parties found liable, including the Transocean Parties, to the extent of those parties' adjudicated proportion of liability.

WHEREFORE, if M-I is found liable for any portion of damages alleged in the Amended B1 Master Complaint, the Rule 14(c) Third-Party Complaint, applicable Bundle A complaints, applicable Bundle C complaints, or any and all other claims against M-I arising out of or associated with the MODU *Deepwater Horizon* explosion and fire and/or the resulting oil spill, M-I is entitled to indemnification from the Transocean Parties, or contribution from the Transocean Parties to the extent of their proportionate adjudicated shares of liability.

May 25, 2011

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 415-3000
Facsimile:    (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:    (713) 890-5000
Facsimile:    (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Hugh E. Tanner*
      Hugh E. Tanner
      htanner@morganlewis.com
      Texas Bar No. 19637400
      1000 Louisiana, Suite 4000
      Houston, Texas  77002
      Telephone:    (713) 890-5000
      Facsimile:    (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Third-Party Defendant M-I L.L.C.'s Answer to the Complaint and Petition for Exoneration from or Limitation of Liability and First Amended Cross-Claim to Third-Party Plaintiffs' Rule 14(c) Third Party Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of May, 2011.

*/s/ Hugh E. Tanner*
Hugh E. Tanner