STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com

OUR FILE NUMBER
45,600

May 24, 2011

**VIA EMAIL**

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

   Re: MDL No. 2179
     In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
     In the Gulf of Mexico on April 20, 2010

Dear Judge Shushan:

  Cameron requests that BP's Rule 30(b)(6) deposition notice be expanded to include topics covering the third-party action and cross-action allegations that BP made against Cameron after the finalization of the deposition notice.

  BP's Rule 30(b)(6) notice was finalized and filed on March 23, 2011 and includes five discrete topics covering BOP issues. On April 20, 2011, BP filed a third-party action and cross-action against Cameron in which it asserted allegations against Cameron concerning the BOP in use on the Deepwater Horizon which, although had been alleged generally by Plaintiffs, had not previously been alleged by BP.[1] The third-party action and the cross-action include allegations that:

- The BOP was unreasonably dangerous and that alternative designs that did not have these flaws were available (see Doc. 2064, para. 54-68; Doc. 2065, para. 57-70);

- Cameron was negligent in the maintenance of the BOP (Doc. 2064, para. 69-75; Doc. 2065, para. 71-76); and

---

[1] It should also be noted that BP is the one requesting additional BOP testing.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
2

May 24, 2011

- Cameron was negligent in the modification of the BOP (see *id.*, para. 76-83; Doc. 2065, para. 77-83).

None of the five BOP topics already the subject of the BP deposition notice cover the factual allegations made by BP in its third party action against Cameron. Specifically, the notice does not speak to 1) BP's identification of any alleged alternative BOP designs and its knowledge or awareness of such alternative BOP designs; 2) BP's identification of each allegedly negligent act of maintenance or modification of the BOP and its participation in, knowledge or awareness of any such maintenance or modification; and 3) BP's past and present use of Cameron subsea BOPs and/or control systems in connection with the drilling of wells by or on behalf of BP from 2000 to the present.[2] These topics should be included in a Rule 30(b)(6) notice.

Cameron is entitled to discover from BP, in a Rule 30(b)(6) deposition, what the corporation knew about alternative BOP designs and allegedly poor maintenance or modifications by Cameron of the BOP. Cameron is also entitled to discover the facts surround the use of Cameron BOPs to drill its wells since its predecessor, Vastar, was involved in the selection of the particular BOP at issue for the Deepwater Horizon. Cameron, of course, is entitled to the particular discovery measure of its choice within which to discover that information.

Although BP's Rule 30(b)(6) deposition notice was filed on March 23, the portion of the notice relating to BOP issues was only set for deposition in the last ten days and then for a date almost two months away, July 14 and 15. There is more than adequate time for BP to have a 30(b)(6) witness designated for these two additional BOP topics. Although Cameron does not know whether the currently designated BOP designee for the BP Rule 30(b)(6), Mike Byrd, would also be the corporate representative for BP on proposed alternative designs, maintenance/modification histories, and/or BP's use of Cameron BOPs, BP has adequate time to determine the proper designee before the close of priority discovery. BP decided to assert new and different claims against Cameron on April 20 and thus, upon Cameron's request, the topics in its Rule 30(b)(6) notice should similarly be expanded.

At the Court's Working Conference held on May 20, 2011, counsel for BP responded to Cameron's request to expand the deposition topics by suggesting that if this

---

[2]This would include (a) the identification of the wells drilled by or on behalf of BP with Cameron subsea BOPs and/or control systems; (b) the identification of the rigs used to drill such wells; (c) the configuration of the BOP stack on such wells; (d) the control of any kick(s) on such wells; (e) any activation of the EDS on such wells; (f) any activation of the AMF on such wells; and (g) any use of a secondary BOP control system on such wells.

deposition were expanded, others would ask for similar relief and that Cameron could obtain its discovery via other alternative measure. But neither proposal is appropriate.

As to the suggestion that other modifications of other depositions would follow, the Court is fully capable of considering any other requests on the merits of the requests. Simply because one party demonstrates good cause for such relief does not mean that any other party as to any other deposition will also be able to demonstrate good cause for the same relief.

BP's second proposal that Cameron propound contention interrogatories or depose its BOP corporate representative based on his personal knowledge (as distinct from corporate knowledge) offers Cameron a poor substitute and should be rejected. First, Cameron has already propounded contention interrogatories to BP on these new allegations. (The interrogatories and request to produce are attached.) And while Cameron expects BP to answer this discovery, those responses are not the same as the give and take that can be achieved in a deposition upon oral questions, is not as effective a means and, frankly, is not BP's choice to make. Interrogatories were never intended to take the place of depositions, where follow up questions can easily be asked, and details are more easily obtained. See *Cannata v. Catholic Diocese of Austin St. John Newmann Catholic Church*, 2011 WL 221692, at *1 (W.D. Tex. 2011).

Moreover, the usefulness of BP's suggestion that Cameron ask a BP witness his personal knowledge about these subjects turns exclusively on whether that witness has *any* knowledge of the subjects. Cameron has no means of knowing whether the witness has such knowledge. The Rule 30(b)(6) measure is designed precisely to avoid the guesswork in this regard.

Whenever a party insists that its adversary use one form of discovery over another, courts look at "which device would yield most reliably and in the most cost effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties and the court in a case like this." See *Cannata*, 2011 WL at *1 (quoting *McCormic-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 286 (N.D.Cal.1991), reversed on other grounds by *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 765 F.Supp. 611 (N.D.Cal. 1991). Here, BP's Rule 30(b)(6) deposition on BOP topics is set almost two months away and presumably, BP's designee could also address, as corporate representative, the new claims. No new deposition dates need to be selected. Furthermore, it is not clear how asking Mr. Byrd the questions, based on his personal knowledge, is the "most cost effective" or "least burdensome" means. Expanding the notice is clearly the most cost effective and the least burdensome for all parties involved.

To the extent that BP might also contend that the deadline for Cameron to add topics to BP's 30(b)(6) notice has expired pursuant to the Court's prior scheduling order, such an argument should similarly be dismissed. In its order dated March 7, 2011, the Court provided

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 4

May 24, 2011

that the parties had until March 10, 2011 to revise the Rule 30(b)(6) notices for the primary defendants (except for Anadarko and MOEX). Rec. Doc. No. 1532, p. 5-6. As noted, this was more than one month prior to BP's assertion of new claims against Cameron. Thus, Cameron had no reason to propose topics reflecting the as yet unmade allegations.

Moreover, under Rule 16 of the Federal Rules of Civil Procedure, the Court may amend a scheduling order for "good cause." FRCP R. 16. And it is well established that "an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Sherman v. U.S.*, 462 F. 2d 577, 579 (5th Cir. 1972). Here, the Rule 30(b)(6) deposition concerning the BOP has only been set recently, and then on a date almost two months away. BP is not injured in any way by the expansion of the BOP topics and denying Cameron the ability to question its adversary's representative on these critical topics would be highly prejudicial to Cameron.

There is clearly "good cause" for the Court to permit the expansion of the topics to encompass BP's claims.

Cameron appreciates your consideration of this matter.

With kind regards, I remain,

Sincerely,

Phillip A. Wittmann

PAW:jad

cc:   Defense Liaison Counsel
      Defense Steering Committee
      Plaintiff's Liaison Counsel
      Mr. R. Michael Underhill
      Mr. Luther Strange
      Mr. Corey L. Maze
      Ms. Kat Shea
      Mr. Michael O'Keefe

1057227v.1
1057444v.1