

36650565

Mar 23 2011
10:49PM

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION: J |
| Applies to: *All Cases.* | * * | JUDGE BARBIER |
| * * * * * * * * * * * | | MAGISTRATE SHUSHAN |

### AGREED 30(b)(6) DEPOSITION NOTICE OF BP DEFENDANTS
### (WITH 30(b)(5) DOCUMENT REQUESTS)

By agreement of Plaintiffs Liaison Counsel, Defense Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the U.S., and Counsel for Defendants, BP Exploration & Production, Inc., BP p.l.c., BP America Production Company, and BP North America Products, Inc., (collectively the "BP Defendants"), the BP Defendants shall, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and PRE-TRIAL ORDER NO. 17, as supplemented and amended by PRE-TRIAL ORDER 27, designate and produce one or more officers, managers, agents, employees, or other representatives of the BP Defendants to discuss the Areas of Inquiry identified below.  The times and locations of the depositions will be scheduled in conjunction with the fact depositions of the designees in their individual capacities, or otherwise as may be scheduled with Judge Shushan and the parties.

**Areas of Inquiry**

1. All Cost Benefit and/or Risk Assessments regarding the drilling, exploration, completion and/or production of the Macondo Prospect (including any Risk Assessments related to deepwater drilling in the Gulf of Mexico applicable to, even if not specific to, the Macondo Prospect). The term "Risk Assessment" shall be deemed to include any Quantified Risk Assessments ("QRA"), Major Accident Risk ("MAR") analyses, Safety or Risk analysis, Job Safety Analysis (JSA), HAZOP, HAZID, Failure Mode & Effect Analysis (FMEA), Cost Benefit Analysis, or similar report or analysis, that address the potential risks or costs of injury or damage to human life, the environment, or property associated with such drilling operations.

2. Potential income, revenue and/or profit anticipated or expected to be realized from the Macondo Prospect (Mississippi Canyon Block 252).

3. Data, whether real time or otherwise, accumulated or collected by BP relating to the Deepwater Horizon and/or its appurtenances during its time at the Macondo Well.

4. Potential costs, risks, benefits and other analyses or evaluations of potential methods to cap, control, contain, shut-in and/or kill the Macondo Well after April 20, 2010.

5. Evaluation, study and/or analysis of any potential method or technique to cap, control, contain, shut-in, temporarily abandon, and/or kill the Macondo Well after April 20, 2010, including the possible risks, benefits or other consequences thereof.

6. With respect to the Macondo Well, communications, evaluations, testing, training, policies and/or analyses, within BP and/or with any other party, relating to foam stability, cement testing, float collar conversion, use or non-use of centralizers, the decision not to displace seawater and set the cement plug at approximately 3,300' below the mud line, and or the decision not to conduct or prepare cement bond logs, and or not to do negative pressure tests, on or before April 20, 2010.

7. The background, basis (or bases), intent, preparation, drafting, submission and approval of BP's Application for Permit to Modify the temporary abandonment procedure on or around April 16, 2010, including the deviations, if any, between that procedure and the procedure(s) described in (a) the April 12, 2010 Drilling Plan, (b) the April 14, 2010 Morel "Forward Ops" E-Mail, or (c) the April 20, 2010 "Ops Note".

8. The estimated, budgeted, expected and/or actual time and/or cost savings realized by:

    1. Number and Nature of Centralizers Utilized
    2. Foregoing Substantiated Foam Stability Test Results

       3.      Not Running Cement Bond or Other Evaluation Log
       4.      Using Spacer Made from Combined Lost Circulation Materials to Avoid Disposal Issues
       5.      Displacing Mud from Riser Before Setting Surface Cement Plug
       6.      Setting Surface Cement Plug 3,000 Feet Below Mud Line in Seawater
       7.      Not Installing Additional Barriers During Temporary Abandonment Procedure
       8.      Not Performing Further Well Integrity Diagnostics in Light of Troubling and Unexpected Negative Pressure Test Results
       9.      Bypassing Pits and Conducting Other Simultaneous Operations During Displacement

9. The presence, participation, supervision or other involvement of officers, directors or other employees of BP plc: in any aspect of the planning, funding, drilling, completion, temporary abandonment, capping and/or control of the Macondo Well.,

10. N/A

11. Implementation in the Gulf of Mexico of the safety management recommendations of the UK HSE report of the Grangemouth Scotland incidents in 2000, the Baker Commission Report of the Texas City explosion and fire in 2005, and the Booz Allen Hamilton Report on the BP Alaska pipeline leak in 2006.

