UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | § | MDL No. 2179 |
| "Deepwater Horizon" in the | § | |
| Gulf of Mexico, on | § | |
| April 20, 2010 | § | SECTION: J |
| Applies to: *10-1986, 10-3895, 10-3896* | § | Judge Barbier |
| 10-3897, 10-4168, 10-4169, 11-58 | § | Mag. Judge Shushan |

*****************************************************************

## CLAIMANTS PROPOSED LIMITATION'S MOTION AND DISCOVERY SCHEDULE FOR B4 CLAIMS

MAY IT PLEASE THE COURT:

Claimants initially filed a Class Action Complaint against certain vessels and entities responding to the explosion and fire on board the Deepwater Horizon alleging that the responders actually caused the sinking of the vessel and the resulting massive oil spill. The Responders filed Limitation Actions and the Court set the monition date for April 20, 2011.

Case Management Order Number 11 issued on October 19, 2010 placed post-explosion emergency responder claims in Bundle B4, and ordered the Plaintiffs Liason Counsel to confer with counsel for the Plaintiffs to determine whether such claims should be pursued further by existing complaint(s), amended complaint(s), and an administrative Master Complaint, or consolidated Complaint. Contrary to what is reported in the Court's Order of April 11, 2011, the Plaintiffs Steering Committee did not confer with Robin Plaintiffs counsel on the issue.

1

However, apparently the Plaintiffs Steering Committee unilaterally decided not to pursue such claims within a Master Complaint or on the consolidated basis as reported by Judge Barbier on Page 2 of the April 11, 2011 Order. As a result, it would appear these matters must be pursued separately from segment one, the Transocean Limitation claims, set for trial on April 21, 2011.

In fact, on December 15, 2010, the Plaintiffs Steering Committee submitted a short form joinder for filing into the Transocean Limitation Action to adopt the Master Answers of B1 and B3 claimants and to intervene into the Master Complaints Filed. Transocean did not tender under Rule 14(c) or otherwise name as Third-Party Defendants the Emergency Responders. Additionally, the Court specifically refused Claimants in the Responder Limitation Actions similar relief.

The Plaintiffs Steering Committee opposed Claimants' request and argued that the *Robin* Plaintiffs in the Responder Limitation proceedings are completely separate, are not consolidated, and not implicated by Transocean's 14(c) tender. The Plaintiff's Steering Committee argued that it would result in pre-trial confusion leading up to the February trial date and undermine ongoing discovery efforts. None of the Responders are named in the Master Complaints. The Court denied Responder claimants the use of the short form, thus substantial effort was required to file multiple claims in six separate limitation actions.

None of the discovery advanced by the Plaintiffs Steering Committee has touched on the issues as to the Responders. Extensive Third-Party discovery is needed from BP and Transocean. It is anticipated there will be staunch resistance from all to *Robin* Plaintiffs counsel engaging in the discovery it needs from BP and Transocean. *Robin* Plaintiffs believe that discovery conducted by way of depositions from BP will disclose evidence that the actions of the

2

Responders contributed to or caused the sinking of the Deepwater Horizon and that had it not sunk two (2) days after the explosion, the riser could have been disconnected near the surface and most of the oil could have been captured, preventing the massive spill.

Responder Claimants understand that BP has proposed that the February 2012 trial excludes all post-explosion issues and only the injury and death cases be addressed. Responder Claimants take that position.

Responder Claimants have no opposition to Rule 12 Motions proceeding as proposed by Petitioners in Limitation, if such motions are still timely. Apparently, until recently, no one believed the Responder Limitation proceedings were going to be part of the February 2012 trial; however, Claimants' counsels agree dispositive Rule 12 Motions should proceed. Claimants' counsels maintain the Responder Limitation Actions should not proceed to trial in February 2012, but propose the following schedule:

1. Deadline for completion of fact discovery of Gulf Offshore Logistics should be August 15, 2011;
2. Deadline for completion of discovery on privity and knowledge should be December 1, 2011;
3. Deadline for completion of fact discovery exclusive of discovery on Claimants' Damages should be March 1, 2012;
4. Expert reports should be served by Claimants and Petitioners in Limitation by April 15, 2012;
5. Deadline for completion of expert discovery should be June 15, 2012;
6. *Daubert*/Summary Judgment Motions (if any) should be filed by July 1, 2012;

7. Oppositions to *Daubert*/Summary Judgment Motions should be filed by August 1, 2012;

8. Bifurcate pursuant to Rule 42(b) privity and knowledge portion of Limitation Proceedings.

9. Pretrial Order, Pretrial Stipulations, Witness/Exhibit Lists should be filed by September 1, 2012;

10. All Pretrial Motions should be filed by October 1, 2012;

11. Oppositions to Pretrial Motions should be filed by November 1, 2012;

12. Trial on privity and knowledge issue to be set by the Court; and

13. Trial on all issues stayed and to be tried with other post-explosion causes of action.

Claimants believe Rule 12 Motions should and will be denied by the Court after which Claimants could potentially defeat limitation based on privity and knowledge.

                                            Respectfully submitted:

                                            FRISCHHERTZ, FRISCHHERTZ, POULLIARD & IMPASTATO, LLC

                                            */s/ Lloyd N. Frischhertz*
                                            LLOYD N. FRISCHHERTZ (#5749)
                                            1130 St. Charles Avenue
                                            New Orleans, LA 70130
                                            Telephone:  (504) 523-1500
                                            Facsimile:   (504) 581-1670
                                            E-mail:       lfrischhertz@frischhertzlaw.com

**CERTIFICATE OF SERVICE**

4

I hereby certify that on this 25 day of May, 2011, I electronically filed the foregoing with the Clerk of Court by using the CMF/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Lloyd N. Frischhertz*
LLOYD N. FRISCHHERTZ