# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
312-862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 26, 2011

**VIA E-MAIL**

Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

      Re:    In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

      I write in response to Cameron International Corp.'s ("Cameron's") request to amend the Court-approved list of Rule 30(b)(6) deposition topics for BP.  Despite the fact that the current list of BP 30(b)(6) topics contains six topics related to the BOP, Cameron is asking to add three additional expansive BOP topics to the list.  This request comes several weeks after all the parties, including Cameron, spent several weeks negotiating the scope of BP's 30(b)(6) topics and without good cause to support 11th-hour additions to the list.  BP respectfully requests that the Court deny Cameron's request.

      As the Court is well aware, BP has gone to extraordinary lengths to support the parties' numerous and expansive requests for discovery in this matter.  To date, BP has presented over 37 witnesses for deposition, and will have presented at least 75 witnesses before the end of July.  By way of comparison, only four Cameron witnesses presently have been scheduled to be deposed (none of whom have yet to sit for deposition).

      In February, the PSC proposed a list of 24 topics for Rule 30(b)(6) depositions of BP.  Over the next few weeks, the PSC and other defendants, including Cameron added more and more topics and the list ballooned to 105 proposed deposition topics.  This triggered several rounds of discussion both with the Court and among the parties to pare this list back to a reasonable number of topics.  The hard-fought result of this effort – in which Cameron actively participated – was a final list of 35 topics, including 6 topics directed to BOP issues.[1]  Over the

---

[1] Cameron erroneously represents that there are "five discrete topics covering BOP issues."  In fact there are six broad areas of inquiry already on the list:

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

May 26, 2011
Page 2

following several weeks, BP worked diligently to identify and schedule deponents to address these topics, which effort is reflected in the fully saturated deposition calendars for June and July.

Cameron, nonetheless, almost two months after the Rule 30(b)(6) notice was finalized and approved, requests that the Court amend it to add three new BOP-related topics. Specifically, Cameron seeks to add the following:

1. BP's identification of any alleged alternative BOP designs and its knowledge or awareness of such alternative BOP designs.

2. BP's identification of each allegedly negligent act of maintenance or modification of the BOP and its participation in, knowledge or awareness of any such maintenance or modification.

3. BP's past and present use of Cameron subsea BOPs and/or control systems in connection with drilling of wells by or on behalf of BP from 2000 to the present.

---

1. BP's efforts to ensure the suitability and proper design, manufacture, testing, maintenance, operation and utilization of the BOP utilized in the drilling operations at the Macondo well.

2. The nature, type, model, adequacy and/or configuration of the BOP assembly to be utilized for the drilling of the Macondo Well by the Deepwater Horizon.

3. Considerations going into any decision to utilize (or allow the utilization of) the particular BOP stack design/configuration and equipment utilized during the drilling and/or temporary abandonment of the Macondo Well.

4. Any knowledge of the Pressure Rating for each component of the Macondo BOP assembly, as manufactured, and/or as such existed on April 20, 2010.

5. Any knowledge of any testing or other analysis or evaluation that went into determination as to the pressure rating or capacity rating for each BOP component on the Macondo well, and what each such pressure rating meant.

6. BP's knowledge, prior to April 20, 2010, of the potential for difficulties with the BOP or its key components performing as designed with dynamic flow pressures less than, equal to, or higher than, the rated pressure of the BOP or its key components and any knowledge of any other device, equipment, or design that may have avoided any of said potential difficulties.

## KIRKLAND & ELLIS LLP

May 26, 2011
Page 3


Cameron does not dispute that its request is untimely, and acknowledges that it bears the burden of showing good cause to amend the Court-approved Rule 30(b)(6) notice.  *See* 5/24/11 Letter at 3-4.  Cameron argues, however, that the Court should excuse its lack of diligence and find that good cause exists because it "had no reason to propose topics reflecting the as yet unmade allegations" of BP's cross-action against Cameron, filed on April 20th.  But this argument presumes that Cameron was ignorant of BP's potential claims – a presumption that is hard to accept when similar claims had been made by plaintiffs and Transocean prior to BP's filing on April 20th.  Simply put, no good cause exists for amending the Court-approved Rule 30(b)(6) notice because Cameron was already on notice of the issues it now cites as justification for its late request.  *See Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 93-94 (5th Cir. 1973) (*en banc*) (affirming denial of untimely pretrial order amendment and noting that pretrial order will not be lightly set aside unless "necessary to prevent manifest injustice.").

