UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ART CATERING, INC. | CIVIL ACTION NO.: 11-cv-01136 |
| VERSUS | SECTION: J |
| DAVID B. GORNEY, JIMMY M. PODARAS, MARSH USA, INC., AND XYZ INSURANCE COMPANY | MAGISTRATE: 1 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

Plaintiff submits this Memorandum in Support of Motion to Remand this case back to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for the following reasons:

### Nature of the Action

This is an action brought by plaintiff, ART Catering, Inc., against its insurance agents who failed to procure coverage sufficient to honor the terms of its contract with Transocean, Ltd.(herein after "Transocean") that purport to require plaintiff to carry General Liability/Employer's Liability and Excess/Umbrella insurance of six million dollars. Plaintiff's employees were aboard the Deepwater Horizon drilling rig operated by Transocean at the time of the April 2010 explosion.

David B. Gorney and Jimmy M. Podaras (hereafter "Gorney and Podaras") were agents of Marsh USA Inc. (hereinafter "Marsh") and obligated themselves to investigate all of the contractual insurance requirements placed upon plaintiff by Transocean. Through the actions of Gorney and Podaras, policies were issued with limits of $1 million dollars for General Liability/Employer's

Podaras, policies were issued with limits of $1 million dollars for General Liability/Employer's Liability coverage and $4 million for Excess/Umbrella insurance coverage.

Since the explosion, claims in an excess of $50 million have been made against both plaintiff and Transocean. Transocean then made an indemnity demand upon plaintiff for $1 million in General Liability/Employer's Liability and $5 million in Excess/Umbrella insurance coverage. As a result of Gorney and Podara's negligent evaluation of plaintiff's insurance needs, plaintiffs are alleged to be underinsured by $1 million.

### History of the Action

Plaintiff's petition was filed in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on April 11, 2011. Defendant Marsh USA, Inc., filed its notice of removal pursuant to 28 U.S.C. §§ 1441, et seq., on April 13, 2011, contending that this Court has original jurisdiction over the case under the provisions of 28 U.S.C § 1332(a) on grounds that Gorney has been improperly joined as a defendant. Defendant contends that although Gorney is a domiciliary of the State of Louisiana, his administrative employment status precluded any personal duty to plaintiff and that therefore plaintiff has no cognizable claim against him. Defendant's argument articulates that this lack of cognizable claim effectively removes him from the case while consequently yielding diversity jurisdiction to the Court.

### Argument for Remand

Defendant incorrectly asserts that Plaintiff fraudulently joined Gorney as a defendant and that plaintiff has no cognizable claim against Gorney. Plaintiff does have a cognizable claim against Gorney as the facts will show that Gorney was intimately involved in the placement of insurance coverage and as an agent and insurance broker of Marsh, he breached a personal duty owed to

Plaintiff. This breach of personal duty eviscerates diversity jurisdiction necessary for this Court to have original jurisdiction over the case.

A defendant may remove an action from state court only if the action originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may claim fraudulent joinder in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against a non-diverse party in state court. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Ford v. Elsbury*, 312 F.3d 931, 935 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). When considering whether a plaintiff has a cognizable claim against a defendant, "the court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" *Id.* (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(emphasis added); *See also Ford, supra*, at 935; *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir 1992). In evaluating improper joinder claims, a court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *See Dodson, supra*, at 42. When determining whether joinder is improper, a court may consider summary judgment type evidence such as affidavits and deposition testimony. *See Ford, supra*, at 935; *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The circumstances under which an employee can be held individually liable have been detailed by both the United States Fifth Circuit Court of Appeal as well as the Louisiana Supreme Court. They are as follows: (1) the principal or employer owes a duty of care to the third person or

customer, the breach of which has caused the damage for which recovery is sought, (2) that this duty is delegated by the principal or employer to the defendant, (3) that the defendant officer, agent, or employee has breached this duty through personal fault, including when the breach occurs after the defendant has failed to discharge the obligation when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty, (4) and that the defendant have a personal duty towards the plaintiff the breach of which specifically caused the plaintiff's damages. *See Ford, supra*, at 935-36 (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973). If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable. *See H.B. "Buster" Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975).

