UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL No. 2179 SECTION: J |
| | | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES: | | * * | MAG. JUDGE SHUSHAN |
| IN RE: TRITON ASSET LEASING GmbH Case No. 2:10-cv-02771-CJB-SS | | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR LEAVE TO FILE LIMITATION
SHORT FORM JOINDERS BEYOND THE
APRIL 20, 2011 DEADLINE AND SUPPORTING MEMORANDUM**

Come now Blue Reef Watersports Center, LLC, Phuoc Khanh Lam, Amber Gene, Inc., JMF Ventures Orange Beach, LLC, Clint M. Imsand, Michael C. Miller, Tidewater, LLC, Brandon N. Tillman, Woerner Investments, LLC, Thomas A. Myers, Thomas H. Smith, as parent and legal guardian of Thomas W. Smith, a minor, Trawler Becky Lynn, Inc., Charles J. Crawford and Fish Mobile, Inc. ("Movants") and move this Court for leave to file late Short Form Joinders in the limitation proceeding brought by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transcean Deepwater Inc., As Owner, Managing

-1-

Owners, Owners Pro Hac Vice, And/or Operators of the MODU Deepwater Horizon, and as grounds therefor show the Court as follows:

1. This Court established a deadline for the filing of claims in the Transocean limitation proceeding for April 20, 2011.

2. Movants contacted counsel prior to the Court-established deadline seeking assistance in filing claims consistent with this Court's order.

3. Because of the enormous number of claimants seeking to file claims, through inadvertence Movants were omitted from the more than 1,200 claims filed by undersigned counsel.

4. No prejudice will result from the acceptance of the proposed Short Form Joinders, all of which are attached hereto as Exhibit 1. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

5. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("so long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999); *citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).

6. Although a Motion for Default has been filed, the Limiting Parties have agreed to delay the entry of default, allowing some time for "the dust to settle." Limitation has not been determined, and there is no prejudice to the Limiting Parties or the other Defendants.

For these reasons, Movants request that the Court grant Movants leave to file the Short Form Joinders attached hereto as Exhibit 1 and that the Court deem said Short Form Joinders as timely filed.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
Post Office Box 66705
1601 Dauphin Street
Mobile, Alabama 36660
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through Lexis Nexis to all counsel of record.

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS