UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG           * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE     * | |
| GULF OF MEXICO, on APRIL 20, 2010 * | |
| * | |
| * | JUDGE BARBIER |
| Relates to:   All B1 Bundle Cases       * | |
| * | |
| (Also relates to: No. 10-2771)              * | MAG. JUDGE SHUSHAN |
| * | |

******************************************

**PLAINTIFFS'**
**SUPPLEMENTAL POST-ARGUMENT BRIEF**

Plaintiffs respectfully submit the following Supplemental Post-Argument Brief in Opposition to the Motions to Dismiss the Bundle B1 Amended Master Complaint:

MAY IT PLEASE THE COURT:

During oral argument, the Court asked Plaintiffs for their interpretation of the phrase "except as otherwise provided in this Act" in 33 U.S.C. §2751(e).

Out of an abundance of caution, and to ensure that Plaintiffs have fully responded to the Court's question, Plaintiffs respectfully submit that the answer to the Court's question is:

"Except as otherwise provided in this Act" simply means: where not specifically provided within the statute.

Thus, general maritime law is likely displaced to the extent that a person or entity seeks the removal costs or damages "provided in" OPA [33 U.S.C. §2702(b)] from the responsible party. However, general maritime law is *not* displaced with respect to traditional maritime claims against other parties, nor with respect to maritime claims for remedies such as punitive

damages that are not provided in (nor precluded, pre-empted, displaced or otherwise addressed by) OPA against the responsible party.

It is both logical and consistent with the history and structure of OPA to afford compensation to a broad class of people from a designated responsible party on an expedited and strict liability basis, while at the same time allowing people to pursue their traditional maritime remedies against other parties, in negligence, and/or for gross negligence against the responsible party. Indeed, there is nothing within the statutory language expressing an intent by Congress to preclude or displace such pre-existing maritime remedies.[1]

As a practical matter, then, people who were afforded traditional maritime remedies for punitive damages in the absence of OPA still have the right to sue BP for punitive damages under the maritime law. Additionally, with respect to other defendants like Transocean and Halliburton, traditional maritime claims and remedies are preserved, and no presentment is required.

This 31st day of May, 2011.

Respectfully submitted,

|  |  |
|---|---|
| /s/   Stephen  J.  Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: **sherman@hhkc.com** | E-Mail: **jimr@wrightroy.com** |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

---

[1] And, as Plaintiffs have suggested, the savings provisions found in 33 U.S.C. §§ 2718 and 2751(e) indicate the contrary.

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the above and foregoing Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 31st day of May, 2011.

/s/   James Parkerson Roy and Stephen J. Herman