UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>         "DEEPWATER HORIZON" in the<br>         GULF OF MEXICO on<br>         APRIL 20, 2010<br><br>         This Document Relates to:<br><br>         No. 2:10-CV-1540 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**REPLY IN FURTHER SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

A complaint does not suffice if it only "tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and quotation marks omitted). Plaintiff Douglas Crawford's putative class action complaint offers no more than naked assertions about M-I's conduct on the *Deepwater Horizon*, and his untimely response to M-I's motion to dismiss offers no basis for the Court to conclude otherwise. Crawford's Complaint should be dismissed.

## ANALYSIS

**I.    Crawford's Response Should Be Stricken Because It Is Untimely.**

M-I filed its motion to dismiss (Rec. Doc. No. 1589) on March 11, 2011. Pursuant to this Court's Pretrial Order No. 25, Crawford's response was due 30 days later, on April 10, 2011. Without seeking leave of Court, Crawford filed his response on April 29—nearly three weeks late. Crawford's untimely response should be stricken. *See Soliz v. Bennett*, 150 F. App'x 282, 284-85 (5th Cir. 2005) (affirming district court's striking of untimely motion response).

DB1/67245297.8

## II.   Crawford Does Not Dispute That Maritime Law Governs His Claims.

As M-I explained in its Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion to Dismiss Plaintiff's Class Action Complaint ("M-I MTD"), maritime law governs Crawford's action.  M-I MTD 3.  Because Crawford's alleged injury occurred on the navigable waters over the Outer Continental Shelf and because oil and gas drilling constitutes maritime commerce, maritime law governs Crawford's claims.  *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-65 (1986); *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538-39 (5th Cir. 1986).  Crawford responds only by vaguely asserting that the record must be developed further to determine if state law should apply, but he cites no authority for this proposition.  Opp. 2-3.  Crawford does not dispute that his alleged injury occurred in navigable waters or that drilling for oil constitutes maritime commerce; therefore, maritime law governs this action.

## III.   Crawford's Allegations Fail To Establish A Cognizable Claim For Negligence Or Gross Negligence.

The standards by which a plaintiff must plead a claim are clear.  A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully" to survive a motion to dismiss.  *Iqbal*, 129 S. Ct. 1937 at 1949.  This standard is not to be taken lightly—rather, it must be rigorously applied to ensure that defendants are not unnecessarily forced to endure "the potentially enormous expense of discovery."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  The district courts have "the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id.* at 558 (citation and quotation marks omitted).  That is especially true here, because Crawford casts his claim as a class action involving potentially dozens, if not hundreds, of class members.  Even accepting all

the factual allegations in Crawford's Complaint as true, they do not state a claim for negligence, let alone gross negligence, against M-I.

As an initial matter, Crawford's Complaint fails to provide notice to M-I of the claims against it because Crawford does not identify which body of law he contends governs his claims. M-I MTD 2-3.  Crawford generally invokes federal law, Louisiana law, and "the laws of the other affected Gulf Coastal States" in alleging that "Defendants" generally failed to conform to these laws.  *See* Compl. ¶¶ 14, 46, 47.  This lack of specificity fails to apprise M-I of the claims against it, and Crawford's Complaint should be dismissed on this basis alone.

Crawford does not dispute that his Complaint contains but a single allegation directed at M-I—that M-I "provide[d] drilling fluid ('cement') services to the rig *Deepwater Horizon*"[1] and "in conjunction with Halliburton Energy, failed to maintain appropriate drilling fluid weight before and during the cementing operations, thus allowing highly combustible gas to escape from the well and ignite." Compl. ¶ 22; Opp. 1-2.  This is the sole mention of "drilling fluids" or, for that matter, of M-I's alleged role in the Deepwater Horizon incident.

Crawford argues that his claim against M-I is plausible and raises more than a sheer possibility that M-I will be proven legally responsible for his injuries because M-I "contractually assumed responsibility in an area which was key to the safety of the drilling operation." Opp. 2. However, Crawford does not—and, indeed, cannot—allege facts demonstrating that M-I's conduct caused his injuries.  First, notwithstanding his response, Crawford's Complaint nowhere alleges that M-I exercised responsibility or control over any aspect of the drilling operations or personnel on the rig.  Crawford alleges only that M-I failed to maintain appropriate drilling fluid weight, but he alleges no facts demonstrating that inappropriate drilling fluid weight caused the

---

[1] Although M-I understands that Plaintiff's allegations are treated as true for the purpose of a motion to dismiss, it bears mentioning that this allegation wholly misstates M-I's role on the Deepwater Horizon, as it was not the cementing contractor for the Macondo well.

