UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 SECTION J |
| Applies to: 11-274 and 11-275 | MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding CMO for Insurance Actions] (Rec. docs. 2517 and 2518)**

There are two Insurance Actions pending in this litigation. Ranger Insurance Limited ("Ranger") filed an action in the Southern District of Texas against the BP defendants. Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing certain excess liability insurance policies issued to Transocean filed a complaint against the BP defendants. Both actions were transferred to MDL 2179.[1] The parties have been unable to agree to the terms of a Case Management Order ("CMO") to govern the Insurance Actions. BP submitted its proposal. Rec. doc. 2517. The Insurers submitted a joint proposal. Rec. doc. 2518. Anadarko and MOEX, the non-operators, intervened in the Insurance Actions and support BP's proposal. Transocean intervened and it supports the proposal submitted by its Insurers.

The Insurance Actions seek a declaratory judgment in favor of the Insurers that BP is not afforded additional coverage in connection with BP's pollution-related liability for oil emanating from BP's well in connection with the explosion, fire and subsequent sinking of the Deepwater Horizon.

BP points out three material differences between the parties. First, the Insurers oppose the setting of an early date for the filing of a motion for judgment on the pleadings or, in the alternative, summary judgment, on the Insurers' complaints. Second, the Insurers do not want discovery in the

---

[1] The Ranger action is No. 11-274. The Lloyd's action is No. 11-275.

Insurance Actions limited to "insurance-specific" issues. Third, the Insurers oppose limits on the volume of written discovery requests and on the number of depositions.

1.	Motion for Judgment on the Pleadings.

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for a judgment on the pleadings."

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d)

> Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. In this case, that would normally include the insurance contracts, since those documents were not attached to the complaints. But because the defendants <u>attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss</u>.

In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007)(emphasis added); and 5C Wright and Miller, Federal Practice and Procedure §1371 at 276 (3rd ed. 2004) ("[b]ecause Rule 10(c) incorporates into the pleadings all exhibits attached thereto and materials referred to, the district court can consider those documents in deciding a Rule 12(c) motion without converting it into a Rule 56 summary judgment motion.").

Ranger's amended complaint for declaratory judgment demonstrates that the insurance policy issued by it and the drilling contract between Transocean and BP are central to Ranger's claims. The same is true for the Lloyd's complaint.

After the pleadings are complete, BP may proceed with a Rule 12(c) motion for judgment on the pleadings and attach the drilling contract and the insurance policies. There is no need for it

to request, in the alternative, summary judgment, and it will not be permitted to do so.[2]

2.      Scope of Discovery.

BP proposes a CMO with the following:

> [T]he Court will not permit the pursuit of discovery in the Insurance Actions that circumvent these limitations. Accordingly, any discovery conducted in the Insurance Actions shall be limited to topics that are relevant and specific only to insurance issues pleaded in the Insurance Actions. In respect to all other issues, the parties to the Insurance Actions shall rely upon ongoing discovery conducted in the other actions in MDL 2179. Thus, for example, no witness may be deposed in the Insurance Actions and no written discovery may be served in the Insurance Actions on any topic that is currently a permissible subject of discovery pursuant to the Pretrial Orders or Case Management Order that have previously been issued in MDL No. 2179.

Rec. doc. 2517 (Exhibit A at 5-6). At the May 26, 2011 conference counsel for the Insurers stated that "the way that they [BP] defined insurance specific discovery was only related to the policies, and there was no reference to the drilling contract, and obviously that's the core of the issue." Rough Draft Transcript ("RDT") at 32.

Ranger's amended complaint focuses on Articles 24.1 and 24.2 of the drilling contract to demonstrate the separate hold harmless obligations of Transocean and BP. The core of Ranger's allegations are in paragraphs 11 through 15 of its amended complaint.[3] Discovery shall be focused on these allegations. Ranger also alleges in paragraph 16 that "[o]ther terms, conditions, limitations and exclusions of the policy may preclude coverage to BP in connection with the liabilities in question." Discovery shall not focus on the omnibus allegation contained in paragraph 16. The final CMO shall contain the following provision on the scope of discovery:

> Discovery in the Insurance Actions shall be limited to the discovery of information

---

[2] Obviously, Judge Barbier could treat the motion as a summary judgment.

[3] The identical allegations appear in the complaint by the Lloyd's insurers.

relevant to the claims of the insurers found in paragraphs 11 through 15 of Rangers' amended complaint and the defenses of BP, Anadarko and MOEX related to these allegations. Discovery in the Insurance Actions shall not be duplicative of the discovery in MDL 2179.

3. <u>Limits on Discovery</u>.

BP argues that the Insurers should be required to submit joint written discovery and the discovery should be limited to: (a) 30 "insurance specific" document requests (RFPs); (b) 25 "insurance specific" interrogatories; and (c) 30 "insurance specific" requests for admissions (RFAs). Under this proposal, BP, Anadarko and MOEX would be required to submit joint written discovery with the same limits.

Because the scope of discovery will be limited as described above, the phrase "insurance specific" is unnecessary. The Insurers and Transocean shall submit joint written discovery. BP, Anadarko and MOEX shall submit joint written discovery. Each side will be limited to 35 interrogatories, 25 RFPs, and 25 RFAs.

BP urges that each side be limited to 10 "insurance specific" fact depositions. The reference to "insurance specific" is unnecessary. Each side will be limited to ten (10) depositions unless good cause is shown to expand the number.

4. <u>Other Issues</u>.

The BP proposal provides a June 3, 2011 deadline for responses to the complaint in intervention by Anadarko, MOEX and Transocean. This deadline is too soon.

The Insurers propose an August 31, 2011, deadline for any amendments to pleadings. The final CMO shall not provide for the amendment of pleadings. This does not prevent a party for moving for leave to modify the CMO to permit an amendment with a demonstration of good cause

as required by Fed. R. Civ. P. 16(a).

By **Tuesday, June 7, 2011**, the parties shall attempt to submit a joint CMO which incorporates the rulings in this order. If they are unable to agree on a joint CMO order, by **Friday, June 10, 2011**, they shall submit separate proposed orders in PDF. The parties are urged to narrow their differences. The Court will sign the order which most nearly meets the needs of the Insured Actions. It will not attempt to compromise the differences. The date for the hearing on the motion for judgment on the pleadings shall be blank as the undersigned will secure a date from Judge Barbier.

IT IS ORDERED that the requests of BP and the Insurers (Rec. docs. 2517 and 2518) regarding the CMO for the Insurance Actions are GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this  31st day of    May   , 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**