UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| GUY J. ADAMS, individually and on behalf of others similarly situated, Plaintiffs, | * * * * | | |
| v. | * * | CIVIL ACTION NO.: | 2:11-cv-01051-CJB-SS |
| THE STATE OF LOUISIANA, through the LOUISIANA | * * | SECTION: | J |
| DEPARTMENT OF NATURAL RESOURCES; BP EXPLORATION | * * | DIVISION: | 1 |
| & PRODUCTION, INC.; BP PRODUCTS NORTH AMERICA, | * * | JUDGE: | CARL J. BARBIER |
| INC.;  BP, P.L.C.; BP AMERICA, INC.;  TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.;  TRANSOCEAN HOLDINGS, LLC; HALIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION; ANADARKO PETROLEUM CORPORATION; MITSUI OIL EXPLORATION COMPANY, LTD.; MOEX OFFSHORE 2007, LLC; NALCO COMPANY, PENETON COMPANY, and JMN SPECIALITIES, INC. Defendants. | * * * * * * * * * * * * * * * * * * | MAGISTRATE: | SALLY SHUSHAN |

*******************************

## MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes Plaintiff Guy Adams, individually and on behalf of others similarly situated, who moves this Court to remand this case to the Twenty-Fifth Judicial Court for the Parish of Plaquemines, State of Louisiana. In support thereof, Plaintiff would show that the Eleventh Amendment expressly prohibits the Court from

having original jurisdiction in this case, and that the procedural rules for removal have not been followed by the removing defendant.

Plaintiff brought this action individually and on behalf of a proposed class of Louisiana residents whose oyster beds were damaged. Named as Defendants are 16 private entities and the State of Louisiana. The Eleventh Amendment to the U.S. Constitution specifically prohibits this Court from exercising jurisdiction over the State of Louisiana as a defendant, and only the State of Louisiana is capable of waiving this prohibition. Because the removing Defendant, Cameron International Corporation ("Cameron"), cannot waive the State's Eleventh Amendment immunity, removal is improper and serves only to provide unfair tactical advantages in the litigation to Cameron and/or the State.

Moreover, the removal is also improper and remand is necessary because the Notice of Removal (Record Doc. 1) does not meet the procedural requirements necessary for proper removal.

WHEREFORE, Plaintiff Guy Adams, individually and on behalf of others similarly situated, respectfully request that the Court remand this case to the Twenty-Fifth Judicial Court for the Parish of Plaquemines, State of Louisiana.

Respectfully submitted,

 /s/ Frank J. D'Amico, Jr.
Frank J. D'Amico, Jr. (La Bar No. 17519)
THE LAW OFFICES OF FRANK J. D'AMICO, JR.
4731 Canal Street
New Orleans, LA 70119
Telephone: (504) 525-7272
Fax: (504) 525-9522

*Counsel for Plaintiffs and the Class*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Motion to Remand and Memorandum in Support has been filed through the ECF system and served on all counsel of record through same, or through electron mail, facsimile, and/or U. S. Mail.

    New Orleans, Louisiana this 2nd day of June, 2011.

                                        /s/ Frank J. D'Amico, Jr.
                                        Frank J. D'Amico, Jr. (La Bar No. 17519)