UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| GUY J. ADAMS, individually and on behalf of others similarly situated, Plaintiffs, | * * * * | | |
| v. | * * | CIVIL ACTION NO.: | 2:11-cv-01051-CJB-SS |
| THE STATE OF LOUISIANA, through the LOUISIANA | * * | SECTION: | J |
| DEPARTMENT OF NATURAL RESOURCES; BP EXPLORATION | * * | DIVISION: | 1 |
| & PRODUCTION, INC.; BP PRODUCTS NORTH AMERICA, | * * | JUDGE: | CARL J. BARBIER |
| INC.; BP, P.L.C.; BP AMERICA, INC.; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS, LLC; HALIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION; ANADARKO PETROLEUM CORPORATION; MITSUI OIL EXPLORATION COMPANY, LTD.; MOEX OFFSHORE 2007, LLC; NALCO COMPANY, PENETON COMPANY, and JMN SPECIALITIES, INC. Defendants. | * * * * * * * * * * * * * * * * * * * * * | MAGISTRATE: | SALLY SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND</u>

Plaintiff Guy Adams, individually and on behalf of others similarly situated, moves the

Court to remand this case to the Twenty-Fifth Judicial Court for the Parish of Plaquemines, State of Louisiana. In support thereof, Plaintiff would show as follows:

## I.      INTRODUCTION

This case involves the claims of those individuals and entities whose oyster beds were destroyed by the actions of the defendants. The original "Class Action Petition for Damages" ("Petition")[1] was filed in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines on April 20, 2011. The Petition names as defendants 16 private corporations and the State of Louisiana. Two weeks after the Petition was filed, on May 4, 2011, one Defendant, Cameron International Corporation ("Cameron"), removed this case to this Court.

In its removal, Cameron failed to follow the procedural requirements of obtaining the consent to removal of the other defendants and instead asserted that under *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988), the consent of the other defendants "is not necessary" to the removal. (Record Doc. 1 at ¶ 20). Cameron is wrong. Consent to removal is necessary under *Getty Oil Corp.* and, more importantly in this case, the consent needed is not just consent to removal, but also consent to the waiver of sovereign immunity.

The Eleventh Amendment to the United States Constitution prohibits United States district courts from having jurisdiction over claims made against a state or state agency. Therefore, this Court does not have original jurisdiction in this case. By removing this case, Cameron is either seeking to expand the jurisdiction of this Court, or waive sovereign immunity on behalf of the State of Louisiana. Because Cameron does not have the authority to either

---

[1] A copy of the Class Action Petition for Damages is attached as Defendant's Exhibit A to the Notice of Removal. (Record Doc. 1).

expand the jurisdiction of this Court or waive sovereign immunity on behalf of the State of Louisiana, this case must be remanded to state court.

Moreover, at least one defendant named in this case has already asserted that the damage to the oyster beds that is complained of in the Petition was exclusively the fault of the State of Louisiana.  *See*, Schleifstein, Mark, <u>BP says it's not responsible for paying to reseed oyster beds</u>, *The New Orleans Times-Picayune*, April 16, 2011.[2]  Therefore, if this Court were to assume jurisdiction in this case in the face of the Eleventh Amendment's restriction on its jurisdiction, the Plaintiff would be placed in the unfair position of litigating against an "empty chair" defendant - - *i.e.*, the State of Louisiana.  More specifically, if this case is not remanded and the State of Louisiana asserts its Eleventh Amendment immunity, an empty chair will sit at the defense table and the Plaintiff will be forced to both prosecute his case against the State <u>*and*</u> simultaneously defend the State against the claims from the other defendants that the destruction of the oyster beds was exclusively the fault of the State.  Putting the Plaintiff in such a position is unfair and untenable because he would be forced to defend the State without any access to the State's documents, evidence or witnesses, and he would be left without any recourse if such restricted evidence showed that the State was at fault because this Court has no jurisdiction to enforce any judgments against the State.  Thus, because the procedural rules of removal were not followed in this case, because the substantive rules of original jurisdiction prohibit the removal of this case it, and because the tenets of fairness and equity do not support removal, the Plaintiff's motion to remand should be granted.

---

[2] This newspaper article is attached as Plaintiff's Exhibit 1.

