UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010, | * * * * * * * | MDL NO. 2179 |
| This Document Relates To: | * * | JUDGE BARBIER |
| Adams v. State of Louisiana et al., 11-cv-01051 | * * * * | MAG. JUDGE SHUSHAN |

MEMORANDUM IN SUPPORT OF THE
STATE OF LOUISIANA'S MOTION TO REMAND

NOW INTO COURT, comes the State of Louisiana, through James D. "Buddy" Caldwell, Attorney General of the State of Louisiana, who respectfully submits this memorandum on behalf of the Louisiana Department of Natural Resources ("the State") in support of their Motion to Remand and seeks an order severing and remanding the claims against the State in the above-captioned proceeding to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, where this action was filed on April 20, 2011.

I.   BACKGROUD

On April 20, 2010, Guy J. Adams, individually and on behalf of other similarly situated Plaintiffs, filed the instant lawsuit against multiple Defendants, including four BP entities, four Transocean entities, Halilburton Energy Services, Inc., Cameron International Corporation, Anadarko Petroleum Corporation, Mitsui Oil Exploration Company, Ltd., Moex Offshore 2007, LLC, Nalco Company, Peneton Corporation, JMN Specialties, Inc., and the State of Louisiana,

through the Louisiana Department of Natural Resources ("LDNR"), seeking class certification for damages caused by the blowout, fire, and explosion of the *Deepwater Horizon*, and the resulting oil spill and activities associated therewith.

The Plaintiff alleges to represent all Louisiana entities and residents having water bottom leases, including oyster bed leases, that were contaminated by the oil, chemical dispersants, or fresh water from diversions as a result of the *Deepwater Horizon* oil spill.  *See* Plaintiff's Petition, p. 6.  In addition to alleging that the oil and dispersants have damaged the environment and property of the Plaintiff and the Class, the Plaintiff also alleges that State's opening of several freshwater diversions to mitigate the damage from the oil and dispersants also damaged private and public oyster beds.  *Id*. at 4-5.  The Plaintiff argues, *inter alia*, that "[a]s a direct and proximate result of the Defendants' negligent actions described above, the oyster beds that are the leased property of Plaintiffs have been contaminated and such contamination has interfered with Plaintiffs' ability to use their leased property as intended…"  Plaintiff's Petition, p. 9.

On May 4, 2011, Defendant Cameron International Corporation ("Cameron") filed a Notice of Removal, removing the case to the United States District Court for the Eastern District of Louisiana.[1]  Cameron alleges that removal is proper pursuant to the Outer Continental Shelf Lands Act ("OCLSA"), 43 U.S.C. § 1331 *et seq.*, citing Judge Barbier's October 6, 2010, Order stating that the Court has original jurisdiction under 43 U.S.C. § 1349 over actions based on "Defendants' alleged negligent actions during the drilling and exploration operation…because the oil and other contaminants would not have entered into the State of Louisiana's territorial

---

[1] As of the date of the Notice of Removal, the State of Louisiana had not yet been served, and in fact, the Plaintiff specifically requested that service be withheld.  *See* Plaintiff's Petition, p. 10.  On June 1, 2011, at the Plaintiff's request, this Court issued a summons to the State of Louisiana, through the Secretary of LDNR. (Rec. Doc. 2604-5). 28 U.S.C. § 1447(c) provides that a motion to remand for lack of subject matter jurisdiction can be made at any time.  For the significant interests stated herein, the State of Louisiana submits this motion to remand; however, the State expressly reserves its right to assert all available claims and defenses, including insufficiency of service, jurisdiction, venue, etc., available to it pursuant to federal law, and upon remand, state law.

waters 'but for' Defendants' drilling and exploration operation." *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* 10-MD-2179, (Rec. Doc. 470, p.8). Cameron also alleges that removal is proper pursuant to the Court's subject matter jurisdiction under 28 U.S.C. § 1331 because the claims arise out of OCSLA, a federal law, and pursuant to the original jurisdiction provided under the Oil Pollution Act ("OPA"), 33 U.S.C. § 2717(b). Notwithstanding the basis of removal jurisdiction relied upon by Defendant Cameron, Eleventh Amendment sovereign immunity divests this Court of subject matter jurisdiction over claims asserted against the State in federal court. As such, and for reasons more fully stated below, the State of Louisiana respectfully requests that all claims asserted in this matter against the State be remanded.

