UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>This document relates to:<br><br>*2:10-cv-04182;*<br>*2:10-cv-04183* | § § § § § § § § § § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

### DEFENDANT M-I L.L.C.'S MOTION TO DISMISS THE STATE OF ALABAMA'S FIRST AMENDED COMPLAINT

Defendant M-I L.L.C. ("M-I") respectfully moves this Court to dismiss the State of Alabama's First Amended Complaint (Rec. Doc. 1872) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

A lawsuit must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "When challenging a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010).

A motion to dismiss must also be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotation omitted).

For these reasons, and as set forth more fully in the attached Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion to Dismiss, M-I respectfully requests dismissal of all claims alleged against it.

June 3, 2011

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:     (305) 415-3000<br>Facsimile:      (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>         Hugh E. Tanner<br>         htanner@morganlewis.com<br>         Texas Bar No. 19637400<br>         1000 Louisiana, Suite 4000<br>         Houston, Texas  77002<br>         Telephone:     (713) 890-5000<br>         Facsimile:      (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:     (713) 890-5000<br>Facsimile:      (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Defendant M-I L.L.C.'s Motion to Dismiss the State of Alabama's First Amended Complaint* has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of June, 2011.

                                                            */s/ Hugh E. Tanner*
                                                            Hugh E. Tanner