UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF OF | § | |
| MEXICO, OF APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | |
| | § | |
| 2:11-CV-0516 | § | JUDGE BARBIER |
| -AND- | § | |
| 2:10-CV-03059 | § | MAGISTRATE JUDGE SHUSHAN |

## ANSWER AND DEFENSES OF TRANSOCEAN DEFENDANTS TO THE STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT

Defendants Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively the "Transocean Defendants")[1] respond the State of Louisiana's First Amended Complaint, upon information and belief as follows:[2]

## ANSWER

For each and every allegation of the Complaint, the Transocean Defendants respond as follows. When and if a paragraph contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated.

---

[1]     Transocean Ltd. filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint, Cross-Complaint, and Third-Party Complaint.

[2]     The Transocean Defendants respond herein to the Plaintiff's Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the *proceeding In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

1

**INTRODUCTION**

1.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

2.       Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.       The allegations set forth in Paragraph 3 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 3 are denied.

**NATURE OF ACTION**

4.       The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the Mobile Offshore Drilling Unit ("MODU") Deepwater Horizon while located at the Macondo Prospect Mississippi Canyon 252, that the *Deepwater Horizon* subsequently sank, and that oil has leaked into the Gulf of Mexico.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

12617322.1

6.      The allegations set forth in Paragraph 6 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 6 are denied.

7.      The allegations set forth in Paragraph 7 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 7 are denied.

8.      Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9.      The allegations set forth in Paragraph 9 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 9 are denied.

10.      The allegations set forth in Paragraph 10 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 10 are denied.

11.      The allegations set forth in Paragraph 11 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in Paragraph 11 are denied.

## **PARTIES**

12.      The Transocean Defendants admit that Plaintiff is a sovereign state of the United States.  To the extent not expressly admitted, all other allegations in this paragraph are denied.

13.     The allegations set forth in Paragraph 13 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

14.     The allegations set forth in Paragraph 14 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

15.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 15 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 15.

16.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 16 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 16.

17.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 17 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 17.

18.     The Transocean Defendants deny that Transocean Ltd. was a party to the drilling contract with BP.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 18 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 18.

19.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 19 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 19.

20.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 20 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 20.

4

21.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 21 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 21.

22.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 22 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 22.

23.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 23.

24.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 24 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 24.

25.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 25 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 25.

26.     The Transocean Defendants admit the TH is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, all other allegations in this paragraph are denied.

27.     The Transocean Defendants admit that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland.  To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

5

28.     The Transocean Defendants admit the TDI is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, all other allegations in this paragraph are denied.

29.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  To the extent not expressly admitted, all other allegations in this paragraph are denied.

30.     Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this complaint.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 32 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 32.

33.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

34.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 34 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 34.

## JURISDICTION AND VENUE

35.      The Transocean Defendants admit that the cited statutes can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

6

35.     (sic)  The Transocean Defendants admit that Article III, Section 2 of the United States Constitution empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction," and the cited Constitutional provision can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

36.     Transocean Defendants admit that the cited statutes can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

37.     The assertions contained in Paragraph 37 contain statements of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 37 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 37.

## FACTUAL ALLEGATIONS

38.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 38 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 38.

39.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 39 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 39.

40.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 40 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 40.

41.     The Transocean Defendants admit that on our around October 2009 the *Marianas* commenced drilling operations at the Macondo well.  The Transocean Defendants admit that one

or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the *Marianas*.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 41 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 41.

42.    The Transocean Defendants admit that the *Deepwater Horizon* was a dynamically-positioned, semisubmersible offshore drilling unit ("MODU").  The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon.*  Transocean admits that temporary abandonment procedures were in progress at the time of the Incident.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 42 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 42.

43.    The Transocean Defendants admit that the *Deepwater Horizon* rig included various pieces of operating equipment.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 73.

44.    Denied as to the Transocean Defendants.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 44 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 44.

45.    The Transocean Defendants admit that spacer fluid  is used to create a division between different types of fluids.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the

assertions set forth in Paragraph 45 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 45.

46.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 46 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 46.

47.     Denied as to the Transocean Defendants.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 47 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 47.

48.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 48 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 48.

