UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF OF | § | |
| MEXICO, OF APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | JUDGE BARBIER |
| ALL LOCAL GOV'T CASES IN PLEADING | § | |
| BUNDLE SECTION III.C ["C BUNDLE"] | § | MAGISTRATE JUDGE SHUSHAN |

## ANSWER TO MASTER COMPLAINT, CROSS-CLAIM, AND THIRD PARTY COMPLAINT FOR LOCAL GOVERNMENT ENTITIES IN ACCORDANCE WITH PTO NO.11[CASE MANAGEMENT ORDER NO. 1] SECTION III.C ["C BUNDLE"]

Defendants Transocean Offshore Deepwater Drilling, Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings, LLC ("TH"), and Triton Asset Leasing GmbH ("Triton") (collectively the "Transocean Defendants")[1] respond the Local Government Entities' Master Complaint, Cross-Claim, and Third-Party Complaint for loss of revenues, loss of tax revenue, property damages, response or restoration costs, and civil penalties, upon information and belief as follows:[2]

## ANSWER

For each and every allegation of the Complaint, the Transocean Defendants respond as follows. When and if a paragraph contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated.

---

[1] Transocean Ltd. filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint, Cross-Complaint, and Third-Party Complaint.

[2] The Transocean Defendants respond herein to the Plaintiffs' Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the *proceeding In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

## ANSWER TO MASTER VOLUNTARY CLAIM IN LIMITATION

In response to each and every allegation of the Master Voluntary Claim in Limitation for Local Government Entities, the Transocean Defendants incorporate by reference their "Master Answer to All Claims in Limitation" (Dkt. 2471, 10-md-2179) to the unnumbered paragraph preceding Paragraph 27, Paragraphs 27 through 163, and the unnumbered Prayer for Relief following Paragraph 163 (and their respective subparts, as applicable).

## VOLUNTARY MASTER COMPLAINT,
## CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

For each and every allegation of the Complaint, Cross-Claim, and Third-Party Complaint for Local Government Entities, the Transocean Defendants respond as follows:

## INTRODUCTION

The Introduction section of the "Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint for Local Governmental Entities" includes four (4) unnumbered paragraphs. With respect to the first unnumbered Introduction paragraph, the Transocean Defendants admit that on April 20, 2010, an explosion occurred onboard the *Deepwater Horizon* in the Gulf of Mexico, and that, subsequent to the explosion, oil leaked from the Macondo well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the allegations set forth in this paragraph are true and, therefore, deny all aspects and implications of the allegations in the first unnumbered Introduction paragraph.

With respect to the second and third unnumbered Introduction paragraphs, the allegations set forth therein do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

Regarding the fourth unnumbered Introduction paragraph, the Transocean Defendants deny that the Local Government Entities are entitled to recover from the Transocean Defendants actual, compensatory, and/or punitive damages.  The remaining allegations set forth in the fourth unnumbered Introduction paragraph do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

164.    The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon* while located in the Gulf of Mexico, and that the *Deepwater Horizo*n subsequently sank on April 22, 2010.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 164 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 164.

165.    The Transocean Defendants admit that oil leaked from the subject well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 165 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 165.

166.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 166 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 166.

167.     Denied as to the Transocean Defendants.  With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as whether the assertions set forth in Paragraph 167 are true and, therefore, deny all aspects and implications of the allegations of Paragraph 167.

168.     Denied as to the Transocean Defendants.  With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as whether the assertions set forth in Paragraph 168 are true and, therefore, deny all aspects and implications of the allegations of Paragraph 168.

169.     Denied as to the Transocean Defendants.  With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as whether the assertions set forth in Paragraph 169 are true and, therefore, deny all aspects and implications of the allegations of Paragraph 169.

170.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 170 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 170.

171.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 171 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 171.

172.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 172 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 172.

173.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 173 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 173.

174.     The allegations set forth in Paragraph 174 do not require a response from the Transocean Defendants, but out of an abundance of caution this paragraph is denied.

175.    The allegations set forth in Paragraph 175 do not require a response from the Transocean Defendants, but out of an abundance of caution this paragraph is denied.

176.    The Transocean Defendants deny that Plaintiffs are entitled to class certification regarding any of the allegations set forth in their Master Complaint and that Plaintiffs are entitled to actual, compensatory, and/or punitive damages from the Transocean Defendants.  With regard to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as whether the assertions set forth in Paragraph 176 are true and, therefore, deny all aspects and implications of the allegations of Paragraph 176.  The remaining allegations set forth in Paragraph 176 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

177.    The allegations set forth in Paragraph 177 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## PARTIES, JURISDICTION, AND VENUE

### Parties

178.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 178 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 178.

179.    The Transocean Defendants admit that BP and others were designated as "Responsible Parties" under the Oil Pollution Act of 1990.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 179 (and its related footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 179 (and its related footnote).

180.    The Transocean Defendants deny that Transocean Ltd.  was a party to the drilling contract with BP.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 180 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 180.

181.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 181 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 181.

182.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 182 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 182.

183.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 183 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 183.

184.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 184 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 184.

185.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 185 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 185.

186.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 186 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 186.

187.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 187 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 187.

188.    The Transocean Defendants admit that BP oversaw its contractors working on various aspects of the well and drilling operations.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 188 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 188.

189.    Transocean Ltd.  has filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

190.    The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

191.    The Transocean Defendants admit the TDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

192.    The Transocean Defendants admit the TH is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  The Transocean Defendants further admit that on April 28, 2010, the U.S.  Coast Guard named TH as a Responsible Party ("RP") under the Oil Pollution Act ("OPA") for the

release of diesel fuel emanating from the *Deepwater Horizon* on the surface of the water (not for discharges from the well). The Transocean Defendants deny that they are RPs under the OPA for any underwater discharges of oil from the Macondo well. The Transocean Defendants admit that TH was a party to the drilling contract with BP. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 192 are denied.

193.   The Transocean Defendants admit that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland. The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 193 are denied.

194.   The Transocean Defendants admit that one or more of them provided the *Deepwater Horizon* and, along with other entities and/or defendants, personnel for the rig pursuant to a drilling contract with BP. The Transocean Defendants admit that one or more of them provided drilling services at the direction of and subject to inspection and approval of BP. To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 194 are denied.

195.   The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 195 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 195.

196.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 196 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 196.

197.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 197 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 197.

