# EXHIBIT E

FILED
Loran Jackson
District Clerk

APR 30 2010

**CAUSE NO. 2010-25245**

Time: _____
Harris County, Texas
By _____
Deputy

| | | |
|---|---|---|
| **STEPHEN STONE & SARA STONE,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TRANSOCEAN OFFSHORE DEEPWATER** | § | |
| **DRILLING, INC., DEEP WATER** | § | |
| **HORIZON, BP PRODUCTS NORTH** | § | **HARRIS COUNTY, TEXAS** |
| **AMERICA, INC., HALLIBURTON** | § | |
| **ENERGY SERVICES, CAMERON** | § | |
| **INTERNATIONAL CORPORATION** | § | |
| **D/B/A CAMERON SYSTEMS** | § | |
| **CORPORATION, and MI SWACO,** | § | |
| *Defendants,* | § | **234TH JUDICIAL DISTRICT** |

<u>**PLAINTIFFS' PETITION IN INTERVENTION, APPLICATION FOR TEMPORARY RESTRAINING ORDER & TEMPORARY INJUCTION AND REQUEST FOR DISCLOSURE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Stephen Stone and Sara Stone, referred to as Plaintiffs, complaining of and against TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO Defendants herein, and for cause of action, would respectfully show unto the Court as follows:

## A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## B. PARTIES

2.    Plaintiffs, Stephen Stone and Sara Stone are residents of Harris County, Texas and bring this suit in their individual capacity.

3.    Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (hereinafter referred to as "Transocean"), is a corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, TX 77046.

4.    Defendant, BP Products North America, Inc., ("hereinafter referred to as "BP"), is a Delaware corporation doing business in the State of Texas.  Its registered agent for service of process in the State of Texas is Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

5.    Defendant, Halliburton Energy Services, Inc., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

6.    Defendant, Cameron International Corporation d/b/a Cameron Systems Corporation (hereinafter referred to as Cameron), is a Delaware corporation whose principle place of business is in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

7.    Defendant MI Swaco is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas, 77072 and may be served with process by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

## C. VENUE

8.    Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice and Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s, principal office in this state is located in Harris County, Texas.

## D. JURISDICTION

9.    This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

10.    Stephen Stone, was a seaman and this action is brought pursuant to Title 46 U.S.C. §688, *et. seq.* and pursuant to the admiralty and general maritime laws of the United States. This Court has concurrent jurisdiction.

## E. INTERVENTION

11.    Plaintiffs would show that this lawsuit arises out of the same transaction and occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc. et al.,* Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

## F. FACTUAL SUMMARY

12.    Plaintiffs would show that this lawsuit has become necessary as a result of an incident which occurred on or about April 20, 2010. On said date, Stephen Stone was employed by Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., as a seaman and was assigned as a member of the crew on board the DEEPWARTER HORIZON,  a vessel within the meaning of 46 U.S.C.§ 30104, *et. seq*. Steven Stone's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.

13.    Halliburton was contracted to provide cement services to the rig Deepwater Horizon by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug at the end of the drilling phase but failed to properly set the plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

14.    MI Swaco was contracted to provide drilling fluid services to the rig Deepwater Horizon, owned by Transocean and leased to BP.  M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

15.    On or about April 20, 2010, while Plaintiff, Stephen Stone working in the course and scope of his employment on the Deepwater Horizon, a deadly explosion and fire

occurred. Plaintiffs will show that Defendants, were jointly and severally negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages to Plaintiffs.

## G. CAUSES OF ACTION

### 1. TRANSOCEAN ENTITIES

Transocean was negligent as that term is known in Texas law by:

a.   Failing to provide a competent crew;

b.   Failing to properly supervise its employees;

c.   Failing to properly train and/or supervise Plaintiff and other employees;

d.   Failing to provide Plaintiff with a safe place to work, and requiring Plaintiff to work in unsafe conditions;

e.   Failing to provide sufficient personnel to perform operations aboard the vessel;

f.   Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

g.   Failing to exercise due care and caution;

h.   Failing to avoid this accident;

i.   Failing to provide Plaintiff Stephen Stone with a seaworthy vessel;

j.   Other acts of negligence which will be shown more fully at trial.

### 2. BP AND BP PRODUCTS

BP was negligent as that term is known in Texas law by:

a.   Failing to properly train and/or supervise its crew and other employees;

b.  Failing to ensure that its crew worked in a safe and prudent manner;

c.  Failing to provide Plaintiff with a safe place to work, and requiring Plaintiff to work in unsafe conditions;

d.  Failing to exercise due care and caution;

e.  Failing to avoid this accident;

f.  Failing to provide Plaintiff Stephen Stone with a seaworthy vessel;

g.  Other acts of negligence which will be shown more fully at trial.

3. **Halliburton**

Halliburton was negligent as that term is known in Texas law by:

a.  Failing to properly set cement plugs.

b.  Failing to maintain pressure during cement operation.

c.  Failing to use adequate material for cement services.

d.  Failing to follow industry protocol and procedures for setting cement plugs.

e.  Failing to prevent escape of gas or combustible hydrocarbons to the surface.

f.  Attempting to carry out drilling operations with substandard and defective cement casing.

