UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF OF | § | |
| MEXICO, OF APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | |
| | § | |
| 2:10-CV-04182 (STATE OF ALABAMA v. BP P.L.C.) | § | JUDGE BARBIER |
| -AND- | § | |
| 2:10-CV-04183 (STATE OF ALABAMA v. | § | |
| TRANSOCEAN, ET AL.) | § | MAGISTRATE JUDGE SHUSHAN |

## ANSWER AND DEFENSES OF TRANSOCEAN DEFENDANTS TO THE STATE OF ALABAMA'S FIRST AMENDED COMPLAINT

Defendants Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively the "Transocean Defendants")[1] respond to the State of Alabama's First Amended Complaint, upon information and belief as follows:[2]

## ANSWER

For each and every allegation of the Complaint, the Transocean Defendants respond as follows. When and if a paragraph contains multiple subparts, the response of Transocean to the paragraph applies equally to all subparts unless otherwise expressly stated.

---

[1]       Transocean Ltd. filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint, Cross-Complaint, and Third-Party Complaint.

[2]       The Transocean Defendants respond herein to the Plaintiff's Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the *proceeding In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

1

**NATURE OF ACTION**

1.      The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the Mobile Offshore Drilling Unit ("MODU") *Deepwater Horizon* while located at the Macondo Prospect Mississippi Canyon 252, that the *Deepwater Horizon* subsequently sank, and that oil has leaked into the Gulf of Mexico.  The Transocean Defendants deny responsibility for the spill and / or gross negligence, wantonness, and/or recklessness.  With respect to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

2.      Denied as to the Transocean Defendants.  With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

4.      The Transocean Defendants deny that, with respect to the Transocean Defendants, Plaintiff is entitled to fines and penalties or compensatory, punitive, or other damages.  With respect to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

2

5.      The allegations in Paragraph 5 do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in this paragraph are denied.

### PARTIES, JURISDICTION, AND VENUE

#### *Parties*

6.      The Transocean Defendants admit that Plaintiff is a sovereign state of the United States.

7.      The allegations set forth in Paragraph 7 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution, all aspects and implications of the allegations in this paragraph are denied.

8.      The Transocean Defendants admit that BP and others were designated as "Responsible Parties" ("RP") under the Oil Pollution Act of 1990 ("OPA"). The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 8 (and the related footnote) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8 (and the related footnote).

9.      The Transocean Defendants deny that Transocean Ltd. was a party to the drilling contract with BP.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11.     The Transocean Defendants admit that BP oversaw its contractors working on various aspects of the well and drilling operations.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12.     Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this complaint.

13.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

14.     The Transocean Defendants admit the TDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

15.     The Transocean Defendants admit the TH is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  The Transocean Defendants further admit that on April 28, 2010, the U.S. Coast Guard named TH as a Responsible Party under OPA for the release of diesel fuel emanating from the *Deepwater Horizon* on the surface of the water (not for discharges from the well).  The

4

Transocean Defendants deny that they are RPs under the OPA for any underwater discharges of oil from the Macondo well. The Transocean Defendants admit that TH was a party to the drilling contract with BP. To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

16.     The Transocean Defendants admit that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

17.     The Transocean Defendants admit that one or more of them provided the *Deepwater Horizon* and, along with other entities and/or defendants, personnel for the rig pursuant to a drilling contract with BP.  The Transocean Defendants admit that one or more of them provided drilling services at the direction of and subject to inspection and approval of BP. To the extent not expressly admitted, all other aspects and implications of the allegations in this paragraph are denied.

18.     The Transocean Defendants admit that Halliburton provided cementing services. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 18 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 18.

19.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 19 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 19.

5

20.     The Transocean Defendants admit that M-I supplied drilling mud and other fluids for use in the BP well.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 20 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 20.

21.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 21 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 21.

22.     The Transocean Defendants admit that Cameron supplied the BOP.   To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 22 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 22.

23.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 23.

24.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 24 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 24.

25.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 25 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 25.

26.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 26 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 26.

