UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | \* | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | \* | |
| **of Mexico on April 20, 2010** | \* | **SECTION "J"** |
| | \* | **JUDGE BARBIER** |
| **This Document Relates to:** | \* | |
| **Case No. 2:11-cv-00516** | \* | |
| **Case No. 2:10-cv-03059** | \* | |
| **Case No. 2:10-cv-04182** | \* | **MAGISTRATE NO. 1** |
| **Case No. 2:10-cv-04183** | \* | **MAGISTRATE SHUSHAN** |
| | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MOEX USA CORPORATION TO DISMISS THE FIRST AMENDED COMPLAINTS OF THE STATE OF LOUISIANA AND THE STATE OF ALABAMA <u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Jack McKay
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007
jack.mckay@pillsburylaw.com

**ATTORNEYS FOR MOEX USA CORPORATION**

The State of Louisiana's First Amended Complaint ("Louisiana Compl.") and the State of Alabama's First Amended Complaint ("Alabama Compl.") (together, "the State Complaints") assert several claims against MOEX USA Corporation ("MOEX USA").[1]  Each claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6), because the State Complaints fail to state a claim upon which relief can be granted..

The State Complaints do not include specific allegations against MOEX USA.  Instead, Louisiana and Alabama ("the State Plaintiffs") make allegations against the broadly-defined "MOEX."  By adopting the misleading term "MOEX" to refer to multiple entities, State Plaintiffs attempt to obfuscate the absence of factual support for any claim against MOEX USA.

MOEX USA was not a party to the Macondo Prospect Offshore Deepwater Operating Agreement (*see* Alabama Compl. ¶31).  Thus, it had no role whatsoever in operating the well. Nor do the State Complaints contain any allegation specifically identifying MOEX USA as a leaseholder or as a party that committed any wrongful act.

The State Complaints make general, conclusory allegations that MOEX USA's corporate veil should be pierced.  *See* Louisiana Compl. ¶25; Alabama Compl. ¶29.  Those conclusory allegations simply do not suffice under the pleading standard instructed by the United States Supreme Court.  *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, , 556-57, 127 S.Ct. 1955, 1964-66 (2007); *Court–Appointed Receiver Of Lancer Offshore, Inc.* v. *The Citco Group Ltd,* No. 05–60055–CIV., 2011 WL 1232986, *6-7 (S.D. Fla. Mar. 30, 2011) (applying *Iqbal* and *Twombly* to veil-piercing claims; rejecting "conclusory" allegations that subsidiary was "alter ego" or "mere instrumentality" of

---

[1] Named defendant Mitsui Oil Exploration Co., Ltd. ("MOECO") has not been served with any complaint in connection with this case and does not join in this Motion or otherwise appear for any purpose in the MDL court.

parent). Indeed, where (as here) there has been no determination of liability, no assessment of damages (if any), and no determination that the liable party cannot pay, even well-pleaded allegations of veil-piercing would not present a justiciable controversy. *See, e.g.*, *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1369 (D.C. Cir. 1981) (per curiam) ("[I]t was only when it became clear that Girard could not make good on the arbitration award that the issue of veil-piercing became ripe for consideration.").

If the Court, nonetheless, were to read the State Plaintiffs' allegations as applying to MOEX USA as well as MOEX Offshore 2007 LLC ("MOEX Offshore"), all of the claims still would fail and must be dismissed. MOEX USA hereby incorporates the arguments in the Consolidated Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss the First Amended Complaints of the State of Louisiana and the State of Alabama Pursuant to Fed. R. Civ. P. 12(b)(6), filed contemporaneously herewith. As set forth in that Memorandum, the State Plaintiffs' maritime law claims fail as a matter of law because maritime law has been displaced by the Oil Pollution Act of 1990. Even if the law on which they rely were not supplanted, the State Plaintiffs fail to state maritime claims against MOEX USA. The State Plaintiffs' OPA claims also fail because they do not allege satisfactory compliance with the statute's pre-suit presentment requirement. OPA's presentment requirement is mandatory and jurisdictional; OPA claims must be dismissed if the claimants have failed to comply with that requirement. The remaining state law claims must be dismissed because state law does not apply in this case. Accordingly, the State Complaints fail to plead a claim against MOEX USA upon which relief can be granted.

For the foregoing reasons, the claims against MOEX USA Corporation in the State of Louisiana's First Amended Complaint and the State of Alabama's First Amended Complaint must be dismissed in their entirety.

Dated:  June 3, 2011

Respectfully submitted,

/s/ __Jack McKay_____
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**ATTORNEYS FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 3, 2011.

_____/s/\_\_Jack McKay_____