UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF OF | § | |
| MEXICO, OF APRIL 20, 2010 | § | SECTION: J |
| | § | |
| THIS PLEADING APPLIES TO: | § | |
| 2:11-CV-0516 AND 2:10-CV-03059 | § | |
| | § | JUDGE CARL J. BARBIER |
| | § | |
| | § | MAGISTRATE JUDGE SHUSHAN |

## TRANSOCEAN'S RULE 12(b)(6) MOTION TO DISMISS
## THE STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT

TO THE HONORABLE CARL J. BARBIER, United States District Judge:

Petitioners in Limitation and Defendants Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit Transocean's Rule 12(b)(6) Motion to Dismiss the State of Louisiana's First Amended Complaint.

## I.

## STATEMENT OF THE NATURE AND
## STAGE OF THE PROCEEDINGS

By the terms of Pre-Trial Order No. 11 [Case Management Order No. 1], this proceeding was separated into Pleading Bundles for the purpose of the filing of complaints, answers, and any Rule 12 motions. As to "Public Damage Claims," this Court directed that the parties meet and confer to discuss the desirability of a Master Complaint for "Public Damage Claims." By the terms of Pre-Trial Order No. 33, it was ordered that Pleading Bundle C, as described in Section III(C) of CMO No. 1 (PTO No. 11), was to be clarified to provide as follows: "**Public Damage Claims.** This Pleading Bundle will include Claims brought by Governmental Entities for, *inter alia*, loss of resources, loss of tax revenue, property damages, response or restoration

costs, and civil penalties.  Local public bodies or entities may voluntarily join or otherwise intervene into one administrative Master Complaint from Bundle C Claims, or may opt out of the Master Complaint and file their own separate individual Petitions or Complaints."

On April 19, 2011, the State of Louisiana filed its First Amended Complaint.  Transocean directs its Rule 12(b)(6) Motion to the specific allegations of the State of Louisiana's First Amended Complaint.

## II.

### THE STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT

The State of Louisiana's First Amended Complaint alleges various causes of action against Transocean as follows:

(1)     OPA claims (Counts I and V);

(2)     Louisiana Oil Spill Prevention and Response Act claims (OSPRA) (Counts II, IV, and VI);

(3)     Maritime torts claims (Counts VII, VIII, and IX);

(4)     State statutory claims, other than OSPRA (Counts III, XI, XII, and XIV); and

(5)     State common law claims (Counts XIII, XV, XXII, XXIII, and XXIV).

As set forth in more detail by Transocean's Brief in Support of its Rule 12(b)(6) Motion to Dismiss, Transocean is entitled to dismissal of all of these claims, as summarized here:

(1)     All OPA claims as defined in 33 U.S.C. § 2702(b)(2) where the State has failed to present it claims pursuant to 33 U.S.C. § 2713;

(2)     All general maritime law claims to the extent preempted or displaced by OPA;

(3)     All state common law claims based on negligence, gross negligence, willful misconduct, public and private nuisance, trespass, fraudulent concealment and unjust enrichment;

(4)     All non-OPA economic loss claims where the Plaintiff has not sustained physical damage to a proprietary interest under *Robins Dry Dock* and/or the equivalent state economic loss rule;

(5)     All claims under Louisiana's Civil Code, including the claims under OSPRA;

(6)     All punitive damage claims;

(7)     All moratorium damage claims; and

(8)     All stigma damage claims.

### III.

### RULE 12(b)(6) STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief." *Id.* at 1950 (citing FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court further explained that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. While legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id.* at 1950.  Accordingly, the *Iqbal* Court instructed that a two-step approach is necessary for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, courts must identify, and disregard, conclusory allegations, because

they are "not entitled to the assumption of truth." *Id.*  Second, upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A motion to dismiss must be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557).  The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions'" to allow such a claim to proceed.  *R2 Invests. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).  Rather, this "basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 557).

## IV.

### THE STATE OF LOUISIANA'S CLAIMS AGAINST TRANSOCEAN MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) AS THEY DO NOT RAISE A CLAIM OF ENTITLEMENT TO RELIEF FOR THE CAUSES OF ACTION ASSERTED

A motion to dismiss must be granted when the allegations in a complaint, even if true, do not raise a claim of entitlement to relief.  For the reasons summarized below, the allegations in the State of Louisiana's First Amended Complaint do not raise claims of entitlement to relief. Based upon the arguments and authorities contained in the Brief in Support of Transocean's Rule 12(b)(6) Motion to Dismiss the First Amended Complaint, filed contemporaneously with this Motion, the State's claims should be dismissed, with prejudice. [1]

---

[1]   This Motion contains a brief summary of Transocean's arguments, without citation to the applicable case, statutory, and other authorities supporting dismissal.  Reference is made to Transocean's Brief which contains the full argument and authorities mandating dismissal.

