UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, OF APRIL 20, 2010 | § § § § | MDL NO. 2179 |
| | § | SECTION: J |
| THIS PLEADING APPLIES TO: 10-MD-2179, BUNDLE C AND 10-2771 | § § § § | JUDGE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |

## TRANSOCEAN'S RULE 12(b)(6) MOTION TO DISMISS THE LOCAL GOVERNMENT ENTITY MASTER CLAIM IN LIMITATION AND THE LOCAL GOVERNMENT ENTITY MASTER COMPLAINT

TO THE HONORABLE CARL J. BARBIER, United States District Judge:

Petitioners in Limitation and Defendants Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit Transocean's Rule 12(b)(6) Motion to Dismiss the Local Government Entity Master Claim in Limitation and the Local Government Entity Master Complaint.

### I.

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

By the terms of Pre-Trial Order No. 11 [Case Management Order No. 1], this proceeding was separated into Pleading Bundles for the purpose of the filing of complaints, answers, and any Rule 12 motions. As to "Public Damage Claims," this Court directed that the parties meet and confer to discuss the desirability of a Master Complaint for "Public Damage Claims." By the terms of Pre-Trial Order No. 33, it was further ordered that Pleading Bundle C, as described in Section III(C) of CMO No. 1 (PTO No. 11), was to be clarified to provide as follows: "**Public**

**Damage Claims.**  This Pleading Bundle will include Claims brought by Governmental Entities for, *inter alia*, loss of resources, loss of tax revenue, property damages, response or restoration costs, and civil penalties.  Local public bodies or entities may voluntarily join or otherwise intervene into one administrative Master Complaint from Bundle C Claims, or may opt out of the Master Complaint and file their own separate individual Petitions or Complaints."

On March 4, 2011, a Local Governmental Entity Master Voluntary Claim In Limitation and Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint was filed.  **Dkt. 1510.**

Transocean directs its Rule 12(b)(6) motion to the specific allegations of the Local Government Entity Master Claim in Limitation and Master Complaint, Cross-Claim and Third Party Complaint

## II.

## THE LOCAL GOVERNMENT ENTITY MASTER CLAIM AND COMPLAINT

The Local Government Entity Master Claim in Limitation alleges six claims against Transocean under federal and state law:

   (1) Negligence;

   (2) Gross negligence and willful misconduct;

   (3) Public Nuisance;

   (4) Nuisance;

   (5) Trespass; and

   (6) Punitive damages.

The Local Government Entity Master Complaint alleges various "Claims for Relief" under federal and state law against Transocean.  These are:

(1) General Maritime Law claims (negligence, gross negligence and willful misconduct);

(2) OPA;

(3) State Law Claims (public nuisance, nuisance, trespass, and fraudulent concealment);

(4) Punitive Damages Under All Claims; and

(5) Declaratory Relief: Punitive Damages.

And finally, the Local Government Entity C Master Complaint alleges the following claims under state statutory schemes:

(1) Strict liability pursuant to the Florida Pollutant Discharge Prevention and Control Act;

(2) Strict liability pursuant to the Louisiana Oil Spill Prevention and Response Act; and

(3) Strict liability pursuant to the Texas Oil Spill Prevention and Response Act of 1991.

As set forth in more detail by Transocean's Brief in Support of its Rule 12(b)(6) motion to dismiss, Transocean is entitled to a dismissal of the following Plaintiffs' claims asserted by the Master Claim in Limitation and the Master Complaint:

(1) All OPA claims as defined in 33 U.S.C. § 2702(b)(2) where the Plaintiffs have failed to present their claims pursuant to 33 U.S.C. § 2713;

(2) All general maritime law claims to the extent preempted or displaced by OPA;

(3) All state common law and statutory claims based on negligence, gross negligence and willful misconduct, nuisance, trespass, and fraudulent concealment;

(4) All non-OPA economic loss claims where the Plaintiffs / Claimants have not sustained physical damage to a proprietary interest under *Robins Dry Dock* and/or the equivalent state economic loss rule;

(5) All claims under Florida, Texas and Louisiana mini-OPA statutes;

3

      (6)      All claims for punitive damages;

      (7)      All claims for declaratory relief;

      (8)      All moratorium damage claims;

      (9)      All VoO damage claims; and

      (10)     All claims by geographically remote Local Government Entities.

