From:
"Richard Gorman" <rgorman@cgptexas.com>
To:
<Mike_OKeefe@laed.uscourts.gov>, <Sally_Shushan@laed.uscourts.gov>
Cc:
"'Alex Roberts'" <aroberts@brsfirm.com>, "'David Jones'" <DJONES@brsfirm.com>, "'Kerry Miller'" <kmiller@fpkc.com>, "'Mark Cohen'" <mcohen@cgptexas.com>, "'Neil Thompson'" <Neil.Thompson@dnv.com>, "'Nidd, Phillip'" <Phillip.Nidd@dnv.com>, "'Ruth Colvin'" <rcolvin@cgptexas.com>, <Sally_Shushan@laed.uscourts.gov>, "'Gary Kenney'" <sinerivali1@comcast.net>, "'Whitby, Mel'" <Mel.Whitby@c-a-m.com>, <rgorman@cgptexas.com>
Date:
06/03/2011 05:13 PM
Subject:
RE: DWH  -  MDL 2179  - DNV's position on the need for technical assistance -  01699

Dear Mr. O'Keefe:

During the daily telephone conference held June 3, 2011, you requested DNV provide a response regarding DNV's need for technical assistance from Cameron next week in addition to a representative from Transocean.   The correspondence reflects that Judge Shushan and you have spoken and you have emailed Cameron's lawyer instructing Cameron to have a Cameron technician present next week for a period of 48 hours, in accordance with prior discussions.  I nonetheless provide you with the requested email note for the Court's record.

DNV initially requested onsite technical assistance be provided by Cameron in light of the technical details involved with removing, opening, and then undertaking various tasks and testing on the SEMs electrical components. Most importantly, due to the intrusive nature of the proposed testing procedure, there exists a significant risk of evidence being inadvertently damaged or destroyed if DNV attempts to perform this work without the ability to obtain information from experienced and qualified personnel while this work progresses.  Accordingly, DNV requested that an experienced and qualified Cameron technical person(s) attend at the Test Site for the purposes of providing information during these operations.

Cameron resisted this request, stating it was outside the initial protocol, and asked DNV to approach Transocean to provide the necessary technical assistance.  DNV made inquiry, and Transocean  promptly responded that they would provide a technical person for this work, but  added that they wanted a Cameron technical person there as well because some of the planned work could not be done without a Cameron person present.  DNV infers from this that Transocean can provide a technical person to help with some but not all of the planned work, and Transocean logically considers that Cameron has the expertise that Transocean lacks.

DNV Michoud simply wants to make certain that it has the necessary technical expertise present on site and available to advise on all tasks that are currently planned to take place next week, so that the work can smoothly and timely move forward without inadvertent damage to any of the BOP parts.

I trust that this email satisfies the Court's needs.  Should you need anything further from DNV on this issue, kindly let me know.

Best regards, Richard
Richard L. Gorman
Cohen, Gorman & Putnam, L.L.P.
1010 Lamar, Suite 1000
Houston, Texas 77002-6314
Telephone: (713) 224-0628
Telefax: (713) 224-7487
Mobile: (832) 725-4026