UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document applies to:<br>**11-274 and 11-275** | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S RESPONSE IN OPPOSITION TO THE BP PARTIES'
MOTION TO DISMISS TRANSOCEAN'S COMPLAINT IN INTERVENTION[1]**

TO THE HONORABLE JUDGE CARL J. BARBIER:

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this, their Response in Opposition to the BP Parties' Motion to Dismiss Transocean's Complaint in Intervention. As set forth below, the BP Parties' motion to dismiss should be denied on each requested ground.

---

[1] Transocean's Response in Opposition is filed subject to, and without waiver of, Transocean's rights to invoke and compel arbitration of any disputes arising out of or related to the Drilling Contract dated December 9, 1998 between Transocean Holdings LLC and BP America Production Company. The Drilling Contract's "ARBITRATION" provision provides:

> 35.4 <u>ARBITRATION</u>
>
> Any controversy or claim arising out of or related to this CONTRACT, or the breach thereof, which cannot be resolved satisfactorily between the parties, shall be settled by arbitration in Houston, Texas, in accordance with the Rules of the American Arbitration Association Commercial Disputes. If no agreement can be reached by the parties on discovery disputes, then the Federal Rules of Civil Procedure shall govern in judgement upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction.

**BACKGROUND**

The insurance coverage cases are declaratory actions initially filed in the Southern District of Texas by Transocean's insurers against BP. BP has counterclaimed. Anadarko and MOEX were granted leave to intervene and each asserted claims similar to BP's against the insurers. Because no party formally opposed its intervention, this Court granted Transocean leave to intervene and to file its complaint in intervention. Since the filing of Transocean's complaint, however, BP has moved to dismiss it. **Dkt. 2249.** BP's supporting memorandum raises three arguments for dismissal and a fourth argument to sever or stay one of the declarations in Transocean's Complaint. **Dkt. 2249-1, at *i*.**

As presented in its motion, BP's three arguments for dismissal are as follows: (1) a Rule 12(b)(1) ("lack of subject-matter jurisdiction") argument that Transocean lacks standing in a lawsuit to determine coverage under insurance policies in which Transocean is the sole named insured; (2) a Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") argument that Transocean simply cannot get the declaratory relief it seeks in its complaint; and (3) a Rule 12(b)(7) ("failure to join a party under Rule 19") argument that Transocean's complaint cannot proceed without the insurers as parties, presumably defendants, to its declaratory action. BP's final argument is that one of Transocean's declarations must be stayed or severed from the coverage cases as it is being litigated elsewhere. Each of these arguments will be responded to in turn.

**I.    TRANSOCEAN HAS STANDING TO PURSUE DECLARATORY RELIEF**

BP's 12(b)(1) argument seeks dismissal on the ground that Transocean does not have standing in a lawsuit to determine coverage under insurance policies in which Transocean is the sole named insured. **Dkt. 2249-1, at 4–5.** BP's motion brings together an assortment of

2

recognizable, textbook examples of Article III standing jurisprudence. Citing *Flast v. Cohen*, 392 U.S. 83, 99–100 (1968), *Warth v. Seldin*, 422 U.S. 490, 499 (1975), and Professor Chemerinsky, BP reminds all carefully to distinguish the justiciability of an issue from the standing of the party who would assert the justiciability of that issue. This general statement of law, according to BP, compels dismissal.

Arguing only from the general principle, BP can point to no cases of the particular application it seeks to make—nor could counsel for Transocean, who searched just to be sure prior to intervening—stating that a named insured lacks standing in a lawsuit to determine coverage under the policies in which it is a named insured. Common sense dictates that such cases do not exist. BP's error comes from framing the issue incorrectly; i.e., as Transocean's attempt to declare the rights or obligations of third parties as if Transocean were a regulatory agency or public interest group seeking to have a say in a private matter. But here, the rights sought by BP, Anadarko and MOEX, if established, proportionally decrease the rights of Transocean in a finite thing—Transocean's own, discrete sum of insurance. These parties establish their rights only at the expense of Transocean. It would be an odd result if Transocean, of all parties, lacks constitutional standing to defend such interests.

Furthermore, BP's motion and supporting memo cherry-picks sections of Transocean's complaint in intervention and ignores other portions of it. For example, for the proposition that "Transocean's Complaint expressly seeks declarations of the rights and obligations of *other parties—and only other parties*," BP quotes a section from Paragraph 22 of Transocean's complaint. But BP has chosen to ignore the allegations in Paragraph 21:

> The notice of claim provided or attempted to be provided by BP and the allegations contained in the Unopposed Motions to Intervene by Anadarko and MOEX present an actual and existing controversy between **Ranger, the Transocean excess insurers,**

3

>    **Transocean**, **BP, Anadarko and MOEX** with respect to the existence and scope of the obligations of Ranger and the Transocean Excess Insurers, if any, in connection with BP's, Anadarko's, and MOEX's liability for the oil emanating from BP's well.

**Dkt. 1667-5 at ¶ 21.** And obviously, the insurance policies were issued to Transocean and its affiliates, as further alleged in Paragraph 1 of Transocean's complaint. No party disputes that Transocean is the named insured in the insurance policies. It stands to reason that, if BP, Anadarko, and MOEX are successful on any of their claims for coverage for pollution-related liabilities emanating from the Macondo well, Transocean, the undisputed named insured in the policies, will be impacted. Clearly, Transocean has standing.

Finally, if BP's lack of standing argument were true, then it would have to be applied consistently to the parties in this case. In that event, it would compel the Court's sua sponte dismissal of Anadarko's and MOEX's complaints as well, whose claims are wholly contingent—whereas Transocean paid the premiums on policies which bear its name. Of course, the other intervenors' alignment with and support of BP's position in this coverage litigation means that BP is not likely to seek such a dismissal. It can only be concluded that the standing argument advanced by BP under Rule 12(b)(1) is unsound.

## II.   TRANSOCEAN HAS SUED THE PROPER PARTIES IN ITS DECLARATORY JUDGMENT ACTION

Two of BP's arguments for dismissal regard the issue of parties and fall under this heading. First, BP asserts that, under Federal Rule of Civil Procedure 12(b)(6), Transocean has failed to state a claim for which relief can be granted because Transocean's complaint names as defendants only the relevant BP, Anadarko and MOEX entities, but not the insurers. Second, BP makes the 12(b)(7) argument that the insurance companies must be joined to Transocean's suit as necessary parties under Rule 19. Each is discussed below.

### A. BP's Rule 12(b)(6) Argument Fails Because There Is No Current Dispute or Controversy Between Transocean and Its Insurers

The argument here is that Transocean seeks insurance-related declarations, and therefore it should be suing its insurers, not BP, Anadarko and MOEX. **Dkt. 2249-1, at 7.** But this argument overlooks the fundamental nature of this dispute and purpose of the Declaratory Judgment Act. Transocean brought its complaint in intervention so that this Court "may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a). Transocean assuredly asserts a claim—resolving the controversy between the parties—for which relief, declaratory relief, may be granted. The purpose of the declaratory judgment actions is to construe the relevant policies, or insurance contracts. Most immediately and by their terms, these contracts were only between Transocean and its insurers, with provision for limited additional insured status for certain parties who contract with Transocean. Transocean is not at present in disagreement with its insurers over the interpretation and operation of the policies in this regard. This is why it has not sued its insurers; they are not the proper defendants to Transocean's suit.

BP, Anadarko and MOEX may have, as limited additional insureds to those policies, "rights and other legal relations" with regard to those contracts as well. *See* 28 U.S.C. § 2201(a). It is those parties' novel interpretation of their rights under those contracts—rights whose very assertion is in derogation of Transocean's—that resulted in the controversy in question. It is those parties' injection of controversy into the relationship between Transocean, its insurers and the contractual additional insureds that is responsible for Transocean's complaint in intervention.

A timeline bears this out. The first parties to recognize the controversy were the insurers who filed the initial lawsuits (since consolidated) against the party instigating the controversy—BP. After BP's interpretation of the contracts was rejected by the insurers, BP counterclaimed

against them.  Anadarko and MOEX, too, soon joined in this controversy on the side of BP, asserting their right to the finite limits of Transocean's policies by suing the insurers, who had also rejected Anadarko's and MOEX's expansive interpretations of the policies.  Finally, the last party to the controversy was Transocean, who sued only and precisely those adversaries it has at present in this controversy.  Everyone is suing someone with whom they have a disagreement.  While Transocean's interests are not perfectly aligned with its insurers (as noted in support of its motion to intervene), there is at present no controversy between them.  An insured taking the step of suing its insurers is not a step taken lightly.  Here, Transocean has sought a declaration as to the rights and obligations of the parties—the parties who disagree—under the contracts in which they all have some claim.

BP argues that the issue of what rights and obligations run between BP, Anadarko and MOEX and the insurers "is already pending before this Court". **Dkt. 2249-1, at 7.**  BP argues that Transocean's complaint, "with its request for this issue to be adjudicated, adds nothing to the litigation . . . ."  But this is simply an attempt to re-litigate the issue of whether Transocean had a right to intervene under Rule 24(a)(2), an issue which has been addressed by Judge Barbier who granted Transocean leave to intervene once BP, Anadarko, and MOEX withdrew their opposition to Transocean's intervention.

### B. BP's Rule 12(b)(7) Argument Fails Because the Insurers Are Already Parties

Even more than the 12(b)(6) argument, BP's argument here simply misunderstands the nature of the coverage litigation.  Federal Rule of Civil Procedure 12(b)(7) requires dismissal for "failure to join a party under Rule 19."  Rule 19 provides in relevant part:

> **(a)** **Persons Required to Be Joined if Feasible.**
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the

>      court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). Clearly Rule 19 applies where a necessary party is not at all before the court.

BP makes the arguments that (1) the insurers are necessary parties whose interests are not represented by Transocean, **Dkt. 2249-1, at 9**; and (2) BP's interests are harmed because the insurers will not be bound by a judgment on Transocean's claims, **Dkt. 2249-1, at 11**. These arguments would be perfectly understandable if they arose, for example, in the context of all the cases cited by BP—where the concern of the courts is that the necessary or required person is not for some reason a party to the litigation in any sense whatsoever.[2] The obvious answer to this in

---

[2] None of the cases cited by BP discusses the present situation, where the Underwriters who are alleged by BP to be necessary parties are already parties. In any event, here are the relevant party-facts in the cases cited by BP: *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 977 (5th Cir. 1983) (affirming denial of a motion to dismiss for failure to join as indispensable party a secured lender as a policy payee in a suit on a fire insurance policy); *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230–31 (5th Cir. 2009) (affirming denial of motion to dismiss for failure to join as indispensable parties the overriding royalty interest owners who received payments from a lease that would be canceled by suit); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438–39 (5th Cir. 2003) (affirming denial of motion to dismiss for failure to join additional royalty owners as indispensable parties in a suit regarding validity of pooling agreement where the non-joined royalty owners were required to be paid on a pooled basis regardless of unit's validity); *Hilton v. Atl. Ref. Co.*, 327 F.2d 217,

the instant proceeding is that these are the insurers' own lawsuits, where they are the plaintiffs who originally brought them. They are parties. If BP insists upon viewing Transocean's complaint in intervention as an entirely separate action apart from the parties and claims in the coverage cases into which it intervened, that view violates the understanding of party relationships and intervention under Rule 24. *See, e.g.*, *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 354 (5th Cir. 1997) ("An intervenor is generally treated as an original party to an action."). Where Transocean is a party to the original action, it would be absurd to say that the original parties—at least for the limited purpose of ensuring the basic protections of Rule 19 are satisfied—are not parties to Transocean's complaint in intervention.

Thus, BP's concerns about possible difficulty with claim/issue preclusion are misplaced where, as in this coverage litigation, all parties are before the court. Moreover, the insurers have counsel of their own and are litigating the issues actively without any help from Transocean, whose assistance was not and has not been sought in furthering the insurers' position. It is clear that the concerns provided for in Rule 19, and hence Rule 12(b)(7), do not apply. Thus, just as the 12(b)(1) and 12(b)(6) arguments for dismissal were misplaced, so is the one under 12(b)(7).

### III. BP'S TAG-ALONG ARGUMENT THAT THE COURT SHOULD "SEVER" OR "STAY" ONE OF TRANSOCEAN'S DECLARATIONS SHOULD BE DENIED

BP's final argument is aimed not at dismissing, but rather severing or staying, one of Transocean's declarations, which BP incorrectly alleges "does not present an insurance issue at all." **Dkt. 2249-1, at 12.** In Paragraph 23A of its complaint in intervention, Transocean

---

219 (5th Cir. 1964) (reversing denial of motion to dismiss for failure to join non-participating mineral leaseholders in suit that would cancel lease and destroy their right to receive royalties); *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 285–86 (7th Cir. 1996) (affirming grant of motion to dismiss where declaratory judgment action insureds did not join all their insurers so as to remain diverse, and in federal court, where state law provided joint and several liability for insurers in this case); *Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1285 (4th Cir. 1994) (same); *Gonzalez v. Cruz*, 926 F.2d 1, 5–6 (1st Cir. 1991) (reversing grant of motion to dismiss where insurer who would destroy diversity was not joined in personal injury suit).

requested a declaration that "BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well." While Transocean disagrees with BP's contentions that the scope of the additional insured coverage to BP must be considered in a vacuum, independent of the Drilling Contract—indeed, as if the Drilling Contract's language were irrelevant—this issue has now been effectively resolved by Judge Shushan's Order issued on May 31, 2011.  **Dkt. 2593.**

In relation to the subject of "Scope of Discovery," Judge Shushan rejected BP's proposed definition of "insurance issues," making it clear that discovery in this action is to be focused not only upon the insurance policy, but the separate hold-harmless obligations of Transocean and BP in articles 24.1 and 24.2 of the Drilling Contract.  Because Judge Shushan has found that discovery in the insurance actions shall include discovery of information "relevant to the claims of the insurers found in Paragraphs 11 through 15 of Ranger's amended complaint and the defenses of BP, Anadarko, and MOEX related to these allegations," which allegations are similar, if not virtually identical, to paragraphs 11–15 of Transocean's complaint, the Court should not sever or stay this declaration.

### IV. DISMISSAL IS UNWARRANTED WHERE AMENDMENT IS ALLOWED UNDER RULE 15

For the reasons expressed above, it is not necessary for Transocean to join insurers already parties to this suit.  However, even if the Court were inclined to agree with any of BP's points, the Court should not dismiss Transocean's Complaint.  Rule 15(a)(2) provides that amendments to pleadings may be permitted with the Court's leave and "[t]he Court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).

On the due date of Transocean's Response in Opposition, the Court has not as yet entered a Case Management Order.  Therefore, as an alternate to dismissal, Transocean seeks leave to

9

file an Amended Complaint within seven (7) days of the Court's Order on BP's Motion to Dismiss. To permit this prompt amendment will not prejudice any party or unnecessarily delay trial.

## CONCLUSION

For the reasons above, the BP Parties' motion to dismiss Transocean's complaint in intervention must be denied. Transocean has standing to seek declaratory relief in this controversy and has sued the correct parties to resolve it; in any case, all the possible parties are before the Court.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2011, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller