UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**TRIAL PLAN MEMORANDUM SUBMITTED BY
CERTAIN CLEAN-UP RESPONDER DEFENDANTS**

O'Brien's Response Management, Inc. ("O'Brien's") and National Response Corporation ("NRC") respectfully submit this Trial Plan Memorandum on behalf of themselves and certain other Clean-Up Responder Defendants[1] in response to the Court's May 18, 2011 Order (Rec. Doc. 2402) and to respond to an improper, yet telling, request in the Plaintiffs' Steering Committee's Trial Plan Brief (Rec. Doc. 2658) (hereinafter, "PSC Brief").

First, O'Brien's and NRC are not aware of any fact issues that cannot be tried by the Court in a bench trial without a jury in the trial scheduled to commence in February 2012. Nor are O'Brien's or NRC aware of any fact issues common to both the United States' claims and PSC-managed claims that cannot be consolidated for trial and tried to the bench in Transocean's limitation action.

---

[1] The following Clean-Up Responder Defendants join in this submission: Nalco, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, Lane Aviation, Inc., International Air Response, and Lynden.

1

Second, O'Brien's and NRC are compelled to respond to the PSC's suggestion that "the Court might consider deferring the Phase Three issues (i.e. clean-up, containment and response), until some of the science on medical monitoring and/or 'fate and transport' issues has a little more time to mature." PSC Brief at 11. As an initial matter, the PSC's suggestion goes beyond the scope of the Court's May 18 Order calling for briefing on specific issues and appears to be an attempt by the PSC to obtain even further delay of the B3 issues.[2]

Much more important, however, is the admission implicit in the PSC's request—namely, that the PSC apparently does not have sufficient scientific evidence at this time to support its claims against the Clean-Up Responder Defendants. As the Fifth Circuit recently noted, this state of affairs does not justify delay or leniency, but rather compels dismissal. *See Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 381 (5th Cir. 2010) ("Perhaps [the pharmaceutical drug at issue] is a cause of problem gambling, but the scientific knowledge is not yet there. [Plaintiff] urges the law to lead science–a sequence not countenanced by *Daubert*. And while the possibilities of their relationship properly spark concerns sufficient to warrant caution, the courts must await its result.").

Transocean is a defendant in the B3 Bundle Master Complaint, and has tendered the claims against it in that complaint to the Clean-Up Responder Defendants. O'Brien's, NRC, and other Clean-Up Responder Defendants have filed claims against Transocean, and other parties have filed cross-claims against O'Brien's, NRC, and other Clean-Up Responder Defendants within Transocean's limitation action. In short, Phase Three is a necessary part of the trial that is scheduled to begin in February 2012, and the PSC's request that the Court indefinitely delay

---

[2] Any further delay is unwarranted because the 3-phased approach to the February 2012 trial that was discussed during the May 6 meeting with the Court already contemplates a period of delay before trial of the B3 issues. O'Brien's and NRC generally support that 3-phased approach, with the understanding that discovery on B3 issues will be allowed to continue during earlier phases of the trial.

resolution of the issues raised in the B3 Bundle Master Complaint should be rejected.  Indeed, neither the size nor the complexity of any MDL can justify forcing defendants to incur substantial fees and costs when the plaintiffs themselves admit that current science does not support their claims.  Given the admission implicit in the PSC's request, if the Court does not grant the Clean-Up Responder Defendants' pending motions to dismiss, O'Brien's and NRC submit that the Court should consider fixing deadlines for Phase Three discovery at this time, including deadlines for the submission of expert reports related to B3 issues as well as *Daubert* hearings.

Dated:  June 6, 2011

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
Sylvia E. Simson (NY Bar #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

Patrick E. O'Keefe (LA Bar #21086)
Philip S. Brooks, Jr. (LA Bar #21501)
MONTGOMERY, BARNETT, BROWN, REED,
    HAMMOND & MINTZ LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for O'Brien's Response Management, Inc.*



Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
Sylvia E. Simson (NY Bar #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

*Attorneys for National Response Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Trial Plan Memorandum Submitted by Certain Clean-Up Responder Defendants has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of June, 2011.

/s/ Michael J. Lyle
Michael J. Lyle