## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>RESPONSE TO ORDER REQUESTING BRIEFING ON TRIAL PLAN ISSUES</u>

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the State of Louisiana through its Attorney General James D. "Buddy" Caldwell, and pursuant to the Court's Order re: Requested Briefing on Trial Plan Issues, dated May 18, 2011 (Rec. Doc. 2402), submits the following:

**<u>Issue No. 1:</u>** Are there fact issues common to the claims, cross-claims, 14(c) claims, and/or third-party claims asserted in connection with the Transocean limitation action claims (No. 10-2771) that cannot be tried by the Court in a bench trial without a jury in the trial scheduled to commence in February 2012?

**<u>Response to Issue No. 1:</u>** Yes.  Any sovereign's claim and any case with a jury demand (including cases in which a defendant made such a demand) cannot be tried by the Court as part of the limitations trial.  Most OPA claims and related maritime and tort claims filed in MDL 2179 requested a jury trial.  In addition, governmental claims have been exempted from the limitations action by prior Court order.

The current trial plan proposals exclude quantification of damages, including natural resource damages, civil penalties and fines which are damages exclusively available to government entities.  *See generally*, Memorandum in Support of Motion to Adopt Trial Plan of PSC, Transocean Limitation Petitioners and the State of Alabama, filed 4/13/11 (expressly excluding quantum of compensatory or punitive damages or natural resource damages, civil fines, penalties or other administrative relief from the Limitation Proceedings in para 12 of the proposed Case Management Order (appended thereto as exhibit B)(Rec. Doc. 1951)); Proposed Case Management Order appended to Memorandum of Defendants Anadarko and MOEX Regarding the Structure of the February 27, 2012 Trial, filed 4/13/11 (Rec. Doc. 1955); Brief of the United States Regarding the Plan for the February 2012 Liability Trial filed 4/13/11 at p. 14 (Rec. Doc. 1946)(describing "Other Matters to be Scheduled at a Later Time" which include economic damages suffered by governmental entities and natural resource damages); Reply Memorandum in Support of Trial Plan Proposed by PSC, Transocean Limitation Petitioners and the State of Alabama, filed 4/26/11 (Rec. Doc. 2130). The State of Louisiana has previously requested and the parties appear to agree that the Limitation Action Trial Plan will not impact the State's natural resource damage, civil penalties and economic loss claims under OPA and LOSPRA.[1]  The Court has essentially put those matters on hold.  See also, Order of May 27, 2011 (Rec. Doc. 2549).  Louisiana supports the exclusion of the quantification of such damages and penalties from the 2012 Limitations Trial.

---

[1] OPA and LOSPRA are, in some ways, very similar laws regarding strict, joint and several liability.  An important material difference between the two laws relates to the way they define responsible parties.  Under LOSPRA, a much broader array of defendants are defined as responsible parties and the scope of their liability for damages also is broader.  Thus, for example, if hydrocarbons came up inside the production casing through the Macondo, due to the failure of the cement slurry mixture, Halliburton would be a LOSPRA responsible party, even though it might not meet the OPA test.  LOSPRA also has no presentment requirement.

Greater efficiency may be achieved by altering the currently broad approach to "liability issues" advanced by PSC, Transocean and Alabama. (Rec. Doc. 1951, p.17). For simplicity under the majority of legal theories advanced in these claims, liability should be separated from the issue of allocation. The primary liable parties under the OPA-- BP, Transocean, Anadarko and MOEX-- can be found strictly, jointly and severally liable without the need for a jury trial. Similarly, Louisiana's civil penalties claim against these defendants could proceed without a jury as the statutory provision does not permit a jury trial. After a finding of liability, the more complicated questions associated with allocation issues could be handled separately in a latter phase without the need for the participation of plaintiffs.

**Issue No. 2:** Are there fact issues common to both United States' claims (No. 10-4563) and PSC-managed claims that cannot be consolidated for trial and tried to the bench in the limitation action (No. 10-2771) pursuant to Fed. R. Civ. P. 42?

**Response to Issue No. 2:** The United States currently only seeks declaratory relief on liability and civil penalties. In addition to its claims for damages, the State of Louisiana also has civil penalty counts pending. To the extent the issues associated with the federal penalty claims can be tried without a jury (both in liability and assessment of penalties) these claims may be ideal for a bench trial. The civil penalty claims of Louisiana and the United States are being coordinated pursuant to applicable law and practice. A determination on defendants' liability for both such claims could proceed before the bench. The United States recently filed for partial summary judgment against the Anadarko Defendants under the Clean Water Act. Plaintiff, the United States' Combined Memorandum of Law in Opposition to the Motion to Dismiss of Anadarko E&P and for Partial Summary Judgment against Anadarko Defendants, filed 5/31/2011 (Rec. Doc. 25872). A determination on liability for civil penalties to the State of

Louisiana could proceed in similar fashion.  Similarly, amounts under both the Louisiana and federal statutes and regulations are solely to be determined by the Court, in its discretion, after considering proof on identical equitable factors.  As such, the civil penalty claims are already structured to proceed in tandem.

The State of Louisiana is eager to pursue its civil penalty claim (perhaps between the second and third phase of the limitations proceedings).  Under Louisiana law, civil penalty liability extends to BP, Transocean, Anadarko and MOEX.  Civil penalties are past due monies, which under certain circumstances may continue to accrue, that could be applied immediately to address then needs of the people of the State affected by the impact of the spill, to mitigate harm, and to address cash flow issues.  Another advantage to an early trial on civil penalties is that relevant defendants may be able to test the strength of their equitable defenses which are incorporated into the determination of penalties.  Attorneys for the United States could participate equally in a penalty proceeding, which would also help inform a settlement of all penalty issues.  One manageable difference between Louisiana and federal law is that Louisiana penalizes "days in the Gulf" not "barrels" released.

**Issue No. 3:** What issues in cases assigned to MDL 2179 cannot be severed and consolidated for trial pursuant to Fed. R. Civ. P. 42?

**Response to Issue No. 3:** At present, those claims which may only be pursued and recovered by the States (and other governmental entities) such as civil penalties, losses of revenue, increased public services, and natural resource damages, may not be appropriate for severance and consolidation with the Limitations proceedings given their unique nature.  In addition, given the State's responsibility to its citizens and the enormity of these claims under these factual circumstances, the State of Louisiana's involvement in prosecuting those claims is

significant.  As this Court has repeatedly stated, "[e]ach state that files a claim in this litigation has a right to its own representation, and to advance its own claims."  (See 1/28/11 Hearing Trans., p. 12).  Under the current Limitation Trial plan proposals, these claims are not the subject of the February 2012 trial but there may be opportunity for certain governmental issues to proceed separately as described above.  The State is willing to work with the Court to identify any issues specific to the State which would fall into this category as well as the identification of certain factual issues which apply to these claims but may overlap with factual determinations associated with the claims of private plaintiffs.

Because liability under OPA and LOSPRA is strict, joint and several, any liable defendant, no matter the degree, is liable for 100% of response costs and damages suffered by the State of Louisiana (the "OPA liability phase").  Liability under OPA and LOSPRA could be determined by way of summary judgment, but if not, it can be determined at trial before the Court.  Then the burden becomes that of the liable defendants to show apportionment as against the State, which, under the circumstances, is likely an impossibility.  Liable defendants can, nevertheless, seek contribution as against other defendants.  Louisiana is ready, willing and able to try its OPA liability now against BP, leaving economic loss and NRDA issues aside for a later trial setting.

**Issue No. 4:** For those issues in cases assigned to MDL 2179 that cannot be tried by the Court in a bench trial without a jury, what alternative, manageable and efficient trial plan should be used?

**Response to Issue No. 4:** Concurrent with the preparations for the limitations trial, the Court should hear Louisiana's declaratory judgment action against Transocean on the issue of whether Deepwater Horizon oil rig is a "vessel" or "facility," or both for purposes of OPA

liability.[2]   This is an issue that other parties would be interested in resolving.  For example, the United States recently filed a motion for partial summary judgment against the Anadarko Defendants on this very claim.  *See eg.*, Plaintiff, the United States' Combined Memorandum of Law in Opposition to the Motion to Dismiss of Anadarko E&P and for Partial Summary Judgment against Anadarko Defendants, filed 5/31/2011 (Rec. Doc. 25872).   BP suggested a similar view of the status of the DWH rig under OPA at the May 26, 2011 oral argument on certain Motions to Dismiss.  The State believes early judicial resolution of this issue will materially advance OPA proceedings.  Unless and until this is done, Transocean will never engage in good faith settlement negotiations.

The State welcomes the opportunity to discuss these issues with the Court.

Dated this 6th day of June, 2011.

Respectfully submitted,


JAMES D. "BUDDY" CALDWELL                   KANNER & WHITELEY, LLC
LOUISIANA ATTORNEY GENERAL

                                                                      /s/ Allan Kanner
James Trey Phillips                                       Allan Kanner
First Assistant Attorney General                   Elizabeth B. Petersen
Megan K. Terrell                                           David A. Pote
Assistant Attorney General                          Douglas R. Kraus
Section Chief –Environmental                      701 Camp Street
State of Louisiana                                         New Orleans, LA 70130
P.O. Box 94005                                            Telephone: (504) 524-5777
Baton Rouge, LA 70804-9005                      **Special Counsel for Plaintiff**
Telephone: (225) 326-6708                          **Attorney General, State of Louisiana**

---

[2] The Transocean entities raised this issue as a defense to liability to the State of Louisiana for damages occasioned by releases of oil subsurface. Answer and Counter Claim of the Transocean Defendants, filed 10/13/10 (Rec Doc. 534).

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Response to Order Requesting Briefing on Trial Plan Structure has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of June, 2011.

Kanner & Whiteley, L.L.C.

  /s/ Allan Kanner
  Allan Kanner
  a.kanner@kanner-law.com