IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG   "DEEPWATER HORIZON" in the   GULF OF MEXICO, on APRIL 20, 2010 | *  *  *  *  * | MDL NO. 2179   SECTION: J |
| Relates to: *All cases* | *  * | JUDGE BARBIER   MAG. JUDGE SHUSHAN |

******************************************

## Plaintiffs' Brief on Trial Plan Issues in Response to the Court's Order of May 18, 2011

Subject to their Motions to Remand, Plaintiffs[1] respectfully submit the following brief in response to the Court's May 18, 2011 order regarding Trial Plan Issues. (Doc. # 2402).

Plaintiffs are all Jones Act seamen who were injured in the April 20, 2011 incident. Their Jones Act employers include Tidewater, Halliburton, BP, Oceaneering, and Offshore Cleaning Systems. None of the Plaintiffs filed their case in the Eastern District of Louisiana. Instead, they all filed their cases in state court and made proper jury demands. The cases were subsequently removed to federal court. All Plaintiffs filed Motions to Remand. While the motions were pending, the cases were transferred to this Honorable Court for "coordinated or consolidated pre-trial proceedings" pursuant to 28 U.S.C. § 1407. The motions to remand are still pending. Against this background, Plaintiffs submit the following response to Question #1 from the Court's May 19, 2001 order. For the reasons outlined below, the answer to Question #1, respectfully, is that the Court cannot try these

---

[1] "Plaintiffs" refers to Joshua Kritzer, Nick Watson, Bill Johnson, Heath Lambert, Coby Richard, Dustin Johnson, Brett Guillory, Stenson Roarke, Cathleenia Willis, Rhonda Burkeen and the Estate of Aaron Dale Burkeen, Paul Meinhart, Frank Ireland, Darren Costello, Elton Johnson, Billy Coon, Carl Taylor, and Allen Seriale. All of these Plaintiffs are Jones Act seamen who have had their case removed to federal court and transferred to MDL-2179 for pre-trial consolidation. They have all filed motions to remand which are pending. Plaintiffs object to the current trial plan for all the reasons raised herein and previously. Additionally, Plaintiffs do not rely on the PSC's brief because Plaintiffs do not believe the PSC adequately represents their interests.

Plaintiffs' claims against the non-Transocean defendants. As for Plaintiffs' claims against Transocean, the Court should only try the "privity or knowledge" issues raised in Petitioners' Complaint for Limitation.

A.     **Rule 14(c) cannot be used to deny Plaintiffs' right to a state court forum or their right to a jury trial**

Plaintiffs filed suit in various state courts alleging Jones Act claims against their Jones Act employers and general maritime claims against some of the 14(c) defendants. In many of the cases, the Jones Act employer is one of the 14(c) defendants. "Congress has granted Jones Act plaintiffs the uncommon right to choose – without regard for the wishes of defendants – to litigate their claims in state court if they so desire." *In re Dutile*, 935 F.2d 61, 63-64 (5th Cir. 1991). Congress has also explicitly granted Jones Act plaintiffs the "right of a trial by jury." 46 U.S.C. § 30104. Rule 14(c) cannot abrogate either of these rights.[2] *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 760 (2d Cir. 1988); *Jefferson Barracks Marine Services, Inc. v. Casey*, 763 F.2d 1007, 1011 (8th Cir. 1985) ("we fail to see how claimant could lose a valuable statutory substantive right through" a petitioner's use of Rule 14(c)); *Matter of Garvey Marine, Inc.*, 909 F.Supp. 560, 567 (N.D. Ill. 1995) ("The saving-to-suitors clause is an act of Congress which, if it cannot be negated by a procedural rule (even one promulgated by the Supreme Court), it certainly cannot be negated by a call to preserve scarce resources which is based purely in judicially-created policy."); *Lewis v. U.S.*, 816 F.Supp. 1097, 1101-02 (E.D. Va. 1993); *Marmac, LLC*

---

[2] The Rules Enabling Act mandates that the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2702(b). Prior to 1988, § 2702(b) explicitly provided that the Federal Rules of Civil Procedure "shall preserve the right of trial by jury." 28 U.S.C. § 2702(b) (1982). The comments to the 1988 revision of § 2702(b) make clear that the omission of this phrase was "without moment" and was omitted as superfluous since "no reminder is needed that neither a rule nor a statute can upset a constitutional requirement."

*v. Reed*, 232 F.R.D. 409, 413-14 (M.D. Fla. 2005); *McCann v. Falgout Boat Co.*, 44 F.R.D. 34, 43-44 (S.D. Tex. 1968).[3]

In short, Plaintiffs have a right to jury trial against all parties other than Petitioners.[4] They also have the right to adjudicate their cases in state court. Respectfully, the Court cannot deny Plaintiffs either of these rights simply because Petitioners have made a Rule 14(c) tender of the other companies responsible for the *Deepwater Horizon* incident. Consequently, there are no issues in Plaintiffs' claims against the non-Transocean defendants which can by tried by the Court in a bench trial. Instead, the Court's February 2012 trial should be limited to "privity or knowledge" issues and whether Transocean is entitled to limit its liability. If the Court finds that Transocean is not entitled to limitation, then the Court should dissolve the restraining order and allow Plaintiffs to pursue Transocean in state court (in close coordination with MDL-2179).

## B. The Court's MDL mandate is to oversee pre-trial proceedings

Plaintiffs did not file their cases against the non-Transocean defendants in the Eastern District of Louisiana. Instead, the cases were transferred here pursuant to 28 U.S.C. § 1407. The law is clear that a district court lacks authority to try cases transferred to it by the JPML. *Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28, 118 S.Ct. 956

---

[3] For the reasons expressed in the above-cited cases, the Court should strike and/or dismiss Petitioners' Rule 14(c) tender as to these Plaintiffs. Further, in the Limitation proceeding, Transocean is seeking affirmative relief and should not be considered the "defendant." As such, it can utilize Rule 14(c). FED. R. CIV. P. 14(c)(1)-(2). Also, some parties claim that maritime law does not apply to claims brought against them. While Plaintiffs disagree, these parties' contentions, if correct, would mean that Rule 14(c) is not an available procedural device since Rule 14(c) only applies to maritime claims. *Id*.

[4] Once the Limitation injunction is dissolved, Plaintiffs will have the right to a jury trial in state court against Petitioners. They simply do not have a right to a jury trial in Petitioners' Limitation case. Although, there is nothing that *prevents* a jury trial in Petitioners' Limitation case. *Luera v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011)

3

(1988); 28 U.S.C. § 1407(a).[5]  Accordingly, Plaintiffs' claims against the non-Transocean defendants cannot be tried by the Court.

**C.     The Court should try claims, not broad issues**

Plaintiffs respectfully suggest that the Court should avoid trying broad issues such as "general allocation of fault for the blowout."  This is because these broad issues address general liability and general causation, but ignore the specific causes of each individual Plaintiff's damages.  In other words, the Court should try claims, not issues.  As mentioned above, however, Plaintiffs' claims against the non-Transocean defendants should be tried in state court before a jury.  As a result, as to these Plaintiffs, the Court should limit its fact finding duties to the "privity or knowledge" issues raised by Petitioners' Limitation Complaint.

---

[5] Plaintiffs further contend that the Court lacks authority to oversee pre-trial proceedings between Plaintiffs and the non-Transocean defendants because Plaintiffs' cases were improperly removed to federal court and should be remanded to state court.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
Texas Bar No. 24036150
Jason Itkin
Texas Bar No. 24032461
Cory Itkin
Texas Bar No. 24050808
Robert P. Wynne
Louisiana Bar No. 30123
Texas Bar No. 24060861
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone:   (713) 222-3800
Facsimile:   (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

**Certificate of Non-Support**

Pursuant to Pre-Trial Order #11, Plaintiffs' have conferred with the PSC regarding this motion and shared the brief with the PSC prior to filing and the PSC has responded that it supports the brief to the extent it is consistent with the PSC's brief, but does not support the brief to the extent that it is inconsistent with the PSC's brief.

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure on June 6, 2011.

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold