UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179 |
| | § | SECTION: J |
| This document relates to: | § § | Judge Carl J. Barbier |
| 2:10-cv-03168 | § § § | Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFFS' SIXTH AMENDED COMPLAINT**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

June 7, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

DB1/ 67361955.5

## INTRODUCTION

On April 20, 2010, an explosion and fire occurred on Transocean's *Deepwater Horizon* drilling rig that allegedly injured Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield, and Dominique Ussin ("Plaintiffs"). Plaintiffs allege that M-I L.L.C. ("M-I"), a contractor on the rig providing drilling fluids to BP, is liable for their injuries. While Plaintiffs may have adequately pleaded some theories of liability, they plead no facts supporting recovery under others, and have alleged facts precluding recovery of non-pecuniary damages from M-I. Certain of Plaintiffs' claims against M-I should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs Brown, Choy, and Mansfield were employed by Transocean Deepwater, Inc. ("Transocean"). Compl. ¶ 22. Plaintiff Ussin was an employee of Art Catering. *Id.* ¶ 23. Plaintiffs were working on Transocean's drilling rig, the *Deepwater Horizon*, on April 20, 2010, when an explosion and fire occurred aboard the rig. *Id.* ¶¶ 22-23, 34, 36. Plaintiffs allege they suffered physical and emotional injuries as a result of the accident and bring suit against M-I and others. *Id.* ¶¶ 149-53. Plaintiffs allege under various theories that M-I was negligent with respect to its activities on the rig.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, the Court must accept factual allegations as true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Where a complaint pleads facts that suggest the "mere possibility of misconduct," it must be dismissed.  *Iqbal*, 129 S. Ct. at 1950.  In addition, where a successful defense appears on the face of the pleadings, the plaintiff has failed to demonstrate a plausible claim, and the claim must be dismissed.  *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

## ANALYSIS

Plaintiffs fail to plead facts sufficient to maintain a negligence cause of action against M-I under any *res ipsa loquitur* theory.  And Plaintiffs' own allegations establish that they are precluded, as a matter of law, from recovering any non-pecuniary damages from M-I.

**I.     The Doctrine *Res Ipsa Loquitur* Cannot Be Applied In This Case.**

Plaintiffs assert that the doctrine of *res ipsa loquitur* applies in this case.  Compl. ¶ 123. But Plaintiffs' own allegations preclude the application of this doctrine.

*Res ipsa loquitur* is an evidentiary principle that permits an inference of negligence in certain narrow circumstances where the injury complained of is a type "which does not ordinarily occur in the absence of negligence" and where "the cause of the harm is obvious." *Brown v. Olin Chem. Corp.*, 231 F.3d 197, 201 (5th Cir. 2000) (internal quotation omitted).  The doctrine can only be applied where the instrumentality alleged to have caused the plaintiff's injury was under "the exclusive control of the defendant."  *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000); *see also United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985). And the doctrine applies only "where the likelihood of causes other than the defendant" is ruled out.  *Michaels*, 202 F.3d at 754 (internal citation and quotation omitted).

Here, the cause of the explosion that allegedly injured Plaintiffs is far from "obvious," as evidenced by the litany of purported causes of the accident in Plaintiffs' latest Complaint.  *See* Compl. ¶¶ 40-42 (poor well design caused the accident); *id.* ¶ 43 (method of drilling mud

circulation); *id.* ¶¶ 44-45 (faulty cement); *id.* ¶ 46 (cancellation of crucial cement bond log test); *id.* ¶ 47 (decision not to deploy casing hanger lockdown sleeve); *id.* ¶ 49 (decision to perform simultaneous operations); *id.* ¶ 50 (ignoring pressure data); *id.* ¶ 51 (lack of proper crew training); *id.* ¶¶ 53-56 (faulty gas sensors, air intake valves, and emergency disconnect system); *id.* ¶¶ 59-73 (faulty blowout-preventer); *id.* ¶¶ 74-86 (lack of maintenance and faulty equipment aboard *Deepwater Horizon*).  Plaintiffs' allegations—especially their blanket allegations against all "Defendants"—further establish that the conduct of a party other than M-I cannot be eliminated as a more probable cause of their injuries.  *Toney v. United States*, 273 F. App'x 384, 386 (5th Cir. 2008).

Most damaging to Plaintiffs' claims, however, are their allegations that the "Transocean Entities were the owners, managing owners, owners *pro hoc vice*, charters, supervisors and/or operators of the oil rig *DEEPWATER HORIZON*."  Compl. ¶ 28.  M-I is nowhere alleged to have any control over the rig, much less exclusive control.  Accordingly, the Court should hold *res ispa loquitur* inapplicable to Plaintiffs' claims against M-I in this case.

**II.    As Jones Act Seamen, Plaintiffs Are Precluded From Recovering Non-Pecuniary Damages Under Any General Maritime Law Claims.**

Plaintiffs assert that they were employed by Transocean and Art Catering and that they were working on a vessel in the navigable waters in the Gulf of Mexico when they suffered their alleged injuries.  Compl. ¶¶ 22-23, 34, 36.  Plaintiffs specifically assert their status as Jones Act seamen.  *Id.* ¶¶ 22-23.  Thus, there is no dispute that they qualify as Jones Act seamen.  *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 353 (1995) ("The test of seaman status under the Jones Act is an employment-related connection to a vessel in navigation.") (alteration, citation, and internal quotation omitted).

Binding Fifth Circuit law precludes Plaintiffs' recovery of punitive damages from M-I. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 n.4 (5th Cir. 2004). Relying on well-settled Supreme Court precedent, the Fifth Circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover non-pecuniary damages from non-employer third parties." *Scarborough*, 391 F.3d at 668; *see also Miles*, 498 U.S. at 32; *Wilson v. Noble Drilling Corp.*, Civil Action No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009) ("[C]ases decided by the Supreme Court, the Fifth Circuit and the judges of this court have repeatedly held that non-pecuniary damages, including punitive damages, are *not* an available remedy for a Jones Act seaman . . . .") (emphasis in original). *Scarborough* forecloses Plaintiffs' attempt to seek punitive damages from M-I; therefore, Plaintiffs' claims against M-I for punitive damages should be dismissed.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss the claims asserted against it to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

June 7, 2011                                                                    Respectfully Submitted,

**OF COUNSEL:**                                                    MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                                                       By: */s/ Hugh E. Tanner*
dleon@morganlewis.com                                  Hugh E. Tanner
Texas Bar No. 24002463                                  htanner@morganlewis.com
5300 Wachovia Financial Center                      Texas Bar No. 19637400
200 South Biscayne Boulevard                        1000 Louisiana, Suite 4000
Miami, Florida  33131                                        Houston, Texas  77002
Telephone:  (305) 415-3000                              Telephone:  (713) 890-5000
Facsimile:  (305) 415-3001                                Facsimile:  (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                            **ATTORNEYS FOR DEFENDANT**
Texas Bar No. 00784934                                   **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law In Support Of M-I's Motion To Dismiss Plaintiffs' Sixth Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 7th day of June, 2011.

          /s/ *Hugh E. Tanner*
          Hugh E. Tanner