# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC., AS OWNER, MANAGING OWNERS, OWNERS PRO-HAC VICE, AND/OR OPERATORS OF THE MODU DEEPWATER HORIZON, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | C.A. NO. 4:10-cv-01721  <br><br>Fed. R. Civ. P. 9(h)  <br><br><br><br>IN ADMIRALTY |

## AMENDED ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

Petitioners are Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro Hac Vice*, and/or Operators, of the MODU *Deepwater Horizon*. Petitioners filed a Complaint and Petition for exoneration from and limitation of liability on May 13, 2010 [Rec. Doc. No. 1]. This Complaint and Petition involves the voyage of the *Deepwater Horizon* that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the *Deepwater Horizon*.

The Court has considered Petitioners' Complaint and Petition, along with the affidavits of value and pending freight filed with the Complaint and Petition. The Court finds adequate factual support that the value of Petitioners' interest in the *Deepwater Horizon* and its pending freight at the end of the January 30, 2010 to April 22, 2010, voyage is TWENTY-SIX

[1]

MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00).

The Court has ordered Petitioners to file an *Ad Interim* Stipulation in the amount of TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00), with Ranger Insurance Company acting as surety. Petitioners have filed the *Ad Interim* Stipulation, and the Court has approved the *Ad Interim* Stipulation. The *Ad Interim* Stipulation will serve as security for all claims made in this limitation proceeding, unless its amount or sufficiency is contested. If the amount or sufficiency of the *Ad Interim* Stipulation is contested, the Court will appoint a commissioner to appraise the value of Petitioners' interest in the *Deepwater Horizon* and its pending freight. If the amount of the *Ad Interim* Stipulation is sufficient after the commissioner's appraisal, the *Ad Interim* Stipulation will serve as a Stipulation for Value. If the amount of the *Ad Interim* Stipulation is not sufficient after the commissioner's appraisal, the Court will enter an Order confirming the commissioner's appraisal. Within ten (10) days of that Order, Petitioners will pay into the Court's registry the aggregate amount or value of Petitioners' interest as the commissioner has determined or Petitioners will file a bond or Stipulation for Value in the usual form with surety in the aggregate amount or value of Petitioners' interest as the commissioner has determined. It is further,

ORDERED, that a directive issue out of and under the seal of this Court requiring that Notice be provided to all persons claiming damages for any and all losses, injuries, damages and destruction of property that occurred during the voyage of the *Deepwater Horizon* that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended

[2]

on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the *Deepwater Horizon*. This Notice will require claimants subject to the Injunction, Stay and Restraining Order herein to file their respective claims with the Clerk of this Court, and to serve on or mail a copy of their claim to the attorney-in-charge for Petitioners, on or before November 15, 2010. The address for Petitioners' attorney-in-charge is: Frank A. Piccolo, Preis & Roy, A.P.L.C., Wesleyan Tower, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046. It is further,

ORDERED, that no claims may be filed after November 15, 2010, except for good cause. It is further,

ORDERED, that Petitioners will publish public Notice that they have filed their Complaint and Petition, along with Notice of how those having claims must file those claims in this proceeding. Petitioners will publish this public Notice in the Houston Chronicle, a newspaper of general circulation published in the City of Houston, Texas, and within the Southern District of Texas. Petitioners will publish this public Notice once a week for four consecutive weeks before November 15, 2010. It is further,

ORDERED, that Petitioners shall mail a copy of the public Notice to every person known to have made any claim or to have filed any actions against the *Deepwater Horizon* or Petitioners arising out of the voyage of the *Deepwater Horizon* that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the *Deepwater Horizon*, along with a copy of the public Notice to these persons' attorneys. Petitioners shall mail this actual Notice to these persons and their attorneys no later than the date of the second publication of public Notice in the Houston Chronicle. It is further,

[3]

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings in any jurisdiction other than this Court against Petitioners, the *Deepwater Horizon, in rem*, their agents, officers, representatives, and their underwriters or against any employee or property of Petitioners arising out of the voyage of the *Deepwater Horizon* that began on January 30, 2010, in federal waters at or near Mississippi Canyon Block 727, and which ended on or about April 22, 2010, at or near Mississippi Canyon Block 252, with the sinking of the *Deepwater* are hereby ENJOINED, STAYED and RESTRAINED until the hearing and termination of this proceeding. This injunction does not apply to any direct claims asserted against Petitioners under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq*. It is further,

ORDERED, that Petitioners may serve this Order as a Restraining Order within this District by certified mail. Petitioners may serve this Order as a Restraining Order in any other District by the United States Marshal for such District delivering a certified copy of this Order to the person or persons to be restrained or to his or their respective attorneys. Petitioners may serve this Order as a Restraining Order in any other District in the usual manner by mailing or hand delivering a conformed copy thereof to the person or persons to be restrained or to his or their respective attorneys. Petitioners may also serve this Order as a Restraining Order in any other country by means of overseas air mail.

DONE at Houston, Texas, this 26th day of May, 2010.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

[4]

APPROVED AND ENTRY REQUESTED:

By: /s/ Frank A. Piccolo
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY-IN-CHARGE FOR PETITIONERS TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND TRANSOCEAN DEEPWATER INC.**