UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 <br><br> SECTION: J |
| **This Document Relates to No. 11-1136** | | * * | Judge Barbier <br> Mag. Judge Shushan |

## DEFENDANT MARSH USA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF ART CATERING, INC.'S MOTION TO REMAND

Defendant, Marsh USA, Inc. ("Marsh"), submits this memorandum in opposition to the Motion to Remand filed by plaintiff ART Catering, Inc. ("Plaintiff"). Plaintiff's motion lacks merit and should be denied because the only defendant whose presence in this litigation would prevent removal, David B. Gorney, was improperly joined as a defendant. Fifth Circuit precedent clearly establishes that Plaintiff has no basis for recovery against Mr. Gorney and that there is no reasonable possibility that Plaintiff can establish a cause of action or recover against Mr. Gorney. Complete diversity exists among the remaining defendants, and therefore Plaintiff's Motion to Remand should be denied.

1688354-1

## BACKGROUND FACTS

Plaintiff has filed the instant lawsuit against Marsh and Marsh employees David B. Gorney and Jimmy M. Podaras,[1] alleging: (1) that Plaintiff entered a contract to provide services to Transocean Offshore Deepwater & Drilling, Inc. ("Transocean"), which contract required Plaintiff to carry $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; (2) that 14 of Plaintiff's employees were working aboard the Deepwater Horizon drilling rig operated by Transocean at the time of the April 20, 2010 explosion; (3) that claims in excess of $50 Million have been made against Plaintiff and Transocean subsequent to the explosion; (4) that Transocean has made demand on Plaintiff for defense and indemnity up to the contractual requirements of $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; and (5) that, under its insurance policies procured by Marsh, Plaintiff is underinsured by $1 Million (Petition for Breach of Contract, ¶¶ V, VIII – X).

Plaintiff alleges that its insurance broker Marsh, through its employees David B. Gorney and Jimmy M. Podaras, was negligent in failing to investigate Plaintiff's business contracts and insurance requirements and in failing to obtain proper and sufficient insurance coverages for Plaintiff (Petition for Breach of Contract, ¶¶ II, XI). Plaintiff further alleges that Marsh is obligated to pay for the acts of negligence of its employees David B. Gorney and Jimmy M. Podaras pursuant to Louisiana Civil Code article 2322 (Petition for Breach of Contract, ¶ XIII). Plaintiff seeks to recover the sum of $1 Million, the amount by which it claims it is uninsured as a result of the alleged negligence (Petition for Breach of Contract, ¶ XIV).

---

[1] Jimmy M. Podaras has also been named as a defendant but has not been served. As set forth in Marsh's Notice of Removal, Mr. Podaras is a citizen of the State of Texas and therefore does not affect this Court's diversity jurisdiction. Moreover, for the same reasons set forth in this memorandum regarding David B. Gorney, Mr. Podaras is also an improperly joined defendant against whom Plaintiff has no reasonable possibility of recovery.

## **IMPROPER JOINDER**

Marsh removed this matter on the basis that complete diversity exists, because David B. Gorney, the only non-diverse defendant, is improperly joined. Improper joinder is established by proving the inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). The removing defendant must demonstrate that there is no possibility of recovery against an in-state defendant, meaning there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

In its Petition for Breach of Contract, Plaintiff alleges that David B. Gorney is an employee of Marsh and that Marsh is liable for his negligence in failing to obtain the insurance coverage requested by Plaintiff. Throughout its Motion to Remand, along with the supporting affidavit of Brenda Hingle, its President and CEO, Plaintiff admits that David B. Gorney was an agent of Marsh and "acting in his official capacity as an agent of Marsh," but concludes (without support) that he "breached a personal duty owed to Plaintiff." (Memorandum in Support of Motion to Remand, pp. 1-2, 8; Affidavit of Brenda Hingle, ¶ 4).[2] In support of its position, Plaintiff relies primarily on *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), a Louisiana Supreme Court decision setting forth the requirements to hold a corporate employee individually liable to third persons, along with the Fifth Circuit's decision in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), applying *Canter*.[3] As set forth below, *Canter* is clearly inapplicable to this case.

---

[2] While Marsh disputes a number of the factual assertions made by Brenda Hingle regarding David B. Gorney's involvement with the placement of Plaintiff's insurance coverages, these assertions need not be addressed to resolve the improper joinder issue, in light of the Fifth Circuit's holdings in *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) and *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986), discussed *infra*.

[3] The remaining cases discussed by Plaintiff – *Harrington v. Lexington Ins. Co.*, 2006 U.S. Dist. LEXIS 53564 (E.D. La. Aug. 1, 2006) and *Isidore Newman School v. J. Everett Eaves, Inc.*, 09-2161 (La. 7/6/10), 42 So.3d 352 – discuss only the general duties owed by insurance brokers/agents and do not address the individual liability of corporate employees. Therefore, these cases are irrelevant to this Court's determination of improper joinder.

## BINDING FIFTH CIRCUIT PRECEDENT ESTABLISHES THAT DAVID B. GORNEY IS AN IMPROPERLY JOINED DEFENDANT

The Fifth Circuit has clearly established that Plaintiff has no possibility of recovery against David B. Gorney in this matter. In *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009), the plaintiffs/Louisiana landowners (Kling/Walet) alleged that the defendant oil company (Chevron) contaminated its land while engaged in oil-and-gas exploration and production, and subsequently brought suit against Chevron and an individual supervisor of the oil-and-gas production activities (Jack P. Martin, Sr., a Louisiana citizen). In rejecting the plaintiffs' reliance on *Canter* and in concluding that diversity jurisdiction existed, the Fifth Circuit held:

> Significantly, this court has held that *Canter* liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *see Ford*, 312 F.3d at 935-36 (noting *Canter* outlines circumstances where an employee could be held "individually liable for injuries to third persons"). Because the only injury alleged in Kling's petition is economic and emotional – damage to its property and various forms of mental distress – Kling/Walet would not have a basis for recovery against Martin under Louisiana law as it has been interpreted in this circuit .... Because Kling/Walet had no reasonable possibility of recovery against Martin, there was complete diversity between Kling/Walet and Chevron, and the court properly denied the motion to remand and retained diversity jurisdiction to hear the case.

*Id.* at 515-16. *See also Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (in determining that *Canter* applies only to bodily injury claims and does not apply to claims arising in a commercial setting, the Court held that the defendant corporate officers and directors could not be personally liable to the plaintiff for their negligent acts or omissions).

The Fifth Circuit based its rulings in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* on its review and interpretation of Louisiana state court jurisprudence. *See Fine Iron Works v.*

1688354-1

4

*Louisiana World Exposition, Inc.*, 472 So.2d 201 (La. App. 4 Cir. 1985), *writ denied*, 477 So.2d 104 (La. 1985), and *Korson v. Independence Mall I, Ltd.*, 595 So.2d 1174 (La. App. 5 Cir. 1992) (holding that corporate officers, employees and agents owe no duties to third parties and cannot be held liable to third parties for their negligent acts and omissions in a commercial context).

Federal district courts in Louisiana have consistently followed the holdings of *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* in denying motions to remand. In *Tech. Res. Servs. v. Shell Exploration & Prod. Co.*, 2010 U.S. Dist. LEXIS 32780 (E.D. La. Mar. 5, 2010) (Lemelle, J.), plaintiffs brought suit in Orleans Parish against Shell Exploration & Production Company (SEPCO) and two employees/agents of SEPCO (Mendel and Summers, both Louisiana citizens), alleging that a business decision by SEPCO caused them to incur monetary damages. SEPCO removed the case to the Eastern District, arguing that Mendel and Summers were improperly joined as defendants. In denying the plaintiffs' motion to remand, the Court held:

> The Fifth Circuit interprets *Canter* and its progeny to require tortious conduct resulting in a physical injury to a plaintiff. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (stating that "*Canter* only applies to bodily injury claims and does not apply to claims arising in a commercial setting").
>
> In this case, Plaintiffs have failed to meet the requirements described in *Canter*. The Fifth Circuit's ruling is clear. "Significantly, this court has held that *Canter* liability to third persons for negligence of corporate officers and employees may only be imposed for bodily injury claims. *Kling Realty Co., Inc. v. Chevron USA Inc.*, 575 F.3d 510, 2009 WL 1976027, at *3 (5th Cir. 2009). Because Plaintiffs in the present case do not allege any personal injury damage, they cannot state a claim against employee defendants under the theory of negligent misrepresentation, detrimental reliance, unfair trade practices and consumer law.

*Id.* at **8-9.

See also *C.S. Gaidry, Inc. v. Union Oil Co.*, 2009 U.S. Dist. LEXIS 83096, **6-9 (E.D. La. Aug. 27, 2009) (Vance, J.) (in denying plaintiffs' motion to remand in a property

contamination suit, the Court held that, under *Kling Realty Co., Inc.*, because the plaintiffs alleged only damage to property, they could not state negligence claims against four corporate employee defendants who were Louisiana citizens); *Matthews v. Bancorpsouth Bank*, 2010 U.S. Dist. LEXIS 17717, **12-17 (M.D. La. Jan. 25, 2010) (Noland, M. J.), *approved and adopted*, 2010 U.S. Dist. LEXIS 17732 (M.D. La. Mar. 1, 2010) (Brady, J.) (in denying plaintiffs' motion to remand in a real estate development dispute where plaintiffs asserted no bodily injury claims, the Court held that the plaintiffs had no reasonable possibility of recovering against the defendants-corporate employees/officers); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F. Supp. 2d 511, 513-15 (E.D. La. 2001) (Clement, J.) (in denying plaintiffs' motion to remand in a suit arising out of the mismanagement of construction funds, the Court held that the defendant-corporate employee/manager of U.S.E.'s New Orleans office could not be personally liable for negligence claims arising in a commercial setting); *Riess v. Morgan Stanley Dean Witter, Inc.*, 2001 U.S. Dist. LEXIS 17227, **8-9 (E.D. La. Oct. 11, 2001) (Porteous, J.) (in holding that the defendant employees of Morgan Stanley could not be held personally liable for any alleged damages sustained by the plaintiff, the Court noted the absence of any allegations that the individual defendants acted in a capacity other than as corporate representatives or agents or exceeded their authority as corporate representatives or agents).

In the instant matter, there are no claims for bodily injury. Rather, Plaintiff ART Catering, Inc. seeks to recover only economic damages – namely, the $1 Million insurance shortfall that Plaintiff claims resulted from the negligent placement of its insurance coverages. Accordingly, under the clear holdings of the Fifth Circuit in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.*, Plaintiff has no reasonable possibility of recovering against Marsh employee David B. Gorney. Moreover, there is simply no valid basis for holding David B. Gorney liable in an

individual capacity, as there are no allegations: (1) that Mr. Gorney acted with respect to Plaintiff other than as an agent of Marsh; or (2) that Mr. Gorney exceeded his authority or the scope of his corporate duties as an employee of Marsh. Under *Kling Realty Co., Inc.* and *Unimobil 84, Inc.*, Mr. Gorney cannot be held personally liable to Plaintiff, and he has been improperly joined as a defendant. Accordingly, complete diversity exists in this matter, and this Court should deny Plaintiff's Motion to Remand.

## CONCLUSION

Plaintiff ART Catering, Inc. has no possibility of recovery against defendant David B. Gorney, an employee and agent of Marsh USA, Inc., for his alleged negligent acts and omissions. There are no claims for bodily injury, and Plaintiff's claims against Mr. Gorney are barred by the Fifth Circuit's clear holdings in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* Accordingly, because Mr. Gorney is an improperly joined defendant, complete diversity exists among the remaining defendants and Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

_/s/_____
William F. Grace, Jr., T.A. (#6199)
Philip R. Sims (#27644)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
***Attorneys for Marsh USA, Inc.***

1688354-1                                     7

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of June, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or U.S. Mail.

_____