UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ETHAN JOHNSON, CHARLES ASKEW and RONALD HATCHETT, individually and on behalf of all others similarly situated, | ) ) ) ) | MDL 10-2179 J(1) |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) | No.: 11-947J(1) |
| SMITH MARINE, INC. and BP AMERICA, INC. (d/b/a VESSELS OF OPPORTUNITY) | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT SMITH MARINE, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES**

Now comes the Defendant, Smith Marine, Inc., by and through its undersigned counsel, and respond to the allegations contained in Plaintiffs' Complaint as follows:

1.      The Defendant Smith Marine, Inc. admits that it is a Massachusetts corporation that conducted business in the State of Alabama.  The Defendant admits that it had an agent for the purposes of service of process in Baldwin County, Alabama.  The Defendant admits that it employed Ethan Johnson as a crew member aboard its vessels that were in Alabama for the purposes of dealing with the BP Oil Spill.  The Defendant denies the remaining allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2.      The Defendant lacks sufficient information as to form a belief as to the truth of the allegations contained in Paragraph Number 2 of the Complaint and therefore, denies same.

3.      The Defendant admits the allegation contained in Paragraph 3 of the Plaintiffs' Complaint.

4.      The Defendant lacks sufficient information as to form a belief as to the truth of the allegations contained in Paragraph Number 4 of the Plaintiffs' Complaint and therefore, denies same.

5.      The Defendant lacks sufficient information as to form a belief as to the truth of the allegations contained in Paragraph Number 5 of the Plaintiffs' Complaint and therefore, denies same.

6.      The Defendant admits that Plaintiff Ethan Johnson was employed as a crew member. The Defendant denies the remaining allegations contained in Paragraph Number 6 of the Plaintiffs' Complaint.

7.      The Defendant is not required to respond to the legal allegations contained in Paragraph Number 7 of the Plaintiffs' Complaint. To the extent that an answer is required, the Defendant denies the allegations contained therein.

8.      The Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9.      The Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. §1331. The Defendant denies that venue is proper in the MDL 2179.

10.     The Defendant admits to personal jurisdiction in the State of Alabama. The Defendant denies personal jurisdiction in the State of Louisiana.

11.     The Defendant admits the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12.     The Defendant admits that it was the "employer" of Ethan Johnson but denies the remaining allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. The Defendant admits that Ethan Johnson was an "employee" of the Defendant and worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit. The Defendant denies the remaining allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. The Defendant denies the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. The Defendant admits that Ethan Johnson was employed by Smith Marine, Inc. as a crew member. The Defendant denies the remaining allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

16. The Defendant admits that Ethan Johnson was a crew member onboard the Defendant's vessels. The Defendant denies the remaining allegations contained in Paragraph 16 of the Plaintiffs' Complaint.

17. The Defendant admits that Ethan Johnson performed work as a crew member on behalf of the Defendant and was directed to perform tasks by the Captain of the Vessel. The Defendant further admits that Ethan Johnson did receive some training on performing certain tasks. The Defendant denies the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiffs' complaint.

19. The Defendant admits the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21.     The Defendant denies the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

22.     The Defendant denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23.     The Defendant denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24.     The Defendant denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25.     The Defendant denies the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against the Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant states that there has been insufficient service of process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment, setoff, and/or accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims must be dismissed, because the Defendant acted in good faith and did not violate Plaintiffs' rights under any state or federal laws, rules or regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant properly paid Plaintiff Ethan Johnson in compliance with the federal and Alabama wage and hour laws.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff Ethan Johnson was not entitled to overtime wages for hours worked in excess of forty per week because he was an exempt crew member within the meaning of the FLSA and Alabama wage and hour laws.

**NINETH AFFIRMATIVE DEFENSE**

Defendant acted at all times in good faith towards Plaintiff Ethan Johnson, with the reasonable belief that its actions complied with federal and Alabama wage and hour laws, and at no time willfully violated any of the laws pursuant to which Plaintiff Ethan Johnson brings the instant action.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff Ethan Johnson's claims are barred as he has been fully compensated for all wages due and owing from Defendant, and is entitled to nothing further.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff Ethan Johnson's claims are barred, because he is not entitled to the damages sought in his Complaint.

WHEREFORE, Defendant Smith Marine, Inc., respectfully prays that this Honorable Court:

1. Dismiss the Complaint, and enter judgment in Defendant's favor'

2. Award Defendant its attorneys' fees and costs;

3. Enter such other and further relief as the Court deems equitable and just.

        Respectfully submitted,
        Smith Marine, Inc.
        By its attorney,

        /s/ David S. Smith
        _____
        David S. Smith, Esq.
        Mass. BBO No.: 634865
        Ouellette & Smith
        127 Eastern Avenue, Suite 1
        Gloucester, MA 01930
        Tel: 978-281-7788
        Fax: 978-281-4411
        E-Mail: maritimeattorney@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Smith Marine, Inc.'s Answer and Affirmative Defenses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No.12, and that the foregoing was electronically filed with the Clerk of Court of the United Sates District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 6th day of June, 2011.

        /s/ David S. Smith
        _____
        David S. Smith