UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document Relates To:<br><br>*Cases in Pleading Bundles A, B1, B3, and C As Enumerated At Attachment 1.* | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION OF MOEX USA CORPORATION
TO DISMISS OR, IN THE ALTERNATIVE, BIFURCATE ALTER EGO CLAIMS**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## **TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1

The Moving Party .................................................................................................................. 1

The Relief Sought .................................................................................................................. 3

Conclusion ............................................................................................................................. 3

**Introduction**

Defendant and Third-Party Defendant MOEX USA Corporation ("MOEX USA") hereby moves to dismiss for lack of ripeness the alter ego claims alleged in certain of the complaints (as enumerated at Attachment 1) filed by personal injury and wrongful death plaintiffs (PTO No. 11 [CMO No. 1] Section III (A) ["A Bundle"]) (hereinafter "Bundle A Complaints"); the First Amended Master Complaint, Cross-Claim, and Third Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III (B1) (as amended, Doc. No. 1128, filed 02/09/2011) (hereinafter "Bundle B1 Amended Complaint"); the First Amended Master Complaint in Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) (as amended, Doc. No. 1812, filed 03/30/2011) (hereinafter "Bundle B3 Amended Complaint"); and in all complaints filed by government entities (PTO No. 11 [CMO No. 1] Section III (C) ["C Bundle"]) (hereinafter "Bundle C Complaints"). In the alternative, MOEX USA respectfully urges the Court to bifurcate the alter ego claims for discovery and trial, to defer the costly and possibly unnecessary examination of these issues until MOEX Offshore 2007 LLC's ("MOEX Offshore") liability, the amount thereof, and ability to pay any judgment have been determined.

**The Moving Party**

MOEX USA is the corporate parent of MOEX Offshore. In turn, MOEX USA is a subsidiary of MOECO.[1] The Bundle B1 Amended Complaint, the Bundle B3 Amended Complaint, and the Bundle C Voluntary Complaint (PTO No. 11 [CMO No. 1] Section III (C) ["C Bundle"] (Doc. No 1510, filed 03/03/2011), as well as certain individual Bundle A Complaints and Bundle Complaints, each include claims against MOECO that are limited to

---

[1] Mitsui Oil & Gas Exploration Company ("MOECO"), a Japanese company, is named as a defendant in four bundles and in Transocean's 14(c) Third-Party Complaint. MOECO has not been served with process, and therefore is not currently before the Court.

allegations that MOECO so dominated and controlled the activities of MOEX Offshore and MOEX USA that any liability should be imputed to MOECO.[2]  In addition, other individual Bundle A Complaints and Bundle C Complaints do not make specific allegations against MOEX USA, but instead make allegations against "MOEX,"[3] which is broadly defined to include MOEX USA as well as other companies.

The complaint filed by the State of Alabama and the Bundle A Complaints name MOECO, MOEX USA and MOEX Offshore as defendants, and similarly treat those entities as one by using the generic term "MOEX."  Similarly, the amended complaint filed by the State of Louisiana groups the three entities and refers to them generically as the "MOEX Defendants."

In addition, the Bundle B1 Amended Complaint, the Bundle B3 Amended Complaint, and the Bundle C voluntary Complaint (PTO NO. 11 [CMO No. 1] Section III(C) ["C Bundle"] (Doc. No. 1510, filed 03/03/2011)), include claims against MOECO that are limited to allegations that MOECO so dominated and controlled the activities of MOEX Offshore and MOEX USA that any liability should be imputed to MOECO.  No alter ego claim against MOECO can succeed without sufficient proof that the corporate veil between MOEX Offshore and MOEX USA should be pierced to reach MOEX USA, and that the corporate veil between MOEX USA and MOECO should be pierced to reach MOECO.

Moreover, plaintiffs have propounded discovery to MOEX USA in support of their alter ego claims against MOECO.  Specifically, plaintiffs have delivered a Rule 30(b)(6) deposition

---

[2] *See, e.g.*, Bundle B1 Amended Complaint at ¶¶ 235-237, 248-250, 575; Bundle B3 Amended Complaint at ¶¶ 44-47, 57-59, 221; Bundle C Voluntary Complaint at ¶¶ 204-206, 217-219. Transocean's 14(c) Third-Party Complaint (Doc. No. 1320, filed 02/18/2011), also references these claims, thereby bringing the Bundle B1 Master Complaint claims into the limitations actions.

[3] *See, e.g.*, the State of Alabama's First Amended Complaint (Doc No. 1872, filed 04/05/11); the State of Louisiana's First Amended Complaint (Doc. No. 2031, filed 04/19/11); Fifth Amended Complaint of Karl W. Rhodes (Doc No. 1834, filed 03/31/11).

notice to MOEX USA that includes topics focused on the alter ego claims.[4]  Plaintiffs have also served a number of interrogatories on MOEX USA seeking information that, in whole or in part, focuses on the alter ego issues.[5]  In these circumstances, MOEX USA is entitled to the relief sought in this motion.

**The Relief Sought**

As its prayer for relief and as grounds therefore, MOEX USA hereby incorporates by reference the arguments in the Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss or, in the Alternative, Bifurcate Alter Ego Claims, filed contemporaneously herewith.  MOEX USA adds that it would experience the same unnecessary burden and expense as MOEX Offshore if it is forced to defend against, and provide discovery in response to, speculative and unripe alter ego claims.

**Conclusion**

For the foregoing reasons, this Court should grant MOEX USA's motion to dismiss the alter ego claims for lack of ripeness.  Alternatively, in the interest of judicial efficiency, the

---

[4]  For example, Area of Inquiry No. 23 seeks testimony regarding "The participation or other involvement of [MOECO] and/or Mitsui & Co, Ltd. ('Mitsui') and/or their officers, directors, or employees" in various activities relating to the Macondo Well.  With respect to the deposition of Naoki Ishii scheduled for June 29-30, 2011, MOEX Offshore's counsel John Pritchard of Pillsbury Winthrop Shaw Pittman LLP spoke with Steven E. Fineman of Lieff Cabraser Heimann & Bernstein, LLP.  They reached an understanding that the plaintiffs will not examine Mr. Ishii about facts that would relate principally to a veil-piercing claim, including such matters as the extent of control exercised by one company over another.  Mr. Fineman noted that the Plaintiffs' Steering Committee is reserving its rights to ask for such discovery in the future.

[5]  For example, Request for Production No. 9 of Plaintiffs' Omnibus Discovery Requests on All Defendants requests "organizational charts in effect from January 1, 2010, thru the present, including organizational charts reflecting and/or containing … "the parents, subsidiaries, sister entities and/or other affiliates of each Defendant entity; the officers, directors, members and/or managers of the parents, subsidiaries, sisters and/or other affiliates of each Defendant entity; and, the parents, subsidiaries, sister entities and/or other affiliates of each entity supervising and/or providing services in connection with the Deepwater Horizon and/or Macondo Well."

3

Court should bifurcate and defer the alter ego claims until the threshold issues of liability, quantum of damages and ability to pay have been resolved.

Date:  June 15, 2011                                              Respectfully submitted,

                                                    s/ Jack McKay
                                                    Jack McKay
                                                    jack.mckay@pillsburylaw.com
                                                   PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                   2300 N Street, N.W.
                                                 Washington, D.C. 20037-1122
                                                 Telephone (202) 663-8439
                                                 Facsimile (202) 663-8007

                                                 **ATTORNEYS FOR MOEX USA**
                                                 **CORPORATION**

# Attachment 1

| CAPTION | CASE NUMBER |
|---|---|
| Carlisle v. BP P.L.C. et al | 2:10-cv 04188 |
| Murphy v. BP P.L.C. | 2:10-cv-03085 |
| Ware v. BP P.L.C. et al | 2:10-cv-03115 |
| Barber's Seafood, Inc. v. BP, P.L.C., et al | 2:10-cv-03098 |
| Raffield Fisheries, Inc. et al v. BP, P.L.C., et al | 2:10-cv-03102 |
| Woods Fisheries, Inc. v. BP, P.L.C. et al | 2:10-cv-03104 |
| McCarthy v. BP PLC et al | 2:10-cv-03114 |
| Triton Asset Leasing GmbH et al v. U.S. Dept of Justice, et al | 2:10-cv-02771 |
| Jones et al v. Transocean Ltd. et al. | 2:10-cv-01196 |
| State of Louisiana v. Triton Asset Leasing, GmbH et al | 2:10-cv-03059 |
| Karl W. Rhodes v. Transocean, Ltd. | 2:10-cv-01502 |
| State of Alabama v. Transocean, Ltd. et al | 2:10-cv-04183 |
| Plaquemines Parish v. BP PLC, et. a. | 2:11-cv-00916 |
| Plaquemines Port, Harbor and Terminal District v. BP PLC, et al | 2:11-cv-00917 |
| State of Louisiana v. BP Exploration & Production et al. | 2:11-cv-01106 |
| Grupo Turistico Tamaulipas S.A. de C.V v. BP, P.L.C. et al | 2:11-cv-01055 |
| State of Louisiana Office of the Attorney General v. BP Exploration | 2:11-cv-00516 |
| Lynch v. Transocean, Ltd. et al. | 2:11-cv-01188 |

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 15, 2011.

s/ Jack McKay
Jack McKay
