UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORMAN BOUISSE, HARVEY CHERAMIE, JR., JERRY PARRIA, CHAD ROGERS, SR., CURTIS SILVER, JR., CURTIS SILVER, SR., PERCY VEGAS, AND TERRY VEGAS | CIVIL ACTION NO. 2:11-cv-01159<br><br>SECTION: CJB-SS<br><br>JUDGE: Carl J. Barbier |
| VERSUS | MAG.: Sally Shushan |
| BP AMERICA PRODUCTION COMPANY AND DANOS AND CUROLE STAFFING, L.L.C. | |

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

#### CONCISE STATEMENT OF REASONS SUPPORTING REMAND

The plaintiffs' motion to remand should be granted because there is no federal question jurisdiction in this case. The claims of the plaintiffs in this case do not arise under federal law but are ordinary, garden-variety state law breach of contract claims.

Plaintiffs' losses were sustained because BP and Danos and Curole failed to honor their contractual obligations under the Vessels of Opportunity (VoO) Program.

This removal is not based on diversity of jurisdiction, and there is no federal question. Nothing in the petition in this case implicates federal law in any respect. There is no basis for jurisdiction, and the case should be remanded.

4

BACKGROUND

This case was originally filed in the Civil District Court for the Parish of Orleans. Named as plaintiffs were Norman Bouisse, Harvey Cheramie, Jr., Jerry Parria, Chad Rogers, Sr., Curtis Silver, Jr., Curtis Silver, Sr., Percy Vegas, and Terry Vegas. Named as defendants were BP America Production Company (BP) and Danos and Curole Staffing, L.L.C. (Danos and Curole). The petition alleged exclusively state law damages for breach of contract arising out of BP's and Danos and Curole's failure to pay the plaintiffs in accordance with the compensation contract that they executed as a part of the Vessels of Opportunity (VoO) Program.

The case was removed by BP on May 17, 2011 to the United States District Court for the Eastern District of Louisiana.

An examination of the Petition discloses that no federal causes of action are alleged and that, in fact, this is nothing more than an ordinary, garden-variety state law breach of contract claim. BP has failed to meet its burden in establishing federal jurisdiction in this case.

ARGUMENT

**The standard for removal**

BP, the removing party, at all times bears the burden of establishing that removal is proper pursuant to 28 U.S.C. §1441. The defendant must prove the jurisdictional requirements for removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A suit is removable only if it is within the original jurisdiction of the federal courts. *Cochran v.*

*Montgomery County,* 199 U.S. 260, 269 (1905). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447c), the case must be remanded. "The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper." *Gross v. Deberardinis,* 722 F.Supp. 2d 532, 533 (D. Del. 2010).

Jurisdiction for removal is "determined by reference to the well-pleaded complaint rule." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). That rule "provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *see also Westmoreland Hosp. Ass'n v. Blue Cross of W Pa.,* 605 F.2d 119, 122 (3d Cir. 1979).

"To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.." Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470 (1998).

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Ascension Parish Sales and Use Tax Authority v. Turner Bros. Crane & Rigging, L.L.C.* Slip Copy, 2011

WL 1884004 (M.D.La.), citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied,* 70 F.3d 26 (5th Cir.1995). Because the removal statute is strictly construed in favor of remand, any ambiguities are resolved against removal. *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002), citing, *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000); *Ascension Parish Sales, supra.*

### The plaintiffs claims do not implicate federal law

The plaintiffs in this case allege state law breach of contract claims, period. In fact, there are only a very small set of state law allegations which could ever possibly raise the "substantial question of federal law" necessary to justify removal on federal question grounds. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.* 561 F.3d 904 (8th Cir. 2009). In this case, plaintiffs have no federal claims. They have alleged no federal claims.

This Court specifically addressed a similar case involving a contract dispute arising from post-Katrina work contracted by the Corps of Engineers. In *Kostmayer Const., L.L.C. v. M.R. Pittman Group, L.L.C.* 2007 WL 4553991 (E.D.La.), the court considered, and rejected, the defendant's claim that the federal regulations which might be evidence in the contract claim created a federal question. The court stated:

> On its face, the petition does not mention or implicate federal law; it simply asserts state law breach of contract and quasi-contract claims. It is clear, then, that the plaintiff's claims are not created by federal law. But [defendant] nonetheless contends that a federal question is presented because, according to [defendant]

7

federal regulations will be applied in the course of resolving the parties' dispute.

\*     \*     \*

By arguing that this Court has Section 1331 jurisdiction over [the plaintiff's] state law claims, [defendant] appears to be invoking the theory of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005), where the Supreme Court confirmed the equally obvious doctrine that an action containing "an important issue of federal law" may establish federal jurisdiction in limited instances. *Id.* at 2367. .("The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law...."). Pittman is not persuasive because *Grable* establishes only a narrow exception to the well-pleaded complaint rule. *See Empire Healthchoice Assur., Inc. v. McVeigh,* --- U.S. ----, ---, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (noting that only a "slim category" of cases will satisfy the *Grable* paradigm); *see also Grable,* 125 S.Ct. at 2368 (observing that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax provisions will portend only a microscopic effect on the federal-state division of labor"). To give *Grable* a more extensive reach would be to diminish our notions of federalism.

Federal jurisdiction is limited, and the threshold to invoke it is more demanding than [defendant] acknowledges. *Id.* ("[i]t has become a constant refrain . . . that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum"). Accordingly, the Court rejects the position that [plaintiff's] petition "necessarily raises a federal issue." (footnotes omitted)

8

In the current case, plaintiffs contracted with BP and Danos and Curole. Those defendants breached the contracts. The suit alleges state law contract claims and nothing further. There is simply no basis for the allegation of federal question jurisdiction.

## CONCLUSION

Defendants cannot, by their removal pleadings, confer jurisdiction on this Court in what is nothing more than a state law breach of contract case. The matter must be remanded.

**WILLIS & BUCKLEY**

/s/ Jennifer N. Willis
JENNIFER N. WILLIS (Bar No. 14877)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 15, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Jennifer N. Willis