UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ART CATERING, INC.** | * | **CIVIL ACTION NO.: 11-cv-01136** |
| | * | |
| **VERSUS** | * | **SECTION: J** |
| | * | |
| **DAVID B. GORNEY, JIMMY M.** | * | **MAGISTRATE: 1** |
| **PODARAS, MARSH USA, INC., AND** | * | |
| **XYZ INSURANCE COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND</u>**

MAY IT PLEASE THE COURT:

Plaintiff submits this Reply to Defendant's Opposition to Motion to Remand this case back to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for the following reasons:

**Under Well Established Law Plaintiff Has a Cognizable Claim Against Gorney**

Defendant incorrectly asserts that Plaintiff fraudulently joined Gorney as a defendant and that Plaintiff has no cognizable claim against Gorney. Plaintiff does have a cognizable claim against Gorney because as an agent of Marsh he was intimately involved in the placement of insurance coverage and he breached a personal duty to Plaintiff when he negligently failed to procure the requested coverage. In reponse to Plaintiff's Memorandum in Support of Motion to Remand, Defendant blatantly ignored well established law holding that insurance agents are

1

personally liable to their clients for monetary damages resulting from negligently failing to procure the requested insurance coverage.

Where there is an agreement to procure insurance, the duty of the broker is analogous to the duty of the agent. *See Isidore Newman School v. J. Everett Eaves*, 2009-2161 (La. 7/6/10), 42 So.3d 352, 356 (citing *Crayton v. Sentry Ins. Co.*, 612 So.2d 767, 771 (La. App. 1st Cir. 1993). An insurance agent who undertakes to procure insurance coverage owes its client an obligation to use reasonable diligence in attempting to place the insurance coverage requested. *See Newman*, *supra*, at 356 (citing *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728, 730-31 (La. 1973)). An agent has a duty to provide the insured with the correct information and *the client may recover from the agent* the loss sustained as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *See Newman*, *supra*, at 354. "[T]he duty imposed upon an insurance agent *in an action by a client against his agent*," is not any different than that imposed upon attorneys, physicians, and accountants. *Roger v. Dufrene*, 613 So.2d 947, 949 (La. 1993) (emphasis added). This duty is based in an agreement by the insurance agent to the client to employ ordinary skill and care in the exercise of the profession. *Id.* at 949 (citing *Phelps v. Donaldson*, 150 So.2d 35, 37 (La. 1963)).

The breach of this duty of reasonable diligence imposed on the insurance agent upon whose advice the client depends results in an action in negligence. *See Dufrene*, *supra*, at 949. This duty of reasonable diligence is fulfilled when an agent then procures the insurance requested. *See Newman*, *supra*, at 356. Not only must an insurance agent use reasonable diligence in both attempting to place the requested insurance coverage and providing the client with the correct information but he must also use this same diligence to notify his client if he

fails to obtain the requested insurance coverage. *See Karam*, *supra*, at 730; *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Bigelow v. Crescent Title, L.L.C.*, 2008-0932 (La. App. 4th Cir. 10/15/08) 997 So.2d 83, 88-89; *Collins v. State Farm Ins. Co.*, 2007 WL 1296240 (E.D. La. 2007); *Fidelity Homestead Ass'n v. Hanover Ins. Co.,* 458 F.Supp.2d 276*,* 281 (E.D. La. 2006). However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *See Fidelity*, *supra*, at 281. When this duty is breached and negligence is found, both the insurance agent and the insurance company are solidarily liable to plaintiff. *See Karam*, *supra*, at 731; *Crayton*, *supra*, at 772.

In *Karam*, a hot water heater owned by plaintiff exploded, damaging a leased building in which he was operating a Laundromat. *Karam*, *supra*, at 729. Plaintiff filed suit against both the insurance company and the insurance agent who procured his liability insurance providing coverage for the building. *Id.* at 730. Allegations in the suit included that the defendant insurance agent errantly procured only $10,000 in coverage rather than the $100,000 sum that plaintiff had requested and that plaintiff had suffered a loss as a result of being underinsured. *Id.* The trial court found the agent negligent in failing to procure the requested coverage, and rendered judgment in favor of plaintiff, holding insurance agent and insurance company solidarily liable. *Id.* at 731. The court of appeal affirmed the judgment. *Id.* at 730-31. The Louisiana Supreme Court affirmed the decisions of the lower courts. *Id.* It noted that the insurance agent had undertaken to procure insurance for plaintiff and that his actions had warranted an assumption by the plaintiff that he was properly insured in the amount of the desired coverage. *Id.* Because the insurance agent negligently failed to procure the desired insurance for plaintiff he therefore was

*personally* liable to plaintiff for the underinsurance of the building and the consequent monetary damages. *Id.*

The United States District Court for the Eastern District of Louisiana held similarly in *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, where employees of Fidelity, a savings and loan association, failed to renew or pay premiums on flood insurance on properties mortgaged to it by its borrowers. *Fidelity*, *supra*, at 278. Fidelity then paid $700,000 to borrowers who had sustained property damage from Hurricane Katrina in 2005, and sought to collect this amount in indemnity from Hanover who was its Errors and Omissions insurer. *Id.* Fidelity brought suit in State court against Hanover and Hanover's independent insurance agents through whom Fidelity procured its coverage policy when Hanover denied that the policy covered the claim. *Id.* Hanover removed the case to Federal court on grounds of diversity jurisdiction claiming that the insurance agents, who were the only parties to the suit domiciled in Louisiana, were fraudulently joined to the suit. *Id.* The basis for Hanover's fraudulent joinder claim was that the insurance agents employed by Hanover did not owe a personal duty to Fidelity and therefore no cognizable claim existed against them. *Id.* at 281.

The court held that Hanover had not established that there was no reasonable basis for Fidelity's claims against the agents and denied removal on that basis. *Id.* In coming to its conclusion the court cited *Karam*, acknowledging that if an agent's actions warrant the client's assumption that he has the desired insurance coverage the client may recover, *from the agent*, any loss sustained as a result of the agent's negligence in failing to procure the desired coverage. *Id.* (citing *Karam*, *supra*, at 730-31). Additionally, the court held that the "insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements

4

between the agent and his client." *Id.* at 281. The court extended a greater duty to Hanover and its insurance agents after appreciating that its insurance agents met yearly with Fidelity to discuss "whether all the necessary and proper insurance had been obtained." *Id.*

In the present case, Plaintiff has a cognizable claim against Gorney for reasonably relying on his negligent representation that its insurance needs were met, thus leading to pecuniary loss because Gorney was an insurance agent for Marsh who had undertaken the task of procuring insurance coverage for Plaintiff. As an insurance agent, Gorney had a *personal* duty to Plaintiff to employ reasonable diligence when both attempting to procure the Plaintiff's desired insurance coverage and providing Plaintiff with the correct information. Gorney breached that duty of reasonable diligence when he failed to procure the desired coverage and provide the correct information to Plaintiff. Gorney then breached an additional duty of reasonable diligence when he failed to notify Plaintiff that the desired insurance coverage had not been met. As the facts will show, Gorney breached a heightened duty to Plaintiff when he *personally* met with Plaintiff, *on multiple occasions*, to discuss not only the exact insurance coverage requested but also to discuss the underlying paperwork requirements as well as to calculate the financial obligations that the policy demanded of Plaintiff. (See Affidavit of Brenda Hingle, May 25, 2011).

Gorney was well aware of Plaintiff's insurance coverage needs because Plaintiff personally informed him that Plaintiff sought the highest insurance coverage required by its customers including Transocean. *Id.* Had Gorney exercised reasonable diligence he would have known exactly what Transocean required for coverage because he received and reviewed documentation regarding that specific contract. *Id.* Gorney also quoted the premium that Plaintiff would encounter as a result of switching from its former insurance broker to Marsh. *Id.* Gorney breached his *personal* duty of reasonable diligence to Plaintiff when, armed with this particular

5

knowledge which he obtained through various personal meetings with Plaintiff, he failed to procure the desired insurance coverage to Plaintiff. Additionally, Gorney breached his *personal* duty of reasonable diligence to Plaintiff when he failed to notify Plaintiff that Plaintiff was underinsured by one million dollars ($1,000,000). As a result of Gorney's breach of duty, Plaintiff suffered one million dollars ($1,000,000) in damages when Transocean made an indemnity demand upon Plaintiff.

In Conclusion Gorney is not a fraudulently joined defendant because Plaintiff has a cognizable claim against him. Therefore, Plaintiff respectfully requests that this Court grant its Motion to Remand.

## Conclusion

Defendant seeks to establish diversity jurisdiction so that this Court may enjoy subject matter jurisdiction over the case. In order to accomplish this goal defendant has attempted to absolve defendant Gorney's potential personal liability by relegating him to a mere administrative clerk who had no substantial dealings with Plaintiff. To the contrary, Gorney was intimately involved with Plaintiff and is responsible for any and all damages incurred by Plaintiff as a result of its underinsurance. For these reasons Plaintiff respectfully requests that the Motion to Remand be granted.

**BRUNO & BRUNO, L.L.P.**

BY:  /s/ Stephen P. Bruno

Stephen P. Bruno, No. 1272

855 Baronne Street

New Orleans, LA 70113

504-525-1335

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that on May 19, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Stephen P. Bruno