UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION J |
| Applies to: All cases. | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

### ORDER

Before the Court are Defendant BP Exploration and Production's ("BP") **Motion for a Stay of Proceedings Between BP and Anadarko and MOEX (Rec. Doc. 2169)**, Defendant MOEX Offshore 2007 LLC's ("MOEX") **Opposition (Rec. Doc. 2352)**, Defendants Anadarko Petroleum Corporation and Anadarko E&P Company LP's (collectively "Anadarko") **Opposition (Rec. Doc. 2353)**, BP's **Reply in Support (Rec. Doc. 2538)**, and Anadarko's **Sur-Reply (Rec. Doc. 2662)**.

In 2008, BP was awarded a lease to drill a deepwater well on the Macondo prospect in the Gulf of Mexico. BP subsequently entered into a Joint Operating Agreement ("JOA") with two minority lessees, Anadarko and MOEX. Under the JOA, Anadarko became a 25% owner and MOEX became a 10% owner in the Macondo lease. BP was designated as the "operator," while Anadarko and MOEX were non-operating owners. The JOA set out the method for allocation of costs and expenditures related to the well. Typically, BP would pay the costs of operations and then charge the non-operating owners for reimbursement on a pro-rata basis.

Following the April 20, 2010 Deepwater Horizon casualty and resulting oil spill, BP alleges that it began incurring significant costs in responding to and remediating the oil spill. BP

1

further alleges that it sent bills to Anadarko and MOEX seeking reimbursement for their proportionate shares of these expenditures, per the JOA.

Both Anadarko and MOEX initially refused to pay these costs, apparently based on their allegations that BP's gross negligence or willful misconduct had caused or contributed to the casualty, thus relieving the non-operating owners of liability to BP under the JOA. MOEX has since reached a settlement agreement with BP, so it is no longer a party to this particular dispute.

Anadarko filed third-party claims against BP, alleging that it should be relieved of any liability to BP under the JOA because of BP's gross negligence. BP has filed the instant Motion to Stay any dispute or proceedings between itself and Anadarko, alleging such claims are subject to a mandatory arbitration agreement. Separately but relatedly, Anadarko and MOEX filed a Joint Motion to Compel Response to Discovery Requests Served upon BP (Rec. Doc. 1965). The Court referred the Motion to Compel to Magistrate Judge Shushan, who issued her order on May 13, 2011 granting Anadarko and MOEX's Motion to Compel Discovery (Rec. Doc. 2358).

The Court has reviewed the Joint Operating Agreement and in particular, Article 22.9, which states:

> Any claim, controversy, or dispute arising out of, relating to, or in connection with this Agreement or an activity or operation conducted under this Agreement shall be resolved under the Dispute Resolution Procedure in Exhibit "H" to this Agreement.

Exhibit "H," which is attached to and made a part of the JOA, sets forth in detail a dispute resolution procedure, which includes binding arbitration: "The arbitration process is binding on the Parties and this arbitration is intended to be a final resolution of any Dispute between the Parties . . ." Paragraph I(A)(i).

The Court concludes, essentially for the reasons advanced by BP, that these provisions of

JOA constitute a "broad" arbitration clause covering all disputes between the parties having a significant relationship to the contract. The arbitration clause in the JOA covers "any claim, controversy, or dispute arising out of, relating to, or in connection with this Agreement or any activity or operation conducted under this Agreement." Anadarko's reliance on another provision in a different exhibit is misplaced. Exhibit "F" grants a mortgage and certain security rights to secure any debts owed pursuant to the Agreement. However, Anadarko's claims against BP do not allege any mortgage right, but rather seek declaratory judgment that certain monies are not owed by Anadarko to BP. The mortgage provision in Exhibit F is clearly not applicable.

Further, Anadarko's due process argument has been mooted by virtue of Magistrate Judge Shushan's earlier order which allows Anadarko to conduct appropriate discovery in order to defend against other claimants in MDL 2179.

For these reasons, the Court concludes that the JOA requires the parties to submit their disputes to binding arbitration unless BP has somehow waived its right to compel arbitration by its previous conduct in this litigation. Accordingly, in order to allow the Court to determine whether or not BP has waived arbitration, BP and Anadarko are ordered to each submit to the Court within the next **20 days** a detailed and specific account, **not exceeding twenty-five pages**, of any and all discovery or other actions undertaken by BP which pertain to the dispute existing between BP and Anadarko.

New Orleans, Louisiana, this 16th day of June, 2011.

**CARL J. BARBIER**
**United States District Judge**