

May 17 2011
3:41PM

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG | * | MDL NO. 2179 |

IN RE:  OIL SPILL by the OIL RIG          *    MDL NO. 2179
        "DEEPWATER HORIZON"              *
        in the GULF OF MEXICO           *
        on APRIL 20, 2010               *    SECTION: J
                                        *
                                        *
                                        *    JUDGE BARBIER
THIS DOCUMENT RELATES TO ALL CASES      *    MAG. JUDGE SHUSHAN
                                        *

## DEFENDANTS ANADARKO PETROLEUM CORPORATION, ANADARKO E & P COMPANY, LP AND MOEX OFFSHORE 2007, LLC'S NOTICE OF SERVICE OF NON-PARTY SUBPOENA

**PLEASE TAKE NOTICE** of service of the attached subpoena directed to Det Norske Veritas for the production of documents relating to certain reports in connection with its testing of the Blowout Preventer and relating to the Deepwater Horizon incident of April 20, 2010. These materials have been requested to be produced at the law offices of Kuchler Polk Schell Weiner & Richeson, LLC in Houston, Texas.

Dated: May 17, 2011

                                        Respectfully submitted,


                                        BINGHAM McCUTCHEN, LLP

                                        /s/ *Warren Anthony Fitch*

                                        Warren Anthony Fitch
                                        tony.fitch@bingham.com
                                        Ky E. Kirby
                                        ky.kirby@bingham.com
                                        David B. Salmons
                                        david.salmons@bingham.com
                                        Michael B. Wigmore

michael.wigmore@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, on May 17, 2011.


_____/s/ *Warren Anthony Fitch*_____

Warren Anthony Fitch

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises



# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| IN RE: OIL SPILL by the "DEEPWATER HORIZON" | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   MDL NO. 2179 |
| in the Gulf of Mexico on April 20, 2010. | ) | |
| This document relates to all cases. | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Eastern District of Louisiana |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  Det Norske Veritas, c/o Mark Cohen, Esq., Cohen, Gorman & Putnam, L.L.P., Suite 1000, 1010 Lamar St.,
       Houston, TX  77002-6314

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents and things listed on the attached Exhibit A, pursuant to the instructions on the Attached Exhibit
B, and in accordance with Rule 45(d) and (e), Federal Rules of Civil Procedure.

| Place:  Kuchler Polk Schell Weiner & Richeson LLC | Date and Time: |
|---|---|
| 1715 Northpark Dr., Suite A, Kingwood, Texas 77339 | 06/13/2011 11:00 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      05/17/2011

|                    _CLERK OF COURT_                    |            OR            |
|---|---|
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_      Anadarko Petroleum
_____ Corporation _____ , who issues or requests this subpoena, are:
Warren Anthony Fitch, Bingham McCutchen LLP, 2020 K Street NW, Washington, DC  20006-1806,
tony.fitch@bingham.com, 202-373-6695

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  MDL NO. 2179

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____              _____
                                            *Server's signature*

                                   _____
                                            *Printed name and title*


                                   _____
                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



LEXISNEXIS® FILE & SERVE
37641263
E-SERVICE
May 17 2011
3:41PM

**EXHIBIT A TO SUBPOENA TO DET NORSKE VERITAS
TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

**DOCUMENTS REQUESTED:**

1.      All drafts and versions of all interim and final reports, and any supplements or addenda thereto, in connection with DNV's testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

2.      All information and data collected, received, generated, reviewed or relied upon by DNV in connection with its testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

3.      All laser scans, prepared by or relied upon by DNV in connection with its testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

4.      All models, including all inputs and outputs collected, received, generated, reviewed, prepared by or relied upon by DNV in connection with its testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

5.      All communications between DNV and any other person or entity including but not limited to representatives of Plaintiffs Liaison Counsel, the United States of America (and its various branches, departments, bodies or agencies), BP, Anadarko, MOEX, Transocean, Halliburton or Cameron regarding all drafts and versions of all interim and final reports, and any supplements or addenda thereto, referenced in Document Request No. 1 or the Deepwater Horizon Incident of April 20, 2010.

6.      All documents and things concerning DNV's audits, inspections, surveys, or assessments of the Deepwater Horizon prior to April 20, 2010, including but not limited to notes, checklists, logbooks, draft and final reports, and certificates.

7.      All communications between DNV and Transocean concerning DNV's audits, inspections, surveys, or assessments of the Deepwater Horizon prior to April 20, 2010.

8.      All contracts or agreements between DNV and any other person or entity with respect to furnishing services for testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

9.      All communications, drafts or other documents relating to the negotiation or execution of any contract or agreement between DNV and any other person or entity with respect to furnishing services for testing or evaluation of the BOP utilized by the Deepwater Horizon in the drilling of the Macondo Well.

10.     All documents received from BP, Transocean, Anadarko, MOEX, Cameron, Weatherford, Drill-Quip, or Halliburton in connection with the testing and work done by DNV after April 20, 2010, in connection with the BOP or BOP systems on the Deepwater Horizon or the Macondo Well.



May 17 2011
3:41PM

## EXHIBIT B TO SUBPOENA TO DET NORSKE VERITAS
## TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

**DEFINITIONS AND INSTRUCTIONS:**

1.      "Document" shall mean any printed, type-written or handwritten matter of whatever character, including, without limitation, the original and each non-identical copy of each and any writing, memorandum, letter, e-mail, correspondence, telegram, note, minutes, contract, agreement, interoffice and intraoffice communications, procedure, pamphlet, diary, record or note of telephone conversation, chart, schedule, entry, print, representation, record, report, photograph and any tangible item or thing of written, readable, graphic, audible, or visual material.

2.      In those instances where requested documents are stored only on software or other data compilations, the responding party should either produce the raw data along with all codes, programs and metadata for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material.

3.      "Communication" shall mean and include any transmission or exchange of any information, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, electronic mail, telegraph, telex, telecopies, cable communicating data processors, or some other electronic or other medium.

4.      "BP" means, without limitation, BP EXPLORATION AND PRODUCTION INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C.,

A/74286159.1

including their predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, employees, agents, representatives and persons acting on their behalf.