# COHEN, GORMAN & PUTNAM, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

1010 LAMAR STREET, SUITE 1000
HOUSTON, TEXAS 77002-6314
TELEPHONE: (713) 224-0628
FACSIMILE: (713) 224-7487

Email: mcohen@cgptexas.com

May 31, 2011

***Via Email: tony.fitch@bingham.com***
***and CMRRR No. 7009 1680 0000 4274 7083***

Mr. Warren Anthony Fitch
Bingham McCutchen, L.L.P.
2020 K Street NW
Washington, D.C. 20006-1806

> C.A. No.: MDL-2179 -
> *In re: Oil Spill by the Oil Rig "Deepwater Horizon"*
> Subpoena dated May 17, 2011 to "Det Norske Veritas" -
> Our File: 01699

Dear Mr. Fitch:

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Det Norske Veritas U.S.A.), Inc. (hereinafter "DNV USA"), the only Det Norske Veritas entity located within the subpoena power of the issuing court, serves its objections to the subpoena dated May 17, 2011, issued on behalf of Anadarko Petroleum Corporation (hereinafter "Anadarko"),[1] as follows:

## <u>GENERAL OBJECTIONS APPLICABLE TO EACH DOCUMENT REQUEST</u>

DNV USA has the following general objections:

1. The subpoena is issued to "Det Norske Veritas, c/o Mark Cohen, Esq., Cohen, Gorman & Putnam, L.L.P., Suite 1000, 1010 Lamar St., Houston, TX 77002-6314." This is overbroad, vague, ambiguous and otherwise inaccurate. "Det Norske Veritas" is a Foundation based in Norway. The only DNV entity within the subpoena power of this court is DNV USA. Accordingly all responses to this subpoena shall be limited to the records and documents within the care, custody or control of DNV USA.

---

[1]     These objections apply to both the subpoena issued on the form from the United States District Court for the Southern District of Texas, and the subpoena duces tecum attached to the request for deposition(s) pursuant to Rule 30(b)(6), as both requests are identical, and as requests to a non-party, are requests served pursuant to Rule 45.

May 31, 2011                                                                                    Page 2

2.    DNV USA objects to the subpoena as defective, as it was not signed by either the Clerk of Court or the issuing attorney. FED. R. CIV. P. 45(a)(3).

3.    DNV USA objects to the subpoena as a whole to the extent it exceeds the scope of Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, and thus creates an undue burden on DNV USA.

4.    DNV USA objects to the subpoena as a whole as overbroad, unduly burdensome, and harassing, and to the seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence, as there is no limitation on time contained within the subpoena. Subject to and without waiving the foregoing objection or any other objection contained herein, DNV USA hereby limits its production of documents to those documents created on or after April 20, 2005.

5.    DNV USA objects to Anadarko's definition of "document" (Definition No. 1) to the extent it exceeds the scope of Rules 34 and 45 and seeks to capture or encompass documents or information protected from discovery by the attorney-client privilege, as attorney work product, as party communications, and by common law. DNV USA further objects to the definition as unduly burdensome to the extent it seeks irrelevant documents, as Phase I discovery in the MDL 2179 has been limited to the "activities and events leading up to and including the April 20, 2010 Macondo well incident and resulting explosion" as well as "issues relating to the cause or causes and extent of the associated oil spill, and the cause or causes of damages." Consequently, this definition, as applicable to each document request, is overbroad, unduly burdensome, and harassing, and seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.    DNV USA objects to Anadarko's Instruction No. 2 to the extent it exceeds the scope of obligations contained in Rule 45. DNV USA is a third party non-litigant, and so the instruction to produce "raw data along with all codes, programs and metadata for translating it or "information in a finished usable form, which would include all necessary glossaries, keys and indices" is unduly burdensome on DNV USA.

7.    DNV USA objects to Anadarko's definition of "communication" (Definition No. 3) to the extent it seeks to capture or encompass documents or information protected from discovery by the attorney-client privilege, as attorney work product, as party communications, and by common law. Further, the definition is improper to the extent it seeks "any transmission or exchange of any information, whether *orally* or in writing, including without limitation, any conversation or discussion by means of...telephone" not memorialized in writing, which would require DNV USA to potentially create a record.

8.    DNV USA objects to the subpoena as a whole as overbroad. Testimony and documents have been produced by DNV USA, and to DNV USA's knowledge there is no connection between

same and the information sought by this subpoena that is relevant to any claim or defense asserted by Anadarko, or that is reasonably calculated to lead to the discovery of admissible evidence relevant to a claim or defense of Anadarko, or any other party to the litigation for that matter. Anadarko has made no showing that any of the information sought by this subpoena is relevant to any claim or defense, and DNV USA is not required to make that determination. Accordingly, DNV USA objects to the subpoena as a whole as outside the scope of Rule 26.

**SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENT PRODUCTION**

Subject to and without waiving the foregoing general objections, DNV USA has the following specific objections:

1.    **Request No. 1**
      DNV USA objects to the extent the request seeks information that was prepared and produced to the government during the JIT work. A request for such documents is properly directed to the Joint Investigation Team. DNV USA further objects to the extent that the information sought has already been produced or is a matter of public record, and so is equally available to Anadarko. Lastly, DNV USA objects to this request as it seeks information that is not within DNV USA's care, custody or control, as the original raw data generated in connection with Phase II BOP testing is within the care, custody or control of third-party contractor KPMG, and pursuant to court order [Doc. No. 2016] is being disclosed simultaneously to all MDL participants in the testing on a rolling basis.

2.    **Request No. 2.**
      DNV USA objects to the extent the request seeks information that was prepared and produced to the government during the JIT work. A request for such documents is properly directed to the Joint Investigation Team. DNV USA further objects to the extent the information sought has already been produced or is a matter of public record, and so is equally available to Anadarko. Lastly, DNV USA objects to this request as it seeks information that is not within DNV USA's care, custody or control, as the original raw data generated in connection with Phase II BOP testing is within the care, custody or control of third-party contractor KPMG, and pursuant to court order [Doc. No. 2016] is being disclosed simultaneously to all MDL participants in the testing on a rolling basis.

3.    **Request No. 3**
      DNV USA objects to the extent the request seeks information that was prepared and produced to the government during the JIT work. A request for such documents is properly directed to the Joint Investigation Team. DNV USA further objects to the extent the information sought has already been produced or is a matter of public record, and so is equally available to Anadarko. Lastly, DNV USA objects to this request as it seeks information that is not within DNV USA's care, custody or control, as the original raw data

generated in connection with Phase II BOP testing is within the care, custody or control of third party contractor KPMG, and pursuant to court order [Doc. No. 2016] is being disclosed simultaneously to all MDL participants in the testing on a rolling basis.

4.    **Request No. 4**
DNV USA objects to the extent the request seeks information that was prepared and produced to the government during the JIT work. A request for such documents is properly directed to the Joint Investigation Team. DNV USA further objects to the extent the information sought has already been produced or is a matter of public record, and so is equally available to Anadarko. Lastly, DNV USA objects to this request as it seeks information that is not within DNV USA's care, custody or control, as the original raw data generated in connection with Phase II BOP testing is within the care, custody or control of third party contractor KPMG, and pursuant to court order [Doc. No. 2016] is being disclosed simultaneously to all MDL participants in the testing on a rolling basis.

5.    **Request No. 5**
DNV USA objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, as attorney work-product, as party communications, and by common law. Further, DNV USA objects to this request as overly broad, unduly burdensome, and harassing to the extent it encompasses communications between DNV USA and Anadarko, as such information is equally, if not more, available to Anadarko. DNV USA further objects to this request as overbroad as it potentially seeks records not within DNV USA's care, custody, possession and control. Further, it places an undue burden on DNV USA, as it seeks information available from a party or parties to the MDL.

6.    **Request No. 6**
DNV USA objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, as attorney work-product, as party communications, and by common law. Further, the request is vague, ambiguous and overbroad, and seeks irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence. Lastly, DNV USA objects to the extent the information sought has already been produced or is a matter of public record, and so is equally available to Anadarko.

7.    **Request No. 7**
DNV USA objects to this request as overbroad as it potentially seeks records not within DNV USA's care, custody, possession and control. Further, it places an undue burden on DNV USA, as it seeks information available from a party to the MDL.

8.    **Request No. 8**
DNV USA objects to this request as overbroad as it potentially seeks records not within DNV USA's care, custody, possession and control. Further, it places an undue burden on DNV USA, as it seeks information available from a party or parties to the MDL. DNV USA

further objects as the request seeks potentially confidential and proprietary information, and seeks irrelevant information and information not calculated to lead to the discovery of admissible evidence.  Lastly, DNV USA objects to the to the extent that requests seeks information that was prepared and produced to the government during JIT work. A request for such documents is properly directed to the JIT.

9.      **Request No. 9**
        DNV USA objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, as attorney work-product, as party communications, and by common law.  DNV USA further objects to this request as overbroad as it potentially seeks records not within DNV USA's care, custody, possession and control.  Further, it places an undue burden on DNV USA, as it seeks information available from a party or parties to the MDL. Moreover, the request seeks potentially confidential and proprietary information, and seeks irrelevant information and information not calculated to lead to the discovery of admissible evidence.  It also places an undue burden on DNV USA by failing to define or limit "All documents...." It is inappropriate that DNV USA be forced to define the scope or limits of this request and risk misjudging the scope of same.  Lastly, DNV USA objects to the to the extent that requests seeks information that was prepared and produced to the government during JIT work. A request for such documents is properly directed to the JIT.

10.     **Request No. 10**
        DNV USA objects to this request as overbroad as it potentially seeks records not within DNV USA's care, custody, possession and control.  Further, it places an undue burden on DNV USA, as it seeks information available from a party or parties to the MDL.

        Subject to and without waiving the foregoing objections, DNV USA will be producing certain non-privileged, relevant documents, but herein expressly reserves its right under Federal Rule 45 to seek its costs and attorney's fees incurred in connection with all work required to object and respond to the subpoena, including the determination of its legal rights and obligations under the Federal Rules. *Orbit One Comms., Inc. v. Numerex Corp.*, 2009 U.S. Dist. LEXIS 29188 at 11-17 (E.D. La. 2009).

                                        Very truly yours,

                                        COHEN, GORMAN & PUTNAM, L.L.P.

                                        By:_____
                                             Mark Cohen
                                             Richard L. Gorman

MC/RLG/SDG/RAC:sea
01699/ltr to Anadarko.05/31/11