# LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

June 8, 2011

**Don K. Haycraft**

Direct: (504) 556-4128
dkhaycraft@liskow.com

Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on
April 20, 2010, MDL No. 2179
Our File No.: 10451.084

Dear Judge Shushan:

I write concerning a document that has been "clawed back" by DNV because of a request by Transocean. The document in question had been produced in response to a Rule 45 subpoena to DNV issued by BP in late April. BP has returned the document to DNV as Mark Cohen, counsel for DNV, requested. We now wish to bring this to the Court's attention so that the document is required to be produced by DNV, subject to the Court's Order of Confidentialy (Record Document No. 641).

By way of background, DNV is a classification society. Transocean is a customer of DNV's classification services. In the case of *Deepwater Horizon*, for example, DNV was the "Recognized Organization" through which the Republic of the Marshall Islands (the Flag State for the vessel) provided inspection services related to implementation of the International Maritime Organization ("IMO") International Safety Management Code.

As you will see from DNV's subpoena response, attached as Exhibit A, BP's Request No. 6 asked for "All contracts and agreements by and between DNV and Transocean for inspection, audit, survey, or other assessment of Transocean's *Deepwater Horizon* rig or Transocean's Safety Management system."

DNV provided in response to this request: "(A) Transocean-DNV Fleet Agreement (2005-2010)(000101-000142)." Subsequent to production, as you will see from the email string attached as Exhibit B, Mr. Cohen on June 2 requested that this document be returned to him, as Transocean had requested, due to confidentiality concerns. We did so.

I did not review the document before returning it and I have no copies of it. BP counsel instead immediately complied with Mr. Cohen's request.

LISKOW&LEWIS                                                                                      Page 2

June 9, 2011

We now ask the Court to require that this Fleet Agreement be promptly produced. Of course, its confidentiality will be protected pursuant to the Court's Order of Confidentiality.

Sincerely,

Don K. Haycraft

DKH/apf

cc:   (via email)
      Steve Herman
      James Roy
      Mike Underhill
      Mark Cohen
      Attorney General Luther Strange
      Defense Liaison Counsel
      Steve Roberts

# COHEN, GORMAN & PUTNAM, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW

1010 LAMAR STREET, SUITE 1000
HOUSTON, TEXAS 77002-6314
TELEPHONE: (713) 224-0628
FACSIMILE: (713) 224-7487

Email: mcohen@cgptexas.com

May 27, 2011

*Via Email: dkhaycraft@liskow.com &*
*CMRRR No. 7009 1680 0000 4274 7267*

Mr. Don K. Haycraft
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 500
New Orleans, Louisiana 70139

*Via Email: tim.duffy@kirkland.com &*
*CMRRR No. 7009 1680 0000 4274 7274*

Mr. Timothy A. Duffy, P.C.
Kirkland & Ellis, L.L.P.
300 North LaSalle
Chicago, Illinois 60057

C.A. No.: MDL-2179 -
*In re: Oil Spill by the Oil Rig Deepwater Horizon* -
Subpoena dated April 29, 2011 to "Det Norske Veritas" -
Our File: 01699

Gentlemen:

For your convenient reference, attached please find copies of the following:

(1) Subpoena issued on behalf of BP Exploration & Production Inc. (hereinafter "BP") in MDL-2179 dated April 29, 2011; and

(2) Objections of Det Norske Veritas (U.S.A.), Inc.'s (hereinafter "DNV"), the entity to whom you agreed to limit the subpoena, which we served on you by email dated May 13, 2011.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, DNV hereby responds to the subpoena. Please note that DNV shall not produce documents that already have been produced or are a matter of public record. DNV further responds as follows:

1. All documents referring or relating to any inspection, audit, survey, or other assessment of Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, see attached documents 000001-000024.

2.   All communications exchanged within DNV referring or relating to any inspection, audit, survey, or other assessment of Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, none at this time. DNV expects to supplement this response, if any supplement is required, during the next 7 business days.

3.   All documents referring or relating to the education, training, experience, qualification, and evaluation of any person at DNV who inspected, audited, surveyed, or otherwise assessed Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 3.

4.   All documents referring or relating to any guidelines, procedures, policies or practices for inspecting, auditing, surveying, or assessing Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, DNV provides the attached documents:

    (A)   ISM Certification - Guidance for Planning of Periodical Company Audits (000025-000034);
    (B)   Guidance for Auditors to the ISM Code (000035-000091);
    (C)   Shipboard Audit Guide (000091-000098); and
    (D)   Company Audit Guide (000099-000100).

5.   All documents referring or relating to any non-conformities or admonishments issued to Transocean related to DNV's inspections, audits, surveys, or other assessments of Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, see documents produced in response to No. 1, which may have the information sought.

6.   All contracts and agreements by and between DNV and Transocean for inspection, audit, survey, or other assessment of Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

May 27, 2011                                                                                                   Page 3

**Response:** See attached objections. Subject to and without waiving the foregoing objections, find attached:

       (A)    Transocean - DNV Fleet Agreement (2005-2010) (000101-000142).

7. All documents exchanged between and communications between DNV and Transocean referring or relating to Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:** See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive No. 7.

8. All contracts and agreements by and between DNV and the Republic of the Marshall Islands for inspection, audit, survey, or other assessment of Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:** See attached objections. Subject to and without waiving the foregoing objections, none at this time. DNV expects to supplement this response, if any supplement is required, during the next 7 business days.

9. All documents exchanged between and communications between DNV and the Republic of the Marshall Islands referring or relating to Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:** See attached objections. Subject to and without waiving the foregoing objections, see attached documents 000001-000024, which may be the information sought. DNV expects to supplement this response, if any supplement is required, during the next 7 business days.

10. All documents exchanged between and communications between DNV and BP referring or relating to Transocean's *Deepwater Horizon* rig or Transocean's safety management system.

**Response:** See attached objections. Subject to and without waiving the foregoing objections, DNV expects to supplement this response, if any supplement is required, during the next 7 business days.

11. All documents exchanged between and communications between DNV and any member of the media or press referring or relating to the *Deepwater Horizon* Incident created on or after April 20, 2010.

**Response:**   See attached objections. Without waiving same: there were none.

12. All documents referring or relating to any inspection, audit, survey, or other assessment of the blowout preventer utilized in Transocean's *Deepwater Horizon* rig, including but not limited to data, information, protocols, checklists, video footage, photographs, and notes.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 12.

13. All communications referring or relating to any inspection, audit, survey, or other assessment of the blowout preventer utilized in Transocean's *Deepwater Horizon* rig.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 13.

14. All communications, documents, and drafts related to the preparation and publication of the document entitled "Final Report for United States Department of the Interior: Bureau of Ocean Energy Management, Regulation, and Enforcement, Washington, DC 20240 (Volumes I and II)" by DNV.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 14.

15. To the extent not requested above, all documents related to the Macondo Well.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 15.

16. To the extent not requested above, all documents related to the Oil Spill.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 16.

17. To the extent not requested above, all documents related to BP concerning the *Deepwater Horizon*, the Macondo Well, or the Oil Spill.

**Response:**   See attached objections. Subject to and without waiving the foregoing objections, counsel agreed to waive Request No. 17.

May 27, 2011                                                                                                   Page 5

                        Very truly yours,

                        COHEN, GORMAN & PUTNAM, L.L.P.

                        By: _____
                                Mark Cohen
                                Richard L. Gorman

MC/RAC:sea
01699/ltr to BP.Duffy2.05/27/11

**Don K Haycraft**

**From:** Don K Haycraft
**Sent:** Wednesday, June 08, 2011 2:23 PM
**To:** 'Roberts, Steven'
**Cc:** Tim Duffy; Andrew Langan
**Subject:** FW: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

Steve,
Please let me know if we have "met and conferred" sufficiently - if so, I intend to send a "letter brief" (with emphasis on "brief") to Judge Shushan to ask for the production of the Agreement before the DNV 30b6 deposition on June 21. Please reconsider your position regarding relevance.

Don

-----Original Message-----
From: Don K Haycraft
Sent: Tuesday, June 07, 2011 8:12 AM
To: 'Roberts, Steven'
Cc: Tim Duffy
Subject: RE: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

Steve,
I have returned the document and so I can't say I had time to study it before the request to return it came from Mark Cohen.
It was responsive to subpoena request no. 6: "All contracts and agreements by and between DNV and Transocean for inspection, audit, survey, or other assessment of Transocean's Deepwater Horizoin rig or Transocean's safety management system."

The document is described as "Transocean - DNV Fleet Agreement (2005-2010)."

If the document matches in any way the description provided by DNV, then clearly it is a relevant document. Do you prefer to take this up with Judge Shushan?

Don

-----Original Message-----
From: Roberts, Steven [mailto:Steven.Roberts@sutherland.com]
Sent: Tuesday, June 07, 2011 6:46 AM
To: Don K Haycraft
Subject: Re: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

I know what it is. I'm asking why is it relevant.

----- Original Message -----
From: Don K Haycraft [mailto:dkhaycraft@liskow.com]
Sent: Tuesday, June 07, 2011 07:34 AM
To: Roberts, Steven
Subject: Re: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

This is pre April 20. Agreement between dnv and to for survey services.

"Roberts, Steven" <Steven.Roberts@sutherland.com> wrote:

Why?

It never should have been released and isn't part of the MDL process. TO had nothing to do with hiring DNV for the JIT

S

----- Original Message -----
From: Don K Haycraft [mailto:dkhaycraft@liskow.com]
Sent: Tuesday, June 07, 2011 07:29 AM
To: Roberts, Steven
Cc: A Langan <alangan@kirkland.com>; Tim Duffy <tduffy@kirkland.com>; dangoforth@goforthlaw.com <dangoforth@goforthlaw.com>; edempsey@kirkland.com <edempsey@kirkland.com>; Paul Collier <pcollier@kirkland.com>; Baay, David; Kerry Miller <kmiller@fpkc.com>
Subject: RE: DWH  - Response to BP Subpoena including:  Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back /  0ur file 01699

Steve
My request is that you reconsider in view of PTO 13 (Confidentiality Order) and its protection under "highly confidential " designation

Don

"Roberts, Steven" <Steven.Roberts@sutherland.com> wrote:

Don
I believe we did respond to DNV and requested the clawback.
best regards
steve


Steven Roberts | Partner | 713.470.6192
-----Original Message-----
From: Don K Haycraft [mailto:dkhaycraft@liskow.com]
Sent: Tuesday, June 07, 2011 1:27 AM
To: Baay, David; Roberts, Steven; Miller, Kerry J.; dangoforth@goforthlaw.com
Cc: A Langan; Tim Duffy; edempsey@kirkland.com; Paul Collier
Subject: FW: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

Dear TO attorneys,
I sent this email with the intention to bring something to your attention but believe the message may have gotten buried in the avalanche of daily emails.  Please take a look at the question of the confidentiality clawback of DNV in responding to our subpoena.

Don

-----Original Message-----
From: Don K Haycraft
Sent: Friday, June 03, 2011 8:55 AM
To: 'Mark Cohen'; tim.duffy@kirkland.com

2

Cc: 'Baay, David'; 'Richard L. Gorman'; rcolvin@cgptexas.com; Amund.W.Skou@dnv.com; dgilbert@cgptexas.com; arhodes@cgptexas.com
Subject: RE: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699

Mark,

I will certainly send back the TO-DNV Agreement because you request it.
I note, however, and request from TO a response, that PTO #13 allows for designation of "Highly Confidential" for documents where trade secrets or other proprietary information is involved.

Given the relevance of the document, I request that TO consent to its production pursuant to the Court's Confidentiality Order.


Don K. Haycraft

(504) 556-4128 Direct
(504) 556-4108 Fax
dkhaycraft@liskow.com



New Orleans  |  Lafayette  |  Houston

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
www.liskow.com



Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.



-----Original Message-----
From: Mark Cohen [mailto:mcohen@cgptexas.com]
Sent: Thursday, June 02, 2011 3:30 PM
To: Don K Haycraft; tim.duffy@kirkland.com
Cc: 'Baay, David'; 'Richard L. Gorman'; rcolvin@cgptexas.com; Amund.W.Skou@dnv.com; dgilbert@cgptexas.com; arhodes@cgptexas.com
Subject: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699
Importance: High

Don and Tim,

3

    Per my note below, which you have seen in copy, this follows my telephone message's) to Don and conversation with Tim of a few minutes ago.

    I must claw back the document at pages 00101-00142 of the bundle sent you both under cover of my letter dated May 27, 2011.

    Transocean has a confidentiality interest in the document, and objects to release of same. We transmitted the document under a misconception of the degree to which parties in MDL 2179 coordinated and pre-cleared confidentiality issues related to discovery from non-parties.

    Don, we did not get to speak about this, and I am away for the coming week, so I would be obliged if you would call me soonest should you need to do so.

    With apologies to you both for the inconvenience caused, I thank you both for your courtesy and cooperation.

    Regards,
    Mark

Mark Cohen
Cohen, Gorman & Putnam, L.L.P.
1010 Lamar Street, Suite 1000
Houston, Texas 77002-6314

Office Phone: 713-224-0628
Fax:     713 224-7487
Email: mcohen@cgptexas.com
Mobile Phone: 832-725-6750
***********************

CONFIDENTIALITY STATEMENT
This communication, all related responses and any attachments are intended for the use of the addressee(s) only, and may contain information that is PRIVILEGED, CONFIDENTIAL, and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient of this communication, you are hereby notified that dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and its attachments, destroy any hard copies you may have created and notify Mark Cohen or the Office Manager the above email address and telephone number 713-224-0628.


-----Original Message-----
From: Mark Cohen
Sent: Thursday, June 02, 2011 2:52 PM
To: Baay, David
Cc: Roberts, Steven; Thalgott, Garrett; Don K Haycraft; tim.duffy@kirkland.com; Amund.W.Skou@dnv.com; Peter.Bjerager@dnv.com; Kenneth.Vareide@dnv.com; rgorman@cgptexas.com; rcolvin@cgptexas.com; dgilbert@cgptexas.com; arhodes@cgptexas.com
Subject: DWH - Response to BP Subpoena including: Transocean-DNV Fleet Agreement - Bates 101-142 - Claw Back / 0ur file 01699
Importance: High

David,

    In view of your note to me (by email) dated June 2, 2011, which responds to my email (with attachment) dated May 30, 2011, regarding DNV's disclosure of the Transocean Fleet Agreement 2005 - 2010, and my conferences with you:

    I have telephoned Mr. Tim Duffy and Mr. Don Haycraft, the lawyers who issued and administered the scoping of the BP subpoena respectively (both reading this in cc). Mr. Duffy had not yet unclipped the bundle of documents that included the Fleet Agreement. I

4

explained to him that DNV misunderstood the state of the MDL 2179 parties' arrangements regarding discovery, and that in view of the Transocean's objection to disclosure, I had to claw back the Fleet Agreement. Mr. Duffy said he would put it in the mail to me (or destroy it) instantly. I asked him to mail the document back to me immediately and he said he would.

Don Haycraft is away from his desk. I left him a message similar to what I delivered to Mr. Duffy, and so I assume that in due course I shall be able to confirm that he is taking similar action.

My apologies to you and Transocean for the inconvenience caused.
Disclosure of the Fleet Agreement occurred because we overestimated the degree to which the MDL 2179 parties had coordinated and pre-cleared
confidentiality issues related to discovery from non-parties.

DNV has a few more records to release related to the BP subpoena, and later this month DNV must answer a second subpoena, issued by Anadarko's counsel. To the extent Transocean documents that are not already public record are called for by same, we shall show you a copy of same before responding to the subpoena. Although there will not be that much time for your review, we shall move forward as promptly as possible.

Again, my apologies for the inconvenience.
I appreciate your courtesy and cooperation.

Regards,
Mark
Mark Cohen
Cohen, Gorman & Putnam, L.L.P.
1010 Lamar Street, Suite 1000
Houston, Texas 77002-6314

Office Phone: 713-224-0628
Fax:    713 224-7487
Email: mcohen@cgptexas.com
Mobile Phone: 832-725-6750
***********************
CONFIDENTIALITY STATEMENT
This communication, all related responses and any attachments are intended for the use of the addressee(s) only, and may contain information that is PRIVILEGED, CONFIDENTIAL, and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient of this communication, you are hereby notified that dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and its attachments, destroy any hard copies you may have created and notify Mark Cohen or the Office Manager the above email address and telephone number 713-224-0628.


-----Original Message-----
From: Baay, David [mailto:David.Baay@sutherland.com]
Sent: Thursday, June 02, 2011 1:35 PM
To: Mark Cohen
Cc: Roberts, Steven; Thalgott, Garrett
Subject: Transocean-DNV Fleet Agreement

Mark,

Please see attached correspondence.

5

David A. Baay

Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700 | Houston, TX 77002-6760
713.470.6112 direct | 832.677.1322 mobile | 713.654.1301 facsimile david.baay@sutherland.com
| www.sutherland.com

CIRCULAR 230 DISCLOSURE: To comply with Treasury Department regulations, we inform you that, unless otherwise expressly indicated, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or any other applicable tax law, or (ii) promoting, marketing or recommending to another party any transaction, arrangement, or other matter.

This e-mail message is intended only for the personal use of the
recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.