# BINGHAM

James J. Dragna
Direct Phone: 213.680.6436
Direct Fax:    213.830.8636
jim.dragna@bingham.com

June 16, 2011

**Via E-mail (Sally_Shushan@laed.uscourts.gov)**

The Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA  70130

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the
      Gulf of Mexico on April 20, 2010, MDL 2179

Dear Judge Shushan:

On behalf of Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("AEP"), I write in response to the letter Mr. Duffy emailed you yesterday on behalf of BP. Mr. Duffy's letter brings to your attention an issue about which APC and AEP (together with MOEX Offshore 2007 LLC ("MOEX"), the "Non-Operator Defendants") each separately wrote BP this past week as part of the meet and confer process required by Your Honor's May 13, 2011 Order compelling BP to respond to the Non-Operator Defendants' discovery requests.

In their "meet and confer" letters, APC and AEP challenged, among other things, BP's refusal to provide any substantive answers to numerous interrogatories. Claiming that, under the PTO # 11/Case Management Order No. 1, APC and AEP together are entitled to propound only fifty interrogatories between them, BP interposed a sweeping objection, and provided no substantive responses to any of AEP's interrogatories. At the same time, BP has refused to respond substantively to eight of APC's forty interrogatories on the baseless ground that APC's thirty-two other interrogatories actually exceed fifty when taking into account subparts (although BP nowhere identifies the subparts that it contends should be treated as individual interrogatories). Both of these positions appear to reflect a goal -- and certainly have the effect -- of evading and delaying BP's obligation to respond to legitimate, routine discovery that was first served on January 7, 2011, now more than five months ago.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

T +1.213.680.6400
F +1.213.680.6499
bingham.com

A/74329686.1

Honorable Sally Shushan
June 16, 2011
Page 2

There is no basis for BP's contention that APC and AEP should be considered one party for purposes of the number of interrogatories allotted to them in this proceeding. APC and AEP are irrefutably separate entities. They had separate and distinct ownership interests in the lease for Mississippi Canyon Block 252. More importantly, they are separately named defendants. Case Management Order 1 (10/19/10), subsection V.(D.) governing discovery, provides: "Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to fifty (50) Interrogatories to each Defendant without leave of Court." (Emphasis added). The Federal Rules that the CMO expressly incorporates provide that "[u]nless otherwise stipulated or ordered by the court, **a party** may serve on **any other party** no more than 25 written interrogatories, including all discrete subparts." *See* Fed. R. Civ. P. 33(a)(1) (emphasis added). The plain language of Rule 33 applies the interrogatory limitation to each party, not to each side. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP,* 217 F.R.D. 288, 289 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff."); *Madison v. Nesmith,* 2008 WL 619171, at *3 (N.D.N.Y. Mar. 3, 2008) ("Under Rule 33, plaintiff was entitled to serve up to 25 Interrogatories *on each of the three defendants.*" (emphasis added)).

APC and AEP are no less distinct and separate parties in this case than are, for example, APC and MOEX. Each of the three entities held separate and distinct ownership interests in the lease for Mississippi Canyon Block 252. BP is not contending that APC and MOEX are entitled to only fifty interrogatories between them. Nor could it. BP served separate discovery requests on both APC and MOEX. It did so in accordance with Case Management Order No. 1, which entitles parties to propound up to fifty (50) interrogatories on each Defendant. Since APC and AEP are likewise separate defendants, BP clearly could have served fifty interrogatories on each of APC and AEP. With the Order permitting BP to propound up to fifty interrogatories on each of APC and AEP, CMO No. 1 cannot rationally or fairly be construed to prohibit APC and AEP from each serving discovery of its own on BP, particularly where the Federal Rules permit each "party to serve [the maximum amount of interrogatories] on any other party." *Trevino v. ACB American, Inc.* 232 F.R.D. 612, 614 (N.D. Cal. 2006), ("[a]ccording to the Federal Rules, *each*

plaintiff may serve each defendant with 25 interrogatories") (emph. in original); *Zamora v. D'Arrigo Bros. Co.* 2006 U.S. Dist. Lexis 21208, at *10 (N.D. Cal. 2006) ("According to the Federal Rules, *each* plaintiff may serve *each* defendant with 25 interrogatories. Because there are four named plaintiffs, they can serve a total of 100 interrogatories on defendant.") (emph. in original).

As in all such instances, exaggerated terminology like "shenanigans" does little to advance the civil resolution of this matter. It also smacks a bit of the pot calling the kettle black given BP's refusal to answer many of APC's interrogatories on the ground that APC's interrogatories alone (exclusive of AEP's interrogatories) number more than fifty -- purportedly because some contain subparts. In fact, APC has served only forty interrogatories. Most of the forty have no subparts. In those that do have subparts, the subparts are "logically or factually subsumed within and necessarily related to the primary [interrogatory in] question" and thus not countable as separate interrogatories under the Federal Rules. *Estate of Manship v. United States,* 232 F.R.D. 552, 555 (M.D. La. 2005).

The disingenuousness of BP's "over fifty" objection is also demonstrated by BP's having provided substantive answers to only *thirteen* of the forty interrogatories (and, in two of those, BP did nothing more than incorporate its responses to other interrogatories). In thirteen other of BP's forty responses, BP provided no substantive response but rather states that it will merely search for and produce documents. In other words, even though it improperly essentially treated thirteen of the interrogatories as document requests for purposes of responding to them, BP somehow has counted them toward the fifty interrogatory limit (that Anadarko has not even come close to exceeding in any event). Further, BP provided *no* substantive response whatsoever, and did nothing other than object, to the thirteen other of the forty interrogatories served by APC. In short, of the forty interrogatories served on BP by APC, BP has provided a substantive response to less than one-third of them. In the event that BP continues, after the meet and confer process has been fully conducted, to refuse to answer APC's interrogatories on the frivolous ground that, with subparts, they exceed fifty, then APC will move to compel.

With respect to BP's request in Mr. Duffy's letter of yesterday for an instruction that, contrary to CMO No. 1 and the Federal Rules, APC and AEP should be grouped together and treated as one party for purposes of application of the fifty-interrogatory limit, AEP and APC respectfully ask that the Court deny the request and clarify that, as distinct parties, AEP and APC may each serve up to fifty interrogatories on BP.

Honorable Sally Shushan
June 16, 2011
Page 4


If, notwithstanding the foregoing, the Court construes its CMO No. 1 as limiting each "side" of the claims at issue to fifty interrogatories, then APC and AEP respectfully request immediate relief from those limitations due to the complexities of the case and the absence of other parties similarly situated to APC and AEP that have not settled with BP.

Sincerely yours,

James J. Dragna

cc:   Ky E. Kirby
      Warren Anthony Fitch
      Deborah Kuchler
      Steve Herman
      James P. Roy
      Michael Underhill
      Corey Maze
      Bill Large
      Anthony Irpino
      MDL 2179 Defense Liaison Counsel