From:
"Richard Gorman" <rgorman@cgptexas.com>
 To:
<Sally_Shushan@laed.uscourts.gov>, <Mike_OKeefe@laed.uscourts.gov>, <DGrassmick@kirkland.com>, "David Jones" <DJONES@brsfirm.com>, "Alex Roberts" <aroberts@brsfirm.com>, "Baay, David" <David.Baay@sutherland.com>, "Thalgott, Garrett" <GThalgott@frilot.com>, "'Bertaut, Carmelite'" <CBertaut@stonepigman.com>, "'Wittmann, Phillip A.'" <PWittmann@stonepigman.com>, <tim.duffy@kirkland.com>, "Fitch, Warren Anthony" <Tony.Fitch@bingham.com>, <Charles.Wallace@sol.doi.gov>, <Olivia.Adrian@boemre.gov>, <Silvia.Murphy@sol.doi.gov>, <Heather.S.Kennealy@uscg.mil>, <Jeff.R.Bray@uscg.mil>, "Frost, Peter \(CIV\)" <Peter.Frost@usdoj.gov>, <Mike.Underhill@usdoj.gov>, "O'Rourke, Steve \(ENRD\)" <Steve.O'Rourke@usdoj.gov>, <mcohen@cgptexas.com>, <rgorman@cgptexas.com>, "Ruth Colvin" <rcolvin@cgptexas.com>, <dkhaycraft@liskow.com>
 Date:
06/10/2011 12:56 PM
 Subject:
RE:  DWH - MDL 2179 - DNV's Plan for responding to Rule 45 Subpoenas

Dear Magistrate Judge Shushan and Interested Litigants:

DNV USA has developed a plan for dealing with production of documents and information responsive to subpoenas from Anadarko Petroleum Corp. and BP Exploration and Production, Inc.  I write to advise the Court of this plan, and to inform the various interested parties so that the necessary review work can be completed this weekend, for the Monday production date.  As the Court is aware, DNV USA has been involved with other work under the Court's guidance, so it has been a phenomenal effort on DNV USA's part to gather information while attempting to remain on schedule with the ongoing work at Michoud.  DNV USA's counsel has contacted counsel for all of the interested litigants (the government [DOI, DOJ, CO and any others], Cameron, Transocean and BP) and explained in general what it intends to do in this developing situation.  I have now developed the detailed plan for this weekend's work.

WHY:  DNV USA has contractual relationships with several parties to the litigation.  These contracts universally contain some sort of confidentiality provision, as do the contracts with the sub-contractors at Michoud that are not parties to the litigation.  Certain contracts specifically state that DNV USA cannot release any information without the approval of DNV USA's customer.  Given these contractual relationships, and obligations, DNV USA needs the approval of its customers in order to release documents, and takes the position that it is up to that party to decide what can and cannot be produced, and why.  Certainly, as the Court appreciates, DNV USA and its counsel are not in a position to make confidentiality and/or discovery related decisions for the litigants or other non-parties, all of whom are already (or may be) represented by counsel who are in the best position to advise their client.  Understandably, DNV USA is of the view that should a party determine that certain documents cannot be produced, that party should be responsible for creating any privilege log and asserting its position to the Court, not DNV USA.  Another complicating issue for DNV USA are the sub-contractor documents related to the work at Michoud in DNV USA's possession. These sub-contractor documents are records of a non-parties who necessarily are not in a position to protect their interests.  These parties should not have to hire counsel to review the records to make a determination about what information is proprietary to them.  It is DNV USA's position that all of these records relating to the various sub-contracts be marked confidential or highly confidential so that these non-parties are protected.

PLAN:  Subject to and without waiving its objections, DNV USA's counsel plans to complete the segregation of these voluminous documents by each interested party later today, but more likely this will not be complete until late tonight.  Documents are continuing to come in from various sources, and

this seemingly has been a 24 hour a day project for DNV USA personal and counsel.  We need the interested parties to come to our office to review the documents this weekend.  We initially thought we could send each party its documents, but the volume has become too great.

Separate rooms have been designated within CGP's offices in Houston to house the documents of each interested party.  DNV USA invites each party (the government, Transocean, Cameron and BP) to contact CGP and arrange for a time this weekend to come and view the documents and tag what can or cannot be produced.  Some of the information to review is on discs, so each party should bring a laptop for reviewing this information.  During the process, each party should log the documents it tags that it considers not producible.  Due to the volume of documents involved, CGP intends to be open from 8:00 a.m. until 5:00 p.m. on Saturday and Sunday, or as otherwise is necessary, and we have ordered A/C each day during the 8 to 5 time frame to accommodate the work.  My suggestion for each party is to arrive as early Saturday as possible to asses that party's workload, and then get started.  Some parties will have more documents than others.  I suspect the government will have the largest share.  For everyone's reference, details on the building and how to gain access are attached.   The physical address is 1010 Lamar Street, Suite 1000, Houston, Texas 77002.

Once the review process is complete, CGP plans on Monday to prepare the documents selected for production by means of making the documents available to the parties in its Houston office.  Ideally, DNV USA suggests that the parties select one vendor agreeable to all to take possession of the records for reproduction at each party's expense, with the original documents to be returned to CGP.  This vendor will have to comply with whatever Court guidelines are in place regarding vendor confidentiality and the like, but CGP leaves that to the parties to address.

Magistrate Judge Shushan:  As you might can tell from the tenor of this letter, DNV USA and its counsel have spent considerable time and effort trying to arrange for the production of records.  We shall be responding separately later today to the Cameron letter, to which the Court has stated responses need to be provided.  Be that as it may, and understanding that that process takes away from the limited time available for document organization, you hopefully can gain some insight from this email into the issues with which DNV USA and ourselves are dealing as the process develops.  DNV USA is not a party, as the Court knows, and is not privy to what has been produced in the litigation already.  Nor is it privy to any discovery decisions that may have been made by the Court.  DNV USA is attempting to protect the interests of its customers and vendors, in addition to its own interests.  To the extent there is anything you believe we can do better, or need to add to the proposal above, please let me know.  We appreciate that you have more direct experience in connection with these matters, and we certainly value the Court's guidance and assistance in helping get this necessary work completed.  Thank you in advance for your considered views, which I expect to receive.

NOTE:  DNV USA has provided this email for planning purposes only.  The email should not in any way be construed as a waiver of the attorney-client privilege, attorney work product, or any other right or privilege that DNV USA may have in responding to the subpoenas.

I have tried to send this email to all interested parties.  If any recipient knows of others that should receive this email, I encourage them to provide it to them so that all interested parties are informed.

Best regards and safe journey home,

Richard

Richard L. Gorman
Cohen, Gorman & Putnam, L.L.P.
1010 Lamar, Suite 1000
Houston, Texas 77002-6314
Telephone: (713) 224-0628
Telefax: (713) 224-7487
Mobile: (832) 725-4026