IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@HHKC.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

June 10, 2011

*VIA* **E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Re: <u>Production of Settlement and/or Indemnity Agreements</u>

Dear Judge Shushan:

      On May 24, 2011, the Plaintiffs served their [Sixth] Omnibus Discovery Requests on All Defendants, seeking **(i)** any and all settlement agreements and/or indemnity agreements executed between or among two or more Defendants after April 20, 2010, and **(ii)** the identification of the existence of any joint-prosecution and/or joint-defense agreements, (see enclosed).[1]

      While the trigger for these Requests was the public announcement of the MOEX-BP Settlement, Plaintiffs seek additional post-incident agreements between or among the parties (*e.g.* BP and one or more of the Clean-Up Defendants), which may exist at this time.

      First and foremost, Plaintiffs believe that the agreement(s) are relevant to the issues of bias and credibility. Jurisdcitional issues, moreover, with respect to one or more parties, might be implicated.

      Secondly, Plaintiffs would expect that the agreement(s) would be relevant to the defendants with respect to various credit or set-off issues which might relate to their potential contribution, subrogation and/or indemnity obligations.

---

[1] Plaintiffs erroneously designated the discovery as their "Sixth" Omnibus Requests on All Defendants, but it was apparently actually Plaintiffs' Seventh Set of Omnibus Requests. To the extent this has resulted in any confusion, Plaintiffs apologize.

Finally, Plaintiffs believe that the existence and terms of such agreement(s) would be relevant to all parties and to the Court with respect to the fair and appropriate management of pre-trial issues (*e.g.* deposition time allocation), as well as the February 2012 trial plan.

While Federal Rule of Evidence 408(a) generally precludes the admission of settlement communications or agreements "when offered to prove liability for, invalidity of, or amount of a claim," the rule expressly permits the admission of such agreements for other purposes, including bias or prejudice. FED. RULE EVID. 408(b). As interpreted and applied in the discovery context, courts have frequently held that, while statements or other communications made in conjunction with settlement negotiations are protected, the settlement agreement itself, where relevant, is subject to production. *See, e.g.,* Kiln Underwriting Ltd. v. Jesuit High School of New Orleans, No.06-4350, 2008 WL 4190991 (E.D. La. Aug. 27, 2008); Koch Industries, Inc. v. Columbia Gas Transmission Corp., No.89-2156, 1990 WL 72789 (E.D.La. May 29, 1990); In re Enron Corp. Securities and Derivative Lit., 623 F.Supp.2d 798, 836-838 (S.D. Tex. 2009) ("federal district courts routinely order production of settlement agreements that are relevant to a claim or defense of a party" .... "Although under Federal Rule of Evidence 408, settlement agreements are not admissible at trial to prove liability, state and federal courts have held that settlement agreements are discoverable to the extent that they are relevant"); Software Tree LLC v. Red Hat, Inc., No.6:09-cv-097, 2010 WL 2788202 (E.D.Tex. June 24, 2010) (discussing the caselaw surrounding the privilege and holding that settlement negotiations were protected but that plaintiff was compelled to produce the entire settlement agreement, including all exhibits thereto).

For the above and foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to produce the BP-MOEX Settlement Agreement, as well as any other post-April 20, 2010 settlement and/or indemnity agreements.

As always, we appreciate the Court's time and consideration in this matter.


Respectfully submitted,


   /s/ Stephen J. Herman                                       /s/ James P. Roy
*Plaintiffs Liaison Counsel*                                  *Plaintiffs Liaison Counsel*


Enclosures
   cc: Defense Liaison Counsel (*via* E-Mail)
       Mike Underhill, Esq. (*via* E-Mail)
       Hon. Attorney General Luther Strange (*via* E-Mail)