From:
"Andrew Langan" <alangan@kirkland.com>
 To:
Sally_Shushan@laed.uscourts.gov
 Cc:
mike_o'keefe@laed.uscourts.gov, James Roy <JIMR@wrightroy.com>, "Herman, S" <sherman@hhkc.com>, "robert cunningham" <RTC@cunninghambounds.com>, "Paul M. Sterbcow" <sterbcow@lksalaw.com>, "Defense Committee MDL 2179" <dsc2179@liskow.com>, "michael underhill" <Mike.Underhill@usdoj.gov>, deepwater.horizon@usdoj.gov, "Corey Maze" <CMaze@ago.state.al.us>, liaison2179@liskow.com
 Date:
06/10/2011 03:30 PM
 Subject:
MDL 2179 --  BP Submission regarding pre July 31 and post July 31 Deponent Issues


Dear Judge Shushan:

This is BP 's submission as requested by the Court relating to remaining pre July 31 and post July 31 phase 1 deponents.


**1.  Scheduling of Certain BP Deponents.**

To keep the process moving ahead on depositions the Court has allowed to go forward per Your Honor's May 31 memo, BP has arranged for the following additional dates:

**Keith Daigle**:   July 19-20 in NOLA

**Galina Skripnikova**:  July 7-8 in NOLA

**Curtis Jackson:**   July 21 in NOLA [tentative date please]

We are working on dates for other BP deponents identified by the Court as proper, both pre July 31 (and post July 31) depositions.


**2.  Certain Witnesses Requested By Cameron:**

Cameron recently stated that as to proposed BP affiliated deponents Mark Childers and Ralph Linenberger;  Cameron will withdraw its request for their depositions if BP disclaims them as witnesses, fact or otherwise.    BP responds as follows:

**Mark Childers**:  This will confirm that BP will not call Mr. Childers as a fact witness.  If BP identifies Mr. Childers as a testifying expert, we will make him available for deposition in accordance with the Court's schedule for expert discovery.

**Ralph Linenberger:**  As to Mr. Linenberger, BP currently has no intention of calling him as a fact witness.  Like Mr. Childers, if BP decides to identify Mr. Linenberger as an expert, we will make him available  for deposition in accordance with the Court's schedule for expert discovery.

Accordingly, BP does not believe a fact deposition of either Childers or Linenberger need proceed at this time.

3. **Objections to Other Suggested BP deponents:**

**Mark Mazalla**
Halliburton has requested more deposition time with Mazella. But Mazzella's one-day dep per 30(b)(6) was on the pre-incident well control topics that fall within his factual knowledge/responsibility as the BP Segment Engineering Technical Authority (SETA) for Well Control. Also, Halliburton already asked him about flow path as part of the static kill & the relief well topics. To the extent Halliburton feels the need to ask him more about flow path or his role in the response outside the 30b6 topics they can do so in September (or later) as part of Phase 2, where he is already on the deponent list. There is no need to bring him back now in the event phase.

**Tony Emmerson**
Tony Emmerson is a BP employee. He was a member of the BOP group of BP's internal investigation team. Prior to the Incident, Mr. Emmerson was not involved with the Macondo well or the *Deepwater Horizon.* Mr. Emmerson's supervisor on the internal investigation team, Feredouin Abbassian, was already deposed on May 3 and 4, and Mr. Emmerson's relevant knowledge is essentially duplicative of Mr. Abbassian's. Furthermore, Cameron's late notification of this deposition is unjustified, as the internal investigation team documents, including documents identifying team roles, were produced early in the discovery process, and other members of the internal investigation team were deposed as early as January 2011. Last, BP has already produced 46 witnesses, substantially more than any other party, and to produce another witness with knowledge duplicative to that of another BP deponent is completely unnecessary.

**Tim Allen**
Tim Allen is a BP employee. He was a member of the BOP group of BP's internal investigation team. Prior to the Incident, Mr. Allen was not involved with the Macondo well or the *Deepwater Horizon.* Mr. Allen's supervisor on the internal investigation team, Feredouin Abbassian, was already deposed on May 3 and 4, and Mr. Allen's relevant knowledge is essentially duplicative of Mr. Abbassian's. Furthermore, Cameron's late notification of this deposition is unjustified, as the internal investigation team documents, including documents identifying team roles, were produced early in the discovery process, and other members of the internal investigation team were deposed as early as January 2011. Last, BP has already produced 46 witnesses, substantially more than any other party, and to produce another witness with knowledge duplicative to that of another BP deponent is completely unnecessary.

**Ray Fleming**
Ray Fleming is a BP employee. He was a member of the BOP group of BP's internal investigation team. Prior to the Incident, Mr. Fleming was not involved with the Macondo well or the *Deepwater Horizon.* Mr. Fleming 's supervisor on the internal investigation team, Feredouin Abbassian, was already deposed on May 3 and 4, and Mr. Fleming's relevant knowledge is essentially duplicative of Mr. Abbassian's. Furthermore, Cameron's late notification of this deposition is unjustified, as the internal investigation team documents, including documents identifying team roles, were produced early in the discovery process, and other members of the internal investigation team were deposed as early as January 2011. Last, BP has already produced 46 witnesses, substantially more than any other party, and to produce another witness with knowledge duplicative to that of another BP deponent is completely unnecessary.

Thank you as always for the Court's consideration.

Respectfully submitted,

Andy Langan

**J. Andrew Langan, P.C.| Kirkland & Ellis LLP**
300 NORTH LASALLE STREET

CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** │ (312) 862-2200 **FAX**
andrew.langan@kirkland.com