

Telephone: (415) 436-6648
Facsimile:  (415) 436-6632
Email:  mike.underhill@usdoj.gov

U.S. Department of Justice

Civil Division, Torts Branch
Admiralty & Aviation
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
*Overnight Delivery Address:*
*7th Floor, Room 7-5395*
*450 Golden Gate Avenue*
*San Francisco, CA 94102-3463*

June 10, 2011

Via E-Mail (Sally_Shushan@laed.uscourts.gov)

Magistrate Judge Sally Shushan
United States Magistrate Judge
United States Courthouse, Room B-345
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA.  70130

    Re:    *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
           USDC, EDLA, Civ. No. 10-MD-2179-CJB-SS
           DJ #62-32-260

Dear Magistrate Judge Shushan:

      The United States submits this letter to request certain limits on the production of documents from, and the testimony of, Det Norske Veritas USA ("DNV"), in response to the Court's June 9, 2011 "Order [Regarding DNV Objections to Rule 30(b)(6) subpoena]."

      To the extent it is necessary, please consider this letter to be a Motion under Fed. R. Civ. P. 45(c)(3)(A)(iii) to Quash or Modify the subpoena issued to DNV.

I.    **Background**

      The factual background in Mr. Wittmann's June 8, 2011 letter to you appears to be reasonably accurate and suffices for our purposes.  We supplement it here only to note that the Bureau of Ocean Energy, Management, Regulation and Enforcement ("BOEMRE") specifically contracted with DNV to perform technical investigatory

functions on behalf of the United States' BOEMRE/Coast Guard Joint Investigation Team ("JIT"), which did not have resident forensic blowout preventer expertise. In addition, the Department of Homeland Security and Department of the Interior Convening Order that established the JIT on April 26, 2010, specifically referred to and invoked the protections of 46 U.S.C. § 6308, as part and parcel of any Coast Guard marine casualty investigation.

The United States recognizes, however, that the conduct of the forensic testing of the BOP was not determined solely by the JIT and DNV. The testing was, to varying degrees, governed by and subject to the Court's direction. Due to the unique nature of the BOP forensic examination, the Court exercised considerable over-sight for the JIT's testing of the BOP.

Mr. Wittmann's letter lists DNV's objections in five categories. We will use the same numbering in this letter. The United States takes no position on DNV's objections in categories 2 through 5. The purpose of this letter is solely to comment on DNV's objections in category 1, in which DNV objected to production of document that were prepared and produced to the government during the JIT's investigation. The United States asserts this objection based on 46 U.S.C. § 6308.

## II. Legal Standards for 46 U.S.C. § 6308

The Government's marine casualty investigation privilege provides that:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C. § 6308(a). The list of covered activities is not considered comprehensive or exhaustive, but is meant to establish that every part of a marine casualty investigation is privileged. *See Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co.*, 2007 U.S. Dist. LEXIS 71675 (E.D. La. Sept. 26, 2007) (stating that "there is no indication that the list of parts of an investigative report is exclusive," but rather that "the term 'including' suggests that it is only illustrative"); *see also In re Atl. Marine Prop. Holding Co.*, 2008 U.S. Dist. LEXIS 61830 (S.D. Ala. Aug. 13, 2008); *In re Eternity Shipping, Ltd.*, 444 F. Supp. 2d 347, 363 (D. Md. 2006); *Falconer v. Penn Maritime Inc.*, 397 F. Supp. 2d 68, 70 (D. Me. 2005); *In re Danos & Curole Marine Contrs., Inc.*, 278 F. Supp. 2d 783, 785 (E.D. La. 2003).

This privilege exists because "[t]he investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 C.F.R. § 4.07-1(b). Such investigations are therefore not intended to, and courts have not allowed them to be, used by litigants to assist in meeting their respective burdens of proof.

### III. Position of the United States

Throughout its involvement in the JIT directed portion of the BOP investigation, DNV was acting solely on behalf of and as an extension of the JIT, and therefore the work conducted by DNV is subject to the 6308 privilege.

The United States recognizes, however, that the forensic nature of the JIT's Blowout Preventer (BOP) testing for which DNV was engaged makes duplication of much of the testing impossible, and the United States therefore recognizes the value in providing the resultant factual information to the MDL parties and the public. To this end, the JIT and the Court allowed the parties to participate in the examination's Technical Working Group and provided them with access to this material during the testing process, and the Court's orders have recognized that such factual materials should be available for all involved parties.

Under the circumstances, the United States is electing not to assert § 6308 statutory protections — that would be otherwise available — for certain types of factual material that do not convey any deliberative process of the JIT or any communications with the JIT and/or supporting government agencies.[1] Specifically, the United States does not object to production of the following information gathered during the JIT's BOP forensic analysis:

- Test protocols and procedures
- Testing data and measurements
- Videos, photographs or other media
- Laser scans
- Modeling (used or referred to in the final DNV report or JIT testimony)
- The BOEMRE contract (subject to any business information protection DNV may assert)
- Any communication or documentation between DNV and third parties.

---

[1] Please note that the JIT's decision not to assert § 6308's prohibition on discovery is not a waiver, and the United States reserves the right to assert such prohibitions in other circumstances and reserves the right to object to the admission of such information at trial.

The United States does, however, assert the §6308 protection against discovery for anything related to deliberations and communications involving the JIT members and supporting government agencies, or involving DNV's deliberations not ultimately included in its final report (or addendum).  The Court should prohibit document production and testimony on such matters.  Thus, for example, the Court should prohibit discovery of:

- Communications between DNV and the JIT, including supporting agencies, particularly communications regarding materials that were not included in DNV's final report

Courts generally have recognized that such piecemeal production of portions of investigatory materials does not waive the whole.  For example, allowing a Coast Guard investigator to testify in a case does not result in a waiver of the 46 U.S.C. § 6308(a) privilege.  *See Conagra, Inc. v. Weber Marine, Inc.*, 1999 U.S. Dist. LEXIS 14221 (E.D. La. Sept. 8, 1999) (determining that "[n]o authority provides' that if the Coast Guard allows an investigator to testify it waives the 46 U.S.C. § 6308 privilege and 'permits the admission into evidence of his investigation report'").

If the Court enters the requested Order, the United States intends, where appropriate and consistent with the positions outlined in this letter, to instruct DNV not to answer questions during its deposition, pursuant to Fed. R. Civ. P. 30(c)(2).

## IV.   Conclusion

The United States requests the entry of an order prohibiting production of documents and prohibiting testimony, consistent with the position we state here.

> Respectfully submitted,
>
> /S/
>
> R. Michael Underhill
> Attorney in Charge
> Dept. Of Justice, Torts Branch
> West Coast and Pacific Rim Office

cc: Mike O'Keefe, Law Clerk to Magistrate Judge Shushan
    (Mike_OKeefe@laed.uscourts.gov)
    PSC Liaison Counsel, Steve Herman and Jim Roy
    States Coordinating Counsel, Attorney General Luther Strange

Defense Liaison Counsel
DNV Counsel
Steve O'Rourke, U.S. DOJ
AUSA Sharon Smith