# BINGHAM

James J. Dragna
Direct Phone: 213.680.6436
Direct Fax:    213.830.8636
jim.dragna@bingham.com

June 12, 2011

**Via E-mail (Sally_Shushan@laed.uscourts.gov)**

The Hon. Sally Shushan
United States Magistrate Judge
United States District Court for the
      Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans LA 70130

Re:  **MDL No. 2179 -- Allocation of Deposition Examination Time**

Dear Judge Shushan:

We are in receipt of Andy Langan's June 10 e-mail to your Honor transmitting a copy of a letter dated June 9, 2011 to me from John Pritchard, counsel for MOEX, concerning MOEX deposition time (which we received late afternoon on Friday June 10, 2011). In the letter, Mr. Prichard states that MOEX "did not" and "will not" cede deposition time to Anadarko. Since Andy states in his e-mail that the letter "is relevant to the positions taken, and representations made, by Anadarko counsel to Your Honor on June 8," it appears that Andy may be suggesting that Anadarko misrepresented to Your Honor MOEX's position with respect to deposition time. We feel that it is therefore necessary, unfortunately, to write this letter to assure your Honor that Anadarko counsel did not make any misrepresentations to you. We also ask that your Honor address the deposition time that Anadarko may use for the upcoming depositions in New Orleans.

First, allow us to correct the record with respect to MOEX deposition time. Mr. Pritchard's letter states that MOEX "did not" cede deposition time to Anadarko. That is not correct. Since MOEX's settlement with BP and the transition to Pillsbury as new counsel for MOEX, two of the undersigned have had several conversations with Pillsbury attorneys concerning the allocation of deposition time in light of MOEX's greatly reduced role in the litigation. Most recently, during the two days of the Rainey deposition on June 2-3 in New Orleans, Deb Kuchler and Catherine McCulley, a Pillsbury attorney who represented MOEX at the Rainey deposition, had several in-person discussions about the allocation of the total 75 minutes _between_ MOEX and Anadarko, given MOEX's new status as a settling

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

T +1.213.680.6400
F +1.213.680.6499
bingham.com

A/74317360.1/3320167-0000350535

The Hon. Sally Shushan
June 12, 2011
Page 2

party. At the conclusion of these discussions, it was agreed that Ms. McCulley would need only 10 minutes of time for the Rainey deposition. (And she did in fact examine Mr. Rainey for just under 10 minutes.) Ms. McCulley also advised that Pillsbury was not planning to attend the London depositions, that Pillsbury would therefore not need any time in the London depositions, and that the amount of deposition time to be allocated between Anadarko and MOEX would therefore not be an issue for the London depositions. The only two upcoming depositions with respect to which Ms. McCulley noted that MOEX might need examination time were the Wardlaw deposition (taken on June 9-10) and Ishii deposition (to be taken on June 29). (Mr. Pritchard examined Mr. Wardlaw at his June 10 deposition for 14 minutes.) On the basis of Ms. McCulley's statements, we understood that MOEX was ceding to Anadarko any examination time that it might have at the London depositions and so represented to your Honor.

Second, Jim Dragna had a telephone conversation on June 8 with Mr. Pritchard regarding deposition time. That conversation took place well after Deb Kuchler, Peter Neger and BP counsel conferred with you about this matter in London. During that conversation, Jim advised Mr. Pritchard of Deb's conversations with Ms. McCulley and of your Honor's decision as to deposition examination time in London. Mr. Pritchard indicated that he was being pressured to put MOEX's position on deposition time in writing. While MOEX is free, of course, to change its position with respect to the allocation of deposition time, Mr. Pritchard's letter, by neglecting to refer to the conversations in New Orleans and by telephone that predated the letter, has had the effect of leaving the record before you incomplete.

With respect to upcoming depositions, we note that Your Honor has received requests from several parties, in light of emerging developments in the case, that additional time be added to these already lengthy, two-day depositions and/or that some parties' deposition examination time be reduced in favor of other parties. We believe that the presumptive length of the depositions in this matter should not be extended beyond the current 15 hours. More importantly, we fully agree that it is appropriate to reconsider at one or more of the Working Group Conferences on June 17, June 24 and/or July 1 the allocation of deposition examination time for the remainder of the depositions pertaining to issues in Phase 1 of the trial and for the depositions to be conducted with respect to the issues in Phase 2 of the trial. MOEX's reduced role and stake in the case, Anadarko's increased role and stake in the case, Transocean's and Cameron's beliefs that changing and evolving issues and claims may in some instances necessitate lengthier deposition examination times, and the different claims and stakes and the scientifically complex issues in Phase 2 are all potentially reasonable considerations to be analyzed and discussed in the forthcoming weeks by the parties and Your Honor.

The Hon. Sally Shushan
June 12, 2011
Page 3

We look forward to engaging with you in that reassessment. Toward that end, we reiterate our position that, while MOEX has settled, Anadarko has not, and it continues to have strong interests to defend in this litigation. To protect those interests, Anadarko must be permitted to adequately conduct examination of the deponents. Anadarko and MOEX were prepared to be treated as one party for time allocation purposes at the beginning of the case because their interests were completely aligned and we could efficiently conduct all examination in the space of a single-party time allocation. There was never, however, any agreement between Anadarko and MOEX that the total time allocation was "owned" 50% each (or any other percentage) by MOEX and Anadarko. The time was considered indivisible and essential for proper discovery to protect both MOEX's and Anadarko's then-aligned interests.

With the BP/MOEX settlement, Anadarko's and MOEX's interests are no longer the same. In fact, it appears that BP is orchestrating much of this dispute over the allocation of deposition time, even going so far as to take the position that it should be given all of "MOEX's deposition time" because it settled with MOEX. Anadarko certainly agrees that *MOEX* should have deposition time when it needs that time to protect its interests -- and Anadarko has cooperatively worked through that issue with MOEX in the only depositions where MOEX has indicated a desire to use time. However, there is no reasonable basis for taking some portion of the time allocation and, if MOEX chooses not to use it, simply transferring it to another party entirely -- particularly a party like BP who already has a full party allocation of deposition time and who certainly needs no more time to examine its own witnesses when it has direct access to them at all times and spends days and days preparing them for deposition.

Of the defendants with a 75 minute single-party time allocation for a two-day deposition (or 37 minutes for one day), Anadarko stands in a unique position. Although we haven't seen the settlement agreement between BP and MOEX, we understand from BP's press release that BP has agreed to indemnify MOEX for any damages for which it is found responsible, except punitives or penalties. BP also has indemnification agreements with Transocean and Halliburton. Anadarko has no such indemnification agreement with BP or any other party, and is in fact being sued not only by the plaintiffs but by several of the other defendants. As a consequence, Anadarko has a lot more potentially at stake in this litigation than many of the other parties who also have single-party time allocations, yet no one has suggested that the other parties be required to give up any portion of their allocated minutes. Due process demands that Anadarko be treated no less fairly than any other defendant when it comes to being given a fair opportunity to conduct deposition examination.

The Hon. Sally Shushan
June 12, 2011
Page 4

While Your Honor has ruled on how the London deposition time should be allocated, there remains a pressing need to resolve the time allocation for New Orleans depositions to be conducted this week. Of note, the one-day deposition of CSI's Fred Sabins on cement modelling issues is slated for Monday. CSI's David Brown will be deposed for only one day on Tuesday. The two-day deposition of Halliburton's Vince Tabler is scheduled for Monday and Tuesday. We believe we need the full 37 minutes originally anticipated for the two one-day depositions and likely will need the full hour and 15 minutes for Mr. Tabler's deposition. As the record will reflect, we've used all of the allocated deposition time for most cement-related depositions. In the interest of avoiding confusion Monday morning over time allotments for these depositions, we would like to resolve the issue in advance of the depositions and therefore would very much appreciate your guidance in this regard.

Sincerely yours,

James J. Dragna
Ky E. Kirby
Bingham McCutchen LLP

Deborah D. Kuchler
Kuchler Polk Schell Weiner & Richeson, L.L.C.

cc:   Defendants' Liaison Counsel
      Plaintiffs' Liaison Counsel