

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500

John F. Pritchard
Partner
tel 212.858.1620
john.pritchard@pillsburylaw.com

June 14, 2011

Via Email

The Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130
Email: Sally_Shushan@laed.uscourts.gov

   Re: *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*; MDL No. 2179; 2-10-CV-02771
     <u>Motion to Dismiss or, in the Alternative, to Bifurcate Alter Ego Claims</u>

Dear Judge Shushan:

I represent MOEX Offshore 2007 LLC ("MOEX Offshore"). I write at the instruction of your Honor's law clerk, Mike O'Keefe, concerning MOEX Offshore's need to file a motion to dismiss or, in the alternative, to bifurcate claims alleging that MOEX USA Corporation ("MOEX USA") and/or Mitsui Oil Exploration Co., Ltd. ("MOECO") are the "alter egos" of MOEX Offshore, and thus presumably that the corporate veils of those companies should be pierced. I understand that MOEX USA is prepared to file a similar motion motion, and I am authorized to state that MOEX USA joins in this letter.[1]

These claims have nothing to do with the issues to be tried in the February trial, and would be a distraction. We show below that there is no reason for such claims to be

---

[1] MOECO is the corporate parent of MOEX USA. MOECO, a Japanese corporation, has not been served with process in connection with these matters, and thus is not before this Court.

June 14, 2011
Page 2

pursued now.

MOEX Offshore is a subsidiary of MOEX USA. MOEX USA was not an owner or lessee of the rig or the well; rather, its alleged liability appears to derive from its position as MOEX Offshore's owner. Certain actions before this Court allege claims against MOEX USA, as well as against MOECO, on the purported ground that MOECO "dominated and controlled" the activities of MOEX Offshore and MOEX USA.[2] Certain individual Bundle A Complaints and Bundle C Complaints broadly make allegations against "MOEX."[3] The complaint filed by the State of Alabama and the Bundle A Complaints name MOECO, MOEX USA and MOEX Offshore as defendants, and similarly treat those entities as one by using the generic term "MOEX." The amended complaint filed by the State of Louisiana groups the three entities and refers to them generically as the "MOEX Defendants." Plaintiffs have also served a number of interrogatories on MOEX USA seeking information that, in whole or in part, focuses on the alter ego issues.[4]

The basis of the proposed motion is that claims to pierce the corporate veil are unripe, and therefore not justiciable, unless and until (i) the liability of MOEX Offshore is determined; (ii) damages are assessed against MOEX Offshore; and (iii) MOEX Offshore cannot pay the judgment.[5] Because they are premature, the alter ego claims

---

[2] *See, e.g.*, Bundle B1 Amended Complaint at ¶¶ 235-237, 248-250, 575; Bundle B3 Amended Complaint at ¶¶ 44-47, 57-59, 221; Bundle C Voluntary Complaint at ¶¶ 204-206, 217-219. Transocean's 14(c) Third-Party Complaint (Doc. No. 1320, filed 02/18/2011), also references these claims, thereby bringing the Bundle B1 Master Complaint claims into the Limitation Action.

[3] *See, e.g.*, the State of Alabama's First Amended Complaint (Doc No. 1872, filed 04/05/11); the State of Louisiana's First Amended Complaint (Doc. No. 2031, filed 04/19/11); Fifth Amended Complaint of Karl W. Rhodes (Doc No. 1834, filed 03/31/11).

[4] For example, Request for Production No. 9 of Plaintiffs' Omnibus Discovery Requests on All Defendants requests "organizational charts in effect from January 1, 2010, thru the present, including organizational charts reflecting and/or containing ... "the parents, subsidiaries, sister entities and/or other affiliates of each Defendant entity; the officers, directors, members and/or managers of the parents, subsidiaries, sisters and/or other affiliates of each Defendant entity; and, the parents, subsidiaries, sister entities and/or other affiliates of each entity supervising and/or providing services in connection with the Deepwater Horizon and/or Macondo Well."

[5] *See generally Monumental Life Insurance Co. v. Executive Risk Specialty Insurance Co.*, Civ. No. 99-2676 C/W § "A"(1), 2000 U.S. Dist. LEXIS 14150, at *5 (E.D. La. Sept. 20, 2000); *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1369 (D.C. Cir. 1981) ("[I]t was only when it became clear that Girard could not make good on the arbitration award that the issue of veil-piercing became ripe for consideration."); *Nissho Iwai Corp. v. Mizushima Marinera S.A.*, No. 95-3771, 1996 WL 904562 at

(... continued)

issues should be dismissed. In the alternative, the alter ego claims should be bifurcated for discovery and trial, to defer the costly and possibly unnecessary examination of these issues until MOEX Offshore's liability (if any), the amount thereof (if any) and its ability to satisfy a judgment in that amount have been determined.

The need for the motion arises at this time because the deposition of Naoki Ishii, a witness for MOEX Offshore and MOEX USA pursuant to Federal Rule 30(b)(6), which is scheduled for May 29-30. With respect to that deposition, I had a telephonic meet-and-confer with plaintiffs' counsel Steven E. Fineman, Esq. of Lieff Cabraser Heimann & Bernstein, LLP. We reached an understanding that the plaintiffs will not examine Mr. Ishii about facts that would relate principally to a veil-piercing claim, including such matters as the extent of control exercised by one company over another. However, other counsel will be permitted to examine at that deposition as well, and the allegations and discovery requests referenced above remain pending. Mr. Fineman noted that the Plaintiffs' Steering Committee is reserving its rights to ask for such discovery in the future.

We contacted the Court to inquire as to how the motion should be brought on for decision before June 29, and Mr. O'Keefe suggested that we write a letter describing the grounds for the motion and the reason why a decision is needed before June 29.

My colleagues and I are available at the Court's convenience to deal with these issues.

Respectfully,

John F. Pritchard

John F. Pritchard

---

(... continued)

*5 (D.N.J. April 23, 1996) (declining to determine alter ego issue because "it would be premature to adjudicate the issue because the question of Mizushima's liability remains to be determined by arbitration. If Mizushima is found not to be liable, then the alter ego issue would be moot. Moreover, if Mizushima is found liable, then the alter ego issue would only need to be resolved if Mizushima lacked sufficient assets to cover the arbitral award.").