UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, OF APRIL 20, 2010 | § § § § § § § | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE CARL J. BARBIER |
| APPLIES TO: ALL CASES | § | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF TRANSOCEAN'S
MOTION TO APPEAL THE MAGISTRATE'S ORDER REGARDING *IN CAMERA*
REVIEW OF WILLIAM CASTELL DOCUMENTS [REC. DOC. 2737]**

Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit this memorandum in support of its motion to appeal Magistrate Shushan's June 14, 2011 Order: (1) sustaining BP's objection to the production of documents prepared by Sir William Castell ("Sir William") on the basis of attorney client privilege and; (2) permitting the documents submitted by BP for *in camera* inspection – including BP's June 13, 2011 letter memorandum and the June 13, 2011 declaration of Sir William Castell – to be filed under seal.

Due to BP's sleight of hand, Transocean and the other parties to the MDL were denied the right to properly assess BP's privilege log and its claims of attorney-client privilege for a select group of Sir William's documents. BP's attempts to gain ex-parte approval of the Castell privilege log warrant this Court's review and ultimate reversal of the Order.

1

## BP's QUESTIONABLE TACTICS

Sir William Castell, a director of BP plc, is scheduled to be deposed in London on Wednesday, June 22, and Thursday June 23, 2011. In connection with his deposition and related custodian document production on June 9, 2011, BP delivered a letter certifying the following:

> [T]o the best of [BP's] present knowledge, for all materials, including both electronic and paper documents, provided by Sir William Castell's individual counsel, Defendant BP plc has produced the responsive, non-privileged paper and electronic documents from Sir William Castell's files….[1]

BP's certification, however, does not indicate the fact that privileged documents were going to be withheld.

On Friday, June 10, 2011, at 3:12 p.m., Transocean received an e-mail from BP to Magistrate Shushan stating that BP intended to withhold "a handful of documents that BP believes are subject to applicable privileges."[2] BP's correspondence further requested, "in addition to the normal logging," that the Magistrate permit BP to submit the documents at issue for a "short *in camera* submission" to assess the basis for its asserted privileges.[3] BP also requested a private conference with Magistrate Shushan to explain the basis for the asserted privilege.[4]

Unfortunately, BP's e-mail provides neither the basis for the privilege nor describes the nature of the "handful of documents" to be withheld. BP also failed to attach the "normal log" of the documents as it promised to do in its earlier email. In response, Magistrate Shushan stated very clearly that she assumed the privilege log had been circulated by BP to all counsel.[5] - BP

---

[1] *See* Letter from Andy Langan, dated June 9, 2011, attached to the motion as Exhibit "1."
[2] *See* E-mail from Andy Langan to Magistrate Shushan, dated June 10, 2011, attached to the motion as Exhibit "2."
[3] *Id.*
[4] *Id.*
[5] *See* E-mail from Magistrate Shushan to Andy Langan, dated June 10, 2011, attached to the motion as Exhibit "3."

2

neither confirmed nor denied that it had done so. Magistrate Shushan clearly is not to blame for BP's failure to abide by established discovery protocols, and her assumption that BP had complied with its discovery obligations cannot be faulted.

In response to BP's email, on June 12, 2011, Mike Underhill, on behalf of the Untied States, and Steve Herman, on behalf of the PSC, wrote to BP requesting a privilege log identifying the specific documents BP intended to withhold and seeking clarification from BP on whether BP's grounds for asserting the privilege would be provided to the parties.[6]

BP ignored these requests.

Similarly, On June 13, 2011, at 10:51 a.m., Transocean wrote to Magistrate Shushan and Counsel for BP and the PSC requesting that:

> [A] privilege log and explanation of the basis of the privilege claim be provided to all parties before any *in camera* review takes place. This will allow all interested parties to respond in an informed way.[7]

Again, BP ignored this request, despite the fact that six minutes earlier, at 10:45 a.m., BP had uploaded a one-page privilege log (the "Castell Log") on LexisNexis File & Serve ("File & Serve").[8] BP *did not* circulate the Castell Log to the parties by email and did not file or serve the document through the Court's ECF system, as is BP's standard practice. Rather than shield its privilege claim from scrutiny, BP should have responded to Transocean's e-mail with a short response directing all interested parties to the Castell Log. Instead, BP remained silent, allowing Magistrate Shushan to rely on the honest but mistaken assumption that all counsel had been provided the opportunity to receive and review the Castell Log.

Adding to the confusion, The Castell Log, as filed on File & Serve, is largely illegible, but appears to identify six documents authored by Sir William that BP contends are subject to

---

[6] *See* E-mails dated June 12, 2011, attached to the motion as Exhibit "4."
[7] *See* E-mail from Kerry Miller, dated June 13, 2011, attached to the motion as Exhibit "5"
[8] *See* Castell Log, attached to the motion as Exhibit "6."

attorney-client privilege on the grounds that five of the documents "reflect[] legal advice" and one was prepared with the assistance and legal advice of counsel.[9]

On June 13, 2011, at 11:26 p.m. BP filed its Twenty Second Privilege Log, circulating the filed copy and a native file spreadsheet to the parties by e-mail, as was BP's standard practice for all prior withholdings.  The proper filing and circulation of the Twenty Second Privilege Log stands in stark contrast to its attempts to hide the Castell Log from the attention of the other parties.[10]

On June 14, 2011, after an *in camera* review of the documents identified in the Castell Log, a letter memorandum submitted by BP, and a declaration by William Castell, both dated June, 13, 2011, Magistrate Shushan ordered that: (1) the documents are protected from disclosure by the attorney-client privilege, and (2) the documents – including BP's *in camera* submissions – shall be filed under seal.

## ARGUMENT

*BP's Tactics Warrant Review and Reversal of the Order*

BP's tactics warrant review by the Court.  BP neglected its responsibilities under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, abused the procedures established in the MDL, and strayed from its own practices in its attempt to shield the Castell Log from scrutiny.

Rule 26(b)(5)(A) provides that when a party withholds discoverable information by claiming it is privileged, the party must:

      (i)      expressly make the claim; and

      (ii)     describe the nature of the documents … and do so in a manner that, without revealing information itself protected

---

[9] *Id.*

[10] *See* E-mail from Devin Reid circulating BP's Twenty-Second Privilege Log and Spreadsheet, dated June 13, 2011, attached to the motion as Exhibit "7."

4

>or privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). BP indisputably failed to meet these requirements. BP's June 10 e-mail to the Magistrate was silent with respect to BP's basis for asserting a claim of privilege and did not include a description of the nature of Sir William's documents. BP then ignored the parties' direct requests for a privilege log.

BP may contend that it discharged its duty under Rule 26(b)(5) by uploading the Castell Log on File & Serve. Transocean acknowledges that PTO No. 12 provides that a party may serve a document by uploading it to File & Serve. BP should not be able to abuse this process, however, by using it as a haystack for hiding its needles. BP broke with its own conventions by quietly uploading the log to File and Serve without circulating the as-filed Log and native format spreadsheet to the parties via e-mail. Presumably, this was done in hopes that the parties would not discover the Castell Log until after the Magistrate's *in camera* review. In all other instances, BP has circulated its privilege logs by email..

BP's purported service of the Castell Log through File & Serve is also flawed. Paragraph 11 of PTO No. 12 provides that "when serving discovery or other documents not filed in the record, all counsel must use the following uniform Certificate of Service."[11] The Castell Log *was not* accompanied by a certificate of service. Not surprisingly, BP's Twenty-Second Privilege Log, which was also served on June 13, was accompanied by a certificate of service, as was BP's standard practice.

Assuming, for the sake of argument, that the Castell Log was properly served, the copy uploaded to File & Serve is illegible, vague, and does not describe the nature of the documents in a way that allows Transocean or any other party to assess BP's privilege claim. For instance,

---

[11] PTO No. 12, p. 5 of 7, Rec. Doc. 600.

5

Transocean cannot determine the types of documents or number of pages being withheld because several columns of the Castell Log are cut-off. At best, the only information that can be discerned from the log is that the six withheld documents were authored by Sir William between June 25, and June 27, 2010, are related to Sir William's statements to and conversations with BP plc's directors, and purportedly "reflect legal advice."[12] BP asserts attorney-client privilege, but there is no indication that these documents are communications between Sir William and his counsel (or BP's counsel) and no one is identified in the recipient, carbon copy, or blind carbon copy columns of the Castell Log. Stated simply, the parties to the MDL cannot assess the validity of BP's privilege claims without a complete copy of the Castell Log that is legible and complies with the Federal Rules of Civil Procedure.

***Sir William's Deposition and the Withheld Documents are Material***

The documents produced to date, related to Sir William, demonstrate his importance. For instance, Sir William's August 17, 2010 memo to Carl Henric Svanberg, the Chairman of BP plc, shows that Sir William is deeply involved in BP's strategy to cast blame on its subcontractors.[13] In the same memo, Sir William suggests that BP should consider discontinuing all existing and future business with Transocean.[14]

Transocean has no way of knowing if some, or all, of the withheld documents are material to these issues. Transocean, therefore, has been prejudiced by BP's denial of a meaningful opportunity to assess and question the privilege asserted by BP. In light of these facts and circumstances and violations of established rules of discovery, Transocean respectfully requests that the June 14, 2011 Order be reversed to afford Transocean the right to assess and challenge the privilege claim asserted under BP's veil of secrecy.

---

[12] *See* Castell Log, Ex. "6."
[13] *See* 8/17/2010 E-mail from Sir William to Carl Henric Svanberg, attached to the motion as Exhibit "8."
[14] *Id.*

## **CONCLUSION**

As a result of BP's tactics, Magistrate Shushan's June 14, 2011 Order was entered before Transocean had a sufficient and meaningful opportunity to assess BP's claims of privilege as provided for by Rule 26(b)(5). BP's tactics warrant the Court's review and reversal of the Magistrate's Order to afford meaningful assessment of BP's claims of privilege regarding the certain documents prepared by William Castell.

Respectfully submitted,

By:     /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Office:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
E-Mail:  brad.brian@mto.com, allen.katz@mto.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, TX 77056
Office:  (713) 650-0022
Facsimile:  (713) 650-1669
E-Mail:  dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, TX 77002
Office:  (713) 224-8380
Facsimile:  (713) 225-9945
E-Mail:  john.elsley@roystonlaw.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J.  Miller