**From**: Steve Herman [mailto:SHERMAN@hhkc.com]
**Sent**: Sunday, June 12, 2011 03:25 PM
**To**: Andrew Langan <alangan@kirkland.com>
**Cc**: mike_o'keefe@laed.uscourts.gov <mike_o'keefe@laed.uscourts.gov>; Jim R; robert cunningham <RTC@cunninghambounds.com>; Paul M. Sterbcow <sterbcow@lksalaw.com>; Corey Maze <CMaze@ago.state.al.us>; Sally Shushan; Defense Committee MDL 2179 <dsc2179@liskow.com>; liaison2179@liskow.com <liaison2179@liskow.com>; Mike Underhill; Anthony Irpino <airpino@irpinolaw.com>; Jeffrey Breit <jbreit@bdbmail.com>
**Subject**: MDL 2179 - Document Production re Sir William Castell

Dear Andy,

Perhaps we could do something similar to what was done with the Caspain Sea Report, where the custodial documents in question would be provided – on a confidential and limited basis – subject to the claims of privilege, and without any waiver thereof – and subject to the claw-back provisions of PTO 14 and/or Rule 26 (and/or by other Order or Stipulation) ?

If that is not workable, we would respectfully request, (in addition to the privilege log for the custodial documents), that any further evidence which BP might feel is necessary to establish the privilege be provided to all parties to the extent that such evidence is itself not privileged, (perhaps in redacted form).

Not sure why an additional *in camera* explanation by counsel is necessary?  Seems like the privilege (if any) should be able to be established, at least in the first instance, by the Privilege Log; and, if questioned, by the additional written evidentiary submission.

- Steve

**From:** Underhill, Mike (CIV) [mailto:Mike.Underhill@usdoj.gov]
**Sent:** Sunday, June 12, 2011 4:41 AM

Andy, it would be a big help if you could forward the privilege log containing the specific documents to which you're referring. At first, I read your e-mail as implying that a privilege log won't be provided, but, instead, that the basis of the privilege would be explained in camera (sort of an "asserting a privilege for the privilege log"). I'm figuring that I misunderstood , but in any event, we look forward to the log.

Regards,
Mike

**From:** Andrew Langan [mailto:alangan@kirkland.com]
**Sent:** Friday, June 10, 2011 3:12 PM
**Subject:** MDL 2179 -- Document Production re Sir William Castell

Dear Judge Shushan:

One of BP's UK deponents is its outside director, Sir William Castell, with the


EXHIBIT 4

deposition set for June 22-23. BP has arranged for a production of Sir William Castell's relevant files which it completed earlier this week.

There are a handful of documents that BP believes are subject to applicable privileges and in addition to the normal logging of such documents, BP requests the opportunity to submit these to Your Honor for an in camera review, along with a short in camera submission of the basis for the privilege assertion. In addition, if your Honor is willing, we request an opportunity to explain to the Court (in chambers, in camera) the basis for this privilege claim. We suggest next Tuesday, June 14 in the morning as a possible date for this in camera review session, if convenient for the Court (we have MDL 2179 sessions with MJ Wilkinson in New Orleans on June 13).

Thank you for your consideration.

Respectfully submitted,
Andy Langan

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information
intended
solely for the addressee.  Please do not read, copy, or disseminate it
unless
you are the addressee.  If you have received it in error, please call
us
(collect) immediately at (504) 581-4892 and ask to speak with the
message
sender.  Also, we would appreciate your forwarding the message back to
us and
deleting it from your system.  Thank you.
```