UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>2:10-cv-02771 | § § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW SUPPORTING M-I L.L.C.'s MOTION TO DISMISS
CROSS-CLAIM OF ANADARKO PETROLEUM CORPORATION
AND ANADARKO E&P COMPANY LP**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**
June 17, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

DB1/ 67451001.4

## INTRODUCTION AND SUMMARY OF ARGUMENT

In its Rule 13 Cross-Claim, Anadarko Petroleum Corporation and Anadarko E&P Company LP (collectively, "Anadarko") bring claims under maritime and state law against M-I L.L.C. ("M-I") for "gross negligence." Cross-Claim ¶¶ 260-64, 275-80. These claims must be dismissed because Anadarko has not alleged any facts showing that M-I's conduct was grossly negligent.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a claim that "fail[s] to state a claim upon which relief can be granted." *See Cuvillier v. Taylor*, 503 F.3d 397, 401 n.3 (5th Cir. 2007) (internal quotation marks omitted). In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level …." *Id.* at 555 (citations omitted). A conclusory assertion that conduct constitutes gross negligence does not satisfy the requirements of Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (citations omitted)).

Under general maritime law, a party seeking to recover for gross negligence must prove more than simple negligence—it must show that the defendant engaged in wanton misconduct. *See Miles v. Melrose*, 882 F.2d 976, 989 (5th Cir. 1989); *see also Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 411 (5th Cir. 1982) ("Gross negligence has been defined as '… harm willfully inflicted or caused by gross or wanton negligence.'" (quoting 6A CORBIN ON CONTRACTS § 1472 (1964 ed.))). Indeed, the U.S. Supreme Court and the Fifth Circuit have explained, "In the maritime law it has long been held that while fault of seaman will forfeit the

2

right to maintenance and cure, it must be some *positively vicious conduct—such as gross negligence ….*"  *Warren v. United States*, 340 U.S. 523, 528 (1951) (citations and internal quotation marks omitted) (emphasis added); *Murphy v. Light*, 224 F.2d 944, 946 (5th Cir. 1955).

This concept of gross negligence comports with Texas and Louisiana law.  The Texas Supreme Court has instructed that gross negligence is "synonymous" with "heedless and reckless disregard," requiring an "*entire want of care* which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it."  *Burk Royalty Co v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981) (citations omitted) (emphasis added).  And according to the Louisiana Supreme Court,

> Gross negligence has been defined as the want of even slight care and diligence and the want of that diligence which even careless men are accustomed to exercise.  Gross negligence has also been termed the entire absence of care and the utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others.  Additionally, gross negligence has been described as an extreme departure from ordinary care or the want of even scant care.  There is often no clear distinction between such [willful, wanton, or reckless] conduct and gross negligence, and the two have tended to merge and take on the same meaning.  Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence.

*Ambrose v. New Orleans Police Dep't Ambulance Serv.*, 639 So. 2d 216, 219-20 (La. 1994) (citations and internal quotation marks omitted) (alternation in original); *see also Houston Exploration Co. v. Halliburton Energy Servs. Inc.*, No. CIV. A. 98-1302, 2000 WL 423909, at *7 (E.D. La. Apr. 18, 2000) (explaining that the gross-negligence standard under maritime and Louisiana law are "essentially the same"), *vacated on other grounds*, 269 F.3d 528 (5th Cir. 2001).

Here, Anadarko has failed to sufficiently plead a claim for gross negligence against M-I.  Specifically, Anadarko alleges only three instances of misconduct:  (1) that M-I failed to use the mud and spacer solutions in a "*reasonably* safe manner"; (2) that M-I used "an unconventional

3

DB1/ 67451001.4

fluid mixture, and an unusually large volume of it," that "*may* have interfered with the negative pressure test results and/or caused damage or clogging"; and (3) that M-I failed "to assess or communicate that fluid and pressure levels indicated hydrocarbons were coming up the well." Cross-Claim ¶ 259 (emphases added).[1]

But failing to behave in a "reasonably" safe manner and using methods that "may" have caused problems do not establish wanton or "positively vicious" conduct that is required for gross negligence. *Warren*, 340 U.S. at 529 (citations and internal quotation marks omitted); *see also Miles*, 882 F.2d at 989. Nor do these allegations, even if true, suggest that M-I *entirely* ignored its duties and *completely* disregarded Anadarko's rights. *See Burk Royalty*, 616 S.W.2d at 920; *Ambrose*, 639 So. 2d at 219-20. At most, these allegations might state a claim for ordinary negligence, which has a substantially lower culpability requirement. *See Ambrose*, 639 So. 2d at 219-20.[2]

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss Anadarko's Cross-Claim to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

---

[1] The "Statement of Facts" in Anadarko's Cross-Claim mentions M-I only twice. Cross-Claim ¶¶ 27(c), 59. Paragraph 27(c) appears incomplete, ending mid-sentence after explaining that "BP exploration selected, supervised, and controlled the acts of Defendant-in-Cross-Claim M-I to provide the Deepwater Horizon with the mud products essential to maintaining well balance needed for safe deepwater offshore drilling, including drilling fluids and spacers, engineering services, and mud …." On May 9, 2011, Denise Scofield, attorney for M-I, informed Deborah D. Kuchler, attorney for Anadarko, in person of the missing portion of the paragraph. In the six weeks since then, Anadarko has failed to correct their error.

[2] This gross-negligence claim is apparently an attempt to seek punitive damages. But as extensively briefed in M-I's motion to dismiss the B1 claims (as well as in the briefs of several other parties), *see, e.g.*, Doc. 1597-1 6-12, the Oil Pollution Act of 1990 ("OPA"), through its interaction with the Outer Continental Shelf Lands Act ("OCSLA"), preempts all maritime and state-law claims for damages related to the oil spill. And OPA does not permit recovery for punitive damages. *See S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 64 (1st Cir. 2000).

4

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum of Law in Support of M-I L.L.C.'s Motion to Dismiss Anadarko's Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2011.

                                               /s/ *Hugh E. Tanner*
                                                Hugh E. Tanner