UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO:  11-274 and 11-275 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**BP PARTIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
TRANSOCEAN'S COMPLAINT IN INTERVENTION**

The Court should grant the BP Parties' motion to dismiss Transocean's complaint in intervention (docket no. 2249) in these two Insurance Actions (Nos. 11-274 and 11-275) because Transocean's Response to the motion (docket no. 2666) does not dispute the fundamental point upon which BP's motion is based and for which the law requires dismissal:  Transocean's complaint seeks no declaration of insurance rights in respect to Transocean itself.  In the alternative, because Transocean has asked for leave to amend its complaint — thereby signaling its willingness to cure the defect in its complaint — the Court should grant Transocean the seven days that it has requested to amend its pleading and require it to name as defendants *all* insurers in respect to whose policies it seeks *any* declaratory relief.

**I.    TRANSOCEAN HAS NOT DISPUTED THE FUNDAMENTAL POINT UPON WHICH THE BP PARTIES' MOTION IS PREMISED.**

Transocean does not deny the fundamental point upon which the BP Parties' motion is based:  its complaint does not seek a declaration of any insurance rights or obligations *of Transocean itself*.  It is a requirement of any action, including a declaratory judgment action, that the plaintiff seek a judgment in respect to its own rights or obligations vis-à-vis the defendant parties.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("the plaintiff generally must assert his

own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *accord Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (a declaratory judgment of the "rights of the litigants" is appropriate where there can be "immediate and definitive determination of *the legal rights of the parties* in an adversary proceeding upon the facts alleged") (emphasis added).

The reason for this basic requirement is simple. If Transocean's view of the law were correct, it could intervene in the Insurance Actions and obtain a judgment in respect to the insurance rights of BP, Anadarko, and MOEX under the insurance policies at issue that would bind BP, Anadarko, and MOEX — but *not the Insurers* (because they are not parties to Transocean's suit) or *Transocean itself* (because, while it protests that its own insurance rights may be implicated by the claims *already pending* directly between the Insurers, BP, Anadarko, and MOEX, it has refused to claim in respect to its own insurance rights). Transocean's failure to plead in respect to its own rights, or to sue the Insurers, smacks of gamesmanship.

Transocean has not identified a single case in American jurisprudence in which a plaintiff has been allowed to sue, solely in respect to the rights and obligations of others and without presenting a claim in respect to its own rights or obligations. By contrast, courts have regularly insisted, as a fundamental requirement of standing, that the claiming party identify and sue in respect to its own rights and duties. *See, e.g., Warth*, 422 U.S. at 499. Transocean is simply incorrect in stating there are "no cases" on point in respect to this fundamental requirement. (Transocean Response (docket no. 2666), at 3.) There are many such cases.[1]

---

[1] Transocean contends that BP has mischaracterized the issue by framing Transocean as "a regulatory agency or public interest group seeking to have say in a private matter." (Transocean Response at 3.) BP has made no such assertion. Its objections arise because Transocean is a private party seeking to litigate the rights and obligations of other private parties rather than its (continued…)

Courts also routinely insist that a plaintiff join all defendants whose presence is essential to its claims. Indeed, this Court held just yesterday (June 16, 2011) that a plaintiff fails this basic standing test when redress for its claims depends on the actions of non-parties to its complaint. In dismissing the D1 Master Complaint in this MDL proceeding, the Court found that the plaintiffs lacked standing to bring their complaint because their alleged injuries could not be remedied in the absence from the case of the various actors who are directing the cleanup activities in the Gulf. (Order Dismissing D1 Master Complaint (docket no. 2784) at 7.) Here, Transocean's failure to name the Insurers as defendants presents the same standing problem and is similarly fatal to Transocean's complaint.

In its effort to justify its failure to name the Insurers in respect to whose policies it seeks declaratory relief, Transocean has underscored the glaring deficiency in its complaint. Transocean states that it "is not at present *in disagreement* with its insurers over the interpretation and operation of the policies," and "there is at present *no controversy* between" Transocean and its Insurers. (Transocean Response (docket no. 2666), at 5, 6 (emphasis added).) But if Transocean has no dispute with its Insurers under the insurance policies at issue, then it has no insurance dispute to litigate, and its complaint in intervention should be dismissed for lack of any case or controversy (*i.e.,* no standing). Alternatively, if Transocean is legitimately concerned about its coverage rights and wants to lay claim to proceeds under the insurance policies (as BP, Anadarko, and MOEX have done), then it should pursue a declaration of its coverage rights under the policies. It cannot have it both ways, filing a complaint crafted only to

---

own. Article III standing is mandatory for all suits, even those among private parties. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130 (2007) (extending to cases with private defendants the same standing doctrine applicable in cases brought in anticipation of enforcement action by a government defendant); *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745 (5th Cir. 2009) (applying *MedImmune*).

bind BP, Anadarko, and MOEX — but not itself, or the Insurers who issued the policies in respect to which it seeks to have such coverage rights determined.[2]

As BP observed in its opening submission, Transocean's complaint has no substance, and it adds nothing to the Insurance Actions, if it only seeks a declaration of insurance rights and obligations in respect to *other* parties that are already litigating *their own* insurance rights and obligations directly with the implicated Insurers.  (BP Mem. (docket no. 2249-1), at 7.)  Yet, that is precisely what Transocean's complaint does.

Transocean sidesteps the issue by asserting that BP's motion to dismiss is an attempt to "re-litigate" Transocean's right to intervene in these Insurance Actions under Rule 24(a)(2). (Transocean Response (docket no. 2666) at 6.)  This assertion is misconceived.  In electing not to oppose Transocean's motion to intervene, BP did not waive its right to challenge the merits or sufficiency of Transocean's complaint, and the Court's order granting Transocean's motion to intervene (docket no. 1751) neither addressed the legal validity of Transocean's complaint nor prohibited BP (or any other party) from moving to dismiss it.  Further, as a matter of law, the

---

[2]  The Supreme Court has long recognized three requirements for a plaintiff's standing to bring a "case or controversy" as required by Article III.  First, "the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted).  Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court.'"  *Id.* (citations omitted).  Third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Id.* (citations omitted).  Here, Transocean admits that it has no "controversy" with the Insurers, so it has no "injury in fact," and it has filed its insurance coverage claims only against BP, Anadarko, and MOEX — parties that are claiming under the policies as *co-insureds* of Transocean and that owe no legal duty to Transocean for insurance coverage under the policies that are the subject of Transocean's complaint.

- 4 -

right to pursue, and the standards for granting, a motion to dismiss under Rule 12 are entirely distinct from the standards that govern intervention under Rule 24.  *See* Fed. R. Civ. P. 12, 24.

Transocean also misses the point by invoking the unremarkable proposition that an intervenor generally is treated as an "original party" to an action.  (Transocean Response (docket no. 2666) at 8.)  The issue here is not how Transocean should be treated upon intervention, but rather, the fact that its complaint fails the standing test and does not name any of the Insurers as defendants, even as it seeks declarations of the Insurers' coverage obligations under the policies they issued.  Transocean's claims cannot properly be adjudicated without joining the very parties that issued the policies on which its claims are based and whose obligations are the subject of the relief it seeks.

## II.   BECAUSE TRANSOCEAN HAS SIGNALED ITS WILLINGNESS TO AMEND ITS COMPLAINT, THE COURT SHOULD GRANT TRANSOCEAN THE SEVEN DAYS IT HAS REQUESTED TO CURE THE DEFECT IN ITS COMPLAINT AND REQUIRE IT TO NAME THE INSURERS AS DEFENDANTS.

Helpfully, Transocean has signaled its willingness to cure the defect in its complaint.  If the Court agrees with BP's arguments, then Transocean has requested, in the alternative, "leave to file an Amended Complaint within seven (7) days of the Court's Order on BP's Motion to Dismiss."  (Transocean Response (docket no. 2666), at 9-10.)

If the Court does not dismiss Transocean's complaint, then BP submits that the Court should grant Transocean's alternative request and require Transocean to file an amended complaint in seven days, naming as defendants *all* insurers in respect to whose policies Transocean seeks *any* declaratory relief, vis-à-vis BP, Anadarko, and/or MOEX in connection with the *Deepwater Horizon* incident or resulting oil spill.  BP submits that the Court's order should provide that, if Transocean declines to amend its complaint in these specific respects within seven days, then the complaint shall be dismissed.

**III.     TRANSOCEAN'S SOLE "NON-INSURANCE" CLAIM IS ALREADY THE SUBJECT OF LITIGATION ELSEWHERE AND HAS NO PLACE IN THESE INSURANCE ACTIONS.**

As BP pointed out in its opening submission, Transocean's complaint in intervention contains one claim against BP that, on its face, is not an insurance claim. Paragraph 23(A) of Transocean's complaint requests a declaration that "BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well." (Transocean Complaint (docket no. 1755), at ¶ 23(A).)

In response, Transocean does not contend that this is an insurance claim; it self-evidently is not. Nor does Transocean dispute that this issue is already being litigated directly in the underlying litigation (*i.e.,* outside of these Insurance Actions) in the cross-claims between BP and Transocean. *See, e.g.,* Docket Nos. 2068, 2574. Instead, Transocean argues that this claim is properly pleaded here because Judge Shushan has ruled that the *Insurers* may pursue *discovery* in respect to specific allegations that *they* made in their complaints in the Insurance Actions relating to the Drilling Contract. (Transocean Response (docket no. 2666), at 9.)

Transocean's argument is a *non-sequitur*. It provides no response to BP's observation that it would be duplicative at best and confounding at worst to litigate underlying contractual issues between BP and Transocean in the context of this insurance coverage litigation. The fact that Judge Shushan has ruled certain discovery may be permissible in these Insurance Actions under the Insurers' complaints does nothing to support duplicative litigation of underlying contractual issues in these Insurance Actions.

Finally, if the Court decides to grant Transocean leave to amend its complaint to add the Insurers as defendants, it still is appropriate for the Court to sever and stay Transocean's non-insurance claim in paragraph 23(A) of its complaint. Because that claim does not present an insurance issue at all, and is already the subject of claims and defenses being litigated by

- 6 -

Transocean and the BP Parties elsewhere in this MDL proceeding in connection the Limitation trial, severing the claim will promote judicial efficiency and avoid the risk of delay in resolving the Insurance Actions. Rule 21 of the Federal Rules of Civil Procedure grants the Court broad discretion to sever "any claim" against a party.  *See* Fed. R. Civ. P. 21; *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Rule 21 and stating that, "[t]he trial court has broad discretion to sever issues to be tried before it."); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("[T]he district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.").

    Respectfully submitted,

| | |
|---|---|
| Allan B. Moore | /s/ David B. Goodwin |
| Seth A. Tucker | David B. Goodwin |
| Christopher J. Wenk | M. Alexia dePottere-Smith |
| Covington & Burling LLP | Covington & Burling LLP |
| 1201 Pennsylvania Avenue, NW | One Front Street, 35th Floor |
| Washington, DC  20004-2401 | San Francisco, CA  94111 |
| Tel:  (202) 662-6000 | Tel:  (415) 591-6000 |
| Fax:  (202) 778-5575 | Fax:  (415) 591-6091 |
| E-mail:  abmoore@cov.com | E-mail:  dgoodwin@cov.com |
| E-mail:  stucker@cov.com | E-mail:  adepottere@cov.com |
| E-mail:  cwenk@cov.com | |

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:  June 17, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2011.

/s/ Christopher J. Wenk
Christopher J. Wenk