UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>2:10-cv-02771 | § § § § § § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW SUPPORTING M-I L.L.C.'s MOTION TO DISMISS CROSS-CLAIM OF HALLIBURTON ENERGY SERVICES INC.**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

June 17, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

DB1/ 67440911.4

# I.
# INTRODUCTION AND SUMMARY OF ARGUMENT

In its Rule 13 Cross-Claim, Halliburton Energy Services, Inc. ("HESI") brings a claim against M-I L.L.C. ("M-I") for "contractual indemnity as a third party beneficiary." Cross-Claim ¶¶ 37-40. But HESI is not a third-party beneficiary of any contract to which M-I is a party that pertains to this matter. Thus, HESI's contractual indemnity claim fails as a matter of law.

# II.
# ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss a claim that "fail[s] to state a claim upon which relief can be granted." *See Cuvillier v. Taylor*, 503 F.3d 397, 401 n.3 (5th Cir. 2007) (internal quotation marks omitted). As to M-I, there is only one contract at issue—the "Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services" between BP Exploration and Production, Inc. ("BP") and M-I.[1] HESI is not a third-party beneficiary of this contract under Texas, Louisiana, or general maritime law, and therefore HESI's cross-claim should be dismissed.

To recover as a third-party beneficiary, HESI must prove that BP and M-I "intended for [HESI] to benefit by their written agreement" as evidenced "*solely* from the language of the contract." *Palma v. Verex Assurance, Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996) (applying Texas law) (emphasis added). Similarly, under Louisiana law, the intent to benefit HESI "*must be manifestly clear*" and "*must form the consideration for a condition of the contract.*" *Doucet v. Nat'l Maint. Corp.*, 822 So. 2d 60, 66 (La. Ct. App. 2002) (citations omitted; emphases in original); *see also Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary*, 939 So. 2d 1206,

---

[1] HESI did not specify the contract that it seeks to enforce against M-I as a third-party beneficiary. This cross-claim, however, is based entirely on "the parties' contractual agreements," to which HESI alleges to be a "third party beneficiary." Claim ¶ 39. Because M-I's contract with BP is the only possibly relevant contract, HESI has incorporated it by reference; therefore this Court may consider the contract on a motion to dismiss. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint …..") (citation omitted).

2

1212 (La. 2006) (stating that "absent … a clear manifestation [to benefit it,] a party claiming to be a third party beneficiary cannot meet his burden of proof" (citations omitted)). And because a plaintiff may not recover as a third-party beneficiary unless the language of the contract shows that it is "plainly" and "directly" for the plaintiff's benefit, "incidental" beneficiaries may not recover. *Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 & n.3 (5th Cir. 1985) (applying general maritime law and "well settled contract principles") (citations omitted); *see also Doucet*, 822 So. 2d at 66.

Here, the BP/M-I contract does not "evidenc[e] a clear intent by BP and [M-I] to benefit [HESI]" on the issue of indemnification for third-party claims. *BP Oil Int'l Ltd. v. Empresa Estatal Petroleos De Ecuador*, No. 04-20911, 2008 WL 162889, at *3 (5th Cir. Jan. 16, 2008) (citing *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) ("The intention to contract or confer a direct benefit to a third party *must be clearly and fully spelled out or enforcement by the third party must be denied.*" (emphasis added)). Accordingly, HESI cannot show as a matter of law that it is entitled to contractual indemnity as a third-party beneficiary. Thus, the claim must be dismissed.

## III.
## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss HESI's Cross-Claim to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |

| | |
|---|---|
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>     Hugh E. Tanner<br>     htanner@morganlewis.com<br>     Texas Bar No. 19637400<br>     1000 Louisiana, Suite 4000<br>     Houston, Texas  77002<br>     Telephone:  (713) 890-5000<br>     Facsimile:  (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Memorandum of Law in Support of M-I L.L.C.'s Motion to Dismiss HESI's Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2011.

                                            /s/ *Hugh E. Tanner*
                                            Hugh E. Tanner