UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | |
| "DEEPWATER HORIZON" in the | * | MDL No. 2179 |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | |
| | * | |
| This Document Relates to: | * | SECTION "J" |
| | * | |
| 2:10-CV-02771 | * | |
| | * | |
| IN RE THE COMPLAINT AND PETITION | * | |
| OF TRITON ASSET LEASING GmbH, ET AL., | * | JUDGE BARBIER |
| IN A CAUSE FOR EXONERATION FROM | * | MAGISTRATE JUDGE SHUSHAN |
| OR LIMITATION OF LIABILITY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NATIONAL RESPONSE CORPORATION'S COUNTERCLAIM TO HALLIBURTON ENERGY SERVICES INC.'S FIRST AMENDED CROSS-CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes National Response Corporation ("NRC") and, acting as Counter-Plaintiff, respectfully avers and alleges upon information and belief as follows in support of its counterclaim for contribution and/or tort indemnity against Halliburton Energy Services Inc. ("Halliburton"):

### BACKGROUND

1. On April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig in the Gulf of Mexico. The explosion killed 11 of the 126 workers on the rig, and the rig eventually sank in approximately 5,000 feet of water. Through mid-July 2010, crude oil gushed from the site in unprecedented amounts, resulting in an oil spill that would become the most pervasive and devastating environmental disaster in the history of the United States.

2. On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation ordered that, pursuant to 28 U.S.C. § 1407, litigation arising from the Deepwater Horizon disaster be centralized in a multidistrict litigation proceeding before this Court. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010).

3. This multidistrict litigation consists of numerous individual and putative class action lawsuits against multiple defendants for alleged injuries and damages resulting from the blowout and subsequent remediation and response efforts.

4. On February 18, 2011, Triton Asset Leasing Gmbh, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") filed a Rule 14(c) Third-Party Complaint (Rec. Doc. 1320) in its Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation, tendering to NRC the claims contained in the B3 Bundle Master Complaint (Rec. Doc. 881) that have already been asserted against NRC. *See* March 24, 2011 Stipulated Order Governing Deadlines (Rec. Doc. 1730). Transocean's Rule 14(c) Third-Party Complaint also tendered various claims to Halliburton.

5. On May 20, 2011, Halliburton filed its First Amended Cross-Claims (Rec. Doc. 445) in Transocean's Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation. Count I of Halliburton's First Amended Cross-Claims asserts a claim against NRC for contribution and indemnity for any and all sums Halliburton may be compelled to pay Claimants/Plaintiffs as a result of the incident made the basis of this proceeding. Count III of Halliburton's First Amended Cross-Claims asserts a negligence claim

against NRC.

6. NRC denies that it was negligent and also denies that it is liable and/or responsible for any of the alleged injuries and/or damages claimed in any of the complaints that have been or may be filed arising out of the Deepwater Horizon explosion, oil spill, and subsequent clean-up efforts and, therefore, asserts the below counterclaim for contribution and/or tort indemnity against Halliburton.[1]

## JURISDICTION & VENUE

7. This Court has admiralty and maritime jurisdiction over this counterclaim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

8. Venue is proper in this District pursuant to the Judicial Panel on Multidistrict Litigation's August 16, 2010 Order. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010).

## THE PARTIES

9. Counter-Plaintiff NRC is a Delaware corporation with its principal place of business in Great River, New York.

10. Counter-Defendant Halliburton is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton provided engineering services, materials, testing, mixing, and pumping for cementing operations on board the Deepwater Horizon, as well as onshore engineering support for those operations. Halliburton was responsible for the provision of technical advice about the design, modeling, placement, and testing of the cement that was

---

[1] Pursuant to the Court's May 27, 2011 Order (Rec. Doc. 2551), NRC's pending motion to dismiss the B3 Bundle Master Complaint (Rec. Doc. 1388) is "deemed to also respond to" Halliburton's First Amended Cross-Claims and, to the extent that motion is not granted in its entirety, NRC's right "to separately respond at a later date" to Halliburton's First Amended Cross-Claims is "expressly preserved."

used in the Macondo Well. Halliburton was engaged in cementing operations to isolate the hydrocarbon reservoirs and seal the bottom of the well against the influx of hydrocarbons like gas and oil. Though its division Sperry Drilling Services (f/k/a Sperry Sun Drilling Services), Halliburton was responsible for mud logging personnel and equipment on the Deepwater Horizon, including down-hole drilling tools. This Court has personal jurisdiction over Halliburton because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana. Halliburton has previously been served with various complaints and summonses as well as Transocean's Rule 14(c) Third-Party Complaint.

### **COUNT I (CONTRIBUTION AND/OR TORT INDEMNITY)**

11. Counter-Plaintiff NRC is entitled to contribution and/or tort indemnity from Counter-Defendant Halliburton for any and all sums NRC may be compelled to pay as a result of the Deepwater Horizon explosion, oil spill, and/or subsequent clean-up efforts.

12. Any alleged injuries and/or damages claimed in any of the complaints that have been or may be filed arising out of the Deepwater Horizon explosion, oil spill, and/or subsequent clean-up efforts were proximately caused by the actions and/or omissions of Counter-Defendant Halliburton, and not by any conduct on the part of NRC.

13. NRC reserves its right to amend the allegations against Halliburton as additional discovery and evidence warrants.

**WHEREFORE**, NRC prays that it be entitled to contribution and/or tort indemnity from Counter-Defendant Halliburton and that NRC have such other and further relief to which it may show itself justly entitled.

Dated: June 20, 2011.

        Respectfully submitted,

        /s/ Michael J. Lyle
        Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
        Eric C. Lyttle (DC Bar #482856)
        WEIL, GOTSHAL & MANGES LLP
        1300 Eye Street, NW, Suite 900
        Washington, D.C. 20005
        Telephone: (202) 682-7157
        Facsimile: (202) 857-0940

        Theodore E. Tsekerides (NY Bar #2609642)
        Jeremy T. Grabill (NY Bar #4501755)
        Sylvia E. Simson (NY Bar #4803342)
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153
        Telephone: (212) 310-8218
        Facsimile: (212) 310-8007

        *Attorneys for National Response Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing National Response Corporation's Counterclaim to Halliburton Energy Services Inc.'s First Amended Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

/s/ Michael J. Lyle
Michael J. Lyle