# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 17, 2011

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Dear Judge Shushan:

      I write on behalf of BP to seek the Court's guidance on an issue regarding the continuing, Court-ordered forensic examination of the *Deepwater Horizon* BOP at the NASA facility in Port Michoud, Louisiana. This particular issue concerns testing of the BOP Subsea Electronic Module ("SEM") software.

      According to the Court-approved protocols for this examination, DNV, as part of the testing of the SEM software, was to "[d]ownload the 'Shutdown.asc' file, which is the AMF/Deadman sequence" and to "[v]erify all 4 SEMs have the same file." In this regard, the parties submitted protocols XI(a) and XI(b) to achieve this purpose. Recently, however, Cameron objected to DNV's performance of the testing called for in the Court-ordered protocol. As we understand their position, Cameron contends that any download of the SEM software would not be appropriate on grounds the software is "highly proprietary."

      BP writes to urge the Court to insist that testing be performed according to the Court-approved protocol. Specifically, BP respectfully requests that the Court direct that the contemplated downloading and verification of the AMF sequence "Shutdown.asc" file proceed according to the protocol, notwithstanding Cameron's objections.

      As noted above, Section XI(b) of the Court-approved protocol states that DNV will "[d]ownload the 'Shutdown.asc' file, which is the AMF sequence" and will "[v]erify all 4 SEMs have the same file." In addition, the protocol also calls for DNV to "[s]ave copies of all directories and files in all of the SEMs." Based on our conversations to date, BP believes a

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 17, 2011
Page 2

majority of the Technical Working Group would support performing the controlled and limited examination of the SEM software according to the protocol.

Further, BP believes there is ample technical justification for proceeding with the testing called for by the Court-approved protocols. Performing this testing would help determine whether a software error contributed to the BOP's well containment failure, by helping to determine whether all SEM software includes the same source coding. More generally, performing this testing could help reveal whether the BOP's SEMs were capable of properly commanding the BOPs AMF/Deadman sequence.

Cameron's "highly proprietary" objection, in our view, is trivial insofar as it looks toward halting this testing altogether as opposed to putting in place effective protections for proprietary information as the testing proceeds. As the Court knows, Pre-trial Order 13 specifically contemplates the "highly confidential" designation as a designation "intended to prevent competitive injury between and among persons who might be commercially adverse to one another in the marketplace." *See* Pre-Trial Order 13, ¶ 6. Moreover, Pre-trial Order 13 expressly contemplates that such designations may be given to "electronically stored information provided in native format." *See* Pre-Trial Order 13, ¶ 4.B. Cameron has not explained why the protections contemplated by Pre-Trial Order 13 are not adequate to protect its "highly proprietary" SEM software.

Moreover, as the Court is also aware, the BOP's failure to seal the well is a key issue in this litigation, and the AMF/Deadman function is a key element in the BOP's well-sealing capability. In light of the SEM software's critical role in commanding the BOP's AMF/Deadman function, BP believes there can be no reasonable objection to DNV performing the testing called for by the Court-approved protocol — with Pre-Trial Order 13 and any other reasonable precautions in place for protecting proprietary information — while a convenient opportunity for such testing still exists.

BP would greatly appreciate this Court's availability to resolve this issue, in view of the impending close of testing.

Sincerely,

Robert R. Gasaway

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 17, 2011
Page 3

cc (via electronic mail):

| | |
|---|---|
| Mike O'Keefe | Carmelite Bertaut |
| Mark Cohen | David Jones |
| J. Andrew Langan, P.C. | David Beck |
| David Grassmick | Don Haycraft |
| Joseph Eisert | Ryan Babiuch |
| Jimmy Williamson | Amund Skou |
| Drew Gilbert | Ruth Colvin |
| Angela Rhodes | Phillip Wittmann |
| R. Michael Underhill | Steven O'Rourke |
| Kerry Miller | Alan York |
| Corey Maze | Steve Herman |
| James Roy | Alan Weigel |
| Michael Lyle | Daniel Goforth |
| Don Jackson | Ky Kirby |
| Deborah Kuchler | Glenn Goodier |
| Mary Rose Alexander | Frances Bivens |
| Hugh Tanner | Michael Lyle |