UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| IN RE: THE COMPLAINT AND | : | |
| PETITION OF TRITON ASSET | : | JURY TRIAL DEMANDED |
| LEASING GMBH, et al. | : | |
| | : | |
| **THIS DOCUMENT RELATES TO 10-** | : | |
| **2771** | : | |

. .  . .   . .   . .    . .   . .   . .   . .   . .   . .   . .   . .   . .   . .    . .   . .

## ANSWER OF CROSS-DEFENDANT CAMERON TO
## CROSS-CLAIMS OF ANADARKO DEFENDANTS,
## <u>TOGETHER WITH COUNTERCLAIMS AND CROSS-CLAIMS</u>

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 11 in this proceeding, and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants and Local Government claimants in this limitation action, Cameron International Corporation ("Cameron") respectfully answers the Cross-Claims of Third-Party Defendants Anadarko Petroleum Corporation and Anadarko E&P Company LP ("Cross-Claims"; Doc. 338 in 10-2771), and files counterclaims against the Anadarko Cross-Plaintiffs as Counter-Defendants and cross-claims against other Defendants named in the Cross-Claims as Cross-Defendants, as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

- 1 -

## Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

## Responding to Allegations in the Cross-Claims

To the extent that the allegations of the Cross-Claims are not expressly admitted below, Cameron lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, those allegations.

1.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Paragraph 17 is a naming convention that requires no response.

18.     Cameron admits the allegations in paragraph 18.

19.     Although it denies that any of the cross-claims are validly based on admiralty or maritime law, Cameron admits the allegations in the first sentence of paragraph 19

- 3 -

on the basis of the allegations made in the Cross-Claims.  Cameron denies the allegations in the second sentence of paragraph 19.  In response to the third sentence of paragraph 19, Cameron admits only that venue over the underlying limitation action is proper in this District.  Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19.

20.     In response to paragraph 20 of the Complaint, Cameron restates its responses to the pleadings apparently referenced in paragraph 20.

21.     In response to paragraph 21, Cameron admits that a blowout of the Macondo well resulted in explosions and fires on the *Deepwater Horizon*; that the *Deepwater Horizon* was a mobile offshore drilling unit conducting deepwater offshore drilling and related activities for the purpose of ultimately producing hydrocarbon resources from the Macondo well on the outer Continental Shelf in the Gulf of Mexico; and that subsequent to the blowout of the Macondo well, the *Deepwater Horizon* sank and oil spilled from the Macondo well into the Gulf, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21.

22.     In response to paragraph 22, Cameron admits that the Macondo Well was located in Mississippi Canyon Block 252 in the Gulf of Mexico, and that in April 2010, BP Exploration was conducting operations on the Macondo Well as the designated Operator under a lease granted to it by the former Mineral Management Service, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22.

23.     In response to paragraph 23, Cameron admits that the Macondo Well suffered a blowout because of a failure to isolate hydrocarbons in the subsea geologic formation, as a result of which the hydrocarbons entered the well bore and/or drill pipe and marine riser and ultimately reached the rig floor, resulting in fires and explosions on the drilling unit, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

24.     Cameron admits the allegations in paragraph 24.

25.     In response to paragraph 25, Cameron states that the referenced Operating Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25.

26.     In response to paragraph 26, Cameron states that the referenced agreement speaks for itself.

27.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     In response to paragraph 29, Cameron states that the referenced agreement speaks for itself.

1060465v.1

30.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     Cameron admits the allegations in paragraph 44.

45.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

1060465v.1

46.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 52.

53.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 53.

54.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 54.

55.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 55.

- 8 -

56.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 56.

57.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 57.

58.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 58.

59.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 59.

60.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 60.

61.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 61.

62.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 62.

63.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the pleadings incorporated by reference in paragraph 63.

64.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 65.

1060465v.1

66.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

1060465v.1

75.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph in paragraph 77.

78.     Cameron admits the allegations in paragraph 78.

79.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

1060465v.1

84.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.     Cameron admits the allegations in paragraph 89.

90.     Paragraph 90 contains a reservation of rights that requires no response.

91.     Cameron repeats its responses to paragraphs 1-90.

92.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     Cameron repeats its responses to paragraphs 1-95.

97.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.    Cameron repeats its responses to paragraphs 1-99.

101.    Cameron admits the allegations in paragraph 101.

102.    Cameron denies the allegations in paragraph 102.

103.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.    Cameron repeats its responses to paragraphs 1-103.

105.    Cameron denies the allegations in paragraph 105.

106.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

107.    Cameron denies the allegations in paragraph 107.

108.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.    Cameron repeats its responses to paragraphs 1-108.

110.    Cameron denies the allegations in paragraph 110.

111.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112.    Cameron denies the allegations in paragraph 112.

113.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.    Cameron repeats its responses to paragraphs 1-113.

115.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117.    Cameron repeats its responses to paragraphs 1-116.

118.    In response to the paragraph 118, Cameron states that the Operating Agreement speaks for itself.

119.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121.    Cameron repeats its responses to paragraphs 1-120.

122.    In response to paragraph 122, Cameron states that the Operating Agreement speaks for itself.

123.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

124.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.

125.    Cameron repeats its responses to paragraphs 1-124.

126.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

128.    Cameron repeats its responses to paragraphs 1-127.

129.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129.

130.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130.

131.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.

132.    Cameron repeats its responses to paragraphs 1-131.

133.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

1060465v.1

134.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134.

135.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.

136.    Cameron repeats its responses to paragraphs 1-135.

137.    Paragraph 137 is a qualifying statement that requires no response.

138.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138.

139.    Cameron admits the allegations in paragraph 139.

140.    Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 140.

141.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.

142.    Cameron repeats its responses to paragraphs 1-141.

143.    Paragraph 143 is a qualifying statement that requires no response.

144.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144.

145.    Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 145.

1060465v.1

146.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.

147.     Cameron repeats its responses to paragraphs 1-146.

148.     Paragraph 148 is a qualifying statement that requires no response.

149.     Cameron admits the allegations in paragraph 149.

150.     Cameron denies the allegations in paragraph 150.

151.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.

152.     Cameron repeats its responses to paragraphs 1-151.

153.     Paragraph 153 is a qualifying statement that requires no response.

154.     Cameron denies the allegations in paragraph 154.

155.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 155.

156.     Cameron denies the allegations in paragraph 156.

157.     In response to paragraph 157, Cameron states that OPA speaks for itself.

158.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 158.

159.     Cameron repeats its responses to paragraphs 1-158.

160.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160.

1060465v.1

161.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 161.

162.     Cameron repeats its responses to paragraphs 1-161.

163.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163.

164.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 164.

165.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165.

166.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 166.

167.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167.

168.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 168.

169.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169.

170.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170.

1060465v.1

171.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    Cameron repeats its responses to paragraphs 1-171.

173.    Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 173.

174.    Cameron admits the allegations in paragraph 174.

175.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.

176.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177.    Cameron repeats its responses to paragraphs 1-176.

178.    Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 178.

179.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179.

180.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180.

1060465v.1

181.     Cameron repeats its responses to paragraphs 1-180.

182.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182.

183.     Cameron denies the allegations in paragraph 183.

184.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184.

185.     Cameron repeats its responses to paragraphs 1-184.

186.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186.

187.     Cameron repeats its responses to paragraphs 1-186.

188.     Cameron denies the allegations in paragraph 188.

189.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189.

190.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190.

191.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191.

192.     Cameron repeats its responses to paragraphs 1-191.

193.     Paragraph 193 is a qualifying statement that requires no response.

194.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194.

195.    Cameron admits the allegations in paragraph 195.

196.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196.

197.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197.

198.    Cameron repeats its responses to paragraphs 1-197.

199.    Paragraph 199 is a qualifying statement that requires no response.

200.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200.

201.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201.

202.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202.

203.    Cameron repeats its responses to paragraphs 1-202.

203.    Paragraph 204 is a qualifying statement that requires no response.

205.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205.

206.    Cameron denies the allegations in paragraph 206.

207.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207.

208.    Cameron repeats its responses to paragraphs 1-207.

209.    Cameron denies the allegations in paragraph 209.

210.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210.

211.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211.

212.    In response to paragraph 212, Cameron states that OPA speaks for itself.

213.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213.

214.    Cameron repeats its responses to paragraphs 1-213.

215.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215.

216.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216.

217.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217.

- 22 -

218.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218.

219.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 219.

220.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220.

221.    Cameron repeats its responses to paragraphs 1-220.

222.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222.

223.    Cameron admits the allegations in paragraph 223.

224.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224.

225.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225.

226.    Cameron repeats its responses to paragraphs 1-225.

227.    Cameron lacks knowledge or information sufficient to form a belief as o the truth of the allegations in paragraph 2227.

- 23 -

228.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228.

229.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229.

230.    Cameron repeats its responses to paragraphs 1-229.

231.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231.

232.    Cameron denies the allegations in paragraph 232.

233.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 233.

234.    Cameron repeats its responses to paragraphs 1-233.

235.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 235.

236.    Cameron repeats its responses to paragraphs 1-235.

237.    Paragraph 237 is a qualifying statement that requires no response.

238.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238.

239.    Cameron admits the allegations in paragraph 239.

240.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242.

241.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 241.

242.    Cameron repeats its responses to paragraphs 1-241.

243.    Paragraph 243 is a qualifying statement that requires no response.

244.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244.

245.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245.

246.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246.

247.    Cameron repeats its responses to paragraphs 1-246.

248.    Paragraph 248 is a qualifying statement that requires no response.

249.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249.

250.    Cameron denies the allegations in paragraph 250.

- 25 -

251.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251.

252.   Cameron repeats its responses to paragraphs 1-251.

253.   Paragraph 253 is a qualifying statement that requires no response.

254.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254.

255.   Cameron repeats its responses to paragraphs 1-254.

256.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 256.

257.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257.

258.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258.

259.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259.

260.   Cameron repeats its responses to paragraphs 1-259.

261.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261.

262.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262.

263.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263.

264.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 264.

265.    Cameron repeats its responses to paragraphs 1-264.

266.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266.

267.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 267.

268.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 268.

269.    Cameron repeats its responses to paragraphs 1-268.

270.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270.

271.    Cameron denies the allegations in paragraph 271.

272.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272.

273.    Cameron repeats its responses to paragraphs 1-272.

274.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274.

275.    Cameron repeats its responses to paragraphs 1-274.

276.    Paragraph 276 is a qualifying statement that requires no response.

277.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277.

278.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 278.

279.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 279.

280.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 280.

281.    Cameron repeats its responses to paragraphs 1-280.

282.    Paragraph 282 is a qualifying statement that requires no response.

283.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283.

284.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 284.

285.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 285.

286.    Cameron repeats its responses to paragraphs 1-285.

287.    Paragraph 287 is a qualifying statement that requires no response.

288.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288.

289.    Cameron denies the allegations in paragraph 289.

290.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290.

291.    Cameron repeats its responses to paragraphs 1-290.

292.    Paragraph 292 is a qualifying statement that requires no response.

293.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 293.

294.    Cameron repeats its responses to paragraphs 1-293.

295.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 295.

296.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296.

297.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 297.

298.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298.

299.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 299.

300.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 300.

301.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 301.

302.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 302.

303.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 303.

1060465v.1

304.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 304.

305.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 305.

306.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 306.

307.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 307.

308.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 308.

309.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309.

310.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 310.

311.     Cameron repeats its responses to paragraphs 1-310.

312.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 312.

313.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 313.

314.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 314.

1060465v.1

315.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 315.

316.    Cameron repeats its responses to paragraphs 1-315.

317.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 317.

318.    Cameron denies the allegations in paragraph 318.

319.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 319.

320.    Cameron repeats its responses to paragraphs 1-319.

321.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 321.

322.    Cameron repeats its responses to paragraphs 1-321.

323.    Paragraph 323 is a qualifying statement that requires no response.

324.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 324.

325.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325.

326.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 326.

327.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 327.

328.    Cameron repeats its responses to paragraphs 1-327.

1060465v.1

329.    Paragraph 329 is a qualifying statement that requires no response.

330.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 330.

331.    Cameron denies the allegations in paragraph 331.

332.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 332.

333.    Cameron repeats its responses to paragraphs 1-332.

334.    Paragraph 334 is a qualifying statement that requires no response.

335.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 335.

336.    Cameron repeats its responses to paragraphs 1-335.

337.    With respect to the BOP that was attached to the wellhead of the Macondo Well on April 20, 2010, Cameron states that, in accordance with design specifications required by Vastar/BP and ordered by its customer R&B Falcon/Transocean, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally manufactured to R&B Falcon/Transocean in 2001, but denies the remaining allegations in paragraph 337.

338.    In response to paragraph 338, Cameron states that if the BOP had been properly maintained and properly operated prior to the blowout, explosions and fires that occurred the night of April 20, 2010, the BOP could have prevented the blowout, but denies the remaining allegations in paragraph 338.

339.    In response to paragraph 339, Cameron states that it manufactured certain but not all features of the BOP in use at the Macondo Well on April 20, 2010.

340.    Cameron denies the allegations in paragraph 340.

341.    Cameron denies the allegations in paragraph 341.

342.    Cameron denies the allegations in paragraph 342.

343.    Cameron denies the allegations in paragraph 343.

344.    Cameron denies the allegations in paragraph 344.

345.    Cameron repeats its responses to paragraphs 1-344.


346.    Cameron denies the allegations in paragraph 346.

347.    Cameron denies the allegations in paragraph 347.

348.    Cameron denies the allegations in paragraph 348.

349.    Cameron denies the allegations in paragraph 349.

350.    Cameron repeats its responses to paragraphs 1-349.

351.    Cameron denies the allegations in paragraph 351.

352.    Cameron denies the allegations in paragraph 352.

353.    Cameron denies the allegations in paragraph 353.

354.    Cameron repeats its responses to paragraphs 1-353.

355.    Cameron denies the allegations in paragraph 355.

356.    Cameron repeats its responses to paragraphs 1-355.

357.    Paragraph 357 is a qualifying statement that requires no response.

358.    Cameron denies the allegations in paragraph 358.

1060465v.1

359.   Cameron denies the allegations in paragraph 359.

360.   Cameron denies the allegations in paragraph 360.

361.   Cameron denies the allegations in paragraph 361.

362.   Cameron repeats its responses to paragraphs 1-361.

363.   Paragraph 363 is a qualifying statement that requires no response.

364.   Cameron denies the allegations in paragraph 364.

365.   Cameron denies the allegations in paragraph 365.

366.   Cameron denies the allegations in paragraph 366.

367.   Cameron repeats its responses to paragraphs 1-366.

368.   Paragraph 368 is a qualifying statement that requires no response.

369.   Cameron denies the allegations in paragraph 369.

395.   In response to the paragraph numbered 395, Cameron joins Andarko's jury demand.

## Failure to State a Claim

396.   The Cross-Claims seeking relief with respect to underlying claims for any category of response costs or damages encompassed by section 2702(b) of the Oil Pollution Act of 1990 ("OPA") do not state a valid claim upon which relief may be granted against Cameron for the following reasons:

    a.   Cameron is not a statutorily designated "responsible party" and therefore is not directly liable for any such relief under OPA.

- 34 -

b. Taken together or alone, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery of any such relief against Cameron under admiralty law.

c. Recovery of any such relief against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

397. The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under any law other than OPA or general maritime law for the following reasons:

a. Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any Cross-Claim for relief with respect to an underlying claim that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana. 43 U.S.C. § 1333(a). OCSLA therefore expressly preempts the application of general maritime law or the law of any state law other than the law of Louisiana.

b. To the extent that Cross-Claims based on underlying claims for personal injury or death, or on direct or underlying claims for property damage other than damage allegedly caused by the oil spill from the Macondo well seek relief from Cameron as product manufacturer, no claim against Cameron is valid except to the extent it is permitted under the Louisiana Product Liability Act ("LPLA"), L.S.A. R.S. § 2800.52.

- 35 -

c.  To the extent that Cross-Claims seek relief with respect to underlying claims based on the oil spill from the Macondo well, the Court does not have jurisdiction to grant such relief as part of this limitation action because admiralty jurisdiction is preempted by the "exclusive original jurisdiction" of OPA over such oil spill claims.  33 U.S.C. § 1717(b); *see id.* § 1751(e) (because jurisdiction over oil spill claims is "provided by" OPA, admiralty jurisdiction for oil spill claims is not preserved).

d.  If applicable and not preempted by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2491.A.

e.  If LOSPRA is not applicable and if LPLA is not preempted with respect to tendered oil spill claims by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing the Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2800.52.

f.  The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

g.  The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim upon which relief can be granted against

1060465v.1

Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

h.  The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim under LOSPRA because the sole party with standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  L.S.A. R.S. § 30:2489.B.

i.  The Cross-Claims with respect to underlying claims for oil spill recovery asserted by private claimants fail to state a claim under LOSPRA to the extent that the claimant has failed to allege injury to or destruction of property within the meaning of L.S.A. R.S. § 30:2454(5)(b).  The Cross-Claims with respect to underlying claims for oil spill recovery asserted by governmental claimants fail to state a claim under LOSPRA because each governmental claimant affirmatively alleges that it has not "exhausted all federal remedies" within the meaning of L.S.A. R.S. § 30:2488.C.

j.  The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they contain no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party." L.S.A. R.S. § 30:2454(5).

1060465v.1

k.  The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that any alleged direct or underlying injuries were proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act. L.S.A. R.S. § 9:2800.54.A.

l.  The Cross-Claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

m.  Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

n.  Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

o.  The Cross-Claims fail to state a valid factual claim against Cameron on which relief could be granted over against Cameron for punitive damages under any law.

p.  In the alternative, the Cross-Claims fail to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law or any non-Louisiana state law.

- 38 -

## Affirmative Defense – Non-Contractual Indemnity

398.    The Anadarko Cross-Plaintiffs may be found to be directly liable to Plaintiffs/Claimants, whereas Cameron is not liable to any Plaintiff/Claimant, and in any event, the only allegations against Cameron that have been made or that could be made may not assert that Cameron is negligent, but must assert that it is derivatively liable to Plaintiff/Claimants, premised on the acquisition by one or more Transocean Cross-Defendants of equipment and services from Cameron subject to the contractual specifications issued by the Transocean Cross-Defendants and under the direction of one or more Transocean Cross-Defendant.  To the extent that admiralty law is applied, Cameron would be entitled in these circumstances to complete indemnity from the Anadarko Cross-Plaintiffs.

## Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

399.    Cameron states that the Cross-Claims against Cameron based on Cameron's alleged liability for oil spill claims are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

400.    Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

401.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred to the extent that it is based on an

- 39 -

underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

402.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).   L.S.A. R.S. § 30:2454(22)(c).

403.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

404.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron in any event.   L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

405.   To the extent that the Cross-Claims against Cameron are not governed by OPA and/or OCSLA and/or are not subject to LOSPRA, the Cross-Claims are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.   L.S.A. R.S. 9:2800.51 *et seq.*

406.    Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. §§ 9:2800.53(8)(c).

407.    Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. §§ 9:2800.54.C.

408.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.  L.S.A. R.S. §§ 9:2800.57B(1).

409.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

410.    Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. §§ 9:2800.58.

411.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. §§ 9:2800.58.

412.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  LA. REV. STAT. §§ 9:2800.59A.

413.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. LA. REV. STAT. §§ 9:2800.59B.

## Affirmative Defense – Contractor Immunity Under Louisiana Law

414.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

## Limitation on Liability – OPA

415.    While denying that it is liable for any Cross-Claim with respect to an underlying claim for oil spill recovery, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

- 42 -

## Immunity from Liability – Federal Response Authority

416.    While denying that it is liable for any Cross-Claim for an underlying claim for spill response, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,   33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

## Alternative Affirmative Defenses – General Maritime Law

417.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 385-94 above.

418.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

419.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

420.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron.

421.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design

- 43 -

that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

422.   At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

423.   No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

424.   After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

425.   At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

426.   At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

427.   The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product

1060465v.1

designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

## Affirmative Defenses – Sole or Intervening Causation/Any Applicable Law

428.     Any injury sustained by any Cross-Plaintiff or underlying claimant was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

429.     Any injury sustained by any Cross-Plaintiff or underlying claimant was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

## Affirmative Defense – Reduction of Recovery Based on Fault of Others

430.     Under any applicable law, recovery by any Cross-Plaintiff or underlying claimant for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

## Affirmative Defense – Payment and/or Release

431.     To the extent that any Cross-Plaintiff or underlying claimant has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

## Affirmative Defenses – Damage Recovery

432.   No Cross-Plaintiff or underlying claimant is entitled to double recovery of its provable damages.

433.   No Cross-Plaintiff or underlying claimant is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

## Affirmative Defense – Economic Loss Doctrine

434.   Recovery against Cameron based on oil spill claims is barred by the economic loss doctrine.

## Counterclaims and Crossclaims

Now acting as Counter-Plaintiff and Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Cross-Plaintiffs Anadarko Petroleum Corporation ("Anadarko Corp.") and Anadarko E&P Company, LP ("Anadarko E&P") as Counter-Defendants; and from Cross-Defendants Transocean Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); Triton Asset Leasing GMBH ("Triton"); BP p.l.c.; BP Exploration and Production, Inc., ("BPXP"); BP America Production Company ("BP America"); Halliburton Energy Services, Inc. ("Halliburton"); M-I LLC ("MI"); MOEX Offshore 2007 LLC ("MOEX Offshore"); MOEX USA Corporation ("MOEX USA"); Mitsui Oil Exploration Co. Ltd. ("Mitsui");  Weatherford International Ltd. ("Weatherford Int'l"); Weatherford U.S. L.P. ("Weatherford US"); Dril-Quip, Inc. ("Dril-Quip"); Marine Spill Response Corporation ("MSRC"); Airborne Support, Inc. ("Airborne Inc."); Airborne Support International, Inc. ("Airborne Int'l"); Lynden, Inc. ("Lynden"); Dynamic Aviation Group, Inc. ("Dynamic");

- 46 -

International Air Response, Inc. ("IAR"); Lane Aviation ("Lane"); National Response Corporation ("NR"); O'Brien Response Management, Inc. ("O'Brien"); Tiger Safety, LLC ("Tiger"); DRC Emergency Services LLC ("DRC"); and Nalco Company ("Nalco") (collectively "Cross-Defendants").

### Jurisdiction

435.   This Court has supplemental jurisdiction over the following counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a), and/or exclusive original jurisdiction over the counterclaims and cross-claims under 43 U.S.C. § 1349(b).   Because the contractual indemnity crossclaims asserted by Cameron below are derived from express provisions of maritime contracts, this Court has jurisdiction over those contractual cross-claims under 28 U.S.C. § 1333(1).   Because certain of the contribution claims asserted below arise under OPA, 33 U.S.C. § 2709, this Court has exclusive original jurisdiction over those crossclaims under 33 U.S.C. § 2717(b).   Because the non-contractual indemnity crossclaims and non-OPA contribution cross-claims, which are being asserted below in the alternative solely as a protective matter, are all premised on application of general maritime law, this Court would have jurisdiction over those crossclaims under 28 U.S.C. § 1333(1) to the extent that such jurisdiction is not excluded by 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b).

### Parties

436.   Counter-Defendants, Cross-Defendants and Cameron have been named parties in the Cross-Claims.

437.   Cameron incorporates by reference the allegations contained in paragraphs 30-87 of its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-

1060465v.1

Claims of Cameron International Corporation, Document 412 in 10-2771 ("Cameron Limitation Claim").

438.    Cross-Defendant BPXP selected BP America to perform the obligations of BPXP as lead lessee of the Macondo Prospect and operator of the Macondo well, and thereby hired TO Holdings to assist in drilling the Macondo well under the terms of the Drilling Contract between BP America and TO Holdings, LLC.   Accordingly, BP America became the instrumentality of BPXP with respect to the Macondo well.   In the alternative, BPXP stepped into the shoes of BP America with respect to the Drilling Contract, and in any event, BPXP assumed the obligations of BP America under the Drilling Contract.

## Causes of Action

### First Claim – Contractual Indemnity Against TO Offshore, TO Deepwater and Triton

439.    Pursuant to the terms of the Master Service Agreement ("MSA"), Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton for any liability that Cameron may incur in respect to the Cross-Claims.   To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by these Counter-Defendants for breach of the indemnity provisions of the MSA.

440.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton the attorneys' fees and other costs that it will have reasonably incurred to defend these Cross-Claims.

441.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

### *Second Claim – Contractual Indemnity Against TO Holdings*

442.     Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity from TO Holdings for any liability that Cameron may have to any Cross-Plaintiff.   To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by TO Holdings for breach of the indemnity provisions of the TERMS AND CONDITIONS.

443.     Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to recover from TO Holdings the attorneys' fees and other costs that it incurs to defend the claims of any party in this limitation action.

### *Third Claim – Contractual Indemnity Under the ADT Agreement*

444.     Pursuant to the terms of the ADT Agreement, Cameron is entitled to complete indemnity from Counter-Defendants as successors to ADT under the ADT Agreement for any liability that Cameron may have to either Cross-Plaintiff.   To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by the Transocean Cross-Defendants for breach of the indemnity provisions of the ADT Agreement.

445.     Pursuant to the terms of the ADT Agreement, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

### *Fourth Claim – Contractual Indemnity Under the Terms of Repair Quotes*

446.     Pursuant to the terms of the Repair Quotes, Cameron is entitled to complete indemnity from one or more Transocean Cross-Defendants for any liability that Cameron may have to either Cross-Plaintiff.   To the extent that Cameron pays any judgment

covered by the indemnity, Cameron is entitled to be reimbursed by one or more Transocean Cross-Defendants for breach of the indemnity provisions of the Repair Quotes.

447.    Pursuant to the hold harmless terms of the Repair Quotes, Cameron is entitled to recover from Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

### Fifth Claim – Non-Contractual Indemnity

448.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants for those events.  To the extent that general maritime law applies and Cameron is held liable to any Plaintiff or Claimant but is not indemnified by the Transocean Cross-Defendants by reason of the express indemnity provisions of the MSA, TERMS AND CONDITIONS, ADT Agreement, or Repair Quotes, Cameron is entitled to complete non-contractual indemnity jointly and severally from Counter-Defendants, the Transocean Cross-Defendants and Cross-Defendants BP America, BP E&P, and Halliburton because of their negligent contribution to the events leading to any such Cameron liability that is not based on any alleged negligence of Cameron.

### Sixth Claim  – Contribution Under OPA

449.    The Oil Pollution Act of 1990 provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."  33 U.S.C. § 2709.  Counter-Defendants, the Transocean Cross-Defendants and Cross-Defendants, BP E&P and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill generally described in paragraph 57

of the Cameron Limitation Claim, and are therefore "liable or potentially liable under this Act" within the meaning of section 2709 for certain damages covered by OPA.  *See* 33 U.S.C. §§ 2701(32), 2702(a), (b).  Based on allegations of the Complaint and the allegations of claims made in this action, each Counter-Defendant and each of the Cross-Defendants may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert.  Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill. To the extent that Cameron is held jointly liable with any Counter-Defendant or any Cross-Defendant to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action for damages covered by 33 U.S.C. § 2702(b) but is not indemnified for such liability, Cameron is entitled to contribution from all such Cross-Plaintiffs or Cross-Defendants under the terms of 33 U.S.C. § 2709.

### *Seventh Claim – Contribution from Petitioners and Cross-Defendants Under General Maritime Law*

450.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants and Cross-Defendants for those events.  To the extent that general maritime or other law nevertheless applies and any party succeeds with proof of any allegations so that Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant to any such claimant, Cross-Plaintiff, or Third-Party Plaintiff under general maritime or other law in this limitation action, Cameron is entitled to contribution from all such Counter-Defendants and Cross-Defendants on the basis of comparative fault.

1060465v.1

## Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1. That the Anadarko Cross-Plaintiffs take nothing by their Cross-Claims;

2. That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs under the Cross-Claims, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the Cross-Claims;

4. That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

5. That in the alternative, Cameron recover complete indemnity from the Counter-Defendants, the Transocean Cross-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs under the Cross-Claims on the ground that Cameron is not a negligent defendant;

6. That in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Counter-Defendant and/or Cross-Defendants pursuant to the terms of 33 U.S.C. § 2709;

7. That in the alternative, in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages under general maritime or other law,

1060465v.1

Cameron be awarded contribution from such Counter-Defendants and/or Cross-Defendants under general maritime law or other law;

8. That Cameron recover from Counter-Defendants and Cross-Defendants its costs of court in this action; and

9. That Cameron recover such other and further relief from the Counter-Defendants and Cross-Defendants to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

1060465v.1

and


/s/ Phillip A. Wittmann
_____
Phillip A. Wittmann, 13625
     pwittman@stonepigman.com
Carmelite S. Bertaut, 3054
     cbertaut@stonepigman.com
Keith B. Hall, 24444
     khall@stonepigman.com
Jared Davidson, 32419
     jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Cross-Defendant Cameron International Corporation to Cross-Claims of Anadarko Defendants, Together with Counterclaims and Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

_/s/ Phillip A. Wittmann_
Phillip A. Wittmann

1060465v.1