UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | |
| | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | |
| **Case No. 2:11-CV-04536** | * | **JUDGE BARBIER** |
| **(United States v. BP Exploration &** | * | |
| **Production Inc., et al.)** | * | **MAGISTRATE JUDGE SHUSHAN** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*


**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT MOEX OFFSHORE 2007 LLC TO DISMISS TRANSOCEAN'S
FIRST AMENDED RULE 13 CROSS-CLAIMS/COUNTER-CLAIMS**


John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL ALLEGATIONS IN TRANSOCEAN'S CROSS-CLAIMS............ 3

III. ARGUMENT  TRANSOCEAN FAILS TO STATE ANY CLAIM FOR WHICH RELIEF CAN BE GRANTED. ............................................................................................................ 6

   A.  Count I for Indemnity Under General Maritime Law Fails to State a Claim for which Relief can be Granted........................................................................................................ 7

   B.  Count II for Contribution/Comparative Fault Under General Maritime Law Fails to State a Claim for Which Relief can be Granted............................................................................ 8

      1.  Transocean fails to allege any fault on the part of MOEX Offshore. ........................... 9

      2.  Transocean cannot recover its attorneys fees or costs of suit as a matter of law........ 11

   C.  Count V for Contribution Under OPA Fails to State a Claim for which Relief can be Granted............................................................................................................................ 11

   D.  Count VI for Subrogation Under OPA Fails to State a Claim for which Relief can be Granted............................................................................................................................ 13

IV. CONCLUSION................................................................................................................. 14

# **TABLE OF AUTHORITIES**

## **CASES**

*Adams v. Texaco*,
    640 F.2d 618 (5th Cir. Unit A 1981) ................................................................................9

*Ainsworth v. Shell Offshore, Inc.*,
    829 F.2d 548 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988)....................................10

*In re ALEX C Corp.*,
    Civil Action Nos. 00-12500-DPW, 01-12186-DPW, 2010 WL. 4292328 (D.
    Mass. 2010)......................................................................................................................12

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)........................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................6

*Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*,
    615 F.3d 599 (5th Cir. 2010) ..........................................................................................2, 9

*Cooper Stevedoring Co. v. Kopke*,
    417 U.S. 106 (1974)............................................................................................................9

*Halliburton Co. v. Norton Drilling Co.*,
    313 F.2d 380 (5th Cir. 1963) ..............................................................................................6

*Hardy v. Gulf Oil Corp.*,
    949 F.2d 826 (5th Cir. 1992) ..........................................................................................2, 7

*Hershey v. Energy Transfer Partners*,
    610 F.3d 239 (5th Cir. 2010) ..............................................................................................6

*Jones v. Bock*,
    549 U.S. 199 (2007)............................................................................................................6

*In re Liberty Seafood*,
    38 F.3d 755 (5th Cir. 1994) ................................................................................................9

*Loose v. Offshore Navigation, Inc.*,
    670 F.2d 493 (5th Cir.1982) ...............................................................................................7

*Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*,
 761 F.2d 229 (5th Cir.1985) ..................................................................................8

*National Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*,
 924 F. Supp. 1436 (E.D. Va. 1996) ......................................................................12

*Odd Bergs Tankrederi A/S v. S/T Gulfspray*,
 650 F.2d 652, 655 (5th Cir. 1981) .......................................................................11

*Ronquille v. MMR Offshore Services, Inc.*,
 353 F. Supp. 2d 680 (E.D. La. 2004)...................................................................10

*Thomas v. Burlington Resources Oil & Gas Co., No. Civ. A. 99- 3904*,
 2000 WL. 1528082 (E.D. La. Oct. 13, 2000) .....................................................10

*Two-J Ranch, Inc. Limitation Proceeding M/V Carla J*,
 534 F. Supp. 2d 671 (W.D. La. 2008)....................................................................8

*U.S. v. Atlantic Research Corp.*,
 551 U.S. 128 (2007).................................................................................................2

*United Gas Corp. v. Guillory*,
 206 F.2d 49 (5th Cir. 1953) ....................................................................................6

*United States v. Reliable Transfer Co.*,
 421 U.S. 397 (1975).................................................................................................7

*Weathersby v. Conoco Oil Co.*,
 752 F.2d 953 (5th Cir. 1984) ................................................................................11

## STATUTES

33 U.S.C. §2701 *et. seq* ...............................................................................2, 3, 11, 13

Fed. R. Civ. P. 12(b)(6).........................................................................................1

## MISCELLANEOUS

H.R. Conf. Rep. No. 653, 101st Cong., 2d Sess. 1990 ..................................................12

2-I Benedict on Admiralty § 13 ......................................................................................9

Restatement (Second) of Torts §886A(2)........................................................................9

MOEX Offshore 2007 LLC ("MOEX Offshore") respectfully submits this memorandum in support of its motion to dismiss the cross-claims brought against it by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (together, "Transocean") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## I.
## INTRODUCTION

On May 30, 2011, Transocean asserted cross-claims against MOEX Offshore for contribution, indemnity and negligence under general maritime law, and for contribution and subrogation under the Oil Pollution Act ("OPA").  *See* Transocean's First Amended Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint [Rec. Doc. 2574] ("Cross-Claims").[2]

Transocean alleges no new facts against MOEX Offshore, instead incorporating by reference the Plaintiffs' allegations against MOEX Offshore in the Amended Master Complaint for Pleading Bundle B1 and the Local Government Entity Master Complaint.  Transocean's Cross-Claims against MOEX Offshore therefore suffer from the same fatal infirmities as the Plaintiffs' claims and should be dismissed.  Like the Plaintiffs, Transocean fails to allege any facts showing that MOEX Offshore owed any duty to the Plaintiffs (or by extension to Transocean) or that MOEX Offshore bears any measure of fault for the blowout, fire, explosion and eventual sinking of the *Deepwater Horizon*.  Taken as true, Transocean's allegations in fact

---

[1] This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded allegations as true.  Should the case proceed, MOEX Offshore reserves its right to bring forth evidence to refute the allegations against it.

[2] Transocean also brought nearly identical cross-claims against MOEX Offshore, in *In re the Complaint and Petition of Triton Asset Leasing GMBH et al. in a Cause for Exoneration from or Limitation of Liability* (Case No. 2:10-CV-02771) [Rec. Doc. 2068].  MOEX Offshore moved to dismiss those cross-claims on May 20, 2011 [Rec. Doc. 2477].

show that there was no fault on the part of MOEX Offshore, and therefore doom each of Transocean's Cross-Claims.

Specifically, Count I fails to state a *prima facie* claim for indemnity. Indemnity "permits one tortfeasor to shift all of the loss onto another tortfeasor, provided that the latter should appropriately answer for the entirety of the loss." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 829-30 (5th Cir. 1992). Transocean does not allege any facts that would demonstrate that MOEX Offshore bears any share of the fault for the incident giving rise to Transocean's putative liability, let alone the entirety of the fault. Nor do the Cross-Claims allege that MOEX Offshore had any contractual relationship with Transocean that would give rise to an obligation of indemnity. *See* Cross-Claims ¶44. *See* § III.A.

Similarly, Count II fails to state a claim for contribution/comparative fault under general maritime law. *See* Cross-Claims ¶45. "Contribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'" *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 603 (5th Cir. 2010) (*quoting U.S. v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007)). Transocean's allegations affirmatively show that MOEX Offshore is not in any way "responsible for the same tort," and that MOEX Offshore should not bear any "percentage of fault" for the damages at issue. *See* § III.B.1.

Count V, in which Transocean seeks contribution from MOEX Offshore under OPA, 33 U.S.C. §2701 *et. seq.*, for "any amounts Transocean may be held liable to pay in judgment and/or settlement to, or as a result of, the Claims of the United States of America and/or the Claims asserted by BP Exploration in its Cross-Claim and Third-Party Complaint" fails to state a claim for the same reason. Cross-Claims ¶57. Like contribution under general maritime law, a claim

2

for contribution for damages or removal costs paid to claimants under OPA requires a showing of fault on the part of MOEX Offshore, which Transocean fails to allege. *See* § III.C.

Finally, Count VI, in which Transocean seeks subrogation pursuant to OPA, 33 U.S.C. §2702(d)(1)(A) and (B) or 33 U.S.C. §2715, fails to state a *prima facie* claim for subrogation against MOEX Offshore. *See* Cross-Claims ¶58. Thruough subrogation under OPA, a responsible party may recover from a third-party who caused the discharge or threat of a discharge the removal costs or damages that the responsible party has paid to OPA claimants. Transocean's subrogation claim fails because its allegations show that MOEX Offshore does not bear any share of the fault for the discharge giving rise to removal costs and damages under OPA and Transocean does not allege that it has paid any removal costs or damages. *See* § III.D.

## II.
## RELEVANT FACTUAL ALLEGATIONS IN TRANSOCEAN'S CROSS-CLAIMS.

Transocean admits that "at all time[s] material hereto," it was "the Owner, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU *Deepwater Horizon*." Cross-Claims ¶6. Transocean alleges that the *Deepwater Horizon*, "an ultra-deepwater dynamic positions semi-submersible vessel," was leased to BP America Production Company, so that BP could "drill exploratory wells" at the Macondo prospect site in the OCS. Cross-Claims ¶25. Transocean alleges that BP Exploration & Production, Inc. was allowed by a Mineral Management Service ("MMS") lease to "perform oil exploration, drilling and production-related operations" at the Macondo site. Cross-Claims ¶7.

Transocean alleges that on April 20, 2010, a blow-out occurred at "BP's Macondo well," which resulted in "explosion(s) and a fire on the *Deepwater Horizon*." Cross-Claims ¶26. The *Deepwater Horizon* sank on April 22, 2010. *Id.* Transocean alleges that "oil flowed from BP's Macondo Well, and continued to flow until approximately July 15, 2010, when BP finally

3

capped the Macondo Well." Cross-Claims ¶27. Transocean further alleges that BP implemented "a Response Plan including relief and recovery efforts to prevent oil from escaping from the Macondo Well, to manually contain the oil, and to disperse oil in the water using chemical dispersants." Cross-Claims ¶28. Transocean does not allege that it was involved, in any way, in BP's recovery efforts.

Other than identifying MOEX Offshore and alleging that MOEX Offshore held a minority interest in the lease for the Macondo Prospect, the Cross-Claims include no specific allegations against MOEX Offshore. Instead, Transocean adopts wholesale the "allegations and contentions" asserted against MOEX Offshore by the Bundle A, B, C, and D Claimants, including the allegations for the First Amended Master Complaint for Pleading Bundle B1 and the Local Government Entity Complaint. Cross-Claims ¶36 (adopting the allegations and contentions in Rec. Doc. 1128 and Rec. Doc. 1510).

Transocean – by incorporating Plaintiffs' allegations – alleges that MOEX Offshore holds a minority "working interest ownership percentage[] in the lease of the Macondo Prospect." First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) [Rec. Doc. 1128] ¶¶ 235, 247. Transocean alleges that, as a "non-operational leaseholder[]," MOEX Offshore possessed a right to receive certain types of information about the drilling operations at the Macondo Prospect, including certain files and records of audits, and "access to Halliburton/Sperry Sun INSITE real-time data that was transmitted from the Deepwater Horizon on April 20, 2010." *Id.* ¶¶ 282-85, 573. Transocean further alleges that MOEX Offshore was "on notice" of certain provisions of BP's well plan and possessed contractual rights to suggest proposed well plans, call meetings with BP, approve press releases, and conduct health, safety,

and environmental inspections. *Id.* ¶283-285. Solely by incorporation of the Plaintiffs' allegations, Transocean asserts that MOEX Offshore "breached [its] duties to Plaintiffs by failing to warn the drilling vessel crew [i.e., BP and Transocean] of the imminent blowout so that they could take evasive action." *Id.* ¶573.

As set forth in the Motions to Dismiss the Amended Master Complaints for Pleading Bundles B1 and B3 filed by MOEX Offshore and others,[3] Plaintiffs' allegations against MOEX Offshore fail to state any viable legal claims, and fail to allege plausible facts showing that MOEX Offshore was in any measure at fault for Plaintiffs' alleged injuries. The Plaintiffs do not allege – and therefore Transocean does not allege – that MOEX Offshore had operational involvement in, control of, or supervisory authority over the engineering or design of the Macondo Well, the *Deepwater Horizon* or its crew, the drilling operations conducted at the Macondo Well, or the completion operations conducted on the Macondo Well. Indeed, no party to this litigation is better able than Transocean to confirm that MOEX Offshore lacked any right of operational control over the *Deepwater Horizon* and had no contact with her crew. It is telling, then, that Transocean's pleadings fail to show that MOEX Offshore had such operational control. Absent operational control, MOEX Offshore owed no duty to Transocean, and cannot be liable to Transocean for contribution, indemnity or subrogation with regard to the claims of the United States of America and/or the claims asserted by BP Exploration & Production Inc in its Cross-Claim and Third-Party Complaint ("USA/BP Claims").

---

[3] *See* Memorandum of Law in Support of Motion of Defendants MOEX Offshore 2007 LLC and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1 ("B1 Motion to Dismiss")]; Memorandum of Law in Support of Motion of Defendants MOEX Offshore 2007 LLC and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B3) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1416-1 ("B3 Motion to Dismiss").

## III.
## ARGUMENT

**TRANSOCEAN FAILS TO STATE ANY CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

The rules of pleading applicable to complaints also apply to third-party complaints, cross-claims and counterclaims for indemnity and contribution. *See United Gas Corp. v. Guillory*, 206 F.2d 49, 52 (5th Cir. 1953); *Halliburton Co. v. Norton Drilling Co.*, 313 F.2d 380, 380 (5th Cir. 1963) (third party complaint for contribution was properly dismissed where third-party plaintiff could not recover as a matter of law). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010).

To state a claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). If the factual allegations do not raise a right to relief "above the speculative level," *Twombly*, 550 U.S. at 555, or if the allegations reveal an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim should be dismissed. Under this standard, Transocean fails to state any claims against MOEX Offshore for which relief can be granted.

### A.      Count I for Indemnity Under General Maritime Law Fails to State a Claim for which Relief can be Granted.

Transocean's claim under general maritime law for indemnity from MOEX Offshore for "any amount Transocean may be held liable to pay in judgment and/or settlement to, or as a result of, the Claims of the United States of America and/or the Claims asserted by BP Exploration in its Cross-Claim and Third-Party Complaint" fails as a matter of law. Cross-Claims ¶44. Transocean alleges no viable legal basis for imposing an indemnity obligation on MOEX Offshore and fails to allege any fault on MOEX Offshore's part.

Indemnity "permits one tortfeasor to shift all of the loss onto another tortfeasor, provided that the latter should appropriately answer for *the entirety of the loss*." *Hardy*, 949 F.2d at 833-34 (emphasis added). Alhough Transocean does not specifically allege any theory on which its indemnity claims against MOEX Offshore is based, under maritime law's comparative fault system there are only three viable theories of maritime indemnity: (1) where a contract expressly provides for indemnification; (2) where the "Ryan Doctrine" applies; and (3) where a "vicariously liable or non-negligent tortfeasor is entitled to indemnity 'from a co-debtor guilty of actual fault.'" *Id.* at 833-34.[4] None is applicable to Transocean's claims against MOEX Offshore.

The first two potential indemnity theories are dispensed with easily. Transocean does not allege any agreement by MOEX Offshore to indemnify Transocean in connection with operations on the Macondo Well (and no such agreement exists). The Ryan Doctrine likewise is plainly inapplicable because it applies only to permit a vessel to recover where a stevedore

---

[4] In *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975), the Supreme Court instituted a system of comparative fault in maritime cases, obviating resort to indemnity in almost all maritime cases. *See, e.g., Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 501 (5th Cir.1982) ("A comparative fault system not only eliminates the doctrine of contributory negligence but also apportions fault among joint tortfeasors in accordance with a precise determination, not merely equally or all-or-none.").

breached a warranty of workmanlike performance. *Two-J Ranch, Inc. Limitation Proceeding M/V Carla J*, 534 F. Supp. 2d 671, 687 (W.D. La. 2008).

The third theory of indemnity also does not avail Transocean. In the Fifth Circuit, "a vicariously liable or non-negligent tortfeasor may be entitled to indemnity 'from a *co-debtor guilty of actual fault*.'" *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir.1985) (emphasis added; internal citation omitted).[5]

As discussed more fully below, Transocean fails to allege any "actual fault" on the part of MOEX Offshore. A party who "neither caused nor contributed" to an alleged tort is not liable for actual fault. *Marathon Pipe Line Co.*, 761 F.2d at 236. Further, a party who "had no control" over the alleged tort is not guilty of actual fault. *Id.* Transocean, by wholesale adoption of Plaintiffs' defective allegations against MOEX Offshore, fails to make plausible allegations that MOEX Offshore "caused or contributed" to the actions giving rise to the USA/BP Claims, let alone that the entire fault for such actions lay with MOEX Offshore. Transocean's maritime indemnity claim therefore fails as a matter of law.

**B.     Count II for Contribution/Comparative Fault Under General Maritime Law Fails to State a Claim for Which Relief can be Granted.**

Transocean alleges that, under general maritime law, Transocean is entitled to contribution from MOEX Offshore "for any amount Transocean may be held liable to pay in judgment and/or settlement to, or as a result of, the Claims of the United States of America and/or the Claims asserted by BP Exploration in its Cross-Claim and Third-Party Complaint."

---

[5]  No plaintiff alleges that Transocean is vicariously liable for the alleged torts of MOEX Offshore. Indeed, the Plaintiffs expressly disclaim any theory of vicarious liability applicable to MOEX Offshore. Plaintiffs' Memorandum of Law in Opposition to the motions of MOEX Offshore and other Defendants to Dismiss Plaintiffs' Negligence Claims and Motions to Dismiss the OPA Claims Against Anadarko E&P [Rec. Doc. 1803] at 9. Nor does Transocean allege any relationship with MOEX Offshore, such as respondeat superior, joint venture, agency or partnership, that would provide any basis for a finding of vicarious liability (and there is none).

Cross-Claims ¶45. The claim fails because Transocean alleges no facts showing that MOEX Offshore bears <u>any</u> fault for the actions giving rise to the USA/BP Claims.[6]

### 1. Transocean fails to allege any fault on the part of MOEX Offshore.

When a party is entitled to contribution, that entitlement is proportional to the responding party's negligence or fault. *Combo Mar., Inc.,* 615 F.3d at 602; *Cooper Stevedoring Co. v. Kopke*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); In re Liberty Seafood, 38 F.3d 755, 757 (5th Cir. 1994) (holding that "contribution from the third-party tortfeasor" must be "in proportion to the third-party's fault"); *Adams v. Texaco*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) (stating that "a concurrently negligent tortfeasor should proportionately contribute . . . to the extent occasioned by its fault"); RESTATEMENT (SECOND) OF TORTS §886A(2) ("No tortfeasor can be required to make contribution beyond his own equitable share of the liability."). "[A] non-negligent tortfeasor is 0% at fault." 2-I BENEDICT ON ADMIRALTY §13. It follows that a non-negligent tortfeasor cannot be liable for contribution. *Id.*

For the same reasons that Plaintiffs failed to state negligence claims against MOEX Offshore, Transocean, by adopting Plaintiffs' defective allegations, fails to state a claim for contribution. Transocean alleges only that MOEX Offshore possessed a non-operating interest in the MMS lease and had a right "to conduct 'health, safety, and environmental ["HSE"] inspection[s]' with a 'right of access to activities and operations' on the rig, as well as access to BP's files, audits, and statistics" on HSE issues. Amend. Mast. Compl. B1 ¶¶247, 285. Transocean does not allege that MOEX Offshore had a right to exercise or in fact exercised operational control over any activity allegedly giving rise to the USA/BP Claims.

---

[6] Transocean, like MOEX Offshore, argues that federal law and the general maritime law exclusively govern this case. *See* Reply Brief in Support of Transocean's Rule 12(b)(6) Motion to Dismiss the First Amended B1 Master Claim in Limitation and the First Amended B1 Master Complaint [Rec. Doc. 2188] at 4. MOEX Offshore reserves the right to challenge Transocean's entitlement to contribution or any other form of relief under state law in the event the Court rules that state law may be applicable to this case.

As argued in the Motions to Dismiss for Pleading Bundles B1 and B3 filed by MOEX Offshore and others,[7] it is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of operational control over the activity. *See, e.g., Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987) (holding that Louisiana law requires operational control to impose liability upon defendant in cases arising from oil drilling activities), *cert. denied*, 485 U.S. 1034 (1988). It is also settled law that where a principal contracts with an independent contractor to conduct oil and gas operations but retains no operational control, the principal neither assumes nor owes any duty to protect others from the contractor's negligence. *See Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99- 3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, D.J.) (holding that an independent contractor's injured employee was not owed a duty by the principal where the contractor created the hazard). Even where a principal without operational control has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.*; *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

The Plaintiffs, and therefore Transocean, fail to allege that MOEX Offshore had a right to control any aspect of the *Deepwater Horizon*'s drilling operations, or any other instrumentality or operation allegedly giving rise to the USA/BP Claims. Thus, as a matter of law, there is no claim for negligence against MOEX Offshore for which relief can be granted. Accordingly, Transocean has no claim for contribution against MOEX Offshore because a non-negligent

---

[7] MOEX Offshore expressly incorporates by reference its Motions to Dismiss for Pleading Bundles B1 [Rec. Doc. 1414] and B3 [Rec. Doc. 1416] and the local governmental entity master complaint [Rec. Doc. 2220].

defendant is not liable for contribution. Transocean's maritime contribution claim therefore must be dismissed.

### 2. Transocean cannot recover its attorneys fees or costs of suit as a matter of law.

In its indemnity and contribution claims, Transocean seeks reimbursement of court costs, attorneys' fees for defending against the USA/BP Claims, and attorneys' fees and court costs for pursuing its Cross-Claims. Cross-Claims ¶¶44, 45, 57. Even if Transocean asserts a viable contribution or indemnity claim against MOEX Offshore (which it does not), Transocean cannot recover its costs and fees. In *Odd Bergs Tankrederi A/S v. S/T Gulfspray*, the Fifth Circuit held that in maritime contribution suits that are not founded on a contract, "attorney's fees and legal costs incurred by the defending tortfeasor [are] not recoverable in contribution from the other negligent parties." 650 F.2d 652, 655 (5th Cir. 1981). This is the rule because a tortfeasor "defends against claims of its own negligence . . . [and] would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence." *Id.*

Likewise, in the Fifth Circuit there is "no right to recover attorney's fees and costs incurred in establishing [the] right to indemnification." *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir. 1984). Transocean alleges no basis for deviating from these well-established rules. Transocean's claims for attorneys' fees, court costs, and costs of suit in defending the underlying action and prosecuting its Cross-Claims against MOEX Offshore must be dismissed.

### C. Count V for Contribution Under OPA Fails to State a Claim for which Relief can be Granted.

Transocean asserts an OPA contribution claim against MOEX Offshore, pursuant to 33 U.S.C. §2709, for "any amounts Transocean may be held liable to pay in judgment and/or

11

settlement to, or as a result of, the Claims of the United States of America and/or the Claims asserted by BP Exploration in its Cross-Claim and Third-Party Complaint." Cross-Claim ¶57. Under §2709, "[a] person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."

Courts applying OPA contribution under §2709 have employed the same standards for allocating proportional fault among jointly liable parties as are used in analogous contribution actions under general maritime law. *See In re ALEX C Corp.*, Civil Action Nos. 00-12500-DPW, 01-12186-DPW, 2010 WL 4292328, at *15 (D. Mass. 2010) (allocating proportional fault among two parties liable under OPA by reference to general maritime law); *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436, 1446 n. 4 (E.D. Va. 1996) (applying maritime negligence principles to OPA contribution claim). Legislative history also confirms that Congress intended that contribution under §2709 be based upon findings of relative fault for the discharge. *See* H.R. Conf. Rep. No. 653, 101st Cong., 2d Sess. 1990, *reprinted in* 1990 U.S.C.C.A.N. 779, 789 (1990) (explaining that if the "action or omission" of a third party not designated a responsible party "contributed to the discharge" then the third party could be held "accountable financially in part or in whole" under §2709).

Thus, adjudication of a contribution claim under OPA is no different from adjudication of a contribution claim under general maritime law. As discussed above, a non-negligent party cannot be liable for contribution because a non-negligent party appropriately bears 0% of the proportional fault for the discharge. Because Transocean fails to set forth allegations showing that MOEX Offshore bears any measure of fault for the discharge, Transocean's claim for contribution under OPA must be dismissed.

**D.     Count VI for Subrogation Under OPA Fails to State a Claim for which Relief can be Granted.**

Transocean also asserts an OPA claim for subrogation, pursuant to 33 U.S.C. §2702(d)(1)(A) and (B) or 33 U.S.C. §2715.  Section 2702(d) provides:

> If the responsible party alleges that the discharge or threat of a discharge was caused <u>solely</u> by an act or omission of a third party, the responsible party—
>
> (i) in accordance with section 1013 [33 USCS §2713], shall pay removal costs and damages to any claimant; and
>
> (ii) shall be entitled by subrogation to all rights of the United States Government and the claimant to recover removal costs or damages from the third party or the Fund paid under this subsection.

(emphasis added).  Section 2715 further provides that anyone "who pays compensation pursuant to [OPA] to any claimant for removal costs or damages shall be subrogated to all rights, claims, and causes of action that the claimant has under any other law."  33 U.S.C. §2715.

Transocean does not allege that it has paid any removal costs or damages to any claimant.  Even assuming for argument's sake that Transocean may assert a contingent claim for subrogation under OPA, Transocean fails to allege that the "discharge was caused *solely* by an act or omission" of MOEX Offshore.  33 U.S.C. §2702(d) (emphasis added).  No plaintiff has alleged that the discharge was caused solely by MOEX Offshore; indeed, Plaintiffs' allegations fail to establish that MOEX Offshore bore any fault whatsoever for the discharge.  Nor does Transocean have any contingent claim for subrogation against MOEX Offshore under §2715, because, as argued in the B1 and B3 Motions to Dismiss, Plaintiffs have failed to state any viable claims against MOEX Offshore "under any other law."  *See* 33 U.S.C. §2715.  Because Transocean has no claim for subrogation against MOEX Offshore, Count VI must be dismissed.

13

## IV.
## CONCLUSION

For the foregoing reasons, Transocean's Cross-Claims against MOEX Offshore 2007 LLC must be dismissed in their entirety.

Dated: June 20, 2011

          Respectfully submitted,

          s/  John F. Pritchard_____

          John F. Pritchard
          Edward Flanders
          PILLSBURY WINTHROP SHAW PITTMAN LLP
          1540 Broadway
          New York, NY 10036-4039
          Tel. (212) 858-1000
          Fax (212) 858-1500
          john.pritchard@pillsburylaw.com
          edward.flanders@pillsburylaw.com

          Christopher McNevin
          PILLSBURY WINTHROP SHAW PITTMAN LLP
          725 South Figueroa Street, Suite 2800
          Los Angeles, CA 90017-5406
          Telephone (213) 488-7507
          Fax (213) 629-1033
          chrismcnevin@pillsburylaw.com

          **ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

                                                                                       s/ John F. Pritchard  
                                                                                         John F. Pritchard