**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | |
| | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | |
| **Case No. 2:11-CV-04536** | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| * * * * * * * * * * * * | * | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**DEFENDANT MOEX USA TO DISMISS TRANSOCEAN'S**
**RULE 14 THIRD-PARTY COMPLAINT**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

**TABLE OF CONTENTS**

<u>Page</u>

ARGUMENT ...................................................................................................................... 1

CONCLUSION .................................................................................................................. 3

i

## TABLE OF AUTHORITIES

### CASES

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ........................................................................................2

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) ........................................................................................2

*Kane Enterprises v. MacGregor (USA) Inc.*,
   322 F.3d 371 (5th Cir. 2003) ........................................................................................2

*In re Katrina Canal Breaches Litigation*,
   495 F.3d 191 (5th Cir. 2007) ........................................................................................2

*Schattner v. Girard, Inc.*,
   668 F.2d 1366 (D.C. Cir. 1981) ....................................................................................2

### STATUTES

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

MOEX USA Corporation ("MOEX USA") respectfully submits this

Memorandum of Law in support of its motion to dismiss the Third-Party Complaint

against it filed by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean

Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (together,

"Transocean") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which

relief may be granted.[1]

**ARGUMENT**

**TRANSOCEAN'S THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED AS TO MOEX USA**

On May 30, 2011, Transocean filed a Third-Party Complaint against MOEX USA

and amended cross-claims against MOEX USA's subsidiary corporation, MOEX

Offshore 2007 LLC ("MOEX Offshore"), asserting claims for contribution, indemnity

and negligence under general maritime law, and for contribution and subrogation under

the Oil Pollution Act ("OPA").  *See* Transocean's First Amended Rule 13 Cross-

Claims/Counterclaims and Rule 14 Third-Party Complaint [Rec. Doc. 2574] ("Third-

Party Claims").

The Third-Party Claims do not include any specific allegations against MOEX

USA.  Instead, Transocean merely incorporates by reference the Plaintiffs' allegations in

the Amended Master Complaint for Pleading Bundle B1 and the Local Government

Entity Master Complaint.

MOEX USA was not a party to the Macondo Prospect Offshore Deepwater

Operating Agreement ("Operating Agreement").  As the Operating Agreement plainly

---

[1]  This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded
   allegations as true.  Should the case proceed, MOEX USA reserves its right to bring forth evidence to
   refute the allegations against it.

sets forth, MOEX Offshore 2007 LLC ("MOEX Offshore") was a party to that contract,

but MOEX USA was not.[2]  Thus, MOEX USA was not even one of the well's owners, let

alone its operator.

Nor do the Third-Party Claims contain any allegation specifically identifying

MOEX USA as a leaseholder or as a party that committed any wrongful act.  MOEX

USA is the parent company of MOEX Offshore.  As a separate corporation, it is not

liable for its subsidiary's obligations.  The Third-Party Claims do not make any allegation

that MOEX USA's corporate veil should be pierced.  Even if Transocean had made such

an argument, where (as here) there has been no determination of liability, no assessment

of damages (if any), and no determination that the liable party cannot pay, even well-

pleaded allegations of veil-piercing would not present a justiciable controversy.  *See, e.g.*,

*Schattner v. Girard, Inc.*, 668 F.2d 1366, 1369 (D.C. Cir. 1981) (per curiam) ("[I]t was

only when it became clear that Girard could not make good on the arbitration award that

the issue of veil-piercing became ripe for consideration.").

Moreover, Transocean's Third-Party Claims are substantively defective and must

be dismissed.  MOEX USA hereby adopts and incorporates the arguments in the

Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to

---

2  Plaintiffs expressly referenced the Operating Agreement as the purported basis for claims against MOEX USA, MOEX Offshore and others (*see* First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) [Rec. Doc. 1128] ¶¶ 235, 247, 281-85, 573), and Transocean has incorporated these allegations by reference.  Third-Party Claims ¶ 36.  Therefore, MOEX Offshore may refer to the relevant provisions of the Operating Agreement in this motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  A copy of the Operating Agreement was attached as an exhibit to Anadarko Petroleum Corporation's Form 8-K, filed with the U.S. Securities and Exchange Commission on June 21, 2010, and separately as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1].  The portions of the Operating Agreement referred to herein can be found in those filings.

2

Dismiss Transocean's First Amended Rule 13 Cross-Claims/Counterclaims and Rule 14

Third-Party Complaint, filed contemporaneously herewith.  As set forth in that

Memorandum with respect to MOEX Offshore, (i) Transocean's indemnity claim fails

because Transocean fails to allege any viable theory of indemnity against MOEX USA;

(ii) Transocean's contribution claim fails because Transocean fails to allege any fault on

the part of MOEX USA; (iii) Transocean cannot recover its attorneys fees or costs of suit

as a matter of law; (iv) Transocean's claim for contribution under the OPA fails because

Transocean fails to allege that MOEX USA bears any measure of fault for the discharge;

and (v) Transocean's claim for subrogation under the OPA fails because Transocean fails

to allege that the discharge was caused solely by MOEX USA.  Accordingly, the Third-

Party Complaint fails to plead a claim against MOEX USA upon which relief can be

granted.

## CONCLUSION

For the foregoing reasons, the claims in Transocean's Third-Party Complaint

against MOEX USA must be dismissed in their entirety.


Date:  June 20, 2011


Respectfully submitted,

s/ Jack McKay
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

s/ Jack McKay
Jack McKay