UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| **All Cases and Cause No. 2:10-CV-02771** | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | |
| | * | **MAGISTRATE SHUSHAN** |
| | * | |
| * * * * * * * * * * * * | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
MOEX USA CORPORATION TO DISMISS FIRST AMENDED CROSS-CLAIMS
OF DEFENDANT HALLIBURTON ENERGY SERVICES INC.**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

**Table of Contents**

   Page

ARGUMENT .................................................................................................................................1

CONCLUSION ..............................................................................................................................4

# TABLE OF AUTHORITIES

## CASES

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ............................................................................................2

*Ferrer v. Chevron Corp.*,
    484 F.3d 776 (5th Cir. 2007) ............................................................................................2

*Kane Enterprises v. MacGregor (USA) Inc.*,
    322 F.3d 371 (5th Cir. 2003) ............................................................................................2

*In re Katrina Canal Breaches Litigation*,
    495 F.3d 191 (5th Cir. 2007) ............................................................................................2

*Monumental Life Insurance Co. v. Executive Risk Specialty Insurance Co.*,
    Civ. No. 99-2676, 2000 U.S. Dist. LEXIS 14150 (E.D. La. Sept. 20, 2000) ......................2

*Nissho Iwai Corp. v. Mizushima Marinera S.A.*,
    Case No. 95-3771, 1996 WL. 904562 (D.N.J. April 23, 1996)..........................................2

*Schattner v. Girardnc.*,
    668 F.2d 1366 (D.C. Cir. 1981)........................................................................................2

## STATUTES

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 2

MOEX USA Corporation ("MOEX USA") respectfully submits this memorandum in support of its motion to dismiss the cross-claims of defendant Halliburton Energy Services, Inc. ("Halliburton") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## ARGUMENT

### HALLIBURTON'S CROSS-CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AS TO MOEX USA

Halliburton asserted Cross-Claims against MOEX USA on May 20, 2011 for contribution, indemnity, and negligence under general maritime law.[2] *See* First Amended Cross-Claims of Defendant Halliburton Energy Services, Inc. [Rec. Doc. 445] ("Cross-Claims").

The Cross-Claims do not include any specific allegations against MOEX USA. Instead, Halliburton makes allegations against the broadly-defined "Non-Operating Cross-Defendants," which includes MOEX USA, MOEX Offshore, Anadarko E&P, and Anadarko Petroleum. By adopting the misleading term "Non-Operating Cross-Defendants" to refer to multiple entities, Halliburton attempts to obfuscate the absence of factual support for any claim against MOEX USA.

The governing document provides no basis for Halliburton's allegation that MOEX USA was a party to the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement") (*see* Cross-Claims ¶46). As the Operating

---

[1] This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded allegations as true. Should the case proceed, MOEX USA reserves its right to bring forth evidence to refute the allegations against it.

[2] While the Cross-Claims also include allegations of gross negligence and willful misconduct with the negligence count (Count III), the Cross–Claims specify that the claims for gross negligence and willful misconduct apply only to Anadarko Exploration and Production Company LP ("Anadarko E&P") and Anadarko Petroleum Corporation ("Anadarko Petroleum"), not to MOEX USA. Cross-Claims ¶50 n.4.

Agreement plainly sets forth, MOEX Offshore2007 LLC ("MOEX Offshore") was a party to that contract, but MOEX USA was not.[3]  Thus, MOEX USA was not even one of the well's owners, let alone its operator.

Nor do the Cross-Claims contain any allegation specifically identifying MOEX USA as a leaseholder or as a party that committed any wrongful act.  MOEX USA is the parent company of MOEX Offshore.  As a separate corporation, it is not liable for its subsidiary's obligations.  The Cross-Claims do not make any allegation that MOEX USA's corporate veil should be pierced.  Even if Halliburton had made such an argument, where (as here) there has been no determination of liability, no assessment of damages (if any), and no determination that the liable party cannot pay, even well-pleaded allegations of veil-piercing would not present a justiciable controversy.  *See, e.g.*, *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1369 (D.C. Cir. 1981) (per curiam) ("[I]t was only when it became clear that Girard could not make good on the arbitration award that the issue of veil-piercing became ripe for consideration.").[4]

---

[3] Halliburton's cross-claims expressly reference the Operating Agreement as the purported basis for claims against MOEX USA, MOEX Offshore and certain other cross-defendants.  *See* Cross-Claims ¶¶46-48.  Therefore, MOEX Offshore may refer to the relevant provisions of the Operating Agreement in this motion to dismiss.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  A copy of the Operating Agreement was attached as an exhibit to Anadarko Petroleum Corporation's Form 8-K, filed with the U.S. Securities and Exchange Commission on June 21, 2010, and separately as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1].  The portions of the Operating Agreement referred to herein can be found in those filings.

[4] *Accord, e.g., Monumental Life Insurance Co. v. Executive Risk Specialty Insurance Co.*, Civ. No. 99-2676, 2000 U.S. Dist. LEXIS 14150, at *5 (E.D. La. Sept. 20, 2000) (liability claims based on an alter ego theory "simply are not ripe/justiciable" because the liability of the underlying subsidiary had yet to be determined, and therefore addressing the merits of the alter ego claim would "constitute a prohibited advisory opinion"); *Nissho Iwai Corp. v. Mizushima Marinera S.A.*, Case No. 95-3771, 1996 WL 904562 at *5 (D.N.J. April 23, 1996) (declining to determine alter ego issue because "it would be premature to adjudicate the issue because the question of Mizushima's liability remains to be determined by arbitration.  If Mizushima is found not to be liable, then the alter ego issue would be moot.

2

If the Court, nonetheless, were to read the Cross-Claims' allegations as applying to MOEX USA as well as MOEX Offshore, all of the claims still would fail and must be dismissed. MOEX USA hereby adopts and incorporates the arguments in the Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss First Amended Cross-Claims of Defendant Halliburton Energy Services Inc., filed contemporaneously herewith.

As set forth in that Memorandum with respect to MOEX Offshore, (i) Halliburton's indemnity and contribution claim fails as to the claims of the Bundle B1 and C Plaintiffs because the OPA displaces general maritime law contribution and indemnity claims for OPA covered damages; (ii) Halliburton's indemnity claim fails as to the claims of the Plaintiffs in Pleading Bundles A and B3 because Halliburton fails to allege any viable theory of indemnity against MOEX USA for those personal injury claims; (iii) Halliburton's contribution claim fails because Halliburton fails to allege any fault on the part of MOEX USA; and (iv) Halliburton fails to state a claim for negligence because BP as a matter of law was not MOEX USA's agent, there are no allegations that MOEX USA had operational control over BP's operations, and MOEX USA owed no duty to Plaintiffs or Halliburton. Accordingly, the Cross-Claims fail to plead a claim against MOEX USA upon which relief can be granted.

---

Moreover, if Mizushima is found liable, then the alter ego issue would only need to be resolved if Mizushima lacked sufficient assets to cover the arbitral award.").

## CONCLUSION

For the foregoing reasons, Halliburton's Cross-Claims against MOEX USA must be dismissed in their entirety.

Date:  June 20, 2011

        Respectfully submitted,

        s/ Jack McKay
        Jack McKay
        jack.mckay@pillsburylaw.com
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        2300 N Street, N.W.
        Washington, D.C. 20037-1122
        Telephone (202) 663-8439
        Facsimile (202) 663-8007

        **COUNSEL FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

                                                                 s/ Jack McKay
                                                                   Jack McKay