IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| THIS DOCUMENT RELATES TO: ALL CASES AND 2:10-CV-02771 IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

### DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS HALLIBURTON ENERGY SERVICES, INC.'S CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Halliburton Energy Services, Inc. ("HESI")'s Cross-Claims (the "Cross-Claims") against it in this case for failure to state a claim against Dril-Quip upon which relief can be granted. The Court should dismiss HESI's Cross-Claims against Dril-Quip under Rule 12(b)(6) because HESI has not pled sufficient facts to raise a reasonable expectation that HESI has a right to relief. Thus, HESI's pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] Dril-Quip respectfully notes that the juxtaposition of parties' cross-claims and the deadline for counterclaims to those cross-claims established by the Court's March 24, 2011 order regarding deadlines in Cause No. 10-2771 raises potential claims (contractual indemnity) that arise pursuant to a contract containing a broad-form arbitration clause. *See* Dril-Quip/BP Contract at Articles 14 and 29. Dril-Quip regards such claims, which must be resolved in arbitration, as both premature and disruptive to the pleading sequence envisioned by the Court. Accordingly, Dril-Quip declines to assert its claims for contractual indemnity at this time but reserves the right to assert them when it becomes appropriate to do so.

Even if HESI's pleading insufficiencies are overlooked, HESI fails as a matter of law to state a claim for negligence under the general maritime law against Dril-Quip because its own allegations conclusively establish that Dril-Quip owed no legal duty to Plaintiffs/Claimants or HESI. It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Yet the Cross-Claims contain no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty could have arisen. To the contrary, HESI alleges that BP operated the oil well and that Transocean operated the well and controlled the *Deepwater Horizon*. *See* Cross-Claims at ¶ 43.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing HESI's Cross-Claims as to Dril-Quip in this action.

Date:   June 20, 2011

                Respectfully submitted,

                **WARE, JACKSON, LEE & CHAMBERS, LLP**

                BY:   /s/ C. Dennis Barrow, Jr.
                  Don Jackson
                  Texas Bar No. 10476000
                  Fed ID No. 6915
                  C. Dennis Barrow, Jr.
                  Texas Bar No. 00796169
                  Fed ID No. 20624
                  2929 Allen Parkway, 42nd Floor
                  Houston, TX 77019
                  Phone: (713) 659-6400
                  Fax:(713) 659-6262
                  Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

      I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

      /s/ C. Dennis Barrow, Jr.
      C. Dennis Barrow, Jr.