UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| **Case No. 2:10-CV-02771** | * | |
| | * | **MAGISTRATE SHUSHAN** |
| | * | |
| * * * * * * * * * * * * | | |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT MOEX OFFSHORE 2007 LLC'S MOTION TO
# <u>DISMISS DRIL-QUIP, INC.'S CROSS-CLAIMS</u>

John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTUAL ALLEGATIONS IN DRIL-QUIP'S CROSS-CLAIM. ..................... 1

III. ARGUMENT ....................................................................................................................... 3

   A.  Standard of review ........................................................................................................ 3

   B.  Dril-Quip's conclusory allegations fail to state a claim. ................................................. 4

   C.  Dril-Quip does not plausibly allege fault on the part of MOEX Offshore. ........................ 5

   D.  Dril-Quip's contribution claim does not apply to the claims of the Bundle B1 and C Plaintiffs because OPA displaces general maritime law contribution claims for OPA-covered damages. ................................................................................................. 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Adams v. Texaco, Inc.*
    640 F.2d 618 (5th Cir. Unit A 1981) ..................................................................................6

*Ainsworth v. Shell Offshore, Inc.*,
    829 F.2d 548 (5th Cir. 1987) ..................................................................................... 7-8

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)..............................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................3

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ....................................................................................7

*Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*,
    615 F.3d 599 (5th Cir. 2010) .................................................................................4, 6

*Cooper Stevedoring Co. v. Kopke*,
    417 U.S. 106 (1974)..................................................................................................6

*Dominion Resource Services, Inc. v. 5K Logistics, Inc.*,
    Action No. 3:09-CV-315, 2009 WL 4279876 (E.D. Va. Nov. 30, 2009)..........................4

*Duplantis v. Shell Offshore, Inc.*,
    948 F.2d 187 (5th Cir. 1991) ....................................................................................8

*Energy Brands, Inc. v. Jorgensen*,
    No. 09-CV-591A, 2011 WL 282354 (W.D.N.Y. Jan. 25, 2011).........................................4

*Ferrer v. Chevron Corp.*,
    484 F.3d 776 (5th Cir. 2007) ....................................................................................7

*Ford Motor Co. v. Michigan Consolidated Gas Co.*,
    No. 08-CV-13503-DT, 2009 WL 3190418 (E.D. Mich. Sept. 29, 2009)..........................4

*Halliburton Co. v. Norton Drilling Co.*,
    313 F.2d 380 (5th Cir. 1963) ....................................................................................3

*Hershey v. Energy Transfer Partners*,
    610 F.3d 239 (5th Cir. 2010) ....................................................................................3

*Jones v. Bock*,
  549 U.S. 199 (2007) ................................................................................................... 3-4

*Kane Enterprises v. MacGregor (USA) Inc.*,
  322 F.3d 371 (5th Cir. 2003) .........................................................................................7

*In re Katrina Canal Breaches Litigation*,
  495 F.3d 191 (5th Cir. 2007) .........................................................................................7

*Landry v. Huthnance Drilling Co.*,
  889 F.2d 1469 (5th Cir. 1989) .......................................................................................8

*In re Liberty Seafood*,
  38 F.3d 755 (5th Cir. 1994) ...........................................................................................6

*National Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*,
  924 F. Supp. 1436 (E.D. Va. 1996) ...............................................................................5

*Ronquille v. MMR Offshore Services, Inc.*,
  353 F. Supp. 2d 680 (E.D. La. 2004) .............................................................................9

*Thibodeaux v. Vamos Oil & Gas Co., No. Civ. A. 03-1883*,
  2005 WL. 3019773 (W.D. La. Nov. 10, 2005) ..............................................................8

*Thomas v. Burlington Resources Oil & Gas Co., No. Civ. A. 99- 3904*,
  2000 WL. 1528082 (E.D. La. Oct. 13, 2000) ................................................................9

*United Gas Corp. v. Guillory*,
  206 F.2d 49 (5th Cir. 1953) ...........................................................................................3

## STATUTES

33 U.S.C. §2701, *et seq.* ............................................................................................................9

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1

## MISCELLANEOUS

2-I Benedict on Admiralty §13 ...................................................................................................6

Restatement (Second) of Torts §886A(2) ..................................................................................6

MOEX Offshore 2007 LLC ("MOEX Offshore") respectfully submits this memorandum in support of its motion to dismiss the cross-claim of third-party defendant Dril-Quip, Inc. ("Dril-Quip") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## I.
## INTRODUCTION

On May 20, 2011, Dril-Quip asserted a cross-claim against MOEX Offshore 2007 LLC ("MOEX Offshore") for contribution. *See* Third Party Defendant Dril-Quip, Inc.'s Cross-Claims [Rec. Doc. 2467] ("Cross-Claim").

Dril-Quip alleges that MOEX Offshore, as a 10% investor in the well, had certain contractual rights that put it on actual or constructive notice of conditions at the well site, and that MOEX Offshore failed to take action to prevent harm despite such notice. *See* Cross-Claim ¶¶33-35. Dril-Quip, however, fails to allege any facts showing that MOEX Offshore owed any duty to the Plaintiffs (or to Dril-Quip), or that MOEX Offshore bears any measure of fault for the blowout, fire, explosion and eventual sinking of the *Deepwater Horizon* and subsequent oil spill. Dril-Quip's Count I therefore fails to state a claim for contribution under general maritime law, and must be dismissed as against MOEX Offshore. *See* Cross-Claim ¶¶40-42; §III.C, *infra*.

## II.
## RELEVANT FACTUAL ALLEGATIONS IN DRIL-QUIP'S CROSS-CLAIM.

Dril-Quip alleges that MOEX Offshore was a party to the Oil and Gas Lease of Submerged Lands Under the Outer Continental Shelf Act, Serial No. OCS-G 37306 (the "Lease"), and that MOEX Offshore held a 10% interest in the lease. Cross-Claim ¶33.

---

[1] This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded allegations as true. Should the case proceed, MOEX Offshore reserves its right to bring forth evidence to refute the allegations against it.

BP Exploration & Production, Inc. ("BP") was the primary holder of the Lease and was the designated operator at a well in Mississippi Canyon, Block 252, the location known as "Macondo" (the "Macondo Well"). *Id.* ¶18. MOEX Offshore was a party to the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement") with BP. *Id.* ¶33.

Dril-Quip alleges that MOEX Offshore executed BP's well plan and Authorizations for Expenditure and that this put MOEX Offshore on notice of: (a) the location of the well; (b) the anticipated timeline for the operation; (c) the total depth and target zones; (d) the proposed drilling and completion plans, including the casing programs and directional details; (e) the details of all coring, logging and other evaluation operations conducted; and (f) information about the drilling rig to be used. *Id.* ¶34. Dril-Quip further alleges that MOEX Offshore had the contractual right to suggest alternative well plans, to place its own personnel on drilling and well development teams and to receive information and data about operations on an ongoing basis. *Id.* In addition, Dril-Quip alleges that MOEX Offshore had actual or constructive notice of the conditions at the well site, and accordingly MOEX Offshore was required to perform a "check and balance role" and the failure to exercise this role given the purportedly known history of specific problems at the well site was negligence. *Id.* ¶35.

There is no allegation in Dril-Quip's pleading, however, showing that MOEX Offshore had operational control or owed any duty of care directly to Plaintiffs or Dril-Quip. Dril-Quip does not allege that MOEX Offshore had operational involvement in, control of, or supervisory authority over the engineering or design of the Macondo Well; the *Deepwater Horizon* or its crew; the drilling operations conducted at the Macondo

Well; or the completion operations conducted on the Macondo Well.  Absent such a right of operational control, MOEX Offshore owed no duty to the Plaintiffs, and cannot be liable to Dril-Quip for contribution.

## III.
## ARGUMENT

### A.  Standard of review

The rules of pleading applicable to complaints are also applicable to third-party complaints, cross-claims and counterclaims for indemnity and contribution.  *See United Gas Corp. v. Guillory*, 206 F.2d 49, 52 (5th Cir. 1953); *Halliburton Co. v. Norton Drilling Co.*, 313 F.2d 380, 380 (5th Cir. 1963) (third party complaint for contribution was properly dismissed where third-party plaintiff could not recover as a matter of law). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010).

To state a claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).  If the factual allegations do not raise a right to relief "above the speculative level," *Twombly*, 550 U.S.

3

at 555, or if the allegations reveal an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim should be dismissed.  Under this standard, Dril-Quip fails to state a claim against MOEX Offshore for which relief can be granted.

>    **B.     Dril-Quip's conclusory allegations fail to state a claim.**

Dril-Quip alleges that, "[t]o the extent that Dril-Quip is found liable for any part of the alleged damages, Dril-Quip has a right to contribution from other parties found liable, including Cross-Claim Defendants, to the extent of those parties' adjudicated proportion of liability."  Cross-Claim ¶42.  Contribution is the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602 (5th Cir. 2010) (citation omitted).

Dril-Quip's conclusory allegations of entitlement to contribution from MOEX Offshore fail to meet the pleading standard for a federal claim.  *See, e.g.*, *Energy Brands, Inc. v. Jorgensen*, No. 09–CV–591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (dismissing cross-claims for indemnification and contribution because "bare bones conclusory allegations of liability are insufficient to meet Rule 8 pleading requirements post-*Iqbal*"); *Dominion Resource Services, Inc. v. 5K Logistics, Inc.*, Action No. 3:09-CV-315, 2009 WL 4279876, at *3 (E.D. Va. Nov. 30, 2009) (dismissing contribution and indemnity claims where allegations "fall squarely within the category of conclusory pleadings that *Iqbal* and *Twombly* sought to preclude"); *Ford Motor Co. v. Michigan Consolidated Gas Co.*, No. 08-CV-13503-DT, 2009 WL 3190418, at *14 (E.D. Mich. Sept. 29, 2009) (finding conclusory allegation insufficient to support contribution claim).

Moreover, as shown below, Dril-Quip alleges no facts showing that MOEX Offshore bears any percentage of fault for Plaintiffs' alleged personal injuries. Dril-Quip therefore fails to state a claim for contribution and the Cross-Claim should be dismissed.

### C. Dril-Quip does not plausibly allege fault on the part of MOEX Offshore.

When a party is entitled to contribution, the entitlement is proportional to the responding party's negligence or fault. *Combo Mar., Inc.*, 615 F.3d 599 at 602; *Cooper Stevedoring Co. v. Kopke*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *In re Liberty Seafood*, 38 F.3d 755, 757 (5th Cir. 1994) (holding that "contribution from the third-party tortfeasor" must be "in proportion to the third-party's fault"); *Adams v. Texaco, Inc.*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) (stating that "a concurrently negligent tortfeasor should proportionately contribute . . . to the extent occasioned by its fault"); RESTATEMENT (SECOND) OF TORTS §886A(2) ("No tortfeasor can be required to make contribution beyond his own equitable share of the liability."). "[A] non-negligent tortfeasor is 0% at fault." 2-I BENEDICT ON ADMIRALTY §13. It follows that a non-negligent tortfeasor cannot be liable for contribution. *Id.*

Dril-Quip alleges only that MOEX Offshore possessed a 10% interest in the Lease and was entitled to obtain certain information from BP, thereby putting MOEX Offshore on actual or constructive notice of conditions at the well site, and imposing on it an obligation to "perform the check and balance role that it had carved out for itself." Cross-Claim ¶¶33-35.

However, the Operating Agreement – the putative basis for Dril-Quip's allegations – conferred no right on MOEX Offshore to control any aspect of the *Deepwater Horizon*'s drilling operations, or any other activity that allegedly caused

5

Plaintiffs' injuries. To the contrary, the Operating Agreement stated that MOEX Offshore did not have operational control, specifically designating BP Exploration & Production Inc. as the Operator and granting to BP the exclusive right and duty to conduct all activities or operations under the Operating Agreement. Operating Agreement at Arts. 4.1, 5.1.[2] The Operating Agreement further stated that the Operator was an independent contractor in performing services under the agreement, and not subject to the control or direction of the non-operating parties. *Id.*, Art. 5.1. Indeed, Dril-Quip acknowledges that BP was "the designated operator in the lease." Cross-Claim ¶18.

Dril-Quip fails to plead any factual evidence to support the bald allegation that MOEX Offshore had "carved out [a role] for itself" other than its role as a passive investor. The Operating Agreement precludes such claims because it provides that it constituted the parties' final and entire agreement as to its subject matter and could not be modified except by written agreement of the parties, thereby excluding the possibility of any such role. Operating Agreement Art. 26.5.5.

None of the alleged rights and activities of MOEX Offshore conferred operational control over BP's operations at the Macondo Well. MOEX Offshore merely had the right to review or request information about operations conducted by BP and its contractors, not to exercise authority over operations or control the activities of persons conducting

---

[2] Dril-Quip's Cross-Claim references the substance of the Operating Agreement as the basis for the alleged liability of MOEX Offshore. *See* Cross-Claim ¶¶ 33-35. Therefore, MOEX Offshore may refer to the relevant provisions of the Operating Agreement in this motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). A copy of the Operating Agreement was attached as an exhibit to Anadarko Petroleum Corporation's Form 8-K, filed with the U.S. Securities and Exchange Commission on June 21, 2010, and separately as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1]. The portions of the Operating Agreement referred to herein can be found in those filings.

those operations.  *See, e.g.*, Operating Agreement Art. 5.1 (granting to BP the exclusive right and duty to conduct all activities or operations under the Operating Agreement and stating that BP was an independent contractor in performing services under the agreement, and not subject to the control or direction of the non-operating parties).

Limited in such a fashion, MOEX Offshore's rights under the Operating Agreement did not create any duty running from MOEX Offshore to Dril-Quip (or to the Plaintiffs).  *See Thibodeaux v. Vamos Oil & Gas Co.*, No. Civ. A. 03-1883, 2005 WL 3019773, at *1 (W.D. La. Nov. 10, 2005) (The "reservation of the right to monitor contractor safety does not give rise to operational control so as to make the principal liable for the contractor's actions") (citations omitted); *Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989) (holding under general maritime law that "'a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations or deviations'" is "'not enough'" to give rise to liability) (*quoting* RESTATEMENT (SECOND) OF TORTS §414 cmt. c (1965)); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 193 (5th Cir. 1991) (applying Louisiana law) ("The fact that a principal takes an active interest in the safety of the employees of its independent contractor does not, in and of itself, constitute direct operational control" and therefore does not lead to any liability of the principal).

Tellingly, Dril-Quip does not even allege that MOEX Offshore had a right to exercise or in fact exercised operational control over any activity allegedly giving rise to Plaintiffs' injuries.  As argued in the Motions to Dismiss for Pleading Bundles B1 and B3

filed by MOEX Offshore and others,[3] it is fundamental that a duty to prevent harm resulting from oil and gas operations must arise from operational control over the activity. *See, e.g., Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550-51 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988) (holding that Louisiana law requires operational control to impose liability upon defendant in cases arising from oil drilling activities).

It is also settled law that, where a principal contracts with an independent contractor to conduct oil and gas operations but retains no operational control, the principal neither assumes nor owes any duty to protect others from the contractor's negligence. *See Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99- 3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, D.J.) (holding that an independent contractor's injured employee was not owed a duty by the principal where the contractor created the hazard) (citations omitted). Even where a principal without operational control has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.*; *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp.2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

Thus, as a matter of law, Dril-Quip has no claim for contribution against MOEX Offshore, because a non-negligent defendant is not liable for contribution. Dril-Quip's contribution claim therefore must be dismissed.

---

[3] MOEX Offshore expressly incorporates by reference its Motions to Dismiss for Pleading Bundles B1 [Rec. Doc. 1414] and B3 [Rec. Doc. 1416] and the local governmental entity master complaint [Rec. Doc. 2220].

> D. **Dril-Quip's contribution claim does not apply to the claims of the Bundle B1 and C Plaintiffs because OPA displaces general maritime law contribution claims for OPA-covered damages.**

Plaintiffs in Pleading Bundles B1 and C asserted claims for property damage and economic loss that are recoverable only under OPA.[4] OPA specifically provides for contribution and the subrogation of claims. *See* 33 U.S.C. §2709; 33 U.S.C. §2702(d)(1)(A) and (B); 33 U.S.C. §2715. "OPA clearly preempts maritime law as to recovery of cleanup expenses and the cost of compensating injured persons. . . . [I]t, therefore, preempts the general maritime law as to recovery of cleanup expenses and the cost of compensating third parties." *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436, 1447 (E.D. Va. 1996), *aff'd*, 122 F.3d 1062 (4th Cir. 1997).

Dril-Quip fails to articulate a legal theory for its claim for contribution. To the extent that it seeks contribution under general maritime law for the B1 and C Plaintiffs' economic loss and damage claims recoverable under OPA, Dril-Quip "is restricted to the contribution scheme provided in [OPA]" and the Cross-Claim brought under general maritime law must be dismissed. *Id.* at 1449.

---

[4] *See* Memorandum of Law in Support of Motion of MOEX Offshore and other Defendants to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1] ("Non-Operating Defendants' MTD Mast. B1 Compl."); Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss the Voluntary Master Complaint, Cross-Claim, and Third Party Complaint for Local Governmental Entities Pursuant to Fed. R. Civ. P. 12(b)(6) [Pleading Bundle C] [Rec. Doc. 2220-1] at 8. The only claims for which Dril-Quip seeks contribution that are not displaced by OPA are the personal injury claims of plaintiffs in Pleading Bundles A and B3.

**CONCLUSION**

For the foregoing reasons, Dril-Quip's cross-claim against MOEX Offshore must be dismissed in its entirety.

Dated:  June 20, 2011

>Respectfully submitted,
>
>s/  John F. Pritchard_____
>
>John F. Pritchard
>Edward Flanders
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>1540 Broadway
>New York, NY 10036-4039
>Tel. (212) 858-1000
>Fax (212) 858-1500
>john.pritchard@pillsburylaw.com
>edward.flanders@pillsburylaw.com
>
>Christopher McNevin
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>725 South Figueroa Street, Suite 2800
>Los Angeles, CA 90017-5406
>Telephone (213) 488-7507
>Fax (213) 629-1033
>chrismcnevin@pillsburylaw.com
>
>**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

s/ John F. Pritchard
John F. Pritchard