UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL, 20, 2010 | CIVIL ACTION<br><br>MDL 2179 |
| Member Case: 10-1864 | SECTION: J(2) |

## ANSWER

Defendants, BP America, Inc., BP America Production Company and Ronnie Marcel, respond to the Petition for Damages as follows:

1.  The allegations of paragraph 1 are admitted.

2.  The allegations of paragraph 2 are admitted, except to deny that "BP Global" is a corporation (BP Global is a fictitious entity).

3.  The allegations of paragraph 3 are denied.

4.  The allegations of paragraph 4 are denied, except to admit that BP America, Inc. and BP America Production Company had personnel, equipment and contractors in Terrebonne Parish in the oil spill response.

5.  The allegations of paragraph 5 are denied, except to admit that BP personnel and agents began to seek some housing arrangements for personnel.

6.  The allegations of paragraph 6 are admitted, except that Ronnie Marcel was not a direct employee of BP, but was acting, nonetheless, as its representative.

7. The allegations of paragraph 7 are admitted, except to deny that the interest of BP constituted an offer or an agreement to lease.

8. The allegations of paragraph 8 are admitted, except to deny that any negotiations resulted in an agreement.

9. The allegations of paragraph 9 are denied.

10. The allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 are denied on grounds that there was no agreement.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

## AFFIRMATIVE DEFENSES

1. The defendants interpose the affirmative defense of illegality because the object of the alleged agreement would be illegal inasmuch as applicable zoning, safety and government regulations, amongst other things, would not allow the housing of six unrelated persons on Delmas Road or four unrelated persons on Redfish Street.

2. The defendants interpose the affirmative defense of failure to mitigate damages.

3. Ronnie Marcel interposes the defense that he, at all times, was acting as the agent of BP America Production Company, so he can have no personal liability for the contract claims made by the defendant.

4. The plaintiff's claims are barred by La. Civ. C. art. 1846, because there is no writing evidencing the alleged contract.

WHEREFORE, BP America, Inc., BP America Production Company and Ronnie Marcel pray that judgment be rendered in their favor against plaintiff, and for all other relief for which they are entitled.

RESPECTFULLY SUBMITTED:

/s/ Wade P. Webster
WADE P. WEBSTER, T.A., LA Bar No. 1639
FOWLER RODRIGUEZ VALDES-FAULI
400 Poydras Street – 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Facsimile: (504) 523-2705

OF COUNSEL

Richard C. Godfrey, IL Bar No. 3124358
John T. Hickey, Jr., IL Bar No. 1208756
J. Andrew Langan, IL Bar No. 6183539
Wendy Bloom, IL Bar No. 6215775
Matthew T. Regan, IL Bar No. 6230106
Hariklia Karis, IL Bar No. 6229535
KIRKLAND & ELLIS, LLP
300 North Lasalle Street
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for BP America, Inc.,
BP America Production Company and
Ronnie Marcel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of June, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System which will send a Notice of Electronic Filing to all counsel of record in this matter.

<i>s/ Wade P. Webster</i>_____