IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO.  2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GᴍʙH, Eᴛ AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | SECTION:  J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 and 10-cv-2179 | MAGISTRATE JUDGE SHUSHAN |

### DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS WEATHERFORD U.S. LP AND WEATHERFORD INTERNATIONAL, INC.'S CROSS-CLAIM FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Weatherford's[1] Cross-Claim (the "Cross-Claim") against it in this case for failure to state a claim against Dril-Quip upon which relief can be granted.  The Court should dismiss Weatherford's Cross-Claim against Dril-Quip under Rule 12(b)(6) because Weatherford has not pled sufficient facts to raise a reasonable expectation that Weatherford has a right to relief.  Thus, Weatherford's pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if Weatherford's pleading insufficiencies are overlooked, Weatherford fails as a matter of law to state a claim for negligence under the general maritime law against Dril-Quip because its allegations fail to state that Dril-Quip owed any legal duty to Weatherford.  It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations.  *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550

---

[1] Dril-Quip adopts the Weatherford entities' convention for referring to themselves but respectfully declines to list all parties in the caption as Weatherford has done.  *See* Cross-Claim at 1

(5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988).  Yet the Cross-Claim contains no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty to Plaintiffs could have arisen.  Moreover, Weatherford fails to allege that any Dril-Quip employee brought suit, as required to trigger an indemnity claim.  Without such allegations, the Cross-Claim is fatally defective.

Dril-Quip respectfully notes that Weatherford's assertion of contractual indemnity rights raises contractual indemnity claims that arise pursuant to a contract containing a broad-form arbitration clause.  *See* Dril-Quip/BP Contract at Articles 14 and 19.  Dril-Quip regards such claims, which must be resolved in arbitration, as both premature and disruptive to the pleading sequence envisioned by the Court.  Accordingly, Dril-Quip urges dismissal of this claim without prejudice.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing Weatherford's Cross-Claim in this action.

Date:   June 20, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY:  _/s/ C. Dennis Barrow, Jr._____
Don Jackson
Texas Bar No. 10476000
Fed ID No. 6915
C. Dennis Barrow, Jr.
Texas Bar No. 00796169
Fed ID No. 20624
2929 Allen Parkway, 42nd Floor
Houston, TX 77019
Phone: (713) 659-6400
Fax:(713) 659-6262

Counsel for Defendant, Dril-Quip, Inc.

## CERTIFICATE OF SERVICE

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.