UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| **Case No. 2:10-CV-02771** | * | |
| | * | **MAGISTRATE SHUSHAN** |
| | * | |
| * * * * * * * * * * * * | | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MOEX USA CORPORATION TO DISMISS DRIL-QUIP, INC.'S CROSS-CLAIMS

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

# TABLE OF CONTENTS

<u>Page</u>

ARGUMENT ..................................................................................................................................1

CONCLUSION ...............................................................................................................................4

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
	__ U.S. __, 129 S. Ct. 1937 (2009) ................................................................................2

*Bell Atlantic Corp. v. Twombly*,
	550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................................................2

*Wallace v. Wood*,
	752 A.2d 1175 (Del. Ch. 1999) ......................................................................................2

*Collins v. Morgan Stanley Dean Witter*,
	224 F.3d 496 (5th Cir. 2000) ..........................................................................................1

*Court-Appointed Receiver Of Lancer Offshore, Inc. v. The Citco Group Ltd*,
	No. 05-60055-CIV., 2011 WL. 1232986 (S.D. Fla. Mar. 30, 2011) ..................................2

*Ferrer v. Chevron Corp.*,
	484 F.3d 776 (5th Cir. 2007) ..........................................................................................1

*Haley Paint Co. v. E.I. DuPont de Nemours and Co.*,
	__ F. Supp. 2d __, 2011 WL. 1298257 (D. Md. Mar. 31, 2011) ........................................2

*Kane Enterprises v. MacGregor (USA) Inc.*,
	322 F.3d 371 (5th Cir. 2003) ..........................................................................................1

*In re Katrina Canal Breaches Litigation*,
	495 F.3d 191 (5th Cir. 2007) ..........................................................................................1

*Monumental Life Insurance Co. v. Executive Risk Specialty Insurance Co.*,
	Civ. No. 99-2676, 2000 U.S. Dist. LEXIS 14150 (E.D. La. Sept. 20, 2000) ....................3

*New Orleans Jazz & Heritage Foundation, Inc. v. Kirksey*,
	40 So. 2d 394 (La. Ct. App. 2010) .................................................................................2

*Nissho Iwai Corp. v. Mizushima Marinera S.A.*,
	Case No. 95-3771, 1996 WL. 904562 (D.N.J. April 23, 1996) .......................................3

*Schattner v. Girard, Inc.*,
	668 F.2d 1366 (D.C. Cir. 1981)  (per curiam) ................................................................2

## RULES AND STATUTES

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................1

MOEX USA Corporation ("MOEX USA") respectfully submits this memorandum in support of its motion to dismiss the cross-claim of third-party defendant Dril-Quip, Inc. ("Dril-Quip") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.[1]

## ARGUMENT

### DRIL-QUIP'S CROSS-CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS AGAINST MOEX USA

On May 20, 2011, Dril-Quip asserted a cross-claim against MOEX USA for contribution. *See* Third Party Defendant Dril-Quip, Inc.'s Cross-Claims [Rec. Doc. 2467] ("Cross-Claim"). The Cross-Claim does not include any specific allegations of fault, contractual liability or statutory liability against MOEX USA. MOEX USA was not a party to the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement"). MOEX USA's subsidiary MOEX Offshore 2007 LLC ("MOEX Offshore") was a party to that contract, but MOEX USA was not. *See* Operating Agreement, Preamble (identifying parties).[2] Thus, MOEX USA was not even one of the well's owners, let alone its operator.

---

[1] This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded allegations as true. Should the case proceed, MOEX USA reserves its right to bring forth evidence to refute the allegations against it.

[2] Dril-Quip's cross-claims reference the substance of the Operating Agreement as the basis for Dril-Quip's claims. *See* Cross-Claims ¶¶33-35. Therefore, MOEX Offshore may refer to the relevant provisions of the Operating Agreement in this motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). A copy of the Operating Agreement was attached as an exhibit to Anadarko Petroleum Corporation's Form 8-K, filed with the U.S. Securities and Exchange Commission on June 21, 2010, and separately as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1]. The portions of the Operating Agreement referred to herein can be found in those filings.

Instead, the Cross-Claim alleges <u>only</u> that "[t]he Plaintiffs/Claimants purportedly named Moex USA as a party because it serves as part of the corporate construct through which Moeco [an apparent reference to MOEX USA's parent company] owns, dominates, controls and benefits from the activities of MOEX Offshore."  Cross-Claim ¶36.

Such a general, conclusory allegation does not suffice, under federal pleading standards, to support a claim against a parent corporation for its subsidiary's alleged obligations.  *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, , 556-57, 127 S.Ct. 1955, 1964-66 (2007); *Court–Appointed Receiver Of Lancer Offshore, Inc.* v. *The Citco Group Ltd,* No. 05–60055–CIV., 2011 WL 1232986, *6-7 (S.D. Fla. Mar. 30, 2011) (applying *Iqbal* and *Twombly* to veil-piercing claims; rejecting "conclusory" allegations that subsidiary was "alter ego" or "mere instrumentality" of parent); *Haley Paint Co. v. E.I. DuPont de Nemours and Co.,* __ F. Supp.2d __, 2011 WL 1298257, *8 (D. Md. Mar. 31, 2011) (applying *Iqbal* and *Twombly* to veil-piercing allegations and dismissing complaint against parent corporation).

We are aware of no authority that a corporation's separate legal existence may be disregarded solely on the ground that it is part of a "corporate construct" with other companies.[3]  Indeed, where (as here) there has been no determination of liability, no assessment of damages (if any), and no determination that the liable party cannot pay,

---

[3] *Cf. Wallace v. Wood,* 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task."; claimant must show "complete domination and control" over subsidiary) (citation omitted); *New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 40 So.2d 394, 407 (La. Ct. App. 2010) ("Louisiana has a strong policy of favoring the recognition of the corporation's separate existence, such that '[p]iercing the corporate veil is considered a radical remedy employed only in exceptional circumstances.'") (quoting *Town of Haynesville, Inc. v. Entergy Corp.*, 956 So. 2d 192, 198 (La. Ct. App. 2007)).

2

even well-pleaded allegations of veil-piercing would not present a justiciable controversy. *See, e.g.*, *Schattner v. Girard, Inc*., 668 F.2d 1366, 1369 (D.C. Cir. 1981) (per curiam) ("[I]t was only when it became clear that Girard could not make good on the arbitration award that the issue of veil-piercing became ripe for consideration.").[4]

In any event, Dril-Quip's underlying contribution allegations – even if they applied to MOEX USA – are insufficient and must be dismissed. MOEX USA hereby adopts and incorporates the arguments in the Memorandum of Law in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss Third-Party Defendant Dril-Quip, Inc.'s Cross-Claims, filed contemporaneously herewith. As set forth in that Memorandum with respect to MOEX Offshore, (i) Dril-Quip's contribution claim fails as to the claims of the Bundle B1 and C Plaintiffs because the OPA displaces general maritime law contribution claims for OPA covered damages; and (ii) Dril-Quip's contribution claim fails because Dril-Quip fails to allege any fault on the part of MOEX Offshore. The same points hold true for MOEX USA, and with greater force. Accordingly, the Cross-Claim should be dismissed as against MOEX USA for failure to state a claim upon which relief can be granted.

---

[4] *Accord, e.g., Monumental Life Insurance Co. v. Executive Risk Specialty Insurance Co*., Civ. No. 99-2676, 2000 U.S. Dist. LEXIS 14150, at *5 (E.D. La. Sept. 20, 2000) (liability claims based on an alter ego theory "simply are not ripe/justiciable" because the liability of the underlying subsidiary had yet to be determined, and therefore addressing the merits of the alter ego claim would "constitute a prohibited advisory opinion"); *Nissho Iwai Corp. v. Mizushima Marinera S.A.*, Case No. 95-3771, 1996 WL 904562 at *5 (D.N.J. April 23, 1996) (declining to determine alter ego issue because "it would be premature to adjudicate the issue because the question of Mizushima's liability remains to be determined by arbitration. If Mizushima is found not to be liable, then the alter ego issue would be moot. Moreover, if Mizushima is found liable, then the alter ego issue would only need to be resolved if Mizushima lacked sufficient assets to cover the arbitral award.").

## CONCLUSION

For the foregoing reasons, Dril-Quip's cross-claim against MOEX USA must be dismissed in its entirety.

Dated: June 20, 2011

        Respectfully submitted,

        s/ Jack McKay
        Jack McKay
        jack.mckay@pillsburylaw.com
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        2300 N Street, N.W.
        Washington, D.C. 20037-1122
        Telephone (202) 663-8439
        Facsimile (202) 663-8007

        **COUNSEL FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

               s/ Jack McKay
                Jack McKay