IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG        MDL NO.  2179
DEEPWATER HORIZON IN THE
GULF OF MEXICO, ON APRIL 20, 2010

IN RE THE COMPLAINT AND PETITION OF
TRITON ASSET LEASING GMBH, ET AL., IN A
CAUSE FOR EXONERATION FROM OR      SECTION:  J
LIMITATION OF LIABILITY

     JUDGE BARBIER

THIS DOCUMENT RELATES TO:
2:10-CV-02771      MAGISTRATE JUDGE SHUSHAN

**DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS CAMERON INTERNATIONAL CORPORATION'S CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM[1]**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Cameron International Corporation ("Cameron")'s Cross-Claims[*] (the "Cross-Claim") in this case for failure to state a claim against Dril-Quip upon which relief can be granted.  The Court should dismiss Cameron's Cross-Claims against Dril-Quip under Rule 12(b)(6) because Cameron has not pled sufficient facts to raise a reasonable expectation that Cameron has a right to relief.  Thus, Cameron's pleadings against

---

[1] Dril-Quip respectfully notes that the juxtaposition of parties' cross-claims and the deadline for counterclaims to those cross-claims established by the Court's March 24, 2011 order regarding deadlines in Cause No. 10-2771 raises potential claims (contractual indemnity) that arise pursuant to a contract containing a broad-form arbitration clause.  *See* Dril-Quip/BP Contract at Articles 14  and 29.  Dril-Quip regards such claims, which must be resolved in arbitration, as both premature and disruptive to the pleading sequence envisioned by the Court.  Accordingly, Dril-Quip declines to assert its claims for contractual indemnity at this time but reserves the right to assert them when it becomes appropriate to do so.

[*] Doct. 2472. On May 20, 2011, Cameron filed an instrument entitled "Master Answer of Rule 14(c) Defendant Cameron International Corporation to Tendered Claims, Together with Cross-Claims."  Doct. 412; 10-cv-2771.  Although they appear in different paragraphs, the Cross-Claims asserted in the two instruments are identical.  Accordingly, this Motion and Memorandum are directed to both instruments.  Paragraph numbers herein cited refer to the April 20 instrument

Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if Cameron's pleading insufficiencies are overlooked, Cameron fails as a matter of law to state a claim for negligence or under the general maritime law against Dril-Quip because its own allegations conclusively establish that Dril-Quip owed no legal duty to Cameron.  It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations.  *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988).  Yet the Cross-Claims contain no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty to Cameron could have arisen.  To the contrary, Cameron alleges that BP operated the oil well and that BP and Transocean operated and controlled the *Deepwater Horizon.  See* Answer to Verified Complaint for Enumeration, Claims, Counter-Claims and Cross-Claims of Cameron International Corporation ("Cross-Claims") at ¶¶ 63-76.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing Cross-Claims against Dril-Quip in this action.

Date:   June 20, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY:  _/s/ C. Dennis Barrow, Jr._____
    Don Jackson
    Texas Bar No. 10476000
    Fed ID No. 6915
    C. Dennis Barrow, Jr.
    Texas Bar No. 00796169
    Fed ID No. 20624

2929 Allen Parkway, 42nd Floor
Houston, TX 77019
Phone: (713) 659-6400
Fax:(713) 659-6262
Counsel for Defendant, Dril-Quip, Inc.

## CERTIFICATE OF SERVICE

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20 day of June, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.