IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 | MAGISTRATE JUDGE SHUSHAN |

**DEFENDANT DRIL-QUIP, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS CAMERON
INTERNATIONAL CORPORATION'S CROSS-CLAIMS
<u>FOR FAILURE TO STATE A CLAIM</u>**

**SUMMARY**

This lawsuit arises out of an incident that occurred while the *Deepwater Horizon*, a mobile offshore drilling unit owned and operated by Transocean entities, was drilling the Macondo No. 1 well for BP Exploration and Production, Inc., the lessee. Dril-Quip, Inc. ("Dril-Quip") manufactured the subsea wellhead and certain related equipment (the "Subsea Wellhead System") used on the Macondo well and provided a service technician onboard the *Deepwater Horizon* to assist with the installation of the Subsea Wellhead System.

On February 18, 2011, the limitation petitioners Triton Asset Leasing Gmbh, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (collectively "Third-Party Plaintiffs") filed a third-party complaint (the "Third-Party Complaint") against 27 entities, including Dril-Quip, Inc. ("Dril-Quip"). The Third-Party Complaint alleged that the Court "has admiralty and maritime jurisdiction of the Third-Party

Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333."[1] This Court directed Third-Party Defendants in that action to file their answers to the limitation petition of Third-Party Plaintiffs, their claims in the pending limitation proceeding, and their counterclaims and cross-claims as against each other according to a schedule fixed by order. On April 20, 2011, Cameron International Corporation ("Cameron") filed its Answer to Verified Complaint for Enumeration, Claims, Counter-Claims and Cross-Claims (the "Cross-Claims).[2]

> It is generally held that:
>
> … the pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to crossclaims, counterclaims, and third-party complaints. *See, e.g., Travelers Indem. Co. v. Dammann & Co., Inc.,* 594 F.3d 238, 256 n. 13 (3d Cir. 2010) (applying *Iqbal* to crossclaims); *Tes Franchising, LLC v. Dombach*, 2010 U.S. Dist. LEXIS 124751 at *6 (E.D.Pa. November 24, 2010) (applying *Iqbal* to counterclaims); *Simon Prop. Gr. v. Palombaro,* 682 F.Supp.2d 508, 511 (W.D.Pa.2010) (same).

*Schmolz+Bickenback USA, Inc. v. Dauble*, No. 09-751, 2011 WL 285123, *3 (E.D.Pa., Jan. 28, 2011); *see also Reishus v. Almaraz,* No. CV-10-01760-PHX-LOA, 2011 WL 42679, *3 (D. Ariz., Jan. 06, 2011); *West v. American Electric Power Co.*, No. 2:09-cv-00985, 2010 WL 3910189, *4 (S.D.W.Va., Oct. 4, 2010); *Miami Valley Fair Housing Ctr. v. Steiner & Assocs., Inc.,* No. 08-00150, 2010 WL 2631110, at *7 (May 13, 2010) (applying *Twombly* and *Iqbal* to third-party complaint); *Colon v. Blades*, 268 F.R.D. 143, 2010 WL 1731666, at *2 (D.P.R. Apr. 29, 2010) (same). Under these standards, Cameron's Cross-Claims are ineffective because Cameron failed to plead an effective predicate for them.

---

[1] Third-Party Complaint, ¶XXXVI, at 21.

[2] Doct. 412; 10-cv-2771. On May 20, 2011, Cameron filed an instrument entitled "Master Answer of Rule 14(c) Defendant Cameron International Corporation to Tendered Claims, Together with Cross-Claims." Doct. 2472. Although they appear in different paragraphs, the Cross-Claims asserted in the two instruments are identical. Accordingly, this Motion and Memorandum are directed to both instruments. Paragraph numbers herein cited refer to the April 20 instrument.

2

As to Dril-Quip, Cameron pleads only its name, *see* Cross-Claims, unnumbered paragraph 7, and claims for contribution under the Oil Pollution Act ("OPA") and the general maritime law. *See id.*, ¶¶ 107-08, at 37-38. The contribution claims are not asserted specifically against Dril-Quip, but as one of "all … Cross-Defendants" held jointly liable with Cameron. That is all. The Cross-Claims plead no facts whatsoever implicating Dril-Quip in any act, omission or failure leading to the *Deepwater Horizon* blowout.

Thus, because the Cross-Claims fail to plead any facts against Dril-Quip and thus fail to satisfy the standard set forth in *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007), the Court should dismiss the Cross-Claims against Dril-Quip under Federal Rule 12(b)(6). Even if the pleading insufficiencies are overlooked, the Cross-Claims fail as a matter of law to state a claim for negligence under the general maritime law against Dril-Quip because its own allegations conclusively establish that Dril-Quip owed no legal duty to Plaintiffs/Claimants or to Cameron. These insufficiencies mandate dismissal of Cameron's Cross-Claims against Dril-Quip.

## ARGUMENT AND AUTHORITIES

### The Cross-Claims Fail to State a Claim Against Dril-Quip

#### A.     The Cross-Claims Must Meet Federal Pleading Standards.

As noted, *supra* at 2-3, courts that have considered the issue have repeatedly held that the *Twombly-Iqbal* plausibility standards apply not only to plaintiffs' complaints, but to claims of all types among defendants as well. *See Schmolz+Bickenbach*, 2011 WL 285123 at *3. Federal courts sitting in this state have followed suit. In *Martco Ltd. Partnership v. Bruks-Klockner, Inc.*, No. 2:07 CV 2002, 2010 WL 2265145 (W.D. La., Jan. 1, 2010) the court applied *Twombly* to dismiss a third-party complaint:

3

> Merely alleging possible liability on the face of a complaint is not sufficient. As provided in the United States Supreme Court case of *Bell Atlantic v. Twombly*, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56. Bruks' Third-Party Complaint provides no basis on which derivative liability could arguably be supported. Bruks has failed to meet the threshold requirements of pleading a viable legal indemnity claim.

*Id*. at *6. And, in *Cashman Equip. Corp. v. Rozel Operating Co*., No. 08-363-C-M2, 2010 WL 3385117 (M.D.La., Apr. 30, 2010), the court ordered repleading of a third party complaint against a marine surveyor that had alleged fraud, negligent misrepresentation and breach of contract in general language tracking the elements of the causes of action. *Id.* at *4. The Court noted:

> While those facts may be set forth generally in the Third Party Complaint, [Third Party Plaintiff] does not allege…how those facts satisfy the required elements of causes of action in contract, tort, or fraud under general maritime law. To conclude that such facts satisfy the elements…without more specific allegations in that regard would be speculative under the *Twombly* standard…. Moreover, without more specific allegations…, it will be difficult for [Third Party Defendant] to frame a responsive pleading.

*Id.* at n.2.

These cases recognize, as did the Supreme Court in *Twombly* and *Iqbal*, *see* 550 U.S. at 558 and ___ U.S. at ___, 129 S.Ct. at 1953, that requiring a person, natural or legal, to come into court and defend an action "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources…." *Id.*; *see also Twombly*, 550 U.S. at 557-58 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 233-34) (claim should be tested for basic deficiency at "point of minimum expenditure of time and money by the parties and the court"). That is certainly the case here, where the effect of the Cross-Claims on Dril-Quip, if allowed,

4

will be to hold Dril-Quip in a complex and expensive lawsuit, when in a year's time, marked by repeated public investigation of the facts leading to and away from the *Deepwater Horizon* incident, barely a score of suits have directly named Dril-Quip.[3]

      **B.**      **The Cross-Claims Fail to Allege Facts Sufficient to Establish Any Cause of Action**

Today, to survive a motion to dismiss under Rules 8 and 12(b)(6), a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). The "complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570)); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *see also Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009)(allegations must push claim past "conceivable" to "plausible"). These "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56, *quoted in In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (2010)(quoting *Plotkin v. IP Axess, Inc*., 407 F.3d 690, 696 (5th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at *4. *See also Great Lakes,* 624 F.3d at 210 (quoting *Iqbal* to

---

[3] Those suits are no better pled than the Third-Party Complaint, and Dril-Quip has filed or will file motions to dismiss each of them. So far, Dril-Quip submits, no plaintiff anywhere has alleged a claim against it on which relief may be granted. Even after the February 18, 2011, Third-Party Complaint, which explicitly named Dril-Quip, only two groups of plaintiffs amended their complaints to name Dril-Quip, and one group has since recanted and dismissed as to Dril-Quip. *See* Docts. 1669 & 1713. The other names Dril-Quip only by incorporating language from the Third-Party Complaint. See Doct. 1524, ¶8 at 3 (Dril-Quip is named in Paragraph XIX of the Third-Party Complaint).

effect that "legal conclusions can provide the complaint's framework, [but] must be supported by factual allegations"); *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 127, 1333 (11th Cir. 2010)(quoting *Iqbal,* ___ U.S. at ___, 129 S.Ct. at 1949).  Under the standard set forth in *Twombly*, a complaint must plead "enough fact[s] to raise a reasonable expectation" that a plaintiff has a right to relief.  *See* 550 U.S. at 557.

The Cross-Claims allege no facts that are linked in any way to Dril-Quip.  It merely asserts claims "against the tendered and impleaded defendants in [the] limitation action …." *See* Cross-Claims, numbered paragraph at 7.  In the past, such summary allegations might have effectively asserted a cross-claim, *see, e.g. Orgulf Transport Co. v. Hill's Marine Enters., Inc.*, 188 F.Supp. 2d at 1056, 1063 (S.D. Ill. 2002) (commenting that allegations were sufficient for "federal notice pleading rule"), but *Twombly* and *Iqbal* have raised the bar.  Cameron's allegations, contain no facts that make it "plausible" that Dril-Quip is liable to anyone. Specifically, the Cross-Claims fail to allege any facts that would establish any elements of Cameron's causes of action; instead, only innocent facts and legal elements are set forth.  It is thus impossible to ascertain what Dril-Quip did or failed to do that caused injury to Cameron or to anyone else.  The Court should therefore dismiss the Cross-Claims against Dril-Quip for failure to state a claim.

### C. The Complaint Alleges Facts that Negate Liability For Negligence on the Part of Dril-Quip.

Further, the Cross-Claims contain no facts that, if true, would render Dril-Quip directly liable for maritime negligence; instead, their allegations negate any such liability.  As a matter of law, Dril-Quip did not owe Cameron or Plaintiffs/Claimants any duty of care.  "To establish maritime negligence, a plaintiff must 'demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection

between the defendant's conduct and the plaintiff's injury.' " *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000)(quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)).

The Cross-Claims allege no facts from which the Court could infer that Dril-Quip owed Cameron or Plaintiffs/Claimants any legal duty because they do not allege that Dril-Quip controlled or had any right to control any of the operations of the *Deepwater Horizon*. It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *See, e.g., Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Further, it is settled that where a principal retains an independent contractor to conduct oil and gas operations but does not retain control over or participate in the actions of the contractor, the principal neither assumes nor owes any duty to the contractor's employees. *Thomas v. Burlington Res. Oil & Gas Co.,* No. Civ. A. 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, J.). Even when a principal without control over, or participation in, the operation has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.; Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

*Ainsworth* is cited by courts applying both Louisiana law and the general maritime law. *See, e.g., Gremillion v. Gulf Coast Catering Co.*, No. 88-4544, 1989 WL 104100, at *6 (E.D. La. Sept. 5, 1989), *aff'd*, 904 F.2d 290 (5th Cir. 1990) (citing *Ainsworth* in tort case under maritime law); *Fontenot v. Southwestern Offshore Corp.*, 787 So.2d 588, 594 (La. Ct. App. 2001) (tort

7

case under maritime law).  In *Ainsworth*, Shell hired an independent contractor, Hercules, to erect an offshore drilling rig.  829 F.2d at 549.  Hercules worked its crews around the clock, with no lights in the work area, and a worker fell as a result.  *Id*.  Shell had a "company man" on the rig who was aware of the hazardous conditions, but Shell retained no control over and did not participate in the operation of the rig.  The Fifth Circuit rejected the plaintiff's argument that Shell's knowledge of the danger made it directly liable for the injury and held instead that because Shell lacked control over the operation, it had no duty to intervene.  *Id.* at 551.

Cameron's allegations fall far short of even the *Ainsworth* facts.  Cameron pleads that the Transocean entities were owners and operators of the *Deepwater Horizon*, which was leased to BP, and that BP, the Transocean parties and Halliburton were specifically and primarily responsible for the blowout and explosion.[4]  By contrast, Dril-Quip "was involved with providing wellhead systems."[5]  Furnishing equipment for use in a drilling project owned and operated by others cannot plausibly create a duty to someone else's employee working onboard someone else's vessel.  *Cf. In re Graham Offshore, Inc*., 287 F.3d 352, 359 (5th Cir. 2002) (no duty owed by rig operator to transportation contractor hired by third party).  The Cross-Claims lack any facts alleging conduct by Dril-Quip in breach of any duty, or that any of Plaintiffs' injuries resulted from any act by Dril-Quip.  To the contrary, the express allegations that BP and Transocean owned the lease and the rig, respectively, and made the operating decisions that led to the blowout and explosion, *see, e.g.,* Cross-Claims at ¶¶74-76, negate any inference that Dril-Quip conducted any of the *operations* on the *Deepwater Horizon* that allegedly led to any Plaintiff/Claimant's injuries and establish that such Plaintiff/Claimant is not entitled to relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("if the allegations, taken as true, show the plaintiff

---

[4] *See* Cross-Claims ¶¶ 63, 64, 74-76 at 21-22, 24-31.
[5] Third-Party Complaint at ¶14.

is not entitled to relief," then the "complaint is subject to dismissal"). As Cameron's only claims against Dril-Quip sound in contribution, the elimination of liability for Plaintiffs'/Claimants' claims likewise eliminates any basis for contribution.

If in *Ainsworth* a company man on the rig with actual knowledge of a dangerous situation had no duty to intercede because he lacked control over the operations on the rig, it necessarily follows that Dril-Quip had no duty to Plaintiffs/Claimants. It possessed no contractual rights to control rig operations and is not alleged to have had any actual knowledge of a dangerous situation.

### CONCLUSION

Dril-Quip respectfully requests that the Court dismiss Cameron's Cross-Claims as to Dril-Quip pursuant to Federal Rules of Civil Procedure 12(b)(6).

Date:   June 20, 2011

                                        Respectfully submitted,

                                        **WARE, JACKSON, LEE & CHAMBERS, LLP**

                                        BY:   /s/ C. Dennis Barrow, Jr.
                                            Don Jackson
                                            Texas Bar No. 10476000
                                            Fed ID No. 6915
                                            C. Dennis Barrow, Jr.
                                            Texas Bar No. 00796169
                                            Fed ID No. 20624
                                            2929 Allen Parkway, 42nd Floor
                                            Houston, TX 77019
                                            Phone :  (713) 659-6400
                                            Fax    :  (713) 659-6262
                                            Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

     I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

                                               /s/ C. Dennis Barrow, Jr._____
                                               C. Dennis Barrow, Jr.