## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:   Oil Spill by the Oil Rig | *   MDL No. 2179 |
| "*Deepwater Horizon*" | * |
| In the Gulf of Mexico, | *   SECTION: J |
| on April 20, 2010 | * |
| | *   JUDGE BARBIER |
| THIS DOCUMENT RELATES TO | *   MAGISTRATE SHUSHAN |
| THE *TRANSOCEAN* LIMITATION | |
| ACTION, NO. 10-2771 | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MOEX OFFSHORE 2007 LLC'S RESPONSES TO CAMERON INTERNATIONAL CORPORATION'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.       Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant MOEX Offshore 2007 LLC ("Responding Party"), through undersigned counsel, objects to Cameron International Corporation's ("Cameron") First Set of Interrogatories and Requests for Production (collectively "Requests"), served on Responding Party on April 29, 2011, including the accompanying definitions and instructions, insofar as they conflict with, or purport to impose obligations beyond those of the Federal Rules of Civil Procedure or the Rules and Orders of this Court.  Responding Party will respond to Cameron's Requests in accordance with such Rules and Orders.

2.       Responding Party objects to the Requests to the extent they seek documents or information outside the scope of Pretrial Order No. 11, which provides that Phase I Discovery "will be focused on the activities and events leading up to and including April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig.  Discovery will also

include discovery of issues relating to the cause or causes and extent of the associated spill, and the cause or causes of damages alleged to have resulted therefrom."

3.      Responding Party objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, the common interest principle, or any other privilege.  Responding Party will identify specific documents withheld on these grounds in accordance with the schedule set forth in, and provide the information required by, the Court's Pretrial Order No. 14 and any other pertinent Orders of the Court or agreements among counsel.  Responding Party does not intend to, and expressly does not, waive any such privileges or protections in producing documents or otherwise responding to these Requests.  The inadvertent disclosure of any privileged or otherwise protected information shall not be deemed or construed to constitute a waiver of the right to assert any applicable privilege or protection with respect to any such information or any other information or matter and shall not preclude or waive Responding Party's right to retract such disclosure.

4.      Responding Party objects to the Requests to the extent they seek the disclosure of information or documents that contain or constitute trade secrets, proprietary information, or other confidential business information without appropriate restrictions on disclosure and dissemination as may be embodied in a protective order entered by the Court.

5.      Responding Party objects to the Requests to the extent they seek disclosure of information or documents that would violate the rights of privacy of third parties, or any similar judicially recognized protection or privilege, including, but not limited to, restriction imposed in connection with proceedings before the MBI, and the protections of the Health Insurance Portability and Accountability Act ("HIPAA"), or that would result in disclosure of any confidential information or conduct without appropriate restrictions on disclosure and

500860613v2

dissemination that are embodied in a protective order entered by the Court.

6.      Responding Party objects to the Requests to the extent they purport to require Responding Party to set forth or state legal conclusions or its contentions or positions applicable to specific legal or factual issues.

7.      Responding Party objects to the Requests to the extent they seek documents or information that are not in Responding Party's possession, custody or control, or are already in the possession, custody or control of Cameron.

8.      Responding Party objects to the Requests to the extent they are vague, ambiguous, duplicative, repetitive, redundant, unreasonably cumulative, or otherwise excessive, oppressive or harassing.

9.      Responding Party objects to the Requests to the extent that they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

10.     Responding Party objects to the Requests to the extent they seek information that is a matter of public record.

11.     Responding Party objects to the Requests to the extent Cameron seeks to require Responding Party to provide information beyond what is available to it after conducting a reasonable search of its own files and after making reasonable inquiries.

12.     Responding Party objects to the Requests to the extent that that they may purport to require Responding Party to produce documents in formats different from those formats specified for various categories of documents in Pretrial Order No. 16.  Responding Party will produce documents in .tif format unless such documents are required by Pretrial Order No. 16 to be produced in a different format.

13.     Responding Party objects to the definition of "You," "Your," or "MOEX"

3

because it is overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

14.    The documents and information provided in Responding Party's responses to the Requests reflect Responding Party's present knowledge, information and belief, and may be subject to change or modification based on Responding Party's further discovery, or on facts or circumstances which may subsequently come to Responding Party's attention.

15.    In responding to the Requests, Responding Party expressly reserves its right to object to the admission into evidence of any and all documents or information made available in response to any Request on any ground including, but not limited to, the ground that the document, information or Request is irrelevant and immaterial to the issues in this action. Nothing in Responding Party's responses to any Request should be construed as an admission respecting the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization of any kind contained in the Request.

16.    Responding Party reserves its right to supplement its responses as may be appropriate in light of information learned during discovery, to present additional facts and/or contentions and to raise any applicable objections based upon information subsequently obtained and/or evaluated in light of developments in the law, developments in the underlying action, or any other relevant information that Responding Party may subsequently obtain.

17.    Except as noted hereinafter, Responding Party objects to the Requests as a whole to the extent that they seek documents that came into the possession, custody, or control of Responding Party after April 20, 2010, the date of the Incident.  Responding Party objects to the Requests to the extent they purport to require Responding Party to re-produce the document productions of other parties that have been made in these litigations either pre- or post-consolidation, or in connection with investigations such as that being conducted by the

*Deepwater Horizon* Joint Investigation Team ("MBI").

18.     Responding Party objects to the Requests as a whole to the extent they seek information or documents related to wells other than the Macondo Prospect, the Macondo Well known as MC 252 # 1 Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party will only provide information and/or documents relating to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.

19.     Responding Party objects to the extent Cameron seeks information or documents not in the possession of Responding Party, including, but not limited to, information or documents in the possession of outside counsel, consultants, or vendors or to the extent Cameron seeks to require Responding Party to create documents not already in existence.

20.     These General Objections are incorporated by reference into each of the following responses, and any objection or response by Responding Party to any instruction or request is made without waiver of, and subject to, these General Objections.

## **SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1/REQUEST FOR PRODUCTION NO. 1:**

Please identify (by name of tester and approximate date of testing) all testing (of which you are aware) by any person or entity in which BOP rams were used to shear or attempt to shear buckled tubular or tubular that was intentionally placed in a position other than in the center of the BOP rams. Please produce and identify by Bates number all documents referring or relating to the testing.

**RESPONSE TO INTERROGATORY NO. 1/REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates its General Objections.  Responding Party further

objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Interrogatory/Request to the extent it seeks premature expert discovery. Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Interrogatory/Request because the undefined term "entity" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**INTERROGATORY NO. 2 /REQUEST FOR PRODUCTION NO. 2:**

Please identify (by name of tester and approximate date of request) each occasion on

6

which you have requested that any person or entity conduct testing to use BOP rams to shear or attempt to shear buckled tubular or tubular that was intentionally placed in a position other than in the center of the BOP rams. Please produce and identify by Bates number all documents referring or relating to the requests for such testing.

**RESPONSE TO INTERROGATORY NO. 2/REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Interrogatory/Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Interrogatory/Request because the undefined term "entity" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well

responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**INTERROGATORY NO. 3/REQUEST FOR PRODUCTION NO. 3:**

Please identify (by name of tester and approximate date of testing) all testing (of which you are aware) by any person or entity in which BOP rams were tested under conditions intended to simulate flowing conditions. Please produce and identify by Bates number all documents referring or relating to the testing.

**RESPONSE TO INTERROGATORY NO. 3/REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Interrogatory/Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the

Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Interrogatory/Request because the undefined term "entity" is vague and ambiguous.  Responding Party also objects to this Interrogatory/Request because the undefined phrase "conditions intended to simulate flowing conditions" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

## INTERROGATORY NO. 4 AND REQUEST FOR PRODUCTION NO. 4:

Please identify (by name of tester and approximate date of request) each occasion on which you have requested that any person or entity conduct testing of BOP rams under conditions intended to simulate flowing conditions. Please produce and identify by Bates number all documents referring or relating to the requests for such testing.

## RESPONSE TO INTERROGATORY NO. 4/REQUEST FOR PRODUCTION NO. 4:

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any

9

aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Interrogatory/Request to the extent it seeks premature expert discovery. Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Interrogatory/Request because the undefined term "entity" is vague and ambiguous.  Responding Party also objects to this Interrogatory/Request because the undefined phrase "conditions intended to simulate flowing conditions" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

## REQUEST FOR PRODUCTION NO. 5:

Please produce documents and communications mentioning, discussing, or relating to:

- o   Shearing with BOP rams of buckled or off-center drillpipe

- o   Sealing with blind shear rams under conditions involving buckled or off-center drillpipe

- o   Shearing with BOP rams while a well is flowing

- o   Sealing with BOP rams while a well is flowing

- o   The need to change batteries for deadman systems

- o   Rechargeable batteries for deadman systems

10

- o Monitoring subsea deadman system battery status from the rig

- o Monitoring subsea ram position from the rig

- o Monitoring subsea shearing or sealing success from the rig

- o Testing BOP ram shearing capabilities under dynamic flow conditions

- o Testing BOP ram sealing capabilities under dynamic flow conditions

- o Centering capabilities of blind shear rams

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party further objects to this Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined term "communications" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if

500860613v2

any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

## INTERROGATORY NO. 5:

Please identify all subsea BOPs that has been used to drill any well on a prospect for which you are/were a lessee, specifying for each BOP: the name of the rig, the date the rig was placed in service, the manufacturer of the BOP controls, the manufacturer and model of the shearing blind ram(s), the number of shearing blind rams, whether the batteries on the deadman system are rechargeable, whether it is possible to monitor subsea deadman system battery status from the rig, whether it is possible to monitor subsea ram position from the rig, and whether it is possible to monitor subsea shearing or sealing success from the rig.

## RESPONSE TO INTERROGATORY NO. 5:

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Interrogatory to the extent it seeks premature expert discovery.  Responding Party also objects

12

to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party also objects to this Interrogatory because the undefined term "prospect" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory.

## REQUEST FOR PRODUCTION NO. 6:

Please produce all records relating to maintenance performed and/or modifications conducted on any part or component of the DWH BOP, from 2001 forward, including but not limited to records of maintenance performed on and/or modifications conducted on any part or component of the DWH BOP equipment in 2009 and 2010.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party further objects to this Request because the undefined terms "maintenance" and "modifications" are vague and ambiguous.

Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if

any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all records relating to 7-day function tests and 14-day pressure tests conducted on any part or component of the DWH BOP.

**RESPONSE TO PRODUCTION NO. 7:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party also objects to this Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Request because the undefined terms "function tests" and "pressure tests" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

500860613v2

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all records, including but not limited to permitting materials, that constitute or relate to reports to or communications with MMS or BOEM concerning the manner of or results from tests conducted on any part or component of the DWH BOP; the performance of any part or component of the DWH BOP; and/or the maintenance of or modifications to any part or component of the DWH BOP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party also objects to this Request because the undefined terms "permitting materials," "performance," "maintenance," "communications," and "modifications" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well. Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

500860613v2

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all records constituting or relating to OEM and/or API certifications obtained with respect to any part or component of the DWH BOP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well. Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all records of communications between BP, Transocean, and/or Anadarko/MOEX relating to any part or component of the DWH BOP, and its maintenance and/or modification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates its General Objections. Responding Party further

500860613v2

objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party further objects to this Request because the undefined terms "maintenance," "modification," and "communications" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all records of communications between BP, Transocean, and/or Anadarko/MOEX relating to responsibility for the performance of any part or component of the DWH BOP (see, e.g., BP-HZN-MBI00254566, BP-HZN-MBI00254569).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates its General Objections.  Responding Party further

objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.   Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.   Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.   Responding Party also objects to this Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party further objects to this Request because the undefined terms "maintenance," "modification," and "communications" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.   Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all records, including but not limited to work orders and communications,  between or among one or more of BP, Transocean, Anadarko/MOEX, and Cameron relating to any part or component of the DWH BOP, and its maintenance and/or modification.

**RESPONSE TO PRODUCTION NO. 12:**

Responding Party incorporates its General Objections.   Responding Party further

objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party further objects to this Request because the undefined terms "maintenance," "communications," and "modification" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all records constituting or relating to audits, surveys, or studies conducted by BP, Transocean, and/or Anadarko/MOEX, or performed at one or more of their requests, that refer to any part or component of the DWH BOP.

**RESPONSE TO PRODUCTION NO. 13:**

Responding Party incorporates its General Objections.  Responding Party further

objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party further objects to this Request because the undefined terms "audits," "surveys," and "studies" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all records concerning findings in such audits, surveys, or studies relating to any part or component of the DWH BOP, including but not limited to communications and documents shared between any of BP, Transocean, and/or Anadarko/MOEX concerning such findings.

**RESPONSE TO PRODUCTION NO. 14:**

Responding Party incorporates its General Objections.  Responding Party further

objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party objects to this Request to the extent it seeks premature expert discovery.  Responding Party further objects to this Request because the undefined terms "audits," "surveys," and "studies" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all specifications provided to Cameron relating to the design, manufacture, and/or assembly of any part or component of the DWH BOP.

**RESPONSE TO PRODUCTION NO. 15:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or

any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

## REQUEST FOR PRODUCTION NO. 16:

Please produce all records, including but not limited to contracts and communications, transmitted between any of BP, Transocean, and/or Anadarko/MOEX and Cameron relating to the purchase, manufacture, and/or assembly of any part or component of the DWH BOP.

## RESPONSE TO PRODUCTION NO. 16:

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and

22

not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Request because the undefined term "communications" is vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all communications between any of BP, Transocean, and/or Anadarko/MOEX concerning the manufacture and assembly of the any part or component of the DWH BOP.

**RESPONSE TO PRODUCTION NO. 17:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "MOEX" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations

issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined term "communications" is vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**INTERROGATORY NO. 6:**

Was any oral or written complaint made by you about the DWH BOP design, manufacture, modification or maintenance activity? If so, please state:

> (a)   the design flaw, maintenance activity or modification complained of;
>
> (b)   what action was taken, if any, to correct the design flaw, maintenance or modification and when you took this action;
>
> (c)   the time and date such complaint or complaints were made (if you cannot recall the exact date, please make a reasonable estimate of the date);
>
> (d)   the place where made;
>
> (e)   to whom (name) it was made;
>
> (f)   by whom the complaint was made;
>
> (g)   the names and present addresses and telephone numbers of each person present at the time of the making of the complaint; and
>
> (h)   the substance of any conversation in which the complaint was made, including what each person said, identifying each person by name, address, phone number, and job title.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle

or any other applicable privilege or protection.  Responding Party objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined terms "maintenance" and "modification" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party does not have any information responsive to this Interrogatory.

### INTERROGATORY NO. 7/REQUEST FOR PRODUCTION NO. 18:

Please identify all testing that you or any of your experts have conducted that relates in any way whatsoever to this action, any part or component of the DWH BOP, equipment intended to simulate any part or component of the DWH BOP, and produce and identify by Bates number all documents that evidence, relate or refer to such testing.

### RESPONSE TO INTERROGATORY NO. 7/REQUEST FOR PRODUCTION NO. 18:

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo

25

Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the

Incident.  Responding Party objects to the defined term "you" and "your" as overly broad,

beyond the scope of this litigation and not reasonably calculated to lead to the discovery of

admissible evidence.  Responding Party also objects to this Interrogatory/Request to the extent

it seeks premature expert discovery.    Responding Party also objects to this

Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as

identified in Pretrial Order No. 11.  Responding Party also objects to this Interrogatory/Request

because the undefined phrase "equipment intended to simulate any part or component of the

DWH BOP" is vague and ambiguous.

**INTERROGATORY NO. 8:**

For all of the expert witnesses you intend to call at the trial of this matter, please identify:

> (a)      their name, address, and phone number;
>
> (b)      their field of expertise;
>
> (c)      subject matter of their testimony;
>
> (d)      the documents on which they plan to rely; and
>
> (e)      all publications on which they plan to rely.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates its General Objections.  Responding Party further

objects to this Interrogatory to the extent that it seeks disclosure of information protected by

the attorney-client privilege, the attorney work product doctrine, the common interest principle

or any other applicable privilege or protection.  Responding Party objects to the defined term

"you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead

to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory to

the extent it seeks premature expert discovery.    Responding Party also objects to this

Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

**INTERROGATORY NO. 9:**

Please list by name, title, date and author any and all articles and documents relied upon by you or anyone on your behalf (including expert witnesses) which you contend support the allegations in your cross-claims against Cameron.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to the defined term "you" and "your" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, Responding Party states that the documents that support the allegations in Responding Party's cross-claims against Cameron include but are not limited to: maintenance records related to the *Deepwater Horizon* and the *Deepwater Horizon* BOP, the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling's Report to the President entitled "DEEPWATER The Gulf Oil Disaster and the Future of Offshore Drilling" and all documents and statements referenced therein.

**INTERROGATORY NO. 10/REQUEST FOR PRODUCTION NO. 19:**

Have you, or has anyone on your behalf, either directly or through others, received or obtained any statement, either written, published, recorded, stenographic, oral or otherwise from Cameron or any of its employees or agents made in connection with the April 20 incident or the DWH BOP? If so, please produce and identify by Bates number a full and complete copy of all such statements and for each statement identify:

> (a)   the name and address of the person making the statement;
>
> (b)   the name and address of the person taking the statement:
>
> (c)   the names and addresses of all persons present at the time, of said statement; and
>
> (d)   the time and place said statement was made.

**RESPONSE TO INTERROGATORY NO. 10/REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to the defined term "you" and "your" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory/Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or

otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents relating or referring to any communication you had with any other entity or individual (including internal communications) related to testing of the DWH BOP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident. Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party also objects to this Request because the undefined terms "entity" and "communications" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well. Responding Party will produce non-privileged or otherwise non-protected responsive documents related to

29

the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents relating to any input or comment you have provided to MMS, BOEMRE, API, or any other standard setting body regarding requirements for BOP testing or equipment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party further objects to this Request because the undefined terms "input," "comment," "standard setting body," and "BOP testing or equipment" are vague and ambiguous.

Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

## REQUEST FOR PRODUCTION NO. 22:

Please produce all documents relating to lobbying efforts by you related to legislation governing drilling safety or maintenance.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined terms "lobbying efforts," "drilling safety" and "maintenance" are vague and ambiguous.

31

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents relating to your comment, review, testimony, or other involvement with regulations and opinions issued by MMS/BOEMRE, DOI, CSB, or other state or federal agency with jurisdiction over drilling/exploration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "your" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party further objects to this Request because the undefined terms "comment," "review," and "other involvement" are vague and ambiguous.

Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**INTERROGATORY NO. 11/REQUEST FOR PRODUCTION NO. 24:**

Identify (by date, location, and persons involved) and describe in detail all instances of which you are aware involving an attempt to shear with a BOP ram tubular that was buckled, either in

32

connection with testing or in connection with drilling operations. Please produce and identify by Bates label all documents related to these instances.

**RESPONSE TO INTERROGATORY NO. 11/REQUEST FOR PRODUCTION NO. 24:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Interrogatory/Request because the undefined phrases "involving an attempt to shear" and "drilling operations" are vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been

produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**INTERROGATORY NO. 12/REQUEST FOR PRODUCTION NO. 25:**

Identify (by date, location, and persons involved) and describe in detail all instances of which you are aware involving an attempt to shear tubular with BOP rams while a well was flowing. Please produce and identify by Bates label all documents related to these instances.

**RESPONSE TO INTERROGATORY NO. 12/REQUEST FOR PRODUCTION NO. 25:**

Responding Party incorporates its General Objections.   Responding Party further objects to this Interrogatory/Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Interrogatory/Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.   In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  As a result, information relating to Responding Party's internal activities or its operations has no bearing on the current litigation.  Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Interrogatory/Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.   Responding Party also objects to this Interrogatory/Request because the undefined phrase "involving an attempt to shear" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party states that it does not have non-privileged or otherwise non-protected information related to the Macondo Well responsive to this Interrogatory and will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all BOP descriptions included in the Application for Permit to Drill MMS lease for MC252 pursuant to 30 CFR § 250.416, including "Information that shows the blind shear rams installed in the BOP stack (both surface and subsea) are capable of shearing the drill pipe in the hole under maximum anticipated surface pressures."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents relating or referring to pressure tests of the DwH BOP from January 1, 2010 - April 20, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to this Request to the extent it seeks premature expert discovery.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined term "pressure tests" is vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents relating or referring to the waiver that BP applied for and received from the MMS to test the DwH BOP at lower pressures than required by regulation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all documents relating to on-rig recertification and/or inspection of BOPs, including 1) every instance where Cameron conducted an inspection/recertification on the DwH rig of a BOP component; and 2) every instance where a company other than Cameron conducted an inspection/recertification of BOP components, including documents relating to the "ram block NDT inspection" performed by Hadco (*see, e.g.*, BP-HZN-2179MDL00331948) and the ram cavity clearance measurements were taken on Aug. 31, 2009 (*see* TRN-HCEC-00090735).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined terms "inspection" and "BOP component" are vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce all documents in your possession that were submitted pursuant to MMS NTL 2010-NO5, which requires operators to submit the following information regarding "BOP and loss of well control events": "Document any loss of well control event, even if temporary, and the cause of the event. The operator does not have to include kicks that were controlled but should include the release of fluids through a diverter."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party objects to the defined term "your" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce all documents relating or referring to any activation of DwH BOP emergency systems, including each time an EDS sequence was activated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates its General Objections.  Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or

500860613v2

any other applicable privilege or protection.  Responding Party objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the *Deepwater Horizon*'s operations at the Macondo Well, or the Incident.  Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.  Responding Party also objects to this Request because the undefined term "emergency systems"  is vague and ambiguous.

Subject to and without waiving these objections, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well.  Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

Dated: June 17, 2011

Respectfully Submitted,

/s/      M. Hampton Carver
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, L. L. C.

M. Hampton Carver (LA Bar #1349)
Philip Nizialek (LA Bar #24180)
Timothy J. Jacquet (LA Bar #21642)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana  70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX
OFFSHORE 2007 LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections and Responses of Defendant MOEX Offshore 2007 LLC to Cameron International Corporation's First Set of Interrogatories and Requests for Production dated April 29, 2011 have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 20th day of June 2011.

/s/      M. Hampton Carver
 M. Hampton Carver

4823-3250-3305, v.  5

41

500860613v2