UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to: | § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| 2:10-cv-02771;<br>2:10-cv-02179 | § § | |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.**

Subject to its pending motion to dismiss, M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the cross-claim of Weatherford U.S., L.P. and Weatherford International, Inc. ("Weatherford"), states as follows:

1. M-I admits the allegations of Paragraph I.

2. M-I admits that it was a party to the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services between BP Exploration and Production, Inc. and M-I L.L.C., BPM-09-00209. M-I denies the remaining allegations of Paragraph II.

3. M-I denies the allegations of Paragraph III.

4. The allegations of Paragraph IV are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph IV for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

5. The allegations of Paragraph V are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph V

DB1/ 67490454.1

for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

      6.     Upon information and belief, M-I admits the allegations of Paragraph VI.

      7.     Upon information and belief, M-I admits the allegations of Paragraph VII.

      8.     Upon information and belief, M-I admits the allegations of Paragraph VIII.

      9.     M-I denies the allegations of Paragraph IX.

      10.    The allegations of Paragraph X are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph X for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

      11.    M-I denies the allegations of Paragraph XI for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

      12.    M-I denies the allegations of Paragraph XII for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

      13.    M-I denies the allegations of Paragraph XIII.

      14.    The allegations of Paragraph XIV are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph XIV for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

      15.    Paragraph XV contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph XV.

      16.    The allegations of Paragraph XVI do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of

Paragraph XVI for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the cross-claim for contractual indemnity fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The conduct and actions giving rise to Weatherford's alleged injuries took place with the privity or knowledge of Weatherford.

### THIRD DEFENSE

The events giving rise to the injuries and damage alleged by Weatherford were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### FOURTH DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FIFTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in

law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

### SIXTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### SEVENTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

### EIGHTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against Weatherford and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against Weatherford on its cross-claims against M-I, and for such further relief as may be just and proper.

6

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>       Hugh E. Tanner<br>       htanner@morganlewis.com<br>       Texas Bar No. 19637400<br>       1000 Louisiana, Suite 4000<br>       Houston, Texas  77002<br>       Telephone:  (713) 890-5000<br>       Facsimile:  (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

June 20, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Affirmative Defenses to Cross-Claim of Weatherford U.S., L.P. and Weatherford International, Inc. has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 20th day of June, 2011.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner

DB1/67490454.1