UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO on<br>APRIL 20, 2010<br><br>This document relates to:<br><br>2:10-cv-02771 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE
DEFENSES TO CROSS-CLAIM OF DRIL-QUIP, INC.**

M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the cross-claim of Drip-Quip, Inc. ("Dril-Quip"), states as follows:

1. Upon information and belief, M-I admits the allegations in the first and second sentences of Paragraph 1. M-I denies the allegations of the third sentence of Paragraph 1 for lack of knowledge or information sufficient to form a belief about the truth of said allegations. M-I denies the remaining allegations of Paragraph 1.

2. Upon information and belief, M-I admits the allegations of Paragraph 2.

3. Upon information and belief, M-I admits the allegations of Paragraph 3.

4. Upon information and belief, M-I admits the allegations of Paragraph 4.

5. Upon information and belief, M-I admits the allegations of Paragraph 5.

6. M-I denies that it is "also known as M-I Swaco[.]" M-I admits the remaining allegations of Paragraph 6.

7. Upon information and belief, M-I admits the allegations of Paragraph 7.

8. Upon information and belief, M-I admits the allegations of Paragraph 8.

9. Upon information and belief, M-I admits the allegations of Paragraph 9.

10. Upon information and belief, M-I admits the allegations of Paragraph 10.

11. Upon information and belief, M-I admits the allegations of Paragraph 11.

12. Upon information and belief, M-I admits the allegations of Paragraph 12.

13. Upon information and belief, M-I admits the allegations of Paragraph 13.

14. Upon information and belief, M-I admits the allegations of Paragraph 14.

15. M-I admits the allegations of Paragraph 15.

16. M-I admits the allegations of Paragraph 16.

17. M-I admits the allegations of Paragraph 17.

18. The allegations of Paragraph 18 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19. The allegations of Paragraph 19 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20. The allegations of Paragraph 20 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 20 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21. The allegations of Paragraph 21 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

21 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22. The allegations of Paragraph 22 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 22 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23. The allegations of Paragraph 23 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 23 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24. M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the well based upon information provided by the operator and subject to operator approval. M-I denies the remaining allegations of Paragraph 24.

25. M-I admits that the Plaintiffs/Claimants allege that M-I breached its duties as stated in Paragraph 25; however, M-I denies that it breached any duties to the Plaintiffs/Claimants or any other party.

26. The allegations of Paragraph 26 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 26 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

27. The allegations of Paragraph 27 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

27 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

28. The allegations of Paragraph 28 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

29. The allegations of Paragraph 29 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 29 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

30. The allegations of Paragraph 30 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 30 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

31. The allegations of Paragraph 31 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 31 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

32. The allegations of Paragraph 32 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 32 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

33. The allegations of Paragraph 33 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 33 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

34. The allegations of Paragraph 34 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 34 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

35. The allegations of Paragraph 35 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 35 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

36. The allegations of Paragraph 36 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 36 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

37. The allegations of Paragraph 37 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 37 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

38. The allegations of Paragraph 38 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

38 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

  39. M-I repeats and realleges its answers to Paragraphs 1-38.

  40. Paragraph 40 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 40 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

  41. Upon information and belief, M-I admits the allegations in the first sentence of Paragraph 41. The remainder of Paragraph 41 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of the remainder of Paragraph 41.

  42. Paragraph 42 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The conduct and actions giving rise to Dril-Quip's alleged injuries took place with the privity or knowledge of Dril-Quip.

### SECOND DEFENSE

The events giving rise to the injuries and damage alleged by Dril-Quip were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### THIRD DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

### FIFTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### SIXTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

### SEVENTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against Dril-Quip and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against Dril-Quip on its cross-claims against M-I, and for such further relief as may be just and proper.

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP<br><br>Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001<br><br>Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001<br><br>**ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.**<br><br><br>June 20, 2011 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Hugh E. Tanner*<br>　　Hugh E. Tanner<br>　　htanner@morganlewis.com<br>　　Texas Bar No. 19637400<br>　　1000 Louisiana, Suite 4000<br>　　Houston, Texas  77002<br>　　Telephone:  (713) 890-5000<br>　　Facsimile:  (713) 890-5001<br><br><br>**ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Third Party Defendant M-I L.L.C.'s Answer and Affirmative Defenses to Cross-Claim of Dril-Quip, Inc. has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 20th day of June, 2011.

                                                  /s/ *Hugh E. Tanner*
                                                  Hugh E. Tanner