UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 |
| | * | SECTION: J |
| This Document Relates to: | * * | |
| Civil Action Nos. 2:10-cv-2771 and 10-cv-2179 | * * * | JUDGE BARBIER |
| | * * | |
| | * * | MAGISTRATE SHUSHAN |
| | * * | |
| *  *  *  *  *  *  *  *  *  *  *  * | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT MOEX OFFSHORE 2007 LLC TO DISMISS THE
COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P.
<u>AND WEATHERFORD INTERNATIONAL INC.</u>**

John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTUAL ALLEGATIONS IN WEATHERFORD'S
CROSS-CLAIMS. ..................................................................................................................... 3

III. ARGUMENT ....................................................................................................................... 4

    A. Standard of Review............................................................................................................ 4

    B. Weatherford's conclusory allegations fail to state a claim. ............................................... 5

    C. Weatherford's Claim for Indemnity Fails to State a Claim for which Relief can be
Granted................................................................................................................................. 6

        1. Weatherford fails to allege any viable theory of indemnity against MOEX
Offshore for the maritime personal injury claims of the Plaintiffs in Pleading
Bundles A and B3. ..................................................................................................... 6

        2. Weatherford's general maritime law indemnity and contribution claims do not
apply to the claims of the Bundle B1 and C Plaintiffs, because OPA displaces
general maritime law contribution and indemnity claims for OPA-covered
damages....................................................................................................................... 8

    D. Weatherford's Claim for Contribution Under the General Maritime Law Fails to
State a Claim for Which Relief can be Granted.................................................................. 9

    E. Weatherford cannot recover its attorneys' fees or costs of suit as a matter of law........... 12

CONCLUSION........................................................................................................................... 13

## TABLE OF AUTHORITIES

### CASES

*Adams v. Texaco*,
    640 F.2d 618 (5th Cir. Unit A 1981) ...................................................................................9

*Ainsworth v. Shell Offshore, Inc.*,
    829 F.2d 548 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988)....................................11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).................................................................................................4, 5

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ................................................................................................9

*Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*,
    615 F.3d 599 (5th Cir. 2010) .............................................................................................2, 9

*Cooper Stevedoring Co. v. Kopke*,
    417 U.S. 106 (1974)...........................................................................................................9

*Dominion Resource Services, Inc. v. 5K Logistics, Inc.*,
    Action No. 3:09-CV-315, 2009 WL. 4279876 (E.D. Va. Nov. 30, 2009)..........................5

*Duplantis v. Shell Offshore, Inc.*,
    948 F.2d 187 (5th Cir. 1991) ............................................................................................10

*Energy Brands, Inc. v. Jorgensen*,
    No. 09-CV-591A, 2011 WL. 282354 (W.D.N.Y. Jan. 25, 2011) ........................................5

*Ferrer v. Chevron Corp.*,
    484 F.3d 776 (5th Cir. 2007) ...............................................................................................9

*Ford Motor Co. v. Michigan Consolidated Gas Co.*,
    No. 08-CV-13503-DT, 2009 WL. 3190418 (E.D. Mich. Sept. 29, 2009).........................5

*Hardy v. Gulf Oil Corp.*,
    949 F.2d 826 (5th Cir. 1992) ..........................................................................................2, 6

*Hershey v. Energy Transfer Partners*,
    610 F.3d 239 (5th Cir. 2010) ..............................................................................................4

*Jones v. Bock*,
    549 U.S. 199 (2007)............................................................................................................4

*In re Katrina Canal Breaches Litigation*,
   495 F.3d 191 (5th Cir. 2007) ........................................................................................9

*Landry v. Huthnance Drilling Co.*,
   889 F.2d 1469 (5th Cir. 1989) ....................................................................................10

*In re Liberty Seafood*,
   38 F.3d 755 (5th Cir. 1994) .........................................................................................9

*Loose v. Offshore Navigation, Inc.*,
   670 F.2d 493 (5th Cir.1982) ........................................................................................6

*Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*,
   761 F.2d 229 (5th Cir. 1985) .......................................................................................7

*Odd Bergs Tankrederi A/S v. S/T Gulfspray*,
    650 F.2d 652 (5th Cir. 1981) ....................................................................................12

*Ronquille v. MMR Offshore Services, Inc.*,
   353 F. Supp. 2d 680 (E.D. La. 2004) .........................................................................11

*Thibodeaux v. Vamos Oil & Gas Co., No. Civ. A. 03-1883*,
   2005 WL. 3019773 (W.D. La. Nov. 10, 2005) ..........................................................10

*Thomas v. Burlington Resources Oil & Gas Co., No. Civ. A. 99- 3904*,
   2000 WL. 1528082 (E.D. La. Oct. 13, 2000) (citations omitted) ..............................11

*Two-J Ranch, Inc. Limitation Proceeding M/V Carla J*,
   534 F. Supp. 2d 671 (W.D. La. 2008) .........................................................................6

*United Gas Corp. v. Guillory*,
   206 F.2d 49 (5th Cir. 1953) .........................................................................................4

*United States v. Atlantic Research Corp.*,
   551 U.S. 128 (2007) .....................................................................................................2

*United States v. Reliable Transfer Co.*,
   421 U.S. 397 (1975) .....................................................................................................6

*Weatherford Co. v. Norton Drilling Co.*,
   313 F.2d 380 (5th Cir. 1963) .......................................................................................4

*Weathersby v. Conoco Oil Co.*,
   752 F.2d 953 (5th Cir. 1984) .....................................................................................12

## STATUTES

33 U.S.C. §2701, *et seq.*......................................................................................................................8

## MISCELLANEOUS

Restatement (Second) of Torts §886A(2) .........................................................................................9

Restatement (Second) of Torts §414 cmt. c...................................................................................10

MOEX Offshore 2007 LLC ("MOEX Offshore") respectfully submits this memorandum in support of its motion to dismiss the cross-claims of Weatherford U.S., L.P. and Weatherford International, Inc. (together, "Weatherford") pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.[1]

# I.
# INTRODUCTION

On May 20, 2011, Weatherford asserted cross-claims against MOEX Offshore for indemnification and contribution under general maritime law.  *See* Answer, Defenses and Counter-Claim/Cross-Claim of Weatherford U.S., L.P. and Weatherford International, Inc. Against MOEX Offshore 2007 LLC [Rec. Doc. 2484] ("Cross-Claims").

Weatherford alleges that MOEX Offshore, through unspecified "breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract," caused the blowout, fire, explosion and eventual sinking of the *Deepwater Horizon* and resulting oil spill into the Gulf of Mexico.  Cross-Claims ¶¶3-4. The Cross-Claims suffer from fatal infirmities and should be dismissed.

Specifically, Weatherford's allegations are far too vague and conclusory to state a claim under the governing federal pleading standard.  Merely alleging that MOEX Offshore is liable based upon unspecified misconduct and violations "which will be shown at the time of trial" (*see* Cross-Claims ¶4), without offering any factual support, is grossly inadequate to state a plausible claim.  See §III.B, *infra*.

---

[1] This motion is directed at the pleading pursuant to Rule 12(b)(6) and, as such, accepts all well-pleaded allegations as true.  Should the case proceed, MOEX Offshore reserves its right to bring forth evidence to refute the allegations against it.

Weatherford also fails to state a prima facie claim for indemnity against MOEX Offshore. Indemnity "permits one tortfeasor to shift all of the loss onto another tortfeasor, provided that the latter should appropriately answer for the entirety of the loss." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 829-30 (5th Cir. 1992) (emphasis added). Weatherford does not allege any facts that would demonstrate that MOEX Offshore bears any share of the fault for the incident giving rise to Weatherford's putative liability to the Plaintiffs, let alone the "entirety" of the fault. Nor do the Cross-Claims allege that MOEX Offshore had any contractual relationship with Weatherford that would give rise to an obligation of indemnity. *See* Cross-Claims ¶7. *See* §III.C, *infra*.

Weatherford similarly fails to state a claim for contribution under general maritime law. *See* Cross-Claims ¶8. "Contribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'" *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602 (5th Cir. 2010) (*quoting United States v. Atlantic Research Corp.*, 551 U.S. 128, 139 (2007)). Weatherford fails to allege any facts showing that MOEX Offshore owed any duty to the Plaintiffs (or to Weatherford), or that MOEX Offshore bears any measure of fault for the blowout, fire, explosion and eventual sinking of the *Deepwater Horizon* and subsequent oil spill. Weatherford therefore fails to state a claim for contribution under general maritime law, and its Cross-Claims must be dismissed as against MOEX Offshore. *See* §III.D, *infra*.

Finally, Weatherford's claim for expenses and defense costs is barred as a matter of law. *See* §III.E, *infra*.

## II.
## RELEVANT FACTUAL ALLEGATIONS IN WEATHERFORD'S CROSS-CLAIMS.

Weatherford alleges that MOEX Offshore was a party to an operating agreement ("Operating Agreement") which governed the drilling, exploration and production of oil and gas at the Macondo well site at Mississippi Canyon Block 252.  Cross-Claims ¶2.  On April 20, 2010, a blowout, explosions, and fire occurred aboard the *Deepwater Horizon*.  *Id.* ¶3.  The blowout, explosions, and fire caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.  *Id.*

Weatherford alleges, "[u]pon information and belief," that "the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of MOEX [Offshore]."  *Id.* ¶4.

There is no allegation in Weatherford's pleading showing that MOEX Offshore owed any duty of care directly to Weatherford.  Weatherford does not allege that MOEX Offshore had operational involvement in, control of, or supervisory authority over the engineering or design of the Macondo well; the *Deepwater Horizon* or its crew; the drilling operations conducted at the Macondo well; or the completion operations conducted on the Macondo well.  Absent such a right of operational control, MOEX Offshore owed no duty to the Plaintiffs, and cannot be liable to Weatherford for contribution or indemnity.

## III.
## ARGUMENT

**A.     Standard of Review**

The rules of pleading applicable to complaints are also applicable to third-party complaints, cross-claims and counterclaims for indemnity and contribution.  *See United Gas Corp. v. Guillory*, 206 F.2d 49, 52 (5th Cir. 1953); *Weatherford Co. v. Norton Drilling Co.*, 313 F.2d 380, 380 (5th Cir. 1963) (third party complaint for contribution was properly dismissed where third-party plaintiff could not recover as a matter of law). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010).

To state a claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).  If the factual allegations do not raise a right to relief "above the speculative level," *Twombly*, 550 U.S. at 555, or if the allegations reveal an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim should be dismissed.  Under this standard, Weatherford fails to state any claims against MOEX Offshore for which relief can be granted.

### B. Weatherford's conclusory allegations fail to state a claim.

Other than conclusory declarations that MOEX Offshore is liable, the Cross-Claims are devoid of any factual allegations against MOEX Offshore that would establish Weatherford's entitlement to indemnity or contribution. Weatherford merely alleges, "[u]pon information and belief," that "the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of MOEX [Offshore]." Cross-Claims ¶4.

Such conclusory allegations fail to meet the pleading standard for a claim of indemnity and contribution under the *Iqbal* and *Twombly* pleading standards. *See, e.g.*, *Energy Brands, Inc. v. Jorgensen*, No. 09–CV–591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (dismissing cross-claims for indemnification and contribution because "bare bones conclusory allegations of liability are insufficient to meet Rule 8 pleading requirements post-*Iqbal*"); *Dominion Resource Services, Inc. v. 5K Logistics, Inc.*, Action No. 3:09-CV-315, 2009 WL 4279876, at *3 (E.D. Va. Nov. 30, 2009) (dismissing contribution and indemnity claims where allegations "fall squarely within the category of conclusory pleadings that *Iqbal* and *Twombly* sought to preclude"); *Ford Motor Co. v. Michigan Consolidated Gas Co.*, No. 08-CV-13503-DT, 2009 WL 3190418, at *14 (E.D. Mich. Sept. 29, 2009) (finding conclusory allegation insufficient to support contribution claim). They should thus be dismissed.

### C. Weatherford's Claim for Indemnity Fails to State a Claim for which Relief can be Granted.

Weatherford's claim for indemnity from MOEX Offshore "for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill" (Cross-Claims ¶7) fails as a matter of law. Weatherford alleges no viable legal basis for imposing an indemnity obligation on MOEX Offshore and fails to allege any fault on MOEX Offshore's part.

#### 1. Weatherford fails to allege any viable theory of indemnity against MOEX Offshore for the maritime personal injury claims of the Plaintiffs in Pleading Bundles A and B3.

Indemnity "permits one tortfeasor to shift all of the loss onto another tortfeasor, provided that the latter should appropriately answer for the entirety of the loss." *Hardy*, 949 F.2d at 829-30. Although Weatherford does not specifically allege any theory on which its indemnity claims against MOEX Offshore are based, under maritime law's comparative fault system there are only three viable theories of maritime indemnity: (1) where a contract expressly provides for indemnification; (2) where the "Ryan Doctrine" applies; and (3) where a "vicariously liable or non-negligent tortfeasor is entitled to indemnity 'from a co-debtor guilty of actual fault.'" *Id.* at 833-34.[2] None is applicable to Weatherford's claims against MOEX Offshore.

The first two potential indemnity theories are dispensed with easily. Weatherford does not allege any agreement – and there is none – by which MOEX Offshore agreed to indemnify Weatherford in connection with operations on the Macondo Well. The Ryan

---

[2] In U*nited States v. Reliable Transfer Co.*, 421 U.S. 397 (1975), the Supreme Court instituted a system of comparative fault in maritime cases, obviating resort to indemnity in almost all maritime cases. *See, e.g., Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 501 (5th Cir.1982) ("A comparative fault system not only eliminates the doctrine of contributory negligence but also apportions fault among joint tortfeasors in accordance with a precise determination, not merely equally or all-or-none.").

Doctrine also is plainly inapplicable because it applies only to permit a vessel owner (which Weatherford is not) to recover where a stevedore breached a warranty of workmanlike performance. *Two-J Ranch, Inc. Limitation Proceeding M/V Carla J*, 534 F. Supp. 2d 671, 687 (W.D. La. 2008).

The third theory of indemnity also does not avail Weatherford. In the Fifth Circuit, "a vicariously liable or non-negligent tortfeasor may be entitled to indemnity 'from a co-debtor guilty of actual fault.'" *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985) (emphasis added; internal citation omitted).[3]

As discussed more fully below, Weatherford fails to allege any "actual fault" on the part of MOEX Offshore. A party who "neither caused nor contributed" to an alleged tort is not liable for actual fault. *Marathon Pipe Line Co.*, 761 F.2d at 236. Further, a party who "had no control" over the alleged tort is not guilty of actual fault. *Id.* Weatherford fails to make plausible allegations that MOEX Offshore "caused or contributed" to the torts giving rise to Plaintiffs' injuries, let alone that the *entire* fault for those injuries lay with MOEX Offshore. Weatherford's indemnity claim therefore fails as a matter of law.

---

[3] No plaintiff alleges that Weatherford is vicariously liable for the alleged torts of MOEX Offshore. Indeed, the Plaintiffs expressly disclaim any theory of vicarious liability applicable to MOEX Offshore. Plaintiffs' Memorandum of Law in Opposition to the motions of MOEX Offshore and other Defendants to Dismiss Plaintiffs' Negligence Claims and Motions to Dismiss the OPA Claims Against Anadarko E&P [Rec. Doc. 1803] at 9. Nor does Weatherford allege any relationship with MOEX Offshore, such as respondeat superior, joint venture, agency or partnership, that would provide any basis for a finding of vicarious liability (and none existed).

> **2.   Weatherford's general maritime law indemnity and contribution claims do not apply to the claims of the Bundle B1 and C Plaintiffs, because OPA displaces general maritime law contribution and indemnity claims for OPA-covered damages.**

The Plaintiffs in Pleading Bundles B1 and C assert claims for property damage and economic loss that are recoverable only under OPA.[4] OPA specifically provides for contribution and the subrogation of claims. *See* 33 U.S.C. §2709; 33 U.S.C. §2702(d)(1)(A) and (B); 33 U.S.C. §2715. "OPA clearly preempts maritime law as to recovery of cleanup expenses and the cost of compensating injured persons. . . . [I]t, therefore, preempts the general maritime law as to recovery of cleanup expenses and the cost of compensating third parties." *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436, 1447 (E.D. Va. 1996), *aff'd*, 122 F.3d 1062 (4th Cir. 1997).

Weatherford fails to articulate a legal theory for its claim for contribution. To the extent that it seeks contribution under general maritime law for the B1 and C Plaintiffs' economic loss and damage claims recoverable under OPA, Weatherford "is restricted to the contribution scheme provided in [OPA]" and the Cross-Claim brought under general maritime law must be dismissed. *Id.* at 1449.

---

[4] *See* Memorandum of Law in Support of Motion of MOEX Offshore and other Defendants to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1] ("Non-Operating Defendants' MTD Mast. B1 Compl."); Memorandum of Law in Support of Motion of Defendant MOEX Offshore to Dismiss the Voluntary Master Complaint, Cross-Claim, and Third Party Complaint for Local Governmental Entities Pursuant to Fed. R. Civ. P. 12(b)(6) [Pleading Bundle C] [Rec. Doc. 2220-1] at 8. The only claims for which Weatherford seeks indemnity or contribution that are not displaced by OPA are the personal injury claims of plaintiffs in Pleading Bundles A and B3.

8

**D.     Weatherford's Claim for Contribution Under the General Maritime Law Fails to State a Claim for Which Relief can be Granted.**

Weatherford alleges that, pursuant to general maritime law, Weatherford is entitled to contribution from MOEX Offshore "for the claims made against it by third parties and for all costs and expenses related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings." Cross-Claims ¶8. The claim fails because Weatherford alleges no facts showing that MOEX Offshore bears any fault for the alleged personal injuries to Plaintiffs for which Weatherford might be held liable.

When a party is entitled to contribution, that entitlement is proportional to the responding party's negligence or fault. *Combo Mar., Inc.*, 615 F.3d at 602; *Cooper Stevedoring Co. v. Kopke*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *In re Liberty Seafood*, 38 F.3d 755, 757 (5th Cir. 1994) (holding that "contribution from the third-party tortfeasor" must be "in proportion to the third-party's fault"); *Adams v. Texaco*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) (stating that "a concurrently negligent tortfeasor should proportionately contribute . . . to the extent occasioned by its fault"); RESTATEMENT (SECOND) OF TORTS §886A(2) ("No tortfeasor can be required to make contribution beyond his own equitable share of the liability."). "[A] non-negligent tortfeasor is 0% at fault." 2-I BENEDICT ON ADMIRALTY §13. It follows that a non-negligent tortfeasor cannot be liable for contribution. *Id.*

Weatherford fails to allege that MOEX Offshore had a right to control any aspect of the *Deepwater Horizon*'s drilling operations, or any other instrumentality or operation allegedly giving rise to the Plaintiffs' injuries. In fact, the Operating Agreement, which is specifically referenced in Weatherford's allegations (*see* Cross-Claims ¶2), further

9

confirms that MOEX Offshore did not have operational control, specifically designating BP Exploration & Production Inc. as the Operator and granting to BP the exclusive right and duty to conduct all activities or operations under the Operating Agreement. Operating Agreement Arts. 4.1, 5.1. The Operating Agreement further stated that the Operator was an independent contractor in performing services under the agreement, and not subject to the control or direction of the non-operating parties. *Id.* Art. 5.1.[5]

Limited in such a fashion, MOEX Offshore's rights under the Operating Agreement did not create any duty running from MOEX Offshore to Weatherford (or to the Plaintiffs). *See Thibodeaux v. Vamos Oil & Gas Co.*, No. Civ. A. 03-1883, 2005 WL 3019773, at *1 (W.D. La. Nov. 10, 2005) (The "reservation of the right to monitor contractor safety does not give rise to operational control so as to make the principal liable for the contractor's actions") (citations omitted); *Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989) (holding under general maritime law that "'a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations or deviations'" is "'not enough'" to give rise to liability) (*quoting* RESTATEMENT (SECOND) OF TORTS §414 cmt. c (1965)); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 193 (5th Cir. 1991) (applying Louisiana law) ("The fact that a principal

---

[5] Weatherford's cross-claims expressly reference the Operating Agreement as the basis for Weatherford's claims against MOEX Offshore. *See* Cross-Claims ¶2. Therefore, MOEX Offshore may refer to the relevant provisions of the Operating Agreement in this motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). A copy of the Operating Agreement was attached as an exhibit to Anadarko Petroleum Corporation's Form 8-K, filed with the U.S. Securities and Exchange Commission on June 21, 2010, and separately as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1]. The portions of the Operating Agreement referred to herein can be found in those filings.

takes an active interest in the safety of the employees of its independent contractor does not, in and of itself, constitute direct operational control" and therefore does not lead to any liability of the principal).

Tellingly, Weatherford does not even allege that MOEX Offshore had a right to exercise or in fact exercised operational control over any activity allegedly giving rise to Plaintiffs' injuries. Therefore, Weatherford fails to state a claim for contribution. As argued in the Motions to Dismiss for Pleading Bundles B1 and B3 filed by MOEX Offshore and others,[6] a duty to prevent harm resulting from oil and gas operations arises as a consequence of operational control over the activity. *See, e.g., Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550-51 (5th Cir. 1987) (holding that Louisiana law requires operational control to impose liability upon defendant in cases arising from oil drilling activities), *cert. denied*, 485 U.S. 1034 (1988).

It is also settled law that when a principal contracts with an independent contractor to conduct oil and gas operations but retains no operational control, the principal neither assumes nor owes any duty to protect others from the contractor's negligence. *See Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99- 3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, J.) (holding that an independent contractor's injured employee was not owed a duty by the principal where the contractor created the hazard) (citations omitted). Even when a principal without operational control has actual knowledge of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.*; *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform

---

[6] MOEX Offshore expressly incorporate by reference its Motions to Dismiss for Pleading Bundles B1 [Rec. Doc. 1414] and B3 [Rec. Doc. 1416] and the local governmental entity master complaint [Rec. Doc. 2220].

11

with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").

Thus, as a matter of law, Weatherford has no claim for contribution against MOEX Offshore, and its Cross-Claims must be dismissed.

### E. Weatherford cannot recover its attorneys' fees or costs of suit as a matter of law.

In its indemnity and contribution claims, Weatherford alleges that MOEX Offshore is liable for Weatherford's "expenses and defense costs." Cross-Claims ¶¶7-8. Even if Weatherford asserts a viable contribution or indemnity claim against MOEX Offshore (which it does not), Weatherford cannot recover its costs and legal fees. In *Odd Bergs Tankrederi A/S v. S/T Gulfspray*, the Fifth Circuit held that in maritime contribution suits that are not founded on a contract, "attorney's fees and legal costs incurred by the defending tortfeasor [are] not recoverable in contribution from the other negligent parties." 650 F.2d 652, 655 (5th Cir. 1981). This is the rule because a tortfeasor "defends against claims of its own negligence . . . [and] would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence." *Id.*

Likewise, in the Fifth Circuit there is "no right to recover attorney's fees and costs incurred in establishing [the] right to indemnification." *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir. 1984). Weatherford alleges no basis for deviating from these well-established rules. Weatherford's claims for expenses and defense costs against MOEX Offshore must be dismissed.

12

**CONCLUSION**

For the foregoing reasons, Weatherford's Cross-Claims against MOEX Offshore must be dismissed in their entirety.

Dated:  June 20, 2011

>Respectfully submitted,
>
>s/ John F. Pritchard_____
>
>John F. Pritchard
>Edward Flanders
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>1540 Broadway
>New York, NY 10036-4039
>Tel. (212) 858-1000
>Fax (212) 858-1500
>john.pritchard@pillsburylaw.com
>edward.flanders@pillsburylaw.com
>
>Christopher McNevin
>PILLSBURY WINTHROP SHAW PITTMAN LLP
>725 South Figueroa Street, Suite 2800
>Los Angeles, CA 90017-5406
>Telephone (213) 488-7507
>Fax (213) 629-1033
>chrismcnevin@pillsburylaw.com
>
>**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

                                    s/ John F. Pritchard
                                    John F. Pritchard