UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J |
| This document relates to: 2:10-cv-02771 | § § § § § | Judge Carl J. Barbier Magistrate Judge Sally Shushan |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF CAMERON INTERNATIONAL CORPORATION**

M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the cross-claim of Cameron International Corporation ("Cameron"), states as follows:

1. M-I admits that this Court has subject matter jurisdiction over Cameron's cross-claims.

2. M-I admits the allegations of paragraph 47.

3. The allegations of paragraph 48 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 48 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

4. The allegations of Paragraph 49 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

49 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

5. The allegations of Paragraph 50 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 50 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

6. The allegations of Paragraph 51 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 51 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

7. The allegations of Paragraph 52 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 52 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

8. The allegations of Paragraph 53 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 53 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

9. The allegations of Paragraph 54 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 54 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

10. The allegations of Paragraph 55 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 55 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11. The allegations of Paragraph 56 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 56 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12. The allegations of Paragraph 57 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 57 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13. The allegations of Paragraph 58 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 58 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14. The allegations of Paragraph 59 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 59 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

15. The allegations of Paragraph 60 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 60

for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

16. The allegations of Paragraph 61 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 61 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

17. The allegations of Paragraph 62 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 62 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

18. The allegations of Paragraph 63 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 63 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19. The allegations of Paragraph 64 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 64 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20. The allegations of Paragraph 65 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 65 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21. The allegations of Paragraph 66 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 66 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22. The allegations of Paragraph 67 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 67 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23. The allegations of Paragraph 68 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 68 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24. The allegations of Paragraph 69 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 69 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

25. Paragraph 70 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 70.

26. Paragraph 71, which is unnumbered and entitled "Demand for Judgment[,]" contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of the unnumbered Paragraph 71 entitled "Demand for Judgment" insofar as they are directed at M-I.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The conduct and actions giving rise to Cameron's alleged injuries took place with the privity or knowledge of Cameron.

### SECOND DEFENSE

The events giving rise to the injuries and damage alleged by Cameron were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### THIRD DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

## FIFTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## SIXTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

## SEVENTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against Cameron and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against Cameron on its cross-claims against M-I, and for such further relief as may be just and proper.

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>   Hugh E. Tanner<br>   htanner@morganlewis.com<br>   Texas Bar No. 19637400<br>   1000 Louisiana, Suite 4000<br>   Houston, Texas  77002<br>   Telephone:  (713) 890-5000<br>   Facsimile:  (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

June 20, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Affirmative Defenses to Cross-Claim of Cameron International Corporation has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 20th day of June, 2011.

                                                                   /s/ *Hugh E. Tanner*
                                                                   Hugh E. Tanner