IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: *2:10-cv-04536-CJB-SS* (United States v. BP Exploration & Production Inc., *et al*.) | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

**DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS TRANSOCEAN'S THIRD-PARTY COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing Transocean's[1] Third-Party Complaint (the "Third-Party Complaint") against it in this case for failure to state a claim against Dril-Quip upon which relief can be granted. The Court should dismiss Transocean's Third-Party Complaint against Dril-Quip under Rule 12(b)(6) because Transocean has not pled sufficient facts to raise a reasonable expectation that Transocean has a right to relief. Thus, Transocean's pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if Transocean's pleading insufficiencies are overlooked, Transocean fails as a matter of law to state a claim for products liability or negligence under the general maritime law against Dril-Quip because its own allegations conclusively establish that Dril-Quip owed no legal duty to Transocean. It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Yet the Third-Party

---

[1] Dril-Quip adopts the Transocean entities' convention for referring to them collectively. *See* Third-Party Complaint at 1.


Complaint contains no allegation that Dril-Quip had any operational control over the rig or the well out of which liability for the claims alleged by the United States or BP Exploration & Production in this action could arise. To the contrary, Transocean alleges that BP operated the oil well and that BP and Transocean itself operated and controlled the *Deepwater Horizon*.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing Transocean's Third-Party Complaint in this action.

Date:   June 20, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY:   /s/ C. Dennis Barrow, Jr.
    Don Jackson
    Texas Bar No. 10476000
    Fed ID No. 6915
    C. Dennis Barrow, Jr.
    Texas Bar No. 00796169
    Fed ID No. 20624
    2929 Allen Parkway, 42nd Floor
    Houston, TX 77019
    Phone: (713) 659-6400
    Fax:(713) 659-6262
    Counsel for Defendant, Dril-Quip, Inc.

## **CERTIFICATE OF SERVICE**

  I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

                /s/ C. Dennis Barrow, Jr.
                C. Dennis Barrow, Jr.