UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the<br>Gulf of Mexico, on April 20, 2010 | ∗<br>∗<br>∗<br>∗ | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | ∗<br>∗ | JUDGE:  BARBIER |
| In Re The Complaint and Petition of<br>Triton Asset Leasing GmbH, Transocean<br>Holdings LLC, Transocean Offshore<br>Deepwater Drilling Inc., and Transocean<br>Deepwater Inc., as Owner, Managing<br>Owners, Owners *Pro-Hac Vice*, and/or<br>Operators of the MODU Deepwater<br>Horizon, in a Cause for Exoneration from or<br>Limitation of Liability | ∗<br>∗ | MAGISTRATE:  SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 10-md-2179

## ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST DRIL-QUIP, INC.

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

{N2310468.1}

and Counterclaim/Cross-Claim to the Rule 13 Cross-Claims filed on behalf of Dril-Quip, Inc. ("Dril-Quip"), Rec. Doc. 2467, and upon information and belief, avers as follows:

**ANSWER AND DEFENSES**

**FIRST DEFENSE**

Dril-Quip's Cross-Claims fail to state claims or causes of action upon which relief can be granted against Weatherford.

**SECOND DEFENSE**

**AND NOW**, answering each allegation of Dril-Quip's Cross-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

I.

The allegations of Paragraph 1 of Dril-Quip's Cross-Claims state legal conclusions that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 1 with respect to Weatherford, if any, are denied, and the remaining allegations are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

{N2310468.1}

IV.

The allegations of Paragraph 4 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the

extent that a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 12 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

With respect to the allegations in Paragraph 13 of Dril-Quip's Cross-Claims, Weatherford U.S. LP admits that it is a Louisiana partnership with its principal place of business in Houston, Texas, that it is registered to do business in Louisiana, that it does business in Louisiana, that it has a registered agent in Louisiana, and that various parties have served summonses and complaints upon Weatherford U.S. LP.   The remaining allegations of Paragraph 13 of Dril-Quip's Cross-Claims are denied.

XIV.

With respect to the allegations in Paragraph 14 of Dril-Quip's Cross-Claims, Weatherford International, Inc. admits that it is a Delaware Corporation with its principal place of business in Houston, Texas and that various parties have served summonses and complaints upon Weatherford International, Inc.   The remaining allegations of Paragraph 14 of Dril-Quip's Cross-Claims are denied.

XV.

The allegations of Paragraph 15 of Dril-Quip's Cross-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

XVI.

The allegations of Paragraph 16 of Dril-Quip's Cross-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

{N2310468.1}

XVII.

The allegations of Paragraph 17 of Dril-Quip's Cross-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that venue is proper.

XVIII.

The allegations of Paragraph 18 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph 19 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of Paragraph 20 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph 21 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of Paragraph 23 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph 24 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is

deemed necessary, the allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

## XXVII.

The allegations of Paragraph 27 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

## XXVIII.

The allegations of Paragraph 28 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

## XXIX.

The allegations of Paragraph 29 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

## XXX.

The allegations of Paragraph 30 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

## XXXI.

The allegations of Paragraph 31 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

## XXXII.

The allegations of Paragraph 32 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

## XXXIII.

The allegations of Paragraph 33 of Dril-Quip's Cross-Claims state factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

## XXXIV.

The allegations of Paragraph 34 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

## XXXV.

The allegations of Paragraph 35 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the

extent that a response is deemed necessary, the allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

## XXXVI.

The allegations of Paragraph 36 of Dril-Quip's Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

## XXXVII.

Except to admit that Weatherford provided services, equipment and products for the Macondo Well site, the allegations of Paragraph 37 of Dril-Quip's Cross-Claims are denied.

## XXXVIII.

The allegations of Paragraph 38 of Dril-Quip's Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 38 of Dril-Quip's Cross-Claims are denied.

## XXXIX.

In response to the allegations of Paragraph 39 of Dril-Quip's Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXVIII above, as if set forth herein *in extenso*.

## XL.

The allegations of Paragraph 40 of Dril-Quip's Cross-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 40 are denied.

XLI.

The allegations of Paragraph 41 of Dril-Quip's Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 41 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations of Paragraph 42 of Dril-Quip's Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 42 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLIII.

Weatherford specifically denies that Dril-Quip is entitled to any of the relief sought in its prayer for relief contained in Dril-Quip's Cross-Claims.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Dril-Quip, and third parties, and the unseaworthiness of the *Deepwater*

{N2310468.1}

11

*Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## FIFTH DEFENSE

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of Dril-Quip's Cross-Claims.

## COUNTER-CLAIM/CROSS-CLAIM

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Cross-Claim against Dril-Quip, Inc. (Rec. Doc. 2481).

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from Dril-Quip.

This 20th day of June, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:      (504) 582-8174
Facsimile:      (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com


MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:      (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and
Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*

{N2310468.1}