UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| | * | |
| In Re The Complaint and Petition of | * | MAGISTRATE:  SHUSHAN |
| Triton Asset Leasing GmbH, Transocean | * | |
| Holdings LLC, Transocean Offshore | * | |
| Deepwater Drilling Inc., and Transocean | * | |
| Deepwater Inc., as Owner, Managing | * | |
| Owners, Owners *Pro-Hac Vice*, and/or | * | |
| Operators of the MODU Deepwater | * | |
| Horizon, in a Cause for Exoneration from or | * | |
| Limitation of Liability | * | |
| | * | |
| Civil Action Nos.: | * | |
| 2:10-cv-2771 and 10-md-2179 | * | |

## ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST M-I L.L.C.

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

and Counterclaim/Cross-Claim to the First Amended Cross-Claims filed on behalf of M-I L.L.C. ("M-I"), Rec. Doc. 2531, and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

M-I's First Amended Cross-Claims fail to state claims or causes of action upon which relief can be granted against Weatherford.

### SECOND DEFENSE

**AND NOW**, answering each allegation of M-I's First Amended Cross-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

### I.

The allegations of Paragraph 1 of M-I's First Amended Cross-Claims state legal conclusions that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 1 with respect to Weatherford are denied and the remaining allegations are denied for lack of sufficient information to justify a belief therein.

### II.

The allegations of Paragraph 2 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

### III.

The allegations of Paragraph 3 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 4 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

Except to admit that Weatherford U.S. L.P. is a limited partnership organized under Louisiana law with its principal place of business in Houston, Texas, and that it is registered to do business in Louisiana and does business in Louisiana, the allegations of Paragraph 12 of M-I's First Amended Cross-Claims are denied.

XIII.

With respect to the allegations in Paragraph 13 of M-I's First Amended Cross-Claims, Weatherford International, Inc. admits that it is a Delaware Corporation with its principal place of business in Houston, Texas.   The remaining allegations of Paragraph 13 of M-I's First Amended Cross-Claims are denied.

XIV.

The allegations of Paragraph 14 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 15 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations of Paragraph 16 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 17 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 18 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations of Paragraph 19 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations of Paragraph 20 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations of Paragraph 21 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of Paragraph 23 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph 24 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of Paragraph 27 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of Paragraph 28 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations of Paragraph 29 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations of Paragraph 31 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations of Paragraph 32 of M-I's First Amended Cross-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that M-I refers to certain parties as "Responder Parties."

XXXIII.

Except to admit that Weatherford has waived service to the B1 Bundle Master Complaint and has been served with certain other summonses and complaints related to the *Deepwater Horizon* explosion, the allegations of Paragraph 33 of M-I's First Amended Cross-Claims are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations of Paragraph 34 of M-I's First Amended Cross-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

XXXV.

The allegations of Paragraph 35 of M-I's First Amended Cross-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

XXXVI.

The allegations of Paragraph 36 of M-I's First Amended Cross-Claims state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, Weatherford admits that venue is proper.

XXXVII.

Except to admit that Weatherford provided services, equipment and products for the Macondo Well site, the allegations of Paragraph 37 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations of Paragraph 38 of M-I's First Amended Cross-Claims do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 38 are denied as they pertain to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations of Paragraph 39 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 39 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XL.

In response to the allegations of Paragraph 40 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXIX above, as if set forth herein *in extenso*.

XLI.

The allegations of Paragraph 41 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations of Paragraph 42 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of Paragraph 43 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations of Paragraph 44 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations of Paragraph 45 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations of Paragraph 46 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

### XLVII.

The allegations of Paragraph 47 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

### XLVIII.

The allegations of Paragraph 48 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

### XLIX.

In response to the allegations of Paragraph 49 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLVIII above, as if set forth herein *in extenso*.

### L.

The allegations of Paragraph 50 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

### LI.

The allegations of Paragraph 51 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

LII.

In response to the allegations of Paragraph 52 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LI above, as if set forth herein *in extenso*.

LIII.

The allegations of Paragraph 53 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations of Paragraph 54 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations of Paragraph 55 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations of Paragraph 56 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

LVII.

The allegations of Paragraph 57 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

LVIII.

In response to the allegations of Paragraph 58 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LVII above, as if set forth herein *in extenso*.

LIX.

The allegations of Paragraph 59 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

LX.

The allegations of Paragraph 60 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

LXI.

The allegations of Paragraph 61 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

LXII.

The allegations of Paragraph 62 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

LXIII.

The allegations of Paragraph 63 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

LXIV.

The allegations of Paragraph 64 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations of Paragraph 65 of M-I's First Amended Cross-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations of Paragraph 66 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

## LXVII.

The allegations of Paragraph 67 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

## LXVIII.

The allegations of Paragraph 68 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

## LXIX.

The allegations of Paragraph 69 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

## LXX.

In response to the allegations of Paragraph 70 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXIX above, as if set forth herein *in extenso*.

## LXXI.

The allegations of Paragraph 71 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

LXXII.

The allegations of Paragraph 72 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

LXXIII.

The allegations of Paragraph 73 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations of Paragraph 74 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 74 are denied for lack of sufficient information to justify a belief therein.

LXXV.

In response to the allegations of Paragraph 75 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXXIV above, as if set forth herein *in extenso*.

LXXVI.

The allegations of Paragraph 76 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

## LXXVII.

The allegations of Paragraph 77 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

## LXXVIII.

The allegations of Paragraph 78 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

## LXXIX.

The allegations of Paragraph 79 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

## LXXX.

The allegations of Paragraph 80 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

## LXXXI.

In response to the allegations of Paragraph 81 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXXX above, as if set forth herein *in extenso*.

LXXXII.

Except to admit that Weatherford provided services, equipment and products for the Macondo Well site, the allegations of Paragraph 82 of M-I's First Amended Cross-Claims are denied.

LXXXIII.

The allegations of Paragraph 83 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 83 are denied.

LXXXIV.

The allegations of Paragraph 84 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 84 are denied.

LXXXV.

The allegations of Paragraph 85 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 85 are denied.

LXXXVI.

In response to the allegations of Paragraph 86 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXXXV above, as if set forth herein *in extenso*.

LXXXVII.

The allegations of Paragraph 87 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXVIII.

The allegations of Paragraph 88 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

LXXXIX.

The allegations of Paragraph 89 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

XC.

The allegations of Paragraph 90 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

XCI.

In response to the allegations of Paragraph 91 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XC above, as if set forth herein *in extenso*.

XCII.

The allegations of Paragraph 92 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

XCIII.

The allegations of Paragraph 93 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

XCIV.

The allegations of Paragraph 94 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

XCV.

The allegations of Paragraph 95 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

XCVI.

The allegations of Paragraph 96 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

### XCVII.

The allegations of Paragraph 97 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

### XCVIII.

The allegations of Paragraph 98 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 98 are denied for lack of sufficient information to justify a belief therein.

### XCIX.

In response to the allegations of Paragraph 99 of M-I's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XCVIII above, as if set forth herein *in extenso*.

### C.

The allegations of Paragraph 100 of M-I's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

### CI.

The allegations of Paragraph 101 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

CII.

The allegations of Paragraph 102 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

CIII.

The allegations of Paragraph 103 of M-I's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

CIV.

Weatherford specifically denies that M-I is entitled to any of the relief sought in its prayer for relief contained in M-I's First Amended Cross-Claims.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of M-I, and third parties, and the unseaworthiness of the *Deepwater*

*Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## FIFTH DEFENSE

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the First Amended Cross-Claims.

## COUNTER-CLAIM/CROSS-CLAIM

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Cross-Claim against M-I L.L.C. (Rec. Doc. 2481).

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from M-I.

This 20th day of June, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:      (504) 582-8174
Facsimile:       (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com


MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:      (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and
Weatherford International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of June, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*
_____