UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>2:10-cv-02771 | § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF HALLIBURTON ENERGY SERVICES, INC.**

Subject to and without waiving any rights or defenses in its pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the cross-claim of Halliburton Energy Services, Inc. ("Halliburton"), states as follows:

1. Paragraph 1 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 1.

2. Paragraph 2 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of the last sentence of Paragraph 2 for lack of knowledge or information sufficient to form a belief about the truth of said allegations. Upon information and belief, M-I admits the remaining allegations of Paragraph 2.

3. M-I admits the allegations of Paragraph 3.

4. M-I admits the allegations of Paragraph 4.

5. Upon information and belief, M-I admits the allegations of Paragraph 5.

6. The allegations of Paragraph 6 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 6 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

7. The allegations of Paragraph 7 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 7 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

8. The allegations of Paragraph 8 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 8 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

9. M-I denies that it is "a/k/a M-I Swaco" and that its principal place of business is in Wilmington, Delaware. M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the well based upon information provided by the operator and subject to operator approval. M-I admits that this Court has jurisdiction over the claims asserted against M-I in this lawsuit. M-I admits that it has been served with complaints, summonses, and a third-party complaint in this lawsuit. M-I denies the remaining allegations of Paragraph 9.

10. The allegations of Paragraph 10 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

10 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11. The allegations of Paragraph 11 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 11 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12. The allegations of Paragraph 12 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13. The allegations of Paragraph 13 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14. The allegations of Paragraph 14 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 14 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

15. The allegations of Paragraph 15 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 15 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

16. The allegations of Paragraph 16 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 16 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

17. The allegations of Paragraph 17 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 17 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

18. The allegations of Paragraph 18 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19. The allegations of Paragraph 19 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20. The allegations of Paragraph 20 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 20 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21. The allegations of Paragraph 21 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph

21 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22. The allegations of Paragraph 22 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 22 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23. The allegations of Paragraph 23 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 23 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24. The allegations of Paragraph 24 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 24 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

25. The allegations of Paragraph 25 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 25 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

26. The allegations of Paragraph 26 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 26 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

27. The allegations of Paragraph 27 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 27 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

28. The allegations of Paragraph 28 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

29. The allegations of Paragraph 29 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 29 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

30. The allegations of Paragraph 30 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 30 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

31. The allegations of Paragraph 31 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 31 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

32. The allegations of Paragraph 32 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of

Paragraph 32 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

33. M-I repeats and realleges its answers to Paragraphs 1-32.

34. Paragraph 34 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 34.

35. Paragraph 35 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 35.

36. The allegations of Paragraph 36 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 36 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

37. M-I repeats and realleges its answers to Paragraphs 1-36.

38. Paragraph 38 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 38.

39. Paragraph 39 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 39.

40. The allegations of Paragraph 40 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 40 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

41. M-I repeats and realleges its answers to Paragraphs 1-40.

42. Paragraph 42 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 42.

43. The allegations of Paragraph 43 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 43 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

44. The allegations of Paragraph 44 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 44 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

45. The allegations of Paragraph 45 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 45 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

46. The allegations of Paragraph 46 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 46 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

47. The allegations of Paragraph 47 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 47 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

48. The allegations of Paragraph 48 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 48

for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

49. The allegations of Paragraph 49 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 49 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

50. The allegations of Paragraph 50 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 50 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

51. The allegations of Paragraph 51 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 51 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

52. The allegations of Paragraph 52 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 52 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

53. M-I denies the allegations of Paragraph 53, including all subparts.

54. The allegations of Paragraph 54 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 54 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

55. The allegations of Paragraph 55 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 55 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

56. M-I repeats and realleges its answers to Paragraphs 1-55.

57. The allegations of Paragraph 57 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 57 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

58. The allegations of Paragraph 58 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 58 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

59. The allegations of Paragraph 59 are not directed at M-I, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 59 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

60. The allegations of Paragraph 60 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 60 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the cross-claim for contractual indemnity fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The conduct and actions giving rise to Halliburton's alleged injuries took place with the privity or knowledge of Halliburton.

### THIRD DEFENSE

The events giving rise to the injuries and damage alleged by Halliburton were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### FOURTH DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FIFTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in

law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

### SIXTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### SEVENTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

### EIGHTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against Halliburton and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against Halliburton on its cross-claims against M-I, and for such further relief as may be just and proper.

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**


June 20, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001


**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Affirmative Defenses to Cross-Claim of Halliburton Energy Services, Inc. has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 20th day of June, 2011.

                                                            /s/ *Hugh E. Tanner*
                                                            Hugh E. Tanner