**UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010, | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| All cases and | § | |
| 2:10-cv-02771 | § | |
| | § | |

**HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
TO M-I, L.L.C.'S FIRST AMENDED CROSS-CLAIMS**

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to M-I, LLC's, ("Cross-Plaintiff M-I" or "M-I") First Amended Cross-Claims, and respectfully shows this Court as follows:[1]

**ANSWER**

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Cross-Plaintiff's First Amended Cross-Claims.[2] However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in M-I's Cross-Claims.

For answer to each and every allegation of Cross-Plaintiff M-I, HESI responds as follows:

---

[1] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same.

[2] On May 20, 2011, Cross Plaintiff M-I filed its Cross-Claims (Doc. No. 2500).  Thereafter, on May 24, 2011, Cross-Plaintiff filed its First Amended Cross-Claims (Doc. No. 2531).  To the extent necessary, HESI's answer to M-I's First Amended Cross-Claim should also be read as an answer to M-I's Original Cross-Claims.

1.      With regard to the allegations in Paragraph 1, HESI denies that that the *Deepwater Horizon* explosion and resulting oil spill were caused by its negligence, and denies that M-I has any statutory and/or common law rights to indemnification and/or contribution from HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, except HESI admits that: M-I has been served with a summons and Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 Section III (B)(1) (B1 Bundle) and/or a First Amended Master Complaint, has been named as a Third-Party Defendant in Petitioners' Rule 14(c) Third-Party Complaint, has been served with other summonses and complaints related to the *Deepwater Horizon* explosion and the resulting oil spill, and that the Deepwater Horizon explosion and the resulting oil spill were caused by the negligence of parties other than HESI.

2.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

3.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3.  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

4.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

5.      HESI admits the allegations contained in Paragraph 5.

6.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6.  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

7.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7, except to admit that MI sometimes refers to Anadarko Exploration & Production Company, L.P. and Anadarko Petroleum Corporations as the "Anadarko Parties."  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8.  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9.  The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

10.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

11.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

12.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

13.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

17.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

18.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

23.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 .   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29.   The Allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

30.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31.   The allegations concerning personal jurisdiction draw legal conclusions to which no response is required.

32.     Paragraph 32 is an identifying paragraph and thus no response is required.

33.     The allegations contained in Paragraph 33 are admitted.  HESI denies any liability arising out of the incident made the basis of this lawsuit or that may be alleged in the referenced pleadings.

34.     Allegations pertaining to this Court's subject matter jurisdiction draw legal conclusions, to which no response is required.

35.     Allegations pertaining to this Court's subject matter jurisdiction draw legal conclusions, to which no response is required.

36.     The allegations contained in Paragraph 36 are admitted.

37.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 except HESI admits that on April 20, 2010, when the *Deepwater Horizon* explosion occurred, HESI had personnel and/or equipment on the rig.  HESI denies that it was directly involved with the *Deepwater Horizon's* drilling operations at the Macondo well.

38.     HESI admits that Plaintiffs/Claimants make various claims, but the allegations contained in the Amended B1 Master Complaint and other complaints speak for themselves. HESI denies any liability arising out of the incident made the basis of this lawsuit.

39.     The allegations contained in Paragraph 39 are denied, except HESI admits that the *Deepwater Horizon* explosion, the resulting oil spill, and the injuries alleged by Claimants/Plaintiffs were caused, in whole or in part, by the negligence of parties other than HESI, including other Cross-Defendants.  The allegations contained in the Rule 14(c) Third Party Complaint, the First Amended B1 Master Complaint, and other complaints speak for themselves.  HESI denies any liability arising out of the incident made the basis of this lawsuit that may be alleged in the referenced pleadings.

40.     Paragraph 40 is an incorporating paragraph and thus no response is required.

41.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41.

42.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42.

43.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43, except HESI would note that the terms of the

purported Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services speak for themselves.

44.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44, except HESI would note that the terms of the purported Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services speak for themselves.

45.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45. To the extent the allegations contained in Paragraph 45 draw any legal conclusion, no response is required.

46.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46.  The allegations contained in the Rule 14(c) Third Party Complaint, the First Amended B1 Master Complaint, and other complaints speak for themselves.  To the extent the allegations contained in Paragraph 46 draw legal conclusions, no response is required.

47.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47.  The allegations contained in the Rule 14(c) Third Party Complaint, the First Amended B1 Master Complaint, and other complaints speak for themselves.  To the extent the allegations contained in Paragraph 47 draw any legal conclusion, no response is required.

48.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48.  The terms of the "BP Contract" speak for themselves.  To the extent the allegations contained in Paragraph 48 draw any legal conclusion, no response is required.

49.     Paragraph 49 is an incorporating paragraph and thus no response is required.

50.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50.  The terms of 28 U.S.C. § 2201 speak for themselves.  To the extent the allegations contained in Paragraph 50 draw any legal conclusion, no response is required.

51.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51.  To the extent the allegations contained in Paragraph 51 draw any legal conclusion, no response is required.

52.     Paragraph 52 is an incorporating paragraph and thus no response is required.

53.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53, except HESI admits that: BP Exploration & Production, Inc. ("BP") was issued a lease by the former Minerals Management Service ("MMS"), now re-organized as the Bureau of Ocean Energy Management Regulation & Enforcement, ("BOEMRE") allowing it to perform oil exploration, drilling, and production-related operations in the oil and gas well located on Mississippi Canyon Block 252; BP controlled HESI's activities and operations on the *Deepwater Horizon*, and BP was the operator of the *Deepwater Horizon*, maintaining primary control over all rig activities on the *Deepwater Horizon*.

54.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 and its subparagraphs, except HESI admits that BP failed to properly interpret pressure tests relating to well control and integrity.  To the extent the allegations contained in Paragraph 54 and its subparagraphs draw legal conclusions, no response is required.

55.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55.  To the extent the allegations contained in Paragraph 55 draw legal conclusions, no response is required.

56.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56.  To the extent Paragraph 56 draws any legal conclusions, no response is required.

57.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57.  To the extent Paragraph 57 draws any legal conclusions, no response is required.

58.     Paragraph 58 is an incorporating paragraph and thus no response is required.

59.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59, except HESI admits that at some point in time, Anadarko Petroleum Corporation obtained a 2.5% interest in the prospect and Anadarko Exploration & Production LP obtained a 22.5% interest in the prospect.  HESI is without sufficient knowledge or information as to whether BP complied with the terms of the lease with MMS.

60.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60, except HESI admits that at some point in time, MOEX Offshore 2007 LLC became a 10% owner in the Macondo prospect.

61.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61.  The terms of any joint operating agreement speak for themselves.

62.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62, except to admit that HESI provided employees of Anadarko Petroleum Corporation and MOEX Offshore 2007 LLC with access to WellSpace and Insite Anywhere, which provided certain documents and information relating to operations on the *Deepwater Horizon* on a real-time basis and otherwise.  The terms of any joint operating agreement speak for themselves.

63.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63.  The terms of any joint operating agreement speak for themselves.

64.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64.  The terms of any joint operating agreement speak for themselves.

65.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65.  To the extent the allegations contained in Paragraph 65 draw any legal conclusions, no response is required.

66.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66.  To the extent the allegations contained in Paragraph 66 draw any legal conclusions, no response is required.

67.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67.  To the extent the allegations contained in Paragraph 67 draw legal conclusions, no response is required.

68.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 68.  To the extent Paragraph 68 draws any legal conclusions, no response is required.

69.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69.  To the extent Paragraph 69 draws any legal conclusions, no response is required.

70.     Paragraph 70 is an incorporating paragraph and thus no response is required.

71.     HESI denies the allegations set forth in Paragraph 71, except HESI admits that it was engaged by BP to perform certain limited cementing operations and to provide certain other drilling support services (*e.g*., mudlogging, directional drilling, measurement while drilling) in the Gulf of Mexico, including the *Deepwater Horizon*.  All other allegations in Paragraph 71 are denied.

72.     The allegations contained in Paragraph 72 and its subparagraphs are denied.

73.     The allegations contained in Paragraph 73 are denied.  To the extent the allegations contained in Paragraph 73 draw any legal conclusions, no response is required.

74.     The allegations contained in Paragraph 74 are denied.  To the extent the allegations contained in Paragraph 74 draw any legal conclusions, no response is required.

75.     Paragraph 75 is an incorporating paragraph and thus no response is required.

76.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76.

77.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.  To the extent the allegations contained in Paragraph 77 draw any legal conclusions, no response is required.

78.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.  To the extent the allegations contained in Paragraph 78 draw any legal conclusions, no response is required.

79.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79.  To the extent the allegations contained in Paragraph 79 draw any legal conclusions, no response is required.

80.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.  To the extent the allegations contained in Paragraph 80 draw any legal conclusions, no response is required.

81.     Paragraph 81 is an incorporating paragraph and thus no response is required.

82.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82.

83.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83.  To the extent the allegations contained in Paragraph 83 draw any legal conclusions, no response is required.

84.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84.  To the extent the allegations contained in Paragraph 84 draw any legal conclusions, no response is required.

85.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85.  To the extent the allegations contained in Paragraph 85 draw any legal conclusions, no response is required.

86.     Paragraph 86 is an incorporating paragraph and thus no response is required.

87.     The allegations contained in Paragraph 87 are admitted.

88.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88.  To the extent the allegations contained in Paragraph 88 draw any legal conclusions, no response is required.

89.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 89.  To the extent the allegations contained in Paragraph 89 draw any legal conclusions, no response is required.

90.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90.  To the extent the allegations contained in Paragraph 90 draw any legal conclusions, no response is required.

91.     Paragraph 91 is an incorporating paragraph and thus no response is required.

92.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92, except HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities.[3]

93.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93, except HESI admits that when the Deepwater Horizon explosion occurred on April 20, 2010, the Transocean Parties were the owners and/or operators of the rig,[4] had personnel and equipment on the rig, were involved in drilling operations, and participated in decision-making regarding drilling operations.

94.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94.  To the extent the allegations contained in Paragraph 94 draw any legal conclusions, no response is required.

---

[3] Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., hereinafter the "Transocean Entities," have each claimed to be the owner, managing owner, owners pro hac vice, and/or operators of the MODU *Deepwater Horizon*.  *See* Transocean's Cross-Claims/Counter-Claims, Dkt. No. 2068.

[4] *See* fn.2, *supra*.

14

95.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95.  To the extent the allegations contained in Paragraph 95 draw any legal conclusions, no response is required.

96.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96.  The allegations contained in the Amended B1 Master Complaint, the Rule 14(c) Third Party Complaint, the Bundle A and C complaints speak for themselves.

97.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97.  To the extent the allegations contained in Paragraph 97 draw any legal conclusions, no response is required.

98.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98.  To the extent the allegations contained in Paragraph 98 draw any legal conclusions, no response is required.

99.     Paragraph 99 is an incorporating paragraph and thus no response is required.

100.    The allegations contained in Paragraph 100 are admitted.

101.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101.  To the extent the allegations contained in Paragraph 101 draw any legal conclusions, no response is required.

102.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102.  To the extent the allegations contained in Paragraph 102 draw any legal conclusions, no response is required.

103.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103.  To the extent the allegations contained in Paragraph 103 draw any legal conclusions, no response is required.

104.    HESI denies that M-I is entitled to indemnity and/or contribution from HESI. HESI further denies that M-I is entitled to any further relief under applicable law.

## AFFIRMATIVE DEFENSES TO M-I'S FIRST AMENDED CROSS-CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss M-I's First Amended Cross-Claims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Cross-Plaintiff was proximately caused by and/or contributed to by Cross-Plaintiff's own gross, sole, contributory or comparative negligence and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

### SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Cross-Plaintiff receives from any source as compensation for alleged losses.

### THIRD AFFIRMATIVE DEFENSE

The damages referred to in Cross-Plaintiff's Cross-Claims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Cross-Plaintiff's Cross-Claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

### FIFTH AFFIRMATIVE DEFENSE

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Cross-Plaintiff's alleged damages, and, therefore, Cross-Plaintiff may not recover from HESI as a matter of law and all such Cross-Claims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

### SIXTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Cross-Plaintiff and did not breach any such duty.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Cross-Plaintiff.  HESI is not liable under OPA or maritime law.

## EIGHTH AFFIRMATIVE DEFENSE

HESI and Cross-Plaintiff were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Cross-Plaintiff any contractual obligations or breach any such obligations.

## NINTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## TENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

## ELEVENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Cross-Plaintiff's claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Cross-Plaintiff's alleged right to recover for certain economic loss claims;

OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

## THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Cross-Plaintiff may not recover on its claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Cross-Plaintiff was not foreseeable as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has not reasonably mitigated its damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

### NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

### TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to state a claim upon which relief may be granted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to M-I's First Amended Cross-Claims be deemed good and sufficient; that after due proceedings, there be judgment denying M-I's First Amended Cross-Claims, with all costs to be borne by Cross-Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

### HALLIBURTON ENERGY SERVICES, INC.'S DEMAND FOR TRIAL BY JURY

Subject to and without waiving its previously filed Motions to Dismiss, Cross-Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated June 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Cross-Plaintiff M-I, LLC's First Amended Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of June, 2011.

/s/ Donald E. Godwin
Donald E. Godwin