UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| | * | |
| In Re The Complaint and Petition of | * | MAGISTRATE:  SHUSHAN |
| Triton Asset Leasing GmbH, Transocean | * | |
| Holdings LLC, Transocean Offshore | * | |
| Deepwater Drilling Inc., and Transocean | * | |
| Deepwater Inc., as Owner, Managing | * | |
| Owners, Owners *Pro-Hac Vice*, and/or | * | |
| Operators of the MODU Deepwater | * | |
| Horizon, in a Cause for Exoneration from or | * | |
| Limitation of Liability | * | |
| | * | |
| Civil Action Nos.: | * | |
| 2:10-cv-2771 and 10-cv-2179 | * | |

## ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST CAMERON INTERNATIONAL CORPORATION

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order

Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and

Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses

and Counterclaim/Cross-Claim to the Cross-Claims filed on behalf of Cameron International

Corporation ("Cameron") on May 20, 2011, Rec. Doc. 2474, and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

Cameron's Cross-Claims/Counterclaims fail to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

**AND NOW**, answering each and every allegation of Cameron's Cross-Claims/Counterclaims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

1.

The allegations of Paragraph 176 of Cameron's Cross-Claims/Counterclaims state legal conclusions which do not appear to require a response from Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

2.

The allegations of Paragraph 177 of Cameron's Cross-Claims/Counterclaims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that Counter-Defendants, Cross-Defendants and Cameron were named as parties in Transocean's Cross-Claims.

3.

In response to the allegations of Paragraph 178 of Cameron's Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense which Weatherford has set forth in its Answer, Defenses and Counter-Claim/Cross-Claim against Cameron International Corporation, Rec. Doc. 2499.

4.

The allegations of Paragraph 179 of Cameron's Cross-Claims/Counterclaims state only legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 179 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 180 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 180 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 181 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 181 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 182 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 182 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 183 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a

response is deemed necessary, the allegations of Paragraph 183 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 184 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 184 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 185 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 185 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 186 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 186 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 187 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 187 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 188 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 188 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 189 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 189 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 190 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 190 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 191 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 191 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 192 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a

response is deemed necessary, the allegations of Paragraph 192 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 193 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 193 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 194 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 194 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 195 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 195 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 196 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 196 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 197 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 197 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations of Paragraph 198 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 198 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 199 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 199 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 200 of Cameron's Cross-Claims/Counterclaims state only legal conclusions that do not require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 200 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

26.

Weatherford specifically denies that Cameron is entitled to any of the relief sought in its prayer for relief contained in Cameron's Cross-Claims/Counterclaims.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Cameron, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FIFTH DEFENSE**

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Original Cross-Claims.

**COUNTERCLAIM/CROSS-CLAIM**

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Answer, Defenses and Counter-Claim/Cross-Claim to the Cross-Claims of Cameron International Corporation (Rec. Doc. 2499).

{N2311349.1}

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from Cameron.

This 20th day of June, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:      (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and
Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*