UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE:  BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * * * * * * * * * * * | MAGISTRATE:  SHUSHAN |
| Civil Action Nos.: 2:10-cv-2771 and 10-md-2179 | * * | |

### ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST HALLIBURTON ENERGY SERVICES INC.

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and Weatherford International, Inc. ("Weatherford"), who, pursuant to this Court's Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings dated March 24, 2011 (Rec. Doc. 1730), files its Answer, Defenses and Counterclaim/Cross-Claim to the First Amended Cross-Claims filed on behalf of Halliburton

{N2310630.1}

Energy Services, Inc. ("Halliburton"), Rec. Doc. 445 in 2:10-cv-2771, and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

Halliburton's First Amended Cross-Claims fail to state claims or causes of action upon which relief can be granted against Weatherford.

### SECOND DEFENSE

**AND NOW**, answering each allegation of Halliburton's First Amended Cross-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

I.

The allegations of Paragraph 1 of Halliburton's First Amended Cross-Claims are admitted.

II.

The allegations of Paragraph 2 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 2 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of Halliburton's First Amended Cross-Claims state legal conclusions that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, Weatherford admits that this Court has jurisdiction.

IV.

The allegations of Paragraph 4 of Halliburton's First Amended Cross-Claims state legal conclusions that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, Weatherford admits that venue is proper.

V.

The allegations of Paragraph 5 of Halliburton's First Amended Cross-Claims are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 12 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph 13 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 14 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 15 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

Except to admit that Weatherford U.S. L.P. is a limited partnership organized under Louisiana law with its principal place of business in Houston, Texas, that it is registered to do business in Louisiana and does business in Louisiana, that it provided services, equipment and products for the Macondo Well site, and that it was served with various complaints and summonses, the allegations of Paragraph 16 of Halliburton's First Amended Cross-Claims state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 16 are denied.

XVII.

With respect to the allegations in Paragraph 17 of Halliburton's First Amended Cross-Claims, Weatherford International, Inc. admits that it is a Delaware Corporation with its

principal place of business in Houston, Texas. The remaining allegations of Paragraph 17 of Halliburton's First Amended Cross-Claims are denied.

## XVIII.

The allegations of Paragraph 18 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations of Paragraph 19 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations of Paragraph 20 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations of Paragraph 21 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations of Paragraph 23 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations of Paragraph 24 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations of Paragraph 25 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations of Paragraph 26 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations of Paragraph 27 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of Paragraph 28 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

XXIX.

The allegations of Paragraph 29 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations of Paragraph 31 of Halliburton's First Amended Cross-Claims do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, Weatherford admits that Halliburton refers to certain parties as "Cross-Defendants."

XXXII.

The allegations of Paragraph 32 of Halliburton's First Amended Cross-Claims do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 32 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXIII.

In response to the allegations of Paragraph 33 of Halliburton's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXII above, as if set forth herein *in extenso*.

XXXIV.

The allegations of Paragraph 34 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 34 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations of Paragraph 35 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 35 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of Paragraph 36 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 36 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXVII.

In response to the allegations of Paragraph 37 of Halliburton's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XXXVI above, as if set forth herein *in extenso*.

XXXVIII.

The allegations of Paragraph 38 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 38 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations of Paragraph 39 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 39 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XL.

The allegations of Paragraph 40 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 40 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XLI.

In response to the allegations of Paragraph 41 of Halliburton's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XL above, as if set forth herein *in extenso*.

XLII.

The allegations of Paragraph 42 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 42 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of Paragraph 43 of Halliburton's First Amended Cross-Claims state factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations of Paragraph 44 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations of Paragraph 45 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations of Paragraph 46 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations of Paragraph 47 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

XLVIII.

The allegations of Paragraph 48 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations of Paragraph 49 of Halliburton's First Amended Cross-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

L.

The allegations of Paragraph 50 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford.  However, to the

extent that a response is deemed necessary, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations of Paragraph 51 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations of Paragraph 52 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 52 are denied.

LIII.

The allegations of Paragraph 53 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations of Paragraph 54 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations of Paragraph 55 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the

extent that a response is deemed necessary, the allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

LVI.

In response to the allegations of Paragraph 56 of Halliburton's First Amended Cross-Claims, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LV above, as if set forth herein *in extenso*.

LVII.

The allegations of Paragraph 57 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

LVIII.

The allegations of Paragraph 58 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 58 are denied.

LIX.

The allegations of Paragraph 59 of Halliburton's First Amended Cross-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

LX.

The allegations of Paragraph 60 of Halliburton's First Amended Cross-Claims do not appear to require a response from Weatherford. However, to the extent that a response is

deemed necessary, the allegations of Paragraph 60 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

LXI.

Weatherford specifically denies that Halliburton is entitled to any of the relief sought in its prayer for relief contained in Halliburton's First Amended Cross-Claims.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Halliburton, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FIFTH DEFENSE**

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the First Amended Cross-Claims.

**COUNTER-CLAIM/CROSS-CLAIM**

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Cross-Claim against Halliburton Energy Services, Inc. (Rec. Doc. 2502).

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires. Alternatively, Weatherford demands contribution herein from Halliburton.

This 20th day of June, 2011.

    Respectfully submitted:

    */s/ Glenn G. Goodier*
    GLENN G. GOODIER (#06130)
    RICHARD D. BERTRAM (#17881)
    LANCE M. SANNINO (#29409)
    JONES, WALKER, WAECHTER, POITEVENT,
     CARRÈRE & DENÈGRE, L.L.P.
    201 St. Charles Avenue. 48th Floor
    New Orleans, Louisiana 70170-5100
    Telephone:    (504) 582-8174
    Facsimile:    (504) 589-8174
    ggoodier@joneswalker.com
    rbertram@joneswalker.com
    lsannino@joneswalker.com

                                        MICHAEL G. LEMOINE, T.A. (#8308)
                                        GARY J. RUSSO (#10828)
                                        DOUGLAS C. LONGMAN, JR. (#8719)
                                        JONES, WALKER, WAECHTER, POITEVENT,
                                          CARRÈRE & DENÈGRE, L.L.P.
                                        600 Jefferson Street, Suite 1600
                                        Lafayette, Louisiana 70501-5100
                                        Telephone:    (337) 262-9024
                                        mlemoine@joneswalker.com
                                        grusso@joneswalker.com
                                        dlongman@joneswalker.com

                                        *Counsel for Weatherford U.S., L.P. and*
                                        *Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of June, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

                                        */s/ Glenn G. Goodier*