UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Cases AND No. 2:10-cv-2771 (*In re The Complaint And Petition Of Triton Asset Leasing GmbH, et al.*) | : : : : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………... | : | |

### THE BP PARTIES' ANSWER TO THE CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.

BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP"), and BP p.l.c. ("collectively, the BP Parties"), by their undersigned Counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer Weatherford U.S., L.P. and Weatherford International Inc.'s Cross-Claims as follows:

NOW INTO COURT, through undersigned counsel, comes Weatherford U.S., L.P. and Weatherford International, Inc. (collectively, "Weatherford"), who, pursuant to the Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings, dated March 24, 2011 (Rec. Doc. 1730), files its Cross-Claim against BP America Production Company and BP Exploration & Production, Inc. (collectively, "BP"), and upon information and belief, avers as follows:

**ANSWER**

The BP Parties admit that Weatherford purports to assert cross-claims as set forth above. The BP Parties deny that they are liable to Weatherford. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

1

**I.**

BP has been tendered as a Rule 14(c) Defendant by the Petitioners, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., in this Limitation of Liability Action, Cause No. 10-2771.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

**II.**

At all material times, BP and Weatherford were party to a contract for well services (the "Contract"), which Contract was in full force and effect on April 20, 2010.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

**III.**

Under the Contract, Weatherford was to provide services, equipment, and products for BP.

**ANSWER**

The BP Parties refer Weatherford to the Contract, the full text of which speaks for itself. The BP Parties deny the remaining allegations of this paragraph to the extent they allege anything other than the express terms of the Contract, taken as a whole.

**IV.**

Pursuant to the Contract, BP is obligated to release, defend, indemnify and hold Weatherford harmless from BP's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by BP.

**ANSWER**

The BP Parties refer Weatherford to the Contract, the full text of which speaks for itself. The BP Parties deny the remaining allegations of this paragraph to the extent they allege anything other than the express terms of the Contract, taken as a whole.

**V.**

Under the Contract, BP expressly agreed to save, indemnify, release, defend and hold harmless Weatherford from and against any claim of whatsoever nature arising from pollution and/or contamination, including claims of the type asserted by Petitioners and the Claimants/Plaintiffs in this matter and in Cause No. 10-md-2179.

**ANSWER**

The BP Parties refer Weatherford to the Contract, the full text of which speaks for itself. The BP Parties deny the remaining allegations of this paragraph to the extent they allege anything other than the express terms of the Contract, taken as a whole.

**VI.**

Under the Contract, BP agreed to save, indemnify, release, defend and hold harmless Weatherford against all claims, losses, damages, costs (including legal costs), expenses and liabilities resulting from blowout, fire, explosion, cratering or any uncontrolled well condition (including the costs to control a wild well and the removal of debris).

**ANSWER**

The BP Parties refer Weatherford to the Contract, the full text of which speaks for itself. The BP Parties deny the remaining allegations of this paragraph to the extent they allege anything other than the express terms of the Contract, taken as a whole.

**VII.**

Pursuant to the Contract, Weatherford provided certain services and equipment to BP for the Macondo well site at Mississippi Canyon Block 252, which was leased and operated by BP and/or its Affiliates.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

**VIII.**

At all material times, Petitioners were the owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site at Mississippi Canyon Block 252 on or about April 20, 2010.

**ANSWER**

      The BP Parties admit the allegations of this paragraph.

### IX.

      On April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico.

**ANSWER**

      The BP Parties admit the allegations of this paragraph.

### X.

      Upon information and belief, the blowout, explosions, fire, and oil spill were caused by the breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of law and contract, which will be shown at the time of trial, on the part of BP and its employees.

**ANSWER**

      The BP Parties deny the allegations of this paragraph.

### XI.

      As a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial.

**ANSWER**

      The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

### XII.

      Weatherford has also been placed on notice and/or has been sued by numerous parties and/or has been tendered numerous claims by Petitioners pursuant to Rule 14C of the Federal Rules of Civil Procedure claiming damages as a result of the blowout, explosions, fire, and oil spill, including various private persons, companies and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages resulting from the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

## XIII.

BP is liable to Weatherford for all damages, losses and expenses and defense costs incurred by Weatherford as a result of the blowout, explosions, fire and oil spill as stated above and is further obligated to protect, defend, hold harmless and indemnify Weatherford from all claims brought against it by parties arising out of the blowout, explosions, fire and oil spill, whether under the Contract or at law.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

## XIV.

Alternatively, Weatherford demands contribution from BP, pursuant to the General Maritime Law of the United States or State Law, as applicable, for its claim made herein and for the claims made against it by third parties and for all costs and expenses, including defense costs, related to the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**ANSWER**

The BP Parties admit Weatherford so demands, but deny that they are liable to Weatherford. The BP Parties deny the remaining allegations of this paragraph.

## XV.

Weatherford reserves the right to amend its Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**ANSWER**

The BP Parties admit Weatherford purports to reserve its rights as indicated. The BP Parties deny the remaining allegations of this paragraph.

WHEREFORE, Weatherford prays that its Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and defense costs, and for all other relief which the justice of the case requires. Alternatively, Weatherford demands contribution herein from BP.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The allegations of the Cross-Claims fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The blowout, explosion, and subsequent oil spill were caused by the unseaworthy condition(s) of the MODU Deepwater Horizon, and/or unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to the Cross-Plaintiffs and the negligence of employees, agents, officers and directors of Cross-Plaintiff. The aforesaid unseaworthiness and negligence was within the knowledge or privity of Cross-Plaintiffs and accordingly, the Cross-Claims should be dismissed as to the BP Parties.

**THIRD DEFENSE**

Cross-Plaintiffs' damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**FOURTH DEFENSE**

The events culminating in the injuries and damage to Cross-Plaintiffs were not the result of any negligence, fault, or want of due care on the part of BP Parties. Furthermore, Cross-Plaintiffs have the burden of proof on this issue, and Cross-Plaintiffs cannot meet that burden.

**FIFTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Cross-Plaintiffs' alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**SIXTH DEFENSE**

Cross-Plaintiffs' alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**SEVENTH DEFENSE**

To the extent the BP Parties are found liable to Cross-Plaintiffs for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Cross-Plaintiffs for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Cross-Plaintiffs for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**TENTH DEFENSE**

To the extent that the BP Parties are found liable to Cross-Plaintiffs for any damages, the BP Parties are entitled to contribution from other parties or entities.

**ELEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Cross-Plaintiffs for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**TWELFTH DEFENSE**

Cross-Plaintiffs' claims are barred, in whole or in part, because Cross-Plaintiffs are not entitled under the law to the damages that they seek, the alleged damages sought are too

speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## THIRTEENTH DEFENSE

Cross-Plaintiffs' damages are barred, in whole or in part, by a failure to mitigate damages.

## FOURTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Cross-Claims, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Cross-Plaintiffs as a result of the allegations contained in the Cross-Claims and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

Dated:  June 20, 2011                                           Respectfully submitted,

/s/ Don K. Haycraft_____
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP

300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

                                        /s/  Don K. Haycraft__