UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 <br><br> Applies to: <br><br> All Cases and <br> 2:10-cv-02771 | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | MDL No. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC'S RULE 14 COUNTER-CLAIMS/CROSS-CLAIMS

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Weatherford U.S., L.P. and Weatherford International, Inc.'s, (collectively "Cross-Plaintiff Weatherford" or "Weatherford") Counter-Claims/Cross-Claims, and respectfully shows this Court as follows:[1]

### ANSWER

For answer to each and every allegation of Cross-Plaintiff Weatherford, HESI responds as follows:

1. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. The allegations contained in Paragraph 3 are denied as written, except HESI admits that that it was engaged by BP Exploration & Production, Inc., ("BP") to perform certain

---

[1] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same.

1

cementing operations and to provide certain other drilling support services (*e.g.*, mudlogging, directional drilling, logging while drilling) in the Gulf of Mexico, which came to include the Macondo Well; HESI further admits that on April 15, 2009, it entered into a Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services with BP ("Well Services Contract") and that the Well Services Contract was in effect on April 20, 2010. HESI also admits that the Well Services Contract governs the obligations of both HESI and BP as to each other with respect to operations performed on and services related to the *Deepwater Horizon*. All other allegations in paragraph 3 are denied

4. With regard to the allegations in paragraph 4, HESI denies that it is obligated to release, defend or indemnify Weatherford in this case. The terms of the Well Services Contract, including any release, indemnity, or defense obligations contemplated thereunder, speak for themselves. To the extent the allegations contained in Paragraph 4 call for a legal conclusion, no response is required.

5. With regard to the allegations in paragraph 5, HESI admits that on April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. With regard to the allegations in paragraph 6, HESI denies that it caused, either in whole or in part, the blowout, explosion, fire or oil spill at issue. To the extent the allegations contained in Paragraph 6 call for a legal conclusion, no response is required.

7. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, except HESI admits that Cross-Plaintiff Weatherford has been sued by numerous parties claiming damages as a result of the blowout, explosions, fire and oil spill, including various private persons, companies, and/or governmental entities alleging personal injury, death, property damages, economic damages and other damages allegedly resulting from the blowout, explosions, fire and oil spill occurring on or about April 20, 2010. The Petitioners in Limitation's tender of various claims to Weatherford pursuant to Rule 14(c) speaks for itself. All other allegations in paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. The allegations contained in the prayer for relief draw legal conclusions, to which no response is required. HESI denies that Cross-Plaintiffs are entitled to indemnification, contribution, judgment, interest, attorneys' fees, costs, or disbursements from HESI. HESI further denies that Cross-Plaintiffs are entitled to any further relief under applicable law.

## AFFIRMATIVE DEFENSES TO CROSS-PLAINTIFF'S CROSS-CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Cross-Plaintiff's Cross-Claims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Cross-Plaintiff was proximately caused by and/or contributed to by Cross-Plaintiff's own gross, sole, contributory or comparative

negligence and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Cross-Plaintiff receives from any source as compensation for alleged losses.

## THIRD AFFIRMATIVE DEFENSE

The damages referred to in Cross-Plaintiff's Cross-Claims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Cross-Plaintiff's Cross-Claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

**FIFTH AFFIRMATIVE DEFENSE**

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Cross-Plaintiff's alleged damages, and, therefore, Cross-Plaintiff may not recover from HESI as a matter of law and all such Cross-Claims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

**SIXTH AFFIRMATIVE DEFENSE**

HESI did not owe any duty or warranty, either express or implied, to Cross-Plaintiff and did not breach any such duty.

**SEVENTH AFFIRMATIVE DEFENSE**

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Cross-Plaintiff.  HESI is not liable under OPA or maritime law.

**EIGHTH AFFIRMATIVE DEFENSE**

HESI and Cross-Plaintiff were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Cross-Plaintiff any contractual obligations or breach any such obligations.

**NINTH AFFIRMATIVE DEFENSE**

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

1674649 v1-24010/0002 PLEADINGS

### TENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

### ELEVENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Cross-Plaintiff's claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Cross-Plaintiff's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

### TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

### THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Cross-Plaintiff may not recover on its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Cross-Plaintiff was not foreseeable as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has not reasonably mitigated its damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

### NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

### TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to state a claim upon which relief may be granted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

1674649 v1-24010/0002 PLEADINGS

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Cross-Plaintiff's Cross-Claims be deemed good and sufficient; that after due proceedings, there be judgment denying Cross-Plaintiff's Cross-Claims, with all costs to be borne by Cross-Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

**HALLIBURTON ENERGY SERVICES, INC.'S DEMAND FOR TRIAL BY JURY**

Subject to and without waiving its previously filed Motions to Dismiss, Cross-Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated June 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2011 a copy of the foregoing Halliburton Energy Services, Inc.'s Answer to Cross-Plaintiff Weatherford U.S., L.P. and Weatherford International, Inc.'s Counter-Claim/Cross-Claim was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin