## UNITED STATES DISTRICT OF COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010, | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| All Cases and | § | |
| 2:10-cv-02771 | § | |
| _____ | § | |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
## TO DRIL-QUIP, INC.'S CROSS-CLAIMS

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Dril-Quip, Inc.'s, ("Cross-Plaintiff Dril-Quip" or "Dril-Quip") Cross-Claims, and respectfully shows this Court as follows:[1]

## ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Dril-Quip's Cross-Claims.  However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in Dril-Quip's Cross-Claims.  In addition, Cross-Plaintiff's Cross-Claims include several, unidentified introductory paragraphs, ostensibly detailing procedural history.  HESI is without sufficient knowledge or information to form a belief as to the truth of these introductory paragraphs, except HESI would note that the pleadings referenced in the introductory paragraphs speak for themselves.

---

[1] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same

For answer to each and every allegation of Cross-Plaintiff Dril-Quip, HESI responds as follows:

1.       HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1, except HESI admits that Dril-Quip has been served with the Transocean Entities' Rule 14(c) Tender, the Transocean Entities' cross-claims, HESI's cross-claim, Cameron's cross-claim, and various other summonses and complaints related to the *Deepwater Horizon* incident.  HESI denies, however, that Dril-Quip has statutory and/or common law rights of contribution from HESI.

2.       HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, except HESI admits that this Court has personal jurisdiction over BP Exploration & Production, Inc. ("BP Exploration") because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on BP Exploration and the Transocean Entities tendered the claims against it to BP Exploration in their Rule 14(c) Tender.

3.       HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3, except HESI admits that this Court has personal jurisdiction over BP America Production Company, ("BP America"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on BP America and the Transocean Entities tendered the claims against it to BP America in their Rule 14(c) Tender.

4.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4, except HESI admits that various parties have served summonses and complaints on BP p.l.c. and the Transocean Entities tendered the claims against it to BP p.l.c. in their Rule 14(c) Tender.  The allegations made by Plaintiffs/Claimants against BP p.l.c. speak for themselves.

5.      The allegations contained in Paragraph 5 are admitted.

6.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6, except HESI admits that this Court has personal jurisdiction over M-I, LLC, ("M-I"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on M-I and the Transocean Entities tendered the claims against it to M-I in their Rule 14(c) Tender.

7.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7, except HESI admits that this Court has personal jurisdiction over Cameron International Corporation f/k/a Cooper-Cameron Corporation, ("Cameron"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on Cameron and the Transocean Entities tendered the claims against it to Cameron in their Rule 14(c) Tender.

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, except HESI admits that this Court has personal jurisdiction over Anadarko Petroleum Corporation Co., ("Anadarko"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

HESI further admits that various parties have served summonses and complaints on Anadarko and the Transocean Entities tendered the claims against it to Anadarko in their Rule 14(c) Tender.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9, except HESI admits that this Court has personal jurisdiction over Anadarko E&P Company LP, ("Anadarko E&P"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on Anadarko E&P and the Transocean Entities tendered the claims against it to Anadarko E&P in their Rule 14(c) Tender.

10.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10, except HESI admits that this Court has personal jurisdiction over MOEX Offshore 2007 LLC, ("MOEX Offshore"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on MOEX Offshore and the Transocean Entities tendered the claims against it to MOEX Offshore in their Rule 14(c) Tender.

11.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11, except HESI admits that this Court has personal jurisdiction over MOEX USA Corporation, ("MOEX USA"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on MOEX USA and the Transocean Entities tendered the claims against it to MOEX USA in their Rule 14(c) Tender.

12.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12, except HESI admits that various parties have served summonses and complaints on Mitsui Oil Exploration Co., Ltd., ("MOECO"), and the Transocean Entities tendered the claims against it to MOECO in their Rule 14(c) Tender.  The allegations made by Plaintiffs/Claimants against MOECO speak for themselves.

13.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13, except HESI admits that this Court has personal jurisdiction over Weatherford U.S. L.P., ("Weatherford"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on Weatherford and the Transocean Entities tendered the claims against it to Weatherford in their Rule 14(c) Tender.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14, except HESI admits that this Court has personal jurisdiction over Weatherford International, Inc., ("Weatherford International"), because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana; HESI further admits that various parties have served summonses and complaints on Weatherford International and the Transocean Entities tendered the claims against it to Weatherford in their Rule 14(c) Tender.

15.     Allegations pertaining to this Court's subject matter jurisdiction draw legal conclusions, to which no response is required.

16.     Allegations pertaining to this Court's subject matter jurisdiction draw legal conclusions, to which no response is required.

17.     The allegations contained in Paragraph 17 are admitted.

18.     The allegations contained in Paragraph 18 are admitted but is without sufficient information or knowledge as to whether BP complied with the terms of its lease with MMS.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.     HESI admits that Plaintiffs/Claimants make certain claims, but the allegations asserted by Plaintiffs/Claimants against BP speak for themselves.   HESI admits: that BP chose and implemented a long string well design instead of a liner/tieback design; that BP used too few centralizers to ensure that the casing was centered in the wellbore; that BP failed to implement a full "bottoms up" circulation of mud between the running of casing and the beginning of the cement job; that BP misinterpreted the negative pressure test data; and that BP cancelled the cement bond log test.   All other allegations in paragraph 20 are denied and HESI specifically denies that it did not provide comprehensive lab testing and that its cement job was defective.

21.     The allegations contained in Paragraph 21 are denied, except HESI admits  that it was engaged by BP Exploration to perform certain cementing operations and to provide certain other drilling support services (*e.g.*, mudlogging, directional drilling, logging while drilling) in the Gulf of Mexico, which came to include the Macondo well.

22.     The allegations contained in Paragraph 22 are denied, except HESI admits that, through its product service line Sperry Sun Drilling Services, it provided mudlogging services onboard the *Deepwater Horizon* to BP Exploration pursuant to HESI's Well Services Contract with BP Exploration and at BP's direction. All other allegations in paragraph 22 are denied.

23.     The allegations in paragraph 23 are denied.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     HESI admits that Plaintiffs/Claimants make certain claims, but the allegations asserted by Plaintiffs/Claimants against M-I speak for themselves.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     HESI admits that Plaintiffs/Claimants make certain claims, but the allegations asserted by Plaintiffs/Claimants against Cameron speak for themselves.

28.     The allegations asserted by Plaintiffs/Claimants against Cameron speak for themselves.

29.     The allegations contained in Paragraph 29 are admitted.

30.     The allegations contained in Paragraph 30 are admitted.

31.     Plaintiffs'/Claimants' allegations and contentions referenced in Paragraph 31 speak for themselves.

32.     Plaintiffs'/Claimants' allegations and contentions referenced in Paragraph 32 speak for themselves.

33.     The allegations contained in Paragraph 33 are admitted.

34.     Plaintiffs'/Claimants' allegations and assertions against MOEX Offshore speak for themselves.

35.     Plaintiffs'/Claimants' allegations and contentions against MOEX Offshore speak for themselves.

36.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36.

37.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37.

38.     Plaintiffs'/Claimants' allegations and contentions against Weatherford speak for themselves.

39.     Paragraph 39 is an incorporating paragraph and thus no response is required.

40.     Paragraph 40 asserts a legal conclusion as to Dril-Quip's liability to which no response is required.  To the extent the Court requires a response at this time, HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40.

41.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 as to the other Cross-Claim Defendants.  HESI denies that is liable or may be liable to Dril-Quip for any or all of the claims asserted against it. Plaintiffs'/Claimants' allegations speak for themselves.

42.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 as to the other Cross-Claim Defendants.  HESI denies that Dril-Quip is owed any right of contribution from HESI.

43.      The allegations contained in the prayer for relief draw legal conclusions, to which no response is required.  HESI denies that Cross-Plaintiff is entitled contribution from HESI.

## AFFIRMATIVE DEFENSES TO CROSS-PLAINTIFF'S CROSS-CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Cross-Plaintiff's Cross-Claims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Cross-Plaintiff was proximately caused by and/or contributed to by Cross-Plaintiff's own gross, sole, contributory or comparative negligence and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees,

agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Cross-Plaintiff receives from any source as compensation for alleged losses.

## THIRD AFFIRMATIVE DEFENSE

The damages referred to in Cross-Plaintiff's Cross-Claims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Cross-Plaintiff's Cross-Claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

## FIFTH AFFIRMATIVE DEFENSE

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Cross-Plaintiff's alleged damages, and, therefore, Cross-Plaintiff may not recover from HESI as a matter of law and all such Cross-Claims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiff is legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

## SIXTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Cross-Plaintiff and did not breach any such duty.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Cross-Plaintiff.  HESI is not liable under OPA or maritime law.

## EIGHTH AFFIRMATIVE DEFENSE

HESI and Cross-Plaintiff were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Cross-Plaintiff any contractual obligations or breach any such obligations.

## NINTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

### TENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA. 33 U.S.C. § 2702(d)(2). In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

### ELEVENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Cross-Plaintiff's claims with respect to its oil spill damages or otherwise. HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Cross-Plaintiff's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

### TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

### THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Cross-Plaintiff may not recover on its claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Cross-Plaintiff was not foreseeable as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has not reasonably mitigated its damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

## TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Dril-Quip's Cross-Claims be deemed good and sufficient; that after due

proceedings, there be judgment denying Dril-Quip's Cross-Claims with all costs to be borne by Dril-Quip; and for such other relief to which HESI may show itself to be justly entitled.

## **HALLIBURTON ENERGY SERVICES, INC.'S DEMAND FOR TRIAL BY JURY**

Subject to and without waiving its previously filed Motions to Dismiss, Cross-Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated June 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Cross-Plaintiff Dril-Quip, Inc.'s Counter-Claim/Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of June, 2011.


/s/ Donald E. Godwin
Donald E. Godwin

15