## UNITED STATES DISTRICT OF COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| 2:10-cv-04536-CJB-SS | § | |
| | § | |

### HALLIBURTON ENERGY SERVICES, INC.'S ANSWER
### TO TRANSOCEAN'S RULE 13 CROSS-CLAIMS/COUNTERCLAIMS AND RULE 14
### THIRD-PARTY COMPLAINT

Third-Party Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint ("Third-Party Plaintiffs" or "Transocean"), and respectfully shows this Court as follows:[1]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Transocean's Rule 13 Cross-Claims/Counter-Claims and Rule 14 Third-Party Complaint.  However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in Transocean's Counter-Claims/Cross-Claims.

For answer to each and every allegation of Third-Party Plaintiffs, HESI responds as follows:

1.       HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

---

[1] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same.

1

2.      HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

3.      HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

4.      HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

5.      Paragraph 5 is an identifying paragraph, collectively identifying the Third-Party Plaintiffs and thus no response is required.

6.      HESI is without sufficient knowledge or information to form a belief as to whether Third-Party Plaintiffs were, at all times, the Owner, Managing Owner, Owners Pro Hac Vice, and/or the Operators of the MODU *Deepwater Horizon*.  HESI further lacks sufficient knowledge or information to form a belief as to whether the *Deepwater Horizon* commenced its voyage on January 30, 2010.  HESI admits that Third-Party Plaintiffs filed a Petition for Exoneration from or Limitation of Liability in the United States District Court for the Southern District of Texas, C.A. No. 4:10-cv-1721 (hereinafter "the Petition in Limitation"), which was subsequently transferred to the Eastern District of Louisiana.  HESI further admits that an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the rig sank on April 22, 2010; and thereafter an oil spill ensued.  The allegations contained in the Petition in Limitation speak for themselves.

7.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7, except to admit that BP Exploration & Production, ("BP Exploration) was a lease-holder in the lease granted by the former Minerals Management Service ("MMS"), now re-organized as the Bureau of Ocean Energy Management

2

Regulation & Enforcement, allowing it to perform oil exploration, drilling, and production-related operations in the oil and gas well located on Mississippi Canyon Block 252 (the "Macondo Well").  HESI further admits that BP Exploration is a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint. HESI states that the jurisdictional allegations against BP Exploration set forth in Paragraph 7 draw legal conclusions, to which no response is required.  HESI is without sufficient information or knowledge as to whether BP complied with the terms of its lease with MMS

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, except to admit that BP America Production Company, ("BP America") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against BP America set forth in Paragraph 8 draw legal conclusions, to which no response is required.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9, except to admit that BP p.l.c. has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that  the jurisdictional allegations against BP p.l.c. set forth in Paragraph 9 draw legal conclusions, to which no response is required.

10.      Paragraph 10 collectively identifies the BP Exploration, BP America, and BP p.l.c., parties, thus no response is required.  HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 10, except to admit that "BP" was a lease operator at the Macondo site and as a result, was responsible for assessing the geology of the Macondo site, engineering the well design, obtaining the requisite regulatory

3

approval, and overseeing any subcontractors.   HESI is without sufficient information or knowledge as to whether BP complied with the terms of its lease with MMS

11.    The allegations of Paragraph 11 are denied, except to admit that: HESI is a Delaware Corporation with its principal place of business in Houston, Texas; HESI is registered to do and does business in Louisiana; HESI was engaged by BP Exploration to perform certain limited cementing operations and to provide certain other drilling support services (e.g., mudlogging, directional drilling, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo Well; HESI has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI admits that this Court has personal jurisdiction over it, that it does business in Louisiana, that HESI maintains a registered agent in Louisiana, and that HESI was made a party to these Limitation proceedings.  HESI denies each and every other allegation contained in Paragraph 11.

12.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12, except to admit that: M-I, LLC ("M-I") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint; and M-I provided mud products, including but not limited to drilling fluids and spacers for work on the *Deepwater Horizon*.   HESI states that the jurisdictional allegations against M-I set forth in Paragraph 12  draw legal conclusions, to which no response is required.

13.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13, except to admit that: Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party

Complaint; and Cameron manufactured, designed, supplied and/or installed the blowout preventer on the *Deepwater Horizon*.  HESI states that the jurisdictional allegations against Cameron set forth in Paragraph 13 draw legal conclusions, to which no response is required.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14, except to admit that: Anadarko Exploration & Production LP ("Anadarko E&P") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint; Anadarko E&P and BP became co-lessees under the terms of a lease related to the Macondo site; as of April 20, 2010, Anadarko E&P held a 22.5% interest in the lease at the Macondo site.  HESI states that the jurisdictional allegations against Anadarko E&P set forth in Paragraph 14 draw legal conclusions, to which no response is required.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15, except to admit that: Anadarko Petroleum Corporation Co. ("Anadarko") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint; Anadarko and BP became co-lessees under the terms of a lease related to the Macondo site; as of April 20, 2010, Anadarko held a 2.5% interest in the lease at the Macondo site.  HESI states that the jurisdictional allegations against Anadarko set forth in Paragraph 15 draw legal conclusions, to which no response is required.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16, except to admit that: MOEX Offshore 2007 L.L.C. ("MOEX Offshore") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint; MOEX Offshore and BP

5

became co-lessees under the terms of a lease related to the Macondo site; as of April 20, 2010, MOEX Offshore held a 10% interest in the lease at the Macondo site.  HESI states that the jurisdictional allegations against MOEX set forth in Paragraph 16 draw legal conclusions, to which no response is required.

17.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, except to admit that MOEX USA Corporation has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against MOEX USA set forth in Paragraph 17 draw legal conclusions, to which no response is required.

18.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18, except to admit that Mitsui Oil Exploration Company, Ltd. ("MOECO") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against MOECO set forth in Paragraph 18 draw legal conclusions, to which no response is required.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19, except to admit that: Weatherford U.S. L.P. ("Weatherford") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint; and Weatherford manufactured, designed, marketed, sold and/or distributed the casing components utilized on the Macondo well, including but not limited to the float collar, shoe, and centralizers and Weatherford provided the personnel and equipment for running the casing and casing components into the well bore.  HESI

6

states that the jurisdictional allegations against Weatherford set forth in Paragraph 19 draw legal conclusions, to which no response is required.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20, except to admit that: Weatherford International, Inc. ("Weatherford International") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint.  HESI states that the jurisdictional allegations against Weatherford International set forth in Paragraph 20 draw legal conclusions, to which no response is required.  .

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21, except to admit that: Dril-Quip, Inc. ("Dril-Quip") has been made a party to these Limitation proceedings pursuant to the filing of Third-Party Plaintiffs' Rule 14(c) Third-Party Complaint and Dril-Quip was involved with providing wellhead systems to the *Deepwater Horizon*, including the manufacture and assembly of the wellhead connected to the blowout preventer on the *Deepwater Horizon*.  HESI states that the jurisdictional allegations against Dril-Quip  set forth in Paragraph 21 draw legal conclusions, to which no response is required.

22.     Paragraph 22 is an identifying paragraph, thus no response is required.

23.     The allegations contained in Paragraph 23 relating to the Court's subject matter jurisdiction are legal conclusions that do not require a response.

24.     The allegations contained in Paragraph 24 are admitted.

25.     The allegations contained in Paragraph 25 are denied, except to admit that: the *Deepwater Horizon* was an ultra-deepwater dynamic positioned semi-submersible vessel; BP America Production Company contracted with Third-Party Plaintiffs for the use of the

7

*Deepwater Horizon*; and the *Deepwater Horizon* was utilized in drilling an exploratory well at the Macondo well site.  HESI denies each and every other allegation contained in Paragraph 25.

26.    With regard to the allegations contained in Paragraph 26, HESI admits that: an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the fire lasted approximately two days; and the rig sank on April 22, 2010.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27.    HESI admits that after the explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010, oil flowed from the Macondo well site until approximately July 15, 2010.

28.    The allegations contained in Paragraph 28 are denied, except HESI admits that after the Incident, a response plan was implemented, including relief and recovery efforts to prevent oil from escaping the Macondo well, to contain the oil, and to disperse the oil in the waters of the Gulf of Mexico using chemical dispersants.

29.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29, except to admit that the United States of America and Cross-Claimant BP have filed claims, petitions, and/or complaints against Third-Party Plaintiffs and other defendants.  The allegations contained in the claims, petitions, and/or complaints of the United States of America and Cross-Claimant BP speak for themselves.  HESI denies that it is or may be liable to Third-Party Plaintiffs.

30.    The allegations contained in Paragraph 30 draw legal conclusions regarding the effect of Third-Party Plaintiffs' Rule 13 Cross-Claims/Counter-Claims, to which no response is required.

31.     The allegations contained in Paragraph 31 are denied, except to admit that: Bundle A claimants include various individuals who have filed claims, petitions, and/or complaints for personal injuries and/or death as a result of the April 20, 2010 incident; the Bundle A claimants have asserted various causes of action, including negligence, gross negligence, willful misconduct and intentional acts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, except to admit that: Bundle B claimants include private parties who have filed claims, petitions, and/or complaints asserting claims for non-governmental economic loss and property damages, RICO claims, post-explosion clean-up claims and other claims, as a result of the April 20, 2010 incident; the Bundle B claimants have asserted various causes of action, including negligence, gross negligence, willful misconduct and intentional acts, nuisance, public nuisance, fraudulent concealment, claims under the Oil Pollution Act ("OPA"), and various state statutes, and other claims under state, federal, and general maritime law.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33, except to admit that: Bundle C claimants include various governmental entities who have filed claims, petitions, and/or complaints asserting public damage claims for loss of resources, loss of tax revenues, response costs and civil fines and/or penalties seeking to recover damages as a result of the April 20, 2010 incident; the Bundle C claimants have asserted various causes of action, including negligence, gross

negligence and willful misconduct, nuisance, public nuisance, trespass, fraudulent concealment, claims under OPA, the Clean Water Act ("CWA"), and other claims under state and federal law.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34, except to admit that: Bundle D claimants include private parties who have filed claims, petitions, and/or complaints asserting injunctive and regulatory claims  as a result of the April 20, 2010 incident; the Bundle D claimants have asserted various causes of action, including but not limited to claims under the CWA, trespass, nuisance and other claims under state and federal law.

35.     The allegations contained in Paragraph 35 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant BP, and thus, no response is required.

36.     The allegations contained in Paragraph 36 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendants Anadarko E&P, Anadarko, MOEX Offshore, MOEX USA, and MOECO, and thus, no response is required.

37.     The allegations contained in Paragraph 37 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Cameron, and thus, no response is required.

38.     The allegations contained in Paragraph 38 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Weatherford, and thus, no response is required.

39.     The allegations contained in Paragraph 39 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D,

against HESI, and thus, no response is required.  HESI denies that it is liable to Third-Party Plaintiffs or the Bundle A, B, C, or D claimants for any liability arising from the April 20, 2010 incident.  HESI denies each and every other allegation contained in Paragraph 39.

40.     The allegations contained in Paragraph 40 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant M-I, and thus, no response is required.

41.     The allegations contained in Paragraph 41 merely restate and identify, by document number, the various pleadings and master complaints filed in Bundles A, B, C, and D, against co-defendant Dril-Quip, and thus, no response is required.

42.     The allegations contained in Paragraph 42 are denied.

43.     The allegations contained in Paragraph 43 are denied.

44.     The allegations contained in Paragraph 44 are denied, except that HESI admits that general maritime law should be applied to the claims of the United States of America, the claims asserted by BP Exploration in its Cross-Claim/Counter-Claim and Third-Party Complaint, and Transocean's Cross-Claims.  HESI denies each and every other allegation contained in Paragraph 44.

45.     The allegations contained in Paragraph 45 are denied, except that HESI admits that general maritime law should be applied to the claims of the United States of America, the claims asserted by BP Exploration in its Cross-Claim/Counter-Claim and Third-Party Complaint, and Transocean's Cross-Claims.  HESI denies each and every other allegation contained in Paragraph 45.

46.     In Paragraph 46, Transocean merely incorporates contentions and allegations asserted in separate pleadings.  In response, HESI denies any liability for damages allegedly

arising from the explosion on the *Deepwater Horizon*, the fires on and sinking of the rig, and/or the ensuing oil spill, and hereby expressly incorporates its responses to and motions to dismiss the allegations and contentions of Plaintiffs in the First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III.B(1), Dkt. No. 1128 and Local Government Entity Voluntary Master Complaint, Cross-Claim and Third-Party Complaint, Dkt. No. 1510.

47.     The allegations contained in Paragraph 47 are denied, except to admit that general maritime law is applicable in this proceeding.   HESI denies each and every other allegation contained in Paragraph 47.

48.     The allegations and contentions asserted in the First Amended Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No,. 1] Section III.B(1) ["B1 Bundle"] Dkt. No. 1128, and the Local Government Entity Voluntary Master Complaint, Cross-Claim and Third-Party Complaint, Dkt. 1510 speak for themselves.

49.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49, except to admit that general maritime law is applicable to these proceedings.   To the extent Paragraph 49 asserts legal conclusions, no response is required of HESI.

50.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50.   To the extent Paragraph 50 asserts legal conclusions, no response is required of HESI.   HESI denies that state law applies.

51.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51, except to admit that general maritime law is

applicable in this proceeding.  To the extent Paragraph 51 asserts legal conclusions, no response is required of HESI.

52.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52.  To the extent Paragraph 52 asserts legal conclusions, no response is required of HESI.  HESI denies that state law applies.

53.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53, except to admit that general maritime law is applicable in this proceeding.  To the extent Paragraph 53 asserts legal conclusions, no response is required of HESI.

54.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54.  To the extent Paragraph 54 asserts legal conclusions, no response is required of HESI.  HESI denies that state law applies.

55.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55, except to admit that general maritime law is applicable in this proceeding.  To the extent Paragraph 55 asserts legal conclusions, no response is required of HESI.

56.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56.  To the extent Paragraph 56 asserts legal conclusions, no response is required of HESI.  HESI denies that state law applies.

57.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57, except that HESI denies that Third-Party Plaintiffs are entitled to contribution from HESI, pursuant to provisions of OPA or otherwise. To the extent Paragraph 57 asserts legal conclusions, no response is required of HESI.

13

58.     With regard to the allegations set forth in Paragraph 58, HESI admits that Transocean Holdings, Inc., was designated as a responsible party under OPA.  HESI denies that Third-Party Plaintiffs are entitled to subrogation against HESI, pursuant to provisions of OPA or otherwise.  To the extent Paragraph 58 asserts legal conclusions, no response is required of HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 58.

59.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59.  To the extent Paragraph 59 asserts legal conclusions, no response is required of HESI.

60.     Paragraph 60 is an incorporating paragraph and thus no response is required.

61.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61, except HESI would note that the "Drilling Contract for RBS-8D" speaks for itself.

62.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62.

63.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63.  To the extent the allegations set forth in Paragraph 63 draw any legal conclusion, no response is required.

64.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64, except HESI would note that the allegations contained in Count 7--Breach of Express Contract--speak for themselves.

65.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65, except HESI would note that the terms of the

14

"Drilling Contract for RBS-8D" speak for themselves.  To the extent Paragraph 65 asserts legal conclusions, no response is required of HESI.

66.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66, except HESI would note that the terms of Article 24.2 of the Drilling Contract speak for themselves.  To the extent Paragraph 66 asserts legal conclusions, no response is required of HESI.

67.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67, except HESI would note that the terms of Articles 25 and 25.1 of the Drilling Contract speak for themselves.  To the extent Paragraph 67 asserts legal conclusions, no response is required of HESI.

68.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 68.  To the extent Paragraph 68 asserts legal conclusions, no response is required of HESI.

69.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69, except HESI would note that the terms of Amendment No. 38 to the Drilling Contract speak for themselves.

70.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70.  To the extent Paragraph 70 asserts legal conclusions, no response is required of HESI.

71.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71, except HESI would note that the terms of Article 21.5(b)(ii) of the Drilling Contract speak for themselves.

15

72.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72, except HESI would note that the terms of Article 21.3(c) of the Drilling Contract speak for themselves.

73.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73, except HESI would note that the terms of Article 21.0 of the Drilling Contract, as amended by Amendment No. 38, speak for themselves.

74.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74, except HESI would note that the terms of Article 21.8 of the Drilling Contract, as amended by Amendment No. 38, speak for themselves.

75.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75, except HESI would note that the terms of the Drilling Contract, as amended by Amendment No. 38, including Articles 21.2 and 21.3(a) & (b) speak for themselves.  To the extent Paragraph 75 asserts legal conclusions, no response is required of HESI.

76.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76, except HESI would note that the terms of Article 27.3 of the Drilling Contract speak for themselves.

77.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77, except HESI would note that the terms of Article 27.4 of the Drilling Contract speak for themselves.

78.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78, except HESI admits that an explosion and fire occurred aboard the *Deepwater Horizon* on April 20, 2010; the Deepwater Horizon thereafter

16

sank on April 22, 2010.  To the extent Paragraph 78 asserts legal conclusions, no response is required of HESI.

79.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79, except HESI would note that the terms of Article 27.4 of the Drilling Contract speak for themselves.  To the extent Paragraph 79 asserts legal conclusions, no response is required of HESI.

80.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.  To the extent Paragraph 80 asserts legal conclusions, no response is required of HESI.

81.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81.  To the extent Paragraph 81 asserts legal conclusions, no response is required of HESI.

82.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82.  To the extent Paragraph 82 asserts legal conclusions, no response is required of HESI.

83.     The allegations set forth in Paragraph 83 draw legal conclusions to which no response is required.

84.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84.

85.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85, except HESI denies that it is liable to Transocean for any amounts that Transocean may pay in judgment or settlement for any/all claims asserted against it in this litigation.

1674788 v1-24010/0002 PLEADINGS

86.     The allegations contained in the prayer for relief draw legal conclusions, to which no response is required.  HESI denies that Third-Party Plaintiffs are entitled to judgment, pre and post-judgment interest, attorneys' fees or costs from HESI.  HESI further denies that Third-Party Plaintiffs are entitled to any further relief under applicable law.

## AFFIRMATIVE DEFENSES TO THIRD-PARTY PLAINTIFFS' CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Third-Party Plaintiffs' claims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Third-Party Plaintiffs was proximately caused by and/or contributed to by Third-Party Plaintiffs' own gross, sole, contributory or comparative negligence and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Third-Party Plaintiffs are legally responsible and by Third-Party Plaintiffs failing to take precautions against foreseeable acts or omissions of others.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

### SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Third-Party Plaintiffs receive from any source as compensation for alleged losses.

18

### THIRD AFFIRMATIVE DEFENSE

The damages referred to in Third-Party Plaintiffs' Third Party Complaint were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Third-Party Plaintiffs' Third Party Complaint were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Third-Party Plaintiffs or its alleged servants, employees, agents or anyone for whom Third-Party Plaintiffs are legally responsible and by Third-Party Plaintiffs failing to take precautions against foreseeable acts or omissions of others.

### FIFTH AFFIRMATIVE DEFENSE

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Third-Party Plaintiffs' alleged damages, and, therefore, Third-Party Plaintiffs may not recover from HESI as a matter of law and all such third-party claims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Third-Party Plaintiffs or their alleged servants, employees, agents or anyone for whom Third-Party Plaintiffs are legally responsible and by Third-Party Plaintiffs failing to take precautions against foreseeable acts or omissions of others.

1674788 v1-24010/0002 PLEADINGS

## SIXTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Third-Party Plaintiffs and did not breach any such duty.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Third-Party Plaintiffs'.  HESI is not liable under OPA or maritime law.

## EIGHTH AFFIRMATIVE DEFENSE

HESI and Third-Party Plaintiffs were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Third-Party Plaintiffs any contractual obligations or breach any such obligations.

## NINTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## TENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

20

## ELEVENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Third-Party Plaintiffs' claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Third-Party Plaintiffs' alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiffs have failed to plead, and cannot satisfy, conditions precedent to recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Third-Party Plaintiffs may not recover on their claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Third-Party Plaintiffs were not foreseeable as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiffs have not reasonably mitigated their damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

## TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiffs have failed to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Transocean's Rule 13 Cross-Claims/Counter-Claims and Rule 14 Third-Party Complaint be deemed good and sufficient; that after due proceedings, there be judgment denying Third-Party Plaintiffs' claims, with all costs to be borne by Third-Party Plaintiffs; and for such other relief to which HESI may show itself to be justly entitled.

## HALLIBURTON ENERGY SERVICES, INC.'S DEMAND FOR TRIAL BY JURY

Subject to and without waiving its previously filed Motions to Dismiss, Cross-Defendant

Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right

by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated June 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné

23

mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT**
**HALLIBURTON ENERGY SERVICES, INC.**

24

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of June, 2011.

/s/ Donald E. Godwin
Donald E. Godwin