UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179  SECTION: J  JUDGE BARBIER |
| Applies to: | § § | MAG. JUDGE SHUSHAN |
| All Cases | § § § | |

### HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO CAMERON INTERNATIONAL CORPORATION'S <u>COUNTERCLAIMS AND CROSSCLAIMS</u>

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Cameron International Corporation's ("Cross-Plaintiff Cameron" or "Cameron") Counterclaims and Crossclaims,[1] and respectfully shows this Court as follows:[2]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Cross-Plaintiff's Counterclaims and Crossclaims. However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in Cameron's Counterclaims and Crossclaims.

---

[1] HESI observes that Cameron's instant Counterclaims and Cross-Claims (Doc. 2474) were filed only in the pending MDL litigation, Action No. 10-2179, but indicate in the style that they purport to relate to the Transocean Limitation Action, No. 10-2771. Cameron, however, separately filed Counter-Claims and Cross-Claims in Action No. 10-2771 (Doc. 412) on April 20, 2011, and Cameron incorporates paragraphs 30-87 of that pleading in the instant docket. *See* Doc. 2474 at Paragraph 178. Without waiving any answers and/or other responsive pleadings HESI has filed in the Transocean Limitation Action (No. 10-2771), to the extent Cameron's instant Counterclaims and Crossclaims purport to also relate to that proceeding, HESI's Answer should, too; though HESI takes the position that Cameron's instant Counterclaims and Crossclaims apply solely to Action No. 10-2179.

[2] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same.

1

For answer to each and every allegation of Cross-Plaintiff Cameron, HESI responds as follows:[3]

176. Subject matter jurisdiction allegations, as set forth in Paragraph 176, draw legal conclusions to which no response is required. The terms of the various statutory provisions cited in Paragraph 176 speak for themselves.

177. The allegations contained in Paragraph 177 are admitted.

178. Paragraph 178 incorporates paragraphs 30-97 of Cameron's Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, Doc. No. 412 in No. 10-2771. HESI incorporates herein, as if stated in full, its responses to Paragraphs 30-97, as detailed in HESI's Answer to Cameron International Corporation's Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims, filed June 20, 2011.

179. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 179.

180. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 180. The terms of the Master Services Agreement, and any indemnity contemplated thereunder, speak for themselves.

181. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 181. The terms of the Master Services Agreement, and any indemnity contemplated thereunder, speak for themselves. To the extent Paragraph 181 draws any legal conclusion, no response is required.

---

[3] Note, due to the fact that Cameron asserted its Counterclaims and Crossclaims in the same pleading as its Answer to Transocean's Rule 13 Cross-Claims/Counterclaims, the paragraph numbering of Counterclaims and Crossclaims against HESI and other parties begins with paragraph number 176.

182. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 182. The terms of the Master Services Agreement, and any indemnity contemplated thereunder, speak for themselves. To the extent Paragraph 182 draws any legal conclusion, no response is required.

183. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 183. The terms of the Master Services Agreement and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq.*, speak for themselves. To the extent Paragraph 183 draws any legal conclusion, no response is required.

184. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 184. The terms of the Master Services Agreement and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq*, speak for themselves. To the extent Paragraph 184 draws any legal conclusion, no response is required.

185. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 185. The terms of the Master Services Agreement, and any indemnity contemplated thereunder, speak for themselves. To the extent Paragraph 185 draws any legal conclusion, no response is required.

186. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 186. The terms of the "TERMS AND CONDITIONS," and any indemnity contemplated thereunder, speak for themselves. To the extent Paragraph 186 draws any legal conclusion, no response is required.

187.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 187.  The terms of the "TERMS AND CONDITIONS," and any indemnity contemplated thereunder, speak for themselves.  To the extent Paragraph 187 draws any legal conclusion, no response is required.

188.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 188.  The terms of the "TERMS AND CONDITIONS" and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq.*, speak for themselves.  To the extent Paragraph 188 draws any legal conclusion, no response is required.

189.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 189.  The terms of the "TERMS AND CONDITIONS" and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq.*, speak for themselves.  To the extent Paragraph 189 draws any legal conclusion, no response is required.

190.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 190, except HESI denies that it owes Cameron complete indemnity under the terms of the ADT Agreement.  The terms of the ADT Agreement and any indemnity contemplated thereunder speak for themselves.  To the extent Paragraph 190 draws any legal conclusion, no response is required.

191.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 191, except HESI denies that it owes Cameron attorneys' fees and/or other costs incurred in the limitation action under the terms of the ADT Agreement.  The terms of the ADT Agreement and any indemnity contemplated thereunder

speak for themselves. To the extent Paragraph 191 draws any legal conclusion, no response is required.

192. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 192, except HESI denies that Cameron is entitled to a declaratory judgment declaring, under the terms of the ADT Agreement, that it is entitled to recover all costs incurred in defense of claims arising from the *Deepwater Horizon* casualty from HESI, without limitation under 46 U.S.C. § 30501 *et. seq*. The terms of the ADT Agreement and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq*, speak for themselves. To the extent Paragraph 192 draws any legal conclusion, no response is required.

193. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 193, except HESI denies that Cameron is entitled to a declaratory judgment declaring, under the terms of the ADT Agreement, that it is entitled to recover all costs incurred as a result of the *Deepwater Horizon* casualty from HESI, without limitation under 46 U.S.C. § 30501 *et. seq*. The terms of the ADT Agreement and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq*, speak for themselves. To the extent Paragraph 193 draws any legal conclusion, no response is required.

194. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 194, except HESI denies that it owes Cameron complete indemnity under the terms of the Repair Quotes. The terms of the Repair Quotes and any indemnity contemplated thereunder speak for themselves. To the extent Paragraph 194 draws any legal conclusion, no response is required.

195.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 195, except HESI denies Cameron is entitled to recover its attorneys' fees and other costs from HESI under the terms of the Repair Quotes.  The terms of the Repair Quotes and any indemnity contemplated thereunder speak for themselves.  To the extent Paragraph 195 draws any legal conclusion, no response is required.

196.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 196, except HESI denies that Cameron is entitled to a declaratory judgment declaring, under the terms of the Repair Quotes, that it is entitled to complete indemnity for any liability that Cameron may incur as a result of the *Deepwater Horizon* casualty from HESI, without limitation under 46 U.S.C. § 30501 *et. seq*.  The terms of the Repair Quotes and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq*, speak for themselves.  To the extent Paragraph 196 draws any legal conclusion, no response is required.

197.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 197, except HESI denies that Cameron is entitled to a declaratory judgment declaring, under the terms of the Repair Quotes, that it is entitled to recover all costs incurred in defense of claims arising from the *Deepwater Horizon* casualty from HESI, without limitation under 46 U.S.C. § 30501 *et. seq*.  The terms of the Repair Quotes and any indemnity contemplated thereunder, and the terms of 28 U.S.C. § 2201 and 28 U.S.C. § 30501 *et. seq*, speak for themselves.  To the extent Paragraph 197 draws any legal conclusion, no response is required.

198.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 198, except HESI denies: that Cameron is not liable

for damages in connection with the event of April 20, 2010 on the MODU or the ensuing oil spill; that general maritime law does not govern the liability of Cameron or counter-defendants; that Cameron is entitled to complete non-contractual indemnity jointly and severally from HESI; that HESI was negligent and/or that HESI contributed to the events leading to any Cameron liability. To the extent Paragraph 198 draws any legal conclusion, no response is required. HESI admits that maritime law applies.

199.  To the extent Paragraph 199 draws any legal conclusion, no response is required. With regard to the allegations contained in Paragraph 107, HESI denies: that HESI may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act or general maritime law in connection with the event of April 20, 2010 on the MODU or the ensuing oil spill; that Cameron is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill; and/or that Cameron is entitled to indemnity and/or contribution under the terms of 33 U.S.C. § 2709 from HESI. The Oil Pollution Act of 1990, 33 U.S.C. § 2709, is a statute, the terms of which speak for themselves. To the extent Paragraph 199 draws legal conclusions, no response is required. HESI admits that BP Exploration & Production, Anadarko Corp., Anadarko E&P, and MOEX Offshore have been designated as responsible parties.

200.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 200, except HESI denies: that general maritime law does not govern the liability of Cameron, Cross-Defendants or Counter-Defendants; that HESI is liable, and thus should be held jointly liable with any Cross-Defendant or Counter-Defendant; and that Cameron is entitled to contribution from HESI. To the extent Paragraph 200 draws any legal conclusion, no response is required. HESI admits the maritime law applies.

201. HESI denies the allegations in Third-Party Plaintiff's prayer for relief, entitled "Demand for Judgment", including subparagraphs 1-11.

## AFFIRMATIVE DEFENSES TO CROSS-PLAINTIFF'S CROSS-CLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Cross-Plaintiff's Cross-Claims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Cross-Plaintiff was proximately caused by and/or contributed to by Cross-Plaintiff's own gross, sole, contributory or comparative negligence and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

### SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Cross-Plaintiff receives from any source as compensation for alleged losses.

### THIRD AFFIRMATIVE DEFENSE

The damages referred to in Cross-Plaintiff's Cross-Claims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**

The incident and resulting alleged damages that are the subject of Cross-Plaintiff's Cross-Claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

**FIFTH AFFIRMATIVE DEFENSE**

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Cross-Plaintiff's alleged damages, and, therefore, Cross-Plaintiff may not recover from HESI as a matter of law and all such Cross-Claims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Cross-Plaintiff or its alleged servants, employees, agents or anyone for whom Cross-Plaintiffs are legally responsible and by Cross-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

**SIXTH AFFIRMATIVE DEFENSE**

HESI did not owe any duty or warranty, either express or implied, to Cross-Plaintiff and did not breach any such duty.

**SEVENTH AFFIRMATIVE DEFENSE**

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Cross-Plaintiff.  HESI is not liable under OPA or maritime law.

**EIGHTH AFFIRMATIVE DEFENSE**

HESI and Cross-Plaintiff were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Cross-Plaintiff any contractual obligations or breach any such obligations.

**NINTH AFFIRMATIVE DEFENSE**

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

**TENTH AFFIRMATIVE DEFENSE**

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA. 33 U.S.C. § 2702(d)(2). In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

**ELEVENTH AFFIRMATIVE DEFENSE**

OPA displaces and/or preempts Cross-Plaintiff's claims with respect to its oil spill damages or otherwise. HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Cross-Plaintiff's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

### TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

### THIRTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Cross-Plaintiff may not recover on its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Cross-Plaintiff was not foreseeable as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff has not reasonably mitigated its damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses to which it may be entitled to under Fed. R. Civ. P. 8(c).

## TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiff has failed to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Cross-Plaintiff's Counterclaims and Crossclaims be deemed good and sufficient; that after due proceedings, there be judgment denying Cross-Plaintiff's Counterclaims and Crossclaims, with all costs to be borne by Cross-Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

## **HALLIBURTON ENERGY SERVICES, INC.'S DEMAND FOR TRIAL BY JURY**

Subject to and without waiving its previously filed Motions to Dismiss, Cross-Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated June 20, 2011.

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

13

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Hallibur ton Energy Services, Inc.'s Answer to Cross-Plaintiff Cameron International Corporation's Counterclaims and Crossclaims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of June, 2011.

                                              /s/ Donald E. Godwin
                                              Donald E. Godwin