UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL NO. 2179 |
| | | SECTION: J |
| THIS DOCUMENT RELATES TO: 2:10-CV-2771 | § § § § | JUDGE BARBIER |
| | | MAGISTRATE JUDGE SHUSHAN |

## TRANSOCEAN'S ANSWER TO DEFENDANT
## M-I L.L.C.'S FIRST AMENDED CROSS-CLAIMS

Defendants Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean

Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH

("Triton") (collectively "Transocean" or "Transocean Defendants") respond to M-I L.L.C.'s

("M-I") First Amended Cross-Claims, **Dkt. 2531**, and, upon information and belief, respectfully

show as follows:

## ANSWER

For each and every allegation of the First Amended Cross-Claims, Transocean responds

as follows. When a paragraph in the First Amended Cross-Claims contains multiple subparts,

the response of Transocean to the paragraph applies equally to all subparts unless otherwise

expressly stated.

1.     Transocean denies M-I's allegations that M-I was not negligent and was not at

fault in connection with the explosion or the oil spill. Transocean denies that the explosion and

the oil spill were caused by the negligence of Transocean. Transocean denies that M-I has

statutory and/or common law rights to indemnification and/or contribution from Transocean, in

whole or in part, for any damages that may be asserted against M-I. Transocean is without

sufficient knowledge or information to form a belief as to whether the remaining allegations set forth in Paragraph 1 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 1.

2.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 2 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 2.

3.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 3 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 3.

4.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 4 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 4.

5.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 5 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 5.

6.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 6 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 6.

7.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 7 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 7.

56816:10063197
12773602.1

8.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 8 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 8.

9.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 9 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 9.

10.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 10 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 10.

11.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 11 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 11.

12.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 12 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 12.

13.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 13 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 13.

14.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 14 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 14.

15.      Transocean admits that Triton is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  Transocean admits that a Rule 14(c) tender was

filed.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 15.

16.     Transocean admits that TH is a Delaware limited liability company with its principal place of business in Houston, Texas.  Transocean admits that a Rule 14(c) tender was filed.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 16.

17.     Transocean admits that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  Transocean admits that a Rule 14(c) tender was filed.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 17.

18.     Transocean admits that TDI is a Delaware corporation with its principal place of business in Houston, Texas.  Transocean admits that a Rule 14(c) tender was filed.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 18.

19.      Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 19 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 19.

20.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 20 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 20.

21.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 21 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 21.

56816:10063197
12773602.1

22.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 22 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 22.

23.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 23 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 23.

24.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 24 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 24.

25.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 25 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 25.

26.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 26 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 26.

27.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 27 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 27.

28.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 28 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 28.

56816:10063197
12773602.1

29.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 29 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 29.

30.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 30 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 30.

31.     Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 31 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 31.

32.     The allegations contained in Paragraph 32 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 32 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

33.     Certain Cross-Defendants were served, waived service, or otherwise acknowledged service of the Rule 14(c) tender filed by Transocean.  To the extent not expressly admitted, Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 33 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 33.

34.     Transocean admits that the cited statutes can give rise to federal jurisdiction.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 34.

56816:10063197
12773602.1

35.     Transocean admits that the cited statutes can give rise to federal jurisdiction.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 35.

36.     The assertions contained in Paragraph 36 contain statements of law, which do not require a response from Transocean, but out of an abundance of caution are denied.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 36.

37.     Transocean admits that it, and others, had personnel and/or equipment on the *Deepwater Horizon* when an explosion occurred on April 20, 2010.  With respect to the other Cross-Defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 37 are true and, therefore, denies all aspects and implications of such allegations in Paragraph 37.   To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations of Paragraph 37.

38.     Transocean admits that, in the Amended B1 Master Complaint and in other complaints, certain Plaintiffs/Claimants have sought to hold Transocean, M-I, and other Cross-Defendants liable for financial injuries allegedly suffered as a result of the explosion, fire, and / or resulting oil spill.  To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 38.

39.     Transocean denies all aspects and implications of the allegations in Paragraph 39 with respect to Transocean.  With respect to the remaining Cross-Defendants, Transocean is without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 39 are true and, therefore, denies all aspects and implications of the allegations in Paragraph 39.

56816:10063197
12773602.1

40.     Paragraph 40 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-39.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

41.     The allegations contained in Paragraph 41 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 41 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

42.     The allegations contained in Paragraph 42 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 42 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

43.     The allegations contained in Paragraph 43 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 43 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

44.     The allegations contained in Paragraph 44 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 44 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

45.     The allegations contained in Paragraph 45 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 45 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56816:10063197
12773602.1

46.     The allegations contained in Paragraph 46 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 46 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

47.     The allegations contained in Paragraph 47 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 47 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

48.     The allegations contained in Paragraph 48 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 48 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

49.     Paragraph 49 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-48.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

50.     The allegations contained in Paragraph 50 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 50 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

51.     The allegations contained in Paragraph 51 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 51 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56816:10063197
12773602.1

52.     Paragraph 52 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-51.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

53.     The allegations contained in Paragraph 53 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 53 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

54.     The allegations contained in Paragraph 54 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 54 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

55.     The allegations contained in Paragraph 55 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 55 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56.     The allegations contained in Paragraph 56 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 56 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

57.     The allegations contained in Paragraph 57 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 57 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56816:10063197
12773602.1

58.      Paragraph 58 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-57.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

59.      The allegations contained in Paragraph 59 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 59 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

60.      The allegations contained in Paragraph 60 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 60 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

61.      The allegations contained in Paragraph 61 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 61 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

62. The allegations contained in Paragraph 62 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 62 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

63.      The allegations contained in Paragraph 63 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 63 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

11

64.     The allegations contained in Paragraph 64 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 64 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

65.     The allegations contained in Paragraph 65 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 65 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

66.     The allegations contained in Paragraph 66 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 66 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

67.     The allegations contained in Paragraph 67 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 67 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

68.     The allegations contained in Paragraph 68 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 68 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

69.     The allegations contained in Paragraph 69 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 69 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

70.     Paragraph 70 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-69.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

71.     The allegations contained in Paragraph 71 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 71 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

72.     The allegations contained in Paragraph 72 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 72 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

73. The allegations contained in Paragraph 73 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 73 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

74.     The allegations contained in Paragraph 74 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 74 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56816:10063197
12773602.1

75.     Paragraph 75 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-74.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

76.     The allegations contained in Paragraph 76 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 76 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

77.     The allegations contained in Paragraph 77 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 77 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

78.     The allegations contained in Paragraph 78 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 78 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

79.     The allegations contained in Paragraph 79 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 79 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

80.     The allegations contained in Paragraph 80 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 80 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

56816:10063197
12773602.1

81.     Paragraph 81 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-80.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

82.     The allegations contained in Paragraph 82 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 82 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

83.     The allegations contained in Paragraph 83 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 83 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

84.     The allegations contained in Paragraph 84 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 84 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

85.     The allegations contained in Paragraph 85 are not directed at Transocean and therefore do not require a response by Transocean.  To the extent that the allegations in Paragraph 85 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

86.     Paragraph 86 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-85.  Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

56816:10063197
12773602.1

87.     The allegations contained in Paragraph 87 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 87 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

88.     The allegations contained in Paragraph 88 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 88 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

89.     The allegations contained in Paragraph 89 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 89 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

90.     The allegations contained in Paragraph 90 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 90 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

91.     Paragraph 91 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-90.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

92.     The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.   To the extent not expressly admitted, Transocean denies all aspects and implications of the allegations in Paragraph 92.

16

93.     The Transocean Defendants admit that when the *Deepwater Horizon* explosion occurred on April 20, 2010, one or more of them were the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.   To the extent not expressly admitted, Transocean denies all aspects and implication of the allegations in Paragraph 93.

94.     Transocean denies all aspects and implications of the allegations in Paragraph 94.

95.     Transocean denies all aspects and implications of the allegations in Paragraph 95.

96.     Transocean denies all aspects and implications of the allegations in Paragraph 96.

97.     Transocean denies all aspects and implications of the allegations in Paragraph 97.

98.     Transocean denies all aspects and implications of the allegations in Paragraph 98.

99.     Paragraph 99 is a statement that M-I incorporates by reference allegations set forth in Paragraphs 1-96.   Transocean has responded to each of the preceding paragraphs and incorporates those responses as necessary and, accordingly, no further response is required.

100.    The allegations contained in Paragraph 100 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 100 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

101.    The allegations contained in Paragraph 101 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 101 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

102.    The allegations contained in Paragraph 102 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in

Paragraph 102 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

103.    The allegations contained in Paragraph 103 are not directed at Transocean and therefore do not require a response by Transocean.   To the extent that the allegations in Paragraph 103 are directed at Transocean, Transocean denies all aspects and implications of the allegations.

Transocean denies that M-I is entitled to the relief sought in the unnumbered prayer for relief from Transocean.

<u>**GENERAL DENIAL**</u>

Transocean denies all allegations not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

<u>**AFFIRMATIVE DEFENSES**</u>

Transocean sets forth its affirmative defenses which apply to all claims unless otherwise noted.   By setting forth these affirmative defenses, Transocean does not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to M-I.

**Standing**

1.    M-I lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this Court.

**Proper Parties/Joinder**

2.    M-I has failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

56816:10063197
12773602.1

### Ripeness

3.       M-I's claims for relief are not ripe.

### Failure to State a Claim

4.       M-I has failed to state a claim upon which relief can be granted.

5.       M-I has failed to plead, much less satisfy, conditions precedent to recovery.

6.       M-I's claims are barred to the extent that M-I seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

7.       The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* As a separate and complete defense to some or all of M-I's claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants, and that the amount of damages alleged in the Cross-Claim greatly exceeds the amount of value of the interest of the Transocean Defendants in the mobile offshore drilling unit ("MODU") *Deepwater Horizon* and her freight then pending, and the Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 47 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision M-I is not entitled to recover damages in a sum in excess of the value of the Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

8.     M-I's claims are enjoined, stayed, and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010, and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

## Oil Pollution Act

9.     The Transocean Defendants assert all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.,* including, without limitation:

(a)     Presentment has not been made as required under OPA;

(b)     OPA displaces or preempts M-I's claims with respect to oil spill damages and otherwise;

(c)     There is no right of action against one or more of the Transocean Defendants to the extent any of them is not a Responsible Party as defined under OPA;

(d)     OPA eliminates or limits M-I's alleged rights of recovery for certain economic loss claims;

(e)     OPA does not provide for, or allow, the recovery of punitive or exemplary damages; and

(f)     OPA does not provide for, or allow, a determination of joint and several liability, but requires an apportionment of fault.

## Maritime and State Law Claims

10.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a)     The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.,* or the Oil Pollution Act, 33 U.S.C. § 2701 *et. seq.*

20

(b)     The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

(c)     The Transocean Defendants assert that any claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint,* 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, and/or other states.

(d)     The Transocean Defendants assert that, under any State mini-OPA statutory scheme, liability is limited.  The Transocean Defendants are not responsible parties under State mini-OPA statutory schemes.  The Transocean Defendants further assert the defenses available under any State mini-OPA statutory scheme.

### Causation

11.     M-I complains of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the Cross-Claims were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom the Transocean Defendants are not legally responsible.

12.     The injuries and resulting damages alleged to have been sustained by M-I resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

21

13.     The injuries and resulting damages alleged to have been sustained by M-I were not proximately caused by any acts and/or omissions of the Transocean Defendants.

14.     The injuries and resulting damages alleged to have been sustained by M-I were not foreseeable as a matter of law.

**Damages**

15.     The Transocean Defendants specifically deny that M-I has sustained legally compensable damages.

16.     The injuries and resulting damages alleged to have been sustained by M-I were not foreseeable as a matter of law.

17.     M-I may not recover on the claims pleaded in its Cross-Claim because the damages sought are too speculative and remote.

18.     M-I has not reasonably mitigated its damages.

19.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by M-I with respect to the same alleged injuries. The Transocean Defendants assert payment and release to the extent that any of M-I's alleged damages have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule.  The Transocean Defendants are also entitled to have any damages that may be awarded to M-I reduced by the value of any benefit or payment to M-I from any collateral source.

20.     Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

21.     The Transocean Defendants deny that any of them have engaged in conduct that would support an award of punitive damages.

56816:10063197
12773602.1

22.     Any award of punitive damages against the Transocean Defendants would be in violation of the Constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under state constitutions or statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights to (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### Contribution Comparative Fault and Indemnity

23.     In addition to the Limitation of Liability to which the Transocean Defendants are entitled herein, the Transocean Defendants are also entitled to contribution, indemnification and/or reimbursement or a determination of comparative fault of/from Third-Parties for any damages the Transocean Defendants may be required to pay that are attributable to the comparative negligence, fault and/or legal responsibility of Third-Parties.

56816:10063197
12773602.1

**No Duty or Breach of Duty**

24.     The Transocean Defendants did not owe any duty or warranty to M-I and did not breach any duty or warranty.

25.     At all material times, the Transocean Defendants acted with due diligence and reasonable care and did not breach any duty to M-I.

**Preemption**

26.     The claims are barred in whole or in part by the Supremacy Clause of the United States Constitution, art. VI, § 2, because the claims are preempted and/or precluded by federal law, including, but not limited to, the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.*, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*, and Bureau of Ocean Energy Management, Regulation and Enforcement, formerly Minerals Management Service ("BOEMRE") policies and regulations regarding offshore oil exploration and drilling, and federal maritime common law.

**Adoption of Affirmative Defenses and Reservation of Right to Amend Answer**

27.     The Transocean Defendants assert any other defenses to which they may be entitled under Rule 8(c), Federal Rules of Civil Procedure.

28.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

29.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses, and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean

56816:10063197
12773602.1

Defendants, dismissing all claims asserted by M-I, with prejudice, at M-I's costs; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:      /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:      /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By:      /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

-and-

25

By:____/s/ Brad D. Brian_____
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email:brad.brian@mto.com,
allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 20th day of June, 2011.

/s/  Kerry J. Miller_____