## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION:  J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| *All Cases* | § | |
| *No. 10-2771* | § | MAG. JUDGE SHUSHAN |
| *2:10-cv-04536-CJB-SS* | § | |
| ** ** ** ** ** ** ** ** ** ** ** ** ** ** | § | |

## MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY BP'S FRAUD AND FRAUDULENT CONCEALMENT CLAIMS IN BP'S CROSS-COMPLAINT AND THIRD-PARTY COMPLAINT

Defendant Halliburton Energy Services, Inc. ("HESI") files this Memorandum in Support of its Motion to Dismiss or, Alternatively, to Stay BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint as follows.

1674069 v8-24010/0002 PLEADINGS

## TABLE OF CONTENTS

Page

I.      Introduction................................................................................................2

II.     Procedural Background................................................................................2

       A.     HESI Filed the First Action Based on the Contract in its April 19, 2011 Lawsuit Against BPXP in Texas State Court. ....................................................2

       B.     BP's Later Filed Cross-Complaint and Third-Party Complaint, Filed on April 20, 2011, Allege Fraud and Fraudulent Concealment Against HESI Arising Out of the Contract...................................................................................................2

III.    Argument and Authority ..............................................................................4

       A.     The Court Should Dismiss or, in the Alternative, Stay BP's Claims for Fraud and Fraudulent Concealment Because They are Compulsory Counterclaims in HESI's Contract Action. ..................................................................................5

              1.     BP's Fraud Claims Must Be Asserted, If At All, as Compulsory Counterclaims in HESI's Contract Action. ..................................................6

              2.     Because HESI's Contract Action Was First-Filed, the Court Should Dismiss or Stay BP's Fraud and Fraudulent Concealment Claims. .............9

       B.     BP's Fraud Claims Should Also Be Dismissed Because They Are Subject to a Mandatory Contractual Forum-Selection and Venue Clause. ...............................10

IV.     Conclusion ................................................................................................12

# TABLE OF AUTHORITIES

CASES

*Alliance Health Group v. Bridging Health Options, LLC,*
   553 F.3d 397 (5th Cir. 2008)........................................................................... 11-12

*BP Exploration & Production Inc et al., v. Halliburton Energy Services, Inc.,*
   Cause No. 4:11-cv-01526 (S. D. Tex.) ............................................................. 4-5

*City of New Orleans v. Municipal Admin. Servs., Inc.,*
   376 F.3d 501 (5th Cir. 2004) ........................................................................... 11-12

*Dixon v. TSE Int'l, Inc.,*
   330 F.3d 396 (5th Cir. 2003) ........................................................................... 11-12

*Durkin v. Quest, Inc.,*
   724 So. 2d 868 (La. Ct. App. 1998)......................................................................8

*Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's,*
   579 F.3d 442 (5th Cir. 2009) ........................................................................... 11-12

*Gladney v. American Heritage Life Ins. Co.,*
   80 F.Supp.2d 594 (W.D. La. 1999).......................................................................8

*Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN,*
   747 F.2d 958 (5th Cir. 1984), *cert. denied sub nom*, *Van Weelde Brother Shipping*
   *Ltd. v. I.N.C.A.S.*, 471 U.S. 1117, 105 S. Ct. 2361, 86 L. Ed. 2d 261 (1985)...........................9

*Insultherm, Inc. v. Tank Insulation Int'l, Inc.,*
   909 F.Supp. 465 (S.D. Tex. 1995), *rev'd on other grounds*, 104 F.3d 83 (5th Cir.
   1997) ....................................................................................................................8

*Keith A. Kessler Ins. Agency v. Nationwide Mut. Ins. Co.,*
   246 F. Supp. 2d 833 (N.D. Ohio 2003).................................................................8

*Lim v. Offshore Specialty Fabricators, Inc.,*
   404 F.3d 898 (5th Cir. 2005) ........................................................................... 11-12

*M/S Bremen v. Zapata Off-Shore Co.,*
   407 U.S. 1 (1972)...............................................................................................11

*RHC Indus., Inc. v. TIMSCO, Inc.,*
   652 F. Supp. 76 (S.D. Tex. 1986) .......................................................................9

*Southern Construction Co. v. Pickard,*
   371 U.S. 57 (1962)..............................................................................................6

ii

**OTHER AUTHORITIES**

Rule 12 ............................................................................................................*Passim*

Rule 13 ............................................................................................................*Passim*

Rule E (7) ...............................................................................................................9

## I.     Introduction

Defying contractual obligations with HESI and acting in opposition to Federal Rule of Civil Procedure 13(a), BP Exploration & Production Inc. ("BPXP") and BP America Production Company (collectively "BP") improperly filed fraud and fraudulent concealment claims ("BP's Fraud Claims") against HESI in the wrong forum.  BP's Fraud Claims, filed under the guise of cross-claims and/or third party claims, are actually compulsory counterclaims to HESI's previously filed lawsuit in Harris County, Texas and are governed by a mandatory forum-selection and venue clause.  HESI, therefore, respectfully requests that the Court dismiss, pursuant to Rules 12(b)(3), 12(b)(6), and 13(a) of the Federal Rules of Civil Procedure, or, in the alternative, stay the fraud and fraudulent concealment claims against it filed by BP.  (Doc. Nos. 2082, 2083).

## II.     Procedural Background

### A.     HESI Filed the First Action Based on the Contract in its April 19, 2011 Lawsuit Against BPXP in Texas State Court.

On April 19, 2011, HESI filed a breach of contract and declaratory judgment suit against BPXP based on BPXP's failure to comply with the indemnity provisions of the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255 (the "Contract") (attached as Exhibit A) between the parties.  In compliance with the mandatory forum-selection clause of the Contract, HESI filed its lawsuit in the 157th Judicial District Court, Harris County, Texas, Cause No. 2011-23914 (the "Contract Action").  In its Original Petition (attached as Exhibit B), HESI asserted (1) a breach of contract claim (Original Pet. ¶¶ 30-35), and (2) a declaratory judgment claim seeking a declaration that BPXP has a contractual duty to defend and indemnify HESI in litigation arising out of the *Deepwater Horizon* incident (Original Pet. ¶¶ 36-

40).[1]   Specifically, HESI's Contract Action relies upon the following contractual provisions requiring BPXP to indemnify it for all claims arising from a well blowout, an uncontrolled well condition, or damage to the reservoir:

> Subject to Clauses 19.1 and 19.4(b), but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> ....
>
> (b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs to control a wild well and the removal of debris).
>
> (c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom . . . .

Contract, § 19.6.  The Contract also provides that BPXP must indemnify HESI, with certain inapplicable exceptions,[2] for all pollution and contamination claims arising from the drilling process as follows:

---

[1]   On May 3, 2011, BPXP filed its notice of removal with the United States District Court for the Southern District of Texas—Houston Division (Case No. 4:11-cv-01687).  BPXP also filed a Notice of Potential Tag-along action with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking transfer of the removed case to this Court as the MDL Court for *Deepwater Horizon* cases ("MDL-2179") for pre-trial proceedings.  *See* JPML, MDL-2179, Dkt. No. 581.  That Tag-along Notice resulted in a May 10, 2011 Conditional Transfer Order ("CTO") from the JPML. *See* JPML, MDL-2179, Dkt. No. 583.  On May 13, 2011, HESI timely objected to the JPML's CTO, and on May 26, 2011, timely filed its Motion to Vacate the CTO.  *See* JPML, MDL-2179, Dkt. Nos. 591, 612.

Additionally, BPXP filed a motion asking the United States District Court for the Southern District of Texas—Houston Division to stay all proceedings (the "Stay Motion") pending the decision of the JPML, which HESI opposed.  On June 1, 2011, HESI moved to remand the suit based on  BPXP's waiver of its removal rights through operation of a Contractual mandatory forum-selection provision and the absence of federal question removal jurisdiction over HESI's claims.  On June 14, 2011, before BPXP's response to HESI's Motion to Remand was due, Judge Sim Lake granted BPXP's Stay Motion, staying any future pleadings in the removed case until the JPML rules on the transfer issue.

[2]  The only exceptions to BP's obligation, contained in §§ 19.1 and 19.4(b), relate to claims by HESI's employees (which responsibility HESI has accepted), claims arising out of damage to HESI's property or equipment (which claims do not exist), and claims for pollution originating from HESI's property and equipment (which claims are inapplicable here).

3

> Notwithstanding the provisions of Clause 19.3(a) and except as provided by Clause 19.1(a), Clause 19.1(b), and Clause 19.4(b), COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property or equipment of COMPANY GROUP [BP and its affiliates] arising from or related to the performance of the CONTRACT.

Contract, § 19.4(a).  HESI's Contract Action focuses squarely upon the enforcement of the contractual obligations between HESI and BPXP arising from the Contract, including BPXP's specific and directly applicable indemnity obligations.

**B.     BP's Later Filed Cross-Complaint and Third-Party Complaint, Filed on April 20, 2011, Allege Fraud and Fraudulent Concealment Against HESI Arising Out of the Contract.**

On April 20, 2011, after HESI filed the Contract Action, BP filed its (1) Cross-Complaint and Third-Party Complaint Against HESI (Dkt. No. 2082) in the MDL and Limitation proceedings and (2) its Third-Party Complaint Against HESI for contribution (Dkt. No. 2083) in the Department of Justice proceeding.[3]  In both documents, BP asserts claims against HESI for fraud and fraudulent concealment relating to HESI's alleged performance and representations under the Contract.[4]  *See* Dkt. No. 2082 at ¶¶ 117-131; Dkt. No. 2083 at ¶¶117-129.   BP

---

[3] The "MDL proceeding" refers to MDL No. 2179, Cause No. 2:10-md-02179-CJB-SS, pending before this Court. The "Limitation proceedings" refers to the Limitation action instituted by the Transocean Entities, *In re The Complaint and Petition of Triton Asset Leasing GmbH et al*., Cause No. 2:10-cv-02771-CJB-SS, pending before this Court.  The "Department of Justice proceeding" refers to the action instituted by the United States in Cause No. 2:10-cv-004536-CJB-SS, pending before this Court.

[4] In addition to virtually identical claims asserted by BP in its Cross-Claims (Doc. No. 2082) and Third-Party Claims (Dkt No. 2083), BP also asserted mirror image claims in an independent lawsuit filed in the Southern District of Texas.  *See BP Exploration & Production Inc et al., v. Halliburton Energy Services, Inc.*, Cause No. 4:11-cv-01526, (S. D. Tex.) (Dkt. No. 1).   BP filed this independent claim as a "protective" measure, and the basis of the claim is, again, virtually identical to the allegations of BP's Cross-Claims and Third-Party claims.  *Id*. at p. 1. BP sought transfer of its SDTX lawsuit to this MDL proceeding, and the JPML granted that request.  *See* CTO 18. Pursuant to this Court's Pre-Trial Order No. 1, paragraph 8, HESI is relieved of any obligation to answer or otherwise respond to BP's SDTX complaint until further order of this Court.  However, HESI would note that the same arguments set out in this Motion to Dismiss would apply with equal force to BP's SDTX claim.

4

contends that HESI made certain "material false statements and misrepresentations to BP . . . both before and after the explosion" of April 20, 2010 involving the *Deepwater Horizon*. Dkt. No. 2082 at ¶¶ 3, 118. The focus of these allegations is BP's claim that its indemnity obligation under the Contract should be nullified. *See* Dkt. Nos. 2082, 2083. Under applicable and governing law, BP's cross-claims and third-party claims for fraud and fraudulent concealment must be dismissed or stayed because such claims (1) are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure with respect to HESI's Contract Action and (2) are subject to a mandatory and exclusive forum-selection and venue clause contained in Section 27.5 of the Contract.

### III. Argument and Authority

**A. The Court Should Dismiss or, in the Alternative, Stay BP's Claims for Fraud and Fraudulent Concealment Because They are Compulsory Counterclaims in HESI's Contract Action.**

Under Fed. R Civ. P. 13(a), BP's Fraud Claims constitute compulsory counterclaims to HESI's previously-filed Contract Action. Rule 13(a) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Where a litigant asserts in a later-filed action what are compulsory counterclaims to a first-filed suit, Rules 13(a) and 12(b)(6) provide the proper vehicles for dismissal of the improper later-filed action. HESI's Contract Action alleges a breach of contract and requests a declaratory judgment as to BP's contractual duty to defend and indemnify HESI for the blowout and pollution claims made the subject of the Contract Action. As such, BP's contract-based cross-claims and third-party claims against HESI for fraud and fraudulent concealment (filed after the Contract Action, and focused on nullifying BP's

5

contractual indemnity obligations) should be dismissed from this proceeding or, in the alternative, stayed.

1.      BP's Fraud Claims Must Be Asserted, If At All, as Compulsory Counterclaims in HESI's Contract Action.

Pursuant to Rule 13(a), BP's Fraud Claims against HESI are compulsory counterclaims that must be asserted, if at all, in HESI's previously-filed Contract Action.  *See* Fed. R. Civ. P. 13(a).  Rule 13(a) "was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  *Southern Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962).  "The Rule was particularly directed against [a party] who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."  *Id.*

Arising out of the same transaction or occurrence that is the subject matter of HESI's Contract Action, BP's Fraud Claims satisfy the first criteria of Rule 13(a).  HESI's first-filed Contract Action is specifically based upon BP's breach of its duties and obligations under the Contract, including, among other things, BPXP's indemnity obligations.  Likewise, BP's Fraud Claims against HESI relate directly to alleged promises and representations in the Contract and HESI's performance under the Contract.  Indeed, those claims necessarily and inherently rely on the Contract.  Specifically, BP alleges that:

- HESI agreed it would "carry out all of its obligations under the contract and shall execute the WORK with all due care and diligence and with the skill to be expected of a reputable contractor experienced in the types of work to be carried out under the contract."  Dkt. No. 2082 at ¶ 33.

- HESI "shall take full responsibility for the adequacy, stability, health, safety and environmental protection of all its operations and methods necessary for the performance of the WORK." *Id*. at ¶ 34.

- HESI represented and promised to BP that "all personnel employed on the WORK shall, for the WORK they are required to perform, be competent, properly

6

qualified, skilled and experienced in accordance with good industry practice." *Id*. at ¶ 34.

- HESI "warranted, promised, represented, and guaranteed to BP that it would 'exercise all reasonable skill, care and diligence in the performance of the WORK and shall carry out the WORK in accordance with the requirements of the CONTRACT and to internationally recognized good oilfield practices and standards.'" *Id*. at ¶ 37.

- HESI "promised and represented to BP that it would provide an onshore engineer to work at BP's offices and be a member of the BP well planning team with the following roles and responsibilities: (a) Provide Safety Leadership training to all [HESI] personnel performing work under the contract; (b) Participate in all BP's safety initiatives and setting of safety targets and goals for all [HESI] personnel performing work under the contract; (c) Take full accountability for the technical quality, safety and environmental performance of all sub-contracted services managed by [HESI]; (g) Apply risk based engineering processes to prepare the BOD, individual well programs and all associated engineering and documentation; (i) Provide engineering support for all aspects of the service provided and fully competent in running all engineering software models offered to support the service, including the ability to run [HESI's] cementing software from [BP']s office; (j) Provide solutions where conventional cement design and procedures are not suitable, such as blend and foam cement; (k) Make recommendations on fit for purpose slurry designs to meet agreed specification; (l) Participate in the review of the previous days drilling activities with BP's onsite and offsite drilling management as required; (w) [HESI's] Onshore Engineer shall ensure the equipment is fit to perform the planned work …" *Id*. at ¶ 39.

BP's Fraud Claims are based on HESI's alleged promises, representations and performance under the Contract.  Without the Contract, BP has no basis for any of BP's Fraud Claims.  BP's cross-claims and third party claims for fraud and fraudulent concealment do not require adding another party over whom the court cannot acquire jurisdiction.  Therefore, the second criteria set forth in Rule 13(a) is also satisfied.

Likewise, BP's Fraud Claims satisfy the court-established test for compulsory counterclaims.  In *Park Club, Inc. v. Resolution Trust Corp*., the Fifth Circuit Court of Appeals set forth the following four-part test to determine whether a counterclaim is compulsory:

(1)    whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would

> bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Park Club, Inc.,* 967 F.2d 1053, 1058 (5th Cir. 1992).  An affirmative answer to *any* of the four questions indicates the counterclaim is compulsory.  *See id.*  This four-part test has been characterized as a "broad standard" and has been applied by both Louisiana federal district and state courts.  *See Insultherm, Inc. v. Tank Insulation Int'l, Inc.*, 909 F.Supp. 465, 469 (S.D. Tex. 1995), *rev'd on other grounds*, 104 F.3d 83 (5th Cir. 1997) (granting a motion to dismiss claims in a second action because the claims were compulsory counterclaims in the first action); *see also Gladney v. American Heritage Life Ins. Co.*, 80 F.Supp.2d 594, 598 (W.D. La. 1999) (quoting the *Park Club, Inc.* case); *Durkin v. Quest, Inc.*, 724 So. 2d 868, 871 (La. Ct. App. 1998) (quoting the *Park Club, Inc.* case).  Further, it is proper for a federal district court to dismiss claims that should have been filed as compulsory counterclaims in previously-filed state court cases.  *See Keith A. Kessler Ins. Agency v. Nationwide Mut. Ins. Co.*, 246 F. Supp. 2d 833 (N.D. Ohio 2003).

BP's Fraud Claims quite naturally relate to BP's argument that it is not obligated to indemnify HESI under the Contract, thereby satisfying the test set forth in *Park Club, Inc.  See Park Club, Inc.*, 967 F.2d at 1058, Exhibit A, and Dkt. Nos. 2082, 2083.  In fact, BP's fraud and fraudulent concealment claims not only relate to HESI's Contract Action, but also rely directly upon the same Contract.  HESI's Contract Action and BP's Fraud Claims are both explicitly based on the Contract, both raise issues regarding the validity and enforceability of provisions in the Contract, and both concern allegations regarding the parties' compliance with their alleged obligations under the Contract.  Finally, the underlying facts in HESI's Contract Action are the

8

same as those relied upon by BP in its fraud and fraudulent concealment claims.[5]  *See RHC Indus., Inc. v. TIMSCO, Inc.*, 652 F. Supp. 76 (S.D. Tex. 1986) (determining that under Admiralty Rule E(7) claims for fraud and breach of contract are compulsory counterclaims to a claim for indemnity).[6]  Because BP's Fraud Claims should be raised, if at all, as compulsory counterclaims in HESI's Contract Action, the Court should dismiss or, alternatively, stay such claims in this proceeding.

2.     Because HESI's Contract Action Was First-Filed, the Court Should Dismiss or Stay BP's Fraud and Fraudulent Concealment Claims.

HESI filed the Contract Action on April 19, 2011 and BP filed its fraud and fraudulent concealment claims against HESI, claims which are similarly based on the Contract and/or the parties' respective rights, obligations, and or performance thereunder, on April 20, 2011.  HESI's Contract Action clearly constitutes the first-filed suit between these parties.  In *West Gulf Maritime Association v. ILA Deep Sea Local 24*, the Fifth Circuit Court of Appeals "recognized and applied the comity principles that underlie the first-filed rule," and held that a second-filed action involving issues "closely related" to a separate and first-filed action should have been dismissed or stayed.  *West Gulf Maritime,* 751 F.2d 721, 722-31 (5th Cir. 1985).  The Fifth Circuit Court of Appeals relied on *Columbia Plaza Corp. v. Security National Bank*, which involved a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure. *Columbia Plaza Corp.,* 525 F.2d 620 (D.C. Cir. 1975).  Applying the same comity principles and

---

[5]  BP's claims for fraud and fraudulent concealment are nothing more than an attempt to invalidate BP's indemnity obligations under the Contract and, thus, should be considered simultaneously with HESI's Contract Action.

[6]  The Fifth Circuit has held that the test for whether a counterclaim arises "out of the same transaction or occurrence" under Admiralty Rule E(7) is the same as the test for compulsory counterclaims under Fed. R. Civ. P. 13(a).  *Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN*, 747 F.2d 958, 964-65 (5th Cir. 1984), *cert. denied sub nom*, *Van Weelde Brother Shipping Ltd. v. I.N.C.A.S.*, 471 U.S. 1117, 105 S. Ct. 2361, 86 L. Ed. 2d 261 (1985).

9

first-filed rule, the Court should dismiss or, alternatively, stay BP's Fraud Claims against HESI,

leaving them for proper resolution in the Contract Action.

**B.      BP's Fraud Claims Should Also Be Dismissed Because They Are Subject to a Mandatory Contractual Forum-Selection and Venue Clause.**

BPXP and HESI expressly agreed that any actions regarding enforcement of the Contract

"shall" be brought in a Texas state court located in Harris County, Texas.  Specifically, Section

27.5 of the Contract provides as follows:

> **27.5     Governing Law and Language**
>
> This CONTRACT shall be construed and enforced in accordance with the
> GENERAL MARITIME LAW of the United States wherever permissible;
> otherwise, the laws of the State of Texas shall apply, excepting therefrom any
> conflicts of laws rules which might provide for the application of the laws of
> another jurisdiction.  Subject to Clause 28 [non-binding mediation], the PARTIES
> agree to submit *any dispute arising hereunder to the jurisdiction of the courts of
> the State of Texas* and further agree that *venue* for the resolution of any such
> dispute *shall* be found in *Harris County*, Texas.

Contract, ¶ 27.5 (capitals in original, italics added).  BP disregarded this provision when it

brought its cross-claims and/or third party claims of fraud and fraudulent concealment against

HESI based on alleged non-performance under the Contract.  Because BP's Fraud Claims are

subject to a mandatory contractual forum-selection and venue clause, the Court should dismiss

these claims under Federal Rule of Civil Procedure 12(b)(3).[7]

Forum-selection clauses "are prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S*

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  A forum-selection clause stating that a

lawsuit must be brought in an exclusive forum is mandatory.  *Alliance Health Group v. Bridging*

---

[7] Under Fed. R. Civ. P. 12(b)(3), a party may assert a defense of improper venue in a motion to dismiss.  Fed. R. Civ. P. 12(b)(3).  The Fifth Circuit Court of Appeals has specifically affirmed that Rule 12(b)(3) is a proper method for moving to dismiss claims based on a forum-selection clause.  *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause").

*Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) (forum selection clause was mandatory when it required suit to be filed in a specific county even though suit could be filed in state or federal court within that county).  In order for a forum-selection clause to be exclusive, "it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."  *City of New Orleans v. Municipal Admin. Servs., Inc*., 376 F.3d 501, 504 (5th Cir. 2004).  The contract must also clearly establish that the parties intended to make a certain jurisdiction exclusive.  *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448 (5th Cir. 2009).

Examining the issue of mandatory forum-selection clauses, in *Dixon v. TSE Int'l, Inc*., the Fifth Circuit Court of Appeals considered the following venue language: "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise."  *Dixon,* 330 F.3d 396, 397 (5th Cir. 2003).  The Fifth Circuit determined that the district court properly found this language to be a mandatory forum-selection provision because the language required dispute resolution in the courts "of" Texas rather than courts "in" Texas.  *Id*. at 397-98.

BPXP and HESI expressly agreed to the inclusion of a mandatory forum-selection and venue provision in the Contract, requiring that "any dispute arising hereunder" "shall" be brought in "the courts *of* the State of Texas" with venue in Harris County, Texas.  Contract, § 27.5 (emphasis added).  The parties did not limit this provision or segregate any types of claims from this provision.  Section 27.5 plainly pronounces that "any dispute" would be subject to the forum-selection provision.  Moreover, the parties did not indicate that such venue was

11

permissive by using the word "may," but rather Section 27.5 mandates that venue "shall" be in Harris County, Texas for "any dispute arising" under the Contract.

Section 27.5 of the Contract provides a mandatory forum-selection clause that requires claims to be brought specifically and exclusively in a Texas state court in Harris County, Texas, and clearly demonstrates the parties' intent to vest exclusive jurisdiction in that venue. *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448 (5th Cir. 2009); *Alliance Health Group v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008); *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 397 (5th Cir. 2003). HESI complied with Section 27.5 of the Contract by filing its first-filed Contract Action in Texas state court in Harris County, Texas. However, BP has failed to comply with the same provision of the Contract by disregarding and breaching its contractual obligation to adjudicate its claims against HESI for fraud and fraudulent concealment relating to the Contract in Texas state court in Harris County, Texas.

Accordingly, BP's Fraud Claims against HESI should be dismissed from this proceeding pursuant to Fed. R. Civ. P. 12(b)(3). *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause").

## IV.   Conclusion

For the reasons set forth above, HESI respectfully requests that the Court grant its Motion and dismiss, pursuant to Rules 12(b)(3), 12(b)(6), and 13(a), or, in the alternative, stay the fraud and fraudulent concealment claims against it filed by BP Exploration & Production Inc. and BP America Production Company (Dkt. Nos. 2082, 2083). HESI also respectfully requests all such further and other relief to which it may be justly entitled at law and in equity.

Dated:  June 20, 2011

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin, T.A.*
Donald E. Godwin, T.A.
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
BBowman@GodwinRonquillo.com
Jenny L. Martinez
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
FHartley@GodwinRonquillo.com
Gavin Hill
GHill@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332
and
R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

1674069 v8-24010/0002 PLEADINGS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum in Support of Halliburton Energy Services, Inc.'s Motion to Dismiss or, Alternatively, to Stay BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 20th day of June, 2011.


/s/ Donald E. Godwin
Donald E. Godwin


14

1674069 v8-24010/0002 PLEADINGS