IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION: J |
| This Document Relates to:<br>2:10-cv-02771 | * * * * | JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * *   *

## NALCO COMPANY'S COUNTERCLAIM TO CAMERON INTERNATIONAL CORPORATION'S VARIOUS CROSS-CLAIMS

NOW INTO COURT, through undersigned counsel, comes Defendant Nalco Company ("Nalco"), and, acting as Counter-Plaintiff, respectfully avers and alleges upon information and belief as follows in support of its counterclaim for contribution and/or tort indemnity against Cameron International Corporation ("Cameron"):

### BACKGROUND

1. On April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig in the Gulf of Mexico. Through mid-July 2010, crude oil flowed from the site of the explosion into the Gulf of Mexico.

2. On August 10, 2010, the United States Judicial Panel on Multidistrict Litigation ("JPML") ordered that, pursuant to 28 U.S.C. § 1407, litigation arising from the Deepwater Horizon disaster be centralized in a multidistrict proceeding before this Court. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010).

3. On February 18, 2011, Triton Asset Leasing Gmbh, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") filed a Rule 14(c) Third-Party Complaint (Rec. Doc. 1320) in its Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation, tendering to Nalco the claims contained in the B3 Bundle Master Complaint (Rec. Doc. 881) that have already been asserted against Nalco. *See* March 24, 2011 Stipulated Order Governing Deadlines (Rec. Doc. 1730). Transocean's Rule 14(c) Third-Party Complaint also tendered various related claims to Cameron.

4. On April 20, 2011, Cameron filed its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims (Rec. Doc. 412) in Transocean's Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation. On May 20, 2011, Cameron filed its Answer to Transocean's Rule 13 Cross-Claims/Counterclaims, Together With Counterclaims and Cross-Claims (Rec. Doc. 2474), in Transocean's Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation. On May 20, 2011, Cameron also filed its Master Answer to Tendered Claims, Together With Cross-Claims (Rec. Doc. 2472), in Transocean's Limitation of Liability Act proceeding (No. 2:10-cv-02771), which is part of this multidistrict litigation. As part of the Tenth Claim in all three of these pleadings, Cameron asserts a claim for contribution under the Oil Pollution Act of 1990, 33 U.S.C. § 2709, against Nalco for any damages Cameron is forced to pay in connection with the events of April 20, 2010 on the Deepwater Horizon and the ensuing oil spill. As part of its Eleventh Claim in all three of these pleadings, Cameron asserts a claim for contribution under the general maritime law against Nalco for any damages Cameron is forced to

pay in connection with the events of April 20, 2010 on the Deepwater Horizon and the ensuing oil spill.

5. Nalco denies that it is liable and/or responsible for any of the alleged injuries and/or damages claimed in any of the complaints that have been or may be filed arising out of the Deepwater Horizon explosion, oil spill, and subsequent clean-up efforts and, therefore, asserts the below counterclaim for contribution and/or tort indemnity against Cameron.[1]

## JURISDICTION AND VENUE

6. This Court has admiralty and maritime jurisdiction over this counterclaim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

7. Venue is proper in this District pursuant to the JPML's August 16, 2010 Order. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010).

## THE PARTIES

8. Counter-Plaintiff Nalco is a Delaware corporation with its principal place of business in Naperville, Illinois.

9. Counter-Defendant Cameron is a Delaware corporation with its principal place of business in Houston, Texas. Cameron is registered to do and does business in the State of Louisiana. Cameron manufactured, designed, supplied, installed, maintained, and/or modified the sub-sea emergency well-closure device known as a blowout-preventer ("BOP") on the Deepwater Horizon, and at all pertinent times, contracted with Transocean for the provision of

---

[1] Pursuant to the Court's May 27, 2011 Order (Rec. Doc. 2551), Nalco's pending Motion to Dismiss Master Complaint "B3 Bundle" (Rec. Doc. 1409) is "deemed to also respond to" Cameron's various cross-claims and, to the extent that motion is not granted in its entirety, Nalco's right "to separately respond at a later date" to Cameron's various cross-claims is "expressly preserved." Nothing in the Counterclaim herein shall be deemed to waive or supersede any arguments made by Nalco in its Motion to Dismiss Master Complaint "B3 Bundle."

the BOP which was installed at the Macondo wellhead. This Court has personal jurisdiction over Cameron because it is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana. Cameron has previously been served with various complaints and summonses as well as Transocean's Rule 14(c) Third-Party Complaint.

### COUNT I (CONTRIBUTION AND/OR TORT INDEMNITY)

10. Counter-Plaintiff Nalco is entitled to contribution and/or tort indemnity from Counter-Defendant Cameron for any and all sums Nalco may be compelled to pay as a result of the Deepwater Horizon explosion, oil spill, and/or subsequent clean-up efforts.

11. Any alleged injuries and/or damages claimed in any of the complaints that have been or may be filed arising out of the Deepwater Horizon explosion, oil spill, and/or subsequent clean-up efforts were proximately caused or contributed to by the actions and/or omissions of Counter-Defendant Cameron, and not by any conduct on the part of Nalco.

12. Nalco reserves its right to amend the allegations against Cameron as additional discovery and evidence warrants.

**WHEREFORE**, Counter-Plaintiff Nalco prays that it be entitled to contribution and/or tort indemnity from Counter-Defendant Cameron and that Nalco have such other and further relief to which it may show itself justly entitled.

Dated: June 20, 2011

Respectfully submitted,

By: /s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr., Suite 5800
Chicago, IL 60606-6401

4

Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company*

Case 2:10-md-02179-CJB-DPC   Document 2949   Filed 06/20/11   Page 5 of 6

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing NALCO COMPANY'S COUNTERCLAIM TO CAMERON INTERNATIONAL CORPORATION'S VARIOUS CROSS-CLAIMS has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of June, 2011.

                                      /s/ Thomas J. Heiden
                                      Thomas J. Heiden (IL # 6281563)
                                      (thomas.heiden@lw.com)
                                      Mary Rose Alexander (IL # 6205313)
                                      (mary.rose.alexander@lw.com)
                                      LATHAM & WATKINS LLP
                                      233 South Wacker Dr.
                                      Suite 5800
                                      Chicago, IL 60606-6401
                                      Phone: (312) 876-7700
                                      Facsimile: (312) 993-9767

                                      *Attorneys for Nalco Company*