STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX:  (504) 596-0804
E-Mail: pwittmann@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA  70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

45,600

June 20, 2011

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re:   **Cameron's Additional BP Rule 30(b)(6) Topics**

Dear Judge Shushan:

After several discussions and correspondence with Tim Duffy, I am pleased to report that we have narrowed Cameron's Rule 30(b)(6) topics, at least in part.  There are three remaining areas of dispute.

The first dispute affects Topics 1 and 2 and relates to BP's knowledge and awareness of alternative designs for the BOP (topic 1) and maintenance and modifications to the Deepwater Horizon BOP (topic 2).  BP continues to refuse to provide a witness to testify as to BP's knowledge of the alternative BOP designs and knowledge of the maintenance or modifications to the BOP.

As the Court is aware, it is Cameron's position that BP's knowledge of alternative designs, as well as maintenance or modifications of a BOP, is relevant to Cameron's defenses, particularly in light of Tony Hayward's recent testimony that it was "important for BP to select the best available technology" for the BOP's it used on its wells.  The level of sophistication of the users of Cameron's BOP is a highly relevant factor in any analysis of the adequacy of Cameron's BOP and conduct.  Short of asking the corporate designee these questions, Cameron has no way of definitively discovering the company's awareness concerning these issues.

Putting aside the BP awareness issue pending, Cameron and BP have otherwise agreed that Topics 1 and 2 will be stated as follows:

1.      The alternative BOP designs alleged in BP's cross-claim against Cameron.

1060495v.2

STONE PIGMAN WALTHER WITTMANN L.L.C.

June 20, 2011

       2.      The maintenance of or modifications to the BOP by Cameron alleged in BP's cross-claim against Cameron.

      The remaining two disputes center on topic 3.

      As to this topic, the parties agree to the following language, with the exception of the date range, which BP would restrict to five (5) years versus ten (10) years, and sub-paragraph (e) below, to which BP objects.

      Cameron submits that the topic should read as follows:

       3.      BP's use of Cameron's Subsea BOP's in the Gulf of Mexico Deepwater wells (other than Macondo) during the period April 20, 2001 — April 20, 2011, namely, (a) The identity of the rigs that use such BOPs; (b) the identification of the wells drilled with those BOPs; (c) the configuration of the BOP stack on such rigs, including the number and type of ram type and annular preventers; (d) the use of secondary intervention or secondary control systems on such BOPs during an emergency situation; and (e) the control of any kicks on such wells using such BOPs.

      Cameron proposes going back to 2001 when the BOP was delivered to Transocean's predecessor. Cameron wants to know about BP's use of other Cameron BOPs while BP was using the BOP on the Deepwater Horizon. The date on which the BOP left Cameron's control is a significant factor in any analysis of Cameron's liability and thus, BP's witness should be able to respond to questions as to that time period.

      As to category (e), Cameron believes that this information is highly probative. Evidence that Cameron BOPs - when used properly - have controlled kicks on BP's wells on multiple occasions is directly relevant to counter BP's allegations that the BOP on the Deepwater Horizon was defective. Moreover, Cameron believes that the information sought in that sub-paragraph is readily available to BP and BP has made no showing to the contrary.

      In summary, we have narrowed the disagreement with BP to three issues: (1) BP's knowledge of alternative BOP designs and maintenance/modifications to the BOP as alleged in BP's cross-claims against Cameron; (2) the date range for Topic 3; and (3) subpart (e) of Topic 3.

      I understand that Mr. Duffy is going to respond to this letter tomorrow. I am available thereafter to have a further discussion of these issues should the Court desire.

Stone Pigman Walther Wittmann l.l.c.

Page        3

June 20, 2011

           Thank you very much for your assistance in this matter.

           With kind regards, I remain,

                  Sincerely,

                  Phillip A. Wittmann

PAW:blj

cc:    Defense Liaison Counsel
       Defense Steering Committee
       Plaintiff's Liaison Counsel
       Mr. R. Michael Underhill
       Mr. Luther Strange
       Mr. Corey L. Maze
       Ms. Kat Shea
       Mr. Michael O'Keefe
       Mr. Timothy A. Duffy
       Mr. David W. Jones

1060495v.2