UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br>SECTION J |
| Applies to: *All cases in Pleading Bundles B1 and B3*; 10-2771; 10-3815; 10-1540; 10-1502, | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding the Motion of Transocean for Protective Order (Rec. doc. 2261)]

On May 5, 2011, Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") filed a motion for an order protecting them from written discovery served by BP, Anadarko and MOEX. Transocean contends that it should not be required to respond to discovery relating to matters which are subject to the arbitration provision in the drilling contract between BP and Transocean. If it is required to respond to the written discovery, it requests an order providing that: (1) it does not waive its contractual right to arbitrate any disputes under its drilling contract with BP by responding to the discovery; and (2) it be granted leave to serve discovery of its own beyond the April 29, 2011 deadline.

BP contends that Transocean's motion should be denied because: (1) it waived any arbitration rights through its litigation in the MDL against BP; and (2) the arbitration provision does not prevent parties from discovering evidence. BP has no objection to an order providing that Transocean's responses to BP's discovery are not evidence of waiver. It objects to Transocean's request to serve discovery beyond the April 29, 2011 deadline.

ANADARKO's MOTION TO COMPEL

On May 13, 2011, the Court granted the motion of Anadarko to compel discovery responses

to discovery requests served on BP.[1]  It was assumed that: (1) there was an arbitration proceeding between BP and Anadarko; (2) the cross-claims between them were stayed pending arbitration; and (3) some Anadarko discovery was relevant to arbitrable issues.  The Court found that some of the Anadarko discovery requests were relevant to: (1) its defense to claims made against them by parties other than BP; and (2) its cross-claims against parties other than BP.

The Court held that the arbitration provision of the operating agreement between Anadarko and BP did not preempt the right of Anadarko to obtain discovery from BP relevant to the claims made in MDL 2179 by parties other than BP even though the discovery is relevant to the arbitrable claims.  Rec. doc. 2358.  The order was not appealed.  On June 16, 2011, District Judge Barbier concluded that the operating agreement required Anadarko and BP to submit their disputes to binding arbitration unless BP waived its right to compel arbitration by its previous conduct in this litigation.  BP and Anadarko were ordered to submit further memoranda on the waiver issue.  District Judge Barbier commented that Anadarko's due process argument was mooted by virtue of the May 13, 2011 order permitting it to conduct appropriate discovery to defend against other claimants in MDL 2179.  Rec. doc. 2774.

## ANALYSIS

The Court is not required to determine to whether Transocean's actions in MDL 2179 are a waiver of its right to arbitration of the claims or controversies arising under or relating drilling contract.  It is only necessary for the Court to determine whether the analysis on Anadarko's motion to compel discovery from BP is applicable to the discovery sought by BP from Transocean.  As in

---

[1] The motion was brought on behalf of Anadarko and MOEX.  Since the May 13, 2011 order, MOEX has settled with BP.

the Anadarko motion, it is assumed that some of BP's discovery is relevant to arbitrable issues under the drilling contract. The briefs filed by the parties did not include any of the discovery served by BP on Transocean, so the Court is unable to make a finding on whether it is relevant to BP's cross-claims against parties other than Transocean. It will be assumed that at least some of the discovery served on Transocean by BP is relevant to BP's cross-claims against parties other than Transocean.

Transocean attempts to distinguish the ruling on Anadarko's motion to compel by contending that: (1) in order to be relieved of its obligations to BP under the operating agreement, Anadarko is required to prove that BP was grossly negligent; (2) Transocean is not required to establish gross negligence to obtain indemnity from BP under the drilling contract; and (3) the indemnity provision in the drilling contract allocates liability relative to the origin of the pollution. Even if gross negligence is not an issue as between BP and Transocean, it does not alter the result on discovery. The drilling contract does not preempt the right of BP to obtain discovery from Transocean relevant to the cross-claims made by BP in MDL 2179 even though the discovery is relevant to the arbitrable claims.

Transocean shall respond to BP's discovery requests. If the parties are unable to agree on a deadline for Transocean to respond to the discovery requests, they shall request a telephone discovery conference.

The fact that Transocean is ordered to respond to BP's discovery may not be used as evidence of waiver of any right which Transocean possesses to demand, pursuant to the drilling contract, arbitration of any dispute with BP.

Transocean's request to serve written discovery on BP is denied. The motion for a protective order and request to conduct discovery came well after the April 29, 2011 deadline. The request comes too late in the Phase I discovery process.

Transocean shall have **five (5) working days to appeal this ruling**, and it shall seek expedited consideration of any appeal.

IT IS ORDERED that Transocean's motion for a protective order (Rec. doc. 2261) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 21st day of June, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**