UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

### [Regarding the alleged failure of BP to produce privilege log]

On June 14, 2011, the Court issued an order regarding the *in camera* review of documents prepared by William Castell.  The order stated that, "[i]n connection with the custodian document production, BP has identified documents on a privilege log which it contends are protected from disclosure."  Rec. doc. 2737.  On June 17, 2011, Transocean filed a motion to review the order contending that it and other parties were denied the right to properly assess BP's privilege log and its claims of attorney-client privilege for the Castell documents because:  (1) BP did not respond to requests for the privilege log; (2) it did not properly serve the privilege log; and (3)  when it was served, the privilege log was illegible.  Rec. doc. 2810.  On June 20, 2011, District Judge Barbier reviewed the Castell documents *in camera* and concluded that they were subject to the attorney-client privilege.  The motion for review was denied.  The issue of whether further action should be taken regarding BP's alleged failure to adhere to the Federal Rules of Civil Procedure and MDL protocols for production of a privilege log was referred to the undersigned.  Rec. doc. 2880.

On June 20, 2011, counsel for BP submitted a declaration concerning the service of the Castell Privilege Log on June 13, 2011.[1]  The declaration provides a satisfactory explanation for the circumstances giving rise to Transocean's allegation that the privilege log was not properly served

---

[1] The declaration will be filed in the record.

on June 13, 2011. The Court finds that BP complied with the Federal Rules and the MDL protocols for service of the privilege log.

All parties are operating under very tight time constraints. The parties do not have the luxury of completing document discovery before oral depositions. Matters will become more complex as the parties are required to complete fact and expert discovery and trial preparation for Phase One while conducting Phase Two discovery. Requests for *in camera* review must be infrequent and limited. The undersigned is not able to review hundreds of pages of documents. Part no. 5 under privilege log production in PTO No. 14 states:

> To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, unredacted copies of all documents for which there is a disputed claim of privilege.

Rec. doc. 655 at 3. When such a request is made to the Court, the parties shall proceed as follows:

> If the Court agrees to an *in camera* review of documents, a privilege log for the documents shall be submitted with the documents and the privilege log shall be sent by email to Liaison and Coordinating Counsel on or before the time when the documents are submitted to the Court.

New Orleans, Louisiana, this 21st day of June, 2011.

                                                     **SALLY SHUSHAN**
                                                     **U.S. Magistrate Judge**