UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE:  BARBIER |
| | * | |
| Civil Action No.: | * | MAGISTRATE:  SHUSHAN |
| 2:10-cv-04536 | * | |

**ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF
WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.
AGAINST TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS, LLC,
TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.,
AND TRANSOCEAN DEEPWATER, INC.**

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc. ("Weatherford"), who files its Answer, Defenses and

Counterclaim/Cross-Claim to the Original and First Amended Rule 13 Cross-Claims/Counter-

Claims and Rule 14 Third Party Complaint filed on behalf of Petitioners, Triton Asset Leasing

GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and

Transocean Deepwater, Inc. (collectively, "Transocean"), and upon information and belief, avers

as follows:

{N2310665.1}

## ANSWER AND DEFENSES

### FIRST DEFENSE

Transocean's Original Cross-Claims/Counter-Claims fail to state claims or causes of action upon which relief can be granted against Weatherford.

### SECOND DEFENSE

**AND NOW**, answering each allegation of Transocean's Original Cross-Claims/Counter-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

I.

The allegations of Paragraph 1 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph 3 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph 4 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

Except to admit that a blowout, explosion, fire and sinking of the *Deewpater Horizon* occurred with a resulting oil spill and that Transocean filed a Petition for Exoneration from or Limitation of Liability in the United States District Court for the Southern District of Texas, C.A. No. 4:10-cv-1721 which was subsequently transferred to the Eastern District of Louisiana (10-2771), the allegations of Paragraph 6 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph 10 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph 11 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraph 12 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations do not appear to require a response by Weatherford.

However, to the extent that a response is deemed necessary, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraph 13 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations of Paragraph 14 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations of Paragraph 15 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations of Paragraph 16 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations of Paragraph 17 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations of Paragraph 18 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

## XIX.

Except to admit that Weatherford U.S. L.P. is a limited partnership organized under Louisiana law with its principal place of business in Houston, Texas, that its registered to do business in Louisiana and does business in Louisiana, and that it provided services, equipment and products for the Macondo Well site, the allegations of Paragraph 19 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 19 are denied.

## XX.

With respect to the allegations in Paragraph 20 of Transocean's Cross-Claims, Weatherford International, Inc. admits that it is a Delaware Corporation with its principal place of business in Houston, Texas.  The remaining allegations of Paragraph 20 of Transocean's First Amended Cross-Claims are denied.

XXI.

The allegations of Paragraph 21 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations of Paragraph 22 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that Transocean refers to certain parties as "Cross-Defendants and Third-Party Defendants."

XXIII.

The allegations of Paragraph 23 of Transocean's Cross-Claims/Counter-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that the Court has jurisdiction.

XXIV.

The allegations of Paragraph 24 of Transocean's Cross-Claims/Counter-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford admits that venue is proper.

XXV.

Except to admit that BP used the *Deepwater Horizon* to drill at the Macondo well site, the allegations of Paragraph 25 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

XXVI.

Except to admit that a blowout from the Macondo well occurred on April 20, 2010 and the *Deepwater Horizon* sank on April 22, 2010, the allegations of Paragraph 26 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

XXVII.

Except to admit that oil flowed from the Macondo well, the allegations of Paragraph 27 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations of Paragraph 28 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

XXIX.

Except to admit that the United States of America and BP filed claims against Transocean as a result of the blowout at the Macondo well, the allegations of Paragraph 29 of Transocean's Cross-Claims/Counter-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 29 are denied with respect to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations of Paragraph 30 of Transocean's Cross-Claims/Counter-Claims state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 30 are denied as to Weatherford and otherwise denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations of Paragraph 31 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that various claims, petitions and/or complaints have been filed against one or more of the Transocean entities, as well as several of the "Cross-Defendants and Third-Party Defendants," by claimants seeking damages for personal injury and death resulting from the incident of April 20, 2010 and that these claimants are referred to by Transocean as the "Bundle A Claimants," and that these claimant's individual claims, petitions and/or complaints are referred to by Transocean as "Bundle A Claims."

XXXII.

The allegations of Paragraph 32 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that various claims, petitions, complaints and/or short-form joinders have been filed against one or more of the Transocean entities, as well as several of the "Cross-Defendants and Third-Party Defendants," by private individuals asserting claims for non-governmental economic loss and property damages, RICO damages, post-explosion clean-up damages and other damages, resulting from the incident of April 20, 2010 and the oil spill, and that these claimants are referred to by Transocean as the "Bundle B Claimants," and that these claimant's individual claims, petitions and/or complaints are referred to by Transocean as "Bundle B Claims."

XXXIII.

The allegations of Paragraph 33 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that various claims, petitions, complaints and/or short-form joinders

have been filed against one or more of the Transocean entities, as well as several of the "Cross-Defendants and Third-Party Defendants," by private individuals asserting "Public Damage Claims" resulting from the incident of April 20, 2010 and the oil spill, and that these claimants are referred to by Transocean as the "Bundle C Plaintiffs," and that these claimant's individual claims, petitions and/or complaints are referred to by Transocean as "Bundle C Claims."

XXXIV.

The allegations of Paragraph 34 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 34 are denied as this Court dismissed the Bundle D1 Master Complaint in its entirety.

XXXV.

The allegations of Paragraph 35 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 35 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations of Paragraph 36 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 36 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations of Paragraph 37 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed

necessary, the allegations of Paragraph 37 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

## XXXVIII.

In response to the allegations of Paragraph 38 of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense which Weatherford has set forth or will set forth in response to the allegations and contentions which have been asserted by the Bundle A, B, C and D Claimants.  Weatherford specifically denies that it is liable to the Plaintiffs and/or Claimants as alleged.

## XXXIX.

The allegations of Paragraph 39 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 39 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

## XL.

The allegations of Paragraph 40 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 40 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

## XLI.

The allegations of Paragraph 41 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 41 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations of Paragraph 42 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 42 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations of Paragraph 43 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 43 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLIV.

In response to the allegations of the unnumbered paragraph of "Count 1 – Indemnity" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLII above, as if set forth herein *in extenso*.

XLV.

The allegations of Paragraph 44 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 44 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLVI.

In response to the allegations of the unnumbered paragraph of "Count 2 – Contribution/Comparative Fault" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLIV above, as if set forth herein *in extenso*.

XLVII.

The allegations of Paragraph 45 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response from Weatherford. However, to the extent a response is required, the allegations of Paragraph 45 of Transocean's Cross-Claims/Counter-Claims are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

XLVIII.

In response to the allegations of the unnumbered paragraph of "Count 3 – Breach of Warranty of Workmanlike Performance" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLVI above, as if set forth herein *in extenso*.

XLIX.

The allegations of Paragraph 46 of Transocean's Cross-Claims/Counter-Claims do not appear to require a response from Weatherford; however, to the extent that a response is required, the allegations of Paragraph 46 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

L.

The allegations of Paragraph 47 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response from Weatherford; however, to the

extent that a response is required, the allegations of Paragraph 47 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LI.

In response to the allegations of the unnumbered paragraph of "Count 4 – Strict Liability for Manufacturing and Design Defect" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through XLIX above, as if set forth herein *in extenso*.

LII.

The allegations of Paragraph 48 of Transocean's Cross-Claims/Counter-Claims are denied as to Weatherford and otherwise are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations of Paragraph 49 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 49 are denied as to Weatherford for lack of sufficient information to justify a belief therein.

LIV.

The allegations of Paragraph 50 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations of Paragraph 51 of Transocean's Cross-Claims/Counter-Claims are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations of Paragraph 52 of the Cross-Claim/Counter-Claim are denied.

LVII.

The allegations of Paragraph 53 of the Cross-Claim/Counter-Claim are denied as they relate to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

LVIII.

The allegations of Paragraph 54 of the Cross-Claim/Counter-Claim are denied.

LIX.

The allegations of Paragraph 55 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

LX.

The allegations of Paragraph 56 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

LXI.

In response to the allegations of the unnumbered paragraph of "Count 5 – Contribution under OPA" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LIX above, as if set forth herein *in extenso*.

LXII.

The allegations of Paragraph 57 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 57 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

LXIII.

In response to the allegations of the unnumbered paragraph of "Count 6 – Subrogation under OPA" of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXI above, as if set forth herein *in extenso*.

LXIV.

The allegations of Paragraph 58 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 58 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations of Paragraph 59 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

LXVI.

In response to the allegations of Paragraph 60 of the Cross-Claim/Counter-Claim, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs I through LXIV above, as if set forth herein *in extenso*.

LXVII.

The allegations of Paragraph 61 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations of Paragraph 62 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXIX.

The allegations of Paragraph 63 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response from Weatherford; however, to the extent a response is required, the allegations of Paragraph 63 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXX.

The allegations of Paragraph 64 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response from Weatherford; however, to the

extent a response is required, the allegations of Paragraph 64 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

## LXXI.

The allegations of Paragraph 65 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response from Weatherford; however, to the extent a response is required, the allegations of Paragraph 65 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

## LXXII.

The allegations of Paragraph 66 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 66 are denied as to Weatherford and are otherwise denied for lack of sufficient information to justify a belief therein.

## LXXIII.

The allegations of Paragraph 67 of Transocean's Cross-Claim/Counter-Claim are denied for lack of sufficient information to justify a belief therein.

## LXXIV.

The allegations of Paragraph 68 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

LXXV.

The allegations of Paragraph 69 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations of Paragraph 70 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations of Paragraph 71 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations of Paragraph 72 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXIX.

The allegations of Paragraph 73 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXX.

The allegations of Paragraph 74 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXI.

The allegations of Paragraph 75 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

LXXXII.

The allegations of Paragraph 76 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXIII.

The allegations of Paragraph 77 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXIV.

The allegations of Paragraph 78 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

LXXXV.

The allegations of Paragraph 79 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

LXXXVI.

The allegations of Paragraph 80 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the

extent that a response is deemed necessary, the allegations of Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

LXXXVII.

The allegations of Paragraph 81 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXVIII.

The allegations of Paragraph 82 of Transocean's Cross-Claims/Counter-Claims are denied for lack of sufficient information to justify a belief therein.

LXXXIX.

The allegations of Paragraph 83 of Transocean's Cross-Claims/Counter-Claims state legal conclusions which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

XC.

The allegations of Paragraph 84 of Transocean's Cross-Claims/Counter-Claims state legal conclusions and factual allegations which do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

XCI.

In response to the allegations of Paragraph 85 of Transocean's Cross-Claims/Counter-Claims, Weatherford denies that it is liable in judgment to Transocean and the remaining allegations of Paragraph 85 are otherwise denied for lack of sufficient information to justify a belief therein.

XCII.

Weatherford specifically denies that Transocean is entitled to any of the relief sought in its prayer for relief contained in the Original Cross-Claims/Counter-Claims.

### THIRD DEFENSE

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FIFTH DEFENSE

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Original Cross-Claims.

### SIXTH DEFENSE

**AND NOW**, answering each allegation of Transocean's Original Cross-Claims/Counter-Claims and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

I.

Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial and defense set forth in Paragraphs 1 through XCI in its Answer to the Original Cross-Claims/Counter-Claims above, as if set forth herein *in extenso*.

II.

The allegations of Paragraph 24 of Transocean's First Amended Cross-Claims/Counter-Claims state legal conclusions which do not require a response from Weatherford.  However, to the extent a response is deemed necessary, Weatherford admits that venue is proper.

**COUNTER-CLAIM/CROSS-CLAIM**

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Answer, Defenses and Claim/Cross-Claim to the Complaint and Petition for Exoneration from and Limitation of Liability filed on behalf of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (Rec. Doc. 411 in Cause No. 10-cv-2771).

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys'

fees, and for all other relief which the justice of the case requires.  Alternatively, Weatherford demands contribution herein from Transocean.

This 21st day of June, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:      (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 262-9024
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*