UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding Cameron's Topics for BP's Rule 30(b)(6) Deposition]

BP filed a cross-claim and third party complaint against Cameron, in which it alleges that: (1) Cameron is liable to it for an unreasonably dangerous product, the blowout preventer ("BOP") on the Deepwater Horizon; (2) Cameron was negligent in the maintenance of the BOP; and (3) Cameron was negligent in modifying the BOP. Rec. docs. 2064 and 2065. Cameron requested that BP's Rule 30(b)(6) deposition notice be expanded to include topics covering these allegations. Rec. doc. 2534. BP objected to the additional topics. At the working group conference on May 26, 2011, the Court determined that Cameron would be permitted to add three topics to the deposition notice but the topics in the May 24, 2011 letter were too broad and it was ordered to narrow the topics. Rec. doc. 2567. The parties met and conferred, but they are unable to agree on the scope of the topics. See Cameron's letter of June 20, 2011 (Rec. doc. 2961), and BP's letter of June 21, 2011 (Rec. doc. 2971).

The Court concludes, for the reasons urged by BP, that Cameron's additional topics for the BP Rule 30(b)(6) deposition shall be:

1. The alternative BOP designs alleged in paragraph no. 56 of BP's cross-claim against Cameron.

2. The maintenance of or modifications to the BOP by Cameron alleged in BP's cross-claim against Cameron.

3. BP's use of Cameron subsea BOPs in Gulf of Mexico deepwater wells (other than Macondo) during the period April 20, 2005-April 20, 2010; namely, (a) the identity of the rigs that used such BOPs; (b) the configuration of the BOP stack on such rigs, including the number and type of ram-type and annular preventers; and (c) the use of secondary intervention or secondary control systems on such BOPs during an emergency situation.

Any appeal of this order shall be filed within five (5) working days with a request for expedited consideration.

New Orleans, Louisiana, this 22nd day of June, 2011.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**