UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding Deposition of Cathleenia Willis]**

Cathleenia Willis ("Willis") was employed by Halliburton and was on the Deepwater Horizon on April 20, 2010. Willis and others filed a petition in state court in Texas which was removed to federal court and transferred to this Court. BP, Anadarko, MOEX and Transocean requested her deposition and it was noticed by BP. On March 16, 2011, Willis filed a motion for a protective order requesting that her deposition be delayed until she was medically cleared to testify. Rec. doc. 1671. Willis did not state that she would invoke the Fifth Amendment if she testified. On April 12, 2011, the motion for protective order was denied. BP was required to notice her deposition. Rec. doc. 1923. On April 29, 2011, BP reported that it noticed Willis' deposition for June 20 and 21, 2011. Rec. doc. 2253 at 16.

On June 20, 2011, Willis was deposed. On the advice of her counsel, Kurt Arnold and Jason Itkin,[1] she invoked the Fifth Amendment in response to all questions. It is extremely unlikely that the decision to invoke the Fifth Amendment was reached on the morning of the deposition. The responsibility for failing to notify the parties in advance of the deposition that Willis would invoke the Fifth Amendment rests exclusively with Mr. Arnold and Mr. Itkin.

The failure to notify counsel prejudiced the parties and the Court in several ways. Counsel

---

[1] Mr. Itkin was present at Ms. Willis' deposition.

for the parties were required to spend numerous hours in preparation for her deposition. Had they known in advance that Ms. Willis would invoke the Fifth Amendment, the preparation time would have been streamlined. Two days were set aside for her deposition when one was all that was necessary. If her counsel had provided notice of her intention to invoke the Fifth, another deposition may have been scheduled for June 21, 2011. Further, the Court was required to resolve issues concerning the allocation of the examination time for her deposition. If her counsel had provided notice of her intention, the Court would have been able to address other issues on its docket. Mr. Arnold is an experienced trial attorney. He is well aware of how his decision to wait until the last minute to announce his client's intention to invoke the Fifth Amendment impacted the parties and the Court.

IT IS ORDERED that Kurt Arnold and Jason Itkin provide a full written explanation for this occurrence by **Wednesday, June 29, 2011, at 9:00 a.m.** Failure to provide a sufficient explanation may result in the imposition of sanctions.

IT IS FURTHER ORDERED that counsel noticing the depositions of individuals who were on the rig on April 20, 2010 notify counsel for those witnesses that counsel must provide at least five (5) working days notice if the witness intends to invoke his or her Fifth Amendment right. Failure to so advise will result in sanctions being imposed.

New Orleans, Louisiana, this 22nd day of June, 2011.

                        **SALLY SHUSHAN**
                        **United States Magistrate Judge**

cc: United States District Judge Carl J. Barbier

**The Clerk is instructed to serve this Order on:**
Kurt B. Arnold and Jason Itkin, via email,
**karnold@arnolditkin.com**
**jitkin@arnolditkin.com**