## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL BY THE OIL RIG     *     **MDL NO. 2179**
**"DEEP WATER HORIZON" IN THE GULF**
**OF MEXICO, ON APRIL 20, 2011**     *     **SECTION:  J**

**THIS DOCUMENT RELATED TO:**     *     **JUDGE BARBIER**
**2011-cv-0888**     *     **MAG. JUDGE SHUSHAN**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND DEFENSES TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Lawson Environmental Service, LLC ("Lawson"), who responds to and Answers the Plaintiff's Complaint as follows:

### A.

### ANSWER

Responding to specific allegations of Plaintiff's Complaint, Lawson avers as follows:

1.

The allegations contained in Paragraph of 1of the Complaint are allegations of law; as such, they require no answer from Defendant.  However, if an Answer be deemed necessary, the allegations contained in Paragraph One of the Complaint are admitted.

2.

As to the allegations contained in Paragraph 2 regarding Lawson, Lawson admits that it is a limited liability company with its principal place of business located in Houma, Louisiana.  The remaining allegations contained in Paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 require no answer from this defendant.

4.

Lawson admits that it entered into a Vessel Charter Agreement with Plaintiff, the provisions of which are the best evidence of their contents and which are incorporated as if repeated herein verbatim in *extenso*; the allegations with regard to BP require no Answer from this defendant.

5.

The allegations contained in Paragraph 5 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim in *extenso*.

6.

The allegations contained in Paragraph 6 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim in *extenso*.

7.

The allegations contained in Paragraph 7 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim in

*extenso.*

8.

The allegations contained in Paragraph 8 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are   the best evidence of their   contents and which are incorporated as if repeated herein verbatim in *extenso.*

9.

The allegations contained in Paragraph 5 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are   the best evidence of their   contents and which are incorporated as if repeated herein verbatim in *extenso.*

10.

The allegations contained in Paragraph 10 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are   the best evidence of their   contents and which are incorporated as if repeated herein verbatim in *extenso.*

11.

The allegations contained in Paragraph 11 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are   the best evidence of their   contents and which are incorporated as if repeated herein verbatim in

*extenso.*

12.

The allegations contained in Paragraph 12 are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are  the best evidence of their   contents and which are incorporated as if repeated herein verbatim in *extenso.*

## B.

## DEFENSES

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by his failure to mitigate, minimize, or avoid the damages and losses alleged.

## THIRD DEFENSE

Plaintiff's claims are subject to all terms and conditions as set forth in the Vessel Charter Agreement; the document is the best evidence of its terms and limitations and they  incorporated herein as if repeated verbatim in *extenso.*

## FOURTH DEFENSE

Plaintiff's claims are subject to any credit to any payments received from Defendant.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been fully compensated through payment pursuant to the contract.

## SIXTH DEFENSE

To the extent Plaintiff has suffered damage, it was caused by third-parties and not by Defendant; Defendant is not liable for such damage.

## SEVENTH DEFENSE

Defendant denies that it breached it contractual duties to Plaintiff; however, should Plaintiff establish a breach of contract,   Plaintiff has not suffered any real damages as a result of said breach.

## EIGHTH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

## NINTH DEFENSE

Defendant gives notice that it intends to invoke  any other defense that may be available or appear during the subsequent proceedings in this case and hereby reserves the right to amend its response to assert any such defense.

**WHEREFORE**, Defendant Lawson Environmental Service, LLC, prays that its Answer to the Complaint be deemed good and sufficient and that after due proceedings have been had, this Court render Judgment in its favor, with all costs and fees assessed

against the Plaintiff.

**WHEREFORE,** Defendant further prays for all general relief which the justice of

the cause may require and to which it may otherwise be entitled and that all expert fees

be taxed as costs.

**RESPECTFULLY SUBMITTED:**

**THE SCHWAB LAW FIRM**

/S/ ESTELLE E. MAHONEY
Danna E. Schwab, (#20367)
Estelle E. Mahoney, (#08879)
7847 Main Street
Post Office Box 7095
Houma, Louisiana 70361
Telephone:   (985) 868-1342
Attorney for Lawson Environmental Service LLC

## CERTIFICATE OF SERVICE

I hereby certify that on 22ND day of June, 2011, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to all CM/ECF participants.   I further certify that I mailed the foregoing document

and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

   /s/ Estelle E. Mahoney
**ESTELLE E. MAHONEY**