IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jimr@wrightroy.com | E-Mail: sherman@HHKC.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

June 22, 2011

*VIA* E-MAIL

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

            Re:  Redactions to Board Minutes (and/or Other Documents)

Dear Judge Shushan,

       Counsel for BP has advised that BP has made redactions to Board Minutes (and perhaps other documents) on the basis that some portions of the documents are allegedly "non-responsive". In particular, Mr. Langan represents that:

> We have not redacted relevant confidential and highly confidential
> portions of the Board of Directors minutes; those portions were provided
> to you and are subject to the restrictions in the Court's Pretrial Orders,
> including PTO No. 13.  We have redacted irrelevant information from
> Board minutes, as is often apparent from the documents themselves *(see,
> e.g.*, redactions under headings for "China - Coal", "Russia," "Amoco
> Non-Employee Directors' Restricted Stock Plan," "US Energy Policy,"
> "Carbon Policy," "Brand and Corporate Advertising").  Those redactions
> are clearly captioned "Non Responsive."

       The PSC notes that Pre-Trial Order No. 16 [Regarding Production of Documents and Electronic Data] has no provision for redacting documents based upon alleged relevance grounds. Indeed, PTO #16 would seem to explicitly prohibit redactions of this nature. Specifically, Paragraph 4 states, in pertinent part, as follows:

>**Form and Manner of Production**. All production document images will be provided as single-page Tagged Image File Format ("TIFFs" or ".tiff format"). All images generated from hard copy documents shall be scanned as black and white images at 300 d.p.i. resolution and shall be saved and produced in a Group 4 compression single-page "TIFF" format **and reflect, without visual degradation, the full and complete information contained on the original document**, (emphasis supplied).

Additionally, BP made these redactions without moving for any type of protective order under Rule 26(c). Clearly, the production of the Board Minutes was not "unduly burdensome". (Indeed, it was a greater burden to BP - and delay to Plaintiffs - in spending the time and the effort to make the redactions.) As a procedural matter, moreover, BP had not moved for a protective order relative to the documents at issue or attempt to conferring with the PSC in an attempt to resolve the dispute without court action.

Finally, the only protective order in place in this litigation - PTO #13 - does not in any way provide for the type of "irrelevancy redactions" which BP has unilaterally implemented. PTO #13 simply does not allow a party to make redactions based upon a stated reason of "Non Responsive." To the extent that BP is concerned with any confidentiality issues, PTO #13 allows BP to mark the documents at issue as "Confidential" or "Highly Confidential" and protects those documents from disclosure. In fact, BP's actions frustrate a stated purpose of PTO #13 - "[t]o expedite the flow of discovery material..."

To the PSC's knowledge, PTO #14 provides the sole substantive basis for redacting documents. Moreover, PTO #14 only allows for redactions of documents over which there is a claim of privilege. BP's claim of "irrelevancy" is not an appropriate basis for redaction. As such, the documents at issue should be produced without any redactions and the PSC should be allowed to determine for itself whether or not certain portions of those documents are relevant.

The PSC would appreciate Your Honor's guidance on this issue.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

|   |   |
|---|---|
| /s/ Stephen J. Herman | /s/ James P. Roy |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

cc: J. Andrew Langan, Esq. (*via* E-Mail)
    Defense Liaison Counsel (*via* E-Mail)
    Mike Underhill, Esq. (*via* E-Mail)
    Hon. Attorney General Luther Strange (*via* E-Mail)
    Anthony Irpino, Esq.