

pillsbury

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500


John F. Pritchard
Partner
tel 212.858.1620
john.pritchard@pillsburylaw.com


June 23, 2011

Via Email

The Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130
Email: Sally_Shushan@laed.uscourts.gov


Re:    *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*; MDL No. 2179; 2-10-CV-02771
Motion to Dismiss or, in the Alternative, to Bifurcate Alter Ego
Claims; Deposition of Naoki Ishii

Dear Judge Shushan:

I am counsel for MOEX Offshore 2007 LLC ("MOEX Offshore"). On June 15, 2011, MOEX Offshore and its parent company, MOEX USA Corporation ("MOEX USA") moved to dismiss all alter ego and veil-piercing claims asserted in Pleading Bundles A, B1, B3 and C for lack of ripeness or, in the alternative, to bifurcate those claims for later discovery and trial. The motion also sought a stay of any discovery directed principally at alter ego or veil-piercing matters.

On June 14, 2011, I wrote to your Honor concerning this motion because of the upcoming deposition of Naoki Ishii on June 29-30, and my clients' desire to avoid unnecessary pursuit of corporate veil or alter ego issues during that deposition. On June 17, 2011, I appeared before your Honor and reported that I had reached an understanding with Steven E. Fineman, Esq. of Lieff Cabraser Heimann & Bernstein, LLP that (while the Plaintiffs' Steering Committee reserved its right to ask for such discovery in the future) the plaintiffs would not examine Mr. Ishii about facts that would relate principally to a veil-piercing claim, including such matters as the extent of control exercised by one company over another. I also reported that a similar

June 23, 2011
Page 2

understanding had been reached with the attorney for the U.S. Government.  The
understanding I reached with both counsel does not limit inquiries at the deposition
concerning matters relating to the Macondo Well.

Your Honor asked if any party represented in the courtroom desired to examine Mr.
Ishii on corporate veil or alter ego issues.  Nobody in court expressed interest in doing
so.  Your Honor then gave all parties until Tuesday, June 21, 2011 to file objections,
if any, to the relief we sought.

I write to report that no objections have been filed.  Therefore, I respectfully request
that the Court endorse and "so order" this letter to memorialize the agreement and
directive that, at Mr. Ishii's deposition on June 29-30, the witness not be examined
concerning facts that would relate principally to an alter ego or veil-piercing claim,
including such matters as the extent of control exercised by one company over
another.

I am authorized to state that MOEX USA joins in this request.

Respectfully,

John F. Pritchard

cc:  Counsel