UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on | * | |
| April 20, 2010 | * | SECTION: J |
| | * | |
| **This Document Relates to No. 11-1136** | * | Judge Barbier |
| | * | Mag. Judge Shushan |

### DEFENDANT MARSH USA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF ART CATERING, INC.'S MOTION TO REMAND

Defendant, Marsh USA, Inc. ("Marsh"), submits this Supplemental Memorandum in order to address arguments raised in the Reply Memorandum filed by plaintiff ART Catering, Inc. ("Plaintiff").

In its Reply Memorandum, Plaintiff cites several cases that discuss the general duties owed by insurance brokers and agents – *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728 (La. 1973); *Roger v. Dufrene*, 613 So.2d 947 (La. 1993); *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 458 F. Supp. 2d 276 (E.D. La. 2006); and *Isidore Newman School v. J. Everett Eaves, Inc.*, 2009-2161 (La. 7/6/10), 42 So.3d 352. Importantly, none of these decisions addresses or even considers the issue at hand – namely, the potential liability of, and possibility of recovery from, an individual employee (David B. Gorney) of a corporate insurance

1691928-1

brokerage/defendant (Marsh) in the face of the controlling Fifth Circuit precedent. As there are no claims for bodily injury in this commercial case, Plaintiff's claims against Mr. Gorney are barred by the Fifth Circuit's clear holdings in *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) and *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986). As set forth more fully in Marsh's original opposition memorandum, the Eastern District has consistently followed both of these decisions in denying numerous motions to remand where plaintiffs have attempted to bring individual claims against nondiverse corporate employees.

Moreover, at no time has Plaintiff alleged that Mr. Gorney was acting: (1) in a capacity other than as an employee of Marsh; or (2) outside the scope of his employment by Marsh. Rather, Plaintiff alleges throughout its Petition for Breach of Contract that: (1) Mr. Gorney is and was an employee of Marsh; and (2) Marsh is liable for the alleged negligence of Mr. Gorney while working in his employment. *See* Petition for Breach of Contract, ¶¶ II, XI, XIII. As such, Plaintiff has no claim against or possibility of recovery from Mr. Gorney individually. *See Grimaldi Constr., Inc. v. Robinson*, 1997 U.S. Dist. LEXIS 5674, **9-10 (E.D. La. Apr. 18, 1997) (Schwartz, J.) (recognizing that, under Louisiana law, corporate employees and agents owe no duties to third parties for their negligent acts and omissions in a commercial context).

To the extent that the duties of insurance brokers set forth in the cases cited by Plaintiff may be applicable in this matter, those duties are properly borne by Marsh and carried out through its employees. *See Isidore Newman School v. J. Everett Eaves, Inc.*, *supra* (holding that corporate insurance brokerage owed duties to client/insured with regard to placement of insurance coverage). Corporate employees such as David B. Gorney bear no individual liability in commercial cases such as this under the Fifth Circuit's clear holdings in *Kling Realty Co., Inc.*

and *Unimobil 84, Inc.* Accordingly, Plaintiff has no reasonable possibility of recovery against Mr. Gorney, who has been improperly joined as a defendant. Complete diversity exists among the remaining defendants, and Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

_____
William F. Grace, Jr., T.A. (#6199)
Philip R. Sims (#27644)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
***Attorneys for Marsh USA, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or U.S. Mail.

_____