# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| Timothy A. Duffy, P.C.<br>To Call Writer Directly:<br>(312) 862-2445<br>tim.duffy@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

June 23, 2011

**VIA E-MAIL**

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179""

Dear Judge Shushan:

I write to raise an issue with regard to the PSC's responses to BP's (and other defendants') Requests for Admission ("RFAs").  On May 27, BP served the PSC with 58 RFAs. (At the Court's direction, BPs RFAs were included in a filing along with RFAs posed by Anadarko and Halliburton.)  The PSC served responses on June 13.  A copy of their responses is attached hereto.

Federal Rule of Civil Procedure 36(a)(4) requires that a party to whom an RFA is propounded must admit, deny, or "state in detail why the answering party cannot truthfully admit or deny."  The party may assert "lack of knowledge" as a basis for not admitting or denying, but "only if the party states that it has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny."

Only *four* of the PSC's 58 responses to BP's RFAs arguably comply with this rule.  *See* Responses to Requests No. 3, 4, 9 & 13.

*Forty-seven* of the responses are variations of the following statement:  "Depending on whether certain other parties agree, the PSC would be willing to enter into a stipulation regarding this fact."  *See* Responses to Requests No. 1, 2, 5, 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 & 58).  Offering to consider entering into a stipulation – if various preconditions are met – is no substitute for admitting or denying an RFA.  BP did not serve a list of proposed stipulations.  It served requests for admission, and is entitled to those admissions or denials in response to those requests.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
June 23, 2011
Page 2

The remaining *seven* responses (*see* Responses to Requests No. 6, 7, 8, 11, 12, 34 & 43), are simply non-answers that refer to other non-compliant responses or assert boilerplate objections with offering any of the explanation as to why an admission or denial was not possible.

These responses are wholly inadequate under the rules, which provide detailed instructions on how to respond:

> If a matter is not admitted, the answer *must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it*. A denial must *fairly respond* to the substance of the matter; and when *good faith* requires that a party qualify an answer or deny only a part of a matter, the answer must *specify the part admitted and qualify or deny the rest*.

FRCP 36(a)(4) (emphasis added). This is well beyond an issue of technical compliance, but a fundamental question as to whether the PSC is required to make a good faith effort to respond to these RFAs. BP responded to 221 RFAs posed by the PSC, not one of which was given the back of the hand shown here by the PSC (and not one of which has been raised with the Court as failing to comply with either the letter or spirit of the rules).

By rights, these requests should be deemed admitted pursuant to Rule 36(a)(6) ("On finding that an answer does not comply with the rule, the court may order . . . that the answer is admitted . . . ." *See also*, *e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("[A] district court may, under proper circumstances and in its discretion, order admitted matters which an answering party has failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny."). Failing that, BP respectfully requests that the Court require the PSC to submit revised responses that comply with Rule 36.

I discussed the issue raised herein with Mr. Herman via e-mail, and we both concluded it was appropriate to bring it to the attention of the Court.

Very truly yours,

/s/ Timothy A. Duffy, P.C.

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
June 23, 2011
Page 3

cc:    Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Don K. Haycraft
        Sarah D. Himmelhoch
        Corey Maze
        Bill Large
        Anthony Irpino
        MDL 2179 Defense Liaison Counsel