UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| | "Deepwater Horizon" in the | : | |
| | Gulf of Mexico, on | : | SECTION:  J |
| | April 20, 2010 | : | |
| | | : | JUDGE BARBIER |
| This Document Relates to All Cases | | : | MAG. JUDGE SHUSHAN |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   .

**UNOPPOSED MOTION FOR ENTRY OF
ORDER RELATING TO THE UNITED STATES' ANALYSIS OF SAMPLES**

The United States has and will continue to collect numerous samples of sediment, oil, dispersant, animal tissue, and other substances in its ongoing effort to evaluate the extent and effects of the oil spill that is the subject of this Multi-District Litigation (commonly referred to as the *Deepwater Horizon* Incident).  These samples can provide valuable scientific information important to the statutory mission of several federal agencies and also could provide evidence relevant to the claims and defenses in this litigation.

In nearly every environmental case, and many other cases involving scientific evidence, parties collect and analyze evidence for use in the litigation.  In the ordinary case, there is no question as to the right of a party collecting such samples to conduct reasonable scientific analysis on those samples and the only question lies in whether the party can demonstrate sufficient foundation to admit the analyses at the time of trial.  In this case, however, the large number of parties, variety of claims, wide spectrum of sample types and analyses to be performed, and the increased scrutiny of the parties and public on the question of preservation of evidence, the United States is seeking this Court's guidance on the application of Pretrial Order 1, paragraph 14, as it applies to scientific testing of samples collected in the course of the response to and investigation of the *Deepwater Horizon* incident.

Accordingly, to ensure that any analyses are conducted in a manner that will serve the duties of the agencies and still provide all parties with an opportunity to fairly and completely develop their claims and defenses, the United States respectfully requests entry of the attached proposed order allowing analytical testing of samples relevant to this litigation without need for repeated recourse to this Court.

## I. Consultation with Liaison Counsel

The United States initiated consultation with Liaison Counsel regarding this issue on April 20, 2011. *See* Ex. 1. The Anadarko Defendants provided a comment on the proposed order and the United States revised the draft and circulated the proposed order to all Liaison Counsel for comment. *See, e.g.*, Ex. 2, 3. BP provided comments on later drafts and the United States sent several additional drafts to Liaison Counsel for comment. *See* Ex.4-9.

On June 22, 2011, the United States circulated a final proposal to all parties and requested any objections on or before June 23, 2011 at 12 p.m. eastern. No parties objected and both BP and Anadarko affirmatively stated they did not object. *See* Ex. 10-11.

Therefore, this motion is unopposed.[1]

## II. Factual Background

Many of the federal agencies that participated in the response to the oil spill have collected samples to perform investigations related not only to this litigation but also to their core missions. For instance, the National Oceanic & Atmospheric Administration and the Department of the Interior are charged with, among other important duties, monitoring the status of

---

[1] BP initially requested that the United States agree that this proposed order apply to analyses performed by BP. The United States supports the application of these provisions to all parties, so as to increase the consistency of evidence preservation among the parties. The United States, however, believes it is appropriate to address first the United States' handling of samples and then determine the application of similar provisions to the remaining parties because the parties have already met and conferred with respect to the proposed order as written and further delay would hamper the United States' ability to conduct analyses during this sampling season.

Motion for Entry of Order Relating to the United States' Analysis of Samples
Page **2** of **9**

threatened and endangered species under the Endangered Species Act. As part of those duties, these agencies have established programs to monitor the cause of death of certain species. Similarly, during the response to the *Deepwater Horizon* numerous agencies collected samples of water, air, oil, and sediment to track the release and begin to evaluate its effects.

This Court has already issued orders addressing the preservation of these samples. In Pretrial Orders 30 and 35, the Court granted the United States significant relief by authorizing the disposal of out of date samples through a process of consultation among the parties.

Since that time, questions have arisen regarding the United States' handling of the samples still in the United States' possession. In order to ensure that the actions the United States takes with respect to samples in this high-profile matter are fully consistent with the Court's prior orders, the United States seeks an order clarifying the permissible handling of field samples.

## III.  Description of the Proposed Order

The United States' proposed order is designed to allow the type of analysis and science typically performed in environmental cases brought by the United States. These standard practices strike a balance between allowing the agencies to perform the science necessary to perform their functions and develop their claims and allowing all parties access to necessary evidence.

As written, the proposed Order would apply to the United States and any "Trustee." A Trustee, in the proposed order, would be any of the state agencies participating in the assessment of the natural resource damages resulting from the *Deepwater Horizon* Incident.

The Order would not address the handling of any physical equipment – such as the blowout preventer, the capping stack, or other equipment taken from the rig or salvaged from the

sea floor. *See* Proposed Order ¶ 1. Further, the Order would not address the handling of the "Cementing Compounds," that is, the materials that are the subject of this Court's Order of October 29, 2010 and the pending motion by the United States regarding the testing of those compounds. *Id*.

The main body of the Order would address the Analytical Testing of field samples, such as samples of oil, dispersant, water, sediment, tissues, or other materials gathered from the field. Analytical Testing could include tests or analyses that:

- consume all or part of a Sample (except as provided in Paragraph 11);
- mix some or all of a Sample with additional materials; or
- alter the physical characteristics of a sample.

To be permissible under the Order, Analytical Testing would be required to be governed by a protocol that:

- is in writing;
- describes the techniques, equipment, and methods used in the analysis;
- describes the method of mixing or sub-sampling, if any, used in the analysis;
- describes how the samples will be handled, including any storage or preservation steps;
- provides the sensitivity of the analytical techniques to be used; and
- identifies the quality assurance and quality control measures to be used to review the testing.

At the request of the Anadarko Defendants, the proposed order would treat oil, sediment, and dispersant samples differently than all other samples. For oil, sediment, or dispersant samples, the United States and/or any Trustee can conduct Analytical Testing that does not

consume or alter the Sample at any time. If, however, the United States and/or any Trustee wishes to conduct Analytical Testing on an oil, dispersant, or sediment sample that would alter or destroy the sample, the United States and/or Trustee do one of the following:

- preserves enough of the oil, sediment, or dispersant sample to allow another party to repeat the Analytical Testing (*see* Proposed Order ¶ 11.a);
- if there is insufficient oil, sediment, or dispersant to permit preservation enough of the sample to allow repetition of the entire analysis, preserve enough of the sample extract to allow repetition of the analysis from the extraction step forward (*see* Proposed Order ¶ 11.a); or
- propose the Analytical Testing to Liaison Counsel, after which Liaison Counsel will have 20 days to object and, if objection is made, the United States and/or Trustee may not conduct the Analytical Testing without resolving the objection or obtaining an order of this Court (*see* Proposed Order ¶ 11.b).

For field samples other than oil, dispersants, and sediment, the United States and/or any Trustee may perform any Analytical Testing, even that which consumes or alters the Sample.

The Order would also clarify what materials generated during the course of Analytical Testing must be preserved. Specifically, mixtures and residues created during the Analytical Testing need not be preserved, but "extracts" must be preserved (*see* Proposed Order ¶ 14; 2 (defining extracts)). Similarly, the Order would clarify "chemicals, additives, biological specimens, or materials used in the Analytical Testing that were purchased or otherwise obtained from third parties and which are available to all parties for purchase or acquisition" do not need to be preserved (*see* Proposed Order ¶ 15). Further, because the Analytical Testing will not necessarily consume all of the Sample being analyzed, the Order would make it clear that the

United States must continue to preserve that portion of the Sample not subjected to Analytical Testing (*see* Proposed Order ¶¶ 12, 19).

To resolve questions that have recently been raised about appropriate preservation methods, the proposed order would give the United States and/or Trustees guidance on how to select an appropriate preservation method.  The order identifies certain acceptable methods and then states that the United States and/or Trustee must select "the best practicable method(s) to achieve longevity of the Samples' stability for potential future analysis"  (*see* Proposed Order ¶13).

## IV.     Argument

No party objects to the entry of this order.  Moreover, this order clears the way for the United States to conduct the important work necessary not only to respond to the *Deepwater Horizon* Incident, but also to further their statutory programs.  Without this Order, the agencies would be hampered in efforts to monitor the status of endangered species, study the effectiveness of various health and safety programs for response workers, dredge the waterways important to the Nation's commerce, and conduct their other important and various missions.

Moreover, this proposed order is consistent with the case law governing the conduct of destructive testing in the context of litigation.  Courts have recognized that preventing a party from the ability to conduct destructive testing necessary to develop a claim or defense can interfere with the administrative of justice.  Accordingly, the Court has the discretion to issue an order permitting parties to undertake destructive testing.  In exercising that discretion, courts have considered:  "1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there

are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial." *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 613 (D. Md. 2006). The proposed order meets all of these criteria, as evidenced by the fact that none of the Liaison Counsel object to its entry.

## IV.  Conclusion

To ensure the full and fair development of claims in this case and to allow the agencies to fulfill their missions, the United States respectfully requests entry of the attached proposed order.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
|   Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Admiralty and Aviation |
|   Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
|   Senior Litigation Counsel | MICHELLE DELEMARRE |
| DEANNA CHANG | SHARON SHUTLER |
| SCOTT CERNICH | JESSICA SULLIVAN |
| A. NATHANIEL CHAKERES | JESSICA MCCLELLAN |
| JUDY HARVEY | DAVID PFEFFER |
| MATT LEOPOLD | MALINDA LAWRENCE |
| RACHEL HANKEY | Trial Attorneys |
| Trial Attorneys | Torts Branch, Civil Division |
| P.O. Box 7611 | P.O. Box 14271 |
| Washington, DC 20044-7611 | Washington, DC 20044-4271 |
| | |
|  /s/ Sarah D. Himmelhoch            | |
| STEVEN O'ROURKE | R. MICHAEL UNDERHILL, T.A. |
| SARAH D. HIMMELHOCH | Attorney in Charge, West Coast Office |
| Senior Attorneys | Torts Branch, Civil Division |
| Environmental Enforcement Section | U.S. Department of Justice |
| U.S. Department of Justice | 7-5395 Federal Bldg., Box 36028 |
| P.O. Box 7611 | 450 Golden Gate Avenue |
| Washington, D.C. 20044 | San Francisco, CA 94102-3463 |

Telephone: 202-514-2779/202-514-0180   Telephone: 415-436-6648
Facsimile: 202-514-2583   Facsimile: 415-436-6632
E-mail: steve.o'rourke@usdoj.gov   E-mail: mike.underhill@usdoj.gov
      sarah.himmelhoch@usdoj.gov

JIM LETTEN
United States Attorney
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of June, 2011.

                                                            /s/ Sarah D. Himmelhoch