**UNITED STATES DISTRICT OF COURT**
**EASTERN DISTRICT OF LOUISIANA**

_____

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| _____ | § | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER NO. \_\_\_\_ RELATING TO**
**UNITED STATES' AND NATURAL RESOURCE TRUSTEES'**
**TESTING OF SAMPLES**

CONSIDERING the United States' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

**ANALYTICAL TESTING**

1.      "Sample" shall have the meaning set forth in Paragraph 1 of PTO 30.  Sample shall not include any physical equipment, nor shall it include Cementing Components.

2.      "Extract" shall mean the result of processing a Sample with a liquid solvent or solid phase material to concentrate the sample for purposes of conducting Analytical Testing.

3.      "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

4.      "Sample Retention Date" shall have the meaning set forth in Paragraph 2 of PTO 30.

5.      "Liaison Counsel" shall have the meaning set forth in Paragraph 4 of PTO 30.

6.      "Preserve" shall have the meaning set forth in Paragraph 5 of PTO 22.

7.      "Information" shall have the meaning set forth in Paragraph 2 of PTO 22.

8.      "Trustee" shall mean, in addition to agencies of the United States, any one of the following agencies:  the Louisiana Coastal Protection and Restoration Authority, the Louisiana Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; the Mississippi Department of Environmental Quality; the Alabama Department of Conservation and Natural Resources and Geological Survey of Alabama; the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality.

9.      "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, method of mixing and sub-sampling, method of preservation of samples and extracts, analytical sensitivity, the quality assurance/quality control measures, and the documentation necessary to allow another party to repeat the study or analysis.  Analytical Testing may include the mixture of Samples or portions of Samples with additional materials and may also include the destruction of all or portions of Samples.  Analytical Testing shall comply with applicable U.S EPA approved methods, other analytical methods contained in regulations or guidance published by a federal agency, or any other widely accepted standard operating procedure.  Subject to the requirements of this Order, Analytical Testing may include the consumption of or disposal of portions of a Sample.

10.     Except as specifically provided in Paragraph 11, the United States and/or any Trustee may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing.  Subject to the terms and conditions

of PTO 22, the United States and/or any Trustee shall Preserve all relevant laboratory records that are generated as part of any Analytical Testing it conducts on any Sample.

11.     The United States and/or any Trustee may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples only in accordance with this Paragraph.

a.     The United States may conduct Analytical Testing on oil, dispersant, or sediment Samples to the extent the United States and/or any Trustee preserves a sufficient amount of the Sample to ensure that another party can repeat the Analytical Testing.  For oil, dispersant, or sediment Samples lacking sufficient quantity of material to conduct destructive Analytical Testing and still preserve sufficient original material for another party to reproduce the extraction step, Extracts shall be preserved to ensure that another party can repeat the remaining steps of the Analytical Testing; or

12.     b.     The United States and/or any Trustee may propose to conduct Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples by making such proposal to all Liaison Counsel.  If, after 20 days, no Liaison Counsel has objected to the proposed Analytical Testing, the United States and/or any Trustee may perform the Analytical Testing.  If a Liaison Counsel objects within 20 days of service of the notice, the party proposing the Analytical Testing and the objecting party shall meet and confer and, if the parties are unable to reach agreement, the party proposing the Analytical Testing may move this Court for permission to conduct the proposed Analytical Testing.  Until resolution of the dispute by agreement or Court Order, neither the United States nor any Trustee will conduct the proposed Analytical Testing.

13.     To the extent the United States and/or a Trustee conducts Analytical Testing on tissue or other subsamples removed from flora or fauna collected in the field (including but not

limited to birds, turtles, dolphins, and other avian, mammal, and marine fauna), the United States shall preserve any remaining portion of the flora or fauna remaining after subsampling.

14.     Samples and Extracts required to be preserved by this Order or pursuant to Pretrial Order 1 paragraph 14 shall be preserved in accordance with a U.S EPA approved methods, other analytical methods contained in regulations or guidance published by a federal agency, or any other widely accepted standard operating procedures appropriate for the Sample or Extract type and proposed analysis.  Samples shall be preserved using the best practicable method(s) to achieve longevity of the Samples' stability for potential future analysis.

15.     The United States and/or any Trustee may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the requirements of this Order except that the United States and/or any Trustee may not dispose of any Extract created during or remaining after Analytical Testing except in accordance with Pretrial Orders 30 and 35.

16.     The United States and/or any Trustee may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

17.     The United States and/or any Trustee shall not be required to preserve chemicals, additives, biological specimens, or materials used in the Analytical Testing that were purchased or otherwise obtained from third parties and which are available to all parties for purchase or acquisition.

18.     Nothing in this Order shall apply to Cementing Compounds.

19.     If the United States and/or a Trustee performs Analytical Testing in accordance with this Order that consumes some, but not all, of a Sample, the testing party shall preserve the remainder of the Sample in accordance with the requirements of this Order.

20.     Nothing in this Order is intended to alter the provisions of Pretrial Orders 30 and 35, which authorize the disposal of out-of-date Samples.

21.     The Analytical Testing or disposition of materials in accordance with this Order shall not be a violation of Pretrial Order 1, Paragraph 14.

IT IS SO ORDERED this _____ day of June, 2011, at New Orleans, Louisiana.

_____
THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE