# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Himmelhoch, Sarah (ENRD) |
| **Sent:** | Wednesday, April 20, 2011 3:48 PM |
| **To:** | 'Barr, Brian'; 'DeSanctis, Joseph'; 'Eisert, Joseph'; 'Hedgpeth, Tiffany'; 'Beck, David J.'; 'Centralized Mailbox'; 'Godwin, Donald E.'; 'Haycraft, Don K.'; 'Kirby, Ky E.'; 'Kuchler, Deborah D.'; 'Lanagan, Andrew'; 'Lyle, Michael J.'; 'Miller, Kerry J.'; 'Wittman, Phillip A.'; Chakeres, Aristide (ENRD); Chang, Deanna (ENRD); Delemarre, Michelle (CIV); Gross, Robert (CIV); Lawrence, Malinda R. (CIV); McClellan, Jessica L. (CIV); Nasberg, Lisa (ENRD); Shutler, Sharon (CIV); Stanton, Allison (CIV); Sullivan, Jessica (CIV); Walmsley, Tammy (CIV); 'Alabama -- Tambling, R.'; 'Florida -- Kent, Russell'; 'Louisiana -- Peterson, Lillie'; 'Louisiana -- Terrell, Megan'; 'Mississippi -- Wood, M.'; 'Texas -- Canaday, Nicholas '; 'Herman, Stephen J.'; 'Roy, James Parkerson' |
| **Subject:** | RE: Deepwater Horizon:  Proposed Order Regarding Analysis of Samples |
| **Attachments:** | ENV_ENFORCEMENT-#1912179-v1-Deepwater_Horizon_Preservation_Analysis_of_Samples.DOC |

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'Barr, Brian' | | |
| 'DeSanctis, Joseph' | | |
| 'Eisert, Joseph' | | |
| 'Hedgpeth, Tiffany' | | |
| 'Beck, David J.' | | |
| 'Centralized Mailbox' | | |
| 'Godwin, Donald E.' | | |
| 'Haycraft, Don K.' | | |
| 'Kirby, Ky E.' | | |
| 'Kuchler, Deborah D.' | | |
| 'Lanagan, Andrew' | | |
| 'Lyle, Michael J.' | | |
| 'Miller, Kerry J.' | | |
| 'Wittman, Phillip A.' | | |
| Chakeres, Aristide (ENRD) | Delivered: 4/20/2011 3:49 PM | Read: 4/20/2011 3:58 PM |
| Chang, Deanna (ENRD) | Delivered: 4/20/2011 3:49 PM | Read: 4/20/2011 6:03 PM |
| Delemarre, Michelle (CIV) | Delivered: 4/20/2011 3:49 PM | Read: 4/20/2011 3:49 PM |
| Gross, Robert (CIV) | Delivered: 4/20/2011 3:49 PM | |
| Lawrence, Malinda R. (CIV) | Delivered: 4/20/2011 3:49 PM | |
| McClellan, Jessica L. (CIV) | Delivered: 4/20/2011 3:49 PM | |
| Nasberg, Lisa (ENRD) | Delivered: 4/20/2011 3:49 PM | |
| Shutler, Sharon (CIV) | Delivered: 4/20/2011 3:49 PM | |
| Stanton, Allison (CIV) | Delivered: 4/20/2011 3:49 PM | Read: 4/20/2011 3:51 PM |
| Sullivan, Jessica (CIV) | Delivered: 4/20/2011 3:49 PM | |
| Walmsley, Tammy (CIV) | Delivered: 4/20/2011 3:49 PM | |
| 'Alabama -- Tambling, R.' | | |
| 'Florida -- Kent, Russell' | | |
| 'Louisiana -- Peterson, Lillie' | | |
| 'Louisiana -- Terrell, Megan' | | |
| 'Mississippi -- Wood, M.' | | |
| 'Texas -- Canaday, Nicholas ' | | |
| 'Herman, Stephen J.' | | |
| 'Roy, James Parkerson' | | |

How utterly humiliating.  My apologies.  Here it is.

---

**From:** David Beck [mailto:DBECK@brsfirm.com]
**Sent:** Wednesday, April 20, 2011 3:51 PM
**To:** Himmelhoch, Sarah (ENRD)
**Subject:** Re: Deepwater Horizon: Proposed Order Regarding Analysis of Samples


Sarah, no order attached.

---

**From**: Himmelhoch, Sarah (ENRD)
**To**: Barr, Brian ; DeSanctis, Joseph ; Eisert, Joseph ; Hedgpeth, Tiffany ; David Beck; Centralized Mailbox ; Donald Godwin; Don Haycraft; Ky Kirby; Deb Kuchler; Lanagan, Andrew ; Mike Lyle; Miller, Kerry J. ; Wittman, Phillip A. ; Chakeres, Aristide (ENRD) ; Chang, Deanna (ENRD) ; Delemarre, Michelle (CIV) ; Gross, Robert (CIV) ; Lawrence, Malinda R. (CIV) ; McClellan, Jessica L. (CIV) ; Nasberg, Lisa (ENRD) ; Shutler, Sharon (CIV) ; Stanton, Allison (CIV) ; Sullivan, Jessica (CIV) ; Walmsley, Tammy (CIV) ; Alabama -- Tambling, R. ; Florida -- Kent, Russell ; Louisiana -- Peterson, Lillie ; Louisiana -- Terrell, Megan ; Mississippi -- Wood, M. ; Texas -- Canaday, Nicholas ; Herman, Stephen J. ; Roy, James Parkerson
**Cc**: O'Rourke, Steve (ENRD) ; Underhill, Mike (CIV) ; Mariani, Tom (ENRD) ; Frost, Peter (CIV)
**Sent**: Wed Apr 20 14:15:47 2011
**Subject**: Deepwater Horizon: Proposed Order Regarding Analysis of Samples
Counsel –

Please review the attached proposed order that is designed to address certain preservation issues related to the analysis of samples subject to the preservation requirements of Pretrial Order.  This proposed order also includes the amendment to PTO 30 previously proposed to you by separate email.

Please advise on or before May 6, 2011 at 6 pm eastern time if you object to this proposed order.

Thank you for your attention to this important matter.

Sarah D. Himmelhoch
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| §| | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER NO. ____ RELATING TO
UNITED STATES' AND NATURAL RESOURCE TRUSTEES'
TESTING OF SAMPLES
AND MODIFYING PTO 30**

CONSIDERING the United States' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

**ANALYTICAL TESTING**

1. "Sample" shall have the meaning set forth in Paragraph 1 of PTO 30. Sample shall not include any physical equipment, nor shall it include Cementing Components.

2. "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

3. "Sample Retention Date" shall have the meaning set forth in Paragraph 2 of PTO 30.

4. "Liaison Counsel" shall have the meaning set forth in Paragraph 4 of PTO 30.

5. "Preserve" shall have the meaning set forth in Paragraph 5 of PTO 22.

6. "Information" shall have the meaning set forth in Paragraph 2 of PTO 22.

7. "Trustee" shall mean, in addition to agencies of the United States, any one of the following agencies: the Louisiana Coastal Protection and Restoration Authority, the Louisiana

Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; the Mississippi Department of Environmental Quality; the Alabama Department of Conservation and Natural Resources and Geological Survey of Alabama; the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality.

      8.     "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, the quality assurance/quality control measures, and the documentation necessary to allow reproduction of the study or analysis by another party. Analytical Testing may include the mixture of Samples or portions of Samples with additional materials and may also include the destruction of portions of Samples. Subject to the requirements of Paragraphs 9-10, Analytical Testing may include the consumption of or disposal of portions of a Sample.

      9.     Except as specifically provided in Paragraph 10, the United States and/or any Trustee may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing. Subject to the terms and conditions of PTO 22, the United States and/or any Trustee shall Preserve all Information potentially relevant to any Analytical Testing it conducts on any Sample.

      10.    The United States and/or any Trustee may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples collected from April 20, 2010 to, and including,

December 31, 2010, only to the extent the United States and/or any Trustee Preserves a sufficient amount of the Sample to ensure that another party can reproduce the Analytical Testing.

11. Notwithstanding Paragraph 10, upon receipt of written consent of all Liaison Counsel, the United States and/or any Trustee may conduct destructive Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples collected from April 20, 2010 to, and including, December 31, 2010.

12. For any Sample collected by the United States and/or any Trustee on or after January 1, 2011, the United States and/or any Trustee may conduct destructive Analytical Testing that consumes all or any part of a Sample.

13. The United States and/or any Trustee may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the requirements of this Order.

14. The United States and/or any Trustee may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

### AMENDMENT OF PTO 30

15. Paragraph 6.a. of PTO 30 currently provides that "[i]f, within 20 days of the service of the written notice, no Liaison Counsel has objected, requested additional information, or requested custody of the Samples identified for disposal or moved this Court for preservation of the Sample, the United States may dispose of the Sample on the proposed disposal date." This paragraph is hereby amended to provide that "[i]f, within 20 days of the service of the written notice, no Liaison Counsel has objected, requested additional information, or requested custody

of the Samples identified for disposal or moved this Court for preservation of the Sample, the United States may dispose of the Sample at any time thereafter."

        IT IS SO ORDERED this _____ day of April, 2011, at New Orleans, Louisiana.

                                        _____
                                        THE HONORABLE CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE