# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Himmelhoch, Sarah (ENRD) |
| **Sent:** | Wednesday, May 11, 2011 7:38 PM |
| **To:** | Barr, Brian; DeSanctis, Joseph; Eisert, Joseph; Hedgpeth, Tiffany; Israel, Brian; Beck, David J.; Centralized Mailbox; Godwin, Donald E.; Haycraft, Don K.; Kirby, Ky E.; Kuchler, Deborah D.; Langan, Andrew; Lyle, Michael J.; Miller, Kerry J.; Wittman, Phillip A.; Chakeres, Aristide (ENRD); Chang, Deanna (ENRD); Delemarre, Michelle (CIV); Gross, Robert (CIV); Lawrence, Malinda R. (CIV); McClellan, Jessica L. (CIV); Nasberg, Lisa (ENRD); Shutler, Sharon (CIV); Stanton, Allison (CIV); Sullivan, Jessica (CIV); Walmsley, Tammy (CIV); Alabama -- Tambling, R.; Florida -- Kent, Russell; Louisiana -- Peterson, Lillie; Louisiana -- Terrell, Megan; Mississippi -- Wood, M.; Texas -- Canaday, Nicholas ; Herman, Stephen J.; Roy, James Parkerson |
| **Subject:** | Deepwater Horizon:  Proposed order on Analysis of Samples |
| **Attachments:** | Sample Order.docx |

Counsel –

The United States previously proposed this order and received only one set of comments, from Anadarko/MOEX regarding preservation of sample extracts.  We have modified the order to make it clear that we must preserve sample extracts and to clarify the procedures for proposing destructive testing.

Please notify me on or before May 18, 2011 at 6 pm eastern if you object to this order.  We will be seeking the Court's entry of this order on May 19, 2011.

Please feel free to contact me if you have any questions or concerns.

Thank you in advance,

Sarah Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER NO.____ RELATING TO UNITED STATES' AND NATURAL RESOURCE TRUSTEES' TESTING OF SAMPLES AND MODIFYING PTO 30

CONSIDERING the United States' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

### ANALYTICAL TESTING

1. "Sample" shall have the meaning set forth in Paragraph 1 of PTO 30. Sample shall not include any physical equipment, nor shall it include Cementing Components.

2. "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

3. "Sample Retention Date" shall have the meaning set forth in Paragraph 2 of PTO 30.

4. "Liaison Counsel" shall have the meaning set forth in Paragraph 4 of PTO 30.

5. "Preserve" shall have the meaning set forth in Paragraph 5 of PTO 22.

6. "Information" shall have the meaning set forth in Paragraph 2 of PTO 22.

7. "Trustee" shall mean, in addition to agencies of the United States, any one of the following agencies: the Louisiana Coastal Protection and Restoration Authority, the Louisiana

Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; the Mississippi Department of Environmental Quality; the Alabama Department of Conservation and Natural Resources and Geological Survey of Alabama; the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality.

      8.    "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, the quality assurance/quality control measures, and the documentation necessary to allow reproduction of the study or analysis by another party. Analytical Testing may include the mixture of Samples or portions of Samples with additional materials and may also include the destruction of portions of Samples. Subject to the requirements of Paragraphs 9-10, Analytical Testing may include the consumption of or disposal of portions of a Sample.

      9.    Except as specifically provided in Paragraph 10, the United States and/or any Trustee may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing. Subject to the terms and conditions of PTO 22, the United States and/or any Trustee shall Preserve all Information potentially relevant to any Analytical Testing it conducts on any Sample.

      10.    The United States and/or any Trustee may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples collected from April 20, 2010 to, and including, December 31, 2010, only to the extent the United States and/or any Trustee Preserves a sufficient

amount of the Sample to ensure that another party can reproduce the Analytical Testing. For Samples lacking sufficient quantity of material to conduct destructive Analytical Testing and still preserve sufficient original material for another party to reproduce the extraction step, extracts shall be preserved to ensure that another party can reproduce the remaining steps of the Analytical Testing.

11. Notwithstanding Paragraph 10, the United States and/or any Trustee may propose to conduct destructive Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples for which the original quantity of material is sufficient to allow another party to reproduce the Analytical Testing and which were collected from April 20, 2010 to, and including, December 31, 2010. The United States and/or any Trustee shall make such proposal to all Liaison Counsel. If, after 20 days, no Liaison Counsel has objected to the proposed Analytical Testing, the United States and/or any Trustee may perform the Analytical Testing. If a Liaison Counsel objects within 20 days of service of the notice, the party proposing the Analytical Testing and the objecting party shall meet and confer and, if the parties are unable to reach agreement, the party proposing the Analytical Testing may move this Court for permission to conduct the proposed Analytical Testing. Until resolution of the dispute by agreement or Court Order, neither the United States nor any Trustee will conduct the proposed Analytical Testing.

12. For any Sample collected by the United States and/or any Trustee on or after January 1, 2011, the United States and/or any Trustee may conduct destructive Analytical Testing that consumes all or any part of a Sample.

13. The United States and/or any Trustee may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the

requirements of this Order except that the United States and/or any Trustee may not dispose of any sample extract created during or remaining after Analytical Testing.

14.  The United States and/or any Trustee may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

IT IS SO ORDERED this _____ day of April, 2011, at New Orleans, Louisiana.

_____
THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE