# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Joseph DeSanctis [jdesanctis@kirkland.com] |
| **Sent:** | Friday, June 03, 2011 7:14 PM |
| **To:** | Himmelhoch, Sarah (ENRD) |
| **Cc:** | Andrew Langan; Barbara Harding; Philip Chen; Robert Gasaway; Joseph Eisert |
| **Subject:** | Re: Fw: Deepwater Horizon:  Proposed Order Regarding Analysis of Samples |
| **Attachments:** | 20110603_K&E proposal re DOJ Sample Order_a1.docx |

Sarah

Following up on Joe Eisert's email from earlier today, I am attaching BP's redline of suggested revisions to the DOJ order regarding sample preservation.

Thank you for your consideration in this matter.

Joe DeSanctis

Joseph J. DeSanctis
Kirkland & Ellis LLP
655 15th Street, NW
Washington, DC  20005
(202) 879-5967

---

**Joseph Eisert/Washington DC/Kirkland-Ellis**

06/03/2011 10:13 AM

> To "Himmelhoch, Sarah (ENRD)" <Sarah.Himmelhoch@usdoj.gov>
> cc Robert Gasaway/Washington DC/Kirkland-Ellis@K&E, Andrew Langan/Chicago/Kirkland-Ellis@K&E, Joseph DeSanctis/Washington DC/Kirkland-Ellis@K&E, Barbara Harding/Washington DC/Kirkland-Ellis@K&E, Philip Chen/Los Angeles/Kirkland-Ellis@K&E
> Subject Fw: Deepwater Horizon:  Proposed Order Regarding Analysis of Samples

Sarah--

As we discussed yesterday, we'll provide comments on the proposed order later today.  We appreciate the extra time.  We'll also provide our position on Anadarko's letter regarding sample preservation.

Regards,

Joe

Joseph A. Eisert | Kirkland & Ellis LLP
655 Fifteenth Street, N.W. • Suite 1200 | WASHINGTON, DC 20005 | (202) 879-5136 DIRECT | (202) 879-5200 FAX  | jeisert@kirkland.com

----- Forwarded by Joseph Eisert/Washington DC/Kirkland-Ellis on 06/03/2011 10:10 AM -----

**Joseph Eisert/Washington DC/Kirkland-Ellis**

05/31/2011 10:10 PM

> To "Himmelhoch, Sarah (ENRD)" <Sarah.Himmelhoch@usdoj.gov>
> cc Robert Gasaway/Washington DC/Kirkland-Ellis@K&E, Andrew Langan/Chicago/Kirkland-Ellis@K&E, Joseph DeSanctis/Washington DC/Kirkland-Ellis@K&E, Barbara Harding/Washington DC/Kirkland-Ellis@K&E, Philip Chen/Los

K&E Proposed Revisions

## UNITED STATES DISTRICT OF COURT
## EASTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| _____ | § | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER NO.____ RELATING TO
### UNITED STATES' AND NATURAL RESOURCE TRUSTEES'
### TESTING OF SAMPLES
### AND MODIFYING PTO 30

CONSIDERING the United States' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

### ANALYTICAL TESTING

1. "Sample" shall have the meaning set forth in Paragraph 1 of PTO 30. Sample shall not include any physical equipment, nor shall it include Cementing Components.

2. "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

3. "Sample Retention Date" shall have the meaning set forth in Paragraph 2 of PTO 30.

4. "Liaison Counsel" shall have the meaning set forth in Paragraph 4 of PTO 30.

5. "Preserve" shall have the meaning set forth in Paragraph 5 of PTO 22.

6. "Information" shall have the meaning set forth in Paragraph 2 of PTO 22.

7. "Trustee" shall mean, in addition to agencies of the United States, any one of the following agencies: the Louisiana Coastal Protection and Restoration Authority, the Louisiana

K&E Proposed Revisions

Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; the Mississippi Department of Environmental Quality; the Alabama Department of Conservation and Natural Resources and Geological Survey of Alabama; the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality.

8.  "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, method of mixing and subsampling, method of preservation of samples and extracts, analytical sensitivity, the quality assurance/quality control measures, and the documentation necessary to allow reproduction of the study or analysis by another party to repeat the study or analysis. Analytical Testing may include be performed on the mixture of Samples or portions of Samples with additional materials and may also include the destruction of portions of Samples. Subject to the requirements of Paragraphs 9-10, Analytical Testing may include the consumption of or disposal of portions of a Sample. Analytical Testing will be conducted in accordance with laboratory standard operating procedures and published and approved EPA (or other federal agency-approved) methods (where applicable). Where EPA methods do not exist for a specific parameter, then ASTM methods will be used.

9.  Except as specifically provided in Paragraph 10, the United States and/or any Trustee may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing. Subject to the terms and conditions

K&E Proposed Revisions

of PTO 22, the United States and/or any Trustee shall Preserve ~~all~~ relevant laboratory records that are generated as part of ~~Information potentially relevant to~~ any Analytical Testing it conducts on any Sample.

10.  The United States and/or any Trustee may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples collected from April 20, 2010 to, and including, December 31, 2010, only to the extent the United States and/or any Trustee Preserves a sufficient amount of the Sample (such Sample having been maintained properly with regard to preservation, holding time retention, and traceability) to ensure that another party can ~~reproduce~~ repeat the Analytical Testing.  For Samples lacking sufficient quantity of material to conduct destructive Analytical Testing and still preserve sufficient original material for another party to ~~reproduce~~ repeat the extraction step, extracts shall be preserved to ~~ensure that~~ allow another party ~~can reproduce~~ to repeat the remaining steps of the Analytical Testing.  Notwithstanding this obligation to preserve such amount of oil, dispersant or sediment Sample or Sample extract, without regard to methods of preservation no Sample must be preserved for a period of longer than 180 days from the date on which such Sample was originally taken and no Sample extract must be preserved for a period longer than 90 days from the date on which the Sample extract was originally produced from the Sample material; however, during this period, no sample yielding a data result may be disposed of without 60 days notice to the Parties, during which time the Parties may request and re-test such Sample at their own expense.

11.  Notwithstanding Paragraph 10, the United States and/or any Trustee may propose to conduct destructive Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples for which the original quantity of material is sufficient to allow another party to reproduce the Analytical Testing and which were collected from April 20, 2010 to, and

K&E Proposed Revisions

including, December 31, 2010.  The United States and/or any Trustee shall make such proposal to all Liaison Counsel.  If, after 20 days, no Liaison Counsel has objected to the proposed Analytical Testing, the United States and/or any Trustee may perform the Analytical Testing.  If a Liaison Counsel objects within 20 days of service of the notice, the party proposing the Analytical Testing and the objecting party shall meet and confer and, if the parties are unable to reach agreement, the party proposing the Analytical Testing may move this Court for permission to conduct the proposed Analytical Testing.  Until resolution of the dispute by agreement or Court Order, neither the United States nor any Trustee will conduct the proposed Analytical Testing.

12. For any Sample collected by the United States and/or any Trustee on or after January 1, 2011, the United States and/or any Trustee may conduct destructive Analytical Testing that consumes all or any part of a Sample.  <ins>Notwithstanding the above, the parties will comply with all conditions found in paragraphs 9, 10, and 11.</ins>

13. The United States and/or any Trustee may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the requirements of this Order except that the United States and/or any Trustee may not dispose of any sample extract created during or remaining after Analytical Testing.

14. The United States and/or any Trustee may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

  IT IS SO ORDERED this _____ day of ~~April~~<ins>June</ins>, 2011, at New Orleans, Louisiana.

               _____

K&E Proposed Revisions

                              THE HONORABLE CARL J. BARBIER
                              UNITED STATES DISTRICT JUDGE

Subject: Re: Deepwater Horizon: Proposed Order Regarding Analysis of Samples  Angeles/Kirkland-Ellis@K&E  Link

Sarah--

BP will provide comments on the proposed order within this time frame too -- by 6 PM Eastern, June 2.

Regards,

Joe

Joseph A. Eisert | Kirkland & Ellis LLP
655 Fifteenth Street, N.W. • Suite 1200 | WASHINGTON, DC 20005 | (202) 879-5136 DIRECT | (202) 879-5200 FAX | jeisert@kirkland.com

**"Himmelhoch, Sarah (ENRD)"**
**<Sarah.Himmelhoch@usdoj.gov>**

05/27/2011 05:06 PM

To: <daniel.saunders@bingham.com>

cc: "Barr, Brian" <BBarr@levinlaw.com>, "DeSanctis, Joseph" <jdesanctis@kirkland.com>, "Eisert, Joseph" <jeisert@kirkland.com>, "Hedgpeth, Tiffany" <tiffany.hedgpeth@bingham.com>, "Israel, Brian" <Brian.Israel@APORTER.COM>, "Beck, David J." <dbeck@brsfirm.com>, "Centralized Mailbox" <liaison2179@liskow.com>, "Godwin, Donald E." <dgodwin@godwinronquillo.com>, "Haycraft, Don K." <dkhaycraft@liskow.com>, "Kirby, Ky E." <ky.kirby@bingham.com>, "Kuchler, Deborah D." <dkuchler@kuchlerpolk.com>, "Langan, Andrew" <andrew.langan@kirkland.com>, "Lyle, Michael J." <michael.lyle@weil.com>, "Miller, Kerry J." <kmiller@frilot.com>, "Wittman, Phillip A." <pwittman@stonepigman.com>, "Chakeres, Aristide (ENRD)" <Aristide.Chakeres@usdoj.gov>, "Chang, Deanna (ENRD)" <Deanna.Chang@usdoj.gov>, "Delemarre, Michelle (CIV)" <Michelle.Delemarre@usdoj.gov>, "Gross, Robert (CIV)" <Robert.Gross@usdoj.gov>, "Lawrence, Malinda R. (CIV)" <Malinda.R.Lawrence@usdoj.gov>, "McClellan, Jessica L. (CIV)" <Jessica.L.McClellan@usdoj.gov>, "Nasberg, Lisa (ENRD)" <Lisa.Nasberg@usdoj.gov>, "Shutler, Sharon (CIV)" <Sharon.Shutler@usdoj.gov>, "Stanton, Allison (CIV)" <Allison.Stanton@usdoj.gov>, "Sullivan, Jessica (CIV)" <Jessica.Sullivan@usdoj.gov>, "Walmsley, Tammy (CIV)" <Tammy.Walmsley@usdoj.gov>, "Alabama -- Tambling, R." <RTambling@ago.state.al.us>, "Florida -- Kent, Russell" <russell.kent@myfloridalegal.com>, "Louisiana -- Peterson, Lillie" <e.petersen@kanner-law.com>, "Louisiana -- Terrell, Megan" <TerrellM@ag.state.la.us>, "Mississippi -- Wood, M." <MWOOD@ago.state.ms.us>, "Texas -- Canaday, Nicholas " <Nicholas.Canaday@oag.state.tx.us>, "Herman, Stephen J." <sherman@hhkc.com>, "Roy, James Parkerson" <jimr@wrightroy.com>

Subject: Deepwater Horizon: Proposed Order Regarding Analysis of Samples

Mr. Saunders,

The United States is preparing a response to your letter of May 17, 2011 regarding the *method* for preserving samples and extracts in the possession of the United States. It appears from your letter that you do not have any other comments on or objections to our proposed order. If that is the case, since our proposed order does not address how we preserve but rather what we preserve, we ask whether you consent to entry of the order if we make it clear in our motion that the parties are still discussing the *method* of preservation.

No other party has objected to entry of the order, and therefore, the United States is anxious to move the Court for its entry. If you could please advise us of your position before 6 p.m. on June 2, 2011, it would be greatly appreciated.

Thank you for your attention to this matter,

Sincerely,

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
202-514-0810

ALL COUNSEL:  Please note one change to the proposed order:  In paragraph change the word "sufficient" was changed to "insufficient" to correct a rather significant typographical error.  If you have any objection to this change, please advise as soon as possible but no later than 6 pm on June 2, 2011.  THANK YOU.

 [attachment "ENV_ENFORCEMENT-#1955685-v1-Deepwater_Horizon_Preservation_Samples_Analysis_Proposed_Order.docx" deleted by Joseph Eisert/Washington DC/Kirkland-Ellis]

```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************
```