# Himmelhoch, Sarah (ENRD)

| | |
|---|---|
| **From:** | Himmelhoch, Sarah (ENRD) |
| **Sent:** | Friday, May 27, 2011 5:04 PM |
| **To:** | daniel.saunders@bingham.com |
| **Cc:** | Barr, Brian; DeSanctis, Joseph; Eisert, Joseph; Hedgpeth, Tiffany; Israel, Brian; Beck, David J.; Centralized Mailbox; Godwin, Donald E.; Haycraft, Don K.; Kirby, Ky E.; Kuchler, Deborah D.; Langan, Andrew; Lyle, Michael J.; Miller, Kerry J.; Wittman, Phillip A.; Chakeres, Aristide (ENRD); Chang, Deanna (ENRD); Delemarre, Michelle (CIV); Gross, Robert (CIV); Lawrence, Malinda R. (CIV); McClellan, Jessica L. (CIV); Nasberg, Lisa (ENRD); Shutler, Sharon (CIV); Stanton, Allison (CIV); Sullivan, Jessica (CIV); Walmsley, Tammy (CIV); Alabama -- Tambling, R.; Florida -- Kent, Russell; Louisiana -- Peterson, Lillie; Louisiana -- Terrell, Megan; Mississippi -- Wood, M.; Texas -- Canaday, Nicholas ; Herman, Stephen J.; Roy, James Parkerson |
| **Subject:** | Deepwater Horizon:  Proposed Order Regarding Analysis of Samples |
| **Attachments:** | ENV_ENFORCEMENT-#1955685-v1-Deepwater_Horizon_Preservation_Samples_Analysis_Proposed_Order.docx |

Mr. Saunders,

The United States is preparing a response to your letter of May 17, 2011 regarding the *method* for preserving samples and extracts in the possession of the United States.  It appears from your letter that you do not have any other comments on or objections to our proposed order.  If that is the case, since our proposed order does not address how we preserve but rather what we preserve, we ask whether you consent to entry of the order if we make it clear in our motion that the parties are still discussing the *method* of preservation.

No other party has objected to entry of the order, and therefore, the United States is anxious to move the Court for its entry.  If you could please advise us of your position before 6 p.m. on June 2, 2011, it would be greatly appreciated.

Thank you for your attention to this matter,

Sincerely,

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
202-514-0810

ALL COUNSEL:  Please note one change to the proposed order:  In paragraph change the word "sufficient" was changed to "insufficient" to correct a rather significant typographical error.  If you have any objection to this change, please advise as soon as possible but no later than 6 pm on June 2, 2011.  THANK YOU.

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER NO. ___ RELATING TO
UNITED STATES' AND NATURAL RESOURCE TRUSTEES'
TESTING OF SAMPLES
AND MODIFYING PTO 30

CONSIDERING the United States' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

ANALYTICAL TESTING

1. "Sample" shall have the meaning set forth in Paragraph 1 of PTO 30. Sample shall not include any physical equipment, nor shall it include Cementing Components.

2. "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

3. "Sample Retention Date" shall have the meaning set forth in Paragraph 2 of PTO 30.

4. "Liaison Counsel" shall have the meaning set forth in Paragraph 4 of PTO 30.

5. "Preserve" shall have the meaning set forth in Paragraph 5 of PTO 22.

6. "Information" shall have the meaning set forth in Paragraph 2 of PTO 22.

7. "Trustee" shall mean, in addition to agencies of the United States, any one of the following agencies: the Louisiana Coastal Protection and Restoration Authority, the Louisiana

Oil Spill Coordinator's Office, the Louisiana Department of Environmental Quality, the Louisiana Department of Wildlife and Fisheries, and the Louisiana Department of Natural Resources; the Mississippi Department of Environmental Quality; the Alabama Department of Conservation and Natural Resources and Geological Survey of Alabama; the Florida Department of Environmental Protection and the Florida Fish and Wildlife Conservation Commission; and the Texas Parks and Wildlife Department, the Texas General Land Office, and the Texas Commission on Environmental Quality.

8.   "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, the quality assurance/quality control measures, and the documentation necessary to allow reproduction of the study or analysis by another party.  Analytical Testing may include the mixture of Samples or portions of Samples with additional materials and may also include the destruction of portions of Samples.  Subject to the requirements of Paragraphs 9-10, Analytical Testing may include the consumption of or disposal of portions of a Sample.

9.   Except as specifically provided in Paragraph 10, the United States and/or any Trustee may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing.  Subject to the terms and conditions of PTO 22, the United States and/or any Trustee shall Preserve all Information potentially relevant to any Analytical Testing it conducts on any Sample.

10.   The United States and/or any Trustee may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples collected from April 20, 2010 to, and including, December 31, 2010, only to the extent the United States and/or any Trustee Preserves a sufficient

amount of the Sample to ensure that another party can reproduce the Analytical Testing. For Samples lacking sufficient quantity of material to conduct destructive Analytical Testing and still preserve sufficient original material for another party to reproduce the extraction step, extracts shall be preserved to ensure that another party can reproduce the remaining steps of the Analytical Testing.

11. Notwithstanding Paragraph 10, the United States and/or any Trustee may propose to conduct destructive Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples for which the original quantity of material is insufficient to allow another party to reproduce the Analytical Testing and which were collected from April 20, 2010 to, and including, December 31, 2010. The United States and/or any Trustee shall make such proposal to all Liaison Counsel. If, after 20 days, no Liaison Counsel has objected to the proposed Analytical Testing, the United States and/or any Trustee may perform the Analytical Testing. If a Liaison Counsel objects within 20 days of service of the notice, the party proposing the Analytical Testing and the objecting party shall meet and confer and, if the parties are unable to reach agreement, the party proposing the Analytical Testing may move this Court for permission to conduct the proposed Analytical Testing. Until resolution of the dispute by agreement or Court Order, neither the United States nor any Trustee will conduct the proposed Analytical Testing.

12. For any Sample collected by the United States and/or any Trustee on or after January 1, 2011, the United States and/or any Trustee may conduct destructive Analytical Testing that consumes all or any part of a Sample.

13. The United States and/or any Trustee may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the

requirements of this Order except that the United States and/or any Trustee may not dispose of any sample extract created during or remaining after Analytical Testing.

14. The United States and/or any Trustee may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

IT IS SO ORDERED this _____ day of April, 2011, at New Orleans, Louisiana.

_____
THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE