# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 23, 2011

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
   Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL No. 2179 — BP's Response to Specific Questions Relating to the Preservation of the *Deepwater Horizon* Blowout Preventer

Dear Judge Shushan:

This letter responds on BP's behalf to your Order of June 17th (Doc. 2847) relating to preservation of the *Deepwater Horizon* Blowout Preventer ("BOP"). In general, BP believes that the BOP is one of the most central pieces of physical evidence in this litigation and that it should continue to be preserved in essentially its present condition, or as close to that condition as is reasonably possible.

The June 17th Order requests responses to six specific questions relating to BOP preservation. BP's responses are detailed below.

**Question 1:**   **Do you want to preserve the BOP and why do you want to preserve it?**

*BP response:* Yes. For the foreseeable future the BOP, its Control Pods, and all other related components should be preserved. The benefits to continued preservation of the BOP include the following: (i) further technical examination of the BOP may be appropriate for unforeseen litigation reasons; (ii) any further BOP testing should be performed under Court direction and pursuant to court-approved protocols in view of the fact that performing certain BOP tests can preclude the possibility of performing alternative tests in the future; and (iii) further technical examination of the BOP may be requested by government agencies or private parties for non-litigation purposes, such as an examination to evaluate or improve industry safety standards. In short, the benefits of

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 23, 2011
Page 2

*preservation clearly outweigh considerations in favor of releasing the BOP from legal hold status.*

**Question 2:** **If you answer yes to question no. 1, how long do you want to preserve it?**

*BP response: BP respectfully suggests that the BOP, its Control Pods, and all other related components should be preserved at least until the close of testimony and presentation of evidence and submission of proposed findings and conclusions in Phase I of the Limitation Action and liability trial. At that time, BP respectfully submits that the Court and parties should revisit these issues and arrive at a mutually agreeable solution.*

**Question 3:** **If you answer yes to question no. 1, are you prepared to pay all of the cost of preserving it, including any maintenance required for long term preservation?**

*BP response:  The Court's Orders of March 25 and April 19 establish that the Government is the BOP's "sole custodian." As the BOP's sole custodian, the expense of storing and preserving the BOP in the upcoming year should be shouldered by the Government.*

*If for any reason the Court were to determine that it is not appropriate for the Government to bear the expense of BOP preservation, then BP submits that Transocean (as the BOP's owner) and other litigants (including BP) should equitably split the costs of BOP preservation, including any maintenance required for long-term preservation.*

**Question 4:** **Do you have any objection to the BOP being released to Transocean as the owner of the BOP?**

*BP response: Yes. BP respectfully urges that, until at least the close of Phase 1 of MDL 2179 Limitation Action and liability trial, the BOP, its Control Pods, and all other related components should remain in the custody of an independent governmental custodian to ensure their integrity.*

*As the Court is aware, BP has gone to substantial lengths and incurred significant costs to retain physical items of equipment relating to the Deepwater Horizon incident and associated response efforts. As this Court has recognized in granting BP's three equipment disposition motions, many items of equipment that BP initially had retained ultimately proved to have little or no evidentiary value, and BP's interests, as well as the interests of others, proved to be best served by permitting BP to put those items to other uses, including providing equipment to*

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 23, 2011
Page 3

*the Marine Well Containment Company for use in responding to possible future oil spills. By contrast, the BOP is one of the most central pieces of physical evidence in this litigation. BP is aware of no compelling interest that would be served by releasing, as opposed to continuing to preserve, the BOP.*

*Moreover, releasing the BOP to a non-independent, non-governmental custodian — let alone to a party with a stake in the MDL 2179 litigation — might well be detrimental. For example, there is no guarantee that such custodian would preserve the BOP in its present condition. There is no guarantee, that should further technical examination of the BOP become appropriate for unforeseen reasons, such further testing would be allowed. And there is no guarantee that such a custodian would undertake further testing of the BOP only under Court direction and pursuant to Court-approved protocols that would not unfairly preclude the possibility of later performing confirmatory or alternative testing.*

*In sum, releasing the BOP to an interested party would not only be contrary to the approach reflected in the recently completed Court-supervised DNV testing, but also it might well give the custodial party a potential ability to "game" an additional BOP forensic examination. For reasons such as these, BP respectfully requests that the BOP be retained and preserved in as close to its present state as possible, in government custody, and under this Court's auspices and authority.*

**Question 5:** **Do you request that District Judge Barbier view the BOP at Michoud before February 2012, and if so, why?**

> <u>BP response</u>: *At the Court's discretion, BP invites Judge Barbier to view the BOP at Michoud at a convenient time.*

**Question 6:** **Do you intend to use a model of the BOP at the February 2012 trial?**

> <u>BP response</u>: *At this time, BP has not finalized plans regarding visual aids to be used at trial. BP currently anticipates, however, that it will use a rendering, drawing, and/or model of the BOP.*

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 23, 2011
Page 4

\* \* \* \*

In addition, as you know, the issue of preserving certain enumerated BOP-related Portable Electronic Testing Units ("PETU") and computers recently has arisen. (*See* Attachment A.) BP respectfully requests that the items identified on Attachment A — four PETUs and four computers — also be preserved. In addition, BP further requests that, to the maximum extent possible, mirror images and/or copies of the software and programming code on these PETUs and computers be preserved as well.

BP looks forward to discussing further with the Court and parties the development and implementation of specific preservation protocols, consistent with the Court's consideration of, and rulings on, this BP submission and similar submissions by other parties.

Please contact us if you have questions concerning this letter or if you require additional information about preserving the BOP.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

| | | | |
|---|---|---|---|
| O'Keefe, Mike | Drew Gilbert | Deborah Kuchler | R. Michael Underhill |
| Mary Rose Alexander | Don Godwin | J. Andrew Langan, P.C. | Alan Weigel |
| David Beck | Daniel Goforth | Michael Lyle | Jimmy Williamson |
| Carmelite Bertaut | Glenn Goodier | Corey Maze | Phillip Wittmann |
| Fances Bivens | David Grassmick | Kerry Miller | Alan York |
| Scott Cernich | Don Haycraft | Steven O'Rourke | |
| Mark Cohen | Steve Herman | Angela Rhodes | |
| Ruth Colvin | Don Jackson | James Roy | |
| Joseph Eisert | David Jones | Amund Skou | |
| Warren Anthony Fitch | Ky Kirby | Hugh Tanner | |

# ATTACHMENT A

| BOP FORENSICS – PHASE II<br>MDL LITIGATION – R.DOC. 1757 | DEEPWATER HORIZON<br>FORENSIC INVESTIGATION OF<br>THE BLOWOUT PREVENTER | DET NORSKE VERITAS |  |
|---|---|---|---|

## PETU & Laptop
## Identification

| PETU<br>Serial No. | Switching Modes | Other PETU<br>Information |
|---|---|---|
| 300082255 | A/B dial switch | • 5009 Aftermarket RGR<br>• Assembly No. 20220726-43<br>• Year Manufacture: 8/2008<br>• Cameron Property: 00275929 |
| 222650-78 | A/B dial switch plus, toggle switch with Single – A+B modes | • 619082-01-36 |
| 111780713-01 | A/B dial switch plus, toggle switch with Single – A+B modes | • Plant 5009<br>• Assembly No. 223180-38<br>• Year Manufacture: 6/2010<br>• 619082-01-36 |
| 4286 0004 | A/B dial switch | • P/N – 223180-49<br>• ORD No. 75006468/01 |

| Panasonic Toughbook CF30<br>Lap Top Serial Nos. | | | |
|---|---|---|---|
| CF-30KTPAX2B<br>0BKSA21023 | CF-30KTPAXAM<br>9BKSA32920 | CF-30KTPAX2M<br>9HKSA75662 | CF-30KTPAXAM<br>9BKSA32686 |