## ARNOLD & ITKIN LLP
A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
5 HOUSTON CENTER
1401 MCKINNEY STREET, SUITE 2550
HOUSTON, TEXAS 77010
(713) 222-3800
(713) 222-3850 (FAX)
www.arnolditkin.com

June 23, 2011

Honorable Sally Shushan
U.S. District Court
500 Poydras Street, Room C-151
New Orleans, LA 70130

Re:   MDL 2179 / 2:10-cv-4427 Kritzer, et al v. Transocean, et al

Dear Judge Shushan:

Neither Ms. Willis nor her counsel intended to prejudice the Court or the parties when she invoked her 5th Amendment rights. We are very mindful of the complexity of this case and the time constraints on the Court and the parties to manage this litigation. It was not Ms. Willis' or our intention to make the management of this litigation any more complex or difficult. If we have inadvertently done so, we apologize.

As the Court knows, Ms. Willis' deposition was noticed on April 25, 2011. She was the first Arnold & Itkin LLP client to be deposed in this litigation. This was also the first deposition that counsel has attended in MDL-2179. From the time we received the deposition notice until the date of the actual deposition, no member of the PSC or counsel for Defendants contacted us about Ms. Willis' anticipated testimony. Jason Itkin met with Ms. Willis on Thursday, June 16, 2011, to begin preparing for her deposition. Ms. Willis' decision to invoke her 5th Amendment rights was not made until Friday, June 17, 2011. The deposition began the following Monday.

Once the decision to invoke the 5th Amendment was made, we spent time on Friday and Sunday researching the Eastern District of Louisiana's MDL-2179 webpage to familiarize ourselves with the Pretrial Orders issued in this case relating to the 5th Amendment. While some of the orders addressed deposition protocol such as where depositions will occur, who is allowed to attend depositions, and how much time is allotted for examination, Plaintiff's counsel could only find one order addressing the 5th Amendment. That order [DKT 2555] addressed the words that a witness could use to answer questions after invoking the 5th Amendment. The order

did not address issues about whether advance notice was required or to whom it was supposed to be given.

Before Ms. Willis' deposition began, Jason Itkin introduced himself to many of the lawyers in attendance. He informed them that Ms. Willis would be invoking the 5th Amendment. When the lawyer for the PSC learned that Ms. Willis would be invoking the 5th Amendment, the PSC lawyer asked if he could have advance notice if other Arnold & Itkin LLP clients decided to take the 5th Amendment. Jason Itkin informed him that such notice would not be a problem. In fact, Jason Itkin and the PSC lawyer exchanged business cards so that both of them had each other's contact information for cooperation on future depositions. Regrettably, advance notice was not practical in Ms. Willis' case since the decision about the 5th Amendment was not made until Friday and Jason Itkin did not know which individuals would be taking the deposition or that they would want advance notice.

We also apologize if the Court or other counsel felt that their preparation time was wasted in any way. Our understanding from reading the Court's earlier order was that the parties' questions would not change significantly based on whether Ms. Willis invoked her 5th Amendment protections. Specifically, we were under the impression that counsel still needed to ask each question in order to provoke Ms. Willis into asserting her 5th Amendment rights. And in fact, the deposition transcript is 285 pages long and the deposition lasted several hours. Regardless, it was certainly not our intent to cause any problems with the efficient conduct of Ms. Willis' deposition.

The Court's effective management of discovery in this complex litigation is beyond commendable. Ms. Willis' decision on Friday to invoke her 5th Amendment rights was certainly not meant to frustrate the Court's ability to continue pushing discovery forward. In short, Ms. Willis' decision to invoke her 5th Amendment rights was not made until shortly before the deposition. The timing of the decision was not meant to create any burden on the Court or the parties before the Court. Plaintiff's counsel is mindful of the Court's June 22nd order requiring 5 days' advance notice of a witnesses' intention to invoke his or her 5th Amendment rights and will ensure compliance with this order if another Arnold & Itkin LLP client invokes his or her 5th Amendment rights. Should the Court have any further questions on this topic, please do not hesitate to contact us.

Sincerely,

Jason Itkin

Sincerely,

Kurt Arnold