UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  Oil Spill by the Oil Rig § | | MDL NO. 2179 |
| "Deepwater Horizon" in the § | | SECTION: J |
| Gulf of Mexico, on April 20, 2010 § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| This Document Relates to: § | | |
| Case No. 2:10-cv-02771 § | | |

**MEMORANDUM IN SUPPORT OF MOTION TO EXAMINE AND TO COMPEL PRODUCTION OF MEDICAL RECORDS**

TO THE HONORABLE SALLY SHUSHAN:

Petitioner in Limitation and Defendant Transocean Offshore Deepwater Drilling, Inc. respectfully submit their Memorandum in Support of Motion to Examine and to Compel Production of Medical Records, and in support thereof, would respectfully request the Court to order Claimants Michael Burrell, Stephen Davis, Dennis Martinez, Patrick Morgan, Eugene Moss, Samuel Pigg, and Micah Sandell to submit to physical and mental examinations, as authorized by Federal Rule of Civil Procedure 35, and to produce all of their medical records in advance of those examinations and would respectfully show the Court as follows:

**I. FACTUAL BACKGROUND**

Claimants Michael Burrell, Stephen Davis, Dennis Martinez, Patrick Morgan, Eugene Moss, Samuel Pigg, and Micah Sandell (collectively, "Claimants") were all employed by Transocean on the MODU *Deepwater Horizon* at the time of blow-out, explosion, and fire of the *Deepwater Horizon*, which occurred on April 20, 2010 (hereinafter referred to as the "Incident of April 20, 2010"). Claimants all claim that they sustained both physical and mental injuries as a

1

result of the Incident of April 20, 2010 and have filed claims in these Limitation proceedings to recover for their alleged injuries. (Ex. A.)

On May 16, 2011, following up on prior communications to Claimants' counsel, Daniel O. Goforth, counsel for Transocean, sent Claimants' counsel a letter requesting his agreement to make Claimants available for independent medical examinations by Dr. Larry Likover, an orthopedic surgeon in Houston, Texas, Dr. John W. Thompson, a psychiatrist with Tulane University School of Medicine, and Dr. Kevin W. Greve, a clinical neuropsychologist with Jefferson Neurobehavioral Group. (Ex. B.)  On June 2, 2011, Magistrate Judge Shushan requested that Claimants' counsel respond to Mr. Goforth's letter. (Ex. C.)  To date, Claimants' counsel has not agreed to make Claimants available for the examinations.

Because Claimants' counsel has not responded to Transocean's requests for independent medical examinations of Claimants, Transocean has no recourse but to request that the Court compel Claimants to undergo independent medical examinations with Dr. Likeover, Dr. Thompson, and Dr. Greve. Claimants' physical and mental conditions are in controversy, and there is good cause for independent medical examinations of Claimants. The Court should compel Claimants to present themselves for independent physical and mental examinations by Dr. Likeover, Dr. Thompson, and Dr. Greve.

Similarly, despite repeated requests from Transocean, Claimants have refused to produce to Transocean all medical records related to their purported injuries from the Incident of April 20, 2010.[1]  (*See, e.g.*, Ex. D.)  Those records are, without question, relevant, and they are required by Dr. Likeover, Dr. Thompson, and Dr. Greve in advance of the examinations. The Court should, therefore, also compel Claimants to produce their complete medical records to

---

[1] Despite Claimants' refusal to submit to independent medical examinations and their refusal to produce their medical records, Transocean has continued to pay each of the seven Claimants maintenance and cure.

2

Transocean at least 7 days prior to the independent medical examinations.

## II. ARGUMENT & AUTHORITIES

The Court may compel the physical or mental examination of a party if: (1) the physical or mental condition of the person is in controversy; and (2) there is good cause for the examination. FED. R. CIV. P. 35(a)(1), (a)(2)(A); *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). "Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case." *Womack v. Stevens Transp.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001). "The factors reviewed in determining 'good cause' often merge with those requirements necessary to find that a plaintiff's mental [or physical] condition is 'in controversy.'" *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 322 (N.D. Ga. 2000); *see also Schlagenhauf*, 374 U.S. at 118-19 (recognizing that the "in controversy" and "good cause" requirements are necessarily related). Here, the physical and mental conditions of Claimants are "in controversy," and "good cause" exists for the requested physical and mental examinations.

First, Claimants' physical and mental conditions are unquestionably in controversy. Claimants all claim that on April 20, 2010, they sustained both physical and mental injuries on the *Deepwater Horizon*,[2] and they seek to recover damages, including, but not limited to, their past and future medical expenses and mental anguish damages, from Transocean for those alleged injuries. (Ex. A.)

Second, there is good cause for the Court to order the mental and physical examinations of Claimants. As an initial matter, the fact that Claimants have placed their mental and physical conditions in controversy and intend to use medical expert testimony to prove the alleged

---

[2] Claimants all claim to have sustained at least one orthopedic injury and that they also suffer from post-traumatic stress syndrome as a result of the Incident of April 20, 2010.

3

physical injuries is sufficient to establish good cause. *Schlagenhauf*, 374 U.S. at 119. In *Schlagenhauf*, the United States Supreme Court concluded: "Of course, there are situations where the pleadings alone are sufficient to meet [Rule 35's] requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* As such, under *Schlagenhauf*, Claimants' own pleadings are sufficient to establish good cause for Transocean to seek independent medical examinations of Claimants.

Nevertheless, even if Claimants' own pleadings were insufficient to establish good cause, good cause exists because the examinations are directly relevant to Claimants' claims and are necessary to Transocean's case. Transocean requires the physical and mental examinations of Claimants in order to assess the existence and extent of their injuries, if any, as a result of the Incident of April 20, 2010. There is a reasonable nexus between the conditions in controversy—orthopedic injuries and post-traumatic stress disorder—and the examinations sought—orthopedic examinations by Dr. Likeover and psychological and neurological examinations by Dr. Thompson and Dr. Greve. Importantly, it is not possible for Transocean to obtain the information that would result from mental and physical examinations of Claimants through less intrusive means. Indeed, there is no other way for Dr. Likeover, Dr. Thompson, and Dr. Greve to fully evaluate Claimants' claims except through mental and physical examinations of them.

Claimants' refusal to submit to independent medical examinations prevents Transocean from obtaining essential discovery on a pivotal contested issue in this case—Claimants' medical conditions. It is Claimants who have asserted personal injury claims and have, therefore, placed their medical conditions at issue, yet it is Claimants who are now preventing Transocean from

obtaining the discovery to which it is entitled. What is more, Claimants seek maintenance and cure benefits from Transocean under the Jones Act. Transocean is entitled to the requested examinations by Dr. Likeover, Dr. Thompson, and Dr. Greve so that Claimants' maintenance and cure claims can be adequately evaluated. The Court should compel Claimants to submit to medical examinations by Dr. Likeover, Dr. Thompson, and Dr. Greve as follows:

| Claimant | IME with Dr. Likover | IME with Dr. Greve | IME with Dr. Thompson |
|---|---|---|---|
| Michael Burrell | 7/7/11 @ 1:30 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |
| Stephen Davis | 7/7/11 @ 2:30 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |
| Dennis Martinez | 7/7/11 @ 3:30 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |
| Patrick Morgan | 7/12/11 @ 3:00 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |
| Eugene Moss | 7/14/11 @ 2:00 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269 | Will Supplement | Will Supplement |

|  | Houston, Texas 77024 |  |  |
|---|---|---|---|
| Samuel Pigg | 7/14/11 @ 3:00 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |
| Micah Sandell | 8/4/11 @ 2:30 pm<br><br>Address:<br>902 Frostwood<br>Ste. 269<br>Houston, Texas 77024 | Will Supplement | Will Supplement |

Moreover, to date, Claimants have refused to produce to Transocean all medical records related to their purported injuries from the Incident of April 20, 2010. (*See, e.g.*, Ex. D.) There is no legitimate basis for Claimants' refusal to produce their complete medical records. As an initial matter, Claimants' medical records are relevant to Claimants' claims and to Transocean's defenses. Additionally, because Claimants seek maintenance and cure benefits from Transocean, Transocean is entitled to receive their medical records. Further, Dr. Likeover, Dr. Thompson, and Dr. Greve will need to review Claimants' medical records in advance of the independent medical examinations. For these reasons, the Court should compel Claimants to produce their complete medical records to Transocean at least 7 days prior to the independent medical examinations.

### III. CONCLUSION

For the foregoing reasons, Transocean Offshore Deepwater Drilling, Inc. asks the Court to grant its motion in its entirety and to order Claimants Michael Burrell, Stephen Davis, Dennis Martinez, Patrick Morgan, Eugene Moss, Samuel Pigg, and Micah Sandell to submit to mental

and physical examinations by Dr. Likeover, Dr. Thompson, and Dr. Greve and to produce their complete medical records 7 days prior to their independent medical examinations.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

**Of Counsel:**
John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth GerenEasterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Transocean Offshore Deepwater Drilling Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Examine Claimants Michael Burrell, Stephen Davis, Dennis Martinez, Patrick Morgan, Eugene Moss, Samuel Pigg, and Micah Sandell has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of June, 2011.

                 /s/ Kerry J. Miller
                 Kerry J. Miller