**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | |
| | * | JUDGE BARBIER |
| Civil Action Nos. 10-2771; 10-4536 | * | MAGISTRATE SHUSHAN |
| | * | |
| *      *      *      *      *      *      *      * | | |

**ANADARKO'S SUPPLEMENTAL MEMORANDUM**
**IN RESPONSE TO TRANSOCEAN'S REPLY BRIEF**
**REGARDING CLEAN WATER ACT AND RIGHT TO JURY TRIAL**

Anadarko Petroleum Corporation and Anadarko E&P Company LP (collectively, "Anadarko") respectfully submit this memorandum in response to Transocean's Reply Brief Regarding Clean Water Act and Right to Jury Trial (Rec. Doc. 2759-2) ("TO Brief") and state as follows:

1.      Transocean misunderstands Anadarko's positions.   Transocean contends that Anadarko "argues that no CWA issues can be tried to the bench in the February 2012 trial."  TO Brief at 2.  That is not Anadarko's position.  Anadarko argued (1) that any issue relevant to the claims in limitation can be tried by the bench in the February 2012 trial, and (2) that the United States' claim under the Clean Water Act ("CWA"), which is not part of the limitation action, should not be consolidated with the February 2012 trial because defendants have a right to demand trial by jury on <u>liability</u> under the CWA.  (Rec. Doc. 2674) at 1.  After liability has been determined by a jury, the assessment of penalties under the CWA does not have an attendant right to trial by jury and is determined by the trial court.  *Tull v. U.S.*, 481 U.S. 412, 426 (1987).  Transocean has an unfounded concern that because "volume of discharge" is a "key CWA issue" it necessarily will be excluded from the February 2012 trial.  To the contrary, "volume of

discharge" goes only to the penalties phase of the United States' CWA claim, and therefore it can and should be tried to the bench in the trial scheduled to begin in February 2012, albeit in Phase 2 of that trial.

2.    From TO's filing, it appears there is no real dispute between Transocean and Anadarko on the proposed content of the February 2012 trial.  Transocean's Trial Brief asserted that factual and legal issues pertaining to whether Transocean is an "operator" under the CWA, whether BP is also an "operator" of the *Deepwater Horizon* under the CWA, and whether the oil discharged into the Gulf of Mexico was discharged from the well or from the vessel for purposes of the CWA, should all be tried apart from the February 2012 trial.  Anadarko entirely agrees.

3.    With respect to the CWA and jury rights, the Supreme Court has held that defendants have a right to trial by jury on liability for civil penalties under the CWA.  *Tull*, 481 U.S. at 422.  Transocean mistakenly contends that *Tull* is inapplicable because here the United States brought its civil enforcement action under Section 311(b)(7) of the CWA, which imposes strict liability for illegal discharges under Section 311(b)(3).  TO Brief at 2 (citing 33 U.S.C. §1321(b)(7)).  Transocean erroneously compares the civil penalty scheme of Section 311(b)(7) to the criminal penalty scheme of Section 309(c)(1)(A).  *Id.* (citing 33 U.S.C. §1319(c)(1)(A)).  This comparison is not only irrelevant, it is incorrect.  While Section 309(c) does provide for criminal penalties for negligent or knowing violations of Section 311(b)(3) and other CWA provisions, *Tull* addressed the defendant's constitutional right to a jury trial on liability when the government seeks civil penalties under Section 309(d), 33 U.S.C. §1319(d), not criminal penalties under Section 309(c).  481 U.S. at 418.  The Supreme Court held that, under the Seventh Amendment, defendants have a right to a jury trial on liability in cases where the government seeks civil penalties because:

> A civil penalty was a type of remedy at common law that could only be enforced in courts of law.  Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity. . . . The action authorized by § 1319(d) is of this character.

*Id.* at 422.  This conclusion was based on an analysis of liability for the imposition of civil penalties, not criminal penalties.  The Supreme Court would not have wasted time deliberating whether a defendant can demand a jury trial in response to a CWA criminal prosecution.  Article III, Section 2 of the Constitution plainly mandates that the "trial of all crimes, except in cases of impeachment, shall be by jury" so the right to jury trial where criminal prosecution is involved already was crystal clear.  Only the right to jury trial on liability when civil penalties are sought was examined and resolved in *Tull*.

4.      Transocean also relies on *U.S. v. Ward*, 448 U.S. 242 (1980), but it was decided before *Tull* and is totally inapposite.  In *Ward*, the Court held only that the civil penalty provisions of the CWA do not implicate the <u>Fifth Amendment</u> right to be free from self incrimination.  The Court did not hold that the <u>Seventh Amendment</u> right to trial by jury was inapplicable when liability for civil penalties was the issue.  To the contrary, *Ward* was <u>tried to a jury</u>.  *Id.* at 242 (noting that "ultimately the jury found that respondent's facility did, in fact, spill oil into the creek in question.").  Thus, *Ward* offers Transocean no help in its efforts to deny Anadarko a right to trial by jury on CWA liability for civil penalties.

5.      Although Transocean first refers to the criminal penalty provisions of Section 309(c), which so far, and unlike civil penalty claims, have only been threatened but not alleged by the United States, Transocean correctly recognizes that, as noted above, *Tull* addressed civil penalties under Section 309.  TO Brief at 4.  Transocean asserts, however, that the civil penalties under Section 309(d) are somehow different from Section 311(b), apparently because *Tull*

"involved an intentional dumping of waste on wetlands rather than on navigable waters." *Id.* Transocean misreads the issues in *Tull*, apparently asserting that Section 309(d) imposes a requirement that the violation be "intentional," unlike the strict liability in Section 311(b)(7). But, like Section 311(b)(7), liability under Section 309(d) is also strict.[1]  *See Kelly v. EPA*, 203 F.3d 519, 522 (7th Cir. 2000) ("Negligence or knowledge is expressly required to trigger the statute's criminal penalties, 33 U.S.C. §1319(c), but no such requirement exists for civil or administrative penalties, 33 U.S.C. §1319(d) and (g).  Civil liability under the Clean Water Act, therefore, is strict.") (citations omitted).[2]  Transocean's purported distinction is, again, both irrelevant and incorrect.  As noted above, defendants have a constitutional right to demand a trial by jury with respect to the liability phase of a CWA civil penalty action, including actions under Section 311(b)(7).  *See Tull*, 481 U.S. at 422.  Moreover, the United States has indicated it may seek increased penalties under Section 311(b)(7) based on gross negligence or willful misconduct.  Compl. of the United States of Am., No. 10-4536, at ¶75 [Doc. 1].  As the case cited by Transocean recognizes, this is a "heightened negligence standard."  *United States v. Hanousek*, 176 F.3d 1116, 1121 (9th Cir. 1999), *cited in* TO Brief at 2.  Transocean has thus fundamentally misread Anadarko's argument, the holding of *Tull*, and the CWA itself.

---

[1]     Indeed, *Tull* involved a violation of Section 301 of the CWA, which prohibits "the discharge of *any pollutant* by any person" except as authorized by the Act, 33 U.S.C. §1311(a) (emphasis added), including the discharge of dredged or fill material into "navigable waters" without a permit.  481 U.S. at 414.  Such violations are enforceable through civil penalties in Section 309(d), 33 U.S.C. §1319(d).  Here, the United States could have sought penalties under Section 309 based on such an alleged discharge, but chose instead to pursue penalties under Section 311, presumably because the amount of penalties recoverable under Section 311 is higher than Section 309.  *See* 33 U.S.C. §1321(b)(11) ("Civil penalties shall not be assessed under both this section and section 1319 . . . for the same discharge.").  The fact that *Tull* involved civil penalties under Section 309(d), instead of 311(b)(7), is a distinction without a difference.

[2]     *See also United States v. Gulf Park Water Co.*, 972 F. Supp. 1056, 1059-60 (S.D. Miss. 1997) ("[C]ompliance with the CWA is a matter of strict liability.  Therefore, a defendant's intentions to comply or a good faith effort to do so do not excuse a violation.") (citations omitted).

6.      Finally, contrary to Transocean's contention, the <u>defendants'</u> right to demand trial by jury in Bundle C claims for liability for civil penalties has not been extensively briefed by the parties.  Only the issue of Bundles B1 and B3 <u>plaintiffs'</u> lack of a right to demand trial by jury under Rule 9(h) has been briefed.  The United States indicates in its Jury Trial Brief that it <u>may</u>, in the future, move to strike or otherwise seek clarification of Anadarko's jury demand in connection with the United States' claims, but it has not yet done so.  (Rec. Doc. 2671) at n. 5. The United States further agrees that *Tull* mandates the liability phase of a claim for CWA penalties be tried to a jury, but correctly notes that full consideration of these issues would be "too detailed" and complex for purposes of answering the Court's limited inquiries, and need not be resolved at this time.  Rec. Doc. 2671 at 9.

7.      Anadarko agrees with that latter point.  There is no reason for this Court to wade into these issues at this time.  The misapprehension evidenced by Transocean's filing merely highlights that the United States' CWA claims do not belong in any phase of the February 2012 trial and raise jury and other questions that will only serve to complicate and confuse those proceedings.  Instead, as Anadarko has recommended, the Court should proceed with the February 2012 bench trial of the claims in limitation and certain related fact and legal issues, which will more than occupy the parties and the Court.  After the bench trial is concluded, the Court can consider what impact its factual findings and legal conclusions will have on the United States' separate and distinct CWA claim.

Respectfully submitted,

DATED: June 17, 2011          BINGHAM McCUTCHEN, LLP


/s/*Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com

David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 17, 2011.

_____/s/ *Ky E. Kirby*_____
Ky E. Kirby