UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Working Group[1] Conference on Friday, June 24, 2011]

This order reflects the action taken at the Working Group Conference on Friday, June 24, 2011.

**1.      Preservation of BOP.**

DNV reports that to meet its contractual obligation, it must mobilize the HVAC removal contractor by 3:00 p.m. on Friday, June 24, 2011. After discussion, it was determined that DNV could proceed with the HVAC removal on schedule. Without the HVAC, there will be shortened or altered work hours to compensate for the heat.

DNV reports that to meet its contractual obligation, it must dismantle the temporary enclosure housing the BOP. After discussion, it was determined that the enclosure does not have to come down immediately. Before the enclosure can be dismantled, a protocol for preservation of the BOP must be established and implemented.

DNV shall prepare a protocol for preservation of the PODS, and equipment associated with the PODs (including solenoids, batteries and PETUs) (the "PODS Protocol"). This protocol shall provide for storage of these items at Michoud. DNV shall report the estimated cost of the protocol

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

and the estimated cost of storage at Michoud for a year.

DNV shall prepare a separate protocol for the storage of the lower section of the BOP, the lower marine riser package, and any other pieces of the BOP which are not covered by the PODS Protocol. This shall be referred to as the Stack Protocol. DNV shall provide an estimate of the cost of implementing the protocol and storage for one year. Consideration may be given to storage at Michoud as opposed to a Transocean facility.

In conjunction with DNV's preparation of the two protocols, Cameron and Transocean shall provide DNV with their recommendations for preservation and any information required by DNV. The protocols shall provide that anyone, including Cameron and Transocean, who supplies recommendations or information shall not be held responsible in any way, including a claim for spoilation of evidence, if something goes awry during the preservation period. The protocols will be subject to approval by the United States and entered as orders of the Court.

The United States reported that it will store the drill pipe and 45 foot riser section at Michoud.

The PSC requests an opportunity for its expert to visually inspect the BOP pieces. The parties shall proceed as follows: (1) any inspection of the BOP pieces shall be conducted on one day during the period from July 5, 2011 through July 11, 2011; (2) the PSC shall coordinate with the other parties on the selection of the date; and (3) the parties participating in the inspection shall provide identification information for their experts to Heather Kennealy (Heather.S.Kennealy@uscg.mil) at **least three business days** before the date set for the inspection.

There will be a dial in conference on **Tuesday, June 28, 2011, at 8:30 a.m.** with DNV and the United States concerning preservation issues. Other parties may participate as they choose. The

dial-in information has been previously provided.

2. **DNV Phase Two Protocol**.

DNV completed the Phase Two protocol on Wednesday, June 22, 2011. On June 23, 2011, DNV turned over the testing results through June 22, 2011 to KPMG. Copies of the CDs with the download from the four SEMS will be plainly marked as highly confidential and distributed by KPMG. DNV and Transocean completed production of the DNV documents.

The only remaining issue concerns Cameron's objections to the assertion by the U.S. of the deliberative privilege over some DNV documents. By **Tuesday, June 28, 2011, at 10:00 a.m.**, Cameron shall submit its final letter on the issue.

3. **Issues Concerning Discovery from the U.S.**

The U.S. reported that its goal is to complete event related (Phase One) document production by July 31, 2011. It is working on production of source control and quantification (Phase Two) documents, but the priority is completion of event document production. Anadarko and the U.S. were asked to confer on any Anadarko priorities for the event production by the U.S.

The U.S. advised it will not voluntarily search the White House files for documents. It contends that this is not necessary as executive office documents will be found in agency files. BP contends that there is responsive and relevant information in the White House files that can only be obtained through a search of its files. The Court suggested that the U.S. and BP began preparation of their letter briefs on the issue.

The U.S. will present an unopposed motion on sample preservation.

**4.     Settlements**.

The parties reported that there is agreement on the issue of production of the MOEX settlement. A similar issue has arisen with regard to the Weatherford settlement. The PSC raised an issue about the BP's indemnity agreements with the responder defendants.

**5.     Motion by U.S. for Approval of Cement Testing**.

The motion is set for telephone hearing on Monday, June 27, 2011 at 10:00 a.m.

**6.     Redactions to Board Minutes**.

The PSC submitted a letter on June 22, 2011 (Rec. doc. 2995). BP will respond by **the close of business on Tuesday, June 28.** The PSC shall reply by **the close of business on Thursday, June 30.**

**7.     Transocean Internal Report**.

Transocean has released its internal investigation report. BP and Halliburton raised issues concerning production of documents related to the Transocean investigation. Transocean reported that many of the documents cited by the report have been produced. The Court requested that Transocean identify those documents by reference to Bates ranges. Additional documents relating to the report will be produced with the custodial production for Bill Ambrose (July 18 and 19) and Geoff Boughton (July 20 and 21). The Court asked that Transocean produce the custodial files on a rolling production.

BP reported that it may request additional Transocean depositions related to the report. Transocean shall identify the persons who were involved in the preparation of the report and produce any organization chart for the persons who worked on it.

Halliburton reported that it did not prepare an internal report.

**8**. **Short Form Claimants Issues**.

On June 19, 2011, the PSC reported on the status of voluntary dismissals of Short Forms Claimants, dismissals by *pro se* claimants, dismissals with prejudice, and persons who signed GCCF releases. BP reported that it is working on the PSC's proposals.

**9.** **PSC's Agenda Requests**.

    A. Fifth Amendment.

The Court issued an order requiring independent counsel to provide advance notice when their client will invoke the Fifth Amendment. Rec. doc. 2981. The PSC reported that it will be required to file motions to secure the adverse inference. It will begin filing these motions on a rolling basis.

Transocean reminded the undersigned that crew members of the Deepwater Horizon were to be questioned for two hours about maintenance and cure issues. Transocean shall: (1) notify counsel for Transocean crew members that Transocean intends to question them about maintenance and cure issues in furtherance of its rights as the employer; (2) that Transocean does not believe that invocation of the Fifth Amendment is appropriate as to those issues, and (3) that they must give **at least five working days** notice if their clients intend to invoke the Fifth Amendment in response to a maintenance and cure examination.

    B. Motion to strike direct examination.

The United States, the States and other parties agreed to withdraw their oral motion asserted during the Thierens deposition to strike the direct examination.

**10.** **Interpleader Actions.**

Transocean reported that it will schedule a meet-and-confer on the issues it raised concerning

the interpleader actions filed by its first excess layer. The matter will be on the agenda for July 1, 2011.

**11.    Allocation of Examination Time**.

At the request of the parties, the Court will reconsider its June 16, 2011 order on the allocation of the examination time (Rec. doc. 2775). Until a further order is issued, the June 16, 2011 order applies to all Phase I fact depositions, including the London depositions.

**12.    Confidentiality Designations and Errata Sheet**.

The fourteen (14) calendar day period for the designation of portions of a deposition transcript as confidential runs from the date of receipt by email of the final certified electronic transcript. Currently this is within two days of a deposition. BP reported that it will require some extensions because of the quick turnaround time by the court reporter.

The deadline for the completion of errata sheets is extended to forty-five (45) calendar days from the day of receipt by email of the final certified electronic transcript of the deposition (as opposed to the actual receipt of an errata sheet).

**13.    June and July Depositions**.

Alberty, Mark (NO)          July 25 and 26 (tentative)

On July 1, 2011, BP shall report on whether deposition is confirmed.

Brock, Tony.

BP will determine whether Tony Brock's deposition can be scheduled before July 31, 2011.

Chevron 30(b)(6)/Gardner, Craig

BP is in communication with counsel for Chevron to schedule a two day deposition. On July 1, 2011, BP shall report on the status of the deposition. Chevron's testimony is not required for the

PSC expert reports. The deposition may thus be scheduled in early August.

Daly, Mike (London)

Daly is represented by counsel. BP is trying to schedule Daly's deposition during the week of July 18, in conjunction with the London deposition of Andy Inglis on July 21 and 22.

DNV 30(b)(6) (N.O.)          July 5 and 6

DNV will produce two individuals for technical topics and one for business topics. There was agreement on the estimated witness expenses for the three DNV designees (approximately $3,300 each). The Court's ruling on Cameron's objections to the Government's refusal to produce certain documents because of the deliberative privilege will also cover testimony. It should not be necessary for the parties to contact the Court during the DNV deposition.

Fleece, Trent (N.O.)          July 20

BP confirmed the deposition.

Harrell, Jimmy (N.O.)          July 12

The parties confirmed the deposition.

Inglis, Andy (London)          July 21 and 22

The deposition is confirmed for London.

Ishii, Naoki (N.O.)          June 29 and 30

The letter of June 23, 2011 from John Pritchard regarding the deposition of Naoki Ishii memorializes the agreement of the parties that Ishii will not be examined concerning the facts that would relate principally to an *alter ego* or veil-piercing claim, including such matters as the extent of control exercised by one company over another (Rec. doc. 3002).

The U.S. reported that about three hundred documents had been translated from Japanese

into English.  The U.S. was asked to try to deliver the documents to counsel for MOEX on a rolling basis prior to the Monday, June 27, 2011, 9:00 a.m. deadline.

    <u>Jassal, Kal</u> (N.O.)             July 21

Jassal will be limited to one day, but the Court will reallocate the time so that the PSC has more examination time than the normal allotment for a one day deposition.

    <u>Jackson, Curtis</u> (N.O.)           July 21

BP confirmed the deposition.

    <u>Mogford, John</u>(London)      June 28 and 29

The compensation sought by Mogford was approved by the parties.  The parties also agreed on the division of the fee.

The parties were asked to resolve the issue of the production of Mogford's separation agreement before June 28.  They shall contact the Court if they cannot resolve the issue.  The same is true for the requests for the separation agreements for Curtis Jackson and Harry Thierens.

    <u>Ravi, Dr. Kris</u>

At the April 15, 2011 conference, BP and Halliburton requested that BP's request for this deposition be tabled.  BP now requests that Dr. Ravi be deposed before July 31, 2011.  The March 23-25, 2011 communications on Dr. Ravi can be found at Rec. docs. 1747-1749.  BP's request for his deposition will be on the July 8, 2011 agenda.

    <u>Redd, Eddy</u> (Russia-Western Siberia)

The PSC and Transocean are attempting to contact Mr. Redd.  He is working for Eurasia Drilling Company Limited.

    <u>Roth, Tommy</u> (N.O.)       July 25 and 26

Halliburton confirmed the deposition.  The party noticing his deposition is required to supply his counsel with a copy of the Court's order on the Fifth Amendment (Rec. doc. 2981).

Sprague, John (N.O.)

BP clarified that no further deposition is required for John Sprague. He was designated for part of topic one, but all of topic one will be covered by Kal Jassal.

Yilmaz, Barbara (N.O.)     July 26 and 27

The deposition is confirmed as a two day deposition.

Wright, John (Houston)

The PSC and BP shall submit letters with their arguments on the admissibility of the report issued by John Wright. The parties shall try to agree on a schedule for submission of the letters. The letters will be addressed to District Judge Barbier with copies to Magistrate Judge Shushan, who will communicate to Judge Barbier why the issue is being raised at this time and in this manner. No further action will be taken on the deposition of John Wright until District Judge Barbier rules on the admissibility issue.

**14.   Requests for Additional Time for June and July Depositions**.

On June 24, 2011, an order was issued on additional requests for examination time for the depositions of Ronnie Faul, Mark Haye, the DNV 30(b)(6), and David McWhorter. Rec. doc. 3031. The Court will continue to issue rulings on the requests for additional time in advance of the depositions. It is the Court's understanding that additional time is requested for the following. If this is incorrect or incomplete, the parties are asked to notify the Court as promptly as possible.

1.   Campbell, Pat     July 12 and 13

   BP requests an additional 60 minutes.

2.   Wild Well Control     July 12 and 13

   BP requests an additional 60 minutes if the Rule 30(b)(6) deposition will be separate from the Pat Campbell's individual deposition. At the July 1, 2011 conference, the PSC shall report on whether the depositions are separate.

3.   Patton, Frank (US)    July 13 and 14

BP requests an additional 180 minutes.

4.   Kuchta, Kurt (TO)     July 14 and 15

BP requests an additional 90 minutes.

5.   Whitby, Melvyn (Cam) July 18 and 19

BP requests an additional 120 minutes

6.   Bill Ambrose (TO)     July 18 and 19

Cameron requests an additional 60 minutes.  In light of his role in the preparation of the Transocean internal report, BP also requests an unspecified amount of additional time.

7.   Kal Jassal (BP)       July 21

The Court will reallocate the time so that the PSC has more examination time than the normal allotment for a one day deposition.

7.   Tommy Roth (HESI)  July 25 and 26

BP and Transocean each request an additional 75 minutes.

**15.   August through October Phase One Fact Depositions.**

The parties requested the following persons for depositions after July 31, 2011.  It appears that the employing (responsible) parties do not object to their depositions.  If this is incorrect, the responsible parties are asked to notify the Court as promptly as possible.  Where there is no objection, the responsible parties shall attempt to secure dates for their depositions by the July 1, 2011 conference.

|    | Name              | Employer | Requesting Party | Date |
|----|-------------------|----------|------------------|------|
| 1. | Birrell, Gordon   | BP       | Anadarko         |      |
| 2. | Bondurant, Charles| BP       | HESI             |      |

10

| # | Name | Employer | Requesting Party |
|---|---|---|---|
| 3. | Bozeman, Walt | BP | PSC |
| 4. | Brock, Tony | BP | PSC |
| 5. | Clements, Jeremy | Transocean | Cameron |
| 6. | Cotton, Al | R&B (TO) | Cameron |
| 7. | Crichton, Steve | Transocean | Cameron |
| 8. | Douglass, Sherrie | BP | HESI & TransO |
| 9. | Foreman, Fred | InSpec, Inc. | Cameron |
| 10. | Frazelle, Andrew | BP | Transocean |
| 11. | Fry, Mike | Transocean | Cameron |
| 12. | Gaude, Ed | Cameron | BP |
| 13. | Gray, Todd | Transocean | Cameron |
| 14. | Johnson, Stephen | MI | HESI |
| 15. | Kennedy, John | R&B (TO) | Cameron |
| 16. | Keplinger, Yancey | Transocean | BP |
| 17. | Lacy, Stewart | BP | United States |
| 18. | Maxie, Doyle | MI | HESI & BP |
| 19. | McGrath, Scott | Transocean | Cameron |
| 20. | McKay, Lamar | BP | HESI |
| 21. | Meche, Gregory | MI | HESI |
| 22. | Moore, Jimmy | Transocean | BP |

| # | Name | Employer | Requesting Party | Date |
|---|---|---|---|---|
| 23. | Morrison, Richard | BP | Anadarko | |
| 24. | Newman, Steven | Transocean | BP | |

| | | | | |
|---|---|---|---|---|
| 25. | Oldfather, Daniel | Weatherford | BP | |
| 26. | Peyton, Dawn | Anadarko | HESI | September 8 |
| 27. | Powell, Heather | BP | Transocean | |
| 28. | Quibodeaux, John | MI | HESI | |
| 29. | Rodger, Brad | Transocean | Cameron | |
| 30. | Sanders, Sarah | HESI | BP | |
| 31. | Shaw, Neil | BP | Anadarko | |
| 32. | Shaughnessy, John | BP | PSC | |
| 33. | Silverman, Peter | R&B (TO) | Cameron | |
| 34. | Strife, Stuart | Anadarko | HESI | October 5 |
| 35. | Thorseth, Jay | BP | HESI | |
| 36. | Trahan, Buddy | Transocean | BP | |
| 37. | Wetherell, Linda | R&B (TO) | Cameron | |
| 38. | Wink, Kevin | R&B (TO) | Cameron | |
| 39. | Young, David | Transocean | BP | |

**16.   Group Limit on Written Discovery, Including Interrogatories**.

Each group of parties is limited to fifty interrogatories. For example, BP is limited to fifty interrogatories. Each BP entity named as a defendant may not serve fifty interrogatories.

**17.   PSC's Response to BP's RFAs**.

On June 23, 2011, BP (Tim Duffy) sent a letter concerning the responses by the PSC to BP's RFAs. The Court ruled on this issue. Rec. doc. 3043.

**18.   Production of Documents by the States**.

BP reported that it is working on its proposal for an ESI search of the AG offices for

Louisiana and Alabama with: (1) date ranges; (2) search terms; and (3) a listing of the custodian(s).

19. **Deadlines for Completion of Phase One Written Discovery**.

All written discovery for Phase One is to be complete by July 1, 2011, except for: (a) the custodial file production for Phase One Fact Witnesses; (b) document production from the United States (due July 31, 2011); (c) Transocean's document production for its internal report; (d) Transocean's responses to BP's discovery (BP and Transocean will present an agreement on the deadline for these responses); and (d) document production associated with discovery of Phase One experts.

20. **Authentication of Documents**.

There was discussion about Anadarko's proposed stipulation concerning a presumption of authenticity where a document was produced by a party. Rather than a presumption that all documents produced by a party are authentic, the process will start with those documents used as exhibits in depositions. By a date yet to be determined, each party will be required to declare whether a document produced by that party and used as an exhibit in a Phase One fact deposition is authentic. A second deadline will be set for documents used as exhibits in the depositions of Phase One experts. The PSC requested that the declaration be done on a rolling basis.

The Court will revise the order to reflect these changes. The parties had no objection to Halliburton's requests for the addition of "[t]he authentication of documents pursuant to this Order shall in no way impact the designation of such documents as 'confidential' or 'highly confidential.'"

21. **Phase One Expert Reports**.[2]

The PSC raised the issue of the timing of the Phase One expert reports. The current deadlines are as follows:

---

[2] Separate deadlines will be established for Phase Two Expert Reports.

> 08-15-2011   Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness.
>
> 09-12-2011   Expert Reports from Vessel Owner/Petitioner in Limitation.
>
> 10-05-2011   All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports.
>
> 10-26-2011   Rebuttal Expert Reports for the February 2012 Trial.

Rec. doc. 1506. The PSC requests that some of its experts, for example process safety, be produced on the deadline for expert reports from the vessel owner. BP, Halliburton and Cameron objected to such a change. Transocean had no objection. Unless specifically revised, the parties should proceed with expert preparation as set forth in the schedule above. The Court requested that the PSC submit a written proposal which included its understanding of when reports are due from cross-claimants. By **July 1, 2011**, each party shall provide *in camera* a tentative list of their experts with a brief statement of their expertise and the date on which the party anticipates issuing the report of the expert. The parties should also provide tentative dates on which the experts are available for deposition. The Court will use this information to begin work on a schedule for expert depositions during the period from October 31, 2011 through December 16, 2011.

**22.   Depositions of Phase One Experts.**

The depositions of Phase One Experts will begin on October 31, 2011 and end on December 16, 2011. Rec. doc. 1506.

**23.   Preparation of Phase One for Trial.**

There was discussion about the preparation of Phase One for Trial. The Court suggested the creation of **small** work group to consider this matter.

At the May 20, 2011 conference, it was noted that District Judge Barbier expects that: (1) documentary evidence will be presented in electronic format and there will be no hard copies; (2)

14

for documents in excess of three pages, only pertinent pages will be presented and pertinent portions of those pages will be highlighted; and (3) excerpts of depositions will be presented rather than the entire deposition. At the May 20, 2011 conference, the PSC was asked to propose a sequence for designation of deposition excerpts.

24. **Preliminary Witness List for Phase One**.

This was not discussed at the conference.

25. **Potential Deponents for Phase Two**.

This was not discussed at the conference.

26. **Conference Schedule.**

**The parties are not required to have counsel present in the courtroom for these conferences. Counsel are encouraged to participate by telephone if it is more convenient and less expensive for them to do so.** The undersigned may schedule a conference in the future where telephone attendance only is permitted.

| | |
|---|---|
| Friday, July 1, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 8, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, July 15, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 22, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 5, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

Friday, August 26, 2011, at 9:30 a.m.        WGC followed by meeting of LCC.

New Orleans, Louisiana, this 27th day of June, 2011.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**