UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding Authenticity of Documents]**

Pursuant to discussions at the Working Group Conferences on June 17 and 24, 2011 (Rec. docs. 2881 at 8 and 3062 at 13),

IT IS ORDERED that:

1. Any document produced by any party to this action, regardless of whether the party is dismissed from this action, or by any non-party <u>and</u> used in a deposition of a fact witness or an expert is presumed to be "authentic" as that term is defined in Fed. R. Ev. 901(a), unless the authenticity is challenged in accordance with the procedures set forth in this Order.

2. For purposes of this Order, "produced" means produced in the course of discovery in this action in response to document requests, subpoenas duces tecum, court order or otherwise.

3. For purposes of this Order, "used in a deposition" means used as an exhibit and marked as a deposition exhibit as provided in PTO 17 (Rec. doc. 740 at 10).

4. Any party contesting the authenticity of any document produced in this case and used in a deposition shall file such objection as provided below. The Court expects that any such objection will be filed only in the event of extraordinary circumstances that indicate authenticity truly is in question.

5. The deadline for contesting the authenticity of any document used in a deposition

taken prior to July 31, 2011 is **Monday, September 12, 2011.**

6. The deadline for contesting the authenticity of any document used in a Phase One deposition of a fact witness taken between July 31, 2011 and October 14, 2011 is **Monday, November 14, 2011**.

7. The deadline for contesting the authenticity of any document used in a Phase One deposition of an expert witness is the **earlier of fourteen (14) calendar days from the email delivery of a final certified electronic copy of the transcript or Friday, January 6, 2012.**

8. Nothing contained in this Order shall affect, or otherwise constitute a waiver of, a Party's right to introduce and seek the admission of a complete document as authenticated pursuant to this Order where only a part of a document that was produced was marked at a deposition.

9. The authentication of documents pursuant to this Order shall in no way impact the designation of such documents as "confidential" or "highly confidential."

10. Nothing herein shall preclude the authentication of documents by any other method provided for by the Federal Rules of Evidence.

New Orleans, Louisiana, this 28 day of June, 2011.

**Sally Shushan**
**United States Magistrate Judge**