# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Order regarding Cameron's motion to compel production of DNV documents (Rec. doc. 2962)]

Det Norske Veritas ("DNV") is a third-party witness who examined the Deepwater Horizon blowout preventer at the request of the U.S. Bureau of Ocean Energy, Management, Regulation and Enforcement ("BOEMRE"). DNV completed its investigation and on April 20, 2011 issued a Final Report to BOEMRE, which was disclosed to the public. Later, representatives of DNV testified about the report in open proceedings before the BOEMRE and U.S. Coast Guard, Joint Investigation Team ("JIT") in April 2011. DNV made factual findings, reached conclusions and made recommendations. This is sometimes referred to as Phase One of DNV's work. After the issuance of the report, DNV entered into a contract with BP to conduct additional testing of the BOP which was approved by the Court. Rec. doc. 2016. This is referred to as Phase Two. This work was completed on June 22, 2011. DNV did not draw any conclusions for the Phase Two work, but all of the test results were produced to the parties.

The deposition of DNV, pursuant to Fed. R. Civ. P. 30(b)(6), is set for July 5 and 6, 2011. A subpoena duces tecum calling for production of Phase One documents was served on DNV. On

June 8, 2011, Cameron notified the Court of a dispute concerning DNV's response to the subpoena.[1] Rec. doc. 2776. The U.S. responded and requested that its letter (Rec. doc. 2799) be treated as motion to quash subpoena. On June 16 and 17, the U.S. reviewed documents for the Phase One work at the offices of counsel for DNV and determined that some documents should be withheld from production. Because of the impending Rule 30(b)(6) deposition, the Court concluded that there was insufficient time to require a privilege log.[2]

The U.S. contends that, pursuant to 46 U.S.C. §6308, three categories of documents are protected from disclosure, discovery, and are inadmissible.[3]

1. Communications between DNV and JIT members or among JIT members, and including supporting government agency personnel when acting in furtherance of the investigation itself rather than ancillary roles such as contract administration.

2. DNV interim and draft reports and other project memoranda submitted to the JIT for review and comment that were never made public.

3. Internal DNV communications reflecting deliberations about the JIT's blowout preventer examination.[4]

---

[1] DNV takes the position that it, as a third party non-litigant, will respond to the subpoena as directed by the United States.

[2] In addition and as noted by the U.S., the situation is somewhat analogous to the provision in PTO 14 which does not require privilege logs for post-April 20, 2010 communications exchanged between the producing party and their counsel. Rec. doc. 655.

[3] 46 U.S.C. § 6308(a) provides that:

Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

[4] The volume of documents withheld are: 1) approximately 6 inches of documents; 2) about 200 pages; and 3) about 4 pages.

Rec. doc. 3010 at 2. The U.S. seeks an order providing that: (1) these categories of documents are protected from disclosure; and (2) the parties are prohibited from seeking deposition testimony at DNV's Rule 30(b)(6) deposition on these topics. Id. If the relief is granted, the U.S. would be permitted to instruct the DNV representative(s) not to answer questions concerning these topics to enforce the Court's limitation on discovery from DNV. Fed. R. Civ. P. 30(c)(2).

Cameron contends that: (1) Section 6308 does not protect the discovery of the information; (2) even if the documents are protected from disclosure, the facts found in the DNV materials are not protected from disclosure; (3) Section 6308 does not apply to internal DNV communications; and (4) the JIT waived any protection from disclosure. Rec. doc. 2962.[5] On June 28, 2011, Cameron submitted a further letter in support of its position.[6]

The factual findings by DNV have been produced. As described by the U.S. in its June 10, 2011 letter (Rec. doc. 2799), DNV produced to Cameron and the other parties the following categories of documents: (1) test protocols and procedures; (2) testing data and measurements; (3) videos, photographs and other media; (4) laser scans; (5) modeling; (6) the BOEMRE contract; and (7) communications with third parties. Rec. doc. 2799 at 3. Assuming that the documents withheld from production contain any factual importation, it would be duplicative of the factual information which DNV has previously produced. Because of time constraints, there is no need to parse the documents withheld from production for duplicative factual information.

Cameron urges that there is no basis to extend Section 6308 beyond the conclusions and deliberations contained in the final report. The U.S. responds with a citation to In re Am. Milling

---

[5] Cameron's June 20, 2011 letter (Rec. doc. 2962) shall be treated as a motion to compel production of the DNV documents which the United States instructed be withheld from production.

[6] The letter had not been docketed as of the time of issuance of this order.

Co., 270 F.Supp.2d 1068, 1074-75 (E.D.Mo. 2003) (pursuant to Section 6308, a transcript of the Coast Guard's investigatory hearing was inadmissible and excluded by the court). The Court disagrees with Cameron's narrow reading of the scope of the statute.

Cameron also contends that the order establishing the JIT did not establish DNV and other consultants as members of the JIT. The Court concurs with U.S. that in this instance the Section 6308 protection applies to the marine casualty investigation of the Deepwater Horizon as an activity and not to specific categories of personnel involved in the investigation.

Cameron urges that the deliberative process privilege does not apply to communications between DNV, a government consultant, and the JIT or internal communications within DNV. The U.S. argues that, by virtue of its relationship with the government, DNV acted as an extension of the JIT. The Court agrees, essentially for the reasons advanced by the U.S., that Section 6308 is not a deliberative process privilege.

Cameron further urges that any Section 6308 protection was waived. The U.S. responds that Section 6308's protection cannot be waived. It notes that Section 6308 contemplates that, while the investigations are inadmissible and not discoverable, hearings are open to the public and the final report is made public. Inasmuch as Section 6308 requires public disclosure, the U.S. argues that the protection of Section 6308(a) cannot be waived. The undersigned finds there was no waiver.

In its June 28, 2011 letter Cameron describes DNV as the testifying expert for the U.S. It argues that, pursuant to Fed. R. Civ. P. 24(b)(4)(C), the communications between the U.S. and its testifying expert, DNV, must be produced. DNV has not been designated by the U.S. as a testifying expert. If the U.S. identifies DNV as a Phase One expert for the February 27, 2011 trial, the decision will be reconsidered. Assuming that Cameron's request for the documents is to be resolved

4

under Fed. R. Civ. P. 26, it has not presented good for the production of the documents.

The U.S. did not assert Section 6308 protection for DNV's factual material which has been produced. Rec. doc. 2799 at 3. Cameron has not demonstrated its right to discovery of the three categories of information which are protected by Section 6308. Accordingly;

IT IS ORDERED that:

1. Cameron's motion to compel (June 20, 2011 letter [Rec. doc. 2962]) is DENIED.

2. The three categories of documents described by the United States are protected from disclosure.

3. At the Rule 30(b)(6) deposition of DNV, the parties shall not seek testimony from the DNV designees concerning the topics in the three categories.

4. **Any appeal of this order shall be presented to District Judge Barbier before the close of business on Thursday, June 30, 2011.**

New Orleans, Louisiana, this 28 day of June, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**