UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIE G. SIMON | * | CIVIL ACTION NO: 10-MD-2179 |
| | | cw 11-01432 |
| VERSUS | * | SECTION " ", DIVISION |
| | * | |
| GRAND ISLE SHIPYARD, INC, BP | * | HONORABLE JUDGE |
| AMERICA, INC. BP P.L.C., BP | * | |
| EXPLORATION & PRODUCTION, INC. | * | MAGISTRATE JUDGE |

## ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Grand Isle Shipyard, Inc. (hereinafter referred to as "GIS"), who, in answer to the Complaint of plaintiff, Jamie G. Simon, (hereinafter referred to as "plaintiff"), with respect avers upon information and belief as follows:

### FIRST DEFENSE

The petition fails to state a cause of action against defendant upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over this matter and/or venue is improper.

### THIRD DEFENSE

Plaintiff's cause of action has prescribed or otherwise been time barred.

### FOURTH DEFENSE

Service of process fails to comply with the applicable Rules of Civil Procedure and therefore is insufficient.

## **FIFTH DEFENSE**

**AND NOW,** in answer to the specific allegations of plaintiff's Complaint, defendant avers as follows:

1.

The allegations contained in paragraph 1 of the Complaint involve questions of law which require no answer.

2.

The allegations contained in paragraph 2 of the Complaint involve questions of law which require no answer.

3.

The allegations contained in paragraph 3 of the Complaint involve questions of law which require no answer; however, to the extent that an answer is required, same are denied.

4.

The allegations contained in paragraph 4 of the Complaint involve questions of law which require no answer; however, to the extent that an answer is required, same are denied.

5.

The allegations contained in paragraph 5 of the Complaint are denied.

6.

The allegations contained in paragraph 6 of the Complaint are denied.

7.

The allegations contained in paragraph 7 of the Complaint are denied.

8.

The allegations contained in paragraph 8 of the Complaint are denied as stated.

9.

The allegations contained in paragraph 9 of the Complaint are denied as stated.

10.

Although GIS admits it entered into contracts with various companies, the allegations contained in paragraph 10 of the Complaint are denied as stated.

11.

The allegations contained in paragraph 11 of the Complaint are denied insofar as they involve GIS.

12.

The allegations contained in paragraph 12 of the Complaint are denied.

13.

The allegations contained in paragraph 13 of the Complaint are denied.

14.

The allegations contained in paragraph 14 of the Complaint are denied.

15.

The allegations contained in paragraph 15 of the Complaint are denied.

16.

The allegations contained in paragraph 16 of the Complaint are denied.

17.

The allegations contained in paragraph 17 of the Complaint are denied.

18.

It is admitted that plaintiff has requested a trial by jury and defendant admits that a trial by jury is appropriate.

19.

All other allegation not heretofore are specifically admitted or denied.

### SIXTH DEFENSE

AND NOW, in further answer to the Complaint, as a separate and distinct defense, defendant avers that if any injuries were sustained by plaintiff, which is denied, said injuries resulted from her own fault, carelessness, inattention to duty, and/or negligence, for which defendant is not liable.

### SEVENTH DEFENSE

FURTHER, in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were caused by the acts, carelessness, inattention to duty, omissions, and/or conduct of third persons, for whose fault and negligence defendant is not liable.

### EIGHTH DEFENSE

FURTHER, in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were contributed to by her own fault, negligence, and/or the fault or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by plaintiff of damages herein.

### NINTH DEFENSE

As a further defense, defendant avers that if plaintiff suffered any injuries, as alleged, which are denied, said injuries occurred as a consequence of her assumption of accepted and ordinary risks.

## TENTH DEFENSE

Defendant specifically avers that plaintiff has failed to mitigate her damages, and any recovery should therefore be reduced or eliminated.

## ELEVENTH DEFENSE

Defendant specifically reserves the right to amend this pleading once discovery is completed.

## TWELFTH DEFENSE

Defendant specifically asserts all defenses afforded by the Longshore and Harbor Worker's Compensation Act and/or any other applicable state compensation act.

## THIRTEENTH DEFENSE

Plaintiff's alleged accident, which is specifically denied, and any and all loss, damage, injury, death or destruction resulting therefrom, were in no way caused by the fault, neglect, design or want of due care on the part of defendant, its agents, servants, or employees, or anyone for whom defendant is or may have been responsible.  Alternatively, said incident was occasioned and incurred without privity or knowledge on the part of defendant or any of its directors, officers, stockholders or agents, thereby entitling defendant to limitation of liability

## FOURTEENTH DEFENSE

Defendant prays for trial by jury.

**WHEREFORE**, defendant, Grand Isle Shipyard, Inc., prays that after due proceedings had, there be judgment herein in its favor, dismissing plaintiff's Complaint at her cost. Alternatively, defendant prays that should it be found liable for any loss, injury, expense, damage or claim whatsoever in consequence of the incident heretofore described, that its liability be limited to the value of its vessel and the freight then pending.  Defendant further prays for trial

by jury. Additionally, defendant further prays for such additional relief in the premises as in justice or in law it may be entitled to receive.

                              Respectfully submitted,

                              **REICH, ALBUM & PLUNKETT, L.L.C.**

                                /s/ Robert S. Reich
                              **ROBERT S. REICH (#11163)**
                              **MICHAEL T. WAWRZYCKI (#30799)**
                              Two Lakeway Center, Suite 1000
                              3850 North Causeway Boulevard
                              Metairie, LA  70002
                              Telephone:  (504) 830-3999
                              **Attorneys for Attorneys for GRAND ISLE SHIPYARD, INC.**
                              E-MAIL: rreich@rapllclaw.com
                                              mwawrzycki@rapllclaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing pleading has been served on all parties to this proceeding, via hand delivery, facsimile transmission, electronic mail, or by placing same in the U.S. mail, postage prepaid and properly addressed, this 28th day of June, 2011.

                                /s/ Robert S. Reich
                                ROBERT S. REICH