UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: J |
| VERSUS | MAGISTRATE DIV: 2 |
| Member Case: <u>Valentino Mones d/b/a Tino Mones Seafood v. BP America, Inc.</u>; 11-996 | Judge Carl Barbier<br><br>Magistrate Judge Joseph C. Wilkinson, Jr. |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

MAY IT PLEASE THE COURT:

This is a breach of alleged verbal lease case in which the plaintiff, Valentino Mones d/b/a Tino Mones Seafood, joined St. Bernard Parish Government as a defendant solely in an attempt to defeat diversity jurisdiction. The allegations and improper joinder in this breach of verbal lease case are strikingly similar to the allegations and improper joinder in *Serigne v. Loupe Constr. & Consulting Co., Inc.*, No. 10-3891, in which the plaintiff also alleged that a local defendant had agreed to co-lease property with BP in connection with BP's oil spill response activities. By Order and Reasons dated January 20, 2011, Judge Barbier denied remand in *Serigne* and dismissed the improperly joined defendant. Here, as in *Serigne*, the plaintiff lacks a reasonable possibility of recovery from the non-diverse defendant (St. Bernard Parish). Thus, the joinder of St. Bernard Parish is improper and its citizenship is disregarded for purposes of determining diversity. *E.g., Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). Plaintiff's Motion to Remand should be denied.

## BACKGROUND

Mr. Mones' petition alleges breach of a contract to lease his property "which would be **leased and used by BP America, Inc.** for storage of various and assorted items and for a docking facility." Petition at ¶ V (emphasis added). He alleges that items were placed on his property "**by defendant, BP America, Inc.**" and that the contract included certain pieces of equipment and a camper, which were stored on his property "to be brought out to clean up site or other **BP locations**." Petition at ¶¶ VI, VIII (emphasis added). The alleged contract ran for a period of four months "when said property was abandoned **by defendant, BP America, Inc.**" without prior notice. Petition at XI (emphasis added). Mr. Mones claims that the "nature and effect of the storage of items" on his property has rendered it "partially unusable," Petition at ¶ IX, and that the property "is in a state of disrepair and disarray." Petition at ¶ XIV.

St. Bernard Parish's alleged agreement to the terms of the verbal lease is the only ground asserted for its liability in the petition. Petition at ¶¶ IV-V. Nonetheless, plaintiff's invoices for the payments allegedly due on the lease were billed solely to "BP" and state only "Bill to BP." Petition at ¶ XII and attached Invoice Nos. 4921-4924. St. Bernard Parish is not referenced on any of the invoices at issue in this action, *Id.*, and there is no allegation that St. Bernard Parish ever used or occupied the property.

On April 27, 2011, BP America Inc. ("BP") properly removed this action based upon diversity jurisdiction and improper joinder of St. Bernard Parish.[1] As set forth in BP's removal papers, this Court has diversity jurisdiction because there is complete diversity between the plaintiff and the only properly joined defendant (BP), and the amount in controversy exceeds

---

[1] According to the Fifth Circuit, "there is no substantive difference" between "fraudulent joinder" and "improper joinder," but it prefers "improper joinder" as "being more consistent with the statutory language." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

$75,000.00 exclusive of interest and costs.[2] Mr. Mones has no possibility of recovery against St. Bernard Parish for breach of lease because there is no allegation that St. Bernard Parish ever used or occupied the Property and BP's offer to lease Mr. Mones' property did not include St. Bernard Parish as a co-lessee, co-contractor, or party.[3] As an improperly joined defendant, St. Bernard Parish's consent to removal was not required. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

Mr. Mones' motion to remand asserts a completely new set of facts and theory of liability as to St. Bernard Parish. Mr. Mones now "acknowledges" that Richard Potocek offered to lease the property on behalf of BP. Mones Memo. at 2. He further clarifies that he spoke with Craig Taffaro **after** Richard Potocek communicated BP's offer to rent the property, and that "Mr. Taffaro advised Plaintiff that he could not force BP to pay any more than it offered, but he thought a meeting with BP personnel would be helpful in the resolution of the problem between him [plaintiff] and them [BP]." *Id.* Subsequently, "Mr. Taffero called someone at BP's local offices and told that person of the nature of the problem involving the price of the lease of Tino's property and he asked that BP send a person with authority to negotiate the lease to his office, and he obtained a date and time when such a meeting could be had." *Id.* at 2-3. Mr. Mones now asserts that the Parish verbally offered to serve as a surety of the lease:

> During the scheduled meeting, when Plaintiff and BP were still unable to resolve their dispute, Mr. Taffaro advised that the Parish would guarantee payment of Tino's $3,000.00 per **day** price. Thereafter, when BP's personnel showed up at Plaintiff's property and used it, Plaintiff accepted those acts as confirmation that BP

---

[2] Because this action was initially allotted to Section B, the Notice of Removal can be found on the docket sheet of Case No. 11-996. The case was transferred to Judge Barbier by Order entered May 20, 2011.

[3] Affidavit of Richard Potocek at ¶¶ 3-5; Affidavit of Jerry E. Flitcraft at ¶¶ 2-7; Affidavit of Randal Coil at ¶¶ 2-7; Declaration of Bart LaBorde at ¶¶ 2-5. The foregoing affidavits and declaration are attached hereto as Exhibits A-D.

>accepted the lease on the same basis as guaranteed, with St. Bernard Parish serving as a surety of his price.... Further describing that meeting, two BP employees whose Christian names are Bert and Jerry, after the Parish offered to act as surety of the lease, agreed to lease Plaintiff's property at the rate guaranteed by the Parish.
>
>A verbal contract was then entered into by Plaintiff and Bert and Jerry on behalf of BP, and the Parish as surety of that agreement.

*Id.* at 3. Mr. Mones' motion to remand thus completely abandons the theory that the Parish agreed to co-lease the property and now contends that he has a valid claim against St. Bernard Parish based upon a verbal offer of suretyship. *Id.* at 3, 5.

## ARGUMENT

The test for improper joinder is whether there is "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).[4] "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling*, 575 F.3d at 513 (original emphasis) (internal quotations omitted).

The scope of the inquiry for improper joinder is broader than that employed on a motion to dismiss because the Court may pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a factual basis for the claims that he has pleaded. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 385 (5th Cir. 2009). According to the Fifth Circuit:

---

[4] Improper or fraudulent joinder can also be established when there is "actual fraud in the pleading of jurisdictional facts." *Smallwood*, 385 F.3d at 573 (internal quotations omitted).

> [W]e have consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purpose.

*Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000) (citing cases). Thus, this Court "must look beyond the plaintiffs' arguments about the facts and examine the specific facts and evidence which have been submitted ... to determine if there is any possibility of recovery against an allegedly fraudulently joined defendant." *Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542, 549 (M.D. La. 1997); *see also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) ("A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties.").

While *unchallenged* factual allegations must be construed in the plaintiff's favor, this construction is not required when, as here, the allegations are impermissibly conclusory and/or refuted by competent evidence. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000); *see also Mitchell v. Exxon Corp.*, 860 F. Supp. 332, 335-36 (M.D. La. 1994) (conclusory allegations which might get plaintiffs past an exception of no cause of action in a Louisiana court are insufficient to allow an inference of facts in plaintiff's favor on motion to remand). In the absence of summary judgment-type evidence establishing contradictory facts, courts "do not ... assume that the nonmoving party could or would prove the necessary facts." *Badon*, 224 F.3d at 394 (original emphasis) (internal quotations omitted). Fifth Circuit precedent is clear:

> [O]ur precedent establishes that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment." While such a procedure requires that "all *disputed* questions of fact" be "resolved in favor of the nonremoving party," "[a]s with a summary judgment motion, in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' i[s] insufficient to create an issue if there is

no basis for those facts." So also as with a summary judgment motion:

> [W]e resolve factual controversies in favor of the nonmoving party, but *only* when there is an actual controversy, that is, when *both* parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*

*Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (original emphasis) (internal citations omitted).

While the Court must examine the evidence submitted to determine whether there is a reasonable possibility of recovery on the claims alleged against the in-state defendant, the plaintiff may not advance new causes of action that are not stated in the pleadings in support of remand. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700-01 (5th Cir. 1999); *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 263-65 (5th Cir. 1995). The plaintiff's post-removal filings "may not be considered ... to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs*, 181 F.3d at 700. The Fifth Circuit has explained:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini*, 44 F.3d at 264.

The application of these standards in this case compels the conclusion that St. Bernard Parish is an improperly-joined defendant. The motion to remand should be denied.[5]

### A. Plaintiff Lacks a Reasonable Possibility of Recovery Against the Parish.

Mr. Mones has submitted two distinct and inconsistent versions of the "facts" supporting his claim against St. Bernard Parish. While his petition alleges that the Parish offered to co-lease the property with BP, his argument on remand asserts that the Parish only offered to guarantee the lease payments. Mr. Mones has not submitted competent evidence to support either version of facts. Instead, he has submitted his own sworn statements that the facts stated in both the petition and in his remand brief are "true and correct, to the best of [his] knowledge, information and belief." Mones Verification (Doc. 1-2); Mones Aff. (Doc. 2571-3) at ¶ 2. Mr. Mones' statements are contradictory and wholly conclusory and lack the detail necessary to constitute competent evidence. *E.g., Kimball v. Modern Woodmen of Am.*, 939 F. Supp. 479, 483 (M.D. La. 1996) ("conclusory declarations in the petition and affidavit are not facts"); *Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542, 548-50 (M.D. La. 1997) (denying remand where plaintiff's affidavit stated only that his allegations were true to the best of his knowledge).

In contrast, BP has submitted the Affidavits of Richard Potocek, Jerry Flitcraft, and Randy Coil, and the Declaration of Bart LaBorde, each of which sets forth detailed facts refuting Mr. Mones' theories as to St. Bernard Parish's liability for the lease payments. *See* Exhibits A-D attached hereto. While BP does not admit liability, it is clearly the only properly joined defendant in this breach of lease case.

---

[5] "Courts routinely dismiss non-diverse parties in conjunction with the denial of a plaintiff's motion to remand on the basis of improper joinder." *Bratton v. Sumter Network Design, Inc.*, 2009 WL 720884, at *1 (W.D. La. Mar. 13, 2009) (citing cases); *see also* Judge Barbier's Order and Reasons dated Jan. 20, 2011 in *Serigne v. Loupe*, No. 10-3891 (Doc. 22) at p. 6 (dismissing claims asserted against the improperly joined defendant, Loupe Construction).

### 1. Plaintiff Lacks a Reasonable Possibility of Recovery Against the Parish for Breach of Lease.

The evidence is controverted: BP's offer to pay Mr. Mones for the use of his property was by BP alone and did not include St. Bernard Parish as a co-lessee or co-obligor. Potocek Aff. at ¶¶ 3-5; Flitcraft Aff. at ¶¶ 2-6; Coil Aff. at ¶¶ 2-8; LaBorde Dec. at ¶¶ 2-5. In addition, pre-suit documents generated by Mr. Mones himself confirm that his claim against the Parish was manufactured solely in an effort to avoid diversity jurisdiction. Mr. Mones' invoices for the amounts allegedly owed state "Bill to BP" with no reference whatsoever to St. Bernard Parish. The absence of any reference to St. Bernard Parish on the invoices speaks volumes.

Mr. Mones' motion to remand makes no attempt to support the breach of lease theory alleged against the Parish in his pleadings. Instead, he essentially concedes that he does not have a breach of lease cause of action against the Parish by asserting that his lease was with BP and that the Parish made a verbal offer to guarantee BP's lease payments:

> It is up to the Court's of the State of Louisiana to determine the reasonable price of **BP's lease of the property** and the balance, if any, secured by the Parish's guarantee of Plaintiff's price. Both BP and the Parish, as surety, are necessary parties to this litigation.

Mones Memo. at 5 (emphasis added); *see also* Mones Memo. at 2-3.[6]

The unrebutted evidence thus establishes that Mr. Mones has no reasonable possibility of recovery against St. Bernard Parish on the breach of lease theory stated in his petition.

---

[6] Even if there was evidence that a St. Bernard Parish representative was present during BP's discussions with Tino Mones, such evidence would not be sufficient to make the Parish a party to the alleged lease. *Serigne v. Loupe Constr.*, Case No. 10-3891, Order and Reasons dated Jan. 20, 2011 at 5-6 (citing *Pearl River Basin Land & Dev. Co. v. State*, 29 So. 3d 589, 593 (La. App. 1st Cir. 2009) (explaining that a party's "mere presence at the meetings between [contracting parties] is not sufficient to make [it] a party to any contract")).

### 2. Plaintiff's Surety Theory Does Not Provide Grounds for Remand.

Mr. Mones' new verbal surety theory fails to provide a reasonable basis for recovering from the Parish for three separate and independent reasons. First, new causes of action that are not stated in the complaint cannot be advanced in support of remand. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700-01 (5th Cir. 1999); *Cavallini*, 44 F.3d at 264. Since Mr. Mones verbal suretyship theory is not alleged in his petition, it cannot support his motion to remand. *Id.*

Second, the theory is not supported by any competent evidence. *Pate*, 970 F. Supp. at 548. Mr. Mones argues — without competent evidence — that the Parish offered to guarantee the lease payments at a meeting attended by BP personnel "B[a]rt" and "Jerry." Mones Memo. at 3.[7] The Affidavit of Jerry Flitcraft and Declaration of Bart LaBorde, however, establish that they never attended a meeting in which Craig Taffero or any representative of St. Bernard Parish offered or agreed to guarantee BP's lease payments to Mr. Mones. Flitcraft Aff. (Exh. B) at ¶ 8; LaBorde Dec. (Exh. D) at ¶ 6. Here, as in *Jernigan*, the plaintiff's "statements to the contrary are insufficient as a matter of law, as they are nothing more than conclusionary allegations, wholly lacking in specific factual support." *Jernigan*, 989 F.2d at 817.

Third, Mr. Mones' assertion that St. Bernard Parish made a verbal offer to guarantee payment of the lease obligations fails as a matter of law because "[s]uretyship must be express and in writing." La. Civ. Code art. 3038; *see also* La. Civ. Code art. 3039 ("Suretyship is established upon receipt by the creditor of the writing evidencing the surety's obligation.").[8] Thus, even if Mr. Mones had pleaded this theory (he did not) and even if it was supported by

---

[7] Mr. Mones' references to "Bert" likely refer to BP Branch Director Bart LaBorde who worked at the Hopedale Forward Operating Base with Jerry Flitcraft. LaBorde Dec. (Exh. D) at ¶¶ 2, 7; Flitcraft Aff. (Exh. B) at ¶ 2.

[8] "The terms guaranty and surety are synonymous." *Fiberglass Pipe & Specialty, Inc. v. Acadiana Bank*, 510 So. 2d 1354, 1355 (La. App. 3d Cir. 1987).

competent evidence (it is not), an alleged verbal suretyship agreement is insufficient to state a cause of action against the Parish as a matter of law. *Id; Raspanti v. Litchfield*, 946 So. 2d 234, 240 (La. App. 4th Cir. 2006) (alleged oral guarantee was not sufficient to state a cause of action since "[s]uretyship agreements and contracts of guaranty must be explicit and in writing").

For these three separate and independent reasons, St. Bernard Parish's purported verbal offer to guarantee the lease payment fails to provide a basis for recovery against the Parish.

### B. The Amount in Controversy Exceeds the Sum of $75,000.00.

Although his petition expressly seeks damages in excess of $345,000.00, Mr. Mones questions whether the requisite amount in controversy is met, arguing:

> If BP's misrepresentations are taken as true and this Court dismisses the Parish from this litigation, under the case as it then exists will have only $8,000.00 in controversy.

Mones Memo. at 6.[9] This argument fails because the amount in controversy is determined by the petition at the time of removal. *E.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Fifth Circuit has explained:

> [I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia*, 233 F.3d at 883. Here, the petition at the time of removal (and now) seeks payment from BP on invoices totaling $345,000.00, plus other unquantified damages. Petition at ¶ XII and attached Invoice Nos. 4921-4924. There is no question that the amount in controversy exceeds the sum of $75,000.00 as is required for diversity jurisdiction.

---

[9] Plaintiff fails to explain how the dismissal of the Parish as surety would also result in the reduction of his claims to $8,000.00.

## CONCLUSION

BP has more than satisfied its burden of establishing improper joinder. As in *Kimball*, "[t]he conclusory declarations in the petition and affidavit are not facts" and they are not sufficient to establish a reasonable possibility of recovery against the in-state defendant. *Kimball*, 939 F. Supp. at 483 (denying remand); *see also Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513-16 (5th Cir. 2009) (denying remand since plaintiff's conclusory allegations against non-diverse defendant failed to establish a reasonable possibility of recovery). Moreover, BP has submitted uncontroverted evidence establishing that Mr. Mones has no reasonable possibility of recovery against St. Bernard Parish based upon the cause of action alleged in his petition. Judge Barbier's decision in *Serigne v. Loupe Construction*, Fifth Circuit precedent, and federal district court case law cited herein compel the conclusion that St. Bernard Parish was improperly joined. Because the Parish was improperly joined, its "citizenship is to be disregarded for purposes of determining diversity jurisdiction." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). There is complete diversity of citizenship here between the plaintiff and the properly joined defendant. The motion to remand should be denied.

Respectfully submitted,

/s/ Shannon S. Holtzman
Shannon S. Holtzman, T.A. (Bar #19933)
Emma J. Hinnigan (Bar #31783)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**Attorneys for BP America Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of June, 2011.

/s/ Shannon S. Holtzman

1012576_1.Docx