# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| IN RE:  OIL SPILL by the OIL RIG | *    MDL NO. 2179 |
|        "DEEPWATER HORIZON" | * |
|        in the GULF OF MEXICO, | * |
|        on APRIL 20, 2010, | * |
| | * |
| | * |
| | *    JUDGE BARBIER |
| This Document Relates To: | * |
| | *    MAG. JUDGE SHUSHAN |
| *Delacroix Corporation v. BP Products* | * |
| *North America Inc. et al* | * |
| 11-cv-1317 | * |
| | * |
| | * |

---

## MEMORANDUM IN SUPPORT OF THE
## STATE OF LOUISIANA'S MOTION FOR REMAND

---

NOW INTO COURT, comes the State of Louisiana, through James D. "Buddy" Caldwell, Attorney General of the State of Louisiana, who respectfully submits this memorandum on behalf of the Louisiana Department of Natural Resources ("LDNR"), the Governor's Office of Coastal Activities ("GOCA"), and the Office of Coastal Protection and Restoration ("OCPR") (collectively "the State"), in support of its Motion For Remand and seeks an order severing and remanding the claims against the State in the above-captioned proceeding to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, where this action was filed on April 20, 2011.

## I.     BACKGROUND

On April 19, 2011, the Delacroix Corporation ("Delacroix") filed a lawsuit against multiple Defendants, including BP Products North America, Inc., BP America, Inc. (collectively

"BP), the Parish of Plaquemines (the "Parish"), and the State of Louisiana seeking damages associated with the blowout, fire, and explosion of the *Deepwater Horizon*, and the resulting oil spill and activities associated therewith.   Specifically, Delacroix alleges to own land located in St. Bernard Parish and Plaquemines Parish which it uses for alligator trapping, collecting and selling alligator eggs produced on the property, as well as leasing property for duck hunting. *See* Delacroix's Petition, p. 2-3.   Plaintiff-Delacroix alleges that the opening of the Caernarvon Freshwater Diversion as a response to mitigate the damage from the oil spill damaged the canal banks and shorelines of its property, caused a rise in the growth of water hyacinth, which blocked lessees' access to canals and destroyed alligator habitats, and affected the nesting habitat of female alligators causing damage to its egg harvest and future alligator egg production. *Id.* at 4-5.   As a result, Plaintiff-Delacroix alleges that the explosion and oil spill and the damage to its property and alligator egg harvest and production was caused by the concurrent negligence and fault of BP, the State, and the Parish. *Id.* at 6-7.

On June 2, 2011, BP filed a Notice of Removal, removing the case to the United States District Court for the Eastern District of Louisiana.   BP alleges that this Court has jurisdiction over the claims pursuant to the Outer Continental Shelf Lands Act ("OCLSA"), 43 U.S.C. § 1331 *et seq.*, because the claims arise out of, and have a connection with, BP operations conducted on the Outer Continental Shelf.   BP also alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under federal law.   Finally, BP argues that removal is proper under 28 U.S.C. §§ 1441(b) and (c), and that the consent of the State and the Parish was not necessary to perfect removal because neither party was properly joined.   Notwithstanding the basis of removal jurisdiction relied upon by BP, Eleventh Amendment sovereign immunity divests this Court of subject matter jurisdiction over claims

asserted against the State in federal court.[1]  As such, and for reasons more fully stated below, the State of Louisiana respectfully requests that all claims asserted in this matter against the State be remanded.

## II.   LAW AND ARGUMENT

Federal law requires a district court to remand a removed case from state court if, "at any time before final judgment," it appears to lack subject matter jurisdiction.  28 U.S.C. § 1447(c). Federal removal statutes are strictly construed against the party seeking removal.[2]  Any doubts about the propriety of removal should be construed in favor of remand.[3]  In this case, the removal of the claims against the State must be remanded because this Court lacks subject matter jurisdiction over the claims against it pursuant to Eleventh Amendment sovereign immunity.[4]

### A.  Eleventh Amendment Sovereign Immunity Bars Federal Court Jurisdiction Over Claims Against the State of Louisiana.

Pursuant to sovereign immunity principles provided by the Eleventh Amendment of the United States Constitution, this Honorable Court lacks jurisdiction over the claims alleged in this lawsuit against the State of Louisiana.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend in any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State.

---

[1] The State submits this motion to remand in order to invoke its sovereign immunity; however, the State expressly reserves its right to assert all available claims and defenses, including insufficiency of service, jurisdiction, venue, etc., available to it pursuant to federal law, and upon remand, state law.

[2] *Orill, Cordell & Beary, LLC*, 2011 WL 2224906 (E.D. La. 2011) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (C.A.5 1986).

[3] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (C.A.5 2000).

[4] BP has also asserted that it was not required to obtain the consent of all Defendants because the Parish was fraudulently joined and the State has Eleventh Amendment immunity.  At this time, the State takes no position on the propriety of the joinder of the Parish as a Defendant, but reserves its right to assert any and all claims and defenses available to it.  Additionally, in situations whereby a State chooses to waive its sovereign immunity in federal court, the requirement of unanimity of consent of all defendants to removal still exists.  However, because Louisiana, in the current matter, is asserting immunity from suit in federal court and requesting that the Court sever and remand the claims against it, a ruling on the issue of consent is unnecessary to the decision to remand.

U.S. Const. amend. XI. Courts have held that the Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department."[5]   The principles underlying state sovereign immunity have been explained, thus:

> Private suits against nonconsenting States may threaten their financial integrity and the surrender of immunity carries with it substantial costs to the autonomy, decisionmaking ability, and sovereign capacity of the States.  A general federal power to authorize private suits for money damages would also strain States' ability to govern in accordance with their citizens' will, for judgment in creditors compete with other important needs and worthwhile ends for access to the public fisc, necessitating difficult decisions involving the most sensitive and political of judgments.[6]

The presupposition or concept of state sovereign immunity has two parts: "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."[7]  While a state's immunity is not absolute, the Supreme Court has recognized only two circumstances whereby an individual can sue a state in federal court.[8]  First, Congress may abrogate states' immunity by authorizing such a suit legislatively for purposes of enforcing the provisions of the Fourteenth Amendment.[9]  Alternatively, a state's sovereign immunity is "a personal privilege which it may waive at its pleasure" by consenting to the suit.[10]

In the Notice of Removal, BP cites OCSLA, 43 U.S.C. § 1441, as authorization for this Court's jurisdiction over the current matter. However, nothing in OCSLA indicates any congressional intent to abrogate the states' sovereign immunity.  The Supreme Court has created

---

[5] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (C.A.5 1997) (quoting *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-186 (C.A.5 1986); *see also Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984).
[6] *Alden v. Maine,* 527 U.S. 706, 709 (1999).
[7] *Meyers v. Texas*, 410 F.3d 236, 240 (citing *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank,* 527 U.S. 627, 634 (1999), quoting *Hans v. Louisiana*, 134 U.S. 1 (1890)).
[8] *Id.* at 241.
[9] *Id*. (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)).
[10] *Id.*

4

a two-part test for determining whether Congress has properly abrogated the states' Eleventh Amendment immunity.[11]   The first step requires a determination of whether Congress "unequivocally expresse[d] its intent to abrogate the immunity."[12]   If the intent to abrogate is expressed "in unmistakable language in the statute itself," the court must then determine whether Congress acted "pursuant to a valid exercise of power."[13]

In this instance, the Court does not even need to reach step two of the inquiry because it is clear that OCSLA does not contain any language indicating that Congress intended to abrogate the states' sovereign immunity from being sued for money damages in federal court.   Indeed, OCSLA contains express language to the contrary, stating:

> Except as provided in this section, any person having a valid legal interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this subchapter against any person, including the United States, and any other government instrumentality or agency (*to the extent permitted by the eleventh amendment to the Constitution*)…[14]

Because it is clear that there are no laws asserted in this suit or in the Notice of Removal whereby Congress has abrogated state sovereign immunity, the only remaining question for this Court is whether Louisiana has consented to be sued in federal court.   Based on the analysis below, it should be clear that it has not.   The decision to waive sovereign immunity must be voluntary on the part of the sovereignty.[15]   A court can find a waiver either if (1) the state

---

[11] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *see also Ussery v. State of Louisiana*, 150 F.3d 431 (C.A.5 1998).
[12] *Id*. at 55.
[13] *Ussery*, 150 F.3d 431, 434 (citations omitted).
[14] 43 U.S.C. § 1349(a)(1) [emphasis added].  Notwithstanding the discussion of OCSLA as it relates to sovereign immunity for purposes of remand, the State reserves its right to object to the jurisdiction of this Court over the claims in this suit against Louisiana under OCSLA should remand not be granted.
[15] *Meyers*, 410 F.3d at 241.

voluntarily invokes federal court jurisdiction; or, (2) the state makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.[16]

Here, the State has not voluntarily invoked federal court jurisdiction, but rather is a named Defendant in a case otherwise removed by another Defendant.  Also, as a general matter, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[17] The Louisiana Legislature clearly expressed that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[18] Therefore, in each unsanctioned instance of suit filed in, or removed to, federal court, the State, its agencies or officers in their official capacities must affirmatively waive its sovereign immunity in order for the court to have jurisdiction over the claims against the State.  The State of Louisiana does not consent to this suit and herein respectfully declines to waive its sovereign immunity. Considering the foregoing, this Honorable Court lacks jurisdiction over all claims against the State of Louisiana and this matter should be remanded to the 25th Judicial District Court for any further proceedings.

## B. This Court's Prior Ruling That Removal Is Proper Under OCSLA Is Distinguishable From, and Inapplicable To, the Current Matter.

On May 17, 2010, the District Attorney for the Parish of Terrebonne filed suit for the recovery of civil penalties for the value of the injured or destroyed wildlife or aquatic life resulting from the *Deepwater Horizon* disaster.[19]  The suit was filed by the District Attorney, on behalf of the Louisiana Department of Wildlife and Fisheries ("LDWF"), in the name of the State of Louisiana, pursuant to La. R.S. 56:40.1 *et seq.*  In response to the Plaintiff's Motion to

---

[16] *Id.*
[17] *See Citrano v. Allen Correctional Center,* 891 F.Supp. 312 (W.D.La. 1995); *Building Engineering Services Co., Inc. v. State of La.,* 459 F.Supp. 180 (E.D.La. 1978).
[18] La. R.S. 13:5106(A).
[19] *See State of Louisiana v. BP Exploration and Production Inc, et seq.,* Docket No. 160769, 32nd Judicial District Court, Parish of Terrebonne.

Remand and Defendant-BP's Memorandum in Opposition, in an Order dated October 6, 2010, this Court denied the Motion to Remand.[20]  The Court's ruling was based, in part, on a finding that Eleventh Amendment Immunity does not apply to the removal context when the State of Louisiana is a Plaintiff.[21]  For the reasons discussed below, that ruling is distinguishable from and therefore inapplicable to the current case.

In the *State of Louisiana v. BP Exploration and Production* suit, the State of Louisiana was the Plaintiff.  Thus, in response to the Plaintiff's argument that sovereign immunity extends to the State whether the State appears as a plaintiff or defendant, this Court held that "the Eleventh Amendment does not apply to the removal context when the State is a Plaintiff" and therefore "is not a bar to removal."[22]  In this current case, the State of Louisiana is a Defendant; therefore, as discussed *supra*, the Eleventh Amendment does apply and is a bar to removal.[23] Because the Eleventh Amendment bars the removal of the claims against the State, this Court is required to sever and remand those claims to State court.

In *Wisconsin Dept. of Corrections v. Schacht*,[24] the Supreme Court was faced with the issue of whether defendants can remove a case involving claims arising under federal law to federal court, where some claims, made against a State, are subject to an Eleventh Amendment bar. The Court held that the defendants can remove the case to a federal court, but that the court only had jurisdiction over claims not barred by the sovereign immunity.[25]

---

[20] *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 10-MD-2179 (Rec. Doc. 470), 747 F.Supp.2d 704 (E.D. La. 2010).
[21] *Id*. at 710.
[22] 747 F.Supp.2d. at 710-711 (citing *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*, 625 F.2d 22, 24 n. 6 (5th cir. 1980); *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 431 N. 12 (5th Cir. 2008)).
[23] Because the State is a Defendant, making the Eleventh Amendment a clear bar to removal, the State does not need, and hereby reserves its right, to take a position on the question of whether sovereign immunity applies whether the State appears as a plaintiff or defendant.
[24] 524 U.S. 381 (1998).
[25] *Id*. at 383.

*Schacht* involved claims by a former prison guard that had been fired by the Wisconsin Department of Corrections alleging that the Department had violated his due process and civil rights under the Fourteenth Amendment and 42 U.S.C. § 1983. The defendants' asserted Eleventh Amendment immunity as a defense to bar any claims against the State.[26] After the District Court granted the defendants' motion to dismiss, the plaintiff appealed the dismissal of claims against the individual defendants in their personal capacities. The Court of Appeals, rather than addressing the merits of the issue presented, concluded that removal had been improper because the federal court lacked jurisdiction over the claims against the State and remanded the entire case to state court.[27] The Supreme Court granted certiorari to review a conflict among the Circuits regarding the question of, if one or more claims are subject to an Eleventh Amendment bar, does that jurisdictional bar require a remand of the entire case, or only those claims barred by sovereign immunity.[28]

In ruling that the presence of a claim that the Eleventh Amendment may bar "does not destroy removal jurisdiction that would otherwise exist," the Court reasoned that "the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so."[29] The Court further stated that, after removal, "[t]he State's later invocation of the Eleventh Amendment placed the particular *claim* beyond the power of the federal courts to decide, but it did not destroy removal jurisdiction over the entire case."[30]

In BP's Notice of Removal, it also argues that when a state invokes its right to sovereign immunity, the claims against that state are not within a federal court's jurisdiction. BP's Notice

---

[26] *Id*. at 385.
[27] *Id.*
[28] *Id*
[29] *Id*. at 389.
[30] *Id*. at 391 [emphasis in original]. *See also Covarrubias v. County of Mono*, 2009 WL 2590729 (E.D.Cal. 2009) (holding that the Court lacked subject matter jurisdiction over the claims against the state and remanded those claims, while retaining jurisdiction over the claims against the County).

of Removal, p. 10.  Here, the State of Louisiana hereby affirmatively asserts its right to Eleventh Amendment immunity from the claims asserted against it in the Plaintiff's Petition and requests that the Court sever and remand those claims to State court.

**C. OCSLA Does Not Create a Cause of Action Against Louisiana Based on the Allegations in Plaintiff's Petition; However, Because the Eleventh Amendment Divests Federal Courts of Subject Matter Jurisdiction, This Court Should Remand the Case Before Reaching the Statutory Question.**

As previously noted, the Plaintiff has no valid federal cause of action against the State of Louisiana associated with any of the allegations in its Petition, including that the operation of freshwater diversions caused damage to Plaintiff's property.  Defendant-BP has removed this case on grounds of federal question jurisdiction under OCSLA, as well the allegation that 43 U.S.C. § 1331 creates original jurisdiction over the claims stated in the present case.  Setting aside jurisdictional issues related to this removal pursuant to OCSLA, generally, OCSLA does not create a cause of action as to the claims against the State.

OCSLA, 43 U.S.C. § 1349, provides the standard for asserting claims pursuant to that Act, stating that actions are allowed "to compel compliance with [OCSLA]…for any violation of any provision of [OCSLA] or any regulation promulgated under [OCSLA], or of the terms of any permit or lease issued by the Secretary…"[31]   That Act also provides for the review of "[a]ny action of the Secretary to approve a leasing program,"[32] or "[a]ny action of the Secretary to approve, require modification of, or disapprove any exploration plan or any development and

---

[31] 43 U.S.C. § 1349(a)(1)
[32] 43 U.S.C. § 1349(c)(1).

production plan."[33]   None of these provisions authorize a suit against a state for the types of allegations contained in the Plaintiff's Petition.[34]

Notwithstanding the absence of a valid cause of action against the State, the jurisprudence in this Circuit requires the Court to confront the Eleventh Amendment immunity jurisdiction before reaching the merits of the statutory claims.   In *U.S. v. Texas Tech University*,[35] a private citizen filed a qui tam action against Texas Tech University and Texas Tech University Health Sciences Center for violations of the False Claims Act.[36]   The Fifth Circuit was faced with an Eleventh Amendment jurisdictional issue as well as the issue of whether the False Claims Act creates a cause of action against a state.[37]   The Court held that it could not reach the statutory question under the False Claims Act before deciding the Eleventh Amendment issue since the Eleventh Amendment was jurisdictional in nature.   The Court reasoned:

> While the Supreme Court has left this question open, our court has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction. *See, e.g., Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *John G. and Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 673-75 (5th Cir.1994) (finding that the district court erred in ruling on motion for partial summary judgment after the Eleventh Amendment deprived the court of subject matter jurisdiction); *Stem v. Ahearn,* 908 F.2d 1, 4 (5th Cir.1990) (when applicable, Eleventh Amendment will divest federal courts of subject matter jurisdiction); *McDonald v. Board of Miss. Levee Comm'rs,* 832 F.2d 901, 906 (5th Cir.1987) (quoting *Crane v. Texas,* 759

---

[33] 43 U.S.C. § 1349(c)(2).  Additionally, any action commenced pursuant to section 1349 also requires sixty (60) day prior notice to the Secretary or State in which the violation allegedly occurred.  43 U.S.C. § 1349(2).

[34] OCSLA also provides for additional claims, such as judicial review of various secretarial determinations pursuant to, e.g. §§ 1335(d), 1337(a)(3)(c)(ii) (related to royalty relief), for injunctions, restraining orders, and civil and criminal penalties pursuant to actions commenced by the United States Attorney General of a United States attorney under § 1350, and for actions against the United States or a State for failure to maintain confidentiality of information under § 1352(f).  These provisions are not implicated by any of the Plaintiff's allegations.

[35] 171 F.3d 279 (C.A.5 1999).

[36] *Id*. at 281.

[37] *Id*.

F.2d 412, 415 (5th Cir.1985)) ("[E]leventh amendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.' "); *Darlak v. Bobear,* 814 F.2d 1055, 1064 (5th Cir.1987) (dismissal of case on Eleventh Amendment grounds recognized court's lack of subject matter jurisdiction and did not constitute a judgment on the merits)…Until the Supreme Court, Congress, or an en banc panel of this court reverses this practice, we must continue it. *Barber v. Johnson*, 145 F.3d 234, 247 (5th Cir. 1986).[38]

The court also recognized the parties' ability to present their arguments in the alternative, but held that "we cannot hold that we possess no authority to hear a case, and then proceed to decide the statutory issue presented in the case."[39]  Because the Eleventh Amendment bars this Court from obtaining subject matter jurisdiction over claims against the State, then pursuant to 43 U.S.C. § 1447(c) and the Supreme Court's ruling in *Schacht*, the claims against Louisiana must be severed and remanded to State court.[40]

## III.    CONCLUSION

The State of Louisiana is entitled to, and does hereby, invoke its Eleventh Amendment sovereign immunity for all claims asserted against it by the Plaintiff.  As such, regardless of whether this case was properly removed to federal court, 28 U.S.C. § 1447(c) and binding Fifth Circuit jurisprudence interpreting the jurisdictional nature of sovereign immunity bar this Court from acquiring subject matter jurisdiction over the claims against the State.  Accordingly, the State of Louisiana respectfully requests that this Court sever the claims against the State from the above-captioned case and remand those claims to State court, or alternatively, remand the entire action pursuant to 28 U.S.C. § 1441.

---

[38] *Id.*, n. 9 at 286.  *See also Smith v. Wisconsin Department of Agriculture, Trade and Consumer Protection*, 23 F.3d 1134, 1140 (C.A.7 1994) (holding that the law of the Seventh Circuit "does not recognize a common law immunity, but rather holds that federal courts do not have subject-matter jurisdiction over suits against a state").

[39] *Id.* at 287 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).

[40] *See also Smith, supra, n. 25* (remanding the Plaintiff's claims against the state agency after finding the court did not have jurisdiction over the claims); *McKay By and Through McKay v. Boyd Const. Co., Inc.*, 769 F.2d 1084 (C.A.5 1985), *abrogated on other grounds by Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381 (1998) (remanding case back to state court, following removal, where defendant was entitled to sovereign immunity).

Dated this 29th day of June, 2011


Respectfully Submitted,

**JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL**


BY:   /s/ Megan K. Terrell
      **Megan K. Terrell (La.  #28991)**
      **Whitney Higginbotham Greene (La.  #32482)**
      **David A. Peterson (La. # 22591)**
      Assistant Attorneys General
      Louisiana Department of Justice
      Post Office Box 94005
      Baton Rouge, Louisiana 70804-9005
      TEL: (225) 326-6085
      FAX: (225) 326-6099

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum In Support of the State of Louisiana's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of June, 2011.

/s/ Megan K. Terrell

Megan K. Terrell (#29443)

terrellm@ag.state.la.us