UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Document applies to 11-cv-274 c/w 11-cv-275 | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

**TRANSOCEAN'S SUR-REPLY TO THE BP PARTIES' MOTION TO DISMISS TRANSOCEAN'S COMPLAINT IN INTERVENTION[1]**

TO THE HONORABLE JUDGE CARL J. BARBIER:

COME NOW Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this short Sur-Reply to assist the Court in disposing of the BP Parties' Motion to Dismiss Transocean's Complaint in Intervention.

**I.      TRANSOCEAN HAS STANDING TO DEFEND ITS RIGHTS AGAINST BP'S OVERREACHING**

BP's reply in support of dismissal raises no new Article III arguments, but does help to focus the discussion by pointing out the "fundamental point upon which the BP Parties' motion is based: [Transocean's] complaint does not seek a declaration of any insurance rights or obligations *of Transocean itself*." **Dkt. No. 2818-1, at 1** (emphasis in original).

Transocean's direct response to this statement by BP is that Transocean's "insurance rights or obligations" are not disputed by anyone. That is why no party has sued Transocean to

---

[1]      Transocean's Sur-Reply in Opposition is filed subject to, and without waiver of, Transocean's rights to invoke and compel arbitration of any disputes arising out of or related to the Drilling Contract dated December 9, 1998 between Transocean Holdings LLC and BP America Production Company.

accuse it of being in some way wrong.  No party has even suggested that Transocean is not the sole named insured on its own policies, or that Transocean's pollution, property damage and death and injury liabilities are not covered.  Transocean's insurers do not deny this; this is made explicit in the First Excess Layer Underwriters' interpleader action just filed in this District.[2] Nor does BP, Anadarko or MOEX deny it, nor does any one of them argue that they are the sole insureds to the exclusion of Transocean.[3]  In fact, their claims boil down to their assertion that they have the same coverage as Transocean.  Perhaps BP is arguing that Transocean lacks Article III standing because it fails to seek an affirmative declaration that Transocean <u>alone</u> is covered, by "refus[ing] to claim in respect to its own insurance rights."[4]  But, there is no sense in which Transocean's "insurance rights or obligations" can be said to be uncertain other than whether Transocean is the <u>only</u> party with those same rights.  There is nothing for Transocean to "claim," since no party doubts Transocean's plenary rights in the policies and, but for BP's misinterpretation of Transocean's contract with BP and consequent interference in Transocean's contracts with its insurers, its insurers would be reimbursing Transocean's "claims" right now.

What is uncertain is whether BP stands to share in Transocean's coverage, most specifically with regard to BP's Macondo well pollution liabilities.  In other words, (1) are Transocean's the only covered Macondo well pollution liabilities, or (2) are both Transocean's and BP's Macondo well pollution liabilities covered?  To negate (1) or (2) is to establish the other.  Seeking to end the parties' controversy by negating (2) so as to establish (1), Transocean asked the Court to make the following declarations:

---

[2]  *See* E.D. La. 2:11-cv-1439, **Dkt. No. 1, at ¶¶ 21–22** (Complaint for Interpleader).  In fact, these insurers have alleged they were "reviewing submissions from Transocean for the purpose of reimbursement," but other parties' claims—claims the insurers denied—forced the insurers into pursuing interpleader.  *Id.*

[3]  If they do deny it, it is their complaints that will require amendment.

[4]  **Dkt. No. 2818-1, at 2.**

A.   BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.[5]

B.   The additional insured status of BP (or that of Anadarko and MOEX) in the policies therefore does not extend to the pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the release of oil from BP's well.

C.   Neither Ranger nor the Transocean Excess Insurers have any additional insured obligations to BP, Anadarko and MOEX under any of the policies for the pollution liabilities BP, Anadarko, and MOEX have incurred or will incur with respect to the oil emanating from BP's well.

D.   BP, Anadarko and MOEX are not entitled to coverage under any of Transocean's policies for the pollution liabilities BP, Anadarko, and MOEX have incurred and will incur with respect to the oil emanating from BP's well.

**Dkt. No. 1667-5, at ¶ 23.**

A close reading shows that any one of these requested declarations, if declared, would end the parties' dispute in favor of Transocean.  Declaration A. explains that pollution liabilities are spelled out in the Drilling Contract, where BP is solely responsible for subsurface pollution. Declaration B. says, "therefore," BP's additional insured status does not extend to those pollution liabilities.  Since those liabilities are not covered, Declaration C. says Transocean's insurers do not have to pay BP for such pollution.  Finally, making the same point from a different perspective, Declaration D. provides that ***BP*** is not covered under "***Transocean***'s policies" for such pollution.[6]  As observed above, without BP's coverage demands, the default situation is that

---

[5]   BP refers to this as the "non-insurance" claim and moves to sever or stay it.  **Dkt. No. 2818-1, at 6.**  The argument relies on the logical fallacy of 'begging the question' in assuming the answer to the question central to the coverage litigation: does the Drilling Contract's indemnity agreement limit the policies' additional insured coverage?

[6]   By expressly laying claim to the policies to the exclusion of the other parties making claims under those policies, Declaration D. by its terms suffices to silence BP's argument that "[Transocean's] complaint does not seek a declaration of any insurance rights or obligations *of Transocean itself.*"  **Dkt. No. 2818-1, at 1.**

Transocean is the sole entity covered for pollution liabilities by the policies.  Transocean's requested declarations seek to negate BP's entitlement to additional insured coverage for its pollution liabilities; should the Court eventually make these declarations (or, conversely, should the Court deny BP's), Transocean will remain the sole entity covered by the policies.

## II.   PROPER PARTIES AND COLLATERAL ESTOPPEL

BP remains insistent that Transocean must sue its insurers in order for issue preclusion to obtain.  Contrary to BP's argument, **Dkt. 2818-1, at 5**, part of the issue *is* "how Transocean should be treated upon intervention."  An intervenor such as Transocean becomes an "original party" in the action into which it intervenes.  *See Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 354 (5th Cir. 1997).  Transocean intervened into the insurers' suits against BP.  Now, therefore, Transocean and BP and the insurers are all parties and are all litigating precisely the same issue.  BP cannot possibly raise the specter of Transocean or its insurers not being bound by, or collaterally estopped from relitigating, the essential legal issue of coverage if actually litigated to a valid and final judgment in this action, as it promises to be.[7]

## III.   THE EFFECT OF THE INTERPLEADER ACTIONS

On June 17, 2011, two new suits for interpleader were filed by Transocean's insurers in this District, Nos. 11-cv-1439 and 1440.  Procedurally, there are two differences between the suits.  Civil Action No. 1440 includes all subscribers of three excess policies and is based on Rule 22 "and/or in the alternative" the federal interpleader statute, 28 U.S.C. § 1335.  Civil

---

[7]  *See, e.g.*, *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009) ("There are two related doctrines of preclusion: (1) claim preclusion, referred to as *res judicata*, and (2) issue preclusion, known as collateral estoppel.  *See Montana v. United States*, 440 U.S. 147, 153 (1979).  Although complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party or privy to a party in the prior litigation.  *See Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005)."); *see also Grogan v. Garner*, 498 U.S. 279, 284 (1991) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between parties, whether on the same or a different claim.")).

Action No. 1439, however, is brought only by the subscribers of two of the policies—the underwriters of policy ARS4926 are not plaintiffs to this suit—on the basis of Rule 22 and diversity jurisdiction.  Beyond these differences, the suits are materially the same with regard to their alleged bases and relief sought.  They present precisely the same factual and legal issues as the declaratory judgment actions pending before this Court, since consolidated into No. 11-cv-275.

All issues in BP's motion are practically, and will be definitively, mooted by the certain effects[8] of these interpleader actions.  Several of Transocean's insurers, because of BP's novel and overbroad claim for coverage, are actually suing their insured, Transocean, and it is possible other excess insurance layers of underwriters will seek the remedial protections of interpleader as well.  The interpleader actions now present the disputes in a different light and posture.  Each party is adverse to all other parties.  Because the insurers have now sued BP, Anadarko, MOEX and Transocean, and demanded they interplead their claims, and each of the parties interested in the funds is certain to make claims against the insurers and one another, Transocean suggests consolidating the interpleader actions into the suits for declaratory relief.  This will assist the parties to avoid unnecessary costs and delays and will further the purposes of convenience and economy.  *See* FED. R. CIV. P. 42(a).

## CONCLUSION

BP's arguments simply miss what Transocean is trying to do.  Transocean seeks, by way of the Declaratory Judgment Act, to have the Court construe the parties' contractual relationships in a way that preserves, to the exclusion of BP, Transocean's plenary rights in its own insurance.

---

[8]     Such likely effects include counter- and cross-claims in Transocean, BP, Anadarko and MOEX's responses/answers in those actions, as well as motions for consolidation of these suits with the declaratory judgment actions, etc.

BP has overreached to claim disputed rights in these contractual relationships that have visibly interfered with Transocean's undisputed rights. The Declaratory Judgment Act permits parties such as Transocean to have the true nature of the parties' relationship declared in a binding manner by the courts. Unless BP simply has something more than a wish that Transocean were not here to defend these rights, its motion must be denied.

Respectfully submitted,

By:     /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 28th day of June, 2011.

/s/  Kerry J. Miller