# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

June 28, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

This is BP's submission regarding the issue of selected redaction of highly sensitive, documents for irrelevance. We respectfully submit that by raising this issue, the PSC again comes to the Court complaining of phantom discovery violations by BP. This time, the PSC's contention is that while BP is allowed to withhold entirely nonresponsive documents from production, it may not redact confidential, nonresponsive information from any document that also contains potentially relevant material. Finding no support for their position in the Federal Rules, the PSC creatively stretches several PTO provisions to argue that they implicitly proscribe the practice of responsiveness redactions. The PSC is simply incorrect. BP, and other parties, have utilized responsiveness redactions as permitted by the Court's Pretrial Orders and Federal Rules and consistent with the practice approved by courts across the country.

More importantly, the PSC's complaints are entirely abstract. BP has only used relevance redactions for a miniscule portion of its document production. The documents the PSC complains about – BP p.l.c. Board of Directors materials – contain highly confidential information spanning a wide variety of topics, largely irrelevant to the issues in this litigation. The PSC does not point to specific documents that it contends contain overbroad redactions let alone explain how any redactions have prejudiced the PSC. Indeed, the PSC elected not to examine Tony Hayward, BP's former CEO, on any of the Board Minutes whatsoever. And, during the recent deposition of Sir William Castell, a BP non-executive director, redacted Board Minutes were marked as exhibits and the witness was examined on them without complaint by the PSC or any other party that the redactions impeded their examinations.

Notwithstanding the absence of any real dispute to date, if the PSC should encounter specific redactions that it believes, in good faith, may be over broad, the appropriate course is for

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 2

the PSC to bring those to BP's attention for a meet and confer. The PSC has yet to do so and for that additional reason the Court should decline to entertain the PSC's complaints.

I. **Redactions For Responsiveness Are Not Prohibited By The Federal Rules Or By PTO 16.**

The PSC complains that PTO 16, Paragraph 4 precludes parties from redacting irrelevant information from materials produced during discovery in MDL 2179. BP disagrees. First, Paragraph 4 speaks to the technical aspects of production—akin to settings on a copier—and not to the substance of what is and is not discoverable in this litigation. Paragraph 4 merely requires that when a party chooses to image hard copy documents and produce them as .TIFF images, those images must convey the discoverable "information" in a way that is not visually degraded. BP has complied with that provision. The PSC would prefer to rewrite Paragraph 4 to require that all .TIFF images "reflect, without visual degradation, the complete original document." But that is not the language used. Instead, Paragraph 4 requires the reproduction of "*information* contained on the original document." (emphasis added). What "information" is discoverable is governed by Rule 26, unchanged by PTO 16.

Nothing in PTO 16 purports to alter the scope of discovery permissible under Rule 26. Rule 26 allows for discovery of "nonprivileged *matter* that is relevant to any party's claim or defense," subject to a number of potential further limitations that may be asserted by way of objection. Fed. R. Civ. P. 26(b)(1) (emphasis added). The Rule does not grant a requesting party the right to view nonrelevant matter (particularly sensitive or confidential matter) simply because it happens to coexist in the same medium with discoverable information. The PSC offers no authority to the contrary. Rather, the law is clear that fishing expeditions into issues not directly relevant to the claims and defenses in the litigation are prohibited. *Garcel, Inc. v. Hibernia Nat. Bank,* No. Civ. A. 01-0772, 2002 WL 100605, at *2-3 (E.D. La. Jan. 24, 2002).

Second, PTO 16 expressly reserves to the producing party the right to make redactions for relevance or responsiveness. (PTO 16, Paragraph 13(d) (the producing party is permitted to review documents "for privilege, confidentiality, redactions and relevance or responsiveness prior to production.")) Contrary to the PSC's suggestion, PTO 16 does not limit the right to redact to privileged matter alone.

II. **Relevance Redactions Are An Accepted Practice For Protecting Nonresponsive, Confidential Information.**

While Mr. Roy suggested during the status conference on June 24, 2011, that responsiveness redactions run contrary to "decades" of jurisprudence, there is nothing in the PSC's June 22 submission to the Court to support such an extraordinary claim. To the contrary,

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 3

not only do the Federal Rules *not* prohibit redacting nonresponsive information from documents produced in discovery, courts often approve of this method as a way to protect material that is irrelevant, but confidential and commercially sensitive.  *See, e.g.*:

- *Hawthorne Land Co. v. Occidental Chemical Corp.*, No. Civ. A. 01-0881, 2003 WL 21510426 (E.D. La. June 24, 2003) (Shushan, J.): Defendants withheld confidential environmental assessment and audit reports because the reports post-dated the chemical leaks at issue in the litigation and only small portions of the reports were potentially responsive to plaintiffs' discovery requests.  *Id*. at *1.  Your Honor agreed that "substantial portions of the records [had] no relevance to the claims or defenses of any party, pursuant to FRCP 26(b)(1)."  *Id*. at *2.  Your Honor then ordered defendants to produce certain reports with the irrelevant portions redacted.  *Id*. at *3.

- *In re Enron Corporation Securities and Derivative and "ERISA" Litigation*, No. MDL 1446, 2003 WL 22218315 (S.D. Tex. July 9, 2003): The court ordered outside directors to produce financial information to the extent it was related to Enron and the MDL lawsuits, however, the directors could redact information about unrelated income.  *Id*. at *4.

- *Spano v. Boeing Co.*, No. 3:06-cv-00743, 2008 WL 1774460 (S.D.Ill. April 16, 2008): Defendants produced documents with redacted information regarding 401(k) plans not at issue in the case.  *Id*. at *2.  The court held that redaction was an appropriate method to produce a document with both relevant and irrelevant information.  *Id*.  "Although not specifically addressed in the Rule, other courts have found redaction appropriate where the information redacted was not relevant to the issues in the case."  *Id*.

- *California State Foster Parent Ass'n v. Wagner*, No. C 07-05086, 2008 WL 2872775 (N.D. Cal. July 23, 2008): Defendants withheld from production California Department of Social Services analyses that included highly sensitive material irrelevant to plaintiffs' claims.  *Id*. at *5.  Defendants were required to produce "the core relevant material, plus sufficient context to understand it" with the sensitive material redacted.  *Id*.

- *North American Rescue, Inc. v. Bound Tree Medical*, LLC, No. 2:09-cv-255, 2010 WL 1258113 (S.D. Ohio March 25, 2010): Defendant moved to compel plaintiff to produce documents regarding plaintiff's change in ownership.  *Id*. at *1.  The court ordered plaintiff to produce the documents because they were relevant to the issue of ownership of the causes of action but allowed plaintiff to redact any information that was both irrelevant and commercially sensitive.  *Id* at *2.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
June 28, 2011
Page 4

- *Schiller v. City of New York*, Nos. 04Civ.7922, 04Civ.7921, 05Civ.8453, 2006 WL 3592547, at *7 (S.D.N.Y. December 7, 2006) (upholding redaction of portions of meeting minutes not relevant to issues in the case).

Indeed, BP is not alone in this litigation in taking extra precautions to guard against the unwarranted intrusion into sensitive and confidential matters that are not relevant to the claims and defenses of any party.  Anadarko, Halliburton and perhaps others have made responsiveness redactions to documents produced in these proceedings.  (*See, e.g.*, Halliburton Documents attached hereto as Exs. A -B and Anadarko Documents attached hereto as Exs. C - D).[1]

And while it is unclear whether other defendants have yet produced minutes of their Board of Directors' meetings, BP suspects that when they do, they will likewise redact sensitive, nonresponsive information.  Courts routinely approve (typically after the fact) the redaction of irrelevant information from Board minutes:

- *Koch v. Koch Indus., Inc.*, No. 85-1636, 1992 WL 223816, at *2 (D. Kan. Aug. 24, 1992) (approving of defendant's practice of redacting irrelevant information from Board minutes without review by plaintiff's counsel because defense counsel's duty as officers of the court "is all that is needed to ensure the integrity of a party's self-policing practice of redacting irrelevant and sensitive matters from discoverable documents").

- *Trollinger v. Tyson Foods, Inc.*, No. 4:02-cv-23, 2007 WL 951869, at *2 (E.D. Tenn. March 28, 2007) (allowing portions of Board minutes to remain redacted that were "entirely irrelevant to the issues in this case").

- *Beauchem v. Rockford Products Corp.*, No. 01 C 50134, 2002 WL 1870050, at *2 (N.D.Ill. Aug. 13, 2002) (approving redactions of information in Board minutes that the court deemed irrelevant because they did not relate to the three retirement plans at issue in the litigation).

- *Georgandellis v. Holzer Clinic, Inc.*, No. 2:08-cv-626, 2010 WL 1839027, at *1-2 (S.D. Ohio May 4, 2010) (approving defendant's redactions of portions of Board minutes that were unrelated to the claims and defenses asserted in the action).

---

[1]   All of the exhibits hereto have been designated confidential under PTO 13 and are accordingly filed under seal.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 5

- *Strategic Growth Intern., Inc. v. RemoteMDX, Inc.*, No. 06 Civ. 3915, 2007 WL 3341522 (S.D.N.Y. Nov. 9. 2007) (finding redactions were proper to the extent the information was irrelevant to the issues involved in the case.).

- *Impact, LLC v. United Rentals, Inc.*, No. 4:08CV00430, 2009 WL 413713, at *9 (E.D. Ark. Feb. 18, 2009) (permitting defendants to redact all portions of Board minutes that did not pertain to the rental protection program at issue in the case on the grounds that all other information contained in the minutes was irrelevant, confidential, and proprietary).

The PSC offers no justification why Board minutes should be treated differently in this case than they are in all manner of varied litigation across the country.

### III.    BP, Like Other Parties Who Have Redacted Nonresponsive Information, Was Not Required To Seek A Protective Order.

Without supporting authority, the PSC baldly asserts that BP was required to seek a protective order under Rule 26(c) before redacting nonresponsive portions of Board documents. Not so. BP is not seeking to withhold from discovery or otherwise restrict the use or dissemination of relevant, nonprivileged information.[2] BP is no more required to seek a protective order before redacting nonresponsive information contained in a document that also includes discoverable information than it is required to seek a protective order every time it withholds a document in its entirety based on the document being nonresponsive.[3] Indeed, PTO 16 expressly provides that even though a document "hits" on an agreed search term, the producing party is still permitted to review the document "for privilege, confidentiality, redactions *and* relevance or responsiveness prior to production." (PTO 16, Paragraph 13(d) (emphasis added)). It is illogical to suggest that BP needs prior Court approval to withhold from production a paragraph within a document when no such permission is needed to withhold a document in its entirety.

---

[2]   As the PSC correctly observes, PTO 13 is already in place to deal with the production and use of ***responsive, confidential*** information.

[3]   With respect to the Board Minutes that the PSC complains about, BP was careful to limit its relevance redactions to nonresponsive matters while leaving intact all portions of the minutes necessary to establish foundation for the relevant portions of the document. For example, in the attached set of Minutes (as with all of the produced Minutes) BP left unredacted the portions of the document that reveal the time, date , location and attendees for the meeting as well as the headings for the nonresponsive sections of the minutes that have been redacted. (*See* Ex. E hereto)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 6

### IV.     BP Has Been Judicious In Redacting Nonresponsive Information.

BP takes its discovery obligations seriously and has fulfilled those obligations in good faith throughout these proceedings. The Court has recognized as much on other occasions in which the PSC has called into question the conduct of BP and its counsel with respect to line-drawing in document production. (*See, e.g.*, April 11, 2011 Order ("The *in camera* review demonstrated that the redacted material contained information which is protected from disclosure. The redactions were well done. There was no redaction of unprotected information. The remaining documents were properly withheld from production."))  BP's conduct here is no different.

As the Court knows well, BP has produced more documents than any other party – so far more than 3,000,000 pages in addition to vast quantities of electronic material produced natively. Across that large volume of material, BP has applied responsiveness redactions to *a fraction of one percent* of the production to date.  While BP could have sought to redact irrelevant information from the custodial files of every deponent, it has not done so.  The documents about which the PSC presently complains are among the most sensitive and closely held at BP p.l.c. The PSC does not, and cannot, credibly claim that Board of Directors' materials do not contain a host of information unrelated to the claims and defenses in this litigation. The business operations of BP p.l.c. are diverse, both substantively and geographically; not surprisingly then most of the topics discussed at the Board level at any given time do not relate to the issues in MDL 2179.   BP's redactions reflect this reality.

While the PSC has not put before the Court any specific documents to suggest that BP's redactions are improper, BP submits a few examples (under seal given confidentiality designations and PTO 13) that demonstrate the approach it has taken.  Exhibit E is the Minutes from a meeting of the Board of Directors of BP Plc held in July 2008.  Among others, BP redacted as nonresponsive sections of the Minutes titled "Group Financial Outlook," "Global Oil and Gas Supply/Demand Balance," "China-Coal," and "Refining and Marketing Business Review."   Contrast that with Exhibit F, which is the Minutes from a meeting of the Board of Directors of BP Plc held in May 2010.  The May 2010 Minutes have far less relevance redactions given the understandable predominance of issues germane to this litigation facing the company at that time.  Likewise, given the subject matter focus of the Board's Safety, Ethics & Environment Assurance Committee, minutes from those meetings contain fewer responsiveness redactions than minutes of the Board of Directors would.  (Ex. G)  In sum, BP's approach to redacting sensitive, nonresponsive information has been measured and any suggestion by the PSC that BP's conduct has not been in good faith is unfounded.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 7

### V. PTO 13 Is Not An Adequate Substitute for Redaction.

The PSC's final contention is that PTO 13 provides all the protection necessary to safeguard BP's confidential information. First, like PTO 16, PTO 13 does not alter the scope of discoverable information. PTO 13 strikes the balance between the PSC's need for *relevant* information and BP's interests in maintaining the confidentiality of qualified *relevant* material. It does not supplant BP's right to withhold from discovery information that is not relevant.

Second, and to be candid, PTO 13 is not sufficient protection against disclosure of BP's most sensitive strategic and business information. As the Court is well aware, there have been leaks (actual and rumored) during the course of the litigation. And, once the toothpaste is out of the tube, there is no putting it back. Moreover, BP is unlikely to have any real remedy for improper disclosure because the breadth of persons with access to material produced in this case makes it difficult, perhaps impossible, to identify the source of a leak. PTO 13 permits the PSC and other Defendants to share Confidential and Highly Confidential material with a broad universe of people, including any counsel for any party in any litigation pending anywhere so long as the litigation arises out of the *Deepwater Horizon* incident. (PTO 13, paragraphs (5) and (6)). While BP has to live with this risk as to information that is discoverable, it should not be subjected to such unwarranted risk with respect to information that is not relevant to the claims and defenses in this litigation.

\* \* \*

In sum, BP's decision to redact nonresponsive matter from BP p.l.c.'s Board of Directors' materials is both within the spirit and the letter of the Rules and consistent with litigation practice in federal courts across the country. Likewise, Pretrial Orders 13 and 16 do not prohibit relevance redactions. This Court should not countenance the PSC's blanket objection to responsiveness redactions. Rather, to the extent the PSC takes issue with specific redactions in specific documents, it should raise those objections with BP through the meet and confer process. If, and only if, after a good faith effort to resolve individual disputes the PSC still believes that material has been redacted inappropriately, BP submits that the discrete documents in question could be presented to the Court for *in camera* confirmation that BP's redactions are appropriate.

Sincerely,

J. Andrew Langan, P.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 28, 2011
Page 8

cc:  Plaintiffs Liaison Counsel
  Defense Liaison Counsel
  Mike Underhill
  Hon. Attorney General Luther Strange
  Cory Maze
  Donald E. Godwin
  James P. Roy
  Stephen J. Herman
  Mike O'Keefe
  Robert Cunningham
  Ronald S. Kravitz
  Jeroen van Kwawegen
  Wilber H. Boies
  Mark C. Molumphy
  Laurie L. Largent
  Julie Reiser
  Lori G. Feldman