# BINGHAM

Ky E. Kirby
Direct Phone: 202.373.6795
Direct Fax:      202.373.6434
ky.kirby@bingham.com

June 28, 2011

**Via Email**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:  **In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010 - Redaction of Non-Responsive, Irrelevant Information**

Dear Judge Shushan:

On behalf of Anadarko Petroleum Corporation and Anadarko E&P Company LP (together "Anadarko"), I write in response to your request for written submissions in response to the PSC's June 22, 2011 letter [Rec. Doc. 2995]. In its letter, the PSC informs the Court that BP has made redactions to copies of board minutes produced to the PSC. BP explained that it had redacted only non-responsive, irrelevant information from the board minutes, and had captioned those redactions as "Non Responsive." The PSC complains that BP did not move for a protective order under Rule 26(c) before redacting non-responsive information, and that the protective order in place in the litigation, PTO-13, does not expressly provide for redaction of non-responsive, irrelevant material. The PSC asks the Court for guidance, and argues that the documents at issue should be produced without redactions so that the PSC can "determine for itself whether certain portions of those documents are relevant."

Anadarko, of course, takes no position on whether BP has accurately redacted only non-responsive information, not being privy to the redacted information. However, Anadarko does note that redaction of non-responsive, irrelevant information from documents that contain both non-responsive material and responsive, discoverable material comports with the Federal Rules and common practice. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." It follows that information that is not relevant to any party's claim or defense need not be produced. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)"); *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt of Louisiana, LLC*, Civil Action No. 09-6270, 2011 WL 1321684, at *3 (E.D. La., April 1, 2011) (Roby, M.J.) (granting motion to quash subpoena because information sought was irrelevant).

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

T +1.213.680.6400
F +1.213.680.6499
bingham.com

A/74419131.3

The Honorable Sally Shushan
June 28, 2011
Page 2

Redaction of irrelevant and non-responsive material from documents that otherwise contain some discoverable information is commonplace, and it is standard practice that is both recognized and permitted by courts in the Fifth Circuit. For example, in *Bradley v. Cooper Tire & Rubber Co.*, Civ. A. No. 4:03cv00094-DPJ-JCS, 2007 WL 4624613, at *9 (S.D. Miss., Aug. 3, 2007), the court held that even though a protective order was in place, the protective order did not "prohibit the use of redaction where documents contain both discoverable and non-discoverable information." The court further noted that redaction of non-discoverable information from produced documents is "routine practice in civil litigation." *Id.* (emphasis added).

Redaction of irrelevant material is also common in this District, and indeed this Court has permitted the redaction of irrelevant information from produced documents. *See Iteld, Bernstein & Assoc., LLC v. Hanover Ins. Group*, Civil Action No. 06-3418-SSV-SS, 2009 WL 2046771, at *2 (E.D. La., July 13, 2009) (Shushan, M.J.) (declining *in camera* review of un-redacted versions of produced documents because information that was redacted was irrelevant); *Hawthorne Land Co. v. Occidental Chemical Corp.*, No. Civ. A. 01-0881, 2003 WL 21510426, at *2-3 (E.D. La., June 14, 2003) (Shushan, M.J.) (permitting defendants to redact non-relevant portions of documents that contained some relevant material).

Courts outside the Fifth Circuit also routinely permit litigants to redact irrelevant, non-responsive information from documents that also contain some responsive information. *See, e.g., Briese Lichttechnik Vertriebs GMBH, v. Langton*, 272 F.R.D. 369, 375 (S.D.N.Y. 2011) (permitting redaction of "trade-secret information that is not relevant to the case"); *In re: Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 244 F.R.D. 434, 442 (N.D. Ill. 2007) (permitting redaction of irrelevant materials and denying request for *in camera* review because petitioners had "an inadequate basis on which to suspect that redacted portions of those documents are in fact responsive….").

In sum, redaction of non-responsive, irrelevant information complies with the Federal Rules and with common practice in this District and Circuit, and we respectfully suggest that the PSC has made no showing of any intention on the part of this Court to take the unprecedented step of requiring the parties in this action to deviate from that standard practice.

Thank you for your consideration of this submission.

Respectfully submitted,

*Ky E. Kirby/cd*

Ky E. Kirby

cc:  Steve Herman            Corey Maze
     James P. Roy            Bill Large
     Michael Underhill       Anthony Irpino
     MDL 2179 Defense Liaison Counsel