UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| | JUDGE BARBIER |
| This document relates to:  11-275 | MAGISTRATE SHUSHAN |

## ANSWER

NOW INTO COURT, through undersigned counsel, come Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to certain excess liability insurance policies issued to Transocean Ltd. (identified with particularity in Exhibit A in their Complaint for Declaratory Judgment and referred to collectively as "Underwriters"), and in response to the Complaint in Intervention of Anadarko E&P Company LP and Anadarko Petroleum Corporation (collectively referred to as "Anadarko"), with respect, represent as follows:

## GENERAL DENIAL

Underwriters deny all allegations of the Complaint in Intervention not specifically admitted herein, including but not limited to those set forth in all unnumbered Paragraphs and/or sub-headings of the Complaint in Intervention.

- 2 -

## AFFIRMATIVE DEFENSES

In further response to the Complaint in Intervention, Underwriters set forth their affirmative defenses, upon information and belief, as follows:

### FIRST DEFENSE

The Complaint in Intervention fails to state a claim or right upon which relief can be granted.

### SECOND DEFENSE

Underwriters plead all of the terms, conditions, and exclusions of the policies identified on Exhibit A to Underwriters' Complaint for Declaratory Judgment (the "Policies") as if set forth herein and copied *in extenso.*

### THIRD DEFENSE

The alleged additional insured status of Anadarko under the Policies extends only to risks within the obligations assumed by Transocean Holdings, LLC and/or Transocean, Ltd. ("Transocean") under the terms of the Drilling Contract and only to the extent the obligations imposed on Transocean thereunder are enforceable and not voided by the conduct of BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited ("BP").

### FOURTH DEFENSE

The conduct of BP as determined in other proceedings may render unenforceable or otherwise void alleged obligations of Underwriters to Anadarko under the Policies, including but not limited to those set forth in the additional insured obligations. Underwriters reserve the right to assert rights, claims, or defenses on the basis of such determinations at a later time.

- 3 -

**FIFTH DEFENSE**

Anadarko has not asserted their claims against Underwriters with enough particularity to permit all relevant defenses to be raised. Underwriters reserve their right to assert any and all further affirmative defenses that may become apparent and/or applicable during the course of these and/or other related proceedings as well as their right to amend their answer, as appropriate, under the circumstances.

**SIXTH DEFENSE**

To the extent that Anadarko seeks injunctive relief, it cannot sustain its burden of proving imminent or irreparable harm, and has not complied with the requirements of Federal Rule of Civil Procedure 65.

**SEVENTH DEFENSE**

BP, MOEX, and/or Anadarko have in the past and/or may in the future enter into settlement agreements that may affect the rights and obligations of the parties herein. To the extent applicable, Underwriters plead accord, satisfaction, settlement, release, voluntary payment, and/or lack of standing as an affirmative defense.

**EIGHTH DEFENSE**

AND NOW, in response to the specific allegations of the Complaint in Intervention, Underwriters aver as follows:

1.

With respect to the allegations contained in Paragraph 1 of the Complaint in Intervention, it is admitted that Underwriters brought Civil Action No. 4:10-cv-1823 in the United States District Court for the Southern District of Texas on May 21, 2010 seeking judicial declaration

that Underwriters have no additional insured obligation to BP under the Policies issued to Transocean Ltd., and its affiliates, subsidiaries and related companies (collectively, "Transocean") for pollution liabilities the BP incurred and will incur with respect to the oil that emanated from BP's well and that BP is entitled to coverage under the Policies for the pollution liabilities BP has incurred and will incur with respect to the oil which emanated from BP's well. Except as specifically admitted, Underwriters deny the remaining allegations of Paragraph 1 of the Complaint in Intervention.

2.

With respect to the allegations of Paragraphs 2, 3, 4, 10, 11, and 20 of the Complaint in Intervention, Underwriters admit these allegations.

3.

With respect to the allegations contained in Paragraphs 5, 12, 14, and 22 of the Complaint in Intervention, Underwriters are without sufficient knowledge or information to form a belief as to whether the allegations contained therein are true and, therefore, deny all of these allegations.

4.

With respect to the allegations contained in Paragraph 6 of the Complaint in Intervention, Underwriters lack sufficient information or knowledge with respect to the business relationship between BP, Anadarko and MOEX to form a belief as to whether the allegations contained therein are true, and, so, are denied. As to the allegations concerning the Drilling Contract, Underwriters submit the Drilling Contract is the best evidence of its terms and conditions and is incorporated by reference. Finally, Underwriters admit that on October 26, 2010, counsel for Anadarko sent a letter to counsel for Underwriters, which correspondence speaks for itself.

- 5 -

Except as specifically admitted, Underwriters deny the remaining allegations of Paragraph 6 of the Complaint in Intervention.

5.

With respect to the allegations contained in Paragraph 7 of the Complaint in Intervention, Underwriters admit that on October 26, 2010, counsel for Anadarko sent a letter to counsel for Underwriters. Further, it is admitted that the position of Underwriters in respect of claims presented by Anadarko is consistent with the position in respect of the coverage afforded to BP. Except as specifically admitted, Underwriters deny the allegations in Paragraph 7 of the Complaint.

6.

Underwriters deny the allegations of Paragraphs 8, 21, 25, 26, 27, 32, and all unnumbered paragraphs of the Complaint in Intervention.

7.

The allegations contained in Paragraph 9 of the Complaint in Intervention state conclusions of law that do not require a response. To the extent the Court deems a response necessary thereto, Underwriters deny the allegations in Paragraph of the Complaint in Intervention.

8.

With respect to the allegations contained in Paragraph 13 of the Complaint in Intervention, it is admitted that the Underwriters subscribed the Policies, which are in excess of any limits of a Ranger Insurance Limited policy.

9.

With respect to the allegations contained in Paragraph 15 of the Complaint in Intervention, Underwriters admit that Transocean and BP America Production Company are parties to the Drilling Contract, which is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*. The Drilling Contract is the best evidence of its terms and conditions and is expressly incorporated herein by reference.

10.

With respect to the allegations contained in Paragraphs 16 and 17 of the Complaint in Intervention, Underwriters admit that the Drilling Contract is the best evidence of its terms and conditions, and is expressly incorporated herein by reference. To the extent the allegations contained in Paragraphs 16 and 17 of the Complaint in Intervention are inconsistent with the Drilling Contract, these allegations are denied.

11.

With respect to the allegations contained in Paragraphs 18 and 19 of the Complaint in Intervention, Underwriters submit that the Policies are the best evidence of their terms and conditions, and are expressly incorporated by reference herein. To the extent the allegations contained in Paragraphs 18 and 19 of the Complaint in Intervention are inconsistent with the Policies, these allegations are denied.

12.

With respect to the allegations of Paragraph 23 of the Complaint in Intervention, it is admitted that on May 14, 2010, BP wrote to AON Risk Services Southwest, Inc., which

PD.4881612.3

- 7 -

correspondence speaks for itself. It is further admitted that on May 21, 2010, Underwriters filed a Complaint for Declaratory Judgment, which also speaks for itself.

13.

With respect to the allegations contained in Paragraph 24 of the Complaint in Intervention, the allegations are admitted to the extent Underwriters have asserted that one basis for a lack of coverage is the terms of the Drilling Contract limit Transocean's liability to pollution above the surface of the land or water and liabilities related to pollution emanating from BP's well were not assumed by Transocean and therefore not covered under the Policies. Except as expressly admitted, Underwriters deny the remaining allegations of Paragraph 24 of the Complaint in Intervention.

14.

With respect to the allegations contained in Paragraph 28 of the Complaint in Intervention, Underwriters admit that on October 26, 2010, counsel for Anadarko sent a letter to counsel for Underwriters, which correspondence speaks for itself. Except as expressly admitted, Underwriters deny the remaining allegations of Paragraph 28 of the Complaint in Intervention.

15.

With respect to the allegations contained in Paragraph 29 of the Complaint in Intervention, Underwriters restate and reaver each statement made in response to the allegations contained in Paragraphs 1 - 28 of the Complaint in Intervention as if set forth and copied herein.

16.

With respect to the allegations contained in Paragraph 30 of the Complaint in Intervention, it is admitted that an actual case and controversy exists between the Anadarko and

- 8 -

Underwriters as to whether Anadarko has any rights under the Policies whatsoever. Further, Underwriters admit that the alleged rights and obligations of the parties require formal adjudication. Except as specifically admitted, Underwriters deny the remaining allegations of Paragraph 30 of the Complaint in Intervention.

17.

With respect to the allegations contained in Paragraph 31 of the Complaint in Intervention, it is admitted that other parties have asserted rights under the Policies. To the extent not expressly admitted, Underwriters are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny the allegations in this Paragraph.

WHEREFORE, Underwriters pray for judgment in their favor dismissing the Complaint in Intervention of Anadarko with prejudice at the cost of Anadarko and for all such other and further relief as equity and the justice of this cause may require and permit.

- 9 -

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Kyle S. Moran
Richard N. Dicharry (Bar #4929)
George M. Gilly (Bar #6234)
Evans Martin McLeod (Bar #24846)
Kyle S. Moran (Bar #33611)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: Richard.Dicharry@phelps.com
George.Gilly@phelps.com
Marty.McLeod@phelps.com
Kyle.Moran@phelps.com

COUNSEL FOR CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON AND VARIOUS
INSURANCE COMPANIES

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 30th day of June, 2011.

/s/ Kyle S. Moran
Kyle. S. Moran