UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| This document relates to:  11-275 | MAGISTRATE SHUSHAN |

## ANSWER

NOW INTO COURT, through undersigned counsel, come Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing to certain excess liability insurance policies issued to Transocean Ltd. (identified with particularity in Exhibit A in their Complaint for Declaratory Judgment and referred to collectively as "Underwriters"), and in response to MOEX Offshore 2007 LLC's ("MOEX") Complaint in Intervention with respect, represent as follows:

## GENERAL DENIAL

Underwriters deny all allegations of the Complaint in Intervention not specifically admitted herein, including but not limited to those set forth in all unnumbered Paragraphs and/or sub-headings of the Complaint in Intervention.

## AFFIRMATIVE DEFENSES

In further response to the Complaint in Intervention, Underwriters set forth their affirmative defenses, upon information and belief, as follows:

### FIRST DEFENSE

The Complaint in Intervention fails to state a claim or right upon which relief can be granted.

### SECOND DEFENSE

Underwriters plead all of the terms, conditions, and exclusions of the policies identified on Exhibit A to Underwriters' Complaint for Declaratory Judgment (the "Policies") as if set forth herein and copied *in extenso.*

### THIRD DEFENSE

The alleged additional insured status of MOEX under the Excess Liability Policies extends only to risks within the obligations assumed by Transocean Holdings, LLC and/or Transocean, Ltd. ("Transocean") under the terms of the Drilling Contract and only to the extent the obligations imposed on Transocean thereunder are enforceable and not voided by the conduct of BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited ("BP").

### FOURTH DEFENSE

The conduct of BP as determined in other proceedings may render unenforceable or otherwise void alleged obligations of Underwriters to MOEX under the Policies, including but not limited to those set forth in the additional insured obligations. Underwriters reserve the right to assert rights, claims, or defenses on the basis of such determinations at a later time.

PD.4890019.4

**FIFTH DEFENSE**

MOEX has not asserted its claims against Underwriters with enough particularity to permit all relevant defenses to be raised. Underwriters reserve their right to assert any and all further affirmative defenses that may become apparent and/or applicable during the course of these and/or other related proceedings as well as their right to amend their answer, as appropriate, under the circumstances.

**SIXTH DEFENSE**

To the extent that MOEX seeks injunctive relief, it cannot sustain its burden of proving imminent or irreparable harm, and has not complied with the requirements of Federal Rule of Civil Procedure 65.

**SEVENTH DEFENSE**

BP, MOEX, and/or Anadarko have in the past and/or may in the future enter into settlement agreements that may affect the rights of the parties herein. To the extent applicable, Underwriters plead accord, satisfaction, settlement, release, voluntary payment and/or lack of standing as an affirmative defense.

**EIGHTH DEFENSE**

AND NOW, in response to the specific allegations of the Complaint in Intervention, Underwriters aver as follows:

1.

With respect to the allegations contained in Paragraphs 1, 7, 19, and 23 of the Complaint in Intervention, Underwriters admit these allegations.

2.

With respect to the allegations contained in Paragraph 3 of the Complaint in Intervention, Underwriters admit that the Policies were purchased by Transocean, and provide limited coverage to certain additional insureds according to the terms of the Drilling Contract, which is expressly incorporated by reference herein.  Underwriters are without sufficient knowledge or information to form a belief as to whether the additional assertions contained therein are true and, therefore, deny the remaining allegations of Paragraph 3 of the Complaint in Intervention.

3.

With respect to the allegations contained in Paragraphs 4, 8, and 21 of the Complaint in Intervention, Underwriters are without sufficient knowledge or information to form a belief as to whether the allegations contained therein are true and, therefore, deny all of these allegations.

4.

With respect to the allegations contained in Paragraph 5 of the Complaint in Intervention, Underwriters admit that other parties have asserted rights under the Policies.  Except as expressly admitted, Underwriters are without sufficient knowledge or information to form a belief as to whether the allegations set forth in Paragraph 5 are true and, therefore, these allegations are denied.

5.

With respect to the allegations contained in Paragraph 6 of the Complaint in Intervention, these allegations state conclusions of law that do not require a response.  To the extent that the Court deems a response necessary thereto, Underwriters admit that this Court has admiralty and maritime jurisdiction over the Complaint in Intervention according to 28 U.S.C. §1333.

6.

With respect to the allegations contained in Paragraph 9 of the Complaint in Intervention, Underwriters admit they subscribed to the Policies, which are in excess of any limits of a Ranger Insurance Limited policy.

7.

With respect to the allegations contained in Paragraph 10 of the Complaint in Intervention, Underwriters note that BP plc was dismissed from the action by stipulation.  With respect to the allegations contained in Paragraph 10 of the Complaint in Intervention, Underwriters are without sufficient knowledge or information to form a belief as to whether the allegations contained therein are true and, therefore, deny all of these allegations.

8.

With respect to the allegations contained in Paragraphs 11 and 12 of the Complaint in Intervention, Underwriters admit that Transocean and BP America Production are parties to the Drilling Contract, which is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*.  The Drilling Contract, which is the best evidence of its terms and conditions, is expressly incorporated by reference.  To the extent the allegations contained in Paragraphs 11 and 12 are inconsistent with the Drilling Contract, these allegations are denied.

9.

With respect to the allegations contained in Paragraphs 13, 14, 15, 16, 17, and 18 of the Complaint in Intervention, Underwriters admit that Transocean purchased the Policies, which Policies are the best evidence of their terms and conditions and are expressly incorporated herein

by reference. To the extent the allegations contained in Paragraphs 13, 14, 15, 16, 17, and 18 of the Complaint in Intervention are inconsistent with the Policies, these allegations are denied.

10.

With respect to the allegations contained in Paragraph 20 of the Complaint in Intervention, Underwriters admit that significant liabilities have been asserted in connection with the Macondo Well blowout. Except as expressly admitted, Underwriters are without sufficient knowledge or information to form a belief as to whether the additional allegations contained therein are true and, therefore, deny all remaining allegations of Paragraph 20 of the Complaint in Intervention.

11.

With respect to the allegations of Paragraph 22 of the Complaint in Intervention, it is admitted that on May 14, 2010, BP wrote to AON Risk Services Southwest, Inc., which correspondence speaks for itself. It is further admitted that on May 21, 2010, Underwriters filed their Complaint for Declaratory Judgment, which also speaks for itself.

12.

Underwriters deny the allegations contained in Paragraphs 2, 24, 25, and 30 and all unnumbered paragraphs of the Complaint in Intervention.

13.

With respect to the allegations contained in Paragraph 26 of the Complaint in Intervention, it is admitted that on October 26, 2010, counsel for MOEX sent a letter to counsel for Underwriters, which speaks for itself. Except as expressly admitted, Underwriters deny the remaining allegations contained in Paragraph 26 of the Complaint in Intervention.

14.

With respect to the allegations contained in Paragraph 27 of the Complaint in Intervention, Underwriters restate and reaver each statement made in response to the allegations contained in Paragraphs 1-26 of the Complaint in Intervention as if fully copied and set forth herein.

15.

With respect to the allegations contained in Paragraph 28 of the Complaint in Intervention, Underwriters admit that an actual case and controversy exists between MOEX and Underwriters as to whether MOEX has any rights under the Policies whatsoever. Further, Underwriters admit that the alleged rights and obligations of the parties require formal adjudication. Except as specifically admitted, Underwriters deny the remaining allegations of Paragraph 28 of the Complaint in Intervention.

16.

With respect to the allegations contained in Paragraph 29 of the Complaint in Intervention, Underwriters admit that other parties have asserted rights under the Policies. Except as expressly admitted, Underwriters are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny the remaining allegations contained in Paragraph 29 of the Complaint in Intervention.

WHEREFORE, Underwriters pray for judgment in their favor dismissing MOEX Offshore 2007 LLC's Complaint in Intervention with prejudice at the cost of MOEX for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Kyle S. Moran
Richard N. Dicharry (Bar # 4929)
George M. Gilly (Bar #6234)
Evans Martin McLeod (Bar #24846)
Kyle S. Moran (Bar #33611)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: Richard.Dicharry@phelps.com
George.Gilly@phelps.com
Marty.McLeod@phelps.com
Kyle.Moran@phelps.com

COUNSEL FOR CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND VARIOUS INSURANCE COMPANIES

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and/or LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 30th day of June, 2011.

/s/ Kyle S. Moran
Kyle S. Moran