| COMPARISON OF OPA AND CERCLA – DEFENSES ||
|---|---|
| **OIL POLLUTION ACT** | **CERCLA** |
| **33 U.S.C. § 2703 – Defenses**<br><br>(a) Complete defenses<br><br>A responsible party is not liable for removal costs or damages under section 2702 of this title if the responsible party establishes, by a preponderance of the evidence, that the discharge or substantial threat of a discharge of oil and the resulting damages or removal costs were caused solely by--<br><br>(1) an act of God;<br><br>(2) an act of war;<br><br>(3) an act or omission of a third party, other than an employee or agent of the responsible party or a third party whose act or omission occurs in connection with any contractual relationship with the responsible party (except where the sole contractual arrangement arises in connection with carriage by a common carrier by rail), if the responsible party establishes, by a preponderance of the evidence, that the responsible party--<br><br>(A) exercised due care with respect to the oil concerned, taking into consideration the characteristics of the oil and in light of all relevant facts and circumstances; and<br><br>(B) took precautions against foreseeable acts or omissions of any such third party and the foreseeable consequences of those acts or omissions; or<br><br>(4) any combination of paragraphs (1), (2), and (3).<br><br>(b) Defenses as to particular claimants<br><br>A responsible party is not liable under section 2702 of this title to a claimant, to the extent that the incident is caused by the gross negligence or willful misconduct of the claimant. | **42 U.S.C. § 9607(b) – Defenses**<br><br>(b) Defenses<br><br>There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by--<br><br>(1) an act of God;<br><br>(2) an act of war;<br><br>(3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant (except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and ...<br><br>(b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or<br><br>(4) any combination of the foregoing paragraphs. |