UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER**

WHEREFORE, on October 29, 2010, the Court ordered Halliburton Energy Services, Inc. (HESI) to transfer the following items (collectively called the Cementing Components) to the custody of the Joint Investigation Team (JIT) and the Office of the Inspector General for the United States Department of the Interior:

1) the physical samples from the Deepwater Horizon project listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena as Attachment A;

2) 1 quart of ZoneSeal – 2000 from the same lot used in the cementing job completed on the Deepwater Horizon project on April 19, 2010; and

3) 2 gallons and one quart of the SCR-100 from the same lot used in the cementing job completed on the Deepwater Horizon project on April 19, 2010;

WHEREFORE, the Court further ordered on October 29, 2010 that no destructive testing on the Cementing Components will be conducted without further order of the Court.

CONSIDERING the Motion of the United States of America (Rec. doc. 2830), appearing on behalf of the Joint Investigation of the United States Coast Guard and the Bureau of Ocean

Energy Management, Regulation and Enforcement (JIT), seeking an order permitting the JIT, to conduct testing of the Cementing Components in accordance with certain protocols as set forth in its motion and otherwise relieving the United States from any contrary obligations as may be set forth in Paragraph 14 of the Court's Pretrial Order No. 1, as amended, and BP's Response to the Motion, and

CONSIDERING argument on the Motion during a telephone conference on June 27, 2011 with counsel for the United States, BP, Halliburton, and Cameron where, for reasons orally assigned, the Motion was granted in part and denied in part,

IT IS ORDERED that the JIT be and is hereby permitted to conduct the testing in accordance with the protocols set forth in Attachment 1 to this order, and also must perform the "high gas" testing proposed by BP on off-the-shelf cement product (*i.e.*, not the Cementing Components), the protocol for which is set forth as Attachment 2 to this order.

IT IS FURTHER ORDERED that the JIT's performance of the test selected by BP and set forth in Attachment 2 to this order does not constitute the JIT's *imprimatur* of such test, nor a determination or acquiescence of the JIT, or its cement lab contractor, that: such test is supported by industry standards or recommended practices, the results of any such testing would be useful or reliable for the JIT's purposes, or the JIT is conducting the test as part of its official investigation, nor does the performance of such testing .

IT IS FURTHER ORDERED that the JIT will complete these tests on or before July 31, 2011.

IT IS SO ORDERED this 1st day of July, 2011, at New Orleans, Louisiana.

THE HONORABLE CARL J. BARBIER
UNITED STATES DISTRICT JUDGE