UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| | JUDGE BARBIER |
| APPLIES TO: 11-274 c/w 11-275 | MAGISTRATE SHUSHAN |

**BP PARTIES' RESPONSE TO TRANSOCEAN'S SUR-REPLY TO BP'S MOTION TO DISMISS TRANSOCEAN'S COMPLAINT IN INTERVENTION**

On June 28, 2011, Transocean filed a Motion for Leave to file a sur-reply (docket no. 3075) to BP's Motion To Dismiss Transocean's Complaint in Intervention (docket no. 2249) in the two, now consolidated Insurance Actions (Nos. 11-274 and 11-275). Transocean attached its proposed sur-reply (docket no. 3075-3) to its motion. Yesterday (June 30, 2011), before BP had an opportunity to respond, the Court issued an order (docket no. 3098) granting Transocean's motion for leave. BP now submits that, in fairness, the Court should consider this very brief response to Transocean's sur-reply because the sur-reply (a) misrepresents the record and (b) misleadingly interjects a new development into the Court's consideration of BP's pending motion to dismiss.

*First*, while Transocean's sur-reply finally acknowledges that Transocean is claiming rights under the insurance policies at issue in these Insurance Actions, it wrongly states that "Transocean's 'insurance rights or obligations' are not disputed by anyone," and "no party doubts Transocean's plenary rights in the policies." Transocean Sur-Reply, at 1, 2. On the contrary, to the extent that Transocean's claim to proceeds under the policies could prejudice BP's competing claim, BP plainly does dispute Transocean's rights. That is the point. It is precisely because Transocean is making a competing claim under the policies that it needs to join

the Insurers — whose obligations its complaint purports to put at issue — as parties to its complaint.  Transocean still has cited no authority whatsoever in support of its curious position that it can sue only BP, MOEX, and Anadarko and omit *the parties that are supposed to perform under the contract.*

*__Second__*, Transocean's sur-reply interjects an entirely new development into the Court's consideration of BP's motion to dismiss and mischaracterizes the self-evident impact of this new development.  Transocean's sur-reply notes that *some* of the Excess Insurers who are *already* plaintiffs in this litigation (but are not named in Transocean's complaint) have just filed two new parallel lawsuits before this Court (Action Nos. 11-cv-1439 and 11-cv-1440, both filed on June 17, 2011, after briefing on this motion was otherwise complete).  These Insurers, who apparently represent the first excess layer of coverage under the liability insurance program that is already at issue in these Insurance Actions, have styled these new suits as interpleader actions; have named Transocean, BP, Anadarko and MOEX as defendants; and have pleaded for relief that would declare the respective rights of these parties in the policies in the first excess layer.

Transocean asserts that "[a]ll issues" in BP's pending motion to dismiss Transocean's complaint "are practically, and will be definitively, mooted by the certain effects of these interpleader actions."  Transocean Sur-Reply, at 5.  On the contrary, these new suits only underscore the point of BP's motion.  If Transocean wants to claim under the policies in question, as its complaint in intervention (and now its sur-reply) plainly indicate, then it needs to do so *in this litigation*.  The fact that some (but not all) of the Insurers have now (inexplicably) filed two more duplicative and under-inclusive lawsuits raising the same issues, under some of the same policies, already put at issue by their pleadings here — and that they have named Transocean as a defendant in these new interpleader suits — only confirms that all of these

insurance issues and parties should be joined, comprehensively, in this litigation.  In any event, the filing of these duplicative new actions does nothing to address the fundamental flaw of Transocean's complaint in intervention *in these two consolidated suits*, which is that Transocean does not seek a declaration of any insurance rights or obligations of Transocean itself, thus violating the baseline requirement of any action that the plaintiff seek a judgment in respect to its own rights or obligations.[1]

In short, for the reasons previously explained, BP submits that the Court should dismiss Transocean's complaint in intervention or, in the alternative, grant Transocean the seven days that it has requested to amend its pleading and require it to name as defendants *all* insurers in respect to whose policies it seeks *any* declaratory relief.

Respectfully submitted,

/s/ David B. Goodwin

| | |
|---|---|
| Allan B. Moore | David B. Goodwin |
| Seth A. Tucker | M. Alexia dePottere-Smith |
| Christopher J. Wenk | Covington & Burling LLP |
| Covington & Burling LLP | One Front Street, 35th Floor |
| 1201 Pennsylvania Avenue, NW | San Francisco, CA  94111 |
| Washington, DC  20004-2401 | Tel:  (415) 591-6000 |
| Tel:  (202) 662-6000 | Fax:  (415) 591-6091 |
| Fax:  (202) 778-5575 | E-mail:  dgoodwin@cov.com |
| E-mail:  abmoore@cov.com | E-mail:  adepottere@cov.com |
| E-mail:  stucker@cov.com | |
| E-mail:  cwenk@cov.com | |

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

---

[1] It also bears mention that several crucial defects are apparent on the face of the complaints in the two new interpleader actions.  In addition to being needlessly duplicative and under-inclusive relative to the now consolidated, prior pending Insurance Actions, these two new suits improperly split a single cause of action, fail to join necessary parties, suffer from federal jurisdictional defaults, and have been filed in the wrong venue.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of July, 2011.

/s/ Christopher J. Wenk
Christopher J. Wenk