UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *10-cv-2771* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding Redactions to Board Minutes and Other Documents (Rec. doc. 2995)]

On June 22, 2011, the PSC wrote to the Court objecting to BP's redactions to the minutes of the Board of Directors of BP p.l.c. and other documents. Rec. doc. 2995. BP reported that non-responsive information was redacted from the Board Minutes and other documents. The PSC argued that: (1) PTO 16 (Rec. doc. 686) regarding production of documents and electronic data prohibited such redactions; (2) BP did not move for a protective order; (3) PTO 13 (Rec. doc. 641) regarding protecting confidentiality does not provide for redactions for non-responsive information; and (4) the only permissible redactions are for privileged information. Rec. doc. 2995. BP and any other interested party were asked to respond. BP and Anadarko submitted responses. Rec. docs. 3108 and 3109. The PSC submitted a reply, which BP replied to.[1]

The Board Minutes contain information which is not relevant to the claims or defenses of any party. By definition this information is confidential or highly confidential. Pursuant to PTO 13, a party may designate <u>relevant</u> information as confidential or highly confidential. As used in PTO 13, these terms are inadequate to describe the level of confidentiality required for Board Minutes. For the reasons advanced by Anadarko and BP, the defendants will be permitted to redact non-responsive information from the Board Minutes of a publicly held party.

---

[1] The last two letters have not yet been docketed.

As to other documents that BP has redacted as unresponsive, the parties shall work out a procedure similar to that fashioned for viewing of settlement documents. The PSC will designate one of two people to review the unredacted documents to determine if they agree with BP that the sections are irrelevant. If they disagree, BP shall submit the documents for *in camera* inspection to the undersigned for resolution.

New Orleans, Louisiana, this 1 day of July, 2011.

                                        **Sally Shushan**
                                        **United States Magistrate Judge**