## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  :  . . . . . . . . . . . . . . . . . . . . . .

## LIAISON COUNSEL MEMORANDUM
## PROVIDING REPORT FOR 7/8/11 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on July 8, 2011.

**1.  Pre-Trial Orders:**

Since the last status report for the conference on May 26, the Court has entered PTO 37 (United States and Natural Resource Trustees' Testing of Samples).

**2.  The Status of the JPML Proceedings:**

Since the parties submitted the last status report on May 26, 2011, the JPML has issued five new Conditional Transfer Orders conditionally transferring seventeen additional cases to this Court.  To date, a total of twenty-seven CTOs have been issued.  Currently, there are

417652124.

approximately 522 total cases that have been transferred to MDL 2179. As a result of dismissals, currently only 463 cases are active before the Court. Of the active cases, 329 have been transferred by the JPML. The following issues remain undecided:

- One objection and a motion to vacate were filed regarding CTO-16. The motion has been fully briefed and pursuant to its notice of hearing session for its July 28, 2011, the Panel has set it as a matter to be considered without oral argument.

- Halliburton filed an objection to the transfer of its claims against the BP Defendants, which were included in CTO-18 and a motion to vacate CTO-18. The motion has been fully briefed and pursuant to its notice of hearing session for its July 28, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed to CTO-22, and the Panel has set a briefing schedule under which briefing will not be completed until July 1, 2011. The motion has been fully briefed and pursuant to its notice of hearing session for its July 28, 2011, the Panel has set it as a matter to be considered without oral argument.

- Nine objections were filed to CTO-23, and the Panel has set a briefing schedule under which briefing will not be completed until July 13, 2011. Given that the matters to be determined at the Panel's next hearing scheduled for July 28, 2011 do not include these matters, it is unlikely that the objections will be resolved until after the next Panel hearing scheduled for September 27, 2011. Two objections were filed to CTO-25, and the Panel has set a briefing schedule under which briefing will not be completed until August 2, 2011. Given that the matters to be determined at the Panel's next hearing scheduled for July 28, 2011 do not include these matters, it is unlikely that the

objections will be resolved until after the next Panel hearing scheduled for September 27, 2011.[1]

3. **Short-Form Joinders and Claim Dismissals:**

The parties will report on the status of short-form joinders.  Approximately 107,000 short-form joinders have been entered on the docket, with the Watts Guerra firm accounting for 44,510 of those filings.  The PSC has filed a motion for leave to file additional short-form joinders and to deem timely certain groupings of such pleadings.  (Record Doc. No. 2504). Transocean has delayed moving for entry of a motion for default pending the processing of claims by the clerk's office.

The parties are negotiating a procedure for dismissals, with or without prejudice, of short-form joinders where the claimant wishes to dismiss his/her claim due to settlement with the Gulf Coast Claims Facility.  Magistrate Judge Shushan has been assisting the parties.  If the parties cannot agree on such a procedure, the parties would propose that the Court enter an appropriate Order based on the submissions of the parties to date.

4. **Status of State-Filed Lawsuits:**

At least thirty-one Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (two cases); Harris County, Texas (six cases); Galveston County, Texas (four cases); Jefferson Parish, Louisiana (two cases); Orleans Parish, Louisiana (two cases); Plaquemines Parish, Louisiana (three cases); Terrebonne Parish, Louisiana (three cases); St. Bernard Parish, Louisiana (two

---

[1]      Attached is a chart showing the status of the Conditional Transfer Orders.

cases); Escambia County, Florida (one case); Hillsborough County, Florida (one case); Okaloosa County, Florida (one case); Harrison County, Mississippi (one case); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case).  These cases include:

- Eighteen personal injury suits, including (1) fifteen suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) three suits brought by oil spill response workers;

- Four lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

- Two breach of contract suits by the owners/operators of vessels participating in the Vessels of Opportunity oil spill response program;

- Three suits alleging primarily the breach of agreements for the sale or lease of oil spill response equipment, including one breach of contract suit filed by a manufacturer of containment boom;

- One suit alleging that BP improperly used plaintiff's design for capping the Macondo well without authorization or compensation;

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill;

- One suit alleging the breach of a contract for catering services to be used in feeding workers engaged in oil spill response activities in Louisiana;

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

–4–

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases.  BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

On May 27, 2011, the Texas Multidistrict Litigation Panel issued orders which denied BP's motion to create a state-level MDL for the approximately 10 related cases in Texas state court and terminated the previously-ordered stay of those cases.  The Texas courts have set trial dates falling between October 17, 2011 and April 16, 2012 in five personal injury cases brought by oil spill response workers, and a June 4, 2012 trial date in a case brought by an employee of Art Catering who alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010.

In addition to the thirty-one cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation).  Most of this state court litigation has been stayed in favor of MDL 2185, discussed below.  State courts in Louisiana, Texas, and Delaware have entered orders staying the state court derivative litigation in deference to the consolidated federal derivative case in MDL 2185.  On January 25, 2011, BP moved to stay the remaining Alaska litigation, and its motion remains pending.  The Alaska court heard argument on motions to dismiss and stay on March 23, 2011.

**5.  Status of MDL-2185:**

Securities Litigation.  Two consolidated amended complaints have been filed.  Motions to dismiss were filed on May 6 and are fully briefed as of June 21.

Derivative Litigation.   A consolidated amended complaint was filed February 4.   A motion to dismiss was filed on March 21, and argument was held on the motion on June 17.

ERISA Litigation.  A consolidated amended complaint was filed on May 27; responsive pleadings are due July 26.

Dividend Class Action.  The JPML has conditionally transferred to MDL 2185 a putative class action, brought on behalf of holders of BP American Depositary Shares, based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill.  The JPML will consider at its July 28, 2011 hearing session whether to officially transfer the action to MDL 2185.

Discovery Coordination.  In all three cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTO 17 and 27.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

## 6.  Written and Deposition Discovery:

Extensive written discovery and document production is underway.  As of the date of the status conference, 123 depositions will have been taken and as many as 57 depositions have been scheduled for the remainder of July.  Depositions not required for Phase 1 experts are being scheduled for August, September, and October.  BP alone has produced more than 3 million pages of documents.  3926 documents have been marked as deposition exhibits.  There are many

days scheduled with two, three, four, five, and even eight depositions proceeding simultaneously. The parties have been meeting with Magistrate Judge Shushan almost every Friday to schedule depositions and discuss pending discovery issues.

7. **Vessels of Opportunity Case Management**:

The PSC and BP will report on discussion concerning a Case Management Order that is close to completion.

8. **Insurance Coverage – Case Management Order:**

The Court entered a Case Management Order in the two consolidated Insurance Actions (Nos. 11-274 and 11-275) on June 16, 2011 (Record Doc. No. 2849). On June 17, certain excess insurers who are plaintiffs in the Insurance Actions filed a pair of interpleader actions before this Court (Nos. 11-1439 and 11-1440). The parties are in discussion about application of insurance proceeds to certain settlements and will discuss how the two new interpleader suits interrelate, both to each other and to the prior pending Insurance Actions.

9. **BOP Status:**

Pursuant to the Court's Orders of March 25 and April 19, 2011 (with approval of the Protocol and DNV contract), Phase 2 testing of the BOP has been completed. A preservation protocol is now being discussed with Magistrate Judge Shushan and will be presented to the Court.

10. **Cement Testing Status:**

The cement testing protocol has been approved by the Court (Record Doc. No. 3128). Analysis of samples will be completed by July 31, 2011.

**11.  Motions Set for Oral Argument**

No motions are currently set for oral argument.


If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,


/s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2011.

            /s/ Don K. Haycraft
            Don K. Haycraft