UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  Oil Spill by the Oil Rig § | | MDL NO. 2179 |
| "Deepwater Horizon" in the § | | SECTION: J |
| Gulf of Mexico, on April 20, 2010 § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| This Document Relates to: § | | |
| 2:10-cv-02771 § | | |

## MEMORANDUM IN SUPPORT OF MOTION TO EXAMINE AND TO COMPEL PRODUCTION OF MEDICAL RECORDS

TO THE HONORABLE SALLY SHUSHAN:

Petitioner in Limitation and Defendant Transocean Offshore Deepwater Drilling, Inc. respectfully submit their Memorandum in Support of Motion to Examine and to Compel Production of Medical Records, and in support thereof, would respectfully request the Court to order Claimants Stephen Bertone, Billy Coon, Jason Cooley, Andrea Fleytas, Anthony Graham, James Ingram, Jerry Isaac, Dustin Johnson, William P. Johnson, Paul Meinhart, Steve Richards, Stenson Roark, Allen Seraile, Carl Taylor, and Nickalus Watson to submit to mental examinations and Claimant Stephen Bertone to submit to a physical examination, as authorized by Federal Rule of Civil Procedure 35, and to produce all of their medical records in advance of those examinations, as authorized by Federal Rule of Civil Procedure 35, and to produce all of their medical records in advance of those examinations and would respectfully show the Court as follows:

1

## I. FACTUAL BACKGROUND

Claimants Stephen Bertone, Billy Coon, Jason Cooley, Andrea Fleytas, Anthony Graham, James Ingram, Jerry Isaac, Dustin Johnson, William P. Johnson, Paul Meinhart, Steve Richards, Stenson Roark, Allen Seraile, Carl Taylor, and Nickalus Watson (collectively, "Claimants") were all employed by Transocean on the MODU *Deepwater Horizon* at the time of blow-out, explosion, and fire of the *Deepwater Horizon*, which occurred on April 20, 2010 (hereinafter referred to as the "Incident of April 20, 2010"). Claimants all claim that they sustained psychological injuries as a result of the Incident of April 20, 2010. Claimant Stephen Bertone also claims that he sustained orthopedic injuries and is in need of back and neck surgery as a result of the Incident of April 20, 2010. All Claimants have filed claims in these Limitation proceedings to recover for their alleged injuries. (Ex. A.)

On June 28, 2011, following up on prior communications to Claimants' counsel, Daniel O. Goforth, counsel for Transocean, sent Claimants' counsel a letter requesting his agreement to make Stephen Bertone available for an independent medical examination by Dr. Larry Likover, an orthopedic surgeon in Houston, Texas. (Ex. B.) Additionally, on June 29, 2011, Mr. Goforth sent Claimants' counsel a follow-up letter and again requested his agreement to make Claimants available for independent medical examinations by Dr. John W. Thompson, a psychiatrist with Tulane University School of Medicine, and Dr. Kevin W. Greve, a clinical neuropsychologist with Jefferson Neurobehavioral Group. (Ex. C.) To date, Claimants' counsel has not agreed to make Claimants available for the requested examinations.[1]

---

[1] Claimant's counsel, Kurt B. Arnold, has objected to any neuropsychological testing on the ground that the testing is allegedly void on its face if it is performed within a year of prior testing. (Ex. D.) That objection is unfounded. As an initial matter, there is no rule that repeat tests are invalid if performed within a year of earlier tests. Indeed, the scientific literature recognizes that there is no agreed-upon minimum test-retest interval between

Because Claimants' counsel has not agreed to Transocean's requests for independent medical examinations of Claimants, Transocean has no recourse but to request that the Court compel Claimants to undergo independent medical examinations with Dr. Likover, Dr. Thompson, and Dr. Greve. Claimants' mental conditions and, in some cases, physical conditions are in controversy, and there is good cause for independent medical examinations of Claimants. The Court should compel Claimants to present themselves for the requested independent physical and mental examinations by Dr. Likover, Dr. Thompson, and Dr. Greve.

Additionally, Dr. Likover, Dr. Thompson, and Dr. Greve require all medical records related to Claimants' purported injuries from the Incident of April 20, 2010 in advance of the examinations. The Court should, therefore, also compel Claimants to produce their complete medical records to Transocean at least seven days prior to the independent medical examinations.

## II. ARGUMENT & AUTHORITIES

The Court may compel the physical or mental examination of a party if: (1) the physical or mental condition of the person is in controversy; and (2) there is good cause for the examination. FED. R. CIV. P. 35(a)(1), (a)(2)(A); *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). "Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case." *Womack v. Stevens Transp.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001). "The factors reviewed in determining 'good cause' often merge with those requirements necessary to find that a plaintiff's mental [or physical] condition is 'in controversy.'" *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 322

---

examinations. (Ex. C.) Moreover, the majority of the tests that will be performed by Dr. Thompson and Dr. Greve have not previously been conducted on Claimants and are, therefore, not repeat tests. To the extent that the testing does overlap, Dr. Thompson and Dr. Greve account for that fact in interpreting the data and reaching their conclusions. Nevertheless, even assuming that Claimants' objection to the testing could be supported, it is, at best, a basis for cross examination; it is not a basis for the Court to deny the requested independent medical examinations.

(N.D. Ga. 2000); *see also Schlagenhauf*, 374 U.S. at 118-19 (recognizing that the "in controversy" and "good cause" requirements are necessarily related).  Here, the mental conditions and, in some cases, the physical conditions of Claimants are "in controversy," and "good cause" exists for the requested physical and mental examinations.

First, Claimants' medical conditions are unquestionably in controversy.  All Claimants claim that they sustained psychological injuries as a result of the Incident of April 20, 2010 on the *Deepwater Horizon*.  Claimant Stephen Bertone also claims that he sustained orthopedic injuries and is in need of back and neck surgery as a result of the Incident of April 20, 2010.  Claimants seek to recover damages, including, but not limited to, their past and future medical expenses and mental anguish damages, from Transocean for those alleged injuries.  (Ex. A.)

Second, there is good cause for the Court to order the requested mental and physical examinations of Claimants.  As an initial matter, the fact that Claimants have placed their mental and physical conditions in controversy and intend to use medical expert testimony to prove the alleged physical injuries is sufficient to establish good cause.  *Schlagenhauf*, 374 U.S. at 119.  In *Schlagenhauf*, the United States Supreme Court concluded:  "Of course, there are situations where the pleadings alone are sufficient to meet [Rule 35's] requirements.  A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*  As such, under *Schlagenhauf*, Claimants' own pleadings are sufficient to establish good cause for Transocean to seek independent medical examinations of Claimants.

Nevertheless, even if Claimants' own pleadings were insufficient to establish good cause, good cause exists because the examinations are directly relevant to Claimants' claims and are

4

necessary to Transocean's case. Transocean requires the physical and mental examinations of Claimants in order to assess the existence and extent of their injuries, if any, as a result of the Incident of April 20, 2010. There is a reasonable nexus between the conditions in controversy—orthopedic injuries and psychological conditions—and the examinations sought—orthopedic examinations by Dr. Likover and psychological and neuropsychological examinations by Dr. Thompson and Dr. Greve. Importantly, it is not possible for Transocean to obtain the information that would result from mental and physical examinations of Claimants through less intrusive means. Indeed, there is no other way for Dr. Likover, Dr. Thompson, and Dr. Greve to fully evaluate Claimants' claims except through mental and physical examinations of them.

Claimants' refusal to submit to independent medical examinations prevents Transocean from obtaining essential discovery on a pivotal contested issue in this case—Claimants' medical conditions. It is Claimants who have asserted personal injury claims and have, therefore, placed their medical conditions at issue, yet it is Claimants who are now preventing Transocean from obtaining the discovery to which it is entitled. What is more, Claimants seek maintenance and cure benefits from Transocean under the Jones Act. Transocean is entitled to the requested examinations by Dr. Likover, Dr. Thompson, and Dr. Greve so that Claimants' maintenance and cure claims can be adequately evaluated.[2] The Court should compel Claimants to submit to medical examinations by Dr. Likover, Dr. Thompson, and Dr. Greve as follows:

| Claimant | IME with Dr. Likover | IME with Dr. Greve | IME with Dr. Thompson |
|---|---|---|---|
| Stephen Bertone | 8/18/11 @ 3:00 pm<br><br>Address:<br>902 Frostwood | 7/25/11 @ 8:00 am<br>7/28/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd. | 7/27/11 @ 9:00am - 11:00am)<br>7/27/11 (11:00am – 4:00 pm) |

---

[2] Despite Claimants' refusal to submit to independent medical examinations, Transocean has continued to provide maintenance and cure benefits to Claimants.

5

|  |  |  |  |
|---|---|---|---|
|  | Ste. 269<br>Houston, Texas 77024 | Ste. 223, Bldg. 6<br>Metairie, LA 70006 | Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Billy Ray Coon |  | 7/25/11 @ 9:15 am<br>7/28/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/27/11 (10:00 am – 3:00 pm)<br>7/29/11 (1:00 pm – 3:00 pm)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Jason Eric Cooley |  | 7/25/11 @ 10:30 am<br>7/28/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/27/11 (1:00 pm – 3:00 pm)<br>7/29/11 (9:00 am – 2:00 pm)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Andrea Fleytas |  | 7/25/11 @ 11:45 am<br>7/28/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/27/11 (8:00 am – 2:00 pm)<br>7/29/11 (9:00 am – 11:00 am)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences |

| | | | |
|---|---|---|---|
| | | | 1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Anthony Graham | | 8/15/11 @ 8:00 am<br>8/17/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| James Guyton Ingram | | 7/27/11 @ 8:00 am<br>7/29/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/25/11 (10:30 am – 12:30 pm)<br>7/28/11 (9:00 am – 2:00 pm)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Jerry Wayne Isaac | | 8/15/11 @ 9:15 am<br>8/17/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| Dustin D. Johnson | | 7/27/11 @ 9:15 am<br>7/29/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/25/11 (1:00 pm – 3:00 pm)<br>7/28/11 (11:0 am – 4:00 pm)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| William "Bill" | | 8/15/11 @ 10:30 am | Will Supplement |

| | | | |
|---|---|---|---|
| Johnson | | 8/17/11 @ 9:00 am<br><br>Address:<br>Will Supplement | |
| Paul Meinhart | | 7/27/11 @ 10:30 am<br>7/29/11 @ 9:00 am<br><br>Address:<br>3939 Houma Blvd.<br>Ste. 223, Bldg. 6<br>Metairie, LA 70006 | 7/25/11 (8:00 am – 10:00 am)<br>7/25/11 (10:00 am – 12:00 pm)<br>7/25/11 (1:00 pm – 3:00 pm)<br><br>Address:<br>Tulane Dept. of Psychiatry & Behavioral Sciences<br>1440 Tulane Ave.<br>10th Floor<br>New Orleans, LA 70112 |
| Steven Richards | | 8/15/11 @ 11:45 am<br>8/17/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| Stenson Roark | | 8/16/11 @ 8:00 am<br>8/18/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| Allen Seraile | | 8/16/11 @ 9:15 am<br>8/18/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| Carl Taylor | | 8/16/11 @ 10:30 am<br>8/18/11 @ 9:00 am<br><br>Address:<br>Will Supplement | Will Supplement |
| Nickalus J. Watson | | 8/16/11 @ 11:45 am<br>8/18/11 @ 9:00 am | Will Supplement |

|  |  | Address:<br>Will Supplement |  |
|---|---|---|---|

Moreover, Dr. Likover, Dr. Thompson, and Dr. Greve will need to review Claimants' complete medical records in advance of the independent medical examinations. Accordingly, to the extent Claimants have not produced their medical records, the Court should compel Claimants to produce their complete medical records, including raw data from all psychological and neuropsychological testing that has been performed on them since April 20, 2010, to Transocean at least seven days prior to the independent medical examinations.

### III. CONCLUSION

For the foregoing reasons, Transocean Offshore Deepwater Drilling, Inc. asks the Court: (1) to grant its motion in its entirety; (2) to order Claimants Stephen Bertone, Billy Coon, Jason Cooley, Andrea Fleytas, Anthony Graham, James Ingram, Jerry Isaac, Dustin Johnson, William P. Johnson, Paul Meinhart, Steve Richards, Stenson Roark, Allen Seraile, Carl Taylor, and Nickalus Watson to submit to mental examinations by Dr. Thompson and Dr. Greve; (3) to order Claimant Stephen Bertone to submit to physical examination by Dr. Likover; and (4) to order Claimants Stephen Bertone, Billy Coon, Jason Cooley, Andrea Fleytas, Anthony Graham, James Ingram, Jerry Isaac, Dustin Johnson, William P. Johnson, Paul Meinhart, Steve Richards, Stenson Roark, Allen Seraile, Carl Taylor, and Nickalus Watson to produce their complete medical records at least seven days prior to their independent medical examinations.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

**Of Counsel:**
John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

10

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Transocean Offshore Deepwater Drilling Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Examine Claimants Stephen Bertone, Billy Coon, Jason Cooley, Andrea Fleytas, Anthony Graham, James Ingram, Jerry Isaac, Dustin Johnson, William P. Johnson, Paul Meinhart, Steve Richards, Stenson Roark, Allen Seraile, Carl Taylor, and Nickalus Watson has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2011.

                                                                        /s/ Kerry J. Miller
                                                                       Kerry J. Miller