Memorandum of Anadarko Petroleum Corporation and Anadarko E&P Company LP on the BP Defendants' Waiver of Arbitration Rights

# EXHIBIT B



37333520

Apr 29 2011
11:06PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: Pleading Bundle C …………………………………………... | : : : : | DISTRICT JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF DISCOVERY REQUESTS TO THE STATES OF ALABAMA AND LOUISIANA, THE MEXICAN STATES OF QUINTANA ROO, TAMAULIPAS, AND VERACRUZ, AND LOCAL GOVERNMENT ENTITIES

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, BP Exploration & Production Inc. propounds the following requests for production of documents and interrogatories to the States of Alabama and Louisiana, the Mexican States of Quintana Roo, Tamaulipas, and Veracruz, and any local government entity that is classified into Pleading Bundle C or has filed claims, on its own behalf or on behalf of a State or other government entity or on behalf of the people of a State or other political subdivision for, *inter alia*, loss of resources, loss of tax revenue, property damages, response or restoration costs, and civil penalties, to be responded to within 30 days of service.  BP Exploration & Production Inc. requests that all documents and electronically stored information responsive to the following discovery requests be produced at the offices of Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654.

## REQUESTS FOR PRODUCTION

### I.    The Macondo Well

1.    All documents referring or relating to the MC252 Well created on or after January 1, 2008.

2.    All documents referring or relating to any application for the MC252 Well filed by BP.

3.      All documents referring or relating to the ownership structure of the MC252 Well.

## II.   Transocean and the *Deepwater Horizon* Rig

4.      All documents referring or relating to the *Transocean Deepwater Horizon* (the "*Deepwater Horizon*" or "rig").

5.      All documents referring or relating to Transocean's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

6.      All documents referring or relating to the equipment and safety devices on Transocean's *Deepwater Horizon* rig, including but not limited to the blowout preventer.

7.      All documents referring or relating to the crew and personnel of Transocean's *Deepwater Horizon* rig.

8.      All documents referring or relating to regulations, industry standards, or government oversight which apply or relate to Transocean, the *Deepwater Horizon*, or its crew.

9.      All documents referring or relating to standard policies or procedures, including but not limited to manuals, used by or applying to Transocean's *Deepwater Horizon*.

10.     All documents relating or referring to any inspection or audit of Transocean's rigs utilized in the Gulf of Mexico from 2008 through today.

11.     All documents relating or referring to any inspection, audit or certification of blowout preventers utilized on Transocean's rigs in the Gulf of Mexico created on or after January 1, 2008.

12.     All documents relating or referring to any citations, warnings, notices, Incidents of Noncompliance ("INCs"), admonishments or violations issued to Transocean relating to its operations or training of personnel in the Gulf of Mexico created on or after January 1, 2008.

### III.   Drilling and Cementing

13.    All documents relating or referring to drilling design, planning, or operations, for deepwater drilling in the Gulf of Mexico, including but not limited to the use or consideration of long string liners, liners with a tie back production casing, lock down sleeves, surface cement plugs, spacers, centralizers, tubular or casing design, drilling fluids, circulation of drilling mud, foam cement slurry, mud gas separators, alternative diverter pipes, acoustic triggers for shutoff valves, and temporary abandonment procedures.

14.    All documents relating or referring to any defendant's or party's alleged failure to remotely monitor well conditions and well data for the MC252 Well.

15.    All documents relating or referring to the drilling design or planning of the MC252 Well.

16.    All documents referring or relating to drilling fluids used in or in connection with the MC252 Well.

17.    All documents referring or relating to the drilling operations for the MC252 Well.

18.    All documents relating or referring to cementing procedures for deepwater wells, including the design, testing and execution of foamed cement, in the Gulf of Mexico, including all owner, operator or contractor submissions, permit applications, responses to permit applications or other filings reflecting well design details, and all internal or external standards, procedures, policies, best practices, guidelines, directions, instructions, reports, summaries, or analyses.

19.    All documents referring or relating to the cementing of the MC252 Well, including any documents relating to the process of cementing the MC252 Well and the components of the cement slurry.

## IV.   Well Testing and Well Control

20.    All documents relating or referring to policies and procedures for testing and evaluating the stability of a well, including but not limited to the use of positive and negative pressure tests and cement bond logs.

21.    All documents relating or referring to stability tests and evaluations, including but not limited to positive and negative pressures tests and cement bond logs, performed or considered in connection with the MC252 Well.

22.    All documents relating or referring to responses to well control events in the Gulf of Mexico.

23.    All documents relating or referring to response to well control events for the MC252 Well.

## V.   Day of the Incident

24.    All documents referring or relating to the explosions and fire aboard the *Deepwater Horizon*.

25.    All documents referring or relating to firefighting, emergency response, and rescue efforts in response to the Incident on the *Deepwater Horizon*.

26.    All documents referring or relating to personal injury or death that occurred in connection with the *Deepwater Horizon* Incident.

27.    All documents referring or relating to any effort to cap, seal or collect hydrocarbons from the MC252 Well from April 20, 2010 up to and including April 22, 2010.

28.    All documents referring or relating to any efforts to activate the *Deepwater Horizon's* blowout preventer, its Emergency Disconnect System, or any other device used to address kicks, well control events, or emergencies.

4

29.     All documents referring or relating to Halliburton's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

30.     All documents referring or relating to Cameron's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

31.     All documents referring or relating to MI-LLC's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

32.     All documents referring or relating to Dril-Quip, Inc.'s involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

33.     All documents referring or relating to Weatherford's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

34.     All documents referring or relating to Anadarko's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

35.     All documents referring or relating to MOEX's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

36.     To the extent not required by other requests, all documents referring or relating to any other party's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident.

### VI.   Communications and General Requests

37.     All documents requested by, or produced in response to, requests for production and interrogatories served on you by any other party in MDL No. 2179.

38.     All documents exchanged between and communications between you and any employee, staff member or other person working for, with or on behalf of the United States government referring or relating to the *Deepwater Horizon* Incident.

39.     All documents exchanged between and communications between you and any member, committee, employee, staff member or other person working on behalf of the United States Congress referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after January 1, 2010.

40.     All documents exchanged between and communications between you and any person working in the Executive Office of the President of the United States relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after January 1, 2010.

41.     All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Academy of Engineering or National Research Counsel referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010.

42.     All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010.

43.     All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the Chemical Safety Board referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010.

44.     All documents exchanged between and communications between you and any member of the media or press or any person or entity affiliated with any media publication, including, but not limited to, any reporter, investigator, journalist, author, or publisher, referring or relating to the *Deepwater Horizon* Incident or the MC252 Well.

45.    All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of Det Norske Veritas referring or relating the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010.

46.    All documents provided to and other communications sent by you to the United States, the United States Congress, the Chemical Safety Board, the Marine Board of Investigation, the Incident Specific Preparedness Review, the National Commission on the Deepwater Horizon Oil Spill, or any other entity or proceeding relating to the *Deepwater Horizon* Incident.

47.    All documents exchanged between and communications between you and any official, officer, representative, or employee of any interagency body, municipal authority or political subdivision, including but not limited to the Caernarvon Interagency Advisory Committee and the Southeast Louisiana Flood Protection Authority-East, referring or relating the *Deepwater Horizon* Incident created on or after April 20, 2010.

48.    All documents exchanged between and communications between you and any state or local government official, officer, representative, or employee in Alabama, Florida, Louisiana, Mississippi, Texas, or Mexico referring or relating to the *Deepwater Horizon* Incident created on or after April 20, 2010.

49.    All documents exchanged between and communications between you and any official of the federal government of Mexico referring or relating the *Deepwater Horizon* Incident created on or after April 20, 2010.

50.     All documents referring or relating to Coastal Zone Management Act consistency determinations for activities conducted by BP in the Mississippi Canyon area of the Outer Continental Shelf.

51.     All documents referring or relating to any communications between you and any employee or officer of BP on or after April 20, 2010 relating to the *Deepwater Horizon* Incident or the MC252 Well.

52.     All documents exchanged between and communications between you and any other party in MDL No. 2179 referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010.

53.     All documents referring or relating to the "Macondo:  The Gulf Oil Disaster – Chief Counsel's Report" from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, released in 2011.

54.     All documents referring or relating to any report, presentation, conference, meeting or public statement from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, including the final report, "Deep Water:  The Gulf Oil Disaster and the Future of Offshore Drilling," released on January 11, 2011.

55.     All documents referring or relating to BP's "Deepwater Horizon:  Accident Investigation Report," dated September 8, 2010.

56.     All documents constituting, referring or relating to any working papers or reports created by the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff.

57.     All documents constituting, referring or relating to any research reports submitted by any Person to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff.

58.     All documents constituting, referring or relating to requests made pursuant to the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12-40, or similar statutes or ordinances that have sought records relating to the *Deepwater Horizon* Incident.

59.     All documents produced by you under the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12-40, or similar statutes or ordinances relating to the *Deepwater Horizon* Incident.

60.     All documents provided to and other communications sent or received by you relating to the *Deepwater Horizon* Incident.

61.     All documents referring or relating to any investigation by you into the cause or causes of the *Deepwater Horizon* Incident.

62.     All documents referring or relating to any investigation performed for you into the cause or causes of the *Deepwater Horizon* Incident.

**VII.  Requests Relating to Your Claims and Evidence**

63.     All documents mentioned or referenced in any pleading, motion or brief filed by you in this action.

64.     All documents relating to any allegations in your Complaint, including but not limited to:

(a)     all documents relating to whether BP knew or should have known that the *Deepwater Horizon* drilling operation would damage you or your property;

(b)      all documents supporting any allegations in your Complaint that the *Deepwater Horizon* or the MC252 Well (i) were in the custody and care of BP or (ii) had a vice or defect that caused damage to you or your property, and all documents bearing on whether BP knew or should have known of the alleged vice or defect;

(c)      all documents supporting any allegation in your Complaint that BP engaged in abnormally dangerous or ultrahazardous activity; and

(d)      all documents supporting any allegation in your Complaint that BP fraudulently concealed or misrepresented material facts concerning (i) its safety procedures or (ii) the safety and condition of its respective materials and equipment.

65.    All documents that you may use or seek to introduce into evidence at any trial or hearing in this action.

66.    All documents that relate to any expert testimony or opinions, or have been considered by any expert witness that may testify on your behalf at any trial or hearing in this action.

67.    All documents which relate to the anticipated testimony of any person that you may call as a witness at any trial, hearing or deposition in this matter.

68.    To the extent not required by other requests, all documents including but not limited to written, audio or visual recordings that comprise, transcribe, refer or relate to interviews of, or statements given by, persons with knowledge of the *Deepwater Horizon* Incident or the cause or causes of the Incident, including but not limited to any such interviews or statements given or taken on board the *Damon B. Bankston*.

69.    All documents identified in your responses to the Interrogatories below.

70.    All documents that you consulted in responding to the Interrogatories below and/or that provide support for your responses to the Interrogatories.

## INTERROGATORIES

1.    Describe in detail the factual and legal bases for any allegation or contention that BP was at fault for the *Deepwater Horizon* Incident, including the events causing the MC252 Well to flow, the blowout, the explosion, the injuries and loss of life, and the sinking of the *Deepwater Horizon*.  As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

2.    Describe in detail the factual and legal bases for any allegation or contention that a party, person or entity other than BP was at fault for the *Deepwater Horizon* Incident, including the events causing the MC252 Well to flow, the blowout, the explosion, the injuries and loss of life, and the sinking of the *Deepwater Horizon*.  As part of your response, please identify each such party, person or entity, all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

3.    Please identify each person employed by you who assisted, advised or represented you in connection with efforts to cap, seal, contain or collect hydrocarbons from the MC252 Well from April 20, 2010 up to and including April 22, 2010, and state the role or function of that person in the response.

4.    Identify each person who has or may have knowledge or information relating to the allegations in your Complaint and, for each such person, state the subject area of his or her knowledge.

5.    Identify all persons or entities (other than your counsel, counsel for BP or the Court) with whom you or your counsel have had communications or conversations regarding the *Deepwater Horizon* Incident or the allegations or claims in your Complaint, stating for each:

(a) the name and location of the persons(s); (b) the date and location of the communication and/or conversation; (c) the identity of all other persons present for or during the communication and/or conversation; (d) the substance of the communication and/or conversation; (e) whether you took any notes of, or otherwise recorded, the communication and/or conversation; and (f) whether you exchanged documents or other materials in connection with the communication and/or conversation and, if so, identify any such documents or materials.

6.    Identify each person who conducted, participated in, recorded or transcribed interviews of, or statements given by, persons with knowledge of the *Deepwater Horizon* Incident, including but not limited to any such interviews or statements given or taken on board the *Damon B. Bankston*.

7.    Identify each person you intend to call or may call as a witness in this matter and, for each person identified, state the subject of their expected testimony.

8.    Identify each person whom you may call as an expert witness, including each and every person whom you may call as either a retained or a non-retained expert (such as a current employee, agent or independent contractor).  With respect to each person you identify, please state:  (a) the subject matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify; and (c) a summary of the grounds for each opinion.

9.    Identify each person who provided any information that forms the basis for your responses, or any portion thereof, to these Interrogatories, including the substance of the information each such person provided.

### DEFINITIONS AND INSTRUCTIONS

1.    "You," "your," and "yours," whether or not capitalized, shall mean as follows:

(a)      With respect to this First Set of Discovery Requests as served on the State of Alabama (Case No. 2:10-cv-04182), "you," "your," or "yours" shall mean and refer to the State of Alabama, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, attorneys general, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(b)      With respect to this First Set of Discovery Requests as served on the State of Louisiana (Case Nos. 2:10-cv-01757, 2:10-cv-01758, 2:10-cv-01759, 2:10-cv-01760, 2:10-cv-02087, 2:10-cv-02731, 2:10-cv-02996, 2:10-cv-02997, 2:11-cv-00516), "you," "your," or "yours" shall mean the State of Louisiana, including its subdivisions, departments, agencies, instrumentalities, and parishes, any employees, agents, attorneys general, district attorneys, or assigns of these departments, agencies, instrumentalities, and parishes, and any person who possesses information or documents within the custody and control of these departments, agencies, instrumentalities, and parishes.

(c)      With respect to this First Set of Discovery Requests as served on the State of Quintana Roo (Case No. 2:10-cv-04241), "you," "your," or "yours" shall mean the Mexican State of Quintana Roo, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(d)      With respect to this First Set of Discovery Requests as served on the State of Tamaulipas (Case No. 2:10-cv-04240), "you," "your," or "yours" shall mean the

13

Mexican State of Tamaulipas, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(e)     With respect to this First Set of Discovery Requests as served on the State of Veracruz (Case No. 2:10-cv-04239), "you," "your," or "yours" shall mean the Mexican State of Veracruz, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(f)     With respect to this First Set of Discovery Requests as served on the City of Evergreen (Case No. 2:10-cv-04185), "you," "your," or "yours" shall mean the City of Evergreen, Alabama, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(g)     With respect to this First Set of Discovery Requests as served on the City of Georgiana (Case No. 2:10-cv-04185), "you," "your," or "yours" shall mean the City of Georgiana, Alabama, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(h)    With respect to this First Set of Discovery Requests as served on the City of Greenville (Case No. 2:10-cv-04185), "you," "your," or "yours" shall mean the City of Greenville, Alabama, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(i)    With respect to this First Set of Discovery Requests as served on the Town of McKenzie (Case No. 2:10-cv-04185), "you," "your," or "yours" shall mean the Town of McKenzie, Alabama, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(j)    With respect to this First Set of Discovery Requests as served on the Town of Grand Isle (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the Town of Grand Isle, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(k)    With respect to this First Set of Discovery Requests as served on the Grand Isle Independent Levee District (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the Grand Isle Independent Levee District, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who

15

possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(l)      With respect to this First Set of Discovery Requests as served on the City of Gretna (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the City of Gretna, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(m)      With respect to this First Set of Discovery Requests as served on the City of Harahan (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the City of Harahan, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(n)      With respect to this First Set of Discovery Requests as served on the Town of Jean Lafitte (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the Town of Jean Lafitte, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(o)      With respect to this First Set of Discovery Requests as served on the Lafitte Area Independent Levee District (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the Lafitte Area Independent Levee District, Louisiana, including its

16

subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(p)   With respect to this First Set of Discovery Requests as served on the City of New Orleans (Case No. 2:11-cv-00890), "you," "your," or "yours" shall mean the City of New Orleans, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(q)   With respect to this First Set of Discovery Requests as served on the Parish of Jefferson (Case No. 2:11-cv-00895), "you," "your," or "yours" shall mean the Parish of Jefferson, Louisiana, including its municipalities, subdivisions, service districts, agencies and instrumentalities, including but not limited to the entities listed on Exhibit A of its Complaint, any employees, agents or assigns of these municipalities, subdivisions, service districts, departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these municipalities, subdivisions, service districts, departments, agencies, and instrumentalities.

(r)   With respect to this First Set of Discovery Requests as served on the Parish of Plaquemines (Case No. 2:11-cv-00916), "you," "your," or "yours" shall mean the Parish of Plaquemines, Louisiana, including its municipalities, subdivisions, service districts, agencies and instrumentalities, including but not limited to the entities listed on

17

Exhibit A of its Complaint, any employees, agents or assigns of these municipalities, subdivisions, service districts, departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these municipalities, subdivisions, service districts, departments, agencies, and instrumentalities.

(s)     With respect to this First Set of Discovery Requests as served on the Plaquemines Parish School Board (Case No. 2:11-cv-00348), "you," "your," or "yours" shall mean the Plaquemines Parish School Board, Plaquemines, Louisiana, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(t)     With respect to this First Set of Discovery Requests as served on the Plaquemines Port, Harbor and Terminal District (Case No. 2:11-cv-00917), "you," "your," or "yours" shall mean the Plaquemines Port, Harbor and Terminal District, Plaquemines, Louisiana, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(u)     With respect to this First Set of Discovery Requests as served on the City of Westwego (Case No. 2:11-cv-00893), "you," "your," or "yours" shall mean the City of Westwego, Louisiana, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and

instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

2.    "Person," whether or not capitalized, shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, committee, government agency or subdivision or consultant, or any other organization.

3.    "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities, any employees, agents or assigns of these departments, agencies, and instrumentalities.

4.    "Transocean" shall mean Transocean Ltd. and all of its affiliates and subsidiaries as well as all current or former employees, agents or representatives, or anyone acting or purporting to act for or on Transocean's behalf for any purpose whatsoever.

5.    "Halliburton" shall mean Halliburton Energy Services, Inc. and all of its affiliates and subsidiaries as well as all current or former employees, agents or representatives, or anyone acting or purporting to act for or on Halliburton's behalf for any purpose whatsoever.

6.    "Cameron" shall mean Cameron International Corporation and all of its affiliates and subsidiaries as well as all current or former employees, agents or representatives, or anyone acting or purporting to act for or on Cameron's behalf for any purpose whatsoever

7.    "Anadarko" shall mean Anadarko Petroleum Corporation Co. and Anadarko E&P Company LP, and all of their affiliates and subsidiaries as well as all current or former employees, agents or representatives, or anyone acting or purporting to act for or on their behalf for any purpose whatsoever.

8.    "MOEX" shall mean MOEX Offshore 2007 LLC, MOEX USA Corporation, and Mitsui Oil Exploration Co., Ltd., and all of their affiliates and subsidiaries as well as all current

or former employees, agents or representatives, or anyone acting or purporting to act for or on their behalf for any purpose whatsoever.

9.      "Weatherford" shall mean Weatherford International, Inc. and Weatherford U.S.L.P., and all of their affiliates and subsidiaries as well as all current or former employees, agents or representatives, or anyone acting or purporting to act for or on their behalf for any purpose whatsoever.

10.     "BP" means BP Exploration & Production Inc. and all of its affiliates and subsidiaries.

11.     "Communication" shall mean any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

12.     "Document" or "documents" shall have the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies;

analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

13.    "Identify," whether or not capitalized, when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

14.    "Including" or "includes," whether or not capitalized, shall mean "including but not limited to" or "including without limitation."

15.    "Relating to" or "related to," whether or not capitalized, when referring to any given subject matter, shall mean any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

16.    "Complaint" shall mean the complaint pending in the United States District Court for the Eastern District of Louisiana filed by you or on your behalf.

17.     "*Deepwater Horizon* Incident" or "Incident" means the events leading to (i) the loss of life and injuries on the *Transocean Deepwater Horizon* rig on or about April 20, 2010, and (ii) the eventual sinking of the rig on April 22, 2010, including the blowout, explosions, and fire.

18.     "MC252 Well" shall mean the exploratory well that was being drilled by the Transocean *Marianas* and *Deepwater Horizon* rigs in Mississippi Canyon, Block 252 on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

19.     "Blowout," whether or not capitalized, means an uncontrolled release of hydrocarbons from a well.

20.     "*Deepwater Horizon* blowout preventer" shall mean the blowout preventer stack from Transocean's *Deepwater Horizon* rig that was installed on the MC252 Well.

21.     "Kick," whether or not capitalized, means the intrusion or influx of formation fluids (such as hydrocarbons or water) into a wellbore.

22.     "Lost circulation," whether or not capitalized, means a reduced amount or total absence of drilling fluids returning to the drilling rig after being pumped down a well.

23.     "Well control event," whether or not capitalized, means any kick, lost circulation event, or blowout.

24.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

25.     Unless otherwise specified, respond to all requests for production by searching for documents created on or after April 20, 2005.

26.     All documents are to be produced in accordance with Pre-Trial Order No. 16.

27.     Produce all documents in the order in which they appear in your files.  Documents that, in their original condition, are stapled, clipped, or otherwise fastened together shall be produced in this same condition.

28.     Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of any United States government employee, agent, representative, consultant, attorney, accountant, advisors, or other persons directly or indirectly connected with you or subject to your control, any government department, agency or any other government subdivision.

29.     If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

30.     If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, please specifically set forth the privilege being asserted and any factual or legal basis for its assertion.  Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

31.     Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request.

32.     If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

33.     Pursuant to the Federal Rules of Civil Procedure, these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

Dated:  April 29, 2011

Respectfully submitted,

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Don K. Haycraft (Bar # 14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production
Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 29th day of April, 2011.


/s/ J. Andrew Langan, P.C.