Memorandum of Anadarko Petroleum Corporation and Anadarko E&P Company LP on the BP Defendants' Waiver of Arbitration Rights

# EXHIBIT I

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California 90071

| | | |
|---|---|---|
| Darin T. Beffa<br>To Call Writer Directly:<br>(213) 680-8264<br>darin.beffa@kirkland.com | (213) 680-8400<br><br>www.kirkland.com | Facsimile:<br>(213) 680-8500 |

June 10, 2011

**Via E-mail**

Warren Anthony Fitch
Bingham McCutchen LLP
2020 K Street NW
Washington, DC  20006-1806

       Re:    Conference re BP Parties' Responses to Anadarko Petroleum
                 Corporation's First Set of Interrogatories and Document Requests

Dear Tony:

      Thank you for your letter of May 23.  I agree that our meeting on May 20 was productive. While I agree that much of your letter is roughly in line with my understanding of the agreements we reached, I write to clarify a few of your points.

      First, with respect to the applicable time period for our offers of production, I think you misunderstood our proposal.  As we explained in the meeting, collecting and producing older documents imposes a significant burden on BP.  Therefore, we agreed to broaden the scope of our offers to include documents dating back to January 1, 2008 (instead of the original default of January 1, 2009), unless otherwise specified in our offer.  This general understanding is also what we agreed to for Interrogatories 9 through 12.  I do not recall you stating any specific reasons for seeking older documents for these requests, but we are willing to consider a justification for broadening the timeframe for these requests.

      Second, with respect to your point "F," BP has provided affirmative offers of production, and we intend to produce documents consistent with those offers.

      Third, with respect to Request for Production No. 10, I informed you that, having conducted a reasonable search, we do not believe there is any chart, log, or recording regarding which mud pits are active or reserve at any given time in BP's possession, custody, or control.

      Fourth, with respect to Request for Production No. 11, I informed you that the diverter system policies that were found after a reasonable search of documents in BP's possession, custody, or control have been produced.

Chicago      Hong Kong      London      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

K&E 19181502.2

## KIRKLAND & ELLIS LLP

Warren Anthony Fitch
June 10, 2011
Page 2


Fifth, with respect to Request for Production No. 13, I informed you that, having conducted a reasonable search, we do not believe there is any log or diagram of the mud system flow in BP's possession, custody, or control.

Sixth, my notes do not reflect that we discussed Request for Production No. 21. BP has, however, produced a significant volume of documents related to the Nile and Kaskida wells. If there are additional documents that you believe have not been produced based on the search criteria we used, we are happy to discuss.

Seventh, with respect to Request for Production No. 22, I don't believe we agreed to "produce all documents responsive to" this request. Because the request seeks all communications related to Nile and Kaskida, whether or not those communications had any relationship to the Macondo Well or any issue in the case, we believe it is overbroad. As previously mentioned, BP's production of documents related to the Nile and Kaskida wells has been significant, but if you believe there are specific search terms that would address your concerns we can discuss those.

We intend to supplement our discovery responses consistent with our understanding of the agreements we reached. In addition, we will continue to consider supplementing based on your additional requests.

I also note that BP served discovery requests on Anadarko on April 29 that were contingent on the outcome of your motion to compel and BP's motion to stay. On May 13, the Court issued its order on the motion to compel, and, in response, BP stated on May 27 that it no longer seeks to stay all discovery between BP and Anadarko. Accordingly, BP believes Anadarko must now respond to those requests. We think it is reasonable for Anadarko to provide its responses to BP's requests before BP supplements its responses.

Please let me know if you have any questions.

                                            Sincerely,

                                            /s/ Darin T. Beffa

                                            Darin T. Beffa

DTB/cb

K&E 19181502.2

# BINGHAM

*Charles L. Solomont*
*Direct Phone: 617.951.8996*
*Direct Fax:     617.428.6313*
*carl.solomont@bingham.com*

June 14, 2011

*Via Email and First Class Mail*

Darin T. Beffa, Esq.
Kirkland & Ellis LLP
333 S. Hope Street
Los Angeles, CA 90071

Re:    *BP Parties' Responses to Anadarko Petroleum Corp.'s Discovery*

Dear Mr. Beffa:

Thank you for your letter of June 10, 2011 responding to Tony Fitch's May 23, 2011 letter to you and Messrs. Duffy and Boles memorializing the substance of your meet and confer meeting on May 20, 2011.

While we will likely respond to the substance of your June 10 letter, and follow up on some additional issues referenced in Tony's letter to you of May 23 not addressed in your letter of June 10, I wanted to respond immediately to BP's position that BP will not supplement Anadarko's discovery responses addressed in your letter (or, presumably, BP's deficient responses addressed in my letter to you of June 9, 2011) until "Anadarko provide[s] its responses to BP's [discovery] requests." There is a significant distinction regarding the respective discovery responses of BP and Anadarko that your letter ignores. BP has been ordered by the court to supplement its discovery responses and to produce documents responsive to the discovery requests of Anadarko and MOEX. Anadarko is under no such order and BP has not even moved to compel Anadarko's discovery responses. On the contrary, BP stipulated in the discovery that it propounded on Anadarko on April 29, 2011 that "Anadarko has no obligation to respond to this discovery unless or until the court denies BP's motion to stay litigation." Even if BP supposedly withdrew or modified this stipulation two weeks ago, on May 27, 2011, BP cannot suddenly insist that Anadarko should be required to respond to discovery of BP before BP responds to discovery of Anadarko which has been outstanding far longer than BP's discovery and with respect to which BP has, in fact, been under a court order to respond for more than a month.

The fact of the matter is that Anadarko is finalizing its responses to BP's discovery requests and will produce the same in short order. Nonetheless, BP cannot hold the supplementation of its deficient responses (that it has been ordered to make) hostage to Anadarko's responding to discovery of BP to which, until two weeks ago, BP stipulated Anadarko was under no obligation to respond.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726

T +1.617.951.8000
F +1.617.951.8736
bingham.com    A/74325535.1

Darin T. Beffa, Esq.
June 14, 2011
Page 2

While on the topic of the statement in your letter of June 10, 2011 that BP "no longer seeks to stay all discovery between BP and Anadarko," please advise if there is any discovery that BP is not providing to Anadarko on the basis of its position that the information requested by Anadarko is not discoverable because it relates to the cross-claims that are the subject of BP's pending motion to stay litigation. We are assuming that BP is not withholding any discovery on that basis and would appreciate knowing immediately if that assumption is incorrect.

Thank you.

Sincerely yours,

Charles L. Solomont

cc: Nancy Wilms, Esq.
Tiffany Hedgpeth, Esq.
Diane hertz, Esq.
Peter Neger, Esq.
Warren Anthony Fitch, Esq.
Ky E. Kirby, Esq.