

July 6, 2011

Re: MDL No. 2179
In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
In the Gulf of Mexico on April 20, 2010

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

This letter addresses Transocean's stated objections to depositions of current and former Transocean (R&B Falcon) employees sought by Cameron as part of "Phase I" discovery – namely Jeremy Clements, Al Cotton, Steve Crichton, Mike Fry, Todd Gray, John Kennedy, Scott McGrath, Brad Rodger, Peter Silverman, Linda Wetherell, and Kevin Wink. Cameron submits that all of these persons have knowledge of facts relevant to issues to be tried beginning in February 2012. Transocean does not meaningfully contend otherwise.

1. All parties, including Cameron, agree that the negligence of Transocean and the "privity" of Transocean to that negligence are issues appropriate for bench trial in the limitation action in February 2012 because they are raised by Transocean's maritime petition for limitation of liability under 46 U.S.C. § 30505(b). One of the central theories of negligence advanced in the claims asserted in the limitation proceeding is that Transocean was negligent in the design, choice, or use of well control equipment on the *Deepwater Horizon.* Many of those liability claims focus on the design of the *Deepwater Horizon* blowout preventer from 1998 through transfer of title in 2001, and therefore involve facts uniquely known by the deponents identified by Cameron. Transocean not only "tendered" the limitation claims to be defended directly by Cameron, but also filed its own third-party action and crossclaims against Cameron. Accordingly, Cameron should be permitted during "Phase 1" discovery to take depositions of current and former Transocean employees who are knowledgeable about the design, purchase and installation of the *Deepwater Horizon* blowout preventer from 1999 through 2001.

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 – Facsimile 713.951.3720
www.brsfirm.com

383.00017/483042.v1

Honorable Sally Shushan
July 6, 2011
Page 2

        2.    That one or more of these witnesses "may" also know something about the indemnity terms of the agreements signed by Transocean does not make their depositions "premature". Cameron has raised in its pleadings those contractual indemnity agreements as a defense to any liability claim against Cameron. At the very least, therefore, Cameron respectfully submits that the knowledge of these proposed deponents is highly relevant to the issues in the February 2012 trial.

        3.    The fact that some of the proposed deponents are not current employees of Transocean is beside the point. Although there is no guarantee that we will be able to locate all of these witnesses, Cameron will attempt to subpoena those deponents whom Transocean is not obligated, or not willing, to produce.

        Thank you for your consideration.

                                            Very truly yours,

                                            David J. Beck

DJB/rct

383.00017/483042.v1