# IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhkc.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

June 29, 2011

*via* E-Mail

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Re:   Phase One Liability Expert Deadlines

Dear Judge Shushan:

During the June 24th Discovery Conference, the Court requested the PSC to submit:

1. The PSC's understanding of when reports are due from Cross-Claimants;  and

2. A written proposal for potential modification/supplementation of existing expert report deadlines.

The current expert report deadlines are as follows:

| | |
|---|---|
| 8-15-2011 | Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness.<br><br>**[Under this stated scope, BP and any other "defendant" who has asserted cross-claims, counter-claims, or other claims against TO, (including claims for indemnity, contribution or subrogation), would have to serve its expert reports with respect to TO's Negligence, Unseaworthiness and/or Privity.]** |
| 9-12-2011 | Expert Reports from Vessel Owner/Petitioner in Limitation **[*i.e.* TO]** |

| | |
|---|---|
| 10-5-2011 | All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports. |
| | **[All "Defendants" (and/or Cross-Claimants) other than TO would serve reports in defense of the claims and cross-claims asserted against them, and in support of their cross-claims against the non-TO defendants, 14(c) defendants and/or cross-defendants.]** |
| 10-26-2011 | Rebuttal Expert Reports for the February 2012 Trial. |

Assuming these deadlines remain the deadlines for *Phase I* liability expert reports, then the PSC suggests that the Cross Claimants' expert reports as to Cross-Defendants *other than Transocean* should be due 10-5-2011 with the 14(c) Defendants and Third-Party Defendants.

The PSC, through undersigned Co-Liaison Counsel, requests, however, that the Court modify the existing expert report deadlines for *Phase I* of the liability trial as follows:

| | |
|---|---|
| 8-15-2011 | Expert Reports served by limitation action claimants, (including private plaintiffs, governmental entities, and other parties who have asserted claims in limitation), and other parties who have asserted cross-claims, counter-claims or third-party demands (including claims for contribution, indemnity or subrogation) against Transocean.  **Only reports directed to negligence of Transocean and/or the unseaworthiness of the *Deepwater Horizon* are required to be served at this time.** |
| 9-12-2011 | *Phase I* Liability Expert Reports from Vessel Owner/Petitioner in Limitation, (*i.e.* Transocean, in response to the PSC and other claimant-in-limitation, cross-claimant, counter-claimant and/or third-party claimant expert reports served on August 15th relating to the negligence, unseaworthiness and/or privity of Transocean);  **and,** |
| | *Phase I* **liability expert reports of both Plaintiffs and Transocean that offer opinions regarding the liability of any defendant, 14(c) defendant, cross-defendant, or third-party defendants other than Transocean.** |
| 10-5-2011 | All February 2012 Trial Defendants, 14(c) Defendants, Cross-Claimants, Cross-Defendants, and/or Third-Party Defendants – other than Transocean - in defense of the claims and cross-claims asserted against them, and in support of their cross-claims against the non-TO defendants, 14(c) defendants, cross-defendants and/or third-party defendants. |
| 10-26-2011 | **Simultaneous** Rebuttal Expert Reports of all parties for *Phase I* of the February 2012 Liability Trial. |

Why is this proposed revision fair and equitable?  The answer is as follows:

First, the PSC has only 15 days after the July 31st fact deposition cut-off to get its Phase I expert reports written, even though Phase I primary fact discovery ends on July 31st and it will take at least a day or two to receive final transcripts. The PSC has no problem honoring this deadline for expert reports as against Transocean for its negligence, unseaworthiness and privity, but submits that more complex and still developing testimony on liability of other defendants needs to run its course through July 31st. The PSC expects to offer expert reports on issues such as Well Design, Process Safety, Risk Engineering, Geology, Drilling, Completion, BOP Design and Function, and Well Control, just to name a few, which are complex issues, and fairness dictates that such PSC experts be given until September 12, 2011 to absorb the vast body of depositions and thousands of exhibits in order to write their reports in support of the burden of proof that Plaintiffs carry.

Second, Transocean has made virtually the same claims against the other defendants that the PSC has made, so why should it get an extra 27 days to write reports on the same subject matter?

Third, It is fundamentally unfair for the non-Transocean defendants to have until October 10, 2011  (66 days after the close of discovery) to review deposition testimony and exhibits and write reports, when the PSC itself has only 15 days (or even less considering delivery of transcripts).

Finally, there should be no harm or foul, as Transocean agrees to this proposal, and the other defendants would still have the same amount of time they have under the original order to respond to the Transocean liability expert reports.

Respectfully submitted,

James Parkerson Roy
Stephen J. Herman
*Plaintiffs' Liaison Counsel*


cc: Defense Liaison Counsel
    Mike Underhill, Esq.
    Hon. Luther Strange