# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

July 1, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

> Re:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
> Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I write on behalf of BP to make a few brief points in reply to the PSC's submission of late yesterday (June 30) on the issue of relevance "Redactions to Board Minutes."

*First*, the PSC's June 30 letter fails to respond to any of the arguments made by BP and Anadarko in support of the propriety of redacting nonresponsive material.  Indeed, the PSC has apparently abandoned the very foundation on which they first brought this dispute to the Court.

On June 19, Mr. Herman wrote to BP's counsel asking BP for the "basis for the redaction of Board Minutes."  (*See* emails attached to Mr. Herman's June 22, 2011 email to Your Honor) Unsatisfied with BP's response, on June 22 the PSC wrote to Your Honor to raise this dispute. In its letter to Your Honor, the PSC argued that relevance redactions violated several of this Court's Pretrial Orders.  On June 24, the PSC further argued that redacting nonresponsive material from documents violated not only this Court's prior Orders but also "decades of court practice and tradition and . . . jurisprudence."  (June 24, 2011 Hr. Tr. at 80)

It is to these allegations BP (and Anadarko) responded on June 28, demonstrating that redactions for relevance are in fact consistent with both the Court's Pretrial Orders and practice in federal courts across the country, including in this District.  The PSC apparently now concedes BP's ;legal position.  The PSC did not respond to a single point made in the BP and Anadarko submissions to Your Honor.  Indeed, the PSC's June 30 letter retreats to arguing basically that BP's rights to withhold from discovery information that is not responsive to the PSC's requests

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

Case 2:10-md-02179-CJB-DPC   Document 3172   Filed 07/07/11   Page 2 of 4

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 1, 2011
Page 2

should be sacrificed in the name of expediency and convenience. [1]  Not so, and the PSC cites no
authority for such a proposition.

      Second, the PSC's complaints are a moving target.  The PSC's only effort to meet and
confer with BP before coming to the Court with this dispute was to exchange a few emails
concerning Board Minutes in the abstract.  (*See* emails attached to Mr. Herman's June 22, 2011
email to Your Honor)  The PSC's June 22 letter to Your Honor likewise focused on Board
Minutes.  And again, on June 24, the PSC framed the issues for the Court as centered on the
redaction of Board Minutes:

```
 1          MR. STERBCOW:  The problem we face now is that the
 2   redactions that brought this to the fore pertain to board minute
 3   meetings and instant messaging documents for Castell and
 4   Kellingray whose depositions have been taken, and there is
 5   another redaction that we found that I got an e-mail on
 6   Mr. Mogford, whose deposition is next week, board minutes where
 7   there are statements made, here, here -- and we don't have to go
 8   through it if you don't want.  I have it all here.  I know you
 9   don't want to see it.  I understand.  Then all of a sudden, in
10   the middle, there is a black box that says, "Redacted," and it
11   doesn't make any sense on its face.  It's starting to cause us
12   proof problems because we can't get into it when there is a
13   witness sitting in front of us, important witnesses.  That's the
14   issue.
```

(June 24, 2011 Hr. Tr. at 78 (emphasis added)).  BP's response, accordingly, confronted these
issues head on.  BP explained its redaction of Board Minutes and provided the Court and the
PSC with several examples to illustrate its practice.  And, contrary to Mr. Sterbcow's suggestion,

---

[1]    BP submits that greater delay in production of documents will result if BP has to seek a protective
order or convene a meeting with the PSC, followed by potential motion practice, before making each
redaction.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 1, 2011
Page 3

BP noted that –from a group not shy about putting their complaints about discovery from BP on the record during depositions – the re was not a single complaint during the London depositions regarding redactions to Board Minutes having frustrated the examination of any witness.

In reply, the PSC does not challenge the specific redactions to any of the Board Minutes provided by BP as exemplars. Nor does the PSC attempt to show how its examination of any witness has been frustrated by BP's redactions – let alone that those redactions improperly obscured relevant information. Instead, the PSC has now completely changed the focus of its complaints.

Now, at the eleventh hour, the PSC wants to discuss redactions in "media summaries" and "talking points" from *June and July 2010*. BP will investigate and respond to the PSC's questions concerning those documents—that is how the meet and confer process is supposed to work—but BP submits that this is a different dispute than the one the PSC raised with BP on June 19 and brought to Your Honor on June 22. Moreover, the PSC's overriding concerns about the time pressure they are under to review documents and prepare for depositions do not appear to apply to any of the documents about which they now complain. The PSC does not claim that they need any of the redacted information in connection with upcoming depositions and it is difficult to see how these documents relate to Phase One issues in any event.

In short, BP submits that it has –by all objective measures—sufficiently rebutted the bases for the PSC's request for relief; that is, that relevance redactions violated this Court's Pretrial Orders, were anathema in federal practice and have impeded examinations during depositions. For that reason, the PSC's requests should be denied. With respect to the issues newly raised by the PSC respecting documents *other* than Board Minutes, BP suggests that the PSC be required to engage in a meaningful meet and confer process with BP. We suspect that any issues concerning the redaction of non-Board materials may be easily resolved or at least narrowed.

Sincerely,

J. Andrew Langan, P.C.


cc:    Plaintiffs Liaison Counsel
       Defense Liaison Counsel
       Mike Underhill

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 1, 2011
Page 4


      Hon. Attorney General Luther Strange
      Cory Maze
      Donald E. Godwin
      James P. Roy
      Stephen J. Herman
      Mike O'Keefe
      Robert Cunningham