IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| **JAMES PARKERSON ROY** | **STEPHEN J. HERMAN** |
| **Domengeaux Wright Roy & Edwards LLC** | **Herman, Herman Katz & Cotlar LLP** |
| **556 Jefferson St. Suite 500** | **820 O'Keefe Ave.** |
| **Lafayette, LA 70501** | **New Orleans, LA 70113** |
| **E-Mail: jimr@wrightroy.com** | **E-Mail: sherman@hhkc.com** |
| **Telephone: (337) 233-3033** | **Telephone: (504) 581-4892** |
| **Direct: (337) 593-4190** | **Direct: (504) 680-0554** |
| **Fax: (337) 233-2796** | **Fax: (504) 561-6024** |

July 1, 2011

*via* E-Mail

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

   Re: Cameron Production

Dear Judge Shushan:

  We write to address Cameron's failure to answer plaintiff's discovery requests. While, in some cases, it is difficult to determine the extent to which documents have (or have not) been produced subject to the written objections, two "bright line" issues are: **(i)** Cameron has unilaterally limited its production largely, if not exclusively, to the *Deepwater Horizon*; and **(ii)** Cameron has claimed "work product" over the great majority of post-April 20, 2010 documents, including numerous documents that would not seem to reflect any involvement by attorneys. Plaintiffs respectfully request the Court's assistance in compelling Cameron to produce such documents without further delay.

  **I. Background**

  On or about December 8, 2010 Cameron filed Defendant Cameron International Corporation's Response to Plaintiffs' First Interrogatories and Requests for Production. On or about December 20, 2010 a letter on behalf of the Plaintiffs' Steering Committee was sent to David Beck, counsel for Cameron, regarding Cameron's responses. On or about December 23, 2010, a teleconference was held between David Beck and Jimmy Williamson, Co-Chair of the Plaintiffs' Cameron Discovery Work Group, regarding Cameron's responses. On or about January 10, 2011, an additional teleconference was held between David Beck and Jimmy Williamson regarding Cameron's objections and responses to written discovery. On or about January 10, 2011, a letter was sent from Cameron's counsel regarding agreements to modify and/or supplement Cameron's

responses. Despite these ongoing informal efforts to resolve the issues without Court intervention, and while Cameron has produced some documents, Cameron has refused to produce several categories of relevant and responsive documents in this litigation.

### II. Cameron has responded with baseless objections and has withheld non-privileged documents

Cameron has objected to virtually all of Plaintiff's interrogatories and requests as being "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" yet Cameron has failed to provided any specificity as to how or why these requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. By way of example, we refer the Court to RFP #68 (changes available) or RFP #121 (alternative designs), and RFP # 36 (testing recommendations). *See generally,* EXHIBIT "A".

Furthermore, Cameron has objected to an overabundance of words and phrases as "vague" and/or "ambiguous" including words such as failed, cost, testing, problems, changed, and research - all of which seem readily understandable and appear throughout Cameron documents.  *See* EXHIBIT "B".

While, in some cases, Cameron has agreed to produce some responsive, non-privileged documents subject to these objections, Cameron has improperly limiting discovery to the *Deepwater Horizon.* By way of example, we refer the Court to RFP #31 (requesting communications between Cameron and governmental entities regarding subsea BOPs), RFP #49 (requesting warnings and instructions), RFP #61 (documents regarding emergency systems), and Interrogatory #2 (risk analyses done by Cameron). The responses to, for example, RFP #32 (regarding models and computer simulations) and RFP #35 (regarding instructions or warnings relating to blind-shear rams) are limited to only those that were made available to Transocean. [*See* EXHIBIT "A"]

Particularly given the nature of the product defect claims against Cameron, (as well as the unseaworthiness claims against Transocean and negligent well design claims against BP), the documents requested are relevant to design, maintenance, testing, performance, warning, "state-of-the-art" and alternative design issues, irrespective of whether they are related to the *Deepwater Horizon* in particular or to other actual or conceived Cameron Subsea BOPs.

Additionally, Cameron's Fourth Privilege Log filed with the Court on June 19, 2011 indicates that Cameron has withheld non-privileged documents. Cameron claim a "work product" privilege over numerous documents as allegedly "prepared in anticipation of litigation" that appear to have been created during the routine course of business by control group, non-lawyer, non-executive, Cameron employees. Therefore they are not privileged.  *See generally,* EXHIBIT "C".

### III.     Conclusion

Plaintiffs' requests for production and interrogatories fall within permissible bounds of discovery. Plaintiffs request that Cameron be ordered to provide full and complete responses.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

James Parkerson Roy
Stephen J. Herman
*Plaintiffs' Liaison Counsel*


Enclosures
cc: David Beck, Esq.
     Defense Liaison Counsel
     Mike Underhill, Esq.
     Hon. Luther Strange
     Jimmy Williamson, Esq.