# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

June 30, 2010

**Don K. Haycraft**

Direct: (504) 556-4128

dkhaycraft@liskow.com

<u>Via Email</u>
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

    Re:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179
            Our File No.: 10451.084

Dear Judge Shushan:

This letter is in response to the PSC's letter regarding expert report deadlines dated June 29, 2011. In its letter, the PSC attempts to revamp existing deadlines and Limitation of Liability procedure. BP, Anadarko, Cameron, Halliburton, and MI all oppose changing the deadlines at this late date.[1] These Rule 14(c) defendants -- since October 9, 2010 -- have relied upon a staggered deadline in which plaintiffs provide expert reports first, and third-party defendants provide expert reports last.

The Court's deadline of August 15, 2011, for the initial expert reports for this Limitation action has been in place since entry of CMO #1 on October 9, 2010. The Court's language then was: "08-15-2011 - Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness." At that time, of course, the current Rule 14(c) defendants were not parties to the Limitation action. A few weeks ago, the identical language and similar deadline (with slight revisions to the deadlines for the second and third sets of expert reports for rebuttal reports) was stated by Your Honor in the Order dated May 23, 2011. The parties have long been aware of this deadline and have been relying on this particular deadline, and its understood meaning, since before deposition discovery got underway in the last week of January, six months ago. The July 31 deadline for fact discovery has also been well-known to the PSC for a long time.

---

[1]     Anadarko, Halliburton, Cameron, and MI join in the portions of this letter addressing the PSC's attempt to rewrite the expert report deadlines, but take no position regarding the statements or arguments relating to allocation of deposition time and discovery issues. Cameron has additional issues regarding trial procedures.

LISKOW&LEWIS                                                                               Page 2

June 30, 2011

This is a Limitation action. Limitation procedure in this Court follows this prescription: "In the trial of a limitation proceeding, the burden of proof is divided between the parties, and there is a two-step analysis. The claimants must prove that the destruction or loss was caused by the negligence or unseaworthiness of the vessel. The burden then shifts to the shipowner to demonstrate that he comes within the statutory limitation conditions: that there was no design, neglect, privity or knowledge on his part." T. Schoenbaum, *Admiralty and Maritime Law* § 15-5 (4th ed. 2001).

A recent example of a similar Limitation action illustrates the point. Judge Barbier managed the complex multi-fatality, multi-defendant Limitation action involving the M/V JILLIAN MORRISON. Questions arose regarding the order of expert reports. As Your Honor will see from the attached scheduling order, Judge Barbier required that claimants' expert report deadline was 12/9/09, the vessel owner (Chet Morrison) was 1/3/10, and third-party defendants' deadline was 2/8/10. The PSC's Jim Roy is familiar with this case, as he represented one of the plaintiffs. I represented one of the third-party defendants. Judge Barbier's set of staggered deadlines was not unique; this order of proof has been employed in all the Limitation cases I have participated in. The staggered deadlines are sensible in view of the nature of a Limitation action.

The PSC represents *claimants* in this Limitation proceeding. Claimants have the burden of proof to show the shipowner's negligence and/or unseaworthiness. BP, Anadarko, Halliburton, Cameron, MI, and others are in this Limitation action by virtue of Transocean's Rule 14(c) tender. BP, Anadarko, Halliburton, Cameron, MI, and others have counter- and cross-claimed against Transocean. But they are not true claimants. Under Rule 14(c), Transocean has impleaded these parties, and alleges that these parties may be wholly or partly liable to the claimants. The Rule 14(c) tender, however, does not transform the Rule 14(c) defendants into *claimants*. They are *defendants* to claimants. Yet the PSC would propose that both they and the 14(c) defendants should share the position of going first in a staggered deadline. This would turn the purpose of staggered deadlines on its head. The PSC's proposal also ignores the fact that CMO #1's timeline and Your Honor's Order explicitly provide for an October expert report deadline for the Rule 14(c) defendants. If the PSC's interpretation were correct, then why would the Court have a surplus, meaningless staggered deadline with a particular date for the Rule 14(c) defendants? Obviously, the intent of the Court, and certainly the understanding of all the Rule 14(c) defendants, is that the October deadline was their expert report deadline, and not the earlier deadline of August 15.

Limitation procedure and logic support the Rule 14(c) defendants' position. In reality, the PSC also has long supported this concept. The parties, including the PSC, are presently working on the Trial Plan. Copied below is the pertinent section on trial order of proof, about which there is no disagreement:

"**II. ORDER OF PROCEEDINGS IN THE TRIAL**

The order of trial in Phase One will be as follows:

First, the Plaintiffs' Steering Committee ("PSC") shall adduce factual and expert evidence in support of the plaintiffs' claims against all defendants.

> Second, Transocean shall present factual and expert evidence on its exoneration, limitation and liability defenses, as well as its counter- and cross-claims and third party claims against any third party 14(c) defendants.
>
> Third, the third-party defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' claims and any other defendants' counter- and cross-claims and third party claims against them, and in support of their counter- and cross-claims and third party claims against other defendants.
>
> Fourth, the PSC shall present the plaintiffs' rebuttal evidence."

This order of proof also controls the order of expert report deadlines. Third-party defendants' expert report deadline should not be conflated with the deadline given for plaintiffs' expert reports in October 2010 by Judge Barbier, a deadline that has guided the parties for the past eight months. To do so would be to upset not only long-standing expectations but also the carefully-crafted Trial Plan.

Moreover, because the PSC has the burden of proof in this Limitation proceeding, the PSC has been allowed five hours for examination of witnesses. They have been allowed to reserve time for a further examination after the conclusion of every other party's questioning of a deponent. These are allowances that are due the PSC because of the burden of proof they carry. Now, the PSC wishes to change the rules in the middle of the game. They want all the 14(c) defendants to assist in carrying their burden of proof against Transocean by switching the 14(c) defendants' deadline to August 15 rather than the long-existing deadline of October 5.

The Court needs no reminder that BP's counsel has been adamant over the past few months about the deposition allocations of time. Moreover, BP's counsel has suggested to the Court that the PSC has not been pursuing Transocean with zealous enthusiasm in depositions. The PSC's latest proposal to alter deadlines provides further evidence of this alliance. Perhaps it is concerned that its less than zealous prosecution of the case against Transocean will be apparent in the expert reports it files on August 15. It is noteworthy that the PSC's letter notes that the revamping of deadlines it proposes has the approval of Transocean, its nominal opponent in this Limitation action.

In addition to the structure of the depositions and the generous allocation of time allowed the PSC, BP observes that until the Court's Order of June 21, 2011 (Record Doc. No. 2963), Transocean has not provided one single document in response to BP's written discovery to it. Now, at long last, Transocean is required to respond to BP's discovery; the first responses are due in a few days. A dramatic moving forward in time of the expert report deadline for BP's case against Transocean would severely handicap BP in its effort to not only get documents from Transocean but also to adequately prepare its experts.

One final point. The PSC complains that it has only 15 days after the conclusion of fact discovery to get its expert reports together. That time crunch has been apparent to all in this case that has proceeded at an amazing pace for the past six months, with multiple depositions occurring simultaneously on two continents five days per week. One thing that should not happen, however, is for the Court to reshape deadlines that have been in plain view for months.

LISKOW&LEWIS												Page 4

June 30, 2011

Claimants have the burden of proof. Claimants should go first in the proffering of expert reports.

Sincerely,

*[signature]*

Don K. Haycraft

DKH/apf

cc:    MDL Liaison and Coordinating Counsel