UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG     \*MDL NO.: 2:10-md-02179
"DEEP WATER HORIZON" IN THE
GULF OF MEXICO, ON APRIL 20, 2011    \*SECTION:   J

THIS DOCUMENT RELATED TO:     \*JUDGE BARBIER
2011-cv-00783     \*MAG. JUDGE SHUSHAN
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND DEFENSES TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Lawson Environmental Service, LLC ("Lawson"), who responds to and Answers the Plaintiff's Complaint as follows:

A.

## ANSWER

Responding to specific allegations of Plaintiff's Complaint, Lawson avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are allegations of law; as such, they require no answer from Defendant; however, if Answer be deemed necessary, the allegations contained in Paragraph 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph 2 of the Complaint relating to Plaintiff are denied for lack of information sufficient to justify a belief therein. As to the allegations contained in Paragraph 2 regarding Lawson, Lawson admits that

it is a limited liability company with its principal place of business located in Houma, Louisiana.

3.

The allegations contained in Paragraph 3 of the Complaint require no answer from Defendant.

4.

The allegations contained in Paragraph 4 of the Complaint require no answer from this Defendant; however, if Answer be deemed necessary, the allegations contained therein are denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted in so foar as Defendant admits that it entered into a Vessel Charter Agreement with Plaintiff; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

6.

The allegations contained in Paragraph 6 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

7.

The allegations contained in Paragraph 7 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

8.

The allegations contained in Paragraph 8 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

9.

The allegations contained in Paragraph 9 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are admitted in so far as defendant admits that it entered into a Vessel Charter Agreement with Plaintiff; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

12.

The allegations contained in Paragraph 12 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

13.

The allegations contained in Paragraph 13 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

14.

The allegations contained in Paragraph 14 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

15.

The allegations contained in Paragraph 15 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

16.

The allegations contained in Paragraph 16 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

17.

The allegations contained in Paragraph 17 of the Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

**B.**

**DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by his failure to mitigate, minimize, or avoid the damages or losses alleged.

## THIRD DEFENSE

Plaintiff's claims are subject to all the terms and conditions as set forth in the Vessel Charter Agreement; the provisions of the Vessel Charter Agreement entered into between Lawson and Plaintiff are the best evidence of their contents and are incorporated as if repeated herein verbatim in *extenso*.

## FOURTH DEFENSE

Plaintiff's claims are subject to any credit for any payments received from Defendant.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has already been fully compensated through payment pursuant to the contract.

## SIXTH DEFENSE

To the extent Plaintiff has suffered damage was caused by third-parties and not by Defendant; Defendant is not liable for such damage.

## SEVENTH DEFENSE

Defendant denies that it breached its contractual duties to Plaintiff; however, should Plaintiff establish a breach of contract, Plaintiff has not suffered any real damages as a result of said breach.

**EIGHTH DEFENSE**

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiff's Complaint which has not been specifically admitted is hereby denied.

**NINTH DEFENSE**

Defendant gives notice that it intends to invoke any other defense that may be available or appear during the subsequent proceedings in this case and hereby reserves the right to amend its response to assert any such defense.

**TENTH DEFENSE**

Defendant avers that Plaintiff has no cause of action against it.

**ELEVENTH DEFENSE**

Defendant avers that Plaintiff has no right of action against it.

**TWELVETH DEFENSE**

Defendant affirmatively pleads that it is in no way at fault nor did it cause or contribute to the damages alleged to have been sustained by Plaintiff.

**THIRTEENTH DEFENSE**

In the alternative, Plaintiff's damages herein, if any, (which are specifically denied), were not caused or contributed to by any act or omission on the part of Defendant or anyone for whom it can be held responsible, but rather were a result of actions or omissions by some third-party or parties from whom Defendant cannot be held responsible; however, if the Court finds that Defendant is in anyway liable to Plaintiff, which it specifically denied, then Defendant is

entitled to an award of contribution and/or indemnity against any third-party or parties whose acts or omissions caused and/or contributed to Plaintiff's damages.

## FOURTHTEENTH DEFENSE

Defendant avers that any award of damages, payment, or compensation would unjustly enrich Plaintiff, particurlarly since Defendant was not paid for stand-by time by BP.

## FIFTEENTH DEFENSE

Defendant affirmatively pleads that Plaintiff's alleged damages, if any, result from an unforeseen "Act of God" which is not the responsibility of Defendant.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, to the extent that they are for equitable relief and/or are founded on equitable remedies.

## SEVENTEENTH DEFENSE

The claims of Plaintiff are barred because Plaintiff has not been damaged as a result or any act and/or omission of Defendant.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff failed to mitigate, minimize, avoid or abate any damages allegedly sustained, any recovery against Defendant must be reduced by that amount.

## NINETEENTH DEFENSE

In the event the damages alleged in the Complaint were caused in whole or in part by the culpable conduct of Plaintiff, then the amount damages otherwise

recoverable by Plaintiff should be extinguished or reduced in the proportion to which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### TWENTITH DEFENSE

The obligations of Defendant to Plaintiff, if any, are subject to offsets for recoveries by the Plaintiff from other person or entities.

### TWENTY-FIRST DEFENSE

Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because they are barred by terms, exclusions, conditions and/or limitations contained in the Vessel Charter Agreement; said Vessel Charter Agreement speaks for itself, and is the best evidence of its contents and is plead as if repeated herein verbatim in *extenso*.

**WHEREFORE**, Defendant, Lawson Environmental Service, LLC, prays that its Answer to the Complaint be deemed good and sufficient and that after due proceedings have been had, this Court render Judgment in its favor, with all costs and fees assessed against the Plaintiff.

**WHEREFORE,** Defendant further prays for all general relief which the justice of the cause may require and to which it may otherwise be entitled and that all expert fees be taxed as costs.

RESPECTFULLY SUBMITTED:

THE SCHWAB LAW FIRM

**/s/ ESTELLE E. MAHONEY**
Estelle E. Mahoney, (#08879)
Danna E. Schwab, (#20367)
7847 Main Street
Post Office Box 7095
Houma, Louisiana 70361
Telephone:  (985) 868-1342
Attorney for Lawson Environmental Service LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of July 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

 **/s/ Estelle E. Mahoney**
**ESTELLE E. MAHONEY**