UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | : | MDL NO. 2179 |
| | "Deepwater Horizon" in the | : | |
| | Gulf of Mexico, on | : | SECTION: J |
| | April 20, 2010 | : | |
| | | : | JUDGE BARBIER |
| This Document Relates to All Cases | | : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**PRETRIAL ORDER 38: ORDER RELATING TO CONFIDENTIALITY OF SETTLEMENT COMMUNICATIONS**

Upon consideration of the United States' Motion for Entry of an Order Relating to Confidentiality of Settlement Communications, the Court hereby GRANTS the motion and ORDERS as follows:

1. This order is issued pursuant to, among other things, the authority provided by Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

2. For purposes of this Order, Information shall have the meaning set forth in Pretrial Order 22 ¶ 2.

3. For purposes of this Order, "Subject Claims" means any claims or defenses arising out of the explosion, fire, and oil spill that commenced at the *Deepwater Horizon* on April 20, 2010.

4. For purposes of this Order "Settlement Communications" means: (a) oral or written communications that occurred between April 20, 2010 and the date of this order relating to the settlement of the Subject Claims; (b) oral settlement discussions between any Parties concerning any Subject Claims that take place after the date of this Order; and (c) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to any Subject Claims, (ii) exchanged by and between the negotiating parties in

settlement negotiations with respect to any Subject Claims after the date of this Order, and (iii) labeled in accordance with Paragraph 5.

5. All written or electronic materials created after the date of this Order that a Party wishes to have treated as Settlement Communications under this Order shall be conspicuously labeled "Settlement Communication" at the time of the exchange.

6. Nothing in this Order shall prevent a receiving party from disputing, either at the time of designation as a Settlement Communication or later, that the written or electronic material is a Settlement Communication within the meaning of this Order.

7. Any information that is Confidential or Highly Confidential, within the meaning of PTO 13, that is exchanged in the course of settlement negotiations shall be provided and managed in accordance with PTO 13. To the extent that such information is also claimed as a Settlement Communication pursuant to this Order, such information shall also be handled in accordance with this Order.

8. Except as otherwise provided in this Order, a party receiving Settlement Communications under this Order shall keep them confidential and not disclose them to persons or entities not a party to the negotiations for which the Settlement Communications are being exchanged. Each party who receives Settlement Communications shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications. Settlement Communications are not discoverable or admissible in this MDL absent a court order issued after the party seeking discovery or admission of such communications has demonstrated good cause.

9. A representative of a party who obtains Settlement Communications under this Order may share such information with those attorneys or employees of the receiving Party who in the opinion of such party are responsible for the settlement negotiations or for whom such

information relates to their official duties, provided that any person with whom such information is shared under this Paragraph shall be specifically made aware of this Stipulated Order.  A representative of a party who receives Settlement Communications under this Order also may share such information with those consultants and experts of the Party who are assisting in the negotiations and who, in the opinion of such Party, require access, provided that any person with whom such information is shared is specifically made aware of, and, prior to receiving the information, agrees in writing to be bound by, the provisions of this Stipulated Order as if he or she were a Party.

10.     Nothing in this Order shall prevent a party from disclosing a Settlement Communication upon the express, written agreement of the party who created the Settlement Communication and all other parties to whom the Settlement Communication was addressed and transmitted by the party who created it.

11.     Nothing in this Order shall preclude any party from using a Settlement Communication for the purposes of proving or interpreting a settlement agreement in any dispute between the parties to that settlement agreement.

12.     Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this MDL or its incorporation into any Settlement Communication.

13.     This Order does not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the parties' negotiations in this MDL.

14. In the event a party receives a subpoena, court order, or, in the case of the United States or State that is a party to this action, a request for Settlement Communications pursuant to an open records law such as the Freedom of Information Act, such party shall notify the producing party as soon as possible of the request and of the receiving party's proposed response.

15. The sharing of Settlement Communications by and between negotiating parties shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to such exchange under this Order. Further, any unauthorized disclosure of Settlement Communications under this Order shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to such exchange and unauthorized disclosure.

16. Nothing in this Order limits the full application of Federal Rule of Evidence 408 to Settlement Communications.

17. Nothing in this Order limits the United States or any State from complying with the requirements or established government policies of public participation regarding settlement agreements by publishing a final settlement agreement for public comment or responding to those public comments.

18. Settlement Communications may not be released directly, or indirectly, through third parties, by the United States or any State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, or any other open records law absent good cause shown in this Court.

New Orleans, Louisiana this 8th day of July, 2011.

_____
United States District Judge