**UNITED STATES DISTRICT OF COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER NO. 39 RELATING TO TESTING OF SAMPLES

CONSIDERING BP Defendants' Motion for an order governing the testing of samples, it is hereby ORDERED that the Motion is GRANTED as follows:

### ANALYTICAL TESTING

1. "Sample" shall mean any physical sample, including samples of oil, oil dispersant, soil, sand, water, air (whether ambient or breathing zone), sediment, flora, fauna, wastes, extracts of samples for analysis, and the containers and media in which they are held. Sample shall not include any physical equipment, nor shall it include Cementing Components.

2. "Extract" shall mean the result of processing a Sample with a liquid solvent or solid phase material to concentrate the sample for purposes of conducting Analytical Testing.

3. "Cementing Components" shall have the meaning set forth in this Court's Order of October 29, 2010.

4. The "Sample Retention Date" of a particular Sample shall mean the latest date on which that Sample, if preserved or extracted in accordance with standard scientific or laboratory practices, can be subjected to scientific analysis and yield reliable results in accordance with the prescribed method. Each Sample Retention Date will be determined by the custodial laboratory

at the time of receipt of the Sample based upon the purpose for which the Sample was collected, the condition of the sample at the time of its collection, and the handling of the sample prior to its delivery to the laboratory. The Sample Retention Date shall be the date that provides the maximum allowable holding time for such Sample in the relevant sampling plan or regulatory guide.

      5.    "Liaison Counsel" shall mean the persons appointed in Pretrial Orders Nos. 6 and 10, and any successors thereto, as well as counsel for any State that is a party to this action.

      6.    "Preserve" shall mean to keep and not to alter any Potentially Relevant Information as to its form, content or manner of filing. In the case of an electronic file, it means to retain the original file (including its file and application metadata) or a Forensically Sound Copy of that file.

      7.    "Information" shall be interpreted broadly to include writings and electronically stored information as that term is used in Federal Rule of Civil Procedure 26. Information includes, but is not limited to, Drafts, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and file and application metadata, including embedded data such as track changes and comments, is also included in this definition. Documents include both

paper documents and electronic files regardless of whether stored on servers, hard drives, backup data, removable computer storage media such as tapes, discs and cards, or other electronic media. For purposes of this Order only, Information does not include tangible things other than paper documents and storage media described herein.

8.  "MDL Party" shall mean any Party to In Re: Oil Spill By the Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, on April 20, 2010, MDL No. 2179, and which is conducting Analytical Testing related to this action.

9.  "Analytical Testing" shall mean any study or analysis performed pursuant to scientific procedures and governed by a written protocol specifying the materials to be analyzed, the techniques, equipment, and methods used in the analysis, method of mixing and sub-sampling, method of preservation of samples and extracts, analytical sensitivity, the quality assurance/quality control measures, and the documentation necessary to allow another party to repeat the study or analysis. Analytical Testing may include the mixture of Samples or portions of Samples with additional materials and may also include the destruction of all or portions of Samples. Analytical Testing shall comply with applicable U.S. EPA approved methods, other analytical methods contained in regulations or guidance published by a federal agency, or any other widely accepted standard operating procedure. Subject to the requirements of this Order, Analytical Testing may include the consumption of or disposal of portions of a Sample.

10. Except as specifically provided in Paragraph 11, any MDL Party may perform Analytical Testing on any Sample within its possession, custody or control in accordance with the protocol for that Analytical Testing. Subject to the terms and conditions of PTO 1 and Section 6 and 7 above, such Party shall Preserve all relevant laboratory records that are generated as part of any Analytical Testing it conducts on any Sample.

11. Any MDL Party may conduct destructive Analytical Testing on oil, dispersant, or sediment Samples only in accordance with this Paragraph.

    a. Any MDL Party may conduct Analytical Testing on oil, dispersant, or sediment Samples to the extent such Party preserves a sufficient amount of the Sample to ensure that another party can repeat the Analytical Testing. For oil, dispersant, or sediment Samples lacking sufficient quantity of material to conduct destructive Analytical Testing and still preserve sufficient original material for another party to reproduce the extraction step, Extracts shall be preserved to ensure that another party can repeat the remaining steps of the Analytical Testing; or

    b. Any MDL Party may propose to conduct Analytical Testing that consumes all or any part of any oil, dispersant, or sediment Samples by making such proposal to all Liaison Counsel. If, after 20 days, no Liaison Counsel has objected to the proposed Analytical Testing, such Party may perform the Analytical Testing. If a Liaison Counsel objects within 20 days of service of the notice, the party proposing the Analytical Testing and the objecting party shall meet and confer and, if the parties are unable to reach agreement, the party proposing the Analytical Testing may move this Court for permission to conduct the proposed Analytical Testing. Until resolution of the dispute by agreement or Court Order, the MDL Party will not conduct the proposed Analytical Testing.

12. To the extent the MDL Party conducts Analytical Testing on tissue or other subsamples removed from flora or fauna collected in the field (including but not limited to birds, turtles, dolphins, and other avian, mammal, and marine fauna), the MDL Party shall preserve any remaining portion of the flora or fauna remaining after subsampling.

13. Samples and Extracts required to be preserved by this Order or pursuant to Pretrial Order 1 paragraph 14 shall be preserved in accordance with U.S. EPA approved methods, other analytical methods contained in regulations or guidance published by a federal agency or any other widely accepted standard operating procedures appropriate for the Sample or Extract type and proposed analysis. Samples shall be preserved using the best practicable method(s) to achieve longevity of the Samples' stability for potential future analysis.

14. The MDL Party may dispose of any mixtures or residues created during or remaining after Analytical Testing conducted in accordance with the requirements of this Order except that the MDL Party may not dispose of any Extract created during or remaining after Analytical Testing except as follows:

a. The MDL Party shall provide Liaison Counsel with a written proposal to discard such Extracts. The written notice shall be served 60 days before the intended disposal and shall identify the following information with regard to the Samples from which the Extracts were made: (1) the date the Samples were taken; (2) the location from which Samples were taken; (3) the nature of the Samples (whether of oil, water, air, fauna, flora, waste, etc.); (4) the purpose for which the Samples were collected; (5) the Sample Retention Date for each Sample; (6) the reasons for the proposed disposal; and (7) the date on which disposal is proposed to occur.

b. If, within 20 days of the service of the written notice, no Liaison Counsel has objected, requested additional information, or requested custody of the Extracts identified for disposal or moved this Court for preservation of the Extracts, the MDL Party may dispose of the Extracts on the proposed disposal date.

c. If, within 20 days of the service of the written notice, a Liaison Counsel identifies a party who requests preservation of the Extract or additional information, the MDL Party and the requesting party shall meet and confer to determine the appropriate disposition of the Extract. If the MDL Party and the requesting party are unable to reach agreement, the MDL Party may move the Court for an order governing the disposition of the Extract. The MDL Party shall preserve the Extracts until the parties reach agreement or the Court rules on any motion relating to the Extracts, whichever is later.

15. The MDL Party may dispose of or wash and reuse any laboratory equipment or vessels used in the course of Analytical Testing conducted in accordance with the requirements of this Order.

16. The MDL Party shall not be required to preserve chemicals, additives, biological specimens, or materials used in the Analytical Testing that were purchased or otherwise obtained from third parties and which are available to all parties for purchase or acquisition.

17. Nothing in this Order shall apply to Cementing Compounds.

18. If the MDL Party performs Analytical Testing in accordance with this Order that consumes some, but not all, of a Sample, the testing party shall preserve the remainder of the Sample in accordance with the requirements of this Order.

19. Nothing in this Order is intended to alter the provisions of Pretrial Orders 30 and 35, or this Court's Order in the Minute Entry on April 28, 2011 (Document 2178), and Court Document 1325-5, which authorize the disposal of out-of-date Samples.

20. The Analytical Testing or disposition of materials in accordance with this Order shall not be a violation of Pretrial Order 1, Paragraph 14.

New Orleans, Louisiana this 8th day of July, 2011.

_____
United States District Judge