UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>*This Order Applies to Vessels of Opportunity Program ("VoO") Contract Cases* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| | |

CASE MANAGEMENT ORDER REGARDING LIMITED DISCOVERY
AND MEDIATION IN CONNECTION WITH
VESSELS OF OPPORTUNITY PROGRAM CONTRACT MATTERS

By stipulation of the Plaintiff Steering Committee, through Plaintiffs' Liaison Counsel, and Defense Liaison Counsel, in accordance with the April 29, 2011 Order of Judge Barbier (Rec. Doc. 2194), and to facilitate the efficient and effective management and prosecution of the coordinated Vessels of Opportunity Program contract actions (the "VoO Contract Cases") herein:

It is ORDERED that:

1. This Order applies to all VoO Contract Cases currently included in, or later consolidated with or transferred to, this multidistrict litigation. Unless expressly modified by this Order, the VoO Contract Cases shall remain subject to the provisions of the pre-trial orders issued by this Court, expressly including paragraph 8 of Pre-Trial Order No. 25, whereby all individual petitions and complaints in the VoO Contract Cases are stayed until further Order of the Court.

2. There will be a total of six (6) plaintiffs selected for discovery and mediation (the "VoO Focus Plaintiffs"). Plaintiff Liaison Counsel will select three (3) VoO Focus Plaintiffs. Defendants will select three (3) Focus Plaintiffs from the list of potential VoO Focus Plaintiffs provided by Plaintiffs' Steering Committee ("PSC"). The PSC will compile the list based on the following: all clients of the law firms on or working with the PSC on the Vessels of Opportunity contract dispute claims who are willing and able to participate in the mediation process contemplated by this Order. The list will include each client's name, name of vessel, Master Vessel Charter Agreement number(s) (if available), and short form filing number (if applicable). Defendants will not be permitted to take any discovery of the plaintiffs in making its selection.

3. The PSC will provide the list of potential VoO Focus Plaintiffs to Defendants by July 8, 2011. The parties will designate their VoO Focus Plaintiffs by July 29, 2011.

4. Plaintiffs Liaison Counsel shall provide a VoO Plaintiffs' Profile Form ("VoO PPF"), in the form attached hereto as Exhibit A, for each of the six VoO Focus Plaintiffs by August 12, 2011. Whereas many of the VoO Contract Cases are brought on behalf of multiple plaintiffs, the parties shall select individual VoO Focus Plaintiffs for mediation as opposed to identifying VoO Contract Cases. The scope of any and all discovery contemplated by this Order shall relate only to, and be limited by, the facts particular to the VoO Focus Plaintiffs.

5. Defendants shall file answers or other responsive pleadings to the VoO Focus Plaintiffs' complaints on or before August 12, 2011.

6. By August 12, 2011, the BP defendants shall produce all VoO contracts

and other documents in their possession, custody or control that are associated with the VoO contracts and associated property damages at issue, if any, with respect to each of the VoO Focus Plaintiffs.

7. By August 12, 2011, the VoO Focus Plaintiffs shall produce all documents in their possession, custody or control regarding their VoO contracts and other documents associated with their respective claims.

8. The VoO Focus Plaintiffs, through the PSC, may take the deposition of no more than three (3) BP witnesses associated with the VoO program. In addition, the VoO Focus Plaintiffs, through the PSC, may serve one 30(b)(6) deposition notice with designated topics related to the claims of the VoO Focus Plaintiffs.

9. The BP defendants may take the deposition of each of the VoO Focus Plaintiffs.

10. In addition, the VoO Focus Plaintiffs and BP defendants may each take up to two (2) third-party depositions related to VoO Focus Plaintiffs, for a total of no more than four (4) third-party depositions.

11. The depositions contemplated in the above paragraphs shall be completed by no later than September 30, 2011. All depositions shall be limited to seven (7) hours of testimony.

12. The parties may propound interrogatories by August 26, 2011. The BP defendants shall be limited to serving no more than 15 interrogatories, including sub-parts, on each VoO Focus Plaintiff, and each VoO Focus Plaintiff shall be limited to serving no more than 15 interrogatories, including sub-parts, on the BP defendants.

13. No other discovery, other than as contemplated in the above paragraphs,

shall be taken in connection with the mediation of the claims of the VoO Focus Plaintiffs.

14. If the parties are not successful in settling the VoO claims, the claims of the VoO Focus Plaintiffs will be referred for mediation. Said mediation will take place as early as October 12, 2011, subject to the availability of the mediator.  Plaintiffs' Liaison Counsel and Defense Liaison Counsel shall meet and confer to negotiate a further Case Management Order related to the mediation of the VoO Focus Plaintiffs' claims.

15. Within 90 days from the date of this Order, all VoO claimants who are not VoO Focus Plaintiffs, and who desire to participate in a VoO mediation should file via Lexis Nexis File & Serve a VoO PPF (Exhibit A).

16. Plaintiffs' Liaison Counsel and the BP defendants each have the right to file a motion for partial summary judgment on common contract issues relating to the Vessels of Opportunity Program.  Such motions, if any, shall be filed at any time up to September 16, 2011.  Oppositions or other responses, including a motion under Rule 56(d), Fed. R. Civ. P., shall be filed within 21 days from the date a motion for partial summary judgment is filed.  Replies shall be filed within 7 days from the date an opposition is filed.

17. Except for the activity contemplated in the paragraphs above, the VoO Contract Cases shall be stayed pending further order of the Court.

18. This CMO is intended to resolve disputes for payment and other compensation arising from the VoO Master Vessel Charter Agreements only.  Nothing in this CMO shall be interpreted as resolving other claims that VoO plaintiffs may currently have or may have in the future, including personal injury and/or medical monitoring claims, loss of earnings and/or subsistence damages arising from the oil spill and

Defendants waive their right to raise any defenses that the VoO Focus Plaintiffs are barred from pursuing claims not subject to the mediation contemplated in this CMO because they were not adjudicated with the VoO contract claims.

NEW ORLEANS, LOUISIANA this __8th__ day of July, 2011.

_____
HON. CARL J. BARBIER
UNITED STATES DISTRICT JUDGE