UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF A PTO ADDRESSING THE RETURN OF TANGIBLE THINGS IN THE POSSESSION OF THE JIT TO DESIGNATED OWNERS

The United States files this unopposed motion for entry of an order authorizing the return of certain equipment and other tangible things in the possession of the Joint Investigation Team ("JIT") to their designated owners. These tangible things, collected by the JIT during the investigation are no longer required by the JIT for its investigation but may constitute potentially relevant evidence in this multi-district litigation. Accordingly, the United States requests an order authorizing the JIT to return the tangible things to their designated owners so that they may be available for use in the ongoing litigation or otherwise disposed of in accordance with this Court's orders.

The United States proposed this order to Liaison and Coordinating Counsel on June 30, 2011. *See* Ex. 1. The United States received only one comment upon the proposed order, which was made by the Plaintiff Steering Committee. The United States made the change requested by

1

the Plaintiff Steering Committee.  *See* Ex. 2.  Accordingly, the United States has addressed all comments on this proposed order and its motion is unopposed.[1]

## DESCRIPTION OF PROPOSED ORDER

The proposed order is modeled on PTO 30 (which addresses the United States' disposition of samples), and like PTO 30, seeks to strike a balance between the needs for common sense management of expenditures associated with the investigations arising out of the *Deepwater Horizon* Incident and the need for all parties to have access to potentially relevant evidence.  Specifically, the Order begins by authorizing the return of specific items to specific designated owners as identified in a spreadsheet attached to the proposed order.  The order also requires the designated owner to retrieve the items, at the owner's expense, within a designated period of time.  Proposed Order ¶ 2.

Recognizing, however, that there are many more items that the JIT wishes to return to designated owners, the proposed order then establishes a procedure for the orderly return of other tangible things.  The JIT may propose the return of any tangible things to their designated owner by sending a notice with descriptive information to all Liaison and Coordinating Counsel by electronic mail.  *Id*. ¶ 3.a.  Liaison and Coordinating Counsel have five days to notify the JIT of any objection to the return of the tangible things. *Id.* ¶ 3.b.  If no counsel objects, then the JIT is authorized to return the materials and the designated order is required to make arrangements to

---

[1] The United States made two ministerial changes to the order since proposing it to Liaison and Coordinating Counsel.  First, the United States had inadvertently left a reference to "Sample" in the proposed order.  That reference has been corrected to refer to "tangible things".  Second, in recognition of the fact that some of the items the JIT wishes to return to the designated owners, such as the fuel oil proposed as part of the initial order, are not technically "equipment" the United States replaced the term "equipment" with the more general "tangible things."

retrieve the items at the owner's expense within a specified time period. *Id*. ¶ 3.c. If a counsel does object, the JIT is required to meet and confer with the objecting counsel and to retain possession until the parties reach agreement or the Court enters an order on the disposition of the tangible things.

Finally, the proposed order would make it clear that the designated owner must continue to preserve the evidence to the extent it is subject to the requirements of PTO 1, paragraph 14. *Id*. ¶ 4.

## ARGUMENT

The proposed order is consistent with the Federal Rules of Civil Procedure because it provides a mechanism for all parties to the litigation to be notified of, and object to, the transfer of custody of the tangible things. The order also reduces the burdens upon the Court by requiring the parties to meet and confer prior to raising any question regarding the disposition of these tangible things. The track record of the parties under PTO 30, upon which this proposed order is modeled, shows that the parties rarely, if ever, need to raise questions regarding the disposition of evidence to the Court. Accordingly the proposed order serves the fundamental purposes of the Federal Rules of Civil Procedure, the "just, speedy, and inexpensive determination" of this multi-district investigation. The proposed order also serves the purpose of 46 U.S.C. § 6308 by providing a method for the JIT to return evidence to parties to this litigation and prevent the entanglement of the JIT in the litigation discovery.

## CONCLUSION

For these reasons, the United States respectfully requests the unopposed entry of the attached proposed pretrial order.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO<br>Assistant Attorney General<br>Environment & Natural Resources<br>   Division | TONY WEST<br>Assistant Attorney General<br>Civil Division |
| JAMES NICOLL<br>Senior Counsel<br>NANCY FLICKINGER<br>Senior Attorney<br>SARAH HIMMELHOCH<br>Senior Litigation Counsel<br>DEANNA CHANG<br>SCOTT CERNICH<br>A. NATHANIEL CHAKERES<br>JUDY HARVEY<br>MATT LEOPOLD<br>Trial Attorneys<br>Environment & Natural Resources Division<br>P.O. Box 7611<br>Washington, DC 20044-7611 | PETER F. FROST<br>Director, Torts Branch, Civil Division<br>Admiralty and Aviation<br>STEPHEN G. FLYNN<br>Assistant Director<br>MICHELLE DELEMARRE<br>SHARON SHUTLER<br>JESSICA SULLIVAN<br>JESSICA MCCLELLAN<br>DAVID PFEFFER<br>MALINDA LAWRENCE<br>Trial Attorneys<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, D.C. 20044-4271 |
| /s/   Sarah D. Himmelhoch<br>STEVEN O'ROURKE<br>Senior Attorney<br>Environmental Enforcement Section<br>SARAH D. HIMMELHOCH<br>Senior Litigation Counsel for E-Discovery<br>Environment & Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone: 202-514-2779/202-514-0180<br>Facsimile: 202-514-2583<br>E-mail: steve.o'rourke@usdoj.gov<br>          sarah.himmelhoch@usdoj.gov | R. MICHAEL UNDERHILL, T.A.<br>Attorney in Charge, West Coast Office<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>7-5395 Federal Bldg., Box 36028<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3463<br>Telephone: 415-436-6648<br>Facsimile: 415-436-6632<br>E-mail: mike.underhill@usdoj.gov |

JIM LETTEN
United States Attorney
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of July, 2011.

                                        /s/ Sarah D. Himmelhoch