FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS    12: 50
STATE OF LOUISIANA

NO. 2011-5689                SECTION 14                DIVISION "T"
                                        CIVIL
                                   DISTRICT COURT

STEPHEN B. MURRAY, SR.

VERSUS

JAMES R. DUGAN, II

FILED:_____        _____
                                              DEPUTY CLERK

**NOTICE TO ADVERSE PARTY OF**
**FILING OF NOTICE OF REMOVAL**

TO:    Stephen B. Murray, Sr.
       Through his counsel,
       George R. Riess
       228 St. Charles Ave., Suite 1224
       New Orleans, LA 70130

       PLEASE TAKE NOTICE that Defendant, James R. Dugan, filed on the 22nd day of June,

2011 in the United States District Court for the Eastern District of Louisiana, a Notice of Removal

for the removal of the above-entitled cause from the Civil District Court for the Parish of Orleans,

State of Louisiana, a copy of which is hereto attached.

       New Orleans, Louisiana, this 22nd day of June, 2011.

                         RESPECTFULLY SUBMITTED:


                         _____
                         JACQUES F. BEZOU (3037)
                         STACY R. PALOWSKY (25203)
                         THE BEZOU LAW FIRM
                         534 E. Boston Street
                         Covington, LA 70433
                         Telephone:  (985) 892-2111
                         Facsimile:  (985) 892-1413
                         Email:  jbezou@bezou.com
                         Email:  spalowsky@palowsky-law.com
                         *Attorneys for James R. Dugan, II*

                    CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all
counsel of record via electronic mail transmission this 22nd day of June, 2011.

                         _____
                         STACY R. PALOWSKY

EXHIBIT
A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN B. MURRAY, SR. | * | Case No. _____ |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| JAMES R. DUGAN, II, ESQ. | * | DIVISION |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:   **The Honorable Judges and the Clerk of the**
**United States District Court for the Eastern District of Louisiana**
**500 Poydras Street, Room C-151**
**New Orleans, Louisiana 70130**

Defendant, James R. Dugan, II, hereby removes this civil action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§1441, 1446, and 1331, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, *et seq.* Defendant respectfully represents that the following facts support removal and federal court jurisdiction:

1.

On May 27, 2011, Plaintiff, Stephen B. Murray, Sr., filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiff's Petition for Damages, Declaratory Relief, Injunctive Relief and Jury Demand, entitled "*Stephen B. Murray, Sr., v. James R. Dugan, II,* Docket No. 11-5689, Div. I-14," seeks declaratory and injunctive relief as well as damages allegedly arising from Dugan's supposed breach of contract.[1]

2.

In Plaintiff's Petition for Damages, he alleges that Dugan breached an agreement that the two entered into on or about May 1, 2006, to work on certain cases together. Plaintiff avers that

---

[1] Exhibit A, Petition for Damages, Declaratory Relief, Injunctive Relief and Jury Demand

because of the alleged breach, he now has causes of action for declaratory relief, breach of contract, conversion, fraud, detrimental reliance, unjust enrichment, and breach of fiduciary duty, and he avers that he is entitled to injunctive relief to prevent Dugan from collecting outstanding legal fees.

3.

Plaintiff and Defendant are both residents of the Parish of Orleans, State of Louisiana.[2] This Court embraces the parish in which the state court action is now pending; therefore, it is a court of proper venue for removal of this action pursuant to 28 U.S.C. §98(a).

4.

Defendant was personally served with Plaintiff's Petition for Damages on June 7, 2011;[3] therefore, thirty days have not elapsed since service on Defendant, and this Notice of Removal is timely under 28 U.S.C. §1441.

5.

In Plaintiff's Petition for Damages, he complains about Dugan's receipt of attorneys' fees generated from claims arising from the April 20, 2010 Deepwater Horizon oil spill and being handled by the Gulf Coast Claims Facility ("GCCF").[4]

6.

The GCCF fees referenced by Plaintiff, as well as other GCCF fees in dispute between Plaintiff and Defendant have already come before this Court.

7.

On March 25, 2011, Dugan filed in the Deepwater Horizon MDL a Motion to Deposit Funds into the Registry of the Court.  This Motion was granted by this Court that same day;[5]

---

[2] Exhibit A, paras. 5 – 6.
[3] Exhibit B, Citation and Summons.
[4] Exhibit A, paras. 40 – 52.

thus, $631,125.00 was placed in the registry of the Court by Dugan.  These funds represent fees generated in the handling of GCCF claims, and they are still in the registry of the Court..

8.

On March 30, 2011, Dugan filed a Second Motion to Deposit Funds into the Registry of the Court.  Therein, he asked this Court to order Plaintiff to deposit disputed funds of $535,000.00 into the registry.  This disputed $535,000 represents fees generated in the handling of GCCF claims, and these fees are the ones discussed in Murray's Petition for Damages in paragraphs 40 through 52.[6]

9.

On April 1, 2011, this Court ordered that any response to Dugan's Second Motion to Deposit Funds be filed by April 8, 2011.

10.

On April 8, 2011, Murray filed in this Court an opposition to the Second Motion to Deposit Funds, as well as his own Motion for Disbursement of Registry Funds.  In the opposition, Murray admitted that the disputed $535,000.00 had already been disbursed in October 2010 in clear violation of Rule of Professional Conduct 1.15.

11.

Thereafter, these three Motions were referred to the Honorable Magistrate Judge Daniel E. Knowles, III, and the parties thoroughly briefed the issues raised therein.

12.

On April 28, 2011, Magistrate Judge Knowles ordered that the parties attend a settlement conference on May 17, 2011.

[5] Exhibit C attached hereto.
[6] Exhibit A, paras. 40 – 52.

13.

At that May 17 conference, the parties agreed to arbitrate their dispute. On May 25, counsel for Dugan wrote to counsel for Murray regarding the parameters for arbitration. Having no response to that correspondence, Dugan's counsel again wrote to Murray's counsel on May 31 regarding arbitration. No response was received to that correspondence, either.

14.

On June 3, at the request of Magistrate Judge Knowles, counsel for the parties attended a telephone status conference. Therein, the parameters for arbitration were again discussed, and it was anticipated that the dispute would be moved toward arbitration by the end of June 2011.

15.

Unbeknownst to Dugan and this Court, however, Murray had already filed suit on May 27, 2011, in state court. The certificate of service on the Petition certified that it had been served on counsel of record for Dugan on May 27, 2011 via facsimile, electronic mail, or U.S. Mail; however, that apparently was not done because counsel's, and Dugan's, first notice of the suit came when Dugan was served on June 7. It is that suit which Dugan now removes to this Court.

16.

As noted above, this matter involves attorneys' fees which were generated from cases borne out of the April 20, 2010 Deepwater Horizon oil spill and claims being administered by the GCCF. The Honorable Carl J. Barbier of this Court is presiding over MDL No. 2179, which encompasses cases arising out of the oil spill. Once this matter is removed to this Court, it is subject to transfer to MDL No. 2179 as a tag-along action. Defendant states that should any motion for remand be filed, it would be appropriate for this Court to refrain on ruling thereon until this matter has been transferred to the MDL.

17.

The Hold-Back Agreement[7] executed in connection with claims being paid by the GCCF requires that any dispute over fees be decided by the MDL court.  Section 4 of the Agreement gives Judge Barbier exclusive venue and jurisdiction over any disputes that arise under the Agreement.  While the funds at issue at the moment might not be "hold-back" fees, Dugan maintains that because of the MDL Court's jurisdiction over GCCF claims, then it is a court of proper jurisdiction and venue for this dispute.

18.

Because this Court has original jurisdiction over claims arising from the Deepwater Horizon oil spill pursuant to 28 U.S.C. §1331, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, *et seq.*, and this attorney fee dispute arises from oil spill claims administered by the GCCF, jurisdiction exists in this Court for this dispute; therefore, it may be removed pursuant to the provisions of 28 U.S.C. §1441, *et. seq.*

19.

Accordingly, the Defendant now removes this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, *et seq.*

20.

Filed herewith as Exhibits A and B are copies of all processes, pleadings, and orders served in this matter.

21.

Defendant is sending the appropriate notices of this removal to all parties and the State Court, pursuant to 28 U.S.C. §1446(d).

---

[7] Exhibit D.

22.

Dugan reserves the right to submit additional evidence in support of removal as appropriate.

23.

By filing this Notice of Removal, Dugan is not waiving his right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or applicable Louisiana substantive law.

24.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant, James R. Dugan, II, prays that the action now pending in the Civil District District Court for the Parish of Orleans, State of Louisiana, be removed therefrom to this Court.

RESPECTFULLY SUBMITTED:

/s/ Jacques F. Bezou

JACQUES F. BEZOU (T.A.) (3037)
STACY R. PALOWSKY (25203)
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
Email: jbezou@bezou.com

Email: spalowsky@palowsky-law.com
*Attorneys for James R. Dugan, II*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Removal has been served on all counsel of record via electronic mail this 22nd day of June, 2011.

/s/ Jacques F. Bezou

JACQUES F. BEZOU

*served*
*6-10-11*

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 11 - 5689

DIVISION "I - 14"

STEPHEN B. MURRAY, SR.

**F I L E D**
MAY 2 7 2011
DEPUTY CLERK
CIVIL DISTRICT COURT

versus

JAMES R. DUGAN, II

FILED:_____

DEPUTY CLERK

---

## PETITION FOR DAMAGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, Stephen B. Murray, who files this petition for damages, declaratory relief, injunctive relief, and jury demand and alleges as follows:

### Nature of the Case

1. This case involves the breaching of s solemn contract by a defendant for no other reason than pecuniary gain.
2. The parties to this lawsuit entered into a contract governing, among other thing, the specific allocation of attorney fees generated by the plaintiff's law practice.
3. The defendant refuses to honor this solemn contract but instead demands that this contract be re-negotiated.
4. This petition seeks damages for the actions of the defendant as well as a declaratory judgment from this Court that the agreement reached by the parties governs the allocation of all attorney fees generated during the defendant's employment with the plaintiff's law firm.

### Parties

5. The plaintiff, Stephen B. Murray, Sr., is a person of full age and majority and domiciled in Orleans Parish, Louisiana.
6. The defendant, James R. Dugan, II, is a person of full age and majority domiciled in Orleans Parish.

### Jurisdiction and Venue

7. The Civil District Court for the Parish of Orleans has jurisdiction over this action.
8. Venue is proper in Orleans Parish pursuant to Articles 42, 74, and 76.1 of the Louisiana Code of Civil Procedure.

### Facts and Claims

#### A. The Parties' 2006 Agreement

9. Murray is an attorney licensed to practice law in Louisiana.
10. Dugan is an attorney licensed to practice law in Louisiana.
11. At all relevant times, Murray owned and operated the Murray Law Firm, a plaintiffs' law practice based in New Orleans, Louisiana.

Exhibit A

12. Prior to May of 2006, Dugan practiced with and was a member of the Dugan and Browne Law Firm which also was primarily a plaintiffs' law practice.

13. At some point prior to May of 2006, Dugan and Murray began negotiating for Murray's acquisition of Dugan and Dugan's caseload.

14. In May 1, 2006, Dugan drafted a memorandum agreement regarding the "[a]cqusition of James R. Dugan and various cases" (the "2006 Agreement" or the "Agreement.").

15. Pursuant to the Agreement, Dugan agreed to "work 110% to maximize the recovery of our caseload."

16. The Agreement was signed by Dugan on May 1, 2006 and signed by Murray on May 7, 2006.

17. Pursuant to the terms of the Agreement, Dugan became an employee of the Murray Firm, and Murray agreed to pay for staff, overhead, and expenses for Dugan.

18. This Agreement also provided a formula for the disbursement of attorney fees.

19. The Agreement provided for three different attorney fee disbursement formulas.

20. The general rule under the Agreement provided that 80% of the attorney fees are remitted to Murray, and 20% of the fees are split between the lawyers that worked on the cases.

21. The contract provided for only two exceptions to this general rule.

22. The first exception involved certain specific cases that were currently being handled by the Dugan and Browne Law Firm.

23. Pursuant to the terms of the Agreement, Dugan would bring all of the class action, mass tort, and Attorney General cases presently in the Dugan & Browne Law Firm inventory to the Murray Firm.

24. On these Dugan and Browne cases, any attorney fees generated would be allocated according to a 50% to Murray and 50% to Dugan benchmark.

25. However, in the event of a fee dispute between Murray and Dugan, the Agreement specifically provided that Murray "would be the final arbitrator of the fee."

26. These certain cases were appended to the Agreement.

27. The second exceptions involved cases referred to Dugan from a specific list of individuals named in the Agreement.

28. Under this second exception, if an attorney on the list referred a case to Dugan while he worked at the Murray Firm, Dugan would receive a generation fee equal to 20% of the attorney fee.

29. The Agreement also again specifically states that "[a]ll disputes will be decided by [Murray].

30. This operating agreement was in force from May of 2006 until Dugan resigned from the Firm on October 17, 2010.

31. During this time and on numerous occasions Dugan has referred to himself as a member or associate of the Murray Firm.

32. Dugan submitted affidavits to courts around the country attesting to the fact that he was a member or associate of the Murray Firm.

33. Dugan received W-2's from the Murray Firm and participated in the insurance coverage programs available to Murray Firm employees.

34. Dugan was an employee of the Murray Firm.

35. During this time period, Murray paid several million dollars in expenses incurred by Dugan.

36. Murray also paid for Dugan's support staff, including secretaries and attorneys.

37. Unbeknownst to Murray, Dugan began engaging in side ventures without notifying Murray.

38. Dugan entered into other joint venture agreements with other attorneys using the Dugan Law Firm.

39. Dugan used the staff, attorneys, supplies and office space paid for by Murray to work on these side ventures.

## B. Dugan's Receipt of Fees and Resignation from Murray Firm

40. On April 20, 2010, there was an explosion aboard the oil rig Deepwater Horizon in the Gulf of Mexico off of the Louisiana coast resulting in eleven deaths, untold numbers of personal and economic injuries, and hundreds of thousands of gallons of oil being released into the Gulf.

41. The Murray Firm, along with another firm, jointly began representing a number of large clients in the Multi-District Litigation pending in the Eastern District of Louisiana and the Gulf Coast Claims Facility ("GCCF") (hereinafter referred as the "Joint Venture.").

42. Pursuant to the terms of this agreement, the Murray Firm agreed to front considerable expense and employee time for the prosecution of these claims.

43. As an employee of the Murray Firm, Dugan was charged with negotiating fee agreements with the clients and then negotiating settlements with the GCCF for many of these large clients on behalf of the Joint Venture.

44. Dugan negotiated several settlements with the GCCF.

45. Two days before Dugan resigned from the Murray Firm, the GCCF wired to the Dugan Law Firm's trust account, a substantial interim payment for one of the clients of the Joint Venture.

46. This payment was on behalf of a client of the Joint Venture.

47. This was not a Dugan Law Firm client.

48. This client was not a client from the Dugan and Browne Law Firm nor was this client referred to Dugan from the specific list of individuals identified in the 2006 Agreement between Dugan and Murray.

49. Therefore the general rule regarding attorney fees as outlined in the 2006 Agreement applied to this client.

50. Even though this was not a Dugan Law Firm client Dugan did not immediately transfer the funds to Murray or the other law firm.

51. Rather, Dugan wired a percentage of the attorney fee to the other firm and then sought to renegotiate the general fee split behind himself and Murray while holding the money.

52. After several days of holding the money, Dugan eventually wired the money from the Dugan Law Firm to the Murray Law Firm.

### First Cause of Action - Declaratory Relief

53. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso*.

54. In 2006 the parties confected an agreement for, among other things, a formula for the disbursement of attorney fees.

55. This agreement was in force until Dugan resigned from the Murray Firm on October 17, 2010.

56. Pursuant to the terms of the agreement, Murray has a fee interest in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Murray Firm.

57. Additionally, according to the plain terms of the agreement, the allocation of any fee amount in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Murray Firm is decided by Murray.

58. Murray is entitled to a declaratory judgment from this Court that the 2006 Agreement is valid and enforceable.

59. Murray is entitled to a declaratory judgment that Murray has a fee interest in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Firm and that the allocation of any fee amount in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Murray Firm are to be decided by Murray.

### Second Cause of Action - Breach of Contract

60. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso*.

61. Pursuant to the terms of the agreement drafted by Dugan. Murray agreed to pay for Dugan's staff, including attorneys, and overhead.

62. Pursuant to the plain terms of the agreement, Murray has a fee interest in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Murray Firm.

63. When fees in these cases were sent to Dugan, instead of remitting the fees to Murray,

Dugan demanded that Murray re-negotiate the Agreement, presumably to Dugan's benefit and Murray's detriment.

64. Dugan refuses to recognize the validity of his contract with Murray and refuses to abide by the terms of the agreement.

65. Dugan's refusal to recognize the validity of his contract with Murray has resulted in damages to Murray.

## Third Cause of Action - Conversion

66. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso.*

67. During the relevant time period, Murray paid millions of dollars for Dugan for, among other things, committee fees, office rent, staff, and attorneys.

68. Dugan used the committee fees, office rent, staff, and attorneys for his own benefit.

69. For example, instead of using the staff and attorneys paid for by Murray for the benefit of Murray or even for both parties, Dugan secretly used them to engage in joint ventures with other attorneys.

70. Dugan secretly used the office space, staff, and attorneys for his own pecuniary gain.

71. Murray was damaged by Dugan's conversion.

## Fourth Cause of Action- Fraud

72. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso.*

73. Dugan and Murray confected an Agreement.

74. Murray devoted substantial resources to Dugan in furtherance of the Agreement.

75. Dugan secretly entered into side agreements with other attorneys fraudulently using the resources provided to him by Murray for his own pecuniary gain.

76. Dugan fraudulently refuses to acknowledge the existence of the Agreement and instead fraudulently seeks to hold monies to which he is not entitled and fraudulently asserts an interest in monies to which he is not entitled.

77. As a result of the fraudulent actions and inactions, Murray has suffered damages and is entitled to attorney fees.

## Fifth Cause of Action - Detrimental Reliance

78. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso.*

79. Dugan induced Murray into paying millions of dollars in committee fees, office rent, support staff and attorneys and in return Dugan agreed to abide by the terms of the Agreement.

80. Relying on Dugan's representations, Murray paid millions of dollars in committee fees, office rent, support staff, and attorneys.

81. Murray relied on the representations of Dugan to his detriment.

82. Murray is entitled to damages equal to the amount of money paid by him for Dugan's committee fees, office rent, support staff, and attorneys.

## Sixth Cause of Action - Unjust Enrichment

83. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso.*

84. Dugan was enriched by Murray paying millions of dollars in committee fees, office rent, support staff, and attorneys for the benefit of Dugan.

85. Dugan unjustly used the benefits conferred by Murray for his own pecuniary gain at the expense of Murray.

86. Dugan had no reasons for his actions, other than his own enrichment.

87. Murray was impoverished by Dugan's actions.

## Seventh Cause of Action - Breach of Fiduciary Duty

88. The plaintiff reavers and realleges the prior paragraphs of this petition as if copied here *in extenso.*

89. Dugan was an employee of the Murray Firm.

90. Murray is the sole shareholder of the Murray Firm.

91. As an employee of the Murray Firm, Dugan had a fiduciary duty to the Murray Firm.

92. Dugan breached this duty and caused damages to the Murray Firm and to Murray.

## Necessity of Injunctive Relief

93. In order to protect Petitioner's rights and interests in attorneys' fees outstanding, it is necessary that this Court permanently restrain and enjoin Defendant Dugan, his agents, employees and all other persons, firms, or entities acting or claiming to act in his behalf,

from collecting and/or depositing those legal fees

94. Petitioner fears that during the pendency of these proceedings, Defendant Dugan will continue to collect and/or deposit the legal fees outstanding, and it is, therefore, necessary that this Court issue a preliminary injunction in the form and substance of the permanent injunction mentioned above in order to protect Petitioner's rights and interests in those legal fees;

95. Because Defendant Dugan may attempt to collect and/or deposit the legal fees outstanding before notice can be served and a hearing had on Petitioner's Application for a Preliminary Injunction and that immediate and irreparable injury, loss, and damage will result thereby, and in order to protect Petitioner's rights properly, it is necessary that a temporary restraining order in the form and substance of the injunction and preliminary injunction mentioned hereinabove, issue herein.

## Jury Demand

The plaintiff's claims in this action exceed the jurisdictional prerequisite for a jury trial.

96. The plaintiff demands a jury trial on all causes of action triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons plead in this petition, the plaintiff prays for judgment in his favor against the defendants for their wrongful conduct and seeks;

a. a declaratory judgment that Murray has a fee interest in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Firm and that the allocation of any fee amount in all cases that Dugan worked on, entered into, brought to, or otherwise engaged in while employed by the Firm are to be decided by Murray;

b. damages for the defendants' breach of contract, fraud, detrimental reliance, unjust enrichment, and breach of fiduciary duty;

c. the costs, and attorney fees plus interest from the date of judicial demand;

d. any other equitable or legal relief recoverable that may be deemed just and proper;

e. that upon his furnishing bond in an amount to be fixed by the Court, a temporary restraining order issue herein according to law, directed to Defendant Dugan, his agents, employees, and all other persons, firms, or entities acting or claiming to act on his behalf from collecting and/or depositing outstanding legal fees, as listed partially herein in Exhibit "A;"   and

f.  that defendant Dugan be ordered to show cause on a day and at an hour to be fixed by
    this Court, why a preliminary injunction in the form and substance of the temporary
    restraining order prayed for above should not issue and, that after due proceedings had,
    there be judgment herein preliminarily enjoining Defendant Dugan from collecting the
    aforementioned attorneys' fees outstanding and making it permanent in the form and
    substance of the temporary restraining order mentioned above.

Respectfully Submitted,

GEORGE F. RIESS, ESQ. (#11266)
228 St. Charles Ave, Suite 1224
New Orleans, LA 70130
Telephone: (504) 568-1962
Facsimile: (504) 568-1965
E-mail: georgeriess@riess-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and
foregoing pleading has been served on counsel
for these proceedings by either placing a copy
of same in the United States Mail, first class
postage prepaid, by electronic mail, and/or by
facsimile on this 27th day of May, 2011.

GEORGE F. RIESS

PLEASE SERVE:

JAMES R. DUGAN II
DUGAN LAW FIRM
ONE CANAL PLACE
SUITE 1000
365 CANAL STREET
NEW ORLEANS, LOUISIANA 70130

JACQUES F. BEZOU
THE BEZOU LAW FIRM
534 EAST BOSTON
COVINGTON, LOUISIANA 70433

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

ATTORNEY'S NAME: Riess, George   11266
AND ADDRESS:       Ste 1224, 2St Charles Ave
                   New Orleans LA 70130-4065



## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO:    2011 -- 05689          2          DIVISION: " I "                    SECTION: 14

MURRAY, STEPHEN B. SR. VERSUS DUGAN, JAMES R. II

## CITATION

TO: JAMES R. DUGAN II - DUGAN LAW FIRM
    THROUGH:
    ONE CANAL PLACE - SUITE 1000
    365 CANAL STREET
    NEW ORLEANS                         LA   70130

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND JURY DEMAND

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the
New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        June 2, 2011

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA
                                          DALE N. ATKINS, Clerk of
                                          The Civil District Court
                                          for the Parish of Orleans
                                          State of LA
                                          by
                                                    Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

11:01 AM

**PERSONAL SERVICE**

On this 7 day of June 2011
served a copy of the w/i petition
FOR DAMGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND JURY DEMAND

On
JAMES R. DUGAN II - DUGAN LAW FIRM

THROUGH: Sally Fraser
(Legal Secretary)

Returned same day

Deputy Sheriff of Orleans    No. 434

Mileage: $

/ ENTERED /

PAPER          RETURN

SERIAL NO.    DEPUTY    PARISH

**DOMICILIARY SERVICE**

On this _____ day of
_____ served a copy of the w/i petition
FOR DAMGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF
AND JURY DEMAND

On
JAMES R. DUGAN II - DUGAN LAW FIRM

THROUGH:

by leaving same at the dwelling house, or usual place of
abode, in the hands of
a person of suitable age and discretion residing therein as
a member of the domiciliary establishment, whose name
and other facts connected with this service I learned by
interrogating HIM / HER the said _____
JAMES R. DUGAN II - DUGAN LAW FIRM

being absent from the domicile at time of said service.
Returned same day

                          No.
Deputy Sheriff of

VERIFIED  Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 MAR 25  PM 3: 13

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |

SECTION J

JUDGE BARBIER

MAGISTRATE JUDGE SHUSHAN

## MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT

NOW INTO COURT comes James R. Dugan, II of the Dugan Law Firm in New Orleans who respectfully moves this Honorable Court to grant the motion to deposit contested funds from Check No. 1633 in the amount of $631,125.00 payable to the Clerk of Court for the Eastern District of Louisiana into the registry of the Court pending resolution of an attorney fee dispute.

Dated: March 25, 2011

Respectfully submitted,

Jacques F. Bezou (La. Bar. 3037)
534 East Boston Street
Covington, La 70433
Telephone: 985-892-2111
Telecopier: 985-892-1413

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

Exhibit C

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Deposit Funds into the Registry of the Court has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this _____ day of _____, 2011.

_____
Jacques F. Bezou

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

CONSIDERING THE FOREGOING Motion to Deposit Funds into the Registry of the Court, and for good cause shown;

**IT IS HEREBY ORDERED**, that the Motion to Deposit Funds into the Registry of the Court is **GRANTED** and said funds from Check No. 1633 in the amount of $631,125.00 are hereby deposited into the registry of the Court.

THUS DONE AND SIGNED, this 25 day of March 2011, at New Orleans, Louisiana.

_____
United States District Judge

___Fee _____
___Process _____
_x_ Dktd _____
___CtRmDep _____
___Doc. No. _____

-3-

**THE DUGAN LAW FIRM** 476   Document 1-3   Filed 06/22/11   Page 4 of 5

A PROFESSIONAL LAW CORPORATION
IOLTA ACCOUNT
650 POYDRAS ST STE 2150
NEW ORLEANS, LA 70130
(504) 648-0180

JPMORGAN CHASE BANK, N.A.
BATON ROUGE, LOUISIANA  70801
8-1-13-654

3/25/2011

PAY TO THE
ORDER OF___Clerk of Court – Eastern District of La._____   $   **631,125.00

Six Hundred Thirty-One Thousand One Hundred Twenty-Five and 00/100*************************************____DOLLARS

Clerk of Court – Eastern District of La.

MEMO

⑈00⑆633⑈ ⑆065⑆00⑆37⑆    ⑆596388209⑈

---

**THE DUGAN LAW FIRM**                                                                                          1 6 3 3
IOLTA ACCOUNT
Clerk of Court - Eastern District of La.                                           3/25/2011
25250 · Client Settlement Funds                                                                      631,125.00



IOLTA - BANK ONE                                                                                        631,125.00

---

**THE DUGAN LAW FIRM**                                                                                          1 6 3 3
IOLTA ACCOUNT
Clerk of Court - Eastern District of La.                                           3/25/2011
25250 · Client Settlement Funds                                                                      631,125.00



IOLTA - BANK ONE                                                                                        631,125.00

DELUXE BUSINESS FORMS  1 • 800-328-0304  www.deluxeforms.com

A082
(Rev. 10/89)

ORIGINAL
RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF LOUISIANA

41782

RECEIVED FROM

| | | ACCOUNT | AMOUNT |
|---|---|---|---|
| Fund | | 710 | 63,125. |
| 6855XX | Deposit Funds | | |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | $ 63,125. |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 10-MDL-2179 | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613500 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (1/2) | | |
| 510100 | Registry Fee | | |

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the finan-
cial institution on which it was drawn.

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
|  | "DEEPWATER HORIZON" | : |  |
|  | in the GULF OF MEXICO, | : |  |
|  | on April 20, 2010 | : | SECTION:   J |
|  |  | : |  |
|  |  | : | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO | | : | MAG. JUDGE SHUSHAN |
| ALL CASES | | : |  |

---

### HOLD-BACK AGREEMENT

1.      It is hereby acknowledged that any and all claims being paid by the Gulf Coast Claims Facility ("GCCF") and /or BP and/or any other party is, at least in part, the result of the threat of litigation and/or litigation efforts (including those common benefit efforts designed to ensure compliance of BP with OPA) conducted at the direction of the Plaintiffs' Steering Committee ("PSC") in MDL 2179: In Re Deepwater Horizon, pending in the Eastern District of Louisiana before Judge Carl Barbier.

2.      It is further acknowledged that each PSC member's firm has deposited a substantial sum of money into a common benefit fund that is being used to finance this massive litigation effort. Additionally, the PSC, attorneys in firms of each PSC member ("PSC Firms"), and numerous attorneys working at the direction of the PSC are logging thousands of hours each month in pursuing the Defendants in MDL 2179.

3.      In order to protect the efforts of the PSC and PSC Firms (to collect a common benefit fee and get reimbursed their common benefit costs, as the Court may determine and order) and to promote solidarity among the PSC and PSC Firms, with the  goal of maximizing the recovery of all claimants against the Defendants in MDL 2179 and/or claimants in the GCCF, each member of the PSC and PSC Firms agree to an  assessment as follows:

a.      Each PSC member and PSC Firms agree to assess each and every settlement with any Defendant named in MDL 2179 (including settlements achieved in the GCCF by PSC members and PSC Firms) by holding-back a percentage of the settlement to be placed in a separate common benefit account;

b.      The assessment hold-back will be the equivalent of four percent (4.0%) of the gross settlement;

c.      The assessed amount shall be deposited into a PSC Hold-Back Assessment Account ("Account")  that is designated and maintained by the Executive Committee ("EC"), the Court or such other entity either designates;

---

Exhibit D

d.    The Hold-Back Assessment shall be limited to the net attorney fee earned by the PSC Firm in these instances where the net fee is less than four percent of the gross recovery;

e.    Instances where the Hold-Back Assessment is unfair to the PSC Firm, (*e.g.,* due to referral arrangements, hourly fee arrangements, or reduced percentage contingency fees), then appropriate consideration will be given to the PSC Firm in the ultimate allocation and disbursement of the Account. Additionally, amounts paid to the Account by each PSC Firm will be a factor for consideration in the ultimate allocation and disbursement of funds, which is to be considered and set by the Court.

f.    The monies deposited to the hold-back assessment account shall not be owned by any individual lawyer or firm, but shall comprise a fund available for the Court in its sole discretion to award and fund its awards of common benefit fees and/or costs to such persons (not limited to PSC firms) at such time as is appropriate and the Court so orders.

4.    Any dispute or disagreement related to this Agreement, its application or interpretation, will be determined by Judge Carl Barbier, presiding in the Eastern District of Louisiana. The Eastern District of Louisiana shall have exclusive jurisdiction and venue for all issues arising out of or related to this Agreement.

5.    This Agreement is binding on each member of the PSC and PSC Firms. Each signatory below further agrees that execution of this Agreement is binding on the signatory's law firm. For purposes of efficiency, each signatory agrees that each PSC member may sign a separate copy of this agreement and that those signatures will be consolidated and maintained as an attachment to this agreement.

6.    This Agreement is effective and applies in all instances after March 2, 2011.

AGREED AS TO FORM AND SUBSTANCE BY

MEMBERS OF THE PSC, INDIVIDUALLY, AND ON BEHALF OF THEIR LAW FIRMS:


_____          _____
BRIAN H. BARR                                               DATE
LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY & PROCTOR PA


_____          _____
JEFFREY A. BREIT                                          DATE
BREIT DRESCHER IMPREVENTO & WALKER PC

_____
ELIZABETH J. CABRASER
LIEFF CABRASER HEIMANN & BERNSTEIN LLP

_____
DATE


_____
PHILIP F. COSSICH, JR.
COSSICH, SUMICH, PARSIOLA & TAYLOR

_____
DATE


_____
ROBERT T. CUNNINGHAM
CUNNINGHAM BOUNDS LLC

_____
DATE


_____
ALPHONSO MICHAEL ESPY
MORGAN & MORGAN, P.A.

_____
DATE


_____
CALVIN C. FAYARD, JR.
FAYARD & HONEYCUTT

_____
DATE


_____
ERVIN A. GONZALEZ
COLSON HICKS EIDSON

_____
DATE


_____
ROBIN L. GREENWALD
WEITZ & LUXENBERG, P.C.

_____
DATE


_____
STEPHEN J. HERMAN
HERMAN HERMAN KATZ & COTLAR LLP

_____
DATE

Case 2:11-cv-01476   Document 1-4   Filed 06/22/11   Page 4 of 4

---
RHON E. JONES
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

---
DATE

---
MATTHEW E. LUNDY
LUNDY LUNDY SOILEAU & SOUTH LLP

---
DATE

---
MICHAEL C. PALMINTIER
DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ

---
DATE

---
JAMES PARKERSON ROY
DOMENGEAUX WRIGHT ROY & EDWARDS

---
DATE

---
PAUL M. STERBCOW
LEWIS KULLMAN STERBCOW & ABRAMSON

---
DATE

---
SCOTT SUMMY
BARON & BUDD, P.C.

---
DATE

---
MIKAL C. WATTS
WATTS GUERRA CRAFT LLP

---
DATE

Case 2:11-cv-01476   Document 1-5   Filed 06/22/11   Page 1 of 1

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Stephen B. Murray, Sr. | James R. Dugan, II |

**(b)** County of Residence of First Listed Plaintiff   **Orleans**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Orleans**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
George F. Riess, 228 St. Charles Ave., Ste. 1224, New Orleans, LA 70130
(504) 568-1962

Attorneys (If Known)
Jacques F. Bezou, Stacy R. Palowsky, Bezou Law Firm, 534 East
Boston St., Covington, LA 70433

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1331, 43 U.S.C. §1331, et seq., and 33 U.S.C. 2701, et seq.
Brief description of cause:
This is a breach of contract case with a dispute over attorneys' fees generated from the Deepwater Horizon oil spill

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Carl J. Barbier

DOCKET NUMBER  MDL. No. 2179

DATE
06/22/2011

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE