UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Working Group[1] Conference on Friday, July 8, 2011]

This order reflects the action taken by the Working Group Conference on Friday, July 8, 2011.

**1.      Preservation and Inspection of BOP.**

The Court reported on the status of the preservation of the BOP parts. The parties were reminded that the issue of sharing the expenses for preservation will have to be resolved. A further conference with the technical working group on preservation is set for 8:00 a.m. on Monday, July 11, 2011.

The Coast Guard reports that there are five experts and fifteen lawyers cleared to inspect the BOP on Monday, July 11.

**2.      Completion of Phase One Written Discovery.[2]**

Alabama, Anadarko and BP reported their agreement that the deadline for Anadarko and BP to file a motion to compel on Alabama's discovery responses is extended to August 3, 2011.

Anadarko requested guidance from the Court on the cut-offs for Phase One written

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

[2] Written discovery refers to interrogatories, requests for production (RFPs) and requests for admissions (RFAs).

discovery.

**3.     ESI Discovery for Alabama**.

Alabama and BP reported on their disagreement over the time period for the ESI search. Alabama wanted a cut-off of August 12, 2010. BP requested a cut-off of January 31, 2011. The Court ruled that the search would go through September 19, 2011, when the well was killed.

**4.     BP's Request for Documents from the Executive Office.**

BP submitted a letter raising the issue for action by the Court. At the request of the U.S., it will be deferred to permit the U.S. to consider BP's letter.

**5.     Settlements**.

The MOEX settlement was submitted for *in camera* review. BP reported that the MOEX settlement agreement would be made available in redacted form to Cameron. Cameron's time to submit its *in camera* request for production of the MOEX settlement was extended. BP reported that the Weatherford settlement agreement will also be made available in redacted form.

**6.     Transocean Internal Report**.

Transocean reported on the custodial filed production for Bill Ambrose (July 18 and 19) and Geoff Boughton (July 20 and 21). It may object to the deposition of Rob Turlak on the ground that he had a minor role in the preparation of the report. It is working on dates for the deposition of Dan Farr. Transocean will try to produce interview notes on the front end of the custodial production.

By **Wednesday, July 13, 2011**, Transocean shall provide BP with information on how the internal report team was organized and the subject matter for the team members. The provision of the information on the organization of the internal report team is not a waiver of the work-product privilege.

**7.     Haliburton's May 2, 2010 Opticem Modeling**.

This is no longer an issue.

**8.     Fifth Amendment Depositions**.

Halliburton asked about the depositions of Carl Taylor (July 14) and Nick Watson (July 14) and whether the Court received any notice from their counsel as to wether they would invoke the Fifth Amendment. The Court had not received any notice from their counsel who is aware of the requirement of five days notice before invoking the Fifth.

**9.     Interpleader Actions.**

Transocean and BP reported that they hoped to submit an agreement by the July 15, 2011 conference.

**10.    Phase One Fact Depositions**.

    1.     Alberty, Mark (NO)                     July 25 and 26

BP confirmed the deposition.

    2.     Sustala, Dennis (Rule 30(b)(6))(NO)       July 29

The deposition was rescheduled for July 29.

    3.     Kronenberger, Kurt                       August 2

Because of family matters, Mr. Kronenberger's deposition was rescheduled.

    4.     Chevron 30(b)(6)/Gardner, Craig          August 17 and 18

BP confirmed the deposition. It circulated a draft subpoena. It will be served within a few days. It is anticipated that Craig Gardner will be the designee.

    5.     Keeton, Jonathan                         August 17 and 18

Transocean confirmed new dates for the deposition.

6.    <u>Bondurant, Charles</u> (NO)    August 23

BP confirmed the deposition.

7.    <u>Bement, James</u>    September 20

Halliburton confirmed the deposition.

8.    <u>Prestidge, Jim</u>    September 21

Halliburton confirmed the deposition.

9.    <u>Moore, Jimmy</u>    October 4

Transocean confirmed the deposition.

10.    <u>Douglass, Sherri</u>    October 11

BP confirmed a new date for her deposition.

11.    <u>McKay, Lamar</u>    November 3 and 4

BP confirmed the deposition.

12.    <u>Lindner, Leo</u>    July 18 and 19 (tentative)

He settled his personal injury claim. He is now represented by counsel for M-I, who requests that the deposition be rescheduled. M-I will determine if the deposition can be rescheduled for July 18 and 19.

13.    <u>Morel, Brian</u>    July 21 (tentative)

The deposition will be a one day deposition as Morel will invoke the Fifth. The PSC is working to schedule the deposition on July 21.

14.    <u>Hafle, Mark</u>    July 22 (tentative)

The deposition will be a one day deposition as Hafle will invoke the Fifth. The PSC is working to schedule the deposition on July 22.

15.  <u>Daly, Mike</u> (London)            July 27 and 28 (tentative)

There was discussion about Daly and Thorseth. The choice for BP is either to present Daly for deposition in London on July 27 and 28 or have him appear in the United States. BP shall attempt to notify counsel by email before the next conference.

16.  <u>Powell, Heather</u>                October 20 (tentative)

This will be kept on the agenda pending confirmation of the deposition. Ms. Powell is expecting a child and cannot travel. Her baby is due prior to October 20.

17.  <u>Birrell, Gordon</u>

BP is working on dates.

18.  <u>Frazelle, Andrew</u>

BP is working on dates

19.  <u>Lacy, Stewart</u>

BP is working on dates.

20.  <u>Thorseth, Jay</u>

BP is working on the dates. The situation is complicated because Jay Thorseth will be moving to London shortly.

21.  <u>Keplinger, Yancey</u>

BP is working on contacting Keplinger's personal counsel.

22.  <u>Trahan, Buddy</u>

BP is working on contacting Trahan's personal counsel.

23.  <u>Beirute, Rob</u>

BP is working on dates for his deposition in early August.

24.     <u>Shaw, Neil</u>

Anadarko reported that it does not require Neil Shaw's deposition.

25.     <u>Johnson, Stephen</u>

M-I is working on dates.

26.     <u>Maxie, Doyle</u>

M-I is working on dates.

27.     <u>Meche, Gregory</u>

M-I is working on dates.

28.     <u>Quibodeaux, John</u>

M-I is working on dates.

29.     <u>Farr, Dan</u>

Transocean is working on scheduling the deposition.

30.     <u>Turlak, Rob</u>

At the July 15 conference, Transocean will report on whether it objects to Turlak's deposition.

31.     <u>Wheeler, Wyman</u>

The PSC will report on dates for his deposition.

32.     <u>Vidrine, Don</u>

The PSC will report on contact with his counsel.

33.     <u>Oldfather, Daniel</u>

Weatherford had nothing to report on whether Oldfather's health permits a deposition.

**11.   Requests for Additional Time**.

Nalco requested 30 minutes for the deposition of Andy Inglis.  The U.S. ceded 20 minutes and the States ceded 10 minutes.

Nalco requested 30 minutes for the deposition of Michael Saucier.  The States, Halliburton and the PSC each ceded 10 minutes.

**12.   Order of Examination**.

There was discussion of the order of examination and the amount of time that could be reserved for rebuttal.  Transocean was asked to circulate its proposal.

**13.   Objections to Requests for Depositions.**

The pending deposition requests with objections are listed below.

| | Name | Employer | Requesting Party |
|---|---|---|---|
| 1. | Brock, Tony | BP | PSC |

Tony Brock will submit to a 150 minute video conference deposition with 120 minutes for the PSC and 30 minutes for BP.  The PSC's examination will related to BP's internal investigation of the incident.   The exhibits will be pre-marked and submitted to Brock at least 48 hours before the deposition.  BP will work on dates for the deposition.

| | | | |
|---|---|---|---|
| 2. | Ravi, Dr. Kris | Halliburton | BP |

Following discussion, BP and Halliburton will meet and confer to determine if they can resolve the issue.

| | | | |
|---|---|---|---|
| 4. | Clements, Jeremy | Current Transocean | Cameron |
| 5. | Cotton, Al | R&B (TO) | Cameron |
| 6. | Crichton, Steve | Current Transocean | Cameron |

7

| | | | |
|---|---|---|---|
| 7. | Fry, Mike | Current Transocean | Cameron |
| 8. | Gray, Todd | Current Transocean | Cameron |
| 9. | Kennedy, John | R&B (TO) | Cameron |
| 10. | McGrath, Scott | Current Transocean | Cameron |
| 11. | Rodger, Brad | Current Transocean | Cameron |
| 12. | Silverman, Peter | R&B (TO) | Cameron |
| 13. | Wetherell, Linda | R&B (TO) | Cameron |
| 14. | Wink, Kevin | R&B (TO) | Cameron |

Cameron believes that the eleven persons requested by it were involved in the design, purchase and installation of the BOP in 1999-2001. For the five persons still employed by Transocean, Cameron and Transocean shall provide the Court with information on their job titles and responsibilities in 1999-2001 and their involvement during that period with the BOP. Transocean shall contact them about available dates. For the six persons who are not employed by Transocean, Cameron and Transocean shall provide the Court with any information available to them on their job titles and responsibilities in 1999-2001. After the Court receives more information on these persons, a decision will be made on who will be deposed.

**14.   Trial Plan**.

The parties answered the Court's questions concerning the proposed trial plan. The U.S. was asked to circulate a proposal for the briefing of motions concerned with narrowing the focus and scope of the trial.

**15.   Proposed Amendment to the Short Form**.

The PSC raised the issue of when authorizations for medical and employment records were required. There was agreement that the authorizations should not be filed. It is only necessary to serve Liskow & Lewis with them.

8

There was agreement that where a Bundle B3 claimant seeks to recover for post-explosion personal injury medical monitoring and asserts a claim for lost income, authorizations for medical and employment records are required. If the claimant does not assert claim for lost income, an authorization for employment records will not be required. Such a claimant will only be required to provide an authorization for medical records.

There was agreement that attorneys are permitted to enroll or withdraw as counsel for a Short Form Claimant by an amendment to the short form.

**16.    Mike Byrd**.

BP designated Mike Byrd for some of the topics, including topics on the BOP, for its Rule 30(b)(6) deposition. Byrd will testify on July 13 and 14. Cameron objected to the failure of BP to produce Byrd's custodial documents. BP responded that: (a) pursuant to the order for the April 1, 2011 conference (Rec. doc. 1856), custodial file production and certification are not required when a party notifies counsel that the designee is not a fact witness; and (b) Byrd is not a fact witness. Cameron contends that he is a fact witness. The parties shall proceed with the Rule 30(b)(6) deposition with Byrd as the designee. If Cameron or any other party wants to depose Byrd as a fact witness with custodial file production, a letter request for the deposition will have to be made with a showing of good cause.

**17.    Other discovery issues**.

The PSC reported that it may raise an issue concerning a second deposition of a BP Rule 30(b)(6) designee, who possesses factual information.

The PSC raised an issue about the meet and confer process with BP for redactions. BP requested that the issue be passed for a week so that it could work with the PSC on the process.

BP raised an issue about Anadarko's request for the application of new search criteria.

**18.     Conference Schedule.**

**The parties are not required to have counsel present in the courtroom for these conferences. Counsel are encouraged to participate by telephone if it is more convenient and less expensive for them to do so.**

| | |
|---|---|
| Friday, July 15, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 22, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 5, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 26, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, September 9, 2011 at 9:30 am. | WGC followed by meeting of LCC. |
| Friday, September 30, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 7, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, October 14, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, October 21, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 28, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 11, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 11th day of July, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**