UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179<br><br>SECTION: J<br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO** 10-2771 | : : : | JURY TRIAL DEMANDED |

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## ANSWER OF CROSS-DEFENDANT CAMERON TO NATIONAL RESPONSE CORPORATION'S COUNTERCLAIM

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 11 in this proceeding, and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants and Local Government claimants in this proceeding, Cameron International Corporation ("Cameron") respectfully answers National Response Corporation's Counterclaim to Cameron International Corporation's Various Cross-Claims ("Counter-Claim"; Doc. 2842 in 10-MDL-2179), as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

### Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

1

1062579v.1

## Responding to Allegations in the Counterclaim

1. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2. In response to paragraph 2, Cameron states that the order of the JPML speaks for itself.

3. In response to paragraph 3, Cameron states that the pleadings in the MDL proceedings speak for themselves.

4. In response to paragraph 4, Cameron states that the pleadings of the Transocean parties speak for themselves.

5. In response to paragraph 5, Cameron states that its pleadings speak for themselves.

6. Paragraph 6 is descriptive of the Counterclaim and requires no response.

7. Cameron states that this Court has exclusive jurisdiction over the Counterclaim under OCSLA, 43 U.S.C. § 1349(b), and OPA, 33 U.S.C. § 2717(b), but otherwise denies the allegations in paragraph 7.

7. Cameron states that venue is proper in this district, but otherwise denies the allegations in paragraph 8.

9. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Cameron admits the allegations in the first, second, fourth and fifth sentences of paragraph 10. With respect to the blowout preventer that was attached to the

wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications provided by R&B Falcon/Transocean as required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001, but denies the remaining allegations in the third sentence of paragraph 10.

11. Cameron denies the allegations in paragraph 11.

12. Cameron denies the allegations in paragraph 12.

13. Paragraph 13 is a reservation of rights that requires no response.

### Failure to State a Claim

14. In further response to the Counterclaim, Cameron incorporates by reference the sections entitled Failure to State a Claim in Documents 412 in 10-cv-2771 and 10-MDL 2472 and 2474.

### Affirmative Defenses

15. As its affirmative defenses to the Counterclaim, Cameron restates and incorporates by reference the affirmative defenses stated in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

### Counterclaim

16. To the extent necessary, Cameron asserts as counterclaims the cross-claims asserted against National Response Corporation in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

1062579v.1

## Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1. That Counterclaimant National Response Corporation take nothing by its Counterclaim;

2. That Cameron recover from National Response Corporation its costs of court in this action; and

3. That Cameron recover such other and further relief from National Response Corporation to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
   dbeck@brsfirm.com
Joe W. Redden, Jr.
   jredden@brsfirm.com
David W. Jones
   djones@brsfirm.com
Geoffrey Gannaway
   ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

1062579v.1

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Cross-Defendant Cameron International Corporation to National Response Corporation's Counterclaim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2011.

/s/ Phillip A. Wittmann
Phillip A. Wittmann

5

1062579v.1