# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: All Cases and 10-2771 | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

## THE BP PARTIES' ANSWER TO CAMERON INTERNATIONAL CORPORATION'S ANSWER TO CROSS-CLAIMS OF ANADARKO DEFENDANTS, TOGETHER WITH COUNTERCLAIMS AND CROSS-CLAIMS

BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP"), and BP p.l.c. (collectively, the "BP Parties"), by their undersigned Counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer Cameron International Corporation's Counterclaim and Cross-Claims as follows:

## COUNTERCLAIM AND CROSSCLAIMS

Now acting as Counter-Plaintiff and Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Cross-Plaintiffs Anadarko Petroleum Corporation ("Anadarko Corp.") and Anadarko E&P Company, LP (Anardako E&P") as Counter-Defendant; and from Cross-Defendants Transocean Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); Triton Asset Leasing GMBH ("Triton"); BP p.l.c.; BP Exploration and Production, Inc., ("BPXP"); BP America Production Company ("BP America"); Anadarko Petroleum Corporation ("Anadarko Corp."); Anadarko E&P Company, LP ("Anadarko E&P") Halliburton Energy Services, Inc. ("Halliburton"); M-I LLC ("MI"); MOEX Offshore 2007 LLC ("MOEX Offshore"); MOEX USA Corporation ("MOEX USA"); Mitsui Oil Exploration Co. Ltd. ("Mitsui"); Weatherford International Ltd. ("Weatherford Int'l"); Weatherford U.S. L.P. ("Weatherford US"); Dril-Quip, Inc. ("Dril-Quip"); Marine Spill Response Corporation ("MSRC"); Airborne Support, Inc. ("Airborne Inc."); Airborne Support International, Inc. ("Airborne Int'l"); Lynden, Inc. ("Lynden"); Dynamic Aviation Group, Inc. ("Dynamic"); International Air Response, Inc. ("IAR"); Lane Aviation ("Lane"); National Response Corporation ("NR"); O'Brien Response Management, Inc. ("O'Brien"); Tiger Safety, LLC ("Tiger"); DRC Emergency Services LLC ("DRC"); and Nalco Company ("Nalco") (collectively "Cross-Defendants").

## Jurisdiction

435.   This Court has supplemental jurisdiction over the following counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a), and/or exclusive original jurisdiction over the counterclaims and cross-claims under 43 U.S.C. § 1349(b). Because the contractual indemnity crossclaims asserted by Cameron below are derived from express provisions of maritime contracts, this Court has jurisdiction over those contractual cross-claims under 28 U.S.C. § 1333(1). Because certain of the contribution claims asserted below arise under OPA, 33 U.S.C. § 2709, this Court has exclusive original jurisdiction over those crossclaims under 33 U.S.C. § 2717(b). Because the non-contractual indemnity crossclaims and non-OPA contribution cross-claims, which are being asserted below in the alternative solely as a protective matter, are all premised on application of general maritime law, this Court would have jurisdiction over those crossclaims under 28 U.S.C. § 1333(1) to the extent that such jurisdiction is not excluded by 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b).

**ANSWER:**

The BP Parties admit that this Court has admiralty jurisdiction.  The BP Parties deny the

remaining allegations of this paragraph.

## Parties

436.   Counter-Defendants, Cross-Defendants and Cameron have been named parties in the Cross-Claims.

**ANSWER:**

The BP Parties admit the allegations of this paragraph.

437.   Cameron incorporates by reference the allegations contained in paragraphs 30-87 of its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, Document 412 in 10-277 1 ("Cameron Limitation Claim").

**ANSWER:**

To the extent allegations of this paragraph are directed at the BP Parties, the BP Parties

adopt and incorporate by reference all pleadings and motions filed in response to any matter that

Cameron purports to incorporate by reference, including but not limited to The BP Parties'

Answer to the Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation,

filed and served on all counsel on June 20, 2011.  To the extent any more specific response is required to any purportedly incorporated allegations, the BP Parties deny them unless expressly admitted in a pleading responsive to any document from which Transocean has purportedly incorporated allegations.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

438.    Cross-Defendant BPXP selected BP America to perform the obligations of BPXP as lead lessee of the Macondo Prospect and operator of the Macondo well, and thereby hired TO Holdings to assist in drilling the Macondo well under the terms of the Drilling Contract between BP America and TO Holdings, LLC. Accordingly, BP America became the instrumentality of BPXP with respect to the Macondo well. In the alternative, BPXP stepped into the shoes of BP America with respect to the Drilling Contract, and in any event, BPXP assumed the obligations of BP America under the Drilling Contract.

**ANSWER:**

The BP Parties deny the allegations of this paragraph.

## Causes of Action

### *First Claim – Contractual Indemnity Against TO Offshore, TO Deepwater and Triton*

439.    Pursuant to the terms of the Master Service Agreement ("MSA"), Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton for any liability that Cameron may incur in respect to the Cross-Claims. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by these Counter-Defendants for breach of the indemnity provisions of the MSA.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

440.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton the attorneys' fees and other costs that it will have reasonably incurred to defend these Cross-Claims.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

441.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### *Second Claim – Contractual Indemnity Against TO Holdings*

442.    Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity from TO Holdings for any liability that Cameron may have to any Cross-Plaintiff. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by TO Holdings for breach of the indemnity provisions of the TERMS AND CONDITIONS.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

443.    Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to recover from TO Holdings the attorneys' fees and other costs that it incurs to defend the claims of any party in this limitation action.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the

BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

### *Third Claim – Contractual Indemnity Under the ADT Agreement*

444.    Pursuant to the terms of the ADT Agreement, Cameron is entitled to complete indemnity from Counter-Defendants as successors to ADT under the ADT Agreement for any liability that Cameron may have to either Cross-Plaintiff. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by the Transocean Cross-Defendants for breach of the indemnity provisions of the ADT Agreement.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the

BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

445.    Pursuant to the terms of the ADT Agreement, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the

BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations of this paragraph, and therefore deny them.

### *Fourth Claim – Contractual Indemnity Under the Terms of Repair Quotes*

446.    Pursuant to the terms of the Repair Quotes, Cameron is entitled to complete indemnity from one or more Transocean Cross-Defendants for any liability that Cameron may have to either Cross-Plaintiff. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by one or more Transocean Cross-Defendants for breach of the indemnity provisions of the Repair Quotes.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

447.    Pursuant to the hold harmless terms of the Repair Quotes, Cameron is entitled to recover from Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this limitation action.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### *Fifth Claim – Non-Contractual Indemnity*

448.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants for those events. To the extent that general maritime law applies and Cameron is held liable to any Plaintiff or Claimant but is not indemnified by the Transocean Cross-Defendants by reason of the express indemnity provisions of the MSA, TERMS AND CONDITIONS, ADT Agreement, or Repair Quotes, Cameron is entitled to complete non-contractual indemnity jointly and severally from Counter-Defendants, the Transocean Cross-Defendants and Cross-Defendants BP America, BP E&P, and Halliburton because of their negligent contribution to the events leading to any such Cameron liability that is not based on any alleged negligence of Cameron.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Sixth Claim – Contribution Under OPA*

449.    The Oil Pollution Act of 1990 provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709. Counter-Defendants, the Transocean Cross-Defendants and Cross-Defendants, BP E&P and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill generally described in paragraph 57 of the Cameron Limitation Claim, and are therefore "liable or potentially liable under this Act" within the meaning of section 2709 for certain damages covered by OPA. See 33 U.S.C. §§ 2701(32), 2702(a), (b). Based on allegations of the Complaint and the allegations of claims made in this action, each Counter-Defendant and each of the Cross-Defendants may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert. Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill. To the extent that Cameron is held jointly liable with any Counter-Defendant or any Cross-Defendant to any Claimant, Cross-Plaintiff, or Third-Party Plaintiff in this limitation action for damages covered by 33 U.S.C. § 2702(b) but is not indemnified for such liability, Cameron is entitled to contribution from all such Cross-Plaintiffs or Cross-Defendants under the terms of 33 U.S.C. § 2709.

**ANSWER:**

The BP Parties admit that OPA provides that a "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." The BP Parties further admit that the Transocean Cross-Defendants, BPXP, Anadarko Corp., Anadarko E&P, and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill. The BP Parties deny the remaining allegations of this paragraph.

*Seventh Claim – Contribution from Petitioners and Cross-Defendants  Under General Maritime Law*

450.    Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill and that general maritime law does not govern the liability of Cameron or Counter-Defendants and Cross-Defendants for those events. To the extent that general maritime or other law nevertheless applies and any party succeeds with proof of any allegations so that Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant to any such claimant, Cross-Plaintiff, or Third-Party Plaintiff under general maritime or other law in this limitation action, Cameron is entitled to contribution from all such Counter-Defendants and Cross-Defendants on the basis of comparative fault.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## DEMAND FOR JUDGMENT

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.      That the Anadarko Cross-Plaintiffs take nothing by their Cross-Claims;

2.      That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs under the Cross-Claims, including repayment of any amount paid by Cameron to resolve any such liability;

3.      That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the Cross-Claims;

4.      That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

5.      That in the alternative, Cameron recover complete indemnity from the Counter-Defendants, the Transocean Cross-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs under the Cross-Claims on the ground that Cameron is not a negligent defendant;

6.      That in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Counter-Defendant and/or Cross-Defendants pursuant to the terms of 33 U.S.C. § 2709;

7.      That in the alternative, in the event Cameron is held jointly liable with any Counter-Defendant or Cross-Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Counter-Defendants and/or Cross-Defendants under general maritime law or other law;

8.      That Cameron recover from Counter-Defendants and Cross-Defendants its costs of court in this action; and

9.      That Cameron recover such other and further relief from the Counter-Defendants and Cross-Defendants to which it may show itself entitled.

**ANSWER:**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of Cameron's Cross-Claims and Counterclaims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The blowout, explosion, and subsequent oil spill were caused by unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Cameron and the negligence of employees, agents, officers and directors of Cameron.  The aforesaid unseaworthiness and negligence was within the knowledge or privity of Cameron and accordingly, the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Cameron's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

### FOURTH DEFENSE

The events culminating in the injuries and damage to Cameron were not the result of any negligence, fault, or want of due care on the part of BP Parties.  Furthermore, Cameron has the burden of proof on this issue, and Cameron cannot meet that burden.

**FIFTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Cameron's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**SIXTH DEFENSE**

Cameron's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**SEVENTH DEFENSE**

To the extent the BP Parties are found liable to Cameron for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**TENTH DEFENSE**

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contribution from other parties or entities.

## ELEVENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TWELFTH DEFENSE

Cameron's claims are barred, in whole or in part, because Cameron is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## THIRTEENTH DEFENSE

Cameron's damages are barred, in whole or in part, by a failure to mitigate damages.

## FOURTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Counterclaim and Cross-Claims, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Cameron as a result of the allegations contained in the Counterclaim and Cross-Claims and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.


Dated:  July 11, 2011                          Respectfully submitted,


                                               /s/ Don K. Haycraft_____
                                               Don K. Haycraft (Bar #14361)
                                               R. Keith Jarrett (Bar #16984)
                                               LISKOW & LEWIS
                                               701 Poydras Street, Suite 5000
                                               New Orleans, Louisiana 70139-5099
                                               Telephone: (504) 581-7979

Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2011.

/s/  Don K. Haycraft