UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL NO. 2179 SECTION: J |
| THIS DOCUMENT RELATES TO: All Cases and 10-2771 …………………………………………………... | : : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

### THE BP PARTIES' ANSWER TO THE COUNTERCLAIM AND CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION

BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, the "BP Parties"), by their undersigned Counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer Cameron International Corporation's Counterclaim and Cross-Claims as follows:

### COUNTERCLAIM AND CROSSCLAIMS

Now acting as Counter-Plaintiff and Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Counter-Defendants BPXP and BP America; and from Transocean Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); and Triton Asset Leasing GMBH ("Triton") (collectively the "Transocean Cross-Defendants"); BP America Production Company ("BP America"); Halliburton Energy Services, Inc. ("Halliburton"); Anadarko Petroleum Corporation ("Anadarko Corp."); Anadarko E&P Company, LP ("Anadarko E&P"); and MOEX Offshore 2007 LLC ("MOEX Offshore") (collectively "Cross-Defendants").

### Jurisdiction

150. This Court has supplemental jurisdiction over the following counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a), and/or exclusive jurisdiction over the counterclaims and cross-claims under 43 U.S.C. § 1349(b). Because the contractual indemnity crossclaims asserted by Cameron below are derived from express provisions of maritime contracts, this Court has jurisdiction over those contractual cross-claims under 28 U.S.C. § 1333(1). Because certain of the contribution claims asserted below arise under OPA, 33 U.S.C. § 2709, this Court has exclusive jurisdiction over those crossclaims under 33 U.S.C. § 2717(b). Because the non-contractual indemnity crossclaims and non-OPA contribution cross-claims, which are being asserted below in the alternative solely as a

protective matter, are all premised on application of general maritime law, this Court would have jurisdiction over those crossclaims under 28 U.S.C. § 1333(1) to the extent that such jurisdiction is not excluded by 43 U.S.C. § 1349(b) and/or 33 U.S.C. § 2717(b).

**ANSWER**

The BP Parties admit that this Court has admiralty jurisdiction. The BP Parties deny the remaining allegations of this paragraph.

**Parties**

151.    Counter-Defendant, Cross-Defendants and Cameron have been named parties in this action, either as original defendants or as third-party defendants.

**ANSWER**

The BP Parties admit the allegations of this paragraph.

152.    Cameron incorporates by reference the allegations contained in paragraphs 30-87 of its Answer to Verified Complaint for Exoneration, Claims, Counter-Claims, and Cross- Claims of Cameron International Corporation, Document 412 in 10-2771 ("Cameron Limitation Claim").

**ANSWER**

To the extent allegations of this paragraph are directed at the BP Parties, the BP Parties adopt and incorporate by reference all pleadings and motions filed in response to any matter that Cameron purports to incorporate by reference, including but not limited to The BP Parties' Answer to the Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, filed and served on all counsel on June 20, 2011. To the extent any more specific response is required to any purportedly incorporated allegations, the BP Parties deny them unless expressly admitted in a pleading responsive to any document from which Transocean has purportedly incorporated allegations. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

153.    BPXP selected BP America to perform the obligations of BPXP as lead lessee of the Macondo Prospect and operator of the Macondo well and as stated in the Third- Party Complaint of BPXP, hired TO Holdings LLC to assist in drilling the Macondo well under the terms of the Drilling Contract between BP America and TO Holdings, LLC. Accordingly, BP America became the instrumentality of BPXP with respect to the Macondo well. In the alternative, BPXP stepped into the shoes of BP America with respect to the Drilling Contract. In any event, BPXP assumed the obligations of BP America under the Drilling Contract.

**ANSWER**

The BP Parties deny the allegations of this paragraph.

## Causes of Action

*First Claim — Contractual Indemnity Against TO Offshore, TO Deepwater and Triton*

154.    Pursuant to the terms of the MSA, Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton for any liability that Cameron may have to BPXP in this action. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by these Cross-Defendants for breach of the indemnity provisions of the MSA.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

155.    Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this action.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

156.     Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Second Claim — Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Offshore, TO Deepwater and Triton*

157.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the MSA, Cameron is entitled to complete indemnity from TO Offshore, TO Deepwater, and Triton without limitation under 46 U.S.C. 30501 et seq. for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

158.     Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that Cameron is entitled by the terms of the MSA to recover from TO Offshore, TO Deepwater, and Triton all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

159.  Pursuant to the terms of the MSA, Cameron is entitled to recover from TO Offshore, TO Deepwater, and Triton its reasonable attorneys' fees and other costs incurred in enforcing the indemnity obligations described in paragraphs 41-44 of the Cameron Limitation Claim.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Third Claim — Contractual Indemnity Against TO Holdings*

160.  Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity from TO Holdings for any liability that Cameron may have to BPXP in this action. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by TO Holdings for breach of the indemnity provisions of the TERMS AND CONDITIONS.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

161.  Pursuant to the terms of the TERMS AND CONDITIONS, Cameron is entitled to recover from TO Holdings the attorneys' fees and other costs that it incurs to defend the claims of any party in this action.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### *Fourth Claim — Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Holdings*

162. Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the indemnity provisions of the TERMS AND CONDITIONS, Cameron is entitled to complete indemnity without limitation under 46 U.S.C. § 30501 from TO Holdings for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

163. Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that, without limitation under 46 U.S.C. § 30501, Cameron is entitled by the indemnity provisions of the TERMS AND CONDITIONS to recover from TO Holdings all attorneys' fees and other costs that Cameron reasonably incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

### *Fifth Claim — Contractual Indemnity Under the ADT Agreement*

164. Pursuant to the terms of the ADT Agreement, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants as successors to ADT under the ADT Agreement for any liability that Cameron may have to BPXP in this case. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by the Transocean Cross-Defendants for breach of the indemnity provisions of the ADT Agreement.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

165. Pursuant to the terms of the ADT Agreement, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this action.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Sixth Claim — Declaratory Judgment Concerning Contractual Indemnity Obligations Under the ADT Agreement*

166. Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the ADT Agreement, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants Defendants for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

167. Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that Cameron is entitled by the terms of the ADT Agreement to recover from the Transocean Cross-Defendants all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Seventh Claim — Contractual Indemnity Under the Terms of Repair Quotes*

168.    Pursuant to the terms of the Repair Quotes, Cameron is entitled to complete indemnity from one or more Transocean Cross-Defendants for any liability that Cameron may have to BPXP in this case. To the extent that Cameron pays any judgment covered by the indemnity, Cameron is entitled to be reimbursed by one or more Transocean Cross-Defendants for breach of the indemnity provisions of the Repair Quotes.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

169.    Pursuant to the hold harmless terms of the Repair Quotes, Cameron is entitled to recover from the Transocean Cross-Defendants the attorneys' fees and other costs that it will have reasonably incurred to defend any claims in this action.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties.  The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Eighth Claim — Declaratory Judgment Concerning Contractual Indemnity Obligations Under the Repair Quotes*

170.    Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that under the terms of the Repair Quotes, Cameron is entitled to complete indemnity from the Transocean Cross-Defendants for any liability that Cameron may incur to any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

171. Pursuant to 28 U.S.C. § 2201, Cameron is entitled to a declaratory judgment that Cameron is entitled by the hold harmless terms of the Repair Quotes to recover from the Transocean Cross-Defendants all costs that Cameron incurs to defend against the claim of any person seeking to recover damages related to the casualty of the *Deepwater Horizon* beginning April 20, 2010.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Ninth Claim — Non-Contractual Indemnity*

172. Cameron asserts that it is not liable for any damages in connection with the oil spill from the Macondo well and that general maritime law does not govern the liability of Cameron or any Cross-Defendant for those events. To the extent that general maritime law applies and Cameron is held liable to any claimant but is not indemnified by Counter-Defendants by reason of the express indemnity provisions of the MSA, TERMS AND CONDITIONS, ADT Agreement, or Repair Quotes, Cameron is entitled to complete non-contractual indemnity jointly and severally from BP, the Transocean Cross-Defendants, and Cross-Defendant Halliburton because of their negligent contribution to the events leading to any such Cameron liability that is not based on Cameron's negligence.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

*Tenth Claim — Contribution Under OPA*

173. OPA provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709. The Transocean Cross-Defendants, BPXP, Anadarko Corp., Anadarko E&P, and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the Macondo well oil spill and are therefore "liable or potentially liable under this Act" within the meaning of section 2709 for certain damages covered by OPA. *See* 33 U.S.C. §§ 2701(32), 2702(a), (b). Each such Cross-Defendant may also be held "liable or potentially liable under another law," be it Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert. Cameron asserts that it is not liable for any damages in connection with the events of April 20, 2010 on the MODU or the ensuing oil spill. To the extent that Cameron is held jointly liable with any Cross- Defendant to BP in this action, Cameron is entitled to contribution from all such Cross- Defendants under the terms of 33 U.S.C. § 2709.

**ANSWER**

The BP Parties admit that OPA provides that a "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." The BP Parties further admit that the Transocean Cross-Defendants, BPXP, Anadarko Corp., Anadarko E&P, and MOEX Offshore are designated and/or defined "responsible parties" under the terms of OPA with respect to the oil spill. The BP Parties deny the remaining allegations of this paragraph.

*Eleventh Claim — Contribution from Petitioners and Cross-Defendants Under General Maritime Law*

174. Cameron asserts that it is not liable for any damages in connection with the Macondo well blowout or oil spill and that general maritime law does not govern the liability of Cameron or Cross-Defendants for those events. To the extent that general maritime or other law nevertheless applies and any party succeeds with proof of any allegations so that Cameron is held jointly liable with any Cross-Defendant to BP under general maritime or other law in this action, Cameron is entitled to contribution from all such Cross-Defendants on the basis of comparative fault.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

## DEMAND FOR JUDGMENT

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment from Petitioners as follows:

1. That the BP Cross-Plaintiffs take nothing from Cameron;

2. That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs to BP in this action, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

4. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to indemnify Cameron for any liability incurred by Cameron to any person asserting claims based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

5. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to reimburse Cameron for all attorneys' fees and other costs reasonably incurred by Cameron defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

6. That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

7. That in the alternative, Cameron recover complete indemnity from the Transocean Cross-Defendants, BPXP, BP America, and Halliburton for any liability that Cameron incurs to BP in this action on the ground that Cameron is not a negligent defendant;

8. That in the event Cameron is held jointly liable with any Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Cross-Defendant pursuant to the terms of 33 U.S.C. § 2709;

9. That in the alternative, in the event Cameron is held jointly liable with any Cross- Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Cross-Defendant under general maritime law or other law;

10. That Cameron recover from BP and Cross-Defendants its costs of court in this action; and

11. That Cameron recover such other and further relief from BP and the Cross-Defendants to which it may show itself entitled.

**ANSWER**

The BP Parties deny the allegations of this paragraph to the extent they are directed at the BP Parties. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore deny them.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The allegations of Cameron's Cross-Claims and Counterclaims fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The blowout, explosion, and subsequent oil spill were caused by unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Cameron and the negligence of employees, agents, officers and directors of Cameron. The aforesaid unseaworthiness and negligence was within the knowledge or privity of Cameron and accordingly, the BP Parties cannot be held legally responsible.

**THIRD DEFENSE**

Cameron's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**FOURTH DEFENSE**

The events culminating in the injuries and damage to Cameron were not the result of any negligence, fault, or want of due care on the part of BP Parties. Furthermore, Cameron has the burden of proof on this issue, and Cameron cannot meet that burden.

**FIFTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Cameron's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**SIXTH DEFENSE**

Cameron's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible.

**SEVENTH DEFENSE**

To the extent the BP Parties are found liable to Cameron for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**EIGHTH DEFENSE**

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to indemnity from other parties or entities.

## TENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contribution from other parties or entities.

## ELEVENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TWELFTH DEFENSE

Cameron's claims are barred, in whole or in part, because Cameron is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## THIRTEENTH DEFENSE

Cameron's damages are barred, in whole or in part, by a failure to mitigate damages.

## FOURTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Counterclaim and Cross-Claims, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Cameron as a result of the allegations contained in the Counterclaim and Cross-Claims and for any other damages or claims which exist or may arise, but have not been specifically pled.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

Dated:  July 11, 2011                                           Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2011.

/s/  Don K. Haycraft