UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO** | : | |
| **10-2771** | : | JURY TRIAL DEMANDED |
| | : | |

. . . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**FIRST AMENDED ANSWER OF CROSS-DEFENDANT CAMERON
TO M-I L.L.C.'S FIRST AMENDED CROSS-CLAIM**

Pursuant to FED. R. CIV. P. 15(a)(1)(A), and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants and Local Government claimants in this proceeding, Cameron International Corporation ("Cameron") respectfully files this amended answer in response to Defendant M-I L.L.C.'s First Amended Cross-Claims ("Cross-Claims"; Doc. 2531 in 10-MDL-2179), as follows:

**Jury Demand**

Cameron demands trial by jury of all issues in this action so triable.

**Reservation of Right to Amend**

Discovery is ongoing.  Cameron therefore reserves its right to amend this pleading.

1

**Responding to Allegations in the Cross-Claims**

1.      Cameron admits the allegations in the second sentence of paragraph 1. Cameron denies that M-I is entitled to any relief from Cameron.  Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

1062667v.1

10.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     Cameron admits the allegations in paragraph 11.

12.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

1062667v.1

21.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     Paragraphs 32 is a convention for reference that requires no response.

33.     Cameron admits the allegations in paragraph 33.

34.     Cameron denies that there is admiralty jurisdiction over the Cross-Claims but otherwise admits that the Court has jurisdiction over the Cross-Claims under the other federal statutes referenced in paragraph 34.

35.     Cameron denies that there is admiralty jurisdiction over the Cross-Claims but otherwise admits the allegations in paragraph 35.

36.     In response to paragraph 36, Cameron admits only that venue is proper in this District.

37.     Cameron denies the allegations in paragraph 37.

38.     In response to paragraph 38, Cameron incorporates by reference its responses to the B1 Master Complaint.

39.     In response to paragraph 39, Cameron denies that its negligence, action or inaction was a proximate cause of any explosion on the *Deepwater Horizon* or oil spill from the Macondo Well and denies that M-I is entitled to any relief from Cameron.    Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39.

40.     Cameron repeats its responses to paragraphs 1-39.

41.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

5

43.     In response to paragraph 43, Cameron states that the alleged contract speaks for itself.

44.     In response to paragraph 44, Cameron states that the alleged contract speaks for itself.

45.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 47.

48.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     Cameron repeats its responses to paragraphs 1-48.

50.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Cameron repeats its responses to paragraphs 1-51.

53.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

1062667v.1

54.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58.     Cameron repeats its responses to paragraphs 1-57.

59.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61.     In response to paragraph 61, Cameron states that the Joint Operating Agreement speaks for itself.

62.     In response to paragraph 62, Cameron states that the Joint Operating Agreement speaks for itself.

63.     In response to paragraph 63, Cameron states that the Joint Operating Agreement speaks for itself.

64.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

66.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

1062667v.1

70.     Cameron repeats its responses to paragraphs 1-69.

71.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75.     Cameron repeats its responses to paragraphs 1-74.

76.     With respect to the blowout preventer that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that pursuant to specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 76.

77.     Cameron denies the allegations in paragraph 77.

1062667v.1

78.     Cameron denies the allegations in paragraph 78.

79.     Cameron denies the allegations in paragraph 79.

80.     Cameron denies the allegations in paragraph 80.

81.     Cameron repeats its responses to paragraphs 1-80.

82.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.     Cameron repeats its responses to paragraphs 1-85.

87.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.     Cameron repeats its responses to paragraphs 1-90.

92.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.     Cameron repeats its responses to paragraphs 1-98.

100.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

## Failure to State a Claim

104.    The Cross-Claims seeking relief with respect to underlying claims for any category of response costs or damages encompassed by section 2702(b) of the Oil Pollution Act of 1990 ("OPA") do not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.    Cameron is not a statutorily designated "responsible party" and therefore is not directly liable for any such relief under OPA.

b.    Taken together or alone, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery of any such relief against Cameron under admiralty law.

c.    Recovery of any such relief against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

12

105.    The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under any law other than OPA or general maritime law for the following reasons:

a.  Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any Cross-Claim for relief with respect to an underlying claim that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law or the law of any state law other than the law of Louisiana.

b.  To the extent that Cross-Claims based on underlying claims for personal injury or death, or on direct or underlying claims for property damage other than damage allegedly caused by the oil spill from the Macondo well seek relief from Cameron as product manufacturer, no claim against Cameron is valid except to the extent it is permitted under the Louisiana Product Liability Act ("LPLA"), L.S.A. R.S. § 2800.52.

c.  To the extent that Cross-Claims seek relief with respect to underlying claims based on the oil spill from the Macondo well, the Court does not have jurisdiction to grant such relief as part of this limitation action because admiralty jurisdiction is preempted by the "exclusive original jurisdiction" of OPA over such oil spill claims.  33 U.S.C. § 1717(b); *see id.* § 1751(e) (because jurisdiction over oil spill claims is

13

"provided by" OPA, admiralty jurisdiction for oil spill claims is not preserved).

d.   If applicable and not preempted by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2491.A.

e.   If LOSPRA is not applicable and if LPLA is not preempted with respect to tendered oil spill claims by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing the Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2800.52.

f.   The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

g.   The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

h.   The Cross-Claims with respect to underlying claims for oil spill recovery fail to state a claim under LOSPRA because the sole party with

standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  L.S.A. R.S. § 30:2489.B.

    i.  The Cross-Claims with respect to underlying claims for oil spill recovery asserted by private claimants fail to state a claim under LOSPRA to the extent that the claimant has failed to allege injury to or destruction of property within the meaning of L.S.A. R.S. § 30:2454(5)(b).   The Cross-Claims with respect to underlying claims for oil spill recovery asserted by governmental claimants fail to state a claim under LOSPRA because each governmental claimant affirmatively alleges that it has not "exhausted all federal remedies" within the meaning of L.S.A. R.S. § 30:2488.C.

    j.  The Cross-Claims with respect to underlying oil spill claims fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they contain no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party." L.S.A. R.S. § 30:2454(5).

    k.  The Cross-Claims fail to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that any alleged direct or underlying injuries were proximately caused by an identified characteristic of a Cameron product that made the

product unreasonably dangerous within the meaning of the Louisiana Act. L.S.A. R.S. § 9:2800.54.A.

l.   The Cross-Claims fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

m.  Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

n.   Cameron is immune from suit for any Cross-Claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

o.   The Cross-Claims fail to state a valid factual claim against Cameron on which relief could be granted over against Cameron for punitive damages under any law.

p.   In the alternative, the Cross-Claims fail to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law or any non-Louisiana state law.

### Affirmative Defense – Non-Contractual Indemnity

106.    M-I may be found to be directly liable to Plaintiffs/Claimants, whereas Cameron is not liable to any Plaintiff/Claimant, and in any event, the only allegations against Cameron that have been made or that could be made may not assert that Cameron is negligent,

16

but must assert that it is derivatively liable to Plaintiff/Claimants, premised on the acquisition by one or more Transocean Cross-Defendants of equipment and services from Cameron subject to the contractual specifications issued by the Transocean Cross-Defendants and under the direction of one or more Transocean Cross-Defendant.   To the extent that admiralty law is applied, Cameron would be entitled in these circumstances to complete indemnity from M-I.

### Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

107.   Cameron states that the Cross-Claims against Cameron based on Cameron's alleged liability for oil spill claims are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

108.   Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

109.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

110.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge

17

of oil by another person" within the meaning of subsection 2454(22)(c).   L.S.A. R.S. §
30:2454(22)(c).

111.   While denying that it is a "responsible party" within the meaning of
LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron
with respect to oil spill claims is barred by LOSPRA because of the misconduct and negligence
of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

112.   While denying that it is a "responsible party" within the meaning of
LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the
liability of Cameron in any event.  L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

113.   To the extent that the Cross-Claims against Cameron are not governed by
OPA and/or OCSLA and/or are not subject to LOSPRA, the Cross-Claims are barred by the
LPLA, which establishes the exclusive theories of liability for product manufacturers, and
Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A.
R.S. 9:2800.51 *et seq.*

114.   Any alleged defect in a Cameron product at the time of the alleged
injurious event was the result of changes to or in the product or its operation because the product
did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. §§
9:2800.53(8)(c).

115.   Any alleged defect in a Cameron product at the time of the alleged
injurious event either did not exist at the time the product left the control of Cameron or did not

result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. §§ 9:2800.54.C.

116.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.  L.S.A. R.S. §§ 9:2800.57B(1).

117.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

118.    Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. §§ 9:2800.58.

119.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. §§ 9:2800.58.

120.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant

19

may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  LA. REV. STAT. §§ 9:2800.59A.

121.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. LA. REV. STAT. §§ 9:2800.59B.

## Affirmative Defense – Contractor Immunity Under Louisiana Law

122.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

## Limitation on Liability – OPA

123.    While denying that it is liable for any Cross-Claim with respect to an underlying claim for oil spill recovery, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

## Immunity from Liability – Federal Response Authority

124.    While denying that it is liable for any Cross-Claim for an underlying claim for spill response, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C.  §§  1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

1062667v.1

## Alternative Affirmative Defenses – General Maritime Law

125.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 113-22 above.

126.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

127.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

128.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron.

129.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

130.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions

1062667v.1

concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

131.    No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

132.    After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

133.    At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

134.    At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

135.    The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

**Affirmative Defenses – Sole or Intervening Causation/Any Applicable Law**

136.    Any injury sustained by Cross-Plaintiff or any underlying claimant was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

137.    Any injury sustained by Cross-Plaintiff or any underlying claimant was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

**Affirmative Defense – Reduction of Recovery Based on Fault of Others**

138.    Under any applicable law, recovery by Cross-Plaintiff or any underlying claimant for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* La. Civ. Code art. 2323.

**Affirmative Defense – Payment and/or Release**

139.    To the extent that Cross-Plaintiff or any underlying claimant has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

1062667v.1

### Affirmative Defenses – Damage Recovery

140.    Neither Cross-Plaintiff nor any underlying claimant is entitled to double recovery of its provable damages.

141.    Neither Cross-Plaintiff nor any underlying claimant is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

### Affirmative Defense – Economic Loss Doctrine

142.    Recovery against Cameron based on oil spill claims is barred by the economic loss doctrine.

### Counterclaim

143.    To the extent necessary, Cameron asserts as counterclaims the cross-claims asserted against M-I in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

### Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.  That Cross-Plaintiff M-I L.L.C. take nothing by its CrossClaim;

2.  That Cameron recover from M-I its costs of court in this action; and

24

1062667v.1

3.  That Cameron recover such other and further relief from M-I to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

1062667v.1

/s/ Phillip A. Wittmann

Phillip A. Wittmann, 13625
　　pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
　　cbertaut@stonepigman.com
Keith B. Hall, 24444
　　khall@stonepigman.com
Jared Davidson, 32419
　　jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-
DEFENDANT COUNTER-PLAINTIFF
CAMERON INTERNATIONAL
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing First Amended Answer of Cross-Defendant Cameron International Corporation to M-I L.L.C.'s First Amended Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2011.

/s/ Phillip A. Wittmann
Phillip A. Wittmann

1062667v.1