IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GMBH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 2:10-CV-02771 and 10-CV-2179 | MAGISTRATE JUDGE SHUSHAN |

### DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS BP PARTIES' COUNTER-COMPLAINT FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Dril-Quip, Inc. ("Dril-Quip") moves for an order dismissing BP Parties'[1] Counter-Complaint (the "Counter-Complaint") against it in this case for failure to state a claim against Dril-Quip upon which relief can be granted. The Court should dismiss the BP Parties' Counter-Complaint against Dril-Quip under Rule 12(b)(6) because the BP Parties have not pled sufficient facts to raise a reasonable expectation that the BP Parties have a right to relief. Thus, the BP Parties' pleadings against Dril-Quip do not meet the requirements of *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even if the BP Parties' pleading insufficiencies are overlooked, the BP Parties fail as a matter of law to state a claim for negligence under the general maritime law against Dril-Quip because its allegations fail to state that Dril-Quip owed any duty of care to the BP Parties or any plaintiffs. It is fundamental that a duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations. *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). Yet the Counter-Complaint

---

[1] Dril-Quip adopts the BP entities' convention for referring to themselves. *See* Counter-Complaint at 1.

contains no allegation that Dril-Quip had any operational control over the rig or the well out of which a duty to Plaintiffs could have arisen. Moreover, the BP Parties fail to allege that any Dril-Quip employee brought suit, as required to trigger an indemnity claim. Without such allegations, the Counter-Complaint is fatally defective.

The grounds for this motion are set out in detail in the accompanying supporting memorandum of law.

WHEREFORE, Defendant Dril-Quip respectfully prays for an order dismissing the BP Parties' Counter-Complaint in this action.

Date:   July 11, 2011

                                Respectfully submitted,

                                **WARE, JACKSON, LEE & CHAMBERS, LLP**

                                BY:   /s/ C. Dennis Barrow, Jr.
                                    Don Jackson
                                    Texas Bar No. 10476000
                                    Fed ID No. 6915
                                    C. Dennis Barrow, Jr.
                                    Texas Bar No. 00796169
                                    Fed ID No. 20624
                                    2929 Allen Parkway, 42nd Floor
                                    Houston, TX 77019
                                    Phone: (713) 659-6400
                                    Fax:(713) 659-6262
                                    Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

      I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2011.

      /s/ C. Dennis Barrow, Jr.
      C. Dennis Barrow, Jr.