UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 § § § § § Applies to: § § No. 2:10-CV-02771 § § § | MDL No. 2179 SECTION: J Judge Carl J. Barbier Magistrate Judge Sally Shushan |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE
DEFENSES TO COUNTERCLAIM OF NALCO COMPANY**

M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the counterclaim of Nalco Company ("Nalco"), states as follows:

1. Paragraph 1 contains background information to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 1.

2. Paragraph 2 contains background information to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 2.

3. Paragraph 3 contains background information to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 3.

4. M-I admits the allegations of Paragraph 4.

5. The allegations of Paragraph 5 contain legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 5.

6. M-I admits that this Court has subject matter jurisdiction over Nalco's counterclaim.

7. M-I admits that venue is proper in this district.

8. Upon information and belief, M-I admits the allegations of Paragraph 8.

9. M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the well based upon information provided by the operator and subject to operator approval. M-I admits that this Court has personal jurisdiction over M-I in this lawsuit. M-I admits that it has been served with complaints, summonses, and a third-party complaint in this lawsuit. M-I denies the remaining allegations of Paragraph 9.

10. M-I denies the allegations of Paragraph 10.

11. M-I denies the allegations of Paragraph 11.

12. The allegations of Paragraph 12 do not require a response as they are not allegations of fact. To the extent that a response is necessary, M-I denies the allegations of Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The conduct and actions giving rise to Nalco's alleged injuries took place with the privity or knowledge of Nalco.

### SECOND DEFENSE

The events giving rise to the injuries and damage alleged by Nalco were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### THIRD DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

**FIFTH DEFENSE**

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**SIXTH DEFENSE**

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

**SEVENTH DEFENSE**

M-I expressly incorporates herein all allegations, claims, and contentions against Nalco and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against Nalco on its counterclaim against M-I, and for such further relief as may be just and proper.

5

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3000<br>Facsimile: (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>    Hugh E. Tanner<br>    htanner@morganlewis.com<br>    Texas Bar No. 19637400<br>    1000 Louisiana, Suite 4000<br>    Houston, Texas 77002<br>    Telephone: (713) 890-5000<br>    Facsimile: (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 890-5000<br>Facsimile: (713) 890-5001 | **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Affirmative Defenses to Counterclaim of Nalco Company has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of July, 2011.

　　　　　　　　　　　　　　　　　　　　　　/s/ *Hugh E. Tanner*　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Hugh E. Tanner

DB1/ 67622714.1