UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § | MDL No. 2179 |
| | § | SECTION: J |
| Applies to: | § § | Judge Carl J. Barbier |
| No. 2:10-CV-02771 | § § § | Magistrate Judge Sally Shushan |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS OF THE BP PARTIES**

M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the counterclaims of BP Exploration & Production Inc. and BP America Production Company (collectively "BP Parties"), states as follows:

1. Upon information and belief, M-I admits the allegations of Paragraph 1.

2. Upon information and belief, M-I admits the allegations of Paragraph 2.

3. M-I admits the allegations of Paragraph 3.

4. Paragraph 4 contains background information to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 4.

5. M-I admits that this Court has subject matter jurisdiction over the BP Parties' counterclaims.

6. M-I admits that venue is proper in this district.

7. Paragraph 7 contains background information to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 7.

8. Paragraph 8 contains background information to which no response is required. To the extent that a response is necessary, M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the well based upon information provided by the operator and subject to operator approval. M-I denies the remaining allegations of Paragraph 8.

9. Paragraph 9 contains background information to which no response is required. To the extent that a response is necessary, M-I admits that it was a party to the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services between BP Exploration and Production, Inc. and M-I L.L.C., BPM-09-00209 (the "Contract"). M-I admits that the Contract reads, in part, as it is quoted in Paragraph 9.

10. Paragraph 10 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 10.

11. M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the well based upon information provided by the operator and subject to operator approval. M-I denies the remaining allegations of Paragraph 11.

12. Paragraph 12 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13. Paragraph 13 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14. Paragraph 14 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 14 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

15. M-I admits the allegations of Paragraph 15.

16. M-I repeats and realleges its answers to Paragraphs 1-15.

17. Paragraph 17 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 17.

18. M-I admits that various complaints allege that M-I breached its duties as enumerated in Paragraph 18; however, M-I denies that it breached any duties to any party.

19. M-I denies the allegations of Paragraph 19.

20. M-I denies the allegations of Paragraph 20.

21. M-I repeats and realleges its answers to Paragraphs 1-20.

22. Paragraph 22 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 22.

23. Paragraph 23 contains a statement of law to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 23.

24. M-I denies the allegations of Paragraph 24.

25. M-I denies the allegations of Paragraph 25.

26. M-I repeats and realleges its answers to Paragraphs 1-25.

27. Paragraph 27 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 27.

28. Paragraph 28 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

29. M-I denies the allegations of Paragraph 29.

30. M-I denies the allegations of Paragraph 30.

31. M-I repeats and realleges its answers to Paragraphs 1-30.

32. Paragraph 32 contains a statement of law to which no response is required. To the extent that a response is necessary, M-I admits the allegations of Paragraph 32.

33. Paragraph 33 contains background information to which no response is required. To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 33.

34. Paragraph 34 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 34 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

35. M-I denies the allegations of Paragraph 35.

36. M-I denies the allegations of Paragraph 36.

37. M-I repeats and realleges its answers to Paragraphs 1-36

38. M-I denies the allegations of Paragraph 38.

39. Paragraph 39 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 39 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

40. M-I denies that it has a duty to reimburse the BP Parties for any reason set forth in Paragraph 40. M-I admits the remaining allegations of Paragraph 40.

41. M-I denies the allegations of Paragraph 41.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The conduct and actions giving rise to the BP Parties' alleged injuries took place with the privity or knowledge of the BP Parties.

### SECOND DEFENSE

The events giving rise to the injuries and damage alleged by the BP Parties were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### THIRD DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any cross-defendant and/or the MODU *Deepwater Horizon*.

## FIFTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## SIXTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

## SEVENTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against the BP Parties and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against the BP Parties on their counterclaims against M-I, and for such further relief as may be just and proper.

8

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP<br><br>Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001<br><br>Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001<br><br>**ATTORNEYS FOR DEFENDANT**<br>**M-I L.L.C.** | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Hugh E. Tanner*<br>    Hugh E. Tanner<br>    htanner@morganlewis.com<br>    Texas Bar No. 19637400<br>    1000 Louisiana, Suite 4000<br>    Houston, Texas  77002<br>    Telephone:  (713) 890-5000<br>    Facsimile:  (713) 890-5001<br><br>**ATTORNEYS FOR DEFENDANT**<br>**M-I L.L.C.** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Affirmative Defenses to Counterclaims of the BP Parties has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 11th day of July, 2011.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner