ANADARKO'S PROPOSED D R A F T --July 6, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION:  J |
| | * | JUDGE BARBIER |
| This Document Applies to All Cases | * | MAG. JUDGE SHUSHAN |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

PRETRIAL ORDER NO. \_\_\_

[CASE MANAGEMENT ORDER NO. 3]

In order to continue to organize and manage this complex litigation as efficiently as possible, upon consideration of the briefs filed by certain parties regarding this matter, and after consultations with Liaison Counsel, Coordinating Counsel for the States and Coordinating Counsel for the Interests of the United States and consideration of the observations provided during those consultations, the Court adopts this Case Management Order No. 3 with respect to the scope and structure of the Trial of Liability, Limitation, Exoneration and Fault Allocation ("Trial") that is scheduled to commence, as previously ordered in CMO No. 1 and CMO No. 2, on February 27, 2012.

**I.    TRIAL STRUCTURE**

The  Trial will address all allocation of fault issues that may properly be tried to the Bench without a jury, including the negligence, gross negligence or other bases of liability of, and the proportion of liability allocable to, the various defendants, third parties, and non-parties with respect to the issues.  The Trial will be conducted in at least three phases.  Each phase will be comprised of the presentation of evidence and consideration of attendant legal questions pertaining

to specific issues that will be the focus of that phase as described below.  The focus of the phases of Trial will be as follows:

**Phase One** of the Trial will address issues arising out of the conduct of various parties, third parties, and non-parties allegedly relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU *Deepwater Horizon* on April 20, 2010, and the sinking of the MODU *Deepwater Horizon* on April 22, 2010, and the initiation of the release of oil from the Macondo Well or Deepwater Horizon during those time periods (collectively, the "Incident").  Phase One will include issues asserted in or relevant to counterclaims, cross-claims third-party claims and/or comparative fault defenses as appropriate.   Phase One.

**Phase Two** of the Trial will address Source Control and Quantification of Discharge issues.  "Source Control" issues shall consist of issues pertaining to the conduct of various parties, third parties, and non-parties regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010 through approximately September 19, 2010.  "Quantification of Discharge" issues shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began  until the Macondo Well was capped on approximately July 15, 2010 and then permanently cemented shut on approximately September 19, 2010.  Phase Two will include issues asserted in or relevant to counterclaims, cross-claims third party claims and/or comparative fault defenses, as appropriate.

**Phase Three** of the Trial will address issues pertaining to the efforts by various parties, third parties, and non-parties aimed at containing oil discharged as a result of the Incident by, for example, controlled burning, application of dispersants, use of booms, skimming, etc.  Phase Three of the trial will also address issues pertaining to the migration paths and end locations of oil released as a result of the Incident as carried by wind, currents, and other natural forces and as

affected by efforts to contain or direct this migration.

Phase Three will include issues asserted in or relevant to counterclaims, cross-claims, third party claims and/or comparative fault defenses, as appropriate.

## II. ORDER OF PROCEEDINGS IN THE TRIAL

The order of trial in Phase One will be as follows:

> First, the Plaintiffs' Steering Committee ("PSC") shall adduce factual and expert evidence in support of the plaintiffs' claims against all defendants.
>
> Second, Transocean shall present factual and expert evidence on its exoneration, limitation and liability defenses, as well as its counter- and cross-claims and third party claims against any third party 14(c) defendants.
>
> Third, the third-party defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' claims and any other defendants' counter- and cross-claims and third party claims against them, and in support of their counter- and cross-claims and third party claims against other defendants.
>
> Fourth, the PSC shall present the plaintiffs' rebuttal evidence.

The Court will enter orders at a later date regarding the order of proceedings for Phase Two and Phase Three of the Trial. The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues.

All parties shall present evidence relevant to a particular Phase during that Phase and should not expect they will be permitted to fill evidentiary gaps in one Phase by presentation of evidence in a subsequent Phase; provided, however, that there may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase -- such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase.

## III. FINAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

Subject to further consultation with the parties, the Court presently anticipates that it may not find it appropriate to enter final Findings of Fact and Conclusions of Law with respect to any issues tried in the Trial until the conclusion of all Trial Phases, including any findings and conclusions regarding the negligence, gross negligence or other bases of liability of, and the proportion of liability allocable to, the various parties, third parties, and non-parties.[1]  However, for the issues that are the focus of Phases One and Two as set forth above, the Court may deem the record adequately developed after presentation of evidence to enter final Findings of Fact and Conclusions of Law after the conclusion of Phase Two of the Trial.

The Court anticipates that it will direct the parties to submit preliminary, tentative and non-binding proposed findings of fact and conclusions of law promptly after the conclusion of Phase One and Phase Two of the Trial and final proposed findings of fact and conclusions of law regarding all evidence and legal issues in the liability portion(s) of the Trial promptly after the conclusion of Phase Three of the Trial or at such earlier time as the Court directs.

The Court further anticipates that, at the end of each Phase of the Trial and after consideration of the parties' submissions, unless it has determined it will proceed to make final Findings of Fact and Conclusions of Law for that Phase without awaiting the conclusion of any subsequent Trial Phase, the Court will provide the parties with the Court's preliminary and non-binding assessment of the evidence adduced and legal issues implicated in that Phase, including but not limited to the Court's preliminary and non-binding assessment of the negligence, gross negligence or other bases of liability of, and the proportion of liability that may be allocated to, each party with respect to each issue adjudicated in that Phase of the Trial.  The Court may also from time to time during a Trial Phase identify factual or legal issues which the Court believes

---

[1] The Court may, as it deems just, enter a single final Allocation of Fault for all three Phases of the Trial heard upon all of the liability evidence presented in the three phases, or the Curt may enter separate Allocations of Fault, given that each Phase may implicate different conduct of parties, third parties, and non-parties.

should be clarified or elaborated upon during a succeeding Phase.

## IV. PRETRIAL PROCEEDINGS

Discovery and other pre-trial proceedings for Phase One will continue to be conducted in accordance with the provisions of CMO No. 1, CMO No. 2, and other applicable Pretrial Orders, as the provisions of those Orders may be applied or modified by future orders of the Court and in conferences conducted by the undersigned and by Magistrate Judge Shushan.

After consulting with Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel, the Court will enter additional Pretrial Orders regarding the scope and schedule for discovery and other pre-trial proceedings with respect to Phase Two and Phase Three of the Trial. Subject to further consideration and specification, the Court anticipates that discovery and other pre-trial proceedings for Phase Two of the Trial and possibly for Phase Three of the Trial will likely need to be conducted concurrently with pre-trial proceedings for and the conduct of Phase One of the Trial and that discovery and other pre-trial proceedings for Phase Three of the Trial will likely need to be conducted concurrently with pre-trial proceedings for and the conduct of Phase Two.

The Trial will stand in recess between Phase One and Phase Two of the Trial and between Phase Two and Phase Three of the Trial. The Court will determine during Phase One of the Trial the length of the recess before commencement of Phase Two of the Trial, and will determine during Phase Two of the Trial the length of the recess before commencement of Phase Three of the Trial. The Court expects that discovery for Phases Two and Three of the Trial will be largely completed in advance of those Phases and therefore expects that the recesses will not be used primarily for discovery for Phases Two and Three.

## V. SUPPLEMENTATION OF AND AMENDMENTS TO THIS ORDER

This Order may be amended by Order of the Court in the interests of justice and/or in the

event of any change in law that affects any aspect of this litigation.

The provisions of this Order are provisional and may be modified either *sua sponte* or on motions by any party as justice may require.

New Orleans, Louisiana, this ___ day of _____, 2011.

                                                                                                    _____  
                                                                                                    CARL J. BARBIER  
                                                                                                    UNITED STATES DISTRICT JUDGE