## TABLE OF REMAINING TRIAL STRUCTURE ISSUES

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| **Phase One** will include: issues arising out of the conduct of various parties, third parties, and non-parties allegedly relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU Deepwater Horizon on April 20, 2010, and the sinking of the MODU Deepwater Horizon on April 22, 2010, and the initiation of the release of oil from the Macondo Well or Deepwater Horizon during those time periods (collectively, the "Incident"),… | | **Transocean generally supports Anadarko's proposal as a compromise but also would support certain of the PSC's proposed additions/edits as reflected in this chart.** | Delete text: "and the initiation of the release of oil from the Macondo Well or Deepwater Horizon during those time periods." | **Cameron generally disagrees with this draft trial plan, and stands on the positions stated in its three briefs on trial plan issues.  Rec. Docs. 2667, 2124, and 1940** | **The United States acknowledges that the Court has not yet ruled on whether its claims will be consolidated. Until such time as the Court rules, the United States notes its position on certain issues herein.** | |
| **Phase One** will include: determination of negligence, gross negligence, and the | | | | | Add at end of sentence: "as well as a threshold determination of the | |

1

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| proportion of liability allocable | | | | | | liability of one or more defendants for punitive damages" |
| **Phase One** will also include: issues asserted in or relevant to counterclaims, cross-claims and third-party claims and/or comparative fault defenses, as appropriate. | | TO supports PSC change. | | | Phase I shall include affirmative claims of the United States consistent with the Trial Planning Memorandum filed by the U.S. | Includes placeholder for unidentified Claims by the United States |
| **Phase Two**: will include: Source Control and Quantification of Discharge (as defined) | | | | | | |
| **Source Control**: means issues pertaining to the conduct of various parties, third parties, and non-parties regarding stopping the release of hydrocarbons | | TO supports addition of PSC footnote. | | | | Add "alleged delays in and ultimate stopping of the release of hydrocarbons…" Add "as well as a threshold determination of the |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| stemming from the Incident from April 22, 2010 … including negligence, gross negligence and other bases of liability of, and the proportion of liability allocable to, the various defendants with respect to Phase Two issues. | | | | | | liability of one or more Defendants for punitive damages, with respect to Phase Two issues." <br><br> Add footnote: "Phase Two may include evidence of acts or omissions that may have occurred prior to April 20, 2010, but which may have caused and/or contributed to the inability to achieve Source Control between April 22, 2010, and September 19, 2010. For example, (separate from, and in addition to, the Incident itself), alleged failures of the operator to |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| | | | | | | adequately prepare for a spill, or alleged defects in the BOP, may be introduced during Phase Two, even if such alleged acts or omissions occurred prior to April 20, 2010." |
| **Phase 2** will include: issues asserted in or relevant to counterclaims, cross-claims third party claims and/or comparative fault defenses, as appropriate. | | TO supports PSC's placeholder US claims.

TO supports PSC footnote. | | | Phase II shall include affirmative claims of the United States consistent with the Trial Planning Memorandum filed by the U.S.

The United States believes that alleged defenses raised by some or all defendants | Add placeholder for unidentified US claims.

Add "that have a common factual basis with the plaintiffs' claims being tried in Phase One"

Add footnote:

"Evidence regarding the general migration of the oil, (including potential expert |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| | | | | | related to these Phase II issues are precluded as a matter of law by, *inter alia*, the Clean Water Act, 33 U.S.C. 1321(c) and (j)(8) and should be ruled upon well prior to commencement of Phase II | testimony regarding the quantity or general migration that would have occurred had Source Control been achieved at an earlier point in time), may be admissible in Phase Two as potentially relevant to the allocation of fault between and among the defendants with respect to liability for Source Control. Detailed evidence regarding the potential or alleged effects of dispersants, booms, in situ burning, or other containment efforts, and the appropriate allocation of fault (if any) arising |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| | | | | | | therefrom, shall be reserved for Phase Three, as further outlined below." |
| **Phase 3** will include: issues pertaining to the efforts by various parties, third parties, and non-parties aimed at containing oil discharged as a result of the Incident by, for example, controlled burning, application of dispersants, use of booms, skimming, etc.. | | | | | The United States believes that alleged defenses raised by some or all defendants related to these Phase III issues are precluded as a matter of law by, *inter alia*, the Clean Water Act, 33 U.S.C. 1321(c) and (j)(8) and should be ruled upon well prior to commencement of Phase III. Motions and rulings(s) on such issues may moot | Add "the fault (if any) of various parties, third parties, and non-parties with respect to injuries that are alleged to the result of efforts…" |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| | | | | | much or all of the issues contemplated for proposed Phase III proceedings. Accordingly, consistent with effective case management, the United States believes that the structure of Phase III should await rulings that would assist in determining the scope of Phase III | |
| **Phase 3** will also include issues pertaining to the migration paths and end locations of oil released as a result of the Incident as carried | | | | | The United States does not believe that Phase III, as contemplated, does or should include claims | Change to "Part Three may address issues pertaining to the migration paths…" |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| by wind, currents, and other natural forces and as affected by efforts to contain or direct this migration. | | | | | for Natural Resource Damages | |
| **Order of Proceedings in the Trial** | | | | | | |
| The Court will enter orders at a later date regarding the order of proceedings for Phase Two and Phase Three of the Trial. | | | | | | |
| The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues. | | | | | | |

<u>**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**</u>

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| The Court will enter orders at a later date regarding the order of proceedings for Phase Two and Phase Three of the Trial.  The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues. | | TO supports PSC footnote. | | | | Add footnote:<br><br>To be sure, the phasing is intended to be issue-specific, not temporal.  There may, as noted, be evidence of alleged acts or omissions occurring prior to April 20, 2010, which are properly introduced during Phase Two, (as opposed to Phase One), to the extent that they relate not to the Incident itself, (as defined herein), but rather, to the inability to achieve Source Control after the sinking of Deepwater Horizon on April 22, 2010. |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| All parties shall present evidence relevant to a particular Phase during that Phase and should not expect they will be permitted to fill evidentiary gaps in one Phase by presentation of evidence in a subsequent Phase; provided, however, that there may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase -- such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase. | | | | | | |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| **Final Findings of Fact and Conclusions of Law** | | | | | | Change title to: Findings of Fact |
| Subject to further consultation with the parties, the Court presently anticipates that it may not find it appropriate to enter final Findings of Fact and Conclusions of Law with respect to any issues tried in the Trial until the conclusion of all Trial Phases, including any findings and conclusions regarding | Delete highlighted portion. | | Delete highlighted portion. | | | |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| the negligence, gross negligence or other bases of liability of, and the proportion of liability allocable to, the various parties, third parties, and non-parties. [FN 1] However, for the issues that are the focus of Phases One and Two as set forth above, the Court may deem the record adequately developed after presentation of evidence to enter final Findings of Fact and Conclusions of Law after the conclusion of Phase Two of the Trial. | | | | | | |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| [FN1]<br><br>The Court may, as it deems just, enter a single final Allocation of Fault for all three Phases of the Trial heard upon all of the liability evidence presented in the three phases, or the Court may enter separate Allocations of Fault, given that each Phase may implicate different conduct of parties, third parties, and non-parties. | Delete FN1 in its entirety. | | Delete FN1 in its entirety. | | | |

13

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| The Court anticipates that it will direct the parties to submit preliminary, tentative and non-binding proposed findings of fact and conclusions of law promptly after the conclusion of Phase One and Phase Two of the Trial, and final proposed findings of fact and conclusions of law regarding all evidence and legal issues in the liability portion(s) of the Trial promptly after the conclusion of Phase Three of the Trial, or at such earlier time as the Court directs. | Replace "at such earlier time as the Court directs" with "at such other time as the Court may direct." | | | | | Add "at, near or promptly following the conclusion of Phase One…" |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| The Court further anticipates that, at the end of each Phase of the Trial and after consideration of the parties' submissions, unless it has determined it will proceed to make final Findings of Fact and Conclusions of Law for that Phase without awaiting the conclusion of any subsequent Trial Phase, the Court will provide the parties with the Court's preliminary and non-binding assessment of the evidence adduced and legal issues implicated in that Phase, including but not limited to the Court's preliminary and non-binding assessment of the negligence, gross | Delete highlighted language. | | | | | |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| negligence or other bases of liability of, and the proportion of liability that may be allocated to, each party with respect to each issue adjudicated in that Phase of the Trial | | | | | | |
| Subject to further consideration and specification, the Court anticipates that discovery and other pre-trial proceedings for Phase Two of the Trial and possibly for Phase Three of the Trial will likely need to be conducted concurrently with pre-trial proceedings for and the conduct of Phase One of the Trial | Delete highlighted language. | | | | | |

**TABLE OF REMAINING TRIAL STRUCTURE ISSUES**

| Anadarko Proposal | BP/Weatherford/ Nalco/O'Brien's/ National Resp. Corp. | Transocean | HESI | Cameron | United States | PSC/Alabama |
|---|---|---|---|---|---|---|
| and that discovery and other pre-trial proceedings for Phase Three of the Trial will likely need to be conducted concurrently with pre-trial proceedings for and the conduct of Phase Two. | | | | | | |