# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

| Andrew Langan | | |
|---|---|---|
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2064 | | (312) 862-2200 |
| andrew.langan@kirkland.com | www.kirkland.com | |

July 7, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

        Re:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

        We write to renew BP's objection to the requested deposition of Mr. Tony Brock, as originally set forth in a letter to Your Honor dated May 19, 2011.

        As the Court is already aware, this is not the first request for Mr. Brock's deposition. During the May 20, 2011 Discovery Status conference before Your Honor, the PSC was wholly unable to articulate any reasonable basis for deposing Mr. Brock, and the Court appropriately denied the PSC's request to include Mr. Brock with the witnesses to be deposed before July 31, 2011. *See* May 20, 2011 Hr'g Tr. at 60-61.

        The PSC's renewed request to depose Mr. Brock is now premised on its representation to the Court concerning the recent deposition testimony of Mr. Morten Emilsen, and the purported revelation of new information regarding the level of attorney involvement in the BP Internal Investigation Team (IIT). *See* June 24, 2011 Hr'g Tr. at 100. The PSC's representation to the Court is not supported by the facts. Indeed, as set forth below, Mr. Emilsen's testimony *directly contradicts* the PSC's representation to the Court. Accordingly, the PSC has again failed to provide any reasonable justification for its request.

        The PSC has already deposed no less than 16 IIT witnesses and conducted significant discovery concerning the IIT. Without any reasonable justification, the deposition of Mr. Brock entirely repetitive and cumulative.

        BP respectfully requests that the Court deny the request to depose Mr. Brock.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 7, 2011
Page 2


***Background***

Mr. Brock was a member of BP's IIT and the PSC has been acutely aware of Mr. Brock's role and involvement with the IIT since January.  On January 26, 2011 Mr. James Wetherbee testified about conversations of IIT members that were transcribed as part of the team's efforts in drafting the IIT report.  That testimony, and the transcribed conversation between Mr. Wetherbee and Mr. Brock, was the pretense for the PSC's initial request to depose Mr. Brock before July 31.

The Court considered the initial request to depose Mr. Brock at the May 20, 2011 Discovery Status Conference and suggested that the matter could be resolved, and Mr. Brock's deposition rendered unnecessary, if BP would stipulate to the authenticity of the transcribed conversation between Mr. Wetherbee and Mr. Brock.  BP agreed to the Court's proposed stipulation and the transcribed conversation in question was admitted as to authenticity.  *See* May 20, 2011 Discovery Status Conf. Hr'g Tr. at 58-59.  Although the PSC continued to suggest that there some other reason justified its request for Mr. Brock's deposition, the Court appropriately determined that no such reasonable basis existed and Mr. Brock should not be deposed before July 31.  *See id.* at 60-61 (suggesting that the PSC put Mr. Brock on the post-July 31 "wish list" and indicating that "I'm just not seeing why we need Mr. Brock before July 31.")

During the June 24, 2011 Discovery Status conference, the PSC renewed its request to depose Mr. Brock.  No other party has joined in the renewed request for Mr. Brock's deposition. As the PSC represented to the Court on June 24, the purported basis for its renewed request was founded in recent deposition testimony that allegedly revealed new information concerning attorney involvement in BP's IIT:

> We have to reraise the issue of taking Mr. Brock's deposition, and frankly, I don't remember where we were on that.  We talked about it at one time because of the production of his conversation with Mr. Weatherbee, and then we talked about the authenticity versus the admissibility of that conversation, and I don't think it really went anywhere after that, but since that conversation, we've learned a lot about the Bly investigation in the London depositions.
>
> In fact, as we speak, I got an e-mail, this fellow Hog Amerson [sic] (spelled phonetically), who is a third-party contractor brought in to participate in the investigation, apparently is testifying in London that that there was extremely heavy lawyer involvement. They reviewed all of his submissions, told him he couldn't make certain statements, removed opinions and conclusions. I think it's imperative if Mr. Bly doesn't want to come back and explain this, then Mr. Brock, who was the number two guy, should certainly be compelled to give a deposition.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 7, 2011
Page 3

June 24, 2011 Hr'g Tr. at 100.

*Objection*

BP objects to the renewed request for Mr. Brock's deposition. The PSC's request is based solely on its own unsupported assertions concerning attorney involvement in BP's IIT. As detailed below, these assertions are entirely without basis and flatly contradicted by Mr. Emilsen's deposition testimony − the same testimony that the PSC attempts to rely on in support of its renewed request. *See id.* Once again, the PSC is left standing without any reasonable basis to support its request to depose Mr. Brock.

The PSC argues that Mr. Emilsen's testimony revealed "heavy lawyer involvement" in the IIT, and that the attorneys "reviewed all of his submissions, told him he couldn't make certain statements, [and] removed opinions and conclusions." *See id.* Mr. Emilsen's testimony, however, paints a much different picture.

Contrary to the assertions of the PSC, Mr. Emilsen stated that the purpose of the review conducted by BP attorneys was "to make sure there were no confidentiality breaches with other partners of the license":

> 23  Q. All right. Did -- well, obviously, at least
> 24  on confidentiality issues, there were things that came
> 25  up where BP's lawyers instructed you to delete certain
> 1   portions of some of the language from your report; is
> 2   that right, for confidentiality reasons?
> 3   **A. I don't think they deleted some of the**
> 4   **language, but I remember, for instance, the -- the**
> 5   **compositional analysis of hydrocarbon fluid. I remember**
> 6   **I had that in the report initially, and I was asked to**
> 7   **take that out of the report.**

6/24/2011 MDL 2179 Deposition Tr. of H. Emilsen at 353-54. The advice of counsel to remove competitively sensitive, confidential information is a far cry from preventing the inclusion of certain opinions and conclusions, as suggested by the PSC.

Mr. Emilsen went on to clarify that he is not even personally aware of whether attorneys made any edits made to his report: "I'm not really sure whether the lawyers made edits to my report. I'm not sure about that." *Id*. at 357. Finally, Mr. Emilsen's testimony under examination by counsel for Louisiana rejected the suggestion that while technical writers made edits to his report, he does not believe he was ever told by BP lawyers to remove or strike any language from his report:

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 7, 2011
Page 4

```
25  Q. (BY MR. HASSINGER) You told me a few minutes
 1  ago that the lawyers suggested words to strike and gave
 2  you language to add -- BP lawyers when you were in
 3  Houston in May, in the conference room, as part of your
 4  team. Do you want to change that now and say they did
 5  not do that, or are you going to stick by your earlier
 6  testimony and admit that they did do that? Which is it?
 7  MS. O'CONNOR: Object to form.
 8  A. If I remember correctly you were the one that
 9  said the BP lawyers stroke through and edited, directly,
10  my report. What I said was that I remember I had a
11  meeting and we went through my report and they asked a
12  lot of questions, and the example I gave you was that I
13  remember that they asked me to take out a table showing
14  the fluid composition of the reservoir fluid.
15  Q. (BY MR. HASSINGER) You did tell me that. And
16  then I asked you, there were other instances, were
17  there; other instances where BP's lawyers struck
18  language, suggested strikes to you and gave you language
19  to add to your report. And you said "yes."
20  MR. SOLLUND: No, he did not.
21  Q. (BY MR. HASSINGER) That is true, isn't it?
22  Isn't it true that BP's lawyers, when you were in
23  Houston in May, while you were drafting your report,
24  gave you strikes to make in your report, words to strike
25  out, and language to add? Isn't that true?
 1  A. I don't remember that that is true. I
 2  don't -- I don't think that was true, actually, but I'm
 3  not 100 percent sure. I know that there were done
 4  revisions to my report and people reviewed it in track
 5  changes. But as I said, that was done by engineers,
 6  technical writers. It could be -- I don't know all the
 7  people that reviewed my report.
```

*Id*. at 357-59.

  Mr. Emilsen's testimony regarding the scope of attorney involvement is entirely consistent with the testimony of other IIT members, including during the deposition of Mr. Mark Bly, the Internal Investigation Team Leader. The purported basis for the PSC's renewed request for Mr. Brock's deposition is, at best, misguided.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 7, 2011
Page 5


      Furthermore, any testimony Mr. Brock could provide will be entirely cumulative and wholly unnecessary. The PSC was well aware of Mr. Brock since Phase 1 depositions began in January. Armed with knowledge of Mr. Brock's role and involvement with the IIT, the PSC has deposed no less than 16 IIT witnesses and elicited testimony concerning Mr. Brock from no less than 6 of those witnesses. Not surprisingly, much of the testimony elicited from BP IIT witnesses is itself highly repetitive and cumulative. Specifically, numerous IIT witnesses have been questioned concerning the issue of attorney involvement in the IIT. *See e.g.,* 1/26/2011 MDL 2179 Deposition Tr. of J. Wetherbee at 17-20; 64-65; 2/17/2011 MDL 2179 Deposition Tr. of M. Bly at 37-39. The PSC has had every opportunity to examine other IIT witnesses with regard to this, or any other issue relating to BP's IIT.

      BP would be pleased to respond to any questions the Court has about this submission at the Court's convenience.

      Sincerely,

      J. Andrew Langan, P.C.


cc:    Plaintiffs Liaison Counsel
       Defense Liaison Counsel
       Mike Underhill
       Hon. Attorney General Luther Strange
       Cory Maze
       Donald E. Godwin
       James P. Roy
       Stephen J. Herman
       Mike O'Keefe
       Robert Cunningham
       Ronald S. Kravitz
       Jeroen van Kwawegen
       Wilber H. Boies
       Mark C. Molumphy
       Laurie L. Largent
       Julie Reiser

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 7, 2011
Page 6

    Lori G. Feldman