# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

July 7, 2010

**Don K. Haycraft**

Direct: (504) 556-4128

dkhaycraft@liskow.com

**Via Email**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

   Re:  In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on
       April 20, 2010, MDL No. 2179
       Our File No.:  10451.084

Dear Judge Shushan:

We write this letter to explain why we believe Steve Newman should be a post-July 31 Phase I deponent.

Now Transocean President and CEO, he was COO for crucial periods leading up to the April 20 catastrophe.  Mr. Newman received daily reports regarding incidents on its more than 130 drilling rigs, including loss of well control events.  Of particular relevance, the well control event of December 23, 2009, involving a displacement to seawater procedure, a single barrier failed and the Transocean crew did not detect it and delayed an appropriate response.  This allowed well fluids to reach the drill floor.  Transocean did a root cause analysis in January.  However, an alert warning its drillers to "not become complacent" was not provided until early April 2010, and <u>not sent</u> to the Deepwater Horizon.

We need to ask Mr. Newman, who testified to Congress in May 2010 along with Tony Hayward, about Transocean's safety culture.  We need to find out his views on "lessons learned" from well control incidents, including this similar event five months earlier.  Why was this lesson not learned?

Mr. Newman led QHSE Steering Committee meetings.  At the one held in September 2010, Transocean's "compliance culture" was criticized, and cited as leading to a number of serious incidents in 2009.  The minutes reflect that there had been "a failure to follow core company policies, procedures and processes."

LISKOW&LEWIS                                                          Page 2

July 7, 2011

Another example shows Mr. Newman's relevance. In one of the Transocean Rule 30(b)(6) depositions last week (Larry McMahon) we learned of an email dated November 3, 2008, from Mr. Newman to Mr. McMahan and General Manager Bill Sannon about a well control incident in which the Transocean driller apparently was "asleep at the wheel" and didn't monitor events for an hour. When informed of this in his daily briefing, Mr. Newman responded, "How can we have a driller who doesn't know what's going for at least an hour?" This scenario of the Deepwater Horizon drilling crew failing to monitor the well for a crucial time period directly led to the blowout on April 20. We need to depose Mr. Newman about this issue.[1]

BP deponents have included persons at the top of the organization. Transocean, a major defendant in this matter, should be required to do the same. Transocean's Pharr Smith testified last week that he gathered materials on Deepwater Horizon, including its maintenance records, its BOP records, its regulation compliance history, and provided them to Mr. Newman so that he could prepare his testimony to Congress. Mr. Newman obviously has relevant information and will be a key witness to investigate Transocean's actual culture regarding safety as contrasted to the procedures outlined in various manuals.[2]

Sincerely,

Don K. Haycraft

DKH/apf

cc:   MDL Liaison and Coordinating Counsel

---

[1] We will supply this Exhibit 2193 in hard copy, since it is marked "confidential."

[2] Since the Court's recent Order places Jimmy Moore on the deposition list, we will not address Transocean's prior objection to his deposition that cited his retirement.