# Fishman Haygood Phelps
# Walmsley Willis & Swanson, L.L.P.

201 St. Charles Avenue
46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252
Fax (504) 586-5250

Lori G Mince
Partner
(504) 586-5273 Direct
LMince@fishmanhaygood.com

July 7, 2011

**_By Email_**

U.S. Magistrate Judge Sally Shushan
Eastern District of Louisiana
500 Poydras Street
New Orleans, La. 70130

Re:   *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*; USDC, EDLA No. 2:10-md-02179-CJB-SS

Dear Magistrate Shushan:

We represent *The Daily*, an online news publication available through an "APP" to iPad users and which also has a website at www.the daily.com.  We write regarding your order of July 5, 2011 (Rec. Doc. 3139), which would require *The Daily* to remove video recordings of the deposition of Tony Hayward from www.the daily.com and www.youtube.com and to remit those video recordings to the Court.  In your order, you state that the release of the video clips "may violate Pretrial Order No. 17 which provides, in part, that '[n]o part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.'"

*The Daily* is an independent news organization and is not subject to the pre-trial order at issue in this matter, which only governs the parties and counsel in this litigation.  As discussed in more detail below, the July 5, 2011, order requiring *The Daily* to remove the video clips of Dr. Hayward's deposition is not a proper exercise of this Court's authority to regulate the discovery process, but instead constitutes an unlawful prior restraint of *The Daily's* First Amendment rights. Accordingly, we respectfully request that you reconsider and rescind that order.[1]

"[S]peech on 'matters of public concern' . . . is 'at the heart of the First Amendment's protection.'" *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-759, (1985) (opinion of Powell, J.) (quoting *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 776, (1978)). The First Amendment reflects "a profound national commitment to the principle that debate on

---

[1]   We note that your order was issued without notice or an opportunity to be heard.  We do not waive our right to question the procedural and jurisdictional infirmities of the order, but are hopeful that the matter can be resolved quickly without the need for formal proceedings.

public issues should be uninhibited, robust, and wide-open." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). Accordingly, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Connick v. Myers*, 461 U.S. 138, 145 (1983) (internal quotation marks omitted). Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community," *Id.*, at 146, or when it "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public," *City of San Diego, Cal. v. Roe*, 543 U.S. 77, (2004). Here, there can be no dispute that the litigation arising from the Deepwater Horizon Oil Spill, and in particular the deposition of Dr. Hayward, is of great concern and interest to the public.

In addition, the United States Supreme Court has held that any law, regulation or judicial order that suppresses speech in advance of its expression constitutes a "prior restraint," and that prior restraints constitute "the most serious and the least tolerable infringement" on our freedoms of speech and press. *Alexander v. United States,* 509 U.S. 544, 550 (1993)*; Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1976). The Supreme Court has described the elimination of prior restraints as the "chief purpose" of the First Amendment. *Gannett Co. v. DePasquale,* 443 U.S. 368, 393 n. 25 (1979); *see also Nebraska Press,* 427 U.S. at 557 ("The main purpose of the First Amendment is to prevent all such previous restraints upon publications as had been practiced by other governments.").

A prior restraint directed at the press may be upheld only if the government can establish that "the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest." *United States v. Brown*, 250 F.3d 907, 915 (5th Cir. 2001) (citations omitted). As the Fifth Circuit noted in *Brown*, however, "[p]rior restraints on publication by the press are constitutionally disfavored in this nation nearly to the point of extinction." *Id.* Indeed, in *New York Times v. United States*, 403 U.S. 713 (1971), the United States Supreme Court addressed the government's ability to publish stolen classified information that it contended jeopardized national security during the Vietnam war. Notwithstanding the government's claims, the Court held that the New York Times and Washington Post newspapers could not be enjoined from publishing the information.

Moreover, it is immaterial to the prior-restraint analysis whether the information to be published is confidential or was released to the press in violation of a court order. For example, in *Proctor & Gamble Company v. Bankers Trust Company*, the Sixth Circuit held that an injunction prohibiting a magazine from publishing certain documents was an unconstitutional prior restraint, even though the documents at issue had been placed under seal pursuant to a stipulated discovery protective order. 78 F.3d 219, 225 (6th Cir. 1996). The *Proctor & Gamble* court also recognized that the media's right to publish newsworthy information is protected regardless of how that information was obtained by the media. *See id.* (asserting that questions regarding how a news organization obtained documents that were subject to a protective order "might be appropriate lines of inquiry for a contempt proceeding or a criminal prosecution," such questions "are not appropriate bases for issuing a prior restraint"). *See also In re King World Prod., Inc.*, 898 F.2d 56, 59 (6th Cir. 1990) (stating that no matter how inappropriate the

Magistrate Judge Shushan
July 7, 2011
Page 3

acquisition of information, the right to disseminate it is protected).

In any event, the information at issue here was lawfully obtained by *The Daily*, which simply accepted the video clips provided by a party in the case. The Supreme Court has recognized that, like speech, newsgathering is protected by the First Amendment, and it has specifically referred to the First Amendment's protection of "routine newspaper reporting techniques." *Branzburg v. Hayes*, 408 U.S. 665 (1972); *Daily Mail,* 443 U.S. at 103.  It is beyond dispute that receiving newsworthy materials from sources is a commonplace way to gather and report the news.

In sum, because the order issued by this Court on July 5, 2011, suppresses *The Daily's* right to publish newsworthy information, that order constitutes an unconstitutional prior restraint under the First Amendment.  As such, it should be immediately rescinded, and we respectfully request that you do so as soon as possible.

Respectfully,

Lori Mince

390879v.1