UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * | MDL No. 2179 |
| | * | Member Case No. 11-01476 |
| | * | SECTION J – JUDGE CARL J. BARBIER |
| STEPHEN B. MURRAY, SR. | * * | |
| VERSUS | * * | DIVISION 1- MAGISTRATE JUDGE SALLY SHUSHAN |
| JAMES R. DUGAN, II, ESQ. | * * | JURY TRIAL REQUESTED |

**************************************

## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Defendant, James R. Dugan, II, submits this opposition to Plaintiff's Motion to Remand and for Attorney Fees and Costs. Contrary to Plaintiff's assertions in his Motion, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331, 1367, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, *et seq.*, and the Motion to Remand should be denied as discussed below.

**I.   BACKGROUND**

This formal dispute between James R. Dugan, II, and Stephen B. Murray, Sr., began in this Court on March 25, 2011, when Dugan filed in the Deepwater Horizon MDL a Motion to Deposit Funds into the Registry of the Court. This Motion was granted by this Court that same day, and $631,125.00 in disputed fees from GCCF claims were placed in the registry of the Court, where they still remain. Since that time, Dugan and Murray have filed additional motions and memoranda in this Court, and they have engaged in conferences with the Court as discussed in more detail below. Also since that time, pursuant to the Hold-Back Agreement in this MDL,

over a million dollars in fees have been put in the MDL common benefit attorney fee fund being overseen by this Court.

Despite the proceedings in this Court, Murray filed suit against Dugan on May 27, 2011, in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiff's Petition for Damages, Declaratory Relief, Injunctive Relief and Jury Demand, entitled "*Stephen B. Murray, Sr., v. James R. Dugan, II,* Docket No. 11-5689, Div. I-14," seeks declaratory and injunctive relief as well as damages allegedly arising from Dugan's supposed breach of contract. Dugan was served with Plaintiff's Petition on June 7, 2011, and he then filed a timely Notice of Removal with this Court on June 22, 2011. Thereafter, Dugan filed an Answer and Counterclaim in this Court.

Murray now disputes that this is a Court of proper jurisdiction for this dispute. Plaintiff's Motion to Remand and for Attorney Fees and Costs not only lacks legal merit, but it contains numerous factual inaccuracies.

In Plaintiff's Petition, he alleges that Dugan breached an agreement that the two entered into on or about May 1, 2006, to work on certain cases together. Murray claims that because of the alleged breach, he now has causes of action for declaratory relief, breach of contract, conversion, fraud, detrimental reliance, unjust enrichment, and breach of fiduciary duty, and he avers that he is entitled to injunctive relief to prevent Dugan from collecting outstanding legal fees.

What is important in terms of Plaintiff's Motion to Remand is the fact that in Plaintiff's Petition for Damages, he complains about Dugan's receipt of attorneys' fees generated from claims arising from the April 20, 2010 Deepwater Horizon oil spill and being handled by the

2

Gulf Coast Claims Facility ("GCCF").[1] The GCCF fees referenced by Plaintiff, as well as other GCCF fees in dispute between Plaintiff and Defendant, have already come before this Court as noted above. On March 25, 2011, Dugan filed in this Court a Motion to Deposit Funds into the Registry of the Court. This Motion was granted that day; therefore, $631,125.00 in disputed fees were placed in the registry of the Court by Dugan. These funds represent fees generated in the handling of GCCF claims, and they are still in the registry of the Court. These disputed fees are also addressed in Dugan's Counterclaim against Murray.

On March 30, 2011, Dugan filed a Second Motion to Deposit Funds into the Registry of the Court. Therein, he asked this Court to order Plaintiff to deposit disputed funds of $535,000.00 into the registry. This disputed $535,000 represents fees generated in the handling of GCCF claims, and these fees are the ones discussed in Murray's Petition for Damages in paragraphs 40 through 52. These fees are also addressed in Dugan's Counterclaim.

On April 1, 2011, this Court ordered that any response to Dugan's Second Motion to Deposit funds be filed by April 8, 2011. That day, Murray filed in this Court an opposition to the Second Motion to Deposit Funds, as well as his own Motion for Disbursement of Registry Funds. In the opposition, Murray admitted that the disputed $535,000.00 had already been disbursed in October 2010 in clear violation of Rule of Professional Conduct 1.15.

Thereafter, these three Motions were referred to the Honorable Magistrate Judge Daniel E. Knowles, III, and the parties thoroughly briefed the issues raised therein. On April 28, 2011, Magistrate Judge Knowles ordered that the parties attend a settlement conference on May 17, 2011. At that May 17 conference, the parties agreed to arbitrate their dispute. On May 25, counsel for Dugan wrote to counsel for Murray regarding the proposed parameters for

---

[1] Petition for Damages, paras. 40 – 52.

arbitration. Having no response to that correspondence, Dugan's counsel again wrote to Murray's counsel on May 31 regarding the proposed terms for arbitration. No response was received to that correspondence, either.

On June 3, at the request of Magistrate Judge Knowles, counsel for the parties attended a telephone status conference. Therein, the parameters for arbitration were again discussed, and it was anticipated that the dispute would be moved toward arbitration by the end of June 2011.

Unbeknownst to Dugan and this Court, however, Murray had already filed suit on May 27, 2011, in state court. The certificate of service on the Petition certified that it had been served on counsel of record for Dugan on May 27, 2011, via facsimile, electronic mail, or U.S. Mail; however, that apparently was not done because counsel's, and Dugan's, first notice of the suit came when Dugan was served on June 7. It is that suit which Dugan removed to this Court.

## II. ARGUMENT

As noted above, this matter involves attorneys' fees which were generated from cases borne out of the April 20, 2010 Deepwater Horizon oil spill and claims being administered by the GCCF. Because this Court has original jurisdiction over claims arising from the Deepwater Horizon oil spill pursuant to 28 U.S.C. §1331, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, *et seq.*, and because this attorney fee dispute arises in large part from oil spill claims administered by the GCCF, jurisdiction exists in this Court for this dispute.

More specifically, because there is federal question jurisdiction over the GCCF claims, there is **supplemental jurisdiction pursuant to 28 U.S.C. §1367** over the dispute between Dugan and Murray regarding fees earned in the GCCF. Section 1367(a) provides in pertinent part as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original

4

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In other words, "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *In re Private Counsel Agreement*, 1999 WL 1022131, p. 2 (E.D.Tex. 1999)(citations omitted). Accordingly, "whether this Court has supplemental jurisdiction over the pending fee issues depends on whether the fee issues and the federal claims are 'so related' or are based on 'a common nucleus of operative facts.'" *Id.*

As stated by one court, "[e]very federal appeals court addressing the issue has concluded that as a general matter an attorney's fees dispute meets the relatedness test for supplemental jurisdiction." *Id.* at 3 (citing *Baer v. First Options of Chicago*, 72 F.3d 1294, 1300 (7th Cir.1995)(concluding that district court had supplemental jurisdiction over post-settlement lawyer-verses-lawyer fee dispute)). Clearly then, federal courts have used 28 U.S.C. §1367 to exercise supplemental jurisdiction over fee disputes arising from cases litigated in federal courts.

For example, in *Baer v. First Options of Chicago*, 72 F.3d 1294 (7th Cir. 1995), two attorneys in different firms who had handled a client's Title VII claim were in a dispute over the division of fees under a fee agreement. Even though the Title VII claim was concluded, the court, after much analysis of 28 U.S.C. §1367, still exercised supplemental jurisdiction over the fee dispute.

The appellate court opined that supplemental jurisdiction over the fee dispute was proper in light of two facts. The first was that the district court exercised affirmative control over the disputed fees. *Id.* at 1300 (citing *Fulton Nat'l Bank of Atlanta v. Hozier*, 267 U.S. 276, 280

(1925)(holding that ancillary jurisdiction over a subsidiary controversy is proper where the dispute "has a direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit")). Secondly, the settlement agreement, which was brought to the district court for its approval, specifically acknowledged the dispute and included a provision for its resolution. *Id.* at 1301.

The *Baer* court then went on to examine the propriety of the fee agreement at issue under Illinois law, and it found that the agreement failed to meet the Rule 1.5 of the Illinois Code of Professional Conduct. "Rule 1.5's policy and language require that, before an agreement establishing a division of fees is valid, the client must consent, in writing, to the change. No such written consent was ever given by Ms. Baer to the revised fee-sharing agreement allegedly entered into by her attorneys." *Id.* at 1305. The court thus refused to enforce the agreement as written.

As in *Baer,* this Court has taken possession of funds at issue. Specifically, there are currently $631,125 in disputed fees in the registry of this Court. These funds were generated in the settlement of GCCF claims, over which this Court clearly has original jurisdiction. For this Court to exercise supplemental jurisdiction with regard to the division of those fees is appropriate.

Furthermore, this Court has clearly anticipated handling disputes among attorneys over GCCF fees. The Hold-Back Agreement[2] executed in connection with claims being paid by the GCCF requires that any dispute over fees be decided by this Court. Section 4 of the Agreement gives this Court exclusive venue and jurisdiction over any disputes that arise under the Agreement. While the funds at issue at the moment might not be "hold-back" fees, the claims

---

2 Exhibit D to the Notice of Removal.

that generated the fees at issue have generated well over $1 million in hold-back fees alone. Dugan maintains that because of this Court's jurisdiction over GCCF claims, then it is a court of proper jurisdiction and venue for this dispute.

Further, in deciding whether to exercise supplemental jurisdiction over a dispute between several attorneys and their client, one court examined certain policies at issue. In *In re Private Counsel Agreement,* 1999 WL 1022131, p. 6 (E.D.Tex. 1999), the court found that the policies of "just, expeditious and economical resolution' of fee disputes and the protection of officers of the Court from "expensive and protracted state-court proceedings" applied with "special force." The court explained that its vantage point was superior to that of any other court with respect the underlying action and the attorneys' work product. *Id.* Such experience made the court "uniquely qualified" to preside over the pending fee issues. *Id.* Second, the court noted that if the attorneys were forced to litigate the fee dispute in state court, they would be faced with litigation that was "unnecessarily repetitive and lengthy." *Id.*

Likewise, as this Court is presiding over claims arising from the Deepwater Horizon oil spill, it is uniquely positioned to determine disputes over fees arising from oil spill claims. Further, Dugan should not be forced to litigate this dispute in state court, where the litigation will surely be expensive and protracted. Instead, this Court should exercise its supplemental jurisdiction and preside over the dispute between Dugan and Murray.

### III. <u>CONCLUSION</u>

Dugan does not dispute that there are state law claims between himself and Murray; however, he maintains that this Court can properly exercise supplemental jurisdiction over those claims due to its original jurisdiction over GCCF claims. Just as other federal courts have done,

this Court can preside over disputes between attorneys arising from fees generated in cases before this Court.

This Court therefore has jurisdiction over this case pursuant to 28 U.S.C. §§1331, 1367, 43 U.S.C. §1331, *et seq.*, and 33 U.S.C. 2701, and the Motion to Remand should be denied. Moreover, Murray's request for attorneys' fees and costs should be denied.

RESPECTFULLY SUBMITTED:

/s/ Jacques F. Bezou

---

JACQUES F. BEZOU (T.A.) (3037)
STACY R. PALOWSKY (25203)
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
Email: jbezou@bezou.com
Email: spalowsky@palowsky-law.com
*Attorneys for James R. Dugan, II*

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served the following counsel of record by electronic case filing this 12th day of July, 2011:

George F. Riess (11266)
Law Offices of George F. Riess & Associates
228 St. Charles Avenue, Suite 1224
New Orleans, LA 70130
Telephone: (504) 568-1962
Facsimile: (504) 568-1965
Email: georgeriess@riess-law.com
*Counsel for Plaintiff*

/s/ Jacques F. Bezou

---

JACQUES F. BEZOU (3037)
STACY R. PALOWSKY (25203)