UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

**PTO 40 ADDRESSING THE RETURN OF TANGIBLE THINGS IN THE POSSESSION OF THE JIT TO DESIGNATED OWNERS**

CONSIDERING the United States' Motion for an order governing the disposition of tangible things currently in the possession of the Joint Investigation Team, it is HEREBY ORDERED that the Motion is GRANTED as follows:

1.      For purposes of this Order, "Liaison and Coordinating Counsel" shall mean the persons appointed in Pretrial Orders Nos. 6 and 10, and any successors thereto, as well as counsel for any State that is a party to this action.

2.      For purposes of this Order, the Joint Investigation Team is authorized to return the tangible things identified in Attachment 1 to this order to the designated owner.  The designated owner shall arrange to pick up the equipment or other things, at the owner's expense and take custody of the tangible things within 10 days of the date of entry of this Order.

3.      With respect to any other tangible things in the possession of the Joint Investigation Team, the following procedures shall govern the return of the equipment or other things:

        a.      If the Joint Investigation Team wishes to return any tangible things (other than those identified in Attachment 1), the Joint Investigation Team shall provide Liaison and Coordinating Counsel with a written proposal identifying the following:  the designated owner,

the evidence storage location, the FBI ERT ID location (if any), the FBI No. (if any), any other

identifying numbers, a description of the tangible things (including a photograph where

available), and the date on which the tangible things came into the possession of the Joint

Investigation Team.  This information shall be delivered to Liaison and Coordinating Counsel by

email to the addresses identified on this Court's webpage.

        b.      Liaison and Coordinating Counsel shall have 5 business days from the

date the notification was sent by email to notify the Joint Investigation Team of any objection to

the proposed return of the tangible things to the designated owner.

        c.      If, within 5 business days, no Liaison or Coordinating Counsel has

objected to the proposed return, the designated owner shall have 15 business days from the date

the notification was sent by email to arrange to pick up the tangible things at the designated

owners expense and to take custody of the equipment or other things.

        d.      If, within 5 days from the date the notification was sent by email, a

Liaison or Coordinating Counsel objects to the proposed return of the tangible things to the

designated owner, the Joint Investigation Team shall meet and confer with the objecting counsel

to determine the appropriate disposition of the equipment or other things.  If the Joint

Investigation Team and the objecting counsel are unable to reach agreement, the Joint

Investigation may move the Court for an order governing the disposition of the equipment or

other things. The Joint Investigation Team shall preserve the tangible things until the parties

reach agreement or the Court rules on any motion relating to the disposition of the equipment or

other things, whichever is later.

        4.      Nothing in this Order shall affect any other obligations of the United States or

other parties to preserve Information in this action, including but not limited to the obligation to

preserve all Information related to the collection, storage, and examination of the equipment or

other things.

IT IS SO ORDERED this __11th__ day of July, 2011, at New Orleans, Louisiana.

_____

THE HONORABLE CARL J. BARBIER

UNITED STATES DISTRICT JUDGE

| Release Rqst Date/# | Designated Party to Release (Owner) | Evidence Storage Location as of 6/1/2011 | FBI ERT ID location | FBI # | Transocean Item Number/Other Party Identifier, if any | Description of Item | Quantity | Date of Discovery/ recovery/s ample | City of Discovery | State of Discovery | County of Discovery | GPS Coordinate s | DD Lat (N) | DD Long (W) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Transocean | Evidence Yard | Evidence Yard | 208 | None | Lifeboat #1 from MODU Deepwater Horizon - towed to BP Shore Base at Port Fourchon by M/V Sailfish on April 22, 2010 | 1 | 04/22/10 | | | | | | |
| 1 | Transocean | Wtrfrt A/C room - fridge | None | 208A | None | Subsample: Fuel Sample from Lifeboat #1 Fuel Tank | 1 | 12/16/10 | | | | | | |
| 1 | Transocean | Wtrfrt A/C room - fridge | None | 208B | None | Subsample: Fuel Sample from Lifeboat #1 Fuel Tank | 1 | 12/16/10 | | | | | | |
| 1 | Transocean | Evidence Yard | Evidence Yard | 201 | None | Lifeboat #2 from MODU Deepwater Horizon - towed to BP Shore Base at Port Fourchon by M/V Gulf Princess on April 22, 2010 | 1 | 04/22/10 | | | | | | |
| 1 | Transocean | Wtrfrt A/C room - fridge | None | 201A | None | Subsample: Fuel Sample from Lifeboat #2 Fuel Tank | 1 | 12/16/10 | | | | | | |
| 1 | Transocean | Wtrfrt A/C room - fridge | None | 201B | None | Subsample: Fuel Sample from Lifeboat #2 Fuel Tank | 1 | 12/16/10 | | | | | | |
| 1 | Transocean | NOSU4283174: Box#11 | Evidence Yard | 244 | None | 25-man Viking Liferaft from MODU Deepwater Horizon carried to BP Shore Base at Port Fourchon by M/V Damon Bankston on April 23, 2010 | 1 | 04/23/10 | | | | | | |
| 1 | Transocean | NOSU4283174: Box#11 | Evidence Yard | 247 | None | 15 life vests from the MODU Deepwater Horizon carried to BP Shore Base at Port Fourchon by the M/V Damon Bankston on April 23, 2010 | 15 | 04/23/10 | | | | | | |
| 1 | Transocean | Evidence Yard | Evidence Yard | 221 | None | Unidentified burned lifeboat towed to BP Shore Base at Port Fourchon by M/V Odyssey Diamond on April 22, 2010 | 1 | 04/22/10 | | | | | | |
| 1 | Transocean | Evidence Yard | Evidence Yard | 222 | None | Burned Lifeboat #4 from MODU Deepwater Horizon - towed to BP Shore Base at Port Fourchon by M/V Gulf Princess on April 22, 2010 | 1 | 04/22/10 | | | | | | |
| 1 | Halliburton | Evidence Yard | Evidence Yard | 284 | SN# 20364 HESU 000084-0 | 8 x 8 x 15 Nitrogen refrigerated liquid tank | 1 | 05/12/10 | | | | | N30 15.903 | W 088 42.429 |
| 1 | Halliburton | Evidence Yard | Evidence Yard | 283 | HESU 000085-5 | 8 x 8 x 15 Nitrogen refrigerated liquid tank | 1 | 05/12/10 | | | | | N30 13.743 | W088 36.952 |
| 1 | Transocean | Evidence Yard | Evidence Yard | 280 | 0614101600AFPC | Stainless Tote Tank #187954 | 1 | 06/14/10 | Panama City, FL | FL | Bay County | N/A | N/A | N/A |
| 1 | Transocean | Evidence Yard | Evidence Yard | 282 | 0612101430JFPC-1 | Stainless Tote Tank ID#188745 | 1 | 06/12/10 | Panama City, FL | FL | Bay County | N/A | N/A | N/A |
| 1 | Transocean | Evidence Yard | Evidence Yard | 281 | 0701101545PUMPB-1 | Stainless Tote Tank #183391 | 1 | 07/01/10 | Pensacola, FL | FL | Escambia County | N/A | 30.34918000 | 87.04597000 |
| 1 | Transocean | Evidence Yard | Evidence Yard | 279 | 0610101605EPGOLD-1 | Stainless Tote Tank #202475 | 1 | 06/10/10 | Golden Meadow ,LA | LA | Lafourche Parish | N/A | N/A | N/A |

7/8/2011



FBI Items  208 with subsamples 208A and 208B

7/8/2011    DWH Investigation: JIT   Evidence Release #1    1



FBI Items  201 with subsamples 201A and 201B

7/8/2011    DWH Investigation: JIT   Evidence Release #1    2



FBI Items  244 and 247

7/8/2011    DWH Investigation: JIT   Evidence Release #1    3



FBI Items  221 and 222

7/8/2011    DWH Investigation: JIT   Evidence Release #1    4

7/8/2011



