UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig<br>             "Deepwater Horizon" in the<br>             Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION "J" |
| **THIS PLEADING APPLIES TO:** | *<br>* | JUDGE:  BARBIER |
| In Re The Complaint and Petition of<br>Triton Asset Leasing GmbH, Transocean<br>Holdings LLC, Transocean Offshore<br>Deepwater Drilling Inc., and Transocean<br>Deepwater Inc., as Owner, Managing<br>Owners, Owners *Pro-Hac Vice*, and/or<br>Operators of the MODU Deepwater<br>Horizon, in a Cause for Exoneration from or<br>Limitation of Liability | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MAGISTRATE:  SHUSHAN |
| Civil Action Nos.:<br>2:10-cv-2771 and 10-md-2179 | *<br>* | |

### ANSWER, DEFENSES AND COUNTER-CLAIM/CROSS-CLAIM OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC. AGAINST O'BRIEN'S RESPONSE MANAGEMENT, INC.

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. and Weatherford International, Inc. ("Weatherford"), who files this its Answer, Defenses and Counterclaim/Cross-Claim to the Counterclaim filed on behalf of O'Brien's Response Management, Inc. ("O'Brien's"), (Rec. Doc. 2841), and upon information and belief, avers as follows:

## ANSWER AND DEFENSES

### FIRST DEFENSE

The Counterclaim of O'Brien's fails to state claims or causes of action upon which relief can be granted against Weatherford.

### SECOND DEFENSE

**AND NOW**, answering each allegation of the Counterclaim of O'Brien's and denying any liability whatsoever, Weatherford avers upon information and belief as follows:

I.

Except to admit that an explosion and fire occurred on the Deepwater Horizon on April 20, 2010, that 11 people on the Deepwater Horizon lost their lives, and that the Deepwater Horizon eventually sank, the allegations of Paragraph 1 of the Counterclaim of O'Brien's are denied for lack of sufficient information to justify a belief therein.

II.

The allegations of Paragraph 2 of the Counterclaim of O'Brien's are admitted.

III.

The allegations of Paragraph 3 of the Counterclaim of O'Brien's are admitted.

IV.

The allegations of Paragraph 4 of the Counterclaim of O'Brien's state legal conclusions and factual allegations that do not require a response by Weatherford. However, to the extent that a response is deemed necessary, it is admitted that Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. filed a Rule 14(c) Third-Party Complaint in Cause of Action No. 2:10-cv-02771 and that the Rule 14(c) Third-Party Complaint purported to tender various claims to Weatherford.

The remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 of the Counterclaim of O'Brien's are admitted.

VI.

The allegations of Paragraph 6 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, Weatherford denies any liability whatsoever for the alleged injuries and/or damages claimed in any of the complaints that have been field or may be filed arising out of the Deepwater Horizon explosion, oil spill, and subsequent clean-up efforts.  In further answer, the allegations of Paragraph 6 and Footnote One are denied.

VII.

The allegations of Paragraph 7 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that the Court has jurisdiction.

VIII.

The allegations of Paragraph 8 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford.  However, to the extent that a response is deemed necessary, it is admitted that venue is proper.

IX.

The allegations of Paragraph 9 of the Counterclaim of O'Brien's are denied for lack of sufficient information to justify a belief therein.

X.

Except to admit that Weatherford U.S. L.P. is a limited partnership organized under Louisiana law with its principal place of business in Houston, Texas, that it is registered to do business in Louisiana and does business in Louisiana, and that Weatherford provided services, equipment and products for the Macondo Well site, the allegations of Paragraph 10 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 10 are denied.

XI.

With respect to the allegations in Paragraph 11 of the Counterclaim of O'Brien's, Weatherford International, Inc. admits that it is a Delaware Corporation with its principal place of business in Houston, Texas. The remaining allegations of Paragraph 11 of the Counterclaim of O'Brien's are denied.

XII.

The allegations of Paragraph 12 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 12 are denied.

XIII.

The allegations of Paragraph 13 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 13 are denied.

XIV.

The allegations of Paragraph 14 of the Counterclaim of O'Brien's state legal conclusions that do not appear to require a response by Weatherford. However, to the extent that a response is deemed necessary, the allegations of Paragraph 14 are denied.

XV.

Weatherford specifically denies that O'Brien's is entitled to any of the relief sought in its prayer for relief contained in the Counterclaim of O'Brien's.

**THIRD DEFENSE**

Weatherford shows that neither it nor any of its employees, agents and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 and/or the clean-up efforts made the basis of these proceedings.

**FOURTH DEFENSE**

Weatherford pleads the negligence, superseding negligence and/or intervening negligence and/or breach of duty of O'Brien's, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**FIFTH DEFENSE**

Except as previously admitted, Weatherford denies any allegation contained in any unnumbered and/or omitted paragraphs, preambles or prayers of the Counterclaim.

## COUNTER-CLAIM/CROSS-CLAIM

**AND NOW**, assuming the role of Counter-Claimant/Cross-Claimant in Limitation, Weatherford adopts, reaffirms, and incorporates each and every answer, response, denial, defense, claim and request for affirmative relief set forth in Weatherford's Cross-Claim against O'Brien's Response Management, Inc. (Rec. Doc. 2481).

Weatherford reserves the right to amend its Counter-Claim/Cross-Claim after further information is developed and reserves all other rights, remedies and defenses it might have as a result of the blowout, explosions, fire and oil spill.

**WHEREFORE**, Weatherford prays that its Answer, Defenses and Counter-Claim/Cross-Claim may be deemed good and sufficient, and that after due proceedings have been had that there be judgment in its favor, and awarding Weatherford all damages it is entitled to and indemnification as claimed herein, together with interest, costs, disbursements and attorneys' fees, and for all other relief which the justice of the case requires. Alternatively, Weatherford demands contribution herein from O'Brien's.

This 12th day of July, 2011.

Respectfully submitted:

*/s/ Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

{N2327726.1}

        MICHAEL G. LEMOINE, T.A. (#8308)
        GARY J. RUSSO (#10828)
        DOUGLAS C. LONGMAN, JR. (#8719)
        JONES, WALKER, WAECHTER, POITEVENT,
         CARRÈRE & DENÈGRE, L.L.P.
        600 Jefferson Street, Suite 1600
        Lafayette, Louisiana  70501-5100
        Telephone:     (337) 262-9024
        mlemoine@joneswalker.com
        grusso@joneswalker.com
        dlongman@joneswalker.com

        *Counsel for Weatherford U.S., L.P. and*
        *Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of July, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

        */s/  Glenn G. Goodier*