UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG             CIVIL ACTION
"DEEPWATER HORIZON" IN THE GULF
OF MEXICO ON APRIL 20, 2010

NO. 10-md-2179

SECTION "J" (2)

REPORT AND RECOMMENDATION

Before the Court are the Second Motion to Deposit Funds into the Registry of the Court (Contradictory) [Doc. #1818] and the Motion for Disbursement of Registry Funds Pursuant to Local Rule 67.3 (SEALED) [Doc. #1934].

This dispute over attorneys' fees arises between two Louisiana law firms in connection with the oil spill off the coast of Louisiana in April 2010. With regard to the Second Motion to Deposit Funds into the Registry of the Court (Contradictory) [Doc. #1818], the Court finds that there is no independent basis for federal subject-matter jurisdiction over this dispute and therefore over this motion. Federal Rule of Civil Procedure 67, which permits deposits into the registry of the Court, applies only to parties to an action filed that seek a judgment for a sum of money. "The rule does not authorize a deposit into court when no action has been brought seeking a judgment for a sum of money." *In re Dep't of Energy Stipper Well Exemption Litig.*, 124 F.R.D. 217, 218 (D. Kan. 1989) (citing *Eurolines Shipping Co., S.A. v. Metal Transp. Corp.*, 491 F. Supp. 590, 592 (S.D.N.Y.

1980)). Neither firm is a party to the above-captioned civil action, and neither party has sued the other seeking a judgment for a sum of money. Indeed, the sums in dispute are fees generated through a settlement with persons who are not parties to the above-captioned matter. The Court finds no ground for federal subject-matter jurisdiction here. The parties are not diverse, and there is no federal law on which either party could ground a claim in this fee dispute. The Court recommends that this motion be denied.

Given the findings and recommendation above, the Court also recommends that the Motion for Disbursement of Registry Funds Pursuant to Local Rule 67.3 (SEALED) [Doc. #1934] be denied. As this Court knows from its numerous attempts to resolve this matter, this dispute is acrimonious, and the parties have not to date been inclined to entertain suggestions which might lead to a reasonable resolution. Given the nature of this fee dispute, the Court is not inclined to take sides and to disburse funds from the registry of the Court to any party involved in this hotly-contested matter. Should the parties wish to file a joint motion to disburse the funds in agreement as to amounts or to disburse the funds to a neutral party pending resolution of the dispute, the Court will certainly entertain such a motion.

Accordingly,

**IT IS RECOMMENDED** that the Second Motion to Deposit Funds into the Registry of the Court (Contradictory) [Doc. #1818] and the Motion for Disbursement of Registry Funds Pursuant to Local Rule 67.3 (SEALED) [Doc. #1934] be DENIED.

In light of the foregoing recommendation, **IT IS FURTHER RECOMMENDED** that the Unopposed Motion to File Pleadings Under Seal and the Motion for Expedited Hearing be

DISMISSED AS MOOT.

    New Orleans, Louisiana, this 13th day of July, 2011.

                                                                    **UNITED STATES MAGISTRATE JUDGE**