IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § § § § § | MDL NO. 2179<br>SECTION:  J<br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |
| Applies to:  *All Cases* | | |

### HALLIBURTON ENERGY SERVICES, INC.'S
### MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUESTS FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES

Now comes Halliburton Energy Services, Inc. ("HESI") and, pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure and Local Rule 7.4 and provides this Court with a memoranda in support of its motion for a protective order from answering the BP Parties' ("BP") untimely Third Requests for Admissions ("Third RFAs") and untimely Third Set of Interrogatories to HESI ("Third Interrogatories"):[1]

### I.   PROCEDURAL HISTORY

On July 1, 2011, at 11:54 p.m., BP served HESI with its Third RFAs containing five hundred ten (510) individual requests for admission and its Third Interrogatories.  Attached as Exs. A, B.  The BP Parties' First and Second Request for Admissions contained three hundred and twenty (320) requests.  HESI responded to the First RFA on May 25, 2011, and per the agreement of the parties, HESI will respond to the Second RFA on Monday, July 18, 2011.  BP served HESI with its First and Second Sets of Interrogatories on April 3, 2011 and June 10,

---

[1] HESI reserves its rights to make additional objections, if necessary, to BP's Third RFAs and Third Interrogatories, for reasons other than timeliness, including improper scope under Rule 36(a) and exceeding the limit on number under Rule 33(a) and Pretrial Order No. 11, Rec. Doc. 569.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 1

1704806 v2-24010/0002 PLEADINGS

2011, respectively. HESI responded to the first set, and its response to the second set is due, per the parties' agreement, on July 18, 2011.

## II.  ARGUMENTS AND AUTHORITY

### A.  Under PTO 27, the Deadline for the Disposition of Motions to Compel is July 31

Pretrial Order No. 27 set July 31, 2011, as the deadline for completion of all depositions and written discovery. Rec. Doc. 1075, at 1, 1 n.2. "This deadline includes the filing of motions to compel in sufficient time to allow disposition of the motion on or before that date." *Id*. at 1 n.2.

On July 8, 2011, in response to BP's untimely discovery, Anadarko requested guidance from the Court regarding the cut-off dates for completion of Phase One written discovery. As a result, Magistrate Judge Shushan issued a memorandum detailing those deadlines (the "Memo"). Attached as Ex. C; *see also* Order, Working Group Conference on Friday, July 8, 2011, Rec. Doc. 3238, at 1-2 (noting request). In the Memo, the Court clearly states: "The deadline for responding to permitted written discovery has expired." Memo. at 2.

### B.  Per the 6/24/10 Working Group Order, the Deadline for Written Discovery Was July 1, 2011

The Court's Working Group Order dated June 24, 2011, provides that "All written discovery for Phase One is to be complete by July 1, 2011 . . . ." Rec. Doc. 3062 at ¶ 19. Prior to this order, on June 3, 2011, and June 21, 2011, respectively, BP and HESI had exchanged their second round of written discovery requests in sufficient time for the parties to respond and for the disposition of any motions to compel by the discovery cut-off date. Thus, the parties operated under the assumption that all discovery disputes related to Phase One must be must be served in sufficient time to allow the Court to consider motions to compel by July 31, 2011.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 2

1704806 v2-24010/0002 PLEADINGS

**B.     HESI's Responses Are Due On August 3, 2011, After the Court's Deadlines**

Generally, litigants have thirty days to respond to requests for admission or interrogatories. FED. R. CIV. P. 33(b)(2), 36(a)(3). When a request is served electronically, under the Federal Rules of Procedure, three-days time is added to that thirty-day deadline. FED. R. CIV. P. 6(d); *see also* FED. R. CIV. P. 5(b)(E), 33(b)(2), 36(a)(3). Thus, responses to discovery requests served by electronic means are due thirty-three days after service. *Gault v. Great-West Healthcare*, No. 4:07-cv-586, 2008 WL 5743853, *7-8 (S.D. Tex. Oct. 21, 2008).

In addition, Pretrial Order No. 12, which established the electronic service system for this MDL, provides that documents served via Lexis File & Serve are deemed served under the Federal Rules of Civil Procedure. PTO No. 12, Rec. Doc. 600, ¶ 7. Further, documents served pursuant to PTO No. 12 are deemed served by mail. *Id*. at ¶ 8.[2] Thus, PTO No. 12 establishes that responses to discovery served via File & Serve are due thirty-three days after service. BP's untimely discovery was served on July 1, 2011. Thirty-three days from July 1, 2011, is <u>August 3, 2011</u>, three days after both: (1) the deadline for the completion of written discovery and (2) the deadline to file of motions to compel in sufficient time to allow disposition. *See* PTO No. 27 at 1, 1 n. 2. Clearly, BP served the requests too late for HESI to respond before the July 31 Phase One discovery cut-off date, much less to allow adequate time for the Court address motions to compel.

---

[2] Paragraph 8 references Federal Rule of Civil Procedure 6(e). This appears to be a typographical error as there is no such subsection in the current Rules. The PTO appears to intend Rule 6(d) as it provides that when a party must act pursuant to a document served via methods other than hand delivery, including by mail, the time for responding will have three days added. *See* FED. R. CIV. P. 6(d) (citing Rule 5(b)(2)(C), (D), (E), (F)). Further, the contents of Rule 6(d) were formerly numbered as Rule 6(e).

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 3

1704806 v2-24010/0002 PLEADINGS

**C.     HESI is Entitled to a Protective Order Against BP's Untimely Discovery**

Even in cases not involving electronic discovery, discovery requests should be served "at least" thirty days prior to a case's discovery deadline. *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003). The requirement that discovery requests be filed in time for a party to respond before the pretrial discovery cut-off applies to requests for admissions under Rule 36 as well. *Laborers' Pension Fund v. Blackmore Sewer Constr. Inc*., 298 F.3d 600, 605 (7th Cir. 2002); *Gluck v. Ansett Austrialia, Ltd*., 204 F.R.D. 217, 219-20 (D.D.C. 2001); *Jarvis v. Wal-Mart Stores, Inc*., 161 F.R.D. 337, 338-39 (N.D. Miss. 1995). BP served its Third RFA and Third Interrogatories on July 1, 2011, 11:54 p.m., electronically via File & Serve. Under the Rules and this Court's PTOs, HESI's responses are not due until thirty-three days later or August 3 — after the July 31 cut-off date for written discovery.[3] Even if BP had hand delivered the discovery requests, HESI's responses would not be due until August 1, as the thirty-day deadline would fall on Sunday July 31. *See* FED. R. CIV. P. 6(a)(1)(C). Thus, BP's July 1 service of the Third RFAs and Third Interrogatories was untimely, and HESI should not be required to respond to the 510 requests and additional interrogatories.

In addition to being untimely, the unreasonable volume and scope of the Third RFAs — 510 requests — renders the RFAs unreasonably burdensome and untimely. Under the Rules, RFAs are not limited in number. However, even in complex litigation such as this MDL proceeding, there is a rational limit to the volume of requests that are proper. A court may limit the number of requests. FED. R. CIV. P. 26(b)(2)(A). BP's First and Second RFAs exceed 300. An additional 510 requests is unreasonable. The purpose of Rule 36 is to winnow down the facts

---

[3] Since July 31 falls on a Sunday, in effect, discovery disputes must be raised by July 29.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 4

1704806 v2-24010/0002 PLEADINGS

for trial, so that the parties may focus their energies and resources on disputed matters. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citing WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2254 (1994)). BP's late-filed and voluminous Third RFAs do not assist in winnowing down facts for trial. Instead, the untimely requests are a distraction to the orderly and efficient preparations necessary for the February 2012 trial setting.

This Court may issue a protective order upon a showing of good cause. FED. R. CIV. P. 26(c)(1). Late-filed and voluminous requests for admission and interrogatories provide good cause for a court to issue a protective order. *See Joseph L. v. Connecticut Dept. of Children and Families*, 225 F.R.D. 400, 402-03 (D. Conn. 2005). Requiring HESI to respond to late-served RFAs and interrogatories is contrary to this Court's orders and the Federal Rules. This Court should issue as order relieving HESI of any obligation to respond to BP's untimely 510 requests for admission and its Third Interrogatories.

HESI prays that this Court grant its request for a protective order against BP's untimely request for 510 admissions and its Third Interrogatories, and for any other relief to which is may be entitled. HESI reserves its right to object to the Third RFA and Third Interrogatories on other grounds.

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 5

1704806 v2-24010/0002 PLEADINGS

**GODWIN RONQUILLO PC**

By: /s/ Donald E. Godwin
Donald E. Godwin, T.A.
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
BBowman@GodwinRonquillo.com
Jenny L. Martinez
JMartinez@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile:  214.760.7332

and

R. Alan York
AYork@GodwinRonquillo.com
Misty Hataway Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:   713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 6

1704806 v2-24010/0002 PLEADINGS

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document, Defendant Halliburton Energy Services, Inc.'s Memoranda in Support of its Motion for Protective Order Regarding the BP Parties' Third Requests for Admissions and Third Set of Interrogatories, has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 14th day of July.

                                                  /s/  Donald E. Godwin
                                                  Donald E. Godwin

HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING THE BP PARTIES' THIRD REQUEST FOR ADMISSIONS AND THIRD SET OF INTERROGATORIES – PAGE 7

1704806 v2-24010/0002 PLEADINGS