

38490311

Jul  1 2011
11:54PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Cases | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

<u>**THE BP PARTIES' THIRD REQUESTS FOR**</u>
<u>**ADMISSION TO HALLIBURTON ENERGY SERVICES, INC.**</u>

   Pursuant to Federal Rules of Civil Procedure 26 and 36, BP Exploration & Production Inc. and BP America Production Company (collectively, the "BP Parties") propound the following discovery requests to Halliburton Energy Services, Inc.

<u>**DEFINITIONS**</u>

   1.  "You," "your," and "yours" shall mean, for plaintiffs that are natural persons, the plaintiff and his or her representatives, agents, attorneys, heirs, and assigns, and for plaintiffs that are entities, the entity and its officers, directors, employees, attorneys, successors, and assigns.

   2.  "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, committee, or any other organization.

   3.  "Communication" means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and ESI containing, summarizing, or memorializing any communication.

   4.  "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including electronically stored information ("ESI"), and includes the

Exhibit A

original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5.      "Identify," when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6.      "Including" or "includes" means "including, but not limited to" or "including without limitation."

7.     "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9.     "MC252 #1 Macondo Well" means the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the outer continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

10.     "Macondo Well" means that MC 252 #1 Macondo Well.

11.     *"Deepwater Horizon* Incident" and "Incident" means the events leading to (i) the loss of life and injuries on the *Deepwater Horizon* rig on or about April 20, 2010, and (ii) the eventual sinking of the rig on April 22, 2010, including the blowout, explosions, and fire.

12.     "Oil Spill" means the oil released from the Macondo Well as a result of the Incident.

13.     "Oil Spill Response" means any effort to clean up the Oil Spill.

14.     "BP" means BP p.l.c. and any and all of its affiliates.

15.     "Transocean" means Triton Asset Leasing GmbH and any and all of its affiliates.

16.     "Cameron" means Cameron International Corporation and any and all of its affiliates.

17.     "Anadarko" means Anadarko Petroleum Corporation and Anadarko E&P Company LP and any and all of its affiliates.

3

18.     "Anadarko Non Operating Party Defendants" means, without limitation, Anadarko.

19.     "Halliburton" means Halliburton Energy Services, Inc. and any and all of its affiliates.

20.     "BOP system" means, unless otherwise specified, the entire subsea blowout preventer system, including, but not limited to, the BOP stack, BOP control system, BOP operating panels, Lower Marine Riser Package ("LMRP"), all rams, all preventers, any and all connectors and connections to the BOP stack, including the choke and kill lines and MUX cables, any and all emergency systems, any and all back-up systems, the autoshear system, ROV intervention panels, the Automatic Mode Function deadman system, and any other components to the BOP.

21.     "Blowout," whether or not capitalized, means an uncontrolled release of hydrocarbons from a well.

22.     "Kick," whether or not capitalized, means the intrusion or influx of formation fluids (such as hydrocarbons or water) into a wellbore.

23.     "Lost circulation," whether or not capitalized, means a reduced amount or total absence of drilling fluids returning to the drilling rig after being pumped down a well.

24.     "Well control event," whether or not capitalized, means any kick, lost circulation event, or blowout.

## INSTRUCTIONS

1.     Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

2.     If you claim that the language of any request is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations

that you believe may apply to such language.  Regardless of any vagueness or ambiguity you claim, you are to answer the request for admission to the best of your ability.

3.      Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

## REQUESTS FOR ADMISSION

1.      Admit that on April 19-20, 2010, Halliburton was responsible for monitoring the pressure data during the cement job on the production interval of the Macondo Well.

2.      Admit that on April 19-20, 2010, Halliburton did see any issues with the pressure data during the cement job on the production interval of the Macondo Well.

3.      Admit that on April 19-20, 2010, Halliburton did not to alert BP of any issues regarding the pressure data during the cement job on the production interval of the Macondo Well.

4.      Admit that before pumping the cement job on the production interval of the Macondo Well, Halliburton did not inform BP that the cement slurry that it recommended for the job was unstable.

5.      Admit that after pumping the cement job on the production interval of the Macondo Well, Halliburton did not inform BP that the pumped cement slurry was unstable.

6.      Admit that Halliburton never discussed the stability of the foam cement for the production interval of the Macondo Well with BP.

7.      Admit that Halliburton did perform foam stability testing on the cement blend containing 0.09 gallon per sack retarder that was used on the cement job on the production interval of the Macondo Well.

8.     Admit that Halliburton did not perform FYSA rheology testing on the cement blend containing 0.09 gallon per sack retarder that was used on the cement job on the production interval of the Macondo Well.

9.     Admit that Halliburton did not perform crush compressive strength testing on the cement blend containing 0.09 gallon per sack retarder that was used on the cement job on the production interval of the Macondo Well.

10.     Admit that Halliburton did not inform BP that it needed to run a cement bond log in order to rely on the cement job that Halliburton pumped on the production interval of the Macondo Well.

11.     Admit that BP could rely on Halliburton to design a stable foam cement for the Macondo Well.

12.     Admit that it was reasonable for BP to rely on Halliburton to design a stable foam cement for the Macondo Well.

13.     Admit that BP could rely on Halliburton to test a stable foam cement for the Macondo Well.

14.     Admit that it was reasonable for BP to rely on Halliburton to test a stable foam cement for the Macondo Well.

15.     Admit that BP could rely on Halliburton to pump a stable foam cement at the Macondo Well.

16.     Admit that it was reasonable for BP to rely on Halliburton to pump a stable foam cement at the Macondo Well.

17.     Admit that Halliburton did not tell BP that the foam cement that it recommended for the Macondo Well was not stable.

18.     Admit that after pumping the cement job, on the production interval of the Macondo Well, Halliburton did not advise BP that it should run a cement bond log.

19.     Admit that on April 20, 2010, at the morning meeting, Halliburton presented details of the cement job pumped on the production interval of the Macondo Well.

20.     Admit that on April 20, 2010, at the morning meeting, Halliburton stated that the cement job on the production interval of the Macondo Well was pumped successfully.

21.     Admit that on April 20, 2010, at the morning meeting, Mr. Chaisson stated that the cement job on the production interval of the Macondo Well was pumped successfully.

22.     Admit that on April 20, 2010, at the morning meeting, Halliburton stated that the cement job on the production interval of the Macondo Well was pumped with full returns.

23.     Admit that on April 20, 2010, at the morning meeting, Mr. Chaisson stated that the cement job on the production interval of the Macondo Well was pumped with full returns.

24.     Admit that on April 20, 2010, at the morning meeting, Halliburton stated that the cement job on the production interval of the Macondo Well was pumped with lift pressure.

25.     Admit that on April 20, 2010, at the morning meeting, Mr. Chaisson stated that the cement job on the production interval of the Macondo Well was pumped with lift pressure.

26.     Admit that on April 20, 2010, at the morning meeting, Halliburton stated that the cement job on the production interval of the Macondo Well was pumped with the plugs bumping on schedule.

27.     Admit that on April 20, 2010, at the morning meeting, Mr. Chaisson stated that the cement job on the production interval of the Macondo Well was pumped with the plugs bumping on schedule.

28.     Admit that, after Halliburton's modeling indicated that the cement job on the production interval of the Macondo Well would have a high potential for gas flow, Halliburton did not recommend any reformulation of the cement slurry used on the production interval of the Macondo Well.

29.     Admit that, after Halliburton's modeling indicated that the cement job on the production interval of the Macondo Well would have a high potential for gas flow, Halliburton did not redesign the cement slurry used on the production interval of the Macondo Well.

30.     Admit that, after learning that only six centralizers would be run on the production casing, Halliburton did not recommend any redesign of the cement slurry used on the production interval of the Macondo Well.

31.     Admit that, after learning that only six centralizers would be run on the production casing, Halliburton did not redesign the cement slurry used on the production interval of the Macondo Well.

32.     Admit that Halliburton was aware of the composition of the cement blend onboard the *Deepwater Horizon*.

33.     Admit that Halliburton did not inform BP of any concerns with using the cement blend onboard the *Deepwater Horizon* for the cement job on the production interval of the Macondo Well.

34.     Admit that the dry cement blend on the *Marianas* was different from the cement blend on the *Deepwater Horizon*.

35.     Admit that Halliburton did not inform BP that the cement blend on the *Deepwater Horizon* was different from the dry cement blend on the *Transocean Marianas*.

36.     Admit that the cement slurry pumped by the *Marianas* at the Macondo Well was different in composition from the cement slurry pumped by the *Deepwater Horizon* at the Macondo Well.

37.     If Halliburton informed BP that the cement blend on the *Deepwater Horizon* differed from the cement blend on the Transocean *Marianas*, admit that Halliburton did not inform BP that use of the *Deepwater Horizon* cement blend on the production interval was unsafe.

38.     Admit that Halliburton believed that use of the *Deepwater Horizon* cement blend on the production interval of the Macondo Well was safe.

39.     Admit that Halliburton believed that use of the *Deepwater Horizon* cement blend on the production interval of the Macondo Well was not dangerous.

40.     Admit that if Halliurton believed that use of the *Deepwater Horizon* cement blend on the production interval of the Macondo Well was unsafe, Halliburton would not have utilized that cement on the production casing cement job.

41.     Admit that prior to April 19, 2010, Jesse Gagliano was aware of the foam stability test results on the laboratory worksheet dated February 12, 2010.

42.     Admit that the foam stability test results on the laboratory worksheet dated February 12, 2010 provided information about the cement slurry pumped by Halliburton on April 19-20, 2010 at the Macondo Well.

43.     Admit that the foam stability test results on the laboratory worksheet dated February 12, 2010 provided material information about the cement slurry pumped by Halliburton on April 19-20, 2010 at the Macondo Well.

44.     Admit that the only difference between the composition of the cement slurry used in the February 12, 2010 foam stability testing and the cement slurry pumped by Halliburton at the Macondo Well on April 19-20, 2010 is a change in the amount of retarder and a corresponding change in the amount of water.

45.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Jesse Gagliano did not provide the foam stability test results on the laboratory worksheet dated February 12, 2010 to BP.

46.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton did not provide the foam stability test results on the laboratory worksheet dated February 12, 2010 to BP.

47.     Admit that Halliburton's failure to provide the foam stability test results on the laboratory worksheet dated February 12, 2010 to BP was with an intent to deceive BP.

48.     Admit that Jesse Gagliano's failure to provide the foam stability test results on the laboratory worksheet dated February 12, 2010 to BP was with an intent to deceive BP.

49.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton was aware of the foam stability testing result on the laboratory worksheet dated February 12, 2010.

50.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Jesse Gagliano did not provide the foam stability test results on the laboratory worksheet dated April 13, 2010 to BP.

51.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton did not provide the foam stability test results on the laboratory worksheet dated April 13, 2010 to BP.

10

52.     Admit that Halliburton's failure to provide the foam stability test results on the laboratory worksheet dated April 13, 2010 to BP was with an intent to deceive BP.

53.     Admit that Jesse Gagliano's failure to provide the foam stability test results on the laboratory worksheet dated April 13, 2010 to BP was with an intent to deceive BP.

54.     Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton was aware of the foam stability testing result on the laboratory worksheet dated April 13, 2010.

55.     Admit that prior to April 19, 2010, Jesse Gagliano was aware of the foam stability test results on the laboratory worksheet dated April 13, 2010.

56.     Admit that the foam stability test results on the laboratory worksheet dated April 13, 2010 provided information about the cement slurry pumped by Halliburton on April 19-20, 2010 at the Macondo Well.

57.     Admit that the foam stability test results on the laboratory worksheet dated April 13, 2010 provided material information about the cement slurry pumped by Halliburton on April 19-20, 2010 at the Macondo Well.

58.     Admit that the only difference between the composition of the cement slurry used in the April 13, 2010 foam stability testing and the cement slurry pumped by Halliburton at the Macondo Well on April 19-20, 2010 is a change in the amount of retarder and a corresponding change in the amount of water.

59.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP ran no centralizers.

60.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP did not use all of the centralizers it originally planned to use.

11

61.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP used less centralizers than Halliburton recommended.

62.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP has installed less than six centralizers on the casing.

63.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP installed no centralizers on the casing.

64.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP circulated less than a full bottoms up before the cement job.

65.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP circulated less that Halliburton recommended before the cement job.

66.     Admit that Halliburton has performed cement jobs with less than 50 barrels of cement volume for an operator other than BP.

67.     Admit that Halliburton has performed cement jobs on wells, operated by a company other than BP, where the cement was displaced at a rate of 4 barrels per minute.

68.     Admit that Halliburton has performed cement jobs on wells, operated by a company other than BP, where the cement was displaced at a rate of less than 4 barrels per minute.

69.     Admit that Halliburton has performed cement jobs on wells, operated by a company other than BP, where it took several attempts to convert the float collar before the cement job.

70.     Admit that Halliburton has performed cement jobs on wells, operated by a company other than BP, where the rig crew increased pressure to clear an apparent blockage during attempts to convert the float collar.

71.    Admit that Halliburton has performed cement jobs on wells, operated by a company other than BP, where a float collar was installed without a float shoe.

72.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP has run a float collar with a reamer shoe.

73.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP did not run a cement bond log prior to temporary abandonment.

74.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP did not run a cement bond log prior to temporary abandonment even though there may have been channeling in the cement job.

75.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP did not run a cement bond log prior after a cement job where full returns were reported.

76.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP used full returns and lift pressure to determine that the cement job was successful.

77.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP used full returns and lift pressure to determine that a cement bond log was unnecessary prior to temporary abandonment.

78.    Admit that Halliburton has performed cement jobs on wells where an operator other than BP ran a cement bond log when it reentered a previously temporarily abandoned well.

79.    Admit that the industry practice in the Gulf of Mexico is to run a cement bond log before completing the well for production.

80.    Admit that the industry practice in the Gulf of Mexico is to not run a cement bond long before temporary abandonment if the well will be later completed for production.

81.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP did not run a lockdown sleeve on the casing before temporary abandonment.

82.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP set the surface plug in seawater.

83.     Admit that Halliburton has performed cement jobs on wells where an operator other than BP set the surface plug more than 1000 feet below the mudline.

84.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 10,000 feet.

85.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 11,000 feet.

86.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 12,000 feet.

87.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 13,000 feet.

88.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 13,000 feet.

89.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 14,000 feet.

90.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 15,000 feet.

91.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 16,000 feet.

92.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 17,000 feet.

93.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 18,000 feet.

94.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 19,000 feet.

95.     Admit that Halliburton has performed foamed cement jobs on the production interval of wells operated by companies other than BP at a depth of more than 20,000 feet.

96.     Admit that Halliburton states that it provides the "best solutions possible" to prevent gas migration.

97.     Admit that Halliburton states that "Halliburton, the industry leader in cementing innovation, offers proven solutions for every cement job."

98.     Admit that Halliburton recommends the use of compressible cements to prevent gas flow in severe gas flow potential conditions.

99.     Admit that foam cement is a compressible cement.

100.    Admit that foam cement is a fluid loss additive.

101.    Admit that foam cement is an energized fluid.

102.    Admit that foam cement has greater mud displacement properties than an unfoamed cement with the same density and rheological properties.

103.    Admit that Halliburton states that Halliburton is the leader in foam cement technology.

104.    Admit that the ZoneSeal Isolation process is Halliburton's foam cementing process.

15

105.    Admit that Halliburton describes its foam cementing process as "ZoneSeal Isolation Process: *Foam Cementing done the right way*."

106.    Admit that Halliburton states that the ZoneSeal isolation process is the solution for gas channeling.

107.    Admit that Halliburton states that the ZoneSeal isolation process is the solution for lost circulation.

108.    Admit that Halliburton states that the ZoneSeal isolation process is the solution for formation fracturing.

109.    Admit that Halliburton states that foam cement helps prevent gas migration.

110.    Admit that Halliburton states that foam cement helps protect the formation.

111.    Admit that Halliburton states that "because Halliburton is world's largest nitrogen fracturing company, world's largest cementing company, and world's premier supplier of foam cement, we've been able to put all the pieces together to make sure you capitalize on *all* the advantages intrinsic to foam cement."

112.    Admit that Halliburton states the ZoneSeal process as the "most cost-effective insurance you can ever obtain - for the *life* of your well."

113.    Admit that Halliburton states that foam cement, once set is "both resilient and a good insulator."

114.    Admit that Halliburton states that foam cement helps improve mud displacement.

115.    Admit that a flush increases the mud displacement efficiency of the cement program.

116.    Admit that base oil can be used as a flush.

117.    Admit that the base oil functioned as a flush in the cementing program for the production interval of the Macondo Well.

118.    Admit that Halliburton states that foam cement is a "high energy, high viscosity system that is more efficient than conventional slurries in displacing mud."

119.    Admit that Halliburton describes a benefit of foamed cement that "cement formation bonds … really hold up because all the mud has been removed."

120.    Admit that Halliburton states that "the compressed gas in foam cement shrink or expand but they don't move around or coalesce.  Instead, the maintain pressure while the cement hydrates.  Result: Virtually no gas migration into the cement, ever - while cement is being placed or while it sets."

121.    Admit that Halliburton states that "foam cement can be mixed at very light weights - as low as 4 lb./gal.  Result: A good fix for extreme lost-circulation problems where nothing else will work."

122.     Admit that Halliburton states that "the density of foam cement can be varied at will using the same base slurry.  Result: Hydrostatic pressure can be tailored to protect fragile formations and help prevent high-pressure zones from coming in - all within the same job."

123.    Admit that Halliburton did not tailor the density of the foam in order to protect the formation and help prevent the high-pressures zones from coming in on the Macondo Well.

124.    Admit that Halliburton states that "foam cement is simply the right way to complete a well.  It can be the best insurance of trouble-free operation and long productive life that you'll ever have.  But unless it is applied the right way, its potential benefits may never be realized."

17

125.    Admit that Halliburton states that foam cement jobs "should be engineered to maximize mud displacement, prevent high-pressure zones from coming and weak zones from fracturing.  The ZoneSeal Process includes all the tools for the job."

126.    Admit that Halliburton provides all of the tools to maximize mud displacement, prevent high-pressure zones from coming in, and weak zones from fracturing.

127.    Admit that Halliburton states that in the ZoneSeal Isolation process "bubbles in the slurry should remain stable as the cement flows into the well and up around the casing.  And the energy and viscosity of the pumped foam should be maintained to help ensure effective mud displacement.  Making this happen is both an art and a science - optimized in the ZoneSeal Isolation Process."

128.    Admit that during a foam cement job, every part of the job should be monitored to help ensure that it meets design specifications.

129.    Admit that Halliburton states that the on-site ZoneSeal Process Certified Specialist and ZoneSeal Process real-time recording and analysis tools monitor every part of the ZoneSeal Isolation Process foam cement job

130.    Admit that Paul Anderson was the on-site ZoneSeal Process Certified Specialist for the foamed cement job on the production interval of the Macondo Well.

131.    Admit that Halliburton states that, "No two jobs are alike - cements, muds and even mix-water can change from job to job and location to location.  And no single preflush, spacer or cement slurry can fit all situations."

132.    Admit that Halliburton states that, "Halliburton's 75 years of experience is your assurance of:

- Appropriate material testing to help ensure compatibility, foam stability and optimal material selection for your job.

133.    Admit that Halliburton states that, "Halliburton's 75 years of experience is your assurance of:

- Evaluation of foaming muds, preflushes and spacers ahead of the cement in order to balance frac gradients, pore pressures and ECD to achieve optimum slurry placement.

134.    Admit that Halliburton did not provide appropriate material testing to help ensure compatibility, foam stability and optimal material selection for the cement job on the production interval of the Macondo Well.

135.    Admit that Halliburton states that "proprietary foamers and stabilizers help ensure stable bubbles."

136.    Admit that Halliburton states that as part of the "right way to place foam cement" is using "real-time on-site simulation with exclusive ZoneSeal Process laptop computer system."

137.    Admit that Halliburton states that as part of the "right way to place foam cement," "OptiCem RealTime reruns the cementing simulation using actual well data.  Result: downhole information that is invaluable when last-minute decisions must be made."

138.    Admit that Halliburton states that "As a fully integrated supplier of foam cementing services, Halliburton provides and manages all aspects of each job through a ZoneSeal Process Certified Specialist and a specially trained ZoneSeal Process cementing team. The Certified Specialist is an expert with a record of dozens of successful foam cementing jobs - and the backup of a company that has performed more foam cementing jobs than anyone else in the world."

139.    Admit that Halliburton charged BP for a ZoneSeal Specialist for the cement job on the production interval of the Macondo Well.

140.    Admit that Halliburton did not provide a ZoneSeal Process Certified Specialist for Specialist for the cement job on the production interval of the Macondo Well.

141.    Admit that Paul Anderson is not a ZoneSeal Process Certified Specialist.

142.    Admit that Halliburton states that the OptiCem RT Cement Job Design and Simulation System allows you to "Now, See What's Happening While You Can Still Do Something About It."

143.    Admit that Halliburton states regarding OptiCem RT that "this advanced software program simulates the job while it is actually going on, let you adjust the displacement rate as needed and telling you how fast you can safely pump."

144.    Admit that Halliburton states that OptiCem RT allows users to:

- See where the fluids are downhole

145.    Admit that Halliburton states that OptiCem RT allows users to:

- See ECD in real time, enabling you to pump as fast as safely possible

146.    Admit that Halliburton states that OptiCem RT allows users to:

- Compare what was planned versus what is actually occurring, allowing any necessary corrections to become obvious in time to respond

147.    Admit that Halliburton used OptiCem RT during the cement job on the production interval of the Macondo Well.

148.    Admit that the contract between BP and Halliburton required Halliburton to utilize OptiCem RT on the production interval of the Macondo Well.

149.    Admit that BP believed Halliburton was utilizing OptiCem RT during the cement job on the production interval of the Macondo Well

150.    Admit that BP was entitled to rely on Halliburton's use of OpticCem RT during the cement job on the production interval of the Macondo Well.

151.    Admit that BP was not utilizing OptiCem RT during the cement job on the production interval of the Macondo Well.

20

152.    Admit that the BP employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were not trained users of OptiCem RT.

153.    Admit that the BP employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were not certified users of OptiCem RT.

154.    Admit that Halliburton employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were trained to use OptiCem RT.

155.    Admit that Halliburton employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were certified to use OptiCem RT.

156.    Admit that Halliburton employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were trained to read Sperry Drilling data feeds.

157.    Admit that Halliburton employees on the *Deepwater Horizon* rig during the cement job on the production interval of the Macondo Well were certified to read Sperry Drilling data feeds.

158.    Admit that Halliburton states that OptiCem RT provides, "In addition to your typical pressure, rate and density summary, because you can see equivalent circulating density (ECD) in real time, OptiCem RT allows you to pump as fast as safely possible."

159.    Admit that Halliburton states that "Halliburton's displacement facility is unique to the industry.   A large scale test model employs equipment and materials to simulate actual cementing conditions."

160.    Admit that Halliburton used the Halliburton displacement facility in modeling the cement job on the production interval of the Macondo Well.

161.    Admit that Halliburton describes CAST-V as the "newest generation Circumferential Acoustic Scanning Tool, the CAST-V, is a rotating ultra-sonic pulse echo tool which yields unprecedented radial analysis for both cement evaluation and casing inspection services.   With multiple scanner sizes to optimize wellbore conditions, downhole digital processing, built-in navigation information, and real-time processing, the CAST-V provides instant downhole analysis.   Wellsite analysis is enhanced by 3D presentation capabilities available immediately after logging."

162.    Admit that Halliburton states that using CAST-V to determine orientation and size of channels is the Halliburton solution to the problem of channeling.

163.    Admit that Halliburton did not recommend the use of CAST-V to evaluate the production interval cement job on the Macondo Well.

164.    Admit that Halliburton did not use Displace3D to model displacement for the cement job for the production interval of the Macondo Well.

165.    Admit that Halliburton did not use iCem to model displacement for the cement job for the production interval of the Macondo Well.

166.    Admit that Halliburton did not use any mud displacement software to model displacement for the cement job for the production interval of the Macondo Well.

167.    Admit that Halliburton recommends foaming spacers to increase the mud displacement efficiency of the spacer.

168.    Admit that Halliburton did not recommend foaming the spacers for the cement job on the production interval of the Macondo Well.

169.    Admit that the spacers pumped by Halliburton on the cement job on the production interval of the Macondo Well were not foamed.

170.    Admit that Halliburton policy is to use the eccentricity option in OptiCem to help compensate as much as possible with other parameters such as pump rate and fluid rheologies when adequate centralization cannot be achieved.

171.    Admit that Halliburton did not use the eccentricity option in the OptiCem modeling on the production interval cement job on the Macondo Well dated April 14, 2010.

172.    Admit that Halliburton did not use the eccentricity option in the OptiCem modeling on the production interval cement job on the Macondo Well dated April 15, 2010.

173.    Admit that Halliburton did not use the eccentricity option in the OptiCem modeling on the production interval cement job on the Macondo Well dated April 18, 2010.

174.    Admit that Halliburton recommends the use of SWELL technology to address poor centralization problems.

175.    Admit that Halliburton recommends the use of SWELL technology to address micro annulus, mud channeling, and poor cement coverage concerns.

176.    Admit that Halliburton did not use SWELL technology on the production interval cement job on the Macondo Well.

177.    Admit that Halliburton did not recommend the use of SWELL technology on the production interval cement job on the Macondo Well.

178.    Admit that Halliburton policy is when an operator is "unable or unwilling to properly condition the hole, spacer design should be taken to the extreme to help prevent a poor cement job."

179.    Admit that the spacer design on the production interval cement job on the Macondo Well was not taken to the extreme to prevent a poor cement job.

180.    Admit that Halliburton recommends that "the YP and/or the weight of the spacer can be increased" when a customer is unable or unwilling to "make wiper trips, circulate the hole sufficiently, reciprocate or rotate the pipe and pump as fast as possible."

181.    Admit that Halliburton did not recommend altering the YP or weight of the spacer pumped on the production interval cement job of the Macondo Well.

182.    Admit that Halliburton policy for wells with a Gas Flow Potential greater than 8, requires the "notification of appropriate personnel a minimum of 10 days prior to the job.   At a minimum, one operational support person consisting of local technical support and/or service coordinator will be notified to review all job parameters, fluids and lab data, and the OptiCem simulation."

183.    Admit that Jesse Gagliano did not notify operational support personnel to review all job parameters, fluids and lab data, and the OptiCem simulation for the production interval cement job on the Macondo Well at least 10 days prior to its pumping.

184.    Admit that Jesse Gagliano did not notify operational support personnel to review all job parameters, fluids and lab data, and the OptiCem simulation for the production interval cement job on the Macondo Well.

185.    Admit that Halliburton policy for wells with a Gas Flow Potential greater than 8, requires the notification of the regional manager, technical advisors, technical professionals, GoM lab manager, operations manager, service coordinators, account representatives, PDCs at a minimum of 10 days prior to the job.

186.    Admit that Jesse Gagliano did not notify regional manager, technical advisors, technical professionals, GoM lab manager, operations manager, service coordinators, account

representatives, PDCs at least 10 days prior to the pumping of the production interval cement job on the Macondo Well.

187.    Admit that Jesse Gagliano did not notify regional manager, technical advisors, technical professionals, GoM lab manager, operations manager, service coordinators, account representatives, PDCs prior to the pumping of the production interval cement job on the Macondo Well.

188.    Admit that Halliburton, previous to the production interval of the Macondo well, had never pumped a foam cement job containing D-Air 3000 in the Gulf of Mexico at a depth below 17,000 feet.

189.    Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton had never pumped a foam cement job containing D-Air 3000 in the Gulf of Mexico at a depth below 17,000 feet.

190.    Admit that prior to the explosion on the *Deepwater Horizon* on April 20, 2010, Halliburton did not advise BP that it had never pumped a foam cement job containing D-Air 3000 in the Gulf of Mexico at a depth below 17,000 feet.

191.    Admit that the April 18, 2010 9 7/8″ x 7″ Production Casing Design Report, provided by Halliburton to BP, indicates good mud displacement across a bottom portion of the cemented annulus.

192.    Admit that the April 18, 2010 9 7/8″ x 7″ Production Casing Design Report, provided by Halliburton to BP, indicates no channeling across a bottom portion of the cemented annulus.

193.    Admit that the April 18, 2010 9 7/8″ x 7″ Production Casing Design Report, provided by Halliburton to BP, indicated good mud displacement across the top annular portion of the cemented annulus.

194.    Admit that the April 18, 2010 9 7/8″ x 7″ Production Casing Design Report, provided by Halliburton to BP, indicated no channeling across a top portion of the cemented annulus.

195.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, showed an estimated top of cement of 17,300 feet.

196.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, reported that there was no annular flow prior to the cement job.

197.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, reported that there was no annular flow after the cement job was completed.

198.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not report that there was channeling.

199.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not report that there was any problem with lift pressure.

200.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not report any difference between predicted pressures and actual pressures

201.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not report any concern about centralizers

202.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not say that BP should run a Cement Bond Log before temporary abandonment.

203.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0011210, provided by Halliburton to BP, does not say that there was a potential for inadequate zonal isolation.

204.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, showed an estimated top of cement of 17,300 feet.

205.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, reported that there was no annular flow prior to the cement job.

206.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, reported that there was no annular flow after the cement job was completed.

207.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not report that there was channeling.

208.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not report that there was any problem with lift pressure.

209.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not report any difference between predicted pressures and actual pressures

210.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not report any concern about centralizers

211.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not say that BP should run a Cement Bond Log before temporary abandonment.

212.    Admit that the Halliburton 9.875" x 7" Foamed Production Casing Post Job Report at HAL_0125646, provided by Halliburton to BP, does not say that there was a potential for inadequate zonal isolation.

213.    Admit that at least one Halliburton representative attended the morning meeting on the *Deepwater Horizon* on April 20th, 2010.

214.    Admit that Halliburton representatives attended the morning meeting on the *Deepwater Horizon* on April 20, 2010.

215.    Admit that at the morning meeting on the *Deepwater Horizon* on April 20, 2010, BP announced that a Cement Bond Log would not be run.

216.    Admit that no Halliburton employee objected to the decision not to run a Cement Bond Log.

217.    Admit that no Halliburton employees told BP there might be channeling on the cement job on the production interval of the Macondo Well on April 19-20, 2010.

218.    Admit that no Halliburton employees told BP there were any concerns about the pressures experienced during cement job on the production interval of the Macondo Well on April 19-20, 2010.

219.    Admit that Halliburton had all data and inputs it required to run the OptiCem modeling for the cement job on the production interval of the Macondo Well.

220.    Admit that Halliburton did not ask for any further data or inputs needed to run OptiCem for the cement job on the production interval of the Macondo Well.

221.    Admit that Halliburton did not inform BP that it needed more data or inputs to run OptiCem for the cement job on the production interval of the Macondo Well.

222.    Admit that Halliburton did not inform BP that the data and/or inputs it had were insufficient to run OptiCem for the cement job on the production interval of the Macondo Well.

223.    Admit that Halliburton did not inform BP that there was a problem with any of the data and/or inputs used to run OptiCem for the cement job on the production interval of the Macondo Well.

224.    Admit that Halliburton modified the inputs to the OptiCem model on April 14, 2010.

225.    Admit that Halliburton modified the inputs to the OptiCem model on April 14, 2010 by changing the mud setting from an oil-based mud to a water-based mud.

226.    Admit that Halliburton set the density of the mud at 14.17 pounds per gallon.

227.    Admit that the changes to the mud property inputs on April 14, 2010 were sound engineering.

228.    Admit that the changes to the mud property inputs on April 14, 2010 were proper.

229.    Admit that Jesse Gagliano did not inform BP that there was anything improper with his change to the mud property inputs on April 14, 2010.

230.    Admit that the changes to the mud property inputs on April 14, 2010 were made to conform the OptiCem program inputs with observed measurements from the Macondo well.

231.    Admit that you have not produced documents in response to Request No. 46 of BP's First Set of Requests for Production to Halliburton.

232.    Admit that you have not produced documents in response to Request No. 47 of BP's First Set of Requests for Production to Halliburton.

233.    Admit that you have not produced documents in response to Request No. 64 of BP's First Set of Requests for Production to Halliburton.

234.    Admit that you have not produced documents in response to Request No. 65 of BP's First Set of Requests for Production to Halliburton.

235.    Admit that you have not produced documents in response to Request No. 68 of BP's First Set of Requests for Production to Halliburton.

236.    Admit that you have not produced documents in response to Request No. 69 of BP's First Set of Requests for Production to Halliburton.

237.    Admit that you have not produced documents in response Request No. 28 of BP's Second Set of Requests for Production to Halliburton.

238.    Admit that you have not produced documents in response to Request No. 54 of BP's Second Set of Requests for Production to Halliburton.

239.    Admit that you have not produced all of the post-incident gas flow potential studies referenced during the Serio deposition, at deposition Exhibit 2109.

240.    Admit that you have not produced all of the post-incident gas flow potential studies conducted by Halliburton.

241.    Admit that you have not produced the OptiCem real-time data for the Macondo Well.

242.    Admit that you have not produced a fully functional copy of the OptiCem program used by Jesse Gagliano to perform modeling for the Macondo Well.

243.    Admit that you have not produced the data, inputs, or native data files from OptiCem used by Jesse Gagliano to generate modeling for the Macondo Well.

244.    Admit that you have not produced any .adi OptiCem files.

245.    Admit that you have not produced .adi OptiCem files in a viewable format.

246.    Admit that you have not produced all documents relating to the March 5, 2010 testing reflected at HAL_ at HAL_0506906.

247.    Admit that you have not produced all documents relating to the March 7, 2010 cement testing reflected at HAL_0506909.

248.    Admit that you have not produced all documents discussing, reflecting, or relating to the post-incident slurry testing at the Duncan and Broussard facilities.

249.    Admit that you do not intend to rely on any documents at the Phase I trial that you have not already produced.

250.    Admit that you do not intend to rely on any conversations at the Phase I trial that you have not already disclosed to BP.

251.    Admit that Halliburton had the MWD data for the Macondo Well prior to pumping the cement job on the production interval on April 19-20, 2010.

252.    Admit that Halliburton had the LWD data for the Macondo Well prior to pumping the cement job on the production interval on April 19-20, 2010.

253.    Admit that Halliburton had information on the spacing of centralizers for the Macondo Well prior to pumping the cement job on the production interval on April 19-20, 2010.

254.    Admit that there are Halliburton board meeting minutes that discuss the Macondo Well.

255.    Admit that there are Halliburton board meeting minutes that discuss the *Deepwater Horizon* Incident.

256.    Admit that there are Halliburton board meeting minutes that discuss the Oil Spill.

257.    Admit that Halliburton has not produced any of its board meeting minutes to BP.

258.    Admit that Halliburton told Congress that it would share the results of its internal investigation.

259.    Admit that there is a Halliburton team conducting an investigation into the cause of the *Deepwater Horizon* Incident.

260.    Admit that Halliburton has conducted an investigation into the cause of the *Deepwater Horizon* Incident.

261.    Admit that Halliburton has not produced a report of the findings of its investigation.

262.    Admit that Halliburton's presentation to Committee on Energy and Commerce contained findings from its investigation team.

263.    Admit that Halliburton's presentation to National Academy of Engineering contained findings from its investigation team.

264.    Admit that Halliburton's press releases contained findings from its investigation team.

265.    Admit that deposition Exhibit 603 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

266.    Admit that deposition Exhibit 604 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

267.    Admit that deposition Exhibit 605 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

268.    Admit that deposition Exhibit 606 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

269.    Admit that deposition Exhibit 607 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

270.    Admit that deposition Exhibit 608 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

271.    Admit that deposition Exhibit 609 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

272.    Admit that deposition Exhibit 610 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

273.    Admit that deposition Exhibit 612 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

274.    Admit that deposition Exhibit 613 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

275.    Admit that deposition Exhibit 614 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

276.    Admit that deposition Exhibit 615 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

277. Admit that deposition Exhibit 616 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

278. Admit that deposition Exhibit 617 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

279. Admit that deposition Exhibit 619 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

280. Admit that deposition Exhibit 620 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

281. Admit that deposition Exhibit 622 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

282. Admit that deposition Exhibit 708 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

283. Admit that deposition Exhibit 709 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

284.     Admit that deposition Exhibit 710 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

285.     Admit that deposition Exhibit 711 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

286.     Admit that deposition Exhibit 712 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

287.     Admit that deposition Exhibit 713 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

288.     Admit that deposition Exhibit 714 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

289.     Admit that deposition Exhibit 715 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

290.     Admit that deposition Exhibit 716 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

291.    Admit that deposition Exhibit 716A in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

292.    Admit that deposition Exhibit 717 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

293.    Admit that deposition Exhibit 718 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

294.    Admit that deposition Exhibit 719 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

295.    Admit that deposition Exhibit 721 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

296.    Admit that deposition Exhibit 725 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

297.    Admit that deposition Exhibit 726 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

298.     Admit that deposition Exhibit 728 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

299.     Admit that deposition Exhibit 729 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

300.     Admit that deposition Exhibit 730 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

301.     Admit that deposition Exhibit 731 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

302.     Admit that deposition Exhibit 733 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

303.     Admit that deposition Exhibit 736 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

304.     Admit that deposition Exhibit 737 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

305.    Admit that deposition Exhibit 739 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

306.    Admit that deposition Exhibit 744 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

307.    Admit that deposition Exhibit 745 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

308.    Admit that deposition Exhibit 746 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

309.    Admit that deposition Exhibit 747 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

310.    Admit that deposition Exhibit 750 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

311.    Admit that deposition Exhibit 751 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

312.    Admit that deposition Exhibit 752 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

313.    Admit that deposition Exhibit 753 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

314.    Admit that deposition Exhibit 800 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

315.    Admit that deposition Exhibit 805 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

316.    Admit that deposition Exhibit 806 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

317.    Admit that deposition Exhibit 807 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

318.    Admit that deposition Exhibit 808 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

319.     Admit that deposition Exhibit 809 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

320.     Admit that deposition Exhibit 810 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

321.     Admit that deposition Exhibit 811 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

322.     Admit that deposition Exhibit 812 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

323.     Admit that deposition Exhibit 813 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

324.     Admit that deposition Exhibit 814 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

325.     Admit that deposition Exhibit 815 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

326.     Admit that deposition Exhibit 970 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

327.     Admit that deposition Exhibit 972 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

328.     Admit that deposition Exhibit 973 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

329.     Admit that deposition Exhibit 974 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

330.     Admit that deposition Exhibit 975 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

331.     Admit that deposition Exhibit 977 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

332.     Admit that deposition Exhibit 978 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

333.    Admit that deposition Exhibit 979 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

334.    Admit that deposition Exhibit 980 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

335.    Admit that deposition Exhibit 982 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

336.    Admit that deposition Exhibit 983 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

337.    Admit that deposition Exhibit 984 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

338.    Admit that deposition Exhibit 985 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

339.    Admit that deposition Exhibit 987 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

340.    Admit that deposition Exhibit 989 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

341.    Admit that deposition Exhibit 990 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

342.    Admit that deposition Exhibit 991 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

343.    Admit that deposition Exhibit 992 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

344.    Admit that deposition Exhibit 1269 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

345.    Admit that deposition Exhibit 1270 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

346.    Admit that deposition Exhibit 1271 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

347.    Admit that deposition Exhibit 1272 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

348.    Admit that deposition Exhibit 1273 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

349.    Admit that deposition Exhibit 1275 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

350.    Admit that deposition Exhibit 1276 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

351.    Admit that deposition Exhibit 1277 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

352.    Admit that deposition Exhibit 1278 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

353.    Admit that deposition Exhibit 1279 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

354.    Admit that deposition Exhibit 1280 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

355.    Admit that deposition Exhibit 1281 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

356.    Admit that deposition Exhibit 1282 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

357.    Admit that deposition Exhibit 1283 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

358.    Admit that deposition Exhibit 1284 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

359.    Admit that deposition Exhibit 1285 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

360.    Admit that deposition Exhibit 1286 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

361.    Admit that deposition Exhibit 1287 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

362.    Admit that deposition Exhibit 1289 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

363.    Admit that deposition Exhibit 1290 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

364.    Admit that deposition Exhibit 1291 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

365.    Admit that deposition Exhibit 1292 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

366.    Admit that deposition Exhibit 1293 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

367.    Admit that deposition Exhibit 1294 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

368.    Admit that deposition Exhibit 1295 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

369.    Admit that deposition Exhibit 1296 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

370.    Admit that deposition Exhibit 1297 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

371.    Admit that deposition Exhibit 1298 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

372.    Admit that deposition Exhibit 1299 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

373.    Admit that deposition Exhibit 1600 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

374.    Admit that deposition Exhibit 1601 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

375.    Admit that deposition Exhibit 1602 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

376.    Admit that deposition Exhibit 1603 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

377.    Admit that deposition Exhibit 1604 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

378.    Admit that deposition Exhibit 1605 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

379.    Admit that deposition Exhibit 1606 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

380.    Admit that deposition Exhibit 1612 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

381.    Admit that deposition Exhibit 1613 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

382.    Admit that deposition Exhibit 1614 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

383.    Admit that deposition Exhibit 1615 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

384.    Admit that deposition Exhibit 1616 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

385.    Admit that deposition Exhibit 1617 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

386.    Admit that deposition Exhibit 1618 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

387.    Admit that deposition Exhibit 1619 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

388.    Admit that deposition Exhibit 1620 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

389.    Admit that deposition Exhibit 1489 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

390.    Admit that deposition Exhibit 1490 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

391.    Admit that deposition Exhibit 1491 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

392.    Admit that deposition Exhibit 1497 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

393.    Admit that deposition Exhibit 1498 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

394.    Admit that deposition Exhibit 1499 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

395.    Admit that deposition Exhibit 1700 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

396.    Admit that deposition Exhibit 1701 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

397.    Admit that deposition Exhibit 1702 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

398.    Admit that deposition Exhibit 1703 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

399.    Admit that deposition Exhibit 1704 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

400.    Admit that deposition Exhibit 1705 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

401.    Admit that deposition Exhibit 1706 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

402.    Admit that deposition Exhibit 1707 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

403.    Admit that deposition Exhibit 1709 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

404.    Admit that deposition Exhibit 1710 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

405.    Admit that deposition Exhibit 1711 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

406.    Admit that deposition Exhibit 1712 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

407.    Admit that deposition Exhibit 1714 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

408.    Admit that deposition Exhibit 1715 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

409.    Admit that deposition Exhibit 2100 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

410.    Admit that deposition Exhibit 2101 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

411.    Admit that deposition Exhibit 2102 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

412.    Admit that deposition Exhibit 2105 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

413.    Admit that deposition Exhibit 2106 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

414.    Admit that deposition Exhibit 2107 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

415.    Admit that deposition Exhibit 2108 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

416.    Admit that deposition Exhibit 2109 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

417.    Admit that deposition Exhibit 2110 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

418.    Admit that deposition Exhibit 2111 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

419.    Admit that deposition Exhibit 2112 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

420.    Admit that deposition Exhibit 2113 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

421.    Admit that deposition Exhibit 2114 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

422.    Admit that deposition Exhibit 2115 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

423.    Admit that deposition Exhibit 2116 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

424.    Admit that deposition Exhibit 2117 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

425.    Admit that deposition Exhibit 2118 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

426.    Admit that deposition Exhibit 2119 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

427.    Admit that deposition Exhibit 2120 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

428.    Admit that deposition Exhibit 2121 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

429.    Admit that deposition Exhibit 2122 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

430.    Admit that deposition Exhibit 2123 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

431.    Admit that deposition Exhibit 2124 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

432.    Admit that deposition Exhibit 2125 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

433.    Admit that deposition Exhibit 2126 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

434.    Admit that deposition Exhibit 2127 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

435.    Admit that deposition Exhibit 2128 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

436.    Admit that deposition Exhibit 2129 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

437.    Admit that deposition Exhibit 2130 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

438.    Admit that deposition Exhibit 2131 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

439.    Admit that deposition Exhibit 2132 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

440.    Admit that deposition Exhibit 2134 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

441.    Admit that deposition Exhibit 1897 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

442.    Admit that deposition Exhibit 1898 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

443.    Admit that deposition Exhibit 1899 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

444.    Admit that deposition Exhibit 2000 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

445.    Admit that deposition Exhibit 2001 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

446.    Admit that deposition Exhibit 2002 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

447.    Admit that deposition Exhibit 2003 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

448.    Admit that deposition Exhibit 2004 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

449.    Admit that deposition Exhibit 2005 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

450.    Admit that deposition Exhibit 2006 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

451.    Admit that deposition Exhibit 2007 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

452.    Admit that deposition Exhibit 2008 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

453.    Admit that deposition Exhibit 2011 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

454.    Admit that deposition Exhibit 2012 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

455.    Admit that deposition Exhibit 2013 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

456.    Admit that deposition Exhibit 2015 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

457.    Admit that deposition Exhibit 2020 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

458.    Admit that deposition Exhibit 2021 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

459.    Admit that deposition Exhibit 2022 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

460.    Admit that deposition Exhibit 2024 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

461.    Admit that deposition Exhibit 2025 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

462.    Admit that deposition Exhibit 2026 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

463.    Admit that deposition Exhibit 2034 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

464.    Admit that deposition Exhibit 2035 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

465.    Admit that deposition Exhibit 2036 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

466.   Admit that deposition Exhibit 2037 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

467.   Admit that deposition Exhibit 2038 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

468.   Admit that deposition Exhibit 2039 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

469.   Admit that deposition Exhibit 2040 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

470.   Admit that deposition Exhibit 2041 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

471.   Admit that deposition Exhibit 2043 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

472.   Admit that deposition Exhibit 2044 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

473.    Admit that deposition Exhibit 2045 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

474.    Admit that deposition Exhibit 2046 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

475.    Admit that deposition Exhibit 2047 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

476.    Admit that deposition Exhibit 2048 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

477.    Admit that deposition Exhibit 2050 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

478.    Admit that deposition Exhibit 2051 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

479.    Admit that deposition Exhibit 3020 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

480.     Admit that deposition Exhibit 3022 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

481.     Admit that deposition Exhibit 3024 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

482.     Admit that deposition Exhibit 3025 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

483.     Admit that deposition Exhibit 3026 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

484.     Admit that deposition Exhibit 3027 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

485.     Admit that deposition Exhibit 3028 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

486.     Admit that deposition Exhibit 3029 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

487.    Admit that deposition Exhibit 3030 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

488.    Admit that deposition Exhibit 3031 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

489.    Admit that deposition Exhibit 3033 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

490.    Admit that deposition Exhibit 3034 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

491.    Admit that deposition Exhibit 3035 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

492.    Admit that deposition Exhibit 3036 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

493.    Admit that deposition Exhibit 3038 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

494.    Admit that deposition Exhibit 3039 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

495.    Admit that deposition Exhibit 3041 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

496.    Admit that deposition Exhibit 3200-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

497.    Admit that deposition Exhibit 3201-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

498.    Admit that deposition Exhibit 3202-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

499.    Admit that deposition Exhibit 3207-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

500.    Admit that deposition Exhibit 3208-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

501.     Admit that deposition Exhibit 3210-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

502.     Admit that deposition Exhibit 3211-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

503.     Admit that deposition Exhibit 3212-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

504.     Admit that deposition Exhibit 3214-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

505.     Admit that deposition Exhibit 3215-Willis in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

506.     Admit that deposition Exhibit 3116 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

507.     Admit that deposition Exhibit 3117 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

508.    Admit that deposition Exhibit 3118 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

509.    Admit that deposition Exhibit 3119 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

510.    Admit that deposition Exhibit 3120 in the MDL 2179 proceedings should not be excluded from evidence by the hearsay rule (*i.e.,* pursuant to the Federal Rules of Evidence 803 and/or 807, the document is not hearsay).

Dated:  July 1, 2011                          Respectfully submitted,

                                              /s/ J. Andrew Langan, P.C.
                                              Richard C. Godfrey, P.C.
                                              J. Andrew Langan, P.C.
                                              KIRKLAND & ELLIS LLP
                                              300 North LaSalle
                                              Chicago, Illinois  60654
                                              Telephone:     (312) 862-2000
                                              Facsimile:     (312) 862-2200

                                              and

                                              Don K. Haycraft (Bar # 14361)
                                              R. Keith Jarrett (Bar #16984)
                                              LISKOW & LEWIS
                                              701 Poydras Street, Suite 5000
                                              New Orleans, Louisiana 70139-5099
                                              Telephone:     (504) 581-7979
                                              Facsimile:     (504) 556-4108

                                              and

                                              Robert C. "Mike" Brock
                                              Covington & Burling LLP
                                              1201 Pennsylvania Avenue, NW
                                              Washington, DC 20004-2401

Telephone:     (202) 662-5985

*Attorneys for the BP Parties*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 1st day of July, 2011.


/s/ J. Andrew Langan, P.C.