UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO.: 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: 11-CV-1200 | MAG. JUDGE SHUSHAN |

## ANSWER OF WOOD GROUP PRODUCTION SERVICES, INC. TO SEAMAN'S COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Wood Group Production Services, Inc., incorrectly named "Wood Production Services, Inc.," (hereinafter referred to as "Wood Group"), and in answer to the Seaman's Complaint of Plaintiff, Paul A. Hebert, avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted

### SECOND DEFENSE

Plaintiff's Complaint is barred by the passage of time and has prescribed.

### THIRD DEFENSE

AND NOW answering separately the allegations of Plaintiff's Complaint, Wood Group avers as follows, responding only for itself and for no other party and denying all allegations against it except as follows:

1.

Wood Group denies the allegations contained in Paragraph 1 of Plaintiff's Complaint for lack of information sufficient to form a belief as to the truth contained therein.

2.

In answer to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Wood Group admits that it is a foreign corporation with its principle place of business in Harris County, Texas, authorized to do and doing business in the State of Louisiana. Except as admitted, the remaining allegations of Paragraph 2 are denied.

3.

Wood Group denies the allegations contained in Paragraph 3 of Plaintiff's Complaint as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

4.

Wood Group denies the allegations contained in Paragraph 4 of Plaintiff's Complaint as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

5.

Wood Group admits that Plaintiff was its employee at all relevant times. Except as admitted the remaining allegations of Paragraph 5 of Plaintiff's Complaint are denied as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

6.

Wood Group denies the allegations contained in Paragraph 6 of Plaintiff's Complaint for lack of information sufficient to form a belief as to the truth contained therein.

7.

Wood Group denies the allegations contained in Paragraph 7 of Plaintiff's Complaint for lack of information sufficient to form a belief as to the truth contained therein.

8.

Wood Group denies the allegations pertaining to it contained in Paragraph 8 of Plaintiff's Complaint and denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

9.

Wood Group avers that no answer is required of it to the allegations contained in Paragraph 9 of Plaintiff's Complaint, but insofar as an answer is required, then same are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth thereof.

10.

Wood Group avers that no answer is required of it to the allegations contained in Paragraph 10 of Plaintiff's Complaint, but insofar as an answer is required, then same are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth thereof.

11.

Wood Group denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, except to admit that there exists a Master Service Contract between Wood Group and BP America Production Company dated February 1, 2006, which is the best evidence of any work, obligations, terms, conditions, warranties, limitations, and/or duties of Wood Group.

12.

Wood Group denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, except to admit that Plaintiff was an employee of Wood Group and to further state that the best evidence of the work, obligations, terms, conditions, warranties, limitations, duties and/or entities involved in the work at issue is/are any contract(s) or agreement(s) in existence between the entities and Wood Group hereby denies any allegations that enlarge, contradict or contravene the foregoing with respect to Wood Group.

13.

Wood Group denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

14.

Wood Group denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Wood Group denies the allegations pertaining to it contained in Paragraph 15, including the subparts (a) through (o), of Plaintiff's Complaint and denies the remainder of the allegations contained in Paragraph 15, including the subparts (a) through (o), of Plaintiff's Complaint as stating legal conclusions and for lack of information sufficient to form a belief as to the truth contained therein.

15.

[Plaintiff's Complaint erroneously contains two Paragraphs entitled 15]

Wood Group denies the allegations pertaining to it contained in Paragraph 15, including subparts (a) through (g), of Plaintiff's Complaint and denies the remainder of the allegations contained in Paragraph 15, including subparts (a) through (g), of Plaintiff's Complaint for lack of information sufficient to form a belief as to the truth contained therein.

16.

Wood Group denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Wood Group denies the allegations contained in Paragraph 17 of Plaintiff's Complaint as stating legal conclusions.

18.

Wood Group denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as stating legal conclusions.

**PRAYER**

Wood Group denies the allegations contained in the prayer of Plaintiff's Complaint to the extent same state allegations against Wood Group and further denies the remainder of the allegations as stating legal conclusions.

**FOURTH DEFENSE**

Paul A. Hebert's alleged accident and injuries, if any, were caused or occasioned by his own fault and neglect, which is pleaded in bar or diminution of recovery herein.

**FIFTH DEFENSE**

In the alternative, Paul A. Hebert's alleged accident and injuries, if any, were the result of avoidable consequences for which Wood Group cannot be held responsible.

## SIXTH DEFENSE

In the further alternative, Paul A. Hebert's alleged accident and injuries, if any, were caused or occasioned by fault, negligence or statutory violations of third parties for which or for whom Wood Group is not legally responsible.

## SEVENTH DEFENSE

In the further alternative, Paul A. Hebert's alleged accident and injuries, if any, were caused or occasioned by the usual and ordinary risks of his employment, by the usual and ordinary risks of offshore oilfield work, or by other known risks, which Paul A. Hebert voluntarily assumed.

## EIGHTH DEFENSE

In the further alternative, Paul A. Hebert's alleged accident and injuries, if any, were caused or occasioned by intervening and/or superseding causes for which Wood Group is not legally responsible.

## NINTH DEFENSE

In the further alternative, Wood Group avers that Paul A. Hebert's alleged accident and injuries, if any, were caused by an unforeseeable, unavoidable accident for which Wood Group cannot be held responsible.

## TENTH DEFENSE

In the further alternative, Wood Group avers that its liability, if any, which it specifically denies, is purely passive and/or technical while the liability of others is actual and/or active, thus entitling Wood Group to full indemnification from those others who were negligent or otherwise at fault.

## ELEVENTH DEFENSE

In the further alternative, Paul A. Hebert failed to take reasonable steps to mitigate his damages, if any.

## TWELFTH DEFENSE

In the further alternative, Wood Group avers that Paul A. Hebert's alleged injuries/medical conditions are not the result of any incident or incident as described in his Seaman's Complaint, but rather pre-existed or occurred prior to or subsequent to the alleged events described in the Seaman's Complaint.

## THIRTEENTH DEFENSE

In the further alternative, Wood Group is entitled to set off and/or credit for all payments made to or on behalf of Paul A. Hebert by any other source, collateral or otherwise.

## FOURTEENTH DEFENSE

Wood Group specifically reserves the right to supplement, amend and/or modify its answer and defenses to conform to such facts as may be revealed during discovery or otherwise.

**WHEREFORE**, defendant, Wood Group Production Services, Inc., incorrectly named "Wood Production Services, Inc.," prays that its Answer to the Seaman's Complaint of Paul A. Hebert be deemed good and sufficient and, after due delays and proceedings be had, there be judgment in its favor and against Plaintiff, dismissing the Seaman's Complaint with prejudice and at Plaintiff's cost, together with such other relief deemed appropriate by the Court.

Respectfully submitted:

**KEAN MILLER LLP**


_/s/Karen Waters Shipman_
**KAREN WATER SHIPMAN (#27320)**
**KELLY S. BAUGHAN(#28840)**
909 Poydras Street, 14th Floor
New Orleans, LA  70112
Telephone:  (504) 585-3050
Facsimile:   (504) 585-3051

Attorneys for Wood Group
Production Services, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of July, 2011, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all known counsel of record.

_/s/Karen Waters Shipman_