# EXHIBIT A



May 15, 2010

**PRIVILEGED AND CONFIDENTIAL**

Mr. John Wright
Sr. Vice President Technology
Boots & Coots
7908 N. Sam Houston Pkwy W
5th Floor
Houston, Texas 77064

Dear Mr. Wright:

      In accordance with the terms and conditions of Master Contract No. BPM-04-00831, I am writing to confirm our oral agreement that Boots & Coots has been retained by BP Exploration and Production Inc. ("BPE&P") on behalf of the BP Incident Investigation Team to perform the work described below.

Scope of Work. For the purposes of this retention, Boots & Coots is being retained as a consulting expert to the BP Incident Investigation Team. Specifically, Boots & Coots has been retained to assist the BP Incident Investigation Team in a root cause investigation and analysis into the TransOcean Deepwater Horizon Rig incident. Boots & Coots' responsibilities may include, for example, assistance in the investigation, modeling, or evaluation of gas bubble migration or circulating kicks potentially related to the incident. The BP Incident Investigation Team and Boots & Coots may, at any time, by written agreement, change, modify, or add work or services to this Agreement.

Confidentiality: It is understood between the Parties hereto that during the term of Boots & Coots' retention as a consulting expert to the BP Incident Investigation Team, Boots & Coots will be dealing with confidential information which is proprietary to BPE&P and to the BP Incident Investigation Team. In particular, Boots & Coots will have access to and be dealing with such confidential matters in connection with Boots & Coots' work for the BP Incident Investigation Team. Boots & Coots agrees that it will not disclose to anyone, directly or indirectly, any information, documents, communications, materials, opinions, theories, or knowledge (hereinafter "Confidential Information") obtained during the course of performing work under this Agreement, except as set forth herein. Boots & Coots may make such disclosure to its employees, contractors, or subcontractors only to the extent necessary to perform services pursuant to this Agreement, provided that all such personnel agree to be bound by and abide by the provisions of this Agreement. Boots & Coots will obtain assurances of confidentiality and nondisclosure from all such personnel who may work on the services being provided pursuant to this Agreement in the form of the attached acknowledgement of confidentiality. (See Exhibit A).

In all other circumstances, Boots & Coots shall only disclose any Confidential Information obtained from BPE&P or otherwise obtained or developed in connection with its services hereunder if (1) authorized to do so in writing by Mr. James Lucari, legal counsel to the BPE&P Incident Investigation Team or (2) otherwise required by law. Boots & Coots further understands that BPE&P and the BP Incident Investigation Team retain the right to disclose any Confidential Information obtained or developed by either party under this Agreement at their sole discretion. The confidentiality obligations set forth herein shall expressly survive the termination of this Agreement for any reason.

Procedure in the Event of Subpoena, Official Requests, Etc.: If any person or entity, including any agency of the United States Government or of any state government or the representative of any branch or committee of Congress or any state legislature, to whom disclosure has not been authorized in writing by the BP Incident Investigation Team

pursuant to this Agreement, requests, subpoenas, or otherwise seeks to obtain any Confidential Information within Boots & Coots' possession or control, Boots & Coots shall immediately inform the BP Incident Investigation Team, and at the BP Incident Investigation Team's request, take such legal measures as the BP Incident Investigation Team may deem necessary or appropriate. Except for measures requiring immediate action to preserve the status quo, Boots & Coots shall consult with BP Incident Investigation Team prior to taking any legal action or making any decision in connection with such legal action.

Preservation of Records, Documents and Confidential Information. Boots & Coots shall retain and preserve all documents, written, electronic, or otherwise recorded, records and other information, including all Confidential Information that is in Boots & Coots' custody and control arising out of Boots & Coots' performance of services under this Agreement. Upon the completion of Boots & Coots' services hereunder, or the termination of this Agreement for any reason, Boots & Coots shall provide all such documents, records and information related to its services hereunder, including any Confidential Information, to the BP Incident Investigation Team.

Termination: Either party may terminate this relationship with sixty days written notice to the other. In the event that Boots & Coots terminates this Agreement, BPE&P requests that Boots & Coots work with the BP Incident Investigation Team as to the schedule and manner of termination. The BP Incident Investigation Team will provide Boots & Coots with written notice stating the effective date of termination if it is decided that Boots & Coots services are no longer needed. In any event, this Agreement shall terminate one year after the date upon which it is executed, unless otherwise extended in writing by the Parties. If termination occurs, Boots & Coots will be paid for all fees and expenses through the termination date.

Independent Contractor: Boots & Coots and any personnel Boots & Coots engages in connection with Boots & Coots' services shall act as independent contractors for BPE&P and the BP Incident Investigation Team, rather than as employees of BPE&P or the BP Incident Investigation Team.

Best Efforts: Subject to the terms of above referenced MSA including but not limited to Article 29, Boots & Coots will undertake all assignments for the BP Incident Investigation Team on a best efforts basis. Boots & Coots' findings and recommendations will reflect Boots & Coots' best independent professional judgment based on the information available to Boots & Coots.

Billing and Payment: Boots & Coots will bill BPE&P at the rates set forth in Exhibit B. Boots & Coots will bill BPE&P by sending a single invoice for services on a monthly basis to BPE&P at the following address:

Barbara Thorn
BPE&P
501 Westlake Park Blvd.
Houston, TX 77079

BPE&P will make best efforts to pay all properly supported invoices within 30 days of receipt.

Standard of Care: In performing services, Boots & Coots agrees to exercise professional judgment, made on the basis of the information available to Boots & Coots, and to use the same degree of care and skill ordinarily exercised in similar circumstances by reputable consultants performing comparable services.

Jurisdiction and Laws. The parties hereto agree that it is their intention and they hereby covenant that this Agreement and the performance hereunder and all suits and special proceedings hereunder be construed in accordance with and under and pursuant to the laws of the State of Texas and that in any action, special proceeding, or other proceeding that may be brought arising out of, in connection with, or by reason of this Agreement, the laws of the State of Texas shall be applicable and shall govern to the exclusion of the laws of any other forum, without regard to the jurisdiction in which any action or special proceeding may be instituted. Further, it is stipulated and agreed by the parties that jurisdiction over any action, special proceeding or other proceeding arising out of, in connection with, or by reason of this agreement shall reside with the courts in Texas.

Please indicate agreement to these terms by signing this letter and returning it to me at your earliest convenience. On behalf of the BP Incident Investigation Team, we look forward to working with Boots & Coots on this matter.

Sincerely,

James Lucari /s/

AGREED TO THIS 1ST Day of May, 2010 by:

_____
For Boots & Coots Services LLC

_____
For BP Exploration & Production Inc.

**Exhibit A**
**Confidentiality Agreement**

I acknowledge that I have been selected by Boots & Coots, to perform work related to Boots & Coots' agreement (the "Agreement")with BP Exploration and Production Inc. related to the investigation of the TransOcean Deepwater Horizon Rig incident. I recognize that, for business and legal reasons, it is essential that all information gathered and developed in connection with this activity be maintained in the strictest of confidence. I will not disclose any such information to any person (other than other members of the Boots & Coots and the BP Incident Investigation Team under the Agreement) unless I have received specific authorization to do so from James Lucari, counsel to the BP Incident Investigation Team on this matter. Further, I will comply with all procedures of the BP Incident Investigation Team which are intended to assure confidentiality.

I further understand that I may have access to material non-public information. I am precluded by law from disclosing such information to unauthorized persons or otherwise using such information for personal profit.

I understand that my undertaking pursuant to this Confidentiality Agreement will survive until notification to me by the BP Incident Investigation Team's legal counsel regardless of my the continuation of my employment or Boots & Coots' Agreement with BPE&P.

Acknowledged this ____ day of _____, 2010.


Signature _____

Print Name_____

**Exhibit B**
**Rate Schedule**

Boots & Coots will bill BPE&P in accordance with the following rates. These rates may be modified only by a written change order between BPE&P and Boots & Coots.

1. For the services of Morten Emilson:
$8,000.00 per man/day
$5,000.00 each per model setup
$5,000.00 each per simulation

2. For the services of Dr. Ray Oskarsen:
$8,000.00 per man/day

3. For the services of John Wright:
$8,000.00 per man/day

4. For other Boots & Coots senior engineers:
$3,500.00 per man day

5. For other Boots & Coots personnel rates in accordance with Master Contract No. BPM-04-00831.