# EXHIBIT B

(Case 4:11-mc-00296, Documents 1 *through* 1-3)

IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WRIGHT | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | (REGARDING MDL NO. 2179 |
| v. | § | PENDING IN THE |
| | § | UNITED STATES DISTRICT |
| UNIDENTIFIED PLAINTIFFS FROM | § | COURT FOR THE EASTERN |
| IN RE:  OIL SPILL BY THE OIL RIG | § | DISTRICT OF LOUISIANA, |
| "DEEPWATER HORIZON" IN THE | § | SECION: J |
| GULF OF MEXICO,   MDL NO. 2179 | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN) |

MISCELLANEOUS ACTION TO PRESENT
MOTION TO QUASH SUBPOENA FOR DEPOSITION OF JOHN WRIGHT

TO THE HONORABLE JUDGE OF SAID COURT:

1.      The witness, John Wright ("Wright"), files this Motion to Quash Subpoena for Deposition that was served on or about June 14, 2011, to appear for his deposition on July 13, 2011 and July 14, 2011, at 10:00 a.m., at the offices of Matthews, Lawson & Johnson, PLLC, 2000 Bearing Drive, Suite 700, Houston, Texas 77057, and respectfully shows the Court as follows.  A copy of the Subpoena is attached hereto as Exhibit "A" for all intents and purposes.

## SUMMARY

- o **The subpoena in question is intended to compel Wright to provide testimony over a**

1

two-day period concerning the famous oil spill of the BP oil well on the Deepwater Horizon rig in the Gulf of Mexico.

o Wright was called in after the disaster, as an employee of Boots and Coots, to investigate certain aspects of the events.

o Because Wright is not a fact witness, and the deposition is seeking his testimony concerning his investigation and findings, he is entitled to be paid for his time, or the deposition quashed.

o The attorneys who issued the subpoena want to take Wright's deposition, but do not want to pay him.  This is a direct violation of Rule

2

## **45(c)(3)(B)(ii) of the Federal Rules of Civil Procedure.**

o **Any subpoena must be issued out of this Court under the Federal Rules of Civil Procedure, but no miscellaneous action was filed from which the subpoena could be issued, and the subpoena is therefore void.**

<u>JURISDICTION</u>

2.      This Court has jurisdiction and venue is proper under Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure.

<u>BACKGROUND</u>

3.      Wright is a specialist in responding to blowout disasters in the petroleum industry.  His affidavit is attached to this motion as Exhibit "B."  For many years, he had his own business, and for responding to emergencies and providing related expert testimony, his normal fee is $8,000 per day.  Based on Wright's knowledge of the petroleum industry, while this may seem a large amount, it is the usual and customary amount for that kind of work.

4.      Shortly before beginning work on the Deepwater Horizon disaster, Wright's company was bought by another company called Boots and Coots.  While employed by Boots and Coots, Wright performed an investigation into certain aspects of the blowout and explosion of the now famous Deepwater Horizon rig.  Part of that investigation included preparing a report for BP, again as an employee of Boots and Coots.  BP was charged $8,000 per day for Wright's services.  Wright later, after his work through Boots and Coots on the Deepwater Horizon rig had ended, resigned his position at Boots and Coots, and is no longer an employee of that company.  Wright continues to work in his chosen profession, and continues to charge $8,000 per day for emergency responses, and $8,000 per day for any expert litigation work related to his profession.

5.      Wright is not a fact witness to anything that happened before the explosion on the rig.  He had no involvement with the well or rig until after the explosion had been incurred.  The report contains his findings and conclusions and is a product of his education, training, and experience.

6.      In May of 2011, Wright was approached to give a deposition in the above-referenced multi-district litigation.  Dates were agreed on in June, but when he indicated that he intended to be paid for his time, he received immediate indications that he would not be paid, and a subpoena was threatened.  Wright was advised that he should hire an attorney, and Wright retained counsel to attempt to resolve matters pertaining to payment for the deposition.

7.      An astounding amount of correspondence between the parties ensued, in which the position of the parties wanting the deposition changed frequently, with little progress.  Without detailing all of the correspondence, here are examples of the various positions:

- o  At one point, Wright's counsel was told that no one objected to paying the $8,000 per day.

- o  At a later date, it was stated that BP would pay Wright's fees.

- o  That was quickly changed and Wright was told me must submit a request to the Court in New Orleans to get paid.

- o  Then counsel for Wright was informed that his deposition would not be taken "at this time."  The parties were going to work out a stipulation as to his report which would make his testimony unnecessary.

- o  Three days later, the subpoena which is the subject of this Motion to Quash was "issued."

- o  When Wright's counsel corresponded with the parties wanting the deposition concerning the subpoena, Wright's counsel was informed that the fee was "exorbitant."

8.      Wright has been informed that another witness, who performed an investigation similar to his, but having to do with hydraulics, is being brought from overseas, expenses paid, and will receive $8,000 per day for his deposition.  Clearly, $8,000 per day is the usual and customary charges for professionals with Wright's specialized knowledge.

5

9.      Wright is scheduled to be in Europe on business from July 6, 2011

through August 7, 2011.  Appearing for the deposition creates an undue burden on

Wright which requesting parties are required to avoid at risk of sanctions under Rule

45(c)(1) F.R.C.P, which states:

**(c)     Protecting a Person Subject to a Subpoena.**

**(1)     Avoiding Undue Burden or Expense; Sanctions.**  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Quashing the subpoena is mandatory under Rule 45(c)(3)(A)(iv), which states:

**(3)     Quashing or Modifying a Subpoena.**

**(A)**     *When Required.*  On timely motion, the issuing court must quash or modify a subpoena that:

**(iv)**     subjects a person to undue burden.

10.     The subpoena is also subject to being quashed under 45(c)(3)(B)(ii),

which states:

**(B)**     *When Permitted.*  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(ii)**     disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party...

Wright prepared a lengthy technical report over a year ago as an employee of Boots
and Coots, which is not a party to this litigation.  So, his work was not requested by a
party, and Rule 45(c)(3)(B)(ii) is specifically designed to protect against subpoenas
used to avoid paying an expert.

    11.    Wright is clearly entitled to be paid for his time, and given the history so
far, it is clear that is an issue that must be resolved before the deposition goes forward
under 26(b)(4)(E)(i) which states:

> **(E)**    *Payment*.  Unless manifest injustice would result, the court must require
> that the party seeking discovery:
>
>     (i)    pay the expert a reasonable fee for time spent in responding to
>          discovery under Rule 26(b)(4)(A) or (D) . . .

    12.    Wright would further show that defects in the subpoena itself are
numerous.  The following  are a few examples:

- Depending on where one looks, the subpoena is for two days, in
  violation of the requirement of Rule 30(d)(1), which states as follows:

  > **(1)**    ***Duration***.  Unless otherwise stipulated or ordered by the
  > court, a deposition is limited to 1 day of 7 hours. . . .

- The subpoena, again depending on where one looks, may be out of
  Florida, which had no jurisdiction, or out of the Southern District of
  Texas, which it is not, as until the action was filed there has been no
  miscellaneous action filed in the Southern District of Texas.

- The failure to issue the subpoena from the federal court in the
  southern district violates 45(a)(2)(B), which states as follows:

**(2)** **_Issued from Which Court._** A subpoena must issue as follows:

**(B)** for attendance at a deposition, from the court for the district where the deposition is to be taken . . .

- The action from which the subpoena is issued is not stated, in violation of 45(a)(1)(A)(i), which states:

**(A)** _Requirements – In General._ Every subpoena must:

(i) state the court from which it is issued . . .

This is predictable, since there is no action filed.

- Or the action stated is not a proper action, since it is not in the district in which the deposition is to be taken.

- The method of recording the deposition is not stated in violation of 45(a)(1)(B), which states:

**(B)** _Command to Attend a Deposition – Notice of the Recording Method._ A subpoena commanding attendance at a deposition must state the method for recording the testimony.

- Then, there is the fact that most of the information in the subpoena asserts it is from the State of Florida.

13.     The subpoena was "issued" by the firm of Colson Hicks Eidson, who were identified as attorneys for Plaintiffs, but Plaintiffs' names were not disclosed. Wright knows of no party from whom to seek attorney's fees, other than that firm. Fees should be awarded because of the clear failure to comply with the Federal Rules of Civil Procedure. Fees to date, including the extraordinary amount of correspondence and the preparation of this motion are approximately $6,746.25 and are still accruing. The affidavit of Wright's attorney, Kurt Arbuckle, is attached to this motion as Exhibit "C."

<u>CONCLUSION</u>

Wright requests that the Court quash his deposition and order that the firm of

Colson Hicks Eidson reimburse John Wright the sum of $6,746.25 plus further accrued

fees, in compensation for expenses and attorneys' fees incurred in trying to resolve this

matter according to the Federal Rules of Civil Procedure, and in preparing and filing this

motion.

<div style="margin-left: 40%">

Respectfully submitted,

KURT ARBUCKLE, P.C.

By:/S/ Kurt Arbuckle _____
    KURT ARBUCKLE
    Texas Bar No. 01284500
    2700 Post Oak Blvd., Suite 950
    Houston, Texas  77056
    713 961-5353
    713 961-5236 Fax
ATTORNEY FOR JOHN WRIGHT

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd of June 2011, a true and correct copy of the foregoing Miscellaneous Action to Present Motion to Quash Subpoena for Deposition of John Wright was sent via fax and certified mail, return receipt requested, to counsel listed below:

<div style="margin-left: 30%">

Guy E. Matthews
Matthews, Lawson & Johnson, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057

Ervin A. Gonzalez
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, Florida  33134

</div>

<div style="margin-left: 40%">

/S/ Kurt Arbuckle _____
KURT ARBUCKLE

</div>

*6·14·11*

*Ray Spiller*
Process Server

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

|  |  |  |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | Civil Action No. |
| v. | ) | |
| _____ | ) | (If the action is pending in another district, state where: |
| Defendant | ) | MDL No. 2179                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  John Wright
      7908 N. Sam Houston Parkway W, 5th Floor

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Matthews, Lawson & Johnson, PLLC | Date and Time: |
|---|---|
| 2000 Bering Drive, Suite 700 Houston, TX  77057 | 07/13/2011 10:00 am |

The deposition will be recorded by this method: _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/03/2011

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's Signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* *Plaintiff's*
*Guy E. Matthews, gmatthews @ matthewsfirm* , who issues or requests this subpoena, are:
                              *.com , 713-355-4200*

## EXHIBIT "A"

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. **2179**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

**CLSS-NWSC
2522 Lower Mason Creek Road
Bandera Texas 78003**

_____
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICK COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, | § | SECTION: J |
| On APRIL 20, 2011 | § | |
| | § | JUDGE BARBIER |
| This Document Relates To:  ALL CASES | § | MAG. JUDGE SHUSHAN |
| | § | |
| | § | |

SUBPOENA FOR DEPOSITION

STATE OF FLORIDA

TO:   John Wright
       7908 N. Sam Houston Parkway  W., 5th Floor
       Houston, TX 77064
       281-931-8884

        YOU ARE HEREBY COMMANDED to appear before a person authorized by law to take depositions, at the offices of Matthews, Lawson & Johnson, PLLC, 2000 Bering Drive, Suite 700, Houston, TX 77057;  Tel: 713-355-4200 on Wednesday, July 13, 2011 and Thursday, July 14, 2011 at 10:00 a.m. (central time zone), for the taking of your deposition in the above styled cause.

        If you fail to appear, you may be in contempt of Court.

        You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.

        DATED ON this 3rd  day of June, 2011.

                                COLSON HICKS EIDSON
                                Attorneys for Plaintiffs
                                255 Alhambra Circle, Penthouse
                                Coral Gables, Florida 33134
                                (305) 476-7400; fax (305) 476-7444

                                By  _Ervin A. Gonzalez_ by permission
                                     Ervin A. Gonzalez                    TBI
                                     Florida Bar No.  500720

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____               _____

                                                                *Server's signature*

                                               _____

                                                             *Printed name and title*

                                               _____

                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**CLSS - NWSC**
NATIONWIDE SERVICE CENTER FEE/COST ACCOUNT
2522 LOWER MASON CREEK ROAD
BANDERA, TEXAS 78003
(800) 899-2577

52935

88-1630/1149

DATE June 13, 2011

PAY
TO THE
ORDER OF _John Wright_                  $ 53.63

_Fifty Three 63/100_ ────────── DOLLARS

**BANDERA BANK**

FOR #62697

⑆052935⑆ ⑈114918305⑈ 036  919⑈

IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WRIGHT | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | (REGARDING MDL NO. 2179 |
| v. | § | PENDING IN THE |
| | § | UNITED STATES DISTRICT |
| UNIDENTIFIED PLAINTIFFS FROM | § | COURT FOR THE EASTERN |
| IN RE:  OIL SPILL BY THE OIL RIG | § | DISTRICT OF LOUISIANA, |
| "DEEPWATER HORIZON" IN THE | § | SECION: J |
| GULF OF MEXICO,   MDL NO. 2179 | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN) |

<u>DECLARATION OF JOHN WRIGHT</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

1.      My name is John Wright.  I am over eighteen (18) years of age and I am fully competent to make this Declaration.  I declare under penalty of perjury that I have personal knowledge of the matters stated herein and they are all true and correct.  This Declaration is made to provide evidence in connection with my Miscellaneous Action  to Present Motion to Quash Subpoena for Deposition of John Wright in the above-titled and numbered case.

2.      I am a specialist in responding to blowout disasters in the petroleum industry.  For many years, I had my own business, and for responding to emergencies

**EXHIBIT "B"**

and providing related expert testimony, my normal fee is $8,000 per day. Based on my knowledge of the industry, while this may seem a large amount, it is the usual and customary amount for that kind of work in the petroleum industry.

3.     Shortly before beginning work on the Deepwater Horizon disaster, my company was bought by another company called Boots and Coots. While employed by Boots and Coots, I performed an investigation into certain aspects of the blowout and explosion of the now famous Deepwater Horizon rig. Part of that investigation included preparing a report for BP, again as an employee of Boots and Coots. BP was charged $8,000 per day for my services. I later, after my work through Boots and Coots on the Deepwater Horizon rig had ended, resigned my position at Boots and Coots, and I am no longer an employee of that company. I continue to work in my chosen profession, and continue to charge $8,000 per day for emergency responses, and $8,000 per day for any expert litigation work related to my profession.

4.     I am not a fact witness to anything that happened before the explosion on the rig. I had no involvement with the well or rig until after the explosion had been incurred. The report contains my findings and conclusions and is a product of my education, training, and experience.

5.     In May of 2011, I was approached to give a deposition in the above-referenced multi-district litigation. Dates were agreed on in June, but when I indicated that I should be paid for my time, I received indications that I would not be paid, and a subpoena was threatened and was told by the same person I needed to retain counsel

for the deposition and they would cover those costs. As a result, I retained counsel to attempt to resolve matters pertaining to the deposition, payment and related issues.

6. An astounding amount of correspondence between the parties ensued (over 50 emails before the subpoena), in which the position of the parties wanting the deposition changed frequently, with little progress. Without dealing all of the correspondence, here are examples of the various positions:

- o At one point, my counsel was told that no one objected to paying the $8,000 per day.

- o At a later date, it was stated that BP would pay my fees.

- o That was quickly changed to I must submit a request to the Court in New Orleans to get paid.

- o Then my counsel was informed that my deposition would not be taken "at this time." The parties were going to work out a stipulation as to my report which would make my testimony unnecessary.

- o Three days later, the subpoena which is the subject of this Motion to Quash was "issued."

- o When my counsel corresponded with the parties wanting the deposition concerning the subpoena, my counsel was informed that the fee was "exorbitant."

7. I have been informed that another witness, who performed an investigation similar to my investigation, but having to do with hydraulics, is being

brought from overseas, expenses paid, and will receive $8,000 per day for his deposition.  Clearly, $8,000 per day is the usual and customary charges for professionals with my specialized knowledge.

8.      On or about June 14, 2011, I was subpoenaed to appear for my deposition on July 13, 2011 and July 14, 2011, at 10:00 a.m., at the offices of Matthews, Lawson & Johnson, PLLC, 2000 Bearing Drive, Suite 700, Houston, Texas 77057

9.      I am scheduled to be in Europe on business from July 6, 2011 through August 7, 2011.  Appearing for the deposition creates an undue burden on me.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 22 day of June 2011.

_____
JOHN WRIGHT

IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WRIGHT | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | (REGARDING MDL NO. 2179 |
| v. | § | PENDING IN THE |
| | § | UNITED STATES DISTRICT |
| UNIDENTIFIED PLAINTIFFS FROM | § | COURT FOR THE EASTERN |
| IN RE: OIL SPILL BY THE OIL RIG | § | DISTRICT OF LOUISIANA, |
| "DEEPWATER HORIZON" IN THE | § | SECION: J |
| GULF OF MEXICO, MDL NO. 2179 | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN) |

<u>DECLARATION OF KURT ARBUCKLE</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

    1.    My name is Kurt Arbuckle. I am over eighteen (18) years of age and I am fully competent to make this Declaration. I declare under penalty of perjury that I have personal knowledge of the matters stated herein and they are all true and correct. This Declaration is made to provide evidence in connection with my Miscellaneous Action to Present Motion to Quash Subpoena for Deposition of John Wright in the above-titled and numbered case.

    2.    I am an attorney licensed in the State of Texas, and am licensed for the Federal District Court of the Southern District of Texas, the Federal District Court for the

**EXHIBIT "C"**

Eastern District of Texas, the Fifth Circuit Court of Appeals, the Eleventh Circuit Court of Appeals, and various pro hac vice appearances in Federal Courts throughout the United States.

3.      I have been Board Certified since 1985 by the Texas Board of Legal Specialization, and am also Board Certified by the National Board of Trial Advocacy in Civil Trial Advocacy.  The National Board of Trial Advocacy is recognized by the Texas Board of Legal Specialization as a qualified certifying organization.  I have been licensed to practice law for approximately 36 years.  During that period of time, I have specialized almost exclusively in civil trial matters.

4.      I am familiar with the usual, customary, and reasonable fees charged by attorneys in the Southern District of Texas in civil trial matters.  Based on my years of experience and specialization, my rate is currently $425.00 per hour, which is the usual, customary, and reasonable rate for a lawyer of my experience in the Southern District of Texas.

5.      I was retained by John Wright when he was threatened to be subpoenaed for his deposition without being paid for his time.  Mr. Wright believed that the lawyer who had contacted him was a lawyer for Halliburton in litigation concerning the famous oilrig explosion and oil spill at the Deepwater Horizon platform in the Gulf of Mexico.

6.      I contacted that attorney by email in an attempt to resolve the issue of fees.  There was also an issue as to whether or not Mr. Wright was bound by a confidentiality agreement with BP, as BP had hired the company for which Mr. Wright worked at the time he did the investigation on the blowout of the well.

7.      What followed was a surprising amount of correspondence in which information was sought from me, but from which very little information was given me. Further, what information was given me, turned out to be incorrect, and changed frequently.  At various times I was told things such as that no one objected to my client's fee rate, BP would be paying the fee, Mr. Wright must go to New Orleans and make an application with the Court to be paid, and finally that his deposition would not be taken, as they were going to stipulate to his report and his deposition would not be necessary.  This correspondence included in an excess of over 50 emails.  I was told that it was not Halliburton that wanted to take the deposition, but that Halliburton was attempting to facilitate the issue for the Court in New Orleans, because Halliburton had bought the company for which Mr. Wright had worked at the time he did the investigation of the well.  At no time was I ever put in touch with the parties who presumably wanted to take the deposition.

8.      Approximately 3 days after I was told that the deposition would not be taken, the subpoena that is attached to this motion was apparently issued.  When Mr. Wright informed me that he had been served with a subpoena, I immediately contacted the attorneys who had "issued" the subpoena and attempted to again resolve the issue of fees.  When I was informed that the issue of fees would not be resolved, I prepared this motion and accompanying affidavits.  The total billable time on this case to date is $6,746.25.  The services performed were necessary, and the amount of the bill is reasonable.  The bill is constituted from the usual and customary charges for work by

attorneys and staff of my experience in the Federal District Court for the Southern District of Texas.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 22nd day of June 2011.


_____

KURT ARBUCKLE