UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: All Cases. | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |

ORDER AND REASONS

[As to BP's Motion to Stay Proceedings Between BP and Anadarko]

Before the Court is **BP's Motion to Stay Proceedings Between Anadarko and BP (Rec. Doc. 2169)**, in which BP seeks to stay Anadarko's cross-claims against BP because of an arbitration clause in the parties' Macondo Well Joint Operating Agreement ("JOA").

On June 16, 2011, the Court issued an Order (Rec. Doc. 2774), concluding that the arbitration provisions of the parties' JOA constituted a broad arbitration clause covering all disputes between the parties having a significant relationship to the contract. Notwithstanding the applicability of the arbitration clause, the Court requested that the parties submit further briefing on the issue of whether BP waived its right to compel arbitration in this litigation. Anadarko and BP have filed supplemental memoranda on this issue (Rec. Docs. 3155 and 3166 respectively), and the Motion is ripe for adjudication.

1

## THE PARTIES' ARGUMENTS

Anadarko advances five arguments in advocating that BP has waived its right to arbitration. First, it claims that BP has made use of written discovery requests and deposition questions to attempt to link Anadarko to operational control over activities on the Deepwater Horizon and to attempt to prove Anadarko's knowledge of BP's conduct. Second, Anadarko contends that BP's position is flatly inconsistent with the position BP takes in a similar dispute with Transocean–namely that by participating in MDL discovery, Transocean has waived any right to compel BP to arbitrate.[1] Third, according to Anadarko, BP's substantial delay in asserting its arbitration rights provides additional grounds for finding of a waiver. Fourth, Anadarko argues that the discovery conduct engaged in by BP was prejudicial to Anadarko. And lastly, Anadarko avers that BP's argument that Anadarko is estopped from asserting that BP has waived its rights is meritless.

BP points to the narrow scope of its discovery that Anadarko claims to have constituted a waiver. Specifically, BP explains that it has filed no pleadings alleging claims against Anadarko. It has noticed no depositions of Anadarko employees. It has served one set of requests for production, one set of requests for admission, and one set of interrogatories on Anadarko, all of which were explicitly conditioned on the outcome of this Motion. BP examined a single Anadarko employee for a total of 75 minutes regarding issues related to BP's MDL defense. It served three

---

[1] Judge Shushan issued an Order on Transocean's Motion for a Protective Order (Rec. Doc. 2963), but the Order did not address whether the arbitration clause there was waived. One chief distinction between the situation here and the one with Transocean and BP is that Transocean filed three complaints against BP. BP has not filed claims against Anadarko.

individual requests for production on other parties related to Anadarko, it asked a few dozen questions at depositions of other parties related to Anadarko, and it identified four Anadarko witnesses on a non-binding list of potential witnesses.

According to BP, its conduct does not come close to the conduct constituting a waiver. BP emphasizes the strong presumption in favor of arbitration and the burden on Anadarko to show that BP substantially invoked the judicial process and that Anadarko was prejudiced. BP explains that its conduct was consistent with the right to arbitrate. Parties who file claims and answer claims typically affirm a waiver of arbitration. Here, BP did not file claims against Anadarko, nor did it answer to Anadarko's cross-claims against BP. BP's answer to Anadarko's cross-claims were due June 20, 2011, and it filed its Motion to Stay on April 27, 2011. Only after Judge Shushan's Order on Anadarko's Motion to Compel did BP serve discovery requests on Anadarko.

To support its position, BP cites to Tennaco Resins, Inc v. Davy Intern., AG, 770 F.2d 416 (5th Cir. 1985), in which the Fifth Circuit found that a defendant who waited eight months before moving for a stay and participated in discovery did not waive its contractual right to arbitrate when the defendant sought to have the action dismissed in its answer to the original complaint because the dispute was covered by an arbitration clause. Similarly, BP invokes Walker v. Bradford & Co., 938 F.2d 575 (5th Cir. 1991), another case in which the Fifth Circuit reversed the district court to find that no waiver had occurred even when the defendant waited thirteen months, participated in limited discovery, and answered the complaint.

BP also argues that Anadarko should be estopped from arguing that any MDL discovery is inconsistent with the JOA arbitration clause because Anadarko successfully contradicted that argument in obtaining an order compelling discovery.

## DISCUSSION

The Court has previously concluded that the arbitration provisions of the parties' JOA constitutes a broad arbitration clause covering all disputes between the parties having a significant relationship to the contract. (Rec. Doc. 2774.) Notwithstanding the applicability of the arbitration clause, the Court requested that the parties submit further briefing on the issue of whether BP waived its right to compel arbitration in this litigation. After reviewing the briefing submitted by the parties and the applicable case law, the Court concludes that BP has not waived its right to arbitration.

Because the burden is on Anadarko to show that waiver has occurred, Anadarko must overcome the strong presumption in favor of arbitration. See, e.g., In re Mirant Corp., 613 F.3d 584, 588 (5th Cir. 2010) ("There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden.") (internal citation omitted). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Id. (citing Walker, 938 F.2d at 577). "[I]n order to invoke the judicial process, a party must have litigated the claim that the party now proposes to arbitrate . . . and must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Subway Equip. Leasing Corp. v. Forte, 168 F.3d 324 (5th Cir. 1999).

Anadarko has not met its heavy burden of demonstrating waiver. BP did not substantially invoke the judicial process by its limited actions–examining a single Anadarko employee, serving three individual requests for production on other parties related to Anadarko, asking a few dozen questions at depositions of other parties related to Anadarko, and identifying four Anadarko

witnesses on a non-binding list of potential witnesses. Notably, BP has not filed cross-claims against Anadarko, nor has it answered Anadarko's cross-claims against it–actions which, if taken, would have tended to show waiver. Furthermore, BP's discovery requests submitted to Anadarko were expressly conditioned on the outcome of this dispute.

A comparison to Tennaco Resins, Inc v. Davy Intern., AG, 770 F.2d 416 (5th Cir. 1985) and Walker v. Bradford & Co., 938 F.2d 575 (5th Cir. 1991) is illustrative. In Tennaco Resins, Inc., the defendant was not barred from invoking arbitration even though it waited eight months before moving for a stay and participated in discovery. The Fifth Circuit hinged its finding on the fact that the defendant sought to have the action dismissed in his original answer because of the arbitration clause. Similarly, in the instant case, BP moved to stay even before filing an answer to Anadarko's cross-claims and also only participated in limited discovery with respect to Anadarko.

Additionally, in Walker v. Bradford & Co., 938 F.2d 575 (5th Cir. 1991), the defendant was not barred from invoking arbitration even though it waited thirteen months, participated in limited discovery, and answered the complaint. In reaching this conclusion, the Fifth Circuit noted in particular that "[t]he district court actions . . . were mainly routine scheduling orders and discovery continuances. Bradford did not ask the court to make any judicial decisions, for example, by requesting summary judgment . . . ." Id. at 577-78. Likewise, in the instant case, BP has not filed claims against Anadarko nor has it asked the Court to make any judicial determinations about the relationship between BP and Anadarko.

In sum, Anadarko has not met its burden to overcome the presumption in favor of arbitration. Accordingly, Anadarko's claim against BP must be stayed pursuant to the arbitration clause in the parties' JOA.

**IT IS ORDERED** that **BP's Motion to Stay Proceedings Between Anadarko and BP (Rec. Doc. 2169)** is hereby **GRANTED** and Anadarko's cross-claims against BP are accordingly **STAYED**.

New Orleans, Louisiana, this 15th day of July, 2011.

_____
Carl J. Barbier
U.S. District Court Judge