LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

LAWRENCE S. KULLMAN
PAUL M. STERBCOW
DAVID A. ABRAMSON
PATRICK J. SCHEPENS
IAN F. TAYLOR
\* A PROFESSIONAL CORPORATION

2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130-6030
TELEPHONE (504) 588-1500
TELECOPIER (504) 588-1514
www.lksalaw.com

HARVEY J. LEWIS\*
OF COUNSEL

Writer's Direct Dial
(504) 588-9722

WRITER'S DIRECT E-MAIL
Sterbcow@lksalaw.com

June 30, 2011

Honorable Carl J. Barbier
United States District Court
Eastern District of Louisiana
500 Poydras Street, Rm. 256
New Orleans, Louisiana 70130

RE:   In Re: Oil Spill by the Oil Rig
      "Deepwater Horizon" in the
      Gulf of Mexico, on
      April 20, 2010
      MDL No. 2179

**Admissibility of Boots & Coots Report**

Dear Judge Barbier:

Pursuant to Sec. 13 of U. S. Magistrate Judge Shushan's June 27, 2011 Order (Doc. 3062), the PSC submits its position regarding the admissibility of the Boots & Coots Report authored by John Wright entitled "Incident Investigation of Well MC252#1, Review of 9-7/8" x 7" Casing Negative Test" (Exhibit A). The PSC seeks this ruling due to demands made by Mr. Wright through his counsel regarding reimbursement of alleged lost income should Mr. Wright be deposed and lack of cooperation in scheduling the deposition.[1]

## BOOTS & COOTS REPORT

As its title states, John Wright was commissioned by BP to investigate the negative test performed aboard the DEEPWATER HORIZON on April 20, 2010. The Executive Summary on page 7 describes his roll as follows:

> I (John Wright) was asked by Kent Corser (the engineering support leader under the Technical & Operations branch of the Horizon Incident Investigation Team) to write an assessment of the negative test performed on the Deepwater Horizon prior to the well

---

[1]   Mr. Wright was subpoenaed to provide his deposition in Houston. He has filed a Motion to Quash the subpoena (Exhibit B).

LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

Hon. Carl J. Barbier
June 30, 2011
Page 2

blowout on April 20, 2010. My findings are summarized in this document.

The report goes on to summarize Mr. Wright's conclusions and describe in exquisite detail his investigation and the basis for said conclusions.

The PSC notes that the second paragraph of the Executive Summary contains the standard reservation language allowing Mr. Wright to change his conclusions. However, this reservation is irrelevant to the admissibility of this document for the reasons stated herein. Further, as of June 30, 2011, Mr. Wright has not undertaken any additional investigation or published any supplemental reports to the best of the PSC's knowledge and belief.

## LAW AND ARGUMENT

District courts are given broad discretion in ruling on the admissibility of evidence. *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 277 (5th Cir. 1991). The party objecting to the admission of evidence must show not only that the court abused this discretion but, also, that a substantial right of the party is affected. *Id.*

The report at issue was requested and funded by BP as part of its effort to investigate the Macondo Well blowout. Neither Boots & Coots nor Mr. Wright was retained as an expert for litigation purposes. The report represents BP's effort to investigate and report on the negative test and its role in the blowout. BP does not contest the authenticity of the report.

The report is relevant pursuant to Fed. R. Evid. 401. All relevant evidence is admissible under Fed. R. Evid 402 unless a specific exception applies. The only possible exception is that the report constitutes hearsay under Fed. R. Evid. 801(c):

> (c) **HEARSAY.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Hearsay is not admissible except as provided by exceptions to the general rule.

Fed. R. Evid. Rule 802.

With respect, the report is admissible as an exception to the hearsay rule. Fed. R. Evid. 801(d) states:

> (d) **Statements which are not hearsay.** A statement is not hearsay if
>
> (2) **Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by the person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a con-conspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and the scope thereof of subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Subsections (C) and (D) are relevant and establish the admissibility of the report. Mr. Wright was clearly authorized by BP to prepare the report. Indeed, he was hired and paid to investigate and provide the very conclusions he provided. Mr. Wright did exactly what he was employed to do, and his conclusions were drawn pursuant to his authority per BP's instructions. For purposes of this focused investigation, Mr. Wright was acting as BP's agent at all times.

In the U. S. Fifth Circuit, an "admission" is a position taken by the adversary, either personally or through an authorized agent, which is contrary to or inconsistent with the contention made in the litigation. *Cox v. ESSO Shipping Co.*, 247 F.2d 629, 632, 1957 A. M. C. 1927 (5th Cir. 1957). In *Cox*, Judge John R. Brown reversed the trial court's refusal to admit in evidence a declaration in a report prepared by the master of the defendant's vessel regarding the cause of a seaman's injury. Judge Brown wrote:

> For and admission, rightly understood but so often confused, in its classic prototype is merely—but significantly—a position taken by the adversary, either personally or through an authorized agent, which is contrary to and inconsistent with the contention now being made in the litigation. It is that simple. It need not have been, as is so often said, an admission against interest, nor is there a need to lay a predicate for its use. **All that is need is an**

LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

Hon. Carl J. Barbier
June 30, 2011
Page 4

> **authoritative statement by the adversary inconsistent with the contemporary litigation position** (emphasis added).

247 F.2d at 632

The U. S. Fifth Circuit has extended this rationale to third parties hired by a litigant to investigate and report on a casualty. The report of marine surveyors hired by a vessel owner to inspect and report on damage constitutes an admission of the hiring vessel owner. In describing such a report, the U. S. Fifth Circuit stated:

> We do not rest this on a holding that the surveyor had authority to make any binding agreement as such. Rather it is a classic case of an admission in its true sense. The law of admissions is primarily the law of agency, not evidence. The surveyor was hired to inspect and report his conclusions and recommendations. In reporting he was doing exactly what he was employed to do. Since part of his acts were to be reported words, his statement was within his authority. As such, it is admissible as an admission from which the trier could draw inferences.
>
> *Compagnie DeNavigation Fraissinet & Cypriene Fabre, S.A. v. Mondial United Corp.*, 316 F.2d 163, 171 n. 10 (5th Cir. 1963).

Survey reports prepared at the vessel owner's request are therefore admissions by an agent of the vessel owner in this circuit. Eight (8) years after *Cox (supra)*, Judge Brown described such a report as follows:

> Without a doubt the actions and reports of Surveyor Dierlam, made by one whose job was to investigate and report, constituted admissions to prove the truth of the declarations made.
>
> *Brown & Root, Inc. v. American Home Assurance Co.*, 353 F.2d 113, 116, 1965 A.M.C. 2689 (5th Cir. 1965).

Five (5) years later, another survey report prepared by an agent for a vessel owner regarding cargo damage was admitted as an admission by an agent made within the scope of his authority. *United States v. Lykes Bros. S.S. Co., Inc.*, 432 F.2d 1076, 1078, 1970 A.M.C. 2208 (5th Cir. 1970).[2]

---

[2] See also *Cameron Offshore Services, Inc. v. M/V PBR-108, her engines, etc., in rem, et al*, 1980 A.M.C. 527 (W. D. La. 1979).

Indeed, the person conducting the investigation need not have been hired directly by the party challenging admissibility. In *Steel Coils, Inc. v. M/V LAKE MARIAN, et al*, 2001 WL 11910555 (E.D. La. 10/5/01), the defendant vessel owner sought to exclude a cargo discharge survey in part as hearsay. Judge Sarah Vance held:

> Regarding the hearsay claim, the court finds that the reports are admissions of authorized agents under FRE 801(d)(2)(C). The rules define admissions made by a party opponent as non-hearsay and there admissible. An admission by a party opponent can come in the form of a statement by a person authorized by the party opponent to make a statement concerning the subject of the case. Both reports were prepared at the request of the defendants through Thomas Miller, Inc., the representative of the vessel owner. (cite omitted) Defendant also argues that agency cannot be found because the surveyors were not directly hired by the defendants, but they fail to cite one case in this circuit requiring such a direct link.

2001 WL 11919555 at *2.

The argument that an agent's statement made only to the principal himself is not an admission has also been rejected by the U. S. Fifth Circuit. In *Theriot v. J. Ray McDermott & Co., Inc.*, 742 F.2d 877 (5th Cir. 1984), the defendant's foreman prepared a report on the plaintiff's accident. In holding that the report was admissible as an admission under Fed. R. Evid. 801 (d), the court stated:

> McDermott does not contend that Hemelt was not authorized to prepare the report; instead McDermott argues that Hemelt was authorized to make statements only to McDermott. This argument must fail. Under the clear precedent of this circuit, an agent's statement, made within the scope of his authority, but made only to the principal himself, is admissible against the principal as an admission. (cites omitted)

742 F.2d at 882.

With respect, John Wright is no different than the marine surveyor hired by a vessel owner to investigate a marine casualty or the condition of marine cargo. Wright was hired by BP Engineering Support Leader Kent Corser to write an assessment of the negative test performed on the DEEPWATER HORIZON prior to the well blowout on

LEWIS, KULLMAN, STERBCOW & ABRAMSON
ATTORNEYS AT LAW

Hon. Carl J. Barbier
June 30, 2011
Page 6

April 20, 2010. (Exhibit A, p. 7, Executive Summary) His findings are in his report. (Id.) His is a direct link to BP, far stronger than that of the surveyor whose report was deemed an admission in *Steel Coils (infra)* Any doubt regarding BP's agency relationship with Mr. Wright or the veracity and reliability of his work is resolved by BP's own conclusion that failure to properly conduct and interpret the negative test aboard the DEEPWATER HORIZON contributed to the catastrophe. (See: BP DEEPWATER HORIZON Accident Investigation Report of September 8, 2010, commonly known as the Bly Report, pp. 38-40; 85-89. (Exhibit C) Despite this conclusion, BP continues to claim that its failure to have a standard written negative test procedure is excusable neglect and that rig owner Transocean bears the brunt of this responsibility. The Wright report belies these contentions and reveals wonton dereliction on BP's part.

With respect, the PSC urges Your Honor to exercise the Court's broad discretion and deem the report entitled Incident Investigation of Well MC 252 No. 1 Review of 9-7/8 inch x 7 inch Casing Negative Test, prepared at BP's request by John Wright of Boots & Coots International, Inc., admissible pursuant to Fed. R. Evid. 801(d)(2)(C) and (D) for the reasons stated herein.

Respectfully submitted,

Paul M. Sterbcow
On Behalf of the PSC

PMS/bb
Enc.
Cc:   Honorable Sally Shushan