UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:<br><br>2:10-cv-02771 | § § § § § | MAG. JUDGE SHUSHAN |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO NALCO COMPANY'S COUNTERCLAIM

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Nalco Company's ("Counter-Plaintiff" or "Nalco") Counterclaims (Doc. 2951), and respectfully shows this Court as follows:[1]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in Nalco's counterclaims. However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in Nalco's counterclaims.

For answer to each and every allegation of Counter-Plaintiff Nalco, HESI responds as follows:

1. The allegations contained in Paragraph 1 are admitted.

2. The allegations contained in Paragraph 2 are admitted.

---

[1] HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of the same.

1

3. The allegations contained in Paragraph 3 are admitted. Transocean's Rule 14(c) Third Party Complaint speaks for itself.

4. The allegations contained in Paragraph 4 are admitted. HESI's First Amended Cross-Claim speaks for itself. HESI denies that it owes Claimants/Plaintiffs or Transocean any sums as a result of the incident made the basis of this proceeding.

5. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 except HESI would note that the Court's May 27, 2011 Order (Dkt. No. 2551) and HESI's allegations against Nalco speak for themselves.

6. With regard to the allegations set forth in Paragraph 6, HESI admits that maritime law applies. The remaining allegations contained in Paragraph 6 relating to the Court's subject matter jurisdiction are legal conclusions that do not require a response.

7. The allegations contained in Paragraph 7 are admitted.

8. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. The allegations contained in Paragraph 9 are admitted, except HESI denies: that it was solely responsible for the design, modeling, placement and testing of the cement that was used in the Macondo well; and HESI denies that through its division Sperry Drilling Services, HESI was solely responsible for mud logging personnel and equipment on the *Deepwater Horizon*, including down-hole drilling tools. BP Exploration & Production, Inc. ("BP Exploration") exercised operational control over HESI's services on the *Deepwater Horizon* and HESI's design, modeling, placement, and testing of the cement used in the Macondo well was subject not only to BP Exploration's operational control but also BP Exploration's direction.

10. The allegations set forth in Paragraph 10 are denied.

11. The allegations set forth in Paragraph 11 are denied.

12. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. The allegations contained in the prayer for relief draw legal conclusions, to which no response is required. HESI denies that Counter-Plaintiff is entitled to indemnification, contribution, judgment, interest, attorneys' fees, or costs from HESI. HESI further denies that Counter-Plaintiff is entitled to any further relief under applicable law.

## AFFIRMATIVE DEFENSES TO COUNTER-PLAINTIFF'S COUNTERCLAIMS

WHEREFORE, HESI respectfully requests that the Court dismiss Counter-Plaintiff's Counterclaims in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

Any injury, damage or loss sustained by Counter-Plaintiff was proximately caused by and/or contributed to by Counter-Plaintiff's own gross, sole, contributory or comparative negligence and/or the willful misconduct of Counter-Plaintiff or its alleged servants, employees, agents or anyone for whom Counter-Plaintiffs are legally responsible and by Counter-Plaintiff failing to take precautions against foreseeable acts or omissions of others. Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

### SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-

defendants, co-defendants, a collateral source, and/or that Counter-Plaintiff receives from any source as compensation for alleged losses.

### THIRD AFFIRMATIVE DEFENSE

The damages referred to in Counter-Plaintiff's Counterclaims were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Counter-Plaintiff's Counterclaims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control and/or the willful misconduct of Counter-Plaintiff or its alleged servants, employees, agents or anyone for whom Counter-Plaintiff is legally responsible and by Counter-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

### FIFTH AFFIRMATIVE DEFENSE

The actions or others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Counter-Plaintiff's alleged damages, and, therefore, Counter-Plaintiff may not recover from HESI as a matter of law, and all such Counterclaims are barred in whole or in part by superseding and intervening causation and because of the willful misconduct of Counter-Plaintiff or its alleged servants, employees, agents or anyone for whom Counter-Plaintiff is legally responsible and by Counter-Plaintiff failing to take precautions against foreseeable acts or omissions of others.

**SIXTH AFFIRMATIVE DEFENSE**

HESI did not owe any duty or warranty, either express or implied, to Counter-Plaintiff and did not breach any such duty.

**SEVENTH AFFIRMATIVE DEFENSE**

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Counter-Plaintiff. HESI is not liable under OPA or maritime law.

**EIGHTH AFFIRMATIVE DEFENSE**

HESI and Counter-Plaintiff were not parties to a contract with each other relating to operations performed on or services related to operations on the *Deepwater Horizon* and, as such, HESI did not owe Counter-Plaintiff any contractual obligations or breach any such obligations.

**NINTH AFFIRMATIVE DEFENSE**

HESI pleads the negligence, superseding negligence and/or breach of duty of Transocean, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

**TENTH AFFIRMATIVE DEFENSE**

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA. 33 U.S.C. § 2702(d)(2). In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, any claim for indemnification and/or contribution for such claims likewise fails.

### ELEVENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Counter-Plaintiff's claims with respect to its oil spill damages or otherwise. HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Counter-Plaintiff's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

### TWELFTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

### THIRTEENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Counter-Plaintiff may not recover on its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Counter-Plaintiff were not foreseeable as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Counter-Plaintiff has not reasonably mitigated its damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's claims or affirmative defenses.

### NINETEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

### TWENTIETH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiff has failed to state a claim upon which relief may be granted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Counter-Plaintiff's Counterclaims be deemed good and sufficient; that after due proceedings, there be judgment denying Counter-Plaintiff's Counterclaims, with all costs to be borne by Counter-Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

Dated:  July 15, 2011

                        Respectfully submitted,

                        **GODWIN RONQUILLO PC**

                        /s/ Donald E. Godwin
                        Donald E. Godwin
                        *Attorney-in-charge*
                        State Bar No. 08056500
                        dgodwin@GodwinRonquillo.com
                        Bruce W. Bowman, Jr.
                        State Bar No. 02752000
                        bbowman@GodwinRonquillo.com
                        Jenny L. Martinez
                        State Bar No. 24013109
                        jmartinez@GodwinRonquillo.com
                        Floyd R. Hartley, Jr.
                        State Bar No. 00798242
                        fhartley@GodwinRonquillo.com
                        Gavin E. Hill
                        State Bar No.  00796756
                        ghill@GodwinRonquillo.com
                        Renaissance Tower
                        1201 Elm, Suite 1700
                        Dallas, Texas 75270-2041
                        Telephone: (214) 939-4400
                        Facsimile: (214) 760-7332

                        and

                        R. Alan York
                        ayork@GodwinRonquillo.com
                        Jerry C. von Sternberg
                        jvonsternberg@GodwinRonquillo.com
                        Misty Hataway-Coné
                        mcone@GodwinRonquillo.com
                        1331 Lamar, Suite 1665
                        Houston, Texas 77010
                        Telephone: 713.595.8300
                        Facsimile: 713.425.7594
                        **ATTORNEYS FOR DEFENDANT**
                        **HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Nalco Company's Counterclaim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 15th day of July, 2011.

                /s/ Donald E. Godwin
                Donald E. Godwin