# BRS Beck Redden & Secrest
A Registered Limited Liability Partnership

July 12, 2011

Re:  MDL No. 2179
     In Re:  Oil Spill by the Oil Rig "Deepwater Horizon"
     In the Gulf of Mexico on April 20, 2010

Honorable Carl J. Barbier
District Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Dear Judge Barbier:

    We write in response to the letter of Mr. Sterbcow, dated June 30, 2011, concerning the admissibility of the Boots and Coots report identified in § 13 of Judge Shushan's June 27, 2011 Order (Doc. 3062).

    Cameron takes no position on Mr. Sterbcow's argument that the Report is admissible against *BP* as non-hearsay under FED. R. EVID. 801(d)(2). Instead, Cameron submits that even if the report, standing alone, were non-hearsay if offered against *BP*, it would remain hearsay and inadmissible if offered against *Cameron* or any other defendant.

    Rule 801(d)(2) provides that a statement "offered against a party" is non-hearsay as to "the party" in specified circumstances. The Rule does not make the statement non-hearsay as to other parties. Accordingly, "[i]t is generally held that a party's statement may not be admitted under [Rule 801(d)(2)] against another party on the same side of the litigation as the declarant party." WEINSTEIN'S FEDERAL EVIDENCE § 801.301[1] at 801-46; *see Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (statement admissible against one defendant under Rule 801(d)(2) not admissible as non-hearsay against a co-defendant). Consequently, standing alone, the Boots & Coots report is hearsay and therefore not admissible against Cameron.

    Thank you for your consideration.

Very truly yours,

David J. Beck

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 – Houston, Texas 77010
Telephone 713.951.3700 – Facsimile 713.951.3720
www.brsfirm.com

383.00017/483425.v1