

**DALLAS**  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

Donald E. Godwin - Shareholder
Board Certified - Civil Trial Law -
Texas Board of Legal Specialization
Direct Dial:     214.939.4412
Direct Fax:     214.939.4803
DGodwin@GodwinRonquillo.com

July 14, 2011

Honorable Carl J. Barbier
U.S. District Court
Eastern District of Louisiana
500 Poydras Street
Room 256
New Orleans, LA  70130

Re:   **Admissibility of Report of Boots & Coots, International, Inc.**

Dear Judge Barbier:

I write to set forth the position of Halliburton Energy Services, Inc. ("HESI") with respect to the admissibility of the Boots & Coots International, Inc. report entitled "Incident Investigation of Well MC252#1 Review of 9-7/8" Casing Negative Test," authored by John Wright and dated May 21, 2010 (the "Report").  It is HESI's position that the Report is admissible.

The Report was commissioned by BP as part of its investigation of the Macondo Well incident that occurred on April 20, 2010.  Specifically, **Boots & Coots International, Inc. ("Boots & Coots") and John Wright were hired by BP to write an assessment of the negative test performed on the Deepwater Horizon prior to the well blowout.**  As such, the Report is unquestionably relevant and admissible unless subject to an exception.  Fed. R. Evid. 402.  This is particularly true given that this case will be tried to the Court and there is therefore little risk of prejudice to any party as a result of its admission.  There is no exception to the admissibility of the Report.  **Because the Report is an admission of BP, it is not hearsay.**

An out of court statement is not hearsay if it is "offered against a party and is. . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."  Fed. R. Evid. 801 (d)(2)(C).

July 14, 2011
Page 2

There is no dispute here that BP specifically authorized (in fact commissioned) Boots & Coots to create the Report. The executive summary of the Report provides "I (John Wright) was asked by Kent Corser (the engineering report leader under the Technical and Operations branch of the Horizon Incident Investigation Team) to write an assessment of the negative test performed on the Deepwater Horizon prior to the well blowout on April 20, 2010." Given that, there can be little question that the Report was authorized by BP and fits squarely into Rule 801 (d)(2)(C). *See United States v. Lykes Bros. Steamship Co.*, 432 F.2d 1076, 1078 (5th Cir. 1970) (admitting damage report as admission of the defendant that had authorized and requested it); *Steel Coils, Inc. v. M/V Lake Marion*, No. Civ. A. 98-3116, 2001 WL 1191055, at *2 (E.D. La. Oct. 5, 2001) (Reports of two third-party marine consultants were admissible under 801(d)(2)(C) where the reports were prepared at the defendants' request). *See also Brown & Root, Inc. v. Home Assur. Co.*, 353 F.2d 113, 116 (5th Cir. 1965) ("Without a doubt the actions and reports of the Surveyor Dierlam, made by one whose job was to investigate and *report*, constituted admissions to prove the truth of the declarations made.") (emphasis in original).

In *Steel Coils, Inc. v. M/V Lake Marion*, the plaintiff sought to admit the report of a marine consultant prepared at the request of the defendant. 2001 WL 1191055, at *2. The consultant was beyond the court's subpoena power and refused to testify unless he was paid an expert fee. The court held that the report was an admission of an authorized agent under Fed. R. Evid. 801 (d)(2)(C).

Likewise, since Wright and Boots & Coots were hired by BP to investigate and analyze the incident, the Report is admissible under Rule 801(d)(2)(D) as a statement made by BP's agent during the scope of the agency. *See Collins v. Wayne Corp.*, 621 F.2d 777, 781-82 (5th Cir. 1980) (expert hired to investigate accident and report his conclusion was agent of defendant for purpose of admissibility of expert's deposition since he was performing the function that defendant had hired him to perform); *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 882 (5th Cir. 1984) (Accident report created by employee of defendant was admissible as agent's statement made within the scope of his authority); *see also Steel Coils, Inc. v. M/V Lake Marion*, 2001 WL 1191055, at *2 ("Defendant also argues that agency cannot be found because the surveyors were not directly hired by the defendants, but they fail to cite one case in this circuit requiring such a direct link.") (decided under Fed. R. Evid. 801(d)(2)(C)).

The Report is admissible for the foregoing reasons. Accordingly, HESI respectfully requests that the Report be deemed admissible for the reasons stated herein.

Respectfully,

Donald E. Godwin

DEG:ms

1704747 v2-24010/0002 CORR

July 14, 2011
Page 3


cc:  Liaison Counsel