UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | | SECTION: J |
| Applies to: All cases. | * * * * * * | JUDGE BARBIER |
| | | MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER AND REASONS

[As to the Admissibility of the Boots & Coots Report]

Before the Court are Plaintiffs' **Motion for Entry of the Boots & Coots Report (Rec. Doc. 3332)** and BP's **Opposition (Rec. Doc. 3321)**. Halliburton has submitted a letter (Rec. Doc. 3344) adopting Plaintiffs' arguments on admissibility, and Cameron has submitted a letter (Rec. Doc. 3345) arguing that the Report at issue is inadmissible as to Cameron.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

BP hired John Wright, an employee of Boots and Coots International, Inc. ("Boots and Coots"), to investigate the Deepwater Horizon blowout. As part of that investigation, Wright investigated and wrote a report to BP regarding a negative pressure test performed aboard the vessel on April 20, 2010. At issue is whether Wright's May 21, 2010 Report on his investigation, dubbed the Boots & Coots Report, is admissible. The Report was submitted for in camera review.

**PARTIES' ARGUMENTS**

Plaintiffs have attempted to depose Mr. Wright, who is no longer employed by Boots and Coots. Mr. Wright retained his private attorney, who filed a motion to quash the deposition in the

1

Southern District of Texas.[1] Since this MDL Court has nationwide jurisdiction over such pretrial matters, the motion to quash is presently pending before Magistrate Judge Shushan. The Plaintiffs' Steering Committee ("PSC") has indicated that if the Boots & Coots Report is admissible, they will not need to depose Mr. Wright.

BP has stipulated to the authenticity of the Report, but objects to its admissibility on the basis of hearsay. The PSC argues that the Report is not hearsay under Fed. R. Evid. 801(d)(2)(C), which provides that admissions by a party-opponent are not hearsay and are thus admissible against the party on whose behalf the statement is made. Alternatively, Plaintiffs aver that the Report falls under 801(d)(2)(D), which deems admissible "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

BP responds that because John Wright was not specifically authorized to speak on BP's behalf, the provisions of 801(d)(2)(C) do not apply. BP points out that other than Wright's own in-document statement, Plaintiffs have offered no evidence that BP ever authorized Wright to create a report on its own behalf concerning negative pressure testing policies.

BP also contends that Plaintiffs' argument under 801(d)(2)(D) fails because Wright was an independent contractor, not an agent or employee, and because Wright was not acting in the scope of his employment when he issued the Report.

Furthermore, BP claims that Wright's Report is hearsay on two levels–first, the Report is an out-of-court statement offered to prove the truth of the matter asserted; and second, the Report is

---

[1] Mr. Wright apparently contends that his deposition should be quashed unless he is paid $8,000 per day for two days of deposition and two days of preparation, or a total of $32,000.

based on out-of-court statements made by others. According to BP, therefore, Plaintiffs have the burden of establishing that the second-level hearsay was independently admissible and the Plaintiffs did even not attempt to do so.

Lastly, BP maintains that the Report is of very little probative value, as the Report was no more than a draft based on incomplete information obtained early in the investigation.

## DISCUSSION

Under the Federal Rules of Evidence, all relevant evidence is admissible except as otherwise provided by the Constitution, an Act of Congress, or some other rule. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Boots & Coots Report detailing the investigation of a test performed on the Deepwater Horizon shortly before the well blowout is clearly relevant to the determination of factual issues in this case.

The question then turns to whether another Rule of Evidence excludes the Report. After reviewing the submissions from the parties and the relevant rules and case law, the Court concludes that the Report falls under 801(d)(2)(C), and accordingly is not hearsay. Therefore, the Report is admissible and will be considered as against BP.

Fed. R. Evid. 801(d)(2)(C) provides that "[a] statement is not hearsay if" "[t]he statement is offered against a party and is" "a statement by a person authorized by the party to make a statement concerning the subject." Wright's Report falls squarely within this provision and thus is not hearsay. Wright and his employer were hired by BP to conduct an investigation of the well blowout. A part of that investigation pertained to a negative pressure test performed aboard the

vessel shortly before the blowout. The Executive Summary to Wright's Report reads:

> I (John Wright) was asked by Kent Corser (the [BP]engineering support leader under the Technical and Operations branch of the Horizon Incident Investigation Team) to write an assessment of the negative test performed on the Deepwater Horizon prior to the well blowout on April 20, 2010.

BP attempts to undercut Plaintiffs' assertion that BP asked John Wright to render a report, but the documents submitted by BP only further buttress the PSC's position. BP attaches the sworn Declaration of John Wright as Exhibit B in which Wright explains that he was hired by BP to perform this particular assessment. BP also attaches as Exhibits C and D, excerpts of deposition testimony from Kent Corser, the BP engineer who hired John Wright to conduct this investigation, whose testimony appears to confirm that Wright was retained to perform an investigation and to submit a report to BP. Accordingly, the Boots & Coots Report is not hearsay since it is "a statement by a person authorized by the party to make a statement concerning the subject." Fed. R. Evid. 801(d)(2)(C).

This case is similar to Steel Coils, Inc. v. M/V LAKE MARION, 2001 WL 1191055 (E.D. La. Oct. 5, 2001), in which the plaintiff sought to admit the report of a marine consultant prepared at the request of the defendant. The consultant was beyond the court's subpoena power and refused to testify unless he was paid an expert fee. Judge Vance deemed the report admissible as an admission of an authorized agent under Fed. R. Evid. 801(d)(2)(C). Id. at *2. Likewise in this case, the May 21 Wright Report was prepared at the request of BP engineer Kent Corser.

BP also argues that the Wright Report is of little probative value since it was a very early draft report made before a large amount of additional information was available. Thus, BP suggests it should be excluded under Fed. R. Evid. 403 because any probative value is substantially outweighed by considerations of undue delay or waste of time at trial. The Court reminds BP that

the Limitation Trial is a bench trial, and the Court will give the Report appropriate weight in light of all other admissible evidence. Nothing will preclude BP or any other party from controverting the accuracy of the Report through other testimony or evidence at trial.

Accordingly, **IT IS ORDERED** that Plaintiffs' **Motion for Entry of the Boots & Coots Report (Rec. Doc. 3332)** is hereby **GRANTED** and that the Boots & Coots Report is admissible as to BP.

**IT IS FURTHER ORDERED** that Plaintiffs' Exhibits to their **Motion for Entry of the Boots & Coots Report (Rec. Doc. 3332)** are hereby **FILED UNDER SEAL**.

New Orleans, Louisiana this 15th day of July, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT