IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J<br><br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## Andrea Fleytas' Memorandum in Support of Her Motion for a Protective Order

The Court should grant a protective order to Andrea Fleytas delaying her deposition until she is medically cleared to testify.

### I.

### Facts

Andrea Fleytas lives in California and worked as a Dynamic Positioning Officer aboard the DEEPWATER HORIZON. On July 14th, her deposition was noticed and is scheduled for July 25th and July 26th in New Orleans. Fleytas currently suffers from severe PTSD. Any "trigger" that reminds her of the April 20th disaster sends her into a panic attack. As a result, her treating psychologist (Dr. Linda Curci) in California does not believe she is medically fit to testify. In fact, Dr. Curci believes a two day deposition could result in a "set back" for Fleytas and impair her chances for improvement. Dr. Curci's has indicated that she is willing to speak with the Court about her concerns if the Court so desires.[1] Given the severity of her condition (and the real possibility that a deposition will only make matters worse), the Court should grant her motion.

---

[1] An affidavit from Dr. Curci and Fleytas' medical records are being provided separately for the Court's convenience.

## II.

## The Court Should Grant Plaintiff's Motion

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . . [by] specifying terms, including time and place, for the disclosure or discovery."  FED. R. CIV. P. 26(c)(1)(B). Here, good cause surely exists.  Fleytas suffers from severe PTSD and her treating physician is concerned with the effect that a deposition may have on her condition.[2]  Consequently, the Court should grant Plaintiff's motion.

## III.

## Conclusion

The Court should grant Fleytas' motion.

---

[2] Moreover, it is possible that Fleytas may assert her Fifth Amendment rights.  She has independent criminal counsel and Plaintiff's counsel is not aware of a decision having been made on this topic yet.  The Court's resolution of this motion will have no effect on the decision.  However, if she does decide to invoke her Fifth Amendment rights, it may make more sense to have MDL counsel convert their deposition outlines to interrogatories and allow Fleytas to assert her Fifth Amendment rights in writing.  This will allow the parties to MDL-2179 to obtain the discovery they need while protecting Fleytas from further psychological harm.  Fleytas' responses could be served on an expedited timeline in order meet any deadlines that the various parties are working under.

2

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*
_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com