UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES
TO CASE NO. 10-3168**

**PROPOSED ORDER RELATING TO
BROWN, CHOY, AND MANSFIELD CASES**

CONSIDERING the stipulations read into the record on May 13, 2011, Rec. Doc. No. 2417 at pp. 13-15, not objected to by any party, IT IS RECITED and then ORDERED as follows:

1. Douglas Brown, Christopher Choy, and Brent Mansfield—Transocean employees—and Dominique Ussin—an Art Catering employee— (collectively, "Plaintiffs") filed suit in Harris County District Court, resulting in Cause No. 2010-25245 in the 234th Judicial District Court of Harris County, Texas. Plaintiff sued several Transocean entities, Halliburton, MI, B.P. Products North America ("BPNA"), and Cameron. Ussin also sued Art Catering, his employer (collectively, the "Original Defendants"). After Cameron removed the case, it was transferred to this Court, resulting in Case No. 10-3168 within MDL 2179.

2. Then, on March 16, 2011, Plaintiffs amended their complaint ("Sixth Amended Complaint"), named several new defendants, and dropped BPNA. Rec. Doc. No. 1522 in MDL 2179 relating to 10-3168. In that pleading, Plaintiffs added the following parties:

        BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Anardarko E & P Company, LP, Anadarko Petroleum Corporation, MOEX Offshore 2007 LLC, MOEX USA Corporation, Weatherford U.S. L.P., Weatherford International, and Dril-Quip, Inc. (hereinafter, the "New Parties").  Plaintiffs dropped one party: BPNA.  On March 22, 2011, Plaintiffs filed a notice of dismissal of the New Parties pursuant to Fed. R. Civ. P. 41.  Rec. Doc. No. 1713 in MDL 2179 relating to 10-3168.  On April 25, 2011, Plaintiffs filed suit against the New Parties, with the exception of Dril-Quip, Inc., in Harris County District Court, resulting in Cause No. 2011-23355 in the 152nd Judicial District Court of Harris County, Texas ("State Court Suit"). On July 6, 2011, BP removed that case to the Southern District Court of Texas ("Federal Suit").

3.    The Court notes that Plaintiffs, the New Parties, and BPNA have stipulated to the following:

    a)    Plaintiffs hereby withdraw their Rule 41 dismissal.  Rec. Doc. 1713 in MDL 2179 relating to 10-3168.

    b)    Plaintiffs' Sixth Amended Complaint is deemed to name the New Parties as Defendants.

    c)    Plaintiffs will non-suit the Federal Suit without prejudice.

    d)    The Federal suit's dismissal will not count as a dismissal pursuant to the two-dismissal rule found in Fed. R. Civ. P. 41(a)(1)(B).

    e)    Pending before the Court is a motion to remand Case No. 10-3168, filed on October 19, 2010.  If the Court grants that motion and holds that the case should be remanded, the Plaintiffs' claims against the Original Defendants and the New

    Defendants will be remanded to Harris County District Court, even though the New Defendants were originally added in federal court.

  f) The New Defendants can move, plead, or otherwise respond to the Plaintiffs' allegations after proper service in accordance with all relevant Pre-Trial Orders.

  g) By the Plaintiffs' omission of BPNA in the Sixth Amended Complaint, the Plaintiffs will be deemed to have dismissed BPNA without prejudice.

4. The Court hereby recognizes the stipulations recited above.

IT IS SO ORDERED this 15th day of July, 2011, at New Orleans, Louisiana.

              _____
              THE HONORABLE CARL J. BARBIER
              UNITED STATES DISTRICT JUDGE