UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| "DEEP WATER HORIZON" IN THE GULF | | |
| OF MEXICO, ON APRIL 20, 2010 | * | SECTION:   J |
| | | |
| THIS DOCUMENT RELATED TO: | * | JUDGE BARBIER |
| 2011-cv-01195-CJB-SS | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND DEFENSES TO ORIGINAL COMPLAINT, FIRST SUPPLEMENTAL AND AMENDING COMPLAINT AND SECOND SUPPLEMENTAL AND AMENDING COMPLAINT OF DUDLEY FOUSSELL ET AL, PLAINTIFFS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Lawson Environmental Service, LLC ("Lawson"), who responds to and Answers the Plaintiffs' Original Complaint, First Supplemental and Amending Complaint and Second Supplemental and Amending Complaint as follows:

### A.

### ANSWER TO ORIGINAL COMPLAINT

Responding to specific allegations of Plaintiffs' Original Complaint, Lawson avers as follows:

1.

The allegations contained in Paragraph 1 of the Original Complaint as to the citizenship and status of Plaintiffs are denied for lack of information sufficient to justify a belief therein; as to the allegations pertaining to Lawson,  Lawson admits that it entered into a Vessel Charter Agreement with some but not all of the Plaintiffs, the provisions of which are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso  ; Lawson specifically denies that it entered into a Vessel

Charter Agreement with Casey Billiot, Dale Chaisson, Gayle Dardar, Gerard Verdin, and Jose Hernandez.  The remainder of the allegations as they relate to DRC and/or BPA and/or BPE require no answer from this defendant.

2.

As to the allegations contained in Paragraph 2 of the Original Complaint regarding Lawson, Lawson admits that it is a Louisiana Limited Liability Company with its principal place of business located in Houma, Louisiana; the remaining allegations contained in Paragraph 2 of the Original Complaint are denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Original Complaint are allegations of law; as such they require no answer from this defendant. However, if answer be deemed necessary, the allegations contained in Paragraph 3 are denied for lack of information sufficient to justify a belief therein.

4.

Regarding the allegations contained in Paragraph 4 of the Original Complaint Lawson admits that it entered into a Vessel Charter Agreement with some but not all of the Plaintiffs, the provisions of which are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso; Lawson specifically denies that it entered into a Vessel Charter Agreement with Casey Billiot, Dale Chaisson, Gayle Dardar, Gerard Verdin, and Jose Hernandez. The remainder of the allegations as they relate to DRC and/or BPA and/or BPE require no answer from this defendant.

5.

The allegations contained in Paragraph 5 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiffs are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

6.

The allegations contained in Paragraph 6 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiffs are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

7.

The allegations contained in Paragraph 7 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

8.

The allegations contained in Paragraph 8 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

9.

The allegations contained in Paragraph 9 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

10.

The allegations contained in Paragraph 10 of the Original Complaint are denied as written; the provisions of the Vessel Charter Agreement entered into between Lawson and some but not all of the Plaintiff are the best evidence of their contents and which are incorporated as if repeated herein verbatim and in extenso.

11.

The allegations contained in Paragraph 11 of the Plaintiffs' Original Complaint are allegations of law and require no answer; however, if answer be deemed necessary, the allegations contained in Paragraph 11 of the Complaint are categorically and specifically denied. Furthermore, it is Title 6 of the Civil Rights Act of 1964 which prohibits racial discrimination; those provisions are contained in 42 U.S.C § 1981, not 28 U.S.C. § 1981.

**ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

12.

The allegations contained in Paragraph I of the Plaintiffs' First Supplemental and Amending Complaint require no answer from this defendant.

13.

The allegations contained in Paragraph II of the Plaintiffs' First Supplemental and Amending Complaint as to the citizenship and status of Plaintiff are denied for lack of information sufficient to justify a belief therein; as to the allegations pertaining to Lawson, Lawson admits that it entered into a Vessel Charter Agreement with Walton Dardar, the provisions of which are the best evidence of their contents and which are incorporated as

if repeated herein verbatim and in extenso;

14.

The allegations contained in Paragraph III of the Plaintiffs' First Supplemental and Amending Complaint are denied for lack of information sufficient to justify a belief therein.

15.

The allegations contained in Paragraph IV of the Plaintiffs' First Supplemental and Amending Complaint require no answer from this defendant.

### ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

16.

The allegations contained in Paragraph I of the Plaintiffs' Second Supplemental and Amending Complaint require no answer from this defendant.

17.

The allegations contained in Paragraph II of the Plaintiffs' Second Supplemental and Amending Complaint as to the citizenship and status of Plaintiffs are denied for lack of information sufficient to justify a belief therein.

III.

The allegations contained in Paragraph III of the Plaintiffs' Second Supplemental and Amending Complaint require no answer from this defendant.

### B.

### DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim against Defendant upon which relief can be

granted.

## SECOND DEFENSE

Defendant avers that Plaintiffs have no cause of action against it.

## THIRD DEFENSE

Defendant avers that Plaintiffs have no right of action against it.

## FOURTH DEFENSE

Defendant affirmatively pleads that it is in no way guilty of fault or breach of contract nor did it cause or contribute to any damages alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

In the alternative, Plaintiffs' damages, if any, (which were specifically denied) were not caused or contributed to by any act or admission on the part of the Defendant or anyone from whom it can be held responsible, but rather with a result of actions or admissions by some third party or parties from whom Defendant cannot be held responsible; however, if the Court finds that Defendant is any way liable to Plaintiffs, which is specifically denied, then Defendant is entitled to an award of contributions and/or indemnity against any third party or parties whose acts or admissions caused and/or contributed to Plaintiffs' damages.

## SIXTH DEFENSE

Defendant avers that any award of damages, payment, or compensation would unjustly enrich Plaintiffs.

## SEVENTH DEFENSE

Defendant affirmatively pleads that Plaintiffs' damages, if any, result from an unforeseen

"Act of God" which is not the responsibility of Defendant.

## EIGHTH DEFENSE

The claims asserted are barred, in whole or in part, to the extent that they are for equitable relief and/or are founded on equitable remedies.

## NINTH DEFENSE

The claims of Plaintiffs are barred because he has not been damaged as a result of any act and/or omission by Defendant.

## TENTH DEFENSE

To the extent that Plaintiffs failed to mitigate, minimize, avoid or abate any damages allegedly sustained, any recovery against Defendant must be reduced by that amount.

## ELEVENTH DEFENSE

In the event, the damages alleged were caused in whole or in part by the culpable conduct of Plaintiffs, then the amount damages otherwise recoverable by Plaintiffs should be extinguished or reduced in the proportion to which the culpable conduct attributable to Plaintiffs bears to the culpable conduct which caused the damages .

## TWELVETH DEFENSE

The obligations of Defendant to Plaintiffs, if any, are subject to offsets to recoveries by the Plaintiffs from other person or entities.

## THIRTEENTH DEFENSE

Plaintiffs' claims asserted are barred, in whole or in part, because they are barred by terms, exclusions, conditions and/or limitations contained in the Vessel Charter Agreement; said Vessel Charter Agreement speaks for itself, and is the best evidence of

the terms of limitations contained therein and are incorporated as if repeated herein verbatim and in extenso.

### FOURTHTEENTH DEFENSE

Defendant reserves the right to amend this Answer by adding defenses, counter claims, cross action claims, by instituting third-party demands as additional facts are obtained through investigation and discovery.

### FIFTEENTH DEFENSE

Defendant denies that it breached any contractual duties to Plaintiffs; however, should Plaintiffs establish a breach of contract, Plaintiffs have not suffered any real damages as a result of said breach.

### SIXTEENTH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' Original Complaint, its First Supplemental and Amended Complaint and Plaintiff's Second Supplemental and Amending Complaints which has not been specifically admitted is hereby denied.

### SEVENTEENTH DEFENSE

Defendant gives notice that it intends to invoke any other defenses that may be available or appear during the subsequent proceedings in this case and hereby reserves the right to amend its response to assert any such defense.

**WHEREFORE**, Defendant, Lawson Environmental Service, LLC, prays that its Plaintiffs Answer to the Original Complaint, Plaintiffs First Supplemental and Amended Complaint and Plaintiff's Second Supplemental and Amending Complaints  be deemed

good and sufficient and that after due proceedings have been had, this Court render Judgment in its favor, with all costs and fees assessed against the Plaintiffs.

**WHEREFORE,** Defendant further prays for all general relief which the justice of the cause may require and to which it may otherwise be entitled and that all expert fees be taxed as costs.

**RESPECTFULLY SUBMITTED:**

**THE SCHWAB LAW FIRM**

/S/ ESTELLE E. MAHONEY
Danna E. Schwab, (#20367)
Estelle E. Mahoney, (#08879)
7847 Main Street
Post Office Box 7095
Houma, Louisiana 70361
Telephone:  (985) 868-1342
Attorney for Lawson Environmental
Service LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Defenses to Original Complaint, First Supplemental and Amending Complaint and Second Supplemental and Amending Complaint or Dudley Fousell et. al. has been served on All Counsel by Electronically uploading the same to Lexsis Nexis File & Serve in accordance with Pretrial Order Number 12, and that the foregoing was electronically file with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2179, on this ____day of _____, 20__.

  /s/ Estelle E. Mahoney
**ESTELLE E. MAHONEY**