UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION:     J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>2:10-cv-03168 | |

**PLAINTIFFS' RESPONSE TO MI L.L.C.'S MOTION TO DISMISS**

Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield and Dominique Ussin, by and through undersigned counsel, file this response to MI L.L.C.'s (hereinafter referred to as MI) Motion to Dismiss.[1]

MI contends that the Court should dismiss Plaintiff's punitive damage claim under general maritime law even though "[h]istorically, punitive damages have been available and awarded in general maritime actions . . .." *Atl. Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561, 2565 (2009). MI did not cite *Townsend*.

MI also contends that Plaintiffs' failed to plead sufficient facts in support of their *res ipsa loquitur* claim. Plaintiffs provided detailed allegations concerning MI's role and control. Moreover, MI is wrong that the instrumentality giving rise to the casualty must have been under its "exclusive" control. Instead, case law provides that a plaintiff may assert a *res ipsa loquitur* claim if there was joint control.

---

[1] Plaintiffs respectfully request that the Court rule on the pending motion to remand before ruling on MI's motion. This case was previously filed in Harris County state court under Cause Number 2010-25245 in the 234th Judicial District Court. Cameron improperly removed it without the timely consent of the named Defendants, asserting a legal theory not recognized in the Fifth Circuit. The parties briefed the remand issue while the case was pending in the Southern District of Texas, which ultimately transferred the case here. The parties again briefed the remand issues. Plaintiffs file this without waiver of their motion to remand nor objections and affirmative defenses they may file in the future related to the Limitation proceeding. Plaintiffs specifically contend that any bench trial related to Transocean's Rule 14(c) tender does not apply to them because they are not participating and are not a party to that proceeding and Transocean cannot rely on Rule 14(c) because it is not a defendant.

## Conclusion

For the foregoing reasons and those in the accompanying Memorandum of Law, Plaintiffs respectfully request that the Court deny MI's motion.

> Respectfully submitted,
>
> **GORDON, ELIAS & SEELY, L.L.P.**
>
>
> /s/*R. Todd Elias*
> R. Todd Elias
> Federal:            21551
> Texas Bar No.:      00787427
> Jeff Seely
> Federal:            30081
> Texas Bar No.:      24033172
> 1811 Bering Drive, Suite 300
> Houston, Texas  77057
> Telephone:    713-668-9999
> Facsimile:    713-668-1980

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that the above and foregoing response will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 19th day of July, 2011.

> /s/*R. Todd Elias*
> R. Todd Elias