UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG           MDL NO. 2179
"DEEPWATER HORIZON" in the
GULF OF MEXICO, on April 20, 2010         SECTION:    J

                                          JUDGE BARBIER

                                          MAGISTRATE JUDGE SHUSHAN

THIS DOCUMENT RELATES TO:
2:10-cv-03168

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE
### TO MI L.L.C.'S MOTION TO DISMISS

Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield and Dominique Ussin, by and through undersigned counsel, file this Memorandum of Law in Support of Their Response to MI L.L.C.'s (hereinafter referred to as MI) Motion to Dismiss.

### STANDARD OF REVIEW

Plaintiffs do not quarrel with the standard of review identified in MI's motion.

### ARGUMENT

A.   <u>Punitive Damages are Available Under General Maritime Law</u>.

MI erroneously contends that the Court should dismiss Plaintiff's punitive damage claim under general maritime law.  It relies on *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S. Ct. 317, 112 L.Ed.2d 275 (1990) to support its argument.  But this is not a death case and moreover, *Atlantic Sounding* limited *Miles'* reach when it found that "[h]istorically, punitive damages have been available and awarded in general maritime actions . . .." *Atl. Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561, 2565 (2009).  *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2626 (2008) also upheld a punitive damages award based solely on federal maritime common law.  MI

did not cite *Townsend* or *Baker*. The Court should rely on those two cases and expressly find that punitive damages are available under general maritime law in a personal injury case.

B.   Plaintiffs Pled Sufficient Facts Supporting its *Res Ipsa Loquitur* Claim.

MI erroneously contends that Plaintiffs failed to assert sufficient allegations supporting their *res ipsa loquitur* claim. Plaintiffs made detailed allegations against MI and their control over mud, drilling fluids, spacers, among other things.

> M-I also known as M-I Swaco, supplies drilling and completion fluids and additives to oil and gas companies in Louisiana and elsewhere, providing pressure control, vessel instrumentation, and drilling waste management products and services. On the *Deepwater Horizon*, M-I provided mud products, including drilling fluids and spacers, engineering services, and mud supervisory personnel, such as mud engineers and drilling fluid specialists, to manage the properties of those fluids in the Macondo Well. M-I employed, planned and/or supervised key fluid activities concerning the Macondo Well, such as the mud displacement that was occurring at the time of the April 20, 2010 Macondo Well blow-out.

(Doc. 1664 at ¶ 13.)

Plaintiffs addressed MI's role in creating the mud displacement plan (¶ 109) and MI's use of an unconventional fluid mixture and an abnormally large amount of spacer (¶ 111). Plaintiffs concluded by making detailed negligence claims, which MI fails to attack.

> As to M-I, the following allegations, among others, have been made by the Plaintiffs/Claimants:
>
> a.   M-I owed and breached duties of ordinary and reasonable care in connection with the drilling operations owed and breached duties to the Claimants to guard against and/or prevent the risk of an oil spill; and
> b.   M-I failed to provide, control and monitor the mud and spacer solutions in a reasonably safe manner.
> c.   Failing to monitor pressure of wells;
> d.   Failing to use adequate weight drilling fluid to prevent gas escape;
> e.   Failing to follow industry protocol and procedure during plug completion phases;
> f.   Use of sea water as weight and gas control medium during drilling and completion processes;

    g. Attempting to carry out drilling operations with substandard and defective cement casing.

(Doc. 1664 at ¶ 140.)

    These allegations are sufficient to survive a motion to dismiss. Ultimately, the tome of deposition testimony may disprove these allegations, expert testimony could be used to defeat them, or Plaintiffs may withdraw this claim later. But Plaintiffs sufficiently pled them. Moreover, *res ipsa loquitur* is essentially an instruction that would accompany a negligence question. As a result, this issue can be dealt with at the charge conference. Finally, MI is wrong that the instrumentalities giving rise to the accident must have been under its "exclusive" control. Cases have also found that the instruction can be given when there was "joint" control. *See, e.g., Aguirre v. Turner Const. Co.*, 501 F.3d 825, 832 (7th Cir. 2007); *see also Pritchard v. Stanley Access Technologies, LLC*, 2011 WL 309662, at *3 (D. Mass. 2011) ("Given that the doctrine of *res ipsa loquitur* may apply against two defendants when there is joint control, it is for the jury to say whether either or both had control.") (citation and internal quotation marks omitted).

## **CONCLUSION**

    For the foregoing reasons, the Court should deny MI's motion.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

/s/*R. Todd Elias*
R. Todd Elias
Federal:           21551
Texas Bar No.:     00787427
Jeff Seely
Federal:           30081
Texas Bar No.:     24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:   713-668-9999
Facsimile:   713-668-1980

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that the above and foregoing response will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 19th day of July, 2011.

/s/*R. Todd Elias*
R. Todd Elias