UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J |
| Applies to:   Insurance Actions                (11-274 and 11-275) | * * * * * * | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER AND REASONS

[As to BP's Motion to Dismiss Transocean's Complaint in Intervention]

Before the Court are **BP's Motion to Dismiss Transocean's Complaint in Intervention (Rec. Doc. 2249)**, Transocean's **Opposition (Rec. Doc. 2666)**, BP's **Reply in Support (Rec. Doc. 2998)**, Transocean's **Sur-Reply in Opposition (Rec. Doc. 3101)**, and BP's **Response to Sur-Reply (Rec. Doc. 3127)**.

BACKGROUND FACTS AND PROCEDURAL HISTORY

The "Insurance Actions" are two declaratory actions in which the Plaintiffs, Transocean's insurers, seek a declaratory judgment that they have no additional-insured obligation to BP because of the express terms of the policies and because of the scope of certain indemnities in a drilling contract between Transocean and BP. Without objection, Anadarko entities and MOEX were granted leave to intervene in the insurance actions for the purposes of asserting their own claims as "additional insured." Transocean was similarly granted leave to intervene without objection.

1

Transocean's Complaint in Intervention seeks a declaration that BP (as well as Anadarko and MOEX) have no rights as "additional insureds" under the insurance policies at issue.

## THE PARTIES' ARGUMENTS

BP moves to dismiss Transocean's Complaint in Intervention for lack of standing, failure to state a claim upon which relief may be granted, and failure to join necessary parties. According to BP, Transocean lacks standing because Transocean does not seek a declaration of any insurance rights or obligations of Transocean itself. If Transocean's view of the law were correct, Transocean could intervene in the insurance actions and obtain an judgment in respect to the insurance rights of BP, Anadarko, and MOEX, but not the insurers (because they are not parties to Transocean's suit) or Transcoean (because Transocean has refused to claim in respect to its own insurance rights). Furthermore, BP avers that Transocean has not named any of its insurers, who BP contends are necessary parties, and that accordingly, Transocean has pled no actionable claims against any of the named Defendants in its Complaint–Anadarko, MOEX, and BP.

Transocean responds that it does have standing to pursue declaratory relief in a lawsuit to determine coverage under insurance policies in which Transocean is the sole named insured. Transocean points out that the rights sought by BP, Anadarko, and MOEX, if established, proportionally decrease the rights of Transocean to the finite sum allowable under its policy. Transocean explains that it did not name its insurers as Defendants because it has no current dispute with its insurers over the interpretation and operation of its policies.

In the alternative, Transocean argues that if the Court agrees with BP, that rather than dismiss Transocean's Complaint in Intervention, the Court should allow Transocean leave to amend its Complaint. BP is amenable to this alternative proposed solution, provided that Transocean names

as Defendants all insurers in respect to whose policies it seeks any declaratory relief.

## DISCUSSION

After reviewing the memoranda submitted by the parties, the Court concludes that BP's Motion to Dismiss must be denied. The Court finds that Transocean has standing to intervene as a Plaintiff in the insurance actions for the reasons that Transocean emphasized in its Opposition–namely that Transocean is the sole named insured on the policies in question and because if the Court rules in favor of BP, Anadarko, and MOEX, the amount to which Transocean is entitled under its insurance policies will be proportionally decreased. The Court is not dissuaded by the Warth v. Seldin, 422 U.S. 490 (1975), line of precedent cited by BP. These cases stand for the principle that plaintiffs are prevented from asserting the legal claims of third parties. However, in this instance, Transocean is not asserting the rights of another party–it is asserting its own right to potentially recover a larger percentage of the coverage limits available under its insurance policies.

The Court also concludes that Transocean need not amend its Complaint in Intervention, as Transocean has intervened as a Plaintiff and does not contest the position of its insurer.

**IT IS ORDERED** that **BP's Motion to Dismiss Transocean's Complaint in Intervention (Rec. Doc. 2249)** is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of July, 2011.

_____
Carl J. Barbier
U.S. District Court Judge