UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig      MDL NO. 2179
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010     SECTION J

Applies to: *All Cases*     JUDGE BARBIER
    MAGISTRATE JUDGE SHUSHAN

## SUPPLEMENTAL ORDER

**[Regarding the Motion of Andrea Fleytas for a Protective Order]**

On July 19, 2011, an order was issued permitting the deposition of Andrea Fleytas to proceed by video from California (where Ms. Fleytas resides). She notified the parties that she intends to invoke her Fifth Amendment rights. The order provides that Transocean may question her about maintenance and cure issues. Rec. doc. 3360. On July 20, 2011, counsel for Ms. Fleytas notified the Court that she will invoke the Fifth Amendment as to all questions asked of her, including Transocean's questions regarding her claim for maintenance and cure (Rec. Doc. 3380). Counsel for Ms. Fleytas sought to clarify that all parties and the Court were in accord with this position.

The Court has not been presented with a motion raising the issue of whether Ms. Fleytas or any other Transocean employee is entitled to assert the privilege in response to questions on maintenance and cure as opposed to the incident. The Fifth Circuit stated:

> [A] court must ordinarily make two inquiries to determine whether a witness is entitled to assert the privilege and refuse to respond to questioning. First, the court must determine whether answers to the questions might tend to reveal that the witness has engaged in criminal activities. If the answers could not be incriminatory, the witness must answer. If answering the questions might incriminate the witness, the court must next ask whether there is a risk, even a remote risk, that the witness will be prosecuted for the criminal activities that his testimony might touch on.

In re Corrugated Container Anti-Trust Litigation, 620 F.2d 1086, 1091 (5th Cir. 1980)(citations omitted). If Ms. Fleytas refuses to answer the maintenance and cure questions and Transocean files

a motion contending that she is not entitled to assert the privilege as to those questions, the Court will be required to make the inquiries. In the first instance, counsel for Ms. Fleytas will have to make the inquiry in response to the maintenance and cure questions. The Court will not rule on the issue until Transocean presents a motion. If it is determined that Ms. Fleytas was not entitled to assert the privilege, she will be required to re-appear for a deposition regarding the maintenance and cure questions.

New Orleans, Louisiana, this 20th day of July, 2011.

                              **SALLY SHUSHAN**
                              **United States Magistrate Judge**