# LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

July 15, 2010

**Don K. Haycraft**

Direct: (504) 556-4128
dkhaycraft@liskow.com

**Via Email**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179
Our File No.: 10451.084

Dear Judge Shushan:

This letter responds to Halliburton's Motion for Protective Order filed yesterday afternoon (Rec. Doc. No. 3318). Halliburton requests a hearing 20 hours after its filing. Halliburton's motion lacks merit and should be denied. BP does not concede that it should be required to respond in such quick fashion, and requests a reasonable time to brief these issues fully if required. In the meantime, BP makes the following points:

- **BP's Written Discovery is Timely**

Halliburton admits service of BP's requests for admission and interrogatories occurred on July 1. Responses are due on July 31; the weekend due date gives Halliburton a due date of August 1, absent extension. No order of this Court has established a deadline for requests for admission and interrogatories to be served on other parties.

Indeed, the Court indicated in its Memorandum emailed to Liaison Counsel on July 12 that no *further* written discovery may be issued after July 12 without leave of court. Halliburton would have the Court retroactively annul prior discovery requests served 11 days prior to the Court's newly-issued cut-off date. BP does not believe that is the intent of the Court.

LISKOW&LEWIS                                                                    Page 2

July 15, 2011

- **Aspects of PTO No. 27 Have Been Superseded**

Halliburton strains to locate support in PTO No. 27 in which it is stated that written discovery shall conclude on July 31 together with the footnote: "This deadline includes the filing of motions to compel in sufficient time to allow disposition of the motion on or before that date." Rec. Doc. No. 1075, at p. 1 n.2.

The same PTO allows for 15 days a month for depositions. Reality has set in since the halcyon days of January. Many deadlines have been tweaked since January through the weekly discovery conferences. Precision of written discovery deadlines is only now being imposed as fact discovery nears its end.

- **Halliburton Misconstrues FRCP 6(d)**

Halliburton may well, in some technical sense, correctly tally its precise due date with its attention to the "three day mailing rule" that appears a bit antiquated in this case. But taking their interpretation at face value, tacking on three days to the due date does not make BP's July 1 service untimely.

Fact discovery continues in this case and will do so beyond July 31. Transocean at this moment is responding, per Court order, to BP's discovery. The United States is beginning to respond to BP's discovery. BP and Halliburton continue to meet and confer regarding Halliburton's responses to BP's earlier sets of discovery. Depositions are being scheduled for August, September, and October. There are limits, but the exigencies of this case require flexibility in termination of any party's right to defend itself in this case. Reasonable limits are being set. Halliburton's argument contradicts any concept of reasonableness.

- **Motions to Compel Do Not Control**

Halliburton's final argument puts the cart before the horse and anticipates that it will not respond on time or adequately. Therefore, Halliburton says that BP will be untimely with any motion to compel after August 1. Therefore, under its logic, BP's discovery must be served at some unspecified time before June 29, or else a motion to compel would necessarily be untimely. Given the paucity of motions to compel, at a point where more than four million pages of documents have been produced in less than ten months post-MDL, Halliburton's argument ignores the actual practice in this case. BP hopes not to need to file a motion to compel; if it does, however, employment of Halliburton's recent methodology will allow it to request consideration on a Friday morning in early August after filing its motion on Thursday afternoon. That will certainly expedite issues. In any event, BP will not only allow the due date to be August 4 rather than August 1, it pledges to meet and confer promptly with Halliburton and bring any deficiencies to the Court's attention for prompt resolution. This, after all, is the procedure that is being employed with the States' and Anadarko's pending responses. The goal will be to bring these issues to resolution before the August 26 expert report deadline for the PSC and the United States/States.

LISKOW&LEWIS

July 15, 2011

- **Halliburton's "Meet and Confer"**

Halliburton's motion was filed within an hour or two of Halliburton's request for a meet and confer on this issue earlier today. This suggests either insincerity in the purposes of such a request for conference or a desire to spring something on BP's counsel during one of the more pressured weeks of this discovery process. The Court should note that this discovery was served on Halliburton on July 1. The next conference with Your Honor was a week later. No objection by Halliburton (either verbal or by email) was made. Now, 13 days later, on the eve of the second discovery conference since the complained-of discovery was served, Halliburton files a motion and asks for immediate consideration. This behavior runs counter to the spirit that animates this difficult litigation. BP hopes it is not repeated.

Sincerely,

Don K. Haycraft

DKH/apf

cc: MDL Liaison and Coordinating Counsel