

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

DONALD E. GODWIN - SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:    214.939.4412
DIRECT FAX:    214.939.4803
DGodwin@GodwinRonquillo.com

July 15, 2011

Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re:   In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179 – Reply to BP's July 15, 2010, letter on HESI's Motion for Protective Order

Dear Judge Shushan,

This letter constitutes a response to BP's letter to you this morning regarding BP's late served discovery.  A few minutes before midnight on July 1— the Friday before a long holiday weekend when lead counsel was traveling home from London — BP served HESI with a third round of written discovery including 510 requests for admission and dozens of interrogatories. Contrary to BP's assertions, the parties did not linger in raising questions about the timeliness of this discovery.  To the contrary, Anadarko, who was also served with discovery on July 1, requested the Court's guidance on this issue at the Working Group Conference on July 8, 2011, following service of the discovery requests, noting that the timeliness issue applied to HESI as well.  *See* July 8, 2011, Tr. at 14-15, Rec. Doc. 3325.  In response to this query, the Court issued a memorandum on July 12 stating that no more Phase One written discovery was permitted and that: "The deadline for responding to permitted written discovery has expired."

Regarding calculations of discovery response time, Federal Rule of Civil Procedure 6 means what it says, and is in no way "antiquated".  Notably, the federal judiciary has amended both Rules 5 and 6 in the last five years without altering the additional three days allowed for responding to electronically served discovery.  The 33-day response time for any discovery that is not hand delivered is still the law.

Likewise, PTO 27's Phase One discovery cut-off date of July 31 controls.  No further orders of this Court have superseded that date, and thus all written discovery was to be filed not

1707265 v1-24010/0002 PLEADINGS

July 15, 2011
Page 2

only in time for responses by July 31, but also in time to dispose of any motions to compel. Because Rule 6 added three days to the response time, HESI's discovery responses would not be due until August 3, making BP's service date of July 1 too late

      Finally, BP is correct that reasonable limits are being set in this case. That is exactly what HESI requests here: the enforcement of reasonable limits on the timing and volume of written discovery. Excessive discovery filed 30 days and four minutes before the Phase One discovery cut-off date is filed too late under Federal Rules of Civil Procedure 5(b)(E), 6(d), 33(b)(2), 36(a)(3), this Court's PTO 27, and this Court's subsequent working group orders and conferences. *See* Rec. Doc. 3238 at 1-2, 3062 at ¶ 19, July 12 Memo. HESI requests the Court to relieve HESI of any obligation to respond to BP's late and onerous written discovery requests.

      As the Court is aware, substantial resources are and must be devoted to responding to BP's voluminous discovery. HESI respectfully requests guidance from the Court as soon as possible. In the event that the Court needs additional time or briefing on this issue, HESI requests the Court to suspend any deadlines associated with BP's late discovery.

      Sincerely,

      */s/ Donald E. Godwin*

      Donald E. Godwin