UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**TRANSOCEAN'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER AND LEAVE TO SERVE ADDITIONAL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 33, and move the Court for a protective order from answering the BP Parties' ("BP") untimely Second Set of Interrogatories to Transocean ("Second Interrogatories"). Alternatively, should Transocean be required to respond to the Second Interrogatories, Transocean moves for leave to serve BP with "clean-up" Interrogatories and Requests for Admissions. In support thereof, Transocean would respectfully show this Court as follows:

**BACKGROUND**

On May 5, 2011, Transocean moved for leave "to serve discovery of its own beyond the current deadline of April 29, 2011," as an alternative, if the Court denied Transocean's motion for a protective order from discovery requests from BP, Anadarko, and MOEX (the "Motion"), based on arbitration agreements between Transocean and BP. Rec. Doc. 2261. Transocean

1

objected to BP's, Anadarko's, and MOEX's discovery requests because Transocean was concerned that any response might waive its rights to compel arbitration. In accordance with this concern, pending resolution of its Motion, Transocean did not serve any discovery on BP – no requests for production, no interrogatories, no requests for admissions – so as not to jeopardize its right to arbitrate. Rec. Doc. 2261-1 at 6, 9. Recognizing its distinct disadvantage in obtaining information, Transocean asked the Court to allow it to serve discovery requests on BP beyond the April 29, 2011 deadline, if the Court ordered Transocean to answer BP's demands.

On June 21, 2011, regarding Transocean's Motion, the Court ordered Transocean to respond to BP's discovery requests, but denied Transocean's request to conduct discovery on BP (the "Order"). Rec. Doc. 2963 (The Court did rule that Transocean's discovery responses would not waive any of Transocean's arbitration rights. *Id*. at 3). The Order stated: "Transocean's request to serve written discovery on BP is denied." Rec. Doc. 2963 at 4. Notably, the Order did not differentiate between requests for production, interrogatories, or requests for admissions. Based on the plain wording of the Court's refusal to allow Transocean to serve "written discovery," Transocean did not serve BP with any discovery following the Order—no requests for production, no interrogatories, no requests for admission.

On July 1, 2011, BP served Transocean its Second Interrogatories. Attached as Ex. A. On July 14, 2011, Halliburton Energy Services, Inc. ("HESI") filed a motion for protective order ("HESI's Motion") regarding discovery requests that it had received from BP, also on July 1, 2011. On July 19, 2011, the Court declined to find that BP's discovery was not timely. In relevant part, the Court stated that "[t]he deadlines for service of interrogatories and requests for admissions for Phase One were not completely clear. The order of July 18, 2011 provides that no party may serve any further Phase One written discovery, including interrogatories and

2

requests for admission without leave." Rec. Doc. 3365 at 1. The Order with respect to HESI's Motion is distinguishable from the instant motion, however, because the June 21 Order on Transocean's Motion for Protective Order made clear that the discovery deadlines between Transocean and BP had past.

## ARGUMENT

A.   *BP's Second Interrogatories are Untimely under this Court's June 21, 2011 Order re the Motion of Transocean for Protective Order and the June 24, 2011 Working Group Order*

BP's Second Interrogatories served July 1, 2011, are untimely as they were served after the June 21, 2011 Order, which prohibited Transocean from serving any written discovery requests on BP after April 29, 2011. Specifically, the Court ruled that "Transocean's request to serve written discovery on BP is denied," explaining that the "request to conduct discovery came well after the April 29, 2011 deadline," and "comes too late in the Phase I discovery process." Rec. Doc. 2963 at 4. The Court made no distinction between document requests or any other type of written discovery. Accordingly, there is no reason why BP's Second Interrogatories are not likewise "too late in the discovery process" under the June 21 Order that denied Transocean the ability to serve any post-April 29 discovery requests on BP.

BP's interrogatories are also untimely under the Order following the June 24, 2011 Working Group Conference, which explained that with limited exception, "[a]ll written discovery for Phase One is to be complete by July 1, 2011." Rec. Doc. 3062 at ¶ 19. The exceptions were: "(a) the custodial file production for Phase One Fact Witnesses; (b) document production from the United States (due July 31, 2011); (c) Transocean's document production for its internal report; (d) Transocean's responses to BP's discovery (BP and Transocean will present an agreement on the deadline for these responses); and (d) [sic] document production

3

associated with discovery of Phase One experts." *Id.* Although item (d) referenced Transocean's responses to BP's discovery, there can be no question that this referred to BP's then-pending requests. No exception was made for additional discovery requests from BP to Transocean after the date of that Order.

**B.** *The July 19, 2011 Court Order re Halliburton's Motion for Protective Order is Distinguishable*

HESI's motion demonstrates the parties' understanding that the deadline for serving written discovery had passed. *See* Doc. Rec. 3318; *see also* Transcript re Status Conference Before Judge Shushan, dated July 15, 2011, at 19 (Anadarko attorney Tony Fitch stating that BP's discovery request served July 1, 2011 is untimely). Even though the Court ruled that BP's requests to HESI were not untimely, Doc. Rec. 3365, Transocean's motion is distinguishable from HESI's motion because June 21 Order clearly established that as between Transocean and BP additional written requests discovery were untimely. Accordingly, the Court's Order regarding HESI's Motion should have no bearing on the timeliness of BP's Second Interrogatories to Transocean.

**C.** *If BP's Second Interrogatories are Permitted, Equity Demands that Transocean should have Leave to Serve BP Interrogatories and Requests for Admissions*

Alternatively, if Transocean is required to respond to BP's Second Interrogatories, equity demands that Transocean be granted leave to serve BP with "clean-up" interrogatories and requests for admissions.[1] Prior to Transocean's Motion for a Protective Order, filed May 5,

---

[1] Transocean understands from the Court's Order on HESI's Motion that written discovery at this stage in the proceeding should be in the nature of "clean-up" discovery and seeks only to serve limited interrogatories and requests for admission to discover information that Transocean has been unable to obtain through depositions or documents produced by BP.

4

2011, and pending the Court's decision on that Motion, Transocean did not serve any discovery on BP so as not to jeopardize its right to compel arbitration. Even though the Order ruled that Transocean's discovery responses would not waive any of Transocean's arbitration rights, that same Order ruled that conducting any further discovery was prohibited. Based on the plain wording of the Court's refusal to allow Transocean to serve "written discovery," Transocean did not serve BP with any interrogatories or requests for admissions following the Order. Transocean's efforts to comply, first, with the terms of the arbitration agreement between Transocean and BP, then second, with the terms of the Court's Order, have worked an inequitable result and placed Transocean at a distinct disadvantage in gathering information from BP.

Further, the Court ordered Transocean to answer BP's requests because the discovery served on Transocean by BP is relevant to BP's cross-claims against parties other than Transocean. Doc. Rec. 2963 at 3. By not being able to conduct any discovery from BP, Transocean has been constricted from gathering information that is relevant to Transocean's cross-claims against parties other than BP. Consequently, Transocean is not only disadvantaged against BP, but also against those other parties. To allow BP to serve the Second Interrogatories, without allowing Transocean to serve interrogatories and requests for admission in return, only compounds the inequities that have already been wrought.

## CONCLUSION

For the foregoing reasons, Transocean seeks an Order protecting it from answering BP's untimely Second Interrogatories. Alternatively, should Transocean be required to respond to the Second Interrogatories, Transocean moves for leave to serve BP with "clean-up" Interrogatories and Requests for Admissions with respect to discovery that Transocean has been unable to obtain

5

to date through depositions or documents produced by BP.

Respectfully submitted,

By:     /s/ Steven L. Roberts
    Steven L. Roberts (Texas, No. 17019300)
    Rachel Giesber Clingman (Texas, No. 00784125)
    Kent C. Sullivan (Texas, No. 19487300)
    Teri L. Donaldson (Florida, No. 784310)
    Sutherland Asbill & Brennan LLP
    1001 Fannin Street, Suite 3700
    Houston, Texas 77002
    Telephone: (713) 470-6100
    Facsimile: (713) 654-1301
    Email: steven.roberts@sutherland.com,
    rachel.clingman@sutherland.com,
    kent.sullivan@sutherland.com,
    teri.donaldson@sutherland.com

By:     /s/ Kerry J. Miller
    Kerry J. Miller (Louisiana, No. 24562)
    Frilot, L.L.C.
    1100 Poydras Street, Suite 3700
    New Orleans, Louisiana 70163
    Telephone: (504) 599-8169
    Facsimile: (504) 599-8154
    Email: kmiller@frilot.com

-and-

By:     /s/ Edwin G. Preis, Jr.
    Edwin G. Preis, Jr. (Louisiana, No. 10703)
    Edward F. Kohnke, IV (Louisiana, No. 07824)
    Preis & Roy PLC
    102 Versailles Boulevard, Suite 400
    Lafayette, Louisiana 70501
    Telephone: (337) 237-6062
    Facsimile: (337) 237-9129

    -and-

    601 Poydras Street, Suite 1700
    New Orleans, Louisiana 70130
    Telephone: (504) 581-6062
    Facsimile: (504) 522-9129
    Email: egp@preisroy.com,
    efk@preisroy.com

Of Counsel:

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com


Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com


*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been electronically filed using the Court's CM/ECF system and served on All Counsel by uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on July 25, 2011.

s/Kerry J. Miller_____