# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

July 20, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I write on behalf of BP in response to the PSC's July 18 letter regarding "BP Contracts re Gulf of Mexico ('GOM') Drilling Operations."

The PSC concedes that BP has produced all of the contracts that the PSC sought from BP related to the Deepwater Horizon rig.  The PSC now seeks BP's contracts with two contractors, Noble and Pride, for their work relating to rigs other than the Deepwater Horizon.  Noble and Pride did not work on the Macondo well before the April 2010 incident.[1]  Noble and Pride are primarily rig contractors, meaning they lease rigs and/or provide crews to operate and maintain rigs, and any contracts for the lease and operation of rigs would be rig-based, as was BP's Deepwater Horizon contract with Transocean.  The PSC asserts that "the Noble and Pride contracts, when analyzed alongside the Macondo well contracts, will illustrate BP's business patterns and practices of accepting responsibility for certain drilling operations in the Gulf of Mexico."

The GoM Noble and Pride contracts for the lease or operation of drilling platforms and rigs are irrelevant to the question of whether BP assumed responsibility for Deepwater Horizon/Macondo operations.  The contractual evidence regarding whether BP assumed responsibility for various Deepwater Horizon operations comes from the Deepwater Horizon contracts themselves, which the PSC concedes have already been produced.  The PSC offers no facts to support its speculation that non-Deepwater Horizon contracts could somehow be relevant

---

[1] Noble may have done some work on the post-incident response effort. BP is in the process of determining whether it has any contracts with Noble for the post-incident response effort.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
July 21, 2011
Page 2

to this issue. The Deepwater Horizon contracts speak for themselves regarding allocation of responsibilities, and the PSC does not allege that the Deepwater Horizon contracts are ambiguous in any respect relevant to the PSC's argument. And even if the PSC could point to specific ambiguities in the already-produced Deepwater Horizon contracts, the PSC cites no caselaw for the proposition that a party's "business practices," as derived from that party's separate contracts with separate entities for separate projects, are relevant to resolving those ambiguities. Finally, the original Deepwater Horizon contract was negotiated in 1998 by contractual predecessors-in-interest to BP and Transocean (Vastar Resources, Inc. and R&B Falcon Drilling Co., respectively), and therefore may not be representative of the "BP business patterns" that the PSC alleges.[2]

Given the numerous issues, witnesses, and documents that the parties need to collectively tackle in this case, it does not make sense to add BP's contracts with contractors who did not work on the Deepwater Horizon about rigs other than the Deepwater Horizon to the already massive collection of documents produced.

BP would be pleased to respond to any questions the Court has about this submission at the Court's convenience.

Sincerely,

*J. Andrew Langan*

J. Andrew Langan, P.C.

cc:    Plaintiffs Liaison Counsel

---

[2] In any event, the Pride and Noble contracts do not contain this hypothetical evidence. Contrary to the PSC's assumption, there are no "Gulf of Mexico" contracts for the lease or operation of drilling platforms and rigs between BP and Pride or BP and Noble; there are only contracts for specific rigs. If the Court wishes, BP can provide for *in camera* review a contract for a rig other than the Deepwater Horizon.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 21, 2011
Page 3

    Defense Liaison Counsel
    Mike Underhill
    Hon. Attorney General Luther Strange
    Cory Maze
    Donald E. Godwin
    James P. Roy
    Stephen J. Herman
    Mike O'Keefe
    Robert Cunningham