UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>   "Deepwater Horizon" in the Gulf<br>   of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Working Group[1] Conference on Friday, July 22, 2011]

This order reflects the action taken by the Working Group Conference on Friday, July 22, 2011.

**1.   Preservation of BOP.**

The Court reported on the status of the preservation of the BOP.  The lease on NASA Michoud Building 411 will be continued for the storage of the electronic parts.  The parties who requested storage of the electronic parts will be required to bear the cost of storage.  The "evidence yard" and the dock will be used for the storage of the remaining BOP parts.  The PSC, the U.S. and BP agreed that the capping stack should be preserved to permit its forensic examination.

**2.   Completion of Phase One Written Discovery.[2]**

The U.S. reported on the status of its discovery responses.  It flagged issues concerning: (a) an off-line archive of MMS pre-2008 email; (b) ESI searches of Coast Guard files; and (c) an extension for preparation of privilege logs.

Transocean reported that it will file a motion for a protective order similar to the motion

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States.  (Rec. Doc. 1099).

[2] Written discovery refers to interrogatories, requests for production (RFPs) and requests for admissions (RFAs).

(Rec. doc. 3318) filed by Halliburton.

The PSC and Cameron reported that, subject to client approval, there was an agreement on the PSC's motion to compel.

BP and the PSC reported on the status of the redaction issue.

BP and Anadarko reported on Anadarko's request for a search with additional search terms.

The PSC and BP reported on an agreement concerning production for BP plc.

3. **PSC's Request for BP's GOM Drilling Contracts.**

After discussion, BP was ordered to produce the contract between Noble and BP. BP was asked to locate the contract between BP and Pride for the Thunder Horse rig and then confer with the PSC. The requests for all drilling contracts was denied.

4. **Settlements**.

MOEX reported that it was conferring with BP on the production of the MOEX settlement agreement. The time to file an appeal with the District Judge had not yet expired.

Halliburton and BP reported that the issues regarding the production of the Weatherford settlement agreement were briefed. BP shall produce an unredacted copy of the settlement agreement for *in camera* review.

5. **Interpleader Actions.**

Transocean reported that the parties continue to work on an agreement. If there is no agreement, the Court may be asked to schedule a small group conference regarding the unresolved issues.

**6.     Transocean Internal Report.**

July 28, 2011 is the deadline for Transocean's revised privilege log and production of the documents it has agreed to produce.

BP reported that, as a result of the Ambrose deposition, it may request additional depositions.

**7.     Phase One Fact Depositions.**

On June 29, 2011, the parties were permitted to proceed with the scheduling of about thirty-five post-July 31, 2011 fact witnesses for Phase One. The Court ruled on objections to other persons. For example, Cameron was only permitted to depose one of three persons sought by it from BP. Rec. doc. 3090. The parties have requested additional persons to be deposed after July 31, 2011.

**The deadline for any further requests for depositions of persons required for Phase One is Friday, August 5, 2011.** The presumption is that post-July 31, 2011 Phase One depositions will be one day. If a deposition has been set for two days, it will remain set for two days. The parties are reminded that PTO 17 provides,

> [N]o witness should be deposed more than once in this proceeding unless the subject matter of the proposed second deposition was declared off limits by the Court during the first deposition or upon a showing of good cause by the party seeking the second deposition. . . .

Rec. doc. 740 at 9.

1.     <u>Brock, Tony</u>                             August 30

BP confirmed the date for the deposition. It will be a 150 minute video deposition with pre-marked exhibits.

3

2. <u>Thorseth, Jay</u> (London)(one day) September 20

BP confirmed the date for Thorseth's deposition. The PSC contends that Thorseth is a fact witness for Phase One and Phase Two. The PSC shall consider whether the deposition can be completed in one day and report to the Court before July 29.

3. <u>Birrell, Gordon</u> September 14

The PSC reported that Birrell is a fact witness for Phase One and Two. The PSC shall consider whether the deposition can be completed in one day and report to the Court before July 29.

4. <u>Daly, Mike</u> (London)(two days) September 21 and 22

BP confirmed the date for Daly's deposition.

5. <u>Lacy, Stewart</u> (London)(one day) September 23 (tentative)

The date for Lacy's deposition remains tentative.

6. <u>Powell, Heather</u> October 20 (tentative)

This will be kept on the agenda pending confirmation of the deposition. Ms. Powell is expecting a child and cannot travel. Her baby is due prior to October 20.

7. <u>Frazelle, Andrew</u> September 28 (tentative)

The PSC reported that Frazelle is a fact witness for Phase One and Two. The PSC shall consider whether the deposition can be completed in one day and report to the Court before July 29.

8. <u>Trahan, Buddy</u> September 28 and 29 (tentative)

BP is working on confirmation.

9. <u>Beirute, Rob</u> August 29 (tentative)

BP is working on confirmation. Anadarko may request a two day deposition.

10. <u>Johnson, Stephen</u>

M-I is working on dates.

11. <u>Maxie, Doyle</u>

M-I is working on dates.

12. <u>Meche, Gregory</u>

M-I is working on dates.

13. <u>Quibodeaux, John</u>

M-I is working on dates.

14. <u>Turlak, Rob</u>

Transocean is working on dates.

15. <u>Oldfather, Daniel</u>

There was no change in Oldfather' status.  His health does not permit a deposition.

16. <u>Ravi, Dr. Kris</u>        Halliburton            September 14 (tentative)

BP will report on whether it agrees with Halliburton that it is a one day deposition.

17. <u>Miller, Rich</u>

Halliburton requests Miller's deposition.  BP may object to the deposition.

18. <u>Emanuel, Victor</u>

Emanuel is employed by Schlumberger.  Halliburton requests his deposition.

19. <u>O'Toole, Ryan</u>

O'Toole is employed by Schlumberger.  Halliburton requests his deposition.

20. <u>Newman, Steve</u>        Transocean            September 30

Steve Newman will be deposed for one day in Houston.  BP may request a two-day

deposition.

21. <u>Vidrine, Don</u>

The PSC will contact Vidrine's counsel about a deposition on written interrogatories.

22. <u>Wright, John</u>

The PSC reported that its request for Wright's deposition is moot. The motion to quash will be dismissed.

23. <u>BP Rule 30(b)(6)</u> - BOP Regulatory Compliance

BP is working on identifying appropriate witnesses.

24. <u>Morrison, Richard</u>

No date has been set for Morrison's deposition. At the July 22 conference, the PSC described Morrison, Thorseth, Birrell and Frazelle as falling in the same category (fact witnesses for Phases One and Two). The PSC shall identity Morrison and report before July 29 on whether it needs two days with him.

25. <u>McKay, Lamar</u>                                November 3 and 4

There was discussion about McKay and whether he should be one day or two days.

**8.   Requests for Additional Time**.

Transocean requested 150 minutes (an additional 75 minutes) total for the deposition of Ed Gaude on Monday, September 19, 2011. The PSC (20 minutes), the States (10 minutes), MOEX (5 minutes) and the U.S. (10 minutes) ceded a total of 45 minutes.

BP reported that it will seek extra time for Jonathan Keeton (August 17 and 18) and Dan Farr (August 24 and 25).

The underwriters submitted a request for additional time for the deposition of Barbara

Yilmaz.

9. **Transocean's Objections to Cameron's Requests for Depositions.**

|  | Name | Employer | Requesting Party |
|---|---|---|---|
| 1. | Clements, Jeremy | Current Transocean | Cameron |
| 2. | Cotton, Al | R&B (TO) | Cameron |
| 3. | Crichton, Steve | Current Transocean | Cameron |
| 4. | Fry, Mike | Current Transocean | Cameron |
| 5. | Gray, Todd | Current Transocean | Cameron |
| 6. | Kennedy, John | R&B (TO) | Cameron |
| 7. | McGrath, Scott | Current Transocean | Cameron |
| 8. | Rodger, Brad | Current Transocean | Cameron |
| 9. | Silverman, Peter | R&B (TO) | Cameron |
| 10. | Wetherell, Linda | R&B (TO) | Cameron |
| 11. | Wink, Kevin | R&B (TO) | Cameron |

Transocean provided Cameron and the Court (*in camera*) information on the eleven persons, including some information on the last known addresses of the former employees. Alex Roberts and David Baay will meet and confer on the persons who are still employed by Transocean. Cameron reported that it is looking for information on the other persons and will report to the Court.

Transocean identified the following Cameron employees for depositions in response to Cameron's request:

1. Jason Van Lue (manager aftermarket services)

2. Don King (VP operations support)

      3.      Russell Bourgeois

      4.      Sudhir Reddy (Project Management)

      5.      Lee Womble

      6.      John Mangam (Supervisor of Engineering)

      7.      Charlie Curtis (Product Manager)

      8.      William Duncan

      9.      Gary Chaisson (Operations)

**10.** **Proposed Amendment to the Short Form.**

The PSC and BP are working to resolve their differences.

**11.** **Preliminary Witness List for Phase One.**

The PSC reported that it submitted the Phase One preliminary witness list to the defendants and it needed further information from the defendants before proceeding. BP reported that it was satisfied with the list. The other parties were asked to respond to the PSC as promptly as possible.

**12.** **Phase One Experts.**

The Court commented on the information received on Phase One experts.

**13.** **Plaintiffs' Motions for Leave to Dismiss Without Prejudice.**

There was discussion about motions to dismiss certain Vietnamese fisherman. Based on the discussion, the PSC, BP and Halliburton reported that they did not oppose the motions. The PSC reported that it would remind attorneys for plaintiffs to include a representation in their motions that they did not intend to re-file their claims.

**14.** **Communication from Liaison and Coordinating Counsel.**

The Court requested that Liaison Counsel and Coordinating Counsel review their procedures

for transmitting communications from the Court to other counsel.

**15.    Fifth Amendment**

In order to confirm the dates for one day depositions, the PSC will communicate with counsel for the deponents set for the week of July 25, 2011 who are expected to take the Fifth Amendment.

There was discussion about the supplemental order (Rec. doc. 3383) issued for the deposition of Andrea Fleytas. The Court stated that if counsel for other persons taking the Fifth Amendment were to inquire as to the invocation of the Fifth Amendment on maintenance and cure issues, the Court would provide them with the same supplemental order as was issued for Ms. Fleytas.

**16.    Cameron Motion.**

Cameron reported that it may be required to file a motion concerning a Transocean defense relative to indispensable party.

**17.    Conference Schedule.**

**The conferences are:**

| | |
|---|---|
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 26, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, September 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, September 30, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 7, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, October 14, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, October 21, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 28, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this __26th__ day of July, 2011.

                                                       **SALLY SHUSHAN**
                                                      **United States Magistrate Judge**