

38093322
Jun 10 2011
9:58PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Cases | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………... | : | |

### THE BP PARTIES' SECOND SET OF INTERROGATORIES TO HALLIBURTON

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, BP Exploration & Production Inc. and BP America Production Company (the "BP Parties") propound the following Interrogatories to Defendant Halliburton Energy Services, Inc. ("Halliburton") to be responded to within 30 days of service. The BP Parties request that all documents and electronically stored information responsive to the following Second Set of Interrogatories be produced at the offices of Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois, 60654.

### DEFINITIONS

1. "You," "your," and "yours" shall mean Halliburton, including without limitation all of Halliburton's present or former employees, agents or representatives, or anyone acting or purporting to act for or on Halliburton's behalf for any purpose whatsoever, and includes any and all affiliates, subsidiaries, contractors and divisions, such as Sperry Drilling, and includes the present employees, agents and representatives of those affiliates, subsidiaries, contractors and divisions.

2. "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, committee, or any other organization.

# Exhibit C

3. "Communication" means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail (including both business and personal email), text messages, computer linkups, written memoranda, and face-to-face conversations; "communication" also includes all documents and ESI containing, summarizing, or memorializing any communication.

4. "Document" or "documents" includes "communications" as defined above, and has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including electronically stored information ("ESI"), and includes the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium

by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5. "Identify," when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6. "Including" or "includes" means "including but not limited to" and "including without limitation."

7. "Relating to" or "related to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8. The words "and" and "or" should be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

9. "Any" should be construed, when possible, to mean "any and all."

10. "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

11. The singular includes the plural, and the plural includes the singular.

12. "MC252 well" and "Macondo well" refer to the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the

outer continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

13. "Halliburton" means Halliburton Energy Services, Inc. and all of its affiliates, subsidiaries, contractors and divisions, such as Sperry Drilling, and includes the present employees, agents and representatives of those affiliates, subsidiaries, contractors and divisions.

14. "BP" means BP p.l.c and all of its affiliates and subsidiaries.

15. "Kick," whether or not capitalized, means the intrusion of hydrocarbons into a wellbore.

16. "Blowout," whether or not capitalized, means an uncontrolled release of hydrocarbons from a well.

17. "OptiCem" means Halliburton's proprietary software used to model cement slurry operations and as that term was used by Halliburton in communications with BP.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 26(e), these interrogatories are continuing and you must revise or supplement your responses whenever new or additional responsive information becomes known.

2. Each interrogatory solicits all information that is known to you or in your possession, custody or control, and all information available to you from your attorneys, agents, investigators, experts, employees, insurers and representatives.

3. Each interrogatory is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular interrogatory.

4. These interrogatories are to be answered in detail.  If you cannot answer any interrogatory in full, you should answer it to the extent possible and explain your inability to answer any further.

5. If you claim that the language of any interrogatory is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language. Regardless of any vagueness or ambiguity you claim, you are to answer the interrogatory to the best of your ability.

6. When asked for a date, an exact date should be given if known. If an exact date is not known, an approximate date should be given and identified as such.

7. If any of the answers to these interrogatories are derived from papers, records or documents in your possession or under your control, please attach a copy thereof to your answers or, in the alternative, please describe each of the documents with specificity and state when and where they will be available to BP's counsel for inspection and copying.

8. If you contend that information responsive to any interrogatory is protected from disclosure pursuant to any privilege or work-product doctrine, then you must comply with the requirements of Pre-Trial Order No. 14 and Federal Rule of Civil Procedure 26(b)(5).

## **INTERROGATORIES**

24. Describe in detail the operation of the mud logging equipment used by the Halliburton employees aboard the *Deepwater Horizon* in April 2010, including, but not limited to:

> a. whether the Halliburton (or Sperry Drilling) system has the ability to record, capture and/or store the settings on the mud logging equipment, including what real-time data each Halliburton (or Sperry Drilling) mud logger was watching;

    b. what alarms were set or deactivated on which data streams (including drill pipe pressure, trip tank, flow in and flow out meters);

    c. what types of alarms were set (including audio, visual or other alarms);

    d. whether the alarms were triggered; and

    e. whether triggered alarms were acknowledged on April 20, 2010 aboard the *Deepwater Horizon*.

As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

25. Identify the date, time, and parties involved in any and all conversations with Jessie Gagliano on or after April 1, 2010, discussing, reflecting, or relating to the cement slurry for the production interval of the Macondo Well. As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

26. Describe in detail the well monitoring activities at the Halliburton Real Time Operations Center on April 19-20, 2010 (*see* Deposition Exhibit 2011), including what real-time data was being monitored, who was monitoring the data, and whether the real-time data was recorded. As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

27. Identify each person whom you may call as an expert witness in this matter, including each and every person whom you may call as either a retained or a non-retained expert (such as a current employee, agent or independent contractor). With respect to each person you identify, please state: (a) the subject matter on which the expert is expected to testify; (b) the

substance of the facts and opinions to which the expert is expected to testify; and (c) a summary of the grounds for each opinion.

28. Identify each person you intend to call or may call as a witness in this matter and, for each person identified, state the subject of their expected testimony.

29. Identify each person who has or may have knowledge or information relating to the allegations in Halliburton's Original Petition against BP Exploration & Production Inc., including, but not limited to, each person with knowledge or information relating to your allegations concerning: (a) BP's alleged duty to indemnify Halliburton; (b) BP's alleged breach of contract by failing to indemnify and defend Halliburton; and (c) BP's alleged breach of contract by failing to obtain reciprocal indemnity in favor of Halliburton. For each person identified, state the subject area of his or her knowledge.

30. Identify all persons with knowledge of any fact relevant to any claim you are asserting in this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response, and indicate for each such person the nature and relevance of the knowledge you believe each such person has.

31. Please provide a detailed, itemized list of your economic and non-economic damages that you claim you are entitled to from BP in this litigation.

Dated:  June 10, 2011

Respectfully submitted,

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

and

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:     (504) 581-7979
Facsimile:      (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Telephone:     (202) 662-5985

*Attorneys for the BP Parties*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 10th day of June, 2011.

                                              /s/ J. Andrew Langan, P.C.