UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: OIL SPILL BY THE OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | Member Case No. 11-01476 |
| | * | |
| | * | SECTION J – JUDGE CARL J. BARBIER |
| STEPHEN B. MURRAY, SR. | * | |
| | * | DIVISION 1- MAGISTRATE JUDGE |
| VERSUS | * | SALLY SHUSHAN |
| | * | |
| JAMES R. DUGAN, II, ESQ. | * | JURY TRIAL REQUESTED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF OBJECTION
## TO MAGISTRATE'S REPORT AND RECOMMENDATION

**MAY IT PLEASE THE COURT:**

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2, James R. Dugan, II, submits this Objection to the Magistrate's Report and Recommendation of July 13, 2011 [Doc. #3287]. Therein, Magistrate Daniel E. Knowles, III, recommended that Dugan's Second Motion to Deposit Funds into the Registry of the Court (Contradictory) [Doc. # 1818] be denied because the Court found "no independent basis for federal subject-matter jurisdiction" over the dispute between Dugan and Stephen B. Murray, Sr.  Further, Magistrate Knowles also found, for the same reason, that Murray's Motion for Disbursement of Registry Funds Pursuant to Local Rule 67.3 (SEALED) [Doc. # 1934], should be denied.  For the reasons discussed below, Dugan respectfully objects to the Magistrate's Report and Recommendation and urges this Court not to follow same.

## I.    BACKGROUND

As this Court is aware by now, this dispute between James R. Dugan, II, and Stephen B. Murray, Sr., began in this Court on March 25, 2011, when Dugan filed in the Deepwater Horizon

MDL a Motion to Deposit Funds into the Registry of the Court [Doc. # 1774].  This Motion was granted by this Court that same day, and $631,125.00 in disputed fees from GCCF claims were placed in the registry of the Court, where they still remain.  Since that time, Dugan and Murray have filed additional motions and memoranda in this Court, including the two motions addressed by the Magistrate's Report and Recommendation, and they have engaged in conferences with the Court in an attempt to resolve these issues.  The pending motions all involve attorneys' fees earned in connection with the handling of oil spill claims with the GCCF, and pursuant to the Hold-Back Agreement in this MDL, over a million dollars in fees from these particular claims have been put in the MDL common benefit attorney fee fund being overseen by this Court.

While the various motions were pending with this Court, Murray filed suit against Dugan on May 27, 2011, in the Civil District Court for the Parish of Orleans, State of Louisiana. Dugan was served with Plaintiff's Petition on June 7, 2011, and he then filed a timely Notice of Removal [Doc. # 1] with this Court on June 22, 2011.  Thereafter, Dugan filed an Answer and Counterclaim [Doc. # 3087] in this Court.  Murray then filed a Motion to Remand [Doc. # 3148] arguing that this Court has no jurisdiction over this litigation, and Dugan submitted an Opposition to the Motion to Remand [Doc. # 3272] explaining why this Court should indeed have jurisdiction over this fee dispute.  The Motion to Remand was noticed for submission on July 20, 2011, and it is still pending.

The reasoning set forth in Dugan's Opposition to Motion to Remand applies to the current matter as well.  Magistrate Knowles was correct in stating that this "dispute over attorneys' fees arises between two Louisiana law firms in connection with the oil spill off the coast of Louisiana in April 2010." [Doc. # 3287].  However, he went on to conclude that there was no "independent basis for federal subject matter jurisdiction" over the Second Motion to

Deposit Funds into the Registry of the Court (Contradictory).  [Doc. #1818].  Dugan respectfully states that jurisdiction does, in fact, exist over his Motion to Deposit Funds and over Murray's Motion for Disbursement of Registry Funds pursuant to 28 U.S.C. §1367.

## II.    BACKGROUND

As recognized by the Magistrate, this matter involves attorneys' fees which were generated from cases borne out of the April 20, 2010 Deepwater Horizon oil spill and claims being administered by the GCCF.  Because this Court has original jurisdiction over claims arising from the Deepwater Horizon oil spill,[1] and because this attorney fee dispute addressed in the pending motion arises from oil spill claims administered by the GCCF, jurisdiction does exist in this Court for this dispute.

More specifically, because there is federal question jurisdiction over the GCCF claims, there is **supplemental jurisdiction pursuant to 28 U.S.C. §1367** over the dispute between Dugan and Murray regarding fees earned in the GCCF.  Section 1367(a) provides in pertinent part as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In other words, "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *In re Private Counsel Agreement*, 1999 WL 1022131, p. 2 (E.D.Tex. 1999)(citations omitted).  Accordingly,

---

[1] *See In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* 747 F.Supp.2d 704 (E.D.La. 2010).

"whether this Court has supplemental jurisdiction over the pending fee issues depends on whether the fee issues and the federal claims are 'so related' or are based on 'a common nucleus of operative facts.'" *Id.*

As stated by one court, "[e]very federal appeals court addressing the issue has concluded that as a general matter an attorney's fees dispute meets the relatedness test for supplemental jurisdiction." *Id.* at 3 (citing *Baer v. First Options of Chicago,* 72 F.3d 1294, 1300 (7th Cir.1995)(concluding that district court had supplemental jurisdiction over post-settlement lawyer-verses-lawyer fee dispute)). Clearly then, federal courts have used 28 U.S.C. §1367 to exercise supplemental jurisdiction over fee disputes arising from cases litigated in federal courts.

For example, in *Baer v. First Options of Chicago,* 72 F.3d 1294 (7th Cir. 1995), two attorneys in different firms who had handled a client's Title VII claim were in a dispute over the division of fees under a fee agreement. Even though the Title VII claim was concluded, the court, after much analysis of 28 U.S.C. §1367, still exercised supplemental jurisdiction over the fee dispute.

The appellate court opined that supplemental jurisdiction over the fee dispute was proper in light of two facts. The first was that the district court exercised affirmative control over the disputed fees. *Id.* at 1300 (citing *Fulton Nat'l Bank of Atlanta v. Hozier,* 267 U.S. 276, 280 (1925)(holding that ancillary jurisdiction over a subsidiary controversy is proper where the dispute "has a direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit")). Secondly, the settlement agreement, which was brought to the district court for its approval, specifically acknowledged the dispute and included a provision for its resolution. *Id.* at 1301.

The *Baer* court then went on to examine the propriety of the fee agreement at issue under Illinois law, and it found that the agreement failed to meet the Rule 1.5 of the Illinois Code of Professional Conduct.   "Rule 1.5's policy and language require that, before an agreement establishing a division of fees is valid, the client must consent, in writing, to the change.   No such written consent was ever given by Ms. Baer to the revised fee-sharing agreement allegedly entered into by her attorneys." *Id.* at 1305.   The court thus refused to enforce the agreement as written.

As in *Baer,* this Court has taken possession of funds at issue.   Specifically, there are currently $631,125 in disputed fees in the registry of this Court.   These funds were generated in the settlement of GCCF claims, over which this Court clearly has original jurisdiction.   For this Court to exercise supplemental jurisdiction with regard to the division of those fees is appropriate.

Furthermore, this Court has clearly anticipated handling disputes among attorneys over GCCF fees.   The Hold-Back Agreement[2] executed in connection with claims being paid by the GCCF requires that any dispute over fees be decided by this Court.   Section 4 of the Agreement gives this Court **exclusive** venue and jurisdiction over any disputes that arise under the Agreement.   While the funds at issue at the moment might not be "hold-back" fees, the claims that generated the fees at issue have generated well over $1 million in hold-back fees alone.   Dugan maintains that because of this Court's jurisdiction over GCCF claims, then it is a court of proper jurisdiction and venue for this dispute.

Further, in deciding whether to exercise supplemental jurisdiction over a dispute between several attorneys and their client, one court examined certain policies at issue.   In *In re Private*

---

2 Exhibit A.

*Counsel Agreement,* 1999 WL 1022131, p. 6 (E.D.Tex. 1999), the court found that the policies of "just, expeditious and economical resolution' of fee disputes and the protection of officers of the Court from "expensive and protracted state-court proceedings" applied with "special force." The court explained that its vantage point was superior to that of any other court with respect the underlying action and the attorneys' work product. *Id.* Such experience made the court "uniquely qualified" to preside over the pending fee issues. *Id.* Second, the court noted that if the attorneys were forced to litigate the fee dispute in state court, they would be faced with litigation that was "unnecessarily repetitive and lengthy." *Id.*

Likewise, as this Court is presiding over claims arising from the Deepwater Horizon oil spill, it is uniquely positioned to determine disputes over fees arising from oil spill claims. Further, Dugan should not be forced to litigate this dispute in state court, where the litigation will surely be expensive and protracted. Instead, this Court should exercise its supplemental jurisdiction and preside over the dispute between Dugan and Murray.

## III.   **CONCLUSION**

Dugan maintains that this Court can properly exercise supplemental jurisdiction over the fee dispute with Murray over fees earned through the GCCF due to its original jurisdiction over GCCF claims. But for the oil spill and GCCF claims arising from same, the dispute over the fees addressed in the pending motions would not have arisen. Clearly the fee dispute addressed in the pending motions is directly related to, and arises directly from, Deepwater Horizon oil spill claims. Thus, as other federal courts have done, this Court can preside over disputes between attorneys arising from fees generated in cases before this Court. This Court therefore has jurisdiction over the motions addressed in the Magistrate's Report and Recommendation

- 6 -

pursuant to 28 U.S.C. §1367 and this Court should decline to follow the Magistrate's Report and Recommendation.

RESPECTFULLY SUBMITTED:

/s/ Jacques F. Bezou

JACQUES F. BEZOU (T.A.) (3037)
STACY R. PALOWSKY (25203)
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile: (985) 892-1413
Email: jbezou@bezou.com
Email: spalowsky@palowsky-law.com
*Attorneys for James R. Dugan, II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on the following counsel of record via electronic mail this 26th day of July, 2011:

George F. Riess (11266)
Law Offices of George F. Riess & Associates
228 St. Charles Avenue, Suite 1224
New Orleans, LA 70130
Telephone: (504) 568-1962
Facsimile: (504) 568-1965
Email: georgeriess@riess-law.com
*Counsel for Plaintiff*

/s/ Jacques F. Bezou

JACQUES F. BEZOU