UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL by the OIL RIG         :   MDL NO. 2179
        "DEEPWATER HORIZON"              :
        in the GULF OF MEXICO,           :
        on April 20, 2010                :   SECTION:  J
                                         :
                                         :   JUDGE BARBIER
THIS DOCUMENT RELATES TO                 :   MAG. JUDGE SHUSHAN
ALL CASES                                :

## HOLD-BACK AGREEMENT

1.  It is hereby acknowledged that any and all claims being paid by the Gulf Coast Claims Facility ("GCCF") and /or BP and/or any other party is, at least in part, the result of the threat of litigation and/or litigation efforts (including those common benefit efforts designed to ensure compliance of BP with OPA) conducted at the direction of the Plaintiffs' Steering Committee ("PSC") in MDL 2179: In Re Deepwater Horizon, pending in the Eastern District of Louisiana before Judge Carl Barbier.

2.  It is further acknowledged that each PSC member's firm has deposited a substantial sum of money into a common benefit fund that is being used to finance this massive litigation effort. Additionally, the PSC, attorneys in firms of each PSC member ("PSC Firms"), and numerous attorneys working at the direction of the PSC are logging thousands of hours each month in pursuing the Defendants in MDL 2179.

3.  In order to protect the efforts of the PSC and PSC Firms (to collect a common benefit fee and get reimbursed their common benefit costs, as the Court may determine and order) and to promote solidarity among the PSC and PSC Firms, with the goal of maximizing the recovery of all claimants against the Defendants in MDL 2179 and/or claimants in the GCCF, each member of the PSC and PSC Firms agree to an assessment as follows:

    a.  Each PSC member and PSC Firms agree to assess each and every settlement with any Defendant named in MDL 2179 (including settlements achieved in the GCCF by PSC members and PSC Firms) by holding-back a percentage of the settlement to be placed in a separate common benefit account;

    b.  The assessment hold-back will be the equivalent of four percent (4.0%) of the gross settlement;

    c.  The assessed amount shall be deposited into a PSC Hold-Back Assessment Account ("Account") that is designated and maintained by the Executive Committee ("EC"), the Court or such other entity either designates;

Exhibit A

d. The Hold-Back Assessment shall be limited to the net attorney fee earned by the PSC Firm in these instances where the net fee is less than four percent of the gross recovery;

e. Instances where the Hold-Back Assessment is unfair to the PSC Firm, (*e.g.*, due to referral arrangements, hourly fee arrangements, or reduced percentage contingency fees), then appropriate consideration will be given to the PSC Firm in the ultimate allocation and disbursement of the Account. Additionally, amounts paid to the Account by each PSC Firm will be a factor for consideration in the ultimate allocation and disbursement of funds, which is to be considered and set by the Court.

f. The monies deposited to the hold-back assessment account shall not be owned by any individual lawyer or firm, but shall comprise a fund available for the Court in its sole discretion to award and fund its awards of common benefit fees and/or costs to such persons (not limited to PSC firms) at such time as is appropriate and the Court so orders.

4. Any dispute or disagreement related to this Agreement, its application or interpretation, will be determined by Judge Carl Barbier, presiding in the Eastern District of Louisiana. The Eastern District of Louisiana shall have exclusive jurisdiction and venue for all issues arising out of or related to this Agreement.

5. This Agreement is binding on each member of the PSC and PSC Firms. Each signatory below further agrees that execution of this Agreement is binding on the signatory's law firm. For purposes of efficiency, each signatory agrees that each PSC member may sign a separate copy of this agreement and that those signatures will be consolidated and maintained as an attachment to this agreement.

6. This Agreement is effective and applies in all instances after March 2, 2011.

AGREED AS TO FORM AND SUBSTANCE BY

MEMBERS OF THE PSC, INDIVIDUALLY, AND ON BEHALF OF THEIR LAW FIRMS:

_____    _____
BRIAN H. BARR                                                   DATE
LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY & PROCTOR PA


_____    _____
JEFFREY A. BREIT                                                DATE
BREIT DRESCHER IMPREVENTO & WALKER PC

_____      _____
ELIZABETH J. CABRASER     DATE
LIEFF CABRASER HEIMANN & BERNSTEIN LLP


_____      _____
PHILIP F. COSSICH, JR.     DATE
COSSICH, SUMICH, PARSIOLA & TAYLOR


_____      _____
ROBERT T. CUNNINGHAM     DATE
CUNNINGHAM BOUNDS LLC


_____      _____
ALPHONSO MICHAEL ESPY     DATE
MORGAN & MORGAN, P.A.


_____      _____
CALVIN C. FAYARD, JR.     DATE
FAYARD & HONEYCUTT


_____      _____
ERVIN A. GONZALEZ     DATE
COLSON HICKS EIDSON


_____      _____
ROBIN L. GREENWALD     DATE
WEITZ & LUXENBERG, P.C.


_____      _____
STEPHEN J. HERMAN     DATE
HERMAN HERMAN KATZ & COTLAR LLP

_____  
RHON E. JONES  
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

_____  
DATE

_____  
MATTHEW E. LUNDY  
LUNDY LUNDY SOILEAU & SOUTH LLP

_____  
DATE

_____  
MICHAEL C. PALMINTIER  
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ

_____  
DATE

_____  
JAMES PARKERSON ROY  
DOMENGEAUX WRIGHT ROY & EDWARDS

_____  
DATE

_____  
PAUL M. STERBCOW  
LEWIS KULLMAN STERBCOW & ABRAMSON

_____  
DATE

_____  
SCOTT SUMMY  
BARON & BUDD, P.C.

_____  
DATE

_____  
MIKAL C. WATTS  
WATTS GUERRA CRAFT LLP

_____  
DATE