UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHAD BLANCHARD AND              * | CIVIL ACTION NO. 11-01542 |
| CHARLIE'S RESTAURANT AND        * | |
| CATERING L.L.C.                 * | SECTION :   J |
|                                 * | |
| v.                              * | MAG.       I |
|                                 * | |
| BP AMERICA PRODUCTION CONPANY   * | JUDGE CARL J. BARBIER |
| BP PRODUCTS NORTH AMERICA, INC. * | |
| THE CHICORY L.L.C. AND          * | MAGISTRATE SALLY |
| CHICORY HOLDINGS L.L.C. D/B/A   * | SHUSHAN |
|  TKO CATERING                   * | |
|                                 * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff Chad Blanchard d/b/a Charlie's Dining and Catering, who submits the following Memorandum in Support of Motion to Remand. This matter was improperly removed by Defendants, The Chicory L.L.C. (hereinafter "The Chicory"), Chicory Holdings L.L.C. and joined by defendant BP American Production Company, BP Products North America Inc., collectively hereinafter referred to as "BP") pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants removed this action, claiming that although diversity was facially lacking (there is no dispute that Plaintiff and at least one Defendant are Louisiana Residents), this Court should disregard the citizenship of The Chicory, as Plaintiff had fraudulently joined this Defendant. Despite the contentions of The Chicory, Plaintiff's causes of action against each of the Defendants stem from the same set of facts, and are properly cumulated in the instant action. Chicory Holdings L.L.C. appears to be unrelated to the matter as The Chicory has admitted that it acted as the agent for BP in ¶ 7 of its Removal. BP is apparently just as confused as the Plaintiff as to who actually did business as TKO for BP repeatedly linked Chicory Holdings L.L.C. with TKO

Catering, or d/b/a. TKO. (See BP Notice of Additional Grounds for Removal ¶¶ 1,5,6,7,8,9, and 11). It appears from the Chicory Removal that TKO is associated with The Chicory and not Chicory Holdings L.L.C..

As discussed below, Defendants have failed to demonstrate fraudulent joinder or improper joinder, and therefore, cannot carry their burden of demonstrating that federal jurisdiction exists in the instant matter. Plaintiffs therefore move this Court for an Order Remanding this matter to state court, particularly, the 34th Judicial District Court for the Parish of St. Bernard.

**BACKGROUND**

The instant suit was filed in the 34th Judicial District Court for the Parish of St. Bernard against The Chicory, who at the time in question was operating as "TKO," a full service catering company, responsible for unethical, oppressive, unscrupulous, or substantially injurious conduct in sabotaging petitioner's business. (See a copy of the Plaintiff's Petition for Damages attached hereto as Exhibit "A").  TKO's conduct caused petitioner damages and loss of a lucrative catering contract with BP.  Coincidentally, TKO was ultimately hired by BP to replace petitioner after petitioner allegedly failed to serve BP employees good quality food in a professional manner.

Defendant, The Chicory, then removed the matter to federal court. The Chicory acknowledges that diversity is facially lacking, but asserts that this Court should disregard these parties as fraudulently joined by Plaintiff in order to defeat diversity jurisdiction.  Additionally, in an argument that lacks verisimilitude, The Chicory states that it simply acted as an "agent" of BP, therefore, The Chicory and the fact that they are a Louisiana defendant should be ignored.

Plaintiff has not fraudulently joined any of the Defendants named in this action. Additionally, all of Plaintiffs' claims are properly joined under Louisiana Law. Lastly, even if Plaintiffs had

2

improperly joined the Defendants in question, such misjoinder does not rise to the "egregious" level needed to support a finding of misjoinder amounting to fraudulent joinder.

**LAW AND ARGUMENT**

The Defendants assert that federal jurisdiction lies in this case pursuant to 28 U.S.C. § 1332 diversity of citizenship. The parties herein do not dispute that the amount in controversy exceeds the requisite jurisdictional limit for federal diversity jurisdiction of $75,000. There is likewise no dispute that on the face of the Plaintiffs' petition, there is no diversity of citizenship. Plaintiffs are domiciled in Louisiana, as is at least on Defendant, Daelen of Tangipahoa, L.L.C.

**A. Motion to Remand**

The burden of establishing federal jurisdiction, in this case by demonstrating diversity, rests on the party seeking removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1992). "However, removal jurisdiction is to be strictly construed as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.' " *Bright v. No Cuts Inc.*, 2003 WL 22434232, at *2 (E.D. La. 2003). "Accordingly, any doubts about removal must be construed against removal and in favor of remanding the case to state court." Id. citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995). Defendants, have not carried their burden of demonstrating that federal jurisdiction exists in the instant matter.

**B. Fraudulent Joinder**

The test for improper joinder is whether the defendant has demonstrated that there is not possibility of recovery by plaintiffs against an in-state defendant. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). Defendants bear a heavy burden in proving the plaintiff's joinder of defendants was fraudulent and improper. *Schwartz v. Chubb & Sons Inc.*, 2006 WL 980673 (E.D.

3

La. 2006) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."); see also *Fidelity Homestead Assoc. v. Hanover Insurance Co.*, 2006 WL 2873563 (E.D. La. 2006) ("because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one); *Smallwood*, 352 F.3d 220, 222 (5th Cir. 2003); *B. Inc. v. Miller Brewing Co.I*, 663 F.2d 545, 549 (5th Cir. 1981).

Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir 2003). In the instant case, Defendants have not, and cannot demonstrate fraud in the pleading of jurisdictional facts. Therefore, no further discussion is warranted.

In regards to the second possible theory of fraudulent joinder, in Travis, the Fifth Circuit attempted to reconcile facially conflicting jurisprudential standards. According to the court in Travis, when analyzing a fraudulent joinder claim, district courts should strictly limit their analysis to an assessment of whether plaintiff has a possibility of recovering on the facts and law against the opposing party. Id.

The court explained that a "possibility" is determined as follows: "The district court may 'pierce the pleadings' and consider summary judgment type evidence in the record, but must also take into account all of the unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 649. Thus, although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary

judgment standard, but rather a standard closer to that employed in a 12(b)(6) analysis. Id. at 648-49. Therefore, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiffs' favor. Id. at 649.

In a fraudulent joinder analysis the removing party must prove that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [defendants] in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir.1995)(internal citations omitted). The "possibility" of recovery must be reasonable, and not merely theoretical. Travis v. Irby, 326 F.3d 644, 648 (5th Cir.2003).

In analyzing whether a plaintiff has improperly joined defendants in a given action, the relevant law is the state's permissive joinder rule, here, Louisiana Code of Civil Procedure Art. 463. Article 463 provides:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

The test for determining whether the parties have a community of interest sufficient to join parties in same lawsuit is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Mauberret-Lavie v. Lavie*, 850 So.2d 1,2 (La. App. 4th Cir. 2003). A community of interest is present between different actions or parties allowing

the parties or actions to be joined in same lawsuit, where enough factual overlap is present between the cases to make it sensible to litigate them together. Id. at 2-3. Parties may be joined notwithstanding that there is some distinction in the plaintiffs claim against each defendant. *Keel v. Rodessa Oil &Land*, 189 La. 732 (1938).

In the instant case, there is a sufficient "community of interest" between the joined parties to allow for permissive joinder under Art. 463. All of Plaintiffs' claims against the two Defendants stem from the petitioner's contract to provided catering services to BP employees in Hopedale, Louisiana. Therefore, at a minimum, there is a significant overlap between the factual basis for Plaintiffs' claims against the Defendants. The fact that Plaintiffs' claims against the defendants is not based on the exact same legal theory does not affect the propriety of Plaintiffs joining his claims against each of these Defendants into a single action. It would make no sense to sever Plaintiff's claims against these two Defendants, as this would force Plaintiffs to litigate many of the same matters (for example: plaintiffs performance under the catering contract, and the reasons for the breach of same, as The Chicory d/b/a TKO set forth the guidelines for catering services rendered to BP employees and has admitted to being an "agent" for BP. However, TKO is no more of an agent of BP, than petitioner, as both were initially hired by BP to perform similar jobs in different locations. Ultimately, TKO replaced petitioner and assumed the role of organizing all caterers providing food and beverage services to BP employees in lower St. Bernard Parish.

Clearly there is a significant overlap of factual issues pertaining to each of these Defendants. Therefore, applying Art. 463, joinder of each of the Defendants is proper in this case. Even if joinder of these two Defendants was improper, misjoinder alone is not sufficient to find fraudulent joinder. Put another way, even if this were an instance of misjoinder under state law, it does not rise to the

6

"egregious" level needed to find fraudulent joinder. Therefore, removal was improper as there is not complete diversity, and Plaintiffs are entitled to Remand this matter to state court.

Defendant BP states in it memorandum that, "Chicory and TKO did not cause Plaintiff any actual damages or ascertainable loss of money or property as is required to state a cause of action for tort damages or for unfair trade practices." This is a presumptuous statement from BP, for if The Chicory executed the sabotage of plaintiff's business as alleged in the Petition for Damages (Petition at ¶¶ 19, 20, 21) BP wouldn't have a clue as to TKO's intent.  For instance, The Chicory provided defective equipment to plaintiff so that it would appear that plaintiff couldn't meet the demands of the 400 BP employees each morning for breakfast. TKO's plan of sabotage, in order to work would have to remain unknown to BP.

BP made the same argument before this Honorable Court in *Serigne, Et al. v. Loupe and Construction and Consulting Company* (Case No. 10-3891).  In that case the plaintiff similarly alleged BP breached an oral contract to lease their property and that a local defendant assisted in the deception of plaintiff. "BP contends that Plaintiffs only allege their "information and belief" that Loupe "was a co-contractor with BP" and a "coobligor on the lease." The Court denied Serigne's Motion to remand because BP's Opposition demonstrated that:

> "Loupe was not a party to the lease–rather that Loupe was merely present during the formation of the alleged oral contract between Plaintiffs and Defendant BP. See, e.g., Pearl River Basin Land and Development Co., L.L.C. v. State, 29 So. 3d 589, 593 (La. App. 1st Cir. 2009) (explaining that a party's 'mere presence at the meetings between [contracting parties] is not sufficient to make [it] a party to any contract')."

In the instant case, The Chicory admits in its Removal that, "Although defendants, Chicory

7

and Chicory Holdings are citizens of the State of Louisiana, **Chicory was at all times acting as a limited agent for the BP defendants** . . ." (See paragraph 7 of Defendant Chicory's Notice of Removal).  This case deals with one central event or set of operative facts and unlike the Plaintiff in *Serigne*, Mr. Blanchard has written proof of its contractual relationship with BP (See attached hereto as Exhibit "B," as well as the non-diverse defendant.  See attached as Exhibit "C" a copy of the guidelines for catering as set forth by TKO.  Not only was the Chicory the payor of petitioner's checks, but also had petitioner sign a contract agreeing to follow a certain protocol for dispensing food and beverage services for BP. Therefore, all of Plaintiff's claims are properly joined in this action, and the presence of distinct issues relating to each Defendant does not change this conclusion.

**CONCLUSION**

This Court does not have diversity jurisdiction under 28 U.S.C. § 1332, and therefore, must remand this matter to state court. There is no question that Plaintiffs' citizenship is not diverse from The Chicory, L.L.C. Additionally, Plaintiff's joinder of claims against these two Defendants was not fraudulent and did not amount to "egregious" misjoinder. Therefore, this Court must consider the citizenship of both Defendants in determining the diversity of the parties.  Petitioner has alleged in his petitioner a viable claim against the non-diverse defendant, The Chicory L.L.C..  Based on the forgoing, there is no diversity jurisdiction, and Plaintiffs respectfully request that this Honorable Court grant their motion to remand.

Respectfully submitted,


  /s/ Bruce C. Betzer
Bruce C. Betzer, Bar No.: 26800
***The Law Office of Bruce C. Betzer***
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone:  (504) 832-1984
Facsimile:  (504) 304-9964
*Attorney for Plaintiffs, Chad Blanchard  d/b/a*
*Charlie's Dining and Catering*


**CERTIFICATE OF SERVICE**

I hereby certify that on this  29th  day of   July  , 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

    Shannon S. Holtzman, T.A.

    Katherine S. Roth

    Wendy L. Bloom

    Christina L. Henk

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A


   /s/ Bruce C. Betzer
Bruce C. Betzer