34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 117 647                                                    SECTION " "

CHAD BLANCHARD AND CHARLIE'S RESTAURANT AND CATERING L.L.C.

VERSUS

BP AMERICA PRODUCTION COMPANY, BP PRODUCTS NORTH AMERICA, INC., THE CHICORY L.L.C. and CHICORY HOLDINGS L.L.C. D/B/A TKO CATERING

FAX FILED: MAY 31 2011

DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioners Chad Blanchard and Charlie's Restaurant and Catering (hereinafter referred to as "Charlie's"), who respectfully submit the following:

### I. PARTIES, JURISDICTION AND VENUE

1.

Made petitioner herein is Charlie's Restaurant and Catering, L.L.C. ("Petitioner" or "Charlie's"), a Louisiana limited liability company with its principal place of business in Violet, Parish of St. Bernard, State of Louisiana.

2.

Made defendants herein are:

a.  BP America Production Company, a Delaware corporation authorized to do and doing business in the State of Louisiana;

b.  BP Products North America, Inc., a Maryland corporation authorized to do and doing business in the State of Louisiana; and,

c.  Chicory Holdings L.L.C. doing business as ("TKO"), a Louisiana limited liability company with its principle place of business in, the Parish of Jefferson, State of Louisiana.

d.  The Chicory L.L.C. doing business as ("TKO"), a Louisiana limited liability company with its principle place of business in, the Parish of Jefferson, State of Louisiana.

1


EXHIBIT A

3.

Under Article 6 of the Louisiana Code of Civil Procedure, the Court has personal Jurisdiction over:

   a. BP America Production Company as it may be served through its registered agent for service of process, CT Corporation System, at 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

   b. BP Products North America, Inc. as it may be served through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., at 320 Somerulos St., Baton Rouge, LA 70802-6129;

   c. Chicory Holdings L.L.C., as it may be served through its registered agent for service of process, Stephen McCollister at 8440 Jefferson Hwy Suite 301 Baton Rouge Louisiana 70809, and;

   d. The Chicory L.L.C. as it may be served through its registered agent for service of process, Anthony Macaluso Jr. 110 Veterans memorial Hwy. Ste. 170 Metairie, Louisiana 70005.

4.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure article 74 as the wrongful conduct occurred in St. Bernard Parish.

## II. FACTUAL ALLEGATIONS

5.

At all relevant times, Charlie's was owned and operated as a restaurant and catering business by Chad Blanchard ("Blanchard") in the town of Violet, in St. Bernard Parish, State of Louisiana.

6.

At all relevant times, Paul Pettibon, Carlos Maruri, and Harlan Rost were employees and agents of BP America Production Company and/or BP Products North America, Inc. (collectively, the "BP Defendants") and acting in the course and scope of their employment. Thus, BP American Product Company and/or BP Products North America, Inc. is responsible for the acts and omissions of its employees pursuant to the doctrine of *Respondent Superior*.

7.

On or about April 20, 2010, an explosion and fire occurred on the Deepwater Horizon oil drilling platform in the Gulf of Mexico off the Louisiana coast. The Deepwater Horizon sank and an oil spill resulted. British Petroleum ("BP") operated the Deepwater Horizon at the time of the accident.

8.

In the days following the explosion and sinking of the Deepwater Horizon, BP commenced a massive effort to control and clean up the oil spill. In addition to utilizing its own resources, BP contracted with third parties to assist with the cleanup effort in Louisiana.

9.

At about the same time, Petitioner sent out flyers advertising the catering services of Charlie's Restaurant and Catering.

10.

On or around May 2, 2010, Paul Pettibon, an employee and agent of BP, contacted Blanchard to provide catering services for BP personnel and contractors engaged in the cleanup effort in Hopedale, Louisiana.

11.

The parties confected an agreement whereby Petitioner would provide one hundred (100) meals and related catering services three times a day for BP personnel and contractors, and BP would pay Petitioner for the cost of those meals and services.

12.

With each and every meal, Petitioner presented defendants with a written invoice detailing the meals and services he provided as well as the costs. Both Petitioner and defendants signed each invoice.

13.

Defendants were favorably impressed with the quality of Petitioner's food as well as his timeliness and ability to meet their increasing demands.

14.

By May 6, 2010, Defendants had Petitioner catering four hundred (400) meals three (3) times a day for BP employees and contractors, and an agent for BP would sign the invoice

Petitioner presented for each meal.

15.

On or about May 15, 2010, Petitioner began inserting the following clause in the invoices he presented to Defendants with each meal he catered:

> Charlie's Restaurant shall prepare, deliver and serve the agreed upon meals, to the location (Hopedale, Breton Sound Marina) at the set time... until otherwise agreed upon. BP agrees to pay Charlie's every two weeks, by check or direct deposit. A guaranteed number of meals is required two weeks in advance. The agreed 400 breakfasts, 400 lunches and 400 dinners is that number. Totaling 1200 meals a day, guaranteed by BP. In order for Charlie's Restaurant and Catering to produce 1200 meals a day, Charlie's must purchase product to be stocked and ready at 6129 East St. Bernard Hwy, Violet, La 70092, so Charlie's is able to achieve each meal at its given time. If the actual number of meals is less than the guaranteed number, BP will still be charged for the guaranteed number. If for some reason, BP terminates our services before our stock is utilized, BP will be responsible for the remaining two weeks of scheduled meals.

16.

This clause appeared on approximately forty-three (43) invoices which were signed by BP employee, Carlos Maruri and Harlan Rost. These invoices constituted a written contract for Petitioner to provide catering services to Defendants, and they memorialized the terms and conditions of the parties' agreement. A copy of the May 15, 2010 agreement is attached hereto as Exhibit "A".

17.

For a period of approximately thirty-two (32) days, Petitioner provided catering services to Defendants as per the written agreements which Defendants signed with each meal Petitioner provided.

18.

For that same period, Petitioner had provided approximately $291,563.26 worth of food and catering services to Defendants. See itemized list of catering services attached hereto as Exhibit "B".

19.

During that same period, the BP Defendants hired a company named TKO to manage the catering services provided by Charlie's and several other caterers, and to build a dining facility. TKO created a rotating schedule by which Charlie's and the other vendors would cater meals.

4

Charlie's followed the schedule and other directives from TKO.

20.

In an effort to gain more business from BP for itself, TKO knowingly and purposefully provided Charlie's with substandard equipment and actively worked behind the scenes with local officials in St. Bernard Parish to sabotage Charlie's. TKO instructed Charlie's to serve their food out of an unsafe and unfinished cooking tent.

21.

As a result of TKO's, tortious interference and/or efforts to sabotage Charlie's catering services, the BP Defendants terminated Charlie's services on or about May 30, 2010.

22.

Petitioner avers that TKO tortiously interfered with its contract with the BP Defendants and therefore caused the BP Defendants to breach the contract and/or made the BP Defendants and/or Charlie's performance under the contract impossible.

### III. DAMAGES

23.

The Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), LSA-R.S. 51:1401, *et seq.*, makes unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

24.

Section 1409(A) provides in pertinent part:

> Any person who suffers any ascertainable loss of money or movable property... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually... to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs.

25.

TKO's actions of providing substandard equipment to Charlie's, tortiously interfering with Charlie's contract with BP, and working behind the scenes with local officials to sabotage Charlie's constitute an unfair trade practice in violation of LSA-R.S. 51:1401, *et seq.*

26.

Because of TKO's conduct, Charlie's lost future business under its contract with BP. But for TKO's interference, Charlie's would have continued to provided catering services to BP for an additional nine weeks and earned approximately $1,814,400 in revenue.

27.

Petitioner avers that TKO is liable for damages in the form of lost income from future business with BP under the contract and for reasonable attorney's fees and costs associated with bringing this action.

28.

Petitioner presented the BP Defendants with a final invoice for services rendered to no avail.

29.

After providing services for several weeks Charlie's contract with BP was ignored, leaving Petitioner with thousands of dollars worth of food to perish.

30.

Petitioner avers that the BP Defendants had sufficient notice of the terms, namely that:

   a. A guaranteed number of meals was required two (2) weeks in advance;
   b. BP guaranteed 1200 meals per day;
   c. To produce that number of meals, Petitioner had to purchase food in advance; and
   d. If BP terminated Petitioner's services before the stock was utilized, BP would be responsible for the remaining two weeks of scheduled meals.

31.

Petitioner further avers that the BP Defendants agreed to these terms as evidenced by their signatures on all the written agreements submitted to them after each meal catered by Petitioner.

32.

Petitioner contends that the BP Defendants conduct in terminating the contract without the requisite two weeks' notice constitutes breach of the agreement. Therefore BP is liable for the remaining two weeks of scheduled meals at 1200 meals per day, plus the unpaid invoices from May 30-31, 2010 totaling $17,932.80 for meals served but not paid for by BP.

33.

At the time of the BP Defendants' breach, Petitioner had purchased thousands of dollars food in anticipation serving at least1200 meals per day to BP employees at Hopedale, Louisiana for the period May 31 through June 13th, 2010. Petitioner was unable to sell such a large amount of food, and so it spoiled. Therefore, Defendants are liable to Petitioner for the cost of this lost food.

34.

Petitioner alleges that the BP Defendants also breached the contract by failing to tender payments for the catered meals every two weeks as stated in the contract. The BP Defendants did not pay Petitioner for any catering services until approximately 60 days after they terminated the contract.

35.

The BP Defendants have not paid the full balance owed to Petitioner for the catering services he rendered on May 30, 2010 and May 31, 2010. To date, TKO owes Petitioner the sum of $1,814,400 for tortiously interfering with the contract between BP and Charlie's.

36.

Petitioner avers that the BP Defendants owe him damages in the amount of $188,294.40, for two weeks of catering services, and $17,932.80 for the balance still owing for catering services rendered.

37.

At all pertinent times it is believed that Chicory Holdings L.L.C and/or The Chicory L.L.C. was the owner/operator of ("TKO").

**WHEREFORE**, Petitioners, Chad Blanchard and Charlie's Restaurant and Catering, L.L.C., pray that the Defendants be duly served with a copy of this petition and be required to answer same, all in accordance with law; and after due proceedings, that there be judgment in their favor and against defendants, severally and *in solido*, for all damages which are reasonable and just, together with legal interest thereon from date of judicial demand until paid, and for all statutory attorneys fees and expert fees and costs of these proceedings.

Respectfully submitted,

*[signature]*

Bruce C. Betzer, Bar No.: 26800
*The Law Office of Bruce C. Betzer*
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
*Attorney for Petitioner, Charlie's Restaurant and Catering, L.L.C.*

**PLEASE SERVE:**

**BP AMERICA PRODUCTION COMPANY**
*Through its registered agent for service of process*
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**BP PRODUCTS NORTH AMERICA**
*Through its registered agent for service of process*
The Prentice-Hall Corporation System, Inc.
320 Somerulos St.
Baton Rouge, LA 70802-6129

**The Chicory L.L.C. d/b/a TKO CATERING**
*Through its registered agent for service of process*
Anthony Macaluso Jr.
110 Veterans Memorial Blvd. Ste.170
Metairie, Louisiana 70005

**Chicory Holdings L.L.C. d/b/a TKO CATERING**
*Through its registered agent for service of process*
Stephen G. McCollister.
8440 Jefferson Hwy
Suite 301
Baton Rouge, Louisiana 70809