UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>Case No. 2:11-cv-00275<br>Case No. 2:11-cv-00274 | MDL No. 2179<br><br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**ANADARKO E&P COMPANY LP'S AND ANADARKO PETROLEUM CORPORATION'S ANSWER TO COMPLAINT IN INTERVENTION**

Anadarko E&P Company LP ("AE&P") and Anadarko Petroleum Corporation ("APC") (together, "Anadarko"), for their answer to the Complaint in Intervention filed by Intervenors, Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") state as follows:

**PRELIMINARY STATEMENT**

1.      This is an insurance coverage dispute seeking a declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy regarding a claim by BP and others for insurance coverage under certain liability insurance policies issued to Transocean Ltd. and its affiliates, subsidiaries and certain related companies which include Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (collectively, "Transocean") for the period May 1, 2009, to May 1, 2010.

**ANSWER:**     Admit.

2.      This dispute arises out of the explosion and fire on the *Deepwater Horizon* on April 20, 2010. At the time of the casualty, the *Deepwater Horizon* was conducting drilling activities in Mississippi Canyon Block 252 pursuant to a Drilling Contract between Transocean Holdings LLC and BP America Production Company.

**ANSWER:**     Admit.

3.      BP has incurred and will continue to incur significant liabilities in connection with the BP Oil Spill from its Macondo Well. Anadarko has incurred and will continue to incur

significant liabilities in connection with the BP Oil Spill from its Macondo Well. MOEX has incurred and will continue to incur significant liabilities in connection with the BP Oil Spill from its Macondo Well. These liabilities include, but are not limited to, liabilities for clean-up costs under state or federal laws and liabilities for damages to third parties (including individuals, businesses and governmental entities) whose persons or properties have been or will be impacted by the spill.

**ANSWER:** Anadarko admits that various claims have been asserted against it seeking to impose liability on Anadarko in connection with the Deepwater Horizon disaster and related Macondo well blow-out. Upon information and belief, claims have also been asserted against BP and MOEX seeking to impose similar liability on those parties. Anadarko otherwise lacks sufficient information to form an opinion as to the truth of the allegations related to BP and MOEX.

4. BP provided or attempted to provide a notice of claim to Transocean's insurers after the incident. It sent a letter to Ranger Insurance Company ("Ranger") on May 28, 2010; it sent an email to Certain Underwriters at Lloyd's, London, and Various Insurance Companies (collectively, the "Transocean Excess Insurers") on May 14, 2010. Anadarko has filed an Unopposed Motion for Leave to File a Complaint In Intervention and alleges that it has rights as an insured or additional insured under one or both of the Transocean policies at issue. Similarly, MOEX has filed an Unopposed Motion to Intervene and a Complaint In Intervention and alleges that it provided a notice of loss by which it sought insurance coverage as an insured under one or both of the Transocean's policies at issue.

**ANSWER:** Anadarko states that it lacks information sufficient to admit or deny the allegations regarding BP's conduct as alleged in sentences 1 and 2, but that it admits the remaining allegations of Paragraph 4.

5. Transocean is seeking a judgment declaring that Transocean's insurers, Ranger and the Transocean Excess Insurers, have no additional-insured obligations to BP, Anadarko and MOEX with respect to pollution claims against BP for oil emanating from BP's Macondo Well.

**ANSWER:** Anadarko admits that Transocean seeks the judgment stated in Paragraph 5 but denies that it is entitled to such relief.

## PARTIES

6. One of the Plaintiffs, Transocean Holdings, is the owner *pro hac vice* and the contractor who commissioned and leased the *Deepwater Horizon* to BP America for the purpose of BP's offshore operations in the Gulf of Mexico at the Macondo Well.

**ANSWER:** Upon information and believe, Anadarko admits the allegations of Paragraph 6.

7. The BP Defendants are BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited, each of which is a corporation doing business in the state of Texas, where the coverage actions were filed initially and from which they were transferred to this Honorable Court.  One or more of these entities have been identified as parties responsible for clean-up costs and/or named as defendants in various lawsuits by third parties for damages to their persons or properties.

The Anadarko Defendants are Anadarko E&P Company LP and Anadarko Petroleum Corporation, each of which has sought leave to file their Complaint In Intervention in this action.

MOEX has sought leave to file its Complaint In Intervention in this action.

**ANSWER:** Anadarko admits the allegations regarding the corporate citizenship of the BP Defendants upon information and belief, and admits the remaining allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. The Drilling Contract is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*, and defines the scope of liabilities between Transocean and BP. The relevant liability policies insure maritime risks.

**ANSWER:** Anadarko states that the Drilling Contract and the relevant liability policies referenced in this paragraph are legal documents that speak for themselves.

9. This Court has subject matter jurisdiction pursuant to the General Maritime Laws of the United States and 28 U.S.C. § 1333. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

**ANSWER:** Admit.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:**   Admit.

## GENERAL ALLEGATIONS

11.   On or about December 9, 1998, Transocean Holdings entered into a Drilling Contract with BP America to govern the lease of the *Deepwater Horizon*.

**ANSWER:**   On information and belief, Anadarko admits the allegations of Paragraph 11.

12.   Transocean's pollution-related liabilities to BP are set forth in Article 24.1 of the drilling contract, which provides that Transocean "shall assume full responsibility for and shall protect, release, defend, indemnify, and hold [BP] . . . harmless from and against any loss, damage, expense, claim; fine, penalty, demand, or liability for pollution or contamination, including control and removal thereof, originating above the surface of the land or water from spills, leaks, or discharges of fuels, lubricants, motor oils, pipe dope, paints, solvents, ballasts, air emissions, bilge, garbage or any other liquid or solid whatsoever <u>in the possession and control</u> of [Transocean] . . . ." (emphasis added)

**ANSWER:**   Anadarko states that the Drilling Contract is a legal document that speaks for itself, but admits that Article 24.1 of the Drilling Contract contains the quoted language. The remainder of Paragraph 12 consists of legal conclusions to which no response is required.

13.   BP's pollution-related liabilities to Transocean are set forth in Article 24.2, which provides that BP "shall assume full responsibility for and shall protect, release, defend, indemnify and hold [Transocean] harmless from and against any loss, damage, expense, claim, fine, penalty, demand or liability for pollution or contamination, including control and removal thereof, arising out of or connected with operations under this contract hereunder and <u>not assumed by</u> [Transocean] in Article 24.1 above . . . ." (emphasis added)

**ANSWER:**   Anadarko states that the Drilling Contract is a legal document that speaks for itself, but admits that Article 24.2 of the Drilling Contract contains the quoted language. The remainder of Paragraph 13 consists of legal conclusions to which no response is required.

14.   The phrase "shall protect, release, defend, indemnify and hold harmless" used in Articles 24.1 and 24.2 is broadly defined in Article 25.1.

**ANSWER:**   Anadarko states that the Drilling Contract is a legal document that speaks for itself.

15. As is customary in the industry, a clause of the Drilling Contract requires additional insured protection in favor of certain BP entities; but in the same clause, such protection is expressly limited in scope to the liabilities assumed by Transocean under the terms of the Drilling Contract. Therefore, reference to the Drilling Contract provisions cited above is necessary to determine the scope of any additional insured protection owed to BP, Anadarko and MOEX.

**ANSWER:** Anadarko states that the Drilling Contract is a legal document that speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. Anadarko otherwise denies the allegations in this paragraph.

16. Exhibit "C," Section 3 of the Drilling Contract states that BP is an additional insured under the relevant policies only "for liabilities assumed by [Transocean] under the terms of this Contract," i.e., pollution originating from above the waterline by substances in Transocean's possession. Because the liability BP, Anadarko and MOEX face for pollution emanating from BP's well are from pollutants originating from below the water's surface, and from BP's well, those liabilities are not within the scope of the additional insured protection.

**ANSWER:** Anadarko states that the Drilling Contract is a legal document that speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. Anadarko otherwise denies the allegations in this paragraph.

17. Other terms, conditions, limitations and exclusions of the policies may preclude coverage to BP, Anadarko and MOEX in connection with the liabilities in question.

**ANSWER:** Anadarko states that the Drilling Contract is a legal document that speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. Anadarko otherwise denies the allegations in this paragraph.

## POLICIES

18. The Ranger policy and the excess policies insuring Transocean were issued for the period May 1, 2009 to May 1, 2010. The coverage afforded under these policies is subject to certain terms, conditions, limitations and exclusions.

**ANSWER:** Anadarko states that the Ranger policy and other excess policies are legal documents that speak for themselves. Anadarko admits that the coverage afforded under those policies is subject to certain terms, conditions, limitations and exclusions.

19. The policies contain a Choice of Law/Jurisdiction clause which states that the "proper and exclusive law of this insurance policy shall be Texas law. Any disputes arising under or in connection with this insurance policy shall be subject to the exclusive jurisdiction of the Texas courts."

**ANSWER:** Anadarko states that the Ranger policy and other excess policies are legal documents that speak for themselves.

## Count One

## DECLARATORY JUDGMENT

20. The allegations contained in Paragraphs 1-19 are incorporated by reference herein.

**ANSWER:** Anadarko incorporates as its answer to Paragraph 20 its responses to Paragraphs 1-19 above as if fully set forth herein.

21. The notice of claim provided or attempted to be provided by BP and the allegations contained in the Unopposed Motions to Intervene by Anadarko and MOEX present an actual and existing controversy between Ranger, the Transocean Excess Insurers, Transocean, BP, Anadarko and MOEX with respect to the existence and scope of the obligations of Ranger and the Transocean Excess Insurers, if any, in connection with BP's, Anadarko's, and MOEX's liabilities for the oil emanating from BP's well. BP's notice asserts a claim regarding "liabilities arising from the incident emanating from drilling operations of Transocean's rig Deepwater Horizon. . . ." Anadarko's proposed Complaint In Intervention alleges that "Anadarko has advised the Insurers that it has rights as an Insured or additional assured under the Policies." MOEX's Complaint In Intervention alleges that "MOEX timely provided the notice of loss by which it sought insurance coverage as an insured" under Transocean's policies. However, the additional insured protection, as required and restricted by the Drilling Contract, specifically does not extend to BP's, Anadarko's, and MOEX's liabilities for claims related to pollution from BP's well.

**ANSWER:** Upon information and belief, Anadarko admits that BP's notice to its insurers contains the quoted language. Anadarko states that the proposed Complaints in Intervention submitted by Anadarko and MOEX speak for themselves. Anadarko admits that an actual and existing controversy exists between Ranger, the Transocean Excess Insurers, Transocean, BP, Anadarko and MOEX with respect to the scope of coverage provided by the Ranger and excess policies. The final allegation in this paragraph constitutes a legal conclusion,

to which no response is required, but to the extent a response is required, Anadarko denies this allegation.

22. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, Transocean seeks a judicial declaration of Ranger's and the Transocean Excess Insurers' rights and duties as to BP, Anadarko, and MOEX, if any, under the policies in connection with BP's, Anadarko's and MOEX's pollution-related liabilities for the oil emanating from BP's well. The Court's making such a declaration will confer certainty on the parties with respect to their rights and obligations under the policies, and therefore, will serve the interests of justice.

**ANSWER:** Anadarko admits that Transocean is seeking a judicial declaration under 28 U.S.C. §§2201-02 and that a ruling by the Court with respect to such request (and similar requests for declaratory relief made by Anadarko and MOEX) will confer certainty on the parties with respect to their rights and obligations under the policies.

23. Transocean seeks the following declarations:

   A. BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.

   B. The additional insured status of BP (or that of Anadarko and MOEX) in the policies therefore does not extend to the pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the release of oil from BP's well.

   C. Neither Ranger nor the Transocean Excess Insurers have any additional insured obligations to BP, Anadarko and MOEX under any of the policies for the pollution liabilities BP, Anadarko, and MOEX have incurred or will incur with respect to the oil emanating from BP's well.

   D. BP, Anadarko and MOEX are not entitled to coverage under any of the Transocean's policies for the pollution liabilities BP, Anadarko, and MOEX have incurred and will incur with respect to the oil emanating from BP's well.

**ANSWER:** Anadarko admits that Transocean seeks the relief stated in Paragraph 23, but denies that it is entitled to such relief.

24. Transocean reserves the right to amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**ANSWER:** Paragraph 24 contains legal conclusions to which no responses are required.

## Count Two

## FURTHER RELIEF

25. Pursuant to Chapter 38 and section 37.009 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2202, Transocean requests recovery of its attorneys' fees and costs.

**ANSWER:** Anadarko admits that Transocean seeks the relief stated in Paragraph 25, but denies that it is entitled to such relief.

Dated:	August 3, 2011	Respectfully submitted,

/s/  Deborah D. Kuchler
Deborah D. Kuchler, T.A.
Monique M. Weiner
Robert E. Guidry
KUCHLER POLK SCHELL WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, Louisiana  70112
Telephone:  (504) 592-0691
Email:  dkuchler@kuchlerpolk.com
           mweiner@kuchlerpolk.com
           rguidry@kuchlerpolk.com

John D. Shugrue
Yisroel I. Hiller
Andrea Yassemedis
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 207-1000
Email:  jshugrue@reedsmith.com
           yhiller@reedsmith.com
           ayassemedis@reedsmith.com

COUNSEL FOR ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY L.P.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 3, 2011.

/s/ Deborah D. Kuchler<br>
Deborah D. Kuchler, T.A.