UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br>SECTION "J" (1)<br>JUDGE BARBIER |
| APPLIES TO:  11-274 c/w 11-275 | MAGISTRATE SHUSHAN |

### BP DEFENDANTS' ANSWER (JURY TRIAL DEMANDED)

Defendants BP plc, BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., and BP Holdings North America Limited (collectively, "BP Defendants"), by and through their undersigned attorneys, hereby respond as follows to the allegations in the Complaint in Intervention (docket no. 1755) filed against them in these consolidated actions by intervenors Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively "Transocean"):

### PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 1 should be determined to contain any factual allegations to which a response is required, they are denied.[1]

2. BP Defendants admit the allegations of Paragraph 2, but state that Transocean Limited and/or its subsidiary Transocean Holdings LLC and BP America Production Company,

---

[1] BP Defendants contend that BP plc and BP Holdings North America Limited are not proper parties to this litigation, as these entities have asserted no coverage claims under the insurance policies at issue in the insurance actions.

respectively, are the successors to the parties to the drilling contract alleged in Paragraph 2 of the Complaint ("Drilling Contract").

3. BP Defendants admit the allegation of Paragraph 3 that they have incurred and will continue to incur significant liabilities, at least in the form of claim settlements and legal defense costs, in connection with the fire, explosion, and sinking of Transocean's *Deepwater Horizon* and the related and resulting oil spill ("*Deepwater Horizon* Incident") and that such liabilities include, but are not limited to, claims for cleanup costs under state or federal laws and claims for damages to third parties (including individuals, businesses and governmental entities) whose persons or properties have been or will be affected or allegedly affected by the spill. BP Defendants lack information sufficient to enable them to respond to the remaining allegations of Paragraph 3, and on that basis they are denied.

4. BP Defendants admit the allegation of Paragraph 4 that BP Defendants provided notice of claim to Ranger by, among other things, a letter dated May 28, 2010, and to Certain Underwriters at Lloyd's, London and Various Insurance Companies (collectively, the "Excess Insurers") by, among other things, an e-mail on May 14, 2010. BP Defendants further admit that Anadarko and MOEX each filed motions to intervene and complaints in intervention in this case, which speak for themselves, and which motions the Court granted on March 3 and March 16, 2011, respectively.

5. Paragraph 5 sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 5 should be determined to contain any factual allegations to which a response is required, they are denied.

**PARTIES**

6. BP Defendants admit that Transocean Holdings, among possibly other Transocean entities, was at all material times responsible for the *Deepwater Horizon* and was,

among possibly other Transocean entities, the contractor that commissioned and leased the *Deepwater Horizon* for the purpose of offshore operations in the Gulf of Mexico at the Macondo Well.

7. BP Defendants deny that either BP plc or BP Holdings North America Limited is a corporation doing business in the State of Texas. The remaining allegations of Paragraph 7 are admitted.

## JURISDICTION AND VENUE

8. Paragraph 8 sets forth legal assertions that do not warrant a response. To the extent a response is required, BP Defendants admit that the Drilling Contract is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*, and that the Drilling Contract defines, in part and subject to governing law, the scope of liabilities between Transocean and BP. BP Defendants admit that the relevant liability policies insure, in part, marine risks.

9. Paragraph 9 sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 9 should be determined to contain any factual allegations to which a response is required, they are denied.

10. Paragraph 10 sets forth a legal assertion that does not warrant a response. To the extent a response is required, BP Defendants deny that venue is proper in the Eastern District of Louisiana, except for the purposes of coordinated or consolidated pre-trial proceedings as ordered by the United States Judicial Panel on Multidistrict Litigation by transfer order dated February 8, 2011.

## GENERAL ALLEGATIONS

11. BP Defendants admit that the predecessors of Transocean Limited and/or its subsidiary Transocean Holdings LLC and BP America Production Company, respectively,

entered into a Drilling Contract on or about December 9, 1998 to govern the lease of the *Deepwater Horizon*.

12. BP Defendants admit the allegation of Paragraph 12 that Article 24.1 of the Drilling Contract contains, in part, the quoted language but otherwise deny the allegations of Paragraph 12.

13. BP Defendants admit the allegation of Paragraph 13 that Article 24.2 of the Drilling Contract contains, in part, the quoted language but otherwise deny the allegations of Paragraph 13.

14. BP Defendants admit the allegation of Paragraph 14 that Article 25.1 of the Drilling Contract provides a definition for the phrase "shall protect, release, defend, indemnify and hold harmless" but otherwise deny the allegations of Paragraph 14.

15. BP Defendants admit the allegation of Paragraph 15 that the Drilling Contract requires insurance protection in favor of certain BP entities. BP Defendants deny the remaining allegations of Paragraph 15.

16. BP Defendants deny the allegations of Paragraph 16.

17. BP Defendants deny the allegations of Paragraph 17.

## POLICIES

18. BP Defendants admit the allegation of Paragraph 18 that the coverage afforded under the Ranger Policy and the excess policies are subject to certain terms, conditions, limitations and exclusions, all as set forth in the policies and any amendments and endorsements thereto. The BP Defendants otherwise deny the allegations of Paragraph 18.

19. BP Defendants admit the allegations of Paragraph 19.

4

## Count One

### DECLARATORY JUDGMENT

20. BP Defendants respond to the allegations contained in Paragraphs 1 through 19 of the Complaint as set forth in Paragraphs 1 through 19 of this Answer, which are incorporated herein.

21. BP Defendants admit the allegations of Paragraph 21 that (a) there is an actual and existing controversy between BP Defendants (except BP plc and BP Holdings North America Limited), Ranger, the Excess Insurers, Transocean, Anadarko, and MOEX with respect to the existence and scope of the obligations of Ranger and the Excess Insurers in connection with the liabilities of BP Defendants (except BP plc and BP Holdings North America Limited) arising from the *Deepwater Horizon* Incident; (b) BP Defendants provided notice of claim to Ranger by, among other things, a letter dated May 28, 2010, and to the Excess Insurers by, among other things, an e-mail on May 14, 2010, and that the notices contain, in part, the language quoted in Paragraph 21; and (c) Anadarko and MOEX filed complaints in intervention in this action, and their complaints in intervention contain, in part, the language quoted in Paragraph 21.  The remaining allegations of Paragraph 21 are denied.

22. Paragraph 22 sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 22 should be determined to contain any factual allegations to which a response is required, they are denied.

23. BP Defendants deny the allegations of Paragraph 23, except that they admit that Transocean is seeking the stated relief.

24. Paragraph 24 sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 24 should be determined to contain any factual allegations to which a response is required, they are denied.

## Count Two

### FURTHER RELIEF

25. Paragraph 25 sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 25 should be determined to contain any factual allegations to which a response is required, they are denied, and BP Defendants further deny that Transocean is entitled to the recovery requested.

### PRAYER

Transocean's Prayer sets forth a legal assertion that does not warrant a response. To the extent a response is required, BP Defendants deny that Transocean is entitled to any of the relief requested or any other or further relief.

### JURY DEMAND

BP Defendants request a trial by jury on all issues raised by the Complaint in Intervention that are properly triable to a jury.

### BP DEFENDANTS' AFFIRMATIVE DEFENSES

In the alternative and without waiver of the specific denials set forth above, BP Defendants state:

### First Affirmative Defense

26. The Complaint fails to state a claim against some or all BP Defendants upon which relief can be granted. In particular, and without limitation, the Complaint fails to state a claim against Defendants BP plc and BP Holdings North America Limited, insofar as these two Defendants do not seek coverage under the insurance policies that are the subject of these consolidated actions.

### Second Affirmative Defense

27. The Court lacks personal jurisdiction over Defendants BP plc and BP Holdings North America Limited.

### Third Affirmative Defense

28. The claims asserted in the Complaint are barred by the doctrines of waiver, release, estoppel, and/or unclean hands.

### Fourth Affirmative Defense

29. BP Defendants specifically reserve their respective rights to assert any and all additional affirmative defenses that may become apparent or available during the course of these proceedings and further reserve their respective rights to amend this Answer to assert such defenses.

Respectfully submitted,

/s/ David B. Goodwin

| | |
|---|---|
| Allan B. Moore | David B. Goodwin |
| Seth A. Tucker | M. Alexia dePottere-Smith |
| Christopher J. Wenk | Covington & Burling LLP |
| Covington & Burling LLP | One Front Street, 35th Floor |
| 1201 Pennsylvania Avenue, NW | San Francisco, CA  94111 |
| Washington, DC  20004-2401 | Tel:  (415) 591-6000 |
| Tel:  (202) 662-6000 | Fax:  (415) 591-6091 |
| Fax:  (202) 778-5575 | E-mail:  dgoodwin@cov.com |
| E-mail:  abmoore@cov.com | E-mail:  adepottere@cov.com |
| E-mail:  stucker@cov.com | |
| E-mail:  cwenk@cov.com | |

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:  August 3, 2011

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of August, 2011.

/s/ Christopher J. Wenk
Christopher J. Wenk
