

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * | MAG. (1) |
| This Document Relates to: | * | |
| | * | JUDGE BARBIER |
| 11-274 and 11-275 | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * *

**MOEX OFFSHORE 2007 LLC'S ANSWER TO THE**

**TRANSOCEAN PARTIES' COMPLAINT IN INTERVENTION**

Defendant MOEX Offshore 2007 LLC ("Offshore") responds to the Complaint in Intervention ("Complaint") [Doc. # 1755][1] of Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively "Transocean") as follows:

For each and every allegation of the Complaint, Offshore responds as follows:

### PRELIMINARY STATEMENT

1.  Paragraph 1 of the Complaint contains legal assertions and purports to characterize the relief Transocean seeks in this action, to which no response is required. To the extent a response is required, Offshore admits the allegations set forth in Paragraph 1 of the Complaint.

2.  Offshore denies the allegations set forth in Paragraph 2 of the Complaint.

---

[1] Before leave was granted, the Complaint was filed as Doc. # 1667-5.

3. The first two sentences of Paragraph 3 concern other parties, to which Offshore is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, they are denied.  As to the third sentence of Paragraph 3 of the Complaint, Offshore admits that significant liabilities have been and continue to be asserted against it, and that it has incurred and will continue to incur significant costs in defending against those assertions.  Offshore admits that the liabilities asserted against it are of the type generally described in the fourth sentence of Paragraph 3.  To the extent not admitted, any remaining allegations in Paragraph 3 are denied.

4. The first two sentences of Paragraph 4 concern other parties, to which Offshore is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, they are denied.  Offshore admits the allegations in the third and fourth sentences of Paragraph 4.

5. Paragraph 5 purports to characterize the relief Transocean claims to be seeking, to which no response is required.  To the extent a response is required, Offshore denies that Transocean's characterization is accurate, and in any event, it denies that Transocean is entitled to that relief.

**PARTIES**

6. On information and belief, Offshore admits the allegations set forth in Paragraph 6 of the Complaint.

7. To the extent the allegations set forth in Paragraph 7 concern other parties, Offshore admits those allegations on information and belief.  With respect to the last sentence of Paragraph 7, Offshore admits that it sought and obtained leave to file its Complaint in Intervention in this action.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint contains legal assertions and purports to characterize the drilling contract between certain affiliates and/or predecessors of Transocean and BP, to which no response is required. Offshore further states that the drilling contract is the best evidence of its terms and it speaks for itself. Offshore admits that the drilling contract does state certain rights and obligations, and that the insurance policies at issue insure risks associated with this matter.

9.      The allegations in Paragraph 9 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367 and/or 28 U.S.C. §1333.

10.     The allegations set forth in Paragraph 10 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore admits that on February 10, 2011, the United States Judicial Panel on Multidistrict Litigation ("JPML") determined that under 28 U.S.C. § 1407 it was proper to transfer these actions from the Southern District of Texas to this District for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL No. 2179.

## GENERAL ALLEGATIONS

11.     Paragraph 11 of the Complaint concerns other parties and Offshore admits those allegations on information and belief.

12.     Paragraph 12 of the Complaint contains legal assertions to which no response is required. It also purports to characterize and quote certain portions of the drilling contract. That document is the best evidence of its terms and it speaks for itself. Offshore denies that the purported quotation set forth in Paragraph 12 of the Complaint is precisely accurate, but

Offshore admits that the drilling contract contains substantially the same language. To the extent not admitted, any remaining allegations of Paragraph 12 are denied.

13. Paragraph 13 of the Complaint contains legal assertions to which no response is required. It also purports to characterize and quote certain portions of the drilling contract. That document is the best evidence of its terms and it speaks for itself. Offshore denies that the purported quotation set forth in Paragraph 13 of the Complaint is precisely accurate, but Offshore admits that the drilling contract contains substantially the same language. To the extent not admitted, any remaining allegations of Paragraph 13 are denied.

14. Paragraph 14 of the Complaint purports to characterize and quote certain portions of the drilling contract. That document is the best evidence of its terms and it speaks for itself. Offshore admits that Article 25.1 of the drilling contract provides a definition for the phrase "shall protect, release, defend, indemnify and hold harmless" but otherwise denies the remaining allegations in Paragraph 14.

15. In response to the allegations set forth in Paragraph 15 of the Complaint, Offshore states that the drilling contract is the best evidence of its terms and that document speaks for itself. The allegations in the last sentence of Paragraph 15 of the Complaint set forth conclusions of law to which no response is required. To the extent a response is required, Offshore denies the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint purports to characterize the drilling contract and Offshore states that the drilling contract is the best evidence of its terms and that document speaks for itself. The allegations set forth in the last sentence of Paragraph 16 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore denies the allegations in Paragraph 16 of the Complaint.

17. Offshore denies the allegations set forth in Paragraph 17 of the Complaint.

## POLICIES

18. In response to the allegations set forth in Paragraph 18 of the Complaint, the referenced documents are the best evidence of their terms and the documents speak for themselves. Offshore admits, however, that the stated policy period is accurate and the coverage afforded under the policies at issue in this action is subject to certain terms, conditions, limitations and exclusions.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, the referenced documents are the best evidence of their terms and the documents speak for themselves. Offshore admits, however, that the policies contain the language purportedly quoted in Paragraph 19 of the Complaint.

### Count One

## DECLARATORY JUDGMENT

20. There are no allegations set forth in Paragraph 20 to which a response is required. To the extent a response is required, Offshore adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. The allegations in the first sentence of Paragraph 21 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore admits that there is an actual and justiciable controversy between the insurers in this action, Transocean, BP, Anadarko and Offshore concerning their respective rights and obligations under the policies at issue in this action. The second and third sentences of Paragraph 21 concern other parties and also purport to quote or characterize other documents

and Offshore refers to those documents as the best evidence of their contents. To the extent a response to the second and third sentences of Paragraph 21 of the Complaint is required, Offshore admits those allegations on information and belief. The allegations in the fourth sentence of Paragraph 21 of the Complaint purport to quote Offshore's Complaint. Offshore refers to that document as the best evidence of its contents, denies that the purported quotation is precisely accurate, but admits that it contains substantially the same language. The allegations set forth in the last sentence of Paragraph 21 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore denies the allegations in the last sentence of Paragraph 21 of the Complaint.

22. The allegations set forth in the first sentence of Paragraph 22 of the Complaint purport to characterize the relief Transocean claims to be seeking, to which no response is required. To the extent a response is required, Offshore denies that Transocean's characterization is accurate, and in any event, it denies that Transocean is entitled to that relief. The allegations in the last sentence of Paragraph 22 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Offshore admits that a ruling on the claims and defenses properly at issue in this action will terminate some or all of the parties' controversy.

23. Paragraph 23 of the Complaint states the declarations Transocean purportedly seeks, to which no response is required. To the extent a response is required, Offshore denies that Transocean is entitled to those declarations and denies that those declarations are correct.

24. There are no allegations set forth in Paragraph 24 to which a response is required. To the extent that a response is required, Offshore denies such allegations.

**Count Two**

**<u>FURTHER RELIEF</u>**

25. Paragraph 25 of the Complaint contains legal assertions to which no response is required. To the extent that a response is required, Offshore denies such allegations and denies that Transocean is entitled to the relief it seeks.

**<u>PRAYER</u>**

The Prayer in Transocean's Complaint contains legal assertions to which no response is required. To the extent that a response is required, Offshore denies such allegations and denies that Transocean is entitled to the relief for which it prays.

    Respectfully submitted,

    PILLSBURY WINTHROP SHAW PITTMAN LLP

    <u>/s/     Vincent E. Morgan</u>

    Vincent E. Morgan
    Texas Bar No. 24027529
    909 Fannin, Suite 2000
    Houston, Texas  77010
    Telephone:     713.276.7600
    Facsimile:     713.276.7676
    vince.morgan@pillsburylaw.com

    Peter M. Gillon
    District of Columbia Bar No. 384995
    Geoffrey J. Greeves, T.A.
    District of Columbia Bar No. 463035
    James P. Bobotek
    District of Columbia Bar No. 458375
    2300 N Street, NW
    Washington, DC 20037-1122
    Telephone:     202.663.8000
    Facsimile:     202.663.8007
    peter.gillon@pillsburylaw.com
    geoffrey.greeves@pillsburylaw.com
    james.bobotek@pillsburylaw.com

**Counsel for MOEX Offshore 2007 LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to Pretrial Order No. 12, I have caused a copy of the above and foregoing **MOEX OFFSHORE 2007 LLC'S ANSWER TO THE TRANSOCEAN PARTIES' COMPLAINT IN INTERVENTION** to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL2179, on August 3, 2011.

／s／     *Vincent E. Morgan*_____