UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION "J"** |
| | * | **JUDGE BARBIER** |
| **This Document Relates to:** | * | |
| **Case No. 2:10-cv-04182** | * | |
| **Case No. 2:10-cv-04183** | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | **MAGISTRATE SHUSHAN** |
| * * * * * * * * * * * * | | |

**DEFENDANT MOEX USA CORPORATION'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OF
THE STATE OF ALABAMA**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

**TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................................1

    A.    The Alabama Complaint Contains No Substantive Allegations Against MOEX USA, and thus Fails to State a Claim Against MOEX USA Upon Which Relief Can Be Granted ........................................................................................1

    B.    The Alabama Complaint's Claim of Negligence Must Be Dismissed as Against MOEX USA. ...................................................................................................2

    C.    MOEX USA Adopts the Arguments of Offshore and Its Co-Defendants. .......................4

CONCLUSION ...............................................................................................................................5

i

# TABLE OF AUTHORITIES

**<u>Page</u>**

## CASES

*Ashcroft v. Iqbal*,
 __ U.S. __, 129 S. Ct. 1937 (2009) ................................................................................. 1

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ......................................................................................................... 1

*Court-Appointed Receiver Of Lancer Offshore, Inc. v. The Citco Group Ltd*,
 2011 WL 1232986 (S.D. Fla. Mar. 30, 2011) ................................................................ 1

*Ferrer v. Chevron Corp.*,
 484 F.3d 776 (5th Cir. 2007) .......................................................................................... 3

*Haley Paint Co. v. E.I. DuPont de Nemours and Co.*,
 __ F. Supp. 2d __, 2011 WL 1298257 (D. Md. Mar. 31, 2011) ................................. 1

## RULES

Fed. R. Civ. P. 12(b) ................................................................................................... 1, 3 4

Defendant MOEX USA Corporation ("MOEX USA") submits this Reply Brief in further support of its Motion to Dismiss the First Amended Complaint of the State of Alabama, pursuant to Fed. R. Civ. P. 12(B)(6), and in response to the State of Alabama's Brief in Opposition to the Various Defendants' Motions to Dismiss (Doc. 3203) ("A. Mem.").[1]

## ARGUMENT

### A. The Alabama Complaint Contains No Substantive Allegations Against MOEX USA, and thus Fails to State a Claim Against MOEX USA Upon Which Relief Can Be Granted

The Alabama Complaint does not contain any specific allegations of wrongdoing by MOEX USA, the parent company of MOEX Offshore 2007 LLC ("Offshore"). *See* Alabama's First Amended Complaint ¶¶26-27 (Doc. 1887) ("Complaint"). Rather, Alabama's only purported claim against MOEX USA is a general, conclusory allegation that MOEX USA is not a "distinct corporate entit[y]" (Complaint ¶29).

As MOEX USA argued in its Motion to Dismiss (MOEX USA Mem. 1), such formulaic veil-piercing allegations fail, under federal pleading standards, to state a claim against a parent corporation for the alleged obligations of its subsidiary. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007); *Court–Appointed Receiver Of Lancer Offshore, Inc.* v. *The Citco Group Ltd,* No. 05–60055–CIV., 2011 WL 1232986, \*6-7 (S.D. Fla. Mar. 30, 2011); *Haley Paint Co. v. E.I. DuPont de Nemours and Co.,* __ F. Supp.2d __, 2011 WL 1298257, \*8 (D. Md. Mar. 31, 2011) (applying *Iqbal* and *Twombly* to veil-piercing allegations and dismissing complaint against parent corporation).

---

[1] Except as otherwise stated, MOEX USA continues herein the abbreviations and citation forms adopted in the Memorandum of Law in Support of Motion of Defendant MOEX USA Corporation to Dismiss the First Amended Complaints of the State of Louisiana and the State of Alabama (Doc. 2651-1) ("MOEX USA Mem.").

Alabama's Opposition Memorandum does not dispute or even address this point. As to MOEX USA, the lack of a substantive claim is dispositive. Indeed, even Alabama's perfunctory veil-piercing allegation on its face contains no claim against MOEX USA. It states: "Because MOECO is an alter ego of its subsidiaries (MOEX Offshore and MOEX USA), any and all liability of MOEX Offshore and MOEX USA is imputed to MOECO." Complaint ¶29 (emphasis added). The "imputation" of liability "to MOECO" is not the same as imputing liability to MOEX USA. The Complaint is required to allege some plausible and legally valid ground for imposing liability upon MOEX USA, either directly or by imputation. It fails utterly to do so. Alabama's Complaint must therefore be dismissed as against MOEX USA, because Alabama has not even bothered to articulate any ground for suing MOEX USA.

### B. The Alabama Complaint's Claim of Negligence Must Be Dismissed as Against MOEX USA.

In opposition to Offshore's and MOEX USA's motions to dismiss, Alabama argues that the "MOEX Defendants" may be held liable for negligence because the Operating Agreement was "in the nature of a joint venture." A. Mem. 59-64. This "joint venture" theory is thoroughly refuted in Offshore's Reply Memorandum, filed herewith. But, even assuming the Operating Agreement *did* create a joint venture (which it did not), MOEX USA is not a party to that venture.

An examination of the documentary evidence relied upon by Alabama – *i.e.,* the Operating Agreement – shows that MOEX USA was *not* a party to that contract. *See* Macondo Prospect Offshore Deepwater Operating Agreement, Preamble (identifying parties); Art. 26.5.5 (providing that Operating Agreement was the parties' "final and entire agreement" and could not "be modified or changed except by written amendment signed by the parties"); Anadarko's Ratification and Joinder of Operating Agreement (written amendment adding Anadarko

2

Petroleum Corporation and Anadarko E&P Company LP as parties to Operating Agreement; not mentioning MOEX USA).[2]

Indeed, the Alabama Complaint and Opposition Memorandum affirmatively state who the parties to the Operating Agreement are, and MOEX USA is not one of them. *See* Complaint ¶31 ("On October 1, 2009, BP Exploration as the operator, and MOEX Offshore, as the non-operator, entered into the Macondo Prospect Offshore Deepwater Operating Agreement. On December 17, 2009, BP Exploration, MOEX Offshore, Anadarko E&P, and Anadarko executed a 'Joinder' of the Operating Agreement."); *accord* A. Mem. 59.

Thus, since MOEX USA is not a party to the Operating Agreement, it cannot be held liable for negligence based on that Agreement's provisions.

Notably, as set forth in Offshore's Reply Memorandum, operating control is an essential element of liability for accidents in oil and gas extraction. *See* Defendant MOEX Offshore 2007 LLC'S Reply Mem. in Further Support of Its Mot. to Dismiss the First Amended Complaint of the State of Alabama at 9-13. Alabama does not plead any plausible facts showing that MOEX USA, the parent company of a 10% minority investor in the lease, had or exercised any operating control over the rig or the well.

---

[2] The Alabama Complaint expressly relies upon the Operating Agreement as a basis for its claims against Offshore. *See* Complaint ¶¶31, 129,145; *accord* A. Mem. 58-66. Therefore, MOEX USA may refer to the relevant provisions of the Operating Agreement in this motion. *See* Consolidated Memorandum in Support of Motion of Defendant MOEX Offshore 2007 LLC to Dismiss the First Amended Complaints of the State of Louisiana and the State of Alabama (Doc 2647-1) at 13 n. 8 and cases cited; *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007). A copy of the Operating Agreement was attached as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] § III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 1414-1), and was attached separately as an exhibit to Anadarko Petroleum Corporation's Form 8-K filed with the U.S. Securities and Exchange Commission on June 21, 2010. The portions of the Operating Agreement referred to herein can be found in those filings.

### C. MOEX USA Adopts the Arguments of Offshore and Its Co-Defendants.

MOEX USA hereby adopts and incorporates the arguments in Offshore's Reply Memorandum, filed contemporaneously herewith. As set forth in that Memorandum, (i) Alabama's claims under maritime law have been displaced by OPA; (ii) Alabama's OPA claims must be dismissed for failure to comply with OPA's presentment requirements; (iii) Alabama fails to state a claim against Offshore for negligence under general maritime law; (v) OCSLA's choice-of-law provision applies to activities on the Outer Continental Shelf and requires the exclusive application of federal law in this case; and (vi) Alabama's state law claims must be dismissed.[3]

---

[3] MOEX USA also adopts the arguments of its co-defendants as set forth in (i) BP Defendant's Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) the First Amended Complaints of the States of Alabama and Louisiana, at 5-56 (Doc. 2644-1); (ii) Memorandum in Support of Halliburton Energy Services, Inc.'s Motion to Dismiss Plaintiffs' Master Complaint ["Bundle C"], the State of Alabama's First Amended Complaint, and the State of Louisiana's First Amended Complaint, at 9-24, 26-32 (Doc. 2642-1); (iii) Memorandum of Law in Support of Defendant M-I LLC's Motion to Dismiss the State of Alabama's First Amended Complaint, at 4-12, 14-29 (Doc. 2630-1); (iv) Consolidated Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation and Anadarko E&P Company LP to Dismiss the State of Alabama's First Amended Complaint and the State of Louisiana's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) "Pleading Bundle C"], at 9-65 (Doc. 264501); (v) Memorandum in Support of Defendant Cameron International Corporation's Motion to Dismiss State of Alabama's First Amended Complaint, at 6-35 (Doc, 2639); (vi) Memorandum in Support of Weatherford U.S., L.P.'s Motion to Dismiss the Local Government Entity's Voluntary Master Complaint, Cross-Claim, Third-Party Complaint (Bundle C) and the First Amended Complaints of the States of Alabama and Louisiana, at 9-29 (Doc. 2638-1); and corresponding portions of those Defendants' Reply Memoranda.

## CONCLUSION

For the foregoing reasons, the State of Alabama's Complaint should be dismissed in their entirety as against MOEX USA Corporation.

Dated:  August 5, 2011

/s/    Jack McKay
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**ATTORNEYS FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 5, 2011.

/s/_____Jack McKay_____