UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | SECTION "J" |
| | * | JUDGE BARBIER |
| **This Document Relates to:** | * | |
| *Pleading Bundle C*, | * | |
| **No. 10-2771** | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

**DEFENDANT MOEX USA CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE VOLUNTARY MASTER COMPLAINT, CROSS-CLAIM, AND THIRD PARTY COMPLAINT FOR LOCAL GOVERNMENT ENTITIES ["PLEADING BUNDLE C"]**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

# TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................. 1

    A.    The Local Governments' Complaint Contains No Substantive Allegations Against MOEX USA, and thus Fails to State a Claim Upon Which Relief Can Be Granted Against MOEX USA ............................................. 1

    B.    The Local Governments' Claim of Negligence Against MOEX USA Must Be Dismissed ................................................................................................. 3

    C.    MOEX USA Adopts the Arguments of Offshore and Its Co-Defendants. ...................................................................................................................... 4

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ashcroft v. Iqbal*,
  __ U.S. __, 129 S. Ct. 1937 (2009) ...................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 3

*Court-Appointed Receiver Of Lancer Offshore, Inc. v. The Citco Group Ltd*,
  2011 WL 1232986 (S.D. Fla. Mar. 30, 2011) ...................................................................... 3

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007) ............................................................................................... 4

*Haley Paint Co. v. E.I. DuPont de Nemours and Co.*,
  __ F. Supp. 2d __, 2011 WL 1298257 (D. Md. Mar. 31, 2011) ......................................... 3

*New Orleans Jazz & Heritage Foundation, Inc. v. Kirksey*,
  40 So. 3d 394 (La. Ct. App. 2010) ...................................................................................... 2

*Wallace v. Wood*,
  752 A.2d 1175 (Del. Ch. 1999) ........................................................................................... 2

*Town of Haynesville, Inc. v. Entergy Corp.*,
  956 So. 2d 192 (La. Ct. App. 2007) .................................................................................... 2

**RULES**

Fed. R. Civ. P. 12(b) .................................................................................................................. 4, 5

Defendant MOEX USA Corporation ("MOEX USA") respectfully submits this Reply Memorandum in further support of its Motion to Dismiss the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint for Local Government Entities Pursuant to Fed. R. Civ. P. 12(b)(6) ["Pleading Bundle C"], and in response to the Omnibus Memorandum in Opposition to Defendants' Motions to Dismiss the Voluntary Master Complaint for Local Government Entities (Doc. 3186) ("LG Mem.").[1]

## ARGUMENT

### A. The Local Governments' Complaint Contains No Substantive Allegations Against MOEX USA, and thus Fails to State a Claim Upon Which Relief Can Be Granted Against MOEX USA

The Master Local Government Complaint does not contain any specific allegations against MOEX USA, the parent company of MOEX Offshore 2007 LLC ("Offshore"). Instead, the LG Complaint states that "MOEX USA is named as a defendant herein because it is part of the corporate construct by which MOECO [MOEX USA's parent company] owns, dominates, controls and benefits from the activities of MOEX Offshore." Master Local Government Complaint ¶205 (Doc. 1510) ("LG Complaint").

The LG Complaint's claims for relief are directed against "MOEX," a term the Local Governments do not define. *See* LG Complaint ¶¶546, 662-663. MOEX USA's opening memorandum stated its assumption that this "MOEX" referred to Offshore (*see* MOEX USA Mem. 1), and the Local Governments have not disputed the point.

In their opposition to the motions to dismiss, the Local Governments restrict their arguments for MOEX USA's liability to a single footnote. *See* LG Mem. 6 n.1. There, they

---

[1] Except as otherwise stated, MOEX USA continues herein the abbreviations and citation forms adopted in the Memorandum of Law in Support of Motion of Defendant MOEX USA Corporation to Dismiss the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint for Local Governmental Entities Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 2221-1) ("MOEX USA Mem.").

argue that, based on the LG Complaint's "corporate construct" allegation (¶205), all of the Complaint's allegations against Offshore are "attributable to" MOEX USA.  LG Mem. 6 n.1.

Yet, the Local Governments' perfunctory veil-piercing allegation on its face contains no claim against MOEX USA.  It states: "MOECO is named as a defendant herein because at all relevant times it dominated and controlled the activities of MOEX Offshore and MOEX USA, such that it is the alter ego of its subsidiaries, … thus requiring that the liability of MOEX Offshore and/or MOEX USA be imputed to MOECO."  Complaint ¶206 (emphasis added).  The "imputation" of liability "to MOECO" is not the same as imputing liability to MOEX USA.  The Complaint is required to allege some plausible and legally valid ground for imposing liability upon MOEX USA, either directly or by imputation.  It fails utterly to do so.  The Local Governments' Complaint must therefore be dismissed as against MOEX USA, because the Local Governments have not even bothered to articulate any ground for suing MOEX USA.

Moreover, the "corporate construct" theory offered up in the LG Complaint itself contradicts basic notions of both corporate law and civil procedure.

As a matter of corporate law, it would be truly astonishing if all of the claims against one company could be "attributed" to all of its affiliated corporations on the putative ground that they are part of a "corporate construct" or share a "corporate relationship" (*see* LG Mem. 6 n.1).  We are aware of no authority that a corporation's separate legal existence may be disregarded solely because it is part of a "corporate construct" with other companies.  The standards of proof for veil-piercing are far more stringent.[2]

---

[2] *See Wallace v. Wood,* 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task."; claimant must show "complete domination and control" over subsidiary) (citation omitted); *New Orleans Jazz & Heritage Found., Inc. v. Kirksey*, 40 So.3d 394, 407 (La. Ct. App. 2010) ("Louisiana has a strong policy of favoring the recognition of the corporation's separate existence, such that '[p]iercing the corporate veil is considered a radical remedy employed only in exceptional circumstances.'") (quoting *Town of Haynesville, Inc. v. Entergy Corp.*, 956 So. 2d 192, 198 (La. Ct. App. 2007)).

As a matter of federal civil procedure, a general, conclusory allegation of the existence of a "corporate construct" (whatever that may mean) does not suffice to support a claim against a parent corporation for its subsidiary's alleged obligations.  *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007); *Court–Appointed Receiver Of Lancer Offshore, Inc.* v. *The Citco Group Ltd,* No. 05–60055–CIV., 2011 WL 1232986, *6-7 (S.D. Fla. Mar. 30, 2011) (applying *Iqbal* and *Twombly* to veil-piercing claims; rejecting "conclusory" allegations that subsidiary was "alter ego" or "mere instrumentality" of parent); *Haley Paint Co. v. E.I. DuPont de Nemours and Co.,* __ F. Supp.2d __, 2011 WL 1298257, *8 (D. Md. Mar. 31, 2011) (applying *Iqbal* and *Twombly* to veil-piercing allegations and dismissing complaint against parent corporation).

The lack of any substantive allegation against MOEX USA is dispositive, and the claims against it must be dismissed.

### B.  The Local Governments' Claim of Negligence Against MOEX USA Must Be Dismissed

In opposition to Offshore's and MOEX USA's motions to dismiss, the Local Governments argue that the "MOEX Defendants" may be held liable for negligence because the Operating Agreement was "in the nature of a joint venture."  LG Mem. 29, 30-36.  This "joint venture" theory is thoroughly refuted in Offshore's Reply Memorandum, filed herewith.  But, even assuming the Operating Agreement *did* create a joint venture (which it did not), MOEX USA is not a party to that venture.

An examination of the documentary evidence relied upon by the Local Governments – *i.e.,* the Operating Agreement – shows that MOEX USA was *not* a party to that contract.  *See* Macondo Prospect Offshore Deepwater Operating Agreement, Preamble (identifying parties); Art. 26.5.5 (providing that Operating Agreement was the parties' "final and entire agreement"

3

and could not "be modified or changed except by written amendment signed by the parties"); Anadarko's Ratification and Joinder of Operating Agreement (written amendment adding Anadarko Petroleum Corporation and Anadarko E&P Company LP as parties to Operating Agreement; not mentioning MOEX USA).[3]

Indeed, the LG Complaint identifies the parties to the Operating Agreement, and MOEX USA is not one of them. *See* LG Complaint ¶216 ("On or about October 1, 2009, BP E&P, as the Operating Party, and MOEX Offshore, as a Non-Operating Party, entered into the Operating Agreement. On or about December 17, 2009, BP E&P, MOEX Offshore, Anadarko and Anadarko E&P executed a 'Joinder' of the Operating Agreement.").

Thus, since MOEX USA is not a party to the Operating Agreement, it cannot be held liable for negligence based on that Agreement's provisions.

Notably, as set forth in Offshore's Reply Memorandum, operating control is an essential element of liability for accidents in oil and gas extraction. The Local Governments do not plead any plausible facts showing that MOEX USA, the parent company of a 10% minority investor in the lease, had or exercised any actual control over the rig or the well.

### C. MOEX USA Adopts the Arguments of Offshore and Its Co-Defendants

MOEX USA hereby adopts and incorporates the arguments in Offshore's Reply Memorandum, filed contemporaneously herewith. As set forth in that Memorandum, (i) the Local Governments' claims under maritime law have been displaced by OPA; (ii) the Local

---

[3] The LG Complaint expressly relies upon the Operating Agreement as a basis for its claims against Offshore. *See* Complaint ¶¶204, 216, 250; *accord* LG Mem. 29-33. Therefore, Offshore may refer to the relevant provisions of the Operating Agreement in this motion. *See* D. Mem. 13 n. 8 and cases cited; *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781 n.13 (5th Cir. 2007). A copy of the Operating Agreement was attached as Exhibit A to the Memorandum of Law in Support of Motion of Defendant Anadarko Petroleum Corporation and others to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] § III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc 1414-1), and was attached separately as an exhibit to Anadarko Petroleum Corporation's Form 8-K filed with the U.S. Securities and Exchange Commission on June 21, 2010. The portions of the Operating Agreement referred to herein can be found in those filings.

Governments' OPA claims must be dismissed for failure to comply with OPA's presentment requirements; (iii) the Local Governments' claims for removal costs under OPA are improperly pleaded; (iv) the Local Governments have no claim against Offshore for negligence under maritime law; (v) the Local Governments cannot recover economic losses without alleging physical injury to a proprietary interest; (vi) OCSLA's choice-of-law provision applies to activities on the Outer Continental Shelf and requires the exclusive application of federal law in this case; and (vii) the Local Governments' state law claims are subject to dismissal.[4]

## CONCLUSION

For the foregoing reasons, the claims in the Local Governments' Bundle C Master Complaint against MOEX USA Corporation should be dismissed in their entirety.

Dated: August 5, 2011

                              Respectfully submitted,

                              /s/    Jack McKay
                              Jack McKay
                              jack.mckay@pillsburylaw.com
                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                              2300 N Street, N.W.
                              Washington, D.C. 20037-1122
                              Telephone (202) 663-8439
                              Facsimile (202) 663-8007

---

[4] MOEX USA also adopts the arguments of its co-defendants as set forth in (i) Memorandum in Support of BP Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) the Local Government Entity Master Complaint (Doc. 2214-1) at 3-18; (ii) Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation and Anadarko E&P Company LP to Dismiss the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint for Local Government Entities Pursuant to Fed. R. Civ. P. 12(b)(7) ["Pleading Bundle C"] (Doc. 2218-1) at 7-33; (iii) Memorandum of Law in Support of Defendant M-I L.L.C.'s Motion to Dismiss Local Government Entity Voluntary Master Complaint (Bundle C) (Doc. 2224-1) at 5-24; (iv) Memorandum in Support of Motion of Dril-Quip, Inc. to Dismiss Bundle C Complaints (Doc. 2442-1) at 17-32; (v) Memorandum of Defendant Cameron International Corporation in Support of Its Motion to Dismiss the Local Government Master Complaint (Doc. 2636-1) at 7-34; (vi) Memorandum in Support of Weatherford U.S., L.P.'s Motion to Dismiss the Local Government Entity's Voluntary Master Complaint, Cross-Claim, Third-Party Complaint (Bundle C) and the First Amended Complaints of the States of Alabama and Louisiana, at 9-29 (Doc. 2638-1); (vii) Memorandum in Support of Halliburton Energy Services, Inc.'s Motion to Dismiss Plaintiffs' Master Complaint ["Bundle C"], the State of Alabama's First Amended Complaint, and the State of Louisiana's First Amended Complaint, at 9-24, 26-32 (Doc. 2642-1); and corresponding portions of those Defendants' Reply Memoranda.

**ATTORNEY FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 5, 2011.

_____/s/___Jack McKay_____