

DONALD E. GODWIN
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

**DALLAS**   HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332   Fax

GodwinRonquillo.com

July 28, 2011

**VIA ELECTRONIC MAIL**

Magistrate Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street
Room B345
New Orleans, LA  70130

      Re:    *In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*; MDL No. 2179, United States Court Eastern District of Louisiana

Dear Judge Shushan:

      Halliburton offers this response to BP's Objection to Halliburton's Request to Depose Rich Miller, sent by email to the Court late yesterday afternoon.

      Initially, BP's assertion that Halliburton's request for Mr. Miller's deposition is untimely is incorrect.  In its Working Group Conference Order dated July 26, 2011, the Court stated that "[t]he deadline for any further requests for depositions of persons required for Phase One is Friday, August 5, 2011."  While the original deadline for completion of fact deponents for Phase One was July 31, 2011, Halliburton believes that the Court has recognized that ongoing discovery has necessitated additional Phase One depositions.  Indeed, BP has availed itself of this fact, noting as late as last week's status conference that it may request additional depositions based upon the recent Bill Ambrose deposition.

      BP's allegation that Halliburton cannot claim that it has only recently recognized the importance of Mr. Miller's deposition is also incorrect.  As we stated during last week's conference, Mr. Miller is on the original master list of potential deponents however he was not included on the culled list of priority deponents.  Thus, Halliburton has never taken a position that Mr. Miller's general connection with the case is newly discovered.

Magistrate Judge Sally Shushan
July 28, 2011
Page 2

However, as Halliburton also pointed out to the Court and counsel, Mr. Miller's specific involvement with casing design as it relates to Annular Pressure Buildup (APB) has become a material issue based upon recent testimony from a BP witness, Galina Skripnikova, relating to BP's knowledge of a more shallow hydrocarbon zone that was never revealed to Halliburton prior to the Incident. Specifically, Halliburton seeks to depose Mr. Miller regarding the potential effect of the existence of this more shallow zone on the casing design. This information is pertinent because cementing this zone may have potentially eliminated one of BP's APB mitigations. This is an issue that came into focus in Ms. Skripnikova's deposition on July 7 and 8.

BP's references to a deposition exhibit involving Mr. Miller and to deposition testimony dealing generally with the effect of APB on casing design do not establish otherwise. The deposition exhibit cited addresses only the long string versus liner issue. If this was the issue motivating Halliburton's deposition request, which it is not, BP's argument might have merit. Likewise, questions relating to APB and casing design generally do not relate to the specific effect of a shallower hydrocarbon bearing zone on APB and casing design.

Halliburton requests these additional depositions to obtain relevant information about the fact that, prior to the Incident, BP had knowledge of a more shallow hydrocarbon bearing sand that was never revealed to Halliburton. Due to the constraints of PTO 13 regarding confidentiality, rather than quote in this letter the specific deposition testimony from Ms. Skripnikova regarding this subject, Halliburton will provide by a separate email to the Court and counsel for BP specific portions of Ms. Skripnikova's deposition testimony that address BP's knowledge of the more shallow hydrocarbon bearing zone,[1] as well as the involvement of Schlumberger in running logs upon which BP relied in determining the existence of that zone.[2]

It would have been impossible for every person referenced on every email or related in any way to the Macondo well to have been deposed for Phase One, and this Court would never have allowed such a broad basis for deposition requests. Halliburton has consistently sought depositions of only those persons who have a direct bearing on the issues presented by this case, and the requests for Mr. Miller's deposition and the depositions of Victor Emanuel and Ryan O'Toole fall squarely within that category. Halliburton asks that this Court allow these depositions to be scheduled as one day depositions as a part of Phase One.

---

[1] Halliburton notes that Ms. Skripnikova's testimony regarding the timing of BP's knowledge of the more shallow hydrocarbon bearing zone seems to have changed from day one to day two of her deposition, adding further support for the need to delve more deeply into this issue.

[2] BP's letter focuses primarily upon its objection to Mr. Miller's deposition. However, in a footnote, BP also objects to Halliburton's request for the deposition of the two Shlumberger employees who actually ran the logs at issue. For the same reasons set out in this letter supporting Mr. Miller's deposition, Halliburton re-asserts its request to schedule the depositions of the two requested Schlumberger employees, Victor Emanuel and Ryan O'Toole.

Magistrate Judge Sally Shushan
July 28, 2011
Page 3

                                                 Sincerely yours,

                                               Donald E. Godwin

DEG:fmh
cc:    Liaison Counsel

Magistrate Judge Sally Shushan
July 28, 2011
Page 4