

**Fw: DWH MDL 2179 - BP Request for Additional Transocean Witnesses**
Mike O'Keefe   to: Marie Firmin                                                                08/08/2011 11:06 AM

Please file e-mail in the record.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/08/2011 11:06 AM -----

| | |
|---|---|
| From: | "Wilson, Suzie" <swilson@frilot.com> |
| To: | Sally Shushan <Sally_Shushan@laed.uscourts.gov> |
| Cc: | Alan York <AYork@GodwinRonquillo.com>, Ben Allums <Ben_Allums@laed.uscourts.gov>, Don Haycraft <dkhaycraft@liskow.com>, "Edward Flanders" <Edward.flanders@pillsburylaw.com>, Henry Dart <hdart@dartlaw.com>, Jim R <jimr@wrightroy.com>, Joe Hassinger <jhassinger@gjtbs.com>, L Strange <lstrange@ago.state.al.us>, Liaison 2179 <DefenseLiaison2179@liskow.com>, Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>, Mike Underhill <mike.underhill@usdoj.gov>, Steve Herman <SHERMAN@hhkc.com>, "Miller, Kerry J." <kmiller@frilot.com>, Rachel Clingman <rachel.clingman@sutherland.com>, Steven Roberts <Steven.Roberts@sutherland.com> |
| Date: | 07/28/2011 06:19 PM |
| Subject: | DWH MDL 2179 - BP Request for Additional Transocean Witnesses |

Dear Judge Shushan,

This is in response to BP's letter of July 26 and last-minute request to depose twelve additional members of the Transocean internal investigation team. Transocean asks the Court to deny this request for several reasons. The request is late and beyond the Phase I discovery cut-off. The existence of investigative team members and the names and roles of many of the people now requested were known to BP and other parties months ago, and the opportunity to request depositions has passed. Significantly, the proposed depositions would not expand the factual information available to the parties because these witnesses do not have personal knowledge (as proven by depositions of the BP investigators). The report is not admissible as is and has not been tendered as an expert report; in the event that any of these witnesses were identified as an expert, BP could take that deposition. Finally, BP's position seeking these depositions from Transocean is inconsistent with BP's position with respect to its own investigators and other depositions requested of BP, both in substance and in time allotted.

The facts underlying the Macondo incident have been discovered. Fact discovery is closed. The dozen individuals now requested by BP do not have personal knowledge that would augment the factual record. To the extent that these individuals could speak to the conduct and conclusions of Transocean's investigation—which is not relevant unless used as an expert report—the testimony would be merely redundant of the witnesses already deposed or scheduled. Two (soon to be three) members of its investigation team have been deposed; all of the investigation's emails, working papers, and files have been produced. These depositions are unnecessary, and BP's request should be denied.

BP's statement that more depositions are necessary to counteract criticism of BP in Transocean's investigation report does not justify an exception to the Phase 1 Discovery deadline of July 29, 2011. The report is not admissible, and there is no good cause for BP to receive an additional 60 hours of deposition time to examine individuals whose contact with Macondo was via the post-incident report. As BP itself has argued and admitted, the designation

of additional deposition witnesses with limited knowledge should be prohibited on the grounds that "there must be an end to Phase 1 discovery." (*See, e.g.,* BP Ltr. to Mag. Shushan re R. Miller Deposition, July 27, 2011).

Denial of BP's request will not expose it to any hardship. To the extent the issues are relevant, Transocean has already presented or scheduled for deposition witnesses knowledgeable of the structure, processes, and findings of the Transocean investigation. Bill Ambrose, co-lead of the investigation, was deposed by BP for 250 minutes on July 18 – 19. The other lead, Dan Farr, will be deposed on August 24 – 25. Geoff Boughton, the lead investigator on BOP issues, was deposed on July 20 – 21. BP has also requested deposition dates for Rob Turlock, which Transocean will provide.

Further, Transocean has produced all of the non-privileged emails, work papers, files, and reports relied on by the investigation, which amount to more than **2,800,000** pages of documentation. This production is in addition to the nearly 2,000,000 pages of documentation that Transocean has previously produced. This staggering volume of data is the source of Transocean's understanding of Macondo – anything BP might get from the additional requested depositions is cumulative and extraneous.

BP has had information about Transocean's investigation for some time, and in June represented that it would "advise the Court as soon as possible of any additional deposition requests resulting from Transocean's Report." (BP e-mail to Mag. Shushan re Transocean Internal Report, June 22, 2010). All parties had the opportunity to reserve time for Transocean investigation team members. At his April 25, 2011 deposition, Adrian Rose identified Dan Farr, Geoff Boughton, Derek Hart, Steven Myers, and Wes Bell as investigation team members, and the Transocean report and appendices were published on June 22, 2011, accompanied by the production of investigation documents. Despite the availability of this information, BP neglected to request depositions until now, days before the close of Phase 1 discovery.

BP argues that because its investigators were deposed early in the case, Transocean's should be deposed now. This ignores the reality of discovery in this matter. As Operator, BP knew significantly more about Macondo at the outset of this litigation than other parties--an advantage proven by the rapid publication of the Bly Report. Early in the case, other parties tried to play catch-up by deposing members of the BP investigation. But this effort failed: the depositions of the BP investigators were redundant and yielded little information not contained in BP's report. Depositions of additional Transocean investigators would be equally redundant but less informative, as the factual record has been thoroughly surveyed in the six months since the BP investigators were deposed.

The request also imposes undue burden on Transocean. As the parties turn to experts under the Court schedule, BP requests more depositions and more time with Transocean investigation members than was provided by BP. This does not comport with The Court's guidance that any further deposition discovery be handled narrowly and precisely.

Several of the individuals whose depositions have been requested by BP live and work outside of the United States, and arranging their depositions may be difficult, including Ewen Florence -

Kuala Lumpur, Malaysia; Derek Hart - Aberdeen, United Kingdom; Ryan McIntosh - Rio de Janeiro, Brazil; Steve Myers - Luanda, Angola; and Art Nordholm - Edmonton, Canada.

Respectfully,
Rachel Clingman/Kerry Miller