

**Fw: DWH MDL 2179 - BP Request for Additional Transocean Witnesses -- BP Reply**

**Mike O'Keefe**   to: Marie Firmin                                                                 08/08/2011 11:08 AM

File the email in the record.  The attachment should not be filed.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/08/2011 11:07 AM -----

| | |
|---|---|
| From: | "Andrew Langan" <alangan@kirkland.com> |
| To: | Sally_Shushan@laed.uscourts.gov |
| Cc: | Alan York <AYork@GodwinRonquillo.com>, Ben Allums <Ben_Allums@laed.uscourts.gov>, Liaison 2179 <DefenseLiaison2179@liskow.com>, Don Haycraft <dkhaycraft@liskow.com>, "Edward Flanders" <Edward.flanders@pillsburylaw.com>, Henry Dart <hdart@dartlaw.com>, Joe Hassinger <jhassinger@gjtbs.com>, Jim R <jimr@wrightroy.com>, "Miller, Kerry J." <kmiller@frilot.com>, L Strange <lstrange@ago.state.al.us>, Mike Underhill <mike.underhill@usdoj.gov>, Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>, Rachel Clingman <rachel.clingman@sutherland.com>, Sally Shushan <Sally_Shushan@laed.uscourts.gov>, Steve Herman <SHERMAN@hhkc.com>, Steven Roberts <Steven.Roberts@sutherland.com> |
| Date: | 07/28/2011 11:12 PM |
| Subject: | Re: DWH MDL 2179 - BP Request for Additional Transocean Witnesses -- BP Reply |

Dear Judge Shushan:

Transocean's message below claiming that BP's request to depose a limited number of members of Transocean's investigation team is "late" proves the hypothesis that BP advanced last Friday before Your Honor -- Transocean's goal in the delayed timing and discovery of its "investigation report" is to run out the clock.   Transocean wants to deny BP an opportunity to defend itself, hoping that its delays coupled with upcoming deadlines will somehow deny BP discovery.

Transocean's cynical and manipulative approach to discovery of its report should be rejected.  (BP can report that Halliburton joins in BP's July 26 request for these 12 Transocean deponents.)

Given Transocean's delay in rolling out its report, and then in producing discovery of that report, it is incredible that Transocean would now seek to deny BP's discovery of some members of the report's team group as "too late."    The facts are these:

1. BP produced its IIT report on September 8, 2010 and 17 BP witnesses directly involved in the report, plus contractors, were deposed over a period of months, most for 2 days.  See Don Haycraft's July 26 letter.

2. Transocean released its report over 9 months later, on June 22.  (There is now strong reason to believe that Transocean timed the release of its report until June 22, 2011 in hopes that it could compress, and thus limit, discovery related to it.)   TO has produced over 1.0 million pages of documents, much of it related to the report, in the past few weeks.    At the June 24 conference with Your Honor, BP immediately began seeking other, targeted discovery related to the report.

3. Yet after the report's June 22 release, Transocean delayed some of the most basic discovery

relating to its report.  The Court has witnessed this with its own eyes.

Indeed, so intent was Transocean on its delay strategy that it even ignored Court-ordered deadlines.   Surely the Court will recall BP's repeated requests, starting on June 24, for an organizational chart (or similar information) relating to the TO team.   We made that request so that BP could follow-up promptly and efficiently on its stated intent to seek further depositions related to the report.    This request  for organizational information was the subject of several of the Court's working group orders:

    a.  June 27, 2011 at page 4 (after June 24 conference):   **("BP reported that it may request additional Transocean depositions related to the report.
Transocean shall identify the persons who were involved in the preparation of the report and produce any organization chart for the persons who worked on it.** ").

     TO did not comply.

    b.  July 6, 2011 at page 4 **("Transocean will again inquire about an organization chart for the persons who worked on the internal report.**").

     TO did not comply.

    c.  Finally, in its July 11, 2011 Working Group Order, the Court stated flatly:

"By **Wednesday, July 13, 2011**, Transocean shall provide BP with information on how the internal report team was organized and the subject matter for the team members."

**Even in the face of this unambiguous July 11 order, Transocean failed to comply with this requirement in timely fashion.**   The information on TO team members that included the requested subject matter areas of the TO team was not provided until Friday afternoon, July 15 -- 2 days **after** the Court's deadline, and  3 weeks after BP's initial June 24 request, with no excuse offered (much less leave sought by TO).     See the supplemental INT 38-39 answers attached here.   And so BP's July 26 request for depositions that utilized this information is hardly "last minute" as TO claims -- it comes 11 days after TO belatedly complied with a Court order to provide organizational information with subject matter areas identified, and a few days after the Ambrose deposition.

4.  As another example, last Friday, BP was  forced to ask the Court to set a deadline for TO to produce a revised privilege log and to produce documents relating to the investigation over which TO no longer claims a privilege.  (July 26 Working Group Order at 3)   The Court set a deadline of July 28 -- today -- although as midnight approaches, no compliance with such order has been received by BP.

5.. Transocean does not even have the Court's schedule right.  July 31 is not a "fact discovery cutoff" as TO repeatedly asserts below.    Fact depositions -- including those requested  by Transocean -- are continuing into October.    This Court's July 26 Working Group Order -- which TO does not even cite -- states  **"7. . . . The deadline for any further requests for depositions**

**of persons required for Phase One is Friday, August 5, 2011.**" TO counsel may not have read this order, but it refutes large portions of the TO email below on its face, including TO's claim that "the opportunity to request depositions has passed." Given the July 26 order, that contention is obviously wrong.

6. The rest of Transocean's argument warrants only a short response. The TO report can be used as an admission against TO if other parties choose to do so. Any argument otherwise is wishful thinking by TO. While TO now argues that the 17+ BP IIT depositions were not what its counsel had hoped, the fact is that TO attended every such deposition and asked questions at all of them, with many lengthy examinations -- most recently, 48 pages each for BP's James Cowie (6/30/2011 Dep. Tr. 353-401 and David Wall (6/27/2011 Dep. Tr., 185-233), just as examples. As to logistics, the parties in this case have shown deposition logistics can be handled with planning and central locations, and TO certainly had no reservations about having BP produce deponents located from various locales in New Orleans and London.

BP (and Halliburton) respectfully request that the parties be allowed to depose the 12 requested Transocean witnesses. Thank you for the Court's consideration.

Respectfully submitted,


Andy Langan



**J. Andrew Langan, P.C.** | **Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com

| | |
|---|---|
| "Wilson, Suzie" <swilson@frilot.com><br><br>07/28/2011<br>06:20 PM | To Sally Shushan <Sally_Shushan@laed.uscourts.gov><br>cc Alan York <AYork@GodwinRonquillo.com>, Ben Allums <Ben_Allums@laed.uscourts.gov>, Don Haycraft <dkhaycraft@liskow.com>, "Edward Flanders" <Edward.flanders@pillsburylaw.com>, Henry Dart <hdart@dartlaw.com>, Jim R <jimr@wrightroy.com>, Joe Hassinger <jhassinger@gjtbs.com>, L Strange <lstrange@ago.state.al.us>, Liaison 2179 <DefenseLiaison2179@liskow.com>, Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>, Mike Underhill <mike.underhill@usdoj.gov>, Steve Herman <SHERMAN@hhkc.com>, "Miller, Kerry J." <kmiller@frilot.com>, Rachel Clingman <rachel.clingman@sutherland.com>, Steven Roberts <Steven.Roberts@sutherland.com><br>Subject DWH MDL 2179 - BP Request for Additional Transocean Witnesses |


Dear Judge Shushan,

This is in response to BP's letter of July 26 and last-minute request to depose twelve additional

members of the Transocean internal investigation team.  Transocean asks the Court to deny this request for several reasons.  The request is late and beyond the Phase I discovery cut-off.  The existence of investigative team members and the names and roles of many of the people now requested were known to BP and other parties months ago, and the opportunity to request depositions has passed.  Significantly, the proposed depositions would not expand the factual information available to the parties because these witnesses do not have personal knowledge (as proven by depositions of the BP investigators).  The report is not admissible as is and has not been tendered as an expert report; in the event that any of these witnesses were identified as an expert, BP could take that deposition.  Finally, BP's position seeking these depositions from Transocean is inconsistent with BP's position with respect to its own investigators and other depositions requested of BP, both in substance and in time allotted.

The facts underlying the Macondo incident have been discovered.  Fact discovery is closed.  The dozen individuals now requested by BP do not have personal knowledge that would augment the factual record.  To the extent that these individuals could speak to the conduct and conclusions of Transocean's investigation—which is not relevant unless used as an expert report—the testimony would be merely redundant of the witnesses already deposed or scheduled.  Two (soon to be three) members of its investigation team have been deposed; all of the investigation's emails, working papers, and files have been produced.  These depositions are unnecessary, and BP's request should be denied.

BP's statement that more depositions are necessary to counteract criticism of BP in Transocean's investigation report does not justify an exception to the Phase 1 Discovery deadline of July 29, 2011.  The report is not admissible, and there is no good cause for BP to receive an additional 60 hours of deposition time to examine individuals whose contact with Macondo was via the post-incident report.  As BP itself has argued and admitted, the designation of additional deposition witnesses with limited knowledge should be prohibited on the grounds that "there must be an end to Phase 1 discovery."  (*See, e.g.,*  BP Ltr. to Mag. Shushan re R. Miller Deposition, July 27, 2011).

Denial of BP's request will not expose it to any hardship.  To the extent the issues are relevant, Transocean has already presented or scheduled for deposition witnesses knowledgeable of the structure, processes, and findings of the Transocean investigation.  Bill Ambrose, co-lead of the investigation, was deposed by BP for 250 minutes on July 18 – 19.  The other lead, Dan Farr, will be deposed on August 24 – 25.  Geoff Boughton, the lead investigator on BOP issues, was deposed on July 20 – 21.  BP has also requested deposition dates for Rob Turlock, which Transocean will provide.

Further, Transocean has produced all of the non-privileged emails, work papers, files, and reports relied on by the investigation, which amount to more than **2,800,000** pages of documentation.  This production is in addition to the nearly 2,000,000 pages of documentation that Transocean has previously produced.  This staggering volume of data is the source of Transocean's understanding of Macondo – anything BP might get from the additional requested depositions is cumulative and extraneous.

BP has had information about Transocean's investigation for some time, and in June

represented that it would "advise the Court as soon as possible of any additional deposition requests resulting from Transocean's Report."  (BP e-mail to Mag. Shushan re Transocean Internal Report, June 22, 2010).  All parties had the opportunity to reserve time for Transocean investigation team members.  At his April 25, 2011 deposition, Adrian Rose identified Dan Farr, Geoff Boughton, Derek Hart, Steven Myers, and Wes Bell as investigation team members, and the Transocean report and appendices were published on June 22, 2011, accompanied by the production of investigation documents.  Despite the availability of this information, BP neglected to request depositions until now, days before the close of Phase 1 discovery.

BP argues that because its investigators were deposed early in the case, Transocean's should be deposed now.  This ignores the reality of discovery in this matter.  As Operator, BP knew significantly more about Macondo at the outset of this litigation than other parties--an advantage proven by the rapid publication of the Bly Report.  Early in the case, other parties tried to play catch-up by deposing members of the BP investigation.  But this effort failed: the depositions of the BP investigators were redundant and yielded little information not contained in BP's report.  Depositions of additional Transocean investigators would be equally redundant but less informative, as the factual record has been thoroughly surveyed in the six months since the BP investigators were deposed.

The request also imposes undue burden on Transocean.  As the parties turn to experts under the Court schedule, BP requests more depositions and more time with Transocean investigation members than was provided by BP.  This does not comport with The Court's guidance that any further deposition discovery be handled narrowly and precisely.

Several of the individuals whose depositions have been requested by BP live and work outside of the United States, and arranging their depositions may be difficult, including Ewen Florence - Kuala Lumpur, Malaysia; Derek Hart - Aberdeen, United Kingdom; Ryan McIntosh - Rio de Janeiro, Brazil; Steve Myers - Luanda, Angola; and Art Nordholm - Edmonton, Canada.

Respectfully,
Rachel Clingman/Kerry Miller

```
*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
```

including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO Supplemental Discovery Respnose.pdf.pdf