

**Fw: Phase Two Discovery**
**Mike O'Keefe**   to: Marie Firmin                                          08/08/2011 11:25 AM

Please put Steve Herman's email in the record.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/08/2011 11:25 AM -----

| | |
|---|---|
| From: | "Steve Herman" <SHERMAN@hhkc.com> |
| To: | "Fitch, Warren Anthony" <Tony.Fitch@bingham.com> |
| Cc: | "Sally Shushan" <Sally_Shushan@laed.uscourts.gov>, "Mike O'Keefe" <Mike_OKeefe@laed.uscourts.gov>, "James Roy" <JIMR@wrighttroy.com>, "Andrew Langan" <alangan@kirkland.com>, "Don K Haycraft" <dkhaycraft@liskow.com>, "Donald Godwin" <DGodwin@GodwinRonquillo.com>, "Alan York" <ayork@GodwinRonquillo.com>, "Kerry Miller" <kmiller@fpkc.com>, "David Beck" <DBECK@brsfirm.com>, "Wittmann, Phillip A." <PWittmann@stonepigman.com>, "Underhill, Mike (CIV)" <Mike.Underhill@usdoj.gov>, "Maze, Corey" <CMaze@ago.state.al.us>, "Kirby, Ky E." <Ky.Kirby@bingham.com>, "Deb Kuchler" <dkuchler@kuchlerpolk.com> |
| Date: | 08/02/2011 11:57 AM |
| Subject: | Phase Two Discovery |

We agree and have suggested to Andy that it would be helpful for him to have available September deposition dates for BP Phase Two witnesses when we re-convene on August 12th.

With respect to discovery from plaintiffs, as was the case with phase one, it was and is extremely unlikely that plaintiffs have anything directly relevant to these issues that is not either generated and produced by and from the defendants and/or already in the public domain.  The requirement was an out of an abundance of caution provision, not for the purpose of true "discovery", but simply to prevent any possible surprise at trial.  Given the other pressing tasks at hand, Plaintiffs would respectfully suggest that this is an unnecessary diversion and a waste of time.


On Aug 2, 2011, at 12:43 PM, "Fitch, Warren Anthony" <Tony.Fitch@bingham.com> wrote:

> Dear Judge Shushan --
>
> Toward the end of last Friday's Liaison Counsel conference, you notified counsel that you will begin to address various Phase Two discovery issues in August, and you asked us to provide you over the next couple of weeks with any pertinent observations or recommendations that we might have.  Instead of waiting until the end of that two-week period, we are writing at this time to make one time-sensitive recommendation, identify a related time-sensitive concern, and then make a second recommendation to address that concern.
>
> First Recommendation:  In light of the potentially large number of Phase Two depositions that are likely to be scheduled (even after a substantial winnowing process), as well as the likely overlap of these depositions with at least the expert depositions in the 11/14-12/22 timeframe and possibly also with the January-February pre-trial work and the Phase One trial itself, we believe that the Phase Two depositions should begin no later than mid-September.  Toward that end, we hope that you will order that counsel <u>must</u> begin at the August 12  and August 19 Working Group conferences to provide a substantial number of available dates for Phase Two deposition witnesses in the September 12-30 period as well as in October.
>
> Related Concern:  We think it goes without saying that, as with the Phase One depositions,

when the Phase Two depositions commence it will be important to have as much Phase Two-related document production completed as possible.  However, the Court still has in place its directive, in Paragraph 15 (p. 11) of the May 4 Order (Document 2253) regarding the April 29 Working Group conference, that "discovery is limited to discovery relevant to Segment One" with respect to the PSC, the United States and the States of Alabama and Louisiana.  Thus, at the present time, there technically is no obligation on these parties to produce any documents or respond to any other discovery pertinent to Phase Two source control and flow volume issues that are needed for the Phase Two depositions; consequently, some parties are presently asserting thata the aforesaid provision in the April 29 Order justifies their refusal to begin producing Phase Two-related documents and other responses.

      Second Recommendation: We respectfully suggest, therefore, that the Court immediately vacate the portion of the April 29 Order that limits discovery to Phase One-related discovery so that the month of August, which has unexpectedly turned out to have a very light workload, won't be entirely wasted and, instead, can be productively used to facilitate the extremely demanding work that needs to be accomplished this fall.  If the Court agrees with this recommendation, we would also hope that you would expressly order that Phase Two related documents must be substantially produced this month and that other discovery responses must be *substantively* answered at least on a preliminary basis (subject of course to supplementation at the end of the Phase Two discovery period).

Respectfully submitted,

Ky Kirby
Tony Fitch

cc: Liaison Counsel


**Warren Anthony Fitch**
*Partner*
T 202.373.6695
F 202.373.6001
tony.fitch@bingham.com

**BINGHAM**
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006-1806

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please

notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.