

**Fw: Phase Two Discovery**
Mike O'Keefe   to: Marie Firmin                                                    08/08/2011 11:26 AM

Please put Andy Langam's email in the record.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/08/2011 11:25 AM -----

| | |
|---|---|
| From: | "Andrew Langan" <alangan@kirkland.com> |
| To: | "Steve Herman" <SHERMAN@hhkc.com>, Sally_Shushan@laed.uscourts.gov |
| Cc: | "Alan York" <ayork@GodwinRonquillo.com>, "Maze, Corey" <CMaze@ago.state.al.us>, "David Beck" <DBECK@brsfirm.com>, "Donald Godwin" <DGodwin@GodwinRonquillo.com>, "Don K Haycraft" <dkhaycraft@liskow.com>, "Deb Kuchler" <dkuchler@kuchlerpolk.com>, "James Roy" <JIMR@wrighttroy.com>, "Kerry Miller" <kmiller@fpkc.com>, "Kirby, Ky E." <Ky.Kirby@bingham.com>, "Underhill, Mike (CIV)" <Mike.Underhill@usdoj.gov>, "Mike O'Keefe" <Mike_OKeefe@laed.uscourts.gov>, "Wittmann, Phillip A." <PWittmann@stonepigman.com>, "Sally Shushan" <Sally_Shushan@laed.uscourts.gov>, "Fitch, Warren Anthony" <Tony.Fitch@bingham.com> |
| Date: | 08/03/2011 04:34 PM |
| Subject: | Re: Phase Two Discovery |

Dear Judge Shushan:

BP must make a few observations in response to the notes below on the issue of Phase 2 depositions.

While it is well and good to say counsel should start securing September dates for Phase 2 depositions, that directive begs the question -- dates for whom?

The May 19 list that was submitted to the Court per the schedule established by Your Honor has a list of about 400 names.   We don't know of anyone who contemplates the Phase 2 deposition program is going to involve 400 + names.   Indeed, several orders from Your Honor suggest that the parties engage in a process to reduce the number of deponents from the May 19 list.   That process is far from complete.

On top of that, even though names for the list were due to be submitted last May, on Sunday, July 31 the PSC announced it has 21 additional names of BP deponents to add on top of those already on the list -- going the wrong direction, as it were.   The PSC ignores that such additions were due months ago as part of the Court's May 2011 process.  This Court's  May 9 Working Group Order (May 6th Conference) -- page 10 stated as follows:

**16. Master Lists for Source Control and Quantification Tracks**.
On May 5, 2011, BP circulated two lists which included input from the United States. By **Friday, May 13, 2011**, all parties shall provide input into the lists prepared by BP. By noon on **Thursday, May 20, 2011**, BP shall email the Court a Source Control Track list and a Quantification
Track list with input from all parties. As these lists are prepared, the parties shall pare them down
as much as possible. The lists shall include only those persons who must be deposed to prepare expert reports on Source Control and Quantification.

BP has objected to the July 31 additions to the Phase 2 list by  the PSC, and the PSC naturally claims it has good reasons to expand an already huge list, 2.5 months after the Court's due date.   The main point is that the existence of this dispute highlights the first issue that must be addressed -- how are the parties

(and if necessary the Court) going to reduce the Phase 2 list (now 400+) to a manageable number?  BP has started the process of its own more manageable list of Phase 2 depositions it wants to take, but all parties need to do likewise before dates are discussed, starting with the list created and circulated on May 19 at the Court's directive.

We look forward to discussing this with the Court on August 12.

Respectfully submitted,


Andy Langan




**J. Andrew Langan, P.C.**| **Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com

| | | |
|---|---|---|
| "Steve Herman" <SHERMAN@hhkc.com> | To | "Fitch, Warren Anthony" <Tony.Fitch@bingham.com> |
| 08/02/2011 11:57 AM | cc | "Sally Shushan" <Sally_Shushan@laed.uscourts.gov>, "Mike O'Keefe" <Mike_OKeefe@laed.uscourts.gov>, "James Roy" <JIMR@wrightroy.com>, "Andrew Langan" <alangan@kirkland.com>, "Don K Haycraft" <dkhaycraft@liskow.com>, "Donald Godwin" <DGodwin@GodwinRonquillo.com>, "Alan York" <ayork@GodwinRonquillo.com>, "Kerry Miller" <kmiller@fpkc.com>, "David Beck" <DBECK@brsfirm.com>, "Wittmann, Phillip A." <PWittmann@stonepigman.com>, "Underhill, Mike (CIV)" <Mike.Underhill@usdoj.gov>, "Maze, Corey" <CMaze@ago.state.al.us>, "Kirby, Ky E." <Ky.Kirby@bingham.com>, "Deb Kuchler" <dkuchler@kuchlerpolk.com> |
| | Subject | Phase Two Discovery |



We agree and have suggested to Andy that it would be helpful for him to have available September deposition dates for BP Phase Two witnesses when we re-convene on August 12th.

With respect to discovery from plaintiffs, as was the case with phase one, it was and is extremely unlikely that plaintiffs have anything directly relevant to these issues that is not either generated and produced by and from the defendants and/or already in the public domain.  The requirement was an out of an abundance of caution provision, not for the purpose of true "discovery", but simply to prevent any possible surprise at trial.  Given the other pressing tasks at hand, Plaintiffs would respectfully suggest that this is an unnecessary diversion and a waste of time.



On Aug 2, 2011, at 12:43 PM, "Fitch, Warren Anthony" <Tony.Fitch@bingham.com> wrote:

Dear Judge Shushan --

Toward the end of last Friday's Liaison Counsel conference, you notified counsel that you will begin to address various Phase Two discovery issues in August, and you asked us to provide you over the next couple of weeks with any pertinent observations or recommendations that we might have.  Instead of waiting until the end of that two-week period, we are writing at this time to make one time-sensitive recommendation, identify a related time-sensitive concern, and then make a second recommendation to address that concern.

First Recommendation:  In light of the potentially large number of Phase Two depositions that are likely to be scheduled (even after a substantial winnowing process), as well as the likely overlap of these depositions with at least the expert depositions in the 11/14-12/22 timeframe and possibly also with the January-February pre-trial work and the Phase One trial itself, we believe that the Phase Two depositions should begin no later than mid-September.  Toward that end, we hope that you will order that counsel must begin at the August 12  and August 19 Working Group conferences to provide a substantial number of available dates for Phase Two deposition witnesses in the September 12-30 period as well as in October.

Related Concern:  We think it goes without saying that, as with the Phase One depositions, when the Phase Two depositions commence it will be important to have as much Phase Two-related document production completed as possible.  However, the Court still has in place its directive, in Paragraph 15 (p. 11) of the May 4 Order (Document 2253) regarding the April 29 Working Group conference, that "discovery is limited to discovery relevant to Segment One" with respect to the PSC, the United States and the States of Alabama and Louisiana.  Thus, at the present time, there technically is no obligation on these parties to produce any documents or respond to any other discovery pertinent to Phase Two source control and flow volume issues that are needed for the Phase Two depositions; consequently, some parties are presently asserting thata the aforesaid provision in the April 29 Order justifies their refusal to begin producing Phase Two-related documents and other responses.

Second Recommendation: We respectfully suggest, therefore, that the Court immediately vacate the portion of the April 29 Order that limits discovery to Phase One-related discovery so that the month of August, which has unexpectedly turned out to have a very light workload, won't be entirely wasted and, instead, can be productively used to facilitate the extremely demanding work that needs to be accomplished this fall.  If the Court agrees with this recommendation, we would also hope that you would expressly order that Phase Two related documents must be substantially produced this month and that other discovery responses must be *substantively*  answered at least on a preliminary basis (subject of course to supplementation at the end of the Phase Two discovery period).

Respectfully submitted,

Ky Kirby
Tony Fitch

cc: Liaison Counsel


Warren Anthony Fitch
*Partner*
T 202.373.6695
F 202.373.6001
tony.fitch@bingham.com

B I N G H A M

**Bingham McCutchen LLP**
**2020 K Street NW**
**Washington, DC 20006-1806**

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee. Please do not read, copy, or disseminate it unless
you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender. Also, we would appreciate your forwarding the message back to us and
deleting it from your system. Thank you.

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and

```
destroy this communication and all copies thereof,
including all attachments.
***********************************************************
```