

# BREIT DRESCHER
## IMPREVENTO & WALKER

August 4, 2011

Via E-mail

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

This is in response to yesterday's letter to the Court from BP concerning the scope of BP 30(b)(6) Topic No. 7. Because the Court is well-versed on the background and facts relative to the temporary abandonment procedure and the text of Topic No. 7, we will make our comments brief.

First, the stipulations as to the scope of inquiry for the BP 30(b)(6) depositions were the result of intense and protracted negotiations between the parties. During these negotiations, BP never complained that Topic No. 7 was duplicative or would result in cumulative testimony. To the extent that BP now contends that other witnesses have testified to issues within the scope of Topic No. 7, its argument should be rejected. BP did not name any of those witnesses as responsive to Topic No. 7. It is improper for BP to *ex post facto* name persons responsive to 30(b)(6) topics when the PSC did not have notice that it was questioning these witnesses as Topic No. 7 designees at the time they were being deposed.

Second, BP's interpretation of Topic 7 places unreasonable limits on its scope. Topic No. 7 specifically includes the background, bases, intent, and preparation of BP's applications to modify its temporary abandonment procedure. By its plain language, Topic No. 7 is broad in scope and is not limited to questions of a regulatory nature. Instead, it includes all of the planning involved in each of the decisions to modify BP's temporary abandonment procedure, including why the procedure was modified, who was responsible for assessing the risks for each modification, and the nature and extent of the

risk assessment. Admittedly, this includes decisions as to whether to submit these changes to the MMS. It also includes, however, inquiry into whether, and to what extent, BP followed its Group Practices - including the Hazard Identification ("HAZID") Study, the Layer of Protection Analysis ("LOPA"), Major Accident Risk Process ("MAR") – in making its decisions to modify its temporary abandonment procedure.

Third, the PSC's interpretation of the scope of Topic No. 7 does not render it duplicative of other topics, nor will it result in cumulative testimony. None of the other BP 30(b)(6) topics address BP's assessment of risk at the times it decided to modify its temporary abandonment procedure. Although some witnesses have testified to the temporary abandonment procedure itself, none have testified concerning the extent of risk analysis and safety considerations involved in BP's multiple applications to modify its procedure. These crucial questions remain unanswered, and it is imperative that BP produce a witness who can provide this testimony.

Accordingly, because BP's interpretation of Topic No. 7 is unreasonably restrictive and its argument that any other interpretation would result in duplicative or cumulative testimony is specious, we respectfully ask that the Court order BP to designate a witness that is responsive to BP 30(b)(6) Topic No. 7 as its scope is outlined herein.

Very truly yours,

Jeffrey A. Breit
Plaintiffs' Steering Committee