## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| *THIS DOCUMENT RELATES TO* | * | |
| *THE TRANSOCEAN LIMITATION* | * | MAGISTRATE NO. 1 |
| *ACTION, NO. 10-2771* | * | MAGISTRATE SHUSHAN |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MOTION OF MOEX OFFSHORE 2007 LLC TO DISMISS CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**NOW INTO COURT**, comes Defendant MOEX Offshore 2007 LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves this Honorable Court To Dismiss Cross-Claims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted, for reasons more fully explained in the accompanying memorandum in support.

**WHEREFORE**, Defendant MOEX Offshore 2007 LLC prays that this Court dismiss all claims asserted against it in Cameron International Corporation's Cross-Claims For Failure To State A Claim Upon Which Relief Can Be Granted.

EXHIBIT

tabbies®

"B"

DATED:  June 20, 2011

_/s/ Philip D. Nizialek_
Phillip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
William T. Finn (La. Bar No. 1359)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801
**ATTORNEYS FOR MOEX OFFSHORE 2007
LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the

foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of

electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.



_/s/ Philip D. Nizialek_

4853-2874-4201, v. 2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| *THIS DOCUMENT RELATES TO* | * | |
| *THE TRANSOCEAN LIMITATION* | * | MAGISTRATE NO. 1 |
| *ACTION, NO. 10-2771* | * | MAGISTRATE SHUSHAN |
| | * | |
| | * | |
| * * * * * * * * * * * * | * | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOEX OFFSHORE 2007 LLC TO DISMISS CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Philip D. Nizialek, T.A (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
William T. Finn (La. Bar No. 1359)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

## TABLE OF CONTENTS

Page

INTRODUCTORY STATEMENT ...........................................................................................3

ABSENCE OF MATERIAL ALLEGATIONS IN CROSS-CLAIMS AGAINST
MOEX OFFSHORE ...........................................................................................................4

RULES OF PLEADING AND STANDARDS FOR RULE 12(B)(6) MOTION ..........................6

CAMERON'S BARE BONES ALLEGATIONS FOR CONTRIBUTION FAIL
TO STATE A CLAIM AGAINST MOEX OFFSHORE FOR WHICH RELIEF
CAN BE GRANTED .......................................................................................................... 8

      A.    The Cross Claims' Bare Bones Allegations Are Devoid Of Facts
             Necessary to State a Cognizable Claim for Contribution
             Against MOEX Offshore ...........................................................................8

      B.    Cameron's Catchall Allegations Are Insufficient
             To Incorporate By Reference the Allegations Of
             Any Complaint or Other Pleading in This Action .....................................10

ALTERNATIVELY, TO THE EXTENT CAMERON'S ALLEGATIONS FOR
CONTRIBUTION GENERALLY ADOPT THE PETITIONS AND/OR
TRANSOCEAN'S CROSS-CLAIM, CAMERON'S ALLEGATIONS STILL
FAIL TO STATE A CLAIM AGAINST MOEX OFFSHORE FOR WHICH
RELIEF CAN BE GRANTED ............................................................................................ 13

      A.    The "Eleventh Claim" For Contribution/Comparative Fault Under
             The General Maritime Law Fails To State A Claim Against MOEX
             Offshore For Which Relief Can Be Granted.......................................... 15

      B.    The "Tenth Claim" For Contribution Under OPA Fails To State A
             Claim Against MOEX Offshore For Which Relief Can Be Granted...................... 17

CAMERON CANNOT RECOVER ITS COSTS
OF SUIT AS A MATTER OF LAW .....................................................................................21

CONCLUSION.................................................................................................................22

CERTIFICATE OF SERVICE ............................................................................................23

**MAY IT PLEASE THE COURT:**

Cross-Defendant, MOEX Offshore 2007 LLC ("MOEX Offshore") by and through its undersigned counsel, respectfully submits this Memorandum in support of its *Motion to Dismiss Cross-Claims Of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted.* For the following reasons, the motion should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>**INTRODUCTORY STATEMENT**</u>

On April 20, 2011, Defendant Cameron International Corporation ("Cameron") asserted Cross-Claims (Rec. Doc. 412 in #10-2771) against MOEX Offshore for contribution under the Oil Pollution Act ("OPA"), or alternatively Louisiana law, and against MOEX Offshore for contribution under general maritime law. On May 20, 2011, Defendant Cameron filed essentially the same Cross-Claims (Rec. Doc. 2472 in #10-2179) against MOEX Offshore for contribution under OPA, or alternatively Louisiana law, and against MOEX Offshore for contribution under general maritime law. Later the same day, on May 20, 2011, Defendant Cameron re-asserted the identical Cross-Claims a third time (Rec. Doc. 2474 in #10-2179), this time as part of its pleading replying to the Rule 13 Cross-Claims/Counter-Claims ("Transocean Cross-Claims") of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") (Rec. Doc. 2068 in #10-2179).

In each of these three Cross-Claim pleadings filed by Cameron, Cameron's contribution claim against MOEX Offshore under OPA or, alternatively, Louisiana law, consists of a single paragraph enumerated as the "Tenth Claim" (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472

in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199). Cameron's claim for contribution against MOEX Offshore under general maritime law consists of a single paragraph enumerated as the "Eleventh Claim." (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200). Cameron's three, duplicate Cross-Claims (Rec. Doc. 412 in #10-2771 Rec. Doc. 2472 in #10-2179 Rec. Doc. 2474 in #10-2179) shall be collectively referred to as the "Cross-Claims."[1]

The Cross-Claims do not identify or include any specific factual allegations that show that MOEX Offshore owed any tort duty to the Plaintiffs (and by extension contribution to Cameron). Accordingly, this Court should dismiss Cameron's Cross-Claims against MOEX Offshore pursuant to Rule 12(b)(6) because, on their face, the Cross-Claims' bare bones allegations do not include basic, necessary facts which would need to be proven to obtain relief under the alleged theories of contribution under OPA, the general maritime law or other laws.

## ABSENCE OF MATERIAL ALLEGATIONS IN CROSS-CLAIMS AGAINST MOEX OFFSHORE

Cameron's Cross-Claims against MOEX Offshore suffer from fatal pleading deficiencies. They do not identify or include any specific factual allegations against MOEX Offshore. Although the three Cross-Claims recite the identical fifty-seven (57) paragraphs of "Pertinent Facts" (Rec. Doc. 412 in #10-2771 at ¶¶30-87; Rec. Doc. 2472 in #10-2179 at ¶48; and Rec. Doc. 2474 in #10-2179 at ¶178), none of the factual paragraphs refer to MOEX Offshore.

---

[1]    The Cross-Claims include claims for *Contractual Indemnity Against TO Offshore, TO Deepwater and Triton* (the "First Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Offshore, TO Deepwater and Triton* (the "Second Claim"), *Contractual Indemnity Against TO Holdings* (the "Third Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Holdings* (the "Fourth Claim"), *Contractual Indemnity Under the ADT Agreement* (the "Fifth Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations Under the ADT Agreement* (the "Sixth Claim"), *Contractual Indemnity Under the Terms of Repair Quotes* (the "Seventh Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations Under the Repair Quotes* (the "Eighth Claim"), and for *Non-Contractual Indemnity* (the "Ninth Claim"). Those Cross–Claims specify that they apply only to other Cross-Defendants. On their face, they do not apply to the MOEX Offshore.

Cameron, therefore fails to allege any facts showing that MOEX Offshore owed any tort duty to the Plaintiffs (and by extension contribution to Cameron) or that MOEX Offshore bears any measure of fault for the blowout, fire, explosion and eventual sinking of the Deepwater Horizon, or the resultant Gulf oil spill.

In fact, MOEX Offshore's name appears only in two places in the Cross-Claims: first, MOEX Offshore is identified in the introductory paragraph naming the Cross-Defendants (Rec. Doc. 412 in #10-2771 at p.7; Rec. Doc. 2472 in #10-2179 at p.14; and Rec. Doc. 2474 in #10-2179 at p.34); and, second, MOEX Offshore is identified in the single conclusory paragraph enumerated as the "Tenth Claim."

The "Tenth Claim," in which Cameron seeks contribution from MOEX Offshore under OPA, 33 U.S.C. §§ 2701 *et seq*., alleges that, "Petitioners, BP E&P, Anadarko Corp., Anadarko E&P, and MOEX Offshore are . . . 'responsible parties' under the terms of OPA with respect to the oil spill . . . and are therefore 'liable or potentially liable under this Act' . . ." (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472 in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199).  The "Tenth Claim" further alleges that such liability is "[b]ased on allegations of the Complaint and the allegations of claims made in this action," and that the Cross-Defendants may also be held "'liable or potentially liable under. . . ' Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act as Cameron asserts, or general maritime law as others assert . . ., for damages covered by [OPA]." *Id.*

In the "Eleventh Claim," which seeks contribution from all other Defendants, including MOEX Offshore, Cameron generally asserts against all Cross-Defendants contribution under "general maritime or other law." (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-

2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200).   The "Eleventh Claim" does not, however, identify MOEX Offshore by name or allege any facts whatsoever against it.

Notably, Cameron fails to allege any facts that show that MOEX Offshore owed any tort duty to the Plaintiffs (or by extension contribution to Cameron) or that MOEX Offshore bears any measure of fault for the blowout, fire, explosion or eventual sinking of the Deepwater Horizon, or the resultant Gulf oil spill. There is no allegation in Cameron's Cross-Claims alleging that MOEX Offshore owed any duty of care to Cameron. Cameron does not allege that MOEX Offshore had operation involvement in, control of, or supervisory authority ("Operational Control") over the engineering or design of the Macondo Well, the Deepwater Horizon or its crew, the drilling operations conducted at the Macondo Well, the completion operation conducted on the Macondo Well, or the cleanup of the Gulf oil spill. Under the authorities cited herein, absent such a right of Operational Control, MOEX Offshore owed no tort duty to the Plaintiffs, and by extension no contribution to Cameron, and therefore cannot be liable for contribution to Cameron for Plaintiffs' injuries under any of the theories set out by Cameron in its "Tenth Claim" and/or "Eleventh Claim."

## RULES OF PLEADING AND
## STANDARDS FOR RULE 12(B)(6) MOTION

The rules of pleading applicable to complaints are also applicable to third-party complaints, cross-claims and counterclaims for indemnity and contribution. Fed.R. Civ. Proc. 8; *See United Gas Corp. v. Guillory*, 206 F.2d 49, 52 (5th Cir. 1953); *Halliburton Co. v. Norton Drilling Co.*, 313 F.2d 380, 380 (5th Cir. 1963) (third party complaint for contribution properly dismissed where third party complainant could not recover as a matter of law).

Federal Rule of Civil Procedure 8(a) provides for notice pleading, which requires the defendant to be given fair notice of the plaintiff's claim and the grounds upon which it rests.

Even the liberal notice pleading allowed by the Federal Rules requires a pleading to include the *operative facts* upon which the pleader bases his claim. *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex 1993).   The complaint must set forth "more than the bare assertion of legal conclusions." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).   In order to comply with the fair notice mandates of the Federal Rules, the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (*Quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21, 2007). Speaking for the Court in *Twombly*, Justice Souter wrote:

> * * * a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will *not* do." *Id.* at 1964-1965 (citations and quotation marks omitted; emphasis added).

The Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).   To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*,

---

[2]        In its holding in *Twombly*, the U.S. Supreme Court made it easier to grant motions to dismiss by abrogating the often followed Rule12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating the old rule that  "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), and by characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969; *see also*, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) at Fn. 10.

127 S.Ct. at 1974. The Fifth Circuit adopted the new standards of *Twombly* in the recently decided *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 570). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also, Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010).

Under the Supreme Court's new standard, to state a claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). If the factual allegations do not raise a right to relief "above the speculative level," *Twombly*, 550 U.S. at 555, or if the allegations reveal an insurmountable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), a claim should be dismissed. Under this standard, Cameron fails to state any claims against MOEX Offshore for which relief can be granted.

### CAMERON'S BARE BONES ALLEGATIONS FOR CONTRIBUTION FAIL TO STATE A CLAIM AGAINST MOEX OFFSHORE FOR WHICH RELIEF CAN BE GRANTED

**A. The Cross Claims' Bare Bones Allegations Are Devoid Of Facts Necessary To State A Cognizable Claim For Contribution Against MOEX Offshore**

Contribution is the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined

as a percentage of fault." *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC,* 615 F.3d 599, 602 (5th Cir. 2010) (emphasis added). This is true for contribution claims based on OPA 90 (Cameron's "Tenth Claim") and the general maritime law (Cameron's "Eleventh Claim").

Cameron alleges no facts showing or tending to show that MOEX Offshore bears *any* fault for Plaintiffs' alleged injuries or losses under either of its contribution theories and, therefore, fails to state a claim for contribution. Dismissal of Cameron's Cross-Claims against MOEX Offshore is proper pursuant to Rule 12(b)(6) because, on their face, the Cross-Claims fail to allege basic facts necessary to obtain relief under any theory of contribution under which Cameron seeks relief.

Cameron's "Tenth Claim" makes only bare bones, conclusory allegations that MOEX Offshore is liable in contribution as a "responsible party" under the terms of OPA. Such an allegation, by itself, is legally insufficient. Cameron must demonstrate MOEX Offshore's fault in order to maintain a claim for OPA contribution. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (claimant must plead specific facts, not mere conclusory allegations, to avoid dismissal); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (conclusory allegations or legal conclusions masquerading as facts will not suffice to prevent the granting of a motion to dismiss).

Cameron's "Eleventh Claim" makes no factual allegations at all. Rather, it consists only of the legal conclusion that all Cross Defendants (and therefore, necessarily, MOEX Offshore) are liable to Cameron under general maritime law contribution theories. In order to comply with the fair notice mandates of the Federal Rules, Cameron must include some factual allegations to support its "Eleventh Claim," which are "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers,*

*Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  Mere conclusory allegations and unwarranted deductions of fact will not suffice to defeat a motion to dismiss.  *Kapps v. Torch Offshore,* 379 F.3d 207, 210 (5th Cir. 2004).

Because Cameron fails to satisfy basic pleadings standards with respect to both its "Tenth Claim" and its "Eleventh Claim," the Cross Claims against MOEX Offshore should be dismissed.

### B. Cameron's Catchall Allegations Are Insufficient To Incorporate By Reference The Allegations Of Any Complaint Or Other Pleading In This Action

In its "Tenth Claim," Cameron makes a catchall reference which seems to be an attempt to incorporate into its Cross Claims the "allegations of the Complaint and the allegations of claims made in this action."  (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472 in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199).  In making the reference, Cameron does not identify the specific Complaint from which it references its allegation, nor does it identify any other specific pleading or expressly state that any factual allegations in any other pleadings are adopted or incorporated by reference.  *Id.*  Accordingly, as a matter of pleading for the "Tenth Claim," such a vague, wholesale, reference to other pleading(s) does *not* constitute an adoption or incorporation by reference of any factual allegations for purposes of a Rule 12(b)(6) analysis, and as provided by Federal Rule of Civil Procedure 10(c).

Federal Rule of Civil Procedure 10(c) provides that, "[s]tatements in a pleading may be adopted by reference . . . in another pleading or in any motion." "Although there is no prescribed procedure for referring to incorporated matter, the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the

incorporation." *Wolfe v. Charter Forest Behavioral Health Systems, Inc.*, 185 F.R.D. 225, 229 (W.D.La.1999).

In *Wolfe v. Charter Forest Behavioral Health Systems, Inc.*, 185 F.R.D. 225 (W.D.La.1999), the plaintiffs inserted a "catchall provision" in their third and fourth supplemental and amended complaints which provided that plaintiffs reincorporated, reaverred and realleged the entirety of "all allegations and prayers contained within the original complaint and amending and supplemental complaints as if set forth in their entirety herein." In finding that such language was insufficient to constitute an adoption of allegations from other pleadings by reference, the court reasoned that, "as a practical matter, [the catchall provision] gives little guidance to the responding party." 185 F.R.D. 225, 229. The court further reasoned:

> The court is mindful that Rule 10(c) was adopted to encourage pleadings that are short and free of unneeded repetition. The court does not believe, however, that the drafters intended the rule to allow the use of a sweeping adoption clause which serves as nothing more than a boiler plate "safety valve." To sanction such an aberrant, error-prone pleading formulation as employed in these pleadings would unnecessarily increase the risks of practicing law.

185 F.R.D. at 229; *also, Heintz & Co. v. Provident Tradesmens Bank and Trust Co.*, 29 F.R.D. 144, 145 (E.D.Pa.1961) (finding, on a Rule 12(b)(6) motion, that a pleading defect in third party complaint was "not remedied by the equally defective incorporation by reference of certain paragraphs and exhibits of the original complaint" because to incorporate by reference requires "a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation") (citing Texas Water Supply Corp. v. Reconstruction Finance Corp., 204 F.2d 190 (5 Cir., 1953); see *also*, 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1326, at 759 (2d ed.1990), providing:

Although there is no prescribed procedure for referring to incorporated matter, the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation. A statement in a counterclaim that defendant "realleges all of the allegations contained in his amended answer," without greater specificity, has been held to be an insufficient designation of what matter was incorporated. Similarly, a sweeping allegation that "each statement and allegation in each count of this Complaint shall be considered as repeated and realleged and incorporated by this reference into any other count of this Complaint where such incorporation shall be or appear necessary to the validity of the cause of action or claim for relief therein stated" was held to be an ineffective incorporation.

(internal citations omitted; emphasis added); *also, Federal National Mortgage Association v. Cobb*, 738 F.Supp. 1220, 1227 (N.D.Ind.1990) (To adopt allegations of an earlier pleading, the later pleading must "specifically identify which portions of the prior pleading are adopted therein."); *Lowden v. William M. Mercer, Inc.*, 903 F.Supp. 212, 216 (D.Mass.1995) (Under rule providing that statements in a pleading may be adopted by reference in another pleading or in any motion, later pleading must specifically identify which portions of prior pleading are adopted therein).

Accordingly, under the authorities interpreting Rule 10(c), the catchall reference in the "Tenth Claim" is legally insufficient to adopt factual allegations from other pleadings.

In its "Eleventh Claim," Cameron does not refer to or adopt the factual allegations of any other pleading(s). (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200). Because the "Eleventh Claim" makes neither direct nor inferential allegations of facts in support of its legal conclusions, Cameron's "Eleventh Claim" must be dismissed pursuant to Rule 12(b)(6). *Iqbal*, 129 S.Ct. at 1949.

Cameron's Cross Claims against MOEX Offshore should be dismissed in their entirety pursuant to Rule 12(b)(6) for failing to allege any facts which, if proven, would amount to a

legally cognizable claim.  Alternatively, if this Court is inclined to consider by reference only, the unspecified allegations of other pleadings in connection with Cameron's "Tenth Claim" and "Eleventh Claim," then MOEX Offshore further supports its motion with the following.

### ALTERNATIVELY, TO THE EXTENT CAMERON'S ALLEGATIONS FOR CONTRIBUTION ADEQUATELY ADOPTED THE PETITIONS AND/OR TRANSOCEAN'S CROSS-CLAIM, CAMERON'S ALLEGATIONS STILL FAIL TO STATE A CLAIM AGAINST MOEX OFFSHORE FOR WHICH RELIEF CAN BE GRANTED

For the reasons set forth above, Cameron's failure to allege any facts showing that MOEX Offshore bears any fault for any alleged injuries and damages constitutes the basis to dismiss all three Cross-Claims in their entirety under Rule 12(b)(6).  If this Court allows Cameron to rely upon its general references to the "allegations of the Complaint and the allegations of claims made in this action" (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472 in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199) to constitute legally sufficient factual allegations, then MOEX Offshore alternatively submits that Cameron's claims are still deficient for the following reasons.

Although it appears in the same document by which Cameron replies to the Transocean Cross-Claim, nowhere in the third, duplicate Cross-Claim (Rec. Doc. 2474 in #10-2179) does Cameron allege it seeks contribution with respect to Cameron's liability to Transocean on the Transocean Cross-Claim.  Nevertheless, in an abundance of caution, to the extent Cameron's third duplicate Cross-Claim filed on May 20, 2011 (Rec. Doc. 2474 in #10-2179) is found to adopt the factual allegations of the Transocean Cross-Claims (Rec. Doc. 2068 in #10-2179) or purports to hold MOEX Offshore liable on the same basis, then the Cross-Claim should still be dismissed for the same reasons as set forth in the *Motion Of Defendants MOEX Offshore 2007 LLC and MOEX USA Corporation To Dismiss Transocean's Rule 13 Cross-Claims/ Counter-*

*Claims* and the memorandum in support thereof, in its entirety, (Rec. Docs. 2477 & 2477-1) which reasons are adopted here by reference.

Cameron's Cross-Claims, if adequately incorporating the Plaintiffs' allegations (which is denied), adopt only a few factual allegations specifically against MOEX Offshore. Those are:

> (a)    MOEX Offshore holds a minority "working interest ownership percentage[] in the lease of the Macondo Prospect" and is a "wholly-owned subsidiary of MOEX USA Corporation." (Rec. Doc.1128 in #10-2179, First Amend. Mast. Compl. B1 at ¶¶ 235, 247).
>
> (b)    As a "non-operational leaseholder[]," MOEX Offshore possessed a right to receive certain types of information about the drilling operations at the Macondo Prospect, including certain files and records of audits, and had "access to Halliburton/Sperry Sun INSITE real-time data that was transmitted from the *Deepwater Horizon* on April 20, 2010." (*Id.* at ¶¶ 282-85, 573; *See also* Rec. Doc. 1812, in #10-2179, First Amend. Mast. Compl. B3 ¶¶ 44-45; 56.)
>
> (c)    MOEX Offshore was "on notice" of certain provisions of BP's well plan and possessed contractual rights to suggest proposed well plans, call meetings with BP, approve press releases, and conduct health, safety, and environmental inspections. (Rec. Doc. 1128 in #10-2179, First Amend. Mast. Compl. B1 at ¶ 283-285).
>
> (d)    MOEX Offshore possessed a non-operating interest in the MMS lease and had a right "to conduct 'health, safety, and environmental ["HSE"] inspection[s]' with a 'right of access to activities and operations' on the rig, as well as access to BP's files, audits, and statistics" on HSE issues. (Rec. Doc. 1128 in #10-2179, First Amend. Mast. Compl. B1 at ¶¶ 247, 285).

Neither the Plaintiffs, BP, Transocean[3] or Cameron, however, allege that MOEX Offshore exercised, or had any right to exercise, any Operational Control. Absent such a right of

---

[3]    Unlike the Plaintiffs, there is no party to this litigation in better position than Transocean (with the possible exception of BP) to confirm that MOEX Offshore had a right of Operational Control over the Deepwater Horizon, and had no contact with her crew. Yet there is <u>no</u> allegation in the Transocean Cross Claim showing that MOEX Offshore had operational control or owed any duty of care directly to Transocean.

Operational Control, MOEX Offshore owed no tort duty to the Plaintiffs, cannot be found at fault for their alleged injuries or damage, and thus cannot be liable for contribution to Cameron for Plaintiffs' alleged injuries. Under OPA, MOEX Offshore cannot be liable for contribution to Cameron unless it can be shown to have liability under the general maritime law to Plaintiffs.

### A. The "Eleventh Claim" For Contribution/Comparative Fault Under General Maritime Law Fails To State A Claim Against MOEX Offshore For Which Relief Can Be Granted

Cameron's "Eleventh Claim" makes only the conclusory allegation that Cameron is entitled to contribution from all other Defendants, including MOEX Offshore, under "general maritime law or other law." Even if the Eleventh Claim had incorporated plaintiffs' allegations in Bundles A, B, C and D (which it does not), it is still not legally sufficient under FRCP 12(b)(6).

Contribution is the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *Combo Mar., Inc.*, 615 F.3d at 602. As the following shows, no facts alleged by Plaintiffs state, or even suggest, that MOEX Offshore bears any fault for any of Plaintiff's claims, and therefore Cameron fails to state a claim for maritime contribution for these alleged injuries.

It is well-established that, where a party is entitled to contribution, that party is only entitled to contribution in proportion to the negligence or fault of a third party. *Cooper Stevedoring Co. v. Kopke*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *In re Liberty Seafood*, 38 F.3d 755, 757 (5th Cir. 1994) ("contribution from

the third-party tortfeasor" must be "in proportion to the third-party's fault"); *Adams v. Texaco*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) ("a concurrently negligent tortfeasor should proportionately contribute . . . to the extent occasioned by its fault"); RESTATEMENT 2D OF TORTS, § 886A(2) ("No tortfeasor can be required to make contribution beyond his own equitable share of the liability."). "[A] non-negligent tortfeasor is 0% at fault." 2-I BENEDICT ON ADMIRALTY § 13. It follows that a non-negligent tortfeasor cannot be liable for contribution. *Id.*

As fully briefed in the Motions to Dismiss set for Pleading Bundles B1 and B3 filed by Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore and MOEX USA[4], it is fundamental that a duty to prevent harm resulting from oil and gas operations performed by an independent contractor arises only as a consequence of operational control over the activity. *See, e.g., Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). It is also settled law that where a principal contracts with an independent contractor to conduct oil and gas operations but retains no operational control, the principal neither assumes nor owes any duty to protect others from the contractor's negligence. *Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, J.). Even where a principal without operational control has *actual knowledge* of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See*

---

[4]    MOEX Offshore expressly incorporates by reference its arguments set forth in their memoranda supporting their Motions to Dismiss for Pleading Bundles B1 and B3 filed by Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore, and MOEX USA and the local governmental entity master complaint. Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC and MOEX USA Corporation to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1 ("B1 Motion to Dismiss")]; Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC and MOEX USA Corporation to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B3) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1416-1] ("B3 Motion to Dismiss").

*id.* at *2 ("It is true that an 'owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risk of injury or harm'. . . .  However, this duty does not extend so far as to require the owner or operator to intervene in and correct the work practices selected by an independent contractor."); *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede").  Plaintiffs have not asserted, nor even referenced, any facts stating or suggesting that MOEX Offshore exercised any Operational Control.

Thus, because a non-negligent defendant is not liable for contribution, as a matter of law, Cameron has stated no claim for contribution against MOEX Offshore for which relief can be granted.  Cameron's maritime contribution claim therefore must be dismissed.

## B.  The "Tenth Claim" For Contribution Under OPA or Alternatively Louisiana Law Fails To State A Claim Against MOEX Offshore For Which Relief Can Be Granted

In its "Tenth Claim," without any supporting factual allegations, Cameron asserts an OPA contribution claim against MOEX Offshore, pursuant to 33 U.S.C. § 2709.   Section 2709 provides: "A person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law." 33 U.S.C. § 2709.

The "Tenth Claim" should be dismissed because on its face Cameron fails to allege any facts supporting its conclusory allegation that MOEX Offshore bears fault for OPA claims. If, however, this Court allows Cameron to rely upon its general references to the "allegations of the Complaint and the allegations of claims made in this action" (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472 in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199) to constitute

legally sufficient factual allegations, then MOEX Offshore alternatively submits that the claims are still deficient for the following reasons.

Regardless of whether MOEX Offshore may have liability to some Plaintiffs under OPA, Cameron's claim for contribution fails unless it can show that MOEX Offshore is at fault vis-à-vis Plaintiffs under the general maritime law.  Courts applying OPA contribution under Section 2709 have employed the same standards for allocating proportional fault among jointly liable parties as are used in analogous contribution actions under general maritime law.  *See In re ALEX C Corp.*, Civil Action Nos. 00-12500-DPW, 01-12186-DPW, 2010 WL 4292328, at *15 (D. Mass. 2010) (allocating proportional fault among two parties liable under OPA by reference to general maritime law); *Nat'l Shipping Co. of Saudi Arabia*, 924 F. Supp. at 1446 n. 4 (applying maritime negligence principles to OPA contribution claim).  Legislative history also confirms that Congress intended contribution under Section 2709 to be made upon findings of relative fault for the discharge.  *See* H.R. Conf. Rep. No. 653, 101st Cong., 2d Sess. 1990, *reprinted in* 1990 U.S.C.C.A.N. 779, 789 (1990) (explaining that if the "action or omission" of a third party not designated a responsible party "contributed to the discharge" then the third party could be held "accountable financially in part or in whole" under Section 2709).

Thus, adjudication of a contribution claim under OPA is no different than adjudication of a contribution claim under general maritime law.  As discussed above, a non-negligent party cannot be liable for contribution because a non-negligent party appropriately bears 0% of the proportional fault for the discharge.  Because Cameron fails to set forth allegations showing that MOEX Offshore bears *any* measure of fault for the discharge, Cameron's claim for contribution under OPA must be dismissed.

The "Tenth Claim" alternatively alleges that the Cross-Defendants may be held liable for contribution under OPA under "Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act" (Rec. Doc. 412 in #10-2771 at ¶107; Rec. Doc. 2472 in #10-2179 at ¶69; and Rec. Doc. 2474 in #10-2179 at ¶199). As an initial matter, MOEX Offshore does not agree that the substantive law of Louisiana, or any other state, applies to any of the claims asserted by Cameron in the Cross-Claims. This Court has already held that the Outer Continental Shelf Lands Act ("OCSLA") gives it jurisdiction over cases arising from the Gulf Oil Spill. *See* Order denying State of Louisiana's Motion to Remand, Case No. 10-CV-178 [Docket No. 471]. The question of what substantive law governs Cameron's claims is therefore answered solely by § 1333 of OCSLA. Other choice of law rules, such as those of the forum state or maritime choice of law rules, are irrelevant. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 482 n.8 (1981) (OCSLA "supersedes the normal choice of law rules that the forum would apply"); *Wooton v. Pumpkin Air, Inc.*, 869 F.2d 848, 852 (5th Cir. 1989) (rejecting the *Renvoi* argument that § 1333 adopts the choice of law rules of the state adjacent to an OCSLA situs). Moreover, Congress intended to have federal law govern all cases involving "activities" occurring on the Outer Continental Shelf. *See* H.R. REP: 95-590, AT 128 (1977), reprinted in 1978 U.S.C.C.A.N. 1450, 1534.

OCSLA's choice of law rules are straightforward: "federal law is "exclusive" in its regulation of this area, and [therefore] state law is adopted only as surrogate federal rule," and "then only when no inconsistent federal law applied." *Rodrigue v. Aena Cas. & Sur. Co.*, 395 U.S. 352, 357 and 352 (1969). Further, according to § 1333(a) then, the substance of the adjacent state's law may apply ("as surrogate federal law") in any OCSLA case, but only if:

     (a)    A controversy arises on a situs covered by OCSLA;

(b)    Substantive [federal] law does not apply of its own force;

(c)    State law is not inconsistent with federal law.

*Union Texas Petroleum Corp. v. PLT Eng'g, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990). Otherwise, federal law, not supplemented by state law, is all that applies.  Because all the claims Cameron asserts appear to be governed by either maritime law or some other federal law (like OPA), Cameron cannot state a cause of action under state law.

If Louisiana law were to apply as surrogate federal law under the Outer Continental Shelf Lands Act to Cameron's Cross-Claims for contribution (which MOEX Offshore denies), Louisiana's pure comparative tort scheme does not allow for contribution.  As part of the tort reform legislation enacted in 1996, Louisiana adopted a pure comparative fault system under which no party can be held liable for more than its share of the damages. *See Dumas v. State of La. through DCRT*, 828 So.2d 530, 535 (La. 2002); *see also Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998) The amended Louisiana Civil Code articles 2323 and 2324 effectively eliminated causes of action for contribution and indemnity except in willful or intentional tort cases. *See e.g. Rachel v. Petroleum Helicopters*, Inc., 2001 WL 699415 at *1 (E.D. La. 2001); *Osgood v. Branam Enterprises*, 2000 WL 622608 at *3 (E.D. La. 2000) (*citing Aucoin v. State of Louisiana through DOTD*, 712 So.2d 62, 67 (La. 1998)). Post-1996 Louisiana jurisprudence recognizes that Civil Code articles 2323 and 2324, as amended, eliminate the cause of action for contribution and tort indemnity except in very limited circumstances, which are not applicable in the present case. *Dumas v. State of La., DCRT*, 828 So.2d 530, 538 (La. 10/15/02) (holding that "the right of contribution among solidary tortfeasors disappeared since it is no longer necessary in light of the abolishment of solidarity"); *Osgood v. Branam Enterprises*, 2000 WL 622608 at *3 (E.D. La. 2000) (citing *Aucoin v. State of Louisiana through DOTD*, 712

So.2d 62, 67 (La. 1998) in support of its holding that "articles 2323 and 2324 have effectively eliminated contribution and indemnity except in those tort cases in which the act causing the injury was willful or intentional.")  Therefore, Cameron would never have a cause of action for tort contribution to the extent Louisiana law applies as surrogate federal law under the OCSLA.

## <u>CAMERON CANNOT RECOVER ITS<br>COSTS OF SUIT AS A MATTER OF LAW</u>

In its prayer, Cameron seeks reimbursement of costs of court pursuing its Cross-Claims. (Cross-Claims at Prayer, No. 11, Rec. Doc. 412 in #10-2771 p. 40; Prayer No. 10, Rec. Doc. 2472 in #10-2179 p. 23; Prayer No. 11, Rec. Doc. 2474 in #10-2179 p. 43.)  Even if Cameron asserted a viable contribution claim against MOEX Offshore (which it does not), Cameron cannot recover its costs of court.  In *Odd Bergs Tankrederi A/S v. S/T Gulfspray*, the Fifth Circuit held that in maritime contribution suits not founded on a contract, "attorney's fees and legal costs incurred by the defending tortfeasor [are] not recoverable in contribution from the other negligent parties."  650 F.2d 652, 655 (5th Cir. 1981).  This is the rule because a tortfeasor "defends against claims of its own negligence . . . [and] would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence." *Id.*

Cameron also is not entitled to court costs or attorney's fees under OPA as OPA provides no basis for such recovery.  *Unocal Corporation v. The United States*, 222 F.3d 528, 542-543 (9th Cir. 2000) ("The OPA specifically permits fee awards for the government, not for private parties."); *W.H. Avitts v. Amoco Production Company*, 840 F. Supp. 1116 (S.D. Tex. 1994) (attorney's fees not authorized for private parties after the 1990 Amendments to OPA).

Cameron alleges no basis for deviating from these well-established rules.  Cameron's claim for court costs incurred in prosecuting its Cross-Claims against MOEX Offshore 2007 LLC must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Cameron International Corporation's Cross-Claims against MOEX Offshore 2007 LLC should be dismissed, in their entirety, with prejudice, and at Cameron International Corporation's sole cost.


Respectfully submitted,


DATED:  June 20, 2011               ___/s/ *Philip D. Nizialek*_____
                                     Phillip D. Nizialek T.A. (La. Bar No. 24180)
                                     Oilspill.MDL.Docket@carverdarden.com
                                     M. Hampton Carver (La. Bar No. 3947)
                                     William T. Finn (La. Bar No. 1359)
                                     CARVER, DARDEN, KORETZKY, TESSIER,
                                     FINN, BLOSSMAN & AREAUX, LLC
                                     1100 Poydras Street, Suite 3100
                                     New Orleans, LA 70163
                                     Telephone: (504) 585-3800
                                     Fax: (504) 585-3801
                                     **ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.


_____ /s/ Philip D. Nizialek _____


4827-0959-7961, v. 3