

**Fw: MDL 2179 - Gaude deposition time allocation**
**Mike O'Keefe**  to:  Marie Firmin                                    08/08/2011 11:47 AM

Email for the record.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/08/2011 11:47 AM -----

| | |
|---|---|
| From: | "Don K Haycraft" <dkhaycraft@liskow.com> |
| To: | <Sally_Shushan@laed.uscourts.gov>, <Mike_OKeefe@laed.uscourts.gov> |
| Cc: | "James Roy" <JIMR@wrightroy.com>, <SHERMAN@hhkc.com>, "Underhill, Mike \(CIV\)" <Mike.Underhill@usdoj.gov>, <lstrange@ago.state.al.us>, "Maze, Corey" <CMaze@ago.state.al.us>, "Liaison 2179 Email Distribution" <DefenseLiaison2179@liskow.com> |
| Date: | 08/05/2011 05:12 PM |
| Subject: | MDL 2179 - Gaude deposition time allocation |

Dear Judge Shushan,
This email is about the allocation of deposition time for Ed Gaude, Cameron's Engineering Manager for Drilling Controls, as set forth under the Court's August 3 Order (Record Doc. No. 3545).  Specifically, although BP, not Transocean, requested Mr. Gaude's deposition two months ago on May 19, BP has only been allocated a total of 30 minutes.  Unfortunately, we respectfully submit that a 30 minute allocation is insufficient for BP to depose Mr. Gaude on the technical issues on which he has knowledge, as developed further below.  BP's 30-minute allocation is even less than the default of 48 minutes that BP is allotted for non-BP witnesses for a one-day deposition.  *See*  Order re Second Revised Allocation of Examination Time for Remaining Phase One Fact Witness Depositions.  Given the critical and unique issues on which he has knowledge, BP respectfully requests at least a total of 90 minutes to depose Mr. Gaude, which is only 42 minutes beyond its original allotment for a one-day deposition.
Mr. Gaude has unique knowledge regarding the control system that Cameron developed and designed to operate the *Deepwater Horizon*  BOP, including knowledge regarding the operation of the solenoid valves and batteries that are used with the AMF/deadman system.  As the Court is well aware, the ability of the control pods to operate the AMF/deadman system, and whether the solenoid valves and battery were in a state to allow such operation, is an important issue for evaluating the BOP's ability to seal the well on the day of the incident.  To date, the witnesses that Cameron has produced, including its own Rule 30(b)(6) witness, have been unable to answer detailed questions regarding the *Deepwater Horizon* 's BOP control pod system, and have explicitly deferred to Mr. Gaude to answer those questions:

> Q. Okay. Does Cam -- is Cameron aware of a feature in the AMF process by which the 27-volt battery functions to assist the AMF card in resetting the AMF process on a three-minute cycle if the AMF does not actually fire?
> A. It -- it -- it very well may. It's just something I don't have knowledge of, and our Control Systems Engineers would.
> Q. Okay. And that's Ed Gaude?
> A. He's the guy.  (David McWhorter Depo. Tr. 299:9-19)
>
> Q. Okay. Does Cameron have a position on whether the coil should be wired such that they do have the same polarity?
> A. Cameron has a position in that -- we -- we have a document that shows how to wire

> them, and once again, I'm not an Electrical Engineer, so -- but I can tell you that we do have Electrical Engineers that put that document together, and there is a correct way to wire them, yes.
> Q. Okay. And if I was to go look for that document, do you know any titles or anything else that I could look for in order to find it?
> A. You would probably ask for solenoid valve rebuild instructions or disassembly and assembly instructions, and that should -- that should do it.
> Q. Would Ed Gaude be the guy to ask this question to?
> A. Ed -- Ed Gaude would be the guy. (David McWhorter Depo. Tr. 262:21-263:17)

*See also* David McWhorter Depo. Tr. at 95:18-96:14, 253:18-254:2, 259:3-17, 264:11-265:2, 295:21-296:20 (testifying on five occasions that, although designated as Cameron's Rule 30(b)(6) witness, he is unable to answer a question about the BOP control system and that the question should be posed to Mr. Gaude); Erwin Depo. Tr. at 202:8-21, 205:18-206:2, 215:18-23, 217:13-23, 218:18-219:3, 235:22-236:6, 280:16-23, 291:22-292:5, 371:12-372:1 (same on nine occasions); Whitby Depo. Tr. at 50:21-51:2, 214:18-215:3, 240:17-241:3, 394:22-395:7, 649:3-13 (same on five occasions). Cameron's document production also reveals that Mr. Gaude worked directly on the *Deepwater Horizon*, and therefore has directly relevant knowledge regarding Phase 1 issues. *See, e.g.,* AMF/Deadman Battery Replacement, Engineering Bulletin EB 891 D, CAM_CIV_0003275-76; Upgrade Procedure for Cameron Solenoid Valve, Part No. 223290-15 to Part No. 223290-63, CAM_CIV_0024629-37; Safety Alert #4058, Mark III Modular Drilling Control Pod SEM (Subsea Electronics Module) Indication Faults, CAM_CIV_0003090-92. In sum, Mr. Gaude's testimony is critical for BP's evaluation of whether the control system contributed to the BOP's failure on the day of the incident for its Phase 1 issues.

BP also notes that the Court's recent Order perhaps inadvertently allows Transocean more time than it requested. Under the Order otherwise in effect for a one-day deposition, Transocean is allotted 37 minutes. *See* Order re Second Revised Allocation of Examination Time for Remaining Phase One Fact Witness Depositions. Therefore, when the Court granted Transocean an additional 75 minutes, Transocean should have received a total of 112 minutes, not the 150 minutes allocated in the order (which would be the total only when the starting point would be a 75-minute allotment for a two-day deposition). Accordingly, BP requests that the Court grant BP a total of 90 minutes, which can be achieved by re-allocating 38 minutes of time from Transocean to BP and otherwise subtracting modest amounts of time from, for example, the PSC and/or the States.

Don

**Don K. Haycraft**

(504) 556-4128 Direct
(504) 556-4108 Fax
dkhaycraft@liskow.com

**New Orleans | Lafayette | Houston**

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
www.liskow.com

**Liskow & Lewis, A Professional Law Corporation.** This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.