# LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

www.Liskow.com

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

July 26, 2011

**Don K. Haycraft**

Direct: (504) 556-4128
dkhaycraft@liskow.com

**VIA EMAIL**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179
Our File No.: 10451.084

Dear Judge Shushan:

This letter reports on BP's position with respect to depositions of Transocean's investigation group. The Court will recall that the Transocean Investigation Report was issued on June 22, 2011. And, by way of further background, Your Honor will also recall that deposition discovery commenced in this case in late January with 17 depositions of the BP Internal Investigation team members. In addition, the PSC took depositions of Baker Risk, Add Energy, CSI, and Stress Engineering, who provided testing and forensic services to the BP team. In sum, it is quite clear that other parties have been permitted to take extensive discovery related to BP's own investigation. BP naturally asks for fairness in this regard.

Transocean's supplemental response to BP's Interrogatory Nos. 38 and 39, attached as Exhibit A, identified on July 15 more than 55 individuals (non-administrative) who were members of its investigation team, including WEST Engineering and Upstream Forensics, third-party forensic contractors in a similar position as CSI, Baker Risk, Add Energy, and SES used during BP's investigation and deposed in this case.

Given that the Transocean report is highly critical of BP, we propose that BP be allotted five hours for each such deposition.

BP has taken a "surgical approach" as the Court has suggested. The 12 depositions proposed are considerably fewer than were allowed the PSC for its inquiry into BP's own investigation, and these 12 represent less than 25 percent of the Tranocean team of investigators. Accordingly we propose the following for depositions in the near future:

LISKOW&LEWIS                                                                 Page 2
July 26, 2011

1. **Captain John McDonald** – He is identified by Transocean as having the role in the investigation as "captain, marine operations and safety." His job title is "Manager, Marine Operations, North and South America Business Unit. Given the vessel status of the Deepwater Horizon in this maritime disaster, and with Transocean's Limitation Action pending, it is critical that Captain McDonald be deposed.

2. **Robert Tiano** – Listed in the investigation as having responsibility for "rig maintenance/rig equipment," it is noteworthy that Mr. Tiano was at one time a maintenance supervisors aboard the Deepwater Horizon itself. He may provide insight into Transocean's analysis of the fire and gas alarm systems on the vessel, electrical equipment issues, as well as rig maintenance analysis.

3. **Bob Walsh** – Like Mr. Tiano, Mr. Walsh is identified as working in the investigation on "All rig equipment/engineering." He appears to have analyzed the third-party survey by ModuSpec that occurred between April 2 and 14. He may have examined the engine overspeed apparently caused by the diesel engines' gas ingestion, a potential ignition source. Mr. Walsh's job title is Senior Principal Engineer – New Build Group.

4. **Derek Hart** – His job in the investigation was "quality/health/safety/environment." He appears to have conducted many of the Transocean employee interview last summer. In addition, in the investigation he reviewed the internal audits of the Deepwater Horizon and studied what the likely ignition source for the initial explosions.

5. **Ewen Florence** – Identified with the subject matter "subsea engineering, BOP, and BOP control systems, his usual role at Transocean is as a technical field support manager. We believe that on board subsea engineers with technical questions use Mr. Florence's expertise in answering their BOP issues.

6. **Wesley Bell** – His role is identified as "Focus on well engineering and design, casing, and well control." We believe he was an investigator assigned to assess BP's role on Deepwater Horizon and may have reviewed the well design.

7. **Steve Myers** – Mr. Myers worked on "all rig equipment and personnel." We believe he examined Deepwater Horizon training issues, when to operate the emergency shutdown systems, and the vessel's "dual command" structure that places the offshore installation manager in charge of the vessel, except during emergencies, when a handover occurs.

8. **Rodney Manning** – Identified as in charge of "maintenance records analyst," Mr. Manning may have insight into the state of maintenance of key equipment and systems on Deepwater Horizon.

9. **Art Nordholm** – Transocean provides that he is an "accident investigator/TOPSET analyst." He appears to have worked on a timeline of key events and analyzed BP decisions regarding the well plan.

10. **Ryan McIntosh** – His role is identified as "Rig operations and equipment investigation." He appears to have examined electrical/electronic safety and control systems.

11. **Perrin Roller** -- Mr. Roller was a third-party contractor working on well control issues for the investigation team. Mr. Ambrose, investigation leader, identified Mr. Roller as a key team member in his 30(b)(6) deposition last week on the subject of the investigation.

12. **Rule 30(b)(6) deposition of WEST Engineering** -- nearly 10 WEST employees worked on this investigation, and it appears their work covered important topics, including well control, BOPs, and their control systems.

BP thanks the Court in advance for its consideration of this important issue.

Sincerely,

Don K. Haycraft

DKH/apf