# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION "J"<br>JUDGE BARBIER |
| *THIS DOCUMENT RELATES TO THE TRANSOCEAN LIMITATION ACTION, NO. 10-2771* | * * * * * | MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

### MOTION OF MOEX USA CORPORATION TO DISMISS CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

NOW INTO COURT, comes Defendant MOEX USA Corporation, pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves this Honorable Court to dismiss Cameron International Corporation's Cross-Claims For Failure To State A Claim Upon Which Relief Can Be Granted, for reasons more fully explained in the accompanying memorandum in support.

WHEREFORE, Defendant MOEX USA Corporation prays that this Court dismiss all claims asserted against it in Cameron International Corporation's Cross-Claims For Failure To State A Claim Upon Which Relief Can Be Granted.

EXHIBIT "A"

DATED: June 20, 2011   /s/ Robert S. Stassi
Robert S. Stassi, T.A. (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801
**ATTORNEYS FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

/s/ Robert S. Stassi

4833-3238-6569, v. 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 <br> SECTION "J" <br> JUDGE BARBIER |
| *THIS DOCUMENT RELATES TO THE TRANSOCEAN LIMITATION ACTION, NO. 10-2771* | * * * * * | MAGISTRATE NO. 1 <br> MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
MOEX USA CORPORATION TO DISMISS CROSS-CLAIMS
OF CAMERON INTERNATIONAL CORPORATION FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Robert S. Stassi, T.A. (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

ATTORNEYS FOR MOEX USA CORPORATION

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTORY STATEMENT | 3 |
| ABSENCE OF MATERIAL ALLEGATIONS IN CROSS-CLAIMS AGAINST MOEXUSA | 4 |
| RULES OF PLEADING AND STANDARDS FOR RULE 12(B)(6) MOTION | 6 |
| CAMERON'S BARE BONES ALLEGATIONS FOR CONTRIBUTION FAIL TO STATE A CLAIM AGAINST MOEX USA FOR WHICH RELIEF CAN BE GRANTED AS IT IS DEVOID OF FACTS NECESSARY TO STATE A COGNIZABLE CLAIM FOR CONTRIBUTION AGAINST MOEX USA | 8 |
| ALTERNATIVELY, EVEN IF CAMERON'S ALLEGATIONS FOR CONTRIBUTION ADEQUATELY ADOPTED THE PETITIONS AND/OR TRANSOCEAN'S CROSS-CLAIM, CAMERON'S ALLEGATIONS STILL FAIL TO STATE A CLAIM AGAINST MOEX USA FOR WHICH RELIEF CAN BE GRANTED | 9 |
| CAMERON CANNOT RECOVER ITS COSTS OF SUIT AS A MATTER OF LAW | 11 |
| CONCLUSION | 12 |
| CERTIFICATE OF SERVICE | 13 |

**MAY IT PLEASE THE COURT:**

Cross-Defendant, MOEX USA Corporation ("MOEX USA"), by and through its undersigned counsel, respectfully submits this Memorandum in support of its *Motion to Dismiss Cross-Claims Of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted.* For the following reasons, the motion should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTORY STATEMENT

On April 20, 2011, Defendant Cameron International Corporation ("Cameron") asserted Cross-Claims (Rec. Doc. 412 in #10-2771) against MOEX USA, for contribution under general maritime law. Nowhere in the Cross-Claim pleadings (or in any other pleading herein) is it alleged that MOEX USA is a responsible party under the Oil Pollution Act ("OPA"). On May 20, 2011, Defendant Cameron filed essentially the same Cross-Claim (Rec. Doc. 2472 in #10-2179) against MOEX USA for contribution under general maritime law. Later the same day, on May 20, 2011, Defendant Cameron re-asserted the identical Cross-Claim a third time (Rec. Doc. 2474 in #10-2179), this time as part of its pleading replying to the Rule 13 Cross-Claims/Counter-Claims ("Transocean Cross-Claims") of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") (Rec. Doc. 2068 in #10-2179).

In each of the three Cross-Claim pleadings filed by Cameron, Cameron's contribution claim against MOEX USA under general maritime law consists of a single paragraph enumerated as the "Eleventh Claim." (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200). Cameron's three, duplicate Cross-

Claims (Rec. Doc. 412 in #10-2771 Rec. Doc. 2472 in #10-2179 Rec. Doc. 2474 in #10-2179) shall be collectively referred to as the "Cross-Claims."[1]

The Cross-Claims do not identify or include any specific factual allegations that show that MOEX USA owed any tort duty to the Plaintiffs (and by extension contribution to Cameron). Accordingly, this Court should dismiss Cameron's Cross-Claims against MOEX USA pursuant to Rule 12(b)(6) because, on their face, the Cross-Claims' bare bones allegations do not include basic, necessary facts which would need to be proven to obtain relief under the alleged theories of contribution under general maritime law or other laws.

## ABSENCE OF MATERIAL ALLEGATIONS IN CROSS-CLAIMS AGAINST MOEX DEFENDANTS

Cameron's Cross-Claims against MOEX USA suffer from fatal pleading deficiencies. They do not identify or include any specific factual allegations against MOEX USA. Although the three Cross-Claims recite the identical fifty-seven (57) paragraphs of "Pertinent Facts" (Rec. Doc. 412 in #10-2771 at ¶¶30-87; Rec. Doc. 2472 in #10-2179 at ¶48; and Rec. Doc. 2474 in #10-2179 at ¶178), none of the factual paragraphs refer to MOEX USA. Cameron, therefore fails to allege any facts showing that MOEX USA owed any tort duty to the Plaintiffs (and by extension contribution to Cameron) or that MOEX USA bears any measure of fault for the

---

[1] The Cross-Claims include claims for *Contractual Indemnity Against TO Offshore, TO Deepwater and Triton* (the "First Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Offshore, TO Deepwater and Triton* (the "Second Claim"), *Contractual Indemnity Against TO Holdings* (the "Third Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations of TO Holdings* (the "Fourth Claim"), *Contractual Indemnity Under the ADT Agreement* (the "Fifth Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations Under the ADT Agreement* (the "Sixth Claim"), *Contractual Indemnity Under the Terms of Repair Quotes* (the "Seventh Claim"), *Declaratory Judgment Concerning Contractual Indemnity Obligations Under the Repair Quotes* (the "Eighth Claim"), for *Non-Contractual Indemnity* (the "Ninth Claim") and for *Contribution Under OPA* (the "Tenth Claim"). Those Cross-Claims specify that they apply only to other Cross-Defendants. On their face, they do not apply to MOEX USA.

blowout, fire, explosion and eventual sinking of the Deepwater Horizon, or the resultant Gulf oil spill.

In fact, MOEX USA's name appears only in one place in the Cross-Claims: MOEX USA is identified only in the introductory paragraph naming the Cross-Defendants (Rec. Doc. 412 in #10-2771 at p.7; Rec. Doc. 2472 in #10-2179 at p.14; and Rec. Doc. 2474 in #10-2179 at p.34).

In the "Eleventh Claim," which seeks contribution from all other Defendants, including MOEX USA, Cameron generally asserts against all Cross-Defendants contribution under "general maritime or other law." (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200). The "Eleventh Claim" does not, however, identify MOEX USA by name or allege any facts whatsoever against it.

Notably, Cameron fails to allege any facts that show that MOEX USA owed any tort duty to the Plaintiffs (or by extension contribution to Cameron) or that MOEX USA bears any measure of fault for the blowout, fire, explosion or eventual sinking of the Deepwater Horizon, or the resultant Gulf oil spill. There is no allegation in Cameron's Cross-Claims alleging that MOEX USA owed any duty of care to Cameron. Cameron does not allege that MOEX USA had operational involvement in, control of, or supervisory authority ("Operational Control") over the engineering or design of the Macondo Well, the Deepwater Horizon or its crew, the drilling operations conducted at the Macondo Well, the completion operations conducted on the Macondo Well, or the cleanup of the Gulf oil spill. Under the authorities cited herein, absent such a right of Operational Control, MOEX USA owed no tort duty to the Plaintiffs, and by extension no contribution to Cameron, and therefore cannot be liable for contribution to Cameron for Plaintiffs' injuries under any of the theories set out by Cameron in its "Eleventh Claim."

## RULES OF PLEADING AND STANDARDS FOR RULE 12(B)(6) MOTION

The rules of pleading applicable to complaints are also applicable to third-party complaints, cross-claims and counterclaims for indemnity and contribution. Fed.R. Civ. Proc. 8; *See United Gas Corp. v. Guillory*, 206 F.2d 49, 52 (5th Cir. 1953); *Halliburton Co. v. Norton Drilling Co.*, 313 F.2d 380, 380 (5th Cir. 1963) (third party complaint for contribution properly dismissed where third party complainant could not recover as a matter of law).

Federal Rule of Civil Procedure 8(a) provides for notice pleading, which requires the defendant to be given fair notice of the plaintiff's claim and the grounds upon which it rests. Even the liberal notice pleading allowed by the Federal Rules requires a pleading to include the *operative facts* upon which the pleader bases his claim. *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex 1993). The complaint must set forth "more than the bare assertion of legal conclusions." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). In order to comply with the fair notice mandates of the Federal Rules, the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (*Quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell*

---

[2] In its holding in *Twombly*, the U.S. Supreme Court made it easier to grant motions to dismiss by abrogating the often followed Rule12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (stating the old rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), and by characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969; *see also, In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) at Fn. 10.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21, 2007). Speaking for the Court in *Twombly*, Justice Souter wrote:

> * * * a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will *not* do." *Id.* at 1964-1965 (citations and quotation marks omitted; emphasis added).

The Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. The Fifth Circuit adopted the new standards of *Twombly* in the recently decided *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 570). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also, Hershey v. Energy Transfer Partners*, 610 F.3d 239, 245-46 (5th Cir. 2010).

Under the Supreme Court's new standard, to state a claim for relief, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at

556). If the factual allegations do not raise a right to relief "above the speculative level," *Twombly*, 550 U.S. at 555, or if the allegations reveal an insurmountable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), a claim should be dismissed. Under this standard, Cameron fails to state any claims against MOEX USA for which relief can be granted.

### CAMERON'S BARE BONES ALLEGATIONS FOR CONTRIBUTION FAIL TO STATE A CLAIM AGAINST MOEX USA FOR WHICH RELIEF CAN BE GRANTED AS IT IS DEVOID OF FACTS NECESSARY TO STATE A COGNIABLE CLAIM FOR CONTRIBUTION AGAINST MOEX USA

Contribution is the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602 (5th Cir. 2010) (emphasis added). This is true for contribution claims based on general maritime law (Cameron's "Eleventh Claim").

Cameron alleges no facts showing or tending to show that MOEX USA bears *any* fault for Plaintiffs' alleged injuries or losses under its contribution theories under general maritime law and, therefore, fails to state a claim for contribution. Dismissal of Cameron's Cross-Claims against MOEX USA is proper pursuant to Rule 12(b)(6) because, on their face, the Cross-Claims fail to allege basic facts necessary to obtain relief under any theory of contribution under which Cameron seeks relief.

Cameron's "Eleventh Claim" makes no factual allegations at all. Rather, it consists only of the legal conclusion that all Cross Defendants (and therefore, necessarily, MOEX USA) are liable to Cameron under general maritime law contribution theories. In order to comply with the fair notice mandates of the Federal Rules, Cameron must include some factual allegations to support its "Eleventh Claim," which are "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers*,

*Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Mere conclusory allegations and unwarranted deductions of fact will not suffice to defeat a motion to dismiss. *Kapps v. Torch Offshore*, 379 F.3d 207, 210 (5th Cir. 2004).

In its "Eleventh Claim," Cameron does not refer to or adopt the factual allegations of any other pleading(s). (Rec. Doc. 412 in #10-2771 at ¶108; Rec. Doc. 2472 in #10-2179 at ¶70; and Rec. Doc. 2474 in #10-2179 at ¶200). Because the "Eleventh Claim" makes neither direct nor inferential allegations of facts in support of its legal conclusions, Cameron's "Eleventh Claim" must be dismissed pursuant to Rule 12(b)(6). *Iqbal*, 129 S.Ct. at 1949.

Because Cameron fails to satisfy basic pleadings standards with respect to its "Eleventh Claim" (the only Cross-Claim asserted against MOEX USA is Cameron's reference to Cross-Defendants in the "Eleventh Claim") the Cross Claims against MOEX USA should be dismissed.

## ALTERNATIVELY, EVEN IF CAMERON'S ALLEGATIONS FOR CONTRIBUTION ADEQUATELY ADOPTED THE PETITIONS AND/OR TRANSOCEAN'S CROSS-CLAIM, CAMERON'S ALLEGATIONS STILL FAIL TO STATE A CLAIM AGAINST MOEX USA FOR WHICH RELIEF CAN BE GRANTED

Cameron's "Eleventh Claim" makes only the conclusory allegation that Cameron is entitled to contribution from all other Defendants, including MOEX USA, under "general maritime law or other law." Even if the Eleventh Claim had incorporated plaintiffs' allegations in Bundles A, B, C and D (which it does not), it is still not legally sufficient under FRCP 12(b)(6).

Contribution is the "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *Combo Mar., Inc.*, 615 F.3d at 602. As the following shows, no facts alleged by Plaintiffs state, or even suggest, that MOEX USA bears any fault for any of Plaintiff's

claims, and therefore Cameron fails to state a claim for maritime contribution for these alleged injuries.

It is well-established that, where a party is entitled to contribution, that party is only entitled to contribution in proportion to the negligence or fault of a third party. *Cooper Stevedoring Co. v. Kopke*, 417 U.S. 106, 115 (1974) ("Contribution rests upon a finding of concurrent fault."); *In re Liberty Seafood*, 38 F.3d 755, 757 (5th Cir. 1994) ("contribution from the third-party tortfeasor" must be "in proportion to the third-party's fault"); *Adams v. Texaco*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) ("a concurrently negligent tortfeasor should proportionately contribute . . . to the extent occasioned by its fault"); RESTATEMENT 2D OF TORTS, § 886A(2) ("No tortfeasor can be required to make contribution beyond his own equitable share of the liability."). "[A] non-negligent tortfeasor is 0% at fault." 2-I BENEDICT ON ADMIRALTY § 13. It follows that a non-negligent tortfeasor cannot be liable for contribution. *Id.*

As fully briefed in the Motions to Dismiss set for Pleading Bundles B1 and B3 filed by Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore and MOEX USA[3], it is fundamental that a duty to prevent harm resulting from oil and gas operations performed by an independent contractor arises only as a consequence of operational control over the activity. *See, e.g., Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987), *cert.*

---

[3] MOEX USA expressly incorporates by reference its arguments set forth in their memoranda supporting their Motions to Dismiss for Pleading Bundles B1 and B3 filed by Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore, and MOEX USA and the local governmental entity master complaint. Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC and MOEX USA Corporation to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B1) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1414-1 ("B1 Motion to Dismiss")]; Memorandum of Law in Support of Motion of Defendants Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC and MOEX USA Corporation to Dismiss First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO. No. 1] Section III (B3) Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. 1416-1 ("B3 Motion to Dismiss").

*denied*, 485 U.S. 1034 (1988). It is also settled law that where a principal contracts with an independent contractor to conduct oil and gas operations but retains no operational control, the principal neither assumes nor owes any duty to protect others from the contractor's negligence. *Thomas v. Burlington Res. Oil & Gas Co.*, No. Civ. A. 99-3904, 2000 WL 1528082, at *2 (E.D. La. Oct. 13, 2000) (Barbier, J.). Even where a principal without operational control has *actual knowledge* of dangerous conditions on an oil rig, the principal has no legal duty to intercede. *See id.* at *2 ("It is true that an 'owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risk of injury or harm'. . . . However, this duty does not extend so far as to require the owner or operator to intervene in and correct the work practices selected by an independent contractor."); *Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) (the presence of a company representative on an oil platform with knowledge of the rig's operations "is insufficient to create a duty; therefore, the law does not support the imposition of liability for any failure to intercede"). Plaintiffs have not asserted, nor even referenced, any facts stating or suggesting that MOEX USA exercised any Operational Control.

Thus, because a non-negligent defendant is not liable for contribution, as a matter of law, Cameron has stated no claim for contribution against MOEX USA for which relief can be granted. Cameron's maritime contribution claim therefore must be dismissed.

## CAMERON CANNOT RECOVER ITS COSTS OF SUIT AS A MATTER OF LAW

In its prayer, Cameron seeks reimbursement of costs of court pursuing its Cross-Claims. (Cross-Claims at Prayer, No. 11, Rec. Doc. 412 in #10-2771 p. 40; Prayer No. 10, Rec. Doc. 2472 in #10-2179 p. 23; Prayer No. 11, Rec. Doc. 2474 in #10-2179 p. 43.) Even if Cameron asserted a viable contribution claim against MOEX USA (which it does not), Cameron cannot

recover its costs of court. In *Odd Bergs Tankrederi A/S v. S/T Gulfspray*, the Fifth Circuit held that in maritime contribution suits not founded on a contract, "attorney's fees and legal costs incurred by the defending tortfeasor [are] not recoverable in contribution from the other negligent parties." 650 F.2d 652, 655 (5th Cir. 1981). This is the rule because a tortfeasor "defends against claims of its own negligence . . . [and] would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence." *Id.*

Cameron alleges no basis for deviating from these well-established rules. Cameron's claim for court costs incurred in prosecuting its Cross-Claims against MOEX USA Corporation must be dismissed.

## CONCLUSION

For the foregoing reasons, Cameron International Corporation's Cross-Claims against MOEX USA Corporation should be dismissed, in their entirety, with prejudice, and at Cameron International Corporation's sole cost.

Respectfully submitted,

DATED: June 20, 2011

                         *s/ Robert S. Stassi*
                         Robert S. Stassi T.A. (La. Bar No. 25259)
                         Oilspill.MDL.Docket@carverdarden.com
                         CARVER, DARDEN, KORETZKY, TESSIER,
                         FINN, BLOSSMAN & AREAUX, LLC
                         1100 Poydras Street, Suite 3100
                         New Orleans, LA 70163
                         Telephone: (504) 585-3800
                         Fax: (504) 585-3801

                         **ATTORNEYS FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 20, 2011.

*s/ Robert S. Stassi*

4829-1138-3305, v. 4