UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

LIAISON COUNSEL MEMORANDUM

PROVIDING REPORT FOR 8/12/11 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on August 12, 2011.

**1. Pre-Trial Orders:**

Since the last status report for the conference on July 8, the Court has entered PTO 38 (Confidentiality of Settlement Communications), PTO 39 (Testing of Samples), and PTO 40 (Return of Tangible Things by JIT to Owners).

**2. The Status of the JPML Proceedings:**

Since the parties submitted the last status report on July 8, 2011, the JPML has issued four new Conditional Transfer Orders conditionally transferring six additional cases to this Court. To date, a total of thirty-one CTOs have been issued. As of August 8, 2011, there are

417652124.

approximately 587 total cases that have been transferred to MDL 2179.  As a result of dismissals, currently only 549 cases are active before the Court.  Of the active cases, 337 have been transferred by the JPML.  The following issues remain undecided:

- One objection and a motion to vacate were filed regarding CTO-16.  On August 9, 2011, the Panel issued a ruling denying the objection and transferring the case to MDL 2179.

- Halliburton filed an objection to the transfer of its claims against the BP Defendants, which were included in CTO-18 and a motion to vacate CTO-18.  On August 9, 2011, the Panel issued a ruling denying Halliburton's motion and transferring the case to MDL 2179.

- One objection and a motion to vacate were filed regarding CTO-22.  On August 9, 2011, the Panel issued a ruling denying the objection and transferring the case to MDL 2179.

- Nine objections and two motions to vacate (one was a joint motion on behalf of eight separate cases) were filed regarding CTO-23.  The motions have been fully briefed.  It is unlikely that the objections will be resolved until after the next Panel hearing scheduled for September 27, 2011.

- Two objections and motions to vacate were filed regarding CTO-25.  The motions have been fully briefed.  It is unlikely that the objections will be resolved until after the next Panel hearing scheduled for September 27, 2011.

- Two objections and motions to vacate were filed regarding CTO-27.  The motions will be fully briefed as of August 18, 2011.  It is unlikely that the objections will be resolved until after the next Panel hearing scheduled for September 27, 2011.

- One objection and motion to vacate was filed regarding CTO-29.   The Panel has set a

briefing schedule under which briefing will not be completed until August 23, 2011. It is unlikely that the objection will be resolved until after the next Panel hearing scheduled for September 27, 2011.

- One objection was filed regarding CTO-30. The Panel has set a briefing schedule under which briefing will not be complete until September 6, 2011. It is unlikely that the objection will be resolved until after the next Panel hearing scheduled for September 27, 2011.[1]

## 3. Short-Form Joinders and Claim Dismissals:

A revised form for the dismissal of short-form joinders and individual complaints was submitted, along with a form for amending short-form joinders and plaintiff-profile forms. A proposed order adopting these forms was also submitted. The parties expect the Court to enter this proposed order in the next few days.

## 4. Status of State-Filed Lawsuits:

At least thirty-four Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (five cases); Galveston County, Texas (four cases); Jefferson Parish, Louisiana (two cases); Lafourche Parish, Louisiana (one case); Orleans Parish, Louisiana (eight cases); Plaquemines Parish, Louisiana (four cases); Pointe Coupee Parish, Louisiana (one case); Terrebonne Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); Hillsborough County, Florida (one case); Harrison County, Mississippi (one case); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case). These cases include:

---

1   Attached is a chart showing the status of the Conditional Transfer Orders.

- Nineteen personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) seventeen suits brought by oil spill response workers;

- Eight lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

- Two breach of contract suits by the owners/operators of vessels participating in the Vessels of Opportunity oil spill response program;

- Three suits alleging primarily the breach of agreements for the sale or lease of oil spill response equipment, including one breach of contract suit filed by a manufacturer of containment boom;

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases. BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

Texas courts have set fall 2011 through spring 2012 trial dates in a number of state court personal injury cases related to MDL 2179. These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179. Also included are five personal injury cases brought by oil spill response workers set for trial as early as November 2011. The six Texas cases set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (October 11, 2011 trial date in case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (February 6, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Paulino, Santo Marte v. Tamara's Group et al.*, 2011-18159, (Harris County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker);

*Young, Robert v. BP Exploration and Production, Inc., et al*., No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident).

In addition to the thirty-four cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). Most of this state court litigation has been stayed in favor of MDL 2185, discussed below. State courts in Louisiana, Texas, and Delaware have entered orders staying the state court derivative litigation in deference to the consolidated federal derivative case in MDL 2185. On January 25, 2011, BP moved to stay the remaining Alaska litigation, and

its motion remains pending.  The Alaska court heard argument on motions to dismiss and stay on March 23, 2011.

5. **Status of MDL-2185:**

- Securities Litigation.  Two consolidated amended complaints have been filed.  Motions to dismiss were filed on May 6 and are fully briefed as of June 21.

- Derivative Litigation.  A consolidated amended complaint was filed February 4.  A motion to dismiss was filed on March 21, and argument was held on the motion on June 17.  A motion for leave to file an additional brief and for discovery on jurisdiction was filed on July 28, with an opposition brief due August 8.

- ERISA Litigation.  A consolidated amended complaint was filed on May 27.  A motion to dismiss was filed on July 26, with an opposition brief due September 23 and a reply brief due November 7.

- Dividend Class Action.  On August 8, 2011, the JPML issued a Final Transfer Order, transferring to MDL 2185 a putative class action, brought on behalf of holders of BP American Depositary Shares, based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill.  A responsive pleading is due on September 22, 2011.

- Discovery Coordination.  In the securities, derivative, and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTOs 17 and 27.  In some cases, BP has agreed

to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

**6. Written and Deposition Discovery:**

Extensive written discovery and document production for Phase One is nearing completion, with a motion to compel deadline for written discovery of August 15. As of the date of the status conference, 176 depositions have been taken. In addition, 31 further Phase One depositions (not required for expert reports) are now scheduled to be taken during August, September, and into early November. The parties are beginning to confer on the scheduling of Phase Two depositions and discovery as well, and are in discussions with Judge Shushan about deposition discovery of expert witnesses in November and December (and perhaps early January as well). The parties have now produced in excess of five million pages of documents. More than 5000 documents have been marked as deposition exhibits. The parties continue to meet with Magistrate Judge Shushan almost every Friday to schedule depositions and discuss pending discovery issues.

7. **Vessels of Opportunity Case Management**:

The Court entered the Case Management Order for the Vessels of Opportunity contract cases on July 8, 2011 (Record Doc. No. 3207). Pursuant to that CMO, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an expedited mediation process. Three VoO Focus Plaintiffs were chosen by the PSC and three were chosen by BP. Plaintiffs' Profile Forms are to be produced by the PSC and BP will be producing pertinent VoO contracts and related documents for the VoO Focus Plaintiffs, all such limited productions to occur by August 12. Depositions of VoO Focus Plaintiffs and other CMO-defined discovery of BP will

occur by September 30.  Mediations will begin as early as October 12 and the parties continue to discuss whether a private mediator will preside.

## 8. Insurance Coverage – Case Management Order:

Pursuant to the Case Management Order that the Court recently entered in the insurance cases (Record Doc. No. 2849), the parties to the insurance cases have begun to propound written discovery.  The parties also are in the process of briefing the motions of BP, MOEX, and Anadarko for judgment on the pleadings with respect to the complaints in Case Nos. 11-274 and 11-275, which are scheduled for hearing before this Court on September 14.  In addition, on June 17, 2011, Transocean's First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440).  The responses to the interpleader complaints are currently due on August 22.

## 9. BOP Status:

On July 26, 2011, Judge Shushan entered an Order approving the BOP preservation protocol.  As of Friday, August 4, DNV largely has completed preservation of the metallic components of the BOP and DNV expects to complete the bulk of the remaining preservation work by the end of August.  On July 21, 2011 BP and DNV executed a second extension of their Forensic Testing Services Contract covering BOP preservation work.  A draft Order seeking approval of that contract and the Court's approval for other BOP preservation issues is currently pending before Judge Shushan.  On August 4, 2011 BP executed an amendment to its Space Agreement with NASA to cover the use of the Michoud facility during BOP preservation. That agreement covers the period from the commencement of the preservation effort in July through September 30, 2011.  The amended space agreement is currently awaiting NASA's signature,

and will be presented to the Court for approval upon execution by NASA. BP and NASA are currently negotiating the terms of a long term storage agreement for the BOP and its components. One point under discussion is moving the BOP from its present location on the West Dock at Michoud to a different location on the NASA Michoud facility.

**10. Cement Testing Status:**

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting (OTC), the laboratory retained by the Joint Investigation Team (JIT) to conduct cement testing. *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123). On or about August 1, 2011, the JIT circulated OTC's report of the results of a portion of the cement tests. On or about August 3, 2010, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey (USGS) regarding the 40 "rock" samples collected from the deck of the *Damon Bankston*. The USGS report states that 9 of the samples are consistent with cement but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well. On August 8, 2011, the U.S. circulated a proposal for additional testing on the 9 samples to liaison counsel.

**11. Motions Set for Oral Argument**

No motions are currently set for oral argument.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of August, 2011.

                                        /s/ Don K. Haycraft
                                           Don K. Haycraft