

Fw: DWH MDL 2179 - Transocean's Letter re Order Re Revised Schedule for Phase One Expert Discovery
**Mike O'Keefe**  to: Marie Firmin                                                                08/09/2011 03:54 PM

Please file the email in the record.  The attachment does not have to be filed in the record.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/09/2011 03:53 PM -----

| | |
|---|---|
| From: | "Wilson, Suzie" <swilson@frilot.com> |
| To: | Sally Shushan <Sally_Shushan@laed.uscourts.gov> |
| Cc: | Alan York <AYork@GodwinRonquillo.com>, Ben Allums <Ben_Allums@laed.uscourts.gov>, Don Haycraft <dkhaycraft@liskow.com>, "Edward Flanders" <Edward.flanders@pillsburylaw.com>, Henry Dart <hdart@dartlaw.com>, Jim R <jimr@wrightroy.com>, Joe Hassinger <jhassinger@gjtbs.com>, L Strange <lstrange@ago.state.al.us>, Liaison 2179 <DefenseLiaison2179@liskow.com>, Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>, Mike Underhill <mike.underhill@usdoj.gov>, Steve Herman <SHERMAN@hhkc.com>, "Miller, Kerry J." <kmiller@frilot.com>, "Wilson, Suzie" <swilson@frilot.com> |
| Date: | 08/08/2011 01:06 PM |
| Subject: | DWH MDL 2179 - Transocean's Letter re Order Re Revised Schedule for Phase One Expert Discovery |

Dear Judge Shushan:

We submit this letter on behalf of Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") to respectfully request a clarification regarding the deadlines in the Court's Order Regarding Revised Schedule for Phase One Expert Discovery, **Dkt. 3126**, entered on July 1, 2011 (the "Order"), a copy of which is attached.

**A.     Schedule for Expert Reports**

Your Honor's July 1, 2011 Order sets forth the following deadlines for the submission of expert reports:

08-26-2001     Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness as well as by the United States and the States.

09-23-2011     Expert Reports from Vessel Owner/Petitioner in Limitation.

10-17-2011     All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports.

11-07-2011     Rebuttal Expert Reports for the February 2012 Trial.

11-14-2011     Begin depositions of Phase One Experts for February 27, 2012 trial.

          12-23-2011     End depositions of Phase One Experts who will testify at February 27, 2012 trial.

**Dkt. 3126**.

**B.    Request for Clarification of the Schedule for Transocean's Expert Reports**

It is currently Transocean's reading of Your Honor's Order that the first two deadlines for the submission of Expert Reports of August 26, 2011, and September 23, 2011, were originally selected to correspond to the divided burdens of proof in a limitation case (See also CMO1, **Dkt. 569**, and PTO32, **Dkt. 1506**). As Your Honor is aware, this divided burden of proof requires the Claimants to bear the initial burden of proving negligence or unseaworthiness, with the burden of proof shifting to the Petitioner shipowner to prove lack of privity or knowledge of the alleged acts of negligence or conditions of unseaworthiness that caused the incident. *See* discussion in C*, infra.*

The issue for which clarification is sought is whether Transocean's deadline of September 23, 2011 applies to all of Transocean's non-rebuttal Expert Reports[1] or whether this deadline applies only to Transocean's privity and knowledge experts, if any. If the September 23, 2011 deadline applies only to those issues for which Transocean uniquely bears the burden of proof as a Limitation Petitioner (lack of privity and knowledge), then Transocean would proceed to present its Expert Reports on the cause of the casualty, including negligence and seaworthiness, at the same time as the remaining Defendants, on October 17, 2011. This construction of the Court's Order would be consistent with the divided burdens of proof in a limitation case but would also recognize that Transocean is no different than any of the other Defendants in defending against the Claimants' fault allegations, as this Court has often acknowledged in prior pending limitation actions. See discussion in C, *infra* .

    **C.    Burdens of Proof And Allignment of Parties In a Limitation of Liability Proceeding**

When the vessel owner proceeds by filing a petition seeking exoneration or limitation of liability, it "does not change his legal position on the main issues. The claimant must prove what he must prove if he were the actor; a definite tort or contract, and the petitioner's connection with it." *Southern Pac. Co. v. U.S.* , 72 F.2d 212, 1934 A.M.C. 1185 (2d Cir. 1934). Accordingly, a "limitation proceeding generally comprises a two-step process, the first being the establishment of liability of the shipowner to the claimant, as to which the claimant…bears the burden." *Complaint of Port Arthur Towing* , 42 F.3d 312, 317 (5th Cir.1995), *cert. den'd* , 116 S.Ct. 87 (1995). "The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit." *Id.* (quoting *The 84-H* , 296 F. 427, 431-32 (2d Cir. 1923). *See also  Colonial Sand & Stone Co. v. Muscelli* , 151 F.2d 884, 885 (2d Cir.1945) ("The right to limit is quite separate from the validity of the claim; indeed it is of no value unless the claim is valid."); *In re Lloyd's Leasing Ltd.* , 764 F.Supp. 1114, 1141 (S.D.Tex.1990) ("Liability is the threshold issue to be resolved in a limitation of liability action because the exploration as to limitation is materially relevant only if liability is

established."). In a limitation action, the vessel owner is effectively a defendant, like any other.

If the claimant successfully establishes the vessel owner's liability, the vessel owner then bears a unique burden of proof in seeking to limit its liability. The vessel owner must show that it did not have "privity or knowledge" of the acts of negligence or conditions of unseaworthiness that caused the accident. *See Farrell Lines*, 530 F.2d at 10; *See also In re Signal Intern., LLC*, 579 F.3d 478, 498 (5th Cir. 2009) ("Once a claimant proves that negligence or unseaworthiness caused an accident, an owner seeking limitation must show it lacked privity or knowledge of the condition."). A vessel owner's burden to prove lack of privity or knowledge only arises when the claimant has shown that unseaworthiness or negligence was the proximate cause of the loss. *See Signal*, 579 F.3d at 499; *Empresa Lineas Maritimas Argentinas S.A. v. United States*, 730 F.2d 153, 155 (5th Cir.1984) (first determining "what acts of negligence or conditions of unseaworthiness caused the accident" before determining "whether the shipowner had knowledge of the events which caused the loss").

The presentation of evidence at the trial of a Limitation of Liability action should proceed in accordance with the two-step analysis the Court must apply in determining whether the vessel owner is entitled to limitation of it liability, if any. *See, e.g., In re Moran Towing Corp.*, 166 F.Supp.2d 773, 776 (E.D.N.Y. 2001) (denying claimants' motion for an order directing the petitioners to proceed first at trial, and ordering that the claimants must "proceed first with the presentation of their evidence"). Consistent with this two-step analysis, the Eastern District of Louisiana has also held that this procedure must also be reflected in scheduling orders setting forth the parties' deadlines to submit expert reports. In *In re TCB Marine, Inc.*, the court explained as follows:

> It is the opinion of this Court that for purposes of submitting expert reports and other matters contained within the preliminary scheduling order of July 1, 1997, TCB Marine, Inc. [the petitioner in limitation] is to be viewed as a "defendant." Although this limitation action was brought to federal court by TCB, the initial burden of proof rests upon the claimants.

No. Civ. A. 97-0418, 1997 WL 639021 (E.D.La. Oct. 16, 1997). The Eastern District of Louisiana recently reaffirmed this principle in *In re Rainbow Marine Contractors, Inc.*, No. 09-4516, 2010 WL 1729184 (E.D.La. Apr. 8, 2010), in which the magistrate judge found that the court had "resolved this issue long ago" in *TCB Marine*, and recommended that "petitioners be designated as the defendants and that claimants be designated as the plaintiffs for purposes of" the scheduling order setting forth deadlines to submit expert reports. *Id., report and recommendation adopted by*, *In re Rainbow Marine Contractors, Inc.*, No. 09-4516, 2010 WL 1729185 (E.D.La. Apr 27, 2010).

### D. Conclusion

Transocean therefore seeks clarification that the September 23, 2011 deadline applies only to those issues for which Transocean uniquely bears the burden of proof as a Limitation Petitioner (lack of privity and knowledge) and, accordingly, in all other respects, Transocean is to be treated no differently than any of the other Defendants in defending against the Claimants'

fault allegations. As a result, Transocean seeks confirmation that the third Expert Report deadline of October 17, 2011 for "All February Trial Defendants, 14(c) Defendants and/or Third-Party Defendants" also applies to Transocean, requiring Transocean to present its expert reports on the cause of the casualty, including negligence and seaworthiness, at the same time as all other Defendants.

Transocean thanks Your Honor for her consideration of this issue.

Respectfully,

Kerry Miller
Attorney for Transocean

---

[1]   The deadline for rebuttal expert reports for all parties is November 7, 2011.



2011-07-01 (MDL 2179) Order re. Revised Schedule for Phase 1 Expert Discovery (3126).PDF