# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

August 9, 2011                    **Don K. Haycraft**          **Direct: (504) 556-4128**

dkhaycraft@liskow.com

**<u>Via Email</u>**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on
April 20, 2010, MDL No. 2179
Our File No.: 10451.084

Dear Judge Shushan:

This letter is in response to Transocean's email regarding expert report deadlines dated August 8, 2011.[1] More than a month after the Court had this issue fully briefed and issued its ruling, Transocean now complains about an aspect of the ruling that was in plain sight. Not only is it untimely at this point for Transocean to attempt to modify the expert report deadlines, Transocean is simply wrong and its proposed solution would introduce confusion in any event.

Transocean requests "clarification" and suggests that it is entitled to two expert report deadlines, September 23 and October 17. Although Transocean relies upon the burden of proof in Limitation procedure, and proposes a division of its expert report deadlines based on the black-letter law that dictates a two-step process, its case citation relies on Limitation cases where the subject of dispute was deadlines between plaintiff-in-limitation and claimants, and not the issue of third-party defendants impleaded by plaintiffs-in-limitation. By contrast, however, Judge Barbier has already addressed this context.

BP pointed out in its letter brief on June 30, 2011 (Record Doc. No. 3174) a recent example of a similar Limitation action over which Judge Barbier presided. This was a similarly complex multi-fatality, multi-defendant Limitation action involving an explosion aboard M/V JILLIAN MORRISON, an offshore diving support vessel engaged in a pipeline abandonment operation. Questions arose regarding the order of expert reports. As Your Honor will see from the attached scheduling order, Judge Barbier required that claimants' expert report deadline was 12/9/09, the

---

[1]    Halliburton, Anadarko, M-I L.L.C., and Weatherford join in this opposition to Transocean's proposal.

LISKOW&LEWIS                                                              Page 2

August 9, 2011

vessel owner/plaintiff-in-limitation (Chet Morrison) was 1/8/10, and third-party defendants'
deadline was 2/8/10. Judge Barbier's set of staggered deadlines was not unique; this order of
proof has been employed in all the Limitation cases involving third-party defendants impleaded
by the shipowner I have participated in. The staggered deadlines are sensible in view of the
nature of a Limitation action and the procedure mandated in Rule 14(c).

The Court knows well that in this Limitation action, as in the Chet Morrison matter, there are
numerous third-party defendants. They are third parties pursuant to Rule 14(c), brought into this
Limitation action by Transocean, as was its right under admiralty and Limitation procedure. BP,
Halliburton, Cameron, Anadarko, and the others are *defendants* to Transocean. Yet
Transocean's proposal of granting it two separate deadlines ignores this significant procedural
distinction. In essence, Transocean wishes to use Rule 14(c) to its advantage and then sweep
aside Rule 14(c) when it doesn't suit it.

A final point. Discerning which Transocean experts are "defensive" on the
negligence/unseaworthiness prong on a burden of proof argument and which are "offensive" on
other issues, such as causation of the blowout, explosion, fire, and sinking of its vessel
*Deepwater Horizon* would be unworkable, subject to tactical maneuvering, and increase both the
number of expert reports and the difficulties in scheduling expert depositions during an already
tight window. We can well imagine that a particular Transocean expert might wear both hats;
under Transocean's proposal, such an expert would get to prepare two expert reports, one due on
September 23 and the other on October 17. This would be unfair and unwieldy and would likely
lead to unneeded disputes. By maneuvering to shift its experts to the later report date,
Transocean would also likely seek to push its expert depositions into the already crowded final
weeks of the expert deposition window, during which all the Rule 14(c) defendants will already
be challenged to fit in the numerous depositions. Simply put, Limitation procedure and logic
support maintaining what Your Honor decided in this matter more than a month ago (consistent
with the practice followed by Judge Barbier in the Chet Morrison Limitation action) and abiding
by the procedural pathway set forth in Rule 14(c).

Sincerely,

Don K. Haycraft

DKH/apf

cc:      MDL Liaison and Coordinating Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: JILLIAN MORRISON, LLC,                CIVIL ACTION
et al

                                             NO:08-1255
                                             ALL CASES

                                             SECTION: "J" (5)

### ORDER

Before the Court is Plaintiffs' *Opposed* Motion for Extension for Expert Reports and Witness and Exhibits Lists (Rec. D. 672),

**IT IS ORDERED** that expert reports and witness and exhibit lists: for Personal Injury and Property Damage Claimants are due **December 9th, 2009**; for Vessel Owner/ Petitioner in Limitation/ Third Party Plaintiff are due **January 8th, 2010**; and for Third Party Defendants are due **February 8th, 2010.**

New Orleans, Louisiana, this the 6th day of November 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE