

August 10, 2011

Via E-mail

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
      Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

   We are in receipt of the Court's August 9 Order [Doc. 3650] concerning BP 30(b)(6) Topic No. 7. As the Court instructed in its August 9 Order, the following areas of inquiry listed on pages 11 and 12 of Anadarko's August 5 letter [Doc. 3622] (copy attached) are permissible during the deposition of BP's designated witness in response to BP 30(b)(6) Topic No. 7:

   1.   Whether anyone other than BP personnel were involved in preparing the temporary abandonment procedures in the Well Plan that Brian Morel sent M. Sepulvado, R. Sepulvado and J. Guide on April 12;
   2.   Whether BP agrees that the April 12 Plan does not provide for a Negative Pressure Test;
   3.   The background of and bases for the deviations between the April 12 procedures and the April 16 Application for Permit to Modify ("APM");
   4.   Whether anyone other than BP personnel were involved in preparing the temporary abandonment procedures in the "Forward Ops" e-mail that Brian Morel sent R. Sepulvado on April 14;
   5.   The background and bases for the deviations between the April 14 procedures and the April 16 APM;
   6.   The drafting of the April 16 APM;
   7.   The bases or reasons for the temporary abandonment procedure specified in the APM;
   8.   Whether a Risk Assessment was the basis for the temporary abandonment procedure in the APM or should have been;
   9.   Whether BP believes that the April 20 "Ops Note" contains any deviations from the APM;

August 10, 2011
Page Two

10. The basis or reasons for any deviations in the April 20 "Ops Note" from the APM;
11. Whether a Risk Assessment was the basis for the temporary abandonment procedure in the "Ops Note" or should have been;
12. Whether an April 18 e-mail from Morel to Guide was the basis for the deviation of the April 20 "Ops Note" from the APM; and,
13. Whether in his response to the April 18 e-mail, Guide was calling for just one Negative Pressure Test and, if so, whether this was the basis for the apparent deviation of the April 20 "Ops Note" from the APM.

It is our understanding that BP must designate a witness to testify on behalf of the BP Defendants as to the foregoing areas of inquiry. It is also our understanding that the only topics among those listed on pages 11 and 12 of Anadarko's August 5 letter that may not be explored with BP's Topic No. 7 designee are the following:

1. Whether the temporary abandonment procedure actually utilized on April 20 was the same as or deviated from the procedure set forth in Morel's April 20 "Ops Note," and,
2. Whether a Risk Assessment was the basis for the temporary abandonment procedure performed on April 20 or should have been.

We look forward to BP's designation of a witness responsive to Topic No. 7 so that we may schedule and proceed with his or her deposition in accordance with the Court's guidelines.

Respectfully submitted,


Jeffrey A. Breit
Plaintiffs' Steering Committee


cc: All Defense Liaison Counsel (via e-mail)

Attachment:   Anadarko letter dated August 5, 2011 [Doc. 3622]