From:
"Andrew Langan" <alangan@kirkland.com>
To:
Sally_Shushan@laed.uscourts.gov
Cc:
mike_o'keefe@laed.uscourts.gov, Ben_Allums@laed.uscourts.gov, James Roy <JIMR@wrightroy.com>, "Herman, S"
<sherman@hhkc.com>, "michael underhill" <Mike.Underhill@usdoj.gov>, "Corey Maze" <CMaze@ago.state.al.us>,
liaison2179@liskow.com
Date:
08/11/2011 11:16 AM
Subject:
Fw: DWH - MDL 2179:  Transocean's response to BP's request for add'l Phase 1 deponents-- BP Reply


Dear Judge Shushan:

A brief reply by BP to Transocean's email below is in order, if the Court will indulge us.

Transocean claims below that BP has made "blatant misstatements" but never says what those
misstatements are.   Transocean's claim of BP misstatements is  bald, unsupported rhetoric.

 And the  facts are stubborn things.   The facts relevant to whether BP should be allowed further
1 day depositions of  several Transocean in Phase 1 are these:

 1. 79 deponents affiliated with BP have been deposed so far.  Only 38 deponents affiliated with
Transocean have been deposed so far.    Transocean cannot dispute these facts.  This difference
is is unfair on its face.

2.  The Court's deadline for remaining Phase 1 requests was August 5, which BP met.    BP's
request was timely.     This is undisputed.

3.  Transocean says below that "the Court set a thoughtful and very expedited discovery
schedule...."    BP agrees, but the fact is that Transocean abused that schedule with  massive
production of the vast majority of its document  production in late June and July.     Transocean
does not dispute that it produced  **3,515,997 pages after** the May 27 target date for Phase 1
production set by the Court.     This was not an ordinary  "rolling production" by Transocean, as
it claims below.  Instead,  it was a calculated document dump, and was a key component of
Transocean's "run out the clock" strategy seeking to deny BP a fair chance to defend itself.
Transocean's strategy to only produce the vast majority of its production in June and July should
not be rewarded by allowing Transocean to claim that deposition requests based on that same
late production are "too late."

Transocean points to BP's production after May 27 -- most of which relates to custodial file
productions for the very large number of BP deponents -- but this is a contest where Transocean
is overmatched.   BP produced the majority of its documents months ago;  TO waited until after
June 22.  This is confirmed in the following data:

**BP production:**

1) Percentage of BP MDL 2179 Productions after May 27, 2011: 40.4% of all BP MDL Productions

2) Percentage of BP MDL 2179 Productions after June 22, 2011: 23.6% of all BP MDL Productions

3) Total BP Document Count as of today: 595,752 Documents

4) Total BP Page Count as of today: 3,953,634 Pages

Note:  most of BP's post June production has been custodial files for deponents.

**Transocean Production:**

| | Docs | Docs % of Total | Pages | Pages |
|---|---|---|---|---|
| **Total** | 312,813 | 100% | 4,528,311 | 100% |
| **Since 5/27** | 262,346 | 84% | 3,661,770 | 81% |
| **Since 6/22** | 195,673 | 62% | 2,796,390 | 62% |

**As the Court can see, Transocean produced 81% of its production after May 27 (compared to 40.4% for BP);  and 62% of its production after June 22 (compared to 23.6% for BP, which had  more custodial files than TO for June and July depositions).**

4. Transocean's late production is real, not imagined.   It produced key materials at the last minute to the prejudice of those adverse to TO.   To take just one example, TO Annual Well Control and Events Report, an exhibit to the Ambrose's Dep.,   was not produced until July 7th. This is a fundamental TO document  that shows that TO ranks its well control performance by how large the kick grew before it was detected.

As to other examples, Barry Braniff is head of TO's Well Operations Group.  He heads a TO team that monitors well control events and maintains a database of historical well control events on TO rigs.  He is responsible for the TO Annual Well Control Report, a detailed analysis of TO's performance in detecting kicks and how early/late such kicks are detected.  TO only produced this document a few weeks ago – had TO produced it early on, we would have placed Mr. Braniff in our priority listing, but frankly did not know about the Annual Well Control Report until Phase One discovery was coming to an end.

As to the Rule 30(b)(6) request for Well Advisor spreadsheet topic, BP first learned of the Well Advisor spreadsheet in early June and immediately questioned David Cameron about it on June 13.  He had no information whether this spreadsheet was used by TO in the Gulf of Mexico.  It was not until July 27 that Bill Sannan, General Manager for TO's North America Division, revealed that indeed, the Well Advisor program was used by his Division, and that it was possible (he was not sure) it was used by the OIM and Rig Manager for Deepwater Horizon on Macondo 252.  He said the one person he could name at TO who would know for sure is Barry Braniff.  Attached is the Well Advisor program in native Excel format and the Annual Well Control Report, two critical documents about which we need these further depositions.

We will provide hard copies of these confidential documents to the Court later today.

5.  Transocean argues that BP had information about the names of the deponents it seeks and thus, any request should have been made long ago -- apparently, per Transocean, even before it finally released its investigation report on June 22.   Again, Transocean wants a double standard applied, unfair to BP.  This Court is well aware that for the past few weeks and months, the PSC and others have regularly sought to add BP deponents to the Phase 1 list based on information emerging from ongoing depositions.  The Court has allowed this -- leading to a total of 79+ BP deponents.   If the same rules are going to be applied, then BP should be entitled to digest the late document production and delayed depositions and internal report from Transocean and frame deponent requests based on such materials.    That is exactly what BP's timely August 5 request did.

Thanks for the Court's consideration.

Respectfully submitted,

Andy Langan

**J. Andrew Langan, P.C.** | **Kirkland & Ellis LLP**
300 NORTH LASALLE STREET
CHICAGO, IL 60654-3406
(312) 862-2064 **DIRECT** | (312) 862-2200 **FAX**
andrew.langan@kirkland.com