UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| This Document applies to the *Coverage Cases*, Consolidated into 11-cv-275 | MAGISTRATE SHUSHAN |

**STATE OF LOUISIANA**
**ORLEANS PARISH**

### AFFIDAVIT OF KERRY J. MILLER

Before me, the undersigned notary, on this day personally appeared Kerry J. Miller, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Kerry J. Miller. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. This affidavit is made to satisfy the requirements of Federal Rule of Civil Procedure 56(d).

Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH—collectively, "Transocean"—respectfully asks the Court to defer consideration of BP's Motion for Judgment on the Pleadings to allow Transocean time to obtain affidavits or declarations or take discovery for the following reasons:

(1) Transocean served written discovery to BP on or about July 1, 2011, the purpose of which was to ascertain BP's prior history, practice and procedures for contractual allocation of well pollution and similar risks to develop the surrounding circumstances regarding the interpretation of the BP-Transocean drilling contract.

Generally, Transocean and its underwriters have requested the following categories of documentation:

1. Any drilling contracts or master service agreements which state that BP was to provided unlimited additional insured status for well pollution and other similar risks;
2. Documentation regarding whether BP has ever demanded, requested or received unlimited additional insured status for well pollution and other similar risks;
3. Documentation regarding whether BP has ever acknowledged that it is not entitled to unlimited additional insured status for well pollution and other similar risks;
4. Documentation concerning the risk management policies, parameters, guidelines, procedures and/or protocols for contractual indemnity obligations and insurance coverage in BP's drilling contracts including but not limited to the naming of BP as an additional insured on an unlimited basis for well pollution and other similar risks;
5. Documentation concerning any communications between BP, Anadarko, MOEX and/or Transocean regarding BP being listed as an additional insured under the relevant policies;
6. Documentation concerning the negotiation of the indemnity and additional insured provisions in the Drilling Contract in question including but not limited to the naming of BP as an additional insured on an unlimited basis for well pollution and other similar risks;
7. BP's form drilling contract and master service agreement;
8. Documentation regarding any changes or modifications to BP's form drilling contract and master service agreement;
9. Documentation from BP addressing whether additional insured status should or should not be limited to the extent of contractual indemnity obligations for pollutions risks when drilling contractor or master service contract contains language similar to the "for liabilities assumed by CONTRACTOR under the terms of this Contract;
10. Documentation concerning well pollution incidents, disputes and claims in which BP failed to assert that it was entitled to unlimited additional insured status, including the drilling contracts and master service contracts between the parties involved;
11. Documentation concerning any internal or external audits, reviews, analysis or studies of BP's risk allocation for pollution risks; and
12. Documentation concerning the procurement of insurance coverage for well pollution risks.

56816:10074700

Transocean requires time to obtain and review this documentation in order fully to respond to BP's Motion for Judgment on the Pleadings that should be converted to a Motion for Summary Judgment.

(2) As part of the written discovery, Transocean has requested BP to identify the persons with knowledge of relevant facts concerning BP's prior history, practice and procedures for contractually allocating well pollution and similar risks, including but not limited to, key members of BP's risk management and/or contract administration staff. Once identified, Transocean will need additional time to obtain and review depositions from these individuals. Transocean also plans to question the witnesses regarding the documents described in the list in (1) above.

(3) BP's Motion for Judgment rests on the assumption that BP, as a mere additional insured, is entitled to the *contra proferentem* principle. Transocean's response is that, because Transocean and BP are sophisticated insureds, BP is not entitled to construe the relevant policies and contract against the insurers. Thus, the documentation and testimony requested above is also necessary to establish that BP, like Transocean, is a sophisticated party in the contractual risk transfer process.

(4) Transocean requires additional time to secure an expert with regard to oil and gas risk allocation and insurance to review the foregoing materials and deposition testimony and to express opinions concerning the manner in which risks were allocated in this case.

(5) Transocean requires additional time to discover the origin of the policy language at issue in this case, including production of the brokers' files, production of the underwriters' files, and possibly deposition testimony of the brokers and/or underwriters.

56816:10074700

The foregoing is known to me personally as counsel of record for Transocean."

_____
Kerry J. Miller

SWORN TO and SUBSCRIBED before me by Kerry J. Miller on this 11th day of August, 2011.

_____
Notary Public  # 91865
Parish of Vermilion
Commission Expires at Death

4