

**Fw: Response to Request for Additional Phase One Halliburton Deponents**
Mike O'Keefe   to: Marie Firmin                                                                08/12/2011 09:05 AM

Please file this email from Alan York.
----- Forwarded by Mike O'Keefe/LAED/05/USCOURTS on 08/12/2011 09:05 AM -----

| | |
|---|---|
| From: | "York, R. Alan" <AYork@GodwinRonquillo.com> |
| To: | <Sally_Shushan@laed.uscourts.gov>, <Mike_OKeefe@laed.uscourts.gov> |
| Cc: | "Herman, S" <sherman@hhkc.com>, "James Roy" <JIMR@wrighttroy.com>, "robert cunningham" <RTC@cunninghambounds.com>, "michael underhill" <Mike.Underhill@usdoj.gov>, "L Strange" <lstrange@ago.state.al.us>, "Corey Maze" <CMaze@ago.state.al.us>, "DWH Defense Steering Committee" <Dsc2179@liskow.com>, "Godwin, Donald" <DGodwin@GodwinRonquillo.com> |
| Date: | 08/11/2011 05:55 PM |
| Subject: | Response to Request for Additional Phase One Halliburton Deponents |

Judge Shushan:

In response to BP's request for additional Halliburton post-July 31 Phase One deponents, Halliburton would note the following:

**Roger Dugas** - Halliburton does not object to the deposition of Mr. Dugas and will work to obtain available dates.

**Phyllis Stelly** - Halliburton does not object to the deposition of Ms. Stelly and will work to obtain available dates.

**Quang Nguyen** - Halliburton objects to the addition of Mr. Nguyen as a Phase One deponent. Mr. Nguyen was originally requested as a deponent by BP, Transocean, Anadarko and MOEX in February 2011. For the Court's reference, Mr. Nguyen was listed on the original Phase One master list as deponent no. 685. Despite testimony from BP's cement in-house expert, Erick Cunningham, on March 23, 2011, and from BP's Brett Cocales, on April 26, 2001, that Mr. Nguyen helped to support Jesse Gagliano, BP has not until its August 5 email submission, renewed any request for Mr. Nguyen's deposition. BP has not identified any recent event or testimony that would now make Mr. Nguyen's testimony necessary for Phase One. Mr. Nguyen's testimony would not fit within a category of "clean up" depositions made necessary by recent discovery, and Halliburton asks that the Court deny BP's request to add Mr. Nguyen to the post-July 31 Phase One deponent list.

**Ricky Morgan** - Halliburton objects to the addition of Mr. Morgan as a Phase One deponent. Initially, Halliburton has already presented Ronnie Faul for deposition, and Mr. Faul has testified to the very limited statements made by Mr. Morgan. Therefore, Mr. Morgan's deposition would be unnecessarily duplicative. Further, the statements upon which BP relies in its request relate to Mr. Morgan's work on a conductivity test requested by BP as part of the relief well efforts, making him, at most, a Phase Two rather than Phase One witness. Finally, BP suggests that Mr. Morgan's deposition is appropriate as he is allegedly part of a Halliburton post-incident investigation team.

Halliburton disputes BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents. Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege. This is an issue that Halliburton continues to discuss directly with BP. Any involvement by Mr. Morgan relating to the Deepwater Horizon incident, other than those limited issues to which Mr. Faul has already testified, falls squarely within this privilege. Therefore, Halliburton asks that the Court deny BP's request to add Mr. Morgan to the post-July 31 Phase One deponent list.

**Earl Fly** - Halliburton objects to the addition of Mr. Fly as a Phase One deponent. Mr. Fly was originally requested as a deponent by BP and Transocean in February 2011. For the Court's reference, Mr. Fly was listed on the original Phase One master list as deponent no. 396. Mr. Fly's association with this case has long been known to the parties as Halliburton's John Gisclair testified on March 14, 2011, that Mr. Fly was the individual who supervised the mudloggers on the Deepwater Horizon. Nonetheless, BP has not until its August 5 email submission, renewed any request for Mr. Fly's deposition. Further, regarding contractual issues, Halliburton has previously produced Skip Clark as its designated 30(b)(6) representative to address contractual issues relating to its Sperry product service line, and Kurt Kronenberger to address general mudlogging issues. BP has not identified any recent event or testimony that would now make Mr. Fly's testimony necessary or non-duplicative for Phase One. Mr. Fly's testimony would not fit within a category of "clean up" depositions made necessary by recent discovery, and Halliburton asks that the Court deny BP's request to add Mr. Fly to the post-July 31 Phase One deponent list.

**Ben Richard** - Halliburton objects to the addition of Mr. Richard as a Phase One deponent. While Mr. Richard was a lab technician involved in the pre-incident cement testing, Halliburton's witness, Richard Dubois, has previously testified to Mr. Richard's limited role in such testing. Moreover, the weigh up sheets and lab results from any such testing have been previously produced by Halliburton. Mr. Richard's deposition would add nothing, and would be duplicative of prior testimony. Therefore, Halliburton asks that the Court deny BP's request to add Mr. Richard to the post-July 31 Phase One deponent list.

**Marc Edwards** - Halliburton objects to the addition of Mr. Edwards as a Phase One deponent. Mr. Edwards has no personal knowledge of events relating to the Macondo well or the Deepwater Horizon incident. Mr. Edwards is a senior executive over one of two divisions of Halliburton. As a senior executive for Halliburton, his involvement in general conversations regarding processes and/or media releases is tangential at best to Phase One issues. Further, BP suggests that Mr. Edwards' deposition is appropriate as he is allegedly part of a Halliburton post-incident investigation team. Mr. Edwards did not participate in any way in any alleged internal Halliburton investigation. His only knowledge relating to this matter results from him being briefed by Ronnie Faul,

Anthony Badalamenti, and/or Halliburton's legal team regarding various third party investigations and reports.  Further, Halliburton disputes BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents.  Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege.  This is an issue that Halliburton continues to discuss directly with BP.  Therefore, Halliburton asks that the Court deny BP's request to add Mr. Edwards to the post-July 31 Phase One deponent list.

**Ronald Sweatman** - Halliburton objects to the addition of Mr. Sweatman as a Phase One deponent.  BP's vaguely asserted basis for Mr. Sweatman's deposition includes his listing as a recipient on certain email communications and discussions with Tommy Roth regarding certain calculations and potential modeling.  However, Mr. Roth has already testified about his discussions with Mr. Sweatman regarding the subject calculations, and Mr. Roth has further testified that any work Mr. Sweatman may have done on modeling was not part of any "team."  Further, Tommy Roth testified regarding these documents in his deposition.  Therefore, Mr. Sweatman's deposition would be duplicative of prior testimony, and unnecessary.  Further, Halliburton disputes BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents.  Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege.  This is an issue that Halliburton continues to discuss directly with BP. Halliburton asks that this Court deny BP's request to add Mr. Sweatman to the post-July 31 Phase One deponent list.

**Roland Chemali** - Halliburton objects to the addition of Mr. Chemali as a Phase One deponent.  BP suggests that Mr. Chemali's deposition is appropriate as he is allegedly part of a Halliburton post-incident investigation team.  Halliburton disputes BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents.  Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege.  This is an issue that Halliburton continues to discuss directly with BP.  Any involvement by Mr. Chemali relating to the Deepwater Horizon incident, and specifically relating to analysis of Sperry data and hydrocarbon zones, falls squarely within this privilege.  Therefore, Halliburton asks that the Court deny BP's request to add Mr. Chemali to the post-July 31 Phase One deponent list.

**Anthony Badalamenti** - Halliburton objects to the addition of Mr. Badalamenti as a Phase One deponent.  As an initial matter, BP has previously requested that Mr. Badalamenti be added as a Phase One deponent, and this Court specifically denied that request.  See  Order dated June 29, 2011, Doc. 3090.  As represented to the Court at that time, Halliburton has previously produced both Tommy Roth and Ronnie Faul for deposition, and both testified as to the non-privileged post-incident actions Halliburton took with regard to the Deepwater Horizon incident.  Attempting a second bite at the apple, BP suggests that Mr. Badalamenti's deposition is appropriate as he is allegedly part of a Halliburton post-incident investigation team.  Halliburton disputes  BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents.  Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege.  This is an issue that Halliburton continues to discuss directly with BP.  Any involvement by Mr. Badalamenti relating to the Deepwater Horizon incident falls squarely within this privilege.  Therefore, Halliburton asks that the Court deny BP's request to add Mr. Badalamenti to the post-July 31 Phase One deponent list.

**Simon Turton** - Halliburton objects to the addition of Mr. Turton as a Phase One deponent.  Like Mr. Badalamenti, BP previously requested that Mr. Turton be added as a Phase One deponent, and this Court specifically denied that request.  See  Order dated June 29, 2011, Doc. 3090.  As represented to the Court at that time, Halliburton has previously produced both Tommy Roth and Ronnie Faul for deposition, and both testified as to the non-privileged post-incident actions Halliburton took with regard to the Deepwater Horizon incident.  As with other requested witnesses, BP suggests that Mr. Turton's deposition is appropriate as he is allegedly part of a Halliburton post-incident investigation team.  Halliburton disputes  BP's allegations that any non-privileged internal Halliburton "investigation" occurred, but to the extent individuals undertook any efforts related to analysis of the Deepwater Horizon incident that were not done at the direction of counsel, Halliburton has produced, and continues to produce, those documents.  Halliburton further objects to presentation of any witness relating to any internal post-incident investigation which was conducted at the direction of counsel and with the full expectation of coverage by privilege.  This is an issue that Halliburton continues to discuss directly with BP.  Any involvement by Mr. Turton relating to the Deepwater Horizon incident falls squarely within this privilege.  Therefore, Halliburton asks that the Court deny BP's request to add Mr. Turton to the post-July 31 Phase One deponent list.

Thank you.

Alan York

**R. Alan York**
Board Certified - Civil Appellate Law
Texas Board of Legal Specialization


1331 Lamar, Suite 1665
Houston, Texas 77010
713.595.8301 Direct   (800.662.8393 Toll Free)
713.595.8333 Fax
AYork@GodwinRonquillo.com
GodwinRonquillo.com

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Godwin Ronquillo PC immediately by telephone (800.662.8393) and destroy the original message. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].