

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   AUG 9 2011

LORETTA G. WHYTE
CLERK

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

Halliburton Energy Services, Inc. v. BP Exploration &
Production Inc., S.D. Texas, C.A. No. 4:11-1687

)
)

EDLA CASE NO.

11-01986 J/1

MDL No. 2179

### TRANSFER ORDER

**Before the Panel:** [*] Pursuant to Rule 7.1, plaintiff Halliburton Energy Services, Inc. (HESI) moves to vacate our order conditionally transferring this action to MDL No. 2179. Responding defendants BP Exploration and Production Inc. (BPXP), BP p.l.c., BP America Inc., and BP Products North America Inc. oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). In this action, HESI seeks, pursuant to contract,[1] a judgment mandating that BPXP defend HESI in litigation arising from the incident, and indemnifying and holding HESI harmless against all related claims, losses, damages, etc.

In opposing transfer, HESI argues that this is a straightforward contract action, primarily involving issues of contract construction and interpretation. HESI also argues that this action must be litigated in Texas state court, pursuant to the contract's forum selection clause. We do not find these grounds sufficient to defeat transfer in these circumstances. The same contract at issue in this action is already at issue in the MDL via a cross-complaint and third-party complaint filed by BPXP

---

[*]   Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1]   Under this contract, BPXP engaged HESI to perform cementing operations and provide certain other drilling support services in the Gulf of Mexico, including the Macondo Well where the Deepwater Horizon rig was conducting drilling operations.

- 2 -

and BP America Production Company, as well as via the complaint in another action previously transferred to the MDL and brought by those same BP entities. Both the cross-complaint and the complaint in that earlier-transferred action allege, *inter alia*, that HESI was grossly negligent in performing cementing services on the Deepwater Horizon rig, and the BP entities contend that both Louisiana law and maritime law prohibit indemnification between the parties for gross negligence. These allegations thus place HESI's own actions surrounding the Deepwater Horizon incident at issue, and appear to call into question HESI's right to claim indemnity under the contract. Accordingly, although this action may be, on its face, a contract action, it implicates, at least indirectly, factual issues "concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." *See id.*

The Panel lacks the authority to determine the enforceability of the contract's forum selection clause, which HESI has raised in its pending remand motion. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide . . . issues relating to a motion to remand"). HESI can present that motion to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Barbara S. Jones

---

[2]     Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so. In this instance, the Southern District of Texas court has stayed the action pending the Panel's decision on HESI's motion to vacate.