

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  AUG  9 2011

LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
    Pinellas Marine Salvage, Inc., et al. v. Kenneth R. Feinberg, et al.,
    M.D. Florida, C.A. No. 8:11-582

**EDLA CASE NO.**
11-01987 J/1

MDL No. 2179

## TRANSFER ORDER

    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs move to vacate our order conditionally transferring their action to MDL No. 2179. Responding defendants Kenneth R. Feinberg and Feinberg Rozen, LLP, oppose the motion.

    After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). This action, similar to other actions already in the MDL, arises from alleged injury to plaintiffs' business resulting from the oil spill.

    In opposing transfer, plaintiffs argue that their damages do not stem from the oil spill, but from defendants' alleged "Delay, Deny, Defend" strategy in administering the Gulf Coast Claims Facility, the entity through which individuals and businesses may submit claims for damages allegedly incurred as a result of the spill. We respectfully disagree. First, plaintiffs' complaint contains multiple references to defendants' purported noncompliance with the Oil Pollution Act (OPA), and we expressly declined to carve out OPA claims in our initial centralization order. *Id.* at 1355. Second, it appears that adjudicating plaintiffs' claims will necessarily require an inquiry into whether, and in what amount, plaintiffs were actually damaged by the oil spill.

---

    [*] Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

- 2 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones