

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   AUG 9 2011

LORETTA G. WHYTE
CLERK

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
Kevin P. Senegal v. BP Exploration & Production Inc., et al.,
S.D. Texas, C.A. No. 4:11-1796

EDLA CASE NO.
11-01989 J/1

MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff in this action (*Senegal*) moves to vacate our order conditionally transferring the action to MDL No. 2179. Responding defendants[1] oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). The *Senegal* action, in which plaintiff seeks recovery for injuries suffered in the explosion/fire, is typical of personal injury actions previously transferred to this MDL.

In opposing transfer, plaintiff principally argues that the Southern District of Texas court should be permitted to rule on his motion for remand. We note, however, that following the conclusion of briefing on plaintiff's motion to vacate, that court denied remand.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable

---

[*] Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] BP p.lc., BP Exploration & Production Inc., BP America Inc., and BP Products North America Inc.

- 2 -

Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Barbara S. Jones