U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED AUG 1 2 2011
LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

St. Joe Company v. Halliburton Energy Services, Inc., et al.,
D. Delaware, C.A. No. 1:11-263

EDLA CASE NO.
11-01990 J/1

MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff in this action (*St. Joe Company*) moves to vacate our order conditionally transferring the action to MDL No. 2179. Responding defendants[1] oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). The *St. Joe Company* action, in which plaintiff seeks damages for, *inter alia*, the alleged diminution in value of its property resulting from the oil spill, is typical of those that have already been centralized in this MDL.[2]

In opposing transfer, plaintiff principally argues that the District of Delaware court should be permitted to rule on its pending motion for remand. In light of our longstanding precedent, we

---

[*] Judge John G. Heyburn II, Judge Paul J. Barbadoro, and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] Halliburton Energy Services, Inc., and M-I, L.L.C.

[2] Indeed, this action appears to be duplicative of two actions that we transferred to the MDL earlier this year. *See* Feb. 7, 2011, Transfer Order (denying motions to vacate as to *St. Joe Co. v. Halliburton Energy Servs. Inc.*, D. Delaware, C.A. No. 1:10-733, and *St. Joe Co. v. M-I LLC*, D. Delaware, C.A. No. 1:10-810).

- 2 -

respectfully disagree. Plaintiff can renew that motion before the transferee judge.[3] *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Barbara S. Jones

---

[3] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.