UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179 |
| SAMUEL DOUGLAS BORRIES, a/k/a DOUG BORRIES, et al.,　　　　　Plaintiff, | : : : : | SECTION: J |
| vs. | : : | |
| BP AMERICA PRODUCTION CO.,　　　　　Defendant | : : : | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: VESSELS OF OPPORTUNITY PROGRAM ("VOO) CONTRACT CASES | : : : : : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . . . . . .

### DEFENDANT BP AMERICA PRODUCTION COMPANY, INC.'S ANSWER TO SAMUEL DOUGLAS BORRIES'S COMPLAINT

Defendant BP America Production Company, Inc. ("BP"), by its undersigned counsel, submits the following Answer and Defenses to the Complaint of Plaintiff, Samuel Douglas Borries ("Complaint").  This Answer is made pursuant to the Case Management Order Regarding Limited Discovery and Mediation in Connection with Vessels of Opportunity Program Contract Matters entered by Judge Barbier in MDL 2179 on July 8, 2011 (Doc. No. 3207) (the "MDL 2179 VoO CMO").  It pertains only to Plaintiff Samuel Douglas Borries ("Plaintiff") and is only for use in the proceedings set forth in the MDL 2179 VoO CMO.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to

answer any allegations contained in this complaint in connection with any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

1.     Named defendant herein is BP America Production Company (hereinafter Defendant), a foreign corporation with its principal place of business in a state other than Louisiana, which is authorized to do and doing business in this state and judicial district.

**ANSWER 1:**     BP admits that it is a corporation with its principal place of business in a state other than the State of Louisiana and that it is authorized to do and is doing business in the State of Louisiana.

2.     Jurisdiction of this cause of action against said Defendant is based upon the complete diversity of citizenship between the parties and an amount in controversy which exceeds $75,000, exclusive of costs and interest.

**ANSWER 2:**     BP admits that this court has jurisdiction and denies any remaining allegations contained in this paragraph.

3.     At all material times Plaintiffs were engaged in the marine construction business, owned the twelve vessels material to this lawsuit, and used said vessels in furtherance of their business.

**ANSWER 3:**     BP lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

4.     On May 9, 2010, May 13, 2010, and May 14, 2010, plaintiffs chartered said vessels to defendant to assist in the oil spill clean-up activities resulting from the April 20, 2010 explosion aboard the mobile offshore drilling unit *Deepwater Horizon*.  The individual charter agreements entered into by and between plaintiffs and defendant governing the use of said vessels were designated as (1) Contract No. MOB 55392, dated May 9, 2010, and entered into by Borries Marine Construction Company and Defendant; (2) Contract No. MOB 55393, dated May 9, 2010, and entered into by Global Contractors LLC and Defendant; (3) Contract No. MOB 57382, dated May 13, 2010, and entered into by Borries Marine Construction Company and Defendant; and (4) Contract No. MOB 58238, dated May 14, 2010, and entered into by Samuel Borries and Defendant (hereinafter master charter agreements).

**ANSWER 4:**      BP admits that it entered the following Master Vessel Charter Agreements for use of the vessels described in the vessel information sheets attached to such Master Vessel Charter Agreements from time to time—subject to the availability of the vessels as mutually agreed upon between BP and the vessel owner—to perform various activities associated with the response to the oil spill resulting from the April 20, 2010, *Deepwater Horizon* incident: (1) Contract No. MOB 55392, dated May 9, 2010, by and between BP and Doug Borries; (2) Contract No. MOB 57382, dated May 13, 2010, by and between BP and Doug Borries, Borries Marine Construction.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

   5.      Pursuant to the individual master charter agreements entered into by and between plaintiffs and defendant for use of each of the twelve vessels, plaintiffs were to maintain and employ each as "vessels of opportunity" for the exclusive use of defendant. The charter agreements required that the vessels "shall be available and at charterer's disposal for operation twenty-four hours per day."

**ANSWER 5:**      Denied.  BP states that the Master Vessel Charter Agreement speaks for itself, and BP denies that Plaintiff's characterization of the Master Vessel Charter Agreement is complete or accurate.  To the extent there are remaining allegations contained in paragraph 5 for which a response is required, they are denied.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

   6.      The master charter agreements provided for fixed rates of hire payable to plaintiffs throughout the term of each charter agreement.  Pursuant to the terms of the charter agreements, defendant made timely payments on all charter agreements totaling $774,600.

**ANSWER 6:**      BP admits that the Master Vessel Charter Agreements provided for fixed rates to be paid to the vessel owners for each Charter Term, as that term is defined in the Master Vessel Charter Agreements.   To the extent there are remaining allegations contained in paragraph 6 for which a response is required, they are denied.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

7.      Beginning on or about June 23, 2010, and continuing through the present, and despite no action by defendant to alter, revoke, or cancel any of the individual charter agreements and plaintiffs' continuing legal obligation to make said vessels available for defendant's exclusive use twenty-four hours per day, defendant ceased making payments rightfully due to plaintiffs under the terms of the charter agreements without notice, explanation, or justification.

**ANSWER 7:**      BP denies the allegations in this paragraph. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

8.      Defendant has breached and continues to breach its contractual duty by not making timely payments due to plaintiffs or lawfully cancelling the master charter agreements, despite timely submission of multiple invoices from plaintiff to defendant and amicable written demand for payment of same.  Defendant has failed to make payments in the amount of $2,116,800.00, which amount is presently due to plaintiffs in full pursuant to the master charter agreements described herein, and for which amount plaintiffs make immediate demand in full, plus future amounts owing and accruing, attorney's fees incurred in the enforcement of the master charter agreements.

**ANSWER 8:**      BP denies the allegations in this paragraph.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

9.      Plaintiff hereby requests a trial by jury on all issues raised herein.

**ANSWER 9:**      Paragraph 9 contains a request related to the legal proceedings in this matter to which no response is required.  Further, pursuant to the VoO CMO, the allegations brought by Samuel Douglas Borries shall be brought before a mediator and not a jury. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Samuel Douglas Borries as any obligation to answer such allegations is stayed.

## AFFIRMATIVE DEFENSES

HAVING ANSWERED the Plaintiff's complaint, BP sets forth the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and consent.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint against BP.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from BP.

### FIFTH AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

## RESERVATION OF DEFENSES

BP respectfully reserves the right to assert additional defenses, objections and claims as

discovery progresses or when it otherwise becomes appropriate during the course of this action.

BP hereby denies all allegations contained in the Complaint which were not expressly admitted.

Dated: August 12, 2011

Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of August, 2011.


_____/s/ Don K. Haycraft_____
              Don K. Haycraft