UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 <br><br> MARINE HORIZONS, et al., <br>     Plaintiff, <br><br> vs. <br><br> BP, plc, et al, <br>     Defendant <br><br> THIS DOCUMENT RELATES TO: <br> VESSELS OF OPPORTUNITY PROGRAM ("VOO) CONTRACT CASES | MDL NO. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER |

## **DEFENDANT BP AMERICA PRODUCTION COMPANY, INC.'S ANSWER TO MARINE HORIZONS'S COMPLAINT**

Defendant BP Exploration and Production, Inc., BP America, Inc., BP Products North America, Inc., and BP p.l.c., by its undersigned counsel (collectively for purposes of this Answer, "BP"), submit the following Answer and Defenses to the Complaint of Plaintiff, Robert Steven Gams, ("Complaint"), a plaintiff in the above captioned matter. This Answer is made pursuant to the Case Management Order Regarding Limited Discovery and Mediation in Connection with Vessels of Opportunity Program Contract Matters entered by Judge Barbier in MDL 2179 on July 8, 2011 (Doc. No. 3207) (the "MDL 2179 VoO CMO"). It pertains only to Plaintiff Robert Stephen Gams ("Plaintiff") and is only for use in the proceedings set forth in the

MDL 2179 VoO CMO. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this complaint in connection with any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

    1.    This class action was filed in the United States District Court for the Southern District of Alabama on May 4, 2010, pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiffs and the Class Members as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig"). Pursuant to the orders of the Judicial Panel on Multidistrict Litigation, it was transferred to this Honorable Court.

**ANSWER 1:** BP admits that Plaintiff Robert Stephen Gams originally filed a complaint in the United States District Court for the Southern District of Alabama on May 4, 2010, and that the Judicial Panel on Multidistrict Litigation transferred that case into MDL 2179. BP denies any remaining allegations in this paragraph. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

    2.    This Second Amended Class Action Complaint adds a claim for breach of contract, individually and on behalf of similarly situated persons, due to Defendant BP America Production Company's recent refusal to pay amounts due Plaintiff Marine Horizons, Inc. under the terms of the "Master Vessel Charter Agreement."

**ANSWER 2:** BP admits that the Second Amended Class Action Complaint purports to bring a claim for breach of contract related to the Vessels of Opportunity Program. BP denies any remaining allegations in this paragraph. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

**Incorporation of Master Complaint**

3.     Plaintiffs hereby incorporate the "First Amended Master Answer to Complaint and Petition of Triton Asset Leasing Gmbh, et al for Exoneration from or Limitation of Liability (Rule 9(h)), First Amended Master Claim in Limitation [No. 10-2771] (Rule 9(h)), and First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section IIII (B1) ["B 1 Bundle"]" (the "First Amended Master Complaint") by reference. As pointed out in the First Amended Master Complaint itself, the First Amended Master Complaint "[] does not constitute a waiver or dismissal of any actions or claims asserted in the individual and class actions arising out of the Spill, nor by it do the Plaintiffs relinquish the right to add or assert, or seek leave to add or assert, additional claims, or name additional parties defendant, depending on further information learned through discovery or investigation." *Id.* at ¶ 206. Plaintiff hereby asserts such an additional claim.

**ANSWER 3:**     BP hereby incorporates its Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) & 12(B)(6) Plaintiffs' First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses Filed in Accordance with PTO No. 11 (CMO No. 1), Section III.B1 ("B1 Bundle) filed on February 28, 2011, in response to the allegations above. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

4.     Notwithstanding the foregoing or the jurisdiction and venue allegations in the First Amended Master Complaint, upon remand jurisdiction is proper in the Southern District of Alabama as that Court has jurisdiction pursuant to 28 U.S.C. § 1332.  In addition to the venue provisions in the First Amended Master Complaint, venue of this action is proper in the Southern District of Alabama under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, a substantial part of the property that is subject to this action is situated, and Defendants reside in the Southern District of Alabama.  BP America Production Company is registered to do business in the State of Alabama, does business in the State of Alabama and has a registered agent in the State of Alabama.

**ANSWER 4:**     BP hereby incorporates its Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) & 12(B)(6) Plaintiffs' First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses Filed in Accordance with PTO No. 11 (CMO No. 1), Section III.B1 ("B1 Bundle) filed on February 28, 2011, in response to the allegations above.

Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

### Additional Factual Allegations

5. On May 7, 2010 Plaintiff Marine Horizons entered in a "Master Vessel Charter Agreement" with BP America Production Company ("BP America") for the hire of a vessel owned by it (the "First Agreement"). Subsequently, on May 15, 2010 Plaintiff Marine Horizon entered into a second "Master Vessel Charter Agreement" (the "Second Agreement") with BP America for a second vessel owned by the corporation. Pursuant to the Agreements, Plaintiffs Robert Stephen Gams, and Jesse Carbullido provided services to BP America.

**ANSWER 5:** BP admits that it entered into a Master Vessel Charter Agreement numbered MOB 58882 with Plaintiff Robert Stephen Gams in May of 2010. Plaintiff Robert Stephen Gams performed and was fully compensated for performing certain VoO Activities pursuant to that Master Vessel Charter Agreement. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

6. The "Master Vessel Charter Agreement" (the "Agreement") contains standard form language and standard rates for chartered vessels.

**ANSWER 6:** BP states that the Master Vessel Charter Agreement speaks for itself, and BP denies that Plaintiff's characterization of the Master Vessel Charter Agreement is complete or accurate. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

7. Under the terms of the Agreement, BP America retained exclusive use of the vessels until it terminated the Agreement by giving a "Off-Hire Dispatch Notification."

**ANSWER 7:** BP states that the Master Vessel Charter Agreement speaks for itself, and BP denies that Plaintiff's characterization of the Master Vessel Charter Agreement is complete or accurate. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

8. Pursuant to the Agreements, Marine Horizons made both vessels available for use in the Vessel of Opportunity Program, and in fact both vessels were used in the Vessel of Opportunity Program. Thereafter, from time to time, pursuant to the terms of the Agreement, Marine Horizons submitted invoices to BP America and/or its agent Danos & Curole Staffing, LLC.

**ANSWER 8:** BP admits that Plaintiff Robert Stephen Gams participated in the Vessels of Opportunity Program and submitted invoices to BP and Danos & Curole Staffing, LLC related to that participation. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

9. On or about July 21, 2010 Plaintiff was notified by BP America and/or its agent that the vessel used under the terms of the First Agreement need not report for work in the Vessel of Opportunities Program. On or about August 18, 2010 BP America caused a "Off Hire Dispatch Notification" to be delivered to Marine Horizons terminating the First Agreement.

**ANSWER 9:** BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph as none relate to VoO Focus Plaintiff Robert Steven Gams and are thus stayed.

10. On or about August 4, 2010 Plaintiff was notified by BP America and/or its agent that the vessel used under the terms of the Second Agreement need not report for work in the Vessel of Opportunities Program. On or about August 27, 2010 BP America caused a "Off Hire Dispatch Notification" to be delivered to Marine Horizons terminating the Second Agreement.

**ANSWER 10:** BP admits that Plaintiff Robert Stephen Gams and his vessel were placed off-hire on or about August 4, 2010 and that BP sent Plaintiff Robert Stephen Gams an "Off Hire

Dispatch Notification" on or about August 27, 2010.  BP denies any remaining allegations contained in paragraph 10 pertaining to Plaintiff Robert Stephen Gams.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

> 11.     Both "Off Hire Dispatch Notifications" stated:
>
> Please be advised that pursuant to the terms of the Master Vessel Charter Agreement ("MVCA"), BP is providing this "Off Hire Dispatch Notification" which terminates the MVCA immediately as of the date noted below.
>
> If you have not had your vessel properly decontaminated and an off-hire survey performed please immediately contact your local Vessel of Opportunity coordinator to schedule your off-hire survey and decontamination as soon as possible.

**ANSWER 11:**     BP states that the "Off Hire Dispatch Notifications" speak for themselves, and BP denies that Plaintiff's characterization of the "Off Hire Dispatch Notifications" is necessarily complete or accurate.

> 12.     Despite demands, Defendant BP America has refused to pay Plaintiff Marine Horizon amounts owing under the Agreements.

**ANSWER 12:**     BP denies the allegations contained in paragraph 12.  Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

### Additional Claim
### Breach of Contract

> 13.     Plaintiffs, on behalf of itself and all other similarly situated persons and entities, incorporate by reference each and every allegation set forth above, in Plaintiffs' Amended Complaint and in the First Amended Master Complaint.

**ANSWER 13:** BP incorporates by reference its responses to the allegations made in this Complaint pertaining to Plaintiff Robert Stephen Gams. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

14. Defendants breached the Agreements with Plaintiffs and all other similarly situated persons and entities.

**ANSWER 14:** BP denies the allegations contained in paragraph 14 with regard to Robert Stephen Gams. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

15. Because of Defendants breach of the Agreements, Plaintiffs and all other similarly situated persons and entities have been damaged.

**ANSWER 15:** BP denies the allegations contained in paragraph 15 with regard to Robert Stephen Gams. Moreover, BP states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegations contained in this paragraph with regard to any party herein other than Robert Stephen Gams as any obligation to answer such allegations is stayed.

### Class Allegations

16. Plaintiff brings this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, who are members of the following sub-Class:

> All persons or entities who entered into an agreement with BP America and/or its agents for the chartering of vessels in the Vessel of Opportunity program who were not paid amounts due under the terms of the agreement.
>
> Excluded from the Class are the officers and directors of any of the Defendants; any entity or division in which any defendant(s) has a controlling interest; any judge or judicial officer assigned to this matter and his or her immediate family;

and any legal representative, successor, or assign of any excluded person or entities.

**ANSWER 16:** The allegations contained in paragraph 16 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent any response is required, BP denies the allegations in this paragraph.

17. In addition to the class allegations incorporated by reference from the Master Complaint, Plaintiff makes the following additional allegations:

**ANSWER 17:** The allegations allegedly incorporated by reference in paragraph 17 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 17.

18. Plaintiff avers that the requirements of Rule 23(a) Fed.R.CivP. are satisfied since (1) the Class is so numerous and geographically scattered across that joinder of all members is impracticable, (2) there are questions of law or fact common to the Class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, and (4) the representative parties will fairly and adequately protect the interests of the Class.

**ANSWER 18:** The allegations contained in paragraph 18 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 18.

19. While the precise number of Members of the above described sub-class is unknown to Plaintiffs at this time, Plaintiffs believe after inquiry that there are hundreds of members of the Class located throughout the states Alabama, Florida, Mississippi, Louisiana and Texas and that joinder of all members is impracticable.

**ANSWER 19:** The allegations contained in paragraph 19 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP

is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 19.

20. Common questions of law and fact exist as to all members of the sub-Class and predominate over any questions solely affecting individual members of the sub-Class. The questions of law and fact common to the sub-Class include (but are not limited to):

    a. Whether Defendants used a standard form "Master Vessel Charter Agreement";

    b. Whether the "Master Vessel Charter Agreement" contained the same material language as any other agreement used by Defendants in chartering vessels for the Vessel of Opportunity program;

    c. Whether Defendants breached the agreements;

    d. The methodology by which Defendants terminated the Vessel of Opportunity program; and,

    e. The methodology by which Defendants gave "Off Hire Dispatch Notice."

**ANSWER 20:** The allegations contained in paragraph 20 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 20.

21. Plaintiffs' claims are typical of the claims of the sub-Class, which all arise from the same operative facts and are based on the same legal theories. Indeed, the use of the standard form "Master Vessel Charter Agreement" militates strongly in favor of certification of the sub-Class defined above.

**ANSWER 21:** The allegations contained in paragraph 21 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 21.

22. Plaintiffs will fairly and adequately protect the interests of the sub-Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling class actions and complex litigation. Neither Plaintiffs nor their counsel have any interests which would prevent them from vigorously pursuing these claims.

**ANSWER 22:** The allegations contained in paragraph 22 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 22.

23. The requirements of Rule 23 (b)(1) are satisfied in that the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the sub-Class and would establish incompatible standards of conduct for BP American and the other defendants, or adjudications with respect to individual members of the Class would as a practical matter be dispositive of, or substantially impair or impede, the interests of the absent sub-class members to protect their interests. It can not reasonably be disputed that certification of the proposed sub-Class would eliminate the risks of inconsistent interpretations of the "Master Vessel Charter Agreement." Thus, certification of the proposed sub-class would eliminate the risk of incomparable standards of conduct for defendant BP America. Likewise, any judicial interpretation of the "Master Vessel Charter Agreement" on a non-class basis would, as a practical matter, substantially impair the ability of absent class members to protect their interest. Simply put, there is only a single correct interpretation of the Agreement.

**ANSWER 23:** The allegations contained in paragraph 23 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 23.

24. The requirements of Rule 23(b)(2) are met because BP America has refused to pay Plaintiffs and the absent class members according to the terms of the Agreement. Clearly a declaration of BP America's obligations under the Agreement, and upon such a declaration an injunction ordering BP American to pay all amounts owed thereunder, as prayed for herein, is appropriate.

**ANSWER 24:** The allegations contained in paragraph 24 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 24.

25. The requirements of Rule 23(b)(3) are met because class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of the Class Members is impractical. Even if every Class Member could afford individual litigation, it would be unduly burdensome for this Court to manage hundreds or thousand of cases based upon the same standard form "Master Vessel Charter Agreement." Individual litigation would increase expenses, delays and the burden upon the Court. In contrast, a class action presents fewer management difficulties and provides the benefit of a single adjudication. Plaintiff is unaware of any court certifying a class action based upon the claims asserted in this pleading; indeed, any such claim is properly asserted in this action. There are no manageability issues in this sub-class because BP America, and or its agents, have maintained records of the amount paid - and refused to be paid - Plaintiff Marine Horizon and the absent class members. The proposed sub-class is much smaller, cohesive and manageable than many class actions routinely certified by courts.

**ANSWER 25:** The allegations contained in paragraph 25 do not pertain to Plaintiff Robert Stephen Gams, and go beyond the requirements of the MDL 2179 VoO CMO and, therefore, BP is not required to respond. To the extent that any response is required, BP denies all allegations contained in or incorporated by paragraph 25.

### Prayer for Relief

WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendants, jointly and severally, as follows:

   a. An order certifying the sub-class, appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the sub-class;

   b. A deceleration that, under the terms of the "Master Vessel Charter Agreement" defendants are liable for paying members of the sub-class the amounts owed under the Agreement, including amounts due under the Agreement until the "Off Hire Dispatch Notifications" were received by the Plaintiffs and members of the subclass;

   c. An injunction ordering BP America to pay all amounts due under the Agreement until the "Off Hire Dispatch Notifications" were received by the Plaintiffs and members of the sub-class;

   d. Other compensatory damages as proven at trial;

   e. Pre-judgment and post-judgment interest at the maximum rate allowable by law;

   f. Such other and further relief available and any relief the Court deems just and appropriate.

**ANSWER:**   BP denies that the Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

HAVING ANSWERED the Plaintiff's complaint, BP sets forth the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and consent.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint against BP.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to any credit for any payments, if any, received from BP.

### FIFTH AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

### RESERVATION OF DEFENSES

BP respectfully reserves the right to assert additional defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this action. BP hereby denies all allegations contained in the Complaint which were not expressly admitted.

Dated: August 12, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of August, 2011.

       /s/ Don K. Haycraft
       Don K. Haycraft