UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 : : : : : | MDL NO. 2179 |
| STEVEN TRAN, : : Plaintiff, : : vs. : : | SECTION: J |
| BP AMERICA PRODUCTION CO., : : Defendant : : | JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: VESSELS OF OPPORTUNITY PROGRAM ("VOO) CONTRACT CASES : : : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   :   . . . . . . . . . . . . . . . . . . . . . . . . . .

### DEFENDANT BP AMERICA PRODUCTION COMPANY, INC.'S ANSWER TO STEVEN TRAN'S DIRECT FILING SHORT FORM (DOCUMENT NO. 106928)

Defendant BP America Production Company, Inc. ("BP"), by its undersigned counsel, submits the following Answer and Defenses to the allegations made regarding the Vessels of Opportunity Program ("VoO") by Steven Tran ("Plaintiff") in the Direct Filing Short Form that Mr. Tran submitted to MDL 2179 (Doc. No. 106928).  This Answer is made pursuant to the Case Management Order Regarding Limited Discovery and Mediation in Connection with Vessels of Opportunity Program Contract Matters entered by Judge Barbier in MDL 2179 on July 8, 2011

(Doc. No. 3207) (the "MDL 2179 VoO CMO"), and shall pertain only in the proceedings set forth in the MDL 2179 VoO CMO.

1. Mr. Tran alleges that he is a self-employed vessel owner residing in Empire, Louisiana.

**ANSWER 1:** BP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

2. Mr. Tran alleges that he "is the owner of the vessel Sea Angel (LA 9006 BD) which is the subject of a Master Vessel Charter Agreement (HOU 0152) entered into between [Mr. Tran] and BP under the Vessel of Opportunity Program for the oil spill clean-up."

**ANSWER 2:** BP admits that it entered into Master Vessel Charter Agreement numbered HOU 0152 with Plaintiff. BP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and therefore denies them.

3. Mr. Tran alleges that he "received notice of verification of final decontamination, however he has not received notice of non-renewal to the benefit of BP and to the detriment of Plaintiff."

**ANSWER 3:** BP admits that Plaintiff received final decontamination. BP denies the remaining allegations in this paragraph.

4. Mr. Tran alleges that "BP owes payment for hire and crew pay from initial activation to date of termination and/or decontamination, whichever is later."

**ANSWER 4:** BP denies the allegations contained in paragraph 4.

## AFFIRMATIVE DEFENSES

HAVING ANSWERED the Plaintiff's complaint, BP sets forth the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and consent.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint against BP.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to any credit for any payments, if any, received from BP.

**FIFTH AFFIRMATIVE DEFENSE**

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

**RESERVATION OF DEFENSES**

BP respectfully reserves the right to assert additional defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this action. BP hereby denies all allegations contained in the Complaint which were not expressly admitted.

Dated: August 12, 2011

                                                  Respectfully submitted,

                                                  /s/ Don K. Haycraft
                                                  Don K. Haycraft (Bar #14361)
                                                  R. Keith Jarrett (Bar #16984)
                                                  LISKOW & LEWIS
                                                  701 Poydras Street, Suite 5000
                                                  New Orleans, Louisiana 70139-5099
                                                  Telephone: (504) 581-7979
                                                  Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of August, 2011.

                                        /s/ Don K. Haycraft
                                           Don K. Haycraft