UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding BP's Request for Further Phase One Depositions]

On August 5, 2011, BP submitted a request for additional Phase One depositions from Transocean, Halliburton and Cameron. All depositions to be scheduled will be one day.

A.   Requests for Further Transocean Depositions.

BP seeks the following current or former representatives of Transocean: (1) Eddy Redd; (2) Barry Braniff; (3) Daniel Barrens; (4) Mike Fry; (5) Bob Scott; (6) a Rule 30(b)(6) deposition on Transocean's Well Advisor Program; and (7) a Rule 30(b)(6) deposition from Stress Engineering. Transocean contends the request is not timely.

**Eddy Redd** has been a subject at several working group conferences. He is not employed by Transocean. He works in Russia and Transocean cannot produce him. Transocean and the PSC have tried to communicate with him. BP may attempt to secure Redd's agreement to appear for a deposition in the U.S. No other relief is available for Redd's deposition.

BP reports that: (a) **Barry Braniff** heads a team which monitors well control events; (b) BP did not receive Transocean's Annual Well Control Report until a few weeks ago; (c) it first learned of the Well Advisor spreadsheet in early June; (d) on June 13, David Cameron testified that he did not know whether the spreadsheet was used in the Gulf of Mexico ("GoM"); (e) on July 27, Bill Sannan of Transocean testified that it was possible it was used on the Macondo well and that Braniff

would know.  Transocean shall produce Braniff for his deposition.  It shall confirm if the spreadsheet was used on the Macondo well.  If it was used on the Macondo well, it shall designate a person to testify on the **Well Advisor Program**, including the spreadsheet.  If it was not used on the Macondo well, it is not required to designate a person to testify on the Well Advisor Program.

Transocean confirms that **Daniel Barron** was on the rig floor during the events of April 20, 2010.  BP describes him as an eyewitness to the drill pipe bleed-off and the final moments on the rig floor.  There is limited eyewitness testimony.  Transocean shall produce Barron for deposition.

BP describes **Mike Fry** as a person who: (a) provided technical expertise relating to the BOP; (b) visited the Deepwater Horizon to assist in trouble shooting the BOP; and (c) authored a paper relating to the Transocean's subsea maintenance philosophy.  This is duplicative of the information that would have come from other depositions, including Transocean's 30(b)(6) deposition.  Transocean is not required to produce Fry for a deposition.

Caleb Holloway was a Transocean floor hand, who was deposed for one day on May 19, 2011.  BP reports that **Bob Scott** was one of two Transocean employees who interviewed Holloway.  It requests Scott's deposition to "validate" the statements in the notes.  Transocean contends that BP knew that Scott was an interviewer before Holloway was deposed.  The request for Scott's deposition will be deferred.  The parties should attempt to reach a stipulation regarding Holloway's statement.  If Transocean objects to the Holloway statement and BP contends that Scott's testimony is needed to resolve the objection, the request for the deposition will be reconsidered.

BP reports that **Stress Engineering** did work for Transocean on the float collar and flow path as part of Transocean's internal investigation.  It requests that it be permitted to depose Stress Engineering.  BP has been granted the opportunity to proceed with six depositions of persons

2

identified in connection with Transocean's internal investigation. Transocean is not required to produce Stress Engineering for a Rule 30(b)(6) deposition regarding its work on the investigation.

B.      Requests for Further Halliburton Depositions.

BP seeks two groups of Halliburton witnesses. The first group contains additional Phase One fact depositions: (1) Roger Dugas; (2) Phyllis Stelly; (3) Quang Nguyen; (4) Ricky Morgan; (5) Earl Fly; and (6) Ben Richard. In the second group are persons associated with the Halliburton investigation: (1) Marc Edwards; (2) Ronald Sweatman; (3) Roland Chemali; (4) Anthony Badalamenti; and (5) Simon Turton.

Halliburton reports that it has no objection to the depositions of **Roger Dugas** and **Phyllis Stelly.** It will obtain dates for their depositions.

BP contends that **Quang Nguyen** assisted Jesse Gagliano with the Macondo well. Halliburton objects that the request is not timely. BP replies that Gagliano invoked the Fifth Amendment at his deposition on May 11, 2011 and Ronnie Faul, the supervisor for Gagliano, was unable to answer questions about Gagliano's work. Halliburton shall produce Nguyen for deposition.

BP's requests for the depositions of **Rick Morgan** is granted and the request for **Earl Fly** is denied as duplicative.

BP identifies **Ben Richard** as the lab technician in Halliburton's Broussard laboratory who was involved in the final foam stability test before the incident. It also contends that the documentation for the testing was produced. BP replies that it should be permitted to ask Richard particulars about the test. Halliburton shall produce Richard for deposition.

Halliburton contends that any post-incident investigation conducted at the direction of

3

counsel is protected from disclosure.  BP's request for **Marc Edwards, Ronald Sweatman, Roland Chemali, Anthony Badalamenti** and **Simon Turton** is deferred until after the privilege issue is resolved.

Requests for a Further Cameron Deposition.

BP reports that by agreement with Cameron the request for the deposition of **Richard Coronado** will be deferred until after the conclusion of Ed Gaude's deposition on September 19, 2011.  As promptly as possible after Gaude's deposition, BP shall report on whether it requires Coronado's deposition and what agreement, if any, there is with Cameron on the deposition.

New Orleans, Louisiana, this 16th day of August, 2011.

                                                                      **Sally Shushan**
                                                  **United States Magistrate Judge**