UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO.: 2179 |
| "DEEPWATER HORIZON" IN THE | | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | SECTION: J |
| | | JUDGE BARBIER |
| | * | |
| | | MAG. (1) SHUSHAN |
| | * | |
| THIS DOCUMENT RELATES TO: 11-cv-01437 | | |

\*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND COUNTER CLAIM ON BEHALF OF GUILBEAU MARINE, INC. AND GUILBEAU BOAT RENTALS, L.L.C.

**NOW INTO COURT**, through undersigned counsel, come **GUILBEAU MARINE, INC.** and **GUILBEAU BOAT RENTALS, L.L.C.**, made defendants herein, and for answer to the Seaman's Complaint of Plaintiff, Clayton J. Matherne, avers as follows:

### FIRST DEFENSE

Defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that plaintiff, Clayton J. Matherne, executed a valid Release of all claims which he is now asserting against the defendants in the above matter as evidenced by the Release attached hereto as Exhibit "A" and pursuant to the executed Release, the defendants assert the affirmative defense of accord and satisfaction.

### SECOND DEFENSE

The defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that the

plaintiff, Clayton J. Matherne, executed a valid Release of all claims which he is now asserting against the defendants in the above matter as evidenced by the Release attached hereto as Exhibit "A" and pursuant to the executed Release, the defendants assert the affirmative defense of Release.

## THIRD DEFENSE

The defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that the plaintiff, Clayton J. Matherne, executed a valid Release of all claims which he is now asserting against the defendants in the above matter as evidenced by the Release attached hereto as Exhibit "A" and pursuant to the executed Release, the defendants assert the affirmative defense of payment.

## FOURTH DEFENSE

The defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that the plaintiff, Clayton J. Matherne, executed a valid Release of all claims, which he is now asserting against the defendants in the above matter as evidenced by the Release attached hereto as Exhibit "A" and pursuant to the executed Release, the defendants assert the affirmative defense of transaction and compromise.

## FIFTH DEFENSE

The defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that the plaintiff, Clayton J. Matherne, executed a valid Release of all claims which he is now asserting against the defendants in the above matter as evidenced by the Release attached hereto as Exhibit "A" and pursuant to the executed Release, the defendants assert the affirmative defense of *Res Judicata*.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

The claims are stale and barred by laches.

## EIGHTH DEFENSE

Answering separately the allegations of the Complaint, defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., state as follows:

I.

The truth of the allegations of fact contained in paragraph 1 is denied for lack of sufficient information to justify a belief therein.

II.

With respect to the allegations contained in paragraph 2, including subparts (a) through (d), of the Complaint, it is admitted that Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. are Louisiana corporations.  Except as admitted, the remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in paragraph 3 of the Complaint state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained therein are denied.

IV.

The allegations contained in paragraph 4 of the Complaint state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained

therein are denied.

V.

The allegations contained in paragraph 5 state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained therein are denied.

VI.

With respect to the allegations contained in paragraph 6 of the Complaint, it is admitted that Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. owned and/or operated the M/V CYRUS ANTHONY and the M/V NOONIE G. Except as admitted, the remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

VII.

With respect to the allegations contained in paragraph 7 of the Complaint, it is admitted that the M/V CYRUS ANTHONY and the M/V NOONIE G were used by Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. regarding BP operations. Except as admitted, the remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in paragraph 8 of the Complaint state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained therein are denied.

IX.

The truth of the allegations of fact contained in paragraph 9 of the Complaint is admitted.

4

X.

With respect to the allegations contained in paragraph 10 of the Complaint, it is admitted that Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. utilized the M/V CYRUS ANTHONY and the M/V NOONIE G in BP operations.  Except as admitted, the remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

XI.

With respect to the allegations contained in paragraph 11 of the Complaint, it is admitted that plaintiff, Clayton J. Matherne, was employed by Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C.  Except as admitted, the remaining allegations contained therein are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in paragraph 12 of the Complaint state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained therein are denied.

XIII.

The truth of the allegations of fact contained in paragraph 13 of the Complaint is denied.

XIV.

The truth of the allegations of fact contained in paragraph 14 of the Complaint is denied for lack of sufficient information to justify a belief therein.

XV.

With respect to the allegations contained in paragraph 15 of the Complaint, it is admitted that on August 19, 2010, the plaintiff executed a settlement agreement along with an Affidavit and the plaintiff's lawyer at the time, Hugh Lambert, likewise executed an Affidavit certifying that Mr. Lambert "read the foregoing Receipt, Release and Indemnification Agreement to Clayton Joseph Matherne and explained to Clayton Joseph Matherne all of his legal rights; that he (Mr. Lambert) did recommend the foregoing settlement agreement to his client and he is of the opinion that the settlement set forth in the above Receipt, Release and Indemnification Agreement is reasonable and proper under all of the circumstances."  See Release with executed Affidavits attached hereto as Exhibit "A."  Except as admitted, the defendants deny that the plaintiff "mistakenly resolved any and all claims he may have had against" the defendants and any other named parties.

XVI.

The allegations contained in paragraph 16 of the Complaint state legal conclusions requiring no answer of defendants; however, should answer be required, the allegations contained therein are denied.

XVII.

The truth of the allegations of fact contained in paragraph 17 of the Complaint is denied.

XVIII.

The allegations contained in paragraph 18 of the Complaint require no answer of defendants; however,  should answer be required, the allegations contained therein are denied.

6

XIX.

The allegations contained in paragraph 19, including subparts (a) through (l), of the

Complaint state legal conclusions requiring no answer of defendants; however, should answer be

required, the allegations contained therein are denied.

XX.

The truth of the allegations of fact contained in paragraph 20, including subparts (a)

through (g), of the Complaint is denied.

XXI.

The allegations contained in paragraph 21 of the Complaint state legal conclusions

requiring no answer of defendants; however, should answer be required, the allegations contained

therein are denied.

XXII.

The allegations contained in paragraph 22 of the Complaint state legal conclusions

requiring no answer of defendants; however, should answer be required, the allegations contained

therein are denied.

XXIII.

The allegations contained in paragraph 23 of the Complaint require no answer of

defendants; however, should answer be required, the allegations contained therein are denied.

XXIV.

The allegations contained in the Prayer of the Complaint state legal conclusions requiring

no answer of defendants; however, should answer be required, the allegations contained therein

are denied.

**NINTH DEFENSE**

As a separate and complete defense, and in the alternative, defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that any damage sustained by plaintiff as alleged occurred due to the fault and neglect of a party or parties other than Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. and for which these defendants are not responsible.

**TENTH DEFENSE**

As a separate and complete defense, the events and/or injuries complained of were not due to the fault or neglect on the part of defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., or any entity for which Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. are legally responsible or liable, but rather was due to the sole and/or contributing fault of plaintiff which operates in mitigation of, or as a bar to, his recovery herein.

**ELEVENTH DEFENSE**

Further, as a separate and complete defense, defendants, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver that the amount of damage claimed in the plaintiff's Complaint far exceeds the value of defendants' interest in the M/V CYRUS ANTHONY and M/V NOONIE G at the time of the alleged events referred to in the Complaint, and Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. claim the benefit of the Revised States of the United States regarding Limitation of Liability of Shipowners, 46 U.S.C. §181, et seq., and further aver that should judgment be rendered herein against defendants, Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C., that Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. are entitled to have their liability limited to the amount or value of their interest in the respective vessels and their pending freight, as of the date of the alleged events in question.

8

## COUNTER CLAIM

**AND NOW**, for purposes of asserting a Counter Claim in the above-captioned matter, the plaintiffs-in-counter-claim, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., aver as follows:

1.

Made defendant-in-counter-claim is Clayton J. Matherne, a resident, citizen and domiciliary of the State of Louisiana who is liable to the plaintiffs-in-counter-claim for all of the following reasons to-wit:

2.

On or about August 19, 2010, Clayton J. Matherne met with his attorney, Hugh Lambert, and executed a Receipt, Release and Indemnity Agreement releasing any and all claims in any way associated with the captioned action in exchange for receipt of $21,000.00 in settlement funds.

3.

Mr. Matherne entered in the Release agreement under his own free will and was not coerced, promised, induced or in any manner required and/or tricked into signing the Release agreement.

4.

At no point in time prior to the execution of the Release agreement did Mr. Matherne state that he was unable to read the agreement or that he was not of sound mind and body due to pain medications.  Mr. Matherne further declared and represented that no promise, inducement or agreement had been made in exchange for the executed Release agreement.

9

5.

The Release agreement executed by Mr. Matherne on August 19, 2010, attached hereto as Exhibit "A," releases all claims of Clayton Joseph Matherne against all named defendants including Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., their agents, employees, servants, successors, heirs, executors, administrators, and all other persons, firms, corporations, associations or partnerships.  Furthermore, pursuant to the Release, Mr. Matherne agreed to hold harmless and indemnify Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. of and from any and all further liability, loss, damage, claims, costs, attorney's fees, or expenses in any way associated with any claim which may be presented arising out of Mr. Matherne's employment with Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. between May 7 and May 31, 2010.  Finally, by his signature, Clayton Joseph Matherne signified that he had read the Release and fully understood the Release (see Mr. Matherne's executed Affidavit attached to the Release attached hereto in globo, Exhibit "A").

6.

By filing the instant lawsuit, Mr. Matherne has breached the terms and conditions of the Release agreement executed between himself and Guilbeau Marine, Inc./Guilbeau Boat Rentals, L.L.C. thereby entitling Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C. as plaintiffs-in-counter-claim to recover all damages, costs, attorney's fees and/or expenses incurred in defending Mr. Matherne's lawsuit.

**WHEREFORE**, the defendants and plaintiffs-in-counter-claim, Guilbeau Marine, Inc. and Guilbeau Boat Rentals, L.L.C., pray that their Answer to plaintiff's Complaint and their

Counter Claim be deemed good and sufficient, that the defendant-in-counter-claim, Clayton

Joseph Matherne, be duly cited to appear and answer the Counter Claim, and that after due

proceedings are had, there be judgment rendered in favor of Guilbeau Marine, Inc. and Guilbeau

Boat Rentals, L.L.C. and against the plaintiff/defendant-in-counter-claim, Clayton Joseph

Matherne, dismissing plaintiff's Complaint, with prejudice, at his cost, and for all other damages,

costs, attorney's fees and expenses incurred by defendants/plaintiffs-in-counter-claim, Guilbeau

Marine, Inc. and Guilbeau Boat Rentals, L.L.C., in this case and for all other general and

equitable relief to which the defendants/plaintiffs-in-counter-claim may be entitled by this Court.

      Respectfully submitted, this  16th  day of August, 2011.

**HELM LAW FIRM, L.L.C.**

      */s/ Michael G. Helm*

BY:_____
      MICHAEL G. HELM (18946)
      832 E. Boston Street, Unit 4
      Covington, LA 70433
      P.O. Box 4207
      Covington, LA 70434
      Tel: (985) 867-8667
      Fax: (985) 867-8217
      Firm E-mail: mhelm@helmlawfirm.com
**Attorney for Guilbeau Marine, Inc. and**
**Guilbeau Boat Rentals, L.L.C.**

11

## CERTIFICATE OF SERVICE

I do hereby certify that on this __16th__ day of August, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Stanley J. Jacobs, Esq./Jodi J. Aamodt, Esq./Richard J. Dodson, Esq./Michael Beckers, Esq.
**Attorneys for Clayton J. Matherne**

I further certify that I mailed the foregoing pleading via first-class mail, postage prepaid, to the following non-CM/ECF participants:

N/A

*/s/ Michael G. Helm*
_____
MICHAEL G. HELM