## RECEIPT, RELEASE AND INDEMNIFICATION AGREEMENT

WHEREAS, between May 7 and May 31, 2010, CLAYTON JOSEPH MATHERNE, was employed by Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. as an engineer/cook and member of the crews of the M/V CYRUS ANTHONY and M/V NOONIE G owned and operated by Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C. and/or by an affiliated, related or companion corporation; and

WHEREAS, between May 7 and May 31, 2010, Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C., as owners/operators of the M/V CYRUS ANTHONY and M/V NOONIE G were engaged in oil clean-up operations in and around the Gulf of Mexico due to the sinking of the Rig Horizon Offshore through the Charter Party Agreement entered in with American Pollution Control Corporation (AMPOL) as charterer and Gulf Resource Management, Inc. as broker on behalf of the British Petroleum Company, also known as BP, and/or an affiliated, related or companion corporation (hereinafter referred to as "BP"); and

WHEREAS, CLAYTON JOSEPH MATHERNE alleges that between May 7 and May 31, 2010, he sustained personal injuries, including but not limited to, toxic fume exposure, reactive airway disease, chronic obstructive pulmonary disease ("COPD"), otherwise known as emphysema and chemical pneumonitis and/or COPD exacerbation resulting in vomiting, shortness of breath, lung burning, respiratory disorders, fever, coughing, diarrhea and continuing disability, when CLAYTON JOSEPH MATHERNE was allegedly exposed to and inhaled toxic/chemical fumes, including but not limited to, Benzene, while working aboard the M/V CYRUS ANTHONY and/or the M/V NOONIE G engaged in the aforesaid oil clean-up operations in and around the Gulf of Mexico. As a result, CLAYTON JOSEPH MATHERNE faces the possibility of additional medical complications, long-term respiratory disorders, bodily disability, a shortened lifespan, and the prospect of never being physically capable of performing any type of labor (including manual, semi-skilled, skilled or otherwise) again; and

WHEREAS, as a result of the aforementioned injuries and respiratory disorders,


EXHIBIT A IN Globo

CLAYTON JOSEPH MATHERNE was treated by physicians/medical institutions of his own choosing, including, but not limited to, Thibodaux Regional Medical Center; Port Sulphur Medical Center; Dr. Roger Blanchard; Dr. Robert Davis of Occupational Medical Services; Terrebonne General Medical Center; Dr. Benjamin Walton; Dr. Walter/Gary Birdsall; and Drs. Michael Kotler and Luke Thompson of Plaquemine Medical Center, as well as any other physician not listed or any other medical facility not specifically listed; and

WHEREAS, as a result of the aforementioned injuries and respiratory disorders, CLAYTON JOSEPH MATHERNE has made claim against Guilbeau Marine, Inc., Guilbeau Boat Rentals, L.L.C., their employees, agents, servants, as well as the M/V CYRUS ANTHONY and M/V NOONIE G; additionally, CLAYTON JOSEPH MATHERNE has retained counsel, Mr. Hugh Lambert, Esq., to represent his interest; and

WHEREAS, the aforesaid parties, in order to avoid litigation, have agreed to compromise and settle their differences on the basis hereinafter set forth:

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the total sum of TWENTY-ONE THOUSAND DOLLARS AND NO/100THS ($21,000.00) DOLLARS, in addition to any and all maintenance and cure benefits previously paid, said sums being paid by and for the account of Guilbeau Marine, Inc., Guilbeau Boat Rentals, L.L.C., Fidelis Marine, L.L.C. and Houston Casualty Company, receipt of said sums being hereby acknowledged and due acquittance and discharge therefore granted, CLAYTON JOSEPH MATHERNE, for himself, his heirs, assigns, and personal representatives, does hereby release, remise, and forever discharge the said Guilbeau Marine, Inc., Guilbeau Boat Rentals, L.L.C., Fidelis Marine, L.L.C., Houston Casualty Company, American Pollution Control Corporation (AMPOL), Gulf Resources Management, Inc. and BP, their agents, servants,

employees, officers, directors, managers, stockholders, insurers, underwriters (including primary and excess), parent, subsidiary and affiliated corporations, successors and assigns, which or who might be liable for the alleged injuries to CLAYTON JOSEPH MATHERNE as aforesaid, the M/V CYRUS ANTHONY, the M/V NOONIE G, as well as any other vessel owned and/or operated by said parties, their owners, charterers, operators, underwriters, masters and crews, and any company or companies for whom or with whom the M/V CYRUS ANTHONY and the M/V NOONIE G were working at the time of injuries as aforesaid (hereinafter "THE RELEASED PARTIES"), of and from any and all rights, claims, liens, remedies debts, damages (compensatory and/or punitive), injuries, or causes of action of whatever nature or kind that CLAYTON JOSEPH MATHERNE now has or which his heirs, assigns, and personal representatives may hereafter acquire, for damages, costs, expenses, loss of earnings, pain, suffering, disability, loss of consortium, punitive damages and all other losses or damages, arising out of or in any way connected with the injuries as aforesaid and all conditions or complications resulting therefrom, as aforementioned, including, without limitation, any and all rights and causes of action under the Jones Act (46 U.S.C. §688 et. seq.), the General Maritime Law of the United States, the laws of the State of Louisiana (including, but not limited to, actions under Articles 667, 2315, 2320 and 2322 of the Louisiana Civil Code and Louisiana Products Liability Act R.S. 9:2800.51, et. seq.), the tort and compensation laws of the State of Louisiana and the United States and/or any other state or nation, the Longshore and Harbor Workers' Compensation Act (33 U.S.C. §901 et. seq.), the Outer Continental Shelf Lands Act, the Admiralty and Maritime Law of the United States, and/or any other law or laws which might afford CLAYTON JOSEPH MATHERNE or his heirs a right or cause of action; the federal act known as the Employee Retirement Income Security Program ("ERISA"); the federal statute known as the Americans with Disabilities Act ("ADA"); the federal

act known as the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and any other law or laws which might afford CLAYTON JOSEPH MATHERNE a cause of action for indemnity for damages for negligence, unseaworthiness, vessel negligence, premise liability, wages, interest, costs, and any other legally recoverable category of damages, including punitive damages, or based upon any claim of unseaworthiness or vessel negligence, of the M/V CYRUS ANTHONY AND M/V NOONIE G as aforesaid, or their masters or crews, for past or future maintenance or cure or damages, including attorney's fees, or under any compensation statute, federal or state, or in tort, civil or maritime, or under any contract or policy of insurance affording coverage to THE RELEASED PARTIES for damages or workmen's compensation whether at law, in equity or in admiralty, and whether on account of or in any way connected with the injuries as aforementioned, and whether the same be now known or hereafter discovered; and

IN FURTHER CONSIDERATION OF THE AFOREMENTIONED PAYMENT, CLAYTON JOSEPH MATHERNE does hereby bind and obligate himself, his heirs, relatives, administrators and executors, to hold harmless, defend and indemnify THE RELEASED PARTIES and all other persons, partnerships, corporations, and/or vessels which are now, might be, or hereafter become liable to the said CLAYTON JOSEPH MATHERNE, or his heirs, relatives, administrators and/or executors, for any claim he or they may now have or may have in the future for the injuries and resultant disabilities and/or damage previously described and to each and all such persons, partnerships, corporations, and vessels, to hold them harmless and to indemnify them or any of them from and against any claim asserted by him or any other person and particularly by his assigns, relatives, medical providers, attorneys, heirs, administrators and executors, for any loss, damages, expenses, medical bills and/or attorneys' fees of any nature whatsoever sustained by him or by them or which may be sustained by him or by them in the future

directly or indirectly as a result of the injuries heretofore recited, and whether caused by or contributed wholly or in part by the negligence and/or fault and/or strict liability of those in whose favor this agreement to indemnify and hold harmless runs or by the unseaworthiness of any vessel for whom said parties are responsible, by breach of contract or breach of warranty or on any other basis whatsoever; and

IN FURTHER CONSIDERATION OF THE AFORESAID PAYMENT, CLAYTON JOSEPH MATHERNE fully understands that by execution of this Receipt, Release and Indemnification Agreement, he is giving up any and all rights to past, present or future payments from THE RELEASED PARTIES for medical treatment, maintenance and cure, or for any other compensation but for any outstanding medical invoices regarding medical services rendered at or by: (1) Terrebonne General Medical Center between June 3 and June 7, 2010; (2) Thibodaux Regional Medical Center on May 16 and June 2, 2010; (3) OMS/Dr. Robert Davis on June 3 and June 11, 2010; Dr. Walter Birdsall regarding services rendered in June, 2010; and Dr. Benjamin Walton regarding services rendered on June 22 and July 27, 2010. CLAYTON JOSEPH MATHERNE further acknowledges and agrees that THE RELEASED PARTIES will not be responsible for any medical, surgical or other healthcare-related expenses incurred at any time by, on behalf of, or in connection with medical treatment provided to CLAYTON JOSEPH MATHERNE as a result of the aforementioned injuries. THE RELEASED PARTIES will not authorize or be responsible for any medical, surgical or other healthcare-related expenses whatsoever that are incurred, or have been incurred, past present or future, by CLAYTON JOSEPH MATHERNE, at any time in connection with the aforementioned injuries. CLAYTON JOSEPH MATHERNE further agrees to hold THE RELEASED PARTIES harmless from any and all medical, surgical or other healthcare-related expenses whatsoever that are sought by any

medical provider of any nature in connection with treatment to CLAYTON JOSEPH MATHERNE, and CLAYTON JOSEPH MATHERNE will fully defend, indemnify and hold harmless THE RELEASED PARTIES from any and all collection efforts, suits, actions or other demands seeking payment and/or reimbursement of any medical, surgical or other healthcare-related expenses whatsoever that are sought by any medical provider of any nature in connection with the aforementioned injuries;

CLAYTON JOSEPH MATHERNE further declares that, for and in consideration of the receipt of the aforesaid amount, he will remain solely responsible for setting up and funding any necessary Medicare/Medicaid Set Aside/Trust that is or may be required by law, and that any such Medicare/Medicaid Set Aside/Trust, if necessary, will be funded from the settlement funds referred to above, and CLAYTON JOSEPH MATHERNE's signature of approval on this document confirms his agreement to comply with this obligation.

CLAYTON JOSEPH MATHERNE further agrees to defend, indemnify and hold harmless THE RELEASED PARTIES from and against all claims by the Department of Health and Human Resources, the State of Louisiana, the Centers for Medicare and Medicaid Services ("CMS"), Medicare/Medicaid, the Social Security Administration, and any other federal and/or state governmental agency, branch or department of any kind whatsoever, and/or any insuring company providing health, hospitalization, disability, or other insurance payments regarding any medical, surgical or other healthcare related expenses whatsoever that are incurred, or have been incurred, past, present or future, by CLAYTON JOSEPH MATHERNE at any time in connection with the aforementioned injuries.

IN FURTHER CONSIDERATION OF THE AFORESAID PAYMENT, CLAYTON JOSEPH MATHERNE agrees, and by execution of this Receipt, Release and Indemnification

Agreement, directs his attorney, Hugh Lambert, to dismiss any suit in any way arising from the aforesaid clean-up operation, with prejudice, and with each party to bear its own costs;

IN FURTHER CONSIDERATION OF THE AFORESAID PAYMENT, CLAYTON JOSEPH MATHERNE hereby warrants that he has discussed his physical and mental conditions with physicians of his own choosing, and that he is fully aware of his mental and physical conditions and of the prognosis for the future; and

IN FURTHER CONSIDERATION OF THE AFORESAID PAYMENT, CLAYTON JOSEPH MATHERNE warrants that he is fully aware that his conditions may grow worse than they are or seem to be and that continued respiratory treatment and/or monitoring may be required, and that in executing this Receipt, Release & Indemnification Agreement, he is completely giving up and discharging any and all rights against THE RELEASED PARTIES and that he may never again proceed against such parties and/or vessels, in the event any condition worsens in the future even to the point of expiration; and that he is desirous of accepting the sum of TWENTY-ONE THOUSAND DOLLARS AND NO/100THS ($21,000.00) DOLLARS in full settlement and discharge of all of his legal rights against THE RELEASED PARTIES arising out of or resulting from the injuries as aforesaid and is of the opinion that this settlement is reasonable and proper under the circumstances.

IN FURTHER CONSIDERATION of the aforesaid settlement, CLAYTON JOSEPH MATHERNE agrees and declares that he understands and fully comprehends that any injuries, illnesses, diseases, disorders, and/or limitations caused, sustained, aggravated, or contracted by CLAYTON JOSEPH MATHERNE, either prior to or subsequent to the execution of this Receipt, Release, and Indemnity Agreement, which may cause, hasten or quicken his death and, in that event, CLAYTON JOSEPH MATHERNE, is hereby releasing and forever discharging, for

himself, his heirs, assigns, representatives, succession, estate, survivors, and children, if any, THE RELEASED PARTIES from any and all liability for the wrongful death of CLAYTON JOSEPH MATHERNE, or for any survivor action permitted or created as a result of the death of CLAYTON JOSEPH MATHERNE, and that as part of the consideration of THE RELEASED PARTIES entering into this compromise agreement he is releasing, discharging, and agreeing to waive any claims on their behalf and on behalf of any children, heirs, legatees, assigns, succession, survivors, and/or representatives, which they may have, or others may have for said death, regardless of whether it is in the nature of a wrongful death action or survivor action or otherwise.

CLAYTON JOSEPH MATHERNE, and his attorney, Hugh Lambert, further acknowledge and represent that all attorney's fees and costs alleged to be caused or related to the injuries and damages resulting from the aforesaid clean-up operations, past, present and future, and to the representation of CLAYTON JOSEPH MATHERNE as a result thereof, are the sole responsibility of CLAYTON JOSEPH MATHERNE and not of THE RELEASED PARTIES and that hereafter, all attorney's fees and costs alleged to be causally related to the alleged injuries and damages, past, present and future, and to the representation of CLAYTON JOSEPH MATHERNE, will be CLAYTON JOSEPH MATHERNE'S sole responsibility, and that THE RELEASED PARTIES will have no liability therefore. In this regard, CLAYTON JOSEPH MATHERNE, and his attorney, Hugh Lambert, agree to defend, indemnify and hold harmless THE RELEASED PARTIES with respect to any sum, claim, demand, intervention or suit pertaining to attorney's fees and litigation costs/expenses sought by any attorney who has acted or claims to have acted on behalf of CLAYTON JOSEPH MATHERNE in relation to the alleged injuries and damages of CLAYTON JOSEPH MATHERNE.

It is expressly understood and agreed that the payment aforementioned is made purely by

way of compromise and settlement and is in no way to be construed as an admission of liability on the part of any party.

THUS DONE AND EXECUTED IN MULTIPLE ORIGINALS, at New Orleans Louisiana, this 19 day of AUGUST, 2010.

WITNESSES:

_____
Magan Ennis

_____
CLAYTON JOSEPH MATHERNE

_____
Amy Guidry

_____
HUGH LAMBERT, ESQ.

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

CLAYTON JOSEPH MATHERNE

who identified himself to me as such person, and after being duly sworn, did depose and say:

That he is a person of the full age of majority; that the above and foregoing Receipt, Release and Indemnification Agreement has been read by him and has been read to him and further has been explained to him in full detail; that he is fully aware of his present and prospective mental and physical conditions, as well as all of his legal rights arising out of or resulting from his injuries, and the possibility of future complications resulting therefrom; and further understands that he is giving up all of his legal rights in exchange for TWENTY-ONE THOUSAND DOLLARS AND NO/100THS ($21,000.00) DOLLARS, which lump sum has been delivered to or on behalf of him incident to the execution of this agreement, together with all of the payments which have been previously paid to CLAYTON JOSEPH MATHERNE or on his behalf, all of said monies paid by or for the account of Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, L.L.C., Fidelis Marine, L.L.C., Houston Casualty Company and the M/V CYRUS ANTHONY and M/V NOONIE G; that he has executed the Receipt, Release and Indemnification Agreement of his own free act and deed in the presence of witnesses whose names are subscribed thereon. Further, the said CLAYTON JOSEPH MATHERNE represents that he has discussed this matter thoroughly with his attorney, Hugh Lambert, Esq., who represents him in the above described alleged injuries and damages as a result of the oil clean-up operations and that he has been fully advised of and fully understands all of his rights and all of the consequences of the execution of the foregoing Receipt, Release and Indemnification Agreement, including, but not limited to, the rights that he has against the parties named herein and other parties, all of which he is giving up as a consequence of executing this document, and further understands that he is giving up any and all additional claims for the accident and injuries, as well as any complications or other problems resulting from said injuries, without

limitation, including rights to recover compensation benefits, damages or other sums; and to have all of these rights adjudicated in either a state or federal court, with or without a jury, and that he further understands that he might conceivably recover a greater or lesser amount than he is receiving by way of this settlement; that he has stated to the undersigned Notary Public that he fully understands all of his legal rights, as well as his present and prospective mental and physical conditions, and that, notwithstanding such knowledge, he is satisfied to accept the sum of TWENTY-ONE THOUSAND DOLLARS AND NO/100THS ($21,000.00) DOLLARS, plus any and all sums previously paid to him or on his behalf, in full and final settlement of all of his rights; and that he is of the opinion that the settlement set forth in the above Receipt, Release and Indemnification Agreement is reasonable and proper under all of the circumstances.

_____
CLAYTON JOSEPH MATHERNE

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
19 DAY of August, 2010
AT New Orleans, LOUISIANA.

_____
NOTARY PUBLIC
LINDA J. NELSON
LA BAR # 9938
My commission expires with life

-2-

# AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, also personally came and appeared:

HUGH LAMBERT, ESQ.

who, after being sworn, did depose and say:

That he is an attorney licensed to practice in the State of Louisiana, that he is the attorney in fact and of record for CLAYTON JOSEPH MATHERNE, that he, HUGH LAMBERT, ESQ. did read the foregoing Receipt, Release and Indemnification Agreement to CLAYTON JOSEPH MATHERNE and explained to CLAYTON JOSEPH MATHERNE all of his legal rights; that he did recommend the foregoing settlement agreement to his client and he is of the opinion that the settlement set forth in the above Receipt, Release and Indemnification Agreement is reasonable and proper under all of the circumstances.

_____
HUGH LAMBERT, ESQ.

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY, THIS
19 DAY of August, 2010
AT New Orleans, LOUISIANA.

_____
NOTARY PUBLIC
LINDA J. NELSON
LA Bar #9938
My commission expires with life