UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO** | : | |
| 11-1051 | : | JURY TRIAL DEMANDED |
| | : | |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

### ANSWER OF DEFENDANT CAMERON INTERNATIONAL
### TOGETHER WITH CROSSCLAIMS

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 11 in this proceeding, and without waiving its motion to dismiss the third-party complaint filed against it by the B1 claimants, Cameron International Corporation ("Cameron") respectfully answers the Class Action Petition for Damages ("Petition"; Doc. 1-1 in 11-1051), as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

### Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

1

1066999v.1

**Responding to Allegations in the Cross-Claims**

1. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Cameron admits that the Petition purports to name the Defendants listed in paragraph 2. Cameron admits that it is a corporation organized under the laws of the State of Delaware and is authorized to do business in the State of Louisiana. Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.

3. In response to paragraph 3, Cameron states that removal jurisdiction is proper in this court under 28 U.S.C. § 1441 by reason of 43 U.S.C. § 1349(b), and 33 U.S.C. § 2717(b), and that venue is proper in this court, but otherwise denies the allegations in paragraph 3.

4. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron denies the allegations in paragraph 4.

5. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

1066999v.1

8. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Paragraph 23 is a description of the lawsuit that requires no response.

24. Paragraph 24 is a purported class definition that requires no response.

25. Cameron denies the allegations in paragraph 25.

26. Cameron denies the allegations in paragraph 26.

27. Cameron denies the allegations in paragraph 27.

28. Cameron denies the allegations in paragraph 28.

29. Cameron denies the allegations in paragraph 29.

30. Cameron denies the allegations in paragraph 30.

31. Cameron denies the allegations in paragraph 31.

32. Cameron repeats its responses to paragraphs 1-31.

33. Cameron denies that it was negligent or otherwise at fault for any injury to plaintiff or any purported class member. Except as alleged in paragraphs 29-87 of Document

412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33.

34. Cameron denies that the alleged release of oil violated any Louisiana law. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35. Cameron denies that any inaction of Cameron was a but-for or proximate cause of any alleged injury to plaintiff or any putative class member. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35.

36. To the extent that the alleged term "Defendants" includes Cameron, Cameron denies the allegations in paragraph 36. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36.

37. Cameron denies that any inaction of Cameron was a but-for or proximate cause of any alleged injury to plaintiff or any putative class member. Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37.

38. Cameron denies the allegations in paragraph 38.

39. Cameron denies that the causes of action specified in the Petition arise solely under the provisions of Louisiana law. In further response to paragraph 39, Cameron states that all the Louisiana law claims asserted in the Petition are preempted by federal law, so

that, based on the disclaimer of all such federal claims in paragraph 39, the Petition should be dismissed with prejudice.

### Failure to State a Claim

40. The Petition seeks damages encompassed by section 2702(b) of the Oil Pollution Act of 1990 ("OPA") and therefore does not state a valid claim upon which relief may be granted against Cameron for the following reasons:

    a. Cameron is not a statutorily designated "responsible party" and therefore is not directly liable for any such relief under OPA.

    b. Taken together, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery of any such relief against Cameron under state law.

    c. Recovery of any such relief against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

41. The Petition fails to state a claim upon which relief can be granted against Cameron under any law other than OPA for the following reasons:

    a. Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any claim for relief with respect to an underlying claim that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state" as surrogate federal law, but only to the extent that the law of Louisiana is "not inconsistent with" OPA. 43 U.S.C. § 1333(a). Because recovery

against Cameron under Louisiana law in this case would be inconsistent with OPA, OCSLA expressly preempts the application of law than the law of Louisiana.

    b. If not preempted by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2491.A.

    c. If LOSPRA were not applicable and if Louisiana Products Liability Act  "LPLA" is not preempted with respect to plaintiffs' claims by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing the Cross-Claims with respect to underlying oil spill claims.  L.S.A. R.S. § 2800.52.

    d. The Petition fails to state a claim upon which relief can be granted against Cameron because it contains no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

    Duplicate.

    f. The Petition fails to state a claim under LOSPRA because the sole party with standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  L.S.A. R.S. § 30:2489.B.

g. The Petition fails to state a claim upon which relief can be granted against Cameron under LOSPRA because it contains no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party." L.S.A. R.S. § 30:2454(5).

h. The Petition fails to state a claim upon which relief can be granted against Cameron under the LPLA because it contains no allegations that the damages sued upon arose from a reasonably anticipated use of the product in question. . L.S.A. R.S. § 9:2800.54.A.

i. The Petition fails to state a claim upon which relief can be granted against Cameron under the LPLA because it contains no allegations that any alleged direct or underlying injuries were proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act. L.S.A. R.S. § 9:2800.54.A.

j. The Petition fails to state a claim upon which relief can be granted against Cameron because it contains no allegation stating any element of any theory of liability permitted by the LPLA. L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

k. Cameron is immune from suit any claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

   l. Cameron is immune from suit for any claim allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

### Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

  42. Cameron states that the claims against Cameron based on Cameron's alleged liability for oil spill claims are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

  43. Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

  44. While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

  45. While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c). L.S.A. R.S. § 30:2454(22)(c).

1066999v.1

46. While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron with respect to oil spill claims is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

47. While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron in any event.  L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

48. To the extent that the claims against Cameron are not governed by OPA and/or OCSLA and/or are not subject to LOSPRA, the Cross-Claims are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A. R.S. 9:2800.51 *et seq.*

49. Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. §§ 9:2800.53(8)(c).

50. Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. §§ 9:2800.54.C.

1066999v.1

51. Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics. L.S.A. R.S. §§ 9:2800.57B(1).

52. Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product. L.S.A. R.S. §§ 9:2800.57B(2).

53. Cameron's products met any express warranty applicable to those products. *See* L.S.A. R.S. §§ 9:2800.58.

54. Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time. *See* L.S.A. R.S. §§ 9:2800.58.

55. At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality. LA. REV. STAT. §§ 9:2800.59A.

1066999v.1

56. At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. LA. REV. STAT. §§ 9:2800.59B.

### Affirmative Defense – Contractor Immunity Under Louisiana Law

57. To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect. L.S.A. R.S. § 9:2771.

### Limitation on Liability – OPA

58. While denying that it is liable to Plaintiff, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA. 33 U.S.C. § 2702(d)(2)(B).

### Immunity from Liability – Federal Response Authority

59. While denying that it is liable to Plaintiff, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act, 33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

### Affirmative Defenses – Sole or Intervening Causation/Any Applicable Law

60. Any injury sustained by Plaintiff was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

61. Any injury sustained by Plaintiff was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

### Affirmative Defense – Reduction of Recovery Based on Fault of Others

62. Under any applicable law, recovery by Plaintiff for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants and Third-Party Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress. *See* LA. CIV. CODE art. 2323.

### Affirmative Defense – Payment and/or Release

63. To the extent that Plaintiff has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

### Affirmative Defenses – Damage Recovery

64. Plaintiff is not entitled to double recovery of its provable damages.

65. Plaintiff is not entitled to recover damages to the extent that he failed to take reasonable action in mitigation of those damages.

### Affirmative Defense – Economic Loss Doctrine

65. Recovery against Cameron is barred or limited by the economic loss doctrine.

1066999v.1

**Crossclaims and Third-Party Claims**

Now acting as Cross-Plaintiff, Cameron International Corporation ("Cameron") seeks indemnity and/or contribution as follows from Cross-Defendants Transocean Holdings, LLC ("TO Holdings"); Transocean Offshore Deepwater Drilling, Inc. ("TO Offshore"); Transocean Deepwater, Inc. ("TO Deepwater"); and Transocean Ltd. (collectively the "Transocean Cross-Defendants"); BP p.l.c.; BP Exploration and Production, Inc., ("BPXP"); BP Products North America, Inc.; BP America, Inc.; the State of Louisiana ; Halliburton Energy Services, Inc. ("Halliburton"); M-I LLC ("MI"); Anadarko Petroleum Corporation ("Anadarko Corp."); MOEX Offshore 2007 LLC ("MOEX Offshore"); Mitsui Oil Exploration Co. Ltd. ("Mitsui"); Nalco Company ("Nalco"), Peneton Corp.; and JMN Specialties, Inc. (collectively "Cross-Defendants") and Third-Party Defendants BP America Production Company ("BP America") and Anadarko E&P Company, LP ("Anadarko E&P").

66. Cameron incorporates by reference the allegations and causes of contained in paragraphs 46-70 of its Master Answer in No. 10-2771 (Doc. 2472).

**Demand for Judgment**

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment from Petitioners as follows:

1. That plaintiff take nothing from Cameron;
2. That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs to any party in this limitation action, including repayment of any amount paid by Cameron to resolve any such liability;

3. That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

4. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to indemnify Cameron for any liability incurred by Cameron to any person asserting claims based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

5. That Cameron be awarded a declaratory judgment that the Transocean Cross-Defendants are obligated by written agreement to reimburse Cameron for all attorneys' fees and other costs reasonably incurred by Cameron defending the claim of any person based on the casualty of the *Deepwater Horizon* beginning April 20, 2010;

6. That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

7. That in the alternative, Cameron recover complete indemnity from the Transocean Cross-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs to any Claimant in this limitation action on the ground that Cameron is not a negligent defendant;

8. That in the event Cameron is held jointly liable with any Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Cross-Defendant pursuant to the terms of 33 U.S.C. § 2709;

1066999v.1

9. That in the alternative, in the event Cameron is held jointly liable with any Cross-Defendant or Third-Party Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Cross-Defendant or Third-Party Defendant under general maritime law or other law;

10. That Cameron recover from claimants and Cross-Defendants its costs of court in this action; and

11. That Cameron recover such other and further relief from the Cross-Defendants to which it may show itself entitled.

                                          Respectfully submitted,

                                          David J. Beck, T.A.
                                              dbeck@brsfirm.com
                                          Joe W. Redden, Jr.
                                              jredden@brsfirm.com
                                          David W. Jones
                                              djones@brsfirm.com
                                          Geoffrey Gannaway
                                              ggannaway@brsfirm.com
                                          BECK, REDDEN & SECREST, L.L.P.
                                          One Houston Center
                                          1221 McKinney, Suite 4500
                                          Houston, TX  77010-2010
                                          713-951-3700
                                          713-951-3720 (fax)

1066999v.1

and

/s/ Phillip A. Wittmann
---

Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR DEFENDANT CROSS-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Defendant Cameron International Together with Crossclaims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of August, 2011.

          /s/ Phillip A. Wittmann
          Phillip A. Wittmann

1066999v.1