UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J |
| This Document Relates to:<br><br>No. 2:10-CV-03168 | § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**REPLY IN FURTHER SUPPORT OF DEFENDANT M-I L.L.C.'s
MOTION TO DISMISS PLAINTIFFS' SIXTH AMENDED COMPLAINT**

Under governing Fifth Circuit law, Plaintiffs Douglas Harold Brown, Christopher Choy, Brent Mansfield, and Dominque Ussin ("Plaintiffs") have pleaded facts that negate their claim for punitive damages and their request for the application of the doctrine of *res ipsa loquitur*. Plaintiffs' only response to M-I's Motion to Dismiss is to note that other Circuits have different rules governing the doctrine of *res ipsa loquitur* than does the Fifth Circuit. Additionally, Plaintiffs ignore the plain language of *Scarborough v. Clemco Industries*, 391 F.3d 660 (5th Cir. 2004), which prohibits Jones Act seamen from recovering non-pecuniary damages. Plaintiffs' Complaint should be dismissed to the extent it relies on *res ipsa loquitur* and to the extent it seeks punitive damages.

**ANALYSIS**

**I.   Plaintiffs' Response Should Be Stricken Because It Is Untimely.**

M-I filed its motion to dismiss (Rec. Doc. No. 2676) on June 7, 2011. Pursuant to this Court's Pretrial Order No. 25, Plaintiffs' response was due 30 days later, on July 6, 2011. Without seeking leave of Court, Plaintiffs filed their response on July 19—nearly two weeks late.

DB1/ 67747409.5

Plaintiffs' untimely response should be stricken. *See Soliz v. Bennett*, 150 F. App'x 282, 284-85 (5th Cir. 2005) (affirming district court's striking of untimely motion response).

## II. Punitive Damages Are Non-Pecuniary And Unavailable To Jones Act Claimants Seeking Recovery For Personal Injuries.

Plaintiffs ask this Court to hold that punitive damages are available in this action. But this argument is contrary to Fifth Circuit and Supreme Court precedent because punitive damages are non-pecuniary, and non-pecuniary damages are unavailable to Jones Act seamen suing to recover for personal injuries.

As M-I explained in its memorandum of law in support of its motion to dismiss ("M-I MTD"), punitive damages are not available to a Jones Act seaman alleging a personal injury claim against a third party. M-I MTD 3-4. Fifth Circuit law clearly establishes that even against a non-employer third party, Jones Act seamen bringing personal injury suits (such as Plaintiffs) are limited to recovery of pecuniary damages. *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667-68 (5th Cir. 2004) (discussing and applying *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)). After considering arguments nearly identical to those in Plaintiffs' Opposition, the Fifth Circuit in *Scarborough* held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from non-employer third parties." *Id*. at 668. Other courts have held the same. *See, e.g., Wagner v. Kona Blue Water Farms, LLC,* Civil No. 09-00600 JMS/BMK, 2010 WL 3566730, at *3 (D. Haw. Sept. 13, 2010) ("Although *Miles* did not address punitive damages, courts have uniformly interpreted *Miles* as precluding plaintiffs from recovering punitive damages in Jones Act claims."); *see also Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir. 1987) (holding that punitive damages are non-pecuniary damages not available under the Jones Act); *Wilson v. Noble Drilling Corp.*, Civil Action No. 08-4940, 2009 U.S. Dist. LEXIS 124302, at *6 (E.D. La. Aug. 12, 2009).

Plaintiffs argue that the Supreme Court's decisions in *Atlantic Sounding Co. v. Townsend*, 129 S. Ct. 2561 (2009), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2626 (2008), cast doubt on *Scarborough*'s rationale. Opp. 1-2. That is not so. The *Townsend* Court explicitly left open the issue of whether punitive damages are available under the Jones Act. *See* 129 S. Ct. at 2575 n.12. And *Exxon Shipping* did not deal with claims brought by Jones Act seamen. The Fifth Circuit has not overturned its holding since *Townsend*, and unless it does, this Court is bound to follow *Scarborough*. *See French v. Allstate Indem. Co.*, Civil Action No. 06-8251, 2009 WL 1668486, at *2 (E.D. La. June 12, 2009) (Barbier, J.) (following a Fifth Circuit decision because it is "binding precedent that this Court cannot simply ignore"); *see also Wagner*, 2010 WL 3566730, at *7 (stating that *Townsend* "does not call into question *Miles*'[s] holding concerning the damages limitations applicable to the Jones Act").

As Jones Act seamen, Plaintiffs are limited to recovery of pecuniary damages, and punitive damages are non-pecuniary. This Court should dismiss Plaintiffs' claims for punitive damages.

**III.   Plaintiffs' Own Complaint Defeats The Application Of *Res Ipsa Loquitur*.**

Plaintiffs' Complaint demonstrates that *res ipsa loquitur* does not apply. For this doctrine to apply, the instrumentality causing the injury must have been under the defendant's *exclusive* control. *See Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200-01 (5th Cir. 2000); *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000); *United States v. Nassau Marine Corp.*, 778 F.2d 1111, 1115-16 (5th Cir. 1985). This is the law of the Fifth Circuit that is binding on this Court and, accordingly, on Plaintiffs' claims. Plaintiffs do not dispute that the binding rule of the Fifth Circuit requires exclusive control. Instead, they argue (at Opp. 3) that they can pursue their claim because the Seventh Circuit and the District of Massachusetts do not require "exclusive control" for the application of *res ipsa loquitur*. This has no effect on M-I's

arguments and does not save Plaintiffs' claim. Because Plaintiffs have failed to allege that M-I had exclusive control over any instrumentality that caused the blowout, and specifically alleged that the rig was under Transocean's control (Compl. ¶ 28), this Court should hold as a matter of law that the doctrine of *res ipsa loquitur* is not available to Plaintiffs.

Plaintiffs also argue that this issue should not be decided at the motion to dismiss stage (at Opp. 3), but that too is unavailing because Plaintiffs' own complaint makes *res ipsa loquitur* inapplicable as a matter of law. Plaintiffs argue (at Opp. 2-3) that their Complaint alleges that the actions of M-I caused the blowout and explosion. This is irrelevant to M-I's argument. As M-I cited in its opening motion (at M-I MTD 2-3), Plaintiffs allege that actions by a number of other entities also caused the explosion, and moreover, Plaintiffs specifically allege that the rig was under Transocean's control. Compl. ¶ 28. It is impossible for M-I to have exclusive control over something when, by Plaintiffs' own pleading, Transocean was in charge of the rig. None of Plaintiffs' points respond to M-I's argument that under binding Fifth Circuit law, *res ipsa loquitur* requires that Plaintiffs plead that M-I had exclusive control over the instrumentality of injury, and Plaintiffs' complaint pleads the exact opposite.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in M-I's Memorandum of Law in Support of its Motion to Dismiss, M-I respectfully requests that this Court dismiss the claims asserted against it in Plaintiffs' Sixth Amended Complaint to the extent discussed above.

5

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas 77002
    Telephone: (713) 890-5000
    Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

August 18, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Further Support of Defendant M-I L.L.C.'s Motion To Dismiss Plaintiffs' Sixth Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 18th day of August, 2011.

                                                   /s/ *Hugh E. Tanner*
                                                   Hugh E. Tanner