**UNITED STATES DISTRICT OF COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION: J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| 11-1051 | § | |
| _____ | § | |

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO CLASS ACTION PETITION FOR DAMAGES AND CROSS-CLAIMS

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to Plaintiff Guy J. Adams' ("Plaintiffs'") Class Action Petition for Damages and Cross-Claims, and respectfully shows this Court as follows:[1]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in the Class Action Petition for Damages. However, to the extent a response is required, HESI denies each and every heading and/or subheading contained in the Class Action Petition for Damages.

For answer to each and every allegation of Plaintiffs, HESI responds as follows:

1. HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

2. Paragraph 2 is an identifying paragraph, collectively identifying the defendants and thus no response is required.

---

[1]HESI incorporates herein, as if stated in full, the arguments and authorities contained in its previously filed Motions to Dismiss the Bundles A, B, C, and D master and individual complaints in MDL-2179, as well as the memoranda filed in support of the same. In addition, HESI's Answer to Class Action Petition for Damages is filed subject to its Motions to Dismiss the Bundles A, B, C, and D master and individual complaints, as well as the memoranda filed in support of each, and without waiver of any rights HESI may have to further respond to Plaintiffs' Petition.

a).    Paragraph 2(a) is an identifying paragraph, identifying the State of Louisiana as a defendant and thus no response is required.

b).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

c).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

d).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

e).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

f).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

g).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

h).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

i).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

j).    The allegations contained in Paragraph 2(j) are admitted.

k).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

l).    HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

m).     HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

n).     HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

o).     HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

p).     HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

q).     HESI lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

3.     HESI specifically denies that Louisiana law applies, and is without sufficient knowledge or information to form a belief as to the location of the oyster leases at issue.  HESI admits that venue over Plaintiffs' claims is proper in this district, but denies all remaining allegations in this paragraph.

4.     HESI denies that it was a lease holder or operator of the lease granted by the Minerals Management Services ("MMS") allowing oil exploration, drilling, and product-related operations in Mississippi Canyon Block 252, the location known as "Macondo" prospect site. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4, except that HESI admits that certain of the BP Defendants were the lease holder(s) and operator(s) of this Macondo prospect site.

5.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5, except HESI admits that the *Deepwater Horizon*, a  ultra-deepwater dynamic positioned semi-submersible oil rig, was owned and operated by one

- 3 -

or more Transocean Entities[2] and BP Exploration & Production, Inc., ("BP Exploration") contracted with one or more of the Transocean Entities for the use of the *Deepwater Horizon* in drilling the Macondo well, located on the outer continental shelf.

6.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6, except HESI admits that on April 20, 2010 a blowout and subsequent fire erupted on the *Deepwater Horizon*; HESI further admits that after the explosion and fire onboard the *Deepwater Horizon*, eleven crew members were missing and presumed dead; and after the explosion and fire, the *Deepwater Horizon* sank to the seafloor on or about April 22, 2010 and thereafter an oil spill ensued.

7.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, except HESI denies that it is liable for any alleged damage to Plaintiffs' real or personal property.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12.

---

[2] Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., hereinafter the "Transocean Entities," have each claimed to be the owner, managing owner, owners pro hac vice, and/or operators of the MODU *Deepwater Horizon*.

13.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies that it is liable for any alleged damage to the subject oysters or oyster beds.

18.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21, except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies that it is liable for any alleged damages to Plaintiffs.  To the extent the allegations contained in Paragraph 21 draw legal conclusions, no response is required.

- 5 -

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, except HESI denies that Louisiana law applies. Further, to the extent the allegations contained in Paragraph 23 draw legal conclusions, no response is required.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24.  Further, to the extent the allegations contained in Paragraph 24 draw legal conclusions, no response is required.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies any liability arising out of the incident made the basis of this lawsuit.  To the extent the allegations contained in Paragraph 25 draw legal conclusions, no response is required.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26, except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies any liability arising out of the incident made the basis of this lawsuit.  To the extent the allegations contained in Paragraph 26 draw legal conclusions, no response is required.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, except HESI denies any alleged misconduct or liability arising out of the incident made the basis of this lawsuit.  Further, to the extent the allegations contained in Paragraph 27 draw legal conclusions, no response is required.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.  Further, to the extent the allegations contained in Paragraph 28 draw legal conclusions.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 29 (a)-(g), except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies any liability arising out of the incident made the basis of this lawsuit.  To the extent the allegations contained in Paragraphs 29 (a)-(g) draw legal conclusions, no response is required.

30.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30.  To the extent the allegations contained in Paragraph 30 draw legal conclusions, no response is required.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 31 (a)-(c), except HESI denies that Louisiana law applies.  Further, to the extent the allegations contained in Paragraphs 31 (a)-(c) draw legal conclusions, no response is required.

32.     Paragraph 32 is an incorporating paragraph and thus no response is required.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, except HESI denies that it was negligent or that it in any way caused or contributed to cause the incident made the basis of this lawsuit.  HESI further denies any liability arising out of the incident made the basis of this lawsuit.  To the extent the allegations contained in Paragraph 33 draw legal conclusions, no response is required.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 34 (a)-(f), except HESI denies: that it released oil;

that it sprayed chemical dispersants or diverted fresh water in response to the blowout, explosion, or fire; that it in any way caused or contributed to cause the incident made the basis of this lawsuit; that it is liable for any alleged damage to the subject oysters or oyster beds; and that Louisiana law applies. Further, to the extent the allegations contained in Paragraphs 34 (a)-(f) draw legal conclusions, no response is required.

35. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35, except HESI denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies any liability arising out of the incident made the basis of this lawsuit. To the extent the allegations contained in Paragraph 35 draw legal conclusions, no response is required.

36. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36, except HESI denies that it owned the contents of the oil spill; owned the chemical dispersants used to contain the oil spill. HESI also denies that it in any way caused or contributed to cause the incident made the basis of this lawsuit and further denies any liability arising out of the incident made the basis of this lawsuit. To the extent the allegations contained in Paragraph 36 draw legal conclusions, no response is required.

37. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37, except HESI denies that it's actions were negligent and that HESI in any way caused or contributed to cause the incident made the basis of this lawsuit. HESI further denies any liability arising out of the incident made the basis of this lawsuit. To the extent the allegations contained in Paragraph 37 draw legal conclusions, no response is required.

38.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38, except HESI denies that Plaintiffs and any purported Class Members are entitled to damages against HESI and HESI further denies any liability arising out of the incident made the basis of this lawsuit.  To the extent the allegations contained in Paragraph 38 draw legal conclusions, no response is required.

39.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39, except HESI denies that Louisiana law applies. Further, to the extent the allegations contained in Paragraph 39 draw legal conclusions, no response is required.

40.     Paragraph 40 is Plaintiffs' request for a jury trial; thus, no response is required.

41.     The allegations set forth in the prayer for relief are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the prayer as to co-defendants.  To the extent the allegations contained in the prayer for relief draw legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

WHEREFORE, HESI respectfully requests that the Court dismiss Plaintiff's Class Action Petition for Damages in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Plaintiffs receive from any source as compensation for alleged losses.

## SECOND AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' Class Action Petition for Damages were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Plaintiffs' claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control. Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## FOURTH AFFIRMATIVE DEFENSE

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, Plaintiffs may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

## FIFTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Plaintiffs and did not breach any such duty.

## SIXTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Plaintiffs. HESI is not liable under OPA or maritime law.

- 10 -

## SEVENTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## EIGHTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA. 33 U.S.C. § 2702(d)(2). In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, such claims are barred.

## NINTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Plaintiffs' claims with respect to its oil spill damages or otherwise. HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Plaintiffs' alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## TENTH AFFIRMATIVE DEFENSE

Although HESI continues to assert that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead, and cannot satisfy, conditions precedent to recovery.

- 11 -

## TWELFTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Plaintiffs may not recover on their claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Plaintiffs were not foreseeable as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not reasonably mitigated their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through nineteenth affirmative defenses.

## CROSS-CLAIMS

Now acting as Cross-Plaintiff, Halliburton Energy Services, Inc. ("HESI") seeks indemnity and/or contribution as follows from Cross-Defendants Transocean Holdings, LLC; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; BP p.l.c.; BP Exploration and Production, Inc.; BP America Production Company; M-I LLC; Anadarko Petroleum Corporation; Anadarko E&P Company, LP; MOEX Offshore 2007 LLC; Mitsui Oil Exploration Co. Ltd.; and Nalco Company.

HESI incorporates by reference the allegations and causes of action contained in its Original Cross-Claims, filed in MDL 2179 and applicable to No. 10-2771 (Doc. 2086); HESI's First Amended Cross-Claims filed in No. 10-2771 (Doc. No. 445) and applicable to all cases in MDL 2179; and HESI's Answer to Petitioner's Complaint and Petition for Exoneration from or Limitation of Liability and Original Claim in Limitation (Cross Claim) Against Petitioners, filed in No. 10-2771 and applicable to all cases in MDL 2179.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Plaintiff Guy J. Adams' Class Action Petition for Damages be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiffs' claims, with all costs to be borne by Plaintiffs; and for such other relief to which HESI may show itself to be justly entitled.

Dated:  August 19, 2011

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Class Action Petition for Damages and Cross-Claims was filed electronically with the Clerk of the Eastern District of Louisiana using the CM/ECF system, and that notice of this filing will be sent to all counsel through the CM/ECF Notification System.

/s/ Donald E. Godwin
Donald E. Godwin