

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION "J" (1) |
| APPLIES TO 11-275 | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

**TRANSOCEAN'S FIRST REQUESTS FOR ADMISSION TO
BP DEFENDANTS REGARDING INSURANCE ACTIONS**

Pursuant to the Federal Rules of Civil Procedure, Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc. (collectively "Transocean") serve upon BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited (collectively "BP"), Anadarko E&P Company LP, Anadarko Petroleum Corporation (collectively "Anadarko"), and MOEX Offshore 2007 LLC ("MOEX"), their First Requests for Admission, the responses to which shall be made under oath, separately and fully, in writing, within thirty (30) days after the service of said Requests for Admission and shall be given to the undersigned counsel of record.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
FRILOT, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
PREIS & ROY PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
ROYSTON, RAYZOR, VICKERY & WILLIAMS LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
GOFORTH GEREN EASTERLING LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 1st day of July, 2011.

s/Kerry J. Miller_____

## I.     DEFINITIONS

As used in these Requests for Admission, the following terms shall have the meaning described below, unless the context clearly indicates otherwise:

1.  Unless otherwise indicated, the use in these Requests for Admission of the name of any party, person, or business organization shall specifically include all agents, employees, underwriters, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, predecessors, successors, attorneys, divisions, subsidiaries, parent corporations, affiliates, and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person, or business organization.

2.  "BP" means and refers to BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited, and Vastar Resources, Inc., and all persons and entities described in (1) above.

3.  "Anadarko" means Anadarko E&P Company LP, Anadarko Petroleum Corporation and all persons and entities described in (1) above.

4.  "MOEX" means MOEX Offshore 2007 L.L.C. and all persons and entities described in (1) above.

5.  "Transocean" means and refers to Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc. and all persons and entities described in (1) above.

6.  "You" and "Your" means BP, Anadarko, and/or MOEX and all persons and entities described in (1) above.

7.  "Communicated" and "communication" shall mean the transmittal or transfer of information in any manner, by electronic mail, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever.

8.  "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

9.  Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

10. "Fact" refers to all evidentiary facts presently known to You and all evidentiary facts the existence of which is presently inferred by You from the existence of any combination of evidentiary and/or ultimate facts.

11. "Incident in Question" refers to the event of April 20, 2010, including the fire, explosion and sinking of the DEEPWATER HORIZON and any resulting spill of oil.

12. "BP/Transocean Drilling Contract" refers to the Drilling Contract between Vastar Resources and R&B Falcon Drilling Co. dated December 9, 1998 as extended by Amendment No. 38.

## REQUESTS FOR ADMISSION

1. Admit that as of the date of the Incident in Question there had been no Communication to You, or of which You were aware, to the effect that BP was or would be entitled to contractual indemnity for liability arising from environmental pollution originating underwater as a result of operations under the BP/Transocean Drilling Contract.

2. Admit that as of the date of the Incident in Question there had been no Communication to You, or of which You were aware, to the effect that BP was or would be entitled to insurance coverage under an insurance policy issued to Transocean for liability arising from environmental pollution originating underwater as a result of operations under the BP/Transocean Drilling Contract.

3. Admit that the BP/Transocean Drilling Contract does not require Transocean to contractually indemnify BP for liability arising from environmental pollution originating underwater.

4. Admit that the BP/Transocean Drilling Contract required BP to contractually indemnify Transocean for environmental pollution originating underwater.

5. Admit that You have never received contractual indemnity from any drilling contractor for environmental pollution originating underwater.

6. Admit that, pursuant to the terms of the BP/Transocean Drilling Contract, BP has agreed to indemnify Transocean for its gross negligence.

7. Admit that pursuant to the terms of the BP/Transocean Drilling Contract, BP assumed all responsibility for pollution or contamination which may result from fire, blow-out, cratering, seepage or any other uncontrolled flow of oil, gas, wastes or other substances from any well within the scope of the BP/Transocean Drilling Contract.

8. Admit that as of the date of the Incident in Question it was Your corporate policy not to insure against the risk of liability arising from environmental pollution for operations in the Gulf of Mexico.

9. Admit that as of the date of the Incident in Question it was the custom and practice in the oil and gas drilling industry that operators such as BP, not drilling companies such as Transocean or a drilling company's insurers, bear the risk of liability arising from environmental pollution originating underwater.

10. Admit that as of the date of the Incident in Question You did not understand that BP was entitled to be indemnified by Transocean or Transocean's insurers for liability of BP arising from environmental pollution originating underwater as a result of operations under the BP/Transocean Drilling Contract.