# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

R. Chris Heck
To Call Writer Directly:
(312) 862-3030
r.chris.heck@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

July 6, 2011

**BY ELECTRONIC MAIL
AND FIRST CLASS MAIL**

Steven L. Roberts
Carter L. Williams
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002

Kerry J. Miller
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163

Re: Internal Investigation Documents Over Which Transocean Claims Work Product Privilege in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Counsel:

I write regarding Transocean's claims of work product privilege over the documents relating to or supporting its internal investigation. Transocean's privilege logs contain hundreds of entries withholding documents forming the basis of Transocean's Investigation Report on the "Macondo Well Incident" solely on the basis of the work product doctrine. On June 22, 2011, Transocean released its Investigation Report to the general public. Transocean thus disclosed the report to the plaintiffs in MDL No. 2179, BP, Halliburton, Anadarko, and various other parties who have filed claims against, and are adverse to, Transocean.

With this release and disclosure, Transocean has waived any work product privilege that might have applied to its internal investigation. The work product privilege exists to "safeguard[] the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). "Although work product immunity is not automatically waived by disclosure of protected material to third parties, disclosure does waive protection if it 'has substantially increased the opportunities for potential adversaries to obtain the information.'" *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010); *see also Shields*, 864 F.2d at 382; *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1982). By making its investigative report generally available and publishing it for all parties to review, Transocean cannot now claim work product over the information upon which it was based.

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

Steven L. Roberts
Carter L. Williams
Kerry J. Miller
July 6, 2011
Page 2

Consistent with this governing case law and the principles of the work product doctrine, courts have held that when a party discloses an internal report, both the report itself and the underlying documents lose any work product privilege. *E.g.*, *Granite Partners, L.P. v. Bear, Stearns & Co.*, 184 F.R.D. 49 (1999) (rejecting claims of work product protection and compelling disclosure of "notes of witness interviews, valuations and analyses of securities owned by the Funds, and documents collected from third parties" relating to a voluntarily disclosed report of an investigation conducted to prepare for litigation); *In re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274 (S.D.N.Y. 1995) (rejecting work product protection for documents underlying and connected to report of investigation into accounting regularities where that report was provided to various government agencies); *In Re Royal Ahold N.V. Secs. & ERISA Litig.*, 230 F.R.D. 433 (D. Md. 2005) (same); *Ross v. Abercrombie & Fitch Co.*, 2010 WL 419947 (S.D. Ohio Jan. 28, 2010) (requiring disclosure of internal report regarding potential derivative action as well as underlying documents). These decisions are directly on point and likewise require production of the documents related to the publicly disclosed Transocean Investigation Report.

To be clear, BP is not seeking "mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation" as described in Federal Rule of Civil Procedure ("FRCP") 26(b)(3)(B). BP also is not seeking attorney client communications. We note that for the documents at issue Transocean has claimed only the work product privilege, and not that they are attorney-client communications.

The discussion of this qualification brings up a plain deficiency in Transocean's privilege logs. For many entries, Transocean's logs list only the "DWH Investigation Team" as the author, without any identification of the specific individuals who drafted the documents. Indeed, in its hundreds of entries claiming work product privilege over documents created in furtherance of the investigation, Transocean fails to identify a single attorney as the author or recipient of those documents.

These privilege logs thus fail to properly describe the nature of the documents Transocean is withholding as required by FRCP 26(b)(5)(A) and Pre Trial Order ("PTO") No. 14 [Dkt. No. 655]. FRCP 26 requires that all information that a party is withholding on the basis of privilege be expressly claimed and described in such a manner that would enable other parties to assess the applicability of the privilege or protection. FRCP 26(b)(5)(A)(i)-(ii). PTO No. 14 further identifies what information is to be included on the privilege log and specifically requires that all attorneys who are authors, signatories or recipients of withheld documents be identified. PTO No. 14, ¶ 3 (e). Therefore, to the extent that Transocean continues to claim that any of the documents are privileged, BP requests that Transocean revise each such entry on its privilege

**KIRKLAND & ELLIS LLP**

Steven L. Roberts
Carter L. Williams
Kerry J. Miller
July 6, 2011
Page 3

logs naming "DWH Investigation Team" to identify the actual individuals who authored the document.

On these bases, BP requests that Transocean immediately produce all documents relating to Transocean's internal investigation where Transocean has claimed that such documents are protected by the work product privilege, including but not limited to the documents listed in the following entries in Transocean's privilege logs: 45, 47, 52-53, 59, 64, 68-69, 77-78, 82-86, 88-89, 91, 93-95, 101-103, 108, 110-112, 117-118, 122, 132-144, 145-146, 149, 151-172, 176-258, 260-322, 423, 425-439, 440-449, 452-493, 495-550, 553, 558-560, 562-575, 579-597, 614-767, 769-770, 772-776, 779-789, 796-892, 907-913, 933-934, 938-939, 943-945, 947, 949, 972-979, 981, 985-987, 989-1021, 1024-1026, 1028-1031, 1036-1039, 1041-1042, 1045-1050, 1053, 1063-1068, 1073-1074, 1091-1092.  To the extent that you refuse to produce any of the documents described above, BP requests pursuant to FRCP 37 to meet and confer during the week of July 11, 2011, to discuss any documents that Transocean is unwilling to produce.

Sincerely,

*R. Chris Heck*

R. Chris Heck

cc:  Richard C. Godfrey, P.C.
     Andrew Langan, P.C.
     Barry E. Fields, P.C.
     Don K. Haycraft