# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

R. Chris Heck
To Call Writer Directly:
(312) 862-3030
r.chris.heck@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 8, 2011

**BY ELECTRONIC MAIL
AND FIRST CLASS MAIL**

Carter L. Williams
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002

Re:   *Transocean Privilege Logs in In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Carter:

I write regarding two categories of issues with Transocean's Seventh Supplemental Privilege Log. *First*, Transocean's privilege log continues to include entries that are improper for the reasons described in my July 6, 2011 letter and subsequent letters, namely entries that (1) claim work product protection over documents related to Transocean's internal investigation, which has been waived because of Transocean's publication of its investigation report, and (2) list only the "DWH Investigation Team" as the author, without identifying the actual individuals who created the document. *Second*, this letter describes how the supposed "deficiencies" listed in your August 3, 2011 letter concerning BP's privilege logs are present in Transocean's own privilege log.

### A.   Transocean's Privilege Log Asserts Invalid Privilege Claims Over Documents Related To Its Internal Investigation.

On July 6, 2011 I sent you and your colleagues a letter explaining that (1) under applicable case law, Transocean's disclosure of its internal investigation report waived any work product privilege that might have applied to the underlying documents; and (2) Transocean's privilege log improperly listed only "DWH Investigation Team" as the author in numerous entries. The BP Parties requested production of all documents in these two categories. After additional correspondence on these issues from Transocean to the BP Parties on July 15 and July 20 and from the BP Parties to Transocean on July 15 and July 21, the Court ordered Transocean to produce a revised privilege log by July 28. We have now reviewed Transocean's Seventh Supplemental Privilege Log, and it continues to raise the same issues as described in my July 6 letter and subsequent correspondence.

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

Carter L. Williams
August 8, 2011
Page 2

Specifically, we reviewed Transocean's privilege log for documents (i) related to Transocean's internal investigation, (ii) where the only claim of privilege is work product, and (iii) whose description does not assert that they were prepared at the direction of counsel. (This last condition was applied because, as explained in my July 6 letter, the BP Parties do not seek documents that fall within FRCP 26(b)(3)(B)). Hundreds of documents on Transocean's privilege log come within these parameters, including 48, 66-66b, 67, 71-75, 77, 79, 79a, 81, 90, 92, 96-101a, 107, 108, 108a, 115, 116, 119-122, 131-135, 139, 140-142, 150, 154, 161, 165, 173-175, 192, 201, 221-224, 226, 231, 234, 241, 243, 244, 319, 320, 327-329, 333, 336-342, 348-393, 395-404, 407-410, 412-416, 419, 423-426, 445, 493-511, 523-525, 532, 537, 552, 556, 576, 577, 578, 585-587, 589-591, 594, 598-609, 622, 623, 758-767, 769, 770, 772-776, 796-817, 1040-1042, 1045-1050, 1054, 1055, 1058-1062, 1069-1072, 1078, 1085, 1091, 1092, 1096, 1099-1104, 1107-1111, 1114, 1126, 1128, 1133, 1139, 1140, 1143, 1144, 1146-1149, 1379, 1593, 1985, 1986, 1988-1990, 1992, 1994, 1995, 1997, 2172, 2183, 2231, 2233, 2236, 2237, 2300, 2490, 2491, 2578, 2585, 2586, 2625. For the reasons described in my July 6 letter and subsequent correspondence, any work product privilege over such documents has been waived. The BP Parties request that Transocean immediately produce such documents.

Similarly, Transocean's current privilege log contains several hundred entries where the author is listed only as "DWH Investigation Team," including 122, 154, 161, 165, 192, 201, 215, 221, 222, 223, 224, 226, 231, 234, 241, 243, 244, 319, 320, 423, 425, 426, 445, 479, 480, 486, 487, 489, 492, 493, 495, 496-511, 519, 523-527, 532, 537, 558-560, 562, 563, 565-568, 585-587, 589, 590, 591, 594, 615, 622, 623, 628, 629, 633-635, 637-647, 653, 655-658, 660, 661, 663-678, 681, 682, 753-767, 769, 770, 772-776, 779-789, 796-817, 907-913, 933, 934, 938, 939, 943-945, 947, 949, 972-979, 981, 985-987, 989, 990-1021, 1024-1026, 1028-1030, 1031, 1036-1039, 1041, 1042, 1091, 1092, 1192, 1205, 1211, 1229, 1231, 1274-1281, 1285, 1289, 1290, 1292, 1302, 1303, 1305, 1309, 1313-1315, 1319, 1325, 1326, 1330, 1347-1349, 1353, 1354, 1359, 1362, 1363, 1366, 1369, 1370, 1375-1378, 1380-1395, 1398, 1400-1409, 1418, 1433, 1435, 1463, 1464, 1470, 1473, 1474, 1494-1496, 1498, 1542, 1545, 1548, 1566-1578, 1581-1587, 1589-1591, 1593-1595, 1597, 1601, 1602, 1613-1618, 1623-1625, 1627, 1628, 1646, 1655-1657, 1659, 1661-1670, 1673, 1674, 1676-1679, 1682, 1683, 1690-1703, 1710, 1714-1717, 1719-1741, 1764, 1769, 1771, 1773-1775, 1777-1783, 1786-1793, 1795-1798, 1801, 1802, 1809-1817, 1820, 1821, 1825, 1826, 1828-1841, 1845, 1847, 1853, 1856, 1859, 1860, 1867, 1868, 1878-1883, 1886-1889, 1891, 1892, 1896, 1897, 1899-1926, 1928, 1929, 1931-1933, 1936, 1947-1949, 1952-1954, 1962, 1966-1973, 1975, 1976, 1980-1990, 1992-1997, 2000, 2001, 2005-2015, 2020, 2022-2041, 2042, 2046, 2047, 2102-2115, 2352, 2400, 2401, 2888, 2973. For the reasons described in my July 6 letter, and as noted again in my July 21 letter, the failure to list the individual authors prevents the BP Parties and others from determining whether a valid privilege is being asserted. Therefore, any privilege is waived and the BP Parties likewise request that Transocean immediately produce these documents.

**KIRKLAND & ELLIS LLP**

Carter L. Williams
August 8, 2011
Page 3


Please let me know promptly whether Transocean will produce the documents described in the two proceeding paragraphs. If Transocean will not do so, please let me know pursuant to Federal Rule of Civil Procedure 37 whether you believe we need to meet and confer further on these issues.

**B.   Transocean's Privilege Log Is Full Of The Same Alleged "Deficiencies" Of Which Transocean Accuses BP.**

Alex Pilmer has sent a separate letter to you addressing Transocean's arguments against BP's privilege logs. To the extent that Transocean nevertheless seeks to pursue the claims in your August 3 letter against BP, the BP Parties request a meet and confer regarding the same deficiencies in Transocean's privilege log and reserve all other rights.

**1.   Allegations Concerning Privilege Assertions Over Documents Without Any Indication of Attorney Involvement.**

Part I of your August 3 letter ("Documents Distributed Between or Among Non-Lawyers") asserts that BP's privilege logs "claim attorney-client privilege on hundreds of documents for which there is no indication that an attorney was involved." You complain of entries for documents that "identify no attorney, are not attachments to emails where an attorney is listed, nor state that the document was prepared at the request of an attorney." Yet Transocean's privilege logs are strikingly deficient in these same respects:

Transocean's most recent privilege log includes over one thousand entries – approximately 40% of the entire log – for which Transocean claims attorney-client privilege, yet which do not appear to identify an attorney as either the author or a recipient. *See, e.g.,* entries 1154-1156, 1164, 1168, 1170, 1174, 1176, 1178, 1179, 1182-1190, 1192, 1193, 1196-1198, 1200-1202, 1208, 1209, 1211, 1212, 1224, 1225, 1227-1230, 1233, 1234, 1239, 1241-1260, 1262-1280, 1283-1301, 1303, 1306-1309, 1311, 1312, 1316-1329, 1331-1352, 1354, 1356-1375, 1381, 1392-1406, 1411-1413, 1415-1432, 1435, 1436, 1438-1448, 1450, 1451, 1453-1472, 1474-1581, 1583, 1585-1591, 1595, 1597, 1598, 1600-1671, 1673, 1678-1680, 1682, 1683, 1686-1694, 1696-1703, 1710-1712, 1714-1718, 1721-1783, 1788-1817, 1825-1827, 1830, 1838, 1844, 1845, 1847, 1849, 1851, 1854-1858, 1861-1864, 1867-1885, 1892-1946, 1950-1954, 1962, 1966-1975, 1977-1981, 1998, 1999, 2002-2004, 2007-2014, 2016-2020, 2022-2040, 2043-2045, 2048-2082, 2102-2109, 2113-2115, 2123-2125, 2134, 2135, 2139-2141, 2143, 2144, 2148-2150, 2153-2159, 2164-2166, 2173, 2182, 2195, 2200, 2201, 2234, 2235, 2245-2247, 2254-2266, 2268, 2269, 2271, 2274, 2275-2277, 2278, 2282, 2283, 2286, 2288, 2290, 2295, 2297, 2303, 2305, 2312, 2314-2320, 2322-2324, 2326, 2328, 2335, 233 -2340, 2344-2346, 2354, 2370-2372, 2374-2376, 2378-2380, 2382, 2385, 2387, 2395, 2396, 2399-2403, 2407, 2409-2415, 2417, 2421-

# KIRKLAND & ELLIS LLP

Carter L. Williams
August 8, 2011
Page 4


2423, 2426, 2431-2437, 2446-2449, 2458, 2461, 2473, 2475, 2477-2484, 2486-2489, 2493-2502, 2504-2508, 2511, 2513-2521, 2524, 2526, 2531-2535, 2537, 2538, 2541, 2546, 2547, 2556, 2557, 2559, 2562-2568, 2570, 2571, 2579, 2584, 2587, 2588, 2589, 2595, 2597, 2598, 2600-2604, 2607, 2610, 2612, 2615-2622, 2624, 2626-2632, 2633, 2636-2645, 2649-2651, 2662, 2663, 2666, 2669, 2670, 2671, 2680, 2697, 2699, 2700, 2703, 2704, 2707, 2710-2720, 2723, 2725, 2728, 2755, 2759, 2763, 2768, 2772-2774, 2776-2779, 2787-2790, 2794, 2796, 2800, 2801, 2806, 2809-2811, 2822, 2823, 2828, 2831, 2834, 2867-2883, 2890-2892, 2915, 2943, 2944, 2946, 2950, 2962, 2964, 2966, 2970, 2971, 2973. For approximately 76 of the documents for which Transocean asserts attorney-client privilege, Transocean has left the author and the recipient fields blank. *See, e.g.,* entries 2149, 2150, 2154, 2156, 2158, 2166, 2195, 2201, 2246, 2255, 2257, 2262, 2265, 2269, 2271, 2275, 2277, 2278, 2283, 2286, 2288, 2290, 2297, 2315, 2318-2320, 2323, 2328, 2340, 2345, 2371, 2372, 2374, 2378, 2380, 2399, 2417, 2426, 2432, 2437, 2447, 2480, 2489, 2513, 2546, 2559, 2562, 2565, 2571, 2624, 2699, 2710-2719, 2720, 2763, 2779, 2788, 2789, 2794, 2800, 2806, 2809, 2811, 2944, 2946, 2964, 2970. More than 50 entries describe a document as "reflecting legal advice," but fail to identify whose legal advice they reflect. *See, e.g.,* entries 1291, 1293-1295, 2108, 2112, 2120, 2125, 2134, 2148, 2153-2155, 2156, 2166, 2173, 2182, 2201, 2245, 2256, 2257, 2268, 2269, 2274-2276, 2286, 2303, 2314-2318, 2322-2324, 2346, 2376, 2379, 2380, 2384, 2395, 2407, 2411, 2421, 2426, 2513, 2595, 2597, 2645, 2649, 2650, 2666, 2800, 2822, 2823. Moreover, Transocean asserts attorney-client privilege for approximately 294 documents where the author is described as the "DWH Investigation Team" rather than an individual, much less an individual attorney. *See, e.g.,* entries 1192, 1211, 1229, 1274-1280, 1285, 1289, 1290, 1292, 1303, 1309, 1319, 1325, 1326, 1347-1349, 1354, 1359, 1362, 1363, 1366, 1369, 1370, 1375, 1381, 1392-1395, 1398, 1400-1406, 1418, 1435, 1463, 1464, 1470, 1474, 1494-1496, 1498, 1542, 1545, 1548, 1566-1578, 1581, 1583, 1585-1587, 1589-1591, 1595, 1597, 1601, 1602, 1613-1618, 1623-1625, 1627, 1628, 1646, 1655-1657, 1659, 1661-1670, 1673, 1678, 1679, 1682, 1683, 1690-1694, 1696-1703, 1710, 1714-1717, 1721-1741, 1764, 1769, 1771, 1773, 1774, 1775, 1777-1783, 1788-1793, 1795-1798, 1801, 1802, 1809-1817, 1825, 1826, 1830, 1838, 1845, 1847, 1856, 1867, 1868, 1878-1883, 1892, 1896, 1897, 1899-1926, 1928, 1929, 1931-1933, 1936, 1952-1954, 1962, 1966-1973, 1975, 1980, 1981, 2007-2014, 2020, 2022-2040, 2102-2109, 2113-2115, 2400, 2401, 2973. As Transocean's privilege log contains approximately 1186 documents for which Transocean now claims attorney-client privilege, these 294 "DWH Investigation Team" assertions of privilege (none of which identifies an attorney author) constitute almost a quarter of Transocean's assertions of attorney-client privilege.

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 8, 2011
Page 5

### 2. Allegations Concerning Documents Sent by a Non-Lawyer to Both Non-Lawyers and Attorneys.

Part II of your August 3 letter complains that "BP has claimed attorney-client privilege over hundreds of documents that were sent to both lawyers and non-lawyers." Yet Transocean's own privilege log lists dozens of entries from a non-lawyer to both lawyers and non-lawyers. *See, e.g.,* entries 1-3a, 9, 11, 16, 18, 20-22, 1093, 1177, 2238, 2241, 2243, 2272, 2285, 2289, 2294, 2296, 2298, 2327, 2329-2332, 2377, 2386, 2398, 2404, 2408, 2416, 2503, 2512, 2573, 2594, 2596, 2623, 2667, 2696, 2698, 2743, 2747, 2748, 2751, 2753, 2754, 2756-2758, 2762, 2764, 2767, 2769, 2770, 2771, 2775, 2780-2783, 2799, 2802, 2803, 2805, 2807, 2808, 2884, 2945, 2955, 2963, 2965. Moreover, as such a large proportion of Transocean's privilege log entries lists only the "DWH Investigation Team" and fails to identify *any* individual authors or recipients, the actual number of cases where Transocean has asserted privilege over communications directed to both non-lawyers and lawyers likely is higher than what the BP Parties can currently ascertain.

### 3. Allegations Concerning Documents Sent to Third Parties (Other than Transocean or its Attorneys).

Part III of your August 3 letter complains that "BP has claimed attorney-client privilege on documents that appear to have been sent to third parties." Yet Transocean's own privilege log asserts privilege over documents sent to parties outside of Transocean or its attorneys. These documents include entries 2346 and 2409, for which Transocean claims attorney-client privilege, sent respectively to Greg Childs at West Engineering and Brian Kennedy at FTI Consulting. *See also, e.g.,* entries 2346, 2396, 2409, 2422, 2504, 2600, 2602, 2641, 2651, 2662, 2663, 2723, 2828, 2892, 2943, 2955. Again, given Transocean's failure to identify any recipients whatsoever for a large proportion of its privilege log, the number of entries for which Transocean has claimed privilege over documents directed to third parties is likely higher.

### 4. Allegations Concerning Insufficient Descriptions and Detail of Subject Matter and Attorney Involvement.

Part IV of your August 3 letter complains that "BP's privilege descriptions are insufficient and lack detail" and are "generic and brief." For example, you complain that BP's logs refer to "contractual issues," "contractual matters," "contractual negotiations," etcetera. But Transocean's own privilege log uses descriptions that are more "generic and brief" for its entries. These include, for example:

- "Communication re: DWH Investigation prepared in anticipation of litigation";

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 8, 2011
Page 6

- "Memorandum re: DWH Investigation prepared at the direction of counsel in anticipation of litigation";

- "Memorandum re: DWH equipment prepared at the direction of counsel in anticipation of litigation";

- "Spreadsheet re: well operations data prepared in anticipation of litigation";

- "Draft memorandum prepared at direction of attorney in anticipation of litigation regarding well operations"; and

- "Draft presentation prepared at the request of counsel to assist with Congressional proceedings and in anticipation of litigation."

Moreover, a number of Transocean's entries simply state: "Draft report prepared under supervision of counsel and in anticipation of litigation" or "Checklist for draft report prepared under supervision of counsel and in anticipation of litigation" -- giving no clue of the subject matter of the document. For these entries, in the words of your August 3 letter, "It is impossible to determine whether such documents are privileged or even relevant."

Similarly, your complaint that the BP Parties' privilege logs "do[] not explain how the attorney's advice relates to that document" is belied by Transocean's own privilege log entries. Transocean's log repeatedly uses terms such as "prepared in anticipation of litigation" or "prepared at direction of attorney" without further explanation. *See, e.g.,* entries 1283-1288, 1292, 1296-1301, 1306, 1312, 1321, 1322, 1324, 1326-1329, 1357, 1360, 1361, 1364, 1367, 1372, 1374, 1381, 1392, 1394, 1396, 1397, 1399-1405, 1415, 1420, 1427, 1436, 1438-1446, 1457-1459, 1461, 1462, 1465-1487, 1489-1494, 1496-1547, 1549-1580, 1588, 1605-1609, 1690-1703, 1723-1741, 1796, 1814, 1815, 1830, 1879, 1893-1897, 1899-1926, 1937-1944, 1951, 1966-1975, 1998, 1999, 2002-2004, 2007-2014, 2016-2020, 2022-2040, 2043-2045, 2103-2107, 2109. In sum, Transocean's privilege log is less detailed than the logs served by BP.

### 5. Allegations Concerning Assertion of Privilege over "Business-Type Documents."

On page 5 of your August 3 letter you assert that the BP Parties have claimed privilege over "business-type documents" (for example, documents relating to "human resources issues," "press releases," and "media matters"), and question whether such documents actually sought legal advice or were merely "sent to an attorney directly or indirectly." Once again, Transocean's privilege logs similarly contain numerous entries indicating "business-type

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 8, 2011
Page 7

documents" without any apparent basis for privilege, such as "Draft report re: worldwide fleet," "Draft checklist re: rig transfers," "Draft application to UK Office of Fair Trading," and "Communication re media issues." *See, e.g.,* entries 1-5e, 7a, 11-15a, 23, 24, 1183, 1185, 1187, 1189, 2238, 2241, 2272, 2305, 2382, 2401, 2410, 2556, 2867-2876.

Please call me if you have any questions.

Sincerely,

R. Chris Heck

cc: Richard C. Godfrey, P.C.
Andrew Langan, P.C.
Barry E. Fields, P.C.
R. Alexander Pilmer
Don K. Haycraft
Rachel Clingman
Kerry J. Miller