# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 17, 2011

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re: Transocean's Refusal To Produce Custodians and Search Terms in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

Following up on the August 12 discovery conference and the discussion of motions to compel, BP America Production Company and BP Exploration & Production Inc. (the "BP Parties") request to have an issue added to this week's conference: Whether Transocean should be required to disclose the custodians and search terms it has used in its document collection, so that the Court and other parties can verify whether Transocean has conducted a reasonable search for documents. The BP Parties believe that this is a straightforward issue that can be resolved without a formal motion, though also are prepared to file a motion to compel on August 22 if the Court so desires.

As this Court knows, BP has disclosed the search terms and custodians it is using in document production. Other parties such as the United States and Anadarko have done the same. Nevertheless, Transocean has refused to provide this information despite multiple requests from the BP Parties through letters to Transocean's counsel on July 13 and August 1, 4, 10, and 16.

Transocean's refusal to provide its custodians and search terms violates this Court's orders as well as prevailing case law. PTO 16 requires the parties in this litigation to disclose their custodians and search terms. Dkt. No. 686. Under PTO 16, "[t]he parties will produce potentially-relevant ESI in their possession according to the *agreed* search terms, custodians, and date ranges." *Id.* ¶ 13 (emphasis added). For a party's search terms and custodians to be "agreed," the party must disclose what they are.

The language of PTO 16 requiring disclosure is reinforced by precedent. "Selecting search terms and data custodians should be a matter of cooperation and transparency among

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 17, 2011
Page 2

parties and non-parties." *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010). A party's "failure to promptly disclose the list of employees or former employees whose emails it proposed to search and the specific search terms it proposed to be used for each individual violate[s] the principles of an open, transparent discovery process." *Id.* at 929. Thus, courts have required a producing party to provide "a detailed explanation of the search protocol it implements," including the disclosure of custodians and search terms. *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006); *see also In re Facebook PPC Advertising Litig.*, No. C09-03043 JF (HRL), 2011 WL 1324516, at *2 (N.D. Cal. Apr. 6, 2011) ("Facebook shall meet and confer with Plaintiffs about the search terms that Facebook has used, and will use, with respect to its search of electronic documents"); *DeGeer*, 755 F. Supp. 2d at 929 (noting that "Defendants should not have had to file a motion to compel to obtain disclosure of the custodians Huron identified and the search terms it developed for its production . . . in response to Defendants' subpoena"). Transocean should comply with PTO 16 and these principles of cooperation by doing what other parties have done – disclosing their search terms and custodians.

Transocean has raised two arguments to excuse its failure to provide this information, both of which are meritless. Transocean has claimed that an interrogatory is required to obtain search terms and custodians, but there is no legal support for this proposition. Cases such as *DeGeer*, 755 F. Supp. 2d at 929, and *Facebook*, 2011 WL 1324516 at *2, do not mention interrogatories in the context of requiring a producing party to disclose its search terms and custodians. Providing such information is inherent in responding to document requests seeking ESI, and does not require a separate interrogatory.

Transocean has cited *Treppel*, 233 F.R.D. at 373, and *Bellinger v. Astrue*, No. CV-06-321 (CBA), 2009 WL 2496476 (E.D.N.Y. Aug. 14, 2009), to support its claim that interrogatories are required, but both cases are inapposite. Neither *Treppel* nor *Bellinger* holds that a party must serve interrogatories to require the producing party to disclose the custodians and search terms it is using for document production. In *Treppel*, the plaintiff submitted a proposed document retention questionnaire that "set forth a series of inquiries about the manner in which the responding party maintained its electronic information," which the court treated as interrogatories and required defendant to answer. 233 F.R.D. at 373-74. There is no indication that a producing party must receive such a questionnaire or interrogatories (which in any case concerned document retention rather than search terms and custodians) before it is required to comply with its duties of cooperation and transparency. In *Bellinger*, the court denied a plaintiff's motion to compel answers to a number of multi-part interrogatories "seek[ing] information that is both very detailed and technically complex" concerning defendant's electronically stored information, including "technical information about computers used by" particular employees of the defendant, as well as detailed information on the manner and results of each individual document search carried out by the defendant. 2009 WL 2496476 at *6-7.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 17, 2011
Page 3

Moreover, the court additionally concluded that "the information sought" by these interrogatories was "unlikely to be of significant value, especially in light of the discovery that defendant has already provided." *Id.* at *7-9 (noting that in "prior motion practice, plaintiff was provided with information about the manner in which defendant stored emails" through declarations submitted by defendant). The BP Parties are not asking Transocean for complex technical information, but simply the custodians and search terms that other parties have produced and whose disclosure is required by order and precedent.

Transocean also has argued that, instead of disclosing its search terms and custodians, the BP Parties should be required to propose search terms to Transocean. To begin with, this Court and other parties cannot evaluate the sufficiency of Transocean's search efforts without knowing the search terms and custodians that *Transocean* has used. Such disclosure is required by PTO 16 ¶ 3 as well as the case law cited previously.

In addition, at this stage of the case, Transocean's proposed process would be inefficient. Transocean relies on PTO 16 for this argument, but that order states that "*Plaintiffs* shall provide Defendants with an initial listing of search terms ... ." PTO 16 ¶ 13 (emphasis added). The BP Parties are not the plaintiffs in this case. Notably, the BP Parties have asked Transocean whether Plaintiffs proposed search terms to Transocean, but have not received a response.

Moreover, PTO 16 contemplated plaintiffs providing defendants with search terms early in the case, before significant document production had taken place. By contrast, at this advanced point in discovery Transocean already has produced documents. And Transocean was producing documents in response to other parties' requests at the same time that it was attempting to block the BP Parties from conducting any written discovery of Transocean, an attempt the Court denied on June 21, 2011 when it rejected Transocean's motion for a protective order. Dkt. No. 2963. In these circumstances, the most feasible and reasonable approach is for Transocean to disclose its search terms and custodians as other parties have done.

Nor would disclosure of such custodians and search terms impose any burden on Transocean. Such information must be ready at hand if Transocean has conducted reasonable searches for documents responsive to the BP Parties' requests for production. Any burden on Transocean would be greatly outweighed by the value to the BP Parties and other parties of obtaining such information. *See Treppel*, 233 F.R.D. at 373 ("The cost of responding to the plaintiff's inquiries is likely to be modest and certainly pales in comparison to the millions of dollars that each side alleges to have lost as a result of the other's depredations.") The BP Parties, the United States, and Anadarko have been able to produce such information, and there is no reason Transocean cannot do so. Knowing Transocean's custodians and search terms is

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 17, 2011
Page 4

necessary to determine whether Transocean has complied with its obligations to conduct a reasonable search for documents.

Therefore, the BP Parties request that this issue be added to this Friday's agenda, and that Transocean be required to disclose the custodians and search terms it has used for its document production.

Sincerely,

J. Andrew Langan, P.C.

cc:  Plaintiffs Liaison Counsel
     Defense Liaison Counsel
     Mike Underhill
     Hon. Attorney General Luther Strange
     Cory Maze
     Donald E. Godwin
     James P. Roy
     Stephen J. Herman
     Mike O'Keefe
     Robert Cunningham