

SUTHERLAND ASBILL & BRENNAN LLP
First City Tower
1001 Fannin, Suite 3700
Houston, TX 77002-6760
713.470.6100  Fax 713.654.1301
www.sutherland.com

**CARTER L. WILLIAMS**
DIRECT LINE: 713.470.6126
E-mail: carter.williams@sutherland.com

August 18, 2011

VIA E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
United States District Judge
500 Poydras Street, Room B345
New Orleans, LA  70130

> Re:   Search Terms and Custodians in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

This letter responds to BP's letter regarding the search terms and custodians Transocean is using to search for documents responsive to BP's discovery requests.  BP's letter mischaracterizes Transocean's position in a number of ways and appears to be yet another attempt by BP to push the discovery boundaries established by the Court to the disadvantage of Transocean.  *See* July 26, 2011 Order denying BP's discovery requests served on Transocean (Doc. 3459).

First, there is no merit to BP's suggestion that Transocean has violated PTO 16.  Quite the opposite, Transocean has offered three times to meet and confer with BP to attempt to agree on search parameters and to consider "*any* search parameters" that BP wished to propose for use in locating documents responsive to BP's requests for production.  First, in an August 3, 2011 letter, Transocean offered to review "any search parameters that [BP] would like us to consider using…and discuss at [BP's] convenience."  On August 9, Transocean again asked BP's counsel to "provide BP's proposed search parameters as soon as possible so that we may review and subsequently schedule a productive meet and confer".  Most recently, on August 15, Transocean offered:  "If you are able to provide your desired parameters by COB Tuesday, August 16, we will review and be prepared to meet and confer regarding any necessary adjustments on Thursday, August 18, at 4:00 pm central."

Despite Transocean's repeated offers to engage in a productive discussion regarding search parameters, BP has failed to suggest even a single search term or custodian.  BP attempts to justify this failure by claiming that it would be inefficient for BP to propose search parameters for use in locating documents responsive to its document requests.  This claim is disingenuous.  Counsel for BP drafted their document requests and are in the best position to make the first proposal regarding search terms.  Transocean's suggestion that BP propose search parameters is

also analogous to the procedure set forth in PTO 16, which required the party requesting documents—at that point, plaintiffs—to make the first proposal regarding search terms relating to their document requests; the receiving party would then propose modifications in subsequent discovery conferences.  *See* PTO 16 at ¶ 13.  BP also overstates its lack of knowledge regarding Transocean's search parameters, as Transocean's document productions are accompanied by metadata that identifies the custodian(s) of each document produced.  If BP believes these custodians are somehow deficient, they already have the information they need to raise that issue.

BP served its document requests months ago and has had ample opportunity to consider its desired search parameters.  Moreover, BP could have timely served an interrogatory seeking the information requested in its July 13 letter.  There can be no question that these requests that Transocean (1) "identify by name and title the custodians whose documents are being searched, as well as descriptions of the databases being searched" and (2) "identify the search terms being used to conduct such searches, as well as the particular custodians and databases where such search terms are being applied," are interrogatories.  *See, e.g.*, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 373 (S.D.N.Y. 2006).[1]  There is also no question that these requests are untimely under the Court's July 18, 2011 Order (providing that no party may serve any further Phase One written discovery, including interrogatories, without leave) and July 26, 2011 Order Granting Transocean's Motion for Protective Order ("In the context of the June 21, 2011 order denying Transocean's alternative request for leave to serve written discovery on BP, the discovery filed by BP on July 1, 2011 was not timely.").

To date, Transocean has produced more than 5.3 million pages of documents responsive to hundreds of document requests from the PSC, Anadarko, MOEX, Halliburton, the United States, and BP, and is continuing to search for and produce non-privileged responsive documents.  There can be no question that these efforts meet and in fact greatly exceed Transocean's discovery obligations.  Nevertheless, and notwithstanding how late in the Phase One discovery process BP's request to discuss search terms comes, Transocean has remained willing, and three times offered, to consider any search protocols BP wishes to propose.  The only thing Transocean has refused to do is answer untimely discovery requests.

In conclusion, BP's failure to suggest even a single search term or custodian, despite Transocean's repeated offers to engage in a productive discussion regarding search parameters suggests that BP is not interested in good faith negotiations, but rather seeks to further its agenda of extending Phase I fact discovery.  The Court should not tolerate these tactics.

---

[1] In *Treppel*, plaintiff sent defendant a questionnaire and supplementary inquiries requesting defendant's electronic discovery protocols.  The court ruled that no matter the label, the plaintiff's requests "are best characterized as interrogatories."  *Bellinger v. Astrue* also follows this standard, ruling that the plaintiffs' requests for the defendant's search protocols, including the custodians and the search terms, were overly burdensome and unlikely to be of significant value in light of the discovery the defendant had already produced.  No. CV-06-321 (CBA), 2009 WL 2496476, at *6, 7 (E.D.N.Y. Aug.14, 2009).

The Honorable Sally Shushan
August 18, 2011
Page 3 of 3

        Thank you for the Court's consideration.

                                        Sincerely,

                                        Carter L. Williams

cc:    Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Corey Maze
        Donald E. Godwin
        James P. Roy
        Stephen J. Herman
        Mike O'Keefe
        Robert Cunningham
        J. Andrew Langan