# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 22, 2011

**VIA E-MAIL**

Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA 70130

Re:  In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I write regarding the State of Louisiana's lack of compliance with BP's Phase One document requests. Although BP has diligently attempted to reach a resolution with Louisiana—including providing the State with a list of state agencies to be searched, a list of custodians, and a list of search terms and date ranges keyed to BP's discovery requests—the State has not taken sufficient actions to search for and produce responsive documents in its possession, custody, and control. Louisiana has unilaterally decided to search for documents in response to only five of BP's 70 document requests, to search in most cases for documents only created during the period of April 19, 2010 to April 23, 2010, and to search only five State agencies.

Louisiana does not contend that it does not have additional responsive Phase One documents, or that its limited search protocol will identify all such documents, but instead simply refuses to take additional steps to identify and produce responsive documents. BP therefore respectfully requests that the Court order the State of Louisiana to produce all non-privileged documents responsive to BP's Phase One discovery requests by September 9, and that, in diligently searching for those documents, it should use the lists of state agencies, search terms, date ranges, and individual custodians that BP previously sent the State. (Attached as Exs. A & B.)[1]

On April 29, 2011, BP served its written discovery, including 70 requests for documents, on the state and local government plaintiffs. Consistent with previous orders of the Court, these

---

[1] The exhibits attached to this letter omit certain e-mail attachments not specifically related to BP's discovery dispute with Louisiana.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

Honorable Sally Shushan
August 22, 2011
Page 2

requests were directed to Phase One and "focused on the activities and events leading up to and including [the] April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig." (CMO 1 (Doc. 569) at 8-9; *see also* June 15, 2011 Order (Doc. 2763) ("[T]he States' production shall presently be limited to documents, materials, and information relating to the loss of well control at the Macondo well and the ensuing fire and explosion on the MODU Deepwater Horizon on April 20, 2010, the sinking of the vessel on April 22, 2010, and the initiation of the release of oil from the Macondo well during those times, which are at issue in Phase One of the February 2012 trial.").) On June 20, Louisiana served written responses to that discovery and other discovery requests. (Attached as Ex. C.) Most of Louisiana's document request responses consist of the following statement, or one very similar:

> Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.
>
> Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

The State's individual responses varied only slightly. Apart from a few responses referring to 85 pages of documents that Louisiana produced contemporaneously with its responses, Louisiana did not indicate any intention to produce any documents. Louisiana also stated as general objections that its responses were limited to Phase One proceedings and the February 2012 trial; it was not responding on behalf of parishes, parish district attorneys, port authorities, or cities; and it was not responding on behalf of the Attorney General "given the many privileges associated with this office."

Honorable Sally Shushan
August 22, 2011
Page 3

On May 20, 2011, at Louisiana's request and to assist it in fulfilling its obligation to produce documents, BP provided to Louisiana a non-exhaustive list of state agencies that BP believed should be searched in connection with Phase One discovery. (Attached as Ex. A.) On June 27, BP also sent Louisiana a list of individual custodians and a list of search terms and date ranges keyed to BP's document requests. (Attached as Ex. B.)

The parties have conferred on several occasions since BP served its discovery, but despite these discussions, Louisiana has objected to all but a few document requests and objects to conducting any search of the Louisiana Attorney General's office. In its most recent communications to BP, Louisiana states that it is currently employing its own protocol to search for documents. (Attached as Ex. D.) The State's protocol is not responsive to BP's Phase One discovery requests and does not comply with Louisiana's obligations under the Federal Rules.

First, the protocol responds to only five of BP's 70 document requests. In selecting these five requests (seeking documents related to 1) the explosion and fire; 2) firefighting and emergency response; 3) Coastal Zone Management Act consistency determinations for activities conducted by BP; 4) any investigation conducted by Louisiana into the cause of the *Deepwater Horizon* incident; and 5) any investigation into the cause of the *Deepwater Horizon* incident performed for Louisiana), Louisiana is unilaterally limiting its Phase One discovery obligations based on an improperly limited conception of what Phase One discovery covers. This Court ordered "that the States' production shall presently be limited to documents, materials, and information relating to the loss of well control at the Macondo well and the ensuing fire and explosion on the MODU Deepwater Horizon on April 20, 2010, the sinking of the vessel on April 22, 2010, and the initiation of the release of oil from the Macondo well during those times, which are at issue in Phase One of the February 2012 trial." (June 15, 2011 Order (Doc. 2763).) By limiting its search protocol as it has, Louisiana is failing to search for and produce documents related to the following non-exhaustive list of topics that are unquestionably at the heart of Phase One:

- All documents referring or relating to the equipment and safety devices on Transocean's *Deepwater Horizon* rig, including but not limited to the blowout preventer (RFP 6);

- All documents relating or referring to any defendant's or party's alleged failure to remotely monitor well conditions and well data for the MC252 Well (RFP 14);

- All documents referring or relating to the drilling operations for the MC252 Well (RFP 17);

- All documents referring or relating to the cementing of the MC252 Well, including any documents relating to the process of cementing the MC252 Well and the components of the cement slurry (RFP 19);

Honorable Sally Shushan
August 22, 2011
Page 4

- All documents relating or referring to stability tests and evaluations, including but not limited to positive and negative pressures tests and cement bond logs, performed or considered in connection with the MC252 Well (RFP 21);

- All documents referring or relating to any efforts to activate the *Deepwater Horizon*'s blowout preventer, its Emergency Disconnect System, or any other device used to address kicks, well control events, or emergencies (RFP 28);

- All documents related to the involvement of Transocean, Halliburton, Cameron, and other parties in the *Deepwater Horizon* incident (RFPs 5, 29-35); and

- All documents referring or relating to BP's "Deepwater Horizon: Accident Investigation Report," dated September 8, 2010 (RFP 55).[2]

Second, the protocol places improper date limitations on the searched documents; in all but one case, Louisiana will only search a five day period (April 19-23, 2010) centered around the *Deepwater Horizon* incident itself. Documents related to the causes of the *Deepwater Horizon* incident will, of course, predate April 19, 2010. Moreover, given the many investigations and discussions of the incident that arose in its wake, it is clear that responsive documents will also have been created after April 23, 2010.

Third, the State is only searching a limited number of state agencies (the Louisiana Department of Environmental Quality; the Louisiana Department of Public Safety; the Louisiana Oil Spill Coordinator's Office; the Louisiana Department of Wildlife and Fisheries; and the Louisiana Department of Natural Resources), although BP has specifically identified (at the State's request) several others that are likely to have responsive documents. Louisiana has conceded that other agencies have not been searched but has not represented to BP that the agencies on BP's list do not have responsive Phase One documents.

Finally, Louisiana's objection to searching the Attorney General's office for non-privileged responsive documents is likewise without justification. Louisiana has asserted that such a search is inappropriate given the privileges associated with that office, but, again, it has

---

[2] Louisiana has suggested that a few of BP's search terms will cast too wide a net and identify documents that may be relevant to later phases of the trial. It is true that given the overlap between key terms across the phases, some of the search terms may identify documents that are responsive to later trial phases. As is the case with all document productions, Louisiana will have to review the documents identified through the search protocol and identify the documents that are responsive to Phase One, or can elect to produce as well documents that are responsive to Phase Two or Three. Requiring Louisiana to follow this standard practice cannot be seen as unduly burdensome.

not asserted that the office does not have any non-privileged responsive documents or offered any non-conclusory claims of burden.

Louisiana's search protocol bears little relationship to BP's Phase One document requests and the issues that will be covered during the February 2012 Phase One trial. It will identify and retrieve only a small portion of potentially responsive documents. BP respectfully asks that the Court instead direct Louisiana to employ the lists of state agencies, search terms, date ranges, and custodians that BP has previously provided to the State (with the exception of Parish governments).[3] Finally, BP requests that the State be required to also search the office of its Attorney General for non-privileged responsive documents for the time period of April 20, 2009 to September 19, 2010 (the time period employed by the State of Alabama in the search of its Attorney General's office).

That BP's search protocol is appropriate, reasonable, and not unduly burdensome is demonstrated by the fact that BP and Alabama were able to cooperatively agree to nearly all provisions of a search protocol that is essentially identical to the protocol that BP now asks the Court to require Louisiana to follow. Negotiations with Alabama proceeded relatively smoothly, with the parties able to reach agreement on almost all issues. The only disputed issue that needed to be resolved by the Court was the cut-off date for Alabama's Phase One production from its Attorney General's office, which the Court set as September 19, 2010. Alabama searched the list of agencies and custodians provided by BP, including the Alabama Attorney General's office, and produced documents responsive to BP's Phase One document requests.

In contrast, despite the passage of several months and numerous communications, Louisiana has only agreed to make an incomplete production of documents from a limited number of state agencies. Indeed, to date, Louisiana has produced only 217 pages of documents in response to BP's Phase One document requests. This is insufficient under Fed. R. Civ. P. 26 and does not comport with this Court's expectations and directions to the parties that they work in good faith to comply with their discovery obligations and resolve any disputes.

Finally, to the extent Louisiana is relying on its previously asserted general objections, such objections provide no excuse for its failure to produce responsive documents. *See, e.g.*, *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-85 (5th Cir. 1990) (objections that document requests were "'overbroad,' [ ] 'propounded with the intent to harass, delay, and abuse,'" "'irrelevant,'" and in some cases "'privileged'" were insufficient; objecting party "must have a valid objection to each [request] in order to escape the production

---

[3] BP's May 20, 2011 list of state agencies and departments included certain Parish governments. Based on Louisiana's representation to BP that the State lacks jurisdiction and authority to search for and produce documents in the possession, custody, and control of Parish governments, BP is willing to exclude these entities from the State's search.

Honorable Sally Shushan
August 22, 2011
Page 6

requirement"); *In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 2007 WL 1959193, at *6 (E.D. La. June 27, 2007) (Fed. R. Civ. P. 34 "is structured in this way [so as to require that the part of the request that is objected to shall be specified] so that, in combination with Fed. R. Civ. Pro. 26(g)(2) both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made"); *Alonso v. Agrigenetics, Inc.*, No. Civ.A.B-04-005, 2004 WL 2668801, at *2 (S.D. Tex. Nov. 15, 2004) ("The objections to production aver that the requests are irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of relevant evidence…. The defendants' objections are improper. An objection to an interrogatory or request for production must be specific. Simply stating an objection theory is insufficient.").

In its communications with BP, Louisiana has not offered any further clarification as to its general objections, beyond arguing that BP's document requests are not limited to Phase One—which is incorrect as explained above—and making additional conclusory claims that the requested searches are unreasonable and impose an undue burden. *See Quarles*, 894 F.2d at 1485 (noting that conclusory recitation of expense and burdensomeness was insufficient); *Sedtal v. Genuine Parts Co.*, Civ. A. No. 1:08-CV-413-TH, 2009 WL 2216593, at *4 (E.D. Tex. July 23, 2009) ("The recitation of expense and undue burden by the objecting party cannot be merely conclusory."). Accordingly, Louisiana cannot now rely on its general objections to avoid its obligations under the Federal Rules.

The parties are currently at an impasse and have been unable to make further progress in their discussions. BP therefore respectfully requests that the Court require Louisiana to comply with its discovery obligations under the Federal Rules and to produce all non-privileged responsive documents in response to BP's Phase One document requests by September 9, 2011. In doing so, Louisiana should be required to follow the search protocol identified in this letter.

Sincerely,

*/s/ Andrew Langan/*

J. Andrew Langan, P.C.

cc: Plaintiffs' Liaison Counsel
     Defense Liaison Counsel
     Mike Underhill
     Hon. Attorney General Luther Strange

Honorable Sally Shushan
August 22, 2011
Page 7

    Corey Maze
    Allan Kanner
    Lili Petersen