# EXHIBIT A

| | | |
|---|---|---|
| **Andrew Bloomer/Chicago/Kirkland-Ellis** | To | "Allan Kanner" <A.Kanner@kanner-law.com> |
| | cc | Tim Duffy <tduffy@kirkland.com>, dkhaycraft@liskow.com, reholden@liskow.com |
| 05/20/2011 05:40 PM | Subject | Fw: Discovery to States |

Allan:

Attached is a list of Louisiana State agencies and offices that we believe may have documents and information responsive to BP's discovery requests.  We put this list together in a good faith effort to meet your request for such a list and as a convenience to the State.  It is by no means intended to be exclusive or to suggest that there are no other agencies, offices or departments with responsive documents and information.  We reserve the right to supplement the list if it turns out there are additional agencies, offices, and departments that later come to our attention as potentially having relevant documents and materials.

The State of course has the obligation to conduct a diligent and good faith efforts to search for and collect responsive documents and information; we hope the attached is of some assistance in that regard.

Best regards,

--Andrew



BPMC252_1010726_1.docx

Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com

----- Forwarded by Andrew Bloomer/Chicago/Kirkland-Ellis on 05/20/2011 05:23 PM -----

| | | |
|---|---|---|
| **Andrew Bloomer/Chicago/Kirkland-Ellis** | To | Allan Kanner <a.kanner@kanner-law.com> |
| | cc | Lili Petersen <e.petersen@kanner-law.com>, Corey Maze <sg.alabama@gmail.com>, Steve Herman <SHERMAN@hhkc.com>, Tim Duffy <tduffy@kirkland.com> |
| 05/18/2011 10:00 AM | Subject | RE: Discovery to States |

Alan:

     Resending the attachment.  I have no trouble opening this so if there is an issue, let me know. Has anyone else had any problems opening?

     On the issue of a list, I will check to see what information we have.  In the meantime, and to speed the process, please let us know what agencies and departments the State of Louisiana intends to search for documents responsive to BP's discovery.  We will see what we can add to that.

     Thanks

--Andrew

Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com



Search Criteria.XLS



| | |
|---|---|
| **Allan Kanner**<br>**<a.kanner@kanner-law.com>**<br>05/17/2011 07:03 PM | To  'Andrew Bloomer' <abloomer@kirkland.com>, Corey Maze <sg.alabama@gmail.com><br>cc  Tim Duffy <tduffy@kirkland.com>, Steve Herman <SHERMAN@hhkc.com>, Lili Petersen <e.petersen@kanner-law.com><br>Subject  RE: Discovery to States |

Thanks. I cant open the attachment. Some kind of compile error. I can have my IT look at it in the am,. Or maybe you can resend. Also, you were also going to send a list of the agencies you think may have some involvement, eg not the barber commission. Thanks


Allan Kanner
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA  70130
(504) 524-5777 voice
(504) 524-5763  fax

**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Tuesday, May 17, 2011 4:04 PM
**To:** Corey Maze; Allan Kanner
**Cc:** Tim Duffy; Steve Herman

**Subject:** Discovery to States

Corey and Alan:

    Following up on our call yesterday, attached are the search criteria that BP has used in connection with its own production.  This may be useful to you in terms of developing ideas for search criteria to be used in connection with the production of documents by the States.

    Obviously, the States will need to develop their own search criteria to identify and collect documents and information responsive to BP's (and other defendants') discovery requests.  Please circulate your search criteria once developed and we will provide you with our comments regarding same.


Regards,

Andrew

Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com

```
************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************
```

E-Mail Attachment:

BPMC252_1010726_1.docx

**List of Relevant Louisiana State Agencies and Offices for BP's Discovery Requests**
**5/18/11**

1. Department of Culture, Recreation & Tourism
2. Department of Economic Development
3. Department of Environmental Quality
4. Office of the Governor
5. Louisiana Oil Spill Coordinator's Office
6. Department of Health & Hospitals
7. Department of Justice, including but not limited to
   a. Office of the Attorney General
8. Office of Lieutenant Governor
9. Department of Natural Resources
10. Office of Coastal Protection and Restoration
11. Department of Public Safety, including but not limited to
   a. Louisiana State Police
12. Department of Social Services
13. Department of Transportation & Development
14. Department of the Treasury
15. Department of Wildlife & Fisheries
16. Port of New Orleans
17. Port of South Louisiana
18. Parish Governments, including but not limited to:
   a. Cameron Parish;
   b. Iberia Parish;
   c. Jefferson Parish;
   d. Lafourche Parish;
   e. Orleans Parish;
   f. Plaquemines Parish;
   g. St. Bernard Parish;
   h. St. Charles Parish;
   i. St. St. Mary Parish;
   j. Tammany Parish;
   k. Terrebonne Parish;

**Louisiana Offices Included in BP's Discovery Requests**
1. Caernarvon Interagency Advisory Committee
2. Southeast Louisiana Flood Protection Authority-East

# EXHIBIT B

**Marty**
**Basu/Chicago/Kirkland-Ellis**

06/27/2011 09:49 PM

To "Corey Maze" <CMaze@ago.state.al.us>, "Allan Kanner"
<a.kanner@kanner-law.com>

cc "Robert E Holden" <reholden@liskow.com>, "Don K
Haycraft" [dkhaycraft@liskow.com], "Greg L Johnson"
<gljohnson@liskow.com>, "Buddy Cox"
<wcox@lightfootlaw.com>, Andrew
Bloomer/Chicago/Kirkland-Ellis@K&E

Subject Search Term and Custodian Lists


All,

Attached, please find a list of search terms to assist you in BP's document requests.  Also attached are lists of custodians, two per each state .  One list was created from individuals who had  a permanent badge issued in connection with the response and a Louisiana or Alabama state agency listed as their employer.  The other list was created from a list of state agency positions and employees that BP has identified as relevant thus far.  These lists are BP's initial proposed lists pursuant to Magistrate Judge Shushan's order and by no means complete or exhaustive.  We rely on each state to fill in the gaps. Please let us know your thoughts on the lists.

               

ALA and LA Attorney General and Agency Search Criteria.xlsx   Alabama Custodians List A.xls

                  

Alabama Custodians List B.xls   Louisiana Custodians List A.xlsx   Louisiana Custodians List B.xlsx

Marty Basu
Kirkland & Ellis LLP
300 North LaSalle Street · Chicago, IL 60654
+1.312.862.2072 | Fax +1.312.862.2200
marty.basu@kirkland.com

E-Mail Attachment:

ALA and LA Attorney General and Agency Search Criteria.xlsx

| RFP | Request | Search Terms | Beginning Date | Ending Date | Custodians |
|---|---|---|---|---|---|
| 1 | All documents referring or relating to the MC252 Well created on or after January 1, 2008 | "MC252" OR "Mississippi Canyon Block 252" OR "Macondo" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 2 | All documents referring or relating to any application for the MC252 Well filed by BP. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("APD" OR "Application for Permit to Drill") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 3 | All documents referring or relating to the ownership structure of the MC252 Well. | ("MC252" OR "Mississippi Canyon Block 252" OR "Macondo") AND (("ownership" OR "lease" OR "sale") OR ("BP" OR "British Petroleum" OR "Anadarko Petroleum" OR "MOEX")) | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 4 | All documents referring or relating to the Transocean Deepwater Horizon (the "*Deepwater Horizon*" or "rig"). | "Transocean Deepwater Horizon" OR "TO Deepwater Horizon" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 5 | All documents referring or relating to Transocean's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | "Transocean Deepwater Horizon" OR "TO Deepwater Horizon" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 6 | All documents referring or relating to the equipment and safety devices on Transocean's *Deepwater Horizon* rig, including but not limited to the blowout preventer. | ("Transocean Deepwater Horizon" OR "TO Deepwater Horizon") AND ("Blowout Preventer" OR "BOP" OR "Blind Shear" OR "Deadman Switch" OR "Solenoid" OR "Cameron" OR "Wellbore Valve" OR "Uncontrolled flow" OR "Formation Kick" OR "Subsea Stack" OR "Control pods" OR "Hydraulic Ram" OR "Transducer" OR "Annular" OR "Riser" OR "Drill string" OR "redundant" OR "fail-safe" OR "drilling fluid" OR "drilling mud" OR "Cement" OR "Casing" OR "Drill Pipe" OR "Well Integrity" OR "Gate valve") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 7 | All documents referring or relating to the crew and personnel of Transocean's *Deepwater Horizon* rig. | ("Transocean Deepwater Horizon" OR "TO Deepwater Horizon") AND ("crew" OR "personnel") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 8 | All documents referring or relating to regulations, industry standards, or government oversight which apply or relate to Transocean, the *Deepwater Horizon*, or its crew. | ("Transocean" OR "Deepwater Horizon") AND ("regulat*" OR "practice" OR "implement*" OR "standard" OR "review") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 9 | All documents referring or relating to standard policies or procedures, including but not limited to manuals, used by or applying to Transocean's *Deepwater Horizon*. | ("Transocean Deepwater Horizon" OR "TO Deepwater Horizon") AND ("Standard Operating Procedures" OR "SOP" OR "Guidelines" OR "Policies" OR "Policy" OR "Manual") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 10 | All documents relating or referring to any inspection or audit of Transocean's rigs utilized in the Gulf of Mexico from 2008 through today. | ("Transocean Deepwater Horizon" OR "TO Deepwater Horizon") AND ("INC" OR "Incident of Non compliance" OR "Incident of Noncompliance" OR "Enforcement Action" OR "Audit" OR "Inspec*" OR "Infraction" OR "Violation" OR "Corrective Action" OR "American Bureau of Shipping" OR "ABS") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 11 | All documents referring or relating to any inspection, audit or certification of blowout preventers utilized on Transocean's rigs in the Gulf of Mexico created on or after January 1, 2008. | ("Transocean Deepwater Horizon" OR "TO Deepwater Horizon") AND (("BOP" OR "Blowout Preventer") AND "Certif*")) | 1/1/2008 | 4/30/2011 | |

| | | | | |
|---|---|---|---|---|
| 12 | All documents relating or referring to any citations, warnings, notices, Incidents of Noncompliance ("INCs"), admonishments or violations issued to Transocean relating to its operations or training of personnel in the Gulf of Mexico created on or after January 1, 2008. | ("Transocean" OR "TOI" OR "TO Rig") AND ("Audit" OR "Inspection" OR "INC" OR "Incident of Non-compliance" OR "Incidence of noncompliance" OR "Enforcement Action" OR "Engineering Review" OR "Examination" OR "Classification" OR "Surve**" OR "Certificat**" OR "SEMS" OR "Safety Environmental Management System" OR "Admonis**" OR "Violation" OR "Finding" OR "Suspension" OR "Shutdown" OR "Warning" OR "Notice" OR "Corrective Action" OR "Citation" OR "Training" OR "Education" OR "Penalty" OR "Fine" OR "Investigation" OR "Disciplinary Action" OR "Termination" OR "Suspect" OR "Reprimand" OR "Punis**" OR "IG" OR "Liability") | 1/1/2008 | 4/30/2011 | |
| 13 | All documents relating or referring to drilling design, planning, or operations, for deepwater drilling in the Gulf of Mexico, including but not limited to the use or consideration of long string liners, liners with a tie back production casing, lock down sleeves, surface cement plugs, spacers, centralizers, tubular or casing design, drilling fluids, circulation of drilling mud, foam cement slurry, mud gas separators, alternative diverter pipes, acoustic triggers for shutoff valves, and temporary abandonment procedures. | ("Gulf of Mexico" OR "GOM" OR "DWOP" OR "Deepwater Operating Plan") AND ("API Well Design" "Exploration Plan" OR "EP" OR "Long String" OR "Liner" OR ("Tie Back" NEAR "Casing") OR "LDS" OR "Lock Down Sleeve" OR "Cement Plug" OR "Surface Plug" OR ("Spacer" NEAR ("Drilling" OR "Mud" OR "Riser" OR "Negative" Or "Calculations") OR "Centralize**" OR "Centering" OR "Casing Design" OR "Casing Program" OR "Isolating Potential Flow Zones" OR "Tubular" OR "Drilling Flui**" OR "Drilling Mud" OR "Isolating Potential Flow Zones" OR "Borehol**" OR "Hydrostatic Pressure" OR "Formation Fluid" OR "Formation Damage" OR "Water-Based Mud" OR "Viscosity" OR "Polymer" OR "Bentonite" OR "Permeability" OR "Mud Filtrate" OR "Capping" OR "Plugging" OR "Foam Cement" OR "Foamed Cement" OR "mud gas separator" OR ("divert**" NEAR "pipe") OR "acoustic trigger" OR "shutoff valve" OR ("TA" OR "Temporary Abandonment") NEAR ("Guidelin**" OR "Procedur**" OR "Polic**" OR "Practic**" OR "Standar**" OR "Directi**" OR "Repor**" OR "Summar**" OR "Analys**") | 4/20/2005 | 4/20/2010 | |
| 14 | All documents relating or referring to any defendant's or party's alleged failure to remotely monitor well conditions and well data for the MC252 Well. | ("DWH" OR "Deepwater Horizon" OR "MC252" OR "BP" OR "Transocean" OR "TO" OR "GOM" OR ("Gulf" AND "spill")) AND (("testing" OR "monitor!" OR "analysis" OR "study") NEAR (remot*)) | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 15 | All documents relating or referring to the drilling design or planning of the MC252 Well. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("API Well Design" "Exploration Plan" OR "EP" OR "Long String" OR "Liner" OR ("Tie Back" NEAR "Casing") OR "LDS" OR "Lock Down Sleeve" OR "Cement Plug" OR "Surface Plug" OR "Spacer" NEAR ("Drilling" OR "Mud" OR "Riser" OR "Negative" Or "Calculations") OR "Centralize**" OR "Centering" OR "Casing Design" OR "Casing Program" OR "Isolating Potential Flow Zones" OR "Tubular" OR "Drilling Flui**" OR "Drilling Mud" OR "Isolating Potential Flow Zones" OR "Borehol**" OR "Hydrostatic Pressure" OR "Formation Fluid" OR "Formation Damage" OR "Drill String" OR "Polymer" OR "Bentonite" OR "Water-Based Mud" OR "Viscosity" OR "Thixotropic" OR "Permeability" OR "Mud Filtrate" OR "Capping" OR "Plugging" OR "Foam Cement" OR "Foamed Cement" OR "mud gas separator" OR ("divert**" NEAR "pipe") OR "acoustic trigger" OR "shutoff valve" OR ("TA" OR "Temporary Abandonment") NEAR ("Guidelin**" OR "Procedur**" OR "Polic**" OR "Practic**" OR "Standar**" OR "Directi**" OR "Repor**" OR "Summar**" OR "Analys**") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |

| 16 | All documents referring or relating to drilling fluids used in or in connection with the MC252 Well. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("Drilling Flui*" OR "Drilling Mud" OR "Isolating Potential Flow Zones" OR "API Well Design" OR "Borehol*" OR "Hydrostatic Pressure" PR "Formation Fluid" OR "Formation Damage" OR "Drill String" OR "Polymer" OR "Bentonite" OR "Water-Based Mud" OR "Viscosity" OR "Thixotropic" OR "Permeability" OR "Mud Filtrate") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 17 | All documents referring or relating to the drilling operations for the MC252 Well. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("Drilling Operation") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 18 | All documents relating or referring to cementing procedures for deepwater wells, including the design, testing and execution of foamed cement, in the Gulf of Mexico, including all owner, operator or contractor submissions, permit applications, responses to permit applications or other filings reflecting well design details, and all internal or external standards, procedures, policies, best practices, guidelines, directions, instructions, reports, summaries, or analyses. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo" OR "APD" OR "Application for Permit to Drill" OR "RPD" OR "APM" OR "Application for Permit to Modify" OR "ABP" OR "Application to By-pass" OR "RBP" OR "AST" OR "RST") AND ("Cement*" OR "Capping" OR "Plugging" OR "Foam Cement" OR "Foamed Cement" OR "API Well Design") | 4/20/2005 | 4/20/2010 | |
| 19 | All documents referring or relating to the cementing of the MC252 Well, including any documents relating to the process of cementing the MC252 Well and the components of the cement slurry. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("Cement*" OR "Foamed Cement" OR "thickening time" OR "foam density" OR mixability" OR "compressive strength" OR "cement placement" OR ("slurry" NEAR ("component" OR "composition")) | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 20 | All documents relating or referring to policies and procedures for testing and evaluating the stability of a well, including but not limited to the use of positive and negative pressure tests and cement bond logs. | ("DWOP" OR "Deepwater Operating Plan" OR ("well" NEAR "test*")) AND ("Pressure Test" OR "Casing Test" OR "Negative Test" OR "Cement Bond") | 4/20/2005 | 4/0/2010 | |
| 21 | All documents relating or referring to stability tests and evaluations, including but not limited to positive and negative pressures tests and cement bond logs, performed or considered in connection with the MC252 Well. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("Pressure Test" OR "Casing Test" OR "Negative Test" OR "Cement Bond") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 22 | All documents relating or referring to responses to well control events in the Gulf of Mexico. | ("Gulf of Mexico" OR "GOM" OR "DWOP" OR "Deepwater Operating Plan") AND ("Drilling Well Control Even*" OR "Deepwater Well Control Even*" OR "API Well Control Standards" OR (("Blowout" OR "Wild Well" OR "Gusher" OR "BOP") AND ("Response" OR "Contain" OR "OSRP" OR "Contingency"))) | 4/20/2005 | 4/20/2010 | |
| 23 | All documents relating or referring to response to well control events for the MC252 Well. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND ("Drilling Well Control Even*" OR "Deepwater Well Control Even*" OR "API Well Control Standards" OR (("Blowout" OR "Wild Well" OR "Gusher" OR "BOP") AND ("Response" OR "Contain" OR "OSRP"))) | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 24 | All documents referring or relating to the explosions and fire aboard the *Deepwater Horizon*. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("explosion" OR "fire") | 4/20/2010 | 4/30/2011 | |
| 25 | All documents referring or relating to firefighting, emergency response, and rescue efforts in response to the Incident on the *Deepwater Horizon*. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("Rescue" OR "Search" OR "SAR" OR "Firefighting" OR "Fire fighting") | 4/20/2010 | 4/30/2011 | |

| | | | | | |
|---|---|---|---|---|---|
| 26 | All documents referring or relating to personal injury or death that occurred in connection with the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("injury" OR "death" OR "casualty" OR "casualties") | 4/20/2010 | 4/30/2011 | |
| 27 | All documents referring or relating to any effort to cap, seal or collect hydrocarbons from the MC252 Well from April 20, 2010 up to and including April 22, 2010. | (MC252 OR "Mississippi Canyon Block 252" OR "Macondo") AND "hydrocarbons" AND ("cap" OR "collect" OR "seal" OR "relief well" OR "recover*" OR "contain*") | 4/20/2010 | 4/30/2011 | |
| 28 | All documents referring or relating to any efforts to activate the *Deepwater Horizon's* blowout preventer, its Emergency Disconnect System, or any other device used to address kicks, well control events, or emergencies. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("emergency disconnect system" OR "emergency disconnect sequence" OR "EDS" OR "automatic mode function" OR "AMF" OR "remotely operated vehicles" OR "ROV" OR "hot stab" OR "autoshear" OR "Formation Kick") | 10/1/2009 | 4/30/2011 | |
| 29 | All documents referring or relating to Halliburton's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND "Halliburton" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 30 | All documents referring or relating to Cameron's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND "Cameron" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 31 | All documents referring or relating to MI-LLC's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("MI-LLC" OR "M-I Swaco") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 32 | All documents referring or relating to Dril-Quip, Inc.'s involvement, participation or conduct with respect of the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND "Dril-Quip" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 33 | All documents referring or relating to Weatherford's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND "Weatherford" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 34 | All documents referring or relating to Anadarko's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND "Anadarko" | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 35 | All documents referring or relating to MOEX's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Deep water Horizon" OR "Macondo" OR "DWH" OR "MC252") AND ("MOEX" OR "Mitsui") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 36 | To the extent not required by other requests, all documents referring or relating to any other party's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident. | Reasonable search | | | |
| 37 | All documents requested by, or produced in response to, requests for production and interrogatories served on you by any other party in MDL No. 2179. | Reasonable search | | | |
| 38 | All documents exchanged between and communications between you and any employee, staff member or other person working for, with or on behalf of the United States government referring or relating to the *Deepwater Horizon* Incident. | IN EMAILS ONLY:  "*.gov" AND ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") | 4/20/2010 | 4/30/2011 | |

| | | | | |
|---|---|---|---|---|
| 39 | All documents exchanged between and communications between you and any member, committee, employee, staff member or other person working on behalf of the United States Congress referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after January 1, 2010. | IN EMAILS ONLY:  ("*senate.gov" OR "*house.gov") AND ("deepwater" OR "Macondo" OR "BP" OR "DWH" OR "MC252") | 4/20/2010 | 4/30/2011 | |
| 40 | All documents exchanged between and communications between you and any person working in the Executive Office of the President of the United States relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after January 1, 2010. | IN EMAILS ONLY:  "*eop.gov" AND ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") | 4/20/2010 | 4/30/2011 | |
| 41 | All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Academy of Engineering or National Research Counsel referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010. | IN EMAILS ONLY:  ("*nau.edu" OR "*nas.edu")  AND ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") | 4/20/2010 | 4/30/2011 | |
| 42 | All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("National Commission" OR "Presidential Commission" OR "Chief Counsel") | 4/20/2010 | 4/30/2011 | |
| 43 | All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the Chemical Safety Board referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("Chemical Safety Board") | 4/20/2010 | 4/30/2011 | |
| 44 | All documents exchanged between and communications between you and any member of the media or press or any person or entity affiliated with any media publication, including, but not limited to, any reporter, investigator, journalist, author, or publisher, referring or relating to the *Deepwater Horizon* Incident or the MC252 Well. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("*.tv.com" or "press" or "media" or "news" OR "NBC" OR "CBS" OR "ABC" OR "CNN" OR "New York Times" OR "Washington Post" OR "Wall Street Journal" OR "Associated Press" or "Reuters" OR "TV" OR "newspaper" OR "blog" OR "reporter" OR "journalist" OR "website") | 4/20/2010 | 4/30/2011 | |
| 45 | All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of Det Norske Veritas referring or relating the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("Det Norske Veritas" OR "DNV" OR "*dnv.com") | 4/20/2010 | 4/30/2011 | |

| | | | | | |
|---|---|---|---|---|---|
| 46 | All documents provided to and other communications sent by you to the United States, the United States Congress, the Chemical Safety Board, the Marine Board of Investigation, the Incident Specific Preparedness Review, the National Commission on the Deepwater Horizon Oil Spill, or any other entity or proceeding relating to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("Chemical Safety Board" OR "Marine Board of Investigation" "Joint Investigation Team" or "JIT" or "MBI" OR "Incident Specific Preparedness Review" OR "National Commission on the Deepwater Horizon Oil Spill") | 4/20/2010 | 4/30/2011 | |
| 47 | All documents exchanged between and communications between you and any official, officer, representative, or employee of any interagency body, municipal authority or political subdivision, including but not limited to the Caernarvon Interagency Advisory Committee and the Southeast Louisiana Flood Protection Authority-East, referring or relating to the *Deepwater Horizon* Incident created on or after April 20, 2010. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("Caernarvon Interagency Advisory Committee" OR "CIAC" OR "Southeast Louisiana Flood Protection Authority-East" OR "SLFPAE" OR "*.slfpae.com") | 4/20/2010 | 4/30/2011 | |
| 48 | All documents exchanged between and communications between you and any state or local government official, officer, representative, or employee in Alabama, Florida, Louisiana, Mississippi, Texas, or Mexico referring or relating to the *Deepwater Horizon* Incident created on or after April 20, 2010. | IN EMAILS ONLY:   ("*louisiana.gov" OR "*fl.us" OR "*alabama.gov" OR "*mississippi.gov" OR "*texas.gov") AND ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") | 4/20/2010 | 4/30/2011 | |
| 49 | All documents exchanged between and communications between you and any official of the federal government of Mexico referring or relating to the *Deepwater Horizon* Incident created on or after April 20, 2010. | IN EMAILS ONLY:   ("*gob.mx") AND ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") | 4/20/2010 | 4/30/2011 | |
| 50 | All documents referring or relating to Coastal Zone Management Act consistency determinations for activities conducted by BP in the Mississippi Canyon area of the Outer Continental Shelf. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP" OR "Mississippi Canyon") AND ("Coastal Zone Management Act" OR "CZMA" OR "Office of Ocean and Coastal Resource Management" OR "OCRM") | 10/20/2009 (AL)<br>2/1/2009 (LA) | 4/30/2011 | |
| 51 | All documents referring or relating to any communications between you and any employee or officer of BP on or after April 20, 2010 relating to the *Deepwater Horizon* Incident or the MC252 Well. | IN EMAILS ONLY:  "*bp.com" | 4/20/2010 | 4/30/2011 | |
| 52 | All documents exchanged between and communications between you and any other party in MDL No. 2179 referring or relating to the *Deepwater Horizon* Incident or the MC252 Well created on or after April 20, 2010. | "Moex" or "Transocean" or "BP" or "Anadarko" or "Cameron" or "Triton" or "Halliburton" or "Weatherford" or "Drillquip" or "GMBH" or "MC252" | 4/20/2010 | 4/30/2011 | |
| 53 | All documents referring or relating to the "Macondo:  The Gulf Oil Disaster - Chief Counsel's Report" from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, released in 2011. | ("Macondo: The Gulf Oil*" OR "Chief Counsel" OR "national commission" OR "Presidential Commission") AND "Report" | 4/20/2010 | 4/30/2011 | |

| | | | | |
|---|---|---|---|---|
| 54 | All documents referring or relating to any report, presentation, conference, meeting or public statement from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, including the final report, "Deep Water: The Gulf Oil Disaster and the Future of Offshore Drilling," released on January 11, 2011. | ("National Commission" OR "Presidential Commission") AND ("Deepwater" OR "DWH") AND ("report" OR "Chief Counsel's Report" OR "Amount and Fate" OR "Fate of the Oil") | 4/20/2010 | 4/30/2011 | |
| 55 | All documents referring or relating to BP's "Deepwater Horizon:  Accident Investigation Report," dated September 8, 2010. | ("Bly" or "BP") AND "Report" OR ("Accident" and "Investigat*") AND ("2010" OR "2011") | 4/20/2010 | 4/30/2011 | |
| 56 | All documents constituting, referring or relating to any working papers or reports created by the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff. | ("National Commission" OR "Presidential Commission") AND ("Deepwater" OR "DWH") AND ("report" OR "Chief Counsel's Report" OR "Amount and Fate" OR "Fate of the Oil") | 4/20/2010 | 4/30/2011 | |
| 57 | All documents constituting, referring or relating to any research reports submitted by any Person to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff. | ("National Commission" OR "Presidential Commission") AND ("Deepwater" OR "DWH") AND ("report" OR "Chief Counsel's Report" OR "Amount and Fate" OR "Fate of the Oil") | 4/20/2010 | 4/30/2011 | |
| 58 | All documents constituting, referring or relating to requests made pursuant to the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12-40, or similar statutes or ordinances that have sought records relating to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("FOIA" OR "Freedom of Information Act" OR "Louisiana Public Records Act" OR "Public Records Act of Louisiana" OR "36-12-40" OR "Rights of citizens to inspect and copy public writings") | 4/20/2010 | 4/30/2011 | |
| 59 | All documents produced by you under the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12-40, or similar statutes or ordinances relating to the *Deepwater Horizon* Incident. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("FOIA" OR "Freedom of Information Act" OR "Louisiana Public Records Act" OR "Public Records Act of Louisiana" OR "36-12-40" OR "Rights of citizens to inspect and copy public writings") | 4/20/2010 | 4/30/2011 | |
| 60 | All documents provided to and other communications sent or received by you relating to the *Deepwater Horizon* Incident. | Reasonable search | | | |
| 61 | All documents referring or relating to any investigation by you into the cause or causes of the *Deepwater Horizon* Incident. | Reasonable search | | | |
| 62 | All documents referring or relating to any investigation performed for you into the cause or causes of the *Deepwater Horizon* Incident. | Reasonable search | | | |
| 63 | All documents mentioned or referenced in any pleading, motion or brief filed by you in this action. | Reasonable search | | | |

| | | | | |
|---|---|---|---|---|
| 64 | All documents relating to any allegations in your Complaint, including but not limited to: (a) all documents relating to whether BP knew or should have known that the *Deepwater Horizon* drilling operation would damage you or your property; (b) all documents supporting any allegations in your Complaint that the *Deepwater Horizon* or the MC252 Well (i) were in the custody and care of BP or (ii) had a vice or defect that caused damage to you or your property, and all documents bearing on whether BP knew or should have known of the alleged vice or defect; (c) all documents supporting any allegation in your Complaint that BP engaged in abnormally dangerous or ultrahazardous activity; and (d) all documents supporting any allegation in your Complaint that BP fraudulently concealed or misrepresented material facts concerning (i) its safety procedures or (ii) the safety and condition of its respective materials and equipment. | ("Deepwater Horizon" OR "Macondo" OR "MC252" OR "BP") AND ("Safety Procedure*" OR "abnormally danger*" OR "ultrahazardous") OR ("fraud*" OR "misrepresent*" OR "untrue") | 10/20/2009 (AL) 2/1/2009 (LA) | 4/30/2011 | |
| 65 | All documents that you may use or seek to introduce into evidence at any trial or hearing in this action. | Reasonable search | | | |
| 66 | All documents that relate to any expert testimony or opinions, or have been considered by any expert witness that may testify on your behalf at any trial or hearing in this action. | Reasonable search | | | |
| 67 | All documents which relate to the anticipated testimony of any person that you may call as a witness at any trial, hearing or deposition in this matter. | Reasonable search | | | |
| 68 | To the extent not required by other requests, all documents including but not limited to written, audio or visual recordings that comprise, transcribe, refer or relate to interviews of, or statements given by, persons with knowledge of the *Deepwater Horizon* Incident or the cause or causes of the Incident, including but not limited to any such interviews or statements given or taken on board the *Damon B. Bankston* . | Reasonable search | | | |
| 69 | All documents identified in your responses to the Interrogatories below. | Reasonable search | | | |
| 70 | All documents that you consulted in responding to the Interrogatories below and/or that provide support for your responses to the Interrogatories. | Reasonable search | | | |

E-Mail Attachment:

Louisiana Custodians List A.xlsx

Louisiana Custodians

List A

## Louisiana Custodians List A

| FullName | Employer | Section Name (Position Held) |
|---|---|---|
| Baquedano, Maximino | LA Attorney General's Office | Operations |
| Accettella, Michael | LA Dept of Environmental Quality | Planning |
| Algero, Michael | LA Dept of Environmental Quality | Environmental |
| Alleman, Bryan | LA Dept of Environmental Quality | Operations |
| Andry, Malcom | LA Dept of Environmental Quality | Planning |
| Appeaing, Vladimir | LA Dept of Environmental Quality | Planning Section |
| Baiamonte, April | LA Dept of Environmental Quality | Operations |
| Ballow, Edward | LA Dept of Environmental Quality | Command |
| Barbe, Ella | LA Dept of Environmental Quality | Incident Commander and Staff |
| Beard, Stewart | LA Dept of Environmental Quality | Operations |
| Beauvais, Lance | LA Dept of Environmental Quality | Planning Section |
| Bertrand, Christopher(Chris) | LA Dept of Environmental Quality | Operations Section |
| Blanchard(Fourchon), Kyle | LA Dept of Environmental Quality | Planning |
| Blanchard, Kyle | LA Dept of Environmental Quality | Planning Section |
| Boffy, Carrick | LA Dept of Environmental Quality | NULL |
| Bohling, Carl W. | LA Dept of Environmental Quality | Operations |
| Borne, Derek | LA Dept of Environmental Quality | Planning |
| Bradshaw, Dwight | LA Dept of Environmental Quality | Command |
| Braud, Robert | LA Dept of Environmental Quality | NULL |
| Breaux, Patrick J | LA Dept of Environmental Quality | Incident Commander and Staff |
| Brewer, Shawn | LA Dept of Environmental Quality | Command |
| Brignac, Christian | LA Dept of Environmental Quality | Planning |
| Brock, Beau | LA Dept of Environmental Quality | Incident Commander and Staff |
| Brooks (Fourchon), Arlene | LA Dept of Environmental Quality | Planning |
| Brooks, Arlene | LA Dept of Environmental Quality | Planning Section |
| Broussard, Michael | LA Dept of Environmental Quality | Planning |
| Broussard, Samuel | LA Dept of Environmental Quality | Command |
| Brousseau, Betty | LA Dept of Environmental Quality | Command |
| Buie, Christina | LA Dept of Environmental Quality | Operations |
| Calvin, John | LA Dept of Environmental Quality | Planning |
| Camble, Trae | LA Dept of Environmental Quality | Planning |
| Casanova, Clint | LA Dept of Environmental Quality | Planning |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Cazeaux, Peter  J. | LA Dept of Environmental Quality | Operations |
| Chatelain, Vincent | LA Dept of Environmental Quality | Planning |
| Cheramie, Vincent | LA Dept of Environmental Quality | Planning |
| Clark, Crystal | LA Dept of Environmental Quality | Planning |
| Clark, John J | LA Dept of Environmental Quality | Planning Section |
| Clement, Ray | LA Dept of Environmental Quality | Command |
| Cousins, Kevin | LA Dept of Environmental Quality | Visitor |
| Dardar, James | LA Dept of Environmental Quality | Operations |
| Darensbourg, Sean | LA Dept of Environmental Quality | Planning Section |
| Dartez, Erin | LA Dept of Environmental Quality | Incident Commander and Staff |
| Dauzat, Jeff | LA Dept of Environmental Quality | Incident Commander and Staff |
| David, Mary | LA Dept of Environmental Quality | Planning |
| Dedon (Fourchon), Terry | LA Dept of Environmental Quality | Planning |
| Dedon, Terry | LA Dept of Environmental Quality | Planning Section |
| Derouen Polito, Amanda | LA Dept of Environmental Quality | Operations |
| Desselle, Wayne | LA Dept of Environmental Quality | Planning Section |
| Dewitt, Jason | LA Dept of Environmental Quality | Operations |
| Drury, Michael | LA Dept of Environmental Quality | Operations |
| Duffy, Sarah | LA Dept of Environmental Quality | Operations |
| Earles, James (Jimbo) | LA Dept of Environmental Quality | Planning |
| Evans, Heather | LA Dept of Environmental Quality | Incident Commander and Staff |
| Folse, Erin | LA Dept of Environmental Quality | Planning |
| Fontenot, Jason | LA Dept of Environmental Quality | Planning |
| Fontenot, John R | LA Dept of Environmental Quality | Planning |
| Frazier, David | LA Dept of Environmental Quality | Operations Section |
| Frazier, David L Dup 1 | LA Dept of Environmental Quality | Operations |
| Fruge, Gregory | LA Dept of Environmental Quality | Planning |
| Gagliano, Angela | LA Dept of Environmental Quality | Environmental |
| Garner, Eric | LA Dept of Environmental Quality | Planning |
| Gianelloni, Richard | LA Dept of Environmental Quality | Command |
| Greenwood, David | LA Dept of Environmental Quality | Planning |
| Haley, Joseph | LA Dept of Environmental Quality | Planning |
| Head, Casey | LA Dept of Environmental Quality | Planning |
| Herrmann, Holly | LA Dept of Environmental Quality | Planning |
| Hoffmann, Daniel | LA Dept of Environmental Quality | Environmental |

# Louisiana Custodians

## List A

| Jackson, Jefferson | LA Dept of Environmental Quality | Incident Commander and Staff |
|---|---|---|
| Jideonwo, Mark | LA Dept of Environmental Quality | Planning Section |
| Jones, Kerry Michael | LA Dept of Environmental Quality | Planning |
| Jones, Shawnery | LA Dept of Environmental Quality | Planning Section |
| Juneau, Bennett (Ben) | LA Dept of Environmental Quality | Planning Section |
| Kavanagh, Dirk | LA Dept of Environmental Quality | Command |
| Keith, Chad | LA Dept of Environmental Quality | Planning |
| Koetting, Donald | LA Dept of Environmental Quality | Planning |
| Lafleur, Guy | LA Dept of Environmental Quality | Operations |
| Lambert, Daniel | LA Dept of Environmental Quality | Command |
| Leblanc, Ashley | LA Dept of Environmental Quality | Planning |
| Lebreton, Sondra Lauren | LA Dept of Environmental Quality | Operations |
| Leonick, Jeffery | LA Dept of Environmental Quality | Planning |
| Lockwood, Robert | LA Dept of Environmental Quality | Planning |
| LoGiudice, Theresa | LA Dept of Environmental Quality | Planning |
| Lorio, Stephen | LA Dept of Environmental Quality | Planning |
| Lucowitz, Cindy | LA Dept of Environmental Quality | Planning |
| Luke, Phyllis | LA Dept of Environmental Quality | Planning |
| Magee, Von | LA Dept of Environmental Quality | Environmental |
| Mallett, Rodney | LA Dept of Environmental Quality | Operations |
| Maloan, Lindsay | LA Dept of Environmental Quality | Incident Commander and Staff |
| Martin, Louis | LA Dept of Environmental Quality | Liaison |
| Masden, Kevin | LA Dept of Environmental Quality | Operations |
| Maynard, Holly | LA Dept of Environmental Quality | Planning Section |
| McCarthy, Lawrence | LA Dept of Environmental Quality | Planning |
| McCormick, Rhonda | LA Dept of Environmental Quality | Planning |
| Meyers, Jeffery | LA Dept of Environmental Quality | Planning |
| Michgelsen, Petrus (Peter) | LA Dept of Environmental Quality | Planning |
| Milazzo, Margaret | LA Dept of Environmental Quality | Planning |
| Miller, Shane | LA Dept of Environmental Quality | Planning |
| Millet, Jacqueline | LA Dept of Environmental Quality | Operations |
| Moore, Jeremy | LA Dept of Environmental Quality | Planning |
| Natali, Kevin | LA Dept of Environmental Quality | Command |
| O'brien, Kevin | LA Dept of Environmental Quality | Planning |
| Odem, Daniel | LA Dept of Environmental Quality | Operations |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Olivier, Anthony | LA Dept of Environmental Quality | Operations |
| Osteicoechea, Zoila | LA Dept of Environmental Quality | Planning |
| Parham, Jeff | LA Dept of Environmental Quality | Planning Section |
| Paul, Robert (BoB) | LA Dept of Environmental Quality | Planning |
| Perryman, Tommy | LA Dept of Environmental Quality | Planning |
| Phillips, Sanford | LA Dept of Environmental Quality | Environmental |
| Price, Karen | LA Dept of Environmental Quality | Visitor |
| Prochaska, Alex | LA Dept of Environmental Quality | Incident Commander and Staff |
| Randle, Otis | LA Dept of Environmental Quality | Operations |
| Ratcliff, Karen | LA Dept of Environmental Quality | Planning Section |
| Reed, Marcie | LA Dept of Environmental Quality | Planning Section |
| Sagnibene, Vincent | LA Dept of Environmental Quality | Planning |
| Schexnayder, Brad | LA Dept of Environmental Quality | Planning |
| Schwartzenburg, Corey | LA Dept of Environmental Quality | Planning |
| Scriber, Jeremy | LA Dept of Environmental Quality | Command |
| Scroggs, Chad | LA Dept of Environmental Quality | Command |
| Sharafkhani, Bijan | LA Dept of Environmental Quality | Incident Commander and Staff |
| Shaw (Fourchon), Lail | LA Dept of Environmental Quality | Planning |
| Shaw, Lail | LA Dept of Environmental Quality | Planning Section |
| Simms, Christopher | LA Dept of Environmental Quality | Planning |
| Simms, Davina | LA Dept of Environmental Quality | Planning |
| Slater, Wayne | LA Dept of Environmental Quality | Planning |
| Smith, Nicole | LA Dept of Environmental Quality | Planning |
| Stevens, Michael W | LA Dept of Environmental Quality | Planning |
| Stevenson, Ned | LA Dept of Environmental Quality | Planning |
| Suggs, Daron | LA Dept of Environmental Quality | Planning |
| Taylor, Leslie D | LA Dept of Environmental Quality | Planning |
| Thomason (Love), Jamie | LA Dept of Environmental Quality | Planning |
| Thomason, Jamie | LA Dept of Environmental Quality | Planning Section |
| Tieben, Adam | LA Dept of Environmental Quality | Planning |
| Todd, Matthew | LA Dept of Environmental Quality | Planning |
| Toups, Tammy | LA Dept of Environmental Quality | Planning |
| Trinh, My | LA Dept of Environmental Quality | NULL |
| Turlington (Fourchon), Richard | LA Dept of Environmental Quality | Planning |
| Turlington, Richard | LA Dept of Environmental Quality | Planning Section |

## Louisiana Custodians

### List A

| | | |
|---|---|---|
| Tusa, Brian | LA Dept of Environmental Quality | Environmental |
| Varnado, Roy | LA Dept of Environmental Quality | NULL |
| Viosca, Adrienne | LA Dept of Environmental Quality | Planning |
| Walecka-Hutchison, Claudia | LA Dept of Environmental Quality | Planning |
| Weathersby, Phillip | LA Dept of Environmental Quality | Operations Section |
| Weinell, Don | LA Dept of Environmental Quality | Planning |
| Wiggins, Isaac | LA Dept of Environmental Quality | Planning |
| Wilson, Mark S | LA Dept of Environmental Quality | Planning |
| Yoes, Thyme (Ty) | LA Dept of Environmental Quality | Operations |
| Adams, Keith | LA Dept of Natural Resources | *** RESTRICTED ACCESS *** |
| Barras, Bret | LA Dept of Natural Resources | Planning |
| Beall, Jennifer | LA Dept of Natural Resources | Planning |
| Britton, Edward | LA Dept of Natural Resources | Planning |
| Brown, Harmon | LA Dept of Natural Resources | NRDA |
| Bush, Jessica (1) | LA Dept of Natural Resources | Planning |
| Charrier, Christine | LA Dept of Natural Resources | Planning |
| Chustz, Steven | LA Dept of Natural Resources | Planning Section |
| Cloutier, Charles | LA Dept of Natural Resources | Operations |
| Cole, Francis | LA Dept of Natural Resources | Planning |
| Dearmond, Daniel | LA Dept of Natural Resources | Command |
| Debosier, Antoinette | LA Dept of Natural Resources | Planning Section |
| Decuir, Lyn | LA Dept of Natural Resources | Operations |
| Deroche, Jesse | LA Dept of Natural Resources | Operations |
| Devenport, Dan | LA Dept of Natural Resources | Planning |
| Devillier, Lance | LA Dept of Natural Resources | Operations |
| Doiron, Richard | LA Dept of Natural Resources | Operations |
| Folse, Todd | LA Dept of Natural Resources | Planning |
| Holcombe, James | LA Dept of Natural Resources | Planning |
| James, Ontario | LA Dept of Natural Resources | Planning |
| Kilgen, Kirk | LA Dept of Natural Resources | Planning |
| Killeen, Timothy | LA Dept of Natural Resources | Operations |
| Krupa, Sara | LA Dept of Natural Resources | Planning |
| LaCroix, Nicholas | LA Dept of Natural Resources | NRDA |
| Lagarde, Joseph (Joe) | LA Dept of Natural Resources | Operations |
| Lear, Elaine | LA Dept of Natural Resources | Planning |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Leblanc, Lori | LA Dept of Natural Resources | Planning |
| Lee, Darin | LA Dept of Natural Resources | Planning |
| Leonards, Karl | LA Dept of Natural Resources | Planning |
| Lovell, Keith | LA Dept of Natural Resources | Planning |
| Marcks, Brian | LA Dept of Natural Resources | Planning Section |
| Marks, Charles (Keith) | LA Dept of Natural Resources | Operations |
| Mccarthy, Sharon | LA Dept of Natural Resources | Planning Section |
| Mestayer, Charlie | LA Dept of Natural Resources | Planning |
| Mills , Kahli | LA Dept of Natural Resources | Operations |
| Pace, Linda | LA Dept of Natural Resources | NRDA |
| Pecot III, Joseph | LA Dept of Natural Resources | Planning |
| Pennington, Dana | LA Dept of Natural Resources | Planning |
| Pierce, Rod | LA Dept of Natural Resources | Planning |
| Reulet, Charles | LA Dept of Natural Resources | Planning |
| Richard, Barry | LA Dept of Natural Resources | Planning |
| Robichaux, Ray | LA Dept of Natural Resources | Operations |
| Romero, Marion (Butch) | LA Dept of Natural Resources | Operations |
| Scott, Tarra | LA Dept of Natural Resources | Operations |
| Seifert, Christian | LA Dept of Natural Resources | Planning |
| Simar, Thomas (Wayne) | LA Dept of Natural Resources | Operations |
| Spear, Charles | LA Dept of Natural Resources | Planning |
| Staten, Regina | LA Dept of Natural Resources | Planning |
| Theriot, Michael | LA Dept of Natural Resources | Planning |
| Thomassee, Darin | LA Dept of Natural Resources | Planning |
| Truxillo, Jon | LA Dept of Natural Resources | Planning |
| Youngblood, Cynthia | LA Dept of Natural Resources | Operations |
| Alario, John | LA Dept of Public Safety | Command |
| Besson, Simon J. | LA Dept of Public Safety | Operations |
| Britton, Steve | LA Dept of Public Safety | Operations Section |
| Darby, Mitch | LA Dept of Public Safety | Command |
| Heinz, Channing | LA Dept of Public Safety | Operations |
| Hodges, Len | LA Dept of Public Safety | Operations |
| Ledet, Chad | LA Dept of Public Safety | Operations Section |
| McClain, Terry | LA Dept of Public Safety | Operations |
| McCoy, Cheri | LA Dept of Public Safety | Operations |

## Louisiana Custodians

## List A

| | | |
|---|---|---|
| Nicholas, John | LA Dept of Public Safety | Operations Section |
| Burkholder, Bradley | LA Emergency Management Agency | Planning |
| Banta, Drue E. | LA Governor's Office | Incident Commander and Staff |
| Elkins, Nathan | LA Governor's Office | Operations |
| Graham, Kyle | LA Governor's Office | Planning |
| Garrett, Graves | LA Governor's Office | Liaison |
| Hadley, Allison | LA Governor's Office | NULL |
| Jindal, Bobby | LA Governor's Office | NULL |
| Killam, Neal | LA Governor's Office | Incident Commander and Staff |
| Owen, Meg | LA Governor's Office | NULL |
| Thiebaud, Thomas | LA Governor's Office | Operations |
| Waguespack, Stephen | LA Governor's Office | NULL |
| Zettlemoyer, Douglas | LA Governor's Office | Operations Section |
| Guidry, Mel | LA Governor's Office of Coastal Activity | Operations |
| Landry, Patrick | LA Governor's Office of Coastal Activity | Operations |
| Zeringue, Jerome | LA Governor's Office of Coastal Activity | Command |
| Auzenne, Pliny | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Ballow, James | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Bigner, Larry | LA Governor's Office of Homeland Security (GOHSEP) | Logistics |
| Blais, Richard | LA Governor's Office of Homeland Security (GOHSEP) | NULL |
| Breeden, Skip | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Costello, Joseph | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Criswell, Lindi | LA Governor's Office of Homeland Security (GOHSEP) | Planning |
| Cummings, Steve | LA Governor's Office of Homeland Security (GOHSEP) | Planning |
| Davis, Ruth | LA Governor's Office of Homeland Security (GOHSEP) | NULL |
| Dunn, Shantelle | LA Governor's Office of Homeland Security (GOHSEP) | Command |
| Fudge, Neal | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Gaspard, Melton | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Guilbeaux, Chris | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Icenogle, Bill | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Jacobs, Mitchell | LA Governor's Office of Homeland Security (GOHSEP) | Command |
| John III, Lee | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Lewis, Steven | LA Governor's Office of Homeland Security (GOHSEP) | Operations Section |
| Lieux, Mary | LA Governor's Office of Homeland Security (GOHSEP) | NULL |
| McNemar, Josh | LA Governor's Office of Homeland Security (GOHSEP) | Common Responsibilites |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Monier, Jerry | LA Governor's Office of Homeland Security (GOHSEP) | Planning |
| Parson, William D. | LA Governor's Office of Homeland Security (GOHSEP) | Command |
| Richard, Ronald | LA Governor's Office of Homeland Security (GOHSEP) | Incident Commander and Staff |
| Roberts, Cathy | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Roussel, Pam | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Santos, Pat | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Schlotzhauer, David | LA Governor's Office of Homeland Security (GOHSEP) | NULL |
| Stewart, Joe | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Stockstill, Melissa | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Vegas, Adam | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Warden, Deborah (Deb) | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Webre, Rick | LA Governor's Office of Homeland Security (GOHSEP) | Planning |
| Whiteside, Eric | LA Governor's Office of Homeland Security (GOHSEP) | Logistics |
| William, Bryant | LA Governor's Office of Homeland Security (GOHSEP) | Operations |
| Boudreaux, Chris | LA House of Representatives | NULL |
| Gisclair, Jerry (Truck) | LA House of Representatives | Operations |
| Harrison, Joe | LA House of Representatives | NULL |
| Hebert, Clifton | LA House of Representatives | NULL |
| Marshall, Pres | LA House of Representatives | NULL |
| Sneed, Jerry | LA House of Representatives | NULL |
| Wooton, Ernest | LA House of Representatives | NULL |
| Young, John | LA House of Representatives | NULL |
| Sagisi, Scott | LA Lt. Governor's Office | JIC |
| Walker, Tyronne | LA Lt. Governor's Office | NULL |
| Aucoin, Stanley(Stan) | LA Office of Coastal Protection & Restoration | Operations |
| Bailey, Rachael | LA Office of Coastal Protection & Restoration | Operations |
| Barrilleaux, Troy | LA Office of Coastal Protection & Restoration | Operations |
| Bernard, Thomas L. | LA Office of Coastal Protection & Restoration | Operations |
| Billodeau, Dewey | LA Office of Coastal Protection & Restoration | Operations |
| Boese, Derek | LA Office of Coastal Protection & Restoration | Liaison |
| Boshart, William | LA Office of Coastal Protection & Restoration | Planning |
| Carter, Brady | LA Office of Coastal Protection & Restoration | NRDA |
| Faisant, Marc | LA Office of Coastal Protection & Restoration | Liaison |
| Ferguson , Bruce | LA Office of Coastal Protection & Restoration | Logistics |
| Gillen, Dain | LA Office of Coastal Protection & Restoration | Planning |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Gossman, Bryan | LA Office of Coastal Protection & Restoration | Operations |
| Haltiwanger, Derrick Gray | LA Office of Coastal Protection & Restoration | Operations |
| Hopkins, Peter | LA Office of Coastal Protection & Restoration | Operations |
| Hymel, Melissa | LA Office of Coastal Protection & Restoration | Planning |
| Landry, Patrick | LA Office of Coastal Protection & Restoration | Planning |
| Lynn, William J. | LA Office of Coastal Protection & Restoration | Operations |
| Mathies, Steve | LA Office of Coastal Protection & Restoration | Planning |
| Mcginnis, Thomas(Tommy) | LA Office of Coastal Protection & Restoration | Operations Section |
| Miller, Charles | LA Office of Coastal Protection & Restoration | Operations |
| Mouledous, Mark | LA Office of Coastal Protection & Restoration | Planning |
| Mouton, Jennifer | LA Office of Coastal Protection & Restoration | NRDA |
| Pontiff, Darrell | LA Office of Coastal Protection & Restoration | Planning |
| Routon, Robert | LA Office of Coastal Protection & Restoration | Planning |
| Shartzer, Brenda | LA Office of Coastal Protection & Restoration | Operations |
| Spalding, Elizabeth | LA Office of Coastal Protection & Restoration | Operations |
| Thibodeaux, Christine | LA Office of Coastal Protection & Restoration | Planning |
| Triche, Shane | LA Office of Coastal Protection & Restoration | Planning |
| Troutman, John | LA Office of Coastal Protection & Restoration | Operations |
| Twigg, Bridget | LA Office of Coastal Protection & Restoration | Operations |
| Weifenbach, Dona | LA Office of Coastal Protection & Restoration | Planning |
| Megow-Jones, Tamarra | LA Office of Homeland Security | NULL |
| Mosgrove, Veronica | LA Office of Homeland Security | Operations |
| Antin, Robert | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Gisclair, David | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Guidry, Roland | LA Oil Spill Coor. Office (LOSCO) | Command |
| Kamath, Nitin | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Kamath, Sachin | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Manuel, Richard (Kirk) | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Saizan, Gina | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Stacy, Gus | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Tomeny-Richardson, Katherine | LA Oil Spill Coor. Office (LOSCO) | Planning |
| Chauvin, Robert  JR | LA Plan Review | Operations |
| Falgout, Ted | LA Public Service Commission | Incident Commander and Staff |
| Ingram, Bay | LA Sheriff's Assocation | Operations |
| Bourgeois, Harold | LA Sheriff'sTask Force | NULL |

## Louisiana Custodians

## List A

| | | |
|---|---|---|
| Clogher, Donald | LA Sheriff'sTask Force | NULL |
| Dill, Robert | LA Sheriff'sTask Force | NULL |
| Funck Jr, Raymond | LA Sheriff'sTask Force | Operations |
| Mayeux, Brent | LA Sheriff'sTask Force | NULL |
| Munsch, Lowell | LA Sheriff'sTask Force | NULL |
| Melanson, Jerry | LA State Fire Marshall | NULL |
| Owens, William | LA State Fire Marshall | NULL |
| Allen, Kevin | LA State Police | Operations |
| Anderson, Larry | LA State Police | NULL |
| Arcana, Alan | LA State Police | NULL |
| Argrave, Jeffery | LA State Police | Operations |
| Arnold, Charles | LA State Police | NULL |
| Assaf, Nader | LA State Police | NULL |
| Autin, Jude | LA State Police | NULL |
| Barnes, Kevin | LA State Police | Operations |
| Behrens, Dean | LA State Police | NULL |
| Bennett, Robert | LA State Police | NULL |
| Bergeron, Anita | LA State Police | NULL |
| Bergeron, Dennis | LA State Police | Logistics |
| Bergeron, Keith | LA State Police | NULL |
| Berry, Justin | LA State Police | Operations |
| Bethea, Gustave | LA State Police | NULL |
| Billiot, Karla | LA State Police | NULL |
| Blackwell, William | LA State Police | NULL |
| Blanchard, Jody | LA State Police | NULL |
| Boquet, Louis A | LA State Police | NULL |
| Borcherding, Kory | LA State Police | NULL |
| Bordelon, Rohn | LA State Police | NULL |
| Bosworth, William | LA State Police | NULL |
| Boudreaux, Jonathan | LA State Police | Operations Section |
| Bourgeois, Jason | LA State Police | Operations Section |
| Boyd, Samuel | LA State Police | NULL |
| Boyd, Shawn | LA State Police | NULL |
| Boyet, Jason | LA State Police | Operations Section |
| Bradley, Patrick | LA State Police | NULL |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Briggs, Keith | LA State Police | NULL |
| Brown, Christopher | LA State Police | NULL |
| Brown, Malcolm | LA State Police | NULL |
| Brown, Ruben C. | LA State Police | NULL |
| Brue, Russell | LA State Police | NULL |
| Buquet, Murray | LA State Police | NULL |
| Buratt, Steve | LA State Police | Command |
| Calato, Louis | LA State Police | Operations Section |
| Cammon, Chavez | LA State Police | Operations |
| Cancienne, travis | LA State Police | Operations |
| Capaci, samuel | LA State Police | Command |
| Carlomagno, Dino | LA State Police | Logistics |
| Cefalu, Kevin | LA State Police | Operations Section |
| Chamorro, Paul+A358 | LA State Police | Operations |
| Charles (Venice), Paul | LA State Police | Operations |
| Charles, paul | LA State Police | Operations Section |
| Childers, Steve | LA State Police | Operations Section |
| Coleman, Gerry | LA State Police | Operations |
| Corkern, Toye | LA State Police | NULL |
| Cuccia, Joseph | LA State Police | Operations Section |
| Cuccia, Trent | LA State Police | NULL |
| Curlee, Eric | LA State Police | Planning |
| Curlee, kevin | LA State Police | Logistics |
| Daigle, Eddie | LA State Police | Operations |
| Dangerfield, Kerry | LA State Police | Source Control |
| Daniel, Michael | LA State Police | Operations |
| Dardar, Gilbert Basil | LA State Police | NULL |
| Davis, Scott | LA State Police | NULL |
| Day, Mckinley | LA State Police | Operations |
| Day, Travis | LA State Police | Command |
| Dayries, John | LA State Police | Operations Section |
| Debenedetto, Vincent | LA State Police | NULL |
| Desalvo, Philip | LA State Police | NULL |
| Deshotel, Anthony | LA State Police | Logistics |
| Deweese, Travis | LA State Police | Operations |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Dier, Joseph | LA State Police | Operations |
| Diez, Jeffrey | LA State Police | NULL |
| Duncan, Timothy | LA State Police | Command |
| Dusang, Ann | LA State Police | NULL |
| Dyson, Damien | LA State Police | NULL |
| Easley, David | LA State Police | Security |
| Easley, Scott | LA State Police | Operations Section |
| Elliott, Trey | LA State Police | NULL |
| Emery, Valentine | LA State Police | Operations |
| Ernest, Laconnda | LA State Police | NULL |
| Flynn, Daniel | LA State Police | NULL |
| Franklin, Danny | LA State Police | Operations |
| Gardner, john | LA State Police | Logistics |
| Garner, Arnell | LA State Police | NULL |
| Giacone, Kenneth | LA State Police | NULL |
| Gilchrist, Neely | LA State Police | NULL |
| Goertz, Robert | LA State Police | NULL |
| Graham, Mathew | LA State Police | NULL |
| Guidry, Chad | LA State Police | Operations |
| Guillory, Kevin | LA State Police | Operations Section |
| Guitreau, Donny | LA State Police | NULL |
| Hall, Dale | LA State Police | Incident Commander and Staff |
| Hall, Mathew | LA State Police | Operations |
| Hansell, Arrid | LA State Police | NULL |
| Harding, Brian | LA State Police | Operations |
| Hardy, Jimmy | LA State Police | Operations Section |
| Harrell, Evan | LA State Police | NULL |
| Harris, Robert | LA State Police | NULL |
| Hodges, Robert | LA State Police | Operations |
| Hughes, michael | LA State Police | NULL |
| Indest, Denis | LA State Police | NULL |
| Jackson, Mark | LA State Police | NULL |
| Jackson, Shone | LA State Police | Operations Section |
| Jamison, Bruce | LA State Police | NULL |
| Jefferson, Brian | LA State Police | Operations |

## Louisiana Custodians

## List A

| | | |
|---|---|---|
| Joseph, Zuleika | LA State Police | Operations Section |
| Journee, Leander | LA State Police | Operations |
| Julian, Desmond | LA State Police | NULL |
| Kemp, Jonathan | LA State Police | Operations Section |
| Kimball, Carey | LA State Police | NULL |
| Kistler, john | LA State Police | NULL |
| Lacoste, Chad | LA State Police | NULL |
| Lafleur, Sean | LA State Police | Operations Section |
| Lafonta, Damian | LA State Police | NULL |
| Lamotte, Kevin | LA State Police | Source Control |
| Larvadain, Treone | LA State Police | NULL |
| Latimer, Sam | LA State Police | Operations |
| Laurent, Arthur | LA State Police | NULL |
| Lazard , john | LA State Police | Operations Section |
| LeDoux, Christopher | LA State Police | NULL |
| Lemoine, Blake | LA State Police | NULL |
| Lenguyen, Vincent | LA State Police | Command |
| Leonard, Lewis | LA State Police | Operations |
| Lewis, Leonard | LA State Police | NULL |
| Linn, Mike | LA State Police | Operations |
| Long, Steven | LA State Police | External Affairs |
| Manning, steven | LA State Police | NULL |
| Marchand, Greg | LA State Police | Operations Section |
| Martin, Kenneth | LA State Police | NULL |
| Martinell, fred | LA State Police | Operations |
| Martinez, John | LA State Police | Operations |
| Martinez, Juan | LA State Police | NULL |
| Martinez, raymond | LA State Police | NULL |
| Mason, Christopher | LA State Police | NULL |
| Matey, Melissa | LA State Police | Operations |
| Mayes, Larry | LA State Police | Command |
| McAlister, Damien | LA State Police | Operations |
| McFarland, Jimmie | LA State Police | Operations |
| Mckay, august | LA State Police | Operations |
| Meyers, Raphael | LA State Police | Planning |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Mire, Robert | LA State Police | NULL |
| Montelongo, Monty | LA State Police | NULL |
| Montgomery, Charles | LA State Police | Operations |
| Montgomery, Matthew | LA State Police | NULL |
| Naquin, Danny | LA State Police | NULL |
| Naquin, Darrin | LA State Police | Logistics |
| Nassar, Essam | LA State Police | NULL |
| Neal, John | LA State Police | NULL |
| Nicolini, Michael | LA State Police | NULL |
| Onstad, Ralph | LA State Police | NULL |
| OQuinn, James | LA State Police | NULL |
| Orgeron, Stephen | LA State Police | NULL |
| Patout, Joe | LA State Police | Operations Section |
| Paulus, Steven | LA State Police | Operations |
| Penumarthi, Ravi | LA State Police | NULL |
| Perkins, Rodney | LA State Police | NULL |
| Pierron, Shawn | LA State Police | NULL |
| Piglia, Joe | LA State Police | NULL |
| Pike, Brett | LA State Police | Operations |
| Plaisance, Tracy | LA State Police | NULL |
| Poter, Byron | LA State Police | NULL |
| Powell, Lisa | LA State Police | Operations |
| Price, Jeremy | LA State Police | Operations |
| Reggio, Ronald V. | LA State Police | NULL |
| Resweber, Kevin D. | LA State Police | NULL |
| Richard, Matthew | LA State Police | NULL |
| Rickmeier, Alan | LA State Police | NULL |
| RILEY, DARREN | LA State Police | Security |
| Riley, Ryan | LA State Police | Source Control |
| Robinette, Dwight | LA State Police | NULL |
| Rozigas, Joanne | LA State Police | NULL |
| Saizan, Carl | LA State Police | NULL |
| Samuel, Charles | LA State Police | Operations |
| Sander, Ronald | LA State Police | NULL |
| Schouest, Joey | LA State Police | NULL |

# Louisiana Custodians

## List A

| | | |
|---|---|---|
| Scioneaux, Damian | LA State Police | NULL |
| Scioneaux, Gary | LA State Police | NULL |
| Sims, Byron | LA State Police | NULL |
| Skinner, Cedric | LA State Police | NULL |
| Smith, Jerry | LA State Police | NULL |
| Smith, Kerald | LA State Police | Operations |
| Sparks, Johnny | LA State Police | Command |
| Sterling, Ike | LA State Police | NULL |
| Stewart, Derrick | LA State Police | NULL |
| Strickland, Paul | LA State Police | NULL |
| Summers, Preston | LA State Police | Operations Section |
| Taylor, Caesar | LA State Police | NULL |
| Theard, Raynell | LA State Police | Operations |
| Thompson, Henry | LA State Police | NULL |
| Tippens, William | LA State Police | NULL |
| Trahan, Matthew | LA State Police | Common Responsibilites |
| Vanetta, Joshua | LA State Police | Incident Commander and Staff |
| Verrett, Chavis | LA State Police | Operations Section |
| Viator, Chris | LA State Police | NULL |
| Voitier, Paul | LA State Police | NULL |
| Volante, Steve | LA State Police | NULL |
| Walgamotte, Scot | LA State Police | Operations Section |
| Watts, Jeff | LA State Police | Operations |
| Weems, Jody | LA State Police | Operations |
| Westphal, Nathaniel | LA State Police | NULL |
| White, Donald | LA State Police | Incident Commander and Staff |
| WILKES, Ernest | LA State Police | Operations |
| Wolfe, Michael | LA State Police | NULL |
| Wood, Todd | LA State Police | Operations Section |
| Wyles, John | LA State Police | Operations Section |
| Wynne, Brian | LA State Police | Incident Commander and Staff |
| Zimmerman, Ryan | LA State Police | Operations |
| Dumas(demob), Wendell | SERT | Planning Section |
| Estep, William | SERT | Command |
| Sussman, Andrew | SERT | *** RESTRICTED ACCESS *** |

E-Mail Attachment:

Louisiana Custodians List B.xlsx

**Louisiana Custodians**

**List B**

# Louisiana Custodians List B

| NAME | EMPLOYER | POSITION |
|---|---|---|
| Mathies, Steve | Office of Coastal Protection & Restoration | Executive Director |
| Zeringue, Jerome | Office of Coastal Protection & Restoration | Deputy Director |
| Lansing, Janice | Office of Coastal Protection & Restoration | Chief Financial Officer |
| Trahan, Sandy | Office of Coastal Protection & Restoration | Executive Staff  Officer |
| Bingham, Cliff | Office of Coastal Protection & Restoration | General Counsel |
| Lambert, Sue | Office of Coastal Protection & Restoration | Coastal Resourses Program Supervisor |
| McKee, Renee | Office of Coastal Protection & Restoration | Coastal Resourses Program Specialist |
| Klecker, Michelle | Office of Coastal Protection & Restoration | Coastal Resourses Program Supervisor |
| Priddy, Sam | Office of Coastal Protection & Restoration | Coastal Resourses Program Specialist |
| Zeringue, Barry | Office of Coastal Protection & Restoration | Coastal Resourses Program Specialist |
| Johnson, Norwyn | Office of Coastal Protection & Restoration | Senior Project Specialist |
| Orgeron, Jessica | Office of Coastal Protection & Restoration | Attorney - NRDA |
| Braud, Kelli | Office of Coastal Protection & Restoration | Attorney - NRDA |
| Kurz, Jenny | Office of Coastal Protection & Restoration | Public Information Officer - NRDA |
| Allen, Chris | Office of Coastal Protection & Restoration | Coastal Resources Scientist Specialist |
| Altman, Jim | Office of Coastal Protection & Restoration | Land Manager |
| Bahlinger, Kenneth | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Beall, Andrew | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Beldon, Laura | Office of Coastal Protection & Restoration | Contractor |
| Belhadjali, Karim | Office of Coastal Protection & Restoration | Coastal Resourses Scientist Manager |
| Breland, Clayton | Office of Coastal Protection & Restoration | Geologist Supervisor |
| Brouillette, Rickey | Office of Coastal Protection & Restoration | Engineer |
| Brown, Stuart | Office of Coastal Protection & Restoration | Coastal Resourses Scientist |
| Buras, Honora | Office of Coastal Protection & Restoration | Coastal Resourses Scientist Senior |
| Burkholder, David | Office of Coastal Protection & Restoration | Engineer Manager |
| Byland, Travis | Office of Coastal Protection & Restoration | Engineer Intern |
| Byrd, Jason | Office of Coastal Protection & Restoration | USGS GIS Technician |
| Cantu, Kristi | Office of Coastal Protection & Restoration | Engineer Technician |
| Carroll, Jerry | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Chatellier, Maury | Office of Coastal Protection & Restoration | Restoration Division Chief |
| Coco, Patrick | Office of Coastal Protection & Restoration | Engineer Intern |

**Louisiana Custodians**

**List B**

| Coleman, Keira | Office of Coastal Protection & Restoration | Engineer Intern |
|---|---|---|
| Coner, Michaela | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Daigle, Harold | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Davoli, Elizabeth | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Dedon, Natalie | Office of Coastal Protection & Restoration | Coastal Resources Program Specialist |
| DeMarco, Kristin | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Deshotels, Michele | Office of Coastal Protection & Restoration | Coastal Resources Scientist Specialist |
| Dobson, Sydney | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Fall, Jeremy | Office of Coastal Protection & Restoration | Engineer Intern |
| Faust, Shane | Office of Coastal Protection & Restoration | Engineer Technician |
| Favorite, Jammie | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Feazel, William | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Fitzgerald, Tye | Office of Coastal Protection & Restoration | Engineer Intern |
| Fusilier, Jacob | Office of Coastal Protection & Restoration | Engineer Intern |
| Gaines, Denise | Office of Coastal Protection & Restoration | Administrative Program Specialist |
| German, Tony | Office of Coastal Protection & Restoration | Engineer Technician |
| Gonzales-Rodiles, Alex | Office of Coastal Protection & Restoration | Engineer Intern |
| Green, Mandy | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Guillory, Joseph | Office of Coastal Protection & Restoration | Engineer Intern |
| Haase, Bren | Office of Coastal Protection & Restoration | Coastal Resources Scientist Manager |
| Haffner, Jacob | Office of Coastal Protection & Restoration | Engineer Intern |
| Harper, Tim | Office of Coastal Protection & Restoration | Engineer Intern |
| Haynes, Shannon | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Haywood, Ed | Office of Coastal Protection & Restoration | Coastal Rsources Scientist Manager |
| Hutchison, Blaire | Office of Coastal Protection & Restoration | USCG GIS Technician |
| Joffrion, Russ | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Johnson, Jacquelyn | Office of Coastal Protection & Restoration | Coastal Resources Program Supervisor |
| Kar, Devyani | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Khalil, Syed | Office of Coastal Protection & Restoration | Senior Advisor |
| Killebrew, Chuck | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| LaBauve, Dee | Office of Coastal Protection & Restoration | Administrative Program Specialist |
| Leadon, Mark | Office of Coastal Protection & Restoration | Engineer |
| LeBlanc, Wes | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Lindquist. David | Office of Coastal Protection & Restoration | Coastal Resources Scientist |

**Louisiana Custodians**

**List B**

| Marretta, V.J. | Office of Coastal Protection & Restoration | Land Specialist |
|---|---|---|
| Martin, Summer | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| McMenis, James | Office of Coastal Protection & Restoration | Engineer |
| Melton, Steve | Office of Coastal Protection & Restoration | Surveyor |
| Miller, Brad | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Montgomery, Joyce | Office of Coastal Protection & Restoration | Land Specialist |
| Monzon, John | Office of Coastal Protection & Restoration | Flood Protection Division Chief |
| Morgan, Kristin | Office of Coastal Protection & Restoration | Coastal Resources Program Specialist |
| Mouton, Jennifer | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Nguyen, Trung-Quan | Office of Coastal Protection & Restoration | Engineer Intern |
| Ours, Dona | Office of Coastal Protection & Restoration | Engineer |
| Pahl, Jim | Office of Coastal Protection & Restoration | Coastal Resources Scientist Manager |
| Parsons, Carol | Office of Coastal Protection & Restoration | Coastal Resources Scientist Manager |
| Raynie, Rick | Office of Coastal Protection & Restoration | LACES Division Chief |
| Rhinehart, Kirk | Office of Coastal Protection & Restoration | Planning Division Chief |
| Robertson, Chris | Office of Coastal Protection & Restoration | Coastal Resources Scientist Specialist |
| Routon, Robert | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Sanders, Renee | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Saucier, Melanie | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Simoneaux, Rudy | Office of Coastal Protection & Restoration | Engineer |
| Templet, Kelley | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Turner, Michael | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Villarrubia, Chuck | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Vosburg, Brian | Office of Coastal Protection & Restoration | Geologist |
| Wager, Rocky | Office of Coastal Protection & Restoration | USCG - Contracted GIS Technician |
| Wall, Billy | Office of Coastal Protection & Restoration | Engineer Supervisor |
| White, Dustin | Office of Coastal Protection & Restoration | Engineer Technician |
| Williams, Chris | Office of Coastal Protection & Restoration | Project Management Administrator |
| Williams, David | Office of Coastal Protection & Restoration | Contractor |
| Wojtanowicz, Anna | Office of Coastal Protection & Restoration | Engineer Intern |
| Wray, James | Office of Coastal Protection & Restoration | Land Specialist |
| Young, Brett | Office of Coastal Protection & Restoration | Contractor |
| Zumo, Stephanie | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Aucoin, Stanley | Office of Coastal Protection & Restoration | Engineer |

# Louisiana Custodians

## List B

| | | |
|---|---|---|
| Barrilleaux, Troy | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Billodeau, Dewey | Office of Coastal Protection & Restoration | Engineer |
| Broussard, Garrett | Office of Coastal Protection & Restoration | Engineer |
| Dugas, Rick | Office of Coastal Protection & Restoration | Engineer Technician |
| Guidry, Melvin | Office of Coastal Protection & Restoration | Engineer |
| Landry, Patrick J. | Office of Coastal Protection & Restoration | Regional Program Manager |
| McGinnis, Tommy | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Miller, Mike | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Mouledous, Mark | Office of Coastal Protection & Restoration | Coastal Rsources Scientist |
| Pontiff, Darrell | Office of Coastal Protection & Restoration | Engineer |
| Schexnider, Catherine | Office of Coastal Protection & Restoration | Administrative Program Specialist |
| Sharp, Leigh Ann | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Thibodeaux, Christine | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Weifenbach, Dona | Office of Coastal Protection & Restoration | Coastal Resources Scientist Specialist |
| Arnold, Cindy | Office of Coastal Protection & Restoration | Administrative Program Specialist |
| Bernard, Tom | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Boshart, Bill | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Carter, Brady | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Gossman, Bryan | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Hopkins, Peter | Office of Coastal Protection & Restoration | Engineer |
| Hymel, Melissa | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Richard, Barry (BJ) | Office of Coastal Protection & Restoration | Engineer Intern |
| Troutman, John | Office of Coastal Protection & Restoration | Regional Program Manager |
| Babin, Brian | Office of Coastal Protection & Restoration | Engineer Supervisor |
| Curole, Glen | Office of Coastal Protection & Restoration | Coastal Resources Scientist Supervisor |
| Daigle, Christine | Office of Coastal Protection & Restoration | Administrative Program Specialist |
| Dearmond, Daniel | Office of Coastal Protection & Restoration | Regional Program Manager |
| Folse, Todd | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Lear, Elaine J. | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Ledet, Adam | Office of Coastal Protection & Restoration | Engineer Intern |
| Lee, Darin | Office of Coastal Protection & Restoration | Coastal Resources Scientist Senior |
| Rodrique, Laurie | Office of Coastal Protection & Restoration | Coastal Resources Scientist |
| Triche, Shane | Office of Coastal Protection & Restoration | Engineer Technician |
| Martin, Judy | Office of Coastal Protection & Restoration | |

## Louisiana Custodians

### List B

| | | |
|---|---|---|
| Guidry, Roland | Louisiana Oil Spill Coordinator's Office | Oil Spill Coordinator |
| Debusschere, Karolien | Louisiana Oil Spill Coordinator's Office | Deputy Coordinator |
| Gisclair, David | Louisiana Oil Spill Coordinator's Office | Technical Assitance Program Director |
| Armbruster, Charles | Louisiana Oil Spill Coordinator's Office | Regional Restoration Planning Program Manager |
| Saizan, Gina Muhs | Louisiana Oil Spill Coordinator's Office | Natural Resources Specialist |
| Lang, Paul | Louisiana Oil Spill Coordinator's Office | Natural Resources Specialist |
| Vincent, Beckey | Louisiana Oil Spill Coordinator's Office | Special Projects Coordinator |
| Davis, Daphne Renee | Louisiana Oil Spill Coordinator's Office | Administrative Assistant/Receptionist |
| Jay Dardenne | Office of Lieutenant Governor | Lieutenant Governor |
| Davis, Randy | Office of Lieutenant Governor | Deputy Secretary |
| Berry, Cathy | Office of Lieutenant Governor | Chief of Staff |
| Newman, Debbie | Office of Lieutenant Governor | Assistant to the Lieutenant Governor/Scheduling Requests |
| Berry, Jacques | Office of Lieutenant Governor | Communication Director |
| Buriege, Amie | Office of Lieutenant Governor | Executive Assistant |
| Geisman, Cami | Office of Lieutenant Governor | Deputy Communication Director |
| George-Moore, Julia | Office of Lieutenant Governor | General Counsel |
| Mcneil, Linda | Office of Lieutenant Governor | Internal Auditor |
| Windham, Steve | Office of Lieutenant Governor | Executive Director of Encore Louisiana |
| Hartley, Richard | Office of Lieutenant Governor | Special Projects Director |
| Samson, Julie | Office of Lieutenant Governor | Senior Advisor |
| Smith, Linda | Office of Lieutenant Governor | Receptionist |
| Vezinot, Julie | Office of Lieutenant Governor | Director of Boards and Commissioners |
| Angelle, Scott A. | Louisiana Department of Natural Resources | Secretary- Office of the Secretary |
| Harper, Robert D. | Louisiana Department of Natural Resources | Undersecretary- Office of Management & Finance |
| Welsh, James "Jim" | Louisiana Department of Natural Resources | Commissioner of Conservation |
| Buatt, Louis E. | Louisiana Department of Natural Resources | Assistant Secretray of the Office of Coastal Management |
| Jackson Jr., Isaac | Louisiana Department of Natural Resources | Office of the Secretary, Legal Division, General Counsel |
| Dearmon, Anna | Louisiana Department of Natural Resources | Office of the Secretary, Public Information Division, Communications Director |

**Louisiana Custodians**

**List B**

| | | |
|---|---|---|
| Darensbourg, Phyllis | Louisiana Department of Natural Resources | Office of the Secretary, Public Information Division, Public InformationDirector |
| Knotts, Christopher P., P.E. | Louisiana Department of Natural Resources | Office of the Secretary, Technology Assessment Division/State Energy Office, Director |
| Delmar Jr., William J., P.E. | Louisiana Department of Natural Resources | Office of the Secretary, Technology Assessment Division/State Energy Office, Assistant Director |
| Ridgeway, Paula | Louisiana Department of Natural Resources | Office of the Secretary, Technology Assessment Division/State Energy Office, Energy Section Manager |
| Talley, Stacey R., CPA, MBA | Louisiana Department of Natural Resources | Office of Mineral Resources, Executive Division, Deputy Assistant Secretary |
| Fontenot, Emile | Louisiana Department of Natural Resources | Office of Mineral Resources, Executive Division, Contacts |
| Miller, Byron | Louisiana Department of Natural Resources | Office of Mineral Resources, Executive Division, Contacts |
| Vaughn, Victor | Louisiana Department of Natural Resources | Office of Mineral Resources, Geological and Engineering Division, Geologist Administrator |
| Bradbury, Charles | Louisiana Department of Natural Resources | Office of Mineral Resources, Geological and Engineering Division, Contacts |
| Heck, Rick | Louisiana Department of Natural Resources | Office of Mineral Resources, Geological and Engineering Division, Contacts |
| Newman, Rachel | Louisiana Department of Natural Resources | Office of Mineral Resources, Mineral Income Division, Audit Director |
| Schott, John | Louisiana Department of Natural Resources | Office of Mineral Resources, Mineral Income Division, Contact |
| Marshall, Angela | Louisiana Department of Natural Resources | Office of Mineral Resources, Mineral Income Division, Contact |
| Heck, Rick | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Petroleum Land Director |
| Fontenot, Emile | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Assistant Director |
| Dennis, Macy | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Contact |
| Bateman, Veronica | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Contact |

## Louisiana Custodians

## List B

| Vince, Cristina | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Contact |
|---|---|---|
| Hyatt, Suzanne | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Contact |
| Sanders, Mary | Louisiana Department of Natural Resources | Office of Mineral Resources, Petroleum Lands Division, Contact |
| Keating, Todd | Louisiana Department of Natural Resources | Office of Conservation, Engineering Divivion, Director |
| Kumar, Dr. Madhurendu B. | Louisiana Department of Natural Resources | Office of Conservation, Geological Oil and Gas Division |
| Ball Jr., Joseph S. | Louisiana Department of Natural Resources | Office of Conservation, Injection and Minig Division, Director |
| Campbell, Brent | Louisiana Department of Natural Resources | Office of Conservation, Pipeline Division, Director |
| Raiford, Julia | Louisiana Department of Natural Resources | Office of the Secretary, Management & Finance, Contracts & Grants Division, Contracts and Grants Administrator |
| Thomas, Gwendolyn | Louisiana Department of Natural Resources | Office of the Secretary, Management & Finance, Contracts & Grants Division, Fiscal Officer |
| Ahmed, Rizwan | Louisiana Department of Natural Resources | Office of the Secretary, Management & Finance, Contracts & Grants Division, Information Technology Director |
| LeBourgeois, Judy A., CPPB | Louisiana Department of Natural Resources | Office of the Secretary, Management & Finance, Purchasing & Property Control Division, Procurement Director |
| Grant, Sharon F. | Louisiana Department of Natural Resources | Office of the Secretary, Management & Finance, Purchasing & Property Control Division, Procurement Specialist, Property Control, Fleet & OTM |
| Naquin, Dana | Louisiana Department of Natural Resources | Atchafalaya Basin Program |
| McClinton | Louisiana Department of Natural Resources | Office of Coastal Management, Fisherman's Gear Compensation Fund |
| Devitt, James | Louisiana Department of Natural Resources | Oyster Lease Damage Evaluation Board |
| Ortego, Phyllis | Louisiana Department of Natural Resources | Lousiana Department of Natural Resources, Office of Coastal Management |
| Wagner, Sarah | Louisiana Department of Natural Resources | Office of Conservation, Oilfield Site Restoration, Manager |

## Louisiana Custodians

### List B

| | | |
|---|---|---|
| Parker, Cassandra | Louisiana Department of Natural Resources | Office of Conservation, Oilfield Site Restoration, Engineer |
| Edmonson, Edmond | Department of Public Safety: Louisiana State Police | Superintendent |
| Hingle, Walter | Department of Public Safety: Louisiana State Police | Officer |
| Cain, Doug | Department of Public Safety: Louisiana State Police | Lieutenant |
| Hall, Dale | Department of Public Safety: Louisiana State Police | Lieutenant Colonel, Deputy Superintendent, Chief of Staff |
| Penouilh, Val | Department of Public Safety: Louisiana State Police | Lieutenant Colonel, Deputy Superintendent, Bureau of Investigations |
| Murphy, Paul | Department of Public Safety: Louisiana State Police | Major, Criminal Investigations Division, Command Inspector |
| Richards, Mark | Department of Public Safety: Louisiana State Police | Lieutenant, Executive Officer |
| Reggio, Scott | Department of Public Safety: Louisiana State Police | Captain, Commander, Criminal Investigations Division-Region 1 |
| Dupuy, Kelly | Department of Public Safety: Louisiana State Police | Lieutenant, Executive Officer, Criminal Investigations Division-Region 1 |
| Perry, Jesse "Scott" | Department of Public Safety: Louisiana State Police | Captain, Commander, Crimnal Investigations Division-Region 2 |
| Oliphant, Jay | Department of Public Safety: Louisiana State Police | Lieutenant, Executive Officers, Criminal Investigations Division-Region 2 |
| Devall, Roddy "Kevin" | Department of Public Safety: Louisiana State Police | Captain, Commander, Investigative Support Section (ISS) |
| Miller, Jimmey | Department of Public Safety: Louisiana State Police | Lieutenant, Executive Officer, Investigative Support Section (ISS) |
| McNeal, Charles "Chuck" | Department of Public Safety: Louisiana State Police | Lieutenant, LA-SAFE Director, Investigative Support Section (ISS) |
| Noel, Mike | Department of Public Safety: Louisiana State Police | Major, Command Inspector, Gaming Enforement Division |
| Wynne, Brian | Department of Public Safety: Louisiana State Police | Lieutenant Colonel, Deputy Supeintendent-Patrol |

**Louisiana Custodians**

**List B**

| | | |
|---|---|---|
| Morrison, Mark | Department of Public Safety: Louisiana State Police | Captain, Motor Carrier Safety Assitance Program (MCSAP) |
| Morrison, Mark | Department of Public Safety: Louisiana State Police | Captain, Towing and Recovery Unit |
| Borer, Ronnie | Department of Public Safety: Louisiana State Police | Captain, Weights and Standards |
| Moss, Taylor | Department of Public Safety: Louisiana State Police | Captain, Right to Know Unit |
| Dunegan, Gene | Department of Public Safety: Louisiana State Police | Right to Know Unit |
| Moss, Taylor | Department of Public Safety: Louisiana State Police | Captain, Hazardous Material and Explosives Control Unit (HAZMAT |
| Moss, Taylor | Department of Public Safety: Louisiana State Police | Captain, Underground Utilities |
| Dupuy, Charles | Department of Public Safety: Louisiana State Police | Lieutenant Colonel, Deputy Superintendent-Support |
| Jackson, Stephenia | Department of Public Safety: Louisiana State Police | Lieutenant Executive Officer |
| Holmes, Virginia | Department of Public Safety: Louisiana State Police | Captain, Capitol Detail, DPS Police Captain |
| Honeycutt, Danny | Department of Public Safety: Louisiana State Police | Captain, Physical Security, DPS Police Captain |
| McGuane, Jim | Department of Public Safety: Louisiana State Police | Captain, Commander, Crime Lab |
| Debenedetto, Kay | Department of Public Safety: Louisiana State Police | |
| Jindal, Bobby | Office of the Governor | Governor |
| Teepell, Timmy | Office of the Governor | Chief of Staff |
| Nichols, Kristy | Office of the Governor | Deputy Chief of Staff |
| Conaway, Camille | Office of the Governor | Policy Director |
| Woods, Tammy | Office of the Governor | Assistant Chief of Staff |
| O'Quinn, Megan | Office of the Governor | Executive Assistant to Assistant Chief of Staff |
| Sellers, Melissa | Office of the Governor | Communications Director |
| Plotkin, Kyle | Office of the Governor | Press Secretary |

**Louisiana Custodians**

**List B**

| | | |
|---|---|---|
| Collins, Frank | Office of the Governor | Deputy Press Secretary |
| Johnson, Portia | Office of the Governor | Executive Assistant |
| Cooper, Mark | Office of the Governor | Director, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Riley, Mark | Office of the Governor | Deputy Director/Chief of Staff, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Rives, Clayton | Office of the Governor | Deputy Director Homeland Security, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Santos, Pat | Office of the Governor | Deputy Director Emergency Management, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Mitchell, Brant | Office of the Governor | Deputy Director Management, Finance & Interoperability, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| DeBosier, Mark | Office of the Governor | Deputy Director Disaster Recovery, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Enright, Thomas | Office of the Governor | Executive Counsel, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Dayries, Christina | Office of the Governor | Assistant Deputy Director, Management, Finance, Interoperability, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Mosgrove, Veronica | Office of the Governor | Communications Director/Public Information, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Tumino, Maryann | Office of the Governor | Legislative Liason, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Clark, James | Office of the Governor | Executive Officer Operations, Disaster Recovery, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Bourgoyne, Benjamin | Office of the Governor | Section Chief, Communications, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Browning, Lynne | Office of the Governor | Section Chief, Disaster Recovery Public Assistance, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Guilbeaux, Christopher | Office of the Governor | Section Chief, Operations, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Gonzalez, John | Office of the Governor | Section Chief, Disaster Recovery Technical Services, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Ballow, Jim | Office of the Governor | Section Chief, Regional Support, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Giering, Jeffrey | Office of the Governor | Section Chief, Disaster Recovery Hazard Mitigation, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Main, Peter | Office of the Governor | Section Chief, Information Technology, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| McKay, Jim | Office of the Governor | Section Chief, Disaster Recovery Information Systems, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Monier, Jerry | Office of the Governor | Section Chief, Planning, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Smith, Melvin | Office of the Governor | Section Chief, Disaster Recovery Operations, Governor's Office of Homeland Secuirty & Emergency Preparedness |

**Louisiana Custodians**

**List B**

| | | |
|---|---|---|
| Tingle, Casey | Office of the Governor | Director, Finance, Governor's Office of Homeland Secuirty & Emergency Preparedness |
| Hatch, Peggy | Louisiana Department of Environmental Quality | Secretary |
| Miller, Paul | Louisiana Department of Environmental Quality | Assistant to the Secretary |
| Robinson, Herman | Louisiana Department of Environmental Quality | Executive Counsel |
| Nolan, Cheryl | Louisiana Department of Environmental Quality | Assistant Secretary, Office of Environmental Compliance |
| Cage, Celena | Louisiana Department of Environmental Quality | Administrator, Enforcement Division |
| Knight, Tim | Louisiana Department of Environmental Quality | Assessment Division |
| Piehler, Chris | Louisiana Department of Environmental Quality | Administrator, Inspection Division |
| Harris, Tom | Louisiana Department of Environmental Quality | Administrator, UST and Remediation Division |
| Sagnibene, Vince | Louisiana Department of Environmental Quality | Management & Finance |
| Stafford, Denise | Louisiana Department of Environmental Quality | Financial Services |
| Schexnayder, Karen | Louisiana Department of Environmental Quality | Human Resources |
| Appeaning, Vladimir Alexander | Louisiana Department of Environmental Quality | Deputy Secretary |
| Sharafkhani, Bijan | Louisiana Department of Environmental Quality | Administrator, Business, Community Outreach & Incentive Division |
| Mallett, Rodney | Louisiana Department of Environmental Quality | Press Secretary |
| Phillips, Sanford | Louisiana Department of Environmental Quality | Environmental Services |
| Iturralde, Lourdes | Louisiana Department of Environmental Quality | Administrator, Public Participation & Permit Support Services Division |

**Louisiana Custodians**

**List B**

| | | |
|---|---|---|
| Treadway, Tegan | Louisiana Department of Environmental Quality | Administrator, Air Permits Division |
| Mitchell, Melvin | Louisiana Department of Environmental Quality | Administrator, Water Permits Division |
| Guilliams, Scott | Louisiana Department of Environmental Quality | Administrator, Waste Permits Division |
| Nolan, Jeffrey | Louisiana Department of Environmental Quality | Director, Criminal Investigation Division |
| Theriot, Perry | Louisiana Department of Environmental Quality | Ombudsman |
| Gauthreaux, Leigh | Louisiana Department of Environmental Quality | Manager, Enforcement Division, Air Enforcement Section |
| Kenaley, Joette | Louisiana Department of Environmental Quality | Manager, Enforcement Division, Water Enforcement Section |
| Miller, Paul | Louisiana Department of Environmental Quality | Assistant Secretary |
| Beau, Brock | Louisiana Department of Environmental Quality | Assistant Secretary/ Assistant to the Secretary |
| Evans, Toni | Louisiana Department of Environmental Quality | Senior Scientist |
| Ratcliff, Christopher | Louisiana Department of Environmental Quality | Counsel |
| Easley, Cheryl | Louisiana Department of Environmental Quality | Senior Scientist |
| Caldwell, James D. "Buddy" | Louisiana Attorney General | Attorney General |
| Phillips, James Trey | Louisiana Attorney General | First Assistant Attorney General |
| Terrell, Megan K. | Louisiana Attorney General | Assistant Attorney General |

# EXHIBIT C



38249565

Jun 20 2011
11:48PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE OF LOUISIANA'S PHASE I OBJECTIONS AND RESPONSES TO DISCOVERY REQUESTS

Plaintiff, the State of Louisiana, herein responds to the several discovery requests issued by Defendants (as identified herein) as follows:

**General Objection, Limitation and Reservation of Rights applicable to all requests identified herein:**

Plaintiff objects to those discovery requests which fall outside the scope of Section V of PreTrial Order No. 11/Case Management Order No. 1 and/or which do not relate to the Casualty issues scheduled to be tried in the initial segment of the February 2012 Limitation Trial. Accordingly, Plaintiff's responses have been limited to the Phase 1 proceedings. In addition, Plaintiff objects to those discovery requests which fall outside of any segment of the February 2012 trial including but not limited to environmental and/or natural resource injury suffered by the State of Louisiana, any calculation of civil penalties or any assessment of economic damages suffered by the State of Louisiana. Plaintiff reserves the right to supplement and amend these discovery responses as its investigation continues, additional information is obtained, as the additional phases of discovery and trial are scheduled, and as permitted by the Court.

1

Further, with respect to case numbers 10-cv-3059 and 11-cv-516, the "State of Louisiana" herein does not include and the State does not herein respond on behalf of, District Attorneys for the parishes of Louisiana, Louisiana's parish governments, port authorities and/or cities (or any employees, agents, departments, assigns within these entities).   To the extent the Definitions and/or Instructions of such requests include "subdivisions" or "instrumentalities" in the definition of "you, your and yours", the State objects to these terms as improper, vague and overbroad and the State of Louisiana does not herein respond on behalf of such persons and entities.   Further, the State of Louisiana does not include responses herein on behalf of the Office of its Attorney General given the many privileges associated with this office.

## DISCOVERY REQUESTS AND RESPONSES

### I.  BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF DISCOVERY REQUESTS TO THE STATES OF ALABAMA AND LOUISIANA, THE MEXICAN STATES OF QUINTANA ROO, TAMAULIPAS, AND VERACRUZ, AND LOCAL GOVERNMENT ENTITIES (issued 4/29/11)("BP E&P's First Set of Discovery")

### I.   The Macondo Well

**REQUEST FOR PRODUCTION No. 1**
All documents referring or relating to the MC252 Well created on or after January 1, 2008.

**RESPONSE TO RFP No. 1:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 2**
All documents referring or relating to any application for the MC252 Well filed by BP.

**RESPONSE TO RFP No. 2:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 3**
All documents referring or relating to the ownership structure of the MC252 Well.

**RESPONSE TO RFP No. 3:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## II. Transocean and the Deepwater Horizon Rig

**REQUEST FOR PRODUCTION No. 4**
All documents referring or relating to the *Transocean Deepwater Horizon* (the "*Deepwater Horizon*" or "rig").

**RESPONSE TO RFP No. 4:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 5**
All documents referring or relating to Transocean's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 5:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of

5

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 6**
All documents referring or relating to the equipment and safety devices on Transocean's Deepwater Horizon rig, including but not limited to the blowout preventer.

**RESPONSE TO RFP No. 6:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 7**
All documents referring or relating to the crew and personnel of Transocean's Deepwater Horizon rig.

**RESPONSE TO RFP No. 7:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 8**
All documents referring or relating to regulations, industry standards, or government oversight which apply or relate to Transocean, the Deepwater Horizon, or its crew.

**RESPONSE TO RFP No. 8:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 9**
All documents referring or relating to standard policies or procedures, including but not limited to manuals, used by or applying to Transocean's Deepwater Horizon.

**RESPONSE TO RFP No. 9:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 10**
All documents relating or referring to any inspection or audit of Transocean's rigs utilized in the Gulf of Mexico from 2008 through today.

**RESPONSE TO RFP No. 10:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 11**
All documents relating or referring to any inspection, audit or certification of blowout preventers utilized on Transocean's rigs in the Gulf of Mexico created on or after January 1, 2008.

**RESPONSE TO RFP No. 11:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 12**
All documents relating or referring to any citations, warnings, notices, Incidents of Noncompliance ('INCs"), admonishments or violations issued to Transocean relating to its operations or training of personnel in the Gulf of Mexico created on or after January 1, 2008.

**RESPONSE TO RFP No. 12:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

### III. Drilling and Cementing

**REQUEST FOR PRODUCTION No. 13**
All documents relating or referring to drilling design, planning, or operations, for deepwater drilling in the Gulf of Mexico, including but not limited to the use or consideration of long string liners, liners with a tie back production casing, lock down sleeves, surface cement plugs, spacers, centralizers, tubular or casing design, drilling fluids, circulation of drilling mud, foam cement slurry, mud gas separators, alternative diverter pipes, acoustic triggers for shutoff valves, and temporary abandonment procedures.

**RESPONSE TO RFP No. 13:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to

this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 14**
All documents relating or referring to any defendant's or party's alleged failure to remotely monitor well conditions and well data for the MC252 Well.

**RESPONSE TO RFP No. 14:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 15**
All documents relating or referring to the drilling design or planning of the MC252 Well.

**RESPONSE TO RFP No. 15:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 16**
All documents referring or relating to drilling fluids used in or in connection with the MC252 Well.

**RESPONSE TO RFP No. 16:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 17**
All documents referring or relating to the drilling operations for the MC252 Well.

**RESPONSE TO RFP No. 17:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff

14

objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## REQUEST FOR PRODUCTION No. 18
All documents relating or referring to cementing procedures for deepwater wells, including the design, testing and execution of foamed cement, in the Gulf of Mexico, including all owner, operator or contractor responses, permit applications, responses to permit applications or other filings reflecting well design details, and all internal or external standards, procedures, policies, best practices, guidelines, directions, instructions, reports, summaries, or analyses.

## RESPONSE TO RFP No. 18:

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

15

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 19**
All documents referring or relating to the cementing of the MC252 Well, including any documents relating to the process of cementing the MC252 Well and the components of the cement slurry.

**RESPONSE TO RFP No. 19:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## IV. Well Testing and Well Control

**REQUEST FOR PRODUCTION No. 20**
All documents relating or referring to policies and procedures for testing and evaluating the stability of a well, including but not limited to the use of positive and negative pressure tests and cement bond logs.

**RESPONSE TO RFP No. 20:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 21**
All documents relating or referring to stability tests and evaluations, including but not limited to positive and negative pressures tests and cement bond logs, performed or considered in connection with the MC252 Well.

**RESPONSE TO RFP No. 21:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to

17

this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 22**
All documents relating or referring to responses to well control events in the Gulf of Mexico.

**RESPONSE TO RFP No. 22:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 23**
All documents relating or referring to response to well control events for the MC252 Well.

**RESPONSE TO RFP No. 23:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## V. Day of the Incident

**REQUEST FOR PRODUCTION No. 24**
All documents referring or relating to the explosions and fire aboard the Deepwater Horizon.

**RESPONSE TO RFP No. 24:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.  In addition, please see the attached documents LA-ST 73-75.

**REQUEST FOR PRODUCTION No. 25**
All documents referring or relating to firefighting, emergency response, and rescue efforts in response to the Incident on the Deepwater Horizon.

**RESPONSE TO RFP No. 25:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable

attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the

documents responsive to this Request.  In addition, please see the attached documents LA-ST 73-

75.

**REQUEST FOR PRODUCTION No. 26**
All documents referring or relating to personal injury or death that occurred in connection with
the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 26:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not

reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to

this Request as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.  Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable

attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 27**
All documents referring or relating to any effort to cap, seal or collect hydrocarbons from the MC252 Well from April 20, 2010 up to and including April 22, 2010.

**RESPONSE TO RFP No. 27:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 28**
All documents referring or relating to any efforts to activate the Deepwater Horizon's blowout preventer, its Emergency Disconnect System, or any other device used to address kicks, well control events, or emergencies.

**RESPONSE TO RFP No. 28:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 29**
All documents referring or relating to Halliburton's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 29:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the

23

expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 30**
All documents referring or relating to Cameron's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 30:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

24

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 31**
All documents referring or relating to MI-LLC's involvement, participation or conduct with respect to the *Deepwater Horizon* Incident  conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 31:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 32**
All documents referring or relating to Dril-Quip, Inc.'s involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 32:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 33**
All documents referring or relating to Weatherford's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 33:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable

attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the

documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 34**
All documents referring or relating to Anadarko's involvement, participation or conduct with
respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 34:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not

reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to

this Request as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable

attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## REQUEST FOR PRODUCTION No. 35

All documents referring or relating to MOEX's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

## RESPONSE TO RFP No. 35:

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## REQUEST FOR PRODUCTION No. 36

To the extent not required by other requests, all documents referring or relating to any other party's involvement, participation or conduct with respect to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 36:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## VI. Communications and General Requests

**REQUEST FOR PRODUCTION No. 37**
All documents requested by, or produced in response to, requests for production and interrogatories served on you by any other party in MDL No. 2179.

**RESPONSE TO RFP No. 37:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 38**
All documents exchanged between and communications between you and any employee, staff member or other person working for, with or on behalf of the United States government referring or relating to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 38:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 39**
All documents exchanged between and communications between you and any member, committee, employee, staff member or other person working on behalf of the United States Congress referring or relating to the Deepwater Horizon Incident or the MC252 Well created on or after January 1, 2010.

**RESPONSE TO RFP No. 39:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 40**
All documents exchanged between and communications between you and any person working in the Executive Office of the President of the United States relating to the Deepwater Horizon Incident or the MC252 Well created on or after January 1, 2010.

**RESPONSE TO RFP No. 40:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 41**
All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Academy of Engineering or National Research Counsel referring or relating to the Deepwater Horizon Incident or the MC252 Well created on or after April 20, 2010.

**RESPONSE TO RFP No. 41:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to

this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 42**
All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling referring or relating to the Deepwater Horizon Incident or the MC252 Well created on or after April 20, 2010.

**RESPONSE TO RFP No. 42:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 43**
All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of the Chemical Safety Board referring or relating to the Deepwater Horizon Incident or the MC252 Well created on or after April 20, 2010.

**RESPONSE TO RFP No. 43:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 44**
All documents exchanged between and communications between you and any member of the media or press or any person or entity affiliated with any media publication, including, but not limited to, any reporter, investigator, journalist, author, or publisher, referring or relating to the Deepwater Horizon Incident or the MC252 Well.

**RESPONSE TO RFP No. 44:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 45**
All documents exchanged between and communications between you and any member, employee, staff member or other person working on behalf of Det Norske Veritas referring or relating the Deepwater Horizon Incident or the MC252 Well created on or after April 20, 2010.

35

**RESPONSE TO RFP No. 45:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 46**
All documents provided to and other communications sent by you to the United States, the United States Congress, the Chemical Safety Board, the Marine Board of Investigation, the Incident Specific Preparedness Review, the National Commission on the Deepwater Horizon Oil Spill, or any other entity or proceeding relating to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 46:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 47**
All documents exchanged between and communications between you and any official, officer, representative, or employee of any interagency body, municipal authority or political subdivision, including but not limited to the Caernarvon Interagency Advisory Committee and the Southeast Louisiana Flood Protection Authority-East, referring or relating to the Deepwater Horizon Incident created on or after April 20, 2010.

**RESPONSE TO RFP No. 47:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

37

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 48**
All documents exchanged between and communications between you and any state or local government official, officer, representative, or employee in Alabama, Florida, Louisiana, Mississippi, Texas, or Mexico referring or relating to the Deepwater Horizon Incident created on or after April 20, 2010.

**RESPONSE TO RFP No. 48:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 49**
All documents exchanged between and communications between you and any official of the federal government of Mexico referring or relating to the Deepwater Horizon Incident created on or after April 20, 2010.

**RESPONSE TO RFP No. 49:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 50**
All documents referring or relating to Coastal Zone Management Act consistency determinations for activities conducted by BP in the Mississippi Canyon area of the Outer Continental Shelf.

**RESPONSE TO RFP No. 50:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable

attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the

documents responsive to this Request.   In addition, please see the attached documents LA-ST 1-

72.


**REQUEST FOR PRODUCTION No. 51**
All documents referring or relating to any communications between you and any employee or
officer of BP on or after April 20, 2010 relating to the Deepwater Horizon Incident or the
MC252 Well.

**RESPONSE TO RFP No. 51:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not

reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to

this Request as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.   In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in

the public domain, in the possession of Defendants and/or equally available to Defendants.

Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 52**
All documents exchanged between and communications between you and any other party in MDL No. 2179 referring or relating to the Deepwater Horizon Incident or the MC252 Well created on or after April 20, 2010.

**RESPONSE TO RFP No. 52:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 53**
All documents referring or relating to the "Macondo: The Gulf Oil Disaster - Chief Counsel's Report" from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, released in 2011.

**RESPONSE TO RFP No. 53:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 54**
All documents referring or relating to any report, presentation, conference, meeting or public statement from the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, including the final report, "Deep Water: The Gulf Oil Disaster and the Future of Offshore Drilling," released on January 11, 2011.

**RESPONSE TO RFP No. 54:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 55**
All documents referring or relating to BP's "Deepwater Horizon: Accident Investigation Report," dated September 8, 2010.

**RESPONSE TO RFP No. 55:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 56**
All documents constituting, referring or relating to any working papers or reports created by the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff.

**RESPONSE TO RFP No. 56:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 57**
All documents constituting, referring or relating to any research reports submitted by any Person to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff.

**RESPONSE TO RFP No. 57:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 58**
All documents constituting, referring or relating to requests made pursuant to the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12- 40, or similar statutes or ordinances that have sought records relating to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 58:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 59**
All documents produced by you under the Freedom of Information Act, the Louisiana Public Records Act, Alabama Code Section 36-12-40, or similar statutes or ordinances relating to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 59:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 60**
All documents provided to and other communications sent or received by you relating to the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 60:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 61**
All documents referring or relating to any investigation by you into the cause or causes of the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 61:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 62**
All documents referring or relating to any investigation performed for you into the cause or causes of the Deepwater Horizon Incident.

**RESPONSE TO RFP No. 62:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to

Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

## VII. Requests Relating to Your Claims and Evidence

**REQUEST FOR PRODUCTION No. 63**
All documents mentioned or referenced in any pleading, motion or brief filed by you in this action.

**RESPONSE TO RFP No. 63:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 64**
All documents relating to any allegations in your Complaint, including but not limited to:

**(a)** all documents relating to whether BP knew or should have known that the Deepwater Horizon drilling operation would damage you or your property;

**(b)** all documents supporting any allegations in your Complaint that the Deepwater Horizon or the MC252 Well (i) were in the custody and care of BP or (ii) had a vice or defect that caused damage to you or your property, and all documents bearing on whether BP knew or should have known of the alleged vice or defect;

**(c)** all documents supporting any allegation in your Complaint that BP engaged in abnormally dangerous or ultrahazardous activity; and

**(d)** all documents supporting any allegation in your Complaint that BP fraudulently concealed or misrepresented material facts concerning (i) its safety procedures or (ii) the safety and condition of its respective materials and equipment.

**RESPONSE TO RFP No. 64:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 65**
All documents that you may use or seek to introduce into evidence at any trial or hearing in this action.

**RESPONSE TO RFP No. 65:**

Plaintiff objects to this Request as overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 66**
All documents that relate to any expert testimony or opinions, or have been considered by any expert witness that may testify on your behalf at any trial or hearing in this action.

**RESPONSE TO RFP No. 66:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks

information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 67**
All documents which relate to the anticipated testimony of any person that you may call as a witness at any trial, hearing or deposition in this matter.

**RESPONSE TO RFP No. 67:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 68**
To the extent not required by other requests, all documents including but not limited to written, audio or visual recordings that comprise, transcribe, refer or relate to interviews of, or statements given by, persons with knowledge of the Deepwater Horizon Incident or the cause or causes of

the Incident, including but not limited to any such interviews or statements given or taken on board the Damon B. Bankston.

**RESPONSE TO RFP No. 68:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 69**
All documents identified in your responses to the Interrogatories below.

**RESPONSE TO RFP No. 69:**

Plaintiff objects to this Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Request is premature, as it is in the form of a

contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION No. 70**
All documents that you consulted in responding to the Interrogatories below and/or that provide support for your responses to the Interrogatories.

**RESPONSE TO RFP No. 70:**

Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**INTERROGATORY No. 1**
Describe in detail the factual and legal bases for any allegation or contention that BP was at fault for the Deepwater Horizon Incident, including the events causing the MC252 Well to flow, the blowout, the explosion, the injuries and loss of life, and the sinking of the Deepwater Horizon. As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

**ANSWER TO INTERROGATORY No. 1:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Interrogatory is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 2**

Describe in detail the factual and legal bases for any allegation or contention that a party, person or entity other than BP was at fault for the Deepwater Horizon Incident, including the events causing the MC252 Well to flow, the blowout, the explosion, the injuries and loss of life, and the sinking of the Deepwater Horizon. As part of your response, please identify each such party, person or entity, all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events.

**ANSWER TO INTERROGATORY No. 2:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Interrogatory is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 3**

Please identify each person employed by you who assisted, advised or represented you in connection with efforts to cap, seal, contain or collect hydrocarbons from the MC252 Well from April 20, 2010 up to and including April 22, 2010, and state the role or function of that person in the response.

**ANSWER TO INTERROGATORY No. 3:**

Plaintiff objects to this Interrogatory as overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 4**
Identify each person who has or may have knowledge or information relating to the allegations in your Complaint and, for each such person, state the subject area of his or her knowledge.

**ANSWER TO INTERROGATORY No. 4:**

Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to

Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by

applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

information identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to this

Interrogatory.


**INTERROGATORY No. 5**
Identify all persons or entities (other than your counsel, counsel for BP or the Court) with whom
you or your counsel have had communications or conversations regarding the Deepwater
Horizon Incident or the allegations or claims in your Complaint, stating for each:
  **(a)** the name and location of the persons(s);
  **(b)** the date and location of the communication and/or conversation;
  **(c)** the identity of all other persons present for or during the communication and/or
  conversation;
  **(d)** the substance of the communication and/or conversation;
  **(e)** whether you took any notes of, or otherwise recorded, the communication and/or
  conversation; and
  **(f)** whether you exchanged documents or other materials in connection with the
  communication and/or conversation and, if so, identify any such documents or materials.


**ANSWER TO INTERROGATORY No. 5:**

Plaintiff objects to this Interrogatory as vague, overbroad, unduly burdensome, and/or not

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to

this Interrogatory as seeking information, the probative value of which is far outweighed by the

expense and burden of searching for and producing such information.  In addition, Plaintiff

objects to this Interrogatory as premature in light of applicable Court orders and the Federal

Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks

information in the public domain, in the possession of Defendants and/or equally available to

Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 6**
Identify each person who conducted, participated in, recorded or transcribed interviews of, or statements given by, persons with knowledge of the Deepwater Horizon Incident, including but not limited to any such interviews or statements given or taken on board the Damon B. Bankston.

**ANSWER TO INTERROGATORY No. 6:**

Plaintiff objects to this Interrogatory as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 7**

Identify each person you intend to call or may call as a witness in this matter and, for each person identified, state the subject of their expected testimony.

**ANSWER TO INTERROGATORY No. 7:**

Plaintiff objects to this Interrogatory as overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 8**

Identify each person whom you may call as an expert witness, including each and every person whom you may call as either a retained or a non-retained expert (such as a current employee, agent or independent contractor). With respect to each person you identify, please state:
    (a) the subject matter on which the expert is expected to testify;
    (b) the substance of the facts and opinions to which the expert is expected to testify; and
    (c) a summary of the grounds for each opinion.

**ANSWER TO INTERROGATORY No. 8:**

Plaintiff objects to this Interrogatory as overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the

extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 9**
Identify each person who provided any information that forms the basis for your responses, or any portion thereof, to these Interrogatories, including the substance of the information each such person provided.

**ANSWER TO INTERROGATORY No. 9:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

## II.   VARIOUS DEFENDANTS'[1] (CORRECTED) FIRST JOINT DISCOVERY REQUESTS TO PLAINTIFFS (issued 5/16/11)

**REQUEST FOR PRODUCTION NO. 1:**
All documents related to the Macondo Well other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 1:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 1 and 2.

Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 2:**
All documents related to the *Deepwater Horizon* or any other vessel, equipment, product, service, or device used in connection with the drilling of the Macondo Well other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 2:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 4 through

12.   Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 3:**
All documents related to the Incident other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 3:**

---

[1] Joint Discovery Requests propounded by: BP Exploration & Production Inc., BP America Production Company, Anadarko Petroleum Corporation, Anadarko E&P Company LP, MOEX Offshore 2007 LLC, MOEX USA Corporation, Weatherford U.S., L.P., M-I L.L.C., Cameron International Corporation, and Halliburton Energy Services, Inc. (collectively, "Requesting Defendants")

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 24 through 36.   Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 4:**
All documents related to the Oil Spill other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 4:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties.   In addition, Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to any vessel, equipment, product, service, or device used in connection with the response to the Incident other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 5:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request No. 25.   Plaintiff

accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 6:**
All documents related to the Oil Spill Response other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 6:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 27 and 28.

Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 7:**
All documents related to any vessel, equipment, product, service, or device used in connection with the Oil Spill Response other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 7:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 27 and 28.

Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 8:**
All statements or documents reflecting or related to any statement by any witnesses or potential witnesses to any of the events of the Incident, the Oil Spill, or the Oil Spill Response other than those received in formal document productions from the Requesting Defendants or other parties to this litigation.

**RESPONSE TO RFP No. 8:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request No. 68.   Plaintiff

accordingly directs Defendants to its response to that Request.


**REQUEST FOR PRODUCTION NO. 9:**
All documents you have provided to any other person or entity in connection with this litigation
or any other claim, suit, or other proceeding involving the Requesting Defendants or any other
party to this litigation.

**RESPONSE TO RFP No. 9:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 37 and 52.

Plaintiff accordingly directs Defendants to its response to those Requests.


**REQUEST FOR PRODUCTION NO. 10:**
All documents you have provided to any government, government officer or official,
commission, agency, board, or other governmental or regulatory entity, authority, or person
related to the Incident, the Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 10:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 38 through

40, 42, and 46 through 49.   Plaintiff accordingly directs Defendants to its response to those

Requests.


**REQUEST FOR PRODUCTION NO. 11:**
All documents you have provided to any person or entity affiliated with any media publication,
including, but not limited to, any reporter, investigator, journalist, author, or publisher.

**RESPONSE TO RFP No. 11:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request No. 44.   Plaintiff accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 12:**
All documents related to any claim you have asserted against any person or entity as a result of the Incident, the Oil Spill, or the Oil Spill Response, including but not limited to all documents sent to or received from the Gulf Coast Claims Facility.

**RESPONSE TO RFP No. 12:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties.  In addition, Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.   In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the cement or cementing services provided in connection with the Macondo Well and/or the Incident.

**RESPONSE TO RFP No. 16:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18 and 19. Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 17:**

All evaluations, studies, or analyses of the cement or cementing services provided in connection with the Macondo Well and/or the Incident.

**RESPONSE TO RFP No. 17:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18 and 19. Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION NO. 18:**

All documents supporting your contention that the testing on the cement slurry used in the Macondo Well was not consistent with industry standards.

**RESPONSE TO RFP No. 18:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18, 19, 20 and 21. Plaintiff accordingly directs Defendants to its response to those Requests. Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to errors or wrongful conduct by Sperry Sun related to mudlogging or measurement while drilling services in connection with the Macondo Well and/or the Incident.

**RESPONSE TO RFP No. 19:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 14, 20, 21

and 29.   Plaintiff accordingly directs Defendants to its response to those Requests.


**REQUEST FOR PRODUCTION NO. 20:**
All documents that you contend are evidence that any party acted with gross negligence, willful misconduct, reckless disregard of human life, the health and safety of Plaintiffs, or the health and safety of the environment.

**RESPONSE TO RFP No. 20:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties.  In addition, Plaintiff objects to this Request as overbroad, unduly burdensome, and/or

not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further

objects to this Request as seeking information, the probative value of which is far outweighed by

the expense and burden of searching for and producing such information.  In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given

the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it

seeks information in the public domain, in the possession of Defendants and/or equally available

to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by

applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

All documents that relate to your contention, if any, that Anadarko Petroleum Corporation, Anadarko E&P Company LP, or MOEX Offshore 2007 LLC are responsible for the Incident.

**RESPONSE TO RFP No. 13:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 34 and 35. Plaintiff accordingly directs Defendants to its response to those Requests.  Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.

**REQUEST FOR PRODUCTION NO. 14:**
All documents that relate to your contention that Anadarko Petroleum Corporation, Anadarko E&P Company LP, or MOEX Offshore 2007 LLC were either involved in or had input into operational decisions with respect to the Macondo Well.

**RESPONSE TO RFP No. 14:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 34 and 35. Plaintiff accordingly directs Defendants to its response to those Requests.  Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.

**REQUEST FOR PRODUCTION NO. 15:**
All documents that you contend support the claims you are asserting against M-I L.L.C. in this case.

**RESPONSE TO RFP No. 15:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request No. 31.   Plaintiff accordingly directs Defendants to its response to that Request.   Further, this Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.

responses, objections and reservations of the Plaintiff Steering Committee with respect to the

documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**
All documents you intend to rely upon at any hearing, trial, or other proceeding in connection
with this litigation or any other litigation or dispute-resolution process of any kind involving
issues related to the Incident, the Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 21:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request No. 65.   Plaintiff

accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 22:**
All documents you intend to introduce into evidence at any hearing, trial, or other proceeding in
connection with this litigation or any other litigation or dispute-resolution process of any kind
involving issues related to the Incident, the Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 22:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request No. 65.   Plaintiff

accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 23:**
All documents you have provided to any attorney in connection with this litigation or any other
litigation or dispute-resolution process of any kind involving issues related to the Incident, the
Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 23:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties.  In addition, Plaintiff objects to this Request as vague, overbroad, unduly burdensome,

and/or not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff

further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**
All documents you have provided to any consultant or expert in connection with this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 24:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request No. 66. Plaintiff accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 25:**
All documents that relate to any expert testimony or opinions to be offered in support of your claims, or that have been considered or relied upon by any expert witness that may testify on your behalf at any trial or hearing in this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response.

**RESPONSE TO RFP No. 25:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request No. 66.   Plaintiff accordingly directs Defendants to its response to that Request.

**REQUEST FOR PRODUCTION NO. 26:**
To the extent not provided in response to the requests set forth above, any other documents related to the claims you are asserting against BP in this case.

**RESPONSE TO RFP No. 26:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties.  In addition, Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further objects to this Request as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information.  In addition, Plaintiff objects to this Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Request.

**INTERROGATORY NO. 1**
Identify each person who has or may have knowledge of information relating to the allegations in any of your complaints, including but not limited to each person with knowledge relating to

your allegations concerning the Incident, the Oil Spill, or the Oil Spill Response in this litigation or any other litigation or dispute-resolution process of any kind involving issues related to, and for each person identified state the subject matter of his or her knowledge.

**ANSWER TO INTERROGATORY No. 1:**

Plaintiff objects to this Interrogatory as duplicative of prior Interrogatories made by other parties;

including but not limited to BP E&P's First Set of Discovery, Interrogatory Nos. 1, 2 and 4.

Plaintiff accordingly directs Defendants to its response to those Interrogatories.


**INTERROGATORY NO. 2**
Identify each person you intend to call as a witness in this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response, and, for each person identified, state the subject of their expected testimony.

**ANSWER TO INTERROGATORY No. 2:**

Plaintiff objects to this Interrogatory as duplicative of prior Interrogatories made by other parties;

including but not limited to BP E&P's First Set of Discovery, Interrogatory No 7.    Plaintiff

accordingly directs Defendants to its response to that Interrogatory.


**INTERROGATORY NO. 3**
Identify each person you may call as an expert witness, including each and every person whom you may call as a retained or non-retained expert (such as a current employee, agent, or independent contractor) in this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response, and, for each such person, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER TO INTERROGATORY No. 3:**

Plaintiff objects to this Interrogatory as duplicative of prior Interrogatories made by other parties;

including but not limited to BP E&P's First Set of Discovery, Interrogatory No 8.    Plaintiff

accordingly directs Defendants to its response to that Interrogatory.

**INTERROGATORY NO. 4 AND REQUEST FOR PRODUCTION NO. 27**
If you contend that Anadarko Petroleum Corporation, Anadarko E&P Company LP, or MOEX Offshore 2007 LLC are responsible for the Incident, the Oil Spill, or the Oil Spill Response, please state each fact upon which you base your contention, identify all persons who have or may have knowledge of each such fact, and please identify and produce all documents that support each such fact.

**ANSWER TO INTERROGATORY No. 4 AND RFP No. 27:**

Plaintiff objects to this Interrogatory, and Request, as duplicative of prior Interrogatories and Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Interrogatory No 2 and Request Nos. 34 and 35.   Plaintiff accordingly directs Defendants to its response to that Interrogatory and Request.  Further, this Interrogatory/Request is premature, as it is in the form of a contention, given the ongoing discovery proceedings.

**INTERROGATORY NO. 5**
State all facts that you intend to prove that you contend support the claims you are asserting against M-I L.L.C. in this case.

**ANSWER TO INTERROGATORY No. 5:**

Plaintiff objects to this Interrogatory as duplicative of prior Interrogatories made by other parties; including but not limited to BP E&P's First Set of Discovery, Interrogatory No 2.   Plaintiff accordingly directs Defendants to its response to that Interrogatory.

**INTERROGATORY NO. 6**
If you contend that Halliburton Energy Services, Inc. is responsible for the Incident and/or the Oil Spill, please state each fact upon which you base your contention, and identify supporting documents and persons with knowledge of facts related to the contention.

**ANSWER TO INTERROGATORY No. 6:**

Plaintiff objects to this Interrogatory as duplicative of prior Interrogatories made by other parties; including but not limited to BP E&P's First Set of Discovery, Interrogatory No 2.   Plaintiff

accordingly directs Defendants to its response to that Interrogatory.  Further, this Interrogatory is

premature, as it is in the form of a contention, given the ongoing discovery proceedings.

**INTERROGATORY NO. 7**
If you contend that Halliburton Energy Services, Inc. acted in a negligent, grossly negligent, intentional or reckless manner, please state each fact upon which you base your contention, and identify supporting documents and persons with knowledge of facts related to the contention.

**ANSWER TO INTERROGATORY No. 7:**

Plaintiff objects to this Interrogatory, as duplicative of prior Interrogatories made by other

parties; including but not limited to BP E&P's First Set of Discovery, Interrogatory No 2.

Plaintiff accordingly directs Defendants to its response to that Interrogatory. Further, this

Interrogatory is premature, as it is in the form of a contention, given the ongoing discovery

proceedings.

**INTERROGATORY NO. 8a AND REQUEST FOR PRODUCTION NO. 28a:**
If you allege that alternative designs existed at the time the *Deepwater Horizon* BOP or its components left Cameron's control that would have eliminated or lessened the damages to any plaintiff, or that were superior to Cameron's design of the *Deepwater Horizon* BOP or its components, please identify  (by manufacturer, description of product or component, and date the design was first offered for sale) those alternative designs. This includes, but is not limited to, alternative designs that contained "sufficiently independent and redundant emergency activation systems on the BOP," as that phrase is used in your pleadings. (*see* First Amended B1 Bundle Master Complaint, Docket #1128, ¶ 449). For any documents describing or otherwise relating to those designs, please either identify those documents by Bates number or, to the extent not previously produced, produce those documents.

**ANSWER TO INTERROGATORY No. 8a AND RFP No. 28a:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad, unduly

burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

In addition, Plaintiff objects to this Interrogatory/Request as premature in light of applicable

Court orders and the Federal Rules of Civil Procedure.    Plaintiff similarly objects to this

Interrogatory/Request to the extent it seeks information in the public domain, in the possession

of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Interrogatory/Request.

**INTERROGATORY NO. 8b AND REQUEST FOR PRODUCTION NO. 28b:**
If you allege that alternative designs existed after the time the *Deepwater Horizon* BOP or its components left Cameron's control that would have eliminated or lessened the damages to any plaintiff, or that were superior to Cameron's design of the *Deepwater Horizon* BOP or its components, please identify (by manufacturer, description of product or component, and date the design was first offered for sale) those alternative designs. This includes, but is not limited to, alternative designs that contained "sufficiently independent and redundant emergency activation systems on the BOP," as that phrase is used in your pleadings. (*see* First Amended B1 Bundle Master Complaint, Docket #1128, ¶ 449). For any documents describing or otherwise relating to those designs, please either identify those documents by Bates number or, to the extent not previously produced, produce those documents.

**ANSWER TO INTERROGATORY No. 8b AND RFP No. 28b:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objects to this Interrogatory/Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the documents responsive to this Interrogatory/Request.

**INTERROGATORY NO. 9:**
Please describe the "types of drilling conditions, drill pipes, and casing assembly designs that would foreseeably be used during the *Deepwater Horizon's* drilling and exploration operations," as that phrase is used in your pleadings. (*see* First Amended B1 Bundle Master Complaint, Docket #1128, ¶ 445).

**ANSWER TO INTERROGATORY No. 9:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome. Plaintiff further objects to this Interrogatory to the extent it references B1 Bundle Master Complaint.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY NO. 10:**

Please describe the "warnings, instructions, and guidelines on permissible uses, modifications, and applications of the BOP" that you allege would have been "adequate," as those phrases are used in your pleadings. (*see* First Amended B1 Bundle Master Complaint, Docket #1128, ¶ 449)

**ANSWER TO INTERROGATORY No. 10:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome. Plaintiff further objects to this Interrogatory to the extent it references B1 Bundle Master Complaint.  In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY NO. 11 AND REQUEST FOR PRODUCTION NO. 29:**

If you allege that the *Deepwater Horizon* BOP or any of its components deviated from Cameron's specifications or performance standards, please identify the relevant specifications or standards, describe any alleged deviation, and describe how the alleged deviation caused or contributed in any way to the *Deepwater Horizon* Incident and/or the Oil Spill. If any documents contain the allegedly relevant specifications or standards, or relate to the alleged deviation, please either identify those documents by Bates number or, to the extent not previously produced, produce those documents.

**ANSWER TO INTERROGATORY No. 11 and RFP No. 29:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad and/or unduly burdensome.   In addition, Plaintiff objects to this Interrogatory/Request as duplicative of Interrogatories and Requests issued by other parties and premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory/Requests.

**INTERROGATORY NO. 12:**
If you allege that the *Deepwater Horizon* BOP or any of its components contained any particular potentially damaging characteristics about which Cameron did not provide a warning, please identify those characteristics, and specify for each characteristic whether you allege that the user or handler of the product (*e.g.*, Transocean or BP) knew or reasonably should have been expected to know of the characteristic and its danger.

**ANSWER TO INTERROGATORY No. 12:**

Plaintiff objects to this Interrogatory as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories issued by others and premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also

objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY NO. 13 AND REQUEST FOR PRODUCTION NO. 30:**
If you allege the *Deepwater Horizon* BOP was subject to an express warranty on April 20, 2010, please identify/specify the substance of the warranty, whether the warranty is written (and if written, where written), whether you allege the warranty was breached (and if so, when the warranty was breached, what actions or inactions breached the warranty, and how the alleged breach caused or contributed in any way to the *Deepwater Horizon* Incident and/or the Oil Spill). If any documents contain the alleged express warranties, please either identify those documents by Bates number or, to the extent not previously produced, produce those documents.

**ANSWER TO INTERROGATORY No. 13 AND RFP No. 30:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad and/or unduly burdensome.  In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories/Requests issued by other parties and premature in light of applicable Court orders and the Federal Rules of Civil Procedure.  Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory/Request.

**INTERROGATORY NO. 14 AND REQUEST FOR PRODUCTION NO. 31:**

For each of the "260 known defects and failure modes" you allege regarding the *Deepwater Horizon* BOP or its components (*see* First Amended B1 Bundle Master Complaint, Docket #1128, ¶ 651), please identify each one you allege caused or contributed in any way to the *Deepwater Horizon* Incident and/or the Oil Spill, explain how you allege it caused or contributed in any way to the *Deepwater Horizon* Incident and/or the Oil Spill, and identify the date that you allege such defect or failure mode was made known to Cameron. If any documents support your allegation that such defect or failure mode was made known to Cameron, please either identify those documents by Bates number or, to the extent not previously produced, produce those documents.

**ANSWER TO INTERROGATORY No. 14 AND RFP No. 31:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad and/or unduly burdensome. Plaintiff further objects to this Interrogatory/Request to the extent it references B1 Bundle Master Complaint. In addition, Plaintiff objects to this Interrogatory/Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory/Request.

**INTERROGATORY NO. 15 AND REQUEST FOR PRODUCTION NO. 32:**

81

Please identify (by name, address/location of relevant real property, the PACER docket number of the lawsuit or "short form joinder" of the plaintiff, and date on which the oil first touched the real property) every plaintiff who alleges that the oil spilled from the Macondo Well touched any real property owned by that plaintiff. Please produce all documents relating to the date on which oil first touched the properties set out in your response.

**ANSWER TO INTERROGATORY No. 15 AND RFP No. 32:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad and/or unduly burdensome.  Plaintiff further objects to this Interrogatory/Request to the extent it applies to Complaints and/or Short Form Joinders beyond Plaintiff's Complaints.  In addition, Plaintiff objects to this Interrogatory/Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.  Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory/Request.

**INTERROGATORY NO. 16 AND REQUEST FOR PRODUCTION NO. 33:**

Please identify (by name, address/location of relevant real property, the PACER docket number of the lawsuit or "short form joinder" of the plaintiff, and date on which the oil first prevented use of, or impeded access to, the real property) every plaintiff who alleges that the oil spilled from the Macondo Well prevented use of, or impeded access to, any real property owned by that plaintiff. Please produce all documents relating to the date on which oil first prevented use of, or impeded access to, the properties set out in your response.

**ANSWER TO INTERROGATORY No. 16 AND RFP No. 33:**

Plaintiff objects to this Interrogatory and Request as vague, overbroad and/or unduly burdensome. Plaintiff further objects to this Interrogatory/Request to the extent it applies to Complaints and/or Short Form Joinders beyond Plaintiff's Complaints. In addition, Plaintiff objects to this Interrogatory/Request as premature in light of applicable Court orders and the Federal Rules of Civil Procedure. Plaintiff similarly objects to this Interrogatory/Request to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants. Plaintiff also objects to the extent this Interrogatory/Request seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory/Request.

## III.   DISCOVERY REQUESTS[2] TO THE STATE OF LOUISIANA (issued 5/13/2011)

**REQUEST FOR PRODUCTION No. 1**
Please produce all documents related to the cement or cementing services provided in connection with the Macondo Well and/or the Incident.

**RESPONSE TO RFP No. 1:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18 and 19. Plaintiff accordingly directs Defendants to its response to those Requests.

_____

[2] Propounded by Defendant Halliburton Energy Services, Inc. ("HESI").

**REQUEST FOR PRODUCTION No. 2**

Please produce all evaluations, studies, or analyses of the cement or cementing services provided in connection with the Macondo Well and/or the Incident.

**RESPONSE TO RFP No. 2:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18 and

19.   Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION No. 3**

Please produce all documents supporting your contention that the testing on the cement slurry used in the Macondo Well was not consistent with industry standards.

**RESPONSE TO RFP No. 3:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request Nos. 13, 18 and

19.   Plaintiff accordingly directs Defendants to its response to those Requests.

**REQUEST FOR PRODUCTION No. 4**

Please produce all documents that you contend are evidence that any party acted with gross negligence, willful misconduct, reckless disregard of human life, the health and safety of individuals, or the health and safety of the environment.

**RESPONSE TO RFP No. 4:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties.  In addition, Plaintiff objects to this Request as overbroad, unduly burdensome, and/or

not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further

objects to this Request as seeking information, the probative value of which is far outweighed by

the expense and burden of searching for and producing such information.  In addition, Plaintiff

objects to this Request as premature in light of applicable Court orders and the Federal Rules of

Civil Procedure.   Further, this Request is premature, as it is in the form of a contention, given

the ongoing discovery proceedings.  Plaintiff similarly objects to this Request to the extent it

seeks information in the public domain, in the possession of Defendants and/or equally available

to Defendants.  Plaintiff also objects to the extent this Request seeks information protected by

applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and

documents identified in Plaintiff's Complaints and briefing to the Court and further adopts the

responses, objections and reservations of the Plaintiff Steering Committee with respect to the

documents responsive to this Request.


**REQUEST FOR PRODUCTION No. 5**
Please produce all documents related to errors or wrongful conduct by Sperry Sun related to
mudlogging or measurement while drilling services in connection with the Macondo Well and/or
the Incident.

**RESPONSE TO RFP No. 5:**

Plaintiff objects to this Request as duplicative of prior Requests for production made by other

parties; including but not limited to BP E&P's First Set of Discovery, Request No. 14.   Plaintiff

accordingly directs Defendants to its response to that Request.


**INTERROGATORY No. 1**
If you contend that HESI is responsible for the Incident and/or the Oil Spill, please state each
fact upon which you base your contention, and identify supporting documents and persons with
knowledge or facts related to the contention.

**ANSWER TO INTERROGATORY No. 1:**

Plaintiff objects to this Interrogatory as duplicative of prior Requests for production made by

other parties.   In addition, Plaintiff objects to this Interrogatory as overbroad, unduly

burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

85

Plaintiff further objects to this Interrogatory as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders and the Federal Rules of Civil Procedure.   Further, this Interrogatory is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

**INTERROGATORY No. 2**
If you contend that HESI acted in a negligent, grossly negligent, intentional or reckless manner, please state each fact upon which you base your contention, and identify supporting documents and persons with knowledge of facts related to the contention.

**ANSWER TO INTERROGATORY No. 2:**

Plaintiff objects to this Interrogatory as duplicative of prior Requests for production made by other parties.   In addition, Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory as seeking information, the probative value of which is far outweighed by the expense and burden of searching for and producing such information. In addition, Plaintiff objects to this Interrogatory as premature in light of applicable Court orders

and the Federal Rules of Civil Procedure.   Further, this Interrogatory is premature, as it is in the form of a contention, given the ongoing discovery proceedings.  Plaintiff similarly objects to this Interrogatory to the extent it seeks information in the public domain, in the possession of Defendants and/or equally available to Defendants.   Plaintiff also objects to the extent this Interrogatory seeks information protected by applicable attorney-client, work product, deliberative process and/or common interest privileges.

Without waiving these objections, Plaintiff hereby directs Defendants to the facts and information identified in Plaintiff's Complaints and briefing to the Court and further adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to this Interrogatory.

## IV.   VARIOUS DEFENDANTS' SECOND JOINT DISCOVERY REQUESTS[3] TO PLAINTIFFS (issued 5/27/2011)

Plaintiff, the State of Louisiana, adopts the responses, objections and reservations of the Plaintiff Steering Committee with respect to the Requests for Admission (and associated Interrogatory) in this Discovery Requests.  Plaintiff further objects to the extent certain requests for admission assert facts that, even if admitted, are not a defense to the liabilities of Defendants.

Dated this 20th day of June, 2011.

JAMES D. "BUDDY" CALDWELL                KANNER & WHITELEY, LLC
LOUISIANA ATTORNEY GENERAL

        /s/ Allan Kanner

James Trey Phillips                                       Allan Kanner
First Assistant Attorney General                  Elizabeth B. Petersen
Megan K. Terrell                                           David A. Pote

---

[3] Issued by BP Exploration & Production Inc., BP America Production Company (collectively, the "BP Parties"); Anadarko Petroleum Corporation, and Anadarko E&P Company LP (collectively, "Anadarko" and Halliburton Energy Services, Inc.

Assistant Attorney General
Section Chief –Environmental
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6708

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

Doug R. Kraus
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections and Responses to Discovery against the State of Louisiana has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 on this 20th day of June, 2011.

Kanner & Whiteley, L.L.C.

_/s/ Allan Kanner_____
Allan Kanner
a.kanner@kanner-law.com

# EXHIBIT D

**From:** Lili Petersen [e.petersen@kanner-law.com]
**Sent:** 08/18/2011 10:52 PM GMT
**To:** Andrew Bloomer
**Cc:** Andrew Langan; Allan Kanner <a.kanner@kanner-law.com>; "Don K. Haycraft" <dkhaycraft@liskow.com>; "Robert E. Holden" <reholden@liskow.com>; Tim Duffy; Beth Larsen
**Subject:** RE: Search Term and Custodian Lists

Andrew –

To confirm, Louisiana has to date provided materials associated with the consistency determination for the Macondo drilling lease as well as the official notification of the DWH emergency.  Additionally we have just received further materials associated with explosion, fire and initial release during the April 20 through 23rd time frame which we will be able to provide to BP on Monday of next week.  We are also conducting, as referenced in my email of August 8, the search within the following agencies which were the initial agencies associated with Phase 1 issues:  Louisiana Department of Environmental Quality; Louisiana Department of Public Safety; Louisiana Oil Spill Coordinator's Office; Louisiana Department of Wildlife and Fisheries; and the Louisiana Department of Natural Resources.  Our searches include all custodians within these agencies (however, to the extent attorney client information is recovered, that will be withheld).  Our search parameters at this point include those identified on the attached.  Given that Louisiana's discovery obligations are currently limited to Phase 1, the breadth of the search terms and time frames proposed by BP are simply overbroad.  We hope to have additional materials resulting from this search shortly.

The State has, accordingly, limited its current searches to those requests specifically addressing the explosion, fire, sinking and initial release.  While BP has provided proposed search terms and timeframes for the 70 Requests for Production it issued to the State of Louisiana, those requests cover far more than that which is contemplated for Phase 1.  As such, while the State is currently assessing the logistics (as well as associated burdens) of searching, reviewing and producing materials from all of the State's agencies consistent with upcoming Phase 2 obligations, we cannot at this time commit to the actual searches but instead intend to propose alternate search terms and time frames consistent with the State's obligations as we move forward.   Without further narrowing of the Requests as issued by BP, the protections provided by the Magistrate's Orders limiting the States' obligations at this time and in the context of the Limitations trial would be meaningless.

With respect to the files of the Attorney General's office, as noted in our <u>Phase 1 Objections and Responses to Discovery Requests</u>, (6/20/11): "Further, the State of Louisiana does not include responses herein on behalf of the Office of its Attorney General given the many privileges

associated with this office." BP has provided no rationale or justification for a search of the offices of the State's chief legal officer given the privileges associated therewith and the likelihood that any non privileged responsive information from that office will be contained in the files of the State agencies it represents.

We hope to be able to work through BP's discovery requests consistent with the Court's orders and associated time frames as well as the reasonable discovery obligations of the State under these circumstances. I am available to discuss this further either tomorrow or at your convenience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777

**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Friday, August 12, 2011 4:25 PM
**To:** Lili Petersen
**Cc:** Andrew Langan; Allan Kanner; Don K. Haycraft; Robert E. Holden; Tim Duffy; Beth Larsen
**Subject:** RE: Search Term and Custodian Lists

Lili:

Thanks for your email. We have the following questions/comments in response:

--It appears from your spreadsheet that the State of Louisiana is searching only six of the agencies/departments from the list we provided to the State in May 2011. Please confirm whether the State is conducting a search of any other agencies/departments.

--For the agencies/departments that the State is searching, are the files of the individuals on the custodian list we previously sent you being searched?

--Is the State conducting a search of the Attorney General's office?

--It appears that the State is searching for documents in response to only five (24, 25, 50, 61, 62) of BP's seventy document requests. Please confirm whether the State is conducting a search for Phase 1-related documents in response to all of the requests in BP's April 29, 2011 First Set of Document Requests, which are specifically tailored to Phase 1 issues.

--BP cannot agree to the limited time frames set forth in your spreadsheet. These time frames are far too narrow. In particular, BP cannot agree to a cutoff date of April 23, 2010.

While BP has attempted to work with the State on its responses to BP's Phase 1 discovery, including providing a list of agencies to be searched, as well as search term and custodian lists, months ago, the State has not been responsive and the process has only dragged on. Unless we can reach a resolution of these issues by Monday, August 15, 2011, which is the deadline for motions to compel, BP will be prepared to address the matter with Magistrate Judge Shushan.

I am available this afternoon, over the weekend, on Monday to discuss.

Thanks.

Andrew


Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com


| | |
|---|---|
| **Lili Petersen <**<br>**e.petersen@kanner-law.co**<br>**m>**<br><br>08/08/2011 06:36 PM | To 'Andrew Bloomer' <abloomer@kirkland.com>, Allan Kanner <a.kanner@kanner-law.com><br>cc "Robert E. Holden" <reholden@liskow.com>, "Don K. Haycraft" <dkhaycraft@liskow.com>, Andrew<br>    Langan <alangan@kirkland.com>, Tim Duffy <tduffy@kirkland.com><br>Subj RE: Search Term and Custodian Lists<br>ect |


Andrew – As an update, we are currently running searches, in the context of Phase 1,  as
identified on the attached.  As you will see we have endeavored to limit the time frames as well
as the agencies which are covered at this point.  We hope to have additional materials and
information for you within the week and are working through the longer search term proposal
you provided.  I am available to discuss this at your convenience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777


 **From:** Lili Petersen [e.petersen@kanner-law.com]
 **Sent:** 07/19/2011 08:03 PM GMT
 **To:** Andrew Bloomer; Allan Kanner <a.kanner@kanner-law.com>
 **Cc:** Robert Holden <reholden@liskow.com>; Don Haycraft <dkhaycraft@liskow.com>;
Andrew Langan; Tim Duffy
 **Subject:** RE: Search Term and Custodian Lists

Andrew,
Apologies, we are continuing to try to work through logistics of searching as well as search term
and custodian issues with our agencies and hope to have some more certainty to report back to

Allan and Lili:

I write to follow up on my email below.

Please let us know whether the State of Louisiana will produce documents from the list of agencies you previously requested and which we provided back on May 20.

Also, please let us know the State's position regarding search terms, start/end dates, and custodians for both the Louisiana Attorney General's office and the state agencies to be searched.

If we cannot resolve these issues by agreement, we will need to raise them with the Court.

Many thanks.

--Andrew

Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com

----- Forwarded by Andrew Bloomer/Chicago/Kirkland-Ellis on 07/07/2011 05:14 PM -----

| | | |
|---|---|---|
| **Andrew Bloomer/Chicago/Kirkland-Ellis**<br><br>06/30/2011 09:58 PM | To | "Corey Maze" <CMaze@ago.state.al.us> |
| | cc | "Allan Kanner" <A.Kanner@kanner-law.com>, "Robert E. Holden" < reholden@liskow.com>, "Greg L. Johnson" <gljohnson@liskow.com>, "Buddy Cox" <wcox@lightfootlaw.com>, "Davis, Jim" <JimDavis@ago.state.al.us>, "Nummy, Alan" <AlanNummy@ago.state.al.us>, Tim Duffy/Chicago/Kirkland-Ellis@K&E, "Don K. Haycraft" < dkhaycraft@liskow.com>, Andrew Langan/Chicago/Kirkland-Ellis@K&E, "Lili Petersen" <e.petersen@kanner-law.com>, Marty Basu/Chicago/Kirkland-Ellis@K&E, "Sinclair, Win" < WSinclair@ago.state.al.us> |
| | Subject | Re: Search Term and Custodian Lists Link |

Corey and Allan:

I am still digging out of emails after returning from a business trip abroad but wanted to get back to Corey and also raise a couple of other issues.

Corey, I think we can agree to an April 20, 2009 start date for the Alabama Attorney General office search.  We can also agree to exclude the electronically mailed media stories of the sort you described.

However, we cannot agree to an August 12, 2010 cutoff date.  If there are responsive, non-privileged Phase 1 documents in the possession of the Attorney General's office that post-date August 12, 2010, or came into the Attorney General's possession after that date, we believe they should be produced.  We would thus propose a cutoff of January 31, 2011, which is consistent with the end date utilized with the DOJ on similar requests.  If the State of Alabama does not agree, the parties can raise the issue with Magistrate Judge Shushan.

Allan and Lili, we have not heard from the State of Louisiana on the issue of search terms, dates, or custodians for both the Louisiana Attorney General's office and an agreed-to list of state agencies to be searched.  Please get back to us on these issues.

Finally, both the State of Alabama and the State of Louisiana "incorporate" the PSC's discovery responses in the States' responses to BP's discovery.  However, the PSC's responses state that the PSC will not produce documents it provided to other parties or that are in the possession of other parties, which would include the States.  We would like to know if the States are relying on the PSC's response (or, more accurately, non-response) to withhold documents responsive to BP's requests.  We would appreciate it if Alabama and Louisiana would let us know where they stand on this issue.
If you would like to discuss, please let us know.  We are happy to do so.

Many thanks.

-Andrew

Andrew B. Bloomer, P.C. | Kirkland & Ellis LLP
300 North LaSalle Street | Chicago, IL 60654
312.862.2482 Phone | 312.862.2200 Fax |
773.456.5688 Cell | andrew.bloomer@kirkland.com

---

**From:** "Maze, Corey" [CMaze@ago.state.al.us]
**Sent:** 06/30/2011 07:32 PM EST
**To:** Andrew Bloomer
**Cc:** "Allan Kanner" <A.Kanner@kanner-law.com>; "Robert E. Holden" <reholden@liskow.com>; "Greg L. Johnson" <gljohnson@liskow.com>; "Buddy Cox" <wcox@lightfootlaw.com>; "Davis, Jim" <JimDavis@ago.state.al.us>; "Nummy, Alan" <AlanNummy@ago.state.al.us>; Tim Duffy; "Don K. Haycraft" <dkhaycraft@liskow.com>; Andrew Langan; "Lili Petersen" <e.petersen@kanner-law.com>; Marty Basu; "Sinclair, Win" <WSinclair@ago.state.al.us>
**Subject:** Re: Search Term and Custodian Lists

Yes, I apologize.  August 12, 2010.

Makes me look a tad silly now, and it's too far removed to blame the London jet lag.

Sent from my iPad

On Jun 30, 2011, at 7:06 PM, "Andrew Bloomer" <abloomer@kirkland.com> wrote:

Corey - I assume you mean August 12, 2010 as the end date?

Andrew

Andrew B. Bloomer, P.C. | Kirkland & Ellis LLP
300 North LaSalle Street | Chicago, IL 60654
312.862.2482 Phone | 312.862.2200 Fax |
773.456.5688 Cell | andrew.bloomer@kirkland.com

---

**From:** "Maze, Corey" [CMaze@ago.state.al.us]
**Sent:** 06/30/2011 10:26 AM EST
**To:** Andrew Bloomer; "Allan Kanner" <A.Kanner@kanner-law.com>
**Cc:** "Robert E. Holden" <reholden@liskow.com>; "Greg L. Johnson" <gljohnson@liskow.com>; "Buddy Cox" <wcox@lightfootlaw.com>; "Davis, Jim" <JimDavis@ago.state.al.us>; "Nummy, Alan" <AlanNummy@ago.state.al.us>; Tim Duffy; "Don K. Haycraft" <dkhaycraft@liskow.com>; Andrew Langan; "Lili Petersen" <e.petersen@kanner-law.com>; Marty Basu; "Sinclair, Win" <WSinclair@ago.state.al.us>
**Subject:** RE: Search Term and Custodian Lists

For the AG Office search, Alabama will agree to the following date range, dependent on the caveat below:

Start Date:  April 20, 2009 (one year before)

End Date: August 12, 2011 (the day we filed our complaint)

Caveat:  We will not produce emails that are simply electronically mailed media stories re: the explosion and Spill.

Our IT director has run a sample search using your terms and our dates, and over 90% of the hits are automatically generated emails sent to our employees with media stories about the Spill. There are no comments, no exchanges, no non-media information, just the newspaper/web article itself arriving in an inbox—like when we wake up in the morning to find the Lexis File & Serve Daily Report of the previous day's filings.

you this week.   We appreciate your patience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777

**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Friday, July 15, 2011 3:46 PM
**To:** Allan Kanner; Lili Petersen
**Cc:** Robert Holden; Don Haycraft; Andrew Langan; Tim Duffy
**Subject:** Fw: Search Term and Custodian Lists

Allan and Lili:

    We will receive a response to these questions?

    Thanks

--Andrew


Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com



----- Forwarded by Andrew Bloomer/Chicago/Kirkland-Ellis on 07/15/2011 03:44 PM -----

**Andrew Bloomer/Chicago/Kirkland-Ellis**

07/07/2011 05:28 PM

To "Allan Kanner" <A.Kanner@kanner-law.com>, "Lili Petersen" < e.petersen@kanner-law.com>
cc "Robert Holden" <reholden@liskow.com>, "Don Haycraft" < dkhaycraft@liskow.com>, "Langan, Andrew" <alangan@kirkland.com>, Tim Duffy/Chicago/Kirkland-Ellis
Su Fw: Search Term and Custodian Lists
bje
ct

As long as BP agrees that we do not have to produce these emailed articles, we will conduct the search with the date range listed above.

To be blunt, we will not go any further on either date absent an order from the Magistrate.

--

Also, to be clear, this date range applies only to Alabama.  It does not  apply to Louisiana. Louisiana may well offer an end date that is earlier than Alabama's, to which Alabama will have no objection.

<u>Corey L. Maze</u>

*Deputy Attorney General, State of Alabama*

(334) 353-4336

"**Confidentiality Notice**:  The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients.  If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email."

```
************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
```

```
including all attachments.
*********************************************************
```

```
*********************************************************
```
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
```
*********************************************************
```

```
*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************
```

```
*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************
```



0867 - LA DWH Supplemental Phase I ESI Search Terms (00007657).pdf

E-Mail Attachment:

0867 - LA DWH Supplemental Phase I
ESI Search Terms (00007657).pdf

# SUPPLEMENTAL PHASE 1 ESI SEARCH TERMS

| Set | No. | Request | Agencies | Beginning Date | End Date | Search Terms--First Run | Search Terms-Second Run |
|---|---|---|---|---|---|---|---|
| BP 1 | 24 | All documents referring or relating to the explosion and fire aboard the *Deepwater Horizon*. | DPS, LOSCO, DEQ, DNR | 4/19/2010 | 4/23/2010 | "Macondo"  "Deepwater Horizon" "Deep Water Horizon" "DWH" "Mississippi Canyon 252"  "MC252" "MC 252"  "MC-252" "BP" "British Petroleum" "Anadarko" "APC" "AE&P" "AEP" "Moex" "Transocean" "Cameron" "Hall burton" "Weatherford" "M-I" "Mitsui" | "fire*"  "explo*"  "spill*" "oil" "coast guard" |
| BP 1 | 25 | All documents referring or relating to firefighting, emergency response, and rescue efforts in response to the Incident on the *Deepwater Horizon*. | DWF, DEQ, DPS, LOSCO | 4/19/2010 | 4/23/2010 | "Macondo"  "Deepwater Horizon" "Deep Water Horizon" "DWH" "Mississippi Canyon 252"  "MC252" "MC 252"  "MC-252" "BP" "British Petroleum" "Anadarko" "APC" "AE&P" "AEP" "Moex" "Transocean" "Cameron" "Hall burton" "Weatherford" "M-I" "Mitsui" | "fire*"  "emergency" "respon*" "rescue" |
| BP 1 | | All documents referring or relating to Coastal Zone Management Act consistency determinations for activities conducted by BP in the Mississippi Canyon area our of the Outer Continental Shelf. | DNR - OCM | 1/1/2009 | 12/31/2010 | "C20090112"  "Mississippi Canyon 252"  "252 Mississippi Canyon" "G32306 Block"  G 32306" "BP" "British Petroleum" "Anadarko" "APC" "AE&P" "AEP" "Moex" "Transocean" "Cameron" "Hall burton" "Weatherford" "M-I" "Mitsui" | "consistency determination" "CD" "consistency certif*" "initial exploration plan" "exploration plan" |
| BP 1 | 61 | All documents referring or relating to any investigation by you into the cause or causes of the Deepwater Horizon Incident. | DPS, LOSCO, DEQ | 4/19/2010 | 4/23/2010 | "Macondo"  "Deepwater Horizon" "Deep Water Horizon" "DWH" "Mississippi Canyon 252"  "MC252" "MC 252"  "MC-252" "BP" "British Petroleum" "Anadarko" "APC" "AE&P" "AEP" "Moex" "Transocean" "Cameron" "Hall burton" "Weatherford" "M-I" "Mitsui" | "cause*"  investigat*" |
| BP 1 | 62 | All documents referring or relating to any investigation performed for you into the cause or causes of the Deepwater Horizon Incident. | DPS, LOSCO, DEQ | 4/19/2010 | 4/23/2010 | "Macondo"  "Deepwater Horizon" "Deep Water Horizon" "DWH" "Mississippi Canyon 252"  "MC252" "MC 252"  "MC-252" "BP" "British Petroleum" "Anadarko" "APC" "AE&P" "AEP" "Moex" "Transocean" "Cameron" "Hall burton" "Weatherford" "M-I" "Mitsui" | "cause*"  investigat*" |