**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | \* | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | \* | |
| of Mexico, on April 20, 2010 | \* | **SECTION: J** |
| | \* | |
| **This Document Relates to:** | \* | |
| | \* | |
| | \* | |
| *Case No. 2:10-cv-04536-CJB-SS* | \* | |
| | \* | **JUDGE BARBIER** |
| | \* | **MAGISTRATE JUDGE SHUSHAN** |
| | \* | |
| \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \* | | |

**OPPOSITION OF DEFENDANTS ANADARKO PETROLEUM CORPORATION**
**AND ANADARKO E&P COMPANY LP TO SIERRA CLUB INC.'S**
**OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE**
<u>**DENYING SIERRA CLUB INC.'S MOTION TO INTERVENE**</u>

I.      INTRODUCTION

Sierra Club Inc. ("Sierra Club") has filed an objection to the June 28, 2011 order of the

Magistrate Judge denying Sierra Club's motion to intervene as a plaintiff in this litigation.  [Rec.

Doc. 3065].  The Magistrate Judge determined that Sierra Club could not meet the four-factor

test for intervention as of right under Federal Rule of Civil Procedure 24(a), and denied

permissive intervention under Rule 24(b).  The Magistrate did not reach the separate arguments

raised by Defendants Anadarko Petroleum Corporation and Anadarko E&P Company LP

(collectively "Anadarko") concerning jurisdictional issues relating to Sierra Club's proposed

claims against Anadarko.  To the extent the Court addresses those arguments in the context of

Sierra Club's objections, Anadarko respectfully files this response limited to those issues.

Sierra Club's objections to the Magistrate's Order provide no support that would allow it

to bring its purported claims against Anadarko, even in intervention.  Sierra Club did not provide

notice of its asserted Clean Water Act ("CWA") claim against Anadarko, and the United States is

now diligently prosecuting its own CWA claim against Anadarko.  As a result, the Court lacks

jurisdiction over Sierra Club's CWA claims.  *See* 33 U.S.C. §1365(b).  In addition, Sierra Club's

proposed Oil Pollution Act ("OPA") claim suffers from incurable jurisdictional defects.

II.     BACKGROUND

On December 15, 2010, the United States of America filed a lawsuit, which arose out of

the April 20, 2010 *Deepwater Horizon* oil spill, against Defendants BP Exploration &

Production Inc. ("BP"), Anadarko,[1] MOEX Offshore 2007 LLC, Triton Asset Leasing GMBH,

Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., Transocean

---

[1]  The United States' Complaint and Sierra Club's proposed Complaint-in-Intervention erroneously refer
to "Anadarko Exploration & Production LP."  Anadarko E&P Company LP has since stipulated to being
substituted as a defendant in place of the incorrectly-named party.

1

Deepwater Inc., and QBE Underwriting Ltd., Lloyd's Syndicate 1036.  The United States limited

its complaint to two claims for relief: (1) for the imposition of civil penalties for oil discharges

under CWA § 311(b)(7), 33 U.S.C. § 1321(b)(7); and (2) for a declaratory judgment that

Defendants are liable under Section 1002(a) of OPA, 33 U.S.C. § 2702(a), for the *United States*'

recovery of costs and damages.  In its prayer for relief, the United States also seeks injunctive

relief "as appropriate."

On February 7, 2011, Sierra Club moved to intervene in the United States' action under

Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B).  Sierra Club seeks to bring a CWA

enforcement action and makes numerous allegations regarding various violations of the CWA.

*See, e.g.,* proposed Compl. in Intervention, ¶¶80-86 [Rec. Doc. 1115-2].  Sierra Club seeks to

raise these claims against Anadarko but has admitted that it did not provide Anadarko with

notice of intent to sue.  *See* Sierra Club's Combined Reply to Opp'ns to Sierra Club's Mot. to

Intervene at 14 [Rec. Doc. 1633].  Sierra Club also acknowledged that the discharge of oil has

stopped, so it cannot bring its own claims under the CWA's citizen suit provision.  *See* Sierra

Club Mem. in Support of Mot. to Intervene at 4 n.3 [Rec. Doc. 1115-1].  Moreover, Sierra Club

does not identify any costs or damages that it has incurred or will incur under OPA, nor does

Sierra Club allege that it presented any claim for such costs to any responsible party.

On June 28, 2011, Magistrate Judge Shushan issued an order denying Sierra Club's

motion to intervene.  Because the Magistrate Judge ruled that Sierra Club was not entitled to

intervene under either Rule 24(a)(2) or (b)(1)(B), the order did not reach Anadarko's arguments.

*See* June 28, 2011 Order at 21 n.16 [Rec. Doc. 3065].  On July 25, 2011, Sierra Club filed its

objections to the Magistrate Judge's order.  Sierra Club's memorandum in support of its

objections did not address Anadarko's arguments against the proposed intervention.

III.    ARGUMENT

    A.    **Sierra Club Should Not Be Allowed to Avoid the CWA's Jurisdictional Requirements by Seeking Intervention Under Rule 24(a)(2).**

Sierra Club should not be allowed to use Rule 24(a)(2) to intervene and thereby avoid the jurisdictional prohibitions on its proposed CWA claims against Anadarko.[2]  Sierra Club has failed to provide Anadarko with notice of its intent to sue, which bars Sierra Club from bringing a CWA claim against Anadarko.

The CWA recognizes the right of citizens to bring an enforcement action in certain circumstances.  33 U.S.C. § 1365.  Such an action, however, is barred unless the plaintiff provided the United States and the alleged violator with notice of its intent to sue at least 60 days prior to filing its complaint.  33 U.S.C. § 1365(b)(1)(A).  Notice must be provided to the United States to give it an opportunity to initiate an enforcement action itself, and the citizen may not bring suit if the United States is diligently prosecuting such enforcement action.  33 U.S.C. §1365(b)(1); *see also Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989) ("[N]otice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits.") (citing *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987)); *S. Car. Wildlife Fed'n v. Alexander*, 457 F. Supp. 118, 124 (D.S.C. 1978) ("One of the major purposes of the notice provision is to allow for possible administrative resolution *prior* to filing suit") (emphasis original).  The 60-day notice requirement is jurisdictional, and the failure to comply renders the CWA claim invalid.  *See Hallstrom*, 493 U.S. at 31 ("hold[ing] that the notice and 60-day delay requirements are

---

[2]  Sierra Club does not rely on any asserted rights to intervene under the CWA or OPA for purposes of intervention under Fed. R. Civ. P. 24(a)(1).

mandatory conditions precedent to commencing suit" under environmental statute's citizen suit

provision and district court cannot stay the case to permit plaintiffs to comply with the notice

requirement); *Nat'l Envtl. Found. v. ABC Rail Corp.*, 926 F.2d 1096, 1097-98 (11th Cir. 1991)

("If a plaintiff fails to comply with [the notice requirement of the Clean Water Act] where it is

applicable, the district court is required to dismiss the action."); *see also Gregory v. Mitchell*,

634 F.2d 199, 203-04 (5th Cir. 1981) (holding that "[t]he requirement of exhaustion of

administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and

that the failure to exhaust cannot be cured by a stay of the case until the requirement is met).

Sierra Club, however, never sent a notice of intent to sue Anadarko as required by 33

U.S.C. § 1365(b)(1)(A).  The government brought an enforcement action under the CWA, and

the alleged illegal discharges have ended.  Sierra Club's failure to provide notice, therefore, is

now incurable.  Having failed to give notice to Anadarko, Sierra Club cannot now bring its own

citizen suit against it.  Through its motion to intervene, Sierra Club seeks to avoid the restrictions

of the CWA's citizen suit provision and the limits on this Court's jurisdiction over Sierra Club's

claims.  The Court should reject this attempted end run.  *See Alsea Valley Alliance v.*

*Lautenbacher*, No. 06-6093-HO, 2007 WL 845901, at *1 (D. Or. Mar. 14, 2007) (dismissing

intervenor's claim under Endangered Species Act where intervenor sought to satisfy 60-day

notice requirement by relying on plaintiff's notice which identified neither the intervenor nor the

intervenor's claim "so as to permit defendants to act on the merits of the claim prior to judicial

review").  To allow Sierra Club to raise its unnoticed CWA claims against Anadarko would

undermine the CWA's purpose and intent and substantially prejudice Anadarko.

Before the Magistrate, Sierra Club contended that it was not required to provide notice to

Anadarko.  *See* Sierra Club's Combined Reply to Opp'ns to Sierra Club's Mot. to Intervene at 14

[Rec. Doc. 1633].  But in its proposed Complaint-in-Intervention, Sierra Club asserts that it sent

a notice of intent to sue to BP and Transocean, Ltd. on June 18, 2010.  *See* proposed Compl. in

Intervention, ¶12 [Rec. Doc. 1115-2]; *see also* Sierra Club Mem. in Support of Mot. to Intervene,

Ex. H (Sierra Club's June 18, 2010 notice letter to BP and Transocean, Ltd.) [Rec. Doc. 1115-

10].  Sierra Club makes this allegation to support a showing that it has satisfied the 60-day notice

requirement with respect to those two defendants.  Sierra Club cannot credibly assert both of

these contradictory positions.  Because it failed to satisfy the CWA's jurisdictional requirements,

Sierra Club cannot assert a CWA claim against Anadarko.

Moreover, Sierra Club cannot rely on its alleged notice to BP or on the government's

Complaint to now pursue claims against Anadarko.[3]  Although certain CWA violations were

alleged in Sierra Club's notice to BP, "[a]s the statute requires notice to *all* alleged violators, the

plaintiffs' notice to [a co-]defendant . . . does not impute notice to the remaining defendants."

*Lykins v. Westinghouse Elec.*, 27 E.R.C. 1590, 1988 WL 114522, at *6 (E.D. Ky. Feb. 29, 1988),

*reconsideration denied by*, 710 F. Supp. 1122 (E.D. Ky. 1988) (emphasis added).  Similarly, the

---

[3] Before the Magistrate, Sierra Club asserted that intervenor-plaintiffs need not have independent causes of action for purposes of intervention.  Sierra Club Mem. in Support of Mot. to Intervene at 9, n.5 (citations omitted) [Rec. Doc. 1115-1].  In support of its objections, Sierra Club again asserts that it need not establish standing to intervene.  Sierra Club Mem. at 3.  For the purpose of establishing an interest under Rule 24(a)(2), the Fifth Circuit has found that a plaintiff-intervenor "is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir. 1984) (citations and internal quotation marks omitted); *In the Matter of Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009); *see also Ross v. Marshall*, 426 F.3d 745, 757 n.46 (5th Cir. 2005), *rehearing denied by*, 456 F.3d 442 (5th Cir. 2006) (citations omitted).  The CWA's restrictions on Sierra Club's ability to bring suit against Anadarko should also, therefore, prohibit its ability to intervene under Rule 24 to raise its CWA claims.  In any event, even if the Court finds Sierra Club has sufficient interest to intervene, the Supreme Court has held that, where a statute imposes restrictions on the party's ability to bring suit in the first place, intervention is limited to the claims presented in the government's complaint. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 537 (1972).  Thus, Sierra Club should not be able to raise new allegations against Anadarko.

filing of a complaint in intervention does not provide sufficient notice to Anadarko of the alleged

CWA violations.  *See S. Car. Wildlife Fed'n*, 457 F. Supp. at 124.

> **B.      Because of the Jurisdictional Flaw in its CWA Claims Against Anadarko, Sierra Club's Request for Permissive Intervention Must be Denied.**

Citing to Tenth Circuit case law, Sierra Club questions the Magistrate's discretion in

denying permissive intervention under Rule 24(b)(1)(B), contending that it should be allowed to

intervene to bring its perspective into the case.  Sierra Club Mem. at 24 [Rec. Doc. 3450-1].

Rule 24(b)(1)(B) requires that the proposed intervenor have a claim that it shares with the main

action.  Fed. R. Civ. P. 24(b)(1)(B).  The lack of this Court's independent jurisdiction over Sierra

Club's CWA claims against Anadarko is grounds to deny permissive intervention.  *See Harris v.*

*Amoco Production Co.*, 768 F.2d 669, 675 (5th Cir. 1985) ("But these participatory rights remain

subject to the intervenor's threshold dependency on the original parties' claims, for it is equally

well-settled that '[a]n existing suit within the court's jurisdiction is a prerequisite of an

intervention, which is an ancillary proceeding in an already instituted suit.' . . .  It is therefore

unclear whether an intervenor can broaden the scope of a litigation by asserting additional

claims; to the extent it can, the district court has a concomitant prerogative-as an outgrowth of its

discretionary power to withhold permission altogether-to condition the intervention so as to

minimize delay and not prejudice the existing parties.") (citations omitted); *Frazier v. Map Oil*

*Tools, Inc.*, No. C-10-4, 2010 WL 2352056, at *6 (S.D. Tex. June 10, 2010) (denying permissive

intervention where, in part, proposed intervenor lacked standing to bring claim and allowing

intervention would prejudice the parties).

This Court has no independent basis for jurisdiction over Sierra Club's CWA claims

against Anadarko, because Sierra Club never provided notice of such claims.  Even more, as

Sierra Club concedes, "[b]ecause the discharge of oil has stopped, Sierra Club cannot bring an

action of its own under the CWA citizen suit provision."  Sierra Club Mem. in Support of Mot.

to Intervene at 4 n.3 (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484

U.S. 49 (1987)) [Rec. Doc. 1115-1].  Allowing Sierra Club to now raise claims that are otherwise

prohibited would substantially prejudice Anadarko.  Sierra Club's request for permissive

intervention to raise claims against Anadarko, therefore, must be denied.

## C.      Anadarko Reserves Its Right to Seek Dismissal of Sierra Club's OPA Claims.

In addition to the incurable jurisdictional flaws in its CWA claim against Anadarko, to

the extent the Court allows Sierra Club to file its proposed Complaint-in-Intervention, Anadarko

also reserves its right to seek dismissal of Sierra Club's OPA claims.  Sierra Club claims no

rights of recovery under OPA and asserts no standing to sue under that statute.  Indeed, Sierra

Club does not allege that it has incurred its own costs or damages or that it presented a claim to

any responsible party for such costs.  33 U.S.C. §§2702(b), 2713(a); *see also Marathon Pipe*

*Line Co. v. LaRouche Indus. Inc.*, 944 F. Supp. 476, 477 (E.D. La. 1996) (This "presentation

requirement is jurisdictional and mandates dismissal when [the presentment provision] is

applicable and not complied with by the claimant.") (citations omitted); *Boca Ciega Hotel, Inc.*

*v. Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1995) ("[T]he clear text of § 2713

creates a mandatory condition precedent barring all OPA claims unless and until a claimant has

presented her claims . . . .").  Instead, Sierra Club attempts to assert an OPA claim for removal

costs and damages based solely on those costs and damages that only the United States can

recover.  *See* proposed Compl. in Intervention, ¶100 [Rec. Doc. 1115-2].  Thus, this Court does

not possess jurisdiction over Sierra Club's OPA claim.

Indeed, because the Court lacks jurisdiction over Sierra Club's proposed Complaint-in-

Intervention in its entirety against Anadarko, its proposed intervention would be futile as to

Anadarko.  *See Saavedra v. Murphy Oil U.S.A., Inc.,* 930 F.2d 1104, 1109 (5th Cir. 1991)

(recognizing "a proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim.") (citations omitted); *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (upholding district court's denial of motion to intervene on futility grounds where proposed claims were barred by statute of limitations); *Hauth v. Lobue*, No. Civ. A. 00-166-JJF, 2001 WL 1188216, at *4 (D. Del. Sept. 28, 2001) ("A Motion To Intervene must be denied if the Motion is 'futile.'") (citing *In Re Fine Paper Antitrust Litig.*, 695 F.2d 494 (3d Cir. 1982)); *A. Coker & Co. Ltd. v. Nat'l Shipping Agency Corp.*, No. 99-1440, 1999 WL 1009808 (E.D. La. Nov. 5, 1999) (denying motion for leave to intervene where complaint would have been futile in that proposed intervenor could not recover debt owed to it).

## IV.     CONCLUSION

For the foregoing reasons, to the extent this Court does not affirm the Magistrate Judge's June 28, 2011 Order denying Sierra Club's intervention, the Court should strike all the allegations in the proposed Complaint-in-Intervention as against Anadarko.  To the extent Sierra Club is allowed to intervene and to file its proposed Complaint-in-Intervention, Anadarko expressly reserves its right to move to dismiss all the claims Sierra Club asserts against it.

Respectfully submitted,

BINGHAM McCUTCHEN LLP

*/s/ James J. Dragna* _____
James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Sandra P. Franco
s.franco@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Telephone (504) 592-0691
Facsimile (504) 592-0696

Dated:  August 23, 2011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was also electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of August, 2011.

*/s/ James J. Dragna*
                        James J. Dragna