UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document applies to:<br><br>In re: Triton Asset Leasing GmbH<br>Case No. 2:10-cv-02771-CJB-SS | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE ANSWER AND LIMITATION CLAIM BEYOND THE MONITION DATE

Claimant Craig Breland ("Claimant") submits the following Memorandum in Support of his Motion for Leave to File an Answer and Limitation Claim beyond the Monition Date:

1. On April 20, 2010, at the time of the Macondo blowout, Claimant was aboard the DEEPWATER HORIZON as a crane operator. The undersigned was first contacted by Claimant after the April 20, 2011 monition date. Prior to that time, Claimant had not contacted any other

1

attorneys regarding representing him in connection with the Macondo blowout.

2. Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. ("Petitioners") filed this limitation proceeding shortly after the Macondo blowout. Thereafter, the Court set April 20, 2011 as the monition date for answers and claims in the limitation proceeding.

3. As shown more fully below, Claimant should be allowed to file an answer and claim in this action even though the April 20, 2011 monition date has passed.

4. First, Claimant's injuries and damages did not become manifest and apparent until the April 20, 2011 monition date. On that date, while working on the Transocean DISCOVERER SPIRIT and shortly after the crew observed the anniversary of the Macondo blowout, Claimant suffered a panic attack caused by memories of the Macondo blowout. As a result,

he was flown off the rig.  Claimant has since been diagnosed with Post Traumatic Stress Disorder.  He is no longer able to work offshore and can no longer support his family the way he did prior to the Macondo blowout.

5. Second, Claimant's delay in filing a claim was caused by Petitioners fraud, deception, and otherwise improper conduct.  In September 2010, Petitioners orchestrated a scheme to convince rig-workers to release Petitioners and other parties from liability in exchange for greatly reduced settlement offers.  In Claimant's case, he signed a release in October 2010.  Petitioners did not provide Claimant with any independent legal or medical advice prior to his execution of the release.  Additionally, Petitioners did not otherwise ensure that Claimant's execution of the release was in compliance with applicable law.  The amount Petitioners ultimately paid Claimant in exchange for the release was grossly inadequate in light of the nature of Claimant's injuries, damages, and claim.

6. Worse still, to convince Claimant to sign the release, Petitioners promised Claimant an "annuity" if he suffered any further problems as a result of the Macondo blowout. As is obvious from the necessity of this Motion, Petitioners have now reneged on that promise and/or never intended to fulfill it.

7. No prejudice will result from the acceptance of Claimant's proposed answer and claim, which is attached as Exhibit 1. Rather, allowing Claimant's answer and claim will serve the ends of justice by providing persons such as Claimant, whose injuries and damages did not become manifest and apparent until after the monition date, an avenue of redress and will also discourage (as opposed to reward) fraudulent, deceptive, and otherwise improper conduct such as that engaged in by Petitioners.

8. Additionally, allowing answers and claims beyond the monition date, such as the answer and claim proposed by Claimant, is well supported by applicable rules and case law. In particular, Rule F of the

Supplemental Rules for Admiralty and Maritime Claims gives the Court discretion to permit the late filing of answers and claims in a limitation proceeding. Where no prejudice could be suffered by other claimants in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sculpture Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("so long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, 1999 WL 378121 (E.D. La. June 7, 1999); *citing Gooney Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).

9. Although a Motion for Default has been filed, the Petitioners have agreed to delay the entry of default, allowing some time for "the dust to settle." Limitation has not been determined, and there is no prejudice to the Petitioners, other Defendants, or other Claimants.

WHEREFORE, premises considered, Claimant requests that the Court grant Claimant leave to file the answer and claim attached hereto as Exhibit 1 and that the Court deem said answer and claim as timely filed.

s/ William E. Bonner
ROBERT T. CUNNINGHAM, JR
rtc@cunninghambounds.com
WILLIAM E. BONNER
web@cunninghambounds.com
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36604
251-471-6191 (O)
251-479-1031 (F)
*Attorneys for Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2011, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of such filing to each and every lawyer who has at the time of this filing appeared in this proceeding.

s/ William E. Bonner
WILLIAM E. BONNER