IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J |
| This Document Relates to:<br>*Case No. 2:11-cv-01806* | Judge Barbier<br>Mag. Judge Shushan |

## MEMORANDUM OF LAW IN SUPPORT OF REMAND

Byard "Peck" Edwards, Jr.
Edwards & Associates, L.L.C.
902 C.M. Fagan Drive
Suite G
Hammond, LA 70403

Max Folkenflik
Folkenflik & McGerity
1500 Broadway, 21st Floor
New York, New York 10036

*Attorneys for Petitioner*

# TABLE OF CONTENTS

**Page**

Table of Authorities ...................................................................................................................... ii

Statement of Facts ........................................................................................................................ 3

Procedural History ....................................................................................................................... 3

Argument ...................................................................................................................................... 3

    The Claims in this Case and the OCSLA ................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acuna v. Brown & Root, Inc.*,
   200 F.3d 335 (5th Cir. 2000) .................................................................................................4

*Ballard Shipping Co., etc. v. Beach Shellfish, et al.*,
   32 F.3d 623 (1st Cir. 1994) ..................................................................................................11

*Campbell v. Sonat Offshore Drilling, Inc.*,
   979 F.2d 1115 (5th Cir. 1992) ..............................................................................................11

*Caterpillar, Inc. v. Williams*,
   482 U.S. 386 (1987) ................................................................................................................4

*Davis & Sons, Inc. v. Gulf Oil Corp.*,
   919 F.2d 313 (5th Cir. 1990) ................................................................................................11

*Dupre v. Penrod Drilling Corp.*,
   993 F.2d 474 (5th Cir. 1993) ................................................................................................11

*Elgin v. Marshall*,
   106 U.S. 578 ..........................................................................................................................3

*Golden v. Omni Energy Servs. Corp.*,
   242 Fed. Appx. 965 (5th Cir. 2007) .......................................................................................8

*Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*,
   453 U.S. 473 (1981) ................................................................................................................7

*Healy v. Ratta*,
   292 U.S. 263 (1934) ................................................................................................................3

*Hufnagel v. Omega Serv. Indus.*,
   182 F.3d 340 (5th Cir. 1999) ...........................................................................................9, 10

*In re Oil Spill by the OIL RIG "DEEPWATER HORIZON,"*
   747 F. Supp. 2d 704 (E.D. La. 2010) ............................................................................ passim

*Kline v. Burke Construction Co.*,
   260 U.S. 226 ..........................................................................................................................3

*Lewis v. Glendel Drilling Co.*,
   898 F.2d 1083 (5th Cir. 1990) ..............................................................................................11

# TABLE OF AUTHORITIES
## (Cont'd)

**Page(s)**

*Lorenz v. Tex Workforce Comm'n*,
   211 Fed. Appx. 242 (5th Cir. 2006) ..................................................................................6

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
   276 F.3d 720 (5th Cir. 2002) ............................................................................................4

*Matthews v. Rodgers*,
   284 U.S. 521 ....................................................................................................................3

*Medina v. Ramsey Steel Co., Inc.*,
   238 F.3d 674 (5th Cir. 2001) ............................................................................................4

*Shamrock Oil & Gas Corp. v. Sheets*,
   313 U.S. 100 (1941) .........................................................................................................3

*Smith v. Penrod Drilling*,
   960 F.2d 456 (5th Cir. 1992) .....................................................................................10, 11

*St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*,
   2011 U.S. Dist. LEXIS 26391 (D. Del. Mar. 15, 2011) .................................................10

*Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*,
   87 F.3d 150 (5th Cir. 1996) ..............................................................................................6

*Theriot v. Bay Drilling Corp.*,
   783 F.2d 527 (5th Cir. 1986) ..........................................................................................11

*Transcontinental Gas Pipe Line Corp. v. Mobile Drilling Barge*,
   424 F.2d 684 (5th Cir. 1970) ..........................................................................................11

*United States v. Bank of New York & Trust Co.*,
   296 U.S. 463 (1936) .........................................................................................................7

*Willy v. Coastal Corp.*,
   855 F.2d 1160 (5th Cir. 1988) ..........................................................................................4

**STATUTES**

28 U.S.C. § 1332 ........................................................................................................................7

28 U.S.C. § 1333 ............................................................................................................2, 7, 8, 9

28 U.S.C. § 1441 ........................................................................................................................3

## TABLE OF AUTHORITIES
### (Cont'd)

**Page(s)**

28 U.S.C. § 1441(a) ..................................................................................................3

28 U.S.C. § 1441(b) .......................................................................................... passim

43 U.S.C. § 1333(a)(1) ..............................................................................................1

43 U.S.C. § 1333(a)(2)(A) .....................................................................................1, 8

43 U.S.C. § 1333(b) n. 5 ...........................................................................................7

43 U.S.C. § 1349 ..................................................................................................5, 10

43 U.S.C. § 1349(b)(1) ............................................................................................10

Submerged Lands Act of 1953, 43 U.S.C. § 1301 ....................................................5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 <br><br> SECTION: J |
| This Document Relates to: <br> *Case No. 2:11-cv-01806* | Judge Barbier <br> Mag. Judge Shushan |

## MEMORANDUM OF LAW IN SUPPORT OF REMAND

Only defendant Vidrine appeared and he has removed this case to the United States District Court for the District of Louisiana, citing, among other grounds, the grant of jurisdiction under Section 1349 of the Outer Continental Shelf Lands Act (OCSLA). At this stage, the sole question before this Court is whether removal is proper under 28 U.S.C. § 1441(b). It is not.

Not all cases where jurisdiction has been granted to Federal District courts are removable. Removal is permitted only in those cases where there is diversity of citizenship, or where "the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, or where some of the defendants is a citizen of the state in which the action was brought. The defendant who removed this action is a citizen of Louisiana.

There is no complete diversity of citizenship in this case, and Petitioner and the class are not suing under federal law, or even under what has been called "surrogate state law," that is state law claims incorporated into federal law, pursuant to OCSLA Section 1333 (a)(2)(A) occurring within the situs identified by Section 1333(a)(l). The claims at issue did not accrue within the OCSLA situs, as the allegations of the Complaint make clear. Instead, the claims of

Petitioner and the class exist solely under the laws of Louisiana, or, were they to be asserted, under general maritime law.

This Court previously ruled on a similar motion for remand in *In re Oil Spill by the OIL RIG "DEEPWATER HORIZON,"* 747 F. Supp. 2d 704 (E.D. La. 2010). While the claims of the Petitioner and the class in this case are similar to those of the State of Louisiana in *In re Oil Spill*, where remand was denied, the existence of a Louisiana citizen defendant, Mr. Vidrine, is a critical and determinative difference. As this Court recognized in that case, "the Fifth Circuit has not determined that finding that a court has OCSLA jurisdiction is synonymous with finding that a plaintiff's claim arises under the laws of the United States." *Id.* at 709.

For the reasons set forth below in greater detail, the grant of OCSLA jurisdiction cannot be sufficient to transmute all state law actions into actions "arising under" federal law. Nothing in the language of the OCSLA even remotely suggests such a result. The carefully crafted and limited incorporation of state law into federal law in Section 1333 solely for actions arising on the OCSLA situs clearly contradicts any broader conclusion as to which state laws have become "surrogate" federal law.

Thus, even though the Fifth Circuit and this Court have given an expansive interpretation to this Court's jurisdiction, suits for state law claims such as this one are not removable absent complete diversity of citizenship. Since complete diversity is lacking, this action must be remanded.

2

## STATEMENT OF FACTS

### Procedural History

### Argument

Removal of an action from state court to federal court is governed by 28 U.S.C. Section 1441. Section 1441(a) makes actions over which the District Courts have original jurisdiction removable.[1] However, under Section 1441(b), removal is permissible only where the action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States" or where none of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).[2]

The removal statute is strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). As the Supreme Court has held: "'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' *Healy v. Ratta*, 292 U.S. 263, 270 (1934); *see Kline v. Burke Construction Co.*, 260 U.S. 226, 233, 234; *Matthews v. Rodgers*, 284 U.S. 521, 525; cf. *Elgin v. Marshall*, 106 U.S. 578." *Id.*

---

[1] 28 U.S.C. § 1441(a) provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] 28 U.S.C. § 1441(b) provides:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

As a general rule, with a limited relevant exception discussed below, the determination as to whether an action is removable is evaluated solely with reference to the allegations in the complaint, the so-called "well-pleaded complaint" rule. That rule, as this Court noted, is "based on the theory that the plaintiff is 'the master of her complaint.' *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). As such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina*, 238 F.3d at 680. Accordingly, under the well-pleaded complaint rule, as this Court has said: "when a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *In re Oil Spill*, 747 F. Supp. 2d 704, 707 (E.D. La. 2010) (citation omitted). Moreover, even the existence of a federal pre-emption defense will not defeat removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-393 (1987).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted); *accord, In re Oil Spill*, 747 F. Supp. 2d 704, 707 (E.D. La. 2010) (citation omitted). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## The Claims in this Case and the OCSLA

The claims pleaded in this case are solely claims by Louisiana plaintiffs, for injury occurring in Louisiana for which Louisiana law provides a remedy. Defendant Vidrine has asserted a right to removal because the oil spill occurred on the oil rig Deepwater Horizon, which gives this Court jurisdiction over the claims under the provisions of the OCSLA. Defendant may be correct about that issue, as this Court has previously held. However, that does not give Defendant a right to removal unless Petitioner's claims "arise under" federal law, which they do not.

The OCSLA was enacted in 1953 as a declaration of federal sovereignty over the outer continental shelf, beyond the limit of three geographic miles from the coast lines of adjacent states. Up to the three mile limit, state sovereignty is recognized under the Submerged Lands Act of 1953, 43 U.S.C. § 1301, *et., seq.* While the OCSLA statute is complex, two provisions are primarily relevant to this remand motion. Section 1349 grants federal courts jurisdiction, but not exclusive jurisdiction, over disputes arising out of certain operations on the Outer Continental Shelf.[3]

---

[3] 43 U.S.C. § 1349 provides in relevant part:

> (b) Jurisdiction and venue of actions.
>
> (1) Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or (B) the cancellation, suspension, or termination of a lease or permit under this Act. Proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose.

Petitioner does not challenge the fact that under Fifth Circuit precedent this Court has jurisdiction over this action under OCSLA Section 1349.[4] As this Court explained in *In re Oil Spill,* the Courts have applied a two part test to determine whether Section 1349 jurisdiction is present. First, the Court must decide "whether the activities that caused the injury can be classified as an "operation conducted on the outer Continental Shelf" and whether that "operation" involved the exploration or production of minerals." *Id.* at 708. In *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150 (5th Cir. 1996), a tug boat collided with a platform rig. Tennessee Gas, the owner of the platform, alleged that its "platform was affixed to the OCS and was used to extract and transport minerals from the OCS." The Fifth Circuit held: "This was clearly enough physical activity on the OCS to constitute an operation." *Id.* at 154. The Court concluded that jurisdiction existed under Section 1349. *Id.* Petitioner concedes that under Fifth Circuit precedent, the "operations" test has been met.

Second, the Court must determine whether the claims alleged "arise[] out of, or in connection with the operation." *In re Oil Spill*, 747 F. Supp. 2d at 708. Here, unlike *Tennessee Gas*, under the allegations of the complaint, the tort in question did not take place on the Outer Continental Shelf, but within Louisiana territory, or within the three miles ceded to Louisiana under the Submerged Lands Act. To the extent that there is any ambiguity on that point, that ambiguity is, as a matter of law, resolved in favor of remand. *Lorenz v. Tex Workforce Comm'n*, 211 Fed. Appx. 242, 245 (5th Cir. 2006).

---

[4] Petitioner does wish to preserve, for possible further appellate review, the argument that Section 1349 jurisdiction does not apply to the claims in this case which may have resulted from the oil spill on the Outer Continental Shelf, but the tort in this case was caused when oil escaped the Outer Continental Shelf and entered into Louisiana waters not covered by OCSLA jurisdiction.

6

However, again, Petitioner concedes that under this Court's ruling in *In re Oil Spill*, the second part of the test has been met as well.[5] In *In re Oil Spill*, the State of Louisiana sought to pursue certain statutory remedies for injuries to wildlife and aquatic life in Terrebonne Parish resulting from oil and/or other contaminants entering into the territorial waters of Louisiana. Those injuries are analogous to the injuries suffered by Petitioner and the members of the putative class. This Court nonetheless found that the "arising out of" test was met "because the oil and other contaminants would not have entered into the State of Louisiana's territorial waters 'but for' Defendants' drilling and exploration operation. *In re Oil Spill*, 747 F. Supp. 2d at 708. Accordingly, Section 1349 jurisdiction was found.

However, Defendant's next burden is to prove that the claims in this case "arise out of" federal law. Petitioner vigorously contests that assertion by Defendant. The grant of jurisdiction over a dispute does not mean that the dispute arises out of Federal law. "Congress did grant United States district courts 'original jurisdiction of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf. . . .' 43 U.S.C. § 1333(b) n. 5. It is black letter law, however, that the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action. *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 479 (1936)." *Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478-479 (1981). District Courts routinely have jurisdiction over diversity actions where state law governs, *see*, 28 U.S.C. § 1332, and have long had jurisdiction over admiralty and maritime claims. *See*, 28 U.S.C. § 1333. Yet it is beyond question that maritime law claims do not "arise under" Federal law. As this Court has held:

---

[5] Petitioner also wishes to preserve for appeal the argument that the injuries alleged here, while in some sense certainly "arise out of" the oil exploration undertaken by Deepwater Horizon, are too attenuated to result in OCSLA jurisdiction.

7

> "It is well settled that maritime law claims do not arise under the laws of the United States. It is therefore true that unless a defendant is not a citizen of the state in which the action was brought, § 1441(b) does not allow maritime law claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction because the Fifth Circuit has not determined that finding that a court has OCSLA jurisdiction is synonymous with finding that a plaintiff's claim arises under the laws of the United States. See *Tenn. Gas Pipeline*, 87 F.3d at 156; *See also Walsh v. Seagull Energy Corporation*, 836 F. Supp. 411, 417-18 (S.D. Tex. 1993); *Rivas v. Energy Partners of Delaware*, No. Civ. A. 99-2742, 2000 U.S. Dist. LEXIS 1230, 2000 WL 127290, *5 (E.D. La. Feb. 1, 2000) (stating "the Fifth Circuit has never held that where OCSLA and general maritime law overlap, the case is removable without regard to citizenship"); 28 U.S.C. § 1441(b)."

*In re Oil Spill*, at 709.

In order to determine whether the OCSLA causes state law claims to be treated as claims "arising under" Federal law, the Court must refer to Section 1333, which addresses "Laws and regulations governing lands." The relevant sub-section is Section 1333 (a)(2)(A) which provides, in relevant part:

> (2) (A) To the extent that they are applicable and not inconsistent with this Act or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State now in effect or hereafter adopted, amended, or repealed are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf, and the President shall determine and publish in the Federal Register such projected lines extending seaward and defining each such area. All of such applicable laws shall be administered and enforced by the appropriate officers and courts of the United States. State taxation laws shall not apply to the outer Continental Shelf.

43 U.S.C. § 1333(a)(2)(A).

The location requirement contained in sub-section (2)(A) is sometimes referred to as the "situs covered by OCSLA (i.e. the subsoil, seabed or artificial structures permanently or temporarily attached thereto)." *Golden v. Omni Energy Servs. Corp.*, 242 Fed. Appx. 965, 967 (5th Cir. 2007). Accordingly, whether the claims in this case pass the "situs test," and are held to

8

have occurred on the subsoil, seabed or artificial structures permanently or temporarily attached to the Outer Continental Shelf, is the critical question. If they did occur on the OCSLA "situs," then federal law might apply. However, the Petition does not assert any federal law claims, but only state law claims. If the tort took place and was complete on the OCSLA "situs," then federal law as surrogate for state law would apply. *See, Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 350 (5th Cir. 1999). In the former case the claims would clearly arise under Federal law. In the latter case, the law is uncertain, but it would be arguable that the claims would arise under state law.

However, in this case, the Petition must be construed in favor of remand, and therefore in favor of a construction that the tortious acts occurred only outside the required "situs," within the exclusive jurisdiction of the laws of Louisiana. As a result, those claims do not arise "under the Constitution, treaties or laws of the United States," and are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Since Defendant Vidrine is a citizen of Louisiana, and is properly joined and has been served, removal is improper.

This Court's ruling in *In re Oil Spill* supports this analysis. Although finding jurisdiction under Section 1349, the Court notably did not find that the claim in that case, strikingly similar to the claim in this case, was one "arising under" federal law for the purpose of Section 1333. The Court held:

> "Petitioner's arguments related to OCSLA § 1333 is not applicable to whether this Court has jurisdiction in this matter. ... [N]either the Supreme Court nor the Fifth Circuit has held that the situs requirement has to be satisfied for jurisdiction to be proper under § 1349."

*In re Oil Spill*, 747 F. Supp. 2d at 709 n.1.

9

The Court declined to find that the claims were "arising under" federal law, and ruled instead "Nevertheless, Defendants in this matter are not citizens of Louisiana (the state in which the action was brought). Therefore, because this court has original jurisdiction under 43 U.S.C. § 1349(b)(1), it does not matter whether Petitioner's claims do not arise under laws of the United States. This matter is removable because 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' 28 U.S.C. § 1441(b)." *Id.* at 709; *accord, Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 350 (5th Cir. 1999) (OCSLA does not necessarily transform maritime claims falling within its jurisdictional grant into claims arising under federal law. Because OCSLA does not displace general maritime law, substantive maritime law continues to govern where both OCSLA and general maritime law could apply); *see also, Smith v. Penrod Drilling*, 960 F.2d 456, 459 (5th Cir. 1992) ("When an event occurs on an OCSLA situs but also is governed by maritime law, maritime law controls.")

To the same effect is *St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 2011 U.S. Dist. LEXIS 26391 (D. Del. Mar. 15, 2011), where plaintiff had commenced an action in Delaware Superior Court against certain defendants asserting claims under Florida law arising out of the Deepwater Horizon oil spill. The case was removed to Delaware District Court. The court found that Florida law applied and the motion for a remand should be granted, holding: "the Court concludes that, even if it were bound to follow Fifth Circuit precedent, no Fifth Circuit authority compels the conclusion that the forum defendant rule does not apply here. Thus, again, the Court applies the plain and unambiguous language of § 1441(b), which, here, precludes removal to federal court due to the presence of a forum defendant." *Id.* at 41-42. In reaching its conclusion, the Court in *St. Joe* relied on this Court's ruling in *In re Oil Spill. See, id.* at 40-41, n. 12.

Accordingly, in this action, where the situs of the tort occurred in areas directly governed by Louisiana Law, there is no basis for removal and a remand should be entered.

Further, the Petition makes clear that Deepwater Horizon was "a floating, dynamically positioned, vessel ... for the purpose of drilling an oil well in approximately 5000 ft. of water ..." Petition ¶ 3. It has long been settled law in the Fifth Circuit that oil drilling operating conducted from a vessel is maritime activity. *See, e.g., Dupre v. Penrod Drilling Corp.*, 993 F.2d 474, 477-78 (5th Cir. 1993) (concluding that contract for supply and use of vessel for drilling, completing, and tying back wells is maritime); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1120-21 (5th Cir. 1992) (stating that contract for the operation of a drilling vessel upon navigable waters is maritime); *Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 460 (5th Cir. 1992) (concluding that contract for drilling of well from jack up boat is maritime); *Davis & Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313, 316-17 (5th Cir. 1990) (concluding that contract for servicing production equipment is maritime); *Lewis v. Glendel Drilling Co.*, 898 F.2d 1083, 1086-88 (5th Cir. 1990) (stating that contract for drilling of well, when performed from a movable platform, is maritime); *Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir. 1986) (holding contract for the provision of drilling services on a vessel to be maritime); *Transcontinental Gas Pipe Line Corp. v. Mobile Drilling Barge*, 424 F.2d 684, 691(5th Cir. 1970) (stating that maritime commerce includes oil and gas drilling operations on navigable waters). To the extent that such claims arise under maritime law, claims also can be raised under Louisiana law because of the "Saving to Suitors" clause. See *Ballard Shipping Co., etc. v. Beach Shellfish, et al.*, 32 F.3d 623 (1st Cir. 1994). For that reason as well, this case is one which does not "arise" under federal law for purposes of Section 1441(b).

Dated: _____, 2011

Respectfully submitted:

Byard "Peck" Edwards & Associates, L.L.C.
/s/ Byard Peck Edwards, Jr.
Byard "Peck" Edwards, Jr.
Bar Roll No. 5282
902 C.M. Fagan Drive
Suite G
Hammond, LA 70403
Telephone: (985) 902-7514
Facsimile: (985) 902-7515
email: byardedwards@bellsouth.net

*Attorney for Petitioner*

Max Folkenflik
1500 Broadway, 21st Floor
New York, New York 10036
Telephone: (212) 757-0400
Facsimile: (212) 757-2010
email: max@fmlaw.net

*Attorney for Petitioner*

12