UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE NO. 1 |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE SHUSHAN |
| No. 10-2771 | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF MOEX USA CORPORATION TO DISMISS CROSSCLAIMS OF CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, AND, ALTERNATIVELY, MOTION TO STAY**

MAY IT PLEASE THE COURT:

Cross-Defendant MOEX USA Corporation ("MOEX USA"), by and through its undersigned counsel, respectfully submits this memorandum in support of the *Motion Of MOEX USA Corporation To Dismiss Crossclaims Of Carnival Corporation D/B/A Carnival Cruise Lines For Failure To State A Claim Upon Which Relief Can Be Granted*, and, Alternatively, *Motion To Stay*.  For the following reasons, the crossclaims asserted against MOEX USA by Carnival Corporation, d/b/a Carnival Cruise Lines ("Carnival") in their pleading styled *Answer to Complaint and Petition Of Triton Asset Leasing Gmbh et. al, Claim In Limitation and Cross Claim In Limitation and/or Third Party Complaint* (Rec. Doc. No. 384 in Civil Action No. 10-

2271) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Carnival's Crossclaims herein should be stayed.

On April 20, 2011, Carnival filed its "Cross Claim in Limitation and/or Third Party Complaint"[1] against MOEX USA ("Crossclaims"). Only three of the seven enumerated causes of action pled by Carnival in its Crossclaims are applicable to MOEX USA, namely: the "First Cause of Action" for "negligence"; the "Fifth Cause of Action" for alleged violation of the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.* ("OPA"), and the "Sixth Cause of Action" for strict liability pursuant to the Florida Pollutant Discharge Prevention & Control Act (the "Florida Statute"). Notably, in its factual allegations, Carnival makes the wholly incorrect and conclusory allegations that MOEX USA is a responsible party under OPA, and that MOEX USA "owned, manned, possessed, managed, controlled, chartered, and/or operated the *Deepwater Horizon*."[2]

Notwithstanding these allegations, all three claims asserted by Carnival against MOEX USA fail as a matter of law and must be dismissed for the following reasons:

1. The comprehensive and reticulated liability scheme set forth in the OPA provides the exclusive remedy for oil pollution cases governed by federal or the general maritime law. Therefore, OPA displaces causes of action under the state or maritime law for negligence, as well as state statutory claims.

2. Carnival's OPA claim fails under Rule 12(b)(6) because Carnival has not alleged that it has complied with OPA's presentment requirement to MOEX USA. OPA's presentment requirement is a jurisdictional prerequisite to filing suit, and all OPA

---

[1] Rec. Doc. 384 in Civil Action No. 10-02771.
[2] Rec. Doc. 384 in No. 10-02771, at ¶57.

      claims by individual plaintiffs such as Carnival which have not complied must be dismissed.

3. Carnival's state law claim pursuant to the Florida Statute fails because state law does not apply to this case.  Federal law alone applies to claims arising out of and in connection with oil exploration, development and extraction operations on the Outer Continental Shelf ("OCS").  Although federal law sometimes borrows state law as surrogate federal law in OCS cases, it does not do so in this case and even if it did it would not borrow Florida law.

Alternatively, Carnival's Crossclaims filed against MOEX USA in this limitation proceeding are contrary to the intent and spirit of the stay established by the Court in PTO #25,[3] and therefore should be stayed.

The allegations of Carnival's Crossclaims against MOEX USA are identical to those asserted in the same pleading by Carnival against MOEX Offshore 2007 LLC.  MOEX Offshore 2007 LLC has already responded to the Crossclaims by way of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]  In the interest of preserving judicial resources, and pursuant to Federal Rule of Civil Procedure 10(c), MOEX USA expressly incorporates and adopts as if set forth in full herein all arguments in the *Motion of MOEX Offshore 2007 LLC To Dismiss Crossclaim s Of Carnival Corporation d/b/a Carnival Cruise Lines For Failure To State A Claim Upon Which Relief Can Be Granted, and, Alternatively, Motion To Stay*[5] and the memorandum in law in Support thereof.[6]  The incorporated documents are attached hereto *in globo* for the Court's convenience as Exhibit "A".

---

[3] Rec. Doc. No. 983, entered on 1/12/11.
[4] Rec. Doc. 3818 and 3818-1.
[5] Rec. Doc. 3818.
[6] Rec. Doc. 3818-1.

WHEREFORE, Cross-Defendant MOEX USA Corporation prays that this Court grant this motion and dismiss with prejudice the Crossclaims asserted against it by Carnival for failure to state a claim upon which relief can be granted. Alternatively, this Court should order a stay of the Crossclaims against MOEX USA.

Respectfully submitted,

DATED:  August 26, 2011     /s/ Robert S. Stassi
Robert S. Stassi (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR
MOEX USA CORPORATION**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing memorandum to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 26, 2011.

_____/s/ Robert S. Stassi_____

4828-4483-5082, v. 3