UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | *<br>*<br>*<br>* | MDL No. 2179<br><br>SECTION "J"<br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO:<br>NO. 10-2771 | *<br>*<br>*<br>* | MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF MITSUI OIL EXPLORATION CO., LTD, BY SPECIAL APPEARANCE, TO DISMISS CROSS CLAIMS OF CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINES, AND, ALTERNATIVELY, MOTION TO STAY**

MAY IT PLEASE THE COURT:

Mitsui Oil Exploration Company, Ltd. ("MOECO"), by special limited appearance, comes, and with full reservation of rights, without waiving formal service of process with respect to any Complaint, Counterclaim, Crossclaim, or any other pleading asserting a claim against MOECO in this MDL, and without waiving personal jurisdiction or any other defense in this MDL, respectfully submits this memorandum in support of its motion to dismiss the Crossclaims and Third-Party claims asserted against MOECO by Carnival Corporation, d/b/a Carnival Cruise Lines ("Carnival") in their pleading styled *Answer To Complaint and Petition Of Triton Asset Leasing Gmbh et. al, Claim In Limitation and Cross Claim In Limitation and/or Third Party Complaint* (Rec. Doc. No. 384 in Civil Action No. 10-2271) ("Claims"). For the following reasons, MOECO's Motion should be granted pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6). Alternatively, Carnival's Crossclaims herein should be stayed.

On April 20, 2011, Carnival filed its "Cross Claim in Limitation and/or Third Party Complaint"[1] against MOECO. Only three of the seven enumerated causes of action pled by Carnival in its Claims apply to MOECO, namely: the "First Cause of Action" for "negligence"; the "Fifth Cause of Action" for alleged violation of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, *et seq.*, and the "Sixth Cause of Action" for strict liability pursuant to the Florida Pollutant Discharge Prevention & Control Act ("Florida Statute"). Notably, in its factual allegations, Carnival makes the wholly incorrect and conclusory allegations that MOECO is a responsible party under OPA, and that MOECO "owned, manned, possessed, managed, controlled, chartered, and/or operated the *Deepwater Horizon*."[2]

Notwithstanding these allegations, all three claims asserted by Carnival against MOECO fail as a matter of law and must be dismissed for the following reasons:

1. The comprehensive and reticulated liability scheme set forth in OPA provides the exclusive remedy for oil pollution cases governed by federal or the general maritime law. Therefore, OPA displaces causes of action under the state or maritime law for negligence, as well as state statutory claims.

2. Carnival's OPA Claims fail under Rule 12(b)(6) because Carnival has not alleged that it has complied with OPA's presentment requirement to MOECO. OPA's presentment requirement is a jurisdictional prerequisite to filing suit, and all OPA claims by individual plaintiffs such as Carnival which have not complied must be dismissed.

3. Carnival's state law claim pursuant to the Florida Statute fails because state law does not apply to this case. Federal law alone applies to claims arising out of and in

---

[1] Rec. Doc. 384 in Civil Action No. 10-02771.
[2] Rec. Doc. 384 in No. 10-02771, at ¶57.

connection with oil exploration, development and extraction operations on the Outer Continental Shelf. Although federal law sometimes borrows state law as surrogate federal law in OCS cases, it does not do so in this case. Even if it did it would not borrow Florida law.

Alternatively, Carnival's Crossclaims filed against MOECO in this limitation proceeding are contrary to the intent and spirit of the stay established by the Court in PTO #25,[3] and therefore should be stayed.

The allegations of Carnival's Crossclaims against MOECO are identical to those asserted in the same pleading by Carnival against MOEX Offshore 2007 LLC. MOEX Offshore 2007 LLC has already responded to the Claims by way of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] In the interest of preserving judicial resources, and pursuant to Federal Rule of Civil Procedure 10(c), MOECO expressly incorporates and adopts as if set forth in full herein all arguments in the *Motion of MOEX Offshore 2007 LLC To Dismiss Crossclaims Of Carnival Corporation d/b/a Carnival Cruise Lines For Failure To State A Claim Upon Which Relief Can Be Granted, and, Alternatively, Motion To Stay*[5] and the memorandum in law in Support thereof.[6] The incorporated documents are attached hereto *in globo* for the Court's convenience as Exhibit "A".

Carnival's cross-claims are also subject to dismissal for lack of personal jurisdiction. In an "Agreed Stipulation for Stay of Jurisdictional Discovery," ("Stipulation") the Plaintiffs' Steering Committee ("PSC"), Triton Asset Leasing GmBH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc. (collectively

---

[3] Rec. Doc. No. 983, entered on 1/12/11.
[4] Rec. Doc. 3818 and 3818-1.
[5] Rec. Doc. 3818.
[6] Rec. Doc. 3818-1.

"Transocean"), MOECO, Halliburton Energy Services, Inc. ("HESI"), and Cameron International Corp. ("Cameron") stipulated and agreed that as it pertained to crossclaims against MOECO, "deferral of discovery and briefing on the issues of personal jurisdiction with respect to MOECO would be in the interests of judicial economy and prudent allocation of resources," and that thus, "[a]ll jurisdictional discovery and briefing regarding MOECO is stayed until the conclusion of the 2012 Limitation/Liability Trial, or further order of this Court." (Rec. Doc. 2706 at 2, ¶ 2).

The Stipulation was filed on June 8, 2011. (Rec. Doc. 2706). Although it has not yet been ratified by this Court, Carnival has not objected to it as contemplated by PTO No. 8.[7] MOECO submits that it is in the interest of judicial consistency and economy that discovery and briefing on the issues of personal jurisdiction with respect to Carnival's Crossclaims against MOECO be deferred until after the scheduled Limitation/Liability Trial. Accordingly, MOECO respectfully submits that the Court should stay the briefing of jurisdictional issues with regard to the instant Rule 12(b)(2) motion as to Carnival. The issue of whether this Court has personal jurisdiction over MOECO for the purposes of adjudicating Carnival's Claim should not be determined until after the February 27, 2012 Limitation/Liability Trial.

---

[7] By Order dated October 8, 2010 the Court vested the PSC with authority respecting the oversight, direction and coordination of these proceedings on behalf of the various Plaintiffs before the Court and authorized Liaison Counsel to act generally with respect to non-administrative matters subject to Court approval. (PTO #8, Rec. Doc. 506). In particular, with respect to stipulations and agreed-upon orders, the Court authorized the PSC to,

> Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(*Id.*)

WHEREFORE, MOECO prays that the Court grant this motion and dismiss with prejudice all Crossclaims and Third-Party claims asserted against MOECO by Carnival in their pleading styled *Answer To Complaint and Petition Of Triton Asset Leasing Gmbh et. al, Claim In Limitation and Cross Claim In Limitation and/or Third Party Complaint* (Rec. Doc. No. 384 in Civil Action No. 10-2271). Alternatively, this Court should order a stay of the Crossclaims against MOECO.

DATED:  August 26, 2011                             *s/ William T. Finn*
                                                    William T. Finn (La. Bar. No. 1359)
                                                    CARVER, DARDEN, KORETZKY, TESSIER,
                                                    FINN, BLOSSMAN & AREAUX, LLC
                                                    1100 Poydras Street, Suite 3100
                                                    New Orleans, LA 70163
                                                    Telephone: (504) 585-3800
                                                    Fax: (504) 585-3801

                                                    **ATTORNEYS FOR**
                                                    **MITSUI OIL EXPLORATION CO., LTD.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing memorandum to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 26, 2011.

                                                    *s/ William T. Finn*

4847-1031-7322, v.  4