# EXHIBIT "3"

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

R. Chris Heck
To Call Writer Directly:
(312) 862-3030
r.chris.heck@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 11, 2011

**BY ELECTRONIC MAIL
AND FIRST CLASS MAIL**

Carter L. Williams
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002

Re: Objections and Responses to the BP Parties' First Set of Requests for Admission and First Set of Interrogatories in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Carter:

I write in response to your August 10, 2011 letter responding to the issues raised in my July 27, 2011 letter concerning Transocean's objections and responses to the BP Parties' First Set of Requests for Admission and the BP Parties' First Set of Interrogatories to Transocean. We appreciate Transocean's willingness to review and supplement its interrogatory and RFA responses. This letter addresses the issues raised by your letter regarding certain RFAs, interrogatories, and document production categories.

A. **Transocean's RFA Responses.**

The BP Parties disagree with Transocean's position, as stated on page 2 of your August 10 letter, that "RFAs 45-67 and 282 improperly request the admission of a purely legal contention," and thus we reiterate those requests. First, although these RFAs include language that may also be found in provisions of the Drilling Contract, these RFAs seek Transocean's current, independent understanding of its duties and obligations (regardless of any contractual language). In other words, these RFAs are not "request[ing] that Transocean interpret the Drilling Contract," but rather seek admissions as to Transocean's current contentions concerning its duties relevant to the *Deepwater Horizon*, for example whether Transocean was "required to use all reasonable means to control and prevent fire and blowouts" (RFA 53) and was "responsible for taking all measures necessary or proper to protect the *Deepwater Horizon*'s personnel and facilities" (RFA 55).

Moreover, even if these RFAs could be construed as calling for interpretation of the terms of the Drilling Contract as applied to Transocean, these requests would be proper. As you

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 11, 2011
Page 2

acknowledge in your letter, Federal Rule of Civil Procedure ("FRCP") 36(a)(1) expressly permits requests for admission concerning "the application of law to fact." Numerous federal courts have held that requests for admission concerning the interpretation of contractual provisions are precisely the sort of "application of law to fact" permitted by FRCP 36. *See, e.g., Argus and Associates, Inc. v. Professional Benefits Servs., Inc.*, 2008 WL 5447738 at *3 (E.D. Mich. Dec. 31, 2008) ("Other examples of proper requests for admission involving the application of law to fact are (1) a request for admission that relates to the interpretation of a contract at issue in the case, . . . and (3) a request to admit what a party's obligations were under a contract." (citations omitted)); *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C. 2006) ("A request for admission that relates to the interpretation of a contract at issue in a case involves the application of law to the unique facts of that case and, therefore, would be permissible under the amended Rule 36"); *Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("[W]here the question of the meaning of [a] document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and is authorized by Rule 36 . . . . Nor are such requests objectionable because the request may call for an admission as to an interpretation of a contractual provision which could otherwise require a judicial determination." (citations omitted)); *S.A. Healy Company/Lodigiani USA, Ltd. v. United States*, 37 Fed. Cl. 204, 205 (1997) ("Admissions of the contents or interpretation of a contract at most involve the application of law to facts"). As such, your reliance on a holding that contractual interpretation is a question of law for purposes of summary judgment is inapposite. *See D.E.W., Inc. v. Local 93, Laborers' Int'l Union of N. Am.*, 957 F.2d 196, 199 (5th Cir. 1992).

With respect to RFAs 101-105 and 108, addressed on page 2 of your letter, the BP Parties likewise are not seeking merely to confirm whether certain language appears in the Well Control Handbook. Indeed, none of these RFAs mentions the Well Control Handbook. Nor do these RFAs "seek[] to determine how Transocean's Well Control Handbook is used in Transocean's operations," as suggested in your letter. Rather, the plain language of these RFAs seeks Transocean's position as to whether it currently agrees or disagrees with these statements concerning well control, independent of whether such statements appear in the Well Control Handbook.

Nevertheless, to cooperate and address your concerns, by way of clarification please construe these requests as including the phrase "when drilling deepwater wells in the Gulf of Mexico" or the grammatically appropriate equivalent at the end of RFAs 101-105 and 108. To the extent you believe further clarification is required, we note that under FRCP 36(a)(4) Transocean can admit the RFAs in part and deny them in part.

KIRKLAND & ELLIS LLP

Carter L. Williams
August 11, 2011
Page 3

### B. Transocean's Interrogatory Responses.

On page 3 of your letter, you state that "BP has objected to written discovery served by other parties that requests information regarding BP's non-Macondo wells as 'seek[ing] information beyond that directly related to the Macondo well'" and inquire about this position. Providing the citation for the quoted language will allow me to provide a response. While BP has objected to production of some irrelevant non-Macondo information, BP has produced a significant number of documents relating to non-Macondo wells.

### C. Transocean's Document Productions.

1. *Drafts of Transocean's Investigation Report.* Thank you for your clarification regarding the drafts. We disagree with Transocean's position that all such drafts are privileged or that Entry No. 2973 is sufficient to maintain any such privilege for the reasons described in my letters regarding Transocean's privilege logs.

2. *Captain Kuchta's license in effect on April 20, 2010.* Our understanding is that a vessel owner always keeps a copy of such licenses onshore in its offices. Please confirm that Transocean does not have a copy of Captain Kuchta's license in effect on April 20, 2010 on shore. If Transocean does have a copy, please produce it.

3. *Trim and stability documents.* Thank you for your cooperation on this issue. In particular, we have not yet located a copy of the *Deepwater Horizon's* trim and stability books, also known as stability books or booklets or stability manuals, for April 1 through April 20, 2010. Please confirm that Transocean will search for and produce these documents, or the trim and stability books closest to the time of the incident.

Separately from the documents discussed in my July 27 letter, please confirm that Transocean has produced or will produce all documents from Transocean's Well Advisor program related to the Macondo well.

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 11, 2011
Page 4

      Please let me know promptly whether Transocean will supplement its responses to the RFAs described in Section A of this letter and produce the documents described in Section C. If Transocean will not do so, please let me know pursuant to Federal Rule of Civil Procedure 37 whether you believe we need to meet and confer further on these issues. In addition, please contact me if you have any questions.

                Sincerely,

                /s/ R. Chris Heck

cc:   Richard C. Godfrey, P.C.
      Andrew Langan, P.C.
      Barry E. Fields, P.C.
      Don K. Haycraft
      Rachel Clingman
      Kerry J. Miller