# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 25, 2011

**BY ELECTRONIC MAIL**

Carter L. Williams
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, TX 77002

Re:   Transocean's Search Terms and Custodian in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Carter:

Pursuant to the August 19 conference and Judge Shushan's August 22, 2011 Order, we have promptly reviewed your August 23, 2011 letter and attachment, which for the first time provided the BP Parties with the custodians and search terms used in Transocean's document production.  While we appreciate Transocean's efforts to date, the BP Parties believe that the information provided omits certain custodians and search terms necessary for a reasonable search.  Therefore, the BP Parties request that Transocean use the additional custodians and search terms described in this letter and the accompanying spreadsheet.  The BP Parties are ready to meet-and-confer regarding these issues at your earliest convenience.

**A.   Additional Custodians.**

First, please confirm that Transocean has searched the custodial files of all crew members of the *Deepwater Horizon* for responsive documents.  Attachment A to your letter lists certain crew members (such as Steven Bertone, Randy Ezell, Troy Hadaway, Mark Hay, Curt Kuchta, and Chris Pleasant), but does not include the vast majority of the rig's crew.  In particular, please confirm that Transocean has searched the custodial files of Jason Anderson, Douglas Brown, Micah Burgess, David Hackney, Jimmy Harrell, James Owen McWhorter, Ray "Jay" Odenwald, Dewey Revette, and Michael Williams.

Second, the BP Parties request that Transocean search the files of the following additional custodians:

- Van Williams, the former OIM of the *Deepwater Horizon*;

# KIRKLAND & ELLIS LLP

Carter L. Williams
August 25, 2011
Page 2


- Rick Rogers, a naval architect for Transocean who was involved with stability calculations for the *Deepwater Horizon* on April 21 and 22, 2010;

- Robert "Bob" McKechnie, a Transocean employee who, among other activities, coordinated with SMIT Salvage Americas Inc. regarding fighting the fires on the *Deepwater Horizon* on April 21 and 22, 2010;

- Robert L. "Bob" Long, former Chief Executive Officer of Transocean Ltd., who was involved in investigating Transocean's safety culture in 2009 and early 2010 and served as CEO until March 1, 2010, shortly before the incident;

- James "Jim" Brekke, who as Director, Marine Support, was involved with Transocean's Performance and Operations Group, charged with developing a safe performance culture. Mr. Brekke was a core member of the team developing Transocean's Marine Compliance Procedures at the time of the Macondo incident, and he ultimately reviewed and approved the final Marine Compliance Procedures document;

- Graham Parks, who was involved in the subsea response in the immediate aftermath of the incident. Mr. Parks was also Rig Manager onboard the *Deepwater Nautilus*, a vessel the Transocean investigation team enlisted as a test bed after the *Deepwater Horizon* incident for subsea and other drilling equipment; and

- Ron Swan, Transocean's current Director Maintenance and Technical Support, who provided technical support for the *Deepwater Horizon* in early 2010.

### B. Additional Searches Necessary to Properly Locate Responsive Documents to the BP Parties' Requests for Production.

Having reviewed Attachment C, there are certain requests in the BP Parties' First Request for Production of Document (the "First Request," and each request therein a "First RFP") and the BP Parties' Second Request for Production of Documents (the "Second Request," and each request therein a "Second RFP") where the disclosed search terms are not adequate. In general, for a number of requests Attachment C indicates that Transocean did not employ key terms necessary to collect documents responsive to the substance of the requests. In other instances, the parameters set forth in Attachment C indicate that Transocean applied search terms that appear to be too narrow to reach responsive documents or do not capture the substance of the particular request. The spreadsheet accompanying this letter lists the specific RFPs at issue and suggests additional search parameters to more accurately locate responsive documents.

# KIRKLAND & ELLIS LLP

Carter L. Williams
August 25, 2011
Page 3

In addition to the BP Parties' proposals described on the spreadsheet, Transocean's search terms raise three other issues. *First*, Attachment C indicates that Transocean has not conducted searches for documents responsive to First RFPs 100 and 101, which concern "data shown on the *Deepwater Horizon*'s computer system, controls, and displays for the driller's and assistant driller's control chairs." Please confirm that, as agreed in your August 3 letter responding to the BP Parties' August 1 letter, Transocean is in fact searching for documents responsive to these requests. The spreadsheet contains the BP Parties' suggestion regarding search terms for these RFPs.

*Second*, with regard to First RFP 143 and Second RFP 29 (requesting documents relating to "bladder effect" or "annular compression"), Attachment C indicates "No search terms needed" for both of these requests. The BP Parties note that in prior correspondence on July 13, they requested that Transocean "describe all searches conducted using the terms 'bladder effect' and 'annular compression'" and on July 27, Transocean responded in correspondence that: "Transocean has searched for documents containing the terms 'annular compression' or 'bladder effect' or 'bladder affect' or 'annul* compres*'" and that a "number of non-privileged responsive documents containing one or more of these terms have been produced and any additional non-privileged responsive documents will be produced." Please confirm that, notwithstanding the "no search terms needed" language contained in Attachment C, Transocean conducted the searches described in your July 27 letter.

*Third*, in your July 27 letter, you stated that "Transocean has not imposed a general, across-the-board time limitation in conducting searches for documents responsive to any party's Requests. Rather, Transocean has searched all data available" and that "[u]nless otherwise stated … Transocean's production of documents is consistent with the time limits described in [the BP Parties'] letter." Accordingly, the BP Parties request that Transocean run the search string "((horizon or dwh) and (((fire or gas) w/10 detect*) w/10 (system* or alarm*))) or ((horizon or dwh) and ((emergency w/3 disconnect) or eds) or ((emergency w/3 shutdown) or esd)) and date 1/1/2009 – 4/20/2010" without including a date limitation, or in the alternative run the search string from 4/20/2005 forward. According to Attachment C, this search string is used for a number of different RFPs, including First RFPs 9, 25, 29, 33, 37, 41, 45, etcetera. In addition, for First RFPs 70-71, which seek information regarding BOP leaks, Attachment C indicates that Transocean applied one search string for documents dating from February 1, 2010 and a second search term string for documents from September 1, 2009 through the date of the incident. The BP Parties request that Transocean run these searches without date limitations, or in the alternative from 4/20/2005 forward.

## KIRKLAND & ELLIS LLP

Carter L. Williams
August 25, 2011
Page 4

      Please contact us if you have any questions.

                Sincerely,

                J. Andrew Langan, P.C.

cc:    The Honorable Sally Shushan
       Mike O'Keefe
       Plaintiffs Liaison Counsel
       Defense Liaison Counsel
       Mike Underhill
       Hon. Attorney General Luther Strange
       Cory Maze
       Donald E. Godwin
       James P. Roy
       Stephen J. Herman
       Mike O'Keefe
       Robert Cunningham