IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jimr@wrightroy.com | E-Mail: sherman@hhkc.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

August 25, 2011

*VIA* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

      Re:  Lamar McKay Depo

Dear Judge Shushan:

      The PSC joins in the States' request for a two-day deposition of Mr. Lamar McKay. It is apparent that multiple interested parties view Mr. McKay as having highly relevant information to their respective claims and defenses. Evidence and testimony obtained thus far shows that Mr. McKay has material information relevant to Phase 2 and Phase 3 liability considerations, as well as the scope and extent of damages. Given BP's steadfast objection to making witnesses available again for later depositions, all of the discovery from Mr. McKay must be obtained in a single deposition. One day is not sufficient to protect each interested party's respective interests.

      Under the Court's current time allocation, the PSC is limited to 75 minutes of examination with Mr. McKay. Understanding Mr. McKay's relevance to damage issues relevant to the States, the PSC agreed to cede 15 minutes of its time to Alabama, as Coordinating Counsel. Thus, the PSC is limited, at present, to 60 minutes with Mr. McKay. The PSC does not believe it can fairly and adequately examine Mr. McKay on issues relevant to all Plaintiffs in either a 60 or 75 minute time allotment. Each of the parties need a fully time allotment for a two day deposition to adequately protect the interests of the respective parties.

      For background, Mr. McKay is presently the Chairman and President of BP America. Within hours of the explosion of the Deepwater Horizon, Mr. McKay started leading the BP effort. On April 21, he sent the following text message to Doug Suttles:

"Try to understand who will be on the Unified Command in N.O. – operational?  If operational our presence should match.  Don't want to show up and have BP 'own' this too early be being viewed as 'corporate' in the room.  This will play for a long while – need to think about layers and stages."

Mr. McKay's directions are highly probative off all Phase 2 issues.  The PSC believes that Mr. McKay, given the above text, understood that BP was not prepared for a catastrophe of this magnitude.  BP's preparation for a blowout, (or lack thereof), is central to Phase 2, and BP selected him to testify before Congress on these very issues.

Mr. McKay provided both testimony and written answers to questions to Congress.  Importantly, he was not cross examined by an interested party as part of that testimony.  However, it is clear BP knew Mr. McKay had sufficient knowledge to speak on its behalf before Congress regarding both BP's preparations for such a catastrophe and the specific response efforts it implemented.  Mr. McKay testified, "There is a deep and steadfast resolve to do all we humanly can to stop the leak, contain the spill and to minimize the damage suffered by the environment and the people of the Gulf Coast."  What were the steps he ordered to be taken to meet this commitment?  And, why did it take as long as it did to stop the flow of oil into the Gulf of Mexico?

Mr. McKay went on to testify as to the strategies BP implemented to attempt stop the flow of oil.  While his written testimony on this issue is available, (albeit the entire written statement consists of solely nine pages), the Plaintiffs must fully explore these subject areas.  To this date, no such inquiry has been made, and the PSC does not believe it to be possible to do during the conduct of such a limited deposition.

In his written answers to Congress, Mr. McKay documented such details as the amount of money BP spent on the exploration of new fields, money invested in research and development, investment in technologies for rig safety and accident prevention, and investment in spill response technologies.  The PSC must be allowed to question fully Mr. McKay on his responses to these questions and the basis for his answers.  Unfortunately, this cannot be done in 60 minutes of questioning.

Mr. McKay has also testified that, "As Chairman and President of BP America, I am part of an executive team that reports directly to our Global CEO, Tony Hayward.  I am BP's lead representative in the US and am responsible for broad oversight and connectivity across all of our US-based businesses."  Mr. McKay's own testimony highlights the importance of his role.  Given that he is the "lead representative in the US," Mr. McKay should be required to account for the conduct of his corporation in a full deposition.  It is simply impossible for the PSC to inquire adequately in 60 minutes.

In addition to his role above, Mr. McKay has been named President and CEO of the Gulf Coast Restoration Organization.  He is directly responsible for oversight of the continuing efforts to restore the Gulf Coast following the release of nearly 5 million barrels of oil.  The long term effect of this event on the Gulf of Mexico is a vitally

important issue in this litigation. The time allocated to the PSC and the States to question this witness and the actions he has taken to direct these efforts is inadequate.

As set out above, it is clear that Mr. McKay is not an absent Chairman and President but that he was, and continues to be, actively involved in BP's response efforts. These efforts are pivotal to Phases 2 and 3. If Mr. McKay's deposition were limited solely to Phase 1, the PSC believes it could be conducted as allocated. However, given BP's position on depositions being conducted once, and Halliburton's reduced interest in Phase 2 and 3 liability issues, as well as issues relevant to the scope and extent of damages, (Halliburton has been allotted 200 minutes), vital issues that perhaps only Mr. McKay can testify will be missed. For this reason, the PSC joins in the States request for Mr. McKay to be deposed for two days or, in the alternative, that he be required to be produced at some later date to be deposed on these issues.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

Stephen J. Herman
James Parkerson Roy
*Plaintiffs Co-Liaison Counsel*

cc:  J. Andrew Langan, Esq. (*via* E-Mail)
 Defense Liaison Counsel (*via* E-Mail)
 Mike Underhill, Esq.
 Hon. Luther Strange
 Brian H. Barr, Esq.
 Jimmy Williamson, Esq.