

**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

LUTHER STRANGE
ATTORNEY GENERAL

501 WASHINGTON AVENUE
P.O. BOX 300152
MONTGOMERY, AL 36130-0152
(334) 242-7300
WWW.AGO.STATE.AL.US

August 24, 2011

**BY ELECTRONIC MAIL**
(cc Liaison Counsel, Coordinating Counsel, and Counsel for the State of Louisiana)

The Honorable Sally Shushan
United States Magistrate Judge

re:   States' Allocation of Time for the Deposition of Lamar McKay

Dear Judge Shushan:

Pursuant to your August 22 Working Group Conference order, the States have requested time from the PSC for the Lamar McKay Deposition. The PSC has offered 15 minutes to the States, and the United States has offered an additional 10 minutes. This would increase the States' allocation from 15 minutes to 40 minutes.

The States, however, do not feel that 40 minutes is sufficient time to depose Mr. McKay. In addition to his knowledge of Phase 2 issues (and perhaps Phase 1 issues), Mr. McKay is directly involved in the continuing recovery and restoration efforts in the Gulf region—efforts that directly affect the States and our claims. Attached is a letter submitted by the State of Louisiana that provides further details of (a) the States' interest in Mr. McKay and (b) our attempt to elicit similar information from Tony Hayward.

The States' wish would be that Mr. McKay be redesignated a 2-day deposition with a full allotment of time for the States, preferably our original 120 minutes. That said, we appreciate the Court's 1-day ruling and request 80 minutes total for Mr. McKay under it.

Respectfully,

COREY L. MAZE
*State's Coordinating Counsel Designee*

**KANNER & WHITELEY, L.L.C.**
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777
FAX: (504) 524-5763

August 24, 2011

**Via Electronic Mail**:  *Sally_Shushan@laed.uscourts.gov*
The Honorable Sally Shushan
United States magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

        Re:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 – *Deposition of Lamar McKay*

Dear Judge Shushan:

     As BP has previously described (when arguing that Mr. McKay's deposition be deferred until after Phase 1 discovery):

> In addition to his role as Chairman and President of BP America, in October 2010 Mr. McKay assumed the role of President and CEO of the Gulf Coast Restoration Organization which was set up to oversee BP's continuing Gulf Coast response efforts.
> 5/12/11 Corsp. fr. A. Langan to Magistrate Shushan, n.1

Although Mr. McKay's deposition is being taken in the context of Phase 2 discovery, his involvement and knowledge regarding Louisiana's claims for economic and natural resource damages, which fall outside of the current phases of the limitation proceedings, is extremely important. Absent assurances that the State of Louisiana will be allowed to take Mr. Lamar's deposition at a later date in the context of the State's environmental claims, the amount of time allotted for the States to question this witness is inadequate. As this Court is aware, the recovery and restoration efforts following the Deepwater Horizon disaster, both economic and environmental, are ongoing. Lamar McKay is directly involved in those efforts which implicate both the decisions and obligations of BP in the context of its commitments, under both OPA and state law, to restore the environment and to make the State whole. BP described this ongoing role when seeking to set his deposition outside the context of Phase 1.

> [W]e are simply asking the Court to determine that Mr. McKay is not an appropriate deponent for the current "event" phase of discovery, especially since deposition preparation and two days of

> testimony would take him away unnecessarily from his current responsibilities with the Gulf Coast Restoration Organization and otherwise.
> 5/12/11 Corsp. fr. A. Langan to Magistrate Shushan, p.3.

The State's interest in this witness who, according to BP, is "a big picture manager," is significant. Discovery Working Group Conference, 7/29/11 <u>Tr.</u> 56:23-24 (A. Langan). The ongoing nature of the environmental response and restoration efforts were evidenced in the deposition of Tony Hayward earlier this year. For example, Dr. Hayward testified that because he was no longer with BP, he could not answer questions regarding the continued environmental efforts, or BP's obligations therein:

> T. Hayward: We've -- we've said all along that we will be there until we have restored the Gulf to its -- its -- what's the word I'm looking for? Restored the Gulf to the -- the way it was prior to the spill.
> General Strange: Good. Well, I'm not just so concerned about what happened in the past, but there are future concerns, as well. So let me ask you this: There are reports that 15 miles of oil in the form of tar mats still lie off Alabama's coast. Forecasters are predicting as many as 18 named storms in the Gulf of Mexico this hurricane season. If one of those hurricanes washes the remaining oil from the spill onto Alabama's beaches, or any other State's beaches, for that matter, will BP honor its promise to, quote, "clean up the spill," to, quote, "get this done," and to, quote, "make this right," by cleaning up that oil?. . .
> A: My view is that BP will honor the commitment that I made. Clearly, I'm no longer in a position to make a commitment about what might happen in the future with –. . . respect to that, because I no longer have the authority
>
> <u>Depo. A. Hayward</u> (6/8/11), <u>Tr</u>. 466:3-467:3.

Similarly, Tony Hayward testified that he could not speak to the conditions in the Gulf or the commitments of BP relating to restoration as his role with BP ended over nine months prior to his deposition:

> A. Kanner: And the ecosystem of the Gulf has been changed?
> A: I think I'm not in a position to say whether the ecosystem of the Gulf has been changed or not. I've long held the view that we should allow time and science to determine what the environmental impact is, and that remains my position today.
>
> <u>Depo. A. Hayward</u> (6/8/11), <u>Tr</u>. 482:22 483:3

> \* \* \*
>
> A. Kanner: What about restoration of the ecosystem to its pre-pollution condition?
> A: M-h'm, right.
> Q: Has anything been done in that regard at this point in time?
> . . .
> A. As of the time I left the company, that process was beginning, but only had just begun, so I'm afraid I -- I'm just not familiar with the details of what have -- what has occurred over the last nine months.
>
> Depo. A. Hayward (6/8/11), Tr. 514:5-17.

Lamar McKay's role in these ongoing assessment activities (and BP's obligations associated therewith) simply cannot be addressed in the context of a 15 minute time frame for questioning.

Lamar McKay's deposition was originally scheduled for two days and has now, by Order dated 8/16/11, been limited to a one day deposition. [Rec. Doc. 3749] Under the prior rulings of the Court, the States of Alabama and Louisiana are collectively provided with only 15 minutes to depose this witness.[1] Under these circumstances the State of Louisiana respectfully requests that the deposition be expanded to cover two days and that the State be afforded 3 hours of deposition time with Mr. McKay. In the alternative, the State requests that the Court provide for another deposition of Mr. McKay at a later date regarding issues, such as economic and environmental assessment as well as BP's financial obligations associated therewith, outside the Phase 1 and 2 discovery which is currently proceeding. Your consideration is greatly appreciated.

Sincerely,

KANNER & WHITELEY, L.L.C.

By: _____/*Elizabeth Petersen*/_____
    Elizabeth B. Petersen

---

[1] Louisiana voiced objection to the limitation of the McKay deposition and concern regarding lack of sufficient time with the witness. *See,* Discovery Working Group Conference, 7/22/11 Tr. 55:7-10 (A. Kanner); Discovery Working Group Conference, 7/29/11 Tr. 63:19-64:3 (A. Kanner). However, Louisiana has never taken the position that the two days of deposition happen at the same time.