# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 23, 2011

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA  70130

Re:   BP's Response to Requests to Extend the Depositions of Jay Thorseth and Tony Emmerson in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

Set forth below are BP's responses to the request of the PSC and the United States to add a second day of testimony to the deposition of Jay Thorseth, as well as the PSC's request for an additional day of deposition testimony from Tony Emmerson.

**Jay Thorseth:**

Regarding Mr. Thorseth, BP continues to submit that this deposition does not require a second day. Indeed, the PSC itself seems to recognize this when it candidly states that it "makes more sense to [schedule a second day for phase 2 topics] rather than finding out during the deposition that Mr. Thorseth was more involved than what has been asserted." That is, the PSC has no real basis presently to ask for another day but notes that it is possible that it could uncover something at the deposition itself. As previously explained, Mr. Thorseth had very little to do with flow rate or source control and certainly nothing that cannot be covered within the time already allotted. The emails attached by the PSC do little to advance their position.

BP agrees that if additional time was warranted here, it would be best to conduct Mr. Thorseth's complete deposition on one occasion rather than making multiple trips to do so. As a potential accommodation, and given that only the PSC and the US are requesting additional time, BP will consider proposing that these two parties be given additional examination time (perhaps 1 - 2 hours) to divide amongst themselves. Due to a tragedy in Mr. Thorseth's family this week (the accidental death of his son), however, we are now presently unable to confirm whether Mr. Thorseth will be available for an extended deposition during the week of September 19.  This sudden, unfortunate event may also affect BP's document production and certification process

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 23, 2011
Page 2

involving Mr. Thorseth's custodial file. We will let the Court know as soon as possible whether an 8 ½ or 9 ½ hour deposition on September 20 will work, but propose continuing the resolution of this matter until we have a better sense of how Mr. Thorseth will be able to proceed. We will keep the court apprised of this matter, and can discuss it further if the Court or parties would like to do so.

**Tony Emmerson:**

As the Court is aware, the Court granted Cameron's request to depose Tony Emmerson after permitting Cameron to select one additional member of BP's Incident Investigation Team (IIT) with regard to BOP issues (as the head of the BOP section of the IIT, Fereidoun Abbassian, had already provided two days of testimony). The PSC now contends that Mr. Emmerson has additional areas of knowledge relevant to Phases I and II, and requests his deposition for two full days. Mr. Emmerson, however, had at most peripheral involvement with the *Deepwater Horizon* and the Macondo well prior to the incident, and while he was involved with efforts to activate the BOP in the days immediately following April 20, 2010, he was occupied with BP's incident investigation after he joined the investigation team on May 14, 2010. The extent of Mr. Emmerson's involvement with relevant Phase I and II topics does not necessitate two full deposition days, and BP respectfully submits that one day is more than ample time for interested parties to depose him. Nonetheless, as a compromise, BP proposes that the PSC receive an additional 60 minutes of deposition time beyond its allotted 145 minutes for a one-day deposition, deriving the additional time by extending Mr. Emmerson's deposition by 30 minutes and by conceding 15 minutes from BP and one of the other interested parties (other than Cameron, who is the only other party to express interest to depose Mr. Emmerson). BP further explains below why two full deposition days are unnecessary.

With regard to Phase I, Mr. Emmerson has minimal, if any, relevant knowledge that has not otherwise been testified to extensively by other BP witnesses. The PSC does not and cannot contend that Mr. Emmerson ever served in any capacity with the *Deepwater Horizon,* let alone had any responsibilities with respect to the *Deepwater Horizon* BOP prior to the incident. Rather, the PSC acknowledges that Mr. Emmerson was a Drilling Engineer with a separate rig, BP's *Thunder Horse,* and relies heavily on the fact that *Thunder Horse* was "equipped with a Cameron BOP." The *Thunder Horse* rig is not directly at issue here, and Mr. Emmerson's knowledge regarding its BOP has only peripheral, if any, relevance to this matter. Indeed, if extra deposition time is warranted because of knowledge regarding equipment and operations on other rigs, virtually all witnesses from interested parties would be subject to a request for more deposition time. Further, to the extent *Thunder Horse* operations are relevant, PSC already had the opportunity to depose Greg Walz, a former drilling engineering team leader for the *Thunder*

The Honorable Sally Shushan
August 23, 2011
Page 3

*Horse* until shortly before the incident.

      Apart from Mr. Emmerson's *Thunder Horse* role, the PSC relies upon an email concerning a teleconference with John Guide (who has already given two days of testimony) and other well site leaders in which Emmerson encourages "safe rig operations." A general statement encouraging safety does not indicate that Emmerson possessed unique knowledge of any safety issues with the *Deepwater Horizon,* let alone anything related to the *Deepwater Horizon* BOP. Likewise, the PSC's suggestion that Emmerson's role with respect to the selection of Robert Kaluza as a Well Site Leader would somehow allow Emmerson to provide relevant insight into relevant issues regarding the negative pressure test is too tenuous to support additional deposition time. At bottom, while Mr. Emmerson's role with the *Thunder Horse* and this one email may warrant some questioning, it does not justify a further full day of deposition.

      With regard to Phase II issues, Mr. Emmerson's approximately two-week involvement with the response effort immediately after the incident can certainly be covered in the PSC's allotted time, and does not support a further day of deposition testimony. Mr. Emmerson—along with numerous individuals from BP, Cameron, Transocean, U.S. government authorities, and other third parties who will provide, and have already provided, Phase II discovery—was involved in the attempts to activate the BOP through ROV intervention in the days following the incident. Mr. Emmerson's active involvement, however, in these operations ceased by mid-May 2010. From that point forward, Emmerson's involvement with the incident was focused on his investigative role as a member of the IIT. *See* BP-HZN-BLY00393153-56 (acknowledging that Mr. Emmerson joined the BOP investigation team on May 14, 2010 and would be needed "for the duration" of the investigation). In any case, other BP witnesses who were also involved in the attempts to activate the BOP (including, as the PSC notes, Harry Thierens) have testified or will testify in Phase II depositions.

      In sum, Mr. Emmerson will be able to provide little in the way of new relevant testimony on Phase I matters, and his discrete role in the immediate response effort can readily be covered by the PSC in its allotted time. Compelling Mr. Emmerson to sit for a second day of testimony is unnecessary and unduly burdensome, and thus the PSC's request should be denied. Nonetheless, as discussed above, BP proposes allowing the PSC an additional one hour of deposition testimony, which will be awarded by Mr. Emmerson sitting for an additional 30 minutes and conceding time from BP and other interested parties (other than Cameron).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 23, 2011
Page 4

Sincerely,

*[signature]*

J. Andrew Langan, P.C.

cc: Plaintiffs Liaison Counsel
Defense Liaison Counsel
Mike Underhill
Hon. Attorney General Luther Strange
Cory Maze
Donald E. Godwin
James P. Roy
Stephen J. Herman
Mike O'Keefe
Robert Cunningham