UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>     "Deepwater Horizon" in the Gulf<br>     of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

<u>ORDER</u>

[Regarding BP's Motion to Compel Discovery from Louisiana (Rec. doc. 3795)]

On August 22, 2011, BP submitted a letter requesting relief from Louisiana concerning Phase One document requests. It contends that Louisiana has not searched for and produced responsive documents in its possession, custody and control. It reports that on April 29, 2011, it served written discovery, including seventy requests for production ("RFPs") concerning Phase One. Louisiana objected on the grounds that: (1) the RFPs were overboard; (2) the cost of production outweighed the value of the documents; (3) they were premature; (4) they sought documents which were available to BP from the public domain or from other parties; and (5) they called for documents which were protected from disclosure. Subject to these objections, Louisiana adopted the PSC's discovery responses. It reported that: (1) it was not responding on behalf of parishes, parish district attorneys, port authorities, or cities as they were separate from the State; and (2) it was not responding on behalf of the Attorney General because of the many privileges associated with that office. BP requests that Louisiana be ordered to produce all non-privileged documents in response to its Phase One RFPs and that it comply with the search protocol identified by BP in the August 22, 2011 order.

Louisiana was ordered to respond to BP's motion to compel by August 29, 2011. It was required to provide specific responses to the issues raised by BP and not re-assert generalized

objections. Rec. doc. 3810. Unfortunately, Louisiana continues to rely on its generalized objections.

## BACKGROUND

April 29, 2011 was the deadline for the service of "cleanup" requests for production of documents for use in the February 27, 2012 trial. Rec. doc. 1908. The deadlines were modified to apply to any discovery served on the U.S. and the States with claims pending in the limitation. Rec. doc. 2253 at 11.

On May 6, 2011, BP contended that the purpose of the discovery sought from the PSC, the States and other government entities was to avoid surprise. The PSC contended that its Phase One expert reports would respond to almost all of BP's contention interrogatories. The PSC and the States suggested that the responses by the States and the government entities to BP's interrogatories be due after the PSC responded so they could adopt the PSC responses. The Court found that: (1) BP should be able to determine if the PSC, the States and local government entities have any evidence they may offer in Phase One which was not previously produced; and (2) the States and government entities could adopt the PSC's responses and answer that they had nothing further.

On May 25, 2011, the Coordinating Counsel for the States emailed the Court with a request for an order and reported, in part, that:

> The States are currently working with BP to frame the appropriate scope of the Search Terms and relevant State Agencies. Once we have come to an agreement with BP on the scope of discovery, we will offer it to the group as the State's [sic] discovery plan. In other words, the States will simultaneously provide all requesting defendants with copies of any discoverable material that we locate under our agreement with BP.
>
> \*   We request this plan because the States desire to do only one search, with one set of rules, because we want to avoid (a) running duplicative searches for the same items and (b) varying sets of rules/requests among the

>   defendants.
>
> \*   To avoid these problems, we would request any defendant that objects to the terms agreed upon by the States and BP to raise them promptly with the States and the Court—before we begin the ultimate discovery process.

On June 15, 2011, the order was entered. Louisiana and Alabama had until June 20, 2011 to respond to the various defendants' written discovery requests and they could adopt the PSC's responses.

> [T]he States' production shall presently be limited to documents, materials, and information relating to the loss of well control at the Macondo well and the ensuing fire and explosion on the MOD. Deepwater Horizon on April 20, 2010, the sinking of the vessel on April 22, 2010, and the initiation of the release of oil from the Macondo well during those times, which are at issue in Phase One of the February 2012 trial.

Rec. doc. 2672 at 1. The order was without prejudice to the right of the States to raise the issue of whether the Offices of the States' Attorneys General are subject to Phase One document production, and if so, under what parameters. Id.

On June 17, 2011, the States raised the issue of production from the offices of their Attorney Generals. They urged that: (1) these offices were law offices; and (2) it was unreasonable to expect the States to search every document in an AG's office for documents responsive to the defendants' document requests. BP was required to prepare a proposal for an ESI search of the States' AG's office with: (1) date ranges; (2) search terms; and (3) a listing of the custodians. Rec. doc. 2881 at 7. On June 24, 2011, BP reported that it was working on its proposal for an ESI search of the AG offices for Louisiana and Alabama. Rec. doc. 3062 at 13.

On July 1, 2011, there was discussion concerning extension of the deadline for the completion of Phase One written discovery. Rec. doc. 3144. On July 8, 2011, Alabama and BP reported that they were unable to agree on the cut-off date for ESI searches. The Court ruled that the searches would go through September 19, 2011 when the well was killed. Rec. doc. 3238. On

July 15, 2011, the parties were prohibited from serving any further Phase One written discovery. Rec. doc. 3354 at 2.

On August 12 and 19, 2011, there was discussion about Phase Two depositions and document production. Rec. docs. 3730 at 8-9 and 3786. On August 26, 2011, it was reported that BP and Anadarko were working on a joint set of Phase Two discovery requests to the PSC and the States. Any defendant seeking Phase Two discovery from the PSC and the States was required to participate in the joint discovery. The PSC, the States and the U.S. were required to work on joint Phase Two written discovery sought from the defendants. The Court emphasized the need to serve written Phase Two discovery in September so that Phase Two depositions and written discovery would be more orderly than Phase One. Rec. doc. 3840.

## ANALYSIS

Although the States were authorized to adopt the PSC's discovery responses, they were not relieved of the obligation to produce Phase One documents, including ESI, responsive to BP's RFPs. When the adoption issue was raised, it was in the context of responding to BP's contention interrogatories. Rec. doc. 2291 at 3-4. The May 25, 2011 email from Coordinating Counsel clearly demonstrates that the States were working with BP on search terms and relevant State agencies for an ESI search. The ESI search and production would satisfy not only BP but also the other defendants, because the States sought to avoid multiple searches.

Merely because there are documents within the possession of Louisiana which have been produced by other parties, does not relieve it of making the ESI search to respond to BP RFPs. The search is required to ensure that there are no other documents in the possession of Louisiana relevant to Phase One.

Louisiana's objection that the search protocol proposed by BP will require it to produce Phase Two documents as well as Phase One is without merit. All of the parties have labored with the overlap of Phase One and Phase Two discovery. The search will terminate with September 19, 2010. Rec. doc. 3238. Louisiana's request for a cutoff of April 23, 2010 is unreasonable. Louisiana will not be prejudiced by the overlap in Phase One and Phase Two in its production, as Phase Two written discovery is underway.

The burden described by Louisiana is no different than the burden that any other party to the February 2012 trial confronts. There is no basis to object to BP's RFPs on the grounds that the cost of production outweighs the benefit.

Subject to the September 19, 2010 date range limitation, the RFPs, including the ones cited by Louisiana in its letter of August 29, 2011, are not overbroad for Phase One discovery.[1]

Louisiana is not required to respond on behalf of parishes, parish district attorneys, port authorities or cities.

Louisiana shall conduct a search of the records of the office of the Louisiana Attorney General. The search will be conducted in the same manner as the one conducted by the office of the Alabama Attorney General.

It appears that Louisiana has produced less than 250 documents. This is woefully inadequate.

The parties shall proceed as follows:

---

[1] Some of the documents cited by Louisiana fall outside the September 19, 2010 date range, including a November 18, 2010 memorandum between BP and Wildlife and Fisheries and January 28, 2011 correspondence concerned with sea turtles.

1. By **Friday, September 23, 2011,** Louisiana shall complete its search of the State agencies identified by BP with the search terms, date ranges and custodians identified by BP and produce all non-privileged documents. The date ranges shall be modified so that they terminate at September 19, 2010.

2. By **Friday, September 16, 2011,** Louisiana and BP shall meet and confer on a proposed search protocol for hard copy and ESI from the Office of the Louisiana Attorney General. They shall report to the Court on the status of this protocol by **Wednesday, September 21, 2011.**

IT IS ORDERED that: (1) the motion of BP to compel discovery from Louisiana (Rec. doc. 3795) is GRANTED in PART and DENIED in PART as provided herein; (2) **any appeal of this order must be filed no later than noon on Thursday, September 8, 2011;** and (3) the order shall not be stayed during the pendency of an appeal.

New Orleans, Louisiana, this 1st day of September, 2011.

SALLY SHUSHAN
United States Magistrate Judge