UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to:  All Cases          2:10-cv-02771 | § § § § | MAG. JUDGE SHUSHAN |

_____

### HALLIBURTON ENERGY SERVICES INC.'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIM

Halliburton Energy Services, Inc. ("HESI") files this Opposed Motion for Leave to File Second Amended Cross-Claim, and in support of the same, respectfully shows as follows:

### BASIS OF CLAIM

On September 8, 2010, BP Exploration & Production, Inc. ("BP Exploration"), BP America Production Company, ("BP America") and BP p.l.c. (collectively the "BP Entities" or "BP"), publicly disclosed the "Bly Report," the BP in-house "investigation" into the *Deepwater Horizon* incident. The Bly Report delineated numerous "factors" which, in a sequence, allegedly caused the blowout, explosion and fire on the *Deepwater Horizon* (the "Incident"). Of the various factors identified in the Bly Report, the BP Entities point to HESI's cement services as an alleged cause of the blowout and explosion. Commenting on the Report, BP's former chief executive Tony Hayward stated:

> To put it simply, there was a bad cement job and a failure of the shoe track barrier at the bottom of the well, which let hydrocarbons from the reservoir into the production casing. The negative pressure test was accepted when it should not have been, there were failures in well control procedures and in the blow-out

>   preventer; and the rig's fire and gas system did not prevent ignition.

*See* http://www.bp.com/genericarticle.do?categoryId=2012968&contentId=7064893.  The Bly Report was quick to divert blame and responsibility to other parties in what could only be described as a blatant attempt to absolve the BP Entities from public scrutiny.  While the Bly Report identifies HESI's cement job as an alleged factor or cause of the incident, the BP Entities failed to disclose that HESI's cementing services on the Macondo well were based upon critical, empirical information provided to HESI by the BP Entities.  In fact, the information BP gave HESI with regard to the hydrocarbon zones in the well was wrong.

HESI filed an Original Cross Claim and a First Amended Cross Claim in MDL-2179 and in Cause No. 10-2771 (the "Limitation Action") (Doc. No. 2086, Doc. No. 436, Doc. No. 445) on April 21, 2011 and May 20, 2011 against the BP Entities for their negligence and tortious actions which caused the *Deepwater Horizon* incident (the "Cross-Claims").[1]  However, in the deposition of Galina Skripnikova taken on July 7-8, 2011, HESI learned, for the first time, that BP knew or should have known, prior to the Incident, and failed to disclose to HESI and the general public, critical data and empirical information relating to actual conditions for the Macondo Well, including the identification of shallower hydrocarbon-bearing zones in the well. HESI justifiably relied on this critical information and had HESI received the actual information regarding these undisclosed shallower hydrocarbon-bearing zones, HESI would not have pumped the cement job until BP redesigned the production interval of the well.  BP failed to

---

[1] This Court's Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings (Doc. No. 1730) provides a May 20, 2011 deadline for filing "[a]ll Cross-claims by 14(c) Third-Party Defendants (including the United States Government) against any other 14(c) Third Party Defendant (except for the United States Government against which cross-claims are due on 4/20/11)." But this deadline is only applicable to the Limitation Action.  *See* (Doc. No. 1730-1).  No deadline is in place for filing cross-claims in cases pending in the MDL proceeding.

disclose this information and its importance or impact in the Bly Report or in any of its testimony it provided in the various hearings held as to what caused the Incident.

HESI's proposed Second Amended Cross-Claim, attached hereto and incorporated as if fully set forth herein as Exhibit A, is based upon BP's knowledge and actions both pre-Incident and post-Incident with regard to the identification and disclosure of the shallower hydrocarbon-bearing zones. Exhibit A alleges causes of action against the BP Entities for their newly discovered fraudulent and tortious actions in failing to disclose and negligently and grossly negligently misrepresenting to HESI and the public, the existence of shallower hydrocarbon sands which would have required BP to redesign the production interval of the well before HESI would have ever pumped the primary cement job. The claims in Exhibit A are alleged only against the BP Entities and do not involve Limitation Claimants, Plaintiffs, the Transocean Entities, or any of the other co-defendants or 14(c) Defendants.

## LEAVE TO AMEND HESI'S CROSS-CLAIM SHOULD BE GRANTED

If not amending as a matter of course, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination of whether to grant leave is "entrusted to the sound discretion of the district judge," and requires consideration of the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

As discussed *supra*, HESI only became aware of BP's knowledge regarding the shallower hydrocarbon zones during the deposition of Galina Skripnikova in July 2011. After Skripnikova's deposition, HESI evaluated the testimony, the Bly Report, and other BP publications relative to the Incident and determined that amendment of HESI's First Amended

Cross-Claim was proper.[2]  The facts relative to BP's failure to identify the shallower hydrocarbon-bearing zones are encompassed within HESI's already existing negligence claims against the BP Entities, although the proposed amended cross-claim more specifically states these factual bases for BP's negligence and gross negligence.  However, it wasn't until Skripnikova's deposition that HESI learned of BP's knowledge of the existence of these sands, giving rise to the intentional torts detailed in Exhibit A.

HESI files this Motion for Leave in good faith, without undue delay or dilatory motive, seeking only to amend its Cross-Claims against the BP Entities to include additional causes of action based on additional facts learned during discovery.  Moreover, because the identification of these hydrocarbon-bearing sands is already a fact issue in these proceedings, BP will suffer no prejudice by allowing HESI to amend its Cross-Claims to assert additional tort claims for BP's fraudulent actions, and granting HESI leave to amend to allow the pleading of additional claims will not require additional discovery.  In sum and in the interest of justice, HESI seeks leave from this Court to amend its Cross-Claims by the filing of its Second Amended Cross-Claim to assert common law fraud and fraud by nondisclosure claims against the BP Entities.

## CONCLUSION

For these reasons, Halliburton Energy Services, Inc. respectfully requests the Court to grant it leave to file its Second Amended Cross-Claim, and for the Court to deem Exhibit A filed as of the date of filing this Motion, and for such other and further relief the Court may deem it justly entitled.

Dated:  September 1, 2011.

---

[2]  Indeed, on Friday, August 26, 2011, Plaintiffs' Steering Committee produced Plaintiffs' expert reports, one of which, relying on Galina Skripnikova's deposition testimony, includes an opinion that this undisclosed hydrocarbon bearing zone initiated the blowout.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin, T.A.*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on September 1, 2011, counsel for Defendant Halliburton Energy Services, Inc, conferred in good faith with counsel for the BP Parties, regarding the filing of this Motion and the proposed Second Amended Cross-Claim. The BP Parties are opposed to this Motion and to the filing of HESI's Second Amended Cross-Claim.

/s/  Donald E. Godwin
Donald E. Godwin

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Motion for Leave to file Counterclaim was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 1st day of September, 2011.

/s/ Donald E. Godwin
Donald E. Godwin