UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding BP's Motion to Compel Discovery from Transocean (Rec. doc. 3788)]

There are multiple parts to BP's motion to compel.

**Part One.**

BP seeks an order requiring Transocean to produce all documents on its privilege log related to its internal investigation where the only claim of privilege is work-product and the description does not assert that they were prepared at the direction of counsel. These documents are identified in the appendix to BP's reply memorandum. Rec. doc. 3842, p. 12. The first entry in the series is 101.[1]

BP contends that: (1) when a party discloses a report which presents the findings of an internal investigation, the underlying investigative materials lose work product protection;[2] (2) the waiver rule prevents a party from using work product protection to selectively disclose the favorable results of its investigation while withholding the full evidence from its adversaries; and (3) the report

---

[1] A larger list is identified in BP's motion to compel (Rec. doc. 3788 at 1-2). As a result of Transocean's opposition (Rec. doc. 3831), BP reduced the number of entries sought from the Seventh Supplemental Privilege Log. See BP Reply (Rec. doc. 3842) at p. 2, n. 2.

[2] Entry number 175 is an example of a document that BP contends relates to the internal investigation where only work product is asserted and the description does not assert that it was prepared at the direction of counsel. The entry is for a May 24, 2010 draft memorandum prepared by Eric Leslie for the Deepwater Horizon investigation in anticipation of litigation. Rec. doc. 3788 (Exhibit B at 15).

of the investigation is being used offensively. Rec. doc. 3788 at 7-11. Transocean responds that: (1) it never intended to and does not intend to use the report offensively in this litigation; and (2) it is not required to prove or assert that the work product documents were prepared at the direction of an attorney. Rec. doc. 3831 at 4 and 7.

When a party relies on work product as a basis for a claim or defense, the protection is waived. Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, A.B.A., Sec. of Lit. (5th Ed. 2007) ("Epstein"), p. 1099.[3] While Transocean contends that it has no intention of using the report offensively, this action is not limited to BP and Transocean. The PSC is using the report offensively. The U.S. and the States may make similar use of the report. After Transocean released the report, other parties were at liberty to make offensive use of it. This is of benefit to Transocean. In these circumstances, the work product protection was waived. This is limited to the entries on the first part of BP's appendix, where the only claim of privilege is work product and the description does not assert that it was prepared at the direction of counsel. By **Wednesday, September 14, 2011**, Transocean shall produce these documents.

**Part Two.**

BP seeks an order requiring Transocean to produce documents on its privilege log where the author is described as "DWH Investigation Team." This is the largest category of documents on

---

[3] Epstein states the proposition more prosaically at 1101:

> It obviously also is the case if a party defends on the basis that it conducted an investigation of the plaintiff's claim and found it unfounded. It hardly needs a rocket scientist to figure out that you can't rely on such an investigation as a defense against a cause of action but hope to retain work product protection as to the investigation relied upon.

2

BP's appendix. Rec. doc. 3842, p. 12.[4]

The ruling on Part Two will address the remaining entries in the series on the BP appendix which begins with entry 122 and ends with entry 2401.[5] BP contends that: (1) pursuant to Fed. R. Civ. P. 26(b)(5) and PTO No. 14 (Rec. doc. 655), the privilege log is required to identify the author and signatories of a document, to whom it was sent and an indication of all attorneys, signatories or recipients of the document who are attorneys; (2) for 636 entries Transocean listed only the DWH Investigation Team as the author; (3) for 206 entries, it left the author and recipient blank; and (4) privilege entries without individualized authors are invalid and the underlying documents must be produced.

Transocean responds that the claim that it did not properly log the authors of certain documents is a procedural claim with no substance. It identifies some entries as documents reflecting: (1) communications with third party consultants; (2) a draft to Congress reflecting legal advice; (3) an agenda attached to email communications with counsel providing information to assist counsel; and (4) weekly updates to management and counsel prepared to facilitate legal advice. Rec. doc. 3831 at 16-17. A comparison of these entries with BP's appendix demonstrates that it deleted some but not all of the entries in response to Transocean's argument.[6] BP replies that, based on Transocean's opposition, it dropped its demand for some documents and Transocean agreed to

---

[4] To the extent that an entry appears in both parts of the appendix and the entry reflects that the only claim of privilege is work product and the description does not assert that it was prepared at the direction of counsel, the ruling on Part One resolves these entries.

[5] Entry 2973 will be addressed in Part Three.

[6] For example, entry 2201 (draft presentation to Congress reflecting legal advice) (Rec. doc. 3831 at 17) is not on BP's appendix. Entry 2230, which Transocean describes as "communications with third party consultant, Bullfighter Design, regarding work to be done under supervision of counsel and in anticipation of litigation" (Rec. doc. 3831 at 16-17) remains on the appendix.

3

produce others. Rec. doc. 3842 at 2, n. 2.

Some of the remaining entries were selected for review. Entry 215 is an August 2, 2010 draft prepared by the DWH Investigation Team. It is described as a draft presentation regarding the DWH incident prepared at the direction of counsel in connection with and in anticipation of litigation. The only basis for claiming protection from disclosure is work product. Unlike the entries for Part One, entry 215 states that it was prepared at the direction of counsel. Entries 1696-1703 are for February 2, 3, 4 and 7, 2011. They are spreadsheets prepared by the DWH Investigation Team. Each one is described as "[c]hecklist for draft report prepared under supervision of counsel and in anticipation of litigation." Rec. doc. 3788 (Exhibit B at 147)(Emphasis added). Protection is claimed as attorney-client and work product.

For those entries in Part Two where the only basis for withholding the document is work-product, the protection was waived for the reasons described in Part One. By **Wednesday, September 14, 2011**, Transocean shall produce these documents.

For those entries in Part Two where the basis for withholding the document is attorney-client privilege and work product, the authorship and description of the documents are sufficient as described by Transocean. Transocean is not required to produce these documents.

**Part Three.**

The last entry on the privilege log is 2973. It is as described as drafts of reports prepared by the DWH investigation team from October 2010 through January 2011. Protection is claimed on the basis of attorney-client privilege and work product. They are further described as "[d]raft reports communicated to counsel for purposes of rendering legal advice and prepared in anticipation of litigation." Rec. doc. 3788 (Exhibit B at 277). Transocean notes that it has not individually logged

drafts of the report reviewed or commented on by attorneys.

Transocean argues that: (1) district courts have recognized that drafts of reports should be protected as attorney-client communications; (2) Rule 26, as amended, does not require the production of every draft of an expert's report; (3) the publication of the final report did not waive the privilege on the drafts; and (4) to the extent the documents contain attorney comments, production would reveal the attorneys' mental impressions. BP replies that it does not object to Transocean withholding any drafts of the reports with attorney comments, but it should be required to produce all other drafts. For the reasons cited by BP (Rec. doc. 3842 at 4-7), Transocean shall produce the drafts of the report that do not include attorney comments. By **Wednesday, September 14, 2011**, Transocean shall produce these documents.

**Part Four.**

BP seeks an order requiring Transocean to produce documents where it failed to identify any author. The entries appear at the bottom of BP's appendix. They begin with entry 2117 and end with entry 2970.

Entries 2806, 2809 and 2811 are dated, February 3 and 4. They are referred to as Microsoft Office Power Point 2007 Presentations and described as "[d]raft presentation to management and counsel attached to email string prepared at the request of counsel to assist in rendering legal advice in connection with on-going litigation and hearings." Rec. doc. 3788 (Exhibit B at 258-59). They were withheld as attorney-client and work product. There is a companion entry for each of these. For example, entry 2805 is for a February 3, 2011 email from Dan Farr to Bill Ambrose and Steven Sparling, Esq. These companion emails are described as "[c]ommunication with counsel re attached draft presentation to management and counsel to assist in rendering legal advice and in anticipation

5

of litigation. It is obvious that the document at entry 2806 was attached to the document (email) at entry 2805 and sent to counsel. Transocean is not required to produce any documents which appear at the bottom of the BP appendix and which were withheld on the basis of the attorney-client privilege.

Entry 2813 was withheld as work product. It is a companion to entry 2812. The two entries bear the same date. Entry 2812 is an email from Bill Ambrose to Fabienne (Zug) Lefort. There is no indication that Lefort is an attorney. Transocean shall produce the documents for the entries at the bottom of the BP appendix where the only basis for withholding them is work product. By **Wednesday, September 14, 2011**, Transocean shall produce these documents.

**Part Five.**

BP requests that Transocean be deemed to have admitted requests for admission numbers 45-67 and 282. BP acknowledges receipt of Transocean's supplemental responses. Rec. doc. 3842 at 2, n. 1. BP's motion to compel will be dismissed as moot as to the requests for admission.

IT IS ORDERED that BP's motion to compel discovery (Rec. doc. 3788) is GRANTED in PART, DENIED in PART and DISMISSED in PART as MOOT as provided herein. **Any appeal of this order must be filed no later than noon on Monday, September 19, 2011.**

New Orleans, Louisiana, this 1st day of September, 2011.

                        **SALLY SHUSHAN**
                        **United States Magistrate Judge**

S