UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**In re: Oil Spill by the Oil Rig**　　　　　　**MDL NO. 2179**
　　　　**"Deepwater Horizon" in the Gulf**
　　　　**of Mexico, on April 20, 2010**　　　**SECTION J**

**Applies to:** *All Cases*　　　　　　　　　**JUDGE BARBIER**
　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE SHUSHAN**

## ORDER

**[Regarding Halliburton's Motion to Compel BP (Rec. doc. 3843)]**

Before the Court is the motion of Halliburton Energy Services, Inc. ("Halliburton") to compel the BP parties' ("BP") discovery responses. The Court rules as follows:

**A.　Interrogatory Responses**

**Interrogatory No. 7:**

BP shall supplement its response to generally describe, in the ordinary course of its business, its policies and procedures regarding the design and interpretation of negative tests and communication of the design and interpretation of such tests to BP well site leaders.

**Interrogatory No. 8:**

BP shall revise paragraph two of its response to more particularly describe the actual steps taken on the Macondo well before the underbalancing was conducted on April 20, 2010.

**Interrogatory No. 17:**

BP's response is sufficient.

**Interrogatory No. 19:**

BP's response is sufficient.

**Interrogatory No. 20:**

BP's response is sufficient.

**Interrogatory No. 29:**

BP's response is sufficient.

**Interrogatory No. 31:**

BP's response is sufficient.

**B.    Responses to Request for Admissions**

**Request for Admission No. 5:**

BP shall supplement its response to state whether it "authorized" HESI to provide more than two mud loggers at a time on the Deepwater Horizon, regardless of whether HESI supplied more than two at a time.

**Request for Admission No. 10:**

BP shall supplement its response to state whether it was approximately thirty-three minutes after the kick that the BP well site leader became aware of the fact of the kick.

**Request for Admission Nos. 15-24, 37, and 41-43:**

BP shall revise its response to categorically admit or deny the requests without qualification based on responsibilities.

**Request for Admission Nos. 46-47:**

BP shall revise its answer to categorically admit or deny the requests without qualification based on responsibilities.

**Request for Admission No. 58:**

BP's response is sufficient.

**Request for Admission Nos. 61-65, 73, 78-80 and 85:**

2

BP shall revise its response to categorically admit or deny the requests without qualification based on responsibilities.

**Request for Admission No. 86:**

BP's response is sufficient.

**Request for Admission Nos. 87:**

BP shall amend its responses to state whether it is aware that the "M57B" exists at the depths specified in the request.

**Request for Admission Nos. 89-90:**

The BP parties are directed to amend their responses to categorically admit or deny them.

**Request for Admission No. 91:**

The BP parties are directed to amend their responses to categorically admit or deny them.

**Request for Admission No. 93:**

BP shall amend its response to state whether it knew that the shallowest sand was at 17,788 feet as of the time of HESI's final cement job.

**Request for Admission No. 95:**

BP shall amend its response to admit or deny the approximate location of the TOC.

**Request for Admission No. 101:**

BP's response is sufficient.

**Request for Admission Nos. 103-108:**

BP's responses are sufficient.

**Request for Admission Nos. 109 and 115:**

BP shall supplement its responses following HESI's clarification.

**Request for Admission Nos. 112-114:**

BP shall supplement its responses. If all three responses are denied, BP shall specifically cite to sections in the Bly Report supporting its denial.

**Request for Admission No. 131:**

BP shall supplement its response to indicate whether the fifteen centralizers delivered were what it ordered.

**Request for Admission Nos. 137-139 and 141:**

The responses of BP are sufficient other than correction of what appears to be a typographical error. BP is to amend its responses to correct that.

**Request for Admission Nos. 143-144:**

BP shall amend its responses to state whether such modeling was conducted on or after April 20, 2010.

**Request for Admission Nos. 158-163:**

BP's response is sufficient.

**Request for Admission No. 164:**

BP's response is sufficient.

**Request for Admission No. 165:**

BP's response is sufficient.

**Request for Admission No. 179:**

BP shall amend its response to categorically admit or deny its knowledge.

**Request for Admission No. 180:**

BP shall amend its response to indicate whether such a communication took place or not.

C.     **Communications Regarding GP10-60**

BP may either provide HESI with the bates ranges for these documents if previously produced or shall produce such documents.

D.     **Potentially Resolve Issues Regarding BP's Discovery Responses**

The Court will not address these unless informed that these items have not been resolved.

IT IS ORDERED that: (1) Halliburton's motion to compel BP (Rec. doc. 3843) is GRANTED in PART and DENIED in PART as provided herein; (2) BP shall comply with the terms of this order **within fourteen (14) calendar days** of the docketing of this order; and (3) the deadline for an appeal of this order is **September 13, 2011.**

New Orleans, Louisiana, this 2nd day of September, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**