# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

August 30, 2011                    **Don K. Haycraft**           **Direct: (504) 556-4128**
                                                            dkhaycraft@liskow.com

**Via Email**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

> Re:     In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on
>          April 20, 2010, MDL No. 2179
>          Our File No.:  10451.084

Dear Judge Shushan:

This letter is in response to Transocean's counsel's statement in Court on Friday, and reflected in the Working Group Order just issued (Rec. Doc. No. 3840), that Transocean could find no evidence that its Well Advisor spreadsheet program was actually used on Macondo. The Court will further recall that a Rule 30(b)(6) deposition of Transocean on this subject was to be allowed if Transocean reported on August 26 that the Well Advisor program was used on the Macondo well. *See* Order of August 22, 2011 at page 5 (Rec. Doc. No. 3786).  Based on counsel's proffer, we were preparing the draft of the stipulation when we came across an email dated February 6, 2010, from the OIM on *Deepwater Horizon* to Paul Johnson. This document, identified as TRN-MDL-00697758 through 7837,[1] demonstrates that Well Advisor <u>was used</u> for Transocean's planning purposes.  Specifically, it appears to have been used by the Assistant Drillers on the rig, the Toolpusher Jason Anderson, the OIM Rodney Ryan, and by the shore-based rig manager, Paul Johnson. Specific MC 252 information was input for Transocean to assess kick tolerance parameters and whether to proceed with drilling the well.    There are notations/alerts raised by the program that this well had a number of characteristics that required consultation with Transocean's Operations Manager and Well Operations Group in addition to other instructions flagged by the program.

We therefore renew BP's request to take a Rule 30(b)(6) deposition of Transocean on the critical Well Advisor tool.  At this point, there must be some doubt that there has been a

---
[1]     We will send this document marked "Confidential" via separate email for the Court's and counsels' review.

LISKOW&LEWIS

August 30, 2011

complete production of Well Advisor-related documents in view of counsel's statement on Friday that no evidence of such use of the program at Macondo could be found.  In addition, we want to be sure that all such Well Advisor documents be produced in native, to the extent they have not already been so produced.

In the alternative, should the Court not order a deposition on this critical subject, BP respectfully submits the parties should be required to prepare an appropriate stipulation that captures the purpose, authenticity, and admissibility of the Well Advisor documents we do have in hand.

Sincerely,

Don K. Haycraft

DKH/apf

cc:    MDL Liaison and Coordinating Counsel