# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 31, 2011

**VIA E-MAIL**

Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I write in response to the State of Louisiana's August 29, 2011 letter concerning its document production.  The State's letter confirms that its document production does not comply with the discovery obligations imposed by the Federal Rules.  Moreover, contrary to this Court's Order that the State provide "specific responses to the issues raised by BP, and not re-assert generalized objections," (Aug. 25, 2011 Order (Doc. 3810)), Louisiana continues to rely on generalized objections that BP's requests are overly broad and that compliance with its discovery obligations will be expensive and unduly burdensome.  For the most part, Louisiana's objections and its claims of undue burden and expense continue to be wholly conclusory and unsupported.

Indeed, even now, Louisiana has identified only a small fraction of BP's document requests as objectionable, thus violating the rule that the objecting party "must have a valid objection to each [request] in order to escape the production requirement."  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also* La.'s Aug. 29 letter at 4 (citing RFPs 1, 4, 24, 26, 38, and 56).  And even as to those few requests, the State's objections are in no way tailored to the substance of the requests; instead, they mirror the stock general objections that Louisiana has made in response to *all* of BP's requests and reflect its opposition to conduct any further search for documents.

Under the Rules, the State has an obligation to search for and produce responsive, non-privileged documents that are relevant to Phase One.  Phased discovery does not allow the State to refuse to conduct a reasonable and diligent search simply because terms like "MC252" and "*Deepwater Horizon*" will also appear in non-Phase One documents.  Contrary to Louisiana's suggestion, BP does not argue "that the State should still be required to gather this information

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

Honorable Sally Shushan
August 31, 2011
Page 2

despite the overly expansive nature of the requests under the theory that the State will ultimately have to produce such materials at some point." (Aug. 29, 2011 Letter at 8.) BP instead maintains that the search parameters that it has proposed are those that are necessary to identify Phase One documents, even though, given the overlap between the phases, they may also identify documents relevant to later phases. Every party to this litigation confronts the same situation.

BP respectfully requests that the Court require Louisiana to fulfill its obligations under the Federal Rules by following the search protocol identified in BP's August 22, 2011 letter, including the production of non-privileged Phase One documents from Louisiana's Attorney General's office.

Sincerely,

J. Andrew Langan, P.C.

cc: Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Mike Underhill
Hon. Attorney General Luther Strange
Corey Maze
Allan Kanner
Lili Petersen