**Lili Petersen**

| | |
|---|---|
| **From:** | Lili Petersen |
| **Sent:** | Friday, August 19, 2011 5:10 PM |
| **To:** | 'Andrew Bloomer' |
| **Cc:** | Andrew Langan; Allan Kanner; Don K. Haycraft; Robert E. Holden; Tim Duffy; Beth Larsen |
| **Subject:** | RE: Search Term and Custodian Lists |


Andrew – Below please find a link to the additional materials I mentioned which we had not thought would be ready until Monday.

http://kanner-law.brickftp.com/f/536838cf5

With respect to the issue of the breadth of the requests, Louisiana maintain our disagreement with the suggestion that these requests are limited to Phase 1 issues. A few examples:

REQUEST FOR PRODUCTION No. 1
All documents referring or relating to the MC252 Well created on or after January 1, 2008.

REQUEST FOR PRODUCTION No. 4
All documents referring or relating to the Transocean Deepwater Horizon (the "Deepwater Horizon" or "rig").

REQUEST FOR PRODUCTION No. 38
All documents exchanged between and communications between you and any employee, staff member or other person working for, with or on behalf of the United States government referring or relating to the Deepwater Horizon Incident.

The search parameters proposed by BP further evidence this breadth  For example – BP has almost categorically suggested a beginning date of 2/1/2009 and an end date of May 2011 (which BP will presumably extend) for these searches. In addition, for those Requests identified above, BP's proposed search terms would arguably capture any document associated with not only the event but all matters which have ensued thereafter as a result:
  RFP No. 1 proposed search terms "MC252" or "Mississippi Canyon Block 252" or "Macondo"
  RFP No. 4 proposed search terms:  "Transocean Deepwater Horizon" or "TO Deepwater Horizon"
  RFP No. 38 proposed search terms:  ".gov" and ("Deepwater Horizon" or Macondo or "MC252" or "BP") [we note that this search would pull everything from a Louisiana government employee which has the ".gov" extension in addition to the federal government employees.
Running these types of searches would, in practice capture *almost anything* associated with not only the incident itself but the extensive response, recovery and environmental efforts in which Louisiana has had substantial involvement. Absent reasonable limitations (for example a date cutoff of April 23, 2010 as Louisiana has suggested) these requests are unreasonable and unduly burdensome. Requiring the State to gather this information despite the overly expansive nature of the requests under the theory that the State will ultimately have to produce such materials at some point vitiates any limitation imposed by the Magistrate's orders.

Specifically, the Magistrate provided a compromise which would prevent the unfair surprise which concerned defendants but not require the States to respond to this extensive discovery in the context of  Phase 1 of the limitations trial. To that end, the Magistrate's 5/17/11 Discovery Working Group Order (Rec. Doc. 2396)

1

expressly permits the States to adopt the responses of the PSC to the discovery which had been issued. At the discovery working group conference on 5/15/11 BP confirmed that it had issued the 4/29/11 discovery in an effort to avoid surprise:

> Your Honor, you're very responsive, always, and you got back to us on April 26th and said, answer, yes, if the discovery is required for the first segment of the February 2012 trial, which we have referred to as the *event segment*. So we take Your Honor at her word and said to ourselves, okay, well, it sounds like these people have filed claims in limitation, they've brought cases against us, they've incorporated complaints against us, and the Court says we need to serve discovery on them. So, on April 29th, we did. They are things like asking about standard pretrial discovery to avoid surprise, asking for do you have any documents relating to the incident, do you have any documents relating to the DEEPWATER HORIZON, do you have any witness statements, I mean, so we're not blindsided by this stuff.

Discovery Working Group Conf. 5/15/11 27:9-22 (A. Langan, counsel for BP). To this end, Magistrate Shushan's orders, specifically Section 6 of the Working Group Order (Rec Doc 2396) and the Order dated 6/15/11 (Rec. Doc. 2763) contemplate and provide for the adoption of PSC responses in connection with the Phase 1 causation issues. As such, the State's adoption of the responses relating to the causes of the fire, explosion and initial release, including reference to the documents and materials produced by the PSC in addition to documents and materials previously identified by the State and/or produced in connection with the ongoing discovery in this case, are appropriate. To the extent Louisiana had any additional information to present in connection with the liability issues in the Limitations trial of February 2012 (a trial in which Louisiana's role is currently uncertain) the State would have produced such materials and understands its obligation to supplement to the extent additional information is discovered.

At present no agencies beyond the 5 identified have been searched. However, the State has begun the task of gathering the electronic and other materials of all of the State's agencies in order to begin working through possible responses to the Phase 2 discovery which is upcoming. The State of Alabama's agreements with respect to these discovery requests, including its agreement to search its Attorney General's office, were not agreements made by Louisiana and absent justification for such expansive searches as well as a search of the Attorney General's office, the State cannot commit to these requests at this time.

Please let me know if you wish to discuss. I will advise shortly of the status of our supplemental search per the search terms as provided previously.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777

---

**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Thursday, August 18, 2011 9:17 PM
**To:** Lili Petersen
**Cc:** Andrew Langan; Allan Kanner; Don K. Haycraft; Robert E. Holden; Tim Duffy; Beth Larsen
**Subject:** Re: Search Term and Custodian Lists

Lili:

Please let us know the estimated quantity of documents to be produced on Monday.

BP's discovery requests to the State and local government entities were specifically limited to Phase One issues, consistent with the Court's orders and directions, so we cannot agree to Louisiana's unilateral decision to search for documents responsive to only 5 of BP's 70 requests, and to limit searches to a period of only a few days in all but one case.  You do not identify any of BP's requests that the State contends are not directed to Phase One issues.  In addition, despite your assertion that Phase One issues are limited to "the explosion, fire, sinking and initial release," and to the narrow period of time when those events occurred, it is clear that relevant documents related to those events and their causes will have been created both before and after the event itself.  As you know, the State of Alabama searched for documents responsive to all of BP's requests; we believe Louisiana should do the same.

With respect to the state agencies to be searched, you indicate that the State is searching five agencies "which were the initial agencies associated with Phase 1 issues."  Please let us know whether the State has conducted any search of the other agencies on the May 20, 2010 agency list that BP provided at Louisiana's request, in order to determine whether those agencies also have responsive Phase One documents.

Finally, BP cannot agree to exclude the Attorney General's office from the State's discovery obligations.  If there are non-privileged documents responsive to Phase One issues in the possession, custody or control of the Attorney General's office, they should be produced.  The State has not represented to BP (or to the Court) that it has conducted a reasonable and diligent search and determined that no such documents exist.  Given that the State of Alabama complied with the obligation to search its Attorney General's office, we are at a loss to understand why Louisiana's responsibility would be different.

If you have any questions, please let me know.  I am available to talk on Friday or over the weekend.  If we cannot reach an agreement regarding these matters, we will submit them to the Court for resolution.

Thanks for your attention to this matter.

Andrew

Andrew B. Bloomer, P.C. | Kirkland & Ellis LLP
300 North LaSalle Street | Chicago, IL 60654
312.862.2482 Phone | 312.862.2200 Fax |
773.456.5688 Cell | andrew.bloomer@kirkland.com

---

**From:** Lili Petersen [e.petersen@kanner-law.com]
**Sent:** 08/18/2011 10:52 PM GMT
**To:** Andrew Bloomer
**Cc:** Andrew Langan; Allan Kanner <a.kanner@kanner-law.com>; "Don K. Haycraft" <dkhaycraft@liskow.com>; "Robert E. Holden" <reholden@liskow.com>; Tim Duffy; Beth Larsen
**Subject:** RE: Search Term and Custodian Lists


Andrew –
     To confirm, Louisiana has to date provided materials associated with the consistency determination for the Macondo drilling lease as well as the official notification of the DWH emergency.  Additionally we have

just received further materials associated with explosion, fire and initial release during the April 20 through 23rd time frame which we will be able to provide to BP on Monday of next week.  We are also conducting, as referenced in my email of August 8, the search within the following agencies which were the initial agencies associated with Phase 1 issues:  Louisiana Department of Environmental Quality; Louisiana Department of Public Safety; Louisiana Oil Spill Coordinator's Office; Louisiana Department of Wildlife and Fisheries; and the Louisiana Department of Natural Resources.  Our searches include all custodians within these agencies (however, to the extent attorney client information is recovered, that will be withheld).   Our search parameters at this point include those identified on the attached.  Given that Louisiana's discovery obligations are currently limited to Phase 1, the breadth of the search terms and time frames proposed by BP are simply overbroad.  We hope to have additional materials resulting from this search shortly.

     The State has, accordingly, limited its current searches to those requests specifically addressing the explosion, fire, sinking and initial release.  While BP has provided proposed search terms and timeframes for the 70 Requests for Production it issued to the State of Louisiana, those requests cover far more than that which is contemplated for Phase 1.  As such, while the State is currently assessing the logistics (as well as associated burdens) of searching, reviewing and producing materials from all of the State's agencies consistent with upcoming Phase 2 obligations, we cannot at this time commit to the actual searches but instead intend to propose alternate search terms and time frames consistent with the State's obligations as we move forward.   Without further narrowing of the Requests as issued by BP, the protections provided by the Magistrate's Orders limiting the States' obligations at this time and in the context of the Limitations trial would be meaningless.

     With respect to the files of the Attorney General's office, as noted in our <u>Phase 1 Objections and Responses to Discovery Requests,</u> (6/20/11): "Further, the State of Louisiana does not include responses herein on behalf of the Office of its Attorney General given the many privileges associated with this office."  BP has provided no rationale or justification for a search of the offices of the State's chief legal officer given the privileges associated therewith and the likelihood that any non privileged responsive information from that office will be contained in the files of the State agencies it represents.

     We hope to be able to work through BP's discovery requests consistent with the Court's orders and associated time frames as well as the reasonable discovery obligations of the State under these circumstances.  I am available to discuss this further either tomorrow or at your convenience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777


**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Friday, August 12, 2011 4:25 PM
**To:** Lili Petersen
**Cc:** Andrew Langan; Allan Kanner; Don K. Haycraft; Robert E. Holden; Tim Duffy; Beth Larsen
**Subject:** RE: Search Term and Custodian Lists

Lili:

     Thanks for your email.  We have the following questions/comments in response:

--It appears from your spreadsheet that the State of Louisiana is searching only six of the agencies/departments from the list we provided to the State in May 2011.  Please confirm whether the State is conducting a search of

4

any other agencies/departments.

--For the agencies/departments that the State is searching, are the files of the individuals on the custodian list we previously sent you being searched?

--Is the State conducting a search of the Attorney General's office?

--It appears that the State is searching for documents in response to only five (24, 25, 50, 61, 62) of BP's seventy document requests.  Please confirm whether the State is conducting a search for Phase 1-related documents in response to all of the requests in BP's April 29, 2011 First Set of Document Requests, which are specifically tailored to Phase 1 issues.

--BP cannot agree to the limited time frames set forth in your spreadsheet.  These time frames are far too narrow.  In particular, BP cannot agree to a cutoff date of April 23, 2010.

While BP has attempted to work with the State on its responses to BP's Phase 1 discovery, including providing a list of agencies to be searched, as well as search term and custodian lists, months ago, the State has not been responsive and the process has only dragged on.  Unless we can reach a resolution of these issues by Monday, August 15, 2011, which is the deadline for motions to compel, BP will be prepared to address the matter with Magistrate Judge Shushan.

I am available this afternoon, over the weekend, on Monday to discuss.

Thanks.

Andrew


Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com


| **Lili Petersen <e.petersen@kanner-law.com>** | To 'Andrew Bloomer' <abloomer@kirkland.com>, Allan Kanner <a.kanner@kanner-law.com> |
|---|---|
| 08/08/2011 06:36 PM | cc "Robert E. Holden" <reholden@liskow.com>, "Don K. Haycraft" <dkhaycraft@liskow.com>, Andrew Langan <alangan@kirkland.com>, Tim Duffy <tduffy@kirkland.com> |
| | Subject RE: Search Term and Custodian Lists |


Andrew – As an update, we are currently running searches, in the context of Phase 1,  as identified on the attached.  As you will see we have endeavored to limit the time frames as well as the agencies which are covered at this point.  We hope to have additional materials and information for you within the week and are working through the longer search term proposal you provided.  I am available to discuss this at your

convenience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777

---

**From:** Lili Petersen [e.petersen@kanner-law.com]
**Sent:** 07/19/2011 08:03 PM GMT
**To:** Andrew Bloomer; Allan Kanner <a.kanner@kanner-law.com>
**Cc:** Robert Holden <reholden@liskow.com>; Don Haycraft <dkhaycraft@liskow.com>; Andrew Langan; Tim Duffy
**Subject:** RE: Search Term and Custodian Lists

Andrew,
Apologies, we are continuing to try to work through logistics of searching as well as search term and custodial issues with our agencies and hope to have some more certainty to report back to you this week. We appreciate your patience.

Lili Petersen
Kanner & Whiteley
(504) 524 - 5777

**From:** Andrew Bloomer [mailto:abloomer@kirkland.com]
**Sent:** Friday, July 15, 2011 3:46 PM
**To:** Allan Kanner; Lili Petersen
**Cc:** Robert Holden; Don Haycraft; Andrew Langan; Tim Duffy
**Subject:** Fw: Search Term and Custodian Lists

Allan and Lili:

    We will receive a response to these questions?

    Thanks

--Andrew


Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com


----- Forwarded by Andrew Bloomer/Chicago/Kirkland-Ellis on 07/15/2011 03:44 PM -----

**Andrew**

| | |
|---|---|
| **Bloomer/Chicago/Kirkland-Ellis**<br><br>07/07/2011 05:28 PM | To "Allan Kanner" <A.Kanner@kanner-law.com>, "Lili Petersen" <e.petersen@kanner-law.com><br>cc "Robert Holden" <reholden@liskow.com>, "Don Haycraft" <dkhaycraft@liskow.com>, "Langan, Andrew" <alangan@kirkland.com>, Tim Duffy/Chicago/Kirkland-Ellis<br>Subject Fw: Search Term and Custodian Lists |

Allan and Lili:

I write to follow up on my email below.

Please let us know whether the State of Louisiana will produce documents from the list of agencies you previously requested and which we provided back on May 20.

Also, please let us know the State's position regarding search terms, start/end dates, and custodians for both the Louisiana Attorney General's office and the state agencies to be searched.

If we cannot resolve these issues by agreement, we will need to raise them with the Court.

Many thanks.

--Andrew


Andrew B. Bloomer, PC | Kirkland & Ellis LLP
300 North LaSalle Street | 38th Floor | Chicago IL 60654
Direct: 312.862.2482 | Fax: 312.862.2200
Email: andrew.bloomer@kirkland.com


----- Forwarded by Andrew Bloomer/Chicago/Kirkland-Ellis on 07/07/2011 05:14 PM -----

| | |
|---|---|
| **Andrew Bloomer/Chicago/Kirkland-Ellis**<br><br>06/30/2011 09:58 PM | To "Corey Maze" <CMaze@ago.state.al.us><br>cc "Allan Kanner" <A.Kanner@kanner-law.com>, "Robert E. Holden" <reholden@liskow.com>, "Greg L. Johnson" <gljohnson@liskow.com>, "Buddy Cox" <wcox@lightfootlaw.com>, "Davis, Jim" <JimDavis@ago.state.al.us>, "Nummy, Alan" <AlanNummy@ago.state.al.us>, Tim Duffy/Chicago/Kirkland- |

7

               Ellis@K&E, "Don K. Haycraft" <dkhaycraft@liskow.com>, Andrew Langan/Chicago/Kirkland-Ellis@K&E, "Lili Petersen" <e.petersen@kanner-law.com>, Marty Basu/Chicago/Kirkland-Ellis@K&E, "Sinclair, Win" <WSinclair@ago.state.al.us>

**Subject** Re: Search Term and Custodian Lists Link

Corey and Allan:

I am still digging out of emails after returning from a business trip abroad but wanted to get back to Corey and also raise a couple of other issues.

Corey, I think we can agree to an April 20, 2009 start date for the Alabama Attorney General office search. We can also agree to exclude the electronically mailed media stories of the sort you described.

However, we cannot agree to an August 12, 2010 cutoff date. If there are responsive, non-privileged Phase 1 documents in the possession of the Attorney General's office that post-date August 12, 2010, or came into the Attorney General's possession after that date, we believe they should be produced. We would thus propose a cutoff of January 31, 2011, which is consistent with the end date utilized with the DOJ on similar requests. If the State of Alabama does not agree, the parties can raise the issue with Magistrate Judge Shushan.

Allan and Lili, we have not heard from the State of Louisiana on the issue of search terms, dates, or custodians for both the Louisiana Attorney General's office and an agreed-to list of state agencies to be searched. Please get back to us on these issues.

Finally, both the State of Alabama and the State of Louisiana "incorporate" the PSC's discovery responses in the States' responses to BP's discovery. However, the PSC's responses state that the PSC will not produce documents it provided to other parties or that are in the possession of other parties, which would include the States. We would like to know if the States are relying on the PSC's response (or, more accurately, non-response) to withhold documents responsive to BP's requests. We would appreciate it if Alabama and Louisiana would let us know where they stand on this issue.
If you would like to discuss, please let us know. We are happy to do so.

Many thanks.

-Andrew

Andrew B. Bloomer, P.C. | Kirkland & Ellis LLP
300 North LaSalle Street | Chicago, IL 60654
312.862.2482 Phone | 312.862.2200 Fax |
773.456.5688 Cell | andrew.bloomer@kirkland.com

---

  **From:** "Maze, Corey" [CMaze@ago.state.al.us]
**Sent:** 06/30/2011 07:32 PM EST
**To:** Andrew Bloomer
**Cc:** "Allan Kanner" <A.Kanner@kanner-law.com>; "Robert E. Holden" <reholden@liskow.com>; "Greg L. Johnson" <gljohnson@liskow.com>; "Buddy Cox" <wcox@lightfootlaw.com>; "Davis, Jim" <JimDavis@ago.state.al.us>; "Nummy, Alan"

<AlanNummy@ago.state.al.us>; Tim Duffy; "Don K. Haycraft" <dkhaycraft@liskow.com>; Andrew Langan; "Lili Petersen" <e.petersen@kanner-law.com>; Marty Basu; "Sinclair, Win" <WSinclair@ago.state.al.us>
**Subject:** Re: Search Term and Custodian Lists

Yes, I apologize.  August 12, 2010.

Makes me look a tad silly now, and it's too far removed to blame the London jet lag.

Sent from my iPad

On Jun 30, 2011, at 7:06 PM, "Andrew Bloomer" <abloomer@kirkland.com> wrote:

Corey - I assume you mean August 12, 2010 as the end date?

Andrew

Andrew B. Bloomer, P.C. | Kirkland & Ellis LLP
300 North LaSalle Street | Chicago, IL 60654
312.862.2482 Phone | 312.862.2200 Fax |
773.456.5688 Cell | andrew.bloomer@kirkland.com

---

   **From:** "Maze, Corey" [CMaze@ago.state.al.us]
**Sent:** 06/30/2011 10:26 AM EST
**To:** Andrew Bloomer; "Allan Kanner" <A.Kanner@kanner-law.com>
**Cc:** "Robert E. Holden" <reholden@liskow.com>; "Greg L. Johnson" <gljohnson@liskow.com>; "Buddy Cox" <wcox@lightfootlaw.com>; "Davis, Jim" <JimDavis@ago.state.al.us>; "Nummy, Alan" <AlanNummy@ago.state.al.us>; Tim Duffy; "Don K. Haycraft" <dkhaycraft@liskow.com>; Andrew Langan; "Lili Petersen" <e.petersen@kanner-law.com>; Marty Basu; "Sinclair, Win" <WSinclair@ago.state.al.us>
**Subject:** RE: Search Term and Custodian Lists

For the AG Office search, Alabama will agree to the following date range, dependent on the caveat below:


Start Date:  April 20, 2009 (one year before)

End Date: August 12, 2011 (the day we filed our complaint)


Caveat:  We will not produce emails that are simply electronically mailed media stories re: the explosion and Spill.


Our IT director has run a sample search using your terms and our dates, and over 90% of the hits are automatically generated emails sent to our employees with media stories about the Spill.  There are no comments, no exchanges, no non-media information, just the newspaper/web article itself arriving in an inbox—like when we wake up in the morning to find the Lexis File & Serve Daily Report of the previous day's filings.

As long as BP agrees that we do not have to produce these emailed articles, we will conduct the search with the date range listed above.

To be blunt, we will not go any further on either date absent an order from the Magistrate.

--

Also, to be clear, this date range applies only to Alabama.  It does not apply to Louisiana.  Louisiana may well offer an end date that is earlier than Alabama's, to which Alabama will have no objection.

Corey L. Maze

*Deputy Attorney General, State of Alabama*

(334) 353-4336

"**Confidentiality Notice**:  The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients.  If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited.  If you have received this communication in error, please immediately notify me by reply email."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************


*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************



*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************



*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of

Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************