UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding Phase One Exhibits and Expert Discovery Production]

This order supersedes the order regarding the authenticity of documents (Rec. doc. 3067) and portions of PTO 32 (Case Management Order No. 2) regarding a revised time line (Rec. doc. 1506). The purpose of this order is to (1) establish deadlines and procedures for identification of documents the parties may offer at the trial of Phase One, (2) establish deadlines for production of certain expert related materials, and (3) establish deadlines for the resolution of objections to the documents prior to trial. The order has no application to exhibits for Phase Two or Phase Three.

Definitions of terms used in this order.

1. "Deposition Exhibits" refers to those documents used as exhibits in any deposition taken through Friday, November 4, 2011, and maintained on the running index of exhibits used in depositions.

2. "Consideration Materials" refers to any data and/or documents that are considered by an expert in forming the expert's opinion and identified in the report of that expert, pursuant to Fed. R. Civ. P. 26(a)(2)(B).[1]

---

[1] Consideration Materials shall not be deemed to include any draft of any expert report, or portion thereof; any communication between experts and attorneys; or other notes regarding communications between experts and attorneys that might reflect the mental impressions or conclusions of attorneys, or litigation strategy. The parties are not required to produce or exchange Privilege Logs regarding any such expert or attorney work product that might be withheld pursuant to such stipulation.

1

3. "Reliance Exhibits" refers to any materials identified in the report of an expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) as Consideration Materials, and that the parties list to be offered into evidence or otherwise presented at trial as of the deadlines set forth below.

4. "Other Exhibits" refers to any exhibit other than a Deposition or Reliance Exhibit which is identified on a party's final exhibit list.

On May 9, 2011, the parties were required to file preliminary lists of all exhibits which may or will be used during Phase One of the February 27, 2011 trial. They were permitted to use the running index from the depositions for the preliminary exhibit list. See, for example, preliminary exhibit lists for the PSC and BP. Rec. docs. 2309 and 2311.

A.  Production of Consideration Materials and Identification of Reliance Exhibits.

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), the parties shall include with the reports of their experts: "the facts or data considered by the witness in forming [the expert's opinions]" and "any exhibits that will be used to summarize or support [the expert's opinions]."[2] The parties shall produce any non-public, and previously unproduced Consideration Materials within twenty-one (21) days of the submission of the corresponding expert report. The parties shall produce any non-public, and previously unproduced Consideration Materials identified in their rebuttal expert reports on the same day the rebuttal expert reports are submitted. The parties shall prepare their Reliance Exhibit lists within fourteen (14) days after they submit their reports of experts and shall supplement their exhibit lists with any additional Reliance Exhibits resulting from the rebuttal expert reports on the same day as the rebuttal expert report is submitted.

Thus, the applicable production and identification deadlines for the parties are listed at the end of this order.

---

[2] The expert reports will specifically identify all Consideration Materials, including bates or deposition numbers or other identifying information for other material sufficient to allow a party to locate it online or otherwise

B.     Identification of All Exhibits and Exhibit Numbers.[3]

By **November 14, 2011**, the parties shall file their "good faith" final exhibit lists. For good cause shown, the parties may be permitted to add exhibits after this date. The November 14, 2011 exhibit list shall include all exhibits a party may offer at the trial, including Deposition Exhibits, Reliance Exhibits and other exhibits.[4] The parties shall not simply designate or include the running index from the depositions, as the exhibit list is intended to reflect the good faith, final list of the exhibits that the parties may offer at trial.

In numbering their final exhibit lists, the parties shall:

-- for Deposition Exhibits, use the exhibit numbers assigned to those exhibits at the deposition, as reflected in the running index from the depositions;

-- for Reliance Exhibits and other exhibits, use the following numeric ranges:

PSC 20,000
U.S. 30,000
BP 40,000
Transocean 50,000
Halliburton 60,000
States 70,000
Cameron 75,000
Anadarko 80,000
MOEX 85,000
Weatherford 87,000
M-I 89,000
Dril-Quip 91,000

C.     Authenticity Issues.

**September 12, 2011** remains the deadline for contesting the authenticity of any document produced by a party and used in a deposition taken prior to July 31, 2011. **November 14, 2011** (the same date as the deadline for final exhibit lists) is the deadline for contesting the

---

[3] The use of the running index of deposition exhibits as the preliminary exhibit lists is inadequate as it does not address what exhibits will be offered by what parties. The current deadline of December 30, 2011 for a final exhibit list is too late to permit the Court and the parties to address all exhibit issues before the start of the trial.

[4] All impeachment exhibits shall be listed by no later than **January 13, 2012**. The parties shall make a good faith effort to include all impeachment exhibits on the November 14, 2011 "good faith" final exhibit lists, except impeachment exhibits a party may use during expert depositions which shall be marked as Deposition Exhibits and added to the list to be completed by **January 13, 2012.**

3

authenticity of any document used in a Phase One deposition of a fact witness taken between July 31, 2011 and November 4, 2011 (the deadline for the completion of the Phase One fact depositions).  **December 30, 2011** is the deadline for contesting the authenticity of any Reliance Exhibits and any other exhibits identified for the first time on the final exhibit lists.

The parties shall meet and confer on authenticity objections. If they cannot resolve them, the party contesting the authenticity of a document shall file a motion to bring the issue before the Court. For objections raised on September 12, 2011, the deadline is **October 7, 2011**; for objections raised on November 14, 2011, the deadline is **December 2, 2011**; and for objections raised on December 30, 2011, the deadline is **January 6, 2012**. These motions shall be shall be noticed before Judge Barbier.

D.      Records of Regularly Conducted Activity and Other Substantive Objections.

The Court shall respond to these objections in two stages. The first stage will require a sample of documents. By **September 14, 2011**, the PSC shall file a list of 300 documents produced by the defendants (100 from BP; 50 from Transocean; 50 from Halliburton; 50 from Cameron; and 50 from Anadarko) which will be on its final exhibit list. The PSC shall attempt to identify documents which will raise a broad range of substantive objections. By **September 28, 2011**, the defendants shall file a statement of all objections to the exhibits other than authenticity. The parties shall meet and confer to attempt to resolve the objections. By **October 17, 2011**, motions to strike any documents with unresolved objections will be filed. These motions will be set for briefing and resolution by Judge Barbier.

The second stage will concern objections to the final list of exhibits submitted on November 14, 2011. By **December 30, 2011**, all objections to the final list of exhibits shall be filed. From December 30, 2011 through January 7, 2012, the parties shall meet and confer to attempt to resolve the objections. If the Court's ruling on the October 17, 2011 motions concerning the sample exhibits is applicable to objections made on December 30, 2011, the parties shall identify those exhibits and the portion of the ruling applicable to them.  To the extent possible, the parties shall attempt to classify the documents with objections into categories. For example, if a party contends that the statement in a document was made a person with motivation to misrepresent, all documents with statements involving this person should be

grouped. It is the Court's and the parties' intention that the above steps will result in the resolution of substantially all of the objections to exhibits, leaving only a narrower set of exhibit objections in dispute at this stage and avoiding, to the extent possible, motions practice on these issues. The Court will revisit the process at this stage to determine the best course for resolving any remaining disputes regarding objections to exhibits, depending on the number and nature of outstanding objections.

E.    Calendar.

This calendar reflects only the dates referred to in this order. The parties are cautioned not to rely on it as a master calendar for all of the Court's deadlines. The Court will issue a revised master calendar.

8-26-2011    Deadline for PSC and U.S. expert reports (including identification of Consideration Materials)

9-09-2011    Deadline for PSC and U.S. to list Reliance Exhibits (either by Deposition Exhibit Number or by assigning a new Exhibit Number to Reliance Exhibits from among the Consideration Materials referenced in or disclosed with the experts' reports).

9-12-2011    Deadline for contesting the authenticity of any document used in a deposition taken prior to July 31, 2011.

9-14-2011    Deadline for the PSC to file a list of 300 documents produced by the defendants (100 from BP; 50 from Transocean; 50 from Halliburton; 50 from Cameron; and 50 from Anadarko) which will be on its final exhibit list.

9-16-2011    Deadline for PSC and U.S. production of any non-publicly available, previously unproduced Consideration Materials

| | |
|---|---|
| 9-23-2011 | Deadline for Transocean expert reports (including identification of Consideration Materials) |
| 9-28-2011 | Deadline for defendants to file all objections **other than authenticity** to the PSC's list of 300 documents. |
| 10-07-2011 | Deadline for Transocean to list Reliance Exhibits (either by Deposition Exhibit Number or by assigning a new Exhibit Number to Reliance Exhibits from among the Consideration Materials referenced in or disclosed with the experts' reports). |
| 10-07-2011 | Deadline for the party contesting the **authenticity** of a document to file a motion to bring the issue before the Court where the objection was raised on September 12, 2011. |
| 10-14-2011 | Deadline for Transocean production of any non-publicly available, previously unproduced Consideration Materials. |
| 10-17-2011 | Deadline for Phase One trial defendants', 14(c) defendants' and/or third party defendants' expert reports (including identification of Consideration Materials). |
| | Deadline for the defendants to file motions to strike any of the 300 exhibits identified by the PSC with unresolved objections. |
| 10-31-2011 | Deadline for Phase One trial defendants, 14(c) defendants and/or third party defendants to list Reliance Exhibits (either by Deposition Exhibit Number or by assigning a new Exhibit Number to Reliance Exhibits from among the Consideration Materials referenced in or disclosed with the experts' reports). |
| 11-07-2011 | Deadline for Phase One trial defendants, 14(c) defendants and/or third party defendants production of any non-publicly available, previously unproduced Consideration Materials. |

| | |
|---|---|
| 11-07-2011 | Deadline for rebuttal expert reports (including identification of Consideration Materials). |
| 11-11-2011 | Deadline for production of any non-publicly available, previously unproduced Consideration Materials in rebuttal expert reports. |
| 11-11-2011 | Deadline for supplements to parties' exhibit lists resulting from rebuttal expert reports (including identification of Reliance Exhibits). |
| 11-14-2011 | Parties shall exchange final good faith exhibit lists including all Reliance Exhibits. Except for good cause shown or as otherwise provided herein, the parties will not be permitted to add exhibits after this date. |
| 11-14-2011 | Deadline for contesting the **authenticity** of any document used in a Phase One deposition of a fact witness taken between July 31, 2011 and November 4, 2011. |
| 12-02-2011 | Deadline for the party contesting the **authenticity** of a document to file a motion to bring the issue before the Court where the objection was raised on November 14, 2011. |
| 12-30-2011 | Deadline for all remaining **authenticity objections** to exhibits, including exhibits identified for the first time on the final exhibit lists.<br>Deadline for filing of objections **other than authenticity** to the final lists of exhibits. |
| 1-09-2012 | Court to revisit the process at this stage to determine the best course for resolving any remaining disputes regarding objections to exhibits, depending on the number and nature of outstanding objections. |

Document objections relating to authenticity or otherwise may be made after the dates set forth above for good cause shown, including that a party

      is seeking to use an exhibit in a way that could not reasonably been anticipated by the objecting party.

1-13-2012  Parties shall exchange final exhibit lists, including all impeachment exhibits.  Except for good cause shown, the parties will not be permitted to add exhibits after this date.

New Orleans, Louisiana, this 2nd day of September, 2011.

                  _____
                  **SALLY SHUSHAN**
                  **United States Magistrate Judge**