# Exhibit 22

```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF LOUISIANA
 3     IN RE: OIL SPILL         )    MDL NO. 2179
        by the OIL RIG          )
 4     "DEEPWATER HORIZON" in   )    SECTION "J"
        the GULF OF MEXICO, ON  )
 5     APRIL 20, 2010           )    JUDGE BARBIER
                                )
 6                              )    MAG. JUDGE
                                )    SHUSHAN
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20                   VOLUME 1 OF 2
21
22        Deposition of RONALD RAY FAUL, taken
23     at Pan American Life Center, 601 Poydras
24     Street, Ponchartrain Room, New Orleans,
25     Louisiana, on the 29th of June, 2011.
```

**PURSUANT TO CONFIDENTIALITY ORDER**

1    Q.  And I know you were asked earlier
2    today whether or not you told Mr. Quirk to
3    destroy his -- his notes or any results
4    that he had gotten.  You testified that
5    you didn't instruct him to do that at all.
6        A.  I don't remember instructing him
7    to destroy any -- any work that he had
8    done.  I did ask him not to put it in the
9    Viking system because it was not
10   associated with a customer need.  It was
11   internal Halliburton information.
12       Q.  Okay.  So you told him not to put
13   it into the Viking system --
14       A.  That's correct.
15       Q.  -- which is an -- that's an
16   electronic sort of process, isn't it?
17       A.  Yes.
18       Q.  Did you also instruct him not to
19   generate a report in connection with the
20   testing he was conducting?
21       A.  He gave me all the information
22   that I wanted when -- over the phone call.
23   I didn't tell him to -- to generate a
24   report.
25       Q.  Okay.  But that -- I appreciate

**PURSUANT TO CONFIDENTIALITY ORDER**

1   that. But my question is, did you
2   specifically tell Mr. Quirk not to
3   generate a report in connection with the
4   foam stability test he was running for you
5   after the blowout?
6       A. He would have had to put it in
7   Viking to do that, and I asked him not to
8   put it in Viking.
9       Q. And I know today you've talked
10  about -- and just so I understand, you've
11  talked quite a bit about information
12  gathering, that you -- you were -- you
13  were conducting these tests after the fact
14  so you could gather facts and information,
15  and you used some of that information to
16  brief and educate some of the -- the other
17  people at Halliburton about what had
18  happened on Macondo; is that right?
19      A. To give information to them so
20  that they could build -- we could build
21  presentations and they could go to
22  Washington and -- and present that
23  information.
24              We specifically did not do any
25  investigation. We didn't look into how it

**PURSUANT TO CONFIDENTIALITY ORDER**

```
 1      happened or why it happened, just what
 2      happened, and that's it.
 3           Q.  So you were -- you were handling
 4      gathering factual information?  That was
 5      what your job was?
 6           A.  I was one of the people, yes.
 7           Q.  Okay.  Well, I'm a little
 8      confused, so I wanted to let you look at
 9      an e-mail that I have behind tab 20.  And
10      maybe you can help clear this up for me.
11                You're not a -- you're not a
12      recipient of this e-mail, but this is an
13      e-mail dated June 12th, 2010 from Ronald
14      Sweatman.
15           A.  Yes.
16           Q.  Is he a Halliburton employee?
17           A.  Yes, he is.
18           Q.  And what's his position?
19           A.  Ron is on the GBTS, global
20      business and technical solutions, team.
21           Q.  Okay.  And he's sending an e-mail
22      to several folks, and he -- and this
23      e-mail's about kick and casing modeling
24      teams.  And it's my appreciation, after
25      reviewing this e-mail -- and particularly
```

```
 1      if you turn the page, there's an agenda
 2      that some kick simulation and modeling was
 3      being performed by Halliburton with
 4      respect to the Macondo well, and please
 5      take a moment to look at it.
 6           A.   Okay.  I'm not familiar with this
 7      work.
 8           Q.   You're not familiar with this?
 9           A.   No.
10           Q.   So do you know if this was being
11      used as part of an investigation by
12      Halliburton as to what happened on
13      Macondo?
14           A.   I don't know what they were doing.
15           Q.   Fair enough.
16                MS. SULLIVAN:  I'm going to
17      mark Exhibit 20 as 3116.
18                (Exhibit Number 3116 marked.)
19                MR. HILL:  I'm sorry, 31 --
20                MS. SULLIVAN:  16.
21           Q.   (BY MS. SULLIVAN)  All right.  So
22      we know there wasn't a static gel strength
23      transition time test conducted before
24      Macondo?
25           A.   That is correct.
```

```
 1                CHANGES AND SIGNATURE
 2      WITNESS NAME:  RONALD RAY FAUL
 3      DATE OF DEPOSITION:  JUNE 29, 2011
 4      PAGE   LINE   CHANGE        REASON
 5      _____
 6      _____
 7      _____
 8      _____
 9      _____
10      _____
11      _____
12      _____
13      _____
14      _____
15      _____
16      _____
17      _____
18      _____
19      _____
20      _____
21      _____
22      _____
23      _____
24      _____
25      _____
```

**PURSUANT TO CONFIDENTIALITY ORDER**

1      I, RONALD RAY FAUL, have read the
2 foregoing deposition and hereby affix my
3 signature that same is true and correct,
4 except as noted on the attached Amendment
5 Sheet.

6                   _____
7                         RONALD RAY FAUL
8 THE STATE OF _____)
9 COUNTY OF _____)
10     Before me, _____,
11 on this day personally appeared
12 RONALD RAY FAUL, known to me (or proved to
13 me on the oath of _____ or
14 through _____) to be the person
15 whose name is subscribed to the foregoing
16 instrument and executed the same for the
17 purposes and consideration therein
18 expressed.
19     Given under my hand and seal of office
20 this _____ day of _____,
21 2011.
22          _____
23       NOTARY PUBLIC IN AND FOR
24       THE STATE OF _____
25       My commission expires: _____

**PURSUANT TO CONFIDENTIALITY ORDER**

```
1              UNITED STATES DISTRICT COURT
2              EASTERN DISTRICT OF LOUISIANA
3    IN RE: OIL SPILL         )   MDL NO. 2179
     by the OIL RIG           )
4    "DEEPWATER HORIZON" in   )   SECTION "J"
     the GULF OF MEXICO, ON   )
5    APRIL 20, 2010           )   JUDGE BARBIER
                              )
6                             )   MAG. JUDGE
                              )   SHUSHAN
7
8              REPORTER'S CERTIFICATION
9        TO THE ORAL AND VIDEOTAPED DEPOSITION OF
10                    RONALD RAY FAUL
11        I, Therese J. Casterline, Certified
12   Shorthand Reporter in and for the State of
13   Texas and the State of Louisiana, do
14   hereby certify to the following:
15        That the witness, RONALD RAY FAUL,
16   was duly sworn by the officer and that the
17   transcript of the oral deposition is a
18   true record of the testimony given by the
19   witness.
20        That the deposition transcript was
21   submitted on _____, 2011, to the
22   witness or to the attorney for the witness
23   for examination, signature and return to
24   Worldwide Court Reporters, Inc., by
25   _____, 2011;
```

**PURSUANT TO CONFIDENTIALITY ORDER**

Case 2:10-md-02179-CJB-DPC   Document 3919-8   Filed 08/29/11   Page 10 of 10

414

1   That the amount of time used by each
2   party at the deposition is as follows:
3       Mr. Thornhill - 4 hours, 48
4   minutes
5       Ms. Sullivan - 1 hour, 57 minutes
6   I further certify that I am neither
7   counsel for, related to, nor employed by
8   any of the parties or attorneys in the
9   action in which this proceeding was taken,
10  and further that I am not financially or
11  otherwise interested in the outcome of the
12  action.
13      Subscribed and sworn to by me this
14  30th day of June, 2011.
15
16  *Therese J. Casterline*
    _____
    Therese J. Casterline, CSR, RMR, CRR
17  Texas CSR 5001, Expires 12-31-11
    Louisiana CSR 25014, Expires 12-31-11
18  WORLDWIDE COURT REPORTERS
    3000 Weslayan, Suite 235
19  Houston, Texas 77027
    1-800-745-1101
20
21
22
23
24
25