UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, OF APRIL 20, 2010 | § § § § | MDL No. 2179 |
| | | SECTION: J |
| THIS DOCUMENT RELATES TO: 2:11-cv-01051 | § § § | JUDGE BARIBER |
| | | MAGISTRATE JUDGE SHUSHAN |

# THE TRANSOCEAN DEFENDANTS' ANSWER TO GUY ADAMS' CLASS ACTION PETITION FOR DAMAGES

Defendants Transocean Offshore Deepwater Drilling Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), and Transocean Holdings LLC ("TH") (collectively the "Transocean Defendants")[1] respond the Class Action Petition for Damages filed by Guy Adams, individually and behalf of others similarly situated, as follows:[2]

## ANSWER

### THE PARTIES

1. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

---

[1] Transocean Ltd. filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint, Cross-Complaint, and Third-Party Complaint.

[2] The Transocean Defendants respond herein to the Plaintiffs Complaint out of an abundance of caution and only insofar as the Complaint asserts claims that have not been enjoined from prosecution by the Limitation Court, and without prejudice to and reserving the Transocean Defendants' rights and defenses under The Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., as asserted by the Transocean Defendants in their Petition for Exoneration from or Limitation of Liability in the *proceeding In re the Complaint and Petition of Triton Asset Leasing GmbH, et al.*, Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana).

2. The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas. The Transocean Defendants admit the TDI is a Delaware corporation with its principal place of business in Houston, Texas. The Transocean Defendants admit the TH is a Delaware corporation with its principal place of business in Houston, Texas. Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this complaint. [The Transocean Defendants admit that TODDI and TDI are authorized to and are doing business in Louisiana. The Transocean Defendants deny that TH and Transocean Ltd do business in Louisiana. To the extent not expressly admitted, the allegations against the Transocean Defendants in this paragraph are denied. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. The Transocean Defendants deny that they violated Louisiana law, including, but not limited to the cited statutes. The assertions contained in Paragraph 3 that jurisdiction and venue are proper are statements of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

**FACTUAL ALLEGATIONS**

### A.  *The Deepwater Horizon Oil Spill*

4.     Denied as to the Transocean Defendants.  The Transocean Defendants admit that one or more of them are managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5.     The Transocean Defendants admit that the Deepwater Horizon was a dynamically-positioned, semi-submersible offshore drilling unit ("MODU") that was put into service in February 2001.  The Transocean Defendants admit that one or more of them were the owners, managing owners, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon* and that the *Deepwater Horizon* was leased and/or chartered to BP pursuant to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. and the amendments thereto.   The Transocean Defendants deny all other aspects and implications of the allegations of Paragraph 5.

6.     The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon* while located in the Gulf of Mexico, and that the *Deepwater Horizo*n subsequently sank on April 22, 2010, and that oil has leaked from the well into the Gulf of Mexico, and that the well was permanently sealed on or around September 19, 2010.  The Transocean Defendants deny the remaining allegations in Paragraph.

7.     The Transocean Defendants admit that on April 29, 2010, Louisiana's Governor issued a state declaration of emergency.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in

Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.

8. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9. Transocean Defendants deny that it used chemical dispersants, and the allegations of this paragraph are denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

### B. *The Immediate Aftermath*

10. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 12 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 12.

13. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 13 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 13.

14. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 14 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 14.

15. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 15 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 15.

16. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 16 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 16.

### C. *The Long-Term Effects*

17. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 17 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 17.

18. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 18 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 18.

19. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 19 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 19.

20. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 20 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 20.

21. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 21 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 21.

22. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 22 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 22.

## CLASS ACTION ALLEGATIONS

23. The allegations set forth in Paragraph 23 are legal statements that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

24. The allegations set forth in Paragraph 597 are legal claims that do not require a response by the Transocean Defendants, but out of an abundance of caution are denied.

25. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 25.

26. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 26.

27. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 27.

28. The Transocean Defendants deny the representative Plaintiff will fairly and adequately represent and protect the interests of the Class. The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 28 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 28.

29. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 29 and its subparts.

30. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 30 and its subparts.

31. The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 31 and its subparts.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: NEGLIGENCE

32. The Transocean Defendants adopt and incorporate by reference their responses to Plaintiff's allegations as set forth above.

33. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

34. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 34 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 34 (and its subparts).

35. Denied as to the Transocean Defendants.  As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 35 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 35.

36. Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 36 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 36.

37. Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 37 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 37.

38. Denied as to the Transocean Defendants. As to the remaining defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

39. The Transocean Defendants deny that the causes of action specified or implied in the Petition arise solely under the provisions of Louisiana law. To the extent that the causes of action specified or implied in the Petition arise under or are preempted by Federal law, the Transocean Defendants deny that Plaintiff cannot disclaim these causes of action and state a claim.

### JURY DEMAND

40. The Transocean Defendants deny that Plaintiffs are entitled to a trial by jury except as required under the laws applicable to a trial of their claims.

### PRAYER FOR RELIEF

The Transocean Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered "Prayer for Relief" (and its subparts).

## AFFIRMATIVE DEFENSES

1. The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted. By setting forth these affirmative defenses, the Transocean Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

### PERSONAL JURISDICTION

2. This Court lacks personal jurisdiction over Transocean Ltd.

### STANDING

3. Plaintiffs lack standing because they have not alleged nor can they prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this court.

### PROPER PARTIES/JOINDER

4. The Plaintiffs are not the proper parties to assert any claims for natural resource damages.

5. The Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### RIPENESS

6. The Plaintiffs' claims for relief are not ripe.

### FAILURE TO STATE A CLAIM

7. The Plaintiffs have failed to state a claim upon which relief can be granted

8. The Plaintiffs have failed to plead much less satisfy conditions precedent to recovery

9. The Plaintiffs' claims are barred to the extent that the Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

**SHIPOWNERS' LIMITATION OF LIABILITY ACT**

10. The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq.* As a separate and complete defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the MODU *Deepwater Horizon* and her freight then pending, and Transocean Defendants accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred. The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

11. Certain of the Plaintiffs' claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010 and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

**OIL POLLUTION ACT**

12. The Petition seeks damages encompassed by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.* The Transocean Defendants assert all defenses available under OPA, including, without limitation:

(a) Plaintiffs have failed to make presentment of some or all of its claims as required under OPA.

(b) Plaintiffs have no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

(c) OPA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

(d) OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

### MARITIME AND STATE LAW CLAIMS

13.  The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a) The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. §1331 *et. seq.* or the Oil Pollution Act, 33 U.S.C. §2701 *et. seq.*

(b) The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State, which in this case is Louisiana.

(c) The Transocean Defendants assert that the Plaintiffs' claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303, 309 (1927) or similar precedent in Louisiana.

**LOUISIANA OIL SPILL PREVENTION AND RESPONSE ACT**

14.     The Transocean Defendants assert all defenses available under OSPRA (La. R.S. 30:2451, *et seq.*), including, without limitation:

(a)     Plaintiffs have failed to make presentment of their claims as required under OSPRA.

(b)     OSPRA displaces or preempts Plaintiffs' claims with respect to oil spill damages and otherwise.

(c)     Plaintiffs have no right of action against the Transocean Defendants in that each is not a responsible party as defined under OSPRA.

(d)     OSPRA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

(e)     OSPRA does not provide for, or allow, recovery of punitive or exemplary damages.

**CAUSATION**

15.     The Plaintiffs complain of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible. The incident and resulting harm that are the subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom Transocean Defendants are not legally responsible.

16. The injuries and resulting damages alleged to have been sustained by the Plaintiffs resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

17. The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of the Transocean Defendants.

18. The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not foreseeable as a matter of law.

## DAMAGES

19. The Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

20. The Plaintiffs have not reasonably mitigated their damages.

21. The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiffs with respect to the same alleged injuries. The Transocean Defendants assert payment and release to the extent that any Plaintiffs' alleged injuries have been or will be fully redressed under the Oil Pollution Act or other applicable statute or rule. The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

22. Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

23. The Transocean Defendants deny that any of them have been guilty of any conduct that would support an award of punitive damages.

24. Any award of punitive damages against the Transocean Defendants would be in violation of the constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States and the Louisiana Constitution. The imposition of punitive damages would violate Transocean Defendants' rights for (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and the Louisiana Constitution and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution and the Louisiana Constitution in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

### EQUITABLE RELIEF

25. Plaintiffs' claims for equitable relief are barred because of improper claim splitting, and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

### CLASS ACTION

26. A class action claim cannot be maintained in the context of an action under the Shipowners Limitation of Liability Act. In such an action, each claimant must assert their claim individually.

27. The Transocean Defendants assert all defenses to Plaintiffs' allegation that a class action under Louisiana Code of Civil Procedure Article 591, *et. seq.*, and Rule 23, Federal Rules of Civil Procedure, is appropriate in this matter, including, but not limited to, lack of numerosity, commonality, typicality, and inability of the representative party or parties to fairly and adequately protect the interests of the purported class.

### ADOPTION OF AFFIRMATIVE DEFENSES AND RESERVATION TO AMEND ANSWER

28. Any affirmative defenses pleaded by the other Defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

29. The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses and to assert cross-claims and third-party claims, as appropriate.

### GENERAL DENIAL

The Transocean Defendants deny all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

WHEREFORE, the Transocean Defendants respectfully request that the Court dismiss Plaintiffs' claims against the Transocean Defendants with prejudice.

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | /s/ Steven L. Roberts | By: | /s/ Kerry J. Miller |

       Steven L. Roberts (TX, No.17019300)        Kerry J. Miller (LA, No. 24562)
       Rachel Giesber Clingman (Tx, No. 00784125)        Frilot, L.L.C.
       Kent C. Sullivan (Tx, No. 19487300)        1100 Poydras Street, Suite 3700
       Teri L. Donaldson (Florida, No. 784310)        New Orleans, Louisiana 70163
       Sutherland Asbill & Brennan LLP        Telephone: (504) 599-8169
       1001 Fannin Street, Suite 3700        Facsimile: (504) 599-8154
       Houston, Texas 77002        Email: kmiller@frilot.com
       Telephone: (713) 470-6100        Facsimile: (713) 654-1301
       Email: steven.roberts@sutherland.com,
       rachel.clingman@sutherland.com,
       kent.sullivan@sutherland.com,
       teri.donaldson@sutherland.com

-and-

By:   /s/ Edwin G. Preis, Jr.
       Edwin G. Preis, Jr. (LA, No. 10703)
       Edward F. Kohnke, IV (LA,No. 07824)
       Preis & Roy PLC
       102 Versailles Boulevard, Suite 400
       Lafayette, Louisiana 70501
       Telephone: (337) 237-6062
       Facsimile: (337) 237-9129

-and-

       601 Poydras Street, Suite 1700
       New Orleans, Louisiana 70130
       Telephone: (504) 581-6062
       Facsimile: (504) 522-9129
       Email:egp@preisroy.com,
       efk@preisroy.com

Of Counsel:
Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

> Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Deepwater Inc., and Transocean Offshore Deepwater Drilling Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on September 6, 2011.

> s/ Kerry J. Miller
> KERRY MILLER