# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California  90071

| Martin Boles<br>To Call Writer Directly:<br>(213) 680-8428<br>martin.boles@kirkland.com | (213) 680-8400<br>www.kirkland.com | Facsimile:<br>(213) 680-8500 |

September 6, 2011

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA  70130

     Re:  BP's Sur-Reply in Opposition to Anadarko's Motion to Compel BP Discovery Responses in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

  In light of the Court's September 2 Order Regarding Anadarko's Motion to Compel U.S. (Dkt. 3905), BP writes to offer a proposal that may resolve part of the discovery dispute raised in Anadarko's motion to compel against BP.  Like the RFAs discussed in the September 2 Order, many of the RFAs issue in Anadarko's motion against BP involve requests for BP to admit that there exist *no* communications on various subjects.

  There are at least two important differences between Anadarko's motion to compel discovery from the U.S. and its motion to compel discovery from BP.  First, the RFAs posed to the U.S. asked the U.S. to admit that *it has no evidence* of certain communications.  (*See* Dkt. 3905 at 2, 3, 5–6, 7.)  In contrast, the RFAs posed to BP asked BP to admit that certain communications never took place. (Anadarko Ex. B at 4–6, 9, 11–13, 15–17.)  Second, while the government flatly "denied" the requests for admission (*e.g.*, Dkt. 3905 at 2), BP did not.  Instead, BP noted that it had "conducted a reasonable inquiry" and that "the information the BP Parties know or can readily obtain is insufficient to enable them to admit or deny that the information was not conveyed by the BP parties to Anadarko." (*E.g.*, Anadarko Ex. B at 4–5; *see also* Fed. R. Civ. P. 369(a)(4).  BP's lack of information is premised, in part, on certain relevant witnesses having invoked their Fifth Amendment rights.

  Nevertheless, the Court's resolution of the motion against the U.S. provides the basis for a possible resolution.  The Court in its order on the motion to compel discovery from the U.S. stated that the U.S. could amend its RFA responses "[i]f evidence of such discussions is discovered" (Dkt. 3905 at 3).  Within that context, BP is willing to propose the following resolution.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 6, 2011
Page 2

    If the Court determines that Anadarko's RFAs are still relevant (*but see* Aug. 31, 2011 BP Letter Br. at 11), and that Anadarko raised them in a timely manner (*but see id.* at 1–2), BP is willing to amend its responses to Anadarko RFAs 5–7, 12, 15–19, and 22–24 to "admit that the BP Parties have not identified any communication from the BP Parties to Anadarko before April 21, 2010, conveying [the substance of the matter for which Anadarko seeks the admission]."[1]

    In all other respects, BP believes that Anadarko's motion should be denied, as described in BP's August 31 letter brief. Although there are numerous flaws in Anadarko's September 2 reply, BP feels compelled to mention two here. First, Anadarko cites *Federal Practice and Procedure* for the proposition that the "[u]se of the word 'denied' qualified by a statement that the responding party does not have knowledge or information upon which to form a belief is a nullity and has the legal effect of an admission[.]" (Sept. 2, 2011 Anadarko Letter Br. at 2.) This quotation, taken from a 1950 case, is expressly limited in *Federal Practice and Procedure* to a description of what courts did "[b]efore 1970." 8B *Federal Practice and Procedure* § 2260 (3d ed. 2011). Moreover, the quotation appears in the section of the treatise concerning denials when, as explained, BP's response to Anadarko's RFAs states a lack of information, not a denial.

    Second, Anadarko now admits that there is an important definition of the word "participate" that renders RFA 2 false (i.e., the definition in the parties' Operating Agreement). Anadarko's assertion that this definition "has no relation to the *substance* of the RFA" (Sept. 2, 2011 Anadarko Letter Br. at 3 (emphasis added)) is exactly why BP had to deny the RFA in part. Absent such a denial, BP could have been interpreted to be admitting something that even Anadarko did not intend for BP to admit. And RFA 21's reference to "involved in" would, under normal definitions, include "participation." Thus that RFA, too, requires qualification.

                                   Sincerely,

                                     /s/ Martin R. Boles

                                   Martin Boles

cc:    Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Cory Maze
        Mike O'Keefe
        Carl Solomont
        Tony Fitch

---

[1] BP still, however, does not believe that it can truthfully admit with certitude that no such communications took place.