UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 SECTION: J |
| **This Document Relates to No. 11-1136** | | * * | Judge Barbier Mag. Judge Wilkinson |

### DEFENDANTS DAVID B. GORNEY'S AND JIMMY M. PODARAS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, David B. Gorney and Jimmy M. Podaras, are entitled to an Order dismissing all claims against them with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff ART Catering, Inc. ("Plaintiff") has sued Mr. Gorney and Mr. Podaras exclusively in their capacity as corporate employees of defendant Marsh USA, Inc. ("Marsh"), seeking damages for the alleged failure to procure sufficient insurance coverage for Plaintiff. Because there are no claims in this lawsuit for bodily injury, Plaintiff's claims against Mr. Gorney and Mr. Podaras are barred under the Fifth Circuit's clear holdings in *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009), and *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986), as well as numerous decisions from the Eastern District of Louisiana following these Fifth Circuit cases.

1712661-1

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Mr. Gorney or Mr. Podaras, and all claims against them should be dismissed with prejudice.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff has filed the instant lawsuit against Marsh and Marsh employees David B. Gorney and Jimmy M. Podaras, alleging: (1) that Plaintiff entered a contract to provide services to Transocean Offshore Deepwater & Drilling, Inc. ("Transocean"), which contract required Plaintiff to carry $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; (2) that 14 of Plaintiff's employees were working aboard the Deepwater Horizon drilling rig operated by Transocean at the time of the April 20, 2010 explosion; (3) that claims in excess of $50 Million have been made against Plaintiff and Transocean subsequent to the explosion; (4) that Transocean has made demand on Plaintiff for defense and indemnity up to the contractual requirements of $1 Million in General Liability/Employers Liability insurance coverage and $5 Million in Excess/Umbrella insurance coverage; and (5) that, under its insurance policies procured by Marsh, Plaintiff is underinsured by $1 Million. *See* Petition for Breach of Contract, ¶¶ V, VIII-X (Suit 11-1136; Rec. Doc. 1-2).

Plaintiff alleges that its insurance broker Marsh, through its employees David B. Gorney and Jimmy M. Podaras, was negligent in failing to investigate Plaintiff's business contracts and insurance requirements and in failing to obtain proper and sufficient insurance coverages for Plaintiff (Petition for Breach of Contract, ¶¶ II, XI). Plaintiff further alleges that Marsh is obligated to pay for the acts of negligence of its employees David B. Gorney and Jimmy M. Podaras pursuant to the Louisiana Civil Code (Petition for Breach of Contract, ¶ XIII). Plaintiff seeks to recover the sum of $1 Million, the amount by which it claims it is underinsured as a result of the alleged negligence (Petition for Breach of Contract, ¶ XIV).

Plaintiff filed this lawsuit in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, on or about April 11, 2011. Marsh timely removed the lawsuit to this Court on the basis of diversity jurisdiction, asserting that Mr. Gorney and Mr. Podaras have been improperly joined as defendants. Plaintiff subsequently filed a Motion to Remand, which motion has not yet been ruled upon by this Court.

## LAW AND ARGUMENT

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). *See also Iqbal*, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Binding Fifth Circuit precedent mandates the dismissal of all claims against defendants David B. Gorney and Jimmy M. Podaras**

The Fifth Circuit has clearly established that Plaintiff has no possibility of recovery from, and no plausible claim for relief against, David B. Gorney or Jimmy M. Podaras in this matter. In *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009), the plaintiffs/Louisiana landowners (Kling/Walet) alleged that the defendant oil company (Chevron) contaminated its land while engaged in oil-and-gas exploration and production, and subsequently brought suit against Chevron and an individual supervisor of the oil-and-gas production activities (Jack P. Martin, Sr., a Louisiana citizen). Kling/Walet argued that their lawsuit sufficiently alleged a claim against Martin under the requirements set forth in *Canter v. Koehring*, 283 So.2d 716 (La. 1973), a Louisiana Supreme Court decision addressing the limited circumstances when a corporate employee can be held personally liable for injuries to third persons. In affirming the District Court's denial of Kling/Walet's Motion to Remand and dismissal of the claims against Martin, the Fifth Circuit held:

> Significantly, this court has held that *Canter* liability to third persons for the negligence of corporate officers and employees may only be imposed for bodily injury claims. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *see Ford [v. Elsbury]*, 312 F.3d at 935-36 (noting *Canter* outlines circumstances where an employee could be held "individually liable for injuries to third persons"). Because the only injury alleged in Kling's petition is economic and emotional – damage to its property and various forms of mental distress – Kling/Walet would not have a basis for recovery against Martin under Louisiana law as it has been interpreted in this circuit.
>
> Because Kling/Walet had no reasonable possibility of recovery against Martin, there was complete diversity between Kling/Walet and Chevron, and the court properly denied the motion to remand and retained diversity jurisdiction to hear the case.

*Id.* at 515-16. *See also Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (Fifth Circuit affirmed dismissal of plaintiff's action against defendant corporate officers and directors; Court held that *Canter* applies only to bodily injury claims and does not apply to claims arising in a commercial setting, and therefore defendant corporate officers and directors could not be held personally liable to plaintiff for their negligent acts or omissions).

The Fifth Circuit based its rulings in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* on its review and interpretation of Louisiana state court jurisprudence. *See Fine Iron Works v. Louisiana World Exposition, Inc.*, 472 So.2d 201 (La. App. 4 Cir. 1985), *writ denied*, 477 So.2d 104 (La. 1985), and *Korson v. Independence Mall I, Ltd.*, 595 So.2d 1174 (La. App. 5 Cir. 1992) (holding that corporate officers, employees and agents owe no duties to third parties and cannot be held liable to third parties for their negligent acts and omissions in a commercial context).

Federal district courts in Louisiana have consistently followed the holdings of *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* in retaining jurisdiction and dismissing corporate employee defendants. In *Tech. Res. Servs. v. Shell Exploration & Prod. Co.*, 2010 U.S. Dist. LEXIS 32780 (E.D. La. Mar. 5, 2010) (Lemelle, J.), plaintiffs brought suit in Orleans Parish against Shell Exploration & Production Company (SEPCO) and two employees/agents of SEPCO (Mendel and Summers, both Louisiana citizens), alleging that a business decision by SEPCO caused them to incur monetary damages. SEPCO removed the case to the Eastern District, arguing that Mendel and Summers were improperly joined as defendants. The Court denied plaintiffs' Motion to Remand, holding that the plaintiffs could not state a claim against Mendel and Summers:

> The Fifth Circuit interprets *Canter* and its progeny to require tortious conduct resulting in a physical injury to a plaintiff. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)

> (stating that "*Canter* only applies to bodily injury claims and does not apply to claims arising in a commercial setting").
>
> In this case, Plaintiffs have failed to meet the requirements described in *Canter*. The Fifth Circuit's ruling is clear. "Significantly, this court has held that *Canter* liability to third persons for negligence of corporate officers and employees may only be imposed for bodily injury claims. *Kling Realty Co., Inc. v. Chevron USA Inc.*, 575 F.3d 510, 2009 WL 1976027, at *3 (5th Cir. 2009). Because Plaintiffs in the present case do not allege any personal injury damage, they cannot state a claim against employee defendants under the theory of negligent misrepresentation, detrimental reliance, unfair trade practices and consumer law.

*Id.* at **8-9.

In *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F. Supp. 2d 511 (E.D. La. 2001) (Clement, J.), a suit arising out of the mismanagement of construction funds, the Court relied upon *Unimobil 84, Inc.* in holding that the defendant-corporate employee/manager of U.S.E.'s New Orleans office could not be held personally liable for negligence claims arising in a commercial setting. Accordingly, the Court denied the plaintiff's Motion to Remand and dismissed the defendant-corporate employee/manager from the lawsuit. *Id.* at 515-16.

In *Riess v. Morgan Stanley Dean Witter, Inc.*, 2001 U.S. Dist. LEXIS 17227 (E.D. La. Oct. 11, 2001) (Porteous, J.), the Court held that the defendant employees of Morgan Stanley could not be held personally liable for any alleged damages sustained by the plaintiff, noting the absence of any allegations that the individual defendants acted in a capacity other than as corporate representatives or agents or exceeded their authority as corporate representatives or agents. *Id.* at **8-9. Holding that the defendant employees had been improperly joined, the Court denied the plaintiff's Motion to Remand and granted the defendant employees' Motion to Dismiss, dismissing the claims against them with prejudice. *Id.* at **12-13.

*See also C.S. Gaidry, Inc. v. Union Oil Co.*, 2009 U.S. Dist. LEXIS 83096, \*\*6-9 (E.D. La. Aug. 27, 2009) (Vance, J.) (Plaintiffs in property contamination suit alleged only damage to property; Court denied Plaintiffs' Motion to Remand, holding that, under *Kling Realty Co., Inc.*, Plaintiffs could not state negligence claims against four corporate employee defendants who were Louisiana citizens); *C.S. Gaidry, Inc. v. Union Oil Co.*, 2011 U.S. Dist. LEXIS 86514, \*\*6-8 (E.D. La. Aug. 5, 2011) (Vance, J.) (granting summary judgment motion filed by corporate employee defendants on grounds that they could not be held individually liable); *Matthews v. Bancorpsouth Bank*, 2010 U.S. Dist. LEXIS 17717, \*\*12-17 (M.D. La. Jan. 25, 2010) (Noland, M. J.), *approved and adopted*, 2010 U.S. Dist. LEXIS 17732 (M.D. La. Mar. 1, 2010) (Brady, J.) (in real estate development dispute where Plaintiffs asserted no bodily injury claims, the Court held that they had no reasonable possibility of recovering against the defendant-corporate employees/officers).

In the instant matter, there are no claims for bodily injury. Rather, Plaintiff ART Catering, Inc. seeks to recover only economic damages – namely, the $1 Million insurance shortfall that Plaintiff claims resulted from the negligent placement of its insurance coverages. As such, Plaintiff cannot recover from and has no claim for relief against Marsh employees David B. Gorney and Jimmy M. Podaras. Plaintiff has sued both defendants exclusively in their capacity as corporate employees of Marsh. Because there are no claims in this lawsuit for bodily injury, Plaintiff's claims against Mr. Gorney and Mr. Podaras are barred under the Fifth Circuit's clear holdings in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Mr. Gorney or Mr. Podaras, and all claims against these defendants should be dismissed with prejudice.

## CONCLUSION

Plaintiff ART Catering, Inc. has failed to state a claim upon which relief can be granted against defendants David B. Gorney and Jimmy M. Podaras. There are no claims for bodily injury, and Plaintiff's claims against Mr. Gorney and Mr. Podaras are barred under the Fifth Circuit's clear holdings in *Kling Realty Co., Inc.* and *Unimobil 84, Inc.* Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted, all claims against defendants David B. Gorney and Jimmy M. Podaras should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

_____
William F. Grace, Jr., T.A. (#6199)
Philip R. Sims (#27644)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
***Attorneys for Marsh USA, Inc., David B. Gorney and Jimmy M. Podaras***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2011, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or U.S. Mail.

_____

1712661-1