

**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-0180*
*Sarah.Himmelhoch@usdoj.gov*

August 3, 2011

**BY ELECTRONIC MAIL**

Robert R. Gasaway
Kirkland & Ellis, LLP
655 15th Street, NW
Washington, DC  20005
robert.gasaway@kirkland.com

        Re:     MDL 2179 – Production of Email from DOI

Dear Rob:

      As you may recall, during a recent status conference, I mentioned to Magistrate Judge Shushan and the assembled masses that the Department of the Interior ("DOI") has encountered a problem with searching one repository of potentially responsive information.  I write to more fully explain the problem and our proposed solution. I invite you review the information contained in this letter and then contact me with any questions or concerns.

      In addition to the emails that are maintained and used in ordinary business in the active and in house archives at the Department, DOI also has an email archiving system that is operated by a vendor called "Autonomy."  The archive was established in 2001 and captures all email sent or received by employees in certain bureaus, including the Bureau of Ocean Energy Management, Regulation and Enforcement ("BOEMRE") and the Secretary's Office.  (This email archive does not collect from the U.S. Geological Survey, Fish and Wildlife Service, or National Park Service).

      DOI can retrieve email from the archive by paying Autonomy to search for and produce the email based on simple search terms such as author, recipient, and date range.  In this case, DOI used the archive to retrieve the email of the four BOEMRE employees who were deposed last month.  However, the search technology of the email archive is out-dated and cannot support a search using a complex string, such as the search terms the parties have been using in the MDL.  As a result, for the four custodians, DOI had to: (1) retrieve all of the email sent or received by the four deponents within the agreed-upon date range; (2) ingest all of the email into the document review platform of the Department of Justice's contractor; and (3) then run the

Himmelhoch to Gasaway
August 3, 2011
Page 2

agreed-upon search terms to locate the potentially relevant email. The total cost for this was $26,000, including $2,000 for retrieval and $24,000 for ingestion and hosting.

After lengthy efforts to negotiate a solution for the remaining 130 custodians, DOI has reluctantly concluded that replicating this process for the remaining 130 agreed-upon custodians is unreasonably burdensome. As a threshold matter, Autonomy has indicated that it would likely take 6-12 months to provide all of the email for the 130 custodians. That is because the server associated with the archive is not able to process and transmit more than one gigabyte of email per day. Moreover, capturing and processing the email by this method would likely cost Interior approximately $840,000. That cost estimate is based on the initial fee to Autonomy of $65,000[1] to retrieve all of the email and then approximately $775,000 to the Department of Justice's contractor to ingest, cull, and host the emails in the review platform. As an alternative, Autonomy has proposed installing a more powerful server and deploying a tool that could filter the email based on the agreed-upon search terms for an estimated cost of $400,000. That option would likely take 3-6 months to implement.

Both of these options present an unreasonable burden to Interior. Indeed, under these scenarios Interior would be devoting between one and two-thirds of the money remaining in its budget for document discovery in the MDL to collect, ingest and host the email. Moreover, even under the best case scenario production could not be completed in less than 6 months.

By contrast, the IT division at BOEMRE can accomplish the collection of in house emails at a fraction of the cost and far more quickly, resulting in a faster turn-around for production. Interior proposes, therefore, to produce email for the 130 custodians from the BOEMRE email server and any internal archives that may have been created. For post-spill emails, we do not believe this proposal will have much significance because, since the implementation of the litigation hold in early May 2010, employees have been instructed to maintain all Deepwater Horizon related emails in the active email environment or in in-house archives. For pre-spill emails, the United States believes this search will result in the identification and production of the most relevant emails. We acknowledge, however, that for pre-spill emails the collection in-house is likely to be less complete than the Autonomy archive. We believe, however, that the difference is not significant enough to warrant the expenditure of $850,000 to capture the difference.

---

[1] The Investigations and Review Unit (IRU) in BOEMRE has a license to search the archive directly. Theoretically, Interior could avoid the search fee to Autonomy by having the IRU conduct the search, but it is unlikely IRU has the staff to do this and it would fully occupy their search capability for 6-12 months.

Himmelhoch to Gasaway
August 3, 2011
Page 3

      I look forward to hearing from you once you have had an opportunity to review this information.

                          Sincerely,

                          /s/ Sarah D. Himmelhoch

                          Sarah D. Himmelhoch
                          Senior Litigation Counsel for E-Discovery

cc:      Liaison Counsel