UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>10-3895, 10-3896, 10-3897, 10-4168, 10-4169, 11-58, AND ALL CASES IN PLEADING BUNDLE B4 | CIVIL ACTION<br><br>MDL NUMBER: 2179<br><br>SECTION "J"<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**JOINT MEMORANDUM OF EMERGENCY RESPONDER DEFENDANTS IN RESPONSE TO COURT'S ORDER INVITING BRIEFING ON IMPACT OF B1 OPINION ON OTHER MOTIONS TO DISMISS**

The Emergency Responder Defendants[1] file this joint memorandum in response to the Court's September 1, 2011 Order (Rec. Doc. 3891) inviting briefing as to what effect the Court's Order and Reasons of August 26, 2011 (Rec. Doc. 3830) (the "B1 Opinion") has on other Motions to Dismiss pending in this MDL. As the Court is aware, the Emergency Responder Defendants have filed a Joint Motion to Dismiss (Rec. Doc. 2707) (the "B4 Motion") the claims that have been asserted against them in the above-captioned limitation actions. The B4 Motion is

---

[1] The "Emergency Responder Defendants" are the petitioners in the above-captioned limitation actions, namely Seacor Holdings, Inc., Seacor Offshore LLC, Seacor Marine, LLC, Seacor Worldwide, Inc., Siemens Financial, Inc. (collectively, "Seacor"), Island Ventures II, LLC, Nautical Solutions, LLC, Monica Ann, L.L.C., JNB Operating, L.L.C., and Gulf Offshore Logistics, L.L.C.

PD.5332685.1

fully briefed and ripe for decision.² Although the Court's B1 Opinion has no bearing on the primary argument in the B4 Motion, the Court's B1 Opinion does resolve two of the alternative arguments in the B4 Motion.

The Emergency Responder Defendants' primary argument in the B4 Motion is that they did not owe the Claimants a legal duty as a matter of law because the Claimants' alleged damages were not foreseeable to the captains of the Emergency Responder Vessels. Indeed, as the Emergency Responder Defendants argued in the B4 Motion, no reasonable boat captain could have foreseen that the act of spraying water onto and around the burning rig would *probably*, not just possibly, result directly and sequentially in the sinking of the rig, in damage to the riser and well, the loss of well control, and then an inability to stop the flow of millions of barrels of oil, eventually causing alleged economic damage months later to Claimants located tens or hundreds of miles away and with no connection at all to the DEEPWATER HORIZON or even, in most cases, to the Gulf of Mexico. Although the Court's B1 Opinion has no bearing on this issue, the duty/foreseeability issue is nevertheless a question of law that can and should be resolved now—no discovery is necessary—and its resolution compels granting the B4 Motion.

The Court's B1 Opinion does, however, directly resolve two of the alternative arguments advanced by the Emergency Responder Defendants in the B4 Motion.

First, with respect to the Emergency Responder Defendants' *Robins Dry Dock* argument, the Court has now held that, with the exception of commercial fisherman, "economic loss claims" asserted by claimants who "have not alleged physical injury to their property or other

---

² The Claimants filed two opposition memoranda (Rec. Docs. 3338 & 3343) and the Emergency Responder Defendants have filed a joint reply memorandum (Rec. Doc. 3479).

propriety interest . . . are not plausible and must be dismissed." *See* B1 Opinion at 24-25. This faithful application of the *Robins Dry Dock* rule applies directly in the B4 context and compels dismissal of all but three of the claimants in the above-captioned limitation actions.[3] Of course, those three claimants that are not subject to dismissal under *Robins Dry Dock* should nevertheless be dismissed on duty/foreseeability grounds.

Second, with respect to the Emergency Responder Defendants' "OPA displacement" argument, the Court has now held that general maritime law claims against "non-Responsible Parties" are "saved and not displaced by OPA." *See* B1 Opinion at 25-26. The Emergency Responder Defendants are "non-Responsible Parties" and, therefore, it would appear that this alternative argument is now moot.

Respectfully submitted,

/s/ *Gary A. Hemphill*
Gary A. Hemphill, T.A. (#6768)
Hugh Ramsay Straub (#12525)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
**WEIL, GOTSHAL & MANGES LLP**
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

---

[3] As the Emergency Responder Defendants explained in footnote 35 of their original joint memorandum (Rec. Doc. 2707-1), their *Robins Dry Dock* argument does not apply to three of the claimants.

3

PD.5332685.1

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

*Attorneys for Seacor Holdings, Inc., Seacor Offshore, LLC, Seacor Marine LLC, Seacor Worldwide, Inc., and Siemens Financial, Inc.*


/s/ *Robert P. McCleskey*
Robert P. McCleskey, Jr. (#9151)
Raymond T. Waid (#31351)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

*Attorneys for Island Ventures II, LLC and Nautical Solutions, LLC*


/s/ *William J. Riviere*
William J. Riviere, T.A. (#20593)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

*Attorneys for Monica Ann, L.L.C., JNB Operating, L.L.C., and Gulf Offshore Logistics, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Joint Memorandum of Emergency Responder Defendants in Response to Court's Order Inviting Briefing on Impact of B1 Opinion on Other Motions to Dismiss has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of September, 2011.

/s/ Gary A. Hemphill
GARY A. HEMPHILL
HUGH RAMSAY STRAUB