

September 8, 2011

**VIA E-MAIL**
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

    Re:    <u>In re: MDL 2179 Oil Spill by the Oil Rig "Deepwater Horizon"</u>
            PROPOSED CONFIDENTIALITY ORDER

Dear Judge Shushan,

        We are submitting this letter to the Court in hopes of finalizing a confidentiality order (relating to de-designations of confidential documents) at the Discovery Workgroup conference on Friday, September 9, 2011.

        By way of background, for the last several months, the PSC has been engaged in the process of challenging confidentiality designations over certain documents produced by each respective party. While the PSC has done its best to limit its challenges, due to the extremely high number of documents produced in this litigation, the list of "de-designated" (previously confidential) documents is now significant (well in excess of 1,000 documents). Moreover, because this process is defendant specific and done in staggered steps, it has become difficult for all parties to track, record and/or publish all of the "de-designated" documents.

        The need to promptly and accurately track, record and publish the "de-designation" status of previously confidential documents is important for several reasons. First, pursuant to Paragraph 8B of PTO #13, the parties and the Court need to know which documents are/are not confidential for purposes of filing motions and/or exhibits to motions.[1] Second, pursuant to Paragraph 8C of PTO #13, the parties and the Court need to know which documents are/are not confidential for purposes

---

      [1] Paragraph 8B of PTO #13 states in pertinent part that: "If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information."

of hearings.[2]  Third, pursuant to Paragraph 5H of PTO #13, the parties need to know which documents are/are not confidential for using documents at depositions.[3]  Another practical need for such an order is to avoid confusion (e.g., documents which are no longer confidential are still physically marked as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL").

Considering the above, the PSC recently sent to all parties a proposed confidentiality order (Exhibit "A") which will among other things help to consolidate and have as a matter of record a listing of the "de-designated" documents from each producing party.  The PSC has received counter-proposals from Anadarko (Exhibit "B"), Transocean (Exhibit "C"), and Halliburton (Exhibit "D").  Finally, BP has stated that there is not necessarily a need to physically remove the confidential bates stamping (due to the fact that a comprehensive log is maintained), but if same is required, it would like to remove the confidential bates stamping itself and would like longer than 7 days within which to do so.  To date, the PSC has not received comments/proposals from any of the other parties.

With one exception, the PSC accepts the proposed orders from Anadarko and Transocean, however, we disagree with Halliburton's addition.  As per BP's request, the PSC will also agree to a reasonable lengthening of the 7 day time period originally proposed by Anadarko.  With this said, the PSC respectfully suggests that one order should be used for all parties, thus, we would like to have the Court's guidance as to what precise language should be included in the final order.

The PSC requests your Honor's guidance relative to this issuance of an appropriate order which will help track and memorialize the "confidentiality de-designations" from the various producing parties, and would like to have this matter heard at the upcoming discovery conference on Friday, September 9, 2011.  Thank you.

Respectfully submitted,

/s/ Anthony Irpino

Anthony Irpino

---

[2]  Paragraph 8C of PTO #13 states in pertinent part that:  *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

[3]  Paragraph 5H of PTO #13 states in pertinent part that: "Witnesses except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony."

cc: Defense Liaison Counsel (*Via* E-Mail)
    Steve Herman, Esq. (*Via* E-Mail)
    Jim Roy, Esq. (*Via* E-Mail)
    Mike Underhill, Esq. (*Via* E-Mail)
    Hon. Luther Strange (*Via* E-Mail)