UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
| "DEEPWATER HORIZON" § | | |
| in the GULF OF MEXICO, on § | | |
| APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| 10-cv-3059 and 11-cv-0516 § | | |

******************************************************************************

STATE OF LOUISIANA'S MEMORANDUM OF SUPPORT OF ITS LIMITED
OBJECTIONS TO AND APPEAL FROM MAGISTRATE'S
9/1/11 ORDER COMPELLING DISCOVERY [REC. DOC. 3882]

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully requests that this Court modify or reverse a portion of a discovery order recently entered by Magistrate Shushan in this matter. The discovery order at issue, entered on September 1, 2011, grants in part and denies in part a Motion to Compel discovery responses from the State of Louisiana. Order [Regarding BP's Motion to Compel Discovery from Louisiana (Rec. Doc. 3795)] [Rec. Doc. 3882] (Attached as Exhibit A). Although the State is making every effort to comply with the Court's deadline of September 23, 2011, the State cannot fully complete the production in the time frame provided by the Court in light of the number of agencies, employees and volume of information involved. The State seeks relief from the Magistrate's ruling on this issue.[1] Accordingly, the State of Louisiana herein objects to

---

[1] Pursuant to the 9/1/11 Order "any appeal of this order must be filed no later than noon on Thursday, September 8, 2011." 9/1/11 Order, p. 6 [Rec. Doc. 3382]

1

and appeals the Magistrate's Order on the limited basis that the date within which the Magistrate has ordered compliance with the Order is not feasible under the circumstances.

## I. Background

At present, the parties have engaged in discovery relating to Phase 1 of the Limitations trial, slated to begin in February 2012. As currently structured, Phase 1 involves Transocean's efforts to limit and/or exonerate itself from liability, as well as the determination of liability and allocation of fault as among the defendants to these proceedings. As described more fully in the State's Opposition to BP's Motion to Compel (attached as Exhibit B), the State was served with discovery requests from BP that extend far beyond this phase of the Limitations proceeding and in effect seek all documents and information that reference BP, the Deepwater Horizon, Macondo, Transocean, etc. And that is in the possession of virtually every State agency. State of Louisiana's Opposition to BP's Motion to Compel [Rec. Doc. 3915] Exhibit B. These requests were not limited to the issues in the upcoming Phase 1 of the Limitations trial. Simply put, BP's Motion to Compel sought to impose discovery obligations on the State of Louisiana that are premature. Moreover, BP's Motion to Compel ran far afoul of BP's stated need for discovery from the State: to "avoid surprise" in the upcoming trial on liability and allocation of fault.

BP previously argued to this Court that its Phase 1 discovery is limited to the collection of information necessary for the defendants to prepare their expert reports in the context of the determination of the allocation of fault among them (*i.e.,* the Limitation action) and confirmed that it had issued the April 29, 2011, discovery in an effort to avoid surprise. *See* Exhibit B, p. 2. However, as described more fully below and in the attached Opposition to BP's Motion to Compel, the discovery obligation created by BP's requests cast a much larger net than Phase 1, especially when viewed in light of the State's circumstances.

With respect to the issues of causation, the State of Louisiana has not conducted an independent assessment into the cause of the explosion, fire and sinking of the Deepwater Horizon. Rather, for purposes of the Phase 1 trial, any responsive materials the State has with respect to the cause of the event would include information already produced in these proceedings, for example, various federal commissions' investigations, hearings and reports; the investigations and reports prepared by various defendants regarding the cause of the incident; and information the State has learned in connection with the discovery undertaken in this case. To this end, and consistent with the Orders of the Magistrate Judge, the State adopted the responses of the PSC with respect to the Phase 1 trial. *See* Exhibit B, p. 3. To the extent that Louisiana had any additional information to present in connection with the liability issues in the Limitations trial of February 2012, the State would have produced such materials and understands its obligation to supplement to the extent additional information is discovered.

Louisiana advised BP soon after receipt of BP's discovery requests that they were extremely overbroad and not limited to Phase 1 issues. This is evident when the requests are viewed with BP's search parameters. For example, as demonstrated by Attachment B to BP's Motion to Compel, BP has almost categorically suggested a more than two year time frame for searches: with a beginning date of February 1, 2009 (and in some instances as far back as April 20, 2005) and an end date of April 30, 2011. Running searches with the terms included in BP's Request for Production, most notably RFP No. 56, would, capture *almost anything* associated with not only the *Deepwater Horizon* incident itself, but the massive response, recovery and environmental efforts in which Louisiana has had, and continues to have, substantial involvement. For example, as described below and as applicable to RFP No. 52, the terms "injury" and "death" will capture almost every natural resource damage assessment document

3

associated with this disaster (in the environmental context, the natural resource damage assessment process studies the "injury" to and in many instances the "death" of natural resources). Similarly, the proposal for RFP No. 38 would capture everything from any Louisiana government employee that has the ".gov" extension in addition to the federal government employees.

BP filed a Motion to Compel on August 22, 2011. [Rec. Doc. 3795] Exhibit C. As the State of Louisiana has previously pointed out, the bulk of information and documents in its possession is unlikely to have any relevance to the Phase 1 Limitations trial. However, BP's approach requires that the State review extensive amounts of information in order to produce what will likely be largely duplicative of information already produced or irrelevant to the Phase 1 Trial. The State of Louisiana submitted its opposition to BP's Motion to Compel [Rec. Doc. 3795], consistent with this Court's Order of August 24, 2011. [Rec. Doc. 3810]. Following the briefing on BP's Motion to Compel,[2] the Magistrate issued an order granting in part and denying in part BP's request.

## II. Order Compelling Discovery

The Order at issue requires in part that:

> 1. By **Friday, September 23, 2011,** Louisiana shall complete its search of the State agencies identified by BP with the search terms, date ranges and custodians identified by BP and produce all non-privileged documents. The date ranges shall be modified so that they terminate at September 19, 2010.[3]

---

[2] BP's Reply in Support of its Motion was filed on 8/22/11 [Rec.Doc. 3910] Exhibit D.
[3] In addition, the Order contains obligations associated with the search of the Louisiana Attorney General's office. This obligation is being addressed separately with BP:
> By Friday, September 16, 2011, Louisiana and BP shall meet and confer on a proposed search protocol for hard copy and ESI from the Office of the Louisiana Attorney General. They shall report to the Court on the status of this protocol by Wednesday, September 21, 2011.

9/1/11 Order, p. 5 [Rec. Doc. 3882].

4

Although the Magistrate Judge's Order provided relief in terms of a limiting of the date range sought by BP, the volume of information that is still subject to collection, search and review prior to production to BP renders compliance with the deadline of September 23, 2011 impossible. While the State is currently attempting to work through a protocol with BP that would provide for a rolling production, the implications of the completion date set forth in the Order require that the State file this objection and appeal in order to seek relief from the deadlines imposed in that Order.

### III. Argument

Magistrate judges are authorized to hear and determine non-dispositive pretrial motions. 28 U.S.C. §636(b)(1)(A). Parties may appeal the findings of a Magistrate Judge to the District Court, which may reconsider the orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P., 72(a), Local Rule 72.2. "[W]hen a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law" a District Court may reverse a Magistrate's order. *Gaffney v. U.S. Dept. of Energy*, 2000 WL 1036221 *2 (E.D.La. 2000); *See* Exhibit E, *Kreger v. General Steel Corp.*, No. 07-575 2008 WL 5429607 at *1 (E.D.La. Dec. 30, 2008). *See* Exhibit F. Under the circumstances presented here, the State's concerns with the breadth of the requests issued by BP are magnified when viewed in the time frame provided by the Magistrate's Order for Louisiana to complete the searches, review and production of information consistent with BP's requests.[4] As such, the State seeks relief on the deadline set by the Magistrate for the completion of production consistent with the Order.

---

[4] The State has asserted that the expense of the collection of these materials alone, which at present is estimated to cost millions of dollars, (in response to what are overbroad requests for purposed of Phase1 of the Limitations trial)

5

Because each State agency identified by BP employs hundreds of employees and has independent mechanisms for storage and access to its data, the collection of materials, especially ESI, involves several steps before the review for responsiveness and privilege can be accomplished. The State is doing everything it can to identify and produce Phase 1 materials as soon as possible, but unfortunately at this time cannot provide a date certain by which the collection, review and production will be completed.

At present, the vendor hired by the State to both gather the information requested by BP an accomplish searches under the parameters provided by BP (as referred to in the Magistrate's Order), has estimated that the collection of this data alone (before privilege and responsiveness review) will likely require at least a month and a half to complete.[5] In light of the complexities of the logistics required for the State to comply with the Court's Order, the State has proposed a prioritized and rolling production process with BP. *See*, 9/1/11, Correspondence to A. Bloomer (BP) from E. Petersen re: State of Louisiana's Compliance with Discovery Order. Exhibit G.

However, under any scenario, the State will not be able to complete production in advance of the deadline assigned by the Court. Accordingly, the State appeals to this Court to modify or reverse the Magistrate's Order regarding the time frame for completion of production. The State requests that the Order be modified to allow a rolling production, beginning September 16, 2011, with weekly status reports to BP and the Magistrate Judge and that the State be given relief from the completion date for the collection, review and production of materials within the Court's Order.

Dated this 8th day of September, 2011.

---

outweighs BP's asserted need for this extensive collection and review of material at this stage of the proceedings. *See*, Exhibit B 8.

[5] For example, the State's custodian list from the Louisiana Department of Environmental Quality ("LDEQ") contains more than 450 employees. Based on the amount of data within LDEQ, the data pull from the custodians of one agency is estimated to take 13 days. However, the agency list provided by BP requires a search of 15 State agencies.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
LOUISIANA ATTORNEY GENERAL

James Trey Phillips
First Assistant Attorney General
Megan K. Terrell
Assistant Attorney General
Section Chief –Environmental
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6708

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

KANNER & WHITELEY, LLC

 /s/ Allan Kanner
Allan Kanner
Elizabeth B. Petersen
David A. Pote
Douglas R. Kraus
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing State of Louisiana's Objections to and Appeal from Magistrate's 9/1/11 Order Compelling Discovery [Rec. Doc. 3882] has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of September, 2011.

                Kanner & Whiteley, L.L.C.

                 /s/ Allan Kanner
                Allan Kanner
                a.kanner@kanner-law.com