Not Reported in F.Supp.2d, 2008 WL 5429607 (E.D.La.)
**(Cite as: 2008 WL 5429607 (E.D.La.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Louisiana.
Ronald KREGER, Sr.,
v.
GENERAL STEEL CORPORATION, Gregg Lanier Howell, Worldwide Concrete and Steel Erections, L.L.C.

Civil Action No. 07-575.
Dec. 30, 2008.

Lanny R. Zatzkis, Karen Delcambre McCarthy, Yvette Anne D'Aunoy, Zatzkis, McCarthy & Associates, LLC, New Orleans, LA, for Ronald Kreger, Sr.

Robert R. Johnston, Anthony D'Alto, II, Mark N. Stich, Fowler Rodriguez, New Orleans, LA, David A. Palladino, Robert J. Shilliday, III, General Steel Corporation, Corporate Legal Department, Littleton, CO, for General Steel Corporation, Gregg Lanier Howell, Worldwide Concrete and Steel Erections, L.L.C.

Greg Lanier Howell, Bowling Green, KY, pro se.

Worldwide Concrete and Steel Erections, L.L.C., Bowling Green, KY, pro se.

### ORDER AND REASONS
HELEN G. BERRIGAN, District Judge.

**\*1** Before the Court is plaintiff's Motion to Appeal the November 10, 2008 Decision of the Magistrate Judge Regarding Plaintiff's Motion to Quash. (Rec.Doc.430). Plaintiff challenges the Magistrate Judge's Order granting defendant's Motion for a Protective Order. (Rec.Doc.415). Defendant opposes the motion. (Rec.Doc.444). The motion is be-fore the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court GRANTS plaintiff's motion and REVERSES IN PART the Magistrate Judge's November 10, 2008 decision insofar as it grants the defendant's motion for a protective order for the following reasons.

### BACKGROUND

Plaintiff Kreger filed this putative class action in this Court on February 1, 2007. He asserts may claims against General Steel, Gregg Lanier Howell and Worldwide Concrete and Steel Erections, L.L.C. These claims all arise out of contracts that Kreger had with General Steel, Howell and Worldwide Concrete for the purchase and erection of a steel building. Kreger seeks to represent the class of people who were allegedly defrauded by General Steel, Howell and Worldwide Concrete.

Defendant General Steel sought a protective order limiting Kreger's discovery to persons who were referred to Howell during the period from January 1, 2005 through July 31, 2007 *and who contracted with him or made payments to him*. In his appeal of the Magistrate Judge's Order, plaintiff argues that this limitation on discovery is narrower than the previous definition of the putative class for discovery purposes. The previously agreed upon definition defined the putative class as "those persons who purchased buildings from General Steel and who were referred to Greg Howell and/or his company, Worldwide Concrete" during the period January 1, 2005 through July 31, 2007. (Rec.Doc.55). The previous definition did not refer to payments or contracts by putative class members.

### LAW AND ANALYSIS

The Federal Rules of Civil Procedure permit district courts to refer non-dispositive pretrial matters, including discovery disputes, to federal magistrates. Fed.R.Civ.P. 72(a); see also Eastern District of Louisiana Local Rule 72. 1 E(A) [hereinafter

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5429607 (E.D.La.)
**(Cite as: 2008 WL 5429607 (E.D.La.))**

Local Rules]; 28 U.S.C. § 636(b)(1)(A). A magistrate's ruling on such a non-dispositive matter is appealable to the district court. *Id.* "The district judge to whom the case is assigned ... shall modify or set aside any portion of the magistrate's order [only if] found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a)(emphasis added); *see also* Local Rule 74.1M(A); 28 U . S.C. § 636(b)(1)(A). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Engergy,* 2000 WL 1036221, *2 (E.D.La., 2000).

**\*2** Plaintiff argues that the Magistrate Judge's Order limiting discovery for class purposes to those who were referred to Howell and who contracted and/or paid for services rewards defendant General Steel's failure to timely provide discovery material of potential class members under the former broader definition. Defendant admits that they have previously failed to comply with Court discovery orders. The defendant, instead of using prior Court orders to determine what material was relevant for production, selectively provided information to plaintiffs according to defendant's own determination.

The Court finds that the decision of the Magistrate Judge granting defendant's motion for a protective order is "clearly erroneous." The limitation on discovery allows the defendants to decide what constitutes payment or contract and only provide discovery materials per its own definition. Yet, plaintiffs and defendants could reasonably disagree on what constitutes payment or contract. Moreover, based on defendant General Steel's non-compliance with the Court's previous discovery orders, the Court is not convinced that defendant General Steel should be the sole arbiter of whether or not a person "contracted with or paid money" to defendant General Steel. The plaintiff is entitled to full compliance with the Court's previous orders regarding discovery of potential class members under the former broader definition.

**CONCLUSION**

Accordingly,

IT IS ORDERED that plaintiff's Motion to Appeal the November 10, 2008 Decision of the Magistrate Judge Regarding Plaintiff's Motion to Quash (Rec.Doc.430) is GRANTED and the Magistrate Judge's November 10, 2008 Order is REVERSED IN PART insofar as it grants defendant's motion for a protective order (Rec.Doc.415) and amends the definition of the putative class for discovery purposes.

IT IS FURTHER ORDERED that the previous definition of the putative class for discovery purposes, as stated in Rec. Doc. 55, is hereby reinstated and defendant General Steel shall comply with the Court's previous orders regarding discovery under this reinstated definition of the putative class for discovery purposes.

IT IS FURTHER ORDERED that this matter is REMANDED to the Magistrate Judge for further discovery proceedings in accordance with the orders and reasoning in this opinion.

E.D.La.,2008.
Kreger v. General Steel Corp.
Not Reported in F.Supp.2d, 2008 WL 5429607 (E.D.La.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.