**KANNER & WHITELEY, L.L.C.**
**701 Camp Street**
**New Orleans, Louisiana 70130**
**(504) 524-5777**
**FAX: (504) 524-5763**

September 8, 2011

**<u>Via Electronic Mail</u>**: *Sally_Shushan@laed.uscourts.gov*
The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re: *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179* – Compliance with Discovery Order to the State of LA. [Rec. Doc. 3882].

Dear Judge Shushan,

The State of Louisiana hereby seeks reconsideration and/or relief from this Court's Order dated September 1, 2011, granting, in part, BP's Motion to Compel Louisiana's Responses to BP's Discovery Requests. 9/1/11 <u>Order</u> [Regarding BP's Motion to Compel Discovery from Louisiana (Rec. Doc. 3795)] [Rec. Doc. 3882]. The State intends to comply with the Court's Order to search the State agencies identified by BP with the search terms, date ranges (as modified by the Court's order) and custodians identified by BP and produce all non-privileged documents. However, even though the Court limited the date ranges BP asked the State to search, given the volume of information within the 15 agencies and thousands of employees the State is required to search[1], the collection, review and production required by this Court's Order cannot be completed by September 23, 2011.[2] The State has begun the data collection process and plans to begin its rolling production by September 16, 2011, but seeks reconsideration of or relief from the deadline for completion set forth in this Court's Order.

---

[1] As the State has previously asserted, although the Phase 1 Limitations trial is limited to issues of causation among the Defendants, as drafted the requests for production require the State to collect and review a much broader range of data and material to review for Phase 1 and now Phase 2 issues. While the State will undertake this pursuant to the Court's Order, it is this breadth of the request that prevents the State from compliance with the deadline.

[2] Concurrently with this request to your Honor, an in an abundance of caution, the State has filed a limited objection and appeal consistent with the deadline contained in the 9/1/11 <u>Order:</u> "any appeal of this order must be filed no later than noon on Thursday, September 8, 2011." 9/1/11 <u>Order</u>, p. 6 [Rec. Doc. 3382].

Specifically, the Order requires in part that:

> 1. By **Friday, September 23, 2011,** Louisiana shall complete its search of the State agencies identified by BP with the search terms, date ranges and custodians identified by BP and produce all non-privileged documents. The date ranges shall be modified so that they terminate at September 19, 2010.[3]

The State has undertaken efforts to comply with the Court's discovery Order of September 1 and has committed the funds and resources to conduct the searches, review and related production. The State is working with its ESI vendor to: triage each agency's Ordered data, streamline the administrative processes for each, quickly gather all of the ESI requested by BP and Ordered by the Court, and complete the searches under the parameters provided by BP as rapidly as possible. However, the sheer volume of State data in each agency's possession will impact how quickly these efforts can be completed. Under any scenario, it is physically impossible for the State to complete the review of all agencies by September 23rd. Because each agency employs hundreds if not thousands of employees, has independent ESI mechanisms and systems (some quite old) for storage and access to its data, and requires separate administrative protocols, the collection of the ESI identified is exceedingly difficult and time consuming.[4]

The State is doing everything it can to identify and produce Phase 1 materials as soon as possible, but unfortunately at this time cannot provide a date certain by which the collection, review and production will be completed. In light of the complexities of the logistics required for the State to comply with the Court's Order, the State has proposed to BP, as described in the attached correspondence, a rolling production beginning as early as September 16, 2011. In addition to the rolling production, the State has asked BP for any priorities it may have in terms of agencies and/or requests it would prefer to be searched first. The State also offers to produce a weekly status report to BP (and to this Court if desired) identifying the status of agencies searched as well as volumes of terabytes pulled, reviewed and produced. Finally, in an effort to avoid any prejudice to BP, the State has offered to stipulate that it will not offer anything into evidence at the Phase 1 Limitations trial which has not been produced by September 23, 2011.

Accordingly, under the circumstances presented, the State of Louisiana herein requests that this Court relieve the State of the deadline set forth in its 9/1/11 Order and permit the State

---

[3] In addition, the Order contains obligations associated with the search of the Louisiana Attorney General's office. This obligation will be addressed separately with BP:

> By Friday, September 16, 2011, Louisiana and BP shall meet and confer on a proposed search protocol for hard copy and ESI from the Office of the Louisiana Attorney General. They shall report to the Court on the status of this protocol by Wednesday, September 21, 2011.

9/1/11 Order, p. 5 [Rec. Doc. 3882].

[4] For example, the State's custodian list for the Louisiana Department of Environmental Quality ("LDEQ") contains more than 450 employees. Based on the amount of data within LDEQ that is potentially related to the *Deepwater Horizon* disaster, which is estimated to be approximately 3 terabytes, the data pull for the custodians of just this one agency is estimated to take 13 days. However, the agency list provided by BP requires a search of 15 State agencies.

to conduct a rolling production as described above and in the attached, with Status reports to BP and the Court, if desired). Your consideration is greatly appreciated.

Sincerely,

KANNER & WHITELEY, L.L.C.

By:____*/Elizabeth Petersen/*______
Elizabeth B. Petersen

Exhibit:

A. 9/8/11 Correspondence to A. Bloomer (BP) fr. E. Petersen re: Compliance with Magistrate Shushan Discovery Order of 9/1/11.