# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

8 September 2011

**Via Electronic Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
Room B345
500 Poydras Street
New Orleans, LA  70130

**Re:  In re Oil Spill by the Oil Rig "Deepwater Horizon," MDL No. 2179**

Dear Judge Shushan

I write on behalf of BP in response to one portion of the United States' September 6, 2011 *Status Report On Efforts To Respond To Discovery Served On The United States Before July 1, 2011.*  BP will respond to other portions of the United States' status report as appropriate.

As Your Honor is aware, on July 20, 2011, the Court denied BP's request for production of documents from the Executive Office of the President ("EOP") relating to source control and quantification. (*See* Doc. #3377.) In issuing that partial denial, the Court stated in part:  "The U.S. will produce communications concerning source control and quantification between agencies and the EOP.  If the agencies' documents demonstrate a need for discovery from the EOP, BP may re-urge its request."  At the time the Court issued this ruling, the United States had already agreed to produce these Agency-EOP communications by August 31. (*See* e-mail S. Himmelhoch to R. Gasaway, June 3rd, 2011 (Attachment A).)

As Your Honor may further recall, the United States previously took issue with BP's position that certain officials in the EOP had substantial involvement with the source control and quantification activities at issue in this case.  Now, however, the United States' status report concedes that there are "significant communications between the federal agencies and [EOP]."  It has thus become clear that BP's predictions regarding the likely extent of such communications was well grounded in fact.

Importantly, however, documents reflecting these "significant communications" between the EOP and "federal agencies" that the United States acknowledges as having occurred have not yet been produced. Indeed, the August deadline by which these documents

## KIRKLAND & ELLIS LLP

8 September 2011
Page 2

were to be produced to the MDL parties (a commitment that was one predicate for the denial of discovery from the EOP itself) has now come and gone, and the United States has decided without consulting BP not to produce any of these EOP communications until (1) it has collected *all* of the agency records, (2) submitted the Agency-EOP communications for review by the EOP, and (3) the EOP has reviewed and approved the production of such communications. Also problematic is that the United States has determined not even to *begin* to make the first round of documents available for EOP review until this week and has not committed to a date by which the production to BP will be completed – or even committed to a date by which it will start.

BP respectfully submits that the United States' position is untenable. The court made clear that it expected the United States to produce EOP-Agency communications. But the process chosen by the United States in responding to that direction is not appropriate, particularly as it has been first disclosed and raised for discussion a week after the EOP-document production was due.

BP needs to begin reviewing these documents (none of which will be from the EOP files) promptly so it can decide in a time frame consistent with the other deadlines in this case whether to renew its request for productions from the EOP's files themselves. Indeed, that possibility has become all the more likely in view of the new acknowledgement of the EOP's important role in source control and quantification issues.

Further, the United States' position that the EOP should review all responsive documents in one fell swoop is not reasonable, we would submit, in light of the time pressures under which everyone involved with this case have been operating. All documents relevant to this issue have long been in the United States' possession. If the United States wanted a single EOP review of all documents, it could have planned accordingly.

Accordingly, BP respectfully requests that the court direct the United States immediately to begin to produce all agency communications between EOP and other agencies. To the extent that the United States opposes such a directive, we would hope to discuss this issue further with Your Honor and the MDL 2179 parties at this Friday's status conference.

## KIRKLAND & ELLIS LLP

8 September 2011
Page 3

Please feel free to contact me with any questions or concerns.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

| | |
|---|---|
| R. Michael Underhill | Joel M. Gross |
| Steven O'Rourke | Don K. Haycraft |
| Sarah D. Himmelhoch | Defense Liaison Counsel |
| J. Andrew Langan, P.C. | Plaintiffs' Liaison Counsel |
| Stuart A.C. Drake | Hon. Luther Strange |
| Joseph A. Eisert | Corey L. Maze |

# ATTACHMENT A



**"Himmelhoch, Sarah (ENRD)"**
**<Sarah.Himmelhoch@usdoj.g**
**ov>**

06/03/2011 06:53 PM

To  "Robert Gasaway" <rgasaway@kirkland.com>, "Underhill, Mike (CIV)" <Mike.Underhill@usdoj.gov>, "O'Rourke, Steve (ENRD)" <Steve.O'Rourke@usdoj.gov>

cc  "Alexandra Albright" <aalbright@kirkland.com>, "Andrew Bloomer" <abloomer@kirkland.com>, "Granta Nakayama" <granta.nakayama@kirkland.com>, "Joseph DeSanctis"

bcc

Subject  RE: Search Criteria

Rob –

With the understanding that the United States may need to revisit these deadlines as the volume of responsive documents becomes clearer and the fact that, like BP, we may have supplemental productions after the specified dates, the United States will make every reasonable effort to meet the deadlines discussed below.  We thank you for your consideration on this matter.

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-514-0180 (phone)

**From:** Robert Gasaway [mailto:rgasaway@kirkland.com]
**Sent:** Friday, June 03, 2011 12:50 PM
**To:** Himmelhoch, Sarah (ENRD); Underhill, Mike (CIV); O'Rourke, Steve (ENRD)
**Cc:** Alexandra Albright; Andrew Bloomer; Granta Nakayama; Joseph DeSanctis; Joseph Eisert; Joel M. Gross; John Eisenberg; mbrock@cov.com; mbrowne@cov.com; Mark Nomellini; Michael Occhuizzo; Micah Osgood; Matthew Thuesen; Stuart Drake; tduffy@kirkland.com; Yates French; Andrew Langan; Allison Rumsey
**Subject:** RE: Search Criteria

Dear Sarah,

Based on recent email exchanges and yesterday's telephone conversation, we set out below our understanding of the agreed deadlines to apply to BP's three sets of discovery to the United States. Naturally, these deadlines assume appropriate production practices, as developed in this MDL and in our discussions, relating to reasonable searches, supplementation of discovery responses, and providing responses on a "rolling" basis. (For instance, it is very important to BP that document productions proceed on a "rolling" basis in advance of the August 1, 15, and 31 final deadlines reflected below, as we have discussed.)

I also note for the record your statement that the August 31 USCG document production deadline may in the United States's view have to be adjusted based on progress in organizing and sorting through the Mandeville Louisiana archive.

Many thanks,

ROB

Event

June 20, 2011 – Complete responses to interrogatories and RFAs related to the "Event"
August 1, 2011 – Complete document production related to the "Event"


Source Control and Quantification

August 1, 2011 –  Responses to interrogatories and RFAs related to Source Control and Quantification
August 15, 2011  – Complete document production related to Source Control and Quantification, with the exception of documents in the custody of the United States Coast Guard
August 31, 2011  – Complete document production from the United States Coast Guard related to Source Control and Quantification

```
**********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**********************************************************
```