

**DALLAS** HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

JENNY L. MARTINEZ, SHAREHOLDER
DIRECT DIAL:      214.939.4620
DIRECT FAX:       214.527.3119
JMartinez@GodwinRonquillo.com

September 8, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
 for the Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA  70130

   Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 – the BP Exploration & Production, Inc. and BP America Production Company's Interrogatory No. 24 to Halliburton Energy Services, Inc.

Dear Judge Shushan:

  Halliburton Energy Services, Inc. ("HESI") complied with Rule 33 in its response to BP Exploration & Production, Inc. and BP America Production Company's (collectively, "BP") Interrogatory No. 24.  After BP raised objections to HESI's initial response, HESI agreed to re-analyze the request.  Subsequent to its analysis, HESI explained in writing and with specificity how the documents it cited are responsive.  HESI then conferred with BP in good faith, and agreed to supplement its response to cite specific responsive deposition testimony by page number.  BP expressed satisfaction with the clarification and supplementation.  BP's subsequent request for an order compelling HESI to respond is surprising in light of HESI's prior efforts, as well as the requirements of Rule 33.  For the reasons expressed in detail below, HESI respectfully requests that the Court deny BP's request.

**I.**  **HESI's Complete Response to BP's Interrogatory No. 24**

  HESI's initial response to BP's Interrogatory No. 24 complies with Rule 33(b) and (d).  HESI directs BP to testimony, points BP to documents already produced, and names

The Honorable Sally Shushan
September 8, 2011
Page 2

witnesses with knowledge of the equipment.  Notwithstanding the sufficiency of its original response, HESI agreed to supplement its response prior to BP's August 29, 2011 letter.

    1.    *HESI properly responded to Interrogatory No. 24 in the first instance.*

HESI's original response is as follows:

**RESPONSE:** Subject to and without waiving the foregoing objections, HESI directs BP to the deposition testimony of Joe Keith, dated March 28, 2011, Kelly Gray, dated April 14 – 15, 2011, and John Gisclair (deposed in his individual capacity and as a 30(b)(6) witness), dated March 13 – 14, 2011.

HESI further refers BP to the following previously produced documents:

    HAL0006918
    HAL0050595
    HAL0050681
    HAL0051030

HESI further identifies the following witnesses: (1) Kelly Gray; (2) John Gisclair; (3) Joe Keith; and (4) Cathleenia Willis.

HESI Interrog. Resp., BP Ex. B at 5-6.

HESI objected to the interrogatory because it is, *inter alia*, vague, ambiguous, overly broad and unduly burdensome.  But, without waiving its objections, HESI responded in good faith.  HESI's response utilized all the responsive information HESI gathered after a reasonably diligent search.  HESI identified responsive testimony and documents which speak directly to the equipment used and to the training undergone by HESI personnel at the Macondo Well.

    2.    *HESI made a good-faith effort to confer with BP and to supplement its response.*

BP objected to HESI's response in writing on August 4, 2011.  BP Ex. C at 1.  BP erroneously claimed HESI's response was insufficient for "improper reference to deposition transcripts" and "improper reference to documents containing only marginally responsive information."  *Cf. Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (referencing a document that *does not* answer the question posed is insufficient); *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) (finding improper "generally referring" to deposition testimony, including "the depositions of all witnesses taken in this case and all Discovery responses filed in this matter").  HESI's answer was proper and sufficiently detailed — especially in comparison to the quality of BP's interrogatory responses which repeatedly

reference large documents including the DNV Report (of which BP disclaims the accuracy in the same paragraph referencing it).

On August 16, 2011, HESI responded to BP's objections in writing, explaining in detail the responsiveness of the documents cited and agreeing to provide page numbers for its deposition references. Ex. A at 1-2. HESI's clarification also provided the location of responsive information within the documents originally cited, where appropriate. HESI agreed to supplement its original response with page citations from the deposition testimony. HESI then conferred in good faith with BP, agreeing twice-over to supplement its answers during conference calls with BP on August 16, 2011, and August 17, 2011.

On August 25, 2011, BP reiterated in writing that "both parties have agreed to supplement their response to interrogatories with specific page cites" without reference to any dissatisfaction with HESI's explanation or agreement to supplement. Ex. B at 3. On August 28, 2011, BP again sent HESI a letter stating that it understood HESI would supplement its response to Interrogatory No. 24 "with testimony references." BP Ex. E at 2.

HESI has exhausted its reasonable efforts to respond to BP, and HESI is aware of its duty to supplement in accordance with Rule 26(e)(1) should it discover additional responsive information. If HESI discovers new responsive material which is necessary to render its response more complete, and if the additional or corrective information has not otherwise been made known to BP during the discovery process, HESI will supplement its response in accordance with the Federal Rules. *See* FED. R. CIV. P. 26(e)(1).

**II.    HESI is not required to review produced documents for BP.**

BP's letter of August 29, 2011 attempts to burden HESI with BP's responsibility to review production materials and deposition testimony. To the extent additional previously produced responsive documents exist within the larger body of document production in this MDL proceeding, the onus is not on HESI to search for them. Where one of the parties must undertake the task of compiling the information and the records presented are not voluminous or indecipherable, the interrogating party should bear the responsibility of doing so. *Sadofsky v. Fiesta Products*, *LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008). Therefore, although other responsive documents may exist in the production record, the effort required to locate additional responsive documents is the same for BP as it would be for HESI. HESI should not be unduly burdened with the task of doing BP's production review for it. Of course, if HESI discovers additional responsive documents, it is aware of its duty to supplement under Rule 26. *See* FED. R. CIV. P. 26(e)(1).

The Honorable Sally Shushan
September 8, 2011
Page 4

### III.  Conclusion

HESI made a good faith effort to properly respond to BP's Interrogatory No. 24. When BP objected to HESI's original response, HESI negotiated in good faith, clarifying the documents identified and offering to supplement its response with direct citations to responsive deposition testimony. Without any other indication that it remained dissatisfied, BP filed its letter with the Court requesting an order to compel further responses from HESI.

HESI complied with Rule 33 in its original response. HESI made additional compliance efforts through conferences with BP, and via additional responses prompted by those conferences. HESI has answered Interrogatory No. 24 fully and completely and will supplement its response as it previoiusly agreed to. For these reasons, the Court should deny BP's request for an order compelling HESI to take further measures.

                                                  Best regards,

                                                  *Jenny Martinez*

                                                  Jenny L. Martinez

cc:    Donald E. Godwin
       R. Alan York
       Bruce W. Bowman, Jr.
       Carolyn Raines

The Honorable Sally Shushan
September 8, 2011
Page 5

The following exhibits are included with this letter:

    Exhibit A –   HESI letter to BP responding to BP's letter agreeing to amend its response and offering detailed explanations of the documents cited, sent August 16, 2011

    Exhibit B –   BP letter to HESI recognizing that HESI agreed to provide page cites to its response to BP Interrogatory No. 24, sent on August 25, 2011