# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

September 9, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA  70130

> Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

I write regarding the schedule for depositions of experts that the PSC and the United States disclosed on August 26, 2011.  The PSC and the United States submitted a total of 10 expert reports.  Two of those reports were authored by multiple individuals.  *First*, the PSC submitted an expert report that both Dr. Robert G. Bea and Dr. William E. Gale, Jr. prepared.  *Second*, the United States submitted an expert report that discloses Dr. Rory Davis as the "lead author" and Mr. Patrick R. Novak, Dr. J. Neil Robinson, and Mr. Ramond Merala as "contributing authors."  While the Court's August 31, 2011 Order sets dates for the depositions of Dr. Bea and Dr. Davis, no dates have yet been scheduled for the PSC's purported expert Dr. Gale, or for the United States' purported experts Mr. Novak, Dr. Robinson, and Mr. Merala.

Federal Rule of Civil Procedure 26(b)(4)(A) provides that: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial."  While the Court initially considered that, in light of the busy deposition schedule in the case, co-authors of expert reports might not be deposed, with the reports now in hand and given the issues presented, it is apparent that the depositions of Dr. Gale, Mr. Novak, Dr. Robinson, and Mr. Merala are warranted, and indeed, required under the Rules.  Dr. Gale, Mr. Novak, Dr. Robinson, and Mr. Merala have each been identified as potential experts in this case.  Each prepared expert reports or portions of expert reports that the PSC or the United States submitted, each signed an expert report on behalf of the PSC or the United States, and the reports contain relevant curriculum vitae and other information about each of those individuals.  In the case of Dr. Bea and Dr. Gale, for example, it is not possible to determine from the face of the report who authored which portions.  BP is therefore entitled to take their depositions.  *See* 8A Fed. Prac. &

The Honorable Sally Shushan
September 9, 2011
Page 2

Proc. Civ. § 2029 (3d ed.) (Rule 26 provides for "depositions of right" with regard to disclosed testifying experts).

      BP respectfully requests that the Court schedule deposition dates for Dr. Gale, Mr. Novak, Dr. Robinson, and Mr. Merala. BP requests that, consistent with the schedule set for other experts (including Dr. Bea), the Court schedule Dr. Gale for a two-day deposition. Because the United States has identified Mr. Novak, Dr. Robinson, and Mr. Merala as "contributing authors" (while Dr. Davis is the "lead author" of their expert report) and has identified the particular sections of the report to which each of those individuals contributed, BP proposes that the Court schedule Mr. Novak, Dr. Robinson, and Mr. Merala each for a one-day deposition.

                                               Sincerely,

                                               /s/ J Andrew Langan

                                             J. Andrew Langan, P.C.

cc:      Plaintiffs' Liaison Counsel
           Defense Liaison Counsel
           Mike Underhill
           Hon. Attorney General Luther Strange
           Corey Maze
           Allan Kanner
           Lili Peterson