# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 9, 2011

**VIA ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
 District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:     *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 – Compliance with Discovery Order to the State of LA.  [Rec. Doc. 3882].

Dear Judge Shushan:

BP writes to respond to the State of Louisiana's September 8, 2011 request for reconsideration and/or relief from this Court's September 1, 2011 Order granting, in part, BP's Motion to Compel Discovery from Louisiana [Rec. Doc. 3882].

The Court's Order establishes a deadline of September 23, 2011 for Louisiana to complete its production of documents.  Although the State of Louisiana now asserts that it "has undertaken efforts to comply with the Court's discovery order"[1] and "is doing everything it can to identify and produce Phase 1 materials as soon as possible,"[2] Louisiana still claims that it is unable to comply with the Court's order and provide documents to BP that are long overdue under the discovery deadlines set by this Court.  Equally important, the State fails to provide the Court or BP with a firm date by which the State's production will be complete.  The State has not offered any legal basis for the relief it seeks; instead, it simply asks the Court to release it from an undertaking caused by the State's intransigence and delay in performing its discovery obligations.  The Court should deny the State's request.

The State's letter makes clear that Louisiana did not initiate any meaningful search for documents over the past several months, but decided to wait to begin attempting to fulfill its document production obligations until the Court compelled it to do so.  As the Court has recognized, the State of Louisiana's document production efforts in this action have been

---

[1]    E. Peterson Sep. 8, 2011 Ltr. to A. Bloomer, Ex. A, at 2.
[2]    *Id.*

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

K&E 19769405.1

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 9, 2011
Page 2

"woefully inadequate."[3]   Similarly inadequate today is the omission from the State's proposal of any deadline by which it will complete the document search and production efforts that it should have begun in earnest months ago.[4]

Having delayed for months, to BP's prejudice and in contravention of the Phase 1 discovery schedule, BP believes that Louisiana should now do everything in its power to comply with the Court's Order and make a full production of responsive documents by September 23, 2011.  To the extent that compliance with the Court's Order is truly impossible—a situation solely of Louisiana's own making—BP believes that Louisiana should commit to producing all responsive documents from certain "First Priority Tier" agencies[5] and the Louisiana Attorney General's Office by October 7, 2011.  Responsive documents from the agreed "Second Priority Tier" agencies[6] should be produced no later than October 21, 2011.  In correspondence between the parties, BP has suggested these same deadlines to the State.[7]

Finally, while BP appreciates the State's offer to stipulate that it will not offer documents into evidence in the Phase 1 trial that Louisiana has not produced by September 23, 2011, that offer does not obviate BP's concerns about Louisiana's untimely document production.  BP is entitled to obtain discovery under the Federal Rules, and the State of Louisiana has responsive documents that BP may wish to use in preparation for or in the conduct of the Phase 1 trial, both to defend against the claims asserted against it and to pursue its third party and cross claims against other parties.  As it stands, BP does not have documents that should have been produced months ago and for which it should have been unnecessary to file a motion to compel.  Because it does not have these documents—and still does not know when it will receive them—BP cannot provide the documents to experts and others even though the parties are now in the expert discovery phase and BP is working on other trial preparation projects under the deadlines established in this litigation.

---

[3]   Sep. 1, 2011 Ord. [Rec. Doc. 3882] at 5.
[4]   *See* E. Peterson Sep. 8, 2011 Ltr. to M.J. Shushan at 2; E. Peterson Sep. 8, 2011 Email to A. Bloomer, Ex. B.
[5]   As described in E. Peterson's Sep. 7, 2011 Ltr. to A. Bloomer, Ex. A, at 2.
[6]   *See id.* at 2-3.
[7]   *See* A. Bloomer/E. Peterson Email Correspondence, Ex. B; and A. Bloomer's Sep. 8, 2011 Ltr. to E. Peterson, Ex. C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 9, 2011
Page 3


For these reasons, BP respectfully requests that the Court deny the State of Louisiana's request for reconsideration and/or relief from this Court's September 1, 2011 Order [Rec. Doc. 3882].


Respectfully submitted,

*Andrew B. Bloomer, P.C.*

Andrew B. Bloomer, P.C.


cc:     Elizabeth B. Peterson

Exhibits:
- A.   E. Peterson Sep. 8, 2011 Ltr. to A. Bloomer
- B.   A. Bloomer/E. Peterson Email Correspondence
- C.   A. Bloomer Sep. 8, 2011 Ltr. to E. Peterson


K&E 19769405.1