# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew B. Bloomer, P.C.
To Call Writer Directly:
(312) 862-2482
andrew.bloomer@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 8, 2011

**VIA ELECTRONIC MAIL**

Elizabeth B. Peterson, Esq.
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, Louisiana 70130

Re: *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 – Compliance with Magistrate Shushan's Discovery Order to the State of LA. [Rec. Doc. 3882].

Dear Lili:

I write in response to your letter yesterday and email this morning regarding Louisiana's compliance with the Court's September 1, 2011 Order Regarding BP's Motion to Compel.

The Court's Order establishes a deadline of September 23, 2011, for Louisiana to complete its production of documents. While BP has no objection to a rolling production, it cannot agree to Louisiana's proposal to conduct its document search and production on an open-ended basis and without a firm date for completion. BP served its document requests last April and we are long past the dates for Phase 1 discovery. It now appears that Louisiana did not undertake any meaningful search for documents over the past several months, but decided to wait until the Court addressed the issue in BP's motion to compel. Having delayed for months, to BP's prejudice and in contravention of the Phase 1 discovery schedule, Louisiana should do everything in its power to comply with the Court's Order and make a full production of responsive documents by September 23, 2011. To the extent that compliance with the Court's Order is truly impossible—a situation solely of Louisiana's own making—BP believes that Louisiana should commit to producing all responsive documents from the "First Priority Tier" agencies and the Louisiana Attorney General's Office by October 7, 2011. Responsive documents from the "Second Priority Tier" agencies should be produced no later than October 21, 2011.

While BP appreciates the State's offer to stipulate that it will not offer documents into evidence in the Phase 1 trial that Louisiana has not produced by September 23, 2011, that offer does not address BP's concerns about Louisiana's untimely document production. BP is entitled to obtain discovery under the Federal Rules, and the State of Louisiana has responsive

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

K&E 19762513.2

# KIRKLAND & ELLIS LLP

Elizabeth B. Peterson, Esq.
September 8, 2011
Page 2

documents that BP may wish to use in preparation for or in the conduct of the Phase 1 trial, both to defend against the claims asserted against it and to pursue its third party and cross claims against other parties.

BP generally agrees with Louisiana's prioritization of agencies as set forth in your September 7 letter, but believes the Louisiana Attorney General's Office should be included with the other "First Priority Tier" agencies/offices. Among State agencies and offices, the Attorney General's Office is a likely source for a higher percentage of Phase 1 documents.

Finally, BP notes that Louisiana has today filed an appeal of the Court's September 1, 2011 Order. That appeal should not affect Louisiana's document search and production efforts, as the Court made clear that its Order "shall not be stayed during the pendency of an appeal." (9/1/11 Ord. [Rec. Doc. 3882] at 6.)

Please let us know whether Louisiana will agree to deadlines of October 7, 2011 to complete its search for and production of responsive documents from the "First Priority Tier" agencies identified in your September 7, 2011 letter and the Louisiana Attorney General's Office, and October 21, 2011 for documents from the "Second Priority Tier" agencies.

Sincerely,

Andrew B. Bloomer, P.C.

ABB/ch

cc:   Robert Holden, Esq.

K&E 19762513.2