UNITED STATES DISTRICT OF COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Applies to:<br><br>All Cases and<br>2:10-cv-02771 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**STATEMENT REGARDING THE EFFECT OF THE COURT'S ORDER
RELATIVE TO THE MOTIONS TO DISMISS THE B1 MASTER COMPLAINT**

TO THE HONORABLE JUDGE CARL BARBIER:

In response to this Court's Order dated September 1, 2011 (Doc. 3891), Halliburton Energy Services, Inc. ("HESI") files this Statement Regarding the Effect of the Court's Order Relative to the Motions to Dismiss the B1 Master Complaint (Doc. 3830) (B1 Order) on other Motions to Dismiss currently pending in this case.

**Prior Orders of the Court**

On June 16, 2011, this Court issued its Order (Doc. 2784) dismissing all claims asserted in the Bundle D1 Master Complaint.  Likewise, on July 15, 2011, this Court issued its Order (Doc. 3330) dismissing all RICO claims asserted under Pleading Bundle B2.  Therefore, HESI will not address any issues falling under those pleading bundles.

**Bundle A Cases**

As the Court is aware, there is no Master Complaint addressing cases falling within Pleading Bundle A.  Instead, each of these cases has been pled individually.  HESI has previously filed separate Motions to Dismiss as to each case currently classified in Pleading Bundle A.  Specifically, HESI's Motions to Dismiss are filed as Doc. Nos. 1170,

1172, 1173, 1174, 1175, 1176, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1189, 1190, 1191, and 1193.  In addition, HESI filed an omnibus memorandum in support of its individual Bundle A Motions to Dismiss.  (Doc. 1195).  Since the filing of these motions, certain of the personal injury/wrongful death claims have been resolved and dismissed, making moot the following HESI Bundle A individual Motions to Dismiss: Doc. 1174 (Cause No. 2:10-cv-3066); Doc. 1176 (Cause No. 2:10-cv-1502); Doc. 1179 (Cause No. 2:10-cv-1156); Doc. 1180 (Cause No. 2:10-cv-1921); Doc. 1182 (Cause No. 2:10-cv-2814); Doc. 1184 (Cause No. 2:10-cv-4229); Doc. 1185 (Cause No. 2:10-cv-4227); Doc. 1187 (Cause No. 2:10-cv-4226); Doc. 1189 (Cause No. 2:10-cv-3168); Doc. 1190 (Cause No. 2:10-cv-3169); Doc. 1191 (Cause No. 2:10-cv-3184); and Doc. 1193 (Cause No. 2:10-cv-1196).

With regard to the remaining HESI Motions to Dismiss Bundle A cases, this Court's B1 Order is not dispositive of the issues raised in the Bundle A cases.  Specifically, as set out more fully in HESI's Omnibus Memorandum in Support of Motions to Dismiss Plaintiffs' Bundle A Personal Injury Complaints (HESI Bundle A Motion) (Doc. 1195), to the extent they seek to do so, the remaining Bundle A Plaintiffs cannot maintain a Jones Act cause of action or a maintenance and cure claim against HESI because HESI did not employ the Plaintiffs making those claims.  In fact, in the only remaining claim filed by a HESI employee, Cathleenia Willis (Cause No. 2:10-cv-4427-CJB-SS), Ms. Willis specifically notes that "Willis' claims are maintained against all Defendants except Halliburton."  Likewise, Bundle A Plaintiffs cannot articulate a legally viable unseaworthiness claim against HESI because HESI was not the owner of the vessel at issue.

In addition, the claims raised by the remaining Bundle A Plaintiffs suffer from pleading deficiencies that make dismissal under Fed. R. Civ. P. 12(b)(6) appropriate. As set out more fully in HESI's Bundle A Motion, the failure to plead claims against HESI with factual particularity, the attempt to recover damages that are not recoverable against HESI, and the attempt to recover against HESI for claims that are not factually or legally cognizable all support dismissal of the Bundle A Plaintiffs' claims against HESI. Finally, as also set out in HESI's Bundle A Motion, Halliburton Company is an improper defendant to any Bundle A claim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

The issues set out in HESI's Bundle A Motion are not addressed in this Court's B1 Order. Therefore, HESI requests that this Court address these pending issues in any cases that have not been otherwise resolved.

**Bundle B3 Cases**

This Court heard oral argument on cases falling within Pleading Bundle B3 on May 26, 2011, the same date it heard arguments relating to the Bundle B1 cases. Because Plaintiffs incorporate factual allegations from their B1 Master Complaint into their B3 Master Complaint, HESI's Motion to Dismiss Plaintiffs' B3 claims likewise incorporates its Motion to Dismiss the Bundle B1 claims. (Doc. 2466-1). In the B3 Master Complaint, Plaintiffs asserted claims against HESI for negligence, gross negligence, and battery (under general maritime law), and for negligence, gross negligence, negligence per se, nuisance, battery, and medical monitoring under state law.

For the reasons set out in this Court's B1 Order, Plaintiffs' state law claims asserted under Pleading Bundle B3 should be dismissed. There is no basis for application

of state law in this case. Instead, under the applicable provisions of OCSLA and governing Fifth Circuit law, general maritime law applies. Also consistent with this Court's B1 Order, even if state law did apply (which it does not), the only potentially applicable adjacent state law would be Louisiana law, thus necessitating dismissal of Plaintiffs' claims for medical monitoring under Florida law. Finally, and again only if state law applies (and it does not), Plaintiffs' claims for battery must be dismissed because Plaintiffs have made no factual allegations against HESI that would support such a claim.

Regarding Plaintiffs' maritime law claims, while HESI disagrees with this Court's conclusion in the B1 Order that Plaintiffs alleging property damage have a direct claim against HESI, the B1 Order does address that issue, while at the same time imposing the condition that any claims for property damage are limited to those asserted by commercial fishermen or those who have suffered physical injury to a proprietary interest. However, to the extent the B3 Plaintiffs assert personal injury damages against HESI, the arguments raised in HESI's Memorandum in Support of its Motion to Dismiss the B3 Claims (Doc. 2466-1) (HESI's B3 Motion) requires dismissal of those claims.

Initially, Plaintiffs fail to plead any link or causal connection between any post-incident actions taken by HESI and the damages allegedly suffered by the B3 Plaintiffs. This failure alone requires dismissal of the B3 Plaintiffs' direct claims against HESI for negligence and gross negligence, to the extent any such claims exist. Likewise, any claim for public nuisance must be dismissed because no such cause of action exists under maritime law. Finally, as set out in HESI's B3 Motion (Doc 2466-1), neither seaman nor

non-seaman personal injury plaintiffs are entitled to recovery of punitive damages under general maritime law against a party by whom they are not employed.

Thus, even applying this Court's findings in the B1 Order, separate and distinct reasons exist that require dismissal of Plaintiffs' Bundle B3 claims against HESI.

### Bundle C Cases

Regarding cases falling within Bundle C, HESI has filed Motions to Dismiss the Claims of Certain Mexican States (Docs.1781, 1782, 1783, 1784, 2738) as well as a separate Motion to Dismiss the Bundle C Local Government Master Complaint and the Amended Complaints of the States of Louisiana and Alabama (Docs. 2642, 3555). The issues raised by these Motions are addressed in this Court's B1 Order.

First, as this Court has already held, applicable provisions of OCSLA, the Clean Water Act (which forecloses application of state law to a discharge of pollutants originating outside the state's boundaries), and governing Fifth Circuit precedent mandate that general maritime law applies in this case to the exclusion of state law. In fact, although the States are not plaintiffs under the B1 Bundle, this Court nonetheless considered, and rejected, arguments made by the States' Coordinating Counsel regarding the applicability of state law. *See* B1 Order n. 9. The States' arguments do not change this Court's analysis that general maritime law applies in this case to the exclusion of state law. To the extent necessary, HESI refers this Court to its prior briefing on these issues. (Docs. 1781, 1782, 1783, 1784, 2642, 2738, 3555). Therefore, this Court should grant HESI's Motions to Dismiss state law claims brought under Bundle C in conformity with the B1 Order.

Further, to the extent the Bundle C Plaintiffs have any claims against HESI under general maritime law, those claims are limited under *Robins Dry Dock*[1] and *Testbank*[2] to losses resulting from physical injury to a proprietary interest, again consistent with this Court's B1 Order. No Bundle C Plaintiff has raised any valid exception recognized by the Fifth Circuit to the application of this economic loss rule. *See* HESI's Bundle C Reply (Doc. 3555) at pp. 15-17. Likewise, any Bundle C claim for nuisance under general maritime law must be dismissed as maritime law does not recognize such a claim. *Id*. at 17-18.

For these reasons, this Court should, consistent with its B1 Order, dismiss all state law claims and nuisance claims brought under Bundle C, and restrict any general maritime law claims to losses arising from physical injury to a proprietary interest.

Dated September 1, 2011.

---

[1] *Robins Dry Dock & Repair Co. v. Flint et al*., 275 U.S. 303 (1927).
[2] *State of Louisiana v. M/V Testbank*, 752 F.2d 1019 (5th Cir. 1985).

**STATEMENT REGARDING THE EFFECT OF THE
COURT'S ORDER RELATIVE TO THE MOTIONS TO
DISMISS THE B1 MASTER COMPLAINT.** **PAGE 6**

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332


and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of the foregoing Statement Regarding the Effect of the Court's Order Relative to the Motions to Dismiss the B1 Master Complaint was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin