UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO. 2179; CA 10-2771 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |
| ****************************************** | * | |

## ORDER

By stipulation of Plaintiffs, by and through Plaintiffs Liaison Counsel, and Defense Liaison Counsel, and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:

**IT IS ORDERED** that Epiq Systems be and is hereby appointed to serve as database manager to create and maintain a ***Shared Database To House Plaintiff Data Relating to Bundle B1, B3 and C Plaintiffs and Claimants-In-Limitation*** ("Shared Database") as described herein.  This appointment is made pursuant to Federal Rule of Civil Procedure 16 and the inherent authority of the Court as set forth by the Judicial Panel on Multidistrict Litigation.  *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 731 F. Supp. 2d 1352, 1356 (Aug. 10, 2010) ("Judge Barbier may also choose to employ special masters and other case administration tools to facilitate certain aspects of the litigation.") (citation omitted); *see also* Manual for Complex Litigation § 22.631, at 641 (4th ed. 2011) ( "Necessary data about each new case can be collected at filing and used ***to create a current database of the information needed to manage the litigation***.").  The Court sets forth below the circumstances giving rise to the appointment of Epiq Systems as Shared Database Manager, a

1

description of the data to be housed within the Shared Database, and procedures for establishment and maintenance of the Shared Database.

I.   BACKGROUND

As has been described in previous orders, In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, 10-MD-2179 ("MDL-2179"), is a complex litigation.  In order to facilitate efficient and effective management and prosecution of the coordinated actions in MDL 2179 and in the Limitation Action, the Court created a process whereby all Claimants-in-Limitation and all Plaintiffs asserting claims that fall within Pleading Bundles B1 (Non-Governmental Economic Loss) and B3 (Post-Explosion Clean-Up Claims) must complete either a Short-Form Joinder ("SFJ") or a Plaintiff Profile Form ("PPF").  (See PTO 24, Paragraph 3)  As of September 12, 2011, approximately 107,580 individual and business plaintiffs have filed SFJs in Civil Action no. 10-8888.  While SFJ's are filed in CA No. 10-8888, by prior order of the Court, the filing of an SFJ in CA No. 10-8888 is deemed to be simultaneously filed in C.A. 10-2771 and No. 10-md-2179.  (See Rec. Doc. 246, C.A. No. 10-2711 and Rec. Doc. 982 in MDL 2179.)  In addition to the SFJs, other answers and clams were filed in the Transocean Limitaton (C.A. No. 10-2771), and complaints were filed in or transferred to No. 10-md-2179. Also, the Court created a process whereby local government bodies or entities may voluntarily join or intervene in a Master Complaint for Bundle C claims by filing a Local Government Short Form Joinder ("LSFJ").  (See PTO 33, Paragraph 3)  As of September 12, 2011, approximately 190 local government plaintiffs have filed SFJs in Civil Action no. 10-9999.

Moreover, BP has established a Gulf Coast Claims Facility ("GCCF") to fulfill its responsibilities under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et. seq.*, including the presentment of OPA claims by plaintiffs in accordance with 33 U.S.C. § 2713.

The Court finds that it will enhance efficient management of MDL 2179 and the Limitation Action to have a Shared Database to house information that Bundle B1, B3 and C Plaintiffs and Claimants-in-Limitation submit to the Court, and to track the status of claims by each Claimant-in-Limitation and each Plaintiff asserting claims in Bundles B1, B3 and C. The Shared Database will be utilized, among other things, to provide the parties and the Court with a common set of data regarding Bundle B1, B3 and C Plaintiffs and Claimants-in-Limitation, and to provide a means for tracking the status of claims by Plaintiffs and Claimants-in-Limitation, including OPA presentment and dismissal. The parties have proposed Epiq Systems to serve as database manager of the Shared Database, and the Court agrees to appoint Epiq Systems based upon the parties' recommendation.

**II.    SHARED DATABASE**

The Shared Database to be created and maintained by Epiq Systems shall be organized such that all data relating to a particular Plaintiff and/or Claimant-in-Limitation is linked together and shall include:

   a. The exact data provided on each Plaintiff Profile Forms ("PPF"), Short Form Joinders ("SFJ") and Local Government Short Form Joinder ("LSFJ") filed by each Bundle B1, B3 and C Plaintiff and/or Claimant-in-Limitation whether in the Limitation Action (No. 10-2771), the docket number dedicated to SFJ's (No. 10-888) or in the MDL 2179 action (10-md-2179), including an exact copy of the form as filed and an electronic version of the information and, for Plaintiffs who

have filed a Complaint, the file stamped cover page and signature page of the Complaint;

b. Any amendments, corrections or supplements to the PPF, SFJ and/or LSFJ of a Plaintiff and/or Claimant-in-Limitation, such as a corrected address, social security number of GCCF claim number, including an exact copy the original form or other document identifying the correction and an electronic version of the information;

c. The date each PPF was served on Lexis Nexis File & Serve;

d. The date and docket number of each SFJ and LSFJ;

e. For each Bundle B1 and Bundle C Plaintiff, a field or fields to indicate whether the plaintiff has satisfied the requirements for OPA presentment as may be agreed by the parties or otherwise determined by the Court;

f. For Bundle B1, B3 and C Plaintiffs and Claimants-in-Limitation who seek to dismiss their claims, a field to indicate if the Plaintiff and/or Claimant-in-Limitation has filed for dismissal, an exact copy of the original form or document filed with the Court seeking dismissal, and, a field to indicate whether the Court has granted that dismissal with or without prejudice, and, if so, an exact copy of the original document issued by the Court dismissing the Plaintiff's claims;

g. Other data regarding Bundle B1, B3 and C Plaintiffs and Claimants-in-Limitation mutually agreed upon by the Plaintiffs' Steering Committee and Defendants' Steering Committee or ordered by the Court; and,

h. Attorney name, phone and e-mail address (where represented).

The DSC shall appoint an attorney for the BP Defendants and an attorney for the Transocean Petitioners-in-Limitation to serve as the primary DSC contacts to communicate with Epiq Systems. Likewise, the PSC shall appoint an attorney to serve as the primary PSC contact to communicate with Epiq Systems. All communications with Epiq Systems regarding creation and maintenance of the Shared Database shall be conducted through the PSC and DSC primary contacts. All decisions relating to creation and maintenance of the Shared Database must be agreed to by the three primary contacts. Any disputes are to be resolved by Magistrate Shushan.

As database manager, Epiq Systems shall perform the following functions: (i) create and maintain the Shared Database pursuant to joint directives from the three primary contact attorneys; (ii) generate reports regarding data maintained in the Shared Database at the request of (a) the three primary contact attorneys pursuant to a joint directive, (b) the Special Master and/or (c) the Court; (iii) ensure the safety and accuracy of the data maintained in the Shared Database; and (iv) provide exports of data from within the Shared Database to the PSC or any member of the DSC upon request; and (v) any other functions the Court and/or the PSC and DSC primary contacts shall authorize.

Nothing in this Order shall preclude any Limitation Action or MDl 2179 plaintiff or defendant from utilizing Epiq Systems, including any of its affiliates, to perform services other than Epiq Systems' work to create and maintain the Shared Database. To the extent any Limitation Action or MDL 2179 plaintiff or defendant utilizes Epiq Systems to perform services other than Epiq Systems' work to create and maintain the Shared Database, the following steps shall be taken: (i) Epiq Systems' fees and expenses for any such work shall be the sole responsibility of the plaintiff or defendant requesting such services; (ii) Epiq Systems shall take appropriate measures to segregate its work on the Shared Database and to ensure that the

integrity of Shared Database is not compromised; (iii) Epiq Systems shall appoint a separate team to service the work requested by the MDL 2179 plaintiff or defendant from the team that will be responsible for creating and maintaining the Shared Database; and (iv) Epiq Systems shall take appropriate steps to protect the confidentiality of any such work if the MDL 2179 plaintiff or defendant so requests.  Epic shall be available to run discreet reports that may be requested by the PSC or by any Defendant, which request and report shall remain confidential unless released or disclosed by the requesting party, and for which the cost shall be billed separately and solely to the requesting party.

### III.    COMPENSATION

Epiq Systems shall incur only such fees and expenses as approved in advance jointly by the three primary contacts and/or as ordered by the Court.  Epiq Systems shall maintain normal billing records of time spent on this matter with reasonable detailed descriptions of their activities.  Epiq Systems shall issue monthly invoices of its fees and expenses to the three primary contacts.  Fees and expenses for work performed by Epiq Systems pursuant to this Order shall be split equally between Plaintiffs and Defendants.[1]  Defendants shall arrange for themselves how to allocate among themselves their half share of Epiq System's fees and expenses.  No party shall be reimbursed for fees, costs and/or expenses previously incurred to assemble or maintain data or other work product such party might choose to contribute to the Shared Database.

---

[1] Nothing herein shall prevent the PSC and/or other plaintiffs' counsel performing common benefit work from submitting such costs to the Court for potential reimbursement in accordance with Pre-Trial Order No. 9.

New Orleans, Louisiana, this 12th day of September 2011.

_____
UNITED STATES DISTRICT JUDGE