UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the<br>Gulf of Mexico, on April 20, 2010<br><br>**THIS PLEADING APPLIES TO ALL<br>CLAIMS AND CASES IN 2:10-MD-2179,<br>INCLUDING PLEADING BUNDLES B3<br>AND C**<br><br>**This Pleading also applies to 10-CV-2771,<br>10-CV-04182, 10-CV-04183, 11-CV-0516,<br>10-CV-03059, 10-CV-1758, 10-CV-1757,<br>10-CV-1759, 10-CV-1760, 10-CV-2087,<br>10-CV-2731, 10-CV-2996, 10-CV-2997** | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | MDL No. 2179<br><br>SECTION "J"<br><br>JUDGE:  BARBIER<br><br>MAGISTRATE:  SHUSHAN |

\*     \*     \*     \*     \*     \*     \*

**WEATHERFORD U.S., L.P.'S MEMORANDUM REGARDING THE IMPACT OF THE
B1 ORDER AND REASONS ON OTHER PENDING MOTIONS IN THE MDL**

   **NOW INTO COURT,** through undersigned counsel, comes Defendant, Weatherford

U.S., L.P. ("Weatherford"), who, in accordance with the Court's Order (Rec. Doc. 3891) submits

this Memorandum regarding the effect of the Court's Order and Reasons of August 26, 2011

(Rec. Doc. 3830) on Weatherford's pending Motion to Dismiss the Local Government Entity's

Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint (Bundle C) and the

First Amended Complaints of the States of Alabama and Louisiana (Rec. Doc. 2638)

{N2351865.2}

1

(collectively, the "Government Plaintiffs"). For the following reasons, Weatherford submits that the Court's Order and Reasons of August 26, 2011 requires dismissal with prejudice of all of the Government Plaintiffs' pending state law claims, and dismissal with prejudice of all of the Government Plaintiffs' pending General Maritime Law claims for purely economic loss.

## I. GOVERNMENT PLAINTIFFS' CLAIMS AGAINST WEATHERFORD

### A. The Bundle C Plaintiffs' Claims Against Weatherford

In the Bundle C Master Complaint, Rec. Doc. 1510, the Bundle C Plaintiffs allege the following General Maritime Law claims against Weatherford: (1) negligence; and (2) products liability. Additionally, the Bundle C Plaintiffs allege the following state law claims against Weatherford: (3) negligence; (4) products liability; (5) nuisance; (6) public nuisance; (7) LOSPRA/TOSPRA; and (8) civil penalties.

### B. The State of Louisiana's Claims against Weatherford

In the State of Louisiana's First Amended Complaint, Rec. Doc. 2031, the State of Louisiana asserts the following claims against Weatherford: (1) Damages under the Louisiana Environmental Quality Act; and (2) General Maritime Law products liability.

### C. The State of Alabama's Claims against Weatherford

In the State of Alabama's First Amended Complaint, Rec. Doc. 1872, the State of Alabama asserts the following General Maritime Law claims against Weatherford: (1) negligence; and (2) products liability. Additionally, the State of Alabama asserts the following state law claims against Weatherford under Alabama law: (3) public nuisance; (4) private nuisance; (5) products liability; (6) trespass; (7) civil penalties; (8) negligence; and (9) wantonness.

## II.   ALL OF THE GOVERNMENT PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

In the Court's Order and Reasons of August 26, 2011, the Court dismissed all state law claims brought by the B1 Plaintiffs.  Rec. Doc. 3830, pp. 8-18.  The Court held that the General Maritime Law preempts state law for all claims arising out of this controversy, notwithstanding any savings provision of the Oil Pollution Act ("OPA").  *Id.* at 38.  The Court rejected the application of the seminal decision of *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), in which state law was allowed to supplement the General Maritime Law.  *Id.* at 13-14.  While this Court noted that "States may 'create rights and liabilities with respect to ***conduct within their borders***,'" the Court held that "this case not concern conduct within state borders (waters)."  *Id.* at 12 (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 373 (1959)) (emphasis in original).    Therefore, the Court held that "to the extent state law could apply to conduct outside state waters, in this case it must 'yield to the needs of a uniform federal maritime law.'"  *Id.* at 13 (citing *Romero*, 358 U.S. at 373.

The Court further held that OPA's "savings clauses" merely "evince[d] Congress' intent to preserve the States' police power to govern pollution discharges within their territorial waters"; and therefore, OPA's "savings provisions" did not preserve state law claims arising out of the *Deepwater Horizon* incident.  *Id.* at 15 (citing to 33 U.S.C. § 2718).  Further, the Court held that the holding of *International Paper Co. v. Ouellette*, 479 U.S. 481 (1987) supported the limitation of "state-law claims purportedly saved by OPA."  *Id.* at 16-17.  Finally, the Court found that *Askew v. American Waterways Operators, Inc.*, 411 U.S. 325, 337 (1973) was unpersuasive because it dealt with "an oil spill in the State's ***territorial*** waters"; and the Court stated that its ruling was in accord with *United States v. Locke*, 529 U.S. 89 (2000), which

{N2351865.2}

"did not declare a rule so broad as to allow state liability statutes to apply to oil spills outside of state waters." *Id.* at 17, 18 (emphasis in original).

In sum, the Court held:

> **State law, both statutory and common, is preempted by maritime law, notwithstanding OPA's savings provisions.  All claims brought under state law are dismissed.**

*Id.* at 38 (emphasis added).

In Weatherford's Motion to Dismiss the Government Plaintiffs, Weatherford seeks to dismiss, *inter alia*, all state law claims asserted by the Government Plaintiffs.  WFT's Memo. in Supp., Rec. Doc. 2638-1, pp. 15-20.  In response, the Government Plaintiffs assert the exact same arguments which were rejected by this Court in its Order and Reasons of August 26, 2011. In particular, the Government Plaintiffs rely on OPA's savings provision, 33 U.S.C. § 2718, and the Supreme Court cases of *Yamaha*, *Ouellette*, *Askew*, and *Locke* to support their argument that state law applies to their claims.  *See* Bundle C Oppos., Rec. Doc. 3186, pp. 8-13, La.'s Oppos., Rec. Doc. 3213, pp. 5-11, Al's Oppos., pp. 7-11, 13-17.  As noted above, the Court considered each of these arguments in its Order and Reasons of August 26, 2011 and rejected each one. Order and Reasons, Rec. Doc. 3830, pp. 11-18.

Accordingly, pursuant to the Court's holding that all state law claims, including both statutory and common law claims, are preempted by the General Maritime Law, Weatherford submits that all of the Government Plaintiffs' state law claims against Weatherford should be dismissed.

### III.   ALL OF THE GOVERNMENT PLAINTIFFS' GENERAL MARITIME LAW CLAIMS FOR PURELY ECONOMIC LOSS SHOULD BE DISMISSED

In this Court's Order and Reasons of August 26, 2011, the Court held:

> General maritime law claims that do not allege physical damage to a proprietary interest are dismissed under the *Robins Dry Dock* rule, unless the claim falls into the commercial fisherman exception.

Rec. Doc. 3830, p. 38.  Weatherford submits that this ruling should apply equally to the claims for purely economic loss brought by the Government Plaintiffs.  Accordingly, under the Court's affirmation of the *Robins Dry Dock* rule in the Court's Order and Reasons of August 26, 2011, Weatherford requests that all Government Plaintiffs' claims that do not allege physical damage to a proprietary interest be dismissed with prejudice.

### IV.   THE B3 PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED

In addition to being to dispositive with respect to the state law claims of the Government Plaintiffs, the Court's Order and Reasons of August 26, 2011 is also dispositive of the B3 Plaintiffs' state law claims.  Like the B1 Plaintiffs and the Government Plaintiffs, the B3 Plaintiffs assert a variety of state law claims for relief in their Master Complaint, Rec. Doc. 1812; however, the Court's Order and Reasons of August 26, 2011 dispenses with these claims as General Maritime Law preempts state law in this case.  While Weatherford has not moved to dismiss the B3 Plaintiffs' state law claims, co-defendant Halliburton Energy Services, Inc. ("HESI") has moved to dismiss the B3 Master Complaint, including all state law claims therein.  *See* Rec. Doc. 2466.  The Court's Order and Reasons of August 26, 2011 dictates that HESI's Motion should be granted with respect to the B3 Plaintiffs' state law claims; and any dismissal of the B3 Plaintiffs' state law claims would apply equally to Weatherford.

## V.      CONCLUSION

In accordance with the Court's Order and Reasons of August 26, 2011, Weatherford submits that all of the Government Plaintiffs' state law claims against Weatherford should be dismissed with prejudice because they are preempted by the General Maritime Law. Weatherford further submits that all of the Government Plaintiffs' claims against Weatherford which do not allege physical damage to a proprietary interest should be dismissed with prejudice. Finally, Weatherford submits that all of the B3 Plaintiffs' state law claims should be dismissed.

This 12th day of September, 2011.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana  70501-5100
Telephone:     (337) 262-9024
*Counsel for Weatherford U.S., L.P.*

{N2351865.2}

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*