UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * * | MDL No. 2179<br><br>SECTION "J"<br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: No. 10-2771, 10-04536 and all cases in which Cameron International is named as a Defendant | * * * * * | MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOEX USA CORPORATION'S BRIEF IN RESPONSE
TO THE COURT'S ORDER DATED SEPTEMBER 1, 2011,
WITH RESPECT TO THE CROSSCLAIMS OF CAMERON
INTERNATIONAL CORPORATION AND CARNIVAL
CORPORATION D/B/A CARNIVAL CRUISE LINES**

**MAY IT PLEASE THE COURT:**

MOEX USA Corporation ("MOEX USA"), respectfully submits this Brief in accordance with the Court's Order (Doc. 3890) inviting briefing as to "what effect, if any" the Court's decision dated August 26, 2011 (the "Decision"; Doc. 3830) "has on other Motions to Dismiss pending in this MDL."

Separately,[1] MOEX Offshore 2007 LLC ("Offshore") has filed briefing relating to the effect the Decision has on pending motions to dismiss asserted by claimants other than Cameron International Corporation ("Cameron") and Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival"). Pursuant to Federal Rule of Civil Procedure 10(c), MOEX USA expressly incorporates and adopts, as if set forth in full herein, its briefing and arguments in *Defendant*

---

[1] Undersigned counsel represent MOEX USA Corporation solely with respect to the claims filed by and against Cameron and/or Carnival. Separate counsel represent MOEX USA Corporation with regard to all other claims and defenses.

*MOEX MOEX USA 2007 LLC'S Brief In Response To The Court's Order Dated September 1, 2011* (Rec. Doc. 3978).

*(1).*
*The "Other Motions" to Dismiss Pending in*
*This MDL to Which This Briefing Applies*

This brief applies only to supplement previously filed memoranda of MOEX USA supporting motions to dismiss various crossclaims, counterclaims and third-party claims of Cameron and Carnival. Specifically, pursuant to Federal Rule of Civil Procedure 12(b)(6) MOEX USA filed and now supplements its briefing with regard to the following motions:

*Motion MOEX USA Corporation to Dismiss Cross-Claims Of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 2946**), which moved to dismiss three duplicate crossclaims of Cameron against MOEX USA for contribution under general maritime law. These crossclaims are found in the record at Rec. Doc. 412 in #10-2771, at Rec. Doc. 2472 in #10-2179, and Rec. Doc. 2474 in #10-2179;

*Motion Of MOEX USA Corporation To Dismiss Cross-Claims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 3631**), which moved to dismiss two duplicative sets of crossclaims by Cameron, namely: (i) Answer of Cross-Defendant Cameron to Crossclaims of Anadarko Defendants, Together with Counterclaims and Crossclaims (applicable to No. 10-2771) (Rec. Doc. 2867), and; (ii) Answer of Cross-Defendant Cameron to Crossclaims of MOEX Offshore 2007, LLC, Together with Counterclaims and crossclaims (applicable to Docket No. 10-2771) (Rec. Doc. 2868).

*Motion Of MOEX USA Corporation To Dismiss Crossclaims Of Carnival Corporation d/b/a Carnival Cruise Lines For Failure To State A Claim Upon Which Relief Can Be Granted, And, Alternatively, Motion To Stay* (**Rec. Doc. 3823**), which moved this Court to dismiss the crossclaims asserted against MOEX USA by Carnival in its pleading styled *Answer To Complaint and Petition Of Triton Asset Leasing Gmbh et. al, Claim In Limitation and Cross Claim In Limitation and/or Third Party Complaint* (Rec. Doc. No. 384 in Action No. 10-2271) for failure to state a claim upon which relief can be granted.

*(2).*
*Cameron's Cross-Claims and Counterclaims*
*Against MOEX USA Must Be Dismissed*

The several, duplicate crossclaims of Cameron against MOEX USA which are the subject of the above described motions assert identical claims for contribution against MOEX USA under general maritime law.[2]

<u>Contribution Under General Maritime Law</u>.  Cameron's claims for contribution under general maritime law are not viable in light of the Decision, because each requires a showing of negligence or actual fault.  Cameron does not allege any facts at all purporting to show MOEX USA's separate fault; rather, Cameron only alleges, in an impermissibly conclusory fashion, that such liability is "[b]ased on allegations of the Complaint and the allegations of claims made in this action."  Cameron does not allege that MOEX USA had operation involvement in, control of, supervisory authority over or any access at all to any information not already available to BP and Transocean personnel either onshore or on the rig.  Under the Decision, absent such specific access and involvement, MOEX USA owed no tort duty to the Plaintiffs, and by extension can owe no contribution to Cameron under general maritime law.  *See*, Decision at 28-29, 39.

To the extent the Court finds any portion of Cameron's crossclaims and/or counterclaims survives the Decision, it should reach the separate grounds for dismissal advanced by MOEX USA in Doc. 2946-1.

(*3*).
*Carnival's Crossclaims and Counterclaims
Against MOEX USA Must Be Dismissed*

Carnival's "Cross Claim in Limitation and/or Third Party Complaint" (Doc. 384 in No. 10-02771) against MOEX USA asserts negligence, alleged violations of the OPA, or

---

[2] None of Cameron's crossclaims against MOEX USA assert claims for contribution under the Oil Pollution Act ("OPA").  To the extent Cameron does seek contribution from MOEX USA under OPA, then such claims are not viable because the Decision established that MOEX USA as a non-operating party is not guilty of negligence or fault. Any OPA crossclaims should be dismissed on that ground; alternatively, the Court should rule on the grounds set forth in MOEX USA's motions to dismiss.

alternatively strict liability pursuant to the Florida Pollutant Discharge Prevention & Control Act, Florida Statute No. 376.011, *et seq.* ( "FPDPCA").

<u>State Law Claims</u>. Carnival's claims for state law negligence and/or brought under the FPDPCA should be dismissed because the Decision establishes that state law does not govern the claims, and specifically that FPDPCA claims are dismissed. *See,* Decision at 11, 15, 18 and 38.

<u>General Maritime Law Negligence</u>. To the extent Carnival's "negligence" claim is based on maritime law, it must be dismissed because the Decision recognizes that MOEX USA, as a non-operating party, owed no tort duties in connection with its alleged access to information concerning the operations of its independent contractor, BP. *See,* Decision at 28-29, 39.

Additionally, this Court dismissed all maritime law claims for economic loss without accompanying physical injury under the rule of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). Decision at 19-20, 24-25, 38. Carnival's negligence claims likewise should be dismissed because they do not allege physical damage to property or other proprietary interest, nor does Carnival allege that it is a commercial fisherman. See, *id*. Rather, Carnival alleges purely economic losses.

<u>OPA</u>. The OPA claims against MOEX USA should be dismissed for lack of presentment. Enforcing the presentment requirement against Carnival presents no logistical or administrative issues. Carnival has filed a single crossclaim against MOEX USA in the limitation action, so there is no administrative difficulty. In its crossclaims, Carnival alleges that it has presented interim, second interim, third amended and fourth amended claims to BP and Transocean pursuant to OPA (Rec. Doc. 384 in No. 10-2771, at ¶¶65 - 69.), but nowhere in its crossclaim does Carnival allege presentment to MOEX USA. Because the Decision establishes that presentment is a "mandatory condition-precedent" for OPA claims (Decision, at 31) and no

administrative difficulty would result, Carnival's OPA claims against MOEX USA should be dismissed.

<u>Punitive Damages</u>. Carnival's demand for punitive damages (Rec. Doc. 384 in Civil Action No. 10-02771, at ¶160) should be dismissed, to the extent it applies to MOEX USA. MOEX USA was not negligent (Decision at 28-29, 39), and thus it cannot have been guilty of gross negligence, which the Decision establishes is the predicate for award of punitive damages (*id.* at 20, 27).[3]

To the extent the Court finds any portion of Carnival's crossclaims survives the Decision, it should reach the separate grounds for dismissal advanced by MOEX USA in Doc. 3823-1.

*(4).*
*Conclusion*

WHEREFORE, Defendant, MOEX USA Corporation prays that the Court dismiss all crossclaims and/or counter-claims asserted against it by Cameron and Carnival for failure to state a claim upon which relief can be granted.

DATED:  September 12, 2011			Respectfully submitted,

			__*s/ Robert S. Stassi*_____
			Robert S. Stassi T.A. (La. Bar No. 25259)
			Oilspill.MDL.Docket@carverdarden.com
			CARVER, DARDEN, KORETZKY, TESSIER,
			FINN, BLOSSMAN & AREAUX, LLC
			1100 Poydras Street, Suite 3100
			New Orleans, LA 70163
			Telephone: (504) 585-3800
			Fax: (504) 585-3801

			**ATTORNEYS FOR MOEX USA CORPORATION**

---

[3] A claim that MOEX USA engaged in "malicious, intentional conduct" would violate Rule 11.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on September 12, 2011.

                *s/ Robert S. Stassi*

4821-5350-5290, v.  5