UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE NO. 1 |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE SHUSHAN |
| No. 10-2771, 10-04536 and all cases | * | |
| in which Cameron International | * | |
| is named as a Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOEX OFFSHORE 2007 LLC'S BRIEF IN RESPONSE
TO THE COURT'S ORDER DATED SEPTEMBER 1, 2011,
WITH RESPECT TO THE CROSSCLAIMS OF CAMERON
INTERNATIONAL CORPORATION AND CARNIVAL
CORPORATION D/B/A CARNIVAL CRUISE LINES**

**MAY IT PLEASE THE COURT:**

MOEX Offshore 2007 LLC ("Offshore") respectfully submits this Brief in accordance with the Court's Order (Doc. 3890) inviting briefing as to "what effect, if any" the Court's decision dated August 26, 2011 (the "Decision"; Doc. 3830) "has on other Motions to Dismiss pending in this MDL."

Separately,[1] Offshore has filed briefing relating to the effect the Decision has on pending motions to dismiss asserted by claimants other than Cameron International Corporation ("Cameron") and Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival"). Pursuant to Federal Rule of Civil Procedure 10(c), Offshore expressly incorporates and adopts, as if set forth

---

[1] Undersigned counsel represent MOEX Offshore 2007 LLC solely with respect to the claims filed by and against Cameron and/or Carnival. Separate counsel represent MOEX Offshore 2007 LLC with regard to all other claims and defenses.

in full herein, its briefing and arguments in *Defendant MOEX Offshore 2007 LLC'S Brief In Response To The Court's Order Dated September 1, 2011* (Rec. Doc. 3979).

*(1).*
*The "Other Motions" to Dismiss Pending in*
*This MDL to Which This Briefing Applies*

This brief applies only to supplement previously filed memoranda of Offshore supporting motions to dismiss various crossclaims, counterclaims and third-party claims of Cameron and Carnival. Specifically, pursuant to Federal Rule of Civil Procedure 12(b)(6) Offshore filed and now supplements its briefing with regard to the following motions:

*Motion Of MOEX Offshore 2007 LLC To Dismiss Cross-Claims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 2955**), which moved to dismiss three duplicate crossclaims of Cameron against Offshore for contribution under the Oil Pollution Act ("OPA"), or alternatively Louisiana law, and against Offshore for contribution under general maritime law. These crossclaims are found in the record at Rec. Doc. 412 in #10-2771, at Rec. Doc. 2472 in #10-2179, and Rec. Doc. 2474 in #10-2179;

*Motion Of MOEX Offshore 2007 LLC To Dismiss Cross-Claims And Counterclaims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 3627**), which moved to dismiss four duplicative sets of crossclaims and/or counterclaims by Cameron, namely: (i) Answer of Third-Party Defendant Cameron to Third-Party Complaint, Together with Counterclaim and Cross-Claims (applicable to Docket No. 10-04536) (Rec. Doc. 2872); (ii) Answer of Cross-Defendant Cameron to BP's Cross-Claim, Together with Counterclaim and Cross-Claims (purportedly applicable to "all cases in which Cameron International is named Defendant") (Rec. Doc. 2865); (iii) Answer of Cross-Defendant Cameron to Cross-Claims of Anadarko Defendants, Together with Counterclaims and Cross-Claims (applicable to No. 10-2771) (Rec. Doc. 2867), and; (iv) Answer of Cross-Defendant Cameron to Cross-Claims of MOEX Offshore 2007, LLC, Together with Counterclaims and Cross-Claims (applicable to Docket No. 10-2771) (Rec. Doc. 2868).

*Motion of MOEX Offshore 2007 LLC To Dismiss Crossclaims Of Carnival Corporation d/b/a Carnival Cruise Lines For Failure To State A Claim Upon Which Relief Can Be Granted, And, Alternatively, Motion To Stay* (**Rec. Doc. 3818**), which moved this Court to dismiss the crossclaims asserted against Offshore by Carnival in its pleading styled *Answer To Complaint and Petition Of Triton Asset Leasing Gmbh et. al, Claim In Limitation and Cross Claim In Limitation and/or Third Party Complaint* (Rec. Doc. No. 384 in Action No. 10-2271) for failure to state a claim upon which relief can be granted.

*(2).*
*Cameron's Crossclaims and Counterclaims*
*Against Offshore Must Be Dismissed*

The several, duplicate crossclaims of Cameron against Offshore which are the subject of the above described motions assert identical claims for contribution under the Oil Pollution Act ("OPA"), or alternatively contribution under Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act and/or under general maritime law.

<u>Contribution Under State Law</u>.  Cameron's claims for contribution under state law are not viable in light of the Decision, for the reasons that state law is preempted by maritime law and the law of the adjacent state does not apply as surrogate law under the OCSLA.  *See*, Decision, at 11, 15, 18 and 38.

<u>Contribution Under General Maritime Law</u>.  The claims for contribution under general maritime law are not viable in light of the Decision, because each requires a showing of negligence or actual fault.  Cameron does not allege any facts at all purporting to show Offshore's separate fault; rather, Cameron only alleges, in an impermissibly conclusory fashion, that such liability is "[b]ased on allegations of the Complaint and the allegations of claims made in this action."  Cameron does not allege that Offshore had operational involvement in, control of, supervisory authority over or any access at all to any information not already available to BP and Transocean personnel either onshore or on the rig.  Under the Decision, absent such specific access and involvement, MOEX Offshore owed no tort duty to the Plaintiffs, and by extension can owe no contribution to Cameron under general maritime law.  *See*, Decision at 28-29, 39.

<u>Contribution Under OPA</u>. Although the Decision does not expressly address contribution under OPA, it does establish that Offshore as a non-operating party is not guilty of negligence or

fault. The OPA crossclaims should be dismissed on that ground; alternatively, the Court should rule on the grounds set forth in Offshore's motions to dismiss.

To the extent the Court finds any portion of Cameron's crossclaims and/or counterclaims survives the Decision, it should reach the separate grounds for dismissal advanced by Offshore in Doc. 2955-1.

*(3).*
*Carnival's Crossclaims and Counterclaims*
*Against Offshore Must Be Dismissed*

Carnival's "Cross Claim in Limitation and/or Third Party Complaint" (Doc. 384 in No. 10-02771) against Offshore asserts negligence, alleged violations of the OPA, or alternatively strict liability pursuant to the Florida Pollutant Discharge Prevention & Control Act, Florida Statute No. 376.011, *et seq.* ( "FPDPCA").

State Law Claims. Carnival's claims for state law negligence and/or brought under the FPDPCA should be dismissed because the Decision establishes that state law does not govern the claim, and specifically that FPDPCA claims are therefore dismissed. *See,* Decision at 11, 15, 18 and 38.

General Maritime Law Negligence. To the extent Carnival's "negligence" claim is based on maritime law, it must be dismissed because the Decision recognizes that Offshore, as a non-operating party, owed no tort duties in connection with its alleged access to information concerning the operations of its independent contractor, BP. *See,* Decision at 28-29, 39.

Additionally, this Court dismissed all maritime law claims for economic loss without accompanying physical injury under the rule of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). Decision at 19-20, 24-25, 38. Carnival's negligence claims likewise should be dismissed because they do not allege physical damage to property or other proprietary interest,

nor does Carnival allege that it is a commercial fisherman. See, *id*. Rather, Carnival alleges purely economic losses.

<u>OPA</u>. The OPA claims against Offshore should be dismissed for lack of presentment. Enforcing the presentment requirement against Carnival presents no logistical or administrative issues. Carnival has filed a single crossclaim against Offshore in the limitation action, so there is no administrative difficulty. In its crossclaims, Carnival alleges that it has presented interim, second interim, third amended and fourth amended claims to BP and Transocean pursuant to OPA (Rec. Doc. 384 in No. 10-2771, at ¶¶65 - 69.), but nowhere in its crossclaim does Carnival allege presentment to Offshore. Because the Decision establishes that presentment is a "mandatory condition-precedent" for OPA claims (Decision, at 31) and no administrative difficulty would result, Carnival's OPA claims against Offshore should be dismissed.

<u>Punitive Damages</u>. Carnival's demand for punitive damages (Rec. Doc. 384 in Civil Action No. 10-02771, at ¶160) should be dismissed, to the extent it applies to Offshore. Offshore was not negligent (Decision at 28-29, 39), and thus it cannot have been guilty of gross negligence, which the Decision establishes is the predicate for award of punitive damages (*id.* at 20, 27).[2]

To the extent the Court finds any portion of Carnival's crossclaims survives the Decision, it should reach the separate grounds for dismissal advanced by Offshore in Doc. 3813-1.

*(4).*
*Conclusion*

WHEREFORE, Defendant, MOEX Offshore 2007 LLC prays that the Court dismiss all crossclaims and/or counter-claims asserted against it by Cameron and Carnival for failure to state a claim upon which relief can be granted.

---

[2]   A claim that Offshore engaged in "malicious, intentional conduct" would violate Rule 11.

DATED:  September 12, 2011          */s/ Philip D. Nizialek*
Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR
MOEX OFFSHORE 2007 LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on September 12, 2011.

*/s/ Philip D. Nizialek*

4820-8534-7594, v. 4