UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Relates to: *Bundle A, B3 and C Claims* | * | JUDGE BARBIER |
| | * | |
| | * | MAG. JUDGE SHUSHAN |
| * * * * * * * * * * * * | | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE
TO THE COURT'S ORDER OF SEPTEMBER 1ST
REGARDING THE EFFECT OF THE B1 ORDER ON OTHER CLAIMS**

Plaintiffs, by and through Plaintiffs' Liaison Counsel and the Plaintiff Steering Committee, respectfully submit the following memorandum in response to the Court's ORDER of September 1, 2011 [Doc 3891] regarding the effect of the ORDER AND REASONS with respect to the B1 Master Complaint [Doc 3830] on the Bundle A, B3 and Local Government Entity claims:

**MAY IT PLEASE THE COURT:**

The Court would seem to have resolved the following issues with respect to the remaining actions and claims:

- Admiralty jurisdiction is present.

- OCSLA jurisdiction is also present.

- The law of the adjacent state is not surrogate Federal Law under OSCLA.

- Local Governments can assert claims under the General Maritime Law where they allege physical damage to a proprietary interest under the *Robins Dry Dock* rule.

- OPA does not displace General Maritime Law claims against non-Responsible Parties. OPA does displace General Maritime Law claims against Responsible Parties for economic losses, but only with regard to procedure – *i.e.,* OPA's presentment requirement, which is a condition precedent to some claims brought by Local Governments against Responsible Parties.[1]

- Plaintiffs do not have to present General Maritime Law claims against non-Responsible Parties.

- Claims for punitive damages under the General Maritime Law are available for Local Governments alleging physical damage to a proprietary interest against the Responsible Party (assuming, and to the extent, that OPA's presentment procedure is satisfied) and against non-Responsible Parties.

- Claims for punitive damages under the General Maritime Law are generally available to Bundle A and B3 Plaintiffs.

- Plaintiffs cannot assert claims against the Anadarko and/or MOEX entities under the General Maritime Law.

- Local Governments have alleged plausible OPA claims against Anadarko E&P.

- Local Governments do not have claims under the General Maritime Law for attorneys' fees.

---

[1] Claims under OPA against the Responsible Party for removal costs do *not* have to be presented. 33 U.S.C. §2717(f)(2).

The following issues and claims do not seem to have been resolved by the Court's Order on the Motions to Dismiss the B1 Master Complaint:

- Whether Plaintiffs can state a claim for strict liability under the General Maritime Law with respect to ultrahazardous activities;

- Whether some Bundle A claims for mental anguish, emotional distress, loss of future earnings, or punitive damages might be precluded by the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §30301, *et seq.* and/or the Jones Act, 46 U.S.C. §30104;

- Whether some of the Bundle A and/or B3 plaintiffs might have claims for attorneys' fees under the General Maritime Law due to bad faith in the failure to pay maintenance and cure and/or amounts due under the VoO charter agreements;

- Whether some of the B3 Defendants are entitled to derivative sovereign immunity or immunity under the Federal Tort Claims Act;

- Whether some of the B3 Defendants are entitled to a government contractor defense;

- Whether some of the B3 Defendants are entitled to responder immunity under the Clean Water Act; or,

- Whether B3 Plaintiffs have sufficiently alleged negligence *per se.*

The following additional unresolved issues are further addressed more fully herein: (i) the availability of medical monitoring remedies to symptomatic and/or asymptomatic B3 Plaintiffs; (ii) the lack of displacement and/or preemption of B3 claims under the Clean Water Act; (iii) the availability of State Law penalty claims.

**Medical Monitoring Claims Are Available  [B3 Bundle]**

The B3 Bundle Complaints include medical monitoring claims for both symptomatic and asymptomatic plaintiffs under general maritime law.  Plaintiffs with discernable injury seek medical monitoring as an element of personal injury damages.  *See, e.g., Hagerty v. L&L Marine Services, Inc.,* 788 F.2d 315, 319 (5th Cir. 1986), *reconsideration denied,* 797 F.2d 256 (5th Cir. 1986) (en banc); *see also, Metro-North Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 438 (1997) (assuming that symptomatic plaintiffs may recover medical monitoring expenses).   The Court should allow these claims to proceed.

With respect to **asymptomatic** plaintiffs – some of whom were exposed to oil and/or dispersants and/or other hydrocarbons within the territorial border of their respective states – there is a "gap" in the general maritime law.[2]  As the Court's B1 Order recognizes, where a gap exists, common law may serve to supplement the general maritime law so long as it is not "inconsonant with the substance of federal maritime law." *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 207 (1996).

Common law, in this respect, does allow for medical monitoring remedies, even for asymptomatic plaintiffs. *See, e.g., Metro-North Commuter Railroad Co. v. Buckley*, 521 U.S. 424, 440-444 (1997) (canvassing state-law cases and determined that the "currently evolving common law" permits recovery, with certain limitations, for medical monitoring by asymptomatic plaintiffs).

---

[2] *See* B3 OPPOSITION [Doc 1815], at 15-16.

Indeed, many jurisdictions that have addressed the question, (including Florida), allow medical monitoring relief for asymptomatic claimants.[3]  Moreover, such relief is not "inconsonant with the substance of federal maritime law." *Yamaha*, 516 U.S. at 207; *see Hagerty, supra,* 788 F.2d at 319 n.2 (noting that the remedy of medical monitoring is consistent with the traditional maritime obligation of maintenance and cure); *Dragon v. Cooper/T. Smith Stevedoring,* 726 So.2d 1006, 1011-1012 (La. App. 4th Cir. 1999) (court-supervised medical monitoring remedy for asymptomatic plaintiffs could be used to supplement Federal Maritime Law).[4]

Contrary to Defendants' contentions, *Buckley* did <u>not</u> foreclose the possibility of medical monitoring relief in the absence of discernable injury.  Determining that FELA was silent on the issue, the Court looked to common law to fill the gap.  Acknowledging that medical monitoring was available to asymptomatic plaintiffs under common law, the Court then looked to whether they were available in a "lump sum" under the specific facts in that case.  The Court did not hold that medical monitoring costs were never available in a "lump sum" to asymptomatic claimants;  instead, it held they were not available to the plaintiffs in <u>that</u> case because <u>they</u> lacked the requisite proof. *See*

---

[3] *See* B3 OPPOSITION [Doc 1815], at 17-18;  *see also, Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 334 (9th Cir. 1993) (predicting Guam would recognize a medical monitoring claim); *LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 836 (N.D. Ill. 2008); *Martin v. Shell Oil Co.*, 180 F. Supp. 2d 313, 323 (D. Conn. 2002); *Day v. NLO*, 851 F. Supp. 869, 879-80 (S.D. Ohio 1994); *Cook v. Rockwell Internat'l Corp.*, 755 F. Supp. 1468, 1477-78 (D. Colo. 1991); *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 900-02 (Mass. 2009); *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 717-18 (Mo. 2007) (permitting non-injury claims in environmental exposure context).

[4] Plaintiffs note that the Louisiana Civil Code has been subsequently amended to limit the medical monitoring remedy under State Law to symptomatic plaintiffs.

*Buckley,* 521 U.S. at 440-442.[5]  At the pleading stage, B3 Plaintiffs need not delineate the precise form that a medical monitoring remedy may ultimately assume; this question is for another day.  The asymptomatic B3 Plaintiffs have asserted claims for medical monitoring under any and all available forms.  As such, and in accordance with this Court's findings in its B1 Order, Defendants' motions to dismiss should be denied.

**No Preemption or Displacement of B3 Claims under the Clean Water Act**

Plaintiffs do not interpret the Court's B1 Order to hold that claims under either the General Maritime Law or State Law are displaced or preempted by the Clean Water Act under the *Ouellette* decision.[6]  Rather, Plaintiffs understand that the application of State Law was rejected in favor of the uniform body of Federal Maritime Law (including the statutory provisions of OPA) – *i.e.* the prevailing "rationale" in *Ouellette*.[7]  For the reasons previously briefed,[8] and consistent with the Court's B1 Order, neither General Maritime Law nor State Law claims by B3 Plaintiffs should be preempted or displaced by the Clean Water Act.  *See* 33 U.S.C. §1321(c)(4)(B)(i) (exemption from

---

[5] *See also, Dragon, supra,* 726 So.2d at 1011-1012 ("We find that the holding of the Supreme Court in *Buckley* speaks directly to a cause of action for a lump-sum award for medical monitoring. We are unable to conclude that the holding precludes a claim under FELA for all types of medical monitoring clams. In fact, in rendering its decision, the Supreme Court was careful to point out that its holding did not include the extent to which the federal legislation may accommodate medical costs recovery rules more finely tailored than the one considered therein").

[6] *International Paper Co v. Ouellette,* 479 U.S. 481 (1987).

[7] *See* ORDER AND REASONS [Doc 3830], p.16.

[8] *See* B1 OPPOSITION [Doc 1821], pp.50-53; *see also,* B3 OPPOSITION [Doc 1815], pp.35-38.

Page 6

liability does not apply to Responsible Party);  §1321(c)(4)(B)(iii) (exemption from liability does not apply to claims for personal injury); and §1321(c)(4)(B)(iv) (exemption does not apply to a party guilty of gross negligence or willful misconduct).

**State Law Claims for Civil and/or Criminal Penalties (as Distinguished from Private Economic Loss Claims)  [Bundle C: Local Government Master]**

The Court dismissed the State Law private economic damages claims as preempted in favor of uniform remedies for the same damages under Federal Maritime Law.  Unlike compensatory damage claims, however, civil and/or criminal penalties are of an inherently separate nature and character than the body of tort law that exists within the General Maritime Law.  Thus, they properly "supplement" Federal Law without threatening a uniform maritime system.  Furthermore, special consideration should be give to a government's penalty claims, as they stem from the State's inherent and plenary police power.[9]

This 12th day of September, 2011.

Respectfully submitted,

| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |

---

[9] *See United Haulers Ass'n v. Oneida-Herkimer Solid Waste Mgmt Auth,* 550 U.S. 330, 342-343 (2007).

| | |
|---|---|
| New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Fax No. (504) 569-6024<br>E-Mail: **sherman@hhkc.com**<br>*Plaintiffs Liaison Counsel* | Lafayette, Louisiana 70501<br>Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail: **jimr@wrightroy.com**<br>*Plaintiffs Liaison Counsel* |

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA<br>316 South Baylen St., Suite 600<br>Pensacola, FL 32502-5996<br>Office: (850) 435-7045<br>Telefax: (850) 436-6187<br>E-Mail: **bbarr@levinlaw.com** | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY 10003<br>Office: (212) 558-5802<br>Telefax: (212) 344-5461<br>E-Mail: **rgreenwald@weitzlux.com** |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA 23510<br>Office: (757) 670-3888<br>Telefax: (757) 670-3895<br>E-Mail: **jbreit@bdbmail.com** | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.<br>218 Commerce St., P.O. Box 4160<br>Montgomery, AL 36104<br>Office: (334) 269-2343<br>Telefax: (334) 954-7555<br>E-Mail: **rhon.jones@beasleyallen.com** |
| Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Office: (415) 956-1000<br>Telefax: (415) 956-1008<br>E-Mail: **ecabraser@lchb.com** | Matthew E. Lundy<br>LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, LA 70601<br>Office: (337) 439-0707<br>Telefax: (337) 439-1029<br>E-Mail: **mlundy@lundylawllp.com** |
| Philip F. Cossich, Jr.<br>COSSICH, SUMICH, PARSIOLA & TAYLOR<br>8397 Highway 23, Suite 100<br>Belle Chasse, LA 70037<br>Office: (504) 394-9000<br>Telefax: (504) 394-9110<br>E-Mail: **pcossich@cossichlaw.com** | Michael C. Palmintier<br>deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'<br>618 Main Street<br>Baton Rouge, LA 70801-1910<br>Office: (225) 344-3735<br>Telefax: (225) 344-0522<br>E-Mail: **mpalmintier@dphf-law.com** |
| Robert T. Cunningham | Paul M. Sterbcow |

| | |
|---|---|
| CUNNINGHAM BOUNDS, LLC<br>1601 Dauphin Street, P. O. Box 66705<br>Mobile, AL 36660<br>Office: (251) 471-6191<br>Telefax: (251) 479-1031<br>E-Mail: **rtc@cunninghambounds.com**<br><br>Alphonso Michael "Mike" Espy<br>MORGAN & MORGAN, P.A.<br>188 East Capitol Street, Suite 777<br>Jackson, MS 39201<br>Office: (601) 949-3388<br>Telefax: (601) 949-3399<br>E-Mail: **mike@mikespy.com**<br><br>Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA 70726<br>Office: (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail: **calvinfayard@fayardlaw.com**<br><br>Ervin A. Gonzalez<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail: **ervin@colson.com** | LEWIS, KULLMAN, STERBCOW & ABRAMSON<br>601 Poydras Street, Suite 2615<br>New Orleans, LA 70130<br>Office: (504) 588-1500<br>Telefax: (504) 588-1514<br>E-Mail: **sterbcow@lksalaw.com**<br><br>Scott Summy<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219<br>Office: (214) 521-3605<br>Telefax: (214) 599-1172<br>E-Mail: **ssummy@baronbudd.com**<br><br>Mikal C. Watts (PSC)<br>WATTS GUERRA CRAFT, LLP<br>Four Dominion Drive, Building 3, Suite 100<br>San Antonio, TX 78257<br>Office: (210) 447-0500<br>Telefax: (210) 447-0501<br>E-Mail: **mcwatts@wgclawfirm.com** |

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the above and foregoing Brief will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 12th day of September, 2011.

/s/  James Parkerson Roy and Stephen J. Herman