IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO:<br>All Cases | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**BRIEF OF DRIL-QUIP, INC.
IN RESPONSE TO INVITATION OF THE COURT**

Defendant Dril-Quip, Inc. ("Dril-Quip") moved to dismiss the First Amended Master Complaint (Bundle B1) [Doct. 2107], for failure to state a claim. The other defendants filed similar motions. On August 26, 2011, the Court issued its Order and Reasons [Doct. 3830], granting in part and denying in part defendants' motions and, on September 1, 2011, issued a further order [Doct. 3891] inviting the parties to state their views as to the effect of the Order and Reasons on other pending motions to dismiss. This Brief is Dril-Quip's response to the Court's invitation. By submitting it, Dril-Quip does not waive any issue or ground set forth in any of its motions to dismiss, and Dril-Quip will discuss only its own pending motions to dismiss.

**Procedural History**

To date, Dril-Quip has filed thirteen motions to dismiss in this Court.[1] These motions were of two general types: (1) complex, multiple-issue motions responding to the Bundle B1, B3 and C Master Complaints,[2] in which Dril-Quip was not named as a party, but to which it was obliged to respond by the tender of Defendants to Plaintiffs by Defendant Transocean in

---

[1] Docts. 1554, 1902, 2107, 2108, 2442, 2445, 2884, 2887, 2891, 2896, 2914, 3253, and 3254.
[2] Docts. 2107, 2108, and 2442.

Document 1320; and (2) simpler motions addressed to the Transocean tender[3] and the cross-claims and counterclaims of co-defendants[4] and to one Bundle A plaintiff, whose complaint[5] required a response pursuant to the Federal Rules of Civil Procedure before the Court issued its order staying activity in Bundle A cases.[6]

Like other Defendants' motions, Dril-Quip's Type One motions consisted primarily of grounds attacking the legal sufficiency of Plaintiffs' claims, especially OPA claims and state law claims.[7]  The Type One motions also asserted that the facts pleaded in the B1, B3 and C Complaints were factually insufficient to state a claim against Dril-Quip for negligence (and, *a fortiori*, gross negligence) or products liability.[8]  The Type Two motions, directed to Trahan and co-defendants, rested only on the factual insufficiency grounds, which were asserted in all of Dril-Quip's motions to dismiss.[9]

### Effect of Order and Reasons on Dril-Quip Motions to Dismiss

Dril-Quip submits that the Order and Reasons:

> (1) granted the type of relief sought in its B3 Motion, subsections III.D. & E., and its C Motion, subsections III.C. & D., disallowing state law claims;
>
> (2) granted in part the type of relief sought in its B3 Motion, subsection III.B., and its C Motion, subsection III.B., by limiting Oil Pollution Act (OPA) claims to *Robins Dry Dock*[10] and commercial fishermen's claims; and

---

[3] Doct. 1902.
[4] Docts. 2445, 2884, 2287, 2891, 2896, 2914, 3253, and 3254.
[5] Doct. 1554.
[6] Doct. 1730.
[7] *See, e.g*., B1 Motion [Doct. 2107], Sections II-IV; B3 Motion [Doct. 2108], subsections III.B., D. & E.; C Motion [Doct. 2442], subsections III. B.-D.
[8] *See, e.g.,* B1 Motion, Section I; B3 Motion, Section III preamble and subsection III.A.; C Motion, Section III preamble and subsection III.A.
[9] The distinction between "legal sufficiency" and "factual sufficiency" challenges was developed and explained in Kevin M. Clermont & Stephen C. Yeazell, *Inventing Tests, Destabilizing Systems*, 95 Iowa L. Rev. 821, 829-30 (2010).  "As to factual sufficiency, the plaintiff practically must plead facts and even some evidence.  The plaintiff should give a particularized mention of the factual circumstances of each element of the claim.  The degree of particularization should be sufficient to make plausible an inference of liability." *Id*. at 830.
[10] *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S.  303 (1927).

    (3) failed to reach Dril-Quip's factual sufficiency ground, thereby leaving unaffected the factual sufficiency portions of its B1, B3 and C Motions identified in note 8, *supra*, and the motions identified in notes 4 and 5, *supra*.

Support for Submission 1 lies in Finding 5 of the Order and Reasons. Support For Submission 2 lies in Findings 6 through 9 thereof.

 Support For Submission 3 may be found in:

    (a) the limitation of the Order and Reasons to Defendants' B1 Motions and legal sufficiency issues raised therein;

    (b) the absence of any explicit treatment of, or finding on, the factual sufficiency ground;

    (c) the absence of any summarizing language (e.g., "all relief not granted herein is denied") in the Order and Reasons;

    (d) the clear mandate of the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), and of the Fifth Circuit in cases like *Funk v. Stryker*, 631 F.3d 777 (2011), to review each complaint for nonconclusory factual allegations that establish the plausibility of a cognizable legal claim against each defendant;

    (e) the differences among the complaints, cross-complaints, and countercomplaints Dril-Quip has moved to dismiss;

and (f) the outstanding Motion to Dismiss Transocean's Third-Party Complaint [Doct. 1902], without treatment of which the Court's Finding 13 ("Dril-Quip remains a 14(c) Defendant") is only a statement of current procedural status.

Because Dril-Quip is confident that this Court has not denied and will not deny it the tailored factual sufficiency review required by the Supreme Court and the Fifth Circuit, it can only conclude that the Court has reserved this review for another day, and that the Order and Reasons of August 26, 2011, do not affect Dril-Quip's other motions on this ground.

Date:   September 12, 2011

                            Respectfully submitted,

                            **WARE, JACKSON, LEE & CHAMBERS, LLP**

                BY:  /s/ C. Dennis Barrow, Jr._____
                         Don Jackson
                         Texas Bar No. 10476000
                         Fed ID No. 6915
                         C. Dennis Barrow, Jr.
                         Texas Bar No. 00796169
                         Fed ID No. 20624
                         2929 Allen Parkway, 42nd Floor
                         Houston, TX 77019
                         Phone: (713) 659-6400
                         Fax: (713) 659-6262
                         Counsel for Defendant, Dril-Quip, Inc.

**CERTIFICATE OF SERVICE**

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of September, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.