IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>*All Cases* | * * * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

BP'S SUBMISSION CONCERNING THE EFFECT
OF THE B1 MOTION TO DISMISS ORDER ON PENDING MOTIONS TO DISMISS

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:     (504) 581-7979
Facsimile:     (504) 556-4108


Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Telephone:     (202) 662-5985

*Attorneys for BP*

## **TABLE OF CONTENTS**

**Page**

Introduction ..................................................................................................................................1

Argument .....................................................................................................................................1

I.      The Court's Dismissal of the B1 State Law Claims Mandates Dismissal of All State Law Claims in Other Complaints. .............................................................................1

II.     The Court's Ruling on Maritime Law Claims Leaves the States and the Local Government Entities with Only Limited Claims for Punitive Damages. ............................4

III.    The Court's Holding that Presentment Is a Mandatory Condition Precedent Requires Dismissal of the States' Claims for OPA Damages.............................................6

Conclusion ...................................................................................................................................7

i

## INTRODUCTION

The Court's B1 Order has broad implications for BP's pending motions to dismiss Alabama's and Louisiana's Complaints, the Local Government Entity ("LGE") Master Complaint, and the B3 and D1 Complaints, including mandating the dismissal of all plaintiffs' state law claims and greatly limiting the effective scope of the governmental plaintiffs' maritime law claims for compensatory and punitive damages.[1]  First, the Court's holding that the B1 plaintiffs' state law claims are preempted compels the dismissal of all state law claims brought by the governmental and private plaintiffs.  Second, the Court's holding that *Robins Dry Dock* requires dismissal of maritime law claims not alleging physical injury to a proprietary interest greatly reduces the number of plaintiffs who can seek compensatory or punitive damages under maritime law and the amount of damages that plaintiffs can potentially recover.  Finally, the Court's holding that presentment is a mandatory condition precedent compels the dismissal of the States' OPA claims, as well as the claims of many local government entities that have not presented their OPA claims.[2]

## ARGUMENT

### I. THE COURT'S DISMISSAL OF THE B1 STATE LAW CLAIMS MANDATES DISMISSAL OF ALL STATE LAW CLAIMS IN OTHER COMPLAINTS.

In its order, the Court noted that this "case [did] not concern conduct within state borders (waters)," but instead that "[t]his casualty occurred over the Outer Continental Shelf—an area of 'exclusive federal jurisdiction.'"  (B1 Order at 12.)  The distinction reflects an important

---

[1]  *See* Docs. 2644, 2214, 1406, and 1441.  Prior to filing its motion to dismiss the LGE Master Complaint, BP also filed a motion to dismiss the complaints of certain individual local government entities and three Mexican States.  (Doc. 1786.)  The discussion of the B1 Order's effect on the motion to dismiss the LGE Master Complaint applies equally to that motion to dismiss.

[2]  By submitting this brief, BP does not waive any argument asserted in its motion to dismiss the B1 Master Complaint or in any other brief submitted to this Court.

limitation on a state's powers. As the Court recognized, although States may create liability for conduct within their borders, this authority must give way when it comes to conduct occurring outside of state waters. Accordingly, the Court dismissed all claims by the B1 plaintiffs under State law, concluding that "[s]tate law, both statutory and common, is preempted by maritime law, notwithstanding OPA's savings provisions." (*Id.* at 38.) This reasoning applies with equal force to all state law claims brought by Alabama, Louisiana, the LGEs, and the B3 and D1 Plaintiffs. The state law claims that should be dismissed are Count III of Alabama's First Amended Complaint; Counts II-IV, VI, and XI-XXIII of Louisiana's First Amended Complaint; Count III of the Local Government Entity Master Complaint; Counts III, IV, V, VII, VIII, and IX of the First Amended B3 Master Complaint; and Claims IX and X of the D1 Complaint.[3] Moreover, to the extent any plaintiffs have sought punitive damages under state law, such claims are also subject to dismissal.

The Court has already considered and rejected the very arguments that the States, the LGEs, and the B3 Plaintiffs have made in an attempt to save their state law claims from dismissal. For example, like the B1 Plaintiffs, the States, the LGEs, and the B3 Plaintiffs, relying on *Yamaha Motor Corp. U.S.A. v. Calhoun*, 516 U.S. 199 (1996), and similar cases, have argued that "state law can 'supplement' general maritime law, either where there is a substantive gap in maritime law or where there is no conflict with maritime law." (B1 Order at 9; *see* Ala. Opp. (Doc. 3203) at 7-8; La. Opp. (Doc. 3213) at 7-8; LGE Opp. (Doc. 3186) at 11; B3 Opp. (Doc. 1815) at 13-15.) In *Yamaha*, the Supreme Court held that general maritime law's wrongful

---

[3] The Ninth Claim in the D1 Master Complaint is ostensibly rooted not only in state law but in maritime law, but the citizen plaintiffs that are party to the D1 Master Complaint do not have proprietary interests that can satisfy *Robins Dry Dock* and so they have no viable maritime law claims. Moreover, the Ninth Claim seeks injunctive relief, and as the Court noted at the May 26, 2011 oral argument: "So what is there to enjoin, is the point …. The well is dead." (May 26, 2011 Tr. 134:20-21 & 135:18.)

death action did not preempt state law. But as this Court held in the B1 Order, *Yamaha* provides no support for permitting state law claims to proceed here. (B1 Order at 14.) Unlike in *Yamaha*, there is no substantive gap for state law to fill, since OPA and general maritime law provide remedies.[4] (*Id.*) Equally important, the *Deepwater Horizon* incident, unlike the incident in *Yamaha*, occurred beyond state waters and in an exclusive federal enclave. (*Id.*)

The States and the LGE plaintiffs, like the B1 plaintiffs, also rely on OPA's savings provisions. (B1 Order at 14-15; *see*, *e.g.*, Ala. Opp. (Doc. 3203) at 14; La. Opp. (Doc. 3213) at 5-6; LGE Opp. (Doc. 3186) at 12-13.) But as the Court held, these provisions do not "giv[e] States the power to govern out-of-state conduct affecting multiple states." (B1 Order at 15.) Moreover, the Court also explicitly considered and rejected the States' Coordinating Counsel's argument (made long after oral argument occurred and the B1 motions were taken under advisement) about OCSLA's repealed savings clause. (*Id.* at 16 n. 9.)

In sum, the Court's holding that state statutory and common law claims are preempted applies fully to all state law claims brought by the States, the Local Government Entities, and the B3 and D1 Plaintiffs, and these claims must be dismissed with prejudice.

---

[4] The lack of a gap in federal law is equally compelling with respect to the States' and the LGEs' claims for penalties and the B3 Plaintiffs' claims for personal injury damages. Just as OPA provides remedial damages, the Clean Water Act and OCSLA establish penal and regulatory oversight to the extent Congress saw fit to provide it. And the Jones Act and other causes of action in federal maritime law provide for recovery of damages for seamen and others injured by torts at sea. Moreover, the Court's other reasons for holding that state law is preempted by maritime law also apply to state law claims for both economic damages and penalties or personal injury damages. (B1 Order at 11-18.)

## II. THE COURT'S RULING ON MARITIME LAW CLAIMS LEAVES THE STATES AND THE LOCAL GOVERNMENT ENTITIES WITH ONLY LIMITED CLAIMS FOR PUNITIVE DAMAGES.[5]

The Court held that "[t]o allow a general maritime claim against the Responsible Party would serve to frustrate and circumvent the remedial scheme in OPA. Thus, claimants' maritime causes of action against a Responsible Party [such as BP] are displaced by OPA, such that all claims against a Responsible Party for damages covered by OPA must comply with OPA's presentment procedure." (B1 Order at 26.) Alabama's, Louisiana's, and the LGEs' maritime law claims against BP (to the extent any survive the Court's B1 ruling and are valid under *Robins Dry Dock* and otherwise) seek the same types of compensatory damages that are available under OPA[6] and provide these plaintiffs with no additional benefit except, in some instances, a limited opportunity to seek punitive damages under maritime law. (*See id.*)

In addition, according to the B1 Order, the *Robins Dry Dock* rule bars maritime law claims unless the claimants allege physical injury to their property or other proprietary interest. (*Id.* at 24-25.) Accordingly, the maritime law claims of LGEs that do not allege such injury must similarly be dismissed. (*See* LGE Compl. ¶ 115 ("***Some*** Claimants own or lease real property, and have suffered the loss, destruction, and/or diminution in value of their property as a result of the Spill.") (emphasis added).)

---

5  In a case decided after oral argument on the motions to dismiss the B1 complaint, the Supreme Court confirmed that, contrary to plaintiffs' argument, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), and *Atlantic Sounding Co. v. Townsend*, -- U.S. --, 129 S. Ct. 2561 (2009), did not alter the well-established displacement analysis. *See American Electric Power Co. v. Connecticut*, -- U.S. --, 131 S. Ct. 2527 (June 20, 2011) ("AEP"). In its reply brief in support of its motion to dismiss the LGE Master Complaint, BP explained why *AEP* compels the conclusion that plaintiffs' maritime claims be dismissed. (Section II, Doc. 3585). BP respectfully requests that in ruling on the still-pending motions, the Court re-examine its displacement analysis and reliance on *Baker* and *Townsend* in light of the Supreme Court's more recent discussion of displacement in *AEP*.

6  *Compare*  33 U.S.C. § 2702(b) (listing types of OPA damages) with Ala. First Am. Compl. ¶ 135; La. First Am. Compl. ¶ 247; LGE Compl. ¶ 585 (listing compensatory damages sought under maritime law).

Alabama and Louisiana have both alleged damage to their property. (*E.g.*, Ala. First Am. Compl. ¶ 82; La. First Am. Compl. ¶ 130.) An allegation of physical injury, however, does not permit a claimant to recover *all* economic losses; instead such a claimant may only recover those losses that "directly flow" from the physical injury. *See Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 202 (5th Cir. 1995) (rejecting argument that the economic loss principle "simply requires a showing of damage to some proprietary interest of the plaintiff, in order to open the door to recovery for all [foreseeable] purely economic damages") (cited in LGE Mem. at 6).

In conclusion, in light of the Court's B1 Order, the only possible maritime law claims that may be asserted by the governmental plaintiffs against a responsible party such as BP that are not wholly duplicative of OPA claims are limited claims for punitive damages. Any such claim, and the amount of punitive damages recoverable, must be limited by due process, and connected to the amount of compensatory damages available under maritime law; those compensatory damages, in turn, are limited by the *Robins Dry Dock* rule to damage to physical property and economic damages directly flowing from such property damage.

Punitive damages are also unavailable to the B3 Plaintiffs for any personal injuries suffered during the response effort. The Court's B1 ruling addressed punitive damages only with respect to property and economic damage and accordingly considered whether OPA occupies the entire field governing liability for oil spills. (B1 Order at 24.) The Jones Act, which provides the exclusive remedy for seamen pursuing a personal injury claim, does not allow for the recovery of punitive damages except in limited circumstances such as failure to provide maintenance and cure benefits. (*See* BP's B3 Motion (Doc. 1406-1) at 22-4.) While Plaintiffs maintain that BP was not the Jones Act employer, Courts have made it clear that the principle of uniformity established by *Miles v. Apex Marine Corp.*, 498 U.S. 19, 36 (1990), bars punitive

5

damages under general maritime law regardless of whether plaintiffs are Jones Act seamen.  (B3 Mot. at 24.)  For these reasons and as stated in BP's Motion to Dismiss the B3 Complaint and Reply Brief, the Court should dismiss the punitive damages claims in the First Amended B3 Complaint.

### III.  THE COURT'S HOLDING THAT PRESENTMENT IS A MANDATORY CONDITION PRECEDENT REQUIRES DISMISSAL OF THE STATES' CLAIMS FOR OPA DAMAGES.

The Court ruled that presentment was "a mandatory condition precedent to filing suit." (B1 Order at 30.)  As the Court explained, "the text of OPA *clearly requires* that OPA claimants must first 'present' their OPA claim to the Responsible Party before filing suit."  (*Id.* at 29 (emphasis added).)  This holding compels the conclusion that the OPA claims of Alabama and Louisiana must be dismissed for failure to meet the presentment requirement.

Given the Court's holding and the plain and mandatory language requiring presentment, the Court should reject the States' and LGEs' arguments that they are not required to present. Relying on a "[p]eriod of limitations" provision, Alabama, Louisiana, and the LGEs have argued that OPA's presentment requirement does not apply to them.  (Ala. Opp. (Doc. 3203) at 23-26; La. Opp. (Doc. 3213) at 13-14; LGE Opp. (Doc. 3186) at 24-25.)  That provision states that "[e]xcept as otherwise provided in this paragraph, an action may be commenced under this subchapter for recovery of [OPA] removal costs at any time after such costs have been incurred." 33 U.S.C. § 2717(f)(2).  As BP explained in its reply briefs, however, this provision specifies when an action for removal costs *accrues*; the interpretation advanced by the States and the LGEs would completely nullify Section 2713's presentment requirement in any action involving removal costs.  (*See* BP's Ala/La Reply (Doc. 3584) at 14-17; BP's LGE Reply (Doc. 3585) at 14-17.)

6

BP respectfully submits that because of the Court's ruling that presentment is a mandatory condition precedent to filing suit, the Court should determine whether the States of Alabama and Louisiana have presented their claims under OPA. Analysis of the presentment by these two States does not implicate the Court's concerns about the "significant practical problem" of reviewing presentment by the many B1 claimants (B1 Order at 31), and the States should not be permitted to pursue OPA claims in the absence of fulfilling that Act's mandatory condition precedent.

As BP explained in its briefing, neither Alabama nor Louisiana has fulfilled the presentment requirement. (BP's Ala/La Mem. (Doc. 2644-1) § II.A; BP's Ala/La Reply (Doc. 3584) § III.) Their allegations of presentment are conclusory and insufficient and their OPA claims must therefore be dismissed. (*See* B1 Order at 3 ("The Court is not, however, bound to accept as true legal conclusions couched as factual allegations.") (citing *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009).)[7] Moreover, many of the LGEs have failed to present their OPA claims, and such claims are therefore also legally insufficient. (BP's LGE Mem. (Doc. 2214-1) § II; BP's LGE Reply (Doc. 3585) § IV.)

## CONCLUSION

For the foregoing reasons and those stated in its briefing on its motions to dismiss, BP respectfully requests that the Court rule on the pending motions to dismiss as discussed herein.

---

[7] In its order, the Court did not decide "what constitute[d] 'presentment.'" (B1 Order at 31 n.16.) BP respectfully refers the Court to its previous briefing, which showed that claimants must submit a written claim specifying both the ***amount of damages sought*** (referred to in OPA as a "sum certain," *see* 33 U.S.C. § 2701(3)), and provide evidence and ***information sufficient for BP to assess*** whether (i) the alleged loss satisfies OPA's causation requirements and (ii) the claimant incurred the amount of damages alleged. Moreover, courts have not relied on a plaintiffs' allegations but have instead carefully analyzed the substance of OPA claims to ensure that they comply with the standard. (*See generally* BP's Ala/La Mem. (Doc. 2644-1) § II.A; BP's Ala/La Reply (Doc. 3584) § III.)

Date:  September 12, 2011                                  Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

***Attorneys for BP***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of September, 2011.

                        /s/ Don K. Haycraft
                           Don K. Haycraft