UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document applies to:<br><br>2:10-cv-2771;<br>2:10-cv-03059;<br>2:10-cv-04182;<br>2:10-cv-04183;<br>2:11-cv-0056 | § § § § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

## M-I L.L.C.'S BRIEF REGARDING IMPACT OF COURT'S ORDER AND REASONS AS TO MOTIONS TO DISMISS THE B1 MASTER COMPLAINT

Defendant M-I L.L.C. ("M-I") submits this brief regarding the effect of the Court's August 26, 2011 Order and Reasons as to the Motions to Dismiss the B1 Master Complaint (Rec. Doc. 3890) on other pending motions to dismiss.

The legal rulings in the Court's Order require dismissal, in whole or in part, of four other complaints: the State of Alabama's First Amended Complaint ("Ala. Compl.") (Rec. Doc. 1872); the State of Louisiana's First Amended Complaint ("La. Compl.") (Rec. Doc. 2031); the Local Government Entity Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint ("Bundle C Master Compl.") (Rec. Doc. 1510); and Carnival Corporation's Cross-Claim and/or Third Party Complaint ("Carnival Compl.") (Rec. Doc. 384 in 2:10-cv-02771).

Two parts of the Court's August 26 Order impact M-I's pending motions to dismiss. First, the Court determined that plaintiffs could not bring claims under state law for economic damages and dismissed all such claims, whether common law or statutory. Order 8-18, 38. Second, the Court held that the *Robins Dry Dock* rule applies to maritime law claims and

1

dismissed all claims (other than those by commercial fishermen) that do not allege physical damage to a proprietary interest. *Id.* at 18-26, 38. These rulings mandate dismissal of several other claims against M-I.

Alabama, Louisiana, and the Bundle C Master Complaint Plaintiffs all allege claims for economic damages under state law. Alabama asserts claims for public and private nuisance, trespass, negligence, and wantonness under state law and violations of five state pollution statutes. Ala. Compl. ¶¶ 220-38, 282-345. Louisiana asserts one state law claim pursuant to a state environmental statute. La. Compl. ¶ 194. The Bundle C Master Complaint Plaintiffs assert claims for public and private nuisance and trespass under Texas, Louisiana, Mississippi, Alabama, and Florida law as well as violations of Louisiana and Texas statutes. Bundle C Master Compl. ¶¶ 670-90, 727-46. The Court's determination that all state law claims are preempted forecloses these claims. Thus, the state law claims of Alabama, Louisiana, and the Bundle C Master Complaint Plaintiffs must be dismissed.

Additionally, these Plaintiffs all seek economic damages under general maritime law. Alabama's damages request includes lost tax revenue and increased cleanup and public services costs. Ala. Compl. ¶ 92. Louisiana's allegations similarly include damages for loss of tax revenue, increased cost of public services, and damage to "industry." La. Compl. ¶¶ 247, 257. Some of the Bundle C Master Complaint Plaintiffs either do not own the relevant property or assert damages for similar items. Bundle C Master Compl. ¶¶ 163, 172-73. *Robins Dry Dock* squarely prohibits such recovery. Thus, to the extent these Plaintiffs seek economic damages based on anything other than physical damage to a proprietary interest, the claims must be dismissed.

Carnival also seeks economic damages from M-I based on state law and general maritime law. Under the Court's reasoning in the Order, Carnival's state law claims for negligence and gross negligence (Carnival Compl. ¶ 74(t)) must be dismissed. Moreover, Carnival alleges no physical damage to a propriety interest. Carnival instead bases its economic damages allegations on such things as increased fuel and cleanup costs and decreased revenue, *id.* ¶ 77, meaning none of its claims for economic damages survive the *Robins Dry Dock* rule. Therefore, Carnival's entire complaint as to M-I must be dismissed.

<div align="center">*   *   *</div>

For the foregoing reasons, the Court should dismiss complaints against M-I as follows:

- State of Alabama's First Amended Complaint (Rec. Doc. 1872): dismiss all state law claims and all claims for economic damages to the extent Alabama fails to allege physical damage to a proprietary interest.

- State of Louisiana's First Amended Complaint (Rec. Doc. 2031): dismiss all state law claims and all claims for economic damages to the extent Louisiana fails to allege physical damage to a proprietary interest.

- Local Government Entity Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint (Rec. Doc. 1510): dismiss all state law claims and all claims for economic damages to the extent the Bundle C Master Complaint Plaintiffs fail to allege physical damage to a proprietary interest.

- Carnival Corporation's Cross-Claim and/or Third Party Complaint (Rec. Doc. 384 in 2:10-cv-02771): dismiss entire complaint as to M-I, including all state law claims and all claims for economic damages.

<div style="display: flex;">

<div>

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

September 12, 2011

</div>

<div>

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas 77002
    Telephone: (713) 890-5000
    Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT M-I L.L.C.**

</div>

</div>

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Brief Regarding Impact of Court's Order and Reasons as to Motions to Dismiss the B1 Master Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of September, 2011.

/s/ *Hugh E. Tanner*
Hugh E. Tanner