## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig **"Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010**<br><br><br>**This Document applies to: 10-md-2179 and 10-2771** | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br><br>**MAGISTRATE SHUSHAN** |

### TRANSOCEAN'S BRIEF IN RESPONSE TO THE COURT'S REQUEST FOR PARTY SUBMISSIONS REGARDING THE COURT'S ORDER AND REASONS OF AUGUST 26, 2011

Defendants Transocean Offshore Drilling Inc. ("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively "Transocean") files its Brief as to what effect, if any, the Court's August 26, 2011 Reasons and Order have on other Motions to Dismiss pending in this MDL.

### BACKGROUND

In the Court's Order and Reasons of August 26, 2011 (**Rec. Doc. 3830**) (hereinafter "Order and Reasons"), this Court made a number of rulings which are fully applicable to currently pending Motions to Dismiss and, in conjunction with these Motions to Dismiss, serve to dispose of many of the claims asserted in the First Amended Complaint of the State of Louisiana (**Rec. Doc. 1872**), the First Amended Complaint of the State of Alabama (**Rec. Doc. 2031**), the Bundle C Master Complaint (**Rec. Doc. 1510**), and the First Amended Bundle B3 Master Complaint (**Rec. Doc. 1812**).  Pursuant to the Court's Order dated September 1, 2011 (**Rec. Doc. 3891**), the parties were invited to submit briefing not to exceed 10 pages in length as

to what effect, if any, the Court's Order and Reasons has on other pending Motions to Dismiss. Transocean hereby provides its Brief to the Court for its consideration.

Four holdings of the Court are directly applicable to pending Motions to Dismiss which have been filed in response to the First Amended Complaint of the State of Alabama, the First Amended Complaint of the State of Louisiana, the Bundle B3 Master Complaint and the Bundle C Master Claim/Complaint.  These holdings are: (1) All claims based on state law are dismissed; (2) General Maritime Law claims against non-Responsible Parties that do not allege physical damage to a proprietary interest are dismissed; (3) Claims for declaratory relief are dismissed; and (4) Presentment is a mandatory condition precedent for OPA claims.  The application of these holdings is addressed below.[1]

## ALL CLAIMS BASED ON STATE LAW ARE DISMISSED

This Court's holdings on jurisdiction, choice of law, and preemption are fully applicable to Motions to Dismiss[2] which have been filed as to the State of Alabama's First Amended Complaint, the State of Louisiana's First Amended Complaint, the Bundle C Master Claim/Complaint, Cross-Claim and Third-Party Complaint (hereafter "Bundle C Master Claim/Complaints"), and the Bundle B3 Master Complaint.  These holdings are:

---

[1]  The Court's Order and Reasons also addressed Dril-Quip as a 14(c) Defendant.  Dril-Quip, which was not named as a Defendant in the B1 First Amended Master Complaint, filed a Motion to Dismiss (**Rec. Doc. 2107**) the B1 Amended Master Complaint, raising a number of issues, including the sufficiency of the factual allegations against Dril-Quip under *Iqbal/Twombly*.  This Court, however, ruled that, notwithstanding the Motion to Dismiss "Dril-Quip remains a 14(c) Defendant with respect to Plaintiffs' Claims saved by this Order."  (**Rec. Doc. 3830**, at 34).

[2]  These respective motions are those Multiple Motions to Dismiss the Amended Complaints of the States of Louisiana and Alabama (**Rec. Docs. 2630, 2631, 2637, 2638, 2639, 2642, 2644, 2645, 2646, 2647, 2649 2651, 2653, 2655, and 2656),** those Multiple Motions to Dismiss the Bundle C Master Complaint (**Rec. Docs. 2214, 2218, 2220, 2221, 2224, 2636, 2638, 2642, and 2657**), and certain Motions to Dismiss the B3 Bundle Claims (**Rec. Docs. 1406** and **1416**, among possibly others).

*Jurisdiction:*

- "Admiralty jurisdiction is present because the alleged tort occurred upon navigable waters of the Gulf of Mexico, disrupted maritime commerce, and the operations of the vessel bore a substantial relationship to traditional maritime activity." **Rec. Doc. 3830** at 37.

- "OCSLA jurisdiction is also present because the casualty occurred in the context of exploration or production of minerals on the Outer Continental Shelf." *Id.* at 39.

*Choice of Law:*

- "With admiralty jurisdiction comes the application of substantive maritime law." *Id.* at 37.

- "The law of the adjacent state is not adopted as surrogate federal law under OCSLA, 43 U.S.C. § 1333(a)(2)(A)." *Id.* at 38.

*Preemption:*

- "State law, both statutory and common, is preempted by maritime law, notwithstanding OPA's savings provisions. *Id.* at 38.

With these holdings as support, this Court ruled that "[a]ll claims brought under state law are dismissed." *Id.* This Court's dismissal of all state law claims asserted in the First Amended B1 Master Complaint applies equally to all state claims asserted in the First Amended Complaint of the State of Alabama, the First Amended Complaint of the State of Mississippi, the Bundle C Master Claim/Complaint, and the First Amended B3 Master Complaint.    Accordingly, as addressed below, all state claims asserted in these Complaints should be dismissed pursuant to the current, pending Motions to Dismiss and the Court's Order and Reasons.

***The First Amended Complaint of the State of Alabama (Rec. Doc. 1872)***

Count III.A.-O. asserts claims based solely upon state law and each claim should therefore be dismissed under the pending Motions to Dismiss and the Court's Order and Reasons.[3]

***The First Amended Complaint of the State of Louisiana (Rec. Doc. 2031)***

Counts II, III, IV, VI, XI, XII, XIV, XVI, XVIII, XX, XXI, and XXIII assert claims based solely upon state law and each claim should therefore be dismissed under the pending Motions to Dismiss and under the Court's Order and Reasons.[4]

Counts XIII, XV, XVII, XIX, and XXII do not specifically allege that they are brought pursuant to state law, but appear to be based upon state law.[5]  Accordingly, these claims should be dismissed under the pending Motions to Dismiss and under the Court's Order and Reasons.

***Bundle C Master Claim/Master Complaint (Rec. Doc. 1510)***

As to the Master Claim in Limitation, Counts III and V are based on state public nuisance and state trespass.[6]  These Counts should therefore be dismissed under the pending Motions to Dismiss and under the Court's Order and Reasons.

---

[3]   Count III.A.-O. asserts state claims based upon public nuisance, private nuisance, trespass, the Alabama Extended Manufacturer's Liability Doctrine, fraudulent concealment or suppression of material facts, civil penalties under the Alabama Environmental Management Act, damages under the Alabama Water Pollution Control Act, civil penalties under the Alabama Hazardous Waste Management Act, civil penalties under the Alabama Solid Waste Disposal Act, negligence, and wantonness.

[4]   Counts II, III, IV, VI, XI, XII, XIV, XVI, XVIII, XX, XXI, and XXIII assert claims under the Louisiana Oil Spill Prevention and Response Act (LOSPRA), civil penalties for violations of the Louisiana Environmental Quality Act, recovery or response action costs, claims for costs and damages, negligence/Louisiana Civil Code Arts. 2315 & 2316, nuisance/Louisiana Civil Code Art. 667, trespass, strict liability/Garde/Louisiana Civil Code Art. 2317, Louisiana Products Liability Act, and fraudulent concealment and negligent misrepresentation.

[5]   Counts XIII, XV, XVII, XIX, and XXII assert claims for trespass and abnormally dangerous/ultra-hazardous activity.

[6]   Count III references the state laws of Florida, Alabama, Mississippi, Louisiana and Texas (**Rec. Doc. 1510**, at 34, ¶ 142) as well as various Louisiana statutes.  *Id.* at 35, ¶ 146.  Count V references the state laws of Florida, Alabama, Mississippi, Louisiana and Texas.  *Id.* at 37, ¶ 157.

As to the Master Claim, to the extent Counts I, II, and IV are brought pursuant to state law, these Counts should be dismissed under the pending Motions to Dismiss and under the Court's Order and Reasons.[7]

As to the Bundle C Master Complaint, all Claims identified as "III. State Law Claims for Relief" are indeed brought solely under state law and should therefore be dismissed under the pending Motions to Dismiss and the Court's Order and Reasons.[8]

### B3 Bundle Master Complaint (Rec. Doc. 1812)

The B3 Bundle Claimants' ninth claims for relief are Florida medical monitoring claims.[9] Accordingly, under the pending Motions to Dismiss and the Court's Order and Reasons, these claims should be dismissed.

To the extent that the B3 Bundle Claimants' third, fourth, fifth, sixth, seventh, eighth and tenth claims for relief are brought pursuant to state law, these claims should be dismissed under the pending Motions to Dismiss and the Court's Order and Reasons.[10]

## GENERAL MARITIME LAW CLAIMS
## THAT DO NOT ALLEGE PHYSICAL DAMAGE TO A
## PROPRIETARY INTEREST ARE DISMISSED UNDER *ROBINS DRY DOCK*

Unless an economic loss claim brought pursuant to the general maritime law falls within the commercial fisherman exception,[11] this Court has ruled that *Robins Dry Dock & Repair Co.*

---

[7]  Count I (negligence) does not specifically reference or allege application of state <u>or</u> federal law.  Count II (gross negligence and willful misconduct) references "General Maritime Law and state law as deemed applicable herein." *Id.* at 32, ¶ 134.  Count IV (nuisance) does not specifically reference or allege application of state <u>or</u> federal law.

[8]  The Master Complaint alleges "III. State Law Claims For Relief" for public nuisance, nuisance, trespass, fraudulent concealment or suppression of material facts, strict liability pursuant to the Florida Pollutant Discharge Prevention & Control Act, and strict liability pursuant to the Texas Oil Spill Prevention & Response Act of 1991. *Id.* at 131-144.

[9]  **Rec. Doc. 1882**, at 70-71.

[10]  The B3 Bundle Claimants' second claim for relief is designated as "General Maritime."  The B3 Bundle Claimants' third (state law), fourth (General Maritime and state law), fifth (state law), sixth (state law, ¶ 279), seventh and eighth claims for relief are not heading-designated as "General Maritime", so to the extent they are based on state law, they should be dismissed.  The tenth claim for relief, although it is designated as a claim for strict liability under general maritime law, states, in the alternative, claims under state law, which should be dismissed. *Id.* at 74, ¶327.

*v. Flint*, 275 U.S. 303 (1927), and Fifth Circuit authority reaffirming the applicability of *Robins Dry Dock*, remain controlling law.  (**Rec. Doc. 3830**, at 19).  As to Non-Responsible Parties, this Court has found "nothing in OPA to indicate that Congress intended such parties to be immune from direct liability to persons who either suffered physical damage to a proprietary interest and/or qualified for the commercial fisherman exception.  Therefore, general maritime law claims that existed before OPA may be brought directly against Non-Responsible Parties."  *Id.* This ruling also has relevance and applies to the follow claims/causes of action:

- The "I. Claims Under General Maritime Law" for negligence, gross negligence and willful misconduct, and strict liability for manufacturing and/or design defect in the State of Alabama's First Amended Complaint.[12]

- Counts VII, VIII, IX, and X of the First Amended Complaint of the State of Louisiana for negligence, trespass, and strict products liability.[13]

- As to the Master C Claim in Limitation, the maritime law claims for negligence, gross negligence and willful misconduct and nuisance.[14]

- As to the Bundle C Master Complaint, the Claims identified as "Claims Under General Maritime Law" for negligence, gross negligence and willful misconduct, and strict liability for manufacturing and/or design defect.[15]

### THE BUNDLE C CLAIMS FOR DECLARATORY RELIEF SHOULD BE DISMISSED

In the B1 Master Complaint, the B1 Claimants sought a Declaratory Judgment that "any settlement provisions that purport, directly or indirectly, to release or to affect the calculation of punitive damages without a judicial determination of fairness, adequacy, and reasonableness are

---

[11] By citing to *Louisiana v. M/V TESTBANK*, 524 F. Supp. 1170, 1173 (E.D. La. 1981), the Court has identified the commercial fisherman exception to include commercial oystermen, shrimpers, crabbers, and fishermen. **Rec.  Doc. 3830**, at 20.
[12] The causes of action designated "I. Claims Under General Maritime Law" are included on pages 44-45 of the State of Alabama's First Amended Complaint.  **Rec. Doc. 1872**, at 44-45.
[13] These Counts are found on pages 67-79 of the State of Louisiana's First Amended Complaint.  **Rec. Doc. 2031**, at 67-79.
[14] These claims are found on pages 28-32 (negligence), 32-33 (gross negligence and willful misconduct), and 35-37 (nuisance).  **Rec. Doc. 1510**, at 28-32, 32-33, and 35-37.
[15] These claims are found on pages 108-129 of the Bundle C Master Complaint.  **Rec. Doc. 1510**, at 108-129.

6

ineffective as contrary to law, equity and public policy." (**Rec. Doc. 1128,** at 193). The B1 Plaintiffs also sought a declaration that "the conduct of BP and its agents and representatives, including the Gulf Coast Claims Facility ("GCCF"), in obtaining releases and/or assignments of claims against other parties, persons, or entities is not an obligation of BP under OPA." *Id.* at 193-94). The Court's Order and Reasons found the B1 Plaintiffs' claims for declaratory relief to be "fatally problematic" in at least two respects. (**Rec. Doc. 3830**, at 34). First, the Plaintiffs did not identify any cause of action entitling them to declaratory relief. Second, the Court ruled that "nothing [under OPA] prohibits Defendants from settling claims for economic loss." Accordingly, this Court dismissed the B1 Plaintiffs' Claims for declaratory relief. *Id.*

For the same reasons that the Court has dismissed the B1 Plaintiffs' claims for declaratory relief, the virtually identical claims for "Declaratory Relief: Punitive Damages" alleged as part of the Bundle C Master Complaint should be dismissed. In Paragraph 769, the Bundle C Master Complaint, just as was the case with the First Amended B1 Complaint, also seeks "a judicial declaration against Defendants and in favor of the class that any settlement provisions that purport, directly or indirectly, to release or to affect the calculation of punitive damages without a judicial determination of fairness, adequacy, and reasonableness are ineffective as contrary to law, equity and public policy." (**Rec. Doc. 1128**, at 149-150). Accordingly, these claims should be dismissed.

## PRESENTMENT IS A MANDATORY
## CONDITION PRECEDENT WITH RESPECT TO OPA CLAIMS

This Court has ruled that "[p]resentment under OPA is a mandatory condition precedent to filing suit against a Responsible Party." (**Rec. Doc.** 3830, at 38). This ruling of the Court has direct application to the First Amended Complaint of the State of Alabama, the First Amended Complaint of the State of Louisiana, the Bundle B3 Master Complaint, and the Bundle C Master

Complaint, all of which allege claims pursuant to OPA.[16]  To the extent that the Court is able to make a determination that the Claimants under the Bundle B3 Master Complaint and the Bundle C Master Complaint have not sufficiently alleged presentment, they should be dismissed without prejudice, allowing these Claimants to exhaust the presentment of their claims before returning to Court.

As to the State of Louisiana's First Amended Complaint, the State of Louisiana does not make any allegations that it has properly presented any claim to Transocean.  Instead, the State of Louisiana's allegations are limited to facts contending that presentment was made to BP.  **Rec. Doc. 2031**, at 45-46, ¶¶ 143-144.  As to the State of Alabama's First Amended Complaint, the Complaint contains only conclusory allegations regarding presentment and fails to allege any facts which would support a conclusion that it has probably complied with OPA's presentment requirements.[17]

<u>**CONCLUSION**</u>

Defendants Transocean Offshore Drilling, Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH file their Brief in Response to the Court's Request for Party Submissions Regarding the Court's Order and Reasons of August 26, 2011.

---

[16]  As to the B1 Master Complaint, the Court has further made it clear that it does not now intend to engage in the process of sorting through thousands of individual claims to determine which claims have or have not been properly presented.  *Id.* at 31.  Furthermore, the Court did not decide what constitutes "presentment".  *Id.* at 31 n.16.  Presumably, the Court will also decline at this time to sort through any individual claims filed pursuant to the Bundle C Master Complaint or the B3 Master Complaint to determine which of the Bundles B3 and C OPA claimants have, and which have not, made proper presentment.

[17]  On pages 47-48 of its First Amended Complaint, in paragraph 217, the State of Alabama alleges:  "The State has satisfied the presentment requirements of 33 U.S.C. §§ 2713(a) and (b).  Because the full extent of the State's damage is still unknown, and the State is presently assessing the breadth of its damages, the State may make additional presentments to the Defendants."  **Rec. Doc. 1872**, at 47-48.

Respectfully submitted,

By:  /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:  /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:  /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of September, 2011, I

electronically transmitted a PDF version of this document to the Clerk of Court, using the

CM/ECF System, for filing and has been served on all counsel by electronically uploading the

same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12.

/s/  Kerry J. Miller
            KERRY J. MILLER