UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 <br><br> SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER <br> MAG. JUDGE SHUSHAN |

LIAISON COUNSEL MEMORANDUM

PROVIDING REPORT FOR 9/16/11 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on September 16, 2011.

1. **Pre-Trial Orders:**

No new PTOs have been entered as of the date of this status report.

2. **The Status of the JPML Proceedings:**

Since the parties submitted the last status report on August 9, 2011, the JPML has issued two new Conditional Transfer Orders conditionally transferring 3 additional cases to this Court. To date, a total of thirty-three CTOs have been issued. As of September 12, 2011, there are approximately 582 total cases that have been transferred to MDL 2179. As a result of dismissals, currently only 504 cases are active before the Court. Of the active cases, 263 have been

417652124.

transferred by the JPML.  The following issues remain undecided:

- Nine objections and two motions to vacate (one was a joint motion on behalf of eight separate cases) were filed regarding CTO-23.  The motions have been fully briefed and pursuant to its notice of hearing session for its September 27, 2011, the Panel has set it as a matter to be considered without oral argument.  No decision has been issued to date.

- Two objections and motions to vacate were filed regarding CTO-25.  The motions have been fully briefed and pursuant to its notice of hearing session for its September 27, 2011, the Panel has set it as a matter to be considered without oral argument.  No decision has been issued to date.

- Two objections and motions to vacate were filed regarding CTO-27.  The motions have been fully briefed and pursuant to its notice of hearing session for its September 27, 2011, the Panel has set it as a matter to be considered without oral argument.  No decision has been issued to date.

- One objection and motion to vacate was filed regarding CTO-29.   The motion has been fully briefed and pursuant to its notice of hearing session for its September 27, 2011, the Panel has set it as a matter to be considered without oral argument.  No decision has been issued to date.

- One objection was filed regarding CTO-30.  The motion has been fully briefed and pursuant to its notice of hearing session for its September 27, 2011, the Panel has set it as a matter to be considered without oral argument.  No decision has been issued to date.

- One objection was filed regarding CTO-31.  Briefing will not be complete until September 22, 2011.  It is unlikely the motion will be decided prior to the Panel's

September 27, 2011 hearing.

- One objection was filed regarding CTO-32. Briefing will not be complete until September 28, 2011. It is unlikely the motion will be decided prior to the Panel's next hearing after the September 27, 2011 hearing, which is scheduled for December 1, 2011.

- One objection was filed regarding CTO-33. Briefing will not be complete until October 13, 2011. It is unlikely the motion will be decided prior to the Panel's next hearing after the September 27, 2011 hearing, which is scheduled for December 1, 2011.[1]

3. **Short-Form Joinders Forms for Amendment or Dismissal of Claims**:

A revised form for the dismissal of short-form joinders and individual complaints was submitted to Magistrate Judge Shushan and this Court on September 9, 2011, along with a form for amending short-form joinders and plaintiff-profile forms. A proposed order adopting these forms was also submitted.

4. **Status of State-Filed Lawsuits**:

At least thirty-four Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (two cases); Mobile County, Alabama (two cases); Harris County, Texas (six cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana (one case); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (four cases); Orleans Parish, Louisiana (three cases); Plaquemines Parish, Louisiana (five cases); Terrebonne Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); Hillsborough County, Florida (one case); Harrison County, Mississippi (one case); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case). These cases include:

---

1   Attached is a chart showing the status of the Conditional Transfer Orders.

- Twenty-two personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) twenty suits brought by oil spill response workers;
- Five lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;
- One breach of contract suit by the owner/operator of a vessel participating in the Vessels of Opportunity oil spill response program;
- Three suits alleging primarily the breach of agreements for the sale or lease of oil spill response equipment, including one breach of contract suit filed by a manufacturer of containment boom;
- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill;
- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property; and
- One suit filed by Halliburton in Texas state court alleging that BP did not identify the existence of a purported hydrocarbon zone at the Macondo well to Halliburton in connection with Halliburton's cement work performed before the April 20, 2010 incident and that BP concealed the existence of this purported hydrocarbon zone following the incident.

Motion practice, written discovery, and fact witness depositions have been proceeding in some state court cases. BP is working with Special Master McGovern to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

Texas courts have set fall 2011 through spring 2012 trial dates in a number of state court personal injury cases related to MDL 2179. These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179. Also included are five personal injury cases brought by oil spill response workers set for trial as early as November 2011. The six Texas cases set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (October 11, 2011 trial date in case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (February 6, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Paulino, Santo Marte v. Tamara's Group et al.*, 2011-18159, (Harris County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Young, Robert v. BP Exploration and Production, Inc., et al.*, No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident).

In addition to the thirty-four cases discussed above, there are eight shareholder derivative

lawsuits related to the Deepwater Horizon incident currently pending in at least four state jurisdictions, including Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). As of August 15, 2011, when the Alaska court granted BP's motion to stay the remaining Alaska litigation, the state court shareholder derivative litigation has all been stayed in deference to the consolidated federal derivative case in MDL 2185, discussed below.

5. **Status of MDL-2185:**

- Securities Litigation. Two consolidated amended complaints have been filed. Motions to dismiss were filed on May 6 and are fully briefed as of June 21.

- Derivative Litigation. A consolidated amended complaint was filed February 4. A motion to dismiss was filed on March 21, and argument was held on the motion on June 17. Plaintiffs filed supplemental briefing on the motion to dismiss on August 31, and defendants filed their response on September 9.

- ERISA Litigation. A consolidated amended complaint was filed on May 27. A motion to dismiss was filed on July 26, with an opposition brief due September 23 and a reply brief due November 7.

- Dividend Class Action. This putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill, is now part of MDL 2185. A responsive pleading is due on September 22, 2011.

- Discovery Coordination. In the securities, derivative, and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims

will survive Rule 12 motion practice. MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTOs 17 and 27. In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

**6. Written and Deposition Discovery:**

Extensive written discovery and document production for Phase One has occurred. As of the date of the status conference, 188 depositions have been taken. In addition, 44 further Phase One depositions are now scheduled to be taken during September, October, and into early November. The PSC and the United States have provided expert reports. The petitioners-in-intervention will provide their expert reports on September 23. Rule 14(c) defendants will provide their expert reports on October 17, and rebuttal expert reports are due on November 7. Phase 1 expert depositions are in the process of being scheduled. The parties are beginning to confer on the scheduling of Phase Two depositions and discovery as well. The parties have now produced in excess of 20 million pages of documents. More than 5,666 documents have been marked as deposition exhibits. The parties continue to meet with Magistrate Judge Shushan on many Fridays to schedule depositions and discuss pending discovery issues.

7. **Vessels of Opportunity Case Management**:

The Court entered the Case Management Order for the Vessels of Opportunity contract cases on July 8, 2011 (Record Doc. No. 3207). Pursuant to that CMO, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an expedited mediation process. Three VoO Focus Plaintiffs were chosen by the PSC and three were chosen by BP. Plaintiffs' Profile Forms are to be produced by the PSC and BP will be producing pertinent VoO contracts

and related documents for the VoO Focus Plaintiffs, all such limited productions to occur by August 12.  Depositions of VoO Focus Plaintiffs and other CMO-defined discovery of BP is currently scheduled to occur by September 30.  Mediations will begin as early as October 12; the parties have recommended a private mediator.

**8. Insurance Coverage – Case Management Order:**

The motions of BP, MOEX, and Anadarko for judgment on the pleadings with respect to the complaints in Case Nos. 11-274 and 11-275 are scheduled for hearing before this Court on September 16.  Pursuant to the Case Management Order in the insurance cases (Record Doc. No. 2849), the parties to the insurance cases are in the process of conducting written discovery.  In addition, on June 17, 2011, Transocean's First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440).  The responses to the interpleader complaints are currently due on September 30.

**9. BOP Status:**

Work on the BOP is winding down.  On September 2, 2011, Judge Shushan entered an Order requiring BP and Anadarko to bear the preservation costs of the BOP going forward, and requiring BP and the PSC to bear any preservation costs for the Capping Stack once testing on the Capping Stack is complete.  On September 2, Judge Shushan also entered an Order permitting MDL 2179 non-parties, the CSB, BOEMRE, USCG and the JIT, to receive copies of the Phase 2 BOP testing data.

In the discovery conference on September 9, Judge Shushan indicated that she will Appoint Captain Suzanne Englebert as Special Master to administer the continued preservation and custody of the BOP and related physical evidence when the Court takes custody of the BOP

and related physical evidence from the USCG on October 1, 2011.

Finally, as of September 12, 2011, BOP preservation work is largely complete with final work being done to finish the removal of the "temporary" enclosure covering the BOP work area. Discussions between DOJ and BP continue regarding protocols for forensic examination and laser scan of the Capping Stack.

10. **Cement Testing Status:**

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting (OTC), the laboratory retained by the Joint Investigation Team (JIT) to conduct cement testing. *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123). On or about August 1, the JIT circulated OTC's report of the results of a portion of the cement tests. On or about August 3, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey (USGS) regarding the 40 "rock" samples collected from the deck of the *Damon Bankston*. The USGS report states that 9 of the samples are consistent with cement but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well. On August 8, the U.S. circulated a proposal for additional testing on the 9 samples to liaison counsel. On September 8, the JIT provided an update to the parties indicating that there was general agreement with the additional proposed testing that would be conducted

11. **BP Sample Motion (Doc. No. 3973):**

After circulating a draft to MDL liaison counsel for comment, on September 9, BP filed an unopposed motion for a proposed order that would establish a protocol by which BP may

–9–

continue to share samples of MC-252 oil and other materials related to the spill for purposes of research, while still preserving sufficient quantities of these materials for discovery. The proposed order covers non-discovery requests for reference materials, other recovered sample material, and surrogate oil, and would authorize BP to limit the distribution of such material to appropriate entities (academics, researchers, etc.).

Under the proposed order, BP will consider such research-related requests for sample material and attempt to satisfy them, if possible, with data or with surrogate oil, or with the most plentiful sample material that will serve the requester's research need.

The proposed order allows BP to distribute up to 80% of remaining stores of reference material and up to 95% of remaining stores of surrogate oil. As to the preserved quantities of sample material, the proposed order provides that such material will not be shared except pursuant to a further court order.

**12. Motions Set for Oral Argument on September 16:**

- BP Parties' Motion for Judgment on the Pleadings in the Insurance Actions (Rec. Doc. No. 3211).

- Multiple Motions to Dismiss the First Amended Complaints of the States of Louisiana and Alabama (Rec. Doc. Nos. 2630, 2631, 2637, 2638, 2639, 2642, 2644, 2645, 2646, 2647, 2649, 2651, 2653, 2655, 2656).

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of September, 2011.

                                /s/ Don K. Haycraft
                                Don K. Haycraft