IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhkc.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

September 12, 2011

*VIA* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

       Re: Depo Time Allocations

Dear Judge Shushan:

       In accordance with your Order, please accept the following as the PSC's response to BP's request for additional time. In general, the PSC would prefer to retain the time previously allocated to it for Phase 1 depositions. As the party carrying the burden of proof, the PSC continues to believe it appropriate that the vast majority of time be allocated to the PSC.

       Having said that, the PSC understands the need for some flexibility. We will, of course, do as the Court directs. But, with respect to the following three witnesses, the PSC respectfully requests that the Court allow the PSC to retain all of its allocated time:

       **Bryan Domangue (USA)**: Mr. Domangue is the only United States 30(b)(6) designee regarding the participation in the evaluation or analysis of the *Deepwater Horizon* blowout preventer (BOP) and the attempts to actuate the *Deepwater Horizon* BOP on or after April 20, 2010. The PSC is allocated 145 minutes for the deposition of Mr. Domangue, and we respectfully submit that the time allocated to the PSC is necessary for the PSC to explore issues regarding the maintenance and management of the *Deepwater Horizon* BOP by BP, compliance with applicable federal regulations, and the attempts to actuate the *Deepwater Horizon* BOP by BP or at the direction of BP on and after April 20, 2010. We respectfully submit that any reduction in the time allocated to the PSC for the deposition of Mr. Domangue would be prejudicial.

**David Trocquet (USA)**:  Mr. Trocquet, District Manager of the BOEM New Orleans District, is the only United States 30(b)(6) designee on the following topics:  (1) participation in the evaluation, analysis, approval or disapproval of any submission form BP related to the MC252 Well; (2) The BOEM's policies, procedures, guidelines or requirements regarding well design for deepwater wells, including policies, procedures, guidelines or requirements related to tubular materials, casing design, cement jobs, temporary abandonment procedures and casing integrity tests; (3) the training, education and instruction of each person involved in the evaluation, analysis, approval or disapproval of any submission from BP related to the MC252 Well; and (4) the well design plans for all deepwater wells approved by the BOEM from April 20, 2005 through the present that utilized a long string production casing design.  Mr. Trocquet is also a 30(b)(6) co-designee regarding the training, education and instruction of each person involved in the inspection, audit or evaluation of Transocean's *Deepwater Horizon* rig, including the *Deepwater Horizon* blowout preventer (BOP).  The PSC is allocated 145 minutes for the deposition of Mr. Domangue, and we believe that the time allocated to the PSC is necessary to explore issues regarding BP's regulatory history and compliance on the MC252 Well and the *Deepwater Horizon* rig, including the *Deepwater Horizon* BOP as well as BP's well design plans and revisions on the MC252 Well.  We respectfully submit that any reduction to the time allocated to the PSC for the deposition of Mr. Domangue would be prejudicial.

**Jim Prestide**:  The increase in time allocation for the deposition of Jim Prestidge is not fair to the PSC. Mr. Prestidge is an important witness, in that, as the vice-president of HSE and service quality, he will have important information relating to:
1) Halliburton's process safety practices generally,
2) Halliburton's process safety practices relating to its cementing operations,
3) The quality (or lack of quality) of the cement job performed by Halliburton on the DWH including the decision to use a nitrogen slurry cement,
4) Sperry Sun mud logging activities on the DHW, including information relating to the non-functioning Sperry Sun computers on the DWH, and Halliburton's relationships with customers.

BP seeks to increase its time allocation for the deposition of Jim Prestidge to 210 minutes. The total time allocated for Mr. Prestidge's deposition is 450 minutes. At the present time, BP is allocated 48 minutes for his deposition or just over 10% of the total time allocation.  BP's request an additional 162 minutes to 210 minutes, would increase BP's time allocation to 46% of the total time allocation.  The PSC's current time allocation for Mr. Prestidge is 145 minutes, or 32% of the total time allocation.  If BP were allocated an addition 162 minutes, all things being equal the PSC would potentially lose 68 minutes (for just over 78 minutes) deposition time.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

Stephen J. Herman
James Parkerson Roy
*Plaintiffs Co-Liaison Counsel*

cc: J. Andrew Langan, Esq. (*via* E-Mail)
    Defense Liaison Counsel (*via* E-Mail)
    Mike Underhill, Esq.
    Hon. Luther Strange
    Brian H. Barr, Esq.
    Jimmy Williamson, Esq.