# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| Mark J. Nomellini<br>To Call Writer Directly:<br>(312) 862-2410<br>mark.nomellini@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

August 23, 2011

*Via email to:  Sally_Shushan@laed.uscourts.gov*

Hon. Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street, B-345
New Orleans, Louisiana 70130

      Re:    Oil Spill by the Oil Rig "Deepwater Horizon," MDL No. 2179

Dear Judge Shushan:

We write to seek clarification regarding your order of August 19 (oral) and August 22 (written), extending the deadline for BP and Halliburton to file motions to compel.  The Court's written order dated August 22 states:  "The deadline for motions to compel for discovery issues between Halliburton and BP was extended to Monday, August 29, 2011."

BP acknowledges that, on its face, the Court's August 19 comments and August 22 order might be construed as keeping open every single Phase I discovery issue that could possibly be raised between BP and Halliburton, even if the issue had not been raised before the August 19 hearing.  However, BP respectfully suggests that no party argued for that outcome, nor is that what anybody intended.  The extension was designed to allow the parties to resolve the existing disputes that had been raised before the August 19 hearing; not to encourage the parties to come up with new disputes.

Your Honor will recall the reasons for the extension articulated by Mr. York at the Friday, August 19 hearing.  Mr. York made an impassioned plea to extend the deadline on the ground that it would allow Halliburton's attorneys to focus on resolving disputes rather filing motions.  After BP begrudgingly agreed, the Court ordered an extension until August 29.

Later that same Friday, Halliburton disclosed a very different agenda.  In a letter sent that same afternoon, Halliburton raised for the first time issues relating to BP's request for admission

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

Hon. Sally Shushan
United States Magistrate Judge
August 23, 2011

Page 2

responses and interrogatory responses that were previously served on Halliburton—many of which, up to that point in time, had never been a part of the parties' meet and confer discussions. (Exhibit 1, Halliburton August 19th Letter).[1]

While BP does not ascribe bad faith to Halliburton or Mr. York, we are disappointed. Specifically, we are puzzled as to why, in seeking the extension on Friday morning (or raising a possible extension with BP by correspondence on Thursday), Halliburton did not mention that it intended to raise new issues that had never been discussed in the parties' numerous meet-and-confer conferences. Halliburton had most likely been working on the letter raising the new issues at the time it sought the extension on Friday morning, but did not disclose this.

Halliburton has incorrectly argued that a letter sent by Halliburton's counsel on August 8 gave BP notice that Halliburton intended to raise more issues. (Exhibit 2, Halliburton August 8 Letter) That letter came seven days before the original motion to compel deadline. After that letter, the parties had meet and confer sessions in which Halliburton did not raise any further issues for discussion. Thus, when Halliburton first asked to extend the motion to compel deadline over two weeks ago, BP reasonably believed that all the issues were on the table. At that time, BP reluctantly agreed "not to object" to Halliburton's first request for an extension. Had BP been made aware that Halliburton intended to raise new issues not previously discussed in meet and confer sessions, BP would have objected to Halliburton's request for an extension.

BP reiterates that it is more than happy to work with Halliburton on the issues that it has been working through with Halliburton for several weeks. Indeed, on a call that BP had with Halliburton yesterday, BP made clear that it would continue to: (1) discuss discovery that was previously raised (including the clarifications made in the August 19th letter); (2) search for and produce relevant documents even if requested after the cutoff; and (3) confer with Halliburton about the new complaints belatedly raised for the first time on August 19th. However, BP has not agreed to supplement its responses to the written request for admission and interrogatory responses that were belatedly raised by Halliburton. Thus, BP seeks the Court's guidance on whether it needs to respond to Halliburton's new issues with BP's responses to written discovery raised for the first time after the August 19 hearing.

---

[1] Specifically, Halliburton's August 19 letter raised new complaints with BP's responses to Halliburton interrogatory nos. 1, 6, 7, 8, 12, 13, 14, 17, and 19, and BP's responses to Halliburton's requests for admission. (Exhibit 1)

# KIRKLAND & ELLIS LLP

Hon. Sally Shushan
United States Magistrate Judge
August 23, 2011

Page 3

> We appreciate the Court's attention to this matter.


                                        Sincerely,


                                        /s/ Mark J. Nomellini_____
                                        Mark J. Nomellini



cc:     Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Corey Maze
        Donald E. Godwin
        James P. Roy
        Stephen J. Herman
        Mike O'Keefe