UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * * * * * | CIVIL ACTION<br><br>MDL NUMBER:   2179<br><br>SECTION    J |
| This document relates to:<br><br>10-CV-04573 | * * * * * * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |
| ****************************************** | * | |

## OBJECTION TO BP'S SUBMISSION CONCERNING THE EFFECT OF THE B1 MOTION TO DISMISS ORDER ON PENDING MOTIONS TO DISMISS

    Plaintiffs TOBATEX, INC. and M.R.M ENERGY, INC. ("BP Dealer Plaintiffs") object to BP's submission (Rec. Doc. 4000) regarding the effect of this Court's Order of August 26, 2011, (Rec. Doc. 3830) insofar as that submission discusses the effect of that Order on BP Dealer Plaintiffs' complaint, as to which there are no pending motion to dismiss, and indeed

-1-

seeks dismissal of those actions.  This submission by BP goes beyond the scope of this Court's Orders (Rec. Docs. 3890 & 3891) which seeks views only regarding "pending" motions and does not address actions which are stayed as in which there are no such pending motions.

On December 16, 2010, the BP Dealer Plaintiffs filed their complaint herein which was given the case number 10-CV-04573.  To the extent not previously stayed, this action was stayed pursuant to Paragraph 8 of Pre-Trial Order 25 (Rec. Doc. 983).  No responsive pleading or motion to dismiss has been filed against the BP Dealer Plaintiffs' Complaint.

In its first argument in its submission, BP asserts that the effect of this Court's August 16, 2011 Order is to mandate dismissal of all state law claims in other complaints.  This argument appears to request dismissal of actions in which there is no pending motion to dismiss and which would include the action brought by the BP Dealer Plaintiffs.  It is submitted that this request and argument is an improper attempt to precondition this Court to reach a conclusion without allowing the BP Dealer Plaintiffs an opportunity to respond.

The claims asserted by the BP Dealer Plaintiffs are unique and were not alleged in any of the Master Complaints.  The only claims alleged by the BP Dealer Plaintiffs in their action sound in tort.  The claims involve the destruction of the BP "brand" by the defendants based upon tortious conduct which primarily occurred on dry land and which would not have resulted in the claimed damages absent the widespread publicity surrounding the Deepwater Horizon.  These claims are not maritime claims nor oil pollution action claims and the BP Dealer Plaintiffs have not alleged any such claims.

The BP Dealer Plaintiffs have alleged a class action involving all persons or entities who own or operate independent service stations throughout the United States under the BP logo.  It is alleged that BP and the other named defendants owed the BP Dealer Plaintiffs a duty not to damage or destroy the BP brand, that they negligently took actions and caused or knew that their actions would be widely publicized in a manner which substantially damaged the BP brand, and that as a result of this conduct and publication thereof the class suffered both economic damages to their businesses and property and in some instances physical property damage and personal injuries caused by assaults and other conduct by a highly angered consuming public whose reactions were clearly foreseeable.  Thus, a dealer located in San Francisco may easily have suffered greater damages than a dealer located in Venice, Louisiana.  It is for this reason that the BP Dealer Plaintiffs' action is unique, non-maritime, non-OPA, not clearly alleged in any of the Master Complaints and not addressed by this Court's August 16 Order.

The BP Dealer Plaintiffs filed their action in this Court and sought to be part of this MDL proceeding because of the numerous common issues of fact.  The PSC has been marshaling evidence as to the misconduct of the defendants and the currently scheduled trial will likely result in findings related to this alleged misconduct.  The BP Dealer Plaintiffs expect to use these findings in support of their claims.  It is for this reason that the BP Dealer Plaintiffs have not sought expedited treatment for their claims as other plaintiffs herein have sought.

From a case management point of view, this Court could either keep the current stay in effect and deal with this action at a later date or it could lift the stay and permit the defendants to file motions to dismiss and thereby address up-front whether viable claims have been alleged.

The BP Dealer Plaintiffs would prefer the latter course as it might encourage an earlier resolution of their substantial damage claims.

<b>RESPECTFULLY SUBMITTED BY:</b>

<u>(s) Samuel T. Rees</u>

Samuel T. Rees (LA Bar No. 30203)
26 Muirfield Place
New Orleans, Louisiana 70131
Telephone: (213) 220-9988
Fax: (323) 874-1234
STReesEsq@earthlink.net

AND

Thomas P. Bleau (CA Bar No. 152945)
Martin R. Fox (CA Bar No. 155783)
Bleau Fox
A Professional Law Corporation
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068
Telephone: (323) 874-8613
Fax: (323) 874-1234
tbleau@bleaufox.com
mfox@bleaufox.com

Attorneys for Plaintiffs and Plaintiff Class

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of September 2011.

/s/ Samuel T. Rees
Samuel T. Rees