UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES: | | * * | MAG. JUDGE SHUSHAN |
| IN RE: TRITON ASSET LEASING GmbH<br>Case No. 2:10-cv-02771-CJB-SS | | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE LIMITATION
SHORT FORM JOINDERS BEYOND THE APRIL 20, 2011 DEADLINE

NOW INTO COURT, through undersigned counsel, come Bartolo & Guidry Fitness, LLC, Elite Fitness BC, LLC, Elite PS-Zack's BC, LLC, Elite Fitness Uptown, LLC, and Kevin Beach ("Movants") who file this Memorandum in Support of Motion for Leave To File Limitation Short Form Joinders Beyond the April 20, 2011 Deadline as follows:

1. Movants contacted counsel after the Court-established deadline seeking assistance in filing claims for damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Movants did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the proposed Short Form Joinders, which are attached hereto as Exhibits 1, 2, 3, 4, and 5 to the Motion For Leave to File Limitation Short Form Joinders Beyond the April 20, 2011 Deadline. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("so long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999); citing *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).

5. Although a Motion for Default has been filed, the Limiting Parties have agreed to delay the entry of default, allowing some time for "the dust to settle." Limitation has not been determined, and there is no prejudice to the Limiting Parties or other Defendants.

For these reasons, Movants request that the Court grant Movants leave to file the Short Form

2

Joinders Attached as Exhibits 1, 2, 3, 4, and 5 to the Motion for Leave to File Limitation Short Form Joinders Beyond the April 20, 2011 Deadline and that the Court deems said Short Form Joinders as timely filed.

>Respectfully submitted:
>
>/s/ Christine E. Sevin
>Walter J. Leger, Jr., Bar. No. 8278
>Christine E. Sevin, Bar No. 32683
>LEGER & SHAW
>600 Carondelet Street, Floor 9
>New Orleans, Louisiana 70130
>Telephone: (504) 588-9043
>Facsimile: (504) 588-9980
>Email: wleger@legershaw.com
>           csevin@legershaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2011, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

>/s/ Christine E. Sevin
>CHRISTINE E. SEVIN