**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | |
| "DEEPWATER HORIZON" in the | § | **MDL No. 2179** |
| GULF OF MEXICO on | § | |
| APRIL 20, 2010 | § | **SECTION: J** |
| | § | |
| Applies to: | § | **Judge Carl J. Barbier** |
| | § | **Magistrate Judge Sally Shushan** |
| No. 2:10-CV-02771 | § | |
| | § | |

**THIRD PARTY DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO CROSS-CLAIMS OF TRANSOCEAN DEFENDANTS**

Subject to and without waiving any rights or defenses in its pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the cross-claims of Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH ("Transocean Defendants"), states as follows:

1.      Upon information and belief, M-I admits the allegations of Paragraph 1.

2.      Upon information and belief, M-I admits the allegations of Paragraph 2.

3.      Upon information and belief, M-I admits the allegations of Paragraph 3.

4.      Upon information and belief, M-I admits the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 5 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

6.      Upon information and belief, M-I admits the allegations of Paragraph 6.

7.     M-I denies that it is liable to any party for remedy over, contribution, or otherwise.  M-I admits the remaining allegations of Paragraph 7.

8.     The allegations of Paragraph 8 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 8 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

9.     The allegations of Paragraph 9 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 9 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

10.     The allegations of Paragraph 10 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 10 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

11.     The allegations of Paragraph 11 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 11 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

12.     The allegations of Paragraph 12 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13.     The allegations of Paragraph 13 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14.     M-I denies that it is "also known as M-I Swaco" and that its principal place of business is in Wilmington, Delaware.  M-I admits that it provided drilling fluids, attendant services, and a recommended drilling fluids program for the Macondo well based upon information provided by the operator and subject to operator approval.  M-I admits that this Court has jurisdiction over the claims asserted against M-I in this lawsuit.  M-I admits that it has been served with complaints, summonses, and a third-party complaint in this lawsuit.  M-I denies the remaining allegations of Paragraph 14.

15.     The allegations of Paragraph 15 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 15 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

16.     The allegations of Paragraph 16 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 16 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

17.     The allegations of Paragraph 17 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 17 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

18.     The allegations of Paragraph 18 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19.     The allegations of Paragraph 19 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20.     The allegations of Paragraph 20 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 20 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21.     The allegations of Paragraph 21 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 21 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22.     The allegations of Paragraph 22 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 22 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23.     The allegations of Paragraph 23 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

23 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24.     The allegations of Paragraph 24 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 24 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

25.     The allegations of Paragraph 25 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 25 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

26.     The allegations of Paragraph 26 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 26 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

27.     The allegations of Paragraph 27 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 27 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

28.     The allegations of Paragraph 28 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

29.     The allegations of Paragraph 29 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 29 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

30.     The allegations of Paragraph 30 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 30 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

31.     The allegations of Paragraph 31 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 31 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

32.     The allegations of Paragraph 32 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 32 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

33.     The allegations of Paragraph 33 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 33 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

34.     The allegations of Paragraph 34 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

34 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

35.     The allegations of Paragraph 35 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 35 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

36.     The allegations of Paragraph 36 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 36 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

37.     The allegations of Paragraph 37 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 37 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

38.     M-I admits the allegations of Paragraph 38.

39.     Upon information and belief, M-I admits the allegations of Paragraph 39.

40.     Upon information and belief, M-I admits the allegations of Paragraph 40.

41.     Upon information and belief, M-I admits the allegations of Paragraph 41.

42.     Upon information and belief, M-I admits the allegations of Paragraph 42.

43.     M-I admits that this Court has subject matter jurisdiction over the Transocean Defendants' cross-claims.

44.     M-I admits that venue is proper in this District.

45.     Upon information and belief, M-I admits the allegations of Paragraph 45.

46.     M-I admits the allegations of Paragraph 46.

47.     M-I admits the allegations of Paragraph 47.

48.     M-I denies the allegations in the last two sentences of Paragraph 48 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.  Upon information and belief, M-I admits the remaining allegations of Paragraph 48.

49.     M-I denies that it is liable to the Transocean Defendants or any other party.  M-I admits the remaining allegations of Paragraph 49.

50.     The allegations of Paragraph 50 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 50 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

51.     M-I denies that it is liable to the Transocean Defendants for all or part of any claim or cause of action asserted against the Transocean Defendants by any other party.

52.     M-I denies that it is liable to the Transocean Defendants for all or part of any claim or cause of action asserted against the Transocean Defendants by any other party.

53.     M-I denies that it is liable to the Transocean Defendants for all or part of any claim or cause of action asserted against the Transocean Defendants by any other party.

54.     M-I denies that it is liable to the Transocean Defendants for all or part of any claim or cause of action asserted against the Transocean Defendants by any other party.

55.     The allegations of Paragraph 55 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 55 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

56.     The allegations of Paragraph 56 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 56 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

57.     The allegations of Paragraph 57 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 57 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

58.     The allegations of Paragraph 58 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 58 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

59.     The allegations of Paragraph 59 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 59 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

60.     The allegations of Paragraph 60 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 60.

61.     The allegations of Paragraph 61 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 61 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

62.     The allegations of Paragraph 62 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 62 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

63.     The allegations of Paragraph 63 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 63 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

64.     The allegations of Paragraph 64 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 64 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

65.     M-I denies the allegations of Paragraph 65 insofar as they are directed at M-I.

66.     M-I denies the allegations of Paragraph 66 insofar as they are directed at M-I.

## COUNT 1 – INDEMNITY

67.     M-I repeats and realleges its answers to Paragraphs 1-66.

68.     M-I denies the allegations of Paragraph 68 insofar as they are directed at M-I.

## COUNT 2 – CONTRIBUTION/COMPARATIVE FAULT

69.     M-I repeats and realleges its answers to Paragraphs 1-66.

70.     M-I denies the allegations of Paragraph 70 insofar as they are directed at M-I.

## COUNT 3 – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

71.     M-I repeats and realleges its answers to Paragraphs 1-66.

72.     The allegations of Paragraph 72 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 72.

73.     M-I denies the allegations of Paragraph 73 insofar as they are directed at M-I.

## COUNT 4 – STRICT LIABILITY FOR MANUFACTURING AND DESIGN DEFECT

74.     M-I repeats and realleges its answers to Paragraphs 1-66.

75.     The allegations of Paragraph 75 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 75 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

76.     The allegations of Paragraph 76 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 76 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

77.     The allegations of Paragraph 77 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 77 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

78.     The allegations of Paragraph 78 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 78 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

79.     The allegations of Paragraph 79 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 79 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

80.     The allegations of Paragraph 80 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 80 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

81.     The allegations of Paragraph 81 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 81 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

82.     The allegations of Paragraph 82 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 82 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

83.     The allegations of Paragraph 83 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 83 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT 5 – CONTRIBUTION UNDER OPA

84.     M-I repeats and realleges its answers to Paragraphs 1-66.

85.     M-I denies the allegations of Paragraph 85 insofar as they are directed at M-I.

## COUNT 6 – SUBROGATION UNDER OPA

86.     M-I repeats and realleges its answers to Paragraphs 1-66.

87.     M-I denies the allegations of Paragraph 87 insofar as they are directed at M-I.

## COUNT 7 – BREACH OF EXPRESS CONTRACT

88.     The allegations of Paragraph 88 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 88 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

89.     The allegations of Paragraph 89 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 89 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

90.     The allegations of Paragraph 90 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 90 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

91.     The allegations of Paragraph 91 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 91 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

92.     The allegations of Paragraph 92 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

92 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

93.     The allegations of Paragraph 93 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 93 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

94.     The allegations of Paragraph 94 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 94 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

95.     The allegations of Paragraph 95 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 95 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

96.     The allegations of Paragraph 96 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 96 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

97.     The allegations of Paragraph 97 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 97 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

98.     The allegations of Paragraph 98 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 98 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

99.     The allegations of Paragraph 99 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 99 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

100.    The allegations of Paragraph 100 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 100 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

101.    The allegations of Paragraph 101 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 101 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

102.    The allegations of Paragraph 102 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 102 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

103.    The allegations of Paragraph 103 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 103 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

104.    The allegations of Paragraph 104 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 104 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

105.    The allegations of Paragraph 105 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 105 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

106.    The allegations of Paragraph 106 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 106 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

107.    The allegations of Paragraph 107 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 107 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

108.    The allegations of Paragraph 108 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 108 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

109.    The allegations of Paragraph 109 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 109 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

110.    The allegations of Paragraph 110 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 110 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

111.    The allegations of Paragraph 111 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 111 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

112.    The allegations of Paragraph 112 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 112 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

113.    The allegations of Paragraph 113 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 113 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

114.    The allegations of Paragraph 114 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 114 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT 8 – AFFIRMATIVE DAMAGE CLAIMS FOR UNPAID INVOICES FOR USE OF *DEEPWATER HORIZON*

115.    The allegations of Paragraph 115 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 115 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

116.    The allegations of Paragraph 116 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 116 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

117.    The allegations of Paragraph 117 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 117 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

118.    The allegations of Paragraph 118 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 118 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

119.    The allegations of Paragraph 119 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 119 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

120.    The allegations of Paragraph 120 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 120 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

121.    The allegations of Paragraph 121 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 121 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

122.    The allegations of Paragraph 122 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 122 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

123.    The allegations of Paragraph 123 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 123 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

124.    The allegations of Paragraph 124 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 124 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

125.    The allegations of Paragraph 125 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 125 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

## COUNT 9 – AFFIRMATIVE DAMAGE CLAIM FOR TOTAL LOSS
## OF *DEEPWATER HORIZON*

126.     Upon information and belief, M-I admits the allegations of Paragraph 126.

127.     M-I admits the allegations of Paragraph 127.

128.     M-I denies the allegations of Paragraph 128 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

129.     M-I denies the allegations of Paragraph 129 insofar as they are directed at M-I.

130.     The allegations of Paragraph 130 do not require a response as they are not allegations of fact.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 130.

131.     M-I denies the allegations of Paragraph 131 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

132.     M-I denies the allegations of Paragraph 132 insofar as they are directed at M-I.

133.     M-I denies the allegations of Paragraph 133 insofar as they are directed at M-I.

134.     The allegations of Paragraph 134 do not require a response as they are not allegations of fact.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 134.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Transocean Defendants' cross-claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The conduct and actions giving rise to the alleged injuries of the Transocean Defendants took place with the privity or knowledge of the Transocean Defendants.

### THIRD DEFENSE

The events giving rise to the injuries and damage alleged by the Transocean Defendants were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### FOURTH DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FIFTH DEFENSE

At all material times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*.  Therefore, M-I is neither liable nor responsible in law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to

any cross-defendant and/or the MODU *Deepwater Horizon*.

## SIXTH DEFENSE

The superseding and/or intervening negligence and/or breach of duty of the Transocean Defendants and/or other third parties was the proximate cause of the blowout, explosions, fire and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

## SEVENTH DEFENSE

M-I incorporates into this Answer all defenses available to M-I by operation of the Mutual Release and Indemnity Agreement in force and effect between Transocean Offshore Deepwater Drilling Inc. and M-I L.L.C.

## EIGHTH DEFENSE

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

## NINTH DEFENSE

M-I expressly incorporates herein all allegations, claims, and contentions against the Transocean Defendants and other parties to this action as set forth in full in M-I L.L.C.'s First Amended Cross-Claims.

WHEREFORE, M-I prays that judgment be entered in favor of M-I and against the Transocean Defendants on their cross-claims against M-I, and for such further relief as may be just and proper.

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

September 16, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:  (713) 890-5000
    Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Affirmative Defenses of M-I to Cross-Claims of the Transocean Defendants has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 16th day of September, 2011.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner