UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>This document relates to:<br><br>2:11-cv-01051 | § § § § § § § § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**MEMORANDUM OF LAW SUPPORTING M-I L.L.C.'s**
**MOTION TO DISMISS CAMERON INTERNATIONAL CORPORATION'S**
<u>**CROSSCLAIMS**</u>

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

September 16, 2011

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Texas Bar No. 19637400
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEY FOR DEFENDANT**
**M-I L.L.C.**

## INTRODUCTION AND SUMMARY OF ARGUMENT

On April 20, 2011, the Adams Class Action Petition for Damages ("Adams Petition") was filed in Louisiana state court and subsequently removed to this Court. The Adams Petition did not name M-I L.L.C. ("M-I") as a defendant. However, in its Answer to the Adams Petition ("Answer"), Cameron International Corporation ("Cameron") asserts various crossclaims against M-I. Answer 14 (Rec. Doc. 3768). Because M-I is not a party to the Adams suit, Cameron's crossclaims fail as a matter of law.

## ARGUMENT

According to Federal Rule of Civil Procedure 13(g), "[a] pleading may state as a crossclaim any claim by one party against a coparty." "By its terms, Rule 13(g) requires the cross-claimant to be a party to the lawsuit at the time the cross-claim is asserted." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242 (5th Cir. 2009). A challenge to the propriety of a crossclaim may be tested through a motion to dismiss under Rule 12(b)(6). *See Luyster v. Textron, Inc.*, 266 F.R.D. 54, 57 (S.D.N.Y. 2010). Under Rule 12(b)(6), the Court should dismiss a claim that "fail[s] to state a claim upon which relief can be granted." *Cuvillier v. Taylor*, 503 F.3d 397, 401 n.3 (5th Cir. 2007) (citation and internal quotation marks omitted).

Cameron asserts against M-I, as crossclaims, "the allegations and causes of [action] contained in paragraphs 46-70 of its Master Answer in No. 10-2771 (Doc. 2472)." Answer 14. M-I is not named as a defendant in the Adams Petition, and it has not been named as a third-party defendant pursuant to Federal Rule of Civil Procedure Rule 14. Consequently, M-I is not a party to action initiated by the Adams Petition.

Cameron fails to state a claim for which relief can be granted because it asserts crossclaims under Federal Rule of Civil Procedure 13(g) against M-I, a non-party to the suit. Because M-I is not a party to the action initiated by the Adams Petition, Cameron, as a defending

2

party, must serve M-I with a summons and third-party complaint pursuant to Rule 14(a). *See In re Taxable Mun. Bond Secs. Litig.*, Civ. A. MDL No. 863, 1993 WL 591418, at *5 (E.D. La. Dec. 29, 1993) ("The proper device for asserting a claim against a third person not yet a party to the action is by impleading the person under Rule 14(a)."). M-I has not been served with a summons or a third-party complaint, and no allegations of such service appear in Cameron's Answer. Therefore, Cameron cannot state crossclaims against M-I.[1]

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss Cameron's Crossclaims described above, pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] It is of no consequence that Cameron asserts its crossclaims against M-I in a paragraph entitled "Crossclaims and Third-Party Claims" because, as noted *supra*, Cameron failed to comply with the requirements of Rule 14(a), relating to third-party claims, and did not plead facts indicating service of a summons and third-party complaint on M-I.

                                                Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 415-3000<br>Facsimile:  (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>    Hugh E. Tanner<br>    htanner@morganlewis.com<br>    Texas Bar No. 19637400<br>    1000 Louisiana, Suite 4000<br>    Houston, Texas  77002<br>    Telephone:  (713) 890-5000<br>    Facsimile:  (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:  (713) 890-5000<br>Facsimile:  (713) 890-5001 | **ATTORNEY FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law in Support of M-I L.L.C.'s Motion to Dismiss Cameron's Crossclaims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of September, 2011.

       /s/ *Hugh E. Tanner*
       Hugh E. Tanner