# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Barbara M. Harding
To Call Writer Directly:
(202) 879-5081
barbara.harding@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 16, 2011

**Via E-Mail (Sally_Shushan@laed.uscourts.gov)**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      **Re:**    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

      BP respectfully submits this reply to Halliburton's September 8, 2011 letter opposing BP's Motion to Compel Halliburton to provide a supplemental response to BP Interrogatory No. 24.

      Halliburton's opposition fails to address the key reason BP has moved to compel a further response to Interrogatory No. 24:  namely, Halliburton's response fails to answer the specific questions set forth in Interrogatory No. 24 concerning (a) "what real-time data each Halliburton mud logger was watching" aboard the *Deepwater Horizon*; (b) "what alarms were set or deactivated on which data streams" on April 19-20, 2010; (c) "what types of alarms were set" on April 19-20, 2010; (d) "whether the alarms were triggered" on April 19-20, 2010; and (e) "whether triggered alarms were acknowledged on April 20, 2010 aboard the *Deepwater Horizon*."

      According to Halliburton, its answer directing BP to deposition testimony comprising 1,500 pages of testimony and referring BP to a handful of general training and equipment manuals "was proper and sufficiently detailed."  *See* 9/8/2011 Halliburton letter at 2.  But Halliburton does not even attempt to show how its answer provides BP responsive information concerning any of the above-referenced questions set forth in the subsections to Interrogatory No. 24.  *See id*.  Nor does Halliburton explain how its offer to supplement its original response to provide deposition page numbers would remedy the lack of a response to the specific questions set forth in the subsections to Interrogatory No. 24.  *See id*.

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

Honorable Sally Shushan
September 16, 2011
Page 2

Contrary to Halliburton's assertion, this dispute is not about whether Halliburton should be "burdened with the task of doing BP's production review for it" or charged with reviewing deposition transcripts. *See id*. at 3. Any party served with an interrogatory asking it to identify witnesses and documents that support its contentions could raise those very same complaints. However, those types of challenges have long been rejected and contention interrogatories (such as Interrogatory No. 24) upheld as entirely appropriate.

Thus, the issue is not whether Halliburton is required to "conduct BP's production review for it," but whether Halliburton has answered Interrogatory No. 24 "fully" based on "all information within [its] control or known by its agents." *See* Fed. R. Civ. P. 33(b); *see also Morris v. Wyeth*, Inc., No. 09-0854, 2010 WL 1141224, at *2 (W.D. La. Mar. 22, 2010). Given the numerous Halliburton employees aboard the *Deepwater Horizon* in April 2010 at Halliburton's disposal from whom Halliburton could obtain responsive information to answer the specific questions in Interrogatory No. 24 concerning the mud logging equipment settings and alarms, it is clear that Halliburton has not provided a full and complete response.

Accordingly, BP respectfully requests that the Court grant the order requested in BP's August 29, 2011 letter compelling Halliburton to answer Interrogatory No. 24 fairly and substantively based on all information available to it, or alternatively, that Halliburton amend its response to certify that it has conducted a reasonable investigation and is unable to furnish any additional responsive information.

Sincerely,

/s/ Barbara M. Harding

Barbara M. Harding

BMH/djs