# BINGHAM

Tiffany R. Hedgpeth
Direct Phone: 213.680.6442
Direct Fax:     213.830.8642
tiffany.hedgpeth@bingham.com

September 20, 2011

**via email** (Sally_Shushan@laed.uscourts.gov)

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

**Re:** BP's Motion for Reconsideration of the Court's September 6, 2011 Order Regarding BP's Motion to Compel Discovery Responses from Anadarko in *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("AE&P") (collectively, "Anadarko") respectfully request that the Court deny BP's September 15, 2011 Motion for Reconsideration of the Court's September 6, 2011 Order ("MFR"). BP requests that the Court modify its finding that Kerr McGee's ("KM") policies, procedures, and standards that apply generally to deepwater drilling in the Gulf of Mexico ("GOM") are neither relevant to the litigation nor timely sought. BP offers no information that warrants a change to the Court's prior ruling.

As noted by Judge Barbier in *Who Dat Yat LLC v. Who Dat? Inc.*, 2011 WL 121730, at *1 (E.D. La. Jan. 11, 2011) (cited in BP's MFR):

> [T]o prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact.

*Who Dat Yat LLC*, 2011 WL 121730 at *1 (citations omitted).

BP fails to meet any of the above factors. Instead, its motion for reconsideration is nothing more than an attempt to re-litigate a decision it simply does not like.

I.   **BP Has Failed to Provide the Court With Anything New**

BP cites to two pieces of information that it claims are "new."[1]  First, BP argues that

---

[1] BP does not argue that there has been an intervening change in controlling law.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Suite 4400
355 South Grand Avenue
Los Angeles, CA
90071-3106

T +1.213.680.6400
F +1.213.680.6499
bingham.com

The Honorable Sally Shushan
September 20, 2011
Page 2

KM's GOM deepwater drilling policies, procedures, and standards are particularly relevant now that BP has learned APC and AE&P "ha[ve] none."[2] That Anadarko may not have written policies, procedures or standards of the type BP has sought is hardly something that was not contemplated at the time of BP's motion to compel. Mr. Beffa's August 2, 2011 proposal regarding APC's and AE&P's production of GOM deepwater drilling policies, procedures, and standards stated:

> We propose that, with respect to discovery between Anadarko and BP related to non-Macondo wells, each party will be required to respond to those requests . . . seeking . . . responses describing . . . company policies, procedures, or standards applicable generally to deepwater gulf of Mexico wells; **if no such generalized policies, procedures, or standards exist, the response shall so indicate.**

Exh. C (8/2/11 Letter to C. Solomont, W.A. Fitch from D. Beffa, at 3) (emphasis added).[3] A circumstance contemplated by BP prior to filing and briefing its motion to compel is not "new" information warranting a change in the Court's ruling.

Second, BP cites an APC safety manual produced by Anadarko, which states that employees should also follow the "numerous other programs, procedures, and guidelines that are in place to support site-specific work practices…" *See* BP's MFR, at 3; *see also* Exh. E (APC's Safety & Health Manual, 2007 Edition). This manual was produced by Anadarko to the other parties in the litigation, including BP, in November 2010, long before BP filed its motion to compel. Thus, it also is not "new" information.

### II. KM's GOM Deepwater Drilling Policies, Procedures, and Standards Remain Irrelevant

The Court properly determined in denying this aspect of BP's Motion to Compel that any KM policies, procedures, or standards are irrelevant. The Court's September 6, 2011

---

[2] BP misstates APC's and AE&P's supplemental discovery responses. The supplemental responses state that APC and AE&P do not have written company policies, procedures, or standards regarding certain aspects of deepwater drilling procedures. *See* Exh. A (Supplemental Objections and Responses of Anadarko Petroleum Corporation and Anadarko E&P Company LP to the BP Parties' First Set of Interrogatories); *and* Exh. B (Supplemental Objections and Responses of Anadarko Petroleum Corporation and Anadarko E&P Company LP to the BP Parties' First Set of Requests for Production). The supplemental interrogatory responses also state, however, that APC's and AE&P's non-written procedure is that applicable industry standards, regulations and procedures must be followed as the facts and circumstances warrant. *See generally* Exh. A.

[3] Indeed, in Anadarko's letter opposing BP's motion to compel, Anadarko argued "[w]hether Anadarko had the best polices, the worst polices, **or no policies** at all has no significance in this case because BP, not Anadarko, made all decisions with respect to the drilling and temporary abandonment operations at the Macondo Well." Exh. D (Anadarko's Opposition to BP's Motion to Compel, August 31, 2001, at 6) (emphasis added).

The Honorable Sally Shushan
September 20, 2011
Page 3

Order ("Order") states "[a]ssuming [BP's discovery] was timely, the Court agrees with Anadarko's arguments that the information sought from Anadarko U.S. Offshore (Kerr-McGee) is not relevant to the parties' claims and defenses." (Rec. Doc. 3921, at 1-2). In its August 31, 2011 letter to the Court opposing BP's motion to compel, Anadarko presented three arguments as to why the information BP seeks from KM is not relevant:

(1) KM had no involvement in the design, construction, or drilling of the Macondo Well and other events leading up to the explosion of the *Deepwater Horizon* at the Macondo Well;

(2) KM's policies, along with any APC or AE&P policies, do not establish the "industry standard of care" and BP never sought such information from any non-party GOM Deepwater Drillers during Phase One discovery; and

(3) Anadarko personnel, whether or not they came from KM, did not serve in any drilling, engineering or other technical roles on the Macondo Well. As noted by Judge Barbier, BP was "solely responsible for the drilling operations" at the Macondo Well.

Exh. D, at 5-6; (Rec. Doc. 3830, at 28).

The absence of written APC or AE&P policies on certain subjects does not impact any of the reasons leading to the Court's finding that the KM policies, procedures, or standards are not relevant. To the extent KM has GOM deepwater drilling policies, procedures or standards, they do not establish the "industry standard of care." It also does not change the fact that BP, and not APC, AE&P or KM, was the sole operator of the Macondo Well. (Rec. Doc. 3830, at 28).

APC's safety manual also fails to provide BP with any traction. The safety manual concerns such basic safety issues as how to properly travel up or down stairs and is not targeted to deepwater drilling or the GOM. Exh. E, at 52. A plain reading of the document shows its reference to other programs, procedures, and guidelines relates to APC health and safety - not KM's GOM deepwater drilling policies, procedures, and standards. *See generally* Exh. E. KM is not even mentioned in the document. *Id.* The mere existence of this document does not magically make KM's policies, procedures, or standards relevant to this litigation.

### III.   BP Has Not Demonstrated A Manifest Error In Law Or Fact

In its Order, the Court held that "[a]ssuming that the Gulf of Mexico drilling operations of parties other than BP are relevant to establish an industry standard of care, BP should have sought this information from Anadarko as well as non-parties well before the conclusion of Phase One discovery. BP's request for the information is not timely." (Rec. Doc. 3921, at 1-2). Apparently claiming there was a manifest error in law or fact, BP now argues that it did seek KM's information from APC and AE&P prior to the discovery cutoff. BP MFR, at 1-2. However, as the Court found, BP's pursuit of KM's information was untimely.

First, when BP issued discovery requests to Anadarko that sought information relating to activities or wells unrelated to the Macondo Well, Anadarko objected to those requests. Exh. D, at 3-4. APC and AE&P also objected to the definition in BP's July 1, 2011 discovery requests that sought to expand the requests to cover APC's and AE&P's "affiliates." Exh. D, at 3, n.3  After engaging in meet and confer communications, and

The Honorable Sally Shushan
September 20, 2011
Page 4

without APC or AE&P agreeing to the relevancy of any of their policies, procedures, or standards, the issue was resolved when BP proposed that the parties respond to requests seeking responses describing "**company** policies, procedures, or standards applicable generally to deepwater Gulf of Mexico Wells." Exh. C, at 3 (emphasis added). The agreement did not require Anadarko to produce the policies of any company other than APC or AE&P -- indeed KM was never mentioned by BP or Anadarko during the meet and confer discussions that produced the agreement. It was only after the agreement was struck, that BP demanded this Court extend the agreement to encompass KM.

Second, BP certainly never sought discovery of policies, procedures or standards regarding deepwater drilling activities from third parties. As noted by the Court, it is too late for BP to initiate an industry wide survey to develop the industry "standard of care."

### IV. Conclusion

BP fails to identify any change in intervening law, the availability of new evidence not previously available, or a manifest error in law or fact. It is merely trying to get a second bite at the same apple to obtain discovery that is untimely and irrelevant. Anadarko respectfully requests that the Court deny BP's motion for reconsideration.

Respectfully submitted,

*Rebecca Couch for Tiffany Hedgpeth*
Tiffany R. Hedgpeth

Enclosures

cc:   Martin Boles, Esq.
      Ky Kirby, Esq.
      Warren Anthony Fitch, Esq.