UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| IN RE: THE COMPLAINT AND | : | |
| PETITION OF TRITON ASSET | : | JURY TRIAL DEMANDED |
| LEASING GMBH, et al. | : | |
| | : | |
| **THIS DOCUMENT RELATES TO All** | : | |
| **Cases in Pleading Bundle B1** | : | |
| | : | |
| **THIS DOCUMENT RELATES TO 10-** | : | |
| **2771** | : | |
| | : | |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**ANSWER OF DEFENDANT/THIRD-PARTY DEFENDANT
CAMERON TO FIRST AMENDED B1 MASTER CLAIM
<u>AND COMPLAINT, TOGETHER WITH CROSS-CLAIMS</u>**

Pursuant to FED. R. CIV. P. 14(c) and 15(a)(1)(A), Cameron International

Corporation ("Cameron") respectfully files this answer in response to the First Amended Master

Claim in Limitation and First Amended Master Complaint, Cross-Claim, and Third-Party

Complaint for Private Economic Losses ("Claim" and "Complaint" respectively; Doc. 1128),

together with cross-claims against the other defendants named in the Claim and Complaint, as

follows:

## Jury Demand

Cameron demands trial by jury of all issues in these proceedings so triable. Cameron denies that the supposed Rule 9(h) designation attempted in the Claim and Complaint is effective to deprive Cameron of its rights under the Seventh Amendment to jury trial of the legal claims for monetary relief asserted against it in the Complaint or of any claim to be asserted by any other defendant, cross-defendant or third-party defendant.

## Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

## Responding to Short-Form Joinders in the Claim and Complaint.

Cameron lacks knowledge or information sufficient to form a belief about any factual allegation contained in any short-form joinder in the Complaint.

## Responding to Allegations in the Claim

Subject to the affirmative factual allegations made by Cameron in support of its claims for affirmative relief in this and other pleadings in these proceedings [Doc. 412 in 10-2771 ¶¶ 29-87; the "Cameron Allegations"], which are hereby incorporated by reference pursuant to F.R. Civ. P. 10(c), Cameron responds as follows to the numbered allegations in the Claim. Any factual allegation of the Claim that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

27. Cameron denies the allegations in paragraph 27, and denies that any claim against Cameron may be properly the subject of a Rule 9(h) designation.

2

28.     Cameron objects to the group pleading of paragraph 28 under Admiralty Rule F, and lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 29.

30.     Cameron denies that the *Deepwater Horizon* was in navigation on April 20, 2012, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 30.

31.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31.

32.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 32.

33.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 33.

34.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34.

35.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 35.

36.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 36.

37.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 37.

1070783v.1

38.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 38.

39.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39.

40.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 40.

41.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 41.

42.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 42.

43.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 43.

44.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 44.

45.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 45.

46.     With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but except as

4

alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 46.

47.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 47.

48.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48.

49.     Cameron admits that by 9:08 p.m. on April 20, 2010, a certain amount of hydrocarbons had entered the Macondo well from a subsoil reservoir, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 49.

50.     Cameron admits that between 9:08 and 9:30 p.m. on April 20, 2010, there were certain increases in drill pipe pressure in the Macondo well that persons other than Cameron should have recognized and taken well control action in response to, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 50.

51.     Cameron admits that modeling from BP's investigation of the Macondo well blowout indicates that a certain amount of hydrocarbons had entered the Macondo well from the subsea reservoir by 9:38 p.m. on April 20, 2010, that at about that time, hydrocarbons entered the riser above the BOP, and that the BOP had been left open during this influx of hydrocarbons, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 51.

1070783v.1

52.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 52.

53.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 53.

54.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 54.

55.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 55.

56.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 56.

57.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 57.

58.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58.

59.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 59.

60.     Cameron admits the allegations in paragraph 60.

61.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 61.

62.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 62.

1070783v.1

63.     Cameron admits that as specified by BP and Transocean, the BOP contained blind shear rams that, when properly maintained and timely activated under appropriate conditions, would shear certain pipe and seal the wellbore, but denies the remaining allegations of paragraph 63.

64.     Cameron admits that from the BOP panel on the drilling unit, drilling personnel could operate the set of blind shear rams in the BOP stack by activating the high pressure blind shear ram close function and could operate the emergency disconnect sequence, and that the high pressure blind shear ram close function was part of the emergency disconnect sequence.  Cameron further admits that these BOP functions required communication between the unit and the BOP through multiplex cables running from the unit to the BOP that were assembled and positioned pursuant to the specifications of BP and/or Transocean. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 64.

65.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 65.

66.     Cameron admits that pursuant to specifications of BP and Transocean, the BOP was equipped with additional methods of activating certain functions of the BOP as the automatic mode function ("AMF" or "deadman") and "hot stab" by means of remotely operated vehicles. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 66.

67.     Cameron admits that upon loss of electrical power, hydraulics, and communication, the AMF sequence will activate certain functions on the BOP, including the

high pressure blind shear ram close function.  Cameron admits that proper functioning of the AMF depends on certain operational components in one of the pods. Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67.

68.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 68.

69.     Cameron admits the allegations in the first sentence of paragraph 69. Cameron admits that an ROV performs a hot stab by injecting fluid into a dedicated port on the BOP and that attempts were made to use ROVs to activate the BOP.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 69.

70.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 70.

71.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 71.

72.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 72.

73.     In response to paragraph 73, Cameron admits that investigations have failed to determine when the blind shear rams were activated and shut across the interior of the BOP or why the blind shear rams did not seal the well when activated, but have revealed that the blind shear rams did shut across the interior of the BOP, but lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 73.  The second sentence of paragraph 73 is a reservation of rights that requires no response.

8

74.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 74.

75.     In response to the third sentence of paragraph 75, Cameron avers that the referenced 2000 report speaks for itself, but denies the remaining allegations in paragraph 75.

76.     Cameron admits that Transocean and other offshore drilling companies have installed BOPs with two stacks containing blind shear rams as part of their drilling units, but denies the remaining allegations in the first sentence of paragraph 76, and lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 76.

77.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 77.

78.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 78.

79.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 79.

80.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 80.

81.     Cameron admits the allegations in paragraph 81.

82.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 82.

83.     Cameron admits that that it has made recommendations regarding periodic inspections and recertification of BOP equipment. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 83.

1070783v.1

84.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 84.

85.     In response to paragraph 85, Cameron avers that the referenced audit speaks for itself.

86.     Cameron admits that an acoustic trigger was not requested for the *Deepwater Horizon* BOP, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86.

87.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 87.

88.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 88.

89.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 89.

90.     In response to paragraph 90, Cameron avers that the referenced equipment assessment speaks for itself, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 90.

91.     In response to paragraph 91, Cameron avers that the referenced equipment assessment speaks for itself, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 91.

92.     In response to paragraph 92, Cameron avers that the referenced equipment assessment speaks for itself.

93.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 93.

94.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 94.

95.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95.

96.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96.

97.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97.

98.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98.

99.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 99.

100.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 100.

101.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 101.

102.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 102.

103.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 103.

1070783v.1

104.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 104.

105.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 105.

106.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 106.

107.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 107.

108.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 108.

109.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 109.

110.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 110.

111.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111.

112.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112.

113.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113.

114.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 114.

1070783v.1

115.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115.

116.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116.

117.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 117.

118.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 118.

119.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 119.

120.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 120.

121.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 121.

122.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 122.

123.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 123.

124.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 124.

125.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 125.

1070783v.1

126.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126.

127.    Cameron admits that the Department of the Interior imposed a drilling moratorium in the Gulf of Mexico, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 127.

128.    In response to paragraph 128, Cameron avers that the moratorium notice speaks for itself, and Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 128.

129.    In response to paragraph 129, Cameron avers that the referenced notice and recommendation speak for themselves.

130.    In response to paragraph 130, Cameron admits that a preliminary injunction was granted against the moratorium in June 2010.

131.    Cameron admits the allegations in the first sentence of paragraph 131, and avers that the document referenced in the second sentence of paragraph 131 speaks for itself.

132.    In response to paragraph 132, Cameron avers that the referenced announcement speaks for itself.

133.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 133.

134.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 134.

135.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 135.

1070783v.1

136.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 136.

137.    In response to paragraph 137, Cameron avers that the referenced report is inadmissible and speaks for itself.

138.    In response to paragraph 138, Cameron avers that the referenced report is inadmissible and speaks for itself.

139.    In response to paragraph 139, Cameron avers that the referenced report is inadmissible and speaks for itself.

140.    In response to paragraph 140, Cameron restates its responses to paragraphs 27-139.

141.    Cameron admits that Petitioners owed duties of care to certain Claimants, but lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 141.

142.    Cameron admits that part of Petitioners' duty of care to certain persons included a duty to take care to protect against oil spills, but lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 142.

143.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 143.

144.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 144.

145.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 145.

1070783v.1

146.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 146.

147.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 147.

148.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 148.

149.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 149.

150.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 150.

151.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 151.

152.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 152.

153.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 153.

154.     Cameron objects to and denies the allegations in paragraph 154.

155.     Cameron objects to and denies the allegations in paragraph 155.

156.     Cameron objects to and denies the allegations in paragraph 156.

157.     Cameron objects to and denies the allegations in paragraph 157.

158.     Cameron objects to and denies the allegations in paragraph 158.

159.     Cameron objects to and denies the allegations in paragraph 159.

160.    Cameron objects to and denies the allegations in paragraph 160.

161.    Cameron objects to and denies the allegations in paragraph 161.

162.    Cameron objects to and denies the allegations in paragraph 162.

163.    Cameron objects to and denies the allegations in paragraph 163.

164.    Cameron objects to and denies the allegations in paragraph 164.

165.    Cameron objects to and denies the allegations in paragraph 165.

166.    Cameron objects to and denies the allegations in paragraph 166.

167.    Cameron objects to and denies the allegations in paragraph 167.

168.    In response to paragraph 168, Cameron restates its responses to paragraphs 27-167.

169.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 169.

170.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 170.

171.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 171.

172.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 172.

173.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 173.

174.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 174.

175.     In response to paragraph 175, Cameron restates its responses to paragraphs 27-174.

176.     Cameron objects to and denies the group allegations in paragraph 176.

177.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 177.

178.     Cameron denies the allegations in paragraph 178.

179.     Cameron denies the allegations in paragraph 179.

180.     Cameron denies the allegations in paragraph 180.

181.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 181.

182.     Cameron denies the allegations in paragraph 182.

183.     Cameron denies the allegations in paragraph 183.

184.     In response to paragraph 184, Cameron restates its responses to paragraphs 27-183.

185.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 185.

186.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 186.

187.     Cameron denies the allegations in paragraph 187.

188.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 188.

18

189.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 189.

190.    Cameron denies the allegations in paragraph 190.

191.    Cameron denies the allegations in paragraph 191.

192.    Cameron denies the allegations in paragraph 192.

193.    In response to paragraph 193, Cameron restates its responses to paragraphs 27-192.

194.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 194.

195.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 195.

196.    Cameron denies the allegations in paragraph 196.

197.    Cameron denies the allegations in paragraph 197 and denies that any Claimant is entitled to the declaratory relief requested in paragraph 197.

### Responding to Allegations in the Complaint

Subject to the "Cameron Allegations", which are hereby incorporated by reference pursuant to FED. R. CIV. P. 10(c), Cameron responds as follows to the numbered allegations in the Complaint.  Any factual allegation of the Complaint that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

198.    Cameron admits that on April 20, 2010, there was a blowout from the Macondo Well in Mississippi Canyon Block 252 on the outer Continental Shelf in the Gulf of Mexico, that explosions occurred on the *Deepwater Horizon* mobile offshore drilling unit, and

19

that the drilling unit subsequently sank, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 198.

199.    In response to the first sentence of paragraph 199, Cameron admits that on or about April 22, 2010, the marine riser connecting the Macondo Well to the *Deepwater Horizon* broke, and that at some time thereafter oil from the Macondo reservoir in the subsoil discharged from the break in the riser into the Gulf of Mexico.  Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of paragraph 199.

200.    Cameron admits that, until stopped, oil from the Macondo reservoir in the subsoil spilled out of the Macondo well from the broken riser, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 200.

201.    To the extent that the allegations in paragraph 201 include Cameron within the term "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 201.

202.    To the extent that the allegations in paragraph 202 concern Cameron as one of the "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 202.

203.    To the extent that the allegations in paragraph 203 concern Cameron as one of the "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in

the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 203.

204.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 204.

205.    The statements in paragraph 205 purport to describe the Complaint and require no response.

206.    Cameron denies the statements in paragraph 206.

207.    In response to the statements in paragraph 207, Cameron avers that the Complaint speaks for itself.

208.    The statements in paragraph 208 predict (then) future events and require no response.

209.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209.

210.    Cameron admits the allegations in the second and third sentences of paragraph 210, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 210.

211.    Cameron admits the allegations in the second sentence of paragraph 211, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 211.

212.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212.

213. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213.

214. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214.

215. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215.

216. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216.

217. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217.

218. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218.

219. The first sentence of paragraph 219 states a convention for future reference to the BP defendants and requires no response. Cameron admits the allegations in the second sentence of paragraph 219.

220. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 220. Cameron admits the allegations in the second sentence of paragraph 220.

221. Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 221. Cameron admits the allegations in the second sentence of paragraph 221.

1070783v.1

222.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 222.  Cameron admits the allegations in the second sentence of paragraph 222.

223.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 223.  Cameron admits the remaining allegations in paragraph 223.

224.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 224.  Cameron admits the allegations in the second sentence of paragraph 224.

225.    The first sentence of paragraph 225 states a convention for future reference to the Transocean defendants and requires no response.  Cameron admits the remaining allegations in paragraph 225.

226.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 226.  Cameron admits the remaining allegations in paragraph 226.

227.    Cameron admits the allegations in the first two sentences of paragraph 227.  The third sentence of paragraph 227 states a convention for future reference to the Halliburton defendants and requires no response.

228.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 228.  Cameron admits the remaining allegations in paragraph 228.

1070783v.1

229.    Paragraph 229 states a convention for reference to Drilling Defendants and requires no response.

230.    Cameron admits the allegations in the first two sentences of paragraph 230.  With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 230.

231.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231.

232.    In response to paragraph 232, Cameron denies that it is liable in any respect.  In further response to the allegations in paragraph 232, Cameron admits that the Drilling Defendants are liable under the Oil Pollution Act and that Weatherford may be liable under law other than the Oil Pollution Act. Cameron further takes the position that the liability of defined Responsible Parties is exclusively governed by the Oil Pollution Act, and that the liability of Weatherford under other law is exclusively governed by the subrogation and contribution provisions of the Oil Pollution Act.  To the extent that OPA does not exclusively govern these liability issues, Cameron incorporates the Cameron Allegations in response to the allegations in paragraph 232.

233.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 233.  Cameron admits the remaining allegations in paragraph 233.

234.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 234.  Cameron admits the remaining allegations in paragraph 234.

235.    Cameron admits the allegations in last sentence of paragraph 235, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 235.

236.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236.

237.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237.

238.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238.

239.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 239.

240.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240.

241.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 241.

1070783v.1

242.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242.

243.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 243.

244.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244.

245.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245.

246.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246.

247.    Cameron admits the allegations in paragraph 247.

248.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248.

249.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249.

250.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250.

251.    Paragraph 251 is a reservation of rights that requires no response.

252.    Cameron denies the allegations of paragraph 252.  Cameron avers that the claims asserted in the Complaint are subject to the jurisdiction provided in the Outer Continental Shelf Lands Act and the Oil Pollution Act.

253.    Cameron denies the allegations of paragraph 253.

26

254.   Cameron admits that the claims for oil spill compensation asserted in the Complaint are subject to the "exclusive" jurisdiction provided in OPA, 33 U.S.C. § 2717(b).

255.   Cameron denies the allegations in paragraph 255.

256.   Cameron denies the allegations in paragraph 256.

257.   Cameron admits that venue over certain of the claims of the Complaint are proper in this district and that venue is proper for pretrial purposes under 28 U.S.C. § 1407, but otherwise denies the allegations in paragraph 257.

258.   Cameron admits that workers responsible for activities intended to abandon the Macondo well for future production lost control of the subsea oil well that was nearing completion, that hydrocarbons leaked into the well and ultimately blew out of the well, that the blowout of hydrocarbons onto the *Deepwater Horizon* MODU resulted in explosions and fires on the unit, that the unit ultimately sank, and that oil from the Macondo reservoir in the subsoil ultimately discharged from the well through the broken riser into the Gulf, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 258.

259.   Cameron admits the allegations in the first sentence of paragraph 259. Cameron denies that the BOP did not seal the well.  Cameron admits that hydrocarbon flow fueled the fires.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 259.

260.   Cameron admits that oil flowed from the reservoir in the subsoil, through the well, and then out of the damaged well and into the Gulf of Mexico for approximately 12

27

weeks, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 260.

261.     Cameron admits that the blowout, explosions, fires, and spill were proximately caused by the conduct and failures of the Drilling Defendants rather than any action or inaction of Cameron, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 261.

262.     Cameron admits that deepwater oil development is a complex and challenging activity, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 262.

263.     Cameron denies that a MODU like the *Deepwater Horizon* is treated as a vessel for all legal purposes and in all legal contexts, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 263.

264.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264.

265.     Cameron admits that BOPs are generally anchored by connectors to the wellhead, and that BOPs are generally sold to offshore drilling companies as appurtenances to and essential equipment for mobile offshore drilling units; that if properly maintained activated in the appropriate circumstances at the right time, BOP rams can prevent a "kick" from escalating into a "blowout;" that BOPs usually can be activated both manually and automatically; that certain automated functions of BOPs are referred to as the automatic mode function ("AMF") and designed to function in certain circumstances in which manual activation may be disabled, and that BOP functions can generally be activated with the use of remotely

28

operated vehicles ("ROVs") through procedures referred to as "hot stab" or autoshear functions, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 265.

266.   Cameron admits that BOPs are installed early in the drilling process because they are a critical part of the overall flow control and well control systems used during drilling, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 266.

267.   Cameron admits that BOPs are generally secured to the wellhead over the hole created by the drilling of an oil well, that drilling apparatus is passed through the BOP into the drilled hole to drill and construct the well, and that for deepwater offshore operations a marine riser connects and attaches the drilling unit on the surface of the water to the well being drilled and cased in the subsoil, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 267.

268.   Cameron admits that appropriate drilling mud and its proper handling are a part of an overall well control system, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 268.

269.   Cameron admits that appropriate drilling mud and its proper handling are a part of an overall well control system, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 269.

270.   Cameron admits that appropriately secure cement and proper cementing are a critical part of an overall well control system, and are correspondingly a critical part of

abandonment operations, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 270.

271.     Cameron admits that temporary abandonment generally refers to the process by which an offshore well is secured so that a drilling unit may be disconnected and detached from the well for ultimate connection and attachment of a production facility, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 271.

272.     In response to paragraph 272, Cameron admits BP Exploration and Production Inc. purchased a lease from the federal government pertaining to hydrocarbon resources from Mississippi Canyon Block 252 on the Outer Continental shelf approximately 48 miles from the coast of Louisiana, the closest and therefore "adjacent" state within the meaning of the Outer Continental Shelf Lands Act, but avers that the lease speaks for itself.

273.     In response to paragraph 273, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

274.     In response to paragraph 274, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

275.     In response to paragraph 275, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

276.   In response to paragraph 276, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

277.   In response to paragraph 277, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

278.   In response to paragraph 278, Cameron avers that the documents filed by BP in attempted compliance with the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 272 speak for themselves.

279.   Cameron admits that MMS approved certain BP operations concerning the Macondo well, but avers that those approvals speak for themselves, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 279.

280.   In response to paragraph 280, Cameron avers that the application for a permit to drill the Macondo well speaks for itself.

281.   In response to paragraph 281, Cameron avers that the Macondo Operating Agreement speaks for itself.

282.   In response to paragraph 282, Cameron avers that the Macondo Operating Agreement speaks for itself.

283.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283.

1070783v.1

284.     In response to paragraph 284, Cameron avers that the Macondo Operating Agreement speaks for itself.

285.     In response to paragraph 285, Cameron avers that the Macondo Operating Agreement, as amended, speaks for itself.

286.     In response to paragraph 286, Cameron admits that the *Deepwater Horizon* was a semi-submersible facility classed as a mobile offshore drilling unit, had dynamic positioning capabilities, and was commissioned and placed in service in 2001, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 286.

287.     Cameron admits that the *Deepwater Horizon* was owned by a Transocean entity, and that all oil drilling and development operations conducted at the Macondo lease were conducted subject to the terms of the Drilling Contract, as amended, but lacks knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 287.

288.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 288.

289.     Except as alleged in the Cameron allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 289.

290.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290.

291.     Cameron admits that the Macondo lease pertained to federal property on the Outer Continental Shelf under the Gulf of Mexico, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 291.

32

292.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292.

293.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 293.

294.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 294.

295.    Cameron admits that the BOP equipment on the *Deepwater Horizon* functioned successfully when manually activated to seal the Macondo well in response to a "kick" in March 2010, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 295.

296.    In response to paragraphs 296, Cameron avers that the documents referenced in that paragraph speak for themselves, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 296.

297.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 297.

298.    In response to paragraph 298, Cameron avers that the financial terms of the Drilling Contract speak for themselves, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 298.

299.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 299.

300.    In response to the allegations of paragraph 300, Cameron avers that the written statements of Mr. Bea are inadmissible and speak for themselves, but lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 300.

301. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 301.

302. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 302.

303. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 303.

304. In response to paragraph 304, Cameron avers that the reports of the governmental commissions or regulatory agencies that have investigated the Macondo well blowout and oil spill and the statements of commission members speak for themselves.

305. In response to the allegations of paragraph 305, Cameron avers that the statements of Mr. Bea are inadmissible and speak for themselves.

306. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 306, and avers that the referenced statements are inadmissible and speak for themselves..

307. In response to paragraph 307, Cameron avers that the BP investigatory report speaks for itself.

308. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 308.

309. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 309.

1070783v.1

310.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 310.

311.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 311.

312.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 312, and avers that the referenced document speaks for itself.

313.     In response to paragraph 313, Cameron avers that the referenced document speaks for itself.

314.     In response to paragraph 314, Cameron avers that the referenced document speaks for itself.

315.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 315, and avers that the BP emails speak for themselves.

316.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 316.

317.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 317.

318.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 318.

319.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 319.

1070783v.1

320.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 320.

321.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 321.

322.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 322.

323.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 323, and avers that the BP emails speak for themselves.

324.    In response to paragraph 324, Cameron avers that API RP 65 speaks for itself.

325.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 325.

326.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 326.

327.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 327.

328.    In response to paragraph 328, Cameron avers that API guidelines speak for themselves.

329.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 329.

1070783v.1

330.     In response to paragraph 330, Cameron avers that the BP operations plan speaks for itself.

331.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 331.

332.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 332.

333.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 333.

334.     In response to paragraph 334, Cameron avers that the referenced study speaks for itself, and except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 334.

335.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 335.

336.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 336.

337.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 337.

338.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 338.

339.     In response to paragraph 339, Cameron avers that the statements of Mr. Bartlitt speak for themselves.

340.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 340.

341.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 341.

342.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 342.

343.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 343.

344.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 344, and avers that the Halliburton emails and the report of the Chief Counsel of the President's Commission speak for themselves.

345.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 345, and avers that the Halliburton emails and the report of the Chief Counsel of the President's Commission speak for themselves.

346.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 346, and avers that the reported statements of Mr. Bea are inadmissible and speak for themselves.

347.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 347, and avers that the BP investigative report speaks for itself.

348.    In response to paragraph 348, Cameron avers that the report of the Chief Counsel of the President's Commission speaks for itself.

349.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 349.

350.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 350.

351.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 351, and avers that the NAE interim report is inadmissible and speaks for itself.

352.    In response to paragraph 352, Cameron avers that the interim report of the NAE is inadmissible and speaks for itself.

353.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 353.

354.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 354, and avers that the referenced testimony speaks for itself.

355.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 355.

356.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 356.

357.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 357.

1070783v.1

358.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 358.

359.    In response to paragraph 359, Cameron avers that the referenced testimony speaks for itself.

360.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 360.

361.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 361.

362.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 362.

363.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 363.

364.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 364.

365.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 365.

366.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 366.

367.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 367.

368.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 368.

1070783v.1

369.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 369.

370.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 370.

371.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 371.

372.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 372.

373.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 373.

374.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 374.

375.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 375.

376.     In response to paragraph 376, Cameron avers that the referenced testimony speaks for itself.

377.     In response to paragraph 377, Cameron avers that the referenced report and testimony speak for themselves.

378.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 378.

379.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 379, and avers that the referenced interim report is inadmissible and speaks for itself.

380.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 380.

381.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 381.

382.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 382.

383.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 383, and avers that the referenced testimony speaks for itself.

384.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 384, and avers that the referenced testimony speaks for itself.

385.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 385.

386.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 386.

387.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 387, and avers that the referenced interim report is inadmissible and speaks for itself.

1070783v.1

388.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 388.

389.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 389.

390.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 390.

391.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 391, and avers that the referenced testimony speaks for itself.

392.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 392, and avers that the referenced testimony speaks for itself.

393.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 393, and avers that the modeling data speaks for itself.

394.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 394.

395.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 395, and avers that the referenced audit speaks for itself.

396.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 396, and avers that the referenced written reports speak for themselves.

397.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 397.

398.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 398, and avers that the referenced testimony speaks for itself.

399.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 399.

400.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 400.

401.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 401.

402.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 402.

403.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 403.

404.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 404.

405.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 405, and avers that the written policies and instructions of the Drilling Defendants speak for themselves.

406.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 406.

407.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 407.

408.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 408.

409.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 409.

410.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 410.

411.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 411, and avers that the referenced written investigative reports and testimony speak for themselves.

412.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 412.

413.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 413.

414.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 414.

415.    Cameron admits that a Transocean employee pressed the button on one of the BOP control panels on the drilling unit to activate the emergency disconnect sequence, and that the emergency disconnect sequence did not complete.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 415.

416.    Cameron admits that as manufactured by Cameron, the BOP equipment sold to Transocean in 2001 had a high pressure blind shear ram close function, two emergency disconnect sequences, manual closure, EDS, AMF, and ROV "hot stab" activation capability methods, but denies the remaining allegations in paragraph 416.

417.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 417, and avers that the referenced investigative report speaks for itself.

418.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 418, and avers that the referenced testimony speaks for itself.

419.    Cameron admits that so long as the BOP is properly maintained, the AMF operates when certain conditions are present. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 419.

420.    Cameron admits that the BOP equipment manufactured by Cameron and sold to Transocean in 2001 pursuant to customer specifications had redundant independent control pods, and that post-incident test results speak for themselves. Except as alleged in the

Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 420.

421.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 421.

422.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 422, and avers that the referenced records and activity report speak for themselves.

423.    Cameron admits that it has made recommendations concerning periodic inspection and recertification of BOP equipment.  Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 423.

424.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 424, and avers that the referenced records speak for themselves.

425.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 425, and avers that the referenced audit and testimony speak for themselves.

426.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 426, and avers that the referenced regulations and testimony speak for themselves.

427.    In response to the allegations in paragraph 427, Cameron avers that the referenced investigative report speaks for itself.

428.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 428.

429.     Cameron admits that BOP functioning uses hydraulic pressure, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 429.

430.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 430, and avers that the referenced testimony speaks for itself.

431.     Cameron admits that one of the sets of variable bore rams had been replaced with a set of test rams, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 431, and avers that the referenced regulation speaks for itself.

432.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 432.

433.     Cameron admits that at some point after April 22, 2010, the BOP did not stop the flow of oil discharged from the Macondo well, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 433.

434.     In response to the first sentence of paragraph 434, Cameron admits that BOP is subject to continued investigations.   The second sentence of paragraph 434 is a reservation of rights and requires no response.

1070783v.1

435.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 435, and avers that the referenced 2004 study speaks for itself.

436.    Cameron admits that Transocean did not order an acoustic trigger for the *Deepwater Horizon* or a backup BOP from Cameron, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 436.

437.    In response to the first sentence of paragraph 437, Cameron admits that the specifications prescribed by BP and Transocean for the BOP installed on the *Deepwater Horizon* resulted in the installation of a BOP stack with only one set of blind shear rams, and avers that the referenced 2000 report speaks for itself.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 437.

438.    In response to the first sentence of paragraph 438, Cameron admits that the capacities and limitations of BOPs were well understood by BP and Transocean, and in particular that BP and Transocean fully understood the capacities and limitations of the BOP installed on the *Deepwater Horizon* that they had designed before and during installation in 2000 and 2001.   In response to the third sentence of paragraph 438, Cameron admits that Transocean has drilling units with BOPs that can accommodate two sets of blind shear rams.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 438.

1070783v.1

439.    Cameron admits that BP and Transocean replaced a variable bore ram with a test ram on the BOP, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 439, and avers that the referenced letter speaks for itself.

440.    In response to paragraph 440, Cameron denies the indirect insinuation that those parts of the BOP manufactured or installed by Cameron did not function, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 440.

441.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 441.

442.    With respect to the allegations of paragraph 442 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 442.

443.    With respect to the allegations of paragraph 443 concerning Cameron, Cameron denies the allegations and denies the suggestion that Cameron had any general responsibility for repairs, modification or testing of the BOP that it sold to Transocean in 2001. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 443.

444.    With respect to the allegations of paragraph 444 concerning Cameron, Cameron denies the allegations and denies the suggestion that Cameron had any general responsibility for testing or verification of the operability of the BOP that it sold to Transocean in

50

2001.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 444.

445.    Cameron denies the allegations in paragraph 445.

446.    With respect to the allegations of paragraph 446 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 446.

447.    With respect to the allegations of paragraph 447 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 447.

448.    Cameron admits that Transocean neither ordered nor acquired a backup acoustic trigger from Cameron for the BOP sold by Cameron to Transocean in 2001.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 448.

449.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 449.

450.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 450.

451.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 451, and avers that the referenced testimony speaks for itself.

452.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 452.

453.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 453, and avers that the referenced testimony speaks for itself.

454.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 454, and avers that the testimony speaks for itself.

455.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 455.

456.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 456, and avers that the referenced testimony speaks for itself.

457.     In response to paragraph 457, Cameron avers that the referenced assessment speaks for itself.

458.     In response to paragraph 458, Cameron avers that the referenced assessment and audit speak for themselves.

1070783v.1

459.     In response to paragraph 459, Cameron avers that the referenced survey statements speak for themselves.

460.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 460.

461.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 461, and avers that the statements of the chairman of the President's Commission speak for themselves.

462.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 462.

463.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 463, and avers that the interim NAE report is inadmissible and speaks for itself.

464.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 464, and avers that the interim NAE report is inadmissible and speaks for itself.

465.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 465, and avers that the statements of the referenced Study Group are inadmissible and speak for themselves.

466.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 466, and avers that the referenced regulations speak for themselves.

1070783v.1

467.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 467.

468.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 468, and avers that the statements of the referenced Study Group are inadmissible and speak for themselves.

469.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 469.

470.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 470.

471.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 471.

472.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 472.

473.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 473.

474.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 474, and avers that the referenced testimony speaks for itself.

475.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 475.

476.     To the extent that the first sentence of paragraph 476 is an allegation about Cameron, Cameron denies any such allegation.  Except as alleged in the Cameron Allegations,

Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 476.

477.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 477.

478.   Cameron admits that there were fires on the *Deepwater Horizon* between April 20 and 22, 2010, that the unit sank on April 22, 2010, that the unit had been connected to the wellhead with a marine riser, and that sometime after April 22, 2010, oil spilled from breaks in the riser, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 478.

479.   Cameron admits that the oil spill flowed from the Macondo well, but lacks knowledge or information sufficient to form a belief about the allegations in paragraph 479.

480.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 480.

481.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 481.

482.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 482.

483.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 483.

484.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 484.

1070783v.1

485.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 485.

486.    Cameron admits that BP did not conduct a well-kill procedure, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 486.

487.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 487.

488.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 488.

489.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 489.

490.    Cameron objects to the group allegations in paragraph 490 and denies those allegations.

491.    Cameron objects to the group allegations in paragraph 491 and denies those allegations.

492.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 492.

493.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 493.  Cameron denies the allegations in the second sentence of paragraph 493.

494.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 494.

56

495.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 495.

496.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 496.

497.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 497.

498.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 498.

499.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 499.

500.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 500.

501.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 501.

502.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 502.

503.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 503.

504.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 504.

1070783v.1

505.     Cameron denies the allegations in the first sentence of paragraph 505. Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 505.

506.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 506.

507.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 507.

508.     In response to paragraph 508, Cameron avers that any such Charter Agreement speaks for itself.

509.     In response to paragraph 509, Cameron avers that any such amendments speak for themselves.

510.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 510.

511.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 511.

512.     In response to the first sentence of paragraph 512, Cameron avers that any such Charter Agreement speaks for itself.  Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 512.

513.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 513.

514.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 514.

515.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 515.

516.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 516.

517.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 517.

518.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 518.

519.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 519.

520.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 520.

521.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 521.

522.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 522, and avers that the moratorium speaks for itself.

523.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 523, and avers that the Moratorium Notice speaks for itself.

524.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 524, and avers that the referenced second notice speaks for itself.

525.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 525, and avers that the referenced court order speaks for itself.

1070783v.1

526.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 526, and avers that the referenced agency document speaks for itself.

527.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 527.

528.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 528.

529.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 529.

530.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 530.

531.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 531.

532.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 532, and avers that any such report is inadmissible and speaks for itself.

533.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 533, and avers that any such report is inadmissible and speaks for itself.

534.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 534, and avers that any such report is inadmissible and speaks for itself.

535.    Cameron denies the allegations in paragraph 535.

1070783v.1

536.   Cameron denies the allegations in paragraph 536.

537.   Cameron denies the allegations in paragraph 537.

538.   Cameron denies the allegations in paragraph 538.

539.   Cameron denies the allegations in paragraph 539.

540.   Cameron denies the allegations in paragraph 540.

541.   Cameron denies the allegations in paragraph 541.

542.   Cameron denies the allegations in paragraph 542.

543.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 543, and avers that the reservation of rights in that paragraph requires no response.

544.   Cameron denies that paragraph 544 describes an identifiable class certifiable under Rule 23.

545.   Cameron denies that any portion of paragraph 545 describes an identifiable class or subclass certifiable under Rule 23.

546.   Cameron denies the allegations in paragraph 546.

547.   Cameron denies the allegations in paragraph 547.

548.   Cameron denies the allegations in paragraph 548.

549.   Cameron denies the allegations in paragraph 549.

550.   Cameron denies the allegations in paragraph 550.

551.   Cameron denies the allegations in paragraph 551.

552.   Cameron denies the allegations in paragraph 552.

553.   Cameron denies the allegations in paragraph 553.

1070783v.1

554.     Cameron denies the allegations in paragraph 554.

555.     Cameron denies the allegations in paragraph 555.

556.     Cameron denies the allegations in paragraph 556.

557.     Cameron denies the allegations in paragraph 557.

558.     Cameron denies the allegations in paragraph 558.

559.     Cameron denies the allegations in paragraph 559.

560.     Cameron denies the allegations in paragraph 560.

561.     Cameron denies the allegations in paragraph 561.

562.     A portion of paragraph 562 describes relief sought and in that respect, requires no response.  Otherwise, Cameron denies the allegations in paragraph 562.

563.     Cameron denies the allegations in paragraph 563.

564.     Cameron denies the allegations in paragraph 564.

565.     Cameron denies the allegations in paragraph 565.

566.     Cameron denies the allegations in paragraph 566.

567.     Cameron denies the allegations in paragraph 567.

568.     Cameron denies the allegations in paragraph 568.

569.     In response to paragraph 569, Cameron repeats its responses to paragraphs 27-568.

570.     In response to paragraph 570, Cameron admits that at "all times material" to the allegations of the Complaint, "Drilling Defendants were participating in drilling operations" in the subsoil of federal property subject to an OCS lease in the Gulf of Mexico.

1070783v.1

571.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 571.

572.    Cameron denies the allegations in paragraph 572.

573.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 573.

574.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 574.

575.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 575.

576.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 576.

577.    To the extent that the allegations in paragraph 577 make sense, Cameron denies them.

578.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 578.

579.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 579.

580.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 580, including the implicit allegation that Cameron participated in drilling operations.

581.    To the extent that the allegations in paragraph 581 are directed to the co-lessees in the federal lease for the Macondo well, Cameron lacks knowledge or information

sufficient to form a belief about those allegations.  To the extent that the allegations in paragraph 581 concern Cameron or any other Defendant that was not an OCS lessee, Cameron denies those allegations.

582.    Cameron denies the allegations in paragraph 582.

583.    Except as alleged in the Cameron, Cameron denies the allegations in paragraph 583.

584.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 584.

585.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 585.

586.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 586, and avers that federal law exclusively governed all the conduct of Defendants relevant to the allegations in the Complaint.

587.    Cameron denies the allegations in paragraph 587.

588.    Except as alleged in the Cameron Allegations, Cameron denies that the *Deepwater Horizon* was in navigation at any time material to determining liability for the allegations of the Complaint, but lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 588.

589.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 589.

590.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 590.

1070783v.1

591.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 591.

592.    Except as alleged in the Cameron allegations, Cameron denies that Cameron violated any international maritime code or standard or that any such code or standard governed its conduct, and lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 592.

593.    In response to the allegations in the first sentence of paragraph 593, Cameron admits that the *Deepwater Horizon* was used to drill the Macondo well pursuant to the terms of the Drilling Contract described in paragraph 593.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 593.

594.    Cameron admits that BP may have owed duties to one or more of the unnamed Plaintiffs, but Cameron denies the remaining allegations of paragraph 594.

595.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 595.

596.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 596.

597.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 597.

598.    Cameron admits that Halliburton may have owed duties to one or more of the unnamed Plaintiffs, but denies the remaining allegations in paragraph 598.

599.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 599.

600.   Cameron admits that M-I provided drilling mud services for the Macondo well, but lacks sufficient knowledge or information sufficient to form a belief about the remaining allegations in paragraph 600.

601.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 601.

602.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 602.

603.   With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 603.

604.   Cameron denies the allegations in paragraph 604.

605.   Cameron denies the allegations in paragraph 605.

606.   Cameron denies the allegations in paragraph 606.

607.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 607.

1070783v.1

608.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 608.

609.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 609.

610.    Cameron denies the allegations in paragraph 610.

611.    Cameron denies the allegation that Cameron's negligence or fault was a proximate cause of the Macondo well blowout or spill, and except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 611.

612.    Cameron denies the allegations in paragraph 612.

613.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 613.

614.    Cameron denies the allegations in paragraph 614.

615.    Cameron denies the allegations in paragraph 615.

616.    Cameron denies the allegations in paragraph 616.

617.    Cameron denies the allegations in paragraph 617.

618.    Cameron denies the allegations in paragraph 618.

619.    Cameron denies the allegations in paragraph 619.

620.    Cameron denies the allegations in paragraph 620.

621.    Cameron denies the allegations in paragraph 621.

622.    Cameron denies the allegations in paragraph 622.

623.    Cameron denies the allegations in paragraph 623.

1070783v.1

624.   Cameron denies the allegations in paragraph 624.

625.   Cameron denies the allegations in paragraph 625.

626.   Cameron denies the allegations in paragraph 626.

627.   Paragraph 627 contains no allegations to which to respond.

628.   In response to paragraph 628, Cameron repeats its responses to paragraphs 27-627.

629.   Cameron denies that it breached any duties to Plaintiffs and denies that any such duties are established under any applicable law, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 629.

630.   In response to the allegations in paragraph 630 directed to Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 630.

631.   In response to the allegations in paragraph 631 concerning Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 631.

632.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 632.

633.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 633.

1070783v.1

634.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 634.

635.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 635.

636.    In response to the allegations in paragraph 636 concerning Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 636.

637.    In response to paragraph 637, Cameron repeats its responses to paragraphs 27-636.

638.    Cameron denies the allegations in paragraph 638.

639.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 639.

640.    Cameron admits that if properly maintained and timely activated in appropriate circumstances on April 20, 2010, the BOP could have cut off the flow of oil at the wellhead, but lacks knowledge or information sufficient to form a belief whether the BOP

69

activated automatically on April 20, 2010, and denies the remaining allegations in paragraph 640.

641.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit.

642.    Cameron denies the allegations in paragraph 642, and points out that those wholly conclusory allegations are directly contradicted by specific allegations in other paragraphs of the Complaint.

643.    In response to paragraph 643, Cameron denies that it had any role in designing the BOP without an acoustic trigger, and denies the remaining allegations in paragraph 643.

644.    In response to paragraph 644, Cameron denies that it had any role in designing the BOP to have one blind shear ram, and denies the remaining allegations in paragraph 644.

645.    Cameron admits that there were means for activating the BOP from the drilling unit, and that such activation of the BOP to control well flow must be taken in a timely and appropriate manner, and that if the means of communication with the BOP are compromised,

drilling personnel cannot communicate with the BOP, but Cameron denies the remaining allegations in paragraph 645.

646.    Cameron denies the allegations in paragraph 646, and further denies that the blind shear rams were compromised by any failure of a shuttle valve.

647.    Cameron denies the allegations in paragraph 647.

648.    Cameron denies the allegations in paragraph 648.

649.    Cameron denies the allegations in paragraph 649.

650.    Cameron denies the allegations in paragraph 650.

651.    Cameron denies the allegations in paragraph 651.

652.    Cameron denies the allegations in paragraph 652.

653.    Cameron denies the allegations in paragraph 653.

654.    Cameron denies the allegations in paragraph 654.

655.    Cameron denies the allegations in paragraph 655.

656.    Cameron denies the allegations in paragraph 656.

657.    Cameron denies the allegations in paragraph 657.

658.    Cameron denies the allegations in paragraph 658.

659.    In response to paragraph 659, Cameron repeats its responses to paragraph 27-658.

660.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 660.

661.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 661.

71

662.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 662.

663.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 663.

664.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 664.

665.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 665.

666.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 666.

667.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 667.

668.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 668.

669.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 669.

670.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 670.

671.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 671.

672.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 672.

1070783v.1

673.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 673.

674.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 674.

675.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 675.

676.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 676.

677.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 677.

678.    In response to paragraph 678, Cameron repeats its responses to paragraphs 27-677.

679.    In response to paragraph 679, Cameron avers that OPA speaks for itself.

680.    Cameron admits the allegations in paragraph 680.

681.    Cameron admits the allegations in paragraph 681.

682.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 682.

683.    In response to paragraph 683, Cameron states that BP has purported to waive the OPA limits on its liability, if any, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 683.

684.     In response to paragraph 684, Cameron avers that the BP statement speaks for itself.

685.     Cameron denies the allegations in paragraph 685.

686.     Cameron denies the allegations in paragraph 686.

687.     Cameron denies the allegations in paragraph 687.

688.     Cameron denies the allegations in paragraph 688.

689.     Cameron denies the allegations in paragraph 689.

690.     In response to paragraph 690, Cameron avers that the BP statement speaks for itself.

691.     In response to paragraph 691, Cameron repeats its responses to paragraphs 27-690.

692.     Cameron denies the allegations in paragraph 692.

693.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 693.

694.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 694.

695.     Cameron denies the allegations in paragraph 695.

696.     Cameron denies the allegations in paragraph 696.

697.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 697.

698.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 698.

1070783v.1

699.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 699.

700.     In response to paragraph 700, Cameron repeats its responses to paragraphs 27-699.

701.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 701.

702.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 702.

703.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 703.

704.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 704.

705.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 705.

706.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 706.

707.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 707.

708.     Cameron denies the allegations in paragraph 708.

709.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 709.

1070783v.1

710.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 710.

711.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 711.

712.    In response to paragraph 712, Cameron repeats its responses to paragraphs 27-711.

713.    Cameron denies the allegations in paragraph 713.

714.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 714.

715.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 715.

716.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 716.

717.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 717.

718.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 718.

719.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 719.

720.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 720.

1070783v.1

721.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 721.

722.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 722.

723.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 723.

724.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 724.

725.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 725.

726.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 726.

727.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 727.

728.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 728.

729.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 729.

730.     Cameron denies the allegations in paragraph 730.

731.     Cameron denies the allegations in paragraph 731.

732.     In response to paragraph 732, Cameron repeats its responses to paragraphs 27-731.

733.    Cameron admits the allegations in paragraph 733.

734.    Cameron denies the allegations in paragraph 734.

735.    Cameron denies the allegations in paragraph 735.

736.    Cameron denies the allegations in paragraph 736, and avers that the Florida statute speaks for itself.

737.    In response to paragraph 737, Cameron avers that the Florida statute speaks for itself.

738.    Cameron admits the allegations in the first sentence of paragraph 738. Cameron denies the allegations in the second sentence of paragraph 738.

739.    Cameron admits that the listed parties were co-lessees in the Macondo lease, but denies the remaining allegations in paragraph 739.

740.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 740.

741.    Cameron denies the allegations in paragraph 741, and avers that the Florida statute speaks for itself.

742.    Cameron admits that the oil discharged from the Macondo well was not discharged within Florida waters, but denies the remaining allegations in paragraph 742.

743.    Cameron denies the allegations in paragraph 743.

744.    Cameron denies the allegations in paragraph 744.

745.    In response to paragraph 745, Cameron avers that the Florida statute speaks for itself.

746.    Cameron denies the allegations in paragraph 746.

1070783v.1

747.     Cameron denies the allegations in paragraph 747.

748.     In response to paragraph 748, Cameron repeats its responses to paragraphs 27-747.

749.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 749.

750.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 750.

751.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 751.

752.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 752.

753.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 753.

754.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 754.

755.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 755.

756.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 756.

757.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 757.

758.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 758.

759.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 759.

760.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 760.

761.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 761.

762.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 762.

763.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 763.

764.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 764.

765.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 765.

766.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 766.

767.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 767.

768.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 768.

769.    Cameron denies the allegations in paragraph 769.

770.    Cameron denies the allegations in paragraph 770 and denies that Plaintiffs are entitled to the declaratory relief they seek.

771.    In response to paragraph 771, Cameron denies that the Plaintiffs are entitled to the declaratory relief they seek.

### Failure to State a Claim

772.    The Claim and the Complaint do not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.    Because the Claim and Complaint do not identify an individual named claimant or Plaintiff, and assert no claim on behalf of an individual named Plaintiff, the Claim and Complaint does not present a justiciable Case or Controversy under Article III of the U.S. Constitution.

b. Cameron is not a statutorily designated "responsible party" and therefore is not liable to claimants or Plaintiffs under the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq. ("OPA").

c.    Because as held by the district court, any claim of claimants or Plaintiffs against Cameron requires individual proof of an exception to the economic loss doctrine, and because any claim of claimants or Plaintiffs against Cameron requires individual proof of proximate causation, the Complaint fails to state a valid claim for certification of a class action for multiple claimants or Plaintiffs.

d.    The Claim fails to state a valid claim for a class action in a limitation proceeding.

e. Taken together or alone, the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), and/or OPA preempt recovery by claimants or Plaintiffs against Cameron under admiralty law.

f. As held by the district court, claimants and Plaintiffs have no claim against Cameron under any state law.

g. In addition, recovery of any relief by claimants or Plaintiffs against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

773. The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under any law other than OPA or general maritime law for the following reasons:

a. Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any claim for relief that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana. 43 U.S.C. § 1333(a). OCSLA therefore expressly preempts the application of general maritime law or the law of any state law other than the law of Louisiana.

b. The Court does not have jurisdiction to grant relief on the Claim as part of the limitation action because admiralty jurisdiction is preempted by the "exclusive original jurisdiction" of OPA over such oil spill claims. 33 U.S.C. § 1717(b); *see id.* § 1751(e) (because exclusive jurisdiction over oil

82

spill claims is "provided by" OPA, admiralty jurisdiction for oil spill claims is not preserved).

c.   The claims against Cameron in the Claim and Complaint are altogether barred by OCSLA because they are inconsistent with the comprehensive remedial scheme of OPA.

d.   To the extent the claims in the Claim and Complaint are applicable and not altogether barred by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing those.  L.S.A. R.S. § 30:2491.A.

e.   If LOSPRA is not applicable to the claims in the Claim and Complaint, and if the Louisiana Products Liability Act ("LPLA") is not altogether preempted by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 9:2800.52.

f.   The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron because they contain no allegations that Cameron is liable under LOSPRA, and no allegations showing that Cameron could be liable under LOSPRA.

g.   The Claim and Complaint fail to state a claim under LOSPRA because the sole party with standing to recover against "responsible parties" under LOSPRA is the Louisiana Oil Spill Contingency Fund.  L.S.A. R.S. § 30:2489.B.

h.  The Claim and Complaint fail to state a claim under LOSPRA because they have failed to allege injury to or destruction of identifiable property owned by an individual named plaintiff within the meaning of L.S.A. R.S. § 30:2454(5)(b).

i.  The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they contain no allegation that Cameron is a "responsible party" under LOSPRA and no allegations showing that Cameron could be liable under LOSPRA as such a "responsible party."  L.S.A. R.S. § 30:2454(5).

j.  The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that any injury was proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the LPLA.  L.S.A. R.S. § 9:2800.54.A.

k.  The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

l.  Cameron is immune from recovery under the Claim or Complaint allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

1070783v.1

m. Cameron is immune from under the Claim or Complaint arising from Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

n. The Claim and Complaint fail to state a valid factual claim against Cameron on which punitive damages could be granted against Cameron under any law.

o. In the alternative, the Claim and Complaint fail to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law or any non-Louisiana state law.

## Affirmative Defense – Improper Pleadings

774.     Neither the Claim nor the short form joinders is adequate to impose liability on Cameron because they do not comply with Admiralty Rule F(5), and nothing in the Federal Rules permits "short-form" joinder in an administrative MDL pleading in any event.

775.     Neither the Complaint nor the short form joinders is adequate to impose liability on Cameron because they do not comply with Federal Rules 8(a)(2) or (10).

776.     Neither the Complaint nor the short form joinders is adequate to impose liability on Cameron under the due process clause of the Fifth Amendment of the U.S. Constitution.

## Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

777.     Cameron states that the claims against Cameron in the Claim or Complaint are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

777.     Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

778.     While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Claim or Complaint is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

779.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Claim or Complaint is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).   L.S.A. R.S. § 30:2454(22)(c).

780.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Claim and Complaint is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

781.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron under the Claim and Complaint in any event.  L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

782.   To the extent that the claims of the Claim and Complaint are not displaced by OPA and/or OCSLA and/or are not subject to LOSPRA, the claims of the Claim and Complaint are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A. R.S. § 9:2800.51 *et seq.*

783.   Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product

did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. § 9:2800.53(8)(c).

784.   Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. § 9:2800.54.C.

785.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.  L.S.A. R.S. § 9:2800.57B(1).

786.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

787.   Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. § 9:2800.58.

788.   Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. § 9:2800.58.

789.   At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or

the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  L.S.A. R.S. § 9:2800.59A.

790.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. L.S.A. R.S. § 9:2800.59B.

## Affirmative Defense – Contractor Immunity Under Louisiana Law

791.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

## Limitation on Liability – OPA

792.    While denying that it is liable under the Claim or Complaint, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

1070783v.1

## Immunity from Liability – Federal Response Authority

793.    While denying that it is liable under the Claim or Complaint, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act, 33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

## Alternative Affirmative Defenses – General Maritime Law

794.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 782-92 above.

795.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

796.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

797.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

798.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design

that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

799.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

800.    No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

801.    After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

802.    At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

803.    At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

804.    The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product

1070783v.1

designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

### Affirmative Defenses – Sole or Superseding/Intervening Causation

805.    Any injury sustained by any Claimant or Plaintiff was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

806.    Any injury sustained by any Claimant or Plaintiff or underlying claimant was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

### Affirmative Defense – Reduction of Recovery Based on Fault of Others

807.    Under any applicable law, recovery by any Claimant or Plaintiff for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

### Affirmative Defense – Payment and/or Release

808.    To the extent that any Claimant or Plaintiff has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

1070783v.1

### Affirmative Defenses – Damage Recovery

809.   No Claimant or Plaintiff is entitled to double recovery of its provable damages.

810.   No Claimant or Plaintiff is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

### Affirmative Defense – Economic Loss Doctrine

811.   Recovery against Cameron is barred or constrained by the economic loss doctrine.

### Cross-Claims

812.   To the extent necessary, and now acting as Cross-Plaintiff, Cameron asserts as cross-claims against the other Defendants named in or tendered with respect to the Claim and named in the Complaint the cross-claims asserted against those cross-Defendants in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

### Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.   That Claimants and Plaintiffs take nothing by the Claim or Complaint;

2.   That Cameron recover from Claimants/Plaintiffs its costs of court in this action;

3.   That as Cross-Plaintiff, Cameron recover from Cross-Defendants the relief set forth in the Demands for Judgment in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179; and

1070783v.1

4. That Cameron recover such other and further relief from Claimants to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
   dbeck@brsfirm.com
Joe W. Redden, Jr.
   jredden@brsfirm.com
David W. Jones
   djones@brsfirm.com
Geoffrey Gannaway
   ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

1070783v.1

and


/s/ Phillip A. Wittmann

Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

95

1070783v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant/Third-Party Defendant Cameron to First Amended B1 Master Claim and Complaint, Together with Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of September, 2011.

/s/ Phillip A. Wittmann
Phillip A. Wittmann

96

1070783v.1