UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig         MDL NO. 2179
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010     SECTION J

Applies to: *All Cases*                 JUDGE BARBIER
                                        MAGISTRATE JUDGE SHUSHAN

# ORDER

**[Regarding BP's Motion to Reconsider Order Denying its Motion to Compel Anadarko to Produce Anadarko US Offshore Practices and Procedures (Rec. doc. 4060)]**

On September 6, 2011, the Court denied BP's request for an order compelling Anadarko to produce information on the practices and procedures of its subsidiary, Anadarko US Offshore (formerly Kerr-McGee Oil & Gas Corporation), for wells in the Gulf of Mexico. Rec. doc. 3921.[1] The order states:

> Assuming that the Gulf of Mexico drilling operations of parties other than BP are relevant to establish an industry standard of care, BP should have sought this information from Anadarko as well as non-parties well before the conclusion of Phase One discovery. BP's request for the information is not timely. Assuming it was timely, the Court agrees with Anadarko's arguments that the information sought from Anadarko U.S. Offshore (Kerr-McGee) is not relevant to the parties' claims and defenses.

Rec. doc. 3921.

On September 15, 2011, BP sought reconsideration. Rec. doc. 4060. It contends that its discovery regarding Anadarko's US Offshore's policies was timely. On reconsideration, the Court agrees the discovery was timely. BP contends that the discovery is relevant. Anadarko contends that it is not relevant. Rec. doc. 4086.

BP contended that Anadarko's US Offshore's policies for deep water Gulf of Mexico wells

---

[1] BP's motion is at Rec. doc. 3920; Anadarko's opposition is at 3912; and BP's reply is at Rec. doc. 3914.

are relevant because: (1) Anadarko contends that BP did not meet its duty of care in operating at the Macondo well; (2) policies and procedures of other leading Gulf of Mexico offshore drillers are relevant to the industry standard of care; (3) Anadarko US Offshore describes itself as one of the industry's most successful deepwater explorers in the Gulf; and (4) some of the Anadarko witnesses who served in engineering and technical roles on the Macondo well came from Anadarko US Offshore. Rec. doc. 3920 at 3-4. Anadarko responded that: (1) Anadarko US Offshore had no involvement with the design, construction, or drilling of the Macondo well; (2) Anadarko US Offshore's policies do not establish an industry standard of care; (3) no other petroleum company operating in the Gulf was asked by BP to produce its policies and procedures for drilling deep water wells; (4) BP mischaracterizes Anadarko's role as a non-operator when it states that Anadarko witnesses who served in drilling, engineering and other technical roles on the well came from Anadarko US Offshore; and (5) because BP was solely responsible for the drilling operations on the well, the policies and procedures for Anadarko US Offshore are not relevant. Rec. doc. 3912 at 5-6. BP replied that: (1) because Anadarko US Offshore describes itself as the leader in Gulf deepwater drilling, the policies are relevant to Anadarko's claim that BP violated the industry standard of care; (2) although Anadarko US Offshore's policies do not establish the industry standard, they are relevant to it; and (3) BP is not required to seek the information from non-party petroleum companies when the Anadarko US Offshore information can be obtained from Anadarko. Rec. doc. 3914 at 2-3.

     In its motion for reconsideration, BP contends that there was an agreement with Anadarko for the production of Gulf of Mexico policies. The Anadarko parties responded that they do not have responsive written Gulf of Mexico drilling policies. BP contends that this reinforces the

2

relevance of the Anadarko US Offshore policies and procedures.  It quotes from an Anadarko safety manual directing employees to comply with "numerous programs, procedures, and guidelines that are in place to support site-specific work practices."  Rec. doc. 4060 at 3.[2]  It suggests that since the Anadarko parties have not produced them, they may be with Anadarko US Offshore.  Id.  Anadarko responds that when the parties reached an agreement on the scope of production, the possibility that the Anadarko parties may not have generalized policies and procedures applicable to Gulf of Mexico deepwater wells was recognized.  It also reports that the Safety Manual was produced in November 2010 and is not "new" information.

The absence of the written policies for the Anadarko parties does not make the Anadarko US Offshore policies and procedures for Gulf of Mexico deepwater wells relevant.  The general statement of the purpose and scope of the safety manual does not indicate that it is referring to Anadarko US Offshore policies and procedures for Gulf deepwater wells.  For the reasons stated by Anadarko, the policies and procedures are not relevant.  BP's motion to reconsider does not present any information that alters that conclusion.

IT IS ORDERED that: (1) BP's motion to reconsider (Rec. doc. 4060) is DENIED; and (2) BP's deadline to appeal this order is **Wednesday, October 5, 2011.**

New Orleans, Louisiana, this 27th day of September, 2011.

**Sally Shushan**
**United States Magistrate Judge**

---

[2] The quote comes from ANA-MDL-000031090, where the purpose and scope of the safety manual is described.  The entire sentence is "[t]his Safety & Health Manual is not intended to replace the numerous programs, procedures and guidelines that are in place to support site specific work practices, but will serve as a guide to those more detailed documents."