UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>      "Deepwater Horizon" in the Gulf<br>      of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding BP's Motion to Compel Halliburton to Supplement
its Response to Interrogatory no. 24 (Rec. doc. 3906)]

   BP seeks an order requiring Halliburton to supplement its response to interrogatory no. 24.

The interrogatory is as follows:

   Describe in detail the operation of the mud logging equipment used by the Halliburton employees aboard the *Deepwater Horizon* in April 2010, including, but not limited to:

   a.   whether the Halliburton (or Sperry Drilling) system has the ability to record, capture and/or store the settings on the mud logging equipment, including what real-time data each Halliburton (or Sperry Drilling) mud logger was watching;

   b.   what alarms were set or deactivated on which data streams (including drill pipe pressure, trip tank, flow in and flow out meters);

   c.   what types of alarms were set (including audio, visual, or other alarms);

   d.   whether the alarms were triggered; and

   e.   whether triggered alarms were acknowledged on April 20, 2010, aboard the *Deepwater Horizon*.

   As part of your response please identify all witnesses with knowledge of the events, and all statements, documents, and other materials that describe or reflect the events.

Rec. doc. 3906 at 1-2.

   Halliburton responded:

>    Subject to and without waiving the foregoing objections, HESI directs BP to the deposition testimony of Joe Keith, dated March 28, 2011, Kelly Gray, dated April 14 – 15, 2011, and John Gisclair (deposed in his individual capacity and as a 30(b)(6) witness), dated March 13-14, 2011. HESI further refers BP to the following previously produced documents:
>
>    HAL0006918
>    HAL0050595
>    HAL0050681
>    HAL0051030
>
>    HESI further identifies the following witnesses: (1) Kelly Gray; (2) John Gisclair; (3) Joe Keith; and (4) Cathleenia Willis.

Rec. doc. 3959 at 2. Halliburton agreed to supplement its response with specific page cites to the depositions and documents.

BP contends that: (1) none of the documents produced by Halliburton describe the operation of the mud logging equipment used by the Halliburton employees on the vessel; (2) although the parties agreed to provide page cites for deposition testimony referred to in interrogatory responses, Halliburton refused to produce any other information to answer specific questions raised in the interrogatory; (3) the generic training and equipment manuals do not answer the interrogatory's questions, i.e., what alarms were set or deactivated on which data streams; and (4) to the extent reasonable efforts by Halliburton would reveal additional information, it is required to furnish all responsive information currently known or available to it. BP urges that Halliburton should be required to answer with all information available to it, or alternatively certify that it is unable to furnish any additional information.

Halliburton responds that: (1) it has exhausted its efforts to respond to BP and it is aware of its duty to supplement; (2) to the extent that additional responsive information may be found in the document production, the effort to search the information is the same for BP as it would be for

Halliburton.  BP replies that Halliburton has not answered the five questions enumerated in interrogatory no. 24.  Rec. doc. 4063.

The five questions in Interrogatory no. 24 are contention interrogatories.  Fed. R. Civ. P. 33(a)(1)(2) provides that:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Id.  "As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."  Fed. Rule Civ. P. 33(b) Advisory Committee's Note, 1970 amendments.  See also 8B Wright, Miller and Marcus, Federal Practice and Procedure §2167 (3rd ed. 2010).  At this state of the proceeding, BP is entitled to know what Halliburton contends as to these facts.  Halliburton shall answer the five questions.

IT IS ORDERED that: (1) BP's motion to compel Halliburton to supplement its response to interrogatory no. 24 (Rec. doc. 3906) is GRANTED in PART and DENIED in PART; (2) **within fourteen (14) calendar days of the entry of this order**, Halliburton shall answer the five questions in interrogatory no. 24; and (3) **any appeal of this order must be filed no later than noon on Wednesday, October 5, 2011.**

New Orleans, Louisiana, this 27TH day of September, 2011.

  
**SALLY SHUSHAN**  
**United States Magistrate Judge**