UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| In re:  Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the | * | MDL No. 2179 |
| Gulf of Mexico, on April 20, 2010 | * | |
| | * | SECTION "J" |
| **THIS PLEADING APPLIES TO ALL** | * | |
| **CLAIMS AND CASES IN PLEADING** | * | JUDGE:  BARBIER |
| **BUNDLE B1, INCLUDING ALL** | * | |
| **COMPLAINTS IN THE B1 BUNDLE** | * | MAGISTRATE:  SHUSHAN |
| **NAMING WEATHERFORD AS** | * | |
| **DEFENDANT** | * | |
| | * | |
| **CIVIL ACTION NOS.** | * | |
| **2:10-cv-2771 and 10-cv-2179** | * | |

*     *     *     *     *     *     *

**WEATHERFORD U.S., L.P.'S AND WEATHERFORD INTERNATIONAL, INC.'S
ANSWER TO THE FIRST AMENDED MASTER COMPLAINT, CROSS-CLAIM, AND
THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES IN
ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III B(1) ["B1 BUNDLE"]**

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. and

Weatherford International, Inc.[1] (collectively "Weatherford") and pursuant to Pre-trial Order

No. 11 (Case Management Order No. 1) ("CMO 1"), as clarified by Pre trial Order No. 25 and

this Court's Stipulated Order regarding responsive pleading deadlines dated September 9, 2011

(Rec. Doc. 3972), on information and belief, files this its Answer and Defenses to the

---

[1] Although Weatherford International, Inc. is not named as a defendant in the First Amended Master
Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses, defendants Triton Asset Leasing
GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc.
(collectively, "Transocean") seek to tender all claims in the B1 Bundle to Weatherford International, Inc. by
operation of the Transocean Rule 14(c) Third-Party Complaint (Rec. Doc. 1320).  Accordingly, Weatherford
International, Inc. files this Answer out of an abundance of caution in accordance with Pre-Trial Orders 11 and 25,
and Weatherford International, Inc. does not waive any right to contest the Transocean Rule 14(c) Tender.

{N2358963.1}

1

First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses purportedly filed by unnamed plaintiffs (the "B1 Plaintiffs") in accordance with CMO No. 1, Section III B (1) (hereafter, the "Amended B1 Complaint"). This Answer is filed with the full reservation of all defenses reserved to Weatherford pursuant to Pre-trial Order No. 25, ¶ 15, none of which are waived:

## ANSWER AND DEFENSES

### FIRST DEFENSE

The Amended B1 Complaint fails to state a claim against Weatherford upon which relief can be granted.

### SECOND DEFENSE

The Amended B1 Complaint is vague and ambiguous and the B1 Plaintiffs have failed to comply with the provisions of CMO No. 1 and Pre-trial Order No. 25 and accordingly, all claims should be dismissed.

### THIRD DEFENSE

Any damages that the B1 Plaintiffs may have sustained were caused by the negligence and/or strict liability of others over whom this defendant has no control nor responsibility nor for whom this defendant can be held responsible.

### FOURTH DEFENSE

The Amended B1 Complaint fails to state any cause of action against Weatherford.

## FIFTH DEFENSE

The B1 Plaintiffs' claims for damages were caused by the unseaworthiness of vessels neither owned, chartered nor operated by Weatherford and any unseaworthiness of the vessels cannot be attributed to Weatherford, nor can Weatherford be held liable therefore.

## SIXTH DEFENSE

Weatherford specifically pleads intervening and superseding cause(s) as a defense to the B1 Plaintiffs' claims.

## SEVENTH DEFENSE

All claims alleged by the B1 Plaintiffs against Weatherford are preempted by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq*., and the B1 Plaintiffs have no cause of action against Weatherford for any of the claims made.

## EIGHTH DEFENSE

All General Maritime Law claims alleged by the B1 Plaintiffs in the Amended B1 Complaint that do not allege physical damage to a propriety interest are barred under the *Robins Dry Dock* rule in accordance with the Court's Order and Reasons of August 26, 2011.

## NINTH DEFENSE

**AND NOW**, answering more particularly the numbered allegations of the Amended B1 Complaint, Weatherford avers as follows:

I.

The allegations contained in Paragraphs 1-197 of the Amended B1 Complaint concern the B1 Plaintiffs' First Amended Answer and First Amended Master Claim in the limitation of liability action filed by Triton Asset Leasing, DmbH, Transocean Holdings LLC, Transocean

Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., and therefore require no response by Weatherford. To the extent that a response is deemed necessary, the allegations of Paragraphs 1-197 of the Amended B1 Complaint are denied for lack of sufficient information upon which to base a belief therein.

II.

With respect to the first unnumbered Introduction paragraph of the Amended B1 Complaint, except to admit that on April 20, 2010, a well blowout on the Deepwater Horizon occurred in the Gulf of Mexico and, as a result, explosions, fire, and the sinking of the vessel occurred, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

With respect to the second, third and fourth unnumbered Introduction paragraphs of the Amended B1 Complaint, the allegations set forth therein do not appear to require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

III.

With respect to the allegations contained in Paragraph 198 of the Amended B1 Complaint, except to admit that a well blowout occurred on April 20, 2010, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

IV.

The allegations contained in Paragraphs 199-201, 204, 208, 210-230, 233-250, 259-260, 262-287, 293, 296, 300, 305-307, 309-311, 313-315, 322, 324, 326, 328-331, 336-352, 354-360, 363-364, 366-367, 369-371, 373, 375-379, 382-383, 387, 392-393, 395-396, 398-399, 402-403,

406-420, 424-429, 433, 437, 440, 445, 448-459, 463, 465, 468-472, 474-475, 478-489, 493-497, 499-542, 573-577, 588-591, 594-606, 632-636, 638-657, and 685 of the Amended B1 Complaint, including any and all subparts thereof, are denied for lack of sufficient information upon which to base a belief therein.

V.

The allegations contained in Paragraphs 202-203, 232, 258, 261, 288-292, 294-295, 297-299, 301-304, 308, 312, 316-317, 323, 325, 327, 332-335, 353, 361-362, 365, 368, 372, 374, 380-381, 384-386, 388-391, 394, 397, 400-401, 404-405, 421-423, 430-432, 435-436, 438-439, 441-444, 446-447, 460-462, 464, 466-467, 473, 476-477, 570-572, 578-587, 592-593, 610-626, and 629-631 of the Amended B1 Complaint are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

VI.

The allegations contained in Paragraphs 205-207, 251, 434, 543, and 627 of the Amended B1 Complaint do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied.

VII.

The allegations contained in Paragraphs 658, 677, 679-683, 686-689, and 770 of the Amended B1 Complaint call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

{N2358963.1}

VIII.

The allegations contained in Paragraphs 252-256 of the Amended B1 Complaint call for

legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a

response is deemed necessary, Weatherford admits that this Court has jurisdiction.

IX.

The allegations contained in Paragraph 257 call for legal conclusions and, as such, do not

require a response by Weatherford.  To the extent that a response is deemed necessary,

Weatherford admits that venue is proper.

X.

The allegations contained in Paragraphs 318-321, 490-492, 498, 608-609, 660, and

662-676 of the Amended B1 Complaint are denied.

XI.

The allegations contained in Paragraphs 607, 684, and 690 of the Amended B1

Complaint are admitted.

XII.

The allegations contained in Paragraph 209 of the Amended B1 Complaint are vague and

ambiguous and do not identify any specific plaintiff, much less which plaintiff falls into which

category of plaintiffs who are alleged to have sustained damages and precisely what damages

they have sustained, and accordingly, the allegations, including all subparts thereof, are denied.

XIII.

Except to admit that Weatherford U.S., L.P. is a Louisiana limited partnership with its

principal place of business in Houston, Texas and that Weatherford U.S., L.P. was registered to

do and was doing business in Louisiana at all pertinent times and that Weatherford U.S., L.P. provided various services, equipment and products, the allegations contained in Paragraph 231 of the Amended B1 Complaint are denied.

XIV.

With respect to the allegations contained in Paragraphs 544-568, the B1 Plaintiffs are not entitled to file a class action under any theory of law under the facts and circumstances of this case and, accordingly, the allegations are denied.

XV.

In Paragraphs 569, 628, 637, 659, 678, 691, 700, 712, 732, and 748 of the Amended B1 Complaint, the B1 Plaintiffs make statements with respect to realleging and reavering prior allegations.  To the extent that these paragraphs require a response by Weatherford, then Weatherford adopts any and all answers or defenses filed by it with respect to any paragraph of the Amended B1 Complaint in response to these paragraphs.

XVI.

With respect to the allegations contained in Paragraph 661 of the Amended B1 Complaint, Weatherford admits that part of its business is the design, manufacture, selling and distributing of float collars and that a Weatherford float collar was utilized by BP and/or Transocean in drilling operations performed by the Deepwater Horizon.  The remaining allegations contained in Paragraph 661 call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the remaining allegations are denied for lack of sufficient information upon which to bas a belief therein.

{N2358963.1}

XVII.

With respect to the allegations contained in Paragraphs 692-699 of the Amended B1 Complaint, no response is required to the allegations pursuant to the Court's Order of August 26, 2011, dismissing all state law claims.  To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XVIII.

With respect to the allegations contained in Paragraphs 701-711 of the Amended B1 Complaint, no response is required to the allegations pursuant to the Court's Order of August 26, 2011, dismissing all state law claims.  To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XIX.

With respect to the allegations contained in Paragraphs 713-731 of the Amended B1 Complaint, no response is required to the allegations pursuant to the Court's Order of August 26, 2011, dismissing all state law claims.  Alternatively, the allegations of Paragraphs 713-731 of the Amended B1 Complaint are not directed at Weatherford and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

XX.

With respect to the allegations contained in Paragraphs 733-747 of the Amended B1 Complaint, no response is required to the allegations pursuant to the Court's Order of August 26,

2011, dismissing all state law claims.  Alternatively, the allegations of Paragraphs 733-747 of the Amended B1 Complaint are not directed at Weatherford and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

XXI.

With respect to the allegations contained in Paragraphs 749-769 of the Amended B1 Complaint, no response is required to the allegations pursuant to the Court's Order of August 26, 2011, dismissing all state law claims.  Alternatively, the allegations of Paragraphs 749-769 of the Amended B1 Complaint are not directed at Weatherford and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXII.

The allegations of Paragraph 771 of the Amended B1 Complaint, which is unnumbered, are not directed at Weatherford and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

XXIII.

Weatherford denies the allegations of any preamble, preliminary statement, prayer, misnumbered, or unnumbered paragraphs of the Amended B1 Complaint.

{N2358963.1}

**WHEREFORE**, Weatherford prays that its answer be deemed good and sufficient and after due proceedings had, there be judgment in its favor, dismissing all claims and for all costs of these proceedings.

Respectfully submitted:

_/s/  Glenn G. Goodier_

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174
E-mail:         ggoodier@joneswalker.com;
                rbertram@joneswalker.com;
                lsannino@joneswalker.com


MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana  70501-5100
Telephone:     (337) 262-9024
E-mail:         mlemoine@joneswalker.com;
                grusso@joneswalker.com;
                dlongman@joneswalker.com
_Counsel for Weatherford U.S., L.P. and_
_Weatherford International, Inc._

{N2358963.1}

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.


*/s/  Glenn G. Goodier*
GLENN G. GOODIER