UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| _____§ | | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

## MOTION FOR APPROVAL OF CEMENT TESTING

The United States has proposed to all Liaison and Coordinating Counsel that the United States be permitted to conduct certain additional testing on chunks of cement removed from the deck of the Damon Bankston in the aftermath of the explosion and fire on April 20, 2010. No party has expressed opposition to this testing and therefore the United States requests entry of the attached proposed order allowing the testing to proceed.

## BACKGROUND

In February 2011, the Court approved certain testing and examination of 40 pieces of rock/cement collected from the Damon Bankston. The U.S. Geologic Service ("USGS") performed that work at the request of the Joint Investigation Team ("JIT") and prepared a report that was circulated to the Parties in August.

The USGS determined that nine pieces were cement, twenty-eight pieces were carbonate rock that were not from the well (likely gravel from the "beach" at Port Fourchon), and 3 pieces did not look like cement or carbonate rock, but also probably did not come from the Macondo well. Photos of the nine cement pieces as well as a chart indicating their respective weights can be seen in Exhibit A at 9-13.

The United States proposed subjecting the nine cement samples to further analysis, including X-Ray Diffraction ("XRD") and Scanning Electron Microscopy ("SEM").  *See* Exhibit A at 4-5, 7.  Some of that testing will be destructive in that it will require some cutting and grinding of the chunks.  However, the samples will be preserved to the maximum extent possible during testing and no sample will be completely consumed during the testing.  In the interest of preserving the samples, some tests and analyses will not be performed initially on the very small samples as more fully detailed in protocol attached to the proposed order. Based on the initial results further tests could be run on the small samples after further consultation with the Parties.  The testing work would be conducted by scientists at USGS in Denver, Colorado and the National Energy Technology Laboratories ("NETL") in Pittsburgh, Pennsylvania.  The test results, including the SEM images, will be distributed to the parties upon completion.

After circulation of the proposed testing protocol, the United States received requests from two parties to determine the density of the samples, including the written protocol proposed by Halliburton Energy Services, Inc. ("HESI").  *See* Exhibit A at 3, 6.  HESI's proposal stated, "Given that the testing protocols proposed by the United States may potentially be destructive of the cement samples used, HESI respectfully requests that the proposed density testing be conducted prior to the testing procedures being proposed by the United States." *Id*.

The United States,  based on advice from the scientists performing the testing, suggested that the SEM work be conducted first, followed by the density testing and then the other testing. *See* Exhibit A at 1-2.  The United States does not anticipate that the SEM analysis will require any significant destruction of the samples and we will refrain from destroying any significant portion of any sample.  It is likely that certain material adhering to the exterior of the cement pieces will need to be carefully removed before the density testing can be conducted.

In an email, dated September 14, 2011, HESI responded as follows: "Halliburton is fine with the proposal with the following understandings: (1) material adhering to the cement chunks that is to be removed is not part of the cement blend (meaning it's really a foreign object not part of the slurry) and (2) the foreign object can be removed without destroying the sample." *See* Exhibit B. On September 23, 2011, BP responded noting potential difficulties in accurately measuring the densities of the cement pieces (as acknowledged by the United States in its proposal), and requesting careful documentation of the testing process as described in greater detail therein. *See* Exhibit C. Both HESI and BP's comments have been incorporated into the protocol and the process will be carefully documented. *See* Attachment to Proposed Order

The United States will preserve the other thirty-one pieces and the parties can examine the USGS report and propose any additional testing on those or the cement chunks later

## ARGUMENT

The testing proposed by the United States is appropriate and consistent with the desire of the Court and all parties to determine the causes of the explosion, fire, and oil spill. The protocols are documented and the results of the tests will be available to all parties.

The United States has agreed to all suggested changes to the protocol. For these reasons, there is no objection to the proposed testing provides no grounds for preventing the United States from performing its proposed testing.

## CONCLUSION

The United States respectfully requests entry of the attached proposed order authorizing the testing set forth in the protocol attached to the order.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Admiralty and Aviation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Litigation Counsel | MICHELLE DELEMARRE |
| DEANNA CHANG | SHARON SHUTLER |
| SCOTT CERNICH | JESSICA SULLIVAN |
| A. NATHANIEL CHAKERES | JESSICA MCCLELLAN |
| JUDY HARVEY | DAVID PFEFFER |
| MATT LEOPOLD | MALINDA LAWRENCE |
| Trial Attorneys | Trial Attorneys |
| Environment & Natural Resources Division | Torts Branch, Civil Division |
| P.O. Box 7611 | P.O. Box 14271 |
| Washington, DC 20044-7611 | Washington, D.C. 20044-4271 |
| | |
| /s/Sarah D. Himmelhoch | |
| STEVEN O'ROURKE | R. MICHAEL UNDERHILL, T.A. |
| Senior Attorney | Attorney in Charge, West Coast Office |
| Environmental Enforcement Section | Torts Branch, Civil Division |
| SARAH D. HIMMELHOCH | U.S. Department of Justice |
| Senior Litigation Counsel for E-Discovery | 7-5395 Federal Bldg., Box 36028 |
| Environment & Natural Resources Division | 450 Golden Gate Avenue |
| U.S. Department of Justice | San Francisco, CA 94102-3463 |
| P.O. Box 7611 | Telephone: 415-436-6648 |
| Washington, D.C. 20044 | Facsimile: 415-436-6632 |
| Telephone: 202-514-2779/202-514-0180 | E-mail: mike.underhill@usdoj.gov |
| Facsimile: 202-514-2583 | |
| E-mail: steve.o'rourke@usdoj.gov | |
| sarah.himmelhoch@usdoj.gov | |

JIM LETTEN
United States Attorney
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of September, 2011.

                                                                                    /s/ Sarah D. Himmelhoch