# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 28, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA  70130

> Re:  In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

Pursuant to the Court's August 31, 2011 Order (Doc. 3878), BP writes to request the amount of time it requires to depose the testifying experts that the PSC and the United States disclosed on August 26, 2010.  The table below summarizes the amount of deposition time that BP requests for each of these experts, and a description of the need for the time requested with each expert follows.

|   | Expert | Party | Track | Report Focus | Total Duration | Time Requested by BP |
|---|---|---|---|---|---|---|
| 1. | David Pritchard | PSC | Drilling | BP Only | 2 days | 12 hours |
| 2. | Alan Huffman | US | Geophysicist | BP Only | 2 days | 12 hours |
| 3. | Robert Bea | PSC | Process Safety | BP Only | 1.5 days | 10 hours |
| 4. | William Gale | PSC | Process Safety | BP Only | 1.5 days | 10 hours |
| 5. | Glen Benge | US | Cement | BP Primarily | 2 days | 10 hours |
| 6. | Greg Perkin | PSC | BOP | BP Primarily | 2 days | 10 hours |
| 7. | Richard Heenan | US | Drilling | BP & TO | 2 days | 7 hours |
| 8. | Rory Davis | US | BOP | BP & TO | 2 days | 7 hours |

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 28, 2011
Page 2

|     |                |     |          |          |         |         |
| --- | -------------- | --- | -------- | -------- | ------- | ------- |
| 9.  | George Birch[1] | PSC | Cement   | BP & HAL | 1-2 days | 7 hours |
| 10. | Andrew Hurst   | PSC | Geology  | BP       | 1 day   | 5 hours |
| 11. | Neil Robinson  | US  | BOP      | BP & TO  | 1 day   | 5 hours |
| 12. | Patrick Novak  | US  | BOP      | BP & TO  | 1 day   | 5 hours |
| 13. | Raymond Merala | US  | BOP      | BP & TO  | 1 day   | 5 hours |
| 14. | E.G. Webster   | PSC | Maritime | TO       | 1-2 days | 2 hours |

1. **BP REQUIRES SUFFICIENT TIME TO DEPOSE THE EXPERTS THAT THE UNITED STATES AND THE PSC HAVE PROFFERED ALMOST ENTIRELY AGAINST BP.**

With the United States' and the PSC's expert reports now in hand, it is apparent that BP has remained, as the PSC has described, the "target defendant" as this case enters the expert discovery phase. Most of the 10 expert reports that the United States and the PSC submitted focus exclusively or nearly exclusively on BP, and nine of the 10 purport to lay some blame on BP.

That other parties have continued, in expert discovery, to align themselves against BP is further laid bare by the fact that, after the PSC and the United States made their expert disclosures on August 26, the PSC expressly "adopted" every single one of the United States' expert reports. The PSC even "withdrew" its cement expert's report, apparently in favor of the one that the United States' expert submitted. (9/1/11 J. Roy & S. Herman Letter)

Indeed, some of the United States' and PSC's experts expressly acknowledge in their reports that they are not even considering the roles or involvement of parties other than BP. For example, David Pritchard, the PSC's purported drilling expert, starts his 407-page report with the suggested premise that "BP, as the operator, is ultimately responsible in every sense," and concedes that "other than cursory discussions related to testimonies reviewed, *this Report does*

---

[1] On August 26, 2011, the PSC disclosed George Birch as a testifying expert and served all parties with his expert report. In his report, Birch opined on BP's and Halliburton's roles with respect to various cement-related issues. On September 1, 2011, the PSC sent a letter to the parties indicating that it was withdrawing Birch's report (and that it was adopting every one of the United States' expert reports). Because the PSC disclosed Birch as a testifying expert and because Birch submitted an expert report in this matter, however, his deposition should proceed. *See Commerce & Indus. Ins. Co. v. Grinnell Corp.*, Nos. Civ. A. 97-0775, 97-0803, 1999 WL 731410 (E.D. La. 1999) at *2 (denying motion to quash deposition of withdrawn expert).

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 28, 2011
Page 3

*not address issues or possible deficiencies relating to third-party contractors.*" (Pritchard Report at 27 (emphasis added))  Every single one of Pritchard's 12 main opinions is directed solely at BP. (*Id.* at 17-23)  The lengthy reports that Robert Bea, William Gale, and Alan Huffman submitted similarly focus exclusively on BP.  Glen Benge, the United States' purported cement expert, and Greg Perkin, the PSC's purported BOP expert, likewise direct their reports almost entirely against BP.[2]

In contrast, other parties are expressly excluded from the scope of these experts' reports, not mentioned in the reports at all, or mentioned only in passing or to a minimal extent.  Thus, other parties should require little or no time to depose these six experts.  The PSC in particular should be allotted no time to question any of the United States' experts given that, as described, the PSC has purported to "adopt" every one of those as its own.  The United States' interests are similarly aligned with the PSC's, and the United States has previously indicated that, in most situations, it may not seek to depose other parties' experts in any event.[3]

In light of the experts' overwhelming focus on BP, the broad scope of the reports (one purports to describe over a decade of safety-related events at BP), the sheer volume of the reports (up to over 400 pages in length), and the importance and complexity of the issues presented, BP requires sufficient time (10-12 hours) to depose each of these six experts (Pritchard, Bea, Gale, Huffman, Benge, and Perkin) that the United States and the PSC have proffered against it.

To this end, BP respectfully requests 12 hours to depose each Pritchard and Huffman, and 10 hours to depose each Benge and Perkin.  Consistent with an accommodation that BP reached with the PSC following disclosure of its experts, BP has agreed to limit its depositions of Bea and Gale to 1.5 days each, and therefore requests 10 hours to depose each of those experts.[4]

---

[2] BP can provide the Court with copies of any of the expert reports on request.

[3] Relatedly, the PSC's request for 1.5 hours to conduct a redirect examination of each of their expert witnesses seems excessive, particularly given that BP was allotted only 15-48 minutes to conduct redirect examinations during depositions of its fact witnesses.

[4] In light of the breadth and nature of the issues presented in the PSC's and the United States' expert reports, BP's examination of certain experts may be most effectively handled by more than one questioner. Given that the PSC has proceeded with more than one questioner in numerous depositions in this matter, BP presumes that there will be no objection to this approach.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
September 28, 2011
Page 4

2.  **BP REQUIRES SUFFICIENT TIME TO DEPOSE THE PSC'S AND UNITED STATES' REMAINING EXPERTS.**

With respect to the remaining experts, BP requests seven (7) hours to depose each Richard Heenan (the United States' proffered drilling expert), and Rory Davis (the United States' proffered BOP expert), both of whom focus their substantial reports on BP and Transocean. BP believes that it can complete its deposition questioning of George Birch, the PSC's "withdrawn" cement expert, within seven (7) hours, and of Andrew Hurst, the PSC's purported geology expert, within five (5) hours.

BP likewise believes that five (5) hours is sufficient for its deposition questioning of each of the three proffered experts (Neil Robinson, Patrick Novak, and Raymond Merala) who contributed to the United States' BOP expert report (of which Dr. Davis is the "lead author"). Given that each of those individuals indicated in the report the particular section(s) to which he contributed, BP believes the depositions of these three witnesses could likely each be completed in a total of one day.

Finally, BP's request for the amount of time it should be allocated to depose each expert is based on the report that each expert submitted on August 26. BP may need to request additional time to depose an expert based on any rebuttal report the expert may submit.

Sincerely,

*Andrew Langan* AKJ

J. Andrew Langan, P.C.

cc:   Plaintiffs' Liaison Counsel
      Defense Liaison Counsel
      Mike Underhill
      Hon. Attorney General Luther Strange
      Corey Maze
      Allan Kanner
      Lili Peterson