1300 Eye Street, NW, Suite 900
Washington, DC 20005
+1 202 682 7000 tel
+1 202 857 0940 fax

**Weil, Gotshal & Manges LLP**

Michael J. Lyle
Direct Line: 202-682-7157
michael.lyle@weil.com

September 28, 2011

VIA E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico
      on April 20, 2010 (MDL No. 2179)

Dear Judge Shushan:

We write on behalf of our clients O'Brien's Response Management, Inc. ("O'Brien's") and National Response Corporation ("NRC"), and also on behalf of certain other Clean-Up Responder Defendants,[1] to address several issues of particular concern related to Phase Two discovery and the planning for the February 2012 Phase One trial.

**Phase Two Discovery**

It is clear that Phase Two witnesses will cross-over into Phase Three issues to a greater extent than occurred during Phase One discovery. It is difficult, however, to determine the extent of that cross-over at this time. Therefore, in lieu of seeking a default allocation of time at each Phase Two deposition now, we respectfully request an amendment to the deposition protocol disclosure requirement contained in Section I.C.2 of Pretrial Order No. 17 (Rec. Doc. 740) and Pretrial Order No. 27 (Rec. Doc. 1075). Currently, pursuant to those orders, "[a]t least five (5) working days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel and the Coordinating Counsel for the United States and the States which make claims in this proceeding (the "States") with a brief statement of the witness's involvement, including whether he or she was involved in post-explosion cleanup or response."

As stated in the Pretrial Orders, the purpose of this disclosure requirement is to discourage unnecessary attendance at depositions. Although the disclosure requirement worked reasonably well during Phase

---

[1] The following Clean-Up Responder Defendants also join in this submission: Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

The Honorable Sally Shushan  **Weil, Gotshal & Manges LLP**
United States Magistrate Judge
September 28, 2011
Page 2

One discovery, it is unfortunately too vague to provide much meaningful guidance in light of the distinctions the Court has subsequently drawn between Phases Two and Three. Thus, we request that the disclosure requirement be amended as follows to specifically identify whether Phase Two witnesses have knowledge of Phase Three issues:

> "At least *seven (7) business* days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel and the Coordinating Counsel for the United States and the States which make claims in this proceeding (the "States") with a brief statement of the witness's involvement, including whether he or she was involved in *containment efforts, such as controlled burning, application of dispersants, use of booms, skimming, etc., as identified in Amended Pretrial Order No. 41.*"

These minor revisions (noted in italics) will allow the Clean-Up Responder Defendants to continue making informed decisions about which depositions they should attend and will improve the overall efficiency of Phase Two discovery.[2] Depending on how Phase Two depositions progress in terms of the extent of the cross-over into Phase Three issues, it may ultimately be necessary to include the Clean-Up Responder Defendants in the fixed default allocation of time for Phase Two depositions of witnesses that also have Phase Three involvement. In the meantime, we will coordinate with counsel for the other parties, and the Court as necessary, for time allocation at Phase Two depositions as we did in Phase One.

### Planning for February 2012 Phase One Trial

As a result of discussions with Special Master McGovern, and as Your Honor has indicated, we understand that the Court is currently planning to make determinations on a witness-by-witness basis whether Phase One live trial witnesses that also have knowledge of Phase Two and Phase Three issues will be questioned about those Phase Two and Phase Three issues during Phase One of the trial or instead be allowed to return in subsequent phases of the trial to provide such testimony at a later date. *See also* Amended Pretrial Order No. 41 (Rec. Doc. 4083) ("[T]here may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase.").

As Your Honor knows, in recent weeks the parties have been submitting "surgical" lists of live adverse witnesses for Phase One of the trial. Of the live witnesses identified so far, it appears that at least two (Andy Inglis and Lamar McKay) have knowledge of Phase Three issues as well. With respect to these two live witnesses (and any other witnesses with knowledge of Phase Three issues that are subsequently identified), we respectfully request guidance from the Court as to whether we must participate in Phase One of the trial and question such witnesses on Phase Three issues or instead will be allowed to recall such witnesses during Phase Three of the trial.[3] Either way, advance clarification of this issue is

---

[2] The proposed change from "five (5) working days" in the disclosure requirement to "seven (7) business days" is intended to match the deadline in Section I.C.3 of the deposition protocol for providing notice of intent to attend a deposition. As currently drafted, the deposition protocol requires that notice of intent to attend be provided *before* the disclosure of a witness's involvement is made. Harmonizing these deadlines should further improve efficiency and discourage unnecessary/uninformed notices of intent to attend depositions.

[3] With respect to witnesses deposed during Phase One that have knowledge of Phase Three issues but are *not* included on any "live witness" lists for Phase One of the trial, the Clean-Up Responder Defendants reserve the right to present these witnesses during Phase Three of the trial (whether live or via deposition).

The Honorable Sally Shushan
United States Magistrate Judge
September 28, 2011
Page 3

**Weil, Gotshal & Manges LLP**

preferable and will both allow the Phase One trial to proceed more efficiently and remove a significant—and potentially burdensome—source of uncertainty for the Clean-Up Responder Defendants. Indeed, the inherent uncertainty of the "ad hoc" approach may require the Clean-Up Responder Defendants to be present and prepared to elicit Phase Three testimony from live witnesses during Phase One of the trial, notwithstanding our limited interest in Phase One issues and the possibility that the Court may ultimately decide not to hear such testimony during Phase One.

Moreover, the fact that no Phase Three-specific discovery has been scheduled, let alone commenced, makes the determination of whether a Phase One live trial witness with relevant Phase III knowledge could even be examined properly on Phase Three issues that much more difficult to determine. For example, discovery relating to Phase Three issues may not be uncovered until after a Phase One trial witness with relevant Phase Three knowledge has testified, thus making it impossible to have questioned that witness about such issues at the Phase One trial. We continue to consider practical solutions to this dilemma but wanted to raise with Your Honor and counsel sooner rather than later in order to find a mechanism that makes sense both in terms of streamlining the trial and in ensuring that the Clean-Up Responder Defendants are afforded the opportunity to present their defense fully, in the event their pending motions to dismiss are not granted.

Very truly yours,

Michael J. Lyle

cc:   Special Master McGovern (via e-mail)
      Defense Liaison Counsel (via e-mail)
      Plaintiffs' Liaison Counsel (via e-mail)
      R. Michael Underhill, Esq. (via e-mail)
      Attorney General Luther Strange (via e-mail)
      Cory Maze, Esq. (via e-mail)
      Mike O'Keefe (via e-mail)
      Ben Allums (via e-mail)