

SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

September 30, 2011

VIA ELECTRONIC MAIL
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

      Re:  MDL Phase 2 Discovery – Deposition Time Allocation

Dear Judge Shushan:

      The PSC received tonight BP's letter to Your Honor regarding BP's proposed time allocations for Phase II depositions.  Unfortunately, BP neglected to mention that it received an objection from the PSC regarding its proposal as to the allocation of time for witnesses on behalf of the United States.  The objection of the PSC to BP's proposed allocation has not been addressed in the allocation set out in Mr. Gasaway's letter of September 29, 2011 to the Court.

      Specifically, the PSC informed BP, prior to the time BP sent the above referenced letter to the Court, that the PSC could not agree to BP's proposal concerning the time allocation for US fact witnesses.  To the extent the PSC, US and and/or States need more or less time for non-US witnesses, the PSC believes these parties can allocate the necessary time between ourselves from the total time allocated for that witness.  However, as BP was informed prior to its communication with the Court, BP's allocation of time regarding US witnesses unfairly prejudices the PSC.

      In short, BP's proposed allocation of time for US witnesses is unacceptable.  BP's proposal incorrectly presumes that the PSC does not have as strong an interest in the testimony of US witnesses.  The PSC believes that certain US witnesses likely have material information regarding the conduct of BP, what BP shared with the government and how BP conducted its source control efforts. Given that BP is attempting to show that the US had some level of control of the response efforts, the information provided to these witnesses is critical. For that reason, the PSC cannot agree that BP has some greater interest in the testimony of these witnesses that should allow BP to have more time than the PSC.  In addition, while not necessarily an issue for the PSC, we would note that US should have the same time to redirect its witnesses that BP has provided to itself.

As an alternative to the proposal from BP, the PSC proposes the following allocation:

One Day - US Witness:
PSC: 155min
BP: 155min
Anadarko: 25min
TO: 25 min
States: 20min
HAL/CAM: 20min
Others: 20min
US 30min
TOTAL: 450 min

Two Day – US Witness:
PSC: 310min
BP: 310min
Anadarko: 50min
TO: 50min
States: 40min
HAL/CAM: 40min
Others: 40min
US: 60min
TOTAL: 900min

We thank you for your consideration.

Respectfully,

Brian H. Barr