IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| E-Mail: jimr@wrightroy.com | E-Mail: sherman@HHKC.com |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

October 2, 2011

*IN CAMERA* SUBMISSION

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

    Re:  BP "Claw-Back" Claim: BP-HZN-2179MDL03716673-4

Dear Judge Shushan,

    Plaintiffs respectfully submit the following letter to challenge a recent privilege claw-back claim made by BP. The parties have met and conferred with respect to the claw-back document at issue, however, the PSC and BP have agreed to disagree and require the Court to make a determination as to whether the document at issue is entitled to privileged treatment.

    Pursuant to Paragraph 7 of PTO #14, the PSC hereby submits the document at issue (BP-HZN-2179MDL03716673-4) under seal for an *in camera* review. The following outlines the PSC's position regarding the claw-back claim at issue.

**I.    Legal Standard**

    A.    The Burden is on BP to Clearly Prove that the Attorney-Client Privilege Should Apply.

    "The burden of demonstrating the applicability of the privilege rests on the party who invokes it." **Hodges, Grant & Kaufmann v. United States**, 768 F.2d 719, 721 (5th Cir. 1985). The privilege must be "specifically asserted with respect to particular documents" and cannot be "tossed as a blanket over an undifferentiated group of documents." **United States v. El Paso Co.**, 682 F.2d 530, 539 (5th Cir. 1982) (*citing* **United States v. Davis**, 636 F.2d 1028, 1044 n. 20 (5th Cir.), *cert. denied*, 454 U.S. 862 (1981)); *see also* **In re Shell Refinery**, 812 F. Supp. 658, 661 (E.D. La. 1993) ("The asserting party must adequately substantiate the claim of privilege; a party cannot rely on a blanket assertion of privilege."). Moreover, the party claiming the privilege to make a "clear showing" in support of the

privilege. *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504, 510 (W.D. La. 1988); *citing*, *Peat, Marwick, Mitchell & Company v. West*, 748 F.2d 540 (10th Cir. 1984), *cert. denied,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985); *United States v. Bump*, 605 F.2d 548 (10th Cir. 1979).

  B. The Attorney-Client Privilege is Narrowly Construed.

The attorney-client privilege protects only communications made in confidence for the purpose of obtaining <u>legal</u> advice from a lawyer. *El Paso Co.*, 682 F.2d at 538; *New Orleans Saints v. Griesedieck*, 612 F. Supp. 59, 62-63 (E.D. La. 1985). Privileges are narrowly construed because their assertion results in the suppression of relevant evidence. *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (Privilege should be "strictly confined within the narrowest possible limits consistent with the logic of its principle" because it "stands in derogation of the public's 'right to everyman's evidence' and as 'an obstacle to the investigation of the truth.'") (*citations omitted*). "The need to develop all relevant facts in the adversary system is both fundamental and comprehensive...," and as such, privileges "...are not lightly created nor expansively construed." *United States v. Nixon*, 418 U.S. 683, 709-710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974).

  C. Legal Advice Must Be the Primary Purpose of the Communication.

An attorney's participation in or with a communication does not, in and of itself, carry a party's burden of proving that the attorney-client privilege should apply. Rather, the proponent of the privilege must prove that the primary purpose of the attorney's involvement is to provide legal advice. Judge Eldon Fallon outlined this "primary purpose" requirement in a relatively recent decision, as follows:

> The test for the application of the attorney-client privilege to communications with legal counsel in which a mixture of services are sought is whether counsel was participating in the communications primarily for the purpose of rendering legal advice or assistance. Therefore, merely because a legal issue can be identified that relates to on-going communications does not justify shielding them from discovery. The lawyer's role as a lawyer must be primary to her participation.

*In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789, 798 (E.D. La., 2007).

**II.** **Discussion**

  A. BP has not Carried its Burden of Proving the Applicability of the Privilege.

As of today's date, the PSC has not received a submission from BP as to why the document at issue should be subject to the attorney-client privilege. The only information provided by BP was the identification of a BP in-house attorney as the author of a comment on the document. No privilege log (or similar information) has been provided. Further, no affidavit or other supporting evidence has been provided regarding why the communication at issue constitutes legal advice. BP has not provided any of the facts or information necessary to carry its burden of proving the applicability of any privilege over the document in question. Moreover, this lack of proof problem is magnified in light of clear jurisprudence that the attorney-client privilege should be narrowly construed.

  B. The Document/Communication at Issue Does Not Constitute "Legal" Advice.

 Separate and apart from the lack of evidentiary support, the document at issue is not subject to the attorney-client privilege on its face.  The specific comment made by the BP in-house attorney is shown at the lower right portion of BP-HZN-2179MDL03716673, and reads as follows:

> The optics of both these sections trouble me.  We have to assume this document will be on the front page of the NYT.  I would like to add some additional qualifying language as indicated.  I understand that this language may be a little unusual, but I think this merits some serious consideration.  I strongly recommend that we run this up through the chain of command to get their inputs as well.

 A reasonable reading of the first two sentences leads to the conclusion that the employee's comments primarily involve public relations, not legal, advice.  "The lawyer's role as a lawyer must be primary to her participation."  *In re Vioxx Products Liability Litigation*, *supra*.  *See also* *In re CFS-Related Securities Fraud Litigation* 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client.").  Here the author's role is that of a publicist, not of a lawyer.  The communication is relaying business (PR) advice and as such is not protected by the attorney-client privilege.

 The final sentence further suggests that the communication at issue is not legal advice.  The author specifically states that his comments need to be "run up through the chain of command..." - indicating that a (non-legal) business department has the final say so relative to the wording.  Unless "the chain of command" is referring specifically to BP legal, the comment at issue is not primarily legal advice.

 As always, we appreciate the Court's time and consideration in this matter.

                Respectfully submitted,

                STEPHEN J. HERMAN
                JAMES PARKERSON ROY
                *Plaintiffs' Liaison Counsel*

ENCLOSURE (submitted *in camera*)

 cc: J. Andrew Langan, Esq.
   DEFENSE LIAISON COUNSEL
   Mike Underhill, Esq.
   Hon. Luther Strange
   Anthony Irpino, Esq.