UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL-2179 SECTION "J" |
| THIS DOCUMENT RELATES TO: *10-cv-3059 and 11-cv-0516* | § § § | JUDGE BARBIER MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE OF LOUISIANA'S REQUEST FOR CLARIFICATION OF AMENDED PRETRIAL ORDER NO. 41/CASE MANAGEMENT ORDER NO. 3.

NOW INTO COURT, through undersigned counsel, comes Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully submits this request for clarification and/or reconsideration of Amended Pretrial Order No. 41/Case Management Order No. 3.  The Court recently issued Pretrial Order 41/Case Management Order No. 3 setting forth  "the scope and structure of the Trial of Liability, Limitation, Exoneration, and Fault Allocation ("Trial") that is scheduled to commence . . . on February 27, 2012."[1]  The amendment identifies the United States and the States as presenters of evidence in the Limitations proceedings.  However, the State's presentation of evidence appears to be limited as being through Coordinating Counsel:

> **First**, the Claimants, through the Plaintiffs' Steering Committee ("PSC"), the United States (through its Court Appointed Coordinating Counsel and its representatives), and the States (through the Court Appointed Coordinating Counsel for State Interests and his representatives), shall adduce factual and expert evidence in support of those parties' claims against all defendants.

---

[1] Amended Pretrial Order No. 41/Case Management Order No. 3 was entered on September 21, 2011 [Rec. Doc. 4083].  The original Pretrial Order No. 41/Case Management Order No. 3 was entered on September 14, 2011 [Rec. Doc. 4033].

Louisiana seeks clarification regarding the Amended Pretrial Order No. 41 to the extent Phase 3 of the proceedings directly implicates the State's environmental and natural resource damage claims and may involve the State as a defendant. To the extent the State of Louisiana is not allowed to directly participate in these aspects of the Limitations proceedings, the State requests confirmation that the findings of fact and conclusions of law are not binding in the context of the State's Oil Pollution Act and penalty claims.

## I. The State's Response/Containment Efforts.

The State has taken extensive measures to respond to the *Deepwater Horizon* oil spill ("Spill"), which primarily included, but were not limited to, the laying of vast quantities of boom, the construction of sand berms, skimming, and the use of freshwater diversions. In fact, the State has been sued in three cases for alleged damages associated with the State's response efforts. Two of these cases have been removed and consolidated in this Court. Louisiana's motions to remand these cases are pending. Louisiana's Motion to Remand (*Adams*), June 3, 2011) [Rec. Doc. 2629]; Louisiana's Motion to Remand (*Delacroix*), June 29, 2011 [Rec. Doc. 3084].[2] Both cases involve allegations by private plaintiffs, and one includes a putative class, for damages resulting from the efforts Louisiana took to respond to and mitigate impacts from the

---

[2] In one action, plaintiff-Adams alleges to represent a putative class of all Louisiana entities and residents with leases for water bottoms, including leases for oyster beds, that were contaminated by the oil, chemical dispersants, or fresh water from diversions as a result of the *Deepwater Horizon* oil spill. In addition to alleging that the oil and dispersants have damaged the environment and property of Adams and the putative class, the Petition also asserts that the State's opening of several freshwater diversions to mitigate near shore impacts and the damage from the oil and dispersants damaged private and public oyster beds. *Adams v. State of La.*, 11-cv-1051 (E.D.La.) [Rec. Doc. 1]. Additionally, the State was sued by Delacroix Corporation, which claims to own land located in St. Bernard and Plaquemines Parish that it leases for duck hunting, trapping of alligators for the sale of the hides, and the collection of as well as sale of alligator eggs produced on the property. Plaintiff-Delacroix Corporation alleges that the opening of the Caernarvon Freshwater Diversion as a response to mitigate the damage from the oil damaged the canal banks and shorelines of its property, caused a rise in the growth of water hyacinth, which blocked lessees' access to canals and destroyed alligator habitats, and affected the nesting habitat of female alligators causing damage to its egg harvest and future alligator egg production. *Delacroix Corp. v. BP Products North America*, 11-cv-1317 (E.D.La.) [Rec. Doc. 1].

Gulf oil spill. The PSC may eventually decide to add similar claims against the States. Louisiana's response and containment measures are expressly included in Phase 3, which is currently intended to:

> [A]ddress issues pertaining to the efforts by various parties, third parties, and non-parties aimed at containing oil discharged as a result of the Incident by, for example, controlled burning, application of dispersants, use of booms, skimming, etc.

Amended PreTrial order No. 41, at 2. The measures taken by the State of Louisiana to respond to and mitigate impacts from the Spill, and the claims associated with these measures, must be presented and defended through the State of Louisiana's counsel.

## II.     The State's Natural Resource Damage Claims.

In addition to directly implicating the State's response and containment efforts, Phase 3 of the Amended Pretrial Order No. 41 will also address: "issues pertaining to the migration paths and end locations of oil released as a result of the Incident as carried by wind, currents, and other natural forces and as affected by efforts to contain or direct this migration." Amended Pretrial Order No. 41, at 3. This aspect of the Limitations proceedings appears to overlap with the State of Louisiana's efforts, with its federal and state co-trustees, to assess and characterize the damages to the State's natural resources.

A determination of the migration pathways and presence of oil as well as pollutants resulting from the *Deepwater Horizon* disaster is foundational to the State's natural resource damage claims. Louisiana previously raised its concerns regarding the potential overlap of the State's natural resource damage claims with the Limitations proceedings. *See* Louisiana's Trial Plan Reply, Apr. 26, 2011 [Rec. Doc. 2129]; Response to Order Requesting Briefing On Trial Plan Issues, June 6, 2011 [Rec. Doc. 2669]. Alabama and Louisiana have divergent interests

3

when it comes to their natural resource damage cases. Most of the oil and other hazardous constituents stayed in Louisiana and are continuing to adversely affect natural resources. The State of Alabama will have an interest in arguing that the oil impacted Alabama to a greater extent.[3]

A primary goal of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §2701 *et seq.*, is to make the environment and public whole for injuries to natural resources and services resulting from an incident involving a discharge or substantial threat of a discharge of oil. This goal is achieved through the return of the injured natural resources and services to the condition they were in prior to the discharge and by compensating the State and other affected natural resource trustees for interim losses of such natural resources and services from the date of the incident until recovery. To fulfill these goals, OPA provides a natural resource damage assessment process for developing a plan for restoration of the injured natural resources and services and pursuing implementation or funding of the plan by responsible parties. Under OPA, the state and federal trustees affected by the discharge of oil prepare a natural resource damage assessment, which is:

> [T]he process of collecting and analyzing information to evaluate the nature and extent of injuries resulting from an incident, and determine the restoration actions needed to bring injured natural resources and services back to baseline and make the environment and public whole for interim losses.

15 C.F.R. §990.30. The regulations require that the State demonstrate exposure as well as a pathway between the discharge and the injury:

---

[3] The Attorney General of the State of Alabama has publicly stated that Alabama has suffered greater damage as a result of the Spill. "Strange said he believes Alabama has been harmed more than any other state by the spill, mostly because of lost tourism dollars." *New Alabama Attorney General Luther Strange Pursuing State's Lawsuit Against BP*, Associated Press (Jan. 26, 2011, 11:52 AM), http://blog.al.com/wire/2011/01/new_alabama_attorney_general_l.html. General Strange has confirmed this position in discussions with counsel for the State of Louisiana.

> [T]rustees must establish whether natural resources were exposed, either directly or indirectly, to the discharged oil from the incident, and estimate the amount or concentration and spatial and temporal extent of the exposure. Trustees must also determine whether there is a pathway linking the incident to the injuries. Pathways may include, but are not limited to, the sequence of events by which the discharged oil was transported from the incident and either came into direct physical contact with a natural resource, or caused an indirect injury.

15 C.F.R. §990.51(d).

The Pretrial Order as currently structured appears to significantly and directly impact Louisiana's right to advance certain of its own claims as well as defend claims made against the State. Louisiana requests that the Amended Pretrial Order be clarified or revised to reflect that each sovereign may present evidence and defenses associated with its own containment and mitigation efforts as well as the environmental impact of the oil and other pollutants to the sovereign's natural resources. As this Court has stated, "[e]ach state that files a claim in this litigation has a right to its own representation, and to advance its own claims." *See* Hearing Transcript at 12, Jan. 28, 2011.

To the extent Phase 3 of the limitations trial implicates, confuses or prejudices the State's ability to defend the claims asserted against it in *Adams* and *Delacroix* or the adjudication of Louisiana's substantive OPA claims – most specifically, natural resource damages – the State requests clarification. If the Limitations proceedings as currently structured (most importantly, Phase 3) are not intended to and will not bind the State of Louisiana with respect to its environmental damage claims, the State requests confirmation of this. Under such a scenario, Louisiana requests that the Court indicate that the State of Louisiana would be allowed to try its own case even if it requires the re-calling of certain witnesses in a second trial/proceeding to

provide testimony on facts already determined in the Limitations context but not binding on the State.

### III.     Certificate of Non-Support.

Pursuant to Pretrial Order No. 11/Case Management Order No. 1, section X, the undersigned counsel contacted PSC Liaison Counsel and hereby certifies that the PSC neither supports nor opposes this motion. *See* Pretrial Order No. 11, at 13, Oct. 19, 2010. [Rec. Doc. No. 569]. The PSC advises that its position will be directly influenced by the ultimate nature of the Phase 3 trial. Further, that the PSC is sensitive to the concerns of the State, but expresses no position on the merits at this time, because it believes it is premature to address this matter.

Dated this 3rd day of October, 2011.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner |
| James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708 | Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>Douglas R. Kraus<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C.<br><br>/s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093 | USRY, WEEKS, &<br>MATTHEWS, APLC<br><br>/s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641 |

| | |
|---|---|
| **Special Counsel for Plaintiff** <br> **Attorney General, State of Louisiana** <br><br> SHOWS, CALI, BERTHELOT & WALSH, LLP <br><br> /s/ E. Wade Shows <br> E. Wade Shows <br> 628 St. Louis Street <br> Baton Rouge, LA 70802 <br> Telephone: (225) 346-1461 <br> **Special Counsel for Plaintiff** <br> **Attorney General, State of Louisiana** | **Special Counsel for Plaintiff** <br> **Attorney General, State of Louisiana** <br><br> MARTEN LAW, PLLC <br><br> /s/ Bradley M. Marten <br> Bradley M. Marten <br> Linda R. Larson <br> 1191 Second Avenue <br> Suite 2200 <br> Seattle, WA 98101 <br> (206) 292-2600 <br> **Special Counsel for Plaintiff** <br> **Attorney General, State of Louisiana** |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Louisiana's Request for Clarification of Pretrial Order No. 41 has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of October, 2011.

Kanner & Whiteley, L.L.C.

 /s/ Allan Kanner
 Allan Kanner
 a.kanner@kanner-law.com