

STATE OF TEXAS

July 22, 2010

Mr. Doug J. Suttles
Chief Operating Officer
BP Exploration & Production Inc.
501 Westlake Park Blvd.
Houston, Texas 77079

Mr. Jack Lynch
General Counsel
BP America, Inc.
501 Westlake Park Blvd.
Houston, Texas 77079

Dear Mr. Suttles and Mr. Lynch:

We write in response to your July 12 letters indicating that BP will refuse the State of Texas' request for $25 million in block grants for Texas' efforts to respond to the oil spill at BP's Mississippi Canyon 252. Considering the fact that BP has already provided $50 million in grants to all other Gulf Coast states, and provided the same $25 million payment to Florida when it was first hit by tar balls, we ask that you reconsider your position and provide Texas the resources to prepare — and as necessary respond — to the oil spill.

As the State's Chief Executive, and Chief Legal Officer, we take issue with multiple assertions in your July 12 letter. Those assertions seem to rest on a misunderstanding of the state's position — and your responsibilities.

First, BP contends that Texas' request for financial assistance to defend its Gulf Coast is "premature," and that BP "expects" that any risk to Texas is "limited" and can be funded through the Unified Area Command. These predictions about the future are entitled to no weight, and offer no comfort to Texans impacted by the spill. They are also at odds with the information you provided indicating BP has already received more than 4,400 Texas claims — and paid more than $5 million to Texas claimants. BP did not predict or prepare for the oil spill in the first place. Nor did you predict that your oil would reach Texas shores.

Mr. Doug J. Suttles
Mr. Jack Lynch
July 22, 2010
Page 2

The State of Texas cannot rely upon BP's assurances when Texas economic and coastal resources are at stake. It is particularly difficult to rely upon your assurances today since you have already failed to live up to the expectation you created when BP provided $25 million block grants to the other Gulf Coast states. At the time, Florida had just been hit with tar balls — but Texas had not yet been impacted. However, times have changed since tar balls hit our coastline. Now BP must provide the financial resources you indicated would be available should Texas be impacted. BP has taken steps to ensure every other Gulf Coast state is prepared to respond, yet you shortchange the state in which you have chosen to domicile — and whose beaches you threaten with tar balls.

Second, although BP has paid some claims to date, by rejecting our request for the same block grants that BP provided to every other Gulf Coast state, you are essentially asking Texas to just trust you. But as responsible stewards of taxpayer resources, we cannot sit by and trust that BP will fully pay Texas' reimbursement requests. When BP announced the original round of block grants to all other Gulf Coast states on May 5, 2010, it said "The grants BP made to the four states did not affect BP's MC 252 response or existing claims program, but are supplemental to them…" Thus we continue to insist that BP also supplement the claims process in Texas and provide our state the same $25 million payment that you provided to other Gulf Coast states.

Third, while we agree to accept the $5 million payment that BP offered in its July 12, 2010 letter, we request that BP increase that payment amount by $20 million so that it is consistent with the payments made to other states. Also, while we agree to accept the $5 million you offered, we object to the fund to which you propose to send that money. The Coastal Preservation Fund is not the proper account for that payment. Rather, payment should be made to the BP Oil Spill Texas Response Grant Fund. State officials — not BP — are best positioned to determine the account or fund that most benefits the State of Texas.

The purpose of these block grants is to give Gulf Coast states the maximum flexibility to respond as the state deems necessary. The Coastal Preservation Fund does not quickly afford the necessary flexibility. Additionally, contributing $5 million to that fund would suspend the collection of the 1.3 cents/bbl fee that BP currently pays to import oil in the State of Texas. As a result, while depositing money into that fund would provide insufficient help to the state, it would help BP by suspending its obligation to pay import fees on oil. Put simply, the fund allocation proposed by BP is unacceptable.

Finally, we note that your letter states: "We have not asserted the cap provided under the Oil Pollution Act." We read that as an attempt to suggest that BP is voluntarily paying claims associated with the oil spill. The truth is that BP has not asserted the cap because it

Mr. Doug J. Suttles
Mr. Jack Lynch
July 22, 2010
Page 3

acknowledged that evidence would reveal that the explosion and resulting spill were the product of gross negligence — which renders the statutory cap irrelevant. We know this because, during a conference call with Gulf Coast attorneys general, BP General Counsel Jack Lynch acknowledged that gross negligence would be revealed as a cause of the explosion that led to the oil spill.

Again, as state officials charged with ensuring accountability for any potential damage to Texas, we cannot simply sit back and hope BP does the right thing. Thus, we once again call upon BP to make a $25 million block grant to the State of Texas — just as it did to all other Gulf Coast states.

As the governor and attorney general, we once again ask BP to provide the state sufficient resources to defend the Texas Gulf Coast, its natural resources and its economy, which could be used by the various agencies of the State of Texas at the direction of the Office of the Governor to pay costs related to or resulting from the oil spill.

Sincerely,

Rick Perry
Governor

Greg Abbott
Attorney General