

IRPINO LAW FIRM

September 27, 2011

**VIA E-MAIL**
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      Re:    *In re: MDL 2179 Oil Spill by the Oil Rig "Deepwater Horizon"*
              PROPOSED CONFIDENTIALITY ORDER

Dear Judge Shushan,

      We are submitting this letter and the three attached proposed orders to the Court in hopes of finalizing a confidentiality order (relating to de-designations of confidential documents) at the Discovery Workgroup conference on Friday, September 30, 2011.

**I.**      **Purpose of the Order**

      Because it has been over two weeks since we last addressed this issue with the Court, we summarize the purpose of this order. The need to promptly and accurately track, record and publish the "confidential de-designation" status of documents is important for several reasons. First, pursuant to Paragraph 8B of PTO #13, the parties and the Court need to know which documents are/are not confidential for purposes of filing motions and/or exhibits to motions.[1] Second, pursuant to Paragraph 8C of PTO #13, the parties and the Court need to know which documents are/are not confidential for purposes of hearings.[2] Third, pursuant to Paragraph 5H of PTO #13, the parties need

---

      [1] Paragraph 8B of PTO #13 states in pertinent part that: "If Confidential Information must be filed, it will be filed under seal as an appendix to the instrument that refers to it. As little of the source document as possible should be sealed. References in the instrument must be sufficiently abstract not to disclose the information."

      [2] Paragraph 8C of PTO #13 states in pertinent part that: *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-

to know which documents are/are not confidential for using documents at depositions.[3] Other practical needs for such an order include the avoidance of confusion (e.g., documents which are no longer confidential are still marked as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL"), and ensuring that PTO #13 is not violated by a party mistakenly believing that a document is de-designated when in actuality it is not.

## II.     Work Among the Parties

The PSC and the various parties have worked diligently over the past two weeks attempting to reach an agreed upon confidentiality order which addresses the aforementioned needs. Since the September 9, 2011 conference, the PSC has had many different meet and confers with numerous parties to negotiate the precise language of the final order. This process has been very professional and all parties have fully cooperated. Nonetheless, we have been unable to reach agreement upon a final order. As such, we require the Court to determine which language should be used for the order.

## III.    The Three Orders

As a result of the meet and confer process, there are now three orders which the PSC believes represent the desires of the various parties. These orders are attached hereto in Microsoft Word and are titled with the prefixes A, B and C, as are the corresponding PDF form "designation status charts" for each of these orders. The following is a brief summary of these competing orders:

**Order A:**   Transocean and Anadarko support the language of this order. The primary differences between Order A and Order B are: 1) the distinction between a Producing Party and an authoring party (Order B has no distinction), 2) the imposition of requirements on the authoring party (Order B has none), and 3) the format of the chart (Order A's chart only includes de-designated documents). The PSC accepts this order.

**Order B:**   BP prefers the language of this order to the extent an order is entered. This order places all confidentiality de-designation responsibility on the producing party and Order B's chart includes all challenged documents to be listed (as opposed to only de-designated documents). The PSC accepts this order.

---

trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

[3] Paragraph 5H of PTO #13 states in pertinent part that: "Witnesses except for lay witnesses who previously have not seen or had access to the Confidential Information and who have no reasonable need to see the Confidential Information in order to provide testimony."

**Order C**: Halliburton supports the language of this order. The language of Order C is nearly identical to that of Order A with one difference which substitutes the PSC's language regarding removal of the confidentiality bates stamping. The PSC accepts this order.

The PSC does not object to any of the orders, however, it does believe that "Order B" is less complicated and easier to work under. While the PSC is also comfortable with having some mixture of these orders, it does not appear that the other parties share the same comfort level. Please also note that BP maintains that there is not necessarily a need to physically remove the confidential bates stamping (due to the fact that a comprehensive log is maintained), but if same is required, it would like to remove the confidential bates stamping itself and would like longer than 7 days within which to do so.

The three attached orders should represent the comments and/or input received from the various parties with whom the PSC has communicated with regarding this matter. However, if any party believes that their position has not been fully/fairly represented through the attached two versions of the proposed order, the PSC requests that said party provide the Court with its suggested changes.

The PSC requests your Honor's guidance relative to this issuance of an appropriate order which will help track and memorialize the "confidentiality" status of documents which from the various producing parties, and would like to have this matter heard at the upcoming discovery conference on Friday, September 30, 2011. Thank you.

Respectfully submitted,

Anthony Irpino

cc: Defense Liaison Counsel (*Via* E-Mail)
Jim Roy, Esq. (*Via* E-Mail)
Steve Herman, Esq. (*Via* E-Mail)
Mike Underhill, Esq. (*Via* E-Mail)
Hon. Luther Strange (*Via* E-Mail)
Allan Pixton, Esq. (*Via* E-Mail)
Amber Shushan, Esq. (*Via* E-Mail)
Carolyn Raines, Esq. (*Via* E-Mail)