# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 27, 2011

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

RE:    MDL 2179 - *In re: Deepwater Horizon*

Dear Magistrate Shushan:

      We write in response to the PSC's letter, dated September 26, 2011, asking the Court for leave to file another set of requests for admission.  The PSC has already served more than 220 RFAs on BP to date.  At this late stage, more than two months after the Court's deadline for serving RFAs, the PSC should not be allowed to serve even more Phase 1 discovery on BP.

      Given the pending Phase 1 trial beginning in February 2012, the Court has taken numerous steps in recent months to bring Phase 1 discovery to a close and to allow the parties to complete the remaining pre-trial preparations, including: expert reports and depositions, deposition transcript designations for more than 200 Phase 1 fact witnesses, trial exhibit designations and objections, pre-trial motions and briefing, and general trial preparation -- not to mention the Phase 2 discovery that is now under way.  In addition to setting deadlines for document requests and requests for Phase 1 fact deponents, the Court set July 18 as the deadline for serving Requests For Admission and Interrogatories, stating that "No party may serve any party with any further Phase One RFPs, interrogatories or RFAs without leave of Court." 7/18/2011 Order (Dkt. 3354) (the "Order").

      On September 20th, more than 2 months after the Court's Order cutting off Phase 1 RFAs, the PSC served BP yet another set of "Requests For Admissions And/Or Request For Production" related to the Phase 1 trial.  ("New RFAs")  Attached as Ex. A.

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 27, 2011
Page 2


      Upon receipt of the PSC's New RFAs, BP immediately sought a meet and confer with the PSC and reiterated the Court's July 18, 2011 deadline for RFAs related to Phase 1. The PSC did not dispute that the New RFAs relate to Phase 1 issues. After some consultation, the PSC appears to have withdrawn the New RFAs, re-dated them, and now asks the Court for leave to re-serve them. Because the New RFAs come more than two months after the RFA deadline without any explanation for the delay and because it would be unfair for the Court to allow the PSC to serve additional RFAs at this late stage in the proceedings after it denied a similar, *pre-RFA deadline* attempt by BP to serve additional RFAs, the Court should deny the PSC's request.

      The PSC's letter attempts to argue that the Court sanctioned their New RFAs during a discussion aimed at furthering a collaborative process among the parties to work through authenticity issues related to proposed trial exhibits at the August 12 Working Group Conference. *See* Ex. B. First, during the August 12 Conference, the Court did not overrule or vacate its July 18th Order. Nor, from our perspective, did the Court re-open the floodgates on Phase 1 RFAs -- authenticity-related or otherwise. Rather, both the Court and BP confirmed during that discussion that the parties were creating a more efficient "work-around" to address whatever small number of trial exhibit authenticity issues might remain after a meet and confer process. Indeed, that process has been put in place and is underway.

      Second, even if the Court did mean to allow for the parties to continue serving Phase 1 authenticity-related RFAs on each other (and we think that it did not), the PSC's argument still fails because the New RFAs do not relate to either a trial exhibit or to a BP-authored document. Instead, the New RFAs attempt to use a non-party's attorney's letter to document a statement allegedly made by a BP company attorney on a telephone call, and to confirm BP's receipt of a letter authored by a third-party; neither of which are sanctioned by any remotely reasonable reading of the August 12 transcript. As a matter of fact, the allegations that are the subject of the New RFAs are without merit. But regardless of the merits, there is no authenticity issue to be responded to here by BP because there is no BP-generated document at issue. A letter from a State Attorney General to BP claiming that BP had made some statements on a telephone call (which BP denies) is blatant hearsay that is no more admissible at trial than a copy of plaintiffs' complaint would be.

      Because the Court's July 18 deadline on Phase 1 RFAs clearly applies to this discovery, the PSC now seeks leave to serve the New RFAs, arguing that the New RFAs are limited and that answering them will create only a minimum burden for BP. But the Court cannot look at the PSC's New RFAs in isolation. The Court's July 18 Order was followed by the Court granting Halliburton's motion for a protective order, the effect of which was to refuse to allow BP to serve authenticity-related RFAs on Halliburton -- despite the fact that the Court found that BP's RFAs to Halliburton, served on July 1, were timely. 7/28/2011 Order (Dkt. 3461).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 27, 2011
Page 3


      Both the Court and the parties have repeatedly acknowledged that "the door should swing both ways" when it comes to MDL 2179 discovery. The Court set an RFA deadline on July 18 for all parties. The Court ruled that BP could not receive answers to RFAs it served on Halliburton on July 1. The PSC's New RFAs to BP were served September 20 -- almost 12 weeks later. Either all parties should have to abide by the July 18 Order's deadline or that deadline should be lifted for all parties. If the Court allows the PSC to serve its New RFAs and requires BP to answer them, the Court should also allow BP to re-serve its earlier discovery on Halliburton and perhaps to serve similar RFAs on other parties as well.

      The Court created a process for the parties to deal with trial exhibit authenticity issues and, months ago, set a series of deadlines related to Phase 1 fact discovery. The PSC's New RFAs seeks to ignore the former and to extend the latter. Due to the late date and to the fact that any such ruling would have to be applied to all parties, BP should not be made to answer the PSC's New RFAs.

      Thank you for the Court's consideration of this issue.

                                       Sincerely,

                                       J. Andrew Langan, P.C.

cc:    Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill, Esq.
        Hon. Attorney General Luther Strange