# Exhibit A



Sep 20 2011
4:27PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' REQUESTS FOR ADMISSIONS AND/OR
REQUEST FOR PRODUCTION OF DOCUMENTS TO THE BP DEFENDANTS
REGARDING ACKNOWLEDGMENT OF GROSS NEGLIGENCE BY BP COUNSEL**

NOW COME Plaintiffs, through Plaintiffs' Liaison Counsel and the Plaintiffs' Steering Committee, and, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and PRE-TRIAL ORDER NO. 16, serve the following requests upon BP Exploration & Production, Inc., BP p.l.c., BP America Production Company, and BP North America Products, Inc., (collectively the "BP Defendants" and/or "BP"):

### Definition

"**Gulf Coast States**" means Texas, Louisiana, Mississippi, Alabama, and Florida.

### REQUESTS

**Request for Admission No. 1:**

Please admit that, in or around July of 2010, Jack Lynch, within the course and scope of his capacity as counsel for one or more BP Defendants, participated in a conference call with attorneys general from one or more Gulf Coast States, in which Mr. Lynch acknowledged that gross negligence would be revealed as a cause of the explosion that led to the oil spill.

**Request for Admission No. 2:**

Please admit that the July 22, 2010 letter from Texas Governor Rick Perry and Attorney General Greg Abbott to Doug J. Suttles and Jack Lynch, attached hereto as EXHIBIT A, was received by one or more of the BP Defendants in July of 2010, and maintained thereafter in the ordinary course of BP's business.

**Request for Production:**

If you deny Request for Admission No. 1, in whole or in part, please produce (or identify by specific Bates Number(s)) the written response(s) to EXHIBIT A in which Mr. Lynch and/or the BP Defendants repudiated or otherwise attempted to clarify the statement in the July 22, 2010 letter from Texas Governor Rick Perry and Attorney General Greg Abbott letter to Doug J. Suttles and Jack Lynch that "BP General Counsel Jack Lynch acknowledged that gross negligence would be revealed as a cause of the explosion that led to the oil spill."

This 20th day of September, 2011.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |

Page 2

| | |
|---|---|
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel.* | *Plaintiffs Liaison Counsel.* |

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with PRE-TRIAL ORDER NO. 12, this 20th day of September, 2011.

/s/ Stephen J. Herman and James Parkerson Roy

# Exhibit B

```
                                  UNITED STATES DISTRICT COURT
                                  EASTERN DISTRICT OF LOUISIANA


        ****************************************************************

        IN RE:  OIL SPILL BY THE
        OIL RIG DEEPWATER HORIZON
        IN THE GULF OF MEXICO ON
        APRIL 20, 2010

                                            CIVIL ACTION NO. 10-MD-2179 "J"
                                            NEW ORLEANS, LOUISIANA
09:23AM                                     FRIDAY, AUGUST 12, 2011, 9:30 A.M.

        THIS DOCUMENT RELATES TO
        ALL ACTIONS

        ****************************************************************


                     TRANSCRIPT OF DISCOVERY CONFERENCE PROCEEDINGS
                       HEARD BEFORE THE HONORABLE SALLY SHUSHAN
                              UNITED STATES MAGISTRATE JUDGE



        APPEARANCES:


        FOR THE PLAINTIFFS'
        LIAISON COUNSEL:           DOMENGEAUX WRIGHT ROY & EDWARDS
                                   BY:  JAMES P. ROY, ESQUIRE
                                   P. O. BOX 3668
                                   556 JEFFERSON STREET
                                   LAFAYETTE, LA   70502


                                   HERMAN HERMAN KATZ & COTLAR
                                   BY:  STEPHEN J. HERMAN, ESQUIRE
                                   820 O'KEEFE AVENUE
                                   NEW ORLEANS, LA   70113


        FOR THE PLAINTIFFS:        IRPINO LAW FIRM
                                   BY:  ANTHONY IRPINO, ESQUIRE
                                   ONE CANAL PLACE
                                   365 CANAL STREET, SUITE 2990
                                   NEW ORLEANS, LA   70130
```

```
10:55AM   1              MR. WILLIAMSON:  Jimmy Williamson.  That's fine for the
10:55AM   2   PSC.
10:55AM   3              THE COURT:  You're not prohibited from filing it, but if
10:55AM   4   you think you can work it out, then let's do that.
10:55AM   5              Hugh?
10:55AM   6              MR. TANNER:  Going back to Emanuel, we communicated with
10:56AM   7   him in the meantime, and we can offer up for Victor Emanuel, the
10:56AM   8   Schlumberger, employee September 27nd.
10:56AM   9              THE COURT:  Let's take a look.
10:56AM  10              MR. TANNER:  Let's just put it down there.
10:56AM  11              THE COURT:  September 27th.
10:56AM  12              MR. MAZE:  Victor Emanuel?
10:56AM  13              MR. TANNER:  Victor Emanuel.
10:56AM  14              THE COURT:  He had been, Corey, on October 26th.  There
10:56AM  15   he is on the 26th.
10:56AM  16              Mr. Roy, you stand to defend yourself?
10:56AM  17              MR. ROY:  No, ma'am, that's hopeless.
10:56AM  18              What I do stand for, Judge, I think that in the
10:56AM  19   revisionist version of history that seems to be put forth by some
10:56AM  20   parties in this courtroom from time to time, what gets left out
10:56AM  21   is what's said in liaison conferences, and I don't want what
10:57AM  22   happened yesterday to be one of those victims potentially.
10:57AM  23              We talked about the deadline of the 22nd and I
10:57AM  24   think that sounds great to everybody, and we certainly have no
10:57AM  25   problem with it, but as Your Honor is aware from yesterday's
```

| | | |
|---|---|---|
| 10:57AM | 1 | liaison conference, there seems to be some discussion that |
| 10:57AM | 2 | continues over issues relative to whether documents that have |
| 10:57AM | 3 | been produced by a party in the course of discovery are |
| 10:57AM | 4 | authentic, are business records kept in the ordinary course of |
| 10:57AM | 5 | business, etcetera, etcetera.  This is of deep concern not just |
| 10:57AM | 6 | to the PSC but to a number of parties, especially with a trial |
| 10:57AM | 7 | looming in February. |
| 10:57AM | 8 | I just want to clarify on the record in the |
| 10:57AM | 9 | courtroom for all to hear and for you to rule, if you would, that |
| 10:57AM | 10 | your August -- your 22nd deadline does not apply to parties |
| 10:57AM | 11 | having to file either requests for admission regarding |
| 10:58AM | 12 | authenticity, business record or whatever, or noticing 30(b)(6) |
| 10:58AM | 13 | depositions to get corporate representatives to come down here |
| 10:58AM | 14 | and establish such as to thousands or hundreds or whatever the |
| 10:58AM | 15 | number may be of such documents that there are dispute over.  I |
| 10:58AM | 16 | just want to be clear on that. |
| 10:58AM | 17 | THE COURT:  Does everybody understand Jim's point? |
| 10:58AM | 18 | MR. LANGAN:  Your Honor, I'm not sure I agree with |
| 10:58AM | 19 | Mr. Roy's point entirely.  I think that what we have said is we |
| 10:58AM | 20 | are willing to talk about work-arounds to deal in good faith with |
| 10:58AM | 21 | questions of authenticity and admissibility in the context of |
| 10:58AM | 22 | putting together a trial exhibit list.  We understand that come |
| 10:58AM | 23 | trial, the trial judge can force a custodian to come in, okay, of |
| 10:58AM | 24 | records to authenticate if there is disputes.  All of that is |
| 10:58AM | 25 | fine. |

10:58AM 1            I don't think Your Honor contemplated an opening up
10:59AM 2  of the written discovery deadlines to allow new rounds of
10:59AM 3  requests to admit to be filed by them or us or by anybody
10:59AM 4  relating to documents, and in fact, as I mentioned yesterday, we
10:59AM 5  tried that, and you said we couldn't do it as to Halliburton.
10:59AM 6            THE COURT:  I think that we're going to try, Jim, to
10:59AM 7  approach the issue, and so everybody understands what we're
10:59AM 8  talking about, Jim yesterday raised an issue that I think we're
10:59AM 9  all concerned about, which is we need to start working on
10:59AM 10 stipulations with regard to authenticity, and Jim is particularly
10:59AM 11 concerned about business records and the fact that many of the
10:59AM 12 records that have been produced are kept in the normal course of
10:59AM 13 business, and under the rules of evidence would be deemed to be
10:59AM 14 business records and thereby admissible, so that's the issue that
10:59AM 15 Jim is raising.
10:59AM 16           We had a discussion with regard to it yesterday.
11:00AM 17 We are going to try to focus on a way to get this done simply
11:00AM 18 without pulling our hair out.  Jim has very little left to pull.
11:00AM 19           MR. ROY:  Thank you, Your Honor.  I needed to be told
11:00AM 20 that.
11:00AM 21           THE COURT:  Jim, the deadline does not apply to that.  I
11:00AM 22 do think that we don't want to reopen and have thousands of
11:00AM 23 requests for admissions go out; rather, I think we would rather
11:00AM 24 try to do a work-around where a party is obligated to look at the
11:00AM 25 documents that we have identified and tell us whether or not they

11:00AM  1   are authentic and whether they are kept in the normal course of
11:00AM  2   business.
11:00AM  3           MR. ROY:  We like that approach.  Your Honor, we don't
11:00AM  4   want to propound thousands or whatever.  That's not necessarily
11:00AM  5   the preferred solution.
11:00AM  6           The real point that we wanted to hear you on the
11:00AM  7   record speak to was that this 22nd deadline is not determinative
11:01AM  8   of what may be needed in the future if we cannot get consensual
11:01AM  9   agreement on what is or is not kept in business -- ordinary
11:01AM 10   course of business and is authentic.
11:01AM 11           THE COURT:  I'm on the record.
11:01AM 12           MR. ROY:  Thank you, ma'am.
11:01AM 13           THE COURT:  All right.  Anything else?
11:01AM 14           MR. NOMELLINI:  Your Honor, Mark Nomellini.  One piece
11:01AM 15   of good news, I think.  To the extent there was any confusion,
11:01AM 16   Mr. Herman was suggesting that we held off on producing Phase II
11:01AM 17   documents.  We did not.  That process has been ongoing for a long
11:01AM 18   time; rather, what I was talking about is hopefully folks looking
11:01AM 19   at the existing search terms and proposing, you know, any cleanup
11:01AM 20   type additional terms that they wanted to do.  So to the extent
11:01AM 21   that there was any suggestion that there hadn't been any Phase II
11:01AM 22   production, that's not the case.
11:02AM 23           THE COURT:  Yes, that was my recollection, Mark, and
11:02AM 24   Steve is nodding his head in agreement.
11:02AM 25           MR. HERMAN:  I agree there has been some Phase II.