# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | |
| of Mexico, on April 20, 2010 | SECTION J |
| | |
| Applies to: *All Cases* | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Regarding Allocation for David Pritchard, a Phase One Expert for the PSC]

The parties submitted requests for examination time with the experts for the PSC and the U.S. At the Working Group Conference on September 30, 2011, there was discussion on the allocation of the examination time and the sequence of the examination.

BP contends that if an expert's report did not contain any opinions criticizing XYZ party, there was no need for XYZ party to have any examination time. Its second point was that the vast majority of the reports are focused on BP's conduct to the exclusion of all other parties. It urged that it needed the majority, if not all of the time with these experts. It cited the reports of Mr. Pritchard and Mr. Bea in which they stated that they did not address issues relating to third-party contractors.

Transocean responded that its requests were moderate. It expressed concern that where the possibility exists that BP might convert an expert's opinion into an opinion against a co-defendant, the co-defendant needs examination time. Dril-Quip contends that if the cross-examination of an expert raised issues relevant to Dril-Quip, it needs examination time to respond

Anadarko urged that the parties' requests were based on need in that they considered what they had seen and what they expect from their own experts. Because of the derivative nature of its

potential liability, it contends that an opinion is significant even if Anadarko is not mentioned in a report.  M-I urges that there may be testimony from the depositions that its experts can use and rely on in preparing their own reports.  The U.S. reiterated its request for time even where it is not mentioned in a report.

BP reminded the parties that the August 10, 2011 order (Rec. doc. 3680) put BP in the penultimate position for the examination of experts from the PSC, the U.S. and Transocean.

The Court considered these arguments, the points raised in the written requests for examination time, and the experience so far in the MDL.  The allocation of time for Mr. Pritchard is guided by the following.

1.    The deposition will not be set for more than two days and 900 minutes.  Because of the volume of expert depositions to be taken from November 15 through December 23, it is not reasonable to extend a deposition day beyond 7.5 hours.

2.    BP is the target defendant and Pritchard's report is silent about the other defendants.  BP has two interests in the deposition: (1) rebutting opinions concerning its conduct; and (2) demonstrating that the incident was the fault of others.

3.    Because of its position, BP should go first with the ability to reserve some time after the examination by the other defendants.  This is a departure from the August 10, 2011 order.

4.    All of the parties used care in making their requests for examination time.  For example, Weatherford requested 90 minutes for Glen Benge, 30 minutes for Richard Heenan, and only15 minutes for Mr. Pritchard.

5.      It is impossible to accommodate all of the requests without significant reductions ("haircuts") somewhere.

6.      Unlike the Phase One fact depositions, the experts will be present for the February 27, 2011 trial.  The presenting party will have an opportunity for some examination at the trial after the cross-examination.  This weighs against an extended examination period for the PSC and the U.S. during the depositions of their experts.

7.      The PSC and the U.S. are closely aligned on their experts.

## David Pritchard

The deposition of the PSC's expert on drilling, David Pritchard, is set for Monday, November 14, and Tuesday, November 15.  The requests for examination time, any reductions in the requests and the amount allocated to each party are listed below.  The order of examination will be as the parties are listed below.

|            | Request     | Change     | Allocation  | Percentage |
|------------|-------------|------------|-------------|------------|
| BP         | 720 minutes | minus 270  | 450 minutes | 50.0%      |
| Halliburton| 210 minutes | minus 90   | 120 minutes | 13.3%      |
| Transocean | 90 minutes  | minus 15   | 75 minutes  | 8.3%       |
| M-I Swaco  | 90 minutes  | minus 30   | 60 minutes  | 6.7%       |
| Anadarko   | 120 minutes | minus 75   | 45 minutes  | 5.0%       |
| Cameron    | 70 minutes  | minus 40   | 30 minutes  | 3.3%       |
| MOEX       | 60 minutes  | minus 35   | 25 minutes  | 2.8%       |
| Dril Quip  | 20 minutes  | no change  | 20 minutes  | 2.2%       |

| | | | | |
|---|---|---|---|---|
| Weatherford | 15 minutes | no change | 15 minutes | 1.7% |
| BP | It may reserve up to 60 minutes of its time for further cross-examination at this point in the sequence. | | | |
| U.S. | 110 minutes | minus 80 | 30 minutes | 3.3% |
| PSC | 90 minutes | minus 60 | 30 minutes | 3.3% |
| States | <u>Zero minutes</u> | <u>_____</u> | <u>Zero minutes</u> | <u>0.0%</u> |
| **Total** | **1595 minutes** | **minus 695** | **900 minutes** | **99.9%** |

This is without prejudice of the right of the parties to alter the examination time or the sequence of examination by agreement.

New Orleans, Louisiana, this 4th day of October, 2011

**SALLY SHUSHAN**
**United States Magistrate Judge**