IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § § § § | MDL NO. 2179 |
| | | SECTION: J(1) |
| This document relates to: *The St. Joe Company v. Halliburton Energy Services, Inc. and M-I L.L.C. a/k/a M-I SWACO*, E.D. La. Case No. 11-01990 D. Del. Case No. 11-00263 | § § § § § § | JUDGE BARBIER MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE A LIMITATION SHORT FORM JOINDER**

NOW INTO COURT comes The St. Joe Company ("St. Joe") who files this Memorandum in Support of Unopposed Motion to Set Aside Default and for Leave to File a Limitation Short Form Joinder. St. Joe seeks this Court's relief for the following reasons:

1. St. Joe is a residential and commercial real estate developer in Northwest Florida. St. Joe sustained economic losses to its business and physical damage to its real property, among other things, as a result of the April 20, 2010 explosion and subsequent oil spill from the Deepwater Horizon oil rig.

2. St. Joe initially filed suit against Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. (collectively, "Transocean") in Delaware Superior Court. On March 25, 2011, this Court enjoined St. Joe from "prosecution . . . of its lawsuit against Transocean originally filed in the Superior Court for the State of Delaware." [DE 1765].

3.      St. Joe also initially sued Halliburton Energy Services, Inc. and M-I, LLC in Delaware Superior Court.  The JPML transferred St. Joe's claims against Halliburton and M-I to MDL 2179 on August 12, 2011, just over one month ago.  Undersigned counsel was recently retained, and only substituted in as counsel of record for St. Joe in the MDL on October 5.[1]

4.      This Court has since noted the default of all persons or corporations who did not file a claim in the limitation proceeding on or before September 16, 2011.  [DE 4061].  St. Joe did not file a claim in the limitation proceeding prior to that date.

5.      While St. Joe previously did seek to pursue its claims against Transocean outside of the MDL, St. Joe wishes to abide by this Court's March 25 injunction and litigate its claims against Transocean in the MDL limitation proceeding.  St. Joe is presently preparing its claim against BP to be filed in the Gulf Coast Claims Facility ("GCCF").  St. Joe hopes to file its GCCF claim before the end of the month, at the latest.[2]

6.      Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c); *see also Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("The decision to set aside a default is committed to the sound discretion of the trial court.").  Notably, Rule 55's good-cause standard is "less rigorous than setting aside a [default] judgment for excusable neglect" under Federal Rule of Civil Procedure 60(b).  *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985); *see also*

---

[1] Former Delaware counsel for St. Joe, Pepper Hamilton LLP, served the *Ex Parte* Motion to Withdraw and Substitute Counsel of Record for The St. Joe Company via Lexis Nexis File and Serve on September 19.  By oversight the motion was not filed in MDL 2179 on PACER.  The undersigned filed it on PACER on October 2.  As explained in the Motion to Withdraw and Substitute, undersigned counsel also replaced St. Joe's former lead counsel, Bickel & Brewer, as the undersigned will handle all of St. Joe's claims in MDL 2179 going forward.

[2] *Cf. In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, No. 10-2179, DE 1981, at 1 n.1 (E.D. La. Apr. 15, 2011) (order and reasons vacating voluntary dismissals) (observing that St. Joe filed three separate lawsuits against parties involved in the Deepwater Horizon oil spill, but had not sued BP or filed a GCCF claim).

*Berthelson v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) ("The same considerations exist when deciding whether to set aside entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default."); *Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 297–98 (S.D. Tex. 1967) ("Default judgments are not generally favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party.").

7.    District courts determining whether good cause has been shown consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party has presented a meritorious defense to the claims against it." *Bordelon Marine, Inc. v. F/V Kenny Boy*, No. 09-3209, 2010 WL 4702500, at *2 (E.D. La. Nov. 10, 2010) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Courts also consider "whether the defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Here, all of these factors weigh in St. Joe's favor.

8.    First, St. Joe's failure to timely file a claim in the limitation proceeding was not willful.

    a.    St. Joe's former counsel attempted to litigate the case in Delaware in an effort to resolve St. Joe's claims outside MDL 2179. One federal court affirmed that strategy. *See, St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.,* 774 F. Supp. 2d 596 (D. Del. 2011) (March 15, 2011 remand order). Given this Court's subsequent injunction [DE 1765] against St. Joe's prosecuting the Transocean case in Delaware

Superior Court, however, St. Joe's only venue to pursue its claims against Transocean is here in the MDL.

      b.     True, this Court entered its injunction six months before the September 16 claims-bar date.  St. Joe's failure to file this motion before today, however, was not the result of contumacious conduct or intentional delay, but rather is motivated by a sincere desire to follow this Court's orders and have its claims heard.

      c.     A litigant should not be defaulted "absent a clear record of delay, willful contempt or contumacious conduct." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)); *see also Bordelon Marine, Inc. v. F/V Kenny Boy*, No. 09-3209, 2010 WL 4702500, at *3 (E.D. La. Nov. 10, 2010) (Vance, J.) (setting aside default in limitation proceeding after finding failure to file answer was based on advice of counsel and therefore not willful); *Howard v. United States*, No. 93-1520, 1993 WL 353506, *2 (E.D. La. Sept. 8, 1993) (Clement, J.)  Here, the absence of a "clear record of delay, willful contempt, or contumacious conduct" on the part of St. Joe warrants a finding that its default was not willful.

9.     Second, no parties will be prejudiced if the default is set aside as to St. Joe. "Delay alone is not a sufficient basis for establishing prejudice.  To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery or greater opportunities for fraud and collusion." *Berthelson v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (setting aside default even though defendant evaded service).  No such concerns are present here, for four reasons.

      a.      To begin with, as described below in Paragraph 12, Transocean does not oppose setting aside the default.

      b.      Discovery is underway, and lead counsel are preparing for Phase I of the liability trial in February 2012. The addition of St. Joe as a claimant in the limitation proceeding will not affect the ongoing discovery or trial preparation.

      c.      Furthermore, this Court has already extended the deadline for filing claims twice. Transocean agreed to both extensions. [DE 312; DE 2209]. Transocean originally moved for entry of default on April 28, 2011. [DE 2182]. Given the complexity of the case, they then agreed to a delay in the entry of default to allow time for "the dust to settle." [DE #2209 at 39–42]. As a result, default was not entered until September 16, 2011, nearly five months after the earlier April 20, 2011 deadline. [DE 4061]. St. Joe now moves to join the limitation proceeding less than three weeks after this new deadline.

      d.      St. Joe has moved expeditiously to correct the default. St. Joe's claims were transferred to MDL 2179 in mid-August, and only slightly more than two weeks have elapsed since the Court noted default.

10.      Third, St. Joe's claims are meritorious. Among other damages, St. Joe suffered substantial physical damage to its real property located on the Gulf of Mexico, as well as substantial injury to its business as a commercial and residential real-estate owner and developer in the Gulf region. Absent granting this motion, St. Joe will be prejudiced because its admiralty claims will not be heard.

11.     Under Supplemental Admiralty Rule F(4), this Court has discretion to permit the late filing of claims in a limitation proceeding. Fed. R. Civ. P. F(4) ("For cause shown, the Court may enlarge the time within which claims may be filed."). Where no prejudice could be suffered by plaintiffs in a limitation proceeding, the acceptance of late-filed claims should be allowed where equitable reasons are shown. *Tex. Sulfur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) ("So long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121, *2–3 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)) (granting motion to file late claim where no parties would be prejudiced and late claim did "not upset the trial date"). As explained above, Transocean would not be adversely affected or prejudiced if St. Joe's claim is deemed timely. The limitation proceeding remains "pending and undetermined," and Transocean will not suffer any prejudice as a result of this brief delay.

12.     Transocean expresses no opposition to the relief sought by St. Joe in this Motion, reserving all of Transocean's rights and defenses in the matters at issue in MDL 2179. In addition, St. Joe has agreed with Transocean that St. Joe will dismiss its claims in the Delaware Superior Court without prejudice (subject to Transocean's waiver of any limitations defenses that did not exist as of St. Joe's filing of the Superior Court lawsuit), St. Joe's covenant-not-to-sue Transocean for matters relating to MDL 2179 in any state court, and St. Joe's agreement to file any future suits against Transocean for matters relating to MDL 2179 in federal Court.

WHEREFORE, St. Joe requests that the Court set aside the default against it in the limitation proceeding, grant leave to file the Short Form Joinder attached as Exhibit 1 to the Motion to Set Aside Default and for Leave to File a Limitation Short Form Joinder, and deem said Short Form Joinder timely filed.

        Respectfully submitted,

        LEWIS TEIN PL
        3059 Grand Avenue, Suite 340
        Coconut Grove, Florida 33133
        Telephone: (305) 442-1101
        Facsimile: (305) 442-6744

By:    */s/ Michael R. Tein*
       MICHAEL R. TEIN
       Florida Bar No.: 993522
       tein@lewistein.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of October, 2011.

      */s/ Michael R. Tein*
     MICHAEL R. TEIN