

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  OCT  6 2011

LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010          MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in the three actions listed on the attached Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2179. Responding defendants[1] oppose the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of these actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these actions arise from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that these actions are all contract-based actions involving allegations that defendants breached obligations to charter parties who agreed to allow their vessels to be used, under the so-called "Vessels of Opportunity" (VoO) program, in Deepwater Horizon oil spill clean-up operations. As such, they contend, the actions involve completely different factual issues from the personal injury and economic loss actions in the MDL. Plaintiffs further argue that transfer should not take place unless and until the respective transferor courts have determined whether federal subject matter jurisdiction exists.

We do not find plaintiffs' arguments persuasive. VoO-related claims already are being litigated in the centralized proceedings. Indeed, we recently transferred sixteen VoO actions to the MDL. *See* MDL No. 2179, Apr. 18, 2011, Transfer Order (J.P.M.L. doc. no. 555). In doing so, we

---

[*] Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1] These defendants are BP p.l.c., BP Exploration & Production Inc., BP America Inc., and BP Products North America Inc. In addition, defendant Danos & Curole Staffing, LLC, separately responded in opposition to the Southern District of Alabama *Arata* and *Barnett* plaintiffs' motions to vacate.

___Fee ___
___Process ___
_x_Dktd ___
___CtRmDep___
___Doc. No.___

-2-

noted that a VoO action quite similar to those sixteen actions – and quite similar to these actions as well – was already pending in the MDL, and that an amended complaint recently had been filed in the centralized proceedings on behalf of, *inter alia*, "[b]oat captains, crew, charterers, workers, and/or volunteers involved in the [VoO] program who were not adequately compensated for their work or time in the VoO program." *See id.* at 2. The jurisdictional issues raised by plaintiffs do not present an impediment to transfer. As we have repeatedly held, the pendency of a remand motion generally is not a sufficient reason to delay transfer.[2] Plaintiffs can present their jurisdictional arguments to the transferee judge. *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Frank C. Damrell, Jr.
Barbara S. Jones           Paul G. Barbadoro
Marjorie O. Rendell

---

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so. Here, in fact, the Northern District of Florida court has already denied the remand motion filed by the *Burnham* plaintiff.

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010**                    MDL No. 2179

## SCHEDULE A

EDLA
SEC J/1

<u>Southern District of Alabama</u>

| | |
|---|---|
| John Arata, et al. v. BP America Production Company, et al., C.A. No. 1:11-00274 | 11-2530 |
| John M. Barnett, et al. v. BP America Production Company, Inc., et al., C.A. No. 1:11-00391 | 11-2531 |

<u>Northern District of Florida</u>

| | |
|---|---|
| Jeffery Burnham v. BP America Production Company, C.A. No. 5:11-00195 | 11-2532 |