

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   OCT   6 2011

LORETTA G. WHYTE
CLERK

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in the nine actions listed on the attached Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2179. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). These nine actions, in which plaintiffs seek recovery for personal injury or wrongful death resulting from the explosion/fire are similar to others previously transferred to this MDL. Indeed, in our order directing centralization, we expressly directed that actions such as these be included in the MDL. *See id.* at 1354-55.

In opposing transfer, plaintiffs argue, *inter alia*, that transfer should not take place, if at all, until the respective transferor courts have ruled on plaintiffs' pending motions for remand to state court. As we have consistently held, however, the pendency of a remand motion generally is not a sufficient reason to delay transfer.[2] Plaintiffs can present their remand motions to the transferee

---

[*]   Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]   Responding defendants as to all nine actions are BP p.l.c., BP Exploration & Production Inc., BP America Inc., and BP Products North America Inc. oppose the motion to vacate. In addition, Natalie Roshto, the surviving spouse of the decedent in the District of Delaware *Roshto* action responded in opposition to the motion to vacate as to that action, which is brought by the decedent's father.

[2]   Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does
(continued...)

___Fee _____
___Process_____
_x_Dktd_____
___CtRmDep_____

-2-

judge. *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil      Frank C. Damrell, Jr.
Barbara S. Jones      Paul G. Barbadoro
Marjorie O. Rendell

---

[2](...continued)
not in any way limit the pretrial jurisdiction of the court in which the subject action is pending Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so. Here, we note that the Southern District of Texas court has stayed the *Curtis* action pending the Panel's decision on that plaintiff's motion to vacate.

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010     MDL No. 2179

## SCHEDULE A

| | EDLA SEC J/1 |
|---|---|
| **District of Delaware** | |
| Stephen Bertone v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00461 | 11-2518 |
| Jason Cooley v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00462 | 11-2519 |
| Anthony Graham v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00463 | 11-2520 |
| Ronald Roshto v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00464 | 11-2521 |
| James Ingram v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00466 | 11-2522 |
| Andrea Fleytas v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00467 | 11-2523 |
| Jerry Isaac v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00469 | 11-2524 |
| Steven Richards v. BP Exploration & Production Inc., et al., C.A. No. 1:11-00470 | 11-2525 |
| **Southern District of Texas** | |
| Nyoka Curtis, et al. v. BP Exploration & Production Inc., et al., C.A. No. 4:11-02231 | 11-2526 |