

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   OCT 6 2011
LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | |
|---|---|
| Franklin R. Lacy v. BP p.l.c., Ltd., et al., S.D. Florida, C.A. No. 1:11-21855<br>Jerry D. Throckmorton v. BP America, E.D. Kentucky, C.A. No. 5:11-00159 | MDL No. 2179 |

### ORDER VACATING CONDITIONAL TRANSFER ORDER
### AND DENYING TRANSFER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs, who are proceeding *pro se*, move to vacate our order conditionally transferring their actions (*Lacy* and *Throckmorton*) to MDL No. 2179. BP p.l.c., BP Exploration & Production Inc., BP America Inc., and BP Products North America Inc. (collectively BP) oppose the motions, and separately move to transfer the actions to the MDL.

After considering all argument, we conclude that inclusion of these actions in MDL No. 2179 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation at the present time. Although these actions share a factual backdrop with those in the MDL (*i.e.*, the oil spill resulting from the explosion and fire that destroyed the Deepwater Horizon oil rig), each is highly idiosyncratic in nature. The *Lacy* plaintiff and the *Throckmorton* plaintiff each alleges that he independently conceived of the solution that was used to cap the leaking Macondo Well where the Deepwater Horizon rig was conducting drilling operations. Accordingly, pretrial motion practice and discovery, if any, will be largely case-specific. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay).

---

[*] Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-27" is vacated insofar as it relates to these actions.

IT IS FURTHER ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     Frank C. Damrell, Jr.
Barbara S. Jones     Paul G. Barbadoro
Marjorie O. Rendell