IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhkc.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

October 7, 2011

*VIA* E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Re: The Court's Authority to Compel the Attendance of Live Witnesses at Trial

Dear Judge Shushan:

     The Court has requested the plaintiffs' position regarding the Court's authority to compel the attendance of witnesses who reside beyond the 100—mile radius to appear and testify live at trial. The PSC respectfully submits that the Court has the power to compel the appearance of corporate officers, corporate representatives, and other "critical" defendant employees, as addressed more fully below:

### *Officers of a Defendant Corporation*

     Federal Rule of Civil Procedure 45(b)(2) provides that a trial subpoena may be served (1) anywhere within the district of the issuing court, (2) within 100 miles of the place specified for trial, (3) within the state of the issuing court if authorized by state statute or rule, or (4) under conditions specially provided for by federal statute. Rule 45(b), however, "is expressly limited by Rule 45(c)(3)(A)(ii)," *In re Vioxx Prods. Liability Litig.* (No. MDL 1657), 438 F. Supp. 2d 664, 667 (E.D. La. 2006) (Fallon, J.), a provision which compels a court to quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides[ or] is employed," Fed. R. Civ. P. 45(c)(3)(A)(ii). *See also Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007)

(Berrigan, J.) ("[T]he 100 mile restriction applies only to persons who are not a party or an officer of a party . . . ."). Thus, while Rule 45(c) "protects non-party witnesses who live or work more than 100 miles from the courthouse," it provides no such protection to parties and their officers. *Emmanuel v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322, at *5 (E.D. Tex. Sept. 21, 2009). Corporate officers are thus subject to nationwide subpoena under Rule 45(b). Indeed, Judge Fallon expressed this view in the *Vioxx* MDL, holding that a defendant's corporate officers are subject to trial subpoena regardless of where they reside. *In re Vioxx*, 438 F. Supp. 2d at 667. A number of courts have adopted Judge Fallon's view and his interpretation of Rule 45 is considered the "majority view."[1] *See, e.g.*, *Seiter v. Yokohama Tire Corp.*, 2009 WL 3663399, at *1 (W.D. Wash. Nov. 3, 2009) ("The Court agrees with the majority position that corporate officers of a party may be subpoenaed and required to travel more than 100 miles from where they reside, are employed, or regularly transact business."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.* (MDL No. 1358), 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009) ("The majority of courts to reach the issue have determined that [Rule 45] . . . permits the service of a subpoena on a party or a party's officer who is beyond the 100 mile radius, provided no undue prejudice results.").

There are sound policy rationales that undergird what contemporary courts have acknowledged as the "majority view." MDL courts recognize their unique role as "nationwide" courts and utilize balancing factors such as relevance, need, and particularity to determine whether to compel particular witnesses' attendance without regard to an arbitrary distance limitation. *See In re Levaquin Prods. Liability Litig.* (MDL No. 08-1943), 2010 WL 4867407, at *2 (D. Minn. Nov. 9, 2010) (balancing factors). As noted in *In re Levaquin Products Liability Litigation*, "in MDLs, courts are even less likely to prescribe territorial restrictions since such restrictions could hinder litigation and the intent of an MDL is to make litigation more efficient." 2010 WL 4867407, at *1. Judge Fallon succinctly articulated such concerns in *Vioxx*, stating, "[i]f one court is going to be legislatively mandated to handle thousands of cases from throughout the nation, it needs some national reach at least as to the parties." *In re Vioxx*, 438 F. Supp. 2d at 669.

Deposition testimony is often an inadequate substitute for the live testimony of corporate officers. Depositions are typically taken for discovery purposes. They are less focused on trial

---

[1] There is, of course, an opposing view, which adheres to a rigid enforcement of the 100-mile radius rule irrespective of the witnesses' position in the corporate hierarchy. *See, e.g.*, *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 216 (E.D. La. 2008) (Vance, J.). The Federal Rules Committee has also proposed changes to Rule 45 that would reject the "majority view" and "make clear that all subpoenas are subject to the geographical limitations" that currently appear in Rule 45(b), *see* REPORT OF THE CIVIL RULES ADVISORY COMMITTEE, at p.3 (May 2011), *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Publication%20Aug%202011/CV_Report.pdf. This Court should not be persuaded by the proposed change. First, the amendment is only "proposed," remains subject to public comment, and may not be adopted. Second, counsel submits that in litigation contested in a global business environment, especially proceedings, such as these, coordinated under the MDL statute, and under the Federal Maritime and Admiralty Rules, for unitary pretrial and trial proceedings, the Court should interpret Rule 45 in a manner consistent with Judge Fallon's *Vioxx* opinion: the prevailing "majority view."

941999.2

issues and less compelling than live testimony.  Judge Fallon recognized this reality in *Vioxx* when he called the deposition "a sedative prone to slowly erode the jury's consciousness until truth takes a back seat to apathy and boredom."  *In re Vioxx*, 438 F. Supp. 2d at 668.  As Judge Fallon continued, "[w]hatever minimal benefits the 100 mile rule provides witnesses, it is severely outweighed by its detrimental effect upon the trial process."  *Id.*; *see also Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.").

Prevailing law and policy recommend but one result: officers of Defendant corporations should be subject to trial subpoena.  The PSC has not provided an exhaustive list of such individuals, but only those whose testimony  - by virtue of his or her unique position in the corporate hierarchy and role in the events in question – would be crucial to a full and complete airing of the facts.

*Corporate Representatives*

The Court may also require the defendants to produce corporate representatives to testify on behalf of the defendants at trial.  Such individuals have testified as corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6).  That Rule provides that where a corporation is named as a deponent, it must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify *on its behalf*; and it may set out the matters on which each person designated will testify."  Fed. R. Civ. P. 30(b)(6).  The text of the Rule thus makes clear that corporate designees speak *on behalf of* the corporation; such designees are therefore considered "parties" and, under the prevailing view of Rule 45 set forth above, "a party" or "a party's officer" is subject to nationwide trial subpoena.  *See In re Levaquin*, 2010 WL 4867407, at *2; *Emmanuel*, 2009 WL 3063322, at *5; *In re Vioxx*, 438 F. Supp. 2d at 667.  Indeed, the MDL transferee court in *In re MTBE* made this plain, ruling that "plaintiffs may serve [trial] subpoenas on [the defendant] or its officers. This includes any 30(b)(6) witnesses designated by [defendant] and directors of the corporation . . . ."  *In re MTBE*, 2009 WL 1840882, at *1.

The MDL policy rationales expressed above apply with equal force when the individuals in question are corporate "representatives" rather than "officers."  In fact, the justifications are perhaps more compelling where corporate representatives are concerned.  These individuals speak on behalf of the Defendants; their testimony goes to the heart of the truth-seeking process.  Furthermore, each representative has consented to testify on the Defendants' behalf.  It is inequitable to claim, at this juncture, that the testimony of corporate representatives should be withheld from the fact-finding tribunal.

941999.2

*Critical Employees*

Critical employees of a defendant corporation constitute "party witnesses." *See Promote Innovation LLC v. Schering Corp.*, 2011 WL 665817, at *3 (E.D. Tex. Feb. 14, 2011) (explaining that "current employees have an employment relationship with a party and should be considered party witnesses"); *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, 2011 U.S. Dist. LEXIS 15408 (E.D. Tex. Jan. 12, 2011) (same); *Emmanuel*, 2009 WL 3063322, at *5 n.2 (same).[2] Attendance of these select Defendant employees is appropriate because of their special knowledge of Defendants' conduct and in order to further the truth-seeking function of the trial proceeding. The PSC is not seeking an exhaustive list of live witnesses; rather, the employees they have carefully selected who possess knowledge that is highly relevant and important for a full presentment of trial testimony.

The limited number of Defendant employees subject to trial subpoena will not suffer undue hardship. The PSC is willing to pay their travel expenses, and to agree in advance on the date that each employee will testify. The fact that this is a bench trial affords maximum flexibility and accommodation to such witnesses, within the bounds set by the Court for an orderly trial.. Any prejudice an employee may suffer is far outweighed by the prejudice that will be imposed on the PSC and the truth-seeking function by rigid adherence to an arcane geographic limitation. *See In re Vioxx*, 438 F. Supp. 2d at 668 (discussing the history of the 100 mile rule and explaining, "[w]hile a cross-country trip may have been deemed impossible in 1793 or harassing and economically burdensome in 1964, it is now commonplace and a necessary incident to multi-district litigation"). Indeed, Judge Fallon said it best: "Modern day litigation should not be restrained by antiquated relics of a bygone era." *Id.* at 668. Nowhere is this more true than in the instant litigation, where the principal Defendant is a foreign entity and regularly transacts business in the local jurisdiction.[3]

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

cc: Defense Liaison Counsel
    Mike Underhill, Esq.
    Honorable Luther Strange

---

[2] Some courts compel the attendance of party officers, but not party employees. *See Aristocrat Leisure, Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 302-03 (S.D.N.Y. 2009). We respectfully submit that the circumstances of this case, which, unlike *Aristocrat Leisure*, will be a unitary trial of common issues in combined MDL/Limitation proceedings, more than justifies the compelled appearance of selected employees who are key fact witnesses.

[3] *See, e.g.,* REPORT REGARDING THE CAUSES OF THE APRIL 20, 2010 MACONDO WELL BLOWOUT at 16 (Sept. 14, 2011) ("BP holds more than 500 active leases in the Gulf of Mexico, more than any other lessee."), *available at* http://www.boemre.gov/pdfs/maps/DWHFINAL.pdf.

941999.2