# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

October 10, 2011

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

RE:   MDL 2179 - *In re: Deepwater Horizon*

Dear Judge Shushan:

Following discussions with the PSC after the October 7th Working Group Conference, it has become clear that we need the Court's guidance regarding the scope of the upcoming October 17th deadline for parties to bring motions to strike regarding the list of 300 exemplar exhibits selected by the PSC.  Specifically, the issue is whether the upcoming October 17, 2011 deadline is meant to supersede the January 23, 2012 deadline for bringing motions in limine -- including those issues that apply across a broad spectrum of documents and that can more properly, fairly, and efficiently be resolved through the established motion in limine process. The PSC's position is apparently that, if any one of the three hundred exemplar documents implicates a particular motion in limine issue, that issue must be raised by October 17, 2011. Because the 300 exemplar documents implicate the vast majority -- if not all -- of the issues that would be raised in the January 23, 2012 motions in limine, the PSC's position would effectively move the motion in limine deadline up three months from January 23, 2012 to October 17th. The Court should not adopt the PSC's expanded view of the October 17th deadline.[1]

On September 2, 2011, the Court issued an Order (Dkt. 3916) setting and revising deadlines for a process where the PSC would select 300 total sample exhibits, including 100 from documents produced by BP, to be used as exemplar exhibits for authenticity and certain other objections.  Our understanding is that this process is meant to help the parties work through some of the issues that will likely arise related to the voluminous list of potential trial exhibits --

---

[1] If, however, the Court does adopt the PSC's view, BP asks the Court to push the motion to strike deadline back to October 31, 2011.

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 10, 2011
Page 2


for example, resolution of guidelines for the business records and government records exceptions to the hearsay rule.  On that front, the process is succeeding.

      However, when the Court set the October 17th motion to strike deadline, we did not understand the Court to be essentially moving up the deadline for motions in limine by more than three months[2] -- which is effectively what the PSC's position, if accepted, would do.  Rather, the current exemplar exhibit process was meant to handle specific admissibility issues related to the exhibits, such as whether certain documents are hearsay.  On the other hand, our understanding is that the motion in limine process is meant for larger-scale issues that apply to documentary and non-documentary evidence, such as the admissibility of evidence relating to incidents other than the Deepwater Horizon explosion and subsequent remedial measures.  Indeed, we believe the Court has previously stated in chambers conferences with the trial planning working group that the parties can indicate that exhibits listed on the draft exhibit list would be subject to an upcoming motion in limine under the Court's schedule for such motions without waiving such an objection.

      Handling these larger-scale issues through the Court's already established motion in limine process closer to the time of trial will be more efficient, comprehensive, and fair.  It will allow the parties to brief and the Court to rule on these relevance and admissibility issues just once -- at a time when the issues and evidence that the parties may seek to present at trial will be more clear.  If the Court accepts the PSC's position, these issues will arise twice: first on October 17th, in a context dictated by the PSC through its unilateral selection of the exemplar exhibits; and again at the motion in limine deadline when the Court could potentially have to revisit the issue as it relates to any additional, non-exemplar exhibit evidence or testimony that may be offered or solicited at the Phase 1 Trial.  Moreover, because of the wide-ranging issues implicated by the PSC's exemplar exhibit selections, accepting the PSC's position will require BP and perhaps many other parties to essentially submit all of their motions in limine one week from today and, for many purposes, will render the existing motion in limine deadline moot.  We do not think that this is what the Court had in mind when it set the upcoming October 17 motions to strike deadline.

      Thank you for the Court's consideration of this issue.

---

[2] At the October 7th Working Group Conference, the Court moved up the motion in limine deadline from February 1, 2012 to January 23, 2012.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 10, 2011
Page 3

                                                  Sincerely,

                                                  J. Andrew Langan, P.C.

cc:    Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill, Esq.
        Hon. Attorney General Luther Strange
        Cory Maze