UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig                     MDL NO. 2179
   "Deepwater Horizon" in the Gulf
   of Mexico, on April 20, 2010                SECTION J

Applies to: *All Cases*                              JUDGE BARBIER
                                                     MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Halliburton's Motion to File Second Amended Cross-Claim (Rec. doc. 3893)]**

On September 1, 2011, Halliburton filed a motion for leave to file a second amended cross-claim.  Rec. doc. 3893.  BP opposes the motion.  Rec. doc. 4067.  The parties filed further memoranda.  Rec. docs. 4150, 4187 and 4227.

Halliburton describes its proposed second amended complaint as,

> [B]ased upon BP's knowledge and actions both pre-Incident and post-Incident with regard to the identification and disclosure of the shallower hydrocarbon-bearing zones... [The proposed Second Amended Cross-Claim] alleges causes of action against the BP Entities for their newly discovered fraudulent and tortious actions in failing to disclose and negligently and grossly negligently misrepresenting to HESI and the public, the existence of shallower hydrocarbon sands which would have required BP to redesign the production interval of the well before HESI would have ever pumped the primary cement job.  The claims in [the proposed Second Amended Cross-Claim] are alleged only against the BP Entities and do not involve Limitation Claimants, Plaintiffs, the Transocean Entities, or any of the other co-defendants or 14(c) Defendants.

Rec. doc. 3893 at 3.  Halliburton contends that it was not until the first day of the deposition of Galina Skripnikova, the BP petrophysicist, taken on July 7, 2011, that it learned that BP knew, prior to the incident, and failed to disclose to Halliburton critical data relating to the actual conditions for the well, including identification of the shallower hydrocarbon-bearing zones in the well.  Id. at 2. Halliburton contends that the only relevant difference between its existing negligence claims and its proposed fraud claims is BP's alleged pre-incident knowledge and its intent in failing to disclose

that knowledge. Rec. doc. 4150 at 14.

Halliburton contends that the May 20, 2011 deadline for filing cross-claims is only applicable to the Limitation Action and does not apply to cases pending in the MDL proceeding.[1] It argues that Rule 16 is not applicable to its motion and that the correct standard is found in Fed. R. Civ. P. 15(a). It urges that there is no substantial reason to deny leave to amend. Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594, 597-98 (5th Cir. 1981).

BP urges that Halliburton has not satisfied the standard under Rule 15(a) because Halliburton has unduly delayed in bringing its fraud claim. Rec. doc. 4067. It opposes the motion because Halliburton cannot demonstrate good cause for the modification of the scheduling order as required by Fed. R. Civ. P. 16 because: (1) it was not diligent in pursuit of the claim when it knew of sufficient facts to make the claim; (2) BP would be prejudiced by the amendment; and (3) a continuance of the trial is not available.

Assuming *arguendo* that Rule 16 does not apply and the proper standard is found in Rule 15, the types of reasons that might justify denial of permission to amend a pleading include undue delay and undue prejudice to the opposing party. Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998). Halliburton possessed sufficient information either through its own investigation or with information produced by BP to assert its fraud claim by May 20, 2011. There was undue delay on Halliburton's part in asserting the fraud claim. There would be undue prejudice to BP if the amendment is allowed. Finally, a continuance of the trial is unavailable. Accordingly,

---

[1] The limitation proceeding is the vehicle by which the Court will allocate fault for the incident among all of the parties. There will not be a separate trial of cross-claims or counter-claims among the defendants.

IT IS ORDERED that Halliburton's opposed motion for leave to file second amended complaint (Rec. doc. 3893) is DENIED.

New Orleans, Louisiana, this 11th day of October, 2011.

                                        **SALLY SHUSHAN**
                                        **United States Magistrate Judge**