UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br>SECTION: J<br>JUDGE BARBIER |
| Applies to: | § § | MAG. JUDGE SHUSHAN |
| *All Cases in Pleading Bundle B1;* No. 10-2771 | § § | |

**HALLIBURTON'S SUR-REPLY TO BP'S RESPONSE TO HALLIBURTON'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIM**

Halliburton Energy Services, Inc. ("HESI") files this Sur-Reply to BP's Response to Halliburton's Reply in Support of its Motion For Leave to File Second Amended Cross-Claim, and would show the following:

**BP's Unfounded Speculation Does Not Support Denial of HESI's Motion**

BP alleges that HESI waited eight weeks from the deposition of Galina Skripnikova to seek leave to amend its cross-claims, and, with no support, deduces that the passage of time must have been because HESI has no evidence to support its claims. BP Reply at p. 1. Of course, BP's unfounded speculation offers no support for this contention, and is, in fact, directly controverted by HESI's Reply. (Doc. 4144-2). In fact, HESI took the necessary time to assess its options in light of new, and quite frankly, unexpected evidence that BP knew of a shallower hydrocarbon zone at the Macondo well prior to the Incident but failed to disclose that knowledge to HESI. This Court should not deny the Motion because HESI carefully considered what needed to be done before filing an amended pleading.

**BP Mischaracterizes the Evidence Cited by HESI**

Initially, BP cites to the variety of post-Incident information that was available regarding the M57B sands, while ignoring HESI's position that this evidence is irrelevant to HESI's pre-Incident fraud claim because none of the cited evidence relates to BP's pre-Incident knowledge of the hydrocarbon bearing nature of the shallower M57B sands.  BP Reply at pp. 2-3.  But more importantly, BP mischaracterizes the nature of the Skripnikova deposition testimony by saying that since this is the only evidence HESI has to support its claim, and since Skripnikova testified that her additional analysis was done after the cement job was completed, there must be no basis for HESI's claim.  BP Reply at pp. 2-4.

BP improperly conflates two separate and distinct arguments.  HESI does rely upon the Skripnikova deposition as the first evidence that BP had pre-Incident knowledge of the shallower hydrocarbon bearing zone located at the M57B sands.  However, HESI has never represented that the Skripnikova deposition is the only evidence supporting its claim.  Indeed, in its Reply (Doc. 4144-2), HESI cited the Court to the deposition testimony of Victor Emanuel stating that Schlumberger provided to BP as early as April 13–16 logging information that not only showed a crossover on the Triple Combo Log indicating the presence of hydrocarbons in the M57B sands, but also actually flagged those sands as "net pay sands" in a separate Laminated Sands analysis.  Thus, while the Skripnikova deposition may place the time of BP's knowledge as being pre-Incident but post-cement job, other subsequent evidence opens the possibility that the information was, in fact, known earlier.  BP acknowledges this in its Reply when its states that "BP continues to investigate the facts underlying the negligence claim, including when

information was made available and when that information was reviewed." BP Reply at pp. 2-3 n. 1 (citing to deposition testimony of Victor Emanueal).

While the Skripnikova deposition provided the first indication that BP had pre-Incident knowledge of the hydrocarbon bearing nature of the M57B sands, BP is incorrect that HESI's entire fraud claim must be viewed only through that prism. The evidence supports BP's pre-Incident knowledge of and failure to disclose the true nature of the M57B sands, and this Court should grant HESI's Motion.

### HESI's Post-Incident Fraud Claim is Inextricably Linked to its Pre-Incident Fraud Claim

Finally, BP argues that because there was post-Incident information available regarding the M57B sands, HESI's Motion is untimely. BP Reply at pp. 4-5. BP's argument ignores at least two points. First, HESI's post-Incident fraud allegations, while relating to BP's post-Incident actions, are nonetheless inextricably linked to its pre-Incident knowledge of the true nature of the M57B sands because it is that knowledge that serves as the genesis of the fraud. While BP's post-Incident actions may have continued that fraud, those actions do not change the fact the HESI's first evidence of BP's pre-Incident knowledge came from the Skripnikova deposition.

Second, BP ignores the fact that HESI seeks to amend its cross-claims in both the Limitation Action and the MDL proceeding. Even if HESI's post-Incident fraud claim is deemed late in the Limitation Action, which HESI contests, it is not late filed in the MDL proceeding which has no scheduling order for the filing of cross-claims. Since HESI's post-Incident fraud claim asserts independent post-Incident damages against BP, even if this Court disallows this cross-claim in the Limitation Action, it should be allowed as a separate claim in the MDL proceeding.

3

Dated:  October 5th, 2011

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: (713) 595-8300
Facsimile: (713)425-7594
**ATTORNEYS FOR DEFENDANT**
**HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Halliburton's Sur-Reply to BP's Response to Halliburton's Reply In Support of its Motion for Leave to File Second Amended Cross-Claim was filed electronically with the Clerk of the Eastern District of Louisiana using the CM/ECF system, and that notice of this filing will be sent to all counsel through the CM/ECF Notification System.

/s/ Donald E. Godwin<br>
Donald E. Godwin