**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010<br><br>This document applies to: 10-2771 and 10-4536 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S RESPONSE IN OPPOSITION TO THE ANADARKO AND MOEX MOTIONS TO DISMISS TRANSOCEAN'S CROSS-CLAIMS AND THE MOEX MOTION TO DISMISS TRANSOCEAN'S THIRD-PARTY COMPLAINT**

TO THE HONORABLE JUDGE CARL J. BARBIER:

COME NOW Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this, their Response in Opposition to:

(1)     Anadarko's[1] Motion to Dismiss Transocean's Cross-claims/Counterclaims, **Rec. Doc. 2479** (filed in the Limitation proceedings);

(2)     Anadarko's Motion to Dismiss Transocean's Rule 13 Cross-claims/Counter-Claims, **Rec. Doc. 2924** (filed in the *United States v. BP Exploration & Production* case);

(3)     MOEX's[2] Motion to Dismiss Transocean's Cross-claims/Counterclaims, **Rec. Doc. 2477** (filed in the Limitation proceedings); and

---

[1]     "Anadarko" consists of Anadarko Petroleum Corp. and Anadarko E&P Co. LP.

[2]     "MOEX" consists of MOEX Offshore 2007 LLC, MOEX USA Corp., and Mitsui Oil Exploration Co., Ltd.

(4)     MOEX's Motion to Dismiss Transocean's First Amended Rule 13 Cross-Claims and Rule 14 Third-Party Complaint, **Rec. Docs. 2873**, **2878** (MOEX entities separately filed these in the *United States* case).[3]

All together, there are five separately-docketed motions to dismiss.  Transocean responds by way of a single response, however, because the grounds supporting the motions are practically indistinguishable on account of the Anadarko and MOEX entities' similar contractual relationship to BP.  As set forth below, all of Anadarko's and MOEX's motions to dismiss should be denied.[4]

## **BACKGROUND**

Transocean was named as a defendant by various claimants in the Limitation case (10-2771) and by the United States as part of the *United States v. BP Exploration & Production* case (10-4536), both pending in MDL-2179.

Transocean filed its third-party complaint under Rule 14(c) in the Limitation case on February 18, 2011.  **Rec. Doc. 1320.**[5]  On April 20, 2011, Transocean filed its cross-claims under Rule 13 in the Limitation case, naming Anadarko and MOEX as cross-defendants in that pleading.  **Rec. Doc. 2068, at 9–10, 11–12.**  As noted above, Anadarko and MOEX have moved to dismiss these Limitation case cross-claims.  **Rec. Docs. 2477, 2479.**

---

[3]     MOEX Offshore 2007 LLC and MOEX USA Corporation filed one, joint motion to dismiss in the Limitation case, but have filed separate motions to dismiss, one for each entity, in the United States case. Anadarko Petroleum Corporation and Anadarko E&P filed one, joint motion in the Limitation case and one in the United States case (adopting the arguments in the Limitation motion).  Regardless, the Court has not yet issued a ruling requiring distinction between the various corporate entities of MOEX.  Therefore, Transocean's opposition to the relevant motions to dismiss applies to all of the MOEX and Anadarko entities.

[4]     The Anadarko defendants and the MOEX defendants have often filed motions to dismiss jointly, *see, e.g.*, **Rec. Doc. 1803** (Anadarko and MOEX joint motion to dismiss the B1 and B3 complaints).  However, each group—though advancing nearly identical arguments for dismissal—has filed a separate motion to dismiss Transocean's cross-claims and/or counterclaims.

[5]     Only the United States and Dril-Quip have moved to dismiss the third-party complaint in the Limitation case.

On May 30, 2011, in the United States case Transocean filed its Rule 13 cross-claims and Rule 14(c) third-party complaint against Anadarko and MOEX.  **Rec. Doc. 2574.**  On June 20, 2011, Anadarko and MOEX moved under Rule 12(b)(6) to dismiss these cross-claims.  **Rec. Docs. 2873, 2878, 2924.**[6]

In their motions, Anadarko and MOEX argue in five parts for the dismissal of Transocean's general maritime law (1) indemnity and (2) contribution claims; Transocean's OPA (3) contribution and (4) subrogation claims; and Transocean's (5) negligence claim.  *See, e.g.*, **Rec. Docs. 2479-1, at *i*; 2477-1, at *ii*.**  Because all these motions were filed before the Court's B1 and B3 Orders, the effect of those decisions must be taken into account.

## THE COURT'S B1 ORDER

On August 26, 2011, this Court issued its Order on the motions to dismiss pending in the B1 Bundle.  In its Order, the Court ruled:  "Because it is plausible that Anadarko and MOEX will be found to be Responsible Parties and thus liable under OPA, OPA claims are not dismissed."  **Rec. Doc. 3830, at p. 29, n.12.**[7]  Thus, all OPA claims for contribution and subrogation survive the Court's Order of August 26, 2011.

---

[6]     The motions are variously-titled depending on whether the particular movant was already a defendant or not when Transocean brought a claim against that movant.  For example, MOEX USA had not been sued by the United States, but was brought in by Transocean, so MOEX USA has filed a motion to dismiss Transocean's ***third-party complaint*** against it.  **Rec. Doc. 2878.**  MOEX Offshore 2007 had been sued by the United States, however, and was already a defendant, so it has moved to dismiss Transocean's ***cross-claims/counterclaims***.  **Rec. Doc. 2873.**  For simplicity, Transocean will refer to its actions against the various Anadarko and MOEX entities generally as "claims."

[7]     Transocean supported its allegations of fault on the part of Anadarko and MOEX by incorporating the B1 plaintiffs' allegations into its own cross-claims and third-party complaints.  In short, Transocean stated valid allegations of direct, non-vicarious fault on the part of Anadarko and MOEX, rendering *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548 (5th Cir. 1987), inapposite as to Anadarko and MOEX.  That said, Transocean acknowledges that the Court's B1 Order dismissed the fault-based claims against Anadarko and MOEX and will, therefore, frame this response within the context of the Court's B1 Order; Transocean will not repeat the B1 plaintiffs' many arguments raised in their defense of the sufficiency of their allegations, which Transocean incorporated into its own cross-claims and third-party complaints.

## THE COURT'S B3 ORDER

On September 30, 2011, the Court issued its Order on the motions to dismiss the B3 Complaint.  **Rec. Doc. 4159.**  The Court's Order confirms the continued existence of the OPA claims against Anadarko and MOEX: "The B1 Order also dismissed general maritime negligence claims against Anadarko and MOEX, but preserved claims brought under OPA against those Defendants." *Id.* **at 6.**

## ARGUMENT

**I.   TRANSOCEAN HAS ALLEGED SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF FOR CONTRIBUTION UNDER OPA.**

OPA provides that a responsible party who has incurred OPA liability may bring a civil action for contribution against any other person ***who is liable or potentially liable under OPA or*** who is liable or potentially liable under other law, such as general maritime law.  33 U.S.C. § 2709 provides as follows:

> A person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law.  The action shall be brought in accordance with section 2717 of this title.

33 U.S.C. § 2709.  Anadarko's and MOEX's memoranda in support of their motion to dismiss assume that a claim for contribution under OPA must be based on fault, and therefore must be no different than a claim for contribution under maritime law.  As they both have framed their arguments: "Thus, adjudication of a contribution claim under OPA is no different than adjudication of a contribution claim under the general maritime law."  **Rec. Doc. 2479-1, at 15**, *attached as Ex. A to* **Rec. Doc. 2924** (Anadarko in U.S. action); **Rec. Doc. 2873-1, at 12** (MOEX in U.S. action); *see also* **Rec. Docs. 2477-1, at 17; 2479-1, at 15**.

Their argument is logically flawed.  Moreover, their interpretation of Section 2709 is wrong as a matter of law, as it would render superfluous the words "this Act or" in the statutory phrase "liable or potentially liable under this Act or another law."

**A.      A Claim for Contribution under OPA Does Not Have to Be Based on Fault.**

The following hypothetical examples demonstrate the logical flaw in the Anadarko and MOEX argument that contribution under OPA must be no different than fault-based contribution under general maritime law.

1.      A single vessel owned in equal shares by A, B and C discharges oil.  No party is negligent.  A, B and C are each named responsible parties.  Plaintiffs suffer economic loss recoverable under OPA but not recoverable under general maritime law.  Plaintiffs pursue their OPA claims solely against A and obtain a judgment for all of their damages. Transocean submits that Section 2709 would allow A to seek contribution "under this Act" from B and C, the other responsible parties, and the loss would likely be allocated based on their equal ownership interests.

2.      Vessel A collides with Vessel B, causing a discharge of 10 barrels of oil from Vessel A and a discharge of 990 barrels of oil from Vessel B.  No party is negligent.  The owner of Vessel A and the owner of Vessel B are both named as responsible parties.  Plaintiffs suffer economic loss recoverable under OPA but not recoverable under general maritime law.  Plaintiffs pursue their OPA claims solely against the owner of Vessel A and obtain a judgment for all of their damages.  Transocean submits that Section 2709 would allow the owner of Vessel A to seek contribution "under this Act" from the owner of Vessel B, and the loss would likely be allocated based on the relative quantity of oil that was discharged from each vessel.  The owner of Vessel A would likely recover 99% of the damages from the owner of Vessel B.

3.      Same facts as in hypothetical 2, except the relative fault of Vessel A and Vessel B is disputed.  Transocean submits that Section 2709 would allow the owner of Vessel A to seek contribution "under this Act" from the owner of Vessel B, and believes the court would consider the

> equities of the entire case in determining whether to allocate the loss based on the relative quantity of oil that was discharged from each vessel, or whether to try the issue of fault and allocate liability based on fault.

As each of these hypothetical examples demonstrates, contribution under OPA is not necessarily based on fault as is contribution under the general maritime law.  For this reason, this Court's previous determination that the pleadings do not sufficiently allege fault by Anadarko and MOEX does not preclude a claim by Transocean for contribution under OPA as both Anadarko and MOEX have been named responsible parties under OPA by the Coast Guard. How the court should ultimately allocate liability on a contribution claim in this case need not be decided now, particularly since in this case, the issue of whether Transocean is jointly and severally liable with BP, Anadarko and MOEX is itself disputed, and the court has not yet considered that issue.  What is clear is that the court could consider allocating liability on a OPA contribution claim on a basis other than fault.

In the present case, Transocean has been named a responsible party with respect to the discharge of diesel above the surface of the water.[8]  BP, Anadarko and MOEX have been named responsible parties with respect to the discharge of crude oil from the wellhead, below the surface of the water.[9]  The Court has not yet determined whether there is joint and several liability to the plaintiffs for the entirety of the plaintiffs' OPA damages.  In any event, the court may determine that the appropriate method for allocating liability on a contribution claim under OPA is the relative quantity of the discharges for which the parties were named responsible parties, rather than percentages of fault.

---

[8]     *See, e.g.*, the B1 and C plaintiffs' allegations in their Master Complaints, which are taken as true.  **Rec. Doc. 1128, at 58 ¶ 223, at 176 ¶ 680; Rec. Doc. 1510, at 11–12 ¶ 192, at 130 ¶ 661.**

[9]     *See, e.g.*, the B1 and C plaintiffs' allegations in their Master Complaints, which are taken as true.  **Rec. Doc. 1128, at 53 ¶ 210, at 176 ¶ 680; Rec. Doc. 1510, at 7 ¶ 179, at 130 ¶ 661.**

**B.      Anadarko's and MOEX's Argument for Dismissal Would Render Superfluous Part of Section 2709.**

If contribution under OPA is always no different than contribution under "other law" such as maritime law, the words "this Act or" in Section 2709 would be superfluous.  A basic principle of statutory interpretation is that courts should "give effect, if possible, to every clause and word of a statute . . . ."  *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883).  Statutes should be construed "so as to avoid rendering superfluous" any statutory language.  *Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991); *Sprietsma v. Mercury Marine*, 537 U.S. 51, 63 (2003); *United States v. Williams,* 602 F.3d 313, 317 (5th Cir. 2010); *see also Bailey v. United States*, 516 U.S. 137, 146 (1995) ("we assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning").

The Court should therefore conclude at the pleading stage that contribution under OPA in this case may mean something different than fault-based contribution under maritime law.  Notwithstanding the Court's prior ruling that the pleadings do not allege fault by Anadarko and MOEX, the pleadings are sufficient to allege a claim for contribution **under OPA** against Anadarko and MOEX.

**II.      TRANSOCEAN HAS ALLEGED SUFFICIENT FACTS THAT STATE A CLAIM FOR RELIEF FOR SUBROGATION.**

OPA further provides that a responsible party who pays compensation pursuant to OPA for removal costs or damages may bring a subrogation action to recover its payments.  33 U.S.C. § 2702(d)(1)(A) and (B) and 33 U.S.C. § 2715.   As is the case with Transocean's OPA contribution claims, subrogation claims are permissible under OPA or under other law.

Anadarko and MOEX argue that "Transocean does not allege that it has paid any removal costs or damages to any claimant."  **Rec. Docs. 2873-1, at 13; 2878-1, at 2–3; 2477-1, at 18;**

**2479-1, at 16; 2924-1, at 1.**   Yet, in its memoranda in support of its motion, Anadarko essentially concedes that Transocean may bring a contingent claim for subrogation, by its own citation to case authority ***permitting*** contingent cross-claims for subrogation.  **Rec. Docs. 2479-1, at 16; 2924-1, at 1** (citing *Essex Builders Grp. Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1279 (M.D. Fla. 2005)).[10]   And both Anadarko and MOEX concede in their memoranda in support of their motions that cross-claims for contribution, indemnity or subrogation "can be contingent upon the ultimate adjudication of the cross-claimant's liability to plaintiff," i.e., before a cross-claiming defendant has paid or settled with any plaintiff/claimant.  **Rec. Docs. 2479-1, at 13 & n.11, & at 16; 2477-1, at 15 & n.10; 2924-1, at 1–2; 2873-1,**[11] **at 13.**

Thus, it is not fatal at this juncture that Transocean, as a potentially responsible party for the surface diesel spill, has not as yet paid out any damages related to the minimal quantity of diesel spilled on the surface of the water from the *Deepwater Horizon*.   Although the B1 plaintiffs have acknowledged they are not making such claims against Transocean, in the event that such claims are made by ***any*** claimants, Transocean is entitled to bring a claim for subrogation.   Accordingly, its contingent claims should not be dismissed at this stage of these proceedings.

Anadarko and MOEX also argue that Transocean has not alleged that the discharge was caused ***solely*** by Anadarko or by MOEX.  **Rec. Docs. 2873-1, at 13; 2477-1, at 18; 2878-1, at 2–3; 2479-1, at 16.**   In fact, Transocean's cross-claims and third-party complaint contain

---

[10]   In its memoranda supporting the motions to dismiss in the United States case, MOEX does not cite to the *Essex* decision (but did do so in the Limitation case, *see* **Rec. Doc. 2477-1, at 15 & n.10**).  MOEX, however, does assume "for argument's sake" that Transocean may assert a contingent claim for subrogation under OPA.  This assumption is reasonable, because Transocean has been designated a responsible party for the diesel spilled on the surface.  While the B1 and C Master Complaints disavow any claim for the relatively insignificant amount of diesel which may have spilled as a result of the sinking of the *Deepwater Horizon*, **Rec. Docs. 1821 & 1822 at 56 n.26**, not all of the OPA claimants have made similar concessions.

[11]   MOEX's brief does not concede the point, but assumes merely assumes it "for argument's sake."

sufficient allegations to state a valid OPA subrogation claim against Anadarko and MOEX, both of which are OPA responsible parties, strictly liable to the B1 and C claimants.  In paragraph 65 of its cross-claims (Limitation action), and in paragraph 42 of its third-party complaint (United States action), Transocean has alleged:

> "The true facts and circumstances regarding the Incident of April 20, 2010 and the BP Oil Spill are that the April 20, 2010 incident and the BP Oil Spill were caused **not by any negligent acts, omissions, or culpable conduct of Transocean, but were caused in whole or in part by the negligent acts, omissions or culpable conduct of the Cross-Defendants**, and/or the breach of warranties of workmanlike performance of the Cross-Defendants, **and/or by conditions for which the Cross-Defendants are strictly liable under law**, and as a result, the losses and damages alleged to have been sustained by the Bundles A, B, C and D Claimants were proximately caused by the Cross-Defendants."

**Rec. Docs. 2068, at 32 ¶ 65; 2574, at 33 ¶ 42**.[12]  These allegations are sufficient to meet the requirements of OPA's section 2702(d)(1)(B).  Indeed, Anadarko's further assertions that the "allegations fail to establish that the [sic] Anadarko bears any responsibility for the discharge," **Rec. Docs. 2477-1, at 19, 2924-1, at 1** (emphasis in original), are simply incorrect.  Anadarko (as well as MOEX) has been named a responsible party for the discharge of oil from the Macondo well.

## CONCLUSION

For the reasons above, Anadarko's two Motions to Dismiss Transocean's Cross-claims (**Rec. Docs. 2479, 2924**) and MOEX's Motions to Dismiss Transocean's Cross-claims and Motion to Dismiss Transocean's Third-Party Complaint (**Rec. Docs. 2477, 2873, 2878**) must be denied.

---

[12] In Count 6 of its cross-claim, and/or third-party complaint, entitled "SUBROGATION UNDER OPA", Transocean reiterates the allegations of paragraph 65.  **Rec. Docs. 2068, at 41; 2574, at 41**.

Respectfully submitted,

By:____/s/ Steven L. Roberts_____
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:____/s/ Kerry J. Miller_____
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:____/s/ Edwin G. Preis, Jr._____
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH,*
*Transocean Holdings LLC, Transocean*
*Offshore Deepwater Drilling Inc. and*
*Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing with

the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with

Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller
KERRY J. MILLER