UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010<br><br>This document applies to:<br>10-2771 and 10-4536 | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S RESPONSE IN OPPOSITION TO M-I'S
MOTIONS TO DISMISS TRANSOCEAN'S THIRD-PARTY COMPLAINT AND
COUNT THREE OF TRANSOCEAN'S CROSS-CLAIMS/COUNTERCLAIMS**

TO THE HONORABLE JUDGE CARL J. BARBIER:

COME NOW Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this, their Response in Opposition to (1) M-I LLC's ("M-I") Motion to Dismiss Count Three of Transocean's Cross-claims/Counterclaims which it filed in the Limitation proceedings, **Rec. Doc. 2520**, and (2) M-I's Motion to Dismiss Transocean's Third-Party Claim which it filed in the *United States v. BP Exploration & Production* case, **Rec. Doc. 2836**. M-I's motions raise the same point of law regarding the availability of a warranty of workmanlike performance and, toward a consideration of judicial economy, Transocean is filing a single brief in response to the two motions. As set forth below, M-I's Motions to Dismiss should be denied.

**BACKGROUND**

On April 20, 2011, Transocean cross-claimed and/or counterclaimed against M-I for general maritime law indemnity and contribution, **Rec. Doc. 2068, at 33–34**, a breach of the warranty of workmanlike performance, *id.* **at 34–35**, OPA contribution and subrogation, *id.* **at 40–41**, and negligence, *id.* **at 51**. Transocean filed its third-party complaint on May 30, 2011. **Rec. Doc. 2574.**

M-I filed its motion to dismiss the breach of warranty cross-claim under Rule 12(b)(6) on May 20, 2011, **Rec. Doc. 2465** (marked as deficient), and again on May 23, 2011, **Rec. Doc. 2520.** It moved to dismiss the third-party complaint on June 20, 2011. **Rec. Doc. 2836.** The extent of its substantive argument, and the sole ground for dismissal raised in its brief memoranda supporting each motion, is that the warranty of workmanlike performance, or service (sometimes also "WWLP"), can arise only out of a direct contractual relationship. Because Transocean did not allege a contractual relationship between Transocean and M-I, the argument runs, Rule 12(b)(6) compels dismissal.

While the memorandum supporting the motion only addresses count three of the cross-claims—breach of the warranty of workmanlike performance—M-I's proposed order seeks dismissal of **all** Transocean's claims against M-I:

> Considering the Defendant M-I L.L.C.'s Motion to Dismiss Transocean's Cross-Claims/Counter-Claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6):
>
> **IT IS HEREBY ORDERED** that all claims asserted against Defendant M-I L.L.C. are dismissed.

**Rec. Docs. 2520-3, 2836-3.** The proposed order is not limited to the single ground addressed in the motions themselves. Thus, Transocean's claims against M-I for contribution, indemnity, subrogation and negligence are not challenged and should not be dismissed and, as shown below, M-I is mistaken in its argument for dismissal of Transocean's breach of warranty claim.

## ARGUMENT

**I.   TRANSOCEANS'S CROSS-CLAIMS ARE SUFFICIENT ALLEGATIONS OF AN M-I BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE**

Per its motion, M-I contracted with BP but not Transocean. M-I's motion cites a string of cases from the Fifth Circuit and other circuit courts for the general proposition that "the warranty

of workmanlike performance is 'implied in all maritime *contracts*.'" **Rec. Doc. 2520-1, at 2** (emphasis in original).  Yet this proposition, though suggestive, does not dispose of Transocean's cross-claim for a breach of the warranty of workmanlike performance.  Transocean's cross-claim plainly recounts M-I's role and involvement in the Macondo operations.  Transocean's allegations are that M-I owed Transocean an express and/or implied warranty of workmanlike performance with respect to these services performed on board the *Deepwater Horizon*, and that M-I breached that warranty.  Thus, Rule 8(a)'s notice requirements are plainly satisfied with regard to M-I.  Not only does M-I know why it is being sued; it knows the theory under which it is being sued.

The response can be nearly as brief as is the argument for dismissal itself.  Not long after the warranty of workmanlike performance was first recognized in the maritime context,[1] the Fifth Circuit made clear that "the obligations which arise from the implied warranty [of workmanlike service or performance] are not limited to the confines of the usual action on contract; the zone of responsibility may extend to parties who are not in direct contractual relationship."  *Whisenant v. Brewster-Bartle Offshore Co.*, 446 F.2d 394, 401 (5th Cir. 1971); *see also Todd Shipyards Corp. v. Turbine Serv., Inc.*, 674 F.2d 401, 417 (5th Cir. 1982) ("Gonzales contends that since there was no contract between Todd and Gonzales, there can be no warranty of workmanlike performance owed to Todd, and thus no indemnity in favor of Todd.  We disagree.  Privity of contract is not essential.  Implied warranties of workmanlike performance may extend to parties who are not in direct contractual relationship.").  In sum, M-I is correct to state that there is *a* contractual source of the warranty, but is incorrect in arguing that

---

[1] *See Ryan Stevedoring Co. v. Pan-Atl. S.S. Corp.*, 350 U.S. 124 (1956).

a contract is the sole source.  M-I's argument that Transocean must allege the existence of a direct contractual relationship between Transocean and M-I is therefore incorrect.

M-I possibly concedes that it is aware of this aspect of the law by concluding its argument with a statement that "to the extent it is relevant, Transocean has also not pleaded that it was the third-party beneficiary of any contract between BP and M-I." **Rec. Doc. 2520-1, at 3.** But M-I cites no case that would support this statement as actually being a ground for dismissal under Rule 12(b)(6).  And it could not do so; its own motion concedes the existence of a contract for services on Transocean's vessel and that Transocean is suing for a breach of warranty arising out of M-I's provision of these services, a warranty that plainly exists and for which an entity such as Transocean may recover under longstanding Fifth Circuit precedent.  In addition, M-I clearly has notice of Transocean's claim for breach of the warranty of workmanlike performance under Rule 8(a).  M-I's motions to dismiss must be denied.

## CONCLUSION

For the reasons above, M-I's (1) Motion to Dismiss Count Three of Transocean's Cross-claims and (2) Motion to Dismiss Transocean's Third-Party Claim must be denied.

Respectfully submitted,

By:   /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:   /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

4

                                      By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (Louisiana, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller
KERRY J. MILLER