UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | |
| "DEEPWATER HORIZON" in the | * | MDL No. 2179 |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | |
| | * | |
| This Document Relates to: | * | SECTION "J" |
| | * | |
| 2:10-CV-02771 | * | |
| | * | |
| *IN RE THE COMPLAINT AND PETITION* | * | |
| *OF TRITON ASSET LEASING GmbH, ET AL.,* | * | JUDGE BARBIER |
| *IN A CAUSE FOR EXONERATION FROM* | * | MAGISTRATE JUDGE SHUSHAN |
| *OR LIMITATION OF LIABILITY* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## AMENDED ANSWER AND CLAIM/COUNTERCLAIM
## OF NATIONAL RESPONSE CORPORATION

**NOW INTO COURT**, through undersigned counsel, comes National Response

Corporation ("NRC") and, in response to the Complaint and Petition for Exoneration from or

Limitation of Liability (the "Complaint") (Rec. Doc. 1 on the 2:10-CV-02771 docket) and the

Rule 14(c) Third-Party Complaint (the "Third-Party Complaint") (Rec. Doc. 1320)[1] filed by

Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater

Drilling, Inc., and Transocean Deepwater Inc. (collectively referred to as "Petitioners") as owner,

managing owners, owners *pro hac vice*, and/or operators of the MODU Deepwater Horizon

aboard which there was a fire and explosion on April 20, 2010, and which ultimately sank on

April 22, 2010 (hereinafter collectively referred to as the "Incident"), respectfully avers and

alleges upon information and belief as follows:

---

[1] Unless otherwise noted, all "Rec. Doc." references refer to the MDL 2179 docket (2:10-md-02179).

## ANSWER TO COMPLAINT

### FIRST DEFENSE

The Complaint fails to state a claim or right of claim upon which relief may be granted.

### SECOND DEFENSE

The Petitioners are not the proper parties entitled to assert exoneration from, or limitation of, liability under 46 U.S.C. § 30501, et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### THIRD DEFENSE

At the time of the fire, explosion, and sinking of the MODU Deepwater Horizon in April 2010, it was removed from navigation and was not a vessel for purposes of exoneration from, or limitation of, liability under 46 U.S.C. § 30501, et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### FOURTH DEFENSE

The Incident was caused by the fault or negligence of the Petitioners.

### FIFTH DEFENSE

Alternatively, the Incident was caused by the fault or negligence of the Petitioners' agents, employees, representatives, or others for whom the Petitioners may be responsible and whose fault or negligence was within the privity and knowledge of the Petitioners.

### SIXTH DEFENSE

Alternatively, to the extent that the MODU Deepwater Horizon could be deemed a vessel, which is specifically denied, the MODU Deepwater Horizon was unseaworthy at the time

of the Incident.  The unseaworthy condition caused or contributed to the Incident and was within the privity and knowledge of the Petitioners.

### SEVENTH DEFENSE

The value attributed to the MODU Deepwater Horizon and her then pending freight is inadequate.

### EIGHTH DEFENSE

The limitation fund is inadequate.

### NINTH DEFENSE

Petitioners had applicable liability insurance covering the damages resulting from the Incident, the proceeds of which insurance are not subject to exoneration or limitation.

### TENTH DEFENSE

**AND NOW** answering the specific allegations of the Complaint, NRC avers and alleges upon information and belief as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are admitted.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied as they relate to the exercise of due diligence by Petitioners and the seaworthiness of the MODU Deepwater Horizon. The remaining allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Complaint are admitted.

9.

The allegations contained in Paragraph 9 of the Complaint are denied as written.

10.

The allegations contained in Paragraph 10 of the Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied except it is admitted that numerous claims and demands have been made against Petitioners arising out of the Incident.

15.

The allegations contained in Paragraph 15 of the Complaint do not require a response. However, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.  It is specifically denied that the value attributed to the MODU Deepwater Horizon is adequate.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of the Complaint are denied as written and for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

Petitioners' prayer for relief is denied.

26.

All allegations contained in the Complaint including its attachments are denied unless specifically admitted.

## **CLAIM/COUNTERCLAIM AGAINST PETITIONERS**

**AND NOW** assuming the position of Claimant/Counterclaimant, NRC respectfully avers and alleges upon information and belief as follows:

I.

This is an admiralty and maritime claim within the Court's admiralty and maritime jurisdiction.  The Court has original jurisdiction of this claim under 28 U.S.C. § 1333.

- 6 -

II.

Upon information and belief, Petitioners are limited liability companies and/or corporations organized and existing under the laws of various states and/or countries and which had a financial interest in the MODU Deepwater Horizon at the time of the Incident.

III.

At all times pertinent hereto, NRC was, and still is, a Delaware corporation that was involved with clean-up efforts conducted after the fire, explosion, and sinking of the MODU Deepwater Horizon in April 2010.

IV.

Pursuant to Court Order, the B3 Bundle Master Complaint (Rec. Doc. 881) was filed on December 15, 2010 which included claims against NRC and other responders related to the clean-up efforts following the fire, explosion, and sinking of the MODU Deepwater Horizon, and a First Amended B3 Bundle Master Complaint (Rec. Doc. 1812) was filed thereafter. Subsequently, other individual lawsuits have been filed against NRC in connection with its involvement in the clean-up efforts, including but not limited to *James & Krista Pearson v. BP Exploration & Production, Inc., et al.*, No. 2:11-cv-00863 (E.D. La. filed Apr. 15, 2011) and *Thomas Edward Black v. BP Exploration & Production, Inc., et al.,* No. 2:11-cv-00867 (E.D. La. filed Apr. 15, 2011), and other individual lawsuits may be filed in the future against NRC in connection with its involvement in the clean-up efforts.

V.

To the extent NRC may have any liability whatsoever in connection with claims asserted against it for any damages and losses, which are specifically denied, NRC submits this

claim/counterclaim against the Petitioners for tort indemnity and/or contribution as to any damages or losses claimed in the B3 Bundle Master Complaint, First Amended B3 Bundle Master Complaint, and any other individual lawsuits that have been filed or may be filed in the future against NRC in connection with its involvement in the clean-up efforts.  Any such damages and losses were caused by the fault or negligence of the Petitioners, their employees, representatives, or such other persons or entities for whom they may be responsible, and/or the unseaworthiness of the MODU Deepwater Horizon (to the extent the rig could be deemed a vessel, which is specifically denied), all of which fault, negligence, and/or unseaworthiness was within the privity and knowledge of the Petitioners.

VI.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, NRC prays that:

a.    Its Answer and Claim be deemed good and sufficient;

b.    After due proceedings are had, the Petitioners' Complaint and Petition for Exoneration from or Limitation of Liability be denied and dismissed with prejudice;

c.    Its Claim/Counterclaim be granted against the Petitioners, jointly and severally, for all losses and damages arising out of the fire, sinking, explosion and resulting clean-up efforts with costs, interest, and attorney's fees; and

        d.      All such other relief as this Honorable Court may deem just and appropriate.

NRC expressly reserves the right to amend this pleading as further information is developed.

Dated: October 12, 2011.

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
Jeremy T. Grabill (NY Bar #4501755)
Sylvia E. Simson (NY Bar #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

Patrick E. O'Keefe (LA Bar #21086)
Philip S. Brooks, Jr. (LA Bar #21501)
MONTGOMERY, BARNETT, BROWN, REED,
    HAMMOND & MINTZ, LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for National Response Corporation*

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that the above and foregoing Amended Answer and Claim/Counterclaim of National Response Corporation has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of October, 2011.


                    /s/ Michael J. Lyle
                    Michael J. Lyle