**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig                    MDL NO. 2179
        "Deepwater Horizon" in the Gulf
        of Mexico, on April 20, 2010            SECTION J

Applies to: *All Cases*                          JUDGE BARBIER
                                                 MAGISTRATE JUDGE SHUSHAN

**ORDER**

**[Working Group[1] Conference on Friday, October 7, 2011]**

**NOTE TO CELL PHONE PARTICIPANTS:**  Please do not put your phone on hold during the

conference as it causes an annoying beeping sound for everyone else.  If you cannot participate for

part of the conference, put your phone on mute.  Likewise for those who type during the conference.

        This order reflects the action taken by the Working Group Conference on Friday, October

7, 2011.

1.      **Preservation of BOP.**

        The Court relayed Captain Englebert's report on the plan for the inspection of the capping

stack.  BP reported that after the visual inspection is completed, it will return to the Court for

approval of a protocol for a laser scan.  The parties were encouraged to coordinate their participation

in the inspection to minimize the burden on Captain Englebert.  The parties were asked to try to

include not only the PSC liaison counsel on BOP and Capping Stack email but also Jimmy

Williamson.  The Court issued an order regarding site security and access to physical evidence at

Michoud.  Rec. doc. 4265.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one
representative from each of the defendants; and coordinating counsel for the United States and coordinating
counsel for the States.  (Rec. Doc. 1099).

**2.      ROV at Well Site**.

Transocean reported that the ROV launch demonstrated that there were no hydrocarbons leaking from any of the equipment on the floor of the Gulf.  The USCG will issue a report on the ROV inspection.  The seas were too high to conduct an evaluation of the sheen, and it could no longer be detected.  Transocean will produce copies of the video as soon as the USCG releases it. It anticipates that the video will respond to any questions concerning the scope of the inspection.

**3.      Phase Two Discovery.**

The Court reported on telephone conferences with the U.S. and BP concerning Phase Two document discovery.

BP anticipated that it will serve the joint written discovery on the U.S. by October 7, 2011.

BP and the PSC reported that all parties are involved in and working on the Rule 30(b)(6) notice for the U.S.

**4.      Transocean Document Production**.

BP reported that: (1) it received the DP Vessel Drift-Off and Watch Circle Program for Deepwater Horizon at MC 252; (2) it received chapters of the Operations Integrity Case ("OIC"); (3) at its request Transocean was looking to determine whether there were other chapters which had not been produced; (4) an issue remained as to the Well Specific Operating Guidelines (WSOG) for Deepwater Horizon at MC 252; and (5) BP may seek a brief deposition of two persons who have been deposed.  Transocean responded that: (1) if it has additional OIC chapters and the WSOG, they will be produced; and (2) it objects to any re-depositions.

5.      **<u>Phase One Fact Depositions</u>**.

<u>Lt. Cmdr. Odom</u>                                October 11

The U.S. reported that the custodial file production was being completed on October 7.  The

issue raised by Transocean regarding the custodial production was resolved.  On October 10, 2011,

there was a telephone conference with counsel for the U.S., Transocean and BP.  After discussion,

the Court determined that the deposition would proceed on the Phase One topic-inspections of the

Deepwater Horizon prior to the incident.  The deposition will not cover Phase Two issues.  There

will be a further deposition of Odom on Phase Two issues.

<u>Powell, Heather</u> (Houston)                  October 27

This deposition is confirmed for October 27.  The deposition will be in Houston at Liskow's

office.

<u>McKay, Lamar</u>                                November 3 and 4

An order will be issued for the allocation of the examination time.  Nalco withdrew its

requests for examination time.

<u>Sutton, Steve</u>                                November 9

The deposition was moved from October 5 to November 9.  It is confirmed.

<u>Coronado, Richard</u>

BP and Cameron are working on a date for the deposition.

<u>Lt. Houck</u>

The deposition was set for October 7.  The U.S. reported that it is working to resolve

custodial file issues with Transocean.  It is working on new dates for the deposition.

Chemali, Roland

Halliburton is working on dates.

Sweatman, Ronald

BP and Halliburton are working on dates.

JIT Testing Results

Halliburton and the U.S. are working on a one day deposition for the best person to be deposed on the JIT testing results.

Vidrine, Don

Transocean reported on the submission of written questions for a Fed. R. Civ. P. 31 deposition of Mr. Vidrine.  It is waiting on a response from his counsel, who is communicating with Mr. Vidrine's physician.

6.      **Clean-Up Responder Defendants**.

On October 5, 2011, there was a telephone discovery conference with counsel for the Clean-Up Responder Defendants, Nalco, the U.S. and the PSC.  **A further telephone discovery conference is set for October 20, 2011.**  The parties are working on a joint discovery order.

7.      **B-3 Master Complaint**.

The PSC reported that it will amend the B-3 Master Complaint.  The PSC has no objection to extending the deadline for answering the complaint until after it is amended.  The Court will talk to District Judge Barbier about the extension.

8.      **Vessel of Opportunity ("VoO")Plaintiffs**.

The PSC reported that the VoO plaintiffs had three types of claims: (1) economic loss and property damage (part of B-1 Bundle); (2) personal injury and/or medical monitoring; and (3) breach

of contract.  There is a process for the breach of contract claims with limited discovery, motions on contract interpretation issues, the use of six test plaintiffs, and possible private mediation with the six test plaintiffs.  A deadline was set to serve discovery plaintiff profile forms on VoO contract cases.  There were about 1,400 filings.  This will provide the parties with a census on the kinds of contract claims.  BP concurred in the PSC's description.

9.      **Written discovery of Phase One Experts**.

BP reported that the parties are working on an order to clarify that an expert's notes are not discoverable and to determine how this affects an expert's communications with his or her staff.

10.     **Phase One Expert Depositions.**

BP reported that it will not seek the deposition of George Birch.  Transocean reported that there is a possibility that it will name him as a rebuttal expert.  If so, he will be produced for a deposition as a Transocean rebuttal expert.

11.     **BP's Motion to Compel Halliburton to Provide Investigation Materials.**

The September 27, 2011 order (Rec. doc. 4128) required Halliburton to provide affidavits and then the parties were to meet-and-confer to determine if they could resolve whether Chemali's analysis was performed at the direction of counsel and whether modeling and post-incident activities were undertaken at the direction of counsel.  The parties reported that they are working on it.

12.     **Stipulations**.

The PSC presented the Court with proposed stipulations.  The parties are asked to review them and comment as well as propose their own coordination of these efforts is encouraged.

13.     **Responses to Rule 12(b) motions on Cross-Claims**.

At the request of Halliburton, the deadline for responses to Rule 12(b) motions on cross-

claims was extended to Monday, October 17, 2011.

**14.     Subpoena Power**.

Letter briefs from those arguing for an expansive view of the Court's subpoena power were filed on October 7.  BP filed a letter arguing for a restrictive subpoena power.  By October 14, it may file a second letter replying to the arguments made in support of the expansive power.

**15.     Motions *in Limine*.**

**The deadline for motions *in limine* and any other final pre-trial motions for Phase One is January 23, 2012.**  The February 1, 2012 deadline for final pre-trial motions in CMO 1 (Rec. doc. 569) and CMO 2 (Rec. doc. 1506) will be vacated.

**16.     Deposition Designations - Objections to Deposition Exhibits**.

BP asked if there is a document included within a deposition designation, does the document come in with the deposition?  As a follow-up, it asked how the objection process will be dealt with. It proposed that where the party wants to offer the exhibit for admission into evidence, the exhibit should be included on the Final Exhibit List on November 14, 2011.

The Court understands that where a document is included within a deposition designation, an objection may be asserted to the document with the deposition designation as was done by HESI for one exhibit in the Hayward exemplar.  The exhibit number is highlighted in blue.  When you click on the highlight, you are linked to a statement of the objection.  A party, however, is not obligated to so object in the deposition.  An objection to the exhibit may be preserved by objection to the final exhibit list.  And, if a party feels strongly about an objection, it may file a motion *in limine* at any time.

HESI agreed with the Court's statement regarding exhibits.  It added that no one waives an

6

objection to a deposition exhibit by not objecting at the time of the deposition designation, because it can be raised in a motion *in limine* at any time before the deadline for filing such motions.  It commented that if a party wants to note objections in the deposition designations it may do so.

BP noted that so far the parties were not making objections to exhibits in connection with the deposition designation process.  It understood that exhibits from the depositions will go on the exhibit list with other exhibits.

Summary for documents which are included within the designation of a deposition:

1.    A party may object (as HESI did for one exhibit in the Hayward "test" deposition).

2.    When a party files its objections to the final exhibit lists on December 30, 2011, it should note whether the document is or will be subject to a motion *in limine* filed on or before January 23, 2012.  If the objection is not noted by December 30, 2011, it is waived.

3.    An objection noted on the final exhibit list is sufficient to preserve the objection.  If the party believes it is necessary, it may additionally file a motion *in limine*.  The point of a motion *in limine* is to call to Judge Barbier's attention those objections that a party believes are so important that the Judge requires briefing.

**17.    Deposition Designations - Objections to Deposition Testimony.**

HESI asked about objections to deposition testimony and whether they had to be raised at this point.  It asked if it was necessary to note objections to deposition testimony.  If so, it sought instruction on how it was to be done.  It asked how objections to the deposition testimony are preserved.

The PSC responded that it understood that the parties would note their objections in some

manner.  This would permit Judge Barbier to know whether there was an objection.  If he wanted argument on the objection, he could request it.

The Court noted that objections to the Hayward "test" deposition were included on the spread sheets.  Jordan Ray of inData has assembled all the objections on a single spreadsheet with yellow links from the deposition designations to the spreadsheet.  The parties were asked if this was sufficient to preserve the objections.

HESI responded that the spreadsheets were sufficient if everyone agrees to it.  BP concurred.  It preferred the process where the spreadsheets are submitted by the parties with objections and the objections are hyperlinked so that Judge Barbier can see them if he wishes.  The PSC agrees that for purposes of preservation of the objection for appeal, the filing of the spreadsheets will preserve the objections.  The PSC asked that if it was required to respond to the defendants' objections to deposition testimony, that this be resolved soon so that it can put them into whatever form is required.  A response is not required.  Judge Barbier will request a response if he believes a response is required.

The Court indicated that it would discuss the matter with Jordan Ray.

Cameron asked how the parties would know for appellate purposes what deposition testimony was considered and what was excluded.  The Court responded that the findings will state what Judge Barbier relied upon.  If it was not relied on, then either it was not considered or the objection was overruled.  BP agreed with this description of Judge Barbier's statement at the August meeting.

18.     **Deposition Designations - Where Testimony Already Designated**.

Weatherford sought clarification on whether a party was required to make designations of

testimony that was designated by the PSC and the U.S..  The Court responded that the party is not required to do so, but some defendants have indicated that they want to designate even if they were designating something designated by another party.   The deposition bundles presented to Judge Barbier will have a table showing the parties' designations.

HESI clarified that the PSC agreed to go first on designations but a party may not always have the PSC designations to work off because of the deadlines in the designation order.

19.     **Other Deposition Designation Issues**.

BP raised an issue concerning the designation of testimony where the Court granted BP's request for a clawback of the document subject to the examination.  The parties are working on this issue.

BP raised an issue about submitting designations in Excel.  It appears that the technical issues are resolved.  The parties should submit the designations in Excel format.

20.     **Deposition Summaries**.

BP asked for some guidance from Judge Barbier on the purpose of the two-page summaries. The PSC responded with its understanding.  The U.S. used as an example its reference to BP profits, which it contends is relevant to BP's cost-cutting.

The Court will discuss the matter with Judge Barbier.

21.     **"Not True Authenticity Objections."**

The PSC reports that for "not true authenticity objections" (incomplete documents, marginal notes, etc.) there is a process in place for cleaning up the problem and submitting the correct document.

The U.S. raised a question about an exhibit with three emails in a string.  The U.S. is

concerned about the difference between a document produced with three emails in it and the situation where a party puts three emails together and uses them as one exhibit in a deposition. Transocean agreed that if the three emails were produced as a single string, they would not be broken apart but would be labeled as one exhibit.  This was acceptable to the U.S.

22.    **"True Authenticity Objections."**

The PSC reports that there are some "true" authenticity issues.  It would prefer to avoid dealing with these issues if they are not going into evidence.  It urged that the process of resolving "true" authenticity objections be delayed until: (1) the exhibit is a part of a deposition designation; (2) it is on an expert reliance list; or (3) it is going into evidence.

BP concurred with the deferral of the authenticity objections on all deposition exhibits at least until the parties have had a chance to formulate their deposition exhibits.

Pursuant to the order regarding Phase One Exhibits and Expert Discovery Procedure (Rec. doc. 3916), October 7, 2011 was the deadline for the party contesting the authenticity of a document to file a motion to bring the issue before the Court where the objection was raised on September 12, 2011.  This deadline was extended to October 17, 2011 at the September 30, 2011 meeting of the Working Group.  At the request of the PSC and with the concurrence of the other parties, this deadline is extended to be reset.

23.    ***In Globo* Resolution of Some Non-Authenticity Objections to 300 Exhibits**.

The PSC reports that some factual evidentiary issues can be raised by category.  There was discussion about these issues within the context of the Marine Board Investigation (MBI) proceedings.  BP responded that there were some issues, for example the MBI testimony, that could be brought up now.  There were other issues where progress was being made and the parties may

be able to narrow the issues.  BP suggested that for objections to the sample 300 exhibits, the date

for a motion remain October 17.

The Court responded that the PSC should start with the list of issues it believes can be raised

*in globo* and file a motion by October 17, 2011.  A deadline for responding to this motion was not

set.

**The October 17, 2011 deadline for *in globo* objections by the PSC and for the**

**defendants to file motions to strike any of the 300 exhibits identified by the PSC is suspended**

**pending further discussions with the undersigned.**

Transocean suggested that the *in globo* motion include the issue of whether a party has an

objection to a portion of an email string.  The PSC responded that if there is an email string and

some people on the string are not company employees, it believes it is a business record.  It can try

to brief the issue.

24.     **Conference Schedule.**

| | |
|---|---|
| Friday, October 14, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, October 21, 2011 | After  Judge  Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 28, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 11, 2011 | No conference set. |
| Friday, November 18, 2011 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | No conference set. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |

11

| | |
|---|---|
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 12th day of October, 2011.

 

 

_____

**SALLY SHUSHAN**
**United States Magistrate Judge**