

October 12, 2011

Re:    MDL No. 2179
       In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
       In the Gulf of Mexico on April 20, 2010

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

Yesterday the Court entered an Order allocating deposition time for the PSC's Phase One experts. (Doc. No. 4263) Cameron had requested 300 minutes for Mr. Perkin's deposition because he is the PSC's key BOP expert, and his opinions with respect to the BOP are directly relevant to the PSC's assertions of liability against Cameron.

The Court indicated in its Order that "Cameron is not mentioned in any of the findings except finding no. 13, in which it is identified as the as a (sic) source of an 'acoustic trigger' which Perkin states BP should have provided as a backup control system." Accordingly, the Court ruled that Cameron was only entitled to 90 minutes for Mr. Perkin's deposition. However, Mr. Perkin disclosed in his Report eight (8) basic Opinions. His opinions 1, 4, and 8 pertain to Cameron. Mr. Perkin's longest discussion of any of his opinions is found in Opinion 4, which states as follows: HORIZON'S BOP as originally designed and configured on April 20, 2010 was defective. These defects were significant and contributing causes to the BOP and its CS to perform its intended function." [emphasis added]. More specifically, *and in addition to* the "acoustic trigger" finding referenced by the Court, Mr. Perkin's stated opinion is that the BOP was defective in the following ways:

1.    The failure of the BOP to have cutting blades that extend across the well bore;

2.    The failure of the BOP to have an adequate system for conveying pressure, flow, temperature, vibration, battery charge, critical equipment operational status information, etc. data to the rig;

3.    The failure to properly segregate and/or otherwise protect the MUX cables

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 ~ Facsimile 713.951.3720
www.brsfirm.com

Honorable Sally Shushan
October 12, 2011
Page 2

        which provide power to BOP controls so as to preserve the integrity and redundancy of the BOP controls in case of an explosion;

4.     The failure to have a wireless method to activate and control emergency functions;

5.     The inability to monitor, test, charge, and/or change the batteries which powered certain Blue and Yellow Pods while HORIZON'S BOP was on the seafloor;

6.     The failure to have redundancy in the emergency activation systems by relying on a single component for all pipe shearing and well bore shutting-in and sealing functions, namely the single BSR.

Respectfully, 90 minutes is wholly inadequate for Cameron to cross-examine this large number of Mr. Perkin's opinions, each of which go to the very heart of the PSC's assertion that the BOP was defective "as originally designed and configured". Each of these specific opinions is a separate allegation attacking specific features of Cameron's BOP, and Cameron needs sufficient time to explore the basis for each such opinion. We therefore request that the Court reconsider its earlier Order and allocate an additional 210 minutes to Cameron.

Thank you for your consideration.

Sincerely yours,

David J. Beck

DJB/rct