## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| 10-1308, 10-2994, 10-4489, | * | |
| 10-2764, 10-1539, 10-1325 | * | MAGISTRATE JUDGE |
| | * | SHUSHAN |

## ORDER

Before the Court are three motions for summary judgment filed by the Plaintiffs in member cases 10-1308, 10-2994, 10-4489, 10-2764, 10-1539, and 10-1325 against certain Defendants for damages resulting from the discharge of oil. (Rec. Docs. 1925, 1927, 1971).   One motion seeks judgment against Transocean Offshore Deepwater Drilling, Inc. (and related Transocean entities, collectively referred to as "Transocean") for its "negligent operation of *Deepwater Horizon* (including its testing of the well, its failure to detect signals preceding the blowout, and its failure to properly divert overboard the hydrocarbons released by the blowout)." (Rec. Doc. 1971-1, at 8). Another motion seeks judgment against Halliburton Energy Services, Inc. ("Halliburton") for "both its defective cement design and its negligent testing and application of [its] cement."  (Rec. Doc. 1927-1, at 12).  The third motion seeks judgment against Cameron International Corp. ("Cameron") for a "defect in the design of [the blowout preventer's] blind shear rams."  (Rec. Doc. 1925-1, at 14).

The amount of discovery that has occurred in this multi-district litigation, and which continues to occur, is tremendous.  However, Plaintiffs/Movants do not support their motions with any product of this discovery.  Instead, the motions against Halliburton and Transocean rely exclusively on the "Chief Counsel's Final Report" issued by a federal advisory commission created

by Executive Order 13543 (May 21, 2010) to study the DEEPWATER HORIZON incident and make recommendations to the President regarding improvements to law, etc.  The motion against Cameron relies exclusively on a report created by a private entity, the Det Norske Veritas, for the United States Department of the Interior.

In order to be granted summary judgment, the movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999) (citations omitted).  Only where the moving party has carried its initial burden, will the burden then shift to the nonmoving party.  *Id.*

Pretrial Order 15 continued all motions until specifically set for hearing by the Court, and no responses are due until two weeks before the hearing, or as otherwise directed by the Court. (Rec. Doc. 676) Having reviewed the instant motions, the Court finds it does not require any responses for reasons explained below.  Accordingly, the Court has not set the instant Motions for hearing or otherwise called for responses.

Assuming only for the purpose of deciding the instant motions that these reports would be admissible on a motion for summary judgment, but without ruling as to whether such reports are, in fact, admissible for summary judgment (or any other evidentiary purpose),[1] the Court finds Plaintiffs/Movants have not met their burden of showing there is no genuine issue of material fact.

---

[1] Material that could not be presented in a form that would be admissible in evidence cannot support a motion for summary judgment.  Fed. R. Civ. Proc. 56(c)(2).  The Court has previously declined to take judicial notice of a similar report because the matters it addressed are not the kind of facts that are "not subject to reasonable dispute" under Fed. R. Evid. 201(b).  (Rec. Doc. 4209, at 12 n.10).  Obviously, this did not reach any other evidentiary issues that may exist with such reports, and parties are free to raise such issues at a later time.

2

Thus, Plaintiffs/Movants are not entitled to judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that the Motions for Summary Judgment (Rec. Docs. 1925, 1927, 1971)

are **DENIED**.

New Orleans, Louisiana, this 14th day of October, 2011.

_____

UNITED STATES DISTRICT JUDGE