UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG : MDL NO. 2179
    "DEEPWATER HORIZON" in the :
    GULF OF MEXICO, on :
    APRIL 20, 2010 :
: SECTION: J
:
THIS DOCUMENT RELATES TO: :
ALL CASES : JUDGE BARBIER
: MAG. JUDGE SHUSHAN

**ORDER**

**[Regarding Non-Discoverability of Certain Expert-Related Documents]**

Upon the agreement of all Liaison and Coordinating Counsel, and to promote judicial efficiency, this Order supplements PTO 18 (Governing the Discovery of Experts) (Doc. 825) as follows.

**IT IS HEREBY ORDERED THAT:**

1. Any notes taken by a testifying expert, the expert's staff, or others retained to assist the expert during the course of the expert's work in connection with this Multi-District Litigation proceeding shall not be subject to discovery or production.

2. Communications between a testifying expert and that expert's staff or others retained to assist the expert shall likewise not be subject to discovery or production.

3. Consistent with the Court's prior rulings, as reflected in the August 29, 2011 Order (Working Group Conference on Friday August 26, 2011) (Doc. 3840) and the September 2, 2011 Order (Regarding Phase One Exhibits and Expert Discovery Production) (Doc. 3916), communications between attorneys for a party and experts retained on behalf of that party, those experts' staff, or others retained to assist such experts will not be produced or discoverable.

4. Consistent with the Court's prior rulings, as reflected in PTO 18 and the September 2, 2011 Order (Regarding Phase One Exhibits and Expert Discovery Production), drafts of expert reports or portions thereof are likewise not subject to production or discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(B).

5. Notwithstanding the foregoing, a party shall disclose in a readily understandable form: (1) any mathematical calculations upon which a testifying expert relies in forming his opinions to be expressed; and (2) any information that counsel has asked a testifying expert to accept as fact or assumptions that counsel has asked a testifying expert to make in forming his opinions to be expressed.

6. The protections set forth in this Order apply equally to (1) testifying retained experts, and (2) testifying in-house experts, to the extent that the relevant notes, communications, draft reports or disclosures relating to the in-house expert were created solely to assist the expert in providing testimony.

7. Notwithstanding Paragraph 6 above, this Order does not apply to notes, mathematical calculations, communications, and other documents created by testifying in-house experts to the extent that such notes, mathematical calculations, communications, and other documents were created on or prior to July 31, 2011. Nonetheless, such notes, mathematical calculations, communications, and other documents may be protected from disclosure by other applicable orders, rules, privileges, and doctrines, with all parties reserving their rights on these issues.

8. The parties are not required to produce or exchange privilege logs reflecting drafts of expert reports, expert notes, or expert communications withheld pursuant to this or prior Orders, except that privilege logs shall be produced and exchanged with respect to notes,

communications, and other documents created by testifying in-house experts on or prior to July 31, 2011.

New Orleans, Louisiana, this 17th day of October, 2011.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**