UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO NO. 10-4536, *United States v. BP Exploration & Production Inc., et al.* | * MDL NO. 2179<br>*<br>* SECTION: J<br>* JUDGE BARBIER<br>* MAGISTRATE JUDGE SHUSHAN<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION OF THIRD-PARTY PLAINTIFF BP EXPLORATION & PRODUCTION INC. TO CAMERON INTERNATIONAL CORPORATION'S MOTION TO STRIKE RULE 14(c) TENDER AND/OR TO DISMISS TENDERED CLAIM**

BP respectfully submits that the Motion of Third-Party Defendant Cameron International Corporation ("Cameron") to Strike Rule 14(c) Tender and/or to Dismiss Tendered Claim ("Motion") should be denied. Cameron's real quarrel is with Federal Rule of Civil Procedure 14(c) and the causes of action the Oil Pollution Act of 1990 and maritime law give to BP Exploration & Production Inc. ("BP" or "BPXP") and the United States, not — as Cameron has attempted to style its Motion — with how BP chose to frame its Third-Party Complaint.

**1. Cameron Moves to Strike or Dismiss a Claim BP Did Not Make.** Cameron attempts to have BP's Third-Party Complaint against Cameron (Doc. 2065) stricken or one of its claims dismissed on the sole ground that "Cameron is not a 'responsible party' liable to the United States under OPA." Motion at 1. But one will search BP's Third-Party Complaint in vain for any allegation by BP that Cameron is an OPA "responsible party." Rather, BP's Third-Party Complaint alleges only the following underlying torts by Cameron: (1) "Cameron Is Liable To BPXP For An Unreasonably Dangerous Product," Third-Party Complaint at 12-15; (2) "Cameron Was Negligent In The Maintenance Of The Blowout Preventer," *id.* at 15-16; and (3)

"Cameron Was Negligent In Modifying The Blowout Preventer," *id.* at 16-17.  And BP's Third-Party Complaint advances only a single, very targeted cause of action against Cameron: "Count I: ***Contribution*** Under the Oil Pollution Act of 1990."  *Id.* at 17-19 (emphasis added).  (BP also alleged in the Third-Party Complaint that Cameron was liable in admiralty contribution or subrogation.  *See id.* at 17.)  Hence, Cameron is attempting to have stricken or dismissed a claim that BP demonstrably did ***not*** make in the Third-Party Complaint (Doc. 2065).  Note as well that any claims the United States has paid out from the Oil Spill Liability Trust Fund give the federal government subrogation claims ***under OPA*** that it can pursue against Cameron.  *See* OPA Section 1015(a), 33 U.S.C. § 2715(a) (subrogation under OPA, including by the Fund, can be pursued as to causes of action arising "under any other law").  Accordingly, it would be pointless for the Court to grant the relief Cameron calls for in its Motion (Doc. 2894).

**2.  BP Clearly Possesses a Contribution Remedy Under OPA Against Cameron.**  Section 1009 of OPA, 33 U.S.C. § 2709, unambiguously states that "[a] person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."  Whether under another law (i.e., a non-OPA law) or otherwise, BP alleges adequately in the Third-Party Complaint that Cameron is liable in whole or in part for the damages or removal costs being sought by the United States from BP under OPA because Cameron manufactured a defective blowout preventer ("BOP") or negligently maintained and/or modified that BOP.  *See* Third-Party Complaint at 12-17.  And Cameron does not argue to the contrary, let alone meet the applicable standards under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007), to rebut the conclusion that BP alleged sufficient facts to advance a facially plausible claim.  BP plainly advanced a facially plausible claim in paragraphs 1-87 of its Third-Party Complaint against Cameron.  BP also cited

2

to OPA Section 1017, 33 U.S.C. § 2717.  OPA Section 1009 specifically indicates that an OPA responsible party like BP may bring a contribution action "against any other person" pursuant to Section 1017.  *See* 33 U.S.C. § 2709.  *See also* OPA Section 1017(f)(3), 33 U.S.C. § 2717(f)(3) (setting the statute of limitations for OPA contribution claims).

### 3. BP Can Permissibly Bring Cameron Into the United States' Case Pursuant to Rule 14(c)(1) on a Claim for Contribution.

The United States denominated its complaint as one in admiralty, citing Rule 9(h).  For purposes of its Motion, Cameron concedes the propriety of that designation.  *See* Motion Mem. at 2 ("Although Cameron disputes that the Clean Water Act penalty claim and the OPA claim asserted by the United States against BPXP are admiralty or maritime claims that authorize the invocation of Fed. R. Civ. P. 14(c), Cameron will *assume* for the sake of argument that the Rule 14(c) tender of the United States' OPA claim by BPXP was procedurally proper.") (emphasis in original).  Having done that, Cameron has effectively conceded that it has no basis to dismiss a Rule 14(c) third-party complaint like this one by BP that brings it into this case, for Rule 14(c)(1) explicitly refers to contribution claims, providing as follows:

> (1) Scope of Impleader.
>
> ***If a plaintiff [****United States****] asserts an admiralty or maritime claim under Rule 9(h)***, ***the defendant [****BP****] or*** a person who asserts a right under Supplemental Rule C(6)(a)(i) ***may, as a third-party plaintiff, bring in a third-party defendant [****Cameron****] who may be wholly or partly liable — either to the plaintiff <u>or to the third-party plaintiff</u>*** — for remedy over, ***contribution***, ***or otherwise*** on account of the same transaction, occurrence, or series of transactions or occurrences.

Fed. R. Civ. P. 14(c)(1) (emphasis added).  Rule 14(c)(1) thus permits a defendant (as BP is to the United States' action) to bring, as a third-party plaintiff, an action against a third-party defendant like Cameron here.  BP may do this if Cameron is or may be liable (either to the United States *or* to BP) for contribution, or under other legal theories (including the subrogation

3

theory the Fund possesses against Cameron, *see* 33 U.S.C. § 2715(a)).  Under OPA and pursuant to maritime law, BP plainly possesses contribution causes of action against Cameron relative to its defective BOP, and Cameron presents no viable argument to the contrary.

**4. Federal Rule of Civil Procedure 14(c)(2) Clearly Allows BP to Tender Parties Like Cameron to a First-Party Plaintiff Like the United States.**  Cameron's real quarrel is with the fact that Federal Rule of Civil Procedure 14(c)(2) forces it to defend against the action by the United States.  But this arises not based on BP bringing a cause of action that can be stricken or dismissed, but on the simple operation of Rule 14(c)(2) by its own text.  Rule 14(c)(2) provides as follows:

> (2) Defending Against a Demand for Judgment for the Plaintiff.
>
> The third-party plaintiff [here BP] may demand judgment in the plaintiff's [here the United States'] favor against the third-party defendant [here Cameron].  In that event, the third-party defendant [Cameron] must defend under Rule 12 against the plaintiff's [United States'] claim as well as the third-party plaintiff's [BP's] claim; and the action proceeds as if the plaintiff [United States] had sued both the third-party defendant [Cameron] and the third-party plaintiff [BP].

It should be indisputable that BP properly invoked Rule 14(c)(2) here.  Cameron is subject to the United States for any OPA claims paid by the Fund since at that point the United States comes to stand in the shoes, via OPA subrogation, of the maritime law claims the Court held in the B1 Order that legitimate claimants possess against Cameron.[1]  33 U.S.C. § 2715(a).

Additionally, Cameron will be liable under OPA Section 1002(d), 33 U.S.C. § 2702(d) if the well blowout can be shown to have been caused "solely by an act or omission of one or more third parties."  33 U.S.C. § 2702(d)(1)(A).  BP alleged in its Third-Party Complaint not just that Cameron was partly responsible for the *Deepwater Horizon* incident, but that especially given

---

[1] BP reserves all of its rights concerning its defense that OPA displaces federal maritime law under existing Supreme Court and other federal court precedent.

4

the failsafe nature of a BOP system as the key piece of equipment designed to stop uncontrolled hydrocarbon flow from subsea wells, Cameron could be deemed "wholly" liable to the United States and/or BP for the blowout.  Third-Party Complaint at ¶ 10.  *See generally Kenan Transp. Co. v. Coast Guard*, 211 Fed. Appx. 902, 903 (11th Cir. 2006) (per curiam) ("The OPA allows for reimbursement of spill removal costs to owners who incur such expenses when the spill is caused by a third party. 33 U.S.C. §§ 2702(d)(1)(A), 2703(a)(3).").[2]

Cameron's argument proceeds as if the only basis for any OPA liability would be under OPA Sections 1001-1002(a)-(b), 33 U.S.C. §§ 2701-2702(a)-(b), and specifically under OPA Sections 1001(32) and 1002(a)-(b), 33 U.S.C. § 2701(32) and § 2702(a)-(b).  Motion Mem. at 2.  But that ignores both (i) OPA Section 1015(a) subrogation liability to the Fund administered by the Coast Guard as an arm of the United States and (ii) BP's allegation in paragraph 10 of the Third-Party Complaint that Cameron is "wholly" responsible thereby invoking OPA Section 1002(d).  Cameron offers no rationale or any basis at all for moving under Federal Rule of Civil Procedure 14(a)(4) to strike BP's allegation that Cameron is potentially wholly liable to the United States for the oil discharge consequences resulting from its faulty BOP.  Cameron cites no Rule 14(a)(4) cases and its argument is based purely on the mistaken notion that any OPA liability it may have hinges on whether it fits the definition of a "responsible party" in OPA Section 1001(32), which ignores both OPA subrogation liability and the ability of third parties to become directly liable under OPA pursuant to Section 1002(d).  These failures of logic make clear why Cameron did not exercise its other procedural option as given in Rule 14(c)(2) —

---

[2] The OPA third-party defense ceases to be available if BP was in a contractual relationship with the party in question pursuant to OPA Section 1003(a)(3), 33 U.S.C. § 2703(a)(3).  But BP did not have a contractual relationship with Cameron, Transocean did.  Third-Party Complaint at ¶ 2.  Hence, with respect to Cameron's actions, the third-party defense is unavailable to Transocean, which is an OPA responsible party.  But the same is not true for BP.  BP possesses a colorable third-party defense against Cameron that is not vulnerable to a motion to dismiss, having been properly pleaded.

*moving against the United States under Rule 12 for dismissals* of potential (i) subrogation liability and/or (ii) an OPA claim that Cameron was exclusively liable for the harms resulting from the oil spill because of its defective BOP and other related conduct.  Such a claim would inevitably fail in a motion-to-dismiss posture at this stage of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court should deny Cameron's Motion to strike or dismiss BP's Third-Party Complaint against Cameron.

Date:    October 17, 2011

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  504 -581-7979
Facsimile:  504 -556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312- 862-2000 (Tel)
312- 862-2200 (Fax)

Jeffrey Bossert Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
202- 879-5000 (Tel)
202- 879-5200 (Fax)

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202- 662-5985

***Attorneys for BP Exploration & Production Company***

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October 2011.

                                                   /s/ Don K. Haycraft
                                                   Don K. Haycraft