UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO ALL CASES** | : : : | JURY TRIAL DEMANDED |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## BRIEF OF CAMERON INTERNATIONAL CORPORATION IN OPPOSITION TO MOTIONS TO DISMISS CERTAIN OF ITS CROSSCLAIMS

Cameron International Corporation ("Cameron") respectfully submits this brief in opposition to the motions to dismiss certain of its cross-claims filed by certain co-defendants in the cases in this proceeding, and identified by Document Number as follows: Dril Quip (Doc. 2896); MOEX USA Corp. (Doc. 2946); MOEX Offshore 2007 LLC (Doc. 2955; replacing Doc. 2934); Anadarko Defendants (Doc. 3260); MI LLC (Doc. 4047).

The motions to dismiss are invalid under the Oil Pollution Act of 1990 ("OPA") or FED. R. CIV. P. 13(g) and should be denied.

In the alternative, pursuant to FED. R. CIV. P. 15(a)(2), the Court should grant Cameron leave to amend its cross-claims.

### Cameron Has Valid OPA Claims Against the OPA Responsible Parties

As Cameron's operative pleadings allege, MOEX Offshore and the Anadarko Defendants are all co-lessees of the pertinent Macondo OCS lease and therefore defined "responsible parties" under OPA. *E.g.*, Answer to Verified Complaint for Exoneration, Claims,

Counter-claims, and Cross-claims of Cameron International Corporation (Doc. 412 in 10-2771) ¶ 107.  For this same reason, the Court's Order and Reasons with respect to the B1 claims holds that the B1 Plaintiffs' OPA claims may proceed against these "responsible parties."  Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Doc. 3830; "B1 Order and Reasons"), p. 29 n.12.  For this reason, Cameron's contribution claim under OPA is equally valid against these "responsible parties."

OPA provides that any "person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."  33 U.S.C. § 2709.  As defined "responsible parties," MOEX Offshore and the Anadarko Defendants are in fact liable "under this Act," i.e., OPA. 33 U.S.C. § 2702(a).  The Cameron crossclaim for contribution under OPA is therefore valid and should not be dismissed.

### Rule 13(g) Specifically Authorizes the Cameron Cross-Claims

The first sentence of FED. R. CIV. P. 13(g) provides as follows:  "A pleading may state as a crossclaim any claim by one party against a coparty" in specified circumstances.  The second sentence of 13(g) reads differently, and deals with a separate situation.  Under the *second* sentence of 13(g), a "crossclaim may *include* a claim that the coparty is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."  (Emphasis added.)  In other words, the second sentence of Rule 13(g) permits contribution crossclaims without imposing the "statement of a claim" obligation of Rule 8(a)(2) and the first sentence of 13(g).  A contribution claim "may" be "included" on the mere ground that a coparty "may be liable" for some part of the underlying claim.  The Cameron contribution crossclaims are therefore properly "included" pursuant to the second sentence of Rule 13(g).  *See, e.g.,*

Answer to Verified Complaint for Exoneration, Claims, Counter-claims, and Cross-claims of Cameron International Corporation ¶ 108.

To be sure, as the movants' supporting memoranda discuss, the pleading requirements of Rule 8 do apply to certain crossclaims. But that is because the first sentence of Rule 13(g) permits a coparty to "state as a crossclaim any claim" that arises from the underlying transaction or occurrence. This language clearly invokes the pleading requirements for initial pleadings. As noted above, however, the second sentence authorizes a coparty to "include" contribution claims and similar "claims over" against co-parties based on the mere possibility that the underlying plaintiff or claimant may ultimately succeed jointly against the two defendant parties. Decisions under the first sentence of Rule 13(g), therefore, have no application to the Cameron crossclaims asserted as authorized under the second sentence.

With respect to claims against parties other than the Anadarko Defendants and MOEX, the Court denied the motions to dismiss underlying maritime claims and permits those maritime claims to proceed. B1 Order and Reasons, pp. 18-26. Under the Court's Order, therefore, these movants/cross-defendants "may be liable for all or part of the" claims asserted against Cameron within the meaning of Rule 13(g). Accordingly, Cameron's crossclaims are permitted, so that the motions to dismiss them should be denied.

### In the Alternative, Cameron Should Be Granted Leave to Amend

Cameron believes that the pleadings in this proceeding are already overloaded with duplicative factual allegations, and that additional factual pleadings will serve no practical purpose. Nevertheless, if the movants insist that Cameron "state a claim" formally, Cameron is willing to amend its crossclaims to plead, with more specificity, the factual allegations against each of the movants underlying Cameron's contribution cross-claims. Under Rule 15(a)(2),

Cameron submits that it should be granted leave to file such amendments in lieu of outright dismissal of its crossclaims.

Respectfully submitted,

| | |
|---|---|
| | */s/ Phillip A. Wittmann* |
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
|     dbeck@brsfirm.com |     pwittmann@stonepigman.com |
| Joe W. Redden, Jr. | Carmelite M. Bertaut, 3054 |
|     jredden@brsfirm.com |     cbertaut@stonepigman.com |
| David W. Jones | Keith B. Hall, 24444 |
|     djones@brsfirm.com |     khall@stonepigman.com |
| Geoffrey Gannaway | Jared Davidson, 32419 |
|     ggannaway@brsfirm.com |     jdavidson@stonepigman.com |
| | |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| One Houston Center | 546 Carondelet Street |
| 1221 McKinney, Suite 4500 | New Orleans, Louisiana  70130 |
| Houston, TX  77010-2010 | 504-581-3200 |
| 713-951-3700 | 504-581-3361 (fax) |
| 713-951-3720 (fax) | |
| | **ATTORNEYS FOR DEFENDANT CAMERON INTERNATIONAL CORPORATION** |

1072737v.1

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Brief of Cameron International Corporation in Opposition to Motions to Dismiss Certain of its Crossclaims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2011.

                                                */s/ Phillip A. Wittmann*
                                                 Phillip A. Wittmann

1072737v.1