# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISISNA

| | |
|---|---|
| ERIC C. and CAROLYN WRIGHT.<br>      Plaintiffs | CIVIL ACTION NO. 10-2108 |
| VERSUS | JUDGE: BARBIER<br>MAGISTRATE: WELLS ROBY |
| SHELL OFFSHORE, INC.; SHELL<br>OIL PRODUCTS CO.; P.G.S. AMERICAS, INC.;<br>CGGVERITAS SERVICES (U.S.) INC.<br>as successor of CGG AMERICAS INC.;<br>CGGVERITAS INTERNATIONAL, S.A.;<br>CGGVERITAS SERVICES HOLDING (U.S). INC.;<br>PERMATEX, INC.; RADIATOR SPECIALTY, CO.;<br>LPS LABORATORIES; HENKEL CORPORATION<br>as successor of HENKEL LOCTITE CORPORATION;<br>WD-40 COMPANY; MINNESOTA MINING AND<br>MANUFACTURING COMPANY<br>      Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

Plaintiffs, **ERIC C. and CAROLYN WRIGHT**, persons of the full age of majority, residents of and domiciled in the State of Florida, through the undersigned counsel, respectfully represents:

I.

Plaintiffs invoke this Honorable Court's admiralty subject matter jurisdiction set forth under 28 U.S.C. 1333 (admiralty); and 46 USC 688 (Jones Act) for negligence, unseaworthiness, maintenance and cure.

I a.

Plaintiff Carolyn Wright, individually and as the Legal Representative of Eric Wright, is of full age an majority, and domiciled in Florida. Mrs. Carolyn Wright is the surviving spouse

and personal representative of Mr. Eric Wright pursuant to Mr. Eric Wrights living will. (Eric Wright's Last Will and Testament, Attached as Exhibit A; Certificate of Marriage, attached as Exhibit B).

II.

This action is brought against the defendants, *in solido*, under its admiralty jurisdiction and trial of this litigation is brought pursuant to United States Federal Rule 9(h) as a maritime bench trial. Venue is proper in this District under 28 U.S.C. § 1391 (b)-(c) because the defendants are doing business in this District and because the events giving rise to the plaintiffs' causes of actions arose in this District.

III.

The following defendants are made defendants, *in solido*:

(A) Defendant, **SHELL OFFSHORE, INC.,** is a corporation dully formed and existing under the laws of the State of Delaware and is authorized to do business in the State of Louisiana. It may be served with process through its registered agent: CT Corporation System, 5615 Corporate Blvd., Ste 400B, Baton Rouge, LA 70808.

(B) Defendant, **SHELL OIL PRODUCTS CO.,** is a corporation dully formed and existing under the laws of the State of Delaware and is authorized to do business in the State of Louisiana. It may be served with process through its registered agent: CT Corporation System, 5615 Corporate Blvd., Ste 400B, Baton Rouge, LA 70808.

(C) Defendant, **P.G.S. Americas, Inc.** is a foreign corporation doing business in the State of Louisiana. It may be served with process through service upon the Secretary of State with process to be directed to: to its Regional Headquarters at 15150 Memorial Dr., Houston, Texas 77079.

(D) Defendants, **CGGVeritas Services (U.S.) Inc., as successor to C.G.G. AMERICA, INC.,** corporation dully formed and existing under the laws of the State of Delaware and it authorized to do business in the State of Louisiana. It may be served with process through its registered agent: The Corporation Trust Co., Corporation Trust Center, 1209 Orange St., Wilmington., DE 19801. This Defendant is sued as an employer Defendant.

(E) Defendant, **CGGVeritas International S.A.** is a corporation dully formed and existing under the laws of the State of Delaware and it authorized to do business

in the State of Louisiana. It may be served with process through its registered agent: The Corporation Trust Co., Corporation Trust Center, 1209 Orange St., Wilmington., DE 19801. This Defendant is sued as an employer Defendant.

(F) Defendant, **CGGVERITAS SERVICES HOLDING (U.S.) INC.** is a corporation dully formed and existing under the laws of the State of Delaware and it authorized to do business in the State of Louisiana. It may be served with process through its registered agent: The Corporation Trust Co., Corporation Trust Center, 1209 Orange St., Wilmington., DE 19801. This Defendant is sued as an employer Defendant.

(G) Defendant, **PERMATEX, INC.,** is a foreign corporation doing business in the State of Louisiana. It may be served with process through service upon the Secretary of State with process to be directed to: Headquarters at 10 Columbus Blvd., Hartford, CT 06106. This defendant is sued as a Manufacturer Defendant.

(H) Defendant, **RADIATOR SPECIALTY, CO.,** is a foreign corporation doing business in the State of Louisiana. It may be served with process through service upon the Secretary of State with process to be directed to: Headquarters at 600 Radiator Rd., Indian Trail, NC 28079. This defendant is sued as a Manufacturer Defendant.

(I) Defendant, **LPS LABORATORIES,** is a foreign corporation doing business in the State of Louisiana. It may be served with process through service upon the Secretary of State with process to be directed to: Headquarters at 4647 Hugh Howell Rd., Tucker, GA 30084. This defendant is sued as a Manufacturer Defendant.

(J) Defendant, **HENKEL LOCTITE CORPORATION,** is a corporation doing business in the State of Louisiana. It may be served with process through service upon its registered agent in Louisiana: Corporation Service Company at 320 Somerulos Street, Baton Rouge, LA 70802-6129. This defendant is sued as a Manufacturer Defendant.

(K) Defendant, **WD-40 COMPANY,** is a foreign corporation doing business in the State of Louisiana. It may be served with process through service upon the Secretary of State with process to be directed to: P.O. Box 80607, San Diego, CA 92138. This defendant is sued as a Manufacturer Defendant.

(L) Defendant, **W.M. BARR,** is a foreign corporation is a corporation duly formed and existing under the laws of the State of Delaware and is authorized to do business in the State of Louisiana. It may be served with process through its registered agent: Michael S. Cooley, 8000 Centerview Pkwy, suite 400, Memphis, TN 38018. This defendant is sued as a Manufacturer Defendant.

(M) Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY**, is a corporation dully formed and existing under the laws of the State of Delaware and is authorized to do business in the State of Louisiana. It may be served with process through its registered agent: CT Corporation System, 5615 Corporate Blvd., Ste 400B, Baton Rouge, LA 70808. This defendant is sued as a

Manufacturer Defendant.

(N) All Liability Insurers, who shall be identified through discovery or otherwise.

IV.

This maritime proceeding is brought to recover all pecuniary/special and non-pecuniary/general damages for the personal injuries of Complainant, as this Honorable Court will determine to be lawful, necessary reasonable, fair and just which would properly and adequately compensate complainant for all damages allowable under law.

FACTS

V.

Complainant worked as a mechanic for Defendant, Shell Offshore, Inc. on various vessels, including but not limited to the Niobe, Echo, Centurian, Shell America and Phedera seismic vessels, which were engaged in navigation and commerce from 1976 through 1993. They operated in and around the New Orleans area and beyond. He worked with benzene-containing chemicals and solvents throughout this time while employed by above Defendant.

V a.

Mr. Eric Wright dies no August 8, 2010, after suffering form Acute Myelogenous Leukemia (AML). (See attached Death Certificate, Exhibit C).

VI.

Complainant worked as a mechanic for Defendant, P.G.S. Americas, including but not limited to the Edison Schouest, Jonathan Schouest and Gary Schouest vessels, which were engaged in navigation and commerce from 1993 through 1999. They operated in and around the Houston area and beyond. He worked with benzene-containing chemicals and solvents throughout this time while employed by above Defendant.

VII.

Complainant worked as a mechanic for Defendant, D.W.A. International, Inc., on its

4 of 15

vessels which were engaged in navigation and commerce from 1999 through 2001. They operated in Peru, Costa Rica, West Africa and beyond. He worked with benzene-containing chemicals and solvents throughout this time while employed by above Defendant.

VIII.

Complainant worked as a mechanic for Defendant, CGGVeritas International, S.A., on its vessels which were engaged in navigation and commerce from 2007 through 2009. He worked with benzene-containing chemicals and solvents throughout this time while employed by above Defendant.

IX.

Complainant worked as a mechanic for Defendant, Geomotive, on its vessels Vardholme and Viking I which were engaged in navigation and commerce from 2007 through 2009. He worked with benzene-containing chemicals and solvents throughout this time while employed by above Defendant.

UNSEAWORTHINESS AND NEGLIGENCE

X.

At all times material hereto, Defendants were Jones Act employers of Complainant at the times of the exposures in question and owed a duty to Complainant. Each Defendant violated its non-delegable duty to Complainant to provide him with a seaworthy vessel upon which to work.

XI.

In the course of his work, Eric Wright was exposed to benzene and benzene-containing chemicals and solvents aboard vessels which at all material times were owned and/or operated and/or supervised by Defendants. Defendants owed a duty and breached their respective duties owed to Complainant creating conditions of unseaworthiness and/or negligence consisting of, but not limited to, the following:

5 of 15

a. Failure to have the necessary equipment or personal to perform the required work;

b. Failure to have equipment aboard the vessel in working condition;

c. Failure to have properly trained and competent master and crew;

d. Permitting the vessel to be saturated and/or enveloped with benzene contaminated air, when Defendants knew or should have known of same and of injurious consequences of same;

e. Failure to properly secure their respective vessels and provide a safe place to work;

f. Defendants failure to properly inspect and/or maintain their respective vessels to ensure that benzene contaminated air would be contained and would not saturate and/or envelope the vessel causing illness and/or injury to crewmembers and maritime workers such as Complainant;

g. Failing to warn Complainant of the unsafe conditions and health risks associated with the exposure to benzene contaminated air aboard Defendants' respective vessels and work areas;

h. Failing to make proper and adequate precautions on their respective vessels so as to prevent the ongoing release of benzene into the crew spaces and work areas;

i. Failing to provide the master, crew, other workers, and Complainant with the adequate equipment and training to control and/or minimize exposure to benzene;

j. Failing to reduce, minimize, or eliminate benzene exposure levels;

k. Failing to comply with applicable regulations and law concerning air quality and environmental standards aboard the respective vessels, and failing to conform to standard practices in the industry with regard to same;

l. Failing to conduct adequate industrial hygiene monitoring of workers such as Complainant;

m. Failing to conduct adequate engineering controls to protect workers such as Complainant from over-exposure to toxic substances;

n. Failing to implement medical monitoring and testing of employees such as Complainant to determine their exposures and/or overexposures to toxic substances;

o. Failing to implement adequate air monitoring to protect and/or warn workers and Complainant of exposure and/or overexposures to hazardous and toxic substances;

p. Failing to design and/or implement adequate administrative controls to prevent over-exposure to toxic substances by Complainant, employees and/or workers;

q.  Failing to provide proper personal protective equipment, "PPE", so as to minimize benzene exposure and prevent harm to Complainant and others on the respective vessels in the course and scope of their employment;

r.  Failing to adequately supervise Complainant;

s.  Failing to adequately train Complainant, crew, and other workers in appropriate methods to minimize exposure to hazardous substances including benzene;

t.  Failing to properly ship, inspect, accept, remove, load, clean, train its employees and generally transport hazardous materials in interstate commerce, in violation of 49 C.F.R. Transportation Regulation Parts 100-185;

u.  Any and all other acts of unseaworthiness which may be proven at trial.

XII.

Mr. Eric Wright's injuries were caused by the negligence of Defendants and the unseaworthiness of Defendants' respective vessels upon which complainant worked at the aforementioned times, for which Complainant seeks damages pled herein.

MAINTENANCE AND CURE

XIII.

Complainant re-alleges each allegation hereinabove. At all times pertinent to this action, Complainant was and is entitled to the benefits of maintenance and cure from Defendants, Complainant's Jones Act employers, and in the event such is not timely and properly paid, now or in the future, to receive damages in the form of attorney's fees and costs from the Defendants for any wrongful failure to timely and/or pay maintenance and cure and legal interest thereon.

XIV.

STRICT PRODUCT LAIBILITY

The Manufacturer Defendants [Shell Oil Co., Permatex Inc., Radiation Specialty Co., LPS Laboratories, Henkel Loctite Corporation, WD-40 Corporation, W.M. Barr, and Minnesota Mining and Manufacturing Co] breached duties, which they owed to Mr. Wright and the

plaintiffs to exercise proper care in manufacturing and selling their respective products. More specifically, they breached the following duties:

    a. to design their products to contain available and suitable products other than benzene;

    b. to sell benzene-free products;

    c. to select materials other than benzene for inclusion into their products;

    d. to fully test their respective products for health risks associated with the normal and intended use of their products;

    e. to fully instruct and warn users and bystanders in the uses of their respective products so as to eliminate or reduce the health hazards associated with their normal and intended use;

    f. to fully warn foreseeable users and bystanders as additional medical knowledge became available concerning the health hazards associated with their products;

    g. to recall their products upon discovering, or at the time they should have discovered, the health hazards associated with those products;

    h. to inspect fully and adequately the design, selection, testing, instruction and warnings that should have accompanied the sale of such products;

    i. to refrain form negligently misrepresenting the safety and health risks of the products they sold;

    j. to inquire about or investigate the safety and health risks of the products they sold;

    k. to research, study and be aware of medical and scientific studies concerning the health hazards of benzene; and

    l. other acts which may be revealed at the trial of this matter.

XV.

Exposure to benzene from the Manufacturer Defendants' products and/or products under

their care, custody and control resulted from the normal, foreseeable, and intended use of the products, without substantial change in the condition in which the defendants sold or supplied these products.

XVI.

The Manufacturer Defendants' products were defective, presented an unreasonable risk of harm, and were unreasonably dangerous under normal use at the time the products left the respective defendants' control.

XVII.

Mr. Wright was an intended and foreseeable user of the alleged defective products and damages and Manufacturer Defendants could reasonably have anticipated the losses to the plaintiffs.

XVIII.

The defects in the defendants' products and equipment include, but are not limited to, the following:

a. inherent characteristics (known to the defendants) that gave the products such a potential for causing health problems as to render the products unreasonably dangerous per se;

b. lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion in which they were anticipated or should have been anticipated being used;

c. lack of warnings or lack of sufficient instructions for eliminating the health risks inherent in the use of the products;

d. lack of sufficient inspections by the defendants of their products to ensure that such products contained sufficient warnings of the dangerous properties of the products;

e. lack of reasonable inspections by the defendants of their products to ensure that such products contained sufficient instructions for eliminating or minimizing the health risks

9 of 15

inherent in the use of the products;

f.  lack of tests or lack of sufficient tests to determine the effect of benzene vapors on intended users and bystanders;

g.  defective designs calling for the inclusion of benzene in products that did not require benzene, when alternative, equally suitable substances were available, and

h.  other acts which may be revealed at the trial of this matter.

XIX.

The Manufacturer Defendants sold their products with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

XX.

The defective condition of the Manufacturer Defendants' products proximately caused or substantially contributed to Mr. Wright's injuries or damages as described elsewhere herein. The defendants are hence jointly and solidarily strictly liable for the damages caused by their fault.

XXI.

The Manufacturer Defendants knew or should have known about the causal relationship between benzene and leukemia, cancer and disorders of the blood and blood forming tissue. The defendant failed to warn Mr. Wright and other similarly situated workers about the health hazards associated with benzene.

XXII.

Plaintiffs learned that Mr. Wright's illness was related to benzene exposure less than one year prior to filing suit.

DAMAGES

XXIII.

As a result of all acts and omissions set forth in this Complaint and for their negligence

and otherwise fault, the solidarily bound Defendants **SHELL OFFSHORE, INC., SHELL OIL PRODUCTS CO., P.G.S. AMERICAS, INC., CGGVERITAS INTERNATIONAL, S.A., CFFVERIOTAS SERVICE (U.S.) INC., CGGVERITAS SERVICES HOLDING (U.S.) INC., PERMATEX, INC., RADIATOR SPECIALTY, CO., LPS LABORATORIES, HENKEL CORPORATION, WD-40 COMPANY, MINNESOTA MINING AND MANUFACTURING COMPANY**, for all damages caused by their actions and/or misconduct, including but not limited to the following:

  a.  Past, present and future physical pain, suffering and functional disability and impairment;

  b.  Past, present and future mental and emotional pain, anguish, suffering and aggravated mental and emotional deficiency;

  c.  Past, present and future medical expenses which include, but are not limited to, rehabilitation, physician, psychiatric, medical tests and exams, pharmaceutical, laboratory examinations, physical examination, diagnostic studies, medical monitoring, domestic help, nursing care and all other medical related expenses;

  d.  Past, present and future loss of wages, including but not limited to, wages, loss salary, income, fringe benefits, vacation time, sick leave, overtime, health and hospitalization insurance and disability coverage;

  e.  Diminution of earning capacity;

  f.  Loss of insurability;

  g.  Past, present and future disability, and disfigurement

  h.  Loss of enjoyment of life;

  i.  Loss of consortium;

  j.  Physical impairment; and

  k.  Any and all other economic losses Complainant has sustained or will sustain in the future.

XXIV.

WRONGFUL DEATH & SURVIVAL CLAIMS

11 of 15

  a. Mr. Eric Wright died as a result of Acute Myelogenous Leukemia (AML) on August 8, 2010. Complainants assert causes of action for Wrongful Death and Survival Actions for Mr. Eric Wright, under Civil Code Articles 2315.1 and 2315.2; and loss of consortium claims for Mrs. Carolyn Wright; and specifically adopt all of the allegations set forth above as well as asserting their individual claims

  b. The Wrongful Death Complainant, Mrs. Carolyn Wright has lost the love, affection, solace, comfort, companionship, society, assistance necessary for a successful marriage, case maintenance, support, services, advise, counsel and reasonable contributions of a pecuniary value, and the present value of the assets that Mr. Wright would in reasonably probability added to the estate and left to heirs. Mrs. Wright has suffered mental anguish and will continue to suffer mental anguish for which elements of damages she is entitled to recover of and from Defendants.

  c. The Survival Plaintiff named herein would show that prior to the death of Mr. Wright, Plaintiffs suffered medical costs and expenses; pain; suffering; mental anguish; disability; loss of income; loss of earning capacity; loss of consortium; physical impairment and disfigurement as a result of the acts of the Defendants complained of above., The Plaintiffs bring this survival actions for these elements of damages on behalf of the estate and heirs of Mr. Wright, together with a claim for expenses of funeral and burial.

## LOSS OF CONSORTIUM

Due to the Manufacturing Defendants fault, as described above, and because of the benzene-related injuries of Mr. Wright, the plaintiffs have suffered loss of consortium, loss of services, loss of affection, and loss of nurture and are entitled to damages as are reasonable.

  WHEREFORE, Complainant, **ERIC C. AND CAROLYN WRIGHT**, pray that

12 of 15

judgment be awarded in their favor and against the solidarily bound Defendants, **SHELL OFFSHORE, INC., SHELL OIL PRODUCTS CO., P.G.S. AMERICAS, INC., CGGVERITAS INTERNATIONAL, S.A., CFFVERIOTAS SERVICE (U.S.) INC., CGGVERITAS SERVICES HOLDING (U.S.) INC., PERMATEX, INC., RADIATOR SPECIALTY, CO., LPS LABORATORIES, HENKEL CORPORATION, WD-40 COMPANY, MINNESOTA MINING AND MANUFACTURING COMPANY** for pecuniary/special and non-pecuniary/general damages which would be sufficient, adequate, and lawful to compensate Plaintiff for all losses and damages as alleged and sought herein, together with legal interests from the date of the judicial demand or interest determined by the Court until paid, plus maintenance and cure, and all other relief as this Court may deem lawful, equitable, necessary, proper and just.

.  Respectfully submitted,

**L. ERIC WILLIAMS (#26733)**
WILLIAMS LAW OFFICE, LLC
3000 West Esplanade Avenue
Suite 200
Metairie, LA 70002
TELEPHONE: (504) 832-9898
FACSIMILE: (504) 834-1511
EMAIL: eric@amlbenzene.net

-and-

*s/ Amber E. Cisney*
**RICHARD J. FERNANDEZ (#05532)**
**AMBER E. CISNEY (#28821)**
LAW OFFICE OF RICHARD J. FERNANDEZ, LLC
3000 West Esplanade Avenue
Suite 200
Metairie, LA 70002
TELEPHONE: (504) 834-8500
FACSIMILE: (504) 834-1511
EMAIL: rick@rjfernandezlaw.com
          amber@rjfernandezlaw.com
**ATTORNEYS FOR PLAINTIFFS**

13 of 15

**SERVICE SHALL BE MADE PURSUANT TO THE RULES OF CIVIL PROCEDURE:**

**SHELL OFFSHORE, INC.**
Through its attorney of record

**SHELL OIL PRODUCTS CO.**
Through its attorney of record

**P.G.S. Americas**
Through its attorney of record

**CGGVERTIAS INTERNATIONAL S.A.**
Through its attorney of record

**CGGVERITAS SERVICES (U.S.) INC.**
**Successor to C.G.G. AMERICA., INC**
Through its attorney of record

**CGGVERITAS SERVICES HOLDING (U.S.) INC.**
Through its attorney of record

**PERMATEX, INC.**
Headquarters
10 Columbus Blvd.
Hartford, CT 06106

**RADIATOR SPECIALTY, CO.**
Through its attorney of record

**LPS LABORATORIES**
Through its attorney of record

**HENKEL CORPORATION OF DELAWARE**
Through its attorney of record

**WD-40 COPMANY**
Through its attorney of record

**W.M. Barr**
Through its attorney of record

**MINNESOTA MINING AND MANUFATURING COMPANY**.
Through its Registered Agent
CT Corporation System
5615 Corporate Blvd.
Ste 400B
Baton Rouge, LA 70808

14 of 15

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing has been served upon all counsel of record by facsimile and/or U.S. mail on this 20th day of  December  2010.

                                          *s/ Amber E. Cisney*
                                          Amber E. Cisney