# Exhibit 3

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' OMNIBUS DISCOVERY REQUESTS ON ALL DEFENDANTS

**NOW COME** Plaintiffs, through Plaintiffs' Liaison Counsel, and, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in the actions which have been transferred and/or coordinated in Section J of the Eastern District of Louisiana in association with the above-captioned MDL proceeding, and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days, or as otherwise provided herein, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant).  Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information ("ESI") responsive to these discovery requests be produced in native file format, including embedded data and/or metadata associated with each electronic file.  At a minimum, Defendants shall

include in their ESI production all metadata fields recommended by the Electronic Discovery Reference Model ("EDRM") (and hash values) in the format set forth by EDRM.  Any images of documents which exist in hard copy paper format should be provided as searchable .tif images with a Concordance load file and OCR.  Furthermore, if any responsive ESI is not in a "reasonably usable form," Defendant is requested to notify Plaintiffs' Liaison Counsel immediately, in order to confer regarding any translation necessary to put the ESI in a reasonably usable form.

**Request for Production No. 1**

Please produce any and all documents and/or ESI produced and/or provided to the Coast Guard, Mineral Management Service ("MMS"), Marine Board Investigation ("MBI"), and/or any Congressional Committee and/or Sub-Committee in connection or association with any investigation or inquiry regarding or relating to the Deepwater Horizon and/or the Macondo Well.

Please include copies of any and all *subpoenas* and/or requests to which you produced such documents and ESI.

Please also produce any and all pre-April 20, 2010 filings with the Coast Guard and/or MMS relating or in any way pertaining to the Macondo Prospect, the Deepwater Horizon, or the Macondo Well.

**Request for Production No. 2**

Please produce any and all insurance policies, including declaration sheets, (with premium information redacted), which may provide any insurance or indemnity to you and/or Plaintiffs for any claims and/or damages arising out of or in any way associated with the Deepwater Horizon and/or the Macondo Well.  Please also produce any and all reservation of rights letters you have received from any insurer.

**Request for Production No. 3**

Please produce any and all drilling contracts, service agreements, mineral lease and/or mineral rights and/or royalty agreements, joint operation and/or exploration and/or production and/or joint-venture agreements, indemnity agreements, and/or charter agreements, relating or pertaining to the Macondo Prospect, the Deepwater Horizon, and/or the Macondo Well.

**Request for Production No. 4**

Please produce any and all AFEs, well plans, and drilling and/or completion protocols, relating or pertaining to the Macondo Prospect, the Deepwater Horizon, and/or the Macondo Well.

**Request for Production No. 5**

Please produce any and all design specifications for the Deepwater Horizon, including diagrams, photographs and schematics of the vessel, the decks, and the blow-out preventer ("BOP").

**Interrogatory No. 1 and/or Request for Production No. 6**

Please describe the nature of any safety mechanism or emergency shut-off valve, system, or mechanism, including any Emergency Disconnect System ("EDS") and/or "dead man" system, as well as any information relating to any inhibitor or override of any safety and/or alarm system, with a full account of the intended functional purpose and capability, maintenance performed or scheduled, inspections and known problems of the same.

**Request for Production No. 7**

Please produce any and all real-time data feeds, data dumps, e-mails, and/or other electronic communications to, from and/or regarding the navigational, drilling, completion, temporary abandonment or other operations of the Deepwater Horizon and/or the Macondo Well from February 20, 2010 thru April 21, 2010.

**Interrogatory No. 2 and Request for Production No. 8**

Within thirty (30) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of (i) all officers, directors, managers,

employees or other corporate representatives providing testimony to the Coast Guard / MMS / MBI or to any committee or sub-committee of the United States Congress, and (ii) all officers or employees responsible for services provided in association with the navigational, drilling, completion, temporary abandonment or other operations of the Deepwater Horizon (whether on the rig or from shore) within forty-eight hours of the casualty. Defendants shall also provide a written transcript of any testimony before Congress or the Coast Guard / MMS / MBI, as well as any and all written or recorded statements prepared or provided by such personnel.

Within sixty (60) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants associated with any services provided, and/or drilling and/or completion and/or temporary abandonment activities conducted, in association with the Deepwater Horizon, its equipment, or the Macondo Well.

Within ninety (90) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants with knowledge regarding the maintenance, inspection, problems, complaints or repairs associated with the Deepwater Horizon, its equipment, or the Macondo Well.

Within one hundred and twenty (120) days, please provide the name, employer, address, job title, job description, immediate supervisor, and direct subordinates, of any and all other officers, employees or consultants who were involved or participated in any and all well control, clean-up, or remediation efforts as a result of the spill.

## Request for Production No. 9

Please provide your organizational charts in effect from January 1, 2010, thru the present, including organizational charts reflecting and/or containing:

a. officers, employees or other personnel within any department or division supervising and/or providing services in connection with the Deepwater Horizon and/or the Macondo Well;

b. officers, employees or other personnel within any department or division supervising and/or providing services within the Gulf of Mexico;

c. the officers, directors, members and/or managers of each Defendant entity;

d. the parents, subsidiaries, sister entities and/or other affiliates of each Defendant entity;

e.   the officers, directors, members and/or managers of the parents, subsidiaries, sisters and/or other affiliates of each Defendant entity; and,

e.   the parents, subsidiaries, sister entities and/or other affiliates of each entity supervising and/or providing services in connection with the Deepwater Horizon and/or the Macondo Well.

**Interrogatory No. 3 (and/or Request for Production No. 10)**

Please describe the existence, nature, time, location, custodian, testing, analysis and/or results of any and all water, oil, soil, air, tissue and/or other environmental samples which have been taken or collected in or around the Gulf of Mexico (including its adjacent and/or neighboring shores, inlets, tributaries, rivers, marches, estuaries, beaches, waters, counties, parishes, states, countries and/or bays) from April 20, 2010 to the present.

**Request for Production No. 11**

Please produce any and all internal or independent root cause analysis and/or self-critical analysis regarding the cause and/or causes of the Deepwater Horizon blow-out, explosion, fire and/or resulting oil spill, including any and all drafts of the foregoing, including, but not limited to, any and all partial drafts, initial drafts, or other drafts of BP's *Deepwater Horizon* Accident Investigation Report.

**Request for Production No. 12 and Interrogatory No. 4**

Please produce your Information Systems (IS), Management Information System (MIS) and/or Information Technology (IT) manuals and/or protocols, including schematics and/or diagrams of the portions of their computer networks which may contain discoverable ESI, and the identification (with job title and location) of persons most knowledgeable regarding same.

Please describe all communications, with the Coast Guard, MMS, MBI, and/or any Congressional Committee and/or Sub-Committee, whether in writing or by oral communication, relating to your production of documents and ESI as stated above in Request for Production No. 1. Please include in your response the identity of each person (consistent with the requirements of Rule 26(a)(3)(A)(i), as well as employer and title) with which any such communications were made, as well as the dates any such communications were made.

Please also identify any and all sources of alleged "inaccessible" ESI which may contain potentially relevant information, but is (or are) not being reviewed by you on account of alleged "undue burden" or cost, (or for any other reason).

Please also produce your document and/or ESI retention and/or destruction policies in effect from January 1, 2005 through the present.

**Request for Production No. 13**

Please produce any and all requests for documents (and/or ESI) and/or any documents (and/or ESI) exchanged, at any time since April 20, 2010, between and/or among any two or more Defendants.

This 5th day of October, 2010.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel.* | *Plaintiffs Liaison Counsel.* |

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Discovery Requests shall be served, *via* E-MAIL, upon all Defense Liaison Counsel, this <u>5th</u> day of <u>October</u>, <u>2010</u>.

<u>    /s/  Stephen J.  Herman and James Parkerson Roy    </u>

Page 7



LEXISNEXIS® FILE & SERVE
E-SERVICE
34326777
Nov 12 2010
4:56PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' SECOND SET OF OMNIBUS DISCOVERY REQUESTS

**NOW COME** Plaintiffs, through Plaintiffs' Liaison Counsel, and, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in the actions which have been transferred and/or coordinated in Section J of the Eastern District of Louisiana in association with the above-captioned MDL proceeding,[1] and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant). Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs

---

[1]There are two cases filed by Gulf Restoration Network against the U.S. Department of Interior and Secretary Salazar (Nos. 10-1497 and 10-1630) which appear to be primarily, if not exclusively, Administrative Procedure Act cases. While Plaintiff Liaison Counsel take no position with respect to the extent to which discovery may or may not be appropriate in those actions, it is not intended or requested that responses to this discovery be furnished by any officer or agent of the United States.

request that all electronically stored information ("ESI") responsive to these discovery requests be produced in native file format, including embedded data and/or metadata associated with each electronic file, or otherwise in accordance with PRE-TRIAL ORDER NO. 16.

**Supplement, Amendment and/or Clarification to Omnibus Request for Production No. 7 (and/or additional Omnibus Interrogatory No. 5)**

Included within, and in addition to, INITIAL OMNIBUS REQUEST NO. 7, please provide:

With respect to the Halliburton/Sperry Sun INSITE real-time feed data that was transmitted from the Deepwater Horizon on April 18-20, 2010, please provide any documentation or other information, including but not limited to meta or other data, setting forth those parties, individual employees (along with their respective employers), contractors or other entities that were logged in to or accessed the Deepwater Horizon INSITE system feed at any time on April 18-20, the location from which the system was accessed by each, and the time (and duration) in which each was logged in to the system, as well as any and all data that was accessed at any time, by anyone, during those three days.

This 12th day of November, 2010.

Respectfully submitted,

_____/s/   Stephen J. Herman_____
**Stephen J. Herman**, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com

*Plaintiffs Liaison Counsel.*

_____/s/ James Parkerson Roy_____
**James Parkerson Roy**, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, this 12th day of November, 2010.

    /s/  Stephen J.  Herman and James Parkerson Roy



35524304

Jan 23 2011
6:54PM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' THIRD SET OF OMNIBUS DISCOVERY REQUESTS

**NOW COME** Plaintiffs, through Plaintiffs' Liaison Counsel, and, pursuant to Rules 26, 33

and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every

Defendant named in any pending Bundle A petition or complaint, any pending Bundle C petition

or complaint, the B1 Master Complaint [Doc 879], the B3 Master Complaint [Doc 881], and/or

the D1 Master Complaint [Doc 880], and request that responses be served upon Plaintiffs'

Liaison Counsel within thirty (30) days, (or upon a rolling or other alternative schedule mutually

agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant).  Pursuant to Federal

Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information

("ESI") responsive to these discovery requests be produced in native file format, including

embedded data and/or metadata associated with each electronic file, or otherwise in accordance

with PRE-TRIAL ORDER NO. 16.

**Omnibus Interrogatory No. 6 and Request No. 14**

Please identify by name, employer, title and job description each and every employee and/or retained expert or consultant who participated in, or has knowledge of, discussions, decisions made, and/or the process of evaluating and/or implementing same, with respect to the Macondo well control, capping, shut in, and/or kill efforts, after April 20, 2010.

Please produce a copy of any and all communications or other documents (and/or ESI) containing or reflecting any comment, examination, discussion, decision, analysis, instruction and/or implementation of any and all well control, capping, shut in, top kill, bottom kill and/or other flow termination efforts at the Macondo Well after April 20, 2010, including any and all geological, technical, engineering, professional, management, economic and/or other testing, evaluation, study and/or analysis of any potential method or technique, including the possible risks, benefits or other consequences thereof.

This 23rd day of January, 2011.

Respectfully submitted,

_____/s/   Stephen J. Herman_____
**Stephen J. Herman**, La. Bar No. 23129
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com

*Plaintiffs Liaison Counsel.*

_____/s/ James Parkerson Roy_____
**James Parkerson Roy**, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel.*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with PRETRIAL ORDER NO. 12, this 23rd day of January, 2011.


    /s/  Stephen J.  Herman and James Parkerson Roy



36576319

Mar 20 2011
10:22PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| "**Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' FOURTH SET OF OMNIBUS DISCOVERY REQUESTS

### [Regarding Insurance]

NOW COME Plaintiffs, through Plaintiffs' Liaison Counsel, who, (in addition to OMNIBUS REQUEST NO. 2 and the March 1, 2011 ORDER [Doc 1458]), pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in any pending Bundle A petition or complaint, any pending Bundle C petition or complaint, the B1 Amended Master Complaint [Doc 1128], the B3 Master Complaint [Doc 881], and/or the D1 Master Complaint [Doc 880], and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant). Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically

stored information ("ESI") responsive to these discovery requests be produced in native file format, including embedded data and/or metadata associated with each electronic file, or otherwise in accordance with PRE-TRIAL ORDER NO. 16.

## **Definitions**

"**Coverage**" means all types of insurance coverage, including comprehensive general liability, protection and indemnity, workers' compensation, maritime, hull, products liability, captive insurance, reimbursement schemes and programs, first party coverage, indemnity policies, pollution liability coverage, operator's extra expense, energy exploration and development, asset replenishment, errors, acts and omission, natural resource claims, private property damage claims, public property damage claims or eroding cost.

"**Incident**" means: (1) the explosion that occurred on the Deepwater Horizon on or around April 20, 2010; (2) the Oil Spill; and (3) the clean up related to the explosion and oil spill; and (4) each and every occurrence, event, incident, accident, wrongful act, act, error, omission, misstatement, misleading statement, breach of duty or other conduct causing, contributing to, necessitating, or relating in any way to the foregoing.

"**Insurance Policy**" means a policy or portion of a policy, as well as any other Document (including binders, certificates of insurance, or slips) evidencing insurance coverage or the existence, writing of, issuance of, terms of, underwriting of, premium for, payment under, or claim under a policy, whether such policy was issued by a domestic U.S. insurer, a London insurer, or any other insurer including a captive insurer, affording coverage for an insured's liability or loss, including liability for or loss arising from personal injury, property damage, bodily injury, or claims for wrongful acts, including any policy designated as a liability policy, general liability policy, comprehensive general liability policy, primary liability policy, excess liability policy, umbrella policy, follow-form policy, wrap-up policy, third-party policy, environmental policy, environmental impairment policy, pollution policy, products liability policy, errors and omissions policy, professional liability policy, malpractice policy, or directors and officers policy, and any part(s) of any such insurance policy, including any declaration pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be construed to be a part of or related to the terms of such insurance policy.

"**Oil spill**" means all releases, leaks or emanations of oil, hydrocarbons, gases, or other materials of any kind into the Gulf of Mexico form the Macondo Well or the formation into which the Macondo Well was drilled at any time from or after April 20, 2010.

"**You**" includes: (i) the named Defendant, (ii) any predecessor-in-interest or successor-in-interest of the named Defendant; (iii) any parent entity, subsidiary, affiliate, predecessor-in-interest, or successor-in-interest, officer, director, agent, broker, attorney, or employee of the named Defendant, who may have secured an Insurance Policy for Coverage as defined herein; and/or (iv) any parent entity, subsidiary, affiliate, predecessor-in-interest, or successor-in-interest, officer, director, agent, broker, attorney, or employee of the named Defendant, who communicated with any insurer, agent, broker, syndicate, attorney or other party on the named Defendant's behalf regarding any Insurance Policy or Coverage relating to the Incident or Oil Spill as defined herein.

## REQUESTS

**Omnibus Interrogatory No. 7:**

Identify each and every insurance carrier that issued an Insurance Policy to You or that otherwise provides coverage or other benefits to You at any time from the year 2000 to the present.

**Omnibus Request for Production No. 15:**

All Insurance Polices issued to You or otherwise providing coverage or other benefits to You at any time from the year 2000 to the present.

**Omnibus Request for Production No. 16:**

All Insurance Polices as to which You are or were an insured, a named insured, or an additional insured at any time from the year 2000 to the present.

**Omnibus Request for Production No. 17:**

All Insurance Policies that may afford You coverage or other benefits in connection with the Incident.

**Omnibus Interrogatory No. 8 and Request No. 18**:

Identify each and every person, including corporate officers, managers, or any other personnel, either directly employed by You or acting on Your behalf, who was or is responsible for acquiring, placing, or securing Insurance Policies or insurance coverage for You from the year 2000 to the present, including any such personnel in Your risk management (or equivalent) department.

Please produce all documents, including organizational charts, relating or pertaining in any way thereto.

**Omnibus Interrogatory No. 9 and Request No. 19**:

Identify each and every person, including corporate officers, managers, or any other personnel, either directly employed by You or acting on Your behalf, who was or is responsible for handling insurance claims in connection with the Incident.

Please produce all documents, including organizational charts, relating or pertaining in any way thereto.

**Omnibus Request for Production No. 20:**

Please produce any and all documents (and/or electronic data) reflecting any and all communications between You and any insurer or other provider of an Insurance Policy relating to this Incident, in connection with:
> (a)     notice of claims, or
> (b)     notice of occurrences, or
> (c)     notice of facts and circumstances, or
> (d)     requests or claims for coverage, defense, payment, or indemnity.

**Omnibus Request for Production No. 21:**

All Documents regarding any investigation or analysis by you of any insurance matters relating to Incident.

**Omnibus Request for Production No. 22:**

All Documents, including reports, memoranda, or correspondence, constituting or regarding any coverage determinations with respect to the Incident.

**Omnibus Request for Production No. 23:**

All documents that contain or relate to communications between any insurer or anyone acting on an insurer's behalf and You regarding Coverage (and/or indemnity) (and/or other benefits) under any Insurance Policy in connection with the Incident.

**Omnibus Request for Production No. 24:**

All Documents identifying in whole or part any insurance agents or brokers (including intermediate or third party brokers) involved in the negotiation, sale, underwriting, or placement of any Insurance Policy that may afford You coverage or other benefits in connection with the Incident.

**Omnibus Request for Production No. 25:**

All documents reflecting the scope of coverage under any Insurance Policy that may afford You coverage or other benefits in connection with the Incident, whether such documents were created before, at the time of, or after placement of the policies in question.

**Omnibus Request for Production No. 26:**

All claims files or other documents pertaining to insurance claims relating to the Incident.

**Omnibus Request for Production No. 27:**

All documents relating to loss control investigations, site visits, and inspections, including such investigations, visits, and inspections relating to oil-drilling activities and the investigation, exploration, capture, research, development or recovery of petroleum based natural resources, conducted in connection with the issuance of Insurance Policies that may afford You coverage or other benefits in connection with the Incident, including loss control or site inspection reports.

**Omnibus Request for Production No. 28:**

All documents that contain or relate to communications between You and any state insurance commissioner, state attorney general, or any other state insurance regulatory body regarding any policy term(s) for Insurance Policies that may afford You Coverage or other benefits in connection with the Incident.

**Omnibus Request for Production No. 29:**

All documents that contain or relate to any communications regarding reservations of rights or denials of coverage by any insurer in connection with the Incident.

**Omnibus Request for Production No. 30:**

All documents regarding arbitrations or other alternative dispute resolution proceedings concerning insurance coverage relating to the Incident.

**Omnibus Request for Production No. 31:**

All documents relating to risk management or insurance claims handling for You relating to the Incident.

**Omnibus Request for Production No. 32:**

All documents that relate to the settlement of Incident-related insurance claims.

**Omnibus Request for Production No. 33:**

All documents that relate to payments by insurers or the alleged consumption, erosion, or exhaustion of policy limits related to the Incident.

**Omnibus Request for Production No. 34:**

All documents that relate to reinsurance that may afford coverage in connection with the Incident.

**Omnibus Request for Production No. 35:**

All documents other than Insurance Policies that provide for indemnity or indemnification that may apply in connection with the Incident.

**Omnibus Interrogatory No. 10:**

Identify any and all entities that have made or may make demands for indemnity or indemnification against you in connection with the Incident.

**Omnibus Request for Production No. 36:**

All documents (other than Insurance Policies) constituting or relating to agreements to which you are a party that provide for indemnification or indemnity that may apply to Incident-related claims.

This <u>20th</u> day of <u>March</u>, <u>2011</u>.


Respectfully submitted,


_____/s/   Stephen J. Herman_____
**Stephen J. Herman**, La. Bar No. 23129
**HERMAN HERMAN KATZ & COTLAR LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com
*Plaintiffs Liaison Counsel.*

_____/s/ James Parkerson Roy_____
**James Parkerson Roy**, La. Bar No. 11511
**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel.*

### Certificate of Service

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, this 20th day of March, 2011.


    /s/  Stephen J.  Herman and James Parkerson Roy



36694219

Mar 25 2011
4:25PM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' FIFTH SET OF OMNIBUS DISCOVERY REQUESTS

### [Regarding Insurance]

NOW COME Plaintiffs, through Plaintiffs' Liaison Counsel, who, (in addition to OMNIBUS REQUEST NO. 2, the March 1, 2011 ORDER [Doc 1458], and the PLAINTIFFS' FOURTH SET OF OMNIBUS REQUESTS), pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in any pending Bundle A petition or complaint, any pending Bundle C petition or complaint, the B1 Amended Master Complaint [Doc 1128], the B3 Master Complaint [Doc 881], and/or the D1 Master Complaint [Doc 880], and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant). Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information ("ESI") responsive to

these discovery requests be produced in native file format, including embedded data and/or

metadata associated with each electronic file, or otherwise in accordance with PRE-TRIAL ORDER

NO. 16.

## Definitions

"**Coverage**" means all types of insurance coverage, including comprehensive general liability, protection and indemnity, workers' compensation, maritime, hull, products liability, captive insurance, reimbursement schemes and programs, first party coverage, indemnity policies, pollution liability coverage, operator's extra expense, energy exploration and development, asset replenishment, errors, acts and omission, natural resource claims, private property damage claims, public property damage claims or eroding cost.

"**Incident**" means: (1) the explosion that occurred on the Deepwater Horizon on or around April 20, 2010; (2) the Oil Spill; and (3) the clean up related to the explosion and oil spill; and (4) each and every occurrence, event, incident, accident, wrongful act, act, error, omission, misstatement, misleading statement, breach of duty or other conduct causing, contributing to, necessitating, or relating in any way to the foregoing.

"**Insurance Policy**" means a policy or portion of a policy, as well as any other Document (including binders, certificates of insurance, or slips) evidencing insurance coverage or the existence, writing of, issuance of, terms of, underwriting of, premium for, payment under, or claim under a policy, whether such policy was issued by a domestic U.S. insurer, a London insurer, or any other insurer including a captive insurer, affording coverage for an insured's liability or loss, including liability for or loss arising from personal injury, property damage, bodily injury, or claims for wrongful acts, including any policy designated as a liability policy, general liability policy, comprehensive general liability policy, primary liability policy, excess liability policy, umbrella policy, follow-form policy, wrap-up policy, third-party policy, environmental policy, environmental impairment policy, pollution policy, products liability policy, errors and omissions policy, professional liability policy, malpractice policy, or directors and officers policy, and any part(s) of any such insurance policy, including any declaration pages, endorsements, riders, binders, policy jackets, standard forms, inserts, or any other item that is or could be construed to be a part of or related to the terms of such insurance policy.

"**Oil spill**" means all releases, leaks or emanations of oil, hydrocarbons, gases, or other materials of any kind into the Gulf of Mexico form the Macondo Well or the formation into which the Macondo Well was drilled at any time from or after April 20, 2010.

"**You**" includes: (i) the named Defendant, (ii) any predecessor-in-interest or successor-in-interest of the named Defendant; (iii) any parent entity, subsidiary, affiliate, predecessor-in-interest, or successor-in-interest, officer, director, agent, broker, attorney, or employee of the named Defendant, who may have secured an Insurance Policy for Coverage as defined herein; and/or (iv) any parent entity, subsidiary, affiliate, predecessor-in-interest, or successor-in-interest, officer, director, agent, broker, attorney, or employee of the named Defendant, who communicated with any insurer, agent, broker, syndicate, attorney or other party on the named Defendant's behalf regarding any Insurance Policy or Coverage relating to the Incident or Oil Spill as defined herein.

**Omnibus Interrogatory No. 11**

Identify each and every Person, whether employed by you or acting on your behalf, including risk management personnel and brokers, who, in connection with the Incident, has communicated with any insurer, or who was or is responsible for or has taken any action in connection with:

(a)     notice of claims, or

(b)     notice of occurrences, or

(c)     notice of facts and circumstances, or

(d)     Insurance Policy, or

(e)     requests or claims for Coverage, defense, payment, or indemnity.

Page 3

**Omnibus Interrogatory No. 12**:

Provide a listing of each and every claim you have made for insurance Coverage related to the Incident.  For each claim, provide a summary of the nature of the claim; identify the insurer(s) involved; provide the number, policy period, and layer of coverage of the Insurance Policy or Policies involved; and state the amount of the claim, if known.

This <u>25th</u> day of <u>March</u>, <u>2011</u>.

Respectfully submitted,

<table>
<tr>
<td>_____/s/   Stephen J. Herman_____<br>**Stephen J. Herman**, La. Bar No. 23129<br>HERMAN HERMAN KATZ & COTLAR LLP<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Fax No. (504) 569-6024<br>E-Mail: sherman@hhkc.com<br>*Plaintiffs Liaison Counsel.*</td>
<td>_____/s/ James Parkerson Roy_____<br>**James Parkerson Roy**, La. Bar No. 11511<br>DOMENGEAUX WRIGHT ROY & EDWARDS LLC<br>556 Jefferson Street, Suite 500<br>Lafayette, Louisiana 70501<br>Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail: jimr@wrightroy.com<br>*Plaintiffs Liaison Counsel.*</td>
</tr>
</table>

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with PRE-TRIAL ORDER NO. 12, this <u>25th</u> day of <u>March</u>, <u>2011</u>.

_____/s/  Stephen J.  Herman and James Parkerson Roy_____

Page 4



37308307

Apr 29 2011
6:55AM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: *All Cases.* | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

## PLAINTIFFS' SIXTH SET OF OMNIBUS DISCOVERY REQUESTS

NOW COME Plaintiffs, through Plaintiffs' Liaison Counsel, who, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every Defendant named in any pending Bundle A petition or complaint, any pending Bundle C petition or complaint, the B1 Amended Master Complaint [Doc 1128], the B3 Amended Master Complaint [Doc 1812], and/or the D1 Master Complaint [Doc 880], and request that responses be served upon Plaintiffs' Liaison Counsel within thirty (30) days.  Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information ("ESI") responsive to these discovery requests be produced in native file format, including embedded data and/or metadata associated with each electronic file, or otherwise in accordance with PRE-TRIAL ORDER NO. 16.

**Omnibus Request for Production No. 37:**

Please provided any and all written or recorded statements of witnesses relating to the events of April 20, 2010, the *Deepwater Horizon,* the Macondo Well, and/or the oil spill emanating therefrom, that you have received from any source, including, but not limited to, statements taken by the U.S. Coast Guard, MMS and/or any other Government officer or agency.

This 29th day of April, 2011.

Respectfully submitted,

|  |  |
|---|---|
| _/s/   Stephen J. Herman_ | _/s/ James Parkerson Roy_ |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **Herman Herman Katz & Cotlar LLP** | **Domengeaux Wright Roy & Edwards LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel.* | *Plaintiffs Liaison Counsel.* |

Page 2

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with PRE-TRIAL ORDER NO. 12, this 29th day of April, 2011.

    /s/  Stephen J.  Herman and James Parkerson Roy



37757250

May 24 2011
10:09AM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig      *      **MDL No. 2179**
       "Deepwater Horizon" in the Gulf    *
       of Mexico, on April 20, 2010      *      **SECTION: J**
                                     *
       Applies to: *All Cases.*          *      **JUDGE BARBIER**
                                     *      **MAGISTRATE SHUSHAN**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS' SIXTH SET OF OMNIBUS DISCOVERY REQUESTS

### [Regarding Settlement, Indemnity, Hold Harmless, and Joint Prosecution Agreements]

**NOW COME** Plaintiffs, through Plaintiffs' Liaison Counsel, who, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve the following requests upon each and every defendant named in any pending Bundle A petition or complaint, any pending Bundle C petition or complaint, the B1 Amended Master Complaint [Doc 1128], the B3 Master Complaint [Doc 881], and/or the D1 Master Complaint [Doc 880], and request that responses be served upon Plaintiffs' Liaison Counsel on an expedited basis, or alternatively within thirty (30) days, (or upon a rolling or other alternative schedule mutually agreed upon by Plaintiffs' Liaison Counsel and Counsel for Defendant), or as may be otherwise ordered by the Court.  Pursuant to Federal Rule of Civil Procedure 34(b)(1)(c), Plaintiffs request that all electronically stored information ("ESI") responsive to these discovery requests be produced in native file format, including

embedded data and/or metadata associated with each electronic file, or otherwise in accordance

with PRE-TRIAL ORDER NO. 16.

## Definitions

"**Hold Harmless Agreement**" means an agreement in which one or more Defendants agrees to hold harmless, forgive, release, discharge and/or waive any debt, liability and/or obligation, and/or to provide a defense for, any other Defendant, with respect to any actions, demands, claims, cross-claims and/or third-party demands, related, directly or indirectly, to the Incident and/or Oil Spill (as defined herein).

"**Incident**" means: (1) the explosion that occurred on the Deepwater Horizon on or around April 20, 2010; (2) the Oil Spill; and (3) the clean up related to the explosion and oil spill; and (4) each and every occurrence, event, incident, accident, wrongful act, act, error, omission, misstatement, misleading statement, breach of duty or other conduct causing, contributing to, necessitating, or relating in any way to the foregoing.

"**Indemnity Agreement**" means an agreement by which one or more Defendants has agreed to reimburse another Defendant for a loss suffered because of the Defendant's own act or default or other legal liability or obligation, or that of a third party, relating, directly or indirectly, to the Incident and/or the Oil Spill (as defined herein).

"**Joint Prosecution Agreement**" means an agreement recognizing, establishing or declaring that two or more Defendants have a common interest in pursuing legal remedies against any other Defendant(s) relating or pertaining to the Incident and/or the Oil Spill (as defined herein).

"**Joint Defense Agreement**" means an agreement recognizing, establishing or declaring that two or more Defendants have a common interest in defending against legal actions or claims, cross-claims and/or third-party demands, relating or pertaining to the Incident and/or the Oil Spill (as defined herein).

"**Oil spill**" means all releases, leaks or emanations of oil, hydrocarbons, gases, or other materials of any kind into the Gulf of Mexico form the Macondo Well or the formation into which the Macondo Well was drilled at any time from or after April 20, 2010.

**"Release"** means an agreement in which one or more Defendants agrees to hold harmless, forgive, release, discharge and/or waive any debt, liability and/or obligation, and/or to provide a defense for, any other Defendant, with respect to any actions, demands, claims, cross-claims and/or third-party demands, related, directly or indirectly, to the Incident and/or Oil Spill (as defined herein).

**"Settlement Agreement"** means an agreement ending, in whole or in part, a dispute and/or claim to legal remedies between two or more Defendants, relating, directly or indirectly, to the Incident and/or the Oil Spill (as defined herein).

**"Defendant"** includes: **(i)** any entity named as a defendant in any pending Bundle A petition or complaint, any pending Bundle C petition or complaint, the B1 Amended Master Complaint [Doc 1128], the B3 Master Complaint [Doc 881], and/or the D1 Master Complaint [Doc 880]; **(ii)** any predecessor-in-interest or successor-in-interest of any such entity; and **(iii)** any parent entity, subsidiary, affiliate, predecessor-in-interest, or successor-in-interest, officer, director, agent, broker, attorney, or employee of any such entity.


## Omnibus Request for Production No. 37

Please produce any and all full or partial Hold Harmless Agreements, Indemnity Agreements, Settlement Agreements and/or Releases, executed between or among two or more Defendants, after April 20, 2010, relating or pertaining to the Incident and/or the Oil Spill, and/or potential losses and/or damages (and/or other legal liabilities or obligations) arising therefrom.


## Omnibus Interrogatory No. 13

Please identify the parties to any and all Joint Prosecution Agreements and/or Joint Defense Agreements between or among any Defendants relating or pertaining to actions, demands, claims, cross-claims and/or third-party demands relating or in any way pertaining to the

Incident and/or the Oil Spill, and/or potential losses and/or damages (and/or other legal liabilities or obligations) arising therefrom.

     This <u>24th</u> day of <u>May</u>, <u>2011</u>.

Respectfully submitted,

<table>
<tr><td>_____/s/   Stephen J. Herman_____</td><td>_____/s/ James Parkerson Roy_____</td></tr>
<tr><td><strong>Stephen J. Herman</strong>, La. Bar No. 23129</td><td><strong>James Parkerson Roy</strong>, La. Bar No. 11511</td></tr>
<tr><td>HERMAN HERMAN KATZ & COTLAR LLP</td><td>DOMENGEAUX WRIGHT ROY & EDWARDS LLC</td></tr>
<tr><td>820 O'Keefe Avenue</td><td>556 Jefferson Street, Suite 500</td></tr>
<tr><td>New Orleans, Louisiana 70113</td><td>Lafayette, Louisiana 70501</td></tr>
<tr><td>Telephone: (504) 581-4892</td><td>Telephone: (337) 233-3033</td></tr>
<tr><td>Fax No. (504) 569-6024</td><td>Fax No. (337) 233-2796</td></tr>
<tr><td>E-Mail: sherman@hhkc.com</td><td>E-Mail: jimr@wrightroy.com</td></tr>
<tr><td><em>Plaintiffs Liaison Counsel.</em></td><td><em>Plaintiffs Liaison Counsel.</em></td></tr>
</table>

### CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with PRE-TRIAL ORDER NO. 12, this <u>24th</u> day of <u>May</u>, <u>2011</u>.

                                    ___/s/  Stephen J.  Herman and James Parkerson Roy___