# Exhibit 4



Apr 29 2011
5:16PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010  §§§§§§ | MDL NO. 2179 |
|  | SECTION:  J |
| Applies to: *All Cases*  §§§§§ | JUDGE BARBIER |
|  | MAGISTRATE SHUSHAN |

· · · · · · · · · · · · · · · · · · §

## REQUESTS FOR PRODUCTION TO DRIL-QUIP, INC.

TO:   Dril-Quip, Inc., by and through counsel of record, Don Jackson and C. Dennis Barrow, Jr., Ware, Jackson, Lee & Chambers, L.L.P., 2929 Allen Parkway, 42nd Floor, Houston, Texas 77019-7101.

Pursuant to Federal Rule of Civil Procedure 34, Defendant Halliburton Energy Services, Inc. ("HESI") requests that Dril-Quip, Inc., ("Dril-Quip") respond to the following Requests for Production within thirty days.  All answers and responses should be made pursuant to the Federal Rules of Civil Procedure, the rules and procedures set forth in the above-styled matter, and the instructions and definitions listed below.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

By:   /s/  Donald E. Godwin
Donald E. Godwin, T.A., *admitted pro hac vice*
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr., *admitted pro hac vice*
bbowman@GodwinRonquillo.com
Jenny L. Martinez, *admitted pro hac vice*
jmartinez@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York, *admitted pro hac vice*
ayork@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 29th day of April, 2011.

  /s/    Donald E. Godwin
Donald E. Godwin

## INSTRUCTIONS AND DEFINITIONS

1.      These requests are continuing in nature, and require you to file supplementary answers if additional responsive documents are obtained before trial.

2.      If a claim is made that any document otherwise producible in response to these requests is not subject to discovery by reason of privilege or otherwise, with respect to each such document, state (1) the nature and basis of the privilege or other reason being asserted as grounds for not producing the document, (2) the type of document, (3) the date of the document, (4) the general subject matter of the document, and (5) such other information as is necessary to sufficiently identify the document pursuant to Fed. R. Civ. P. 26(b)(5).

3.      As used herein, the following terms are defined as follows:

(a)      "Deepwater Horizon" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the Macondo Well, or any component thereof.

(b)      "Macondo Well" means the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252), an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana. The prospect was the site of the Deepwater Horizon drilling rig explosion on or around April 20, 2010.

(c)      "Incident" refers to the explosion that occurred on the Deepwater Horizon on or around April 20, 2010.

(d)      "Oil spill" refers to all releases, leaks, or emanations of oil, hydrocarbons, gases, or other materials of any kind into the Gulf of Mexico and environment from the Macondo Well, the formation into which the Macondo Well was drilled, and/or the Deepwater Horizon at any time since April 20, 2010.

(e)      "Deepwater Horizon Blowout Preventer" refers to the large valve device(s) created by Cameron to ensure safety through the sealing, controlling, and monitoring of the Macondo Well, including the associated, monitoring, warning, electronic, and hydraulic systems for the Deepwater Horizon rig.

(f)      "Wellhead" refers to the wellhead, as well as all components of and within the wellhead, including the seal assembly.

(g)      "Clean up" refers to any efforts by you to remove, dispense, clean, mitigate, minimize, collect, eliminate, disperse or otherwise respond to any oil, hydrocarbons, gases, or other materials of any kind that have been released, leaked, or have emanated into the Gulf of Mexico and environment from the Macondo Well, the formation into which the Macondo Well was drilled, and/or the Deepwater Horizon at any time since April 20, 2010.

(h)     "Relevant time period" refers to the time period from January 1, 2008 through the current date.

(i)     "You," "your," "your company" or "Dril-Quip" refers to, without limitation, the interests Dril-Quip, Inc., and any of its domestic or international predecessors in interest, successors in interest, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which Dril-Quip has a ten percent (10%) or greater ownership interest, together with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(j)     "Anadarko" refers to, without limitation, the interests of Anadarko Petroleum Corporation and Anadarko E&P Company, including relevant predecessors, successors, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which Anadarko has a ten percent (10%) or greater ownership interest, together with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(k)     "BP" refers to, without limitation, the interests of BP Exploration and Production Inc., BP America Inc., BP America Production Company and BP p.l.c., and any domestic or international predecessors in interest, successors in interest, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which BP has a ten percent (10%) or greater ownership interest, together with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(l)     "Cameron" refers to, without limitation, the interests of Cameron, Cameron International, Cameron International Corporation, Cooper Cameron Corporation, and any of its domestic or international predecessors in interest, successors in interest, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which Cameron has a ten percent (10%) or greater ownership interest, together with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(m)     "MOEX" refers to, without limitation, the interests of Mitsui & Co., Mitsui Oil Exploration Co., MOEX USA Corporation, and MOEX Offshore 2007, LLC, including relevant predecessors, successors, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which MOEX has a ten percent (10%) or greater ownership interest, together with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(n)     "Transocean" refers to, without limitation, Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as owners, managing owners, and/or operators of the MODU Deepwater Horizon, and includes relevant predecessors, successors, parents, subsidiaries, departments, divisions, business units and/or affiliates, and including, without limitation, any organization or entity in which the Transocean has a ten percent (10%) or greater ownership interest, together

with all current and former directors, officers, employees, agents, representatives, or persons acting or purporting to act on its behalf.

(o)     "Person" refers to, without limitation, any natural individual, association, partnership, joint venture, corporation, professional corporation, trust and any other identifiable public or private entity.

(p)     "Employee" refers to, without limitation, any current or former officer, director, executive, manager, secretary, staff member, agent, or other person who is or was employed by you.

(q)     "Investigation Team" refers to the internal investigation team utilized by BP, who produced the *Deepwater Horizon Accident Investigation Report* dated September 8, 2010.

(r)     "Government" refers to, without limitation, any branch, department, or agency of federal or state government, including the United States Coast Guard, Minerals Management Service, Bureau of Ocean Energy Management, Office of Natural Resources Revenue, Environmental Protection Agency, Senate Committee on Energy and Natural Resources and House Committees on Energy and Commerce, Chemical Safety Board, the Department of the Interior, National Oceanic and Atmospheric Administration, Department of Energy, National Commission on the Deepwater Horizon Oil Spill and Offshore Drilling, and Joint Investigation team, including any committee, subcommittee, or advisory committee thereof, together with all current or former officials, directors, staff members or other persons employed by the government, or purporting to act on its behalf.

(s)     "Communication" means any writing transmitted between persons or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, computer and facsimile communications or transmittals of documents, electronically stored information, and all documents concerning such writings or oral conversations. "Communication" as used herein specifically includes internal writings, oral conversations or meetings among the officers, board members, employees or other representatives of any defendant.

(t)     "Statement" should be construed as any written or graphic statement signed or otherwise adopted or approved by the person making it, any stenographic, mechanical, electrical, or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(u)     "Meeting" refers to, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned or scheduled in advance, including written exchanges or through internet or video based interface.

(v)     "Document" and "documents" refer to all writings of any kind, including, without limitation, the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice

and intra-office communications, notations of any conversations (including, without limitation, telephone calls, meetings, and other communications), bulletins, printed matter, computer printouts, invoices, worksheets, graphic or oral records or representations of any kind (including, without limitation, photographs, drawings, diagrams, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures), electronic, mechanical or electric records or representations of any kind (including, without limitation, electronic mail, tapes, cassettes, discs, recordings and computer files and memories), and all drafts, alterations, modifications, changes and amendments of any of the foregoing.  As used herein, the term "document" includes all electronically stored information and any other data or data compilations stored in any medium from which information can be obtained.

(w)     "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, computer programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, instant messaging logs, private branch exchange (PBX) logs, documents management system data, operating systems, all metadata, source code of all types, peripheral drivers, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, modified file, deleted file or fragment.

(x)     "Relating to," "related to", "referring to," "regarding," "concerning" or "with respect to" refers to, without limitation, the following concepts: discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

(y)     "And" as well as "or" should be construed either disjunctively or conjunctively so that each request is given its broadest possible application. If, for example, a request calls for information about "A" or "B", you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, both "and" and "or" should be read as "and/or".

(z)     "All" or "any" should be construed, when possible, to mean "any and all."

(aa)     "Including" is used to emphasize the type of information requested and should not be construed as limiting the request for production in any way. Including should be read as "including, but not limited to."

(bb)     "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

(cc)    A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its broadest possible application.

(dd)    The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

(ee)    Words of one gender shall be construed to include words of all genders so that each request in the request for production of documents shall be given its broadest possible application.

(ff)    Definitions provided herein apply to any grammatical variance of the term or phrase defined.

## <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all documents related to Dril-Quip equipment installed on the Deepwater Horizon or at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 2**:  Please produce all documents related to design specifications of the wellhead installed at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 3**:  Please produce all documents related to evaluation of design aspects of the wellhead installed at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 4**:  Please produce all advertising and marketing materials related to the wellhead installed at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 5**:  Please produce all documents regarding the intended use and maintenance of the wellhead at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 6**:  Please produce all communications between you on the one hand, and BP, Transocean, or any other persons or entities on the other hand, regarding the wellhead at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 7**:  Please produce all documents regarding any complaints, defects or failures related to the wellhead at the Macondo Well or similar wellheads.

**REQUEST FOR PRODUCTION NO. 8**:   Please produce all documents describing the appropriate use or limits of use for the type of wellhead installed at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 9**:  Please produce all documents related to any testing of the wellhead or the type of wellhead used at the Macondo Well.

**REQUEST FOR PRODUCTION NO. 10**:   Please produce all documents supporting the calculation of your alleged damages or other injury.



Apr 28 2011
6:10PM

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig | * | MDL No. 2179 |
| | *"Deepwater Horizon"* in the Gulf of | * | |
| | Mexico, on April 20, 2010 | * | SECTION:  J |
| | | * | |
| Applies to: | *All Cases*. | * | JUDGE BARBIER |
| | | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

## DEFENDANT ANDARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DRIL-QUIP, INC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Anadarko Petroleum Corporation and Anadarko E&P Company LP (together, "Anadarko"), through undersigned Counsel, requests that DRIL-QUIP, INC. answer the following interrogatories under oath and produce the documents specified hereinafter, in accordance with the following Instructions and Definitions, within thirty (30) days hereof at the offices of Bingham McCutchen LLP, 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106, or at such other time and place as may be agreed upon by counsel for the aforesaid parties.

## INSTRUCTIONS

(a)     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories and requests for production are continuing in nature so that if, after answering, YOU acquire additional responsive knowledge or information or determine that an answer YOU provided was false, incomplete, or misleading, YOU are to serve supplemental or amended answers as soon as reasonably possible after acquiring such additional knowledge or information.  Furthermore, DOCUMENTS or ELECTRONICALLY STORED INFORMATION

("ESI") prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in YOUR response.

(b)      As defined below, YOU are to produce all DOCUMENTS in YOUR possession, custody or CONTROL.  Production of DOCUMENTS shall be in conformance with all procedures and formats set forth by the Court.

(c)      All ESI responses to these discovery requests shall be produced in accordance with Pretrial Order No. 16.

(d)      All produced DOCUMENTS shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto each image at a location that does not obliterate, conceal, or interfere with any information from the source DOCUMENT.  No other legend or stamp will be placed on the DOCUMENT image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above.  The confidential legend shall be "burned" onto the DOCUMENT'S image at a location that does not obliterate or obscure any information from the source DOCUMENT.  WITH RESPECT TO the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

(e)      Each page image file shall be named with the unique Bates Number of the page of DOCUMENT, followed by the extension ".TIF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

(f)      If YOU refuse to respond to any of these interrogatories or requests for production based on a claim of privilege, YOU shall provide a "Privilege Log" that complies

with the provisions of Pretrial Order No. 14.

(g)      If YOU or any of YOUR attorneys, agents, or representatives at any time had possession or CONTROL of a DOCUMENT requested and that DOCUMENT has been lost, destroyed, or purged or is not presently in YOUR possession, custody, or CONTROL, IDENTIFY the DOCUMENT and DESCRIBE the circumstances surrounding the loss, destruction, purge, or separation from YOUR possession, custody, or CONTROL, indicating the dates that those circumstances occurred.

(h)      If YOU allege that any request is in any manner ambiguous, YOU are instructed to DESCRIBE in detail the reasons for YOUR allegations, including but not limited to, each interpretation to which YOU allege the specific request for discovery is subject. Notwithstanding any of the foregoing, YOU are instructed to respond, to the best of YOUR ability, to the request for production and produce the DOCUMENTS requested.

## **DEFINITIONS**

As used herein, the following terms are defined as follows:

(i)      "*DEEPWATER HORIZON*" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the MACONDO WELL, or any component thereof, as well as any vessel, vehicle, aircraft, or other equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources.

(j)      "MACONDO WELL" means, without limitation, the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252) an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana. The prospect was the site of the *DEEPWATER HORIZON* drilling rig explosion in April 20, 2010.

(k)      "DEEPWATER WELL" means, without limitation, a well drilled in excess of

5000' water depth.

(l)     "INCIDENT" means, without limitation, the loss of control of the MACONDO WELL leading to the explosion that occurred on the *DEEPWATER HORIZON* on or around April 20, 2010.

(m)     "YOU," "YOUR," or "DRIL-QUIP, INC.," means, without limitation, DRIL-QUIP, INC. and any entity names and any variations thereof of that entity, including DRIL-QUIP, INC., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(n)     "BP" means, without limitation, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, and BP, P.L.C., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(o)     "PERSON" means, without limitation, any and every natural individual, each and every association, partnership, joint venture, corporation, professional corporation, trust and any and every other identifiable entity.

(p)     "EMPLOYEE" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other PERSON who is or was employed or subcontracted by YOU or has acted on YOUR behalf.

(q)     "COMMUNICATION" means, without limitation, any writing transmitted between PERSONS or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters,

MEETINGS, memoranda, telegraphic, telex, COMPUTER and facsimile COMMUNICATIONS or transmittals of DOCUMENTS, ESI (as defined in section (w)) and all DOCUMENTS CONCERNING such writings or oral conversations.  "COMMUNICATION" as used herein specifically includes internal writings, oral conversations or MEETINGS among the officers, board members, EMPLOYEES or other representatives of any entity.

      (r)     "MEETING" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more PERSONS for any purpose, whether planned or scheduled in advance, including written exchanges through internet/web based chat, including AOL Instant Messenger, or similar programs, electronic "bulletin board" programs, or internet/web based video chat, including Skype, or similar programs.

      (s)     "DOCUMENT" means, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or ESI.  This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, COMPUTER discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of MEETINGS, telephone

conversations or other conversation or COMMUNICATION in YOUR possession, custody or CONTROL, or in the possession, custody or CONTROL of YOUR predecessors, successors, officers, directors, shareholders, EMPLOYEES, agents, representatives and attorneys.  This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that DOCUMENT or record ideas, words or impressions.  The term "DOCUMENT" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined in section (w)) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

(t)　　"ELECTRONICALLY STORED INFORMATION" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, COMPUTER programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, IM logs, PBX logs, DOCUMENT management system data, operating

systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or fragment. ESI includes any and all items stored on COMPUTER memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, COMPUTER chips, including, EPROM, PROM RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(u)    "COMPUTER" means, without limitation, all devices utilizing microchips to facilitate processing, analysis, or storage of data, including micro COMPUTERS (also known as personal COMPUTERS), laptop COMPUTERS, portable COMPUTERS, notebook COMPUTERS, palmtop COMPUTERS (also known as personal digital assistants or PDA's), iPads, mini COMPUTERS and mainframe COMPUTERS.

(v)    "CONTROL" means, without limitation, the ownership, possession, or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSON or public and private entity having physical possession thereof.

(w)    "RELATING TO," "REGARDING," "CONCERNING," or "WITH RESPECT TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

(x)     "IDENTIFY" and "IDENTITY" when used in reference to a PERSON means to STATE the PERSON'S:

      (1)     Full name;

      (2)     Present or last known employment position, including the employer name;

      (3)     Job title and/or description; and

      (4)     Contact information.

(y)     "IDENTIFY" and "IDENTITY" when used in reference to a DOCUMENT or ESI means to STATE:

      (1)     The type of DOCUMENT or ESI;

      (2)     Its date;

      (3)     Its author(s) and author(s) address(es), including every author involved, whether or not such PERSON signed the DOCUMENT;

      (4)     Its subject matter or response;

      (5)     Its present location or custodian;

      (6)     Every PERSON to whom such DOCUMENT or ESI, or any copy thereof, was given or sent;

      (7)     Every PERSON known to YOU to have received the DOCUMENT or information, or to have learned the substance of its contents; and

      (8)     If any such DOCUMENT or ESI was, but is no longer, in YOUR possession or subject to YOUR CONTROL, STATE what disposition was made of it.

(z)     "IDENTIFY" and "IDENTITY" when used WITH RESPECT TO a COMMUNICATION other than a writing means to STATE:

(1)    The full name of any PERSON who was a party to the COMMUNICATION;

(2)    The type of COMMUNICATION, e.g., telephone conversation, letter, telegram, teletype, telecopy, written memorandum, face-to-face conversation, or any other form; and the full name of any PERSONS participating therein, along with the date, duration, location(s) and the substance of the COMMUNICATION.

(aa)    "DESCRIBE" means, in the case of an act, event, transaction, relationship, thing or occurrence, to IDENTIFY dates, places, PERSONS involved, and means employed; IDENTIFY YOUR sources of information CONCERNING such act, event, transaction, thing or occurrence, including the date YOU received such information; IDENTIFY each PERSON having knowledge of such act, event, transaction, thing or occurrence; and IDENTIFY each COMMUNICATION and each DOCUMENT RELATING TO such act, event, transaction, thing or occurrence.

(bb)    "STATE" means, without limitation, to set forth in full and complete detail all knowledge and information in YOUR possession, custody or CONTROL RELATING TO the subject matter of the interrogatory, including without limitation the source and basis of YOUR knowledge and information if not otherwise evident from YOUR answer to the interrogatory and the IDENTITY of each DOCUMENT and each COMMUNICATION on which YOU rely to any extent in making YOUR answer.

(cc)    "FATE AND TRANSPORT EFFORTS" means, without limitation, any efforts or actions to track, model, or IDENTIFY (through fingerprinting or otherwise) migration paths and

end locations of hydrocarbons or dispersants released as a result of the INCIDENT as carried by wind, currents or other vectors and as affected by CONTAINMENT EFFORTS.

(dd)   "CONTAINMENT EFFORTS" refers to efforts to contain or mitigate the migration of hydrocarbons after their release into the Gulf of Mexico, by, for example, controlled burning, application of dispersants, use of booms, vacuuming, and skimming.

(ee)   When an interrogatory calls for YOUR or any other PERSON'S "basis" or "bases," or "sources," "sources of knowledge," "sources of information," or "source(s) of information or belief," YOU are to STATE when, where, and the IDENTITY of the PERSON from whom the information was learned or received, and if by means of one or more DOCUMENTS or COMMUNICATIONS, the IDENTITY of each such DOCUMENT and COMMUNICATION.

(ff)   "And" as well as "or" should be construed either disjunctively or conjunctively so that each request is given its broadest possible application.  If, for example, a request calls for information about "A" or "B," YOU should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, both "and" and "or" should be read as "and/or."

(gg)   "Any" should be construed, when possible, to mean "any and all."

(hh)   "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory or requests for production in any way. "Including" should be read as "including, but not limited to."

(ii)   "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

(jj)     A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its broadest possible application.

(kk)     The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

(ll)     Words of one gender shall be construed to include words of all genders so that each request in the request for production of DOCUMENTS shall be given its broadest possible application.

(mm)  Definitions provided herein apply to any grammatical variance of the term or phrase defined.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

DESCRIBE all FATE AND TRANSPORT EFFORTS YOU have taken.

**INTERROGATORY NO. 2:**

IDENTIFY all DOCUMENTS in YOUR possession, custody or control RELATING TO any FATE AND TRANSPORT EFFORTS YOU have taken.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS with knowledge of any FATE AND TRANSPORT EFFORTS YOU have taken.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all DOCUMENTS the IDENTITY of which are requested in Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any other party, including consultants, government officials, BP, or others, REGARDING any FATE AND TRANSPORT EFFORTS.

Dated:  April 28, 2011

Respectfully submitted,

_____/s/  Ky E. Kirby_____

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Tony.Fitch@bingham.com
Michael B. Wigmore
Michael.Wigmore@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler, (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant Anadarko Petroleum Corporation and Anadarko E&P Company LP's Interrogatories and Requests for Production of Documents to DRIL-QUIP, INC. have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 28th day of April, 2011.

_____/s/  Ky E. Kirby_____



37326088

Apr 29 2011
4:09PM



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| In re: | **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| | **"*Deepwater Horizon*" in the Gulf of** | * | |
| | **Mexico, on April 20, 2010** | * | **SECTION: J** |
| | | * | |
| **Applies to:** | ***All Cases*.** | * | **JUDGE BARBIER** |
| | | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ANADARKO PETROLEUM CORPORATION'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DRIL-QUIP, INC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Anadarko Petroleum Corporation ("Anadarko") through undersigned Counsel, requests that DRIL-QUIP, INC. answer the following interrogatories under oath and produce the documents specified hereinafter, in accordance with the following Instructions and Definitions, within thirty (30) days hereof at the offices of Bingham McCutchen LLP, 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106, or at such other time and place as may be agreed upon by counsel for the aforesaid parties.

## INSTRUCTIONS

(a)    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories and requests for production are continuing in nature so that if, after answering, YOU acquire additional responsive knowledge or information or determine that an answer YOU provided was false, incomplete, or misleading, YOU are to serve supplemental or amended answers as soon as reasonably possible after acquiring such additional knowledge or information.  Furthermore, DOCUMENTS or ELECTRONICALLY STORED INFORMATION ("ESI") prepared prior to or subsequent to the period covered by these interrogatories, but which

nonetheless relate or refer thereto, are to be included in YOUR response.

(b)      As defined below, YOU are to produce all DOCUMENTS in YOUR possession, custody or CONTROL.  Production of DOCUMENTS shall be in conformance with all procedures and formats set forth by the Court.

(c)      All ESI responses to these discovery requests shall be produced in accordance with Pretrial Order No. 16.

(d)      All produced DOCUMENTS shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto each image at a location that does not obliterate, conceal, or interfere with any information from the source DOCUMENT.  No other legend or stamp will be placed on the DOCUMENT image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above.  The confidential legend shall be "burned" onto the DOCUMENT'S image at a location that does not obliterate or obscure any information from the source DOCUMENT.  WITH RESPECT TO the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

(e)      Each page image file shall be named with the unique Bates Number of the page of DOCUMENT, followed by the extension ".TIF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

(f)      If YOU refuse to respond to any of these interrogatories or requests for production based on a claim of privilege, YOU shall provide a "Privilege Log" that complies with the provisions of Pretrial Order No. 14.

(g)      If YOU or any of YOUR attorneys, agents, or representatives at any time had possession or CONTROL of a DOCUMENT requested and that DOCUMENT has been lost, destroyed, or purged or is not presently in YOUR possession, custody, or CONTROL, IDENTIFY the DOCUMENT and DESCRIBE the circumstances surrounding the loss, destruction, purge, or separation from YOUR possession, custody, or CONTROL, indicating the dates that those circumstances occurred.

(h)      If YOU allege that any request is in any manner ambiguous, YOU are instructed to DESCRIBE in detail the reasons for YOUR allegations, including but not limited to, each interpretation to which YOU allege the specific request for discovery is subject. Notwithstanding any of the foregoing, YOU are instructed to respond, to the best of YOUR ability, to the request for production and produce the DOCUMENTS requested.

## DEFINITIONS

As used herein, the following terms are defined as follows:

(i)      "*DEEPWATER HORIZON*" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the MACONDO WELL, or any component thereof, as well as any vessel, vehicle, aircraft, or other equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources.

(j)      "MACONDO WELL" means, without limitation, the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252) an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana.

(k)      "INCIDENT" means, without limitation, the loss of control of the MACONDO WELL leading to the explosion that occurred on the *DEEPWATER HORIZON* on or around April 20, 2010.

(l)     "YOU," "YOUR," or "DRIL-QUIP, INC.," means, without limitation, DRIL-QUIP, INC. and any entity names and any variations thereof of that entity, including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(m)    "ANADARKO" means, without limitation, ANADARKO PETROLEUM CORPORATION and ANADARKO E&P COMPANY, including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(n)     "MOEX OFFSHORE" means, without limitation, MOEX OFFSHORE 2007, LLC, including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(o)     "MOEX USA" means, without limitation, MOEX USA CORPORATION including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(p)     "BP" means, without limitation, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, and BP, P.L.C., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(q)     "PERSON" means, without limitation, any and every natural individual, each and

every association, partnership, joint venture, corporation, professional corporation, trust and any and every other identifiable entity.

(r)  "EMPLOYEE" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other PERSON who is or was employed or subcontracted by YOU or has acted on YOUR behalf.

(s)  "COMMUNICATION" means, without limitation, any writing transmitted between PERSONS or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, MEETINGS, memoranda, telegraphic, telex, COMPUTER and facsimile COMMUNICATIONS or transmittals of DOCUMENTS, ESI (as defined in section (w)) and all DOCUMENTS CONCERNING such writings or oral conversations.  "COMMUNICATION" as used herein specifically includes internal writings, oral conversations or MEETINGS among the officers, board members, EMPLOYEES or other representatives of any entity.

(t)  "MEETING" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more PERSONS for any purpose, whether planned or scheduled in advance, including written exchanges through internet/web based chat, including AOL Instant Messenger, or similar programs, electronic "bulletin board" programs, or internet/web based video chat, including Skype, or similar programs.

(u)  "DOCUMENT" means, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or ESI.  This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda,

legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, COMPUTER discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of MEETINGS, telephone conversations or other conversation or COMMUNICATION in YOUR possession, custody or CONTROL, or in the possession, custody or CONTROL of YOUR predecessors, successors, officers, directors, shareholders, EMPLOYEES, agents, representatives and attorneys.  This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that DOCUMENT or record ideas, words or impressions.  The term "DOCUMENT" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined in section (w)) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

(v)      "ELECTRONICALLY STORED INFORMATION" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies whether non-identical because of notes made on copies or attached comments, annotations, marks,

transmission notations, or highlighting of any kind of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, COMPUTER programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, IM logs, PBX logs, DOCUMENT management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or fragment. ESI includes any and all items stored on COMPUTER memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, COMPUTER chips, including, EPROM, PROM RAM and ROM, on or in any other vehicle for digital data storage and transmittal.  The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(w)     "COMPUTER" means, without limitation, all devices utilizing microchips to facilitate processing, analysis, or storage of data, including micro COMPUTERS (also known as personal COMPUTERS), laptop COMPUTERS, portable COMPUTERS, notebook COMPUTERS, palmtop COMPUTERS (also known as personal digital assistants or PDA's, or smart phones), iPads, mini COMPUTERS and mainframe COMPUTERS.

(x)　　"CONTROL" means, without limitation, the ownership, possession, or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSON or public and private entity having physical possession thereof.

(y)　　"RELATING TO," "REGARDING," "CONCERNING," or "WITH RESPECT TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

(z)　　"IDENTIFY" and "IDENTITY" when used in reference to a PERSON means to STATE the PERSON'S:

(1)　　Full name;

(2)　　Present or last known employment position, including the employer name;

(3)　　Job title and/or description; and

(4)　　Contact information.

(aa)　　"IDENTIFY" and "IDENTITY" when used in reference to a DOCUMENT or ESI means to STATE:

(1)　　The type of DOCUMENT or ESI;

(2)　　Its date;

(3)　　Its author(s) and author(s) address(es), including every author involved, whether or not such PERSON signed the DOCUMENT;

(4)　　Its subject matter or response;

(5)　　Its present location or custodian;

(6)　　Every PERSON to whom such DOCUMENT or ESI, or any copy thereof,

was given or sent;

(7)     Every PERSON known to YOU to have received the DOCUMENT or information, or to have learned the substance of its contents; and

(8)     If any such DOCUMENT or ESI was, but is no longer, in YOUR possession or subject to YOUR CONTROL, STATE what disposition was made of it.

(bb)     "IDENTIFY" and "IDENTITY" when used WITH RESPECT TO a COMMUNICATION other than a writing means to STATE:

(1)     The full name of any PERSON who was a party to the COMMUNICATION;

(2)     The type of COMMUNICATION, e.g., telephone conversation, letter, telegram, teletype, telecopy, written memorandum, face-to-face conversation, or any other form; and the full name of any PERSONS participating therein, along with the date, duration, location(s) and the substance of the COMMUNICATION.

(cc)     "DESCRIBE" and "DESCRIBING" mean, in the case of an act, event, transaction, relationship, thing or occurrence, to IDENTIFY dates, places, PERSONS involved, and means employed; IDENTIFY YOUR sources of information CONCERNING such act, event, transaction, thing or occurrence, including the date YOU received such information; IDENTIFY each PERSON having knowledge of such act, event, transaction, thing or occurrence; and IDENTIFY each COMMUNICATION and each DOCUMENT RELATING TO such act, event, transaction, thing or occurrence.

(dd)     "STATE" means, without limitation, to set forth in full and complete detail all

knowledge and information in YOUR possession, custody or CONTROL RELATING TO the subject matter of the interrogatory, including without limitation the source and basis of YOUR knowledge and information if not otherwise evident from YOUR answer to the interrogatory and the IDENTITY of each DOCUMENT and each COMMUNICATION on which YOU rely to any extent in making YOUR answer.

(ee)     "And" as well as "or" should be construed either disjunctively or conjunctively so that each request is given its broadest possible application.  If, for example, a request calls for information about "A" or "B," YOU should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, both "and" and "or" should be read as "and/or."

(ff)     "Any" should be construed, when possible, to mean "any and all."

(gg)     "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory or requests for production in any way. "Including" should be read as "including, but not limited to."

(hh)     "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

(ii)     A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its broadest possible application.

(jj)     The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

(kk)     Words of one gender shall be construed to include words of all genders so that each request in the request for production of DOCUMENTS shall be given its broadest possible

application.

(ll)     Definitions provided herein apply to any grammatical variance of the term or phrase defined.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY all COMMUNICATIONS between DRIL-QUIP, INC., on the one hand, and either ANADARKO, MOEX OFFSHORE, or MOEX USA, on the other hand, REGARDING:

        a.     the *DEEPWATER HORIZON*;

        b.     the MACONDO WELL; or

        c.     the INCIDENT.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce all DOCUMENTS identified in response to Interrogatory No. 1 or the IDENTITY of which is requested in Interrogatory No. 1.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all DOCUMENTS and materials, including drawings, as-built drawings, photographs, schematics, diagrams, scale models, exemplars, 2D CAD and 3D CAD files, invoices, contracts, product literature, and advertising literature, depicting, providing specifications of any kind for, DESCRIBING, or RELATING TO the MACONDO WELL and its components, including without limitation the following:

- Wellhead Assembly (inner and outer)

- Well Casing

- Casing Hanger/Hanger Seal Assembly

- Seal Assembly

- Lockdown Sleeve

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all COMMUNICATIONS between YOU and the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling or its staff, including the Chief Counsel.

Dated: April 29, 2011

Respectfully submitted,

_____/s/  Ky E. Kirby_____

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Tony.Fitch@bingham.com
Michael B. Wigmore
Michael.Wigmore@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler, (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO
PETROLEUM CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant Anadarko Petroleum Corporation's Interrogatories and Requests for Production of Documents to DRIL-QUIP, INC. have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 29th day of April, 2011.

_____ /s/  Ky E. Kirby_____

37307675
Apr 28 2011
07:22PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:   **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"*Deepwater Horizon*" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION:  J** |
| | * | |
| **Applies to:  *All Cases*.** | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |
| * * * * * * * * * * * * * * * | * | |

## DEFENDANT MOEX OFFSHORE 2007 LLC'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DRIL-QUIP, INC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant MOEX Offshore 2007 LLC ("MOEX Offshore") through undersigned Counsel, requests that DRIL-QUIP, INC. answer the following interrogatories under oath and produce the documents specified hereinafter, in accordance with the following Instructions and Definitions, within thirty (30) days hereof at the offices of Bingham McCutchen LLP, 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106, or at such other time and place as may be agreed upon by counsel for the aforesaid parties.

## INSTRUCTIONS

(a)     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories and requests for production are continuing in nature so that if, after answering, YOU acquire additional responsive knowledge or information or determine that an answer YOU provided was false, incomplete, or misleading, YOU are to serve supplemental or amended answers as soon as reasonably possible after acquiring such additional knowledge or information.  Furthermore, DOCUMENTS or ELECTRONICALLY STORED INFORMATION ("ESI") prepared prior to or subsequent to the period covered by these interrogatories, but which

A/74143723.3

nonetheless relate or refer thereto, are to be included in YOUR response.

(b)     As defined below, YOU are to produce all DOCUMENTS in YOUR possession, custody or CONTROL.  Production of DOCUMENTS shall be in conformance with all procedures and formats set forth by the Court.

(c)     All ESI responses to these discovery requests shall be produced in accordance with Pretrial Order No. 16.

(d)     All produced DOCUMENTS shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto each image at a location that does not obliterate, conceal, or interfere with any information from the source DOCUMENT.  No other legend or stamp will be placed on the DOCUMENT image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above.  The confidential legend shall be "burned" onto the DOCUMENT'S image at a location that does not obliterate or obscure any information from the source DOCUMENT.  WITH RESPECT TO the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

(e)     Each page image file shall be named with the unique Bates Number of the page of DOCUMENT, followed by the extension ".TIF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

(f)     If YOU refuse to respond to any of these interrogatories or requests for production based on a claim of privilege, YOU shall provide a "Privilege Log" that complies with the provisions of Pretrial Order No. 14.

(g)     If YOU or any of YOUR attorneys, agents, or representatives at any time had possession or CONTROL of a DOCUMENT requested and that DOCUMENT has been lost, destroyed, or purged or is not presently in YOUR possession, custody, or CONTROL, IDENTIFY the DOCUMENT and DESCRIBE the circumstances surrounding the loss, destruction, purge, or separation from YOUR possession, custody, or CONTROL, indicating the dates that those circumstances occurred.

(h)     If YOU allege that any request is in any manner ambiguous, YOU are instructed to DESCRIBE in detail the reasons for YOUR allegations, including but not limited to, each interpretation to which YOU allege the specific request for discovery is subject. Notwithstanding any of the foregoing, YOU are instructed to respond, to the best of YOUR ability, to the request for production and produce the DOCUMENTS requested.

## DEFINITIONS

As used herein, the following terms are defined as follows:

(i)     "*DEEPWATER HORIZON*" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the MACONDO WELL, or any component thereof, as well as any vessel, vehicle, aircraft, or other equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources.

(j)     "MACONDO WELL" means, without limitation, the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252) an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana. The prospect was the site of the *DEEPWATER HORIZON* drilling rig explosion in April 20, 2010.

(k)     "DEEPWATER WELL" means, without limitation, a well drilled in excess of 5000' water depth.

(l)     "INCIDENT" means, without limitation, the loss of control of the MACONDO WELL leading to the explosion that occurred on the *DEEPWATER HORIZON* on or around April 20, 2010.

(m)     "YOU," "YOUR," or "DRIL-QUIP, INC.," means, without limitation, DRIL-QUIP, INC. and any entity names and any variations thereof of that entity, including DRIL-QUIP, INC., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(n)     "BP" means, without limitation, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, and BP, P.L.C., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(o)     "PERSON" means, without limitation, any and every natural individual, each and every association, partnership, joint venture, corporation, professional corporation, trust and any and every other identifiable entity.

(p)     "EMPLOYEE" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other PERSON who is or was employed or subcontracted by YOU or has acted on YOUR behalf.

(q)     "COMMUNICATION" means, without limitation, any writing transmitted between PERSONS or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, MEETINGS, memoranda, telegraphic, telex, COMPUTER and facsimile COMMUNICATIONS

or transmittals of DOCUMENTS, ESI (as defined in section (w)) and all DOCUMENTS CONCERNING such writings or oral conversations.  "COMMUNICATION" as used herein specifically includes internal writings, oral conversations or MEETINGS among the officers, board members, EMPLOYEES or other representatives of any entity.

(r)     "MEETING" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more PERSONS for any purpose, whether planned or scheduled in advance, including written exchanges through internet/web based chat, including AOL Instant Messenger, or similar programs, electronic "bulletin board" programs, or internet/web based video chat, including Skype, or similar programs.

(s)     "DOCUMENT" means, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or ESI.  This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, COMPUTER discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of MEETINGS, telephone conversations or other conversation or COMMUNICATION in YOUR possession, custody or

CONTROL, or in the possession, custody or CONTROL of YOUR predecessors, successors, officers, directors, shareholders, EMPLOYEES, agents, representatives and attorneys.   This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that DOCUMENT or record ideas, words or impressions.   The term "DOCUMENT" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined in section (w)) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

(t)      "ELECTRONICALLY STORED INFORMATION" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, COMPUTER programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, IM logs, PBX logs, DOCUMENT management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII

files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or fragment. ESI includes any and all items stored on COMPUTER memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, COMPUTER chips, including, EPROM, PROM RAM and ROM, on or in any other vehicle for digital data storage and transmittal. The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(u)     "COMPUTER" means, without limitation, all devices utilizing microchips to facilitate processing, analysis, or storage of data, including micro COMPUTERS (also known as personal COMPUTERS), laptop COMPUTERS, portable COMPUTERS, notebook COMPUTERS, palmtop COMPUTERS (also known as personal digital assistants or PDA's), iPads, mini COMPUTERS and mainframe COMPUTERS.

(v)     "CONTROL" means, without limitation, the ownership, possession, or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSON or public and private entity having physical possession thereof.

(x)     "RELATING TO," "REGARDING," "CONCERNING," or "WITH RESPECT TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

(y)     "IDENTIFY" and "IDENTITY" when used in reference to a PERSON means to

STATE the PERSON'S:

    (1)    Full name;

    (2)    Present or last known employment position, including the employer name;

    (3)    Job title and/or description; and

    (4)    Contact information.

    (z)    "IDENTIFY" and "IDENTITY" when used in reference to a DOCUMENT or ESI means to STATE:

    (1)    The type of DOCUMENT or ESI;

    (2)    Its date;

    (3)    Its author(s) and author(s) address(es), including every author involved, whether or not such PERSON signed the DOCUMENT;

    (4)    Its subject matter or response;

    (5)    Its present location or custodian;

    (6)    Every PERSON to whom such DOCUMENT or ESI, or any copy thereof, was given or sent;

    (7)    Every PERSON known to YOU to have received the DOCUMENT or information, or to have learned the substance of its contents; and

    (8)    If any such DOCUMENT or ESI was, but is no longer, in YOUR possession or subject to YOUR CONTROL, STATE what disposition was made of it.

    (aa)    "IDENTIFY" and "IDENTITY" when used WITH RESPECT TO a COMMUNICATION other than a writing means to STATE:

    (1)    The full name of any PERSON who was a party to the

COMMUNICATION;

(2)     The type of COMMUNICATION, e.g., telephone conversation, letter, telegram, teletype, telecopy, written memorandum, face-to-face conversation, or any other form; and the full name of any PERSONS participating therein, along with the date, duration, location(s) and the substance of the COMMUNICATION.

(bb)    "DESCRIBE" means, in the case of an act, event, transaction, relationship, thing or occurrence, to IDENTIFY dates, places, PERSONS involved, and means employed; IDENTIFY YOUR sources of information CONCERNING such act, event, transaction, thing or occurrence, including the date YOU received such information; IDENTIFY each PERSON having knowledge of such act, event, transaction, thing or occurrence; and IDENTIFY each COMMUNICATION and each DOCUMENT RELATING TO such act, event, transaction, thing or occurrence.

(cc)    "STATE" means, without limitation, to set forth in full and complete detail all knowledge and information in YOUR possession, custody or CONTROL RELATING TO the subject matter of the interrogatory, including without limitation the source and basis of YOUR knowledge and information if not otherwise evident from YOUR answer to the interrogatory and the IDENTITY of each DOCUMENT and each COMMUNICATION on which YOU rely to any extent in making YOUR answer.

(dd)    "CONTAINMENT EFFORTS" refers to efforts to contain or mitigate the migration of hydrocarbons after their release into the Gulf of Mexico, by, for example, controlled burning, application of dispersants, use of booms, vacuuming, and skimming.

(ee)    "SOURCE CONTROL EFFORTS" refers to those efforts by BP and others to stop the flow of hydrocarbons and prevent the further release of hydrocarbons into the Gulf of Mexico, by, for example, capping cracked riser sections, siphoning, using a capping stack, and/or killing the well.

(ff)    When an interrogatory calls for YOUR or any other PERSON'S "basis" or "bases," or "sources," "sources of knowledge," "sources of information," or "source(s) of information or belief," YOU are to STATE when, where, and the IDENTITY of the PERSON from whom the information was learned or received, and if by means of one or more DOCUMENTS or COMMUNICATIONS, the IDENTITY of each such DOCUMENT and COMMUNICATION.

(gg)    "And" as well as "or" should be construed either disjunctively or conjunctively so that each request is given its broadest possible application.  If, for example, a request calls for information about "A" or "B," YOU should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, both "and" and "or" should be read as "and/or."

(hh)    "Any" should be construed, when possible, to mean "any and all."

(ii)    "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory or requests for production in any way. "Including" should be read as "including, but not limited to."

(jj)    "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

(kk)    A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its

broadest possible application.

(ll)    The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

(mm)   Words of one gender shall be construed to include words of all genders so that each request in the request for production of DOCUMENTS shall be given its broadest possible application.

(nn)    Definitions provided herein apply to any grammatical variance of the term or phrase defined.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

DESCRIBE all CONTAINMENT EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**INTERROGATORY NO. 2:**

DESCRIBE all SOURCE CONTOL EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS in YOUR possession, custody or control RELATING TO any CONTAINMENT EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS in YOUR possession, custody or control RELATING TO any SOURCE CONTOL EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS with knowledge of any CONTAINMENT EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS with knowledge of any SOURCE CONTOL EFFORTS YOU have performed or participated in as a result of the INCIDENT.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all DOCUMENTS the IDENTITY of which are requested in Interrogatory Nos. 3 and 4.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any other party, including consultants, government officials, BP, or others, REGARD-ING any CONTAINMENT EFFORTS or SOURCE CONTROL EFFORTS.

Dated: April 28, 2011

Submitted,

/s/ David M. Balabanian

David M. Balabanian
david.balabanian@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone (415) 393-2170
Facsimile (415) 393-2286

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436

Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Tel: (504) 592-0691
Fax: (504) 592-0696

**ATTORNEYS FOR MOEX OFFSHORE
2007 LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant MOEX Offshore 2007 LLC's Interrogatories and Requests for Production of Documents to DRIL-QUIP, INC. have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 28th day of April, 2011.

/s/ David M. Balabanian
David M. Balabanian

37333256

Apr 29 2011
07:02PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"*Deepwater Horizon*" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION:  J** |
| | * | |
| **Applies to:  *All Cases*.** | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## DEFENDANT MOEX OFFSHORE 2007 LLC'S
## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DRIL-QUIP, INC.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant

MOEX Offshore 2007 LLC ("MOEX Offshore") through undersigned Counsel, requests that

DRIL-QUIP, INC. answer the following interrogatories under oath and produce the documents

specified hereinafter, in accordance with the following Instructions and Definitions, within thirty

(30) days hereof at the offices of Bingham McCutchen LLP, 355 South Grand Avenue, Suite

4400, Los Angeles, California 90071-3106, or at such other time and place as may be agreed

upon by counsel for the aforesaid parties.

## INSTRUCTIONS

(a)      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these

interrogatories and requests for production are continuing in nature so that if, after answering,

YOU acquire additional responsive knowledge or information or determine that an answer YOU

provided was false, incomplete, or misleading, YOU are to serve supplemental or amended

answers as soon as reasonably possible after acquiring such additional knowledge or

information.  Furthermore, DOCUMENTS or ELECTRONICALLY STORED INFORMATION

("ESI") prepared prior to or subsequent to the period covered by these interrogatories, but which

A/74164483.2

nonetheless relate or refer thereto, are to be included in YOUR response.

(b)    As defined below, YOU are to produce all DOCUMENTS in YOUR possession, custody or CONTROL.  Production of DOCUMENTS shall be in conformance with all procedures and formats set forth by the Court.

(c)    All ESI responses to these discovery requests shall be produced in accordance with Pretrial Order No. 16.

(d)    All produced DOCUMENTS shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto each image at a location that does not obliterate, conceal, or interfere with any information from the source DOCUMENT.  No other legend or stamp will be placed on the DOCUMENT image other than a confidentiality legend (where applicable), redactions (consistent with the Stipulated Protective Order in this matter, or any other protective orders agreed to in the future), and the Bates Number identified above.  The confidential legend shall be "burned" onto the DOCUMENT'S image at a location that does not obliterate or obscure any information from the source DOCUMENT.  WITH RESPECT TO the identification of files produced in their native format, the parties shall confer on an appropriate method for applying a unique identifier to each file produced.

(e)    Each page image file shall be named with the unique Bates Number of the page of DOCUMENT, followed by the extension ".TIF."  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

(f)    If YOU refuse to respond to any of these interrogatories or requests for production based on a claim of privilege, YOU shall provide a "Privilege Log" that complies with the provisions of Pretrial Order No. 14.

(g)      If YOU or any of YOUR attorneys, agents, or representatives at any time had possession or CONTROL of a DOCUMENT requested and that DOCUMENT has been lost, destroyed, or purged or is not presently in YOUR possession, custody, or CONTROL, IDENTIFY the DOCUMENT and DESCRIBE the circumstances surrounding the loss, destruction, purge, or separation from YOUR possession, custody, or CONTROL, indicating the dates that those circumstances occurred.

(h)      If YOU allege that any request is in any manner ambiguous, YOU are instructed to DESCRIBE in detail the reasons for YOUR allegations, including but not limited to, each interpretation to which YOU allege the specific request for discovery is subject. Notwithstanding any of the foregoing, YOU are instructed to respond, to the best of YOUR ability, to the request for production and produce the DOCUMENTS requested.

## DEFINITIONS

As used herein, the following terms are defined as follows:

(i)      "*DEEPWATER HORIZON*" means, without limitation, the mobile offshore drilling unit (MODU) of that name involved in the drilling of the MACONDO WELL, or any component thereof, as well as any vessel, vehicle, aircraft, or other equipment used in connection with the process of drilling, developing, exploring for and/or producing oil and gas resources.

(j)      "MACONDO WELL" means, without limitation, the Macondo Prospect (Mississippi Canyon Block 252, abbreviated MC252) an oil and gas prospect in the Gulf of Mexico, off the coast of Louisiana.

(l)      "INCIDENT" means, without limitation, the loss of control of the MACONDO WELL leading to the explosion that occurred on the *DEEPWATER HORIZON* on or around April 20, 2010.

(m)　"YOU," "YOUR," or "DRIL-QUIP, INC.," means, without limitation, DRIL-QUIP, INC. and any entity names and any variations thereof of that entity, its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(n)　"BP" means, without limitation, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA, INC., BP AMERICA PRODUCTION COMPANY, and BP, P.L.C., including its predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, EMPLOYEES, agents, representatives and PERSONS acting on its behalf.

(r)　"PERSON" means, without limitation, any and every natural individual, each and every association, partnership, joint venture, corporation, professional corporation, trust and any and every other identifiable entity.

(s)　"EMPLOYEE" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other PERSON who is or was employed or subcontracted by YOU or has acted on YOUR behalf.

(t)　"COMMUNICATION" means, without limitation, any writing transmitted between PERSONS or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, MEETINGS, memoranda, telegraphic, telex, COMPUTER and facsimile COMMUNICATIONS or transmittals of DOCUMENTS, ESI (as defined in section (w)) and all DOCUMENTS CONCERNING such writings or oral conversations.  "COMMUNICATION" as used herein specifically includes internal writings, oral conversations or MEETINGS among the officers, board members, EMPLOYEES or other representatives of any entity.

(u)     "MEETING" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more PERSONS for any purpose, whether planned or scheduled in advance, including written exchanges through internet/web based chat, including AOL Instant Messenger, or similar programs, electronic "bulletin board" programs, or internet/web based video chat, including Skype, or similar programs.

(v)     "DOCUMENT" means, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or ESI.  This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, lists, tax returns, schedules, press releases, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, COMPUTER discs (including but not limited to, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs and hard drives), flash drives, pen drives, thumb drives, programming instructions, sales, advertising and promotional literature, agreements or minutes of MEETINGS, telephone conversations or other conversation or COMMUNICATION in YOUR possession, custody or CONTROL, or in the possession, custody or CONTROL of YOUR predecessors, successors, officers, directors, shareholders, EMPLOYEES, agents, representatives and attorneys.  This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other

things that DOCUMENT or record ideas, words or impressions.  The term "DOCUMENT" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes ESI (as defined in section (w)) data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

(w)     "ELECTRONICALLY STORED INFORMATION" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind of writings and data compilations in any form, and of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. ESI includes, by way of example only, COMPUTER programs (whether private, commercial, or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and transmittals, output resulting from the use of any software program, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail displaying full email aliases (not merely "display names"), electronic calendars, IM logs, PBX logs, DOCUMENT management system data, operating systems, all metadata, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or fragment. ESI includes any and all items stored on COMPUTER memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent,

magnetic tapes of all types, microfiche, punched cards, punched tape, COMPUTER chips, including, EPROM, PROM RAM and ROM, on or in any other vehicle for digital data storage and transmittal.   The term ESI also includes the file, folder tabs and containers and labels appended to, or associated with, any physical storage device associated with each original and copy.

(x)      "COMPUTER" means, without limitation, all devices utilizing microchips to facilitate processing, analysis, or storage of data, including micro COMPUTERS (also known as personal COMPUTERS), laptop COMPUTERS, portable COMPUTERS, notebook COMPUTERS, palmtop COMPUTERS (also known as personal digital assistants or PDA's, including smart phones), iPads, mini COMPUTERS and mainframe COMPUTERS.

(y)      "CONTROL" means, without limitation, the ownership, possession, or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSON or public and private entity having physical possession thereof.

(z)      "RELATING TO," "REGARDING," "CONCERNING," or "WITH RESPECT TO" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

(aa)     "IDENTIFY" and "IDENTITY" when used in reference to a PERSON means to STATE the PERSON'S:

(1)      Full name;

(2)      Present or last known employment position, including the employer name;

(3)      Job title and/or description; and

(4)     Contact information.

(bb)     "IDENTIFY" and "IDENTITY" when used in reference to a DOCUMENT or ESI means to STATE:

(1)     The type of DOCUMENT or ESI;

(2)     Its date;

(3)     Its author(s) and author(s) address(es), including every author involved, whether or not such PERSON signed the DOCUMENT;

(4)     Its subject matter or response;

(5)     Its present location or custodian;

(6)     Every PERSON to whom such DOCUMENT or ESI, or any copy thereof, was given or sent;

(7)     Every PERSON known to YOU to have received the DOCUMENT or information, or to have learned the substance of its contents; and

(8)     If any such DOCUMENT or ESI was, but is no longer, in YOUR possession or subject to YOUR CONTROL, STATE what disposition was made of it.

(cc)     "IDENTIFY" and "IDENTITY" when used WITH RESPECT TO a COMMUNICATION other than a writing means to STATE:

(1)     The full name of any PERSON who was a party to the COMMUNICATION;

(2)     The type of COMMUNICATION, e.g., telephone conversation, letter, telegram, teletype, telecopy, written memorandum, face-to-face conversation, or any other form; and the full name of any PERSONS

participating therein, along with the date, duration, location(s) and the substance of the COMMUNICATION.

(dd)    "DESCRIBE" and "DESCRIBING" mean, in the case of an act, event, transaction, relationship, thing or occurrence, to IDENTIFY dates, places, PERSONS involved, and means employed; IDENTIFY YOUR sources of information CONCERNING such act, event, transaction, thing or occurrence, including the date YOU received such information; IDENTIFY each PERSON having knowledge of such act, event, transaction, thing or occurrence; and IDENTIFY each COMMUNICATION and each DOCUMENT RELATING TO such act, event, transaction, thing or occurrence.

(ee)    "STATE" means, without limitation, to set forth in full and complete detail all knowledge and information in YOUR possession, custody or CONTROL RELATING TO the subject matter of the interrogatory, including without limitation the source and basis of YOUR knowledge and information if not otherwise evident from YOUR answer to the interrogatory and the IDENTITY of each DOCUMENT and each COMMUNICATION on which YOU rely to any extent in making YOUR answer.

(ii)    "And" as well as "or" should be construed either disjunctively or conjunctively so that each request is given its broadest possible application.  If, for example, a request calls for information about "A" or "B," YOU should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, both "and" and "or" should be read as "and/or."

(jj)    "Any" should be construed, when possible, to mean "any and all."

(kk)    "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory or requests for production in any way. "Including"

should be read as "including, but not limited to."

(ll)    "Each" should be construed to include the word "every," and "every" should be construed to include the word "each."

(mm)   A plural noun or pronoun should be construed as a singular noun, and a singular noun should be construed as a plural noun or pronoun, so that each request should be given its broadest possible application.

(nn)    The use of a verb in any tense should be construed to be the use of a verb in all other tenses so that each request should be given its broadest possible applications.

(oo)    Words of one gender shall be construed to include words of all genders so that each request in the request for production of DOCUMENTS shall be given its broadest possible application.

(pp)    Definitions provided herein apply to any grammatical variance of the term or phrase defined.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please IDENTIFY all COMMUNICATIONS between DRIL-QUIP, INC., on the one hand, and BP, on the other hand, REGARDING:

      a.     the *DEEPWATER HORIZON*;

      b.     the MACONDO WELL; or

      c.     the INCIDENT.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce all DOCUMENTS identified in response to Interrogatory No. 1 or the IDENTITY of which is requested in Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all DOCUMENTS and materials, including drawings, photographs, schematics, diagrams, scale models, exemplars, 2D CAD and 3D CAD files, previously provided by YOU to the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, the Commission's Chief Counsel, the Commission's investigative team and any and all DOCUMENTS or materials provided by YOU to TrialGraphix Inc., or other graphics or multimedia producers, for purposes of graphics production for the Chief Counsel's Report, the Commission's Report to the President, and the Multimedia Presentation of the Commission's Findings and Recommendations.

Dated:  April 29, 2011

Submitted,
BINGHAM McCUTCHEN, LLP

/s/ David M. Balabanian
David M. Balabanian
david.balabanian@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone (415) 393-2170
Facsimile (415) 393-2286

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
2020 K Street, NW

Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Tel: (504) 592-0691
Fax: (504) 592-0696

**ATTORNEYS FOR MOEX OFFSHORE
2007 LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant MOEX Offshore 2007 LLC's Interrogatories and Requests for Production of Documents to DRIL-QUIP, INC. have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 29th  day of April, 2011.

/s/ David M. Balabanian
David M. Balabanian
