# Exhibit 5



37333520
Apr 29 2011
11:06PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Cases<br>……………………………………………... | : : : : | DISTRICT JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### THE BP PARTIES' FIRST SET OF DISCOVERY REQUESTS TO DRIL-QUIP, INC.

Pursuant to the Federal Rules of Civil Procedure 26 and 34, BP Exploration & Production Inc. and BP America Production Company (the "BP Parties") propound the following Requests for Production of Documents to Dril-Quip, Inc. ("Dril-Quip") to be responded within 30 days of service.  The BP Parties request that all documents and electronically stored information responsive to the following First Request for Production of Documents be produced at the offices of Kirkland & Ellis LLP, 300 N. LaSalle Street, Chicago, Illinois, 60654.

### DEFINITIONS

1.  "You," "your," and "yours" shall mean Dril-Quip, including without limitation all of Dril-Quip's present or former agents or representatives, or anyone acting or purporting to act for or on Dril-Quip's behalf for any purpose whatsoever.

2.  "Person" shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, committee, or any other organization.

3.  "Communication" means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and ESI containing, summarizing, or memorializing any communication.

4.     "Document" or "documents" has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including electronically stored information ("ESI"), and includes the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

5.     "Identify," when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

6. "Including" or "includes" means "including but not limited to" or "including without limitation."

7. "Relating to" or "relating to," when referring to any given subject matter, means any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

8. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9. Unless otherwise specified, respond to all requests for production by searching for documents created on or after April 20, 2005.

10. "MC252 Well" means the exploratory well that was being drilled by the *Deepwater Horizon* in the Macondo prospect of Mississippi Canyon 252 in the outer continental shelf of the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

11. *"Deepwater Horizon* Incident" and "Incident" means the events leading to (i) the loss of life and injuries on the Deepwater Horizon rig on or about April 20, 2010, and (ii) the eventual sinking of the rig on April 22, 2010, including the blowout, explosions, and fire.

## INSTRUCTIONS

1. All documents are to be produced in accord with Pre-Trial Order No. 16.

2. Produce all documents in the order in which they appear in your files. Documents that, in their original condition, are stapled, clipped, or otherwise fastened together shall be produced in this same condition.

3. Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of your affiliates, partners, employees, agents,

attorneys, accountants, advisors, consultants, or other persons directly or indirectly connected with you or subject to your control.

4.  If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

5.  If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, then you must comply with the requirements of Pre-Trial Order No. 14 and Federal Rule of Civil Procedure 26(b)(5).

6.  Each request is to be construed independently and not by or with reference to any other request for purposes of limiting the scope of any particular request.

7.  If you claim that the language of any request is vague or ambiguous, then you must identify the language you believe is ambiguous and describe the different interpretations that you believe may apply to such language.  Regardless of any vagueness or ambiguity you claim, you are to answer the request for production and produce the requested documents to the best of your ability.

8.  If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

9.  Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

**REQUESTS FOR PRODUCTION**

1. Please produce all documents discussing, reflecting or relating to the MC252 Well and any services performed by Dril-Quip relating to the MC252 Well.

2. Please produce all documents discussing, reflecting, or relating to communications relating to the MC252 Well and any services provided by Dril-Quip relating to the MC252 Well.

3. Please produce all documents discussing, reflecting, or relating to the design, manufacture and installation of the casing hangar seal assembly used at the MC252 Well.

4. Please produce all documents discussing, reflecting or relating to any investigations, audits, reviews or analyses conducted by you or on your behalf relating to the MC252 Well or the *Deepwater Horizon* Incident, including, but not limited to, eyewitness notes, witness statements, audio recordings, internal investigation notes, photographs, and internal reports.

5. Please produce all documents discussing, reflecting or relating to any communication relating or referring to the flow path of the hydrocarbons at the MC252 Well.

6. Please produce all documents discussing, reflecting or relating to any investigations, studies, tests or analyses conducted relating to the casing hangar seal assembly used at the MC252 Well.

7. Please produce all documents discussing, reflecting or relating to any communication addressing any pressure tests conducted on the seal assembly used at the MC252 Well.

8. Please produce all documents discussing, reflecting, or relating to any communication regarding the condition of the casing hangar seal assembly used at the MC252 Well after the *Deepwater Horizon* Incident.

9. Please produce all documents and evidence discussing, reflecting, relating to, or concerning product specifications and standards for the casing hangar seal assembly used at the MC252 Well, and whether such specifications and standards were set by Dril-Quip, or by professional, engineering, laboratory or manufacturing organizations, or by governmental entities.

10. Please produce all photographs, communications, video tapes, diagrams, slides or still pictures, and analysis, referring to, relating or concerning the casing hangar seal assembly used at the MC252 Well.

11. Please produce all articles and other documents authored, in part or in total, by any fact or expert witness that Dril-Quip intends to rely upon at any hearing or trial.

12. Please produce all documents that relate to any expert testimony or opinions to be offered in support of your claims, or that have been considered or relied upon by any expert witness that may testify on your behalf at any trial or hearing in this action.

13. Please produce all recorded testimony, relating to the MC252 Well, of any fact or expert witness that Dril-Quip intends to rely upon at any hearing or trial.

14. Please produce all recorded testimony of each Dril-Quip employee that performed any work relating to the MC252 Well.

15. Please produce all correspondence discussing, reflecting, or relating to recorded testimony of each Dril-Quip employee that performed any work relating to the MC252 Well.

16. Please produce all recordings – written, audio, or video – comprising, transcribing, or reflecting interviews, or statements given by persons with knowledge of the events at issue, and please identify all persons who conducted or participated in such interviews or who took or obtained such statements.

Dated:  April 29, 2011

Respectfully submitted,

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:      (312) 862-2200

and

Don K. Haycraft (Bar # 14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:    (504) 581-7979
Facsimile:      (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    (202) 662-5985

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

## CERTIFICATE OF SERVICE

 I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 29th day of April, 2011.

                /s/ J. Andrew Langan, P.C.