UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL No. 2179 |
| "DEEPWATER HORIZON" in the § | | |
| GULF OF MEXICO, § | | SECTION:  J |
| on APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| Applies to:   All Cases § | | |
| 2:10-cv-02771 § | | MAG. JUDGE SHUSHAN |
| § | | |
| § | | |

**HALLIBURTON ENERGY SERVICES, INC'S RESPONSE IN OPPOSITION
TO DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS FIRST AMENDED
CROSS-CLAIM**

Defendant Halliburton Energy Services, Inc. ("HESI"), respectfully submits this Response in Opposition to Defendant Dril-Quip, Inc.'s Motion to Dismiss First Amended Cross-Claim, and in support thereof respectfully shows the Court as follows:

**I.
SUMMARY OF OPPOSITION**

Dril-Quip argues that dismissal of HESI's claims is proper because HESI has purportedly failed to plead sufficient allegations to state a claim.  Dril-Quip also argues that it owed no duty to act with reasonable care because it did not control the *Deepwater Horizon*.  Both arguments lack merit. In federal court, the pleading standard remains one of notice pleading and HESI has pleaded sufficient facts to place Dril-Quip on notice of HESI's claims against it.  Nor is control an issue here, where HESI is not alleging Dril-Quip is liable for the negligence of an independent contractor, but rather, for its own negligent activities.  Accordingly, Dril-Quip's Motion must be denied.

1

## II.
## SCOPE OF THIS COURT'S ORDER AND REASONS CONCERNING THE B1 MASTER COMPLAINT

On August 26, 2011, this Court entered its Order and Reasons as to Motions to Dismiss the B1 Master Complaint, ("Order and Reasons").  (Doc. No. 3830).  The Court concluded, among other things, that: (1) general maritime law applies in this matter, to the extent it is not displaced by federal statute; (2) general maritime law claims against non-Responsible parties are not displaced by the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*; and (3) dismissed negligence claims against Anadarko and MOEX are dismissed.  *See* Order and Reasons (Doc. No. 3830) pp. 11, 25-29.  Anadarko E&P remains subject to liability under OPA as a designated responsible party.[1]

## III.
## ARGUMENT AND AUTHORITIES
## HESI HAS PLED VALID CLAIMS AGAINST DRIL-QUIP

Dril-Quip's primary argument in its Motion is that HESI has not pled sufficient facts to state a claim against it.  Motion, at 4-9.  However, as this Court is aware, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"  *Lormand v. US Unwired*, 565 F.3d 228, 232 (5th Cir. 2009).  In ruling on a 12(b)(6) motion, the complaint must be liberally construed in favor of the pleader, and all facts pleaded in the complaint taken as true. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt of La.*, *LLC*, No. 09-6270, 2010 U.S. Dist. Lexis 49869 *11 (E.D. La. April 26, 2010); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1197). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights

---

[1] While HESI recognizes that the likely effect of the Order and Reasons is the dismissal of HESI's cross-claims against Anadarko and MOEX, HESI respectfully disagrees with the Court's determination in this issue, and writes herein to preserve its arguments and to raise additional arguments not raised by the B1 Plaintiffs.

to relief based upon those facts." *Jefferson Parish Consol. Garbage Dist. No. 1*, 2010 U.S. Dist. Lexis 49869 at *13 (quoting *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001)).

"[A] complaint 'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In order to defeat a motion to dismiss, HESI must merely "plead enough facts 'to state a claim to relief that is plausible on its face.'" *Wright v. Shell Offshore, Inc.*, No. 10-2108, 2011 U.S. Dist. Lexis 16290, at *5-6 (E.D. La. Feb. 17, 2011) (quoting *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009)). As this Court has stated, "[a] claim is facially plausible when the plaintiff pleads facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wright*, 2011 U.S. Dist. Lexis 16290, at *6 (quoting *Iqbal*, 129 S. Ct. at 1949). Moreover, "[w]hile it is true that the edges of the *Twombly/Iqbal* approach are still in jurisprudential flux, the heartland of authorities suggests that these two cases do not provide a wholly new pleading standard, but only a new tool for *analyzing* motions filed under Fed. R. Civ. P. 12(b)(6)." *Winslow v. W.L. Gore & Assocs., Inc.*, 10-00116, 2011 U.S. Dist. Lexis 25547, *2. (W.D. La. March 11, 2011) (emphasis in original). Ultimately, "a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The complaint must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Wright*, 2001 U.S. Dist. Lexis 16290, at *6 (internal citations omitted) (citing Fed. R. Civ. P. 8 (a); *Dura Pharms v. Broundo*, 544 U.S. 336, 346 (2205)).

In *Wright*, this Court denied a Rule 12(b)(6) motion because the plaintiff had "sufficiently pled enough facts to give defendant. . . fair notice of the claims against it in order to

3

survive dismissal under Rule 12(b)(6)," stating that "plaintiffs' lack of certain specific factual allegations as to defendant. . . does not necessitate a dismissal of those claims. The court finds that plaintiffs have pled enough facts to state a claim for relief that is plausible on its face and to give defendant. . . fair notice of those claims." *Id.* at *6-7.

HESI has done that here. In its First Amended Cross-Claim, HESI made the following allegations regarding Dril-Quip:

>  (a) Dril-Quip was negligent in at least the following ways:
>
>   (1) failing to exercise reasonable care while participating in the drilling operations related to the Macondo Well;
>
>   (2) failing to exercise reasonable care to ensure that adequate safeguards, protocols, procedures, and resources were available to prevent and/or mitigate the effects of an oil spill; and
>
>   (3) providing wellhead systems for the Macondo well which failed to operate, were improperly designed, and/or possessed product defects.

HESI's Cross-Claims at ¶54. HESI also alleged that Dril-Quip is subject to potential liability under a strict products liability theory. Specifically, HESI alleged:

>  (b) Dril-Quip is liable for strict products liability for its actions in defectively designing, manufacturing, and/or marketing the wellhead system for the DEEPWATER HORIZON. Specifically:
>
>   (1) Dril-Quip designed and manufactured the wellhead system that failed to prevent the escape of the hydrocarbons;
>
>   (2) Dril-Quip's wellhead system did not act as a barrier to hydrocarbon flow;
>
>   (3) Dril-Quip's wellhead system failed to operate properly or at all;
>
>   (4) Dril-Quip's wellhead system was defective because it failed to operate as intended; and
>
>   (5) Dril-Quip's wellhead system was in a defective condition and unreasonably dangerous.

HESI's Cross-Claims at ¶59. HESI further pled that it incurred damage as a result of Dril-Quip's negligence. HESI's Cross-Claims at ¶42.

4

The Court has already decided that maritime law applies in this case. *See* Order and Reasons at p. 8 (Doc. No. 3830). The Court has also decided that despite the fact that all state-law claims have been dismissed, Dril-Quip remains a proper party to these proceedings by virtue of the Transocean Entities' Rule 14(c) Tender. *See id.*, pp. 33-4. General maritime law recognizes causes of action for both negligence and products liability. *See e.g.*, *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865 (1986); *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). HESI has alleged that Dril-Quip designed and manufactured a defective wellhead system that failed to operate and failed to prevent the escape of hydrocarbons; that it failed to exercise reasonable care while participating in drilling operations on the *Deepwater Horizon*; and that it failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures, and resources were available to prevent and/or mitigate the effects of the oil spill in connection with the blowout of the Macondo well, and the resulting explosion and oil spill. These allegations are plainly sufficient to place Dril-Quip on notice of HESI's claims against it.

In *Wright*, 2011 U.S. Dist. Lexis 16290, at *3, this Court held that a complaint alleging the plaintiff's decedent was injured when he was exposed to benzene-containing chemicals and solvents over a thirty-year period while working for various employers aboard various vessels was sufficient to state products liability claims against 3-M. According to the Court, plaintiffs

> sufficiently plead enough facts to give Defendant 3M Company fair notice of the claims against it in order to survive dismissal under Rule 12(b)(6). Given the limited discovery expected of plaintiffs at the pleading stage of the litigation and the strict liability imposed on product manufacturers, Plaintiffs' lack of certain specific factual allegations as to Defendant 3M Company does not necessitate a dismissal of those claims.

*Id*. at *6. The same is true here. HESI has alleged sufficient facts to give Dril-Quip fair notice of the claims alleged against it. Moreover, any lack of specific, more detailed factual allegations does not necessitate a dismissal at this stage while discovery is underway.[2]

### Dril-Quip's Argument That It Owes No Duty of Care Because It Retained No Operational Control Over the *Deepwater Horizon* Is A *Non-Sequitur*.

Dril-Quip argues that it owed HESI no duty of care, citing a line of personal injury cases for the proposition that a party is not liable for the negligence of its independent contractor absent some form of operational control over the activities of the contractor. Motion at 9-12 (citing *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549-50 (5th Cir. 1987)) ("Under Louisiana law, a principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties;" one exception to this rule is when the principal retains or exercises operational control.); *Thomas v. Burlington Res. Oil & Gas Co.*, No. 99-3904, 2000 U.S. Dist. Lexis 15577 *4 (E.D. La. Oct. 13, 2000) (Barbier, J.) ("It is well-established that a principal is not liable for the negligent acts of an independent contractor in the course of performing contractual obligations;" an exception is if the principal exercises operational control); *Ronquille v. MMR Offshore Svcs., Inc.*, 353 F. Supp. 2d 680, 682 (E.D. La. 2004) ("Under Louisiana law, a principal who exercises no operational control has no duty to ensure that the independent contractor performs its contractual duties in a reasonably safe manner;" an exception is when the principal retains operational control). The exception applies in this case.

Indeed, Dril-Quip's argument is unpersuasive and makes little sense in these proceedings. HESI does not allege that Dril-Quip was negligent in failing to supervise an independent

---

[2] To the extent HESI's pleading can be construed not to allege any necessary facts, HESI requests leave to amend pursuant to Fed. R. Civ. P. 15(a) ("The court should freely grant leave "to amend" when justice so requires."). Dril-Quip's Motion must be denied.

contractor or that Dril-Quip is responsible for the negligence of an independent contractor. Rather, HESI alleges that Dril-Quip is negligent because it designed and manufactured a defective wellhead; that Dril-Quip failed to exercise reasonable care while participating in drilling activities; and because Dril-Quip failed to exercise reasonable care to ensure that adequate safeguards, protocols, procedures, and resources were available to prevent and/or mitigate the effects of the oil spill. *See* HESI's Cross-Claims at ¶¶1, 18, 42, 54, 59. Any suggestion that Dril-Quip owed HESI no duty to conduct its own activities in a reasonably prudent manner is meritless. *See Bourg v. Herbert Marine, Inc.*, No. 86-2266, 1988 U.S. Dist. Lexis 128, *7-8 (E.D. La. 1988) ("Any person who undertakes to perform an affirmative act is under a duty to others to exercise reasonable care to protect them against unreasonable risk of harm arising out of the act.").[3]

Moreover, the cases cited by Dril-Quip were all decided on motion for summary judgment. *Ainsworth*, 829 F.2d at 549; *Thomas*, 2000 U.S. Dist. Lexis 15577, at *2; *Ronquille*, 353 F. Supp. 2d at 681. Even if these authorities applied herein, it is inappropriate to make factual determinations such as a party's status as an independent contractor or whether Dril-Quip maintained operational control over the activities of an independent contractor at the pleading stage. *See Lowrey*, 117 F.3d at ("All facts pleaded in the complaint are taken as true."); *Wright*, 2011 U.S. Dist. Lexis 16290, at *6 (same). Accordingly, Dril-Quip's Motion to Dismiss must be denied.

---

[3] Dril-Quip states in its motion that HESI alleges "its own entities were owners and operators of the *Deepwater Horizon*, which was leased to BP." Dril-Quip Mot. at 10 (citing HESI's Cross-Claims at ¶23). Presumably this statement is left over from Dril-Quip's Motion to Dismiss Transocean's cross claims, as HESI certainly *does not* allege that it owned or operated the *Deepwater Horizon* and, in fact, ¶23 of HESI's Cross-Claims is directed at Cross-Defendant Dynamic Aviation Group, Inc.

7

8

## CONCLUSION

For the reasons stated above, the Motion of Defendant Dril-Quip, Inc. to Dismiss HESI's First Amended Cross-Claim [Dkt. 2887] must be denied.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

By: /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2011 a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin
Donald E. Godwin

1750229 v1-24010/0002 PLEADINGS