# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Cases in Pleading Bundle B1 AND No. 2:10-cv-2771 (*In re The Complaint And Petition Of Triton Asset Leasing GmbH, et al.*) | | : : : : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | | : | |

## THE BP PARTIES' ANSWER TO THE CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION

BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP"), and BP p.l.c., (collectively, the "BP Parties"), by their undersigned Counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer Cameron International Corporation's Cross-Claims as follows:

### Cross-Claims

812.    To the extent necessary, and now acting as Cross-Plaintiff, Cameron asserts as cross-claims against the other Defendants named in or tendered with respect to the Claim and named in the Complaint the cross-claims asserted against those cross-Defendants in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

### ANSWER:

The BP Parties deny the allegations of this paragraph to the extent they concern the conduct or liability of the BP Parties.  The BP Parties adopt and incorporate by reference all pleadings and motions filed in response to any matter that Cameron purports to incorporate by reference, including but not limited to Document No. 2929, The BP Parties' Answer to the Claims, Counter-Claims, and Cross-Claims of Cameron International Corporation, Document No. 2940, The BP Parties' Answer to the Answer of Cross-Defendant Cameron to Transocean's

Rule 13 Cross-Claims/Counterclaims, Together with Counterclaims, and Cross-Claims, and Document No. 2942, The BP Parties' Answer to the Master Answer of Rule 14(c) Defendant Cameron International Corporation to Tendered Claims, Together With Cross-Claims, all of which were served on all counsel on June 20, 2011. The BP Parties further adopt and incorporate by reference Document 2074, the BP Parties' Counter-Complaint, Cross-Complaint and Third Party Complaint Against Transocean and Claim in Limitation, Document 2075, BPXP's Cross-Claim and Third Party Complaint Against Transocean, Document 2082, BP's Cross-Complaint and Third-Party Complaint Against Halliburton, and Document 2064, BP's Cross-Claim Against Cameron International Corp., all of which were served on all counsel on April 20, 2011. The BP Parties admit the remaining allegations of this paragraph to the extent they are alleged by one or more of the BP Parties in Document Nos. 2929, 2940, 2949, 2074, 2075, 2082, or 2064 and deny the remaining allegations of this paragraph to the extent they are inconsistent with the allegations in Document Nos. 2929, 2940, 2949, 2074, 2075, 2082, or 2064. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph to the extent they are not directed at the conduct or liability of the BP parties and are not addressed in Document Nos. 2929, 2940, 2949, 2074, 2075, 2082, or 2064, and therefore deny those remaining allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The allegations of Cameron's Cross-Claims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

The blowout, explosion, and subsequent oil spill were caused by unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to Cameron and the negligence of employees, agents, officers and directors of Cameron.  The aforesaid unseaworthiness and negligence was within the knowledge or privity of Cameron and accordingly, the BP Parties cannot be held legally responsible.

## THIRD DEFENSE

Cameron's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

## FOURTH DEFENSE

The events culminating in the injuries and damage to Cameron were not the result of any negligence, fault, or want of due care on the part of BP Parties.  Furthermore, Cameron has the burden of proof on this issue, and Cameron cannot meet that burden.

## FIFTH DEFENSE

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Cameron's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

## SIXTH DEFENSE

Cameron's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible, and which preclude the finding of liability against the BP Parties.

## SEVENTH DEFENSE

In accordance with the *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830 (1996), one or more superseding and/or intervening causes preclude any finding of liability on the part of the BP parties.

## EIGHTH DEFENSE

To the extent the BP Parties are found liable to Cameron for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## NINTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

## TENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to indemnity from other parties or entities.

## ELEVENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to contribution from other parties or entities.

## TWELFTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to subrogation from other parties or entities.

## THIRTEENTH DEFENSE

To the extent that the BP Parties are found liable to Cameron for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## FOURTEENTH DEFENSE

Cameron's claims are barred, in whole or in part, because Cameron is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

## FIFTEENTH DEFENSE

Cameron's damages are barred, in whole or in part, by a failure to mitigate damages.

## SIXTEENTH DEFENSE

The BP Parties deny that they are liable to any extent as alleged in the Cross-Claims, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Cameron as a result of the allegations contained in the Cross-Claims and for any other damages or claims which exist or may arise, but have not been specifically pled.

## SEVENTEENTH DEFENSE

The BP Parties may only be held liable for their own conduct and may not be held liable derivatively for the conduct of any other entity.  Similarly, one BP entity may not be held derivatively liable for the conduct of any other BP entity.

## EIGHTEENTH DEFENSE

The BP Parties cannot be held liable for any damages resulting from actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

Similarly, the BP Parties may not be held liable for any damages resulting from the actions of any BP Parties exacerbated by federal, state, or local government actions.

## NINETEENTH DEFENSE

The BP Parties did not violate any federal, state, or local statute, regulation, or other legally imposed mandate, restriction, or guidance.

## TWENTIETH DEFENSE

The BP Parties cannot be held liable for the negligence of the BP Parties' subcontractors or other parties as the actions of independent contractors cannot be imputed to the BP Parties.


The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.


Dated:  October 17, 2011                                   Respectfully submitted,


                                                                       /s/ Don K. Haycraft_____
                                                                       Don K. Haycraft (Bar #14361)
                                                                       R. Keith Jarrett (Bar #16984)
                                                                       LISKOW & LEWIS
                                                                       701 Poydras Street, Suite 5000
                                                                       New Orleans, Louisiana 70139-5099
                                                                       Telephone: (504) 581-7979
                                                                       Facsimile: (504) 556-4108

                                                                       and

                                                                       Richard C. Godfrey, P.C.
                                                                       J. Andrew Langan, P.C.
                                                                       Timothy A. Duffy, P.C.
                                                                       Kirkland & Ellis LLP
                                                                       300 North LaSalle Street
                                                                       Chicago, IL 60654
                                                                       Telephone: (312) 862-2000
                                                                       Facsimile: (312) 862-2200

                                                                       and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2011.

/s/  Don K. Haycraft__