UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Cases in Pleading Bundle B1 AND No. 2:10-cv-2771 (*In re The Complaint And Petition Of Triton Asset Leasing GmbH, et al.*) | : : : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………………... | : | |

**THE BP PARTIES' ANSWER TO THE CROSS-CLAIMS
OF DEFENDANT HALLIBURTON ENERGY SERVICES INC.**

BP Exploration & Production Inc. ("BPXP"), BP America Production Company ("BPAP"), and BP p.l.c. ("collectively, the BP Parties"), by their undersigned Counsel, and, pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby answer Halliburton Energy Services, Inc.'s Cross-Claims as follows:

**CROSS-CLAIMS**

Now acting as Cross-Plaintiff, Halliburton Energy Services, Inc. ("HESI") seeks indemnity and/or contribution as follows from Cross-Defendants BP Exploration & Production, Inc., BP America Production Company, B.P. p.l.c., M-I, LLC a/k/a M-I Swaco, Cameron International Corporation f/k/a Cooper-Cameron Corporation, Anadarko Exploration & Production Company LP, Anadarko Petroleum Corporation, MOEX Offshore 2007 LLC, MOEX USA Corporation, Mitsui Oil Exploration Company, Ltd., Weatherford U.S. L.P., Weatherford International, Inc., Dril-Quip, Inc., Marine Spill Response Corporation, Airborne Support, Inc., Airborne Support International, Inc., Lynden, Inc., Dynamic Aviation Group, Inc., International Air Response, Inc., Lane Aviation, National Response Corporation, O'Brien Response Management, Inc., Tiger Safety, LLC, DRC Emergency Services, LLC, and Nalco Company.

HESI incorporates by reference the allegations and causes of action set forth in its Original Cross-Claims, filed in MDL 2179 and applicable to No. 10-2771 (Doc. 2086); HESI's First Amended Cross-Claims filed in No. 10-2771 (Doc. No. 445) and applicable to all cases in MDL 2179; HESI's Answer to Petitioner's Complaint and Petition for Exoneration from or Limitation of Liability and Original Claim in Limitation (Cross Claim) Against Petitioners, filed

in No. 10-2771 and applicable to all cases in MDL 2179; and HESI's Second Amended Cross-Claims.[1]

**ANSWER:**

The BP Parties admit that Halliburton Energy Services, Inc. ("Halliburton") purports to seek indemnity and/or contribution from the BP Parties. The BP Parties deny that any such indemnity and/or contribution from the BP Parties is appropriate. The BP Parties deny the remaining allegations of this paragraph to the extent they concern the conduct or liability of the BP Parties. The BP Parties adopt and incorporate by reference all pleadings and motions filed in response to any matter that Halliburton purports to incorporate by reference, including but not limited to Document No. 2945, The BP Parties' Answer to the First Amended Cross-Claims of Defendant Halliburton Energy Services Inc., served on all counsel on June 20, 2011, and Document No. 4067, BP's Opposition to Halliburton's Motion for Leave to File Second Amended Cross-Claim, served on all counsel on September 19, 2011. The BP Parties further adopt and incorporate by reference Document 2074, the BP Parties' Counter-Complaint, Cross-Complaint and Third Party Complaint Against Transocean and Claim in Limitation, Document 2075, BPXP's Cross-Claim and Third Party Complaint Against Transocean, Document 2082, BP's Cross-Complaint and Third-Party Complaint Against Halliburton, and Document 2064, BP's Cross-Claim Against Cameron International Corp., all of which were served on all counsel

---

[1] HESI sought leave to file its Second Amended Cross-Claims on September 1, 2011. (Doc. No. 3893). HESI's Motion for Leave was opposed by the BP defendants. (Doc. No. 4067). The Court has not yet ruled upon HESI's motion; however, in the event the Court grants HESI's Motion for Leave and its Second Amended Cross-Claims are filed with the Court, HESI incorporates those cross-claims herein, as if stated in full.
**ANSWER:**
The BP Parties deny that incorporation of Document No. 3893, Halliburton's Second Amended Cross-Claims, is appropriate as the Court denied Halliburton's motion for leave to file these cross-claims in Document 4267, Order Regarding Halliburton's Motion to File Second Amended Cross-Claim, served on all counsel on October 11, 2011. To the extent any more specific response is required to any purportedly incorporated allegations, the BP Parties deny them unless expressly admitted in a pleading responsive to any document from which Halliburton has purportedly incorporated allegations.

on April 20, 2011. The BP Parties admit the remaining allegations of this paragraph to the extent they are alleged by one or more of the BP Parties in Document Nos. 2945, 4067, 2074, 2075, 2082, or 2064 and deny the remaining allegations of this paragraph to the extent they are inconsistent with the allegations in Document Nos. 2945, 4067, 2074, 2075, 2082, or 2064. The BP Parties lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph to the extent they are not directed at the conduct or liability of the BP parties and are not addressed in Document Nos. 2945, 4067, 2074, 2075, 2082, or 2064, and therefore deny those remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Cross-Claims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The blowout, explosion, and subsequent oil spill were caused by the unseaworthy condition(s) of the MODU Deepwater Horizon, and/or unseaworthy conditions, breach of contract or breaches of duty and breaches of warranty, express or implied, attributable to the Halliburton and the negligence of employees, agents, officers and directors of Halliburton. The aforesaid unseaworthiness and negligence was within the knowledge or privity of Halliburton and accordingly, the BP Parties cannot be held legally responsible.

### THIRD DEFENSE

Halliburton's damages or injuries, if any, were the result of an occurrence and/or accident unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**FOURTH DEFENSE**

The events culminating in the injuries and damage to Halliburton were not the result of any negligence, fault, or want of due care on the part of BP Parties.  Furthermore, Halliburton has the burden of proof on this issue, and Halliburton cannot meet that burden.

**FIFTH DEFENSE**

Any alleged negligence by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Halliburton's alleged damages and there is no causal connection between the acts complained of and the damages and injuries alleged.

**SIXTH DEFENSE**

Halliburton's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible, and which preclude the finding of liability against the BP Parties.

**SEVENTH DEFENSE**

In accordance with the *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830 (1996), one or more superseding and/or intervening causes preclude any finding of liability on the part of the BP parties.

**EIGHTH DEFENSE**

To the extent the BP Parties are found liable to Halliburton for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

**NINTH DEFENSE**

To the extent that the BP Parties are found liable to Halliburton for any damages, the BP Parties are entitled to contractual indemnity from other parties or entities.

**TENTH DEFENSE**

To the extent that the BP Parties are found liable to Halliburton for any damages, the BP Parties are entitled to indemnity from other parties or entities.

**ELEVENTH DEFENSE**

To the extent that the BP Parties are found liable to Halliburton for any damages, the BP Parties are entitled to contribution from other parties or entities.

**TWELFTH DEFENSE**

To the extent that the BP Parties are found liable to Halliburton for any damages, the BP Parties are entitled to subrogation from other parties or entities.

**THIRTEENTH DEFENSE**

To the extent that the BP Parties are found liable to Halliburton for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

**FOURTEENTH DEFENSE**

Halliburton's claims are barred, in whole or in part, because Halliburton is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

**FIFTEENTH DEFENSE**

Halliburton's damages are barred, in whole or in part, by a failure to mitigate damages.

**SIXTEENTH DEFENSE**

The BP Parties deny that they are liable to any extent as alleged in the Cross-Claims, and claim exoneration from any and all liability for all losses, damages, and injuries incurred by Halliburton as a result of the allegations contained in the Cross-Claims and for any other damages or claims which exist or may arise, but have not been specifically pled.

**SEVENTEENTH DEFENSE**

The BP Parties may only be held liable for their own conduct and may not be held liable derivatively for the conduct of any other entity. Similarly, one BP entity may not be held derivatively liable for the conduct of any other BP entity.

**EIGHTEENTH DEFENSE**

The BP Parties cannot be held liable for the negligence of the BP Parties' subcontractors or other parties as the actions of independent contractors cannot be imputed to the BP Parties.

**NINETEENTH DEFENSE**

The BP Parties cannot be held liable for any damages resulting from actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization. Similarly, the BP Parties may not be held liable for any damages resulting from the actions of any BP Parties exacerbated by federal, state, or local government actions.

**TWENTIETH DEFENSE**

The BP Parties did not violate any federal, state, or local statute, regulation, or other legally imposed mandate, restriction, or guidance.

The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer as additional facts concerning their defenses become known to them.

Dated:  October 17, 2011                              Respectfully submitted,

/s/ Don K. Haycraft_____
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2011.

                                                                         /s/  Don K. Haycraft__