UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE: BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * | MAGISTRATE: SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 2:10-cv-2179

## WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.'S MEMORANDUM IN OPPOSITION TO M-I, LLC'S MOTION TO DISMISS CROSS-CLAIM

**MAY IT PLEASE THE COURT:**

Weatherford U.S., L.P. and Weatherford International, Inc. (collectively, "Weatherford") submit this Memorandum in Opposition to the Motion to Dismiss Cross-Claim filed by M-I, LLC ("M-I"). (Rec. Doc. 2823). Although M-I seeks dismissal in its Motion of all of Weatherford's claims against it, M-I addresses only Weatherford's claims for contractual

{N2369968.1}

indemnity in its Memorandum in Support of its Motion. *Id.* Accordingly, Weatherford addresses only the arguments raised by M-I in support of its request for dismissal of Weatherford's contractual indemnity claims. As set forth below, Weatherford is a third-party beneficiary of the "Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services" (the "M-I Contract")[1] between BP Exploration and Production, Inc. ("BP") and M-I, and, as such, M-I is obligated "to protect, defend, hold harmless and indemnify Weatherford from all claims ... under the M-I contract," as alleged in Weatherford's cross-claim. Thus, M-I's Motion should be denied.

## I.   SUMMARY OF ARGUMENT

In its Motion, M-I argues that Weatherford is not a third-party beneficiary of the M-I Contract and, therefore, is not entitled to contractual indemnity against M-I for economic loss resulting from personal injury claims of M-I employees. Notably, M-I makes this argument without referencing a single provision of the M-I Contract. It is well settled that a third-party need not be identified by name in the contract in order to recover as a third-party beneficiary under the contract. A third-party may enforce a contract where the contract evidences a clear intent by the parties to benefit the third-party. Here, the terms of the M-I Contract evidence a clear intent for M-I to indemnify any other contractors that entered into contracts with BP to perform work aboard, or in connection with, the MODU *Deepwater Horizon*. As one such "other contractor," Weatherford is entitled to the contractual indemnity that it seeks from and

---

[1] A copy of the M-I Contract is filed under seal as Exhibit 1. In its Motion, M-I concedes that the Court may consider the M-I Contract "[b]ecause Weatherford has incorporated the contract by reference." (Rec. Doc. 2823, at p. 2 n.1); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (in ruling on a motion to dismiss, a court may take into consideration contracts that "are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

against M-I. In its cross-claim, Weatherford sufficiently alleged these facts to support its claim for indemnity against M-I. M-I's Motion should therefore be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Weatherford's Cross-Claim Against M-I

On May 20, 2011, Weatherford filed its Cross-Claim against M-I in the Limitation of Liability Action, Cause No. 10-2771, filed by various Transocean entities as owners and/or operators of the *Deepwater Horizon*. (Rec. Doc. 2481). In response, M-I filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on June 17, 2011, seeking to dismiss all of Weatherford's claims but only briefing Weatherford's claim for contractual indemnity under the M-I Contract. (Rec. Doc. 2823.)

In Weatherford's Cross-Claim against M-I, Weatherford alleged that M-I was a party to the M-I Contract with BP, under which M-I agreed to provide certain services and/or products to BP. (Rec. Doc. 2481 ¶ II). Weatherford asserted that "[p]ursuant to the M-I Contract, M-I is obligated to release, defend, indemnify and hold Weatherford harmless from M-I's own property damage and from and against all claims, damages, costs, attorneys' fees, expenses and liabilities in respect of personal injury including death or disease to any person employed by M-I." (*Id.* ¶ III). Weatherford also alleged that "[o]n April 20, 2010, a blowout, explosions and fire occurred aboard the MODU *Deepwater Horizon*, which caused the sinking of the vessel and resulting oil spill into the Gulf of Mexico." (*Id.* ¶ VII). Weatherford further asserted that the "blowout, explosions, fire and oil spill were caused by the products liability, breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty both implied and express, breach of statutory duty, rules and regulations, and other violations of contract law … on the part of M-I … and [its] employees." (*Id.* ¶ IX). Finally, Weatherford alleged that it "has sustained,

and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial." (*Id.* ¶ XI).

### B. The M-I Contract and Its Reciprocal Indemnity Obligations

Under the M-I Contract, M-I agreed to certain reciprocal indemnity obligations in favor of other BP contractors like Weatherford. (*See* Exh. 1, § 2 ¶ 19.1). These reciprocal indemnity obligations are contingent upon other contractors agreeing to similar reciprocal indemnity obligations in favor of M-I. *Id.* In its separate contract with BP, Weatherford expressly agreed to indemnify BP's other contractors, including M-I, for Weatherford's own property damage and personal injuries to Weatherford employees.

## III. LAW AND ARGUMENT

M-I's Motion seeks dismissal of Weatherford's cross-claim only "insofar as it seeks contract-based indemnity against M-I for economic loss." (Rec. Doc. 2823, p. 3). The Motion should be dismissed because Weatherford is clearly a third-party beneficiary to the M-I Contract, and Weatherford's Cross-Claim alleges sufficient facts to survive M-I's Rule 12(b)(6) Motion.

### A. Rule 12(b)(6) Motion to Dismiss Standard

In the Court's Order and Reasons of September 30, 2011, this Court set forth the appropriate standard for review regarding Motions to Dismiss:

> To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court "must . . . accept all factual allegations in the complaint as true" and "must draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949-50.

{N2369968.1}

(Rec. Doc. 4159, pp. 4-5). Accordingly, all factual allegations set forth by Weatherford in its Cross-Claim must be accepted as true and all reasonable inferences must be drawn in Weatherford's favor.

### B. Pursuant to the M-I Contract, M-I is Obligated to Indemnify Weatherford for Economic Loss.

M-I suggests in its Motion that Weatherford is not owed indemnity by M-I for economic loss in part because the M-I Contract "does not even mention Weatherford." (Rec. Doc. 2823, at 3). But Weatherford's claim "does not automatically fail simply because the [M-I Contract] does not so identify [Weatherford]" as a third-party beneficiary. *Goldberg v. RJ Longo Const. Co., Inc.*, 54 F.3d 243, 247 (5th Cir. 1995) (applying Texas law) (citing Restatement (Second) of Contracts § 308 ("It is not essential to the creation of a right to an intended beneficiary that he be identified when a contract containing the promise is made.")) Rather, the "[M-I Contract] need not expressly identify [Weatherford] ... if the [M-I Contract] plainly contemplates a benefit to [Weatherford]." *Kane Enterprises, Inc. v. MacGregor (USA), Inc.*, 322 F.3d 371, 375 (5th Cir. 2003) (applying Louisiana law); *see also Branch v. Art Catering, Inc.*, No. 2007 WL 1747023, at * (E.D. La. June 15, 2007) (Barbier, J.) (noting that the third party beneficiary analysis is apparently the same under Louisiana law and the General Maritime Law and that "[b]oth sets of law, require that the contracting parties manifest an intent to benefit the third party."). Because the terms of the M-I Contract discussed below "plainly contemplate[]" that Weatherford is entitled to indemnity against M-I for economic loss, M-I's Motion must be denied.

The M-I Contract specifically requires M-I to indemnify other BP contractors like Weatherford if Weatherford has a reciprocal indemnity obligation in its separate contract with BP. (*See* Exh. 1, § 2 ¶ 19.1). Although Weatherford is not specifically named in the M-I

{N2369968.1}

Contract, Weatherford is a member of the indemnitee group since it has a reciprocal indemnity obligation in its separate contract with BP.

M-I does not contend in its Motion that Weatherford fails to seek indemnity for economic loss resulting from personal injury claims of M-I employees. Nor does M-I assert that the all-inclusive language of Section 1.19, which provides for indemnity against M-I for "all claims, losses, damages, costs (including legal costs), expenses and liabilities," fails to evidence a plain intent to include indemnification of economic loss. Rather, M-I argues only that Weatherford is not a third-party beneficiary of the M-I Contract. But the terms of the M-I Contract plainly contemplate that M-I owes indemnity to "all other contractors" other than M-I who provided services or performed work aboard or in connection with the *Deepwater Horizon*. Weatherford is plainly and necessarily one of the "other contractors" identified by the M-I Contract. Thus, these provisions collectively make clear that Weatherford is entitled to indemnity against M-I under the M-I Contract for economic loss resulting from personal injury claims of M-I employees.

    **C.    Weatherford Has Alleged Sufficient Facts to State a Claim for Contractual Indemnity for Economic Loss.**

In Weatherford's Cross-Claim, Weatherford alleged that M-I was a party to the M-I Contract with BP. (Rec. Doc. 2481 ¶ VI). Weatherford asserted that under the M-I Contract, M-I is obligated to indemnify Weatherford against all personal injury claims by and liabilities to any M-I employee. (*Id.* ¶ III). Weatherford also alleged that a blowout, fire, and explosions occurred on the *Deepwater Horizon* at the Macondo well site, which resulted in an oil spill into the Gulf of Mexico. (*Id.* ¶ VII). Weatherford further asserted that this blowout, fire, explosions and oil spill were caused by M-I and its employees and that the blowout, fire, explosions and oil

spill caused damage to Weatherford. (*Id.* ¶ IX). These allegations are sufficient to set forth a claim for indemnity against M-I under the M-I Contract for economic loss.

In the alternative, to the extent that the Court deems that Weatherford's Cross-Claim is deficiently alleged, Weatherford respectfully requests the opportunity to amend its cross-claim to cure any pleading defect. As the Court is aware, pursuant to the Court's Order and Reasons of September 30, 2011, the B3 Plaintiffs were afforded a similar opportunity to cure any defect in their claims for negligence *per se* in the B3 Master Complaint. (Rec. Doc. 4159, p. 20).[2] Therefore, Weatherford respectfully requests a similar opportunity regarding its cross-claim.

---

[2] Specifically, the Court stated that "Accordingly, the Court dismisses the claim of negligence *per se*, but allows Plaintiffs an opportunity to amend their Complaint if they wish to assert a more definite statement of the claim for negligence *per se*."

{N2369968.1}

## CONCLUSION

For the reasons stated above, M-I's Motion to Dismiss Weatherford's Cross-Claim must be denied.

This 17th day of October, 2011.

                                              Respectfully submitted:

                                              */s/ Glenn G. Goodier*
                                              GLENN G. GOODIER (#06130)
                                              RICHARD D. BERTRAM (#17881)
                                              LANCE M. SANNINO (#29409)
                                              JONES, WALKER, WAECHTER, POITEVENT,
                                                 CARRÈRE & DENÈGRE, L.L.P.
                                              201 St. Charles Avenue. 48th Floor
                                              New Orleans, Louisiana 70170-5100
                                              Telephone:    (504) 582-8174
                                              Facsimile:    (504) 589-8174
                                              ggoodier@joneswalker.com
                                              rbertram@joneswalker.com
                                              lsannino@joneswalker.com

                                              MICHAEL G. LEMOINE, T.A. (#8308)
                                              GARY J. RUSSO (#10828)
                                              DOUGLAS C. LONGMAN, JR. (#8719)
                                              JONES, WALKER, WAECHTER, POITEVENT,
                                                 CARRÈRE & DENÈGRE, L.L.P.
                                              600 Jefferson Street, Suite 1600
                                              Lafayette, Louisiana 70501-5100
                                              Telephone:    (337) 262-9024
                                              mlemoine@joneswalker.com
                                              grusso@joneswalker.com
                                              dlongman@joneswalker.com

                                              *Counsel for Weatherford U.S., L.P. and*
                                              *Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

/s/ *Glenn G. Goodier*