UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE:  BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * | MAGISTRATE:  SHUSHAN |

Civil Action Nos.:
2:10-cv-2771 and 10-cv-2179

**WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.'S OPPOSITION TO THE ANADARKO AND MOEX MOTIONS TO DISMISS THE COUNTERCLAIMS/CROSS-CLAIMS OF WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.**

**MAY IT PLEASE THE COURT:**

Weatherford U.S., L.P. and Weatherford International, Inc. (collectively, "Weatherford") file this Opposition to the Motions to Dismiss the Counter-Claim/Cross-Claims of Weatherford filed by MOEX Offshore 2007 LLC ("MOEX"), (Rec. Doc. 2910), and Anadarko Petroleum

{N2369731.1}

1

Corporation and Anadarko E&P Company LP (collectively "Anadarko"), (Rec. Doc. 2927).[1] For the reasons that follow, both Motions to Dismiss should be DENIED.

I.   BACKGROUND

On February 18, 2011, various Transocean entities filed a Rule 14(c) Third-Party Complaint in the Limitation of Liability Action, Cause No. 10-2771 (the "Limitation Action"), and named, *inter alia*, Weatherford U.S., L.P. and Weatherford International, Inc. as third-party defendants. (Rec. Doc. 1320). Pursuant to this Court's Stipulated Order of March 24, 2011, (Rec. Doc. 1730), all Rule 14(c) defendants, including Weatherford, were required to file any and all cross-claims in the Limitation Action by May 20, 2011.

On April 19, 2011, Anadarko filed a cross-claim against Weatherford (Rec. Doc. 338, 10-2771); and on April 20, 2011, MOEX filed a cross-claim against Weatherford (Rec. Doc. 420, 10-2771). In response, Weatherford filed separate Answers to both the MOEX and Anadarko Cross-Claims, and also asserted Counter-Claims and Cross-Claims. (Rec. Docs. 2484, 2501).

In Weatherford's Counter-Claim/Cross-Claim against MOEX, Weatherford alleged that "MOEX was a party to a Joint Operating Agreement which governed drilling, exploration and production of oil and gas at the Macondo well site at Mississippi Canyon Block 252." (Rec. Doc. 2484). Further, Weatherford alleged that "[o]n April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site in Macondo Block 252." *Id.* Finally, Weatherford asserted that the blowout, explosions, fire, and oil spill were caused by the . . . breach of statutory duty    . . . on the part of MOEX." *Id.* Weatherford alleged that it "has

---

[1] Since Anadarko and MOEX assert similar defenses in support of their respective Motions to Dismiss, Weatherford files this single Opposition in response to both Motions.

{N2369731.1}

2

sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial." *Id.*

Similarly, in Weatherford's Counter-Claim/Cross-Claim against Anadarko, Weatherford alleged that "Anadarko was a party to a Joint Operating Agreement which governed drilling, exploration and production of oil and gas at the Macondo well site at Mississippi Canyon Block 252." (Rec. Doc. 2501). Weatherford then asserted that "[o]n April 20, 2010, a blowout, explosions, and fire occurred aboard the MODU *Deepwater Horizon*, which was engaged in temporary abandonment activities at the Macondo well site in Macondo Block 252." *Id.* As a result, Weatherford claimed that "the blowout, explosions, fire, and oil spill were caused by the . . . breach of statutory duty . . . on the part of Anadarko." *Id.* Finally, Weatherford alleged that "[a]s a result of the blowout, explosions, fire and oil spill, Weatherford has sustained, and continues to sustain damages and losses in an amount to be shown with particularity at the time of trial." *Id.*

MOEX and Anadarko now move to dismiss Weatherford's Counter-Claims and Cross-Claims, setting forth numerous reasons for dismissal under Rule 12 of the Federal Rules of Civil Procedure.

      A.      **Effect of Order and Reasons of August 26, 2011**

In this Court's Order and Reasons of August 26, 2011, the Court disposed of several motions to dismiss the claims of the B1 Plaintiffs. (Rec. Doc. 3830). In the Order, the Court dismissed all state law claims and all General Maritime Law negligence claims asserted against MOEX and Anadarko. *Id.* However, the B1 Plaintiffs' claims under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.*, against MOEX and Anadarko survived since both entities were named Responsible Parties by the United States Coast Guard. *Id.* Specifically, the Court found that

"Because it is plausible that Anadarko and MOEX will be found to be Responsible Parties and thus liable under OPA, OPA claims are not dismissed." *Id.*, p. 29, n.12.  Similarly, in this Court's Order and Reasons of September 30, 2011 regarding the B3 Plaintiffs' claims, the Court found: "The B1 Order also dismissed general maritime negligence claims against Anadarko and MOEX, but preserved claims brought under OPA against these Defendants." (Rec. Doc. 4159, p. 6).

Therefore, all OPA claims, whether direct claims or contribution claims, asserted against MOEX and Anadarko survive the Court's Order and Reasons of August 26, 2011.

## II. LAW AND ARGUMENT

### A. Standard of Review

In the Court's Order and Reasons of September 30, 2011, this Court set forth the appropriate standard for review regarding Anadarko and MOEX's Motions to Dismiss:

> To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court "must . . . accept all factual allegations in the complaint as true" and "must draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949-50.

(Rec. Doc. 4159, pp. 4-5).  Accordingly, all factual allegations set forth by Weatherford must be accepted as true and all reasonable inferences must be drawn in Weatherford's favor.

### B. Weatherford Has Alleged Sufficient Facts to State a Claim for Relief under OPA

In Weatherford's Counter-Claims/Cross-Claims, Weatherford alleged that both MOEX and Anadarko were parties to a Joint Operating Agreement which governed the exploration and production of the Macondo well site. (Rec. Docs. 2484, 2501).  Weatherford further alleged that

{N2369731.1}

4

a blowout, fire, and explosions occurred on the *Deepwater Horizon* at the Macondo well site, which resulted in an oil spill into the Gulf of Mexico. *Id.* Finally, Weatherford alleged that this oil spill was caused by the breach of statutory duty on the part of MOEX and Anadarko and that the oil spill caused damage to Weatherford. *Id.* As set forth below, these allegations were sufficient to set forth a claim under OPA.

> Section 2709 of OPA provides in pertinent part:
>
> A person may bring a civil action for contribution against any other person who is liable or potentially liable **under this Act** or another law.

33 U.S.C. § 2709 (emphasis added). MOEX acknowledges that "Weatherford 'is restricted to the contribution scheme provided in [OPA].'" (Rec. Doc. 2910, p. 8). In its Motions to Dismiss, Anadarko ignores the "under this Act" language in Section 2709, which clearly provides Weatherford with a cause of action against MOEX and Anadarko for contribution since both parties are potentially liable under OPA.

Under OPA, a party is strictly liable regardless of fault, and therefore, MOEX and Anadarko's argument that a non-fault party cannot be liable for contribution under OPA is without merit. *See* 33 U.S.C. § 2702(a). Moreover, this Court has already found that both MOEX and Anadarko are potentially liable under OPA. (*See* Rec. Doc. 3830, p. 29, n.12). Therefore, by asserting that the oil spill in question was caused by MOEX and Anadarko's breach of statutory duty, Weatherford has sufficiently set forth a claim for contribution under Section 2709 of OPA.

To the extent that the Court deems that Weatherford's Counter-Claims/Cross-Claims are deficiently alleged, Weatherford respectfully requests the opportunity to amend its Counter-Claims/Cross-Claims to cure any pleading defect under Rule 15 of the Federal Rules of Civil Procedure. As the Court is aware, pursuant to the Court's Order and Reasons of September 30,

2011, the B3 Plaintiffs were afforded a similar opportunity to cure any defect in their claims for negligence *per se* in the B3 Master Complaint. (Rec. Doc. 4159, p. 20).[2] Therefore, Weatherford respectfully requests a similar opportunity regarding its Counter-Claims/Cross-Claims.

### III. CONCLUSION

OPA provides a right of contribution against a party which is liable under OPA, and liability under OPA is strict. In this Court's B1 Order, the Court held that both MOEX and Anadarko are potentially liable under OPA.

In its Counter-Claims/Cross-Claims, Weatherford sufficiently set forth allegations to give rise to a claim for contribution under OPA against both MOEX and Anadarko. To the extent that the Court deems Weatherford's pleadings defective, Weatherford respectfully requests the opportunity to amend its Counter-Claims/Cross-Claims to cure any defect.

This 17th day of October, 2011.

Respectfully submitted:

*/s/ Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:    (504) 582-8174
Facsimile:    (504) 589-8174

---

[2] Specifically, the Court stated that "Accordingly, the Court dismisses the claim of negligence *per se*, but allows Plaintiffs an opportunity to amend their Complaint if they wish to assert a more definite statement of the claim for negligence *per se*."

        MICHAEL G. LEMOINE, T.A. (#8308)
        GARY J. RUSSO (#10828)
        DOUGLAS C. LONGMAN, JR. (#8719)
        Jones, Walker, Waechter, Poitevent,
         Carrère & Denègre, L.L.P.
        600 Jefferson Street, Suite 1600
        Lafayette, , Louisiana  70501-5100
        Telephone:     (337) 262-9024

        *Counsel for Weatherford U.S., L.P. and*
        *Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

        */s/  Glenn G. Goodier*