# Exhibit F

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL No. 2179 -- IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

This Filing Relates to the Following Case Only:
*Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.*
(4:11-cv-01687) (S.D. Tex.)

# HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 18 AND BRIEF IN SUPPORT

Defendant Halliburton Energy Services, Inc. ("HESI"), files this Motion to Vacate Conditional Transfer Order No. 18 ("CTO 18") and brief in support pursuant to Rule 7.1(f), and respectfully shows this Panel as follows:

## PROCEDURAL HISTORY

1. On August 10, 2010, this Panel issued an order centralizing certain cases arising from the oil spill from the *Deepwater Horizon* on April 20, 2010, finding the United States District Court for the Eastern District of Louisiana to be the geographic and psychological "center of gravity" of this docket, and assigning Judge Carl J. Barbier to serve as transferee judge. *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (JPML 2010).

2. On April 19, 2011, HESI sued BP Exploration & Production, Inc. ("BPXP") for declaratory judgment and breach of contract based on the parties' Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services between BP Exploration and Production, Inc. and Halliburton Energy Services, Inc., BPM-09-0255 ("the Contract") in the 157th District Court, Harris County, Texas. *See* Original Petition, Ex. A; Docket, Ex. B. This lawsuit seeks a legal determination of BPXP's duties under the Contract to defend and indemnify HESI from claims

arising from blowout or uncontrolled well conditions (Contract ¶ 19.6) and pollution or contamination, (Contract ¶ 19.4(a)), and a determination of whether BPXP breached the Contract by failing to obtain reciprocal indemnity clauses in its contracts with other subcontractors, such as Transocean. Contract ¶ 19.9. The fact issues underlying this suit are not the same as or in common with those underlying the hundreds of cases in the Multidistrict Litigation ("MDL") proceeding pending in Judge Barbier's court ("MDL-2179").[1]

3. On May 3, 2011, BPXP removed this case to the United States District Court for the Southern District of Texas, No. 4:11-cv-01687, Judge Sim Lake presiding. Ex. C.

4. On May 5, 2011, BPXP filed a notice of potential tag-along. Doc. 581; *See* J.P.M.L. R. 7.1(a). On the same day, BPXP filed a motion for stay and suspension of all responsive pleading deadlines in the Southern District of Texas pending this Panel's determination of the transfer. Ex. D.

5. This Panel issued Conditional Transfer Order No. 18 ("CTO No. 18") on May 10, 2011, listing this case. Doc. 583; J.P.M.L. R. 7.1(c). HESI filed a Notice of Opposition to CTO No. 18 on May 13. Doc. 583; J.P.M.L. R. 7.1(f).

6. HESI is preparing and will file in the transferor court a motion to remand this case to state court because federal courts do not have subject matter jurisdiction over the breach of contract claim and declaratory judgment request made in this case. In the motion, HESI will argue that the Contract contains a mandatory and enforceable forum selection clause requiring this matter to be resolved in state court in Harris County, Texas. Contract, ¶ 27.5. Thus, BPXP

---

[1] HESI did not object to the transfer of *BP Exploration & Prod., Inc. and BP Am. Prod. Co. v. Halliburton Energy Servs., Inc.*, No. 4:11-cv-01526 (S.D. Tex.) as that case does not raise any claims based on breach of the Contract and instead makes claims for fraudulent conduct, fraudulent concealment, negligence and fault, contribution under the Oil Pollution Act ("OPA"), and subrogation under OPA. *See BP Exploration & Prod., Inc. and BP Am. Prod. Co. v. Halliburton Energy Servs., Inc.*, No. 4:11-cv-01526 (S.D. Tex.) (transferred by CTO No. 17, Doc. 578). Further, BPXP admittedly filed that suit as "a protective companion" to its cross complaint and third party complaint in MDL-2179. *Id.* at 1.

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO VACATE CTO No. 18 – Page 2**
D 1667260 v2-24010/0002 PLEADINGS

waived its removal rights. Moreover, removal jurisdiction does not exist for this contract dispute case because it is governed by maritime law, and strictly maritime claims do not raise a federal question for removal purposes. Additionally, BPXP is a Texas citizen and is unable to remove absent a federal question under Section 1441. Therefore, remand is required.

7. Accordingly, HESI respectfully requests that this Panel vacate CTO No. 18 as it pertains to *Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.*, No. 4:11-cv-01687 (S.D. Tex.) because this case does not share common questions of fact with other cases pending in MDL-2179 and should not be in federal court in any event. *See* 28 U.S.C. §§ 1407, 1441.

## SUMMARY OF THE ARGUMENT

8. This case is not like the hundreds of other cases arising out of the Deepwater Horizon explosion on April 20, 2010 ("the Incident") now pending in MDL-2179. The claims here arise solely from the Contract, and—most importantly—to the extent any facts need be determined, they are not the same facts as those at issue in MDL-2179 nor are they in any appreciable way common to those facts. This lawsuit asserts a breach of contract claim and seeks declaratory judgment of certain indemnification provisions in the Contract, none of which depend on determining the main fact issue in MDL-2179: what caused the Incident.

9. In the district court, BPXP claimed this action should be centralized with MDL-2179 pursuant to 28 U.S.C. § 1407, arguing that this case raises "identical issues" to those in the MDL. In doing so, BPXP misconstrued the claims in this case, and to the extent there are facts to be determined, the facts underlying those claims.

10. In this lawsuit, HESI asserts that BPXP must indemnify HESI for claims arising from "blowout, fire, explosion, cratering, or any uncontrolled well condition" and from

"pollution and/or contamination." Contract, ¶¶ 19.4(a), 19.6(b). These indemnification clauses do not depend on whether BPXP was negligent or on any facts common to the cases pending in MDL-2179. Rather, they raise legal issues — matters of contract construction and interpretation — to determine the imposition of a straightforward duty to defend and indemnify HESI. HESI maintains that BPXP should be fulfilling its duty to defend these claims now — as HESI is bearing a cost of defense that increases daily — and seeks a court decision interpreting the indemnification provisions.

11. Notably, this case does not fit into any of the pleading bundle categories Judge Barbier has designed for the efficient resolution of pre-trial proceedings in MDL-2179.[2] In addition, differences in legal and factual issues in this case compared to those in MDL-2179 require that CTO No. 18 be vacated, as this Panel has done with respect to other motions to vacate where similar differences are presented.

## ARGUMENT

### I. The indemnification issue requires the legal construction and interpretation of a contract, and raises few, if any, fact issues.

12. Cases with common questions of fact may be transferred to an MDL proceeding for coordinated pretrial proceedings. 28 U.S.C. § 1407(a). This case presents legal questions unique to the HESI-BPXP Contract and few, if any, fact issues. Consequently, the motion to vacate should be granted.

13. With this lawsuit, HESI seeks to enforce defense and indemnification rights arising from two clauses in the Contract. The first, the blowout and well condition provision ("Blowout Provision"), provides in relevant part:

---

[2] The pleading bundles are explained in Section II below.

HALLIBURTON ENERGY SERVICES, INC.'S MOTION TO VACATE CTO No. 18 – Page 4
D 1667260 v2-24010/0002 PLEADINGS

> Subject to Clauses 19.1 and 19.4(b), but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BPXP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> . . .
>
> (b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs of controlling a wild well and the removal of debris);
>
> (c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom; . . .

Contract, ¶ 19.6. The two clauses referenced within above, Clauses 19.1 and 19.4(b), do not weaken the force of this indemnity clause given the circumstances of this case. Clause 19.1 concerns harm to HESI's employees, property, and equipment, claims for which HESI has already taken responsibility and are not at issue in this case. Clause 19.4(b) concerns harm to the HESI's premises, or originating from HESI's property or equipment, and is also not at issue here. Thus, BPXP's obligations under Clause 19.6 may be determined as a matter of law, and are not dependent on any determination of any facts such as negligence or fault for the Incident and resulting oil spill.

14. Additionally, the pollution and contamination indemnity provision ("Pollution Provision") provides:

> Notwithstanding the provisions of Clause 19.3(a) [HESI to indemnify BPXP against claims by third parties for HESI's negligence] and except as provided for by Clause 19.1(a), Clause 19.1(b) and Clause 19.4(b) COMPANY [BPXP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property or equipment of COMPANY GROUP arising from or related to the performance of the CONTRACT.

Contract, ¶ 19.4(b). As with the Blowout Provision, the Pollution Provision references the same two clauses that do not affect the circumstances here. This Clause also references Clause 19.3(a) to unequivocally impose on BPXP duties to indemnify and defend in spite of any negligence allegations against HESI. Thus, as with the Blowout Provision, determination of BPXP's obligations under the Pollution Provision may be determined as a matter of law and do not depend on any determination of negligence or fault for the Incident and resulting oil spill.

15. The other remaining issue in this suit is whether BPXP breached its obligations under Clause 19.9, which requires BPXP to obtain reciprocal provisions indemnifying HESI in BPXP's contracts with other contractors. HESI alleges that BPXP failed to do so in its contract with Transocean, the owner of the Deepwater Horizon vessel. Ex. A, Pet. at ¶ 20. HESI does not know for certain whether BPXP's contracts with other contractors contain the reciprocal indemnity provisions. At most, this issue raises a fact issue unique to this case which might require production of these contracts and discovery into the circumstances of their making. However, this factual issue is not common to the factual issues being addressed in the MDL proceeding, which are focused on the cause of the Incident.

**II. This case would not fit into any of the Pleading Bundle categories Judge Barbier created for MDL-2179.**

16. In MDL-2179, Judge Barbier has established "pleading bundles" to group the categories of cases for the efficient management of pretrial proceedings. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010*, MDL No. 2179, Doc. 569 (E.D. La. Oct. 19, 2010) ("PTO 11"), Ex. E. In an innovative approach to MDL management, Judge Barbier issued PTO 11 to establish groupings of the cases pending in MDL-2179 as follows:

   **A. Personal Injury and Death** – all personal injury and wrongful death claims resulting directly from the events of April 20, 2010.

   **B. Private Individuals and Business Loss Claims**, which are further divided into:

   **B1. Non-Governmental Economic Loss and Property Damages**, including *Robins Dry Dock* claims, OPA claims, and state law claims;

   **B2. RICO Claims**;

   **B3. Clean-up, Medical Monitoring, and Post-April 20 Personal Injury Claims**; and

   **B4. Post Explosion Emergency Responder Claims** (claims against owners and operators of rescue vessels).

   **C. Public Damage Claims** (claims brought by governmental entities), and

   **D. Injunctive and Regulatory Claims** (claims brought by private parties challenging regulatory action or seeking injunctive relief) which are further divided into:

   **D1. Claims Against Private Parties**; and

   **D2. Claims Against the Government or any Government Official or Agency**.

PTO 11, III.B; *see also* Doc. 983, PTO 25, ¶ 1 (modifying Bundle B3), Ex. F. PTO 11 also presumes that subsequently added-on cases will fit into one of these Pleading Bundles and requires that all subsequently added case be assigned to a Pleading Bundle. PTO 11, III.E. This contract dispute between two defendants from MDL-2179 does not fit into any of these Pleading Bundle categories, further demonstrating that it does not share common issues and facts with the cases consolidated in MDL-2179. Consequently, it should not be transferred to the MDL, and CTO No. 18 should be vacated as to this case.

**III. This case presents largely legal issues and no common issues of fact to MDL-2179, and thus does not meet Section 1407's standard for transfer.**

17. As a general rule, this Panel will decline to transfer actions that present strictly legal questions requiring little or no discovery. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, __ F. Supp. 2d __, 2011 WL 484286, *1

(JPML Feb. 8, 2011) (Doc. 499). This is such a case. The issues to be resolved are largely legal — the construction and interpretation of the Contract's indemnification provisions. To the extent fact issues are raised, they are unique to the HESI-BPXP relationship; namely, BPXP's acts in refusing to indemnify and defend HESI despite being given proper notice under Clause 19.9.

18. While this case may have a "common factual backdrop involving the general circumstance" of the cases in MDL-2179, this case presents legal questions requiring little or no centralized discovery, and the pertinent facts do not overlap those in MDL-2179. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL-2047, Doc. 257 at 2 (JPML June 15, 2010). This case simply requires application of the petition to the Contract language under state law. *See id.* When legal, rather than factual, issues predominate, a case should not be transferred to consolidated pre-trial proceedings. *In re Am. Home Prods. Corp. "Released Value" Claims Litig.*, 448 F. Supp. 276, 278 (JPML 1978) (per curiam); *see also In re U.S. Navy Variable Reenlistment Bonus Litig.*, 407 F. Supp. 1405 (JPML 1976) (per curiam) (refusing to transfer even though the case may involve some common questions of fact where questions of law were "significantly preponderant"). Consequently, transfer to MDL-2179 is not warranted or advisable because it will not promote just and efficient conduct of the proceedings to resolve this case. *See* 28 U.S.C. § 1407; *see, e.g.*, Order Denying Transfer (*Johnson v. British Petroleum*), MDL-2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Doc. 553 (JPML Apr. 18, 2011) (refusing to consolidate antitrust action alleging that BP refused to use plaintiff's oil containment system); *In re Sinking of the Motor Vessel Ukola*, 462 F. Supp. 385, 387-88 (JPML 1978) (severing actions out of MDL proceeding that involved unique legal issues where consolidation would not accomplish the goals of Section 1407).

19. No judicial resources will be saved with consolidation. Any discovery that may be relevant to determining the breach of contract and declaratory judgment actions will be HESI-BPXP-specific and specific to this Contract. *See In re Helicopter Crash near Weaverville California*, 626 F. Supp. 2d 1355, 1357 (JPML 2009) (noting that breach of contract based on an indemnification provision is factually distinguishable from the other related proceedings arising from the same incident). This case contrasts sharply with other cases this Panel has consolidated which have common fact issues with MDL-2179 cases. *See* Transfer Order (*Meinhart v. Halliburton Energy Servs., Inc.*), MDL-2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Doc. 554 (JPML Apr. 18, 2011) (finding actions "similar, if not identical, to those previously centralized"); *see also* Transfer Order (*Vision Bank v. 145, LLC, et al.*), MDL-2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Doc. 552 (JPML Apr. 18, 2011) (transferring only third-party complaint as it shares fact issues with MDL-2179 but leaving in the transferor court claims without shared fact issues).

20. Moreover, the cases pending in MDL-2179 present complex factual issues coupled with complex legal issues that are not at issue in this case. This case, in sharp contrast, is a simple contract action capable of prompt resolution. *See In re Mack Trucks, Inc. Antitrust Litig.*, 405 F. Supp. 1400, 1401 (JPML 1975) (refusing to transfer a contract action to consolidated complex antitrust matters). When a case presents a claim wholly distinguishable from others transferred to MDL-2179, remand to the transferor court is appropriate. *See* Transfer Order with Simultaneous Separation and Remand, (*Matranga, et al. v. BP Prods. N.Am., Inc. et al.*) MDL-2179, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Doc. 490 (JPML Feb. 3, 2011) (remanding claim against one defendant where

claim was limited to placement of a single portable toilet and sink on property adjacent to plaintiff's property). Transfer of this case to MDL-2179 would not serve the efficient resolution of this dispute, nor would it serve judicial economy.

21. With *Vision Bank v. 145, LLC, et al.*, this Panel consolidated a factually overlapping third-party complaint, but refused to transfer to MDL-2179 underlying claims in that suit that concerned breach of a promissory note and a demand for judgment against guarantors of that note. Doc. 552 at 2. This Panel reasoned that the discovery relevant to those claims on the note would not significantly overlap with those typical to MDL-2179. The same is true with this case. To the extent discovery is needed or requested by either party, the fact issues concern the Contract, not the causes of the Incident. Because transferring this case will not promote just and efficient resolution of this case, this Panel should vacate CTO No. 18. *See* 28 U.S.C. § 1407.

## CONCLUSION

This case presents a straight-forward, state law contract case with few, if any, disputed fact issues, and no relevant fact issues in common with fact issues being addressed in MDL-2179. Cases concerning predominantly legal questions, requiring little or no discovery should not be consolidated with and transferred to an MDL. Consequently, this panel should grant HESI's motion to vacate CTO No. 18.

Dated: May 26, 2011.

Respectfully submitted

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty A. Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2011 a copy of the foregoing Halliburton Energy Services, Inc.'s Motion to Vacate CTO No. 18 was filed electronically with the Clerk of the Panel using the CM/ECF system, served on counsel for BPXP via CM/ECF. In addition, a courtesy copy of this motion has been mailed to the Clerk pursuant to Rule 3.2(d).

/s/ Donald E. Godwin
Donald E. Godwin

## SCHEDULE

1.  *Halliburton Energy Servs., Inc. v. BP Exploration and Production, Inc.*, United States District Court for the Southern District of Texas, Houston Division, No. 4:11-cv-01687, Judge Sim Lake presiding.

## Exhibits to Motion to Vacate

Original Petition, *Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.* (157th Dist. Court, Harris County, Texas)..................................................................Exhibit A

Docket Sheet, *Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.*, No. 4:11-cv-01687 (S.D. Tex.)..................................................................................Exhibit B

Notice of Removal, *Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.*, No. 4:11-cv-01687 (S.D. Tex.) (exhibits omitted) ..................................................Exhibit C

Opposed Motion for Stay of Proceedings and Suspension of All Responsive Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation, *Halliburton Energy Services, Inc. v. BP Exploration and Production, Inc.*, No. 4:11-cv-01687 (S.D. Tex.) (exhibits omitted)..................................................................Exhibit D

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010*, MDL No. 2179, Doc. 569 (E.D. La. Oct. 19, 2010) ("PTO 11")..........................Exhibit E

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010*, MDL No. 2179, Doc. 983 (E.D. La. Jan. 1, 2011) ("PTO 25")..............................Exhibit F