# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. NO: 04:11-cv-3392 |
| BP EXPLORATION & PRODUCTION INC., BP AMERICA PRODUCTION CO., AND BP P.L.C. | | JURY DEMANDED |
| Defendants. | | |

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants BP Exploration & Production Inc., and BP America Production Company (collectively "BP"), hereby give notice and remove this case to the United States District Court for the Southern District of Texas, Houston Division.

BP respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

NATURE OF THE ACTION

1. BP is the named defendant in the matter styled "*Halliburton Energy Services, Inc., v. BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.*," pending in the District Court of Harris County, Texas, and bearing the cause number 2011-52580 ("State Court Action").

2.      Plaintiff Halliburton Energy Services, Inc., ("HESI") commenced this action by filing this lawsuit in the District Court of Harris County, Texas, on September 1, 2011. BP was served on September 9, 2011.

3.      According to the Original Petition, BP was the "operator and leaseholder for the Macondo Well" located in the Gulf of Mexico when, on "April 20, 2010, a blowout occurred    . . . ." *See* Exhibit A, Original Pet. ¶ 1. The Original Petition further alleges that "BP knew or should have known about an additional hydrocarbon zone in the well that BP failed to disclose prior to HESI's designing the cement program for the Macondo Well." *Id.* at ¶ 1.

4.      The Original Petition also alleges that "'top of cement' or 'TOC'" "is a critical component of the primary cement job design," and that "federal regulations require that TOC be placed *at least 500 feet above the highest hydrocarbon-bearing zone* in the production interval. *See* 30 C.F.R. § 250.422." *Id.* at ¶ 18 (emphasis in original) (footnote omitted). According to HESI, "BP intentionally concealed the highest hydrocarbon-bearing zone in the production interval from HESI both before and after the incident." *Id.*

5.      HESI seeks damages, *see id.* at ¶¶ 32 - 41, for allegedly "numerous post-incident false representations regarding the Macondo Well hydrocarbon-bearing sands to HESI," *id.* at ¶ 32, "false and defamatory statements and representations of fact as to HESI, *id.* at ¶ 35, and "false representations regarding the identification and location of hydrocarbon-bearing sands in the Macondo Well, *id.* at ¶ 39. HESI alleges that such

HOU:3151798.1

2

false representations and statements have been made to the federal government, including Congress and federal executive agencies. *See id.* at ¶¶ 32, 35.

6. The claims asserted by Plaintiff arise under federal law by reason of the Outer Continental Shelf Lands Act ("OCSLA") and are subject to the exclusive jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1331 for several reasons, including the nexus of this case to a federal enclave. Plaintiff's claims also arise under federal law because Plaintiff alleges that BP violated federal law, namely 30 C.F.R. § 250.421, and that BP made fraudulent statements to the federal government, including the Congressional and Executive branches.

## BASIS FOR FEDERAL JURISDICTION

7. This case is removable to this Court under the independent jurisdictional grant of OCSLA, 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). Even if a violation of federal law had not been pleaded on the face of the Original Petition, the well-pleaded complaint rule poses no obstacle to the removal of a case falling within the independent jurisdictional grant of OCSLA.

8. OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process

HOU:3151798.1

3

of searching for minerals, including . . . (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l).

9. The State Court Action arises out of, and has a connection with, operations by BP that were conducted on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a). *Compare* 43 U.S.C. § 1301(a). These operations "involve[d] exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). Accordingly, this Court has subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

10. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, OCSLA, 43 U.S.C. § 1331, *et seq*. and because claims involving federal enclaves like the Outer Continental Shelf inherently arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint.

11. Finally, quite apart from the outcome reached by applying the body of law concerning federal "enclaves" as a term of art (which is itself determinative), the very fact that "federal law [is] exclusive in its regulation of the OCS," logically must mean that "arising under" jurisdiction exists for purposes of 28 U.S.C. § 1441(a) because

by definition, all Shelf events are controlled only by federal law and by no other source of law. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (OCSLA establishes "national authority over the OCS at the expense of both foreign governments and the governments of the individual states" and "makes federal law exclusive in its regulation of the OCS . . . .").

12. This Court has original jurisdiction for purposes of removal under 28 U.S.C. § 1441(a) because Plaintiff's Original Petition alleges damages that would not have occurred but for the *Deepwater Horizon* incident, an operation on the Outer Continental Shelf involving the exploration or production of minerals.

13. Additionally, HESI's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(b) because OCSLA establishes a federal enclave on the Outer Continental Shelf. Claims brought within federal enclaves necessarily arise under federal law.

14. HESI's claims also "arise under" federal law for purposes of 28 U.S.C. § 1441(b) because the Original Petition alleges violations of federal law and alleges fraud on various parts of the federal government, including Congress and federal executive agencies.

15. Accordingly, this case is removable under both 28 U.S.C. §§ 1441(a) and (b). Moreover, it is thus irrelevant that Plaintiff has sued a forum defendant, and the second sentence of Section 1441(b) is inapplicable.

**REMOVAL UNDER 28 U.S.C. §§ 1441(a), (b) and (c) & 1446(a)-(b)**

16. Removal is proper under 28 U.S.C. §1441(a) and (b), which permits removal if the Court has either independent jurisdiction or arising-under jurisdiction "without regard to the citizenship or residence of the parties." Removal of all claims in the case is proper under 28 U.S.C. § 1441(c). Removal is timely under § 1446(b) as BP was served on September 9, 2011.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as this Court "is the district court of the United States for the district and division within which" the State Court Action (filed in District Court of Harris County, Texas) is pending. 28 U.S.C. § 1446(a).

**EFFECTUATION OF REMOVAL AND APPLICABLE PROCEDURAL REQUIREMENTS**

18. BP hereby removes this matter to the United States District Court for the Southern District of Texas, Houston Division.

19. The matter may be removed without regard to citizenship or residence of the parties in accordance with 28 U.S.C. § 1441(a) and (b).

20. Pursuant to 28 U.S.C. § 1446(a), BP attaches a copy of all process, pleadings, and orders served on BP in the State Court Action as well as copies of all documents on file in the record of the State Court Action which are within the possession, custody, and control of BP. *See* Exhibits A-F.

21. By filing this Notice of Removal, all properly served and joined BP entities expressly consent to the removal.

HOU:3151798.1

6

22.     Pursuant to 28 U.S.C. § 1446(d), BP is providing written notice of the filing of this Notice of Removal to all adverse parties.

23.     The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

24.     Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the District Court of Harris County, Texas.

WHEREFORE, BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  September 16, 2011

Respectfully submitted,
ANDREWS KURTH LLP

By: s/ *Thomas W. Taylor*
   Thomas W. Taylor
   Federal ID No. 3906
   Texas Bar No. 19723875
   600 Travis Street, Suite 4200
   Houston, Texas  77002
   Telephone: 713-220-4200
   Facsimile:  713-220-4285
   ttaylor@andrewskurth.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS BP EXPLORATION
&PRODUCTION INC., AND BP
AMERICA PRODUCTION COMPANY

OF COUNSEL:
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

HOU:3151798.1

7

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served, on this 16th day of September, 2011, as follows:

Donald E. Godwin
Bruce W. Bowman, Jr.
Jenny L. Martinez
Floyd R. Hartley, Jr.
Gavin E. Hill
Godwin Ronquillo PC
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041

and

R. Alan York
Jerry von Sternberg
Misty Hataway-Coné
Godwin Ronquillo PC
1331 Lamar, Suite 1665
Houston, Texas 77010

(*Attorneys for the Plaintiff*)

*s/ Thomas W. Taylor*