# Exhibit L

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179 |

**This document relates to:**
*Paul Meinhart v. BP Exploration & Production, et al.,* **Case No. 4:11-cv-00073**

## HALLIBURTON ENERGY SERVICES, INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER NO. 9

Defendant Halliburton Energy Services, Inc.[1] ("HESI") respectfully submits this Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 9 (the "Motion") and shows the Panel as follows:

### I.
### INTRODUCTION

1. In denying seven similar motions to vacate conditional transfer orders and transferring those personal injury cases to MDL-2179, the Panel has already addressed – and disposed of – Plaintiff's arguments.[2] Indeed, his claims are virtually identical to those in the already-transferred cases, his petition is almost a mirror image of many other personal injury actions ("PI Actions") arising out of the explosion aboard the Deepwater Horizon on April 20, 2010 (the "Incident") that are consolidated in MDL-2179, he asserts the same claims and seeks the same relief as dozens of other personal injury plaintiffs, and his Motion primarily raises arguments that the Panel has repeatedly rejected. Consequently, Plaintiff will likely seek

---

[1] Although Plaintiff does not name Sperry-Sun Drilling Services, Inc. ("Sperry") as a defendant either in the caption of the petition or under Section IV, which lists the parties to this lawsuit, Plaintiff does mention Sperry in the body of the petition. *See* Petition at ¶¶ 11, 15. Although not entirely clear, to the extent that Plaintiff is bringing claims against Sperry, they are not legally viable because Sperry was dissolved in October 1997 and its assets and liabilities were transferred to HESI in January 1999. Thus, it is not a separate legal entity. By filing this Opposition, HESI does not waive its right to later challenge whether Sperry can be sued as a separate defendant.

[2] *See* JPML Transfer Order MDL-2179 (Aug. 10, 2010) (Doc. 1); JPML Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377); JMPL Transfer Order MDL-2179 (Feb. 7, 2011) (Doc. 494).

HESI'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-9                                                    1
D 1631054 v1-24010/0002 PLEADINGS

extensive discovery on the identical issues as the thousands of plaintiffs whose lawsuits are consolidated in MDL-2179 ("Actions"), including the PI Actions. In short, Plaintiff's lawsuit, the PI Actions, and the other Actions in MDL-2179 are replete with common factual and legal issues that predominate over any arguably (and isolated) unique issues. That, of course, suggests that the Panel should deny the Motion and include Plaintiff's case in MDL-2179; as the Panel has twice previously noted, "Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization."[3]

    2.    Excluding this case from MDL-2179 would result in unnecessary duplication of effort by the parties and courts and could lead to inconsistent rulings regarding the federal courts' jurisdiction to hear PI Actions, the meaning and construction of OCSLA, the application of maritime, federal and/or adjacent state law to the claims of thousands of plaintiffs, defendants' liability and other factual and legal issues that are common to the Actions in MDL-2179. Additionally, an outlier PI Action requiring a separate discovery schedule would impose an undue burden on HESI and other defendants who are currently engaged in full-scale and time-consuming discovery in MDL-2179. On the other hand, consolidating this matter into MDL-2179 will conserve judicial resources, promote consistency and uniformity in legal proceedings, streamline the pretrial process and result in a more efficient resolution of not just this case, but all Actions arising out of the Incident.

    3.    Plaintiff's suggestion that this case belongs in a Texas state court MDL proceeding is misguided. Although there is a pending request that a handful of state court cases be consolidated for coordinated pretrial proceedings before the MDL Panel of Texas, this request has not been granted, and there is no indication when, and if, such MDL panel might be formed

---

[3] *See* JPML Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377) (citing *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009)); *see also* JPML Transfer Order MDL-2179 (Feb. 7, 2011) (Doc. 494) (same).

or which cases, if any, will be transferred into it. And, of course, that proceeding would only apply to cases pending in state court; Plaintiff's suit is in federal court and, bearing striking similarity to so many others already consolidated in MDL-2179, should likewise be transferred.

4. Considering the Panel's prior rulings and because Plaintiff's claims share common issues of law and fact with hundreds of other cases already in MDL-2179, the Panel should deny Plaintiff's Motion and order the transfer of the case to MDL-2179 pursuant to 28 U.S.C. §1407(a).

## II.
## PROCEDURAL BACKGROUND

5. Plaintiff Paul Meinhart filed his lawsuit against Defendants in state court on November 23, 2010. *See* Plaintiff's Original Petition (attached hereto as <u>Exhibit A</u>). BP, with Defendants' consent, timely removed Plaintiff's lawsuit to the Southern District of Texas ("District Court") on January 7, 2011. *See* Notice of Removal (Doc. 1) (attached hereto as <u>Exhibit B</u>). Plaintiff filed a motion to remand on January 11, 2011. *See* Plaintiff's Motion to Remand (Doc. 3) (attached hereto as <u>Exhibit C</u>). On January 12, 2011, Defendants filed a motion to stay the case. *See* Motion to Stay (Doc. 4) (attached hereto as <u>Exhibit D)</u>. On the same day, Plaintiff filed a motion for an expedited hearing on his motion to remand. *See* Motion for Expedited Hearing (Doc. 12) (attached hereto as <u>Exhibit E</u>). The District Court heard oral argument on Plaintiff's motion to remand on February 16, 2011, but took the matter under advisement and has not issued a ruling. *See* Order Setting Hearing (Doc. 6) (attached hereto as <u>Exhibit F</u>). Neither has it ruled on Defendants' motion to stay. Both motions remain pending in the District Court.

6. On January 28, 2011, the Panel issued Conditional Transfer Order No. 9 ("CTO-9") transferring this case to MDL-2179 (Doc. No. 480). Two week later, on February 11, 2011, Plaintiff filed the Motion (Doc. 506).

### III.
### ARGUMENT

7. Pursuant to 28 U.S.C. § 1407, lawsuits "involving one or more common questions of fact" may be transferred to a district court and consolidated for pretrial proceedings where such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. A conditional transfer order transferring the case to an MDL may be vacated only upon a showing of good cause by the plaintiffs. *See In re Grain Shipments,* 319 F. Supp. 533, 534 (J.P.M.L. 1970). Here, Plaintiff fails to demonstrate good cause to vacate CTO-9 and allow this lawsuit to serve as an outlier, proceeding on its own, separate and apart from MDL-2179.

8. On at least three separate occasions the Panel has already unequivocally opined that personal injury claims arising out of the Incident belong in MDL-2179.[4] Initially, on August 10, 2010, the Panel transferred 77 cases to MDL-2179, including three PI Actions.[5] Although several plaintiffs opposed the transfer, the Panel ruled that PI Actions significantly overlapped factually with the other lawsuits in MDL-2179 involving economic damages claims.[6] Other PI Actions have similarly been included in subsequent Conditional Transfer Orders ("CTOs"). Then, on November 30, 2010, the Panel denied a motion to vacate in another personal injury case, emphasizing that PI Actions belong in MDL-2179 because they share the "factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and

---

[4] *See* JPML Transfer Order MDL-2179 (Aug. 10, 2010) (Doc. 1); JPML Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377); JPML Transfer Order MDL-2179 (Feb. 7, 2011) (Doc. 494).
[5] *See* JPML Transfer Order MDL-2179 (Aug. 10, 2010) (Doc. 1).
[6] *Id.* at 3.

HESI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-9      4
D 1631054 v1-24010/0002 PLEADINGS

ensuing oil spill, and the role, if any, that each defendant played in that incident."[7] And most recently, on February 7, 2011, the Panel denied motions to vacate and transferred three more personal injury cases to MDL-2179.[8] In two of those cases, plaintiffs brought maintenance and cure claims similar to Plaintiff's. Nonetheless, the Panel determined that transfer of those cases to MDL-2179 was warranted because the cases were, like Plaintiff's case here, "virtually indistinguishable from those previously centralized in this docket."[9]

### A. The Panel Has Subject Matter Jurisdiction to Transfer This Action.

9. As an initial matter, Plaintiff's suggestion that BP's removal of this suit to federal court was improper is irrelevant to the Panel's consolidation and transfer determination. In addressing the propriety of transfer and consolidation, the Panel should not address disputes as to whether these cases were removed properly or consider a plaintiff's jurisdictional objections raised in the motion to remand. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (stating that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand"); *accord In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 n. 1 (J.P.M.L. 1973) (*per curiam*). Since Plaintiff's jurisdictional arguments are irrelevant to the Panel's transfer decision under § 1407, those arguments cannot speak to the good cause necessary to vacate CTO-9.

10. Furthermore, the Panel retains jurisdiction and authority notwithstanding the pendency of motions before the transferor court. Plaintiff's motion to remand does not deprive the Panel of jurisdiction or authority to transfer matters under 28 U.S.C. § 1407. To the

---

[7] *See* JPML Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377) at 1. Importantly, the personal injury case that the Panel transferred in November – Kritzer – asserted the same claims that Plaintiff brings in his lawsuit.
[8] *See* JPML Transfer Order MDL-2179 (Feb. 7, 2011) (Doc. 494).
[9] *Id.* at 2.

contrary, the Panel routinely transfers cases to transferee district courts while motions to remand are pending in transferor courts. *See, e.g., Ayers v. Conagra Foods, Inc.*, Civ. A. No. H-08-3723, 2009 U.S. Dist. LEXIS 35155, at *2 (S.D. Tex. Apr. 9, 2009) ("The MDL Panel clearly has the authority to transfer this case despite a jurisdictional objection."); *Grispino v. New Eng. Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case."); *In re Ivy,* 901 F.2d at 9 ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course."); *Colf v. Regeneration Techs., Inc.*, 06-CV-6604L, 2007 U.S. Dist. LEXIS 2095, at *2 (W.D.N.Y. Jan. 11, 2007) ("[P]laintiffs' pending motion to remand this case to state court does not act as a bar to transfer. The issues plaintiffs raise regarding alleged jurisdictional defects can and should be decided by the transferee court."); *In re Federal Election Campaign Act Litig.*, 511 F. Supp. 821, 823-24 (J.P.M.L. 1979) (panel transferred actions despite pendency of motions to dismiss for lack of subject-matter jurisdiction). Indeed, HESI recognizes the Panel's authority in that regard despite lodging its own challenges to subject matter jurisdiction under the Oil Pollution Act in a number of lawsuits in MDL-2179. Moreover, the Panel has squarely addressed this issue before and rejected plaintiffs' arguments in other PI Actions, denying their motions to vacate the CTOs and transferring those matters to MDL-2179, notwithstanding the pendency of motions to remand.

11. Finally, while the Panel may wait until the transferor court rules on a pending motion to remand prior to authorizing the transfer of the action, there is no reason to do so here. A number of intrinsically interrelated PI Actions will be before the Court in MDL-2179, including several motions to remand. Rather than risking conflicting rulings on the remand

issue, as well as the disparate proceedings and rulings on the whole gamut of pretrial matters, a single court should address the matters collectively and consistently. Although the District Court in this case has not yet ruled on Defendants' motion to stay or Plaintiff's motion to remand, this does not prevent the Panel from transferring the case to MDL-2179. Indeed, the Panel has correctly noted in its previous transfer order that "[b]etween the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so)."[10] The Panel also noted that a pending motion to remand in the transferor court does not provide good cause to vacate a conditional transfer order and that plaintiffs in PI Actions "can present their remand motions to the transferee judge."[11]

> B. **This Case Involves Issues of Fact Common to the Actions Transferred to MDL-2179.**

12. In the Motion, Plaintiff asserts that his case "has little in common with the cases currently pending in MDL-2179."[12] Not so. A quick survey of the allegations in his petition reveals precisely the contrary. Plaintiff's lawsuit is nearly identical to the lawsuits filed by Joshua Kritzer, Billy Coon, Allen Seriale, and Buddy Trahan, each of which the Panel has already transferred to MDL-2179. Just like Plaintiff here, those personal injury plaintiffs moved to vacate the conditional transfer orders arguing that their claims were different and unique, but the Panel denied their motions finding that their actions shared common fact issues with other Actions pending in MDL-2179.[13] When ordering the transfer of the last four PI Actions to MDL-2179, the Panel specifically noted that such transfer was appropriate because their lawsuits shared "factual issues concerning the cause (or causes) of the Deepwater Horizon

---

[10] *See* JPML Transfer Order MDL-1279 (Feb. 7, 2011) (Doc. 494) at 2 n.4.
[11] *Id.* at 2; JPML Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377) at 1.
[12] *See* Motion at 3.
[13] *See* JPML Transfer Order MDL 2179 (Nov. 30, 2010) (Doc. 377) at 1; *see* JPML Transfer Order MDL-2179 (Feb. 7, 2011) (Doc. 494) at 2.

HESI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-9    7
D 1631054 v1-24010/0002 PLEADINGS

explosion/fire and ensuing oil spill, and the role, if any that each defendant played in that incident."[14] Because Plaintiff's lawsuit is nearly identical to the already-transferred lawsuits, it likewise shares common factual issues with other Actions already consolidated in MDL, and Plaintiff cannot show good cause to avoid the transfer to MDL-2179.

13. Furthermore, even if Plaintiff could point to subtle differences between his claims and the claims of other plaintiffs in MDL-2179, the fact that his case might involve a non-common issue or two is insufficient to vacate CTO-9 and avoid transfer to MDL-2179. As the Panel previously observed, "[a]lthough [] actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL-2179. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization."[15] Thus, Plaintiff's argument that his case does not belong in the MDL proceedings because it has "little" in common is unpersuasive and disingenuous.

14. No matter how much Plaintiff attempts to emphasize the difference between his claims and claims for economic damages that are part of MDL-2179, he cannot avoid the fact that his case involves common issues with those suits seeking economic damages. Moreover, he focuses exclusively on damages, ignoring the identical nature of liability questions, and ignores the fact that his case is among a number of PI Actions filed in various state and federal courts across the southeastern United States, which are also consolidated in MDL-2179.[16] These intrinsically interrelated PI Actions also share the same factual basis with hundreds of Actions that have been filed as a result of the Incident, over 300 of which have already been

---

[14] *Id.*

[15] *See* MDL Transfer Order MDL-2179 (Nov. 30, 2010) (Doc. 377) at 2 (citing *In re Denture Cream Pods. Liab. Litig.,* 624 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009); *see also* JPML Transfer Order (Feb. 7, 2011) (Doc. 494) at 2.

[16] Plaintiff likewise ignores the fact that MDL-2179 is specifically addressing the PI Actions collectively in Bundle A of that proceeding, providing for specific pleading deadlines to facilitate the efficient handling of those matters. HESI, for example, recently filed Rule 12 motions with respect to those matters and will be filing answers by March 18, 2011.

HESI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-9     8
D 1631054 v1-24010/0002 PLEADINGS

transferred by the Panel to MDL-2179.  Thus, this case, the PI Actions, and the 300-plus other Actions all arise out of the Incident and involve common questions of fact regarding what happened on the Deepwater Horizon and what role, if any, each of the Defendants had in the Incident.  Discovery aimed at exploring these factual issues is best handled at a consolidated level rather than in numerous separate proceedings.  While particularized discovery may be appropriate for various subsets of the hundreds of suits filed, potentially including several issues in Plaintiff's lawsuit, this Panel's Transfer Order and the parties' discussions in MDL-2179 anticipate such measures; plus, common questions predominate among the PI Actions and Actions.

15. For example, Plaintiff has asserted a negligence claim in his lawsuit – a claim that hundreds, if not thousands, of other plaintiffs have brought as well.  *See* Exhibit A.  Contrary to Plaintiff's argument that his claims have nothing in common with the claims brought by other plaintiffs, the allegations in his petition establish quite the opposite.  Like hundreds of others, Plaintiff alleges that the defendants were negligent, negligent per se, grossly negligent, and reckless for at least the following reasons: failure to properly supervise their crew; failure to properly train their employees; failure to provide sufficient personnel to perform operations aboard the vessel; failure to exercise due care and caution; failure to avoid this accident, and "other acts deemed negligent." *Id.* at 6 ¶16.  Logically, the discovery necessary to investigate these claims necessarily overlaps in hundreds of lawsuits, and a consolidation of discovery efforts in MDL-2179 is the only way to create economies of scale and foster an efficient and non-duplicative discovery process.  The Panel acknowledged as much in its initial Transfer

Order, finding that PI Actions share common factual issues with hundreds of other Actions consolidated in MDL-2179.[17]

16. Finally, MDL proceedings routinely combine personal injury lawsuits with lawsuits seeking economic damages arising out of the same incident because the courts recognize that they share more common facts than different ones and that the pretrial procedure can be adjusted to accommodate any differences between the personal injury cases and other cases. *See e.g., In re: Zicam Cold Remedy Marketing & Sales Practice Litig.*, MDL No. 2096, 655 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2009) (refusing to separate purported consumer class actions from other actions alleging personal injury). The MDL Panel in *In re: Zicam* explained its decision to transfer the personal injury cases along with the consumer class actions to the MDL as follows:

> Centralization of all actions in this docket will allow a single judge to structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions.

*Id.* at 1373 (citing *In re Department of Veteran Affairs (VA) Data Theft Litig.*, 461 F. Supp. 2d 1367, 1368-69 (J.P.M.L. 2006); *see also In re: Toyota Motor Corp., Acceleration Marketing, Sales Practices, and Product Liab. Litig.*, MDL No. 2151, 2010 U.S. Dist. LEXIS 35471, at *5 (J.P.M.L. Apr. 9, 2010) (allowing consolidation of the personal injury/wrongful death lawsuits with the economic damages cases because the "liability discovery in all the cases will certainly overlap" and because the transferee judge could design the distinct discovery tracks to address any discovery particular to the personal injury/wrongful death lawsuits).

---

[17] *See* JPML Transfer Order (Aug. 10, 2010) (Doc. 1) at 3 ¶ 2.

### C. Common Issues in Motions to Remand Also Support Transfer.

17. Plaintiff's motion to remand actually supports the propriety of transferring this lawsuit to MDL-2179. Under § 1407, the transfer of cases to the MDL proceeding prior to the resolution of a motion to remand is not only allowed but is strongly encouraged where motions to remand raise common jurisdictional objections because resolution of such identical or similar objections by a single court conserves judicial resources and promotes consistent rulings on identical issues. *See, e.g., In re Ivy,* 901 F.2d at 9 (finding that because jurisdictional issues in question were easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation, there were real economies of scale in transferring the cases to the transferee district court); *see also Ayers,* 2009 U.S. Dist. LEXIS 35155, at *3 ("if, as seems likely, the remand issues are common to many of the MDL cases, decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings").

18. Plaintiff's motion to remand raises the same jurisdictional objections as the motions for remand filed by plaintiffs in other PI Actions. In at least eight other PI Actions where plaintiffs moved to remand their cases to state court, they raised the issue of whether OCSLA applies to plaintiffs' claims. *See* Plaintiffs' Motions to Remand (attached hereto as Exhibit G). Plaintiff's motion to remand raises the same jurisdictional objection,[18] and there is no telling how many more lawsuits will raise this precise argument. This is a legal issue common to many PI Actions and does not depend on where the lawsuit was filed, what injuries plaintiffs suffered, or what damages they are seeking. A ruling by a single court on the question of whether OCSLA applies to plaintiffs' claims will conserve judicial resources, foster efficiency, and avoid conflicting determinations.

---

[18] *See* Motion at 1.

### D. Transfer Will Promote The Just and Efficient Conduct of Litigation.

19. Since both the issues raised in Plaintiff's motion to remand and the issues raised in the case itself are common to many of the Actions already centralized in MDL-2179, the transfer of this case to MDL-2179 will allow a single court to decide identical issues in hundreds of lawsuits, which promotes uniformity, consistency and predictability in litigation arising out of the Incident. *See, e.g., R.N.R. v. Yamaha Motor Corp.,* 2010 U.S. Dist. LEXIS 54686, at *7-8 (S.D. Miss. Apr. 30, 2010) (citing *Shields v. Bridgestone/ Firestone, Inc.,* 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002) ("Allowing the transferee court to rule on issues common to multiple cases avoids the risk of inconsistent and conflicting rulings, while conserving judicial resources by avoiding duplicative efforts."). It will also promote just and efficient conduct of litigation since a decision rendered by the MDL Court on a pretrial issue will apply to all Actions that involve issues addressed by the ruling, thus saving the resources of dozens of district court judges who otherwise would have to separately consider the same issues.

20. And even if this case were to involve discrete issues of fact or law that are not common with other Actions, those issues can be resolved in MDL-2179 as efficiently as the common ones. *See In re: Zicam Cold Remedy Marketing and Sales Practices Litigation,* 655 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009) (citing *In re Multi-Piece Rim Products Liability Litig.,* 464 F. Supp. 969, 974 (J.P.M.L. 1979) (finding that the transferee district court could easily foster a pretrial program that allowed pretrial proceedings with respect to any non-common issues, such as details concerning individual injuries, to proceed concurrently with pretrial proceedings on common issues). In fact, the Panel has already noted that the transferee court will have the broad discretion to fashion different discovery tracks to address any individualized discovery or

pretrial demands in the PI Actions.[19] While Judge Barbier has not yet addressed discovery for any maintenance and cure claims, he can certainly do so if Plaintiff expresses to him the need to have a separate discovery for such claims.

### E. Transfer Will Promote the Convenience of the Parties and Witnesses.

21. Given the nature of Plaintiff's claims, he will most likely seek the same discovery as hundreds of other plaintiffs whose cases have been consolidated in MDL-2179. Clearly, a witness or a party who has to testify or respond to discovery will find it more convenient to do so once, in a consolidated proceeding, rather than grapple with multiple discovery requests in multiple lawsuits. Since, as discussed above, many of the Actions, including the PI Actions and this case in particular, involve the same parties and witnesses, the consolidated discovery will certainly enhance the convenience of both the parties and the witnesses. Without a doubt, the consolidation of this case under § 1407 in MDL-2179 will eliminate duplicative discovery, which in turn will serve to enhance the convenience of the parties and witnesses. *See, e.g., In re: Toyota Motor Corp.,* MDL No. 21512, 2010 U.S. Dist. LEXIS 35471, at *4 (Apr. 9, 2010) (where centralization eliminates duplicative discovery, prevents inconsistent pretrial rulings, conserves the resources of the parties, their counsel, and the judiciary, such centralization will create convenience for the parties and witnesses and will promote the more just and efficient conduct of litigation).

### F. Plaintiff's Case Cannot – and Should Not – be Transferred to a Texas MDL Proceeding.

22. In an effort to avoid transfer to MDL-2179, Plaintiff suggests that his suit, now pending in federal court, somehow belongs in an as-yet-nonexistent state court MDL proceeding. His effort necessarily fails. First, as explained above, this federal case belongs with the other

---

[19] *See* JPML Transfer Order MDL-2179 (Aug. 10, 2010) (Doc. 1).

HESI'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-9  13
D 1631054 v1-24010/0002 PLEADINGS

federal PI Actions that the Panel has already transferred to MDL-2179 because it brings the same claims, arises out of the same Incident, involves the same factual and legal issues, and seeks the same damages as the already-transferred cases. The pendency of a motion to remand does not alter that result. Second, contrary to Plaintiff's suggestion, there is currently no Texas MDL proceeding for cases arising out of the Incident. On May 21, 2010, BP filed a motion for transfer for consolidated or coordinated pretrial proceedings before the Multidistrict Litigation Panel of Texas. *See* Motion for Transfer for Consolidated or Coordinated Pretrial Proceedings (attached hereto as Exhibit H). On the same day, it filed an emergency motion to stay all discovery and pretrial proceedings, including its motion to transfer. *See* Emergency Motion for Stay (attached hereto as Exhibit I). Recently, upon BP's request, the Texas MDL Panel re-opened the motion for transfer, staying certain pending state court matters and noting that the motion for transfer remains pending. *See* Order (Feb. 8, 2011) (attached hereto as Exhibit J). The Texas MDL Panel, however, has not yet ruled whether any of the cases arising out of the Incident should be consolidated into MDL proceedings separate and apart from MDL-2179, and it is not clear when it may render a ruling.

Furthermore, even if the Texas MDL Panel orders a consolidation of cases, it is not clear which cases will be included in such MDL proceedings. And, in any event, it cannot include cases pending in federal court. The Panel should not delay the transfer of this case to MDL-2179 based on speculations that separate MDL proceedings might be formed, that his cause might be remanded to state court, and that this case might then be transferred to that state court MDL proceeding at some indefinite point in the future.

## IV.
## CONCLUSION

Because Plaintiff cannot show good cause for vacating CTO-9, and because consolidating this case into MDL-2179 will conserve judicial resources, promote consistency and uniformity in legal proceedings, streamline the pretrial process, result in a more efficient resolution of this case and the consolidated Actions, and enhance the convenience of the parties and witnesses, the Panel should deny Plaintiff's motion to vacate CTO-9.

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

**By:** /s/ Donald E. Godwin
Donald E. Godwin, T.A.
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin Hill
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
Jerry C. von Sternberg
jvonsternberg@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 § § § § § § § | MDL NO. 2179 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 9 has been electronically filed through the Court's CM / ECF system, which will send a notice of electronic filing to all counsel as required by JPML Rule 5.2(a) and Rules 5 and 6 of the Federal Rules of Civil Procedure.

                                                                             /s/ Donald E. Godwin
                                                                              Donald E. Godwin