UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO on<br>APRIL 20, 2010<br><br>Applies to:<br><br>*All Cases and*<br>*No. 2:10-cv-02771* | § § § § § § § § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

### DEFENDANT M-I L.L.C's OPPOSITION TO DEFENDANT DRIL-QUIP, INC.'S MOTION TO DISMISS M-I'S FIRST AMENDED CROSS-CLAIMS

Defendant M-I L.L.C. ("M-I") files this Opposition to the Motion to Dismiss M-I's First Amended Cross-Claims filed by Dril-Quip, Inc. ("Dril-Quip"). Despite the arguments made in its Memorandum of Law in Support of its Motion to Dismiss ("MTD"), Dril-Quip's Motion to Dismiss should be denied.

### ARGUMENT

1. **The Court Has Already Found The Allegations Against Dril-Quip To Meet Rule 12(b)(6) Standards.**

Dril-Quip moves to dismiss M-I's cross-claim on the ground that "M-I has made no credible allegations against Dril-Quip." MTD 3. Dril-Quip argues that "no party pleads facts and legal theories sufficient to render it plausible that it bears or shares liability for wrongful injury." MTD 5. This argument fails because this Court has already held otherwise.

Recognizing that Dril-Quip was not named as a defendant in the B1 Master Complaint, the Court noted that Dril-Quip was nevertheless subject to it "because of the procedural effect of

the Rule 14(c) tender in Transocean's Third-Party Complaint." Order & Reasons [As to Motions to Dismiss the B1 Master Complaint] 33 (Dkt. No. 3830). The Court ruled:

> Although the Court has dismissed all state-law claims alleged by Plaintiffs in their B1 Master Complaint, Dril-Quip remains a 14(c) Defendant with respect to Plaintiffs' claims saved by this Order.

*Id.* at 33-34. The Court found that the B1 Master Complaint asserts valid claims against Dril-Quip for those claims "saved by th[e] Order." M-I asserts valid cross-claims for indemnity and contribution based upon those very claims. Therefore, the Court should deny Dril-Quip's Motion to Dismiss M-I's cross-claims

**2.     Dril-Quip Owed Duties To M-I.**

Dril-Quip argues that *Ainsworth v. Shell Offshore Inc.*, 829 F.2d 548 (5th Cir. 1987), and its progeny demonstrate that Dril-Quip "did not owe M-I or any Plaintiff/Claimant any duty of care." MTD 7-8. These cases, however, have no bearing on whether Dril-Quip owed any duty to M-I or the Plaintiffs.

Dril-Quip argues that these cases are applicable because they demonstrate that "[t]he duty to prevent harm resulting from oil and gas operations arises as a consequence of control over the operations." MTD 8. Instead, these cases stand for the proposition that:

> a principal is not liable for the offenses committed by an independent contractor, unless the independent contractor is performing ultra-hazardous work or if the principal reserves the right to supervise or control the work of the independent contractor.

*Fontenot v. Sw. Offshore Corp.*, 787 So. 2d 588, 594 (La. App. 2001). These cases all involve claims against a principal due to the actions of an independent contractor. *Id.* at 590 (involving claims against Pennzoil for a pipe on its independent contractor's rig); *see also Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 681-82 (E.D. La. 2004) (involving claims against Shell for the welding system installed by its independent contractor); *Gremillion v. Gulf*

2

*Coast Catering Co.*, Civ. A. No. 88-4544, 1989 WL 104100, at *1 (E.D. La. Sept. 5, 1989) (involving claims against Doerles Quarterboats related to an ice machine being unloaded by the employee of its independent contractor). In each case, the court found the principal did not owe a duty for the actions of its independent contractor.

For example, in *Ainsworth*, Shell owned an offshore platform affixed to the floor of the Gulf of Mexico. 829 F.2d at 549. Shell hired Hercules Drilling as an independent contractor to furnish a drilling rig and drill a well from the bare Shell platform. *Id.* Ainsworth was injured when he fell due to the lack of lighting during the Hercules operations. *Id.* The court noted that "a principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties." *Id.* The court concluded the two exceptions to this rule did not apply because drilling operations are not ultrahazardous and "Shell retained no control over Hercules' activity, and it may not be held liable for the independent contractor's acts under this theory." *Id.* at 550-51.

M-I does not seek to impose liability on Dril-Quip as a principal or for the actions of any independent contractor. Therefore, *Ainsworth* and its progeny are irrelevant to Dril-Quip's liability to M-I for indemnity and contribution.

Dril-Quip argues that "[f]urnishing equipment for use in a drilling project owned and operated by others cannot plausibly create a duty to someone else's employee working onboard someone else's vessel." MTD 9. It cites no case law that supports this theory. It does cite *In re Graham Offshore, Inc.*, 287 F.3d 352 (5th Cir. 2002), but this case found only that Transocean had not created a duty by designating its rig superintendent as the person in charge of implementing the Emergency Evacuation Plan. *Id.* at 358-59. Nothing in this case states—and it would be shocking if it did—that an equipment provider owes no duty to supply non-defective

3

equipment. Contrary to its claims otherwise, Dril-Quip owed M-I duties under ordinary negligence principles and product-liability law. *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865-67, 874 (1986) (holding under general maritime law that manufacturers may be held liable under ordinary negligence principles and strictly liable to the public generally under product-liability law); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 211 (5th Cir. 2010) (holding plaintiffs are owed duties of care under the circumstances with respect to those interests foreseeably jeopardized by negligent conduct). For these reasons, the Court should deny Dril-Quip's Motion to Dismiss.

### 3. Alternatively, This Court Should Grant M-I Leave To Amend.

In the alternative, to the extent the Court finds M-I's allegations deficient, M-I should be granted leave to amend the complaint. Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962). "[A] dismissal with prejudice is a 'drastic remedy' that only is proper in extreme circumstances when lesser sanctions are not feasible." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)). Dismissal for failure to state a claim without leave to amend is proper only if the complaint cannot be cured by amendment. *See Oki Semiconductor Co. v. Wells Fargo Bank, N.A.*, 298 F.3d 768, 772 (9th Cir. 2002). Thus, in the interest of justice, this Court should allow M-I to amend to cure any defiencies.

### CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court deny Dril-Quip's Motion to Dismiss M-I's First Amended Cross-Claims.

4

October 17, 2011                              Respectfully submitted,

**OF COUNSEL:**                               MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                                 By: /s/ *Hugh E. Tanner*
dleon@morganlewis.com.                            Hugh E. Tanner
Texas Bar No. 24002463                            htanner@morganlewis.com
5300 Wachovia Financial Center                    Texas Bar No. 19637400
200 South Biscayne Boulevard                      1000 Louisiana, Suite 4000
Miami, Florida 33131                              Houston, Texas 77002
Telephone:    (305) 415-3000                      Telephone:    (713) 890-5000
Facsimile:    (305) 415-3001                      Facsimile:    (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                     **ATTORNEY FOR DEFENDANT**
Texas Bar No. 00784934                        **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone:    (713) 890-5000
Facsimile:    (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant M-I L.L.C.'s Opposition to Defendant Dril-Quip, Inc.'s Motion to Dismiss M-I's First Amended Cross-Claims has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 17th day of October, 2011.

    /s/ *Hugh E. Tanner*
    Hugh E. Tanner