UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

LIAISON COUNSEL MEMORANDUM
PROVIDING REPORT FOR 10/21/11 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on October 21, 2011.

**1. Pre-Trial Orders:**

Since the last status report for the conference on September 16, the Court has entered PTO 41 and Amended PTO 41 (Case Management Order No. 3), PTO 42 (approving certain forms and vacating PTO 34), PTO 43 (Definition of a "Sample"), PTO 44 (Amending PTOs 17 and 27 on Deposition Protocol), PTO 45 (Relating to Use of Sample Reference Material in Support of Spill Impact Research and Clarifying PTO 1), PTO 46 (Appointing Plaintiffs' Co-Liaison Counsel, Plaintiff Executive Committee, and Plaintiffs' Steering Committee), and PTO 47 (Relating to Designation of Documents as "Confidential" or "Highly Confidential" Pursuant

417652124.

to PTO 13).

## 2. The Status of the JPML Proceedings:

Since the parties submitted the last status report on September 13, 2011, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") has issued three new Conditional Transfer Orders conditionally transferring 6 additional cases to this Court. To date, a total of thirty-six CTOs have been issued. As of October 18, 2011, there are approximately 608 total cases that have been transferred to MDL 2179. As a result of dismissals, currently only 536 cases are active before the Court. Of the active cases, 286 have been transferred by the JPML. Following its September 27 hearing session, the JPML ruled on a number of pending objections and motions to vacate:

- Nine objections and two motions to vacate (one was a joint motion on behalf of eight separate cases) were filed regarding CTO-23. On October 6, 2011, the Panel issued a ruling denying the motions and transferring the cases to MDL 2179.

- Two objections and motions to vacate were filed regarding CTO-25. On October 6, 2011, the Panel issued a ruling denying the motions and transferring the cases to MDL 2179.

- Two objections and motions to vacate were filed regarding CTO-27. On October 6, 2011, the Panel issued a ruling granting the motions and transferring the cases back to their original federal court jurisdictions.

- One objection and motion to vacate was filed regarding CTO-29. On October 6, 2011, the Panel issued a ruling denying the motion and transferring the case to MDL 2179.

- One objection and motion to vacate was filed regarding CTO-30. On October 6, 2011, the Panel issued a ruling denying the motion and transferring the case to MDL 2179.

The following issues remain undecided:

- One objection was filed regarding CTO-31. Briefing is complete, and the motion to vacate has been set for the Panel's next hearing, which is scheduled for December 1, 2011.

- One objection was filed regarding CTO-32. Briefing is complete, and the motion to vacate has been set for the Panel's next hearing, which is scheduled for December 1, 2011.

- One objection was filed regarding CTO-33. Briefing is complete, and the motion to vacate has been set for the Panel's next hearing, which is scheduled for December 1, 2011.[1]

3. **Status of State-Filed Lawsuits:**

At least thirty-eight Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (six cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana (one case); Lafayette Parish, Louisiana (two cases); Lafourche Parish, Louisiana (five cases); Orleans Parish, Louisiana (three cases); Plaquemines Parish, Louisiana (five cases); Terrebonne Parish, Louisiana (three cases); St. Bernard Parish, Louisiana (two cases); Hillsborough County, Florida (one case); Harrison County, Mississippi (two cases); Jackson County, Mississippi (two cases); and Gwinnett County, Georgia (one case). These cases include:

---

1   Attached is a chart showing the status of the Conditional Transfer Orders.

- Twenty-four personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) twenty-two suits brought by oil spill response workers;

- Five lawsuits alleging commercial losses and/or diminished real property value as a result of the oil spill;

- One breach of contract suit by the owner/operator of a vessel participating in the Vessels of Opportunity oil spill response program;

- Six suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Texas courts have set winter 2012 through spring 2012 trial dates in a number of state court personal injury cases related to MDL 2179. These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179. Also included are four personal injury cases brought by oil spill response workers set for trial as early as January 2012. The five Texas cases set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (January 9, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (February 6, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Young, Robert v. BP Exploration and Production, Inc., et al.*, No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident; November 2011 mediation scheduled).

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases. BP is working with Special Master McGovern and Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court. BP has filed motions to continue the trial dates in the *Eldridge*, *Hebert*, and *McCormick* cases as part of its efforts to coordinate discovery between those cases and MDL 2179, but those efforts have so far proven unsuccessful.

In addition to the thirty-eight cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). All eight cases are currently stayed.

4. **Status of MDL-2185:**

   - Securities Litigation.  Two consolidated amended complaints have been filed.  Motions to dismiss are fully briefed as of June 21 and have been scheduled for argument on November 4.

   - Derivative Litigation.  On September 15, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint on *forum non conveniens* grounds, holding that the courts of England are the appropriate forum for the litigation.  On October 3, the defendants filed with the court a stipulation to the jurisdiction of the English courts.  On October 12, plaintiffs filed a motion to amend the court's September 15 decision.  Defendants will oppose that motion, and their opposition brief is due November 2.

   - ERISA Litigation.  Defendants moved to dismiss plaintiffs' consolidated amended complaint on July 26.  Plaintiffs filed their opposition brief on September 23, and a reply brief is due November 7.

   - Dividend Class Action.  On September 20, BP p.l.c. moved to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill.  Plaintiff's opposition brief is due on October 26, with a reply brief due on November 18.

   - Discovery Coordination.  In the securities, derivative, and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims

will survive Rule 12 motion practice. MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTOs 17 and 27. In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

5. **Written and Deposition Discovery:**

Extensive written discovery and document production for Phase One has occurred, with Phase 2 discovery proceeding as well. The parties have produced in excess of 40 million pages of documents. As of the date of the status conference, 226 depositions have been taken. More than 6466 documents have been marked as deposition exhibits. In addition, a number of further Phase 1 fact and expert depositions are now scheduled to be taken through December. The PSC, the United States, and the petitioners-in-intervention have provided Phase 1 expert reports. Rule 14(c) defendants provided their expert reports on October 17, and rebuttal expert reports are due on November 7. The parties continue to work on scheduling Phase Two depositions and discovery including the drafting of Rule 30(b)(6) deposition notices as the first wave of Phase 2 deposition discovery. The parties continue to meet with Magistrate Judge Shushan on many Fridays to schedule depositions and discuss pending discovery issues.

6. **Vessels of Opportunity Case Management**:

Pursuant to the Case Management Order for the Vessels of Opportunity contract cases, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an expedited mediation process. Both sides have produced documents and answered interrogatories related to the six VoO Focus Plaintiffs. To date, four of the six VoO Focus Plaintiffs have been

deposed, and the parties are working on completing the limited deposition discovery called for by the CMO.  More than 1600 VoO Contract Claim Plaintiff Fact Sheets were filed by the October 6 deadline set in the CMO.

On September 15, one VoO plaintiff moved for summary judgment on contract claims. Pursuant to the Court's Order, BP will respond to that motion by October 27.  The parties have a pre-mediation conference with their agreed mediator on November 16 and will likely begin mediating the six VoO Focus Plaintiff cases as soon as practicable thereafter.

**7.  Insurance Coverage Case Management:**

The motions of BP, MOEX, and Anadarko for judgment on the pleadings with respect to the complaints in Case Nos. 11-274 and 11-275 were argued before this Court on September 16. Pursuant to the Case Management Order in the insurance cases (Record Doc. No. 2849), the parties to the insurance cases are in the process of conducting written discovery.  In addition, on June 17, 2011, Transocean's First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440). The responses to the interpleader complaints have been adjourned pending certain discussions between the parties in which Magistrate Judge Shushan is involved.

**8.  BOP Status:**

Custody of the BOP and other evidence maintained by the JIT passed to the Court on October 1, 2011, and Captain Englebert (USCG Ret.) assumed her new role as Special Master to administer those items.  BOP work is essentially complete.  There were problems with some of the coatings used to preserve metallic surfaces of various BOP components; the coatings were pitting.  DNV will address those problems the week of October 17.  Working with the Special

Master, BP and DoJ will be conducting an expert inspection of the Capping Stack on October 19, 2011. Several of the parties will conduct inspections of the preserved BOP components on October 20 and October 21.

9. **Cement Testing Status:**

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting ("OTC"), the laboratory retained by the Joint Investigation Team ("JIT") to conduct cement testing. *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123). On or about August 1, the JIT circulated OTC's report of the results of a portion of the cement tests. On or about August 3, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey ("USGS") regarding the forty "rock" samples collected from the deck of the *Damon Bankston*. The USGS report states that nine of the samples are consistent with cement, but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well. On August 8, the U.S. circulated a proposal for additional testing on the nine samples to liaison counsel. The parties provided input on the additional testing. On September 30, the Court entered an order on the allowing the JIT to conduct additional testing on the "rock" samples.

10. **Motions Set for Oral Argument:**

The Court has suggested it will entertain BP's Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) at this status conference.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of October, 2011.

      /s/ Don K. Haycraft
      Don K. Haycraft