# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

October 14, 2011

**VIA E-MAIL**

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179""

Dear Judge Shushan:

This letter responds to the October 7, 2011 letters sent by the PSC and the United States regarding the Court's ability to compel the appearance of witnesses at the trial.

BP agrees that the Court has nationwide subpoena power to compel the appearance of parties and officers of corporate parties.  *See In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006).  The Court does not, however, have the authority to compel the appearance of additional individuals outside the Eastern District, the State of Louisiana, or more than 100 miles from the Courthouse on the theory that they are "corporate representatives" or "critical employees."

The PSC argues that "[t]he Court may require the defendants to produce corporate representatives to testify on behalf of defendants at trial."  There is no authority that supports this assertion.  Rule 30(b)(6) concerns deposition testimony and does not in any way provide a means for compelling the appearance of a corporate representative at trial.  The cases that the PSC cites in support of this assertion actually hold that the Court cannot compel the appearance of non-parties or persons not officers beyond the 100-mile limit.  *In re Lavaquin Products Liability Litigation*, 2010 WL 4867407 (D. Minn.) (compelling appearance of only an officer outside the 100-mile limit); *Emanuel v. SPX Corp.*, 2009 WL 3063322 at *5 (E.D. Texas) ("Rule 45(c)(3) … protects non-party witnesses who live or work more than 100 miles from the courthouse."); *In re Vioxx*, 438 F. Supp. 2d at 666 ("[P]arties and their officers are subject to compulsion to attend trials that occur outside the 100 mile limit otherwise available to non-parties.").  *In re MTBE Products Liability Litigation*, 2009 WL 1840882 (S.D.N.Y.), does state, without discussion, that plaintiffs can serve subpoenas on 30(b)(6) witnesses.  Forcing anyone who has testified as a

## KIRKLAND & ELLIS LLP

Honorable Sally Shushan
October 14, 2011
Page 2

30(b)(6) witnesses to appear live at trial would eviscerate the protections of Rule 45. Plaintiffs would be able to circumvent the Rule entirely simply by requesting numerous 30(b)(6) depositions and then be free to compel the appearance of those witnesses at trial. Rule 45 "is exhaustive and a district court is not empowered to permit service in a manner that would circumvent this rule." *In re MTBE*, 2009 WL 1840882 at *1.

      The PSC's second argument, that "[c]rticial employees of a defendant corporation constitute 'party witnesses,'" is also made of whole cloth. No rule supports this assertion. While the cases the PSC cites do appear to consider individuals "with an employment relationship" to be "party witnesses," but the cases cite no authority for this proposition and in fact it flies in the face of Rule 45(c)(3), which expressly provides that the Court "must quash or modify a subpoena that … requires a person who is not a party or a party's *officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business" (emphasis added). There is simply no logical basis on which to expand the Rule to subject a party's employees to the Court's subpoena power. Moreover, there is no support in any rule or case for a "critical" employee exception; indeed, any such standard would be so vague and discretionary as to provide no meaningful limit on its invocation.

      Rule 45 is clear. Parties and party-officers are subject to the Court's nationwide subpoena power. Witnesses who sat for 30(b)(6) depositions and employees in general are not.

Very truly yours,

/s/ Timothy A. Duffy, P.C.

cc:    J. Andrew Langan, P.C.
       Don K. Haycraft
       Mike Underhill
       Corey Maze
       MDL 2179 Defense Liaison Counsel