**From:**
"Maze, Corey" <CMaze@ago.state.al.us>
**To:**
"Langan, Andrew" <alangan@kirkland.com>
**Cc:**
<shushan@laed.uscourts.gov>, <mike_okeefe@laed.uscourts.gov>, "Jim Roy" <jimr@wrightroy.com>, <sherman@hhkc.com>, <Mike.Underhill@usdoj.gov>, "Defense Committee MDL 2179" <dsc2179@liskow.com>, <liaison2179@liskow.com>, <airpino@irpinolaw.com>, "Brian Barr" <BBarr@levinlaw.com>, "Luther Strange" <LStrange@ago.state.al.us>
**Date:**
10/14/2011 08:48 AM
**Subject:**
Re: MDL 2179 -- Letter Re McKay Documents/Deposition

Judge Shushan,

I apologize that based on my absence from the office, I cannot write a responsive letter. I hope this email suffices.

The crux of the issue is this:

1. BP maintains (see page 5 of BP letter), and we believe the Court may agree, that the States will never have another chance to depose Mr McKay on NRDA, restoration, clean-up, etc issues--at any stage of the proceedings, in any court.
2. Having conferred with the PSC, We understand that the agreed-upon search terms for Phases 1 and 2 do not encompass terms that relate to our NRDA, restoration, etc. Questions.
3. This is completely understandable. For example, When crafting these search terms, No one believed NRDA to be part of the limitation trial (or, perhaps, the MDL at all). In fact, NRDA issues have always seemed to be taboo. So no one on the plaintiffs' side contemplated including such terms for Phase 1 or 2 discovery. Had we asked for NRDA and clean-up terms for all witnesses back in April and August, BP in all likelihood would have balked.

Because, as Leader of BP America, Mr. McKay has key insight to these issues that we once thought--rightly or wrongly--to fall outside of the present Phase 1 and 2 depositions, we made what we believed to be a reasonable request: allow the states to offer a limited list of additional NRDA, Clean-up, etc terms that were not included in the original terms.

We understand BP's last minute point. That is why we offered to get the terms to BP by Noon, next Tuesday--and avoid having to bring this up before the Court. We are also willing to work with BP and the Court on limiting the number of requested terms if that affects their ability to search, and possibly extending BP's deadline for these new documents a few days beyond Oct. 22.

What we cannot willingly accept, however, is BP's use of the MDL to shut the door on our ability to "ever" depose Mr. McKay again on the still ON-GOING clean-up, restoration, and NRDA efforts, and use of the same MDL rules to prevent us from getting Mr. McKay's custodial documents related to those efforts before our one shot.

The Court has acknowledged that special circumstances can allow special accommodations on a case-by-case basis. The Court's extension of Mr. McKay's depo to two days shows this is one of those cases. And, Again, we will work with BP and the Court to make reasonable requests and accommodations.

On a final note, the BP letter ends by accusing the states of not responding to one of BP's question, and includes the entire string of emails between the parties to prove its point. We disagree with BP's assertion, and its unnecessary airing of the parties' communications. That said, the States welcome the Court's review of the entire email string to decipher the parties' intentions and responses.

We will be prepared to address this issue at the conference this morning, and to reach an agreeable solution for both parties and the Court.

Corey L. Maze
Special Deputy Attorney General