# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
alangan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

October 14, 2011

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

RE:   MDL 2179 - *In re: Deepwater Horizon -- Lamar McKay Deposition*

Dear Judge Shushan:

BP submits this letter regarding the States' request on October 12 that they be allowed to submit on October 16 new search terms to BP for Mr. Lamar McKay's custodial file production and deposition, only 6 days before the October 22 custodial file production for that deposition is to occur.  BP opposes this request, as contrary to both the Court's orders and the parties' and the Court's extensive discussion on these matters.

At this point in the proceedings, the Court is well-aware of the lengthy process that the Court and the parties underwent to schedule the upcoming deposition of Lamar McKay on November 3-4, 2011.  Mr. McKay's deposition was first requested by Halliburton in April 2011. BP objected.  After letter briefing in June, the Court ordered Mr. McKay's deposition to go forward this fall.  The parties engaged in lengthy discussions during several discovery conferences as to whether Mr. McKay would be a one- or two-day deponent.  Then the Court set a deadline for parties seeking additional time for Mr. McKay's deposition to submit letters justifying their requests. Thus, the deposition of Mr. McKay has been well known to the parties for months.

The Court is also aware of the role of search terms in generating custodial files for deponents.  It is now well-established for all deponents that custodial file productions are based on search terms.

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 14, 2011
Page 2

Search terms play an equally important role in Phase II and beyond. At the August 12 hearing,[1] the parties and the Court discussed in detail the importance of providing search terms to BP as soon as possible, and in no event less than eight weeks before depositions:

> MR. NOMELLINI: Your Honor, last week, we sent around a letter asking for folks to propose any additional search terms they wish to propose. We got some recently from Anadarko for Phase I, so we're working on closing those out with Anadarko for Phase I. We also asked for Phase II and beyond, that if people had anything else to propose in addition to what we've already been doing, they do so.
>
> We have been working -- we have been working with the United States on that. We've had some very productive discussions on how those Phase II search terms will work. The important thing is that we all, we try to get that done in advance because it takes some time to gather the information, run those, etcetera, and have the documents in the custodial file before the depositions.
>
> So that's the status of where those matters are, and again, the United States is the only party that we've heard from, and we're working with them on it.
>
> THE COURT: Okay. <u>I want everybody to please pay attention to Mark's point, which is we are getting ready to roll out the commencement of Phase II discovery. If you have additional search terms</u> -- and, Mark, you have circulated what you have so far for Phase II, right?
>
> MR. NOMELLINI: Yes.

---

[1] Likewise, in its letter of July 28 to the parties and the Court, BP wrote:

> In light of this history, if parties other than Anadarko have additional reasonable modifications to propose with regard to BP's search criteria, now is certainly the "last call" to do so. Although BP has produced hundreds of thousands of documents that do not hit on the search criteria, documents that do not hit on the negotiated custodians, date ranges, and search terms may not be produced. (See Exhibit 6, showing search criteria adjusted to take into account Anadarko modifications to which BP has agreed.) As previously discussed, these search criteria apply to all phases of the case.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 14, 2011
Page 3

    THE COURT: Okay. Would you all please look at that. If there is anything additional, it seems to me that you need to respond to him, give him your additional search terms. Mark, have you got a suggested date by which you would like these, besides yesterday?

    MR. NOMELLINI: Well, Your Honor, it's sort of back calculating things. What we calculated that counting the time we need to negotiate things, counting the advance time we need for production, each of which is two weeks, so it would add up to four weeks, and then another four weeks for processing, etcetera, <u>we need to have the search terms to be incorporated in the custodial production eight weeks before the deposition</u>.

    THE COURT: All right. You feel like you've got a pretty good handle on a broad scope of search terms from the United States, as I understand it?

    MR. NOMELLINI: Well, we started with the PSC. We worked on some quantification search terms with the PSC way back in late last year and early this year. We circulated those to folks. The United States has indicated that they may have some more to propose, so we're working with them on that. So the answer is yes, we do have a base of search terms, and as we've discussed with the US, now is the time to add if folks are going to add.

    THE COURT: I agree with you guys. I know you've got lots of priorities, everybody, but would you please look at that list and get to Mark as soon as possible but in no event, it seems to me, past <u>Monday, August 22nd</u>, which is ten days. . . .

    THE COURT: I would like to try to get as much to Mark as we possibly can <u>because of the eight-week time delay</u>. So I would like you to try to get it to be final, yes. You know that I am not going to hold you to it if you come up with something in the middle of the night, but I would like it to be as final as you possibly can make it.

    (August 12 Hearing at 54-56, 58) (emphasis added)

    Immediately following the conference, the Court ordered:  "Search Terms for BP Documents. **The parties have until Monday, August 22, 2011, to finalize the search terms for any further Phase Two document searches."**  (August 15, 2011 Order)  Shortly after the Court's order, the United States, Anadarko and the PSC provided additional Phase II search

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 14, 2011
Page 4

terms to BP.  The PSC also provided Phase III search terms to BP.  The States did not provide any search terms by August 22.

Mr. McKay's custodial document production is due on October 24.  On October 12-13, the States proposed to provide BP additional search terms for Mr. McKay's deposition on October 18, <u>six days</u> before BP is to produce documents. (Ex. A, attached)  As discussed above, for an orderly production process BP requires <u>eight weeks</u> advance notice for new search terms to be incorporated into deponents' custodial files.  That is why BP raised the eight-weeks-advance-notice point at the August 12 hearing, and presumably why Court then ordered additional search terms to be provided to BP by "Monday, August 22, 2011."  In light of the clear terms of the Court's order, the States offer no justification for providing more search terms to BP on October 18 (seven weeks after the Court-ordered date), particularly for a production that is scheduled to occur on October 24.  Thus, the States' request for additional search terms for Mr. McKay's deposition is clearly untimely and should be denied.

It is a well known fact of life in MDL 2179 that the Court set an aggressive schedule for discovery and early depositions, even before document productions by any party were substantially complete. The Court also has provided for phased discovery.  The Court could have followed the course of completing document productions (at least substantially) on all issues before depositions; it chose a different approach.  While BP understands the reasons for this approach, all parties realized that having depositions occur along with productions meant (inevitably) that many depositions would be complete before all relevant documents were produced.  Nonetheless, the Court also adopted PTO 17 which (among other things) limits depositions to one occasion, absent good cause shown.  This is not BP's rule -- it is the Court's order and applies to all deponents.

Despite these well known facts, in the parties' recent correspondence, the States apparently suggest that BP must complete its Phase 2 and 3 (and even NRDA) productions before Mr. McKay's deposition, or risk having Mr. McKay being brought back for a second deposition. (Ex. A)  Not so. As stated above, it has long been the case that depositions have occurred in MDL 2179 with document productions occurring simultaneously and following the depositions.  The parties -- including the States -- have to accept both the benefits and the tradeoffs associated with that approach.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 14, 2011
Page 5

      BP will produce Mr. McKay's custodial documents consistent with the agreed-upon search term process.[2]  It is a fact that other Phase 2, Phase 3 and NRDA documents will be produced after Mr. McKay is deposed on November 3-4.  Consistent with the one-deposition rule in PTO 17, if the States (and other parties) choose to move forward with Mr. McKay's deposition now, they cannot seek the deposition again later when more Phase 2, Phase 3 and NRDA documents are produced, absent good cause shown.  In an e-mail sent to the States and the other parties yesterday, BP stated:

> We assume the State and other parties wish to proceed with Mr. McKay's
> deposition as scheduled on November 3-4, knowing of these facts, including that
> BP's Phase 2, 3 and NRDA productions are not complete.  If that is not the case,
> please advise.

  The States did not respond to that inquiry.

*******

      For the foregoing reasons, BP respectfully requests that the Court deny the States' request to serve additional McKay search terms on BP on October 16, six days before Mr. McKay's custodial file is to be produced and almost 2 months after the Court's deadline.

      Thank you for the Court's consideration of this issue.

---

[2] In an e-mail to the States today, BP stated:

> Many McKay documents have already been produced.  Nonetheless, out of an
> abundance of caution and the interests of compromise, consistent with our
> February 16 letter describing the process, we are producing remaining non-
> privileged relevant McKay custodial documents that are:  (i) responsive to the
> Phase I/Phase II search terms circulated on February 16, April 4, April 21, May
> 12, and July 28, regardless of whether Mr. McKay's name is listed as a custodian
> for that particular search; or (ii) responsive to the additional searches originally
> circulated to you on September 1 and attached above, where Mr. McKay is listed
> as a custodian.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 14, 2011
Page 6

                                                       Sincerely,

                                                       J. Andrew Langan, P.C.

cc:    Plaintiffs Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill, Esq.
        Cory Maze