

## Beck Redden & Secrest
A Registered Limited Liability Partnership

October 14, 2011

Re:  MDL No. 2179
     In Re:  Oil Spill by the Oil Rig "Deepwater Horizon"
     In the Gulf of Mexico on April 20, 2010

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

    Cameron respectfully submits its position on the Court's ability to compel the attendance of witnesses to testify at trial.  Cameron agrees with the PSC that the Court can compel the attendance of parties, corporate representatives of parties, and their officers, but submits that Rule 45 does not provide the Court the power to compel the appearance of "critical employees."

    Unlike the Court's broad authority to compel attendance of witnesses at depositions in this MDL proceeding, the Court's ability to compel attendance at trial is more limited.  Generally speaking, a subpoena must issue from the district court for the district in which performance under the subpoena is due.  Fed. R. Civ. P. 45(a)(2).  For purposes of *pretrial discovery*, Title 28 United States Code, Section 1407(b) empowers an MDL court to act as a district judge "in any district for the purpose of conducting pretrial depositions."  28 U.S.C. § 1407(b).

    However, the Court's authority to compel attendance at *trial* is limited to Rule 45's geographic limitations.  In other words, there is no authority applicable to MDL proceedings other than Rule 45 under which an MDL court can compel a witness's attendance at trial.

    Rule 45(a)(2)(A) requires that a subpoena commanding attendance at a trial must issue from the district court where the trial will occur. Fed. R. Civ. P. 45(a)(2)(A).  Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 ~ Facsimile 713.951.3720
www.brsfirm.com

383.00017/488048.v1

where the trial is held." Fed. R. Civ. P. 45(c)(3)(A)(ii). Accordingly, only parties and their self-appointed corporate designees and officers can be compelled to attend trial from outside Rule 45's geographic limitations.

The PSC's contention that the Court can compel the attendance of "critical employees" irrespective of the limitations of Rule 45 is without support. We could find no relevant authority requiring an employee of a party who was not a corporate representative or officer to attend trial more than 100 miles from where the employee resides or works.

To the contrary, there is ample authority that employees who are neither corporate representatives nor officers who live and work outside the geographic limitations of Rule 45 are not subject to trial subpoenas. *See, e.g.*, *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 2009 WL 3672499, at *3 (D.N.M. Sept. 29, 2009) ("The Court would therefore be forced to quash the subpoena as soon as it issued because the employees referenced by Guidance are not officers of the Defendants, and they would be required to travel more than 100 miles to reach the courthouse.") (citing cases); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 2972518, at *10 (S.D.N.Y. Sept. 16, 2009) (holding that "the subpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed" and "declin[ing] to classify non-officer employees as 'parties' for purposes of evading the clear language of Rule 45(c)(3)(A)(ii)").

The PSC cites three cases in support of its position; however, none involves the exercise of Rule 45 to compel the attendance of an extra-jurisdictional witness, as PSC suggests. *See Promote Innovation LLC v. Schering Corp.*, 2011 WL 665817, at *3 (E.D. Tex. Feb. 14, 2011); *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, 2011 U.S. Dist. LEXIS 15408 (E.D. Tex. Jan. 12, 2011); *Emanuel v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322, at *5 n.2 (E.D. Tex. Sept. 21, 2009). Rather, these cases examine the availability of compulsory process in the context of the venue transfer standards under 28 U.S.C. § 1404(a).

Importantly, none of the PSC's cases address the difference between deposition and trial subpoenas. Here, each "critical witness" has, in all likelihood, already sat for deposition. At the very least, the PSC had every opportunity to depose these witnesses. Unlike in the venue motion practice conducted at the outset of a case, the PSC already has the benefit of these witnesses' testimonies.

Finally, the PSC's cases are contrary to the Section 1404(a) analyses of courts in this district, and elsewhere. *See, e.g.*, *Adams v. Big Lots Stores, Inc.*, 2009 WL 2160430, at *5 (E.D. La. July 16, 2009) (recognizing that, while "[the defendant] probably will be able to secure the presence of its current employees . . . only a handful of the potential witnesses likely live[ ] within the Court's subpoena power."); *Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 62 n.4 (S.D.N.Y. 1998) (non-officer employees of a party are not considered to be parties, but instead are non-party witnesses for purposes of Section 1404(a)); *St. Paul Fire & Marine Ins. Co. v. Royal Ins. Co. of America*, 1993 WL 267347, at *1 (S.D.N.Y. July 12, 1993) (same).

383.00017/488048.v1

Honorable Sally Shushan
October 14, 2011
Page 3

      Perhaps in recognition of Rule 45's limitation on non-party witnesses, Rule 32(a)(4)(D) allows the introduction of videotaped deposition testimony when the attendance of a witness cannot be obtained by subpoena. Fed. R. Civ. P. 32(a)(4)(D); *see also Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 219 (E.D. La. 2008) ("It is true that a witness's live testimony is often preferable to the presentation of deposition testimony. But the Federal Rules anticipate the unavailability of a witness and provide mechanisms to ensure that a party can first gather that witness's testimony and then present it at trial."). Notably, the PSC does not suggest that it has been unable to take the deposition of any "critical employees."

      The burden on the defendants in this case to produce at trial whomever the PSC and other parties designate as "critical employees" (in addition to officers and corporate representatives) will be significant. In addition to the PSC's list, each defendant will have its own list of "critical employees" for each of the other defendants. Each of these witnesses has, presumably, already prepared and sat for days of deposition in this case—not an insignificant burden. To require each defendant to go through essentially the same exercise in preparing and presenting an unknown number of employees at trial is unprecedented and unwarranted.

      Thank you for your consideration.

Sincerely yours,

David J. Beck

Cc:    Liaison Counsel
       States' Coordinating Counsel