IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

October 17, 2011

B<small>Y</small> H<small>AND</small>

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re: E-Mail Strings produced by Defendants

Dear Judge Barbier:

Plaintiffs respectfully submit the following letter regarding the admissibility of numerous e-mail communications produced by Defendants concerning matters relevant to this case. Many of these communications are entirely "internal"; the e-mails, in other words, were exclusively authored by and sent to employees of the producing Defendant. Some of the e-mail communications also include employees of a non-producing Defendant, either as author or recipient. Still other e-mail communications involve exchanges (albeit within the ordinary course of the producing Defendant's business) with a third party or non-party. Plaintiffs submit that all of the relevant e-mail communications produced by Defendants are admissible business records for the reasons set forth more fully below.

**The E-Mail Correspondence is Admissible as a Business Record**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity, or "business records." The Rule states that a document is admissible where it was "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the regular course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the [document.]" F<small>ED</small>. R. E<small>VID</small>. 803(6). Business records are documents upon which a company relies to conduct its everyday affairs; the employees who generate such records are not only acting routinely, but also "have a strong motive to be accurate and

none to be deceitful." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 205 (4th Cir. 2000); *United States v. Wells*, 262 F.3d 455, 459-60 (5th Cir. 2001) ("Whether evidence is admissible under Rule 803(6) is 'chiefly a matter of trustworthiness.'" (quoting *Miss. River Grain Elevator, Inc. v. Bartlett & Co.*, 659 F.2d 1314, 1319 (5th Cir. 1981))); Fed. R. Evid. 803 ADVISORY COMMITTEE NOTE (explaining that business records are likely to be trustworthy because businesses rely on them to conduct their everyday affairs). Such records, in other words, exhibit indicia of trustworthiness, which typically overcomes hearsay concerns.

The Fifth Circuit has explained that documents satisfying the business records exception must meet the following foundational elements:

> (a) That the document [was] made 'at or near' the time of the matters recorded therein; (b) that the document [was] prepared by, or from information transmitted by a person 'with knowledge of the matters recorded'; (c) that the person or persons who prepared the document [were] engaged in preparing it, in some undertaking, enterprise or business which can fairly be termed a 'regularly conducted business activity'; (d) that it [was] the regular practice of that business activity to make documents of that nature; and (e) that the documents [were] retained and kept in the course of that or some other regularly conducted business activity.

*Wilander v. McDermott Internat'l, Inc.*, 887 F.2d 88, 91 (5th Cir. 1989) (quoting *White Indus. v. Cessna Aircraft*, 611 F. Supp. 1049 (D. Mo. 1985)).

In recent years, courts — recognizing the central role of e-mail correspondence in most workplaces [1] — have held that company e-mail communications meet these foundational requirements. *See, e.g.*, *Canataxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008); *Pierre v. RBC Liberty Life Ins.*, 2007 WL 2071829, at *2 (M.D. La. July 13, 2007) (Tyson, C.J.); *LeBlanc v. Nortel Networks Corp.*, 2006 WL 839180, at *5 (M.D. Ga. Mar. 30, 2006); *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772-73 (D.S.C. 2004); *see also United States v. Stein*, 2007 WL 3009650, at *1 (S.D.N.Y. Oct. 15, 2007) (recognizing that company emails are admissible under Rule 803(6)).

This only makes sense, for company e-mail correspondence is created regularly by company employees as part of an employee's business activity. *See Stein*, 2007 WL 3009650, at *1 (explaining that emails are admissible if created regularly and concern an

---

[1] A 2002 study by the Pew Internet & American Life Project declared, "The use of email has become almost mandatory in most U.S. workplaces." PEW INTERNET & AMERICAN LIFE PROJECT, FEW FEEL OVERWHELMED AND MOST ARE PLEASED WITH THE WAY EMAIL HELPS THEM DO THEIR JOBS, at 5 (Dec. 8, 2002), *available at* http://web.pewinternet.org/~/media/Files/Reports/2002/PIP_Work_Email_Report.pdf.pdf. Indeed, the use of electronic correspondence has only increased since that time.

aspect of the business activity); *see also Canataxx Gas Storage*, 2008 WL 1999234, at *13 (stating that emails are admissible where "it was the business duty of an employee to make and maintain emails" and where "the employee routinely sent or received and maintained emails"). In this fashion, email correspondence is simply the modern equivalent of the interoffice memorandum and, provided a foundation is established, is admissible under Rule 803(6).

**"Mixed Recipient" E-Mail Correspondence Is Admissible**

At the parties' recent meet and confer sessions, the BP and Halliburton Defendants objected on hearsay grounds to the admission of "mixed recipient" emails—those that include employees of a Producing Defendant as well as an outside party.

BP, for example, objected to TRIAL EXHIBIT 01070, which is a chain of e-mails that includes both BP employees and a non-party well-site geologist named Gord Bennett. The communications are dated March 12, 2010. The document was produced by BP, introduced through a BP employee, and discusses pre-explosion difficulties at the Macondo well site. The PSC respectfully requests that this highly relevant document, and other mixed recipient emails similar to it, be admitted for the truth of the matter asserted.[2]

The mixed recipient email correspondence produced by Defendants in this case bears each of the hallmarks of a business record. The Producing Defendants regularly created and maintained these communications and the PSC only seeks to admit those that relate to the business activity of drilling the Macondo well. Furthermore, emails such as TRIAL EXHIBIT 01070 are highly relevant and there is no question they concern the "business activity" of the Producing Defendant. Robert Bodek, a BP employee, testified that he received and maintained TRIAL EXHIBIT 01070, and had knowledge of the discussion contained therein. In short, TRIAL EXHIBIT 01070—and other mixed recipient email communications like it—is admissible under Rule 803(6) because it was created regularly, concerns a business activity, and an employee of the Producing Defendant "sent or received and maintained" the correspondence with the outside employee. *Canataxx Gas Storage*, 2008 WL 1999234, at *12-13; *see also LeBlanc*, 2006 WL 839180, at *5 (admitting emails authored by third parties and transmitted to employees of the defendant). Such correspondence is admissible under Rule 803(6).

A similar analysis applies to all of the mixed recipient e-mail communications. In most cases, employees of the producing Defendant have provided testimony regarding the contents of these e-mails and explained the context in which the correspondence was sent or received. Thus, even where the author of an email has not directly testified, the foundation for admissibility has been established through a qualified witness possessing familiarity with the business activity. *See United States v. Console*, 13 F.3d 647, 656-57 (3d Cir. 1993) (explaining that Rule 803(6) allows for admission of a business record through any "qualified witness" and stating that "a qualified witness 'need not be an employee of the [record-keeping] entity so long as he understands the system'" (quoting *United States v. Pellulo*, 964 F.2d 193, 201 (3d Cir. 1992))). Because Producing

---

[2] The PSC List of Sample 300 Exhibits contains numerous "mixed recipient" email communications. The exhibit referenced above is meant to be illustrative of evidentiary issues common to most, if not all, such documents.

Defendants created, kept, and maintained mixed recipient emails in the regular course of their business activity, such communications are admissible under Rule 803(6).

**E-Mail Correspondence is Admissible for Its Truth (as to All Defendants)**

The contents of a document admitted pursuant to Rule 803(6) are accepted into evidence for the truth of the matter asserted. Fed. R. Evid. 801, 803. BP and Cameron, however, have argued that the contents of a business record are admissible *only* against the producing Defendant. This contention is without merit. The Federal Rules make no such distinction among parties in a multi-defendant civil trial.[3] *See Condus v. Howard Savings Bank*, 1997 U.S. Dist. LEXIS 22323, at *9-18 (D.N.J. Nov. 18, 1997) (overruling hearsay objection of two defendants and admitting business record of one defendant for its truth against all defendants).

**E-Mail Correspondence is Admissible as an Adoptive Admission**

Even if the Court disagrees, it should nonetheless admit mixed recipient e-mail communications in their entirety. Many of these exhibits take the form of "forwarded" email communications. In other words, an employee of the producing Defendant has forwarded an email from a non-employee. Where the employee adds to the email in some manner by, for example, commenting on the non-employee's statements, he or she incorporates and adopts the contents of the non-employee's message. FED. R. EVID. 801(d)(2)(B) (adoptive admissions by a party are not hearsay); *Sea-Land Serv., Inc. v. Lozen Internat'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002). In these instances, the entire communication is admissible as an admission by a party opponent. *See Jolly v. MPTC Holdings, Inc.*, 2009 WL 4279379, at *7 (N.D. Tex. Dec. 1, 2009); *Tunica Web Advertising, Inc. v. Barden Miss. Gaming, LLC*, 2008 WL 3833231, at *2 (N.D. Miss. Aug. 14, 2008).

**E-Mail Correspondence is Admissible to Show Notice, Knowledge, or State of Mind**

Several mixed recipient e-mail communications are admissible because they establish that the producing Defendant's employee (and/or a co-Defendant's employee) had notice or knowledge of a particular issue, or because they are probative of the employee's state of mind. Consider, for example, TRIAL EXHIBIT 01070: even if Gord Bennett's email is inadmissible for its truth, it demonstrates that Jonathan Bellow, a BP employee, had notice of Bennett's concerns. In another exhibit, TRIAL EXHIBIT 01084, Robert Bodek relayed the comment of a third-party mud engineer that "the largest particle size used in any application was 710 microns." At the very least, the mud engineer's statement is admissible to show that, on March 23, 2010—less than one month

---

[3] Defendants' misunderstanding is perhaps attributable to a conflation of the rules governing admissions by a party opponent and those governing the Rule 803 hearsay exceptions. An admission by a party opponent is not considered hearsay under Rule 801 because the statement is the party's. FED. R. EVID. 801(d)(2). The admission possesses no objective guarantee of trustworthiness and may, in fact, be utterly self-serving to the party offering it. The declarant can, however, take the stand and explain himself and, therefore, the Rules drafters deemed party admissions permissible in an adversary system. *See* MCCORMICK ON EVIDENCE § 254 (6th ed. 2009). The hearsay exceptions set forth in Rule 803, by contrast, are justified on grounds of trustworthiness and necessity. *See* MCCORMICK ON EVIDENCE § 286 (6th ed. 2009). A business record's content is presumed to be accurate and reliable and, as such, its contents are permitted to be accepted for their truth.

before the explosion—BP had knowledge of the mud engineer's opinion.  In situations such as these, where outside parties provided relevant information to an employee of the producing Defendant, the statement of the outside party is admissible to show what the Defendant knew.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006) (admitting email communications from outside parties to establish defendant's "knowledge and state of mind").  The Court should therefore admit the email communication in its entirety and accept the non-employee's statement as evidence the producing Defendant's notice, knowledge, or state of mind.

**E-Mail Correspondence of the Producing Defendant is an Admission by a Party Opponent**

Even if the Court holds that email communications authored by outside employees are impermissible, it should nonetheless admit all correspondence written by employees of the producing Defendant – or a co-Defendant.  Such communications are not hearsay and are thus admissible under Federal Rule of Evidence 801(d)(2).  That Rule explains that a statement is not hearsay if it is offered against a party and is "the party's own statement, in either an individual or representative capacity."  FED. R. EVID. 801(d)(2).  E-Mail correspondence sent by employees of a producing Defendant, concerning business activities, falls squarely within this description.  Consider, for example, TRIAL EXHIBIT 03419.  This document is a series of emails written by and sent to employees of Transocean.  It concerns, among other matters, the blowout preventer on the Deepwater Horizon.  The discussion falls squarely within the Transocean employees' employment responsibilities.  Accordingly, TRIAL EXHIBIT 03419 and other communications like it, are admissible under Rule 801(d)(2).  *Sea-Land Serv.*, 285 F.3d at 821 (quoting *Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir. 1999))

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

cc: Hon. Sally Shushan (*via* E-Mail)
DEFENSE LIAISON COUNSEL  (*via* E-Mail)
Mike Underhill, Esq. (*via* E-Mail)
Hon. Luther Strange (*via* E-Mail)
Ben Allums (*via* E-Mail)
Mike O'Keefe (*via* E-Mail)