## IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

October 17, 2011

B<small>Y</small> H<small>AND</small>

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re: <u>Public Records</u>

Dear Judge Barbier:

      Plaintiffs respectfully submit the following to address the admissibility of various Government Reports, including, for example, the Report of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, (Trial Exhibit 06300),[1] and the Investigation Report by the U.S. Chemical Safety and Hazard Investigation Board into Texas City Refinery Explosion and Fire, (Trial Exhibit 06012).[2]

---

[1] President Barack Obama announced the creation of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling on May 22, 2010, and directed it to provide a thorough analysis and impartial judgment in determining the causes of the Deepwater Horizon disaster. The Report of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling was the result of an intense six-month effort to fulfill the President's charge.

[2] The Investigation Report by the U. S. Chemical Safety and Hazard Investigation Board (the "CSB") into Texas City Refinery Explosion and Fire was generated in March 2007 after the March 23, 2005 disaster at BP's Texas City Refinery that killed 15 people and injured 180 others. The CSB generated the 283-page report after an intensive investigation of BP's safety performance at Texas City, the role played by BP Group management based in London, England, and the effectiveness of the Occupational Safety and Health Administration (OSHA).

*Admissibility of Public Records and Reports*

Several of the Trial Exhibits objected to on the basis of hearsay constitute a "public record" or "public report" and, therefore, fall within the exception to hearsay set forth in Federal Rule of Evidence 803(8).

Federal Rule of Evidence 803 excepts from the general hearsay rule any "records, reports, or data compilation, *in any form*, of public offices or agencies, setting forth . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions and proceedings . . . , factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. RULE EVID. 803(8) (emphasis added). Under this exception, several documents on which the defendants object to hearsay are clearly admissible.[3]

For nearly a century, this exception to hearsay has been recognized by the Supreme Court, due to the high reliability of government records and reports. *See Chesapeake & Del. Canal Co. v. United States*, 250 U.S. 123, 128-29 (1919) (noting that "their character as public records . . . make these . . . admissible as unusually trustworthy sources of evidence). Moreover, due to the high reliability of this evidence, this exception has been interpreted broadly. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988) (explaining that Rule 803(8)(C) embodies a "broad approach to admissibility" and holding that portions of a . . . report containing conclusions . . . were not inadmissible under Rule 803(8)(C)). Indeed, the phrase "factual findings" encompasses a report's rote recitation of the facts, as well as its opinions and conclusions. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991) (holding "opinions and conclusions, as well as facts, are covered by Rule 803(8)(C)) (citation omitted). In *Beech Aircraft,* the Supreme Court noted that the primary protection against admission of unreliable evidence was the Rule's provision directing exclusion of all elements of the report—both factual and evaluative—if the court determines that they lack trustworthiness. 488 U.S. at 167 n.11 (citing Fed. R. Evid. 803(8) advisory committee note). Therefore, if the record facially satisfies the requirements of the rule, <u>the opponent has the burden</u> to demonstrate lack of trustworthiness. *See Graef v. Chemical Leaman Corp.,* 106 F.3d 112, 118 (5th Cir. 1997); *see also Moss,* 933 F.2d at 1305 (5th Cir. 1991). Of course, the reports proffered here are reliable and BP has not made any showing that demonstrates a lack of trustworthiness on any of these public records and reports.

---

[3] To draw the Court's attention to specific exhibits, BP objects to the following public records or reports: TRIAL EXHIBIT 06012 (Investigation Report by the U.S. Chemical Safety and Hazard Investigation Board into Texas City Refinery Explosion and Fire); TRIAL EXHIBIT 00986 (Chief Counsel's Report); TRIAL EXHIBIT 06001 (Dr. Tony Hayward's Congressional Testimony); TRIAL EXHIBIT 06010 (BP Deferred Prosecution Agreement); TRIAL EXHIBIT 06028 (OSHA Fact Sheet regarding BP); TRIAL EXHIBIT 06300 (Report of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling).

Further, case law supports admitting all governmental investigative reports in this case. *See Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992) (holding that under Fed. R. Evid. 803(8)(C), investigative reports made by government agencies are removed from the rule against hearsay unless circumstances indicate untrustworthiness); *see also McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396 (5th Cir. 1985) (same).  For example, the Presidential Commission Report, the Texas City investigative report and others are straightforward public records as investigative reports. Further, the rule permits reports in "any form" and, therefore, the OSHA fact sheet and department of labor press release are merely summaries of their findings / reports and are likewise public records.  Accordingly, all governmental investigative reports should be deemed admissible under Rule 803(8).

Likewise, Dr. Tony Hayward's congressional testimony is admissible as a public record. Congressional testimony fits the definition of 803(8).  *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 291-292 (5th Cir. 2002) (finding no error in the admission of a hearing transcript under the public record exception to hearsay). Additionally, multiple courts have specifically found congressional testimony to be a public record.  *See In re Moody's Corp. Sec. Litig*., 599 F. Supp. 2d 493, 504 (S.D.N.Y. 2009) (holding transcripts of congressional hearing testimony are public records, which courts have found to be subject to judicial notice);  *see also Johnson & Johnson v. Am. Nat. Red Cross*, 528 F. Supp. 2d 462, 463 n. 1 (S.D.N.Y. 2008) (finding that congressional hearing testimony is a public record and is subject to judicial notice). Alternatively, the Court can simply take judicial notice of the congressional testimony instead of admitting it through the hearsay exception.  *See Newby v. Lay (In re Enron Corp. Sec., Derivative & ERISA Litig.)*, 258 F. Supp. 2d 576, 624 n.54 (S.D. Tex. 2003) (taking judicial notice of congressional testimony).  Accordingly, TRIAL EXHIBIT 06001, Dr. Tony Hayward's congressional testimony, is admissible, as are all of the other public records proffered by the PSC.  (Dr. Hayward's testimony is additionally and separately admissible to the extent that it contains prior inconsistent statements, properly used for impeachment purposes.) (Dr. Hayward's testimony is additionally admissible as an admission by an officer making a statement for a Defendant in a representative capacity.)

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

cc: Hon. Sally Shushan (*via* E-Mail)
  DEFENSE LIAISON COUNSEL  (*via* E-Mail)
  Mike Underhill, Esq. (*via* E-Mail)
  Hon. Luther Strange (*via* E-Mail)
  Ben Allums (*via* E-Mail)
  Mike O'Keefe (*via* E-Mail)