IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

| | |
|---|---|
| JAMES PARKERSON ROY | STEPHEN J. HERMAN |
| Domengeaux Wright Roy & Edwards LLC | Herman, Herman Katz & Cotlar, LLP |
| 556 Jefferson St. Suite 500 | 820 O'Keefe Ave. |
| Lafayette, LA 70501 | New Orleans, LA 70113 |
| Telephone: (337) 233-3033 | Telephone: (504) 581-4892 |
| Direct: (337) 593-4190 | Direct: (504) 680-0554 |
| Fax: (337) 233-2796 | Fax: (504) 561-6024 |

October 17, 2011

BY HAND

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re: Prior Incidents

Dear Judge Barbier:

Plaintiffs respectfully submit the following to address the Defendants' objections to several of the Trial Exhibits which appear on the "List of 300" and contain references to prior incidents:

***Prior Incidents Are Relevant to, Among Other Things, Knowledge, Notice, Intent, Gross Fault, Wanton or Reckless Disregard, Technological Feasibility, and/or Control; and Rule 403 objections are improper in a Bench Trial***

BP has made several relevance (Rule 402) and prejudice (Rule 403) objections to proposed Trial Exhibits that deal with BP's past process safety failures – *i.e.,* Texas City, Grangemouth, Pruhoe Bay.[1]

First, all relevant evidence is admissible, except as otherwise provided by law. *See* FED. RULE EVID. 402. Relevant evidence is defined as "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. RULE EVID. 401. For relevance, admissibility should be liberally permitted. *See Henson v. Odyssea Vessels, Inc.*, 2008 U.S. Dist. LEXIS 12026 (E.D. La. Feb. 15, 2008) (Barbier, J.) (noting in the context of relevancy "that the Supreme Court favors a liberal standard of

---

[1] *See, e.g.,* TRIAL EXHIBIT 03814; TRIAL EXHIBIT 03820; TRIAL EXHIBIT 03824; TRIAL EXHIBIT 03861; TRIAL EXHIBIT 06012.

admissibility"). Finally, relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice. *See* FED. RULE EVID. 403. However, simply because evidence is prejudicial to a party does not make it inadmissible; rather, the evidence must be prejudicial and non-probative. *See Smith v. Universal Servs., Inc.,* 454 F.2d 154, 157 (5th Cir. 1972) (noting that "'prejudicial' cannot be equated with 'harmful' in all cases; rather, it connotes 'harmful' plus 'non-probative'").

Undoubtedly, these past incidents demonstrate BP's corporate culture and process safety - or lack thereof - and are therefore relevant to whether BP's actions constitute gross negligence. *See Moore v. Thompson*, 255 Ga. 236 (Ga. 1985) (allowing defendant's prior incidents to demonstrate defendant's willful misconduct, wantonness, and the entire want of care as a basis for punitive damages); *see also Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142, 1146-1147 (5th Cir. Tex. 1991) (noting that "[g]ross negligence is relevant to a determination of punitive damages") (citations omitted). Indeed, here, the plaintiffs alleged gross negligence and a claim for punitive damages based on, *inter alia*, the fact that "BP's corporate culture caused and allowed it to disregard the lessons it should have learned and applied from previous incidents at its facilities that resulted in extensive damage and loss of lives; instead, it continued to place others at risk in the interests of cost-cutting and financial gain." Master Compl., B1 Bundle, p. 189 (Feb. 9, 2011). And the Court has ruled that punitive damages are permitted in this case. *See* B1 Order, p. 38 (Aug. 26, 2011) (holding "claims for punitive damages are available")

These past incidents are relevant to the questions of notice, knowledge, motive, intent, and wanton or reckless disregard, and specifically demonstrate BP's history of failing to correct their process safety problems and corporate safety culture with respect to system reliability. They further go to the control exerted by BP plc from London, as well as the technological and/or other feasibility of implementing various procedures and/or other safeguards before the Macondo blowout. This evidence is direct proof of gross negligence and gives rise to liability for punitive damages.

While BP does not appear to object on Rule 404 grounds, it should be noted that Rule 404 only points to the exclusion of evidence where the prior bad acts would *only* go to the character of the defendant, and does not preclude the admission of such prior incidents where, as here, they are relevant to knowledge, motive, intent, control, and other relevant factors. *See, e.g., U.S. v. J. Jeffrey Pruett, et al*, No. 09-00112, 84 Fed. R. Evid. Serv. 622, 2011 WL 159925 (W.D. La. Jan. 12, 2011); *Minshew v. Floyd H. Brown*, No. 95-2507, 1996 WL 601436 (E.D. La. Oct. 18, 1996).[2]

Finally, there is no reason for the Court to exclude evidence based on Rule 403, where, as here, the case is being tried as a bench trial. *See Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981). In *Gulf States,* the Fifth Circuit held that "[t]he exclusion of [] evidence under Rule 403's weighing of probative value against prejudice was improper" as "Rule 403 has no logical application to bench trials." *Id.* The

---

[2] *See also, e.g., In re: Vioxx Products Liability Litigation*, No. MDL 1657, 2005 WL 3164254 (E.D. La. Nov. 21, 2005) (although granting defendant's motion, noting that prior bad acts by Merck unrelated to the sale of Vioxx might become admissible either for impeachment purposes or with respect to punitive damages).

court further held that "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure." *Id.* (emphasis added).  Thus, the Fifth Circuit is clear that Rule 403 objections for prejudice are improper in bench trials.[3]  Accordingly, BP's 403 prejudice objections should be overruled *in toto*.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

cc: Hon. Sally Shushan (*via* E-Mail)
    DEFENSE LIAISON COUNSEL  (*via* E-Mail)
    Mike Underhill, Esq. (*via* E-Mail)
    Hon. Luther Strange (*via* E-Mail)
    Ben Allums (*via* E-Mail)
    Mike O'Keefe (*via* E-Mail)

---

[3] This rule has been followed by other courts, including the Eastern District of Louisiana.  *See Savarese v. Pearl River Navigation, Inc.,* 2010 U.S. Dist. LEXIS 90681 (E.D. La. Aug. 2, 2010) (citing and following *Gulf States* in overruling Rule 403 objections for prejudice); *see also Schultz v. Butcher*, 24 F.3d 626, 631-632 (4th Cir. Va. 1994) (citing *Gulf States* and holding that "evidence should not be excluded under 403 on the ground that is unfairly prejudicial" as Rule 403 was intended to keep certain evidence only outside the purview of the jury's consideration and stating that "[f]or a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences") (emphasis added); *United States v. Cameron*, 729 F. Supp. 2d 411, 415-416 (D. Me. 2010) (following *Gulf States* and other authority and stating "a trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis").