# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO, ON APRIL 20,
2010

APPLIES TO: 11-274 c/w 11-275

MDL No. 2179

SECTION J

JUDGE BARBIER

MAGISTRATE SHUSHAN

## RANGER INSURANCE LIMITED'S SUR-REPLY IN OPPOSITION TO BP PARTIES' MOTION FOR JUDGMENT ON THE PLEADINGS IN THE INSURANCE ACTIONS

Michael J. Maloney
Maloney★Martin, L.L.P.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 759-1600 – telephone
(713) 759-6930 – facsimile
E-mail: mjmaloney@maloneymartinllp.com

Dwayne Day
Dwayne R. Day, P.C.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

Robin M. Ziek
Robin M. Ziek, Attorney at Law
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 222-8030 – telephone
(713) 759-6930 – facsimile
E-mail: rziek@sbcglobal.net

*Counsel for Ranger Insurance Limited*

Dated: September 12, 2011

# TABLE OF CONTENTS

**Page(s)**

BP's Motion is Premature Because the Commercial Context
of the Contract is Relevant to its Interpretation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The "Rule" of *Evanston* and *Aubris* Consists of Standard Contract Interpretation . . . . . . . . . . . 3

Non-Texas Precedents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Section I vs Section II.A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                i

## **TABLE OF AUTHORITIES**

**CASES**                                                                                       **Page(s)**

*Aubris Res. v. St. Paul Fire & Marine Insurance Co.,*
    566 F.3d at 483, 487 (5th Cir. Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5, 7

*Balandran v. Safeco Ins.Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998) . . . . . . . . . . . . . . . . . . 2

*Becker v. Tidewater, Inc.*, 586 F.3d 358, at 370 (5th Cir. La. 2009) . . . . . . . . . . . . . . . . . 4, 5, 7, 8

*Carpenter's Amended & Restated Health Benefit Fund v. Holleman Constr. Co.,*
    751 F.2d 763 (5th Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Certain Underwriters at Lloyds v Oryx Energy* Co.,
    142 F.3d 255, 258 (5th Cir. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7-9

*Employers Ins. of Wausau v. Trotter Towing Corp.,*
    834 F.2d 1206, 1210 (5th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Evanston Ins. Co. v. ATOFINA* Petrochemicals, Inc.,
    256 S.W.3d 660, 670 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

*Firemans' Fund Ins. Co. v. Commercial Standard Ins. Co.,*
    490 S.W.2d 818, 821, 823 (Tex. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex.1994) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Getty Oil v Insurance Co. of N. Amer.*, 845 S.W.2d at 794, 797, 804 (Tex. 1992) . . . . . . . . . . . . 6

*Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.,*
    --- S.W.3d ----, 2011 WL 3796361, *4 (Tex. Aug 26, 2011) . . . . . . . . . . . . . . . . . . . 1, 2, 7

*Keck, Mahin & Cate v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*,
    20 S.W.3d 692, 701 (Tex.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*LeBlanc v Global Marine Drilling Co.*, 193 F.3d 873, 875 (5th Cir. La. 1999) . . . . . . . . . . 4, 5, 7-9

*Lubrizol v Gray Ins.*, 2009 WL 348820 at *2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 9

*Mutual Ins. Co. v. Hurni Packing Co.*, 263 U.S. 167, 174 (1923) . . . . . . . . . . . . . . . . . . . . . . . . 8

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                              ii

*Nat'l Union Fire Ins. Co. v. CBI Industries, Inc.,*
    907 S.W.2d 517, 520 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Pennzoil Co. v. Federal Energy Regulatory Comm'n,*
    645 F.2d 360, 388 (5th Cir.1981), *cert. denied*, 454 U.S. 1142 (1982) . . . . . . . . . . . . . . 2

*Tanner Dev. Co. v. Ferguson*, 561 S. W.2d 777, 781 (Tex.1977) . . . . . . . . . . . . . . . . . . . . . . . . 1


## TREATISES

Restatement (Second) of Contracts § 214 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Williston on Contracts § 32.7 (4th ed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings        iii

TO THE HONORABLE JUDGE BARBIER:

Ranger Insurance Limited ("Ranger") offers this Sur-Reply in opposition to BP Parties' Motion for Judgment.  In its reply brief, the BP Parties ("BP") incorrectly interprets controlling Texas law and continues to claim additional insured status for policy sections which do not provide the coverage BP seeks.  This sur-reply will explain why BP is wrong.

**BP's Motion is Premature Because the Commercial Context of the Contract is Relevant to its Interpretation**

The issues presented in BP's motion cannot be determined solely in artificial isolation on the pleadings or as a matter of law based merely on the provisions of the Policy and Drilling Contract. The Texas Supreme Court very recently reiterated and confirmed that the parol evidence rule does not prohibit consideration of surrounding circumstances that inform, rather than vary from or contradict, the textual wording of an insurance contract.  *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, --- S.W.3d ----, 2011 WL 3796361, *4 (Tex. Aug 26, 2011).[1] Circumstances that may, and should, be considered by this court, without regard to and without a prior finding of ambiguity, include "the commercial or other setting in which the contract was negotiated and other objectively determinable factors that give a context to the transaction between the parties." *Id*. citing 11 Richard A. Lord, WILLISTON ON CONTRACTS §32.7 (4th ed.1999).

Evidence of the negotiations between the contracting parties is relevant and admissible to ascertain the dominant purpose and intent of the parties embodied in the contract interpreted as a whole, whether or not it is integrated into the written instrument.  *Id*. citing *Tanner Dev. Co. v. Ferguson*, 561 S. W.2d 777, 781 (Tex.1977) and RESTATEMENT (SECOND) OF CONTRACTS

---

[1] A copy of the *Wellington* opinion is attached since it is unpublished at present.

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                                                  1

§ 214.  Following this rule, the Court in *Wellington* freely examined the manner in which the insurance policy in that case was negotiated in the London market, and characterized that inquiry as "crucial to understanding its terms."  *Id.*; *see also Nat'l Union Fire Ins. Co. v. CBI Industries, Inc.,* 907 S.W.2d 517, 520 (Tex. 1995); *Pennzoil Co. v. Federal Energy Regulatory Comm'n,* 645 F.2d 360, 388 (5th Cir.1981), *cert. denied*, 454 U.S. 1142 (1982).

This sort of supplemental evidence regarding the circumstances surrounding the issuance of this Policy and the underwriting intent is particularly necessary and probative in this case.  Here, BP insists upon an interpretation of the Policy wording that is completely opposite to and inconsistent with the reasonable interpretation given by the actual contracting parties, Transocean and Ranger /Excess Underwriters.  It is only BP-a stranger to the Policy-who argues as a johnny-come-lately for a different meaning.  In this situation, reflexive application of a "favorable" interpretation against the insurers has the effect of also being unfavorable to and in conflict with the interpretation proffered by the direct insured who negotiated for the Policy.  An examination of the commercial context and purpose of the insurance as between the parties who actually entered into the contract, is consistent with and in the service of the primary goal of the court in interpreting contract wording: to give effect to the written expression of the parties' intent. *Balandran v. Safeco Ins.Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998); *see also Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex.1994).

Accordingly, the court should deny as premature BP's motion for 12(c) resolution on the pleadings alone, and should instead permit discovery of the underwriting circumstances in order to illuminate the contracting intent of the parties, which is and must always be, the court's principal mission in interpreting this Policy.

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                 2

**The "Rule" of *Evanston* and *Aubris* Consists of Standard Contract Interpretation**

BP argues that the *Evanston*[2] and *Aubris*[3] opinions announce a rule unique to Texas, in which unlimited additional insured status is awarded to a contracting party whenever indemnity provisions are found separately from additional insured provisions in the underlying contract.  That is contrary to the holdings in those cases.

Both *Evanston* and *Aubris* stand for the very ordinary proposition (followed by virtually all courts), that the actual text of a specific contract must be examined and taken on its face for what it plainly says in so many words.  In *Evanston* the service contract at issue contained a free-standing provision requiring coverage as additional insureds, without any other qualification or condition in the specific clause.  In *Aubris*, the provision included wording conditioning and excepting additional insured status on the unusual concept that the direct insured "specifically agree to indemnify" the additional insured.  In *Evanston* and *Aubris,* the respective courts honored those provisions and held that the additional insured coverage was not limited to indemnity obligations of the direct insured, because the underlying contract itself separated those obligations and did not condition the additional insured status on any indemnity or other liability owed by the direct insured.[4]

Conversely, where a contractual provision grants additional insured status but is conditioned by or restricted to the direct insured's indemnity or other liability - - as was the case with the contract

---

[2] *Evanston Ins. Co. v. ATOFINA* Petrochemicals, inc., 256 S.W.3d 660, 670 (Tex. 2008)

[3]  *Aubris Res. v. St. Paul Fire & Marine Insurance Co.,* 566 F.3d at 483, 487 (5th Cir. Tex. 2009)

[4]  The court reached this conclusion in *Aubris* on the basis that the exclusion of additional insured status established in the wording where the direct insured "specifically agreed to indemnify" the direct insured, reasonably referred to an extra-contractual undertaking to indemnify for a particular loss and did not necessarily refer to the general indemnity obligations elsewhere in the contract.  566 F.3d at 485-86, 490.

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                    3

provisions at issue in *Becker*[5], *LeBlanc*[6] and *Oryx*[7] - - those courts applied the same rule of interpretation as *Evanston* and *Aubris* to reach the opposite conclusion based upon the particularized wording of those contracts.[8]   So, examining wording that is different from the unconditional additional insured clauses of *Evanston* and *Aubris*, the courts in *Becker*, *LeBlanc* and *Oryx* held that the specific wording must be honored and additional insured status must accordingly be restricted as required by the contract.

In compliance with this universal approach to contract interpretation, this court, too, should apply the plain meaning of the contract between BP and Transocean.  Such contract plainly limits and conditions BP's additional insured coverage to the liabilities assumed by Transocean under the Drilling Contract.  Because Transocean owes no such liabilities to BP under the Drilling Contract, this court should hold that BP is not entitled to additional insured status under Transocean's Policies.

The table below reveals that in all the opinions under consideration, the courts merely engage in giving the differing provisions the plain meaning demanded by each specific clause.

| Opinion | Contractual Add'l Insured Provision | Holding |
|---|---|---|
| *Evanston Ins. v ATOFINA*<br><br>256 S.W.3d at 670 | ATOFINA "shall be named as additional insured in each of [Triple S's] policies." | "This kind" of add'l insured requirement is separate from contractual indemnity |

---

[5]  *Becker v. Tidewater, Inc.*, 586 F.3d 358, at 370 (5th Cir. La. 2009)

[6]  *LeBlanc v. Global Marine Drilling Co.*, 193 F.3d 873, 875 (5th Cir. La. 1999)

[7]  *Certain Underwriters at  Lloyds v Oryx Energy* Co.,  142 F.3d 255, 258 (5th Cir. Tex. 1998)

[8]  The Fifth Circuit utilized the same contract interpretation principles to reach the same conclusion as to separate conditional / unconditional additional insured provisions, in the unpublished decision of *Lubrizol v Gray Ins.*

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                          4

| | | |
|---|---|---|
| *Aubris Res. v St. Paul Fire & Mar. Ins.*<br><br>566 F.3d at 487 | United . . . shall be named as additional insureds in each of [J&R Valley's] policies, except Workers' Compensation; however, such extension of coverage shall not apply with respect to any obligations for which UNITED has *specifically* agreed to indemnify Contractor. | Add'l insured restricted only by any "specific" extra-contractual indemnity, beyond the contractual indemnity |
| BP-Transocean | [BP] . . . "shall be named as additional insureds in each of [Transocean's] policies, except Workers' Compensation *for liabilities assumed by [Transocean] under the terms of this Contract."* | |
| *Becker v Tidewater*<br><br>586 F.3d at 370 | Policy "shall include CHARTERER [Baker Hughes], in its capacity as time-charterer of the vessel, as an additional assured, but *only with respect to the risks assumed by OWNER [Tidewater] in this Charter*." | Addl insured limited to contractual indemnity |
| *LeBlanc v Global Marine*<br><br>193 F.3d at 875 | *[T]o the extent Subcontractor [Frank's] assumes liability hereunder*, and agrees to indemnify Contractor [Marine], Contractor shall be named an additional insured in [certain] insurance policies. | Addl Insured limited to contractual indemnity |
| *Certain UWs at Lloyds v Oryx Energy*<br><br>142 F.3d at 258 | The policy (or policies) of insurance obtained by [Mallard], except Worker's Compensation, and Protection and Indemnity shall provide that [Oryx] ... are additional insured for all coverages, *to the extent of the indemnity provided by Mallard under this Contract*. | Obligation to insure Add'l Insured to extent of indemnity undertaking even if indemnity is invalid. |

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                    5

| Lubrizol v Gray Ins.<br><br>2009 WL 348820 at *2 | Include Lubrizol as additional insured on [CGL] and [Auto Liability} above [for at least $1,000,000 limits]<br><br>AND<br><br>[Pat Tank], ... *to the extent necessary to provide coverage under [its] insurance for the liabilities assumed by [it] under the indemnity provisions of this Agreement*, shall designate Lubrizol as an additional insured on Comprehensive Contractor's General Liability Insurance.... | Separate obligations providing a general insurance requirement only up to $1M AND an indemnity -only requirement exceeding $1 million (up to $2M maximum policy limit |
| Getty Oil v Insurance Co. of Nor. Amer.<br><br>845 S.W.2d at 797, 804 [9] | "All insurance coverage carried by Seller ... shall extend to and protect Purchaser,". . . whether or not required [by the other provisions of the contract]." | Add'l Insured separate from contractual indemnity |
| Firemans' Fund v Commercial Std Ins.<br><br>490 S.W.2d at 821, 823 [9] | Contract required Contractor carry certain insurance coverages, but no provision requiring naming Owner as additional insured. | No Add'l Insured coverage, since none required by contract |

In analyzing the clause at issue in this case, the only reasonable interpretation is that it limits BP's additional insured status under the Policies so that coverage is only for Transocean's own contractual liabilities to BP. While Transocean did undertake certain liabilities to BP under the contract (knock-for-knock indemnities as to claims against BP by Transocean's employees, for example), Transocean does not have any contractual liability to BP with respect to pollution-related losses arising from the Macondo spill. Rather, under the Drilling Contract, it is BP who owes

---

[9] *Getty* and *Fireman's Fund* are included because they too, like *Lubrizol*, involve interpretation of particular contract provisions demonstrating that the result depends not on some immutable rule, but rather the unique wording of each contract.

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                              6

Transocean indemnity for any claims against or losses incurred by Transocean from such pollution-related exposure.[10]   Thus, the additional insured provision in the Drilling Contract provides no additional insured status or coverage for BP under Transocean's Policies.

At best, BP's proposed interpretation calls for evidence of the underwriting intent, through discovery of the circumstances surrounding the entry and amendment to the Drilling Contract.[11] Ranger is confident that such discovery will reveal, consistent with standard commercial practice in the oil and gas industry, that the wording of the Drilling Contract was prepared and presented by BP's predecessor, Vastar, and therefore should be interpreted favorably to Transocean, as the successor to R&B Falcon as the other contracting party.  Ranger also believes that Vastar and R&B Falcon both would attest that the intent of the provision comports with the understanding of Transocean, Ranger and Excess Underwriters, and does not comport with BP's own tortured interpretation.

**Non-Texas Precedents**

In an argument rooted in BP's apparent belief that *Evanston* and *Aubris* announce some unique new position based upon magical wording, rather than simple application of standard contract principles to the wording of specific contract provisions, BP argues that *Becker*, *LeBlanc*, and *Oryx* should all be ignored because they preceded *Evanston* and *Aubris* or do not apply Texas law.

BP makes no effort to show that the principles of contract interpretation employed in those opinions is any different than Texas principles utilized in *Evanston* and *Aubris*.  In fact, while those

---

[10]   For pertinent provisions of the Drilling Contract involving the respective contractual liabilities of Transocean and BP as to Pollution, see Clauses 24.1 and 24.2 [TRN-MDL - 0027340-41], and Ranger's Memorandum in Support of Its  Response to BP Parties Motion for Judgment on the Pleadings in the Insurance Actions at p. 9].

[11]   *See above, Houston Exploration v Wellington*, *Supra*; *Nat. Union v CBI, Supra.*

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                    7

cases may variously apply maritime, Louisiana, or Texas law,  they all utilize the same litany of

principles for their well established approach to contract interpretation.  BP asserts no basis for this

court to summarily ignore the relevant and instructive reasoning offered in *Becker*, *LeBlanc* or *Oryx*

(or in the unpublished *Lubrizol* opinion).[12]

## Section I vs Section II.A

BP presents several arguments why it should not be required to demonstrate its additional

insured entitlement under Section I when it prefers the supposedly broader wording of Section II.  BP

completely fails to mention the principal basis asserted by Ranger in its briefing: Item 12 of the

Declarations of the Policy specifically states that Section II.A applies only for Excess Liabilities

"other than those covered in Section I above and/or difference in conditions to Section I above."  BP

blithely asserts it should be entitled to choose whichever Section it prefers, suggesting that Section

I's coverage is no more relevant to the CGL-type cover of Section II than would D&O cover would

be.  That is simply wrong.

Section I provides substantive pollution coverage under Rule 25.xvi of the incorporated Class

1 Rules - Protection & Indemnity, of the Steamship Mutual Underwriting Association (Bermuda)

Limited Club Rules. Moreover, P&I insurance typically provides the insurance applicable to oil

---

[12]  *See also, Carpenter's Amended & Restated Health Benefit Fund v. Holleman Constr. Co.,* 751 F.2d 763 (5th Cir.1985) (contract interpretation principles of federal law include looking to the wording of the contract itself to best represent the parties' intentions; terms interpreted in light of other terms in the contract; inconsistencies resolved through standard rules of interpretation, for example, that specific terms control over general terms, or that separately negotiated terms control over standardized terms); *Employers Ins. of Wausau v. Trotter Towing Corp.,* 834 F.2d 1206, 1210 (5th Cir.1988) (same principles under maritime and Mississippi law) Federal maritime courts also have long recognized the general rule that ambiguities in an insurance policy should be construed in favor of the insured insofar as the insurer provides the wording employed in the contract.  *See Mutual Ins. Co. v. Hurni Packing Co.,* 263 U.S. 167, 174 (1923).

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                8

pollution liabilities such as are imposed on BP arising from the Macondo spill.[13]

More importantly, there is some indication that the P&I insurance afforded under Section I is intended to be primary insurance for covered risks, while Section II coverage is intended to be excess.[14] If these provisions of Section I and Section II apply as to the respective coverages provided in each, then by normal principles the primary coverage of Section I must be exhausted before Section II applies at all.[15] While Ranger does not take a studied position on the priority of Section I and Section II, and to do so is premature, it does seem there is significant risk that BP's request for additional insured status solely under Section II is premature and inadequate, and may well consist of a request for coverage that ultimately will prove to be speculative at best. Of course, this court should not entertain merely speculative requests for relief.

Finally, BP is relegated to arguing that even if Section I applies, its restriction of additional insureds "only to the extent required by contract" is ambiguous as a matter of law. Interestingly, as can be readily seen from the Table above, the very same wording posed no problem or ambiguity for the Fifth Circuit panels in *LeBlanc*, *Oryx* and *Lubrizol*, all of whom hold that "to the extent" wording limits the additional insured to the liabilities undertaken by the direct insured.

Again, BP fails to offer any other reasonable interpretation of the clause in this context. BP

---

[13]  *See,* Norman J. Ronnenberg, Jr., "An Introduction to the Protection & Indemnity Clubs and the Marine Insurance They Provide," 3 U.S.F.Mar.L.J. 1, 9-10 (Winter 1990-91).

[14]  Compare, General Condition 5 of Endorsement No. 1 (applicable to both Section I and Section II) providing that coverage is primary as to any coverage carried by additional insureds as required by contract, with Paragraph 8 of Endorsement No. 4 (applicable solely to Section II) providing that if other insurance applies to a claim also covered by this Policy, then this Policy will apply excess of the other insurance.

[15]  *See Keck, Mahin & Cate v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 701 (Tex. 2000).

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                                                 9

argues that "to the extent" may be interpreted to affect either BP's "entitlement" to coverage as an additional insured or the "scope" of coverage afforded to BP as an additional insured.  In the present circumstances, this is a distinction without a difference.   In fact, under the Drilling Contract, Transocean owes NO liability to BP whatsoever for the pollution-related losses from the Macondo spill.   Thus, as to both / either BP's "entitlement" or the "scope" of coverage afforded under the clause, BP is entitled to none.

## CONCLUSION

For the reasons stated, BP's motion should be denied, or, in the alternative, postponed until discovery can be accomplished to establish the commercial context of negotiations between the contracting parties.

**DATED**: September 13, 2011

Respectfully submitted,

**MALONEY★MARTIN, L.L.P.**

By:   Michael J. Maloney
      **MICHAEL J. MALONEY**
      SBOT: 12883550
      The Clocktower Building
      3401 Allen Parkway, Suite 100
      Houston, Texas  77019
      (713) 759-1600 – telephone
      (713) 759-6930 – facsimile

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings

10

**ROBIN M. ZIEK, ATTORNEY AT LAW**
**ROBIN M. ZIEK**
SBOT: 22262575
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 222-8030 – telephone
(713) 759-6930 – facsimile

**DWAYNE R. DAY, P.C.**
**Dwayne Day**
SBOT: 00795314
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

ATTORNEYS FOR PLAINTIFF,
**RANGER INSURANCE LIMITED**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing Ranger Insurance Limited's Sur-Reply in Opposition to BP Parties' Motion for Judgment on the Pleadings in the Insurance Actions to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on September 13, 2011.


            /s/ Michael J. Maloney
**Michael J. Maloney / Robin M. Ziek**

Ranger v. BP, et al
Ranger's Sur-Reply in Opposition to
BP Parties' Motion for Judgment on Pleadings                                    11