UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | |
| | * | SECTION: J |
| This Document Relates to: | * | |
| Cases in Pleading Bundles A, B1 and C | * | |
| as Enumerated in Attachment 1 | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | SHUSHAN |
| | * | |
| * * * * * * * * * * * * | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT AND CROSS-CLAIM PLAINTIFF MOEX OFFSHORE 2007 LLC
TO AMEND CROSS-CLAIMS**

Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

ATTORNEYS FOR
MOEX OFFSHORE 2007 LLC

# TABLE OF CONTENTS

Page

I. FACTUAL BACKGROUND ................................................................................................ 3

II. ARGUMENT ......................................................................................................................... 4

CONCLUSION ............................................................................................................................. 6

MOEX Offshore 2007 LLC ("Offshore") respectfully submits this memorandum in support of its motion, pursuant to Federal Rule of Civil Procedure 15(a)(2), to amend its cross-claims.[1]

## I.
## FACTUAL BACKGROUND

On April 19, 2011, Offshore (as a third-party defendant) filed cross-claims (the "Offshore Cross-claims") against the following entities:  BP Exploration & Production Inc. ("BPXP"); BP America Production Company; and BP p.l.c. (together, "BP"); Triton Asset Leasing GmbH; Transocean Holdings LLC; Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc. (together, "Transocean"); Halliburton Energy Services, Inc. and Sperry Drilling Services (together, "Halliburton"); Weatherford U.S. L.P. and Weatherford International, Inc.(together, "Weatherford"); M-I, LLC, and Cameron International Corporation.  Although directed to the limitation action, these cross-claims were filed in Case No. 2:10-md-02179 (Document 2008).

The next day, April 20, 2011, Offshore filed its Answer and Defenses to the petition in the limitation action, and included a substantially identical set of Offshore Cross-claims against the same parties.  This document was filed in Case No. 2:10-cv-02771 (Document 420).

Offshore has since been advised by the Court clerks that its cross-claims should properly have been filed only in MDL No. 2179, and not in the Limitation Action (2:10-cv-02771).

On May 20, 2011, Offshore and BPXP became parties to a Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify (the "Settlement").

---

[1]  A copy of Offshore's proposed amended cross-claims is attached as Exhibit A.

Among other things, the Settlement provided that (a) Offshore released its claims against BPXP and its affiliates; and (b) Offshore assigned to BPXP all right, title and interest in its cross-claims against the other defendants. On or about June 20, 2011, BPXP entered into a separate settlement with Weatherford International Inc. and Weatherford U.S. L.P. (the "Weatherford Settlement").

In light of the Settlement, the Weatherford Settlement, and the assignment of the Offshore Cross-Claims to BPXP, Offshore seeks to amend the Offshore Cross-Claims in the form attached as Exhibit A. The proposed amended pleading (a) deletes the Offshore Cross-Claims against BPXP and its affiliates; (b) deletes the Offshore Cross-Claims against Weatherford; and (c) deletes certain allegations, changes the phrasing of other allegations, and makes clarifying and conforming changes to other allegations in the Offshore Cross-Claims. It does not add any new facts, cross-defendants, theories of liability or causes of action.

We have circulated the proposed amended cross-claims to counsel for the cross-claim defendants in substantially the attached form. Defendants BP and Weatherford have consented to the filing of the proposed pleading, and defendants Halliburton, Transocean and M-I have not objected.

## II.
## ARGUMENT

Leave to amend a pleading should be "freely" granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182 (1962) (directive in Rule 15(a) that leave to amend shall be granted "freely" when justice requires "is to be heeded"); *see, e.g., SMG Foods, LLC v. Delek Capital,* Civ. No. 09-6734, 2010 WL

103873, *4 (E.D. La. Jan. 7, 2010) (Barbier, J.) (granting leave to amend in interest of justice).

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be 'freely given.'" *Foman,* 371 U.S. at 182; *see, e.g., Musso v. Progressive Northwestern Ins. Co.,* Civ. No. 06-4114, 2007 WL 325364, *2-3 (E.D. La. Jan. 31, 2007) (Barbier, J.) (justice required that leave to amend be granted where leave would cure jurisdictional defect, it was plaintiff's first motion for leave to amend, plaintiff had not delayed and was not acting in bad faith).

Here, the relevant factors support amendment.

*First,* amendment is not futile.  By amending its Cross-Claims, Offshore will delete claims against BPXP and Weatherford, thereby reducing the number of claims being asserted in this MDL.

*Second,* there has not been undue delay.  The proposed amendment will not delay these proceedings in any way; instead, by eliminating claims and allegations, it will simplify them.  Neither Offshore nor BPXP seeks any adjustment to the schedule in connection with this motion.

*Third,* the proposed amendment does not prejudice any party.

Substantively, the proposed amended cross-claims do not add any new facts, cross-defendants, theories of liability or causes of action.  Instead, all claims against BP and Weatherford would be deleted.  *See generally In re Enron Corp. Sec., Derivative &*

*"ERISA" Litig.*, MDL No. 1446, 2011 WL 3489524 (S.D. Tex. Aug. 9, 2011) (granting leave to amend where one of the purposes was to eliminate defendants with whom plaintiffs have settled). In addition, the proposed amended pleading deletes certain factual allegations against Transocean, Halliburton and M-I.

Procedurally, motion practice with respect to the Offshore Cross-Claims (as well as other parties' cross-claims) until recently was stayed pursuant to PTO #15 (Document 676). In the interim, both Offshore and BPXP have responded to discovery requests.

*Finally,* leave to amend is sought in good faith to implement the Settlement. If leave to amend is successfully obtained, Offshore and BPXP intend to apply to the Court to substitute BPXP, the real party in interest, for Offshore as the cross-claim plaintiff.

## CONCLUSION

For the foregoing reasons, Offshore should be permitted to file the proposed amended cross-claims attached as Exhibit A, and the Court should enter the proposed Order submitted herewith.

Dated: October 19, 2011

                                                          Respectfully submitted,

                                                          *s/ Philip D. Nizialek*_____
                                                          Philip D. Nizialek (La. Bar No. 24180)
                                                          M. Hampton Carver (La. Bar No. 3947)
                                                          CARVER, DARDEN, KORETZKY, TESSIER,
                                                          FINN, BLOSSMAN & AREAUX, LLC
                                                          1100 Poydras Street, Suite 3100
                                                          New Orleans, LA 70163
                                                          Telephone: (504) 585-3800
                                                          Fax: (504) 585-3801

                                                          **ATTORNEYS FOR**
                                                          **MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on October 19, 2011.

_s/ Philip D. Nizialek_____