UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>       "Deepwater Horizon" in the Gulf<br>       of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE<br>SHUSHAN |

ORDER

[Regarding Deadlines for the United States' Production of Documents]

On September 22, 2011, BP submitted a letter brief to this Court objecting to the United States' production of documents in two respects: (1) the timing of the productions and (2) technical issues not in compliance with the requirements of Pretrial Order 16. The United States responded on September 29, 2011. This Order addresses the objections raised by BP by establishing deadlines for the United States to complete its production of documents in response to discovery requests pending as of October 5, 2011 and to conform its productions to the requirements of Pretrial Order 16 and BP's requests. Accordingly, it is ordered as follows:

1.  On or before the dates set forth in Column 3 of Table 1, the United States shall produce all documents that are (1) responsive to agreed-upon searches for relevance or other agreed-upon criteria defining a reasonable search[1] and (2) not subject to a good faith claim of

---

[1] BP and the United States continue to meet and confer regarding the scope of the searches to be conducted, and nothing in this Order prejudices BP's or the United States' arguments with respect to the scope of the searches subject to these deadlines. BP and the United States agree that the search terms set forth in the Attachment are search terms currently in use for those agencies and custodians for whom search terms are being used. Where such terms are specified, nothing in this Order precludes the United States and BP from modifying those terms or custodians. The parties will meet and confer in good faith regarding such issues.

privilege.  Production for purposes of this paragraph shall mean production in conformance with the requirements of Pretrial Order 16 and other applicable rules and Orders, except as otherwise provided for in this Order.

2. On or before the dates set forth in Column 4 of Table 1, the United States shall complete and provide its privilege logs of documents that are (1) responsive to the searches it has agreed to conduct as set forth in Attachment 1 and (2) required to be logged pursuant to Pretrial Order 14 and other applicable rules and Orders, except as otherwise provided for in this Order.  On or before these same dates, the United States shall produce all documents that were withheld in good faith as potentially privileged but determined not to be privileged or for which the United States does not choose to assert a privilege.  Production for purposes of this paragraph shall mean production in conformance with the requirements of Pretrial Order 16 and other applicable rules and Orders, except as otherwise provided for in this Order.

| TABLE 1 | | | |
|---|---|---|---|
| **Column 1**<br>**Agency** | **Column 2**<br>**Collection Point** | **Column 3**<br>**Production** | **Column 4**<br>**Privilege Log** |
| Executive Office of the President | All Agencies Noted Herein (Collected as of 9/28/2011) | See Other Entries | 11/30/2011 |
| Department of Energy | 1.  Secretary | 10/31/2011 | 11/30/2011 |
| | 2.  Los Alamos National Lab | 10/31/2011 | 11/30/2011 |
| | 2.  Lawrence Livermore National Lab | 10/31/2011 | 11/30/2011 |
| | 2.  Sandia National Laboratories | Done | 11/30/2011 |
| | 3.  National Commission on the Spill | 10/20/2011 | 1/31/2011 |
| | 3.  Pacific Northwest National Lab | 10/20/2011 | 11/30/2011 |
| | 3.  National Energy Technology Lab | 10/20/2011 | 11/30/2011 |
| | 3.  Lawrence Berkeley National Lab | Done | 11/30/2011 |
| | 3.  Oak Ridge National Lab | Done | 11/30/2011 |
| | 4.  Congressional Affairs Office | 10/31/2011 | 11/30/2011 |
| | 4.  Public Affairs and FOIA Offices | 10/31/2011 | 11/30/2011 |
| | 4.  Office of Fossil Energy | 10/31/2011 | 11/30/2011 |
| | 4.  ARPA-E | 10/31/2011 | 11/30/2011 |

| TABLE 1 | | | |
|---|---|---|---|
| Column 1<br>Agency | Column 2<br>Collection Point | Column 3<br>Production | Column 4<br>Privilege Log |
| Environmental Protection Agency | Administrator | 11/30/2011 | 12/31/2011 |
| | Headquarters Offices | 11/30/2011 | 12/31/2011 |
| | Region 4 | 11/30/2011 | 12/31/2011 |
| | Region 6 | 11/30/2011 | 12/31/2011 |
| | Other Regional Offices | 11/30/2011 | 12/31/2011 |
| Department of the Interior | *1.* Secretary & Deputy Secretary | 11/15/2011 | 12/31/2011 |
| | *1.* BOEMRE | 11/30/2011 | 12/31/2011 |
| | *1.* USGS | 11/30/2011 | 12/31/2011 |
| | *2.* NPS | 11/30/2011 | 12/31/2011 |
| | *2.* FWS | 11/30/2011 | 12/31/2011 |
| Department of Homeland Security | Secretary | 11/15/2011 | 12/15/2011 |
| | U.S. Coast Guard Spill Archive Materials Ingested as of 12/31/2011 | 1/31/2012 | 2/27/2012 |
| Department of Commerce | NOAA | 12/31/2011 | 1/31/2012 |
| | Secretary | 10/31/2011 | 11/30/2011 |
| | NIST | 10/31/2011 | 11/30/2011 |
| Department of Defense | Navy | 10/15/2011 | 10/31/2011 |
| | Army Corps of Engineers | 10/15/2011 | 11/30/2011 |
| Non-Searchable Files | All Agencies Noted Above | 12/15/2011 | 12/31/2011 |

3. In producing documents pursuant to Paragraph 1, the United States shall prioritize documents according to the ordering set forth in Column 2 of Table 1. Nothing in this Order, however, shall require or permit the United States to withhold production of documents lower in the priority list unless such production would delay production of higher priority documents.

4. For documents that are responsive communications between the Executive Office of the President and the federal agencies identified in Table 1 which are collected from the agencies between September 28, 2011 and October 31, 2011, the United States shall complete its privilege review and production of non-privileged documents on or before December 15, 2011. For any such documents collected from the agencies after October 31, 2011, the United States shall complete its privilege review and production of non-privileged documents within forty-five

days of the agencies' provision of the documents to the Department of Justice. On or about October 31, 2011, BP and the United States shall appear at a telephonic conference with the Court to review the status of the United States' EOP and other productions. When the United States produces email communications to or from the EOP, the United States shall produce those as a separate production and identify the production as "Communications between the EOP and the Federal Agencies."

5. The United States shall make the following corrections to the load files provided for all productions on or before the date of this Order: (a) replacement metadata for its past productions which will identify the custodian (or centralized filing system organization and location) from whom the documents were collected, rather than the collecting agent or interim custodian; (b) missing sender metadata (where it exists) for emails provided in its prior productions; and (c) corrected or missing information for the family relationships in its prior productions.  These corrected load files shall be produced to BP on or before November 15, 2011.  It is the parties' intent that, with these corrections, all United States productions made on or before the date of this Order shall be in full compliance with PTO #16 (including all metadata requirements) except as provided for in this Order.  To the extent any issue regarding metadata or other PTO #16 compliance issue comes to light after the date of this Order, the parties will seek in good faith to resolve the issue.

6. For all of its productions made on or before November 29, 2011, the United States shall provide overlay fields containing TIMESENT and FOLDERID metadata (to the extent it exists) by December 31, 2011.  All productions on or after November 30, 2011 will have those fields populated (to the extent the metadata exists) when sent out.

7. The United States and BP recognize that the requirements of PTO #16 do not include populating the "Paragraph" or "Srchterms" metadata fields.

8. In all further productions by the United States, the United States shall not separate document families. Therefore, if a member of a document family is withheld for privilege review, the entire family shall be withheld until the United States determines the family member's status. If the United States determines that the family member is not privileged or chooses not to assert a privilege over the family member, the United States shall produce the entire document family. If the United States determines that the family member is privileged, the United States shall produce the entire family except for the privileged family member.

9. In future productions, the United States will not produce placeholders for known system files. The United States will, however, produce placeholders for proprietary file types that do (or may) contain user-generated content.

10. The United States shall segregate and review for responsiveness all non-searchable files collected as part of the searches it has agreed to conduct. The United States shall complete production of these files in accordance with the schedule specified in Table 1.

New Orleans, Louisiana, this 19th day of October, 2011.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**