

# CT Corporation

**Service of Process Transmittal**
09/27/2011
CT Log Number 519219255

**TO:** Tara Lindsey
BP America Inc.
501 WestLake Park Blvd., Matter: 21714
Vendor: 0080178147
Houston, TX 77079

**RE:** **Process Served in Louisiana**

**FOR:** BP America Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Kenneth and Velma Campo, Pltfs. vs. BP America, Inc. and BP Exploration & Production, Inc., Dfts.
*Name discrepancy noted.*

**DOCUMENT(S) SERVED:** Citation, Petition

**COURT/AGENCY:** 34th Judicial District Court, Parish of St. Bernard, LA
Case # 118139

**NATURE OF ACTION:** Dfts. refused to provide the compensation at the rate of $1500 per day as promised for the rental of a property known as "Campo's Marina or Blackie Campo's Marina"

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Baton Rouge, LA

**DATE AND HOUR OF SERVICE:** By Process Server on 09/27/2011 at 08:35

**JURISDICTION SERVED:** Louisiana

**APPEARANCE OR ANSWER DUE:** Within 15 days after service

**ATTORNEY(S) / SENDER(S):** Lloyd N. Fischhertz
Frischhertz, Poulliard, Frischhertz & Impastato, L.L.C.
1130 St. Charles Avenue
New Orleans, LA 70130
504-523-1500

**ACTION ITEMS:** CT has retained the current log, Retain Date: 09/27/2011, Expected Purge Date: 10/02/2011
Image SOP
Email Notification, Melanie Johnson Melanie.Johnson@bp.com
Email Notification, Malika Herring malika.herring@bp.com
Email Notification, Tara Lindsey tara.lindsey@bp.com

**SIGNED:** C T Corporation System
**PER:** Lisa Uttech
**ADDRESS:** 5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808
**TELEPHONE:** 225-922-4490



EXHIBIT A

Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION

**KENNETH AND VELMA CAMPO**

Versus

**BP AMERICA, INC. AND BP EXPLORATION & PRODUCTION, INC.**



Case: # *118-139*

Division: **D**

34th Judicial District Court
Parish of St. Bernard
State of Louisiana

TO: BP AMERICA, INC.
   THRU ITS REGISTERED AGENT:
   CT CORPORATION SYSTEM
   5615 CORPORATE BLVD., SUITE 400B
   BATON ROUGE, LA  70808

YOU HAVE BEEN SUED. Attached to this Citation is a certified copy of *PETITION FOR DAMAGES*. The Petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1100 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 9TH day of SEPTEMBER, 2011.

Lena R. Torres
Clerk of Court
Parish of St. Bernard

LLB/ K. CAMPO

By: _____
Deputy Clerk

www.stbclerk.com                                     /S/Lisa L. Borden

---

**DOMICILIARY**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____. by leaving the same at _____ domicile _____ this Parish in the hands of _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same _____ the said _____ being absent from _____ domicile at the time of said service.
   Returned Parish of St. Bernard_____, _____.

_____
Sheriff

**PERSONAL**
Received Parish of St. Bernard on the _____ day of _____, _____ and on the _____ day of _____, _____, I served a copy of the within _____ on _____ on _____ at _____ this Parish his usual place of domicile, in the Parish of St. Bernard, by handling and delivering the same to in
   Returned Parish of St. Bernard _____, _____.

_____
Sheriff

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

DOCKET NO: 118 139                                             SECTION: D

KENNETH AND VELMA CAMPO

VERSUS

BP AMERICA, INC. and BP EXPLORATION & PRODUCTION, INC.

FILED: SEP 0 9 2011

2:22

DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT come Plaintiffs, Kenneth and Velma Campo, persons of the full age of majority and domiciliaries of the State of Louisiana, Parish of St. Tammany, who respectfully aver as follows:

### PARTIES

I.

Made Plaintiffs herein are Kenneth and Velma Campo, who are the owners of the property at issue in this litigation, which is located in Shell Beach, Louisiana, in the parish of St. Bernard.

II.

Made Defendants herein are:

A) **BP America, Inc.,** a foreign corporation whose principal place of business is outside the State of Louisiana, and who may be served with process through its agent for service, CT Corporation System, 5615 Corporate Blvd., Suite 400B Baton Rouge, LA 70808; and

B) **BP Exploration & Production, Inc.**, a foreign corporation whose principal place of business is outside the State of Louisiana, and who may be served with process through its agent for service, CT Corporation System, 5615 Corporate Blvd., Suite 400B Baton Rouge, LA 70808.

### VENUE

III.

Venue is proper in St. Bernard Parish, as all conduct described of in this suit occurred within St. Bernard Parish, the representations by Defendants were made by Defendants' representatives in St. Bernard Parish, and the property at issue in this litigation is located within St. Bernard Parish.

## FACTS

### IV.

Plaintiffs are the owners of the property located in Shell Beach, Louisiana, more commonly known as "Campo's Marina" or "Blackie Campo's Marina." Plaintiff, Kenneth Campo, is the son of the late Frank Campo, Sr., who was more commonly known as "Blackie Campo."

### V.

On or about April 20, 2010, due to the conduct of Defendants, BP America, Inc. and BP Exploration & Production, Inc. [hereinafter collectively referred to as "BP"], as well as due to the conduct of numerous other unnamed persons who are not parties to this litigation, an explosion occurred on the Deepwater Horizon in the Gulf of Mexico, causing what is most commonly known now as the "BP Oil Spill."

### VI.

Following the BP Oil Spill, Defendants appeared on Plaintiffs' premises requesting authorization to place equipment, trailers, and other structures on Plaintiffs' premises.

### VII.

At that time, Defendants requested that Plaintiff restrict and preclude any use of their property to any other person in exchange for Defendants' agreement to pay lease and rental payments to Plaintiffs for the period in which Defendants continued to store equipment, trailers, and other structures.

### VIII.

Defendants specifically demanded that Plaintiffs provide Defendants exclusive use and control over Plaintiffs' property from the time of the BP Oil Spill and continuing indefinitely, but for a period of no less than six months.

IX.

Defendants specifically promised and agreed that as consideration for Plaintiffs providing Defendants with exclusive use and control of Plaintiffs' property, that Defendants would provide compensation in the form of rental payments to Plaintiff in the amount of one thousand five hundred dollars ($1500.00) per day, which totaled ten thousand five hundred dollars ($10,500.00) per week.

X.

As a result of the assurances and promises made by Defendants that Defendants would pay rental payments to Plaintiffs in the amount of one thousand five hundred dollars ($1500.00) per day, which totaled ten thousand five hundred dollars ($10,500.00) per week, Plaintiffs permitted Defendants to have exclusive possession of Plaintiffs' property and allowed Defendants to store equipment, trailers, and other structures on Plaintiffs' property to the exclusion of any other uses of Plaintiffs' property.

XI.

Defendants instructed Plaintiffs that Plaintiffs were required to submit invoices at the end of each week in the amount of $10,500 to Defendants.

XII.

Defendants instructed Plaintiffs that Plaintiffs were required to follow a process for the submission of invoices for payment, and Defendants assured and promised Plaintiffs that Plaintiffs would be provided compensation in the amount of $10,500 per week as long as Plaintiffs complied with the invoicing procedure.

XIII.

For the period April 20, 2011 through approximately November 30, 2011, Plaintiffs complied with Defendants' invoicing process.

### XIV.

For the period April 20, 2011 through approximately November 30, 2011, Plaintiffs continued to invoice Defendants, as instructed by Defendants, in the amount of $10,500 per week for the rental of Plaintiffs' premises by Defendants.

### XV.

In response to the invoices Defendants received from Plaintiffs, Defendants began making several payments in the amount of $10,500 per week to Plaintiffs.

### XVI.

Defendants repeatedly assured and promised Plaintiffs that Defendants would memorialize the agreement to pay rental in the amount of $1500 per day into a formal contract. During the time that there was no written agreement, Defendants continued to assure and promise Plaintiffs that Defendants would pay the amount of $1500 per day in rental of Plaintiffs' property.

### XVII.

Defendants did in fact pay Plaintiffs rental in the amount of $1500 per day for the period April 29, 2010 through May 16, 2010.

### XVIII.

After Defendants made payment for the period April 29, 2010 through May 16, 2010, Defendants assured and promised Plaintiffs that payments at the same rate of pay would continue for the rental of Plaintiffs' property. The payment made by Defendants constituted representations to Plaintiffs that these rental payments at the rate of $1500 per day would continue through the termination of the leases on the property for at least six months.

### XIX.

After making the payment for the period April 29, 2010 through May 16, 2010, Defendants advised Plaintiffs that Defendants would only make subsequent payments once a formal, written contract was executed between the parties to memorialize the agreement between Plaintiffs and Defendants. Nevertheless, Defendants assured Plaintiffs that the written, formal contract would contain payment terms identical as the oral agreement between the parties at a rate of $1500 per day.

XX.

As a result of the direct representations of Defendants, Plaintiffs agreed to allow Defendants to continue to lease/rent Plaintiffs' property and Plaintiffs continued to permit Defendants to retain exclusive use and occupancy of Plaintiffs' property to the exclusion of all other commercial and other uses of the property.

XXI.

From May 16, 2010 through approximately September 15, 2010, Defendants repeatedly assured and promised Plaintiffs that, if Plaintiffs continued to permit Defendants to lease Plaintiffs' property for the storage of trailers, equipment, and other structures, Defendants would contractually agree to pay Plaintiffs the amount of $1500 per day in rental charges.

XXII.

On approximately September 15, 2010, Defendants finally presented Plaintiffs with a written contract for the rental and lease of Plaintiffs' property intended to be retroactive to May 2010.

XXIII.

The formal written contract was written entirely by Defendants with no opportunity whatsoever for Plaintiffs to negotiate the terms of the contract and without any input whatsoever of Plaintiffs in the terms of the contract.

XXIV.

Between the period May 16, 2010 and the date that the written contract was presented to Plaintiffs, Defendants refused to make any payments to Plaintiffs.

### XXV.

The written contract included payment terms different from the prior representations, promises, and assurances of Defendants. The payment terms under the written agreement were for rental at a rate of $8345 per month ($277.51 per day).

### XXVI.

Upon presenting the written contract to Plaintiffs, Defendants expressly stated to Plaintiffs that Defendants refused to make any further payments to Plaintiffs, including all payments owed to Plaintiffs for the rental period from May 16, 2010 through the date that the contract was presented, unless and until Plaintiffs executed the written contract exactly as written with no changes whatsoever.

### XXVII.

On or about September 15, 2010, Defendants presented Plaintiffs with a contract for the rental of Plaintiffs' property and with terms for the payment of rental charges that Defendants unexpectedly attempted to make retroactive back to May 10, 2010, prior to the last payment made by Defendants.

### XXVIII.

During all of the times material to this litigation, Plaintiffs were unable to operate the marina and were unable to operate their property for any commercial purposes for which it would have been otherwise available if Defendants had not occupied Plaintiffs' property.

### XXIX.

Plaintiffs were placed in financial hardship as result of Defendants' exclusive occupancy of Plaintiffs' property for the period May 16, 2010 through the date that the contract was presented, as Defendants refused to provide Plaintiffs with any compensation during that period.

XXX.

Due to the financial hardship that Defendants placed upon Plaintiffs during that period, due to Defendants' exclusive occupancy of the property, and due to Defendants' explicit instructions that Plaintiffs would receive no payments whatsoever for past rental unless the contract was executed, Defendants placed Plaintiffs under duress.

XXXI.

Defendants provided compensation to Plaintiffs in the amount of $8435 per month for the periods covering May 16, 2010 through November 15, 2010.

XXXII.

Defendants have refused to provide the compensation at the rate of $1500 per day as Defendants had repeatedly promised to Plaintiffs.

XXXIII.

As a result of the conduct described above, Defendants are liable unto Plaintiff pursuant to Article 1967 of the Louisiana Civil Code because:

A) Defendants made representations, promises and assurances to Plaintiffs;

B) Plaintiffs justifiably relied on the representations of Defendants; and

C) Plaintiffs suffered damages to their detriment as a result of the justifiable reliance on the representations, promises, and assurances of Defendants.

XXXIV.

Plaintiffs suffered damages in the form of the rental charges of $1500 per day for the period May 16, 2010 through the termination of the lease on or about November 30, 2010, less a deduction for the payments made by Defendants.

XXXV.

Defendants' conduct and representations were the direct and proximate cause of the damages suffered by Plaintiffs.

### XXXVI.

Defendants are further liable unto Plaintiffs pursuant to Article 2315 because Defendants were negligent in their misrepresentations to Plaintiffs that Plaintiffs would receive payment in the amount of $1,500 per day. Defendants failed to act as reasonably prudent persons under the circumstances by making representations that were untrue with actual or constructive knowledge that Plaintiffs would change their position in reasonable reliance on those representations, and Defendants knew or should have known that these representations were untrue.

### XXXVII.

To the extent that Defendants attempt to enforce the terms of a written contract between the parties, Plaintiffs further request that this Court deem that this contract is null and void, as it should be annulled for a vice of consent.

### XXXVIII.

Plaintiffs submit that any written agreement between the parties is unenforceable, because Plaintiffs' consent was vitiated by the duress that Defendants placed upon Plaintiffs.

### XXXIX.

Accordingly, Defendants are liable unto Plaintiffs for the full rental charges of $1,500 per day through the termination of the lease on or about November 30, 2010, with a deduction for prior payments made by Defendants.

**WHEREFORE**, Plaintiffs request that a copy of this Petition be filed into this Court and served upon all Defendants, that they be cited to appear and Answer same, and that after due proceedings be had, that there be judgment in favor of Plaintiffs for all damages prayed for herein, for all costs of these proceedings, for all attorneys' fees incurred in this proceeding, for

judicial interest from the date of judicial demand, and for all relief as is proper and equitable under the laws of Louisiana and the United States of America.

Respectfully Submitted,

FRISCHHERTZ, POULLIARD, FRISCHHERTZ, & IMPASTATO, L.L.C.

_____
Lloyd Frischhertz (# 5749)
**Dominick F. Impastato, III (#29056)**
1130 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 523-1500
Facsimile: (504) 581-1670

**Please Serve:**
BP America, Inc.
Through its registered agent
CT Corporation System
5615 Corporate Blvd.
Suite 400B
Baton Rouge, LA 70808

BP Exploration & Production, Inc.
CT Corporation System
5615 Corporate Blvd.
Suite 400B
Baton Rouge, LA 70808

Page 9 of 9

# A TRUE COPY
Lena R. Torres

CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

By_____
DEPUTY CLERK    SEP 1 4 2011

/S/Lisa L. Borden

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 118,139                                           DIVISION "D"

KENNETH AND VELMA CAMPO

versus

BP AMERICA, INC. AND BP EXPLORATION & PRODUCTION, INC.

FILED: ___OCT 1 7 2011___        ___/S/Jennifer L. Matlock___
       @2:11 P.M.                 DEPUTY CLERK

### NOTICE OF FILING NOTICE OF REMOVAL

TO: Clerk of Court
    34th Judicial District Court
    Parish of St. Bernard
    1101 St. Bernard Highway
    P. O. Box 1746
    Chalmette, LA 70044-1746

**YOU ARE HEREBY NOTIFIED** that a Notice of Removal in the above-captioned case, a copy of which is annexed hereto, was filed in the United States District Court for the Eastern District of Louisiana on the 14th day of October, 2011.

Respectfully submitted,

_____
Shannon S. Holtzman, T.A. (Bar #19933)
Katherine S. Roth (#28224)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
One Shell Square
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

**Attorneys for BP America Inc. and BP Exploration & Production Inc.**

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail prior to mailing this 14th day of October, 2011.

1045826_1.Docx