STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER
45,600

October 19, 2011

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

    Re:    MDL No. 2179
              *In Re: Oil Spill by the Oil Rig "Deepwater Horizon"*
              *In the Gulf of Mexico on April 20, 2010*

Dear Judge Shushan:

        We write concerning issues that have arisen in the procedure for designating depositions and to request a revision to the controlling Order (#4217).

        With regard to the PLC's production of deposition designations for Group 3 witnesses (#31-45), as of Monday morning, October 17, 2011, the PLC/DOJ had only produced 8 of the 15 depositions through InData. The missing designations are now trickling in one by one, with at least two still outstanding (Mr. Byrd, #43, and Mr. Stringfellow, #45). This is wholly inconsistent with the PLC's repeated commitment to produce its designations ahead of what was called for in the Order. As you may also be aware, the PLC reported to the Court and all parties that it has actually completed its designations for 122 witnesses. As of Monday morning, however, it had not even produced 45 designations (that is, Groups 1, 2 and 3) through InData. The non-presenting parties, in contrast, must complete their Group 3 designations by Friday — and, apparently, must do so without the benefit of having time to review all of the PLC's designations.

        Nonetheless, the PLC insists that they are "on schedule." (See attached email exchange.) The PLC explains that it has not released its completed designations for 122 depositions to InData for circulation to all parties because it has not yet highlighted exhibits for the depositions. Under the court's order, however, the PLC's exhibits are not due until the last week (not the first) of the production cycle for any group (*i.e.*, not until November 4th for the

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 2

October 19, 2011

Group 3 witnesses). As a result, there is no justification for the PLC to withhold their completed deposition designations.

In response to this last point, the PLC now contends that Cameron has no need to see the PLC/DOJ designations before preparing its own ("affirmative") designations — a contention that totally disregards the PLC's previous commitment to produce a week in advance. Moreover, PLC's argument ignores that Cameron, as a defendant, is entitled to see the evidence the PLC presents prior to having to respond. This order is precisely Judge Barbier's Trial Plan's order of proof requiring the PLC, DOJ and the States to produce their evidence before defendants are required to respond. Beyond the legal basis for requiring plaintiffs to present first, there is also a significant practical benefit to having a plaintiff (PLC/DOJ) be first to circulate witness designations. Such an approach prevents an enormous waste of time and potential confusion that would result if all "non-presenting" parties made their designations simultaneously, repeating much of the background and context testimony. (The use of the term "non presenting" is a bit of a misnomer: once a plaintiff offers testimony, it becomes the presenting party.)

To resolve this problem, Cameron respectfully suggests that this Court revise the procedure for turning over deposition designations to InData as follows: the PLC should release to InData the PLC/DOJ cuts at least one week before the non-presenting defendants' designation deadline, such that InData can circulate these designations no later than the Monday before that deadline. This should not effect the production of highlighted exhibits.

Secondly, we would like to discuss the importance of InData's participation in this process. We believe that InData's circulation is the meaningful production, not individual parties' circulation. The service that InData is supposed to be providing is being paid for by our clients; it thus makes economic and organizational sense for Cameron and the other non-presenting parties to respond to a single document per deposition with all cuts made to date, circulated by InData, rather than tracking down individual designations from each party as they trickle in. This, however, requires that the PSC/DOJ designations actually occur in a timely fashion.

Although the PLC previously stated that it would turn over its designations to InData a week early, it is clear from today's communication that it does not intend to honor that commitment. It is also clear that the PLC has completed numerous deposition designations that have been withheld from both InData and the rest of the parties, creating a needless bottleneck in what should be a fast-moving process.

Plaintiffs have pressed the Court for some time to accelerate at an ever-increasing pace this deposition designation process, repeatedly assuring the Court that the PLC would deliver their designations early. However, when called upon to do so, the PLC has steadfastly

1073094v.1

refused to honor those commitments. As the pace of designations accelerates exponentially through the coming weeks, this will continue to create problems.

    With kind regards, I remain,

        Sincerely,

        Phillip A. Wittmann

PAW/leg

cc: Defense Liaison Counsel
   Defense Steering Committee
   Plaintiff's Liaison Counsel
   Mr. R. Michael Underhill
   Mr. Luther Strange
   Mr. Corey L. Maze
   Mr. Ben Allums
   Mr. Michael O'Keefe

1073094v.1

## Bertaut, Carmelite

**From:** Steve Herman [SHERMAN@hhkc.com]
**Sent:** Tuesday, October 18, 2011 1:41 PM
**To:** Bertaut, Carmelite; 'Kavanaugh, Brian P.'
**Cc:** liaison2179@liskow.com; dsc2179@liskow.com; kgallagher@brsfirm.com; Hall, Keith B.; Davidson, Jared A.; Godshall, Lauren E.; Siegert, Renee M.; psavoy@brsfirm.com; Mike.Underhill@usdoj.gov; lstrange@ago.state.al.us; CMaze@ago.state.al.us; jbreit@bdbmail.com; jimr@wrightroy.com; susanl@wrightroy.com; regina@hhkc.com
**Subject:** RE: DEPO CUT STATUS

You don't need our cuts to figure out what portions of a Depo you intend to submit to the court. To the extent we can turn in to inData early, we will. But I don't think we should be required to.

*Connected by DROID on Verizon Wireless*


-----Original message-----

**From:** "Bertaut, Carmelite" <CBertaut@stonepigman.com>
**To:** &apos;Steve Herman&apos; <SHERMAN@hhkc.com>, "&apos;Kavanaugh, Brian P.&apos;" <bkavanaugh@kirkland.com>
**Cc:** "&apos;liaison2179@liskow.com&apos;" <liaison2179@liskow.com>, "&apos;dsc2179@liskow.com&apos;" <dsc2179@liskow.com>, "&apos;kgallagher@brsfirm.com&apos;" <kgallagher@brsfirm.com>, "Hall, Keith B." <khall@stonepigman.com>, "Davidson, Jared A." <jdavidson@stonepigman.com>, "Godshall, Lauren E." <lgodshall@stonepigman.com>, "Siegert, Renee M." <rsiegert@stonepigman.com>, "&apos;psavoy@brsfirm.com&apos;" <psavoy@brsfirm.com>, "&apos;Mike.Underhill@usdoj.gov&apos;" <Mike.Underhill@usdoj.gov>, "&apos;lstrange@ago.state.al.us&apos;" <lstrange@ago.state.al.us>, "&apos;CMaze@ago.state.al.us&apos;" <CMaze@ago.state.al.us>, "&apos;jbreit@bdbmail.com&apos;" <jbreit@bdbmail.com>, "jimr@wrightroy.com" <jimr@wrightroy.com>, "&apos;susanl@wrightroy.com&apos;" <susanl@wrightroy.com>, "&apos;regina@hhkc.com&apos;" <regina@hhkc.com>
**Sent:** Tue, Oct 18, 2011 18:01:36 GMT+00:00
**Subject:** RE: DEPO CUT STATUS

Steve,

Cameron would like the PLC to release to InData the PLC/DOJ cuts at least one week before the dates set for cuts by non-presenting defendants, such that InData can circulate by the Monday am that the non-presenting defendants owe their initial cuts the following Friday. We further have no problem if the PLC/DOJ produce their highlighted exhibits along with the rest of the parties.

Moreover, we would like to have it understood that InData's circulation is the meaningful production, not individual parties' circulation.

Assuming everyone agrees, we would like to memorialize this procedure in a revised order.

Lastly, we would like your consent to a one week delay as to all deadlines set for those Group 3 deps for which InData is yet to circulate PLC/DOJ's cuts.

10/19/2011

Can you all sign on to these requests? Please advise. And if you believe that a conference call would assist us in talking out these matters, please let me know.

Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-593-0898
Fax: 504-596-0898
Email: cbertaut@stonepigman.com
Website: www.stonepigman.com

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, please be informed that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. For more information about this notice, please visit http://www.stonepigman.com/news/showNews.html?id=73.

---

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.

---

From: Steve Herman [mailto:SHERMAN@hhkc.com]
Sent: Monday, October 17, 2011 7:57 PM
To: Bertaut, Carmelite; 'Kavanaugh, Brian P.'
Cc: liaison2179@liskow.com; dsc2179@liskow.com; kgallagher@brsfirm.com; Hall, Keith B.; Davidson, Jared A.; Godshall, Lauren E.; Siegert, Renee M.; psavoy@brsfirm.com; Mike.Underhill@usdoj.gov; lstrange@ago.state.al.us; CMaze@ago.state.al.us; jbreit@bdbmail.com; jimr@wrightroy.com; susanl@wrightroy.com; regina@hhkc.com
Subject: RE: DEPO CUT STATUS

I don't think you "need" to; I think we were doing as a matter of process.

Connected by DROID on Verizon Wireless
.

-----Original message-----
From: "Bertaut, Carmelite"
To: "&apos;Kavanaugh, Brian P.&apos;" , "&apos;sherman@hhkc.com&apos;"
Cc: "&apos;liaison2179@liskow.com&apos;" , "&apos;dsc2179@liskow.com&apos;" , "&apos;kgallagher@brsfirm.com&apos;" , "Hall, Keith B." , "Davidson, Jared A." , "Godshall, Lauren E." , "Siegert, Renee M." , "&apos;psavoy@brsfirm.com&apos;" , "&apos;Mike.Underhill@usdoj.gov&apos;" , "&apos;lstrange@ago.state.al.us&apos;" , "&apos;CMaze@ago.state.al.us&apos;" , "&apos;jbreit@bdbmail.com&a

10/19/2011

pos;" , "jimr@wrightroy.com" , "&apos;susanl@wrightroy.com&apos;" , "&apos;regina@hhkc.com&apos;" , &apos;Kathleen Gallagher&apos;
Sent: Tue, Oct 18, 2011 00:40:27 GMT+00:00
Subject: RE: DEPO CUT STATUS

I wondered about that.
Steve, are you under the impression that you need the highlighted exhibits when you first designate any depo testimony?


Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-593-0898
Fax: 504-596-0898
Email: cbertaut@stonepigman.com
Website: www.stonepigman.com


IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, please be informed that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. For more information about this notice, please visit http://www.stonepigman.com/news/showNews.html?id=73.

_____

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.



_____
From: Kavanaugh, Brian P. [mailto:bkavanaugh@kirkland.com]
Sent: Monday, October 17, 2011 7:38 PM
To: sherman@hhkc.com; Bertaut, Carmelite
Cc: 'liaison2179@liskow.com'; 'dsc2179@liskow.com'; 'kgallagher@brsfirm.com'; Hall, Keith B.; Davidson, Jared A.; Godshall, Lauren E.; Siegert, Renee M.; psavoy@brsfirm.com; Mike.Underhill@usdoj.gov; lstrange@ago.state.al.us; CMaze@ago.state.al.us; 'jbreit@bdbmail.com'; jimr@wrightroy.com; 'susanl@wrightroy.com'; 'regina@hhkc.com'
Subject: Re: DEPO CUT STATUS

Steve -

I think that would be helpful since the exhibits for any given witness are not due until week three for that witness's group in any event.

Brian Kavanaugh
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, Illinois 60654

10/19/2011

(312) 862-2000

From: Steve Herman [mailto:SHERMAN@hhkc.com]
Sent: Monday, October 17, 2011 07:20 PM
To: Bertaut, Carmelite
Cc: liaison2179@liskow.com ; dsc2179@liskow.com ; Kathleen Gallagher ; Hall, Keith B. ; Davidson, Jared A. ; Godshall, Lauren E. ; Siegert, Renee M. ; psavoy@brsfirm.com; Mike.Underhill@usdoj.gov; Kavanaugh, Brian P.; lstrange@ago.state.al.us; CMaze@ago.state.al.us; Jeffrey Breit ; jimr@wrightroy.com ; susanl@wrightroy.com ; Regina Valenti
Subject: DEPO CUT STATUS

We have the Depo Cuts done. Hold-up is high-lighting the Exhibits. If it will help, we can circulate the cuts and post the Exhibits as they are complete.


From: Bertaut, Carmelite [mailto:CBertaut@stonepigman.com]
Sent: Monday, October 17, 2011 5:29 PM
Subject: RE: DEPO CUT STATUS

Jeff, Steve and Jim,
We write concerning the PLC/DOJ's production of their deposition designations for Group 3 (#31-45). Counting the two depositions whose cuts we received this afternoon, PLC/DOJ has only produced designations from 8 depositions at issue in the 15 in Group 3. And yet, as we read Jeff's email below, the PLC considers that it is "on schedule" with designations.
When the Court issued the deposition designation order (#4217), Cameron raised concerns that the Order, read literally, relieved the PLC, DOJ and States from having to designate their cuts first but rather required all (approximately 15) non-presenting parties to make their first round of cuts simultaneously. Besides being inconsistent with the Order of Proof established in the Court's Trial Plan, such a process is hugely wasteful of the parties' time in requiring 15 parties to designate the background information that one would expect any party presenting that witness' testimony to designate. Moreover, beyond just background information, the more duplicative the designated testimony, the more time that all others, including InData, spends in managing the cuts.
For these reasons, I personally raised with Steve Herman whether the PLC would agree to continue to designate a week in advance of the other non-presenting parties, and was assured that the early designations would continue. And with that understanding, Cameron did not raise the concerns with the Court.
Steve re-affirmed as much in Court on October 7, 2011.
When PLC made these commitments, we understood that we would have at least one week in which to allow InData time to apply the PLC/DOJ cuts and to in turn designate our cuts. But it appears that PLC/DOJ are not giving us this advance time.
Secondly, we note that the PLC has been reporting that while the PLC and DOJ have made cuts to 122 depositions to date, only 38 have been turned over to InData. We are not certain why there is such a huge discrepancy between what the PLC and DOJ consider completed but not turned over to InData (or the defendants). But we are concerned that it appears that the PLC?, DOJ?, for whatever reason, are withholding the designations that they have prepared, and we are concerned that the time lag will snowball as the numbers multiple.
Lastly, Cameron believes that we need to clarify precisely when a designation has been made such as to require the responding party to act. Is the triggering event when InData sends the cuts around or is it when each party circulates its individual cuts? While this is more of an issue whenever more than one party makes its designations at the same time, we would like the triggering event to be explicit.
We would prefer to respond to a single document per deposition with all cuts made to date, circulated by InData, rather than each of us chase individually as many as 14 separate cuts per deposition. Additionally, we recognize that InData will ultimately merge all cuts into a single document for the

10/19/2011

Court, a service that our clients are paying for, so, it makes no economic sense for us to be each chasing the individual cuts, rather than waiting for InData's turn around.

Please let us have your thoughts on these issues.


Carmelite M. Bertaut
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-593-0898
Fax: 504-596-0898
Email: cbertaut@stonepigman.com
Website: www.stonepigman.com


IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, please be informed that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. For more information about this notice, please visit http://www.stonepigman.com/news/showNews.html?id=73.

---

This communication is from a law firm and may be privileged and confidential. If you are not the intended recipient, please notify the sender by reply e-mail and destroy all copies of this communication.

---

From: Jeffrey Breit [mailto:jbreit@bdbmail.com]
Sent: Monday, October 17, 2011 2:38 PM
To: Bertaut, Carmelite
Subject: FW: DEPO CUT STATUS



From: Jeffrey Breit
Sent: Monday, October 17, 2011 2:28 PM
To: 'Kavanaugh, Brian P.'
Cc: Regina Valenti; susanl@wrightroy.com; 'Steve Herman'; 'James Roy'
Subject: RE: DEPO CUT STATUS


It appears we are on schedule at this time and those that you list will be forwarded by Friday according to the schedule. Hopefully that clears up any questions you might have . if not let me know .

10/19/2011

From: Kavanaugh, Brian P. [mailto:bkavanaugh@kirkland.com]
Sent: Monday, October 17, 2011 12:46 PM
To: Jeffrey Breit
Subject: FW: DEPO CUT STATUS

Jeff-

I thought perhaps based on your participation on the call with the Court this morning that I should direct the question below to you.

Brian P. Kavanaugh| KIRKLAND & ELLIS LLP <http://www.kirkland.com/sitecontent.cfm?contentID=220&itemID=7899>
300 North LaSalle | Chicago, Illinois 60654
( +1 312.862.2015 | F +1 312.862.2200 | brian.kavanaugh@kirkland.com

From: Kavanaugh, Brian P.
Sent: Sunday, October 16, 2011 11:29 PM
To: jimr@wrightroy.com; 'liaison2179@liskow.com'
Subject: RE: DEPO CUT STATUS

Jim -

If you already responded to Carmelite's email, I apologize for having missed it. I understand that Worldwide has not received designations from the PSC for the following Group Three witnesses:

Dubois, Richard
Erwin, Carter
Faul, Ron
McWhorter, James Owen

10/19/2011

Roth, Tommy
Stringfellow, William
Tabler, Vincent
Winslow, Daun
Byrd, Mike
Skelton, Cindi

Do you have an estimate as to when the PSC will provide these to Worldwide?


Thanks




Brian P. Kavanaugh| KIRKLAND & ELLIS LLP <http://www.kirkland.com/sitecontent.cfm?contentID=220&itemID=7899>
300 North LaSalle | Chicago, Illinois 60654
( +1 312.862.2015 | F +1 312.862.2200 | brian.kavanaugh@kirkland.com




From: Bertaut, Carmelite [mailto:CBertaut@stonepigman.com]
Sent: Friday, October 14, 2011 12:07 AM
To: jimr@wrightroy.com; 'liaison2179@liskow.com'
Cc: 'Mike_Okeefe@laed.uscourts.gov'; Kavanaugh, Brian P.; 'kgallagher@brsfirm.com'; psavoy@brsfirm.com; Siegert, Renee M.; Wittmann, Phillip A.; 'tganucheau@brsfirm.com'
Subject: Re: DEPO CUT STATUS


Jim,
I hope I have this correct: by tomorrow, PLC expects to have a total of 36 deps to WorldWide to turn over to the defendants by Sunday? But to stay current, that number would have to be 45 (15 per week, for what will be the start of the third week on Monday). Because if the defense does not have #30-45 (Group Three) available by Monday, parties will each be designating in an absolute vacuum, an outcome that can be avoided if PLC and other plaintiffs make their designations one week ahead of the rest of us. Looks like PLC is doing what it can but the US (and/or States) and/or InData are having issues in processing?
Please let me know if I got that wrong?
Thanks

---

10/19/2011

From: James Roy
To: 'liaison2179@liskow.com'
Cc: Mike_OKeefe@laed.uscourts.gov
Sent: Thu Oct 13 20:44:04 2011
Subject: DEPO CUT STATUS

10/14/11 - PM

Total Cuts to DOJ 156

Total Cuts Returned by DOJ 122

Total Cuts to Worldwide 36

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee. Please do not read, copy, or disseminate it unless
you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender. Also, we would appreciate your forwarding the message back to us and
deleting it from your system. Thank you.

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by

return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
********

Message truncated

```
CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.
```

10/19/2011