**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**

**Applies to:** ***All Cases***

**MDL NO. 2179**

**SECTION J**

**JUDGE BARBIER**
**MAGISTRATE JUDGE SHUSHAN**

**ORDER**

**[Working Group[1] Conference on Friday, October 21, 2011]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

This order reflects the action taken by the Working Group Conference on Friday, October 14, 2011.

**1. BOP and Capping Stack.**

Visual inspections went forward on October 20th and 21st.

The parties are still working on the protocol for the laser scan of the capping stack.

**2. Completion of Document Production by the U.S.**

The agreed to order between the U.S. and BP was entered by the Court. The parties are thanked for their cooperation in working out the order.

**3. Completion of Document Production by State of La.**

The States served their responses to written discovery.

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

**4. Phase Two Discovery.**

Phase Two depositions will commence on **January 17, 2012.**

The parties have circulated Phase Two 30(b)(6) deposition notices and will circulate another round by **Thursday, October 27th**. Mr. Langan volunteered that by **November 1st,** BP will collect all comments and start the meet and confer process with each responding party. The parties will submit any remaining differences to the undersigned at the conference on November 18th.

BP reported that it continues to work on responses to Phase Two written discovery.

**5. Transocean Document Production.**

The discovery issues involving BP have been completed and will not be carried over to the next agenda.

Mr. Underhill, on behalf of the U.S., is working on an issue regarding document production related to one of their experts on the BOP. He will report on the status at the next status conference.

**6. Phase One Fact Depositions.**

Powell, Heather Houston November 17

Heather Powell will be listed as tentative for November 17th, but at the request of the PSC Mr. Langan will attempt to see if Ms. Powell can be made available on November 18th.

Sweatman, Ronald November 10

Confirmed.

Coronado, Richard

Cameron has designated Mr. Coronado as an in-house expert. Mr. Williamson, on behalf of the PSC, expressed a desire to depose Mr. Coronado as a fact witness prior to commencement of expert depositions. Mr. Coronado will be scheduled for deposition as an in-house expert. The PSC

was asked to consider whether it wanted to move Mr. Coronado's deposition up in the schedule, but the aim was to have Mr. Coronado deposed only once.

Vidrine, Don

There was no update on whether Don Vidrine will be able to answer the written deposition questions.

Lt. Houck

The U.S. is still working on dates for rescheduling the deposition of Lt. Houck.

Viator, Michael Houston November 2

Mr. Viator's deposition is confirmed for November 2nd at Don Godwin's Houston office.

McKay, Lamar November 3 and 4

The deposition of Lamar McKay will take place on November 3rd and 4th in Houston.

Maxie, Doyle

The deposition of Maxie Doyle needs to be rescheduled and Mr. Funderburk for M-I reported that he would follow up on scheduling.

Leach, Gary

The deposition of Gary Leach needs to be scheduled and Mr. Miller reported that he was working on dates.

**7. Deposition Designations Track.**

Mr. York reported on the status of work with inData to get the deposition cuts done in an efficient manner. As of Friday, October 21st, presenting parties will provide their counter-designations for Group Two and all non-presenting parties will do their affirmative designations for Group Three. On Friday, October 28th, counter-designations for Group One will be due now that

corrected transcripts have been provided, and counter-designations and highlighted exhibits for Group Two, and presenting parties will provide their affirmative designations for Group Three, while non-presenting parties will provide their designations for Group Four. On Friday, November 4th, two page summaries and objections will be due for Group One, two page summaries and objections for Group Two, and the other groups will proceed from there. The first packet for Groups One and Two should be ready for submission to Judge Barbier by **Friday, November 11, 2011.**

There was a lengthy discussion relative to the PSC making designations for all depositions regardless of whether it intends to present those depositions or not. The PSC was asked to identify those depositions that it intends to present in its case and chief. Everyone understands that this is a fluctuating process and the PSC will make its best effort as of now to designate those depositions it intends to present. There will be changes; for example, later depositions that the PSC believes are important will make it into their presentation queue.

The parties agreed that if they get their designations to inData as scheduled, the parties should have approximately one week to review submissions and respond. The Court indicated that is the goal of the process and inData should get the joint PSC/U.S. designations out one week ahead of the time that counter-designations are due.

The Court also pointed out that the defendants should look at the list of PSC presentation depositions and decide if they want to present any that are not on the PSC's list. If some deponents are not to be presented by anyone, then no one need respond and that deposition will not go to Judge Barbier.

By **Friday, November 4, 2011,** the PSC will provide the good faith list based, on the current alignment of the parties, of those deponents that the PSC definitely intends to put into evidence.

Then, as the list changes, the PSC will provide a revised list highlighting the changes.

**8. Phase One Expert Depositions.**

The Court reported that it is working on a schedule for Week Four, Five and Six of the expert depositions. The parties were cautioned that it will be a draft and the parties are to respond with any input on the schedule as well as request examination time. The parties are to submit their request for examination time for those reports submitted on October 17th by **Friday, October 28, 2011.**

Mr. Herman will provide the Court with a list of in-house experts whom the PSC desires to depose and a request for the amount of time the PSC requests.

Mr. Miller raised the issue of duplication of opinions by experts and Judge Barbier's cautionary note that he did not want duplicative or cumulative fact or expert witnesses. The Court indicated that it would review reports for duplication and ask the parties to direct its attention to reports that they believe are duplicative.

**9. Production of Anadarko's Settlement Agreement**

It was agreed that BP will produce the settlement agreement to all parties. It will be marked "highly confidential." Mr. Langan reported that there may be one section that requires redaction. If that is the case, the redacted copy will be produced to the parties and the unredacted copy produced to the Court for *in camera* review.

Mr. Roy requested that BP and Anadarko produce any commercial agreements that were contemporaneously entered into at the time of their settlement.

**10. Motions in Limine and Objections to 300 Exhibits.**

Mr. Duffy provided a preliminary list of motions in limine and dates that responses and replies will be due. The parties were asked to take a look at the draft and express any objection by

the close of business on **Tuesday, October 25, 2011**. If no objection are received, the schedule will be finalized. If any party has other motions that they believe should go on the schedule, they should provide a description of the motion.

It was agreed that the motion in limine and objections to 300 exhibits have merged and they will be taken up as one subject in the future.

Judge Barbier has indicated that all memoranda in support of these motions shall have a 10 page limitation, opposition briefs will be limited to 10 pages with 5 page replies. To the extent that aligned parties have the same position, they are to file joint briefs or split the page allocation.

Mr. Herman raised the issue that the PSC believes that some in-house expert disclosures do not express opinions that the experts intend to express. It was the PSC's understanding that the in-house disclosures must express opinions.

The Court stated its recollection that, after looking carefully at Rule 26 expert disclosure requirements, the parties and the Court followed it very carefully and that in-house experts needed to express their opinions in their disclosure. Thus, if the PSC desires to bring the issue up for consideration by moving to strike the in-house expert, or alternatively, decides to waive taking the in-house expert's deposition and raising the issue at trial, it may. The PSC will have to declare its preference with regard to any of the in-house experts at issue.

Mr. Miller raised the issue of filing motions in limine that discuss confidential information and the potential conflict with the confidentiality order in place in PTO No. 13. The Court instructed that the parties should file their brief with any confidential information redacted on the copy that is filed in the record. They will provide an unredacted copy to Judge Barbier and the redacted copy with any confidential exhibits will be filed under seal. That way, the record is made

with the sealed copy, and the public record will also reflect what the filing is.

Mr. Nomellini pointed out that hard copies of the exhibits need not go to Judge Barbier but instead they may be submitted on CD. That is, of course, acceptable.

Andy Langan asked about marking as trial exhibit responses to discovery. Since discovery responses are not part of the record, those that will be used at trial may be marked and introduced as exhibits. The parties are not to designate full sets of responses to discovery, but instead designate only those they may use at trial.

**11. Authenticity Objections.**

The parties are still going through the meet and confer process.

**12. Clean-Up Responder Defendants.**

The Court reported that the telephone conference went well and a discovery schedule should be issued during the next week.

**13. BP's Motion to Compel Halliburton to Provide Investigation Materials.**

Halliburton and BP reported they are still working on the remaining issues.

**14. Completion of Phase One written discovery.**

Mr. Williamson reported that the PSC/Cameron ESI issues have been resolved by agreement between the parties.

**15. Phase One Witnesses**

The parties were urged to continue their discussions regarding which corporate employees will be voluntarily brought to trial. Mr. Underhill reported that Judge Barbier indicated that a video conference option might be available to resolve disputes regarding some witnesses. The defendants were asked to advise all parties which witnesses they agree they have an obligation to bring live at

trial. Then the PSC and U.S. will meet and confer with the defendants regarding other witnesses who the defendants do not believe fall in the category of witnesses who must be brought live at trial. For those witnesses regarding whom the parties cannot agree, the issue will have to be brought up by motion for the Court to consider the status of each of the witnesses and whether he or she falls within the scope of Rule 45 or not.

**16. Stipulations for Phase One Trial.**

This issue was deferred until the next status conference.

**17. Trial Planning Agenda.**

There was a general discussion of issues regarding trial planning.

**18. Conference Schedule.**

| | |
|---|---|
| Friday, October 28, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 11, 2011 | No conference set. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | No conference set. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 24th day of October, 2011.

SALLY SHUSHAN
U.S. MAGISTRATE JUDGE