12. Your policies, practices, requirements, standards, training, maintenance, testing and/or procedure of personnel regarding well control training and training for potential catastrophic events.

13. BP's efforts to ensure the suitability and proper design, manufacture, testing, maintenance, operation and utilization of the BOP utilized in the drilling operations at the Macondo well.

14. BP's evaluations of, and/or reservoir assessment, drill plan, operations plan, and or well or reservoir engineering and/or temporary abandonment plan (and all changes or amendments thereto) for the Macondo Well in response to, well control events (including but not limited to the March 8 "kick") between February 1, 2010 and April 20, 2010;

15. Communications between BP employees on the rig and any BP personnel on the mainland (or United Kingdom) on April 20 and 21;

16. BP plans for using the Deepwater Horizon at, and timing of transit to, the Nile and/or Kaskida sites after April 19, 2010;

17. The determination of the well design for the Macondo Well;

18. Analysis or evaluation of risks associated with design and operational decisions made by BP personnel concerning operations and activities performed at the Macondo well during the period from February 1 through April 20, 2010, including but not limited to the

creation, entry of data into and completion of a "risk register" or risk assessment tool ("RAT").

19. Any financial incentives for BP personnel working on the Deepwater Horizon &/or the Macondo Well.

20. BP's adherence to or departure from Investigation Group defined Practice 4.4 regarding the incident.

21. Any estimates, predictions, and/or analyses of anticipated pressures – both static pressure and/or dynamic pressure – within the formations of the Macondo Prospect and/or the Macondo Well, including, but not limited to, the information provided to Transocean and the manner in which such information was utilized in selection of or approval of the BOP assembly used by the Deepwater Horizon for the Macondo Well.

22. Nature, type, model, adequacy and/or configuration of the BOP assembly to be utilized for the drilling of the Macondo Well by the Deepwater Horizon.

23. Considerations going into any decision to utilize (or allow the utilization of) the particular BOP stack design/configuration and equipment utilized during the drilling and/or temporary abandonment of the Macondo Well.

24. Any knowledge of the Pressure Rating for each component of the Macondo BOP assembly, as manufactured, and/or as such existed on April 20, 2010.

25. Any knowledge of any testing or other analysis or evaluation that went into determination as to the pressure rating or capacity rating for each BOP component on the Macondo well, and what each such pressure rating meant.

26. BP's knowledge, prior to April 20, 2010, of the potential for difficulties with the BOP or its key components performing as designed with dynamic flow pressures less than, equal to, or higher than, the rated pressure of the BOP or its key components and any knowledge of any other device, equipment, or design that may have avoided any of said potential difficulties.

27. N/A

28. The funding and staffing of Emergency Response Division from 2000 to the present.

29. N/A

30. All discussions during Macondo leasehold negotiations between BP and Anadarko or MOEX concerning the nature and scope of information to be made available by or to be provided by BP to Anadarko or MOEX regarding the design of and operations at the Macondo Well, and BP's understanding of its obligations and Anadarko's and MOEX's rights under the Operating Agreements with regard to the parties' ability to receive and

    respond to information received about planning with respect to and operations at the Macondo Well.

31. The chain of command in connection with the Macondo Well, including decision making systems and authority, as well as the reorganization of BP personnel at the Macondo Well in early April 2010.

32. BP risk management, risk mitigation, safety, and catastrophe response and well control rules, regulations, plans, policies, requirements, standards and training applicable directly or indirectly to the Macondo Well.

33. The 2009 DWH rig audit/inspection by BP, including the contents of the written reports and any follow-up efforts relating to the audits/inspections.

34. The existence, nature, scope and contents of any BP guidelines or policies relating to mudlogging activities.

35. The existence, nature, scope and contents of any BP guidelines, policies or practices relating to locating and determining pay zones or potential pay zones in a well.

## Document Requests

The BP Defendants are further requested, in accordance with Rule 30(b)(5) of the Federal Rules of Civil Procedure, as well as Rule 26, Rule 34, and PRE-TRIAL ORDERS NOS. 16, 17 and 27, to produce, or identify by specific Bates Number(s) (if already produced), the following documents, at least ten (10) days prior to the time of the relevant designee's deposition:

**First Set of Requests**

For each Area of Inquiry identified above, please produce all documents provided to, reviewed with, utilized by, and/or relied upon by the deponent to prepare for his or her deposition testimony.

**Second Set of Requests**

For each Area of Inquiry identified above, please produce all documents which relate, pertain, evidence and/or reflect the issues, topics and/or events described therein or associated therewith.

**Third Set of Requests**

For each corporate designee, a copy of his or her current resume or CV, as well as a copy of any and all prior testimony, whether provided in an individual or representative capacity, including

any and all deposition testimony, trial testimony, sworn statements, affidavits, declarations, expert reports, and/or testimony before a legislative, regulatory or investigative body or agency.

This 23rd day of March, 2011.

Respectfully submitted,

| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL,<br>ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office:  (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY  10003<br>Office:  (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail:  rgreenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office:  (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS &<br>MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office:  (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail:  rhon.jones@beasleyallen.com |
| Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Office:  (415) 956-1000<br>Telefax: (415) 956-1008<br>E-Mail:  ecabraser@lchb.com | Matthew E. Lundy<br>LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, LA  70601<br>Office:  (337) 439-0707<br>Telefax: (337) 439-1029<br>E-Mail:  mlundy@lundylawllp.com |
| Philip F. Cossich, Jr.<br>COSSICH, SUMICH, PARSIOLA & TAYLOR | Michael C. Palmintier<br>deGRAVELLES, PALMINTIER,<br>HOLTHAUS & FRUGE' |

| | |
|---|---|
| 8397 Highway 23, Suite 100<br>Belle Chasse, LA  70037<br>Office:  (504) 394-9000<br>Telefax: (504) 394-9110<br>E-Mail:  pcossich@cossichlaw.com<br><br>Robert T. Cunningham<br>CUNNINGHAM BOUNDS, LLC<br>1601 Dauphin Street, P. O. Box 66705<br>Mobile, AL  36660<br>Office:  (251) 471-6191<br>Telefax: (251) 479-1031<br>E-Mail:  rtc@cunninghambounds.com<br><br>Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail:  mike@mikespy.com<br><br>Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA  70726<br>Office:  (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail:  calvinfayard@fayardlaw.com<br><br>Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail:  ervin@colson.com | 618 Main Street<br>Baton Rouge, LA  70801-1910<br>Office:  (225) 344-3735<br>Telefax: (225) 344-0522<br>E-Mail:  mpalmintier@dphf-law.com<br><br>Paul M. Sterbcow<br>LEWIS, KULLMAN, STERBCOW & ABRAMSON<br>601 Poydras Street, Suite 2615<br>New Orleans, LA  70130<br>Office:  (504) 588-1500<br>Telefax:  (504) 588-1514<br>E-Mail:  sterbcow@lksalaw.com<br><br>Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX  75219<br>Office:  (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail:  ssummy@baronbudd.com<br><br>Mikal C. Watts (PSC)<br>WATTS GUERRA CRAFT, LLP<br>Four Dominion Drive, Building 3, Suite 100<br>San Antonio, TX 78257<br>Office: (210) 447-0500<br>Telefax: (210) 447-0501<br>E-Mail:  mcwatts@wgclawfirm.com |

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Deposition Notice and Document Requests have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, this 23rd day of March, 2011.

/s/  James Parkerson Roy and Stephen J. Herman