As Cameron admits, plaintiffs previously alleged the same claims that BP brought against Cameron on April 20th – *i.e.*, that Cameron's BOP design was defective and Cameron is liable under negligence and product liability claims.  *See, e.g.,* Doc. 1128, ¶¶ 569-627 (alleging negligence against Cameron), ¶¶ 637-658 (alleging strict liability for manufacturing and/or design defect against Cameron).  In fact, the PSC identified similar, if not identical, BOP design defect, negligent maintenance, and modification issues to those alleged by BP on April 20th.  Transocean also made similar allegations against Cameron in its Rule 14(c) Third-Party Complaint some two months before the Rule 30(b)(6) notice to BP was finalized.  *See* Doc. 1320, at 27.  The bottom line is that the product liability and negligence claims, and the specific allegations underpinning them, were not news to Cameron on April 20th, and Cameron knew or should have known of its purported need for discovery on these issues well before BP's 30(b)(6) topics were finalized.  Indeed, Cameron has already served broad written discovery directed to these same topics.  Cameron has posed no less than 15 interrogatories directed to BOP "alternative designs" and BP's allegation of Cameron's negligent activities.  In addition, Cameron has had, and will continue to have, the opportunity to question numerous BP witnesses in their personal capacity on these topics.

Cameron summarily asserts that "BP [will not be] injured in any way by the expansion of the BOP topics," speculating that the burden on BP will be minimal because BP will present the same witness who will testify on the current BOP topics.  This is not at all clear to BP, and regardless of whether BP is forced to present any additional witnesses to address any new topics, there will still be a substantial burden to prepare whomever is designated to cover any new topics.

# KIRKLAND & ELLIS LLP

May 26, 2011
Page 4

For example, one of Cameron's new topics seeks information regarding BP's "past and present use of Cameron subsea BOPs and/or control systems" for all wells over the last ten years, and according to Cameron, would at least include the following seven subcategories:

- identification of the wells drilled by or on behalf of BP with Cameron subsea BOPs and/or control systems;

- identification of the rigs used to drill such wells;

- configuration of the BOP stack on such wells;

- control of any kick(s) on such wells;

- any activation of the EDS on such wells;

- any activation of the AMF on such wells; and

- any use of a secondary BOP control system on such wells.

No one BP employee could possibly have knowledge as to the use of Cameron BOPs for all BP wells over this lengthy time period, and especially not the diverse information that Cameron apparently expects the witness to furnish. Any witness that BP would produce for this broad, multi-part topic would need to conduct substantial and time consuming research regarding each well on which BP has used a Cameron BOP. Similarly, the other topics would require substantial research, seeking information, including BP's corporate knowledge, about "any alleged alternative BOP designs" and "each allegedly negligent act of maintenance or modification of the BOP." To suggest that BP will not be substantially burdened by these topics is incorrect.[2]

Cameron's request also ignores the practical realities of the current state of discovery in this case. The last thing the parties should be doing is adding even more new deponents or expanding the scope of currently scheduled depositions. Moreover, if the Court grants Cameron's request, it will no doubt whet the appetite of other parties to revisit the 30(b)(6) topic list in light of "new" allegations or facts that have come to light over the past several weeks. Every attorney would like the ability to re-craft their discovery requests after his or her original

---

[2] If the Court allows these new requests to go forward, BP will promptly confer with Cameron to narrow this and other aspects of the new requests and expressly reserves its right to object to the scope of the requests should they go forward.

## KIRKLAND & ELLIS LLP

May 26, 2011
Page 5

efforts have run their course.  This is rarely appropriate, and would be particularly unjustified in this case.

BP respectfully requests that the Court deny Cameron's untimely and unjustified request to expand the scope of 30(b)(6) discovery against BP

Very truly yours,

/s/ J. Andrew Langan, P.C.

cc:   Richard C. Godfrey, P.C.
      Don K. Haycraft
      Mike Underhill
      Corey Maze
      MDL 2179 Defense Liaison Counsel