**As an Employee, Defendant Gorney Breached a Personal Duty to Plaintiff**

Plaintiff has a cognizable claim against Gorney because as an agent of Marsh he breached a personal duty to Plaintiff. The Louisiana Supreme Court in *Isidore Newman School v. J. Everett Eaves*, held that an insurance agent who undertakes to procure insurance coverage owes its client an obligation to use reasonable diligence in attempting to place the insurance coverage requested. *Isidore Newman School v. J. Everett Eaves*, 2009-2161 (La. 7/6/10), 42 So.3d 352, 356 (citing *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728, 730–31 (La. 1973)). An agent has a duty to provide the insured with the correct information and the client may recover from the agent the loss sustained as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *See Newman, supra*, at 354 (citing *Harrington v. Lexington Insurance Co.*,

06–1440, 2006 WL 2192853 (E. D. La. 8/1/06). This duty of reasonable diligence is fulfilled when an agent then procures the insurance requested. *See Newman*, *supra*, at 356.

In *Harrington*, a plaintiff filed suit in state court against defendants insurance company and insurance agency claiming injury as a result of defendants' negligent misrepresentation of insurance coverage. *Harrington*, *supra*, at 1-2. Plaintiffs claimed that they became insufficiently insured for their losses to Hurricane Katrina when defendants failed to alert them to the presence of a "concurrent causation clause," and to an exclusion for water damage in the policy at issue. *Id.* Defendants removed to federal court on the basis that because there was no cognizable claim against defendant insurance agency there was no diversity jurisdiction and plaintiff filed a motion to remand in response. *Id.* The district court determined that Louisiana recognizes causes of action against a defendant for negligent representation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the negligent misrepresentation. The court held that because defendants did not submit any evidence challenging plaintiff's claim of sustaining injury as a result of being uninsured by defendant that the heavy burden as required under the fraudulent joinder doctrine remained unfulfilled. *Id.* Plaintiff's motion to remand was granted as a result. *Id.*

In the present case, Plaintiff has a cognizable claim against Gorney for reasonably relying on his negligent representation that its insurance needs were met, thus leading to pecuniary loss because he: (1) owed a duty to supply correct coverage information when Plaintiff purchased the coverage policy at issue, (2) breached that duty when he failed to indicate that Plaintiff was underinsured, and (3) Plaintiff suffered damages resulting from its justifiable reliance on Gorney's negligent misrepresentation that Plaintiff was sufficiently covered.

Gorney owed Plaintiff a duty to supply correct information when Plaintiff hired Marsh as its insurance agent and broker. Gorney worked with Podaras who represented that they would obtain insurance coverage sufficient to meet the insurance requirements demanded by Plaintiff's customers including Transocean (See Affidavit of Brenda Hingle, May 25, 2011). Gorney was well aware of Plaintiff's insurance coverage needs because Plaintiff personally informed him that Plaintiff sought the highest insurance coverage required by its customers including Transocean. *Id.* Gorney knew or should have known exactly what Transocean required for coverage because he received and reviewed documentation regarding that specific contract. *Id.* Gorney also quoted the premium for insurance coverage required by Transocean and calculated the changes in premium that Plaintiff would encounter as a result of switching from its former insurance broker to Marsh. *Id.* Gorney had a duty to correctly inform Plaintiff whether sufficient insurance coverage required by Transocean had been acquired.

Gorney breached his duty to Plaintiff when he was armed with the knowledge of exactly what amount of coverage Plaintiff needed and did not communicate to Plantiff that its coverage required by Transocean was underinsured by one million dollars ($1,000,000). As a result of Gorney's breach of duty, Plaintiff suffered one million dollars ($1,000,000) in damages when Transocean made an indemnity demand upon plaintiff.

In Conclusion, Gorney is not a fraudulently joined defendant because Plaintiff has a cognizable claim against him. Therefore, Plaintiff respectfully requests that this Court grant its Motion to Remand.

**As an Administrator, Defendant Gorney had knowledge of Plaintiff's Risk of Harm**

Even if this Court determines that Gorney was not functioning within the capacity as an employee of Marsh, Plaintiff would still have a cognizable claim against Gorney as an administrator

of Marsh because he either knew or he should have known that Plaintiff was underinsured. Generally speaking personal liability cannot be imposed on an employee defendant such as a manager simply because of his administrative responsibilities. *See Ford, supra,* at 935-36; *Canter, supra,* at 721 (La. 1973). To be held liable, the employee must have some type of personal duty towards an injured plaintiff that was breached. *See Id.* But if the duty or responsibility is delegated with due care by the administrator to a responsible subordinate, the employee defendant will be held liable if the defendant either knew or should have known about the breach of that duty by the subordinate. *See Ford*, 32 F.3d 931 at 936 (citing *Canter*, 283 So.2d at 721)

In *Ford*, a fertilizer plant worker was injured from an explosion at the plant and filed a claim against his employer Arcadian, the plant's manager Elsbury, and the plant's employee relations manager. *Ford, supra,* at 933. Arcadian claimed that Elsbury had been fraudulently joined on the basis that Elsbury was merely an administrator and that responsibility for safety, maintenance, and operations of the plant were delegated to properly trained and qualified supervisors. *Ford, supra,* at 938-939. Arcadian's argument continued, asserting that because Elsbury had no personal knowledge about a potential explosion at the plant that there was no cognizable claim against him. *Id.* The district court denied plaintiff's motion to remand. *Id.* The appeals court reviewed evidence showing that Elsbury had the authority to shut down the plant for safety reasons as well as evidence indicating that Elsbury's knowledge of the risk was "highly likely and more probable than not known." The court determined that the evidence "at least raises the possibility that [plaintiff} could succeed in establishing a claim against Elsbury under Louisiana law, and reversed the district court's ruling. *Id.* at 939.

In the present case, Defendant asserts that Gorney had no personal duty to and is not personally liable to Plaintiff due to the fact that his involvement was merely administrative in nature.

Defendant overlooks Gorney's level of involvement with Plaintiff. In addition to Gorney's aforementioned activities, Gorney personally attended three to four meetings held between agents of Marsh and Plaintiff at Plaintiff's business headquarters in Plaquemines Parish, he personally spent time with Plaintiff to explain the administrative review requirements to place insurance policies procured through Marsh, and he personally sent a runner from his New Orleans office to Plaintiff's business headquarters to deliver the insurance policy at issue. (See affidavit of Brenda Hingle, May 25, 2011). In light of the evidence presented, Gorney either knew or should have known of plaintiff's underinsurance and is therefore liable to Plaintiff under the doctrine set forth in *Canter*.

Plaintiff can establish a cognizable breach of duty claim against Gorney even if this Court relegates his official capacity to administrator. As a result, defendant cannot overcome the heavy burden of persuasion necessary to establish an improper joinder claim and cannot fulfill the subject matter jurisdictional requirements for removal.

## Conclusion

Defendant seeks to establish diversity jurisdiction so that this Court may enjoy subject matter jurisdiction over the case. In order to accomplish this goal defendant has attempted to absolve defendant Gorney's potential liability by relegating him to a mere administrative clerk who had no substantial dealings with plaintiff. To the contrary, defendant Gorney was intimately involved with Plaintiff and is responsible for any and all damages incurred by Plaintiff as a result of its

underinsurance. For these reasons plaintiff respectfully requests that the Motion to Remand be granted.

**BRUNO & BRUNO, L.L.P.**

BY: /s/ Stephen P. Bruno_____
Stephen P. Bruno, No. 1272
855 Baronne Street
New Orleans, LA 70113
504-525-1335

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that on May 19, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ **Stephen P. Bruno**