blowout. Compl. ¶ 22. Moreover, Crawford does not even attempt to reconcile his allegation that inappropriate drilling fluid weight caused the blowout with his allegations that dozens of other things, which he does not allege M-I had any involvement with, caused the blowout. *See* Compl. ¶ 45. Crawford suggests that he can lump together the conduct of an undifferentiated set of "Defendants" for pleading purposes because fault will later be allocated among the wrongdoers. Opp. 2. But that misses the point of M-I's argument, which is that to state a claim in the first instance and provide M-I fair notice of the claims against it, Crawford must plead facts establishing his causes of action against each defendant, rather than make blanket assertions against "Defendants." *See Two Old Hippies, LLC v. Catch the Bus, LLC*, No. CIV 10-0459 JB/RLP, 2011 WL 831302, at *14 (D.N.M. Feb. 11, 2011) (stating that it is particularly important to avoid collective allegations against multiple defendants when the liability of some defendants "turns on their individual participation in the alleged activities"); *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF (PVT), 2010 WL 2133011, at *3 (N.D. Cal. May 24, 2010) ("Treating disparate parties identically without explanation, as Plaintiff does throughout the complaint, deprives each individual defendant a fair and meaningful opportunity to defend itself."); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 580 (N.D. Tex. 2009) (dismissing claims based on "blanket allegations against all Defendants" because the lack of specificity "fail[s] to give the [defendants] notice of what they would be required to defend against").

Crawford also claims that his invocation of *res ipsa loquitur* is valid because "the drilling fluids in this case obviously were in the exclusive control of the defendant M-I for some period of time prior to the blow-out." Opp. 3 (emphasis in original). This may be "obvious" to Crawford, but he does not plead it. In fact, he pleads that M-I used the drilling fluids "in

conjunction with Halliburton." Compl. ¶ 22.  More importantly, Crawford does not dispute that *res ipsa loquitur* can apply only where the instrumentality alleged to have caused the injury was "under the exclusive control of defendant," *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000), and "the cause of the harm is obvious," *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 201 (5th Cir. 2000).

Here, the drilling fluid was aboard the *Deepwater Horizon*, which was owned and operated, managed, and controlled by Transocean.  Compl. ¶¶ 16, 23.  As a matter of logic, it is impossible for the drilling fluid to be in the "exclusive control" of M-I when Crawford's own pleading (which must be taken as true for the purposes of a motion to dismiss) provides that Transocean owned, operated, managed, and controlled the rig.  And the cause of the injury is not "obvious"—Crawford identifies no fewer than 29 separate potential causes.  *See* Compl. ¶ 45. All these allegations show that there is no "absence of other equally probable explanations" for the cause of the accident, defeating as a matter of law the application of *res ipsa loquitur*. *Brown*, 231 F.3d at 200.

In its motion to dismiss, M-I also argued that Crawford could not state a claim for gross negligence against M-I because Crawford made no allegation that M-I's conduct in "fail[ing] to maintain appropriate drilling fluid weight" was willful, reckless, or wanton.  M-I MTD 4.  M-I also argued that negligence *per se* does not apply in this case because Crawford did not identify any statute or regulation that M-I supposedly violated.  M-I MTD 6.  Crawford responded to neither argument.  Therefore, this Court should rule that the doctrine of negligence *per se* is not available to Crawford and should dismiss his gross negligence claim as a matter of law.  *See*, *e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citations omitted) ("[W]hen a plaintiff files an opposition to a dispositive motion and

addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

Crawford's allegations are comprised of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Even accepting all the facts as true, they do not establish a plausible case that Crawford is entitled to relief against M-I.

### IV. Crawford Does Not State A Claim For Strict Liability.

In its motion to dismiss, M-I argued that Crawford's claim for strict liability based on ultrahazardous activity fails as a matter of law. M-I MTD 7-8. Crawford does not respond to this argument, saying instead that the Court cannot decide this issue "absent further development of the record." Opp. 3. This does not make sense. M-I's argument is that Crawford's strict liability claim is deficient because (i) general maritime law (which applies in this case) does not recognize the doctrine of strict liability for ultrahazardous activity (except in certain products liability actions) and (ii) even if state law did apply, offshore oil drilling operations are not ultrahazardous as a matter of law. M-I MTD 7-8. These are purely legal arguments, not dependent on any factual record. If Crawford believes they are incorrect, he is obligated to cite legal authority in support of this position. He has not done so, and therefore his claim should be dismissed.

### V. Punitive Damages Are Non-Pecuniary And Unavailable To Jones Act Claimants Seeking Recovery For Personal Injuries.

Finally, Crawford asks this Court to hold that punitive damages are available to him in this action. Such an argument is contrary to Fifth Circuit and Supreme Court precedent because punitive damages are nonpecuniary damages, and nonpecuniary damages are unavailable to Jones Act seamen suing to recover for personal injuries.

M-I argued in its motion to dismiss that punitive damages are not available for a Jones Act seaman alleging a personal injury claim against a third party. M-I MTD 8-9. Fifth Circuit law clearly establishes that even against a non-employer third party, a Jones Act seaman bringing a personal injury suit (such as Crawford) is limited to recovery of pecuniary damages. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667-68 (5th Cir. 2004) (discussing and applying *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)). After considering arguments nearly identical to those in Crawford's Opposition, the Fifth Circuit in *Scarborough* held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Id*. at 668. Other courts have held the same. *See, e.g., Wagner v. Kona Blue Water Farms, LLC,* Civil No. 09-00600 JMS/BMK, 2010 WL 3566730, at *3 (D. Haw. Sept. 13, 2010) ("Although *Miles* did not address punitive damages, courts have uniformly interpreted *Miles* as precluding plaintiffs from recovering punitive damages in Jones Act claims."); *see also Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir. 1987) (holding that punitive damages are nonpecuniary damages not available under the Jones Act); *Wilson v. Noble Drilling Corp.*, Civil Action No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009).

Crawford argues that the Supreme Court's decision in *Atlantic Sounding Co. v. Townsend*, 129 S. Ct. 2561 (2009), casts doubt on *Scarborough*'s rationale. Opp. 4. The *Townsend* Court explicitly left open the issue of whether punitive damages are available under the Jones Act. *See* 129 S. Ct. at 2575 n.12. The Fifth Circuit has not yet addressed this issue since *Townsend*, and until it does, this Court is bound to follow *Scarborough*. *See French v. Allstate Indem. Co.*, Civil Action No. 06-8251, 2009 WL 1668486, at *2 (E.D. La. June 12, 2009) (Barbier, J.) (following a Fifth Circuit decision because it is "binding precedent that this

Court cannot simply ignore"); *see also Wagner*, 2010 WL 3566730, at *7 (stating that *Townsend* "does not call into question *Miles*'[s] holding concerning the damages limitations applicable to the Jones Act").

Crawford further argues that even if *Scarborough* is still good law, punitive damages are pecuniary damages and thus not subject to its rule. Opp. 4-5. Crawford makes this argument by attempting to incorporate the PSC's argument made in an unspecified opposition memorandum. *Id*. This attempted incorporation by reference fails. Federal Rule of Civil Procedure 10(c) allows adoption by reference, but only of statements made in pleadings. *See* FED. R. CIV. P. 10(c) ("A statement in a *pleading* may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." (emphasis added)); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) ("[T]he reach of the 10(c) provision permitting the adoption by reference of material from pleadings cannot be extended by 7(b)(2) to include the adoption of *substantive material* in 'other papers.'" (emphasis in original)). A "pleading" is a term of art under Federal Rule of Civil Procedure 7(a). Because a response to a motion to dismiss is not a pleading, it cannot be incorporated under Rule 10(c).

Moreover, the argument that punitive damages are pecuniary fails on the merits. The Supreme Court has recognized that "'[p]unitive damages' is a legal term of art that has a widely accepted common-law meaning." *Molzof v. United States*, 502 U.S. 301, 306 (1992). "As a general rule, the common law recognizes that damages intended to compensate the plaintiff are different in kind from 'punitive damages.'" *Id.* at 307. Indeed, "[t]here can be little doubt that punitive damages are nonpecuniary in character." *Anderson v. Texaco, Inc.*, 797 F. Supp. 531, 534 (E.D. La. 1992) (collecting cases); *see also Kopczynski v. The Jacqueline*, 742 F.2d 555, 561 (9th Cir. 1984) ("Punitive damages are nonpecuniary.").

As a Jones Act seaman, Crawford is limited to recovery of pecuniary damages, and punitive damages are nonpecuniary. This Court should dismiss Crawford's claims for punitive damages.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in M-I's Memorandum of Law in Support of its Motion to Dismiss, M-I respectfully requests that this Court dismiss with prejudice all claims asserted against it in Crawford's Complaint.

May 31, 2011

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Hugh E. Tanner

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Hugh E. Tanner
htanner@morganlewis.com
Texas Bar No. 19637400
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply in Further Support of Defendant M-I L.L.C.'s Motion To Dismiss Plaintiff's Class Action Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 31st day of May, 2011.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner

DB1/67245297.8