## II. SUMMARY OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed the original Petition on April 20, 2011. The original Petition alleges that all of the defendants are responsible for the destruction of the public and private oyster beds, which are the livelihood of the proposed class members that gives rise to this case.

On May 4, 2011, Defendant Cameron removed this case to this Court. However, Cameron did not obtain the consent of all the other defendants prior to its removal and Cameron did not seek a waiver of sovereign immunity from the State of Louisiana prior to its removal. (Record Doc. 1). Therefore, the Plaintiff now moves the Court to remand this case because the Eleventh Amendment to the U.S. Constitution excludes this case from this Court's jurisdiction; because exercising any supplemental or partial jurisdiction in an instance where sovereign immunity is not waive will provide all the defendants with an unfair and inequitable litigation advantage; and because the procedural requirements of removal were not complied with.

## III. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The United States district courts are courts of limited jurisdiction, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and a district court does not have original jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend XI.

In addition, the procedural requirements of removal mandate that the notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a

copy of the initial pleading." 28 U.S.C. § 1446(b). Under the "rule of unanimity," all served and joined defendants must consent, in writing, to removal within the thirty days allotted by § 1446(b). *Getty Oil Corp.*, 841 F.2d at 1262-1263.

IV. **ORIGINAL JURISDICTION DOES NOT EXIST IN THIS CASE**

   **A. The Eleventh Amendment expressly prohibits this Court from having original jurisdiction in this case.**

Defendant Cameron's removal documents ignore the Eleventh Amendment's recognition of state sovereign immunity. Instead, Defendant Cameron's removal focuses on the federal statutes that it believes this case arises under, (Record Doc. 1 at ¶¶ 5-17), and on its position that the consent of all defendants to removal is unnecessary. (Record Doc. 1 at ¶ 20). While the Plaintiff certainly disagrees with Cameron's position that the claims in this case arise under federal law, and Cameron's position that the written consent of all the defendants to the removal is not necessary, the most important issue before this Court is the one that Cameron ignores - - whether this Court has original jurisdiction over a suit commenced or prosecuted against one of the United States.

The text of the Eleventh Amendment and the jurisprudence interpreting it is clear. A United States district court does not have jurisdiction over a case in which a state is the defendant unless the state unequivocally waives its Eleventh Amendment immunity. *McKay v. Boyd Constr. Co., Inc.*, 769 f.2d 1084, 1086 (5th Cir. 1985). *See also*, *Meyers v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005) (there are only two circumstances in which an individual may sue a state in federal court: (1) when Congress abrogates the Eleventh Amendment immunity and (2) when

a state waives its Eleventh Amendment immunity). Thus, the question before this Court is not, as Cameron suggest, whether the State of Louisiana needs to or did consent to removal, (Record Doc. 1 at ¶ 20), but whether the State of Louisiana unequivocally waived its Eleventh Amendment immunity. There is nothing in the record showing an unequivocal waiver of sovereign immunity by the State of Louisiana, and therefore, original jurisdiction does not exist in this case for this Court.

   **B. An assertion of jurisdiction by this Court in this case would not only ignore the text of the Eleventh Amendment, but also create an unfair litigation advantage for the defendants.**

If this Court were to accept Defendant Cameron's proposition that the consent of the State of Louisiana to the removal is unnecessary, then the Plaintiff will suffer serious disadvantages. For example, if the consent of the State of Louisiana to removal is not required to effectuate removal, then the State of Louisiana can wait while Cameron removes the case and then after removal, assert its Eleventh Amendment immunity. Such a tactic by the State of Louisiana would allow the state to remove itself from this case without even making an appearance or putting forth any evidence. *See*, *Meyers*, 410 F.3d at 248 (listing the many courts which recognize the litigation advantages that can be gained when a state selectively invokes its Eleventh Amendment immunity).

Moreover, such a tactic would also force the Plaintiff to fill the empty chair left by the State and defend the State against the accusation that is already being made by at least one defendant that the State bears the responsibility for the destruction of the oyster beds. *See*, Plaintiff's Exhibit 1, Schleifstein, Mark, BP says it's not responsible for paying to reseed oyster

6

beds, *The New Orleans Times-Picayune*, April 16, 2011.  Placing the Plaintiff in the position of simultaneously prosecuting his case against the State and defending the State against attacks from other defendants without access to any of the evidence, e-mails, studies, reports or other evidence of the State would be highly prejudicial to the Plaintiff.  It is not difficult to envision the outcome of such a situation being a judgment rendered against the State, regardless of whether or not such a judgment is supported by the evidence and documents of the State, and/or a Plaintiff who is unable to collect a judgment against an immune sovereign.  Given the unfairness of this situation and the immense litigation advantage to be gained in such a situation, courts have recognized that only a clear, unequivocal waiver of Eleventh Amendment immunity by a state can support the exercise of jurisdiction by a United States district court in a case where the state is a defendant.  *Meyers*, 410 F.3d at 248.  Because no such waiver has been made in this case, this case must be remanded to state court.

**C.  Defendant Cameron has not complied with the procedural rules for removal.**

The Fifth Circuit adheres to the "rule of unanimity," and requires all the served and joined defendants to consent, in writing, to removal within the thirty days of receipt of the initial pleading.  *Getty Oil Corp.*, 841 F.2d at 1262-1263.  Cameron has not obtained the consent of any other defendant to removal.  Instead, Cameron asserts that *Getty Oil Corp.* excuses the need to obtain the consent of the other defendants.  (Record Doc. 1 at ¶ 20).

Cameron's assertion is wrong and its actions in removing prior to service do not negate the rule of unanimity.  *Getty Oil Corp.* requires all the served and joined defendants to consent, in writing, to removal.  *Id.*, at 1262-1263.  Cameron has voluntarily taken it upon itself to receive

7

a copy of the initial pleading and therefore it has voluntarily taken it upon itself to obtain formal, written consent from all the other defendants within thirty days.

Cameron is a sophisticated party that is responsible for its actions. The Plaintiff is not responsible for Cameron's actions, and the Plaintiff did not attempt to manipulate the forum by serving Cameron and withholding service on the other defendants. *Contra*, *White v. White*, 32 F.Supp.2d 890 (W.D. La. 1998) (allowing an exception to the rule of unanimity when the plaintiff sought to manipulate service and prevent the defendants from obtaining timely consent). As admitted by Cameron, "the Plaintiff's Petition expressly requested that service be withheld," (Record Doc. 1 at ¶ 20), and as seen in the Petition, the request for service to be withheld was made insofar as all the defendants. (Record Doc. 1 at Defendant's Exhibit A). Therefore, Cameron has created the situation where it obtained receipt of the initial pleading and started the thirty days clock established by 28 U.S.C. § 1446(b) and the rule of unanimity of its own accord. Because Cameron started the clock of its own accord, it must now beat the expiring of the clock. Its failure to do so, seen in its failure to produce formal, written statements of consent to removal from all the other defendants within thirty days,[3] makes the removal improper and remand necessary.

## V.     **CONCLUSION**

Plaintiff Guy Adams, individually and on behalf of others similarly situated, respectfully request that the Court remand this case to the Twenty-Fifth Judicial Court for the Parish of

---

[3] Plaintiff does not know the exact date upon which Cameron obtained receipt of the initial pleading. However, assuming Cameron filed its Notice of Removal on the date it received the initial pleading, then Cameron must provide formal, written consent to the removal from all the other defendants no later than June 3, 2011.

8

Plaquemines, State of Louisiana. Remand is required because the Eleventh Amendment prohibits this Court from having original jurisdiction in this case, and because the procedures for removal that are articulate in 28 U.S.C. § 1446(b) and *Getty Oil Corp.*, *supra.* have not been met.

                        Respectfully submitted,

                          /s/ Frank J. D'Amico, Jr.
                        Frank J. D'Amico, Jr. (La Bar No. 17519)
                        FRANK J. D'AMICO, JR., APLC
                        4731 Canal Street
                        New Orleans, LA 70119
                        Telephone: (504) 525-7272
                        Fax: (504) 525-9522
                        *Counsel for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing Motion to Remand and Memorandum in Support has been filed through the ECF system and served on all counsel of record through same, or through electronic mail, facsimile, and/or U. S. Mail.

    New Orleans, Louisiana this 2nd day of June, 2011.

                          /s/ Frank J. D'Amico, Jr.
                        Frank J. D'Amico, Jr. (La Bar No. 17519)