## II. LAW AND ARGUMENT

### A. Eleventh Amendment Sovereign Immunity Bars Federal Court Jurisdiction Over Claims Against the State of Louisiana.

Pursuant to sovereign immunity principles provided by the Eleventh Amendment of the United States Constitution, this Honorable Court lacks jurisdiction over the claims alleged in this lawsuit against the State of Louisiana. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend in any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Courts have held that the Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department."[2] The principles underlying state sovereign immunity have been explained, thus:

---

[2] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (C.A.5 1997) (quoting *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-186 (C.A.5 1986); *see also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984).

> Private suits against nonconsenting States may threaten their financial integrity and the surrender of immunity carries with it substantial costs to the autonomy, decisionmaking ability, and sovereign capacity of the States. A general federal power to authorize private suits for money damages would also strain States' ability to govern in accordance with their citizens' will, for judgment in creditors compete with other important needs and worthwhile ends for access to the public fisc, necessitating difficult decisions involving the most sensitive and political of judgments.[3]

The presupposition or concept of state sovereign immunity has two parts: "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."[4] While a state's immunity is not absolute, the Supreme Court has recognized only two circumstances whereby an individual can sue a state in federal court.[5] First, Congress may abrogate states' immunity by authorizing such a suit legislatively for purposes of enforcing the provisions of the Fourteenth Amendment.[6] Alternatively, a state's sovereign immunity is "a personal privilege which it may waive at its pleasure" by consenting to the suit.[7]

In the Notice of Removal, Defendant Cameron cites two federal laws that authorize this Court's jurisdiction over the current matter: OCSLA, 43 U.S.C. § 1441 *et seq*. and OPA, 33 U.S.C. § 2717. However, neither of these laws indicate any congressional intent to abrogate the states' sovereign immunity. The Supreme Court has created a two-part test for determining whether Congress has properly abrogated the states' Eleventh Amendment immunity.[8] The first step requires a determination of whether Congress "unequivocally expresse[d] its intent to

---

[3] *Alden v. Maine*, 527 U.S. 706, 709.
[4] *Meyers v. Texas*, 410 F.3d 236, 240 (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank,* 527 U.S. 627, 634 (1999), quoting *Hans v. Louisiana*, 134 U.S. 1 (1890)).
[5] *Id.* at 241.
[6] *Id*. (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976).
[7] *Id.*
[8] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *see also Ussery v. State of Louisiana*, 150 F.3d 431 (C.A.5 1998).

abrogate the immunity."[9] If the intent to abrogate is expressed "in unmistakable language in the statute itself," the court must then determine whether Congress acted "pursuant to a valid exercise of power."[10]

In this instance, the Court does not even need to reach step two of the inquiry because it is clear that neither OCSLA nor OPA express any language indicating that Congress intended to abrogate the states' sovereign immunity from being sued for money damages in federal court. Indeed, OCSLA contains express language to the contrary, stating:

> Except as provided in this section, any person having a valid legal interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this subchapter against any person, including the United States, and any other government instrumentality or agency (*to the extent permitted by the eleventh amendment to the Constitution*)…[11]

Additionally, there is also no language in OPA expressing any congressional intent to abrogate state sovereign immunity.[12]

Because it is clear that there are no laws asserted in this suit or in the Notice of Removal whereby Congress has abrogated state sovereign immunity, the only remaining question for this Court is whether Louisiana has consented to be sued in federal court. Based on the analysis below, it should be clear that it has not. The decision to waive sovereign immunity must be voluntary on the part of the sovereignty.[13] A court can find a waiver either if (1) the state

---

[9] *Id*. at 55.
[10] *Ussery*, 150 F.3d 431, 434 (citations omitted).
[11] 43 U.S.C. § 1349(a)(1) [emphasis added]. Notwithstanding the discussion of OCSLA as it relates to sovereign immunity for purposes of remand, the State reserves its right to object to the jurisdiction of this Court over the claims in this suit against Louisiana under OCSLA should remand not be granted.
[12] The State also expressly reserves its any rights and defenses it has regarding the application of OPA to the claims in this matter against Louisiana.
[13] *Meyers*, 410 F.3d at 241.

voluntarily invokes federal court jurisdiction; or, (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[14]

Here, the State has not voluntarily invoked federal court jurisdiction, but rather is a named Defendant in a case otherwise removed by another Defendant. Also, as a general matter, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[15] The Louisiana Legislature clearly expressed that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[16] Therefore, in each unsanctioned instance of suit filed in, or removed to, federal court, the State, its agencies or officers in their official capacities must affirmatively waive its sovereign immunity in order for the court to have jurisdiction over the claims against the State. The State of Louisiana does not consent to this suit and herein respectfully declines to waive its sovereign immunity. Considering the foregoing, this Honorable Court lacks jurisdiction over all claims against the State of Louisiana and this matter should be remanded to the 25th Judicial District Court for any further proceedings.

### B. This Court's Prior Ruling That Removal Is Proper Under OCSLA Is Distinguishable From, and Inapplicable To, the Current Matter.

On May 17, 2010, the District Attorney for the Parish of Terrebonne filed suit for the recovery of civil penalties for the value of the injured or destroyed wildlife or aquatic life resulting from the *Deepwater Horizon* disaster.[17] The suit was filed by the District Attorney, on behalf of the Louisiana Department of Wildlife and Fisheries ("LDWF"), in the name of the State of Louisiana, pursuant to La. R.S. 56:40.1 *et seq.* In response to the Plaintiff's Motion to

---

[14] *Id.*
[15] *See Citrano v. Allen Correctional Center,* 891 F.Supp. 312 (W.D.La. 1995); *Building Engineering Services Co., Inc. v. State of La.,* 459 F.Supp. 180 (E.D.La. 1978).
[16] La. R.S. 13:5106(A).
[17] *See State of Louisiana v. BP Exploration and Production Inc, et seq.*, Docket No. 160769, 32nd Judicial District Court, Parish of Terrebonne.

6

Remand and Defendant BP's Memorandum in Opposition, in an Order dated October 6, 2010, this Court denied the Motion to Remand.[18] The Court's ruling was based, in part, on a finding that Eleventh Amendment Immunity does not apply to the removal context when the State of Louisiana is a Plaintiff.[19] Further, the Court also held that original jurisdiction exists under OCSLA pursuant to 43 U.S.C. § 1349(b)(1) because that case and controversy involved claims arising out of, or in connection with the "operations[s] conducted on the outer Continental Shelf."[20] For the reasons discussed below, that ruling is distinguishable from and therefore inapplicable to the current case.

> **1. The Eleventh Amendment does apply to the current matter and the State's invocation of Eleventh Amendment immunity requires the court to sever and remand the claims against the State.**

In the *State of Louisiana v. BP Exploration and Production* suit, the State of Louisiana was the Plaintiff. Thus, in response to the Plaintiff's argument that sovereign immunity extends to the State whether the State appears as a plaintiff or defendant, this Court held that "the Eleventh Amendment does not apply to the removal context when the State is a Plaintiff" and therefore "is not a bar to removal."[21] In this current case, the State of Louisiana is a Defendant; therefore, as discussed *supra*, the Eleventh Amendment does apply and is a bar to removal.[22] Because the Eleventh Amendment bars the removal of the claims against the State, this Court is required to sever and remand those claims to State court.

---

[18] *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 10-MD-2179 (Rec. Doc. 470), 747 F.Supp.2d 704 (E.D. La. 2010).
[19] *Id*. at 710.
[20] 43 U.S.C. § 1349(b)(1); *see also* 747 F.Supp.2d at 708.
[21] 747 F.Supp.2d. at 710-711 (*citing Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*, 625 F.2d 22, 24 n. 6 (5th cir. 1980; *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 431 N. 12 (5th Cir. 2008).
[22] Because the State is a Defendant, making the Eleventh Amendment a clear bar to removal, the State does not need, and hereby reserves its right, to take a position on the question of whether sovereign immunity applies whether the State appears as a plaintiff or defendant.

7

In *Wisconsin Dept. of Corrections v. Schacht*,[23] the Supreme Court was faced with the issue of whether defendants can remove a case involving claims arising under federal law to federal court, where some claims, made against a State, are subject to an Eleventh Amendment bar. The Court held that the defendants can remove the case to a federal court, but that the court only had jurisdiction over claims not barred by the sovereign immunity.[24]

*Schacht* involved claims by a former prison guard that had been fired by the Wisconsin Department of Corrections alleging that the Department had violated his due process and civil rights under the Fourteenth Amendment and 42 U.S.C. § 1983. The defendants' asserted Eleventh Amendment immunity as a defense to bar any claims against the State.[25] After the District Court granted the defendants' motion to dismiss, the plaintiff appealed the dismissal of claims against the individual defendants in their personal capacities. The Court of Appeals, rather than addressing the merits of the issue presented, concluded that removal had been improper because the federal court lacked jurisdiction over the claims against the State and remanded the entire case to state court.[26] The Supreme Court granted certiorari to review a conflict among the Circuits regarding the question of, if one or more claims are subject to an Eleventh Amendment bar, does that jurisdictional bar require a remand of the entire case, or only those claims barred by sovereign immunity.[27]

In ruling that the presence of a claim that the Eleventh Amendment may bar "does not destroy removal jurisdiction that would otherwise exist," the Court reasoned that "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it

---

[23] 524 U.S. 381 (1998).
[24] *Id.* at 383.
[25] *Id*. at 385.
[26] *Id.*
[27] *Id*

8

choose to do so."[28]  The Court further stated that, after removal, "[t]he State's later invocation of the Eleventh Amendment placed the particular *claim* beyond the power of the federal courts to decide, but it did not destroy removal jurisdiction over the entire case."[29]

Thus, while Defendant Cameron, and possibly other Defendants, may argue that the removal of this case was proper, it is clear that when a state invokes its right to sovereign immunity, the claims against that state are not within a federal court's jurisdiction.  Here, the State of Louisiana hereby affirmatively asserts its right to Eleventh Amendment immunity from the claims asserted against it in the Plaintiff's Petition and requests that the Court sever and remand those claims to State court.

### 2. If maritime law applies to the Plaintiff's claims, then 28 U.S.C. § 1441(b) also prevents the removal of this action.

This Court's previous ruling that the removal of *State of Louisiana v. BP* was proper was also based, in large part, on the fact that none of the named defendants were citizens of Louisiana or "forum defendants."  More specifically, after ruling that the Court has original jurisdiction over the matter pursuant to 43 U.S.C. § 1349(b)(1),[30] this Honorable Court then addressed the Plaintiff's argument that even if § 1349(b)(1) provides original jurisdiction, maritime law requires the case to be remanded under 28 U.S.C. § 1441(b).  § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*[31]

---

[28] *Id*. at 389.
[29] *Id*. at 391 [emphasis in original].  *See also Covarrubias v. County of Mono*, 2009 WL 2590729 (E.D.Cal. 2009) (holding that the Court lacked subject matter jurisdiction over the claims against the state and remanded those claims, while retaining jurisdiction over the claims against the County).
[30] 747 F.Supp.2d at 708.
[31] 28 U.S.C. § 1441(b) [emphasis added].

9

In analyzing the suitability of removal in that case, this Court recognized that "maritime law claims do not arise under the laws of the United States."[32] This Court further reasoned:

> It is therefore true that unless a defendant is not a citizen of the state in which the action was brought, § 1441(b) does not allow maritime law claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction because the Fifth Circuit has not determined that finding that a court has OCSLA jurisdiction is synonymous with finding that a plaintiff's claim arises under the laws of the United States. *See Tenn. Gas Pipeline*, 87 F.3d at 156; *See also Walsh v. Seagull Energy Corporation*, 836 F.Supp. 411, 417-18 (S.D.Tex.1993); *Rivas v. Energy Partners of Delaware*, No. Civ. A. 99-2742, 2000 WL 127290, 5 (E.D.La. Feb. 1, 2000) (stating "the Fifth Circuit has never held that where OCSLA and general maritime law overlap, the case is removable without regard to citizenship"; 28 U.S.C. § 1441(b).[33]

Thus, the Court held that "because this court has original jurisdiction under § 1349(b)(1)…[t]his matter is removable because 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[34]

In the current matter, JMN Specialties, Inc. has been joined as a defendant.[35] According to Plaintiff's Petition, JMN Specialties is a Louisiana corporation.[36] Therefore, under the "forum-defendant" rule, if maritime law applies, this action is not removable because a party in interest is a citizen of Louisiana, the state in which the action was brought.[37] As such, this entire case should be remanded to State court.

---

[32] 747 F.Supp.2d at 709.
[33] *Id*.
[34] *Id.*
[35] JMN Specialties, Inc. was also issued a summons by this Court on June 1, 2011. (Rec. Doc. 2604-4)
[36] A search of Louisiana corporations through the Louisiana Secretary of State Corporations database confirms that JMN Specialties, Inc. is a Louisiana corporation. http://www.sos.louisiana.gov/tabid/819/Default.aspx. Site last visited 6/1/2011.
[37] It is worth noting that the State of Louisiana is also a named defendant and arguably domiciled in, and therefore a defendant of, the forum State in which the action was filed. The United States Supreme Court has noted, time and again, that a State is not a citizen of itself for the purposes of supporting diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). Nonetheless, to the extent that the "forum defendant" rule is not one based on diversity, but rather on actions based on other grants of jurisdiction, it could be argued that the State of Louisiana's joinder as a defendant also precludes removal. *See* S*t. Joe Company v. Transocean Offshore Deepwater Drilling Inc.*, --- F.Supp.2d ----, 2011 WL 915300, FN 14, *15 (D.Del.,2011).

### C. Neither OCSLA Nor OPA Create a Cause of Action Against Louisiana Based on the Allegations in Plaintiff's Petition; However, Because the Eleventh Amendment Divests Federal Courts of Subject Matter Jurisdiction, This Court Should Remand the Case Before Reaching the Statutory Question.

As previously noted, the Plaintiff has no valid federal cause of action against the State of Louisiana associated with any of the allegations in its Petition, including that the operation of freshwater diversions caused damage to Plaintiff's property. Defendant Cameron has removed this case on grounds of federal question jurisdiction under OCSLA and OPA, as well the allegation that 43 U.S.C. § 1331 creates original jurisdiction over the claims stated in the present case. Setting aside jurisdictional issues related to this removal pursuant to these two laws, generally, neither of these laws create a cause of action as to the claims against the State.

OCSLA, 43 U.S.C. § 1349, provides the standard for asserting claims pursuant to that Act, stating that actions are allowed "to compel compliance with [OCSLA]…for any violation of any provision of [OCSLA] or any regulation promulgated under [OCSLA], or of the terms of any permit or lease issued by the Secretary…"[38] That Act also provides for the review of "[a]ny action of the Secretary to approve a leasing program,"[39] or "[a]ny action of the Secretary to approve, require modification of, or disapprove any exploration plan or any development and production plan."[40] None of these provisions authorize a suit against a state for the types of allegations contained in the Plaintiff's Petition.[41]

---

[38] 43 U.S.C. § 1349(a)(1)
[39] 43 U.S.C. § 1349(c)(1)..
[40] 43 U.S.C. § 1349(c)(2). Additionally, any action commenced pursuant to section 1349 also requires sixty (60) day prior notice to the Secretary or State in which the violation allegedly occurred. 43 U.S.C. § 1349(2)
[41] OCSLA also provides for additional claims, such as judicial review of various secretarial determinations pursuant to, e.g. §§ 1335(d), 1337(a)(3)(c)(ii) (related to royalty relief), for injunctions, restraining orders, and civil and criminal penalties pursuant to actions commenced by the United States Attorney General of a United States attorney under § 1350, and for actions against the United States or a State for failure to maintain confidentiality of information under § 1352(f). These provisions are not implicated by any of the Plaintiff's allegations.

Likewise, OPA, 33 U.S.C. § 2702, provides for liability for purposes of the Act, stating that "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages." The Plaintiff's petition makes no allegation that the State has any liability as a responsible party under OPA. Because neither OCSLA nor OPA create any liability for the State relating to the claims against it by the Plaintiff, no cause of action exists under these laws.

Notwithstanding the absence of a valid cause of action against the State, the jurisprudence in this Circuit requires the Court to confront the Eleventh Amendment immunity jurisdiction before reaching the merits of the statutory claims. In *U.S. v. Texas Tech University*,[42] a private citizen filed a qui tam action against Texas Tech University and Texas Tech University Health Sciences Center for violations of the False Claims Act.[43] The Fifth Circuit was faced with an Eleventh Amendment jurisdictional issue as well as the issue of whether the False Claims Act creates a cause of action against a state.[44] The Court held that it could not reach the statutory question under the False Claims Act before deciding the Eleventh Amendment issue since the Eleventh Amendment was jurisdictional in nature. The Court reasoned:

> While the Supreme Court has left this question open, our court has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction. *See, e.g., Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *John G. and Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 673-75 (5th Cir.1994) (finding that the district court erred in ruling on motion for partial summary judgment after the

---

[42] 171 F.3d 279 (C.A.5 1999)
[43] *Id.* at 281.
[44] *Id.*

> Eleventh Amendment deprived the court of subject matter jurisdiction); *Stem v. Ahearn,* 908 F.2d 1, 4 (5th Cir.1990) (when applicable, Eleventh Amendment will divest federal courts of subject matter jurisdiction); *McDonald v. Board of Miss. Levee Comm'rs,* 832 F.2d 901, 906 (5th Cir.1987) (quoting *Crane v. Texas,* 759 F.2d 412, 415 (5th Cir.1985)) ("[E]leventh amendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.' "); *Darlak v. Bobear,* 814 F.2d 1055, 1064 (5th Cir.1987) (dismissal of case on Eleventh Amendment grounds recognized court's lack of subject matter jurisdiction and did not constitute a judgment on the merits)…Until the Supreme Court, Congress, or an en banc panel of this court reverses this practice, we must continue it. *Barber v. Johnson*, 145 F.3d 234, 247 (5th Cir. 1986).[45]

The court also recognized the parties' ability to present their arguments in the alternative, but held that "we cannot hold that we possess no authority to hear a case, and then proceed to decide the statutory issue presented in the case."[46] Because the Eleventh Amendment bars this Court from obtaining subject matter jurisdiction over claims against the State, then pursuant to 43 U.S.C. § 1447(c) and the Supreme Court's ruling in *Schacht*, the claims against Louisiana must be severed and remanded to State court.[47]

### III.   CONCLUSION

The State of Louisiana is entitled to, and does hereby, invoke its Eleventh Amendment sovereign immunity for all claims asserted against it by the Plaintiff. As such, regardless of whether this case was properly removed to federal court, 28 U.S.C. § 1447(c) and binding Fifth Circuit jurisprudence interpreting the jurisdictional nature of sovereign immunity bar this Court from acquiring subject matter jurisdiction over the claims against the State. Additionally, to the extent that maritime law governs the claims herein, 28 U.S.C. § 1441(b) bars the removal of this

---

[45] *Id*., n. 9 at 286. *See also Smith v. Wisconsin Department of Agriculture, Trade and Consumer Protection*, 23 F.3d 1134, 1140 (C.A.7 1994) (holding that the law of the Seventh Circuit "does not recognize a common law immunity, but rather holds that federal courts do not have subject-matter jurisdiction over suits against a state."
[46] *Id*. at 287, citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).
[47] *See also Smith, supra, n. 25* (remanding the Plaintiff's claims against the state agency after finding the court did not have jurisdiction over the claims); *McKay By and Through McKay v. Boyd Const. Co., Inc.*, 769 F.2d 1084 (C.A.5 1985), *abrogated on other grounds by Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381 (1998) (remanding case back to state court, following removal, where defendant was entitled to sovereign immunity).

action because at least one of the defendants is a citizen of the State of Louisiana. Accordingly, the State of Louisiana respectfully requests that this Court sever the claims against the State from the above-captioned case and remand those claims to State court, or alternatively, remand the entire action pursuant to 28 U.S.C. § 1441.

Dated this 3rd day of June, 2011

Respectfully Submitted,

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

BY:   /s/ Megan K. Terrell
**Megan K. Terrell (La.  #28991)**
**Whitney Higginbotham Greene (La.  #32482)**
**David A. Peterson (La. # 22591**)
Assistant Attorneys General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
TEL: (225) 326-6085
FAX: (225) 326-6099

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support of the State of Louisiana's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of June, 2011.

 /s/ Megan K. Terrell
Megan K. Terrell (#29443)

terrellm@ag.state.la.us