49.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 49 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 49.

50.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 50 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 50.

51.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 51 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 51.

52.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

9

whether the assertions set forth in Paragraph 52 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 52.

53.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 53 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 53.

54.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 54 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 54.

55.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 55 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 55.

56.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 56 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 56.

57.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 57 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 57.

58.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 58 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 58.

59.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 59 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 59.

60.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 60 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 60.

61.     The Transocean Defendants admit that Halliburton performed a variety of cementing services on the rig.  With respect to the remaining allegations in Paragraph 61, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether such assertions set forth in Paragraph 61 are true and, therefore, deny all aspects and implications of the remaining allegations in Paragraph 61.

62.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 62 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 62.

63.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 63.

64.     Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 64 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 64.

66.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 65 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 65.

66.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 66 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 66.

67.     Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 67 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 67.

68.     The Transocean Defendants deny that any of their rig workers "ignored warning signs until it was too late."   With respect to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether such assertions set forth in Paragraph 68 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 68.

69.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 69.

70.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 70.

71.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 71 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 71.

72.     The allegations set forth in Paragraph 72 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

73.     The Transocean Defendants admit that Cameron supplied the BOP.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 73.  As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 73 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 73.

74.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 74 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 74.

75.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 75 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 75.

76.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 76 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 76.

77.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 77 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 77.

78.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 78 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 78.

79.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 79 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 79.

80.     The allegations set forth in Paragraph 80 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

81.     The Transocean Defendants admit that there were scheduled maintenance activities to be completed on the *Deepwater Horizon*. To the extent not expressly admitted, the Transocean Defendants deny all other assertions and implications of the allegations in Paragraph 81.

82.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 82 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 82.

83.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 83 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 83.

84.     The Transocean Defendants admit that Michael Williams testified on or around July 23, 2010, at a federal hearing.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 84.

85.     The Transocean Defendants admit that the Department of the Interior conducted a forensic examination of the BOP.  The March 21, 2011 DNV BOP Report referenced in

14

Paragraph 85 is a written document and the best evidence of its contents.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 85.

86.     Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 86 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 86.

87.     Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 87 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 87.

88.     The allegations set forth in Paragraph 88 (and its subparts) are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

89.     The allegations set forth in Paragraph 89 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

90.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 90 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 90.

91.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 91 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 91.

92.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 92 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 92.

93.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 93 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 93.

94.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 94 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 94.

95.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 95 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 95.

96.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 96 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 96.

97.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 97 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 97.

98.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 98 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 98.

99. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 99 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 99.

100. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 100 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 100.

101. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 101 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 101.

102. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 102 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 102.

103. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 103 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 103.

104. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 104 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 104.

105. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 105 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 105.

106. Denied as to the Transocean Defendants. As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

17

whether the assertions set forth in Paragraph 106 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 106.

107.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 107 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 107.

108.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 108 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 108.

109.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 109 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 109.

110.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 110 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 110.

111.    The Transocean Defendants admit that Louisiana Governor Bobby Jindal declared a state of emergency on or about April 29, 2010.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 111 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 111.

12617322.1

112.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 112 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 112.

113.    Transocean admits that LDEQ issued a Compliance Order to Transocean.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 113 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 113.

114.    The Transocean Defendants admit that, on August 10, 2010, the United States Judicial Panel on Multidistrict Litigation transferred litigation arising from the BP Spill to the Eastern District of Louisiana.  The remaining allegations set forth in Paragraph 114 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

115.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 115 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 115.

116.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 116 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 116.

117.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 117 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 117.

118.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 118 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 118.

119.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 119 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 119.

120.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 120 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 120.

121.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 121 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 121.

122.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 122 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 122.

123.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 123 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 123.

124.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 124 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 124.

125.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 125 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 125.

126.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 126 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 126.

127.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 127 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 127.

128.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 128 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 128.

129.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 129 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 129.

130.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 130 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 130.

131.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 131 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 131.

132.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 132 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 132.

133.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 133 are true and, therefore, deny

all aspects and implications of the allegations in Paragraph 133.  To the extent the allegations set forth in Paragraph 133 are statements of law, they do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

134.    The Transocean Defendants admit that the federal government issued a moratorium on drilling on the Outer Continental Shelf in water depths greater than 500 feet, entitled "Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells," dated May 28, 2010, and NTL No. 2010-N04 seeking implementation of the same. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 134 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 134.

135.    The Transocean Defendants admit that on or about October 12, 2010, the federal government announced that it was lifting the moratorium. To the extent not expressly admitted, The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 135 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 135.

136.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 136 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 136.

137.    The Transocean Defendants admit that BP established the Gulf Coast Claims Facility (GCCF).  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 137 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 137.

138.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 138 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 138.

139.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 139 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 139.

140.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 140 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 140.

141.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 141 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 141.

142.    The Transocean Defendants deny that Plaintiff is entitled to costs and damages from the Transocean Defendants.   As to the other defendants and remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 142 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 142.

143.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 143 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 143.

144.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 144 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 144.

145.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 145 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 145.

146.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 146 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 146.

147.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 147 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 147.

148.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 148 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 148.

149.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 149 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 149.

150.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 150 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 150.

151.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 151 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 151.

152.    The allegations set forth in Paragraph 152 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## CLAIMS FOR RELIEF

### COUNT I

**Against BP, Anadarko, MOEX and Transocean Defendants**

**Declaratory Judgment That Defendants Are Jointly,**

**Strictly and Severally Liable under OPA**

153.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 152.

154.    The allegations set forth in Paragraph 154 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

155.    The allegations set forth in Paragraph 155 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

156.    The allegations set forth in Paragraph 156 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

157.    The allegations set forth in Paragraph 157 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

158.    The allegations set forth in Paragraph 158 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

159.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 159 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 159.

160.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 160 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 160.

161.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 161 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 161.   To the extent the allegations set forth in Paragraph 161 are statements of law, they do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

162.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 162 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 162.

163.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 163 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 163.

164.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 164 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 164.

165.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 165 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 165.

166.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 166 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 166.

167.    The Transocean Defendants deny that Plaintiff is entitled to removal costs and damages from the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 167 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 167.

## COUNT II

**Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants**

**Declaratory Judgment That Defendants Are Jointly, Strictly, and Severally**

**Liable For Costs and Damages under OSPRA**

168.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 167.

169.    The allegations set forth in Paragraph 169 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

170.    The allegations set forth in Paragraph 170 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

171.    The allegations set forth in Paragraph 171 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

172.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 172 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 172.

173.    The allegations set forth in Paragraph 173 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

174.    The allegations set forth in Paragraph 174 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

175.    The allegations set forth in Paragraph 175 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

176.    The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 176.  As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 176 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 176.

177.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 177 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 177.

178.    The allegations set forth in Paragraph 178 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

179.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 179 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 179.

180.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 180 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 180.

## COUNT III

### Against BP, Anadarko, MOEX and Transocean Defendants

### Civil Penalties for Violations of the Louisiana Environmental Quality Act

181.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 180.

182.    The allegations set forth in Paragraph 182 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

183.    The allegations set forth in Paragraph 183 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

184.    The allegations set forth in Paragraph 184 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

185.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 185 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 185.

186.    The allegations set forth in Paragraph 186 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

187.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 187 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 187.

188.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 188 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 188.

189.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 189 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 189.

## COUNT IV

### Against All Defendants

### Recovery of Response Action Costs

190.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 189.

191.    The allegations set forth in Paragraph 191 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

192.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 192 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 192.

193.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 193 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 193.

194.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 194 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 194.

## COUNT V

### Against BP, Anadarko, MOEX and Transocean Defendants

### Oil Pollution Act Claim for Costs and Damages

195.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 194.

196.    The allegations set forth in Paragraph 196 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

197.    The allegations set forth in Paragraph 197 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

198.    The allegations set forth in Paragraph 198 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

199.    The allegations set forth in Paragraph 199 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

200.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 200 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 200.   To the extent the allegations set forth in Paragraph 200 are statements of law, they do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

201.    The Transocean Defendants admit that the Coast Guard has named BP and others responsible parties for the downhole release of oil and oil emanating from the Macondo well beneath the surface of the water. The Transocean Defendants further admit that the Coast Guard has named TH as the responsible party for the release of diesel fuel emanating from the *Deepwater Horizon* (and not the Macondo well) on or above the surface of the water. To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 201.

202.    Admitted as to BP.

203.    The allegations set forth in Paragraph 203 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

204.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 204 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 204.

12617322.1

205.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 205 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 205.

206.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 206 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 206.

207.    The allegations set forth in Paragraph 207 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

208.    The allegations set forth in Paragraph 208 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

209.    The allegations set forth in Paragraph 209 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

210.    The allegations set forth in Paragraph 210 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

211.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 211 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 211.

212.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 212 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 212.

213.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 213 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 213.

214.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 214 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 214.

215.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 215 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 215.

216.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 216 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 216.

217.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 217 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 217.

218.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 218 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 218.

219.     The allegations set forth in Paragraph 219 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

220.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 220 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 220.

221.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 221 are true and, therefore, deny all aspects and implications of the allegations in Paragraph221.

## COUNT VI

### Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants

### Louisiana Oil Spill Prevention and Response Act Claim for Costs and Damages

222.     The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 221.

223.     The allegations set forth in Paragraph 223 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

224.     The allegations set forth in Paragraph 224 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

225.     The allegations set forth in Paragraph 225 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

12617322.1

Case 2:10-md-02179-CJB-DCP   Document 2640   Filed 06/03/11   Page 36 of 73

226.    The allegations set forth in Paragraph 226 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

227.    The allegations set forth in Paragraph 227 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

228.    The allegations set forth in Paragraph 228 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

229.    The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon.*  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 229.  As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 229 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 229.

230.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 230 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 230.

231.    The allegations set forth in Paragraph 231 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

232.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 232 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 232.

36

233.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 233 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 233.

234.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 234 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 234.

235.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 235 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 235.

236.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 236 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 236.

237.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 237 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 237 (and its subparts).

238.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 238 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 238.

## COUNT VII

## Against BP, Anadarko, MOEX, Transocean, Halliburton, Cameron, M-I Defendants

## Negligence Under Maritime Law

239.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 238.

240.    The allegations set forth in Paragraph 240 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

241.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 241 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 241.

242.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 242 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 242.

243.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 243 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 243.

244.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 244 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 244.

245.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 245 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 245 (and its subparts).

246.    The allegations set forth in Paragraph 246 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

247.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 247 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 247 (and its subparts).

248.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 248 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 248.

## COUNT VIII

**Against BP, Transocean, Anadarko, MOEX, Halliburton, M-I, and Cameron Defendants**

**Public and Private Nuisance Under Maritime Law**

249.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 248.

250.    The allegations set forth in Paragraph 250 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

251.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

39

whether the assertions set forth in Paragraph 251 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 251.

252.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 252 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 252.

253.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 253 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 253.

254.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 254 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 254.

255.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 255 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 255.

256.    The allegations set forth in Paragraph 256 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

257.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 257 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 257 (and its subparts).

258.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 258 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 258.

## COUNT IX

### Against BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants

### Trespass Under Maritime Law

259.   The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 258.

260.   The allegations set forth in Paragraph 260 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

261.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 261 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 261.

262.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 262 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 262.

263.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 263 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 263.

264.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 264 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 264.

265.    The allegations set forth in Paragraph 265 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

266.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 266 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 266.

267.    The allegation set forth in Paragraph 267 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

268.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 268 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 268 (and its subparts).

269.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 269 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 269.

## COUNT X

### Against Cameron, Halliburton and Weatherford Defendants

### Strict Products Liability Under Maritime Law

270.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 269.

271.    The allegations set forth in Paragraph 271 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

272.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 272 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 272.

273.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 273 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 273.

274.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon* in 2001.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 274 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 274.

275.    Transocean Defendants admit that the BOP was used in the manner intended.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 275 are denied.

276.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 276 are denied.

12617322.1

277.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 277 are denied.

278.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 278 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 278.

279.     The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 279 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 279.

280.     The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 280 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 280.

281.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 281 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 281.

282.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 282 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 282.

283.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 283 are denied.

284.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 284 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 284.

285.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 285 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 285.

286.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 286 are true and, therefore, deny all aspects and implications of the allegations in Paragraph286.

287.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 287.

288.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 288 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 288.

289.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 289 are denied.

290.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 290 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 290.

291.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

45

whether the assertions set forth in Paragraph 291 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 291 (and its subparts).

292.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 292 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 292.

## COUNT XI

### Against BP, Transocean, Anadarko, and MOEX Defendants

### Negligence/Louisiana Civil Code Article 2315 & 2316

293.     The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 292.

294.     The allegations set forth in Paragraph 294 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

295.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 295.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 295 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 295.

296.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 296 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 296 (and its subparts).

297.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 297 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 297.

298.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 298 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 298.

299.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 299 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 299.

300.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 300 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 300.

## COUNT XII

**Against BP, Transocean, MOEX, Halliburton and Cameron Defendants**

**Nuisance/Louisiana Civil Code Art. 667**

301.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 300.

302.    The allegations set forth in Paragraph 302 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

303.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 303 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 303.

304.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 304 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 304.

305.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 305 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 305.

306.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 306 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 306.

307.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 307 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 307.

**COUNT XIII**

**Against BP, Transocean, MOEX and Anadarko Defendants**

**Trespass**

308.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 307.

309.    The allegations set forth in Paragraph 309 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

310.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 310 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 310.

311.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 311.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 311 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 311.

312.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 312 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 312.

313.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 313 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 313.

314.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 314 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 314.

315.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 315 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 315.

## COUNT XIV

### Against the BP, Transocean, Anadarko and MOEX Defendants

### Strict Liability/Garde/Louisiana Civil Code Art. 2317

316.     The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 315.

317.     The allegations set forth in Paragraph 317 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

318.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 318 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 318.

319.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 319 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 319.

320.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 320 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 320.

321.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 321 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 321.

322.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 322 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 322.

## COUNT XV

### Against the BP, Transocean, Anadarko, MOEX and Halliburton Defendants

### Abnormally Dangerous/Ultra Hazardous Activity

323.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 322.

324.    The allegations set forth in Paragraph 324 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

325.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 325 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 325 (and its subparts).

326.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 326 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 326.

327.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 327 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 327.

## COUNT XVI

### Against Halliburton

### Negligence/Louisiana Civil Code Articles 2315 & 2316

328.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 327.

329.    The allegations set forth in Paragraph 329 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

330.    The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 330 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 330.

331.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 331 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 331 (and its subparts).

332.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 332 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 332.

333.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 333 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 333.

## COUNT XVII

### Against Halliburton

### Trespass

334.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 333.

335.    The allegations set forth in Paragraph 335 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

336.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 336 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 336.

337.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 337 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 337.

338.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 338 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 338.

339.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 339 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 339.

## COUNT XVIII

### Against Cameron

### Negligence/Louisiana Code Articles 2315 & 2316

340.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 339.

341.    The allegations set forth in Paragraph 341 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

342.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 342 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 342.

343.    Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 343 are denied.

344.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 344 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 344.

54

345.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 345 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 345.

346.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 346 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 346.

**COUNT XIX**

**Against Cameron**

**Trespass**

347.     The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 346.

348.     The allegations set forth in Paragraph 348 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

349.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 349 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 349.

350.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 350 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 350.

351.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 351 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 351.

352.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 352 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 352.

353.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 353 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 353.

## COUNT XX

### Against Cameron

### Louisiana Products Liability Act

354.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 353.

355.    The allegations set forth in Paragraph 355 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

356.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 356 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 356.

357.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 357 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 357.

358.    Transocean Defendants admit that the BOP was used in the manner intended.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 358 are denied.

359.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 359 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 359.

360.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 360 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 360.

## COUNT XXI

### Against Halliburton

### Louisiana Products Liability Act

361.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 360.

362.    The allegations set forth in Paragraph 362 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

363.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 363 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 363.

364.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 364 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 364.

365.    Denied as to Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 365 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 365.

366.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 366 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 366.

367.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 367 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 367.

## COUNT XXII

### Against BP, Transocean and Halliburton Defendants

### Fraudulent Concealment & Negligent Misrepresentation

368.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 367.

369.    Denied as to Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 369 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 369.

370.    The allegations set forth in Paragraph 370 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

58

371.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 371 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 371.

372.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 372 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 372.

373.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 373 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 373.

374.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 374 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 374.

375.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 375.

376.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 376 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 376.

377.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 377 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 377.

378.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

12617322.1

whether the assertions set forth in Paragraph 378 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 378.

## COUNT XXIII

### Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants

### Unjust Enrichment

379.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 378.

380.    The allegations set forth in Paragraph 380 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

381.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 381 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 381.

382.    The allegations set forth in Paragraph 382 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

383.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 383 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 383.

384.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 384 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 384.

12617322.1

385.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 385 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 385.

## COUNT XXIV

### Against BP and Transocean Defendants

### Punitive Damages

386.    The Transocean Defendants reallege, adopt, and incorporate by reference their responses to Paragraphs 1 through 385.

387.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 387 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 387.

388.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 388 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 388.

389.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 389 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 389 (and its subparts).

390.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 390 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 390 (and its subparts).

391.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 391 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 391.

## RESERVATION OF RIGHTS

392.    The allegations set forth in Paragraph 392 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## DEMAND FOR JURY TRIAL

393.    The allegations set forth in Paragraph 392 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## PRAYER FOR RELIEF

The Transocean Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered "Prayer for Relief" (and its subparts) from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in this paragraph are true and, therefore, deny all aspects and implications of the allegations in the paragraph.

## AFFIRMATIVE DEFENSES

1.    The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.

**Jurisdiction and Venue**

2. This Court lacks personal jurisdiction over Transocean Ltd.

3. Venue is improper.

4. Process and service of process are insufficient.

**Other Suits**

5. There may be a prior-filed civil action that requires this suit be stayed pursuant to the doctrine of *lis pendens*.

**Standing**

6. The Plaintiff lacks standing, in whole or in part.

**Proper Parties/Joinder**

7. The Plaintiff is not the proper parties to assert one or more claims, including, but not limited to, any claims for natural resource damages.

8. The Plaintiff has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

**Ripeness**

9. One or more of the Plaintiff's claims for relief are not ripe.

10. No actual case or controversy exists between the Plaintiff and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

**Failure to State a Claim**

11. The Plaintiff has failed to state a claim upon which relief can be granted with respect to some or all of its claims.

12. The Plaintiff has failed to plead much less satisfy conditions precedent to recovery.

63

13.     The Plaintiff's claims are barred to the extent that the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and sovereign acts.

15.     The Transocean Defendants did not owe any duty or warranty to the Plaintiff and did not breach any duty or warranty.

16.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiff.

### Shipowners' Limitation of Liability Act

17.     The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.*  As a separate and complete defense to some or all of Plaintiff's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiff is not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18. Certain of the Plaintiff's claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

### Oil Pollution Act

19. The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

(a) Plaintiff has failed to make presentment of some or all of its claims as required under OPA.

(b) Plaintiff has no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

(c) OPA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

(d) OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

(e) OPA displaces or preempts Plaintiff's claims with respect to oil spill damages and otherwise.

(f) OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

### Maritime and State Law Claims

20. The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a) The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. §1331 *et. seq.* or the Oil Pollution Act, 33 U.S.C. §2701 *et. seq.*

(b) The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State, which in this case is Louisiana.

(c) The Transocean Defendants assert that the Plaintiff's claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, or other states.

(d) The Transocean Defendants assert all defenses available under the Louisiana Oil Spill Prevention and Response Act (OSPRA), (La. R.S. 30:2451, *et seq.*) including, without limitation:

    1. Plaintiff has no cause of action under OSPRA.

    2. Plaintiff has failed to exhaust all federal remedies as required by OSPRA.

    3. The Transocean Defendants are not responsible parties as defined by OSPRA.

4. OSPRA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

5. OSPRA does not provide for, or allow, recovery of punitive or exemplary damages.

6. OSPRA does not purport to regulate activities on the OCS.

## Defenses Available under OSPRA, LWCA, and LEQA

21.     The Transocean Defendants assert all defenses available under OSPRA (La. R.S. 30:2451, *et seq.*); LWCA (La. R.S. 30:2072 *et seq.*), and; LEQA (La. R.S. 30:2011 *et seq.*).

## Products Liability

22.     Plaintiff does not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them are proper defendants to any products liability claim. Out of an abundance of caution, however, the Transocean Defendants would additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered. Further, the Transocean Defendants would plead there was no causal relationship between them and any alleged defective product.

## Causation

23.     The Plaintiff complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty,

statutory and regulatory violations of other  persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

24.     The injuries and resulting damages alleged to have been sustained by the Plaintiff resulted from a superseding, intervening, and/or new and independent  cause for which the Transocean Defendants are not responsible.

25.     The injuries and resulting damages alleged to have been sustained by the Plaintiff was not proximately caused by any acts and/or omissions of the Transocean Defendants.

26.     The injuries and resulting damages alleged to have been sustained by the Plaintiff was not foreseeable as a matter of law.

27.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's comparative fault, consent, assumption of the risk, the legal doctrine of *in pari delicto*, and/or the maxim that "one who seeks equity must do equity."

### Damages

28.     The Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.  Further, one or more of the Plaintiffs are so geographically remote to the site of the incident in question that any alleged damages could not be legally caused by and/or reasonably related to any conduct of  the Transocean Defendants.

29.     The Plaintiff has not reasonably mitigated its damages.

30.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiff with respect to the same alleged injuries.  The Transocean Defendants assert payment, settlement, and release to the extent that any Plaintiff's alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.  The Transocean Defendants are also entitled to have any

damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

31.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

32.     The Transocean Defendants deny that any of them have been guilty of any conduct that would support an award of punitive damages.

33.     Any award of punitive damages against the Transocean Defendants would be in violation of the constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under the relevant state constitutions or statutory regimes, if applicable.  The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

34.     Some or all of Plaintiff's claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and/or legally compensable harm.

35.     The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiff receives from any source as compensation for alleged losses.

36.     Plaintiff's claim for civil penalties is inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

37.     Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained because an award of civil penalties would violate the Transocean Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would violate the Transocean Defendants' right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution.

38.     Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained, because an award of civil penalties in this case, combined with any prior, contemporaneous, or subsequent judgments against the Transocean Defendants for punitive damages and/or fines or penalties arising out of the blowout of the Macondo well and the resulting oil spill would constitute excessive and impermissible multiple punishments for the same alleged wrong, in violation of the Transocean Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy.

**Equitable Relief**

39.     Plaintiff's claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of

action, Plaintiff has an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiff might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

### Adoption Of Affirmative Defenses And Reservation To Amend Answer

40.     Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

41.     The Transocean Defendants assert any other defenses which they may be entitled under Federal Rule of Civil Procedure 8(c).

42.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

### GENERAL DENIAL

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or subheadings.

WHEREFORE, the Transocean Defendants pray that its defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiff's cost, and for any and all other just and equitable relief deemed appropriate.

12617322.1

Respectfully submitted,

By:   /s/ Steven L. Roberts
       Steven L. Roberts (TX, No. 17019300)
       Rachel Giesber Clingman (Texas, No.
       00784125)
       Kent C. Sullivan (Texas, No. 19487300)
       Teri L. Donaldson (Florida, No. 784310)
       Sutherland Asbill & Brennan LLP
       1001 Fannin Street, Suite 3700
       Houston, TX  77002
       Telephone: (713) 470-6100
       Facsimile: (713) 654-1301
       E-Mail: steven.roberts@sutherland.com,
       rachel.clingman@sutherland.com,
       kent.sullivan@sutherland.com,
       teri.donaldson@sutherland.com

/s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
E-Mail: kmiller@frilot.com

-and-

/s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, LA 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
E-Mail:  egp@preisroy.com,
efk@preisroy.com

**Of Counsel:**
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Office:  (213) 683-9100
Telefax:  (213) 683-5180, (213) 683-4018
E-Mail:  brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, TX 77056
Office:  (713) 650-0022
Telefax:  (713) 650-1669
E-Mail:  dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Office:  (713) 224-8380
Telefax:  (713) 225-9945
E-Mail:  john.elsley@roystonlaw.com

*Counsel for Transocean Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Court's

CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order

No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller

12617322.1