198.     Denied as to the Transocean Defendants.  The allegation set forth in Paragraph 198 contains a statement of law and do not require a response by the Transocean Defendants; this paragraph is denied.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 198 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 198.

199.     The Transocean Defendants admit that Cameron supplied the BOP.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 199 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 199.

200.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 200 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 200.

201.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 201 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 201.

202.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 202 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 202.

203.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 203 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 203.

204.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 204 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 204.

205.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 205 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 205.

206.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 206 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 206.

207.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 207 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 207.

208.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 208 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 208.

209.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 209 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 209.

210.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 210 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 210.

211.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 211 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 211.

212.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 212 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 212.

213.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 213 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 213.

214.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 214 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 214.

215.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 215 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 215.

216.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 216 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 216.

217.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 217 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 217.

218.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 218 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 218.

219.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 219 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 219.

220.    The allegations contained in Paragraph 220 do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.

### Jurisdiction

221.    The Transocean Defendants admit that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."  To the extent not expressly admitted, the allegations in this paragraph are denied.

222.    Admitted as to the Transocean Defendants.

223.    The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

224.    The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

225.    The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, the allegations in this paragraph are denied.

## Venue

226.    The assertions contained in Paragraph 226 contain statements of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 226 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 226.

## FACTUAL ALLEGATIONS

### A.    The Process of Deepwater Offshore Drilling

227.    The Transocean Defendants admit that on April 20, 2010, the Macondo well blew out, an explosion and fire occurred on the *Deepwater Horizon*, the *Deepwater Horizon* subsequently sank, and hydrocarbons began leaking from the well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 227 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 227.

228.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 228 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 228.

229.    The Transocean Defendants admit that oil leaked from the well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 229 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 229.

230.    Denied as to the Transocean Defendants.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form

13

a belief as to whether the assertions set forth in Paragraph 230 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 230.

231.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 231 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 231.

232.    The Transocean Defendants admit that on April 20, 2010, the Macondo well was being prepared for temporary abandonment.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 232 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 232.

233.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 233 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 233.

234.    The Transocean Defendants admit that AMF and ROV intervention were means of activating the BOP within the design parameters of the equipment.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 234 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 234.

235.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 235 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 235.

236.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 236 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 236.

237.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 237 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 237.

238.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 238 (and the related footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 238 (and the related footnote).

239.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 239 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 239.

240.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 240 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 240.

241.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 241 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 241.

242.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 242 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 242.

243.    The assertions in Paragraph 243 contain statements of law and other assertions that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

244.    The assertions in Paragraph 244 contain statements of law and other assertions that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

245.    The assertions in Paragraph 245 contain statements of law and other assertions that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

246.    The assertions in Paragraph 246 contain statements of law and other assertions that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

247.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 247 are true and, therefore, deny all aspects and implications in Paragraph 247.

248.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 248 are true and, therefore, deny all aspects and implications in Paragraph 248.

249.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 249 are true and, therefore, deny all aspects and implications in Paragraph 249.

250.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 250 are true and, therefore, deny all aspects and implications in Paragraph 250.

251.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 251 are true and, therefore, deny all aspects and implications in Paragraph 251.

252.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 252 are true and, therefore, deny all aspects and implications in Paragraph 252.

253.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 253 are true and, therefore, deny all aspects and implications in Paragraph 253.

254.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 254 are true and, therefore, deny all aspects and implications in Paragraph 254.

255.     The Transocean Defendants admit that the Deepwater Horizon was a dynamically-positioned, semi-submersible offshore drilling unit ("MODU") insured at $560,000,000 that was put into service in February 2001.  To the extent not expressly admitted, all aspects and implications of the allegations of Paragraph 255 are denied.

256.     The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon* and that the *Deepwater Horizon* was leased and/or chartered to BP pursuant to the December 9, 1998 Drilling Contract between Vastar Resources, Inc.  and R&B Falcon Drilling Co.  and the

amendments thereto.   To the extent not expressly admitted, all aspects and implications of the allegations of Paragraph 256 are denied.

257.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 257 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 257.

258.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 258 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 258.

259.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 259 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 259.

260.   The Transocean Defendants admit that Macondo drilling operations were in excess of 18,000 feet from sea level.  To the extent not expressly admitted, as to the Transocean Defendants, the remaining allegations are denied.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 260 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 260.

261.   The Transocean Defendants deny that they had been struggling with the Macondo well before the events of April 20, 2010.  With respect to the remaining allegations in this paragraph, the Transocean Defendants are without sufficient knowledge or information to form a

belief as to whether the assertions set forth in Paragraph 261 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 261.

262.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 262 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 262.

263.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 263 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 263.

264.    The Transocean Defendants admit that on March 8, 2010, there was a well control event at the Macondo well.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 264 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 264.

265.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 265 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 265.

266.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 266 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 266.

267.    The Transocean Defendants admit that pursuant to the drilling contract, BP was paying approximately $500,000 per day to charter and/or lease the *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or

information to form a belief as to whether the assertions set forth in Paragraph 267 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 267.

268.    The Transocean Defendants deny that they made decisions about the drilling plan for economic reasons.   As to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 268 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 268.

269.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 269 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 269.

270.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 270 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 270.

271.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 271 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 271.

272.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 272 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 272.

273.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 273 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 273.

274.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 274 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 274.

275.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 275 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 275.

276.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 276 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 276.

277.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 277 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 277.

278.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 278 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 278.

279.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 279 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 279.

280.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 280 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 280.

281.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 281 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 281.

282.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 282 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 282.

283.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 283 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 283.

284.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 284 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 284.

285.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 285 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 285.

286.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 286 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 286.

287.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 287 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 287.

288.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 288 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 288.

289.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 289 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 289.

290.    The Transocean Defendants deny the allegation that the Macondo well's float collar was installed after the final casing was installed in the well.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 290 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 290.

291.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 291 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 291.

292.    The Transocean Defendants deny the allegation that they cut corners, despite multiple warnings from their employees and contractors, with the number of centralizers used on

the last piece of casing pipe.  As to the remaining defendants and allegations set forth in this paragraph, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 292 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 292.

293.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 293 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 293.

294.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 294 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 294.

295.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 295 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 295.

296.    The Transocean Defendants deny that they made any decision regarding whether to fully circulate drilling mud through the entire length of the well before beginning the cementing job.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 296 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 296.

297.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 297 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 297.

298.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 298 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 298.

299.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 299 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 299.

300.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 300 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 300.

301.    Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 301 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 301.

302.    Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 302 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 302.

303.    Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 303 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 303.

304.    Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set

forth in Paragraph 304 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 304.

305.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 336 (and its accompanying footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 336 (and its accompanying footnote).

306.    The Transocean Defendants deny that they designed the cement slurry.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 306 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 306.

307.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 307 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 307.

308.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 308 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 308.

309.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 309 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 309.

310.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 310 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 310.

311.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 311 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 311.

312.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 312 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 312.

313.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 313 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 313.

314.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 314 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 314.

315.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 315 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 315.

316.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 316 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 316.

317.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 317 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 317 (and its subparts).

318.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 318 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 318.

319.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 319 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 319.

320.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 320 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 320.

321.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 321 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 321.

322.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 322 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 322.

323.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 323 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 323.

324.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 324 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 324.

325.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 325 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 325.

326.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 326 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 326.

327.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 327 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 327.

328.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 328 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 328.

329.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 329 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 329.

330.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 330 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 330.

331.   The Transocean Defendants deny the allegation that they chose a long string design for the Macondo well.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 331 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 331.

332.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 332 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 332.

333.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 333 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 333.

334.     The Transocean Defendants deny the allegation that they were focused on speed and could not wait 72 hours for the cement job to set before pressing forward with the mud displacement.  As to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 334 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 334.

335.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 335.

336.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 336 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 336.

337.     The Transocean Defendants deny the allegation that they were complicit in BP's plan to displace mud from the well.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 337 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 337.

338.    The Transocean Defendants admit that positive and negative pressure tests are used to confirm the integrity of a well.  The Transocean Defendants are without are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 338 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 338.

339.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 339 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 339.

340.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 340 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 340.

341.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 341 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 341.

342.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 342 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 342.

343.    Denied as to the Transocean Defendants.   As to the other defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 343 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 343.

344.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 344 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 344.

345.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 345 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 345.

346.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 346 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 346.

347.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 347 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 347.

348.    The Transocean Defendants admit that pressure buildup and flow out of a well can be signs that the cement did not establish a barrier.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 348 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 348.

349.    The Transocean Defendants deny the allegations that they elected to ignore the results of the negative pressure tests and continue with their well completion plan as if Halliburton's cement job had been a success.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 349 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 349.

350.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 350 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 350.

351.     The Transocean Defendants admit that spacer is a fluid used to create a division between two other fluids and that the spacer was intended to separate synthetic drilling mud from seawater during the displacement of the Macondo well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 351 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 351

352.     The Transocean Defendants admit that the LCM spacer was unusual.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 352 (and the related footnote) are true and, therefore, deny all aspects and implications of such allegations in Paragraph 352 (and the related footnote).

353.     Denied as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 353 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 353.

354.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 354 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 354.

355.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 355 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 355.

356.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 356 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 356.

357.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 357 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 357.

358.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 358 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 358.

359.   The Transocean Defendants deny the allegation that they completely ignored this first red flag and simply carried on with the mud displacement process.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 359 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 359.

360.   The Transocean Defendants deny the allegation that they ignored or overlooked increasing pressure.   The Transocean Defendants are without sufficient knowledge or

information to form a belief as to whether the remaining assertions set forth in Paragraph 360 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 360.

361.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 361 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 361.

362.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 362 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 362.

363.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 363 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 363.

364.    The Transocean Defendants deny the allegation that the inexperience of their *Deepwater Horizon* workers may have affected their choices and competency during these critical hours.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 364 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 364.

365.    The Transocean Defendants deny that the quote from the *Deepwater Horizon Study Group* accurately characterizes the training and ability of the workers on the *Deepwater Horizon*.  The Transocean Defendants deny all aspects and implications of the remaining allegations in Paragraph 365.

366.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 366 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 366.

367.    The Transocean Defendants deny that the quotes accurately reflect activities on the *Deepwater Horizon* and that simultaneous operations contributed to the blow out.   The Transocean Defendants deny all aspects and implications of the remaining allegations in Paragraph 367.

368.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 368 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 368.

369.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 469 (and the related footnote).   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 369 (and the related footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 369 (and the related footnote).

370.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 370 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 370.

371.    The Transocean Defendants deny that the quote from the *Deepwater Horizon* Study Group accurately characterizes Transocean's activities and deny all aspects and implications of the allegations in Paragraph 371.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the

assertions set forth in Paragraph 371 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 371.

372.    The Transocean Defendants deny the allegation that they were distracted.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 372 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 372.

373.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 373.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 373 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 373.

374.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 374.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 374 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 374.

375.    The Transocean Defendants deny that the decision to divert through the mud gas separator exacerbated the disaster.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining allegations set forth in Paragraph 375 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 375.

376.    The Transocean Defendants deny that the mug gas separator's venting pipe was goose-necked in such a way that it directed gas downwards towards the vessel.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the

remaining assertions set forth in Paragraph 376 (and the related footnote) are true and, therefore, deny all aspects and implications of such allegations in Paragraph 376 (and the related footnote).

377.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 377 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 377.

378.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 378 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 378.

379.    The Transocean Defendants deny the allegation that their well shut-in protocol was insufficient.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 379 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 379.

380.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 380 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 380.

381.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 381 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 381.

382.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 382.

383.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 383 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 383.

384.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 384 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 384.

385.    The Transocean Defendants admit that the Macondo well's BOP was supplied by Cameron and had several emergency activation methods, including the high pressure closure of the blind shear ram, the EDS, the AMF, and the hotstab and autoshear functions.  With respect to the allegations set forth in footnotes 8, 9, 10 and 11, those allegations are denied as written.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 385 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 385.

386.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 386 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 386.

387.    Transocean Defendants admit that Chris Pleasant pressed the EDS button after the explosion.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 387 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 387.

388.    The Transocean Defendants deny the allegation that poor maintenance of the BOP itself prevented the completion of the AMF sequence to close the blind shear ram.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 388 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 388.

389.    The Transocean Defendants deny the allegation that their BOP maintenance prevented either of the two pods from completing the AMF sequence on the night of the blowout.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 389 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 389.

390.    The Transocean Defendants deny the allegation that their maintenance of the BOP was infrequent and inadequate.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 390 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 390.

391.    The Transocean Defendants deny the allegation that they neglected the proper maintenance of the BOP batteries.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 391 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 391.

392.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 392.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 392 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 392.

393.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 393.

394.    The Transocean Defendants deny the allegation that a Transocean-commissioned independent audit of the vessel in April 2010 revealed a range of problems with the *Deepwater Horizon*'s BOP, including a leaking door seal, pump parts needing replacement, error-response

messages, and extraordinary difficulties surrounding the maintenance of the BOP's annular valves. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 394 are true and, therefore, deny such aspects and implications of the allegations in Paragraph 394.

395.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 395.

396.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 396 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 396.

397.    The Transocean Defendants admit that after the well blew out, ROVs were sent to the sea floor to attempt to close the blind shear ram using the "hot stab" and autoshear functions. The Transocean Defendants deny that "incorrect hydraulic plumbing" connected the ROV intervention panel and the pipe rams. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 397 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 397.

398.    The Transocean Defendants admit that hydraulic system integrity is necessary for the functioning of the BOP. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 398 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 398.

399.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 399 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 399.

400.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 400.

401.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 401.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 401 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 401.

402.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 402 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 402.

403.    Paragraph 403 does not require a response of the Transocean Defendants, but out of an abundance of caution the statements therein are denied.

404.    The Transocean Defendants deny the allegation that they were aware that deep sea drilling increases the risk of blow-outs and the risk of BOP failure.   The Transocean Defendants deny the allegation that they were aware that the industry and government had major concerns about the reliability of BOPs like the one installed on the *Deepwater Horizon*.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 404 (and the related footnote) are true and, therefore, deny all aspects and implications of such allegations in Paragraph 404 (and the related footnote).

405.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 405.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 405 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 405.

406.    The Transocean Defendants admit that the Macondo well BOP was outfitted with one blind shear ram.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 406 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 406.

407.    The Transocean Defendants admit that the Macondo well BOP was outfitted with one blind shear ram.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the remaining allegations in Paragraph 407.

408.    The Transocean Defendants admit that, per instructions from BP, a test ram was installed.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 408 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 408.

409.    The Transocean Defendants deny the allegation that the BOP on the Macondo well head was not properly maintained by Transocean.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 409 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 409.

410.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 410.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 410 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 410.

411.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 411.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 411 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 411.

412.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 412.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 412 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 412.

413.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 413.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 413 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 413.

414.    Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 414 are denied.

415.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 415.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 415 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 415.

416.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 416 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 416.

417.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 417 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 417.

418.    Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 418 are denied.

419.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 419.

420.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 420.

421.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 421.

422.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 422.

423.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 423.

424.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 424.

425.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 425 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 425.

426.    The Transocean Defendants admit that the equipment assessment performed prior to the accident identified maintenance to be performed on certain equipment, but deny that any of that equipment contributed to the accident.  The Transocean Defendants deny all aspects and implications of any remaining allegations in Paragraph 426.

427.    The Transocean Defendants admit that there were scheduled maintenance activities to be completed on the *Deepwater Horizon*.  The Transocean Defendants deny all other assertions and implications of the allegations in Paragraph 427.

428.    The Transocean Defendants deny that the confidential worker survey conducted on the *Deepwater Horizon* weeks before the blowout concluded there were significant concerns about poor equipment reliability.  Petitioners deny all aspects and implications of the allegations in Paragraph 428.

429.    The Transocean Defendants deny the allegations that they poorly maintained the *Deepwater Horizon* and that it was their practice to disable or bypass vital safety systems and alarms.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 429 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 429.

430.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 430.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 430 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 430.

431.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 431.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 431 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 431.

432.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 432 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 432.

433.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 433 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 433.

434.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 434 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 434.

435.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 435.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 435 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 435.

436.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 436.   As to the remaining defendants, the Transocean Defendants are without

sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 436 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 436.

437.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 437 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 437.

438.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 438 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 438.

439.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 439 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 439.

440.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 440 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 440.

441.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 441 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 441.

442.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 442 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 442.

443.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 443.

444.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 444.

445.     The Transocean Defendants deny the allegations that they internally prioritize profits over safety at every level of their companies, and continue to resist and evade regulation of the oil exploration and production industry.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 445 are true and, therefore, deny all aspects and implications of such allegations in Paragraph 445.

446.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 446.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 446 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 446.

447.     The Transocean Defendants admit that the rig sank on or about April 22, 2010. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 447 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 447.

448.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 448 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 448.

449.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 449 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 449.

450.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 450 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 450.

451.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 451 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 451.

452.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 452 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 452.

453.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 453 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 453.

454.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 454 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 454.

455.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 455 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 455.

456.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 456 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 456.

457.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 457 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 457.

458.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 458 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 458.

459.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 459 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 459.

460.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 460 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 460.

461.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 461 (and related footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 461 (and related footnote).

462.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 462 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 462.

463.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 463 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 463.

464.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 464 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 464.

465.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 465 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 465.

466.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 466 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 466.

467.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 467 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 467.

468.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 468 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 468.

469.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 469 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 469.

470.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 470 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 470.

471.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 471 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 471.

472.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 472 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 472.

473.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 473 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 473.

474.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 474 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 474.

475.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 475 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 475.

476.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 476 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 476.

477.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 477 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 477.

478.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 478 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 478.

479.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 479 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 479.

480.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 480 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 480.

481.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 481 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 481.

482.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 482 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 482.

483.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 483 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 483.

484.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 484 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 484.

485.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 485 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 485.

486.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 486 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 486.

487.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 487 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 487.

488.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 488 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 488.

489.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 489 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 489.

490.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 490 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 490.

491.    The Transocean Defendants admit that the federal government issued a moratorium on drilling on the Outer Continental Shelf in water depths greater than 500 feet, entitled "Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells," dated May 28, 2010, and NTL No.  2010-N04 seeking implementation of the same.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information

to form a belief as to whether the assertions set forth in Paragraph 491 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 491.

492.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 492 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 492.

493.    The Transocean Defendants admit that NTL No.  2010-N05 was issued and/or effective on June 8, 2010.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 493 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 493.

494.    The Transocean Defendants admit that a judge in the United States District Court for the Eastern District of Louisiana issued a preliminary injunction prohibiting enforcement of the moratorium entitled "Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells" and NTL No.  2010-N04.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 494 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 494.

495.    The Transocean Defendants admit that the U.S.  Department of the Interior's appeal was denied.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 495 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 495.

496.     The Transocean Defendants admit that on or about October 12, 2010, the federal government announced that it was lifting the moratorium.  To the extent not expressly admitted, The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 496 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 496.

497.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 497 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 497.

498.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 498 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 498.

499.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 499 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 499.

500.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 500 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 500.

501.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 501 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 501.

502.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 502 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 502.

503.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 503 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 503.

504.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 504 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 504.

505.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 505 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 505.

506.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 506 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 506.

507.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 507 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 507.

508.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 508 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 508.

509.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 509 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 509.

510.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 510 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 510.

511.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 511 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 511.

512.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 512 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 512.

513.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 513 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 513.

514.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 514 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 514.

515.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 515 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 515.

516.    Paragraph 516 does not require a response of the Transocean Defendants, but out of an abundance of caution, this paragraph is denied.

## CLASS ACTION ALLEGATIONS

517.    The Transocean Defendants admit only that Plaintiffs seek certification of a class action.  To the extent not expressly admitted, the Transocean Defendants are without sufficient

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 517 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 517.

518.    The Transocean Defendants admit only that Plaintiffs seek certification state-wide subclasses of local government entities for the states of Alabama, Florida, Louisiana, Mississippi, and Texas.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 518 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 518 (and its subparts).

519.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 519 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 519.

A.    **Numerosity of the Class and/or Subclasses – F.R.C.P.  23(a)(1)**

520.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 520 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 520.

B.    **Commonality – F.R.C.P.  23(a)(2)**

521.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 521 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 521.

522.    The Transocean Defendants deny reckless, and/or deplorable conduct or decisions, gross negligence, willful, wanton, and/or reckless indifference, and/or liability.  With respect to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 522 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 522.

523.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 523 (and its subparts).  With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 523 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 523 (and its subparts).

524.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 524.  With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 524 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 524.

### C.    Typicality – F.R.C.P.  23(a)(3)

525.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 525 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 525.

### D.    Adequacy of Representation –F.R.C.P.  23(a)(4)

526.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 526 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 526.

**E.      Class Certification under F.R.C.P.  23(b)(3) –Predominance and Superiority**

527.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 527 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 527.

528.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 528.  With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 528 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 528.

529.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 529 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 529.

530.    The Transocean Defendants deny outrageous, grossly negligent, willful, reckless, and/or wanton conduct.   As to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 530 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 530.

531.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 531 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 531.

### F.     Class Certification under F.R.C.P.  23(b)(1)

532.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 532 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 532.

533.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 533 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 533.

534.    The Transocean Defendants deny that punitive damages are appropriate as to the Transocean Defendants.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 534 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 534.

535.    The Transocean Defendants deny that punitive damages are appropriate as to the Transocean Defendants.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 535 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 535.

536.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 536 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 536.

537.    The Transocean Defendants deny that punitive damages are appropriate as to the Transocean Defendants.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 537 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 537.

538.     The Transocean Defendants deny that punitive damages are appropriate as to the Transocean Defendants.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 538 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 538.

539.     The Transocean Defendants deny misconduct and/or that compensatory and/or punitive damages are appropriate as to the Transocean Defendants.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 539 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 539.

G.     **Class Certification under F.R.C.P.  23(b)(2)**

540.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 540.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 540 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 540.

H.     **Class Certification of Particular Issues under F.R.C.P.   23(c)(4) and Subclasses under 23(c)(5)**

541.     The Transocean Defendants deny outrageous, grossly negligent, willful, wanton, and/or reckless conduct and that punitive damages are appropriate as to the Transocean Defendants.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 541 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 541.

## CLAIMS FOR RELIEF

### I.        Claims Under General Maritime Law

**A.        Negligence**

**All Plaintiffs v.  All Defendants**

542.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

543.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 543.    As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 543 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 543.

544.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 544.    As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 544 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 544.

545.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 545 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 545.

546.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 546 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 546.

547.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 547.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 547 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 547.

548.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 548 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 548.

549.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 549.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 549 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 549.

550.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 550.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 550 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 550.

551.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 551.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 551 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 551.

552.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 552.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 552 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 552.

553.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 553.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 553 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 553.

554.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 554.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 554 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 554.

555.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 555.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 555 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 555.

556.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 556.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 556 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 556.

557.    The Transocean Defendants deny that they violated statutory standards.  As to the remaining allegations set forth in this paragraph, The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 557 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 557.

558.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 558.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 558 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 558.

559.    The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice* and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 559 are denied.

560.    The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice* and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 560 are denied.

561.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 561.

562.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 562.

563.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 563.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 563 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 563.

564.     The Transocean Defendants admit that the *Deepwater Horizon* was leased and/or chartered to a BP entity.   To the extent not expressly admitted, the allegations set forth in Paragraph 564 are denied.

565.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 565 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 565.

566.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 566 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 566 (and its subparts).

567.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 567 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 567.

568.     The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 568 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 568.

569.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 569 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 569.

570.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 570 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 570.

571.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 571 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 571.

572.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 572 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 572.

573.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 573 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 573.

574.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.   To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 574 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 774.

575.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 575 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 575.

576.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 576 are denied.

577.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 577 are denied.

578.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 578 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 578.

579.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 579 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 579.

580.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 580 are denied.

581.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 581.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 581 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 581.

582.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 582 (and its subparts).  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 582 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 582 (and its subparts).

583.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 583.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 583 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 583.

584.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 584.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 584 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 584.

585.    The Transocean Defendants deny the acts or omissions alleged in Paragraph 585. As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 585 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 585.

B.    **Gross Negligence and Willful Conduct**

**All Plaintiffs v.  Drilling Defendants and Cameron**

586.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

587.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 587.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 587 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 587.

588.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 588.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 588 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 588.

589.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 589.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 589 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 589.

590.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 590.

591.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 591.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 591 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 591.

592.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 592.    As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 592 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 592.

593.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 593.    As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 593 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 593.

594.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 594.    As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 594 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 594.

595.    The Transocean Defendants deny that Plaintiffs are entitled to actual and compensatory damages and/or punitive damages from the Transocean Defendants.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 595 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 595.

C.       **Strict Liability For Manufacturing And/Or Design Defect**

**All Plaintiffs v. Cameron**

596.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

597.    The allegations set forth in Paragraph 597 are legal claims that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

598.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 598 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 598.

599.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 599 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 599.

600.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon* in 2001**.**   To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 600 are denied.

601.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 601.

602.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 602 are denied.

603.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 603 are denied.

604.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 604.

605.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 605 are denied.

606.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 606 are denied.

607.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 607 are denied.

608.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 608 are denied.

609.    The Transocean Defendants admit that while in the possession of the Transocean Defendants, and prior to the Macondo well blowout, the *Deepwater Horizon* BOP was used in the manner intended, or in a manner reasonably foreseeable and/or actually disclosed to Cameron prior to April 20, 2010.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 609 are denied.

610.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 610 (and its subparts) are denied.

611.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 611 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 611.

612.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 612 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 612.

613.     The Transocean Defendants admit that while in the possession of the Transocean Defendants, and prior to the blowout of the Macondo well, the *Deepwater Horizon* BOP was used in an intended and/or reasonably foreseeable manner.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 613 are denied.

614.     The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 614.

615.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 615 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 615.

616.     The Transocean Defendants deny that Plaintiffs are entitled to actual and compensatory damages from the Transocean Defendants.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 616 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 616.

617.     The allegations set forth in Paragraph 617 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

### D.    Strict Liability For Manufacturing And/Or Design Defect

### All Plaintiffs v.  Halliburton

618.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

619.    The allegations set forth in Paragraph 619 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

620.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 620 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 620.

621.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 621 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 621.

622.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 622 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 622.

623.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 623 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 623.

624.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 624 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 624.

625.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 625 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 625.

626.    Transocean Defendants deny all aspects and implications of the allegations in Paragraph 626.

627.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 627 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 627.

628.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 628 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 628.

629.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 629 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 629.

630.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 630 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 630.

631.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 631 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 631.

632.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 632 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 632.

633.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 633 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 633.

634.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 634 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 634.

635.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 635 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 635.

636.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 636 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 636.

637.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 637 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 637.

638.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 638 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 638.

639.     The allegations set forth in Paragraph 639 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

F.     **Strict Liability For Manufacturing And/Or Design Defect**

**All Plaintiffs v. Weatherford**

640.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

641.     The allegations set forth in Paragraph 641 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

642.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 642 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 642.

643.     Transocean Defendants deny all aspects and implications of the allegations in Paragraph 643.

644.     The Transocean Defendants admit that the float collar is a check valve device that is installed to prevent backflow or ingress of fluids into the casing. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 644 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 644.

645.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 645 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 645.

646.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 646 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 646.

647.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 647 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 647.

648.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 648 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 648.

649.     Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 649 are denied.

650.     Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 650 are denied.

651.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 651 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 651.

652.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 652 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 652.

653.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 653 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 653.

654.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 654 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 654.

655.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 655 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 655.

656.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 656 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 656.

657.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 657 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 657.

658.     The allegations set forth in Paragraph 658 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## II.     The Oil Pollution Act

### All Plaintiffs v. BP, Transocean, Anadarko, Anadarko E&P, and MOEX

659.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

660.     The allegation set forth in Paragraph 660 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

661.     The Transocean Defendants admit that the Coast Guard has named BP and others responsible parties for the downhole release of oil and oil emanating from the Macondo well beneath the surface of the water. The Transocean Defendants further admit that the Coast Guard

has named Transocean Holdings as the responsible party for the release of diesel fuel emanating from the *Deepwater Horizon* (and not the Macondo well) on the surface of the water. The allegations set forth in this paragraph contain conclusions of law which do not require a response of the Transocean Defendants, but out of an abundance of caution are denied. To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 661.

662. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 662 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 662.

663. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 663. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 663 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 663.

664. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 664. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 664 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 664.

665. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 665. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 665 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 665.

666.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 666.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 666 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 666.

667.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 667.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 667 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 667.

668.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 668 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 668.

669.    Admitted as pertaining to BP.

### III.    State Law Claims For Relief

**A.    Public Nuisance**

**All Plaintiffs v.  Drilling Defendants, Cameron, and Weatherford**

670.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

671.    The Transocean Defendants deny negligence.  As to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a

belief as to whether the assertions set forth in Paragraph 671 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 671.

672.    The allegation set forth in Paragraph 672 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

673.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 673.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 673 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 673.

674.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 674.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 674 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 674.

675.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 675.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 675 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 675.

676.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 676.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 676 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 676.

677. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 677 to the extent directed toward the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 677 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 677.

**B.** **Nuisance**

**All Plaintiffs v. Drilling Defendants, Cameron, and Weatherford**

678. The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

679. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 679. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 679 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 679.

680. The allegation set forth in Paragraph 680 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

681. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 681. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 681 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 681.

682.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 682.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 682 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 682.

683.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 683.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 683 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 683.

684.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 684.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 684 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 684.

C.    **Trespass**

**All Plaintiffs v.  Drilling Defendants, Cameron, and Weatherford**

685.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

686.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 686.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 686 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 686.

687.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 687.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 687 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 687.

688.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 688.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 688 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 688.

689.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 689.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 689 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 689.

690.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 690.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 690 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 690.

**D.** **Fraudulent Concealment or Suppression of Material Facts**

**All Plaintiffs v.  BP, Halliburton, and Transocean**

691.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

692.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 692.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 692 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 692.

693.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 693 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 693.

694.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 694 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 694.

695.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 695 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 695.

696.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 696 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 696.

697.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 697 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 697.

698.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 698 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 698.

699.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 699 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 699.

700.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 700 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 700.

701.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 701 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 701.

702.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 702 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 702.

703.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 703 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 703.

704.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 704.

705.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 705.

706.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 706.

707.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 706.

708.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 708.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 708 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 708.

709.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 709 that are directed toward the Transocean Defendants.   As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 709 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 709.

710.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 710.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 710 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 710.

E.     **Strict Liability Pursuant To The Florida Pollutant Discharge Prevention And Control Act Fla.  Stat.  § 376.011, *et seq.***

**Florida Subclass Members v.  BP and Transocean**

711.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

712.     The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vic*e and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted and as directed to the Transocean Defendants, the remaining assertions are denied.  With respect to the remaining defendants, The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 712 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 712.

713.     The allegation set forth in Paragraph 713 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

714.     The Transocean Defendants admit that the Coast Guard has named Transocean Holdings as the responsible party for the release of diesel fuel emanating from the *Deepwater Horizon* (and not the Macondo well) on the surface of the water.  The allegations set forth in this paragraph contain conclusions of law which do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 714 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 714.

715.     The Transocean Defendants admit that the Coast Guard has named BP and others responsible parties for the downhole release of oil and oil emanating from the Macondo well

beneath the surface of the water.  The allegations set forth in this paragraph contain conclusions of law which do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 715 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 715.

716.    The allegations set forth in this paragraph contain conclusions of law which do not require a response of the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 716 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 716.

717.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 717.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 717 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 717.

718.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 718.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 718 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 718.

719.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 719.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 719 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 719.

720.    The allegations set forth in Paragraph 720 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

721.    The allegations set forth in Paragraph 721 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

722.    The allegations set forth in Paragraph 722 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

723.    The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 723 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 723.

724.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 724.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 724 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 724.

725.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 725 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 725.

726.    The allegations set forth in Paragraph 726 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

F.    **Strict Liability Pursuant To The Louisiana Oil Spill Prevention And Response Act La.  R.S.  30:2451, _et seq._**

**(And Liability For Penalties Pursuant to La.  R.S.  56:40.1, _et seq_)**

**Louisiana Subclass Members v.  All Defendants**

727.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

728.    The allegations set forth in Paragraph 728 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

729.    The allegations set forth in Paragraph 729 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

730.    The allegations set forth in Paragraph 730 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

731.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 731.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 731 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 731.

732.    The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 732 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 732.

733.    The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without

sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 733 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 733.

734.    The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 734 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 734.

735.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 735.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 735 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 735.

736.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 736.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 736 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 736.

737.    The Transocean Defendants deny entitlement to the recovery of damages, penalties, attorney's fees and costs from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 737 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 737.

G.   **Strict Liability Pursuant To The Texas Oil Spill Prevention And Response Act of 1991, Tex.  Nat.  Res.  Code ann.  § 40.001, *et seq.***

**Texas Subclass Members v.  All Defendants**

738.   The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

739.   The allegations set forth in Paragraph 739 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

740.   The allegations set forth in Paragraph 740 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

741.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 741.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 741 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 741.

742.   The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 742 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 742.

743.   The Transocean Defendants deny entitlement to the recovery of damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 743 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 743.

744.    The Transocean Defendants deny entitlement to for costs from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 744 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 744.

745.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 745.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 745 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 745.

746.    The Transocean Defendants deny entitlement to for damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 746 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 746.

### IV.    Punitive Damages Under All Claims

### All Plaintiffs v.  BP, Transocean, and Halliburton

747.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

748.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 748.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 748 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 748.

749.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 749.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 749 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 749.

750.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 750 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 750.

751.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 751.

752.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 752.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 752 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 752.

753.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 753.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 753 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 753.

754.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 754.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 754 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 754.

755.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 755.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 755 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 755.

756.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 756.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 756 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 756.

757.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 757.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 757 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 757.

758.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 758.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 758 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 758.

759.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 759.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 759 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 759.

760.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 760.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 760 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 760.

761.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 761.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 761 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 761.

762.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 762.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 762 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 762.

763.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 763.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in

Paragraph 763 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 763.

764.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 764 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 764.

765.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 765 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 765.

766.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 766 (and its subparts).  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 766 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 766 (and its subparts).

767.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 767.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 767 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 767.

768.    The Transocean Defendants deny the allegation that Plaintiffs are entitled to an award of punitive damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 768 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 768.

## V.        Declaratory Relief: Punitive Damages

769.    The Transocean Defendants deny that Plaintiffs are entitled to a judicial declaration that any settlement provisions that purport, directly or indirectly, to release or to affect the calculation of punitive damages without a judicial determination of fairness, adequacy, and reasonableness are ineffective as contrary to law, equity, and public policy.  The remaining assertions in Paragraph 769 contain statements and conclusions of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.

## PRAYER FOR RELIEF

The Transocean Defendants deny that Plaintiffs and the Class and/or Subclass Members are entitled to the relief sought in the unnumbered "Prayer for Relief" (and its subparts) from the Transocean Defendants.

## AFFIRMATIVE DEFENSES

1.     The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

### Jurisdiction and Venue

2.  This Court lacks personal jurisdiction over Transocean Ltd.

3.  Venue is improper.

4.  Process and service of process are insufficient.

### Other Suits

5.     There may be a prior-filed civil action that requires this suit be stayed pursuant to the doctrine of *lis pendens*.

**Standing**

6.      The Plaintiffs lack standing, in whole or in part.

**Proper Parties/Joinder**

7.      The Plaintiffs are not the proper parties to assert one or more claims, including, but not limited to, any claims for natural resource damages.

8.      The Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

**Ripeness**

9.      One or more of the Plaintiffs' claims for relief are not ripe.

10.      No actual case or controversy exists between the Plaintiffs and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

**Failure to State a Claim**

11.      The Plaintiffs have failed to state a claim upon which relief can be granted with respect to some or all of their claims.

12.      The Plaintiffs have failed to plead much less satisfy conditions precedent to recovery.

13.      The Plaintiffs' claims are barred to the extent that the Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

14.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and sovereign acts.

15.      The Transocean Defendants did not owe any duty or warranty to one or more of the Plaintiffs and did not breach any duty or warranty.

16.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiffs.

## Shipowners' Limitation of Liability Act

17.     The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C.   § 30501, *et. seq.*   As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C.   § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18.     Certain of the Plaintiffs' claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C.   § 30501, *et seq.*

**Oil Pollution Act**

19.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

(a) Plaintiffs have failed to make presentment of some or all of its claims as required under OPA.

(b) Plaintiffs have no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

(c) OPA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

(d) OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

(e) OPA displaces or preempts Plaintiffs' claims with respect to oil spill damages and otherwise.

(f) OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

**Maritime and State Law Claims**

20.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a) The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. §1331 *et. seq.* or the Oil Pollution Act, 33 U.S.C. §2701 *et. seq.*

(b) The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State, which in this case is Louisiana.

(c) The Transocean Defendants assert that the Plaintiffs' claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, or other states.

(d) The Transocean Defendants assert all defenses available under F.S. §376.12, *et seq.*, including, without limitation:

1. Plaintiffs lack standing under §376.12 *et seq*.

2. Plaintiffs must reside in Florida for §376.12 *et seq*. to apply.

3. The Transocean defendants are not responsible parties under §376.12 *et seq*.

4. F.S. §376.12 *et seq*. does not purport to regulate activities on the Outer Continental Shelf.

(e) The Transocean Defendants assert all defenses available under the Louisiana Oil Spill Prevention and Response Act (OSPRA), (La. R.S. 30:2451, *et seq.*) including, without limitation:

1. Plaintiffs have no cause of action under OSPRA.

2.   Plaintiffs have failed to exhaust all federal remedies as required by OSPRA.

3.   The Transocean Defendants are not responsible parties as defined by OSPRA.

4.   OSPRA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

5.   OSPRA does not provide for, or allow, recovery of punitive or exemplary damages.

6.   OSPRA does not purport to regulate activities on the OCS.

(f) The Transocean Defendants assert all defenses available under the Texas Oil Spill Prevention and Response Act, TEX. NAT. RES. CODE §§ 40.001 *et seq.*, including without limitation:

1.   Plaintiffs have no cause of action under the Texas Oil Spill Prevention and Response Act.

2.   Plaintiffs lack standing under the Texas Oil Spill Prevention and Response Act.

3.   The Texas Oil Spill Prevention and Response Act does not purport to regulate activities on the Outer Continental Shelf.

4.  Plaintiffs have no right of action against the Transocean Defendants in that each is not a responsible party as defined under the Texas Oil Spill Prevention and Response Act.

5.  The Texas Oil Spill Prevention and Response Act eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

6.  The Texas Oil Spill Prevention and Response Act does not provide for, or allow, recovery of punitive or exemplary damages.

7.  Plaintiffs have no right of action against the Transocean Defendants to the extent they have not been designated a responsible party by the Commissioner of the General Land Office as required under the Texas Oil Spill Prevention and Response Act.

8.  Plaintiffs failed to exhaust all federal remedies.

**Products Liability**

21.    Plaintiffs do not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them are proper defendants to any products liability claim. Out of an abundance of caution, however, the Transocean Defendants would additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered.

Further, the Transocean Defendants would plead there was no causal relationship between them and any alleged defective product.

## Causation

22.     The Plaintiffs complain of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other  persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

23.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs resulted from a superseding, intervening, and/or new and independent  cause for which the Transocean Defendants are not responsible.

24.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of the Transocean Defendants.

25.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not foreseeable as a matter of law.

26.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' comparative fault, consent, assumption of the risk, the legal doctrine of *in pari delicto*, and/or the maxim that "one who seeks equity must do equity."

## Damages

27.     The Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.  Further, one or more of the Plaintiffs are so

geographically remote to the site of the incident in question that any alleged damages could not be legally caused by and/or reasonably related to any conduct of the Transocean Defendants.

28.     The Plaintiffs have not reasonably mitigated their damages.

29.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiffs with respect to the same alleged injuries.  The Transocean Defendants assert payment, settlement, and release to the extent that any Plaintiffs' alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.   The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

30.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

31.     The Transocean Defendants deny that any of them have been guilty of any conduct that would support an award of punitive damages.

32.     Any award of punitive damages against the Transocean Defendants would be in violation of the constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under the relevant state constitutions or statutory regimes, if applicable.  The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for

determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

33.     Some or all of Plaintiffs' claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and/or legally compensable harm.

34.     The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiffs receive from any source as compensation for alleged losses.

35.     Plaintiffs' claim for civil penalties is inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

36.     Plaintiffs' claim for civil penalties against the Transocean Defendants cannot be sustained because an award of civil penalties would violate the Transocean Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would violate the Transocean Defendants' right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution.

37.     Plaintiffs' claim for civil penalties against the Transocean Defendants cannot be sustained, because an award of civil penalties in this case, combined with any prior, contemporaneous, or subsequent judgments against the Transocean Defendants for punitive damages and/or fines or penalties arising out of the blowout of the Macondo well and the

resulting oil spill would constitute excessive and impermissible multiple punishments for the same alleged wrong, in violation of the Transocean Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy.

## Equitable Relief

38.     Plaintiffs' claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

## Class Action

39.     A class action claim cannot be maintained in the context of an action under the Shipowners Limitation of Liability Act.  In such an action, each claimant must assert their claim individually.

40.     The Transocean Defendants assert all relevant defenses under Rule 23, Federal Rules of Civil Procedure, including, but not limited to, lack of numerosity, commonality, typicality, and inability of the representative party or parties to fairly and adequately protect the interests of the purported class.

**Adoption Of Affirmative Defenses And Reservation To Amend Answer**

41.     Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

42.     The Transocean Defendants assert any other defenses which they may be entitled under Federal Rule of Civil Procedure 8(c).

43.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

## **GENERAL DENIAL**

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

WHEREFORE, the Transocean Defendants pray that its defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost, and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:   /s/ Steven L.  Roberts
       Steven L.  Roberts (Texas, No.  17019300)
       Rachel Giesber Clingman (Texas, No.
       00784125)
       Kent C.  Sullivan (Texas, No.  19487300)
       Teri L.  Donaldson (Florida, No.  784310)
       Sutherland Asbill & Brennan LLP
       1001 Fannin Street, Suite 3700
       Houston, TX  77002
       Telephone: (713) 470-6100
       Facsimile: (713) 654-1301
       E-Mail: steven.roberts@sutherland.com,
       rachel.clingman@sutherland.com,
       kent.sullivan@sutherland.com,
       teri.donaldson@sutherland.com

/s/ Kerry J.  Miller
Kerry J.  Miller (Louisiana, No.  24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
E-Mail: kmiller@frilot.com

-and-

/s/ Edwin G.  Preis, Jr.
Edwin G.  Preis, Jr.  (Louisiana, No.  10703)
Edward F.  Kohnke, IV (Louisiana, No.
07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, LA 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129-and-
601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
E-Mail:  egp@preisroy.com, efk@preisroy.com

Of Counsel:
Brad D.  Brian (California, No.  79001)
Allen M.  Katz (California, No.  054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Office:  (213) 683-9100
Telefax:  (213) 683-5180, (213) 683-4018
E-Mail:  brad.brian@mto.com, allen.katz@mto.com

Daniel O.  Goforth (Texas, No.  08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, TX 77056
Office:  (713) 650-0022
Telefax:  (713) 650-1669
E-Mail:  dangoforth@goforthlaw.com

John M.  Elsley (Texas, No.  0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Office:  (713) 224-8380
Telefax:  (713) 225-9945
E-Mail:  john.elsley@roystonlaw.com

*Counsel for Transocean Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Court's

CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order

No.  12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J.  Miller