3. **MI Swaco**

MI Swaco was negligent as that term is known is Texas Law by:

a.  Failing to monitor pressures of wells.

b.  Failing to use adequate weight drilling fluid to prevent gas escape.

c.  Failing to follow industry protocol and procedure during plug completion phases.

    d.     Use of sea water as weight and gas control medium during drilling and completion processes.

    e.     Attempting to carry out drilling operations with substandard and defective cement casing.

### 4. Cameron International Corporation

Cameron International Corporation was negligent as that term is known in Texas

Law by:

    a.     Failing to provide adequate subsea flow control devices;

    b.     Failing to properly engineer the subsea gas flow control devices.

    c.     Failing to properly install a subsea gas flow control devices.

    d.     Failing to properly monitor the subsea engineering and gas flow control devices.

    e.     Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose for which it was intended.

### H. DAMAGES

16.    At all relevant times, Stephen Stone was in the course and scope of his employment with the Defendants. The actions and/or inactions of the Defendants, and/or its officers, agents and/or employees constitute negligence.  The negligence of the Defendants was a proximate and/or producing cause of the Plaintiffs' damages.

17.    Defendants owed a duty to Stephen Stone to maintain the vessel in a seaworthy condition. However, Plaintiffs will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

18.     Defendants jointly and severally also owed a duty to Stephen Stone to provide a safe workplace in consideration of the processes being undertaken by Defendants at the time of the incident made the subject matter of this lawsuit. Defendants failed to do so. As a result of Defendants negligent acts and omissions, Plaintiff Stephen Stone suffered injuries for which he now sues.

## I. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.     Sara Stone is a person.  Defendants acted intentionally and/or recklessly to keep knowledge of her husband's condition from her for more than 24 hours following the incident.  Furthermore, they refused to allow her husband to contact her to let her know he was alive.  Under their own emergency policies and procedures one of the first orders of business for the Defendants was to determine the status of all employees aboard the vessel at the time of the explosion.

Although, several crewmembers were missing, Defendants should have quickly determined the whereabouts of many individuals on the vessel. They made an intentional decision to withhold this information from the families for an extended time period.  Defendants' conduct in withholding this basic information from the families of the seaman working on the rig at the time of the explosion was extreme and outrageous.  As a result of this conduct Sara Stone suffered severe and unnecessary emotional distress.

There is no alternative cause of action which would provide a remedy for the severe emotional distress caused by the defendants.

## J. LOSS OF CONSORTIUM

20.    Plaintiff, Sara Stone, suffered as a result of the Defendants' negligent actions outlined below, loss of consortium, including but not limited to the mutual right of the husband and wife to the affection, solace, comfort, companionship, society, assistance, and sexual relations necessary to a successful marriage and has sustained extreme mental anguish in connection with the injuries to her husband.  It is anticipated that she may require medical treatment and counseling in the future as a result of these occurrences.

## K. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO INSPECT, FILM & PHOTOGRAPH

21.    Plaintiffs assert that Defendants may change, alter or destroy documents or physical evidence related to or involved in the incident made the basis of this lawsuit, or unless this Court enters a Temporary Restraining Order ("TRO") restraining Defendants from changing, altering, or destroying any tangible evidence related to the incident. In order for Plaintiffs to properly investigate and pursue their claims and recover their damages and see that justice is done, this Court should restrain Defendants TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO and their agents, corporate parents, servants, employees, contractors, independent contractors and other contract employees attorneys and those acting in

concert with the foregoing Defendants from changing, altering and/or destroying and/or moving evidence of any kind.

## L. REQUEST FOR TEMPORARY INJUNCTION

22.    Plaintiffs ask the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO.

## M. DEMAND FOR JURY

23.    Plaintiffs demand a jury trial and tender the appropriate fee with the filing of this Original Petition.

## N. CONDITIONS PRECEDENT

24.    All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## O. REQUEST FOR DISCLOSURE

25.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## P. NOTICE OF DEMAND FOR PRESERVATION OF ELECTRONICALLY STORED INFORMATION

26. Plaintiffs demand that ALL DEFENDANTS named in Plaintiffs Stephen Stone and Sara Stone's Petition in Intervention preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this cause, in accordance with specific notice provisions as further set forth in the ADDENDUM attached to Plaintiffs' Petition in Intervention as if same was set forth herein for all purposes.

### Q. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, after trial on the merits, Plaintiffs have judgment against Defendants both jointly and severally for the following:

    a.    a sum in excess of the minimum jurisdictional limits of this Honorable Court;

    b.    pre-judgment interest thereon a the maximum legal rate;

    c.    post-judgment interest thereon at the maximum legal rate;

    d.    costs of Court; and

    e.    such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BRENT COON & ASSOCIATES**

By: _____
BRENT W. COON
State Bar No. 04769750
ARTHUR J. GONZALEZ
State Bar No. 08124050
GARY M. RIEBSCHLAGER
State Bar No. 16902200
300 Fannin, Ste 200
Houston, Texas 77002
Telephone: 713.225.1682
Facsimile: 713.225.1785

**ATTORNEYS FOR PLAINTIFFS**