27.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 28 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 28.

29.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 32 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 32.

*Jurisdiction*

33.     The Transocean Defendants admit the claims presented in sub-Section I of the Amended Complaint are admiralty or maritime claims within the meaning of Rule (9)h of the Federal Rules of Civil Procedure and that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."   The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all of the aspects and implications of the allegations in this paragraph are denied.

34.     The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all of the aspects and implications of the allegations in this paragraph are denied.

35.     The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all of the aspects and implications of the allegations in this paragraph are denied.

*Venue*

36.     The assertions contained in Paragraph 36 contain statements of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 36 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

## GENERAL ALLEGATIONS

38.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 38 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 38.

39.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 39 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 39.

40.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 40 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 40.

41.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 41 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 41.

42.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 42 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 42.

43.     The Transocean Defendants admit that the *Deepwater Horizon* was a dynamically-positioned, semi-submersible offshore drilling unit ("MODU") that was put into service in February 2001.  To the extent not expressly admitted, the Transocean Defendants deny all other aspects and implications of the allegations of Paragraph 43.

44.     The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon* and that the *Deepwater Horizon* was leased and/or chartered to BP pursuant to the December 9, 1998

9

Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. and the amendments thereto.   The Transocean Defendants deny all other aspects and implications of the allegations of Paragraph 44.

45.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 45 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 45.

46.    The Transocean Defendants admit that Macondo drilling operations were in excess of 18,000 feet from sea level.  To the extent not expressly admitted, as to the Transocean Defendants, the remaining allegations are denied.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 46 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 46.

47.    The Transocean Defendants deny that they had been struggling with the Macondo well before the events of April 20, 2010.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 47 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 47.

48.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 48 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 48.

49.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 49 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 49.

50.     The Transocean Defendants deny the allegation that they chose a long string design for the Macondo well.  All aspects and implications of the allegation in Paragraph 50 are denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 50 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 50.

51.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 51 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 51.

52.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 52 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 52.

53.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 53 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 53.

54.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 54 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 54.

55.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 55 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 55.

56.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 56 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 56.

57.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 57 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 57.

58.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 58 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 58.

59.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 59 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 59.

60.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 60 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 60.

61.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 61 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 61.

62.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 62 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 62.

63.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 63.

64.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 64 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

66.     The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 66.

67.     Transocean denies  all aspects and implications of the allegations in Paragraph 67.

13

68.     The Transocean Defendants deny the allegations in Paragraph 68 (and its subparts).   As to the remaining defendants, Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in allegations in Paragraph 68 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 68 (and its subparts).

69.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 69.

70.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 70 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 70.

71.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 71 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 71.

72.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 72 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 72.

73.     Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

12640413.1

whether the assertions set forth in Paragraph 73 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 73.

74.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 74 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 74.

75.     Transocean Defendants deny that it used chemical dispersants, and the allegations of this paragraph are denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 75 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 75.

76.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 76 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 76.

77.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 77 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 77.

78.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 78 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 78.

12640413.1

## DAMAGES TO THE STATE OF ALABAMA

### *Environmental Damages*

79.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 79 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 79.

80.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 80 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 80.

81.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 81 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 81.

82.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 82 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 82.

83.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 83 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 83.

84.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 84 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 84.

12640413.1

*Economic Damages*

85.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 85 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 85.

86.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 86 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 86.

87.     The Transocean Defendants admit that the federal government issued a moratorium on drilling on the Outer Continental Shelf in water depths greater than 500 feet entitled "Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells" dated May 28, 2010, and NTL No. 2010-N04 seeking enforcement of the same.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 87 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 87.

88.     The Transocean Defendants admit that a judge in the United States District Court for the Eastern District of Louisiana issued a preliminary injunction prohibiting enforcement of the moratorium entitled "Suspension of Outer Continental Shelf (OCS) Drilling of New Deepwater Wells" and NTL No. 2010-N04.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 88 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 88.

89.     The Transocean Defendants admit that on or about October 12, 2010, the federal government announced that it was lifting the moratorium.  The Transocean Defendants are

12640413.1

without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 89 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 89.

90.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 90 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 90.

91.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 91 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 91.

92.    The Transocean Defendants deny entitlement to the recovery of compensatory damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 92 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 92 (and its subparts).

93.    The allegations in Paragraph 93 do not require a response by the Transocean Defendants, but out of an abundance of caution the allegations in Paragraph 93 are denied.

**CAUSES OF ACTION**

**I.    Claims Under General Maritime Law**

**A.** *Negligence*

94.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiffs' allegations as set forth above.

95.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 95 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 95.

96.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 96 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 96.

97.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 97 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 97

98.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 98 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 contain statements and conclusions of law which do not require a response by Transocean Defendants, but out of an abundance of caution are denied.

100.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 100 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 100.

101.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 101 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 101.

102.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 102 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 102.

103.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 103 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 103.

104.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 104 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 104.

105.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 105 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 105.

106.    The Transocean Defendants deny that they violated statutory standards. As to the remaining allegations and defendants, The Transocean Defendants are without sufficient

12640413.1

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 106 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 106.

107.     The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice* and/or operators of the *Deepwater Horizon*. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 107 are denied.

108.     The Transocean Defendants admit that one or more of the Transocean Defendants are the managing owners, owners *pro hac vice* and/or operators of the *Deepwater Horizon*. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 108 are denied.

109.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 109.

110.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 110.

111.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 111 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 111.

112.     The Transocean Defendants admit that the *Deepwater Horizon* was leased and/or chartered to a BP entity. To the extent not expressly admitted, the allegations set forth in Paragraph 112 are denied.

113.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 113 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 113.

114.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 114 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 114 (and its subparts).

115.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 115 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 115.

116.    The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 116 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 116.

117.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 117 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 117.

118.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 118 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 118 (and its subparts).

119.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 119 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 119.

120.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 120 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 120.

121.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 121 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 121.

122.   The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 122 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 122.

123.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 123 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 123.

124.   Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 124 are denied.

125.   Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 125 are denied.

126.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 126 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 126.

127.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 127 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 127.

128.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 128 are denied.

129.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 129 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 129.

130.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 130 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 130.

131.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 131 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 131.

132.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 132 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 132 (and its subparts).

133.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 133 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 133.

134.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 134 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 134.

135.     Denied as to the Transocean Defendants.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 135 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 135 (and its subparts).

### B. *Gross Negligence and Willful Misconduct*

136.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

137.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 137 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 137.

138.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 138 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 138.

139.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 139 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 139.

140.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 140.

141.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 141 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 141.

142.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 142 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 142.

143.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 143 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 143.

144.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 144 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 144.

145.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 145 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 145.

146.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 146 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 146.

147.    The Transocean Defendants deny that Plaintiff is entitled to actual and compensatory damages and/or punitive damages from the Transocean Defendants and deny all aspects and implications of the allegations in Paragraph 147.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 147 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 147.

### C. *Strict Liability For Manufacturing And/Or Design Defect*

### Cameron

148.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

149.    The allegations set forth in Paragraph 149 are legal claims that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

150.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 150 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 150.

27

151.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 151 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 151.

152.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon* in 2001. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 152 are denied.

153.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 153.

154.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 154 are denied.

155.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 155 are denied.

156.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 156.

157.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 157 are denied.

158.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 158 are denied.

159.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 159 are denied.

160.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 160 are denied.

161.     The Transocean Defendants admit that while in the possession of the Transocean Defendants, and prior to the Macondo well blowout, the *Deepwater Horizon* BOP was used in the manner intended, or in a manner reasonably foreseeable and/or actually disclosed to Cameron prior to April 20, 2010. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 161 are denied.

162.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 162 (and its subparts) are denied.

163.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 163 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 163.

164.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 164 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 164.

165.     The Transocean Defendants admit that while in the possession of the Transocean Defendants, and prior to the blowout of the Macondo well, the *Deepwater Horizon* BOP was

used in an intended and/or reasonably foreseeable manner. To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 165 are denied.

166.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 166.

167.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 167 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 167.

168.    The Transocean Defendants deny that Plaintiff is entitled to actual and compensatory damages from the Transocean Defendants. With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 168 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 168.

### D. *Strict Liability For Manufacturing And/Or Design Defect*

### Weatherford

169.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

170.    The allegations set forth in Paragraph 170 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

171.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 171 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 171.

172.    The Transocean Defendants deny all aspects and implications of the allegations contained in Paragraph 172.

12640413.1

173.     The Transocean Defendants admit that the float collar is a check valve device that is installed to prevent backflow or ingress of fluids into the casing. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 173 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 173.

174.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 174 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 174.

175.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 175 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 175.

176.     Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 176 are denied.

177.     Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 177 are denied.

178.     Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 178 are denied.

179.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 179 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 179.

180.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 180 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 180.

181.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 181 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 181.

182.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 182 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 182.

183.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 183 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 183.

184.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 184 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 184.

185.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 185 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 185.

### E.  *Strict Liability For Manufacturing And/Or Design Defect*

### Halliburton

186.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

187.    The allegations set forth in Paragraph 187 are statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

188.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 188 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 188.

189.    The Transocean Defendants admit that Halliburton provided cementing services. To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 189.

190.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 190 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 190.

191.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 191 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 191.

192.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 192 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 192.

193.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 193 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 193.

194.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 194 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 194.

195.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 195 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 195.

196.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 196 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 196.

197.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 197 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 197.

198.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 198 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 198.

199.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 199 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 199.

200.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 200 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 200.

201.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 201 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 201.

202.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 202 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 202.

203.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 203 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 203.

204.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 204 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 204.

## II.    The Oil Pollution Act

## BP, Transocean, Anadarko, Anadarko E&P, and MOEX

205.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

206.    The allegation set forth in Paragraph 206 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution is denied.

207.    The Transocean Defendants admit that the Coast Guard has named BP and others responsible parties for the downhole release of oil and oil emanating from the Macondo well beneath the surface of the water. The Transocean Defendants admit that the Coast Guard has named TH as the responsible party for the release of diesel fuel emanating from the *Deepwater Horizon* (and not the Macondo well) on or above the surface of the water. To the extent not expressly admitted, the Transocean Defendants deny all aspects and implications of the allegations in Paragraph 207.

208.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 208 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 208.

209.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 209 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 209.

210.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 210 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 210.

211.    The Transocean Defendants admit that BP filed or otherwise issued a "Statement of BP Exploration & Production Inc. Re Applicability Of Limitation Of Liability Under Oil Pollution Act of 1990."  To the extent not expressly admitted, Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 211 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 211.

212.    Denied as to recovery from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 212 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 212.

213.    Denied as to recovery from the Transocean Defendants.  The allegations set forth in Paragraph 213 contain statements of law that do not require a response by the Transocean

Defendants, but out of an abundance of caution are denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 213 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 213.

214.    Denied as to recovery from the Transocean Defendants.  The allegations set forth in Paragraph 214 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 214 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 214.

215.    Denied as to recovery from the Transocean Defendants.  The allegations set forth in Paragraph 215 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 215 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 215.

216.    Denied as to recovery from the Transocean Defendants.  The allegations set forth in Paragraph 216 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 216 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 216.

217.    Denied as to the Transocean Defendants.  The allegations set forth in Paragraph 217 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 217 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 217.

218.    The allegations set forth in Paragraph 218 contain statements of law that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied. The Transocean Defendants deny that Plaintiff is entitled to removal costs and damages from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 218 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 218.

219.    Denied as to recovery from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 219 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 219.

### III.    State Law Claims For Relief

**A.  *Public Nuisance (Drilling Defendants, Cameron, and Weatherford)***

220.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

221.    The Transocean Defendants deny negligence.  To the extent the allegation set forth in Paragraph 221 contains a statement of law, such allegation does not require a response

by the Transocean Defendants, but out of an abundance of caution is denied.   As to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 221 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 221.

222.   Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 222 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 222.

223.   Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 223 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 223.

224.   Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 224 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 224.

225.   Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 225 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 225.

226.   Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 226 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 226.

### B. *Private Nuisance (Drilling Defendants, Cameron, and Weatherford)*

227.   The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

228.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 228 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 228.

229.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 229 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 229.

230.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 230 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 230.

231.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 231 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 231.

232.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 232 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 232.

### C. *Trespass (Drilling Defendants, Cameron, and Weatherford)*

233.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

234.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 234 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 234.

235.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 235 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 235.

236.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 236 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 236.

237.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 237 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 237.

238.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 238 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 238.

### D. *Alabama Extended Manufacturer's Liability Doctrine (Cameron)*

239.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

240.    The Transocean Defendants admit that Cameron supplied the BOP for the *Deepwater Horizon*.  As to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 240 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 240.

241.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 241 are denied.

242.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 242 are denied.

243.     Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 243 regarding a product defect are denied.  With respect to the remaining allegations, the Transocean Defendants are without sufficient knowledge or information to form a believe as to whether those assertions are true, and therefore, deny all aspects and implications of the remaining allegations in Paragraph 243.

244.    Discovery is ongoing; based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 244 are denied.

245.    The Transocean Defendants admit that while in the possession of the Transocean Defendants, and prior to the Macondo well blowout, the *Deepwater Horizon* BOP was used in the manner intended.  To the extent not expressly admitted, all other aspects and implications of the allegations in Paragraph 245 are denied.

246.    The Transocean Defendants deny that Plaintiff is entitled to actual and compensatory damages from the Transocean Defendants. With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 246 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 246.

**E.  *Alabama Extended Manufacturer's Liability Doctrine (Weatherford)***

247.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

248.    The Transocean Defendants admit that the float collar is a check valve device that is installed to prevent backflow or ingress of fluids into the casing.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 248 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 248.

249.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 249 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 249.

250.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 250 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 250.

251.    Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 251 are denied.

252.    Discovery is ongoing, but based on the information available to the Transocean Defendants at this time, all aspects and implications of the allegations contained in Paragraph 252 are denied.

253.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 253 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 253.

254.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 254 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 254.

255.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 255 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 255.

**F.  *Alabama Extended Manufacturer's Liability Doctrine (Halliburton)***

256.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

257.    The Transocean Defendants admit that Halliburton provided cementing services. The Transocean Defendants are without sufficient knowledge or information to form a belief as

to whether the remaining assertions set forth in Paragraph 257 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 257.

258.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 258 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 258.

259.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 259 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 259.

260.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 260 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 260.

261.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 261 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 261.

262.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 262 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 262.

263.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 263 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 263.

### G. *Fraudulent Concealment or Suppression of Material Facts (BP, Halliburton, and Transocean)*

264.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

45

265.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 265 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 265.

266.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 266 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 266.

267.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 267 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 267.

268.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 268 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 268.

269.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 269 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 269.

270.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 270 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 270.

271.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 271 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 271.

272.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 272 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 272.

273.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 273 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 273.

274.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 274 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 274.

275.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 275 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 275.

276.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 276.

277.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 277.

278.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 278.

279.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 279 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 279.

280.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 280 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 280.

281.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 281 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 281.

### H.  *Civil Penalties under the Alabama Environmental Management Act*

282.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

283.    The allegations set forth in Paragraph 283 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

284.    The allegations set forth in Paragraph 284 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

285.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 285 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 285.

286.    The allegations set forth in Paragraph 286 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied. The Transocean Defendants deny Plaintiff's entitlement to the recovery civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without

48

sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 286 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 286.

287.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 287 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 287.

288.    The Transocean Defendants deny Plaintiff's entitlement to the recovery civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 288 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 288.

289.    The Transocean Defendants deny Plaintiff's entitlement to the recovery civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 289 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 289.

**I.  *Civil Penalties under the Alabama Water Pollution Control Act***

290.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

291.    The allegations set forth in Paragraph 291 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

292.    The allegations set forth in Paragraph 292 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

293.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 293 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 293 (and its subparts).

294.    The allegations set forth in Paragraph 294 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

295.    The allegations set forth in Paragraph 295 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

296.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 296 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 296.

297.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 297 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 297.

298.    The Transocean Defendants deny Plaintiff's entitlement to the recovery of civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 298 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 298.

299.   The allegations set forth in Paragraph 299 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

300.   The Transocean Defendants deny Plaintiff's entitlement to the recovery of civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 300 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 300.

301.   The allegations set forth in Paragraph 301 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

302.   The Transocean Defendants deny Plaintiff's entitlement to the recovery civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 302 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 302.

**J.  *Damages under the Alabama Water Pollution Control Act***

303.   The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

304.   The Transocean Defendants deny intentional willful or wanton conduct or negligence and entitlement to punitive, compensatory damages, or investigation costs from the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 304 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 304.

305.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 305 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 305.

306.    Denied as to the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 306 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 306.

307.    The Transocean Defendants deny Plaintiff's entitlement to punitive or compensatory damages from the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 307 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 307.

308.    The Transocean Defendants deny violations of the AWPCA and Plaintiff's entitlement to punitive damages, compensatory damages, or reasonable costs from the Transocean Defendants.   As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 308 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 308.

**K.  *Civil Penalties under the Alabama Air Pollution Act***

309.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

310.    The allegations set forth in Paragraph 310 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

311.     The allegations set forth in Paragraph 311 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

312.     The allegations set forth in Paragraph 312 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

313.     The allegations set forth in Paragraph 313 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

314.     The allegations set forth in Paragraph 314 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

315.     Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 315 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 315.

316.     Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 316 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 316.

**L. *Civil Penalties under the Alabama Hazardous Wastes Management Act***

317.     The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

318.     The allegations set forth in Paragraph 318 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

319.     The allegations set forth in Paragraph 319 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

53

320.    The allegations set forth in Paragraph 320 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

321.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 321 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 321.

322.    The allegations set forth in Paragraph 322 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

323.    The Transocean Defendants deny Plaintiff's entitlement to the recovery of civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 323 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 323.

**M.  *Civil Penalties under the Alabama Solid Waste Disposal Act***

324.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

325.    The allegations set forth in Paragraph 325 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

326.    The allegations set forth in Paragraph 326 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

327.    The Transocean Defendants deny Plaintiff's entitlement to the recovery of civil penalties from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the

assertions set forth in Paragraph 327 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 327.

**M.** *(Sic) Negligence*

328.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

329.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 329 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 329.

330.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 330 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 330.

331.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 331 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 331.

332.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 332 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 332 (and its subparts).

333.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 333 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 333.

334.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 334 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 334.

335.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 335 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 335.

336.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 336 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 336.

337.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 337 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 337.

338.    The Transocean Defendants deny Plaintiff's entitlement to the recovery of compensatory damages from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 338 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 338.

### N. *(Sic) Wantonness*

339.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

340.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 340 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 340.

341.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 341 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 341.

342.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 342 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 342.

343.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 343 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 343.

344.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 344 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 344.

345.    The Transocean Defendants deny Plaintiff's entitlement to the recovery compensatory and punitive damages from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 345 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 345.

## IV.   Punitive Damages

346.    The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

347.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 347 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 347.

348.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 348 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 348.

349.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 349 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 349.

350.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 350.

351.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 351 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 351.

352.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 352 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 352.

353.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 353 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 353.

354.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 354 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 354.

355.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 355 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 355.

356.   Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 356 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 356.

357.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 357 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 357.

358.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 358 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 358.

359.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 359 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 359.

360.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 360 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 360.

361.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 361 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 361.

362.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

12640413.1

whether the assertions set forth in Paragraph 362 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 362.

363.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 363 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 363.

364.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 364 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 364.

365.    Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 365 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 365 (and its subparts).

366.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 366 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 366.

367.    Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 367 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 367.

368.    The Transocean Defendants deny the allegation that Plaintiff is entitled to an award of punitive damages from the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to

whether the assertions set forth in Paragraph 368 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 368.

**RESERVATION OF RIGHTS**

***Right to a Jury Trial***

369.    The Transocean Defendant's deny that Plaintiff is entitled to a jury trial.  The allegations set forth in Paragraph 369 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

370.    The allegations set forth in Paragraph 370 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

371.    The Transocean Defendant's deny that Plaintiff is entitled to a jury trial.  The allegations set forth in Paragraph 371 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

372.    The allegations set forth in Paragraph 372 contain statements of law and do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

**PRAYER FOR RELIEF**

The Transocean Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered "Prayer for Relief" (and its subparts).

**AFFIRMATIVE DEFENSES**

1.    The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.

62

### Jurisdiction and Venue

2.   This Court lacks personal jurisdiction over Transocean Ltd.

3.   Venue is improper.

4.   Process and service of process are insufficient.

### Other Suits

5.     There may be a prior-filed civil action that requires this suit be stayed pursuant to the doctrine of *lis pendens*.

### Standing

6.     The Plaintiff lacks standing, in whole or in part..

### Proper Parties/Joinder

7.     The Plaintiff is not the proper party to assert one or more claims.

8.     The Plaintiff has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

9.     one or more of the Plaintiff's claims for relief are not ripe.

10.     No actual case or controversy exists between the Plaintiff and the Transocean Defendants with regard to one or more of the claims set forth in the Complaint.

### Failure to State a Claim

11.     The Plaintiff has failed to state a claim upon which relief can be granted with respect to some or all of their claims.

12.     The Plaintiff has failed to plead much less satisfy conditions precedent to recovery.

63

13.     The Plaintiff's claims are barred to the extent that the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and sovereign acts.

15.     The Transocean Defendants did not owe any duty or warranty to the Plaintiff and did not breach any duty or warranty.

16.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to the Plaintiff.

### Shipowners' Limitation of Liability Act

17.     The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.* As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

18.     Certain of the Plaintiff's claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

### Oil Pollution Act

19.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

(a) Plaintiff has failed to make presentment of some or all of its claims as required under OPA.

(b) Plaintiff has no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

(c) OPA eliminates or limits Plaintiff's alleged rights of recovery for certain economic loss claims.

(d) OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

(e) OPA displaces or preempts Plaintiff's claims with respect to oil spill damages and otherwise.

(f) OPA does not provide for, or allow, the recovery of punitive or exemplary damages.

### Maritime and State Law Claims

20.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

12640413.1

(a) The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C.  §1331 *et.  seq.*  or the Oil Pollution Act, 33 U.S.C.  §2701 *et.  seq.*

(b) The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C.  §1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State, which in this case is Louisiana.

(c) The Transocean Defendants assert that the Plaintiff's claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest pursuant to *Robins Dry Dock & Repair Co.  v.  Flint*, 271 U.S.  303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, or other states.

### Alabama State Law Claims

21.     The incident alleged in the Plaintiff's Complaint occurred outside of the jurisdictional authority granted to the State of Alabama under the Acts pled.

22.     The facts alleged by Plaintiff fail to state a claim for which relief can be granted under the Alabama Acts pled.

23.     Defendants plead any defenses available under the Alabama Environmental Management Act, Alabama Water Pollution Control Act, Alabama Air Pollution Control Act, Alabama Hazardous Waste Management Act and the Alabama Solid Waste Disposal Act.

**Products Liability**

24.     Plaintiff does not assert a claim against the Transocean Defendants under products liability law, and the Transocean Defendants deny that they or any of them are proper defendants to any products liability claim. Out of an abundance of caution, however, the Transocean Defendants would additionally plead that any product for which they are allegedly responsible was not defective and was fit for its intended use or, in the alternative, such product was unforeseeably misused, used for a purpose other than intended, or was substantially altered. Further, the Transocean Defendants would plead there was no causal relationship between them and any alleged defective product.

**Causation**

25.     The Plaintiff complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other  persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

26.     The injuries and resulting damages alleged to have been sustained by the Plaintiff resulted from a superseding, intervening, or new and independent cause for which the Transocean Defendants are not responsible.

27.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of the Transocean Defendants.

28.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not foreseeable as a matter of law.

29.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's comparative fault, consent, assumption of the risk, the legal doctrine of *in pari delicto*, and/or the maxim that "one who seeks equity must do equity."

## Damages

30.     The Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

31.     The Plaintiff has not reasonably mitigated their damages.

32.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiff with respect to the same alleged injuries.  The Transocean Defendants assert payment, settlement, and release to the extent that any  alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.  The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

33.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

34.     The Transocean Defendants deny that any of them have been guilty of any conduct that would support an award of punitive damages.

35.     Any award of punitive damages against the Transocean Defendants would be in violation of the constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under the Alabama or other relevant state constitutions or

statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

36.     Some or all of Plaintiff's claims for economic loss are barred or limited by the applicable economic loss rule, and the lack of foreseeability and/or legally compensable harm.

37.     The Transocean Defendants assert the defenses of payment and release.

38.     The Transocean Defendants assert the defenses of set off and recoupment and further assert that they are entitled to a credit for any and all amounts paid by responsible parties and/or that Plaintiffs receive from any source as compensation for alleged losses.

39.      Plaintiff's claim for civil penalties is inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

40.     Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained because an award of civil penalties would violate the Transocean Defendants' due

process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would violate the Transocean Defendants' right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution.

41.     Plaintiff's claim for civil penalties against the Transocean Defendants cannot be sustained, because an award of civil penalties in this case, combined with any prior, contemporaneous, or subsequent judgments against the Transocean Defendants for punitive damages and/or fines or penalties arising out of the blowout of the Macondo well and the resulting oil spill would constitute excessive and impermissible multiple punishments for the same alleged wrong, in violation of the Transocean Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy.

### Equitable Relief

42.     Plaintiff's claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

### Adoption Of Affirmative Defenses And Reservation To Amend Answer

43.     Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

44.     The Transocean Defendants assert any other defenses which they may be entitled under Federal Rule of Civil Procedure 8(c).

45.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

## **GENERAL DENIAL**

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

WHEREFORE, the Transocean Defendants prays that its defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiff, with prejudice, at Plaintiffs' cost, and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:  /s/ Steven L. Roberts
     Steven L. Roberts (Texas, No.
     17019300)
     Rachel Giesber Clingman (Texas, No.
     00784125)
     Kent C. Sullivan (Texas, No. 19487300)
     Teri L. Donaldson (Florida, No. 784310)
     Sutherland Asbill & Brennan LLP
     1001 Fannin Street, Suite 3700
     Houston, TX  77002
     Telephone: (713) 470-6100
     Facsimile: (713) 654-1301
     E-Mail: steven.roberts@sutherland.com,
     rachel.clingman@sutherland.com,
     kent.sullivan@sutherland.com,
     teri.donaldson@sutherland.com

/s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
E-Mail: kmiller@frilot.com

-and-

/s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, LA 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

71

-and-

601 Poydras Street, Suite 1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
E-Mail:  egp@preisroy.com,
efk@preisroy.com

Of Counsel:
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Office:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
E-Mail:  brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, TX 77056
Office:  (713) 650-0022
Facsimile:  (713) 650-1669
E-Mail:  dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Office:  (713) 224-8380
Facsimile:  (713) 225-9945
E-Mail:  john.elsley@roystonlaw.com

Blane Crutchfield (Alabama, No. CRUTB4243)
Hand Arendall, LLC
11 North Water Street, Suite 30200
Mobile, Alabama
Office:  (251) 694-6241
Facsimile:  (251) 544-1611
E-Mail:  bcrutchfield@handarendall.com

*Counsel for Transocean Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller

73