**The OPA Claims Must Be Dismissed for the Failure to
Satisfy OPA's Presentment Requirements**

BP has been designated the "responsible party" under the Oil Pollution Act ("OPA") for the downhole release of oil from the Macondo Well. OPA's § 2713 provides that all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under § 2714 of OPA. Presentment of a claim in accordance with OPA's § 2713 is a "mandatory condition precedent" for commencing an OPA action in court against a responsible party. OPA's presentment requirement is jurisdictional. For the State to be able to file suit, it must first satisfy OPA's presentment requirement.

The allegations in the State's First Amended Complaint fail to establish that (1) the State's claims have been presented to the responsible party and (2) either the responsible party has denied all liability for the claim or the claim has not been settled by any person by payment within 90 days after the date of presentment or advertisement, whichever is later. Accordingly, Transocean is entitled to dismissal of State's OPA claims for the failure to satisfy OPA's presentment requirements.

**The State of Louisiana's State Common Law Claims Must Be Dismissed
As They Are Preempted or Displaced By OPA and By the General Maritime Law**

The State of Louisiana's claims arise out of the operations of a semi-submersible drilling rig, the *Deepwater Horizon*, a vessel, which was operating in navigable waters in the Gulf of Mexico, well beyond any state's territorial waters. For this reason, all cognizable claims arising from the BP Oil Spill are subject to this Court's admiralty jurisdiction and accompanying federal maritime law, which preempts and/or displaces state common law.

There are three fundamental reasons why the State's state common law actions are preempted and/or displaced by federal law.

5

First, general maritime law preempts or displaces all state common law claims. According to the Fifth Circuit's *TESTBANK* ruling, and numerous other pre and post-OPA rulings following *TESTBANK*, the general maritime law preempts state common law claims for negligence, gross negligence, nuisance, and trespass. Furthermore, under the distinctive features of admiralty preemption, all state common law remedies for fraudulent concealment are preempted or displaced by the general maritime law.

Second, Congress has spoken comprehensively in the field of oil pollution damages by enacting OPA. Because OPA provides broad all-encompassing remedies for persons damaged as a result of a maritime pollution incident, the courts have found OPA to displace other laws, including general maritime law. No matter how artfully pleaded, the State's claims are cognizable under OPA, as they seek relief for precisely the types of damages Congress enumerated in OPA's § 2702(b)(2). OPA, in conjunction with the general maritime law, preempts and/or displaces all state common law causes of action, leaving only a narrowly defined authority for states to enact the mini-OPAs or similar solid waste disposal laws.

Third, because the BP Oil Spill arises out of exploration, drilling, and production related well operations in Mississippi Canyon Block 252, the location known as "Macondo" where the BP Oil Spill originated, OCSLA applies. Under OCSLA, federal law (OPA or the general maritime law) preempts all state common law claims. State law may only apply as "surrogate" federal law if federal maritime law does not apply of its own force and the state law is not inconsistent with federal law. Here, there is no "gap" in federal legal coverage for state law to apply as "surrogate" federal law under OCSLA. OPA, and the general maritime law, apply to the exclusion of state common law.

And finally, OPA provides no savings provision which would permit the assertion of state common law causes of action for negligence, gross negligence, nuisance, trespass, and fraudulent concealment, and unjust enrichment..

### The State's Claims for Fraudulent Concealment Must Be Dismissed
### Under State and/or Federal Law

The State of Louisiana's pleadings in support of its "fraudulent concealment claim" do not meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, because they do not provide the time, the place, or the content of any misrepresentation by Transocean, nor do the allegations connect any particular statement to an individual speaker, with regard to the condition of the *Deepwater Horizon*, or its components.  Furthermore, the State has alleged no facts showing when, if ever, it was incumbent upon Transocean to disclose any information to it at all, nor how Transocean should have done so.  Because the State has failed to satisfy Rule 9(b), its claim for fraudulent concealment must be dismissed.

In the alternative, the State has failed to state a claim for fraudulent concealment under the laws of Louisiana.

### To the Extent that Its Damage Claims Do Not Flow Directly From
### Physical Damage to a Proprietary Interest, The State's Federal Maritime
### and State Law Claims Are Barred By the *Robins Dry Dock* Rule

To the extent that the State of Louisiana asserts claims for damages which do not directly flow from physical damage to a proprietary interest, maritime and Alabama state law bars such damages under the *Robins Dry Dock* rule, and all claims asserting these damages should be dismissed.  The seminal case of *Robins Dry Dock* and its Fifth Circuit equivalent *TESTBANK* preclude recovery for economic losses absent physical injury to a proprietary interest.  The *Robins Dry Dock/TESTBANK* rule has also been followed by the state courts in Alabama.  Based upon a description of its alleged damages, it is apparent that certain of the State's claims do not

flow directly from physical damage to a proprietary interest.  Because the Fifth Circuit has held that, to be recoverable, the economic damages must have some direct link to a plaintiff's specific physical loss or damage, these damage claims must be dismissed.

### The State of Louisiana's Environmental Claims and All Other State Claims Not Brought Under the Louisiana Oil Spill Prevention and Response Act Must be Dismissed

Louisiana's Oil Spill Prevention and Response Act provides the exclusive remedy for oil spills under the laws of Louisiana.  All other state law claims must be dismissed.

### The State of Louisiana's Claim Under the Louisiana Oil Pill Prevention and Response Act Must be Dismissed

The Louisiana OSPRA requires the exhaustion of federal OPA remedies.  Moreover, once federal remedies are exhausted, claimants may seek payment from the Louisiana Oil Spill Liability Trust Fund.  Only if such payments are made by the fund, may the designated state on-scene-coordinator pursue responsible parties for reimbursement to the Oil Spill Liability Trust Fund.  The State of Louisiana has not exhausted federal remedies, nor has any Louisiana claimant presented a claim to the Oil Spill Liability Trust Fund.  For these reasons, any claim under the Louisiana Oil Spill Prevention and Response Act is not ripe and must be dismissed.

### The State's Claims for Punitive Damages Must Be Dismissed

The State of Louisiana's separate count for punitive damages should be dismissed.  The federal maritime law determines whether the State may recover punitive damages.  In this case, OPA has supplanted the general maritime law, and, simply put, OPA does not allow for the recovery of punitive damages.  Furthermore, punitive damages are not available in oil spill cases under the laws of Louisiana.  Accordingly, all claims for punitive damages, whether based on state or general maritime law, or OPA, must be dismissed.

## All Moratorium Damage Claims Must Be Dismissed

OPA only allows recovery of "damages" that result from an "incident".   OPA defines an "incident" as any occurrence or series of occurrences having the same origin resulting in the discharge or substantial threat of discharge of oil.  A responsible party may thus be liable under OPA only if the plaintiff's damages were caused by a pollution incident, i.e., the discharge or threatened discharge of the oil.   To the extent that the State of  Louisiana seeks moratorium damages, these are not in fact damages specified in Section 2702(b) of OPA, because they do not result from the injury, destruction, or loss of real property, personal property, or natural resources resulting from the discharge of oil.   They are in fact damages resulting from the moratorium. These claims must therefore be dismissed.

## All Stigma Damages Must Be Dismissed

To the extent that the State of Louisiana seeks damages associated with the long-term stigma of the BP Oil Spill, its claims must be dismissed under the general maritime law and under OPA.

Under the common-law, there is a well-established requirement of proximate causation. This proximate cause requirement has been specifically held to apply under the general maritime law to bar stigma damages.   Furthermore, Section 2702 of OPA, in conjunction with OPA's § 2702(14), requires that the "discharge of oil" result in, or cause, the damages complained of – a proximate cause standard.   The State of Louisiana's stigma damages are simply too remote to meet a proximate causation standard.   Accordingly, the State's stigma damage claims should be dismissed.

## V.

## CONCLUSION

For the reasons set forth above and in the accompanying memorandum of law, Transocean respectfully requests that its Rule 12(6) Motion to Dismiss the State of Louisiana's First Amended Complaint be granted.

Respectfully submitted,

By: ____/s/ Steven L. Roberts_____
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: ____/s/ Kerry J. Miller_____
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

/s/ Edwin G. Preis, Jr._____
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Office:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
E-Mail:  brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, TX 77056
Office:  (713) 650-0022
Facsimile:  (713) 650-1669
E-Mail:  dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Office:  (713) 224-8380
Facsimile:  (713) 225-9945
E-Mail:  john.elsley@roystonlaw.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Court's

CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order

No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J.  Miller