### III.

### RULE 12(b)(6) STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b) (6). To survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief." *Id.* at 1950 (citing FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court further explained that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. While legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id.* at 1950. Accordingly, the *Iqbal* Court instructed that a two-step approach is necessary for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, courts must identify, and disregard, conclusory allegations, because they are "not entitled to the assumption of truth." *Id.* Second, upon identifying the well-pleaded

factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A motion to dismiss must be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions'" to allow such a claim to proceed. *R2 Invests. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). Rather, this "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 557).

### IV.

### THE CLAIMS AGAINST TRANSOCEAN MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) AS THEY DO NOT RAISE A CLAIM OF ENTITLEMENT TO RELIEF FOR THE CAUSES OF ACTION ASSERTED

A motion to dismiss must be granted when the allegations in a complaint, even if true, do not raise a claim of entitlement to relief. For the reasons summarized below, *infra* 6-11, the allegations in the Master Claim and the Master Complaint do not raise claims of entitlement to relief. Based upon the arguments and authorities contained in the Brief in Support of Transocean's Rule 12(b)(6) Motion to Dismiss the Master Claim in Limitation and the Master Complaint, filed contemporaneously with this motion, the claims should be dismissed with prejudice.[1]

---

[1] This Motion contains a brief summary of Transocean's arguments, without citation to the applicable case, statutory, and other authorities supporting dismissal. Reference is made to Transocean's Brief which contains the full argument and authorities mandating dismissal.

## The OPA Claims Must Be Dismissed for the
## Failure to Satisfy OPA's Presentment Requirements

BP has been designated the "responsible party" under the Oil Pollution Act ("OPA") for the downhole release of oil from the Macondo Well.[2] OPA's Section 2713 provides that all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source designated under Section 2714 of OPA. Presentment of a claim in accordance with OPA's Section 2713 is a "mandatory condition precedent" for commencing an OPA action in court against a responsible party. OPA's presentment requirement is jurisdictional: In order for the Plaintiffs to file suit, they must first satisfy OPA's presentment requirement.

The allegations in the Master Complaint fail to establish that (1) the Plaintiffs' claims have been presented to the responsible party <u>and</u> (2) either the responsible party has denied all liability for the claim <u>or</u> the claim has not been settled by any person by payment within ninety days after the latter of presentment or advertisement. Accordingly, Transocean is entitled to dismissal of Plaintiffs' OPA claims for the failure to satisfy these presentment requirements.

## The Plaintiffs' State Common Law and Statutory Claims
## For Negligence, Gross Negligence, Nuisance, Trespass and
## Fraudulent Concealment Must Be Dismissed As They Are Preempted or
## Displaced By OPA and By the General Maritime Law

The claims at issue arise out of the operations of a semisubmersible drilling rig, the *Deepwater Horizon*, a vessel, which was operating in navigable waters in the Gulf of Mexico, well beyond any state's territorial waters. For this reason, all cognizable claims arising from the BP Oil Spill are subject to this Court's admiralty jurisdiction and accompanying federal maritime law, which preempts and/or displaces state common law.

---

[2] Other owners of the Macondo Well have been designated as responsible parties for discharges from the wellhead. Transocean, however, is a responsible party only for discharges of diesel from the rig on or above the surface of the water, if any.

There are three fundamental reasons why the Plaintiffs' state common and statutory law actions for negligence, gross negligence, nuisance, trespass and fraudulent concealment are preempted and/or displaced by federal law.  First, general maritime law preempts or displaces all state law claims negligence, gross negligence, nuisance, trespass and fraudulent concealment according to the Fifth Circuit's holding in *TESTBANK*, and its progeny, and in accord with the distinctive features of admiralty preemption.

Second, Congress has spoken comprehensively in the field of oil pollution damages by enacting OPA.  Because OPA provides broad, all-encompassing remedies for damages resulting from maritime pollution incidents, courts have found OPA to displace other laws, including general maritime law.  No matter how artfully pleaded, the Plaintiffs' claims are cognizable under OPA, as they seek relief for precisely the types of damages Congress enumerated in OPA's Section 2702(b)(2).  OPA, in conjunction with the general maritime law, preempts and/or displaces all state common law causes of action, leaving only a narrowly defined authority for states to enact the mini-OPAs or similar solid waste disposal laws.

Third, because the BP Oil Spill arises out of exploration, drilling, and production related well operations in Mississippi Canyon Block 252—the location known as "Macondo"—OCSLA applies.  Under OCSLA, federal law (whether OPA or general maritime law) preempts all state common law claims.  Under OCSLA, state law may only apply as surrogate federal law if federal maritime law does not apply of its own force <u>and</u> the state law is not inconsistent with federal law.  Here, there is no gap in federal law in which to apply state law as a surrogate.  OPA and general maritime law apply to the exclusion of state common law.

Finally, OPA provides no savings provision that would permit the assertion of state common law causes of action for negligence, gross negligence, nuisance, trespass, and fraudulent concealment.

### The Plaintiffs' Claims for Fraudulent Concealment Must Be Dismissed Under State and/or Federal Law

The Plaintiffs' pleading in support of their fraudulent concealment claim does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), as it neglects to include the time, place, or content of any alleged misrepresentation by Transocean. The allegations also fail to connect any particular statement regarding the condition of the *Deepwater Horizon* or its components to an individual speaker.  Furthermore, the Plaintiffs have alleged no facts to show when, if ever, it was incumbent upon Transocean, which never had any dealings or a relationship with these Plaintiffs, to disclose such information to them, nor how Transocean should have done so.  Because Plaintiffs have failed to satisfy Rule 9(b), their claim for fraudulent concealment must be dismissed.

In the alternative, the Plaintiffs have failed to state a claim for fraudulent concealment under any potentially applicable state law, including the laws of Louisiana, Texas, Mississippi, Alabama, and Florida.

### The Plaintiffs' Non-OPA Economic Loss Claims Must Be Dismissed To the Extent the Plaintiffs Have Not Sustained Physical Damage to a Proprietary Interest Under State or Federal Law

The seminal case of *Robins Dry Dock* and its Fifth Circuit equivalent, *TESTBANK*, preclude recovery for economic losses absent physical injury to a proprietary interest.  The *Robins Dry Dock / TESTBANK* rule has been followed by state courts in Louisiana, Texas, Mississippi, and Alabama.

### The Plaintiffs' Claims Under the Various States' Mini-OPA Statutes Must be Dismissed

Plaintiffs' claims under various mini-OPA statutes also must be dismissed. As to the Florida mini-OPA claim, this claim must be dismissed because the class of Plaintiffs includes Plaintiffs residing outside of Florida. As to the Louisiana and Texas mini-OPA claims, these claims must be dismissed because these Plaintiffs have no standing under the Louisiana mini-OPA statute or the Texas mini-OPA statute.

### The Plaintiffs' Claims for Punitive Damages Must Be Dismissed

The Plaintiffs' claim for punitive damages should be dismissed..In this case, federal maritime law determines – and ultimately limits – the ability of the Plaintiffs to recover punitive damages. And here OPA has supplanted the general maritime law, and, simply put, OPA disallows the recovery of punitive damages. Accordingly, all claims for punitive damages, whether based on state or general maritime law, or OPA, must be dismissed.

### The Plaintiffs' Claims for Declaratory Relief Must Be Dismissed

The Master Claim in Limitation and Master Complaint are tied to "settlement provisions" that attempt to release or affect the calculation of punitive damages. Because the Plaintiffs are not entitled to a recovery of punitive damages, the claims for declaratory relief against Transocean should be dismissed.

### All Moratorium and VoO Damage Claims Must Be Dismissed

OPA only allows recovery of "damages" that result from an "incident." Under OPA, an "incident" is any occurrence or series of occurrences having the same origin and resulting in the discharge or substantial threat of discharge of oil. A responsible party may be liable under OPA only if the plaintiff's damages were caused by a pollution incident, *i.e.* the discharge or threatened discharge of oil.

These moratorium-related damages were not caused by the discharge of oil, but rather implementation of the moratorium. As such, the alleged moratorium damages are not damages per Section 2702(b) of OPA because they do not result from the injury, destruction, or loss of real property, personal property, or natural resources resulting from the discharge of oil. For the same reasons, all of the VoO claims must be dismissed.

### All Claims of Geographically Remote Local Government Entities Must Be Dismissed

The Master Complaint contains no geographical limitation except the requirement that the Local Government Entities or officials be located in Florida, Alabama, Mississippi, Louisiana, and Texas. As a result, many of the local entities or officials in this five-state area will be so geographically remote from the impact of the BP Oil Spill that their claims become purely speculative in nature.

OPA provides a causation standard in Section 2702, which requires that claims for removal costs must result from an "incident," which is defined in OPA as any occurrence or series of occurrences having the same origin "resulting" in the discharge or substantial threat of discharge of oil. OPA thus contains a proximate cause requirement, mandating that the damages and removal costs be proximately caused by the discharge of oil.

Similarly, under the common law, including general maritime law, there is a well-established requirement of proximate cause. The claims of geographically remote Local Government Entities are simply too speculative to meet either OPA's or general maritime law's proximate cause requirements. Accordingly, they should be dismissed.

### V.
### CONCLUSION

10

For the reasons set forth above and in the accompanying memorandum of law, Transocean respectfully requests that its Rule 12(6) Motion to Dismiss the Local Government Entity's Master Claim in Limitation and Master Complaint be granted.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Steven L. Roberts | By: /s/ Kerry J. Miller |
| Steven L. Roberts (Texas, No. 17019300) | Kerry J. Miller (Louisiana, No. 24562) |
| Rachel Giesber Clingman (Texas, No. 00784125) | Frilot, L.L.C. |
| Kent C. Sullivan (Texas, No. 19487300) | 1100 Poydras Street, Suite 3700 |
| Teri L. Donaldson (Florida, No. 784310) | New Orleans, Louisiana 70163 |
| Sutherland Asbill & Brennan LLP | Telephone: (504) 599-8169 |
| 1001 Fannin Street, Suite 3700 | Facsimile: (504) 599-8154 |
| Houston, Texas 77002 | Email: kmiller@frilot.com |
| Facsimile: (713) 654-1301 | |
| Email: steven.roberts@sutherland.com, | -and- |
| rachel.clingman@sutherland.com, | |
| kent.sullivan@sutherland.com, | By: /s/ Edwin G. Preis, Jr. |
| teri.donaldson@sutherland.com | Edwin G. Preis, Jr. (Louisiana, No. 10703) |
| | Edward F. Kohnke, IV (Louisiana, No. 07824) |
| | Preis & Roy PLC |
| | 102 Versailles Boulevard, Suite 400 |
| | Lafayette, Louisiana 70501 |
| | Telephone: (337) 237-6062 |
| | Facsimile: (337) 237-9129 |
| | |
| | -and- |
| | |
| | 601 Poydras Street, Suite 1700 |
| | New Orleans, Louisiana 70130 |
| | Telephone: (504) 581-6062 |
| | Facsimile: (504) 522-9129 |
| | Email: egp@preisroy.com, |
| | efk@preisroy.com |

Of Counsel:
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller